3/23/2015  CourtView Justice Solutions

## CR 1983 12 0614

| | | | |
|---|---|---|---|
| **Case Type** | CRIMINAL | **Action:** | AGGRAVATED MURDER 2901.01 A |
| **Case Status:** | Closed | **Status Date:** | 12/22/1983 |
| **File Date:** | 12/22/1983 | **Case Judge:** | CREHAN, Honorable MATTHEW |
| **DCM Track:** | | **Next Event:** | |

All Information | Party | Charge | Event | Docket | Additional Fields | Disposition | Financial

### Docket Information

| Date | Docket Text | Amount | Image Avail. |
|---|---|---|---|
| 12/22/1983 | HAMILTON MUNICIPAL COURT LOWER COURT FEES transcript bindover | | Image |
| 12/22/1983 | JOURNAL ENTRY - NO BOND DOLLARS FILED | $2.00 | Image |
| 12/22/1983 | COST BILL | $43.30 | Image |
| 12/22/1983 | CLERKS COMPUTER FEE - $10 FUND 111 | $10.00 | |
| 12/22/1983 | TRANSCRIPT(S) FILED (duplicate sent to County Prosecutor )+ Special Project Fee $75 | $60.00 | |
| 01/06/1984 | NOTICE TO SUPREME COURT OF OHIO OF FILING OF INDICTMENT CHARGING AGGRAVATED MURDER WITH SPECIFICATION(S) OF AGGRAVATING CIRCUMSTANCES (R.C. 2929.021(A) | $0.00 | Image |
| 01/06/1984 | SUMMONS ON INDICTMENT OR INFORMATION | $60.00 | Image |
| 01/06/1984 | copy of Indictment scanned & forwarded to case file folder | | Image |
| 01/06/1984 | PROSECUTING ATTORNEY'S REQUEST FOR ISSUANCE OF SUMMONS UPON INDICTMENT FILED PROS ATTY: HOLCOMB, JOHN F | $0.00 | Image |
| 01/09/1984 | RETURN-PERSONAL SERVICE OF SUMMONS ON INDICTMENT | $2.65 | Image |
| 01/11/1984 | RETURN RECEIPT OF CERTIFIED MAIL (SEE IMAGE) | $1.65 | Image |
| 01/13/1984 | INDICTMENT SCANNED; DEFENDANT ARRAIGNED PLEADS NOT GUILTY | $4.00 | Image |
| 01/17/1984 | MOTION TO SEVER FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/17/1984 | MOTION FOR BILL OF PARTICULARS FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/17/1984 | MOTION FOR CHANGE OF VENUE FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/17/1984 | MOTION TO VIEW THE SCENE FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/17/1984 | MOTION TO DISMISS AND TO INSPECT GRAND JURY TRANSCRIPT FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/20/1984 | MEMORANDUM IN OPPOSITION TO MOTION FOR CHANGE OF VENUE FILED ASST PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | $0.00 | Image |
| 01/20/1984 | MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS AND TO INSPECT GRAND JURY TRANSCRIPT FILED ASST PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | $0.00 | Image |
| 01/20/1984 | MEMORANDUM IN OPPOSITION TO MOTION TO SEVER COUNTS FILED PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | $0.00 | Image |
| 01/26/1984 | ENTRY SCHEDULING PRETRIAL HEARING AND CONTINUING TRIAL DATE | $2.00 | Image |
| 01/26/1984 | MEMORANDUM IN SUPPORT OF MOTION TO SEVER FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/26/1984 | MEMORANDUM IN SUPPORT OF MOTION FOR CHANGE OF VENUE FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |

| Date | Description | Amount | |
|------|-------------|--------|---|
| 02/01/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | $6.00 | Image |
| 02/01/1984 | MOTION FOR DISCOVERY FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 02/01/1984 | MOTION TO BIFURCATE TRIAL/MOTION IN LIMINE AND MEMORANDUM FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 02/01/1984 | MOTION TO PROHIBIT DEATH QUALIFICATION OF THE JURY AND MEMORANDUM FILED ATTY: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 02/02/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 02/03/1984 | MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE RE: DEATH QUALIFICATION OF JURORS FILED ASST PROS ATTY: SAGE, MICHAEL J | $0.00 | Image |
| 02/08/1984 | STATE'S ANSWER TO DEFT'S REQUEST FOR DISCOVERY FILED ASST PROS ATTY: SAGE, MICHAEL J | $0.00 | Image |
| 02/08/1984 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | $0.00 | Image |
| 02/08/1984 | JOURNAL ENTRY - ORDER FILED | $2.00 | Image |
| 02/09/1984 | BILL OF PARTICULARS FILED PROS ATTY: HOLCOMB, JOHN F | $0.00 | Image |
| 02/13/1984 | RETURN RECEIPTS OF CERTIFIED MAIL OF KARLA STANLEY AND DICK PERRY | $0.00 | Image |
| 02/14/1984 | JOURNAL ENTRY - INDICTMENT FOR AGGRAVATED - MURDER (WITH SPECS) DEFT INDIGENT COURT ASSIGNS MICHAEL D SHANKS AND JOHN GARRETTSON TO DEFEND | $2.00 | Image |
| 02/14/1984 | MOTION TO APPOINT COUNSEL FILED Attorney: SHANKS, MICHAEL D | $0.00 | Image |
| 02/14/1984 | AFFIDAVIT OF VON CLARK DAVIS | $0.00 | Image |
| 02/15/1984 | JOURNAL ENTRY - CERTIFICATE FILED | $2.00 | Image |
| 02/15/1984 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | $9.60 | Image |
| 02/24/1984 | ENTRY FILED | $2.00 | Image |
| 02/24/1984 | ENTRY ORDERING SPECIAL VENIRE PURSUANT TO O R C 2945.18 | $2.00 | Image |
| 03/05/1984 | RETURN OF NOTICE TO SUPREME COURT OF OHIO OF FILING OF INDICTMENT CHARGING AGGRAVATED MURDER WITH SPECIFICATION(S) OF AGGRAVATING CIRCUMSTANCES (R.C. 2929.021(A), SUPREME COURT CASE #CC84-4, FILED 1-10-84 | $0.00 | Image |
| 03/20/1984 | CERTIFIED COPIES OF RETURNED - PERSONAL SERVICE OF VENIRE FOR SPECIAL PETIT JURORS: UPON: (SEE IMAGES) | $0.00 | Image |
| 03/22/1984 | PERSONAL SERVICE OF SPECIAL VENIRES: UPON: JURORS (SEE IMAGE) | $0.00 | Image |
| 04/20/1984 | ENTRY ORDERING ADDITIONAL SPECIAL VENIRE PURSUANT TO O R C 2945.19 FILED | $2.00 | Image |
| 04/20/1984 | SUPPLEMENTAL DISCOVERY FILED Attorney: SAGE, MICHAEL J | $0.00 | Image |
| 04/23/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 04/25/1984 | DEFT'S RESPONSE TO PLTF'S MOTION FOR DISCOVERY FILED Attorney: SHANKS, MICHAEL D | $0.00 | Image |
| 04/26/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | $8.00 | Image |
| 04/26/1984 | AMENDED RESPONSE TO PLTF'S FOR DISCOVERY FILED Attorney: SHANKS, MICHAEL D | $0.00 | Image |
| 04/27/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 04/27/1984 | ELECTION BY DEFT PURSUANT TO SECTION 2929.022 OF THE OHIO REVISED CODE FILED Attorney: SHANKS, MICHAEL D AND Attorney: GARRETSON, JOHN A | $0.00 | Image |
| 04/27/1984 | MOTION TO HAVE REASONS FOR DEFENSE OBJECTIONS AND REASONS FOR | $0.00 | Image |

3/23/2015　　　　　　　　　　　　　　　CourtView Justice Solutions

| | | | |
|---|---|---|---|
| | OVERRULING DEFENSE OBJECTIONS PLACED ON RECORD WITH MEMORANDUM IN SUPPORT FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A | | |
| 04/27/1984 | MOTION FOR NOTICE OF PROSPECTIVE THREE-JUDGE PANEL FILED Attorney: SHANKS, MICHAEL D AND Attorney: GARRETSON, JOHN A | $0.00 | Image |
| 04/27/1984 | MOTION TO INCREASE THE BURDEN OF PROOF TO BEYOND ALL DOUBT FILED Attorney: SHANKS, MICHAEL D AND Attorney: GARRETSON, JOHN A | $0.00 | Image |
| 04/27/1984 | MOTION FOR PRETRIAL HEARINGS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR RULING ON NUMBER OF PEREMPTORY CHALLENGES FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO RECORD ALL PROCEEDINGS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO COMPEL PROSECUTOR TO DISCLOSE DEATH PENALTY DATA FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR PRETRIAL DISCLOSURE OF THE PROSECUTING WITNESSES' WRITTEN OR RECORDED STATEMENTS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO COMPEL DISCLOSURE OF PROSECUTING ATTORNEY'S JURY SELECTION DATA FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO REQUIRE PROSECUTOR TO STATE REASON FOR EXERCISING PEREMPTORY CHALLENGES FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS AND FOR LEAVE TO SUPPLEMENT THE MEMO IN SUPPORT OF THOSE MOTIONS ALREADY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR ALL MOTIONS TO BE HEARD ON THE RECORD FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR SEQUESTRATION OF JURORS FOR DURATION OF TRIAL FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | FURTHER MOTION TO PROHIBIT DEATH QUALIFICATION OF JURY: IN THE ALTERNATIVE TO SEAT SEPARATE JURIES DURING THE GUILT AND PENALTY PHASES OF TRIAL AND SUPPLEMENTAL MEMORANDUM THEREON FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | FURTHER MEMORANDUM IN SUPPORT OF DISCLOSURE OF GRAND JURY TESTIMONY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO INSULATE THE VENIRE AND JURY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO DISMISS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | SUPPLEMENTAL DISCOVERY FILED ASST PROS ATTY, MICHAEL J | $0.00 | Image |
| 04/30/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 04/30/1984 | MOTION IN LIMINE WITH MEMORANDUM FILED Attorney: GARRETSON, JOHN A | $0.00 | Image |
| 04/30/1984 | RETURNED MOTION FOR EXPERT SERVICES FILED BY Attorney: SHANKS, MICHAEL D FILED IN SUPREME COURT CASE #99-0252 ON 3-5-99 | $0.00 | Image |
| 04/30/1984 | JOURNAL ENTRY - ORDER FILED | $2.00 | Image |
| 04/30/1984 | MOTION FOR ORDER RELEASING RECORDS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |

3/23/2015 CourtView Justice Solutions

| Date | Description | Amount | |
|---|---|---|---|
| 04/30/1984 | INVOICE (attachment) | $0.00 | Image |
| 05/01/1984 | STATE'S MEMORANDUM IN RESPONSE TO MOTIONS OF DEFT FILED ON 4-27-84 FILED ASST PROS ATTY: EICHEL, DANIEL G (08259) AND ASST PROS ATTY: SAGE, MICHAEL J | $0.00 | Image |
| 05/03/1984 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | $0.00 | Image |
| 05/03/1984 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | $0.00 | Image |
| 05/04/1984 | JOURNAL ENTRY - PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 05/04/1984 | JOURNAL ENTRY FILED | $8.00 | Image |
| 05/04/1984 | JOURNAL ENTRY - WAIVER AND ELECTION  FILED | $2.00 | Image |
| 05/08/1984 | JOURNAL ENTRY - JURY WAIVER AND ELECTION OF THREE-JUDGE PANEL FILED | $2.00 | Image |
| 05/08/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 05/08/1984 | RETURN-PERSONAL SERVICE OF SUBPOENA UPON : (SEE IMAGE) | $1.65 | Image |
| 05/09/1984 | JOURNAL ENTRY - MOTION AND ENTRY FILED | $4.00 | Image |
| 05/09/1984 | JOURNAL ENTRY - DESIGNATING THREE JUDGE PANEL FILED | $2.00 | Image |
| 05/09/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 05/09/1984 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | $66.30 | Image |
| 05/10/1984 | JOURNAL ENTRY - MOTION AND ENTRY FILED | $4.00 | Image |
| 05/10/1984 | INVOICE (attachment) | $0.00 | Image |
| 05/10/1984 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT FOR A TOTAL OF $36.00 FILED | $2.00 | Image |
| 05/10/1984 | RETURN-PROCESS SERVICE OF SUBPOENA UPON : (SEE IMAGE) | $0.00 | Image |
| 05/10/1984 | RETURN-PROCESS SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | $0.00 | Image |
| 05/11/1984 | JOURNAL ENTRY - CERTIFICATE FILED | $2.00 | Image |
| 05/11/1984 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | $5.65 | Image |
| 05/14/1984 | RETURN RECEIPT OF CERTIFIED MAIL OF MR STEVEN DIX, CHIEF OF MANAGEMENT DEPT OF CORRECTIONS | $0.00 | Image |
| 05/14/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 05/15/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 05/16/1984 | ENTRY OF FINDINGS OF GUILTY | $2.00 | Image |
| 05/22/1984 | JOURNAL ENTRY FILED | $2.00 | Image |
| 05/22/1984 | PERSONAL SERVICE OF CERTIFIED COPY OF ENTRY: UPON BUTLER COUNTY FORENSIC CENTER: (SEE IMAGE) | $0.00 | Image |
| 05/25/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 06/04/1984 | JUDGMENT OF CONVICTION ENTRY AND WRIT FOR THE EXECUTION OF THE DEATH PENALTY FILED | $4.00 | Image |
| 06/05/1984 | COST BILL | $1,021.00 | Image |
| 06/11/1984 | NOTICE TO SUPREME COURT OF OHIO OF PLEA OF GUILTY OR OF NO CONTEST TO AND NOTICE OF DISMISSAL OF INDICATING CHARGING AGGRAVATED MURDER WITH SPECIFICATION(S) OF AGGRAVATING CIRCUMSTANCES/R C 2929.021(B) FILED | $0.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4

3/23/2015

CourtView Justice Solutions

EDWARD S ROBB JR CLERK OF COURTS, JEROME COOK, DEPUTY CLERK

| Date | Description | Amount | |
|---|---|---|---|
| 06/11/1984 | JOURNAL ENTRY - OPINION FILED | $6.00 | Image |
| 06/12/1984 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES & AFFIDAVIT OF INDIGENCY FILED,for atty.: JOHN A GARETSON IN AMOUNT OF $2,629,50 | $8.00 | Image |
| 06/12/1984 | JOURNAL ENTRY - INDICTMENT FOR DEFT INDIGENT COURT REQUEST ASSIGNS JACK GARRETSON FILED | $2.00 | Image |
| 06/13/1984 | RETURN RECEIPT OF CERTIFIED MAIL OF SUPREME COURT OF OHIO | $0.00 | Image |
| 06/18/1984 | RECEIPT #165627 NOTICE OF APPEAL $40.00 | $0.00 | Image |
| 06/18/1984 | NOTICE OF APPEAL (COPY) FILED IN COURT OF APPEALS CA84 06 071, 6-18-84 Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |
| 06/22/1984 | SHERIFF'S RETURN-PERSONAL SERVICE OF EXECUTION FOR COSTS $1,021.00 IN FELONY | $3.65 | Image |
| 06/22/1984 | SHERIFF'S RETURN-PERSONAL SERVICE OF WARRANT TO CONVEY TO SOUTHERN OHIO CORRECTIONAL FACILITY | $36.35 | Image |
| 06/27/1984 | COPY OF CRIMINAL DOCKET STATEMENT FILED COPY TO COURT OF APPEALS #CA84 06 071 | $2.00 | Image |
| 08/01/1984 | MOTION FILED Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |
| 08/01/1984 | JOURNAL ENTRY FILED | $2.00 | Image |
| 08/16/1984 | MOTION FOR STAY OF EXECUTION FILED Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |
| 08/16/1984 | JOURNAL ENTRY GRANTING STAY OF EXECUTION FILED | $2.00 | Image |
| 08/16/1984 | COPY OF ENTRY GRANTNG STAY OF EXECUTION FILED IN COURT OF APPEALS CASE #CA84 06 071 | $2.00 | Image |
| 08/20/1984 | RETURN RECEIPTS OF CERTIFIED MAIL OF THOMAS L STARTZMAN AND WALLACE E STEIN - RECORD CLERK | $0.00 | Image |
| 09/25/1984 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT/CERTIFICATE TRANSCRIPT FEE $753.00 FILED | $2.00 | Image |
| 09/25/1984 | JOURNAL ENTRY FILED | $2.00 | Image |
| 09/25/1984 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT, ATTYS FOR DEFT MIKE SHANKS AND JACK GARRETSON, TOTAL OF $1,129.50 FILED | $2.00 | Image |
| 09/25/1984 | JOURNAL ENTRY FILED | $2.00 | Image |
| 09/25/1984 | CERTIFIED COPY OF CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT, for atty.: MIKE SHANKS AND JACK GARRETSON, TOTAL OF $1,129.50 | $2.00 | Image |
| 08/21/1985 | ADDITIONAL EXECUTION FOR COSTS IN FELONY TO SHERIFF | $0.00 | Image |
| 05/27/1986 | MEMO :NUNC PRO TUNC ENTRY TO THIS DATE FILED 5/7/90 | $0.00 | |
| 05/27/1986 | JOURNAL ENTRY - OPINION FILED IN CA84-06-071 | $52.00 | Image |
| 05/27/1986 | JOURNAL ENTRY MANDATE JUDGMENT ENTRY FILED IN CASE #CA84 06 071 | $2.00 | Image |
| 05/27/1986 | JOURNAL ENTRY - JUDGMENT FILED IN CA84 -06-071 - COPY | $2.00 | Image |
| 05/27/1986 | SEPARATE OPINION PURSUANT TO R C 2929.05 (A) - COPY | $2.00 | Image |
| 09/29/1988 | SUPREME COURT OF OHIO COLUMBUS MANDATE FILED NO. 86-1171, 1988 TERM - COPIES ATTACHED | $10.00 | Image |
| 09/29/1988 | SUPREME COURT OF OHIO COLUMBUS MANDATE FILED NO. 86-1171, 1988 TERM - ATTACHMENT COPY OF APPEAL FROM THE COURT OF APPEALS | $4.00 | Image |
| 09/29/1988 | MOTION TO RETURN DEFT FOR SENTENCING FILED Attorney: GARRETSON, JOHN A (00831), Attorney: SHANKS, MICHAEL D (18906) AND Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |

3/23/2015                                           CourtView Justice Solutions

| | | | |
|---|---|---|---|
| 10/05/1988 | CERTIFIED COPY OF JOURNAL ENTRY FILED | $2.00 | Image |
| 10/31/1988 | PERSONAL SERVICE OF WRIT: UPON: (SEE IMAGE) | $0.00 | Image |
| 11/04/1988 | JOURNAL ENTRY FILED | $2.00 | Image |
| 11/09/1988 | PERSONAL SERVICE OF WRIT: UPON: (SEE IMAGE) AND RECEIPT FOR INMATE ATTACHED | $0.00 | Image |
| 01/19/1989 | LETTER FROM SUPREME COURT WASHINGTON DC TO JOHN F HOLCOMB | $0.00 | Image |
| 01/19/1989 | MOTION FILED Attorney: EICHEL, DANIEL G (08259) | $0.00 | Image |
| 02/06/1989 | JOURNAL ENTRY FILED | $2.00 | Image |
| 02/10/1989 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES & AFFIDAVIT OF INDIGENCY FILED,for atty.: MICHAEL D SHANKS, IN AMOUNT OF $1,386.00 | $6.00 | Image |
| 05/09/1989 | MOTION TO EXTEND TIME TO FILE PRERIAL MOTIONS AND MOTION TO CONTINUE SENTENCING/MITIGATION HEARING FILED Attorney: GARRETSON, JOHN A (00831), Attorney: SHANKS, MICHAEL D (18906)/PER PHONE AND Attorney: EVANS, TIMOTHY R (18590)/PER PHONE | $0.00 | Image |
| 06/05/1989 | NOTICE OF HEARING OF MITIGATION SET 8-4- AT 9:00 AM BEFORE JUDGE MOSER, WILLIAM R STITSINGER AND HENRY J BRUEWER | $0.00 | Image |
| 06/28/1989 | ENTRY FILED | $2.00 | Image |
| 06/29/1989 | WITHDRAW OF JURY WAIVER FILED Attorney: EVANS, TIMOTHY R (18590) | $2.00 | Image |
| 06/29/1989 | MOTION FILED Attorney: EVANS, TIMOTHY R (18590), FILED 3-5-99 SUPREME COURT OF OHIO 99-0252 AND 3-5-91, 90-2524 | $0.00 | Image |
| 06/29/1989 | MOTION TO WITHDRAW THE JURY WAIVER FILED Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |
| 07/18/1989 | MOTION FOR FURTHER PSYCHOLOGICAL EVALUATIONS, APPOINTMENT OF A SOCIAL WORKER TO PREPARE A SOCIAL HISTORY AND FOR PAYMENT OF EXTRA-ORDINARY EXPENSES FOR SAID EXPERTS FILED Attorney: GARRETSON, JOHN A (00831) AND Attorney: SHANKS, MICHAEL D | $0.00 | Image |
| 07/18/1989 | MOTION TO PROHIBIT THREE-JUDGE PANEL FROM RESENTENCING TO DEATH AND MOTION TO DISQUALIFY PANEL FILEDAttorney: GARRETSON, JOHN A (00831), Attorney: SHANKS, MICHAEL D (18906) AND Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |
| 07/20/1989 | RETURN COPIES OF SUBPOENAS ISSUED (SEE IMAGES) | $6.00 | Image |
| 07/20/1989 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | $8.00 | Image |
| 07/21/1989 | MOTION TO STRIKE DEFT'S WITHDRAWAL OF JURY WAIVER AND MEMORANDUM FILED FIRST ASST PROS Attorney: EICHEL, DANIEL G (08259) | $0.00 | Image |
| 07/24/1989 | ORDER RE TRANSCRIPT OF DEFT AND SETTING HEARING DATE ON REMAND | $2.00 | Image |
| 07/24/1989 | MOTION TO RENEW PRETRIAL MOTIONS FILED Attorney: SHANKS, MICHAEL D (18906), GARRETSON AND EVANS | $0.00 | Image |
| 07/24/1989 | MOTION TO PERMIT THE DEFENSE TO ADMIT ALL RELEVANT EVIDENCE AT THE SENTENCING PHASE FILED Attorney: SHANKS, MICHAEL D (18906), GARRETSON AND EVANS | $0.00 | Image |
| 07/25/1989 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGES) | $0.00 | Image |
| 07/25/1989 | AFFIDAVIT OF DAN EICHEL | $0.00 | Image |
| 07/26/1989 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | $2.00 | Image |
| 07/26/1989 | RETURN COPIES OF PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | $2.00 | Image |
| 07/26/1989 | MEMORANDUM IN OPPOSITION TO DEFT'S MOTION TO PROHBIT 3-JUDGE PANEL FROM RESENTENCING TO DEATH AND TO DISQUALIFY PANEL FILED FIRST ASST PROS Attorney: EICHEL, DANIEL G (08259) | $0.00 | Image |
| 07/26/1989 | ENTRY FILED | $4.00 | Image |

3/23/2015                                  CourtView Justice Solutions

| Date | Description | Amount | |
|------|-------------|--------|---|
| 07/27/1989 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGE) | $0.00 | Image |
| 08/01/1989 | ENTRY AS TO MOTIONS HEARD JULY 31 1989 | $4.00 | Image |
| 08/04/1989 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGES) | $0.00 | Image |
| 08/07/1989 | JUDGEMENT OF CONVICTION ENTRY FILED | $6.00 | Image |
| 08/10/1989 | OPINION FILED | $6.00 | Image |
| 09/06/1989 | NOTICE OF APPEAL FILED DAVID C STEBBINS, SENIOR ASST PUBLIC DEFENDER IN CA1989 09 0123 | $0.00 | Image |
| 09/13/1989 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES FILED for atty.: JOHN A GARRETSON IN AMOUNT OF $850.00 | $8.00 | Image |
| 09/13/1989 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES FILED for atty.: MICHAEL D SHANKS, IN AMOUNT OF $827.00 | $8.00 | Image |
| 09/20/1989 | RETURN RECEIPT OF CERTIFIED MAIL OF CLERK OHIO SUPREME COURT | $0.00 | Image |
| 09/20/1989 | RETURN-PERSONAL SERVICE OF EXECUTION FOR COSTS IN FELONY | $3.70 | Image |
| 10/03/1989 | COPIES OF CASE DOCKET SHEET ISSUED - FILED 3-5-91 SUPREME COURT #90-2524 | $2.25 | Image |
| 02/05/1990 | COST BILL - TOTAL FEES $1,383.40 - FILED 3-5-91 IN SUPREME COURT OF OHIO #90-2524 | $0.00 | Image |
| 02/09/1990 | CERTIFICATE OF MAILINGS (SEE IMAGES) | $0.00 | Image |
| 02/13/1990 | COPY OF JOURNAL ENTRY FILED IN CA89 09 123 | $2.00 | Image |
| 04/10/1990 | PLEASE SEE DOCKET FOR PREVIOUS FILINGS | $0.00 | |
| 05/07/1990 | APPOINTMENT OF ATTORNEY FOR INDIGENT DEFENDANT (NUNC PRO TUNC 5/27/86),BRUEWER,J. (IMAGED ABOVE) | $2.00 | |
| 05/07/1990 | APPOINTMENT OF ATTORNEY FOR INDIGENT DEFENDANT (NUNC PRO TUNC 5/27/86),BRUEWER,J. | $2.00 | Image |
| 10/29/1990 | MANDATE FILED AFFIRMING CA89 09 0123 (IMAGED UNDER JUDGMENT ENTRY) | $2.00 | |
| 10/29/1990 | JUGMENT ENTRY FILED - MANDATE CA89 09 123 - COPY OF OPINION ATTACHED | $2.00 | Image |
| 03/30/1992 | [ Clerk's memo ] : SUPREME CT.OH upheld (affirmed 12th District Decision) for DEATH PENALTY CA89 09 0123 S.C,OH,# 90-2524 | $0.00 | |
| 03/31/1992 | [ Clerk's memo ] : COPY OF SUPREME CT OF OH MANDATE AFIRMING & UPHOLDING DEATH PENALTY FILED, COPIES TO Grace White for issuance of Death Warrant & certified copy of Mandate to institution/        & copy to trial court file/CA-Midd & Moser,J | $0.00 | |
| 04/08/1992 | ALL PAPERS RETURN FROM SUPREME COURT OF OH | $0.00 | |
| 05/19/1992 | [ Clerk's memo ] : DATE OF SCHEDULED EXECUTION | $0.00 | |
| 10/08/1993 | EVIDENTIARY HEARING REQUSTED ; PETITION TO VACATE OR SET ASIDE SENTENCE: R.C. 2953.21 FILED BY ATTY JOANN BOUR-STOKES & LINDA E PRUCHA FOR DEFENDANT | $0.00 | Image |
| 10/08/1993 | EVIDENTIARY HEARING REQUESTED; PETITION TO VACATE OR SET ASIDE SENTENCE; R.C,2953.21 FILED BY ATTY JOANN BOUR-STOKES/LINDA E PRUCHA FOR DEFENDANT (EXHIBITS ATTACHED) | $0.00 | Image |
| 10/18/1993 | ANSWER AND MOTION TO DISMISS DEFT'S PETITION FOR POSTCONVICTION RELIEF FILED | | Image |
| 10/18/1993 | ASSIGNMENT OF JUDGE CREHAN FROM JUDGE MOSER FILED ELLIOTT,J | $0.00 | Image |
| 10/20/1993 | DEFT'S MOTION FOR JUDGE MOSER TO RECUSE HIMSELF FILED | $0.00 | Image |
| 03/14/1994 | ORDER SETTING CONFERENCE FOR 3/30/94 AT 4:00PM FILED CREHAN,J | $2.00 | Image |
| 03/30/1994 | STATE'S MOTION FOR LEAVE TO FILE ADDITIONAL PAGE OF THE STATE'S | $0.00 | |

3/23/2015                         CourtView Justice Solutions

MEMORANDUM IN SUPPORT OF MOTION TO DIMISS FILED/DAN EICHEL,ATTY

| Date | Description | Amount | |
|---|---|---|---|
| 04/04/1994 | JOURNAL ENTRY SETTING DATE FOR ORAL ARGUMENT SET: 6/24/94 9:00 AM FILED CREHAN,J | $4.00 | Image |
| 04/07/1994 | AMENDED ENTRY SETTING DATE FOR ORAL ARGUMENT FILED CREHAN,J | $4.00 | Image |
| 04/11/1994 | DEFT'S MOTION TO STRIKE AND MEMORANDUM FILED/JOANN BOUR-STOKES AND L PRUCHA,ATTYS | $0.00 | Image |
| 04/12/1994 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE FILED BY ATTY DAN EICHEL | $0.00 | Image |
| 11/01/1994 | ENTRY RE: DEFTS MOTION FOR POST CONVICTION RELIEF;MOTION TO STRIKE AND SETTING DATE FOR EVIDENTIARY HEARING 11/23/94 FILED,CREHAN,J (DAVIS) | $16.00 | Image |
| 11/16/1994 | HEARING ON PETITION FOR POST-CONVICTION RELIEF SET 12-20-94 1:15 FILED ASSIGNMENT COMMISSIONER CINDY BAKER | $0.00 | Image |
| 12/05/1994 | DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FILED JOANN M JOLSTAD, LINDA E PRUCHA OH PUBLIC DEFENDER | $0.00 | Image |
| 12/05/1994 | MOTION TO SECURE ATTENDANCE OF VON CLARK DAVIS AT POST-CONVICITON EVIDENTIARY HEARING FILED JOANN M JOLSTAD, OH PUBLIC DEFENDER FOR VON CLARK DAVIS | $0.00 | Image |
| 12/05/1994 | PRECIPE FILED SUBPOENA ISSUED TO HON. JOHN R. MOSER, HON. WILLIAM R. STITSINGER ON DECEMBER 5, 1994 BY JOHN F. HOLCOMB, PROS. ATTY. | $4.00 | Image |
| 12/07/1994 | ORDER: WARRANT TO CONVEY PRISONER FOR POST CONVICTION HEARING R.C. 2953.22 FILED SAGE,J FOR CREHAN,J (VON CLARK DAVIS) | $2.00 | Image |
| 12/09/1994 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON. JOHN R. MOSER ON DECEMBER 9, 1994 BY JIM FARQUIS, PROCESS SERVER | $0.00 | Image |
| 12/14/1994 | ORDER VACATING WARRANT TO CONVEY PRISONER AND RESCHEDULING HEARING DATE UNTIL 1-11-95 10L00AM FILED CREHAN,J | $2.00 | Image |
| 01/05/1995 | ORDER: warrant to convey prisoner for postconviction hearing filed SAGE,J FOR MATTHEW J CREHAN (VON CLARK DAVIS) | $2.00 | Image |
| 01/06/1995 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON. JOHN R. MOSER ON JANUARY 6, 1995 BY PROCESS SERVER | $0.00 | Image |
| 01/06/1995 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON WILLIAM R. STITSINGER ON JANUARY 6, 1995 BY PROCESS SERVER | $0.00 | Image |
| 01/06/1995 | PRECIPE FILED SUBPOENA ISSUED TO HON. WILLIAM R. STITSINGER, HON. JOHN R. MOSER ON JANUARY 6, 1995 BY JOHN F. HOLCOMB, ATTY. | $4.00 | Image |
| 01/12/1995 | JOURNAL ENTRY : ORDER TO RETURN DEFENDANT TO SOUTHERN OH CORRECTIONAL FACILITY FILED CREHAN,J | $2.00 | Image |
| 01/12/1995 | TRANSCRIPT FEE | $72.50 | |
| 01/25/1995 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr SHIRLEY ROESCH $72.50 FILED CREHAN,J | $2.00 | Image |
| 01/25/1995 | JOURNAL ENTRY STATEMENT FROM SHIRLEY ROESCH TO PROSECUTOR'S OFFICE $72.50 FILED CREHAN,J | $4.00 | Image |
| 01/30/1995 | *TRANSCRIPT OF POST CONVICTION RELIEF HEARING FILED SHIRLEY ROESCH,COURT REPORTER *** FILED @ RECORDS CENTER*** | $0.00 | |
| 01/30/1995 | CERTIFICATE \ TRANSCRIPT FEES ,filed (amount +$2.in line 3) (certifed copies>Auditor) $217.50 TO SHIRLEY ROESCH,COURT REPORTER FILED CREHAN,J | $2.00 | Image |
| 01/30/1995 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr $217.50 TO SHIRELEY ROESCH,COURT REPORTER FILED CREHAN,J | $2.00 | Image |
| 01/30/1995 | TRANSCRIPT FEE | $217.50 | |
| 01/30/1995 | EXHIBIT FILED BY COURT REPORTER SHIRLEY ROESCH *** FILED @ RECORDS CENTER*** | $0.00 | |
| 02/21/1995 | POST EVIDENTIARY HEARING BRIEF FILED | | Image |
| 02/22/1995 | SHERIFFS RETURN OF PERSONAL SERVICE OF ENTRY UPON: VON CLARK DAVIS DATE: 01-10-95 BY BCSD | $3.00 | Image |
| 02/28/1995 | SHERIFFS RETURN OF PERSONAL SERVICE OF ENTRY UPON: VON CLARK DAVIS DATE: 02-11-95 BY BCSD (PER JAIL ALREADY) | $0.00 | |

3/23/2015                               CourtView Justice Solutions

| Date | Description | Amount | |
|---|---|---|---|
| 03/02/1995 | STATE'S MEMORANDUM IN RESPONSE FILED | $0.00 | Image |
| 03/15/1995 | POST-EVIDENTIARY HEARING REPLY BRIEF FILED JOANN JOLSTAD, LINDA E PRUCHA, ATTYS FOR VON CLARK DAVIS | $0.00 | Image |
| 06/30/1995 | FINAL APPEALABLE ORDER  DISMISSAL ENTRY; PETITIONER'S PETITION FOR A HEARING IS DENIED AND THE MOTION OF THE STATE OF OHIO TO DISMISS THE PETITION FOR POST-CONVICTION RELIEF IS GRANTED FILED CREHAN,J | $0.00 | Image |
| 07/31/1995 | NOTICE OF APPEAL FILED/CA95 07 0124 cc:CA-Midd;Judge;CDS>file & by mail>attys\parties indicated as of record BY LINDA E PRUCHA & TRACEY LEONARD,ASST ST PUBLIC DEFENDER,ATTYS | $25.00 | |
| 10/09/1996 | MANDATE filed,forwarded to C.A,fileroom clerk > 12thDistrict AppealsCourt # CA95 07 124 PAGE 22 CORRECTED OPINION  9-30-96 | $0.00 | |
| 10/09/1996 | CERTIFIED COPY OF CORRECTED PAGE TWENTY-TWO FOR BUTLER CA95 07 124 OPINION RELEASED 9-30-96 FILED 3-5-99 SUPREME COURT OF OHIO 99-0252 | $2.00 | Image |
| 02/25/1999 | ALL PAPERS SENT TO SUPREME COURT OF OHIO | $0.00 | |
| 09/15/1999 | ALL PAPERS RETURN FROM SUPREME COURT OF OHIO | $0.00 | |
| 10/18/2007 | ENTRY SCHEDULING STATUS CONFERENCE FILED | $2.00 | Image |
| 11/06/2007 | APPOINTMENT OF ATTORNEY FOR INDIGENT DEFENDANT RANDALL L PORTER, ASST. PUBLIC DEFENDER FOR DEFENDANT VON CLARK DAVIS | $2.00 | Image |
| 11/19/2007 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM  OHIO STATE PENITENTIARY  ON 12/03/2007 @ 9:00 AM FILED | $6.00 | Image |
| 11/27/2007 | WAIVER OF APPEARANCE OF VON CLARK DAVIS FOR THE NOVEMBER 05, 2007 STATUS CONFERENCE FILED Attorney: PORTER, RANDALL L (0005835) | $4.00 | Image |
| 12/03/2007 | NOTICE OF FILING BY VON CLARK DAVIS FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 12/04/2007 | Time Waiverof Speedy Trial requirements filed | $2.00 | Image |
| 12/04/2007 | Time Waiverof Speedy Trial requirements filed | $4.00 | |
| 12/05/2007 | APPOINTMENT OF TRIAL COUNSEL IN A CAPITAL CASE FILED Attorney: PORTER, RANDALL L (0005835); Attorney: COOK REICH, MELYNDA (0066596) | $2.00 | Image |
| 12/06/2007 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: HEARING Date: 02/04/2008    Time: 2:00 pm Judge: NASTOFF, Honorable ANDREW    Location: General Division Court Govt Serv Ctr 3rd floor | | Image |
| 12/19/2007 | ORDER GRANTING A NEW SENTENCING HEARING FILED | $2.00 | Image |
| 12/21/2007 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY  ON 02/04/2008 @ 1:00 PM FILED | $6.00 | Image |
| 02/05/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: MOTION Date: 03/06/2008    Time: 3:00 pm Judge: NASTOFF, Honorable ANDREW    Location: General Division Court Govt Serv Ctr 3rd floor | | Image |
| 02/05/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: MOTION Date: 06/26/2008    Time: 9:00 am Judge: NASTOFF, Honorable ANDREW    Location: General Division Court Govt Serv Ctr 3rd floor<br><br>Result: VACATED | | Image |
| 02/06/2008 | LETTER TO JUDGE NASTOFF REGARDING VON CLARK DAVIS FILED | $0.00 | Image |
| 02/15/2008 | BON CLARK DAVIS MOTION TO BE HEARD EX PARTE ON MOTIONS FOR APPROPRIATION OF FUNDS Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 02/20/2008 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM  OHIO STATE PENITENTIARY ON 03/06 2008 | $6.00 | Image |
| 02/26/2008 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO PERMIT THE | $0.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 9

3/23/2015                                    CourtView Justice Solutions

|  |  | | |
|---|---|---|---|
| | ACCUSED TO BE HEARD EX PARTE ON APPROPRIATION OF FUNDS FOR EXPERT ASSISTANCE | | |
| | Attorney: EICHEL, DANIEL G (08259)<br>Attorney: OSTER JR Junior, MICHAEL A (0076491) | | |
| 03/14/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: HEARING<br>Date: 03/18/2008   Time: 4:00 pm<br>Judge: NASTOFF, Honorable ANDREW   Location: General Division Court Govt Serv Ctr 3rd floor | | |
| 03/18/2008 | ENTRY REGARDING POTENTIAL THREE-JUDGE PANEL FILED | $4.00 | Image |
| 03/19/2008 | ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A MITIGATION SPECIALIST FILED | $2.00 | Image |
| 03/19/2008 | ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A PRIVATE INVESTIGATOR FILED | $2.00 | Image |
| 03/31/2008 | ENTRY AS TO RELEASE OF INSTITUTIONAL RECORDS FILED | $2.00 | Image |
| 04/03/2008 | ENTRY UNDER SEAL FILED NASTOFF,J | $2.00 | Image |
| 04/03/2008 | ENTRY UNDER SEAL FILED NASTOFF,J | $2.00 | Image |
| 04/10/2008 | VON CLARK DAVIS' MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED Attorney: COOK-REICH, MELYNDA (0066596) | $0.00 | Image |
| 04/15/2008 | VON CLARK DAVIS' AMENDED MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 04/22/2008 | STATE'S MEMORANDUM IN RESPONSE, OPPOSING DEFENDANT'S AMENDED MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER IFLED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 04/23/2008 | NOTICE OF APPEAL OF VON CLARK DAVIS CA2008 04 0111 FILED copy to CA, Appellee & counsel; Judge, CA deputy clerk<br>Attorney: PORTER, RANDALL L (0005835) | $25.00 | Image |
| 05/01/2008 | VON CLARK DAVIS' REPLY IN SUPPORT OF HIS MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED<br>Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/08/2008 | JOURNAL ENTRY FILED | $2.00 | Image |
| 05/16/2008 | VON CLARK DAVIS' MOTION FOR EXTENSION OF TIME TO FILE DEFENDANT'S MOTIONS FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/20/2008 | ENTRY GRANTING MOTION FOR EXTENSION OF TIME FILED | $2.00 | Image |
| 05/22/2008 | JUDGMENT ENTRY FILED | $4.00 | Image |
| 05/27/2008 | VON CLARK DAVIS'S MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (APPENDIX, VOLUME I) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/27/2008 | VON CLARK DAVIS' MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (APPENDIX, VOLUME II) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/27/2008 | VON CLARK DAVIS' MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (EVIDENTIARY HEARING REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/27/2008 | VON CLARK DAVIS' MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE (ORAL ARGUMENT REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/27/2008 | VON CLARK DAVIS'S MOTION TO REQUIRE A SEALED COPY OF THE PROSECUTION'S FILE BE MADE PART OF THE RECORD FILED<br>Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/27/2008 | VAN CLARK DAVIS' MOTION TO DISMISS THE CAPITAL SPECIFICATION CONTAINED IN INDICTMENT (ORAL ARGUMENT REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/28/2008 | STATE'S MOTION FOR CONTINUANCE AND AN EXTENSION OF TIME TO FILE | $0.00 | Image |

| | | | |
|---|---|---|---|
| | MOTIONS/MEMORANDA IN RESPONSE TO DEFENDANT'S MOTION FILED 5/27/2008 FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER JR Junior, MICHAEL A (0076491) | | |
| 05/28/2008 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO REQUIRE A SEALED COPY OF THE PROSECUTOR'S FILE TO BE MADE PART OF THE RECORD FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER JR Junior, MICHAEL A (0076491) | $0.00 | Image |
| 05/28/2008 | VON CLARK DAVIS' MOTION TO SUPPRESS PRETRIAL AND TRIAL IDENTIFICATIONS FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/30/2008 | VON CLARK DAVIS' LIMITED DEMAND FOR DISCOVERY FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/30/2008 | VON CLARK DAVIS' MOTION FOR PRE-TRIAL DISCLOSURE OF POLICE REPORTS AND WITNESS STATEMENTS FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/30/2008 | VON CLARK DAVIS' MOTION TO COMPEL LAW ENFORCEMENT OFFICIALS TO PROVIDE THE PROSECUTING ATTORNEY WITH ALL THE INFORMATION ACQUIRED DURING THE COURSE OF THEIR INVESTIGATION FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 06/04/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: HEARING Date: 06/12/2008  Time: 3:00 pm Judge: NASTOFF, Honorable ANDREW  Location: General Division Court Govt Serv Ctr 3rd floor | | |
| 06/04/2008 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM STATE PENITENTIARY FILED | $6.00 | Image |
| 06/13/2008 | VON CLARK DAVIS' FIRST NOTICE OF ADDITIOAL AUTHORITY (EVIDENTIARY HEARING REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) (FAX COPY) | $0.00 | Image |
| 06/16/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: The following event: MOTION scheduled for 06/26/2008 at 9:00 am has been rescheduled as follows: Event: MOTION Date: 08/27/2008  Time: 9:00 am Judge: NASTOFF, Honorable ANDREW  Location: General Division Court Govt Serv Ctr 3rd floor | | Image |
| 06/27/2008 | VON CLARK DAVIS' MEMORANDUM CONCERNING HIS RIGHT TO A JURY TRIAL WITH RESPECT TO RESENTENCING (EVIDENTIARY HEARING REQUESTED PLEADING L) FILED Attorney: PORTER, RANDALL L (0005835) (FAX COPY) | $0.00 | Image |
| 06/27/2008 | VON CLARK DAVIS' MOTION TO SUPPRESS PRETRIAL AND TRIAL IDENTIFICATION (EVIDENTIARY HEARING REQUESTED PLEADING K) FILED Attorney: PORTER, RANDALL L (0005835) (FAX COPY) | $0.00 | Image |
| 06/30/2008 | VON CLARK DAVIS' MOTION FOR FUNDING TO RETAIN DR. MARK HEATH, M.D. (ORAL ARGUMENT REQUESTED PLEADING N) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 06/30/2008 | VON CLARK DAVIS' MOTION TO PRECLUDE THE STATE FROM SEEKING THE DEATH PENALTY (ORAL ARGUMENT REQUESTED PLEADING M) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 06/30/2008 | VON CLARK DAVIS' MOTION TO TRANSCRIBE THE GRAND JURY PROCEEDINGS (ORAL ARGUMENT REQUESTED PLEADING O) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDATN'S MEMORANDUM "L" "CONCERNING RIGHT TO A JURY TRIAL WITH RESPECT TO RESENTENCING" [sic] FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | MEMORANDUM IN OPPOSITION TO PRECLUDE USE OF DEATH PENALTY FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "M" TO PRECLUDE THE STATE FROM SEEKING THE DEATH PENALTY FILED Attorney: EICHEL, DANIEL G (0800259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM "O" IN OPPOSITION TO DEFENDANT'S MOTION FOR A PRE-TRIAL COPY OF THE TRANSCRIPT OF GRAND JURY PROCEEDINGS FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM "N" IN OPPOSITION TO DEFENDANT'S MOTION FOR | $0.00 | Image |

3/23/2015                                CourtView Justice Solutions

| | | | |
|---|---|---|---|
| 07/25/2008 | STATE'S MEMORANDUM "N" IN OPPOSITION TO DEFENDANT'S MOTION FOR FUNDING TO RETAIN AN EXPERT FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "I" FOR PRE-TRIAL DISCLOSURE OF POLICE REPORTS AND WITNESS STATEMENTS FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S SUPPLEMENTAL DISCOVERY "H" FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MOTION TO STRIKE AND MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTIONS TO SUPPRESS PRETRIAL AND TRIAL IDENTIFICATIONS [DESIGNATED MOTION "G" AND "K"] FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "F" TO DISMISS THE CAPITAL SPECIFICATION CONTAINED IN THE INDICTMENT FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM "D" IN RESPONSE TO DEFENDANT'S MOTION FOR EXCULPATORY EVIDENCE FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION "J" TO COMPEL LAW ENFORCEMENT OFFICIALS TO PROVIDE THE PROSECUTING ATTORNEY WITH ALL THE INFORMATION ACQUIRED DURING THE COURSE OF INVESTIGATION FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/28/2008 | VON CLARK DAVIS' NOTICE OF INTENT TO APPEAL TO THE OHIO SUPREME COURT FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 08/22/2008 | Issue Date: 08/22/2008<br>Service: SUBPOENA BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: QUILAN, JASON<br>Cost Per: $    1.00<br><br>HAMILTON POLICE DEPT<br>CUSTODIAN OF RECORDS<br>331 SOUTH FRONT ST<br>HAMILTON, OH  45011<br>Tracking No: C000059533<br><br>COLEMAN, WADE<br><br>HAMILTON, OH  45011<br>Tracking No: C000059534<br><br>WILLIAMS, RONNIE D<br><br>HAMILTON, OH  45013<br>Tracking No: C000059535<br><br>BRYANT, MONA ALDRIDGE<br><br>MIDDLETOWN, OH  45044<br>Tracking No: C000059536<br><br>LOVETT, MARK<br><br>MIDDLETOWN, OH  45044<br>Tracking No: C000059537<br><br>DENMARK, COZETTA MASSEY<br><br>CINTI, OH  45204<br>Tracking No: C000059538<br><br>MCCREARY, JODAWNA SOUTHERN<br><br>CINCINNATI, OH  45231<br>Tracking No: C000059539 | $8.00 | Image |

3/23/2015 CourtView Justice Solutions

DENMARK, REGINALD

CINCINNATI, OH 45214
Tracking No: C000059540

| | | | |
|---|---|---|---|
| 08/22/2008 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 08/22/2008 12:55:32 | $1.00 | Image |
| 08/22/2008 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 08/22/2008 12:55:43 | $1.00 | |
| 08/25/2008 | STATE'S SUPPLEMENTAL AUTHORITY FOR MOTION 'C' FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 08/25/2008 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY FOR A MOTION HEARING ON 08/27/2008 @ 9:00 AM FILED | $6.00 | Image |
| 08/25/2008 | STATE'S NOTICE OF ADDITIONAL AUTHORITY RE: DEFENDANT'S MOTIONS F, G, I, J, K & L FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : BRYANT, MONA ALDRIDGE<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059536 | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : HAMILTON POLICE DEPT<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059533 | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : COLEMAN, WADE<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059534 | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : MCCREARY, JODAWNA SOUTHERN<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment : | $0.00 | Image |

3/23/2015                                CourtView Justice Solutions

| | | | |
|---|---|---|---|
| | Tracking #: C000059539 | | |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : DENMARK, REGINALD<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059540 | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/26/2008<br>Return : 08/26/2008<br>On : WILLIAMS, RONNIE D<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059535 | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : DENMARK, COZETTA MASSEY<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059538 | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : LOVETT, MARK<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059537 | $0.00 | Image |
| 08/28/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: MOTION<br>Date: 10/10/2008  Time: 1:30 pm<br>Judge: NASTOFF, Honorable ANDREW   Location: General Division Court Govt Serv Ctr 3rd<br>floor<br><br>Result: VACATED | | Image |
| 08/28/2008 | VON CLARK DAVIS' NOTICE OF FILING OF EXHIBITS IN SUPPORT OF MOTION O<br>FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 08/28/2008 | VON CLARK DAVIS' NOTICE OF FILING OF ADDITIONAL AUTHORITY IN SUPPORT OF<br>PLEADING P FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 08/29/2008 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE<br>PENITENTIARY FOR A MOTION HEARING ON 10/10/2008 @ 1:30 PM FILED | $6.00 | Image |
| 09/09/2008 | VON CLARK DAVIS' NOTICE OF FILING OF ADDITIONAL AUTHORITY IN SUPPORT OF<br>PLEADING M FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |

3/23/2015                                 CourtView Justice Solutions

| Date | Description | Amount | |
|---|---|---|---|
| 09/17/2008 | VON CLARK DAVIS' MOTION FOR A TWO DAY EXTENSION FOR THE PARTIES TO SUBMIT BRIEFING ON THE RIPENESS ISSUE FILED | $0.00 | Image |
| | Attorney: PORTER, RANDALL L (0005835) (FAX COPY) | | |
| 09/19/2008 | VON CLARK DAVIS' BRIEFING ON THE ISSUE OF RIPENESS FILED Attorney: PORTER, RANDALL L (0005835) | | Image |
| 09/19/2008 | SUPPLEMENTAL MEMORANDUM BY STATE IN OPPOSITION TO DEFENDANT'S MOTION "P" TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BY LETHAL INJECTION FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 09/30/2008 | ORDER GRANTING MOTION FOR A TWO DAY EXTENSION FOR THE PARTIES TO SUBMIT BRIEFING ON THE RIPENESS ISSUE FILED (FAX COPY) | $2.00 | Image |
| 10/02/2008 | MOTION TO PROVIDE DISCOVERY FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 10/08/2008 | VON CLARK DAVIS' WAIVER OF ORAL RAGUMENT SET FOR OCTOBER 10, 2008 FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 10/08/2008 | VON CLARK DAVIS' WAIVER OF ORAL ARGUMENT SET FOR OCTOBER 10, 2008 FILED Attorney: PORTER, RANDALL L (0005835) | $2.00 | Image |
| 10/09/2008 | MOTION TO VACATE HEARING AND TRANSPORT ORDER FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 10/10/2008 | VON CLARK DAVIS' MOTION TO REQUIRE THE BUTLER COUNTY SHERIFF TO CONVEY MR. DAVIS FOR TESTING AND TO MAKE THE APPROPRIATE ACCOMMODATIONS FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 10/13/2008 | ENTRY AND ORDER ALLOWING NEUROPSYCHOLOGIST ACCESS TO DEFENDANT LOCATED AT BUTLER COUNTY JAIL FILED | $4.00 | Image |
| 10/15/2008 | ORDER TO VACATE HEARING AND TRANSPORT ORDER FILED | $2.00 | Image |
| 11/07/2008 | MOTION "Q" VAN CLARK DAVIS' RESPONSE TO DISCOVERY FILED Attorney: PORTER, RANDALL L (0005835); Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 11/07/2008 | MOTION "S" VON CLARK DAVIS' MOTION FOR TO CONTINUE THE DECEMBER 15, 2008 SENTENCING HEARING FILED Attorney: PORTER, RANDALL L (0005835); Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 11/07/2008 | MOTION "R" VON CLARK DAVIS' SECOND MOTION TO BE HEARD EX PARTE ON FUNDING ISSUES FILED Attorney: PORTER, RANDALL L (0005835) Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 11/13/2008 | STATE'S RESPONSE TO DEFENDANT'S MOTION FOR CONTINUANCE FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 11/18/2008 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY FOR A MOTION HEARING ON 11/24/2008 @ 9:00 AM FILED | $6.00 | Image |
| 11/24/2008 | PRETRIAL COURT JOURNAL ORDER | $2.00 | Image |
| 12/11/2008 | VON CLARK DAVIS' RENEWED MOTION TO STAY THE COURT'S MARCH 31, 2008 ORDER FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 12/29/2008 | ENTRY JOURNALIZING DECISION ON MOTIONS FILED BY DEFENDANT FILED | $64.00 | Image |
| 02/06/2009 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY FOR A SENTENCE HEARING ON 05/11/2009 @ 8:30 AM FILED | $6.00 | Image |
| 03/12/2009 | MOTION FOR ORDER OR SANCTIONS UNDER CRIM.R. 16(E)(3) FOR DEFENSE NON-DISCLOSURE OF DISCOVERABLE MATTERS FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 03/17/2009 | MOTION IN LIMINE FOR ORDER AS TO PROCEDURE TO BE FOLLOWED FOR CONSIDERATION OF EVIDENCE ADMITTED AT 1984 "GUILT-PHASE" TRIAL FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 03/24/2009 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: MOTION Date: 04/02/2009  Time: 1:30 pm Judge: NASTOFF, Honorable ANDREW  Location: General Division Court Govt Serv Ctr 3rd floor | | |
| | Result: RESET HEARING | | |
| 03/24/2009 | VON CLARK DAVIS' ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596) (FAX COPY) | $0.00 | Image |

3/23/2015                                                    CourtView Justice Solutions

| | | | |
|---|---|---|---|
| 03/25/2009 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY FOR A MOTION HEARING ON 04/02/2009 @ 8:30 AM FILED | $6.00 | Image |
| 03/26/2009 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br><br>The following event: MOTION scheduled for 04/02/2009 at 1:30 pm has been rescheduled as follows:<br><br>Event: MOTION<br>Date: 04/08/2009   Time: 10:00 am<br>Judge: NASTOFF, Honorable ANDREW   Location: General Division Court Govt Serv Ctr 3rd floor | | |
| 03/30/2009 | TRANSCRIPT REQUEST FILED | $0.00 | Image |
| 04/02/2009 | TRANSCRIPT OF PROCEEDING MOTION HEARING ON AUGUST 28, 2008 FILED | $3.00 | Image |
| 04/02/2009 | TRANSCRIPT OF PROCEEDING MOTION HEARING ON AUGUST 27, 2008 FILED | $3.00 | Image |
| 04/02/2009 | VON CLARK DAVIS' MOTION TO EXTEND THE TIME TO ANSWER THE STATE'S MOTION IN LIMINE FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 04/03/2009 | TRANSCRIPT REQUEST FILED | $0.00 | Image |
| 04/06/2009 | VON CLARK DAVIS' MEMORANDUM CONTRA TO THE STATE'S MOTION IN LIMINE FILED<br>Attorney: PORTER, RANDALL L (0005835); Attorney: COOK REICH, MELYNDA (0066596) (FAX COPY) | $0.00 | Image |
| 04/07/2009 | STATE'S SUPPLEMENTAL DISCOVERY FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 04/08/2009 | STATE'S REPLY: MEMORANDUM TO THE DEFENDANT'S MEMORANDUM CONTRA THE STATE'S MOTION IN LIMINE RE: PROCEDURE FILED<br>Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER Junior, MICHAEL A (0076491) | | Image |
| 04/08/2009 | VON CLARK DAVIS' NOTICE OF FILING FILED Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 04/08/2009 | NOTICE OF COUNSEL'S CHANGE OF ADDRESS FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 04/09/2009 | MOTION AND CERTIFICATION BY COURT REPORTER FOR TRANSCRIPTION FEES FILED | $0.00 | Image |
| 04/09/2009 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE $1,252.50\Ct.Reprtr | $2.00 | Image |
| 04/09/2009 | CERTIFICATE \ TRANSCRIPT FEES $1,252.50, filed (amount +$2.in line 3) (certifed copies>Auditor) | $2.00 | Image |
| 04/09/2009 | TRANSCRIPT FEE | $1,252.50 | |
| 04/13/2009 | STATE'S SUPPLEMENTAL DISCOVERY (4/13/2009) FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 04/20/2009 | VON CLARK DAVIS' NOTICE OF FILING # 3 FILED Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 04/20/2009 | VON CLARK DAVIS' OBJECTIONS TO THE COURT'S PROPOSED PROCEDURES CONCERNING THE TRIAL PHASE TESTIMONY AND EVIDENCE FILED Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 04/21/2009 | VON CLARK DAVIS' SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596); Attorney: PORTER, RANDALL (0005835) (FAX) | $0.00 | Image |
| 04/21/2009 | VON CLARK DAVIS' MOTION TO FILE RECORDS UNDER SEAL FILED Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 04/24/2009 | EXHIBIT (EMAIL FROM JUDGES) FILED | $0.00 | Image |
| 04/27/2009 | VON CLARK DAVIS' NOTICE OF FILING UNDER SEAL FILED Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 04/27/2009 | ENTRY GRANTING MOTION TO FILE RECORDS UNDER SEAL FILED | $2.00 | |
| 04/30/2009 | Issue Date: 04/30/2009<br>Service: SUBPOENA  BY RESIDENCE SERVICE<br>Method:  SERVICE BY SHERIFF OF BUTLER COUNTY | $8.00 | Image |

3/23/2015                                    CourtView Justice Solutions

Cost Per: $    2.00


FURMON, CHARLES R

HAMILTON, OH   45013
Tracking No: C000190277


CARPENTER, RICHARD R

HAMILTON, OH   45011
Tracking No: C000190278


BRANDABUR, Dr JOSEPH H
BUTLER COUNTY CORONER'S OFFICE
200 N "F" STREET
HAMILTON, OH   45011
Tracking No: C000190279


CUNNINGHAM, LESLIE

TROTWOOD, OH   45246
Tracking No: C000190280

| Date | Description | Amount | |
|---|---|---|---|
| 04/30/2009 | PRECIPE FILED AND SUBPOENA BY RESIDENCE SERVICE ISSUED.<br><br>SUBPOENA BY RESIDENCE SERVICE<br>Sent on: 04/30/2009 13:06:14 | $1.00 | Image |
| 04/30/2009 | STATE'S SUPPLEMENTAL DISCOVERY FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 04/30/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 04/30/2009 | DEFENDANT'S NOTICE OF WITHDRAWAL OF MOTION TO FILE RECORDS UNDER SEAL FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/01/2009 | RETURN: RESIDENCE SERVICE UPON :<br>Method   : SERVICE BY SHERIFF OF BUTLER COUNTY<br>Issued   : 04/30/2009<br>Service  : SUBPOENA BY RESIDENCE SERVICE<br>Served   : 05/01/2009<br>Return   : 05/01/2009<br>On       : CUNNINGHAM, LESLIE<br>Signed By :<br><br>Reason   : RESIDENCE SERVICE SUCCESSFUL<br>Comment  : MAILED OUT<br><br>Tracking #: C000190280 | $7.50 | Image |
| 05/04/2009 | TRANSCRIPT REQUEST FILED | $0.00 | Image |
| 05/05/2009 | STATE'S SUPPLEMENTAL DISCOVERY (5/5/09) FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 05/06/2009 | Issue Date: 05/06/2009<br>Service: SUBPOENA BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per: $    5.00<br><br>SMITH, CAROL A<br><br>FOREST PARK, OH   45240<br>Tracking No: C000067043<br><br>DAVIS, ELLIOT BUTCH<br><br>HAMILTON, OH   45011 | $5.00 | Image |

3/23/2015                                    CourtView Justice Solutions

Tracking No: C000067044

NOWACK, SCOTT
C/O OHIO STATE PENITENTIARY
878 COITSVILLE HUBBARD RD
YOUNGSTOWN, OH  44505
Tracking No: C000067045

TIPTON, CHARLES

CINCINNATI, OH  45240
Tracking No: C000067046

DAVIS, VICTOR L

HAMILTON, OH  45011
Tracking No: C000067047

TIPTON, ALLUSTER

FOREST PARK, OH  45240
Tracking No: C000067048

DAVIS, SHERRY

FOREST PARK, OH  45240
Tracking No: C000067049

| | | | |
|---|---|---|---|
| 05/06/2009 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 05/06/2009 13:13:14 | $1.00 | Image |
| 05/07/2009 | Issue Date: 05/07/2009<br>Service: SUBPOENA BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per: $    5.00<br><br>NOWACK, SCOTT<br>C/O OHIO STATE PENITENTIARY<br>878 COITSVILLE HUBBARD RD<br>YOUNGSTOWN, OH  44505<br>Tracking No: C000067059 | $5.00 | Image |
| 05/07/2009 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 05/07/2009 09:28:43 | $1.00 | Image |
| 05/07/2009 | Issue Date: 05/07/2009<br>Service: SUBPOENA  BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per: $    5.00<br><br>ROTUNDO, RICK<br><br>LOVELAND, OH  45140<br>Tracking No: C000067072<br><br>FLOWERS, DELBERT<br><br>GAITHERSBURG, MD  20878<br>Tracking No: C000067073 | $5.00 | Image |

3/23/2015                                    CourtView Justice Solutions

> MAUSSEN, CYNTHIA
> ADULT PAROLE AUTHORITY
>
> 770 WEST BROAD ST
> COLUMBUS, OH 43215
> Tracking No: C000067074

| 05/07/2009 | PRECIPE FILED SUBPOENA ISSUED. | $1.00 | Image |
|---|---|---|---|
| | SUBPOENA BY PROCESS SERVER Sent on: 05/07/2009 14:17:28 | | |
| 05/07/2009 | ENTRY APPOINTING SPECIAL PROCESS SERVER FILED | $2.00 | Image |
| 05/07/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/08/2009 | Issue Date: 05/08/2009 Service: SUBPOENA BY PROCESS SERVER Method: SERVICE BY PROCESS SERVER Provider: ATTORNEY Cost Per: $ 5.00 STINEMAN, JEROME CINCINNATI, OH 45208 Tracking No: C000067120 | $5.00 | Image |
| 05/08/2009 | PRECIPE FILED SUBPOENA ISSUED. SUBPOENA BY PROCESS SERVER Sent on: 05/08/2009 14:38:11 | $1.00 | Image |
| 05/08/2009 | DEFENDANT'S MOTION IN LIMINE FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/08/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/08/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596) (FAX) | $0.00 | Image |
| 05/11/2009 | RETURN: RESIDENCE SERVICE UPON : Method : SERVICE BY SHERIFF OF BUTLER COUNTY Issued : 04/30/2009 Service : SUBPOENA BY RESIDENCE SERVICE Served : 05/04/2009 Return : 05/11/2009 On : BRANDABUR, Dr JOSEPH H Signed By : Reason : RESIDENCE SERVICE SUCCESSFUL Comment : SUB SERVED UPON: SALLY POYNTER Tracking #: C000190279 | $8.00 | Image |
| 05/11/2009 | RETURN-PERSONAL SERVICE OF DOCUMENTS UPON : Method : SERVICE BY SHERIFF OF BUTLER COUNTY Issued : 04/30/2009 Service : SUBPOENA BY RESIDENCE SERVICE Served : 05/05/2009 Return : 05/11/2009 On : CARPENTER, RICHARD R Signed By : Reason : PERSONAL SERVICE SUCCESSFUL Comment : Tracking #: C000190278 | $9.50 | Image |
| 05/11/2009 | RETURN-PERSONAL SERVICE OF DOCUMENTS UPON : Method : SERVICE BY SHERIFF OF BUTLER COUNTY Issued : 04/30/2009 Service : SUBPOENA BY RESIDENCE SERVICE | $9.50 | Image |

3/23/2015                                        CourtView Justice Solutions

|  |  |  |  |
|---|---|---|---|
| | Served    : 05/04/2009<br>Return    : 05/11/2009<br>On        : FURMON, CHARLES R<br>Signed By :<br><br>Reason    : PERSONAL SERVICE SUCCESSFUL<br>Comment   :<br><br>Tracking #: C000190277 | | |
| 05/11/2009 | ENTRY FILED | $2.00 | Image |
| 05/12/2009 | TRANSCRIPT REQUEST FILED | $0.00 | Image |
| 05/13/2009 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: PRETRIAL CONFERENCE HEARING<br>Date: 09/03/2009   Time: 11:00 am<br>Judge: NASTOFF, Honorable ANDREW   Location: General Division Court Govt Serv Ctr 3rd<br>floor | | Image |
| 05/13/2009 | PROCESS SERVICE SUCCESSFUL.<br>Method    : SERVICE BY PROCESS SERVER<br>Issued    : 05/07/2009<br>Service   : SUBPOENA  BY PROCESS SERVER<br>Served    : 05/08/2009<br>Return    : 05/13/2009<br>On        : NOWACK, SCOTT<br>Signed By :<br><br>Reason    : PROCESS SERVICE SUCCESSFUL<br>Comment   :<br><br>Tracking #: C000067059 | $0.00 | Image |
| 05/13/2009 | PROCESS SERVICE SUCCESSFUL.<br>Method    : SERVICE BY PROCESS SERVER<br>Issued    : 05/07/2009<br>Service   : SUBPOENA  BY PROCESS SERVER<br>Served    : 05/08/2009<br>Return    : 05/13/2009<br>On        : MAUSSEN, CYNTHIA<br>Signed By :<br><br>Reason    : PROCESS SERVICE SUCCESSFUL<br>Comment   :<br><br>Tracking #: C000067074 | $0.00 | Image |
| 05/19/2009 | TRANSCRIPT OF PROCEEDING MOTION HEARING APRIL 8, 2009 FILED | $3.00 | Image |
| 05/22/2009 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE<br>PENITENTIARY FOR A PRE-TRIAL CONFERENCE ON 09/03/2009 @ 9:00 AM FILED | $6.00 | Image |
| 06/03/2009 | MOTION AND CERTIFICATION BY COURT REPORTER FOR TRANSCRIPTION FEES<br>FILED | $0.00 | Image |
| 06/03/2009 | CERTIFICATE \ TRANSCRIPT FEES $450.00, filed (amount +$2.in line 3) (certifed<br>copies>Auditor) | $2.00 | Image |
| 06/03/2009 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE $450.00\Ct.Reprtr | $2.00 | Image |
| 06/03/2009 | TRANSCRIPT FEE | $450.00 | |
| 08/05/2009 | VON CLARK DAVIS' MOTION TO EXPEDITE RULING FILED Attorney: COOK REICH,<br>MELYNDA (0066596) | $0.00 | Image |
| 08/19/2009 | Issue Date: 08/19/2009<br>Service: SUBPOENA  BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per: $    5.00<br><br>NOWACK, SCOTT<br>C/O OHIO STATE PENITENTIARY<br>878 COITSVILLE HUBBARD RD<br>YOUNGSTOWN, OH  44505<br>Tracking No: C000070523 | $5.00 | Image |

3/23/2015                                    CourtView Justice Solutions

Tracking No: C000070523

MAUSSER, CYNTHIA
C/O OHIO PAROLE BOARD
770 WEST BROAD ST
COLUMBUS, OH 43222
Tracking No: C000070524

| | | | |
|---|---|---|---|
| 08/19/2009 | PRECIPE FILED SUBPOENA ISSUED. | $1.00 | Image |
| | SUBPOENA BY PROCESS SERVER<br>Sent on: 08/19/2009 11:31:20 | | |
| 08/19/2009 | Issue Date: 08/19/2009<br>Service: SUBPOENA BY CERTIFIED MAIL<br>Method: SERVICE BY CERTIFIED MAIL<br>Cost Per: $    8.00 | $40.00 | Image |

SMITH, CAROL A

FOREST PARK, OH 45240
Tracking No: L000198274

STINEMAN, JEROME

CINCINNATI, OH 45208
Tracking No: L000198275

TIPTON, ALLUSTER

FOREST PARK, OH 45240
Tracking No: L000198276

DAVIS, SHERRY

FOREST PARK, OH 45240
Tracking No: L000198277

ROTUNDO, RICK

LOVELAND, OH 45140
Tracking No: L000198278

| | | | |
|---|---|---|---|
| 08/19/2009 | PRECIPE FILED SUBPOENA ISSUED. | $1.00 | Image |
| | SUBPOENA BY CERTIFIED MAIL<br>Sent on: 08/19/2009 11:52:16 | | |
| 08/19/2009 | Issue Date: 08/19/2009<br>Service: CRIMINAL SUBPOENA BY SHERIFF<br>Method: SERVICE BY SHERIFF OF BUTLER COUNTY<br>Cost Per: $    2.00 | $4.00 | Image |

DAVIS, VICTOR

HAMILTON, OH 45013
Tracking No: C000197157

DAVIS, ELLIOT BUTCH

HAMILTON, OH 45011
Tracking No: C000197158

| | | | |
|---|---|---|---|
| 08/19/2009 | PRECIPE FILED SUBPOENA ISSUED. | $1.00 | Image |
| | SUBPOENA BY SHERIFF | | |

3/23/2015                              CourtView Justice Solutions

> Sent on: 08/19/2009 12:20:07

| Date | Description | Amount | |
|------|-------------|--------|---|
| 08/19/2009 | OUT OF STATE WITNESS APPLICATION FILED<br>Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 08/21/2009 | STATE'S SUPPLEMENTAL DISCOVERY FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 08/26/2009 | STATE'S SUPPLEMENTAL DISCOVERY (08/26/2009) FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 08/28/2009 | Issue Date: 08/28/2009<br>Service: SUBPOENA BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: PROSECUTOR'S OFFICE<br>Cost Per: $ 5.00<br><br>FURMON, CHARLES R<br><br>HAMILTON, OH 45013<br>Tracking No: C000070886<br><br>LINK, LISA<br><br>CINTI, OH 45239<br>Tracking No: C000070887<br><br>BRANDABUR, Dr JOSEPH H<br>BUTLER COUNTY CORONER'S OFFICE<br>200 N "F" STREET<br>HAMILTON, OH 45011<br>Tracking No: C000070888 | $5.00 | Image |
| 08/28/2009 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 08/28/2009 09:04:30 | $1.00 | Image |
| 08/28/2009 | CERTIFICATE UNDER UNIFORM ACT TO SECURE THE ATTENDANCE OF WITNESS FROM WITHOUT A STATE IN CRIMINAL PROCEEDINGS FILED | $4.00 | Image |
| 08/31/2009 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method : SERVICE BY CERTIFIED MAIL<br>Issued : 08/19/2009<br>Service : SUBPOENA BY CERTIFIED MAIL<br>Served : 08/20/2009<br>Return : 08/31/2009<br>On : ROTUNDO, RICK<br>Signed By : RICK ROTUNDO<br><br>Reason : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking # : L000198278 | $0.00 | Image |
| 08/31/2009 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method : SERVICE BY CERTIFIED MAIL<br>Issued : 08/19/2009<br>Service : SUBPOENA BY CERTIFIED MAIL<br>Served : 08/20/2009<br>Return : 08/31/2009<br>On : TIPTON, ALLUSTER<br>Signed By : ALLUSTER TIPTON<br><br>Reason : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking # : L000198276 | $0.00 | Image |
| 08/31/2009 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method : SERVICE BY CERTIFIED MAIL<br>Issued : 08/19/2009<br>Service : SUBPOENA BY CERTIFIED MAIL<br>Served : 08/20/2009 | $0.00 | Image |

3/23/2015                                    CourtView Justice Solutions

| | | | |
|---|---|---|---|
| | ~~Served : 03/26/2009~~<br>Return : 08/31/2009<br>On : DAVIS, SHERRY<br><br>Signed By : SHERRY DAVIS<br><br>Reason : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking # : L000198277 | | |
| 08/31/2009 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method : SERVICE BY CERTIFIED MAIL<br>Issued : 08/19/2009<br>Service : SUBPOENA BY CERTIFIED MAIL<br>Served : 08/20/2009<br>Return : 08/31/2009<br>On : SMITH, CAROL A<br>Signed By : ALLUSTER TIPTON<br><br>Reason : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking # : L000198274 | $0.00 | Image |
| 08/31/2009 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method : SERVICE BY CERTIFIED MAIL<br>Issued : 08/19/2009<br>Service : SUBPOENA BY CERTIFIED MAIL<br>Served : 08/20/2009<br>Return : 08/31/2009<br>On : STINEMAN, JEROME<br>Signed By : ILLEGIBLE<br><br>Reason : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking # : L000198275 | $0.00 | Image |
| 08/31/2009 | STATE'S SUPPLEMENTAL DISCOVERY (8/31/2009) FILED Attorney: OSTER Junior,<br>MICHAEL A (0076491) | $0.00 | Image |
| 08/31/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED<br>Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 09/02/2009 | FAILURE OF RESIDENCE SERVICE ON:<br>Method : SERVICE BY SHERIFF OF BUTLER COUNTY<br>Issued : 08/19/2009<br>Service : CRIMINAL SUBPOENA BY SHERIFF<br>Served :<br>Return : 09/02/2009<br>On : DAVIS, ELLIOT BUTCH<br>Signed By :<br><br>Reason : FAILURE OF RESIDENCE SERVICE<br>Comment : BAD ADDRESS, DOES NOT EXIST<br><br>Tracking # : C000197158 | $8.00 | Image |
| 09/02/2009 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/28/2009<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 09/02/2009<br>Return : 09/02/2009<br>On : LINK, LISA<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000070887 | $0.00 | Image |
| 09/02/2009 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/28/2009<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 09/02/2009<br>Return : 09/02/2009<br>On : BRANDABUR, Dr. JOSEPH J | $0.00 | Image |

3/23/2015                                    CourtView Justice Solutions

| | | | |
|---|---|---|---|
| | On ; BRANDABUR, Dr JOSEPH H<br>Signed By :<br><br>Reason ; PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000070888 | | |
| 09/02/2009 | PROCESS SERVICE SUCCESSFUL,<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/28/2009<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 09/02/2009<br>Return : 09/02/2009<br>On : FURMON, CHARLES R<br>Signed By :<br><br>Reason ; PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000070886 | $0.00 | Image |
| 09/03/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED<br>Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 09/04/2009 | ENTRY GRANTING FUNDS FOR OUT OF STATE WITNESS APPEARANCE FILED | $2.00 | Image |
| 09/04/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED<br>Attorney: COOK REICH, MELYNDA (0066596);Attorney: PORTER, RANDALL (0005835)<br>(FAX) | $0.00 | Image |
| 09/08/2009 | VON CLARK DAVIS EXHIBIT LIST FILED Attorney: COOK REICH, MELYNDA (0066596),<br>Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 09/09/2009 | RETURN-PERSONAL SERVICE OF DOCUMENTS UPON :<br>Method : SERVICE BY SHERIFF OF BUTLER COUNTY<br>Issued : 08/19/2009<br>Service : CRIMINAL SUBPOENA BY SHERIFF<br>Served : 08/25/2009<br>Return : 09/09/2009<br>On : DAVIS, VICTOR<br>Signed By :<br><br>Reason ; PERSONAL SERVICE SUCCESSFUL<br>Comment : BY: KIM PREWITT #1434 (BCSO)<br><br>Tracking # : C000197157 | $7.50 | Image |
| 09/11/2009 | VERDICT FORM FILED | $0.00 | Image |
| 09/21/2009 | JUDGMENT SENTENCING  VON CLARK DAVIS TO  OHIO DEPT OF CORRECTIONS<br>REHABILITATION | $2.00 | Image |
| 09/21/2009 | "STENOGRAPHER" (TAPE TRANSCRIPTION) FEE | $25.00 | |
| 09/21/2009 | Taking or receiving prisoner before the judge. | $30.00 | |
| 09/21/2009 | SENTENCING OPINION FILED | $24.00 | Image |
| 09/22/2009 | FILING IN COURT OF APPEALS AND NOTIFICATION TO SUPREME COURT OF<br>JUDGMENT ENTRY OF CONVICTION AND SENTENCING OPINION FILED NASTOFF,<br>PATER,SPAETH, JUDGES | $2.00 | Image |
| 09/23/2009 | UPS TRACKING INFORMATION; PROOF OF DELIVERY | $0.00 | Image |
| 10/12/2009 | DEFENDANT ON PROBATION OR INCARCERATED, COSTS TO BE COLLECTED BY<br>PROBATION. | | |
| 10/22/2009 | TRANSCRIPT REQUEST FILED | $0.00 | Image |
| 11/02/2009 | REQUEST FOR COURT PAID EXPERTS AND/OR EXPENSES $487.50 FILED | $2.00 | Image |
| 01/08/2010 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES $16,519.25 & AFFIDAVIT<br>OF INDIGENCY FILED,for atty.: MELYNDA COOK | $2.00 | Image |
| 01/08/2010 | Indigent Application Fee (OPD-206R) ORC 120.36 | $25.00 | |
| 01/26/2010 | DEFENDANT'S MOTION FOR APPOINTMENT AND MOTION TO ALLOW APPEARANCE | $0.00 | Image |

3/23/2015                        CourtView Justice Solutions

|  |  |  |  |
|---|---|---|---|
| | PRO HAC VICE FILED<br>Attorney: KOMP, LAURENCE (0060142) (FAX) | | |
| 01/27/2010 | REQUEST FOR COURT PAID EXPERTS AND/OR EXPENSES $17,862.00 FILED | $2.00 | Image |
| 02/11/2010 | ORDER GRANTS DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO ALLOW APPEARANCE PRO HAC VICE FILED (FAX) | $2.00 | Image |
| 03/26/2010 | ENTRY DEFENDANT'S MOTION FOR THE APPROPRIATION OF FUNDS FOR A PSYCHOLOGIST(APRIL 3, 2008) BE REFILED UNDER SEAL FILED NASTOFF,J | $2.00 | Image |
| 03/26/2010 | ENTRY DEFENDANT'S MOTION FOR THE APPROPRIATION OF FUNDS FOR A PSYCHOLOGIST(APRIL 3, 2008) BE REFILED UNDER SEAL FILED NASTOFF,J | $2.00 | Image |
| 06/23/2010 | PRECIPE FOR DEATH WARRANT IN STATE CASE FILED<br>Attorney: PIPER Prosecutor Butler County Ohio, ROBIN (23205) | $0.00 | Image |
| 07/15/2010 | ENTRY ORDERING WRIT FOR EXECUTION OF DEATH PENALTY FILED | $2.00 | Image |
| 07/20/2010 | Issue Date: 07/20/2010<br>Service: DEATH WARRANT<br>Method: SERVICE BY CERTIFIED MAIL<br>Cost Per: $    8.00<br><br>SUPREME COURT OF OHIO<br>CLERKS OFFICE<br>65 SOUTH FRONT ST 8TH FLOOR<br>COLUMBUS, OH 43215<br>Tracking No: L000226575 | $8.00 | |
| 07/20/2010 | DEATH WARRANT ISSUED.<br><br>DEATH WARRANT<br>Sent on: 07/20/2010 11:10:09 | | Image |
| 07/21/2010 | Issue Date: 07/21/2010<br>Service: PERSONAL SERVICE BY SHERIFF<br>Method: SERVICE BY SHERIFF OF BUTLER COUNTY<br>Cost Per: $    2.00<br><br>SOUTHERN OHIO CORRECTIONAL FACILITY<br>LUCASVILLE, OH 45699<br>Tracking No: C000216863 | $2.00 | |
| 07/21/2010 | PERSONAL SERVICE OF WRIT UPON:<br><br>PERSONAL SERVICE BY SHERIFF<br>Sent on: 07/21/2010 11:04:57 | $0.00 | Image |
| 07/21/2010 | DEATH WARRANT | $0.00 | Image |
| 07/21/2010 | Issue Date: 07/21/2010<br>Service: DEATH WARRANT<br>Method: SERVICE BY CERTIFIED MAIL<br>Cost Per: $    8.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: KOMP, LAURENCE<br>ATTORNEY AT LAW<br>PO BOX 1785<br>MANCHESTER, MI 63011<br>Tracking No: L000226665 | $8.00 | |
| 07/21/2010 | DEATH WARRANT ISSUED.<br><br>DEATH WARRANT | | Image |

3/23/2015                          CourtView Justice Solutions

Sent on: 07/21/2010 11:44:42

| 07/21/2010 | Issue Date: 07/21/2010<br>Service: DEATH WARRANT<br>Method: SERVICE BY INTER-OFFICE COURIER<br>Provider: JOHNSON, CAROLYN<br>Cost Per: $   5.00<br><br>BUTLER COUNTY PROSECUTORS OFFICE<br>315 HIGH ST, 11TH FLOOR<br>ATTN MIKE OSTER<br>HAMILTON, OH  45011<br>Tracking No: I000003538<br><br>NASTOFF Judge, ANDREW<br>GOVERNMENT SERVICES CENTER<br>315 HIGH STREET 3RD FLOOR<br>HAMILTON, OH  45011<br>Tracking No: I000003539 | $10.00 | |
| 07/21/2010 | DEATH WARRANT ISSUED.<br><br>DEATH WARRANT<br>Sent on: 07/21/2010 12:12:40 | | Image |
| 07/27/2010 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method   : SERVICE BY CERTIFIED MAIL<br>Issued   : 07/20/2010<br>Service  : DEATH WARRANT<br>Served   : 07/23/2010<br>Return   : 07/27/2010<br>On       : SUPREME COURT OF OHIO<br>Signed By : SUPREME COURT OF OHIO<br><br>Reason   : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment  :<br><br>Tracking # : L000226575 | $0.00 | Image |
| 07/27/2010 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method   : SERVICE BY CERTIFIED MAIL<br>Issued   : 07/21/2010<br>Service  : DEATH WARRANT<br>Served   : 07/23/2010<br>Return   : 07/27/2010<br>On       : KOMP, LAURENCE<br>Signed By : LAURENCE E KOMP<br><br>Reason   : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment  :<br><br>Tracking # : L000226665 | $0.00 | Image |
| 08/30/2010 | PERSONAL SERVICE OF DEATH WARRANT : UPON: BUTLER COUNTY SHERIFF TO SERVE  SOUTHERN OHIO CORRECTIONAL FACILITY SERVED: 8/20/10 | $0.00 | Image |
| 09/13/2010 | ALL PAPERS SENT TO COURT OF APPEALS | $0.00 | |
| 09/23/2010 | APPELLANT'S MOTION FOR A STAY OF EXECUTION FILED Attorney: KOMP, LAURENCE (0060142) (FAX) | $0.00 | Image |
| 10/11/2010 | DECISION AND ENTRY DENYING DEFENDANT'S MOTION FOR A STAY OF EXECUTION FILED | $2.00 | Image |
| 02/22/2011 | MANDATE filed, forwarded to C.A.fileroom clerk > 12thDistrict AppealsCourt CA# :  CA09-10-0263 | $35.00 | Image |
| 10/21/2011 | DEFENDANT-PETITIONER'S MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 10/21/2011 | DEFENDANT-PETTIONER'S MOTION FOR RECUSAL FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 10/21/2011 | NOTICE OF APPEARANCE OF COUNSEL FILED Attorney: GATTERDAM, KORT | $2.00 | Image |

3/23/2015                 CourtView Justice Solutions

| | | | |
|---|---|---|---|
| | (0040434); Attorney: HENRY, ERIK P (0085155) | | |
| 10/21/2011 | POST-CONVICTION DEFENDANT-PETITIONER VON CLARK DAVIS' PETITION TO VACATE OR SET ASIDE SENTENCE PURSUANT TO R.C. 2953.31 FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 10/25/2011 | STIPULATION OF EXTENSION OF TIME TO RESPOND TO PENDING MOTIONS FILED Attorney: GATTERDAM, KORT (0040434) Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 11/10/2011 | STATE OF OHIO'S MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY FILED Attorney: CASTER, DONALD R (0077413); Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 11/10/2011 | MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT FILED Attorney: CASTER, DONALD R (0077413) | $0.00 | Image |
| 11/10/2011 | STATE OF OHIO'S MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION FOR RECUSAL FILED Attorney: CASTER, DONALD R (0077413); Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 11/21/2011 | POST-CONVICTION DEFENDANT-PETITIONER'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE REPLY MEMORANDUM IN SUPPORT OF POST-CONVICTION PETITION, MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY, AND MOTION FOR RECUSAL FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 11/22/2011 | ENTRY GRANTING DEFENDANT-PETITIONER'S UNOPPOSED MOTION FOR EXTENSION OF TIME FILED | $2.00 | Image |
| 11/29/2011 | ENTRY GRANTING DEFENDANT'S-PETITIONER'S MOTION FOR EXTENSION OF TIME FILED | $2.00 | Image |
| 12/07/2011 | DEFENDANT-PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | | Image |
| 12/07/2011 | DEFENDANT-PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | | Image |
| 12/07/2011 | DEFENDANT-PETITIONER VON CLARK DAVIS' MEMORANDUM IN OPPOSITION TO PLAINTIFF-RESPONDENT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 01/06/2012 | ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL FILED | $2.00 | Image |
| 01/13/2012 | DEFENDANT-PETITIONER VON CLARK DAVIS'S APPLICATION FOR DISQUALIFICATION OF BUTLER COUNTY COMMON PLEAS COURT JUDGE DANIEL ANDREW NASTOFF FILED Attorney: GATTERDAM, KORT (0040434) (FILED JAN 10, 2012 CLERK OF COURT SUPREME COURT OF OHIO CASE # 12AP004) | $0.00 | Image |
| 01/13/2012 | AFFIDAVIT OF KORT GATTERDAM FILED | $0.00 | Image |
| 02/22/2012 | JUDGMENT ENTRY FILED | $10.00 | Image |
| 11/26/2012 | ENTRY AND ORDER DISMISSING PETITION FOR POSTCONVICTION RELIEF AND DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY (FINAL APPEALABLE ORDER) FILED | $36.00 | Image |
| 12/18/2012 | NOTICE OF APPEAL CA 2012 12 0258 FILED | $0.00 | Image |
| 07/03/2013 | Issue Date: 07/03/2013<br>Service: COPY BY CERTIFIED MAIL<br>Method: SERVICE BY CERTIFIED MAIL<br>Cost Per: $   8.00<br><br>SUPREME COURT OF OHIO<br>CLERK OF COURTS<br>STEVE KAHLER, RECORDS SPECIALIST<br>65 SOUTH FRONT ST 8TH FLOOR<br>COLUMBUS, OH  43215<br>Tracking No: L000305186 | $8.00 | |
| 07/03/2013 | COPY BY CERTIFIED MAIL ISSUED.<br>COPY ISSUED BY CERTIFIED MAIL | $0.00 | Image |

3/23/2015                                    CourtView Justice Solutions

Sent on: 07/03/2013 08:54:03.42

| | | | |
|---|---|---|---|
| 07/12/2013 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method    : SERVICE BY CERTIFIED MAIL<br>Issued    : 07/03/2013<br>Service   : COPY BY CERTIFIED MAIL<br>Served    : 07/08/2013<br>Return    : 07/12/2013<br>On        : SUPREME COURT OF OHIO<br>Signed By : SUPREME COURT OF OHIO<br><br>Reason    : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment   :<br><br>Tracking # : L000305186 | $0.00 | Image |
| 07/22/2013 | NOTICE- SENT FILINGS FROM 10-21-11 TO PRESENT INTEROFFICE TO COURT OF APPEALS (PER JUDY) | $0.00 | |
| 09/09/2013 | MANDATE filed, forwarded to C.A.fileroom clerk > 12thDistrict AppealsCourt CA# : CA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 | $35.00 | Image |
| 07/14/2014 | JUDGMENT ENTRY FROM SUPREME COURT AFFIRMING FILED | $2.00 | Image |

CR83 12 0614

No. 83-CRA-3___ nd
    83-CR-A-3

THE MUNICIPAL __RT )F HAMILTON, OHIO

THE STATE OF OHIO

vs.

Von Clark Davis

Forest Park, Ohio

Witness Fees

Det. R. Wells, HPD

Anthony Gale Ferguson

Mona Aldridge

Dr. R. Burkhardt
Co. Coroner's Office

Mike Shanks, Atty.

Defendant was arrested and affidavit filed on the
12th day of December , 19 83 , on the oath
and complaint of ___ Det. R. Wells, H.P.D.

charging the said defendant _____
        Von Clark Davis        IMAGED

that he, xshexxxthey, at the City of Hamilton, in the
County of Butler and State of Ohio, on or about the
12th day of December , 19 83 , did
purposely with prior calculation and design cause
the death of Suzette Butler by shooting her with a
25 caliber pistol,
Vio. Sec. 2903.01 R.C. - Chg: AGGRAVATED MURDER
and on or about the 12th day of December, 1983,
did knowingly acquire, have, carry or use a firearm
after having been convicted of a Felony of
Violence, to-wit: a .25 caliber pistol,
Vio. Sec. 2923.13 A 2 RC Chg: HAVING WEAPONS WHILE
UNDER DISABILITY

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

DEC 2 2 1983

EDWARD S. ROBB, JR.
            CLERK

and on the 21st day of December , 19 83 ,
defendant waived xan examination / had a preliminary
hearing before the Judge of the Municipal Court of
Hamilton, Ohio, who ordered and required of said
defendant          Von Clark Davis

that he, shexxthey furnish bail for his, herxxtheirxxx
personal appearance at the Common Pleas Court of
Butler County, Ohio, at a proper time, there to a-
bide the judgement of the Court, and not to depart
without leave, in the sum of _____
        NO BOND                  Dollars, or stand
committed.
            Dec. 21, 1983                   COMMITTED
                                            BAIL GIVEN

THE STATE OF OHIO, BUTLER COUNTY, SS.
    I,  Mark Conese          Act/, Clerk of the
Municipal Court of Hamilton, Ohio, do hereby certify
that the foregoing is a true transcript of the pro-
ceedings had before said Court.
    Given under my hand and the seal of said Court
this  21st  day of  December          , 19 83 .

    Mark Conese
Act/Clerk of the Municipal Court of Hamilton, Ohio

    By  Thelma Goldrick
                                            Deputy

CR83 12 0614

STATE OF OHIO             *        Case No.    83-CRA-3539
                                                      83-CRA-3565

      Plaintiff            *       IN THE HAMILTON MUNICIPAL COURT

Vs                       HAMILTON, OHIO

     Von Clark Davis

      Defendant                          ENTRY

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

DEC 2 2 1983

EDWARD S. ROBB, JR.
CLERK
*****************

IMAGED

/__/    Upon application of the defendant and for good cause shown, the
        defendant shall be released upon the execution of his own personal
        recognizance.

/__/    Upon application of the defendant and for good cause shown, the
        defendant shall be released upon the execution of an unsecured
        appearance bond in the sum of _____ dollars.

/ X /    Execute a bail bond in the sum of NO BOND _____ dollars
        secured by real estate in the county, or the deposit of cash or the
        securities allowed by law in lieu thereof.

                                     **ENTER**

                                Bert C. Imfeld

                    Act/    **JUDGE**

                       By: Thelma Goldrick    Deputy Clerk

2         J 373 P 430

# COST BILL. Criminal

CR83 12 0614

83 CR-A-3565

Case No. 83 CR-A-3539 Hamilton Municipal Court, Hamilton, Ohio

Dec. 31, 1983

State of Ohio
vs.
Von Clark Davis

Doc. No. ___ Page ___
Offense: Having Weapons Under
Disability - 2923.13 A 2 R.C.
Aggravated Murder
2903.01 R.C.

To the Clerk of the Hamilton Municipal Court of said County, for services rendered, and costs in the above entitled cause, as follows:

| CLERK'S FEES. Rev. Code, Sec. 2303.20 | Dolls. Cts. | BAILIFF—POLICE FEES Rev. Code, Sec. 311.17 | Dolls. Cts. |
|---|---|---|---|
| A For Each Cause which shall include: | 30 00 | 1 Warrant to Arrest persons named in the writ, each 2.00 | 2 00 |
| (1) Docketing in appearance docket; | | a Mileage Miles, per mile .10 | 20 |
| (2) Filing necessary documents, noting the filing of such documents, except subpoena, on appearance docket; | | 2 Copy of Indictment defendants, each 1.00 | 1 00 |
| (3) Issuing certificate of deposit in foreign suits; | | a Mileage Miles, per mile .10 | 10 |
| (4) Certificate of opening deposition; | | 3 Order of for the first name 1.00 | |
| (5) Entering cause on trial docket; | | " additional name , each .50 | |
| (6) Entering cause on motion docket; | | b Mileage Miles, per mile .10 | |
| (7) Indexing pending suits; | | 4 Summons, for first name 1.00 | |
| (8) Indexing living judgments; | | " additional name , each .50 | |
| (9) Noting on appearance docket all papers mailed; | | b Mileage Miles, per mile .10 | |
| (10) Certificate for attorney's fees; | | 5 Subpoena, persons named in the writ, each .50 | |
| (11) Certificate for stenographer's fees; | | a Mileage Miles, per mile .10 | |
| (12) Preparing cost bill; | | 6 Taking bail bond .50 | |
| (13) Entering on indictment any plea; | | 7 Administering oath to appraisers, each .20 | |
| (14) Certifying on Penitentiary Cost Bill that execution was issued; | | 8 Furnishing copies for advertisements, pages, per 100 words .25 | |
| (15) Entering cost on docket and cash book; | | 9 Venire, persons named in writ, each .50 | |
| B Taking undertaking, bonds or recognizances, each .50 | | a Mileage Miles, per mile .10 | |
| C Issuing writs, orders, or notices, except subpoena, each .75 | | 10 Summoning juror, other than on venire, each .50 | |
| D Issuing subpoena 3 names, swearing witnesses, entering attendance and certifying fees, each name .40 | 3 00 | a Mileage Miles, per mile .10 | |
| E Calling jury 6.00 | | 11 Calling Action .50 | 50 |
| F Entering on Journal, indexing and posting on appearance docket double spaced eight and one-half by thirteen inch pages, or fractions thereof, each .65 | | 12 Calling Jury .50 | |
| G Copies of pleadings, process, record or files, including certificate and seal double spaced eight and one-half by thirteen inch pages or fractions thereof, each .75 | | 13 Calling Witnesses, each .50 | |
| H Execution or transcript of judgment, including indexing, ea. .75 | 2 00 | 14 Jail Fees for receiving, discharging, or surrendering prisoner, each 1.00 | 1 00 |
| I Making complete record, including indexing, eight and one-half by thirteen inch pages or fraction thereof, each .75 | | 15 Taking prisoner before a judge or court, day , per day 1.20 | 1 50 |
| M Certificate of fact under seal of Court, to be paid by the party demanding same, each 1.00 | | 16 Bringing prisoner before court on habeas corpus 2.00 | |
| N Taking Affidavits, including certificate and seal, ea. 1.00 | 2 00 | | |
| V Docketing and indexing appeals, including the filing and noting of all necessary documents, each 7.50 | | Attorney's Fees | |
| | | Stenographer's Fees | |
| | | Extradition Costs | |
| Total Fees for Clerk | 37 40 | TOTAL COSTS | 6 30 |

FILED In Common Pleas Court
BUTLER COUNTY, OHIO
DEC 2 2 1983
EDWARD S. ROBB, JR.
CLERK

83CRA3539
No. 83CRA-3565

Crim. Doc. ............ Page ............

Hamilton Municipal Court,
Hamilton , Ohio

State of Ohio
vs.
Von Clark Davis

## COST BILL
### CRIMINAL CASE

Filed Dec. 31 19 83

Mark Conese
act Clerk

By Thelma Goldrick
Deputy Clerk

IMAGED

83-CRA-3565 and
No. 83-CRA-3539

## CRIMINAL TRANSCRIPT

### TO

### COURT OF COMMON PLEAS
### OF BUTLER COUNTY, OHIO

## THE STATE OF OHIO

### vs.

Von Clark Davis

███ ████████████████

Forest Park, Ohio

Chg:   HAVING WEAPONS WHILE UNDER
         DISABILITY
         AGGRAVATED MURDER

Bond:   NO BOND
Atty:   Mike Shanks

VON CLARK DAVIS v WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 33

In The Court of Common Pleas of _____ Butler _____ County

IMAGED

State of Ohio,                        :
    Plaintiff,                    :        Notice to Supreme Court of
                                  :        Ohio of Filing of Indictment
    v.                            :        Charging Aggravated Murder
                                  :        with Specification(s) of
VON CLARK DAVIS _____               :        Aggravting Circumstances
    Defendant.                    :        [R.C. 2929.021(A)]
                                  :

FILED In Common Pleas Cou...
BUTLER COUNTY, OHIO

JAN 6 1984

EDWARD S. ROBB, JR.
CLERK

Name of defendant:        VON CLARK DAVIS

The court in which the case will be heard:

                    COURT OF COMMON PLEAS OF BUTLER COUNTY
                    HENRY J. BRUEWER, JUDGE PRESIDING

Case number(s):

                    CASE NO. CR83-12-0614

Date on which indictment was filed:

                    January 6, 1984

                    EDWARD S. ROBB, JR. _____
                    Clerk of Courts of _____ Butler _____ County
                    Date:  January 6, 1984

3

Clk. 300 A

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

# SUMMONS
### RULE 9 (B)



Court of Common Pleas, ........BUTLER........ County, Ohio

## THE STATE OF OHIO

*vs.*

Von Clark Davis
**Name**

Butler County Jail
**Address**

Hamilton, Ohio

Case No. CR 83-12-0614

**SUMMONS ON INDICTMENT**

................Indictment................

*To* ........THE SHERIFF OF BUTLER COUNTY........

*An indictment, a copy of which is attached hereto, has been filed in the*

................BUTLER................*County Court of Common Pleas charging*

Von Clark Davis
........................................................................*with*

Having Weapons While Under Disability     Section: 2923.13(A)(2)
Aggravated Murder With SPECIFICATION I AS TO COUNT # 1     Section
                SPECIFICATION II AS TO COUNT # 1   #2903.01(A)
*Describe the offense and state the numerical designation of the applicable statute.*

*You are commanded to summon* ....Von Clark Davis....,

*said defendant, to appear before said court at* Butler County Courthouse 3rd floor

*before* Hon. Wm. R. Stitsinger *on* January 13 *19* 84, *at* 8:30*o'clock* a. m.

*Said* Von Clark Davis *is hereby informed that* he/she *may be*

*arrested if* he/she *fails to appear at the time and place stated herein.*

*Special instructions to executing officer:*

*Given under my hand and the seal of said Court, this*

....6.... *day of* JANUARY ............ *A. D. 19* 84

Edward G. Robb for Robb
*Judge — Clerk — Deputy Clerk*

**COURT OF COMMON PLEAS**

................BUTLER................ *County, Ohio*
EDWARD P. ROBB, JR.

## RECEIPT OF SUMMONS BY EXECUTING AUTHORITY

*First receipt:*

*Received this Summons on*................, *19*......, *at*......*o'clock*......*m.*

................................................
*Officer*

*By* ................................................
*Title*

2

STATE OF OHIO                    :        CASE NO.   CR83-12-0614

        Plaintiff                :        STATE OF OHIO
                                          COUNTY OF BUTLER
VS.                              :         COURT OF COMMON PLEAS

 Von Clark Davis                 :        PROSECUTING ATTORNEY'S
                                          REQUEST FOR ISSUANCE OF
 % Butler County Jail            :        SUMMONS UPON INDICTMENT

 Hamilton, Ohio
                                 :

                                 :


TO THE CLERK:

 Von Clark Davis
_____ has been named a defendant in an
        Defendant
indictment filed by the Prosecuting Attorney.  Issue summons to an

appropriate officer and direct him to make personal service upon

defendant at the address stated in the caption of this request.

SPECIAL INSTRUCTIONS FOR SERVER:

Defendant is to appear for hearing on ____January 13, 1983____

at 9:00 a.m. before Judge __William R. Stitsinger__ on the third

floor of the Butler County Courthouse.


                                        _____
                                        JOHN F. HOLCOMB
                                        PROSECUTING ATTORNEY
                                        BUTLER COUNTY, OHIO

**RETURN**

RECEIVED
CIVIL DIVISION

Received this writ on the _____ day of _____, 19_____, at _____

o'clock _____.M., and on the _____ 84 JAN 6 ᵖ⁰ᶠ 1 : 15 _____, 19_____, I served the

same on the within named by _____

SHERIFF
BUTLER COUNTY OHIO
ROBERT R. WALTON SR.

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

IMAGED

JAN 9 1984

EDWARD S. ROBB, JR.
CLERK

**RETURN OF SERVICE OF SUMMONS (PERSONAL)**

| Fees | |
|---|---|
| Service $ 2.00 | I received this summons on _____ Jan 6 , 19 84, |
| Mileage .45 | at 1:15 o'clock P.M. and made personal service of it upon _____ |
| Total $ 2.65 | Von Clark Davis |
| Date: 1/9/84 | by locating him-them and tendering a copy of summons and accompanying documents, on _____ Jan 6 , 19 84. |

_____
Sheriff, Bailiff, Process Server

By _____
Deputy

**RETURN OF SERVICE OF SUMMONS (RESIDENCE)**

| Fees | |
|---|---|
| Service $_____ | I received this summons on _____ 19____, |
| Mileage _____ | at _____ o'clock _____.M., and made residence service of it upon defendant(s) |
| Total $_____ | _____ |
| Date: _____ | by leaving, at his-their usual place of residence with _____ |

a person of suitable age and discretion then residing therein, a copy of the summons, a copy of the complaint and accompanying documents, on _____

_____, 19____.

_____
Sheriff, Bailiff, Process Server

By _____
Deputy

**RETURN OF SERVICE OF SUMMONS (FAILURE OF SERVICE)**

| Fees | |
|---|---|
| Service $_____ | I received this summons on _____ 19____, |
| Mileage _____ | at _____ o'clock _____.M., with instructions to make personal-residence service |
| Total $_____ | upon the defendant(s) _____ |
| Date: _____ | and I was unable to serve a copy of the summons upon him-them for the following reasons: _____ |

_____

_____

_____
Sheriff, Bailiff, Process Server

By _____
Deputy

Clk. 279-F74

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

# INDICTMENT

Crim. Rule 6, 7

IMAGED

### THE STATE OF OHIO

................Butler...................County, ss.

### COURT OF COMMON PLEAS

Of the Term ..January... in the year one thousand nine hundred and .....Eighty-four..

*THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the*

*body of the County aforesaid, on their oaths, in the name and by the authority of*

*the State of Ohio, do find and present that on or about the ..............12th.......... day*

*of ......December.........19 83......, at ...........Butler County..................................., Ohio,*

.................................VON CLARK DAVIS................................. did

\*

### COUNT ONE

purposely, and with prior calculation and design, cause the death of Suzette
Butler, in violation of Ohio Revised Code, Title AGGRAVATED MURDER, Section
2903.01(A), and against the peace and dignity of the State of Ohio.

SPECIFICATION I. The Grand Jurors further find and specify that prior to the
offense at bar in Count One of this Indictment, the said VON CLARK DAVIS was
convicted of Murder in the Second Degree, contrary to Section 2901.05 of the
Ohio Revised Code on April 20, 1971, in the Court of Common Pleas of Butler
County, Ohio, Case No. 21655, an essential element of which was the purposeful
killing of another as specified in Section 2929.04(A)(5) of the Ohio Revised Code.

SPECIFICATION II. The Grand Jurors further find and specify that VON CLARK DAVIS
had a firearm on or about his person or under his control while committing the
offense at bar in Count One of this Indictment, as specified in Section 2929.71
of the Ohio Revised Code.

### COUNT TWO

On or about the 12th day of December, 1983, and at Butler County, Ohio, VON
CLARK DAVIS did knowingly acquire, have, carry or use a firearm, to wit:  a
25 caliber pistol, the said VON CLARK DAVIS having previously been convicted
of felonies of violence, to wit:  Shooting with Intent to Wound contrary to
Section 2901.23 of the Ohio Revised Code on April 10, 1970, in Case No. 20938,
Common Pleas Court of Butler County, Ohio, and Murder in the Second Degree
contrary to Section 2901.05 of the Ohio Revised Code on April 20, 1971, in
Case No. 21655, Common Pleas Court of Butler County, Ohio, and the said VON
CLARK DAVIS was not relieved from such disability as provided in Section 2923.14
of the Ohio Revised Code, which offense is a felony of the fourth degree,

HAVING WEAPONS WHILE UNDER
*in violation of the Ohio Revised Code, Title* DISABILITY.......... *Section* ..2923.13(A)(2)
*and against the peace and dignity of the State of Ohio.*

JOHN F. HOLCOMB

*Prosecuting Attorney*

Daniel G. Eichel

*Asst. Prosecuting Attorney*

\*Set forth the offense in any words sufficient to give the defendant notice of all elements of the offense, or otherwise in
proper form pursuant to Criminal Rule 7 (B).



No. ..... CR83-12-0614 ......

Jan. Session Jan. .... Term, 1984

**COMMON PLEAS COURT**

Butler .................... County, O.

**THE STATE OF OHIO**

vs.

VON CLARK DAVIS

Indictment for .................................

AGGRAVATED MURDER .....................

HAVING WEAPONS WHILE UNDER DISABILITY

A TRUE BILL

Foreman Grand Jury

This Bill of Indictment found upon testimony sworn
and sent before the Grand Jury at the request of the
Prosecuting Attorney.

Filed .................................., 19 ....

Filed ......... JAN 6 1994 .... 19 ....

By ......................................

On this ..... 14 ..... day of
the within named, ..... January ..... 1984

..... Von Clark Davis .....

Defendant arraigned, and pleads
..... not ..... guilty to this indictment.

S. Edward S. Robb Jr.
Clerk

By ......... Deputy

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

JAN 1 3 1984

EDWARD S. ROBB JR.
CLERK

*This signature not necessary in a FELONY,
Liquor case, nor if the prosecuting witness has become
security for costs.

---

The State of Ohio,            BUTLER            County.

I, the undersigned, Clerk of the Court of Common Pleas in and for said County,
do hereby certify that the foregoing is a full, true and correct copy of the original
indictment, with the endorsements thereon, now on file in my office.

WITNESS my hand and the seal of said Court, at
HAMILTON .................... Ohio, this ....................
.................... JANUARY .................... day of .................... 19 .. 84.

.................... Clerk

By .................... Deputy

1-17-84

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO                                    CASE NO. CR83-12-0614

Plaintiff    :

-vs-              JAN 6 1984      MOTION TO SEVER

VON CLARK DAVIS     EDWARD L. ROBB, JR.
                         CLERK
Defendant    :

: : : : : : : : : : : : : : : :

Now comes Defendant, Von Clark Davis, by and through his attorney, Michael D. Shanks, and pursuant to Criminal Rule 14 moves the Court for an order severing Count One in the Indictment filed in the present case from Count Two in the Indictment filed in the present case and for separate trials on each count.

Defendant says that trial together of Counts One and Counts Two will result in prejudice to Defendant because proof of Count Two requires testimony and evidence of a prior conviction of Defendant for murder in the second degree. Defendant states that would be highly prejudicial for the trier fact to fairly decide the allegations contained in Count One of the Indictment with the knowledge that Defendant has been convicted of a prior murder offense.

WHEREFORE, Defendant moves the Court for separate trials as to Count One and Count Two of the Indictment filed in the above captioned matter.

Respectfully submitted,

HOLBROCK, JONSON, BRESSLER & HOUSER
Attorneys for Defendant
315 South Monument Avenue
P. O. Box 687
Hamilton, Ohio  45012
Telephone:  868-7600

BY _____
Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

IMAGED

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was forwarded by ordinary U. S. Mail to Mr. John Holcomb, Prosecuting Attorney, Butler County Courthouse, Second Floor, Hamilton, Ohio this the 16th day of January, 1984.

BY _____
Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
215 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

1-17-84

COURT OF COMMON PLEAS          IMAGED

BUTLER COUNTY, OHIO

STATE OF OHIO          FILED in Common Pleas Court          CASE NO. CR83-12-0614
                       BUTLER COUNTY, OHIO
          Plaintiff          :

     -vs-          JAN 17 1984          MOTION FOR BILL OF PARTICULARS

VON CLARK DAVIS          EDWARD S. ROBB, JR.
                              CLERK
          Defendant          :

          : : : : : : : : : : : : : : :

     Now comes the Defendant, Von Clark Davis, by and through his
attorney, Michael D. Shanks, and respectfully moves the Court for
an order requiring the Prosecutor to provide him with a Bill of
Particulars setting out with particularity the following:

     1.   Each and every action or item of specific conduct of
Defendant related to or connected with the pending charges.

     2.   Each and every element of each offense Defendant is
alleged to have committed.

     3.   Further Defendant specifically requests statement with
particularity as to the times and places of the alleged offenses.

                         HOLBROCK, JONSON, BRESSLER & HOUSER
                         Attorneys for Defendant
                         315 South Monument Avenue
                         P. O. Box 687
                         Hamilton, Ohio  45012
                         Telephone:  868-7600


                         BY _____
                              Michael D. Shanks

               M E M O R A N D U M

     Ohio Rules of Criminal Procedure, Rule 7 (F).


                         BY _____
                              Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 43

IMAGED

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was forwarded by ordinary U. S. Mail to Mr. John Holcomb, Prosecuting Attorney, Butler County Courthouse, Second Floor, Hamilton, Ohio this the 16th day of January, 1984.

BY _____

Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

-17-84

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO                                          CASE NO. CR83-12-0614

        Plaintiff

  -vs-                           JAN 17 1984        MOTION FOR CHANGE OF VENUE

VON CLARK DAVIS

        Defendant

     : : : : : : : : : : : : : : :

    Now comes Defendant, Von Clark Davis, by and through his

attorney, Michael D. Shanks, and moves the Court for an order

changing venue in the above-captioned case for trial purposes,

pursuant to Rule 18 of Ohio Rules of Criminal Procedure, upon

the grounds that a fair and impartial trial cannot be held in

this county due to extensive pretrial publicity.

                         HOLBROCK, JONSON, BRESSLER & HOUSER
                         Attorneys for Defendant
                         315 South Monument Avenue
                         P. O. Box 687
                         Hamilton, Ohio  45012
                         Telephone:  868-7600

                  BY _____
                      Michael D. Shanks

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Motion for

Change of Venue was forwarded by ordinary U. S. Mail to Mr. John

Holcomb, Prosecuting Attorney, Butler County Courthouse, Second

Floor, Hamilton, Ohio this the 16th day of January, 1984.

                  BY _____
                      Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

1-17-84

MAGED

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO                    :        CASE NO. CR83-12-0614

                    Plaintiff    FILED In Common Pleas Court
                                 BUTLER COUNTY, OHIO

    -vs-                         JAN 17 1984        MOTION TO VIEW THE SCENE

VON CLARK DAVIS                  :

                    Defendant    EDWARD S. ROBB, JR.
                                 CLERK

        : : : : : : : : : : : : : : : :

    Now comes the Defendant, Von Clark Davis, by and through his

attorney, Michael D. Shanks, and moves this Court for an order

allowing a view by the Jury of the scene of the alleged murder

at 727 Central Avenue, Hamilton, Ohio.

                                HOLBROCK, JONSON, BRESSLER & HOUSER
                                Attorneys for Defendant
                                315 South Monument Avenue
                                P. O. Box 687
                                Hamilton, Ohio  45012
                                Telephone:  868-7600

                                BY   Michael D. Shanks
                                     Michael D. Shanks

                N O T I C E

    You are hereby notified that the above-captioned Motion will

be heard on  February 15   ,  1984 at  9:00 A.m.   in the Butler

County Common Pleas Court, Hamilton, Ohio.

                                BY   Michael D. Shanks
                                     Michael D. Shanks

                CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Motion was

forwarded by ordinary U. S. Mail to Mr. John Holcomb, Prosecuting

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 46

Attorney, But__r County Courthouse, Secon_ Floor, Hamilton, Ohio this the 17th day of January, 1984.

BY ___Michael D. Shanks___
   Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

*1-17-84*

COURT OF COMMON PLEAS           IMAGED

BUTLER COUNTY, OHIO

STATE OF OHIO                                    CASE NO. CR83-12-0614

Plaintiff       JAN 17 1984

-vs-                            :          MOTION TO DISMISS AND TO

VON CLARK DAVIS        EDWARD A. ROBB, JR.    INSPECT GRAND JURY
                              CLERK
Defendant      :                   TRANSCRIPT

: : : : : : : : : : : : : : : :

Now comes the Defendant, Von Clark Davis, and moves this
Court for an order allowing him to inspect the Grand Jury Transcript
and also to dismiss both Counts in the indictment against him on
the basis that there was no probable cause to return this indict-
ment, and that the indictment was founded on illegal and imcom-
petent evidence.

### MEMORANDUM IN SUPPORT OF MOTION

The memorandum in support of this motion will be in two
distinct parts. The first part will deal with whether or not
defendant should be allowed to inspect the minutes of the Grand
Jury, and secondly, whether an indictment may be founded wholly on
imcompetent testimony, illegally seized evidence, and hearsay
testimony.

The defendant has moved the Court for the transcript of the
Grand Jury proceedings. The defendant submits that these are
important:

A.   To support his motion to dismiss, and;

B.   That the traditional rules regarding secrecy of the
Grand Jury are obsolete, and are based on misconceptions

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK–JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

*12*

IMAGED

> of the common law, and that once an indictment is
> returned against the defendant there is no need to
> maintain the secrecy of the Grand Jury.

In order to further support this motion the Defendant would briefly relate the history of the Grand Jury.

Historians say that Henry II initiated the concept of the Grand Jury in 1166 as a sword of the Crown to gather information on the citizens, not to protect them from unfast prosecution. Henry II was said to have used the Grand Jury in order to wrest the power from the English Barrons. However, some time around the middle of the 14th Century the Grand Jury began to assert its independence, and serve its intended purpose of screening accusations and voting indictments. The Grand Jury met secretly, not to protect itself against the alleged defendants, or from any one that it may be investigating, but to avoid interference from the King. (See for example Stevens, A History of Criminal Law in England and also Holtzworth, A History of English Law).

Thus, while the Grand Jury at first was invoked to augment the power of the Crown by acting as a public prosecutor, which would ferret out crime, by 1368 this practice was diminishing and there emerged a new form of Grand Jury, one which adopted the custom of hiding its presence from the Crown so as to protect itself from the abuses of the Crown.

The real independence of the Grand Jury became firmly established in the famous Earl of Shaftsbury trial, 8 Howe State Trial, 759, which took place in 1681. In that case the King's counsel had insisted that the Grand Jury hear in open court

HOLBROCK, JONSON
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

testimony of evidence in certain treason charges brought against
the Earl of Shaftsbury. Following the hearing the Grand Jurors
seemed the State and the Crown, as represented by its prosecutors,
were interested only in defaming and intimidating the Earl who
had fallen in disfavor, demanded and were granted the right to
interview witnesses in private. After hearing the witnesses in
private, where they were not subject to retribution by the
Crown for failing to testify properly, the Grand Jury returned
a bill with the word "ignoramus" written across the front, which
meant ignored. Thus, the Grand Jury exercised its conscience
without interference of the Crown.

However, a second Grand Jury was then convened by the Crown
in another location resulting in the indictment of the Earl of
Shaftsbury who was forced to flee to Holland. The co-defendant
indicted with him was convicted and executed. (See Marvin E.
Frankel and Gary P. Naftalis, The Grand Jury, An Institution on
Trial).

After the King's blatant disregard of the first Grand Jury
certain reforms were demanded and were instituted, and from this
evolved the procedure of receiving testimony in private, outside
the presence of both the Prosecutor and the Defendant. This was
the instituion which was transplanted in America before the
framing of the Constitution, in fact John Peter Zenger, a New York
journalist was nearly a victim of Grand Jury abuse in 1743 when the
Governor of New York attempted to have him indicted on charges of
criminal liable for publishing a series of articles of which the
Governor and refused to indite Zenger. This was the background

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S MONUMENT AVENUE
P. O. 987
HAMILTON, OHIO 45012

IMAGED

which the framers of the Constitution considered when they
established the Grand Jury in the Constitution. Indeed at the
time of establishing the Constituion the common law concept of
of secrecy was imparted to the American system of Juris Prudence
out of a need to protect the Grand Jurors and private citizens,
not from Defendants who may be indicted, or from those who may
be under investigation, but from the oppression of the State. The
Grand Jury at that time was never intended to aid the prosecution
in its discovery of facts, or to protect the prosecutor's cases
from disclosure. These functions seemed to evolve later. In
the 19th century, as governmental influence became less open and
more subtle, a prosecutor, both here and in England, was permitted
to be present during the taking of testimony in order that he might
assist the jury in drawing up the form of the indictment. However,
he was there merely to assist the jury and did not himself present
the testimony. (See 8 Wigmore, Evidence, Section 2360). It is
around this time that the four alleged reasons for Grand Jury
secrecy developed. These reasons are:

1. The Grand Juries must be free from apprehension that
their votes and opinions might be disclosed.

2. That witnesses and complainants summoned should be free
from apprehension that their testimony may subsequently
be disclosed by compulsion so that the State could secure
willing witnesses.

3. That a guilty accused would not flee from arrest,
suborn perjury, or tamper with the witnesses of the
Grand Jury.

HOLBROCK, JONSON, BRESSLER & HOUSER ATTORNEYS AT LAW HOLBROCK-JONSON BUILDING 315 S. MONUMENT AVENUE P.O. 987 HAMILTON, OHIO 45012

IMAGED

    4.   That an innocent accused who is not indicated should
        not be discredited in the community.

These reasons are unimportant after an indictment because first
the Defendant in this case does not seek discussions, opinions
and votes of the Grand Jurors.  These should remain secret.

    Secondly, the witnesses have already testified and can
certainly have no fear that their testimony should be disclosed
now since they knew or should have known at the time they
testified in front of the Grand Jury that whatever they said
which was detrimental to the Defendant, if he were indicted,
would certainly be used against him at trial.

    In addition, if there is any fear that the Defendant would
intimidate any of the witnesses who appeared, the Prosecutor
could certainly seek a protective order prohibiting this
particular evidence from being disclosed, this reason does not
call for a wholesale refusal to disclose the Grand Jury minutes.

    Once the accused has been indicted, arraigned, and made
bond, there is not fear that he would flee from arrest, and
certainly since the Grand Jury has already heard the testimony it
would be impossible for him now to suborn perjury or to tamper
with the witnesses of the Grand Jury.

    Finally, since the accused in this case had already been
indicted, the disclosure of what transpired during the Grand
Jury would not cause him to suffer any loss of standing among
the community.

    It is interesting to note that Rule 6 of the Federal Rules
of Criminal Procedure on Grand Jury secrecy does not demand secrecy

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 667
HAMILTON, OHIO 45012

MAG

of the witnesses before the Grand Jury, but only prevents the Grand Jurors themselves as well as any stenographer or prosecutor who may be present from disclosing what went on before the Grand Jury. The witnesses are not sworn to secrecy, and they could disclose their testimony at any time. Also, if the witnesses are subpoenaed to appear before the Grand Jury their names would certainly appear on the record, and this in effect would tell the Defendant who the witnesses were who were testifying before the Grand Jury.

The sixth Circuit, speaking on the secrecy of the Grand Jury, has stated in Schmidt v. United States, 115 F (2d) 394,:

> ". . . It is a serious thing for any man to be indicted for an infamous crime, whether innocent or guilty. He cannot escape the ignominy of the accusation, the damages of perjury and error of trial the tortuous suspense of imprisonment or the burdens of a tempting invitation to the malicious, the ambitious and the reckless to try to use it to benefit themselves and their friends, and to punish their enemies. Malicious, ambitious or over zealous men either in or out of office, may with impunity pursuade grand juries, without any legal evidence, either by hearsay testimony, undue influence or worse means to indict whom they will, and there is no way in which the courts may annul such illegal accusations, the grand jury, instead of that protection of 'the citizen against the unfounded accusation, whether it comes from the government, or be prompted by partisan passion, or private emnity,' which it was primarily designed to provide, may become an engine of oppression and a mockery of justice . . ."

It should also be noted that the prosecution has no hesitancy in disclosing Grand Jury Testimony when it is necessary to impeach one of their own witnesses who deviates from the story which he told the Grand Jury.

Furthermore, under the Jencks Act, 18 US C, Section 3500,

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK—JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

the Defendant is entitled to the Grand Jury testimony of a government trial witness without any preliminary inspection for usefulness by a trial judge. (See also United States v. Ramirez, 482 F (2d) 807, 1973 CA2). However, Grand Jury proceedings were not always barred from merely the Defendant. As recent as a century ago the State as well as the Defendant was barred from invading the secrecy of the Grand Jury. In a series of cases taking place around 100 years ago the prosecutors of the federal system and various states set forth the very reasons now urged on behalf of the defendants as grounds for lifting the bar of secrecy, once the accused is in custody.

In the case of Bressler v. People, 117 Ill. 422, 8 NE 62, the Illinois Court in 1866 stated:

> ". . . When the indictment is returned and the Defendant is arrested and placed upon trial, neither statutory nor common law reasons for secrecy can apply. There can be no reason then why evidence given before a grand jury should not be made known and proved at the end if justice require it. A contrary course would tend to defeat instead of promote justice, and is directly in opposition to the tendancy of that principle which is to enlarge rather than to contract the source of evidence . . ."

It should be noted that this citation does not come from a case where the Defendant successfully urged the secrecy of the Grand Jury be lifted, but rather came from one in which the prosecution urged that that secrecy of the Grand Jury must be lifted so that it could further the ends of justice, and convict the Defendant.

However, in Federal Rule of Criminal Procedure 6 now allows the dissimination routinely of such information for use by the prosecutor and other government agencies seeking to further the ends of justice by convicting the defendant. What is there

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK- JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

IMAGED

inherent in the Grand Jury testimony that requires the disclosure only when it would convict the Defendant, instead of when it would help him prove his innocence? Is this the only way in which the Grand Jury testimony can further the ends of justice?

Federal Courts have long recognized that once the Grand Jury is discharged the reasons for secrecy end. Indeed the Southern District Court of Ohio held in Grand Jury Summoned October 12, 1970, 321 F. Supp. 238, that the secrecy of the Grand Jury proceedings may not be imposed upon witnesses who appear before the Grand Jury, that they may be interviewed after their appearance, and repeat what they said before the Grand Jury or otherwise relate their knowledge of the subject of the inquiry.

Indeed, Federal Courts have long held that the reason for secrecy in preventing flight of an accused ceases when an indictment is returned and the accused is arrested. (See for example RE: Report and Recommendation of June 5, 1972 Grand Jury, 370 F. Supp. 1219, 1974 District of Columbia). Likewise, prevention of perjury and the possibility importuning of perjury also end when the Grand Jury is discharged. Indeed, if there is any reason at all left for secrecy of the Grand Jury it is to protect the witness who may be testifying before the Grand Jury on the promise that his testimony will not be made public to the Defendant. If such a witness so testified before the Grand Jury the prosecution can seek a protective order which a Court can no doubt grant. However, this reason alone is no reason for wholesale secrecy of the transcripts of the Grand

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S MONUMENT AVENUE
P. O. 587
HAMILTON, OHIO 45012

Jury.

However, one hundred years ago the Prosecutor received the benefit of using the Grand Jury testimony whenever he feels it is necessary. Some Courts are allowing the Defendants to do the same. We are thus now at the point where the prosecution may waive the secrecy of the Grand Jury when necessary, and the witness may waive the secrecy of the Grand Jury, and the only person against whom secrecy is enforced is the Defendant.

Some states have allowed the Defendant the right to use Grand Jury testimony by virtue of a statute. These states are Iowa, California, Kentucky, Minnesota and Vermont. It should be noted that there are no reports anywhere that defense counsel can find in which allowing the use of the Grand Jury testimony by these states has resulted in the death of large numbers of witnesses or Grand Jurors. In fact, it seems that this disclosure has had little effect other than to protect the rights of the defendant.

For example, California has since 1972, required that when an indictment is filed the transcript of the Grand Jury must be filed with the indictment and supplied to the defendant. The present California statute, which is California Penal Code, Section 938.01 provides in part:

". . .Where the indictment has been found on an accusation presented against the defendant, such stenographic reporter shall certify and file with the County Clerk, an original transcript of the shorthand notes, and a copy thereof, and as many additional copies as there are defendants. The County Clerk shall deliver the original of the transcript so filed with him to the district attorney immediately upon his receipt thereof, shall return one copy for use only by the judges, and proceedings relating to the indictment or accusation, and shall deliver a copy of such transcript to each defendant or his attorney . . ."

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

IMAGED

Likewise, Michigan has developed a rule which requires disclosure of Grand Jury testimony prior to trial. In the case of People vs. Dunc, 201 NW (2d) 629, the Supreme Court of Michigan held:

> ". . . A person accused of a crime by any Grand Jury has the right to the trasnscript of his testimomy and such parts of the record, including the testimony of other witnesses before the Grand Jury, touching on the issue of his guilt or innocence of the crime charged, and to obtain it he must petition the Circuit Court of the county wherein the Grand Jury was impaneled . . ."

This case was based upon Rule GCR, 1963.787, Discovery of Grand Jury Proceedings. The Rule was adopted after the Supreme Court of Michigan held in the case of People vs. Bellanca, 194 NW (2d) 863, that:

> ". . .A person accused of a crime by any Grand Jury has a right to a transcript of his testimony and such parts of the record, including the testimony of the witnesses before the Grand Jury, touching on the issue of his guilt or innocence of the crime charged . . ."

A Federal District Court in Wisconsin has a rule requiring disclosure twenty-four hours before trial of the testimony of the witnesses before the Grand Jury. (See U.S. vs. Papice 399 F. Supp. 1381 and U.S. vs. Rogers, 329 F. Supp. 327). The Court in those cases reasoned that it had the inherent discretion to do so, that fundamental fairness required such disclosure to that the defense could properly prepare the cross-examination of these witnesses and also to save the Court's time. The Court also noted that the United States Supreme Court had, in the case of U.S. v. Dennis, 384 US 855, stated:

> ". . . An in camera inspection was not looked upon with favor since impeachment and trial strategy depend upon an advocate and not the Judge . . ."

HOLBROOK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROOK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 667
HAMILTON, OHIO 45012

IMAGES

In 1936, in the case of State v. Dewell, 1967 S. 687 the Supreme Court of Florida ruled that testimony of a witness before a Grand Jury was not a confidential communication, and may be disclosed to the Trial Jury when necessary, and that the Defense could impeach a state witness testifying before the Trial Jury by subpoenaing a member of the Grand Jury and showing that the testimony of the witness before the Grand Jury did not correspond with his testimony at trial. The Supreme Court further held that a Trial Court would be further compelled by a mandamus to direct a court reporter taking the notes of the testimony before the Grand Jury who had been summoned by subpoena duces tecum to deliver the transcribed testimony to defense counsel for use in cross-examination. The Court stated:

> ". . .While it is the policy of the law to require the utmost secrecy as to Grand Jury proceedings while the Grand Jury is in session, the purpose of the policy of the law is hardly accomplished after an indictment or presentment has been found and published, custody of the indicted accused had, and the Grand Jury finally discharged. The rule of secrecy concerning matters transpiring in the Grand Jury room is not designed for the protection of witnesses before the Grand Jury, but for that of the Grand Jurors, and the furtherance of public justice. A witness before the Grand Jury has no privilege of having his testimony there treated as confidential communication, but must be considered testifying before the Grand Jury under all the obligations of an oath in a judicial proceeding . . ."

In 1966 the Supreme Court of Nevada, in the case of Shelby v. The

Sixth Judicial District Court, 414 P (2d) 942 held:

> ". . . The secrecy provisions of the Nevada Statute were directed to Grand Jury members, rather than to witnesses appearing before the Grand Jury, and that the secrecy of the Grand Jury proceedings was not a valid reason for the denying of a pre-trial examination of the

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S MONUMENT AVENUE
P. O 687
HAMILTON, OHIO 45012

transcript of the testimony after an indictment
was returned and the accused is in custody, or
under restraint . . ."

The Court further held that:

". . . A transcript should be made to preserve testimony
and evidence presented to the Grand Jury to preserve
the testimony and evidence presented to the Grand Jury
and that the rule of secrecy is certainly not absolute . . ."

In that case the petitioner filed a motion in a district court to
allow him to inspect the transcript of testimony of the witnesses
before the Grand Jury, he advanced three reasons:

1.   To determine if the requisite standard of proof had been

     met to justify the return of an indictment.

2.   To determine if the indictment had been brought on legally

     admissible evidence.

3.   To use the transcript for discovery and preparation for

     trial.

The Supreme Court of Nevada stated as to ground one:

". . . It is fundamentally unfair to require one to stand
trial unless he was committed upon a criminal charge with
reasonable or probable cause. No one would suggest that
an accused person should be tried for a public offense if
there exists no reasonable or probable cause for trial.
Our constituion and statutes recognize this as a principal
of fairness and provide for its protection by a writ of
habeas corpus. . ."

The Court then stated that generally a preliminary hearing is used
to determine whether or not there was probable cause but where a
Grand Jury presentment and indictment were made, without a
preliminary hearing, the burden was on the prosecution to show
that reasonable and probable cause to hold the accused for trial
existed, and that this showing required a transcript of the
testimony of the witnesses, and that if such showing could not

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

MAGED

be made a writ of habeas corpus should legally be granted. The

Court then reviewed the reasons for secrecy of the Grand Jury and

stated that once an indictment is returned there was no further

need for secrecy. The Court stated:

> ". . . It seems to us that secrecy is not a valid reason
> for denying a pre-trial examination of the transcript
> of the testimony, after the indictment is returned
> and the accused is in custody or under restraint . . ."

The Court then noted that this was the rule in many other

jurisdictions stating:

> ". . .California, Kentucky, Minnesota, Florida and New
> York to a limited degree allow such pre-trial examinations
> by statute. Other states have done so by judicial
> decision . . ."

In the same year, after the Nevada Supreme Court made this decision,

the United States Supreme Court decided the case of Dennis v. The

United States, 384 US 855. In this case the United States decided

that the defendants were allowed to obtain statements made by the

complaining witnesses at the Grand Jury since the Grand Jury

testimony was about seven years fresher than would be the trial

testimony, that the government conceeded that the importance of

preserving the secrecy of the Grand Jury, even if it was minimal,

that the trial testimony concerning details of alleged conver-

sations by the defendants, which was largely uncorroborated,

and that the witnesses were hostile to the Defendant, the Court

in commenting on the secrecy of the Grand Jury stated:

> ". . . In the American adversary system for determining
> guilt of innocence it is rarely justifiable for the
> prosecution to have exclusive access to a storehouse of
> relevant fact, and exceptions to this are justifiable
> only by the clearest and most compelling considerations . . ."

The Court then stated that this should not be done merely as an in

HOLBROCK, JONSON.
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

camera inspection by the Court of the witnesses' testimony since:

> ". . .In determining whether to allow the defense in a
> criminal prosecution to examine the Grand Jury testimony
> of government witnesses a trial judge should not be
> burden with the task or the responsibility of examining
> sometimes voluminous Grand Jury testimony in order to
> ascertain inconsistencies of the trial testimony . . ."

It should be noted that Congress has provided for the release of
Grand Jury testimony of those witnesses who testified at the trial
in the Jenks Act quoted above. While the Court in Dennis did not
go so far to say that in every case the defendant should be
supplied with Grand Jury testimony that questions was not presented
to the Court. However, the statements made by the Supreme Court
indicated that a broadening of the use of the Grand Jury transcripts
was necessary, and that the principle of secrecy was outmoded and
outdated.

The Supreme Court in that case also noted that the Second
Judicial Circuit had allowed full discovery of Grand Jury
testimony. (See United States v. Hernandes, 290 F (2d) 86, and
United States v. Giampa, 290 F (2d) 83).

A year later in U.S. v. Youngblood, 379 F (2d) 365, the Second
Circuit held that the government would be required to turn over
all Grand Jury transcripts of all witnesses who would testify
concerning material relevant to trial. The Court noted that the
transcripts were regularly taken stenographically and that there
was not good reason to deny them to the defendant for his use.

In the case of Arizona v. McCormic, 448 P (2d) 74, the Supreme
Court of Arizona, en banc, decided a case wherein a petitioner had
asked for the minutes of the Grand Jury including the empanelment
and examination of the qualifications so that he might file a

HOLBROCK, JONSON.
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

motion to quash. The trial court refused such inspection and the defendant went to trial and was convicted. The Court of Appeals affirmed stating that the petitioner showed no defect in the empanelment and the Supreme Court rejected this argument stating that the trial court's denying the petition his motion to investigate the impanelment of the Grand Jury made it impossible for the petitioner to comply with the Court's requirements that he produce evidence to support his motion to quash. The Court stated:

> ". . .Criminal defendants should be given the right
> to investigate the regularity of Grand Jury
> proceedings . . ."

The Court therefore held that the petitioner when filing a motion to quash should be able to see the Grand Jury minutes so that he would know whether or not he had grounds to quash.

In the case of United States v. Hughes, 413 F (2d) 1244, the United States Court of Appeals for the Fifth Circuit, in ruling upon a motion for discovery brought to it by mandamus to compel discovery, held:

> ". . . Grand Jury transcripts are documents within
> the discovery rule permitting the Court to allow
> the Defendant to inspect and copy books, papers,
> documents, tangible objects, building or places . . ."

In this case the defendant sought discovery of the Grand Jury transcripts under Federal Rule of Criminal Procedure 16 (B). The government opposed that demand and the Court of Appeals held that the Grand Jury transcripts were documents, and that the Court should order the prosecution to allow such discovery. The government argued that there was no showing of a particularized need. However, the Court stated that Rule 16 (B) made no mention of a

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

particularized need and that:

". . . Access to Grand Jury transcripts, like all
discovery in criminal cases traditionally has
been restricted, but there has been a growing
tendancy to limit secrecy after the Grand Jury
has completed its work to those cases where
secrecy serves legitimate policy considerations . . ."

The Court then continued:

". . .Factors arguing for secrecy do not necessitate
the restrictive construction of Rule 16 (B) urged by
the government.  The prevention of the accused's
arrest is not consideration for the pre-trial
discovery stage protection of individuals not indicted
is only a limited problem at pre-trial.  If no
indictment is returned there is no disclosure
necessary, and if some persons are indicted and
some are not, testimony concerning the persons
not indicted can be deleted, if not material to
preparation of the defense.  The dangers arising
from possible intimidation of witnesses have
been discussed in an earlier section of this opinion.
Discovery need not compromise a Grand Jury's deliber-
ative proceedings since deliverations and notes of
the Grand Jury, as opposed to testimony, may not
be material, and if material, may be subject to
protective orders where appropriate. . ."

The Court concluded by stating:

". . .In circumstances where nondisclosure serves
legitimate ends, the judge is allowed under
Rule 16 (B) to deny, restrict or defer discovery,
and the government is permitted to seek appro-
private restrictive orders, and only where secrecy
does not serve legitimate overriding purposes
is discovery of the Grand Jury transcript
mandated by these rules.  Moreoever in cases where
disclosure of the Grand Jury transcripts to the
defendant is appropriate discovery need not be a
one way street.  Rule 16 (C) authorizes the Court
to condition its discovery order in favor of the
defendant on the defendant's allowing the govern-
ment access to items material to the preparation
of the government's case . . ."

HOLBROCK, JONSON
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

Likewise in the case of Antrobus v. Indiana, 254 NE (2d)
873, the Supreme Court of Indiana stated that pre-trial statements,
including the Grand Jury statements made by a prosecution witness

MICED

to the police are discoverable, and should be turned over
directly to the defendant, unless the state alleges and proves
that there are no such statements under their control, or that
there is a necessity of keeping the contents of the statement
confidential.

In Parlapiano v. The District Court, 491 P (2d) 965, the
Supreme Court of Colorado, en banc, held:

> ". . .Unless the people show otherwise a Grand Jury
> testimony of a person who will testify at trial is
> presumed to be material for the preparation of the
> defense, and a request therefore is presumed to
> be reasonable . . ."

In commenting on the secrecy of the Grand Jury the Colorado Supreme
Court stated:

> ". . .Secrecy for secrecy's sake, should no longer
> be the rule in Colorado. Rather than maintenance
> of the law, secrecy around the Grand Jury testimony
> should be grounded upon a sound reason . . ."

The Supreme Court in Colorado further stated:

> ". . .In order that the defense counsel may properly
> prepare the defense they should have somewhat in
> advance of trial the Grand Jury testimony of all
> those witnesses who will be called to testify, and
> in the instant case we order that the people, not
> later than three (3) days prior to trial, furnish
> for inspection by defense counsel, the transcript
> of the Grand Jury testimony of any witness who
> would be called at trial. . ."

The Supreme Court of Colorado in this case also noted that Michigan
was a leader in this field and quoted from the case of People v.
Wimberly, 197 NW (2d) 623, in which the Michigan Supreme Court
had referred to the defendant's assault on the bastion of the
Grand Jury storehouse and stated:

> ". . .We hold today that the burden should properly
> be on the prosecutor to defend the storehouse,
> and not upon the prosecutor to assault it . . ."

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

IMAGED

The Supreme Court of Colorado thus held that there was no proper reason to withhold Grand Jury testimony from the Defendant.

Finally, in the case of The Commonwealth v. Stewart 309 NE (2d) 470, the Supreme Judicial Court of Massachusettes held that the defendant would no longer be required to show a particularized need in order to gain access to the testimonies of the witnesses before the Grand Jury which indicted him, but that such testimony would be provided as a matter of routine, except where protective orders were required.

The Court noted that many federal circuits had done away with the requirement of showing a particularized need, and that the rule requiring secrecy was timeworn and ridiculous. The Court noted that the only reason for secrecy was to keep the testimony from the Defendant so that he could not use it to prepare for trial, and thus the government should be required to show a need for keeping it secret, rather than the defendant show a particularized need for this testimony.

Thus, the defendant submits that the testimony before the Grand Jury should always be made available to him, and that he is entitled to have such testimony to support his motion to dismiss the indictment.

The defendant's attorney was informed by the assistant US Attorney that the Grand Jury transcript was indeed transcribed, and that the indictment was based upon hearsay testimony by agents of the US Government. The defendant submits that he should be allowed to inspect this to determine if there is reason to move for the dismissal of the indictment.

HOLBROCK, JONSON.
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK- JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 587
HAMILTON, OHIO 45012

As was noted by the Supreme Court of Arizona and the Supreme Court of Nevada it makes no sense to tell a defendant that he must establish that the indictment is invalid, and then deny him the right to see the transcript of the Grand Jury so that he may establish this, and that furthermore if an indictment is not founded upon legitimate evidence and probable cause, the indictment is invalid. Here the defendant submits that the testimony before the Grand Jury was incompetent and that illegally seized evidence was used in order to obtain an indictment. This will be more particularly shown at the hearing on the motion to suppress.

In addition, the Defendant would ask the Court to consider this motion in conjunction with the motion he is filing asking for additional discovery of what the prosecutor has told the Grand Jury, and whether or not the indictment is that of the prosecutor, or of the Grand Jury.

Some Courts have held that an indictment based upon hearsay without any other competent evidence is invalid. (See for example Donghaw v. The Superior Court of Sacramento County, 183 P (2d) 724), wherein the California Court of Appeals held that where the transcript of proceedings for the Grand Jury failed to disclose that any legal evidence had been admitted to support the indictment, the indictment was invalid.

Likewise, See People v. Pyars, 10 Cal. Rep. 677, Shelby v. Sixth Judicial District Court 418 P (2d) 132, and Robertson v. State 445 P(2d) 352, where the Nevada Supreme Court has held that an indictment must be grounded on legally sufficient evidence. The New York Courts have long held that an indictment returned which

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

IMAGED

was based on heresay should be dismissed as not supporting the probable cause. (See for example People v. Jackson, 277 NYS(2d) 263, 233 NE(2d) 790, and also State v. Thompson, 273 Minn. (1) 139, NW(2d) 490). In addition the Second Circuit in the United States v. Estepa, 471 F(2d) 1132 has held that an indictment based on hearsay evidence was invalid where the Grand Jury was not informed that the police officer's testimony was hearsay. (See also State v. Gieffels, 554 P(2d) 460 where the Alaska Court held that an indictment was properly dismissed even though some nonhearsay evidence was presented, where the overwhelming amount of evidence used to obtain the indictment was hearsay).

Thus, as the Court can see other jurisdictions have found that an indictment based solely on hearsay does not support probable cause. The defendant submits at any rate that besides the use of hearsay, and besides the use of illegally seized evidence to obtain an indictment, the indictment itself is not based upon probable cause and there was insufficient evidence to find probable cause.

Therefore, the defendant submits that he should be permitted to inspect the Grand Jury transcripts to more particularize these allegations and that after such inspection the Court should dismiss the indictment against him.

Respectfully submitted,

HOLBROCK, JONSON, BRESSLER & HOUSER
Attorneys for Defendant
315 South Monument Avenue
P. O. Box 687
Hamilton, Ohio 45012
Telephone: 868-7600

BY _Michael D. Shanks_

Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was forwarded by ordinary U. S. Mail to Mr. John Holcomb, Prosecuting Attorney, Butler County Courthouse, Second Floor, Hamilton, Ohio this the 17th day of January, 1984.

BY _Michael D. Shanks_
Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. 687
HAMILTON, OHIO 45012

$1 - 20 - 84$

IMAGED

| | |
|---|---|
| STATE OF OHIO : | CASE NO. CR83-12-0614 |
| Plaintiff | STATE OF OHIO |
| | COUNTY OF BUTLER |
| vs : | COURT OF COMMON PLEAS |
| JAN 20 1984 | |
| VON CLARK DAVIS : | MEMORANDUM IN OPPOSITION TO |
| Defendant EDWARD S. ROBB, JR. | MOTION TO SEVER COUNTS |
| CLERK | |

Filed in Common Pleas Court BUTLER COUNTY, OHIO

: : : : : : : : : : : : : : : : : : : : : : : : : :

The joinder of Counts One and Two of this Indictment is proper under Criminal Rule 8(A), which provides in pertinent part:

> Two or more offenses may be charged in the same indictment . . . in a separate count for each offense if the offenses charged . . . are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.

The motion to sever and for separate trials is not well taken in the case at bar, because the joinder of these offenses creates no prejudice inasmuch as the evidence admissible in Count Two, Having Weapon under Disability, is equally admissible in a trial on Count One where the defendant is charged with Aggravated Murder with the Specification that he was previously convicted of a purposeful murder in the second degree, and a Specification that he had a firearm on his person or under his control while committing the offense charged in Count One.

Where there is an original joinder of two counts in one indictment, a defendant must bear the burden of affirmatively showing prejudice and abuse of discretion when claiming under Criminal Rule 14 that separate trials of multiple charges should be allowed. State v. Roberts (1980), 62 Ohio St. 2d 170, 175, 405 NE 2d 247; State v. Torres (1981), 66 Ohio St. 2d 340, 421 NE 2d 1288, syllabus. The trial court has discretion in ruling on a motion to sever counts; joinder and the avoidance of multiple trials is favored for many reasons, among which are conserving time and expense, diminishing the inconvenience to witnesses and minimizing the possibility of incongruous results in successive trials before different juries. State v. Torres, id.

In both Roberts and Torres, the Supreme Court rejected the defendants assertions that prejudice was established by the "sheer weight" of the cumulation of the evidence of multiple charges presented in a single trial. The Court found no merit to this claim because it believed the jury capable of segregating the proof on each charge where the nature of the state's case is

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
JOHN F. HOLCOMB
PROSECUTING ATTORNEY
310 RENTSCHLER BLDG.
HAMILTON, OHIO 45011
867-5722

IMAGED

direct, uncomplicated and substantial.

In the case at bar, the 1971 second-degree murder conviction of Davis, his disability in Count Two, is also a specification to Count One; his acquiring, having, carrying and using the firearm charged in Count Two was also part of the surrounding circumstances in the aggravated murder charge.

Since the prior conviction is an element in both Count One and Count Two, and it is necessary to charge and prove such prior offense as a matter of law, it is within the jury's power to hear and receive evidence of the prior conviction and to weigh the same in one-stage trial. State v. Gordon (1971), 28 Ohio St. 2d 45, 276 NE 2d 243. The instant statutes, which make proof of a prior conviction an element of the current offenses, do not operate to deny an accused a fair trial and have been held constitutional. State v. Green (1981), 2 Ohio App. 3d 38, 440 NE 2d 615; see Spencer v. Texas (1967) 385 U.S. 554 at pages 565-566 (holding that the Due Process Clause did not prevent a state from enacting such a scheme for dealing with habitual offenders or from admitting evidence of prior convictions during the trial).

The Court of Appeals of Butler County has recently held that joinder of offenses and denial of a motion for separate trials was proper since each offense was admissible in prosecution of the other. State v. Pohlable (12th Dist. August 31, 1983), Butler Co. App. No. CA82-09-0094, unreported, at pages 4-6.

The motion to sever Counts One and Two of the Indictment should be denied.

Respectfully submitted,

JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
Butler County Court House
P.O. Box 515
Hamilton, Ohio 45012
Telephone: (513) 867-5722

BY

DANIEL G. EICHEL
FIRST ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

AND

MICHAEL J. SAGE
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
JOHN F. HOLCOMB
PROSECUTING ATTORNEY
310 RENTSCHLER BLDG.
HAMILTON, OHIO 45011
867-5722

- 2 -



## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum in Opposition to Motion to Sever Counts was mailed by U.S. ordinary mail to Michael D. Shanks, Attorney for Defendant, 315 South Monument Avenue, Hamilton, Ohio, 45011, this 20 day of January, 1984.

DANIEL G. EICHEL
FIRST ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
JOHN F. HOLCOMB
PROSECUTING ATTORNEY
310 RENTSCHLER BLDG.
HAMILTON, OHIO 45011
867-5722

- 3 -

1-20-84

IMAGED

STATE OF OHIO           :     CASE NO.   CR83-12-0614

      Plaintiff       :     STATE OF OHIO
                                           COUNTY OF BUTLER
vs                            :     COURT OF COMMON PLEAS
                 a Common Pleas Court
VON CLARK DAVIS      BUTLER COUNTY, OHIO     MEMORANDUM IN OPPOSITION TO
                                        MOTION TO DISMISS AND TO
      Defendant      JAN 30 1984     INSPECT GRAND JURY
                                              TRANSCRIPT
                   :
: : : : EDWARD S. ROBB, JR. : : : : : : : : : :
: : : : CLERK

         Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to

defendant's two-part motion to dismiss the indictment and/or inspect the grand

jury proceedings, says as follows:

FACTS:

         Contrary to defendant's implications (at page 12 of his memorandum),

the record reflects that a preliminary hearing was conducted in this case on

December 21st, 1983.  (Transcript of Hamilton Municipal Court.)

         Further, defendant falsely alleges, in his memorandum at page 18,

that

                     "The defendant's attorney was informed by the
                     assistant US Attorney that the Grand Jury
                     transcript was indeed transcribed, and that
                     the indictment was based upon hearsay testimony
                     by agents of the US Government." (Sic.)

To the contrary, the case at bar involves neither the U.S. Attorney's Office

nor agents of the U.S. Government; nor for that matter was any hearsay evidence

involved.  Defense counsel would do well to edit his boilerplate motions before

filing them.

ARGUMENT:

         I.   THE MOTION TO DISMISS THE INDICTMENT IS NOT A
             PROPER REMEDY AND DOES NOT LIE.

         It is well-settled that "the validity of an indictment is not affect-

ed by the character of the evidence considered.  Thus, an indictment valid on

its face is not subject to challenge on the ground that the grand jury acted

on the basis of inadequate or incompetent evidence."  United States v. Calandra

(1974), 414 U.S. 338, 344-345, (holding that the exclusionary rule on illegally

obtained evidence is not applicable to grand jury proceedings).  See also

Costello v. United States (1956), 350 U.S. 359 (holding that an indictment is

not subject to challenge on the ground that hearsay evidence was presented to

the grand jury), and Holt v. United States (1910), 218 U.S. 245 (denying the

right to challenge an indictment on the ground that evidence before the grand

jury was insufficient).

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
JOHN F. HOLCOMB
PROSECUTING ATTORNEY
516 RENTSCHLER BLDG.
HAMILTON, OHIO 45011
867-5722

14

IMAGED

The Supreme Court reasoned in the Costello decision:

> [I]n this country as in England of old the grand jury has convened as a body of laymen, free from technical rules, acting in secret, pledged to indict no one because of prejudice and to free no one because of special favor. . . .

> . . . If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment. . . .

> . . .No persuasive reasons are advanced for establishing such a rule. It would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by technical rules. Neither justice nor the concept of a fair trial requires such a change.

350 U.S. at pages 362-364.

Thus, even if the defendant's bold assertions of "hearsay" and "illegally seized evidence" before the grand jury were fact, (which is certainly not the case), there is no basis for his motion to probe underneath an indictment valid on its face.

II.  GRAND JURY PROCEEDINGS ARE NOT SUBJECT TO DISCLOSURE IN THE CASE AT BAR.

A defendant is not generally entitled to inspect the grand jury proceedings. State v. Laskey (1970), 21 Ohio St. 2d 187, 191. Only upon a showing of "particularized need" for such inspection or "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury," Criminal Rule 6(E), may the trial court permit such inspection.

The only such grounds for a motion to dismiss the indictment are set forth in Criminal Rule 6(B)(2), being objections to the array or lack of legal qualification of an individual juror. Neither are alleged in defendant's motion. A motion to dismiss on the alleged grounds of hearsay, illegally obtained evidence or lack of sufficient evidence does not lie. United States v. Calandra (1974), 414 U.S. 338, and Costello v. United States (1956), 350 U.S. 359.

Ohio case law indicates that disclosure of grand jury testimony, other than that of a defendant or codefendant under Criminal Rule 16(B) discovery provisions, is not required but is strictly controlled under Criminal Rule 6(E), and the release of any such testimony for use prior to or during

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
JOHN F. HOLCOMB
PROSECUTING ATTORNEY
310 RENTSCHLER BLDG.
HAMILTON, OHIO 45011
867-5722

- 2 -

IMAGED

trial is within the discretion of the trial court. State v. Greer (1981), 66 Ohio St. 2d 139, syllabus paragraph one. Grand jury proceedings are secret, and an accused is not entitled to inspection except upon a showing by the defense that a particularized need for disclosure exists which outweighs the need for secrecy. Id., syllabus paragraph two.

A mere statement that the grand jury transcript may be "material to the defense," or an allegation of "possible defects" in proceedings before the grand jury, is not sufficient for a defendant to obtain the grand jury minutes; unless an accused presents specific reasons for suspecting errors in the grand jury proceedings, and thus demonstrates a particularized need, his motion should be denied. State v. Cooper (1977), 52 Ohio St. 2d 163; State v. Morris (1975), 42 Ohio St. 2d 307.

CONCLUSION:

For lack of merit, the defendant's motions to dismiss and for inspection of grand jury proceedings should be overruled.

Respectfully submitted,

JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
Butler County Court House
P.O. Box 515
Hamilton, Ohio 45012
Telephone: (513) 867-5722

BY

DANIEL G. EICHEL
FIRST ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

AND BY

MICHAEL J. SAGE
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum in Opposition to Motion to Dismiss and to Inspect Grand Jury Transcript was mailed by U.S. ordinary mail to Michael D. Shanks, Attorney for Defendant, 315 South Monument Avenue, Hamilton, Ohio, 45011, this 20th day of January, 1984.

DANIEL G. EICHEL
FIRST ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
JOHN F. HOLCOMB
PROSECUTING ATTORNEY
510 RENTSCHLER BLDG.
HAMILTON, OHIO 45011
867-5722

- 3 -

1-20-84

IMAGED

STATE OF OHIO      Common Pleas Court CASE NO. CR83-12-0614

      Plaintiff BUTLER COUNTY, OHIO IN THE COURT OF COMMON PLEAS

            STATE OF OHIO, BUTLER COUNTY

vs.            JAN 30 1984

VON CLARK DAVIS           :   MEMORANDUM IN OPPOSITION

      EDWARD S. ROBB, TO MOTION FOR CHANGE OF VENUE

        Defendant    :   CLERK

               :

       Now comes John F. Holcomb, Prosecuting Attorney, and in opposition
to defendant's motion for a change of venue, respectfully moves this court to
defer ruling upon such motion until such time as an effort has been made to
select a jury from Butler County, Ohio, wherein venue properly lies.

                   JOHN F. HOLCOMB
                   PROSECUTING ATTORNEY
                   BUTLER COUNTY, OHIO

                   BY
                   DANIEL G. EICHEL
                   FIRST ASSISTANT PROSECUTING ATTORNEY
                   BUTLER COUNTY, OHIO
                   Butler County Court House
                   P.O. Box 515
                   Hamilton, Ohio   45012
                   Telephone (513) 867-5722

                   and

                   MICHAEL J. SAGE
                   ASSISTANT PROSECUTING ATTORNEY
                   BUTLER COUNTY, OHIO

### MEMORANDUM

       The evidence on defendant's motion for change of venue will show only
the fairest of news journalism by the press, and only a few news articles,
which, of course, the court will instruct the jury to disregard (if indeed
any juror had seen such articles). Such evidence cannot sustain a
change of venue.

       Venue is solely statutory in Ohio. State v. McGehan, 27 Ohio St. 280
(1875). Revised Code Section 2901.12(A) provides,

          The trial of a criminal case in this state shall
          be held in a court having jurisdiction of the sub-
          ject matter, and in the territory of which the
          offense or any element thereof was committed.

Thus, the statute mandates trial of this cause in Butler County, Ohio.

       The power of the court to order a change of venue is not of common law
origin, but is also solely statutory. State v. Johnson, 31 Ohio St. 2d 106, 285

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

BUTLER COUNTY
COURTHOUSE
P.O. BOX 515
HAMILTON, OHIO 45012

15

Page 2

NE 2d 751 (1972); McGehan, id. Revised Code Section 2901.12(I) provides that

> [V]enue may be changed upon motion . . .
> when it appears that a fair and impartial
> trial cannot be held in the jurisdiction
> in which trial would otherwise be held . . . .

Ohio Criminal Rule 18(B) makes similar provision, with virtually identical
language.

Numerous cases construing the import of this statute and rule agree
that a change of venue should be granted only upon clear and satisfactory proof
that fair and impartial justice cannot be obtained in the county in which the
action is commenced; and in this regard, the judge must assess the effectiveness
of procedural safeguards which may be employed at the trial, and the prospect of
obtaining jurors who are fair, impartial and not prejudiced.

Especially with regard to the last, the Supreme Court has held that
an examination of the jurors on their voir dire affords the best test as to
whether prejudice exists within the community against the defendant, and where
it appears that the prospective jurors have no fixed opinion as the guilt of the
accused but would decide the matter solely on the evidence and the law as given
by the court, it is not error to overrule a motion for change of venue. State
v. Johnson, id., at 385 NE 2d 758.

Following this "best test," it was held in Johnson that introduction
by the defense of some evidence, including one newspaper article, did not es-
tablish a prima facie case for change of venue, and the prosecution need not
refute such evidence which the court may find insufficient on the issue and
overrule the motion. Also, in State v. Laskey, 13 Ohio App. 2d 91, 234 NE 2d
318 (1st Dist. 1968), affirmed, 21 Ohio St. 2d 187, 257 NE 2d 65 (1970), the
Court of Appeals for Hamilton County reasoned in a notorious Cincinnati rape-
murder case that newspaper accounts concerning the character of the defendnat
and the alleged crime were not in themselves sufficient to warrant a change of
venue, where from the voir dire of the jury, the sole juror who had read such
articles could truthfully say that he would decide the case solely on the
evidence and the law. Finally, in State v. Fairbanks, 32 Ohio St. 2d 34, 289
NE 2d 352 (1972), it was held that a motion for a change of venue was properly
denied where newspaper articles and radio broadcasts were non-inflammatory and
without distortion, and it was not apparent to the court that such news coverage
gave use to a reasonable likelihood that defendant could not get a fair and
impartial trial, especially where all veniremen disclaimed knowledge of the news
release or affirmed at voir dire to decide the case solely on the evidence and

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
JOHN F. HOLCOMB
PROSECUTING ATTORNEY

BUTLER COUNTY
COURTHOUSE
P. O. BOX 515
HAMILTON, OHIO 45012

Page 3

the law. 

The state of Michigan also has adopted a rule under its change of venue statutes that it is proper for the trial court to defer determination of such issue, in a murder case, until an attempt has been made to select a jury in the county where the crime was committed. People v. Collins, 43 Mich. App. 259, 204 NW 2d 290 (1972), leave to appeal denied, 391 Mich. 798 (1973), cert. denied, 419 U.S. 866 (1974). Such rule was specifically found to be in accord with due process in the subsequent habeas corpus proceeding, Collins v. Egeler, 539 F. 2d 597 (6th Cir. 1976), cert. denied, 429 U.S. 889 (1976). In the latter decision the court noted that in the Collins case, which involved massive publicity in a series of seven uniquely similar rape-murders of co-eds in the Ann Arbor area, a sharp decline in news coverage took place in the eight months proceeding the trial of the accused, and that on the whole, the publicity was not hostile or bitterly massed against the accused. In view of such findings, and satisfactory voir dire of a jury, refusal to grant a change of venue was not a violation of due process.

Along identical reasoning is Murphy v. Florida, 421 U.S. 794 (1975); the totality of the circumstances was held not to disclose any inherent prejudice in the trial setting or actual prejudice in jury selection, where a nationally-known criminal figure whose trial took place seven months after heavy publicity about his most recent escapade was not denied fundamental fairness by jurors who, in the course of selection process whereby 78 veniremen were examined and 70 excused, indicated awareness of Murphy's past exploits but affirmed that they would be impartial and denied any relevance of the past events to the case before them.

In particular, the case of Sheppard v. Maxwell, 384 U.S. 333 (1966) was distinguished in Murphy and is not applicable to the case now before the court. In Sheppard, it is important to note that the circumstances of the trial itself were responsible for the conclusion that a fair trial was denied. The Sheppard case involved scathingly prejudicial pretrial press, particularly the local Cleveland newspapers, and the utter failure of the trial court to sequester the jury or curtail prejudicial news comment during the trial, in spite of what the Supreme Court found to be "inherently prejudicial publicity which saturated the community" and "disruptive influences in the courtroom" which denied Sheppard due process. However, the Supreme Court did not dictate a change of venue in all such cases, but advised,

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY
COURTHOUSE
P. O. BOX 515
HAMILTON, OHIO 45012

Page 4

Of course, there is nothing that proscribes the
press from reporting events that transpire in the
courtroom. But where there is a reasonable likeli-
hood that prejudicial news prior to trial will
prevent a fair trial, the judge should continue
the case until the threat abates, or transfer it
to another county not so permeated with publicity.
384 U.S. at 362-363 (Emphasis supplied).

In the present case, no continuance is necessary due to the several-
week time lapse which abates any effect the previous news coverage may have had.
It is therefore proper in this cause to defer a ruling until an attempt is made
to select a jury, and satisfaction of the court as to the qualifications of such
prospective jurors.

Respectfully submitted,

JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

BY _____
DANIEL G. EICHEL
FIRST ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
Butler County Court House
P.O. Box 515
Hamilton, Ohio 45012
Telephone (513) 867-5722

and

_____
MICHAEL J. SAGE
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum, was mailed
by U.S. ordinary mail to Michael D. Shanks, Attorney for Defendant, 315 South
Monument Avenue, Hamilton, Ohio 45011, this 20 day of January, 1984.

_____
DANIEL G. EICHEL
FIRST ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY
COURTHOUSE
P. O. BOX 515
HAMILTON, OHIO 45012

*1-21-84*

IMAGED

STATE OF OHIO                          :        CASE NO.  CR83-12-0614

            Plaintiff               :        STATE OF OHIO
                                              COUNTY OF BUTLER
vs                                   :        COURT OF COMMON PLEAS
                                     FILED in Common Pleas Court
VON CLARK DAVIS          BUTLER COUNTY, OHIO ENTRY SCHEDULING PRETRIAL
                                              HEARING AND CONTINUING
            Defendant        JAN 8 6 1984         TRIAL DATE

          : : : : : : : : : : : : : : : : : : : : : : : :
                    EDWARD S. ROBB, JR.
          It appearing to the Court that the defendant has filed pretrial
                                       CLERK
motions herein, the nature of which require the Court to decide such motions

sufficiently in advance of trial, it is therefore

          ORDERED that the defendant's pre-trial motions for a change of

venue, for dismissal or inspection of grand jury transcript, and for severance

of Counts One and Two, shall be heard on the date previously scheduled for

trial, on February 15, 1984 at 9:00 a.m.

          IT IS, FURTHER ORDERED that the previously scheduled trial date of

February 15, 1984 shall be vacated, and that the trial date shall be continued

and rescheduled after the defendant's pretrial motions are determined.

                                         E N T E R

                                         _____
                                         BRUEWER, J

APPROVED:


_____
JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

310 RENTSCHLER BLDG.
HAMILTON, OHIO 45011
867-5722

*16*

J 374 P76 L

1-26-84
8:45 AM

COURT OF COMMON PLEAS     IMAGED

BUTLER COUNTY, OHIO

STATE OF OHIO                    *      Case Number CR83-12-0614

    Plaintiff,               *

vs.                              *      MEMORANDUM IN SUPPORT
                                        OF MOTION TO SEVER
                                 *
VON CLARK DAVIS
                                 *
    Defendant.           *   In Common Pleas Court
                                        BUTLER COUNTY, OHIO
***************

JAN 30 1984

EDWARD S. ROBB, JR.
CLERK

    Defendant, through his attorney and pursuant to Criminal
Rule 14 of Ohio Rules of Criminal Procedure, has filed a Motion
to sever Count One in the indictment found in the present case
from Count Two in the indictment filed in the present case and to
have separate trials as to each count.  Rule 8(A) of the Ohio
Rules of Criminal Procedure allows the prosecution to charge a
defendant with more than one offense in the same indictment.
However, Rule 14 specifically provides that, "if it appears that
a defendant or the State is prejudiced by a joinder of
offenses...in the indictment... the Court shall order...separate
trials of Counts...or provide such other relief as justice
requires".(Emphasis added).  It should be also noted that Rule 14
is specifically titled "Relief from Prejudicial Joinder".  Thus,
the thrust of Criminal Rule 14 is to provide relief to a

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK—JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

(1)

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 80

IMAGED

defendant when a trial on multiple counts in an indictment would result in prejudice to that individual. In the present matter, Von Davis is charged with aggravated murder. As the Court is well aware, Count Two of that indictment charges Von Davis with possessing a weapon under disability, the disability being a previous conviction for second-degree murder. As a result, at trial the prosecution would be required to introduce evidence of a prior murder conviction of Mr. Davis in order to prove the allegations of Count Two of the indictment. The jury would then be, presumably, instructed to "ignore the prior murder conviction as it applies to the present allegations of aggravated murder, but to consider the prior convictions solely for the purposes of satisfying a necessary element for the possession of weapons under disability." It is strongly urged on behalf of defendant that no curative instruction can be given to a jury which would sufficiently protect Mr. Davis' constitutional guarantees that the allegations contained in Count One of the indictment will be fairly tried only on the facts in the present case.

Moreover, Counts One and Two in the indictment are not closely allied in either time or place as to require a joint trial. The allegations contained in Count Two, possessing a weapon under disability, require testimony and evidence totally separate, apart, and unrelated in time and place as compared to the allegations of aggravated murder contained in Count One. Thus, when taking into consideration the extremely prejudicial

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

(2)

IMAGED

effect imparted upon the jury by knowledge of a prior conviction for murder, justice requires relief from what is clearly "prejucidicial" joinder as to this indictment. (State vs. Atkinson, 4 Ohio St. 2d 19, 33 Ohio Op. 2d 226 (1965)).

Respectfully submitted

HOLBROCK, JONSON, BRESSLER & HOUSER
Attorneys for Defendant
315 South Monument Avenue
Hamilton, Ohio  45011
Telephone:  (513) 868-7600

By: _____
          Michael D. Shanks

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum was forwarded by ordinary U.S. Mail Service to Mr. John Holcomb, Butler County Prosecutor, Butler County Courthouse, Hamilton, Ohio  this __25__ day of _____, 1984.

By: _____
          Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

(3)

1-26-84
8:45 am

IMAGED

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO                    *         Case Number CR83-12-0614

     Plaintiff,                 *

vs.                              *         MEMORANDUM IN SUPPORT OF
                                           MOTION FOR CHANGE OF VENUE
FILED a Common Pleas Court
BUTLER COUNTY, OHIO

VON CLARK DAVIS

     Defendant.            JAN 16 1984 *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
EDWARD E. ROBB, JR.
CLERK

    Defendant, Von Clark Davis, by and through his attorney,
has filed a Motion for Change of Venue upon the grounds that
Defendant believes that a fair and impartial trial cannot be held
in Butler County due to extensive pre-trial publicity. In the
present case, several pre-trial Motions have been filed seeking
to limit the jury's knowledge of any prior convictions of
Defendant, specifically a prior conviction for second-degree
murder. As the Court is well aware, Defendants' arrest and all
pre-indictment hearings had been extensively covered by members
of the news media including newspapers, radios, and television
reporters with each story containing specific details as to
Defendant's prior murder conviction.

    The American criminal justice system is firmly grounded
upon the principle embedded in our Constitution that every
person accused of a crime is entitled to be tried by a fair and
impartial jury of his peers, and to be convicted, if at all, on
the basis of evidence properly adduced at trial. The United
States Supreme Court has recently stated:

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

18

(1)

IMAGED

"In essence, the right to a jury trial guarantees to the criminally accused a fair trial by a panel of impartial, indifferent jurors. The failure to accord an accused a fair hearing violates even the minimal standards of due process. A fair trial in a fair tribunal is a basic requirement of due process (In re Murchison, 349 U.S. 133 at 136.).”

In the ultimate analysis, only the jury can strip a man of his freedom or his life. In the language of Lord Coke, a juror must be "indifferent as he stands unsworn." His verdict must be based upon the evidence developed at trial. This is true regardless of the heinousness of the crime charged, the apparent guilt of the offender or the station of life which he occupies. The theory of law is that a juror who has formed an opinion cannot be impartial. (Irvin vs. Dowd, 366 U.S. 717 at 722).

In order that a jury be impartial, it is not necessary that they be totally ignorant of the facts and issues involved in the present case. Rather, the test is whether any potential juror who has been exposed to publicity can set aside his impression and render a verdict based upon the evidence presented in court. (United States vs. Johnson, 584(F) 2d 148). However, an assumption by a trial judge that a jury can disregard pre-trial publicity because they have been instructed to do so is "a triumph of faith over experience" (Forsythe vs. State, 12 Ohio Misc. 99 (1967)). This issue is even more important when the potential sentence of the accused is death. A defendant should never have to stake his life on the hope that jurors can set aside all pre-trial knowledge involved in the pending case.

HOLBROOK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROOK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

(2)

IMAGED

The United States Supreme Court has long ago established
the principle that pre-trial publicity may result in the denial
of the defendant's right to Due Process of Law. In the case of
Sheppard vs. Maxwell, 384 U.S. 333 (1966), the Court held that
where "there is a reasonable likelihood that prejucidical news
prior to trial will prevent a fair trial, the Judge should
continue the trial until the threat abates, or transfer it to
another county not so permeated with publicity." The Ohio
Supreme Court has adopted the standard espoused in Sheppard and
ruled that a showing of mere likelihood of prejudice would
support a change of venue. (State of Fairbanks, 32 Ohio St. 2d
34 (1972)). Thus, when a defendant is faced with trial in a
county that has been subjected to intensive publicity and public
comment, there clearly exists a present likelyhood of prejudice
and such a trial should be transferred to another county. (See
also State vs. Phillips, 46 Ohio St. 2d 457 (1976)).

In summary, there is a substantial likelyhood of
prejudice to Von Clark Davis if the trial proceeds in Butler
County. News storys of all types have been appearing through the
County consistently and specifically noting Mr. Davis' prior
record. Thus, there is present a great risk that most
prospective jurors have been repeatedly exposed to this
information. In such a situation, Mr. Davis will be denied the
kind of impartial jury that the Sixth and Fourteenth Amendments
to the United States Constitution guarantee. Therefore, it is

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK - JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

(3)

IMAGED

respectfully requested that the Court grant the Motion for Change of Venue in the present matter.

Respectfully submitted,

HOLBROCK, JONSON, BRESSLER & HOUSER
Attorneys for Defendant
315 South Monument Avenue
Hamilton, Ohio 45011
Telephone: (513) 868-7600

By: _____
Michael D. Shanks

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum was forwarded by ordinary U.S. Mail Service to Mr. John Holcomb, Butler County Prosecutor, Butler County Courthouse, Hamilton, Ohio this ___25th___ day of ___January___, 1984.

By: _____
Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK—JONSON
BUILDING
315 S. MONUMENT AVENUE
P.O. BOX 887
HAMILTON, OHIO 45012

(4)

2-2-ms

C% 312

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

121
42

# Precipe for Subpena—In State Case

IMAGED

THE STATE OF OHIO
vs.

Von Clark Davis

Plaintiff **Common Pleas Court**
**BUTLER** COUNTY, OHIO No. CR83-12-0614

FEB 1 1984 **COMMON PLEAS COURT**
Butler County, Ohio

Defendant

To the Clerk:—Issued subpena for **EDWARD S. ROBB, JR.** RESIDENCE
**CLERK**

1  Jeanie Houck                    c/o Journal News Company
2                                  Court Street
3                                  Hamilton, Ohio

4 DUCES TECUM: Copies of all stories printed in Hamilton Journal
News regarding the shooting of Suzette Butler, arrest of Von
5 Clark Davis or any court proceeding concerning Von Clark Davis
or any story printed by the Hamilton Journal News concerning Von
6 Clark Davis from December 1, 1983 to present date.

7 John Clark                      c/o Cincinnati Enquire
                                  110 North Third Street
8

9 DUCES TECUM: Copies of all stories printed in Cincinnati Enquire
regarding the shooting of Suzette Butler, arrest of Von Clark Davis
10 or any court proceeding concerning Von Clark Davis or any story printed
by the Cincinnati Enquire concerning Von Clark Davis from December 1,
1983 to present date
to appear as witnesses in above named case, on Wednesday, Februrary 15), 1984,

at 9:00 o'clock A. M.  Required on behalf of the  Defendant

_____  Att'y  for the  Defendant
Michael D. Shanks

421
Ctk. 312                                    BARNETT BR.ONNE, PUBLISHERS, SPRINGFIELD, OHIO
42

## Precipe for Subpena—In State Case                    IMAGED

 FILED IN Common Pleas Court
BUTLER COUNTY, OHIO

THE STATE OF OHIO
                                    *Plaintiff*
              *vs.*                              No. CR83-12-0614
                                    FEB 1 1984
       Von Clark Davis
                                    COMMON PLEAS COURT
                            *Defendant*  EDWARD S. ROBB Jr. County, Ohio
                                    CLERK

*To the Clerk:— Issued subpena for*            RESIDENCE

1 Dick Perry - *Cert. mail 11.00*        c/o Cincinnati Post
                                         800 Broadway
2                                        Cincinnati, Ohio

3
  DUCES TECUM:  Copies of all stories printed in Cincinnati Post regarding
4 the shooting of Suzette Butler, arrest of Von Clark Davis or any court
  proceeding concerning Von Clark Davis or any story printed by the
5 Cincinnati Post concerning Von Clark Davis from December 1, 1983 to
6 present date.

7

8

9

10

*to appear as witnesses in above named case, on* Wednesday, 2-15     *A. D. 19* 84 ,

*at* 9:00 *o'clock* A. M.  *Required on behalf of the* Defendant

        Michael D. Shanks   *Att'y* for the Defendant

21000

2-2-ms

C'k. 312                                    BARRETT BR—TERS, PUBLISHERS, SPRINGFIELD, OHIO

42½
42

# Precipe for Subpena—In State Case

IMAGED

THE STATE OF OHIO                 Miami/Common Pleas Court No. CR83-12-0614
                   vs.             BUTLER COUNTY, OHIO

VON CLARK DAVIS                        COMMON PLEAS COURT
                                   FEB 1 198 Butler County, Ohio
                        Defendant

To the Clerk:— Issued subpena for
                          EDWARD S. ROBB, JR. RESIDENCE
1 Karla Stanley— Cert. Mail 11.00    c/o CHOPL TV
                                       5 and Central Avenue
2                                      Cincinnati, Ohio

3 DUCES TECUM: Any and all records and documents and writings
4 concerning all stories on Von Clark Davis.

5 Jim Brown                          c/o Journal News Company
6                                      Court Street
                                       Hamilton, Ohio
7
8 DUCES TECUM: Copies of all stories printed in Hamilton Journal
News regarding the shooting of Suette Butler, arrest of Von
9 Clark Davis or any court proceeding concerning Von Clark Davis
or any story printed by the Hamilton Journal News concerning Von
10 Clark Davis from December 11, 1983 to present date.

to appear as witnesses in above named case, on Wednesday, Feb. 15   A. D. 19 84 ,

at  9:00 o'clock  A.  M.  Required on behalf of the Defendant

                                       Att'y  for the  Defendant
Michael D. Shanks

23+24

STATE DIVISION
RECEIVED

No............................

Crim. Doc.................. Page..................

## COMMON PLEAS COURT

.............................................County, O.

### THE STATE OF OHIO

Plaintiff

vs.

Defendant

## PRECIPE FOR SUBPENA

For ...........................................Witnesses

Filed...........................................19.........

Clerk

P...

Deputy

RECEIVED
CIVIL DIVISION

84 FEB 1  AII : 46

SHERIFF
BUTLER COUNTY OHIO
ROBERT R. WALTON SR.

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

2-1-84

COURT OF COMMON PLEAS

IMAGED

BUTLER COUNTY, OHIO

STATE OF OHIO                    CASE NO. CR83-12-0614

           Plaintiff      :

    -vs-                   :      MOTION FOR DISCOVERY

VON CLARK DAVIS            :

           Defendant       :

: : : : : : : : : : : : : : :

Now comes the Defendant, Von Clark Davis, by and through his
attorney, Michael D. Shanks, and states that on January 16, 1984
discovery was requested from the Prosecutor and that said discovery
has not been provided. Therefore, Defendant respectfully moves
the Court for an order granting discovery under the Ohio Rules of
Criminal Procedure. The Defendant respectfully moves for the
following information:

1. Notice of the evidence that you intend to use in chief
at trial, which evidence is discoverable under Rule 16 /Rule 12
(D) (2) 7;

2. Any statements of the defendant whether written, recorded,
or written summaries of oral statements, and copies made thereof
/Rule 16 (B) (1) 7;

3. A listing of all documents and tangible objects which
are intended to be used as evidence in the trial or which were
obtained from or belonged to the Defendant /Rule 16 (B) (1) (c) 7;

4. A list of the names of all witnesses and addresses whom
the State intends to call to trial, together with any record of
any prior felony convictions of any such witness, together with
any record of any criminal convictions of any such witness /Rule
16 (B) (1) (e) 7;

5. All evidence which is favorable to the Defendant and

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P.O. BOX 687
HAMILTON, OHIO 45012

IMAGED

material either to guilt or punishment /Rule 16 (B) (1) (f) /.

> HOLBROCK, JONSON, BRESSLER & HOSUER
> Attorneys for Defendant
> 315 South Monument Avenue
> P. O. Box 687
> Hamilton, Ohio 45012
> Telephone: 868-7600

BY _____
Michael D. Shanks

M E M O R A N D U M

Ohio Rules of Criminal Procedure: Rule 12 (D) (2), Rule 16

(B) (1), (1)(c), (1) (e), and (1) (f).

BY _____
Michael D. Shanks

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was

forwarded by ordinary U. S. Mail to Mr. John Holcomb, Prosecuting

Attorney, Butler County Courthouse, Second Floor, Hamilton, Ohio

this the 31st day of January, 1984.

BY _____
Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 92

2-1-84

COURT OF COMMON PLEAS                    IMAGED

BUTLER COUNTY, OHIO

STATE OF OHIO              FILED in Common Pleas Court   Case Number CR83-12-0614
                          BUTLER COUNTY, OHIO
            Plaintiff,                        *

vs.                         FEB 1 1984        MOTION TO BIFURCATE
                                              TRIAL/MOTION IN LIMINE

VON CLARK DAVIS           EDWARD S. ROBB, JR.
                                CLERK
            Defendant.                        *

                                              *

*************************

    Now comes Defendant, Von Clark Davis, by and through

his counsel, and moves the Court for an order limiting the

prosecution from introducing into evidence at trial for any

purpose, any proof or information concerning a prior conviction

of Defendant, Von Clark Davis, for second-degree murder as more

specifically described in Specification One of Count One of the

within indictment and for an order requiring a bifurcated trial,

at which time any evidence as may required to prove Specification

One of the within indictment be submitted to the jury only after

a finding of guilty is returned on the charge of aggravated

murder in violation of §2903.01(A).

                          Respectfully submitted

                          HOLBROCK, JONSON, BRESSLER & HOUSER
                          Attorneys for Defendant
                          315 South Monument Avenue
                          Hamilton, Ohio  45011
                          Telephone:  (513) 868-7600

                          By: _____
                              Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK - JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON OHIO 45012

                                   (1)

MEMORANDUM                              IMAGED

The present indictment against Defendant, Von Clark
Davis, contains specification that "Von Clark Davis was convicted
of murder in the second-degree, contrary to §2901.05 of the Ohio
Revised Code on April 20, 1971." Defendant respectfully submits
that to submit to the trier of fact, the information that
Defendant was convicted of a prior murder offense would be highly
prejudicial to Defendant and violative of the rights granted him
under the Fifth, Sixth, and Fourteenth Amendments of the United
States Constitution.

Moreover, the evidence of a prior murder conviction is
so prejudicial that anyone in Defendant's position of having such
evidence placed in front of the jury is forced to explore the
possibility of plea bargaining to a lesser offense in order to
avoid a jury trial and the attendant possible death sentence.
Such a situation has a chilling effect on the Sixth Amendment
right to a jury trial, and further denies Defendant Due Process
of Law guaranteed by the Fourteenth Amendment to the United
States Constitution.

The State has no compelling reason for the jury to
receive the information regarding a prior conviction of
Defendant. The specification of prior conviction is not a "true
element of an offense", but merely is an additional fact used to
enhance the punishment of Defendant if convicted of all the
allegations contained in the indictment. The fact that Defendant
may or may not have a prior murder conviction is in no way

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

(2)

IMAGED

related to the facts surrounding the death of Suzette Butler, which is the underlying offense in the present matter. When weighed against the extreme prejudice the knowledge of a prior murder conviction would work upon the minds of the jury, no State interest can be said to be compelling enough to require a one-stage trial rather than a bifurcated proceeding. It is noted in McCormick, Evidence, §157 (1954):

> "The disfavor for receiving proof of character of a person as evidence that on a particular occasion, he acted in keeping with his disposition is strongly felt when the State seeks to show that the accused is a bad man, and thus, more likely to have commited the crime. The long established rule, accordingly, forbids the prosecution, unless and until the accused gives evidence of his good character, to introduce initially evidence of the bad character of the accused. It is not irrelevant, but in the setting of a jury trial, the danger of prejudice outweighs the probative value.
>
> The danger is at its highest when the character is shown by other criminal acts, and the rule about the proof of other crimes is but an application of the wider prohibition against the initial introduction by the prosecution of evidence of bad character."

It is strongly urged upon this Court that no jury instruction can be read that will even arguably assure that Von Clark Davis will not be convicted, if at all, upon his past record once the jury has evidence of a prior murder conviction. Since it is the paramount focus of any trial within this country and State that a Defendant be tried solely and uniquely upon the facts and circumstances surrounding the instant charge, justice requires in this case that all evidence of any prior murder conviction of Defendant be kept from the jury and submitted only to that jury if indeed they return a verdict of guilty as to the

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 987
HAMILTON OHIO 45012

(3)

present underlying offense.                                    IMAGED

By: _____
                Michael D. Shanks

CERTIFICATE OF SERVICE

        I hereby certify that a copy of the foregoing Memorandum
was forwarded by ordinary U.S. Mail Service to Mr. John Holcomb,
Butler County Prosecutor, Butler County Courthouse, Hamilton,
Ohio this _____ day of _____, 1984.

By: _____
                Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

(4)

2-1-84

COURT OF COMMON PLEAS          IMAGED

BUTLER COUNTY, OHIO

STATE OF OHIO                          Case Number CR83-12-0614

       Plaintiff,

vs.                                    MOTION TO PROHIBIT DEATH
                                       QUALIFICATION OF THE JURY

VON CLARK DAVIS

       Defendant.

              ***************

      Now comes Defendant, by and through his counsel, and
moves the Court in limine to prohibit any questioning of
prospective jurors regarding their attitudes toward the death
penalty.

                  Respectfully submitted,

                  HOLBROCK, JONSON, BRESSLER & HOUSER
                  Attorneys for Defendant
                  315 South Monument Avenue
                  Hamilton, Ohio  45011
                  Telephone:  (513) 868-7600

                  By: _____
                      Michael D. Shanks

                  MEMORANDUM

      Any practice during voir dire which results in a jury
less than impartial with respect to guilt is unconstitutional as
a violation of the Defendant's rights under the Fifth, Sixth, and
Fourteenth Amendments to the United States Constitution.
(Witherspoon vs. Illinois, 391 U.S. 510, 520 (1968)).  In

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

(1)

IMAGED

addition, the Defendant is denied his right to have his guilt
determined by a jury drawn from a fair coss-section of the
community when a distinct group is systematically excluded from
the panel. (Taylor vs. Louisiana, 419 U.S. 522 (1975)).
Removing all prospective jurors who may oppose the death penalty
results in a jury more likely to convict and therefore is
violative of Defendant's rights.

Ohio's death penalty law provides for a trial bifurcated
on the guilt and penalty stages. However, sentencing is
irrelevant to the guilt determination. (Gregg vs. Georgia, 428
U.S. 153 (1976)). In fact, the reason the United States Supreme
Court imposed the guilty-penalty bifurcation requirement (which
the Ohio law has incorporated, see Revised Code §2929.03) was to
insulate the jury during the guilt determination phase from
irrelevant and prejudicial considerations which arise during the
penalty phase. The failure to so separate and insulate the jury
results in a violation of the Eighth Amendment's prohibition.
Gregg (supra).

What a potential juror thinks or feels about the death
penalty is, from the legal point of view, wholly irrelevant to
his qualification to sit during the guilt determination phase of
the trial. However, there are numerous psychological and
sociological studies indicating a close correlation between an
individual's moral, ethical or religious attitudes about the
death penalty and his impartiality in determining the fundamental
issue of guilt or innocence. As noted in the case of State vs.
Avery, 261 S.E. 2d 803:

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
U.S.S MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

(2)

IMAGED

> The uncontradicted evidence presented by the
> defendant...demonstrates that persons opposed to capital
> punishment have for many years constituted a substantial
> percentage of our population. Moreover, the narrower
> class of those whose opposition to the death penalty
> would prevent their consideration, as jurors, of its
> imposition has also comprised a substantial minority of
> the population. The evidence further shows that these
> persons generally exhibit attitudinal characteristics
> markedly different from those shared by people who favor
> the death penalty as an instrument of the criminal law.
> All of the available data suggest that persons who are
> strongly opposed to capital punishment tend also to be
> less authoritarian, more liberal in their political
> attitudes, less punitive in their legal attitudes, and
> less likely to endorse "discrimination against minority
> groups, restrictions on civil liberties, and violence
> for achieving social goals" than persons who favor the
> death penalty.

> State vs. Avery, 2999 N.C. 126 n.4; 261 S.E. 2d 803, 813
> n.4 (1980) (Exum, J., dissenting, footnotes omitted)

The fact of the matter is that removing from the jury all death penalty opponents results in a panel which is prosecution prone and thus deprives Defendant of an "impartial" panel. (H. Zeisel, Some Data On Juror Attitudes Toward Capital Punishment (1968); Goldberg, Toward Expansion of Witherspoon: Capital Scruples, Jury Bias, and the Use of Psychological Data To Raise Legal Presumptions, 5 Harv. Civ. Rights--Civ. L. Rev. 53 (1970); Bronson, On the Conviction Proneness and Representatives of the Death-Qualified Jury: An Empirical Study of Colorado Venire-men, 42 U. Colo. L. Rev. 1 (1970); Jurow, New Data on the Effect of the "Death Qualified" Jury on the Guilt Determination Process, 84 Harv. L. Rev. 567 (1971)).

Moreover, a defendant's constitutional right to have his guilt determined by a jury drawn from a fair and representative

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S MONUMENT AVENUE
P O. BOX 687
HAMILTON, OHIO 45012

(3)

IMAGED

cross-section of the community is violated when a distict group of persons is systematically excluded from the panel. (Taylor supra at 526-527). See also Witherspoon, 391 U.S. at 524 (Douglas, J., dissenting)). The Sixth and Fourteenth Amendment provisions for an impartial jury in a criminal prosecution guarantee the presence of a fair cross-section of the community in the venire from which jurors are eventually selected. (Taylor, 419 U.S. at 530). Persons opposed to the death penalty constitute a distinct and recognizable group in American society. (Witherspoon, 391 U.S. at 520 n.16). The subset of this group who can be excluded from the panel on the basis of Witherspoon also constitute a distinct group. (Spinkellink vs. Wainwright, 578 F. 2d 582, 597 (5th Cir., (1978)). This group of people exist in the population of potential veniremen in the community. Death qualifying the panel results in the systematic exclusion of these person from the jury ultimately selected. While such exclusion may or may not be justified during the penalty phase of the trial, their exclusion during voir dire, ipso facto, results in the underrepresentation of the distinct group during the guilt determination phase of the trial. As noted by Justice Stuart in the Witherspoon decision, a jury that is "called of all who harbor doubts about the wisdom of capital punishment - of all who would be reluctant to pronounce the extreme penalty - such a jury can speak only for a distinct and dwindling minority. (391 U.S. at 520).

It has been held in the case of Duren vs. Missouri, 439

HOLBROCK, JONSON, BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON BUILDING
11 S S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

(4)

S. 357, 364 (1979) that a prima facie violation of the fair cross-section requirement is established when three things are shown:

1.  The persons excluded from the jury selection process constitute a distinct group in the community.

2.  This group is underrepresented in the relation to the number of persons in the community.

3.  The underrepresentation is caused by the systematic exclusion of this group during the jury selection process.

Death qualifications of the jury insures that the second and third parts of the Duren test are satisfied and a prima facie constitutional violation will be present before the Court even instructs the jury in the penalty phase.

This Court should not allow such a Constitutional violation in the present case. Defendant, therefore, respectfully moves this Court order that no questioning concerning the jurors' attitudes about the death penalty shall be permitted during voir dire. In the alternative, Defendant requests that the Court allow Witherspoon excludable jurors to sit on the panel and not be removed for cause, but instead impanel a death qualified alternate to take the juror's place during the penalty phase should such phase become necessary.

By: _____
Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
15 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

(5)

IMAGED

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Memorandum was forwarded by ordinary U.S. Mail Service to Mr. John Holcomb, Butler County Prosecutor, Butler County Courthouse, Hamilton, Ohio this _____ day of _____, 1984.

By: _____
     Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
15 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

(6)

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 102

Clk. 312

BARRETT B  WAS, PUBLISHERS, SPRINGFIELD, OHIO

## Precipe for Subpena—In State Case

IMAGED

2/RP

THE STATE OF OHIO

*Plaintiff*

*vs.*

VON CLARK DAVIS

(Motions)

*Defendant*

*To the Clerk:—Issued subpena for*

*No.* CR83-12-0614

**COMMON PLEAS COURT**

**RESIDENCE**

*1* Det. Ron Wells     c/o Hamilton Police Department

*2* Det. Don Gross     c/o Hamilton Police Department

*3* Ptl. Shepherd     c/o Hamilton Police Department

*4* Ptl. Petrak     c/o Hamilton Police Department

*5*

*6*

*7*

*8*

*9*

*10*

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

FEB 2 1984

EDWARD S. ROBB, JR.
CLERK

*to appear as witnesses in above named case, on* February 15th, *A. D.* 1984 ,

*at* Nine *o'clock* A.M. *Required on behalf of the* Prosecution

John F. Holcomb, Prosecuting *Att'y for the* State of Ohio

# THE STA-E OF OHIO, BUTLER COUNTY, ss.

• • •

**To the Sheriff of Butler County, Greeting:**

IMAGED

*WE COMMAND that you give notice to* Det. Ron Wells,

Det. Don Gross, Ptl. Shepherd, Ptl. Petrak

*if* They *may be found in your bailwick, severally to be and appear in proper*

*person before the Judge of our Court of Common Pleas, at Hamilton, on the* 15th

*day of* February *A. D., 19* 84*., at 9 o'clock A.M., to give evidence and the truth*

*to say, between*

*State of Ohio, and* Von Clark Davis

*Defendant , on the part of said*

Prosecution *then and there to be tried, and not depart without leave; therefore, you are nowise to fail under penalty of one hundred dollars and have you then and there this writ.*

*WITNESS my hand and the seal of said Court at Hamilton, this* 1st

*day of* February *19* 84.

**EDWARD S. ROBB, JR.**
*Clerk of Common Pleas Court*

*By* *Deputy*

CC-100-L

THE STATE OF OHIO, BUTLER COUNTY, ss.

*Received this Writ on the* 1 *day of* Feb *A. D., 19 84*

*and on the* 1 *day of* Feb *A. D., 19 84, I served the same by*

*handing a true copy thereof with the endorsement thereon to said* R. Wells, D. Gross, Shephud and Petrak

*and on the* *day of* *A. D., 19......, I served by leaving a*

*true copy thereof with the endorsement thereon at the usual place of residence of said*

R R Walton, *Sheriff*

By C Walther *Deputy*

421P
42D

SUBPOENA

No. CR83 12 0614

State of Ohio

vs.

Von Clark Davis

*Returnable* February 15, 10.84

MILES 2 2 2 2

IMAGED

Det. Ron Wells
Det. Don Gross
Ptl. Shepherd
Ptl. Petrak

$4.15

Atty.

John F. Holcomb

For Prosecution

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 105

Clk. 18-B                                                    BARRETT BROS., PUBLISHERS, SPRINGFIELD, OHIO

# Subpena Duces Tecum

## CRIMINAL CASE
Revised Code, Sec. 2945.45

IMAGED

**The State of Ohio,** ............... Butler ............... **County.**     **Common Pleas Court**

**To the Sheriff of said County:**

*You are hereby commanded to subpena*     Jim ~~Brown~~ BLOUNT .................

    c/o Journal News Company

    Court St.

    Hamilton, OH

*to be and appear before the Common Pleas Court at the Court House in said*

*County, on the* 15th *day of* February *A. D. 19* 84 *, at* 9 *o'clock* A *M.,*
*to testify as a witness in a certain case pending in said Court, wherein the State*

*of Ohio prosecutes* ................................ Von Clark Davis ................................ *;*

*and also to bring with* ....... you ......... *, and produce at the time and place aforesaid.*

Copies of all stories printed in Hamilton Journal News regarding

the shooting of Suzette Butler, arrest of Von Clark Davis or any court

proceeding concerning Von Clark Davis or any story printed by the Hamilton Jo

Journal News concerning Von Clark Davis from December 11, 1983 to

present date.

*; and not depart the Court without leave.*

*And therein to fail not, under penalty of the law; and to have then and there this writ.*

*Said Court requires said attendance of said witnesses on behalf of the* Defendant

*WITNESS my hand and the seal of said Court, this*

............ 2nd *day of* February ............ 19 84

Edward S. Robb, Jr.

*Clerk*

*By* ...........................................................

*Deputy*

421P
41D

*No.* CR83-12-0614

*Doc.* _____ *Page* _____

COMMON PLEAS COURT

Butler _____ *County, O.*

THE STATE OF OHIO
*vs.*

Von Clark Davis

SUBPENA

*For* Defendant _____ *Witnesses*

*Returnable* February 15, *19* 84

Michael D. Shanks

_____ *Attorney*

*Ret'd and Filed* _____ *19*

_____ *Clerk*

*By* _____ *Deputy*

RETURN OF SERVICE

*I received this writ on the* 2 *day*
*of* July *19* 84 *at* 10:10
*o'clock* A *M., and served the following*
*persons named therein:*

| NAMES OF WITNESSES | Miles | How Served |
|---|---|---|
| Jim Blount c/o Journal News | 2 | R |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

SHERIFF FEES

| | | |
|---|---|---|
| *Serv. & Ret. 25c. ea name,* | 1 | 00 |
| *Mileage* _____ *mi. at 8c.* | | 65 |
| *Total* | 1 | 65 |

R.R. Walton, Jr. _____ *Sheriff*

*By* C. Walther _____ *Deputy*

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

2-3-87

STATE OF OHIO : CASE NO. CR83-12-0614

Plaintiff : IN THE COURT OF COMMON PLEAS
FEB 3 1984 STATE OF OHIO, BUTLER COUNTY
vs.
EDWARD S. ROBB, JR. IMAGED
CLERK
VON CLARK DAVIS : MEMORANDUM IN OPPOSITION
TO MOTION IN LIMINE
Defendant : RE: DEATH QUALIFICATION OF JURORS

:

Now comes John F. Holcomb, Prosecuting Attorney, and says that the

defendant's motion in limine regarding voir dire of jurors on their attitudes

about the death penalty is not well taken and should be overruled.

Ohio Revised Code Section 2945.25(C) provides that a person called as

a juror may be challenged for cause:

> In the trial of a capital offense, that he
> unequivocally states that under no circumstances
> will he follow the instructions of a trial judge
> and consider fairly the imposition of a sentence
> of death in a particular case. A prospective
> juror's conscientious or religious opposition to
> the death penalty in and of itself is not grounds
> for a challenge for cause. All parties shall be
> given wide latitude in voir dire questioning in
> this regard.

See also Criminal Rule 24(B)(9) and (14), which have been held "sufficiently

broad" to encompass the juror who may be challenged for cause under Revised

Code 2945.25(C). State v. Roberts, 48 Ohio St. 2d 221, 358 NE 2d 350 (1976).

Notwithstanding the Witherspoon case, the Ohio challenge for cause

has been upheld as being constitutionally permissible, in Lockett v. Ohio, 438

U.S. 586 (1978), see part II-B of the decision at pages 595-597. This decision

clearly outlines and rejects all the objections defendant Davis now makes;

the decision points out that there is nothing in the prior cases which suggests

that the defendant has a "right to be tried by jurors who have explicitly

indicated an inability to follow the law and instructions of the trial judge."

438 U.S. at 596-597.

See also State v. Roberts, id.; State v. Bayless, 48 Ohio St. 2d 73

(1976)(paragraph two, syllabus); and State v. Lockett, 49 Ohio St. 2d 48 (1976)

(paragraph one, syllabus).

The Honorable Judge John R. Moser of this court has previously over-

ruled an identical motion, and ruled that "jurors may be properly questioned on

the matter of the death penalty in accordance with [the Lockett, Bayless,

Roberts, and Spinkellink decisions]." See Journal Entry filed September 16,

1983, in State v. Gerald Ray Johnson, Butler County Common Pleas Court, Case

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
JOHN F. HOLCOMB
PROSECUTING ATTORNEY

BUTLER COUNTY
COURTHOUSE
P. O. BOX 515
HAMILTON, OHIO 45012

30

Page 2

No. CR83-07-0302.                                      IMAGED

Significantly, the case cited by defendant, Spinkellink v. Wainwright, 578 F. 2d 582 (5th Cir. 1978), also upholds the death qualification of jurors on voir dire, like the Ohio procedure. The case is significant in that the Florida procedure in that case, like Ohio's present statutes, provides for a bifurcated trial with a penalty phase and jury recommendation. Also, the case passed constitutional muster, as Mr. Spinkellink was indeed electrocuted after all his appeals were exhausted.

The so-called "empirical" studies cited by defendant have been widely criticized. The court should note the following comments about these "studies":

> Most studies have proceeded from a preconceived notion and spring from the bias on the part of the researcher that jurors not unalterably opposed to capital punishment are "guilt oriented", "prosecution prone". Or as phrased by one researcher, a jury which includes persons unalterably opposed to capital punishment is more neutral because it is more inclined to protect the individual's constitutional rights -- a curious definition of neutrality.

> We have not yet seen an unbiased, scientifically founded study to substantiate the claim that persons in a jury which excludes the extremes at both ends, that is, those unalterably opposed to capital punishment and those unalterably committed to it, are somehow biased against defendants. Perhaps one day that scientific data will be found.

> In the interim, the premise that the defendant is entitled to jurors biased against the law of the state, or biased against the question of guilt of the defendant in order to avoid that law, is a faulty premise . . . [T]o hold that an individual specifically and irrevocably biased against the interest of one party to the litigation is exempt from exclusion . . . would be to end our concept of the right of both sides in a criminal case to a fair and impartial trial. Surely, the People of California are entitled to more than that.

Huffman, "Witherspoon After Wheeler," Criminal Justice Journal, Vol. 1, pages 101-122 (1979).

Respectfully submitted,

JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
Butler County Court House
P.O. Box 515
Hamilton, Ohio 45012
Telephone (513) 867-5722

By

MICHAEL J. SAGE
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
JOHN F. HOLCOMB
PROSECUTING ATTORNEY

BUTLER COUNTY
COURTHOUSE
P. O. BOX 515
HAMILTON OHIO 45012

Page 3

## PROOF OF SERVICE                    IMAGED

This is to certify that a copy of the foregoing Memorandum was mailed by U.S. ordinary mail to Michael D. Shanks, Attorney for Von Clark Davis, 315 South Monument Avenue, Hamilton, Ohio 45011, this 3RD day of February, 1984.

MICHAEL J. SAGE
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

BUTLER COUNTY
COURTHOUSE
P. O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                                     :     CASE NO.   CR83-12-0614

              Plaintiff                           :     IN THE COURT OF COMMON PLEAS
                                                        STATE OF OHIO, BUTLER COUNTY
vs.                                               :                 IMAGED
                              FILED in Common Pleas Court
VON CLARK DAVIS               BUTLER COUNTY, OHIO     STATE'S ANSWER TO DEFENDANT's
                                                        REQUEST FOR DISCOVERY
              Defendant   FEB  8 1984     :

                                                  :
                        EDWARD S. ROBB, JR.
        Now comes the Prosecuting Attorney, and to answer the Defendant's
Request for Discovery, received on February 3 , 1984, discloses the following
information:

        A. Statements Discoverable, Criminal Rule 16(B)(1)(a):

           [ X ] The Defendant made no statements, oral or written, which are
known to the State at the present time.

           [   ] The Defendant made a written statement, a copy of which is
attached hereto.

           [   ] The Defendant made an oral statement, the substance of which
is as follows:

        B. Defendant's Prior Criminal Record, Criminal Rule 16(B)(1)(b):

           [   ] The Defendant has no known criminal record.

           [ X ] The Defendant's known criminal record is attached.

        C. Documents and Tangible Objects, Criminal Rule 16(B)(1)(c):

             1.   4 bullets

             2.   4 bullet cases

             3.   photographs of defendant's car

             4.   photographs of 727 Central Avenue, Hamilton, Ohio (attached)

             5.   photographs of Suzette Butler (attached)

             6.   business records of K-Mart (attached)

             7.   gun registration of Mark Lovett (attached)

             8.   .25 caliber pistol

             9.   cloting of Suzette Butler

            10.   driver's license of Mark Lovett (attached)
            11.   copies of conviction entry in prior cases (attached)
            12.   City of Hamilton burglary report (attached)

OFFICE OF
UTING ATTORNEY
R COUNTY, OHIO
F. HOLCOMB
UTING ATTORNEY
ITSCHLER BLDG.
ON, OHIO 45011
867-8722

3/

Page 2

D. <u>Reports of Examinations or Tests</u>, Criminal Rule 16(B)(1)(d):

☐ No tests or experiments were performed in relation to this case.

☒ Copies of such reports are~attached~ will be provided upon receipt.

E. <u>Witnesses Names and Addresses</u>, Criminal Rule 16(B)(1)(e):

The Prosecuting Attorney intends to call the following at trial:

1. See attached list

2. 

3. 

4. 

5. 

6. 

7. 

8. 

9. 

10. 

☐ None of the above has a known felony record of conviction.

☒ Other: Felony record, if any, will be provided at a later date.

F. <u>Criminal Rule</u>, 16(B)(1)(f):

☒ There is no evidence material to guilt or punishment and favorable to any defendant, known to the Prosecuting Attorney as to this case.

☐ Other:

NOTICE: The undersigned represents that the foregoing list of evidence will be considered as notice of the Prosecuting Attorney's intention to use evidence in chief at trial, as requested pursuant to Criminal Rule 12(D)(2).

Upon reasonable notice to the undersigned, inspection and copying of any book, document, recording, photograph or any other tangible object listed above may be accomplished by appointment in the Office of the Prosecuting Attorney.

Any and all requests not reasonably answered by the above are hereby declined as such requests do not come within the purview of Criminal Rules 16 or 12.

JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

By _____

Butler County Courthouse
Hamilton, Ohio 45012
Telephone (513) 867-5722

PROOF OF SERVICE

This is to certify that a copy of the foregoing State's Answer to Defendant's Request for Discovery was sent this 8TH day of February, 198_4_, to counsel for defendant.

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

By _____

STATE OF OHIO                    :        CASE NO.  CR83-12-0614

            Plaintiff           :        IN THE COURT OF COMMON PLEAS
                               FILED in Common Pleas Court STATE OF OHIO, BUTLER COUNTY
vs.                             BUTLER COUNTY, OHIO
                                          M O T I O N
VON CLARK DAVIS                 FEB  8 1984                    IMAGED

            Defendant           :
                               EDWARD S. ROBB, JR.
                                    CLERK

        The State of Ohio, by the Butler County Prosecutor, says that

defendant by ~~request~~/motion obtained discovery from the State under Criminal

Rule 16 (B).

        WHEREFORE, the State now moves the Court for an order requiring

defendant:

        (1)  to permit the Prosecuting Attorney to inspect and copy or

photograph books, papers, documents, photographs, tangible objects, or

copies or portions thereof, available to or within the possession, custody or

control of the defendant and which the defendant intends to introduce in

evidence at the trial, as provided under Criminal Rule 16 (C)(1)(a),

        (2)  to permit the Prosecuting Attorney to inspect and copy or

photograph any results or reports of physical or mental examinations and of

scientific tests or experiments made in connection with the particular case

or copies thereof, available to or within the possession or control of the

defendant, and which the defendant intends to introduce in evidence at the

trial or which were prepared by a witness whom the defendant intends to call

at the trial, when such results or reports relate to his testimony, as

provided under Criminal Rule 16 (C)(1)(b), and

        (3)  to furnish the Prosecuting Attorney a list of the names and

addresses of the witnesses he intends to call at the trial, as provided in

Criminal Rule 16 (C)(1)(c).

                                Respectfully submitted,


                                JOHN F. HOLCOMB
                                PROSECUTING ATTORNEY
                                BUTLER COUNTY, OHIO

                PROOF OF SERVICE

        This is to certify that a copy of the foregoing was mailed to
_____Michael D. Shanks_____, attorney for defendant, this ____ day
of_____February_____, 19_84_.


                                JOHN F. HOLCOMB
                                PROSECUTING ATTORNEY
                                BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

310 RENTSCHLER BLDG.
HAMILTON, OHIO 45011
867-5712

STATE OF OHIO                    :          CASE NO.  CR83-12-0614    IMAGED

          Plaintiff            :          IN THE COURT OF COMMON PLEAS
                                          STATE OF OHIO, BUTLER COUNTY
vs.                            FILED In Common Pleas Court
                              BUTLER COUNTY ORDER
VON CLARK DAVIS                  :
                                          FEB  8 1984
          Defendant           :

                              EDWARD S. ROBB, JR.
          It appearing to the Court that the defendant requested discovery

pursuant to Criminal Rule 16 (B) and it further appearing to the Court that the

State of Ohio has answered said request for discovery and further that the

State of Ohio, by the Butler County Prosecutor, having moved that the

defendant be ordered to provide discovery to the State of Ohio under Criminal

Rule 16 (C).

          IT IS ORDERED that the defendant shall provide discovery to the

State of Ohio as requested in the Motion of the State, and that the defendant

shall comply with this order in writing, that such discovery shall be made

within seven (7) days after defendant obtains discovery or three (3) days before

trial, whichever is earlier, and that such discovery shall be furnished to the

Prosecuting Attorney of Butler County at 310 Rentschler Building, Hamilton, Ohio,

45011.

                                        E N T E R

                                        H. J. Bruen

                                        JUDGE HENRY J. BRUEWER

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
JOHN F. HOLCOMB
PROSECUTING ATTORNEY
310 RENTSCHLER BLDG.
HAMILTON, OHIO 45011
867-5722
33

J 375 P 250

2 -9

STATE OF OHIO                          :     CASE NO.   CR83-12-0614

        Plaintiff                      :     STATE OF OHIO
                                             COUNTY OF BUTLER
vs              FILED in Common Pleas Court  COURT OF COMMON PLEAS
                BUTLER COUNTY, OHIO
VON CLARK DAVIS                              BILL OF PARTICULARS

        Defendant          FEB 4 1984

        : : : :  EDWARD S. ROBB, JR.  : : : : : : : : : : : :
        Now comes John F. Holcomb, Prosecuting Attorney and for a Bill of
Particulars, provides the following:

## COUNT ONE

        On December 12, 1983, Von Clark Davis, purposely, and with prior
calculation and design, caused the death of Suzette Butler by shooting her
four times in the head with a firearm, outside the American Legion Hall at
727 Central Avenue in the City of Hamilton, Butler County, Ohio, in violation
of Ohio Revised Code, Title Aggravated Murder, Section 2903.01(A).

SPECIFICATION I:

        Prior to the said Aggravated Murder committed by the defendant,
Von Clark Davis, the defendant was convicted on April 20, 1971 of Murder in
the Second Degree, an essential element of which was the purposeful killing of
another, to wit: Ernestine Davis, contrary to Section 2901.05 of the Ohio
Revised Code in the Court of Common Pleas of Butler County, Ohio in Case No.
21655, as specified in Section 2929.04(A)(5) of the Ohio Revised Code.

SPECIFICATION II:

        The defendant, Von Clark Davis, had a firearm on or about his
person or under his control while committing the said offense of Aggravated
Murder as specified in Section 2929.71 of the Ohio Revised Code.

## COUNT TWO

        On or about December 12, 1983, the defendant, Von Clark Davis,
knowingly had, carried and used a firearm, specifically a .25 caliber pistol,
in the shooting death of Suzette Butler in the City of Hamilton, Butler County,
Ohio, at which time the defendant, Von Clark Davis, had previously been
convicted of felonies of violence, to wit: Shooting with Intent to Wound,
contrary to Section 2901.23 of the Ohio Revised Code on April 10, 1970, in
Case No. 20938 in the Common Pleas Court of Butler County, Ohio and Murder in
the Second Degree, contrary to Section 2901.05 of the Ohio Revised Code on
April 20, 1971 in Case No. 21655 in the Common Pleas Court of Butler County

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
JOHN F. HOLCOMB
PROSECUTING ATTORNEY

BUTLER COUNTY
COURTHOUSE
P. O. BOX 515
HAMILTON, OHIO 45012

34

IMAGED

Ohio, and the defendant was not relieved from such disability as provided in Section 2923.14 of the Ohio Revised Code, which offense is a felony of the fourth degree, in violation of Section 2923.13(A)(2) of the Ohio Revised Code, Title Having Weapons While Under Disability.

JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

AND:

MICHAEL J. SAGE
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
Butler County Court House
P.O. Box 515
Hamilton, Ohio 45012
Telephone: (513) 867-5722

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Bill of Particulars was mailed by U.S. ordinary mail to Michael D. Shanks, Attorney for Defendant, 315 South Monument Avenue, Hamilton, Ohio, 45011, this 9th day of February, 1984.

MICHAEL J. SAGE
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY
COURTHOUSE
P. O. BOX 515
HAMILTON, OHIO 45012

IMAGED

E.  Witnesses Names and Addresses, Criminal Rule 16(B)(1)(e);

1.  Det. Ron Wells, Hamilton Police Department
2.  Det. Don Gross, Hamilton Police Department
3.  Ptl. Petrak, Hamilton Police Department
4.  Ptl. Essex Shepherd, Hamilton Police Department
5.  Lt. Reid, Hamilton Police Department
6.  Ptl. Ralph Bowman, Hamilton Police Department
7.  Det. Jim Nugent, Hamilton Police Department
8.  Det. E. Logsdon, Hamilton Police Department
9.  Ptl. Gary Thompson, Hamilton Police Department
10. Ptl. R. Shelley, Hamilton Police Department
11. Det. M. Story, Hamilton Police Department
12. Det. Cox, Hamilton Police Department
13. Det. Jerry Weisbrodt, Hamilton Police Department
14. Dr. Richard Burkhardt, Butler County Coroner's Office, Ham., Ohio
15. Tom Marsh, Butler County Coroner's Office, Hamilton, Ohio
16. Mona Aldridge, ███████████ Hamilton, Ohio
17. Anthony Ferguson, ███████████ Hamilton, Ohio
18. Dr. Joseph Brandabur, c/o Mercy Hospital, 116 Dayton Street,
    Hamilton, Ohio
19. Mark Lovette, ███████████ Hamilton, Ohio
20. Vickie Moody, ███████████ Hamilton, Ohio
21. Larry Cecere, ███████████ Fairfield, Ohio
22. Reginald Denmark, ███████████ Hamilton, Ohio
23. Cozette Massey, ███████████ Hamilton, Ohio
24. Wade Coleman, ███████████ Hamilton, Ohio
25. Jo Danna Southern, ███████████ Hamilton, Ohio
26. Phyllis Becker, ███████████ Hamilton, Ohio
27. Ron Wilson, c/o Butler County Gun, 4830 Dixie Highway,
    Fairfield, Ohio



IMAGED

**LEFT RECEIPT:**

PS Form 3811, July 1982

● SENDER: Complete items 1, 2, 3, and 4.
Add your address in the "RETURN TO"
space on reverse.

(CONSULT POSTMASTER FOR FEES)

1. The following service is requested (check one).
   ☐ Show to whom and date delivered ............. $
   ☑ Show to whom, date, and address of delivery... $
2. ☐ RESTRICTED DELIVERY ............. $
   (The restricted delivery fee is charged in addition
   to the return receipt fee.)

CR83 12 0614 Sup. **TOTAL** $

3. ARTICLE ADDRESSED TO:
Karla Stanley
c/o WCPL TV
5 & Central Cincinnati, OH

4. TYPE OF SERVICE:          ARTICLE NUMBER
   ☐ REGISTERED  ☐ INSURED
   ☐ CERTIFIED   ☐ COD        55446
   ☐ EXPRESS MAIL

(Always obtain signature of addressee or agent)
I have received the article described above.

SIGNATURE  ☐ Addressee  ☐ Authorized agent

5. DATE OF DELIVERY          POSTMARK
   2-                        (may be on reverse side)

6. ADDRESSEE'S ADDRESS (Only if requested)

7. UNABLE TO DELIVER BECAUSE:    7a. EMPLOYEE'S
                                 INITIALS

RETURN RECEIPT

☆ GPO: 1982-379-593

**RIGHT RECEIPT:**

PS Form 3811, July 1982

● SENDER: Complete items 1, 2, 3, and 4.
Add your address in the "RETURN TO"
space on reverse.

(CONSULT POSTMASTER FOR FEES)

1. The following service is requested (check one).
   ☐ Show to whom and date delivered ............. $
   ☑ Show to whom, date, and address of delivery... $
2. ☐ RESTRICTED DELIVERY ............. $
   (The restricted delivery fee is charged in addition
   to the return receipt fee.)

CR83 12 0614 Sup **TOTAL** $

3. ARTICLE ADDRESSED TO:
Dick Perry
c/o Cincinnati Post
800 Broadway Cin. OH

4. TYPE OF SERVICE:          ARTICLE NUMBER
   ☐ REGISTERED  ☐ INSURED
   ☐ CERTIFIED   ☐ COD        59445
   ☐ EXPRESS MAIL

(Always obtain signature of addressee or agent)
I have received the article described above.

SIGNATURE  ☐ Addressee  ☐ Authorized agent

5. DATE OF DELIVERY          POSTMARK
   FEB 7  1984               (may be on reverse side)

6. ADDRESSEE'S ADDRESS (Only if requested)
CINCINNATI, OHIO 45202

7. UNABLE TO DELIVER BECAUSE:    7a. EMPLOYEE'S
   35                            INITIALS

RETURN RECEIPT

☆ GPO: 1982-379-593

IMAGED

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO          *     Case No. CR83-12-0614

      Plaintiff,       *

vs.                *     MOTION TO APPOINT COUNSEL

VON CLARK DAVIS

      Defendant.       *

Filed in Common Pleas Court
BUTLER COUNTY, OHIO

FEB 14 1984

***************

EDWARD S. ROBB, JR.
CLERK

Now comes Von Clark Davis, by and through his attorney, Michael D. Shanks, and moves the Court for an order appointing counsel for Defendant upon the grounds that Von Davis is indigent as a matter of law and cannot afford to retain counsel and has no means by which to procure counsel to act on his behalf as to all charges in the above-captioned case as further shown by the affidavit attached hereto and incorporated by reference herein.

Respectfully submitted,

HOLBROCK, JONSON, BRESSLER & HOUSER
Attorneys for Defendant
315 South Monument Avenue
Hamilton, Ohio  45011
Telephone:  (513) 868-7600

By: _____
Michael D. Shanks

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was forwarded by ordinary U.S. Mail Service to Mr. John Holcomb, Butler County Prosecutor, Butler County Courthouse, Hamilton, Ohio this ____13th____ day of February, 1984.

By: _____
(1)  Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

37

IMAGED

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO                              *        Case No. CR83-12-0614
                        FILED in Common Pleas Court
             Plaintiff,    BUTLER COUNTY, OHIO

vs.                                 FEB 14 1984   AFFIDAVIT OF VON CLARK DAVIS

VON CLARK DAVIS                            *
                        EDWARD S. ROBB, JR.
             Defendant.           *    CLERK

                    ***************

STATE OF OHIO, COUNTY OF BUTLER, SS:

        After being first duly sworn and cautioned, Affiant
hereby states and affirms that he presently is unemployed, has no
source of income whatsoever, has no assets which are available to
be sold, nor does he have any financial resources available to
him to retain counsel in the above-captioned case and hereby
requests that the Court appoint counsel on his behalf.

        Further, affiant sayeth naught.


                                    Von Clark Davis
                                    _____
                                    Von Clark Davis


        Sworn to before me and subscribed in my presence this
    ___ day of February, 1984.


                                    _____
                                    Michael D. Shanks, Notary Public

                            MICHAEL D. SHANKS
                            Notary Public, State of Ohio
                            My Commission Has No Expiration Date

HOLBROOK, JONSON,
DRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROOK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

38

IMAGED

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

FEB 1 4 1984

EDWARD S. ROBB, JR.
CLERK

THE STATE OF OHIO

vs:

VON CLARK DAVIS

No. CR 83- 12 - 0619

INDICTMENT FOR

AGGRAVATED . MURDER .

(WITH . SPECS. )

It appearing that the Defendant is in indigent circumstances and unable to employ

counsel, the Court at his request assigns....... MICHAEL D SHANKS

AND JOHN GARRETTSON .........as counsel to defend him.

Approved:

N. Meiner
Judge.

PRINTED BY AMERICAN CONCO.

39 & 40

J 320 P 435

Clk 18-B                                    BARRETT BAO    PUBLISHERS, SPRINGFIELD, OHIO

# Subpena Duces Tecum

IMAGED

### CRIMINAL CASE
#### Revised Code, Sec. 2945.45

**The State of Ohio,** _____Butler_____ **County.**     **Common Pleas Court**

**To the Sheriff of said County:**

*You are hereby commanded to subpena*     Jeanie Houck _____

    c/o Journal News Company

    Court St.

    Hamilton, OH

*to be and appear before the Common Pleas Court at the Court House in said*

*County, on the* 15th *day of* February *A. D. 19* 84 *, at* 9 *o'clock* A *M.,*
*to testify as a witness in a certain case pending in said Court, wherein the State*

*of Ohio prosecutes* _____Von Clark Davis_____ *;*

*and also to bring with you* _____ *, and produce at the time and place aforesaid.*

Copies of all stories printed in Hamilton Journal News regarding

the shooting of Suzette Butler, arrest of Von Clark Davis or any

court proceeding concerning Von Clark Davis or any story printed

by the Hamilton Journal News concerning Von Clark Davis from

December 1, 1983 to present date.

*; and not depart the Court without leave.*

*And therein to fail not, under penalty of the law; and to have then and there this writ.*

*Said Court requires said attendance of said witnesses on behalf of the* Defendant

*WITNESS my hand and the seal of said Court, this*

2nd *day of* February 19 84

Edward S. Robb, Jr.

*By* Beth A. Pamell                    *Clerk*

                                  *Deputy*

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 123

421P
42D

No. CR83 12 0614

Doc. ........... Page ...........

COMMON PLEAS COURT
Butler
........................County, O.

THE STATE OF OHIO
*vs.*

Von Clark Davis

## SUBPENA

For ..... Defendant ........ Witnesses

Returnable ...... February 15 19 84

Michael D. Shanks
*Attorney*

Ret'd and Filed ........... 19 .....

........................... Clerk

By ......................... Deputy

---

RETURN OF SERVICE

I received this writ on the 2 day of July 1984, at 10:10 o'clock M., and served the following persons named therein:

| NAMES OF WITNESSES | Miles | How Served |
|---|---|---|
| Jeanie Houck C/o Journal News | 2 | R |
| | | |

### SHERIFF FEES

| | |
|---|---|
| Serv. & Ret. 25c. ea name, | 1 00 |
| Mileage......mi. at 8c. | 65 |
| Total | 1 65 |

R.R. Walton, Jr. *Sheriff*
By C. Walther *Deputy*

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

Clk 18-B                                    BARRETT ₐ₅ PUBLISHERS, SPRINGFIELD, OHIO

# Subpena Duces Tecum
## CRIMINAL CASE
Revised Code, Sec. 2945.45

IMAGED

The State of Ohio,    Butler    County.    Common Pleas Court

To the Sheriff of said County:

*You are hereby commanded to subpena*    John Clark

     c/o Cincinnati Enquire

     110 North Third St.

*to be and appear before the Common Pleas Court at the Court House in said*

*County, on the* 15th *day of* February *A. D. 19* 84 *at* 9 *o'clock* A. *M.,*
*to testify as a witness in a certain case pending in said Court, wherein the State*

*of Ohio prosecutes* Von Clark Davis ;

*and also to bring with* you *, and produce at the time and place aforesaid.*

     Copies of all stories printed in Cincinnati Enquire regarding the

     shooting of Suzette Butler, arrest of Von Clark Davis or any court

     proceeding concerning Von Clark Davis or any story printed

     by the Cincinnati Enquire concerning Von Clark Davis from December 1,

     1983 to present date.

*; and not depart the Court without leave.*

*And therein to fail not, under penalty of the law; and to have then and there this writ.*

*Said Court requires said attendance of said witnesses on behalf of the* Defendant

       *WITNESS my hand and the seal of said Court, this*

       2nd *day of* February 19 84

       Edward S. Robb, Jr.

          *Clerk*

     *By* Beth A. Panuell

          *Deputy*

421P
42D

*CR*

~~CV83 12 0614~~
No.

Doc. _____ Page _____

## COMMON PLEAS COURT

Butler _____ County, O.

## THE STATE OF OHIO

*vs.*

Von Clark Davis

## SUBPENA

For Defnedant _____ Witnesses

Returnable __ Feburary 15, 1984

Michael D. Shanks

_____ Attorney

Ret'd and Filed _____ 19 __

_____ Clerk

By _____
_____ Deputy

## RETURN OF SERVICE

I received this writ on the ___ day
of _____ 19 84, at 10:10
o'clock __ M., and served the following
persons named therein:

| NAMES OF WITNESSES | Miles | How Served |
|---|---|---|
| John Clark | 2 | R |
| C/O Cinti Enquirer | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

### SHERIFF FEES

| | | |
|---|---|---|
| Serv. & Ret. 25c. ea name, | 1 | 00 |
| Mileage ____ mi. at 8c. | | 65 |
| Total - | 1 | 65 |

R R Walton, Jr. _____ Sheriff
By C Walther _____ Deputy

DARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 125

2-15-84

IMAGED

STATE OF OHIO                    :        CASE NO. CR83-12-0614

          Plaintiff [???] n Common Pleas Court     STATE OF OHIO
                    BUTLER COUNTY, OHIO            COUNTY OF BUTLER
vs                                :               COURT OF COMMON PLEAS

VON CLARK DAVIS          FEB 1 5 1984:            C E R T I F I C A T E

          Defendant
                    EDWARD S. ROBB, JR.
          : : : : : : : : : : CLERK : : : : : : : : :

          It appearing to the Court that Anthony Furgeson, now living in the

State of Georgia, a male person, is a witness in a criminal pre-trial hearing

before the Butler County Common Pleas Court on February 15, 1984 and Anthony

Furgeson having appeared as ordered in said criminal prosecution and his

attendance having been for one (1) day on February 15, 1984, Anthony Furgeson

having appeared through the Uniform Act to Secure the Attendance of Witnesses

pursuant to Section 2939.37 of the Ohio Revised Code,

          IT IS, THEREFORE, ORDERED that the Auditor of Butler County, Ohio

issue a check in the name of Anthony Furgeson, in the amount of Two Hundred and

Ninety Dollars ($290.00), which total amount includes 1500 miles at ten cents

(10¢) per mile for mileage from the State of Georgia to the State of Ohio;

Twenty-Five Dollars ($25.00 for testifying one day and traveling four days and

One Hundred Twenty Dollars ($120.00) for food and lodging for four days, in

said cause, which is reasonable cost of transportation for this out-of-state

witness, and further that said check shall cover the return trips to the State

of Georgia, and further that said witness being and is a necessary witness in

this criminal prosecution in the charges filed against said defendant, Von Clark

Davis, to wit:  Aggravated Murder with Specifications, contrary to Section

2903.01(A) of the Ohio Revised Code and said cost is determined as criminal

costs and payable by the Auditor of the State of Ohio under the Criminal Cost

Subsidy Program.

          IT IS, FURTHER ORDERED that the Auditor of Butler County, Ohio issue

forthwith said check.

                              E N T E R

                              BRUEWER, J.

APPROVED:

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY        JOHN F. HOLCOMB
                            PROSECUTING ATTORNEY
BUTLER COUNTY               BUTLER COUNTY, OHIO
COURTHOUSE
P. O. BOX 515
HAMILTON, OHIO 45012

41

                    J 325  P 468

IMAGED

STATE OF OHIO                          :        CASE NO.  CR83-12-0614

        Plaintiff              :        STATE OF OHIO
                    Filed in Common Pleas Court  COUNTY OF BUTLER
vs                    BUTLER COUNTY, OHIO    COURT OF COMMON PLEAS

VON CLARK DAVIS          FEB 24 1984:        E N T R Y

        Defendant              :
                    EDWARD S. ROBB, JR.
        : : : : : : : : : : : CLERK : : : : : : : : :

        On February 23, 1984 the defendant, Von Clark Davis and his attorney

appeared in open court. After having had his rights to a speedy trial fully

explained to the defendant, the defendant waived his right to a speedy trial

in open court and on the record.

        IT IS, HEREBY ORDERED that the previously scheduled trial date of

February 23, 1984 is vacated, that the defendant has waived his right to a

speedy trial, and that this case is hereby set for trial on May 9, 1984 at

9:00 a.m.

                                E N T E R

                                BRUEWER, J.

APPROVED:


JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

BUTLER COUNTY
COURTHOUSE
P. O. BOX 515
HAMILTON, OHIO 45012

J 375 P 808

IMAGED

STATE OF OHIO                          :        CASE NO. CR83-12-0614

     Plaintiff                    :        STATE OF OHIO
                                                COUNTY OF BUTLER
vs              FILED in Common Pleas Court      COURT OF COMMON PLEAS
                BUTLER COUNTY, OHIO
VON CLARK DAVIS                        :            ENTRY ORDERING
                                                SPECIAL VENIRE PURSUANT
    Defendant     FEB 24 1984     :       TO O.R.C. 2945.18

: : : EDWARD S. ROBB, JR. : : : : : : : : : :
                    CLERK
        It appearing to the Court that the defendant was Indicted for a

capital offense, to wit: Aggravated Murder in violation of Section 2903.01(A)

of the Ohio Revised Code, it is therefore

        ORDERED, pursuant to Ohio Revised Code Section 2945.18, that the

Clerk shall draw a special venire of seventy-five (75) names of persons to be

summoned for jury service herein, and that the Clerk shall issue said special

venire to the Sheriff of Butler County for service of summons, ordering the

venire to appear on the date fixed for trial, to wit:    May 9th , 1984, at

9:00 a.m.

        IT IS, FURTHER ORDERED that the Sheriff shall serve and return the

said venire at least fifteen (15) days prior to the date fixed for trial, and

shall serve a copy of said venire and return upon the Prosecuting Attorney and

defense counsel, Michael D. Shanks, at least three (3) days before trial.

                                    E N T E R

                                    _____
                                    BRUEWER, J.

APPROVED:


JOHN A. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

510 RENTSCHLER BLDG.
HAMILTON, OHIO 45011
867-5722

J 375 P 810

IMAGED

STATE OF OHIO                                          CASE NO.  CR83-12-0614

         Plaintiff FILED IN Common Pleas Court
             BUTLER COUNTY, OHIO :       STATE OF OHIO
                                  COUNTY OF BUTLER
VS                       FEB 24 1984  :       COURT OF COMMON PLEAS

VON CLARK DAVIS                         :       ENTRY ORDERING ADDITIONAL
             EDWARD S. ROBB, JR.           SPECIAL VENIRE PURSUANT
       Defendant     CLERK  :          TO O.R.C. 2945.19

: : : : : : : : : : : : : : : : : : : : : :

        It appearing to the Court that the defendant was Indicted for a
capital offense, to wit: Aggravated Murder in violation of Section 2903.01(A)
of the Ohio Revised Code, and it further appearing to the Court upon the motion
of the Prosecuting Attorney that it may become necessary to summon talesmen in
addition to the venire summoned pursuant to Ohio Revised Code Section 2945.18,
it is therefore

        ORDERED, pursuant to Ohio Revised Code Section 2945.19, that the
Clerk shall draw an additional special venire of fifty (50) names of persons to
be summoned for jury service, and that the Clerk shall issue said additional
special venire to the Sheriff of Butler County for service of summons, ordering
the additional special venire to appear on   May 9th , 1984 at 9:00 a.m.

        IT IS FURTHER ORDERED that the Sheriff shall serve and return the
said venire at least fifteen (15) days prior to the date fixed for trial, being
May 9th    , 1984, and shall serve a copy of said venire and return upon the
Prosecuting Attorney and defense counsel, Michael D. Shanks, at least three (3)
days before trial.

                          E N T E R

                          BRUEWER, J.

APPROVED:

JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
JOHN F. HOLCOMB
PROSECUTING ATTORNEY
310 RENTSCHLER BLDG.
HAMILTON, OHIO 45011
867-3722

44

J 325 P 809

CR83-12-0614

CC84-4

In The Court of Common Pleas of ___Butler___ County

IMAGED

State of Ohio,                    :
    Plaintiff,                    :        Notice to Supreme Court of
                                  :        Ohio of Filing of Indictment
    v.                            :        Charging Aggravated Murder
                                  :        with Specification(s) of
VON CLARK DAVIS _____            :        Aggravting Circumstances
    Defendant.                    :        [R.C. 2929.021(A)]
                                  :

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

JAN    6 1984

EDWARD S. ROBB, JR.
               CLERK

Name of defendant:      VON CLARK DAVIS

The court in which the case will be heard:

             COURT OF COMMON PLEAS OF BUTLER COUNTY
             HENRY J. BRUEWER, JUDGE PRESIDING

Case number(s):

             CASE NO. CR83-12-0614

Date on which indictment was filed:

             January 6, 1984

                   EDWARD S. ROBB, JR. _____
                   Clerk of Courts of ___Butler___ County
                   Date:   January 6, 1984

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

MAR  5 1984

EDWARD S. ROBB, JR.
               CLERK

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 130

Clk. 20-A

May 9th, 1984
BA... TT BRO... ..., PUBLISHERS, SPRINGFIELD, OHIO

## VENI... FOR     Special Petit     JURORS

Revised Code, Sec. 2313.01 to .21

IMAGED

The State of Ohio, .........Butler...............County.     Common Pleas Court

To the Sheriff of said County:
*We command you that without delay you summon*

| No. | NAME | RESIDENCE | When Served | How Served | No. of Miles |
|-----|------|-----------|-------------|------------|--------------|
| A 1 | Michael E. Evans | . Fairfield | 3/9 | P | 15 |
| A 2 | Kathy Scott | . Westchester | 3/9 | P | 30 |
| A 3 | Genia Reeves | Middletown, Ohio | 3/9 | P | 8 |
| A 4 | Katherine Campbell | Hamilton | 3/12 | R | 20 |
| A 5 | Patricia Holzmacher | Hamilton | 3/12 | R | 16 |
| A 6 | Mary A. Manson | Hamilton | 3/9 | R | 15 |
| A 7 | Sandra L. McDonough | . Fairfield | 3/9 | R | 15 |
| A 8 | Linda J Brock | Hamilton | 3/9 | P | 5 |
| A 9 | John C. Miller | Hamilton | 3/9 | P | 5 |
| A 10 | Rollan C. Ferguson | Middletown, Ohio | 3/9 | NF | 2 |
| A 11 | Rita Tannreuthee | Trenton | 3/9 | R | 8 |
| A 12 | Rita Chamberlain | . Trenton | 3/9 | R | 8 |
| A 13 | Joyce A. Cepluch | Hamilton | 3/9 | R | 5 |
| A 14 | Virginia F Smith | Hamilton | 3/9 | P | 5 |
| A 15 | Mary E. Fischesser | Hamilton | 3/9 | P | 5 |
| A 16 | Karen E. Flaig | Hamilton | 3/12 | P | 10 |
| A 17 | Kenneth Fey | Hamilton | 3/12 | R | 18 |
| A 18 | Mary Litherland | Trenton | 3/9 | R | 8 |
| A 19 | Kathryn Dillhoff | Oxford | 3/12 | R | 30 |
| A 20 | Clara Mohr | Hamilton | 3/12 | R | 2 |
| A 21 | Joseph J. Kunka | Hamilton | 3/12 | R | 6 |
| A 22 | George B Colvin | Middletown, Ohio | 3/9 | R | 8 |
| A 23 | Susan M. Evans | Middletown, Ohio | 3/9 | R | 8 |
| A 24 | Carl W. Campbell | Hamilton | 3/12 | P | 8 |
| A 25 | Linda Colwell | Trenton | 3/12 | P | 18 |
| A 26 | Phyllis Mays | Hamilton | 3/9 | P | 15 |
| A 27 | David Stewart | Oxford | 3/12 | P | 38 |
| A 28 | Florence Hoover | Oxford | 3/12 | P | 38 |
| A 29 | Tracy Schutte | Hamilton | 3/12 | R | 20 |
| A 30 | Karen Roberts | Oxford | 3/12 | MOVED NF | 2. |
| A 31 | Janet D Seipel | Middletown, Ohio | 3/9 | R | 8 |

| No. | NAME | RESIDENCE | When Served | How Served | No. of Miles |
|---|---|---|---|---|---|
| A 32 | Patricia Repyneck | Middletown, Ohio | 3/9 | P | 8 |
| A 33 | Joseph M Day Jr | Middletown, | 3/9 | R | 8 |
| A 34 | Elizabeth A Kimberlin | Middletown | 3/9 | R | 8 |
| A 35 | Harold Turner | Middletown, | 3/9 | P | 8 |
| A 36 | William D. Day | . Hamilton | 3/12 | R | 12 |
| A 37 | Norma White | . Middletown | 3/11 | R | 30 |
| A 38 | Jonathan Wabrick | Oxford | 3/11 | R | 22 |
| A 39 | Arlene South | Middletown | 3/9 | P | 8 |
| A 40 | John A Balaz | Middletown | 3/9 | R | 8 |
| A 41 | Kay L. Robinson | Fairfield | 3/9 | P | 15 |
| A 42 | Paula K. Bryant | Hamilton | 3/11 | R | 4 |
| A 43 | Sherry Schifrin | Westchester | 3/9 | P | 30 |
| A 44 | Marie Fox | Middletown | 3/9 | NF | 2 |
| A 45 | Rodney Linkous | | 3/11 | R | 20 |
| A 46 | Marilynn Current | Trenton | 3/9 | R | 8 |
| A 47 | Penny J Barnes | Fairfield | 3/9 | P | 15 |
| A 48 | Ruie Clarke | Westchester | 3/9 | R | 30 |
| A 49 | Katherine A Stephens | Middletown | 3/9 | R | 8 |
| A 50 | Judith Murtaught | Westchester | 3/9 | P | 30 |
| A 51 | Linda A Kramer | Hamilton | 3/11 | R | 4 |
| A 52 | Lois J. Snodgrass | | 3/9 | P | 15 |
| A 53 | Dorothy L Vornheder | Hamilton | 3/9 | P | 5 |
| A 54 | Nena Back | Middletown | 3/9 | R | 8 |
| A 55 | Glenn F. Dixon | Middletown | 3/9 | P | 8 |
| A 56 | Phyllis DeMass | Oxford | 3/11 | R | 20 |
| A 57 | Ida Peck | . Middletown | 3/9 | NF | 2 |
| A 58 | Scott Clark | . Somerville | 3/11 | R | 24 |
| A 59 | Jeri Williams | Westchester | 3/9 | NF | 2 |
| A 60 | Betty K. Mahany | Middletown | 3/9 | P | 8 |
| A 61 | Anthony Mislovich | Middletown | 3/9 | R | 8 |
| A 62 | Dale R. Suttmiller | Fairfield | 3/9 | P | 15 |
| A 63 | Gayle A. Weber | Fairfield | 3/9 | NF | 2 |
| A 64 | Barbara Allen | Hamilton | 3/12 | R | 4 |
| A 65 | Alice Forbes | West Chester Rd. Westchester | 3/9 | R | 30 |
| A66 | Edward T Hagins | Fairfield | 3/9 | P | 15 |
| A67 | Wendle Howland | Monroe | 3/9 | R | 8 |



| A | | | | | | |
|---|---|---|---|---|---|---|
| A | Debra Ferry | | Hamilton | 3/11 | 1 | 30 |
| A69 | Clinton Murphy | | ddletown 3/9 | NF DAMAGED | 2 |
| A70 | Theresa Hornsby | | Oxford | 3/11 | P | 30 |
| A71 | Molly F Dallmer | | Hamilton | 3/9 | R | 5 |
| A72 | Betty M Terhune | | Middletown | 3/9 | P | 8 |
| A73 | Hugh A. Thompson | | Fairfield | 3/9 | P MOVED | 15 |
| A74 | David L. Ripberger | | Fairfield | 3/9 | NF | 2 |
| A75 | Lizabeth E Lukes | | Fairfield | 3/9 | P | 15 |

I CERTIFY THE WITHIN TO BE A
TRUE COPY OF THE ORIGINAL FILED
March 20 19 84
EDWARD S. ROBB, JR.
Butler County Clerk of Courts
Deputy

MAR 2 0 1984
EDWARD S. ROBB, JR.
CLERK

RECEIVED
CIVIL DIVISION
To be and appear before the Common Pleas Court of said County at the Court

House therein, on ___Wednesday___ 84 MAR 0  AM: 30 ___the___ 9th ___day of___

___May___ 19 84, at 9:00 A.M. ___o'clock___

BUTLER COUNTY OHIO
in the forenoon and so from day to day until discharged, then and there to serve as

___Special Petit___ JURORS

And how you shall execute this writ  make appear to our said Court on the 3

day of ___May___ 19 84 and have you then and there this writ.

WITNESS our signatures this ___7___ day of ___March___ 1984

to the foregoing Venire, and to our Certificate which we hereby make, that the re-

quirements of the Jury Code have been complied ___[signature]___

___Clerk___

By ___[signature]___
___Deputy___

s/ ___Robert R Walton, Jr___
___Sheriff___

By ___Ruth Prather___
___Deputy___

___[signature]___
___Judge___

___[signature] Huelsekman___
___Jury Commissioner___

___[signature]___
___Jury Commissioner___

SHERIFF'S RETURN

I received this venire on the ___8___ day of ___March___ 19 84 at

___11:30___ o'clock ___A.M.___, and served the same on the persons therein named, against

whose names the service is indicated.

___[signature]___
___Sheriff___

By ___[signature]___
___Deputy___

CR83 12 0614
Special
___January___ Term, 19 84

COMMON PLEAS COURT

___Butler___ County, O.

VENIRE FOR

Petit (SPECIAL) JURORS

Returnable ___19___

Returned and Filed ___19___

___Clerk___

By ___Deputy___

State of Ohio
vs
Von Clark Davis

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

Special May 9, 1984

Clk. 20-A

# VENIRE FOR Special Petit JURORS



Revised Code, Sec. 2313.01 to .21

The State of Ohio, Butler County. Common Pleas Court

To the Sheriff of said County:
*We command you that without delay you summon*

| o. | NAME | RESIDENCE | When Served | How Served | No. of Miles |
|---|---|---|---|---|---|
| B 1 | Louise I. Riddle | Hamilton | 3/11 | P | 5 |
| B 2 | Daniel T. Pleiman | Fairfield | 3/11 | P | 10 |
| B 3 | Keith Maddock | Corner Oh 45003 | 3/10 | P | 40 |
| B 4 | Michael Hollstegge | Westchester | 3/11 | R | 32 |
| B 5 | Frances Martin | Middletown | 3/9 | R | 8 |
| B 6 | Charles Dennis | Middletown | 3/9 | R | 8 |
| B 7 | Richard A Wirmel | Hamilton | 3/10 | P | 8 |
| B 8 | Terry L. Roark | Hamilton | 3/10 | R | 6 |
| B 9 | Louis Ruffin | Oxford | 3/10 | R | 32 |
| B 10 | Veronica Mealey | Middletown | 3/9 | P | 8 |
| B 11 | Deborah K Mitchell | Middletown | 3/9 | R | 8 |
| B 12 | Alan Cardin | Hamilton | 3/11 | R | 10 |
| B 13 | Ruby Baker | . Oxford | 3/10 | R | 32 |
| B 14 | Molly McQuillan | Cin Oh 45241 | 3/11 | P | 32 |
| B 15 | Sophia Fleenor | Hamilton | 3/10 | R | 20 |
| B 16 | James P. Bryant | Hamilton | 3/10 | NF | 2 |
| B 17 | Barbara Moore | Middletown | 3/9 | R | 8 |
| B 18 | Gary L Gross | Middletown | 3/9 | R | 8 |
| B 19 | Estes Isaacs | Overpeck Oh 45055 | 3/10 | P | 15 |
| B 20 | Marjorie Powers | Middletown | 3/9 | R | 8 |
| B 21 | Gary Hatton | Oxford | 3/10 | NF | 2 |
| B 22 | Connie L King | Middletown | 3/9 | P | 8 |
| B 23 | Mary P Singhoffer | . Middletown | 3/9 | P | 8 |
| B 24 | Winnifred Akers | Westchester | 3/11 | P | 32 |
| B 25 | Michaele A. Grevey | Hamilton | 3/10 | P | 10 |
| B 26 | Marilyn Boerio | Westchester | 3/11 | P | 32 |
| B 27 | Robert A Hamm | Fairfield | 3/11 | P | 30 |
| B 28 | Lucille Smith | Fairfield | 3/11 | P | 10 |
| B 29 | Carol Campbell | Middletown | 3/11 | R | 14 |
| B 30 | Kenneth Mills Sr | Hamiiton | 3/11 | R | 4. |
| B 31 | Delbert S Akers Sr | Hamilton | 3/11 | P | 4 |

| No. | NAME | RESIDENCE | When Served | How Served | No. of Miles |
|---|---|---|---|---|---|
| B 32 | Robert W. Hawkins | ███████ Hamilton | 3/10 | MOVED N F | 2 |
| B 33 | Wilma J. Richardson | ███████ Hamilton | 3/11 | R | 6 |
| B 34 | Shirley D . Kollstedt | ███████ Hamilton | 3/11 | P | 6 |
| B 35 | Ernestien Johnson | ████ ██ Hamilton | 3/11 | N F | 2 |
| B 36 | Linda Lairson | ██ ████████ Hamilton | 3/10 | R | 15 |
| B 37 | Emily R. Riechers | █████████ Hamilton | 3/10 | R | 4 |
| B 38 | Martha A Hudgens | ██████ ███ Hamilton | 3/11 | R | 6 |
| B 39 | Nancy Fuller | ████████ Hamilton | 3/10 | R | 10 |
| B 40 | Brenda Mays | █████████ Hamilton | 3/10 | R | 4 |
| B 41 | Arne T. Seversen | █████████ Hamilton | 3/10 | R | 6 |
| B 42 | Joseph Lewis | ██ ██ ███████ ██ Oxford | 3/10 | N F | 20 |
| B 43 | Raymond M. Mingua | █████████ Hamilton | 3/10 | R | 6 |
| B 44 | Leonard Rockwell | ██████████ Middletown | 3/9 | R | 8 |
| B 45 | Joan Langfritz | █████████ Westchester | 3/11 | R | 24 |
| B 46 | Rosa Wolfinbarger | ██████ . Hamilton | 3/1 | R | 10 |
| B 47 | Catherine A Patrick | ████ ███ Hamilton | 3/10 | R | 4 |
| B 48 | David F Caldwell | ████████ Middletown | 3/9 | R | 8 |
| B 49 | Dorthy Burckey | █████ ████████ Hamilton | 3/10 | R | 10 |
| B 50 | Marion Forrest Jr | ███████ █ ██ Middletown | 3/9 | R | 8 |
| 51 | | | | | |
| 52 | | | | | |
| 53 | | | | | |
| 54 | | | | | |
| 55 | | | | | |
| 56 | | | | | |
| 57 | | | | | |
| 58 | | | | | |
| 59 | | | | | |
| 60 | | | | | |
| 61 | | | | | |
| 62 | | | | | |
| 63 | | | | | |
| 64 | | | | | |
| 65 | | | | | |
| 66 | | | | | |
| 67 | | | | | |

RECEIVED
CIVIL DIVISION

To be and appear before the Common Pleas Court of said County at the Court

House therein, on ____ the 9th _____ day of

_____ May _____ 19 84, at 9:00 A.M. o'clock

in the forenoon and so from day to day until discharged, then and there to serve as
ROBERT R. WALTON SR.

_____ Special ____ Petit _____ JURORS

And how you shall execute this writ make appear to our said Court on the 3

day of may _____ 19 84 and have you then and there this writ.

WITNESS our signatures this 7 day of _____ March _____ 19 84

to the foregoing Venire, and to our Certificate which we hereby make, that the re-

quirements of the Jury Code have been complied with

_____
                                    Clerk

By _____
                                    Deputy

s/ Robert R Walton, Jr.
                                    Sheriff

By Ruth Prather
                                    Deputy

_____
                                    Judge

_____
                                    Jury Commissioner

Annabelle Mathis
                                    Jury Commissioner

SHERIFF'S RETURN

I received this venire on the 3 day of March _____ 19 84 at

11:30 o'clock M., and served the same on the persons therein named, against

whose names the service is indicated.

_____
                                    Sheriff

By _____
                                    Deputy

CR83 12 0612
Special Jan Term, 19 84
COMMON PLEAS COURT
Butler County, O.
VENIRE FOR
Special Petit JURORS
urnable 19
Returned and Filed 19
Clerk
Deputy

State of Ohio
vs
Clark Davis

STATE OF Ohio
- V -
VON CLARK DAVIS

CR83-12-0614

FILED in Common Pleas Court
BUTLER COUNTY, OHIO
MAR 22 1984
EDWARD S. ROBB, JR.
CLERK

Received the Special Venires on the 8th day of March, 1984 at 11:30AM and
served the jurors in the manner and on the dates indicated and on the
20th day of March, 1984 the defendant Von Clark Davis was served a
certified copy of the special Venires, personally, by Deputy Donald
Smith and on the 20th day of March, 1984 a certified copy of the
Special Venires was mail by regular mail to the defendant's attorney,
Michael Shanks, also on the 20th day of March, 1984 a certified copy was
served on the Prosecutor.

Robert R. Walton, Sr., Sheriff

_____ Deputy

ROBERT R. WALTON SR.
BUTLER COUNTY OHIO
SHERIFF

84 FEB 24 P3: 19

CIVIL DIVISION
RECEIVED

IMAGED

STATE OF OHIO               :     CASE NO.  CR83-12-0614

      Plaintiff              :     STATE OF OHIO
                              COUNTY OF BUTLER
vs     [FILED] In Common Pleas Court     COURT OF COMMON PLEAS
        BUTLER COUNTY, OHIO

VON CLARK DAVIS           :     ENTRY ORDERING
        FEB 24 1984            SPECIAL VENIRE PURSUANT
      Defendant            :     TO O.R.C. 2945.18

   : : EDWARD S. ROSS, JR. : : : : : : : : : : : :
             CLERK

It appearing to the Court that the defendant was Indicted for a capital offense, to wit:  Aggravated Murder in violation of Section 2903.01(A) of the Ohio Revised Code, it is therefore

ORDERED, pursuant to Ohio Revised Code Section 2945.18, that the Clerk shall draw a special venire of seventy-five (75) names of persons to be summoned for jury service herein, and that the Clerk shall issue said special venire to the Sheriff of Butler County for service of summons, ordering the venire to appear on the date fixed for trial, to wit:  May 9th , 1984, at 9:00 a.m.

IT IS, FURTHER ORDERED that the Sheriff shall serve and return the said venire at least fifteen (15) days prior to the date fixed for trial, and shall serve a copy of said venire and return upon the Prosecuting Attorney and defense counsel, Michael D. Shanks, at least three (3) days before trial.

                          E N T E R

                          BRUEWER, J.

APPROVED:

JOHN A. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

# THE STATE OF OHIO, BUTLER COUNTY, ss.

• • •

IMAGED

### To the Sheriff of Butler County, Greeting:

*WE COMMAND that you give notice to* James Cooney,

William Fister, Shelly Robertson, Wade Coleman

*if* They *may be found in your bailwick, severally to be and appear in proper*

*person before the Judge of our Court of Common Pleas, at Hamilton, on the* 9th

*day of* May *A. D., 19 84., at 9 o'clock A.M., to give evidence and the truth*

*to say, between*

*State of Ohio, and* Von Clark Davis

*Defendant , on the part of said*

Defendant *then and there to be tried, and not depart without leave; therefore,*
*you are nowise to fail under penalty of one hundred dollars and have you then and there*
*this writ.*

*WITNESS my hand and the seal of said Court at Hamilton, this* 18th

*day of* April *19 84.*

**EDWARD S. ROBB, JR.**
*Clerk of Common Pleas Court*

By _____ *Deputy*

CC-100-L

THE STATE OF OHIO, BUTLER COUNTY, ss.

*Received this Writ on the* ........ 18 ........ *day of* ........ April ........ *A. D., 19* 84

*and on the* ............................. *day of* ..................................... *A. D., 19* ......., *I served the same by*

*handing a true copy thereof with the endorsement thereon to said* ...........................................

...................................................................................................................................................

*and on the* ........ 18 ........ *day of* ........ April ........ *A. D., 19* 84., *I served by leaving a*

*true copy thereof with the endorsement thereon at the usual place of residence of said* ..............

...................................................................................................................................................

.............................................................., *Sheriff*

*By* ................................................, *Deputy*



# THE STATE OF OHIO, BUTLER COUNTY, ss.

• • •

**To the Sheriff of Butler County, Greeting:**

*WE COMMAND that you give notice to* Elbert Avery

Dayton, OH

*if* He *may be found in your bailwick, severally to be and appear in proper person before the Judge of our Court of Common Pleas, at Hamilton, on the* 9th *day of* May *A. D., 19* 84 *at 9 o'clock A.M., to give evidence and the truth to say, between*

*State of Ohio, and* Von Clark Davis

*Defendant , on the part of said*

*Defendant then and there to be tried, and not depart without leave; therefore, you are nowise to fail under penalty of one hundred dollars and have you then and there this writ.*

*WITNESS my hand and the seal of said Court at Hamilton, this* 18th *day of* April *19* 84

**EDWARD S. ROBB, JR.**
*Clerk of Common Pleas Court*
*By* Deputy

CC-100-L



**THE STATE OF OHIO, BUTLER COUNTY, ss.**

*Received this Writ on the 23rd day of April A. D., 19 84*

*and on the 25th day of April A. D., 19 84, I served the same by*

*handing a true copy thereof with the endorsement thereon to said*

*Elbert Avery, Personally*

*and on the.................day of.................A. D., 19.......I served by leaving a*

*true copy thereof with the endorsement thereon at the usual place of residence of said.................*

SERVICE 1.00    .80
MILEAGE 1.60    .90
POSTAGE .20
     2.80

TOM WILSON, Sheriff ........., *Sheriff*

By Dep. Ronald P. Jones , *Deputy*

IMAGED

STATE OF OHIO                              :        CASE NO. : CR83-12-0614

        Plaintiff        **FILED in Common Pleas Court** STATE OF OHIO
                        **BUTLER COUNTY, OHIO** COUNTY OF BUTLER
vs                                                  COURT OF COMMON PLEAS

VON CLARK DAVIS              **APR 20 1984**        ENTRY ORDERING ADDITIONAL
                                   SPECIAL VENIRE PURSUANT
        Defendant      **EDWARD S. ROBB, JR.**   TO O.R.C. 2945.19
                           **CLERK**

: : : : : : : : : : : : : : : : : : : : : : : :

    It appearing to the Court that the defendant was Indicted for a
capital offense, to wit: Aggravated Murder, in violation of Section 2903.01(A)
of the Ohio Revised Code, and it further appearing to the Court upon the motion
of the Prosecuting Attorney that it may become necessary to cummon talesmen in
addition to the venire summoned pursuant to Ohio Revised Code Section 2945.18,
it is therefore

    ORDERED, pursuant to Ohio Revised Code Section 2945.19, that the
Clerk shall draw an additional special venire of seventy-five (75) names of
persons to be summoned for jury service, and that the Clerk shall issue said
additional special venire to the Sheriff of Butler County for service of summons
ordering the additional special venire to appear on May 9th, 1984 at 9:00 a.m.

    IT IS FURTHER ORDERED that the Sheriff shall serve and return the
said venire at least fifteen (15) days prior to the date fixed for trial, being
May 9, 1984, and shall serve a copy of said venire and return upon the
Prosecuting Attorney and defense counsel, Michael D. Shanks, at least three (3)
days before trial.

                     E N T E R

                     BRUEWER, J.

APPROVED:

JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

J 378 P 223

IMAGED

STATE OF OHIO                                           CASE NO.  CR83-12-0614
                        FILED in Common Pleas Court
            Plaintiff   BUTLER COUNTY, OHIO             STATE OF OHIO
                                                        COUNTY OF BUTLER
vs                          APR 20 1984                 COURT OF COMMON PLEAS

VON CLARK DAVIS                                         SUPPLEMENTAL DISCOVERY
                        EDWARD S. ROBB, JR.
            Defendant          CLERK

            : : : : : : : : : : : : : : : : : : : : : : : :

        Now comes John F. Holcomb, Prosecuting Attorney, and as Supplemental

Discovery, provides as follows:

        C.  Documents and Tangible Objects, Criminal Rule 16(B)(1)(c):

            1.  Photographs of car (copy attached)

            2.  Purse of Suzette Butler

            3.  box of .25 caliber PCM Bullets

            4.  Police reports dated December 9, 1983 and
                December 10, 1983

        D.  Reports of Examinations or Tests, Criminal Rule 16(B)(1)(d):

        Coroner's report attached hereto

        E.  Witnesses Names and Addresses, Criminal Rule 16(B)(1)(e):

            1.  Bonita Tipton,            Fairfield, Ohio

            2.  Ron Williams,                    , Fairfield, Ohio

            3.  Capt. Richard Carpenter, Hamilton Police Department

            4.  Clerk of Courts, Butler County, Ohio

            5.  Ron Dye, B.C.I. Central Lab., London, Ohio

            6.  Tom Nicholson, B.C.I. Central Lab., London, Ohio

            7.  Sgt. James Schmitz, Hamilton Police Department

        Witness Anthony Furgeson was convicted in November, 1973 of Breaking

and Entering in the Daytime and Larceny.

                                        JOHN F. HOLCOMB
                                        PROSECUTING ATTORNEY
                                        BUTLER COUNTY, OHIO

                                        BY

                                        MICHAEL J. SAGE
                                        ASSISTANT PROSECUTING ATTORNEY
                                        BUTLER COUNTY, OHIO
                                        Butler County Court House
                                        P.O. Box 515
                                        Hamilton, Ohio  45012
                                        Telephone:  (513) 867-5722

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
JOHN F. HOLCOMB
PROSECUTING ATTORNEY

BUTLER COUNTY
COURTHOUSE
P. O. BOX 515
HAMILTON, OHIO 45012

CR. 312

BARNETT BROS. PUBLISHERS, SPRINGFIELD, OHIO

## Precipe for Subpena—In State Case

IMAGED

THE STATE OF OHIO

*vs.*                    *Plaintiff*

No. CR83-12-0614

VON CLARK DAVIS

*Defendant*

COMMON PLEAS COURT

*To the Clerk:— Issued subpena for*

RESIDENCE

1  James Cooney

Attorney at Law, 723 Dayton Street
Hamilton, Ohio

2

3  William Fister

Attorney at Law, c/o Dollar Federal
Building, Hamilton, Ohio

4

5  Elbert Avery  *19.00  4-18-84*

▮       ▮       Dayton, Ohio

6

7  Shelly Robertson

▮▮▮▮▮▮▮▮  Hamilton, Ohio

8

9  Wade Coleman

▮▮▮▮▮▮▮▮  Hamilton, Ohio

10

*to appear as witnesses in above named case, on*  Wednesday, May 9  *A. D. 19* 84 ,

*at*  9.00 *o'clock*  A. *M.*  *Required on behalf of the*  Defendant

Michael D. Shanks  *Att'y  for the*  Defendant

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

APR 2 3 1984

EDWARD S. ROBB, JR.
CLERK

49250

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 146

# THE STATE OF OHIO, BUTLER COUNTY, ss.

• • •

IMAGED

**To the Sheriff of Butler County, Greeting:**

*WE COMMAND that you give notice to* Wade Coleman, Jo Danna Southern Phyllis Becker, Ron Wilson, Bonita Tipton, Agent Ron Dye, Clerk of Courts

*if* They *may be found in your bailwick, severally to be and appear in proper person before the Judge of our Court of Common Pleas, at Hamilton, on the* 9th *day of* May *A. D., 19* 84 *at 9 o'clock A.M., to give evidence and the truth to say, between*

*State of Ohio, and* Von Clark Davis

*Defendant , on the part of said*

Prosecution *then and there to be tried, and not depart without leave; therefore, you are nowise to fail under penalty of one hundred dollars and have you then and there this writ.*

*WITNESS my hand and the seal of said Court at Hamilton, this* 24th *day of* April *19* 84

**EDWARD S. ROBB, JR.**
*Clerk of Common Pleas Court*
*By* _____ *Deputy*

CC-100-L

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 147

THE STATE OF OHIO, BUTLER COUNTY, ss.

*Received this Writ on the* 24th *day of* April *A. D., 19*84

*and on the* 26th *day of* April *A. D., 19*84*, I served the same by*

*handing a true copy thereof with the endorsement thereon to said*

Phyllis Becker and Bonita Tipton

*and on the* 26th *day of* April *A. D., 19*84*, I served by leaving a*

*true copy thereof with the endorsement thereon at the usual place of residence of said*

Wade Coleman, Jo Danna Southern, Ron Wilson and Clerk of Courts

& Agent Ron Dye    7, 00    Robert R. Walton, Sr., *Sheriff*
1.85
$8.85    *By* Dennis Witham, *Deputy*



# THE STATE OF OHIO, BUTLER COUNTY, ss.

**• • •**

**IMAGED**

**To the Sheriff of Butler County, Greeting:**

*WE COMMAND that you give notice to* Det. M. Story, Det. Cox

Det. Jerry Weisbrodt, Capt R. Carpenter, Sgt. James Schmitz,

Dr. Richard Burhkardt, Thomas Marsh

*if* They *may be found in your bailwick, severally to be and appear in proper*

*person before the Judge of our Court of Common Pleas, at Hamilton, on the* 9th

*day of* May *A. D., 19* 84 *at 9 o'clock A.M., to give evidence and the truth*

*to say, between*

*State of Ohio, and* Von Clark Davis

*Defendant , on the part of said.*

Prosecution *then and there to be tried, and not depart without leave; therefore, you are nowise to fail under penalty of one hundred dollars and have you then and there this writ.*

*WITNESS my hand and the seal of said Court at Hamilton, this* 24th

*day of* April *19* 84

**EDWARD S. ROBB, JR.**

*Clerk of Common Pleas Court*

*By* _____ *Deputy*

CC-100-L

THE STATE OF OHIO, BUTLER COUNTY, ss.

*Received this Writ on the* 24th *day of* April *A. D., 19* 84

*and on the* *day of* *A. D., 19* *, I served the same by*

*handing a true copy thereof with the endorsement thereon to said*

*and on the* 26th *day of* April *A. D., 19* 84 *, I served by leaving a*

*true copy thereof with the endorsement thereon at the usual place of residence of said*

Det. M. Story, Det. Cox, Det. Jerry Weisbrodt, Capt. R. Carpenter
Sgt. James Schmitz,, Dr. Richard Burkhardt and Thomas Marsh

7.00
.65
$7.65

Robert R. Walton, Sr., *Sheriff*

By Dennis Witham, *Deputy*

## THE STATE OF OHIO, BUTLER COUNTY, ss.

• • •

**To the Sheriff of Butler County, Greeting:**          IMAGED

*WE COMMAND that you give notice to* Det. Ron Wells, Det. Don Gross,

Ptl. Petrak, Ptl. Essex Shepherd, Lt. Reid, Ptl. Ralph Bowman,

Det. Jim Nugent, Det. E. Logsdon, Ptl. Gary Thompson, Ptl. R. Shelly

*if* They *may be found in your bailwick, severally to be and appear in proper*

*person before the Judge of our Court of Common Pleas, at Hamilton, on the* 9th

*day of* May *A. D., 19* 84 *, at 9 o'clock A.M., to give evidence and the truth*

*to say, between*

*State of Ohio, and*                    Von Clark Davis

*Defendant     , on the part of said*

Prosecution *then and there to be tried, and not depart without leave; therefore,*
*you are nowise to fail under penalty of one hundred dollars and have you then and there*
*this writ.*

*WITNESS my hand and the seal of said Court at Hamilton, this* 24th

*day of* April *19* 84.

**EDWARD S. ROBB, JR.**

*Clerk of Common Pleas Court*

*By* ........................ *Deputy*

CC-100-L

THE STATE OF OHIO, BUTLER COUNTY, ss.

*Received this Writ on the* 24th *day of* April *A. D., 19*84

*and on the* *day of* *A. D., 19....., I served the same by*

*handing a true copy thereof with the endorsement thereon to said*

*and on the* 26th *day of* April *A. D., 19*84*...., I served by leaving a*

*true copy thereof with the endorsement thereon at the usual place of residence of said*
Det. Ron Wells, Det. Don Gross, Ptl. Petrak, Ptl. Essex Shepherd,
Lt. Reid, Ptl. Ralph Bowman, Det. E. Logsdon, Ptl. Gary Thompson
Ptl. R. Shelley

Robert R. Walton, Sr., *Sheriff*

By Dennis Witham, *Deputy*

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 152

## THE STA℩E OF OHIO, BUTLER COUNTY, ss.

• • •

**To the Sheriff of Butler County, Greeting:**                    IMAGED

*WE COMMAND that you give notice to* Dr. Joseph Brandabur, Mona Aldridge
Mark Lovette, Vickie Moody, Larry Cecere, Reginald Denmark,
Cozette Massey

*if* They *may be found in your bailwick, severally to be and appear in proper*
*person before the Judge of our Court of Common Pleas, at Hamilton, on the* 9th
*day of* May *A. D., 18*84*, at 9 o'clock A.M., to give evidence and the truth*
*to say, between*
*State of Ohio, and* Von Clark Davis
*Defendant , on the part of said*
Prosecution *then and there to be tried, and not depart without leave; therefore,*
*you are nowise to fail under penalty of one hundred dollars and have you then and there*
*this writ.*

*WITNESS my hand and the seal of said Court at Hamilton, this* 24th
*day of* April *19*84.

**EDWARD S. ROBB, JR.**
*Clerk of Common Pleas Court*
*By* ......................... *Deputy*

CC-100-L

THE STATE OF OHIO, BUTLER COUNTY, ss.

*Received this Writ on the* 24th *day of* April *A. D., 19*......

*and on the* 26th *day of* April *A. D., 1984..., I served the same by*

*handing a true copy thereof with the endorsement thereon to said* Dr. Joseph Brandabur,

Pathology, and Vickie Moody

*and on the* 26th *day of* April *A. D., 1984..., I served by leaving a*

*true copy thereof with the endorsement thereon at the usual place of residence of said*

Mona Aldridge, Anthony Ferguson, Mark Lovette, Larry Cecere..., Reginald

Denmark and Cozette Massey          Robert R. Walton, Sr...., *Sheriff*

By Dennis Witham, *Deputy*

8. 00
1. 10
$9.10

| | No.CR83 12 0614 | State of Ohio | *vs.* | Von Clark Davis May 9, | *Returnable* | Dr. Joseph Brandabur | Mona Aldridge | Anthony Ferguson | Mark Lovette | Vickie Moody | Larry Cecere | Reginald Denmark | Cozette Massey | | | | | John F. Holcomb Prosecution | *Atty.* |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | | | *For* |

SUBPOENA 84
19
MILES
WAIVED

421P
42D

IMAGED

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO                    :         CASE NO. CR83-12-0614

                Plaintiff    :

        -vs-          FILED in Common Pleas Court DEFENDANT'S RESPONSE TO
                        BUTLER COUNTY, OHIO
VON CLARK DAVIS                  :                PLAINTIFF'S MOTION FOR

                        APR 8 5 1984
            Defendant   :                        DISCOVERY

        : : : : EDWARD. S. ROBB. JR.
                        CLERK

    1.  Defendant has no tangible documents which he intends to
introduce at trial at the present time;

    2.  Defendant has no reports of physical or mental examinations
or scientific tests or experiments which he intends to introduce
at this time.

    3.  Defendant intends to call the following individuals as
witnesses at trial:

        a.  James Cooney, ▮▮▮▮▮▮▮▮▮, Hamilton, Ohio.

        b.  William Fister, c/o Dollar Federal Bldg., Hamilton,
            Ohio.

        c.  Elbert Avery, ▮▮▮▮▮▮▮, Dayton, Ohio.

        c.  Shelby Robertson, ▮▮▮ ▮▮▮▮, Hamilton, Ohio.

        d.  Wade Coleman, ▮▮▮▮▮▮▮▮▮, Hamilton, Ohio.

                        HOLBROCK, JONSON, BRESSLER & HOUSER
                        Attorneys for Defendant
                        315 South Monument Avenue
                        P. O. Box 687
                        Hamilton, Ohio  45012
                        Telephone:  868-7600

                    BY  Michael D. Shanks
                        Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

        CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Response was

IMAGED

forwarded by ordinary U. S. Mail to Mr. John Holcomb, Prosecuting
Prosecuting Attorney, Butler County Courthouse, Second Floor,
Hamilton, Ohio this the 25th day of April, 1984.

BY _____
Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012



Clk. 312

BARRETT    HERS, PUBLISHERS, SPRINGFIELD, OHIO

IMAGED

# Precipe for Subpena—In State Case

4/24 RP

**THE STATE OF OHIO**

*vs.*        *Plaintiff*

VON CLARK DAVIS

*Defendant*

*No.* CR83-12-0614

**COMMON PLEAS COURT**

*To the Clerk:—Issued subpena for*

**RESIDENCE**

1   Det. M. Story         c/o Hamilton Police Department

2   Det. Cox    **FILED In Common Pleas Court**   c/o Hamilton Police Department

         **BUTLER COUNTY, OHIO**

3   Det. Jerry Weisbrodt         c/o Hamilton Police Department

4   Capt. R. Carpenter    APR 2 6 1984    c/o Hamilton Police Department

5   Sgt. James Schmitz         c/o Hamilton Police Department

6   Dr. Richard Burkhardt **EDWARD S. ROBB, JR.**   c/o Butler County Coroner's Office,

         **CLERK** 141 Court Street, Hamilton, Ohio

7

      DUCES TECUM: Records pertaining to the death of Suzette Renee Butler, on

8         or about December 12, 1983, Coroner Case No. 83-313

9   Thomas Marsh         c/o Butler County Coroner's Office

10         141 Court Street, Hamilton, Ohio

*to appear as witnesses in above named case, on*    May 9th,    *A. D. 19 84 ,*

*at* Nine *o'clock* A. *M.*    *Required on behalf of the*    Prosecution

John F. Holcomb, Prosecuting    *Att'y*   *for the*   State of Ohio

No..........................

Crim. Doc........................ Page.........................

### COMMON PLEAS COURT

...........................................County, O.

### THE STATE OF OHIO

*Plaintiff*

*vs.*

...................................................................................

...................................................................................

*Defendant*

### PRECIPE FOR SUBPENA

*For* ........................................... *Witnesses*

*Filed*................................... *19*..........

...................................................................................

*Clerk*

...................................................................................

*Deputy*

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO



Clk. 312

BARRETT THERS, PUBLISHERS, SPRINGFIELD, OHIO

IMAGED

# Precipe for Subpena—In State Case

4/2 4 RP

**THE STATE OF OHIO**
*vs.*                                    *Plaintiff*
VON CLARK DAVIS

$No.$ CR83-12-0614

**COMMON PLEAS COURT**

*Defendant*

*To the Clerk:—Issued subpena for*

RESIDENCE

*1* Dr. Joseph Brandabur, Pathology          c/o Mercy Hospital, North, Front & Dayton,
                                            Hamilton, Ohio
*2*     DUCES TECUM:   Records and/or evidence pertaining to the death of Suzette
*3*                    Renee Butler, on or about December 12, 1983.

*4* Mona Aldridge          **FILED In Common Pleas**          , Hamilton, Ohio

*5* Anthony Ferguson          **BUTLER COUNTY,**          , Hamilton, Ohio

*6* Mark Lovette          APR 26 1984          Hamilton, Ohio

*7* Vickie Moody          Hamilton, Ohio

*8* Larry Cecere          **EDWARD S. ROBB,**          , Fairfield, Ohio
                          CL
*9* Reginald Denmark          Hamilton, Ohio

*10* Cozette Massey          , Hamilton, Ohio

*to appear as witnesses in above named case, on* May 9th,          *A. D. 19 84 ,*

*at* Nine *o'clock* A.M. *Required on behalf of the* Prosecution

JOhn F. Holcomb, Prosecuting          *Att'y* *for the* State of Ohio

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 159

No..........................

Crim. Doc....................... Page.......................

## COMMON PLEAS COURT

..............................................County, O.

## THE STATE OF OHIO

Plaintiff

vs.

...........................................................................

...........................................................................

Defendant

## PRECIPE FOR SUBPENA

For ...................................................... Witnesses

Filed................................................... 19........

...........................................................................

Clerk

...........................................................................

Deputy

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO



Clk. 312                                          BARRETT    IKES, PUBLISHERS, SPRINGFIELD, OHIO

IMAGED

# Precipe for Subpena—In State Case

4/24 RP

**THE STATE OF OHIO**

*vs.*                    *Plaintiff*

VON CLARK DAVIS

*No.* CR83-12-0614

**COMMON PLEAS COURT**

*Defendant*

*To the Clerk:— Issued subpena for*

**RESIDENCE**

1 Wade Coleman                                    , Hamilton, Ohio

2 Jo Danna Southern                               , Hamilton, Ohio

3 Phyllis Becker,                                 Hamilton, Ohio

4 Ron Wilson                          c/o Butler County Gun,                .

5                                     Fairfield, Ohio

6 Bonita Tipton                                   Fairfield, Ohio

7 Agent Ron Dye                       c/o B.C.I., Central Lab., P.O. Box 365,

8                                     London, Ohio  43140
DUCES TECUM: Records pertaining to B.C.I. case No. 84-10053

9 Clerk of Courts                     c/o Butler County Court House, Hamilton, Ohio

10

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

APR 2 6 1984

EDWARD S. ROBB, JR.
CLERK

*to appear as witnesses in above named case, on* May 9th, *A. D.* 1984 ,

*at* Nine *o'clock* A. *M.*  *Required on behalf of the* Prosecution

John F. Holcomb, Prosecuting *Att'y* *for the* State of Ohio

No...........................

Crim. Doc................. Page.......................

## COMMON PLEAS COURT

...................................................County, O.

### THE STATE OF OHIO

Plaintiff

vs.

...............................................................

...............................................................

Defendant......

### PRECIPE FOR SUBPENA

For ............................................................Witnesses

Filed............................................19..........

Clerk

...............................................................

Deputy

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

Clk. 312                                                   BARRETT    THERS, PUBLISHERS, SPRINGFIELD, OHIO

## Precipe for Subpena—In State Case                        IMAGED

4/24 RT

THE STATE OF OHIO
                            *Plaintiff*                      No. CR83-12-0614
          *vs.*
VON CLARK DAVIS
                                                            **COMMON PLEAS COURT**

                            Defendant.

*To the Clerk:—Issued subpena for*

|     |                      | RESIDENCE |                                  |
|-----|----------------------|-----------|----------------------------------|
| 1   | Det. Ron Wells       | c/o       | Hamilton Police Department       |
| 2   | Det. Don Gross       | c/o       | Hamilton Police Department       |
| 3   | Ptl. Petrak          | c/o       | Hamilton Police Department       |
| 4   | Ptl. Essex Shepherd  | c/o       | Hamilton Police Department       |
| 5   | Lt. Reid             | c/o       | Hamilton Police Department       |
| 6   | Ptl. Ralph Bowman    | c/o       | Hamilton Police Department       |
| 7   | Det. Jim Nugent      | c/o       | Hamilton Police Department       |
| 8   | Det. E. Logsdon      | c/o       | Hamilton Police Department       |
| 9   | Ptl. Gary Thompson   | c/o       | Hamilton Police Department       |
| 10  | Ptl. R. Shelley      | c/o       | Hamilton Police Department       |

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

APR 26 1984

EDWARD S. ROBB, JR.
CLERK

*to appear as witnesses in above named case, on* _____ May 9th, _____ *A. D. 19* 84 ,

*at* NIne *o'clock* A. *M. Required on behalf of the* _____ Prosecution

_____ John F. Holcomb, Prosecuting _____ *Att'y* _____ *for the* _____ State of Ohio
32 & 53

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 163

No............................

Crim. Doc.......................  Page....................

## COMMON PLEAS COURT

............................................County, O.

## THE STATE OF OHIO

Plaintiff

vs.

............................................

............................................Defendant

## PRECIPE FOR SUBPENA

For..................................................Witnesses

Filed..................................................19...........

............................................Clerk

I'........................................................

Deputy

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

# THE STATE OF OHIO, BUTLER COUNTY, ss.

• • •

**To the Sheriff of Butler County, Greeting:**

*WE COMMAND that you give notice to* Wade Coleman, IMAGED

Shelley Robertson

*if* They *may be found in your bailwick, severally to be and appear in proper*

*person before the Judge of our Court of Common Pleas, at Hamilton, on the* 9th

*day of* May *A. D., 19 84, at 9 o'clock A.M., to give evidence and the truth*

*to say, between*

*State of Ohio, and* Von Clark Davis

*Defendant , on the part of said*

Prosecution *then and there to be tried, and not depart without leave; therefore, you are nowise to fail under penalty of one hundred dollars and have you then and there this writ.*

*WITNESS my hand and the seal of said Court at Hamilton, this* 25th

*day of* April *19 84.*

**EDWARD S. ROBB, JR.**
*Clerk of Common Pleas Court*

*By* _____ *Deputy*

CC-100-L

0

1

1

3

3

4

2

THE STATE OF OHIO, BUTLER COUNTY, ss.

Received this Writ on the _____ day of _____ A. D., 19__
and on the _____ day of _____ A. D., 19__, I served the same by handing a true copy thereof with the endorsement thereon to said _____

and on the _____ day of _____ A. D., 19____, I served by leaving a true copy thereof with the endorsement thereon at the usual place of residence of said _____

_____, Sheriff
By _____, Deputy

No. CR83.12.0614
State of Ohio
vs.
Von Clark Davis
Returnable May 9.
Jade Coleman
Shelley Robertson
John E. Holcomb
For Prosecution, Atty.
SUBPOENA
19 84
MILES

4 21P
4 2D

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 166

CLERK OF COURTS
WARD S. POLK, JR.

IMAGED

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO          CLERK OF COURTS          CASE NO. CR83-12-0614
                       EDWARD S. ROBB, JR.
                       Plaintiff      :

  -vs-                                :          AMENDED RESPONSE TO PLAINTIFF'S

VON CLARK DAVIS                       :                    FOR DISCOVERY

          Defendant   :

          : : : : : : : : : : : :

    Defendant intends to call an additional witness on behalf of

Defendant at trial; James Bryant,                         , Hamilton,

Ohio.

                                      HOLBROCK, JONSON, BRESSLER & HOUSER
                                      Attorneys for Defendant
        **FILED In Common Pleas Court**   315 South Monument Avenue
        **BUTLER COUNTY, OHIO**        P. O. Box 687
                                       Hamilton, Ohio  45012
            APR 26 1984                Telephone:  868-7600

        **EDWARD S. ROBB, JR.**           Michael D. Starks
            **CLERK**      BY    _____
                                       Michael D. Shanks

                    CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Response was

forwarded by ordinary U. S. Mail to Mr. John Holcomb, Prosecuting

Attorney, Butler County Courthouse, Second Floor, Hamilton, Ohio

this the 26th day of April, 1984.

                              Michael D. Starks
                      BY    _____
                              Michael D. Shanks

HOLBROCK, JONSON,
BRESSLER & HOUSER
ATTORNEYS AT LAW
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

54



Clk. 312

BARRETT    CLERKS, PUBLISHERS, SPRINGFIELD, OHIO

IMAGED

# Precipe for Subpena—In State Case

4/25 RP

THE STATE OF OHIO
vs.                     *Plaintiff*

VON CLARK DAVIS

*No.* CR83-12-0614

**COMMON PLEAS COURT**

*Defendant*

To the Clerk:—*Issued subpena for*

**RESIDENCE**

*1*  Wade Coleman ................................... , Hamilton, Ohio

*2*  Shelley Robertson, .............................. , Hamilton, Ohio

*3*

*4*     FILED In Common Pleas Court

*5*        BUTLER COUNTY, OHIO

*6*

*7*          APR 17 1984

*8*     EDWARD S. ROBB, JR.

*9*          CLERK

*10*

*to appear as witnesses in above named case, on* ............... May 9th, ......... *A. D. 1984* ,

*at* Nine *o'clock* A. M. *Required on behalf of the* ............... Prosecution ...............

John F. Holcomb, Prosecuting ............... *Att'y* ... *for the* ... State of Ohio ...............

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 168

No............................

Crim. Doc.................... Page.......................

## COMMON PLEAS COURT

................................................County, O.

### THE STATE OF OHIO

*Plaintiff*

vs.

...........................................................................

.....................................................................

*Defendant*......

### PRECIPE FOR SUBPENA

For .............................. *Witnesses*

Filed..........................................................19.........

.................................................................

*Clerk*

.................................................................

*Deputy*

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

# THE STATE OF OHIO, BUTLER COUNTY, ss.

• • •

**To the Sheriff of Butler County, Greeting:**

*WE COMMAND that you give notice to* James Bryant

Hamilton, OH

IMAGED

*if* They *may be found in your bailwick, severally to be and appear in proper person before the Judge of our Court of Common Pleas, at Hamilton, on the* 8th

*day of* May *A. D., 19* 84*, at 9 o'clock A.M., to give evidence and the truth to say, between*

*State of Ohio, and* Von Clark Davis

*Defendant , on the part of said*

Defendant *then and there to be tried, and not depart without leave; therefore, you are nowise to fail under penalty of one hundred dollars and have you then and there this writ.*

*WITNESS my hand and the seal of said Court at Hamilton, this* 27th

*day of* April *19* 84*.*

**EDWARD S. ROBB, JR.**

*Clerk of Common Pleas Court*

*By* _____ *Deputy*

CC-100-L

THE STATE OF OHIO, BUTLER COUNTY, ss.

*Received this Writ on the* 27 *day of* April *A. D., 19 84.*

*and on the* *day of* *A. D., 19 , I served the same by*

*handing a true copy thereof with the endorsement thereon to said*

*and on the* 30 *day of* April *A. D., 19 84 , I served by leaving a*

*true copy thereof with the endorsement thereon at the usual place of residence of said*

James Bryant

*, Sheriff*

*By* *, Deputy*

No. CR83.12.0614

State of Ohio

Von Clark Davis

*Returnable* May 8

James Bryant

SUBPOENA

84

19

MILES 2

Michael D. Shanks

Defendant

*For*

*Atty.*

42 P
42 D

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 171

No...........................

Crim. Doc........................ Page.....................

### COMMON PLEAS COURT

..................................... County, O.

### THE STATE OF OHIO

Plaintiff

vs.

Defendant

### PRECIPE FOR SUBPENA

For ...................................... Witnesses

Filed................................19........

Clerk

F

Deputy

ROBERT R. WALTON SR.
BUTLER COUNTY OHIO
SHERIFF

84 APR 27 A 9: 02

CIVIL DIVISION
RECEIVED

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

GED

STATE OF OHIO                    :        CASE NO. CR 83 12 0614

            Plaintiff           :        IMAGED

vs.                    FILED In Common Pleas Court    ELECTION BY DEFENDANT
                       BUTLER COUNTY, OHIO    PURSUANT TO SECTION 2929.022
VON CLARK DAVIS                  :        OF THE OHIO REVISED CODE
                       APR 17 1984
            Defendant           :

                    EDWARD S. ROBB, JR. :
                           CLERK

      Now comes the defendant, by and through counsel, and elects,

pursuant to Section 2929.022 of the Ohio Revised Code, to have

the question of the existence of the aggravating circumstance

set forth in Specification No. 1 of the Indictment in this matter

determined and tried by the Trial Judge as opposed to the Trial

Jury.

      Defendant further requests his Motion in Limine to preclude

the prosecution from introducing  any evidence or making any

comment concerning the defendant's prior conviction referred

to in Specification No. 1 at the trial of this matter.

      Defendant further moves the Court to sever the counts of

the Indictment as previously requested herein.


                                    _Michael Shanks_
                                    MICHAEL SHANKS
                                    315 S. Monument Avenue, P. O. Box 687
                                    Hamilton, Ohio  45012
                                    Telephone:  (513) 868-7600

                                    _John A. Garretson_
                                    JOHN A. GARRETSON
                                    A Legal Professional Association
                                    Attorneys for Defendant
                                    118 S. Second Street, P. O. Box 60
                                    Hamilton, Ohio  45012
                                    Telephone:  (513) 868-2074

58

MEMORANDUM

Ohio Revised Code, Section 2929.022.

IMAGED

_____
MICHAEL SHANKS

_____
JOHN A. GARRETSON
Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was hand-delivered to John F. Holcomb, Prosecuting Attorney, Butler County Court House, Hamilton, Ohio 45011, on the date the same was filed.

_____
JOHN A. GARRETSON
Attorney for Defendant

- 2 -

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

IMAGED

STATE OF OHIO                          :        CASE NO. CR 83 12 0614

          Plaintiff                    :

vs.               FILED in Common Pleas Court        MOTION TO HAVE REASONS FOR
                  BUTLER COUNTY, OHIO                 DEFENSE OBJECTIONS AND REASONS
VON CLARK DAVIS                        :             FOR OVERRULING DEFENSE OBJECTIONS
                        APR 27 1984                  PLACED ON RECORD
          Defendant                    :

EDWARD S. ROBB, JR.      :    :    :
              CLERK
     Now comes defendant, by and through counsel, to move this

court to order that the reasons for defense objections and the

reasons for overruling them be placed on the record.  A memorandum

in support of this motion follows:

*Michael Shanks*

**99-0252**

FILED

MAR 05 1999

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

MICHAEL SHANKS
315 S. Monument Avenue, P. O. Box 687
Hamilton, Ohio  45012
Telephone:  (513) 868-7600

*John A. Garretson*

JOHN A. GARRETSON
A Legal Professional Association
Attorneys for Defendant
118 S. Second Street, P. O. Box 60
Hamilton, Ohio  45012
Telephone:  (513) 868-2074

MEMORANDUM IN SUPPORT

     Adequate, effective representation of an accused in a

capital case must include a complete compilation of a record of

every step and every event at the trial level.  Defense counsel

cannot wait until the death sentence is imposed before he shifts

5-9

his thinking to the appellate process. The framework for an appeal must be built at trial. To preserve issues, defense counsel must make a complete record reflecting such issues in the trial court. The Appellate Courts of this state will not review issues other than "plain error" which could have been but were not properly presented at trial. State v. Williams (1977), 51 Ohio St. 2d 112; Crim. R. 52.

An adequate record for appeal mandates that all aspects of all proceedings (motions, voir dire, opening and closing statements, reasons for objections and reasons for overruling them, including bench conferences or in-chamber discussions) be recorded by the court reporter. In the absence of a record of a motion, objection and reasons for it, the Court of Appeals will not review any claimed error based thereupon. A full, adequate record cannot be reconstructed in its entirety after trial. Memories fade and are inadequate substitutes for a complete, accurate record made at trial.

To fully preserve an issue for appellate review, counsel must raise the issue and state the grounds and arguments on which it is propounded. The immediate case contemplates the death penalty. There is, of course, no post-conviction relief after implementation of sentence; thus, all issues must be exactingly and vigorously preserved in the trial record.

Therefore, defendant respectfully requests this honorable court to grant the foregoing Motion to Have Reasons for Defense

- 2 -

Objections and Reasons for Overruling Defense Objections Placed
on Record.

IMAGED

MICHAEL SHANKS

JOHN A. GARRETSON
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was hand-
delivered to John F. Holcomb, Prosecuting Attorney, Butler County
Court House, Hamilton, Ohio 45011, on the date the same was filed.

JOHN A. GARRETSON
Attorney for Defendant

- 3 -

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 177

IMAGED

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO                          :        CASE NO. CR 83 12 0614

          Plaintiff                    :

vs.                                             MOTION FOR NOTICE OF
                                                PROSPECTIVE THREE-JUDGE PANEL
VON CLARK DAVIS

          Defendant                    :

          Defendant hereby moves for an Order that defendant be
notified by the Court forthwith as to the names of the three
Common Pleas Judges who would be appointed to hear the case at
bar in the event that defendant does elect to have this case
tried before a three-Judge panel.

                                   _Michael Shanks_
                                   MICHAEL SHANKS
                                   315 S. Monument Avenue, P. O. Box 687
                                   Hamilton, Ohio  45012
                                   Telephone:  (513) 868-7600

                                   _John A. Garretson_
                                   JOHN A. GARRETSON
                                   A Legal Professional Association
                                   Attorneys for Defendant
                                   118 S. Second Street, P. O. Box 60
                                   Hamilton, Ohio  45012
                                   Telephone:  (513) 868-2074

                              MEMORANDUM

          The basis of this Motion is that, in order to provide defendant
with effective assistance of counsel in this case, as provided by
the Sixth and Fourteenth Amendments to the United States Constitution,


60

IMAGED

and equivalent Ohio Constitutional provisions, defendant must be notified of the names of the three Judges who would be selected to determine the issues in this case, in the event that defendant does choose to waive his right to trial by jury in this case. Defendant cannot make a valid, fully informed decision as to whether or not he should waive his right to trial by jury in this case unless he can be notified in advance of the names of the three Judges that would serve in the event that defendant does waive his right to jury trial.

Defendant further moves that he be allowed to conduct a voir dire hearing of the three Judges who would be selected, in the event that defendant does waive his right to a jury trial in this case.

_____
MICHAEL SHANKS

_____
JOHN A. GARRETSON
Attorneys for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was hand-delivered to John F. Holcomb, Prosecuting Attorney, Butler County Court House, Hamilton, Ohio 45011, on the date the same was filed.

_____
JOHN A. GARRETSON
Attorney for Defendant

IMAGED

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO                           :        CASE NO. CR 83 12 0614

            Plaintiff                   :

vs.                         FILED In Common Pleas Court   MOTION FOR RULING ON NUMBER
                            BUTLER COUNTY, OHIO           OF PEREMPTORY CHALLENGES
VON CLARK DAVIS                         :

                  Defendant  APR 27 1984

                    EDWARD S. ROBB, JR. : :
                            CLERK
      Now comes the defendant, by and through counsel, and

moves this Court to allow him, individually, twenty-four (24)

peremptory challenges to prospective jurors.

      As grounds for this motion, defendant states the following:

      1.   This is a capital case.  It is of utmost importance

that a fair and impartial jury be selected to decide the issues

in a trial where defendant's life is at stake.

      2.   Under previous Ohio statutory law, when a capital jury

was required to deliver both guilt and penalty determinations at

the same time, defense counsel was entitled to exercise up to

twenty-three peremptory challenges.  Ohio Revised Statutes,

Chapter 88 §IX (Swan, 1841) (twenty-three peremptory challenges);

Ohio Revised Statutes, Chapter 81 §IX (Swan and Critchfield,

1860) (twenty-three peremptory challenges); Ohio Revised Statutes

§7272 (Daugherty, Brasee, and Okey, 1880) (twenty-three peremptory

challenges; Ohio Revised Statutes §7272 (Giague, 1890) (sixteen

peremptory challenges); Ohio General Code §13647 (1910) (sixteen

peremptory challenges); Ohio General Code §13647 (Throckmorton,

1926) (sixteen peremptory challenges).  An increase in the

number of peremptory challenges for the defense is necessary

IMAGED

to preserve defendant's rights under the due process clause of the Fourteenth Amendment. This motion must be considered with a view that this is a case asking for a death penalty. The United States Supreme Court recognized that "death is a different kind of punishment than any other which may be imposed in this country." Gardner v. Florida, 430 U. S. 349 (1977). It is clear that a higher standard of due process is required in death cases than other cases because of the severity and finality of the punishment which may be involved. See Winick, Prosecutorial Peremptory Challenge Practices in Capital Cases: An Empirical Study and a Constitutional Analysis, 81 Mich. L. Rev. 1, 19-20 (1982) (". . . the use of peremptory challenges in capital cases should be subjected to closer scrutiny than in non capital cases.").

The Court has also recognized that in death cases, "the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process clause," 430 U. S. at 358. More importantly, the Supreme Court has recognized that standards of procedural fairness evolve with our society. "[T]his Court has acknowledged its obligation to re-examine capital sentencing procedures against evolving standards of procedural fairness in a civilized society." Id, at 357. The Court should examine this motion to increase the number of peremptory challenges for the defense in light of three factors: (a) Death cases require a higher standard of due process than any other case, (b) This unique standard also applies to the sentencing phase of the trial, and (c) This standard is constantly evolving to higher levels as our society evolves. For these reasons courts should have no hesitation about setting new standards of procedural fairness in

IMAGED

death cases.

The strides made by other jurisdictions which have applied these evolving standards of procedural fairness to the role of the defense peremptory challenge in a capital case are instructive. In State of New York v. Gilbert H. King, Justice of the Supreme Court, 324 N. E. 2d 351 (N. Y. 1975), the highest court of New York found that a trial judge in a volatile case did not abuse his discretion by granting ten additional peremptory challenges to the defendant. In Commonwealth of Massachusetts v. Saxe, # 41775, 6, 7, Memorandum Opinion of Judge Walter McLaughlin (Sup. Ct. of Suffolk County 1976), the trial court doubled the number of defense peremptory challenges, overruling a statutory requirement that the number of challenges be equal for both aprties. The judge acknowledged that extra challenges were necessary to combat prejudice in the community produced by pretrial publicity. In Mississippe, Rule 5.06 of the Uniform Circuit Court Rules grants each side 12 peremptory challenges in a capital case. The court, however, has the discretion to increase the number in order to avoid an injustice. Additionally, the defense is entitled to more challenges than the prosecution in the federal courts and in twenty states, including Alabama, Alaska, Arkansas, Delaware, Georgia, Kentucky, Maine, Maryland, Michigan, Minnesota, Missouri, Nebraska, New Hampshire, New Jersey, New Mexico, North Carolina, Oregon, South Carolina, Tennessee, and West Virginia. J. Van Dyke, Jury Selection Procedures, 282-3 (Bellinger 1977). Thus, a request that this Court grant additional challenges is

IMAGED

not a novel procedure, but is merely a request to employ a practice already recognized in many courts as necessary to protect a defendant's right to a fair trial.

WHEREFORE, defendant requests this Honorable Court to grant the defense twenty-four peremptory challenges.

MICHAEL SHANKS
315 S. Monument Avenue, P. O. Box 687
Hamilton, Ohio 45012
Telephone: (513) 868-7600

JOHN A. GARRETSON
A Legal Professional Association
Attorneys for Defendant
118 S. Second Street, P. O. Box 60
Hamilton, Ohio 45012
Telephone: (513) 868-2074

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was hand-delivered to John F. Holcomb, Prosecuting Attorney, Butler County Court House, Hamilton, Ohio 45011, on the date the same was filed.

JOHN A. GARRETSON
Attorney for Defendant

- 4 -

IMAGED

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO                    :        CASE NO. CR 83 12 0614

            Plaintiff           :

vs.                             MOTION TO RECORD ALL PROCEEDINGS
                     FILED In Common Pleas Court
VON CLARK DAVIS             BUTLER COUNTY, OHIO
                                :
            Defendant           APR 27 1984

                    EDWARD S. ROBB, JR.
     Now comes the defendant, by and through counsel, who

respectfully move this Court to record all pretrial, trial,

sentencing, and post-trial proceedings.  Said proceedings include,

but are not limited to, conferences in chambers, bench conferences

during trial, all motion hearings, testimony of witnesses,

voir dire, opening, closing and jury questions.  Said request

is being made pursuant to the Fifth, Sixth and Fourteenth Amend-

ments of the United States Constitution, Article I, Sections 10

and 16 of the Ohio Constitution, Sections 2929.05, 2953.02,

2953.03, 2953.04 of the Revised Code of Ohio and Crim. R. 44.

A complete transcript of all proceedings is necessary to preserve

defendant's rights to due process, equal protection and effective

assistance of counsel on review.

                              _Michael Shanks_
                              MICHAEL SHANKS
                              315 S. Monument Avenue, P. O. Box 687
                              Hamilton, Ohio  45012
                              Telephone:  (513) 868-7600

                              _John A. Garretson_
                              JOHN A. GARRETSON
                              A Legal Professional Association
                              Attorneys for Defendant
                              118 S. Second Street, P. O. Box 60
                              Hamilton, Ohio  45012
                              Telephone:  (513) 868-2074

62

IMAGED

## MEMORANDUM IN SUPPORT

The accused is indicted under Ohio's death penalty statutes. These statutes provide extensive appellate review as of right to the Court of Appeals and the Ohio Supreme Court. In order to fully represent the defendant on appeal, all proceedings and arguments held during the course of the litigation must be on the record so counsel will be able to effectively represent the defendant on appeal.

The legislature recognized the uniqueness of a case where the death penalty may be imposed when it provided for extraordinary appellate review of such cases. Section 2929.05 of the Revised Code of Ohio provides in part:

> (A) Whenever sentence of death is imposed pursuant to sections 2929.03 and 2929.04 of the Revised Code, the court of appeals and the supreme court shall upon appeal review the sentence of death at the same time that they review the other issues in the case. The court of appeals and the supreme court shall review the judgment in the case and the sentence of death imposed . . . in the same manner that they review other cases, except that they shall review and independently weigh all of the facts and other evidence disclosed in the record in the case and consider the offense and the offender to determine whether the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors in the case, and whether death is appropriate. . .

To ensure that all matters are properly before the appellate and supreme courts, a record of all proceedings must be made. The defendant would then be provided with effective assistance of counsel on appellate review pursuant to the Sixth and Fourteenth Amendments and insure his day in court pursuant to Article I, Section 16 of the Ohio Constitution. Without such a record, the defendant may be unable to remedy any injury done to his person on appellate review.

IMAGED

For the above stated reasons, the defendant respectfully moves this court to record all proceedings in the above-captioned case.

MICHAEL SHANKS

JOHN A. GARRETSON
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was hand-delivered to John F. Holcomb, Prosecuting Attorney, Butler County Court House, Hamilton, Ohio 45011, on the date the same was filed.

JOHN A. GARRETSON
Attorney for Defendant

- 3 -

IMAGED

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO  : CASE NO. CR 83 12 0614

        Plaintiff  :

vs.  : MOTION FOR PRETRIAL HEARINGS

VON CLARK DAVIS

**FILED In Common Pleas Court**
**BUTLER COUNTY, OHIO**

        Defendant  APR 27 1984

: : : : : : : :
**EDWARD S. ROBB, JR.**

Now comes the defendant, by and through counsel, and requests
the pretrial motions filed in his behalf be set for hearing prior
to the date of trial. In support of his motion, the defendant
shows the following facts.

    1.  This case has been tentatively set for trial on
May 9, 1984.

    2.  The defendant has filed extensive pretrial motions.

    3.  Proper and thorough presentation and consideration of
these motions is essential to the defense of this case which contains
complex factual and legal issues.

    4.  The defendant believes that his motions will receive
fuller consideration if the Court hears them without the pressure
of a waiting jury on the date set for trial.

    5.  The defendant believes further that potential jurors
would be prejudiced against him if there is a delay on the date
of trial for the purpose of hearing motions or if the press
reports such hearings while the potential jurors are awaiting to
be called.



IMAGED

The resolution of this case could carry the most severe consequences for the defendant and he should be allowed the most advantageous circumstances for the development of his defense.

WHEREFORE, defendant prays that this Court specially set a date prior to trial for the purpose of receiving evidence and legal argument on his motions.

*Michael Shanks*

MICHAEL SHANKS
315 S. Monument Avenue, P. O. Box 687
Hamilton, Ohio  45012
Telephone:  (513) 868-7600

*John A. Garretson*

JOHN A. GARRETSON
A Legal Professional Association
Attorneys for Defendant
118 S. Second Street, P. O. Box 60
Hamilton, Ohio  45012
Telephone:  (513) 868-2074

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was hand-delivered to John F. Holcomb, Prosecuting Attorney, Butler County Court House, Hamilton, Ohio 45011, on the date the same was filed.

*John A. Garretson*

JOHN A. GARRETSON
Attorney for Defendant