| | | |
|---|---|---|
| STATE OF OHIO | : | CASE NO. CR83-12-0614 |
| | : | |
| Plaintiff | IMAGED : | STATE OF OHIO |
| | | COUNTY OF BUTLER |
| VS. | FILED In Common Pleas Court | COURT OF COMMON PLEAS |
| | BUTLER COUNTY, OHIO | (Bruewer, P.J.; Moser, |
| VON CLARK DAVIS '83 | : | and Stitsinger, JJ.) |
| Defendant | JAN 19 1989 | MOTION |
| | EDWARD S. ROBB, JR. | |
| | : :CLERK : | |

Now comes John F. Holcomb, Prosecuting Attorney, and requests that the trial court schedule a date for sentencing hearing before the three-judge panel as mandated by the Ohio Supreme Court's decision in **State v. Davis** (1988), 38 Ohio St. 3d 361, inasmuch as the Supreme Court of the United States has denied defendant's petition for a writ of certiorari, by order entered January 17, 1989, (copy of notice of order attached).

JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

By _Daniel G. Eichel_
DANIEL G. EICHEL
FIRST ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone: (513)887-3474

### PROOF OF SERVICE

This is to certify that a copy of the foregoing Motion was served by U.S. ordinary mail to John A. Garretson, Michael D. Shanks, and Timothy R. Evans, Attorneys for Defendant, at their respective offices, this 19th day of January, 1989.

_Daniel G. Eichel_
DANIEL G. EICHEL
FIRST ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO : CASE NO. CR83-12-0614

      Plaintiff : STATE OF OHIO

                       COUNTY OF BUTLER

vs. : COURT OF COMMON PLEAS

VON CLARK DAVIS :

      Defendant : ENTRY

         : : : :

IMAGED

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

FEB 6 1989

EDWARD S. ROBB, JR.
CLERK

It appearing to the Court that the Mandate of the Supreme Court of Ohio herein ordered that the judgment of conviction herein was affirmed but the death sentence was reversed and the cause was remanded "for a resentencing hearing at which the state may seek whatever punishment is lawful, including, but not limited to the death sentence," in accordance with the decision in **State v. Davis** (1988), 38 Ohio St. 3d 361, 373,

    IT IS THEREFORE ORDERED that a pretrial hearing shall be heard in the courtroom of **JUDGE HENRY J. BRUEWER** on February 24th, 1989, at 8:45 o'clock a.m., before Judge Bruewer, Judge William R. Stitsinger and Judge John R. Moser.

APPROVED AS TO FORM:        E N T E R

JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

                           _____
                           JUDGE HENRY J. BRUEWER

126

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

J0036P663

Form OPD-E-202

Barrett ~ rs, Publishers, Springfield, Ohio

# APPLICATION, ENTRY AND CERTIFICATION

### FOR ASSIGNED COUNSEL FEES

IMAGED

In the ___Common Pleas___ ____ Court of ___Butler___ ____ County

STATE OF OHIO,
CITY OF ___Hamilton___

Plaintiff

FILED in Common Pleas Court
vs. BUTLER COUNTY, OHIO          CASE NO. ___CR83-12-0614___

___VON CLARK DAVIS___          FEB 10 1989

Defendant

EDWARD S. ROBB, JR.

### APPLICATION

The undersigned having been previously appointed counsel for the Defendant moves this Court for an order approving payment of fees and expenses as indicated below and in the attached itemized statement, pursuant to section 2941.51 and 120.33 of the Ohio Revised Code.

Date of Appointment: ___2/10/84___

Hours Worked: In Court _____          Out of Court_____

Legal Fees: $___2,500.00 — 1250 00___

Expenses (if any): $___170.25 — 136 00___

Total: $___2,670.25   1386 00___

### Disposition

O. R. C. Charge Section Number and Name:

|   |   |   | Yes | No |
|---|---|---|-----|----|
| a) | Agg. Murder w. Spec. | Pleaded Guilty to Indictment | | X |
| b) | 2903.01 | Pleaded Guilty to Lesser Charge | | X |
| c) | 2929.04(A-5) | Went to Trial | x | |
| d) | | Results guilty - death penalty | | |

OFFENSE CLASSIFICATION (Circle Appropriate Classification For Each Charge)

|   | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| a) | AGG F1 | AGG F2 | AGG F3 | F1 | F2 | F3 | F4 | M1 | M2 | M3 | M4 | MM |
| b) | AGG F1 | AGG F2 | AGG F3 | F1 | F2 | F3 | F4 | M1 | M2 | M3 | M4 | MM |
| c) | AGG F1 | AGG F2 | AGG F3 | F1 | F2 | F3 | F4 | M1 | M2 | M3 | M4 | MM |
| d) | AGG F1 | AGG F2 | AGG F3 | F1 | F2 | F3 | F4 | M1 | M2 | M3 | M4 | MM |

*** 

Mike Shanks was employed at
Holbrock & Jonson Law Firm,
315 S. Monument Avenue,
Hamilton, OH 45011, at the
time of this case.

Signature

304 N. Second Street
Hamilton, OH 45011

Name and Address

Michael D. Shanks

Social Security Number:

### ENTRY

This Court finds that counsel performed the legal services set forth on the attached itemized Statement; and that the fees and expenses, set forth on said Statement are reasonable, and are in accordance with the resolution of the Board of County Commissioners of ___Butler___ County, Ohio, relating to payment of assigned counsel.

IT IS THEREFORE, ORDERED that fees and expenses in the amount of $___1386 00___ be, and are hereby approved. It is further ordered that the said amount be, and hereby is, certified by the court to the County Auditor for payment.

___H. J. Bonewer___

Judge   H. J. BRONNER

J00277032

127

CERTIFICATION

The County Auditor in ~~~ ~ this certification attests to the accur~ ~~he figures contained herein. A subsequent audit by the O~ ~c Defender Commission and/or the Aud~ of State which reveals unallowable or excessive costs may result in future adjustment against reimbursement or repayment of audit exceptions to the Ohio Public Defender Commission.                                                    IMAGED

County Number: _____

Check Number: _____

Check Date: _____

_____
                                                                    County Auditor

Form Prescribed by Ohio Public Defender Commission

## ASSIGNED COUNSEL ITEMIZED STATEMENT

| DATE | ACTIVITY | TOTAL | TIME |
|------|----------|-------|------|
| | EXPENSES     FILED In Common Pleas Court     BUTLER COUNTY, OHIO | | |
| 4/12/84 | Photo expense              FEB 10 1989 | $ 57.50 | |
| 4/17/84 | Witness fee to Elbert Avery | 19.00 | |
| 5/7/84 | Transcript expense     EDWARD S. ROBB, JR.  CLERK | 72.00 | |
| 5/9/84 | Mileage expense to investigator | 4.50 | |
| 5/11/84 | Mileage expense to investigator | 3.75 | |
| 5/16/84 | Copy expense | 13.50 | |
| | TOTAL EXPENSES | $ 170.25 | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Von Clark Davis
Party Represented

CR83-12-0614
Case No.

Bruewer, Moser & Stitsinger
Judge

2/10/84
Date Assigned

I hereby affirm the above is a true and accurate account of the time spent in the preparation of this matter.

_____
Signature of Counsel

January 12, 1989
Date

The County Auditor in executing this certification attests to the accuracy of the figures contained herein. A subsequent audit by the Oh-- -- lic Defender Commission and/or the -- -- or of State which reveals un-allowable or excessive costs a --- lt in future adjustment against reimbu..se --- t or repayment of audit ex-ceptions to the Ohio Public Defender Commission.          IMAGED

County Number: _____

Check Number: _____

Check Date: _____

                                            County Auditor

Form Prescribed by Ohio Public Defender Commission

## ASSIGNED COUNSEL ITEMIZED STATEMENT

| DATE | ACTIVITY | TOTAL | TIME |
|------|----------|-------|------|
| 4/18/84 | Trial preparation and meet with Judge | 3 1/2 | hours |
| 4/19/84 | Hearing | 1 | hour |
| 4/27/84 | Research | 1 | hour |
| 5/1/84 | Meeting with co-counsel and Judge | 1 | hour |
| 5/2/84 | Hearing on motions | 2 | hours |
| 5/3/84 | Trial Preparation | 2 | hours |
| 5/7/84 | Research and meeting with client | 4 | hours |
| 5/8/84 | Hearing; trial preparation | 3 | hours |
| 5/9/84 | Trial | 10 | hours |
| 5/10/84 | Trial | 10 | hours |
| 5/11/84 | Trial | 6 | hours |
| 5/14/84 | Hearing - Re: Sentencing date & research | 2 | hours |
| 5/25/84 | Hearing preparation | 1 | hour |
| 5/26/84 | Sentencing hearing | 6 | hours |
| 5/31/84 | Sentencing hearing | 1 | hour |
| | TOTAL HOURS | 86.5 | |
| | EXPENSES ON ATTACHED SHEET | | |
| | | | |

FILED In Common Pleas Court
BUTLER COUNTY, OHIO
FEB 10 1989
EDWARD S. ROBB, JR.
CLERK

Von Clark Davis
Party Represented

CR83-12-0614
Case No.

Moser, Bruewer & Stitsinger
Judge

2/10/84
Date Assigned

I hereby affirm the above is a true and accurate account of the time spent in the preparation of this matter.

Signature of Counsel

January 12, 1989
Date          J0027P024

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 1077

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

IMAGED

STATE OF OHIO                    :  CASE NO.: CR83 12 0614

      Plaintiff           :  MOTION TO EXTEND TIME TO FILE
                       PRETRIAL MOTIONS AND MOTION
  vs.                          :  TO CONTINUE SENTENCING/
                       MITIGATION HEARING

VON CLARK DAVIS    FILED In Common Pleas Court
                 BUTLER COUNTY, OHIO
     Defendant         :
              MAY 91989
        EDWARD S. ROBB, JR.
             CLERK

     Now comes the defendant, Von Clark Davis, by and
through his respective counsel and moves the Court for a
continuance of the mitigation hearing presently set for
May 19, 1989 at 9:00 a.m. for the reasons set forth in the
attached memorandum and additionally moves the Court to
extend the time within which he may file various pretrial
motions.

                      _JOHN A. GARRETSON A-173_
                      JOHN A. GARRETSON A-173
                      616 Dayton St., P.O. Box 1166
                      Hamilton, Ohio  45012
                      (513) 863-6600

                      MICHAEL SHANKS  per phone
                      MICHAEL SHANKS
                      304 North Second Street
                      Hamilton, Ohio  45011
                      (513) 863-2112

                      TIMOTHY R. Evans  per phone
                      TIMOTHY R. EVANS
                      P.O. Box 687
                      Hamilton, Ohio  45012
                      (513) 868-7600

                      Attorneys for Defendant

GARRETSON LAW OFFICES
ATTORNEYS AND
COUNSELORS AT LAW
616 DAYTON STREET
P.O. BOX 1166
HAMILTON, OHIO 45012

(513) 863-6600

128

IMAGE

## MEMORANDUM

It is respectfully submitted that inasmuch as the defendant is incarcerated at Lucasville it is difficult for the defendant's counsel to meet with him at a time convenient to defendant's counsel and for defendant's counsel to obtain expert testimony and evaluation of the defendant given the geographic constraints. Additionally, lead counsel Michael Shanks is lead counsel in the case of State of Ohio v. John C. Knuckles having been appointed by this Court to respresent said defendant. It is respectfully requested by all counsel for the defendant that additional time is needed for preparation.

The defendant waives any time requirements within which the mitigation hearing must be held and it is submitted to the Court that there is no prejudice to any party herein by granting a continuance of the mitigation hearing inasmuch as the defendant remains incarcerated at Lucasville and shall remain so incarcerated until this matter is heard.

Defendant's counsel additionally requests additional time to submit various pretrial motions and memorandums inasmuch as defendant's counsel due to the press of various trial commitments needs additional time within which to prepare said motions and defendant's counsel inasmuch as they were appointed in this matter and inasmuch as the defendant was represented by the Ohio Public Defender's Office as co-counsel in front of the Supreme Court of the United States, needs additional time to meet with the Ohio Public Defender's Office to properly prepare and plan for the mitigation hearing herein.

Respectfully requested,

JOHN A. GARRETSON

GARRETSON LAW OFFICES
ATTORNEYS AND
COUNSELORS AT LAW
616 DAYTON STREET
P.O. BOX 1166
HAMILTON, OHIO 45012

(513) 863-6600

IMAGED

_Michael Shanks per plan_
MICHAEL SHANKS

_Timothy Evans per plan_
TIMOTHY R. EVANS

### ENTRY

The Court upon motion of the defendant and upon a showing of good cause, hereby grants the defendant's motion to continue this matter which shall be reset by the Assignment Commissioner in approximately 60 days from May 19. It is specifically found that the defendant waives any time requirements within which this matter must be heard.

_____
JUDGE

### CERTIFICATE OF SERVICE

I hereby certify that copy of the foregoing was mailed to the Prosecuting Attorney's Office, 216 Society Bank Bldg., P.O. Box 515, Hamilton, Ohio 45012, on the date the same was filed.

_John A. Garretson_
JOHN A. GARRETSON

GARRETSON LAW OFFICES
ATTORNEYS AND
COUNSELORS AT LAW
616 DAYTON STREET
P.O. BOX 1166
HAMILTON, OHIO 45012
———
(513) 863-6600

IN THE COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

|   |   |   |
|---|---|---|
| The State of Ohio | : | |
| | : | **FILED In Common Pleas Court** |
| | : | **BUTLER COUNTY, OHIO** |
| | : | |
| | : | **JUN 5 1989** |
| Plaintiff | : | **EDWARD S. ROBB, JR.** |
| | : | **CLERK** |
| vs. | : | Case No. CR83-12-0614 |
| | : | |
| Von Clark Davis | : | |
| | : | |
| | : | |
| Defendant | : | |

IMAGED

Mitigation Hearing                    has been set for hearing

on _____ August 4 _____ at _____ 9:00 a.m. _____

before the Honorable _____ John R. Moser, William R. Stitsinger and

Henry J. Bruewer.


Copies mailed to:

    John Garretson
    Michael Shanks
    Tim Evans
    Dan Eichel


on _____ June 5, 1989 _____ .

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO                              *        Case No.: CR 83-12-0614

      Plaintiff   IMAGED

    FILED

vs.

'89 JUN 28 PM 3 15  FILED in Common Pleas Court
          BUTLER COUNTY, OHIO  E N T R Y

VON CLARK DAVIS
  CLERK OF COURTS    JUN 28 1989
EDWARD S. ROBB, Defendant  EDWARD S. ROBB, JR.
          CLERK

      * * * * * *

    It appearing to the Court that the Defendant, Von

Clark Davis, is indigent and without funds or assets

necessary to retain counsel on his behalf,

    IT IS THEREFORE ORDERED, that John A. Garretson,

Michael D. Shanks, and Timothy R. Evans, be and hereby are

appointed as counsel for Defendant, Von Clark Davis, until

further order of this Court.

          "Enter"

          Judge

BRESSLER, SHANKS
& GEDLING CO., L.P.A.
ATTORNEYS AT LAW
304 NORTH SECOND STREET
HAMILTON, OHIO 45011

513-863-2112

U00421214

129

IMAGED

IN THE COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO                     *    Case No. CR83-12-0614

Plaintiff FILED In Common Pleas Court
                BUTLER COUNTY, OHIO

vs.    FILED              JUN 29 1989    *    WITHDRAW OF JURY WAIVER

VON CLARK DAVIS EDWARD S. ROBB, JR.
'89 JUN 29   PM 3 16         CLERK

CLERK OF COURTS            *
EDWARD S. ROBB, JR. Defendant.

*********************

Now comes the Defendant, Von Clark Davis, and withdraws
his previous Jury Waiver.

MEMORANDUM

Ohio Rule of Criminal Procedure 23A allows a Defendant,
before commencement of the trial, to waive his right to a trial
by jury.  Defendant in this case did so, however, the case was
remanded for a second trial, i.e., the penalty phase.

In State vs. Grimsley 3 O.A. 3rd 265, the Court of
Appeals of Hamilton County held that pursuant to Ohio Revised
Code 2945.05, a Defendant may, at any time prior to trial,
withdraw his Jury Waiver and it is error for Court, not to so
allow.

Therefore, Defendant submits that he is entitled to
withdraw his Jury Waiver, and by this document a waiver,
withdraws his.

HOLBROCK & JONSON
LAW FIRM
HOLBROCK—JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

130

IMAGED

Respectfully submitted,

HOLBROCK & JONSON LAW FIRM
Attorneys for Defendant
315 S. Monument Avenue
Hamilton, Ohio 45011
Telephone: (513) 868-7600

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

JUN 29 1989

EDWARD S. ROBB, JR.
CLERK

By: _____
      Timothy R. Evans

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Withdraw
of Jury Waiver was forwarded to Mr. John Holcomb, Prosecuting
Attorney, 311 Rentschler Building, Hamilton, Ohio 45011, this
29th day of June, 1989.

By: _____
      Timothy R. Evans

HOLBROCK & JONSON
LAW FIRM
HOLBROCK–JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012



IMAGED

99 - C252

FILED

MAR 0 5 1999

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

IN THE COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

90 - 2524

STATE OF OHIO      '89 JUN 29 PM 3 16 Case No. CR83-12-0614

     Plaintiff,   CLERK OF COURTS
               EDWARD S. ROBB, JR.
                                        MOTION
               FILED In Common Pleas Court
VON CLARK DAVIS       BUTLER COUNTY, OHIO

     Defendant.         JUN 29 1989

               EDWARD S. ROBB, JR.
               * * * * * * * * * * * * * CLERK * * * *

FILED

MAR 0 5 1991

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

          Now comes the Defendant, Von Clark Davis, and
respectfully moves this Court to sentence him to life
imprisonment, on the basis that to sentence him to death would
deny him both equal protection and would constitute double
jeopardy, and further, in that it allows the imposition of the
death penalty in violation of Article 1, sections 9 and 10,
clause 1, and the 6th, 8th and 14th amendment.

                          MEMORANDUM

          The Defendant submits that, because of State vs. Pennix
32 O.S. 369, he is denied equal protection if he were to be
sentenced to death.   Defendant, further submits that to
resentence him to death would constitute double jeopardy.
Furthermore, if he were sentenced to death it would be an ex
post facto application of the Ohio Statutes, in violation of
Article 1, sections 9 and 10, clause 1 to the United States
Constitution.   In State vs. Davis 38 O.S. 3rd 361, Judge Douglas
commented that even though the same three Judges are available,
there is no doubt that they are not in the same posture as they
were at the original time.   Justice Douglas noted, that while

HOLBROCK & JONSON
LAW FIRM
HOLBROCK—JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 587
HAMILTON, OHIO 45012

131

IMAGED

all three Judges might be available in this case, and they are not "in the same posture" and furthermore, if in the next case, one of the three Judges are not available, this would work to deny this Defendant equal protection.

Therefore, Defendant submits that to resentence him to death would violate equal protection, would both be a bill of attainder and an ex post facto application of the law, and would constitute double jeopardy.

Respectfully submitted,

HOLBROCK & JONSON LAW FIRM
Attorneys for Defendant
315 S. Monument Avenue
Hamilton, Ohio 45011
Telephone: (513) 868-7600

By: _Timothy R. Evans_
      Timothy R. Evans

FILED In Common Pleas Court
BUTLER COUNTY, OHIO
JUN 29 1989
EDWARD S. ROBB, JR.
CLERK

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was forwarded by ordinary U.S. Mail Service to Mr. John Holcomb, Prosecuting Attorney, 311 Rentschler Building, Hamilton, Ohio 45011, this 29th day of June, 1989.

By: _Timothy R. Evans_
      Timothy R. Evans

HOLBROCK & JONSON
LAW FIRM
HOLBROCK—JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012



IN THE COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO                                Case No. CR83-12-0614

     Plaintiff,

vs.                                          MOTION TO WITHDRAW THE JURY
                                             WAIVER
VON CLARK DAVIS

     Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

    Now comes the Defendant, Von Clark Davis, and
respectfully moves this Court to allow him to withdraw his jury
waiver, for the reason that it was not a knowing and voluntary
waiver.

### MEMORANDUM

    The Defendant's Jury Waiver was not knowing, intelligent
and voluntary.  In <u>State vs. Rupert</u> 54 O.S. 2nd 263, the Ohio
Supreme Court held that where a Defendant was advised that it
required all three Judges to convict him, and in fact, it turned
out that the advice was erroneous and it took only a majority
of two Judges to convict him.  The U.S. Supreme Court held that
his waiver was not knowing, intelligent and voluntary.

    <u>State vs. Pennix</u> 32 O.S. 3rd 369, held that if there was
error in the penalty phase of the trial, that the Defendant
must, on remand, be sentenced to life.  Thereafter, in <u>State vs.
Davis</u> 38 O.S. 3rd 361, the case at hand, the Court, though
finding error at the penalty stage, made a distinction between
a panel and a jury and allowed the Petitioner to be resentenced
to death.  Because of this distinction, the Petitioner's jury

HOLBROCK & JONSON
LAW FIRM
HOLBROCK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

132

IMAGED

waiver was not knowing, intelligent and voluntary, since he did not know at the time of the waiver that if there was error in the penalty phase, he could be resentenced to death only if he was tried by a three judge panel.

Also, Petitioners Jury Waiver was not knowing, intelligent and voluntary because, as this Court will remember, Petitioner previously asked to severe the weapons under disability count and waived his right to a jury only when the Court denied the same.

Therefore, Petitioner moves this Court to allow him to withdraw his Jury Waiver.

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

JUN 29 1989

EDWARD S. ROBB, JR.
CLERK

Respectfully submitted,

HOLBROCK & JONSON LAW FIRM
Attorneys for Defendant
315 S. Monument Avenue
Hamilton, Ohio 45011
Telephone: (513) 868-7600

By: _Timothy R. Evans_____
Timothy R. Evans

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was forwarded by ordinary U.S. Mail Service to Mr. John Holcomb, Prosecuting Attorney, 311 Rentschler Building, Hamilton, Ohio 45011, this 29th day of June, 1989.

By: _Timothy R. Evans_____
Timothy R. Evans

HOLBROCK & JONSON
LAW FIRM
HOLBROCK–JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

IMAGED

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

FILED

STATE OF OHIO                    '89 JUL 18 P 2 11   CASE NO. CR 83 12 0614

Plaintiff        CLERK OF COURTS

vs.                              MOTION FOR FURTHER PSYCHO-
                                 LOGICAL EVALUATIONS, APPOINT-
                                 MENT OF A SOCIAL WORKER
VON CLARK DAVIS                  TO PREPARE A SOCIAL HISTORY
                                 AND FOR PAYMENT OF EXTRA-
        Defendant                ORDINARY EXPENSES FOR SAID
                                 EXPERTS

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

JUL 18 1989

EDWARD S. ROBB, JR.
CLERK

        : : : : : : :

Now comes the defendant, Von Clark Davis, by and
through counsel, and moves the Court to appoint Roger Fisher
of the Butler County Forensic Center to perform an additional
psychological evaluation in this case and to appoint an
additional psychologist to perform an independent psychological
evaluation in this case and moves the Court to appoint a social
worker to prepare a social history in this case for the use
of the psychologist and for the Court's use in determining
sentence in this matter. Defendant further moves the Court
to approve extraordinary expenses to employ these experts.

JOHN A. GARRETSON      A-173
A Legal Professional Association
616 Dayton Street, P. O. Box 1166
Hamilton, Ohio  45012
Telephone:  (513) 863-6600

MICHAEL SHANKS   per plus
304 North Second Street
Hamilton, Ohio  45011
Telephone:  (513) 863-2112

GARRETSON LAW OFFICES
ATTORNEYS AND
COUNSELORS AT LAW
616 DAYTON STREET
P.O. BOX 1166
HAMILTON, OHIO 45012

(513) 863-6600

134

IMAGED

TIMOTHY R. EVANS
P. O. Box 687
Hamilton, Ohio 45012
Telephone:  (513) 868-7600

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by regular U. S. Mail to John F. Holcomb, Prosecuting Attorney, P. O. Box 515, Hamilton, Ohio 45012, on the date the same was filed.

JOHN A. GARRETSON
Attorney for Defendant

GARRETSON LAW OFFICES
ATTORNEYS AND
COUNSELORS AT LAW
816 DAYTON STREET
P.O. BOX 1166
HAMILTON, OHIO 45012

(513) 863-6600

- 2 -

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 1090

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

FILED

STATE OF OHIO                                    CASE NO. PCR 83112 0614

    Plaintiff

vs.                                              MOTION TO PROHIBIT THREE-
                                                 JUDGE PANEL FROM RESENTENCING
VON CLARK DAVIS                                  TO DEATH AND MOTION TO
                                                 DISQUALIFY PANEL

    Defendant

             : : : : : : :

        Now comes the defendant, Von Clark Davis, by and
through counsel, Michael Shanks, Timothy R. Evans, and John A.
Garretson, and moves the Court as follows:

        1. The defendant respectfully moves the Court to
prohibit any consideration of the death penalty being
reinstituted in this case. Specifically, the defendant
incorporates by reference any and all of the arguments with
respect to resentencing and the unconstitutionality of the
defendant being resentenced to a sentence of death after error
having been committed in the sentencing phase of his trial,
as was submitted as authority to the Supreme Court of United
States on a Petition for Certiorari. (Certiorari denied on
other grounds. Will be submitted.) Additionally the defendant
directs the Court's attention to the dissent written in the
Ohio Supreme Court case by Justice Douglas and cites the
authority contained therein. It is respectfully submitted
that, in fact, even if the same three persons remain on the
Three-Judge Panel, they are not "the same Three-Judge Panel".
Specifically, after the period of nearly five years has elapsed,

GARRETSON LAW OFFICES
ATTORNEYS AND
COUNSELORS AT LAW
616 DAYTON STREET
P.O. BOX 1166
HAMILTON, OHIO 45012

(513) 863-6600

IMAGED

the Three-Judge Panel does not come to this resentencing with the same state of mind, knowledge of this case, nor disposition to hear this matter as when the case was originally heard. Beyond the fact that, based upon the decision of the Ohio Supreme Court in State v. Penix (1987), 32 O. St. 3d. 369, defendant, Davis, is being denied the equal protection of the law argument in considering the death penalty in resentencing a defendant who elected to have his case heard by a Three-Judge Panel (and that unequal protection argument is set forth separately by separate motion), the defendant, Davis, in this case is by statute entitled to have his case sentenced by the same Three-Judge Panel, and although the persons themselves may be the same in name they are not the same panel by virtue of the five-year lapse of time as well as the change of circumstance of all parties involved. For the Court to consider the death penalty as one of the sentencing options in this case violates the defendant's constitutional right to equal protection of the law and violates the statute, specifically Ohio Revised Code Sections 2929.022(B), 2929.03(C)(2)(a), 2929.03(D)(3), and 2929.03(F), wherein the statute refers to a particular panel of three Judges as opposed to merely a panel of three Judges, and, in this case, the Court is not comprised of the same panel of three Judges.

2. Defendant respectfully submits that inasmuch as the presiding Judge originally in his case and the presiding Judge of the Three-Judge Panel at that time was the Honorable Judge Henry J. Bruewer, who is now the Probate Judge of Butler

GARRETSON LAW OFFICES
ATTORNEYS AND
COUNSELORS AT LAW
616 DAYTON STREET
P.O. BOX 1166
HAMILTON, OHIO 45012

(513) 863-6600

- 2 -

IMAGED

County and no longer on the trial division of the Butler County Common Pleas Court, that the same panel as originally heard his case cannot be assigned within the trial division of the Common Pleas Court and, therefore, since the same panel is not available to be assigned within the trial division of the Butler County Common Pleas Court, that he cannot be resentenced properly to the sentence of death by a different panel and, therefore, the sentence of death should not be considered as a sentencing option in this case.

JOHN A. GARRETSON        A-173
A Legal Professional Association
616 Dayton Street, P. O. Box 1166
Hamilton, Ohio  45012
Telephone:  (513) 863-6600

MICHAEL SHANKS
304 North Second Street
Hamilton, Ohio  45011
Telephone:  (513) 863-2112

TIMOTHY R. EVANS
P. O. Box 687
Hamilton, Ohio  45012
Telephone:  (513) 868-7600

**ATTORNEYS FOR DEFENDANT**

GARRETSON LAW OFFICES
ATTORNEYS AND
COUNSELORS AT LAW
616 DAYTON STREET
P.O. BOX 1166
HAMILTON, OHIO 45012

(513) 863-6600

- 3 -

IMAGED

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by regular U. S. Mail to John F. Holcomb, Prosecuting Attorney, P. O. Box 515, Hamilton, Ohio 45012, on the date the same was filed.

JOHN A. GARRETSON
Attorney for Defendant

GARRETSON LAW OFFICES
ATTORNEYS AND
COUNSELORS AT LAW
616 DAYTON STREET
P.O. BOX 1166
HAMILTON, OHIO 45012

(513) 863-6600

– 4 –

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 1094

Clk. 312

BARRETT BROS., PUBLISHERS, SPRINGFIELD, OHIO

## Precipe for Subpena--In State Case

IMAGED

FILED

THE STATE OF OHIO

*vs.*

88 JUL 20  AM 10 24  *No.* CR 83 12 0614

VON CLARK DAVIS

CLERK OF COURTS
EDWARD S. ROBB, JR.

COMMON PLEAS COURT

*Defendant*

*To the Clerk:—Issued subpena for*

RESIDENCE

1  Capt. Oscar McGraw, Unit
Manager, Death Row

Southern Ohio Correctional Facility

2  Sgt. Gordy Pullman, Unit
Counselor, Death Row

P. O. Box 45699, Lucasville, OH 45699

Same

3  Herb Wendler, Social Worker,
Death Row

Same

4

5

all certified mail

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

6

7

JUL 2 0 1989

8

EDWARD S. ROBB, JR.
CLERK

9

10

*to appear as witnesses in above named case, on*  August 8  *A. D. 19* 89 ,

*at* 9:00 *o'clock* A. *M.*, *Required on behalf of the*  defendant
JOHN A. GARRETSON

*Att'y*  *for the*  Defendant

No............................

Crim. Doc.................... Page............

## COMMON PLEAS COURT

...................................County, O.

## THE STATE OF OHIO

Plaintiff

vs.

Defendant

## PRECIPE FOR SUBPENA

For.........................................Witnesses

Filed............................................19.........

Clerk

By..........................................

Deputy

Barrett Brothers, Publishers, Springfield, Ohio

SUBPOENA (including command to produce document or object)

BAKER BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

DISTRIBUTION
White - Serve
Pink - Clerk
Green - Return
Canary - Attorney

IN THE ___Common Pleas Court___ , ___Hamilton___ , OHIO
                        (Court)

State of Ohio                           Case No. ___CR83 12 0614___

              vs                        IMAGED

Von Clark Davis                         **SUBPOENA**

                                        CIVIL/CRIMINAL    ☒ CR
                                        DUCES TECUM       ☐
                                        GRAND JURY        ☐

To:   Herb Wendler, Social Worker, Death Row, Southern Ohio Correctional Facility,
      P.O. Box 45699, Lucasville, Ohio 45699
      YOU ARE HEREBY COMMANDED to appear in the ___Common Pleas___ Court of ___Butler County___

on the ___8th___ day of ___August___ , 19 ___89___ at ___9:00___ o'clock ___A___ M (Courtroom # _____ )

to attend and give testimony on behalf of _____ ___Defendant___ _____ in the above entitled case under penalty of law.

And, to bring with you

___July 20th___ , 19 ___89___

John A. Garretson Attorney                    Edward S. Robb Jr.
                                              Clerk of Courts
Attorney for ___Defendant___
      616 Dayton Street                        C. Carpenter
                                              by
      Hamilton Ohio 45011                      Deputy Clerk
Attorney Address and Phone

(NOTE – Present this Subpena when claiming your fee.)

SUBPOENA (including command to produce document or object)

BARDES BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

DISTRIBUTION
White - Serve
Pink - Clerk
Green - Return
Canary - Attorney

IN THE    Common Pleas Court   ,    Hamilton   , OHIO
(Court)

State of Ohio     IMAGED    Case No.   CR83 12 0614

vs

Von Clark Davis

**SUBPOENA**

CIVIL/CRIMINAL   ☑ CR
DUCES TECUM   ☐
GRAND JURY   ☐

To:   Capt. Oscar McGraw, Unit Manager, Death Row, Southern Ohio
Correctional Facility, P.O. Box 45699, Lucasville, Ohio 45699

YOU ARE HEREBY COMMANDED to appear in the   Common Pleas   Court of   Butler County

on the   8th   day of   August  , 19 89   at   9:00   o'clock   A   M (Courtroom # _____ )

to attend and give testimony on behalf of _____ Defendant _____ in the above entitled case under penalty of law.

And, to bring with you

July 20th _____, 19 89

John A. Garretson Attorney

Attorney for _____ Defendant _____

616 Dayton Street

Hamilton Ohio 45011

Attorney Address and Phone

Edward S. Robb Jr.

Clerk of Courts

C. Carpenter

by

Deputy Clerk

**(NOTE – Present this Subpena when claiming your fee.)**

SUBPOENA (Including command to produce document or object)

BACH BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

DISTRIBUTION
White - Serve
Pink - Clerk
Green - Return
Canary - Attorney

IN THE _____Common Pleas Court_____ , _____Hamilton_____ , OHIO
(Court)

State of Ohio                    IMAGED      Case No. ___CR83 12 0614___

vs

Von Clark Davis

**SUBPOENA**

CIVIL/CRIMINAL    ☒ CR
DUCES TECUM       ☐
GRAND JURY        ☐

To:    Sgt. Gordy Pullman, Unit Counselor, Death Row, Southern Ohio
       Correctional Facility, P.O. Box 45699, Lucasville, Ohio 45699

YOU ARE HEREBY COMMANDED to appear in the ___Common Pleas___ Court of ___Butler County___

on the ___8th___ day of ___August___ , 19 _89_ at ___9:00___ o'clock __A__ M (Courtroom # _____)

to attend and give testimony on behalf of _____Defendant_____ in the above entitled case under penalty of law.

And, to bring with you

July 20th _____ , 19 _89_

John A. Garretson Attorney

Attorney for ___Defendant___

616 Dayton Street

Hamilton Ohio 45011

Attorney Address and Phone

Edward S. Robb Jr.

Clerk of Courts

C. Carpenter

by
Deputy Clerk

(NOTE – Present this Subpena when claiming your fee.)

SUBPOENA (including command to produce document or object)

BARR BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

IMAGED

DISTRIBUTION
White - Serve
Pink - Clerk
Green - Return
Canary - Attorney

**IN THE** _____Common Pleas Court_____ , _____Hamilton_____ , OHIO
(Court)

State of Ohio                                    Case No. _CR83 12 0614_

vs

Von Clark Davis                          **SUBPOENA**

CIVIL/CRIMINAL            ☒ CR
DUCES TECUM              ☐
GRAND JURY               ☐

To:   Capt. Oscar McGraw, Unit Manager, Death Row, Southern Ohio
      Correctional Facility, P.O. Box 45699, Lucasville, Ohio 45699

      YOU ARE HEREBY COMMANDED to appear in the _____Common Pleas_____ Court of _Butler County_

on the __8th__ day of __August__ , 19 _89_ at ____9:00____ o'clock _A_ M (Courtroom # _____)

to attend and give testimony on behalf of _____Defendant_____ in the above entitled case under penalty of law.

And, to bring with you

_July 20th_____ , 19 _89_

John A. Garretson Attorney                    Edward S. Robb Jr.
                                              Clerk of Courts

Attorney for ___Defendant___                  C. Carpenter
616 Dayton Street                             by
                                              Deputy Clerk
Hamilton Ohio 45011

Attorney Address and Phone

---

**RETURN ON SERVICE**

On the _____ day of _____ , 19 _____ , I served the

above named individual by _____

_____  Dated _____ , 19 ___

Cmail 7-20-89                Sheriff of _____ County
CC                           by _____

Service fees:
1 day's fee tendered        $ _____
Service and Return
Mileage                     _____

TOTAL                       $ _____

SUBPOENA (including command to produce document or object)

BANKS BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

IMAGED

DISTRIBUTION
White - Serve
Pink - Clerk
Green - Return
Canary - Attorney

**IN THE** _Common Pleas Court_ , _Hamilton_ , OHIO
(Court)

State of Ohio                    Case No. CR83 12 0614

vs

Von Clark Davis                    **SUBPOENA**

CIVIL/CRIMINAL ☒ CR
DUCES TECUM ☐
GRAND JURY ☐

To: Herb Wendler, Social Worker, Death Row, Southern Ohio Correctional Facility,
P.O. Box 45699, Lucasville, Ohio 45699

YOU ARE HEREBY COMMANDED to appear in the _Common Pleas_ Court of _Butler County_

on the _8th_ day of _August_ , 19 _89_ at _9:00_ o'clock _A_ M (Courtroom # _____)

to attend and give testimony on behalf of _Defendant_ in the above entitled case under penalty of law.

And, to bring with you

_July 20th_ , 19 _89_          _Edward S. Robb Jr._

_John A. Garretson Attorney_          Clerk of Courts

_C. Carpenter_

Attorney for _Defendant_          by
_616 Dayton Street_          Deputy Clerk

_Hamilton Ohio 45011_
Attorney Address and Phone

RETURN ON SERVICE

On the _____ day of _____ , 19 ____ , I served the

above named individual by _____

_Cmail 7-20-89_          Dated _____ , 19 ____

_cc_          Sheriff of _____ County

by _____

Service fees:
1 day's fee tendered          $ _____
Service and Return          _____
Mileage          _____

TOTAL          $ _____

SUBPOENA (including command to produce document or object)

BAR BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

DISTRIBUTION
White - Serve
Pink - Clerk
Green - Return
Canary - Attorney

**IN THE**    Common Pleas Court    ,    Hamilton    , OHIO
(Court)

State of Ohio        IMAGED        Case No.  CR83 12 0614

VS

Von Clark Davis

# SUBPOENA

CIVIL/CRIMINAL    ☒ CR
DUCES TECUM      ☐
GRAND JURY       ☐

To:    Sgt. Gordy Pullman, Unit Counselor, Death Row, Southern Ohio
Correctional Facility, P.O. Box 45699, Lucasville, Ohio 45699

YOU ARE HEREBY COMMANDED to appear in the    Common Pleas    Court of    Butler County

on the    8th    day of    August    , 19 89    at    9:00    o'clock    A    M (Courtroom # _____ )

to attend and give testimony on behalf of _____ Defendant _____ in the above entitled case under penalty of law.

And, to bring with you

July 20th                    , 19 89

John A. Garretson Attorney                    Edward S. Robb Jr.

                                            Clerk of Courts

Attorney for    Defendant                    C. Carpenter
616 Dayton Street                           by
                                            Deputy Clerk
Hamilton Ohio 45011

Attorney Address and Phone

RETURN ON SERVICE

On the _____ day of _____ , 19 _____ , I served the

above named individual by _____    Service fees:
                                                        1 day's fee tendered    $ _____
C-mail 1-30-89    Dated _____ , 19          Service and Return    _____
                                                    Mileage                _____
CC    Sheriff of _____ County

    by _____                                TOTAL    $ _____

IMAGED

STATE OF OHIO                    :          CASE NO. CR83-12-0614

          Plaintiff             :          STATE OF OHIO
                                           COUNTY OF BUTLER
vs.                         FILED:         COURT OF COMMON PLEAS

VON CLARK DAVIS    '89 JUL 21  PM 1 20
                                               MOTION TO STRIKE
                    FILED in Common Pleas Court   DEFENDANT'S WITHDRAWAL
                    Defendant COUNTY, OHIO         OF JURY WAIVER
                                                  AND MEMORANDUM
                        JUL 21 1989     :

                    EDWARD S. ROBB, JR.     :    :    :    :
                            CLERK

          Now comes John F. Holcomb, Prosecuting Attorney, and moves this

Court to strike the defendant's "Withdrawal of Jury Waiver", and to overrule

the defendant's motion for withdrawal of jury waiver, for the reason that it

is untimely per the requirements of Ohio Revised Code §2945.05.

                              JOHN F. HOLCOMB
                              PROSECUTING ATTORNEY
                              BUTLER COUNTY, OHIO


                         By  *Daniel G. Eichel*
                              DANIEL G. EICHEL
                              FIRST ASSISTANT PROSECUTING ATTORNEY
                              BUTLER COUNTY, OHIO
                              216 Society Bank Building
                              Hamilton, Ohio 45012-0515
                              Telephone (513) 887-3474


                    **MEMORANDUM**

          The defendant's motion to withdraw his jury waiver does not meet

the requirements of Ohio Revised Code §2945.05, which provides in pertinent

part:

               * * * Such waiver may be withdrawn by the defendant at
          any time **before the commencement of trial.**

(Emphasis added.)  The defendant's trial has already commenced, the result of

that guilt phase of trial has been affirmed by reviewing courts, and other

than the trial court's opinion itself, there was no error found in the

conduct of the penalty phase.   We have before us only a resentencing.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

133

- 2 -                                    IMAGED

Upon remand from an appellate court, a lower court must proceed from the point at which the error occurred. **State, ex rel. Stevenson, v. Murray** (1982), 69 Ohio St. 2d 112, 431 N.E.2d 324; **Tye v. Bd. of Edn. of Polaris Joint Vocational School District** (1988), 44 Ohio App. 3d 76, --- N.E.2d ---, paragraph two of syllabus. That point in this case is not the commencement of a retrial, but redetermination of sentence under Ohio Revised Code Sections 2929.03(D)(3) and 2929.03(F). The Ohio Supreme Court remanded the case at bar to the same panel of three judges who heard the guilt phase of trial and had previously imposed sentence, "for a resentencing hearing **solely** for the purpose of determining whether the remaining aggravaiting circumstance outweighs the mitigating factors * * *." **State v. Davis** (1988), 38 Ohio St. 3d 361, 373, 528 N.E.2d 925.

Furthermore, there is no provision in Ohio's procedure for a new jury to hear the penalty phase on remand after an original jury's guilty verdict is affirmed but the cause is remanded for error in the penalty phase. **State v. Penix** (1987), 32 Ohio St. 3d 369, 513 N.E.2d 744, [interpreting Ohio Revised Code §§2929.022(B) through 2929.04(B).] Indeed, the import of the **Penix** decision is that the statutes require the same trier of fact to hear both phases, as the statutes consistently refer to **"the** panel of three judges" and **"the** trial jury", not "**a** panel of three judges" and "**a** trial jury." It was for the reason that the same three judges were available that the Ohio Supreme Court found an exception to the **Penix** case and remanded the case at bar to the same three judges who heard the trial. **Davis**, Id. at 373; see also concurring opinion per Holmes, J., Id., at 374. A court of appeals has likewise held in a death penalty case that the jury recommending the sentence cannot be substantially different from the jury that found the defendant guilty. **State, ex rel. Miller, v. Gillie** (1986), 24 Ohio App. 3d 121, 493 N.E.2d 327, paragraph three of syllabus [interpreting Ohio Revised Code §§2929.03(D)(2)].

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

- 3 -



Along the same reasoning as **State v. Penix**, the Ohio Supreme Court has held that the same jury is required to hear the guilt and penalty phases, **State v. Mapes** (1985), 19 Ohio St. 3d 108, 483 N.E.2d 140; separate juries are neither statutorily provided nor constitutionally required.

See also **Beatty v. Alston** (1975), 43 Ohio St. 2d 126, 330 N.E.2d 921, (interpreting Crim. R. 25(B) and holding that the judge who presides at a criminal trial must also impose sentence unless he is unable to do so).

Although defendant cited **State v. Ruppert** (1978), 54 Ohio St. 2d 263, 375 N.E.2d 1250, for grounds that defendant's jury waiver was not knowing and voluntary, that case does not apply in this situation. In **Ruppert**, the trial court affirmatively misinformed the defendant at the time his jury waiver was made that a three judge panel's verdict of guilt must be unanimous, (although at that time the statutes permitted a majority verdict on guilt while requiring unanimity on the death sentence). Because James Ruppert was misinformed, his jury waiver was ineffective and the total result of the original trial, the conviction and sentence, was reversed on appeal. In the present case, however, the Ohio Supreme Court has affirmed the conviction and guilty verdict of the panel but remanded the case solely for a resentencing hearing. **Davis, id.**, at 373. The trial court here did not, as in **Ruppert**, misinform defendant when the jury waiver was made. The error of commission in **Ruppert** does not equate with the alleged error of omission (i.e., not advising defendant that he can be resentenced by a three judge panel in the event that an appeals court finds error in the sentencing phase but otherwise affirms the conviction, whereas an error in the penalty phase of a jury trial results in commutation to a life sentence, cf. **Penix**). If that were the case, then every three-judge panel's death sentence in Ohio is subject to reversal, because such advice was no doubt "omitted" in every such case.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

- 4 -                                    IMAGED

It is one thing to be misinformed about the direct consequences at trial of a three-judge trial, **State v. Ruppert**, supra, but quite another where no misinformation is given on an appellate issue, (and an issue which was not resolved until the appeal).

It is not required that a defendant be omniscient in order to "knowingly, intelligently and voluntarily" make a jury waiver or guilty plea. In the guilty plea situation in **State v. Johnson** (1988), 40 Ohio St. 3d 130, 133, 532 N.E.2d 1295, 1298, the Supreme Court held that neither the United States Constitution nor the Ohio Constitution requires a trial court to go beyond the specific mandate of Crim. R. 11(C)(2) and advise a defendant that sentences for crimes to which he pleads guilty may be imposed consecutively, and held that the failure to so advise a defendant is not error; the Court stated, **"We shall not at this time implant verbiage that is not presently in the rule."** Id. at 134, (emphasis added). The Court in **Johnson** reasoned that the decision to run sentences concurrently or consecutively involves a matter within the trial court's discretion, and that "Crim. R. 11 applies only to the entry and acceptance of the plea. It has no relevance to the exercise of the trial court's discretion at that stage * * *." Id. at 134. Likewise, in the case at bar, the issue of what happens after appeal in the event there is a reversal of a death sentence but affirmance of the conviction on appeal is of no relevance at the time a jury waiver is made in the trial court; a trial court simply cannot recite a laundry list of procedural possibilities in appellate courts at the time a jury waiver is proffered. That is simply not "what happens in a real live courtroom." **Johnson**, Id., at 135, (Wright, J., dissenting). In fact, a jury waiver is different than a guilty plea, in that it is simply required to be in writing; it is not required that the trial court personally advise the defendant of the consequences of the jury waiver. **State v. Morris** (1982), 8 Ohio App. 3d 12, 14, 455 N.E.2d 1352; **State v. Wilson** (June 6, 1988), Butler App. No. CA87-10-140, unreported.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

- 5 -                                    IMAGED

Defendant also claims that his jury waiver was "not knowing, intelligent and voluntary" because it was made only after the trial court denied the request to sever the weapons under disability count. That argument is "water over the dam," because the Supreme Court held in this case (affirming the Court of Appeals' similar conclusion) that the trial court properly overruled defendant's motion to sever the weapons under disability count, holding that there was no error in the joinder of both offenses counts in the same trial, and further rejecting his "contention that he was 'forced' into waiving the right to a jury trial because of the possibility that the jury would not follow a curative instruction * * *." State v. Davis, Id., 38 Ohio St. 3d, at 364. The Supreme Court found that defendant was not prejudiced by the joinder, noting in a footnote that "The mere possibility that the defendant might have a better choice of trial tactics if the counts are separated, or the mere possibility that the defendant might desire to testify on one count and not the other, is insubstantial and speculative; it is not sufficient to show prejudice." Id. at 364 n. 7. This Court must apply the law of the case doctrine, to follow the Supreme Court's previous rulings in the case.

Because the withdrawal of jury waiver is a legal impossibility at this stage of the case, the defendant's motion to withdraw his jury waiver should be overruled.

Respectfully submitted,

JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

By _Daniel G. Eichel_

DANIEL G. EICHEL
FIRST ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone: (513)887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

IMAGED

- 6 -

## PROOF OF SERVICE

I hereby certify that copies of the within Memorandum was served upon Timothy R. Evans, John A. Garretson, and Michael D. Shanks, Attorneys for Defendant, at their respective offices by U.S. ordinary mail, this _____ day of July, 1989.

*Daniel G. Eichel*

DANIEL G. EICHEL
FIRST ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

IMAGED

STATE OF OHIO                    :          CASE NO. CR83-12-0614

        Plaintiff                           STATE OF OHIO
                         FILED    :          COUNTY OF BUTLER
vs.                                          COURT OF COMMON PLEAS

VON CLARK DAVIS '89 JUL 24  AM 9:18  Common Pleas Court
                                     BUTLER COUNTY, OHIO

            CLERK OF COURTS  JUL 2 1 1989   ORDER RE TRANSPORT OF
            Defendant                        DEFENDANT AND SETTING
            EDWARD S. ROBB, JR.   EDWARD S. ROBB  HEARING DATE ON REMAND
                                     CLERK

        :   :   :   :   :   :   :   :   :

        It appearing that the Court that pursuant to the Mandate of the

Ohio Supreme Court in **State v. Davis** (1988), 38 Ohio St. 3d 361, 528 N.E.2d

925, that Court affirmed the conviction herein, and remanded the matter to

this Court for a resentencing as to the offense of Aggravated Murder with

Specification, in violation of Ohio Revised Code Section 2903.01(A), it is

hereby

        **ORDERED** that the Superintendent of the Southern Ohio

Correctional Facility at Lucasville, Ohio shall cause the defendant, Von

Clark Davis, Institution No. 179-828, to be released to the Sheriff of Butler

County, who shall cause the said defendant to be transported and held at the

Butler County Jail at Hamilton, Ohio, pending further proceedings herein.

        It is **FURTHER ORDERED** that this matter is hereby scheduled for

final disposition on the ___4th___ day of ___August___, 1989.


                        SO ORDERED.


                        _____
                        JUDGE HENRY J. BRUEWER

Approved as to Form:

**JOHN F. HOLCOMB**
**PROSECUTING ATTORNEY**
**BUTLER COUNTY, OHIO**

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

136

IMAGE

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

FILED

STATE OF OHIO                    *    Case No.:  CR83-12-0614
                                                       '89 JUL 24  PM 3 29
        Plaintiff               *
                          FILED In Common Pleas Court              CLERK OF COURTS
vs.                        BUTLER COUNTY, OHIO *
                                                  MOTION TO RENEW PRETRIAL MOTIONS
                               JUL 24 1989
VON CLARK DAVIS            *
                          EDWARD S. ROBB, JR.
        Defendant              CLERK *

        *    *    *    *    *    *    *    *    *    *

        Now comes the Defendant, Von Clark Davis, by and through
counsel, John A. Garretson, Timothy R. Evans and Michael D. Shanks and
respectfully moves the Court to renew all Pretrial Motions previously
filed in the above captioned cas, including but not specifically limited
to all challenges as to the constitutionality of the death penalty statute
presently at issue and the sentencing scheme thereunder for the reasons
previously stated and filed by written Memorandum and Oral Argument to
this Court.

                              BRESSLER, SHANKS & GEDLING CO., LPA
                              Attorneys for Defendant
                              304 North Second Street
                              Hamilton, Ohio 45011
                              Telephone:  863-2112

                              By: _____
                                  Michael D. Shanks (A-282)

                              JOHN A. GARRETSON
                              Attorney for Defendant
                              616 Dayton Street
                              Hamilton, Ohio 45011
                              Telephone:  863-6600

                              By: /S/ John A. Garretson
                                  John A. Garretson

                              TIMOTHY R. EVANS
                              Attorney for Defendant
                              315 South Monument Avenue
                              Hamilton, Ohio 45011
                              Telephone:  868-7600

                              By: /S/ Timothy R. Evans
                                  Timothy R. Evans

BRESSLER, SHANKS
& GEDLING CO., L.P.A.
ATTORNEYS AT LAW
304 NORTH SECOND STREET
HAMILTON, OHIO 45011

513-863-2112

137

IMAGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was hand delivered to Mr. John Holcomb, Prosecuting Attorney, 216 Society Bank Building, 2nd and High Streets, Hamilton, Ohio 45011, this ___ day of July, 1989.

By: _____
    Michael D. Shanks (A-282)

By: _____
    John A. Garretson

By: _____
    Timothy R. Evans

BRESSLER, SHANKS
& GEDLING CO., L.P.A.
ATTORNEYS AT LAW
304 NORTH SECOND STREET
HAMILTON, OHIO 45011

513-863-2112

COURT OF COMMON PLEAS

IMAGED

BUTLER COUNTY, OHIO

STATE OF OHIO                           * Case No.: CR83-12-0614
                                 FILED
        Plaintiff            '89 JUL 24 PM 3 29

vs.                                     * MOTION TO PERMIT THE DEFENSE
                          CLERK OF       TO ADMIT ALL RELEVANT EVIDENCE
VON CLARK DAVIS       FILED in Common Pleas  * AT THE SENTENCING PHASE
                       BUTLER COUNTY, OHIO
        Defendant           JUL 24 1989

                       EDWARD S. PROBST, JR.  * * * *
                            CLERK

        Now comes the Defendant, Von Clark Davis, by and through
counsel, John A. Garretson, Timothy R. Evans and Michael D. Shanks and
respectfully moves this Court to permit him to submit all evidence at the
sentencing phase which may be relevant, minimally reliable and trustworthy
under the authority of State vs. Glenn, 228 Ohio St. 3rd. 451, including
any evidence, regarding facts and circumstances occurring subsequent to
the conviction in the above captioned case.

                       MEMORANDUM IN SUPPORT

        The Ohio Rules of Evidence, Ohio Case Law and Federal
Constitutional precedent demonstrate that mitigating evidence must be
admitted at a sentencing hearing if it is relevant and demonstrates a
minimum degree of trustworthiness and reliability.  Ohio Rules of
Evidence, Rule 101, states in pertinent part at Subsection (3), that the
strict rules of evidence do not apply to sentencing hearings.  Further,
in State vs. Glenn, 28 Ohio St. 3rd. 451 (1986), the Court returned to its
earlier stance that as long as reliable and trustworthy evidence can be
minimally insured it may be admitted at the mitigation phase.

        Further, the Eighth Amendment of the United States Constitution
requires that a capital sentencing authority "be allowed to consider on
the basis of all relevant evidence, not only why death sentence should be
imposed, but also why it should not be imposed", (Jurek vs. Texas, 428
U.S. 262 at 271).  In the present case we have an unusual situation where
the Court has asked to reconsider the imposition of the death penalty
approximately five (5) years after the original conviction.  Fundamental
fairness requires that this Court, so considering such a penalty, should
reflect upon all of the evidence being offered by Defendant since
Defendant's conduct subsequent to the conviction may in large part tip the
balance in favor of life.    The Chief Justice of the United States writing
for the plurality in Lockett vs. Ohio, 438 U.S. 586, noted that:

        the sentencer, in all but the rarest kind of capital case,
        not be precluded from considering as a mitigating factor,
        any aspect of a defendant's character or record and any of the
        circumstances of the offense that the defendant proffers as a
        as a basis for a sentence less than death.

BRESSLER, SHANKS
& GEDLING CO., L.P.A.
ATTORNEYS AT LAW
304 NORTH SECOND STREET
HAMILTON, OHIO 45011

513-863-2112

138

IMAGED

The Lockett Court went on to conclude that to deny the Defendant from presenting any mitigating evidence at a sentencing hearing when the choice was between life and death, subjected the Defendant to a risk that was unacceptable and incompatible with the commands of the Eighth and Fourteenth Amendments of the United States Constitution. In the present case, Defendant wishes to provide this Court with additional evidence as to his exemplary conduct post conviction for the crime at issue and believes that such evidence will provide substantial mitigating factors for this Court to consider under the Statutes of the State of Ohio.

It is therefore respectfully requested that the Defendant be specifically allowed to provide all evidence of mitigating circumstances regardless of the nature, type or timing of such evidence at the hearing in this matter.

<div style="margin-left:40%">

BRESSLER, SHANKS & GEDLING CO., LPA
Attorneys for Defendant
304 North Second Street
Hamilton, Ohio 45011
Telephone: 863-2112

By: _____
    Michael D. Shanks (A-282)

JOHN A. GARRETSON
Attorney for Defendant
616 Dayton Street
Hamilton, Ohio 45011
Telephone: 863-6600

By: _____
    John A. Garretson

TIMOTHY R. EVANS
Attorney for Defendant
315 South Monument Avenue
Hamilton, Ohio 45011
Telephone: 868-7600

By: _____
    Timothy R. Evans

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was hand delivered to Mr. John Holcomb, Prosecuting Attorney, 216 Society Bank Building, 2nd and High Streets, Hamilton, Ohio 45011 this 24th day of July, 1989.

<div style="margin-left:40%">

By: _____
    Michael D. Shanks

By: _____
    John A. Garretson

By: _____
    Timothy R. Evans

</div>

BRESSLER, SHANKS
& GEDLING CO. L.P.A.
ATTORNEYS AT LAW
304 NORTH SECOND STREET
HAMILTON, OHIO 45011

513-863-2112

● **SENDER:** Complete items 1 and 2 when additional services are desired, and complete items 3 and 4.
Put your address in "RETURN TO" Space on the reverse side. Failure to do this will prevent this card from being returned to you. The return receipt fee will provide you the name of the person delivered to and the date of delivery. For additional fees the following services are available. Consult postmaster for fees and check box(es) for additional service(s) requested.

1. ☐ Show to whom delivered, date, and addressee's address.      2. ☐ Restricted Delivery
   (Extra charge)                                                     (Extra charge)

| 3. Article Addressed to: | 4. Article Number |
|---|---|
| Sgt. Gordy Pullman, Unit Counselor, Death Row | 59117 |
| Southern Ohio Correctional Facility | Type of Service: |
| P.O. Box 45699 | ☐ Registered  ☐ Insured |
| Lucasville, Ohio 45699 | ☐ Certified  ☐ COD |
| CR83 12 0614 Subpoena | ☐ Express Mail  ☐ Return Receipt for Merchandise |

5. Signature — Address
X *Gordy Pullman*

6. Signature — Agent
X

7. Date of Delivery
*7-21-89*

PS Form **3811**, Mar. 1988   • U.S.G.P.O. 1988-212-865   **DOMESTIC RETURN RECEIPT**

8. Addressee's Address (ONLY if requested and fee paid)

JUL 25 1989

EDWARD S. ROBB, JR.
CLERK

---

● **SENDER:** Complete items 1 and 2 when additional services are desired, and complete items 3 and 4.
Put your address in "RETURN TO" Space on the reverse side. Failure to do this will prevent this card from being returned to you. The return receipt fee will provide you the name of the person delivered to and the date of delivery. For additional fees the following services are available. Consult postmaster for fees and check box(es) for additional service(s) requested.

1. ☐ Show to whom delivered, date, and addressee's address.      2. ☐ Restricted Delivery
   (Extra charge)                                                     (Extra charge)

| 3. Article Addressed to: | 4. Article Number |
|---|---|
| Capt. Oscar McGraw, Unit Manager, Death Row | 59118 |
| Southern Ohio Correctional Facility | Type of Service: |
| P.O. Box 45699 | ☐ Registered  ☐ Insured |
| Lucasville, Ohio 45699 | ☒ Certified  ☐ COD |
| CR83 12 0614 Subpoena | ☐ Express Mail  ☐ Return Receipt for Merchandise |

5. Signature — Address
X *Oscar E. McGraw*

6. Signature — Agent
X

7. Date of Delivery
*7-21-89*

PS Form **3811**, Mar. 1988   • U.S.G.P.O. 1988-212-865   **DOMESTIC RETURN RECEIPT**

8. Addressee's Address (ONLY if requested and fee paid)

JUL 25 1989

EDWARD S. ROBB, JR.
CLERK

IMAGED

STATE OF OHIO                    :        CASE NO. CR83-12-0614

            Plaintiff            :        STATE OF OHIO
                                          COUNTY OF BUTLER
vs.                              :        COURT OF COMMON PLEAS

VON CLARK DAVIS                  :

            Defendant            :        AFFIDAVIT

            :    :    :    :     :    :    :    :    :

STATE OF OHIO,
COUNTY OF BUTLER, SS:

      Daniel G. Eichel, First Assistant Prosecuting Attorney, being first

duly sworn, says that he represented the State in the appeal herein at oral

arguments before the Supreme Court of Ohio sitting in Cincinnati, Ohio, on

March 2, 1988.  Representing defendant was Timothy R. Evans.  During his

argument, Mr. Evans was asked a question by one of the Justices regarding the

possibility of a remand to the original three judges in the event that the

Court were to reverse the death sentence based on error in the trial court's

opinion, and whether the same three judges were available.  On said date,

Judge Bruewer was the duly appointed Judge of the Probate Division of the

Butler County Court of Common Pleas.  Mr. Evans represented to the Court that

the three judges remained on the Common Pleas bench, and that he would assume

that the original three judges would be available.  Another question was

asked by one of the Justices whether the death penalty could again be sought

on remand; Mr. Evans replied in the affirmative, and agreed with the

Justice's comment that **Penix** would not apply because this was a three-judge

panel rather than a jury trial.


                                      *Daniel G. Eichel*
                                        DANIEL G. EICHEL

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

                   Sworn to and subscribed in my presence this _25th_ day of July,

1989.

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

                                *Mary Sue Predit*
                                Notary Public, State of Ohio
                                My commission expires March 12, 1992.

IMAGED

STATE OF OHIO                          :          CASE NO. CR83-12-0614

          Plaintiff         FILED   :          STATE OF OHIO
                                               COUNTY OF BUTLER
vs.                                    22      COURT OF COMMON PLEAS

VON CLARK DAVIS        CLERK OF COURTS          MEMORANDUM IN OPPOSITION
                                               TO DEFENDANT'S MOTION
          Defendant                    :       TO PROHIBIT 3-JUDGE PANEL
                                               FROM RESENTENCING TO DEATH
                                       :       AND TO DISQUALIFY PANEL

          :    :    :    :    :    :    :    :    :

          Now comes John F. Holcomb, Prosecuting Attorney, and says that

defendant's motion to prohibit this three-judge Court from resentencing

defendant to death, or alternatively to disqualify the panel, should be

overruled.

          Upon remand from an appellate court, a lower court must proceed

from the point at which the error occurred.  **State, ex rel. Stevenson, v.**

**Murray** (1982), 69 Ohio St. 2d 112, 431 N.E.2d 324; **Tye v. Bd. of Edn. of**

**Polaris Joint Vocational School District** (1988), 44 Ohio App. 3d 76, ---

N.E.2d ---, paragraph two of the syllabus.  See generally 5 O **Jur 3d,**

**Appellate Review,** § 717.  That point, in this case, is specifically the

redetermination of sentence under Ohio Revised Code Sections 2929.03(D)(3)

and 2929.03(F).  The Ohio Supreme Court remanded the case at bar to the

three-judge panel who orginally heard the trial and had previously imposed

sentence, "for a resentencing hearing **solely** for the purpose of determining

whether the remaining aggravating circumstance outweighs the mitigating

factors * * *," **State v. Davis** (1988), 38 Ohio St. 3d 361, 373, 528 N.E.2d

925.  At said resentencing hearing, "the state may seek whatever punishment

is lawful, including, but not limited to, the death sentence." _Id._,

syllabus.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

139

IMAGED

- 2 -

The Supreme Court's lead opinion by Justice Locher, in which four of the justices concurred, noted that "This action did not involve a jury recommendation.  Consequently, we are not compelled to find our decision in Penix, supra, [State v. Penix (1987), 32 Ohio St. 3d 369, 513 N.E.2d 744], controlling in this matter."  State v. Davis, supra, at 373.  Justice Holmes, who dissented on the ground that he would have found that there was no error in the original sentencing decision, restated his original disagreement with the Penix case, and would likewise find no obstacle to the three-judge panel conducting a resentencing hearing; in his opinion, any three judges could redetermine sentence under Crim. R. 25(B), even if any or all of the original three judges were unavailable.  State v. Davis, supra, at 373-375.  (Thus, five out of seven Justices would agree that the resentencing can take place.)  Dissenting Justice Douglas, with whom Chief Justice Moyer concurred, would likewise have found that the original sentencing decision in this case was not error; however, Justice Douglas took exception to the majority's remand for resentencing inclusive of the death penalty, disagreeing with the majority's finding that Penix was not controlling.  It is upon Justice Douglas's dissent that defendant bases his argument, whereas it was clear that five out of seven Justices disagree with that position.

It was represented at the oral argument before the Ohio Supreme Court by counsel for defendant, Mr. Evans, that the three judges who were the trial panel in this case remained available for a rehearing, and that there was no obstacle to the panel's ability to hear the case on remand inclusive of the death penalty.  That was on March 2, 1988, when Mr. Evans knew that Judge Bruewer was the Probate Division Judge.  The idea that remand was available, inclusive of reconsideration of the death penalty, may have been a determining factor in the Supreme Court's decision to remand the case for resentencing inclusive of the death penalty.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

- 3 -

IMAGED

Why did counsel for defendant represent to the Supreme Court that the same three-judge panel could hear the case on remand, inclusive of the death penalty?  No doubt counsel considered the fact that the alternative, (i.e., to hold that there was no possibility of remand and that only a life sentence was possible after error was found in the sentencing decision), would have a chilling effect on the Supreme Court's consideration of his argument that the written opinion's error was prejudicial and was not cured by independent review, as the court of appeals had found.  See **State v. Davis**, supra, at 372.  At any rate, regardless of the motivations of counsel, we cannot tolerate a party making representations to the Supreme Court upon which that Court relies in making its decision, only to see the same party making the opposite arguments at a later proceeding in the same case before a different court when the previous representation no longer serves his purpose.

The "law of the case" doctrine requires the trial court to follow the mandate of a reviewing court in subsequent proceedings on the same case, see 23 O Jur 3d **Courts and Judges**, §506, and 5 O Jur 3d **Appellate Review**, § 718.  The issue previously decided in this case is res judicata, and the trial court is bound to follow the mandate of the Supreme Court which remanded the case "for a resentencing hearing **solely** for the purpose of determining whether the remaining aggravating circumstance outweighs the mitigating factors * * *," at which hearing "the state may seek whatever punishment is lawful, including, but not limited to, the death sentence." **State v. Davis**, supra, at 373.  The remand was to "**that** trial court," see id., syllabus, (referring to the three judge panel which imposed the death sentence that was vacated).

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

- 4 -                                    IMAGED

As does defendant, the State also incorporates by reference the essential arguments made in the Supreme Court of the United States as to why there is no constitutional bar to the resentencing procedure, inclusive of reconsideration of the death penalty, as required by the Ohio Supreme Court's mandate to this trial court. The Ohio Supreme Court's decision itself cited two cases, **Skipper v. South Carolina** (1986), 476 U.S. 1, and **Poland v. Arizona** (1986), 476 U.S. 147, which held that the Double Jeopardy Clause poses no bar to reconsideration of the sentence of death where a death sentence has been reversed on appeal and the case is remanded for further proceedings. The relevant pages, 12 and 13, of the State of Ohio's Brief in Opposition to Petition for Writ of Certiorari are inserted herein:

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 1119

- 5 -



III.     The Ohio Supreme Court's decision permitting the resentencing of a capital defendant, including reconsideration of the death sentence, by a three-judge trial court which tried the case, after reversal of such trial court for an error of law in its written sentencing decision mandated by state law, does not offend the Ex Post Facto Clause, the Sixth Amendment, the Eighth Amendment, or the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

Aside from the jurisdictional difficulties with addressing a death penalty issue where no death penalty has been imposed, [Parts I and II supra], the several arguments of Petitioner's First Question Presented are without merit.

On the Equal Protection issue, valid grounds exist on which to make a distinction between situations of the respective defendants in State v. Penix, 32 Ohio St. 3d 369, 513 N.E.2d 744 (1987), and the situation at bar. The reversible error in Penix was at the jury recommendation stage of the penalty phase, where the jury recommendation of death was made as a result of a flawed hearing due to incorrect jury instructions or improperly admitted evidence at the hearing.     In the situation presented in the case at bar, however, a written sentencing decision by a three-judge court, (mandated by law under Ohio Revised Code §2929.03(F) for the apparent purpose of facilitating mandatory appellate review of the death sentence), was in error on a matter of law. Reversal and remanding was "solely for the purpose of determining whether the remaining aggravating circumstance outweighs the mitigating factors presented by [Davis], beyond a reasonable doubt." State v. Davis, supra, at 373, 528 N.E.2d, at 936. The Petitioner here is in the same position as would be a capital defendant, tried without trial error in the penalty stage and for whom the jury recommendation was affirmed as factually supported by the evidence, but the single trial judge presiding over his jury trial after the recommendation of death had made an error in the sentencing decision under Ohio Revised Code §2929.03(F).     In that hypothetical scenario, (which has yet to happen in Ohio), a remand to that trial judge for reconsideration of sentence inclusive of the death penalty would place a capital defendant tried by jury in the same posture as the Petitioner here.

- 12 -

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 1120

- 6 -



Further, it is no different here for the Supreme Court of Ohio to reverse a written decision of the three-judge trial court than when a state's highest court reverses the state's intermediate reviewing court on a matter of law they have misstated in their decision.  A jury recommendation stands on a different footing.  This Court has recognized that "the jury's role in the criminal process is essentially unreviewable and not always rational."  Spaziano v. Florida, 468 U.S. 447, 455 (1984).  On the other hand, the written opinion of a three-judge panel is intentionally reviewable, and is required to be rational.

Petitioner's Sixth Amendment jury trial issue is apparently based sub silentio on United States v. Jackson, 390 U.S. 570 (1968), but it is difficult to accept the theory that the right to a jury trial was "chilled" where the defendant made a knowing and voluntary choice available under state law to be tried to a three-judge panel trial court rather than a jury, accepting the option that judges, and not a jury, would determine both his guilt and his punishment.  See Lockett v. Ohio, 438 U.S. 586, 633-635 (1978) (Rehnquist, J., dissenting).  Since both procedures are sufficiently fair to satisfy the Constitution, there is no infirmity in requiring Petitioner to choose which he prefers.  Id., at 634.  See also Spaziano, supra, at 455-457, (discussing the fairness of a defendant having to choose between waiving a statute of limitations defense to a lesser crime than murder, or having the benefit of the lesser included offense instruction in a capital murder prosecution).

Petitioner alludes to an ex post facto problem, without explanation; but from the decision of the Ohio Supreme Court it is clear that this was simply an interpretation of a statutory scheme enacted by the General Assembly of Ohio before the Petitioner's criminal act, and the interpretation is fairly discerned in the language of the statute.  See Dobbert v. Florida, 432 U.S. 282 (1982).

Finally, the Ohio procedure does not incline itself toward arbitrary and capricious imposition of the death penalty, cf. Godfrey v. Georgia, 446 U.S. 420 (1980).  There is nothing in the remanding itself to raise the Petitioner's risk of suffering the imposition of the death penalty, but rather, it was as the result of his appeal that he was placed back in the same position as he was before the error at the penalty phase of his trial.  See North Carolina v. Pearce, 395 U.S. 711 (1969), and Poland v. Arizona, supra.

- 13 -

- 7 -

IMAGED

Finally, as to the defendant's objection to Judge Bruewer's qualifications to serve on the panel on the ground that he is Probate Judge, the Ohio Supreme Court has held that a judge of the Probate Division of the Common Pleas Court is not disqualified to serve in criminal cases. **State v. Cotton** (1978), 56 Ohio St. 2d 8, 381 N.E.2d 190, paragraph four of the syllabus. Specifically, **State v. Cotton** was a capital case in which the Probate Judge served on a three-judge panel. The Court reasoned that Ohio Revised Code § 2931.01(B), which seemingly excludes the probate judge from hearing criminal cases, is in conflict with Section 4, Article IV of the Ohio Constitution, as well as Section 5(A)(3), Article IV of the Ohio Constitution, and is thus ineffective to disqualify the Probate Judge from serving on a three-judge panel in a capital case. Id., 56 Ohio St. 2d, at _ , 381 N.E.2d, at 194. Further, Ohio Revised Code §2301.01 provides, in pertinent part,

> * * *
> Judges of the probate division of the court of common pleas are judges of the court of common pleas, but shall be elected pursuant to sections 2101.02 and 2101.021 of the Revised Code * * *.

Judge Bruewer was originally elected to the common pleas bench pursuant to Ohio Revised Code §2301.01 for the term commencing January 1, 1979; he was reelected to an additional six-year term commencing January 1, 1985, but in the middle of said term, he was appointed to fill the vacancy of the probate judge who resigned his office, Judge Niehaus, which remainder of term commenced January 3, 1987. Thereafter, Judge Bruewer was elected pursuant to Ohio Revised Code §2101.02 to fill the remainder of the probate judge's term of office, February 9, 1989 through February 8, 1991. Thus, Judge Bruewer has continuously remained a judge of the court of common pleas at all times pertinent, and the order of the presiding judge (at the time, Judge David Black) should remain in full force and effect as the law of the case herein.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

- 8 -

IMAGED

In conclusion, the defendant's motion to prohibit this three-judge panel from resentencing defendant to death and motion to disqualify panel should be overruled.

Respectfully submitted,

JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

By *Daniel G. Eichel*

DANIEL G. EICHEL
FIRST ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone: (513)887-3474

## PROOF OF SERVICE

I hereby certify that copies of the within Memorandum was served upon Timothy R. Evans, John A. Garretson, and Michael D. Shanks, Attorneys for Defendant, at their respective offices by U.S. ordinary mail, this **25th** day of July, 1989.

*Daniel G. Eichel*

DANIEL G. EICHEL
FIRST ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY. OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

IMAGE1

FILED

State of Ohio   89 JUL 26 AM 10 07          COMMON PLEAS COURT
                                            BUTLER COUNTY, OHIO
        Plaintiff  CLERK OF COURTS
                EDWARD S. ROBB, JR.
-vs-                                      Case CR 83-12-0614
                          FILED in Common Pleas Court
                          BUTLER COUNTY, OHIO
Von Clark Davis            JUL 26 1989      E N T R Y

        Defendant   EDWARD S. ROBB, JR.
                            CLERK

                :::::::::::::

        It appearing to this court that The Supreme

Court of Ohio by decision in the case of **State v. Davis**,

38 Ohio St. 3d, 361 held:

>       When a reviewing court vacates the death
>       sentence of a defendant imposed by a
>       three-judge panel due to error occurring
>       at the penalty phase, not otherwise
>       covered by R.C. 2929.06, and the
>       reviewing court does not find the
>       evidence to be legally insufficient to
>       justify imposition of the death
>       sentence, such reviewing court may
>       remand the action to that trial court
>       for a resentencing hearing at which the
>       state may seek whatever punishment is
>       lawful, including, but not limited to,
>       the death sentence.

        And it further appearing that the trial court

that held the original trial of State v. Davis was a

three-judge panel composed of Henry J. Bruewer, John R.

Moser and William R. Stitsinger, and,

        It further appearing that Henry J. Bruewer is

now a Common Pleas Judge, Probate Division of this county

whereas he was a judge in the General Division at the time

**J0043P664**

140

Judge
**WILLIAM R. STITSINGER**

IMAGED

−2−

of the original trial;

It is therefore hereby ordered in accordance with Rules of Superintendence for Courts of Common Pleas, Rule #2 that the undersigned as Presiding Judge does hereby assign Henry J. Bruewer from the Probate Division to serve in the General Division (trial division) to hear together with Judges Moser and Stitsinger the remand for a resentencing hearing as ordered by The Supreme Court of Ohio above referred to.

William R. Stitsinger
Presiding Judge

J0043P665

Judge
**WILLIAM R. STITSINGER**

Clk. 16

BARRETT BROTHERS, PUBLISHERS, SPRING. o, OHIO

# Precipe for Subpena—In Civil Case

STATE

IMAGED

Revised Code, Sec. 2303.01, 2317.11-.13

STATE OF OHIO

vs.                    Plaintiff

VON CLARK DAVIS

Defendant

FILED

No. CR-83-12-0614

'89 JUL 26 AM 9 : 33

COMMON PLEAS ........ COURT
CLERK OF COURTS
EDWARD S. ROBB, JR.

To the Clerk:—Issue Subpena for

RESIDENCE

1  Capt. Oscar McGraw, Unit
   Manager, Death Row
2  Sgt. Gordy Pullman, Unit
   Counselor, Death Row
3  Herb Wendler, Social Worker,
   Death Row

4
5
6
7
8
9
10

Southern Ohio Correctional
  Facility, P. O. Box 45699,
  Lucasville, Ohio 45699
Same

Same

all certified mail

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

JUL 26 1989

EDWARD S. ROBB, JR.
                    CLERK

to appear as witnesses in above named case, on Friday, August 4

A. D. 19 89, at 9:00 o'clock A.M. Required on behalf of the defendant

JOHN A. GARRETSON
Att'y for the Defendant

Ba   Brothers, Publishers, Springfield, Ohio

SUBPOENA (including command to produce document or object)

IMAGED

DISTRIBUTION
White - Serve
Pink - Clerk
Green - Return
Canary - Attorney

IN THE     Common Pleas Court    ,   Hamilton    , OHIO
(Court)

State of Ohio        Case No.   CR83 12 0614

vs

Von Clark Davis

## SUBPOENA

CIVIL/CRIMINAL    ☒ CR
DUCES TECUM     ☐
GRAND JURY      ☐

To:   Sgt. Gordy Pullman, Unit Counselor, Death Row,
Southern Ohio Correctional Facility, P.O. Box 45699, Lucasville, Ohio 45699

YOU ARE HEREBY COMMANDED to appear in the   Common Pleas   Court of   Butler County

on the   4th   day of   August  , 19 89 at   9:00   o'clock   A   M (Courtroom # _____ )

to attend and give testimony on behalf of _____ Defendant _____ in the above entitled case under penalty of law.

And, to bring with you

July 26th _____, 19 89

John A. Garretson Attorney

Attorney for _____ Defendant _____

616 Dayton Street, Hamilton Ohio 45011

_____
Attorney Address and Phone

Edward S. Robb Jr.
_____
Clerk of Courts

C. Carpenter
by _____
Deputy Clerk

(NOTE — Present this Subpena when claiming your fee.)

SUBPOENA (including command to produce document or object)

BANKS BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

IMAGED

DISTRIBUTION
White - Serve
Pink - Clerk
Green - Return
Canary - Attorney

IN THE ___Common Pleas Court___, ___Hamilton___, OHIO
                    (Court)

State of Ohio                                Case No. ___CR83 12 0614___

vs

Von Clark Davis

**SUBPOENA**

CIVIL/CRIMINAL        ☒ CR
DUCES TECUM           ☐
GRAND JURY            ☐

To:   Herb Wendler, Social Worker, Death Row,
      Southern Ohio Correctional Facility, P. O. Box 45699, Lucasville, Ohio 45699

YOU ARE HEREBY COMMANDED to appear in the ___Common Pleas___ Court of ___Butler County___

on the ___4th___ day of ___August___, 19 ___89___ at ___9:00___ o'clock ___A___ M (Courtroom # _____)

to attend and give testimony on behalf of _____Defendant_____ in the above entitled case under penalty of law.

And, to bring with you

July 26th _____, 19 ___89___

John A. Garretson Attorney

Attorney for ___Defendant___

616 Dayton Street, Hamilton Ohio 45011

_____
Attorney Address and Phone

Edward S. Robb Jr.
_____
Clerk of Courts

C. Carpenter
by _____
Deputy Clerk

(NOTE – Present this Subpena when claiming your fee.)

SUBPOENA (including command to produce document or object)

BACH BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

DISTRIBUTION
White - Serve
Pink - Clerk
Green - Return
Canary - Attorney

IMAGED

IN THE _____ Common Pleas Court _____ , _____ Hamilton _____ , OHIO
                              (Court)

State of Ohio                                    Case No. _____ CR83 12 0614 _____

        vs                                       **SUBPOENA**

Von Clark Davis                                  CIVIL/CRIMINAL    [X] CR
                                                 DUCES TECUM       [ ]
                                                 GRAND JURY        [ ]

To:  Capt. Oscar McGraw, Unit Manager, Death Row,
     Southern Ohio Correctional Facility, P.O. Box 45699, Lucasville, Ohio 45699

        YOU ARE HEREBY COMMANDED to appear in the _____ Common Pleas _____ Court of _____ Butler County _____

on the _____ 4th _____ day of _____ August _____ , 19 _____ 89 _____ at _____ 9:00 _____ o'clock _____ A _____ M (Courtroom # _____ )

to attend and give testimony on behalf of _____ Defendant _____ in the above entitled case under penalty of law.

And, to bring with you

_____ July 26th _____ , 19 _____ 89 _____

John A. Garretson Attorney                       Edward S. Robb Jr.

                                                 Clerk of Courts
Attorney for _____ Defendant _____
                                                 C. Carpenter
616 Dayton Street, Hamilton Ohio 45011
                                                 by _____
                                                 Deputy Clerk

_____

Attorney Address and Phone

(NOTE – Present this Subpena when claiming your fee.)

BARR BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

SUBPOENA (including command to produce document or object)

IMAGED

DISTRIBUTION
White - Serve
Pink - Clerk
Green - Return
Canary - Attorney

IN THE ___Common Pleas Court___ , ___Hamilton___ , OHIO
(Court)

State of Ohio                                    Case No. ___CR83 12 0614___

                    vs

Von Clark Davis                          **SUBPOENA**

                                          CIVIL/CRIMINAL    ☒ CR
                                          DUCES TECUM       ☐
To:    Capt. Oscar McGraw, Unit Manager, Death Row,    GRAND JURY    ☐
       Southern Ohio Correctional Facility, P.O. Box 45699, Lucasville, Ohio 45699
       YOU ARE HEREBY COMMANDED to appear in the ___Common Pleas___ Court of ___Butler County___

on the ___4th___ day of ___August___ , 19 ___89___ at ___9:00___ o'clock ___A___ M (Courtroom # _____)

to attend and give testimony on behalf of ___Defendant___ in the above entitled case under penalty of law.

And, to bring with you

July 26th
_____ , 19 89

John A. Garretson Attorney                   Edward S. Robb Jr.

Attorney for ___Defendant___                Clerk of Courts

616 Dayton Street, Hamilton Ohio 45011       C. Carpenter
                                             by _____
_____             Deputy Clerk

Attorney Address and Phone

**RETURN ON SERVICE**

On the _____ day of _____ , 19 _____, I served the        Service fees:
                                                              1 day's fee tendered    $ _____
above named individual by _____            Service and Return
                                                              Mileage                 _____
Cmail 7-26-89 CC        Dated _____ , 19 ____
                                                              TOTAL                   $ _____
                       Sheriff of _____ County

                       by _____

SUBPOENA (including command to produce document or object)

BAR BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

IMAGED

DISTRIBUTION
White - Serve
Pink - Clerk
Green - Return
Canary - Attorney

IN THE ___Common Pleas Court___ , ___Hamilton___ , OHIO
(Court)

State of Ohio                                          Case No. ___CR83 12 0614___

vs

**SUBPOENA**

Von Clark Davis

CIVIL/CRIMINAL ☑ CR
DUCES TECUM ☐
GRAND JURY ☐

To:   Sgt. Gordy Pullman, Unit Counselor, Death Row,
Southern Ohio Correctional Facility, P.O. Box 45699, Lucasville, Ohio 45699

YOU ARE HEREBY COMMANDED to appear in the ___Common Pleas___ Court of ___Butler County___

on the ___4th___ day of ___August___, 19 ___89___ at ___9:00___ o'clock ___A___ M (Courtroom # _____)

to attend and give testimony on behalf of ___Defendant___ in the above entitled case under penalty of law.

And, to bring with you

July 26th ___, 19 89___

John A. Garretson Attorney

Attorney for ___Defendant___

616 Dayton Street, Hamilton Ohio 45011

_____

Attorney Address and Phone

Edward S. Robb Jr.

Clerk of Courts.

C. Carpenter

by
Deputy Clerk

**RETURN ON SERVICE**

On the ___ day of ___, 19 ___, I served the

above named individual by _____

Dated ___, 19 ___

Sheriff of ___ County

by ___

Service fees:
1 day's fee tendered          $ _____
Service and Return
Mileage                       _____

TOTAL                         $ _____

SUBPOENA (including command to produce document or object)

BARR, BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

IMAGED

DISTRIBUTION
White - Serve
Pink - Clerk
Green - Return
Canary - Attorney

IN THE      Common Pleas Court     ,     Hamilton     , OHIO
                    (Court)

State of Ohio                                   Case No. ___ CR83 12 0614

        vs
                                                **SUBPOENA**
    Von Clark Davis
                                        CIVIL/CRIMINAL      ☒ CR
                                        DUCES TECUM         ☐
        Herb Wendler, Social Worker, Death Row,        GRAND JURY         ☐
To:   Southern Ohio Correctional Facility, P. O. Box 45699, Lucasville, Ohio 45699

          YOU ARE HEREBY COMMANDED to appear in the ___ Common Pleas ___ Court of ___ Butler County

on the __4th__ day of __August__ , 19 __89__ at ____ 9:00 ____ o'clock __A__ M (Courtroom # _____)

to attend and give testimony on behalf of _____ Defendant _____ in the above entitled case under penalty of law.

And, to bring with you


July 26th                                    , 19 __89__

John A. Garretson Attorney                    Edward S. Robb Jr.
                                              Clerk of Courts
Attorney for _____ Defendant _____
                                              C. Carpenter
616 Dayton Street, Hamilton Ohio 45011        by
                                              Deputy Clerk

Attorney Address and Phone


**RETURN ON SERVICE**

On the _____ day of _____ , 19 ____, I served the

above named individual by _____                        Service fees:
                                                            1 day's fee tendered      $ _____
_BC mail_                 Dated _____ , 19 ____          Service and Return       _____
_1-26-89_                                                    Mileage                   _____
_CC_                      Sheriff of _____ County        TOTAL                    $ _____

                          by _____



● **SENDER:** Complete items 1 and 2 when additional services are desired, and complete items 3 and 4.
Put your address in the "RETURN TO" Space on the reverse side. Failure to do this will prevent this card from being returned to you. The return receipt fee will provide you the name of the person delivered to and the date of delivery. For additional fees the following services are available. Consult postmaster for fees and check box(es) for additional service(s) requested.

1. ☑ Show to whom delivered, date, and addressee's address.    2. ☐ Restricted Delivery
(Extra charge)                (Extra charge)

3. Article Addressed to:    230       4. Article Number   59116

Herb Wendler, Social Worker, Death Row
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio 45699
CR83 12 06 14 Subpoena

Type of Service:
☐ Registered      ☐ Insured
☑ Certified        ☐ COD
☐ Express Mail    ☐ Return Receipt
              for Merchandise

Always obtain signature of addressee
or agent and DATE DELIVERED.

5. Signature — Address
X

6. Signature — Agent
X *Erwin Wendler*

7. Date of Delivery
7/25/89

8. Addressee's Address (ONLY if
requested and fee paid)

BUTLER COUNTY, OHIO

JUL 27 1989

EDWARD S. ROBB, JR.
CLERK

PS Form 3811, Mar. 1988   ● U.S.G.P.O. 1988-212-865    **DOMESTIC RETURN RECEIPT**

UNITED STATES POSTAL SERVICE

OFFICIAL BUSINESS

**SENDER INSTRUCTIONS**
Print your name, address and ZIP Code
in the space below.
● Complete items 1, 2, 3, and 4 on the
reverse.
● Attach to front of article if space
permits, otherwise affix to back of
article.
● Endorse article "Return Receipt
Requested" adjacent to number.

RECEIVED JUL 26 1989

PENALTY FOR PRIVATE
USE, $300

U.S. MAIL

RETURN
TO   ➡      Print Sender's name, address, and ZIP Code in the space below.

EDWARD S. ROBB, JR.
CLERK OF COURTS
BUTLER COUNTY COURTHOUSE
HAMILTON, OHIO 45011

IN THE COURT OF COMMON PLEAS

FILED

BUTLER COUNTY, OHIO

'89 AUG 1 AM 11 15

CLERK OF COURTS

EDWARD S. ROBB. JR

IMAGED

STATE OF OHIO,

Plaintiff,

CASE NO. CR83-12-0614

-vs-

VON CLARK DAVIS,

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

AUG 1 1989

EDWARD S. ROBB. JR

CLERK

Defendant.

ENTRY AS TO MOTIONS
HEARD JULY 31, 1989

This 31st day of July, 1989, this cause came on to be heard before a three judge panel consisting of Judges Henry J. Bruewer, William R. Stitsinger, and John R. Moser, on the remand of the Ohio Supreme Court, reported as State v. Davis (1988), 38 Ohio St. 3d 361, and upon the several motions of the defendant by and through his counsel, Michael D. Shanks and John A. Garretson, and upon the motion of the prosecution to strike the defendant's withdrawal of jury waiver; and the Court having due consideration to the motions and memoranda of counsel in support of and in opposition to said motions, hereby makes disposition of said motions, as follows:

It is ORDERED that the defendant's motion to renew pretrial motions previously filed herein is hereby OVERRULED, all previous rulings on said motions remaining in full force and effect.

It is FURTHER ORDERED that the defendant's motion to permit defendant to present additional evidence at the sentencing phase is hereby OVERRULED.

It is FURTHER ORDERED that the defendant's motion for further psychological evaluations and appointment of social worker is hereby OVERRULED.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

141

J0044D031



IMAGED

- 2 -

It is **FURTHER ORDERED** that the defendant's motion to withdraw his jury waiver is hereby **OVERRULED.**

It is **FURTHER ORDERED** that the Prosecuting Attorney's motion to strike the defendant's withdrawal of jury waiver is hereby **SUSTAINED,** and the defendant's withrdawal of jury waiver shall be striken.

It is **FURTHER ORDERED** that the defendant's motion requesting this Court to sentence him to life imprisonment on grounds of equal protection clause, the double jeopardy clause, and the ex post facto clause, is hereby **OVERRULED.**

It is **FURTHER ORDERED** that the defendant's motion to prohibit this three-judge panel from resentencing to death and motion to disqualify panel is hereby **OVERRULED.**

E N T E R

_____
BRUEWER, J.

_____
STITSINGER, J.

_____
MOSER, J.

APPROVED AS TO FORM:

JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

J0044P032





● **SENDER:** Complete items 1 and 2 when additional services are desired, and complete items 3 and 4.
Put your address in the "RETURN TO" Space on the reverse side. Failure to do this will prevent this card from being returned to you. The return receipt fee will provide you the name of the person delivered to and the date of delivery. For additional fees the following services are available. Consult postmaster for fees and check box(es) for additional service(s) requested.

1. ☐ Show to whom delivered, date, and addressee's address.   2. ☐ Restricted Delivery
   *(Extra charge)*                                               *(Extra charge)*

3. Article Addressed to:

Sgt. Gordy Pullman, Unit Counselor, Death Row
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio 45699
CR83 12 0614 Subpoena

4. Article Number  59598

Type of Service:
☐ Registered      ☐ Insured
☐ Certified       ☐ COD
☐ Express Mail    ☐ Return Receipt for Merchandise

Always obtain signature of addressee agent and DATE DELIVERED.

5. Signature — Address
X

6. Signature — Agent
X

7. Date of Delivery
1-27-89

8. Addressee's Address *(ONLY if requested and fee paid)*

AUG 04 1989

EDWARD S. ROBB, JR.
CLERK

PS Form **3811,** Mar. 1988   ☆ U.S.G.P.O. 1988-212-865   **DOMESTIC RETURN RECEIPT**

UNITED STATES POSTAL SERVICE
OFFICIAL BUSINESS

**SENDER INSTRUCTIONS**
Print your name, address and ZIP Code in the space below.
• Complete items 1, 2, 3, and 4 on the reverse.
• Attach to front of article if space permits, otherwise affix to back of article.
• Endorse article "Return Receipt Requested" adjacent to number.

RECEIVED JUL 3 1 1990

U.S.MAIL

PENALTY FOR PRIVATE USE, $300

RETURN TO ➡

Print Sender's name, address, and ZIP Code in the space below.

EDWARD S. ROBB, JR.
CLERK OF COURTS
BUTLER COUNTY COURTHOUSE
HAMILTON, OHIO 45011

**SENDER:** Complete items 1 and 2 when additional services are desired, and complete items 3 and 4.
Put your address in "RETURN TO" Space on the reverse side. Failure to do this will prevent this card from being returned to you. The return receipt fee will provide you the name of the person delivered to and the date of delivery. For additional fees the following services are available. Consult postmaster for fees and check box(es) for additional service(s) requested.

1. ☑ Show to whom delivered, date, and addressee's address.    2. ☐ Restricted Delivery
   *(Extra charge)*                                                   *(Extra charge)*

| 3. Article Addressed to: | 4. Article Number |
|---|---|
| 23 | 53396 |

Capt. Oscar McGraw, Unit Manager, Death Row
Southern Ohio Correctional Facility
P.O. Box 45699
Lucasville, Ohio 45699
CR83 12 0614 Subpoena

Type of Service:
☐ Registered    ☐ Insured
☐ Certified     ☐ COD
☐ Express Mail  ☐ Return Receipt
                   for Merchandise

Always obtain signature of addressee agent and DATE DELIVERED.

5. Signature — Address
X *Oscar E. McGraw*

6. Signature — Agent
X

7. Date of Delivery
27 July 89

8. Addressee's Address *(ONLY if requested and fee paid)*

AUG 01 1989

EDWARD S. ROBB, JR.
CLERK

PS Form 3811, Mar. 1988    • U.S.G.P.O. 1988-212-865    DOMESTIC RETURN RECEIPT

---

UNITED STATES POSTAL SERVICE
OFFICIAL BUSINESS

SENDER INSTRUCTIONS
Print your name, address and ZIP Code in the space below.
• Complete items 1, 2, 3, and 4 on the reverse.
• Attach to front of article if space permits, otherwise affix to back of article.
• Endorse article "Return Receipt Requested" adjacent to number.

RECEIVED JUL 31 1989

U.S.MAIL

PENALTY FOR PRIVATE USE, $300

RETURN TO ➡    Print Sender's name, address, and ZIP Code in the space below.

EDWARD S. ROBB, JR.
CLERK OF COURTS
BUTLER COUNTY COURTHOUSE
HAMILTON, OHIO 45011



IMAGED

STATE OF OHIO                    :          CASE NO. CR83-12-0614

Plaintiff                       :          STATE OF OHIO
                                           COUNTY OF BUTLER
vs.                             :          COURT OF COMMON PLEAS

VON CLARK DAVIS

FILED

Defendant                                  JUDGMENT OF CONVICTION ENTRY

'89 AUG 18 PM 2:18

BUTLER COUNTY, OHIO

AUG 7 1989

EDWARD S. ROBB, JR.
CLERK

:     :     :     :     :     :          :     :     :

This 4th day of August, 1989, came the Prosecuting Attorney
into Court and the defendant personally appearing and with his
counsel, Michael D. Shanks and John A. Garretson, and the
Indictment, trial, and the Three-Judge Panel's Findings of Guilty
as to the charges contained in the Indictment, to wit: **Aggravated
Murder, with Specification I to Count One, and with Specification
II to Count One**, contrary to Ohio Revised Code Sections
2903.01(B), 2929.04(A)(5), and 2929.71, as charged in Count One;
and **Having Weapons While Under Disability** contrary to Ohio Revised
Code Section 2923.13(A)(2), as charged in Count Two, all being as
set forth in the previous Entries of the Court which are expressly
included herein by reference, and the Mandate of the Ohio Supreme
Court which remands the matter solely for rehearing as to sentence
as to Count One.

Wherefore, pursuant to Ohio Revised Code Section
2929.03(D)(3), the Three-Judge Panel considered the evidence
adduced by both parties and unanimously made its **FINDINGS,** to wit:
that the aggravating circumstance which the defendant was found
guilty of committing outweighs the mitigating factors presented by
proof beyond a reasonable doubt.

Coming now to the imposition of sentence, pursuant to
Criminal Rule 32(A)(1), the Court afforded counsel an opportunity
to make a statement on behalf of the defendant, and the Court

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012



IMAGE1

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

AUG 7 1989

EDWARD S. ROBB, JR.
CLERK

State v. Davis
Case No. CR83-12-0614
Judgment of Conviction Entry

addressed the defendant personally and asked if he wished to make a statement in his own behalf or present anything further in mitigation of punishment, and nothing being shown as to why sentence should not now be pronounced,

It is hereby **ORDERED** that the defendant, Von Clark Davis, be sentenced to death by electrocution as provided by law, pursuant to Ohio Revised Code Sections 2949.21 et seq., as to **Count One** of the Indictment, by causing a current of electricity, of sufficient intensity to cause the death, to pass through the body of the defendant, the application of such current to be continued until said defendant is dead. The Warden of the Southern Ohio Correctional Facility at Lucasville, Ohio, or, in his absence, a deputy warden, shall be the executioner. Said death sentence is to be executed on the 4th day of December, 1989, within the walls of the Southern Ohio Correctional Facility at Lucasville, Ohio, and within an enclosure prepared for such purpose under the direction of the Warden, which enclosure shall exclude public view. It is **FURTHER ORDERED** that the Clerk shall issue a Writ for the execution of the death penalty, directed to the Sheriff of Butler County, who is **FURTHER ORDERED** to convey the said defendant, within thirty days and in a private manner, to the Southern Ohio Correctional Facility at Lucasville, Ohio, where said defendant shall be received by the Warden and kept until the day designated for his execution. It is **FURTHER ORDERED** as to Count One that the defendant shall pay the costs of prosecution.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

IMAGED

- 3 -

**State v. Davis**
Case No. CR83-12-0614
Judgment of Conviction Entry

Inasmuch as Section 2929.71 of the Ohio Revised Code does not provide for a sentence to be imposed on Specification II to Count One where the sentence of death has been imposed as to Count One, the Court passes no sentence as to Specification II to Count One.

Defendant was notified of his right to appeal as required by Criminal Rule 32(A)(2).

ENTER

APPROVED AS TO FORM:

JOHN F. HOLCOMB
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

_____
JUDGE HENRY J. BRUEWER

_____
JUDGE WILLIAM R. STITSINGER

_____
JUDGE JOHN R. MOSER

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

AUG 7 1989

EDWARD S. ROBB, JR.
CLERK

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012



IN THE COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

IMAGED

FILED

STATE OF OHIO,

Plaintiff,

-vs-

VON CLARK DAVIS,

Defendant.

'89 AUG 10 AM 9 20

CLERK OF COURT
EDWARD S. ROBB, JR.

CASE NO.   CR83-12-0614

OPINION

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

AUG 10 1989

EDWARD S. ROBB, JR.
CLERK

BRUEWER, J.

This 4th day of August, 1989, this cause came on to be heard
before a three judge panel consisting of Judge Henry J. Bruewer,
William R. Stitsinger, and John R. Moser, on the remand of the Ohio
Supreme Court, reported as **State v. Davis** (1988), 38 Ohio St. 3d
361, 373 "for a resentencing hearing solely for the purpose of
determining whether the remaining aggravating circumstance outweighs
the mitigating factors presented by (Defendant), beyond a reasonable
doubt."  The Court having unanimously found that the aggravating
circumstance, of which the defendant was found guilty, outweighs the
mitigating factors presented beyond a reasonable doubt, this opinion
is made pursuant to Section 2929.03 (F), Ohio Revised Code

The aggravating circumstance in this case is that, prior to the
aggravated murder at bar, the Defendant had been convicted of the
offense of Second Degree Murder, an essential element of which was
the purposeful killing of another, to-wit, the prior purposeful
killing of his wife Ernestine Davis in 1970.

We find the following to be mitigating factors:

1)  The Defendant adjusted well to prison routine and during his
stay in prison, obtained a high school GED and an associate

**J0044P388**

-2-

IMAGED

degree in Business Administration, and studied for and worked as
a dental technician.

2) There has always been a good family relationship between
the Defendant and all members of his family, including his
stepfather.

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

3) Since his release on parole, he has mantaned at least
partial employment.

AUG 10 1989

EDWARD S. ROBB, JR.
CLERK

4) As testified by the psychologist, Defendant has a com-
pulsory personality disorder or explosive disorder which may have
contributed to the violence in this case.

All of these mitigating factors are considered to be under
Section 2929.04 (B) (7), Ohio Revised Code.

We find that this aggravating circumstance outweighs the
mitigating factors found by the panel by proof beyond a reasonable
doubt, because the factors we find in mitigation are of slight
weight. The Defendant's positive prison record, good family
relationship, study and accomplishments in prison and employment
while on parole were overwhelmingly counterbalanced and outweighed
by the aggravating circumstance of his prior conviction for pur-
poseful killing, demonstrating rather convincingly that a prior
life sentence was no deterrent at all for this Defendant.

Defendant's explosive personality disorder, which we found
may have contributed to the violence in the case at bar, may explain
it but in no way excuses it, and is not of such a nature as would
have any great mitigating effect. Nothing in the case indicates
any verbal or physical confrontation with the victim prior to the
killing which would either provoke Defendant or arouse in him a
"heat of passion." Defendant's personality disorder perhaps explains

J0044P389

-3-

how he could commit unprovoked homicidal violence in the case at bar; however, this disorder did not affect the substantial capacity of the Defendant to appreciate the criminality of the crime he engaged in with prior calculation and design, or his substantial capacity to refrain from committing the offense, and indeed is such as would be had of numerous offenders where the death sentence would not be mitigated. In sum, we have a very angry man who set out to kill his victim, having previously been convicted of a prior purposeful killing of another and having found no deterrence from committing the present offense in that prior conviction.

As we are required by Section 2929.04 (B), Ohio Revised Code, to consider the nature and circumstances of the offense, the history, character and background of the offender, and all of the factors in mitigation of the sentence of death presented herein, we find the aggravating circumstance, the Defendant's previous conviction of the prior purposeful killing of his wife in 1970, outweighs the mitigating circumstances beyond a reasonable doubt.

We, therefore, sentence the defendant to death by electrocution on December 4, 1989.

MOSER and STITSINGER, JJ. concur.

BRUEWER, J.

STITSINGER, J.

MOSER, J.

IMAGED

CASE 09 0433

FILED

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

CLERK OF COURTS
EDWARD S. ROBB, JR.

STATE OF OHIO
    Appellee                          :     Case No.Cr83-12-0614

    v.     FILED In Common Pleas Court    :
           BUTLER COUNTY, OHIO           :     FILED in Court of Appeals
VON CLARK DAVIS                          :     BUTLER COUNTY, OHIO
    Appellant      SEP 6  1989          :
                                         :     SEP - 6 1989
           EDWARD S. ROBB, JR.
                  CLERK                        EDWARD S. ROBB, JR.
                                               CLERK
                      NOTICE OF APPEAL

---

Notice is hereby given that Von Clark Davis , defendant herein, appeals
to the Court of Appeals of Butler County, Ohio, Twelfth Appellate District
from his conviction and sentence of death imposed by this court and entered
August 7, 1989.

                              Respectfully Submitted,
                              RANDALL M. DANA
                              Ohio Public Defender


                              DAVID C. STEBBINS
                              Senior Assistant Public Defender
                              8 East Long Street
                              Columbus, Ohio 43215
                              (614) 466-5394

                      CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoin Notice of Appeal was served
by regular U.S. Mail on John F. Holcomb, Prosecuting Attorney for Butler
County, Ohio, 216 Society Bank Building P.O. Box 515, Hamilton, Ohio 45012
this _____ day of September, 1989

144.



**Office of the Ohio Public Defender**

8 East Long Street
Columbus, Ohio 43266-0587
(614) 466-5394
FAX NUMBER: (614) 644-9972

IMAGED

RANDALL M. DANA
State Public Defender

September 5, 1989

Edward S. Robb, Jr.
Clerk of Courts
101 High Street
Hamilton, Ohio  45011

Re: State v. Von Clark Davis

Dear Mr. Robb:

Enclosed please find the originals and four copies each of the MOTION
FOR APPOINTMENT OF COUNSEL, NOTICE OF APPEAL, and DOCKET SHEET to be filed
today in the above-referenced case.  Please return the extra time-stamped
copies to me in the enclosed postage-paid self-addressed envelope.

Your assistance in this matter is greatly appreciated.

Very truly yours,

David C. Stebbins
Senior Assistant Public Defender

DCS:bj
Enclosures

FEDERAL EXPRESS

DOCKET STATEMENT FORMS

CRIMINAL DOCKET STATEMENT

IMAGED

CASE 09 0123

APPEAL NUMBER _____

TRIAL COURT NO. CR 83-12-0614

TRIAL JUDGE _____

CRIMINAL DOCKET STATEMENT

FORM I

| STATE OF OHIO | JOHN F. HOLCOMB |
| | PROSECUTING ATTORNEY |
| | 216 Society Bank Buildin |
| | P.O.Box 515 |
| | Hamilton Ohio 45012 |

Plaintiff — Counsel

VS. — VS.

VON CLARK DAVIS — David C. Stebbins
Senior Assistant Public Defender
8 East Long Street
Columbus, Ohio 43215
(614) 466-5394

Defendant — Counsel

Was counsel appointed for trial?  YES  NO

Has counsel been appointed for appeal by trial court?  YES  NO

Will request for appointment of counsel be made to this Court?  YES  NO

Was Stay of Execution granted by trial court?  YES  NO

Offense convicted of: Aggravated Murder with specification

Length of Sentence: Death

Probable issues for review: ?

Will a transcript of proceedings be filed?  YES  NO

Is the complete or only a partial transcript ordered?  Complete

Estimated length of transcript: _____

Time needed to complete transcript: _____

Time needed to file brief after transcript is filed: _____

List all related/pending appeals: _____

Identify any special problems anticipated with this appeal: This is the first case where a person has been sentenced to death after a second sentencing hearing

Counsel's Signature

IN THE COURT OF APPEALS
TWELFTH JUDICIAL DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,

     Appellee,

-vs-                      :    Case No.

VON CLARK DAVIS,       :

     Appellant.         :

---

## MOTION FOR APPOINTMENT OF COUNSEL

Now comes the Appellant, Von Clark Davis, and moves this Court for an order appointing the Ohio Public Defender Commission to represent him in his appeal from his sentence of death imposed by the Court of Common Pleas for Butler County on August 7, 1989. Appellant Davis is indigent and has been represented by appointed counsel since the inception of these proceedings in 1983. This is an appeal as of right to this Court. As such, Appellant Davis is entitled to the appointment of counsel to represent him in this appeal pursuant to the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. See Evitts v. Lucey (1985), 469 U.S. 387. The reasons in support of this motion are more fully set out in the attached affidavit.

Respectfully Submitted,

RANDALL M. DANA
Ohio Public Defender

DAVID C. STEBBINS
Senior Assistant Public Defender



Ohio Public Defender Commission
8 East Long Street
Columbus, Ohio 43215
(614) 466-5394

COUNSEL FOR APPELLANT

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing MOTION FOR APPOINTMENT OF

COUNSEL was served by regular U.S. Mail on John F. Holcomb, Prosecuting

Attorney for Butler County, 216 Society Bank Building, P.O. Box 515, Hamilton,

Ohio 45012, this ___5th___ day of September, 1989.

DAVID C. STEBBINS
Senior Assistant Public Defender

COUNSEL FOR APPELLANT

## AFFIDAVIT OF DAVID C. STEBBINS

County of Franklin  :
              : SS:
State of Ohio  :

        I David C. Stebbins, being first duly sworn, do depose and state that:

1.     I am an attorney licensed to practice law in the State of Ohio;

2.     I am employed as Senior Assistant Public Defender in charge of the Death Penalty Litigation Section of the Ohio Public Defenders Office;

3.     This office presently represents 60 of the 96 persons under sentence of death in Ohio;

4.     This office was contacted by John A. Garretson in the above captioned case and requested to take over representation of Von Clark Davis in his appeal from his sentence of death;

5.     This office was subsequently contacted by Von Clark Davis and requested to take over representation in his appeal from his sentence of death;

6.     This office has determined Mr. Davis to be indigent pursuant to Ohio Revised Code Section 120.05, based on the representations of prior counsel of prior determinations that Mr. Davis was indigent and the fact that he has been continuously incarcerated since 1983;

7.     This office is willing to accept appointment to provide representation to Von Clark Davis for purposes of appealling his sentence of death imposed on August 7, 1989;

        FURTHER, affiant sayeth naught.

                                 _____
                                 David C. Stebbins

Sworn to and subscribed before me this _5__ day of September, 1989.

                                 _____
                                 Notary Public

Form OFD-1026 (Rev. 8/88)

C/

JARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

IN THE _____Common Pleas_____ COURT

COUNTY OF _____Butler_____

CITY OF _____Hamilton_____

IMAGED

'89 SEP 13 AM 9 07

STATE OF OHIO

Case Number  CR 83 12 0614

VS.

CLERK OF COURTS Judges Bruewer, Moser, Stitsinger
EDWARD S. ROBB, JR.

VON CLARK DAVIS

Defendant

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

**MOTION FOR APPROVAL OF PAYMENT OF
ASSIGNED COUNSEL FEES AND EXPENSES**

SEP 13 1989

EDWARD S. ROBB, JR.
CLERK

The undersigned having been previously appointed counsel for the defendant moves this Court for an order approving payment of fees and expenses as indicated in the attached itemized statement, pursuant to sections 2941.51 and 120.33 of the Revised Code.

As the assigned attorney of record for the defendant, I certify that I have received no compensation in connection with providing representation in this case other than that described in this application. I, or an attorney under my supervision, have performed all legal services itemized in this application. The amounts requested for legal fees and expenses are not duplicated on any other application for fees bearing this or any other case number.

As attorney of record, I was appointed on _____, 198___. The case

terminated on ____August 7_____, 198_9_. I am submitting this application on

____August 14_____, 198_9_.

Respectfully submitted,

_[signature]_

Signature

Name  JOHN A. GARRETSON
Type or Print  A Legal Professional Association

Address  616 Dayton Street, P. O. Box 1166
Street

City  Hamilton   State  Ohio   Zip Code  45012

Telephone  (513) 863-6600  SSN  ▮▮▮▮▮▮▮

1

## APPLICATION

### OFFENSE DESCRIPTION, CLASSIFICATION AND DISPOSITION FOR EACH CHARGED OFFENSE

IMAGED

The charges were disposed of in the following manner:

1. ☐ Jury trial

    ☐ Found guilty

    ☐ Found not guilty

    ☐ Hung jury

    ☐ Guilty of a lesser included offense

2. ☒ Bench trial  (Post-trial resentencing hearings)

    ☐ Found guilty

    ☐ Found not guilty

3. ☐ Dismissed

4. ☐ Plea

    ☐ To indictment

    ☐ To a lesser offense

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

SEP 13 1990

EDWARD S. ROBB, JR.
CLERK

☐ Misdemeanor  ☐ Felony  ☐ Aggravated Felony  ☐ Gun Specification  ☒ Death Penalty  ☐ Other

| | OFFENSE | O.R.C. OR CITY CODE SECTION | DEGREE OF OFFENSE | DISPOSITION |
|---|---|---|---|---|
| 1. | | | | Death penalty |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |

SENTENCE: ___death___

| | | |
|---|---|---|
| Have you or another attorney previously submitted a bill for partial payment for this case or case number? | ☐ Yes ☒ No | Amount paid $ _____ |
| Was the client in this case ordered to repay the court for all or a portion of the cost of your services? | ☐ Yes ☒ No | Amount ordered to pay $ _____ |
| How many motions were filed in this case? _____ | | |

2

IMAGED

## ITEMIZED FEE STATEMENT

| Date of Service | OUT OF COURT HOURS | | | | | | | IN COURT HOURS | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | INTERVIEWING 1 | INVESTIGATION 2 | RESEARCH & WRITING 3 | NEGOTIATION & CONFERENCES 4 | TRAVEL 5 | OUT OF COURT OTHER 6 | TOTAL | PRE-TRIAL HEARINGS 7 | TRIAL 8 | PLEA HEARING 9 | DISPOSITIONAL HEARING 10 | POST-TRIAL HEARING 11 | IN COURT OTHER 12 | TOTAL |
| 5/12/89 | | | | 1.5 | | | 1.5 | | | | | | | |
| 6/28/89 | .5 | | | | | | .5 | | | | | | | |
| 6/29/89 | 2.0 | | 2.0 | | 3.0 | | 7.0 | | | | | | | |
| 7/19/89 | | | | 1.0 | | | 1.0 | | | | | | | |
| 7/31/89 | .5 | | | | | | .5 | | | | | .5 | | .5 |
| 8/01/89 | | 1.0 | | | | | 1.0 | | | | | | | |
| 8/03/89 | | | 8.0 | | | | 8.0 | | | | | | | |
| 8/04/89 | 1.0 | | | 2.0 | | | 3.0 | | | | | 1.0 | | 1.0 |
| 8/07/89 | | | | | | | | | | | | 1.0 | | 1.0 |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| **TOTAL HOURS** | 4.0 | 1.0 | 10.0 | 4.5 | 3.0 | | 22.5 | | | | | 2.5 | | 2.5 |
| | 1 | 2 | 3 | 4 | 5 | 6 | **TOTAL HRS: OUT** | 7 | 8 | 9 | 10 | 11 | 12 | **TOTAL HRS: IN** |

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

SEP 13 1989

EDWARD S. ROBB, JR.
CLERK

15 MINS. = .25 HR.   30 MINS. = .50 HR. ETC.

## BILL SUMMARY

**LEGAL FEES:**  In-court hours ___2.5___ × In-court rate $ 30 = Total in-court $ 75

Out-of-court hours __22.5__ × Out-of-court rate $ 20 = Total out-of-court __450__

Total legal fees $ 525 00

**EXPENSES:**  Type of Expense                                    Amount $

_Extra-ordinary legal fees_
_Capital case — death penalty_            300

Total Expenses _____

Total legal fees and expenses  $ 825

**Attach Continuation Request for Payment form if necessary. PLEASE STAPLE TO THIS SHEET.**

3

CR83-12-0614

IMAGED

## ENTRY

The Court finds that counsel performed the legal services set forth on the attached item-ized Statement, and that the fees and expenses set forth on this Statement are reason-able, and are in accordance with the resolution of the Board of County Commissioners of _____Butler_____ County, Ohio, relating to payment of assigned counsel.

IT IS THEREFORE ORDERED that counsel fees and expenses be, and are hereby approved, in the amount of __950.—__. It is further ordered that the said amount be, and hereby is, certified by the Court to the County Auditor for payment.

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

SEP 13 1989

EDWARD S. ROBB, JR.
CLERK

Henry J. Brewer
Judge (Type or print)

H. J. Brewer

_Signature_

JOHN A. GARRETSON
616 Dayton Street, P. O. Box 1166
Hamilton, Ohio  45012

## CERTIFICATION

The County Auditor in executing this certification attests to the accuracy of the figures contained herein. A subsequent audit by the Ohio Public Defender Commission and/or the Auditor of State which reveals unallowable or excessive costs may result in future adjustments against reimbursement or repayment of audit exceptions to the Ohio Public Defender Commission.

County Number: _____

Check Number: _____

Check Date: _____

_County Auditor (Type or print)_

_Signature_

4


J0045P744

Form OPD-1026 (Rev. 8/88)　　　　　　　　　ARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

IMAGED

IN THE _____ COMMON PLEAS _____ COURT

COUNTY OF ___BUTLER___

CITY OF ___HAMILTON___

'89 SEP 13 AM 9 07

STATE OF OHIO

VS.

Von Clark Davis

Defendant

Case Number ___CR83-12-0614___

Judge Bruewer Stitsinger & Moser

FILED In Common Pleas Court
CLERK OF COURT BUTLER COUNTY OHIO
EDWARD S. ROBB, JR.

SEP 13 1989

EDWARD S. ROBB, JR.
CLERK

## MOTION FOR APPROVAL OF PAYMENT OF ASSIGNED COUNSEL FEES AND EXPENSES

The undersigned having been previously appointed counsel for the defendant moves this Court for an order approving payment of fees and expenses as indicated in the attached itemized statement, pursuant to sections 2941.51 and 120.33 of the Revised Code.

As the assigned attorney of record for the defendant, I certify that I have received no compensation in connection with providing representation in this case other than that described in this application. I, or an attorney under my supervision, have performed all legal services itemized in this application. The amounts requested for legal fees and expenses are not duplicated on any other application for fees bearing this or any other case number.

As attorney of record, I was appointed on _____, 198___. The case

terminated on ___August 7,_____, 198_9_. I am submitting this application on

___September 7_____, 198_9_.

Respectfully submitted,

_Signature_

Name ___Michael D. Shanks___
　　　　_Type or Print_

Address ___304 North Second Street___
　　　　　　　_Street_

　　　　　　___Hamilton, Ohio  45011___

_City_　　　　　　_State_　　　　　　_Zip Code_

Telephone ___(513) 863-2112___  SSN ▉▉▉▉▉

1

IMAGED

## APPLICATION

### OFFENSE DESCRIPTION, CLASSIFICATION AND DISPOSITION FOR EACH CHARGED OFFENSE

The charges were disposed of in the following manner:

1. ☐ Jury trial                                          3. ☐ Dismissed

   ☐ Found guilty

   ☐ Found not guilty                                    4. ☐ Plea

   ☐ Hung jury                                              ☐ To indictment

   ☐ Guilty of a lesser included offense                   ☐ To a lesser offense

2. ☒ Bench trial    Post-trial resentencing

   ☐ Found guilty

   ☐ Found not guilty

FILED In Common Pleas
BUTLER COUNTY, OHIO
SEP 13 1989
EDWARD S. ROBB, JR.
CLERK

☐ Misdemeanor   ☐ Felony   ☐ Aggravated Felony   ☐ Gun Specification   ☒ Death Penalty   ☐ Other

| OFFENSE | O.R.C. OR CITY CODE SECTION | DEGREE OF OFFENSE | DISPOSITION |
|---|---|---|---|
| 1. Agg. Murder (with specs. | | 1 | Death |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |

SENTENCE: _____ Death

| | | | |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Have you or another attorney previously submitted a bill for partial payment for this case or case number? | ☐ Yes ☒ No | Amount paid $ _____ |
| Was the client in this case ordered to repay the court for all or a portion of the cost of your services? | ☐ Yes ☒ No | Amount ordered to pay $ _____ |
| How many motions were filed in this case? _Six_ | | |

2



## ITEMIZED FEE STATEMENT

| Date of Service | OUT OF COURT HOURS | | | | | | | IN COURT HOURS | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | INTERVIEWING 1 | INVESTIGATION 2 | RESEARCH & WRITING 3 | NEGOTIATION & CONFERENCES 4 | TRAVEL 5 | OUT OF COURT OTHER 6 | TOTAL | PRE-TRIAL HEARINGS 7 | TRIAL 8 | PLEA HEARING 9 | DISPOSITIONAL HEARING 10 | POST-TRIAL HEARING 11 | IN COURT OTHER 12 | TOTAL |
| 5/12/89 | | | 1.5 | | | | 1.5 | | | | | | | |
| 5/13/89 | | .5 | | | | | .5 | | | | | | | |
| 6/28/89 | .5 | | | | | | .5 | | | | | | | |
| 6/29/89 | 2.0 | | 1.0 | 3.0 | | | 6.0 | | | | | | | |
| 6/30/89 | | | 1.0 | | | | | | | | | | | |
| 7/31/89 | | | | | | | | | | | | .5 | | .5 |
| 8/2/89 | | | 4.5 | | | | 4.5 | | | | | | | |
| 8/3/89 | | | 2.0 | | | | 2.0 | | | | | | | |
| 8/4/89 | 1.0 | | | 2.5 | | | 3.5 | | | | | 1.0 | | 1.0 |
| 8/7/89 | | | | | | | | | | | | 1.0 | | 1.0 |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| **TOTAL HOURS** | 3.5 | | 9.0 | 4.0 | 3.0 | | 19.5 | | | | | 2.5 | | 2.5 |
| | 1 | 2 | 3 | 4 | 5 | 6 | TOTAL HRS: OUT | 7 | 8 | 9 | 10 | 11 | 12 | TOTAL HRS: IN |

15 MINS. = .25 HR. 30 MINS. = .50 HR. ETC.

### BILL SUMMARY

LEGAL FEES: In-court hours _2.5_ × In-court rate $ _30.00_ = Total in-court $ _75.00_

Out-of-court hours _19.5_ × Out-of-court rate $ _20.00_ = Total out-of-court _390.00_

Total legal fees $ _465.00_

EXPENSES: Type of Expense | Amount $

Travel expenses to Lucasville – (multiple)   $62.00

Extra ordinary fees –
        capital case death penalty        _350.00_

Total Expenses $62.00

Total legal fees and expenses $ _877.00_

Attach Continuation Request for Payment form if necessary. PLEASE STAPLE TO THIS SHEET.

3

CR 53-12-0614

## ENTRY

IMAGED

The Court finds that counsel performed the legal services set forth on the attached item-ized Statement, and that the fees and expenses set forth on this Statement are reason-able, and are in accordance with the resolution of the Board of County Commissioners of _____Butler_____ County, Ohio, relating to payment of assigned counsel.

IT IS THEREFORE ORDERED that counsel fees and expenses be, and are hereby approved, in the amount of __827⁰⁰__. It is further ordered that the said amount be, and hereby is, certified by the Court to the County Auditor for payment.

Henry T. Brewer
Judge (Type or print)

H. Brewer
Signature

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

SEP 13 1980

EDWARD S. ROBB, JR.
CLERK

## CERTIFICATION

The County Auditor in executing this certification attests to the accuracy of the figures contained herein. A subsequent audit by the Ohio Public Defender Commission and/or the Auditor of State which reveals unallowable or excessive costs may result in future adjustments against reimbursement or repayment of audit exceptions to the Ohio Public Defender Commission.

County Number: _____

Check Number: _____

Check Date: _____

_____
County Auditor (Type or print)

_____
Signature

4

J00457845

● **SENDER:** Complete items 1 and 2 when additional services are desired, and complete items 3 and 4.

Put your address in the "RETURN TO" Space on the reverse side. Failure to do this will prevent this card from being returned to you. The return receipt fee will provide you the name of the person delivered to and the date of delivery. For additional fees the following services are available. Consult postmaster for fees and check box(es) for additional service(s) requested.

1. ☑ Show to whom delivered, date, and addressee's address.    2. ☐ Restricted Delivery
   *(Extra charge)*                                               *(Extra charge)*

3. Article Addressed to: **Filed In Common Pleas Court**    4. Article Number
   **BUTLER COUNTY, OHIO**                                  53885

   CR83  12  0674
   CLERK OHIO SUPREME COURT
   COLUMBUS, OHIO  43215

   **EDWARD S. ROBB, JR.**

| Type of Service: | |
|---|---|
| ☐ Registered | ☐ Insured |
| ☑ Certified | ☐ COD |
| ☐ Express Mail | ☐ Return Receipt for Merchandise |

Always obtain signature of addressee or agent and DATE DELIVERED.

5. Signature — Address
   X    R. Eaton

6. Signature — Agent
   X

7. Date of Delivery    AUG 1 1 1989

8. Addressee's Address *(ONLY if requested and fee paid)*

   STATE OFFICE TOWER 1.
   30 E. BROAD ST.
   COLUMBUS, OH 43266

PS Form **3811,** Mar. 1988   •  U.S.G.P.O. 1988–212–865        DOMESTIC RETURN RECEIPT

Clk. 300-O

BARRETT B ERS, PUBLISHERS, SPRINGFIELD, OHIO

ADD COST

# Execution for Costs In Felony

IMAGED

Revised Code, Sec. 2949.15

The State of Ohio,.........BUTLER.................................County.            Common Pleas Court

**To the Sheriff of said County:**  BUTLER

You Are Hereby Commanded, *That of the goods and chattels, and for want thereof, then of the lands and tenements of*......VON CLARK DAVIS............................

.................................................................................................................................

*in your County, you cause to be made.* $1,383.40   ADD COST

*Dollars, being the amount of the costs of prosecution, which the State of Ohio, in our Court of Common Pleas, at a term thereof, commencing on the*..........7TH..........*day of*........AUGUST..........*A. D. 19.89.. by the judgment of said Court, recovered against the said*............VON CLARK DAVIS............................

.................................................................................................................................

*whereof*......HE........*was convicted, as appears of record, with interest thereon from the first day of the term aforesaid; also that you cause to be made the costs of execution and increase costs that may accrue.*

*Hereof fail not, but of this writ and your proceedings endorsed hereon, make due return, within ten days from the date hereof.*

*WITNESS my hand and the seal of said Court, at*..........HAMILTON..........*Ohio, this*

15TH *day of*......AUGUST......19.89

*Clerk*

By

*Deputy*

## SHERIFF'S RETURN

Sheriff's Office, ~~Butler~~ County, O., Aug 15 19 89

*Received this writ on the* 15 *day of*

Aug, 19 89 a 11-11 o'clock A. M.,

*and pursuant to its command*  **IMAGED**

| SHERIFF FEES | Dolls. | Cts. |
|---|---|---|
| Service and Return, | 3 00 |  |
| Mileage . . Miles |  | 70 |
| Administering Oath to Appraisers, each . . . cts. |  |  |
| Copies for Advertisements, . . . words, per 100 words, |  |  |
| Poundage, . . . . . |  |  |
| Levy, . . . . . |  |  |
| | | |
| | | |
| | | |
| Total, | 3 | 70 |
| Appraiser Fees, . . . |  |  |
| Printer Fees, . . . |  |  |

**Filed In Common Pleas Court
BUTLER COUNTY, OHIO

SEP 20 1989

EDWARD S. ROBB, JR.
CLERK**

*I make return thereof. No goods or chattels, lands or tenements found, whereon to levy.*

*Dated this* 15 *day of* Aug 19 89

R. S. Holzberger _____ *Sheriff*

*By* _____ *Deputy*

No. CR83 12 0614

Crim. Doc. _____ Page _____

COMMON PLEAS COURT

BUTLER _____ County, O.

THE STATE OF OHIO,
vs
VON CLARK DAVIS

JOHN F. HOLCOMB,
Prosecuting Attorney

Fi. Fa.—Execution for Cost

CASE OF FELONY

Issued _____ 19 ___

Returnable _____ 19 ___

Costs, - - - - $ _____

Int. from _____

Inc. Costs, - - - $ _____

Ret'd and Filed _____ 19 ___

_____ Clerk

By _____ Deputy

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO
83-8-3

IMAGED

CASE NO.   CR83-12-0614                                      CA89-09-0123

| TITLE OF CASE | ATTORNEYS | ACTION |
|---|---|---|

FILED

THE STATE OF OHIO        '09 OCT  3  P..  1  01    John F. Holcomb          Butler County
                                                                            s.s., Court of
         vs.                                                                Common Pleas:
                          CLERK OF CO...                                     Indictment for:
VON CLARK DAVIS           E......2 ...John Garretson                         Aggravated
                                     Mike Shanks                             Murder
                                                                            and Having
                                                                            Weapons under
                                                                            Disability

PLEADINGS FILED, WRITS ISSUED, WRITS RETURNED AND COPIES OF RETURNED

Transcript filed from Docket of Hamilton Municipal Court
                                (83-CRA-3565 & 83-CR-A3539)
Charge                          Aggravated Murder & Having Weapons
                                while under disability
Committed
Bond                            No Bond    **FILED in Court of Appeals**
Municipal Court Fees            $37.00      BUTLER COUNTY, OHIO
Justice's Fees
Constables's Fees               $6.30           OCT 3 - 1989
Witness Fees

1984 Jan 06  On the 6th day of Jan. 1984 I served a certified copy
             of the Summons in above entitled case upon the     EDWARD S. ROBB, JR.
**90-2524** defendant, by delivering Him Said Copy                         CLERK
                                     R. R. Walton, Sheriff
                                     R. Smith,    Deputy

1984 May 28  On the 22nd day of May 1984 I served a certified copy
             of Order/Exam in above entitled case upon the
             Butler County Forensic Center
FILED                                By Delivering to Him Said Copy
                                                  Sheriff
MAR 0 5 1991                         R. Smith     Deputy

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO  DATE OF:     FINDINGS, JUDGMENTS, ORDERS AND DECREES

| | | | |
|---|---|---|---|
| 1. | 1983 | Dec 22 | Transcript, filed |
| 2. | 1983 | Dec 22 | J373 P430  Entry regarding bond, filed |
| 3. | 1984 | Jan 06 | Prosecutor's request for summons, filed Summons, Copy of Indictment issued |
| 4. | 1984 | Jan 06 | Notice to Supreme Court of Ohio of filing Agg. Murder with Specification, filed |
| 5. | 1984 | Jan 06 | Two copies of notice issued to Supreme Court of Ohio by Certified Mail |

continued

143



CASE NO.  CR83-12-0614          -2-              CA89-09-0123

NO.   DATE OF:        FINDINGS, JUDGMENTS, ORDERS AND DECREES

| 6. | 1984 | Jan 11 | Return Receipt of:  Supreme Court of Ohio Signed: R. Eaton  Date: 1-10-84 |
| 7. | 1984 | Jan 13 | J374 P209  Defendant arraigned, Pleads not guilty |
| 8. | 1984 | Jan 17 | Motion to sever, filed |
| 9. | 1984 | Jan 17 | Motion for Bill of Particulars, filed |
| 10. | 1984 | Jan 17 | Motion for change of Venue, filed |
| 11. | 1984 | Jan 17 | Motion to view the scene, filed |
| 12. | 1984 | Jan 17 | Motion to dismiss and inspect Grand Jury Transcript, filed |
| 13. | 1984 | Jan 20 | Memorandum in opposition to motion to sever counts, filed |
| 14. | 1984 | Jan 20 | Memorandum in opposition to motion to dismiss and inspect transcript, filed |
| 15. | 1984 | Jan 20 | Memorandum in opposition to motion for change of venue, filed |
| 16. | 1984 | Jan 26 | J374 P761  Entry scheduling pre-trial hearing and continuing trial date for pre-trial motions 2-15-84m filed, Bruewer, J. |
| 17. | 1984 | Jan 26 | Memorandum in support of motion to sever, filed |
| 18. | 1984 | Jan 26 | Memorandum in support of motion for change of venue, filed |
| 19. | 1984 | Feb 01 | Praecipe for witness, filed |
| 20. | 1984 | Feb 01 | Subpoena issued |
| 21. | 1984 | Feb 01 | Praecipe for witness, filed |
| 22. | 1984 | Feb 01 | Subpoena issued |
| 23. | 1984 | Feb 01 | Praecipe for witness, filed |
| 24. | 1984 | Feb 01 | Subpoena issued |
| 25. | 1984 | Feb 01 | Motion and memorandum for discovery, filed |
| 26. | 1984 | Feb 01 | Motion and memorandum to Bifurcate trial- Motion in Limine, filed. |
| 27. | 1984 | Feb 01 | Motion to prohibit Death Qualification of the Jury and memorandum, filed |
| 28. | 1984 | Feb 02 | Praecipe for witness, filed |
| 29. | 1984 | Feb 02 | Subpoena issued |
| 30 | 1984 | Feb 03 | Memorandum in opposition to motion limine RE:  Death Qualification of Jurors, filed |
| 31. | 1984 | Feb 08 | State's answer to Defendant's request for discovery, filed |
| 32. | 1984 | Feb 08 | Motion to provide discovery, filed |
| 33. | 1984 | Feb 08 | J375 P250  Order to provide discovery, filed, Bruewer, J. |
| 34. | 1984 | Feb 09 | Bill of Particulars, filed |
| 35. | 1984 | Feb 13 | Return Receipt of:  Dick Perry, Cincinnati Post  Signed:  Glenn Blade  Date:  2-7-84 |

continued



CASE NO.  CR83-12-0614          -3-               CA89-09-0123

| NO. | DATE OF: | | FINDINGS, JUDGMENTS, ORDERS AND DECREES |
|---|---|---|---|
| 36. | 1984 | Feb 13 | Return Receipt of: Karla Stanley, WCPL Signed: G.R. Thomas Date:2-8-84 |
| 37. | 1984 | Feb 14 | Motion to Appoint counsel, filed |
| 38. | 1984 | Feb 14 | Affidavit of Von Clark Davis, filed |
| 39. | 1984 | Feb 14 | J375 P435  Entry appointing M. Shanks as attorney, Bruewer, J. |
| 40. | 1984 | Feb 14 | J375 P435  Entry appointing John Garretson as attorney, Bruewer, J. |
| 41. | 1984 | Feb 15 | J375 P468  Certificate of witness fee for transportation, Moser, J. |
| 42. | 1984 | Feb 24 | J375 P808  Entry setting trial date of 5-9-84 Defendant having waived rights to speedy trial, and vacating 2-23-84 trial date, Bruewer, J. |
| 43. | 1984 | Feb 24 | J375 P810  Entry ordering special venire pursuant O.R.C. 2945.18; 75 jurors 8-7-84 and order for Sheriff's returns, Bruewer, J. |
| 44. | 1984 | Feb 24 | J375 P809  Entry ordering additional special venire pursuant O.R.C. 2945.19; 50 jurors, filed, Bruewer, J. |
| 45. | 1984 | Mar 05 | Return copy of notice to Supreme Court(CC84-4) |
| 46. | 1984 | Mar 22 | Return of venire, filed |
| 47 | 1984 | Apr 20 | J378 P223  Entry ordering additional special venire, Bruewer, J. |
| 48. | 1984 | Apr 20 | Supplemental discovery, filed |
| 49. | 1984 | Apr 23 | Praecipe for witness filed |
| 50 | 1984 | Apr 23 | Subpoena issued |
| 51 | 1984 | Apr 25 | Defendant's response to plaintiff's request for discovery, filed |
| 52. | 1984 | Apr 26 | Praecipe for witness files |
| 53. | 1984 | Apr 26 | Subpoena issued |
| 54. | 1984 | Apr 26 | Amended response to plaintiff's request for discovery, filed |
| 55. | 1984 | Apr 27 | Supplemental discovery, filed |
| 56. | 1984 | Apr 27 | Praecipe for witness, filed |
| 57. | 1984 | Apr 27 | Subpoena issued |
| 58. | 1984 | Apr 27 | Election of defendant pursuant Section 2929.022 O.R.C. Concerning the specification of Aggravating circumstances, and to have motion in limine to preclude prosection's introduction of evidence or comment of defendant's prior conviction and to sever counts of indictment, filed |
| 59. | 1984 | Apr 27 | Motion to have reasons for defense objections placed on record, filed |
| 60. | 1984 | Apr 27 | Motion for notice of prospective three judge panel, filed |
| 61. | 1984 | Apr 27 | Motion for ruling on number of premetory challenges, filed |

continued

IMAGED

CASE NO.  CR83-12-0614          -4-                    CA89-09-0123

| NO. | DATE OF: | | FINDINGS, JUDGMENTS, ORDERS AND DECREES |
|-----|------|-----|------|
| 62. | 1984 | Apr 27 | Motion to record all proceedings, filed |
| 63. | 1984 | Apr 27 | Motion for pre-trial hearing, filed |
| 64. | 1984 | Apr 27 | Motion to increase the burden of proof to beyond all doubt, filed |
| 65. | 1984 | Apr 27 | Motion for pretrial disclosure of prosecuting witnesses written or recorded statements, filed |
| 66. | 1984 | Apr 27 | Motion to compel prosecutor to disclose death penalty data filed |
| 67. | 1984 | Apr 27 | Motion to compel disclosure of prosecuting attorney's jury selection data |
| 68. | 1984 | Apr 27 | Motion to require prosecutor to state reason for exercising premetory challenges, filed |
| 69. | 1984 | Apr 27 | Motion for leave to file additional motions and for leave to supplement the memoranda in support of motions already filed |
| 70. | 1984 | Apr 27 | Motion for all motions to heard on the record, filed |
| 71. | 1984 | Apr 27 | Motion for sequestration of jurors for duration of trial, filed |
| 72. | 1984 | Apr 27 | Further motion to prohibit death qualification of jury in the alternative to seal separate juries during the guilt and penalty phases of trial and supplemental memorandum thereon, filed |
| 73. | 1984 | Apr 27 | Further memorandum in support of disclosure of Grand Jury testimony, filed |
| 74. | 1984 | Apr 27 | Motion for individual sequestered voir dire, filed |
| 75. | 1984 | Apr 27 | Motion to insulate the venire and jury, filed |
| 76. | 1984 | Apr 27 | Motion to dismiss, filed |
| 77. | 1984 | Apr 30 | Praecipe for witness, filed |
| 78. | 1984 | Apr 30 | Subpoena issued |
| 79. | 1984 | Apr 30 | Motion in limine, filed |
| 80. | 1984 | Apr 30 | Motion for expert services, Dr. Roger Fisher, filed |
| 81. | 1984 | Apr 30 | J378 P580  Order for exam and Pmt. pursuant Chapter 120, Bruewer, J. |
| 82. | 1984 | Apr 30 | Motion and memorandum for order releasing records, filed |
| 83. | 1984 | May 01 | State's memorandum in response to motions of defendant, filed on April 27, 1984, filed |
| 84. | 1984 | May 03 | Motion for appointment of Psychologist or Psychiatrist from Butler County Forensic center and to remove Dr. Roger Fisher from participation in case, filed |
| 85. | 1984 | May 03 | Motion to strike entry filed ex parte 4-30-84, for appointment of Roger H. Fisher and for clarification of his employment capacity by defendant, field |

continued

IMAGED

CASE NO.  CR83-12-0614        -5-           CA89-09-0123

| NO. | DATE OF: | FINDINGS, JUDGMENTS, ORDERS AND DECREES |
|---|---|---|

| | | |
|---|---|---|
| 86. | 1984  May 04 | Praecipe for witness, filed |
| 87. | 1984  May 04 | Subpoena issued |
| 88. | 1984  May 04 | J378 P794  Entry of rulings on defendant motions, filed, Bruewer, J. |
| 89. | 1984  May 04 | J378 P793  Waiver and election of judge determination of aggravated specification, filed, Bruewer, J. |
| 90. | 1984  May 08 | J378 P909  Jury waiver and election of three judge panel, filed, Bruewer, J. |
| 91. | 1984  May 08 | Praecipe for witness, filed |
| 92. | 1984  May 08 | Subpoena issued |
| 93. | 1984  May 09 | J379 P0007  Motion and entry appointing Vernon Lyons as process server, Moser, J. |
| 94. | 1984  May 09 | J370 P0009  Entry designating three judge panel, Black, J. |
| 95. | 1984  May 09 | Praecipe for witness filed |
| 96. | 1984  May 09 | Subpoena issued |
| 97. | 1984  May 10 | J379 P0060  Motion and entry appointing Vernon Lyons, filed, Bruewer, J. |
| 98. | 1984  May 10 | J379 P0062  Clerk's transcript fee for indigent defendant, filed, issued |
| 99. | 1984  May 10 | J379 P0088  Certificate transportation cost, Bruewer, J. |
| 100. | 1984  May 14 | Return Receipt of: Mr. Steven Dix  Signed: Bernadine Durley  Date:  5-7-84 |
| 101. | 1984  May 14 | Praecipe for witness filed |
| 102. | 1984  May 14 | Subpoena issued |
| 103. | 1984  May 16 | J379 P260  Entry of findings, guilty (count one) aggravated murder, guilty as to specification I of count one (prior murder) guilty as to specification II (firearm) and guilty as to having weapon under disability (count 2), Bruewer,J, Stitsinger,J, Moser, J. |
| 103A | 1984  Jun 22 | J379 P503  Entry ordering presentence investigation and psychiatric exam for mitigation in imposing death penalty to be provided by 5-24-84, filed, Bruewer, J., Stitsinger, J., Moser, J. |
| 104. | 1984  May 25 | Praecipe for witness, filed |
| 105. | 1984  May 25 | Subpoena issued |
| 106. | 1984  Jun 04 | J379 P828  Judgment conviction entry sentencing defendant to be converyed within 30 days to Southern Ohio Correctional Facility as Lucas Hills and that on the first day of October 1984 defendant shall be electrocuted until dead by the Warden or deputy warden of said faciltiy and further ordered as to sentence upon the second specification a term of actual incarceration of 3 years pursuant Section 2929.71 O.R.C. to served prior and consecutively with any other term of imprisonment imposed herein and further confined at S.O.C.F. for definite term of 1½ yrs. and pay cost, Judge panel |

IMAGED

CASE NO. CR83-12-0614      -6-      CA89-09-0123

| NO. | DATE OF: | FINDINGS, JUDGMENTS, ORDERS AND DECREES |
|-----|----------|------------------------------------------|
| 107. | 1984 Jun 11 | J380 P117 Opinion, filed, Bruewer, J., Stitsinger, J., Moser, J,. |
| 108. | 1984 Jun 11 | J380 P118 Notice to Supreme Court of Ohio of sentencing as to death penalty imposition, filed, issued to Suprem Court of Ohio and Court of Appeals |
| 109. | 1984 Jun 12 | J380 P154 Entry appointing Jack Garretson, Attorney filed, Bruewer, J. |
| 110. | 1984 Jun 12 | J380 P155 Certificate of attorney fees, filed Bruewer, J. |
| 111. | 1984 Jun 13 | Return Receipt of: Supreme Court of Ohio Signed: R. Eaton Date: 6-7-84 |
| 112. | 1984 Jun 18 | Notice of Appeal, filed, CA84-06-0070 |
| 113. | 1984 Aug 01 | Motion for transcript at State expense, filed |
| 114. | 1984 Aug 01 | J383 P0003 Entry ordering transcript at State expense, filed, Bruewer, J. |
| 115. | 1984 Aug 16 | Motion for stay of execution date, filed |
| 116. | 1984 Aug 16 | J383 P473 Entry granting stay of execution date, filed, Bruewer, J. |
|  | 1984 Aug 16 | Copy issued to S.O.C.F. record clerk by certified mail and attorneys. |
|  | 1984 Aug 16 | Copy to Court of Appeals, Supreme Court of Ohio by certified |
|  | 1984 Aug 20 | Return Receipt of: Wallace E. Stein - Record Clerk Signed: Wallace E. Stein Date: 8-17-84 |
|  | 1984 Aug 20 | Return Receipt of: Thomas L. Startzman Signed: R. Eaton Date: 8-17-84 |
| 117. | 1984 Sep 25 | J383 P840,843 Entry for payment of transcript of trial proceedings, filed, Bruewer, J. |
| 118. | 1984 Sep 26 | J383 P841,842 Certificate of transcript fee for indigent |
|  | 1986 May 27 | Mandate, filed - CA84-06-0070 |
| 119. | 1986 May 27 | Separate opinion/2929.05(A), filed |
| 120. | 1988 Sep 29 | (Sep 14, 1986) Mandate-remanding |
| 121. | 1988 Sep 29 | J31 P210,211 Judgment-reversing and remanding death sentence and affirming judgment conviction, Thomas J. Moyer-Chief Justice |
| 122. | 1988 Sep 29 | Defendant's motion to return defendant for sentencing and memorandum filed |
| 123. | 1988 Oct 05 | J31 P476 Entry ordering new hearing on 10-14-88 at 9:00 a.m. and ordering release to custody of Butler County Sheriff from Luscasville, OH Penal Institute to attend hearing filed, Moser, J. |
| 124. | 1988 Nov 04 | J33 P0076 Entry ordering defendant's convey to S.O.C.F., Bruewer, J. |
| 125. | 1989 Jan 19 | Motion for scheduling of date for sentencing hearing before a three judge panel. |
| 126. | 1989 Feb 06 | J36 P663 Entry ordering hearing before Judges Bruewer, Stitsinger and Moser, 2-24-89 at 8:45 a.m. |

continued


IMAGED

CASE NO. CR83-12-0614          -7-          CA89-09-0123

| NO. | DATE OF: | | FINDINGS, JUDGMENTS, ORDERS AND DECREES |
|---|---|---|---|
| 127. | 1989 | Feb 10 | J37 P0032-35  Certificate of attorney fees, Bruewer, J. ($2,670.25) |
| 128. | 1989 | May 09 | Motion to extend time to file pre-trial motions and motion to continue sentencing mitigation hearing, filed |
| | 1989 | Jun 05 | Notice of hearing date, (Moser, Stitsinger and Bruewer) August 04, 1989 |
| 129. | 1989 | Jun 28 | J42 P214  Entry attointing John Garretson; Mike Shanks and Time Evans as counsel, filed Stitsinger, J. |
| 130. | 1989 | Jun 29 | Withdrawl of jury waiver |
| 131. | 1989 | Jun 29 | Motion for life sentence, filed. |
| 132. | 1989 | Jun 29 | Motion to withdraw jury waiver |
| 133. | 1989 | Jul 21 | Motion to strike defendant's withdrawl of jury waiver and memorandum |
| 134. | 1989 | Jul 21 | Motion for further psychological evaluation, appointment of a social worker to prepare a social history and for payment of extra-ordinary expenses for said experts |
| 135. | 1989 | Jul 21 | Motion to prohibit three judge panel from resentencing to death and motion to disqualify panel |
| | 1989 | Jul 25 | Return Receipt on subpoena for: Sgt. Gordy Pullman  Signed:  Gordy Pullman Date: 7-21-89 |
| | 1989 | Jul 25 | Return Receipt on subpoena for: Oscar McGraw  Signed: Oscar McGraw  Date:  7-21-89 |
| | 1989 | Jul 25 | Return Receipt on subpoena:  Herb Wendler  Signed: Erwin Wendler  Date:  7-25-89 |
| 136. | 1989 | Jul 24 | J43 P534  Order-transport to hearing (on remand) Bruewer, J. |
| 137. | 1989 | Jul 24 | Motion to renew tretrial motions |
| 138. | 1989 | Jul 24 | Motion to permit defense to admit all relevant evidence at the sentencing pleas |
| 139. | 1989 | Jul 26 | Memorandum in opposition to motion to prohibit three judge panel from re-sentencing to death and disqualify panel |
| 140. | 1989 | Jul 26 | J43 P664  Entry appointing Judge Bruewer to serve in the gereral division (trial division) in accordance with Rules of Court, Stitsinger, J. |
| 141. | 1989 | Aug 01 | J44 P0031  Entry as to motions heard 7-21-89, filed, Bruewer,J., Stitsinger, J., Moser, J. |
| | 1989 | Aug 04 | Return Receipt: Capt. Oscar McGraw  Signed: Oscar McGraw  Date:  7-27-89 |
| | 1989 | Aug 04 | Return Receipt:  Herb Wendler  Signed: Erwin Wendler  Date:  7-27-89 |
| | 1989 | Aug 04 | Return Receipt:  Sgt. Gordy Signed: Gordon Pullman  Date:  7-27-89 |
| 142. | 1989 | Aug 07 | J44 P230  Judgment Conviction entry-findings that affravating circumstances outweigh the mitigating factor by a proof beyond a reasonable doubt and sentence-to death(count one) and; order to the clerk to issued writ, Judge panel |

IMAGED

| CASE NO. CR83-12-0614 | -8- | CA89-09-0123 |
|---|---|---|

NO.  DATE OF:        FINDINGS, JUDGMENTS, ORDERS AND DECREES

143. 1989  Aug 10   Opinion - J44 P388  (Finding that mitigating
                    factors outweighed by the circumstances).
144. 1989  Sep 06   Notice of Appeal - CA89-09-0123

COMPLETE

Common Pleas Court of Butler County, Ohio

CR83 12 0614

CR    NAL APPEARANCE AND EXECUT   N DOCKET                (Page 1)

IMAGED

| TITLE OF CASE | ATTORNEYS | THE STATE OF OHIO |
|---|---|---|
| THE STATE OF OHIO<br>VS<br>VON CLARK DAVIS | \| SUPREME CT # 90-2524 | Common Pleas   Court<br>Butler County    , ss.<br>Information for:<br>AGGRAVATED MURDER<br>Found and Filed 12/22/83 |

| Pleadings Filed, Writs Issued, Writs Returned and Copies of Return |

Transcript filed from :

|  |  | SPECEN, |
|---|---|---|
| Charged with | : | AGGRAVATED MURDER WITH |
| Arrest or served date | : |  |
| Bond amount set at | : | $0.00 |
| Municipal court fees | : | $0.00 |
| Constable fees | : | $0.00 |
| Witness fees | : | $0.00 |

| Date of | Page | Findings, Judgments, Orders and Decrees | |
|---|---|---|---|
| 05/27/86 | | MEMO :NUNC PRO TUNC ENTRY TO THIS DATE FILED 5/7/90 | |
| 04/10/90 | | PLEASE SEE DOCKET FOR PREVIOUS FILINGS | |
| 05/07/90 | | APPOINTMENT OF ATTORNEY FOR INDIGENT DEFENDANT | 2.00 |
| | | (NUNC PRO TUNC 5/27/86),BRUEWER,J. | |
| | | Journal 00026    Page 00042 | |
| 10/29/90 | | MANDATE FILED AFFIRMING CA89 09 0123 | 2.00 |
| 03/30/92 | | [ Clerk's memo ] : SUPREME CT.OH  upheld (affirmed | |
| | | 12th District Decision) for DEATH PENALTY | |
| | | CA89 09 0123 | |
| | | S.C.OH.# 90-2524 | |
| 03/31/92 | | [ Clerk's memo ] : | |
| | | COPY OF SUPREME CT OF OH MANDATE AFIRMING & | |
| | | UPHOLDING DEATH PENALTY FILED, | |
| | | COPIES TO Grace White for issuance of Death Warrant | |
| | | & certified copy of Mandate to institution/ | |
| | | & | |
| | | copy to trial court file/CA-Midd & Moser,J | |
| 04/08/92 | | ALL PAPERS RETURN FROM SUPREME COURT OF OH | |
| 05/19/92 | | [ Clerk's memo ] : DATE OF SCHEDULED EXECUTION | |

|  | TOTAL | 4.00 |

\# *CR83-12-0614* CA *89-09-123*

_____ *State* _____, Plaintiff-Appell

vs.

_____ *Von Clark Davis* _____, Defendant-Appell

The record in the above cause has been completed and filed in the Court of Appeals on _____ *11-17-89* _____

cc:

**EDWARD S. ROBB, JR.**
Clerk of Courts
Butler County, Ohio

Date: _____ *11-17-89* _____

CC-126-L

PRINTED BY AMERICAN

Clk. 355

BTT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

IMAGED

COMMON PLEAS COURT _____ _____ COUNTY, OHIO

THE STATE OF OHIO
vs.

Von Clark Davis

No. 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   Crim. Doc. Vol. _____   _____ Page _____

Indictment for _Agg. Murder, + Carry Weapons_

**COST BILL — To Collect from Defendant**

| CLERK: Revised Code Sec. 2303.20 | | |
|---|---|---|
| 1—For each cause, which shall include | 15.00 | |
|   Docketing in appearance docket | | |
|   Filing necessary documents, noting the filing of such | | |
|     documents, except subpena, on appearance docket | | |
|   Issuing certificate of deposit in foreign writs | | |
|   Certificate of opening deposition | | |
|   Entering cause on trial docket | | |
|   Entering cause on motion docket | | |
|   Indexing pending suits | | |
|   Indexing living judgments | | |
|   Noting on appearance docket all papers mailed | | |
|   Certificate for attorney's fee | | |
|   Certificate for stenographer's fee | | |
|   Preparing cost bill | | |
|   Entering on indictment any plea | | |
|   Certifying on penitentiary cost bill that execution was issued | | |
|   Entering costs on docket and cash book | | |
| 2—Taking undertakings, bonds, recognizances, each | 1.00 | |
| 3—Issuing writs, orders, notices, except subpena, each | 1.00 | 5.00 |
| 4—Issuing subpena, swearing witness, entering attendance, and | | |
|   certifying fees, each name | 1.00 | 6.00 |
| 5—Calling Jury, each cause | 10.00 | |
| 6—Entering on journal, indexing and posting on appearance docket double | | |
|   spaced 8½ x 11 in. pages, or fraction thereof, each page | 1.00 | 18.00 |
| 7—Making copies of pleadings, process, record, or files, including | | |
|   certificate and seal, double spaced 8½ x 11 in. pages, or | | |
|   fraction thereof, each page | 1.00 | 93.00 |
| 8—Execution or transcript of judgment, including indexing, each | 1.00 | |
| 9—Making complete record, including indexing, double spaced | | |
|   8½ x 11 in. pages, or fraction thereof, each page | 1.00 | 3.00 |
| 10—Taking affidavits, including certificate and seal | 1.00 | |
| 11—Docketing and indexing appeal, including filing and noting | | |
|   of all the necessary documents, each | 15.00 | |
| 12—Certificate of fact under seal of Court, to be paid by the party | | |
|   demanding same, each | 1.00 | 17.10 |

90-2524

FILED

SUMMARY MAR 0 5 1991

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

Clerk _____ 142.10
Sheriff _____ 111.80
Witnesses in C.P. Court _____ —
Other Fees in C.P. Court _____ 1,129.50

  Total in C.P. Court
  Total Fees in _____ Court
  Total Fees in Municipal Court

Dated _____ 19___   TOTAL FEES, 1,383.40

| SHERIFF: Revised Code Sec. 311.17 | | |
|---|---|---|
| 1—Serv. and ret. of warr. to arrest, persons, | | |
|   per person | 5.00 | |
| * Mileage | | |
| 2—Serv. and ret. of copy of indict., each deft. | 2.00 | |
| * Mileage | | |
| 3—Service and return of summons, writs, orders, or | | |
|   notices, 1st name 3.00 an additional | | |
|   names, each | .50 | 77.80 |
| * Mileage | | |
| 4—Service and return of subpena, persons, | | |
|   each person named | 1.00 | |
| * Mileage | | |
| 5—Taking bail bond | 1.00 | |
| 6—Service and return of venire, persons, each | 1.00 | |
| * Mileage | | |
| 7—Summoning jurors, other than on venire, each | 1.00 | |
| * Mileage | | |
| 8—Calling action | .50 | |
| 9—Calling jury | 1.00 | |
| 10—Calling witnesses, each | 1.00 | |
| 11—Taking prisoner before judge or court da. | | |
|   per day | 3.00 | 6.00 |
| 12—Receiv., dischg., or surrend. pris., each pris. | 4.00 | 8.00 |
| 13—Service and return of execution when money is | | |
|   paid without levy, or no property found | 5.00 | |
| 14—Serv. and ret. on execution when levy is made on | | |
|   goods and chattels, including inventory | 25.00 | |
| * Mileage | | |
| 15—Service and return on execution when levy is | | |
|   made on real prop. for the first tract | 20.00 | |
|   additional tracts, each | 5.00 | |
| * Mileage | | |
| 16—Poundage on all moneys actually made and paid | | |
|   to the sheriff on execution, decree, or sale of | | |
|   real estate as follows, one percent | | |
| 17—Administering oath to appraisers, each | 1.50 | |
| 18—Furnishing copies of advertisements, | | |
|   words, per 100 words | .50 | |
| * Mileage: First Mile | .50 | |
|   and _____ Miles @ .20 per mile | | |
| MISCELLANEOUS | | |

| | Sheriff | Co. |
|---|---|---|
| Magistrate | | |
| Witnesses in Magistrate Court | | |
| Chief of Police, Marshal or Constable | | |
| Municipal Court Fees | | |
| Witnesses in Municipal Court | | |
| Postage | | |
| Notary | | |
| Attorney | | |
| Stenographer Teresa Boyer | | |
| Requisition costs Transcript of Proceedings | | $1,129.50 |
| Total fees in Common Pleas Court | | |

PAID FEB 5 1990

TOTAL COSTS.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 1173

No. CR 83-12-0614

Doc. _____ Page _____

**COMMON PLEAS COURT**

_____ Butler _____, County, OH

_____ May _____ Term, 19___

**THE STATE OF OHIO**

vs.

Von Clark Davis

IMAGED

**COST BILL**

Filed _____ 19___

Clerk _____

by _____

Deputy Clerk

Witnesses

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

## POST OFFICE TO ADDRESSEE — EXPRESS MAIL NEXT DAY SERVICE

IMAGED

NB 085 940 877

### ORIGIN

Post Office ZIP Code:
Initials of Receiving Clerk:
Date In:
Time In: ☐ A.M. ☐ P.M.
Weight: ____ lbs. ____ oz.
Postage $

### ACCEPTANCE

☐ Next Day Delivery or ☐ Second Day Delivery
☐ By 12 Noon or ☐ By 3:00 P.M.
☐ Express Mail Military Service ☐ International Express Mail Country Code ____

Return Receipt $
C.O.D.
Total Postage & Fees $

Express Mail Corporate Account No.:  Federal Agency Account No.:

Waiver of Signature and Indemnity (Domestic Only)

CUSTOMER RECEIPT

**FROM:**
Mr. Edward S. Robb, Jr
Butler Co. Clerk of Courts
101 High St.
Hamilton, Ohio  45011

**TO:**  Telephone Number: ____
Southern Ohio Correctional Fac.
ATTN: Warden
Lucasville, Ohio  43420

Label 11-B (July 1988)    **Thank You For Using Express Mail Service**

---

## POST OFFICE TO ADDRESSEE — EXPRESS MAIL NEXT DAY SERVICE

IMAGED

NB 085 940 888

### ORIGIN

Post Office ZIP Code:
Initials of Receiving Clerk:
Date In:
Time In: ☐ A.M. ☐ P.M.
Weight: ____ lbs. ____ oz.
Postage $

### ACCEPTANCE

☐ Next Day Delivery or ☐ Second Day Delivery
☐ By 12 Noon or ☐ By 3:00 P.M.
☐ Express Mail Military Service ☐ International Express Mail Country Code ____

Return Receipt $
C.O.D.
Total Postage & Fees $

Express Mail Corporate Account No.:  Federal Agency Account No.:

Waiver of Signature and Indemnity (Domestic Only)

CUSTOMER RECEIPT

**FROM:**
Mr. Edward S. Robb, Jr
Butler Co. Clerk of Courts
101 High St.
Hamilton, Ohio  45011

**TO:**  Telephone Number: ____
David Stebbins
Sr. Asst. Public Defender
8 E. Long St.
Columbus, Ohio  43215

Label 11-B (July 1988)    **Thank You For Using Express Mail Service**



COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO                    *      Case No. CR83-12-0614

Plaintiff                    *

vs.                              *      ENTRY APPOINTING COUNSEL
                                        (NUNC PRO TUNC)
VON CLARK DAVIS                  *

Defendant                    *

                * * * * * *

    Upon application and for good cause shown, the Court
hereby finds that the Defendant herein, Von Clark Davis, is
indigent and unable to secure an attorney for his appeal to
The Supreme Court of Ohio, and further finds that said
Defendant is unable to pay the expenses of his appeal, and

    It is hereby the ORDER of the Court that Timothy R. Evans
be appointed as counsel of record for Defendant in his appeal
to The Supreme Court of Ohio, nunc pro tunc - May 27, 1986.

                                "Enter"

                                _____
                                Judge Bruewer

FILED in Common Pleas Court
BUTLER COUNTY, OHIO
MAY 7 1990
EDWARD S. ROBB, JR.
CLERK

HOLBROOK & JONSON
LAW FIRM
HOLBROOK-JONSON
BUILDING
315 S. MONUMENT AVENUE
P. O. BOX 687
HAMILTON, OHIO 45012

J26 p 42

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 1177