3/23/2015                                   CourtView Justice Solutions

## CA 1995 07 0124

| | | | | |
|---|---|---|---|---|
| **Case Type** | COURT OF APPEALS | **Action:** | APPEAL OF DEFENDANT |
| **Case Status:** | Closed | **Status Date:** | 07/31/1995 |
| **File Date:** | 07/31/1995 | **Case Judge:** | KOEHLER, RICHARD N |
| **DCM Track:** | | **Next Event:** | |

**All Information**  |  **Party**  |  **Docket**  |  **Disposition**  |  **Financial**

### Docket Information

| Date | Docket Text | Amount | Image Avail. |
|---|---|---|---|
| 07/31/1995 | AFFIDAVIT OF INDIGENCY FILED | $0.00 | Image |
| 07/31/1995 | DOCKET STATEMENT FILED COPY TO COURT OF APPEALS FILED | $1.00 | Image |
| 07/31/1995 | PRECIPE FOR COMPLETE TRANSCRIPT OF DOCKET AND JOURNAL ENTRIES FILED | $2.00 | Image |
| 07/31/1995 | NOTICE OF APPEAL FILED,LINDA E PRUCHA & TRACEY LEONARD,ASST ST PUBLIC DEFENDER,ATTYS/CR812 0614 & 21655 /MATTHEW J CREHAN,J/ ENTRY 6/30/95 cc:CA-Midd;Judge;CDS>file & by mail>attys\parties indicated as of record | $25.00 | Image |
| 07/31/1995 | CLERK'S COMPUTER FEES | $10.00 | |
| 08/02/1995 | * TRANSCRIPT OF DOCKET & JOURNAL ENTRIES FILED ORIGINAL PAPERS FILED (CR83 12 0614 & 21655) | $1.00 | Image |
| 08/02/1995 | CRIMINAL APPEARANCE AND EXECUTION DOCKET PLEADINGS FILED, WRITS ISSUED, WRITS RETURNED AND JUDGMENT ENTRIES | $1.00 | Image |
| 08/08/1995 | APPELLANT'S MOTION TO FILE BRIEF IN EXCESS OF 20 PAGES W/MWMORANDUM ATTACHED FILED/TRACY LEONARD,ATTY | $0.00 | Image |
| 08/10/1995 | >Notice/Filing\COMPLETE RECORD ISSUED TO ATTYS AND/OR PARTIES (Indicate C.A.Admn.sheet) | $2.00 | Image |
| 08/11/1995 | NOTICE OR REQUIREMENTS OF LOC.R.12 (A) | $2.00 | Image |
| 08/11/1995 | SCHEDULING ORDER FILED COPIES ISSUED | $8.00 | Image |
| 08/17/1995 | JOURNAL ENTRY APPELLANT'S BRIEF SHALL NOT EXCEED 50 PAGES IN LENGTH FILED YOUNG,J | $2.00 | Image |
| 09/12/1995 | MOTION FOR EXTENSION OF TIME TI FILE APPELLANT'S BRIEF FILED LINDA E PRUCHA,ATTY | $0.00 | Image |
| 09/20/1995 | ENTRY EXTENDING TIME TO FILE APPELLANT'S BRIEFS FILED (ISSUE COPIES)NO LATER 10-19-95 FILED YOUNG,J | $2.00 | Image |
| 10/11/1995 | MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF FILED LINDA E PRUCHA,ATTY | $0.00 | Image |
| 10/16/1995 | ENTRY EXTENDING TIME TO FILE APPELLANT'S BRIEFS FILED (ISSUE COPIES)NO LATER 11-19-95 FILED YOUNG,J | $2.00 | Image |
| 11/22/1995 | REQUEST FOR ORAL ARGUMENT FILED (indicate-CA/Midd.sheet) COPY SENT TO CA/MIDD. FILED LINDA E PRUCHA,PUBLIC DEFENDER | $0.00 | Image |
| 11/22/1995 | MERIT BRIEF OF APPELLANT FILED LINDA E PRUCHA,PUBLIC DEFENDER | | Image |
| 12/29/1995 | MOTION FOR EXTENSION OF TIME TO FILE BRIEF(VON CLARK DAVIS) | $0.00 | Image |
| 01/03/1996 | ENTRY EXTENDING TIME TO FILE APPELLEE'S BRIEF FILED (COPIES ISSUED) NO LATER 1-11-96 FILED YOUNG,J | $2.00 | Image |
| 01/09/1996 | MOTION FOR PERMISSION TO EXCEED PAGE LIMITATION FILED DANIEL G EICHEL,FIRST ASSISTANT PROSECUTING ATTY | $0.00 | Image |
| 01/10/1996 | BRIEF OF APPELLEE FILED,JOHN F HOLCOMB,PRSTG ATTY & DANIEL G EICHEL 1ST PRSTG ATTY | | Image |

3/23/2015                                    CourtView Justice Solutions

| Date | Description | Amount | |
|------|-------------|--------|---|
| 01/17/1996 | JOURNAL ENTRY MOTION OF APPELLEE REQUESTING LEAVE TO FILE A BRIEF 22 PAGES IN EXCESS; BRIEF NOT TO EXCEED 42 PAGES IN LENGTH FILED YOUNG,J | $2.00 | Image |
| 02/05/1996 | ALL PAPERS SENT TO COURT OF APPEALS | $0.00 | Image |
| 02/05/1996 | REQUEST OF COURT/APPEALS ADMIN.OFFICE TO ASSEMBLE & ARRANGE\TRANSMITTAL OF CASE FILE,copy-fileroomCA | | Image |
| 02/21/1996 | STATEMENT OF ADDITIONAL AUTHORITY FILED TRACEY A LEONARD,ATTY | $0.00 | Image |
| 02/22/1996 | JOURNAL ENTRY APPELLANT GRANTED PERMISSION TO FILE HIS LIST OF ADDITIONAL AUTHORITIES; APPELLEE MAY FILE A RESPONSE LIMITED TO CASES CITED BY APPELLANT AS ADDITIONAL AUTHORITY ON OR BEFORE 2-28-96 FILED WALSH,J | $2.00 | Image |
| 02/23/1996 | STATE'S POST-ARGUMENT STATEMENT OF APPELLEE REGARDING ADDITIONAL AUTHORITIES CITED BY APPELLANT FILED (VON CLARK DAVIS) | $0.00 | Image |
| 09/30/1996 | ENTRY OF JUDGMENT-AFFIRMING FILED,WALSH, KOEHLER AND POWELL,JUDGES OPINION  FILED,KOEHLER,J, WALSH, P J AND POWELL,J,CONCUR | $48.00 | Image |
| 09/30/1996 | MANDATE issued-trial ct. COPIES ISSUED TO ATTORNEY OF RECORD BY REGULAR MAIL | $2.00 | |
| 10/09/1996 | CORRECTED PAGE TWENTY-TWO FOR BUTLER CA95 07 124 OPINION RELEASED 9-30-96 FILED | $6.00 | Image |
| 11/20/1996 | NOTICE OF APPEAL TO THE SUPREME COURT OH FILED 11-14-96 CASE #96-2547 FILED BY LINDA E PRUCHA,ASSISTANT PUBLIC DEFENDER | $0.00 | Image |
| 01/30/1997 | JOURNAL ENTRY COURT DECLINES JURISDICTION TO HEAR CASE & DISMISSES THE APPEAL AS NOT INVOLVING ANY SUBSTANTIAL CONSTITUTIONAL QUESTION FILED THOMAS J MOYER,CHIEF JUSTICE SUPREME COURT OH | $2.00 | Image |
| 02/08/1997 | JOURNAL ENTRY - SUPREME COURT OF OHIO THOMAS J MOYER CHIEF JUSTICE 1997 TERM CASE NO. 90-2524 FILED | $2.00 | Image |
| 07/31/1997 | ALL PAPERS RETURN FROM COURT OF APPEALS | $0.00 | |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2136

CA95 07 0124

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

IMAGED

STATE OF OHIO,

)        '95 JUL 31 PM 12 41

FILED In Court of Appeals T. MARK BADEN
Respondent-Appellee, BUTLER COUNTY, OHIO CLERK OF COURTS

-vs-

JUL 3 1 1995 )        Case No. CR 83-12-0614 and

FILED In Common Pleas Court        21655

VON CLARK DAVIS,        T. MARK BADEN
CLERK BUTLER COUNTY, OHIO **DEATH PENALTY CASE**

Petitioner-Appellant.        JUL 3 1 1995

T. MARK BADEN
NOTICE OF APPEAL

Now comes Von Clark Davis, Appellant in the above-styled case, and hereby gives notice

of his appeal from the final ENTRY OF DISMISSAL of petitions for post-conviction relief of

the Butler County Common Pleas Court, entered on the 30th day of June 1995 to the Court of

Appeals of Butler County, Ohio, Twelfth Appellate District.

Respectfully submitted,

LINDA E. PRUCHA - 0040689
Assistant State Public Defender

TRACEY LEONARD -0064013
Assistant State Public Defender

Ohio Public Defender Commission
8 East Long Street - 11th Floor
Columbus, Ohio  43266-0587
(614) 466-5394

COUNSEL FOR APPELLANT

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2137

IMAGED

CA95 07 0124

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing NOTICE OF APPEAL was forwarded

by regular U.S. Mail to John F. Holcomb, Prosecuting Attorney, Butler County, Courthouse,

Hamilton, Ohio 45011, on this 3/1st day of July, 1995.

LINDA E. PRUCHA - 0040689
COUNSEL FOR RESPONDENT-APPELLEE

#11757/gg

FILED

IN THE COMMON PLEAS COURT, BUTLER COUNTY, OHIO

JUN 30 AM 9 29

T. MARK BADEN
CLERK OF COURTS

STATE OF OHIO

      Plaintiff-Respondent :

  -vs-

VON CLARK DAVIS

     Defendant-Petitioner :

CASE NO. CR83-12-0614
CASE NO. 21655

**ENTRY OF DISMISSAL**

:

FILED In Common Pleas Court
BUTLER COUNTY OHIO  Final Appealable Order

JUN 30 1995  June 29, 1995

T. MARK BADEN
CLERK OF COURTS

CASE NO. CR83-12-0614

    This matter came on before the Court as a R.C. 2953.21 petition challenging Von Clark Davis's murder conviction in Case Number 21655 and challenging his conviction and sentence of death in Case No. CR83-12-0614. The State responded to both petitions on October 15, 1993. The State claimed the doctrine of *res judicata* applied to 27 of the 28 causes of action, excepting the Nineteenth Cause of Action. Petitioner responded with a motion to strike the State's answer and with a Motion to Dismiss on the basis that it is improper for the State to raise the defense of *res judicata* in a post-conviction action. The State filed a memorandum in opposition to the defendant's motion to strike. The Court conducted a hearing on June 28, 1994. The court denied the Petitioner's motion to strike and found that *res judicata* barred all causes of action except the Nineteenth Cause of Action. (See Journal Entry dated November 1, 1994)

    Petitioner's Nineteenth Cause of Action claims a defect in his conviction and sentence due to an ineffective jury waiver

JUDGE MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

17B.

JY40P 581

CR83-12-0614
21655

and election to be tried by a three-judge panel. Petitioner alleges that he was not informed that Judges Stitsinger and Moser (2 members of the panel), as attorneys, prior to their election to office as judges of the Butler County Common Pleas Court, had represented the Federal National Mortgage Company in a 1970 foreclosure action against defendant and his then, but now deceased, wife Ernestine Davis. Petitioner claims had he known these facts he would not have waived his right to trial by jury.

Petitioner in his affidavit, claims he was not aware of the Judges' involvement in the foreclosure action until approximately July 1993. This Court, finding that this allegation is *dehors* the record, conducted an evidentiary hearing on January 11, 1995. The issue to be determined at the hearing was whether Judges Moser and Stitsinger's representation of a mortgagee in a 1970 foreclosure action, with the Petitioner as a defendant, of which no one had any recollection, unfairly prejudiced the defendant in his decision to waive a jury, requiring reversal of conviction and the death sentence. Post-evidentiary hearing briefs were filed by both the Petitioner and Respondent.

Judges' Moser and Stitsinger testified that in 1984 they were unaware that they had been attorneys representing a mortgagee in a foreclosure action against the Petitioner fourteen years earlier. Even after the case was brought to

2

J 440 P 592

JUDGE MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

CR83-12-0614
21655

their attention, both Judges' testified that they could not recall the foreclosure action from the approximately 200-300 foreclosure actions circa 1969-1970 – the time of the foreclosure in question. (T.p. 27 & 45) Both Judges testified that since they were completely unaware of the foreclosure action against Petitioner, much less their participation, during the 1984 and 1989 proceedings, the fact of their brief participation fourteen and nineteen years earlier played absolutely no part "whatsoever" in their decisions. (T.p. 27-28) Indeed, Judge Moser opined that if anything, it would have invoked a degree of compassion on his part for the defendant. (T.p. 45)

The Petitioner was informed in writing of who would be the members of the three judge panel if he elected to waive the jury. He testified that at the time of the court proceedings in 1984 and 1989 he was unaware that Judge Moser and Judge Stitsinger were attorneys in the prior foreclosure. (T.p. 7 & 21) He now states that had he had that information, he would not have waived the jury.

Petitioner apparently reasons that he should be entitled to post-trial withdrawal of his jury waiver, after conviction, if he perceives some fact (relevant or not) which, if known at the time of his waiver, may have altered his decision. Similar arguments have been rejected in *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 189, *State v. Dickerson* (1989), 45 Ohio St.3d

JUDGE MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

3

J 470 P 593

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2141

CR83-12-0614
21655

206, 209-210, and the Supreme Court's decision in this very case, *State v. Davis* (1992), 63 Ohio St.3d 44, 48-49.

The evidence in the case at bar shows that the representation of Judge Stitsinger (and peripherally Judge Moser) as attorneys for a mortgagee in a foreclosure action almost two decades earlier had no impact at all on the 1984 and 1989 proceedings. In fact, neither the Judges nor the Petitioner were aware of their peripheral contact at the time of the 1984 and 1989 proceedings. The foreclosure itself apparently occurred shortly after Petitioner purchased and abandoned the property.

In the absence of bias, prejudice, or other disqualifying factors, a judge is not automatically disqualified from presiding in later litigation, even if that litigation tangentially concerns a legal matter handled by the Judge prior to assuming the bench. *In re Disqualification of Martin* (1989), 43 Ohio St.3d 602.

Whether there is a valid waiver depends on the unique circumstances of each case, see *State v. Ruppert* (1978), 54 Ohio St.2d 263, 271, citing *Adams v. United States ex rel. McCann* (1942), 317 U.S. 269, 281, 63 S.Ct. 236, 87 L.E. 268, 274. A defendant seeking to set aside a jury waiver on the ground that it was not freely and intelligently made must sustain the burden of showing essential unfairness "not as a matter of speculation but as a demonstrable reality." *Adams, Id.* at 281, 87 L.E. at

JUDGE MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

4

J 4 70 P 574

CR83-12-0614
21655

268. Petitioner suggests that there is a duty on the part of the trial court to advise him of collateral facts such as were involved in the case *sub judice*. The law in Ohio is that "[w]hile it may be better practice for the trial judge to enumerate all the possible implications of a waiver of a jury, there is no error in failing to do so." *State v. Jells* (1990), 53 Ohio St.3d 22, 26.

This Court finds that neither Judge Stitsinger, nor Judge Moser, nor the Petitioner were aware, in 1984 or 1989, of the Judges indirect contact with the Defendant as a result of a foreclosure action in 1970. Such unknowing involvement could have no possible impact on the trial proceedings or on the fairness of the sentence. By the same token the court does not believe the statement of the Petitioner that having such knowledge would have altered his decision to waive a jury. Petitioner's self serving testimony to the contrary is simply that.

The court finds that there was no infringement of Petitioner's Constitutional rights so as to render the judgments in this case to be void or voidable. Petitioner's Nineteenth Cause of Action is dismissed. The Court having granted the motion of the State of Ohio to dismiss each of the causes of action enumerated in the Petitioner's petition for post-conviction relief, in case number CR83-12-0614, the court hereby dismisses the petitioner's motion for post-conviction relief.

JUDGE MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

5

J 410 P 575

CR83-12-0614
21655

**CASE NO. 21655**

Defendant filed a motion requesting an evidentiary hearing pursuant to R.C. 2953.21 alleging that the judgment in case number 21655 is void or voidable. Plaintiff's responded with an answer and motion to dismiss defendant's petition for post-conviction relief.

Defendant was indicted for first degree murder pursuant to R.C. 2901.01. On April 20, 1971 he plead guilty to murder in the second degree in violation of R.C. 2901.05. He was convicted and sentenced on that charge.

A judgment of conviction is void within the meaning of R.C. 2953.21 only if rendered by a court having either no jurisdiction over the person of the defendant or no jurisdiction of the subject matter. *State v. Perry* (1967), 10 Ohio St.2d 175. Defendant's petition fails to allege a lack of jurisdiction over the defendant or subject matter, therefore the judgment cannot be void as a matter of law.

A judgment of conviction is voidable under the United States or Ohio Constitutions, within the meaning of R.C. 2953.21, if the constitutional claim of the defendant in post-conviction proceedings is such that it could not have been litigated before the judgment of conviction and hence could not reasonably be said to have been either waived by the Defendant or adjudicated against him. See *Perry* at 179-180.

The petition alleges, and the record reflects, that the

JUDGE MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

6

J 440 P 59 6

CR83-12-0614
21655

Defendant, represented by counsel, entered a guilty plea to Murder in the Second Degree in violation of R.C. 2901.05, after the commencement of trial and after the Prosecuting Attorney entered a *Nolle Prosequi* to the words "deliberate" and "premeditated" in an indictment for the greater offense of Murder in the First Degree in violation of R.C. 2901.01. Murder in the Second Degree is a purposeful killing of another but committed in the absence of premeditation or deliberation. It is a lesser included offense of Murder in the First Degree. *State v. Muskus* (1952), 158 Ohio St. 276.

Defendant's post-conviction petition merely seeks to relitigate the substantive issue of his guilt of a purposeful killing. This issue was resolved in his conviction which was based upon a guilty plea. Any issue as to the sufficiency of facts necessary to prove his guilt was clearly waived when he plead guilty; he could have litigated such issue at a trial but did not. Under the doctrine of *res judicata*, such a claim is merged with the judgment of conviction based upon the guilty plea and Defendant cannot now relitigate the issue. *State v. Ishmail* (1981), 67 Ohio St.2d 16, 18, 21.

A petition for post-conviction relief is subject to dismissal without a hearing when the Petitioner fails to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. R.C. 2953.21(C); *State v. Sowell* (1991), 73 Ohio App.3d 672,

7

J 440 P 547

JUDGE MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

CR83-12-0614
21655

682; *State v. Pankey* (1981), 68 Ohio St.2d 58.   The Petitioner has failed to submit any such information.

The petition's claim for post-conviction relief is based solely on the recanting of trial testimony by Robert Beard. Having reviewed all the available court records and the applicable law, this Court finds that such allegedly "new evidence" does not rise to the level of "substantive grounds" for a finding a denial or infringement of Petitioner's rights under the Ohio Constitution or the Constitution of the United States. (R.C. 2953.21)

Even if the court were to somehow find that Beard's recantation is a substantive ground, the Defendant's petition is barred by the defense of *res judicata*.   On April 14, 1981, Petitioner filed a motion for leave to file for a new trial and for an oral hearing on the basis of the same letter written by Robert Beard which is the subject of the present motion.   The motion was denied by entry filed on April 22, 1981 and was not appealed.

JUDGE MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment or conviction, or on an appeal from that judgment.

*State v. Perry* (1967), 10 Ohio St.2d 175, 180.

The Petitioner could have appealed the decision denying the

8

j 4911 p 598.

CR83-12-0614
21655

motion for leave to file for a new trial, but did not.

The law in Ohio as to the defense of *res judicata* in a post-conviction action has a long history. Recently in *State v. Lentz* (1994), 70 Ohio St.3d 527, 529, the Supreme Court of Ohio referred to its holding in *Perry* and found *res judicata* to be a proper basis upon which to dismiss, without hearing, a petition for post-conviction relief. This Court, therefore, finds that the doctrine of *res judicata* is a bar to this post-conviction action.

For the foregoing reasons this Court finds Petitioner failed to produce, in the petition, substantive grounds to grant an evidentiary hearing as required by R.C. 2953.21. The Petitioner's petition for a hearing is denied and the motion of the State of Ohio to dismiss the petition for post-conviction relief is granted.

SO ORDERED

*Matthew J. Crehan, Judge*

FILED In Common Pleas Court
BUTLER COUNTY OHIO

JUN 30 1995

T. MARK BADEN
CLERK OF COURTS

JUDGE MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

cc: Joann Bour-Stokes
Ohio Public Defender Commission
8 East Long Street, 11th Floor
Columbus, Ohio 43215-2998

John F. Holcomb, Esq.
Prosecuting Attorney
216 Society Bank Building
Hamilton, Ohio 45011

9

CA95 07 0124

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

IMAGED

FILED

'95 JUL 31 PM 12 42

T. MARK BADEN

STATE OF OHIO,                    )
                                  )
         Respondent-Appellee,     )
                                  )
-vs-                              )   Case No. CR 83-12-0614  and
                                  )                21655
                                  )
VON CLARK DAVIS,                  )   **DEATH PENALTY CASE**
                                  )
         Petitioner-Appellant.    )

FILED IN COURT OF APPEALS
BUTLER COUNTY, OHIO

JUL 31 1995

T. MARK BADEN
CLERK

### PRAECIPE

TO THE CLERK OF COURTS:

Immediately prepare and assemble the original papers and exhibits thereto filed in this

court at both the trial level and during post-conviction proceedings in Case Nos. CR83-12-0614

and 21655 and a certified copy of the docket and journal entries. The complete transcript of

proceedings filed in Case Nos. CR83-12-0614 and 21655 should be included in the record of this

appeal. Once prepared and assembled, please transmit all documents to the Clerk of the Court of

Appeals to file as the record on appeal.

Respectfully submitted,

LINDA E. PRUCHA - 0040689
Assistant State Public Defender

TRACEY LEONARD - 0064013
Assistant State Public Defender

Ohio Public Defender Commission
8 East Long Street - 11th Floor
Columbus, Ohio  43266-0587
(614) 466-5394

COUNSEL FOR APPELLANT

CA95 07 0124

IMAGED

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing PRAECIPE was forwarded by regular

U.S. Mail to John F. Holcomb, Prosecuting Attorney, Butler County, Courthouse, Hamilton,

Ohio 45011, on this 3/02 day of July, 1995.

LINDA E. PRUCHA - 0040689
COUNSEL FOR RESPONDENT-APPELLEE

#11760/gg

TRIAL COURT NO. __CR83-12-0614__
21655
TRIAL JUDGE __Judge Matthew Crehan__

## CRIMINAL DOCKET STATEMENT IMAGED

| **Parties:** | **Counsel:*** |
|---|---|

FILED

Von Clark Davis

Linda Prucha — 0040689

'95 JUL 31  PM 12 42

T. MARK BADEN CLERK OF COURTS

FILED In Court of Appeals
BUTLER COUNTY, OHIO

JUL 31 1995

T. MARK BADEN
CLERK

Plaintiff-Appellant/Appellee
(Circle designation)

(Name & Supreme Court Registration No.)
Ohio Public Defender Commission
8 East Long St., 11th Floor
(Address)
Columbus, Ohio  43215-2998

(614) 466-5394
(Telephone Number)

VS.                                        VS.

State of Ohio

John F. Holcomb — 0001499

(Name & Supreme Court Registration No.)
Butler County Courthouse
(Address)
216 Society Bank Building
Hamilton, Ohio   45011

(513) 887-3474

Defendant-Appellant/Appellee
(Circle designation)

(Telephone Number)

1. This appeal should be assigned to:
   A. The *Regular Calendar* with Full Briefing for the Reasons Checked:

   _____ Transcript is more than 100 pages

   __x__ Brief in excess of 15 pages is necessary to argue the issues adequately, or more than 15 days will be required to file the brief

   _____ Appeal concerns unique issues of law which will be of substantial precedential value in determination of similar cases

   _____ Other _____

*Please list at least one representative for each party to the appeal. If a party will be represented by more than one counsel, designate which counsel is to be primarily responsible for prosecuting the appeal and receiving notices and pleadings from the court and all other parties. See Loc. R. 9(A).

B. The *Accelerated Calendar* for the Reasons Checked:

_____ No transcript required

_____ Transcript consists of less than 100 pages, or is of such length that preparation time will not be a source of delay

_____ Agreed statement will be submitted in lieu of record within 20 days

_____ Record was made in an administrative hearing and was filed with the trial court

_____ All parties to the appeal agree to an assignment to the accelerated calendar, and agree to comply with filing requirements of Loc. R. 6

_____ Other: _____

2. Was counsel appointed for trial?    (YES)   NO

3. Has counsel been appointed for appeal by trial court? (YES)   NO

4. Will request for appointment of counsel be made to this court?    YES   (NO)

5. Was Motion for Bond or Stay of Execution made in the trial court?   Motion made in and granted by Ohio Supreme Court   (YES)   NO

6. If so, was the motion granted?   (YES)   NO

7. Offense convicted of: Aggravated Murder/having a weapon while under a disability

8. Length of sentence: Appellant-defendant was sentenced to death

9. Probable issues for review: See post-conviction brief, filed 10/8/93 in the Butler County Court of Common Pleas/failure to grant relief on claims and failure to grant evidentiary hearing on majority of claims.

10. Will a transcript of proceedings or App. R. 9(C) or (D) statement be necessary? (If not, see Loc. R. 5) (YES)   NO

11. Has a transcript of proceedings been ordered? (YES)   NO

12. If so, designate parts ordered: Evidentiary hearing held 1/11/95

13. Estimated length of transcript: 58 pages total

14. Time needed to complete transcript: Transcript has already been prepared and filed with Common Pleas Court 1/30/95

15. Time needed to file brief after transcript is filed: 60 days after complete record filed.

16. List all related/pending appeals: N/A

17. Identify any special problems anticipated with this appeal: _____

_____
Counsel's Signature

IMAGED

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

CA95 07 0124

VON CLARK DAVIS,

'95 JUL 31
T. MARK BADEN
CLERK OF COURTS

Appellant,

FILED in Court of Appeals
BUTLER COUNTY OHIO

-vs-

Case No. CR83-12-0614

21655

STATE OF OHIO,

JUL 31 1995 Common Pleas Court
BUTLER COUNTY, OHIO
T. MARK BADEN
CLERK          JUL 31 1995

Appellee.

T MARK BADEN

### AFFIDAVIT OF INDIGENCY

I, _Von Clark Davis_ do solemnly swear that I presently this _12th_ day of

_July_____, 1995, no means of financial support and no assets of any value and therefore

cannot afford to pay for any legal services, fees or costs on my behalf in the above-styled case;

that I am presently incarcerated at the Mansfield Correctional Facility; and that I have

$ _16.00_____ income per month.

_Von Clark Davis 179828_
Signature

BE IT REMEMBERED that on the _12th_ day of _July_____, 1995, before me the

subscribed, a Notary Public, personally came _Jacqueline Visintine_____, and acknowledged the

finding thereof to be his voluntary act.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my

official notary seal on the day and year last aforesaid.

_Jacqueline L. Visintine_
NOTARY PUBLIC

JACQUELINE L. VISINTINE
NOTARY PUBLIC, STATE OF OHIO
My Commission Expires Apr. 5, 2000

```
                   CRIMINAL APPEARANCE AND EXECUTION DOCKET
================================================================================
   TITLE OF CASE   :        ATTORNEYS         STATE OF OHIO
================================================================================
STATE OF OHIO        JOHN HOLCOMB          COMMON PLEAS COURT    21655
                                           BUTLER CO

   VS                                      MURDER                CA95 07 0124

VON CLARK DAVIS      LINDA PRUCHA                                01/05/1971

================================================================================
      PLEADINGS FILED, WRITS ISSUED, WRITS RETURNED AND JUDGMENT ENTRIES
================================================================================


    1/5/71     1.COPY OF INDICTMENT ISSUED TO SHERIFF
    1/12/71    2.DEFT ARRAIGNED PLEADS NOT GUILTY
    2/9/71     3.MOTION TO TAKE DEPOSITION FILED
    3/5/71     4.ENTRY ORDERING VENIRE TO BE ISSUED FILED CRAMER,J
    5/11/71    5.ENTRY ORDERING SHERIFF TO TRANSPORT DEFT FOR PSYCHOLOGICAL
               TEST FILED CRAMER,J
    5/18/71    6.ENTRY ORDERING SHERIFF TO CONVEY DEFT FOR PYSHICIATRIC TEST
               FILED,CRAMER,J
    5/18/71    7.MOTION TO RELEASE EVIDENCE FILED
    5/18/71    8.MOTION FOR BILL OF PATICULARS FILED
    5/26/71    9.ENTRY ALLOWING ADDITIONAL PLEA OF NOT GUILTY BY REASON OF
               INSANITY CRAMER,J
    5/26/71    10.MOTION FOR DEFT TO BE ALLOWED TO ENTER PLEA OF NOT GUILTY BY
               REASON OF INSANITY FILED
    5/26/71    11.ENTRY AFFIRMING ROBERT J MCDEVITT,M D TO EXAMINE DEFT FILED
               CRAMER,J
    4/2/71     12.ENTRY ORDERING SHERIFF TO CONVEY DEFT FILED CRAMER,J
    4/9/71     13.PSYCHIACTRIC REPORT OFROBERT J MCDEVITT,M D FILED
    4/12/71    14.ENTRY TO CONVEY DEFT FOR TESTS ON 4,13,71 FILED CRAMER,J
    4/13/71    15.ENTRY ORDERING PAYMENT TO DR ROBERT J MCDEVITT FILED CRAMER,J
    4/13/71    16.ENTRY OVERRULING MOTION FOR BILL OF PARTICULARS FILED CRAMER,J
    4/13/71    17.ENTRY FINDING DEFT OF SOUND MIND FILED CRAMER,J
    4/13/71    18.ENTRY OVERRULING MOTION TO DISCLOSE AND PRODUCE EVIDENCE
               FILED CRAMER,J
    4/13/71    19.ENTRY WITHDRAWING PLEA OF GUILTY BY REASON OF INSANITY FILED
               CRAMER,J
    4/20/71    20.NOLLI PROSEQUI ONLY TO WORDS CONSTITUTING FIRST DEGREE MURDER,
               FILED

    4/20/71    21.ENTRY SENTENCING DEFT TO OHIO STATE PEN. FOR LIFE CRAMER,J

    4/14/81    22.MOTION FOR LEAVE TO FILE MOTION FOR A NEW TRIAL FILED

    4/14/81    23.ENTRY FOR ORAL HEARING ON MOTION 4/21/81 FILED STITSINGER,J
    4/14/81    24.LETTER FROM ROBERT BEARD FILED
    4/22/81    25.ENTRY OVERRULING MOTION FOR NEW TRIAL FILED STITSINGER,J
```

```
                        COMMON PLEAS Court of Butler County, OHIO
CR00 02 1655                                                              (Page  1)
                        CRIMINAL APPEARANCE AND EXECUTION DOCKET

================================================================================
        TITLE OF CASE        |        ATTORNEYS        |    STATE OF OHIO
================================+=========================+==============================
                             |                         |    COMMON PLEAS    Court
        STATE OF OHIO        |                         |  Butler County   , ss.
            VS               |                         |  Information for:
VON CLARK DAVIS              | LINDA E PRUCHA          |  MURDER
                             |                         |  Found and Filed 01/05/1971
                             |        Judge            |    Comments
                             | MATTHEW J. CREHAN       |  CA95 07 0124
================================================================================
    |   Pleadings Filed, Writs Issued, Writs Returned and Copies of Return   |
    +========================================================================+
    |        Transcript filed from :    DIRECT                               |
    |                                                                        |
    |    Charged with         :       MURDER                                 |
    |    Arrest or served date :                                            |
    |    Bond amount set at    :        $0.00                                |
    |    Municipal court fees  :        $0.00                                |
    |    Constable fees        :        $0.00                                |
    |    Witness fees          :        $0.00                                |
================================================================================
Date of | Page |     Findings, Judgments, Orders and Decrees        |
========+======+===================================================+===========
10/12/93| 0026 | JOURNAL ENTRY OF RECUSAL REMOVING JUDGE SAGE FROM |    2.00
        |      | CASE FILED SAGE,J                                 |
        |      |                      Journal 00311    Page 00227 |
10/12/93|      | [ Clerk's memo ] : SEE FILING DOCKET FOR PREVIOUS |
        |      | FILINGS                                           |
10/15/93| 0027 | ASSIGNMENT OF JUDGE MOSER TO CASE FIELD ELLIOTT,J |
        |      |                      Journal 00311    Page 00228 |
10/15/93| 0028 | ANSWER AND MOTION TO DISMISS DEFT'S PETITION FOR  |
        |      | POSTCONVICTION RELIEF FILED                       |
10/18/93| 0029 | ASSIGNMENT OF JUDGE CREHAN FROM JUDGE MOSER FILED |
        |      | ELLIOTT,J                                         |
        |      |                      Journal 00311    Page 00575 |
10/20/93| 0030 | MOTION & MEMORANDUM TO RECUSE JOHN MOSER,JUDGE   |
        |      | FILED LINDA E PRUCHA,ATTY                          |
03/14/94| 0031 | ORDER SETTING CONFERENCE FOR 3/30/94 AT 4:00PM   |    2.00
        |      | FILED CREHAN,J                                    |
        |      |                      Journal 00349    Page 00573 |
04/11/94| 0032 | DEFT'S MOTION TO STRIKE AND MEMORANDUM IN SUPPORT |
        |      | OF FILED/JOANN BOUR-STOKES AND LINDA E PRUCHA,ATTYS|
07/31/95| 0033 | NOTICE OF APPEAL FILED cc:CA-Midd;Judge;CDS>file & |   25.00
        |      | by mail>attys\parties indicated as of record     |
        |      | FILED,LINDA E PRUCHA & TRACEY LEONARD,ASST ST    |
        |      | PUBLIC DEF,ATTYS                                   |
================================================================+===========
                                              |        TOTAL    |   29.00
```

CA95-09-0124
CA89-09-0123

CASE NO. CR83-12-0614  FILED

TITLE OF CASE  '95 AUG  2 P 9 53  ATTORNEYS  IMAGED  ACTION
'95 AUG 4 P 9 : 5

CLERK OF COURTS

THE STATE OF OHIO  T. MARK BADEN  John F. Holcomb  Butler County
CLERK OF COURTS  s.s., Court of
vs.  FILED - In Court of Appeals  Common Pleas:
Indictment for:
VON CLARK DAVIS  BUTLER COUNTY OHIO  ...tson  Aggravated
Shanks  Murder
AUG  and Having
2 1995  Weapons under
Disability
T. MARK BADEN
CLERK

PLEADINGS FILED, WRITS ISSUED, WRITS RETURNED AND COPIES OF RETURNED

Transcript filed from Docket of Hamilton Municipal Court
(83-CRA-3565 & 83-CR-A3539)
Charge  Aggravated Murder & Having Weapons
while under disability
Committed
Bond  No Bond
Municipal Court Fees  $37.00
Justice's Fees
Constables's Fees  $6.30
Witness Fees

1984 Jan 06  On the 6th day of Jan. 1984 I served a certified copy
of the Summons in above entitled case upon the
defendant, by delivering Him Said Copy
R. R. Walton, Sheriff
R. Smith,  Deputy

1984 May 28  On the 22nd day of May 1984 I served a certified copy
of Order/Exam in above entitled case upon the
Butler County Forensic Center
By Delivering to Him Said Copy
Sheriff
R. Smith  Deputy

DATE OF:  FINDINGS, JUDGMENTS, ORDERS AND DECREES

1.  1983  Dec 22  Transcript, filed
2.  1983  Dec 22  J373 P430  Entry regarding bond, filed
3.  1984  Jan 06  Prosecutor's request for summons, filed Summons,
Copy of Indictment issued
4.  1984  Jan 06  Notice to Supreme Court of Ohio of filing Agg.
Murder with Specification, filed
5.  1984  Jan 06  Two copies of notice issued to Supreme Court
of Ohio by Certified Mail

continued  

CASE NO.  CR83-12-0614          -2-      IMAGED        CA89-09-0123

| NO. | DATE OF: | | FINDINGS, JUDGMENTS, ORDERS AND DECREES |
|---|---|---|---|
| 6. | 1984 | Jan 11 | Return Receipt of: Supreme Court of Ohio Signed: R. Eaton  Date: 1-10-84 |
| 7. | 1984 | Jan 13 | J374 P209  Defendant arraigned, Pleads not guilty |
| 8. | 1984 | Jan 17 | Motion to sever, filed |
| 9. | 1984 | Jan 17 | Motion for Bill of Particulars, filed |
| 10. | 1984 | Jan 17 | Motion for change of Venue, filed |
| 11. | 1984 | Jan 17 | Motion to view the scene, filed |
| 12. | 1984 | Jan 17 | Motion to dismiss and inspect Grand Jury Transcript, filed |
| 13. | 1984 | Jan 20 | Memorandum in opposition to motion to sever counts, filed |
| 14. | 1984 | Jan 20 | Memorandum in opposition to motion to dismiss and inspect transcript, filed |
| 15. | 1984 | Jan 20 | Memorandum in opposition to motion for change of venue, filed |
| 16. | 1984 | Jan 26 | J374 P761  Entry scheduling pre-trial hearing and continuing trial date for pre-trial motions 2-15-84m filed, Bruewer, J. |
| 17. | 1984 | Jan 26 | Memorandum in support of motion to sever, filed |
| 18. | 1984 | Jan 26 | Memorandum in support of motion for change of venue, filed |
| 19. | 1984 | Feb 01 | Praecipe for witness, filed |
| 20. | 1984 | Feb 01 | Subpoena issued |
| 21. | 1984 | Feb 01 | Praecipe for witness, filed |
| 22. | 1984 | Feb 01 | Subpoena issued |
| 23. | 1984 | Feb 01 | Praecipe for witness, filed |
| 24. | 1984 | Feb 01 | Subpoena issued |
| 25. | 1984 | Feb 01 | Motion and memorandum for discovery, filed |
| 26. | 1984 | Feb 01 | Motion and memorandum to Bifurcate trial- Motion in Limine, filed. |
| 27. | 1984 | Feb 01 | Motion to prohibit Death Qualification of the Jury and memorandum, filed |
| 28. | 1984 | Feb 02 | Praecipe for witness, filed |
| 29. | 1984 | Feb 02 | Subpoena issued |
| 30 | 1984 | Feb 03 | Memorandum in opposition to motion limine RE: Death Qualification of Jurors, filed |
| 31. | 1984 | Feb 08 | State's answer to Defendant's request for discovery, filed |
| 32. | 1984 | Feb 08 | Motion to provide discovery, filed |
| 33. | 1984 | Feb 08 | J375 P250  Order to provide discovery, filed, Bruewer, J. |
| 34. | 1984 | Feb 09 | Bill of Particulars, filed |
| 35. | 1984 | Feb 13 | Return Receipt of: Dick Perry, Cincinnati Post  Signed: Glenn Blade  Date: 2-7-84 |

continued

CASE NO.  CR83-12-0614          -3-                    CA89-09-0123

| NO. | DATE OF: | | FINDINGS, JUDGMENTS, ORDERS AND DECREES |
|---|---|---|---|
| 36. | 1984 | Feb 13 | Return Receipt of: Karla Stanley, WCPL Signed: G.R. Thomas Date:2-8-84 |
| 37. | 1984 | Feb 14 | Motion to Appoint counsel, filed |
| 38. | 1984 | Feb 14 | Affidavit of Von Clark Davis, filed |
| 39. | 1984 | Feb 14 | J375 P435 Entry appointing M. Shanks as attorney, Bruewer, J. |
| 40. | 1984 | Feb 14 | J375 P435 Entry appointing John Garretson as attorney, Bruewer, J. |
| 41. | 1984 | Feb 15 | J375 P468 Certificate of witness fee for transportation, Moser, J. |
| 42. | 1984 | Feb 24 | J375 P808 Entry setting trial date of 5-9-84 Defendant having waived rights to speedy trial, and vacating 2-23-84 trial date, Bruewer, J. |
| 43. | 1984 | Feb 24 | J375 P810 Entry ordering special venire pursuant O.R.C. 2945.18; 75 jurors 8-7-84 and order for Sheriff's returns, Bruewer, J. |
| 44. | 1984 | Feb 24 | J375 P809 Entry ordering additional special venire pursuant O.R.C. 2945.19; 50 jurors, filed, Bruewer, J. |
| 45. | 1984 | Mar 05 | Return copy of notice to Supreme Court(CC84-4) |
| 46. | 1984 | Mar 22 | Return of venire, filed |
| 47 | 1984 | Apr 20 | J378 P223 Entry ordering additional special venire, Bruewer, J. |
| 48. | 1984 | Apr 20 | Supplemental discovery, filed |
| 49. | 1984 | Apr 23 | Praecipe for witness filed |
| 50 | 1984 | Apr 23 | Subpoena issued |
| 51 | 1984 | Apr 25 | Defendant's response to plaintiff's request for discovery, filed |
| 52. | 1984 | Apr 26 | Praecipe for witness files |
| 53. | 1984 | Apr 26 | Subpoena issued |
| 54. | 1984 | Apr 26 | Amended response to plaintiff's request for discovery, filed |
| 55. | 1984 | Apr 27 | Supplemental discovery, filed |
| 56. | 1984 | Apr 27 | Praecipe for witness, filed |
| 57. | 1984 | Apr 27 | Subpoena issued |
| 58. | 1984 | Apr 27 | Election of defendant pursuant Section 2929.022 O.R.C. Concerning the specification of Aggravating circumstances, and to have motion in limine to preclude prosection's introduction of evidence or comment of defendant's prior conviction and to sever counts of indictment, filed |
| 59. | 1984 | Apr 27 | Motion to have reasons for defense objections placed on record, filed |
| 60. | 1984 | Apr 27 | Motion for notice of prospective three judge panel, filed |
| 61. | 1984 | Apr 27 | Motion for ruling on number of premetory challenges, filed |

continued

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2157

CASE NO.  CR83-12-0614          -4-                    CA89-09-0123

| NO. | DATE OF: | | FINDINGS, JUDGMENTS, ORDERS AND DECREES |
|---|---|---|---|
| 62. | 1984 | Apr 27 | Motion to record all proceedings, filed |
| 63. | 1984 | Apr 27 | Motion for pre-trial hearing, filed |
| 64. | 1984 | Apr 27 | Motion to increase the burden of proof to beyond all doubt, filed |
| 65. | 1984 | Apr 27 | Motion for pretrial disclosure of prosecuting witnesses written or recorded statements, filed |
| 66. | 1984 | Apr 27 | Motion to compel prosecutor to disclose death penalty data filed |
| 67. | 1984 | Apr 27 | Motion to compel disclosure of prosecuting attorney's jury selection data |
| 68. | 1984 | Apr 27 | Motion to require prosecutor to state reason for exercising premetory challenges, filed |
| 69. | 1984 | Apr 27 | Motion for leave to file additional motions and for leave to supplement the memoranda in support of motions already filed |
| 70. | 1984 | Apr 27 | Motion for all motions to heard on the record, filed |
| 71. | 1984 | Apr 27 | Motion for sequestration of jurors for duration of trial, filed |
| 72. | 1984 | Apr 27 | Further motion to prohibit death qualification of jury in the alternative to seal separate juries during the guilt and penalty phases of trial and supplemental memorandum thereon, filed |
| 73. | 1984 | Apr 27 | Further memorandum in support of disclosure of Grand Jury testimony, filed |
| 74. | 1984 | Apr 27 | Motion for individual sequestered voir dire, filed |
| 75. | 1984 | Apr 27 | Motion to insulate the venire and jury, filed |
| 76. | 1984 | Apr 27 | Motion to dismiss, filed |
| 77. | 1984 | Apr 30 | Praecipe for witness, filed |
| 78. | 1984 | Apr 30 | Subpoena issued |
| 79. | 1984 | Apr 30 | Motion in limine, filed |
| 80. | 1984 | Apr 30 | Motion for expert services, Dr. Roger Fisher, filed |
| 81. | 1984 | Apr 30 | J378 P580  Order for exam and Pmt. pursuant Chapter 120, Bruewer, J. |
| 82. | 1984 | Apr 30 | Motion and memorandum for order releasing records, filed |
| 83. | 1984 | May 01 | State's memorandum in response to motions of defendant, filed on April 27, 1984, filed |
| 84. | 1984 | May 03 | Motion for appointment of Psychologist or Psychiatrist from Butler County Forensic center and to remove Dr. Roger Fisher from participation in case, filed |
| 85. | 1984 | May 03 | Motion to strike entry filed ex parte 4-30-84, for appointment of Roger H. Fisher and for clarification of his employment capacity by defendant, field |

continued

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2158

CASE NO.  CR83-12-0614          -5-              CA89-09-0123

| NO. | DATE OF: | FINDINGS, JUDGMENTS, ORDERS AND DECREES |
|---|---|---|
| 86. 1984 | May 04 | Praecipe for witness, filed |
| 87. 1984 | May 04 | Subpoena issued |
| 88. 1984 | May 04 | J378 P794  Entry of rulings on defendant motions, filed, Bruewer, J. |
| 89. 1984 | May 04 | J378 P793  Waiver and election of judge determination of aggravated specification, filed, Bruewer, J. |
| 90. 1984 | May 08 | J378 P909  Jury waiver and election of three judge panel, filed, Bruewer, J. |
| 91. 1984 | May 08 | Praecipe for witness, filed |
| 92. 1984 | May 08 | Subpoena issued |
| 93. 1984 | May 09 | J379 P0007  Motion and entry appointing Vernon Lyons as process server, Moser, J. |
| 94. 1984 | May 09 | J370 P0009  Entry designating three judge panel, Black, J. |
| 95. 1984 | May 09 | Praecipe for witness filed |
| 96. 1984 | May 09 | Subpoena issued |
| 97. 1984 | May 10 | J379 P0060  Motion and entry appointing Vernon Lyons, filed, Bruewer, J. |
| 98. 1984 | May 10 | J379 P0062  Clerk's transcript fee for indigent defendant, filed, issued |
| 99. 1984 | May 10 | J379 P0088  Certificate transportation cost, Bruewer, J. |
| 100. 1984 | May 14 | Return Receipt of:  Mr. Steven Dix  Signed: Bernadine Durley  Date:  5-7-84 |
| 101. 1984 | May 14 | Praecipe for witness filed |
| 102. 1984 | May 14 | Subpoena issued |
| 103. 1984 | May 16 | J379 P260  Entry of findings, guilty (count one) aggravated murder, guilty as to specification I of count one (prior murder) guilty as to specification II (firearm) and guilty as to having weapon under disability (count 2), Bruewer,J, Stitsinger,J, Moser, J. |
| 103A 1984 | Jun 22 | J379 P503  Entry ordering presentence investigation and psychiatric exam for mitigation in imposing death penalty to be provided by 5-24-84, filed, Bruewer, J., Stitsinger, J., Moser, J. |
| 104. 1984 | May 25 | Praecipe for witness, filed |
| 105. 1984 | May 25 | Subpoena issued |
| 106. 1984 | Jun 04 | J379 P828  Judgment conviction entry sentencing defendant to be converyed within 30 days to Southern Ohio Correctional Facility as Lucas Hills and that on the first day of October 1984 defendant shall be electrocuted until dead by the Warden or deputy warden of said faciltiy and further ordered as to sentence upon the second specification a term of actual incarceration of 3 years pursuant Section 2929.71 O.R.C. to served prior and consecutively with any other term of imprisonment imposed herein and further confined at S.O.C.F. for definite term of 1½ yrs. and pay cost, Judge panel |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2159

CASE NO.  CR83-12-0614          -6-          IMAGT          CA89-09-0123

| NO. | DATE OF: | | FINDINGS, JUDGMENTS, ORDERS AND DECREES |
|---|---|---|---|
| 107. | 1984 | Jun 11 | J380 P117  Opinion, filed, Bruewer, J., Stitsinger, J., Moser, J,. |
| 108. | 1984 | Jun 11 | J380 P118  Notice to Supreme Court of Ohio of sentencing as to death penalty imposition, filed, issued to Suprem Court of Ohio and Court of Appeals |
| 109. | 1984 | Jun 12 | J380 P154  Entry appointing Jack Garretson, Attorney filed, Bruewer, J. |
| 110. | 1984 | Jun 12 | J380 P155  Certificate of attorney fees, filed Bruewer, J. |
| 111. | 1984 | Jun 13 | Return Receipt of:  Supreme Court of Ohio Signed:  R. Eaton Date: 6-7-84 |
| 112. | 1984 | Jun 18 | Notice of Appeal, filed, CA84-06-0070 |
| 113. | 1984 | Aug 01 | Motion for transcript at State expense, filed |
| 114. | 1984 | Aug 01 | J383 P0003  Entry ordering transcript at State expense, filed, Bruewer, J. |
| 115. | 1984 | Aug 16 | Motion for stay of execution date, filed |
| 116. | 1984 | Aug 16 | J383 P473  Entry granting stay of execution date, filed, Bruewer, J. |
| | 1984 | Aug 16 | Copy issued to S.O.C.F. record clerk by certified mail and attorneys. |
| | 1984 | Aug 16 | Copy to Court of Appeals, Supreme Court of Ohio by certified |
| | 1984 | Aug 20 | Return Receipt of:  Wallace E. Stein - Record Clerk  Signed:  Wallace E. Stein  Date: 8-17-84 |
| | 1984 | Aug 20 | Return Receipt of:  Thomas L. Startzman Signed:  R. Eaton  Date:  8-17-84 |
| 117. | 1984 | Sep 25 | J383 P840,843  Entry for payment of transcript of trial proceedings, filed, Bruewer, J. |
| 118. | 1984 | Sep 26 | J383 P841,842  Certificate of transcript fee for indigent |
| | 1986 | May 27 | Mandate, filed - CA84-06-0070 |
| 119. | 1986 | May 27 | Separate opinion/2929.05(A), filed |
| 120. | 1988 | Sep 29 | (Sep 14, 1986)  Mandate-remanding |
| 121. | 1988 | Sep 29 | J31 P210,211  Judgment-reversing and remanding death sentence and affirming judgment conviction, Thomas J. Moyer-Chief Justice |
| 122. | 1988 | Sep 29 | Defendant's motion to return defendant for sentencing and memorandum filed |
| 123. | 1988 | Oct 05 | J31 P476  Entry ordering new hearing on 10-14-88 at 9:00 a.m. and ordering release to custody of Butler County Sheriff from Luscasville, OH Penal Institute to attend hearing filed, Moser, J. |
| 124. | 1988 | Nov 04 | J33 P0076  Entry ordering defendant's convey to S.O.C.F., Bruewer, J. |
| 125. | 1989 | Jan 19 | Motion for scheduling of date for sentencing hearing before a three judge panel. |
| 126. | 1989 | Feb 06 | J36 P663  Entry ordering hearing before Judges Bruewer, Stitsinger and Moser, 2-24-89 at 8:45 a.m. |

continued

CASE NO.  CR83-12-0614          -7-          CA89-09-0123

| NO. | DATE OF: | FINDINGS, JUDGMENTS, ORDERS AND DECREES |
|---|---|---|
| 127. | 1989  Feb 10 | J37 P0032-35  Certificate of attorney fees, Bruewer, J. ($2,670.25) |
| 128. | 1989  May 09 | Motion to extend time to file pre-trial motions and motion to continue sentencing mitigation hearing, filed |
|  | 1989  Jun 05 | Notice of hearing date, (Moser, Stitsinger and Bruewer) August 04, 1989 |
| 129. | 1989  Jun 28 | J42 P214  Entry attointing John Garretson; Mike Shanks and Time Evans as counsel, filed Stitsinger, J. |
| 130. | 1989  Jun 29 | Withdrawl of jury waiver |
| 131. | 1989  Jun 29 | Motion for life sentence, filed. |
| 132. | 1989  Jun 29 | Motion to withdraw jury waiver |
| 133. | 1989  Jul 21 | Motion to strike defendant's withdrawl of jury waiver and memorandum |
| 134. | 1989  Jul 21 | Motion for further psychological evaluation, appointment of a social worker to prepare a social history and for payment of extra-ordinary expenses for said experts |
| 135. | 1989  Jul 21 | Motion to prohibit three judge panel from resentencing to death and motion to disqualify panel |
|  | 1989  Jul 25 | Return Receipt on subpoena for: Sgt. Gordy Pull-man  Signed:  Gordy Pullman Date: 7-21-89 |
|  | 1989  Jul 25 | Return Receipt on subpoena for: Oscar McGraw Signed:  Oscar McGraw  Date:  7-21-89 |
|  | 1989  Jul 25 | Return Receipt on subpoena:  Herb Wendler Signed: Erwin Wendler  Date:  7-25-89 |
| 136. | 1989  Jul 24 | J43 P534  Order-transport to hearing (on remand) Bruewer, J. |
| 137. | 1989  Jul 24 | Motion to renew tretrial motions |
| 138. | 1989  Jul 24 | Motion to permit defense to admit all relevant evidence at the sentencing pleas |
| 139. | 1989  Jul 26 | Memorandum in opposition to motion to prohibit three judge panel from re-sentencing to death and disqualify panel |
| 140. | 1989  Jul 26 | J43 P664  Entry appointing Judge Bruewer to serve in the gereral division (trial division) in accordance with Rules of Court, Stitsinger, J. |
| 141. | 1989  Aug 01 | J44 P0031  Entry as to motions heard 7-21-89, filed, Bruewer,J., Stitsinger, J., Moser, J. |
|  | 1989  Aug 04 | Return Receipt: Capt. Oscar McGraw  Signed: Oscar McGraw  Date:  7-27-89 |
|  | 1989  Aug 04 | Return Receipt:  Herb Wendler  Signed: Erwin Wendler  Date:  7-27-89 |
|  | 1989  Aug 04 | Return Receipt: Sgt. Gordy Signed: Gordon Pullman  Date:  7-27-89 |
| 142. | 1989  Aug 07 | J44 P230  Judgment Conviction entry-findings that affravating circumstances outweigh the mitigating factor by a proof beyond a reasonable doubt and sentence-to death(count one) and; order to the clerk to issued writ, Judge panel |

CASE NO.  CR83-12-0614          -8-                    CA89-09-0123

NO.  DATE OF:        FINDINGS, JUDGMENTS, ORDERS AND DECREES

143. 1989  Aug 10  Opinion - J44 P388  (Finding that mitigating
                   factors outweighed by the circumstances).
144. 1989  Sep 06  Notice of Appeal - CA89-09-0123

                                              COMPLETE

```
                    COMMON PLEAS Court of Butler County, OHIO
CR83 12 0614                                                            (Page  1)
                    CRIMINAL APPEARANCE AND EXECUTION DOCKET

=================================================================================
      TITLE OF CASE     |        ATTORNEYS          |     STATE OF OHIO
=============================================+===================================
                        | DANIEL G. EICHEL          |    COMMON PLEAS    Court
     STATE OF OHIO      |                           | Butler County   , ss.
          VS            |                           | Information for:
VON CLARK DAVIS         | J.BOUR-STOKES/L.PRUCHA    | AGGRAVATED MURDER
                        | SUPREME CT # 90-2524      | Found and Filed 12/22/1983
                        |       Judge               |    Comments
                        | MATTHEW J. CREHAN         | CA84060071/CA89090123
                        |                           | CA95 07 0124
=================================================================================
|    Pleadings Filed, Writs Issued, Writs Returned and Copies of Return          |
+===============================================================================+
|       Transcript filed from :                                                 |
|                              SPECFN,                                          |
|       Charged with          :                                                 |
|       Arrest or served date :                                                 |
|       Bond amount set at    :         $0.00                                   |
|       Municipal court fees  :         $0.00                                   |
|       Constable fees        :         $0.00                                   |
|       Witness fees          :         $0.00                                   |
=================================================================================
Date of | Page |    Findings, Judgments, Orders and Decrees    |
========+======+================================================+==============+
05/27/86|      | MEMO :NUNC PRO TUNC ENTRY TO THIS DATE FILED 5/7/90|
04/10/90|      | PLEASE SEE DOCKET FOR PREVIOUS FILINGS         |
05/07/90| 0145 | APPOINTMENT OF ATTORNEY FOR INDIGENT DEFENDANT |       2.00
        |      | (NUNC PRO TUNC 5/27/86),BRUEWER,J.             |
        |      |                     Journal 00026   Page 00042|
10/29/90| 0146 | MANDATE FILED AFFIRMING CA89 09 0123           |       2.00
03/30/92| 0147 | [ Clerk's memo ] : SUPREME CT.OH  upheld (affirmed|
        |      | 12th District Decision) for DEATH PENALTY      |
        |      | CA89 09 0123                                   |
        |      | S.C.OH.# 90-2524                               |
03/31/92| 0148 | [ Clerk's memo ] :                             |
        |      | COPY OF SUPREME CT OF OH MANDATE AFIRMING &    |
        |      | UPHOLDING DEATH PENALTY FILED,                 |
        |      | COPIES TO Grace White for issuance of Death Warrant|
        |      | & certified copy of Mandate to institution/   |
        |      | &                                              |
        |      | copy to trial court file/CA-Midd & Moser,J    |
04/08/92|      | ALL PAPERS RETURN FROM SUPREME COURT OF OH     |
05/19/92|      | [ Clerk's memo ] : DATE OF SCHEDULED EXECUTION |
10/08/93| 0149 | EVIDENTIARY HERING REQUSTED ; PETITION TO VACATE OR|
        |      | SET ASIDE SENTENCE: R.C. 2953.21 FILED BY ATTY |
        |      | JOANN BOUR-STOKES & LINDA E  PRUCHA FOR DEFENDANT|
10/08/93| 0150 | EVIDENTIARY HEARING REQUESTED; PETITION TO VACATE|
        |      | OR SET ASIDE SENTENCE; R.C.2953.21 FILED BY ATTY|
        |      | JOANN BOUR-STOKES/LINDA E PRUCHA FOR DEFENDANT |
        |      | (EXHIBITS ATTACHED)                            |
10/18/93| 0151 | ASSIGNMENT OF JUDGE CREHAN FROM JUDGE MOSER FILED|
```

```
                    COMMON PLEAS Court of Butler County, OHIO
CR83 12 0614                                                        (Page  2)
                    CRIMINAL APPEARANCE AND EXECUTION DOCKET
```

| TITLE OF CASE | ATTORNEYS | STATE OF OHIO |
|---|---|---|
| STATE OF OHIO<br>VS<br>VON CLARK DAVIS | DANIEL G. EICHEL<br><br>J.BOUR-STOKES/L.PRUCHA<br>SUPREME CT # 90-2524<br>Judge<br>MATTHEW J. CREHAN | COMMON PLEAS    Court<br>Butler County    , ss.<br>Information for:<br>AGGRAVATED MURDER<br>Found and Filed 12/22/1983<br>Comments<br>CA84060071/CA89090123<br>CA95 07 0124 |

| Date of | Page | Findings, Judgments, Orders and Decrees | |
|---|---|---|---|
| | | (Con't from previous page)<br>ELLIOTT,J | |
| | | Journal 00311   Page 00576 | |
| 10/18/93 | 0152 | ANSWER AND MOTION TO DISMISS DEFT'S PETITION FOR<br>POSTCONVICTION RELIEF FILED | |
| 10/20/93 | 0153 | DEFT'S MOTION FOR JUDGE MOSER TO RECUSE HIMSELF<br>FILED | |
| 03/14/94 | 0154 | ORDER SETTING CONFERENCE FOR 3/30/94 AT 4:00PM<br>FILED CREHAN,J | 2.00 |
| | | Journal 00349   Page 00573 | |
| 03/30/94 | 0155 | STATE'S MOTION FOR LEAVE TO FILE ADDITIONAL PAGE OF<br>THE STATE'S MEMORANDUM IN SUPPORT OF MOTION TO<br>DIMISS FILED/DAN EICHEL,ATTY | |
| 04/04/94 | 0156 | JOURNAL ENTRY SETTING DATE FOR ORAL ARGUMENT SET:<br>6/24/94 9:00 AM FILED CREHAN,J | 4.00 |
| | | Journal 00355   Page 00559 | |
| 04/07/94 | 0157 | AMENDED ENTRY SETTING DATE FOR ORAL ARGUMENT FILED<br>CREHAN,J | 4.00 |
| | | Journal 00356   Page 00637 | |
| 04/11/94 | 0158 | DEFT'S MOTION TO STRIKE AND MEMORANDUM FILED/JOANN<br>BOUR-STOKES AND L PRUCHA,ATTYS | |
| 04/12/94 | 0159 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO<br>STRIKE FILED BY ATTY DAN EICHEL | |
| 07/12/94 | 0160 | SUPPLEMENTAL MEMORANDUM FILED | |
| 11/01/94 | 0161 | ENTRY RE: DEFTS MOTION FOR POST CONVICTION<br>RELIEF;MOTION TO STRIKE AND SETTING DATE FOR<br>EVIDENTIARY HEARING 11/23/94 FILED,CREHAN,J (DAVIS) | 16.00 |
| | | Journal 00411   Page 00508 | |
| 11/16/94 | 0162 | HEARING ON PETITION FOR POST-CONVICTION RELIEF SET<br>12-20-94 1:15 FILED ASSIGNMENT COMMISSIONER CINDY<br>BAKER | |
| 12/05/94 | 0163 | DEFENDANT'S FIRST SET OF INTERROGATORIES TO<br>PLAINTIFF FILED JOANN M JOLSTAD, LINDA E PRUCHA OH<br>PUBLIC DEFENDER | |
| 12/05/94 | 0164 | MOTION TO SECURE ATTENDANCE OF VON CLARK DAVIS AT<br>POST-CONVICITON EVIDENTIARY HEARING FILED JOANN M<br>JOLSTAD, OH PUBLIC DEFENDER FOR VON CLARK DAVIS | |
| 12/05/94 | | PRECIPE FILED SUBPOENA ISSUED TO HON. JOHN R. | 4.00 |

```
                   COMMON PLEAS Court of Butler County, OHIO
CR83 12 0614                                                         (Page  3)
                   CRIMINAL APPEARANCE AND EXECUTION DOCKET
```

========================================================================
```
     TITLE OF CASE        |      ATTORNEYS        |  STATE OF OHIO
```
========================================================================
```
                          | DANIEL G. EICHEL      |    COMMON PLEAS    Court
     STATE OF OHIO        |                       | Butler County    , ss.
          VS              |                       | Information for:
 VON CLARK DAVIS          | J.BOUR-STOKES/L.PRUCHA| AGGRAVATED MURDER
                          | SUPREME CT # 90-2524  | Found and Filed 12/22/1983
                          |       Judge           |       Comments
                          | MATTHEW J. CREHAN     | CA84060071/CA89090123
                          |                       | CA95 07 0124
```
========================================================================
```
 Date of | Page |     Findings, Judgments, Orders and Decrees        |
```
========================================================================
```
              |      | (Con't from previous page)
              |      | MOSER, HON. WILLIAM R. STITSINGER ON DECEMBER 5,
              |      | 1994 BY JOHN F. HOLCOMB, PROS. ATTY.
 12/07/94     | 0165 | ORDER: WARRANT TO CONVEY PRISONER FOR POST         |  2.00
              |      | CONVICTION HEARING R.C. 2953.22 FILED SAGE,J FOR
              |      | CREHAN,J  (VON CLARK DAVIS)
              |      |                    Journal 00420   Page 00688
 12/09/94     |      | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON.
              |      | JOHN R. MOSER ON DECEMBER 9, 1994 BY JIM FARQUIS,
              |      | PROCESS SERVER
 12/14/94     | 0166 | ORDER VACATING WARRANT TO CONVEY PRISONER AND      |  2.00
              |      | RESCHEDULING HEARING DATE UNTIL 1-11-95 10L00AM
              |      | FILED CREHAN,J
              |      |                    Journal 00422   Page 00343
 01/05/95     | 0167 | ORDER: warrant to convey prisoner for              |  2.00
              |      | postconviction hearing filed  SAGE,J FOR MATTHEW J
              |      | CREHAN  (VON CLARK DAVIS)
              |      |                    Journal 00428   Page 00629
 01/06/95     |      | PRECIPE FILED SUBPOENA ISSUED TO HON. WILLIAM R.   |  4.00
              |      | STITSINGER, HON. JOHN R. MOSER ON JANUARY 6, 1995
              |      | BY JOHN F. HOLCOMB, ATTY.
 01/06/95     |      | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON
              |      | WILLIAM R. STITSINGER ON JANUARY 6, 1995 BY PROCESS
              |      | SERVER
 01/06/95     |      | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON.
              |      | JOHN R. MOSER ON JANUARY 6, 1995 BY PROCESS SERVER
 01/12/95     | 0168 | JOURNAL ENTRY : ORDER TO RETURN DEFENDANT TO       |  2.00
              |      | SOUTHERN OH CORRECTIONAL FACILITY FILED CREHAN,J
              |      |                    Journal 00430   Page 00259
 01/25/95     | 0169 | JOURNAL ENTRY STATEMENT FROM SHIRLEY ROESCH TO     |  2.00
              |      | PROSECUTOR'S OFFICE $72.50 FILED CREHAN,J
              |      |                    Journal 00433   Page 00196
 01/25/95     | 0170 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr |  2.00
              |      | SHIRLEY ROESCH $72.50 FILED CREHAN,J
              |      |                    Journal 00433   Page 00197
 01/30/95     | 0171 | *TRANSCRIPT OF POST CONVICTION RELIEF HEARING FILED
              |      | SHIRLEY ROESCH,COURT REPORTER
 01/30/95     | 0172 | EXHIBIT FILED BY COURT REPORTER SHIRLEY ROESCH
```

```
                    COMMON PLEAS Court of Butler County, OHIO
CR83 12 0614                                                        (Page  4)
                    CRIMINAL APPEARANCE AND EXECUTION DOCKET         IMAGED
```

| TITLE OF CASE | ATTORNEYS | STATE OF OHIO |
|---|---|---|
| STATE OF OHIO<br>VS<br>VON CLARK DAVIS | DANIEL G. EICHEL<br><br>J.BOUR-STOKES/L.PRUCHA<br>SUPREME CT # 90-2524<br>Judge<br>MATTHEW J. CREHAN | COMMON PLEAS   Court<br>Butler County   , ss.<br>Information for:<br>AGGRAVATED MURDER<br>Found and Filed 12/22/1983<br>Comments<br>CA84060071/CA89090123<br>CA95 07 0124 |

| Date of | Page | Findings, Judgments, Orders and Decrees | |
|---|---|---|---|
| 01/30/95 | 0173 | CERTIFICATE \ TRANSCRIPT FEES ,filed (amount<br>+$2.in line 3) (certifed copies>Auditor) $217.50 TO<br>SHIRLEY ROESCH,COURT REPORTER FILED CREHAN,J<br>                     Journal 00434    Page 00101 | 2.00 |
| 01/30/95 | 0174 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr<br>$217.50 TO SHIRELEY ROESCH,COURT REPORTER FILED<br>CREHAN,J<br>                     Journal 00434    Page 00102 | 2.00 |
| 02/21/95<br>02/22/95<br><br>02/28/95 | 0175 | POST EVIDENTIARY HEARING BRIEF FILED<br>SHERIFFS RETURN OF PERSONAL SERVICE OF ENTRY UPON:<br>VON CLARK DAVIS   DATE:   01-10-95 BY BCSD<br>SHERIFFS RETURN OF PERSONAL SERVICE OF ENTRY UPON:<br>VON CLARK DAVIS   DATE:   02-11-95 BY BCSD   (PER JAIL<br>ALREADY) | 60.45 |
| 03/02/95<br>03/15/95 | 0176<br>0177 | STATE'S MEMORANDUM IN RESPONSE FILED<br>POST-EVIDENTIARY HEARING REPLY BRIEF FILED JOANN<br>JOLSTAD, LINDA E PRUCHA, ATTYS FOR VON CLARK DAVIS | |
| 06/30/95 | 0178 | FINAL APPEALABLE ORDER   DISMISSAL ENTRY;<br>PETITIONER'S PETITION FOR A HEARING IS DENIED AND<br>THE MOTION OF THE STATE OF OHIO TO DISMISS THE<br>PETITION FOR POST-CONVICTION RELIEF IS GRANTED<br>FILED CREHAN,J<br>                     Journal 00480    Page 00581 | |
| 07/31/95 | 0179 | NOTICE OF APPEAL FILED/CA95 07 0124<br>cc:CA-Midd;Judge;CDS>file & by mail>attys\parties<br>indicated as of record BY LINDA E PRUCHA & TRACEY<br>LEONARD,ASST ST PUBLIC DEFENDER,ATTYS | 25.00 |
| | | TOTAL | 139.45 |

CA95-07-0124

FILED

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO
CLERK OF COURTS

IMAGED

STATE OF OHIO,                    :

    Respondent-Appellee,          :

                        FILED in Court of Appeals
                        BUTLER COUNTY OHIO

-vs-                              :   Case No. CR 83-12-0614 and
                        AUG 8 1996          21655

VON CLARK DAVIS,                  :   T. MARK BADEN
                        CLERK OF CLERK
    Petitioner-Appellant.         :

### MOTION TO FILE BRIEF IN EXCESS
### OF TWENTY PAGES

Now comes Appellant Von Clark Davis, through counsel, and moves this Court pursuant

to Loc. R. 11 (A) (3) for leave to file a brief in excess of twenty (20) pages. The reasons for this

request are explained in the attached memorandum.

Respectfully submitted,

TRACEY A. LEONARD - 0064013
Assistant State Public Defender

LINDA PRUCHA - 0040689
Assistant State Public Defender

Ohio Public Defender Commission
8 East Long Street - 11th Floor
Columbus, Ohio 43215-2998
(614) 466-5394

COUNSEL FOR APPELLANT

IMAGED

## MEMORANDUM IN SUPPORT

Appellant Von Clark Davis was convicted of Aggravated Murder with a death penalty specification. On May 29, 1984, a three-judge panel sentenced Von Clark Davis to die in the electric chair. The Ohio Supreme Court affirmed Mr. Davis' conviction but vacated the death sentence on September 14, 1988. The Court held that the trial court committed reversible error when it allowed non-statutory aggravating circumstances to enter into the weighing process. On August 4, 1989, the same three-judge panel again sentenced Mr. Davis to die.

On October 8, 1993, Mr. Davis filed his Petition to Vacate and/or Set Aside Sentence pursuant to R.C. § 2953.21, in the Butler County Court of Common Pleas. On January 11, 1995, a hearing was held on only one cause of action, out of the total twenty-eight (28) causes of action set forth in the petition; and the court affirmed the sentence in a decision which Mr. Davis now appeals.

The United States Supreme Court has consistently recognized that death is qualitatively different from all other punishments in its finality. Lankford v. Idaho, 500 U.S. 110, 125-26 (1991); Caldwell v. Mississippi, 472 U.S. 320, 323 (1985); Beck v. Alabama, 447 U.S. 625, 637-38 (1980); Gardner v. Florida, 430 U.S. 349, 357 (1977); Woodson v. North Carolina, 428 U.S. 280, 305 (1976). "Because of that qualitative difference, there is a corresponding difference in the need for reliability in the determination that death is the appropriate punishment in a specific case." Woodson, 428 U.S. at 305. To insure the reliability of his sentence, it is crucial that Mr. Davis receive a complete review of his case.

Counsel for Appellant Davis cannot effectively, fully and fairly, raise and argue all of the appellate issues within the twenty-page limit imposed by Loc. R. 11 (A)(3). Von Clark Davis'

post-conviction petition contained twenty-eight (28) causes of action spanning one-hundred and thirty pages (130) and supported by twenty-four (24) exhibits. Additionally, the record of Mr. Davis' post-conviction proceedings before the Butler County Common Pleas Court contains issues that must be briefed and raised before this court. Counsel estimates that one-hundred fifty (150) pages will be needed to adequately raise and preserve all of the issues which arose in this capital case.

Furthermore, in order to be effective, Mr. Davis' counsel must be cognizant of the prerequisites for federal habeas corpus review should the state courts deny relief. Among the prerequisites, the paramount concern is the doctrine of exhaustion. In deference to state courts, federal courts will not review a claim if a state court has not first "had an opportunity to pass upon the matter." Rose v. Lundy, 455 U.S. 509, 518 (1982); Granberry v. Green, 481 U.S. 129 (1987). In order to exhaust a claim, the petitioner must apprise the state courts of both the facts and the legal theory on which the claim is based. Picard v. Connor, 404 U.S. 270, 275 (1971); Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). Failure to exhaust one claim could result in the federal court refusing to review the entire petition. Rose, 455 U.S. 509. In an effort to forestall delays caused by a failure to exhaust state remedies should habeas relief become necessary, counsel for Appellant Davis requires one-hundred and fifty (150) pages to preserve all of his claims for relief, and to give this Court the first opportunity to fully and fairly review them.

The finality of the death penalty mandates exceptional vigilance, not only by Appellant's counsel, but also by the state courts. Both constitutional concerns and fundamental fairness

IMAGED

dictate that Mr. Davis be permitted to brief all matters which arose in this case in his post-conviction appellate brief.

Wherefore, Von Clark Davis respectfully requests this Court to grant him leave to file a one-hundred and fifty (150) page brief.

Respectfully submitted,

TRACEY A. LEONARD - 0064013
Assistant State Public Defender

LINDA PRUCHA - 0040689
Assistant State Public Defender

Ohio Public Defender Commission
8 East Long Street - 11th Floor
Columbus, Ohio 43215-2998
(614) 466-5394

COUNSEL FOR APPELLANT

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing MOTION TO FILE BRIEF IN EXCESS OF TWENTY PAGES was forwarded by regular U.S. Mail to John F. Holcomb, Prosecuting Attorney, Butler County, Courthouse, Hamilton, Ohio 45011 on this ___ day of August, 1995.

TRACEY A. LEONARD - 0064013
Assistant State Public Defender

COUNSEL FOR APPELLANT

TWELFTH APPELLATE DISTRICT

_Butler_ COUNTY

4

State of Ohio :

Plaintiff-Appellant

vs.

Von Clark Davis

Defendant-Appellee

FILED

'95 AUG 16 AM 11 01

App. Case No. _CA95-04-0124_

: Trial Court Case No. _CR83-12-0614_
CLERK OF COURTS

: Date _8-10-95_

:

IMAGED

* * * * * * * *

Rule 11(B) Notification

Record for Appeal is Complete

* * * * * * * *

**FILED in Court of Appeals**
BUTLER COUNTY OHIO

AUG 1 0 1995

T. MARK BADEN
CLERK

TO: Court of appeals & all attorney's listed

Pursuant to App. R. 11(B), you are hereby notified that the record for appeal in the above case is complete. Please refer to the scheduling order issued by the court to determine the dates when briefs are to be filed.

Sincerely,

Mark Baden

Clerk of Courts
By:

Carolyn Johnso

Deputy Clerk of Courts

Docket and Journal Entries filed _____ 8-2-95

Transcript of Proceedings or Loc. R. 5 Notice filed _____

cc: Court of Appeals

IN THE COURT OF APPEALS OF BUTLER COUNTY, OHIO

IMAGED

STATE OF OHIO,          FILED      *

      Appellee, 95 AUG 11 PM 4 49

                      CASE NO:    CA95-07-124

vs.          T. MARK BADENS *

VON CLARK DAVIS, CLERK OF COURTS  NOTICE OF REQUIREMENTS
                         OF LOCAL APP.R. 12(A).

      Appellant.

  *    *    *    *    *    *    *    *    *    *    *    *

      Upon consideration of the pendency of the within appeal, it

is hereby ORDERED that <u>oral argument shall not be heard</u> in the

above-captioned matter <u>unless</u>, pursuant to Local App.R. 12(A), a

request for oral argument is <u>filed in the clerk's office</u> by the

time the appellant's reply brief is due for filing.  Unless such

request is made, the above-captioned appeal shall be submitted

to the court without oral argument at the court's convenience,

and <u>without prior notice</u> to counsel.  If said request is made,

counsel shall be duly notified by the court of the time and lo-

cation of oral argument.

      IT IS SO ORDERED.

                        _____

                        James E. Walsh, Presiding Judge

<u>To the Clerk</u>:

Please send copies of this notice to those individuals listed on
the scheduling order.

J 493 P 550

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2172

IMAGED

IN THE COURT OF APPEALS OF BUTLER COUNTY, OHIO

STATE OF OHIO,                    *     CASE NO:  CA95-07-124

  Appellee,                             FILED

vs.                               *     SCHEDULING ORDER.

VON CLARK DAVIS,                        CT. MARK BADEN
                                        CLERK OF COURTS
  Appellant.

        *   *   *   *   *   *   *   *   *   *   *   *

Upon consideration of the pendency of the within appeal:

IT IS HEREBY ORDERED that the TRANSCRIPT OF DOCKET AND JOURNAL
ENTRIES shall be filed by the trial court clerk of courts with
the Appellate Clerk at the **Butler** County Clerk of Courts
within **40** days of the filing of the notice of appeal.

IT IS FURTHER ORDERED that the TRANSCRIPT OF PROCEEDINGS (or,
if applicable, Statement of the Evidence, Statement of the
Proceedings, or Agreed Statement of the Case as allowed by
Appellate Rule 9) shall be filed with the County Clerk of
Courts no later than **N/A**. If a transcript of proceedings,
statement of the evidence, statement of the proceedings, or
agreed statement of the case is not to be filed, then a NOTICE
OF LOCAL APPELLATE RULE 5 shall be filed with the County Clerk
of Courts within **30** days of the filing of the notice of
appeal.

IT IS FURTHER ORDERED that after the TRANSCRIPT OF DOCKET AND
JOURNAL ENTRIES and either the TRANSCRIPT OF PROCEEDINGS,
STATEMENT OF THE EVIDENCE, STATEMENT OF THE PROCEEDINGS,
AGREED STATEMENT OF THE CASE or NOTICE OF LOCAL APPELLATE RULE
5 have been filed, the record shall be considered filed and
the County Clerk of Courts shall issue a notice pursuant to
App.R. 11(B) to all counsel of record indicating that the
record is filed.

IT IS FURTHER ORDERED that the APPELLANT'S BRIEF shall be
filed with the County Clerk of Courts and served upon the
appellee or opposing counsel on or before **September 19, 1995**.

J 493 P548

IMAGED

Butler -124
Crehan, J.

IT IS FURTHER ORDERED that the APPELLEE'S BRIEF shall be filed
with the County Clerk of Courts and served upon the appellant
or opposing counsel within __40__ days of the filing of appel-
lant's brief.

IT IS FURTHER ORDERED that the APPELLANT'S REPLY BRIEF shall
be filed with the County Clerk of Courts and served upon the
appellee or opposing counsel within __10__ days of the filing of
the appellee's brief.

IT IS FURTHER ORDERED that NO EXTENSION OF TIME WILL BE
GRANTED in the filing of any of the above-noted items except
upon the demonstration of good cause.

IT IS FURTHER ORDERED that any failure to comply with the time
requirements of this order may result in the sua sponte dis-
missal of the appeal or the striking of a brief.

IT IS SO ORDERED.

_____
James E. Walsh, Presiding Judge

To Clerk:

Copies of this scheduling order shall be sent to the following
individuals:

John Holcomb
216 Society Bank Bldg.
Ham., OH 45011

Linda E. Prucha
Tracey Leonard
Ohio Public Defender Commission
8 E. Long St., 11th Fl.
Col., OH 43266-0587

J-493P 549

IMAGED

IN THE COURT OF APPEALS FOR BUTLER COUNTY, OHIO

FILED

STATE OF OHIO,

·95 AUG 17 PM 5 39

Respondent-Appellee,

T. MARK BADEN  NO. CA95-07-124
CLERK OF COURTS
ENTRY

-vs-

FILED in Court of Appeals
BUTLER COUNTY OHIO

VON CLARK DAVIS,

Petitioner-Appellant.

AUG 1 7 1995

T. MARK BADEN
CLERK

The above cause is before the court upon motion of counsel for appellant, Von Clark Davis, requesting leave to file a brief in excess of this court's twenty (20) page limitation as set forth in Local App.R. 11(A)(3).

Upon due consideration of the foregoing and for good cause shown, IT IS HEREBY ORDERED that said motion is GRANTED allowing appellant to file a brief thirty (30) pages in excess of this court's twenty (20) page limitation. Appellant's brief shall not exceed fifty (50) pages in length.

IT IS SO ORDERED.

_____
William W. Young
Administrative Judge

J 495 P 247

IMAGED

FILED

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,                          )

    Plaintiff-Appellee,                 )

-vs-                                    )   Case No. CA95-07-124

VON CLARK DAVIS,

    Defendant-Appellant.

FILED In Court of Appeals
BUTLER COUNTY OHIO

SEP 12 1995

T. MARK BADEN
CLERK

## MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF

Counsel respectfully requests leave of this Court for an extension of time in which to file Appellant's Brief on the Merits to October 19, 1995. Appellant's brief is currently due on September 19, 1995. The reasons for this request are more fully set forth in the attached Memorandum.

Respectfully submitted,

LINDA E. PRUCHA - 0040689
Assistant State Public Defender

TRACEY A. LEONARD - 0064013
Assistant State Public Defender

Ohio Public Defender Commission
8 East Long Street - 11th Floor
Columbus, Ohio 43266-0587
(614) 466-5394

COUNSEL FOR DEFENDANT-APPELLANT

## MEMORANDUM IN SUPPORT

Von Clark Davis was indicted for aggravated murder with a death penalty specification. He was sentenced to death. His case is presently being appealed to this Court from a denial of post-conviction relief in the Butler County Common Pleas Court. His merit brief is currently due September 19, 1995. Due to counsel's commitments in other cases before other courts (see Exhibits A and B), an extension of time is necessary to prepare an appeal commensurate with the scope and severity of this case. For this reason, counsel requests an extension of time to file Appellant's Merit Brief until October 19, 1995.

Indigent appellants are entitled to be provided with counsel to present an appeal of right. Douglas v. California, 372 U.S. 353 (1963). Appellate counsel must perform in the role of a zealous advocate, as opposed to that of amicus curiae, Ellis v. United States, 356 U.S. 674 (1958). Appellant is guaranteed the right to effective assistance of counsel on appeal. Evitts v. Lucey, 469 U.S. 387, 105 S. Ct. 830 (1985), rehearing denied (1985), 105 S. Ct. 1783.

It is axiomatic that counsel cannot be an advocate on appeal if he does not file a brief. It is the primary vehicle by which the defendant's claims of error are presented to the appellate court. Thus, "a brief is a necessity." R. Stern, Appellate Practice in the United States (1981), Section 7.2 at 210 (quoting Judge Charles E. Clark of the Second Circuit).

> There must be a brief, to summarize the evidence, to set out the record references, to collect citations, to discuss the authorities - to do all that oral argument cannot do and at the same time to buttress and support and substantiate the impression made by oral argument.

Id. at 210-211 (quoting F. Wiener, Briefing and Arguing Federal Appeals (1967), 32).

IMAGED

In <u>Mylar v. Alabama</u>, 671 F.2d 1299 (11th Cir. 1982), <u>cert. denied</u> 463 US. 1229 (1983),

the Eleventh Circuit stated the importance of appellate counsel's advocacy in a brief:

> As an active advocate, appellate counsel is duty bound to affirmatively promote his client's position before the court. Such a duty not only requires counsel to inform the court of errors committed at trial but additionally mandates that counsel provides legal citations and reasoning to support any claim for relief. Unquestionably a brief containing legal authority and analysis assists an appellate court in providing a more thorough deliberation of an appellant's case.

<u>Id.</u> at 1301.

The necessity for Appellant's counsel to file a brief in this post-conviction appeal is crucial because Appellant's case is a capital case. Accordingly, counsel must be given sufficient time to prepare a quality brief.

WHEREFORE, an extension of time is respectfully requested until October 19, 1995 to file the Appellant's Merit Brief in this case.

Respectfully submitted,

LINDA E. PRUCHA - 0040689
Assistant State Public Defender

TRACEY A. LEONARD - 0064013
Assistant State Public Defender

Ohio Public Defender Commission
8 East Long Street - 11th Floor
Columbus, Ohio  43266-0587
(614) 466-5394

COUNSEL FOR DEFENDANT-APPELLANT

IMAGED

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing MOTION FOR EXTENSION OF TIME

TO FILE APPELLANT'S BRIEF was forwarded by regular U.S. Mail to John F. Holcomb,

Prosecuting Attorney, Courthouse, Hamilton, Ohio 45011 on this day of September,

1995.

COUNSEL FOR APPELLANT

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2179

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

    Respondent-Appellee,                :

-vs-                                    :    Case No.: CA95-07-0124

VON CLARK DAVIS,                        :

    Petitioner-Appellant.               :

## EXHIBIT "A"

### AFFIDAVIT IN SUPPORT OF APPELLANT'S
### MOTION FOR EXTENSION OF TIME

IN THE STATE OF OHIO  )
                      )   SS:
COUNTY OF FRANKLIN  )

    I, Tracey A. Leonard, after being duly sworn according to law, state as follows:

    1)    I am an attorney licensed to practice law in the State of Ohio.

    2)    I began working at the Ohio Public Defender Commission as an Assistant State

Public Defender May 8, 1995.

    3)    I am currently assigned to State v. Von Clark Davis.

    4)    My case load consists exclusively of capital cases.

    5)    Since beginning work with the Ohio Public Defender Commission, I have had to

read the entire record of the above titled case, in addition to the following two cases to which I

have been assigned: State v. Moreland, Montgomery County, Case No. 85-CR-2117; and State v.

Williams, Ohio Supreme Court; Case No. 93-007.

6) I have also been assisting counsel with the case <u>State v. Brewer</u>, Greene County, Case No. 85-CR-71.

7) Since the Scheduling Order was received in the above titled case, I have had a prior commitment in the following case: <u>State v. Williams</u>, Ohio Supreme Court; Case No. 93-007, Motion for Reconsideration filed August 28, 1995.

8) The circumstances above have precluded me from devoting most of my time to work on Mr. Davis' case.

9) An extension of time is necessary to provide Mr. Davis effective representation in his capital post-conviction appeal.

10) This motion is not being filed for the purposes of delay.

Further Affiant saith naught.

_____
TRACEY A. LEONARD
Assistant State Public Defender

Sworn and subscribed to me this the __11th__ day of September 1995.

**TAMARA A. BEAL**
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES 2/16/98

_____
NOTARY PUBLIC

#13562v1

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,                                    )

    Plaintiff-Appellee,                       )

-vs-                                              )   Case No. CA95-07-124

VON CLARK DAVIS,                                  )

    Defendant-Appellant.                      )

## EXHIBIT "B"

### AFFIDAVIT IN SUPPORT OF APPELLANT'S MOTION FOR EXTENSION OF TIME

IN THE STATE OF OHIO,            )
                                 )  ss:
COUNTY OF FRANKLIN,              )

I, Linda E. Prucha, after being duly sworn according to law, state as follows:

1)    I am an attorney licensed to practice law in the State of Ohio.

2)    I am an Assistant State Public Defender at the Ohio Public Defender Commission.

3)    I am currently assigned to State v. Von Clark Davis.

4)    My case load consists exclusively of capital cases.

5)    Since the record was filed in the above entitled case, I have had the following

prior commitments in the following cases that have precluded work on Mr. Davis' case.

        a)    Combs v. Anderson, United States District Court Case No.
            C1-95-733, federal habeas petition filed August 30, 1995.

        b)    Bedford v. Collins, United States District Court Case No.
            C1-92-547, Traverse in Response to Respondent's Return
            of Writ due.

6)  An extension of time is necessary to provide Mr. Davis effective representation in

his capital appeal.

7)  This Motion is not being filed for the purpose of delay.

Further affiant sayeth naught.

LINDA E. PRUCHA

Sworn and subscribed to me this the __/ /__ day of September, 1995.

NOTARY PUBLIC

13642/gg

KATHLEEN A. McGARRY, Esc.
NOTARY PUBLIC - STATE OF OHIO
My Commission Has No Expiration date
R.C. 147.03

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2184



**FedEx** Federal Express

**RECIPIENT'S COPY**
QUESTIONS? CALL 800-238-5355 TOLL FREE.

IMAGED

**AIRBILL**
PACKAGE TRACKING NUMBER
5399356211

5399356211

Date 9/11/95

From (Your Name) Please Print
Linda E. Prucha

Your Phone Number (Very Important)
(614)466-5394

To (Recipient's Name) Please Print
Clerk of Courts

Company
OHIO PUBLIC DEFENDERS OFFICE

Company
Butler County Court of Appeals

Street Address
N ST 11TH FL

Exact Street Address (We Cannot Deliver to P.O. Boxes or P.O. Zip Codes.)
Courthouse

City          State   ZIP Required
COLUMBUS      OH      43215

City        State   ZIP Required
Hamilton    OH      45011

YOUR INTERNAL BILLING REFERENCE INFORMATION (optional) (First 24 characters will appear on invoice.)

IF HOLD AT FEDEX LOCATION, Print FEDEX Address Here
Street Address

PAYMENT  1 Bill Sender  2 Bill Recipient's FedEx Acct. No.  3 Bill 3rd Party FedEx Acct. No.  4 Bill Credit Card  5 Cash/Check

City        State   ZIP Required

**SERVICES** (Check only one box)

**DELIVERY AND SPECIAL HANDLING** (Check services required)

Emp. No.      Date      Federal Express Use

Priority Overnight    Standard Overnight
11 OTHER PACKAGING    51 OTHER PACKAGING
16 FEDEX LETTER    56 FEDEX LETTER
12 FEDEX PAK    52 FEDEX PAK
13 FEDEX BOX    53 FEDEX BOX
14 FEDEX TUBE    54 FEDEX TUBE

Economy Two-Day    Government Overnight
30 ECONOMY    46 GOVT LETTER
41 GOVT PACKAGE

Freight Service
70 OVERNIGHT FREIGHT    80 TWO-DAY FREIGHT

Weekday Service
1 HOLD AT FEDEX LOCATION WEEKDAY (Fill in Section H)
2 DELIVER WEEKDAY

Saturday Service
31 HOLD AT FEDEX LOCATION SATURDAY (Fill in Section H)
3 DELIVER SATURDAY
9 SATURDAY PICK-UP

Special Handling
4 DANGEROUS GOODS (Extra charge)
6 DRY ICE
12 HOLIDAY DELIVERY (if offered)

PACKAGES    WEIGHT in Pounds Only    YOUR DECLARED VALUE

Total    Total    Total

DIM SHIPMENT (Chargeable Weight)

lbs.

L x W x H

Received At
1 Regular Stop    3 Drop Box
2 On-Call Stop    4 B.S.C.    5 Station

Cash Received
Return Shipment
Third Party    Chg. To Del.    Chg. To Hold
Street Address

City    State    Zip

Received By:
X

Date/Time Received    FedEx Employee Number

Release Signature:

Base Charges
Declared Value Charge
Other 1
Other 2
Total Charges

REVISION DATE 4/94
PART #145412 FXEM 3/95
FORMAT #160

160

IN THE COURT OF APPEALS FOR BUTLER COUNTY, OHIO

FILED

'95 SEP: 20 PM 3 13

T. MARK BADEN
CLERK OF COURTS

STATE OF OHIO,

    Plaintiff-Appellee,

  -vs-

VON CLARK DAVIS,

    Defendant-Appellant.

CASE NO. CA95-07-124

ENTRY

    The above cause is before the court upon motion of counsel for appellant, Von Clark Davis, filed on September 12, 1995, requesting thirty (30) additional days in which to file appellant's brief in the above-captioned matter.

    Upon due consideration of the foregoing, and for good cause shown, IT IS HEREBY ORDERED that appellant is GRANTED thirty (30) additional days to file appellant's brief to be due no later than October 19, 1995.

William W. Young
Administrative Judge

J 505 P 573

IMAGED

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

FILED

T. MARK BADEN
CLERK OF COURTS

STATE OF OHIO,

    Plaintiff-Appellee

-vs-                  )   Case No. CA95-07-124

VON CLARK DAVIS,

    Defendant-Appellant.     )

## MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF

    Counsel respectfully requests leave of this Court for a final extension of time in which to file Appellant's Brief on the Merits to November 19, 1995. Appellant's brief is currently due on October 19, 1995. The reasons for this request are more fully set forth in the attached Memorandum.

                     Respectfully submitted,

                     LINDA E. PRUCHA - 0040689
                     Assistant State Public Defender

                     TRACEY A. LEONARD - 0064013
                     Assistant State Public Defender

                     Ohio Public Defender Commission
                     8 East Long Street - 11th Floor
                     Columbus, Ohio  43266-0587
                     (614) 466-5394

                     COUNSEL FOR DEFENDANT-APPELLANT



## MEMORANDUM IN SUPPORT

Von Clark Davis was indicted for aggravated murder with a death penalty specification. He was sentenced to death. His case is presently being appealed to this Court from a denial of post-conviction relief in the Butler County Common Pleas Court. His merit brief is currently due October 19, 1995. Due to counsel's commitments in other cases before other courts (see Exhibits A and B), an extension of time is necessary to prepare an appeal commensurate with the scope and severity of this case. For this reason, counsel makes a final request for an extension of time to file Appellant's Merit Brief until November 19, 1995.

Indigent appellants are entitled to be provided with counsel to present an appeal of right. Douglas v. California, 372 U.S. 353 (1963). Appellate counsel must perform in the role of a zealous advocate, as opposed to that of amicus curiae, Ellis v. United States, 356 U.S. 674 (1958). Appellant is guaranteed the right to effective assistance of counsel on appeal. Evitts v. Lucey, 469 U.S. 387, 105 S. Ct. 830 (1985), rehearing denied (1985), 105 S. Ct. 1783.

It is axiomatic that counsel cannot be an advocate on appeal if he does not file a brief. It is the primary vehicle by which the defendant's claims of error are presented to the appellate court. Thus, "a brief is a necessity." R. Stern, Appellate Practice in the United States (1981), Section 7.2 at 210 (quoting Judge Charles E. Clark of the Second Circuit).

> There must be a brief, to summarize the evidence, to set out the record references, to collect citations, to discuss the authorities - to do all that oral argument cannot do and at the same time to buttress and support and substantiate the impression made by oral argument.

Id. at 210-211 (quoting F. Wiener, Briefing and Arguing Federal Appeals (1967), 32).

IMAGE

In Mylar v. Alabama, 671 F.2d 1299, 1301 (11th Cir. 1982), cert. denied 463 US. 1229

(1983), the Eleventh Circuit explained the importance of a brief to appellate counsel's effective

advocacy:

> As an active advocate, appellate counsel is duty bound to
> affirmatively promote his client's position before the court. Such a
> duty not only requires counsel to inform the court of errors
> committed at trial but additionally mandates that counsel provides
> legal citations and reasoning to support any claim for relief.
> Unquestionably a brief containing legal authority and analysis
> assists an appellate court in providing a more thorough deliberation
> of an appellant's case.

The necessity for Appellant's counsel to file a brief in this post-conviction appeal is

crucial because Appellant's case is a capital case. Accordingly, counsel must be given sufficient

time to prepare a quality brief.

WHEREFORE, a final extension of time is respectfully requested until November 19,

1995 to file the Appellant's Merit Brief in this case.

Respectfully submitted,

LINDA E. PRUCHA - 0040689
Assistant State Public Defender

TRACEY A. LEONARD - 0064013
Assistant State Public Defender

Ohio Public Defender Commission
8 East Long Street - 11th Floor
Columbus, Ohio   43266-0587
(614) 466-5394

COUNSEL FOR DEFENDANT-APPELLANT

IMAGED

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing MOTION FOR EXTENSION OF TIME

TO FILE APPELLANT'S BRIEF was forwarded by regular U.S. Mail to John F. Holcomb,

Prosecuting Attorney, Courthouse, Hamilton, Ohio 45011 on this 10th day of October, 1995.

COUNSEL FOR APPELLANT

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2189

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,                          )

    Plaintiff-Appellee,                 )

-vs-                                    )       Case No. CA95-07-124

VON CLARK DAVIS,                        )

    Defendant-Appellant.                )

## EXHIBIT "A"

### AFFIDAVIT IN SUPPORT OF APPELLANT'S
### MOTION FOR EXTENSION OF TIME

IN THE STATE OF OHIO,          )
                             ) ss:
COUNTY OF FRANKLIN,            )

    I, Linda E. Prucha, after being duly sworn according to law, state as follows:

1)    I am an attorney licensed to practice law in the State of Ohio.

2)    I am an Assistant State Public Defender at the Ohio Public Defender Commission.

3)    I am currently assigned to State v. Von Clark Davis.

4)    My case load consists exclusively of capital cases.

5)    Since the record was filed in the above entitled case, I have had the following

prior commitments in the following cases that have precluded work on Mr. Davis' case.

        a)    Combs v. Anderson, United States District Court Case No.
            C1-95-733, currently conducting discovery.

        b)    Bedford v. Collins, United States District Court Case No.
            C1-92-547, Traverse in Response to Respondent's Return
            of Writ due on October 17, 1995.

6)      An extension of time is necessary to provide Mr. Davis effective representation in

his capital appeal.

7)      This Motion is not being filed for the purpose of delay.

Further affiant sayeth naught.

LINDA E. PRUCHA

Sworn and subscribed to me this the /9th day of October, 1995.

NOTARY PUBLIC

13642/gg

**TERI SLACK**
NOTARY PUBLIC   STATE OF OHIO
MY COMMISSION EXPIRES APRIL 9, 19___

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,                              :

    Respondent-Appellee,                :

vs.                                         :          Case No. CA95-07-0124

VON CLARK DAVIS,                            :

    Petitioner-Appellant.               :

### EXHIBIT "B"

#### AFFIDAVIT IN SUPPORT OF APPELLANT'S
#### MOTION FOR EXTENSION OF TIME

IN THE STATE OF OHIO        )
                        )    SS:
COUNTY OF FRANKLIN          )

    I, Tracey A. Leonard, after being duly sworn according to law, state as follows:

    1)    I am an attorney licensed to practice law in the State of Ohio.

    2)    I began working at the Ohio Public Defender Commission as an Assistant State

Public Defender May 8, 1995.

    3)    I am currently assigned to State v. Von Clark Davis.

    4)    My case load consists exclusively of capital case.

    5)    Since the last request for a time extension, I was assigned as counsel to State v.

Dunlap, Ohio Supreme Court; Case No. 94-1777. This case will necessitate traveling to Idaho in

order to meet the client within the next couple of weeks. I have been reviewing the record in preparation for filing a petition for certiorari to the United States Supreme Court.

6)    In addition to the case above, I have been preparing a petition for certiorari to the United States Supreme Court and a post-conviction petition for State v. Williams, Ohio Supreme Court; Case No. 93-007.

7)    I am also assigned to State v. Moreland, Montgomery County; Case No. 85-CR-2117, and have been assisting counsel with State v. Brewer, Greene County; Case No. 85-CR-H.

8)    Since the Scheduling Order was received in the above titled case, I have had a prior commitment in the following case: State v. Williams, Ohio Supreme Court; Case No. 93-007, Motion for Reconsideration filed August 28, 1995.

9)    The circumstances above have precluded me from devoting most of my time to work on Mr. Davis' case.

10)    An extension of time is necessary to provide Mr. Davis effective representation in his capital post-conviction appeal.

11)    This motion is not being filed for the purposes of delay.

Further Affiant saith naught.

TRACEY A. LEONARD
Assistant State Public Defender

Sworn and subscribed to me this the 10th day of October 1995.



NOTARY PUBLIC

TAMARA A. BEAL
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES 2/16/98

#4568V1



**Office of the Ohio Public Defender**
8 East Long Street
Columbus, Ohio 43215-2998
(614) 466-5394
FAX NUMBER: (614) 728-3670

DAVID H. BODIKER
State Public Defender

*FILED*
*AM 10 35*
*OCT 11*
*T. MARK BADEN*
*CLERK OF COURTS*

October 10, 1995

Mark Baden
Clerk of Courts
Butler County Court of Appeals
3rd Fl. Courthouse
Hamilton, Ohio 45011

Re: State of Ohio v. Von Clark Davis
Case No. CA95-07-124

Dear Mr. Baden,

Enclosed please find the original and four (4) copies of the Motion for Extension of Time to File Appellant's Brief to be filed in the above referenced case. Please return extra time-stamped copies to me in the enclosed postage-paid, self-addressed envelope.

Thank you for your assistance.

Sincerely,

Tracey A. Leonard
Assistant State Public Defender

**FedEx.**
Federal Express

**RECIPIENT'S COPY**
QUESTIONS? CALL 800-238-5355 TOLL FREE.

| AIRBILL | PACKAGE TRACKING NUMBER | 5399356163 |

0125Z **5399356163**

Date
10/10/95

5 3 9 9 3 5 6 1 6 3

From (Your Name) Please Print
**Tracey A. Leonard**

Your Phone Number (Very Important)
(614)466-5394

To (Recipient's Name) Please Print
**Mark Baden, Clerk**

Recipient's Phone Number (Very Important)
( )

Company
**OHIO PUBLIC DEFENDERS OFFICE**

Department/Floor No.
**93 OCT 11 AM 10.35**

Company
**Butler County Court of Appeals**

Department/Floor N

Street Address
**8 E LONG ST 11TH FL**

Exact Street Address (We Cannot Deliver to P.O. Boxes or P.O. Zip Codes.)
**T. MARK BADEN 5th Floor Courthouse**

City
**COLUMBUS**

State
**OH**

ZIP Required
4 3 2 1 5

**CLERK OF COURTS**

City
**Hamilton**

State
**OH**

ZIP Required
**45011**

YOUR INTERNAL BILLING REFERENCE INFORMATION (optional) (First 24 characters will appear on invoice.)

IF HOLD AT FEDEX LOCATION, Print FEDEX Address Here
Street Address

PAYMENT 1 ☐ Sender 2 ☐ Bill Recipient's FedEx Acct. No. 3 ☐ Bill 3rd Party FedEx Acct. No. 4 ☐ Bill Credit Card

City State ZIP Required

☐ Cash/Check

| SERVICES (Check only one box) | DELIVERY AND SPECIAL HANDLING (Check services required) | PACKAGES | WEIGHT In Pounds Only | YOUR DECLARED VALUE (See right) | | |
|---|---|---|---|---|---|---|

**Priority Overnight** / **Standard Overnight**

Weekday Service
1 ☐ HOLD AT FEDEX LOCATION WEEKDAY (Fill in Section H)
2 ☑ DELIVER WEEKDAY

11 ☐ OTHER PACKAGING   51 ☐ OTHER PACKAGING
16 ☐ FEDEX LETTER*   56 ☐ FEDEX PAK*
12 ☐ FEDEX PAK*   52 ☐ FEDEX PAK*
13 ☐ FEDEX BOX   53 ☐ FEDEX BOX
14 ☐ FEDEX TUBE   54 ☐ FEDEX TUBE

Saturday Service
31 ☐ HOLD AT FEDEX LOCATION SATURDAY (Fill in Section H)
3 ☐ DELIVER SATURDAY (Extra charge) (Not available to all locations)
9 ☐ SATURDAY PICK-UP (Extra charge)

**Economy Two-Day** / **Government Overnight**
30 ☐ ECONOMY*   46 ☑ GOV'T LETTER
41 ☐ GOV'T PACKAGE

Special Handling
4 ☐ DANGEROUS GOODS (Extra charge)
6 ☐ DRY ICE

**Freight Service**
70 ☐ OVERNIGHT FREIGHT**   80 ☐ TWO-DAY FREIGHT**

12 ☐ HOLIDAY DELIVERY (If offered) (Extra charge)

Total   Total   Total

DIM SHIPMENT (Chargeable Weight)
☐    lbs.

L ___ x W ___ x H ___

Dry Ice, 9, UN 1845, ___ x ___ kg, 904 lb

☐ DESCRIPTION

Received By
1 ☐ Regular Stop   3 ☐ Drop Box
2 ☐ On-Call Stop   4 ☐ B.S.C.
☐ Station

Emp. No. ___ Date ___
☐ Cash Received
☐ Return Shipment
☐ Third Party ☐ Chg. To Del. ☐ Chg. To Hold
Street Address ___

City ___ State ___ Zip ___

Received By:
X

Date/Time Received ___ FedEx Employee Number ___

Release Signature:

Federal Express Use
Base Charges ___
Declared Value Charge ___
Other 1 ___
Other 2 ___
Total Charges ___

REVISION DATE 4/94
PART #145412 FXEM 3/1
FORMAT #160

**160**
© 1993-94 FEDEX
PRINTED IN U.S.A.

IN THE COURT OF APPEALS FOR BUTLER COUNTY, OHIO

FILED
'95 OCT 16
T. MARK BADEN
CLERK OF COURTS

STATE OF OHIO,

    Plaintiff-Appellee,            CASE NO. CA95-07-124

  -vs-                        ENTRY

VON CLARK DAVIS,

    Defendant-Appellant.

    The above cause is before the court upon motion of counsel for appellant, Von Clark Davis, requesting additional time in which to file appellant's brief in the above-captioned matter.

    Upon due consideration of the foregoing, and for good cause shown, IT IS HEREBY ORDERED that appellant is GRANTED additional time to file appellant's brief to be due no later than November 19, 1995. No further extension will be granted.

                            William W. Young
                            Administrative Judge

2/13/96
gm

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,                          )

    Plaintiff-Appellee,              )

-vs-                                    FILED in Court of Appeals  Case No. CA95-07-124
                      BUTLER COUNTY OHIO

VON CLARK DAVIS,                        NOV 22 1995

    Defendant-Appellant.             T. MARK BAUEN
                        CLERK

---

## MERIT BRIEF OF APPELLANT

LINDA E. PRUCHA - 0040689
Assistant State Public Defender

TRACEY LEONARD - 0064013
Assistant State Public Defender

Daniel Eichel - 0008259
Assistant Prosecuting Attorney

Ohio Public Defender Commission
Butler County Courthouse                8 East Long Street - 11th Floor
216 Society Bank Building               Columbus, Ohio  43266-0587
Hamilton, Ohio  45012                   (614) 466-5394

COUNSEL FOR APPELLEE                     COUNSEL FOR APPELLANT

## TABLE OF CONTENTS

Page No.

TABLE OF CONTENTS                                                                    i

STATEMENT OF THE CASE                                                                1

STATEMENT OF THE FACTS                                                               2

ASSIGNMENT OF ERROR NO. I                                                            3

THE TRIAL COURT ERRED WHEN IT DENIED
APPELLANT DAVIS AN EVIDENTIARY HEARING
BASED ON THE DOCTRINE OF RES JUDICATA,
THUS VIOLATING HIS RIGHTS UNDER THE FIFTH,
SIXTH, EIGHTH, NINTH AND FOURTEENTH
AMENDMENTS TO THE UNITED STATES
CONSTITUTION AND ARTICLE I, SECTIONS 1, 2, 9,
10, 16, AND 20 OF THE OHIO CONSTITUTION.

ISSUES PRESENTED FOR REVIEW AND ARGUMENT:

1.   A trial court must grant an evidentiary hearing when
     a post-conviction petition is facially sufficient to
     raise constitutional issues which depend on
     evidence dehors the record.

AUTHORITIES

Ake v. Oklahoma, 470 U.S. 68 (1985)                                                 5

Evitts v. Lucey, 469 U.S. 387 (1985)                                                7

Fed. R. Crim. P. 11                                                                 6

Fontaine v. United States, 411 U.S. 213 (1973)                                      6

Fourteenth Amendment to the United States Constitution                              7

Johnson v. Zerbst, 304 U.S. 458 (1938)                                              5

Lockett v. Ohio, 438 U.S. 586 (1978)                                                4

-i-

Ohio R. Civ. P. 56                                                                                    4

Ohio Rev. Code Ann. § 2929.03                                                    3

Ohio Rev. Code Ann. § 2945.05                                                    5

Ohio Rev. Code Ann. § 2953.21                                                    4, 7

Ohio Rev. Code Ann. §2929.024                                                   5

Simmons v. State, 75 Ohio St. 346, 79 N.E. 555 (1906)                     5

State v. Davis, 63 Ohio St. 3d 44 (1992)                                         6

State v. Davis, No. 89-09-123, 1990 WL 165137 at *3 (Butler Cty.
       6App., October 29, 1990)                                                         6

State v. Milanovich, 42 Ohio St. 2d 46, 325 N.E.2d 540 (1975)          4

State v. Post, 32 Ohio St. 3d 380 (1987)                                         6

2.        Res judicata is improper in a motion to dismiss.                   7

Misteff v. Wheeler, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988),
       cert. denied by 48 U.S. 1079 (1988)                                         7

Ohio R Civ.P. 7                                                                           7

Ohio R. Civ. P. 56                                                                      7

Ohio R.Civ. P. 12                                                                       7, 8

Ohio Rev. Code Ann. § 2953.21                                                   7, 8

State ex rel. Freeman v. Morris, 62 Ohio St. 3d 107, 579 N.E.2d
       702 (1991)                                                                           8

State v. Milanovich, 42 Ohio St. 2d 46, 325 N.E.2d 540 (1975)         7, 8

State v. Post, 32 Ohio St. 3d 380 (1987)                                        6

-ii-

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2199

3.    The doctrine of res judicata cannot bar Appellant's
      claims when they were supported by evidence
      dehors the record.                                                      8

State v. Cole, 2 Ohio St. 3d 112, 443 N.E.2d 169 (1982)                       9

State v. Kapper, 5 Ohio St. 3d 36, 448 N.E.2d 823 (1983), cert
denied by 464 U.S. 856 (1983)                                                 9

State v. Lester, 41 Ohio St. 2d 51, 322 N.E.2d 656 (1975)                     9

State v. Perry, 10 Ohio St. 2d 175, 226 N.E.2d 104 (1967)                     10

State v. Scott, 63 Ohio App. 3d 304, 578 N.E.2d 841 (1989)                    9

ASSIGNMENT OF ERROR NO. II                                                    10

THE TRIAL COURT ERRED WHEN IT DISMISSED
APPELLANT DAVIS' THIRD CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.    Motion to sever charges in an indictment must be
      granted when appellant demonstrates prejudice
      which cannot be overcome by the state's
      demonstration that the evidence would have come
      in under Evid. R. 404(B) or § 2945.59.

AUTHORITIES

Article I, § 10 of the Ohio Constitution                                      11

Article I, § 16 of the Ohio Constitution                                      11

Article I, § 5 of the Ohio Constitution                                       11, 13

Eighth Amendment to the United States Constitution                            10

Fifth Amendment to the United States Constitution                             10

Fourteenth Amendment to the United States Constitution                        10, 12

Johnson v. Zerbst, 304 U.S. 458 (1938)                                        13

-iii-

| | |
|---|---|
| Ohio R. Crim. P. 16 | 11 |
| Ohio R. Evid. 404 | 12 |
| Ohio Rev. Code Ann. § 2923.13 | 11, 13 |
| Ohio Rev. Code Ann. § 2929.022 | 11, 12, 13 |
| Ohio Rev. Code Ann. § 2929.04 | 11 |
| Ohio Rev. Code Ann. § 2945.59 | 12, 13 |
| Simmons v. State, 75 Ohio St. 346 (1906) | 13 |
| Sixth Amendment to the United States Constitution | 10, 12, 13 |
| State v. Hector, 19 Ohio St. 2d 167, 249 N.E.2d 912 (1969) | 13 |
| State v. Martin, 19 Ohio St. 3d 122, 483 N.E.2d 1157 (1985), cert. denied by 474 U.S. 1073 (1986) | 12 |
| State v. Schiam, 65 Ohio St. 3d 51, 600 N.E.2d 661 (1992) | 11, 12 |
| State v. VanSickle, 90 Ohio App. 3d 301, 629 N.E.2d 39 (10th Dist. 1993) | 12 |
| ASSIGNMENT OF ERROR NO. III | 14 |

THE TRIAL COURT ERRED BY GRANTING THE
PROSECUTOR'S MOTION TO DISMISS AS TO
PETITIONER-APPELLANT'S FIFTH CAUSE OF
ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.  The judgment against Petitioner Davis is void or
    voidable because he was denied the effective
    assistance of counsel in violation of his
    constitutional rights as guaranteed by the Fifth,
    Sixth, Eighth, and Fourteenth Amendments of the
    United States Constitution and Article I, Sections 2,
    9, 10, and 16 of the Ohio Constitution.

-iv-

AUTHORITIES

Furman v. Georgia, 408 U.S. 238 (1972), reh'g denied, 409 U.S. 902 (1972)     14

State v. Davis, 63 Ohio St. 3d 44 (1992)     15

State v. Davis, No. 89-09-123, 1990 WL 165137 at *3 (Butler C.A. October 29, 1990)     15

State v. Post, 32 Ohio St. 3d 380 (1987), cert. denied, 484 U.S. 1079 (1988)     14

ASSIGNMENT OF ERROR NO. IV     15

THE TRIAL COURT ERRED BY GRANTING THE PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-APPELLANT'S SIXTH CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.    Where a capital defendant is not permitted to introduce relevant, available mitigating evidence at his resentencing hearing, it is a violation of rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Sections 2, 9, 10 and 16 of the Ohio Constitution.

AUTHORITIES

Eighth Amendment to the United States Constitution     16

Fourteenth Amendment to the United States Constitution     16

Lockett v. Ohio, 438 U.S. 586 (1978)     16

Ohio Rev. Code Ann. § 2929.04     17

Skipper v. South Carolina, 476 U.S. 1 (1986)     16, 17

Zant v. Stephens, 462 U.S. 862 (1983)     16

-v-

ASSIGNMENT OF ERROR NO. V                                    17

> THE TRIAL COURT ERRED BY GRANTING THE
> PROSECUTOR'S MOTION TO DISMISS AS TO
> PETITIONER-APPELLANT'S EIGHTH CAUSE OF
> ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.   The death sentence imposed on Appellant was
     inappropriate, in violation of Appellant's rights
     under the Fifth, Sixth, Eighth, and Fourteenth
     Amendments of the United States Constitution and
     Article I, Sections 10 and 16 of the Ohio
     Constitution.

AUTHORITIES

Eddings v. Oklahoma, 455 U.S. 104 (1982), cert. denied by 470
    U.S. 1051 (1985)                                        18

Furman v. Georgia, 408 U.S. 238, reh'g denied, 409 U.S. 902
    (1972)                                                  18

Gregg v. Georgia, 428 U.S. 153, reh'g denied, 429 U.S. 875 (1976)    18, 20

Ohio Rev. Code Ann. § 2929.04                               18, 19

Skipper v. South Carolina, 476 U.S. 1 (1986)               18

State v. Lawrence, 44 Ohio St. 3d 24 (1989)                18

ASSIGNMENT OF ERROR NO. VI

> THE TRIAL COURT ERRED WHEN IT DISMISSED
> APPELLANT DAVIS' ELEVENTH CAUSE OF
> ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.   Ohio courts' failure to comply with Ohio law
     requiring life verdicts to be written in capital cases
     skews proportionality review of death sentences in
     favor of death.

-vi-

AUTHORITIES

| | |
|---|---|
| Article I, § 10 of the Ohio Constitution | 20 |
| Article I, § 16 of the Ohio Constitution | 20 |
| Douglas v. California, 372 U.S. 353 (1963) | 21 |
| Eighth Amendment to the United States Constitution | 20, 21 |
| Fetterly v. Paskett, 997 F.2d 1295 (9th Cir. 1993), reh'g denied by 15 F.3d 1472 (1994) | 21 |
| Fifth Amendment to the United States Constitution | 20 |
| Fourteenth Amendment to the United States Constitution | 20 |
| Furman v. Georgia, 408 U.S. 238 (1972) | 21 |
| Ohio Rev. Code Ann. § 2929.021 | 20 |
| Ohio Rev. Code Ann. § 2929.03 | 20 |
| Ohio Rev. Code Ann. § 2929.05 | 20 |
| Pulley v. Harris, 465 U.S. 37 (1984) | 21 |
| Sixth Amendment to the United States Constitution | 20 |
| Solem v. Helm, 463 U.S. 277 (1983) | 21 |
| ASSIGNMENT OF ERROR NO. VII | 21 |

THE COURT ERRED IN DISMISSING APPELLANT DAVIS' FIFTEENTH CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.  A presumption that errors which occurred at appellant's capital trial before a three judge panel were harmless violates appellant's equal protection and due process rights.

-vii-

AUTHORITIES

| | |
|---|---|
| Article I, § 10 of the Ohio Constitution | 22 |
| Article I, § 16 of the Ohio Constitution | 22 |
| Eighth Amendment to the United States Constitution | 22 |
| Fifth Amendment to the United States Constitution | 22 |
| Fourteenth Amendment to the United States Constitution | 22 |
| Sixth Amendment to the United States Constitution | 22 |
| State v. Davis, 63 Ohio St. 3d 44 (1992) | 22 |
| State v. Davis, No. 89-09-123, 1990 WL 165137 at *3, (Butler C.A. October 29, 1990) | 22 |
| State v. Post, 32 Ohio St. 3d 380, 384 (1987) | 22 |
| Wong Sun v. United States, 371 U.S. 471 (1963) | 22 |
| ASSIGNMENT OF ERROR NO. VIII | 24 |

THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S SIXTEENTH CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.  Where an Appellant's death sentence is secured through the use of a statutory scheme that violated his constitutional rights as guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and Sections 2 and 9, Article I of the Ohio Constitution, the sentence is arbitrary and must be reversed.

AUTHORITIES

| | |
|---|---|
| Furman v. Georgia, 408 U.S. 238 (1972), reh'g denied 409 U.S. 902 (1972) | 23 |
| Ohio Rev. Code Ann. § 2929.03 | 23 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2205

ASSIGNMENT OF ERROR NO. IX                                          24

        THE TRIAL COURT ERRED IN DISMISSING
        APPELLANT DAVIS' SEVENTEENTH CAUSE OF
        ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.     Appellant's jury waiver was unknowing absent the
      knowledge that he faced an increased risk of being
      sentenced to death when tried before a three judge
      panel.

AUTHORITIES

Article I, § 16 of the Ohio Constitution                            24

Article I, § 5 of the Ohio Constitution                             24

Brady v. United States, 397 U.S. 742 (1970)                         25

Eighth Amendment to the United States Constitution24                24

Fifth Amendment to the United States Constitution                   24

Fourteenth Amendment to the United States Constitution              24

In re Winship, 397 U.S. 358 (1970)                                  25

Ohio Rev. Code Ann. § 2929.03                                       24, 25

Sixth Amendment to the United States Constitution                   24

State v. Ruppert, 54 Ohio St. 2d 263 (1978), cert. denied by 439
     U.S. 954 (1978)                                              25

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2206

ASSIGNMENT OF ERROR NO. X                                       25

  THE TRIAL COURT ERRED BY GRANTING THE
PROSECUTOR'S MOTION TO DISMISS AS TO
PETITIONER-APPELLANT'S EIGHTEENTH CAUSE
OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1. Where a defendant is misinformed by the court as to
the standard of proof, a waiver of the right to a jury
trial is invalid and a violation of rights as
guaranteed by the Fifth, Sixth, Eighth and
Fourteenth Amendments to the United States
Constitution and Sections 2, 5, 9, 10 and 16, Article
I of the Ohio Constitution.

AUTHORITIES

In re Winship, 397 U.S. 358 (1970)                      26, 27

Ohio Rev. Code Ann. § 2901.05                            26

ASSIGNMENT OF ERROR NO. XI                                      27

  THE TRIAL COURT ERRED WHEN IT DISMISSED
APPELLANT DAVIS' NINETEENTH CAUSE OF
ACTION, IN VIOLATION OF HIS RIGHTS
GUARANTEED BY THE FIFTH, SIXTH, EIGHTH AND
FOURTEENTH AMENDMENTS TO THE UNITED
STATES CONSTITUTION AND SECTIONS 5, 9, AND
16 OF ARTICLE I OF THE OHIO CONSTITUTION.

ISSUES PRESENTED FOR REVIEW AND ARGUMENT:

1. Appellant Davis did not knowingly and intelligently
waive his right to a jury trial as he was unaware of
all the circumstances necessary to a valid waiver.

AUTHORITIES

Adams v. United States, 317 U.S. 269 (1942), reh'g denied by 312
 U.S. 605 (1943)                                         29

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2207

Article I, § 5 of the Ohio Constitution    27, 29

Brady v. United States, 397 U.S. 742 (1970)    29

Fourteenth Amendment to the United States Constitution    27, 29

Ohio R. Crim. P. 23    29

Ohio Rev. Code Ann. § 2945.05    30

Simmons v. State, 75 Ohio St. 346 (1906)    29

Sixth Amendment to the United States Constitution    27, 29

State v. Jells, 53 Ohio St.3d 22, 559 N.E.2d 468 (1990), cert. denied by 498 U.S. 1111 (1991)    30

State v. Ruppert, 54 Ohio St. 2d 263, 375 N.E.2d 1250 cert. denied, 439 U.S. 954 (1978)    29, 30

2.    Appellant can challenge a jury waiver based on facts of which he became aware since the waiver.    30

Adams v. United States, 317 U.S. 269 (1942), reh'g denied by 317 U.S. 605 (1943)    30

Ohio Rev. Code Ann. § 2953.21    32

State v. D'Ambrosio, 67 Ohio St. 3d 185, 616 N.E.2d 909, (1993)    30, 31

State v. Dickerson, 45 Ohio St. 3d 206, 543 N.E.2d 1250 (1989), cert. denied by 494 U.S. 1090 (1990)    30, 31

3.    The right to a jury trial is personal to the defendant and cannot be abridged by the court or the state.    32

Simmons v. State, 75 Ohio St. 346 (1906)    32

-xi-

ASSIGNMENT OF ERROR NO. XII       33

  THE TRIAL COURT ERRED BY GRANTING THE
  PROSECUTOR'S MOTION TO DISMISS AS TO
  PETITIONER-APPELLANT'S TWENTIETH CAUSE OF
  ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

  1.  When a defendant is forced to waive his right to a
     jury trial, and it is invalid in violation of
     constitutional rights as guaranteed by the Fifth,
     Sixth, Eighth and Fourteenth Amendments to the
     United States Constitution and Sections 2, 5, 9, 10
     and 16, Article I of the Ohio Constitution.

AUTHORITIES

  Ohio Rev. Code Ann. § 2923.12     33

  Ohio Rev. Code Ann. § 2929.022    33

  Ohio Rev. Code Ann. § 2929.04    33

ASSIGNMENT OF ERROR NO. XIII     34

  THE TRIAL COURT ERRED BY GRANTING THE
  PROSECUTOR'S MOTION TO DISMISS AS TO
  PETITIONER-APPELLANT'S TWENTY-FIRST CAUSE
  OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

  1.  Where a defendant is denied the effective assistance
     of counsel in violation of his constitutional rights as
     guaranteed by the Fifth, Sixth, Eighth, and
     Fourteenth Amendments to the United States
     Constitution and Sections 2, 9, 10, and 16, Article I
     of the Ohio Constitution, the resulting conviction
     and sentence must be reversed.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2209

AUTHORITIES

Furman v. Georgia, 408 U.S. 238 (1972), reh'g denied 409 U.S.
    902 (1972)                                                                  34

State v. Davis, 38 Ohio St. 3d 361 (1989)                                       35

ASSIGNMENT OF ERROR NO. XIV                                                     35

THE TRIAL COURT ERRED BY GRANTING THE
PROSECUTOR'S MOTION TO DISMISS AS TO
PETITIONER-APPELLANT'S        TWENTY-SECOND
CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.    Where a conviction is obtained through the use of
      an    unnecessarily    suggestive    identification
      procedure, it is a violation of the Fifth, Sixth, Eighth
      and Fourteenth Amendments to the United States
      Constitution and Sections 2, 9, 10 and 16, Article I
      of the Ohio Constitution, and must be vacated.

AUTHORITIES

Manson v. Brathwaite, 432 U.S. 98 (1977)                                        36

ASSIGNMENT OF ERROR NO. XV                                                      37

THE TRIAL COURT ERRED WHEN IT DISMISSED
APPELLANT DAVIS' TWENTY-THIRD CLAIM.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.    Improper rebuttal evidence introduced during the
      penalty phase of a capital trial violates the Eighth
      Amendment standards imposed in capital cases.

Article I, § 16 of the Ohio Constitution                                        38

Article I, § 9 of the Ohio Constitution                                         38

Eddings v. Oklahoma, 455 U.S. 104 (1982), cert. denied by 470
    U.S. 1051 (1985)                                                            39

-xiii-

Eighth Amendment to the United States Constitution     38

Fourteenth Amendment to the United States Constitution     38

Godfrey v. Georgia, 446 U.S. 420 (1980), reh'g denied by 456
U.S. 101 (1982)     39

Ohio R. Evid. 404     38

Ohio Rev. Code Ann. § 2929.03     39

Ohio Rev. Code Ann. § 2945.59     38

State v. DePew, 38 Ohio St. 3d 275 (1989), cert. denied by 489
U.S. 1042 (1989(     39

State v. Jenkins, 15 Ohio St. 3d 164 (1985), cert. denied by 472
U.S. 1032 (1985)     39

State v. Johnson, 24 Ohio St. 3d 87 (1986), cert. denied by 494
U.S. 1039) (1990)     39

State v. Parrish, 71 Ohio App. 3d 659, 595 N.E.2d 354, (10th Dist.
1991)     38

ASSIGNMENT OF ERROR NO. XVI     39

THE TRIAL COURT ERRED BY GRANTING THE
PROSECUTOR'S MOTION TO DISMISS AS TO
PETITIONER-APPELLANT'S TWENTY-FOURTH
CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.    Where the trial court prohibits the testimony of a
crucial defense witness, the defendant's rights under
the Sixth, Eighth and Fourteenth Amendments to
the United States Constitution and Sections 9, 10
and 16, Article I of the Ohio Constitution have been
violated.

-xiv-

AUTHORITIES

| | |
|---|---|
| Article I, § 10 of the Ohio Constitution | 40 |
| Article I, § 16 of the Ohio Constitution | 40 |
| Article I, § 9 of the Ohio Constitution | 40 |
| Eighth Amendment to the United States Constitution | 40 |
| Fourteenth Amendment to the United States Constitution | 40 |
| Sixth Amendment to the United States Constitution | 40 |
| ASSIGNMENT OF ERROR NO. XVII | 41 |

THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT DAVIS' TWENTY-FIFTH CLAIM.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1. Denial of the right to present all relevant mitigation evidence during a capital resentencing hearing violated appellant's statutory and constitutional rights.

AUTHORITIES

| | |
|---|---|
| Ake v. Oklahoma, 470 U.S. 68 (1985) | 41 |
| Article I, § 10 of the Ohio Constitution | 41 |
| Article II, § 39 of the Ohio Constitution | 41 |
| Eighth Amendment to the United States Constitution | 41 |
| Fourteenth Amendment to the United States Constitution | 41 |
| Ohio Rev. Code Ann. § 2929.024 | 41, 42 |
| Sixth Amendment to the United States Constitution | 41 |
| State v. Davis, 38 Ohio St. 3d 361 (1988), cert. denied aby 488 U.S. 1034 (1989) | 41 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2212

ASSIGNMENT OF ERROR NO. XVIIII                    42

    THE TRIAL COURT ERRED BY GRANTING THE
PROSECUTOR'S MOTION TO DISMISS AS TO
PETITIONER-APPELLANT'S TWENTY-SIXTH CAUSE
OF ACTION.

## ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.     Where the specification used at a capital trial to
make the defendant death eligible is invalid, it is a
violation of rights under the Fifth, Sixth, Eighth and
Fourteenth Amendments to the United States
Constitution and Sections 9 and 16, Article I of the
Ohio Constitution.

## AUTHORITIES

Jones v. State, 51 Ohio St. 331 (1894)                    43

Ohio Rev. Code Ann. § 2901.01                    43

Ohio Rev. Code Ann. § 2901.05                    43

Ohio Rev. Code Ann. § 2923.13                    42

Ohio Rev. Code Ann. § 2929.04                    42, 44

State v. Creech, 5 Ohio App. 2d 179 (1964)                    43

State v. Farmer, 156 Ohio St. 214 (1951)                    43

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2213

ASSIGNMENT OF ERROR NO. XIX                44

      THE TRIAL COURT ERRED BY GRANTING THE
      PROSECUTOR'S MOTION TO DISMISS AS TO
      PETITIONER-APPELLANT'S    TWENTY-SEVENTH
      CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.    Where counsel failed to investigate the
      circumstances surrounding a prior homicide charge
      in a specification to defendant's aggravated murder
      charge, counsel is ineffective, and the Appellant has
      been denied rights under the Fifth, Sixth, Eighth and
      Fourteenth Amendments to the United States
      Constitution and Sections 9 and 16, Article I of the
      Ohio Constitution.

AUTHORITIES

Fourteenth Amendment to the United States Constitution                45

Gideon v. Wainwright, 372 U.S. 335 (1963)                45

Powell v. Alabama, 287 U.S. 45 (1932)                45

Sixth Amendment to the United States Constitution                45

Strickland v. Washington, 466 U.S. 668 (1984), reh'g denied 467
U.S. 1267 (1984)                45

-xvii-

ASSIGNMENT OF ERROR NO. XX                                    46

    THE TRIAL COURT ERRED BY GRANTING THE PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-APPELLANT'S TWENTY-EIGHTH CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

    1.    Where a defendant is not permitted to introduce all relevant mitigating evidence at his resentencing hearing, the defendant's right to present a defense and his constitutional right to present all available, relevant mitigating evidence has been violated.

ASSIGNMENT OF ERROR NO. XXI                                   48

    APPELLANT DAVIS HAS BEEN DENIED THE OPPORTUNITY FOR AN ADEQUATE APPEAL IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

    1.    A fifty page briefing limit in a complex capital post-conviction appeal denies the Appellant an adequate corrective process.

AUTHORITIES

    Case v. Nebraska, 381 U.S. 336 (1965)                     48

    Ohio Rev. Code Ann. § 2953.23                             48

    Picard v. Connor, 404 U.S. 270 (1971)                     48

CONCLUSION                                                    50

CERTIFICATE OF SERVICE                                        50

APPENDIX

    Entry: Defendant's Motion for Post-Conviction Relief      A-1

-xviii-

| | |
|---|---|
| Entry of Dismissal | A-9 |
| Assignments of Error | A-18 |
| Fed. R. Crim. p. 11 | A-51 |
| Fourteenth Amendment to the United States Constitution | A-54 |
| Eighth Amendment to the United States Constitution | A-55 |
| Sixth Amendment to the United States Constitution | A-56 |
| Fifth Amendment to the United States Constitution | A-57 |
| Article I, § 9 of the Ohio Constitution | A-58 |
| Article I, § 10 of the Ohio Constitution | A-59 |
| Article I, § 16 of the Ohio Constitution | A-60 |
| Article I, § 5 of the Ohio Constitution | A-61 |
| Article II, § 39 of the Ohio Constitution | A-62 |
| Ohio R. Civ. P. 7 | A-63 |
| Ohio R. Civ. P. 12 | A-64 |
| Ohio R. Civ. P. 56 | A-67 |
| Ohio R. Crim. P. 16 | A-70 |
| Ohio R. Crim. P. 23 | A-76 |
| Ohio R. Evid. 404 | A-77 |
| Ohio Rev. Code Ann. § 2901.01 | A-79 |
| Ohio Rev. Code Ann. § 2901-05 | A-83 |
| Ohio Rev. Code Ann. § 2923.12 | A-84 |
| Ohio Rev. Code Ann. § 2923.13 | A-86 |

-xix-

| | |
|---|---|
| Ohio Rev. Code Ann. § 2929.021 | A-87 |
| Ohio Rev. Code Ann. § 2929.022 | A-88 |
| Ohio Rev. Code Ann. § 2929.024 | A-90 |
| Ohio Rev. Code Ann. § 2929.03 | A-91 |
| Ohio Rev. Code Ann. § 2929.04 | A-94 |
| Ohio Rev. Code Ann. § 2929.05 | A-96 |
| Ohio Rev. Code Ann. § 2945.05 | A-97 |
| Ohio Rev. Code Ann. § 2945.59 | A-98 |
| Ohio Rev. Code Ann. § 2953.21 | A-99 |
| Ohio Rev. Code Ann. § 2953.23 | A-101 |

The following abbreviations are used throughout the brief: **T.p.** for cites to the original trial transcripts; **M.T.p.** for cites to the trial motions hearing; **R.H.T.p.** for cites to the resentencing hearing; **M.R.H.T.p.** for cites to the resentencing motions hearing; **E.H.T.p.** for cites to the post-conviction evidentiary hearing.

-xxi-

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2218

## II.    STATEMENT OF THE CASE

On January 8, 1984, Appellant Von Clark Davis was indicted by the Butler County Grand Jury on one count of Aggravated Murder in violation of Ohio Rev. Code § 2903.01(A). This count carried two specifications: a capital specification under Ohio Rev. Code Ann. § 2929.04(A)(5), and a firearms specification under § 2929.71. Appellant was also indicted on one count of having a weapon while under a disability in violation of § 2923.13.

Appellant Davis proceeded to trial before a three judge panel on May 9, 1984. The panel convicted and sentenced Mr. Davis to death on June 11, 1984. The conviction and sentence were affirmed by the Twelfth District Court of Appeals. State v. Davis, Butler App. No. CA-84-06-071 (May 27, 1986). The Ohio Supreme Court affirmed the conviction but vacated Mr. Davis' death sentence and remanded the case for resentencing. State v. Davis, 38 Ohio St. 3d 361 (1988). The three-judge panel resentenced Mr. Davis to death, and both the Twelfth District Court of Appeals and the Ohio Supreme Court affirmed the sentence. State v. Davis, Butler App. No. CA89-09-123 (October 29, 1990); State v. Davis, 63 Ohio St. 3d 44 (1992).

On October 8, 1993, Appellant Davis filed two petitions to vacate or set aside sentences pursuant to R.C. § 2953.21, accompanied by requests for evidentiary hearings. T.d. 149, 150. The petition in Case No. CR83-12-0614 requested the trial court to vacate the sentence and conviction due to constitutional errors which occurred during the trial for the murder of Suzette Butler in 1983. The petition in Case No. 21655 requested the trial court to reverse the 1971 conviction for the death of Ernestine Davis.

Judge Crehan dismissed all but one of Appellant's post-conviction claims. T.d.161. On January 11, 1995, an evidentiary hearing was held on the Nineteenth Cause of Action in Case

-1-

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2219

No. CR83-12-0614. The trial court reserved ruling and the parties submitted post-hearing briefs. T.d. 175, 176, 177. The court ultimately dismissed both petitions. Td. 178. Appellant Davis filed a timely notice to appeal cases 21655 and CR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, which are joined on appeal before this Court. T.d. 179.

## III. STATEMENT OF THE FACTS

Appellant Davis' trial for the December 12, 1983 shooting death of Suzette Butler commenced on May 9, 1984. Aside from the testimony of police officers who investigated the incident, the State presented two witnesses who testified to their roles in helping Appellant obtain a gun, and three witnesses who testified to seeing Appellant at the American Legion where the victim was found on December 12. T.p. 58-199. Appellant Davis testified on his own behalf about the events which culminated in his arrest: Davis had agreed to give Silky Carr a gun in exchange for dental equipment and settlement of the victim's drug debt; Davis was at the American Legion on December 12, and he gave the gun to Silky Carr; once Davis had heard that the victim, his girlfriend, had been shot, he went to Lexington, Kentucky in search of Silky Carr. T.p. 289-312. After a fruitless search, Davis contacted the Butler County police department and was arrested. T.p. 312.

The panel found Mr. Davis guilty of the aggravated murder and the prior purposeful murder specification, as well as the other specification and charge in the indictment. T.p. 376. As the panel erroneously included non-statutory aggravating circumstances in its calculus to determine whether the aggravating circumstance outweighed the mitigating factors, the case was remanded to them for a new sentencing hearing. At the resentencing, defense counsel filed various motions attempting to introduce mitigating evidence not presented at the original trial.

-2-

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2220

T.d. 134, 138. The panel overruled these motions, and resentenced Mr. Davis to death.

M.R.H.T.p. 12. Trial counsel was given a limited opportunity to proffer some additional

mitigating evidence. R.H.T.p. 2-5. Defense counsel proferred new evidence in further support

of Mr. Davis' ability to lead a productive life in prison. R.H.T.p. 1-5.

On January 11, 1995, a post-conviction evidentiary hearing was held on the issue of

whether Mr. Davis' jury waiver was valid. Nonetheless, the court dismissed the entire petition in

a decision which Appellant Davis now appeals. T.d. 178.

## ASSIGNMENT OF ERROR NO. I

THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT
DAVIS AN EVIDENTIARY HEARING BASED ON THE
DOCTRINE OF RES JUDICATA, THUS VIOLATING HIS
RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, NINTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION AND ARTICLE I, SECTIONS 1, 2, 9, 10, 16,
AND 20 OF THE OHIO CONSTITUTION.

ISSUES PRESENTED FOR ARGUMENT AND REVIEW:

1. A trial court must grant an evidentiary hearing when a post-
   conviction petition is facially sufficient to raise
   constitutional issues which depend on evidence dehors the
   record.

Appellant Davis' post-conviction petition alleged violations of constitutional magnitude

which would render the judgment void or voidable, and he supported them with evidence dehors

the record. Nonetheless, the trial court erroneously denied the request for an evidentiary hearing

on most of Mr. Davis' claims[1] and dismissed the petition. T.d. 161, pp. 4-6; T.d. 179, p. 1.

---

[1] The court granted an evidentiary hearing on the Nineteenth Cause of Action.

-3-

Ohio Rev. Code Ann. § 2953. 21(C) requires the court to determine whether the petition alleges sufficient grounds for relief after it has considered all of the supporting affidavits, files, and records. "Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a . . . hearing...." § 2953. 21(E) (emphasis added). The Ohio Supreme Court explained that a petition is facially sufficient when it states substantive grounds for relief, relies upon evidence outside the record and raises constitutional issues not disproved by the record. State v. Milanovich, 42 Ohio St. 2d 46, 50 325 N.E.2d 540, 543 (1975). Once substantive grounds are asserted, the court should proceed to a hearing unless it finds upon a Ohio R. Civ. P. 56, motion for summary judgment, that "there is no genuine issue of material fact." Id.

Accordingly, the court should have granted Appellant Davis an evidentiary hearing since his post-conviction petition gave rise to constitutional issues not resolvable from the record. Several claims alleged constitutional errors which occurred during the resentencing hearing. For instance, the Eighth and Twenty-Eight Causes of Action alleged that the trial court's failure to consider all the available mitigation evidence, deprived Appellant Davis of the individualized sentencing mandated in capital cases, and resulted in an inappropriate sentence of death. See Lockett v. Ohio, 438 U.S. 586, 605 (1978). These claims could only be supported and determined by evidence dehors the record, as they are predicated upon the trial court's refusal to consider any mitigation evidence beyond what was introduced at the initial sentencing hearing. T.d. 150; Exhibit R, S, T, U, V, X, Y, Z. The Twenty-Fifth Cause of Action was also predicated on this error. This claim alleged that Appellant Davis' federal and state constitutional rights were violated as a result of the trial court's refusal to permit the expert assistance necessary to present

-4-

an effective mitigation defense. See Ake v. Oklahoma, 470 U.S. 68 (1985); Ohio Rev. Code Ann. §§ 2929.024 and 2929.03(D)(1). This claim was supported by evidence unavoidably dehors the record. T.d. 150; Exhibit AA, BB.

The Third, Eighth and Twentieth Causes of Action, which called into question the constitutionality of the jury waiver, were also facially sufficient to warrant an evidentiary hearing. In support of his third claim, Appellant Davis demonstrated the prejudice resulting from the trial courts refusal to sever the carrying a weapon under a disability charge from the aggravated murder charge: he was not only prevented from exercising his statutory right to have the specification of a prior purposeful murder determined solely by the judge during the sentencing phase, but also forced to waive his right to a jury as guaranteed by the Ohio and U.S. Constitutions. Similarly, the refusal to sever, by compelling Mr. Davis to waive the jury, invalidated the voluntary nature of the waiver as claimed in the Twentieth Cause of Action. The crucial evidence in support of both the Third and Twentieth causes, the affidavits of the defense attorneys as well as the Appellant, lies outside of the record. T.d. 150, Exhibit H, I, J. The eighteenth cause alleged that the waiver was also invalid because Appellant Davis relied upon the trial court's erroneous instruction with regard to the level of proof required for a guilty verdict. T.d. 150, Exhibit F. All of these claims alleging the invalidity of the jury waiver were facially sufficient, and therefore, warranted a hearing. See Johnson v. Zerbst, 304 U.S. 458, 464 (1938) (waiver of a fundamental right may not be assumed); Simmons v. State, 75 Ohio St. 346, 352, 79 N.E. 555, 557 (1906) (every reasonable presumption should be made against the waiver). Further, compliance with the technicalities of the waiver set forth in § 2945.05 does not negate the necessity of an evidentiary hearing. As stated by the U.S. Supreme Court when determining

-5-

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2223

that a post-conviction hearing on the voluntariness of a guilty plea was necessary despite

compliance with Fed.R.Crim.P. 11: "[L]ike any procedural mechanism, its exercise is neither

always perfect nor uniformly invulnerable to subsequent challenge calling for an opportunity to

prove allegations." Fontaine v. United States, 411 U.S. 213, 215 (1973). Thus, it was in error for

the court to dismiss the claims concerning the involuntary nature of the waiver without an

evidentiary hearing.

The trial court also erred in dismissing the Fifth and Twenty-Seventh Causes of Action,

as they contained sufficient operative facts in support of the claim of ineffective assistance of

counsel. The fifth and twenty-seventh claims alleged that trial counsel's representation was

professionally unreasonable in failing to apprise Appellant Davis of the consequences of a jury

waiver and in failing to investigate the prior purposeful murder specification to the aggravated

murder charge. The fifth claim was supported by evidence dehors the record that if Appellant

Davis had known a presumption of harmlessness would be applied to errors occurring at trial

before a three-judge panel, as they were in his case, he would not have waived the jury. T.d. 150,

Exhibit P, Q. See State v. Post, 32 Ohio St. 3d 380, 384 (1987); State v. Davis, 63 Ohio St. 3d

44, 48 (1992); State v. Davis, No. 89-09-123, 1990 WL 165137 at *3 (Butler Cty. App., October

29, 1990). Further, Appellant Davis should have been granted a hearing on the twenty-sixth and

twenty-seventh causes which were based on outside evidence exculpating him for the prior

purposeful murder specification. T.d. 150, Exhibit CC, DD. As trial counsel failed to investigate

the specification, they provided ineffective assistance.

Finally, Appellant Davis' due process right was violated when the trial court dismissed

his petition without an evidentiary hearing. Since the appellant has a statutory right to a hearing

-6-

based on the sufficiency of the supporting evidence under § 2953.21 (C), (E), he also has a

liberty interest under the Due Process Clause of the Fourteenth Amendment in the statutory

procedure. See Evitts v. Lucey, 469 U.S. 387 (1985) (state rights and procedures create a due

process right).

    2.    Res judicata is improper in a motion to dismiss.

The Appellee erroneously asserted in its motion to dismiss and the trial court erroneously

held that res judicata bars all of Appellant Davis' claims for relief except for the Nineteenth

Cause of Action. T.d. 161, p. 4, 6. Contrary to the trial court's decision, the appellee may not

assert res judicata as a defense under Ohio R.Civ. P. 12(B)(6) motion.

Post-conviction actions are civil proceedings; therefore, the Ohio Rules of Civil

Procedure apply. State v. Milanovich, 42 Ohio St. 2d 46, 50-52, 325 N.E.2d 540, 543 (1975).

Ohio Rev. Code Ann. § 2953.21(D) sets out the correct procedure after a petition is filed:

> Within ten days after the docketing of the petition, or within such
> further time as the court may fix for good cause shown, the
> prosecuting attorney shall respond by answer or motion. Within
> twenty days from the date the issues are made up, either may move
> for summary judgment. The right to such judgment shall appear
> on the face of the record. [emphasis added].

Thus, the State possesses the same rights and responsibilities as a respondent in a civil case.

After being served with a complaint, the state may file an answer, Ohio R Civ.P. 7(A), 8(B),

12(A); a motion pursuant to Ohio R. Civ.P. 12(b); or a motion for summary judgment under

Ohio R. Civ. P.56. The state is under the same constraints as any other civil litigant, and must

prove its right to relief according to the civil procedural rules. See generally Misteff v. Wheeler,

38 Ohio St.3d 112, 526 N.E.2d 798 (1988).

-7-

In the case sub judice, the Appellee filed a Motion to Dismiss. T.d. 152. However, no civil rule has been cited by the Appellee, nor does one exist which would justify dismissing the civil post-conviction petition. It is assumed that the Appellee's intended purpose was to file a motion to dismiss for failure to state a claim upon which relief can granted under Ohio R. Civ. P. 12(B)(6). Based on State ex. rel. Freeman v. Morris, 62 Ohio St. 3d 107, 109, 579 N.E.2d 702, 703 (1991), this was in error. In Freeman, id., the court held that the defense of res judicata could not be asserted in a respondent's motion to dismiss under Ohio R. Civ.P. 12(B)(6), since the rule specifies the defenses that may be raised by motion and does not mention res judicata. Thus, the State improperly raised the defense of res judicata in its Ohio R. Civ.P. 12(B)(6) motion to dismiss Appellant Davis' petition. Further, § 2953.21 does not create a special exception to the civil rules, allowing res judicata to be asserted in a motion to dismiss, nor does it create a special procedure designed to facilitate such a practice. The motion is therefore governed by the rules of civil procedure, and cases interpreting the rules because post-conviction proceedings are civil in nature. Milanovich, 42 Ohio St. 2d 46, 325 N.E.2d 540. As Appellee's motion was clearly a motion to dismiss, and the trial court treated it as such, the court's entry must be vacated.

> 3. The doctrine of res judicata cannot bar Appellant's claims when they were supported by evidence dehors the record.

The trial court erroneously found that some of Appellant Davis' claims were barred by res judicata and ignored the evidence dehors the record in support of these claims. For instance, the Eighth, Twenty-Fifth and Twenty-Eighth Causes of Action were supported by evidence that could not have been presented previously due to the trial court's ruling excluding this evidence

-8-

during the resentencing hearing. T.d. 150, Exhibits R, S, T, U, V, X, Y, Z, AA, BB. Further, this evidence was necessary to establish prejudice as a result of the trial court's ruling. The Ohio Supreme Court has recognized that the availability of supporting evidence must be considered in determining whether a claim raised in a petition for post-conviction relief may be dismissed as res judicata. State v. Lester, 41 Ohio St. 2d 51, 322 N.E.2d 656, 659 (1975). Since Appellant Davis supported his claims with evidence which was barred by the trial court, and therefore, not part of the record, res judicata is inapplicable.

The third, fifth, eighteenth, twentieth, twenty-sixth, and twenty-seventh claims were also supported by evidence dehors the record which the trial court simply ignored in its determination that the claims were barred by res judicata. When a claim demonstrates sufficient grounds for relief, a court cannot dismiss the claim without even acknowledging the evidence dehors the record. See State v. Scott, 63 Ohio App. 3d 304, 311, 578 N.E.2d 841, 846 (1989). These claims were not supported solely by self-serving or apparently contrived affidavits, but by evidence that was not obvious from the record. See State v. Kapper, 5 Ohio St. 3d 36, 38, 448 N.E.2d 823, 826 (1983) (affidavits from defense counsel or trial judge, in contrast to defendant's "self-serving" affidavit may warrant a hearing); State v. Cole, 2 Ohio St. 3d 112, 114, 443 N.E.2d 169, 171 (1982) (affidavit of defendant's family member as evidence dehors the record appeared contrived, and therefore, insufficient to warrant a hearing). For instance the third and twentieth claims which alleged that denial of the motion to sever was in error, and thereby forced the Appellant to waive a jury trial were supported by affidavits from Appellant's trial attorneys, Exhibit I, J; the fifth and twenty-seventh claim which alleged ineffective assistance of counsel set forth operative facts supported by outside evidence of unprofessional conduct and prejudice, Exhibit P (aff. of

-9-

atty on R. 65 committee stating that failure to apprise defendant of consequences of jury waiver

is unprofessional), Exhibit CC (evidence refuting prior purposeful murder specification which

trial attorneys did not obtain due to their failure to investigate); and the twenty-sixth claim which

called into doubt the validity of the prior purposeful murder specification was supported by an

affidavit of a witness to the 1971 incident. Exhibit CC. Only, the eighteenth claim is supported

solely by the Appellant's affidavit. Exhibit F. However, this claim which alleged that the

Appellant relied on the trial court's faulty instruction in deciding to waive the jury trial, is not

refuted by the record.

In State v. Perry, 10 Ohio St. 2d 175, syl. para. 7, 226 N.E.2d 104 (1967), the Ohio

Supreme Court held that post-conviction claims are only barred if they were or could have been

fully litigated either before the judgment of conviction or on direct appeal. As none of the above

claims could have been fully litigated absent the outside evidence offered in the post-conviction

petition, the trial court erred in dismissing them.

### ASSIGNMENT OF ERROR NO. II

THE TRIAL COURT ERRED WHEN IT DISMISSED
APPELLANT DAVIS' THIRD CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.  Motion to sever charges in an indictment must be granted
    when appellant demonstrates prejudice which cannot be
    overcome by the state's demonstration that the evidence
    would have come in under Evid. R. 404(B) or § 2945.59.

Appellant Davis' Third Cause of Action alleged that the trial court's denial of his motion

to sever the trial for two charges contained in the indictment was an abuse of discretion, and

violated the Appellant's rights guaranteed by the Fifth, Sixth, Eighth and Fourteenth

-10-

Amendments of the United States Constitution, and Article I, §§ 10 and 16 of the Ohio
Constitution. Appellant was charged in a two count indictment: aggravated murder with a
death penalty specification under Ohio Rev. Code Ann. § 2929.04(A)(5), a prior purposeful
murder; and having a weapon under disability in violation of § 2923.13. Prior to trial,
Appellant Davis elected to exercise his right under § 2929.022(A), to have the trial judge
determine the existence of the aggravating circumstance during the penalty phase. T.d. 58. At
that time, Mr. Davis also renewed his motion to sever the counts of the indictment pursuant to
Ohio R. Crim. P. 16. Td. 8, 17, 58. Immediately after the trial judge denied the motion,
Appellant Davis waived his right to a jury trial. Td. 88, 89.

As a result of the trial judge's denial of the motion to sever, Appellant Davis was forced
to waive his right to a jury trial. One of the elements of § 2923.13, the offense of having a
weapon while under a disability, is a prior conviction for a felony of violence. The underlying
felony in Appellant's case was a 1970 conviction for homicide. This homicide conviction also
served as the death specification. Thus, although Mr. Davis had elected to have the
specification of a prior purposeful murder determined during the penalty phase, a jury would
learn of the prior homicide conviction during the guilt/innocence phase due to the joinder of the
counts. As Mr. Davis feared the prejudice resulting from the introduction of such evidence
before the jury, he waived his right to a jury trial. T.d. 150, Exhibit H, I, J.

To prevail on a claim that the trial court abused its discretion in denying the motion to
sever, the claimant must demonstrate prejudice and that the trial court had sufficient information
to weigh the considerations favoring joinder against the claimant's right to a fair trial. State v.
Schiam, 65 Ohio St. 3d 51, 59, 600 N.E.2d 661, 668 (1992). In the case sub judice, the trial

-11-

judge heard opposing arguments on the motion for severance; and Mr. Davis was prejudiced by the court's refusal to sever the charges to the extent that he was denied a fair trial.

The prejudice to Mr. Davis was manifest. The trial judge's refusal to sever the charges abridged Mr. Davis' right to elect to have evidence of the prior purposeful killing considered solely at the sentencing hearing; and his right to a trial by jury guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I, § 5 of the Ohio Constitution. In State v. VanSickle, 90 Ohio App. 3d 301, 309, 629 N.E.2d 39,44 (10th Dist. 1993) the prejudice due to joinder was manifest where the defendant was denied her statutory right to waive the jury trial for the abuse of corpse charge, but not for the aggravated murder of the same victim. Similarly, the prejudice to Mr. Davis was manifest as his desire to exercise his statutory right under § 2929.022(A), and his right to a jury trial were foreclosed by the trial judge's denial of the motion to sever.

The prosecution did not overcome prejudice by proving that the evidence of the prior homicide would have come in under Ohio R. Evid. 404(b) or § 2945.59. See, e.g., State v. Martin, 19 Ohio St. 3d 122, 127, 483 N.E.2d 1157, 1162 (1985) (prejudice was overcome where gun theft charge would have been admissible under R. 404(b) to establish possession at trial for aggravated murder charge). As Ohio Supreme Court cautioned in Schaim,

> [t]he admissibility of other acts evidence is carefully limited because of the substantial danger that the jury will convict the defendant solely because it assumes that the defendant has the propensity to commit criminal acts, or deserves punishment regardless of whether he or she committed the crime charged in the indictment. This danger is particularly high when the other acts are very similar to the charged offense, or of an inflammatory nature....

64 Ohio St. 3d at 59, 600 N.E.2d at 688 (internal citations omitted) (emphasis added).

-12-

Evidence pertinent to the prior homicide is not relevant to Mr. Davis' guilt or innocence of the aggravated murder of Suzette Butler. It is not only irrelevant but highly prejudicial. See State v. Hector, 19 Ohio St. 2d 167, 249 N.E.2d 912 (1969) (evidence of other acts is admissible only when it tends to show one of the matters enumerated in §2945.59 and only when it is relevant to proof of guilt of the defendant of the other offense in question). If the trials were severed, the testimony regarding the weapon purchase may have been introduced in the aggravated murder trial only for the limited purpose of proving possession. The evidence necessary to prove the underlying disability of § 2923.13 would have been excluded as irrelevant to the crime of aggravated murder and as prejudicial due to its similarity to the crime charged. In fact, when the Ohio Legislature passed § 2929.022, it must have recognized and sought to prevent the prejudicial impact of introducing evidence regarding a prior homicide conviction during the guilt/innocence phase of a trial for aggravated murder.

Finally, the lower court erred when it refused to credit the affidavits of Mr. Davis, Mr. Shanks and Mr. Garretson, and dismissed the claim. The right to a jury trial is a fundamental right guaranteed by the Sixth Amendment and Article I, § 5 of the Ohio Constitution. Acquiescence to the loss of this fundamental right may not presumed; the courts are obliged to establish that the waiver of a fundamental right is, in fact, made knowingly and voluntarily. Johnson v. Zerbst, 304 U.S. 458, 464 (1938). In cases of purported waiver, "every reasonable presumption should be made against the waiver, especially when it relates to a right or privilege deemed so valuable as to be secured by the constitution." Simmons v. State, 75 Ohio St. 346, 352 (1906). Therefore, the trial court was compelled to hold an evidentiary hearing in order to determine the issue.

-13-

### ASSIGNMENT OF ERROR NO. III

## THE TRIAL COURT ERRED BY GRANTING THE PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-APPELLANT'S FIFTH CAUSE OF ACTION.

### ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1. The judgment against Petitioner Davis is void or voidable because he was denied the effective assistance of counsel in violation of his constitutional rights as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Sections 2, 9, 10, and 16 of the Ohio Constitution.

Since the reintroduction of capital punishment, in response to the United States Supreme Court's decision in Furman v. Georgia, 408 U.S. 238 (1972), the area of capital litigation has become a recognized speciality. T.d.150, Exhibit P. As a result, anyone who litigates in the area of capital punishment must be familiar with these issues in order to raise and preserve them for appellate and post-conviction review. The decision whether or not to waive a jury and try the case to a three-judge panel is a crucial decision.

Ohio's three-judge panel provision in capital cases has no counterpart in other state statutes, and therefore the standards of practice relating to this technique are uniquely Ohio standards. The Ohio Supreme Court has adopted a rule in capital cases that in a trial before a three-judge panel, the Court will, in reviewing the case, presume that the panel considered only relevant, material, and competent evidence in reaching its decision unless the record affirmatively demonstrates otherwise. State v. Post, 32 Ohio St. 3d 380, 384 (1987), cert. denied, 484 U.S. 1079 (1988). The Ohio presumption is effectively irrebuttable. Only if the record affirmatively shows that the trial court considered improper evidence will an appellate court find its admission to be error.

-14-

Equal protection requires that all capital defendants be tried on the same quality of evidence. Due process requires that the rules of evidence be applied fairly and that capital defendants not be deprived of a fair determination of their cases. Capital defendants in Ohio are deprived of these rights when they elect to be tried and sentenced before a three-judge panel. These are realistic factors that must be taken into consideration when advising a client about his right to waive a jury and try a case to a three-judge panel. A capital defendant should always be advised prior to waiving a jury trial that his case will be subject to a lesser standard of review on appeal if tried before a three-judge panel.

Petitioner Davis was prejudiced because his jury waiver was not intelligent, knowing, and voluntary. Petitioner Davis was not aware of the circumstances and consequences of his waiver. T.d. 150, Exhibit Q. Mr. Davis was precluded from making an informed choice. As a result he was subjected to a lesser standard of review in the appellate courts. State v. Davis, No. 89-09-123 (Butler C.A. October 29, 1990) p. 8; State v. Davis, 63 Ohio St. 3d 44, at 48 (1992).

## ASSIGNMENT OF ERROR NO. IV

THE TRIAL COURT ERRED BY GRANTING THE PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-APPELLANT'S SIXTH CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1. Where a capital defendant is not permitted to introduce relevant, available mitigating evidence at his resentencing hearing, it is a violation of rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Sections 2, 9, 10 and 16 of the Ohio Constitution.

-15-

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2233

A capital defendant, facing the possibility of a death sentence, must be permitted to introduce all available relevant mitigating evidence at his resentencing hearing. The Common Pleas Court conducted a resentencing hearing in Appellant's case on August 4, 1989. It did not permit counsel for Appellant Davis to introduce any new mitigating evidence, but made its sentencing determination from the evidence presented at Appellant's original capital trial. Appellant Davis was resentenced to death by the trial court.

Imposition of the death penalty requires "an individualized determination on the basis of the character of the individual and the circumstances of the crime." Zant v. Stephens, 462 U.S. 862 (1983). In Lockett v. Ohio, 438 U.S. 586 (1978), the United States Supreme Court held that the "Eighth and Fourteenth Amendments required that the sentencer, in all but the rarest kind of capital case, not be precluded from considering as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." Id. at 604.

In Skipper v. South Carolina, 476 U.S. 1 (1986), the Court determined that at a new sentencing hearing where the capital defendant again faces the possibility of a death sentence, the defendant must be "permitted to present any and all relevant mitigating evidence that is available." Id. at 8.

Defense counsel in Mr. Davis's case attempted to introduce mitigating evidence that had arisen since the time of the first capital sentencing proceeding. On July 3, 1989, prior to the commencement of the resentencing hearing, defense counsel filed various motions to present mitigating evidence. During a motions' hearing, the trial court denied all motions. The trial court also indicated that it would only consider the evidence presented at the first sentencing hearing.

-16-

The trial court provided that the witnesses counsel had subpoenaed for the resentencing hearing need not honor their subpoenas. M.R.H. T.p. 12.

Defense counsel was given the opportunity to proffer new mitigating evidence at the hearing. The main substance of defense counsel's argument concentrated on Mr. Davis's good prison record at the Southern Ohio Correctional Facility since he had been sentenced to death row. R.H.T.p. 1-5. This type of evidence has been characterized as relevant, mitigating evidence by the United States Supreme Court. Skipper v. South Carolina, supra.

At the resentencing hearing, counsel proffered expert opinion testimony by Dr. Roger Fisher, who would have given a psychological update on Mr. Davis. Dr. Fisher could have testified regarding Mr. Davis compulsive personality order or explosive disorder. R.H.T.p. 16. This type of evidence is relevant, mitigating evidence pursuant to either Ohio Rev. Code Ann. § 2929.04(B)(3) or § 2929.04(B)(7).

Although defense counsel had available relevant mitigating evidence, the trial court refused to consider the evidence in determining the appropriate penalty to be imposed at resentencing. Mr. Davis was prejudiced and his death sentence was rendered unreliable and inappropriate

### ASSIGNMENT OF ERROR NO. V

THE TRIAL COURT ERRED BY GRANTING THE PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-APPELLANT'S EIGHTH CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.   The death sentence imposed on Appellant was inappropriate, in violation of Appellant's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.

-17-

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2235

The United States Supreme Court has consistently recognized that death is a different kind of punishment from any other kind which may be imposed in this country. Gregg v. Georgia, 428 U.S. 153, 181-88, reh'g denied, 429 U.S. 875 (1976); Furman v. Georgia, 408 U.S. 238, reh'g denied, 409 U.S. 902 (1972).

The trial court, in its Opinion filed on August 11, 1989, listed the four mitigating factors it found to be present in Mr. Davis's case. Trial Opinion 1-2 (hereafter cited as Tr. Op.) The court determined that all of these mitigating factors came under Ohio Rev. Code § 2929.04(B)(7), and further concluded that "the factors we find in mitigation are of slight weight." Tr. Op. 2. However, the death sentence ultimately imposed in Mr. Davis's case was inappropriate. A substantial amount of mitigation was presented which did in fact outweigh the aggravating circumstance.

The trial court did not give proper weight to the evidence presented concerning Mr. Davis's personality disorder. At Mr. Davis's original trial, he presented evidence of a "compulsive personality disorder," involving perfectionism and fears of failure, and of an "active-detached individual with schizoid trends." Dr. Roger Fisher hypothesized that if indeed Appellant had shot Suzette Butler, it would be indicative of a person who had difficulty relating to women in a nonviolent way. T.p. 400, 406. The testimony about Appellant's personality disorder was compelling mitigating evidence under § 2929.04(B)(3). Eddings v. Oklahoma, 455 U.S. 104 (1982); State v. Lawrence, 44 Ohio St. 3d 24 (1989).

Substantial mitigation evidence presented at Appellant's original trial also demonstrated his ability to function well within the prison setting. T.p. 382-384, 389. This evidence was further supplemented by the new evidence proffered at his resentencing hearing. Three employees of the

-18-

Ohio Department of Corrections provided information about Mr. Davis's good behavior and

adjustment to prison life since his incarceration after his trial in 1984. R.H.T.p. 3-5. Under

Skipper v. South Carolina, 476 U.S. 1 (1986), this is relevant mitigating evidence.

Appellant Davis is 47 years old. Given a life sentence, he will spend the rest of his life in

prison. Pursuant to § 2929.04(B)(7), a sentencer must consider any "factors relevant to the issue

of whether the offender should be sentenced to death." One of the factors relevant to the

imposition of the death sentence is the amount of time a defendant would have to serve if a life

sentence were imposed on the defendant. Mr. Davis's age and the extensive evidence indicating

that he would adjust well to life in prison are compelling mitigating factors.

In addition to the evidence presented at trial, and proffered at the resentencing hearing,

substantial other mitigating evidence exists which demonstrates that the death penalty is

inappropriate in Appellant Davis's case.

- A) Von Clark Davis is the product of a dysfunctional family which failed him.
- B) From his grandparents and his parents, Mr. Davis inherited generations of negative feelings, lack of insight, and poor self-control. This culminated in his lack of insight, inability to recognize dysfunctional aspects of his behavior and his repetitive failures, losses and disappointments.
- C) When placed in the highly structured setting of prison, Mr. Davis has done quite well. He finished his schooling, learned a trade, and managed his behavior without significant discipline problems.
- D) A standard battery of neuropsychological assessment procedures administered to Mr. Davis indicate possible underlying brain impairment.
- E) Several friends and family members of Appellant Davis had information about him which was not presented at his original trial, and further, would have testified that they loved him and did not want him to be executed. Td. 150, Exhibits R, S, T, U, V, DD.

-19-

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2237

The requirement of an individual determination of whether an individual should be

sentenced to death is a fundamental prerequisite to a constitutionally valid death penalty. The

need for individualized treatment of each particular capital defendant has been repeatedly stressed

since the Supreme Court approved capital punishment in Gregg, 428 U.S. 153 (1976).

## ASSIGNMENT OF ERROR NO. VI

### THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT DAVIS' ELEVENTH CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.  Ohio courts' failure to comply with Ohio law requiring life
    verdicts to be written in capital cases skews proportionality
    review of death sentences in favor of death.

Appellant Davis' rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of

the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution were

violated because Ohio courts do not file sentencing opinions as required by law when life

sentences are imposed in capital cases, and thereby Appellant was prejudiced.

Ohio Rev. Code § 2929.05 requires Ohio appellate courts to engage in a proportionality

review of every death sentence. To insure that the courts have a sufficient body of data by

which to compare the circumstances and the sentences of every capital case, the legislature

created an information gathering system. See §§ 2929.021;  2929.03(G); 2929.05(A). Despite

the dictates of § 2929.03 (G) which states that a court imposing a life or death sentence must

file written findings and conclusions as to the weighing process, the trial courts in Ohio have

consistently neglected to file opinions in life verdict cases.

-20-

When a case such as Appellant Davis' is only compared with other death cases under proportionality review, the outcome of the review is necessarily skewed in favor of death. The U.S. Supreme Court has held that the infliction of the death penalty in a systematically arbitrary and capricious manner violates the Eighth Amendment of the U.S. Constitution. Furman v. Georgia, 408 U.S. 238 (1972). The Ohio Legislature sought to alleviate the arbitrary and capricious application of the death penalty by imposing a statutory duty upon appellate courts to review each sentence and determine whether it is excessive or disproportionate to sentences imposed in similar cases. This statutory duty includes writing findings as to why the aggravated circumstances did not outweigh the mitigating factors in life sentence cases.

Although proportionality and appellate reviews are not constitutionally required, once provided, they cannot constitutionally evolve into a meaningless ritual. Pulley v. Harris, 465 U.S. 37 (1984); but see Solem v. Helm, 463 U.S. 277 (1983) (Eighth Amendment requires proportionate punishment); Douglas v. California, 372 U.S. 353 (1963). Further, Appellant Davis has a liberty interest under the due process clause in § 2929.03 (F) and other statutory proportionality provisions because it affects his substantial rights. Fetterly v. Paskett, 997 F.2d 1295 (9th Cir. 1993). Therefore, Appellant's constitutional rights were violated because the appellate courts failed to conduct the legally mandated proportionality review of his case.

### ASSIGNMENT OF ERROR NO. VII

THE COURT ERRED IN DISMISSING APPELLANT DAVIS' FIFTEENTH CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.  A presumption that errors which occurred at appellant's capital trial before a three judge panel were harmless violates appellant's equal protection and due process rights.

-21-

Appellant Davis' Fifteenth Cause of Action alleged that both the Ohio Supreme Court and the Twelfth District Court of Appeals employed an unconstitutional standard of review in deciding his case, in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution. See State v. Davis, 63 Ohio St. 3d 44, 48 (1992); State v. Davis, No. 89-09-123, 1990 WL 165137 at *3, (Butler C.A. October 29, 1990).

The Ohio presumption that a three-judge panel only considers proper and competent evidence regardless of what was wrongly admitted at trial is effectively irrebuttable and, therefore, unconstitutional. See State v. Post, 32 Ohio St. 3d 380, 384 (1987) (presumption that only relevant evidence was considered by judge unless affirmatively appears on the record to the contrary). Contrary to the Ohio rule, the United States Supreme Court refused to presume that the trial judge did not consider wrongfully admitted evidence in its judgement in Wong Sun v. United States, 371 U.S. 471, 472 (1963), and reversed. The Court reasoned that since it could not be certain "that the trial judge may not also have considered the contents of the [illegally obtained] statements," it must "presume that the judge considered all portions of both statements...." Id. at 492.

Due process and equal protection require that the rules of evidence and procedure be applied fairly, and that capital defendants not be deprived of a fair determination of their cases. As Mr. Davis was denied his rights to due process and equal protection, he was prejudiced.

### ASSIGNMENT OF ERROR NO. VIII

THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S
SIXTEENTH CAUSE OF ACTION.

-22-

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.  Where an Appellant's death sentence is secured through the
    use of a statutory scheme that violated his constitutional
    rights as guaranteed by the Fifth, Eighth, and Fourteenth
    Amendments to the United States Constitution and Sections
    2 and 9, Article I of the Ohio Constitution, the sentence is
    arbitrary and must be reversed.

Appellant Davis was convicted of one count of capital murder and sentenced to death.

The three-judge panel that sentenced Appellant to death relief upon Ohio Rev. Code Ann. §

2929.03 in order to impose the sentence of death on Appellant Davis. However, § 2929.03(D) is

unconstitutional in that it is unclear as to the standard of proof to be used during mitigation

hearings to three-judge panels and therefore permits variations in the imposition of death

sentences for reasons other than those permitted by the United States and Ohio Constitutions.

Section 2929.03(D) establishes the procedure for mitigation hearings for capital

defendants convicted of aggravated murder. At the conclusion of this hearing, the trier of fact

must weigh the mitigating factors established at the hearing against the aggravating

circumstances of which the defendant was found guilty. Section 2929.03(D) also prescribes the

burden of proof for mitigation hearings tried to a jury. In contrast, for a case tried to a three-

judge panel the statute establishes no burden of proof. Because of this deficiency, the imposition

of the sentence of death by a three-judge panel can vary for reasons having nothing to do with the

offender or the offense. Accordingly, § 2929.03(D) violates the constitutional principle of

reasonable definiteness in death penalty statutes announced in Furman v. Georgia, 408 U.S. 238

(1972).

-23-

In cases tried to a jury, § 2929.03(D)(2) and (3) permit the imposition of death only if

both the trial jury (unanimously) and the trial judge conclude that the state has proven beyond a

reasonable doubt that the aggravating circumstances outweigh the mitigating factors. In contrast,

the statute does not prescribe a standard of proof against which a three-judge panel determines

whether the state has borne its burden of proof.

This determination is the essence of the fact finder's task, and it requires a standard of

proof. If a standard is not prescribed, the fact finder must supply one ad hoc. Depending on the

standard chosen, different decisions will be reached as to whether the State has borne its burden.

This violates equal protection and due process.

### ASSIGNMENT OF ERROR NO. IX

THE TRIAL COURT ERRED IN DISMISSING APPELLANT
DAVIS' SEVENTEENTH CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.      Appellant's jury waiver was unknowing absent the
        knowledge that he faced an increased risk of being
        sentenced to death when tried before a three judge panel.

Appellant Davis' Seventeenth Cause of Action alleged that his jury waiver was secured

in violation of rights under the Fifth, Sixth, and Fourteenth Amendments to the United States

Constitution and Sections 5 and 16, Article I of the Ohio Constitution, as he was not informed

of the increased risk of death attendant to being sentenced by a three-judge panel.

Ohio Rev. Code Ann. § 2929.03(D) provides:

> Upon consideration of the relevant evidence... if, after receiving ...
> the trial jury's recommendation that the sentence of death be
> imposed, the court finds, by proof beyond a reasonable doubt, or if
> the panel of three judges unanimously finds, that the aggravating
> circumstances the offender was found guilty of committing

-24-

outweigh the mitigating factors, it shall impose sentence of death
on the offender. [emphasis added].

Appellant Davis was not informed by the trial court that according to § 2929.03(D), the state

has a lesser burden of proof when a three-judge panel determines the appropriate sentence, than

when the trial judge determines whether to accept the jury's recommendation. M.T.p. 59. A

waiver obtained in the absence of this knowledge is constitutionally defective.

A defendant's jury waiver must be knowing, intelligent, voluntary, and made with

sufficient awareness of the relevant circumstances and likely consequences of the waiver. Brady

v. United States, 397 U.S. 742, 748 (1970); State v. Ruppert, 54 Ohio St. 2d 263, 271 (1978). A

waiver which results in a reduced burden of proof for judgment in favor of the state, is a relevant

circumstance of constitutional significance. In re Winship, 397 U.S. 358 (1970). Appellant Davis

had the right to know that a jury waiver would subject him to an increased risk of being sentencing

to death. Absent this information, Davis' waiver was not knowingly and intelligently given.

## ASSIGNMENT OF ERROR NO. X

THE TRIAL COURT ERRED BY GRANTING THE
PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-
APPELLANT'S EIGHTEENTH CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.    Where a defendant is misinformed by the court as to the
      standard of proof, a waiver of the right to a jury trial is
      invalid and a violation of rights as guaranteed by the Fifth,
      Sixth, Eighth and Fourteenth Amendments to the United
      States Constitution and Sections 2, 5, 9, 10 and 16, Article I
      of the Ohio Constitution.

On May 8, 1984, Appellant Davis signed a document entitled "jury waiver and election of

three judge panel." T.d. 89. The following on-the-record colloquy ensued:

-25-

By the Court: Now you understand that when you do this, that the panel of judges will hear the evidence and make a decision on the matter and you're giving up your right to have twelve people make that decision. Now, all twelve of those people would **have to be convinced of your guilt** or not guilty, either way, and all twelve of them would have to be **convinced** before they could sign a verdict one way or the other. Do you want to give up your right to have twelve people make this decision.

A. Yes I do.

By the Court: Now, you know the same burden of proof is on the State whether you go to the jury or to the jury, I mean, or to the jury or to the Court, a panel of three judges. I mean, the three judges would have to listen to the evidence and be **convinced beyond a reasonable doubt** of your guilt or innocence, before they could make a finding and all three of the Judges would have to be unanimous in that finding do you understand?

Mr. Davis: Yes I do.

M.T.p. 58-62 (emphasis added.)

In this colloquy the trial court misadvised Appellant Davis as to the standard the jury must use in assessing his guilt. Specifically, the trial court informed Appellant that the twelve jurors simply had to be "convinced of [his] guilt or not guilty." This standard is neither the constitutionally required beyond a reasonable doubt standard, In re Winship, 397 U.S. 358 (1970), nor the statutory requirement of beyond a reasonable doubt. Ohio Rev. Code Ann. § 2901.05. It is a significantly lower standard than that required by law. In contrast, the trial court informed Appellant Davis if he chose to have his guilt determined by a three judge panel, that panel would have to determine his guilt "beyond a reasonable doubt," a higher standard of proof. M.T. p. 59.

The trial court's misadvice on the standard of proof prevented Appellant from making a knowing, intelligent and voluntary waiver of his right to a jury trial. Appellant was prejudiced by

-26-

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2244

this information because he relied on it in electing to be tried by a three judge panel. T.d. 150,

Exhibit F.

Moreoever, the trial court also informed Appellant that the three judge panel had to "be

convinced beyond a reasonable doubt of your guilt or innocence." M.T. p. 59. It is

constitutionally inaccurate for the trial court to state that the trial court has to be convinced of

Appellant's innocence beyond a reasonable doubt. The burden is on the state to prove the

defendant's guilt beyond a reasonable doubt. In re Winship, 397 U.S. 358 (1970).

### ASSIGNMENT OF ERROR NO.XI

> THE TRIAL COURT ERRED WHEN IT DISMISSED
> APPELLANT DAVIS' NINETEENTH CAUSE OF ACTION, IN
> VIOLATION OF HIS RIGHTS GUARANTEED BY THE FIFTH,
> SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS TO
> THE UNITED STATES CONSTITUTION AND SECTIONS 5, 9,
> AND 16 OF ARTICLE I OF THE OHIO CONSTITUTION.

> ISSUES PRESENTED FOR REVIEW AND ARGUMENT:

> 1.   Appellant Davis did not knowingly and intelligently waive
>      his right to a jury trial as he was unaware of all the
>      circumstances necessary to a valid waiver.

On January 11, 1995, the Butler County Court of Common Pleas held an evidentiary

hearing on the Nineteenth Cause of Action in Appellant Davis' Petition to Vacate or Set Aside

Sentence. At issue was whether Mr. Davis validly waived his right to trial by jury as he was not

apprised of all the relevant circumstances necessary to make an intelligent and knowing waiver,

to-wit: the fact that Judges Stitsinger and Moser, two of the judges comprising the three-judge

panel at Mr. Davis' capital trial, had represented as attorneys a party suing Mr. Davis and his

former wife, Ernestine in 1970.

-27-

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2245

At the hearing it was established that Von and Ernestine Davis purchased a home located at 729 S. 13th Street in Hamilton, Ohio in 1969. That same year, the Federal National Mortgage Association, ("FNMA"), gained ownership of the mortgage on the house. E.H.T.p. Def. Exhibit A. On January 5, 1970, FNMA instituted a foreclosure action as Von and Ernestine had neglected to pay their mortgage for the preceding five months. Id. William Stitsinger and John Moser testified that they were the attorneys representing the FNMA in the proceedings against the Davises. E.H.T.p. 26, 44. On March 23, 1970, the court filed a judgment entry and decree of foreclosure against the Davises. E.H.T.p. Def. Exhibit B.

Judge Stitsinger testified that in the typical foreclosure case, before the complaint was filed, he would check the records to see whether there were any other judgments or actions pending against the mortgagor; in some cases he would contact the mortgagors to arrange a payment plan; and he personally participated in the court hearings and sheriffs' sales. E.H.T.p. 31-33. Judge Moser testified that once the FNMA forwarded him the documents necessary for disposition and he had reviewed the records, he would usually hand over the file to Stitsinger, but sometimes he would become directly involved. E.H.T.p. 42, 47.

At the time of the jury waiver prior to the capital trial, Appellant Davis was unaware that Judges Stitsinger and Moser had represented the FNMA in the foreclosure action, nor was he told of this fact by either his attorneys or the judges. E.H.T.p. 6, 7, 8. Appellant Davis testified that had he known that the attorneys who foreclosed on his house were going sit in judgment of him in his capital trial, he would have chosen to have a jury trial. E.H.T.p. 9. Judge Stitsinger testified that if one of the parties coming before him at trial had asked for his recusal based on his activities as an attorney, he would have recused himself. E.H.T.p. 36. Further, Judge Moser

-28-

testified that if he had recalled at the capital trial his prior involvement in the suit against Mr. Davis, he would have brought it to everyone's attention. E.H.T.p. 45.

The trial court erred when it dismissed Mr. Davis' Nineteenth Cause of Action in violation of his right to trial by jury guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Sections 5, Article I of the Ohio Constitution. A waiver of the right to trial by jury must be intelligent, voluntary and knowing. Ohio R. Crim. P. 23(A); Ohio Rev. Code Ann. § 2945.05; Adams v. United States, 317 U.S. 269 (1942). Further, the trial "court must insure that the accused's decision to waive such right is made with a sufficient awareness of the relevant circumstances and likely consequences of his waiver." State v. Ruppert, 54 Ohio St. 2d 263, 271,  375 N.E.2d 1250, 1255, cert. denied, 439 U.S. 954 (1978); Brady v. United States, 397 U.S. 742, 748 (1970). An assessment as to whether there was a valid waiver is strict: "Every reasonable presumption should be made against the waiver, especially when it relates to a right or a privilege deemed so valuable as to be secured by the Constitution." Simmons v. State,75 Ohio St. 346, 352 (1906). This is so because, "trial by jury is the normal, if not preferable, mode of disposing of issues of fact in criminal cases and the right must be jealously preserved." Ruppert, 54 Ohio St. 2d at 271, 375 N.E.2d at 1255.

The testimony presented at the evidentiary hearing demonstrated that Appellant Davis was not advised of all the relevant circumstances attendant to his waiver at the time he made his decision. If Appellant Davis had been aware of the judges' involvement in the foreclosure action, he would have chosen to be tried by a jury of his peers. E.H.T.p. 26, 9. Judges Stitsinger and Moser revealed at the hearing that they, too, thought their involvement in a foreclosure proceeding against Appellant Davis was relevant to the capital proceedings. Judge

-29-

Moser testified that had recalled the case, he would have brought it to everyone's attention.

E.H.T.p. 45. And both judges testified that if Mr. Davis had asked them to recuse themselves

on the basis of their activities as an attorney, they would have done so. E.H.T.p. 36, 48.

Under § 2945.05, Appellant Davis had an absolute right prior to the commencement of

trial to withdraw his jury waiver. As Mr. Davis' waiver was based on incomplete information,

he was deprived of this right as well. The trial court's opinion confused the situation at issue in

Appellant's case with other cases in holding that the appellant was not entitled to relief. T.d.

178 p. 4-5. The issue in this case is not whether the trial court misinformed the Appellant as to

the consequences of waiver, see Ruppert, 54 Ohio St. 2d at 271, 375 N.E.2d at 1255, or

whether the court was remiss in its duty to interrogate the defendant to ensure the waiver was

informed. See State v. Jells, 53 Ohio St.3d 22, 25-26, 559 N.E.2d 468 (1990). Rather, it is

whether, Appellant Davis was aware of all the relevant circumstances necessary to make a

knowing and intelligent waiver of a jury trial. The judges' prior involvement in the foreclosure

proceedings against Appellant Davis was a relevant circumstance of which Appellant Davis

should have been made aware prior to his waiver. Absent this information, the waiver was

unknowingly made.

        2.      Appellant can challenge a jury waiver based on facts of
               which he became aware since the waiver.

Whether there is a valid waiver, "depend[s] upon the unique circumstances of each

case." Adams, 317 U.S. at 278. In accordance with Adams' "unique circumstances" inquiry,

the Ohio Supreme Court in State v. D'Ambrosio, 67 Ohio St. 3d 185, 189, 616 N.E.2d 909, 914

(1993), recognized that "postwaiver events might justify withdrawl of the waiver...," though

-30-

the circumstances in that particular case did not. Thus, Ohio Supreme Court did not create a rule that post-waiver events could never justify withdrawl of a jury waiver. Nonetheless, the trial court relied on D'Ambrosio, id., and State v. Dickerson, 45 Ohio St. 3d 206, 543 N.E.2d 1250 (1989), in support of its conclusion that post-trial facts cannot affect the validity of a waiver. T.d. 178, p. 3-4. The particular circumstances of D'Ambrosio and Dickerson did not justify withdrawl of a waiver, whereas, the particular circumstances of Mr. Davis' case do.

In both Dickerson and D'Ambrosio, the defendants knew prior to trial of the circumstances upon which their subsequent claims of invalid waiver were predicated. In Dickerson, the morning of trial, the judge inquired of the defendant if he still wished to waive the jury knowing that a judge on his panel had presided over an earlier criminal trial involving the same defendant. 45 Ohio St. 3d at 209, 210 , 543 N.E.2d at 1254. Similarly, in D'Ambrosio, the defendant knew before the commencement of trial that one of the judges on his panel had presided over the jury trial of the co-defendant. 67 Ohio St. 3d at 188-189, 616 N.E.2d at 913-914. However, neither of the defendants with this knowledge attempted to withdraw their waivers. Id. at 189, 616 N.E.2d at 914; Dickerson, 45 Ohio St. 3d at 210, 543 N.E.2d at 1254. According to the court this was the decisive factor: "Although postwaiver events might justify withdrawl of the waiver, the record reveals that defendant never tried to withdraw his waiver of right to a jury trial. Therefore, we overrule defendant's ... proposition of law." Id. at 189, 616 N.E.2d at 914. See also Dickerson, 45 Ohio St. 3d at 210, 543 N.E.2d at 1254.

In contrast, Mr. Davis did not learn of the facts necessary to a knowing and intelligent waiver before or during trial, or even at the time of the resentencing in 1989. E.H.T.p. 9.

-31-

Further, if the trial court's position that post-waiver events can never affect the validity of a waiver is correct, then it has effectively eliminated remedies pursuant to § 2953.21 permitting a defendant to challenge the constitutionality of a conviction post-trial.

> 3.    The right to a jury trial is personal to the defendant and cannot be abridged by the court or the state.

The trial court conflated the issue of judicial bias with the issue in this case of whether Mr. Davis' waiver was knowing and intelligent. In the absence of judicial conduct requiring disqualification, the court concluded that Appellant Davis did not suffer any prejudice which would warrant relief. T.d. 178, p 4-5. The Appellant has never contended that Judges Stitsinger and Moser should have been disqualified due to their involvement with the foreclosure action against Mr. Davis. However, Appellant Davis does contend that their prior involvement was of material and relevant consequence to his jury waiver decision. Indeed, without that information, Appellant Davis was deprived of the right to make a knowing and intelligent waiver.

The ability to waive a right guaranteed by the United States and Ohio Constitutions is personal to the accused: "[I]t is beyond the power of the courts to abridge or impair the right to a trial by jury, thus clearly and expressly given. The right may be waived by the accused, but it cannot be taken from him by the court." Simmons, 75 Ohio St. at 351, 79 N.E.2d at 556 (internal citation omitted). Just as the court may not presume a jury waiver from the silence of the accused, see id., the court may not presume that the judges' involvement in the foreclosure action would have had no effect on Appellant Davis's decision and the ultimate outcome of the case. Further, the trial court's failure to credit Mr. Davis' sworn testimony that he would not

-32-

have waived the jury trial had he known, is disingenuous. In effect, the trial court has usurped

the personal right of the Appellant to decide whether to waive his constitutional right to a jury

trial.

The validity of a jury waiver is not contingent upon whether the judges making up the

panel had a conflict of interest or bias which rose to a level requiring recusal as prescribed by

the judicial code of conduct and case law. The validity of the waiver is contingent upon

whether the Appellant was aware of a fact material to his decision to waive his right to a jury.

The fact that he was not, as brought out by the evidentiary hearing, renders his waiver invalid.

## ASSIGNMENT OF ERROR NO XII

> THE TRIAL COURT ERRED BY GRANTING THE
> PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-
> APPELLANT'S TWENTIETH CAUSE OF ACTION.

> ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

> 1.  When a defendant is forced to waive his right to a jury trial,
>     and it is invalid in violation of constitutional rights as
>     guaranteed by the Fifth, Sixth, Eighth and Fourteenth
>     Amendments to the United States Constitution and Sections
>     2, 5, 9, 10 and 16, Article I of the Ohio Constitution.

Appellant Davis was charged with a prior murder specification pursuant to Ohio Rev.

Code § 2929.04(A)(5). Appellant was also indicted on one count of having a weapon under

disability. § 2923.13. On May 4, 1984, prior to the start of his capital trial, Appellant elected,

pursuant to O.R.C. § 2929.022 to have his specification determined by the court. M.T p. 57.

Appellant also requested by motion that the weapon under disability count be severed

and tried separately. Appellant made this request so the prior murder charge could not be

introduced at trial through this count. M.T. p. 46-50. The trial court denied the motion to

-33-

sever. M.T.p. 50. Following the trial court's denial of the motion to sever, Appellant waived

his right to trial by jury. Appellant was forced to waive his right to trial by jury because the

trial court refused to sever the weapon under disability charge. T.d. 150, Exhibits H, I, J.

### ASSIGNMENT OF ERROR NO. XIII

THE TRIAL COURT ERRED BY GRANTING THE
PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-
APPELLANT'S TWENTY-FIRST CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.      Where a defendant is denied the effective assistance of
        counsel in violation of his constitutional rights as
        guaranteed by the Fifth, Sixth, Eighth, and Fourteenth
        Amendments to the United States Constitution and Sections
        2, 9, 10, and 16, Article I of the Ohio Constitution, the
        resulting conviction and sentence must be reversed.

Since the reintroduction of capital punishment, in response to the United States Supreme

Court's decision in Furman v. Georgia, 408 U.S. 238 (1972), the area of capital litigation has

become a recognized speciality. As a result, anyone who litigates in the area of capital punishment

must be familiar with these issues in order to raise and preserve them for appellate and post-

conviction review. The decision whether or not to waive a jury and try the case to a three-judge

panel is a crucial decision.

Ohio's three-judge panel provision in capital cases has no counterpart in other state

statutes, and therefore the standards of practice relating to this technique are uniquely Ohio

standards. Counsel must recognize that the same factors which affect jurors in a capital case also

affect judges. It is beyond dispute that judges require public recognition to be elected and that the

criminal docket is by far the most effective means of garnering publicity. The Code of Judicial

-34-

Conduct prohibits judges during campaigns from speaking about or commenting on any issue

which may come before them thus further hindering any particular candidate or judge's ability to

communicate his/her position on various important social issues such as crime. Thus, as a very

practical matter, an Ohio trial court judge's conduct of a capital trial and more importantly, the

result and sentence becomes an important tool in communicating with the electorate.

Because of the extraordinary and unusual risks associated with waiving a jury trial right in

favor of a three-judge panel, the jury trial right should never be waived without reservation of the

option to withdraw the waiver in the event that the three-judge panel returns a death sentence. The

reservation of this right should be made in open court and on the record. To do other than this

procedure would place a capital client, such as Appellant Davis, in far too much jeopardy and

constitutes unacceptable practice in what clearly is the most serious of all cases.

Here, counsel failed to take the necessary steps to ensure that Appellant Davis could

withdraw his jury waiver if the three-judge panel elected to impose death, and Appellant was

prejudiced as a result. T.d.150, Exhibit O. Although, Appellant's death sentence was

subsequently reversed by the Ohio Supreme Court in State v. Davis, 38 Ohio St. 3d 361 (1989),

on remand to the trial court for resentencing, Appellant Davis was eligible to receive the death

penalty because his case had been tried to a three judge panel rather than a jury. Appellant was

ultimately resentenced to death. Thus, counsels' failure in this case exposed Appellant to the death

sentence initially and on resentencing.

## ASSIGNMENT OF ERROR NO. XIV

THE TRIAL COURT ERRED BY GRANTING THE
PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-
APPELLANT'S TWENTY-SECOND CAUSE OF ACTION.

-35-

ISSUES PRESENTED FOR REVIEW AND ARGUMENT:

1. Where a conviction is obtained through the use of an unnecessarily suggestive identification procedure, it is a violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 2, 9, 10 and 16, Article I of the Ohio Constitution, and must be vacated.

State's witness Cozette Massey identified Von Clark Davis at his capital trial as the person who had shot Suzette Butler. T.p. 137. Prior to her in-court identification, Massey had been shown a single photograph of Mr. Davis and Suzette Butler. She was shown this photograph by the police approximately one to four weeks after the incident occurred. It was from this photograph that she identified Mr. Davis. T.p. 155. Similarly, Defense witness Anthony Ferguson was also shown only one photograph of Appellant Davis by the police. T.p. 277. He identified Mr. Davis from that picture. T.p. 277.

To show an eyewitness a single photograph of the alleged suspect constitutes an unnecessary suggestive confrontation. Manson v. Brathwaite, 432 U.S. 98 (1977). The reliability of both Ms. Massey's and Mr. Ferguson's subsequent in-court testimony was eradicated by this procedure.

The reliability of their in-court identification is also undermined given the inconsistencies that existed between their testimony. Both Massey and Ferguson testified that they were standing on the street near the American Legion when Appellant Davis shot Suzette Butler. T.p. 139, 265. Yet both testified that neither saw each other on the street at the time of the shooting. T.p. 143, 268-69. Reginald Denmark, who was with Massey at the time, corroborated her testimony as he too, stated that he did not see Ferguson on the street. T.p. 169, 193-94.

-36-

Given the fact that these eyewitnesses were on the street at the same time and witnessed the shooting, it is impossible to believe that they did not see each other. This fact is critical in assessing the reliability of the rest of their testimony. For instance, Massey did not go to the police for four days. T.p., Joint Exhibit 3. She did not describe the perpetrator's physical characteristics to the police. T.p. 154. She did tell the police that the gunman was wearing a beige coat that evening. T.p. 154. However, Appellant Davis was wearing a dark coat that night. T.p. 121. Massey also told the police that Suzette Butler had a coat over her arm. T.p. 145. In fact, Suzette left her coat in the bar and took her purse. T.p. 121.

Further, the reliability of their in-court identification is undermined by the fact that neither Massey nor Ferguson knew Appellant Davis prior to the night of the shooting. Massey testified that she had seen Appellant on three occasions: the night of the shooting; in the photograph the police showed her; and, in the courtroom. T.p. 159. Ferguson testified that the night of the shooting was the first night he had seen Appellant. T.p. 265.

Appellant was prejudiced by the suggestive identification procedure used in his case. The subsequent in-court identification by both Cozette Massey and Anthony Ferguson was fraught with major inconsistencies and was invalid. Appellant's conviction must be reversed.

### ASSIGNMENT OF ERROR NO. XV

THE TRIAL COURT ERRED WHEN IT DISMISSED
APPELLANT DAVIS' TWENTY-THIRD CLAIM.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.   Improper rebuttal evidence introduced during the penalty
     phase of a capital trial violates the Eighth Amendment
     standards imposed in capital cases.

-37-

The judgment against Appellant Davis is void or voidable because the State introduced improper and highly prejudicial rebuttal evidence at the penalty phase of Appellant's capital trial in violation of the Eighth and Fourteenth Amendments of the United States Constitution and Sections 9 and 16, Article I of the Ohio Constitution. After Appellant Davis presented his case at the penalty phase, the State introduced rebuttal witness Detective James Schmitz of the Hamilton Police Department. T.p. 409. Schmitz testified concerning a shooting with intent to wound conviction that involved the Appellant and his former wife, Ernestine, on September 16, 1969. Schmitz explained the details of his investigation, his interview of Ernestine Davis, and Appellant's subsequent guilty plea. Over the strenuous objections of defense counsel based on the irrelevance of the testimony and the fact that the prior murder specification had been established in the guilt/innocence phase, the court permitted it into evidence. T.p. 410.

The testimony by Detective Schmitz concerning the shooting with intent to wound conviction was irrelevant and constituted improper rebuttal testimony. First, the shooting with intent to wound could not be introduced under the ambit of the prior murder specification. The prior purposeful murder which served as the capital specification in this case occurred in December of 1970, over one year after the incident involving the shooting with intent to wound. T.p. 413. Given this time frame, the shooting with intent to wound charge could not constitute a part of the facts and circumstances surrounding the murder in the capital specification. See State v. Parrish, 71 Ohio App. 3d 659, 666, 595 N.E.2d 354, 358 (10th Dist. 1991) (though at issue, rebuttal evidence of defendant's gun possession was remote in time from the crime charged to be relevant). Further, it could not have come into evidence for any purpose enumerated in Ohio R. Evid. 404(B) or Ohio Rev. Code Ann. § 2945.59. Intent,

-38-

identity, or purpose were not at issue in this case as Appellant pleaded guilty to the 1970 prior purposeful murder.

The error caused by the prejudicial testimony of Detective Schmitz was compounded by the State's introduction of evidence pertaining to the prior murder specification at the penalty phase although it was already established during the guilt/innocence phase. T.p. 376.

Captain Carpenter testified about his investigation surrounding Ernestine Davis' death and the number of stab wounds found on Ernestine's body with reference to crime scene photographs introduced by the State. Tr. 414-15.

A capital specification must be proved beyond a reasonable doubt at the guilt phase of a capital case. R.C. § 2929.03; State v. Johnson, 24 Ohio St. 3d 87 (1986); State v. Jenkins, 15 Ohio St. 3d 164 (1985). It was improper for the State to introduce the specific facts of the prior murder during the penalty phase as it had already been proved beyond a reasonable doubt and had gone unchallenged by the Appellant. Further, the testimony regarding the shooting with intent to wound exceeded the proper bounds of rebuttal, and served to exacerbate the error. State v. DePew, 38 Ohio St. 3d 275 (1989). Admission of irrelevant and prejudicial evidence during the sentencing phase violated the constitutional mandate that death sentences be imposed with the fairness and consistency accorded by objective standards which provide "specific and detailed guidance " to the sentencer in capital cases. Godfrey v. Georgia, 446 U.S. 420, 428 (1980) (plurality opinion); Eddings v. Oklahoma, 455 U.S. 104, 112 (1982).

## ASSIGNMENT OF ERROR NO. XVI

THE TRIAL COURT ERRED BY GRANTING THE
PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-
APPELLANT'S TWENTY-FOURTH CAUSE OF ACTION.

-39-

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1. Where the trial court prohibits the testimony of a crucial defense witness, the defendant's rights under the Sixth, Eighth and Fourteenth Amendments to the United States Constitution and Sections 9, 10 and 16, Article I of the Ohio Constitution have been violated.

During the guilt phase of Appellant's trial, Appellant called Anthony Ferguson to testify.

Anthony Ferguson testified about what he witnessed the evening Suzette Butler was killed. He

testified that he actually witnessed Von Clark Davis shoot Suzette Butler. T.p. 265. Defense

counsel then called Elbert Avery to the witness stand. The trial court would not permit Mr. Avery

to testify, and defense counsel was forced to proffer his testimony. T.p. 282. Defense counsel

proffered the substance of Mr. Avery's testimony as follows:

> The defense would have called Elbert Avery who would have testified that he was at the American Legion Cafe, which has been testified to in this trial at length, on the night in question, that he was one of the first two individuals to the body of Suzette Butler after the shooting, that he observed Mr. Tony Ferguson, outside the American Legion, near the body of Suzette Butler, in a very excited aggitated [sic] state that he asked Mr. Tony Ferguson, what Mr. Ferguson had observed oah [sic], in regard to the shooting and that Mr. Ferguson responded that he heard a shot and he immediately felt that someone was shooting at him, and that Mr. Ferguson then indicated to Mr. Avery [sic] ducked down between automobiles, which were parked near the front of the American Legion and that he did not see the individual doing the shooting, nor was he able to observe who that individual was. That he remained in between the cars until the whole matter was over, at which time he jumped up and ran away, returning to the scene of the shooting moments later. That, in substance, would have been the testimony of Elbert Avery. T.p. 284-85.

Through Elbert Avery's testimony, Appellant was attempting to impeach Anthony

Ferguson with the use of his prior inconsistent statement. By prohibiting the testimony, the trial

-40-

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2258

court violated Appellant's constitutional right to confrontation, to present a defense, and to produce witnesses on his behalf. Appellant was prejudiced and his conviction must be reversed.

## ASSIGNMENT OF ERROR NO. XVII

### THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT DAVIS' TWENTY-FIFTH CLAIM.

### ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.      Denial of the right to present all relevant mitigation
        evidence during a capital resentencing hearing violated
        appellant's statutory and constitutional rights.

The judgment against Appellant Davis is void or voidable because he was deprived of

his constitutional right to expert assistance at his resentencing hearing in violation of the Sixth,

Eighth and Fourteenth Amendments to the United States Constitution, Section 10, Article I of

the Ohio Constitution, Section 39, Article II of the Ohio Constitution and Ohio Rev. Code Ann.

§ 2929.024. The Ohio Supreme Court vacated Mr. Davis' death sentence on September 14,

1988, and remanded his case to the trial court for resentencing. Appellant again faced the

possibility of being sentenced to death. State v. Davis, 38 Ohio St. 3d 361 (1988). On July 3,

1989, prior to commencement of the resentencing hearing, Appellant's counsel filed a Motion

for Further Psychological Evaluations, Appointment of a Social Worker to Prepare a Social

History and for Payment of Extraordinary Expenses for Said Expert. T.d. 150, Exhibit W, AA

and BB. The trial court denied the request, and Appellant Davis was again sentenced to death.

M.R.H.T.p. 12.

In Ake v. Oklahoma, 470 U.S. 68 (1985), the United States Supreme Court mandated

access to competent psychiatric assistance for indigent capital defendants. Ohio law also

-41-

requires the appointment of experts for a capital defendant. Section 39, Article II of the Ohio

Constitution gives the indigent defendant a state constitutional right to the appointment of

experts. This right is also codified in § 2929.024.

Von Clark Davis was constitutionally entitled to the expert assistance necessary to prepare

an adequate mitigatory defense under all of the foregoing constitutional principles and statutes.

His trial attorneys would have presented this expert assistance had they been given the funds and

opportunity. T.d. 150, Exhibit AA and BB. As the Appellant was prejudiced by the trial court's

refusal, his death sentence must be reversed.

ASSIGNMENT OF ERROR NO. XVIII

> THE TRIAL COURT ERRED BY GRANTING THE
> PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-
> APPELLANT'S TWENTY-SIXTH CAUSE OF ACTION.

> ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

> 1.  Where the specification used at a capital trial to make the
>     defendant death eligible is invalid, it is a violation of rights
>     under the Fifth, Sixth, Eighth and Fourteenth Amendments
>     to the United States Constitution and Sections 9 and 16,
>     Article I of the Ohio Constitution.

Appellant Davis was charged in a two count indictment. The first count charged

aggravated murder and carried one death penalty specification: Ohio Rev. Code Ann. §

2929.04(A)(5), a prior purposeful murder. The second count of the indictment charged Appellant

with having a weapon under disability pursuant to Ohio Rev. Code Ann. § 2923.13. The

specification of a prior purposeful killing referred to the killing of Appellant Davis's wife,

Ernestine, in 1970.

-42-

Von Clark Davis was indicted in 1971 on one count of first degree murder in violation of Ohio Rev. Code Ann. § 2901.01. He plead guilty to second-degree murder under Ohio Rev. Code Ann. § 2901.05. At that time, the statute required that the defendant purposely kill another.

An intent to kill is an essential element of the crime of murder. Jones v. State, 51 Ohio St. 331 (1894). It is essential to a conviction for second-degree murder under Ohio Rev. Code Ann. § 2901.05 that there be evidence beyond a reasonable doubt that the accused purposely killed another. State v. Creech, 5 Ohio App. 2d 179 (1964).

In State v. Farmer, 156 Ohio St. 214, 222 (1951), the Ohio Supreme Court stated: "If the use of a weapon, likely to produce death or serious bodily harm, results in death, such use, in the absence of circumstances of explanation or mitigation, may justify a determination beyond a reasonable doubt that there was an intent to kill." (Emphasis added.) On the other hand, where circumstances surrounding the killing indicate that it is not intentional or purposeful, there is insufficient evidence to sustain a conviction for second degree murder. State v. Creech, supra.

Robert Beard Jones, a witness to the killing of Ernestine Davis, wrote a letter postmarked August 28, 1978, describing what he had seen the day Ernestine was killed. This letter was addressed to H.J. Bressler, attorney for Von Clark Davis. T.d. 150, Exhibit CC.

The evidence of Robert Beard Jones demonstrated that:

a) Mr. Beard was present in the house at the time Ernestine Davis was killed.
b) Mr. Beard saw more than what he had previously told Appellant Davis's attorneys.
c) Mr. Beard stated that Appellant had no intention of killing Ernestine Davis.
d) At the time of the killing, Mr. Beard did not want to get involved.
e) On the day of the killing, Ernestine and Robert Beard were upstairs.

-43-

f)     Von Davis arrived at the back door of the house. Ernestine cursed and said she was "tired of that bastard and would stick him."

g)    Ernestine took a large knife from under the mattress and "swore she would use it".

h)    Beard heard Von and Ernestine arguing in the kitchen. When he came down the stairs, he heard Von ask Ernestine why she had a knife. Beard saw Ernestine strike at Von with the knife and heard wrestling.

i)    Beard stated in his letter that Ernestine was the aggressor and Von was trying to talk to her. He stated that he heard Ernestine yelling that she would kill Von.

The circumstances above demonstrate that Von's actions towards Ernestine were a response to her aggressive and threatening behavior. This evidence demonstrates that the killing of Ernestine was not "purposeful" as required by the statute under which Von Davis was convicted.

A defendant can only be eligible for imposition of the death penalty if one of the statutory specifications listed in Ohio Rev. Code Ann. § 2929.04 is proved beyond a reasonable doubt. Under § 2929.04(A)(5), an essential element of the prior homicide used for the specification must be that it was a purposeful killing. This essential element was lacking in the killing of Ernestine Davis. Therefore, this killing cannot be used as a specification to aggravated murder. T.d. 150, Exhibit DD.

### ASSIGNMENT OF ERROR NO. XIX

THE TRIAL COURT ERRED BY GRANTING THE PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-APPELLANT'S TWENTY-SEVENTH CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.    Where counsel failed to investigate the circumstances surrounding a prior homicide charge in a specification to defendant's aggravated murder charge, counsel is

-44-

> ineffective, and the Appellant has been denied rights under
> the Fifth, Sixth, Eighth and Fourteenth Amendments to the
> United States Constitution and Sections 9 and 16, Article I
> of the Ohio Constitution.

Every defendant threatened with a loss of liberty in a criminal proceeding has a

constitutional right to the assistance of counsel. Powell v. Alabama, 287 U.S. 45 (1932). The

Sixth Amendment right to counsel, together with the due process protections of the Fourteenth

Amendment, establish the right to effective assistance of counsel. Gideon v. Wainwright, 372

U.S. 335 (1963). The failure to provide effective assistance of counsel is a constitutional error

which undermines the entire adversary process. Strickland v. Washington, 466 U.S. 668 (1984).

Because Appellant's counsel failed to thoroughly investigate the circumstance of

Appellant's prior homicide, they failed to discover evidence that the killing was not purposeful.

T.d. 150, Exhibit DD.

Robert Beard Jones, a witness to the killing of Ernestine Davis, wrote a letter postmarked

August 28, 1978, describing what he had seen the day Ernestine was killed. This letter was

addressed to H.J. Bressler, attorney for Von Clark Davis. T.d. 150, Exhibit CC.

The evidence of Robert Beard demonstrated that:

     a)     Mr. Beard was present in the house at the time Ernestine
            Davis was killed.

     b)     Mr. Beard saw more than what he had previously told
            Appellant Davis's attorneys.

     c)     Mr. Beard stated that Appellant had no intention of killing
            Ernestine Davis.

     d)     At the time of the killing, Mr. Beard did not want to get
            involved.

     e)     On the day of the killing, Ernestine and Robert Beard were
            upstairs.

     f)     Von Davis arrived at the back door of the house. Ernestine
            cursed and said she was "tired of that bastard and would
            stick him."

-45-

g)   Ernestine took a large knife from under the mattress and "swore she would use it".

h)   Beard heard Von and Ernestine arguing in the kitchen. When he came down the stairs, he heard Von      ask Ernestine why she had a knife. Beard saw Ernestine strike at Von with the knife and heard wrestling.

i)   Beard stated in his letter that Ernestine was the aggressor and Von was trying to talk to her. He stated that he heard Ernestine yelling that she would kill Von.

Robert Beard's evidence demonstrates that the killing of Ernestine was not "purposeful" as required by the statute under which Von Davis was convicted. Because defense counsel were not aware of this information, they were not able to successfully challenge Appellant's death penalty specification.

### ASSIGNMENT OF ERROR NO. XX

THE TRIAL COURT ERRED BY GRANTING THE PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-APPELLANT'S TWENTY-EIGHTH CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.   Where a defendant is not permitted to introduce all relevant mitigating evidence at his resentencing hearing,the defendant's right to present a defense and his constitutional right to present all available, relevant mitigating evidence has been violated.

Attorneys John Garretson and Michael Shanks were appointed to represent Appellant at his resentencing hearing. Prior to the resentencing hearing, Mr. Garretson and Mr. Shanks filed several motions on Appellant's behalf. On July 18, 1989, they filed a Motion for Further Psychological Evaluations, Appointment of a Social Worker to Prepare a Social History and for Payment of Extraordinary Expenses for Said Experts. On July 24, 1989, they filed a Motion to Permit the Defense to Admit All Relevant Evidence at the Sentencing Phase.

-46-

The trial court held a hearing on these motions on July 31, 1989. At this hearing, the trial court overruled both these motions. M.R.H.T. p. 12. Further, the three judge panel informed Mr. Garretson and Mr. Shanks that they would not be permitted to introduce any additional evidence on Appellant's behalf. The panel was going to limit its decision to the evidence presented at Appellant's original trial. M.R.H.T. p. 12. Mr. Garretson and Mr. Shanks did proffer some additional mitigating evidence into the record at the resentencing hearing. This included Appellant's good prison conduct and a psychological update from Dr. Fisher. M.R.H.T.p. 2-6. However, Appellant's attorneys were unable to proffer any additional evidence because the trial court's denial of their motions denied them access to funds and expert assistance.

Had the trial court granted their motions, they would have employed the services of a mitigation specialist and a psychologist. They would have presented evidence uncovered by these experts in an attempt to save Appellant Davis's life, T.d. 150, Exhibits AA, BB, such as following evidence that was available at that time:

A) Von Clark Davis is the product of a dysfunctional family.
B) Von Clark Davis's family system failed him in several ways:
C) Von Clark Davis could not find success in his adult life.
D) Mr. Davis lacked the psychological skills to deal with his pain by seeking close, healthy, nurturing relationships with others.
E) From his grandparents and his parents, Mr. Davis inherited generations of negative feelings, lack of insight, and poor self-control. This culminated in his lack of insight, inability to recognize dysfunctional aspects of his behavior and his repetitive failures, losses and disappointments.
F) When placed in the highly structured setting of prison, Mr. Davis has done quite well. He finished his schooling, learned a trade, and managed his behavior without significant discipline problems. The structure of prison, its routines and rules, seems to compensate for Mr. Davis's lack of psychological skills and enables him to function at his optimal level. It isolates him from relationships with women

-47-

so that he is not exposed to the emotionally provocative
opportunity to be rejected or abandoned, thus removing the
most psychologically stressful situations he has had to
manage.

G)    A standard battery of neuropsychological assessment
procedures that were administered to Mr. Davis, indicated a
possible underlying brain impairment.

Further, several friends and family members of Appellant Davis had information about him

which was not presented at his original trial, and they all would have testified that they loved him

and did not want him to be executed. T.d. 150, Exhibits R, S, T, U, V, DD.

ASSIGNMENT OF ERROR NO. XXI

APPELLANT DAVIS HAS BEEN DENIED THE
OPPORTUNITY FOR AN ADEQUATE APPEAL IN
VIOLATION OF THE DUE PROCESS CLAUSE OF THE
FOURTEENTH AMENDMENT.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.    A fifty page briefing limit in a complex capital post-
conviction appeal denies the Appellant an adequate
corrective process.

Mr. Davis' post-conviction petition raised twenty-eight (28) claims alleging federal

constitutional violations of his rights. After cursory review, the trial court denied every one of

them. Mr. Davis is now entitled to an appeal with this Court under Ohio Rev. Code Ann. §

2953.23(B). He should have the opportunity to demonstrate that each of his claims is, contrary

to the trial court's judgment, worthy of relief. This is impossible to do within the Court's fifty

page briefing limit. This limit involuntarily forces Mr. Davis to file a summary brief in order to

"fit in" the claims he is able to preserve for federal review.

-48-

Exhaustion of federal constitutional claims in the state courts is a prerequisite to federal court review of those claims. In order to exhaust claims, the defendant must fairly present to the state courts both the facts and controlling legal principles which apply to each claim. Picard v. Connor, 404 U.S. 270 (1971). The facts and controlling legal principles applying to each of Mr. Davis' twenty-eight claims cannot be presented to this Court in just fifty pages. Mr. Davis has briefed and exhausted as many claims as he can under this limit. Other claims, which could not be presented and exhausted in this Court because of the page limit, have been placed in the Appendix for the record.

The other claims which Mr. Davis is able to brief are reduced to a mechanical, bare-bones recitation of facts and law. The fifty page limit leaves no room for the legal reasoning and advocacy which is a hallmark of any adequate appellate brief. The inflexible fifty page limit has thus denied Mr. Davis a corrective process in the state courts which is either adequate or effective to protect his federal constitutional rights and deprives him of the due process of law guaranteed by the Fourteenth Amendment. Case v. Nebraska, 381 U.S. 336 (1965).

-49-

## CONCLUSION

For all the foregoing reasons, and any other reasons apparent from the record, the trial court's judgment should be reversed. This Court should grant Mr. Davis post-conviction relief from his capital conviction and/or death sentence. In the alternative, his case should be remanded for an evidentiary hearing in accordance with Ohio Rev. Code Ann. § 2953.21.

Respectfully submitted,

LINDA E. PRUCHA - 0040689
Assistant State Public Defender

TRACEY LEONARD - 0064013
Assistant State Public Defender

By: _____

Ohio Public Defender Commission
8 East Long Street - 11th Floor
Columbus, Ohio 43266-0587
(614) 466-5394

COUNSEL FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing MERIT BRIEF OF APPELLANT was forwarded by regular U.S. Mail to Daniel Eichel, Assistant Butler County Prosecutor, 216 Society Bank Building, Hamilton, Ohio 45011, on this ____ day of November, 1995.

_____
COUNSEL FOR APPELLANT

#16361v1/gg-cmh01!.doc

-50-

# APPENDIX

IN THE COMMON PLEAS COURT, BUTLER COUNTY, OHIO

STATE OF OHIO                    :        CASE NO. CR83-12-0614

        Plaintiff-Respondent :

  -vs-                                 :        ENTRY RE: DEFENDANT'S
                                            MOTION FOR POST-
                                            CONVICTION RELIEF;
VON CLARK DAVIS                  :        MOTION TO STRIKE AND
                                            SETTING DATE FOR
      Defendant-Petitioner    :        EVIDENTIARY HEARING -
                                            23 November 1994
                                 :
                     November 1, 1994
                     :::     :::

     This matter came on before the Court as a R.C. 2953.21
petition challenging Von Clark Davis's murder conviction in Case
Number 21655 and challenging his conviction and sentence of
death in Case No. CR83-12-0614. The State responded to both
petitions on October 18, 1993.  The State claimed the doctrine
of *res judicata* applied to 27 of the 28 causes of action,
excepting the Nineteenth Cause of Action. Petitioner responded
with a motion to strike the State's answer and Motion to Dismiss
on the basis that it is improper for the State to raise the
defense of *res judicata* in a post-conviction action.  The State
filed a memorandum in opposition to the defendant's motion to
strike.    The Court conducted a hearing on June 28, 1994,
subsequently petitioner provided the Court citations and cases
in support of their Twenty-First Cause of Action, to which the
State responded with a Supplemental Memorandum on July 12, 1994.
This is the state of the case at present.

     In 1984, defendant was tried before a three judge panel for
the aggravated murder of Suzette Butler which occurred on

A-1

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2270

IDC MATTHEW J. CREHAN
( mon Pleas Court
Butler County, Ohio

CR83-12-0614

December 12, 1983. He was convicted of aggravated murder in violation of R.C. 2903.01(A) with specification of a prior conviction for murder pursuant to R.C. 2929.04(A)(5), and sentenced to death. His conviction was affirmed on appeal, *State v. Davis* (1988), 38 Ohio St.3d 361, cert. denied (1989), 488 U.S. 1034, however the sentence was vacated and the cause of action remanded for resentencing. *Id*. The trial court held another sentencing trial after which the death sentence was re-imposed. The resentencing to death was affirmed on appeal, *State v. Davis* (1992), 63 Ohio St.3d 44, rehearing denied, 63 Ohio St.3d 1433, second rehearing denied (1993), 66 Ohio St.3d 1489, cert. denied (Oct. 5, 1992), 506 U.S. ___, 113 S.Ct. 172, 121 L.Ed.2d 119.

In reviewing the Twenty-Eight Causes of Action enumerated in the post-conviction petition, it can be broken down into five general areas: a) causes of action having to do with the re-sentencing and the mitigation hearing at the time of the re-sentencing of the defendant (Cause of Action Number's 6, 8, 9, 13, 15, 16, 25, and 28), b) the validity of the capital specification relating to Case No. 21655 in which the defendant pled guilty to the second degree murder of his wife, Ernestine (Cause of Action Number's 4, 26, and 27), c) claims relating to ineffective assistance of counsel, lack of an informed jury waiver and the voluntariness thereof (Cause of Action Number's 5, 10, 17, 18, 19, 20, and 21), d) the validity of judgments

OC  1ATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

2

A-2

CR83-12-0614

rendered in the Court of Appeals or the Supreme Court, or both (Cause of Action Number's 7, 11, and 14), and e) claims relating to the 1983 trial, or resulting sentence, or both (Cause of Action Number's 1, 2, 3, 12, 22, 23, and 24).

Petitioner in a post-conviction relief action bears the initial burden of submitting evidentiary documents containing sufficient operative facts to demonstrate his claim and merit to a hearing. *State v. Kapper* (1983), 5 Ohio St.3d 36, 38. "Before granting a hearing, the Court shall determine whether there are substantive grounds for relief." R.C. 2953.21(C). The same code section goes on to specify what the Court shall consider in making such a determination. However:

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment or conviction, or on an appeal from that judgment.

*State v. Perry* (1967), 10 Ohio St.2d 175, 180.

Petitioner claims the defense of *res judicata* is invalid in a post-conviction action due to the classification of the action as a civil proceeding governed by Civ. R. 12(B). He directs the Court to *State ex rel. Freeman v. Morris* (1991), 62 Ohio St.3d 107, 109, wherein the Court in a mandamus action, held the defense of *res judicata* may not be raised in a motion to dismiss under Civ. R. 12(B). The present case is distinguished from *Morris* since this case is a post-conviction action. The law in

3

A-3

IGI ATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

CR83-12-0614

Ohio as to the defense of *res judicata* in a post-conviction action has a long history. Recently in *State v. Lentz* (1994), 70 Ohio St.3d 527, 529, the Supreme Court of Ohio referred to its holding in *Perry* and found *res judicata* to be a proper basis upon which to dismiss without hearing a petition for post-conviction relief. This Court, therefore, finds that the doctrine of *res judicata* is applicable to a post-conviction action.

After careful review, this Court finds that each of the petitioner's enumerated Causes of Action, except the Nineteenth Cause of Action, were raised or could have been raised at trial or on direct appeal, and were adjudicated against the defendant, hence *res judicata* bars Von Clark Davis's petition for post-conviction relief as to all but the Nineteenth Cause of Action.

The petitioner's Twenty-First Cause of Action deserves additional comments. Petitioner claims a defect in his conviction and sentencing on the ground of ineffective counsel in connection with his jury waiver and election to be tried by a three-judge panel. Specifically, petitioner claims counsel exercised "unreasonable professional judgment" and fell below the standard of practice in capital litigation for counsel's "failure" to reserve the right to withdraw the jury waiver in the event the three-judge panel returned a death sentence after conviction. While this specific claim could have been raised by the various and different attorneys representing petitioner on

ID: MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

4

A-4

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2273

CR83-12-0614

his direct appeals - hence the applicability of *res judicata*, the Court reviews the claim further due to its novelty.

Petitioner attempts to support this claim with cases involving plea agreements wherein the capital defendant reserved the option to withdraw a jury waiver when a three-judge panel sentenced him to death. They further attempt to support their claim with the affidavit of Harry R. Reinhart, a Columbus, Ohio attorney with experience in capital cases.

The cases proffered by petitioner are distinguishable from the case at bar since they involved plea agreements. All the cases cited by petitioner involved guilty plea agreements in which a negotiated guilty plea was entered by a defendant upon the State's stipulation that the defendant would be sentenced to a term of life imprisonment with varying times for parole eligibility. Because there is no option in Ohio law to enter a guilty plea and proceed to sentencing before a jury, a negotiated guilty plea in a capital case necessarily involves a jury waiver and election to have guilt and punishment tried by a three-judge panel pursuant to the agreement. The agreements provided that should the three-judge panel not accept the stipulated sentence the defendant would be permitted to withdraw the guilty plea and jury waiver.

In the case at bar, the State and petitioner negotiated nothing. There was no "agreement" to waive a jury and proceed on a not guilty plea before a three-judge panel. Petitoner's

GL ATTHEW J. CREHAN
Common Pleas Court
B r County, Ohio

5

A-5

CR83-12-0614

decision to do so was unilateral. Thus, the proffered cases are not relevant to the case at bar.

Nor does this Court find the affidavit of Harry Reinhart persuasive. If the Court were to find for the petitioner, on this issue, in essence the Court would find that a defendant in a capital case is entitled to "two bites of the apple." The new standard of practice in capital litigation would be to first try the case in front of a three-judge panel, if you lose, try it again in front of a jury. Petitioner's same claim was recently adjudicated in *State v. Brewer* (Sept. 28, 1994), Greene App. No. 93-CA-62, unreported, 1994 WL 527740. In *Brewer*, the Court of Appeals held that to impose such a duty on defense counsel in capital cases would have the practical effect of removing a defendant's right to be judged by a three-judge panel. *Id*. Such a proposition is contrary to our system of jurisprudence and would result in an unwarranted extension of the already lengthy capital litigation process. The Twenty-First Cause of Action is overruled as a matter of law, as well as on the grounds of *res judicata*.

Petitioner's Nineteenth Cause of Action also claims a defect in his conviction and sentence due to an ineffective jury waiver and election to be tried by a three-judge panel. Petitioner alleges that he was not informed that Judges Stitsinger and Moser (2 members of the panel), as attorneys, prior to their election to office as judges of the Butler County

JUDGE MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

6

A-6

CR83-12-0614

Common Pleas Court, had represented the Federal National Mortgage Company in a 1970 foreclosure action against defendant and his then, but now deceased, wife Ernestine Davis. Petitioner claims had he known these facts he would not have waived his right to trial by jury. Petitioner in his affidavit, claims he was not aware of the judges involvement until approximately July 1993. This Court finds that this allegation is *dehors* the record and as such requires the Court to conduct an evidentiary hearing to determine if Judges Stitsinger and Moser's involvement with a 1970 foreclosure action involving the defendant, rises to the level of unfair prejudice to the defendant and reversal of conviction and the death sentence.

Petitioner's Motion to Strike the State's Motion to Dismiss is overruled. This Court finds that the law of Ohio holds that the doctrine of *res judicata* is applicable to post-conviction actions. Further, this Court finds the doctrine of *res judicata* to be well taken in Causes of Action One through Twenty-Eight, excepting the Nineteenth Cause of Action. Petitoner's Motion for an evidentiary hearing is granted as to the Nineteenth Cause of Action, concerning the prejudicial effect of Judges Stitsinger and Moser's previous involvement with a foreclosure action in which petitioner was a party. Thus, respondent's Motion to Dismiss is granted as to the First through Twenty-Eighth Causes of Action, excepting the Nineteenth Cause of Action. The evidentiary hearing on the Nineteenth Cause of Action is

JUDGE MATTHEW J. CREHAN
ommon Pleas Court
lutler County, Ohio

7

A-7

CR83-12-0614

scheduled for November 23, 1994 at 9:00 A.M..

SO ORDERED .

Matthew J. Crehan, Judge

cc: JoAnn Bour-Stokes, Esq.
    Ohio Public Defender Commission
    8 East Long Street, 11th Floor
    Columbus, Ohio 43266-0587

    Daniel Eichel, Esq.
    P. O. Box 515
    Hamilton, Ohio 45012

UDGE MATTHEW J. CREHAN
mmon Pleas Court
itler County, Ohio

8

A-8

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2277

IN THE COMMON PLEAS COURT, BUTLER COUNTY, OHIO

STATE OF OHIO

    Plaintiff-Respondent

-vs-

VON CLARK DAVIS

    Defendant-Petitioner

CASE NO. CR83-12-0614
CASE NO. 21655

**ENTRY OF DISMISSAL**

Final Appealable Order

June 29, 1995

FILED In Common Pleas Court
BUTLER COUNTY, OHIO
JUN 30 1995
MARK BADEN
CLERK OF COURTS

::: :::

CASE NO. CR83-12-0614

This matter came on before the Court as a R.C. 2953.21 petition challenging Von Clark Davis's murder conviction in Case Number 21655 and challenging his conviction and sentence of death in Case No. CR83-12-0614. The State responded to both petitions on October 15, 1993. The State claimed the doctrine of *res judicata* applied to 27 of the 28 causes of action, excepting the Nineteenth Cause of Action. Petitioner responded with a motion to strike the State's answer and with a Motion to Dismiss on the basis that it is improper for the State to raise the defense of *res judicata* in a post-conviction action. The State filed a memorandum in opposition to the defendant's motion to strike. The Court conducted a hearing on June 28, 1994. The court denied the Petitioner's motion to strike and found that *res judicata* barred all causes of action except the Nineteenth Cause of Action. (See Journal Entry dated November 1, 1994)

Petitioner's Nineteenth Cause of Action claims a defect in his conviction and sentence due to an ineffective jury waiver

JUDGE MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

A-9

CR83-12-0614
21655

and election to be tried by a three-judge panel. Petitioner alleges that he was not informed that Judges Stitsinger and Moser (2 members of the panel), as attorneys, prior to their election to office as judges of the Butler County Common Pleas Court, had represented the Federal National Mortgage Company in a 1970 foreclosure action against defendant and his then, but now deceased, wife Ernestine Davis. Petitioner claims had he known these facts he would not have waived his right to trial by jury.

Petitioner in his affidavit, claims he was not aware of the Judges' involvement in the foreclosure action until approximately July 1993. This Court, finding that this allegation is *dehors* the record, conducted an evidentiary hearing on January 11, 1995. The issue to be determined at the hearing was whether Judges Moser and Stitsinger's representation of a mortgagee in a 1970 foreclosure action, with the Petitioner as a defendant, of which no one had any recollection, unfairly prejudiced the defendant in his decision to waive a jury, requiring reversal of conviction and the death sentence. Post-evidentiary hearing briefs were filed by both the Petitioner and Respondent.

Judges' Moser and Stitsinger testified that in 1984 they were unaware that they had been attorneys representing a mortgagee in a foreclosure action against the Petitioner fourteen years earlier. Even after the case was brought to

JUDGE MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

2

A-10

CR83-12-0614
21655

their attention, both Judges' testified that they could not recall the foreclosure action from the approximately 200-300 foreclosure actions circa 1969-1970 - the time of the foreclosure in question. (T.p. 27 & 45) Both Judges testified that since they were completely unaware of the foreclosure action against Petitioner, much less their participation, during the 1984 and 1989 proceedings, the fact of their brief participation fourteen and nineteen years earlier played absolutely no part "whatsoever" in their decisions. (T.p. 27-28) Indeed, Judge Moser opined that if anything, it would have invoked a degree of compassion on his part for the defendant. (T.p. 45)

The Petitioner was informed in writing of who would be the members of the three judge panel if he elected to waive the jury. He testified that at the time of the court proceedings in 1984 and 1989 he was unaware that Judge Moser and Judge Stitsinger were attorneys in the prior foreclosure. (T.p. 7 & 21) He now states that had he had that information, he would not have waived the jury.

Petitioner apparently reasons that he should be entitled to post-trial withdrawal of his jury waiver, after conviction, if he perceives some fact (relevant or not) which, if known at the time of his waiver, may have altered his decision. Similar arguments have been rejected in *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 189, *State v. Dickerson* (1989), 45 Ohio St.3d

JUDGE MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

3

A-11

CR83-12-0614
21655

206, 209-210, and the Supreme Court's decision in this very case, *State v. Davis* (1992), 63 Ohio St.3d 44, 48-49.

The evidence in the case at bar shows that the representation of Judge Stitsinger (and peripherally Judge Moser) as attorneys for a mortgagee in a foreclosure action almost two decades earlier had no impact at all on the 1984 and 1989 proceedings. In fact, neither the Judges nor the Petitioner were aware of their peripheral contact at the time of the 1984 and 1989 proceedings. The foreclosure itself apparently occurred shortly after Petitioner purchased and abandoned the property.

In the absence of bias, prejudice, or other disqualifying factors, a judge is not automatically disqualified from presiding in later litigation, even if that litigation tangentially concerns a legal matter handled by the Judge prior to assuming the bench. *In re Disqualification of Martin* (1989), 43 Ohio St.3d 602.

Whether there is a valid waiver depends on the unique circumstances of each case, see *State v. Ruppert* (1978), 54 Ohio St.2d 263, 271, citing *Adams v. United States ex rel. McCann* (1942), 317 U.S. 269, 281, 63 S.Ct. 236, 87 L.E. 268, 274. A defendant seeking to set aside a jury waiver on the ground that it was not freely and intelligently made must sustain the burden of showing essential unfairness "not as a matter of speculation but as a demonstrable reality." *Adams, Id.* at 281, 87 L.E. at

4

A-12

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2281

CR83-12-0614
21655

268. Petitioner suggests that there is a duty on the part of the trial court to advise him of collateral facts such as were involved in the case *sub judice*. The law in Ohio is that "[w]hile it may be better practice for the trial judge to enumerate all the possible implications of a waiver of a jury, there is no error in failing to do so." *State v. Jells* (1990), 53 Ohio St.3d 22, 26.

This Court finds that neither Judge Stitsinger, nor Judge Moser, nor the Petitioner were aware, in 1984 or 1989, of the Judges indirect contact with the Defendant as a result of a foreclosure action in 1970. Such unknowing involvement could have no possible impact on the trial proceedings or on the fairness of the sentence. By the same token the court does not believe the statement of the Petitioner that having such knowledge would have altered his decision to waive a jury. Petitioner's self serving testimony to the contrary is simply that.

The court finds that there was no infringement of Petitioner's Constitutional rights so as to render the judgments in this case to be void or voidable. Petitioner's Nineteenth Cause of Action is dismissed. The Court having granted the motion of the State of Ohio to dismiss each of the causes of action enumerated in the Petitioner's petition for post-conviction relief, in case number CR83-12-0614, the court hereby dismisses the petitioner's motion for post-conviction relief.

JUDGE MATTHEW J. CREHAN
Common Pleas Court
...ler County, Ohio

5

A-13

CR83-12-0614
21655

CASE NO. 21655

Defendant filed a motion requesting an evidentiary hearing pursuant to R.C. 2953.21 alleging that the judgment in case number 21655 is void or voidable. Plaintiff's responded with an answer and motion to dismiss defendant's petition for post-conviction relief.

Defendant was indicted for first degree murder pursuant to R.C. 2901.01. On April 20, 1971 he plead guilty to murder in the second degree in violation of R.C. 2901.05. He was convicted and sentenced on that charge.

A judgment of conviction is void within the meaning of R.C. 2953.21 only if rendered by a court having either no jurisdiction over the person of the defendant or no jurisdiction of the subject matter. *State v. Perry* (1967), 10 Ohio St.2d 175. Defendant's petition fails to allege a lack of jurisdiction over the defendant or subject matter, therefore the judgment cannot be void as a matter of law.

A judgment of conviction is voidable under the United States or Ohio Constitutions, within the meaning of R.C. 2953.21, if the constitutional claim of the defendant in post-conviction proceedings is such that it could not have been litigated before the judgment of conviction and hence could not reasonably be said to have been either waived by the Defendant or adjudicated against him. See *Perry* at 179-180.

The petition alleges, and the record reflects, that the

JUDGE MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

6

A-14

CR83-12-0614
21655

Defendant, represented by counsel, entered a guilty plea to Murder in the Second Degree in violation of R.C. 2901.05, after the commencement of trial and after the Prosecuting Attorney entered a *Nolle Prosequi* to the words "deliberate" and "premeditated" in an indictment for the greater offense of Murder in the First Degree in violation of R.C. 2901.01. Murder in the Second Degree is a purposeful killing of another but committed in the absence of premeditation or deliberation. It is a lesser included offense of Murder in the First Degree. *State v. Muskus* (1952), 158 Ohio St. 276.

Defendant's post-conviction petition merely seeks to relitigate the substantive issue of his guilt of a purposeful killing. This issue was resolved in his conviction which was based upon a guilty plea. Any issue as to the sufficiency of facts necessary to prove his guilt was clearly waived when he plead guilty; he could have litigated such issue at a trial but did not. Under the doctrine of *res judicata*, such a claim is merged with the judgment of conviction based upon the guilty plea and Defendant cannot now relitigate the issue. *State v. Ishmail* (1981), 67 Ohio St.2d 16, 18, 21.

A petition for post-conviction relief is subject to dismissal without a hearing when the Petitioner fails to submit with his petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief. R.C. 2953.21(C); *State v. Sowell* (1991), 73 Ohio App.3d 672,

JUDGE MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

7

A-15

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2284

CR83-12-0614
21655

682; *State v. Pankey* (1981), 68 Ohio St.2d 58. The Petitioner has failed to submit any such information.

The petition's claim for post-conviction relief is based solely on the recanting of trial testimony by Robert Beard. Having reviewed all the available court records and the applicable law, this Court finds that such allegedly "new evidence" does not rise to the level of "substantive grounds" for a finding a denial or infringement of Petitioner's rights under the Ohio Constitution or the Constitution of the United States. (R.C. 2953.21)

Even if the court were to somehow find that Beard's recantation is a substantive ground, the Defendant's petition is barred by the defense of *res judicata*. On April 14, 1981, Petitioner filed a motion for leave to file for a new trial and for an oral hearing on the basis of the same letter written by Robert Beard which is the subject of the present motion. The motion was denied by entry filed on April 22, 1981 and was not appealed.

JUDGE MATTHEW J. CRENAN
Common Pleas Court
Butler County, Ohio

> Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment or conviction, or on an appeal from that judgment.

*State v. Perry* (1967), 10 Ohio St.2d 175, 180.

The Petitioner could have appealed the decision denying the

8

A-16

CR83-12-0614
21655

motion for leave to file for a new trial, but did not.

The law in Ohio as to the defense of *res judicata* in a post-conviction action has a long history. Recently in *State v. Lentz* (1994), 70 Ohio St.3d 527, 529, the Supreme Court of Ohio referred to its holding in *Perry* and found *res judicata* to be a proper basis upon which to dismiss, without hearing, a petition for post-conviction relief. This Court, therefore, finds that the doctrine of *res judicata* is a bar to this post-conviction action.

For the foregoing reasons this Court finds Petitioner failed to produce, in the petition, substantive grounds to grant an evidentiary hearing as required by R.C. 2953.21. The Petitioner's petition for a hearing is denied and the motion of the State of Ohio to dismiss the petition for post-conviction relief is granted.

SO ORDERED

Matthew J. Crehan, Judge

JUDGE MATTHEW J. CREHAN
Common Pleas Court
Butler County, Ohio

cc:  JoAnn Jolstad, Esq.            John F. Holcomb, Esq.
     Ohio Public Defender Commission  Prosecuting Attorney
     8 East Long Street, 11th Floor   216 Society Bank Building
     Columbus, Ohio 43215-2998        Hamilton, Ohio 45011

9

A-17

## APPENDIX

### ASSIGNMENT OF ERROR NO. A

THE TRIAL COURT ERRED WHEN IT DISMISSED
APPELLANT DAVIS' FIRST CLAIM IN VIOLATION OF HIS
RIGHTS GUARANTEED BY THE FIFTH, SIXTH, EIGHTH
AND FOURTEENTH AMENDMENTS OF THE U.S.
CONSTITUTION AND ARTICLE I, SECTIONS 2, 9, 10 AND 16
OF THE OHIO CONSTITUTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.    Appellant Davis' due process rights were violated when the
       trial court denied his request to examine the grand jury
       transcripts.

Mr. Davis' first cause of action alleged that the trial court's refusal to permit inspection of

the grand jury transcripts violated his rights under the United States and Ohio Constitutions.

During the capital trial, the Appellant Davis moved the Court to dismiss the indictment

against him, and permit inspection of the grand jury transcript on the basis that the indictment

against him was not based on probable cause, and that it was founded on illegal and

incompetent evidence. T.d. 12. Appellant offered two reasons for granting disclosure: 1) lack

of probable cause would support the Motion to Dismiss; and 2) the traditional policies

regarding the secrecy of the grand jury were inapplicable to this case. The trial court denied the

motion.

A defendant may inspect grand jury transcripts when the ends of justice require it and

there is a showing of particularized need which outweighs the need for secrecy: State v. Greer,

66 Ohio St. 2d 139, paragraph 2 of the syllabus, 420 N.E.2d 982, 983 (1981). "Particularized

need" is demonstrated, "when the circumstances reveal a probability that the failure to provide

A-18

the grand jury testimony will deny the defendant a fair trial .... " State v. Sellards, 17 Ohio St. 3d 169, 173 (1985).

Appellant Davis demonstrated a particularized need for the grand jury transcripts which outweighed any residual need for secrecy. By disclosure, the Appellant sought to substantiate his motion to dismiss by showing there was insufficient evidence before the grand jury to support the finding of probable cause and return of the indictment against him. Although the validity of a facially correct indictment is generally not subject to challenge based on alleged incompetent or illegally obtained evidence introduced before the grand jury, United States v. Calandra, 414 U.S. 338, 344-345 (1974), the sufficiency of evidence to support an indictment may be challenged. See, e.g., United States v. O'Shea, 447 F.Supp. 330, 332 (D. Fla. 1978) (dismissal required where inspection of grand jury transcripts revealed failure of state to make out a prima facie case).

In the present case, there was insufficient evidence of probable cause. The State presented only one witness at the preliminary hearing in order to establish probable cause to bind over Petitioner. That witness was Tony Ferguson. Appellant Davis had reason to believe that Tony Ferguson was the only witness before the grand jury. For reasons unknown to the Appellant, the State chose not to call Ferguson as their witness at trial. Thus, the Appellant was forced to call him in an attempt to discover the substance of his testimony before the grand jury. The testimony Ferguson gave at the preliminary hearing and at trial was inconsistent and contradictory; and it was further contradicted by the proffered testimony of defense witness Elbert Avery. Appellant's need for disclosure of the grand jury transcripts became more apparent as the trial unfolded. The grand jury transcripts may also have revealed whether the

A-19

prosecutor chose not to call Ferguson in order to keep the proceedings secret, or for another reason.

In comparison, the need to maintain secrecy after the grand jury is discharged is minimal. The U.S. Supreme Court articulated the reasons behind the secrecy of grand jury proceedings in United State v. Procter & Gamble Co., 356 U.S. 677, 681 fn.6 (1958): 1) to prevent escape of the accused; 2) to prevent importuning of grand jurors and promote untrammeled deliberations; 3) to prevent subornation of perjury or witness tampering; 4) to encourage free disclosure by those with information about the crime; and 5) to protect the innocent accused from being discredited in the community. None of these reasons were applicable to the circumstances at the time the appellant moved for disclosure.

When Appellant Davis moved for disclosure of the transcripts, the grand jury had been discharged, and Mr. Davis had been indicted, arraigned and incarcerated. There was no danger of his escaping or intimidating witnesses. Indeed, if the prosecutor had any fears in this regard, he could have sought a protective order prohibiting certain evidence from being disclosed. Mr. Davis did not seek to discover the identity of or discussions between the grand jurors. Thus, there was no danger of his attempting to influence or harass jurors. Further, any witnesses before the grand jury knew or should have known that their grand jury testimony could be used against the Appellant at trial. Moreover, once a witness has testified at the preliminary hearing and at trial, as Ferguson did in this case, he has forfeited the anonymity sought to be preserved by the rule of secrecy. See Greer, 66 Ohio St 2d at 150-151, 420 N.E.2d at 989.

A-20

In holding that the defendant in Dennis v. United States, 384 U.S. 855, 985 (1966), must

be allowed to obtain the grand jury statements made by a complaining witness, the U.S.

Supreme Court reasoned,

> [i]n the American adversary system for determining guilt or
> innocence, it is rarely justifiable for the prosecution to have
> exclusive access to a storehouse of relevant facts, and exceptions to
> this are justifiable only by the clearest and most compelling
> considerations.

Appellant Davis' need for the grand jury transcripts outweighed the need, if any for secrecy.

Therefore, the trial court abused its discretion when denied Appellant's motion. And, the court

below erred when it dismissed the claim.

A-21

## ASSIGNMENT OF ERROR NO. B

THE TRIAL COURT ERRED BY GRANTING THE
PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-
APPELLANT'S SECOND CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1. Where evidence presented at a capital trial is insufficient to
support a conviction for aggravated murder, the conviction
is a violation of Appellant's rights under the Fifth, Sixth,
Eighth, and Fourteenth Amendments of the United States
Constitution and Article I, Sections 10 and 16 of the Ohio
Constitution and cannot stand.

The witnesses testifying against Appellant lacked credibility, and further, the State failed to

prove "prior calculation and design" as required for the aggravated murder conviction. At

Appellant's preliminary hearing, the State's presented only the testimony of Tony Ferguson.

Ferguson did not testify that Reginald Denmark or Cozette Massey were at the scene. The State

did not call Ferguson to testify at Appellant's trial, presumably because his testimony contained so

many discrepancies. The eyewitnesses called by the State, Cozette Massey and Reginald

Denmark, did not testify that they saw Tony Ferguson at the scene of the killing.

The testimony at trial established that Appellant Davis, bought the gun in order to trade it

for dental equipment. One witness called by the State, Wade Coleman, testified that Appellant

had bought the gun for protection. There was no testimony that there had been any trouble

between Appellant and the victim, Suzette Butler. There was no testimony indicating that he

intended to kill her or that he had bought the gun for that reason. In her statement to the police,

Mona Aldridge stated that Appellant and Suzette were arguing at the time the gun was fired.

Jordana Miles saw part of the incident and also said it looked like they might have been arguing.

A-22

This does not establish prior calculation and design. The circumstances surrounding the homicide must show a scheme designed to implement the calculated decision to kill. State v. Robbins, 58 Ohio St. 2d 74 (1979); State v. Cotton, 56 Ohio St. 2d 8 (1978).

There was no evidence presented that Von Clark Davis knew Suzette Butler would be at the American Legion that evening. Suzette went there with Mona Aldridge and Von Davis arrived about five minutes later. Von left, followed by Suzette. There was no evidence that Von Davis had asked Suzette Butler to go outside or intended to leave with her. The subsequent shooting took place in front of a public building, on a public street. This does not demonstrate any planning or calculation.

The Constitution prohibits conviction of any person except upon proof of guilt beyond a reasonable doubt. In re Winship, 397 U.S. 358 (1970). Ohio case law supports this proposition. State v. Adams, 62 Ohio St. 2d 151 (1980); State v. Miclau, 167 Ohio St. 38 (1957). See also Ohio Rev. Code Ann. § 2901.05(A). A conviction based upon evidence which is not sufficient to prove guilt beyond a reasonable doubt violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Jackson v. Virginia, 443 U.S. 307 (1979).

### ASSIGNMENT OF ERROR NO. C

THE TRIAL COURT ERRED BY GRANTING THE
PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-
APPELLANT'S FOURTH CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.  Where a capital specification of a prior homicide used in a
    case is too remote in time, it is a violation of rights under
    the Fifth, Sixth, Eighth and Fourteenth Amendments of the
    United States Constitution and Article I, Sections 10 and 16
    of the Ohio Constitution

Count one of Appellant's indictment carried a capital specification that prior to this offense

Appellant had been convicted of an offense an essential element of which was the purposeful

killing of, or attempt to kill, another. Ohio Rev. Code Ann. § 2929.04(A)(5).

The prior homicide for which Appellant was convicted occurred in 1971. This offense was

too remote in time to be used as a specification for the death penalty.

The United States Supreme Court has held that there is only a very narrow range of

offenses for which the death penalty may be imposed. The use of a thirteen year old crime is

unconstitutional. A state's death penalty statutes must be drawn and applied in such a manner so

as to avoid the arbitrary and capricious use of the death penalty. Godfrey v. Georgia, 446 U.S.

420, reh'g denied, 456 U.S. 1001 (1980). The primary purpose of an aggravating circumstance is

to identify for the jury particular aspects of the course of conduct that made the offender eligible

for death. Jurek v. Texas, 428 U.S. 262 (1976). A thirteen year old crime has no relationship to

the present offense.

A-24

## ASSIGNMENT OF ERROR NO. D

THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT'S SEVENTH CAUSE OF ACTION IN VIOLATION OF HIS RIGHTS GUARANTEED BY THE FIFTH, SIXTH EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 2, 9, 10, AND 16 OF THE OHIO CONSTITUTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.  When an Appellate Court Reiterates it's Previous Appropriateness Opinion Which was Invalidated by the Ohio Supreme Court, and Fails to Acknowledge Appellant's New Arguments and Issues, Its Review Falls Short of the Constitutional Safeguards Required in Capital Cases.

Appellant Davis' Seventh Cause of Action alleged that the Court of Appeals failed to

properly review his death sentence in violation of his rights under the United States and Ohio

Constitutions, as well as § 2929.05(A) of the Ohio Revised Code. After Appellant Davis was

resentenced to death, he appealed the sentence to the Twelfth District Court of Appeals. In

Davis' brief to the Court of Appeals, he raised numerous flaws in the trial court's reasoning,

including the inappropriateness of the death sentence. (Assignment of Error No. IV, Court of

Appeals' Brief). The Court of Appeals deferred ruling on this issue until its appropriateness

review. The Court of Appeals' entire appropriateness analysis consisted of the following:

In our prior decision in this case, we found that the aggravating circumstance under R.C. 2929.04(A)(5) (prior murder conviction) was sufficiently established by the evidence and that it outweighed the mitigating factors presented by appellant beyond a reasonable doubt. See Davis, Butler App. No. CA84-06-071, unreported, at 27-28. As appellant has presented no argument which convinces us otherwise, our conclusion remains the same.... Appellant's fourth assignment of error is overruled.

A-25

State v. Davis, 1990 W.L. 165137 at *4, No. CA89-09-123 (Butler County Ct. App., Oct. 29, 1990).

This cursory review failed to meet the constitutional standards of reliability dictated in capital cases and Ohio Rev. Code Ann. § 2929.05, the statute designed to enforce them.

The United States Supreme Court has repeatedly recognized that death is different from any other kind of punishment which may be imposed in this country. Gregg v. Georgia, 428 U.S. 153, 181-188 (1976); Woodson v. North Carolina, 428 U.S. 280 (1976). This difference mandates a higher degree of reliability that the sentence imposed is the correct one. When a sentencing procedure creates a risk that the death penalty would be imposed when a lesser penalty was warranted, "that risk is unacceptable and incompatible with the commands of the Eighth and Fourteenth Amendments." Lockett v. Ohio, 438 U.S. 586, 605 (1978).

To be considered constitutional, a capital sentencing procedure must facilitate the responsible and reliable exercise of sentencing discretion. Caldwell v. Mississippi, 472 U.S. 230, 239 (1985). A thorough and functional review system insures the reliability of sentence procedures. Parker v. Dugger, 498 U.S. 308, 321 (1991).

The need to comport with constitutional principles of reliability led the Ohio Legislature to adopt Ohio Rev. Code Ann. § § 2929.05 as it relates to appellate review. The Ohio Supreme delineated the scope of review a court of appeals must undertake in order to comply with § 2929.05:

> R.C. 2929.05 requires the courts of appeals, and the Supreme Court as well, to independently weigh all the facts and other evidence in determining whether the aggravating circumstances outweigh the mitigating factors in reviewing the sentencing court's determination. As a necessary corollary to that requirement, the courts of appeals and the Supreme Court must articulate the reasons why the aggravating circumstances outweigh the mitigating factors.

A-26

State v. Maurer, 15 Ohio St. 3d 239, 246-47, 473 N.E.2d 768, 778 (1984) (emphasis added).

The Court of Appeals in the case sub judice conducted no such review. The Court did not address the infirmities in the trial court's decision raised by the Appellant, nor did the court discuss the propriety of the trial court's weighing process. Further, conspicuously absent from the Court of Appeals' decision is any meaningful independent weighing of the aggravating circumstances and mitigating factors. Rather, the Court relied on its opinion in Appellant Davis' first appeal. Davis, No. CA89-09-123, at *4. In so doing, the Court of Appeals failed to recognize the trial court's error in refusing to consider mitigating evidence proffered by the Appellant at the resentencing hearing.

Moreover, the Court of Appeals stated that since Appellant Davis had not offered any new argument to challenge the first appropriateness review, there was no reason to revisit the issue. Id. This statement ignores the fact that Appellant Davis briefed to the Court of Appeals an argument advancing reasons why the death sentence was inappropriate in his case. See Assignment of Error No. III, Court of Appeals' Brief. The Court of Appeals simply neglected to address Appellant's argument.

The Court of Appeals' review also failed to encompass all of the record evidence presented by Appellant Davis in support of his inappropriateness argument. An appellate court cannot simply disregard the record evidence in making its legal assessments. See Clemons v. Mississippi, 494 U.S. 738, 751-52 (1990). The Court of Appeals' failure to conduct a weighing process which incorporated all of the mitigating evidence presented, deprived Mr. Davis of "the individualized treatment that would result from actual reweighing of the mix of mitigating factors and aggravating circumstances." Id. at 752.

A-27

The failure of the Court of Appeals to conduct an independent review was not corrected by the Ohio Supreme Court's own review. As stated in State v. Gillard, 40 Ohio St. 3d 226, 235 (1988), "[a] capital defendant, under O.R.C. Section 2929.05, has a right to independent review by both the intermediate appellate court and the Supreme Court." (emphasis added). The Ohio Supreme Court recognizes that "the multi-tiered structure eliminates the arbitrary imposition of the death penalty." Id. (quoting State v. Glenn, 28 Ohio St. 3d 451, 453 (1986)). As the defendant in Gillard, id. had "not yet had the safeguard of independent review by the court of appeals," the case was remanded to the Court of Appeals to conduct the proper review.

Similarly, as Appellant Davis was denied the reliability of independent appellate review by the Court of Appeals' failure to comply with § 2929. 05 and the constitution, his sentence should be vacated.

A-28

## ASSIGNMENT OF ERROR NO. E

THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT DAVIS' NINTH CLAIM IN VIOLATION OF HIS RIGHTS GUARANTEED BY THE FIFTH, SIXTH EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 2, 9, 10, AND 16 OF THE OHIO CONSTITUTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.    Separation of the Three Judge Panel during Deliberations Deprives a Capital Defendant of a Reliable Verdict.

Mr. Davis' ninth cause of action alleged that the separation of the three-judge panel during its sentencing deliberations violated his constitutional rights. On August 4, 1989 the three-judge panel in Appellant Davis' case reconvened for a resentencing hearing to determine the appropriate punishment. The panel commenced deliberations on Friday, August 4, separated over the weekend, and returned a verdict on Monday, August 7. Monday morning, Judge Brewer explained, "We broke off and individually considered this until this morning and we continued our deliberations...." R.H.T.p. 31. The court then announced its decision to reimpose the death sentence. Id.

Both Ohio Rev. Code Ann. §§ 2945.06 and 2929.03 provide that a three-judge panel shall decide all capital cases when an accused has waived the right to a jury trial. As with a jury decision, the statutes require the panel to unanimously arrive at a decision during both the guilt/innocence and penalty phases. Id. Further, § 2945.06 instructs the panel to "hear, try and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury." (emphasis added). The law requires jurors to be sequestered once a case is submitted to them. § 2945.33; Ohio R.Crim.P. 24(G)(2)(C). Although separation of the jury

A-29

prior submission of the case is left to the court's discretion, id., the court does not generally have the authority to permit separation during deliberations in a capital case. State v. Williams, 39 Ohio St. 2d 20 (1974); White v. Maxwell, 174 Ohio St. 186, 187 (1963). Accordingly, when Appellant Davis waived his right to a jury, he did not waive the rights and procedural protections attendant to the jury deliberation process by electing to be tried by the three-judge panel.

There are several reasons for jury sequestration during deliberations, all of which are equally applicable to deliberations by the three-judge panel. Sequestration protects jurors from tampering or other outside information which may influence their decisions. 72 A.L.R.3d 248. Sequestration promotes verdict finality and maintains the integrity of the decision-making body. United States v. Musto, 540 F.Supp. 318, 344 (N.J. 1982). Sequestration also insures that the verdict is a result of an "intelligent consensus of the whole jury...." Davis v. State, 63 Ohio St. 173, 174 (1900).

Ohio courts have stressed the importance of unified deliberations by instructing jurors to act as a decision-making body. For instance, the courts have instructed jurors that to act as an entity they must each participate in the decision-making: "[Y]ou should each and all, with patience, hear what your fellow jurors have to urge... in order that your verdict be the intelligent consensus of the whole jury..." State v. Johnson, 11 Ohio Dec. 774, 777 (1901), rev'd on other grounds, 66 Ohio St. 59 (1902); and "[the] defendant is entitled to the consideration and judgment of every member of the jury.... It is your duty to reason together upon the evidence." Geer v. State, 31 O.C.D. 455, 458-59 (1909). Indeed, "the very purpose of twelve jurors to try criminal cases is to have their combined assistance and consideration in reaching a verdict." State v. Anthoulis, 62 Ohio App. 113, 131 (1930).

A-30

The "combined assistance and consideration" of each member of the deliberative body is forfeited when members deliberate separately and individually, as the members of the three-judge panel did in this case. Further, the individual members were at risk of being exposed to outside influences while they were deliberating. Ohio law provides that the three-judge panel act in lieu of a jury in capital cases; it does not, however, replace those procedures designed to preserve the integrity of a jury verdict with different procedures only applicable when a three-judge panel tries a case. To the contrary, § 2945.06 explicitly mandates that the procedures remain the same. As a result, Appellant Davis constitutional and statutory rights were violated, and his sentence must be vacated.

A-31

### ASSIGNMENT OF ERROR NO. F

THE TRIAL COURT ERRED BY GRANTING THE
PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-
APPELLANT'S TENTH CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.   Where a trial court refuses to allow a defendant to withdraw
     his jury waiver, the defendant's rights under the Fifth,
     Sixth, Eighth, and Fourteenth Amendments of the United
     States Constitution and Article I, Sections 10 and 16 of the
     Ohio Constitution have been violated.

In State v. Davis, 38 Ohio St. 3d 361 (1988), cert. denied, 488 U.S. 1034 (1989), the Ohio

Supreme Court concluded that error occurred in the sentencing phase of Mr. Davis's capital trial,

and that on remand Mr. Davis was eligible to receive the death penalty. Id. at 373. The Court

arrived at that decision although it had previously ruled in State v. Penix, 32 Ohio St. 3d 369

(1987), that due to a sentencing phase error, the death sentence was not an appropriate penalty on

remand. The Court reached different conclusions in these cases because Mr. Davis's capital trial

occurred before a three-judge panel while Mr. Penix's trial was before a jury.

Upon remand, with Mr. Davis facing the possibility of a death sentence, trial counsel

alerted the trial court to the constitutional implications attendant to drawing a distinction between

three-judge panel cases, and jury cases, in determining the appropriate penalty. Counsel filed a

Motion to Prohibit Three-judge Panel from Resentencing to Death. In this motion counsel

advanced the argument that sentencing Mr. Davis to death would violate a myriad of constitutional

protections. Counsel also filed a Motion to Withdraw Jury Waiver. This motion provided that

Mr. Davis did not make a knowing, intelligent and voluntary waiver of his right to a jury trial.

A-32

The trial court overruled both motions. It proceeded to conduct the resentencing hearing, and ultimately sentenced Mr. Davis to death.

### A. APPELLANT DAVIS'S JURY WAIVER WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY.

Armed with the Ohio Supreme Court's decision that Mr. Davis was subject to the death penalty at his resentencing hearing, defense counsel attempted to withdraw Mr. Davis's original jury waiver. Counsel argued that the divergent positions taken by the Ohio Supreme Court in State v. Penix, supra, and State v. Davis, supra, prevented Mr. Davis's jury waiver from being knowing, intelligent, and voluntary. The trial court did not permit Mr. Davis to withdraw his jury waiver. T.d. 141.

A capital defendant has the right to a jury trial as guaranteed by the Sixth and Fourteenth Amendments of the United State Constitution and Article I, Section 5 of the Ohio Constitution. "[T]rial by jury is the normal, if not preferable, mode of disposing of issues of fact in criminal cases and the right must be jealously preserved." State v. Ruppert, 54 Ohio St. 2d 263, 271, cert. denied, 439 U.S. 954 (1978). It is for this very reason that a criminal defendant may not be deprived of this right without an intelligent, voluntary and knowing waiver. Ohio R. Crim. P. 23(A); Ohio Rev. Code Ann. § 2945.05; Adams v. United States, 317 U.S. 269 (1942). "Every reasonable presumption should be made against the waiver, especially when it relates to a right or privilege deemed so valuable as to be secured by the constitution." Simmons v. State, 75 Ohio St. 346, 352 (1906). The Ohio Supreme Court has addressed the test to be applied in determining whether a criminal defendant has knowingly, intelligently and voluntarily waived his right to a jury trial. The trial "court must insure that the accused's decision to waive such right is made with

A-33

a sufficient awareness of the relevant circumstances and likely consequences of his waiver." State v. Ruppert, supra, at 271. (Emphasis added.)

Von Clark Davis could in no way have been aware of the circumstances and consequences of his waiver. He could not have known by waiving a jury, he could again be subject to the death penalty if his death sentence was reversed. While by contrast, if he chose to have his case heard by a jury, he would have been insulated from the death penalty if a reversal occurred. Given these facts, Mr. Davis was precluded from making an informed choice. Most specifically, his ability to make a knowing, intelligent and voluntary waiver of his constitutional right to a trial by jury was impaired.

Von Clark Davis was on trial for his life. The decision whether to be tried by a jury was particularly crucial. He should have been knowledgeable of all of the consequences of his waiver. He was not, and he should have been permitted to withdraw that waiver.

> B.  SENTENCING VON CLARK DAVIS TO DEATH
> VIOLATED THE DUE PROCESS AND EQUAL
> PROTECTION CLAUSES OF THE UNITED STATES
> AND OHIO CONSTITUTION.

The Ohio Supreme Court's determination that Von Clark Davis could be resentenced to death on remand hinged on the fact that Mr. Davis was convicted and sentenced by a three-judge panel rather than a jury. The Court opined "that when a reviewing court vacates the death sentence of a defendant imposed by a three-judge panel due to an error occurring at the penalty phase, not otherwise covered by Ohio Rev. Code Ann. § 2929.06, and the reviewing court does not find the evidence to be legally insufficient to justify imposition of the death sentence, such reviewing court may remand the action to that court for a resentencing hearing at which the State may seek

A-34

whatever punishment is lawful, including but not limited to, the death sentence." State v. Davis, supra.

The decision in Mr. Davis's case deviates from the Court's prior decision in State v. Penix, 32 Ohio St. 369 (1987). In Penix, the Court upheld the reversal of a death sentence where a jury had been improperly allowed to consider a nonstatutory aggravating circumstance in its penalty determination. The Court concluded that the defendant could not be resentenced to death when his case was remanded to the trial court for resentencing. It based this conclusion on the fact that the Ohio Revised Code requires that a sentence of death can only be imposed by the same jury that determined guilt or innocence, and Ohio Revised Code, Section 2929.03(C)(2)(b), does not authorize the re-empaneling of a new jury for a resentencing hearing. Id. at 372, 747. Under these circumstances, the Court reasoned that resentencing can only occur pursuant to Ohio Rev. Code Ann. § 2929.06, which authorizes the trial court to resentence the defendant to one of two alternative life sentences.

As part of its analysis, the Penix Court concluded that the Ohio Revised Code provides no authorization for the reimposition of a death sentence that has been reversed due to an egregious error in the penalty phase. The Court also recognized that the Revised Code did not cover the situation presented in Mr. Davis's case; yet, rather, than concluding that Mr. Davis could not be put to death, as it did in State v. Penix, the Court reached an opposite conclusion and authorized the death sentence on remand.

The position occupied by Mr. Davis is indistinguishable from that of the defendant in State v. Penix, supra. Both defendants were sentenced to death at trial. Both had their convictions reversed based upon the same penalty phase error: improper consideration of nonstatutory

A-35

aggravating circumstances. Both were tried under the same capital statutory scheme, as originally interpreted in State v. Penix, that provides no authorization for imposition of death at resentencing. Following this mandate, Mr. Penix was sentenced to life. Mr. Davis was sentenced to death.

This result reflects the fact that capital defendants tried before three-judge panels in Ohio are treated differently and more severely than those tried before a jury. This distinction denies those capital defendants tried by a three-judge panel their constitutional rights. "A state's enforcement of its criminal laws must comply with the principles of substantial equality and fair procedure that are embodied in the Fourteenth Amendment." McCoy v. Court of Appeals, 486 U.S. 429, 100 L.E. 2d 440, 451 (1988). The "constitutional guarantees of due process and equal protection both call [..] for procedures in criminal trials which allow no invidious discriminations between persons and different groups of persons." Griffin v. Illinois, 351 U.S. 12, 17 (1956). These well-settled principles were violated when the three-judge panel resentenced Mr. Davis to death.

A-36

## ASSIGNMENT OF ERROR NO. G

### THE TRIAL COURT ERRED BY GRANTING THE PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-APPELLANT'S TWELFTH CAUSE OF ACTION.

### ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.    Ohio's statutory provisions governing the imposition of the death penalty, do not meet the prescribed constitutional requirements and are unconstitutional, both on their face and as applied to Appellant Davis in violation of Appellant's rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.

The Eighth Amendment of the United States Constitution and Article I, Section 9 of the Ohio Constitution, explicitly prohibit the infliction of cruel and unusual punishment upon a convicted criminal offender. The Eighth Amendment protections are applicable to the States through the Fourteenth Amendment. Robinson v. California, 370 U.S. 660 (1960).

The prohibition against cruel and unusual punishment promises to all that the State's power to punish will be exercised within the limits of civilized standards. What constitutes cruel and unusual punishment is not a static concept, but rather a concept which "must draw [its] meaning from the evolving standards of decency that mark the progress of a maturing society." Id. at 101. This concept must be interpreted in a flexible and dynamic manner.

Punishment which is "excessive" constitutes cruel and unusual punishment. Coker v. Georgia, 433 U.S. 584 (1977). A punishment is excessive if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the gravity of the offense. Coker, supra, at 592.

A-37

Equal protection under the law, as guaranteed by the Fourteenth Amendment requires that similarly situated persons be treated similarly. This right extends to the protection against cruel and unusual punishment. Furman v. Georgia, 408 U.S. 238 at 249 (Douglas, J., concurring), reh'g. denied, 409 U.S. 902 (1972).

Capital punishment, because it involves the taking of life, is qualitatively different from other punishments. Furman, supra, at 287 (Brennan, J., concurring). "The penalty of death differs from all other forms of criminal punishment, not in degree but in kind." Id. at 306 (Stewart, J., concurring).

The Eighth Amendment concept of cruelty is not a prohibition against all suffering but it is a prohibition against inflicting suffering greater than is necessary to serve the legitimate needs underlying a compelling state interest of society. When the level of cruelty is disproportionate to the crime, and consequently does not serve the needs of society, courts must find the punishment to be "cruel" within the meaning of the cruel and unusual punishment clause. Robinson, supra.

The Ohio capital punishment scheme allows for imposition of the death penalty in an arbitrary and discriminatory manner, in violation of the protections mandated in Furman and its progeny. The virtually uncontrolled discretion of prosecutors in indictment decisions allows for arbitrary and discriminatory imposition of the death penalty.

The United States Supreme Court's decision in Woodson v. North Carolina, 428 U.S. 280 (1976), made it clear that the fatal flaw of mandatory death penalty statutes is that without specific standards the process of deciding who is to be sentenced to death is shielded from judicial review. Uncontrolled discretion of the prosecutor is one of Ohio's ways around this requirement.

A-38

Also, the Ohio system has resulted in the imposition of death penalties in a racially discriminatory manner, with blacks and those who killed white victims being much more likely to get the death penalty.

The right to life is a constitutionally protected fundamental right.  Commonwealth v. O'Neal, 327 N.E.2d 662 (Mass. 1975); cf. Roe v. Wade, 410 U.S. 113, reh'g denied, 410 U.S. 959 (1973); Johnson v. Zerbst, 304 U.S. 458 (1938); Yick Wo v. Hopkins, 118 U.S. 356 (1886).  The Fifth and Fourteenth Amendments of the Constitution state explicitly that neither the United States government nor any of the individual state governments may deprive a person of his life without due process of law.  "Aside from its prominent place in due process clause itself, the right to life is the basis for all other rights.  In the absence of life all other rights do not exist."  Commonwealth v. O'Neal, supra, at 668.

The societal interests commonly advanced to justify capital punishment are (1) saving lives, (2) protecting citizens, and (3) ensuring justice.  O'Neal II at 681.  These goals are often referred to, in penological terms, as (1) deterrence, (2) incapacitation/isolation, and (3) retribution/moral reinforcement.  Id.; Gregg v. Georgia, 428 U.S. 153, reh'g denied, 429 U.S. 875 (1976).

The death penalty is neither the least restrictive nor an effective means of deterrence. Isolation of the offender can be effectively served by means less restrictive than the death penalty, as can retribution.  These societal interests do not justify the death penalty, thus, such punishment is cruel and unusually applied.

Due process and equal protection rights require that states not impose a capital sentence through procedures that create a substantial risk of arbitrary and capricious application.  Gregg,

A-39

428 U.S. at 188 and 193-195; Furman, 408 U.S. 255, 274, and 309. The Ohio scheme does not meet these requirements. For example, by failing to require the conscious desire to kill, or premeditation and deliberation as the culpable mental state, Ohio Rev. Code Ann. § 2903.01(B) and Ohio Rev. Code Ann. § 2929.04(A)(7) run afoul of the federal and state constitutions. Nor does the Ohio code require that imposition of the death penalty only be allowed after proof beyond all doubt.

Another deficiency is that the statutes do not require the State to prove the absence of any mitigating factors and that death is the only appropriate penalty. The statutory scheme is also unconstitutionally vague which can lead to arbitrary imposition of the death penalty. Moreover, the statutes have impermissibly devalued the importance of mitigation because no method exists to ensure a proper "weighing and consideration" is accomplished. Because of these deficiencies, the Ohio statutory scheme does not meet the requirements of Furman and its progeny.

Also, the Ohio Supreme Court has interpreted the Ohio statutory scheme to require that capital defendants must prove the existence of a mitigating factor by a preponderance of the evidence. State v. Jenkins, 15 Ohio St. 3d 164 (1984), cert. denied, 472 U.S. 1032 (1985). This standard is unconstitutional, violating the Fifth, Eighth and Fourteenth Amendments of the United States Constitution, because it prevents the sentencer from considering relevant mitigating evidence.

The Ohio statutes also violate the mandates of the constitutional protections by requiring proof of aggravating circumstances in the guilt phase of capital trials. The United States Supreme Court has approved schemes which separate the consideration of statutory aggravating circumstances from the determination of guilt because of their ability to provide an individualized

A-40

determination and to narrow the category of defendants eligible for the death penalty. See Zant v. Stephens, 462 U.S. 862 (1983); Barclay v. Florida, 463 U.S. 939, reh'g denied, 464 U.S. 874 (1983). Ohio's statutory scheme cannot provide for these constitutional safeguards.

The statutory scheme for capital felony murder also fails to comply with the requirements set forth in Lowenfield v. Phelps, 484 U.S. 231, 98 L.E. 2d 568, reh'g denied, 99 L.E. 2d 286 (1988). Ohio's scheme allows an aggravating circumstance (Ohio Rev. Code Ann. § 2929.04(A)(7)) to merely repeat an element of aggravated murder pursuant to Ohio Rev. Code Ann. § 2903.01(B). No effective narrowing is performed when a capital defendant is indicted for felony murder and the felony murder specification. As a result, the scheme is unconstitutional.

The Ohio scheme is also unconstitutional because it imposes an impermissible risk of death on capital defendants who choose to exercise their right to a jury trial. A defendant who decides to plead guilty or no contest to an indictment, which contains one or more capital specifications, receives the benefit of having the trial court judge vested with the discretion to dismiss the specifications "in the interest of justice." Ohio Criminal Rule of Procedure 11(C)(3). Accordingly, the capital indictment may be dismissed regardless of the presence or absence of mitigating circumstances. No such corresponding provision exists if a capital defendant elects to proceed to trial before a jury.

In Lockett v. Ohio, 438 U.S. 586 (1978), Justice Blackmun, in his concurring opinion, found this discrepancy in Ohio's statute to be a constitutional infirmity. Justice Blackmun stated that this disparity in Ohio's statute violated the United States Supreme Court's pronouncement in United States v. Jackson, 390 U.S. 570 (1968). Id. at 617, and needlessly burdened the defendant's

A-41

exercise of his right to a trial by jury. Since the United States Supreme Court's decision in

Lockett, the infirmity has not been cured, and Ohio's statute remains unconstitutional.

The Ohio capital statutes are also unconstitutional because they require submission of the

presentence investigation report and the mental evaluation to the jury or judge once requested by a

capital defendant. Ohio Rev. Code Ann. § 2929.03(D)(1) provides:

> A pre-sentence investigation or mental examination shall not be
> made except upon request of the defendant. Copies of any reports
> prepared under this division shall be furnished to the court, to the
> trial jury if the offender was tried by a jury, to the prosecutor, and to
> the offender or his counsel for use under this division.

This mandatory submission prevents a capital defendant from effectively presenting his case in

mitigation.

Another aspect of the unconstitutionality of Ohio's scheme concerns excessiveness and

disproportionality issues. The Ohio Revised Code, through provisions in Sections 2929.021 and

2929.03, requires reporting of some data to the Court of Appeals and to the Ohio Supreme Court;

although there is a critical omission of a written life recommendation report from the panel. There

are also substantial doubts as to the adequacy of the information received after guilty pleas to

lesser offenses, or after charge reductions at trial. Section 2929.021 requires the reporting of only

minimal information on these cases. There has been no determination by this Court that additional

information will be required to be reported. Additional data is necessary to make an adequate

comparison in these cases. There is no system of adequate tracking under the Ohio scheme. This

prohibits adequate appellate review.

Adequate appellate review is a precondition to a finding that a state death penalty system is

constitutional. Zant, supra, at 879; Pulley v. Harris, 465 U.S. 37 (1984). The standard for review

A-42

is one of careful scrutiny. Zant at 884, 885; Barclay, supra, at 958. Review must be based on a comparison of similar cases and ultimately must focus on the character of the individual and the circumstances of the crime. Id.

Adequate appellate review is undercut by the failure of the Ohio statutes to require the jury or three-judge panel recommending life imprisonment to identify the mitigating factors. Without this information, no significant comparison of cases is possible since no written findings exist to serve as a basis for comparison. Without a significant comparison of cases, there can be no meaningful appellate review.

The proportionality system in Ohio is also constitutionally flawed because of the method used for case comparison. The Ohio Supreme Court in State v. Steffen, 31 Ohio St. 3d 111, 509 N.E.2d 383(1987), cert. denied, 485 U.S. 916 (1988), at paragraph one of the syllabus held that "the proportionality review required by Ohio Rev. Code Ann. § 2929.05(A) is satisfied by a review of those cases already decided by the reviewing Court in which the death penalty has been imposed." By only reviewing those cases in which death is imposed, the capital defendant is prevented from receiving a fair proportionality review.

The appropriateness analysis used by the Ohio Courts of Appeal and the Ohio Supreme Court is also constitutionally infirm. Ohio Rev. Code Ann. § 2929.05(A) requires the appellate courts of Ohio to determine the appropriateness of the death penalty in each capital case they review. The statute directs the court to "affirm a sentence of death only if the particular court is persuaded from the record that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors present in the case and that the sentence of death is the appropriate sentence in the case." The Ohio Supreme Court and the Court of Appeals have failed

A-43

to follow the dictates of the statute. The appropriateness review ultimately conducted in each case is very cursory. The Ohio legislature has chosen to provide capital defendants with the statutory right in Ohio Rev. Code Ann. § 2929.05. When a state opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the constitution and the due process clause. Evitts, v. Lucey, 469 U.S. 387, 401 (1985). The Ohio Rev. Code Ann. § 2929.05 review currently employed by the Ohio courts violates this constitutional mandate.

The Ohio scheme is also unconstitutional in that it fails to provide the sentencing authority with an option to choose a life sentence when there are only aggravating circumstances or when aggravation outweighs mitigation.

Under section 2929.05 of the Revised Code of Ohio, courts affirming a death sentence in Ohio are required to find that death is the only appropriate remedy, but the original sentencer has no such statutory requirement.

The "fundamental issue" in a capital sentencing proceeding is this "determination of the appropriate punishment to be imposed on an individual." Spaziano v. Florida, 468 U.S. 447 (1984). The sentencer must "rationally distinguish between those individuals for whom death is an appropriate sanction and those for whom it is not." Id. at 352. Appropriateness of the penalty thus appears to be the core, an indispensable element of a constitutionally valid sentencing scheme. Yet, Ohio's laws do not provide the jury or three-judge panel with an opportunity to consider this.

A-44

### ASSIGNMENT OF ERROR NO. H

THE COURT ERRED IN DISMISSING APPELLANT DAVIS'
THIRTEENTH CAUSE OF ACTION.

ISSUE(S) PRESENTED FOR REVIEW AND ARGUMENT:

1.  A Trial Court's Misapplication of Ohio Rev. Code Ann. §
    2929.04(B)(3) and its Reliance on Effectively Unrebuttable
    Evidence Deprived the Appellant of his Constitutional
    Rights.

Appellant Davis' Thirteenth Cause of Action alleged that the trial court violated Mr.

Davis' constitutional rights when it failed to accord the psychological testimony sufficient

weight, make an individualized sentencing determination, and allow Appellant to rebut evidence

on which the court relied when sentencing Mr. Davis to death.

In the trial court's resentencing opinion, it found all the mitigating evidence fell under

Ohio Rev. Code Ann. § 2929.04 (B) (7), including the psychological testimony given by Dr.

Roger Fisher. State v. Davis, Butler C.C.P., No. CR83-12-0164 (August 10, 1989), pp. 1-2..

Dr. Fisher stated at the original trial that Mr. Davis had an "explosive psychiatric disorder" and

was an "active-detached individual with schizoid trend." Tr. 399,407. In reference to the

psychological testimony, the trial court concluded:

> Defendant's explosive personality disorder, which we found may
> have contributed to the violence in the case at bar, may explain but
> in no way excuses it, and is not of such a nature as would have any
> great mitigating effect.

Id. at p. 2. (emphasis added).

Thus, the trial court misapplied the law by concluding that since the Appellant failed to

offer psychological evidence rising to the level of the legal excuse of insanity, there was no

A-45

evidence of Ohio Rev. Code Ann. § § 2929.04 (B) (3) and Mr. Davis' psychological disorders should be accorded little weight, if any.

The psychological testimony necessary to prove insanity and that introduced pursuant to Ohio Rev. Code Ann. § 2929.04 (B) (3) during the penalty phase of a capital trial are separate issues with different legal standards and effects. Eddings v. Oklahoma, 455 U.S. 104 (1982); State v. Lawrence, 44 Ohio St. 3d 24, 541 N.E.2d 451 (1989). The testimony introduced during the penalty phase did not have to excuse Mr. Davis' conduct in order to constitute relevant mitigating evidence under § 2929.04 (B) (3). See Lawrence, 44 Ohio St. 3d at 32, 541 N.E.2d at 460. Therefore, the trial court erred.

The trial court also erred by depriving Mr. Davis of the individualized sentencing required by the constitution. Its assessment of the psychological testimony included the following statement: "[the personality discorder] is such as would be had of numerous offenders where the death sentence would not be mitigated." Davis, No. CR83-12-0614, at 3. The U.S. Supreme Court has repeatedly stressed the constitutional imperative of individualized sentencing in death penalty cases. The sentencer must focus on the "particularized characteristics of the individual," Gregg v. Georgia, 428 U.S. 153, 206 (1976); and as death is different from any other state-sanctioned penalty, "an individualized decision is essential in capital cases...." Lockett v. Ohio, 438 U.S. 586, 605 (1978). In the case sub judice, the trial court did not treat Mr. Davis as a "uniquely individual human being" when it compared him to other capital defendant's with behavioral disorders.

Further, Appellant Davis was unable to rebut the evidence of other capital defendants' psychological states which the trial court relied on to conclude that Mr. Davis' circumstances did

A-46

not mitigate the crime. It is an "elemental due process requirement that a defendant not be sentenced to death 'on the basis of information which he had no opportunity to deny or explain.'" Skipper v. South Carolina, 476 U.S. 1, 5 fn.1 (1986) (quoting Gardner v. Florida, 430 U.S. 349, 362 (1977)). The trial court's reliance on evidence the Appellant had no opportunity to rebut violated his right to due process.

Appellant Davis was entitled to an individualized appropriateness review at every stage in the review procedure. Independent appellate review did not cure the errors committed by the trial court, especially since the Court of Appeals independent review consisted of merely referencing its 1986 decision. The cumulative effect of the trial courts' errors reduced the reliability of the death sentence and violated Mr. Davis rights guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, and Article I, Section 10 and 16 of the Ohio Constitution.

A-47

## ASSIGNMENT OF ERROR NO. I

THE TRIAL COURT ERRED BY GRANTING THE
PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-
APPELLANT'S FOURTEENTH CAUSE OF ACTION.

ISSUE PRESENTED FOR REVIEW AND ARGUMENT:

1.  Where the state reviewing courts fail to conduct a
    meaningful and independent review of an Appellant's
    sentence, the Apppellant's rights under the Fifth, Sixth,
    Eighth, and Fourteenth Amendments of the United States
    Constitution and Article I, Section 10 and 16 of the Ohio
    Constitution have been violated.

A capital sentencing procedure, to be considered constitutional, must "facilitate the

responsible and reliable exercise of sentencing discretion." Caldwell v. Mississippi, 472 U.S. 320,

329 (1985). Subsumed within this principle is the requirement of effective appellate review in

every capital case. The United States Supreme Court has "emphasized repeatedly the crucial role

of meaningful appellate review in ensuring that the death penalty is not imposed arbitrarily or

irrationally." Parker v. Dugger, ___ U.S. ___, 111 S. Ct. 731, 739 (1991).

The components of meaningful appellate review have been articulated by the Court. Such

review includes an independent consideration of the actual record of the defendant by the

reviewing court. Id. at 739-740. Further, a "state appellate court in a weighing State [may not]

affirm a death sentence without a thorough analysis ... " Stringer v. Black, ___ U.S. ___, 112 S.

Ct. 1130, 1136 (1992). A reviewing court may not make an "automatic assumption" but must

make an individualized sentencing determination. Id. at 1136-1137.

Ohio has codified similar requirements for appellate review of capital cases. Ohio Rev.

Code Ann. § 2929.05(A) (Anderson 1988). This statute provides:

A-48

> Whenever sentence of death is imposed pursuant to Sections 2929.03
> and 2929.04 of the Revised Code, the court of appeals and the
> supreme court shall upon appeal review the sentence of death ... The
> court of appeals and the supreme court ... shall review and
> independently weigh all of the facts and other evidence disclosed in
> the record in the case and consider the offense and the offender to
> determine whether the aggravating circumstances the offender was
> found guilty of committing outweigh the mitigating factors in the
> case, and whether the sentence of death is appropriate.

Adequate appellate review is required at every level of the review process in Ohio. State v.

Gillard, 40 Ohio St. 3d 226, 235, 533 N.E.2d 272, 281 (1988), cert. denied, ___ U.S. ___, 109 S.

Ct. 3263 (1989).

The review conducted of Appellant's death sentence failed to comply with either the

requirements of the United States Constitution or Ohio law. Specifically, the Court of Appeals

and the Ohio Supreme Court on review did not consider or give effect to any of the proffered

evidence at Appellant's resentencing hearing in determining the appropriateness of Appellant's

death sentence. Rather, both courts limited their consideration to the evidence presented at

Appellant's original trial in 1984.

The entire appropriateness analysis conducted of Appellant's death sentence by the Court

of Appeals is contained in this brief statement:

> In our prior decision in this case, we found that the aggravating
> circumstance under O.R.C. 2929.04(A)(5) (prior murder conviction)
> was sufficiently established by the evidence and that it outweighed the
> mitigating factors presented by appellant beyond a reasonable doubt.
> See Davis, No. CA84-06-071 (Butler C.A.) at 27-28. As appellant
> has presented no argument which convinces us otherwise, our
> conclusion remains the same. Therefore, we find that the statutory
> aggravating circumstances appellant was found guilty of committing
> outweighs the mitigating factors in the case.

State v. Von Clark Davis, No. CA89-09-123 (Butler C.A. Oct. 29, 1990), at p. 11-12.

A-49

Conspicuously absent from the Court of Appeals's opinion was any meaningful independent weighing of the aggravating circumstances and the mitigating factors. Rather, the Court of Appeals relied on the review it conducted in the first appeal in Appellant's case. The Court of Appeals simply made an "automatic assumption" that Appellant's death sentence was appropriate. This automatic affirmance of Appellant's death sentence violates the commands of the Eighth Amendment and the requirement of Ohio law as set forth in Ohio Rev. Code Ann. § 2929.05(A).

The inadequacy of the review of Appellant's death sentence was further compounded by the review conducted by the Ohio Supreme Court. When the Ohio Supreme Court conducted it own Ohio Rev. Code Ann. § 2929.05 review, it also refused to include Appellant Davis's additional mitigating evidence, proffered at the resentencing hearing, in the weighing process. State v. Davis, 63 Ohio St. 3d at 50-51, 584 N.E.2d at 1198.

The reviewing courts in this case should have conducted a weighing process that incorporated all of Appellant Davis's mitigating evidence. Since not one court has considered this evidence, there has been no constitutional determination by any court, based on the evidence, that death is the appropriate sentence for Appellant.

A-50

FEDERAL RULE CRIM. P. 11

Rule 11. Pleas.

(a) ALTERNATIVES.

(1) *In General.* A defendant may plead not guilty, guilty, or nolo contendere. If a defendant refuses to plead or if a defendant corporation fails to appear, the court shall enter a plea of not guilty.

(2) *Conditional Pleas.* With the approval of the court and the consent of the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea.

(b) NOLO CONTENDERE. A defendant may plead nolo contendere only with the consent of the court. Such a plea shall be accepted by the court only after due consideration of the views of the parties and the interest of the public in the effective administration of justice.

(c) ADVICE TO DEFENDANT. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole term or term of supervised release, the fact that the court is required to consider any applicable sentencing guidelines but may depart from those guidelines under some circumstances, and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense; and

(2) if the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent the defendant; and

(3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury and at that trial the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination; and

(4) that if a plea of guilty or nolo contendere is accepted by the court there will not be a further trial of any kind, so that by pleading guilty or nolo contendere the defendant waives the right to a trial; and

(5) if the court intends to question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant has pleaded, that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

A-51

(d) INSURING THAT THE PLEA IS VOLUNTARY. The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or the defendant's attorney.

(e) PLEA AGREEMENT PROCEDURE.

(1) *In General.* The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement tnat, upon une entering or a piea or gulity or nolo contendere to a charged offense or to a lesser or re-

lated offense, the attorney for the government will do any of the following:

(A) move for dismissal of other charges; or

(B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court: or

(C) agree that a specific sentence is the appropriate disposition of the case.

The court shall not participate in any such discussions.

(2) *Notice of Such Agreement.* If a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. If the agreement is of the type specified in subdivision (e)(1)(A) or (C), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw the plea.

(3) *Acceptance of a Plea Agreement.* If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.

(4) *Rejection of a Plea Agreement.* If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant personally in open court or, on a showing of good cause, in camera, that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw the plea, and advise the defendant that if the defendant persists in a guilty plea

(Rel.47-9/90 Pub.201/410)

A-52

or plea of nolo contendere the disposition of the case may be less favorable to the defendant than that contemplated by the plea agreement.

(5) *Time of Plea Agreement Procedure.* Except for good cause shown, notification to the court of the existence of a plea agreement shall be given at the arraignment or at such other time, prior to trial, as may be fixed by the court.

(6) *Inadmissibility of Pleas, Plea Discussions, and Related Statements.* Except as otherwise provided in this paragraph, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:

(A) a plea of guilty which was later withdrawn;

(B) a plea of nolo contendere;

(C) any statement made in the course of any proceedings under this rule regarding either of the foregoing pleas; or

(D) any statement made in the course of plea discussions with an attorney for the government which do not result in a plea of guilty or which result in a plea of guilty later withdrawn.

However, such a statement is admissible (i) in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it, or (ii) in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel.

(f) DETERMINING ACCURACY OF PLEA. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

(g) RECORD OF PROCEEDINGS. A verbatim record of the proceedings at which the defendant enters a plea shall be made and, if there is a plea of guilty or nolo contendere, the record shall include, without limitation, the court's advice to the defendant, the inquiry into the voluntariness of the plea including any plea agreement, and the inquiry into the accuracy of a guilty plea.

(h) HARMLESS ERROR. Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.

A-53

## The Constitution of the United States

### AMENDMENT XIV

#### Section 1

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

#### Section 2

Representatives shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State, excluding Indians not taxed. But when the right to vote at any election for the choice of electors for President and Vice President of the United States, Representatives in Congress, the Executive and Judicial officers of a State, or the members of the Legislature thereof, is denied to any of the male inhabitants of such State, being twenty-one years of age, and citizens of the United States, or in any way abridged, except for participation in rebellion, or other crime, the basis of representation therein shall be reduced in the proportion which the number of such male citizens shall bear to the whole number of male citizens twenty-one years of age in such State.

#### Section 3

No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each house, remove such disability.

#### Section 4

The validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned. But neither the United States nor any State shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void.

#### Section 5

The Congress shall have power to enforce, by appropriate legislation, the provisions of this article.

HISTORY: Proposed 1866, Adopted 1868

A-54

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2323

The Constitution of the United States

### AMENDMENT VIII

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

HISTORY: Proposed 1789, Adopted 1791

A-55

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2324

The Constitution of the United States

## AMENDMENT VI

In all criminal prosecutions. the accused shall enjoy the right to a speedy and public trial. by an impartial jury of the State-and-district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

HISTORY: Proposed 1789. Adopted 1791

A-56

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2325

The Constitution of the United States

## AMENDMENT V

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

HISTORY: Proposed 1789, Adopted 1791

A-57

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2326

CONSTITUTION OF THE STATE OF OHIO
ARTICLE I. BILL OF RIGHTS

**O CONST I Sec. 9  BAIL; CRUEL AND UNUSUAL PUNISHMENTS**

All persons shall be bailable by sufficient sureties, except for capital offences where the proof is evident, or the presumption great. Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted.

A-58

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2327

## CONSTITUTION OF THE STATE OF OHIO
## ARTICLE I. BILL OF RIGHTS

### O CONST I Sec. 10 RIGHTS OF CRIMINAL DEFENDANTS

Except in cases of impeachment, cases arising in the army and navy, or in the militia when in actual service in time of war or public danger, and cases involving offenses for which the penalty provided is less than imprisonment in the penitentiary, no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury; and the number of persons necessary to constitute such grand jury and the number thereof necessary to concur in finding such indictment shall be determined by law. In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed; but provision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance can not be had at the trial, always securing to the accused means and the opportunity to be present in person and with counsel at the taking of such deposition, and to examine the witness face to face as fully and in the same manner as if in court. No person shall be compelled, in any criminal case, to be a witness against himself; but his failure to testify may be considered by the court and jury and may be the subject of comment by counsel. No person shall be twice put in jeopardy for the same offense.

## CONSTITUTION OF THE STATE OF OHIO
## ARTICLE I. BILL OF RIGHTS

### O CONST I Sec. 16  REDRESS FOR INJURY; DUE PROCESS

All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. Suits may be brought against the state, in such courts and in such manner, as may be provided by law.

A-60

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2329

OH CONST Art. I, Sec. 5, RIGHT OF TRIAL BY JURY

------------ Excerpt from page 216 follows ------------
Const. Art. I, Sec. 5

BALDWIN'S OHIO REVISED CODE ANNOTATED
CONSTITUTION OF THE STATE OF OHIO
ARTICLE I. BILL OF RIGHTS

Current with amendments received through 3-30-95

Ɔ CONST I Sec. 5 RIGHT OF TRIAL BY JURY

     The right of trial by jury shall be inviolate, except that, in civil
cases, laws may be passed to authorize the rendering of a verdict by the
concurrence of not less than three-fourths of the jury.


RELATED TERMS


Copyright  Banks-Baldwin Law Publishing Co. 1995.

A-61

OH CONST Art. II, Sec. 39, EXPERT TESTIMONY IN CRIMINAL CASES

------------ Excerpt from page 1668 follows ------------
Const. Art. II, Sec. 39

BALDWIN'S OHIO REVISED CODE ANNOTATED
CONSTITUTION OF THE STATE OF OHIO
ARTICLE II. LEGISLATIVE

Current with amendments received through 3-30-95

O CONST II Sec. 39 EXPERT TESTIMONY IN CRIMINAL CASES

    Laws may be passed for the regulation of the use of expert witnesses
and expert testimony in criminal trials and proceedings.

RELATED TERMS

EXPERT WITNESSES

Copyright   Banks-Baldwin Law Publishing Co. 1995.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2331

OH ST RCP Rule 7, PLEADINGS AND MOTIONS

------------ Excerpt from page 69748 follows ------------
Civ. R. Rule 7


BALDWIN'S OHIO REVISED CODE ANNOTATED
RULES OF CIVIL PROCEDURE
TITLE III PLEADINGS AND MOTIONS

Current with amendments received through 3-30-95


CIV R 7 PLEADINGS AND MOTIONS

(A) Pleadings

There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

(B) Motions

(1) An application to the court for an order shall be by motion which, unless made during a hearing or a trial, shall be made in writing. A motion, whether written or oral, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

(2) To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.

(3) The rules applicable to captions, signing, and other matters of form of pleading apply to all motions and other papers provided for by these rules.

(4) All motions shall be signed in accordance with Rule 11.

(C) Demurrers abolished

Demurrers shall not be used.

A-63

OH ST RCP Rule 12, DEFENSES AND OBJECTIONS--WHEN AND HOW PRESENTED--BY
PLEADING OR MOTION--MOTION FOR JUDGMENT ON THE PLEADINGS

------------ Excerpt from page 69854 follows ------------
Civ. R. Rule 12


BALDWIN'S OHIO REVISED CODE ANNOTATED
RULES OF CIVIL PROCEDURE
TITLE III PLEADINGS AND MOTIONS

Current with amendments received through 3-30-95


CIV R 12 DEFENSES AND OBJECTIONS--WHEN AND HOW PRESENTED--BY PLEADING OR
MOTION--MOTION FOR JUDGMENT ON THE PLEADINGS

(A) When answer presented

    (1) Generally. The defendant shall serve his answer within
twenty-eight days after service of the summons and complaint upon him; if
service of notice has been made by publication, he shall serve his answer
within twenty-eight days after the completion of service by publication.

    (2) Other responses and motions. A party served with a pleading
stating a cross-claim against him shall serve an answer thereto within
twenty-eight days after the service upon him. The plaintiff shall serve
his reply to a counterclaim in the answer within twenty-eight days after
service of the answer or, if a reply is ordered by the court, within
twenty-eight days after service of the order, unless the order otherwise
directs. The service of a motion permitted under this rule alters these
periods of time as follows, unless a different time is fixed by order of
the court: (a) if the court denies the motion, a responsive pleading,
delayed because of service of the motion, shall be served within fourteen
days after notice of the court's action; (b) if the court grants the
motion, a responsive pleading, delayed because of service of the motion,
shall be served within fourteen days after service of the pleading which
complies with the court's order.

(B) How presented

    Every defense, in law or fact, to a claim for relief in any pleading,
whether a claim, counterclaim, cross-claim, or third-party claim, shall be
asserted in the responsive pleading thereto if one is required, except
that the following defenses may at the option of the pleader be made by
motion: (1) lack of jurisdiction over the subject matter, (2) lack of
jurisdiction over the person, (3) improper venue, (4) insufficiency of
process, (5) insufficiency of service of process, (6) failure to state a A-64

claim upon which relief can be granted, (7) failure to join a party under
Rule 19 or Rule 19.1. A motion making any of these defenses shall be made
before pleading if a further pleading is permitted. No defense or
objection is waived by being joined with one or more other defenses or
objections in a responsive pleading or motion. If a pleading sets forth a
claim for relief to which the adverse party is not required to serve a
responsive pleading, he may assert at the trial any defense in law or fact
to that claim for relief. When a motion to dismiss for failure to state a
claim upon which relief can be granted presents matters outside the
pleading and such matters are not excluded by the court, the motion shall
be treated as a motion for summary judgment and disposed of as provided in
Rule 56. Provided however, that the court shall consider only such matters
outside the pleadings as are specifically enumerated in Rule 56. All
parties shall be given reasonable opportunity to present all materials
made pertinent to such a motion by Rule 56.


------------ Excerpt from page 69855 follows ------------
(C) Motion for judgment on the pleadings

    After the pleadings are closed but within such time as not to delay
the trial, any party may move for judgment on the pleadings.

(D) Preliminary hearings

    The defenses specifically enumerated (1) to (7) in subdivision (B) of
this rule, whether made in a pleading or by motion, and the motion for
judgment  mentioned in subdivision (C) of this rule shall be heard and
determined before trial on application of any party.

(E) Motion for definite statement

    If a pleading to which a responsive pleading is permitted is so vague
or ambiguous that a party cannot reasonably be required to frame a
responsive pleading, he may move for a definite statement before
interposing his responsive pleading. The motion shall point out the
defects complained of and the details desired. If the motion is granted
and the order of the court is not obeyed within fourteen days after notice
of the order or within such other time as the court may fix, the court may
strike the pleading to which the motion was directed or make such order as
it deems just.

(F) Motion to strike

    Upon motion made by a party before responding to a pleading, or if no
responsive pleading is permitted by these rules, upon motion made by a
party within twenty-eight days after the service of the pleading upon him
or upon the court's own initiative at any time, the court may order      A-65

stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter.

(G) Consolidation of defenses and objections

A party who makes a motion under this rule must join with it the other motions herein provided for and then available to him. If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter assert by motion or responsive pleading, any of the defenses or objections so omitted, except as provided in subdivision (H) of this rule.

(H) Waiver of defenses and objections

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (G), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

------------ Excerpt from page 69856 follows ------------
(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(A), or by motion for judgment on the pleadings, or at the trial on the merits.

(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Copyright (c) West Publishing Co. 1995  No claim to original U.S. Govt. works.

A-66

OH ST RCP Rule 56, SUMMARY JUDGMENT

------------ Excerpt from page 70691 follows ------------
Civ. R. Rule 56


BALDWIN'S OHIO REVISED CODE ANNOTATED
RULES OF CIVIL PROCEDURE
TITLE VII JUDGMENT

Current with amendments received through 3-30-95


CIV R 56 SUMMARY JUDGMENT

(A) For party seeking affirmative relief

A party seeking to recover upon a claim, counterclaim, or cross-claim
or to obtain a declaratory judgment may, at any time after the expiration
of the time permitted under these rules for a responsive motion or
pleading by the adverse party, or after service of a motion for summary
judgment by the adverse party, move with or without supporting affidavits
for a summary judgment in his favor upon all or any part thereof. If the
action has been set for pretrial or trial, a motion for summary judgment
may be made only with leave of court.

(B) For defending party

A party against whom a claim, counterclaim, or cross-claim is asserted
or a declaratory judgment is sought may at any time, move with or without
supporting affidavits for a summary judgment in his favor as to all or any
part thereof. If the action has been set for pretrial or trial, a motion
for summary judgment may be made only with leave of court.

(C) Motion and proceedings thereon

The motion shall be served at least fourteen days before the time
fixed for hearing. The adverse party prior to the day of hearing may serve
and file opposing affidavits. Summary judgment shall be rendered forthwith
if the pleading, depositions, answers to interrogatories, written
admissions, affidavits, transcripts of evidence in the pending case, and
written stipulations of fact, if any, timely filed in the action, show
that there is no genuine issue as to any material fact and that the moving
party is entitled to judgment as a matter of law. No evidence or
stipulation may be considered except as stated in this rule. A summary
judgment shall not be rendered unless it appears from such evidence or
stipulation and only therefrom, that reasonable minds can come to but one
conclusion and that conclusion is adverse to the party against whom the A-67

.

Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Copyright (c) West Publishing Co. 1995  No claim to original U.S. Govt. works.

A-69

OH ST RCRP Rule 16, DISCOVERY AND INSPECTION

------------ Excerpt from page 71564 follows ------------
Crim. R. Rule 16


BALDWIN'S OHIO REVISED CODE ANNOTATED
RULES OF CRIMINAL PROCEDURE

Current with amendments received through 3-30-95


CRIM R 16 DISCOVERY AND INSPECTION


< Note: See also following proposed rule and Publisher's Note below. >

(A) Demand for discovery

    Upon written request each party shall forthwith provide the discovery
herein allowed. Motions for discovery shall certify that demand for
discovery has been made and the discovery has not been provided.

(B) Disclosure of evidence by the prosecuting attorney

    (1) Information subject to disclosure. (a) Statement of defendant or
co-defendant. Upon motion of the defendant, the court shall order the
prosecuting attorney to permit the defendant to inspect and copy or
photograph any of the following which are available to, or within the
possession, custody, or control of the state, the existence of which is
known or by the exercise of due diligence may become known to the
prosecuting attorney:

    (i) Relevant written or recorded statements made by the defendant or
co-defendant, or copies thereof;

    (ii) Written summaries of any oral statement, or copies thereof, made
by the defendant or co-defendant to a prosecuting attorney or any law
enforcement officer;

    (iii) Recorded testimony of the defendant or co-defendant before a
grand jury.

    (b) Defendant's prior record. Upon motion of the defendant the court
shall order the prosecuting attorney to furnish defendant a copy of
defendant's prior criminal record, which is available to or within the
possession, custody or control of the state.

A-70

(c) Documents and tangible objects. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant.

(d) Reports of examination and tests. Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with the particular case, or copies thereof, available to or within the possession, custody or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney.

------------ Excerpt from page 71565 follows ------------
(e) Witness names and addresses; record. Upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial, together with any record of prior felony convictions of any such witness, which record is within the knowledge of the prosecuting attorney. Names and addresses of witnesses shall not be subject to disclosure if the prosecuting attorney certifies to the court that to do so may subject the witness or others to physical or substantial economic harm or coercion. Where a motion for discovery of the names and addresses of witnesses has been made by a defendant, the prosecuting attorney may move the court to perpetuate the testimony of such witnesses in a hearing before the court, in which hearing the defendant shall have the right of cross-examination. A record of the witness' testimony shall be made and shall be admissible at trial as part of the state's case in chief, in the event the witness has become unavailable through no fault of the state.

(f) Disclosure of evidence favorable to defendant. Upon motion of the defendant before trial the court shall order the prosecuting attorney to disclose to counsel for the defendant all evidence, known or which may become known to the prosecuting attorney, favorable to the defendant and material either to guilt or punishment. The certification and the perpetuation provisions of subsection (B)(1)(e) apply to this subsection.

(g) In camera inspection of witness' statement. Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attorney present and

A-71

participating, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement.

If the court determines that inconsistencies exist, the statement shall be given to the defense attorney for use in cross-examination of the witness as to the inconsistencies.

If the court determines that inconsistencies do not exist the statement shall not be given to the defense attorney and he shall not be permitted to cross-examine or comment thereon.

Whenever the defense attorney is not given the entire statement, it shall be preserved in the records of the court to be made available to the appellate court in the event of an appeal.

------------ Excerpt from page 71566 follows ------------
(2) Information not subject to disclosure. Except as provided in subsections (B)(1)(a), (b), (d), (f), and (g), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal documents made by the prosecuting attorney or his agents in connection with the investigation or prosecution of the case, or of statements made by witnesses or prospective witnesses to state agents.

(3) Grand jury transcripts. The discovery or inspection of recorded proceedings of a grand jury shall be governed by Rule 6(E) and subsection (B)(1)(a) of this rule.

(4) Witness list; no comment. The fact that a witness' name is on a list furnished under subsections (B)(1)(b) and (f), and that such witness is not called shall not be commented upon at the trial.

(C) Disclosure of evidence by the defendant

(1) Information subject to disclosure. (a) Documents and tangible objects. If on request or motion the defendant obtains discovery under subsection (B)(1)(c), the court shall, upon motion of the prosecuting attorney order the defendant to permit the prosecuting attorney to inspect and copy or photograph books, papers, documents, photographs, tangible objects, or copies or portions thereof, available to or within the possession, custody or control of the defendant and which the defendant intends to introduce in evidence at the trial.

(b) Reports of examinations and tests. If on request or motion the defendant obtains discovery under subsection (B)(1)(d), the court shall, upon motion of the prosecuting attorney, order the defendant to permit the prosecuting attorney to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or    A-72

experiments made in connection with the particular case, or copies thereof, available to or within the possession or control of the defendant, and which the defendant intends to introduce in evidence at the trial, or which were prepared by a witness whom the defendant intends to call at the trial, when such results or reports relate to his testimony.

(c) Witness names and addresses. If on request or motion the defendant obtains discovery under subsection (B)(1)(e), the court shall, upon motion of the prosecuting attorney, order the defendant to furnish the prosecuting attorney a list of the names and addresses of the witnesses he intends to call at the trial. Where a motion for discovery of the names and addresses of witnesses has been made by the prosecuting attorney, the defendant may move the court to perpetuate the testimony of such witnesses in a hearing before the court in which hearing the prosecuting attorney shall have the right of cross-examination. A record of the witness' testimony shall be made and shall be admissible at trial as part of the defendant's case in chief in the event the witness has become unavailable through no fault of the defendant.

------------ Excerpt from page 71567 follows ------------

(d) In camera inspection of witness' statement. Upon completion of the direct examination, at trial, of a witness other than the defendant, the court on motion of the prosecuting attorney shall conduct an in camera inspection of the witness' written or recorded statement obtained by the defense attorney or his agents with the defense attorney and prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement.

If the court determines that inconsistencies exist the statement shall be given to the prosecuting attorney for use in cross-examination of the witness as to the inconsistencies.

If the court determines that inconsistencies do not exist the statement shall not be given to the prosecuting attorney, and he shall not be permitted to cross-examine or comment thereon.

Whenever the prosecuting attorney is not given the entire statement it shall be preserved in the records of the court to be made available to the appellate court in the event of an appeal.

(2) Information not subject to disclosure. Except as provided in subsections (C)(1)(b) and (d), this rule does not authorize the discovery or inspection of reports, memoranda, or other internal documents made by the defense attorney or his agents in connection with the investigation or defense of the case, or of statements made by witnesses or prospective witnesses to the defense attorney or his agents.

A-73

(3) Witness list; no comment. The fact that a witness' name is on a list furnished under subsection (C)(1)(c), and that the witness is not called shall not be commented upon at the trial.

(D) Continuing duty to disclose

If, subsequent to compliance with a request or order pursuant to this rule, and prior to or during trial, a party discovers additional matter which would have been subject to discovery or inspection under the original request or order, he shall promptly make such matter available for discovery or inspection, or notify the other party or his attorney or the court of the existence of the additional matter, in order to allow the court to modify its previous order, or to allow the other party to make an appropriate request for additional discovery or inspection.

(E) Regulation of discovery

(1) Protective orders. Upon a sufficient showing the court may at any time order that the discovery or inspection be denied, restricted or deferred, or make such other order as is appropriate. Upon motion by a party the court may permit a party to make such showing, or part of such showing, in the form of a written statement to be inspected by the judge alone. If the court enters an order granting relief following such a showing, the entire text of the party's statement shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

------------ Excerpt from page 71568 follows ------------

(2) Time, place and manner of discovery and inspection. An order of the court granting relief under this rule shall specify the time, place and manner of making the discovery and inspection permitted, and may prescribe such terms and conditions as are just.

(3) Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.

(F) Time of motions

A defendant shall make his motion for discovery within twenty-one days after arraignment or seven days before the date of trial, whichever is earlier, or at such reasonable time later as the court may permit. The

A-74

prosecuting attorney shall make his motion for discovery within seven days after defendant obtains discovery or three days before trial, whichever is earlier. The motion shall include all relief sought under this rule. A subsequent motion may be made only upon showing of cause why such motion would be in the interest of justice.

Copyright   Banks-Baldwin Law Publishing Co. 1995.

A-75

OH ST RCRP Rule 23, TRIAL BY JURY OR BY THE COURT

------------ Excerpt from page 71658 follows ------------
Crim. R. Rule 23


BALDWIN'S OHIO REVISED CODE ANNOTATED
RULES OF CRIMINAL PROCEDURE

Current with amendments received through 3-30-95


CRIM R 23 TRIAL BY JURY OR BY THE COURT

(A) Trial by jury

     In serious offense cases the defendant before commencement of the
trial may knowingly, intelligently and voluntarily waive in writing his
right to trial by jury. Such waiver may also be made during trial with the
approval of the court and the consent of the prosecuting attorney. In
petty offense cases, where there is a right of jury trial, the defendant
shall be tried by the court unless he demands a jury trial. Such demand
must be in writing and filed with the clerk of court not less than ten
days prior to the date set for trial, or on or before the third day
following receipt of notice of the date set for trial, whichever is later.
Failure to demand a jury trial as provided in this subdivision is a
complete waiver of the right thereto.

(B) Number of jurors

     In felony cases juries shall consist of twelve.

     In misdemeanor cases juries shall consist of eight.

     If a defendant is charged with a felony and with a misdemeanor or, if
a felony and a misdemeanor involving different defendants are joined for
trial, the jury shall consist of twelve.

(C) Trial without a jury

     In a case tried without a jury the court shall make a general finding.


Copyright  Banks-Baldwin Law Publishing Co. 1995.

A-76

OH ST REV Rule 404, CHARACTER EVIDENCE NOT ADMISSIBLE TO PROVE CONDUCT;
EXCEPTIONS; OTHER CRIMES

------------ Excerpt from page 72694 follows ------------
Evid. R. Rule 404


BALDWIN'S OHIO REVISED CODE ANNOTATED
OHIO RULES OF EVIDENCE
ARTICLE IV RELEVANCY AND ITS LIMITS

Current with amendments received through 3-30-95


EVID R 404 CHARACTER EVIDENCE NOT ADMISSIBLE TO PROVE CONDUCT; EXCEPTIONS;
OTHER CRIMES

(A) Character evidence generally

   Evidence of a person's character or a trait of his character is not
admissible for the purpose of proving that he acted in conformity
therewith on a particular occasion, subject to the following exceptions:

   (1) Character of accused. Evidence of a pertinent trait of his
character offered by an accused, or by the prosecution to rebut the same
is admissible; however, in prosecutions for rape, gross sexual imposition,
and prostitution, the exceptions provided by statute enacted by the
General Assembly are applicable.

   (2) Character of victim. Evidence of a pertinent trait of character of
the victim of the crime offered by an accused, or by the prosecution to
rebut the same, or evidence of a character trait of peacefulness of the
victim offered by the prosecution in a homicide case to rebut evidence
that the victim was the first aggressor is admissible; however, in
prosecutions for rape, gross sexual imposition, and prostitution, the
exceptions provided by statute enacted by the General Assembly are
applicable.

   (3) Character of witness. Evidence of the character of a witness on
the issue of credibility is admissible as provided in Rules 607, 608, and
609.

(B) Other crimes, wrongs or acts

   Evidence of other crimes, wrongs, or acts is not admissible to prove
the character of a person in order to show that he acted in conformity
therewith. It may, however, be admissible for other purposes, such as
proof of motive, opportunity, intent, preparation, plan, knowledge,

A-77

identity, or absence of mistake or accident.

Copyright  Banks-Baldwin Law Publishing Co. 1995.

A-78

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2346

BALDWIN'S OHIO REVISED CODE ANNOTATED
TITLE XXIX CRIMES—PROCEDURE
CHAPTER 2901 GENERAL PROVISIONS
GENERAL PROVISIONS
Current with amendments received through 1-1-95

## 2901.01 DEFINITIONS

As used in the Revised Code:

(A) "Force" means any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing.

(B) "Deadly force" means any force which carries a substantial risk that it will proximately result in the death of any person.

(C) "Physical harm to persons" means any injury, illness, or other physiological impairment, regardless of its gravity or duration.

(D) "Physical harm to property" means any tangible or intangible damage to property which, in any degree, results in loss to its value or interferes with its use or enjoyment. "Physical harm to property" does not include wear and tear occasioned by normal use.

(E) "Serious physical harm to persons" means any of the following:

(1) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

(2) Any physical harm which carries a substantial risk of death;

(3) Any physical harm which involves some permanent incapacity, whether partial or total, or which involves some temporary, substantial incapacity;

(4) Any physical harm which involves some permanent disfigurement, or which involves some temporary, serious disfigurement;

(5) Any physical harm which involves acute pain of such duration as to result in substantial suffering, or which involves any degree of prolonged or intractable pain.

(F) "Serious physical harm to property" means any physical harm to property which does either of the following:

(1) Results in substantial loss to the value of the property, or requires a substantial amount of time, effort, or money to repair or replace;

(2) Temporarily prevents the use or enjoyment of the property, or substantially interferes with its use or enjoyment for an extended period of time.

(G) "Risk" means a significant possibility, as contrasted with a remote possibility, that a certain result may occur or that certain circumstances may exist.

(H) "Substantial risk" means a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist.

(I) "Offense of violence" means any of the following:

(1) A violation of sections 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2903.12, 2903.13, 2903.21, 2903.22, 2905.01, 2905.02, 2905.11, 2907.02, 2907.03, 2907.12, 2909.02, 2909.03, 2909.04, 2909.05, 2911.01, 2911.02, 2911.11, 2911.12, 2917.01,

2917.02, 2917.03, 2917.31, 2919.25, 2921.03, 2921.34, 2921.35, 2923.12, and 2923.13 of the Revised Code;

(2) A violation of an existing or former municipal ordinance or law of this or any other state or the United States, substantially equivalent to any section listed in division (I)(1) of this section;

(3) An offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons;

(4) A conspiracy or attempt to commit, or complicity in committing, any offense under division (I)(1), (2), or (3) of this section.

(J)(1) "Property" means any property, real or personal, tangible or intangible, and any interest or license in such property. "Property" includes, but is not limited to, cable television service, computer data, computer software, financial instruments associated with computers, and other documents associated with computers, or copies of the documents, whether in machine or human readable form. "Financial instruments associated with computers" include, but are not limited to, checks, drafts, warrants, money orders, notes of indebtedness, certificates of deposit, letters of credit, bills of credit or debit cards, financial transaction authorization mechanisms, marketable securities, or any computer system representations of any of them.

(2) As used in this division and division (M) of this section, "cable television service," "computer," "computer software," "computer system," "computer network," and "data" have the same meaning as in section 2913.01 of the Revised Code.

(K) "Law enforcement officer" means any of the following:

(1) A sheriff, deputy sheriff, constable, police officer of a township or joint township police district, marshal, deputy marshal, municipal police officer, member of a police force employed by a metropolitan housing authority under division (D) of section 3735.31 of the Revised Code, or state highway patrol trooper;

(2) An officer, agent, or employee of the state or any of its agencies, instrumentalities, or political subdivisions, upon whom, by statute, a duty to conserve the peace or to enforce all or certain laws is imposed and the authority to arrest violators is conferred, within the limits of such statutory duty and authority;

(3) A mayor, in his capacity as chief conservator of the peace within his municipal corporation;

(4) A member of an auxiliary police force organized by county, township, or municipal law enforcement authorities, within the scope of such member's appointment or commission;

(5) A person lawfully called pursuant to section 311.07 of the Revised Code to aid a sheriff in keeping the peace, for the purposes and during the time when such person is called;

(6) A person appointed by a mayor pursuant to section 737.01 of the Revised Code as a special patrolman or officer during riot or emergency, for the purposes and during the time when such person is appointed;

A-80

(7) A member of the organized militia of this state or the armed forces of the United States, lawfully called to duty to aid civil authorities in keeping the peace or protect against domestic violence;

(8) A prosecuting attorney, assistant prosecuting attorney, secret service officer, or municipal prosecutor;

(9) An Ohio veterans' home policeman appointed under section 5907.02 of the Revised Code.

(L) "Privilege" means an immunity, license, or right conferred by law, or bestowed by express or implied grant, or arising out of status, position, office, or relationship, or growing out of necessity.

(M) "Contraband" means any property described in the following categories:

(1) Property that in and of itself is unlawful for a person to acquire or possess;

(2) Property that is not in and of itself unlawful for a person to acquire or possess, but that has been determined by a court of this state, in accordance with law, to be contraband because of its use in an unlawful activity or manner, of its nature, or of the circumstances of the person who acquires or possesses it;

(3) Property that is specifically stated to be contraband by a section of the Revised Code or by an ordinance, regulation, or resolution;

(4) Property that is forfeitable pursuant to a section of the Revised Code, or an ordinance, regulation, or resolution, including, but not limited to, forfeitable firearms, dangerous ordnance, and obscene materials;

(5) Any controlled substance, as defined in section 3719.01 of the Revised Code, or any device, paraphernalia, money as defined in section 1301.01 of the Revised Code, or other means of exchange that has been, is being, or is intended to be used in an attempt or conspiracy to violate, or in a violation of, Chapter 2925. or 3719. of the Revised Code;

(6) Any gambling device, paraphernalia, money as defined in section 1301.01 of the Revised Code, or other means of exchange that has been, is being, or is intended to be used in an attempt or conspiracy to violate, or in the violation of, Chapter 2915. of the Revised Code;

(7) Any equipment, machine, device, apparatus, vehicle, vessel, container, liquid, or substance that has been, is being, or is intended to be used in an attempt or conspiracy to violate, or in the violation of, any law of this state relating to alcohol or tobacco;

(8) Any personal property that has been, is being, or is intended to be used in an attempt or conspiracy to commit, or in the commission of, any offense or in the transportation of the fruits of any offense;

(9) Any property that is acquired through the sale or other transfer of contraband or through the proceeds of contraband, other than by a court or a law enforcement agency acting within the scope of its duties;

(10) Any computer, computer system, computer network, or computer software that is used in a conspiracy to commit, an attempt to commit, or in the commission of any offense, if the owner of the computer, computer system, computer network, or computer software is convicted of or pleads guilty to the offense in which it is used.

A-81

(N) A person is "not guilty by reason of insanity" relative to a charge of an offense only if he proves, in the manner specified in section 2901.05 of the Revised Code, that at the time of the commission of the offense, he did not know, as a result of a severe mental disease or defect, the wrongfulness of his acts.

(1991 S 144, eff. 8-8-91; 1991 H 77; 1990 S 24; 1988 H 708, Sec. 1)

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2350

TITLE XXIX CRIMES—PROCEDURE
CHAPTER 2901 GENERAL PROVISIONS
GENERAL PROVISIONS

**2901.05 PRESUMPTION OF INNOCENCE; PROOF OF OFFENSE; OF AFFIRMATIVE DEFENSE; AS TO EACH; REASONABLE DOUBT**

(A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof for all elements of the offense is upon the prosecution. The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused.

(B) As part of its charge to the jury in a criminal case, the court shall read the definitions of "reasonable doubt" and "proof beyond a reasonable doubt," contained in division (D) of this section.

(C) As used in this section, an "affirmative defense" is either of the following:

(1) A defense expressly designated as affirmative;

(2) A defense involving an excuse or justification peculiarly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence.

(D) "Reasonable doubt" is present when the jurors, after they have carefully considered and compared all the evidence, cannot say they are firmly convinced of the truth of the charge. It is a doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt. "Proof beyond a reasonable doubt" is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs.

HISTORY: 1978 H 1168, eff. 11-1-78
       1972 H 511

A-83

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2351

OH ST Sec. 2923.12, CARRYING CONCEALED WEAPONS

------------ Excerpt from page 34449 follows ------------
R.C. Sec. 2923.12

BALDWIN'S OHIO REVISED CODE ANNOTATED
TITLE XXIX  CRIMES--PROCEDURE
CHAPTER 2923  CONSPIRACY, ATTEMPT, AND COMPLICITY; WEAPONS CONTROL
WEAPONS CONTROL

Current with amendments received through 3-30-95

2923.12 CARRYING CONCEALED WEAPONS

(A) No person shall knowingly carry or have, concealed on his person
or concealed ready at hand, any deadly weapon or dangerous ordnance.

(B) This section does not apply to officers, agents, or employees of
this or any other state or the United States, or to law enforcement
officers, authorized to carry concealed weapons or dangerous ordnance, and
acting within the scope of their duties.

(C) It is an affirmative defense to a charge under this section of
carrying or having control of a weapon other than dangerous ordnance, that
the actor was not otherwise prohibited by law from having the weapon, and
that any of the following apply:

(1) The weapon was carried or kept ready at hand by the actor for
defensive purposes, while he was engaged in or was going to or from his
lawful business or occupation, which business or occupation was of such
character or was necessarily carried on in such manner or at such a time
or place as to render the actor particularly susceptible to criminal
attack, such as would justify a prudent man in going armed.

(2) The weapon was carried or kept ready at hand by the actor for
defensive purposes, while he was engaged in a lawful activity, and had
reasonable cause to fear a criminal attack upon himself or a member of his
family, or upon his home, such as would justify a prudent man in going
armed.

(3) The weapon was carried or kept ready at hand by the actor for any
lawful purpose and while in his own home.

(4) The weapon was being transported in a motor vehicle for any lawful
purpose, and was not on the actor's person, and, if the weapon was a
firearm, was carried in compliance with the applicable requirements of  A-84

division (C) of section 2923.16 of the Revised Code.

(D) Whoever violates this section is guilty of carrying concealed weapons, a misdemeanor of the first degree. If the offender previously has been convicted of a violation of this section or of any offense of violence, if the weapon involved is a firearm and the violation of this section is committed at premises for which a D permit has been issued under Chapter 4303. of the Revised Code, if the weapon involved is a firearm which is either loaded or for which the offender has ammunition ready at hand, or if the weapon involved is dangerous ordnance, then carrying concealed weapons is a felony of the third degree. If the offense is committed aboard an aircraft, or with purpose to carry a concealed weapon aboard an aircraft, regardless of the weapon involved, carrying concealed weapons is a felony of the second degree.

------------ Excerpt from page 34450 follows ------------

Copyright  Banks-Baldwin Law Publishing Co. 1995.

A-85

OH ST Sec. 2923.13, HAVING WEAPONS WHILE UNDER DISABILITY

------------ Excerpt from page 34472 follows ------------
R.C. Sec. 2923.13

BALDWIN'S OHIO REVISED CODE ANNOTATED
TITLE XXIX  CRIMES--PROCEDURE
CHAPTER 2923  CONSPIRACY, ATTEMPT, AND COMPLICITY; WEAPONS CONTROL
WEAPONS CONTROL

Current with amendments received through 3-30-95

2923.13 HAVING WEAPONS WHILE UNDER DISABILITY

(A) Unless relieved from disability as provided in section 2923.14 of
the Revised Code, no person shall knowingly acquire, have, carry, or use
any firearm or dangerous ordnance, if any of the following apply:

(1) Such person is a fugitive from justice;

(2) Such person is under indictment for or has been convicted of any
felony of violence, or has been adjudged a juvenile delinquent for
commission of any such felony;

(3) Such person is under indictment for or has been convicted of any
offense involving the illegal possession, use, sale, administration,
distribution, or trafficking in any drug of abuse, or has been adjudged a
juvenile delinquent for commission of any such offense;

(4) Such person is drug dependent or in danger of drug dependence, or
is a chronic alcoholic;

(5) Such person is under adjudication of mental incompetence.

(B) Whoever violates this section is guilty of having weapons while
under disability, a felony of the fourth degree.

Copyright (c) West Publishing Co. 1995  No claim to original U.S. Govt.
works.

TITLE XXIX CRIMES--PROCEDURE
CHAPTER 2929 PENALTIES AND SENTENCING
PENALTIES FOR MURDER

**2929.021 SPECIFICATIONS OF AGGRAVATING CIRCUMSTANCE; CLERK TO NOTIFY SUPREME COURT OF CERTAIN FACTS**

**(A)** If an indictment or a count in an indictment charges the defendant with aggravated murder and contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, the clerk of the court in which the indictment is filed, within fifteen days after the day on which it is filed, shall file a notice with the supreme court indicating that the indictment was filed. The notice shall be in the form prescribed by the clerk of the supreme court and shall contain, for each charge of aggravated murder with a specification, at least the following information pertaining to the charge:

(1) The name of the person charged in the indictment or count in the indictment with aggravated murder with a specification;

(2) The docket number or numbers of the case or cases arising out of the charge, if available;

(3) The court in which the case or cases will be heard;

(4) The date on which the indictment was filed.

**(B)** If an indictment or a count in an indictment charges the defendant with aggravated murder and contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code and if the defendant pleads guilty or no contest to any offense in the case or if the indictment or any count in the indictment is dismissed, the clerk of the court in which the plea is entered or the indictment or count is dismissed shall file a notice with the supreme court indicating what action was taken in the case. The notice shall be filed within fifteen days after the plea is entered or the indictment or count is dismissed, shall be in the form prescribed by the clerk of the supreme court, and shall contain at least the following information:

(1) The name of the person who entered the guilty or no contest plea or who is named in the indictment or count that is dismissed;

(2) The docket numbers of the cases in which the guilty or no contest plea is entered or in which the indictment or count is dismissed;

(3) The sentence imposed on the offender in each case.

HISTORY: 1981 S 1, eff. 10-19-81

A-87

## TITLE XXIX CRIMES–PROCEDURE
## CHAPTER 2929 PENALTIES AND SENTENCING
## PENALTIES FOR MURDER

### 2929.022 ELECTIONS OF DEFENDANT AS TO CERTAIN TRIAL PROCEDURES

(A) If an indictment or count in an indictment charging a defendant with aggravated murder contains a specification of the aggravating circumstance of a prior conviction listed in division (A)(5) of section 2929.04 of the Revised Code, the defendant may elect to have the panel of three judges, if he waives trial by jury, or the trial judge, if he is tried by jury, determine the existence of that aggravating circumstance at the sentencing hearing held pursuant to divisions (C) and (D) of section 2929.03 of the Revised Code.

(1) If the defendant does not elect to have the existence of the aggravating circumstance determined at the sentencing hearing, the defendant shall be tried on the charge of aggravated murder, on the specification of the aggravating circumstance of a prior conviction listed in division (A)(5) of section 2929.04 of the Revised Code, and on any other specifications of an aggravating circumstance listed in division (A) of section 2929.04 of the Revised Code in a single trial as in any other criminal case in which a person is charged with aggravated murder and specifications.

(2) If the defendant does elect to have the existence of the aggravating circumstance of a prior conviction listed in division (A)(5) of section 2929.04 of the Revised Code determined at the sentencing hearing, then, following a verdict of guilty of the charge of aggravated murder, the panel of three judges or the trial judge shall:

(a) Hold a sentencing hearing pursuant to division (B) of this section, unless required to do otherwise under division (A)(2)(b) of this section;

(b) If the offender raises the matter of age at trial pursuant to section 2929.023 of the Revised Code and is not found at trial to have been eighteen years of age or older at the time of the commission of the offense, conduct a hearing to determine if the specification of the aggravating circumstance of a prior conviction listed in division (A)(5) of section 2929.04 of the Revised Code is proven beyond a reasonable doubt. After conducting the hearing, the panel or judge shall proceed as follows:

(i) If that aggravating circumstance is proven beyond a reasonable doubt or if the defendant at trial was convicted of any other specification of an aggravating circumstance, the panel or judge shall impose sentence according to division (E) of section 2929.03 of the Revised Code;

(ii) If that aggravating circumstance is not proven beyond a reasonable doubt and the defendant at trial was not convicted of any other specification of an aggravating circumstance, the panel or judge shall impose sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender.

(B) At the sentencing hearing, the panel of judges, if the defendant was tried by a panel of three judges, or the trial judge, if the defendant was tried by jury, shall, when required pursuant to division (A)(2) of this section, first determine if the specification of the aggravating circumstance of a prior conviction listed in division (A)(5) of section 2929.04 of the Revised Code is proven beyond a reasonable doubt. If the panel of judges or the trial judge determines that the specification of the aggravating

A-88

circumstance of a prior conviction listed in division (A)(5) of section 2929.04 of the Revised Code is proven beyond a reasonable doubt or if they do not determine that the specification is proven beyond a reasonable doubt but the defendant at trial was convicted of a specification of any other aggravating circumstance listed in division (A) of section 2929.04 of the Revised Code, the panel of judges or the trial judge and trial jury shall impose sentence on the offender pursuant to division (D) of section 2929.03 and section 2929.04 of the Revised Code. If the panel of judges or the trial judge does not determine that the specification of the aggravating circumstance of a prior conviction listed in division (A)(5) of section 2929.04 of the Revised Code is proven beyond a reasonable doubt and the defendant at trial was not convicted of any other specification of an aggravating circumstance listed in division (A) of section 2929.04 of the Revised Code, the panel of judges or the trial judge shall terminate the sentencing hearing and impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender.

HISTORY: 1981 S 1, eff. 10-19-81

A-89

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2357

TITLE XXIX  CRIMES—PROCEDURE
CHAPTER 2929  PENALTIES AND SENTENCING
PENALTIES FOR MURDER

**2929.024  INDIGENCY; SERVICES OF INVESTIGATION; EXPERTS; PAYMENT**

If the court determines that the defendant is indigent and that investigation services, experts, or other services are reasonably necessary for the proper representation of a defendant charged with aggravated murder at trial or at the sentencing hearing, the court shall authorize the defendant's counsel to obtain the necessary services for the defendant, and shall order that payment of the fees and expenses for the necessary services be made in the same manner that payment for appointed counsel is made pursuant to Chapter 120. of the Revised Code. If the court determines that the necessary services had to be obtained prior to court authorization for payment of the fees and expenses for the necessary services, the court may, after the services have been obtained, authorize the defendant's counsel to obtain the necessary services and order that payment of the fees and expenses for the necessary services be made as provided in this section.

HISTORY: 1981 S 1, eff. 10-19-81

A-90

## TITLE XXIX CRIMES--PROCEDURE
## CHAPTER 2929 PENALTIES AND SENTENCING
## PENALTIES FOR MURDER

### 2929.03 IMPOSING SENTENCE FOR A CAPITAL OFFENSE; PROCEDURES; PROOF OF RELEVANT FACTORS; ALTERNATIVE SENTENCES

(A) If the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge of aggravated murder, the trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender.

(B) If the indictment or count in the indictment charging aggravated murder contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, the verdict shall separately state whether the accused is found guilty or not guilty of the principal charge and, if guilty of the principal charge, whether the offender was eighteen years of age or older at the time of the commission of the offense, if the matter of age was raised by the offender pursuant to section 2929.023 of the Revised Code, and whether the offender is guilty or not guilty of each specification. The jury shall be instructed on its duties in this regard, which shall include an instruction that a specification shall be proved beyond a reasonable doubt in order to support a guilty verdict on the specification, but such instruction shall not mention the penalty which may be the consequence of a guilty or not guilty verdict on any charge or specification.

(C)(1) If the indictment or count in the indictment charging aggravated murder contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge but not guilty of each of the specifications, and regardless of whether the offender raised the matter of age pursuant to section 2929.023 of the Revised Code, the trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender.

(2) If the indictment or count in the indictment contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, and if the offender is found guilty of both the charge and one or more of the specifications, the penalty to be imposed on the offender shall be death, life imprisonment with parole eligibility after serving twenty full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment, shall be determined pursuant to divisions (D) and (E) of this section, and shall be determined by one of the following:

(a) By the panel of three judges that tried the offender upon his waiver of the right to trial by jury;

(b) By the trial jury and the trial judge, if the offender was tried by jury.

(D)(1) Death may not be imposed as a penalty for aggravated murder if the offender raised the matter of age at trial pursuant to section 2929.023 of the Revised Code and was not found at trial to have been eighteen years of age or older at the time of the commission of the offense. When death may be imposed as a penalty for aggravated murder, the court shall proceed under this division. When death may be imposed as a penalty, the court, upon the request of the defendant, shall require a pre-sentence investigation to be made and, upon the request of the defendant, shall require a mental examination to be made, and shall require reports of the investigation and of any mental examination submitted to the court, pursuant to section 2947.06 of the Revised Code. No statement made or information provided by a defendant in a mental examination or proceeding conducted pursuant to this

A-91

division shall be disclosed to any person, except as provided in this division, or be used in evidence against the defendant on the issue of guilt in any retrial. A pre-sentence investigation or mental examination shall not be made except upon request of the defendant. Copies of any reports prepared under this division shall be furnished to the court, to the trial jury if the offender was tried by a jury, to the prosecutor, and to the offender or his counsel for use under this division. The court, and the trial jury if the offender was tried by a jury, shall consider any report prepared pursuant to this division and furnished to it and any evidence raised at trial that is relevant to the aggravating circumstances the offender was found guilty of committing or to any factors in mitigation of the imposition of the sentence of death, shall hear testimony and other evidence that is relevant to the nature and circumstances of the aggravating circumstances the offender was found guilty of committing, the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code, and any other factors in mitigation of the imposition of the sentence of death, and shall hear the statement, if any, of the offender, and the arguments, if any, of counsel for the defense and prosecution, that are relevant to the penalty that should be imposed on the offender. The defendant shall be given great latitude in the presentation of evidence of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code and of any other factors in mitigation of the imposition of the sentence of death. If the offender chooses to make a statement, he is subject to cross-examination only if he consents to make the statement under oath or affirmation.

The defendant shall have the burden of going forward with the evidence of any factors in mitigation of the imposition of the sentence of death. The prosecution shall have the burden of proving, by proof beyond a reasonable doubt, that the aggravating circumstances the defendant was found guilty of committing are sufficient to outweigh the factors in mitigation of the imposition of the sentence of death.

(2) Upon consideration of the relevant evidence raised at trial, the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted pursuant to division (D)(1) of this section, the trial jury, if the offender was tried by a jury, shall determine whether the aggravating circumstances the offender was found guilty of committing are sufficient to outweigh the mitigating factors present in the case. If the trial jury unanimously finds, by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, the trial jury shall recommend to the court that the sentence of death be imposed on the offender. Absent such a finding, the jury shall recommend that the offender be sentenced to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment.

If the trial jury recommends that the offender be sentenced to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment, the court shall impose the sentence recommended by the jury upon the offender. If the trial jury recommends that the sentence of death be imposed upon the offender, the court shall proceed to impose sentence pursuant to division (D)(3) of this section.

(3) Upon consideration of the relevant evidence raised at trial, the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted to the court pursuant to division (D)(1) of this section, if, after receiving pursuant to division (D)(2) of this section the trial jury's recommendation that the sentence of death be imposed, the court finds, by proof beyond a reasonable doubt, or if the panel of three judges unanimously finds, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, it shall impose sentence of death on the A-92

offender. Absent such a finding by the court or panel, the court or the panel shall impose one of the following sentences on the offender:

(a) Life imprisonment with parole eligibility after serving twenty full years of imprisonment;

(b) Life imprisonment with parole eligibility after serving thirty full years of imprisonment.

(E) If the offender raised the matter of age at trial pursuant to section 2929.023 of the Revised Code, was convicted of aggravated murder and one or more specifications of an aggravating circumstance listed in division (A) of section 2929.04 of the Revised Code, and was not found at trial to have been eighteen years of age or older at the time of the commission of the offense, the court or the panel of three judges shall not impose a sentence of death on the offender. Instead, the court or panel shall impose one of the following sentences on the offender:

(1) Life imprisonment with parole eligibility after serving twenty full year of imprisonment;

(2) Life imprisonment with parole eligibility after serving thirty full years of imprisonment.

(F) The court or the panel of three judges, when it imposes sentence of death, shall state in a separate opinion its specific findings as to the existence of any of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code, the existence of any other mitigating factors, the aggravating circumstances the offender was found guilty of committing, and the reasons why the aggravating circumstances the offender was found guilty of committing were sufficient to outweigh the mitigating factors. The court or panel, when it imposes life imprisonment under division (D) of this section, shall state in a separate opinion its specific findings of which of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code it found to exist, what other mitigating factors it found to exist, what aggravating circumstances the offender was found guilty of committing, and why it could not find that these aggravating circumstances were sufficient to outweigh the mitigating factors. The court or panel shall file the opinion required to be prepared by this division with the clerk of the appropriate court of appeals and with the clerk of the supreme court within fifteen day after the court or panel imposes sentence. The judgment in a case in which a sentencing hearing is held pursuant to this section is not final until the opinion is filed.

(G) Whenever the court or a panel of three judges imposes sentence of death, the clerk of the court in which the judgment is rendered shall deliver the entire record in the case to the appellate court.

A-93

## TITLE XXIX CRIMES--PROCEDURE
## CHAPTER 2929 PENALTIES AND SENTENCING
## PENALTIES FOR MURDER

### 2929.04 CRITERIA FOR IMPOSING DEATH OR IMPRISONMENT FOR A CAPITAL OFFENSE

(A) Imposition of the death penalty for aggravated murder is precluded, unless one or more of the following is specified in the indictment or count in the indictment pursuant to section 2941.14 of the Revised Code and proved beyond a reasonable doubt:

(1) The offense was the assassination of the president of the United States or person in line of succession to the presidency, or of the governor or lieutenant governor of this state, or of the president-elect or vice president-elect of the United States, or of the governor-elect or lieutenant governor-elect of this state, or of a candidate for any of the foregoing offices. For purposes of this division, a person is a candidate if he has been nominated for election according to law, or if he has filed a petition or petitions according to law to have his name placed on the ballot in a primary or general election, or if he campaigns as a write-in candidate in a primary or general election.

(2) The offense was committed for hire.

(3) The offense was committed for the purpose of escaping detection, apprehension, trial, or punishment for another offense committed by the offender.

(4) The offense was committed while the offender was a prisoner in a detention facility as defined in section 2921.01 of the Revised Code.

(5) Prior to the offense at bar, the offender was convicted of an offense an essential element of which was the purposeful killing of or attempt to kill another, or the offense at bar was part of a course of conduct involving the purposeful killing of or attempt to kill two or more persons by the offender.

(6) The victim of the offense was a peace officer, as defined in section 2935.01 of the Revised Code, whom the offender had reasonable cause to know or knew to be such, and either the victim, at the time of the commission of the offense, was engaged in his duties, or it was the offender's specific purpose to kill a peace officer.

(7) The offense was committed while the offender was committing, attempting to commit, or fleeing immediately after committing or attempting to commit kidnapping, rape, aggravated arson, aggravated robbery, or aggravated burglary, and either the offender was the principal offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design.

(8) The victim of the aggravated murder was a witness to an offense who was purposely killed to prevent his testimony in any criminal proceeding and the aggravated murder was not committed during the commission, attempted commission, or flight immediately after the commission or attempted commission of the offense to which the victim was a witness, or the victim of the aggravated murder was a witness to an offense and was purposely killed in retaliation for his testimony in any criminal proceeding.

(B) If one or more of the aggravating circumstances listed in division (A) of this section is specified in the indictment or count in the indictment and proved beyond a

A-94

reasonable doubt, and if the offender did not raise the matter of age pursuant to section 2929.023 of the Revised Code or if the offender, after raising the matter of age, was found at trial to have been eighteen years of age or older at the time of the commission of the offense, the court, trial jury, or panel of three judges shall consider, and weigh against the aggravating circumstances proved beyond a reasonable doubt, the nature and circumstances of the offense, the history, character, and background of the offender, and all of the following factors:

(1) Whether the victim of the offense induced or facilitated it;

(2) Whether it is unlikely that the offense would have been committed, but for the fact that the offender was under duress, coercion, or strong provocation;

(3) Whether, at the time of committing the offense, the offender, because of a mental disease or defect, lacked substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law;

(4) The youth of the offender;

(5) The offender's lack of a significant history of prior criminal convictions and delinquency adjudications;

(6) If the offender was a participant in the offense but not the principal offender, the degree of the offender's participation in the offense and the degree of the offender's participation in the acts that led to the death of the victim;

(7) Any other factors that are relevant to the issue of whether the offender should be sentenced to death.

(C) The defendant shall be given great latitude in the presentation of evidence of the factors listed in division (B) of this section and of any other factors in mitigation of the imposition of the sentence of death.

The existence of any of the mitigating factors listed in division (B) of this section does not preclude the imposition of a sentence of death on the offender, but shall be weighed pursuant to divisions (D)(2) and (3) of section 2929.03 of the Revised Code by the trial court, trial jury, or the panel of three judges against the aggravating circumstances the offender was found guilty of committing.

A-95

**TITLE XXIX CRIMES–PROCEDURE**
**CHAPTER 2929 PENALTIES AND SENTENCING**
PE
ORC. § 2929. 5

**2929.05 APPEALS; PROCEDU**

(A) Whenever sentence of  A-96 —  nt to sections 2929.03 and
2929.04 of the Revised Code, tl  e supreme court shall upon
appeal review the sentence of de  they review the other issues
in the case. The court of appeal  shall review the judgment in
the case and the sentence of death imposed by the court or panel of three judges in the
same manner that they review other criminal cases, except that they shall review and
independently weigh all of the facts and other evidence disclosed in the record in the
case and consider the offense and the offender to determine whether the aggravating
circumstances the offender was found guilty of committing outweigh the mitigating
factors in the case, and whether the sentence of death is appropriate. In determining
whether the sentence of death is appropriate, the court of appeals and the supreme
court shall consider whether the sentence is excessive or disproportionate to the
penalty imposed in similar cases. They shall also review all of the facts and other
evidence to determine if the evidence supports the finding of the aggravating
circumstances the trial jury or the panel of three judges found the offender guilty of
committing, and shall determine whether the sentencing court properly weighed the
aggravating circumstances the offender was found guilty of committing and the
mitigating factors. The court of appeals or the supreme court shall affirm a sentence of
death only if the particular court is persuaded from the record that the aggravating
circumstances the offender was found guilty of committing outweigh the mitigating
factors present in the case and that the sentence of death is the appropriate sentence
in the case.

Any court of appeals that reviews a case in which the sentence of death is imposed
shall file a separate opinion as to its findings in the case with the clerk of the supreme
court. The opinion shall be filed within fifteen days after the court issues its opinion and
shall contain whatever information is required by the clerk of the supreme court.

(B) The court of appeals and the supreme court shall give priority over all other
cases to the review of judgments in which the sentence of death is imposed, and,
except as otherwise provided in this section, shall conduct the review in accordance
with the Appellate Rules.

(C) Whenever sentence of death is imposed pursuant to section 2929.022 or
2929.03 of the Revised Code, the court of common pleas that sentenced the offender
shall, upon motion of the offender and after conducting a hearing on the motion, vacate
the sentence if all of the following apply:

(1) The offender alleges in the motion and presents evidence at the hearing that he
was not eighteen years of age or older at the time of the commission of the aggravated
murder for which he was sentenced;

(2) The offender did not present evidence at trial pursuant to section 2929.023 of the
Revised Code that he was not eighteen years of age or older at the time of the
commission of the aggravated murder for which he was sentenced;

(3) The motion was filed at any time after the sentence was imposed in the case and
prior to execution of the sentence;

(4) At the hearing conducted on the motion, the prosecution does not prove beyond
a reasonable doubt that the offender was eighteen years of age or older at the time of
the commission of the aggravated murder for which he was sentenced.

A-96

OH ST Sec. 2945.05, DEFENDANT MAY WAIVE JURY TRIAL

------------ Excerpt from page 35900 follows ------------
R.C. Sec. 2945.05


BALDWIN'S OHIO REVISED CODE ANNOTATED
TITLE XXIX  CRIMES--PROCEDURE
CHAPTER 2945  TRIAL
TRIAL BY COURT

Current with amendments received through 3-30-95


2945.05 DEFENDANT MAY WAIVE JURY TRIAL

     In all criminal cases pending in courts of record in this state, the
defendant may waive a trial by jury and be tried by the court without a
jury. Such waiver by a defendant, shall be in writing, signed by the
defendant, and filed in said cause and made a part of the record thereof.
It shall be entitled in the court and cause, and in substance as follows:
"I_____, defendant in the above cause, hereby voluntarily waive and
relinquish my right to a trial by jury, and elect to be tried by a Judge
of the Court in which the said cause may be pending. I fully understand
that under the laws of this state, I have a constitutional right to a
trial by jury."

     Such waiver of trial by jury must be made in open court after the
defendant has been arraigned and has had opportunity to consult with
counsel. Such waiver may be withdrawn by the defendant at any time before
the commencement of the trial.




Copyright  Banks-Baldwin Law Publishing Co. 1995.

A-97

**BALDWIN'S OHIO REVISED CODE ANNOTATED**
**TITLE XXIX CRIMES—PROCEDURE**
**CHAPTER 2945 TRIAL**
**PROOF**
**Current with amendments received through 1-1-95**

## 2945.59 PROOF OF DEFENDANT'S MOTIVE

In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.

(1953 H 1, eff. 10-1-53; GC 13444-19)

A-98

OH ST Sec. 2953.21, PETITION FOR POSTCONVICTION RELIEF

------------ Excerpt from page 36623 follows ------------
R.C. Sec. 2953.21

BALDWIN'S OHIO REVISED CODE ANNOTATED
TITLE XXIX  CRIMES--PROCEDURE
CHAPTER 2953  APPEALS; OTHER POSTCONVICTION REMEDIES
POSTCONVICTION REMEDIES

Current with amendments received through 3-30-95

2953.21 PETITION FOR POSTCONVICTION RELIEF

    (A) Any person convicted of a criminal offense or adjudged delinquent
claiming that there was such a denial or infringement of his rights as to
render the judgment void or voidable under the Ohio Constitution or the
Constitution of the United States, may file a petition at any time in the
court which imposed sentence, stating the grounds for relief relied upon,
and asking the court to vacate or set aside the judgment or sentence or to
grant other appropriate relief. The petitioner may file such supporting
affidavit and other documentary evidence as will support his claim for
relief.

    (B) The clerk of the court in which the petition is filed shall docket
the petition and bring it promptly to the attention of such court. A copy
of the petition need not be served by the petitioner on the prosecuting
attorney. The clerk of the court in which the petition is filed
immediately shall forward a copy of the petition to the prosecuting
attorney of that county.

    (C) Before granting a hearing, the court shall determine whether there
are substantive grounds for relief. In making such a determination, the
court shall consider, in addition to the petition and supporting
affidavits, all the files and records pertaining to the proceedings
against the petitioner, including, but not limited to, the indictment, the
court's journal entries, the journalized records of the clerk of the
court, and the court reporter's transcript. Such court reporter's
transcript, if ordered and certified by the court, shall be taxed as court
costs. If the court dismisses the petition, it shall make and file
findings of fact and conclusions of law with respect to such dismissal.

    (D) Within ten days after the docketing of the petition, or within
such further time as the court may fix for good cause shown, the
prosecuting attorney shall respond by answer or motion. Within twenty days
from the date the issues are made up, either party may move for summary A-99

judgment. The right to such judgment shall appear on the face of the record.

(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues, hold the hearing, and make and file written findings of fact and conclusions of law upon entering judgment.

------------ Excerpt from page 36624 follows ------------
(F) At any time before the answer or motion is filed, the petitioner may amend his petition with or without leave or prejudice to the proceedings. The petitioner may amend his petition with leave of court at any time thereafter.

(G) If the court finds grounds for granting relief, it shall enter a judgment that vacates and sets aside the judgment in question, and, in the case of a prisoner in custody, shall discharge or resentence him or grant a new trial as may appear appropriate. The court also may make supplementary orders to the relief granted, concerning such matters as rearraignment, retrial, custody, and bail.

(H) Upon the filing of a petition pursuant to this section by a prisoner in a state correctional institution who has received the death penalty, the court may stay execution of the judgment challenged by the petition.

Copyright   Banks-Baldwin Law Publishing Co. 1995.

TITLE XXIX  CRIMES–PROCEDURE
CHAPTER 2953  APPEALS; OTHER POSTCONVICTION REMEDIES
POSTCONVICTION REMEDIES

### 2953.23  SECOND OR SUCCESSIVE PETITIONS; ORDER; APPEAL

(A) Whether a hearing is or is not held, the court may, in its discretion and for good cause shown, entertain a second petition or successive petitions for similar relief on behalf of the petitioner based upon the same facts or on newly discovered evidence.

(B) An order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to Chapter 2953. of the Revised Code.

HISTORY:  132 v H 742, eff. 12-9-67

A-101