1/17/96

IMAGED

IN THE COURT OF APPEALS FOR BUTLER COUNTY, OHIO
FILED

'96 JAN 17 PM 4 33

STATE OF OHIO,                    T. MARK BADEN
                                  CLERK OF COURTS
    Plaintiff-Appellee,                :           CASE NO. CA95-07-124

    -vs-                               :           ENTRY

                        FILED In Court of Appeals
VON CLARK DAVIS,        BUTLER COUNTY, OHIO

    Defendant-Appellant.    JAN 17 1996
                                    :
                            T. MARK BADEN
                            CLERK

    The above cause is before the court upon motion of counsel for

appellee, State of Ohio, requesting leave to file a brief twenty-

two (22) pages in excess of this court's twenty (20) page limita-

tion as set forth in Local App.R. 11(A)(3).

    Upon due consideration of the foregoing and for good cause

shown, IT IS HEREBY ORDERED that said motion is GRANTED with appel-

lee's brief not to exceed forty-two (42) pages in length.

    IT IS SO ORDERED.

                                    _____
                                    William W. Young
                                    Administrative Judge

J 540 p 142

## Court of Appeals of Ohio

IMAGED

PRESIDING JUDGE
JAMES E. WALSH

JUDGES:
RICHARD N. KOEHLER
WILLIAM W. YOUNG
STEPHEN W. POWELL

COURT ADMINISTRATOR
BENNETT A. MANNING, Esq.

TWELFTH APPELLATE DISTRICT
ONE CITY CENTRE PLAZA
P.O. BOX 426
MIDDLETOWN, OHIO 45042

FILED In Court of Appeals
BUTLER COUNTY, OHIO

FEB 5 1996

T. MARK BADEN
CLERK

February 5, 1996

STAFF ATTORNEY
SCOT M. RITTER, Esq.

ASSISTANT ADMINISTRATORS:
JEAN COTTON
JUDITH F. ECKERT

TELEPHONE:
513-425-6609
1-800-824-1883
FAX 513-425-8751

T. Mark Baden
Clerk of Courts
Butler County Courthouse
Hamilton, OH  45011

RE:  Transfer of Case File
     State of Ohio v.
     Von Clark Davis
     CA95-07-124

To the Clerk:

        According to our records, the case file in the above-captioned appeal
is ready to be forwarded to this court.  The case file should include the
transcript of docket and journal entries (chronologically ordered and
appropriately numbered to correspond to the documents therein), the
original papers, a transcript of proceedings (if applicable), and the
briefs of counsel.

        The only exhibits which the court requests at this time, and which it
will only accept, are photographs, video tapes, audio tapes or paper
documents.  The court will not accept any other physical exhibits at this
time including, but not limited to, weapons (including firearms and
knives), drugs, drug paraphernalia, currency, clothing, or any exhibits of
a perishable nature.  Should the court, during the course of its review of
this matter, determine that it needs to view any exhibits other than of the
type requested above, then the court shall request, in writing, that you
forward the specific exhibit in question.

        Once you have assembled the case file in the appropriate order, please
telephone Judy Eckert, the court's assistant administrator, to make
arrangements for the court to pick up the file at your office.

        Thank you for your assistance and cooperation in this matter.

                              The Court of Appeals

        BROWN, BUTLER, CLERMONT, CLINTON, FAYETTE, MADISON, PREBLE AND WARREN COUNTIES

COMMON PLEAS Court of Butler County, OHIO
CA95 07 0124                                                        IMAGED (Page 1)
                    APPEARANCE AND EXECUTION DOCKET

| TITLE OF CASE | ATTORNEYS | ACTION |
|---|---|---|
| STATE OF OH<br><br>VS<br><br>VON CLARK DAVIS | JOHN F HOLCOMB<br><br>LINDA E PRUCHA | APPEAL OF DEFENDANT<br>(12th District Appeals)<br>Comments/Judges<br>CR83 12 0614/21655<br>ENTRY 6/30/95<br>MATTHEW J CREHAN, JUDGE |

| Date of | Page | Pleadings Filed, Orders and Decrees | Amount |
|---|---|---|---|
| 07/31/95 | | NOTICE OF APPEAL FILED, LINDA E PRUCHA & TRACEY<br>LEONARD, ASST ST PUBLIC DEFENDER, ATTYS/CR812 0614 &<br>21655 /MATTHEW J CREHAN, J/ ENTRY 6/30/95<br>cc:CA-Midd;Judge;CDS>file & by mail>attys\parties<br>indicated as of record | 25.00 |
| 07/31/95 | | CLERK'S COMPUTER FEES | 10.00 |
| 07/31/95 | | AFFIDAVIT OF INDIGENCY FILED | |
| 07/31/95 | | DOCKET STATEMENT FILED COPY TO COURT OF APPEALS<br>FILED | 1.00 |
| 07/31/95 | | PRECIPE FOR COMPLETE TRANSCRIPT OF DOCKET AND<br>JOURNAL ENTRIES FILED | 2.00 |
| 08/02/95 | | * TRANSCRIPT OF DOCKET & JOURNAL ENTRIES FILED<br>ORIGINAL PAPERS FILED (CR83 12 0614 & 21655) | 1.00 |
| 08/08/95 | | APPELLANT'S MOTION TO FILE BRIEF IN EXCESS OF 20<br>PAGES W/MWMORANDUM ATTACHED FILED/TRACY<br>LEONARD, ATTY | |
| 08/10/95 | | >Notice/Filing\COMPLETE RECORD ISSUED TO ATTYS<br>AND/OR PARTIES (Indicate C.A.Admn.sheet) | 2.00 |
| 08/11/95 | | SCHEDULING ORDER FILED COPIES ISSUED<br>Journal 00493    Page 00548 | 8.00 |
| 08/11/95 | | NOTICE OR REQUIREMENTS OF LOC.R.12 (A)<br>Journal 00493    Page 00550 | 2.00 |
| 08/17/95 | | JOURNAL ENTRY APPELLANT'S BRIEF SHALL NOT EXCEED 50<br>PAGES IN LENGTH FILED YOUNG, J<br>Journal 00495    Page 00247 | 2.00 |
| 09/12/95 | | MOTION FOR EXTENSION OF TIME TI FILE APPELLANT'S<br>BRIEF FILED LINDA E PRUCHA, ATTY | |
| 09/20/95 | | ENTRY EXTENDING TIME TO FILE APPELLANT'S BRIEFS<br>FILED (ISSUE COPIES)NO LATER 10-19-95 FILED YOUNG, J<br>Journal 00505    Page 00573 | 2.00 |
| 10/11/95 | | MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S<br>BRIEF FILED LINDA E PRUCHA, ATTY | |
| 10/16/95 | | ENTRY EXTENDING TIME TO FILE APPELLANT'S BRIEFS<br>FILED (ISSUE COPIES)NO LATER 11-19-95 FILED YOUNG, J<br>Journal 00515    Page 00372 | 2.00 |
| 11/22/95 | | REQUEST FOR ORAL ARGUMENT FILED<br>(indicate-CA/Midd.sheet) COPY SENT TO CA/MIDD.<br>FILED LINDA E PRUCHA, PUBLIC DEFENDER | |
| 11/22/95 | | MERIT BRIEF OF APPELLANT FILED LINDA E | |

COMMON PLEAS Court of Butler County, OHIO

CA95 07 0124                APPEARANCE AND EXECUTION DOCKET       IMAGED   (Page  2)

```
============================================================================
    TITLE OF CASE       |      ATTORNEYS       |        ACTION
============================+====================+==========================
STATE OF OH             | JOHN F HOLCOMB       | APPEAL OF DEFENDANT
         VS             |                      | (12th District Appeals)
VON CLARK DAVIS         | LINDA E PRUCHA       |   Comments/Judges
                        |                      | CR83 12 0614/21655
                        |                      | ENTRY 6/30/95
                        |                      | MATTHEW J CREHAN,JUDGE
```

```
============================================================================
Date of | Page |  Pleadings Filed, Orders and Decrees       |    Amount
=========+======+=============================================+============
         |      | (Con't from previous page)                 |
         |      | PRUCHA,PUBLIC DEFENDER                      |
12/29/95 |      | MOTION FOR EXTENSION OF TIME TO FILE BRIEF(VON |
         |      | CLARK DAVIS)                                |
01/03/96 |      | ENTRY EXTENDING TIME TO FILE APPELLEE'S BRIEF |    2.00
         |      | FILED (COPIES ISSUED) NO LATER 1-11-96 FILED |
         |      | YOUNG,J                                     |
         |      |            Journal 00538    Page 00523      |
01/09/96 |      | MOTION FOR PERMISSION TO EXCEED PAGE LIMITATION |
         |      | FILED DANIEL G EICHEL,FIRST ASSISTANT PROSECUTING |
         |      | ATTY                                        |
01/10/96 |      | BRIEF OF APPELLEE FILED,JOHN F HOLCOMB,PRSTG ATTY & |
         |      | DANIEL G EICHEL 1ST PRSTG ATTY              |
01/17/96 |      | JOURNAL ENTRY MOTION OF APPELLEE REQUESTING LEAVE |    2.00
         |      | TO FILE A BRIEF 22 PAGES IN EXCESS; BRIEF NOT TO |
         |      | EXCEED 42 PAGES IN LENGTH FILED YOUNG,J     |
         |      |            Journal 00540    Page 00142      |
=========+======+=============================================+============
                                              TOTAL      |   61.00
```

IMAGED

**THE STATE OF OHIO**
**BUTLER COUNTY** } ss.

I, T. MARK BADEN, Clerk of the Court of Common Pleas, within and for the County and State aforesaid, do hereby certify that the foregoing is a true and correct copy of TRANSCRIPT OF DOCKET AND JOURNAL ENTRIES In Case No. CA95-07-0124

WITNESS my hand and seal of said Court, at the City of Hamilton, Ohio, this 5th day of FEBRUARY A. D., 19 96

T. MARK BADEN
Clerk of the Court of Common Pleas, Butler County, Ohio

By _____, Deputy

CC113-L

FILED
'96 FEB 21 AM 11
T. MARK BADEN
IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

IMAGED

| STATE OF OHIO, | : | |
| Appellee, | : | |
| -vs- | : | Case No.: CA95-07-124 |
| VON CLARK DAVIS, | : | |
| Appellant. | : | FILED In Court of Appeal<br>BUTLER COUNTY, OHIO |

FEB 21 1996

T. MARK BADEN
Clerk

## STATEMENT OF ADDITIONAL AUTHORITY

Pursuant to Loc. R. 11(G), Appellant, through counsel, submits the following additional authority:

Assignment of Error I

State v. Nichols, 11 Ohio St. 3d 40, 463 N.E.2d 375 (1984)

Shaper v. Tracy, 73 Ohio St.3d 1211, 654 N.E.2d 1268 (1995).

Easy Tone Body Systems, Inc. v. Kornylak Corp. No. CA 91-06-108 (Butler C.A. April 13,

1992) 1992 WL 75190.

Weishaar v. Strimbu, 76 Ohio App 3d 276 (1991)

State ex. rel. Drake v. Athens Cty. bd of Elections, 39 Ohio St. 3d 40 (1988).

Nelson v. Pleasant, 73 Ohio App. 3d 479 (1991).

O'Brien v. Univ. Community Tenants Union, 42 Ohio St. 2d 242 (1975).

Petry v. Simon, 4 Ohio St. 3d 154 (1983)

State v. Lentz, 70 Ohio St. 3d 527 (1994)

Byrd v. Faber, 57 Ohio St. 3d 56 (1991).

State ex. rel Baran v. Fuerst, 55 Ohio St. 3d 94 (1990).

Tucker v. Webb Corp., 4 Ohio St. 3d 121 (1983).

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Case v. Nebraska, 381 U.S. 336 (1965) (per curiam).

Evitts v. Lucey, 469 U.S. 387 (1985).

Barclay v. Florida, 463 U.S. 939 (1983).

State v. Pless, 74 Ohio St. 3d 333, 658 N.E.2d 766 (1996)

*IMAGED*

DAVID H. BODIKER - 0016590
Ohio Public Defender

TRACEY A. LEONARD - 0064013
Assistant State Public Defender

Ohio Public Defender Commission
8 East Long Street - 11th Floor
Columbus, Ohio 43266-0587
(614) 466-5394

COUNSEL FOR APPELLANT

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing STATEMENT OF ADDITIONAL

AUTHORITY was forwarded to Daniel Eichel, Prosecuting Attorney, Butler County Courthouse,

216 Society Bank Building, Hamilton, Ohio 45012, on this 21 day of February, 1996.

TRACEY A. LEONARD - 0064013
Assistant State Public Defender

COUNSEL FOR APPELLANT

#20801v1

IN THE COURT OF APPEALS OF BUTLER COUNTY, OHIO

IMAGED

STATE OF OHIO,                    :        FILED

    Appellee,    FILED In Court of Appeals    CASE NO. CA95-07-124
                 BUTLER COUNTY, OHIO

vs.                  FEB 22 1996    :    T. MARK BADEN
                                         CLERK OF COURTS
VON CLARK DAVIS,     T. MARK BADEN            ENTRY
                     CLERK
    Appellant.                    :

        The above cause was heard by the court on February 21,
1996.  At oral argument, counsel for appellant, Von Clark Davis,
presented a list of additional authorities for the court to
consider.  The additional authorities had not been filed with
the court as of the date of argument, but appellant's counsel
indicated that the list would be filed as soon as possible.

        Upon consideration, appellant is granted permission to file
his list of additional authorities and the court will consider
the same.  Counsel for appellee, the state of Ohio, may file a
response, limited to the cases cited by appellant as additional
authority within seven (7) days or on or before February 28,
1996.

        IT IS SO ORDERED.

                              _____
                              James E. Walsh, Presiding Judge

J 551 P 245

IMAGED

**IN THE COURT OF APPEALS**
**TWELFTH APPELLATE DISTRICT**
**BUTLER COUNTY, OHIO**

'96 FEB 23  AM 11 21

T. MARK BADEN
CLERK OF COURTS

**STATE OF OHIO,**

      Appellee,

vs.

**VON CLARK DAVIS,**

      Appellant.

**CASE NO. CA95-07-124**

**POST-ARGUMENT**
**STATEMENT OF APPELLEE**
**REGARDING ADDITIONAL**
**AUTHORITIES CITED**
**BY APPELLANT**

FILED in Court of Appeals
BUTLER COUNTY OHIO

FEB 2 3 1996

T. MARK BADEN
CLERK

     Now comes John F. Holcomb, Prosecuting Attorney, and pursuant to leave of Court

granted upon oral argument on February 21, 1996, presents this brief statement regarding

cases cited in the appellant's Statement of Additional Authority, as follows.

     ***Shaper v. Tracy*** (1995), 74 Ohio St.3d 1211, 654 N.E.2d 1268, is an unusual case

which has no application to the case at bar.   That case, before the Court on a "motion to

dismiss or affirm" filed by the Attorney General on behalf of the Tax Commissioner,  involved

the threshold issue whether the Supreme Court had jurisdiction over the taxpayer Serene

Shaper's appeal from a decision of the Board of Tax Appeals directly to the Ohio Supreme

Court; the answer to that question is that the Supreme Court clearly has constitutional

and statutory jurisdiction over such appeal, see Article IV, Section 2(B)(2)(d) of the Ohio

Constitution and R.C. 5717.04, and that the "motion to dismiss or affirm" was clearly not well

taken.  The Supreme Court additionally stated that *res judicata* is an affirmative defense that

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

1

IMAGED

usually does not affect the jurisdiction of the Court, but would have to be raised and proved by way of an affirmative defense, citing **State ex rel. Freeman v. Morris** (1991), 62 Ohio St.3d 107, 579 N.E.2d 702. As such, the Tax Commissioner's proposition that principles of *res judicata* and collateral estoppel barred Shaper's constitutional challenge by reason of other previous adjudications against her[1] simply did not decide the jurisdictional question in **Shaper**. In the case at bar, appellee is not saying that the doctrine of *res judicata* is jurisdictional; rather, it constitutes a bar to the merits of the postconviction claim to which it applies, see **State v. Lentz** (1994), 70 Ohio St.3d 527, 639 N.E.2d 784, (a case cited in appellant's additional authorities which affirms the continued viability of **State v. Perry** and its genre).

This Court's decision in **Easy Tone Body Systems, Inc. v. Kornylak Corp.** (April 13, 1992), Butler App. No. CA91-06-0108, unreported, 1992 WL 75190, likewise has no application to the post-conviction proceedings in the case at bar; **Easy Tone** is a garden-variety civil case arising out of a contractual dispute between a Hamilton manufacturer and a client company to which all the Civil Rules, including Civ.R. 12(B), apply, and it is simply a correct application of the principle set forth in **State ex rel. Freeman v. Morris** as it is applicable to any ordinary civil case. On the other hand, a motion to dismiss a postconviction proceeding is governed by the procedure set forth in R.C. 2953.21(C) which requires review of all the antecedent proceedings in the criminal case in rendering such dismissal, see **State v. Lawson** (1995), 103 Ohio App.3d 307, 312-313, 659 N.E.2d 362, 365-366.

---

1. Ms. Shaper's federal Commerce Clause challenge to the Ohio income tax provisions had been the subject of a previous declaratory judgment action wherein the Common Pleas Court of Franklin County had declared the state income tax provisions to be constitutional; the Franklin County Court of Appeals had affirmed that decision, see **Shaper v. Tracy** (1994), 97 Ohio App.3d 760, 647 N.E.2d 550, and the Supreme Court had declined to exercise jurisdiction, see **Shaper v. Tracy** (1995), 71 Ohio St.3d 1477, 646 N.E.2d 1125.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2533

IMAGED

*State v. Lentz*, *supra*, holds that "when a criminal defendant is represented by two different attorneys from the same public defender's office at trial and on appeal, *res judicata* bars a claim of ineffective assistance of trial counsel raised for the first time in a petition for postconviction relief when such claim could have been made on direct appeal without resort to evidence beyond the record, unless the defendant proves that an actual conflict of interest enjoined appellate counsel from raising ineffective assistance of counsel on direct appeal." *State v. Lentz*, syllabus.  That case has no application to the case at bar, where appointed trial counsel (Michael D. Shanks and John A. Garretson) were different from the appointed attorney who represented appellant in both of his direct appeals in this Court and the Ohio Supreme Court *circa* 1984-1988 (Timothy R. Evans), and none of the foregoing were members of the Ohio Public Defender's Office who represented appellant in both of his direct appeals in this Court and the Ohio Supreme Court *circa* 1989-1992.

*State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, involving a failure to meet the terms of a statute requiring a written jury waiver to be filed and journalized, likewise has no application to the case at bar.

None of the other cases cited by appellant's Statement of Additional Authority have any direct bearing on the case at hand.  Many involve other types of ordinary civil cases (*e.g.*, *Weishaar v. Strimbu* (1991), 76 Ohio App.3d 276, 601 N.E.2d 587 (a landlord-tenant dispute). Others state principles of law that do not control the decision in the case at bar.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

3



Appellee submits the case on its previously-filed Brief, which distinguishes all propositions of law that can be gleaned from the additional authorities cited by appellant.

Respectfully submitted,

**JOHN F. HOLCOMB** (0001499)
**PROSECUTING ATTORNEY**
**BUTLER COUNTY, OHIO**


**DANIEL G. EICHEL** (0008259)
**FIRST ASSISTANT PROSECUTING ATTORNEY**
**BUTLER COUNTY, OHIO**
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474


## PROOF OF SERVICE

This is to certify that a copy of the foregoing was mailed to Tracey A. Leonard, Assistant State Public Defender, 8 East Long Street – 11th Floor, Columbus, Ohio 43266-0587, Attorney for Appellant, by ordinary U.S. mail this 23rd day of February, 1996.


**DANIEL G. EICHEL** (0008259)
**FIRST ASSISTANT PROSECUTING ATTORNEY**
**BUTLER COUNTY, OHIO**

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

4

IN THE COURT OF APPEALS

IMAGED

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,    :    CASE NO. CA95-07-124

                     :      JUDGMENT ENTRY

  - vs -

                     :

VON CLARK DAVIS,         :

      Defendant-Appellant.  :

    The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

    It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.

    Costs to be taxed in compliance with App.R. 24.

    To all of which appellant, by his counsel, excepts.

                              James E. Walsh, Presiding Judge

                              Richard N. Koehler, Judge

                              Stephen W. Powell, Judge

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2536

IMAGED

IN THE COURT OF APPEALS

FILED

TWELFTH APPELLATE DISTRICT OF OHIO

'96 SEP 30

T. ....X DAS BUTLER COUNTY

CLERK OF COURTS

STATE OF OHIO,                        :

      Plaintiff-Appellee,    :    CASE NO. CA95-07-124

                  :         O P I N I O N

  - vs -                              :         9/30/96

                  :

VON CLARK DAVIS,                      :

      Defendant-Appellant.   :


John F. Holcomb, Butler County Prosecuting Attorney, Daniel G. Eichel, 216 Society Bank Building, Hamilton, Ohio 45011, for plaintiff-appellee

Linda E. Prucha and Tracey A. Leonard, Ohio Public Defender's Office, 8 East Long Street, 11th Floor, Columbus, Ohio 43266-0587, for defendant-appellant


    **KOEHLER, J.** Petitioner-appellant, Von Clark Davis, appeals from the judgment entry of the Butler County Court of Common Pleas dismissing his petition for post-conviction relief.

    In 1971, appellant entered a guilty plea to second degree murder in connection with the stabbing death of his estranged wife, Ernestine Davis, and was sentenced to life imprisonment. In 1984,

1629 P 713

appellant was found guilty by a three-judge panel of the aggravated murder of Suzette Butler and sentenced to death.  This court affirmed the conviction and sentence.  State v. Davis (May 27, 1987), Butler App. No. CA84-06-071, unreported.  The Ohio Supreme Court affirmed the conviction but vacated the death sentence and remanded the case for resentencing.  State v. Davis (1988), 38 Ohio St.3d 361.

A three-judge panel again imposed a death sentence, which was affirmed by this court and the Ohio Supreme Court.  State v. Davis (Oct. 29, 1991), Butler App. No. CA89-09-123, unreported; State v. Davis (1992), 63 Ohio St.3d 44.  Appellant's motions for rehearing were denied by the Ohio Supreme Court and his motion for certiorari was denied by the United States Supreme Court.  State v. Davis (1992), 506 U.S. ___, 113 S.Ct. 172.

On October 8, 1993, appellant filed petitions pursuant to R.C. 2953.21 to vacate or set aside appellant's convictions and/or sentences in the 1983 trial for Suzanne Butler's murder and the 1971 trial for the murder of Ernestine Davis.  The state subsequently filed a motion to dismiss pursuant to R.C. 2953.21(C).  The trial court filed an entry on November 1, 1994, concluding that res judicata was applicable to a post-conviction action.  The court granted the state's motion to dismiss as to twenty-seven of the twenty-

- 2 -

J 629 P 714

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2538

eight causes of action raised in appellant's petition.

An evidentiary hearing was held on appellant's nineteenth cause of action, in which appellant alleged that his jury trial waiver was unknowing because he was not informed that two judges on the three-judge panel had represented a mortgage company in a 1970 foreclosure action against appellant. Following the hearing, the trial court filed a judgment entry on June 30, 1995 dismissing appellant's post-conviction relief petitions[1]. Appellant appeals from that entry, raising twenty-one assignments of error.

I.
## RES JUDICATA AS APPLICABLE TO AN ORDER OF DISMISSAL ON A POST-CONVICTION RELIEF PETITION

Assignment of Error No. 1:

> THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT DAVIS AN EVIDENTIARY HEARING BASED ON THE DOC-TRINE OF RES JUDICATA, THUS VIOLATING HIS RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, NINTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 1, 2, 9, 10, 16, AND 20 OF THE OHIO CONSTITUTION.

Appellant argues that because his post-conviction relief petition was supported by evidence outside the record, his right to due process of law was violated by the trial court's dismissal of his petition without a hearing.

---

1. Appellant filed two petitions for post-conviction relief; the two cases were joined for purposes of this appeal.

- 3 -

7 629 P 715

When a R.C. 2953.21 petition is filed, a court must grant a hearing unless it determines that the petitioner is not entitled to relief. R.C. 2953.21(E); State v. Combs (1994), 100 Ohio App.3d 90, 97. The court may refuse to grant a hearing if the claim does not raise a constitutional issue or if a constitutional claim is advanced but the issue was or could have been raised at trial or on direct appeal. Combs, 100 Ohio App.3d at 97, citing State v. Perry (1967), 10 Ohio St.2d 175.

Even if outside evidence is offered in support of a post-conviction relief petition, the court may deny a hearing if the petitioner could have appealed the constitutional claim based on information in the original trial record. Id. In addition, a hearing is not compelled where the evidence does not meet a minimum level of cogency to support a claim, or passes the minimum threshold but fails to form substantive grounds for relief. Id. at 98. Finally, the court may deny a hearing where the claim does not seek to render the trial court's judgment void or voidable. Id.

Appellant raises specific claims where he contends that outside evidence compelled the trial court to hold an evidentiary hearing. Each of these claims are raised by appellant as separate assignments of error in this appeal, but all were dismissed by the trial court as claims which were or could have been raised at trial

- 4 -

1 629 P 116

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2540

IMAGED

or on direct appeal without evidence dehors the record and there-
fore barred by res judicata. We will examine each issue individ-
ually in appellant's subsequent assignments of error to determine
if sufficient evidentiary material was set forth to warrant a hear-
ing. See State v. Jackson (1980), 64 Ohio St.2d 107 (criminal
defendant carries burden to provide sufficient evidence to warrant
a hearing on a post-conviction relief petition).

As a threshold issue, appellant argues within his first
assignment of error that the state cannot assert res judicata as a
defense. Appellant contends that the state's motion to dismiss is
governed by Civ.R. 12(B)(6), which specifies defenses that may be
raised by motion and does not mention res judicata. Appellant also
argues that res judicata cannot bar a post-conviction relief claim
supported by evidence outside the record. We disagree.

Although an action for post-conviction relief is civil in
nature, the post-conviction remedy is statutory and governed by
R.C. 2953.21. State v. Darden (1989), 64 Ohio App.3d 691, 693.
"Where a petition for post-conviction relief filed by counsel for a
prisoner does not allege facts which, if proved, would entitle the
prisoner to relief, the trial court may so find and summarily dis-
miss the petition." State v. Perry (1967), 10 Ohio St.2d 175,
paragraph two of the syllabus.

- 5 -

T 629 P 717

Butler CA95-07-124

IMAGED

Further, the Ohio Supreme Court in State v. Lester (1975), 41 Ohio St.2d 51, 55, held that "if the trial court finds, on the facts of a case, that a petitioner's claim was fully litigated at trial or upon appeal, or that the claim could have been fully litigated in an appeal, the court can summarily dismiss the claim as barred by res judicata."

We find that the trial court did not err procedurally in applying the doctrine of res judicata or in entering an order of dismissal on a petition for post-conviction relief.  Appellant's first assignment of error is overruled, and we proceed on to appellant's specific claims, each of which were dismissed by the trial court.

## II.
### INEFFECTIVE ASSISTANCE OF COUNSEL

Assignment of Error No. 3:

THE TRIAL COURT ERRED BY GRANTING THE PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-APPELLANT'S FIFTH CAUSE OF ACTION.

Assignment of Error No. 13:

THE TRIAL COURT ERRED BY GRANTING THE PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER-APPELLANT'S TWENTY-FIRST CAUSE OF ACTION.

Assignment of Error No. 19:

THE TRIAL COURT ERRED BY GRANTING THE PROSECUTOR'S MOTION TO DISMISS AS TO PETITIONER APPELLANT'S TWENTY-SEVENTH CAUSE OF ACTION.

- 6 -

IMAGED

Appellant argues first that his representation by trial counsel was constitutionally defective because he was not advised prior to waiving a jury trial that when a case is tried before a three-judge panel, it is presumed on appeal that the trial court considered only relevant, material, and competent evidence in arriving at its judgment. See State v. Simko (1994), 71 Ohio St.3d 483, 491 (citation omitted). Appellant submitted an affidavit from attorney Harry Reinhart stating that a trial counsel's failure to advise a capital defendant of this fact evidences unreasonable professional judgment.

In State v. Lentz (1994), 70 Ohio St.3d 527, 530, the Ohio Supreme Court held that when a defendant is represented by new counsel on the direct appeal, res judicata bars an ineffective assistance of trial counsel claim raised for the first time in a petition for post-conviction relief when the claim could have been raised on direct appeal without evidence outside the record.

In this case, appellant raises this issue for the first time in this post-conviction petition. Although appellant was represented by new counsel on the direct appeal, appellant did not raise the claim of ineffective assistance of trial counsel. Evidence outside the record does not overcome the res judicata bar on post-conviction litigation of issues which were or should have been

- 7 -

1 689 P 749

IMAGED          <u>Butler CA95-07-124</u>

raised on the direct appeal based on the original trial record.
<u>State v. Perry</u> (1967), 10 Ohio St.2d 175.

Appellant also argues that counsel was ineffective because
appellant's right to a jury trial was waived without reserving the
option to withdraw the waiver should the three-judge panel return a
death penalty. Because appellant could also have raised this claim
on direct appeal, it is barred by <u>res judicata</u>. See <u>Combs</u>, 100
Ohio App.3d at 97.

Even had appellant raised this issue on direct appeal, as the
trial court observed, this same issue was considered in <u>State v.
Brewer</u> (Sept. 28, 1994), Greene App. No. 93-CA-62, unreported,
where that court noted that "[n]o prosecutor would agree to such an
arrangement, and to impose such a duty on defense counsel in capi-
tal cases would have the practical effect of removing a defendant's
right to be judged by a three-judge panel."

Appellant also argues that his trial counsel failed to ade-
quately investigate the circumstances surrounding appellant's prior
murder conviction for the death of his wife Ernestine, in that they
failed to discover evidence that the prior killing was not purpose-
ful, which they could have used to challenge the death penalty

- 8 -

J 629 P 720

Butler CA95-07-124

IMAGED

specification in this case.[2]

The evidence appellant refers to is a letter from Robert Jones Beard to H.J. Bressler, appellant's trial counsel in the prior case. Beard sent the letter eight years after the prior homicide and stated that he had been in the house that day, saw the confrontation between appellant and his wife, that appellant's wife was the aggressor, and appellant had no intention of killing her.

This letter was time-stamped for the record by the clerk's office in 1981, prior to the Suzette Butler shooting. Upon receipt of the letter, Bressler filed a motion for a new trial in the earlier case, which was denied. Appellant's trial counsel's strategy in this case regarding the prior homicide conviction, as the basis of an ineffective assistance claim, was not raised on the direct appeal and is barred by res judicata. See Lentz, 70 Ohio St.3d at 527.

Appellant's third, thirteenth and nineteenth assignments of error are overruled.

### III.
**INTRODUCTION OF MITIGATION EVIDENCE AT THE RESENTENCING**

Assignment of Error No. 4:

THE TRIAL COURT ERRED BY GRANTING THE

---

2. Appellant's prior murder conviction was used as an aggravating circumstance in his subsequent aggravated murder conviction.

- 9 -

T 689 P 721

IMAGED Butler CA95-07-124

PROSECUTOR'S MOTION TO DISMISS AS TO PETI-
TIONER-APPELLANT'S SIXTH CAUSE OF ACTION.

Assignment of Error No. 17:

THE TRIAL COURT ERRED WHEN IT DISMISSED
APPELLANT DAVIS' TWENTY-FIFTH CLAIM.

Assignment of Error No. 20:

THE TRIAL COURT ERRED BY GRANTING THE PROSE-
CUTOR'S MOTION TO DISMISS AS TO PETITIONER-
APPELLANT'S TWENTY-EIGHTH CAUSE OF ACTION.

The Ohio Supreme Court, in remanding appellant's case for
resentencing, found that the trial court had improperly weighed the
aggravating circumstances against the mitigating factors it found
to be present. Appellant argues that the trial court's refusal on
resentencing to consider additional mitigating evidence or grant
appellant's request for funding of expert assistance violated
appellant's statutory and constitutional rights.

The Second District Court of Appeals in State v. Chinn (June
21, 1996) Montgomery App. No. CA15009, unreported, concluded that
on a remand for resentencing, the appellant "was not entitled to an
opportunity to improve or expand his evidence in mitigation simply
because we required the trial court to reweigh the aggravating cir-
cumstance[s] and mitigating factors."

In this case, although appellant advances a constitutional
claim, the issue of additional mitigating evidence was raised at

- 10 -

1629 P 722

IMAGED          <u>Butler CA95-07-124</u>

the resentencing and on appeal from the resentencing and is there-
fore barred by <u>res judicata</u>.  See <u>Combs</u>, 100 Ohio App.3d at 97.

Appellant's fourth, seventeenth, and twentieth assignments of
error are overruled.

## IV.
## IMPROPER REBUTTAL EVIDENCE INTRODUCED DURING THE PENALTY
## PHASE OF THE CAPITAL TRIAL

Assignment of Error No. 15:

> THE TRIAL COURT ERRED WHEN IT DISMISSED
> APPELLANT DAVIS' TWENTY-THIRD CLAIM.

Appellant argues that the trial court permitted improper rebuttal
testimony from a police detective regarding a shoot-to-wound inci-
dent involving appellant and his wife Ernestine in 1969 which was
not sufficiently related to Ernestine's murder over one year later.
Appellant also argues that the state brought in specific fact evi-
dence of the prior murder at the penalty phase, although the crime
was already established during the guilt phase.  Appellant con-
cludes that these instances violate Eighth Amendment standards that
death sentences be imposed with fairness and consistency.

Appellant advances no evidence outside the record to support
his arguments.  The admission of the above testimony was an eviden-
tiary issue which was resolved against appellant at trial.  Al-
though appellant advances his claim as a constitutional issue in

- 11 -

629 723

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2547

IMAGED

Butler CA95-07-124

his post-conviction relief petition, the Ohio Supreme Court in

State v. Perry (1967), 10 Ohio St.2d 175, paragraph seven of the

syllabus, held that:

> Constitutional issues cannot be considered in
> post-conviction proceedings under Section
> 2952.21 et seq., Revised Code, where they have
> already been or could have been fully litigated
> by the prisoner while represented by counsel,
> either before his judgment of conviction or on
> direct appeal from that judgment[.]

Appellant's fifteenth assignment of error is overruled.

## V.
### PRESUMPTION OF HARMLESS ERROR BEFORE A THREE-JUDGE PANEL

Assignment of Error No. 7:

> THE COURT ERRED IN DISMISSING APPELLANT DAVIS'
> FIFTEENTH CAUSE OF ACTION.

Appellant argues that the presumption that a three-judge panel

considers only proper and competent evidence unless there is an

affirmative demonstration to the contrary denied appellant due

process and equal protection.

This presumption is applied at the appellate level and is not

used in the trial court. State v. Simko (Jan. 20, 1993), Lorain

App. No. 91CA005214, unreported. See State v. Murnahan (1992), 63

Ohio St.3d 60, 63 (a trial court is not empowered to render an

appellate court decision void or voidable). Although appellant

advances a constitutional argument here, the issue could have been

- 12 -

1629 P 724

IMAGED    Butler CA95-07-124

raised on a motion for reconsideration to this court or to the Ohio

Supreme Court on appeal from the resentencing, based upon informa-

tion contained in the record. This court has no jurisdiction in a

post-conviction proceeding to consider appellant's claim. See

Murnahan, 63 Ohio St.3d at 63; Combs, 100 Ohio App.3d at 97. Ap-

pellant's seventh assignment of error is overruled.

## VI.
## DEATH SENTENCE INAPPROPRIATE

Assignment of Error No. 5:

> THE TRIAL COURT ERRED BY GRANTING THE PROSE-
> CUTOR'S MOTION TO DISMISS AS TO PETITIONER-
> APPELLANT'S  EIGHTH CAUSE OF ACTION.

Assignment of Error No. 6:

> THE TRIAL COURT ERRED WHEN IT DISMISSED APPEL-
> LANT DAVIS' ELEVENTH CAUSE OF ACTION.

Assignment of Error No. 8:

> THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S
> SIXTEENTH CAUSE OF ACTION.

Assignment of Error No. 18:

> THE TRIAL COURT ERRED BY GRANTING THE PROSE-
> CUTOR'S MOTION TO DISMISS AS TO PETITIONER-
> APPELLANT'S TWENTY-SIXTH CAUSE OF ACTION.

First, appellant argues that the death sentence was inap-

propriate in this case because the mitigating evidence outweighed

the aggravating factors. Appellant contends that the trial court

- 13 -



VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2549

IMAGED    Butler CA95-07-124

failed to give the proper weight to evidence of appellant's per-
sonality disorder.

Evidence of appellant's personality disorder was specifically
enumerated as a mitigating factor in the trial court's opinion on
resentencing, where that court concluded that the mitigating fac-
tors were outweighed by the aggravating circumstance. This court,
on the appeal from resentencing, considered the issue of whether
the death sentence was appropriate in this case and concluded that
it was. Thus, the issue has already been raised and determined,
and for purposes of post-conviction relief is barred by res
judicata. See Combs, 100 Ohio App.3d at 97.

Next, appellant argues that the Ohio trial courts' failure, in
general, to file written opinions in cases where life sentences are
imposed, skews appellate proportionality review in favor of the
death penalty. Post-conviction relief is not a proper vehicle to
raise this claim, as the proportionality review is conducted at the
appellate level and a trial court is not empowered to render an
appellate court decision void or voidable. Murnahan, 63 Ohio St.3d
at 63.

In addition, the Ohio Supreme Court has considered and re-
jected the argument that a trial court must file a written opinion
when imposing a life sentence, and that the proportionality re-

- 14 -

629 P 726

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2550

IMAGED      Butler CA95-07-124

quirement is flawed because life sentences are not included in the review.  State v. Steffen (1987), 31 Ohio St.3d. 111, paragraph one of the syllabus; State v. Holmes (1986), 30 Ohio App.3d 26.  Appellant's argument is not well-taken.

Next, appellant argues that R.C. 2929.03(D) is unconstitutional because is it unclear on the standard of proof in mitigation hearings before a three-judge panel and therefore permits variation in the imposition of death sentences.  This argument was rejected in State v. Dickerson (1989), 45 Ohio St.3d 206, 208-209.  Further, since appellant could have raised this issue on direct appeal, the doctrine of res judicata bars post-conviction consideration.  See Combs, 100 Ohio App.3d at 97.

Next, appellant argues that the element of intent is lacking from the prior murder specification, rendering it invalid for use to make appellant eligible for the death penalty in this case.  The Robert Beard Jones letter on which appellant bases his claim was the basis for a 1981 motion for new trial, which was denied in the prior criminal case.  This issue could have been raised by appellant at trial or on direct appeal and is barred by res judicata. See Perry, 10 Ohio St.2d at paragraph seven of the syllabus.

Appellant's fifth, sixth, eighth, and eighteenth assignments of error are overruled.

- 15 -

] 629 P 727

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2551

IMAGED    <u>Butler CA95-07-124</u>

## VII.
### JURY TRIAL WAIVER

Assignment of Error No. 2:

> THE TRIAL COURT ERRED WHEN IT DISMISSED
> APPELLANT DAVIS' THIRD CAUSE OF ACTION.

Assignment of Error No. 9:

> THE TRIAL COURT ERRED IN DISMISSING APPELLANT
> DAVIS' SEVENTEENTH CAUSE OF ACTION.

Assignment of Error No. 10:

> THE TRIAL COURT ERRED BY GRANTING THE PROSE-
> CUTOR'S MOTION TO DISMISS AS TO PETITIONER-
> APPELLANT'S EIGHTEENTH CAUSE OF ACTION.

Assignment of Error No. 11:

> THE TRIAL COURT ERRED WHEN IT DISMISSED APPEL-
> LANT DAVIS' NINETEENTH CAUSE OF ACTION, IN
> VIOLATION OF HIS RIGHTS GUARANTEED BY THE
> FIFTH, SIXTH, EIGHTH AND FOURTEENTH AMENDMENTS
> TO THE UNITED STATES CONSTITUTION AND SECTIONS
> 5, 9, AND 16 OF ARTICLE I OF THE OHIO CONSTI-
> TUTION.

Assignment of Error No. 12:

> THE TRIAL COURT ERRED BY GRANTING THE PROSE-
> CUTOR'S MOTION TO DISMISS AS TO PETITIONER-
> APPELLANT'S TWENTIETH CAUSE OF ACTION.

First, appellant argues that the trial court's refusal to
sever the two charges in the indictment would have put the element
of appellant's prior murder conviction before a jury, so that ap-
pellant effectively had no choice but to waive his right to a jury

- 16 -

7 629 P 728

trial.  This issue was raised and addressed by this court and the
Ohio Supreme Court on the direct appeal and thus is barred by res
judicata.  See Combs, 100 Ohio App.3d at 97.

Next, appellant argues that his jury trial waiver was unknow-
ing because he was not informed that under R.C. 2929.03(D), there
is "an increased risk of being sentenced to death when tried before
a three-judge panel."  Appellant contends that the state has a
lesser burden of proof when a three-judge panel determines the sen-
tence as opposed to when a trial court determines whether to accept
a jury recommendation.

As we previously noted, the Ohio Supreme Court held in
Dickerson, 45 Ohio St.3d at 208-209, that the standard of proof is
the same before a three-judge panel and a jury.  This is an issue
that could have been raised on direct appeal, however, and is
barred from post-conviction consideration on res judicata grounds.
See Combs, 100 Ohio App.3d at 97.

Next, appellant argues that he was misinformed as to the
standard of proof in the colloquy with the trial court regarding
appellant's jury waiver.  Appellant states that there was no men-
tion of reasonable doubt in the standard by which a jury would
assess his guilt.  Further, appellant argues that he was prejudiced
by the trial court's statement that the three-judge panel would

- 17 -

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2553

IMAGED      <u>Butler CA95-07-124</u>

have to be convinced of appellant's guilt or innocence beyond a

reasonable doubt, because the court should have spoken in terms of

the state's burden of proof instead.

The trial court's colloquy with a defendant regarding his jury

waiver was the subject of a post-conviction claim in <u>State v.</u>

<u>Brewer</u> (Sept. 28, 1994), Greene App. No. 93CA62, unreported.  We

agree with that court's conclusion that

> any question concerning the sufficiency of the
> trial court's colloquy *** regarding the jury
> waiver could have been fully and fairly liti-
> gated on direct appeal from [the appellant's]
> conviction without resort to evidence dehors
> the record. *** Since the sufficiency of the
> trial court's colloquy *** concerning the jury
> waiver could have been determined from the
> trial record itself, [the appellant's] claim is
> barred by the principles of <u>res judicata</u>.

Next, appellant argues that his jury waiver was not knowing

and intelligent because he was unaware that Judges Stitsinger and

Moser had represented appellant's mortgage company in a 1970

foreclosure action against appellant.  The trial court found this

claim to be dehors the record and held an evidentiary hearing on

the matter.  The trial court concluded that appellant failed to

demonstrate an infringement of his constitutional rights regarding

the jury waiver and dismissed the claim.

A trial court must insure that the accused's decision to waive

- 18 -

丁 629 ₽ 730.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2554

IMAGED     <u>Butler CA95-07-124</u>

the right to a jury trial and elect to be tried before a three-
judge panel is made with sufficient awareness of the relevant cir-
cumstances and likely consequences of his waiver. <u>State v. Ruppert</u>
(1978), 54 Ohio St.2d 263, 271 (citation omitted). In <u>State v.</u>
<u>D'Ambrosio</u> (1993), 67 Ohio St.3d 185, after D'Ambrosio waived his
right to a jury trial, one judge on the three-judge panel presided
over the murder trial of another defendant in the case. As a re-
sult, D'Ambrosio argued on appeal that his jury trial waiver was
neither knowing nor intelligent. <u>Id</u>. at 189.

The Ohio Supreme Court held that D'Ambrosio's waiver was not
retroactively rendered invalid by the judge's involvement in the
other defendant's case. <u>Id</u>. The court found no evidence that
because of the prior proceeding, the judge had "formed an opinion
as to the facts at issue in the subsequent proceeding." <u>Id</u>. at 189
(citation omitted). The court concluded that since the judge's
knowledge stemmed from the judge's involvement in a prior proceed-
ing, it created no personal bias that would impact his participa-
tion in the three-judge panel in D'Ambrosio's case. <u>Id</u>. at 188.

In this case, at the time of appellant's trial, neither the
two judges in question nor appellant had any recollection of the
judges' involvement in the 1970 foreclosure action. In addition,
at the hearing on appellant's post-conviction claim, the trial

- 19 -

1629 P 731

IMAGED  Butler CA95-07-124

court concluded that as a factual matter it did not believe appellant's claim that had he been aware of the foreclosure information, he would not have waived a jury trial.

Upon consideration of the foregoing factors, we are not persuaded that appellant's postwaiver awareness of the judges' foreclosure involvement rendered appellant's jury waiver unknowing or unintelligent so as to implicate appellant's constitutional rights. See Dickerson, 45 Ohio St.3d at 209-210; D'Ambrosio, 67 Ohio St.3d at 189.

Next, appellant argues that his jury waiver was invalid because it was obtained in violation of his constitutional rights. Appellant argues that he was forced to waive the jury trial because the trial court's refusal to sever the counts meant that appellant's prior murder conviction would be put before the jury.

The issue of the trial court's denial of appellant's motion to bifurcate the trial was raised before this court and the Ohio Supreme Court on direct appeal. The claim is therefore barred from post-conviction consideration by res judicata. See Combs, 100 Ohio App.3d at 97.

Appellant's second, ninth, tenth, eleventh, and twelfth assignments of error are overruled.

- 20 -

J 629 P 732

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2556

IMAGED                    <u>Butler CA95-07-124</u>

## VIII.
## IDENTIFICATION PROCEDURE

Assignment of Error No. 14:

> THE TRIAL COURT ERRED BY GRANTING THE PROSE-
> CUTOR'S MOTION TO DISMISS AS TO PETITIONER-
> APPELLANT'S TWENTY-SECOND CAUSE OF ACTION.

Appellant argues that the identification procedure in this case was

unnecessarily suggestive in that a state's witness and a defense

witness were each shown only one photo, the photo being that of

appellant.  Appellant contends that the reliability of the wit-

nesses' later in-court identification was undermined by the prior

photo identification procedure.

Appellant further contends that there were inconsistencies be-

tween the two witnesses' testimony which also undermined the relia-

bility of the state's witness.  These claims are not based on evi-

dence outside the record and could have been raised at trial or on

direct appeal.  Our consideration of the claims at the post-convic-

tion stage is barred by <u>res judicata</u>. See <u>Combs</u>, 100 Ohio App.3d

at 97.  Appellant's fourteenth assignment of error is overruled.

## IX.
## DEFENSE WITNESS NOT ALLOWED TO TESTIFY

Assignment of Error No. 16:

> THE TRIAL COURT ERRED BY GRANTING THE PROSE-
> CUTOR'S MOTION TO DISMISS AS TO PETITIONER-
> APPELLANT'S TWENTY-FOURTH CAUSE OF ACTION.

- 21 -

1629 P 733

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2557

The defense in this case proffered the testimony of Elbert Avery, that although Avery did not witness the shooting, he arrived directly after and was told by Anthony Ferguson, the state's witness, that Ferguson heard a shot, ducked between two cars, and did not see who was doing the shooting.

Appellant argues that Avery's testimony was offered to impeach Ferguson by a prior inconsistent statement and that appellant's constitutional rights were violated by the trial court's refusal to allow Avery to testify.  Again, this claim could have been raised on direct appeal, based on the original trial record, and is barred by <u>res judicata</u>.  See <u>Combs</u>, 100 Ohio App.3d at 97.  Appellant's sixteenth assignment of error is overruled.

## X.
### FIFTY PAGE BRIEF LIMIT

Assignment of Error No. 21:

> APPELLANT DAVIS HAS BEEN DENIED THE OPPORTUNITY FOR AN ADEQUATE APPEAL IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.

Appellant requested leave to file a one-hundred fifty page brief in this matter.  This court, in the exercise of its discretion, determined that the matters to be raised could be adequately addressed in the fifty pages permitted.[3]  See <u>State v. Bonnell</u>

---

2.  We have reviewed the nine assignments of error raised in the appendix to appellant's brief and conclude that each was properly dismissed by the trial court on <u>res judicata</u> grounds.

- 22 -

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2558

IMAGED

Butler CA95-07-124

(1991), 61 Ohio St.3d 179, 185; State v. Powell (1993), 90 Ohio

App.3d 260, 271.  Appellant's twenty-first assignment of error is

overruled.

The judgment of the trial court is affirmed.

WALSH, P.J., and POWELL, J., concur.

1 629 p 735

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2559

1992 WL 89973, State v. Hill, (Ohio App. 5 Dist. 1992)

Page 1

**\*89973** NOTICE: RULE 2 OF THE OHIO SUPREME COURT RULES FOR THE REPORTING OF OPINIONS IMPOSES RESTRICTIONS AND LIMITATIONS ON THE USE OF UNPUBLISHED OPINIONS.

STATE of Ohio, Respondent-Appellee,
v.
Darnell D. HILL, Petitioner-Appellant,

No. CA-8752.
Court of Appeals of Ohio, Stark County.
April 13, 1992.

Civil Appeal from Common Pleas Court, Case No. 91-CV-1288.

Robert D. Horowitz, Prosecuting Attorney, Stark County, Ronald Mark Caldwell, Assistant Prosecutor, Criminal Division, Canton, for respondent-appellee.

Darnell D. Hill, pro se.

Before GWIN, P.J., and PUTMAN, and MILLIGAN, JJ.

OPINION

MILLIGAN, Judge.

POST--CONVICTION RELIEF--R.C. 2953.21-- INEFFECTIVE ASSISTANCE OF COUNSEL--NO HEARING REQUIRED--WAIVER--RES JUDICATA

**\*\*1** In 1988, appellant Darnell D. Hill was convicted of aggravated burglary (R.C. 2911.11), rape (R.C. 2907.02), and grand theft (R.C. 2913.02 ), following jury trial in Stark County Common Pleas Court.

Appellant appealed his conviction to this court, assigning three errors: 1) not granting a mistrial after a witness commented on appellant's past criminal activity, (2) not instructing on lesser-included offenses, and (3) sentencing. We overruled assignments one and two, sustained assignment three, and remanded for resentencing. Accordingly, appellant was resentenced.

On July 23, 1991, appellant filed a petition for post-conviction relief, unaccompanied by affidavits or other evidentiary materials. Petitioner alleged

multiple instances of ineffective assistance of counsel. On October 8, 1991, appellant filed a notice of appeal to this court. (FN1) On October 28, 1991, the trial court dismissed the petition without an evidentiary hearing, per the State's Civ.R. 12(B)(6) motion to dismiss. The trial court filed findings of fact and conclusions of law on February 19, 1992, pursuant to R.C. 2953.21(E).

Appellant assigns three errors:

ASSIGNMENT OF ERROR NO. I

INEFFECTIVE ASSISTANCE OF COUNSEL.

ASSIGNMENT OF ERROR NO. II

DEFENDANT-APPELLANT HAD BEEN PREJUDICED AGAINST BY THE TRIAL JUDGE AND BY TRIAL JURY.

ASSIGNMENT OF ERROR NO. III

DEFENDANT-APPELLANT HAD BEEN REFUSED HIS RIGHT OF DUE PROCESS TO CALL ANY WITNESSES TO TESTIFY IN HIS BEHALF.

I

Appellant argues that counsel was ineffective in the following respects:

(1) Counsel told him the charges would be dismissed due to lack of evidence;

(2) Counsel advised him not to testify in his own behalf due to his prior criminal record;

(3) Counsel erroneously told appellant that the statement he gave to the police would not be admissible at trial;

(4) Counsel failed to obtain complete discovery and a complete bill of particulars;

(5) Counsel allowed selection of an all--white jury; and

(6) Counsel refused to call certain witnesses requested by appellant.

As appellant did not submit an affidavit or other evidentiary materials in support of his allegations of

Copyright (c) West Publishing Co. 1996 No claim to original U.S. Govt. works.

017407

1992 WL 89973, State v. Hill, (Ohio App. 5 Dist. 1992)

ineffective assistance of counsel, the trial court did not err in dismissing his petition without an evidentiary hearing. E.g., State v. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819; State v. Kapper (1983), 5 Ohio St.3d 36, 448 N.E.2d 823, cert. denied, 464 U.S. 856.

The trial court found that appellant's claims of ineffective assistance of counsel were not demonstrated by the record. To successfully state a claim for ineffective assistance of counsel, a petitioner must show: (1) counsel's performance was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment, and (2) counsel's errors prejudiced the defendant so as to deny him a reliable trial. Strickland v. Washington (1984), 466 U.S. 668; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 111 L.Ed.2d 768. To demonstrate prejudice, the petitioner must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, supra at 694.

**2. Upon independent review of the record, we conclude that the trial court did not err in finding that appellant failed to demonstrate ineffective assistance of counsel. The record does not demonstrate that counsel's tactics were anything other than reasonable trial strategy. Further, assuming arguendo that counsel did commit the unprofessional errors alleged by appellant, appellant has not demonstrated a reasonable probability that he would have been acquitted had counsel performed differently.

The first assignment of error is overruled.

II

Appellant next argues that he was denied a fair trial based on selection of an all--white jury.

This issue was not raised separately in the trial court, but was only raised as part of his ineffective assistance of counsel claim. Therefore, the issue was waived. State v. Williams (1977), 51 Ohio St.2d 112, 364 N.E.2d 1364, syllabus 1, vacated on other grounds (1978), 438 U.S. 911.

Further, res judicata precludes appellant from raising the issue. A final judgment of conviction bars a convicted defendant who was represented by counsel from litigating in a post-conviction proceeding any issue that could have been raised on direct appeal. State v. Roberts (1982), 1 Ohio St.3d 36, 437 N.E.2d 598, syllabus. Appellant was represented by counsel on direct appeal, and failed to raise this issue.

In addition, the record does not demonstrate the racial composition of the jury.

The second assignment of error is overruled.

III

In his post-conviction petition, appellant only raised the issue of preclusion from presenting witnesses as part of his ineffective assistance claim. The issue is therefore waived. Williams, supra. Further, this due process claim could have been raised on direct appeal, and is now barred by res judicata. Roberts, supra.

The third assignment of error is overruled.

The judgment of the Stark County Common Pleas Court is affirmed.

GWIN, P.J., and PUTMAN, J., concur.

JUDGMENT ENTRY

For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed.

FN1. Appellant's pro se notice of appeal states that he appeals the April 20, 1988 judgment of conviction in his criminal case (No. 88-8085). Such appeal is clearly out of rule. See App.R. 4(B) (appeal must be filed within 30 days of judgment appealed from). Further, appellant already had an appeal as of right from his judgment of conviction. However, as the parties have treated this appeal as from the denial of post-conviction relief, in the interest of justice we will address the appeal as if taken from the denial of post-conviction relief.

Copyright (c) West Publishing Co. 1996  No claim to original U.S. Govt. works.

017408

1988 WL 125024, State v. Southers, (Ohio App. 1988)

**\*125024**  NOTICE: RULE 2 OF THE OHIO
SUPREME COURT RULES FOR THE
REPORTING OF OPINIONS IMPOSES
RESTRICTIONS AND LIMITATIONS ON THE
USE OF UNPUBLISHED OPINIONS.

STATE of Ohio, Plaintiff-Appellee,
v.
Arnold J. SOUTHERS, Defendant-Appellant.

No. 88 CA 10.
Court of Appeals of Ohio, Pickaway County.
Nov. 23, 1988.

Arnold J. Southers, appellant, pro se.

William H. Harsha, Prosecuting Attorney,
Circleville, for appellee.

DECISION & JUDGMENT ENTRY

GREY, Presiding Judge.

**\*\*1**  This is an appeal from a judgment of the
Pickaway County Court of Common Pleas
dismissing Arnold Southers' Petition for Post
Conviction Relief for failure to state a claim upon
which relief could be granted. We affirm.

On November 10, 1976, Southers appeared before
the Pickaway County Court of Common Pleas and
entered pleas of guilty to the charges of Breaking
and Entering and Theft. At that time Southers was
represented by counsel. Before the trial court
accepted Southers' plea, the court advised Southers
of the rights Southers waived by entering guilty
pleas on the charges and the consequences of
entering such pleas. The trial court further
determined that Southers understood the nature of
the charges against him and the maximum penalty
resulting from those charges. The court then
sentenced Southers to the Ohio Penitentiary.
Southers did not directly appeal from that
conviction.

On December 2, 1987 Southers filed a Petition for
Post Conviction Relief pursuant to R.C. 2953.21.
Southers alleged that he was denied his
constitutional due process rights because the trial
court failed to advise him that a sentence resulting
from a later conviction could be enhanced and he
could be treated as a repeat offender. A month later
Southers filed a Motion to Amend that Petition. The
state filed a Civ.R. 12(B)(6) motion requesting the

trial court to dismiss for failure to state a claim or in
the alternative, to grant summary judgment.

In its opinion of March 14, 1988, the trial court
found that Southers failed to state a claim upon
which relief could be granted and therefore
dismissed Southers' petition. An entry setting forth
the trial court's Findings of Fact and Conclusions of
Law was filed on April 13, 1988.

Southers appeals and assigns one error.

"Whether the Common Pleas Court erred in failing
to find that under the requirements of the United
States Constitution it was duty bound to inform the
defendant before accepting his plea of guilty that
said plea could be used to enhance punishment for
any subsequent offenses."

Southers asserts that the due process clauses of the
Fifth and Fourteenth Amendments of the United
States Constitution required the trial court to advise
him of possible penalty enhancement of future
convictions. We disagree.

In support of this assertion, Southers relies on two
cases from the Tennessee Supreme Court, State v.
Mackey (1977), 553 S.W.2d 337 and State v.
McClintock (1987), 732 S.W.2d 268. In
McClintock, the Tennessee Supreme Court held:

"Any court accepting plea of guilty must make it
clear to the defendant that the resulting judgment of
conviction may be used in a subsequent proceeding
to enhance the punishment for subsequent offenses."

As an appellate court we may look to rulings in
other jurisdictions as persuasive authority, but
persuasive authority means that the reasoning
advanced in support of the holding is analytically
compelling. In the cases cited above, little or no
reasoning is advanced, but rather the holding is
simply adopted as a statement of policy.

**\*\*2.**  The controlling case law on this issue was
espoused by the Ninth District Court of Appeals in
State v. Porter (1976), 49 Ohio App.2d 227. In
Porter, the Summit County Court of Appeals held:

"Convictions resulting from guilty pleas made by a
defendant who is not informed that subsequent
similar criminal conduct will subject him to
additional criminal liability under a repeat offender
statute are neither void nor voidable. Such

Copyright (c) West Publishing Co. 1996  No claim to original U.S. Govt. works.

017409

1988 WL 125024, State v. Southers, (Ohio App. 1988)

convictions are properly alleged in an indictment of the defendant for subsequent criminal acts."

There appears to be no duty in Ohio to inform a defendant pleading guilty of the possible enhancement of sentences resulting from future crimes, nor can this court see why there should be such a duty. A trial court judge should not be required to anticipate recidivist behavior by a defendant who enters a guilty plea in that court. To be sure, a defendant is entitled to be advised of the effect of his guilty plea so that it can be shown that the plea was knowingly and voluntarily made. But it begs the question to argue that a defendant who pleads guilty would not be aware that if he gets convicted of the same offense again it is going to go harder on him the second time around.

Southers' assignment of error is not well taken and is overruled.

JUDGMENT AFFIRMED.

ABELE and STEPHENSON, JJ., concur in judgment & opinion.

Copyright (c) West Publishing Co. 1996 No claim to original U.S. Govt. works.

017410

1991 WL 99500, Rose v. Clark Oil & Refining Corp., (Ohio App. 1991)                    Page 1

**\*99500**  NOTICE: RULE 2 OF THE OHIO
SUPREME COURT RULES FOR THE
REPORTING OF OPINIONS IMPOSES
RESTRICTIONS AND LIMITATIONS ON THE
USE OF UNPUBLISHED OPINIONS.

Tammy Sue ROSE, Plaintiff-Appellant,

v.

CLARK OIL & REFINING CORPORATION,
Defendants-Appellees.

No. CA90-07-139.

Court of Appeals of Ohio, Butler County.

June 10, 1991.

Waite, Schneider, Bayless & Chesley Co.,
L.P.A., Louise Roselle and Paul DeMarco,
Cincinnati, for plaintiff-appellant.

Vorys, Sater, Seymour & Pease, Thomas M.
Taggart and Steven M. Loewengart, Columbus, for
defendant-appellee.

OPINION

WALSH, Judge.

**\*\*1**  This is an appeal by plaintiff-appellant,
Tammy Sue Rose, from a Butler County Court of
Common Pleas decision granting a motion to dismiss
filed by her employer, defendant-appellee, Clark Oil
and Refining Corporation ("Clark").

On February 11, 1987, Rose was shot in the head
by an armed robber while working as a cashier at a
Clark gas station in Fairfield.  Rose commenced this
action on January 20, 1988, invoking the jurisdiction
of the Intentional Tort Act, Sec. 4121.80, O.R.C.
Rose claimed that her injuries were substantially
certain to occur as the result of Clark's intentional
and deliberate failure to provide adequate protection,
training and security measures.  First and second
amended complaints were filed on February 21,
1989, and February 28, 1989, respectively.

Clark filed a "motion to dismiss or for summary
judgment" on February 21, 1990, alleging no
material issue of fact existed.  In an opinion dated
June 6, 1990, the trial court found that Rose's
complaint failed to state a claim upon which relief
could be granted.  The court's July 16, 1990
judgment entry granted Clark's motion to dismiss.
(FN1)

Rose appealed in a timely manner and presents the
following assignment of error for review:

The trial court erred to the prejudice of plaintiff-
appellant in granting defendant-appellee's motion to
dismiss pursuant to Ohio Civil Rule 12(B)(6).

The first issue presented for review in Rose's
assignment of error concerns the constitutionality of
R.C. 4121.80.  The statute governs actions alleging
intentional torts committed by employers against
their employees and applies to causes of actions
arising after August 22, 1986.  Initially, it is argued
that R.C. 4121.80(D), which delegates the damage
award to the Ohio Industrial Commission, denies the
right to a jury trial accorded by Article I, Sec. 5 of
the Ohio Constitution.

Although the Ohio Supreme Court has not
specifically addressed the issue, the court has
determined that the right to a jury trial does not
extend to a cause of action pursuant to R.C. 4121.80
even though the right existed under common law
intentional tort actions.  Bertolino v. Indus. Comm.
(1989), 43 Ohio St.3d 44;  Kneisley v. Lattimel
Stevens Co. (1988), 40 Ohio St.3d 354.  More
recently, in State, ex rel. Carpenter, v. Indus.
Comm. (1990), 50 Ohio St.3d 85, the supreme court
affirmed the dismissal of an employee's writ of
mandamus which sought to compel the industrial
commission to pay the judgment awarded to him by
a jury in an intentional tort action.  The court found
that the employee was bound by the commission's
exclusive authority over the awarding of damages as
authorized by R.C. 4121.80(D).  Given the supreme
court's holdings in these decisions, as well as the
statutory language which empowers the commission
to award damages, we find R.C. 4121.80 does not
violate the right to a jury trial.

Rose also maintains that R.C. 4121.80 creates
pleading advantages for manufacturing employees
over employees in other industries which amounts to
an arbitrary classification in violation of the
Fourteenth Amendment to the United States
Constitution and Article I, Sec. 2 of the Ohio
Constitution.  The statutory language Rose cites,
R.C. 4121.80(G)(1), provides:

**\*\*2**  Deliberate removal by the employer of an
equipment safety guard or deliberate
misrepresentation of a toxic or hazardous substance
is evidence, the presumption of which may be
rebutted, of an act committed with the intent to

Copyright (c) West Publishing Co. 1996  No claim to original U.S. Govt. works.

017411

injure another if injury or an occupational disease or condition occurs as a direct result.

Appellant impliedly suggests the application of the statutory construction rule "expressio unius est exclusio alterius," that is, expressing specific classifications in a statute implies the exclusion of all other classifications. State, ex rel. Boda, v. Brown (1952), 157 Ohio St. 368, 372; Fort Hamilton-Hughes Memorial Hospital Center v. Southard (1984), 12 Ohio St.3d 263, 265. However, this rule is not a rule of law and "must yield whenever a contrary intention on the part of the lawmaker is apparent. * * * " State, ex rel. Curtis, v. DeCorps (1938), 134 Ohio St. 295, 299. To determine legislative intent, courts should "not content [them]selves with partial views, by selecting isolated passages and holding them alone up to criticism." State v. Van Gunten (1911), 84 Ohio St. 172, 175, quoting State v. Rouch (1890), 47 Ohio St. 478, 485

Viewed in its entirety, R.C. 4121.80 permits non-manufacturing employees to pursue intentional tort causes of action in the same manner as manufacturing employees. The passage Rose relies on merely provides examples of acts which create a presumption of an "intent to injure." The General Assembly intended R.C. 4121.80 to apply to all employee intentional tort actions. The maxim "expressio unius est exclusio alterius," clearly does not apply. Accordingly, the statute is constitutional.

In her third issue for review, Rose contends that the criminal act of a third party is insufficient to excuse Clark from liability where Clark constructively invited the third party to commit a violent crime against her on the business's premises. Essentially, Rose asks this court to find that Clark's conduct proximately caused her injuries. While such an analysis is necessary in a negligence case, it is inapplicable in an intentional tort cause of action. As a result, we decline to adopt Rose's position.

Having fully discussed Rose's first and third issues, our attention focuses on her second issue, which asserts that the allegations set forth in the second amended complaint sufficiently state a claim for relief. In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, all of the complaint's factual allegations must be taken as true and all reasonable inferences must be drawn in the non-moving party's favor. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d

190. Due to this standard, a complaint which does not set forth each element of the cause of action with "crystalline specificity" is not subject to dismissal. Border City S. & L. Assn. v. Moan (1984), 15 Ohio St.3d 65, 66.

To grant a Civ R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the allegations in the complaint can prove no set of facts which would entitle the plaintiff to relief. O'Brien v. University Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242. A heightened standard of review for Civ.R. 12(B)(6) motions does exist, however, when public policy warrants a limitation on the number of claims. Byrd v. Faber (1991), 57 Ohio St.3d 56. As a result, a plaintiff bringing an intentional tort claim against an employer must allege certain facts with particularity in order to survive such a motion. Id. at 60-61.

**3 According to R.C. 4121.80(A), a cause of action accrues "if injury, occupational disease, or death results to any employee from the intentional tort of his employer * * *." R.C. 4121.80(G)(1) defines an intentional tort as an "act committed with the intent to injure another or committed with the belief that the injury is substantially certain to occur." The statute becomes difficult to interpret when the term "substantially certain" is defined by the legislature as meaning that "an employer acts with deliberate intent" to cause injury to the employee. R.C. 4121.80(G)(1). The two phrases are inharmonious. Deliberate intent deals with a calculated result which ensues from a planned thought process, while substantially certain concerns probabilities. The statute appears to be an effort to define the term in such a manner that the employer must commit the intentional tort with the belief that the injury is substantially certain to result from the act, and the employer deliberately intends that result.

A series of Louisiana cases has addressed the confusing terminology surrounding the phrase "substantially certain to occur" for purposes of that state's workers' compensation statute. In Bazley v. Tortorich (La.1981), 397 So.2d 475, 481, the Louisiana Supreme Court held that a person's actions constitute an intentional act when that person "(1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct.

Copyright (c) West Publishing Co. 1996  No claim to original U.S. Govt. works.

1991 WL 99500, Rose v. Clark Oil & Refining Corp., (Ohio App. 1991)    Page 3

whatever his desire may be as to that result."

The latter portion of the definition is not an alternative to an intentional act, but rather a method of proving that the act was intentional. Babin v. Edwards (La.App. 1 Cir.1984), 456 So.2d 659, writ denied (La.1984), 460 So.2d 604. The term "substantially certain" requires more than a reasonable probability that an accident or injury will occur and "certain" has been defined as "inevitable" or "incapable of failing." Hood v. South Louisiana Medical Center (La.App. 1 Cir.1987), So.2d 469, citing Snow v. Gulf States Utilities Co. (La.App. 1 Cir.1986), 492 So.2d 31, writs denied (La.1986), 496 So.2d 349 and 356. The definition has been restated as "virtually sure" or "nearly inevitable." Gallant v. Transcontinental Drilling Co. (La.App. 2 Cir.1985), 471 So.2d 858. As a result, the legal imputation of intent will not be permitted when the defendant's conduct is negligent or even grossly negligent. Id. at 861. Although the definition articulated by Louisiana courts appears to coincide with the high standard established by the General Assembly, it does so in a more coherent and unambiguous manner.

At odds with the seemingly rigorous scrutiny Ohio courts place on intentional tort pleadings at such an early stage of the proceedings is the overall liberal allowances accorded to pleadings by the Civil Rules. The purpose of pleadings is to define the issues to be determined, to inform the respective parties of the claims of each and the nature and scope of the trial. Jarvis v. Hall (1964), 3 Ohio App.2d 321. In order to do substantial justice, the pleadings should be construed liberally in order that the substantive merits of the action may be served. MacDonald v. Bernard (1982), 1 Ohio St.3d 85. Consistent with this principle is the philosophy of the Civil Rules "that the parties to a lawsuit shall be afforded liberal rights to discovery so that the true facts may become known to all the parties to the litigation * * *." Stokes v. Lorain Journal Co. (C.P.1970), 26 Ohio Misc. 219, 228.

**4  The two Civil Rules applicable in this case likewise exhibit that commitment to the facilitation of discovery. Civ.R. 8(A) merely requires a short and plain statement of the claim showing that the pleader is entitled to relief. In fact, the adoption of the Civil Rules in 1970 signified a fundamental change in philosophy that "a petition should contain a simple statement of the facts in plain English." Clermont Environmental Reclamation Co. v.

Hancock (1984), 16 Ohio App.3d 9, 12. Meanwhile, Civ.R. 9(B) mandates that a claim, such as the one present in this case, regarding intent and knowledge (or any condition of a person's mind) may be averred in general terms. Rose's claim in the present case easily passes with respect to both of these liberal pleadings requirements, even when the specificity required by Byrd, supra, is considered.

Additionally, a review of federal court rulings regarding the granting of a motion to dismiss is warranted in light of the similarity between Civ.R. 12(b)(6) and its federal counterpart, Fed.R.Civ.P. 12(b)(6). (FN2)   To begin, such a motion is disfavored and seldom granted. Bowers v. Weisman (S.D.N.Y.1986), 639 F.Supp. 532, 539, citing Arfons v. E.I. DuPont de Nemours & Co. (2d Cir.1958), 261 F.2d 434, 435. As a result, a federal court's task in reviewing the sufficiency of a complaint is necessarily a limited one. Scheur v. Rhodes (1974), 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90. Several reasons exist for the promulgation of such a policy. First, the standard reflects the belief that our legal system's primary objective is to obtain a determination on the merits, not a dismissal based on pleadings rather than proof. Clemans v. Beaverhead County, Mont., 655 F.Supp. 68, 70 (D.Mont.1986) citing Rennie & Laughlin, Inc. v. Chrysler Corporation (9th Cir.1957), 242 F.2d 208. Thus, "in most cases the disposition of claims should be on the merits after the plaintiff has had an opportunity to develop and present the evidence." Mirtznick v. Sensney, Davis & McCormick (W.D.Wash.1986), 658 F.Supp. 932, 935.

Another reason for limiting the application of a motion to dismiss in federal cases is that "[t]he salvaged minutes that may accrue from circumventing these procedures can turn to wasted hours if the appellate court feels constrained to reverse the dismissal of the action." Rennie & Laughlin, Inc., supra, at 213. Such reasoning takes on added importance in light of this state's already overcrowded dockets.

Finally, reluctance to utilize such a motion to dismiss is grounded in the understanding that such motion is not:

[t]he only effective procedural implement for the expeditious handling of legal controversies. Pretrial conference; the discovery procedures; and motions for a more definite statement, judgment on the

Copyright (c) West Publishing Co. 1996  No claim to original U.S. Govt. works.

pleadings and summary judgment, all provide useful tools for the sifting of allegations and the determination of the legal sufficiency of an asserted claim. Id. Ironically, the supreme court recognized this when it wrote in a footnote in Mitchell, supra, at 193, that: "[w]hile the facts of this complaint permit a disposition under Civ.R. 12(b)(6), the more complete consideration afforded under Civ.R. 56 (summary judgment) would avoid problems which arise when it is difficult to distinguish 'unsupported conclusions' from 'facts' in a pleading."   At least one other court has commented on the wisdom of the supreme court's remark in the footnote.   In Calabrese v. Miller's Country Place (May 9, 1990), Lorain App. No. 89CA004597, unreported, at 6, the Lorain County Court of Appeals noted:

**5  Although the express legislative intent is to promote judicial resolution of the question of whether a suit based upon a claim of an intentional tort prosecuted under R.C. 4121.80 is or is not an intentional tort, the statute offers express support for the supreme court's footnote, in recognizing Civ.R. 56 and a directed verdict as appropriate procedures to promote the legislative intent." (FN3)

With this in mind, we turn to the second amended complaint in the case at hand which alleges that Clark knew:

1. Rose was working alone as a cashier at one of their gas stations at night when robbed and shot;

2. They had not furnished her with any training concerning self-protection against violence;

3. There had been previous robberies and criminal acts of violence at their stations in Fairfield, Hamilton, and vicinity.

4. There had been a previous robbery at the particular station within two weeks and two robberies at one of their stations in the preceding two weeks;

5. There had been several armed robberies directed at gas station attendants at work in the immediate vicinity of the Fairfield station;

6. The Fairfield station did not contain an alarm system, silent alarm to the police, protective glass or other means of securing the safety of the attendant;

7. There was no exit, no readily accessible

telephone or means of escaping life-threatening situations; and

8. The store's outside glass was tinted which prevented persons outside from seeing into the station.

The complaint concludes that by requiring Rose to work under the above conditions, Clark "engaged in willful, wanton and intentional misconduct and * * * knew, or should have known, that injury was substantially certain to occur."

Upon applying the requisite heightened standard of review to a motion to dismiss an intentional tort cause of action, while assuming the truth of the factual allegations contained in Rose's complaint, we reasonably can infer:

1. From 3, 4, and 5, that there was a pattern developing establishing a substantial probability that more robberies would occur at their gas stations in Fairfield, Hamilton and vicinity.

2. From 6 and 7, that there was a substantial probability that Rose would not be adequately protected from injury during such robberies.

3. From 8, that a person intending to rob the store would see that he could do so without discovery from anyone outside the building.

4. From 1 and 2, that Rose could do little to protect herself and avoid harm from an armed robber.

Based upon these inferences, Rose's claim is more than the "mere incantation of an abstract legal standard." Byrd, supra, at 60. Even after applying a heightened standard of review to the allegations set forth in the second amended complaint, it cannot be said that it appears beyond doubt that Rose cannot prove a set of facts entitling her to relief. Clark Oil's act of failing to train Rose about security, placing her in the station at night by herself and providing no alarm system, protective glass, escape exit and placing her behind darkened windows, coupled with the substantial probability that a robbery would occur at the station with its typically resulting harm, is enough to assure Rose a chance to proceed with her claim at least on to the discovery stage.

**6. As the supreme court stated in Scheur, supra,

Copyright (c) West Publishing Co. 1996  No claim to original U.S. Govt. works.

017414

1991 WL 99500, Rose v. Clark Oil & Refining Corp., (Ohio App. 1991)    Page 5

at 236, 94 S.Ct. at 1686: "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Under the facts alleged in this case, Rose may offer her evidence. Therefore, Rose's assignment of error is well-taken and the judgment of the trial court is reversed.

Judgment reversed.

KOEHLER, P.J., and YOUNG, J., concur.

FN1. According to the court's opinion, counsel agreed to consider the matter as a motion to dismiss.

FN2. According to Fed.R.Civ.P. 12(b)(6), "Every defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:  * * * (6) failure to state a claim upon which relief can be granted, * * *."

FN3. That section of R.C. 4121.80 which the Calabrese court refers to provides:

(C) Notwithstanding any other provision of law or rule to the contrary, and consistent with the legislative findings of intent to promote prompt judicial resolution of issues of immunity from litigation under Chapter 4123. of the Revised Code, the court shall dismiss the action:

(1) Upon motion for summary judgment, if it finds, pursuant to Rule 56 of the Rules of Civil Procedure the facts required to be proved by division (B) of this section do not exist;

(2) Upon a timely motion for a directed verdict against the plaintiff if after considering all the evidence and every inference legitimately and reasonably raised thereby most favorably to the plaintiff, the court determines that there is not sufficient evidence to find the facts required to be proven.

Copyright (c) West Publishing Co. 1996  No claim to original U.S. Govt. works.

017415

IMAGED

FILED

'96 OCT  9 PM 3 22

T. MARK BADEN
CLERK OF COURTS

**CORRECTED PAGE TWENTY-TWO**
FOR
BUTLER CA95-07-124
OPINION RELEASED 9-30-96


**Page 22** of the opinion in the case of <u>State of Ohio v. Von Clark Davis</u>, Butler CA95-07-124, has been corrected.  Please discard the previously issued page 21/22, and replace with the attached corrected page.

Correction was made in the footnote number at the bottom of page 22.  The footnote was incorrectly numbered two, and has been corrected to indicate footnote number three.



FILED in Court of Appeals
BUTLER COUNTY OHIO

OCT   9 1996

T. MARK BADEN
CLERK

J 631 P 664

IMAGED

## VIII.
### IDENTIFICATION PROCEDURE

Assignment of Error No. 14:

> THE TRIAL COURT ERRED BY GRANTING THE PROSE-
> CUTOR'S MOTION TO DISMISS AS TO PETITIONER-
> APPELLANT'S TWENTY-SECOND CAUSE OF ACTION.

Appellant argues that the identification procedure in this case was
unnecessarily suggestive in that a state's witness and a defense
witness were each shown only one photo, the photo being that of
appellant.  Appellant contends that the reliability of the wit-
nesses' later in-court identification was undermined by the prior
photo identification procedure.

Appellant further contends that there were inconsistencies be-
tween the two witnesses' testimony which also undermined the relia-
bility of the state's witness.  These claims are not based on evi-
dence outside the record and could have been raised at trial or on
direct appeal.  Our consideration of the claims at the post-convic-
tion stage is barred by res judicata.  See Combs, 100 Ohio App.3d
at 97.  Appellant's fourteenth assignment of error is overruled.

## IX.
### DEFENSE WITNESS NOT ALLOWED TO TESTIFY

Assignment of Error No. 16:

> THE TRIAL COURT ERRED BY GRANTING THE PROSE-
> CUTOR'S MOTION TO DISMISS AS TO PETITIONER-
> APPELLANT'S TWENTY-FOURTH CAUSE OF ACTION.

- 21 -

J 631 P 665

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 2570

IMAGED

The defense in this case proffered the testimony of Elbert Avery, that although Avery did not witness the shooting, he arrived directly after and was told by Anthony Ferguson, the state's witness, that Ferguson heard a shot, ducked between two cars, and did not see who was doing the shooting.

Appellant argues that Avery's testimony was offered to impeach Ferguson by a prior inconsistent statement and that appellant's constitutional rights were violated by the trial court's refusal to allow Avery to testify. Again, this claim could have been raised on direct appeal, based on the original trial record, and is barred by res judicata. See Combs, 100 Ohio App.3d at 97. Appellant's sixteenth assignment of error is overruled.

## X.
## FIFTY PAGE BRIEF LIMIT

Assignment of Error No. 21:

APPELLANT DAVIS HAS BEEN DENIED THE OPPORTUNITY FOR AN ADEQUATE APPEAL IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.

Appellant requested leave to file a one-hundred fifty page brief in this matter. This court, in the exercise of its discretion, determined that the matters to be raised could be adequately addressed in the fifty pages permitted.[3] See State v. Bonnell

---

3. We have reviewed the nine assignments of error raised in the appendix to appellant's brief and conclude that each was properly dismissed by the trial court on res judicata grounds.

- 22 -

J 431 P 666

IN THE SUPREME COURT OF OHIO

FILED

STATE OF OHIO,

Appellee,

Case No. 96-2547

-vs-

C.A. No. CA-95-07-124

VON CLARK DAVIS,

Appellant.

*DEATH PENALTY CASE*

ON APPEAL FROM THE TWELFTH DISTRICT COURT OF APPEALS,
BUTLER COUNTY, OHIO
CASE. NO. CA -95-07-124

APPELLANT DAVIS'
NOTICE OF APPEAL

FILED

NOV 14 1996

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

LINDA E. PRUCHA - 0040689
Assistant State Public Defender

TRACEY A. LEONARD - 0064013
Assistant State Public Defender
Counsel of Record

Daniel Eichel
Assistant Prosecuting Attorney
216 Society Bank
P.O. Box 515
Hamilton, Ohio 45012

COUNSEL FOR APPELLEE

Office of the Ohio Public Defender
8 East Long Street - 11th. Floor
Columbus, Ohio   43266-0587
(614) 466-5394
Fax Number (614) 728-3670

COUNSEL FOR APPELLANT



## NOTICE OF APPEAL OF APPELLANT VON CLARK DAVIS

Appellant Von Clark Davis hereby gives notice of appeal to the Supreme Court of Ohio

from the judgment of the Butler County Court of Appeals,Twelfth Appellate District, entered in

Court of Appeals Case No. CA-95-07-124 on September 30, 1996.

This case involves the affirmance of the death penalty, raises substantial constitutional

questions and involves a felony. S. Ct. Prac. R. II, Section 2 (B)(4)(a), (c) and (d).

Respectfully submitted,

LINDA E. PRUCHA - 0040689
Assistant State Public Defender

TRACEY A. LEONARD - 0064013
Assistant State Public Defender
Counsel Of Record

Office of the Ohio Public Defender
8 East Long Street - 11th Floor
Columbus, Ohio 43215
(614)466-5394
COUNSEL FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing APPELLANT DAVIS' NOTICE OF

APPEAL was forwarded by regular U.S. Mail to Daniel Eichel, Assistant Prosecuting Attorney,

216 Society Bank, P.O. Box 515, Hamilton, Ohio 45012, this 14th day of November, 1996.

LINDA E. PRUCHA - 0040689
Assistant State Public Defender
COUNSEL FOR APPELLANT