3/23/2015 CourtView Justice Solutions

## CR 1983 12 0614

| | | | |
|---|---|---|---|
| **Case Type** | CRIMINAL | **Action:** | AGGRAVATED MURDER 2901.01 A |
| **Case Status** | Closed | **Status Date:** | 12/22/1983 |
| **File Date:** | 12/22/1983 | **Case Judge:** | CREHAN, Honorable MATTHEW |
| **DCM Track:** | | **Next Event:** | |

All Information    Party    Charge    Event    Docket    Additional Fields    Disposition    Financial

### Docket Information

| Date | Docket Text | Amount | Image Avail. |
|---|---|---|---|
| 12/22/1983 | HAMILTON MUNICIPAL COURT LOWER COURT FEES transcript bindover | | Image |
| 12/22/1983 | JOURNAL ENTRY - NO BOND DOLLARS FILED | $2.00 | Image |
| 12/22/1983 | COST BILL | $43.30 | Image |
| 12/22/1983 | CLERKS COMPUTER FEE - $10 FUND 111 | $10.00 | |
| 12/22/1983 | TRANSCRIPT(S) FILED (duplicate sent to County Prosecutor )+ Special Project Fee $75 | $60.00 | |
| 01/06/1984 | NOTICE TO SUPREME COURT OF OHIO OF FILING OF INDICTMENT CHARGING AGGRAVATED MURDER WITH SPECIFICATION(S) OF AGGRAVATING CIRCUMSTANCES (R.C. 2929.021(A) | $0.00 | Image |
| 01/06/1984 | SUMMONS ON INDICTMENT OR INFORMATION | $60.00 | Image |
| 01/06/1984 | copy of indictment scanned & forwarded to case file folder | | Image |
| 01/06/1984 | PROSECUTING ATTORNEY'S REQUEST FOR ISSUANCE OF SUMMONS UPON INDICTMENT FILED PROS ATTY: HOLCOMB, JOHN F | $0.00 | Image |
| 01/09/1984 | RETURN-PERSONAL SERVICE OF SUMMONS ON INDICTMENT | $2.65 | Image |
| 01/11/1984 | RETURN RECEIPT OF CERTIFIED MAIL (SEE IMAGE) | $1.65 | Image |
| 01/13/1984 | INDICTMENT SCANNED; DEFENDANT ARRAIGNED PLEADS NOT GUILTY | $4.00 | Image |
| 01/17/1984 | MOTION TO SEVER FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/17/1984 | MOTION FOR BILL OF PARTICULARS FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/17/1984 | MOTION FOR CHANGE OF VENUE FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/17/1984 | MOTION TO VIEW THE SCENE FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/17/1984 | MOTION TO DISMISS AND TO INSPECT GRAND JURY TRANSCRIPT FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/20/1984 | MEMORANDUM IN OPPOSITION TO MOTION FOR CHANGE OF VENUE FILED ASST PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | $0.00 | Image |
| 01/20/1984 | MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS AND TO INSPECT GRAND JURY TRANSCRIPT FILED ASST PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | $0.00 | Image |
| 01/20/1984 | MEMORANDUM IN OPPOSITION TO MOTION TO SEVER COUNTS FILED PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | $0.00 | Image |
| 01/26/1984 | ENTRY SCHEDULING PRETRIAL HEARING AND CONTINUING TRIAL DATE | $2.00 | Image |
| 01/26/1984 | MEMORANDUM IN SUPPORT OF MOTION TO SEVER FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/26/1984 | MEMORANDUM IN SUPPORT OF MOTION FOR CHANGE OF VENUE FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |

3/23/2015 CourtView Justice Solutions

| Date | Description | Amount | |
|---|---|---|---|
| 02/01/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | $6.00 | Image |
| 02/01/1984 | MOTION FOR DISCOVERY FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 02/01/1984 | MOTION TO BIFURCATE TRIAL/MOTION IN LIMINE AND MEMORANDUM FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 02/01/1984 | MOTION TO PROHIBIT DEATH QUALIFICATION OF THE JURY AND MEMORANDUM FILED ATTY: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 02/02/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 02/03/1984 | MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE RE:  DEATH QUALIFICATION OF JURORS FILED ASST PROS ATTY: SAGE, MICHAEL J | $0.00 | Image |
| 02/08/1984 | STATE'S ANSWER TO DEFT'S REQUEST FOR DISCOVERY FILED ASST PROS ATTY: SAGE, MICHAEL J | $0.00 | Image |
| 02/08/1984 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | $0.00 | Image |
| 02/08/1984 | JOURNAL ENTRY - ORDER FILED | $2.00 | Image |
| 02/09/1984 | BILL OF PARTICULARS FILED PROS ATTY: HOLCOMB, JOHN F | $0.00 | Image |
| 02/13/1984 | RETURN RECEIPTS OF CERTIFIED MAIL OF KARLA STANLEY AND DICK PERRY | $0.00 | Image |
| 02/14/1984 | JOURNAL ENTRY - INDICTMENT FOR AGGRAVATED - MURDER (WITH SPECS) DEFT INDIGENT COURT ASSIGNS MICHAEL D SHANKS AND JOHN GARRETTSON TO DEFEND | $2.00 | Image |
| 02/14/1984 | MOTION TO APPOINT COUNSEL FILED Attorney: SHANKS, MICHAEL D | $0.00 | Image |
| 02/14/1984 | AFFIDAVIT OF VON CLARK DAVIS | $0.00 | Image |
| 02/15/1984 | JOURNAL ENTRY - CERTIFICATE FILED | $2.00 | Image |
| 02/15/1984 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | $9.60 | Image |
| 02/24/1984 | ENTRY FILED | $2.00 | Image |
| 02/24/1984 | ENTRY ORDERING SPECIAL VENIRE PURSUANT TO O R C 2945.18 | $2.00 | Image |
| 03/05/1984 | RETURN OF NOTICE TO SUPREME COURT OF OHIO OF FILING OF INDICTMENT CHARGING AGGRAVATED MURDER WITH SPECIFICATION(S) OF AGGRAVATING CIRCUMSTANCES (R.C. 2929.021(A), SUPREME COURT CASE #CC84-4, FILED 1-10-84 | $0.00 | Image |
| 03/20/1984 | CERTIFIED COPIES OF RETURNED - PERSONAL SERVICE OF VENIRE FOR SPECIAL PETIT JURORS: UPON: (SEE IMAGES) | $0.00 | Image |
| 03/22/1984 | PERSONAL SERVICE OF SPECIAL VENIRES: UPON: JURORS (SEE IMAGE) | $0.00 | Image |
| 04/20/1984 | ENTRY ORDERING ADDITIONAL SPECIAL VENIRE PURSUANT TO O R C 2945.19 FILED | $2.00 | Image |
| 04/20/1984 | SUPPLEMENTAL DISCOVERY FILED Attorney: SAGE, MICHAEL J | $0.00 | Image |
| 04/23/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 04/25/1984 | DEFT'S RESPONSE TO PLTF'S MOTION FOR DISCOVERY FILED Attorney: SHANKS, MICHAEL D | $0.00 | Image |
| 04/26/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | $8.00 | Image |
| 04/26/1984 | AMENDED RESPONSE TO PLTF'S FOR DISCOVERY FILED Attorney: SHANKS, MICHAEL D | $0.00 | Image |
| 04/27/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 04/27/1984 | ELECTION BY DEFT PURSUANT TO SECTION 2929.022 OF THE OHIO REVISED CODE FILED Attorney: SHANKS, MICHAEL D AND Attorney: GARRETTSON, JOHN A | $0.00 | Image |
| 04/27/1984 | MOTION TO HAVE REASONS FOR DEFENSE OBJECTIONS AND REASONS FOR | $0.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3158

3/23/2015 CourtView Justice Solutions

| | | | |
|---|---|---|---|
| | OVERRULING DEFENSE OBJECTIONS PLACED ON RECORD WITH MEMORANDUM IN SUPPORT FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A | | |
| 04/27/1984 | MOTION FOR NOTICE OF PROSPECTIVE THREE-JUDGE PANEL FILED Attorney: SHANKS, MICHAEL D AND Attorney: GARRETSON, JOHN A | $0.00 | Image |
| 04/27/1984 | MOTION TO INCREASE THE BURDEN OF PROOF TO BEYOND ALL DOUBT FILED Attorney: SHANKS, MICHAEL D AND Attorney: GARRETSON, JOHN A | $0.00 | Image |
| 04/27/1984 | MOTION FOR PRETRIAL HEARINGS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR RULING ON NUMBER OF PEREMPTORY CHALLENGES FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO RECORD ALL PROCEEDINGS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO COMPEL PROSECUTOR TO DISCLOSE DEATH PENALTY DATA FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR PRETRIAL DISCLOSURE OF THE PROSECUTING WITNESSES' WRITTEN OR RECORDED STATEMENTS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO COMPEL DISCLOSURE OF PROSECUTING ATTORNEY'S JURY SELECTION DATA FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO REQUIRE PROSECUTOR TO STATE REASON FOR EXERCISING PEREMPTORY CHALLENGES FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS AND FOR LEAVE TO SUPPLEMENT THE MEMO IN SUPPORT OF THOSE MOTIONS ALREADY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR ALL MOTIONS TO BE HEARD ON THE RECORD FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR SEQUESTRATION OF JURORS FOR DURATION OF TRIAL FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | FURTHER MOTION TO PROHIBIT DEATH QUALIFICATION OF JURY: IN THE ALTERNATIVE TO SEAT SEPARATE JURIES DURING THE GUILT AND PENALTY PHASES OF TRIAL AND SUPPLEMENTAL MEMORANDUM THEREON FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | FURTHER MEMORANDUM IN SUPPORT OF DISCLOSURE OF GRAND JURY TESTIMONY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO INSULATE THE VENIRE AND JURY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO DISMISS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | SUPPLEMENTAL DISCOVERY FILED ASST PROS ATTY, MICHAEL J | $0.00 | Image |
| 04/30/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 04/30/1984 | MOTION IN LIMINE WITH MEMORANDUM FILED Attorney: GARRETSON, JOHN A | $0.00 | Image |
| 04/30/1984 | RETURNED MOTION FOR EXPERT SERVICES FILED BY Attorney: SHANKS, MICHAEL D FILED IN SUPREME COURT CASE #99-0252 ON 3-5-99 | $0.00 | Image |
| 04/30/1984 | JOURNAL ENTRY - ORDER FILED | $2.00 | Image |
| 04/30/1984 | MOTION FOR ORDER RELEASING RECORDS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3159

| Date | Description | Amount | |
|---|---|---|---|
| 04/30/1984 | INVOICE (attachment) | $0.00 | Image |
| 05/01/1984 | STATE'S MEMORANDUM IN RESPONSE TO MOTIONS OF DEFT FILED ON 4-27-84 FILED ASST PROS ATTY: EICHEL, DANIEL G (08259) AND ASST PROS ATTY: SAGE, MICHAEL J | $0.00 | Image |
| 05/03/1984 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | $0.00 | Image |
| 05/03/1984 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | $0.00 | Image |
| 05/04/1984 | JOURNAL ENTRY - PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 05/04/1984 | JOURNAL ENTRY FILED | $8.00 | Image |
| 05/04/1984 | JOURNAL ENTRY - WAIVER AND ELECTION FILED | $2.00 | Image |
| 05/08/1984 | JOURNAL ENTRY - JURY WAIVER AND ELECTION OF THREE-JUDGE PANEL FILED | $2.00 | Image |
| 05/08/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 05/08/1984 | RETURN-PERSONAL SERVICE OF SUBPOENA UPON : (SEE IMAGE) | $1.65 | Image |
| 05/09/1984 | JOURNAL ENTRY - MOTION AND ENTRY FILED | $4.00 | Image |
| 05/09/1984 | JOURNAL ENTRY - DESIGNATING THREE JUDGE PANEL FILED | $2.00 | Image |
| 05/09/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 05/09/1984 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | $66.30 | Image |
| 05/10/1984 | JOURNAL ENTRY - MOTION AND ENTRY FILED | $4.00 | Image |
| 05/10/1984 | INVOICE (attachment) | $0.00 | Image |
| 05/10/1984 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT FOR A TOTAL OF $38.00 FILED | $2.00 | Image |
| 05/10/1984 | RETURN-PROCESS SERVICE OF SUBPOENA UPON : (SEE IMAGE) | $0.00 | Image |
| 05/10/1984 | RETURN-PROCESS SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | $0.00 | Image |
| 05/11/1984 | JOURNAL ENTRY - CERTIFICATE FILED | $2.00 | Image |
| 05/11/1984 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | $5.65 | Image |
| 05/14/1984 | RETURN RECEIPT OF CERTIFIED MAIL OF MR STEVEN DIX, CHIEF OF MANAGEMENT DEPT OF CORRECTIONS | $0.00 | Image |
| 05/14/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 05/15/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 05/16/1984 | ENTRY OF FINDINGS OF GUILTY | $2.00 | Image |
| 05/22/1984 | JOURNAL ENTRY FILED | $2.00 | Image |
| 05/22/1984 | PERSONAL SERVICE OF CERTIFIED COPY OF ENTRY: UPON BUTLER COUNTY FORENSIC CENTER: (SEE IMAGE) | $0.00 | Image |
| 05/25/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 06/04/1984 | JUDGMENT OF CONVICTION ENTRY AND WRIT FOR THE EXECUTION OF THE DEATH PENALTY FILED | $4.00 | Image |
| 06/05/1984 | COST BILL | $1,021.00 | Image |
| 06/11/1984 | NOTICE TO SUPREME COURT OF OHIO OF PLEA OF GUILTY OR OF NO CONTEST TO AND NOTICE OF DISMISSAL OF INDICATING CHARGING AGGRAVATED MURDER WITH SPECIFICATION(S) OF AGGRAVATING CIRCUMSTANCES/R C 2929.021(B) FILED | $0.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3160

3/23/2015        CourtView Justice Solutions

EDWARD S ROBB JR CLERK OF COURTS, JEROME COOK, DEPUTY CLERK

| Date | Description | Amount | |
|---|---|---|---|
| 06/11/1984 | JOURNAL ENTRY - OPINION FILED | $6.00 | Image |
| 06/12/1984 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES & AFFIDAVIT OF INDIGENCY FILED,for atty.: JOHN A GARETSON IN AMOUNT OF $2,629.50 | $8.00 | Image |
| 06/12/1984 | JOURNAL ENTRY - INDICTMENT FOR DEFT INDIGENT COURT REQUEST ASSIGNS JACK GARRETSON FILED | $2.00 | Image |
| 06/13/1984 | RETURN RECEIPT OF CERTIFIED MAIL OF SUPREME COURT OF OHIO | $0.00 | Image |
| 06/18/1984 | RECEIPT #165627 NOTICE OF APPEAL $40.00 | $0.00 | Image |
| 06/18/1984 | NOTICE OF APPEAL (COPY) FILED IN COURT OF APPEALS CA84 06 071, 6-18-84 Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |
| 06/22/1984 | SHERIFF'S RETURN-PERSONAL SERVICE OF EXECUTION FOR COSTS $1,021.00 IN FELONY | $3.65 | Image |
| 06/22/1984 | SHERIFF'S RETURN-PERSONAL SERVICE OF WARRANT TO CONVEY TO SOUTHERN OHIO CORRECTIONAL FACILITY | $36.35 | Image |
| 06/27/1984 | COPY OF CRIMINAL DOCKET STATEMENT FILED COPY TO COURT OF APPEALS #CA84 06 071 | $2.00 | Image |
| 08/01/1984 | MOTION FILED Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |
| 08/01/1984 | JOURNAL ENTRY FILED | $2.00 | Image |
| 08/16/1984 | MOTION FOR STAY OF EXECUTION FILED Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |
| 08/18/1984 | JOURNAL ENTRY GRANTING STAY OF EXECUTION FILED | $2.00 | Image |
| 08/16/1984 | COPY OF ENTRY GRANTNG STAY OF EXECUTION FILED IN COURT OF APPEALS CASE #CA84 06 071 | $2.00 | Image |
| 08/20/1984 | RETURN RECEIPTS OF CERTIFIED MAIL OF THOMAS L STARTZMAN AND WALLACE E STEIN - RECORD CLERK | $0.00 | Image |
| 09/25/1984 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT/CERTIFICATE TRANSCRIPT FEE $753.00 FILED | $2.00 | Image |
| 09/25/1984 | JOURNAL ENTRY FILED | $2.00 | Image |
| 09/25/1984 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT, ATTYS FOR DEFT MIKE SHANKS AND JACK GARRETSON, TOTAL OF $1,129.50 FILED | $2.00 | Image |
| 09/25/1984 | JOURNAL ENTRY FILED | $2.00 | Image |
| 09/25/1984 | CERTIFIED COPY OF CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT, for atty.: MIKE SHANKS AND JACK GARRETSON, TOTAL OF $1,129.50 | $2.00 | Image |
| 08/21/1985 | ADDITIONAL EXECUTION FOR COSTS IN FELONY TO SHERIFF | $0.00 | Image |
| 05/27/1986 | MEMO :NUNC PRO TUNC ENTRY TO THIS DATE FILED 5/7/90 | $0.00 | |
| 05/27/1986 | JOURNAL ENTRY - OPINION FILED IN CA84-06-071 | $52.00 | Image |
| 05/27/1986 | JOURNAL ENTRY MANDATE JUDGMENT ENTRY FILED IN CASE #CA84 06 071 | $2.00 | Image |
| 05/27/1986 | JOURNAL ENTRY - JUDGMENT FILED IN CA84 -06-071 - COPY | $2.00 | Image |
| 05/27/1986 | SEPARATE OPINION PURSUANT TO R C 2929.05 (A) - COPY | $2.00 | Image |
| 09/29/1988 | SUPREME COURT OF OHIO COLUMBUS MANDATE FILED NO. 86-1171, 1988 TERM - COPIES ATTACHED | $10.00 | Image |
| 09/29/1988 | SUPREME COURT OF OHIO COLUMBUS MANDATE FILED NO. 86-1171, 1988 TERM - ATTACHMENT COPY OF APPEAL FROM THE COURT OF APPEALS | $4.00 | Image |
| 09/29/1988 | MOTION TO RETURN DEFT FOR SENTENCING FILED Attorney: GARRETSON, JOHN A (00831), Attorney: SHANKS, MICHAEL D (18906) AND Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3161

3/23/2015            CourtView Justice Solutions

| Date | Description | Amount | |
|---|---|---|---|
| 10/05/1988 | CERTIFIED COPY OF JOURNAL ENTRY FILED | $2.00 | Image |
| 10/31/1988 | PERSONAL SERVICE OF WRIT: UPON: (SEE IMAGE) | $0.00 | Image |
| 11/04/1988 | JOURNAL ENTRY FILED | $2.00 | Image |
| 11/09/1988 | PERSONAL SERVICE OF WRIT: UPON: (SEE IMAGE) AND RECEIPT FOR INMATE ATTACHED | $0.00 | Image |
| 01/19/1989 | LETTER FROM SUPREME COURT WASHINGTON DC TO JOHN F HOLCOMB | $0.00 | Image |
| 01/19/1989 | MOTION FILED Attorney: EICHEL, DANIEL G (08259) | $0.00 | Image |
| 02/08/1989 | JOURNAL ENTRY FILED | $2.00 | Image |
| 02/10/1989 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES & AFFIDAVIT OF INDIGENCY FILED,for atty.: MICHAEL D SHANKS, IN AMOUNT OF $1,386.00 | $6.00 | Image |
| 05/09/1989 | MOTION TO EXTEND TIME TO FILE PRERIAL MOTIONS AND MOTION TO CONTINUE SENTENCING/MITIGATION HEARING FILED Attorney: GARRETSON, JOHN A (00831), Attorney: SHANKS, MICHAEL D (18906)/PER PHONE AND Attorney: EVANS, TIMOTHY R (18590)/PER PHONE | $0.00 | Image |
| 06/05/1989 | NOTICE OF HEARING OF MITIGATION SET 8-4- AT 9:00 AM BEFORE JUDGE MOSER, WILLIAM R STITSINGER AND HENRY J BRUEWER | $0.00 | Image |
| 06/28/1989 | ENTRY FILED | $2.00 | Image |
| 06/29/1989 | WITHDRAW OF JURY WAIVER FILED Attorney: EVANS, TIMOTHY R (18590) | $2.00 | Image |
| 06/29/1989 | MOTION FILED Attorney: EVANS, TIMOTHY R (18590), FILED 3-5-99 SUPREME COURT OF OHIO 99-0252 AND 3-5-91, 90-2524 | $0.00 | Image |
| 06/29/1989 | MOTION TO WITHDRAW THE JURY WAIVER FILED Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |
| 07/18/1989 | MOTION FOR FURTHER PSYCHOLOGICAL EVALUATIONS, APPOINTMENT OF A SOCIAL WORKER TO PREPARE A SOCIAL HISTORY AND FOR PAYMENT OF EXTRA-ORDINARY EXPENSES FOR SAID EXPERTS FILED Attorney: GARRETSON, JOHN A (00831) AND Attorney: SHANKS, MICHAEL D | $0.00 | Image |
| 07/18/1989 | MOTION TO PROHIBIT THREE-JUDGE PANEL FROM RESENTENCING TO DEATH AND MOTION TO DISQUALIFY PANEL FILEDAttorney: GARRETSON, JOHN A (00831), Attorney: SHANKS, MICHAEL D (18906) AND Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |
| 07/20/1989 | RETURN COPIES OF SUBPOENAS ISSUED (SEE IMAGES) | $6.00 | Image |
| 07/20/1989 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | $8.00 | Image |
| 07/21/1989 | MOTION TO STRIKE DEFT'S WITHDRAWAL OF JURY WAIVER AND MEMORANDUM FILED FIRST ASST PROS Attorney: EICHEL, DANIEL G (08259) | $0.00 | Image |
| 07/24/1989 | ORDER RE TRANSCRIPT OF DEFT AND SETTING HEARING DATE ON REMAND | $2.00 | Image |
| 07/24/1989 | MOTION TO RENEW PRETRIAL MOTIONS FILED Attorney: SHANKS, MICHAEL D (18906), GARRETSON AND EVANS | $0.00 | Image |
| 07/24/1989 | MOTION TO PERMIT THE DEFENSE TO ADMIT ALL RELEVANT EVIDENCE AT THE SENTENCING PHASE FILED Attorney: SHANKS, MICHAEL D (18906), GARRETSON AND EVANS | $0.00 | Image |
| 07/25/1989 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGES) | $0.00 | Image |
| 07/25/1989 | AFFIDAVIT OF DAN EICHEL | $0.00 | Image |
| 07/26/1989 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | $2.00 | Image |
| 07/26/1989 | RETURN COPIES OF PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | $2.00 | Image |
| 07/26/1989 | MEMORANDUM IN OPPOSITION TO DEFT'S MOTION TO PROHBIT 3-JUDGE PANEL FROM RESENTENCING TO DEATH AND TO DISQUALIFY PANEL FILED FIRST ASST PROS Attorney: EICHEL, DANIEL G (08259) | $0.00 | Image |
| 07/26/1989 | ENTRY FILED | $4.00 | Image |

3/23/2015        CourtView Justice Solutions

| | | | |
|---|---|---|---|
| 07/27/1989 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGE) | $0.00 | Image |
| 08/01/1989 | ENTRY AS TO MOTIONS HEARD JULY 31 1989 | $4.00 | Image |
| 08/04/1989 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGES) | $0.00 | Image |
| 08/07/1989 | JUDGEMENT OF CONVICTION ENTRY FILED | $6.00 | Image |
| 08/10/1989 | OPINION FILED | $6.00 | Image |
| 09/06/1989 | NOTICE OF APPEAL FILED DAVID C STEBBINS, SENIOR ASST PUBLIC DEFENDER IN CA1989 09 0123 | $0.00 | Image |
| 09/13/1989 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES FILED for atty.: JOHN A GARRETSON IN AMOUNT OF $850.00 | $8.00 | Image |
| 09/13/1989 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES FILED for atty.: MICHAEL D SHANKS, IN AMOUNT OF $827.00 | $8.00 | Image |
| 09/20/1989 | RETURN RECEIPT OF CERTIFIED MAIL OF CLERK OHIO SUPREME COURT | $0.00 | Image |
| 09/20/1989 | RETURN-PERSONAL SERVICE OF EXECUTION FOR COSTS IN FELONY | $3.70 | Image |
| 10/03/1989 | COPIES OF CASE DOCKET SHEET ISSUED - FILED 3-5-91 SUPREME COURT #90-2524 | $2.25 | Image |
| 02/05/1990 | COST BILL - TOTAL FEES $1,383.40 - FILED 3-5-91 IN SUPREME COURT OF OHIO #90-2524 | $0.00 | Image |
| 02/09/1990 | CERTIFICATE OF MAILINGS (SEE IMAGES) | $0.00 | Image |
| 02/13/1990 | COPY OF JOURNAL ENTRY FILED IN CA89 09 123 | $2.00 | Image |
| 04/10/1990 | PLEASE SEE DOCKET FOR PREVIOUS FILINGS | $0.00 | |
| 05/07/1990 | APPOINTMENT OF ATTORNEY FOR INDIGENT DEFENDANT (NUNC PRO TUNC 5/27/86),BRUEWER,J. (IMAGED ABOVE) | $2.00 | |
| 05/07/1990 | APPOINTMENT OF ATTORNEY FOR INDIGENT DEFENDANT (NUNC PRO TUNC 5/27/86),BRUEWER,J. | $2.00 | Image |
| 10/29/1990 | MANDATE FILED AFFIRMING CA89 09 0123  (IMAGED UNDER JUDGMENT ENTRY) | $2.00 | |
| 10/29/1990 | JUGMENT ENTRY FILED - MANDATE CA89 09 123 - COPY OF OPINION ATTACHED | $2.00 | Image |
| 03/30/1992 | [ Clerk's memo ] : SUPREME CT.OH  upheld (affirmed 12th District Decision) for DEATH PENALTY CA89 09 0123 S.C.OH.# 90-2524 | $0.00 | |
| 03/31/1992 | [ Clerk's memo ] : COPY OF SUPREME CT OF OH MANDATE AFIRMING & UPHOLDING DEATH PENALTY FILED, COPIES TO Grace White for issuance of Death Warrant & certified copy of Mandate to institution/       & copy to trial court file/CA-Midd & Moser,J | $0.00 | |
| 04/08/1992 | ALL PAPERS RETURN FROM SUPREME COURT OF OH | $0.00 | |
| 05/19/1992 | [ Clerk's memo ] : DATE OF SCHEDULED EXECUTION | $0.00 | |
| 10/08/1993 | EVIDENTIARY HEARING REQUSTED ; PETITION TO VACATE OR SET ASIDE SENTENCE: R.C. 2953.21 FILED BY ATTY JOANN BOUR-STOKES & LINDA E. PRUCHA FOR DEFENDANT | $0.00 | Image |
| 10/08/1993 | EVIDENTIARY HEARING REQUESTED; PETITION TO VACATE OR SET ASIDE SENTENCE; R.C.2953.21 FILED BY ATTY JOANN BOUR-STOKES/LINDA E PRUCHA FOR DEFENDANT (EXHIBITS ATTACHED) | $0.00 | Image |
| 10/18/1993 | ANSWER AND MOTION TO DISMISS DEFT'S PETITION FOR POSTCONVICTION RELIEF FILED | | Image |
| 10/18/1993 | ASSIGNMENT OF JUDGE CREHAN FROM JUDGE MOSER FILED ELLIOTT,J | $0.00 | Image |
| 10/20/1993 | DEFT'S MOTION FOR JUDGE MOSER TO RECUSE HIMSELF FILED | $0.00 | Image |
| 03/14/1994 | ORDER SETTING CONFERENCE FOR 3/30/94 AT 4:00PM FILED CREHAN,J | $2.00 | Image |
| 03/30/1994 | STATE'S MOTION FOR LEAVE TO FILE ADDITIONAL PAGE OF THE STATE'S | $0.00 | |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3163

| 3/23/2015 | CourtView Justice Solutions | | |
|---|---|---|---|

MEMORANDUM IN SUPPORT OF MOTION TO DIMISS FILED/DAN EICHEL,ATTY

| Date | Description | Amount | |
|---|---|---|---|
| 04/04/1994 | JOURNAL ENTRY SETTING DATE FOR ORAL ARGUMENT SET: 6/24/94 9:00 AM FILED CREHAN,J | $4.00 | Image |
| 04/07/1994 | AMENDED ENTRY SETTING DATE FOR ORAL ARGUMENT FILED CREHAN,J | $4.00 | Image |
| 04/11/1994 | DEFT'S MOTION TO STRIKE AND MEMORANDUM FILED/JOANN BOUR-STOKES AND L PRUCHA,ATTYS | $0.00 | Image |
| 04/12/1994 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE FILED BY ATTY DAN EICHEL | $0.00 | Image |
| 11/01/1994 | ENTRY RE: DEFTS MOTION FOR POST CONVICTION RELIEF;MOTION TO STRIKE AND SETTING DATE FOR EVIDENTIARY HEARING 11/23/94 FILED,CREHAN,J (DAVIS) | $16.00 | Image |
| 11/16/1994 | HEARING ON PETITION FOR POST-CONVICTION RELIEF SET 12-20-94 1:15 FILED ASSIGNMENT COMMISSIONER CINDY BAKER | $0.00 | Image |
| 12/05/1994 | DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FILED JOANN M JOLSTAD, LINDA E PRUCHA OH PUBLIC DEFENDER | $0.00 | Image |
| 12/05/1994 | MOTION TO SECURE ATTENDANCE OF VON CLARK DAVIS AT POST-CONVICITON EVIDENTIARY HEARING FILED JOANN M JOLSTAD, OH PUBLIC DEFENDER FOR VON CLARK DAVIS | $0.00 | Image |
| 12/05/1994 | PRECIPE FILED SUBPOENA ISSUED TO HON. JOHN R. MOSER, HON. WILLIAM R. STITSINGER ON DECEMBER 5, 1994 BY JOHN F. HOLCOMB, PROS. ATTY. | $4.00 | Image |
| 12/07/1994 | ORDER: WARRANT TO CONVEY PRISONER FOR POST CONVICTION HEARING R.C. 2953.22 FILED SAGE,J FOR CREHAN,J (VON CLARK DAVIS) | $2.00 | Image |
| 12/09/1994 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON. JOHN R. MOSER ON DECEMBER 9, 1994 BY JIM FARQUIS, PROCESS SERVER | $0.00 | Image |
| 12/14/1994 | ORDER VACATING WARRANT TO CONVEY PRISONER AND RESCHEDULING HEARING DATE UNTIL 1-11-95 10L00AM FILED CREHAN,J | $2.00 | Image |
| 01/05/1995 | ORDER: warrant to convey prisoner for postconviction hearing filed SAGE,J FOR MATTHEW J CREHAN (VON CLARK DAVIS) | $2.00 | Image |
| 01/06/1995 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON. JOHN R. MOSER ON JANUARY 6, 1995 BY PROCESS SERVER | $0.00 | Image |
| 01/06/1995 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON WILLIAM R. STITSINGER ON JANUARY 6, 1995 BY PROCESS SERVER | $0.00 | Image |
| 01/08/1995 | PRECIPE FILED SUBPOENA ISSUED TO HON. WILLIAM R. STITSINGER, HON. JOHN R. MOSER ON JANUARY 6, 1995 BY JOHN F. HOLCOMB, ATTY. | $4.00 | Image |
| 01/12/1995 | JOURNAL ENTRY : ORDER TO RETURN DEFENDANT TO SOUTHERN OH CORRECTIONAL FACILITY FILED CREHAN,J | $2.00 | Image |
| 01/12/1995 | TRANSCRIPT FEE | $72.50 | |
| 01/25/1995 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr SHIRLEY ROESCH $72.50 FILED CREHAN,J | $2.00 | Image |
| 01/25/1995 | JOURNAL ENTRY STATEMENT FROM SHIRLEY ROESCH TO PROSECUTOR'S OFFICE $72.50 FILED CREHAN,J | $4.00 | Image |
| 01/30/1995 | *TRANSCRIPT OF POST CONVICTION RELIEF HEARING FILED SHIRLEY ROESCH,COURT REPORTER *** FILED @ RECORDS CENTER*** | $0.00 | |
| 01/30/1995 | CERTIFICATE \ TRANSCRIPT FEES ,filed (amount +$2.in line 3) (certifed copies>Auditor) $217.50 TO SHIRLEY ROESCH,COURT REPORTER FILED CREHAN,J | $2.00 | Image |
| 01/30/1995 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr $217.50 TO SHIRELEY ROESCH,COURT REPORTER FILED CREHAN,J | $2.00 | Image |
| 01/30/1995 | TRANSCRIPT FEE | $217.50 | |
| 01/30/1995 | EXHIBIT FILED BY COURT REPORTER SHIRLEY ROESCH *** FILED @ RECORDS CENTER*** | $0.00 | |
| 02/21/1995 | POST EVIDENTIARY HEARING BRIEF FILED | | Image |
| 02/22/1995 | SHERIFFS RETURN OF PERSONAL SERVICE OF ENTRY UPON: VON CLARK DAVIS DATE: 01-10-95 BY BCSD | $3.00 | Image |
| 02/28/1995 | SHERIFFS RETURN OF PERSONAL SERVICE OF ENTRY UPON: VON CLARK DAVIS DATE: 02-11-95 BY BCSD (PER JAIL ALREADY) | $0.00 | |

3/23/2015 CourtView Justice Solutions

| Date | Description | Amount | Image |
|---|---|---|---|
| 03/02/1995 | STATE'S MEMORANDUM IN RESPONSE FILED | $0.00 | Image |
| 03/15/1995 | POST-EVIDENTIARY HEARING REPLY BRIEF FILED JOANN JOLSTAD, LINDA E PRUCHA, ATTYS FOR VON CLARK DAVIS | $0.00 | Image |
| 06/30/1995 | FINAL APPEALABLE ORDER DISMISSAL ENTRY; PETITIONER'S PETITION FOR A HEARING IS DENIED AND THE MOTION OF THE STATE OF OHIO TO DISMISS THE PETITION FOR POST-CONVICTION RELIEF IS GRANTED FILED CREHAN,J | $0.00 | Image |
| 07/31/1995 | NOTICE OF APPEAL FILED/CA95 07 0124 cc:CA-Midd;Judge;CDS>file & by mail>attys>parties indicated as of record BY LINDA E PRUCHA & TRACEY LEONARD,ASST ST PUBLIC DEFENDER,ATTYS | $25.00 | |
| 10/09/1996 | MANDATE filed,forwarded to C.A.fileroom clerk > 12thDistrict AppealsCourt # CA95 07 124 PAGE 22 CORRECTED OPINION 9-30-96 | $0.00 | |
| 10/09/1996 | CERTIFIED COPY OF CORRECTED PAGE TWENTY-TWO FOR BUTLER CA95 07 124 OPINION RELEASED 9-30-96 FILED 3-5-99 SUPREME COURT OF OHIO 99-0252 | $2.00 | Image |
| 02/25/1999 | ALL PAPERS SENT TO SUPREME COURT OF OHIO | $0.00 | |
| 09/15/1999 | ALL PAPERS RETURN FROM SUPREME COURT OF OHIO | $0.00 | |
| 10/18/2007 | ENTRY SCHEDULING STATUS CONFERENCE FILED | $2.00 | Image |
| 11/06/2007 | APPOINTMENT OF ATTORNEY FOR INDIGENT DEFENDANT RANDALL L PORTER, ASST. PUBLIC DEFENDER FOR DEFENDANT VON CLARK DAVIS | $2.00 | Image |
| 11/19/2007 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY ON 12/03/2007 @ 9:00 AM FILED | $6.00 | Image |
| 11/27/2007 | WAIVER OF APPEARANCE OF VON CLARK DAVIS FOR THE NOVEMBER 05, 2007 STATUS CONFERENCE FILED Attorney: PORTER, RANDALL L (0005835) | $4.00 | Image |
| 12/03/2007 | NOTICE OF FILING BY VON CLARK DAVIS FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 12/04/2007 | Time Waiver of Speedy Trial requirements filed | $2.00 | Image |
| 12/04/2007 | Time Waiver of Speedy Trial requirements filed | $4.00 | |
| 12/05/2007 | APPOINTMENT OF TRIAL COUNSEL IN A CAPITAL CASE FILED Attorney: PORTER, RANDALL L (0005835); Attorney: COOK REICH, MELYNDA (0066596) | $2.00 | Image |
| 12/06/2007 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: HEARING Date: 02/04/2008 Time: 2:00 pm Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor | | Image |
| 12/19/2007 | ORDER GRANTING A NEW SENTENCING HEARING FILED | $2.00 | Image |
| 12/21/2007 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY ON 02/04/2008 @ 1:00 PM FILED | $6.00 | Image |
| 02/05/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: MOTION Date: 03/06/2008 Time: 3:00 pm Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor | | Image |
| 02/05/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: MOTION Date: 06/26/2008 Time: 9:00 am Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor Result: VACATED | | Image |
| 02/08/2008 | LETTER TO JUDGE NASTOFF REGARDING VON CLARK DAVIS FILED | $0.00 | Image |
| 02/15/2008 | BON CLARK DAVIS MOTION TO BE HEARD EX PARTE ON MOTIONS FOR APPROPRIATION OF FUNDS Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 02/20/2008 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY ON 03/06 2008 | $6.00 | Image |
| 02/26/2008 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO PERMIT THE | $0.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3165

3/23/2015                                    CourtView Justice Solutions

| | | | |
|---|---|---|---|
| | ACCUSED TO BE HEARD EX PARTE ON APPROPRIATION OF FUNDS FOR EXPERT ASSISTANCE | | |
| | Attorney: EICHEL, DANIEL G (08259)<br>Attorney: OSTER JR Junior, MICHAEL A (0076491) | | |
| 03/14/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: HEARING<br>Date: 03/18/2008    Time: 4:00 pm<br>Judge: NASTOFF, Honorable ANDREW    Location: General Division Court Govt Serv Ctr 3rd floor | | |
| 03/18/2008 | ENTRY REGARDING POTENTIAL THREE-JUDGE PANEL FILED | $4.00 | Image |
| 03/19/2008 | ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A MITIGATION SPECIALIST FILED | $2.00 | Image |
| 03/19/2008 | ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A PRIVATE INVESTIGATOR FILED | $2.00 | Image |
| 03/31/2008 | ENTRY AS TO RELEASE OF INSTITUTIONAL RECORDS FILED | $2.00 | Image |
| 04/03/2008 | ENTRY UNDER SEAL FILED NASTOFF,J | $2.00 | Image |
| 04/03/2008 | ENTRY UNDER SEAL FILED NASTOFF,J | $2.00 | Image |
| 04/10/2008 | VON CLARK DAVIS' MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED Attorney: COOK-REICH, MELYNDA (0066596) | $0.00 | Image |
| 04/15/2008 | VON CLARK DAVIS' AMENDED MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 04/22/2008 | STATE'S MEMORANDUM IN RESPONSE, OPPOSING DEFENDANT'S AMENDED MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER IFILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 04/23/2008 | NOTICE OF APPEAL OF VON CLARK DAVIS CA2008 04 0111 FILED copy to CA, Appellee & counsel; Judge, CA deputy clerk<br>Attorney: PORTER, RANDALL L (0005835) | $25.00 | Image |
| 05/01/2008 | VON CLARK DAVIS' REPLY IN SUPPORT OF HIS MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED<br>Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/08/2008 | JOURNAL ENTRY FILED | $2.00 | Image |
| 05/16/2008 | VON CLARK DAVIS' MOTION FOR EXTENSION OF TIME TO FILE DEFENDANT'S MOTIONS FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/20/2008 | ENTRY GRANTING MOTION FOR EXTENSION OF TIME FILED | $2.00 | Image |
| 05/22/2008 | JUDGMENT ENTRY FILED | $4.00 | Image |
| 05/27/2008 | VON CLARK DAVIS'S MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (APPENDIX, VOLUME I) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/27/2008 | VON CLARK DAVIS' MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (APPENDIX, VOLUME II) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/27/2008 | VON CLARK DAVIS' MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (EVIDENTIARY HEARING REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/27/2008 | VON CLARK DAVIS' MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE (ORAL ARGUMENT REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/27/2008 | VON CLARK DAVIS'S MOTION TO REQUIRE A SEALED COPY OF THE PROSECUTION'S FILE BE MADE PART OF THE RECORD FILED<br>Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/27/2008 | VAN CLARK DAVIS' MOTION TO DISMISS THE CAPITAL SPECIFICATION CONTAINED IN INDICTMENT (ORAL ARGUMENT REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/28/2008 | STATE'S MOTION FOR CONTINUANCE AND AN EXTENSION OF TIME TO FILE | $0.00 | Image |

3/23/2015                                                CourtView Justice Solutions

| | MOTIONS/MEMORANDA IN RESPONSE TO DEFENDANT'S MOTION FILED 5/27/2008 FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER JR Junior, MICHAEL A (0076491) | | |
|---|---|---|---|
| 05/28/2008 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO REQUIRE A SEALED COPY OF THE PROSECUTOR'S FILE TO BE MADE PART OF THE RECORD FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER JR Junior, MICHAEL A (0076491) | $0.00 | Image |
| 05/28/2008 | VON CLARK DAVIS' MOTION TO SUPPRESS PRETRIAL AND TRIAL IDENTIFICATIONS FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/30/2008 | VON CLARK DAVIS' LIMITED DEMAND FOR DISCOVERY FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/30/2008 | VON CLARK DAVIS' MOTION FOR PRE-TRIAL DISCLOSURE OF POLICE REPORTS AND WITNESS STATEMENTS FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/30/2008 | VON CLARK DAVIS' MOTION TO COMPEL LAW ENFORCEMENT OFFICIALS TO PROVIDE THE PROSECUTING ATTORNEY WITH ALL THE INFORMATION ACQUIRED DURING THE COURSE OF THEIR INVESTIGATION FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 06/04/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: HEARING Date: 06/12/2008   Time: 3:00 pm Judge: NASTOFF, Honorable ANDREW    Location: General Division Court Govt Serv Ctr 3rd floor | | |
| 06/04/2008 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM  STATE PENITENTIARY FILED | $6.00 | Image |
| 06/13/2008 | VON CLARK DAVIS' FIRST NOTICE OF ADDITIOAL AUTHORITY (EVIDENTIARY HEARING REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) (FAX COPY) | $0.00 | Image |
| 06/16/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: The following event: MOTION scheduled for 06/26/2008 at 9:00 am has been rescheduled as follows: Event: MOTION Date: 08/27/2008   Time: 9:00 am Judge: NASTOFF, Honorable ANDREW    Location: General Division Court Govt Serv Ctr 3rd floor | | Image |
| 06/27/2008 | VON CLARK DAVIS' MEMORANDUM CONCERNING HIS RIGHT TO A JURY TRIAL WITH RESPECT TO RESENTENCING (EVIDENTIARY HEARING REQUESTED PLEADING L) FILED Attorney: PORTER, RANDALL L (0005835) (FAX COPY) | $0.00 | Image |
| 06/27/2008 | VON CLARK DAVIS' MOTION TO SUPPRESS PRETRIAL AND TRIAL IDENTIFICATION (EVIDENTIARY HEARING REQUESTED PLEADING K) FILED Attorney: PORTER, RANDALL L (0005835) (FAX COPY) | $0.00 | Image |
| 06/30/2008 | VON CLARK DAVIS' MOTION  FOR FUNDING TO RETAIN DR. MARK HEATH, M.D. (ORAL ARGUMENT REQUESTED PLEADING N) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 06/30/2008 | VON CLARK DAVIS' MOTION TO PRECLUDE THE STATE FROM SEEKING THE DEATH PENALTY (ORAL ARGUMENT REQUESTED PLEADING M) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 06/30/2008 | VON CLARK DAVIS' MOTION TO TRANSCRIBE THE GRAND JURY PROCEEDINGS (ORAL ARGUMENT REQUESTED PLEADING O) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDATN'S MEMORANDUM "L" "CONCERNING RIGHT TO A JURY TRIAL WITH RESPECT TO RESENTENCING" [sic] FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | MEMORANDUM IN OPPOSITION TO PRECLUDE USE OF DEATH PENALTY FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "M" TO PRECLUDE THE STATE FROM SEEKING THE DEATH PENALTY FILED Attorney: EICHEL, DANIEL G (0800259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM "O" IN OPPOSITION TO DEFENDANT'S MOTION FOR A PRE-TRIAL COPY OF THE TRANSCRIPT OF GRAND JURY PROCEEDINGS FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM "N" IN OPPOSITION TO DEFENDANT'S MOTION FOR | $0.00 | Image |

3/23/2015 CourtView Justice Solutions

| | | | |
|---|---|---|---|
| 07/25/2008 | STATE'S MEMORANDUM "N" IN OPPOSITION TO DEFENDANT'S MOTION FOR FUNDING TO RETAIN AN EXPERT FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "I" FOR PRE-TRIAL DISCLOSURE OF POLICE REPORTS AND WITNESS STATEMENTS FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S SUPPLEMENTAL DISCOVERY "H" FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MOTION TO STRIKE AND MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTIONS TO SUPPRESS PRETRIAL AND TRIAL IDENTIFICATIONS [DESIGNATED MOTION "G" AND "K"] FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "F" TO DISMISS THE CAPITAL SPECIFICATION CONTAINED IN THE INDICTMENT FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM "D" IN RESPONSE TO DEFENDANT'S MOTION FOR EXCULPATORY EVIDENCE FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION "J" TO COMPEL LAW ENFORCEMENT OFFICIALS TO PROVIDE THE PROSECUTING ATTORNEY WITH ALL THE INFORMATION ACQUIRED DURING THE COURSE OF INVESTIGATION FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/28/2008 | VON CLARK DAVIS' NOTICE OF INTENT TO APPEAL TO THE OHIO SUPREME COURT FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 08/22/2008 | Issue Date:  08/22/2008<br>Service:  SUBPOENA  BY PROCESS SERVER<br>Method:  SERVICE BY PROCESS SERVER<br>Provider: QUILAN, JASON<br>Cost Per:  $    1.00<br><br>HAMILTON POLICE DEPT<br>CUSTODIAN OF RECORDS<br>331 SOUTH FRONT ST<br>HAMILTON, OH  45011<br>Tracking No: C000059533<br><br>COLEMAN, WADE<br>▮▮▮▮▮▮▮▮▮<br>HAMILTON, OH  45011<br>Tracking No: C000059534<br><br>WILLIAMS, RONNIE D<br>▮▮▮▮▮▮▮▮▮<br>HAMILTON, OH  45013<br>Tracking No: C000059535<br><br>BRYANT, MONA ALDRIDGE<br>▮▮▮▮▮▮▮▮▮<br>MIDDLETOWN, OH  45044<br>Tracking No: C000059536<br><br>LOVETT, MARK<br>▮▮▮▮▮▮▮▮▮<br>MIDDLETOWN, OH  45044<br>Tracking No: C000059537<br><br>DENMARK, COZETTA MASSEY<br>▮▮▮▮▮▮▮▮▮<br>CINTI, OH  45204<br>Tracking No: C000059538<br><br>MCCREARY, JODAWNA SOUTHERN<br>▮▮▮▮▮▮▮▮▮<br>CINCINNATI, OH  45231<br>Tracking No: C000059539 | $8.00 | Image |

3/23/2015 CourtView Justice Solutions

DENMARK, REGINALD

CINCINNATI, OH 45214
Tracking No: C000059540

| | | | |
|---|---|---|---|
| 08/22/2008 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 08/22/2008 12:55:32 | $1.00 | Image |
| 08/22/2008 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 08/22/2008 12:55:43 | $1.00 | |
| 08/25/2008 | STATE'S SUPPLEMENTAL AUTHORITY FOR MOTION 'C' FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 08/25/2008 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY FOR A MOTION HEARING ON 08/27/2008 @ 9:00 AM FILED | $6.00 | Image |
| 08/25/2008 | STATE'S NOTICE OF ADDITIONAL AUTHORITY RE: DEFENDANT'S MOTIONS F, G, I, J, K & L FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : BRYANT, MONA ALDRIDGE<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059536 | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : HAMILTON POLICE DEPT<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059533 | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : COLEMAN, WADE<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059534 | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : MCCREARY, JODAWNA SOUTHERN<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment : | $0.00 | Image |

3/23/2015 CourtView Justice Solutions

Tracking #: C000059539

| | | | |
|---|---|---|---|
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : DENMARK, REGINALD<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059540 | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/26/2008<br>Return : 08/26/2008<br>On : WILLIAMS, RONNIE D<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059535 | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : DENMARK, COZETTA MASSEY<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059538 | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : LOVETT, MARK<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059537 | $0.00 | Image |
| 08/28/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: MOTION<br>Date: 10/10/2008 Time: 1:30 pm<br>Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor<br><br>Result: VACATED | | Image |
| 08/28/2008 | VON CLARK DAVIS' NOTICE OF FILING OF EXHIBITS IN SUPPORT OF MOTION O FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 08/28/2008 | VON CLARK DAVIS' NOTICE OF FILING OF ADDITIONAL AUTHORITY IN SUPPORT OF PLEADING P FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 08/29/2008 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY FOR A MOTION HEARING ON 10/10/2008 @ 1:30 PM FILED | $6.00 | Image |
| 09/09/2008 | VON CLARK DAVIS' NOTICE OF FILING OF ADDITIONAL AUTHORITY IN SUPPORT OF PLEADING M FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |

VON CLARK DAVIS v. WARDEN<br>CASE NO. 2:16-cv-00495<br>APPENDIX - Page 3170

3/23/2015                                    CourtView Justice Solutions

| | | | |
|---|---|---|---|
| 09/17/2008 | VON CLARK DAVIS' MOTION FOR A TWO DAY EXTENSION FOR THE PARTIES TO SUBMIT BRIEFING ON THE RIPENESS ISSUE FILED<br><br>Attorney: PORTER, RANDALL L (0005835) (FAX COPY) | $0.00 | Image |
| 09/19/2008 | VON CLARK DAVIS' BRIEFING ON THE ISSUE OF RIPENESS FILED Attorney: PORTER, RANDALL L (0005835) | | Image |
| 09/19/2008 | SUPPLEMENTAL MEMORANDUM BY STATE IN OPPOSITION TO DEFENDANT'S MOTION "P" TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BY LETHAL INJECTION FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 09/30/2008 | ORDER GRANTING MOTION FOR A TWO DAY EXTENSION FOR THE PARTIESTO SUBMIT BRIEFING ON THE RIPENESS ISSUE FILED (FAX COPY) | $2.00 | Image |
| 10/02/2008 | MOTION TO PROVIDE DISCOVERY FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 10/08/2008 | VON CLARK DAVIS' WAIVER OF ORAL RAGUMENT SET FOR OCTOBER 10, 2008 FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 10/08/2008 | VON CLARK DAVIS' WAIVER OF ORAL ARGUMENT SET FOR OCTOBER 10, 2008 FILED Attorney: PORTER, RANDALL L (0005835) | $2.00 | Image |
| 10/09/2008 | MOTION TO VACATE HEARING AND TRANSPORT ORDER FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 10/10/2008 | VON CLARK DAVIS' MOTION TO REQUIRE THE BUTLER COUNTY SHERIFF TO CONVEY MR. DAVIS FOR TESTING AND TO MAKE THE APPROPRIATE ACCOMMODATIONS FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 10/13/2008 | ENTRY AND ORDER ALLOWING NEUROPSYCHOLOGIST ACCESS TO DEFENDANT LOCATED AT BUTLER COUNTY JAIL FILED | $4.00 | Image |
| 10/15/2008 | ORDER TO VACATE HEARING AND TRANSPORT ORDER FILED | $2.00 | Image |
| 11/07/2008 | MOTION "Q" VAN CLARK DAVIS' RESPONSE TO DISCOVERY FILED Attorney: PORTER, RANDALL L (0005835); Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 11/07/2008 | MOTION "S" VON CLARK DAVIS' MOTION FOR TO CONTINUE THE DECEMBER 15, 2008 SENTENCING HEARING FILED Attorney: PORTER, RANDALL L (0005835); Attorney: COOK REICH, MELYNDA (0088596) | $0.00 | Image |
| 11/07/2008 | MOTION "R" VON CLARK DAVIS' SECOND MOTION TO BE HEARD EX PARTE ON FUNDING ISSUES FILED Attorney: PORTER, RANDALL L (0005835) Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 11/13/2008 | STATE'S RESPONSE TO DEFENDANT'S MOTION FOR CONTINUANCE FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 11/18/2008 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY FOR A MOTION HEARING ON 11/24/2008 @ 9:00 AM FILED | $6.00 | Image |
| 11/24/2008 | PRETRIAL COURT JOURNAL ORDER | $2.00 | Image |
| 12/11/2008 | VON CLARK DAVIS' RENEWED MOTION TO STAY THE COURT'S MARCH 31, 2008 ORDER FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 12/29/2008 | ENTRY JOURNALIZING DECISION ON MOTIONS FILED BY DEFENDANT FILED | $64.00 | Image |
| 02/06/2009 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY FOR A SENTENCE HEARING ON 05/11/2009 @ 8:30 AM FILED | $6.00 | Image |
| 03/12/2009 | MOTION FOR ORDER OR SANCTIONS UNDER CRIM.R. 16(E)(3) FOR DEFENSE NON-DISCLOSURE OF DISCOVERABLE MATTERS FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 03/17/2009 | MOTION IN LIMINE FOR ORDER AS TO PROCEDURE TO BE FOLLOWED FOR CONSIDERATION OF EVIDENCE ADMITTED AT 1984 "GUILT-PHASE" TRIAL FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 03/24/2009 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: MOTION<br>Date: 04/02/2009   Time: 1:30 pm<br>Judge: NASTOFF, Honorable ANDREW   Location: General Division Court Govt Serv Ctr 3rd floor<br><br>Result: RESET HEARING | | |
| 03/24/2009 | VON CLARK DAVIS' ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596) (FAX COPY) | $0.00 | Image |

3/23/2015                                        CourtView Justice Solutions

| | | | |
|---|---|---|---|
| 03/25/2009 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY FOR A MOTION HEARING ON 04/02/2009 @ 8:30 AM FILED | $6.00 | Image |
| 03/26/2009 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br><br>The following event: MOTION scheduled for 04/02/2009 at 1:30 pm has been rescheduled as follows:<br><br>Event: MOTION<br>Date: 04/08/2009    Time: 10:00 am<br>Judge: NASTOFF, Honorable ANDREW    Location: General Division Court Govt Serv Ctr 3rd floor | | |
| 03/30/2009 | TRANSCRIPT REQUEST FILED | $0.00 | Image |
| 04/02/2009 | TRANSCRIPT OF PROCEEDING MOTION HEARING ON AUGUST 28, 2008 FILED | $3.00 | Image |
| 04/02/2009 | TRANSCRIPT OF PROCEEDING MOTION HEARING ON AUGUST 27, 2008 FILED | $3.00 | Image |
| 04/02/2009 | VON CLARK DAVIS' MOTION TO EXTEND THE TIME TO ANSWER THE STATE'S MOTION IN LIMINE FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 04/03/2009 | TRANSCRIPT REQUEST FILED | $0.00 | Image |
| 04/06/2009 | VON CLARK DAVIS' MEMORANDUM CONTRA TO THE STATE'S MOTION IN LIMINE FILED<br>Attorney: PORTER, RANDALL L (0005835); Attorney: COOK REICH, MELYNDA (0066596)<br>(FAX COPY) | $0.00 | Image |
| 04/07/2009 | STATE'S SUPPLEMENTAL DISCOVERY FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 04/08/2009 | STATE'S REPLY: MEMORANDUM TO THE DEFENDANT'S MEMORANDUM CONTRA THE STATE'S MOTION IN LIMINE RE: PROCEDURE FILED<br>Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER Junior, MICHAEL A (0076491) | | Image |
| 04/08/2009 | VON CLARK DAVIS' NOTICE OF FILING FILED Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 04/08/2009 | NOTICE OF COUNSEL'S CHANGE OF ADDRESS FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 04/09/2009 | MOTION AND CERTIFICATION BY COURT REPORTER FOR TRANSCRIPTION FEES FILED | $0.00 | Image |
| 04/09/2009 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE $1,252.50\Ct.Reprtr | $2.00 | Image |
| 04/09/2009 | CERTIFICATE \ TRANSCRIPT FEES $1,252.50, filed (amount +$2.in line 3) (certifed copies>Auditor) | $2.00 | Image |
| 04/09/2009 | TRANSCRIPT FEE | $1,252.50 | |
| 04/13/2009 | STATE'S SUPPLEMENTAL DISCOVERY (4/13/2009) FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 04/20/2009 | VON CLARK DAVIS' NOTICE OF FILING # 3 FILED Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 04/20/2008 | VON CLARK DAVIS' OBJECTIONS TO THE COURT'S PROPOSED PROCEDURES CONCERNING THE TRIAL PHASE TESTIMONY AND EVIDENCE FILED Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 04/21/2009 | VON CLARK DAVIS' SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596); Attorney: PORTER, RANDALL (0005835) (FAX) | $0.00 | Image |
| 04/21/2009 | VON CLARK DAVIS' MOTION TO FILE RECORDS UNDER SEAL FILED Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 04/24/2009 | EXHIBIT (EMAIL FROM JUDGES) FILED | $0.00 | Image |
| 04/27/2009 | VON CLARK DAVIS' NOTICE OF FILING UNDER SEAL FILED Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 04/27/2009 | ENTRY GRANTING MOTION TO FILE RECORDS UNDER SEAL FILED | $2.00 | |
| 04/30/2009 | Issue Date: 04/30/2009<br>Service:  SUBPOENA  BY RESIDENCE SERVICE<br>Method:  SERVICE BY SHERIFF OF BUTLER COUNTY | $8.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3172

3/23/2015            CourtView Justice Solutions

Cost Per: $   2.00

FURMON, CHARLES R
█████████████
HAMILTON, OH  45013
Tracking No: C000190277

CARPENTER, RICHARD R
█████████████
HAMILTON, OH  45011
Tracking No: C000190278

BRANDABUR, Dr JOSEPH H
BUTLER COUNTY CORONER'S OFFICE
200 N "F" STREET
HAMILTON, OH  45011
Tracking No: C000190279

CUNNINGHAM, LESLIE
█████████████
TROTWOOD, OH  45246
Tracking No: C000190280

| Date | Description | Amount | |
|---|---|---|---|
| 04/30/2009 | PRECIPE FILED AND SUBPOENA BY RESIDENCE SERVICE ISSUED.<br><br>SUBPOENA BY RESIDENCE SERVICE<br>Sent on: 04/30/2009 13:08:14 | $1.00 | Image |
| 04/30/2009 | STATE'S SUPPLEMENTAL DISCOVERY FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 04/30/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 04/30/2009 | DEFENDANT'S NOTICE OF WITHDRAWAL OF MOTION TO FILE RECORDS UNDER SEAL FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/01/2009 | RETURN: RESIDENCE SERVICE UPON :<br>  Method  : SERVICE BY SHERIFF OF BUTLER COUNTY<br>  Issued   : 04/30/2009<br>  Service  : SUBPOENA BY RESIDENCE SERVICE<br>  Served  : 05/01/2009<br>  Return  : 05/01/2009<br>  On     : CUNNINGHAM, LESLIE<br>  Signed By :<br><br>  Reason  : RESIDENCE SERVICE SUCCESSFUL<br>  Comment  : MAILED OUT<br><br>  Tracking #: C000190280 | $7.50 | Image |
| 05/04/2009 | TRANSCRIPT REQUEST FILED | $0.00 | Image |
| 05/05/2009 | STATE'S SUPPLEMENTAL DISCOVERY (5/5/09) FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 05/06/2009 | Issue Date: 05/06/2009<br>Service: SUBPOENA BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per: $   5.00<br><br>SMITH, CAROL A<br>█████████████<br>FOREST PARK, OH  45240<br>Tracking No: C000067043<br><br>DAVIS, ELLIOT BUTCH<br>█████████████<br>HAMILTON, OH  45011 | $5.00 | Image |

3/23/2015                                          CourtView Justice Solutions

Tracking No: C000067044

NOWACK, SCOTT
C/O OHIO STATE PENITENTIARY
878 COITSVILLE HUBBARD RD
YOUNGSTOWN, OH  44505
Tracking No: C000067045

TIPTON, CHARLES

CINCINNATI, OH  45240
Tracking No: C000067046

DAVIS, VICTOR L

HAMILTON, OH  45011
Tracking No: C000067047

TIPTON, ALLUSTER

FOREST PARK, OH  45240
Tracking No: C000067048

DAVIS, SHERRY

FOREST PARK, OH  45240
Tracking No: C000067049

| Date | Description | Amount | |
|---|---|---|---|
| 05/06/2009 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 05/06/2009 13:13:14 | $1.00 | Image |
| 05/07/2009 | Issue Date: 05/07/2009<br>Service: SUBPOENA  BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per: $   5.00<br><br>NOWACK, SCOTT<br>C/O OHIO STATE PENITENTIARY<br>878 COITSVILLE HUBBARD RD<br>YOUNGSTOWN, OH  44505<br>Tracking No: C000067059 | $5.00 | Image |
| 05/07/2009 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 05/07/2009 09:28:43 | $1.00 | Image |
| 05/07/2009 | Issue Date: 05/07/2009<br>Service: SUBPOENA  BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per: $   5.00<br><br>ROTUNDO, RICK<br><br>LOVELAND, OH  45140<br>Tracking No: C000067072<br><br>FLOWERS, DELBERT<br><br>GAITHERSBURG, MD  20878<br>Tracking No: C000067073 | $5.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3174

3/23/2015                   CourtView Justice Solutions

MAUSSEN, CYNTHIA
ADULT PAROLE AUTHORITY
770 WEST BROAD ST
COLUMBUS, OH  43215
Tracking No: C000067074

| | | | |
|---|---|---|---|
| 05/07/2009 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on:  05/07/2009 14:17:28 | $1.00 | Image |
| 05/07/2009 | ENTRY APPOINTING SPECIAL PROCESS SERVER FILED | $2.00 | Image |
| 05/07/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED<br>Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/08/2009 | Issue Date:  05/08/2009<br>Service:  SUBPOENA BY PROCESS SERVER<br>Method:  SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per: $     5.00<br><br><br>STINEMAN, JEROME<br>GRANDIN HOUSE<br>STE 601<br>2101 GRANDIN RD<br>CINCINNATI, OH  45208<br>Tracking No: C000067120 | $5.00 | Image |
| 05/08/2009 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on:  05/08/2009 14:38:11 | $1.00 | Image |
| 05/08/2009 | DEFENDANT'S MOTION IN LIMINE FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/08/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED<br>Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/08/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED<br>Attorney: COOK REICH, MELYNDA (0066596)  (FAX) | $0.00 | Image |
| 05/11/2009 | RETURN: RESIDENCE SERVICE UPON :<br>Method   : SERVICE BY SHERIFF OF BUTLER COUNTY<br>Issued    : 04/30/2009<br>Service   : SUBPOENA BY RESIDENCE SERVICE<br>Served    : 05/04/2009<br>Return    : 05/11/2009<br>On        : BRANDABUR, Dr JOSEPH H<br>Signed By :<br><br>Reason    : RESIDENCE SERVICE SUCCESSFUL<br>Comment   : SUB SERVED UPON: SALLY POYNTER<br><br>Tracking #: C000190279 | $8.00 | Image |
| 05/11/2009 | RETURN-PERSONAL SERVICE OF DOCUMENTS UPON :<br>Method   : SERVICE BY SHERIFF OF BUTLER COUNTY<br>Issued    : 04/30/2009<br>Service   : SUBPOENA BY RESIDENCE SERVICE<br>Served    : 05/05/2009<br>Return    : 05/11/2009<br>On        : CARPENTER, RICHARD R<br>Signed By :<br><br>Reason    : PERSONAL SERVICE SUCCESSFUL<br>Comment   :<br><br>Tracking #: C000190278 | $9.50 | Image |
| 05/11/2009 | RETURN-PERSONAL SERVICE OF DOCUMENTS UPON :<br>Method   : SERVICE BY SHERIFF OF BUTLER COUNTY<br>Issued    : 04/30/2009<br>Service   : SUBPOENA BY RESIDENCE SERVICE | $9.50 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3175

3/23/2015        CourtView Justice Solutions

|  |  |  |  |
|---|---|---|---|
| | Served : 05/04/2009<br>Return : 05/11/2009<br>On : FURMON, CHARLES R<br>Signed By :<br><br>Reason : PERSONAL SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000190277 | | |
| 05/11/2009 | ENTRY FILED | $2.00 | Image |
| 05/12/2009 | TRANSCRIPT REQUEST FILED | $0.00 | Image |
| 05/13/2009 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: PRETRIAL CONFERENCE HEARING<br>Date: 09/03/2009 Time: 11:00 am<br>Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor | | Image |
| 05/13/2009 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 05/07/2009<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 05/08/2009<br>Return : 05/13/2009<br>On : NOWACK, SCOTT<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000067059 | $0.00 | Image |
| 05/13/2009 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 05/07/2009<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 05/08/2009<br>Return : 05/13/2009<br>On : MAUSSEN, CYNTHIA<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000067074 | $0.00 | Image |
| 05/19/2009 | TRANSCRIPT OF PROCEEDING MOTION HEARING APRIL 8, 2009 FILED | $3.00 | Image |
| 05/22/2009 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY FOR A PRE-TRIAL CONFERENCE ON 09/03/2009 @ 9:00 AM FILED | $6.00 | Image |
| 06/03/2009 | MOTION AND CERTIFICATION BY COURT REPORTER FOR TRANSCRIPTION FEES FILED | $0.00 | Image |
| 06/03/2009 | CERTIFICATE \ TRANSCRIPT FEES $450.00, filed (amount +$2.in line 3) (certifed copies>Auditor) | $2.00 | Image |
| 06/03/2009 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE $450.00\Ct.Reprtr | $2.00 | Image |
| 06/03/2009 | TRANSCRIPT FEE | $450.00 | |
| 08/05/2009 | VON CLARK DAVIS' MOTION TO EXPEDITE RULING FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 08/19/2009 | Issue Date: 08/19/2009<br>Service: SUBPOENA BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per: $ 5.00<br><br>NOWACK, SCOTT<br>C/O OHIO STATE PENITENTIARY<br>878 COITSVILLE HUBBARD RD<br>YOUNGSTOWN, OH 44505<br>Tracking No: C000070533 | $5.00 | Image |

3/23/2015                                CourtView Justice Solutions

~~Tracking No. C000070523~~

MAUSSER, CYNTHIA
C/O OHIO PAROLE BOARD
770 WEST BROAD ST
COLUMBUS, OH  43222
Tracking No: C000070524

| 08/19/2009 | PRECIPE FILED SUBPOENA ISSUED. | $1.00 | Image |
|---|---|---|---|

SUBPOENA BY PROCESS SERVER
Sent on: 08/19/2009 11:31:20

| 08/19/2009 | Issue Date: 08/19/2009<br>Service: SUBPOENA BY CERTIFIED MAIL<br>Method: SERVICE BY CERTIFIED MAIL<br>Cost Per: $   8.00 | $40.00 | Image |
|---|---|---|---|

SMITH, CAROL A

FOREST PARK, OH  45240
Tracking No: L000198274

STINEMAN, JEROME
GRANDIN HOUSE STE 601
2101 GRANDIN RD
CINCINNATI, OH  45208
Tracking No: L000198275

TIPTON, ALLUSTER

FOREST PARK, OH  45240
Tracking No: L000198276

DAVIS, SHERRY

FOREST PARK, OH  45240
Tracking No: L000198277

ROTUNDO, RICK

LOVELAND, OH  45140
Tracking No: L000198278

| 08/19/2009 | PRECIPE FILED SUBPOENA ISSUED. | $1.00 | Image |
|---|---|---|---|

SUBPOENA BY CERTIFIED MAIL
Sent on: 08/19/2009 11:52:16

| 08/19/2009 | Issue Date: 08/19/2009<br>Service: CRIMINAL SUBPOENA BY SHERIFF<br>Method: SERVICE BY SHERIFF OF BUTLER COUNTY<br>Cost Per: $   2.00 | $4.00 | Image |
|---|---|---|---|

DAVIS, VICTOR

HAMILTON, OH  45013
Tracking No: C000197157

DAVIS, ELLIOT BUTCH

HAMILTON, OH  45011
Tracking No: C000197158

| 08/19/2009 | PRECIPE FILED SUBPOENA ISSUED. | $1.00 | Image |
|---|---|---|---|

SUBPOENA BY SHERIFF

3/23/2015                              CourtView Justice Solutions

Sent on: 08/19/2009 12:20:07

| | | | |
|---|---|---|---|
| 08/19/2009 | OUT OF STATE WITNESS APPLICATION FILED<br>Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 08/21/2009 | STATE'S SUPPLEMENTAL DISCOVERY FILED Attorney: OSTER Junior, MICHAEL A<br>(0076491) | $0.00 | Image |
| 08/26/2009 | STATE'S SUPPLEMENTAL DISCOVERY (08/26/2009) FILED Attorney: OSTER Junior,<br>MICHAEL A (0076491) | $0.00 | Image |
| 08/28/2009 | Issue Date: 08/28/2009<br>Service: SUBPOENA BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: PROSECUTOR'S OFFICE<br>Cost Per: $     5.00<br><br><br>FURMON, CHARLES R<br>▇▇▇▇▇▇▇▇▇▇▇▇<br>HAMILTON, OH  45013<br>Tracking No: C000070886<br><br>LINK, LISA<br>▇▇▇▇▇▇▇▇▇▇<br>CINTI, OH  45239<br>Tracking No: C000070887<br><br><br>BRANDABUR, Dr JOSEPH H<br>BUTLER COUNTY CORONER'S OFFICE<br>200 N "F" STREET<br>HAMILTON, OH  45011<br>Tracking No: C000070888 | $5.00 | Image |
| 08/28/2009 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 08/28/2009 09:04:30 | $1.00 | Image |
| 08/28/2009 | CERTIFICATE UNDER UNIFORM ACT TO SECURE THE ATTENDANCE OF WITNESS<br>FROM WITHOUT A STATE IN CRIMINAL PROCEEDINGS FILED | $4.00 | Image |
| 08/31/2009 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method   : SERVICE BY CERTIFIED MAIL<br>Issued    : 08/19/2009<br>Service   : SUBPOENA BY CERTIFIED MAIL<br>Served   : 08/20/2009<br>Return    : 08/31/2009<br>On         : ROTUNDO, RICK<br>Signed By : RICK ROTUNDO<br><br>Reason   : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment  :<br><br>Tracking # : L000198278 | $0.00 | Image |
| 08/31/2009 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method   : SERVICE BY CERTIFIED MAIL<br>Issued    : 08/19/2009<br>Service   : SUBPOENA BY CERTIFIED MAIL<br>Served   : 08/20/2009<br>Return    : 08/31/2009<br>On         : TIPTON, ALLUSTER<br>Signed By : ALLUSTER TIPTON<br><br>Reason   : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment  :<br><br>Tracking # : L000198276 | $0.00 | Image |
| 08/31/2009 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method   : SERVICE BY CERTIFIED MAIL<br>Issued    : 08/19/2009<br>Service   : SUBPOENA BY CERTIFIED MAIL<br>Served   : 08/20/2009 | $0.00 | Image |

3/23/2015                     CourtView Justice Solutions

| | | | |
|---|---|---|---|
| | Return : 08/31/2009<br>On : DAVIS, SHERRY<br>Signed By : SHERRY DAVIS<br><br>Reason : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking # : L000198277 | | |
| 08/31/2009 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method : SERVICE BY CERTIFIED MAIL<br>Issued : 08/19/2009<br>Service : SUBPOENA BY CERTIFIED MAIL<br>Served : 08/20/2009<br>Return : 08/31/2009<br>On : SMITH, CAROL A<br>Signed By : ALLUSTER TIPTON<br><br>Reason : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking # : L000198274 | $0.00 | Image |
| 08/31/2009 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method : SERVICE BY CERTIFIED MAIL<br>Issued : 08/19/2009<br>Service : SUBPOENA BY CERTIFIED MAIL<br>Served : 08/20/2009<br>Return : 08/31/2009<br>On : STINEMAN, JEROME<br>Signed By : ILLEGIBLE<br><br>Reason : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking # : L000198275 | $0.00 | Image |
| 08/31/2009 | STATE'S SUPPLEMENTAL DISCOVERY (8/31/2009) FILED Attorney: OSTER Junior,<br>MICHAEL A (0076491) | $0.00 | Image |
| 08/31/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED<br>Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 09/02/2009 | FAILURE OF RESIDENCE SERVICE ON:<br>Method : SERVICE BY SHERIFF OF BUTLER COUNTY<br>Issued : 08/19/2009<br>Service : CRIMINAL SUBPOENA BY SHERIFF<br>Served :<br>Return : 09/02/2009<br>On : DAVIS, ELLIOT BUTCH<br>Signed By :<br><br>Reason : FAILURE OF RESIDENCE SERVICE<br>Comment : BAD ADDRESS, DOES NOT EXIST<br><br>Tracking # : C000197158 | $8.00 | Image |
| 09/02/2009 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/28/2009<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 09/02/2009<br>Return : 09/02/2009<br>On : LINK, LISA<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking # : C000070887 | $0.00 | Image |
| 09/02/2009 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/28/2009<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 09/02/2009<br>Return : 09/02/2009<br>On : | $0.00 | Image |

VON CLARK DAVIS v. WARDEN<br>CASE NO. 2:16-cv-00495<br>APPENDIX - Page 3179

3/23/2015             CourtView Justice Solutions

|  |  |  |  |
|---|---|---|---|
|  | On   : BRANDABUR, Dr JOSEPH H<br>Signed By :<br><br>Reason  : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000070888 |  |  |
| 09/02/2009 | PROCESS SERVICE SUCCESSFUL.<br>Method  : SERVICE BY PROCESS SERVER<br>Issued   : 08/28/2009<br>Service  : SUBPOENA BY PROCESS SERVER<br>Served  : 09/02/2009<br>Return  : 09/02/2009<br>On    : FURMON, CHARLES R<br>Signed By :<br><br>Reason  : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000070886 | $0.00 | Image |
| 09/03/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED<br>Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 09/04/2009 | ENTRY GRANTING FUNDS FOR OUT OF STATE WITNESS APPEARANCE FILED | $2.00 | Image |
| 09/04/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED<br>Attorney: COOK REICH, MELYNDA (0066596);Attorney: PORTER, RANDALL (0005835)<br>(FAX) | $0.00 | Image |
| 09/08/2009 | VON CLARK DAVIS EXHIBIT LIST FILED Attorney: COOK REICH, MELYNDA (0066596);<br>Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 09/09/2009 | RETURN-PERSONAL SERVICE OF DOCUMENTS UPON :<br>Method  : SERVICE BY SHERIFF OF BUTLER COUNTY<br>Issued   : 08/19/2009<br>Service  : CRIMINAL SUBPOENA BY SHERIFF<br>Served  : 08/25/2009<br>Return  : 09/09/2009<br>On    : DAVIS, VICTOR<br>Signed By :<br><br>Reason  : PERSONAL SERVICE SUCCESSFUL<br>Comment : BY: KIM PREWITT #1434 (BCSO)<br><br>Tracking # : C000197157 | $7.50 | Image |
| 09/11/2009 | VERDICT FORM FILED | $0.00 | Image |
| 09/21/2009 | JUDGMENT SENTENCING VON CLARK DAVIS TO OHIO DEPT OF CORRECTIONS<br>REHABILITATION | $2.00 | Image |
| 09/21/2009 | "STENOGRAPHER" (TAPE TRANSCRIPTION) FEE | $25.00 |  |
| 09/21/2009 | Taking or receiving prisoner before the judge. | $30.00 |  |
| 09/21/2009 | SENTENCING OPINION FILED | $24.00 | Image |
| 09/22/2009 | FILING IN COURT OF APPEALS AND NOTIFICATION TO SUPREME COURT OF<br>JUDGMENT ENTRY OF CONVICTION AND SENTENCING OPINION FILED NASTOFF,<br>PATER,SPAETH, JUDGES | $2.00 | Image |
| 09/23/2009 | UPS TRACKING INFORMATION; PROOF OF DELIVERY | $0.00 | Image |
| 10/12/2009 | DEFENDANT ON PROBATION OR INCARCERATED. COSTS TO BE COLLECTED BY<br>PROBATION. |  |  |
| 10/22/2009 | TRANSCRIPT REQUEST FILED | $0.00 | Image |
| 11/02/2009 | REQUEST FOR COURT PAID EXPERTS AND/OR EXPENSES $487.50 FILED | $2.00 | Image |
| 01/08/2010 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES $16,519.25 & AFFIDAVIT<br>OF INDIGENCY FILED,for atty.: MELYNDA COOK | $2.00 | Image |
| 01/08/2010 | Indigent Application Fee (OPD-206R) ORC 120.36 | $25.00 |  |
| 01/26/2010 | DEFENDANT'S MOTION FOR APPOINTMENT AND MOTION TO ALLOW APPEARANCE | $0.00 | Image |

3/23/2015           CourtView Justice Solutions

|  |  | | |
|---|---|---|---|
| | PRO HAC VICE FILED<br>Attorney: KOMP, LAURENCE (0060142) (FAX) | | |
| 01/27/2010 | REQUEST FOR COURT PAID EXPERTS AND/OR EXPENSES $17,862.00 FILED | $2.00 | Image |
| 02/11/2010 | ORDER GRANTS DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO ALLOW APPEARANCE PRO HAC VICE FILED (FAX) | $2.00 | Image |
| 03/26/2010 | ENTRY DEFENDANT'S MOTION FOR THE APPROPRIATION OF FUNDS FOR A PSYCHOLOGIST(APRIL 3, 2008) BE REFILED UNDER SEAL FILED NASTOFF,J | $2.00 | Image |
| 03/26/2010 | ENTRY DEFENDANT'S MOTION FOR THE APPROPRIATION OF FUNDS FOR A PSYCHOLOGIST(APRIL 3, 2008) BE REFILED UNDER SEAL FILED NASTOFF,J | $2.00 | Image |
| 06/23/2010 | PRECIPE FOR DEATH WARRANT IN STATE CASE FILED<br>Attorney: PIPER Prosecutor Butler County Ohio, ROBIN (23205) | $0.00 | Image |
| 07/15/2010 | ENTRY ORDERING WRIT FOR EXECUTION OF DEATH PENALTY FILED | $2.00 | Image |
| 07/20/2010 | Issue Date: 07/20/2010<br>Service: DEATH WARRANT<br>Method: SERVICE BY CERTIFIED MAIL<br>Cost Per: $   8.00<br><br><br>SUPREME COURT OF OHIO<br>CLERKS OFFICE<br>65 SOUTH FRONT ST 8TH FLOOR<br>COLUMBUS, OH  43215<br>Tracking No: L000226575 | $8.00 | |
| 07/20/2010 | DEATH WARRANT ISSUED.<br><br>DEATH WARRANT<br>Sent on: 07/20/2010 11:10:09 | | Image |
| 07/21/2010 | Issue Date: 07/21/2010<br>Service: PERSONAL SERVICE BY SHERIFF<br>Method: SERVICE BY SHERIFF OF BUTLER COUNTY<br>Cost Per: $   2.00<br><br>SOUTHERN OHIO CORRECTIONAL FACILITY<br>LUCASVILLE, OH  45699<br>Tracking No: C000216863 | $2.00 | |
| 07/21/2010 | PERSONAL SERVICE OF WRIT: UPON:<br><br>PERSONAL SERVICE BY SHERIFF<br>Sent on: 07/21/2010 11:04:57 | $0.00 | Image |
| 07/21/2010 | DEATH WARRANT | $0.00 | Image |
| 07/21/2010 | Issue Date: 07/21/2010<br>Service: DEATH WARRANT<br>Method: SERVICE BY CERTIFIED MAIL<br>Cost Per: $   8.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: KOMP, LAURENCE<br>ATTORNEY AT LAW<br>PO BOX 1785<br>MANCHESTER, MI  63011<br>Tracking No: L000226665 | $8.00 | |
| 07/21/2010 | DEATH WARRANT ISSUED.<br><br>DEATH WARRANT | | Image |

VON CLARK DAVIS v. WARDEN<br>CASE NO. 2:16-cv-00495<br>APPENDIX - Page 3181

3/23/2015                       CourtView Justice Solutions

Sent on: 07/21/2010 11:44:42

| Date | Description | Amount | |
|---|---|---|---|
| 07/21/2010 | Issue Date: 07/21/2010<br>Service: DEATH WARRANT<br>Method: SERVICE BY INTER-OFFICE COURIER<br>Provider: JOHNSON, CAROLYN<br>Cost Per: $    5.00<br><br>BUTLER COUNTY PROSECUTORS OFFICE<br>315 HIGH ST, 11TH FLOOR<br>ATTN MIKE OSTER<br>HAMILTON, OH  45011<br>Tracking No: I000003538<br><br>NASTOFF Judge, ANDREW<br>GOVERNMENT SERVICES CENTER<br>315 HIGH STREET 3RD FLOOR<br>HAMILTON, OH  45011<br>Tracking No: I000003539 | $10.00 | |
| 07/21/2010 | DEATH WARRANT ISSUED.<br><br>DEATH WARRANT<br>Sent on: 07/21/2010 12:12:40 | | Image |
| 07/27/2010 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>    Method   : SERVICE BY CERTIFIED MAIL<br>    Issued    : 07/20/2010<br>    Service   : DEATH WARRANT<br>    Served   : 07/23/2010<br>    Return    : 07/27/2010<br>    On      : SUPREME COURT OF OHIO<br>    Signed By : SUPREME COURT OF OHIO<br><br>    Reason   : CERTIFIED MAIL SERVICE SUCCESSFUL<br>    Comment  :<br><br>    Tracking # : L000226575 | $0.00 | Image |
| 07/27/2010 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>    Method   : SERVICE BY CERTIFIED MAIL<br>    Issued    : 07/21/2010<br>    Service   : DEATH WARRANT<br>    Served   : 07/23/2010<br>    Return    : 07/27/2010<br>    On      : KOMP, LAURENCE<br>    Signed By : LAURENCE E KOMP<br><br>    Reason   : CERTIFIED MAIL SERVICE SUCCESSFUL<br>    Comment  :<br><br>    Tracking # : L000226665 | $0.00 | Image |
| 08/30/2010 | PERSONAL SERVICE OF DEATH WARRANT : UPON: BUTLER COUNTY SHERIFF TO SERVE  SOUTHERN OHIO CORRECTIONAL FACILITY SERVED: 8/20/10 | $0.00 | Image |
| 09/13/2010 | ALL PAPERS SENT TO COURT OF APPEALS | $0.00 | |
| 09/23/2010 | APPELLANT'S MOTION FOR A STAY OF EXECUTION FILED Attorney: KOMP, LAURENCE (0080142) (FAX) | $0.00 | Image |
| 10/11/2010 | DECISION AND ENTRY DENYING DEFENDANT'S MOTION FOR A STAY OF EXECUTION FILED | $2.00 | Image |
| 02/22/2011 | MANDATE filed, forwarded to C.A.fileroom clerk > 12thDistrict AppealsCourt CA# :  CA09-10-0263 | $35.00 | Image |
| 10/21/2011 | DEFENDANT-PETITIONER'S MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 10/21/2011 | DEFENDANT-PETTIONER'S MOTION FOR RECUSAL FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 10/21/2011 | NOTICE OF APPEARANCE OF COUNSEL FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | $2.00 | Image |

3/23/2015           CourtView Justice Solutions

(0040434); Attorney: HENRY, ERIK P (0085155)

| Date | Description | Amount | |
|------|-------------|--------|---|
| 10/21/2011 | POST-CONVICTION DEFENDANT-PETITIONER VON CLARK DAVIS' PETITION TO VACATE OR SET ASIDE SENTENCE PURSUANT TO R.C. 2953.31 FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 10/25/2011 | STIPULATION OF EXTENSION OF TIME TO RESPOND TO PENDING MOTIONS FILED Attorney: GATTERDAM, KORT (0040434) Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 11/10/2011 | STATE OF OHIO'S MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY FILED Attorney: CASTER, DONALD R (0077413); Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 11/10/2011 | MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT FILED Attorney: CASTER, DONALD R (0077413) | $0.00 | Image |
| 11/10/2011 | STATE OF OHIO'S MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION FOR RECUSAL FILED Attorney: CASTER, DONALD R (0077413); Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 11/21/2011 | POST-CONVICTION DEFENDANT-PETITIONER'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE REPLY MEMORANDUM IN SUPPORT OF POST-CONVICTION PETITION, MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY, AND MOTION FOR RECUSAL FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 11/22/2011 | ENTRY GRANTING DEFENDANT-PETITIONER'S UNOPPOSED MOTION FOR EXTENSION OF TIME FILED | $2.00 | Image |
| 11/29/2011 | ENTRY GRANTING DEFENDANT'S-PETITIONER'S MOTION FOR EXTENSION OF TIME FILED | $2.00 | Image |
| 12/07/2011 | DEFENDANT-PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | | Image |
| 12/07/2011 | DEFENDANT-PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | | Image |
| 12/07/2011 | DEFENDANT-PETITIONER VON CLARK DAVIS' MEMORANDUM IN OPPOSITION TO PLAINTIFF-RESPONDENT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 01/06/2012 | ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL FILED | $2.00 | Image |
| 01/13/2012 | DEFENDANT-PETITIONER VON CLARK DAVIS'S APPLICATION FOR DISQUALIFICATION OF BUTLER COUNTY COMMON PLEAS COURT JUDGE DANIEL ANDREW NASTOFF FILED Attorney: GATTERDAM, KORT (0040434) (FILED JAN 10, 2012 CLERK OF COURT SUPREME COURT OF OHIO CASE # 12AP004) | $0.00 | Image |
| 01/13/2012 | AFFIDAVIT OF KORT GATTERDAM FILED | $0.00 | Image |
| 02/22/2012 | JUDGMENT ENTRY FILED | $10.00 | Image |
| 11/26/2012 | ENTRY AND ORDER DISMISSING PETITION FOR POSTCONVICTION RELIEF AND DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY (FINAL APPEALABLE ORDER) FILED | $36.00 | Image |
| 12/18/2012 | NOTICE OF APPEAL CA 2012 12 0258 FILED | $0.00 | Image |
| 07/03/2013 | Issue Date: 07/03/2013 Service: COPY BY CERTIFIED MAIL Method: SERVICE BY CERTIFIED MAIL Cost Per: $ 8.00 <br><br> SUPREME COURT OF OHIO CLERK OF COURTS STEVE KAHLER, RECORDS SPECIALIST 65 SOUTH FRONT ST 8TH FLOOR COLUMBUS, OH 43215 Tracking No: L000305186 | $8.00 | |
| 07/03/2013 | COPY BY CERTIFIED MAIL ISSUED. COPY ISSUED BY CERTIFIED MAIL | $0.00 | Image |

3/23/2015                                    CourtView Justice Solutions

Sent on: 07/03/2013 08:54:03.42

| 07/12/2013 | RETURN RECEIPT OF CERTIFIED MAIL OF | $0.00 | Image |
| | Method    : SERVICE BY CERTIFIED MAIL | | |
| | Issued    : 07/03/2013 | | |
| | Service   : COPY BY CERTIFIED MAIL | | |
| | Served    : 07/08/2013 | | |
| | Return    : 07/12/2013 | | |
| | On        : SUPREME COURT OF OHIO | | |
| | Signed By : SUPREME COURT OF OHIO | | |
| | | | |
| | Reason    : CERTIFIED MAIL SERVICE SUCCESSFUL | | |
| | Comment   : | | |
| | | | |
| | Tracking # : L000305186 | | |
| 07/22/2013 | NOTICE- SENT FILINGS FROM 10-21-11 TO PRESENT INTEROFFICE TO COURT OF APPEALS (PER JUDY) | $0.00 | |
| 09/09/2013 | MANDATE filed, forwarded to C.A.fileroom clerk > 12thDistrict AppealsCourt CA# : CA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 | $35.00 | Image |
| 07/14/2014 | JUDGMENT ENTRY FROM SUPREME COURT AFFIRMING FILED | $2.00 | Image |

IMAGED

**STATE OF OHIO**                                    **CASE NO. CR83-12–0614**

      **Plaintiff**

                   **STATE OF OHIO**
**vs.**                                            **COUNTY OF BUTLER**
                       **COURT OF COMMON PLEAS**
**VON CLARK DAVIS**                                 (Andrew Nastoff, J.)

      **Defendant**                        **ENTRY SCHEDULING**
                                **STATUS CONFERENCE**

: : : : : : :

It appearing to the Court this 2nd day of October, 2007, that a conditional writ of habeas corpus under U.S.C. §2254 was issued by the United States District Court for the Southern District of Ohio, Eastern Division, in **_Davis v. Coyle_**, *Case No. 1:97-CV-402*, on July 19, 2007, mandating a new sentencing hearing for the Defendant in the case at bar,

**IT IS HEREBY ORDERED** that a status conference is hereby scheduled to take place on November 1, 2007, at 1:00 p.m. for discussion of all relevant issues and scheduling of further proceedings herein.

**E N T E R**

NASTOFF, J.

**Approved as to form:**

**ROBIN N. PIPER**  (0023205)
**PROSECUTING ATTORNEY**
**BUTLER COUNTY, OHIO**
DGE/
October 2, 2007

cc:
Alan M. Freedman
Counsel for Defendant, Von Clark Davis
c/o Midwest Center for Justice, Ltd.
831 Main Street
Evanston, IL 60202

Laurence E. Komp
Counsel for Defendant, Von Clark Davis
P.O. Box 1785
Manchester, MO 63011

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012



# THE SUPREME COURT OF OHIO '07 NOV -6 AM 10: 45

In the Common Pleas Court of Butler County

## Appointment of Trial Counsel in a Capital Case

This form is used pursuant to Rule 20 of the Rules of Superintendence for the Courts of Ohio to report the appointment of trial counsel where the defendant is indigent, counsel is not privately retained by or for the defendant, and the death penalty can be or has been imposed upon the defendant. **Return this form within two weeks of appointment to: Cindy Johnson, Supreme Court of Ohio, 30 E. Broad Street, Third Floor, Columbus, OH 43266-0419. A copy of the indictment must be attached.**

Defendant's Name: Von Clark Davis      Case No. CR 1983 12 0614

Trial Judge: Daniel Andrew Nastoff      Atty. Registration No. 0056263

| **Lead Counsel** | **Co-Counsel** |
|---|---|
| Name: Randall L. Porter, Asst. Public Defender | Name: |
| Atty. Reg. No. 0005835 | Atty. Reg. No. |
| Address: 8 E. Long ST., Ste. 1100 | Address: |
| Columbus, OH 43215 | |
| Telephone: 614-466-5394 | Telephone: |

Certified under Sup.R. 20 as:         Certified under Sup.R. 20 as:
Lead Counsel   ×               Lead Counsel_____
Co-Counsel_____            Co-Counsel_____
Appellate Counsel_____       Appellate Counsel_____

Date of Appointment: 11/5/07        Date of Appointment:_____

## ATTORNEY CERTIFICATION

We hereby accept appointment as trial counsel in this case, affirm that we are currently certified under Sup.R. 20 to accept appointment as lead counsel or co-counsel, and certify that this appointment will not create a total workload so excessive that it interferes with or prevents the rendering of quality representation in accordance with constitutional and professional standards.

Lead Counsel
Date: 11/05/07           Co-Counsel
                                    Date:_____

**Rev. 8/20/03**

STATE OF OHIO                    :           CASE NO. CR83-12-061

           Plaintiff        :           STATE OF OHIO
                                             COUNTY OF BUTLER
vs.                             :           COURT OF COMMON PLEAS

VON CLARK DAVIS                  :           ENTRY FOR TRANSPORT

         Defendant         :

: : : : : : : : : : :

    It appearing to the Court that Von Clark Davis, Inmate No. A179828,  is confined at the Ohio State Penitentiary.

    It further appearing to the Court that a hearing in the above captioned matter is set for **Status Hearing on December 3, 2007 at 9:00 a.m.** in the Butler County Court of Common Pleas, before the Honorable Andrew Nastoff.

    **IT IS THEREFORE, ORDERED** that the Warden of the Ohio State Penitentiary cause the defendant to be released to the Sheriff of Butler County, Ohio, for the purpose of attending said hearing in Butler County, Ohio, and said defendant shall be held in the custody of the Sheriff of Butler County, Ohio, until the completion of said hearing and upon the completion of said hearing, defendant  shall be returned to the  institution unless otherwise Ordered by this Court.

APPROVED AS TO FORM:                         ENTER

ROBIN PIPER
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

                                                  Nastoff, J.

MAO/beg
November 5, 2007





## IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

Plaintiff-Respondent,          :          Case No. CR 1983-12-0614

vs.                                     :

VON CLARK DAVIS                        :          Judge Daniel Andrew Nastoff

Defendant-Petitioner.          :

---

## WAIVER OF APPEARANCE OF VON CLARK DAVIS
## FOR THE NOVEMBER 5, 2007 STATUS CONFERENCE

---

I, Von Clark Davis, sign this form for purposes of telling this Court that I had told both Lawrence Komp and Randall Porter that I gave up my right to come to the November 5, 2007 status conference. I spoke with both attorneys on the telephone and told them that. I then wrote Mr. Porter a letter and told him the same thing in the letter.

*Von C. Davis*
Von Clark Davis

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Waiver Of Appearance Of Von Clark Davis For The November 5, 2007 Status Conference was forwarded by first-class U.S. Mail, postage prepaid to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 26th day of November, 2007.

RANDALL L. PORTER #0005835
Assistant State Public Defender

COUNSEL FOR VON CLARK DAVIS

2



**Office of the Ohio Public Defender**
8 East Long Street
Columbus, Ohio 43215-2998                          www.opd.ohio.gov

                                                   (614) 466-5394
DAVID H. BODIKER                                   Fax (614) 644-0708
State Public Defender

November 26, 2007

VIA: OVERNIGHT

Clerk, Court of Common Pleas
Butler County
3rd Floor, Government Services Center
315 High Street
Hamilton, Ohio 45011

        Re:   *State v. Von Clark Davis*
              Case No. CR 1983-12-0614

Dear Clerk:

        Enclosed please find the original and five (5) copies of the Waiver of Appearance of Von Clark Davis for the November 5, 2007 Status Conference to be filed in the above-captioned case.

        Please return a time stamped copy in the envelope provided. Thank you.

                                   Sincerely,

                                   Randall L. Porter
                                   Assistant State Public Defender

RLP/ts

Encls.

268003

**COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

STATE OF OHIO                                      :       Case No. CR _83-12-0614_

     Plaintiff                                   :       Judge _Jastoff_

vs.                                               :

_Von Clark Davis_                                 :       **PRETRIAL ORDER**

_____                        :

     Defendant(s)                           :
                                        *****************
This matter came before this Court this _3_ day of _December_, 20_07_

and the following orders and deadlines were established, and shall be the order of the Court:

_____   PLEA or TRIAL SETTING is set for _____ at _____ ___ m.

_____   DISPOSITION is set for _____ at _____ ___ m.

_____   TRIAL is to commence on _____ at _____ ___ m.

_____   MOTION _____ shall be filed by _____

         and shall be heard on _____ at _____ ___ m.
                  STATUS
___✓___   OTHER HEARING is set for _12/4/07_ at _1:30_ ___ m.

_____   BILL OF PARTICULARS

         Defendant's motion to be filed by _____

         Prosecutor's response to be filed by _____

_____   DISCOVERY

         Defendant's motion to be filed by _____

         Prosecutor's response to be filed by _____

         Prosecutor's motion to be filed by _____

         Defendant's response to be filed by _____

BOND IS REVOKED/SET _D waived time requirements on the_

CAPIAS TO ISSUE _recird_

                            **SO ORDERED:**

_____                          _____
Defense Counsel                                    Judge

_____                          _____
Defendant                                          Prosecutor



IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

    Plaintiff-Respondent,          :          Case No. CR 1983-12-0614

vs.                                     :

VON CLARK DAVIS                         :          Judge Daniel Andrew Nastoff

    Defendant-Petitioner.          :

---

## NOTICE OF FILING BY VON CLARK DAVIS

---

      Von Clark Davis provides notice of filing with this Court of the November 27, 2007 entry of Federal District Court Judge James L. Graham extending the time by 180 days to comply with the conditional writ of habeas corpus issued on July 19, 2007.

                    Respectfully submitted,

                    DAVID H. BODIKER
                    Ohio Public Defender

                    RANDALL L. PORTER - 0005835
                    Assistant State Public Defender

                    Office of the Ohio Public Defender
                    8 East Long Street -11th Floor
                    Columbus, Ohio 43215
                    (614) 466-5394 (Voice(
                    (614) 644-0703 (Facsimile)
                    PorterR@OPD.state.OH.US

                    COUNSEL FOR VON CLARK DAVIS



## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice Of Filing By Von Clark Davis was hand delivered to Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 3rd day of December, 2007.

RANDALL L. PORTER #0005835
Assistant State Public Defender

COUNSEL FOR VON CLARK DAVIS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Von Clark Davis,

       Petitioner,

     v.                    Case No. 1:97-cv-402

Ralph Coyle, Warden,

       Respondent.

<u>ORDER</u>

The parties have filed a joint motion for an extension of time
for the State of Ohio to comply with the conditional writ of habeas
corpus issued by this court on July 19, 2007.  The motion is
granted, and the deadline for compliance with the writ is extended
for a period of one hundred and eighty (180) days.

Date: November 27, 2007          _____s\James L. Graham_____
                        James L. Graham
                        United States District Judge

**COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

STATE OF OHIO,                    *        Case Number: CR 1983 12 0614
                                  *
        Plaintiff,                *        Judge Andrew Nastoff
                                  *
vs.                               *
                                  *        **TIME WAIVER**
VON CLARK DAVIS,                  *
                                  *
        Defendant.                *
                                  *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Now Comes the undersigned defendant, _Von Clark Davis_ , and after fully

consulting with my attorneys of record; and after discussing this matter in detail with them,

including the legal ramifications and the tactical advantages and disadvantages; and upon

receiving their advice, I do Knowingly, Intelligently, and Voluntarily state that I have been

informed of, and had explained to me, my right to have this case heard under a very specific

time limitation per the decision of the Sixth Circuit Court of Appeals, and the ORDERS of

the United States District Court for the Southern District of Ohio, Eastern Division. (See,

_Davis v. Coyle_, 475 F.3d 761 (6th Cir. 2007), See, also ORDER, case no. 1:97-cv-402, dated

July 19, 2007, and ORDER, case no 1:97-cv-402, dated Nov. 27, 2007.) I understand,

among other things, if my re-sentencing hearing, which in this case is a mitigation hearing,

is not granted within the time table as handed down by the aforementioned Federal Courts

Orders, my attorneys could file a motion to have the granting of the Writ of Habeas Corpus

enforced.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

1

I also understand and hereby Knowingly, Intelligently, and Voluntarily waive any potential speedy trial rights I may have as to this re-sentencing hearing pursuant to, and under both the Ohio Constitution, and the Constitution of the United States of America. I have completely read this waiver, discussed it with both my attorneys, and understand its consequences and effects. I have been promised nothing and expect nothing for waiving time and executing this document. I have not been threatened, coerced, or pressured in any way to give up these rights. I have also been promised nothing in return for giving up these rights.

Therefore, I do, being of clear mind, Knowingly, Intelligently, and Voluntarily waive my rights as to the time limitations established by the aforementioned Federal Courts, and any other speedy trial right or speedy re-sentencing right that I have under both the Ohio Constitution, and the Constitution of the United States of America, it being in my best interest.

_____
Defendant
Date: 12/4/07

_____
Lead Counsel for Defendant

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

_____
JUDGE

_____
Co-Counsel for Defendant

2



## THE SUPREME COURT OF OHIO

2007 DEC -5 PM 3:17

In the Common Pleas Court of Butler County

### Appointment of Trial Counsel in a Capital Case

COUNTY
CLERK OF COURTS

This form is used pursuant to Rule 20 of the Rules of Superintendence for the Courts of Ohio to report the appointment of trial counsel where the defendant is indigent, counsel is not privately retained by or for the defendant, and the death penalty can be or has been imposed upon the defendant.  **Return this form within two weeks of appointment to: Cindy Johnson, Supreme Court of Ohio, 30 E. Broad Street, Third Floor, Columbus, OH 43266-0419.  A copy of the indictment must be attached.**

Defendant's Name: Von Clark Davis          Case No. CR83-12-0614

Trial Judge: Daniel Andrew Nastoff          Atty. Registration No. 0056263

| **Lead Counsel** | **Co-Counsel** |
|---|---|
| Name: Randall L. Porter, Asst. Public Defender | Name: Melynda Cook-Reich |
| Atty. Reg. No. 0005835 | Atty. Reg. No. 0066596 |
| Address: 8 E Long ST, Ste. 1100 | Address: 1501 First AV |
| Columbus, OH 43215 | Middletown, OH 45044 |
| Telephone: 614-466-5394 | Telephone: 513-424-1823 |
| Certified under Sup.R. 20 as: | Certified under Sup.R. 20 as: |
| Lead Counsel ___ⅹ___ | Lead Counsel _____ |
| Co-Counsel _____ | Co-Counsel ___ⅹ___ |
| Appellate Counsel _____ | Appellate Counsel _____ |
| Date of Appointment: 11/5/07 | Date of Appointment: 12/3/07 |

## ATTORNEY CERTIFICATION

We hereby <u>accept</u> appointment as trial counsel in this case, <u>affirm</u> that we are currently certified under Sup.R. 20 to accept appointment as lead counsel or co-counsel, and <u>certify</u> that this appointment will not create a total workload so excessive that it interferes with or prevents the rendering of quality representation in accordance with constitutional and professional standards.

_____          _____
Lead Counsel                     Co-Counsel
Date: 12-4-07                    Date: 12-4-7

**Rev. 8/20/03**



**COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

STATE OF OHIO                          : Case No. CR _83-12-0614_

    Plaintiff                          : Judge _Nastoff_

vs.                                    :

_Von Clark Davis_                      : **PRETRIAL ORDER**

_____             :

    Defendant(s)                   :

*******************

This matter came before this Court this _4_ day of _December_, 20 _07_

and the following orders and deadlines were established, and shall be the order of the Court:

_____    PLEA or TRIAL SETTING is set for _____ at _____ m.

_____    DISPOSITION is set for _____ at _____ m.

_____    TRIAL is to commence on _____ at _____ m.

_____    MOTION _____ shall be filed by _____

         and shall be heard on _____ at _____ m.

__✓___    OTHER HEARING is set for _2/4/08_ at _2:00_ m.

_____    BILL OF PARTICULARS

         Defendant's motion to be filed by _____

         Prosecutor's response to be filed by _____

_____    DISCOVERY

         Defendant's motion to be filed by _____

         Prosecutor's response to be filed by _____

         Prosecutor's motion to be filed by _____

         Defendant's response to be filed by _____

BOND IS REVOKED/SET ~~Court was~~ _Δ waived all time requirements_

CAPIAS TO ISSUE _in case on the record and in writing. Ct. to sign_

**SO ORDERED:** _entry re-assuming jurisdiction & granting re-sentencing hrg._

_____      _____
Defense Counsel                Judge

_____      _____
Defendant                      Prosecutor



# COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case Number CR1983-12-0614 |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| VON CLARK DAVIS, | : | **ORDER GRANTING A NEW** |
| Defendant. | : | **SENTENCING HEARING** |
| | : | |

The United States Court of Appeals for the Sixth Circuit, in Mr. Davis's appeal from his conviction for capital murder and resulting death sentence, entered an order reversing "the judgment of the district court denying habeas relief" and remanding to the district court "for the issuance of a conditional writ under 28 U.S.C. §2254." _Davis v. Coyle_, 475 F.3d 761, 781, 2007 Fed.App. 0043P (6th Cir. 2007). Pursuant to that Order, the United States District Court for the Southern District of Ohio, Eastern Division, granted a conditional writ "conditioned upon the State of Ohio, within one-hundred, eighty (180) days of this order, granting petitioner a new sentencing hearing." See, ORDER, case no. 1:97-cv-402, dated July 19, 2007 (Graham, J) [Exhibit A].

In Order to Fully comply with the mandate from the Federal Courts, this court has assumed jurisdiction of the present case, and with no objection from either party, hereby ORDERS AND DECREES that the Defendant is GRANTED a "new sentencing hearing."



Nastoff, J.



IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VON CLARK DAVIS,

        Petitioner,

  -v-

RALPH COYLE, Warden,

        Respondent.

Case No. 1:97-cv-402
JUDGE GRAHAM
Magistrate Judge King

<u>ORDER GRANTING CONDITIONAL WRIT OF HABEAS CORPUS</u>

This Court entered final judgment dismissing petitioner's death penalty habeas corpus action on September 4, 2001. This matter is before the Court upon the mandate of the United States Court of Appeals for the Sixth Circuit, issued on July 16, 2007, giving effect to the Sixth Circuit's decision of January 29, 2007, reversing this Court's decision and remanding the matter to this Court for issuance of a conditional writ of habeas corpus under 28 U.S.C. § 2254. (Doc. # 156.)

On January 29, 2007, the Sixth Circuit held that the state trial court had erred in not allowing petitioner to present additional mitigating evidence documenting his positive behavior in prison during the time between his original sentencing hearing and his resentencing hearing five years later, and that petitioner was entitled to a new resentencing hearing in the state trial court as a result of the error. *Davis v. Coyle*, 475 F.3d 761, 772-75 (6th Cir. 2007). The Sixth Circuit's decision (Doc. # 154) and corresponding judgment (Doc. # 155), given effect by the mandate issued on July 16, 2007 (Doc. # 156), remanded the case to this Court "for issuance of a conditional writ of habeas corpus under 28 U.S.C. § 2254." *Id.*, at 781; *see also* Doc. # 155.

Accordingly, the Writ of Habeas Corpus is **GRANTED**, conditioned upon the State of

Ohio, within one-hundred, eighty (180) days of the date of this order, granting petitioner a new

sentencing hearing.

     IT IS SO ORDERED.


Date: July 19, 2007               _____s\James L. Graham_____

                          James L. Graham
                          United States District Judge

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3201

| | |
|---|---|
| **From:** | "RANDALL PORTER" <Randall.Porter@OPD.OHIO.GOV> |
| **To:** | "Michael Oster" <Osterm@butlercountyohio.org>, "Judge Andrew Nastoff" <N... |
| **CC:** | <mcook@bizcinci.rr.com> |
| **Date:** | 12/4/2007 7:10 PM |
| **Subject:** | RE: Draft or Order in Von Clark Davis |

Could Mr. Cook-Reich and I please have 24 hours to look at the order. I
got back to the Office at 5:00 and I would like to have the opportunity
to discuss the matter with Ms. Cook-Reich. I do not know her
availability tomorrow and I will be out of the office part of the day
meeting with a political science class.  Thanks

-----Original Message-----
From: Michael Oster [mailto:Osterm@butlercountyohio.org]
Sent: Tuesday, December 04, 2007 3:44 PM
To: Judge Andrew Nastoff
Cc: mcook@bizcinci.rr.com; RANDALL PORTER; RANDALL PORTER
Subject: Draft or Order in Von Clark Davis

Judge Nastoff,

    In accordance with the request made a today's hearing, attached
is a draft Order. I have copied both Mr. Porter and Ms. Cook-Reich on
this e-mail. I attempted to make the order as specific as I could by
using direct language from the Federal Courts where applicable. Thank
you for you time and consideration on this matter. If there is anything
else needed of the State before this order could be signed and entered
please let me know.

Sincerely,
Michael Oster

Both Michael A. Oster, Jr., and The Butler County Prosecutor's Office
intend that this message be used exclusively by the addressee(s). This
message may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Unauthorized disclosure or
use of this information is strictly prohibited. If you have received
this message in error, please dispose of the original message and notify
Michael A. Oster, Jr., immediately . Thank you.

| | |
|---|---|
| Subject: | RE: Draft or Order in Von Clark Davis |
| Received: | Tue, 4 Dec 2007 19:11:43 -0500 |
| From: | "RANDALL PORTER" <Randall.Porter@OPD.OHIO.GOV> |
| To: | "Michael Oster" <Osterm@butlercountyohio.org>,"Judge Andrew Nastoff" <NastoffA@butlercountyohio.org> |
| Cc: | <mcook@bizcinci.rr.com> |

Could Mr. Cook-Reich and I please have 24 hours to look at the order. I got back to the Office at 5:00 and I would like to have the opportunity to discuss the matter with Ms. Cook-Reich. I do not know her availability tomorrow and I will be out of the office part of the day meeting with a political science class.  Thanks

-----Original Message-----
From: Michael Oster [mailto:Osterm@butlercountyohio.org]
Sent: Tuesday, December 04, 2007 3:44 PM
To: Judge Andrew Nastoff
Cc: mcook@bizcinci.rr.com; RANDALL PORTER; RANDALL PORTER
Subject: Draft or Order in Von Clark Davis

Judge Nastoff,

    In accordance with the request made a today's hearing, attached is a draft Order.  I have copied both Mr. Porter and Ms. Cook-Reich on this e-mail.  I attempted to make the order as specific as I could by using direct language from the Federal Courts where applicable.  Thank you for you time and consideration on this matter.  If there is anything else needed of the State before this order could be signed and entered please let me know.

Sincerely,
Michael Oster

Both Michael A. Oster, Jr., and The Butler County Prosecutor's Office intend that this message be used exclusively by the addressee(s).  This message may contain information that is privileged, confidential and exempt from disclosure under applicable law.  Unauthorized disclosure or use of this information is strictly prohibited.  If you have received this message in error, please dispose of the original message and notify Michael A. Oster, Jr., immediately .  Thank you.

| | |
|---|---|
| **From:** | Michael Oster |
| **To:** | Judge Andrew Nastoff |
| **CC:** | mcook@bizcinci.rr.com;  RANDALL PORTER;  RANDALL PORTER |
| **Date:** | 12/7/2007 1:09 PM |
| **Subject:** | VonClark Davis Order |
| **Attachments:** | ORDER.Granting.VCD.wpd |

Judge,

   Per telephone calls and e-mails with defense counsel, I am attaching an Order which has been agreed to by all of the parties.  Please let me know if there is anything else you may need.

Michael Oster

Both Michael A. Oster, Jr., and The Butler County Prosecutor's Office intend that this message be used exclusively by the addressee(s).  This message may contain information that is privileged, confidential and exempt from disclosure under applicable law.  Unauthorized disclosure or use of this information is strictly prohibited.  If you have received this message in error, please dispose of the original message and notify Michael A. Oster, Jr., immediately .  Thank you.

(12/17/2007) Judge Andrew Nastoff - RE: Draft or Order in Von Clark Davis                                    Page 1

| | |
|---|---|
| **From:** | "Melynda Cook-Reich" <mcook@bizcinci.rr.com> |
| **To:** | "'Michael Oster'" <Osterm@butlercountyohio.org> |
| **CC:** | "'RANDALL PORTER'" <randall.porter@opd.ohio.gov>, "'RANDALL PORTER'" <Ra... |
| **Date:** | 12/7/2007 1:47 PM |
| **Subject:** | RE: Draft or Order in Von Clark Davis |

Michael-

This is a follow up to the voice mail I left you this morning after Randall
Porter and I were able to confer on the draft order. With the addition of
the stylistic changes Randall suggested, we approve of the language of this
draft Order.

Melynda Cook-Reich

-----Original Message-----
From: Michael Oster [mailto:Osterm@butlercountyohio.org]
Sent: Tuesday, December 04, 2007 3:44 PM
To: Judge Andrew Nastoff
Cc: mcook@bizcinci.rr.com; RANDALL PORTER; RANDALL PORTER
Subject: Draft or Order in Von Clark Davis

Judge Nastoff,

      In accordance with the request made a today's hearing, attached is a
draft Order. I have copied both Mr. Porter and Ms. Cook-Reich on this
e-mail. I attempted to make the order as specific as I could by using
direct language from the Federal Courts where applicable. Thank you for you
time and consideration on this matter. If there is anything else needed of
the State before this order could be signed and entered please let me know.

Sincerely,
Michael Oster

Both Michael A. Oster, Jr., and The Butler County Prosecutor's Office intend
that this message be used exclusively by the addressee(s). This message may
contain information that is privileged, confidential and exempt from
disclosure under applicable law. Unauthorized disclosure or use of this
information is strictly prohibited. If you have received this message in
error, please dispose of the original message and notify Michael A. Oster,
Jr., immediately . Thank you.

No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.503 / Virus Database: 269.16.13/1170 - Release Date: 12/4/2007
10:52 AM

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.503 / Virus Database: 269.16.17/1177 - Release Date: 12/7/2007
1:11 PM

IMAGED

| STATE OF OHIO | : | CASE NO. CR83-12-0614 |
| | | |

**STATE OF OHIO**
**COUNTY OF BUTLER**
**COURT OF COMMON PLEAS**

Plaintiff  :

vs.  :

**VON CLARK DAVIS**  :  **ENTRY FOR TRANSPORT**

Defendant  :

: : : : : : : : : : :

It appearing to the Court that Von Clark Davis, Inmate No. A179828, is confined at the Ohio State Penitentiary.

It further appearing to the Court that a hearing in the above captioned matter is set for a **Motion Hearing on February 4, 2008 at 1:00 p.m.** in the Butler County Court of Common Pleas, before the Honorable Andrew Nastoff.

**IT IS THEREFORE, ORDERED** that the Warden of the Ohio State Penitentiary cause the defendant to be released to the Sheriff of Butler County, Ohio, for the purpose of attending said hearing in Butler County, Ohio, and said defendant shall be held in the custody of the Sheriff of Butler County, Ohio, until the completion of said hearing and upon the completion of said hearing, defendant shall be returned to the **institution** unless otherwise Ordered by this Court.

APPROVED AS TO FORM:                    ENTER

**ROBIN PIPER**
**PROSECUTING ATTORNEY**
**BUTLER COUNTY, OHIO**

Nastoff, J.

**MAO/beg**
**December 19, 2007**



COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

**FILED**

STATE OF OHIO

Plaintiff

2008 FEB -4 PM 3: 11

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

vs.

*Von Clark Davis*

Defendant(s)

: Case No. CR _D3-12-0614_

: Judge _Hartoff_

: **PRETRIAL ORDER**

:

:

:

:

****************
This matter came before this Court this __4__ day of _February_, 20 _08_

and the following orders and deadlines were established, and shall be the order of the Court:

_____ PLEA or TRIAL SETTING is set for _____ at _____ m.

___✓___ DISPOSITION is set for _Mitigation Phase 9/25/08_ at _4days 9A_ m.

_____ TRIAL is to commence on _____ at _____ m. _States Response_

_____ MOTION _for expert funds_ shall be filed by _2/15/08_ _States 2/27/08_

and shall be heard on _3/6/08_ _1 hr_ at _3:00p_ m.

_____ _All other motions_ OTHER HEARING is set for _5/16/08_ _States Response 4/13/08_ at _____ m.

_Hrg on Motions 6/26/08 @ 9am - 1:30pm_

_____ BILL OF PARTICULARS

Defendant's motion to be filed by _____

Prosecutor's response to be filed by _____

_____ DISCOVERY

Defendant's motion to be filed by _____

Prosecutor's response to be filed by _____

Prosecutor's motion to be filed by _____

Defendant's response to be filed by _____

BOND IS REVOKED/SET _Δ to remain at BCJ until at least_

CAPIAS TO ISSUE _5pm on 2/7/08_

**SO ORDERED:**

_____          _____
Defense Counsel                              Judge

_____          _____
Defendant                                        Prosecutor

# The Supreme Court of Ohio

## OFFICE OF ATTORNEY SERVICES
### 65 SOUTH FRONT STREET, COLUMBUS, OH 43215-3431

CHIEF JUSTICE
THOMAS J. MOYER

DIRECTOR
SUSAN CHRISTOFF

JUSTICES
PAUL E. PFEIFER
EVELYN LUNDBERG STRATTON
MAUREEN O'CONNOR
TERRENCE O'DONNELL
JUDITH ANN LANZINGER
ROBERT R. CUPP

TELEPHONE 614.387.9325
TOLL FREE 800.826.9010
FACSIMILE 614.387.9329
www.supremecourtofohio.gov

January 30, 2008

Honorable Daniel Andrew Nastoff
Butler County Common Pleas Court
315 High Street, 3rd Floor
Hamilton, OH 45011

Re: State of Ohio v. Von Clark Davis
Case No. CR83-12-0614

Dear Judge Nastoff:

The Committee on the Appointment of Counsel for Indigent Defendants in Capital Cases is in receipt of the appointment of counsel form reflecting the appointment of Randall Porter and Melynda Cook-Reich as lead trial counsel and trial co-counsel, respectively, in the above-referenced case.

The attorneys are certified by the Committee as follows:

Randall L. Porter      --      Lead Trial and Appeal Counsel

Melynda Cook-Reich      --      Lead Trial and Appeal Counsel

**Enclosed is a Disposition Report Form that must be completed and returned at the conclusion of this case.**

Thank you for your cooperation. If you have any questions, please contact me at 614-387-9330.

Sincerely,

Tammy White

#1448

IMAGED

## IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

STATE OF OHIO,                         :

    Plaintiff,                    :          Case No. CR 1983-12-0614

vs.                                    :

VON CLARK DAVIS                        :          Judge Daniel Andrew Nastoff

    Defendant.                    :

---

## VON CLARK DAVIS' MOTION TO BE HEARD
## EX PARTE ON MOTIONS FOR APPROPRIATION OF FUNDS

COMES NOW, the Defendant Von Clark Davis through Counsel who move

this Court to issue an order authorizing defense counsel to approach this Court

ex parte regarding the appropriation of funds to obtain expert assistance. He has

attached a memorandum of law which he incorporates in this pleading.

Respectfully submitted,

RANDALL L. PORTER – 0005835
COUNSEL FOR VON CLARK DAVIS
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio  43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

*Melynda Cook-Reich*

MELYNDA COOK-REICH – 0066596
COUNSEL FOR VON CLARK DAVIS
REPPER, PAGAN, COOK, Ltd.
COUNSEL FOR VON CLARK DAVIS
1501 First Avenue
Middletown, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

## MEMORANDUM IN SUPPORT

Von Clark Davis is an indigent individual who stands before this Court convicted of capital murder and facing a new sentencing hearing at which he could be sentenced to death. In light of the severity of the possible sentence, the State has a substantially increased interest in assuring the reliability of the fact-finding process and the propriety of the sentence to be imposed. It is therefore essential Mr. Davis be provided with all reasonably necessary assistance.

## I. VON CLARK DAVIS IS ENTITLED TO ALL REASONABLY NECESSARY ASSISTANCE.

Numerous constitutional and statutory provisions are implicated in the indigent defendant's right to assistance. The Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution, guarantee the Accused the right to necessary funding. This Court has found Mr. Davis to be indigent. Therefore, he is entitled to the protections afforded by the relevant constitutional and statutory provisions



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

2

which guarantee an indigent defendant appropriate funding to mount a defense to save his life.

## A. The Fourteenth Amendment guarantees Mr. Davis access to funding to defend his life.

The right to assistance is mandated by both the equal protection and due process clauses of the Fourteenth Amendment. "The State must, as a matter of equal protection, provide indigent prisoners with the basic tools of an adequate defense or appeal, when these tools are available for a price to other prisoners." *Britt v. North Carolina* (1971), 404 U.S. 226, 227. The Supreme Court "has long recognized that when a State brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity to present his defense. This elementary principle, grounded in significant part on the fourteenth amendment's due process guarantee of fundamental fairness, derives from the belief that justice cannot be equal where, simply as a result of his poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty is at stake." *Ake v. Oklahoma* (1985), 470 U.S. 68, 76.

Both equal protection and due process emphasize the central aim of our entire judicial system -- all people charged with a crime must, so far as the law is concerned, "stand on an equality before the bar of justice in every American court." *Griffin v. Illinois* (1965), 351 U.S. 12, 17 (plurality opinion; Black, J.) (quoting *Chambers v. Florida* (1940), 309 U.S. 227, 241). *See also*, *Smith v. Bennett* (1961), 365 U.S. 708, 714 ["the Fourteenth Amendment weights



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

the interests of rich and poor criminals in equal scale, and its hand extends as far to each"].

Preventing an accused from having access to a criminal investigator or an expert witness based on his inability to pay in advance is discrimination based on poverty and a denial of equal protection and due process of the law. "There can be no equal justice where the kind of trial a man gets depends on the amount of money he has." *Griffin v. Illinois,*, 351 U.S. at 19. Similarly, the Court held that a state statute not providing counsel to indigent defendants charged with a felony in non-capital cases constituted a denial of due process of law, "reason and reflection require us to recognize that in our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial, unless counsel is provided for him. *Gideon v. Wainwright* (1963), 372 U.S. 335, 344.

The United States Supreme Court has continued to extend this reasoning into other related areas where the indigent have found themselves on an unequal footing: e.g. *Argersinger v. Hamlin* (1972), 407 U.S. 25 (indigent entitled to counsel for misdemeanor and petty offenses); *Williams v. Oklahoma City* (1969), 395 U.S. 458 (indigent entitled to transcript to enable appeal of a municipal ordinance); *Gardner v. California* (1967), 393 U.S. 367 (indigent entitled to a transcript of an evidentiary hearing in a *habeas corpus* proceeding, for use in making a *de novo* application to a higher court); *Eskridge v. Washington State Board of Prison Terms and Paroles* (1958), 357 U.S. 214 ("conclusion of the trial judge that there was no reversible error in the trial



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

4

cannot be an adequate substitute for the right to full appellate review available to all defendants in [State] who can afford the expense of a transcript"); Roberts v. La Vallee (1967), 389 U.S. 40 (indigent entitled to a copy of the transcript of a preliminary hearing); *Draper v. Washington* (1963), 372 U.S. 487 ("the conclusion of the trial judge that an indigent's appeal is frivolous is [an] . . . inadequate substitute for the full appellate review available to non-indigent's in [the State], when the effect of that finding is to prevent an appellate examination based upon a sufficiently complete record of the trial proceedings"); *Smith v. Bennett* (1961), 365 U.S. 708 (conditioning a collateral attack upon a conviction on payment of a filing fee); *Burns v. Ohio* (1959), 360 U.S. 252 (conditioning direct appeal of a conviction on payment of a filing fee).

In *Ake v. Oklahoma*, the United States Supreme Court held that, when an indigent criminal defendant demonstrates that his sanity at the time of the offense is to be a significant factor at trial, the state "must at a minimum assure the defendant access to a competent psychologist who will conduct appropriate examinations and assist in the evaluation, preparation and presentation of the defense at trial." *Id.* at 83. The Supreme Court's holding in *Ake* has since been expanded and extended beyond psychiatric assistance, to include other types of assistance. *Terry v. Rees* (6th Cir. 1993), 985 F.2d 283 (independent pathologist); *Starr v. Lockhart* (8th Cir. 1994), 23 F.3d 1280 (mental health expert); *Little v. Armontrout* (8th Cir. 1987), 835 F.2d 1240 (hypnotist); *Dunn v. Roberts* (10th Cir. 1992), 963 F.2d 308 (expert on battered woman's syndrome).



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

5

**B. The Sixth Amendment right to counsel guarantees Mr. Davis access to funding to defend his life.**

Fundamental Fairness requires that an accused receive the assistance of counsel at all critical stages of a criminal prosecution. Recognizing the importance of counsel to safeguard constitutional rights, the United States Supreme Court repeatedly has held that an indigent unable to afford his own lawyer is entitled to representation at the expense of the state. *Argersinger v. Hamlin (1972),* 407 U.S. 25; *Gideon v. Wainwright* (1963), 372 U.S. 335; *Johnson v. Zerbs* (1963), 304 U.S. 458 *(1938); Powell v. Alabama* (1932), 287 U.S. 45. "That government hires lawyers to prosecute and defendants who have the money hire lawyers to defend are the strongest indications of the wide-spread belief that lawyers in criminal courts are necessities, not luxuries." *Gideon v. Wainwright,* 372 U.S. at 344.

The Sixth and Fourteenth Amendment guarantee of a right to the assistance of counsel is based on counsel's critical role in ensuring that the fact-finding process of a trial is reliable and that the adversarial system produces just results. For this reason, the Sixth Amendment's guarantee of counsel is a guarantee of *effective* assistance of counsel. *United States v. Cronic* (1984), 466 U.S. 648, 654; *Strickland v. Washington* (1984), 466 U.S. 668, 686; *McMann v. Richardson* (1970), 397 U.S. 759, 771 n.14; *Powell v. Alabama, supra, 287 U.S. at 57-58, 71.* Effectiveness is evaluated with an eye toward its purpose -- ensuring a fair trial through proper functioning of the adversarial process. *Strickland v. Washington,* 466 U.S. at 686. Absent "proper functioning of the



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

6

adversarial process, the trial cannot be relied on as having produced a just result." *Id.*

The United States Supreme Court has recognized that the right to effective assistance of counsel may be denied by external constraints on defense counsel that impede counsel's ability to function adequately in the adversarial process. That is, the right to "effective assistance" requires not only the provision of competent counsel, but also the maintenance of conditions that permit counsel to perform his job. *See, e.g., Geders v. United States* (1976), 425 U.S. 80, 86-91 (trial court may not order defendant to refrain from talking with lawyer during overnight recess); *Herring v. New York* (1975), 422 U.S. 853, 862-63 (trial judge may not deny defense counsel opportunity for summation); *Brooks v. Tennessee* (1972), 406 U.S. 605, 613 (state may not restrict counsel's choice of when to put defendant on stand).

There has always been a relationship between the availability of experts and the level of representation that counsel provides. The critical role that experts play in criminal cases is illustrated by the expenditure of funds and other resources for state forensic laboratories, investigative services, and other technical or scientific services to establish the state's factual case in criminal trials. "Governments, both state and federal, quite properly spend vast sums of money to establish machinery to try defendants accused of crime." *Gideon v. Wainwright, 372 U.S. at 344.*



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

7

"*Counsel has a duty to make reasonable investigations* or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v. Washington,* 466 U.S. at 691. (Emphasis supplied.) There is no difference in effect between an attorney failing to investigate an obvious line of defense, and an attorney being unable to investigate or develop that defense because the indigent defendant has no money to employ necessary experts. In either event, the defendant has not had "the assistance necessary to justify reliance on the outcome of the proceeding." *Id.* at 691-92.

**C. The Sixth Amendment right to compulsory process and confrontation guarantees Mr. Davis access to funding to defend his life.**

Expert assistance at or before a criminal trial is essential to the development of material facts. The Supreme Court long has interpreted the Due Process Clause of the Fourteenth Amendment as requiring that "criminal defendants be afforded a meaningful opportunity to present a complete defense." *California v. Trombetta* (1984), 467 U.S. 479, 485. In addition to requiring the effective assistance of counsel under the Sixth and Fourteenth Amendments, fundamental fairness requires that a criminal defendant and his counsel not be precluded from developing evidence that may result in acquittal.

The United Stats Supreme Court has ruled in many different contexts that a criminal defendant must be afforded the opportunity to develop the facts of his case. The Sixth Amendment right of a defendant in a criminal case to have compulsory process for obtaining witnesses in his favor applies to the states through the Fourteenth Amendment. *Washington v. Texas* (1967),



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

8

388 U.S. 14, 18-19. In that case the Court invalidated a state rule that prevented the defendant's alleged co-participant in the crime from testifying at trial. The Court stated ""The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies.  Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense.  This right is a fundamental element of due process of law." *Id. at* 19.

In *Chambers v. Mississippi* (1973), 410 U.S. 284, the United States Supreme Court found that a state's common law "voucher" rule and hearsay rules had combined to deprive a defendant of testimony that was important to his defense.  Pointing out the importance to the defendant of cross-examining the key witness in his case, which the state "voucher" rule prevented him from doing, the Court stated that the dilution or denial of the right to confront and cross-examine calls into question the ultimate "integrity of the fact finding process." *410 U.S. at 295* (quoting *Berger v. California* (1969), *393 U.S. 314, 315.* The Court ruled that the denial of such critical evidence resulted in a deprivation of due process.  "Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Chambers v. Mississippi*, 410 U.S. at 302.



Repper, Pagan, Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

9

In *United States v. Valenzuela-Bernal* (1982), 458 U.S. 858, the Court considered whether the deportation of illegal alien witnesses deprived a defendant of his Sixth Amendment right to obtain witnesses in his favor. The Court held that there was no deprivation of constitutional rights because the defendant had not shown how their testimony would have been material and favorable to the defense. In discussing the showing of materiality required, the Court recognized that in some cases a defendant may be unable to say *how* a witness will testify, "[b]ut the events to which a witness might testify, and the relevance of those events to the crime charged, may well demonstrate either the presence or absence of the required materiality." *Id.* at 871. Despite finding no constitutional violation in the specific facts before it, the Court reaffirmed the principle of *Washington v. Texas, supra,* that a defendant is entitled under the Due Process Clause to present witnesses to establish his defense. The *Valenzuela-Bernal* Court further defined the principle as the right to obtain "testimony [that] would have been *relevant* and *material,* and . . . *vital* to the defense." *458 U.S. at 867 (quoting Washington v. Texas, 388 U.S. at 16).*

An accused has a constitutional right under the Sixth Amendment "to be confronted by the witnesses against him." This right embraces the correlative right of counsel to effectively cross-examine such witness. See, *United States v. Barracota* (S.D.N.Y. 1942), 45 F. Supp. 38. Preparation for an effective cross-examination requires full knowledge of the case.



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

**D. R.C. 2929.024 guarantees Mr. Davis access to funding to defend his life.**

The Ohio Legislature has recognized that the ability of the defense counsel to provide the accused with adequate representation is highly dependent upon the availability of expert assistance in trial preparation. Ohio Revised Code § 2929.024 provides for the appropriation of funds for expert assistance in capital cases:

> If the court determines that the defendant is indigent and that investigation services, experts, and other services are reasonably necessary for the proper representation of a defendant charged with aggravated murder at trial or at the sentencing hearing, the court shall authorize the defendant's counsel to obtain the necessary services for the defendant, and shall order that payment for the fees and expenses for the necessary services.

*R.C.* § 2929.024 ; *See also*, C.P. Sup. R. 20 § IV(D). Expert services are "reasonably necessary" when (1) essential to the proper representation of the defendant, and (2) an available alternative would not serve the same function. *State v. Jenkins* (1984), 15 Ohio St. 3d 164.

**E. The relevant ABA standards guarantee Mr. Davis access to funding to defend his life.**

The United States Supreme Court has long referred to the American Bar Association standards as guides to determine what is reasonable in a capital case. *Strickland v. Washington* (1984), 466 U.S. 668, 688; *Williams v. Taylor* (2000), 529 U.S. 362, 396; *Wiggins v. Smith* (2003), 539 U.S. 510, 524; *Rompilla v. Beard* (2005), 545 U.S. 374, 375.



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

11

The 2003 ABA guidelines require counsel to assemble a defense team which contains "at least one mitigation specialist, one fact investigator, at least on member qualified by training to and experience to screen individuals for the presence of mental or psychological disorders and impairments, and any other members needed to provide high quality legal representation. 2003 ABA Guideline 10.4(C)(2)(a)-(c). *See also* Guideline 4.1

This rationale for the defense team to be composed of individuals with wide ranging talents becomes evident when the team's duties are described elsewhere in the ABA guidelines. The team has "an obligation to conduct a thorough and independent investigation relating to the issues of both guilt and punishment." 2003 ABA Guideline 10.7(A). The "penalty phase investigation requires extensive and generally unparalleled investigation into personal and family history. (Citations omitted)" *Id.* at Commentary. The investigators needed to explore the accused's 1) medical, 2) family 3) educational, 4) military 5) employment and 6) social histories. *Id.* Counsel must present to the trier of fact "all *reasonably available* evidence in mitigation unless there are *strong* strategic reasons to forego some portion of such evidence." 1989 ABA Guideline 11.8.6. (emphasis added). The "areas of mitigation are extremely broad and encompass any evidence that tends to lessen the defendant's moral culpability for the offense or otherwise supports a sentence of less than death." 2003 ABA Guideline 10.11, Commentary.

The applicable case law interpreting the ABA standards require that counsel conduct a full and complete investigation of the defendant's life.



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

12

*Hamblin v. Mitchell* (6th Cir. 2003), 354 F.3d 482, 487. When a client faces the prospect of being sentenced to death, the need to conduct a reasonable investigation is magnified. *Mapes v. Coyle* (6th Cir. 1999), 171 F.3d 408, 426; *Harries v. Bell* (6th Cir. 2005), 417 F.3d 631 637. The conducting of "a partial, but ultimately incomplete, mitigation investigation does not satisfy *Strickland's* requests". *Dickerson v. Bagley* (6th Cir. 2006), 453 F.3d 690, 695; *See also*, *Rompilla v. Beard*, 545 U.S at 381 (counsel was ineffective despite having consulted with three mental health experts and interviewed five family members). *Mason v. Mitchell* (6th Cir. 2003), 320 F.3d 604, 619-620, 622 (case remanded for an evidentiary hearing on ineffectiveness claim even though defense counsel called seven witnesses, introduced twelve exhibits documenting Petitioner's life, reviewed three thousand pages of records and consulted with mental health experts).

The defense team in the mitigation phase should "establish a direct cause and effect between" mitigating factors and the accused's commission of the offense. 2003 ABA Guideline 10.11, Commentary. The standards suggest that counsel consult with experts to explain the significance of the events in an accused's life, "For example, expert testimony may explain the permanent neurological damage caused by fetal alcohol syndrome or childhood abuse, or the hereditary nature of mental illness, and the effects of these impairments on the client's judgment and impulse control." *Id.* The defense team should consider presenting expert testimony "to provide medical, psychological, sociological, cultural or other insights into the client's mental and/or emotional



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

13

state and life history that may explain or lessen the client's culpability for the underlying offense[s]..." 2003 ABA Guideline 10.11 (F)(2)

A defendant is entitled to a new sentencing hearing when counsel fails to present psychological testimony to address issues of mental illness. *Rompilla v. Beard*, 545 U.S. at 391; *Skaggs v. Parker*, 235 F.3d 261, 273 (6th Cir., 2000) ("other clinical psychological conditions"); *Harries v. Bell*, 417 F.3d at 604. ("Among Harries's various conflicting diagnoses are: bipolar mood disorder, trauma-induced anxiety, anxiety disorder not otherwise specified, post-traumatic stress disorder, and antisocial personality disorder.". *Poindexter v. Mitchell*, 454 F.3d 564, 580 (6th Cir. 2006) (paranoid personality disorder).

## II. THIS COURT SHOULD PERMIT VON CLARK DAVIS TO APPROACH THE COURT EX PARTE TO DOCUMENT ITS NEED FOR FUNDING FOR REASONABLE AND NECESSARY ASSISTANCE.

The general prohibition against ex parte proceedings is derived from the due process guarantee that no judicial action which may affect a right of an adverse party will be taken unless the party has been given notice and an opportunity to defend. Therefore, in order for the prohibition against ex parte proceedings to apply, a right of the absent party must be at risk.

Not every proceeding in a criminal case puts the rights of the State at risk. The Ohio Criminal Rules recognize that certain situations call for ex parte proceedings. *Ohio R. Crim. P. 45(D)*. To determine whether a particular subject matter can be handled ex parte, the court should consider if any right of the State, the absent party, would be affected.



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

14

The State's rights are not implicated in a determination of whether to grant defense counsel funds for assistance. The State has no right to know the trial strategies and defenses that Counsel and Von Clark Davis choose to explore. Moreover, the State has no right to have a say in whom the defense chooses to have as an expert anymore than the defense has the right to object to whom the State uses as an expert who is qualified. If the Mr. Davis was not indigent, neither the Court nor the State would have a right to even know if the defense utilized an expert or specialists, until Defendant filed a discovery answer. However, this Court must know that the Von Clark is seeking funds for experts because he is indigent and must obtain funds from this Court. Ex parte proceedings, in which the defendant must prove a reasonable necessity for an expert, are needed to protect his rights against self-incrimination and the effective assistance of counsel. *See e.g. State v. Ballard*, 428 S.E.2d 178, 183 (N.C. 1983), ("Only in the relative freedom of a nonadversarial atmosphere can the defense drop inhibitions regarding its strategies and put before the trial court all available evidence of a need for psychiatric assistance. Only in such an atmosphere can the Defendant's privilege against self-incrimination and his right to the effective assistance of counsel not be subject to potential violation by the presence of the State.").

If the State did have a right to know when the Accused hires an expert witness, notice of this fact would be required prior to the hiring of an expert in every case by all parties. Non-indigent defendants would be required to notify the prosecutor prior to hiring any expert. Conversely, the State would be



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

15

required to notify the defense prior to using any expert in assembling its case. The State has never been required to do this. *Wardius v. Oregon*, 412 U.S. 470 (1973) ["It is fundamentally unfair to require a defendant to divulge the details of his own case" while not imposing a reciprocal obligation on the prosecution.] Since no similar obligation exists for non-indigent defendants, this also constitutes a violation of the equal protection clause. *Griffin v. Illinois, supra.* "The manifest purpose of requiring that the inquiry be ex parte is to insure that the defendant will not have to make premature disclosure of his case." *Marshall v. United States*, 423 F.2d 1315, 1318 (9th Cir. 1970) (citations omitted). Failure to hold ex parte hearings in matters pertaining to expert assistance has been held to be reversible error. *United States v. Sutton*, 464 F.2d 552, 553 (5th Cir. 1972). It would be a denial of equal protection to force the Accused to reveal to the State the trial tactics and strategies he is exploring, when non-indigent defendants are not required to reveal such tactics and strategies. *United States v. Tate*, 419 F.2d 131, 132 (6th Cir. 1969).

The issue of notice does not arise with regard to experts until a decision is made to use the evidence and testimony of the expert. *See* Ohio R. Crim. P. 16.

This Court has the authority to control all proceedings. O.R.C. § 2945.03. The accused submits the following proposed procedure for ex parte application of funding:

> 1.  Counsel for the accused, when filing an ex parte motion for expert expenses, will file the motion, under seal, directly with the Court. The Court shall



**Repper, Pagan, Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

16

then note the date and time of the filing of the motion and keep a separate ex parte proceedings file. Depending on how the case ends, this Court may or may not have to enter the ex parte file into the record of this case for appellate review, either under seal or not. That issue can only be addressed at the end of the proceedings before this Court.

2.  The Court shall then set the motion for a hearing. At the hearing, the Accused, his counsel, and a court reporter shall be present. The accused, through counsel, may advance arguments in favor of the motion and offer evidence and testimony for consideration by the Court. Only the Accused and his counsel shall be advised of the Court's ruling on the motion.

3.  After the motion has been ruled upon by the Court, the motion, the transcript of the proceedings, evidence submitted by the Accused and the orders of the Court, shall be sealed and held by the Court.

These procedures will permit Defendant to effectively prepare his case without being unfairly forced to tip his adversarial cards to his opponent.

**WHEREFORE**, Mr. Davis requests this Court to grant his motion to proceed ex parte with respect to making his funding requests.

Respectfully submitted,

RANDALL L. PORTER – 0005835
COUNSEL FOR VON CLARK DAVIS
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

17

MELYNDA COOK-REICH – 0066596
COUNSEL FOR VON CLARK DAVIS
REPPER, PAGAN, COOK, Ltd.
COUNSEL FOR VON CLARK DAVIS
1501 First Avenue
Middletown, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Von Clark Davis' Motion To Permit Accused To Be Heard Ex Parte On Motions for Appropriation Of Funds* was served upon the Butler County Prosecutor's Office, Government Services Building, 315 High Street, 11th Floor, Hamilton, Ohio 45011, by hand-delivery this 15th day of February 2008.

**MELYNDA COOK-REICH**
Counsel for Defendant



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

18

**COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

2008 FEB 20 PM 3:06

| | |
|---|---|
| STATE OF OHIO | CASE NO. CR1983-12-0614 |
| Plaintiff | NASTOFF, J. |
| vs. | ENTRY FOR TRANSPORT |
| VON CLARK DAVIS | March 6, 2008 |
| Defendant | |

It appears to the Court that **Von Clark Davis**, Inmate No. A179828, is confined at the Ohio State Penitentiary.

It further appears to the Court that a **Motion Hearing** in the above captioned matter is set for **March 6, 2008 at 3:00 PM** in the Butler County Court of Common Pleas, before the **Honorable Andrew Nastoff.**

**IT IS THEREFORE, ORDERED** that the Warden of the **Ohio State Penitentiary** cause said defendant to be released to the Sheriff of Butler County, Ohio, for the purpose of attending said hearing in Butler County, Ohio, and said defendant shall be held in the custody of the Sheriff of Butler County, Ohio, until the completion of said hearing and upon the completion of said hearing, said defendant shall be returned to the institution unless otherwise Ordered by this Court.

APPROVED AS TO FORM:                    ENTER

ROBIN PIPER
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

                                        NASTOFF, J.

<u>INSTRUCTIONS TO THE CLERK:</u>  PLEASE CERTIFY TWO COPIES

MAO/beg
February 11, 2008



IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

IMAGED

STATE OF OHIO,                    :    CASE NO. CR1983-12-0614

          Plaintiff,              :

vs.                               :

                                  :    (Nastoff, J.)

VON CLARK DAVIS,                  :

          Defendant.              :    MEMORANDUM IN OPPOSITION
                                       TO DEFENDANT'S MOTION TO PERMIT
                                  :    THE ACCUSED TO BE HEARD
                                       *EX PARTE* ON APPROPRIATION OF
                                  :    FUNDS FOR EXPERT ASSISTANCE

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

Now comes the Prosecuting Attorney, and in opposition to the Defendant's motion

requesting that the Court allow him to be heard ex parte regarding appropriation of funds

for expert witnesses, prays that the Court deny such motion.

Initially, it must be stated that the Defendant's Motion is nothing more than a basic

attempt to avoid the adversarial process that is a stalwart of the American legal system.

However, while an indigent defendant is entitled to expert assistance, the adversarial nature

of the American legal system has never been repealed. As such, an indigent criminal

defendant is entitled to obtain expert assistance at state's expense:

> "only where the court finds, in the exercise of a sound discretion, that the
> defendant has made a particularized showing (1) of a reasonable probability
> that the requested expert would aid his defense, and (2) that denial of the
> requested expert assistance would result in an unfair trial."

*State v. Mason* (1998), 82 Ohio St.3d 144, syllabus, approving and following *State v.
Broom* (1988), 40 Ohio St.3d 277.

A "mere possibility" that some kind of expert examination "could have had some

value to the defense" is not enough. See *State v. Campbell* (2000), 90 Ohio St.3d 320,

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

Page 1



328, citing *Mason*, 82 Ohio St.3d at 150, and *Broom*, 40 Ohio St.3d at 283.  A defense submission which presents the trial court with nothing more than speculation as to the likely value of the expert examination does not amount to the "particularized showing" under *Mason*, see *Campbell*, 90 Ohio St.3d at 328.  In the case at bar, the Defendant's motion has failed to detail exactly how such expert relates to any particular evidence.  Without such explanation, there is nothing about the evidence in this case which calls for technical assistance for the defense.  "For these reasons, [Defendant has not made] the particularized showing required by *Mason*."  See *State v. Issa* (2001), 93 Ohio St.3d 49, 63.  The Defendant's speculation will not rise to the required level of "particularized showing" as to how any such expert would be needed for a fair trial, simply if he has an ex parte hearing.

Furthermore, there is not a constitutional right to an ex parte hearing on a motion for expert funds.  In *State v. Apelt*, 176 Ariz. 349, 861 P.2d 634 (1993), the court determined that an indigent capital defendant was not constitutionally due an ex parte hearing on his request for publicly funded experts.  The court's reasoning was in part because Canon 3(A)(4) of the Code of Judicial Conduct forbids ex parte proceedings except where authorized by law.  *Id*.  The court also went on to reject the defendant's contention that either of the U.S. Const. Amend. XIV guarantees of due process or of equal protection form the basis to a right to an ex parte hearing.  *Id*.  In so rejecting, the court noted that neither constitutional provision mandates that the state equalize the resources of the indigent and the wealthy defendant but, rather, they merely require that the court guarantee the indigent an opportunity to present his or her claims adequately and fairly.  *Id*.  Thus, the court held that an ex parte hearing is not constitutionally required on a motion for expert assistance.

In the companion case, the Arizona court again disagreed with the defendant's contention that the trial court had erred in denying him an ex parte hearing at which he could present his request for expert assistance.  *State v. Apelt*, 176 Ariz. 369, 861 P.2d 654 (1993).  The defendant had

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3229

contended that absent an ex parte hearing, the prosecution would unfairly be made aware of defense theory. *Id.* But, the court, held that a defendant has no constitutionally guaranteed right to present requests for expert assistance ex parte. *Id.*

Similarly, in *State v. Phipps*, 331 N.C. 427, 418 S.E.2d 178 (1992), the court declined to hold that an ex parte hearing was constitutionally required. In making its decision, the *Phipps* court cited the decision in *Ake v. Oklahoma* (1985), 470 U.S. 68, 105 S. Ct. 1087, 84 L. Ed. 2d 53, that recognized that an indigent defendant's access to the basic tools of an adequate defense, including expert assistance where reasonably needed, is a core requirement of a fundamentally fair trial, but reasoned that an ex parte hearing on a motion for expert services was not. *Id.* Finally, the *Phipps* court also cited passages in the decision in *Ake* which it believed supported its conclusion that an ex parte hearing was not required: Ake's recognition of the state's interest in its own financial affairs and its recognition that it would be impossible to ensure that indigent defendants had all the advantages and privileges at trial that result from relative wealth. *Id.*

In *State v. White*, 340 N.C. 264, 457 S.E.2d 841 (1995), the court was called upon to determine expert issues under a very similar particularized need standard as is in practice for Ohio judges.[1] In *White*, the defense needed to make a threshold showing of a particularized need for an investigator and had to make a threshold showing that (1) he or she will be deprived of a fair trial without the expert assistance or (2) there is a reasonable likelihood that the expert assistance will materially assist him or her in the preparation of his or her case. *Id.* But, most importantly, the *White* court held that a defendant does not have a constitutional right to an ex parte hearing in which to set forth evidence to satisfy this standard.

---

[1] See two part test as determined in *State v. Mason* (1998), 82 Ohio St.3d 144, syllabus, approving and following *State v. Broom*(1988), 40 Ohio St.3d 277.

Page 3

Likewise, in *State v. Garner*, 136 N.C. App. 1, 523 S.E.2d 689 (1999), appeal dismissed, cert. denied, 351 N.C. 477, 2000 WL 424243 (2000), the court held that the defendant had no due process right to an ex parte hearing on his motion for funds to employ an expert. The *Garner* court made this finding despite a claim by the defense that allowing the state to participate would force the defendant to reveal his theory of the case. See, also, *State v. Smith*, 857 S.W.2d 1 (Tenn. 1993), (ruling that a trial court's refusal to hold an ex parte hearing implicated only statutory, and not constitutional rights); *Ramdass v. Com.*, 246 Va. 413, 437 S.E.2d 566 (1993),[2] (rejecting defendant's argument that the trial court's denial of his motion for an ex parte hearing for experts violated his U.S. Const. amend V right against self-incrimination, U.S. Const. amend VI right to confrontation, U.S. Const. amend XIV right to due process, and instead concluded that a defendant has no constitutional right to such a hearing)

Finally, in *Weeks v. Com.*, 248 Va. 460, 450 S.E.2d 379 (1994), habeas corpus denied, 4 F. Supp. 2d 497 (E.D. Va. 1998), the court rejected a constitutionally based argument that the lower court erred in denying a request to be heard ex parte on a motion for expert assistance. The *Weeks* court ruled that a defendant charged with capital murder has no right to an ex parte on the issue of expert services. *Id*. The court additionally noted that it refused to apply the federal statute providing the contrary. *Id*.

Finally, while the Defendant in the present case is attempting to argue that if he is not granted an ex parte hearing his rights again self-incrimination will be compromised, and he will have to unfairly

---

[2] cert. granted, judgment vacated on other grounds, 512 U.S. 1217, 114 S. Ct. 2701, 129 L. Ed. 2d 830 (1994), on remand to, 248 Va. 518, 450 S.E.2d 360 (1994), habeas corpus granted on other grounds, 28 F. Supp. 2d 343 (E.D. Va. 1998), aff'd in part, rev'd in part on other grounds, 187 F.3d 396 (4th Cir. 1999), stay granted, 120 S. Ct. 523, 145 L. Ed. 2d 404 (U.S. 1999) and cert. granted in part, 120 S. Ct. 784, 145 L. Ed. 2d 659 (U.S. 2000), reh'g denied, 2000 WL 1091466 (U.S. 2000) and judgment aff'd in part on other grounds, 120 S. Ct. 2113 (U.S. 2000)

tip his cards as to his strategy, neither of these two arguments are persuasive.  First, the Appellant

has already been found guilty.  As such, it is hard to see where any self-incrimination would be found

by him asking for an expert while the State's attorneys are present.  Secondly, as to the "cat out of

the bag" argument, the State would assert that due to there already being two previous sentencing

hearings in this case, and based on the decision from the Sixth Circuit, the proverbial cat is not only

out of the bag, but has been scampering through the courtroom for years.

Therefore, for all of the aforementioned reasons, the Defendant's motion should be denied.


Respectfully submitted,

ROBIN N. PIPER  (0023205)
Butler County Prosecuting Attorney



DANIEL G. EICHEL  (0008259)


MICHAEL A. OSTER, JR. (0076491)
Assistant Prosecuting Attorney
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum has been sent by ordinary U.S. mail to Attorneys for Defendant:

Randall L. Porter
Assistant State Public Defender
8 East Long Street - 11th Floor
Columbus, Ohio 43215

Melynda Cook-Reich
Repper, Pagan, Cook, Ltd.
1501 First Avenue
Middletown, OH 45042

on this 26th day of February, 2007.

MICHAEL A. OSTER, JR.
Assistant Prosecuting Attorney

IMAGED

**COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

STATE OF OHIO                          :    Case No. CR 03 - 12 - 0614

      Plaintiff                        :    Judge _Nastoff_

vs.                                    :

_Von Clark Davis_                      :    **PRETRIAL ORDER**

_____               :

      Defendant(s)                     :

****************

This matter came before this Court this __6th__ day of __March__, 20 08,

and the following orders and deadlines were established, and shall be the order of the Court:

_____    PLEA or TRIAL SETTING is set for _____ at _____ m.

_____    DISPOSITION is set for _____ at _____ m.

_____    TRIAL is to commence on _____ at _____ m.

   ✓       MOTION _for Expert Funds for Mental Health expert._ shall be filed by _____

           and shall be heard on __3/18/08__ at __4 p.__ m.

_____    OTHER HEARING is set for _____ at _____ m.

_____    BILL OF PARTICULARS

           Defendant's motion to be filed by _____

           Prosecutor's response to be filed by _____

_____    DISCOVERY

           Defendant's motion to be filed by _____

           Prosecutor's response to be filed by _____

           Prosecutor's motion to be filed by _____

           Defendant's response to be filed by _____

BOND IS REVOKED/SET _Δ counsel to have proposed names billing_

CAPIAS TO ISSUE _rates & CV Available for each proposed expert._

**SO ORDERED:**

_____              _____
Defense Counsel                       Judge

_____              _____
Defendant                             Prosecutor

**COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO | * | Case Number: CR 1983 12 0614 |
| | * | |
| Plaintiff, | * | Judge Andrew Nastoff |
| | * | |
| vs. | * | <u>ENTRY REGARDING</u> |
| | * | <u>POTENTIAL THREE-JUDGE</u> |
| VON CLARK DAVIS | * | <u>PANEL</u> |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This 6th day of March, 2008, upon agreement of the State of Ohio and Defendant, Von Clark Davis, and his counsel, requesting that the Court conduct a drawing of names to determine, in advance of an entry of a jury waiver, the composition of the potential three-judge panel to be used in the capital case herein, it is hereby **ORDERED** that the three-judge panel shall be composed of the following (in addition to Andrew Nastoff, Presiding Judge), which names were drawn by random lot on the record in open Court with all counsel participating, in order of selection and subject to each judge's availability on the scheduled date of trial, as follows:

1. Judge Keith M. Spaeth

2. Judge Charles L. Pater

3. Judge Noah E. Powers II

4. Judge Craig D. Hedric

5. Judge Patricia S. Oney

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

(191)

SO ORDERED.

ENTER,

Andrew Nastoff, Judge

cc: Michael A. Oster, Jr., Assistant Prosecuting Attorney
Randall L. Porter, Melynda W. Cook-Reich, Attorneys for the Defendant

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

**From:** Justin Lane
**To:** Judge Andrew Nastoff
**Date:** 3/13/2008 1:51 PM
**Subject:** von clark davis panel

General Division Judges, please be advised that the names for the prospective three judge panel in State v. Davis were drawn March 6, resulting in the following order of priority: 1) Judge Keith Spaeth; 2) Judge Charles Pater; 3) Judge Noah Powers II; 4) Judge Craig Hedric; 5) Judge Patricia Oney. A re-sentencing is currently scheduled to commence on Monday, August 25, 2008. While a jury has been waived, there is still a pending hearing on the propriety of Mr. Davis' initial jury waiver. I would ask you to please mark your calenders accordingly in the event that Mr. Davis' jury waiver is deemed effective in this matter. Thank you in advance for your cooperation in this very important matter.

'08 MAR 18  AM 9: 30

General Division Judges, please be advised that the names for the prospective three judge panel in State v. Davis were drawn March 6, resulting in the following order of priority: 1) Judge Keith Spaeth; 2) Judge Charles Pater; 3) Judge Noah Powers II; 4) Judge Craig Hedric; 5) Judge Patricia Oney.  A re-sentencing is currently scheduled to commence on Monday, August 25, 2008.  While a jury has been waived, there is still a pending hearing on the propriety of Mr. Davis' initial jury waiver.  I would ask you to please mark your calenders accordingly in the event that Mr. Davis' jury waiver is deemed effective in this matter.  Thank you in advance for your cooperation in this very important matter.

**From:** Judge Andrew Nastoff
**To:** Charles Pater; Craig Hedric; Keith Spaeth; Michael SAGE; Noah Powers
**Date:** 3/18/2008 9:37 AM
**Subject:** Fwd: von clark davis panel
**Attachments:** von clark davis panel



# IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

2008 MAR 19

AMY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

STATE OF OHIO,

     Plaintiff,

vs.

VON CLARK DAVIS

     Defendant.

:

:

:

:

:

:

Case No. CR 1983-12-0614

**Judge Daniel Andrew Nastoff**

---

## ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A MITIGATION SPECIALIST

---

       The Court having received a Motion through Defendant's Counsels for the Appropriation of Funds for a Mitigation Specialist, hereby **GRANTS** said motion for Good Cause.   WHEREFORE, the Court grants the Defendant <u>$ 2,500</u> for expenses for a Mitigation Specialist in this matter.  Such expert expenses to be billed at $35.00 per hour.

SO ORDERED,

JUDGE NASTOFF

Cc:  Prosecutor

Entry prepared by Melynda Cook-Reich



**Repper, Pagan, Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135



## IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

STATE OF OHIO,

    Plaintiff,

vs.

VON CLARK DAVIS

    Defendant.

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

:

:

:

:

:

Case No. CR 1983-12-0614

**Judge Daniel Andrew Nastoff**

---

## ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A PRIVATE INVESTIGATOR

The Court having received a Motion through Defendant's Counsels for the Appropriation of Funds for a Private Investigator, hereby **GRANTS** said motion for Good Cause.

WHEREFORE, the Court grants the Defendant $ 1,000.00 for expenses for a Private Investigator in this matter.   Such expert expenses to be billed at $65.00 per hour.

SO ORDERED,

JUDGE NASTOFF

Cc: Prosecutor

Entry prepared by Melynda Cook-Reich



**Repper, Pagan,
Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135



IMAGED

FILED

COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO
2008 MAR 31  AM 11: 52

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

**STATE OF OHIO,**
    Plaintiff,

Vs.

**VON CLARK DAVIS,**
    Defendant.

Case Number CR1983-12-0614

**ENTRY AS TO RELEASE
OF INSTITUTIONAL RECORDS**

---

This 18th day of March, 2008, this matter came before the Court on the Prosecuting Attorney's request that certified copies of all institutional records held at the Ohio State Penitentiary at Youngstown Ohio, by the Ohio Department of Corrections and Rehabilitation regarding the defendant, **Von Clark Davis, No. A179-828, DOB** ████████ be released to both parties; and for good cause shown, it appearing to the Court that such order will facilitate the Prosecuting Attorney's duty under *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, to disclose any evidence in possession of the State which is potentially favorable to the defendant and material to punishment, see, also, *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, it is ORDERED that certified copies of all institutional records held at the Ohio State Penitentiary at Youngstown Ohio, by the Ohio Department of Corrections and Rehabilitation regarding the defendant, Von Clark Davis, No. A179-828, DOB ████████, be released to both parties and mailed directly to the following:

(1)    Robin N. Piper
       Butler County Prosecuting Attorney
       Government Services Center
       315 High Street, 11th Floor
       Hamilton, OH 45012-0515

(2)    Randall L. Porter
       Lead Counsel for Defendant
       Ohio Public Defender's Office
       8 East Long Street, 11th Floor
       Columbus, OH 43215

SO ORDERED.

NASTOFF, J.



194

ED

\* **Filed Under** Seal  3/19/08\*

## IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO  IMAGED

STATE OF OHIO,                          :

     **Plaintiff,**                        :   Case No. CR 1983-12-0614

**vs.**                                 :

VON CLARK DAVIS                         : Judge Daniel Andrew Nastoff

     **Defendant.**                      :

---

## ENTRY UNDER SEAL

    The Court has ordered that the enclosed documents be placed and filed under seal and shall not be opened or available for inspection by the public and/or the State of Ohio, until or unless a further order of the Court allows such.

So Ordered

JUDGE NASTOFF



**\* Filed Under Seal  3/19/08\***

## IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

STATE OF OHIO,                          :          IMAGED

    Plaintiff,                        :   Case No. CR 1983-12-0614

vs.                                     :

VON CLARK DAVIS                         :   Judge Daniel Andrew Nastoff

    Defendant.                       :

---

## ENTRY UNDER SEAL

    The Court has ordered that the enclosed documents be placed and filed under seal and shall not be opened or available for inspection by the public and/or the State of Ohio, until or unless a further order of the Court allows such.

So Ordered,

JUDGE NASTOFF

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

    Plaintiff,                       :        Case No. CR 1983-12-0614

vs.                                     :

VON CLARK DAVIS                         :        Judge Daniel Andrew Nastoff

    Defendant.                       :

---

## VON CLARK DAVIS' MOTION
## FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER

---

    Von Clark Davis moves the Court to rescind its March 31, 2008 order requiring the Ohio Department of Rehabilitation and Corrections to provide both parties with copies of the records in its possession concerning the defendant. Mr. Davis has attached a memorandum which he incorporates in this motion.

                          Respectfully submitted,

                          OFFICE OF THE OHIO PUBLIC DEFENDER

                          RANDALL L. PORTER - 0005835
                          Assistant State Public Defender

                          Office of the Ohio Public Defender
                          8 East Long Street -11th Floor
                          Columbus, Ohio  43215
                          (614) 466-5394 (Voice)
                          (614) 644-0703 (Facsimile)
                          PorterR@OPD.state.OH.US

                          And



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135



MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

*Randall Porter* (MCR) telephone authorization

By *Melynda Cook-Reich*
COUNSEL FOR VON CLARK DAVIS

## MEMORANDUM IN SUPPORT

On March 31, 2008, upon oral motion of the State of Ohio, the Court ordered the Ohio Department of Rehabilitation and Correction provide both parties with copies of the records in its possession concerning Mr. Davis. The Court concluded that "for good cause, it appearing to the Court that such an order will facilitate the Prosecuting Attorney's duty under Brady v. Maryland (1963) 373 U.S. 83, 83 S. Ct. 1194, to disclose any evidence in its possession of the State which is potentially favorable to the defendant and material to punishment, *See also* Davis v. Coyle (6th Cir. 2007), 475 F.3d 761, it is ORDERED that certified copies of all institutional records held at the Ohio State Penitentiary at Youngstown... be released to both parties..."

Undersigned counsel already have a court order in place that guarantees them access to the institutional records of Mr. Davis. *In re Application for Release of Records of Donald Williams, et al.*, Franklin C.P. No. 89MS-09-679 (February 12, 1990 Order). [Exhibit A]. Therefore the basis for the

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *VON CLARK DAVIS'* *MOTION FOR THIS COURT TO RESCIND ITS MARCH 31, 2008 ORDER* was forwarded by first-class U.S. Mail, postage prepaid to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 10th day of April, 2008.

MELYNDA COOK-REICH
COUNSEL FOR VON CLARK DAVIS



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

In re:                                                    )
                                                          )
APPLICATION FOR RELEASE OF                                )
RECORDS BY DONALD WILLIAMS, et al.,)         CASE NO. 89MS-09-679
                                                          )
        Petitioners.                                      )
                                                          )

---

ORDER

---

Upon consideration of the Application For Release of Records by Donald
Williams, et al., the Memorandum in Support thereof, and the entire record
herein, it is,

ORDERED that the petitioner, Donald Williams and other similarly situated
inmates currently, or in the future who will be, under a sentence of death in
Ohio or any other state (hereafter "inmates"), shall have access to any and
all records, documents and information which are in the possession of the Ohio
Department of Rehabilitation and Correction and the institutions under its
control; the Ohio Adult Parole Authority; the Ohio Department of Mental Health
and the Ohio Department of Youth Services (hereafter "agencies");

IT IS FURTHER ORDERED that each inmate seeking access to records,
documents and information in the possession or control of the agencies, should
provide a written release and direct counsel to make the request to the
appropriate agency;

IT IS FURTHER ORDERED that upon receipt of the request seeking access from
counsel on behalf of an inmate, the agencies shall gather the records,

-1-

documents and information forthwith, and further advise counsel for the inmate as soon as said records, documents and information are available for review;

IT IS FURTHER ORDERED that counsel for an individual inmate may request a copy of any of the said records, documents and information and the agencies may charge a reasonable cost for said copies. Upon receipt of the copies, counsel for the inmate will pay the costs within a reasonable time;

IT IS FURTHER ORDERED that the agencies may deem certain records, documents or information to be sensitive or confidential. These records, documents or information include, but are not limited to, Psychiatric Records, Psychological Records, Social Summaries, Community Attitudes and Witness and Victim Statements. This however does not relieve the agencies of their obligation to provide the records, documents or information and copies thereof, to counsel for the inmates;

IT IS FURTHER ORDERED that if the agencies deem certain records, documents or information to be sensitive or confidential, the agencies shall advise counsel for an inmate of their concern, in writing, as to the particular record, document or information;

IT IS FURTHER ORDERED that is counsel for an inmate is advised of the sensitive or confidential nature of a record, document or information, counsel shall be prohibited from releasing the particular document to the inmate if so deemed by the agencies and to the public at large. Counsel for an inmate may disclose the record, document or information to experts retained by counsel for purposes of review and analysis. Said experts may make reference to the fact that he or she reviewed the record, document or information in any affidavit or submission to a court or tribunal. Counsel also may make reference to a record or certain content of a record, document as information in discussions with a client-inmate;

-2-

IT IS FURTHER ORDERED that if counsel for an inmate decides it necessary to use a record, document or information deemed sensitive or confidential to support any cause, action, claim, allegation, averment, assignment, proposition or petition, counsel may do so by filing said record, document or information "under seal" in the appropriate court or tribunal in which a cause is, had been or will be pending. Counsel is further required to notify the Ohio Attorney General and counsel for the agencies, through a certificate of service, of the filing of records, documents or information. Any decision regarding the opening to the public of any record, document or information filed under seal, shall be made by the court or tribunal in which the sealed record, document or information is filed. At any time, the court or tribunal in which a filing "under seal" is made, may view the record, document or information.

IT IS SO ORDERED.

2-12-90
_____
DATE

_____
JUDGE



VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3250



### IN THE COURT OF COMMON PLEAS
### BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

    Plaintiff,                      :          Case No. CR 1983-12-0614

vs.                                     :

VON CLARK DAVIS                         :          **Judge Nastoff**

    Defendant.                      :

---

## VON CLARK DAVIS' AMENDED MOTION
## FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER

---

    Von Clark Davis moves the Court to rescind its March 31, 2008 order requiring the Ohio Department of Rehabilitation and Corrections to provide both parties with copies of the records in its possession concerning the defendant. Mr. Davis has attached a memorandum which he incorporates in this motion. The instant motion is an amendment to the one filed on April 10, 2008, as that Motion was missing the third page.

    Respectfully submitted,

    OFFICE OF THE OHIO PUBLIC DEFENDER

    RANDALL L. PORTER - 0005835
    Assistant State Public Defender

    Office of the Ohio Public Defender
    8 East Long Street -11th Floor
    Columbus, Ohio 43215
    (614) 466-5394 (Voice)
    (614) 644-0703 (Facsimile)
    PorterR@OPD.state.OH.US



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135



MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com


By _Melynda Cook Reich_
COUNSEL FOR VON CLARK DAVIS

## MEMORANDUM IN SUPPORT

On March 31, 2008, upon oral motion of the State of Ohio, the Court ordered the Ohio Department of Rehabilitation and Correction provide both parties with copies of the records in its possession concerning Mr. Davis. The Court concluded that "for good cause, it appearing to the Court that such an order will facilitate the Prosecuting Attorney's duty under Brady v. Maryland (1963) 373 U.S. 83, 83 S. Ct. 1194, to disclose any evidence in its possession of the State which is potentially favorable to the defendant and material to punishment, *See also* Davis v. Coyle (6th Cir. 2007), 475 F.3d 761, it is ORDERED that certified copies of all institutional records held at the Ohio State Penitentiary at Youngstown... be released to both parties..."

Undersigned counsel already have a court order in place that guarantees them access to the institutional records of Mr. Davis. *In re Application for Release of Records of Donald Williams, et al.,* Franklin C.P. No. 89MS-09-679 (February 12, 1990 Order). [Exhibit A]. Therefore the basis for the

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

order, that the prosecution must have access to the records to comply with it duty pursuant to *Brady v. Maryland* is not well founded. The March 31, 2008 order will not only be of *no benefit* to Mr. Davis, but will result in potentially irreparable harm. The State would have access to records that could involve Mr. Davis' doctor-patient and psychologist- client relationships.

WHEREFORE, Von Clark Davis requests the Court to rescind its order of March 31, 2008. In the alternative, he requests the Court to amend its order so that the Ohio Department of Rehabilitation and Correction provide the records only to counsel for Mr. Davis and not counsel for the State of Ohio.

Respectfully submitted,

OFFICE OF THE OHIO PUBLIC DEFENDER

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

By Melynda Cook-Reich

COUNSEL FOR VON CLARK DAVIS



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *VON CLARK DAVIS'*
*AMENDED MOTION FOR THIS COURT TO RESCIND ITS MARCH 31, 2008 ORDER*
was forwarded by first-class U.S. Mail, postage prepaid to Daniel G. Eichel, First
Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr.
Assistant Butler County Prosecuting Attorney at the Government Services
Center, 315 High Street, Hamilton, Ohio 45011 on this 15th day of April,
2008.

Melynda Cook-Reich
MELYNDA COOK-REICH
COUNSEL FOR VON CLARK DAVIS



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

In re:                                    )
                                          )
                                          )
                                          )
APPLICATION FOR RELEASE OF                )
RECORDS BY DONALD WILLIAMS, et al.,)      CASE NO. 89MS-09-679
                                          )
Petitioners.                              )
                                          )

_____
ORDER
_____

Upon consideration of the Application For Release of Records by Donald
Williams, et al., the Memorandum in Support thereof, and the entire record
herein, it is,

ORDERED that the petitioner, Donald Williams and other similarly situated
inmates currently, or in the future who will be, under a sentence of death in
Ohio or any other state (hereafter "inmates"), shall have access to any and
all records, documents and information which are in the possession of the Ohio
Department of Rehabilitation and Correction and the institutions under its
control; the Ohio Adult Parole Authority; the Ohio Department of Mental Health
and the Ohio Department of Youth Services (hereafter "agencies");

IT IS FURTHER ORDERED that each inmate seeking access to records,
documents and information in the possession or control of the agencies, should
provide a written release and direct counsel to make the request to the
appropriate agency;

IT IS FURTHER ORDERED that upon receipt of the request seeking access from
counsel on behalf of an inmate, the agencies shall gather the records,

-1-

documents and information forthwith, and further advise counsel for the inmate as soon as said records, documents and information are available for review;

IT IS FURTHER ORDERED that counsel for an individual inmate may request a copy of any of the said records, documents and information and the agencies may charge a reasonable cost for said copies. Upon receipt of the copies, counsel for the inmate will pay the costs within a reasonable time;

IT IS FURTHER ORDERED that the agencies may deem certain records, documents or information to be sensitive or confidential. These records, documents or information include, but are not limited to, Psychiatric Records, Psychological Records, Social Summaries, Community Attitudes and Witness and Victim Statements. This however does not relieve the agencies of their obligation to provide the records, documents or information and copies thereof, to counsel for the inmates;

IT IS FURTHER ORDERED that if the agencies deem certain records, documents or information to be sensitive or confidential, the agencies shall advise counsel for an inmate of their concern, in writing, as to the particular record, document or information;

IT IS FURTHER ORDERED that is counsel for an inmate is advised of the sensitive or confidential nature of a record, document or information, counsel shall be prohibited from releasing the particular document to the inmate if so deemed by the agencies and to the public at large. Counsel for an inmate may disclose the record, document or information to experts retained by counsel for purposes of review and analysis. Said experts may make reference to the fact that he or she reviewed the record, document or information in any affidavit or submission to a court or tribunal. Counsel also may make reference to a record or certain content of a record, document as information in discussions with a client-inmate;

-2-



IT IS FURTHER ORDERED that if counsel for an inmate decides it necessary to use a record, document or information deemed sensitive or confidential to support any cause, action, claim, allegation, averment, assignment, proposition or petition, counsel may do so by filing said record, document or information "under seal" in the appropriate court or tribunal in which a cause is, had been or will be pending. Counsel is further required to notify the Ohio Attorney General and counsel for the agencies, through a certificate of service, of the filing of records, documents or information. Any decision regarding the opening to the public of any record, document or information filed under seal, shall be made by the court or tribunal in which the sealed record, document or information is filed. At any time, the court or tribunal in which a filing "under seal" is made, may view the record, document or information.

IT IS SO ORDERED.

2-12-90
DATE

_Jennifer C.H. Johnson_
JUDGE



—3—

IMAGED

| | |
|---|---|
| STATE OF OHIO | : CASE NO. CR1983-12-0614 |
| Plaintiff | 2008 APR 22 STATE OF OHIO, COUNTY OF BUTLER |
| vs. | COURT OF COMMON PLEAS |
| | (Nastoff, J.) |
| VON CLARK DAVIS | : |
| Defendant | : **STATE'S MEMORANDUM IN RESPONSE, OPPOSING DEFENDANT'S AMENDED MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER** |
| | : |

: : : : : : : : :

Now comes the Prosecuting Attorney, and in opposition to the Defendant's April 15, 2008

motion requesting the Court to rescind its March 31, 2008 order requiring release of the Ohio

Department of Correction and Rehabilitation ("DRC") records concerning the Defendant, says that the

Defendant's motion is not well taken and should be overruled.

The Court's order is not without precedent in the Butler County Court of Common Pleas, see

order in **State v. Anthony L. Rudolph**, Case No. CR99-08-0996 (Aug. 20, 1999) (attached).

Moreover, the Court's March 31, 2008 order is backed by precedent which holds that the state's duty

to disclose information under **Brady v. Maryland** (1963), 373 U.S. 83, 83 S.Ct. 1194, would require

a county prosecutor to review files of the DRC for information favorable to the accused and material

to either guilt or punishment, since "the prosecutor and DRC are agents of the same sovereign, the

state of Ohio," see **State v. Sanders** (2001), 92 Ohio St.3d 245, 263, 750 N.E.2d 90:

> "Prosecutors have 'a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.' (Emphasis added.) **Kyles v. Whitley** (1995), 514 U.S. 419, 437, 115 S.Ct. 1555, 1567, 131 L.Ed.2d 490, 508. The **Brady** obligation thus extends to information held by state or local agencies involved in the investigation or prosecution at issue. **United States v. Morris** (C.A.7, 1996), 80 F.3d 1151, 1169."

**Sanders**, id. And the prosecutor is held to the same standard of materiality regardless of whether the

potentially favorable (exculpatory or mitigating) evidence was specifically, generally or not at all

requested by the defense. **State v. Johnston** (1988), 39 Ohio St.3d 48, 61 at fn.21, 529 N.E.2d

898, citing **United States v. Bagley** (1984), 473 U.S. 667, 683, 105 S.Ct. 3375.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

Page 1


(199)

In the case at bar, the prosecution has an ongoing obligation to comply with its duties of discovery under Crim.R. 16, invoked by the Defendant's motion for discovery (Feb. 4, 1984), which demanded all evidence discoverable including "[a]ll evidence which is favorable to the Defendant and material either to guilt or punishment [Rule 16(B)(1)(f)]" [*sic*]. It is also incumbent on the prosecution to recognize its continuing duty of disclosure under Crim.R. 16(D) throughout these trial proceedings. The basic reason this case is now before the Court is to remedy the claimed error in not allowing the Defendant a full, fair opportunity to present evidence in mitigation of the death sentence at his resentencing hearing (inclusive of his post-1984-sentence good behavior in prison which had been disallowed in the 1989 hearing). See ***Davis v. Coyle*** (C.A.6, 2007), 475 F.3d 761. This judgment has put the prosecution on specific notice that the Defendant's DRC records may contain ***Brady*** evidence material to his punishment, and the Court's order facilitates the prosecution's compliance with ***Brady***. See ***State v. Hancock***, 108 Ohio St.3d 57, 2006-Ohio-160 at ¶67, 840 N.E.2d 1032 (the Court noting with apparent approval that the prosecution in a capital case had helped the defense obtain documents and other ***Brady*** material from a prison).

The Defendant's claim that the Court's order allows the state "access to records that could involve Mr. Davis' doctor-patient and psychologist-client relationships" [*sic*] would ignore the fact that the DRC, an agent of the state of Ohio, is already in possession of its own records pertaining to the Defendant, a prison inmate. As such, inmates have no right to expect any privacy in their records at the state institution, see ***Hudson v. Palmer*** (1984), 468 U.S. 517, 526, 104 S.Ct. 3194 (no right of privacy in cells), ***State v. Robb*** (2000), 88 Ohio St.3d 59, 67, 723 N.E.2d 1019 (inmates have no right of privacy in "wiretapped" communications in prison, surreptitiously taped without their knowledge), and ***State v. Loza*** (1994), 71 Ohio St.3d 61, 77, 641 N.E.2d 1082 [search and seizure of outgoing mail was not in violation of the defendant's constitutional rights or an infringement on First Amendment rights, citing ***Stroud v. United States*** (1919), 251 U.S. 15, 21, 40 S.Ct. 50].

Page 2

Moreover, the Franklin County order in the **_Donald Williams_** case circa 1990, attached to the Defendant's motion, can hardly be dispositive of the matter. This order fails to indicate that any trial prosecutor was a party to the "application for release of records" in that miscellaneous proceeding, and it appears to have been obtained in a post-conviction stage of the proceedings [see **State v. Williams** (1988), 38 Ohio St.3d 346, 528 N.E.2d 910, *certiorari denied* (1989), 489 U.S. 1040, 109 S.Ct. 1176, affirming Donald Williams's conviction and sentence of death], whereas nothing in that 1990 order would prohibit the state from obtaining release of an inmate's DRC records for pre-sentence case preparation, as in the case at bar.

Respectfully submitted,

**ROBIN N. PIPER  (0023205)**
**Butler County Prosecuting Attorney**

**DANIEL G. EICHEL  (0008259)**
**Assistant Prosecuting Attorney**

**MICHAEL A. OSTER, JR.  (0076491)**
**Assistant Prosecuting Attorney**
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum has been sent by ordinary U.S. mail to Attorneys for Defendant: Randall L. Porter, 8 East Long Street, 11th Floor, Columbus, OH 43215, and Melynda W. Cook-Reich, 1501 First Avenue, Middletown, OH 45044, on this 22nd day of April, 2008.

**DANIEL G. EICHEL  (0008259)**
**Assistant Prosecuting Attorney**

Page 3

COPY

STATE OF OHIO          :      CASE NO. CR99-08-0996

     Plaintiff     FILED      STATE OF OHIO
              1999 AUG 20; PM 2: 13    COUNTY OF BUTLER

vs.                        COURT OF COMMON PLEAS
                 CINDY CARPENTER    Oney, J.
ANTHONY L. RUDOLPH     BUTLER COUNTY
                 CLERK OF COURTS
     Defendant                 ENTRY

                 : : : : : : : : :

It appearing to the Court that Defendant **ANTHONY L. RUDOLPH**, dob ███████

was previously in the custody of the Ohio Department of Rehabilitation and Correction, as

follows:

| Inmate # | Date of Admission | Offense | Sentence | County |
|----------|-------------------|---------|----------|--------|
| R096-820 | 3-16-76 | Robbery | 3-15 yrs | Hamilton |
| A239-828 | 5-08-91 | Drug Trafficking | 1 yr | Hamilton |
| A254-199 | 4-10-92 | 2 cts Robbery | 9-15 yrs | Hamilton |

and it further appearing to the Court that the Defendant's institutional record may assist counsel

for the State and the Defendant in their preparation of this case for trial,

     **IT IS THEREFORE ORDERED** that the Ohio Department of Rehabilitation and

Correction shall prepare a complete copy of the Defendant's institutional record and forward the

same to the Butler County Prosecuting Attorney at 216 Key Bank Building, 6 S. Second Street,

P.O. Box 515, Hamilton, OH 45012.

                E N T E R

                    JUDGE PATRICIA ONEY

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO     Approved as to form:
                JOHN F. HOLCOMB (0001499)
JOHN F. HOLCOMB      PROSECUTING ATTORNEY
PROSECUTING ATTORNEY   BUTLER COUNTY, OHIO

216 KEY BANK BUILDING
6 S. SECOND STREET
P.O. BOX 515
HAMILTON, OHIO 45012

CA08 04 0111

**IN THE COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

FILED BUTLER CO.
COURT OF APPEALS

APR 23 2008

CINDY CARPENTER
CLERK OF COURTS

STATE OF OHIO,

      **Plaintiff,**      :    **CASE No. CR 1982 12-0614**

-vs-      :

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

APR 23 2008

CINDY CARPENTER
CLERK OF COURTS

**VON CLARK DAVIS**    :    **Judge Nastoff**

      **Defendant**     :

---

## VON CLARK DAVIS' NOTICE OF APPEAL

---

      Defendant-Appellant, Von Clark Davis, hereby gives notice of his appeal to the Twelfth District Court of Appeals, Butler County, Ohio, from the Court's March 31, 2008 order authorizing release of the records in possession of the Ohio Department of Rehabilitation and Correction to the Butler County Prosecutor.

      Respectfully submitted,

Randall Porter (mcr) email
auth gal

RANDALL L. PORTER – 0005835
COUNSEL FOR VON CLARK DAVIS
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

And

_Melynda Cook-Reich_

MELYNDA COOK-REICH – 0066596
COUNSEL FOR VON CLARK DAVIS
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

## **CERTIFICATE OF SERVICE**

I certify a copy of the foregoing *Von Clark Davis' Notice Of Appeal* has been sent by regular U.S. mail to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011, and on this 33ᵗʰ day of April, 2008

_Melynda Cook-Reich_

Melynda Cook-Reich
COUNSEL FOR VON CLARK DAVIS

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

2





IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,

   Plaintiff,        **Case No. CR 1983-12-0614**

vs.

**VON CLARK DAVIS**  MAY 0 1 2008 : **Judge Daniel Andrew Nastoff**

   **Defendant.**

---

## VON CLARK DAVIS' REPLY IN SUPPORT OF HIS MOTION
## FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER

---

   On March 31, 2008, this Court, on oral motion of the prosecution, ordered the Ohio Department of Rehabilitation and Correction ("DRC") to provide both the prosecution and defense counsel with a copy of the records in its possession concerning Mr. Davis. On April 10, 2008, Mr. Davis filed a motion to rescind that order, which he amended on April 15, 2008. On April 22, 2008, the State filed a memorandum ("Memo Contra") opposing the April 15, 2008 amended motion.

   The State argues that this Court's March 31, 2008 order was proper under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963) and its progeny. [Memo Contra, pp. 1-2]. While Mr. Davis appreciates the prosecution's concern for its constitutionally imposed duty to disclose exculpatory evidence, the prosecution should not concern itself with Mr.



Davis's DRC records. As Mr. Davis has documented, he already has access to those records.

There are three components to a *Brady* violation: 1) the evidence must be favorable to the accused, 2) the evidence must have been suppressed by the state, and 3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 1948 (1999); *Banks v. Dretke*, 540 U.S. 669, 691, 124 S. Ct. 1256, 1272 (2004). The prosecution in both its argument in open court and its subsequent Memo Contra has never addressed the second prong, the evidence must have been suppressed by the state. The reason for this omission is that the prosecution has no valid response. The State, DRC, has already provided prior counsel with a copy of Mr. Davis' DRC records, and the State is obligated to provide current counsel with an updated copy of the records. [Reply, Exhibit A]. If DRC does not provide counsel with an updated copy of the DRC records, undersigned counsel will take the appropriate action.

Both this Court and the prosecution cite to the Sixth Circuit opinion which vacated Mr. Davis's death sentence, *Davis v. Coyle*, 475 F. 3d 761 (6th Cir. 2007). [March 31, 2007 Order and Memo Contra, p. 2]. That is a misreading of the opinion. The case was not reversed because the prosecution had failed to meet its *Brady* obligation by suppressing DRC records, but because the panel refused to admit information that was contained in Mr. Davis's DRC records.

Mr. Davis documented his right of access to the DRC records by citing to the consent decree in *In re Application for Release of Records by*

2

*Donald Williams, et. al.* Franklin C. P. No. 89MS-09-679. [Amended Motion to Rescind, Exhibit A]. The prosecution responds that it was not a party to that action. [Memo Contra, p. 3]. The prosecution misses the point.  The Office of the Ohio Public Defender and DRC were parties and therefore the State, DRC, is required to provide the records in question to counsel for Mr. Davis. DRC's providing of the documents, pursuant to the consent decree, satisfies the second prong of the *Brady* test. The other two prongs of the *Brady* are moot.

Finally the prosecution cites to Judge Oney's order granting the both sides access to the DRC records in *State v. Rudolph,* Butler C. P. Case No. CR99-08-0996 (Aug. 20, 1999). [Memo Contra, p. 1].  The docket indicates that defense counsel did not litigate the propriety of that motion. [Reply Exhibit A]. Thus, the order has no persuasive authority.

Mr. Davis would request this Court to rescind its March 31, 2008 order. There is no legal support for the motion, given that Mr. Davis already has access to the records in question. Instead, the prosecutor employs the motion to access documents which it desires for its own benefit and not the benefit of Mr. Davis. The Supreme Court in *Brady* adopted the rule that it did to give the defense access to evidence, not the prosecution.

Respectfully submitted,

OFFICE OF THE OHIO PUBLIC DEFENDER

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio  43215

3

(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com


By_____
COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis'*

*Reply In Support Of His Motion For This Court To Rescind Its March 31, 2008*

*Order* was forwarded by electronic and first-class U.S. Mail, postage prepaid to

Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and

Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the

Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this

30th day of April, 2008.

_____
COUNSEL FOR VON CLARK DAVIS

4

Public Access - Docket List                                                Page 1 of 20



CINDY CARPENTER
BUTLER COUNTY CLERK OF COURTS

*General Inquiry*

New Search...

Dockets

Docket Search

CR 1999 08 0996 STATE OF OHIO VS RUDOLPH, ANTHONY L -ONEY

Search Criteria

**Docket** ALL
**Desc.**

**Begin Date**                              Sort

**End Date**                                ◦ Ascending
                                            Descending

Search

**Search Results**    First 100 of result set displayed, Please limit search critera.

| Docket Date | Docket Text | Amount | Amount Due | Images |
|---|---|---|---|---|
| 04/03/2007 | Entire case file imaged | 0.00 | 0.00 | ☐ |
| 04/26/2002 | WARRANT PROCESS FORM ITN # defendant needs to be fingerprinted by BCSO issued on: 04/26/2002 For: RUDOLPH, ANTHONY L | 0.00 | 0.00 | |
| 04/26/2002 | Copy issued to Court ITN # defendant needs to be fingerprinted by BCSO created on: 04/26/2002 For: RUDOLPH, ANTHONY L | 0.00 | 0.00 | |
| 07/26/2001 | ORDER TO FINGERPRINT ON BCI&I DISPOSITION FORM #2-71;COPY ISSUED:JAIL,DEFENDANT & ATTORNEY FILED, (create ITN alert) FILED ONEY, J (ANTHONY RUDOLPH) | 2.00 | 2.00 | ☐ |
| 06/01/2001 | REQUISITION (PROSECUTING/COURT REPORTER) COST (ANTHONY RUDOLPH) | 96.62 | 96.62 | |
| 11/03/2000 | ENTRY RELEASING PROPERTY FILED ONEY,J (ANTHONY L RUDOLPH) | 2.00 | 2.00 | ☐ |
| 08/16/2000 | MAILING OF DOCUMENTS- ISSUED AS REQUIRED Issue Date: 08/16/2000 Service : COPY ISSUED Method : SERVICE BY ORDINARY MAIL Cost Per :$ 4.00 FRYE, JEFF CRIME VICTIMS SERVICES 65 EAST STATE | 4.00 | 4.00 | |

http://www.butlercountyclerk.org/pa/pa.urd/pamw2000-docket_lst?74679355        4/29/2008

EXHIBIT
A

|  |  |  |
|---|---|---|
| STREET 8TH FLOOR COLUMBUS, OH 43215 Tracking No: 1000048475 |  |  |
| 08/16/2000 COPY or NOTICE ISSUED TO ATTORNEY or/ PARTIES OF RECORD BY REGULAR MAIL | 0.00 | 0.00 |
| 05/24/2000 RETURN RECEIPT OF CERTIFIED MAIL OF Method : SERVICE BY CERTIFIED MAIL Issued : 05/17/2000 Service : COPY ISSUED BY CERTIFIED MAIL Served : 05/22/2000 Return : 05/24/2000 On : SUPREME COURT OF OH Signed By : T W Reason : CERTIFIED MAIL SERVICE Comment : BW Tracking #: P000-078-511 | 0.00 | 0.00 |
| 05/17/2000 Issue Date: 05/17/2000 Service : COPY ISSUED BY CERTIFIED MAIL Method : SERVICE BY CERTIFIED MAIL Cost Per :$ 5.00 SUPREME COURT OF OH 30 EAST BROAD STREET CLERK COLUMBUS, OH 43266-0419 Tracking No: P000078511 | 5.00 | 5.00 |
| 05/17/2000 COPY ISSUED BY CERTIFIED MAIL | 0.00 | 0.00 |
| 05/16/2000 NOTICE TO SUPREME COURT OF PLEA OF GUILTY OR NO CONTEST TO OR NOTICE OF DISMISSAL OF INDICTMENT CHARGING AGGRAVATED MURDER WITH SPECIFICATIONS OF AGGRAVATING CIRCUMSTANCES.R.C. 2929.021 (B) FILED CINDY CARPENTER | 0.00 | 0.00 |
| 05/11/2000 CASE RESEARCH NOTES: AS OF THIS DATE $50,329.00 IS DUE FROM ANTHONY L RUDOLPH**** | 0.00 | 0.00 |
| 04/26/2000 ENTRY RELEASING PROPERTY BEING HELD BY UNION TWP POLICE DEPT FILED ONEY,J (ANTHONY RUDOLPH) | 2.00 | 2.00 |
| 04/19/2000 RETURN-PERSONAL SERVICE OF DOCUMENTS UPON : Method : SERVICE BY SHERIFF OF BUTLER COUNTY Issued : 04/13/2000 Service : NOTICE TO SHERIFF OF EXECUTION FOR COSTS Served : 04/19/2000 Return : 04/19/2000 On : RUDOLPH, ANTHONY L Signed By : Reason : PERSONAL SERVICE Comment : NO FUNDS AVAILABLE Tracking #: C000-014-679 | 0.00 | 0.00 |
| 04/18/2000 SHERIFFS RETURN UPON - WARRANT TO CONVEY : Method : SERVICE BY SHERIFF OF BUTLER COUNTY Issued : 04/13/2000 Service : WARRANT TO CONVEY Served : 04/18/2000 Return : 04/18/2000 On : RUDOLPH, ANTHONY L Signed By : Reason : CONVEY RETURN Comment : Tracking #: C000-014-670 | 43.30 | 43.30 |
| 04/13/2000 Issue Date: 04/13/2000 Service : NOTICE TO SHERIFF OF EXECUTION FOR COSTS Method : SERVICE BY SHERIFF OF BUTLER COUNTY Cost Per :$ 0.00 RUDOLPH, | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3269

|  | | |
|---|---|---|
| ANTHONY L C/O BUTLER CO JAIL 123 COURT ST HAMILTON, OH 45011 Tracking No: C000014679 | | |
| 04/13/2000 NOTICE OF EXECUTION FOR COSTS TO SHERIFF | 0.00 | 0.00 |
| 04/13/2000 Issue Date: 04/13/2000 Service : WARRANT TO CONVEY Method : SERVICE BY SHERIFF OF BUTLER COUNTY Cost Per :$ 0.00 RUDOLPH, ANTHONY L C/O BUTLER CO JAIL 123 COURT ST HAMILTON, OH 45011 Tracking No: C000014670 | 0.00 | 0.00 |
| 04/13/2000 COPIES ISSUED TO SHERIFF | 2.00 | 2.00 |
| 04/13/2000 CONVEY WARRANT ISSUED TO SHERIFF (ANTHONY RUDOLPH) | 49.00 | 49.00 |
| 04/13/2000 TAKING-RECEIVING PRISONER BEFORE JUDGES ONEY, CREHAN AND SAGE STENOGRAPHER FEE (ANTHONY RUDOLPH) | 46.00 | 46.00 |
| 04/13/2000 FINE (OTHER THAN DRUG RELATED: PURSUANT 2925.03 ) (in PM'CH screen>#12) | 25,000.00 | 25,000.00 |
| 04/13/2000 FINE (OTHER THAN DRUG RELATED: PURSUANT 2925.03 ) (in PM'CH screen>#12) | 25,000.00 | 25,000.00 |
| 04/13/2000 JUDGMENT SENTENCING TO OHIO DEPT OF CORRECTIONS REHABILITATION FOR A TERM OF LIFE IMPRISONMENT WITHOUT PAROLE, PAY A FINE IN THE AMT OF $25,000.00 AND PAY COSTS OF PROSECUTION HEREIN AS TO CT (1) AND SPECIFICATIONS 1 AND 2 TO CT (1) OF THE INDICTMENT; A TERM OF LIFE IMPRISONMENT WITHOUT PAROLE, PAY A FINE OF $25,000.00 AND PAY COSTS OF PROSECUTION HEREIN AS TO CT (2) AND SPECIFICATIONS 1 AND 2 TO CT (2) OF THE INDICTMENT; SAIID SENTENCE IMPOSED IN CT (2) IS TO BE SERVED CONSECUTIVELY WITH SENTENCE IMPOSED IN CT (1); 10 YRS AS TO CT (3) TO BE SERVED CONSECUTIVELY WITH SENTENCES IMPOSED IN CTS 1 AND 2; 1 YR AS TO CTS (4) AND (5) TO RUN CONSECUTIVELY WITH SENTENCES IMPOSED IN CTS 1,2 AND 3; AN ADDITIONAL 3 YRS TO BE SERVED BEFORE ANY TIME IS SERVED AS TO THE FIREARM SPECIFICATIONS CONTAINED IN SPEC 3 TO CT (1), SPEC 3 TO CT(2) , SPEC TO CT (4) AND SPEC TO CT (5); SAID FIREARM SPECIFICATIONS ARE CONCURRENT TO EACH OTHER BUT CONSECUTIVE TO SENTENCES IMPOSED IN CTS 1,2,3,4, AND 5; CREDIT FOR 221 DAYS IS GRANTED ; DEFT IS ORDERED TO PAY ALL COSTS OF | 6.00 | 6.00 |

| | | | |
|---|---|---|---|
| | PROSECUTION, COUNSEL COSTS AND ANY FEES PERMITTED (SEE PARTY CHARGE FOR DETAILS) FILED ONEY, CREHAN AND SAGE J (ANTHONY RUDOLPH) | | |
| 04/07/2000 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES $4992.00 & AFFIDAVIT OF INDIGENCY FILED,for atty.: J GREGORY HOWARD FILED ONEY,J (ANTHONY RUDOLPH) | 2.00 | 2.00 |
| 03/20/2000 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES $9159.91 & AFFIDAVIT OF INDIGENCY FILED,for atty.: CRAIG D HEDRIC FILED ONEY,J (ANTHONY RUDOLPH) | 2.00 | 2.00 |
| 03/15/2000 | ITEMIZED EVIDENCE INVENTORY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 03/13/2000 | RRF Reparations Rotary Fund (ANTHONY LARRY RUDOLPH) | 41.00 | 41.00 |
| 03/13/2000 | GUILTY PLEA, JURY WAIVER ENTER AS TO CT1 AGGRAVATED MURDER W/SPEC 1 CAPITAL SPEC, SPEC2 CAPITAL SPEC, SPEC 3 FIREARM SPEC : CT1 AGGRAVATED MURDER W/SPEC 1 CAPITAL SPEC,SPEC 2 CAPITAL SPEC, SPEC 3 FIREARM SPEC : CT3 AGGRAVATED ROBBERY W/SPEC FIREARM SPEC : CT4 HWWUD W/SPEC FIREARM SPEC : CT5 HWWUD W/SPEC FIREARM SPEC FILED CREHAN,J AND SAGE,J (ANTHONY LARRY RUDOLPH) | 2.00 | 2.00 |
| 03/13/2000 | JURY WAIVER FILED SAGE,J (ANTHONY LEE RUDOLPH) | 2.00 | 2.00 |
| 03/10/2000 | ENTRY APPOINTING THREE JUDGE PANEL FILED SAGE,J (ANTHONY RUDOLPH) | 2.00 | 2.00 |
| 01/25/2000 | NOTICE OF FILING OF TRANSCRIPT OF PROCEEDING'S TAKEN ON 01-14-00 FILED (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 01/19/2000 | PRETRIAL ORDER SET FOR MOTION TO SUPPRESS SHALL BE FILED ON 01-28-00, AND WILL BE HEARD ON 03-20-00 AT 1:00PM FILED ONEY J (ANTHONY RUDOLPH) | 4.00 | 4.00 |
| 01/19/2000 | ORDER TO PROVIDE DISCOVERY FILED ONEY J (ANTHONY L RUDOLPH) | 2.00 | 2.00 |
| 01/18/2000 | ORDER FOR DISCOVERY FILED (ANTHONY L RUDOLPH) Attorney: HYDE, RICHARD A (42088) | 2.00 | 2.00 |
| 01/14/2000 | STATE'S ANSWER TO DEFT'S REQUEST FOR DISCOVERY FILED Attorney: HYDE, RICHARD A (42088) (ANTHONY L RUDOLPH) (SEALED) | 0.00 | 0.00 |
| 01/14/2000 | MOTION FOR DISCOVERY FILED Attorney: HYDE, RICHARD A (42088) (SEALED) | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3271

| Date | Description | | |
|---|---|---|---|
| 01/14/2000 | BILL OF PARTICULARS FILED (ANTHONY RUDOLPH) Attorney: HYDE, RICHARD A (42088) | 0.00 | 0.00 |
| 01/06/2000 | (SPECIAL) JURY REQUEST BY JUDGE ONEY FOR 150 JURORS ON 02-01-00 @ 9:00AM. TRIAL IS SCHEDULED TO LAST APPROXIMATELY 10DAS OR 2WK'S FILED (ANTHONY RUDOLPH) | 25.00 | 25.00 |
| 12/13/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "M"- MOTION REQUESTING PRE-VOIR DIRE INSTRUCTIONS FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |
| 11/30/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "G-O" - MOTION TO PROPERLY PRESERVE AND CATALOG ALL PHYSICAL EVIDENCE FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |
| 11/23/1999 | ENTRY APPOINTING EXPERT DR. JEFFREY SMALLDON PH.D FILED SPAETH,J (CARIN MADDEN) | 2.00 | 2.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "A" MOTION FOR STENOGRAPHIC RECORD FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "B" - MOTION TO SEAL THE RECORD FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "C" MOTION FOR DAILY TRANSCRIPTS FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "E" CONSTITUTIONAL MOTION TO DISMISS FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "K" -MOTION TO COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |
| 11/22/1999 | MEMORANDUM IN OPPOSITION TO DEFNT'S MOTION TO DISCLOSE WINESS STATEMENT'S PRIOR TO TRIAL (STATE'S RESPONSE TO DEFNT'S MOTION "O" ) | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "P" - MOTION FOR DISCLOSURE OF | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3272

REBUTTAL WITNESSES FILED
(ANTHONY RUDOLPH)

| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "Q" - MOTION FOR DISCLOSURE OF AGGRAVATING FACTORS AND INFORMATION RELATING TO MITIGATING FACTORS FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |

| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "R' MOTION TO COMPEL PROSECUTING ATTORNEY TO DISCLOSE DEATH PENALTY DATA FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |

| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFNESE MOTION "S" MOTION TO COMPEL LAW ENFORCEMENT OFFICIALS TO TURN OVER AND ADVISE PROSECUTING ATTORNEY OF ALL INFORMATION ACQUIRED DURING THE COURSE OF INVESTIGATION FILED (ANTHONY RUDOLPH) | 0.00 | 0.00 |

| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "T' MOTION FOR AN ORDER DIRECTING THAT A COPY OF THE PROSECUTOR'S FILE BE MADE TURNED OVER TO THE COURT FRO REVIEW AND SEALED FOR APPELLATE REVIEW FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |

| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "V" MOTION TO SUBMIT QUESTIONNAIRE TO PROSPECTIVE JURORS FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |

| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "W" MOTION TO COMPEL DISCLOSURE OF PROSECUTING ATTORNEY'S JURY SELECTION DATA FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |

| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION TO INSULATE VENIRE AND JURY FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |

| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFNSE MOTION "AA"- MOTION FOR COMPREHENSIVE VOIR DIRE FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |

| 11/22/1999 | STATES MEMORANDUM IN | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3273

|            |                                                                                                                                                                                                                                                                   |      |      |
|------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|------|
|            | OPPOSITION TO DEFENSE MOTION "BB"- MOTION FOR ALTERNATIVE VOIR DIRE FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F ()                                                                                                                                            |      |      |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "CC"- MOTION FOR SECOND VOIR DIRE OF JURY FIELD (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F ()                                                                                                                    | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "DD" - MOTION TO PROHIBIT DEATH QUALIFICATION UNLESS AND UNTIL THE PROSECUTION HAS SHOWN PROBABLE CAUSE THAT THE CASE PROCEED TO MITIGATION FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F ()                   | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "EE"- MOTION TO PROHIBIT DEATH QUALIFICATION OF JURY: OR TO SEAT A SEPARATE JURY DURING PENALTY PHASE FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F ()                                                          | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "FF" - VOIR DIRE MEMORANDUM: EXCUSAL OF VENIRE PERSONS WHO CANNOT FAIRLY CONSIDER MITIGATING EVIDENCE AND WHO WOULD AUTOMATICALLY VOTE FOR DEATH UPON A SHOWING OF GUILT FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "GG"- VOIR DIRE MEMORANDUM: THE DEFENSE MUST BE ALLOWED TO EXAMINE PROSPECTIVE JURORS REGARDING THEIR VIEWS ON CAPITAL PUNISHMENT PRIOR TO THEIR EXCUSAL FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F ()      | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "II" - MOTION TO PROHIBIT THE USE OF PEREMPTORY CHALLENGES TO EXCLUDE JURORS WHO EXPRESS CONCERN ABOUT CAPITAL PUNISHMENT FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH)                                         | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "JJ" - MOTION TO REQUIRE PROSECUTOR TO STATE REASONS FOR EXCECISING PEREMPTORY CHALLENGES FILED Attorney:                                                                                                          | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3274

|            | HOLCOMB, JOHN F (ANTHONY RUDOLPH) | | |
|------------|-----------------------------------|------|------|
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "KK"- MOTION FOR TWELVE PEREMPTORY CHALLENGES FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFNESE MOTION "LL"- MOTION FOR SEQUESTRATION OF JURORS FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION TO DEFENSE MOTION "MM"- MOTION TO REQUIRE THE JURY TO ARTICULATE THE METHOD BY WHICH IT WEIGHS THE AGGRAVATING CIRCUMSTANCES AGAINST THE MITIGATING FACTORS FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "OO"- MOTION TO PROHIBIT ANY EVIDENCE ON THE CHARACTER OF THE VICTIM OF VICTIM IMPACT FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "QQ" - MOTION TO EXCLUDE PHOTOGRAPHS OF DECEASED FILED (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "RR" - MOTION TO PROHIBIT DISPLAY OF EVIDENTIARY EXHIBITS UNTIL ADMITTED FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "SS" - MOTION TO EXCLUDE REFERENCES TO ACCUSED'S CRIMINAL RECORD FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "TT" - MOTION TO PROHIBIT REFERENCES TO THE JURY THAT A VERDICT AS TO DEATH IS ONLY A RECOMMENDATION FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "UU" - MOTION TO PROHIBIT ANY REFERENCES TO THE FIRST PHASE AS THE "GUILT PHASE" FILED | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3275

| | | | |
|---|---|---|---|
| | Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | | |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "VV" - MOTION TO ALLOW DEFENSE TO ARGUE LAST AT THE PENALTY PHASE FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "WWW" MOTION FOR WRITTEN JURY INSTRUCTION AND OPPORTUNITY TO REVIEW FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "XX" TO RESTRICT PROSECUTOR'S EVIDENCE AND ARGUMENT IN THE PENALTY PHASE FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "YY" TO RESTRICT PROSECUTOR'S EVIDENCE AND ARGUMENT IN PENALTY PHASE FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "ZZ" - MOTION TO PERMIT DEFENSE TO ADMIT ALL MITIGATING EVIDENCE AT SENTENCING PHASE FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "AAA" - MOTION TO LIMIT PROSECUTION ARGUMENT TO THE AGGRAVATING CIRCUMSTANCE, ECT. FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "BBB"- MOTION TO PROHIBIT PROSECUTOR FROM IMPROPER COMMENT ON DEFNT'S UNSWORN STATEMENT FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "CCC" - MOTION TO PROHIBIT PROSECUTION FROM ARGUING AND THE COURT FROM GIVING INSTRUCTIONS REGARDING STATUTORY MITIGATING FACTORS NOT RAISED BY DEFENSE FILED Attorney: HOLCOMB, JOHN F (ANTHONY | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3276

| | | | |
|---|---|---|---|
| | RUDOLPH) | | |
| 11/22/1999 | MEMORANDUM IN OPPOSITION DEFENSE MOTIN "DDD" - TO RESTRICT PROSECUTOR'S EVIDENCE AND ARGUMENT IN THE PENASTY PHASE FILED Attorney: HOLCOMB, JOHN F. (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "EEE"-MOTION TO ALTER DEFINITION OF MITIGATING CIRCUMSTANCES TO REMOVE REFERENCE TO REDUCING DEGREE OF BLAME AND TO REPLACE WITH OTHER LANGUAGE AND TO SO LIMIT THE PROSECUTION FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "FFF"- MOTION TO INSTRUCT JURY TO WEIGH ONLY THE AGGRAVATING CIRCUMSTANCES AND NOT THE AGGRAVATED MURDER ITSELF FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "GGG"- MOTION TO PROHIBIT REFERENCE TO NATURE AND CIRCUMSTANCES OF THE OFFENSE AS A FACTOR TO BE CONSIDERED IN MITIGATION OF IN THE INTRODUCTORY LANGUAGE RESPECTING MITIGATION FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "HHH"- MOTION TO INSTRUCT ON SPECIFIC MITIGATING FACTORS RAISED BY DEFENSE FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION "HHH-1" MOTION TO REPHRASE INSTRUCTIONS DESCRIBING THE R.C. 2929.04 (B)(7) CATCH-ALL MITIGATING FACTOR FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION 'III' DEFNT'S PROPOSED REASONABLE DOUBT INSTRUCTIONS AS IT PERTAINS TO MITIGATING PHASE FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3277

| | | | |
|---|---|---|---|
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION 'JJJ' MOTION TO INSTRUCT UPON RESIDUAL DOUBT FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION 'LLL' MOTION TO INSTRUCT JURY REGARDING PAROLE FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION 'MMM' - DEFNT'S REQUEST FOR AN INSTRUCTION THAT STATE BEARS THE BURDEN OF PROVING THE ABSENCE OF MITIGATING FACTORS FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |
| 11/22/1999 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENSE MOTION 'NNN' - DEFNT'S REQUEST FOR INSTRUCTIONS THAT JURY IS TO DETERMINE THAT DEATH IS THE APPROPRIATE PUNISHMENT FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION 'OOO'- DEFNTS REQUEST FOR INSTRUCTINS UNDER STATE V. THOMAS (1988 40 OHIO ST. 3D 213 ) FILED (ANTHONY RUDOLPH) Attorney: HOLCOMB, JOHN F () | 0.00 | 0.00 |
| 11/22/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION 'PPP'- MOTION TO AVOID COERCIVE PRACTICES DURING PENALTY PHASE DELIBERATIONS FILED Attorney: HOLCOMB, JOHN F (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/13/1999 | VOIR DIRE MEMORANDUM: THE DEFENSE MUST BE ALLOWED TO EXAMINE PROSPECTIVE JURORS REGARDING THEIR VIEWS ON CAPITAL PUNISHMENT PRIOR TO THEIR EXCUSAL FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/13/1999 | MOTION TO EXCLUDE PHOTOGRAPHS OF DECEASED AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/13/1999 | REQUESTED PRE-VOIR DIRE INSTRUCTIONS; DEFENSE MOTION-M & MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3278

| Date | Description | | |
|---|---|---|---|
| 10/13/1999 | MOTION TO PROPERLY PRESERVE AND CATALOG ALL PHYSICAL EVIDENCE; DEFENSE MOTION-G O AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/13/1999 | MOTION TO PROHIBIT THE PROSECUTOR FROM ARGUING AND THE COURT FROM GIVING INSTRUCTIONS REGARDING STATUTORY MITIGATING FACTORS NOT RAISED BY THE DEFENSE; DEFENSE MOTION-CCC & MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | SCHEDULING ORDER; HEARING ON ALL MOTIONS 12/13/99 @ 1:00 P.M. FILED ONEY,J (ANTHONY RUDOLPH) | 4.00 | 4.00 |
| 10/12/1999 | MOTION TO PROHIBIT THE USE OF PEREMPTORY CHALLENGES TO EXCLUDE JURORS WHO EXPRESS CONCERNS ABOUT CAPITAL PUNISHMENT; DEFENSE MOTION II AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO REQUIRE PROSECUTOR TO STATE REASONS FOR EXERCISING PEREMPTORY CHALLENGES; MOTION DEFENSE MOTION JJ AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION FOR SEQUESTRATION OF JURORS; DEFENSE MOTION LL AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION FOR RULING ON NUMBER OF PEREMPTORY CHALLENGES; DEFENSE MOTION KK AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRICS,ATTYS (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | VOIR DIRE MEMORANDUM: VENIRE PERSONS WHO CANNOT FAIRLY CONSIDER MITIGATING EVIDENCE AND WHO WOULD AUTOMATICALLY VOTE FOR DEATH UPON A SHOWING OF GUILT MUST BE EXCUSED; DEFENSE MOTION FF AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO PROHIBIT | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3279

|            |                                                                                                                                                                                                                                           |      |      |
|------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|------|
|            | PROSECUTOR FROM IMPROPER COMMENT ON ACCUSEDS UNSWORN STATEMENT; DEFENSE MOTION BBB AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH)                                                                              |      |      |
| 10/12/1999 | MOTION TO LIMIT PROSECUTORS ARGUMENT TO THE AGGRAVATING CIRCUMSTANCES PROVEN AT THE FIRST PHASE OF THE TRIAL , AND TO LIMIT THE PROSECUTORS PRESENTATION OF EVIDENCE AND ARGUMENT TO PROPER REBUTTAL OF THE DEFENSE PRESENTATION; DEFENSE MOTION AAA AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO LIMIT STATES EVIDENCE TO REBUTTAL; DEFENSE MOTION YY AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY S(ANTHONY RUDOLPH)                                                                                                   | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO PRECLUDE READMISSION OF TRIAL PHASE EVIDENCE AND EXHIBITS IN PENALTY PHASE AND RELATED PROSECUTORIAL COMMENT; DEFENSE MOTION XX AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH)                          | 0.00 | 0.00 |
| 10/12/1999 | MOTION FOR WRITTEN JURY INSTRUCTION AND OPPORTUNITY TO REVIEW; DEFENSE MOTION WW AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH)                                                                                  | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO ALLOW THE DEFENSE TO ARGUE LAST AT THE PENALTY PHASE; DEFENSE MOTION VV AND MEMORANDUM FILED J GREGORY HOWARD AND CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH)                                                                               | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO REQUIRE THE JURY TO ARTICULATE THE METHOD BY WHICH IT WEIGHS THE AGGRAVATING CIRCUMSTANCES AGAINST THE MITIGATING FACTORS; DEFENSE MOTION MM AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH)            | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO PROHIBIT ANY EVIDENCE BEARING ON THE CHARACTER OF THE VICTIM OR VICTIM IMPACT; DEFENSE MOTION OO AND MEMORANDUM FILED J GREGORY HOWARD &                                                                                             | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3280

|            |                                                                                                          |      |      |
|------------|----------------------------------------------------------------------------------------------------------|------|------|
|            | CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH)                                                                      |      |      |
| 10/12/1999 | MOTION TO PROHIBIT DISPLAY OF EVIDENTIARY EXHIBITS UNTIL ADMITTED; DEFENSE MOTION RR AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO AVOID COERCIVE PRACTICES DURING PENALTY PHASE DELIBERATIONS; DEFENSE MOTION-PPP AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION FOR PENALTY PHASE JURY INSTRUCTION RESPECTING ORDER OF DELIBERATIONS AND LACK OF NECESSITY TO FIRST AGREE UNANIMOUSLY ON RECOMMENDATION OF DEATH; DEFENSE MOTION-OOO AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO INSTRUCT THE JURY THAT IT IS TO RECOMMEND A SENTENCE OF DEATH ONLY AFTER THE PROPER WEIGHING AND DETERMINING THAT DEATH IS THE APPROPRIATE PUNISHMENT; DEFENSE MOTION NNN AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | PROPOSED REASONABLE DOUBT INSTRUCTION FOR THE MITIGATION PHASE; DEFENSE MOTION III AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO REPHRASE THE INSTRUCTION REFLECTING THE R.C. 2929.04 (B) (7) "CATCH ALL" MITIGATING CIRCUMSTANCES TO REFLECT THAT SUCH FACTORS ARE ANY OTHER FACTORS THAT CALL FOR A PENALTY LESS THAN DEATH, OR LESSEN THE APPROPRIATENESS OF AS SENTENCE OF DEATH; MOTION HHH 1 AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO INSTRUCT ON SPECIFIC MITIGATING FACTORS RAISED BY DEFENSE ; DEFENSE MOTION HHH AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC ATTYS (ANTHONY RUDOLPH) | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3281

| | | |
|---|---|---|
| 10/12/1999 MOTION TO PROHIBIT REFERENCE TO NATURE AND CIRCUMSTANCES OF THE OFFENSE AS A FACTOR TO BE CONSIDERED IN MITIGATION OR IN INTRODUCTORY LANGUAGE RESPECTING MITIGATION; DEFENSE MOTION GGG AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 MOTION TO INSTRUCT THE JURY THAT IT IS TO WEIGH ONLY THE AGGRAVATING CIRCUMSTANCES AND NOT THE AGGRAVATED MURDER ITSELF IN DETERMINING PUNISHMENT AND TO SO LIMIT THE PROSECUTOR IN ARGUMENT; DEFENSE MOTION FFF AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 MOTION TO ALTER DEFINITION OF MITIGATING CIRCUMSTANCES TO REMOVE REFERENCE TO REDUCING THE DEGREE OF BLAME AND TO REPLACE THIS WITH OTHER LANGUAGE AND TO SO LIMIT THE PROSECUTOR IN ARGUMENT; DEFENSE MOTION EEE AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTYS (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 MOTION IN LIMINE TO PROHIBIT PREJUDICIAL ARGUMENTS AND THEMES AT THE CLOSING ARGUMENT OF THE PENALTY PHASE; DEFENSE MOTION DDD AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 MOTION TO INCLUDE RESDIUAL DOUBT ABOUT GUILT OR SIMILAR LANGUAGE, AMONG LIST OF MITIGATING FACTORS IN PENALTY PHASE JURY INSTRUCTIONS; DEFENSE MOTION JJJ AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 MOTION TO INSTRUCT THE JURY REGARDING PAROLE; DEFENSE MOTION-LLL AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 MOTION FOR INSTRUCTION THAT THE STATE BEARS THE BURDEN OF PROVING THE ABSENCE OF ANY MITIGATING FACTORS OFFERED BY THE DEFENSE; DEFENSE MOTION-MMM AND | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3282

|  |  |  |
|---|---|---|
| MEMORANDUM FILED J GREGORY HOWARD & CRAIG D HEDRIC,ATTY (ANTHONY RUDOLDPH) | | |
| 10/12/1999 MOTION TO PROHIBIT REFERENCES TO THE JURY AT ANY POINT IN THESE PROCEEDINGS,THAT A VERDICT AS TO DEATH IS ONLY A RECOMMENDATION IN THE ALTERNATIVE MOTION TO PROHIBIT REFERENCES TO THE BINDING OR NON-BINDING NATURE OF THE JURYS DETERMINATION; DEFENSE MOTION-TT AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 MOTION TO EXCLUDE REFERENCES TO ACCUSEDS CRIMINAL RECORD; DEFENSE MOTION-SS AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 MOTION TO PERMIT DEFENSE TO ADMIT ALL MITIGATING EVIDENCE AT SENTENCING PHASE; DEFENSE MOTION ZZ AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 MOTION FOR STENOGRAPHIC RECORD; DEFENSE MOTION A AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 MOTION FOR DAILY TRANSCRIPTS; DEFENSE MOTION C AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 MOTION TO SEAL THE RECORD AND MEMORANDUM; DEFENSE MOTION B FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 CONSTITUTIONAL MOTION TO DISMISS; DEFENSE MOTION-E AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 MOTION FOR DISCLOSURE OF WITNESS STATEMENTS PRIOR TO TRIAL; DEFENSE MOTION-O AND MEMORANDUM FILED J GREGORY HOWARD,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 MOTION TO COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE; DEFENSE MOTION K AND | 0.00 | 0.00 |

| | | | |
|---|---|---|---|
| | MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | | |
| 10/12/1999 | MOTION FOR DISCLOSURE OF REBUTTAL WITNESSES; DEFENSE MOTION-P AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO COMPEL PROSECUTING ATTORNEY TO DISCLOSE DEATH PENALTY DATE; DEFENSE MOTION-R AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO COMPEL DISCLOSURE OF AGGRAVATING FACTORS AND INFORMATION RELATING TO MITIGATING FACTORS; DEFENSE MOTION Q AND MEMORANDUM FILED J GREGORY HOWARD,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO COMPEL LAW ENFORCEMENT OFFICIALS TO TURN OVER AND ADVISE PROSECUTING ATTORNEY OF ALL INFORMATION ACQUIRED DURING THE COURSE OF INVESTIGATION AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION FOR AN ORDER DIRECTING THAT A COPY OF THE PROSECUTORS FILE BE MADE, TURNED OVER TO THE COURT FOR REVIEW AND SEALED FOR APPELLATE REVIEW; DEFENSE MOTION-T AND MEMORANDUM FILED J GREGORY HOWARD,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTIONTO SUBMIT QUESTIONNAIRE TO PROSPECTIVE JURORS; DEFENSE MOTION-V AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO COMPEL DISCLOSURE OF PROSECUTING ATTORNEYS JURY SELECTION DATA; DEFENSE MOTION-W AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO INSULATE THE VENIRE AND JURY DEFENSE MOTION Y AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION FOR COMPREHENSIVE VOIR DIRE; DEFENSE MOTION AA AND MEMORANDUM FILED J | 0.00 | 0.00 |

| | | | |
|---|---|---|---|
| | GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | | |
| 10/12/1999 | MOTION FOR ALTERNATING VOIR DIRE; DEFENSE MOTION BB AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION FOR SECOND VOIR DIRE OF JURY; DEFENSE MOTION CC AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG D HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO PROHIBIT DEATH-QUALIFICATION UNLESS AND UNTIIL THE PROSECUTION HAS SHOWN PROBABLE CAUSE THAT THE CASE PROCEED TO MITIGATION; DEFENSE MOTION DD AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/12/1999 | MOTION TO PROHIBIT DEATH-QUALIFICATION OF JURY; IN THE ALTERNATIVE IF NECESSARY TO SEAT A SEPARATE JURY DURING PENALTY PHASE OF TRIAL; DEFENSE MOTION EE AND MEMORANDUM FILED J GREGORY HOWARD & CRAIG HEDRIC,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 10/05/1999 | RETURN NOTICE TO SUPREME COURT OF FILING OF INDICTMENT FILED IN SUPREME COURT ON 08/23/99 UNDER CASE CC99047 FILED | 0.00 | 0.00 |
| 09/24/1999 | ENTRY GRANTING MOTION FOR EXPERT ASSISTANCE; DEFT GRANTED $12,500 TO HIRE KATE BURCH AND JIM CRATE FILED ONEY J ( ANTHONY L RUDOLPH ) | 2.00 | 2.00 |
| 09/20/1999 | MOTION FOR APPROPRIATION OF FUNDS FOR EXPERT ASSISTANCE AND MEMORANDUM FILED J GREGORY HOWARD,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 09/16/1999 | STATES MEMORANDUM IN OPPOSITION TO DEFENSE MOTION FOR APPROPRIATION OF FUNDS FOR EXPERT ASSISTANCE FILED JOHN F HOLCOMB,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 08/30/1999 | RETURN RECEIPT OF CERTIFIED MAIL OF Method : SERVICE BY CERTIFIED MAIL Issued : 08/17/1999 Service : COPY ISSUED BY CERTIFIED MAIL Served : 08/23/1999 Return : 08/30/1999 On : SUPREME COURT OF OH Signed By : DJ Reason : CERTIFIED MAIL SERVICE Comment : BW Tracking #: P000-068-095 | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3285

| Date | Description | | |
|------|-------------|---|---|
| 08/26/1999 | ORDER FOR DISCOVERY FILED ONEY J ( ANTHONY LARY RUDOLPH ) | 2.00 | 2.00 |
| 08/24/1999 | DEFENDANT ARRAIGNED PLEADS NOT GUILTY FILED (ANTHONY RUDOLPH) | 4.00 | 4.00 |
| 08/24/1999 | WAIVER OF TIME FILED RON MORGAN,ATTY (ANTHONY RUDOLPH) | 2.00 | 2.00 |
| 08/20/1999 | ENTRY THE COURT ORDER THE DEPARTMENT OF REHABILITATION & CORRECTION TO PREPARE DEFTS INSTITUTIONAL RECORD FOR TRIAL FILED ONEY,J (ANTHONY RUDOLPH) | 2.00 | 2.00 |
| 08/18/1999 | PERSONAL SERVICE OF WRIT: UPON: ANTHONY L RUDOLPH ON 8/13/99 @ 4:00 PM COPY OF SUMMONS ON INDICTMENT BY D DITTMAN,BCSD | 5.70 | 5.70 |
| 08/17/1999 | Issue Date: 08/17/1999 Service : COPY ISSUED BY CERTIFIED MAIL Method : SERVICE BY CERTIFIED MAIL Cost Per :$ 5.00 SUPREME COURT OF OH 30 EAST BROAD STREET CLERK COLUMBUS, OH 43266-0419 Tracking No: P000068095 | 5.00 | 5.00 |
| 08/17/1999 | COPY ISSUED BY CERTIFIED MAIL | 0.00 | 0.00 |
| 08/16/1999 | NOTICE TO SUPREME COURT OF FILING OF INDICTMENT CHARGING AGGRAVATED MURDER WITH SPECIFICATIONS OF AGGRAVATING CIRCUMSTANCES R.C. 2929.021 (A) FILED | 0.00 | 0.00 |
| 08/16/1999 | REQUEST FOR BILL OF PARTICULARS FILED J GREGORY HOWARD,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 08/16/1999 | REQUEST FOR DISCOVERY FILED J GREGORY HOWARD,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 08/16/1999 | MOTION FOR PHOTOGRAPHS FILED J GREGORY HOWARD,ATTY (ANTHONY RUDOLPH) | 0.00 | 0.00 |
| 08/13/1999 | Issue Date: 08/13/1999 Service : PROSECTUORS REQUEST FILED AND SUMMONS ISSUED Method : SERVICE BY SHERIFF OF BUTLER COUNTY Cost Per :$ 0.00 RUDOLPH, ANTHONY L C/O BUTLER CO JAIL 123 COURT ST HAMILTON, OH 45011 Tracking No: C000004729 | 0.00 | 0.00 |
| 08/13/1999 | <TRUE BILL>of INDICTMENT FOR AGGRAVATED MURDER WITH SPECIFICATIONS-2 CTS.; AGGRAVATED ROBBERY WITH SPECIFICATION; HAVING WEAPONS WHILE UNDER DISABILITY WITH SPECIFICATION-2 CTS.;- ISSUED BCSD FOR SERVICE UPON ANTHONY L | 2.00 | 2.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3286

|            |                                                                                                                                                                                  |       |       |     |
|------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|-------|-----|
|            | RUDOLPH \ PROSECUTOR ' REQUEST \SUMMONS :                                                                                                                                          |       |       |     |
| 08/12/1999 | INDICTMENT or INFORMATION                                                                                                                                                         | 60.00 | 60.00 |     |
| 08/09/1999 | CERTIFICATE FOR BUTLER CO AUDITOR TO ISSUE CHECK FOR $17.00 FOR MICHAEL MCGLOTHIN FILED ONEY,J (ANTHONY RUDOLPH)                                                                   | 2.00  | 2.00  |     |
| 08/06/1999 | CERTIFICATE FOR BUTLER CO AUDITOR TO ISSUE CHECKS FOR $17.00 TO EACH FOLLOWING INDIVIDUALS DELORES REYNOLDS, CAROLYN RUDOLPH, & DOUGLAS ARNETT FILED SAGE,J (ANTHONY RUDOLPH)      | 2.00  | 2.00  |     |
| 08/06/1999 | CERTIFICATE ORDERING BUTLER CO AUDITOR TO ISSUE CHECKS FOR $40.00 TO MICHAEL HADNOT & RODERICK CARLISLE FILED SAGE,J (ANTHONY RUDOLPH)                                             | 2.00  | 2.00  |     |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3287



**Office of the Ohio Public Defender**
8 East Long Street
Columbus, Ohio 43215-2998

www.opd.ohio.gov

(614) 466-5394
Fax (614) 644-0708

TIMOTHY YOUNG
State Public Defender

April 30, 2008

VIA: UPS

Clerk, Court of Common Pleas
Butler County
3rd Floor, Government Services Center
315 High Street
Hamilton, Ohio 45011

Re:  *State v. Von Clark Davis*
       Case No. CR 1983-12-0614

Dear Clerk:

Enclosed please find the original and five (5) copies of Von Clark Davis' Reply in Support of his Motion for the Court to Rescind its March 31, 2008 Order to be filed in the above-captioned case.

Please return a time stamped copy in the envelope provided.  Thank you.

Sincerely,

Randall L. Porter
Assistant State Public Defender

RLP/ts

Encls.

277151



## IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

STATE OF OHIO,                      :

       Plaintiff,                   :          CASE No. CR 1982 12-0614

-vs-                                :

VON CLARK DAVIS                     :          Judge Nastoff

       Defendant                    :


### JOURNAL ENTRY

On motion of Von Clark Davis and for good cause shown, it is hereby ORDERED that the motion for appointment of counsel is GRANTED. The Court ORDERS Assistant State Public Defender Randall L. Porter and Attorney Melynda Cook-Reich are hereby appointed for purposes of appeal.

JUDGE NASTOFF

Dated: 4/30/02





CA C8- 04-0111

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,

    Plaintiff,

vs.

VON CLARK DAVIS

    Defendant.

Case No. CR 1983-12-0614

Judge Andrew Nastoff

---

## VON CLARK DAVIS' MOTION FOR EXTENSION OF TIME TO FILE DEFENDANT'S MOTIONS

---

    COMES NOW, Defendant Von Clark Davis through undersigned counsel, motions this Court for a 10 day extension of time in which to file Defendant's Motions in the pending case which are due May 16, 2008. In support thereof, counsels submit that additional time is necessary to complete the research and develop issues to present to the court in this Death Penalty case. Moreover, the undersigned counsel Mr. Porter is currently working on completing motions and briefs in other cases which are also set for deadline on this date and early next week. Counsel Ms. Cook-Reich submits that she telephoned Mr. Oster on May 15, 2008 to inquire as to opposition or acquiesce; however Mr. Oster was out of the office.

    WHEREFORE, Counsel move this Court for an extension of 10 days to file Defendant's Motions. Counsel is not opposed to a similar extension of time to be granted to the Prosecutor for its responses.



**Repper, Pagan,
Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

Respectfully submitted,

OFFICE OF THE OHIO PUBLIC DEFENDER



RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45044
(513) 424-1824 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was served upon the Butler County Prosecutor's Office, Government Services Building, 315 High Street, 11th Floor, Hamilton, Ohio 45011, by hand-delivery this 16th day of May, 2008.

**MELYNDA COOK-REICH**
Counsel for Defendant



**Repper, Pagan, Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

2

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,

2008 MAY 20  PM 4::14

Plaintiff,

Case No. CR 1983-12-0614

vs.

ENTRY

VON CLARK DAVIS                    :        Judge Andrew Nastoff

Defendant.                         :

---

The Court having received a Motion through Defendant's Counsels for an extension of time

hereby GRANTS the extension so that the Defendant's Motions are now due on

_5/26/08_.


SO ORDERED,

JUDGE NASTOFF



A08-04-0111

IMAGED

2008 [ ] 22 PM 2:43

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO            *     Case No.:  CR83-12-0614
                         *
        Plaintiff        *     Judge Nastoff
                         *
vs.                      *     JUDGMENT ENTRY
                         *
VON CLARK DAVIS          *
                         *
        Defendant        *
                         *
        * * * * * * * * *

This matter came on to be heard upon the
Defendant's motion for the Court to rescind its March 31,
2008 order.

However, the Defendant has filed a notice of appeal
dated April 23, 2008, asking for appellate review of this
order. "[A] notice of appeal divests the trial court of
jurisdiction over the final order or judgment sought to be
reviewed. The Trial Court cannot take any action
inconsistent with the Appellate Court's jurisdiction to
review the appealed order." Powell vs. Turner, (1984) 16
Ohio App.3d 404, 405; Majnaric vs. Majnaric, (1975) 45 Ohio
App.2nd 157, 159; State vs. Wright, 2003 Ohio 1958; State
vs. Roberts, 2005 Ohio 28; State vs. Yeager, 2004 Ohio 1239.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

(204)

Therefore, this Court cannot take action on this motion until it obtains jurisdiction over the matter sought to be reviewed.

"Enter"

Andrew Nastoff, Judge

COPIES TO:

Melynda Cook-Reich
1501 First Avenue
Middletown, OH 45044

Daniel G. Eichel
315 High Street
Hamilton, OH 45011

Randall L. Porter
8 East Long Street - 11th Floor
Columbus, OH 43215

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

**IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO**

STATE OF OHIO,                          :

    Plaintiff,                          :  Case No. CR 1983-12-0614

vs.                                     :

VON CLARK DAVIS                         :  Judge Nastoff

    Defendant.                          :  **EVIDENTIARY HEARING REQUESTED**

---

## VON CLARK DAVIS' MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT

---

Von Clark Davis moves the Court to preclude the prosecution from seeking the death penalty because lethal injection, as it currently exists in the State of Ohio, constitutes cruel and unusual punishment. Mr. Davis has attached a memorandum of law which he incorporates in this motion.

Respectfully submitted,

RANDALL L. PORTER - 0005835
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

MELYNDA COOK-REICH - 0006590
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

## MEMORANDUM OF LAW

The State of Ohio has announced its intention to seek the death penalty at the re-sentencing hearing. The sole means for implementing an execution in the State of Ohio is by lethal injection. For the reasons identified herein, the process by which lethal injection is currently administered in the State of Ohio violates R.C. 2949.22(A) and the Eight and Fourteenth Amendments.

### I.    OHIO'S LETHAL INJECTION PROCEDURE

There are three members of the execution team who actually implement the lethal injection procedure. . Two of those persons are emergency medical technicians. The third person has a certification from the American Society of Clinical Pathologists, a group that includes persons who are qualified under Ohio law to prepare and administer drugs for intravenous injection and start an IV.

The execution team administers three drugs during the course of lethal injection: 1) sodium thiopental, 2) pancuronium bromide, and 3) potassium chloride. According to the protocol, these drugs are injected sequentially, separated by a low-pressure saline drip. [*Id.*]. The Warden of the

2

Southern Ohio Correctional Facility and the Execution Team Leader's, by visually examining the prisoner, makes the determination of when a prisoner is sufficiently anesthetized for the second and third drugs to be administered. [Exhibit 1, pp. 562, 570-571]

Sodium thiopental is a fast acting barbiturate which, if intravenously injected in the intended quantity, will render a person unconscious for a period longer than necessary for lethal injection to be completed. Pancuronium Bromide is a paralytic muscle relaxant that has the effect of stopping all voluntary muscle movement, including breathing. Potassium chloride stops the electrical activity of the heart.

## II. OHIO'S LETHAL INJECTION PROCEDURE IS FLAWED

There is currently other ongoing litigation at the state trial level regarding the constitutionality of Ohio's execution procedure. *State v. Rivera*, Lorain C.P. Case No. 04CR065940. In that litigation, trial-level capital defendants challenged the State of Ohio's lethal injection protocol.[1] The Common Pleas Court, over objection required the Ohio Department of Rehabilitation and Correction ("DRC") and their agents to disclose documents related to Ohio's lethal injection protocol. The defendants then presented those documents to anesthesiologist Mark Heath, a medical doctor who was qualified to render expert testimony in that state-court proceeding. After reviewing the documents, Dr. Heath prepared a declaration and report in February 2008.

---

[1] Defendants from other capital cases pending in the Lorain County Common Pleas Court were permitted to intervene.

[Exhibit 2]. In his declaration, Dr. Heath identified the following flaws in the Ohio lethal injection procedures:

19. I have reviewed execution logs and electrocardiogram ("EKG") strips from executions around the country. These data show clearly that in the great majority of cases the administration of potassium chloride disrupts the electrical signals in the heart, paralyzes the cardiac muscle, and causes death by cardiac arrest. In other words, condemned inmates are alive until killed by the administration of potassium chloride.

20. There is no medical dispute that intravenous injection of concentrated potassium chloride solution, such as that administered by the ODRC, causes excruciating pain. The vessel walls of veins are richly supplied with sensory nerve fibers that are highly sensitive to potassium ions. There exist other chemicals which can be used to stop the heart and which do not cause pain upon administration.

21. The ODRC has elected potassium chloride to cause cardiac arrest. Thus, the ODRC has exercised its discretion and chosen a means of causing death that causes extreme pain upon administration, instead of selecting available, equally effective yet essentially painless medications, for stopping the heart....

24. The ODRC hopes to administer 100 milligrams of Pancuronium bromide. Pancuronium bromide is one of a class of drugs called neuromuscular blocking agents. Such agents paralyze all voluntary muscles, but do not affect sensation, consciousness, cognition, or the ability to feel pain and suffocation. The effect of the pancuronium bromide is to render the muscles (including the diaphragm which moves to permit respiration) unable to contract. It does not affect the brain or sensory nerves.

26. It is important to understand that pancuronium bromide does not cause unconsciousness in the way that an anesthetic drug does; rather, if administered alone, a lethal dose of pancuronium bromide would cause a condemned inmate to lose consciousness only after he or she had endured the excruciating experience of suffocation. It would totally immobilize the inmate by paralyzing all voluntary muscles and the diaphragm, causing the inmate to suffocate to death while experiencing an intense, conscious desire to inhale. Ultimately, consciousness would be lost, but it would not be lost as an immediate and direct result of the pancuronium bromide. Rather, the loss of consciousness would be due to suffocation, which would be preceded by the torment and agony caused by suffocation-induced unconsciousness. The experience, in onset and duration and character, would be very similar to that of being

4

suffocated by having one's nose and mouth blocked off. However, there would be the additional element of being unable to move or writhe or communicate the agony.

29.  When thiopental is not properly administered in a dose sufficient to cause loss of consciousness for the duration of the execution procedure, it is my opinion held to a reasonable degree of medical certainty, that the use of paralytic drugs such as pancuronium or pancuronium bromide will cause conscious paralysis, suffocation, and the excruciating pain of the intravenous injection of concentrated potassium chloride....

39.  The benefits of thiopental in the operating room engender serious risks in the execution chamber.  The duration of unconsciousness provided by thiopental is dose-dependent.  If the intended amount of thiopental fails to reach the condemned inmate's brain (as can occur as a result of an infiltration, leakage, mixing error, or other causes), and the condemned inmate receives a near surgical dose of thiopental, the duration of narcosis will be brief and the inmate could reawaken during the execution process....

41.  Many foreseeable situations exist in which human or technical errors could result in the failure to successfully administer the intended dose.  The ODRC's procedure both fosters these potential problems and fails to provide adequate mechanism for recognizing these problems, and it does these things needlessly and without legitimate reason.

42.  Examples of problems that could occur (and which have occurred in executions) that could prevent the proper administration of thiopental include, but are not limited to, the following:

a.    **Errors in Drug Preparation.**  Thiopental is delivered in powdered form and must be mixed into an aqueous solution proper to administration. This preparation requires the correct application of pharmaceutical knowledge and familiarity with terminology and abbreviations.  Calculations are also required, particularly if the protocol requires the use of a concentration of drug that differs from that which is normally used.  Recently drug preparation problems were revealed in the State of Missouri, which was using a board-certified physician to prepare drugs.  *See* Excerpts of Transcript of June 12, 2006 Bench Trial, at 30-39.  *Taylor v. Crawford,* No. 05-4173-CV-C-FJG (W.D. Mo.).

b.    **Error in Labeling of Syringes.**  It is of paramount importance that the drugs in an execution be given in the correct order.  If the

5

drugs are mislabeled, it greatly increases the chances the drugs will not administered in the correct order.

c.    **Error in Selecting the Correct Syringe.**  As presently configured, the ODRC protocol uses the serial injection of fluid from 5 syringes.  With that number of syringes it would be easy to make a mistake in selecting the correct syringes.  Medication errors are widespread within the clinical arena, and it is recognized by all health-care professionals that the most important step in preventing medication errors is the acceptance of the fact that they can and do occur.  In the context of lethal injection it is equally important to recognize the possibility of medication errors, particularly given the gratuitous use of pancuronium and potassium.  The proposed ODRC procedures do not recognize the possibility of error. The proper way to detect error during the induction of general anesthesia is to assess anesthetic depth and thereby ensure that the drugs have exerted their intended and predicted effects.

d.    **Error in Correctly Injecting the Drug into the Intravenous Line.**  If the syringe holding the drug is turned in the wrong direction, a retrograde injection of the drug into the IV fluid bag rather than into the inmate will result.  Even experienced anesthesiologists sometimes make this error, and the probability of this error occurring is greatly increased in the hands of the inexperienced personnel.

e.    **The IV Tubing May Leak.**  As "IV setup" consists of multiple components that are assembled by hand prior to use. If the drugs are not at the bedside, which they are not in Ohio, but are instead in a different room then it will be impossible to maintain visual surveillance of the full extent of IV tubing so that such leaks may be detected.  The configuration of the death chamber and the relative positions of the executioners and the inmate in Ohio will hinder or preclude such surveillance, thereby risking a failure to detect a leak.  Leaking IV lines have been noted in executions in other states.  The induction of general anesthesia in the medical context, and I believe in the veterinary context, is always a "bedside procedure"; it is never conducted by the administration of drugs in tubing in one room that then is intended to travel into the body of a person in another room.

f.    **Incorrect Insertion of the Catheter.**  If the catheter is not properly placed in a vein, the thiopental will enter the tissue surrounding the vein but will not be delivered to the central nervous system and will not render the inmate unconscious. This

6

condition, known as infiltration, occurs with regularity in the clinical setting. Recognition of infiltration requires continued surveillance of the IV site during the injection, and that surveillance should be performed so as to permit correlation between visual observation and tactile feedback from the plunger of the syringe. One cannot reliably monitor for the presence of infiltration through a window from another room. There have been occasions where departments of correction have failed to recognize the infiltrations during execution. In Oklahoma an infiltration in the catheter delivering the anesthetic thiopental was reported (following by condemned inmate convulsions). Another such occurrence has been reported during the Florida execution of Angel Diaz. These occurrences appear to have directly contributed to the condemned inmates' conscious experience of the execution process.

g.  **Migration of the Catheter.** Even if properly inserted, the catheter tip may move or migrate, so that at the time of injection it is not within the vein. This would result in infiltration, and therefore a failure to deliver the drug to the inmate's circulation and failure to render the inmate unconscious.

h.  **Perforation or Rupture of Leakage of the Vein.** During the insertion of the catheter, the wall of the vein can be perforated or weakened, so that during the injection some or all of the drug leaves the vein and enters the surrounding tissue. The likelihood of rupture occurring is increased if too much pressure is applied to the plunger of the syringe during injection, because a high pressure injection results in a high velocity jet of drug in the vein that can penetrate or tear the vessel wall. Recently, during the Clark execution, the personnel failed to recognize that the condemned's veins had "collapsed" until the inmate himself notified them that the procedure had gone awry.

i.  **Excessive Pressure on the Syringe Plunger.** Even without damage or perforation of the vein during insertion of the catheter, excessive pressure on the syringe plunger during injection can result in tearing, rupture, and leakage of the vein due to the high velocity jet that exits the tip of the catheter. Should this occur, the drug would not enter the circulation and would therefore fail to render the inmate unconscious. The ODRC protocol provides no meaningful instructions about the rate or speed of injections, meaning that there are no instructions to prevent the lay executioners from pushing the syringe plunger in a manner that injures the vein and causes failed delivery of some or all of the thiopental dose.

7

j.　　**Securing the Catheter.**　After insertion, catheters must be properly secured by the use of tape, adhesive material, or suture. Movement by the inmate, even if retrained by straps, or traction on the IV tubing may result in the dislodging of the catheter.

k.　　**Failure to Properly Loosen or Remove the Tourniquet or position restraining straps.**　A tourniquet is used to assist in insertion of an IV catheter. Failure to remove such tourniquets from the arm or leg after placement of the IV catheter will delay or inhibit the delivery of the drugs by the circulation to the central nervous system. This may cause a failure of the thiopental to render and maintain the inmate in a state of unconsciousness. Restraining straps may act as tourniquet and thereby impede or inhibit the delivery of drugs by the circulation to the central nervous system. This may cause a failure of the thiopental to render and maintain the inmate in a state of unconsciousness. Even if the IV is checked for "free flow" of the intravenous fluid prior to commencing injection, a small movement within the restraints on the part of the inmate could compress the vein and result in impaired delivery of the drug. It has been noted in at least one execution by lethal injection that the straps hindered the flow of drugs. *See* Editorial; *Witnesses to a Botched Execution*, St. Louis Post-Dispatch, at 6B (May 8, 1995).

44.　The ODRC documentation recognizes that contingencies need to be planned for, however, it does not describe how any of the myriad contingencies that can and do arise during the induction of general anesthesia would be detected and corrected during the conduct of a lethal injection procedure.

50.　In addition to apparently lacking the training necessary to perform a lethal injection, the ODRC's protocol imposes conditions that exacerbate the foreseeable risks of improper anesthesia administration described above, and fails to provide any procedures for dealing with these risks. Perhaps most disturbingly, the protocol makes no mention of the need for effective monitoring of the inmate's condition or whether he is anesthetized and unconscious. After IV lines are inserted and the execution begins, it appears that the injection team will be in a different room from the prisoner, and thus will not have the ability to properly monitor the IV delivery system and catheter sites as they would if they were at "the bedside". Accepted medical practice, however, dictates that trained personnel are physically situated so that they can monitor the IV lines and the flow of anesthesia into the veins through visual and tactile observation

8

and examination.  The apparent lack of any qualified personnel present in the chamber during the execution thwarts the execution personnel from taking the standard and necessary measures to reasonably ensure that the thiopental is properly flowing into the inmate and that he is properly anesthetized prior to the administration of the pancuronium bromide and potassium.  In recognition of this concern, other states have taken steps to place personnel with medical backgrounds actually within the execution chamber for the purpose of properly monitoring the IV delivery system during the injection process.

53.  The first step in the lethal injection process is creating effective intravenous access for drug delivery. The subsequent administration of the anesthetic drugs can only be successful if IV access is properly achieved. But the ODRC has put in place a protocol that exacerbates the risk that IV access will not be adequately achieved. There have been problems in other states, most notably the Diaz execution in Florida, wherein the personal professional qualifications of the personnel providing IV access had not been subjected to adequate scrutiny.

54.  …. Unlike other states, Ohio does not appear to have a plan in place to deal with the need for a cut-down or central line procedure. This is a glaring deficiency. Further, it is unclear whether the personnel who are currently participating in lethal injection procedures in Ohio have the necessary training and experience to perform central line placement and cut-downs.

[Exhibit 2]

## III.  OHIO'S LETHAL INJECTION PROCEDURE HAS RESULTED IN BOTCHED EXECUTIONS

In the State of Ohio, an execution where everything goes as intended will be essentially painless and will take no more than approximately half hour from the time the medical team enters the prisoner's cell to insert the heparin locks until the prisoner is pronounced dead by a physician after a

9

check for respiration, pulse, and heartbeat.[2] But everything does not always go as intended.

The lethal injection team botched Ohio's first execution in the modern era when DRC executed Wilford Berry in 1999. The members of the execution team could not locate a vein for the IV line, so they resorted to violently beating Mr. Berry's arms in order to raise a vein adequately to acquire an IV site for the transmission of the lethal drugs into his body.

The lethal injection logs for executed inmates Barton, Ferguson, Lundgren, and Filliaggi reveal that the execution teams therein administered the pancuronium bromide less than three minutes after the administration of the sodium thiopental. Thus those lethal injection teams failed to ensure that the anesthetic has taken full effect before the second and third drugs are administered.

The execution of Joe Clark, on May 2, 2006, took eighty-eight minutes from the entry of the medical team to the pronouncement of death. Mr. Clark sat up during the execution, complained that the procedure was not working, and asked for something to kill him by mouth. During the approximately thirty minutes when the curtains were closed, witnesses reported hearing him moaning and groaning. The lethal injection team stuck him nineteen times in an effort to insert IV lines into his veins. Denno, "The Lethal Injection Quandary: How Medicine Has Dismantled the Death Penalty"

---

[2] At least, it seems likely that is what the physician does as there is no EKG machine available. The "half hour or so" was determined from a review of the 26 timelines in Exhibit 1.

10

(2007), 76 Fordham Law Rev. 49, 100 at fn 336, citing Jim Provance & Christina Hall, "Clark Execution Raises Lethal-Injection Issues," Blade (May 4, 2006) at 1. The United States Court of Appeals for the Sixth Circuit described the execution of Joe Clark as follows: "When preparing Clark for execution, prison officials could find only one accessible vein in Clark's arms to establish a heparin lock, through which the lethal drugs are administered. (Two locks usually are inserted.) However, once the execution began and the drugs were being administered, this vein collapsed, and Clark repeatedly advised officials that the process was not working. Officials stopped the lethal injection procedure, and after a significant period of time, were able to establish a new intravenous site." *Cooey v. Strickland* (6th Cir. 2007), 479 F. 3d 412, 423-24.

The execution of Christopher Newton, on May 24, 2007, took one-hundred-ten minutes. It took approximately twenty-two minutes to insert the first IV into Mr. Newton's arm. It took approximately one hour and fifteen minutes to place the second IV. Mr. Newton continued to talk for several minutes after the administration of the lethal injection drugs began, which means that the anesthetic drug (Ohio's first of three drugs) did not have its intended effect of immediately rendering Mr. Newton unconscious. Several minutes after the drugs began, Mr. Newton's chest and stomach area moved approximately eight to ten times and his chin moved in a jittery manner, and at 11:45 a.m. his chest moved, which means the paralytic drug (Ohio's second of three drugs) did not have its intended effect. Mr. Newton was pronounced dead some sixteen minutes after the lethal drugs began flowing—about fifty percent

11

longer than Ohio's average of nine to eleven minutes – indicating that the potassium chloride (Ohio third and final drug) failed to stop Mr. Newton's heart within the time frame predicted by the protocol.  *See* Declaration of Robert K. Lowe, Esq, Regarding the Execution of Christopher Newton, *Alderman v. Donald, et al.*, Case no. 1:07-CV-1474-BBM (N.D. GA)  (Ex. A in that litigation) (Exhibit 3 attached hereto).

Mr. Davis, upon information and belief, contends that DRC has yet to reveal that other inmates' execution since 1999 did not go as planned in ways that expose constitutional deficits.

## IV.    OHIO'S LETHAL INJECTION PROCEDURE VIOLATES R.C. 2849.22(A)

Ohio's statute regarding the imposition of a death sentence mandates that death be effected "quickly and painlessly."  R.C. 2949.22(A). [3]  It provides:

> Except as provided in division (C) of this section, a death sentence shall be executed by causing the application to the person upon whom the sentence was imposed, of a lethal injection of a drug or combination of drugs of sufficient dosage *to quickly and painlessly cause death*.  The application of the drug or combination of drugs shall be continued until the person is dead. The warden of the correctional institution in which the sentence is to be executed or another person selected by the director of rehabilitation and correction shall ensure that the death sentence is executed.

*Id.* (emphasis added)

---

[3] The only state with a statute similar to Ohio's is Kansas.  Section 22-4001(a) of the Kansas Statutes provides, "The mode of carrying out a sentence of death in this state shall be by intravenous injection of a substance or substances in a quantity sufficient to cause death in a swift and humane manner."  The differences in the statutes are significant, however, as the obviously aspirational term "humane" presents a clear contrast with the precision of Ohio's insistence that lethal injection produce a painless death.

The plain language of the Ohio statute requires that the person being executed shall receive one or more drugs in sufficient quantity that death will occur "quickly and painlessly." While "quickly" admits of some ambiguity because it does not denote any precise speed or time frame, "painlessly" is exact and unambiguous. "Painless" means no pain.

The Ohio statutory standard that the condemned be executed "quickly and painlessly" is a higher, more humane standard than the Eighth Amendment's prohibition of "cruel and unusual punishment" requires. Thus, while the Supreme Court's decision in *Baze v. Rees* (2007), 553 U.S. ___, 128 S.Ct. 1520, may provide a measurable standard for recognizing when an execution protocol violates the Eighth Amendment,[4] or the similarly phrased prohibition of Section 9, Article I of the Ohio Constitution, the decision provides no benchmark for analysis of R.C. 2949.22(A).

The basic rule of Ohio statutory analysis is that when the words of a statute are clear, the courts are bound to apply them. "We apply clearly written statutes; we do not employ interpretive methods to discern their meaning." *Harsco Corp. v. Tracy* (1999), 86 Ohio St.3d 189, 192. R.C. 2949.22(A) is almost perfectly clear. The General Assembly enacted a law requiring that lethal injections be performed by administering drugs in sufficient quantity to cause death quickly and painlessly. The only statutory ambiguity is in the term "quickly" which lacks precision. Certainly, it does not

---

[4] Does the execution protocol "give[] rise to a 'substantial risk of serious harm'"? *Id.* at 1531, quoting *Farmer v. Brennan* (1994), 511 U.S. 825, 842.

mean instantaneously. Indeed, even the fastest deaths by lethal injection in Ohio take more than five minutes.

Where there is no ambiguity, however, is in the term "painlessly." It means "without pain." It does not mean "with moderate pain" or "with pain only for some prisoners." This statutory requirement can be met; when a person is properly anesthetized with sodium thiopental or another barbiturate he will feel no pain. It is not, however, a certainty. From the executions of Clark and Newton, it is evident that things do not always go as planned and some of the condemned in Ohio have died with pain.

While it might be unreasonable to apply the statute in such a way as to declare that execution by lethal injection is prohibited if there is any possibility, however unpredictable or remote, that something could go wrong and cause pain despite the elimination of all unnecessary risk, that is not the situation in Ohio. Rather, the DRC has a protocol which not only fails to eliminate all unnecessary risk, it actually creates unnecessary risk. By not requiring that the so-called "medical personnel" on the execution team be not only credentialed but also have experience, by not having the persons injecting the drugs in the same room as the prisoner being executed, by not having monitoring equipment and training to ensure that the prisoner is and remains sufficiently anesthetized during the entire lethal injection process, Ohio's protocol increases the chance that the unnecessary risk will be imposed on the condemned. In addition, DRC's use of pancuronium bromide and potassium

14

chloride also unacceptably causes a risk that the condemned will experience pain when executed.

Here, then, is what we know.  The General Assembly adopted by statute a method of execution, and DRC has created a protocol for carrying out that method of execution which not only fails to ensure that the statutory mandate will be carried out but also increases the likelihood that it will not be. While there is no evidence of ill will by DRC, there is evidence of the unwillingness of DRC to understand the problem.  Despite a number of changes to its execution protocol over the years, DRC has failed to address either of the two main sources of risk in the process: (1) inadequate assurance that the "medical personnel" on the execution team have the experience and skill to perform their jobs properly, and (2) the use of two drugs that serve essentially cosmetic purposes, speeding up the process by, at most, a matter of minutes while creating a real (albeit unquantifiable) risk of an agonizing death. Thus, DRC's execution protocol does not comport with its statute.

## V. THE FAILURE OF DRC TO COMPLY WITH R.C. 2949.22(A) CONSTITUTES IN ITSELF A SEPARATE CONSTITUTIONAL VIOLATION.

Liberty interests created voluntarily by the state are entitled to the protections of due process. *Wolff v. McDonnell* (1974), 418 U.S. 539. What the state gives, it cannot arbitrarily take away. *Id.* at 558.  Similarly, property interests are not creatures of the Constitution itself, . "[r]ather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that

15

secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 577.

When the Ohio Legislature enacted the current version of R.C. 2949.22(A), it created a protected property interest in the right to a quick and painless death.[5] While any interest is subject to the limitations on human capacity, DRC's protocol and system which exacerbate the risks without providing corresponding benefits creates a system that abrogates that interest and, thereby, violates due process.

## VI. OHIO'S LETHAL INJECTION PROCEDURE VIOLATE THE EIGHT AMENDMENT.

The United States Supreme Court recently ruled that Kentucky's lethal injection procedures did not violate the Eighth Amendment. *Baze v. Kentucky* (2008), 553 U.S. __, 128 S. Ct. 1520. The plurality decision therein relied upon the details contained in Kentucky's execution protocol. *Id.* 1533-35.

On its face and as applied, DRC's lethal injection protocol is not substantially similar to Kentucky's protocol (Exhibits 1, pp. 556-573,4). Those dissimilarities renders Ohio's lethal injection procedures constitutionally offensive, including but not limited to the following deficiencies:

A.  Inadequate training requirements for the execution team members who, unlike Kentucky, are not required to undertake as many annual "dry runs" that include inserting IVs into volunteers;

---

[5] Only if lethal injection which causes death quickly and painlessly is declared unconstitutional may the state abrogate that interest. R.C. 2949.22(C).

16

B.  Failure to provide adequate training, equipment, and alternative procedures to follow in the event an IV cannot be inserted into a peripheral vein; *e.g.*, DRC has no procedure detailed in their protocol for gaining access to relatively deep veins in an inmate's neck area or other more invasive procedures necessitated when access cannot be gained to a peripheral vein (*e.g.*, central line, percuntanous line, cut down);

C.  Failure to allow adequate time between the insertion of the anesthetic and the insertion of the next two drugs as is required in order to ensure the inmate is anesthetized before the next drugs are administered;

D.  Failure to station properly trained personnel within immediate proximity of the inmate (versus some distance away behind a barrier) who are charged with, among other things, the duty to monitor whether the inmate is properly anesthetized before additional drugs are injected, and who are additionally charged with, and trained to effectuate the duty of, ordering alternate procedures in the event that, after sixty seconds, the inmate has not been anesthetized;

E.  Failure to station properly trained personnel within immediate proximity of the inmate (versus some distance away behind a barrier) who are charged with, among other things, the duty to monitor whether there is a failure in the IV site during the execution process;

F.  Failure to utilize a cardiac monitoring device to ascertain whether, after a maximum of ten minutes, the heart has stopped;

G.  Failure to utilize a cardiac monitoring device to signal that additional drugs must be injected if the heart has not stopped after ten minutes have passed since the onset of the lethal injection procedure, and failure to have ready-at-hand a second set of syringes to administer the second round of drugs (Kentucky provides for this, Ohio does not);

H.  Failure to utilize more than 2 grams of the anesthetic sodium thiopental (Kentucky uses 3 grams); and

I.  Failure to provide a stabilization procedure to prevent the inmate's death if stay or clemency issues after the lethal injection process begins but before the inmate is dead –

17

Ohio has nothing; Kentucky has medical staff, an ambulance, a defibrillator, and a medical "crash cart" ready at hand to revive an inmate in such circumstances.

[Exhibits 1, pp. 556-573,4]

Regardless of the manner in which the two state's protocol compare on paper, DRC has a track record that includes at least two botched executions (Clark and Newton), whereas Kentucky's record before the United States Supreme Court included only one execution that evidenced no problems.

The State of Ohio intend to execute Mr. Davis by employing the same means and methods of lethal injection as they or their predecessors used to execute Christopher Newton on May 24, 2007. Based on the facts contained in Dr. Heath's declaration and all the other facts set forth herein, Mr. Davis has demonstrated, for purposes of this motion, that DRC's lethal injection protocol violates his constitutional rights.

*Baze* also requires Mr. Davis to proffer a proposed alternative to DRC's current method of lethal injection. The proposed alternative must "effectively address a 'substantial risk of serious harm.'" *Baze v. Kentucky*, 128 S. Ct. at 1532 (internal citation omitted). DRC, if it enacted one or more of the following would effectively address the substantial risk of physical harm that exists in existing procedure:

A.   Shift to a one-drug protocol designed to cause death by means of an overdose of an anesthetic adequate to painlessly and swiftly shut down all bodily functions and cause death. While *Baze* touched upon this alternative, it did not resolve the question for want of an adequate record. Here, Mr. Davis stands ready to present and fully litigate facts proving that the successful delivery of a massive dose of a barbiturate would achieve the goal of execution by a

18

means compatible with his constitutional rights. For example, Oregon's physician-assisted suicide protocol calls for the administration of a single-drug barbiturate overdose.

B.  In the alternative, if DRC insist on using one or more drugs in addition to an anesthetic, then DRC must administer the anesthetic first and alter their protocol to permit three minutes to pass after all of the anesthetic is administered (not counting from when the injection begins, but when it ends) to ensure that there is adequate time for the condemned to be fully and deeply anesthetized before any other drugs are injected. Along with this requisite change, DRC must ensure that a person adequately trained to detect a failure in the anesthetics intended effect is positioned in such a way to detect a failure and remedy the problem.

C.  In the alternative, DRC should eliminate the administration of a drug designed to paralyze the condemned in a way that prevents him from signaling he is in pain due to the failure of the anesthetic to fulfill its intended function. A paralytic drug introduces a substantial risk of significant pain that cannot be justified by any valid penological interest.

D.  In the alternative, DRC could eliminate the reliance on potassium chloride or any other potassium-based drug designed to stop the heart. In similar litigation throughout the country, experts for both condemned inmates and executioners have agreed that a potassium based drug causes excruciating pain in a person inadequately anesthetized. Other drugs are available that painlessly stop the heart and cause certain death. DRC's failure to resort to one of these other drugs creates a significant risk of substantial pain without any penological justification.

These alternative methods of execution methods proposed depend in the first instance on compliance with procedures adequate to remove substantial risks of needless pain caused by DRC's failure to properly engage and train members of the execution team in order to ensure that the drug or drugs are successfully introduced into the condemned's vein in adequate dosages.

19

In addition, DRC must correct its failure to provide equipment and facilities that unjustifiably eliminate the ability of execution team members to monitor the IV site and the delivery of the lethal drug(s).  These failures include, but are not limited to, DRC's failures to require the type of training and qualification for execution team members as is evident in Kentucky's protocol; the failure to provide a physical setting that permits those with adequate training to monitor the IV site during the execution process; and the failure to utilize procedures adequate to ensure that the condemned inmate is successfully and deeply anesthetized.  Finally, the Department, like Kentucky, must also put in place a stabilization procedure.

## VII. OHIO'S LETHAL INJECTION PROCEDURE VIOLATES THE RIGHT TO COUNSEL.

An execution is the final, critical stage of a criminal proceeding. As proven by problematic executions in Ohio and throughout the United States, an execution is a critical event at which the condemned inmate must have counsel ready to advocate on his behalf in the event something goes awry (as can be predicted given the problems with DRC's protocol).

DRC's execution procedures do not provide an unfettered right for the condemned' counsel to witness the execution.  Instead, the execution procedures permit counsel for the condemned to be a witness only if the condemned forfeits one of the three witness seats allotted to him for family or other supports. *See* O.R.C. § 2949.25(A)(5). Mr. Davis wants his counsel present to witness his execution and represent his interests without having to sacrifice a space for another witness from among the three witnesses allotted to him.

20

DRC's practices, routines, and formal and informal procedures and customs governing executions permit counsel for DRC and the prosecuting attorney from the county where the condemned inmate was convicted to witness the execution without requiring representatives of the victim to yield one of the three witness positions they are entitled to select under O.R.C. § 2949.25(A)(6). Just as DRC has counsel present at an execution, the condemned is entitled to have his counsel present as a witness – not in some distant room outside of the death house as often happens to the condemned's counsel – to ensure that the condemned has an advocate present to represent his interests if something goes wrong during the execution.  Future problems are predictable in light of Mr. Newton's and Mr. Clark's botched executions.

When the execution of Joseph Clark did not proceed as planned on May 2, 2006, counsel representing DRC spoke with Mr. Clark's counsel to determine how to respond. Mr. Clark had chosen one of his counsel to serve as one of his three allotted witnesses, so counsel was present in the death house and thus readily available. If a similar circumstance occurs at Mr. Davis' execution, and his nearest lawyer is across the yard in a different building, counsel will be hobbled by the absence of first-hand observations critical to the proceedings.

Many condemned Ohio inmates who have been executed since 1999 did not have counsel present to witness the execution (even if counsel were on the grounds of the prison).  In many of these executions it was because the condemned inmate felt compelled to use his three allotted slots for loved

21

ones and/or religious ministers versus professional advisors.  Mr. Davis should have the right to have his counsel witness his execution just as counsel for the DRC and the prosecuting attorney have a right to witness the execution.  Mr. Davis should be able to exercise this right without being forced to choose between having his counsel be a witness in lieu of one of the three persons he can otherwise choose to be witnesses under O.R.C. § 2949.25(A)(5).

**VIII.  CONCLUSION:   OHIO'S    FLAWED    EXECUTION    PROCEDURE WARRANTS THE REMOVAL OF THE DEATH PENALTY**

Wherein claims such as the ones raised herein, arise in the context of an action for declaratory and injunctive relief, the remedy would be for the Court to order the state to change its procedures to comport with the statutory mandate and thereby restore the abrogated interests.  However, because these claims arise in the context of a criminal case, the Court does not have jurisdiction to order changes in the procedures of DRC. In other criminal contexts where the state has pursued prosecutions for things that cannot, within the bounds of due process, be made crimes, the remedy would be to bar prosecution or reverse convictions.  See, *e.g.*, *Akron v. Rowland* (1993) 67 Ohio St.3d 374, 389, 618 N.E. 2d 138150; *City of Hudson v. Arshinkoff*, 9th District, Summit App. No. CA-22571; 2005-Ohio-6976, ¶ 21.  Neither of those remedies is available here where the question is not whether the defendant may be prosecuted, but whether a particular punishment may be constitutionally inflicted on him. The proper remedy is to remove that punishment as a sentencing option.  Indeed, that is precisely what has been done in the context of individuals who have been found to be mentally retarded and not subject to

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 3316

execution *Atkins v. Virginia* (2002), 536 U.S. 304, 321, 122 S. Ct. 2242, 2252. Such persons are, of course, still prosecuted for their crimes, but death is simply not a sentencing option – and where it was imposed, it will be converted to a life sentence. See *State v. White*, ___ Ohio St. 3d ___, 2008-Ohio-1623, ¶ 85. The effect in this case will be capital prosecutions but with only the life sentencing options should the defendants or either of them be found guilty of both aggravated murder and one or more death specifications. See *State v. Harwell*, 102 Ohio St.3d 128, 2004-Ohio-2149, syllabus.

WHEREFORE, Mr. Davis moves the Court to conduct an evidentiary hearing on the DRC procedure for implementing lethal injection, at the conclusion of that hearing it determine that DRC's procedure violates both R.C. 2949.22(A) and the Eighth Amendment and preclude the prosecution from seeking the death penalty.

Respectfully submitted,

RANDALL L. PORTER - 0005835
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

MELYNDA COOK-REICH - 0066536
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45044
(513) 424-1823 (Voice)

0005855

23

(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis'*

*Motion To Preclude Imposition Of The Death Penalty Because Ohio's Lethal*

*Injection Constitutes Cruel And Unusual Punishment Was Forwarded* by first

class, postage prepaid U.S. Mail to Daniel G. Eichel, First Assistant Butler

County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler

County Prosecuting Attorney at the Government Services Center, 315 High

Street, Hamilton, Ohio 45011 on this 26th day of May, 2008.

_____
COUNSEL FOR  VON CLARK DAVIS

24