FILE IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

2008 OCT -8 AM II: 37

CINDY CARPENTE
BUTLER COUNTY
CLERK OF COURTS

STATE OF OHIO,

    Plaintiff        :    Case No. CR 1983-12-0614

vs.                    :    Judge Daniel Andrew Nastoff

VON CLARK DAVIS    :   ~~EVIDENTIARY HEARING REQUESTED~~ *V.C.D.*

    Accused.        :

FILED
COURT OF BUTLER CO.
COURT OF COMMON PLEAS
OCT - 8 2008
CINDY CARPENTE
CLERK OF COURTS

---

## VON CLARK DAVIS' WAIVER
## OF ORAL ARGUMENT SET FOR OCTOBER 10, 2008

---

    Von Clark Davis waives oral argument on the ripeness issue currently set for argument before this Court on October 10, 2008. This waiver should not be construed as an admission to the weakness of his position. To the contrary, as set forth in his briefing, the Ohio Supreme Court has ruled on this issue. He enters this issue based upon the advice of his attorneys. If this Court draws any adverse inference from this waiver, that inference should be limited to his attorneys and not him.

                Respectfully submitted,

                *Von C. Davis*

                Von Clark Davis

                OFFICE OF
                THE OHIO PUBLIC DEFENDER



RANDALL L. PORTER - 0005835
Assistant State Public Defender

8 East Long Street - 11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis' Waiver Of Oral Argument Set For October 10, 2008* was delivered by electronic and first class U.S. Mail to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 7th day of October, 2008.

COUNSEL FOR VON CLARK DAVIS

2



**Office of the Ohio Public Defender**
8 East Long Street
Columbus, Ohio 43215-2998

www.opd.ohio.gov

(614) 466-5394
Fax (614) 644-0708

TIMOTHY YOUNG
State Public Defender

October 7, 2008

VIA: OVERNIGHT

Clerk, Court of Common Pleas
Butler County
Government Services Center - 5th Floor
315 High Street
Hamilton, Ohio 45011

Re:     *State v. Von Clark Davis*
        Case No. CR 1983-12-0614

Dear Clerk:

Enclosed please find the original and five (5) copies of Von Clark Davis' Waiver of Oral Argument Set for October 10, 2008.

Please return a time stamped copy in the envelope provided. Thank you.

Sincerely,

Randall L. Porter /gg

Randall L. Porter
Assistant State Public Defender

RLP/gg

Encls.

IMAGED

### IN THE COURT OF COMMON PLEAS
### BUTLER COUNTY, OHIO

STATE OF OHIO,          :

    Plaintiff,          :          Case No. CR 1983-12-0614

vs,          :          Judge Daniel Andrew Nastoff

VON CLARK DAVIS          :          ~~EVIDENTIARY HEARING REQUESTED~~ V.C.D.

    Accused.          :

---

## VON CLARK DAVIS' WAIVER
## OF ORAL ARGUMENT SET FOR OCTOBER 10, 2008

---

Von Clark Davis waives oral argument on the ripeness issue currently set for argument before this Court on October 10, 2008. This waiver should not be construed as an admission to the weakness of his position. To the contrary, as set forth in his briefing, the Ohio Supreme Court has ruled on this issue. He enters this issue based upon the advice of his attorneys. If this Court draws any adverse inference from this waiver, that inference should be limited to his attorneys and not him.

Respectfully submitted,

_Von C. Davis_

Von Clark Davis

OFFICE OF
THE OHIO PUBLIC DEFENDER



VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4557

RANDALL L. PORTER - 0005835
Assistant State Public Defender

8 East Long Street - 11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis' Waiver Of Oral Argument Set For October 10, 2008* was delivered by electronic and first class U.S. Mail to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 7th day of October, 2008.

COUNSEL FOR VON CLARK DAVIS

2



**Office of the Ohio Public Defender**
8 East Long Street
Columbus, Ohio 43215-2998

www.opd.ohio.gov

(614) 466-5394
Fax (614) 728-3670

TIMOTHY YOUNG
State Public Defender

October 7, 2008

The Honorable Daniel Andrew Nastoff
Butler County Court of Common Pleas
3rd Floor, Government Services Center
315 High Street
Hamilton, Ohio 45011

Re: *State v. Von Clark Davis*
Butler County Common Pleas Court
Case No. CR 1983-12-0614

Dear Judge Nastoff:

Please find enclosed two copies of Von Clark Davis' Waiver of Oral Argument Set for October 10, 2008.

Sincerely,

Randall L. Porter /gg

Randall L. Porter
Assistant State Public Defender

RLP/gg
Enclosures

#287586

FILED

2008 OCT -9 AM 10: 57

CIN CARPENTER
BUTLER COUNTY
CLERK OF COURTS

IMAGED

COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO

Plaintiff

vs.

VON CLARK DAVIS

Defendant

CASE NO.  CR1983-12-0614

NASTOFF, J.

**MOTION TO VACATE HEARING AND
TRANSPORT ORDER**

 The undersigned Assistant Prosecuting Attorney hereby respectfully moves this
Court; pursuant to the validly executed waiver by the defendant, to vacate the Motion
Hearing and the Transport Order set for October 10, 2008 at 1:30 p.m., as the hearing has
been waived.

Respectfully Submitted,

MICHAEL A. OSTER, JR. (0076491)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

**CERTIFICATE OF SERVICE**

 This is to certify that a copy of the foregoing has been sent by ordinary U.S. mail to
Melynda Cook-Reich and Randall Porter, attorneys for defendant, on or about same date
filed.

MICHAEL A. OSTER, JR. (0076491)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

MO/beg
October 9, 2008

(250)

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff, | : | Case No. CR 1983-12-0614 |
| vs. | : | Judge Nastoff |
| VON CLARK DAVIS | : | |
| Defendant. | : | Pleading Q |

---

## VON CLARK DAVIS' MOTION TO REQUIRE THE BUTLER COUNTY SHERIFF TO CONVEY MR. DAVIS FOR TESTING AND TO MAKE THE APPROPRIATE ACCOMMODATIONS

---

Von Clark Davis moves this Court to order the Butler County Sheriff to transport Mr. Davis to the Butler County Jail for purposes of neuropsychological testing on October 16-17, 2008 and for the Sheriff to make available suitable accommodations for the testing. Mr. Davis has attached a memorandum that he incorporates in this motion.

Respectfully submitted,

OFFICE OF
THE OHIO PUBLIC DEFENDER

*Randall L. Porter / BMC*

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135



8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

*Melynda Cook-Reich /Bmrc*

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## MEMORANDUM IN SUPPORT

Undersigned counsel have arranged for an expert to conduct neuropsychological testing of Von Clark Davis on October 16-17, 2008. This Court has approved the testing. Mr. Davis requests that this Court issue an order directing the Butler County Sheriff to convey Mr. Davis to the Butler County Jail for that purpose. In addition, he requests that the Butler County Sheriff be instructed to make available suitable accommodations for that testing including a private room that is free of both visual and audio distractions. Finally, he requests that he be permitted to submit to the testing without being shackled or wearing handcuffs.

On February 10, 2003, the American Bar Association approved the revised edition of its Guidelines for the Appointment and Performance of



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

2

Defense Counsel in Death Penalty Cases.[1] Their purpose is to articulate the "national standard of practice for the defense of capital cases";[2] they "are not aspirational. Instead, they embody the current consensus about what is required to provide effective defense representation in capital cases."[3] Because the ABA does not oppose the death penalty but does believe in justice,[4] it sets as its bedrock criterion the principle that "any jurisdiction wishing to impose a death sentence must at minimum provide representation that comports with these Guidelines."[5]

In *Williams v. Taylor*, 529 U.S. 362, 395-396 (2000), counsel at the penalty phase of a capital trial were held ineffective for failing to uncover and present evidence of defendant's "nightmarish childhood," borderline mental retardation, and good conduct in prison. Their performance, the Court held, violated the obligation of counsel in a capital case "to conduct a thorough investigation of the defendant's background." Id. (citing ABA Standards for Criminal Justice 4-4.1, cmt. at 4-55 (2d ed. 1980)).

---

[1]. See ABA, Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (rev. ed., ABA 2003) (adopted Feb. 10, 2003), reprinted in 31 Hofstra L. Rev. 913 (2003) [hereinafter Guidelines]. The black-letter Guidelines, which represent the official position of the ABA, are accompanied by a lengthy and heavily documented Commentary [hereinafter Commentary], which, though unofficial, "serves as a useful explanation of the black-letter guidelines." Id. at 914. Both documents represent a distillation of the combined experiences of many individuals actively at work in different aspects of the field, see id. at 914-16

[2]. Guidelines, supra n. 1, at 919 (Guideline 1.1.A).

[3]. Commentary, supra n. 1, at 920. See *Wiggins v. Smith*, 539 U.S. 510, 524 (2003) (relying on non-compliance with the prevailing norms of practice reflected in first edition of Guidelines to support holding of ineffective assistance of counsel).

[4]. Except for opposing execution of persons who are mentally retarded or were under 18 at the time of their crimes, the ABA "takes no position on the death penalty"; it simply calls upon all jurisdictions wishing to retain capital punishment to comply with a series of policies—including the Guidelines—intended to insure due process and minimize the risk of execution of the innocent.

[5]. Commentary, supra n. 1, at 938.



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

3

Then came *Wiggins v. Smith*, 539 U.S. 510 (2003). In what seems to have been a deliberate effort to reinforce the message of *Williams*,[6] the Court by a vote of seven to two "took a major step toward dealing with the pervasive and persistent problem of inadequate representation for indigent capital murder defendants."[7] Trial counsel in *Wiggins* were held ineffective because, although they did uncover some mitigation evidence, their investigation was inadequate; it "fell short of the standards for capital defense work articulated by the American Bar Association—standards to which we long have referred as 'guides to determining what is reasonable.'" *Wiggins*, 539 U.S. at 524 (quoting *Strickland*). Counsel "acquired only a rudimentary knowledge of [the client's] history from a narrow set of sources," notwithstanding the "well-defined norms"—embodied in the 1989 edition of the Guidelines—calling for an investigation, inter alia, into "medical history, educational history, employment and training history, family and social history, prior adult and juvenile correctional experience, and religious and cultural influences." *Wiggins*, 539 U.S. at 487 (quoting *Guideline* 11.8.6 of the 1989 edition)

Counsel in a death penalty case have a constitutional obligation to investigate and present all available mitigating evidence. *Anderson v. Sirmons*, 476 F.3d 1131, 1142 (10th Cir. 2007). Therefore, to perform adequately in a



Repper, Pagan, Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

---

6. *See* Marcia Coyle, *New Standards in Death Cases; High Court Rules on Effective Counsel*, 25 Natl. L.J. P1, P1 (July 14, 2003) ("The promise of *Williams*—to put teeth into the *Strickland* standards—has not been fulfilled, according to some scholars and litigators. But *Wiggins*, they added, will not be so easily ignored by lower courts."). This view finds support in the fact that Justice O'Connor wrote both *Strickland* and *Wiggins*, reinforcing the point that the former will have to be read in light of the latter. *See also Commentary*, *supra* n. 1, at 929 (quoting Justice O'Connor's concerns, expressed in a 2001 speech, that the system "may well be allowing some innocent defendants to be executed" and suggesting that "[p]erhaps it's time to look at minimum standards for appointed counsel in death cases and adequate compensation for appointed counsel when they are used").

7. Coyle, *supra* n. 38, at 1.

4

capital case, counsel for the Accused in a capital case must undertake "to discover all reasonably available mitigation evidence and evidence to rebut any aggravating evidence that may be introduced by the prosecutor." Ibid, citing *Wiggins v. Smith*, 539 U.S. at 524 (quoting ABA Guidelines for the Appoint and Performance of Counsel in Death Penalty Cases, 2003 Guidelines 10.7(A).

The relevant ABA Guidelines state that counsel in a capital case should investigate and consider presenting evidence of the defendant's medical history, educational history, and family and social history, including any personal or family history of mental illness, drug abuse, or other emotional problems. ABA Guidelines 11.8.6. Although counsel is not required "to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing, "the presence of certain elements in a capital defendant's background, such as a family history of mental illness or emotional problems, triggers a duty for defense counsel to conduct a further inquiry of the defendant's mental status." *Wiggins v. Smith*, supra, 539 U.S. at 533, 525.

Expert and investigative assistance is mandated in a capital case to insure access to the basic tools of defense and mitigation, so that counsel is "fairly able to present at least enough information to the jury, in a meaningful manner, as to permit it to make a sensible determination." *Ake v. Oklahoma*, 470 U.S. 68, 82 (1985). Unreasonably denying an indigent defendant these basic tools with which to mount a defense and/or present mitigation is tantamount to denying counsel completely. In determining when fundamental fairness entitles indigent



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

5

defendants to "the basic tools of an adequate defense" *Ake, supra* at 77, courts must examine the private interest in the accuracy of the proceedings that places an individual's life or liberty at risk, the governmental interest in denying expert assistance to an accused indigent, and the probable value of the assistance sought, and the risk of error if the additional or substitute safeguards were not provided. *Little v. Streater*, 452 U.S. 1, 6 (1981) ; *Ake, supra* at 77.

The present request to conduct the testing under the acceptable norms, the court is in essence asking this Court to enforce Mr. Davis' right to expert assistance. The results obtained if the testing is performed inappropriate conditions would invalid the results and would not be admissible at any future proceeding. The State cannot use its prison procedures to deny Mr. Davis a substantive right.

In almost all capital cases, mental health evidence plays a vitally important role in "the jury's decision at the punishment phase." *Anderson v. Sirmons*, supra, 476 F.3d at 1144, quoting *Smith v. Mullin*, 379 F.3d 919, 942 (10th. Cir. 2004), 2003 Guidelines 1.1, 4.1, 10.4, 10.7, 10.11. There is considerable empirical evidence that penalty phase juries respond favorably to claims of "organic brain problems" or other evidence of the defendant's mental illness at the time of the offense. *Smith v. Mullin*, supra. 379 F.3d at 942. Such mental health evidence can afford defense counsel "an opportunity to humanize and explain" the defendant's actions *Id.* at 943. Thus, evidence of the defendant's brain damage or other mental disease or defect can provide a compelling explanation for the defendant's unlawful behavior and can justify a



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

6

sentence less than death. *ld.* at 944, citing *Williams v. Taylor*, 529 U.S. at 398
["the reality that [the defendant] was 'borderline mentally retarded,' might well
have influenced the jury's appraisal of his moral culpability."]  In fact, evidence
of the defendant's impaired mental or emotional health is precisely the type of
mitigation evidence which trial counsel is  obligated to investigate and develop
as part of building an effective case in mitigation during the penalty phase of a
capital trial.  *Wiggins v. Smith*, supra, 539 U.S. at 522; 2003 Guidelines 10.7
Guidelines.

In this case counsel have discovered that Mr. DAvis may have a
significant history of mental illness which was not adequately investigated and
presented to the trier of fact in his capital murder case.  To that end, counsel
have attempted to pursue an independent neuro-psychological examination of
Mr. Davis in preparation for his re-sentencing proceeding.

Undersigned counsel have arranged for a neuro-psychological
examination of Mr. Davis. The expert is willing to assume any risk which may
be present during the examination of Mr. Davis in the Butler County Jail.
Because this neuro-psychological examination includes a variety of tests to
determine hand-eye coordination and manual dexterity the test must be
conducted while the test subject is unrestrained at the hands.

Counsel for Mr. Davis have a constitutional obligation to investigate
thoroughly all aspects of Mr. Davis' mental and neurological health and
because it is patently unreasonable for defense counsel to omit any
investigation or presentation of any such mental health evidence in a capital



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

7

case (see, e.g. *Anderson v. Sirmons*, supra, 476 F.3d at 1145, see also *Smith v. Mullin*, supra, 379 F.3d at 942) counsel sought an Order to permit this testing in this case. This testing is vitally important because Mr. Davis' mental state is an important issue which is seriously open to question and obtaining an accurate assessment of that mental state is uniquely dependent on psychological expertise. Under these circumstances, the Due Process Clauses of the Ohio and United States Constitutions requires the provision of neuro-psychological testing in a manner which is consistent with the standard of care.

WHEREFORE, for the foregoing reasons counsel Von Clark Davis respectfully request that this Court order the Butler County Sheriff order to convey Von Clark Davis to the Butler County Jail on October 16-17, 2008 and that he make the appropriate accommodations for the neurological testing to be conducted on those dates.

Respectfully submitted,

OFFICE OF
THE OHIO PUBLIC DEFENDER

*Randall L. Porter / Bmc*

RANDALL L. PORTER - 0005835
Assistant State Public Defender

8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

8

*MELYNDA COOK-REICH - 0066596*

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis' Motion To Require The Butler County Sheriff To Convey Mr. Davis For Testing And To Make The Appropriate Accommodations* was delivered to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 and Richard K. Jones, Butler County Sheriff, 705 Hanover Street, Hamilton Ohio 45011 on this  th day of October, 2008.

COUNSEL FOR VON CLARK DAVIS

287692

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

9



'09 OCT 13 PH 2: 50

# COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| **STATE OF OHIO** | * | **Case Number: CR 1983 12 0614** |
| | * | |
| **Plaintiff,** | * | **Judge Andrew Nastoff** |
| | * | |
| **vs.** | * | **ENTRY AND ORDER** |
| | * | **ALLOWING** |
| | * | **NEUROPSYCHOLOGIST** |
| **VON CLARK DAVIS** | * | **ACCESS TO DEFENDANT** |
| | * | **LOCATED AT BUTLER** |
| **Defendant.** | * | **COUNTY JAIL** |
| | * | |

* * * * * * * * * * * * * * * * * * *

For good cause shown, having received and considered the Defendant's Motion to Require the Butler County Sheriff to Convey Mr. Davis for Testing and to Make the Appropriate Accommodations, the Court grants Defendant's motion and finds that access to the Defendant by the Defense expert is reasonable and necessary and that such access shall only be restricted for issues of manpower or security.

Therefore, the Court ORDERS the Butler County Sheriff to transport Defendant, Von Clark Davis, Inmate #179-828, from the Ohio State Penitentiary located in Chillicothe, Ohio to the Butler County Jail. Defendant shall be held in the Butler County Jail from October 16, 2008 through October 17, 2008. Defendant shall be transported back to the Ohio State Penitentiary thereafter.

Further, the Court ORDERS that the Defense expert shall have access to Defendant, Von Clark Davis, for the purposes of neuropsychological evaluation, testing, and/or interview, with prior notice and arrangements made with the Butler County Sheriff's

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

1

252

Department/Butler County Jail, such access to be consistent with security protocols and procedures that the Butler County Sheriff's Department determines are appropriate and necessary for this Defendant.

**SO ORDERED.**

ENTER,

Andrew Nastoff, Judge

cc: Daniel G. Eichel, First Assistant Prosecuting Attorney
   Michael A. Oster, Jr., Assistant Prosecuting Attorney
   Randall L. Porter, Melynda W. Cook-Reich, Attorneys for the Defendant

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

2

COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

OCT 15 PM 2: 46

STATE OF OHIO

      Plaintiff

vs.

VON CLARK DAVIS

      Defendant

CASE NO.  CR1983-12-0614

NASTOFF, J.

ORDER TO VACATE HEARING AND
TRANSPORT ORDER

    Upon application of the plaintiff and for good cause shown, it is hereby **ORDERED**
that the Motion Hearing and Transport Order set for October 10, 2008 be vacated.

APPROVED AS TO FORM:

ROBIN N. PIPER
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ENTER

Nastoff, J.



## IN THE COURT OF COMMON PLEAS
### BUTLER COUNTY, OHIO

STATE OF OHIO,                      :

     Plaintiff-Respondent,         :          Case No. CR 1983-12-0614

vs.                                 :

VON CLARK DAVIS                     :          **Judge Nastoff**

     Defendant-Petitioner.         :          **MOTION "Q"**

---

## VON CLARK DAVIS' RESPONSE TO DISCOVERY

---

    The prosecution has filed a motion for Von Clark Davis to provide discovery. The prosecution in support of its motion has cited to Ohio R. Crim. P. 16(B)(1)(a) [sic], 16(C)(1)(b) and 16(C)(1)(c). Those provisions do not support the prosecution's request.

    On May 30, 2008, Mr. Davis filed a pleading entitled "Limited Demand for Discovery." [Pleading H]. He limited his request therein to statements made by Mr. Davis (Ohio R. Crim. P. 16(B)(1)(a)), Mr. Davis' criminal record (Ohio R. Crim. P. 16(B))1)(B)), and exculpatory evidence (Ohio R. Crim. P. 16(B)(1)(f)). Mr. Davis in his limited demand for discovery, did not request discovery as to 1) documents and tangible items; 2) reports of examinations and tests; and 3) witness names and addresses. *See* Ohio R. Crim. P. 16(B)(1)(c), (d) and (e).

    The prosecution has now requested that Mr. Davis provide it with the items upon which he did not request discovery: 1) documents and tangible



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135



VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4573

items; 2) reports of examinations and tests; and 3) witness names and addresses. The three provisions of the Rules upon which the prosecution relies are all dependent upon the defendant having requested discovery as to the same three items. Ohio R. Crim. P. 16(C)(1)(a), (b), and (c). Because Mr. Davis did not request discovery of those items, he is not required to provide the same.

It is anticipated that the prosecution will argue that Mr. Davis did request discovery as to these items at the time of his original trial. Consequently, the prosecutor will claim that this Court should treat the 2008 sentencing hearing as a continuation of the 1984 and 1989 sentencing hearings for purposes of Ohio R. Crim. P. 16 discovery requests. It defies common sense that a capital sentencing hearing would last twenty-four years. The Sixth Circuit ordered that this case be remanded for a "*new* sentencing hearing necessitated by our finding of *Skipper* error." *Davis v. Coyle* (6th Cir. 2007), 475 F. 3d 761, 781 (emphasis added). The *Skipper* error upon which the Sixth Circuit granted relief was caused by the three judge panel treating the 1989 remand as a continuation of the 1984 sentencing hearing. This Court will make the same error if it treats the 2008 sentencing hearing as a continuation of the 1984 and 1989 hearings.

For the reasons articulated herein, Von Clark Davis requests this Court to deny the prosecution's motion for discovery.

Respectfully submitted,

OFFICE OF
THE OHIO PUBLIC DEFENDER



**Repper, Pagan,
Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

2

*Randall L. Porter* (MCR telephone authorized)

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio  43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

*Melynda Cook Reich*

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis'*
*Response to Discovery* was hand delivered to Daniel G. Eichel, First Assistant
Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler
County Prosecuting Attorney by leaving two copies at the Prosecutor's Office,
Government Services Center, 11th Floor 315 High Street, Hamilton, Ohio
45011 on this  7 th day of November, 2008.

*Melynda Cook Rei*

COUNSEL FOR  VON CLARK DAVIS



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

3

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4575

IMAGED

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

    Plaintiff-Respondent,               :          Case No. CR 1983-12-0614

vs.                                     :

VON CLARK DAVIS                         :          Judge Nastoff

    Defendant-Petitioner.               :          MOTION  "S"

---

## VON CLARK DAVIS' MOTION FOR TO CONTINUE THE DECEMBER 15, 2008 SENTENCING HEARING

---

Von Clark Davis moves this Court to continue the sentencing hearing

scheduled for December 15, 2008. He has attached a memorandum of law

which he incorporates herein.

Respectfully submitted,

OFFICE OF
THE OHIO PUBLIC DEFENDER

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio  43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135



MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## MEMORANDUM OF LAW

This Court has scheduled Von Clark Davis' resentencing hearing for December 15, 2008. Mr. Davis requests this Court to reschedule the sentencing hearing for a time that permits counsel to conduct a reasonable investigation as mandated by the ABA standards.

Mr. Davis is entitled to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Sixth Amendment right to counsel extends to the sentencing phase of a capital case. *Id.* at 686. The United States Supreme Court in a series of three recent decisions has declared that counsel's performance must meet the relevant ABA standards if counsel is to provide the representation guaranteed by the Sixth Amendment. *Williams v. Taylor* (2000), 529 U.S. 362, 396; *Wiggins v. Smith* (2003), 539 U.S. 510, 524; *Rompilla v. Beard* (2005), 545 U.S 374, 381, 387. The decisions of the United States Court of Appeals for the Sixth Circuit reflect this conclusion that counsel's performance must meet the ABA standards. *Hamblin v. Mitchell* (6th Cir. 2003), 354 F.3d 482, 487; *Harries v. Bell* (6th Cir. 2005), 417 F.3d 631, 638. If



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

2

counsel does not *fully comply* with the ABA standards, their performance is deficient. *Dickerson v. Bagley* (6th Cir. 2005), 453 F.3d 690, 695.

Under the ABA standards, counsel has "an obligation to conduct a thorough and independent investigation relating to the issues of both guilt and punishment." 2003 ABA Guideline 10.7(A). Counsel must present to the trier of fact "all *reasonably available* evidence in mitigation unless there are *strong* strategic reasons to forego some portion of such evidence." 1989 ABA Guideline 11.8.6. (emphasis added). The "areas of mitigation are extremely broad and encompass any evidence that tends to lessen the defendant's moral culpability for the offense or otherwise supports a sentence of less than death." 2003 ABA Guideline 10.11 Commentary. Mitigating evidence may alter a jury's sentencing verdict even if it does not undermine or rebut the prosecution's case of guilt. *Coleman v. Mitchell* (6th Cir. 2001), 268 F.3d 417, 453. Because the State of Ohio is a "weighing" state, any evidence that could tip the scales, no matter how slight in favor of life, is deemed sufficient to warrant a new sentencing hearing. *Hamblin*, 354 F.3d at 493.

The "penalty phase investigation requires extensive and generally unparalleled investigation into personal and family history.(citations omitted)" 2003 ABA Guideline 10.7(A) Commentary. Counsel must explore the defendant's 1) medical, 2) family, 3) educational, 4) military, 5) employment ,and 6) social histories. *Id.* Counsel in the mitigation phase should "establish a direct cause and effect between" the mitigating factors and the commission of the offense. 2003 ABA Guideline 10.11, Commentary. The standards suggest



**Repper, Pagan, Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

3

that counsel consult with experts to explain the significance of the events in a client's life, "For example, expert testimony may explain the permanent neurological damage caused by fetal alcohol syndrome or childhood abuse, or the hereditary nature of mental illness, and the effects of these impairments on the client's judgment and impulse control." *Id.*

The Sixth Circuit has strictly applied the ABA standards when evaluating counsel's performance in the context of the sentencing phase of a capital case. Counsel must perform a full and complete investigation of the defendant's life. *Hamblin v. Mitchell*, 354 F.3d at 487. The conducting of "a partial, but ultimately incomplete, mitigation investigation does not satisfy *Strickland's* requests". *Dickerson vs. Bagley*, 453 F.3d at. 695; *See also, Rompilla v. Beard*, 545 U.S at 381 (counsel was ineffective despite having consulted with three mental health experts and interviewed five family members); *Mason v. Mitchell*, 320 F.3d 604, 619-620, 622 (6th Cir., 2003) (case remanded for an evidentiary hearing on ineffectiveness claim even though defense counsel called seven witnesses, introduced twelve exhibits documenting Petitioner's life, reviewed three thousand pages of records and consulted with mental health experts).[1] When a client faces the prospect of being sentenced to death, the need to conduct a reasonable investigation is magnified. *Mapes v. Coyle* (6th Cir., 1999), 171 F.3d 408, 426; *Harries v. Bell*, 417 F.3d at 637.

In the present case counsel has not yet complied with the ABA standards. Furthermore, counsel will not have complied with the ABA



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

---

[1] The Court recently granted relief in this case. *Mason v. Mitchell*, 2008 U.S. App. LEXIS 20940 (6th Cir. Oct. 3, 2008).

4

standards by December 15, 2008, the date currently set for the sentencing hearing.

The continuation of the December 15, 2008 sentencing hearing will not prejudice the State of Ohio. Mr. Davis is currently confined in the State of Ohio's super max facility, the Ohio State Penitentiary. Therefore, there is no risk of flight. Mr. Davis was originally sentenced to death in 1984. The time necessitated by the granting of this request for a continuance will not unduly delay this case. The granting of this request will however, preclude an appellate claim that defense counsel did not have adequate time to prepare. Mr. Davis has consented in writing to this request. [Exhibit A].

Wherefore, Mr. Davis requests that this Court grant this motion and reschedule this matter for a date that permits counsel an adequate time to conduct a reasonable investigation as required by the ABA standards.

Respectfully submitted,

OFFICE OF
THE OHIO PUBLIC DEFENDER

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

5

*Melynda Cook Reich*

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis' Motion To Continue The December 15, 2008 Sentencing Hearing* was delivered by hand delivery to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney by leaving same at the Butler County Prosecutor's Office, Government Services Center, 11th Floor, 315 High Street, Hamilton, Ohio  45011 on this the _7th day of November, 2008.

*Melynda Cook Reich*

COUNSEL FOR  VON CLARK DAVIS



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

6

— EX.IBIT "A" —

## IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

     Plaintiff-Respondent,           :        Case No. CR 1983-12-0614

vs.                                     :

VON CLARK DAVIS                         :        **Judge Daniel Andrew Nastoff**

     Defendant-Petitioner.           :

---

## DECLARATION

---

I have been advised by my attorneys that they require additional time to prepare for the sentencing hearing and that they will be unprepared to go forward on December 15, 2008. I understand that their request for a continuance will result in my sentencing hearing being continued from December 15, 2008. I agree and join in my attorneys' request for a continuance.

*Von C. Davis*
Von Cark Davis

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

    Plaintiff-Respondent,             :        Case No. CR 1983-12-0614

vs.                                     :

VON CLARK DAVIS                         :        Judge Nastoff

    Defendant-Petitioner.             :        MOTION "R"

---

## VON CLARK DAVIS' SECOND MOTION TO BE HEARD EX PARTE ON FUNDING ISSUES

Von Clark Davis moves this Court to issue an order authorizing defense counsel to approach this Court ex parte concerning modification of this Court's previous entry regarding funding. Mr. Davis has attached a memorandum which he incorporates in this pleading. He requests this Court to address this motion prior to ruling on his motion for a continuance of the December 15, 2008 sentencing hearing.

Respectfully submitted,

OFFICE OF
THE OHIO PUBLIC DEFENDER



RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street -11th Floor

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

*Melynda Cook-Reich*

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## MEMORANDUM IN SUPPORT

On February 15, 2008, Mr. Davis filed a motion to proceed ex parte concerning his requests for funding. On March 18, 2008, this Court entertained oral argument and granted the motion. Subsequently the Court on the same date, conducted an ex parte hearing concerning Mr. Davis' funding requests.

Since the March 18, 2008 hearing, unforeseen events have transpired that necessitates revisiting Mr. Davis' request for funding. There still exists, concerning this motion, the same need for confidentiality that existed with respect to the initial funding request. *See* February 15, 2008 Motion.

Wherefore, Von Clark Davis requests this Court for leave to approach this Court ex parte concerning the modification of its original funding order. He



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4584

further requests this Court to address this motion prior to ruling on his motion
to continue the December 15, 2008 sentencing hearing.

Respectfully submitted,

OFFICE OF
THE OHIO PUBLIC DEFENDER

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis' Second
Motion To Be Heard Ex Parte On Funding Issues* was delivered by hand by
undersigned counsel to Daniel G. Eichel, First Assistant Butler County
Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

3

Prosecuting Attorney by leaving copies of same at the Butler County Prosecutor's Office, Government Services Center, 11th Floor, 315 High Street, Hamilton, Ohio 45011 on this the 7th day of November, 2008.

COUNSEL FOR VON CLARK DAVIS



**Repper, Pagan, Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

4

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4586

IMAGED

| | | |
|---|---|---|
| STATE OF OHIO | : | CASE NO. CR1983-12-0614 |
| Plaintiff | : | STATE OF OHIO, COUNTY OF BUTLER |
| vs. | | COURT OF COMMON PLEAS |
| | : | (Nastoff, J.) |
| VON CLARK DAVIS | : | |
| Defendant | : | **STATE'S RESPONSE TO DEFENDANT'S** |
| | | **MOTION FOR CONTINUANCE** |

: : : : : : : : : :

Now comes the Prosecuting Attorney, and in light of the procedural posture of the case

(the Ohio Supreme Court having yet to determine the Defendant's motion for leave to appeal

concerning the Court's earlier order as to prison records), does not oppose the Defendant's motion

for continuance of the sentencing proceedings herein, to allow adequate preparation by counsel.

Respectfully submitted,

**ROBIN N. PIPER  (0023205)**
**Butler County Prosecuting Attorney**

**DANIEL G. EICHEL  (0008259)**
**Assistant Prosecuting Attorney**

**MICHAEL A. OSTER, JR.  (0076491)**
**Assistant Prosecuting Attorney**
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Memorandum has been sent by ordinary U.S. mail
to Attorneys for Defendant: Randall L. Porter, 8 East Long Street, 11th Floor, Columbus, OH 43215,
and Melynda W. Cook-Reich, 1501 First Avenue, Middletown, OH 45044, on this 13th day of
November, 2008.

**MICHAEL A. OSTER, JR.  (0076491)**
**Assistant Prosecuting Attorney**

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4587

## COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

IMAGED

| | |
|---|---|
| STATE OF OHIO | CASE NO. CR1983-12-0614 |
| Plaintiff | NASTOFF, J. |
| vs. | ENTRY FOR TRANSPORT |
| VON CLARK DAVIS | November 24, 2008 |
| Defendant | |

It appears to the Court that **Von Clark Davis**, Inmate No. **A179828**, is confined at the **Ohio State Penitentiary**, Youngstown, Ohio 44505

It further appears to the Court that a **Motion Hearing** in the above captioned matter is set for **November 24, 2008 at 9:00AM** in the Butler County Court of Common Pleas, before the **Honorable Andrew Nastoff.**

**IT IS THEREFORE, ORDERED** that the Warden of the **Ohio State Penitentiary** cause said defendant to be released to the Sheriff of Butler County, Ohio, for the purpose of attending said hearing in Butler County, Ohio, and said defendant shall be held in the custody of the Sheriff of Butler County, Ohio, until the completion of said hearing and upon the completion of said hearing, said defendant shall be returned to the institution unless otherwise Ordered by this Court.

APPROVED AS TO FORM:                    ENTER

**ROBIN PIPER**
**PROSECUTING ATTORNEY**
**BUTLER COUNTY, OHIO**

NASTOFF J.

INSTRUCTIONS TO THE CLERK:  PLEASE CERTIFY TWO COPIES

MO/beg
November 17, 2008



**COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

STATE OF OHIO : Case No. CR 83-12-0614

    Plaintiff : Judge _Nastoff_

vs. :

_Von Clark Davis_ : **PRETRIAL ORDER**

    Defendant(s) :

    **********************

This matter came before this Court this _24th_ day of _November_, 20_08_,

and the following orders and deadlines were established, and shall be the order of the Court:

_____ PLEA or TRIAL SETTING is set for _____ at _____ m.

_____ DISPOSITION is set for _____ at _____ m.

_____ TRIAL is to commence on _____ at _____ m.

_____ MOTION _____ shall be filed by _____

    and shall be heard on _____ at _____ m.

    _Sentencing hrg_

✓    OTHER HEARING is set for _5/11/09 4 days_ at _9:00 A._ m.

_____ BILL OF PARTICULARS

    Defendant's motion to be filed by _____

    Prosecutor's response to be filed by _____

_____ DISCOVERY

    Defendant's motion to be filed by _____

    Prosecutor's response to be filed by _____

    Prosecutor's motion to be filed by _____

    Defendant's response to be filed by _____

BOND IS REVOKED/SET _12/15/08 Sentencing hearing is continued to_

CAPIAS TO ISSUE _Above date on motion of D's counsel w/o objection_

_from the State._

**SO ORDERED:**

_____ _____
Defense Counsel                      Judge

_Von C. Davis_ _____
Defendant                         Prosecutor

_Cook-Ruck & Porter_

IN THE COURT OF COMMON PLEAS FILED
BUTTER COUNTY, OHIO

2008 DEC 11 AM 9: 35

STATE OF OHIO,                    :

    Plaintiff-Respondent,         :     Case No. CR 1983-12-0614

vs.                               :

VON CLARK DAVIS                   :     Judge Nastoff

    Defendant-Petitioner.         :     Motion T

---

## VON CLARK DAVIS' RENEWED MOTION
## TO STAY THE COURT'S MARCH 31, 2008 ORDER

---

Von Clark Davis moves this Court to stay its March 31, 2008 order

granting the prosecution access to his records from the Ohio Department of

Rehabilitation and Correction. Mr. Davis has attached a memorandum of law

which he incorporates in this motion.

Respectfully submitted,

OFFICE OF
THE OHIO PUBLIC DEFENDER

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street - 11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
Randall.Porter@OPD.Ohio.gov

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

(259)

And

*Melynda Cook Reich*

MELYNDA COOK-REICH - 0066596
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## MEMORANDUM OF LAW

On March 18, 2008, the prosecution orally moved this Court to order the Ohio Department of Rehabilitation and Correction ("DRC") to provide both parties with a copy of Mr. Davis' institutional records. Mr. Davis opposed the motion. On March 31, 2008, this Court entered an order granting the motion. On April 15, 2008, Mr. Davis moved this Court to rescind its order. On April 23, 2008, concurrent with the filing of his notice of appeal, Mr. Davis requested this Court stay the March 31, 2008 order pending conclusion of the appeal. On May 22, 2008, the Court found that Mr. Davis' appeal deprived it of jurisdiction to rule on the motion to rescind. This Court did not rule on the motion to stay the March 31, 2008 order.[1]

The appeal proceedings from the March 31, 2008 order have now been completed. The Butler County Court of Appeals, however, did not rule on the merits of the issue; finding instead that the March 31, 2008 entry did not



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

---

[1] The lack of ruling on the stay motion is most likely attributable to the Clerk filing the motion with the court of appeals, as opposed to with this Court.

constitute a final appealable order. *State v. Davis*, 12th Dist. CA2008-04-111 (July 1, 2008). [Exhibit A]. The Court cited to the fact that the documents in question had not been filed with this Court under seal to make them available for appellate review. [*Id.* at pp. 3-4]. On December 4, 2008, the Ohio Supreme Court refused to exercise its discretionary jurisdiction to hear Mr. Davis' appeal to that court. *State v. Davis,* Ohio Supreme Court Case No. 2008-1631, __ Ohio St. 3d __, 2008-Ohio- __. [Exhibit B]

Mr. Davis intends to promptly file with this Court a privilege log asserting all applicable privileges as to the individual DRC documents and to simultaneously file with this Court for in camera review the relevant documents.[2] The prosecution's immediate review of the DRC documents will undermine the procedure. This Court will have no means available to unring the bell as to any of the documents that it finds privileged if the prosecution has already accessed the documents that are privileged. Mr. Davis will have no ability to restore the cloak of confidentiality to the DRC records which was lifted by this Court's March 31, 2008 order.

If Mr. Davis prevails and the prosecution has already accessed the records, he will request a taint hearing as to the records that are privileged. That proceeding will involve a lengthy evidentiary proceeding to identify each member of the prosecution team who accessed the privileged records, what



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

---

[2] During the course of the appellate proceedings DRC delivered to both counsel what it purported to be all of Mr. Davis's records, 1226 pages. The prosecution admirably adopted the position that it would not look at the records during the course of the appellate proceedings. Undersigned counsel, because of commitments on other cases, has not yet examined the 1226 pages of records.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4592

each member who accessed the records did with the information, and the actions that each individual undertook as a result of his accessing the records. In essence, the prosecution team would have to prove that each step it undertakes to prosecute Mr. Davis was not influenced by its accessing of the records. It could ultimately lead to the disqualification of the Butler County Prosecutor's Office. It will certainly create an appellate issue for a case that has already spent twenty-three years in the state and federal appellate courts.

Rather than face any of these scenarios, the more prudent course is for the Court to stay its March 31, 2008 order. Mr. Davis is not requesting that all of the proceedings be stayed, only the March 31, 2008 order. Only in this way will the Court protect the integrity of the instant proceedings from being tainted by the March 31, 2008 order. There will be plenty of time to complete the process, given the date of the resentencing proceedings

WHEREFORE, Mr. Davis requests this Court to stay the March 31, 2008, pending resolution of the appeal which he has filed. Mr. Davis has attached a proposed order with this pleading. Mr. Davis does not request oral argument on this motion.

Respectfully submitted,

OFFICE OF
THE OHIO PUBLIC DEFENDER

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

4

8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
Randall.Porter@OPD.Ohio.gov

And

MELYNDA COOK-REICH - 0066596
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis'*
*Motion To Stay the Court's March 31, 2008 Order* was forwarded by hand
delivery to Daniel G. Eichel, First Assistant Butler County Prosecuting
Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting
Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio
45011 on this 11th day of December, 2008.

COUNSEL FOR VON CLARK DAVIS

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

5

*Porter*

IN THE COURT OF APPEALS FOR BUTLER COUNTY, OHIO

STATE OF OHIO,

    Appellee,

vs.

VON CLARK DAVIS,

    Appellant.

FILED BUTLER CO.
COURT OF APPEALS
JUL 0 1 2008
CINDY CARPENTER
CLERK OF COURTS

CASE NO. CA2008-04-111

ENTRY OF DISMISSAL

    :

        The above appeal is taken from a March 31, 2008 entry filed in the Butler County Court of Common Pleas styled "entry as to release of institutional records." The entry directs that "certified copies of all institutional records held at the Ohio State Penitentiary at Youngstown, Ohio by the Ohio Department of Corrections and Rehabilitation regarding [appellant, Von Clark Davis] be released to both parties [appellee, the state of Ohio, and appellant]; it appearing to the Court that such order will facilitate the Prosecuting Attorney's duty under *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.ct. 1194, to disclose any evidence in possession of the State which is potentially favorable to the defendant and material to punishment ***." A notice of appeal from the entry was timely filed by appellant on April 23, 2008.

        Appellant was convicted of aggravated murder, murder and having a weapon under disability in 1984 and sentenced to death. Appellant was before the Butler County Court of Common Pleas on March 31, 2008 pursuant to a new sentencing hearing ordered by the United States Court of Appeals for the Sixth Circuit. Appellant contends that the common pleas court's entry releasing institutional records allows the state access records



EXHIBIT

A

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4595

Butler CA2008-04-111
Page -2-

that could involve appellant's doctor/patient and psychologist/client relationships.

By entry filed on May 13, 2008, this court directed the parties to file memoranda on the issue of whether the March 31, 2008 entry appealed from is a final appealable order. Both parties filed memoranda on May 30, 2008, and reply memoranda on June 6, 2008.

A final appealable order must satisfy the requirements of R.C. 2505.02. The parties agree that if the entry appealed from is a final order, it is because the entry constitutes a "provisional remedy" pursuant to R.C. 2505.02(A)(3). Provisional remedy is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of a privileged matter [or] suppression of evidence ***." *Id.* The entry appealed from, according to appellant, concerns discovery of privileged matter due to certain medical and psychological reports and examinations which may be contained in appellant's institutional records.

An order that grants or denies a provisional remedy is a final appealable order if both of the following apply: (1) the order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy, and (2) the appealing party would not be afforded a meaningful or effective remedy by appeal following final judgment as to all proceedings, issues, claims and parties in the action. R.C. 2505.02(4)(a)(b).

It is clear from the record and the pleadings that neither party contends that all of the information ordered released by the trial court is privileged material. The March 31, 2008 entry does not designate what material should be withheld from appellee as

Butler CA2008-04-111
Page -3-

privileged; it provides appellee with access to all of the released materials. Appellee contends that none of the material is privileged because the common pleas court simply ordered disclosure of a state prisoner's records from one state agency (ODRC) to another (a county prosecutor). Appellee also points out that it has a duty to examine the material for possible disclosure under *Brady*.

Given the present state of the record, it cannot be said that the order appealed from directs disclosure of any privileged matter. Under the circumstances, the order appealed from is not a final appealable order. See *Nat'l. Interstate Corp. v. West*, Summit App. No. 23877, 2008-Ohio-1057 (order compelling discovery of documents containing alleged trade secrets not final appealable order because extent to which documents contained trade secrets unknown); *Legg v. Hallet*, Franklin App. No. 07AP-170, 2007-Ohio-6695 (partial grant of motion to compel production of allegedly privileged documents not final appealable order as no showing documents ordered produced were privileged); *King v. American Standard Ins. Co. of Ohio*, Lucas App. No. L-06-1306, 2006-Ohio-5774 (appeal from order directing appellant to submit certain allegedly privileged material to court for in camera inspection not final appealable order); *Chambers v. AKAAS Corp.*, Lorain App. No. 05CA008791, 2006-Ohio-4156 (denial of motion to exclude doctor's testimony based upon doctor/patient privilege not final appealable order because appeal was premature and not appeal from actual denial of specific, privileged information); *Holliday v. Gerth*, Cuyahoga App. No. 86570, 2006-Ohio-934 (denial of motion for

Butler CA2008-04-111
Page -4-

protective order re records allegedly protected by attorney/client privilege not final appealable order as nothing in record indicated information sought was privileged).

Based upon the foregoing, this appeal is hereby DISMISSED, costs to appellant.

IT IS SO ORDERED.

_____
Stephen W. Powell, Judge

_____
William W. Young, Judge

_____
James E. Walsh, Judge

# The Supreme Court of Ohio

FILED

DEC 03 2008

CLERK OF COURT
SUPREME COURT OF OH

State of Ohio

Case No. 2008-1631

v

ENTRY

Von Clark Davis

Upon consideration of the jurisdictional memoranda filed in this case, the Court denies leave to appeal and dismisses the appeal as not involving any substantial constitutional question.

(Butler County Court of Appeals; No. CA200804111)

THOMAS J. MOYER
Chief Justice

EXHIBIT

B







FILED

2008 DEC 29 PM 1: 10

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

**COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

STATE OF OHIO          *     Case Number: CR1983 12 0614

               * 

        Plaintiff,      *     **Judge Andrew Nastoff**

               * 

vs.               *     **ENTRY JOURNALIZING**

               *     **DECISIONS ON MOTIONS**

VON CLARK DAVIS,      *     **FILED BY DEFENDANT**

               * 

        Defendant.     * 

               * 

* * * * * * * * * * * * * * * * * * * *

This matter comes before the Court upon various motions filed by Defendant, Von Clark

Davis. The Court has considered the motions and responses of the parties, as well as the applicable

law. The Court decides each motion as follows:

     D. Defendant's Motion for Disclosure of Exculpatory Evidence

Defendant moves this Court to require the prosecuting attorney to release all exculpatory

evidence in this case pursuant to *Brady v. Maryland* (1963), 373 U.S. 83. The State does not oppose

Defendant's motion, and agrees to honor both the present and original demand for discovery in this

case, filed on February 1, 1984. This Court will require the prosecuting attorney to observe the

disclosure requirements announced in *Brady* and its progeny. While the Court is unaware of any

*Brady* issues at this point, any future requests or concerns should be brought to the Court's attention.

     E. Motion for Order Directing that a Complete Copy of the Prosecutor's File Be Made and
     Turned Over to the Court for Review and to Be Sealed for Appellate Review

Defendant seeks an order requiring the State to provide a complete copy of its file to this

Court for review to ensure compliance with the rules of discovery.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

1

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4600

The State's discovery obligations are set forth in Crim.R. 16. There is no requirement that the Court independently review the State's file to ensure compliance with discovery. In fact, the Twelfth Appellate District has held that it was error for a trial court to order an *in camera* inspection of the State's file after the State represented to the Defendant, in response to his general discovery requests for exculpatory evidence in the State's possession, that no material and exculpatory evidence existed in its file. *State v. Craft*, 149 Ohio App.3d 176, 2002-Ohio-4481. Accordingly, Defendant's motion is denied.

<u>F. Motion to Dismiss Capital Specification in the Indictment</u>

Defendant moves this Court to dismiss the capital specification contained in his indictment. In support, Defendant raises a host of constitutional challenges to Ohio's death penalty statute, under which he was convicted in 1984. Defendant moves to dismiss the capital specification on the following grounds, in sequence:

[1] Ohio's death penalty statutory scheme violates the United States and Ohio constitutional prohibitions against arbitrary and unequal punishment. Defendant asserts that Ohio's system imposes death in a racially discriminatory manner and is neither the least restrictive punishment nor an effective deterrent.

[2] Ohio's death penalty statutes are unconstitutional because of unreliable sentencing procedures. Specifically, Defendant argues that Ohio's statutory scheme is unreliable due to its vague mitigating factors and its "failure to require the State to prove the absence of any mitigating factors or that death is the only appropriate penalty."

[3] A bifurcated capital trial using one jury violates Defendant's right to effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments.

[4] Ohio's death penalty statutes unconstitutionally fail to provide individualized sentencing because they require proof of aggravating circumstances in the guilt phase.

[5] Ohio's death penalty scheme imposes an impermissible risk of the death penalty when a defendant exercises a right to a jury trial.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

2

[6] Ohio's death penalty statutes are unconstitutional because R.C. 2929.03(D)(1) requires submission of defense-requested pre-sentence investigations and mental evaluations to the judge or jury.

[7] The definition of mitigating factors contained in R.C. 2929.04(B)(7) is unconstitutional because it allows the jury to consider any other factors as potential mitigating factors, and permits the sentencer to convert the defendant's (B)(7) mitigation evidence into reasons for imposing the death penalty.

[8] R.C. 2929.04(A)(7) fails to narrow the class of individuals eligible for the death penalty. Defendant argues that 2929.04(A)(7) merely repeats the elements of felony murder as defined in R.C. 2903.01(B), and delegates a harsher punishment to the felony murderer than the punishment imposed on a premeditated murderer.

[9] R.C. 2929.03(D)(1) and R.C. 2929.04 are unconstitutionally vague. Defendant argues that the interplay between R.C. 2929.03(D)(1) and 2929.04(B) incorporates the nature and circumstances of an offense into non-statutory aggravating circumstances.

[10] Ohio's proportionality and appropriateness review are constitutionally infirm.

[11] Ohio's death penalty statutory scheme is unconstitutional by failing to afford the sentencing authority the option to impose a life sentence of imprisonment or to grant mercy, regardless of whether aggravating circumstances outweigh mitigating factors.

[12] Ohio's "proof beyond a reasonable doubt" standard is unconstitutional and must be replaced by a "proof beyond all doubt" standard.

[13] Lethal injection is cruel and unusual punishment.[1]

[14] Ohio's death penalty scheme violates international law and the Supremacy Clause of the United States Constitution.

This is not Defendant's first attempt to dismiss the death specification under which he was convicted. In his initial appeal to the Twelfth District in 1984, Defendant asserted as his first assignment of error that the trial court "fail[ed] to dismiss the death penalty specifications against the defendant on the grounds that the death penalty is unconstitutional." *State v. Davis* (1986), 12th Dist. App. No. CA84-06-071, 1986 WL 5989 at *2. The Twelfth District overruled the assignment of error and affirmed Defendant's conviction, and in doing so, dismissed most of the arguments and issues

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

3

raised by the instant motion. *Id.* at *2-5. On direct appeal in 1988, the Supreme Court of Ohio also

affirmed Defendant's conviction after considering and rejecting the same constitutional challenges to

Defendant's capital specification. *State v. Davis* (1988), 38 Ohio St.3d 361, 366-367; 528 N.E.2d

925.

  "Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant

who was represented by counsel from raising and litigating in any proceeding except an appeal from

that judgment, any defense or any claimed lack of due process that was raised or could have been

raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from

that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. "Public

policy dictates that there be an end of litigation; that those who have contested an issue shall be bound

by the result of the contest, and that matters once tried shall be considered forever settled as between

the parties." *Baldwin v. Traveling Men's Assn.* (1931), 283 U.S. 522, 525, 51 S.Ct. 517. "[The]

doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical

time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private

peace,' which should be cordially regarded and enforced by the courts . . . ." *Hart Steel Co. v. Railroad*

*Supply Co.* (1917), 244 U.S. 294, 299, 37 S.Ct. 506.

  Pursuant to the holding in *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, 781, Defendant is

before this Court for resentencing – nothing more. Accordingly, this Court does not sit in a trial

posture, nor is this case before the Court on an appeal from a judgment of conviction. Defendant has

already challenged the constitutional validity of the capital specification on appeal. Defendant's

challenges have been rejected by superior courts and Defendant is bound by those holdings.

Defendant does not suggest that he was prevented, at trial or on appeal, from raising a defense or due

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

---

1 Defendant's thirteenth challenge will be discussed separately, *infra.*

4

process violation regarding the capital specification. Therefore, Defendant's attempt to re-litigate the propriety of the capital specification in this case is untimely and barred by the doctrine of *res judicata*. Defendant's motion is denied.

### G. Motion to Suppress Pretrial and Trial Identifications

Defendant moves this Court "to suppress all pretrial and trial identifications provided by witnesses who were exposed to unduly suggestive pretrial identification procedures." Defendant's basis for the motion revolves around the testimony of two trial witnesses, Cozette Massey and Anthony Ferguson, who testified that investigating officers showed them a single photograph of the Defendant before asking them to identify the perpetrator in this case. Massey and Ferguson identified the Defendant as the individual responsible for shooting the victim, Suzette Butler. Defendant argues that the officers' procedure did not comply with due process requirements, as it was so suggestive that it gave rise to a substantial likelihood of misidentification. Defendant urges this Court to suppress both Massey's and Ferguson's pretrial and in-court identifications. Defendant also moves for the suppression of all subsequent pretrial and in-court identifications of the Defendant unless the State can show that the identifications were obtained without the use of unduly suggestive procedures.

The Court denies Defendant's motion on several grounds. First, Defendant waived any objection to the admissibility of the aforementioned pretrial and in-court identifications when he failed to file a motion to suppress prior to the submission of the evidence to the trial court. Pursuant to Crim.R. 12(C)(3), motions to suppress evidence must be filed before trial. "Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial . . . shall constitute waiver of the defenses or objections . . . ." Crim.R. 12(H), see also *State v. Phillips* (1995) 74 Ohio St.3d 72, 97, 656 N.E.2d 643, citing *State v. Ward* (1978), 53 Ohio St.2d 182, at paragraph three of

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

5

the syllabus (holding that "[t]he failure [of a criminal defendant] to move within the time specified by Crim.R. 12(C) for the suppression of evidence on the basis of its illegal obtainment constitutes a waiver of the error."), see also *State v. F.O.E. Aerie 2295 Port Clinton* (1988), 38 Ohio St.3d 53, 54-55, 526 N.E.2d 66 (noting that Crim.R. 12(G)[2], in turn, states that "[f]ailure by the defendant to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court . . . or prior to any extension thereof made by the court, shall constitute waiver thereof. . .").

Second, Defendant waived any right to subsequently attack the pretrial and in-court identifications when he failed to object to their introduction at trial in May of 1984. Pursuant to Evid.R. 103(A)(1), "error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . in case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context . . . ." Thus, to preserve the argument that he now advances, Defendant was required to object at the time the identifications were offered into evidence. Defendant failed to do so. The Ohio Supreme Court has consistently held that "[t]he waiver rule requires that a party make a contemporaneous objection to alleged trial error in order to preserve that error for appellate review. The rule is of long standing, and it goes to the heart of an adversary system of justice. Even constitutional rights 'may be lost as finally as any others by a failure to assert them at the proper time.'" *State v. Murphy* (2001), 91 Ohio St.3d 516, 532, 747 N.E. 2d 765, quoting *State v. Childs* (1968), 14 Ohio St.2d 56, 236 N.E.2d 545. The waiver rule was explained in *State v. Slagle* (1992), 65 Ohio St.3d 597, 604, 605 N.E. 916, quoting *State v. Craft* (1977), 52 Ohio App.2d 1, 4-5, 367 N.E.2d 1221:

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

---

2 In 2001, Crim.R. 12(G) was redesignated as Crim.R. 12(H).

6

> This rule is a product of our adversarial system of justice. "Its purpose is practical: to prevent the defensive trial tactic of remaining silent on a fatal error during trial with the expectation of demanding a reversal on appeal if the verdict is guilty." The rule is also consistent with the structure of our court system. An appellate court is not to be the first court to decide an issue; it is to review decisions made by the trial court after the lower court has had an opportunity to hear the arguments of the parties."

While the Criminal Rules permit this Court to grant relief from waiver for good cause shown, Defendant has not advanced a persuasive argument as to why this Court should suppress the identifications roughly 24 years post-trial and conviction. There are no new facts to bolster Defendant's arguments that have come to light since his initial trial; rather, the record reveals that prior to trial Defendant was aware of the police procedures used to obtain the identifications. Defendant cannot now, in hindsight, claim error when there was no initial attempt to suppress or object to the evidence. To do so would strip the waiver rule of its effectiveness and would encourage the type of defensive trial tactics warned of in *Slagle*.

Third, this Court has no jurisdiction to consider Defendant's motion to suppress the pretrial and in-court identifications. Under the law of the case doctrine, "decisions made by a reviewing court regarding legal questions remain the law of the case for all subsequent proceedings at both the trial and appellate levels." *Byrd v. Smith* (2008), 12th Dist. App. No. CA2007-08-093, 2008 WL 2789292, ¶12, citing *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, syllabus, 462 N.E.2d 410. "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no jurisdiction to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan*, 11 Ohio St.3d at syllabus. The purpose of the doctrine is to prevent litigants from attempting to rely upon arguments at retrial or resentencing that were fully litigated, or could have been fully litigated, in earlier appeals. *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404-405, 659 N.E.2d

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

7

781 (stating that the doctrine is "necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution."). As a result, the doctrine prohibits a trial court from vacating or modifying a judgment that has been affirmed on appeal, as "this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 98, 378 N.E. 2d 162.

Pursuant to the holding in *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, 781, Defendant is before this Court solely for resentencing. There is no mandate from the United States Court of Appeals for the Sixth Circuit to consider arguments relating to Defendant's underlying conviction or guilt. There are no extraordinary circumstances in this case that call Defendant's conviction into question. Defendant's 1984 conviction is final and his guilt was affirmed by the Twelfth District Court of Appeals and the Ohio Supreme Court. See *State v. Davis* (1986), 12th Dist. App. No. CA84-06-071, 1986 WL 5989; see also *State v. Davis* (1988), 38 Ohio St.3d 361, 528 N.E.2d 925. Consequently, this Court is prohibited from suppressing the pretrial and in-court identifications in this case, for to do so would disturb all previous appellate decisions affirming Defendant's guilt and cause this Court to exceed the scope of its remand from the Sixth Circuit. Defendant's challenges are not appropriate for a resentencing hearing.

Fourth, because this Court has previously found that Defendant could have attacked the pretrial and in-court identifications in his first appeal, the issues raised by the instant motion are barred by the doctrine of *res judicata*. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant from further litigation of issues which were raised or could have been raised previously on appeal. *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

8

Defendant does not suggest that he was unable to or prevented from raising the instant issues on direct appeal. Consequently, Defendant is bound by his failure "to avail himself of all available grounds for relief" on direct appeal, and his motion is untimely. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 383, 653 N.E.2d 226. Defendant's motion is denied.

I. Motion for pretrial disclosure of police reports and witness statements

Defendant moves this Court to use its discretionary authority to order the State "to disclose, prior to trial all police reports concerning the instant offense and the prior murder, as well as the prior statements made by its witnesses." Defendant argues that such disclosure is necessary to expedite the procedure set forth in Crim.R. 16(B)(1)(g), a Rule that he envisions invoking at his resentencing hearing. Crim.R. 16(B)(1)(g) provides:

> **In camera inspection of witness' statement.**
> Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement.
>
> If the court determines that inconsistencies exist, the statement shall be given to the defense attorney for use in cross-examination of the witness as to the inconsistencies.
>
> If the court determines that inconsistencies do not exist the statement shall not be given to the defense attorney and he shall not be permitted to cross-examine or comment thereon.
> Whenever the defense attorney is not given the entire statement, it shall be preserved in the records of the court to be made available to the appellate court in the event of an appeal. (Emphasis added.)

Defendant argues that Crim.R. 16(B)(1)(g) will be "cumbersome" and "unwieldy" if this Court refuses to allow his defense counsel to examine police reports and witness statements until after each witness has testified on direct examination. Defendant envisions repeated interruptions for

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

9

sidebars and recesses, coupled with long delays in the proceedings so that defense counsel may review each respective witness statement. Defendant notes that without disclosure it will be difficult for defense counsel to absorb the details of lengthy witness statements for purposes of bringing inconsistencies to the Court's attention, and will hinder defense counsels' ability to effectively weave any inconsistencies into cross examination. Defendant also argues that disclosure will bring to light any exculpatory evidence that was inadvertently withheld by the prosecution; thus, reducing the possibility of a mistrial or continuance to develop that evidence.

Despite the fact that Defendant's motion mistakenly suggests that this Court sits in a pretrial posture, when in fact, pursuant to the United States Court of Appeals for the Sixth Circuit's holding in *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, 781, this case is before the Court solely for resentencing, it would be an abuse of discretion for this Court to require the prosecution to disclose the requested police reports and witness statements.

The Twelfth District, in *State v. Craft* (2002), 12th Dist. App. No. CA2001-09-202, 2002-Ohio-4481, ¶ 14, has held that a trial court abuses its discretion when it orders discovery above and beyond the express requirements of Crim.R. 16. In *Craft*, the defendant was indicted for aggravated murder in a killing that had occurred approximately thirty years earlier. *Id.* at ¶ 2. The defendant requested discovery, including the names and addresses of all witnesses interviewed in connection with the State's investigation, and the disclosure of all witness statements obtained during the investigation. *Id.* at ¶ 3. The State refused to provide the names and addresses of its witnesses and also refused to disclose any witness statements. *Id.* After holding a discovery hearing on the matter, the trial court required the State to provide the names and addresses of interviewed witnesses and to disclose witness statements for purposes of an in camera *Brady* inspection. *Id.* at ¶ 4. The trial court

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

10

reasoned that "fundamental fairness" required disclosure due to fact that nearly thirty years had passed since the alleged crime occurred. *Id.*

The State filed an interlocutory appeal, arguing that the trial court erred by ordering discovery that exceeded the scope of Crim.R. 16(B). *Id.* at ¶ 7. The Twelfth District, while noting that "the granting or overruling of discovery motions in a criminal case rests within the sound discretion of the trial court," nonetheless held that the trial court abused its discretion when it ordered the State to disclose the witness names and addresses. *Id.* at ¶ 10, citing *State v. Shoop* (1993), 87 Ohio App.3d 462, 469, 622 N.E.2d 665. The Twelfth District reasoned:

> Crim.R. 16(B)(1)(e) specifically addresses the disclosure of names
> and addresses of witnesses, and requires disclosure only of
> witnesses the state intends to call at trial. Thus, the trial court's
> order expands an area of discovery already addressed by Crim.R.
> 16. Permitting such discovery is inconsistent with the discovery
> procedure provided for in Crim.R. 16 . . . . *Id.* at ¶ 14.

Turning to the disclosure of witness statements, the Twelfth District held that when a defendant makes a general *Brady* request for exculpatory material, "the prosecution, not the trial judge, ordinarily bears the duty of examining documents for potential *Brady* material." *Id.* at ¶ 23, citing *State v. Lawson* (1992), 64 Ohio St.3d 336, 343, 595 N.E.2d 902. The court found that the defendant's *Brady* requests were general in nature and that the State had represented that no exculpatory material existed in its file. *Id.* at ¶ 25. Thus, absent a showing that the defendant was aware of existing exculpatory evidence that had been withheld, "the state's decision on the disclosure of *Brady* material should have been final," and the trial court abused its discretion by ordering the in camera inspection. *Id.*

The Twelfth District went on to explain that a trial court's broad discretionary power over discovery matters come into play when a party attempts to discover material that is not specifically

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

11

identified by Crim.R. 16. *Id.* at ¶ 16. Even then, "some evidence should be presented justifying a departure from standard practice unless such a need is readily apparent," such as a demonstration that the requested evidence is potentially exculpatory and unobtainable by reasonable means. *Id.*, citing *State v. Stutts* (1991), Lorain App. No. 90CA004879, citing *United States v. Richter* (9th Cir. 1973), 488 F.2d 170, 175.

Crim.R. 16 specifically addresses the disclosure of police reports and witness statements. Crim.R. 16(B)(1)(g) requires that witness statements and police reports be disclosed at trial, following a witness' direct examination. See *State v. Jenkins* (1984), 15 Ohio St.3d 164 (holding that the portion of a police officer's report detailing his first-hand observations and recollection is considered to be a "statement" for purposes of Crim.R. 16(B)(1)(g), and is subject to in camera review at the conclusion of the officer's direct examination).[3] Therefore, pursuant to *Craft*, Defendant's request to require the prosecution to disclose such evidence before trial must be denied for exceeding the scope of discovery under Crim.R. 16. Defendant cannot alternatively argue that because the State's witnesses have already testified on direct examination at trial, this Court is obligated to hold an in camera inspection of witness statements. Any State witness in this case testified on direct examination roughly twenty-four years ago. A request to review those witness statements is simply untimely. Finally, Defendant cannot couch his request for disclosure as an expeditious and cautionary measure with respect to the potential existence of withheld *Brady* material. Defendant has already requested that the State turn over any existing *Brady* material pursuant to Crim.R. 16(B)(1)(f). The State has represented that it has complied with Defendant's request. Defendant has not alleged that other exculpatory

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

---

3 Any portion of a police report detailing events beyond the officer's personal observation is privileged and excluded from discovery pursuant to Crim.R. 16(B)(2). *Jenkins*, 15 Ohio St.3d at 225.

12

evidence exists and has been withheld, and the prosecution's decision on disclosure is final.

Defendant's motion is denied.

> J. Motion to Compel Law Enforcement Officials to Provide the Prosecuting Attorney with All the Information Acquired During the Course of Their Investigation

Defendant moves this Court to require law enforcement officials to turn over all material acquired during the investigation of the case. Defendant is concerned that he may not receive proper discovery of evidence without such an order.

The Court orders that the Hamilton Police Department shall make available to the Prosecuting Attorney of the State the investigatory file regarding the crimes for which Defendant has been charged, and the State shall independently review the same. The State shall comply with CrimR. 16(B)(1)(f) and *Brady v. Maryland* (1963), 373 U.S. 83, 87, 83 S.Ct. 1194 with regard to materials contained within the investigatory file. The State shall certify to this Court that it has reviewed the investigatory file and complied with Crim.R. 16.

> L. Defendant's Memorandum Concerning his Right to a Jury Trial with Respect to Resentencing

Defendant moves this Court to withdraw his initial jury waiver, entered into in 1984. A review of the record reveals that on May 8, 1984, Defendant waived his right to a jury trial in open court. Defendant and his attorneys each signed a waiver form electing a three judge panel in this case. At the hearing, the trial court engaged in a colloquy with Defendant, during which he stated that he had read and signed the waiver form under his own volition. Defendant also acknowledged that by waiving his right to a jury, he understood that his case would be submitted to a three judge panel.

Defendant now attempts to assert his Sixth Amendment constitutional right, espoused in *Ring v. Arizona* (2002), 536 U.S. 584, 122 S.Ct. 2428, interpreting *Apprendi v. New Jersey* (2000), 530

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

13

U.S. 466, 120 S.Ct. 2349, to have a jury determine the penalty to be imposed in this case. In *Ring*, the United States Supreme Court reaffirmed a defendant's right to have a jury find, beyond a reasonable doubt, the facts relevant to death penalty eligibility, such as capital specifications. Defendant argues that his 1984 jury waiver did not waive his Sixth Amendment right prior to proceeding to a three judge panel because that right did not exist at the time of his original trial. Defendant also argues that his jury waiver was not made knowingly, intelligently, and voluntarily with respect to his sentencing phase because the trial court did not inform him that he had a statutory right to have a jury decide his sentence. For the following reasons, Defendants arguments are not well taken.

First, any contention that Defendant's jury waiver was not knowing, intelligent, and voluntary is without merit. A defendant's jury "[w]aiver may not be presumed from a silent record. However, if the record shows a jury waiver, the conviction will not be set aside except on a plain showing that the defendant's waiver was not freely and intelligently made." *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 37, citing *Adams v. United States ex rel. McCann* (1942), 317 U.S. 269, 281, 63 S.Ct. 236. A written waiver is presumed to be voluntary, knowing, and intelligent. *United States v. Sammons* (6ᵗʰ Cir. 1990), 918 F.2d 592, 597; *State v. Bays* (1999), 87 Ohio St.3d 15, 19, 716 N.E.2d 1126. "There is no requirement for a trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial." *State v. Jells* (1990), 53 Ohio St.3d 22, 559 N.E.2d 464, paragraph one of the syllabus. "The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel. While it may be better practice for the trial judge to enumerate all the possible implications of a waiver of a jury, there is no error in failing to do so." (Citation omitted.) Id. at 26; see, also, *State v. Thomas*, 97 Ohio St.3d 309, 2002-Ohio-6624, ¶

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

14

26; *Bays,* 87 Ohio St.3d at 20, 716 N.E.2d 1126 (trial court's failure to explain that a single juror can

block a death recommendation did not invalidate a jury waiver).

Here, Defendant executed a written jury waiver in open court.  The trial court's colloquy

sufficiently advised Defendant of his constitutional right to a jury trial.  This Court rejects Defendant's

claim that his waiver was invalid because the trial court failed to inform him that a jury waiver applied

to both phases of trial, and of his specific statutory right to a jury trial.  To the contrary, the record in

this case demonstrates that Defendant knew that by waiving his right to a jury, a three judge panel

would decide his sentence.  This is evidenced by the following exchange at the 1984 hearing:

> Prosecution: Your honor, it's our understanding that the Court must
> be unanimous in it's [sic] verdict as to guilt and punishment also and
> a majority . . . can rule on all other matters pertaining to evidence as
> provided in the statute.

> Court: Do you understand what he's saying?

> Defendant: Yes, uh-uhm.

> Court: He's saying that the majority that [sic] the court could rule on
> evidence and findings of fact, but the ultimate conclusion of your
> innocence would have to be determine [sic] by unanimous vote of all
> the three judges.

> Defense counsel: As well the penalty phase obviously if it ever got to
> that.

> Court: And it goes to all phases except as to the rulings on the
> evidence and findings of fact.

As the record shows, all were aware, including Defendant, that a jury waiver applied to both

phases of trial, and that a three judge panel would determine Defendant's sentence should the need

arise.  There is nothing in the record to overcome the presumption that Defendant's written jury

waiver constituted a knowing, intelligent, or voluntary waiver.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

15

Second, Defendant's argument that his jury waiver was not knowing, intelligent, and voluntary is barred by the doctrine of *res judicata*. On two previous occasions, Defendant has attacked the validity of his jury waiver. In each instance, Defendant's arguments were considered and rejected. *State v. Davis* (1992), 63 Ohio St.3d 44, 48-49, 584 N.E.2d 1192 (holding "[a]s nothing in the record suggests that [Defendant] was misinformed regarding the distinctions between trial by panel or trial by jury a the time [Defendant] signed the 1984 waiver, [Defendant's] 'informed choice' argument lacks merit."); *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, 781 (overruling Defendant's third assignment of error, wherein he contended that he should have been permitted to withdraw his jury waiver prior to resentencing because it was involuntarily entered into).

"Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." *Baldwin v. Traveling Men's Assn.* (1931), 283 U.S. 522, 525, 51 S.Ct. 517. "[The] doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts . . . ." *Hart Steel Co. v. Railroad Supply Co.* (1917), 244 U.S. 294, 299, 37 S.Ct. 506.

Judge Andrew Nastoff
Common Pleas Court.
Butler County, Ohio

16

Defendant has attempted to invalidate his jury waiver on appeal. His challenges have been rejected by superior courts and he is bound by those holdings. Defendant does not suggest that he was prevented, at trial or on appeal, from fully attacking the validity of his jury waiver. Therefore, Defendant's attempt to re-litigate the propriety of his jury waiver in this case is untimely and barred by the doctrine of *res judicata*.

Third, Defendant's reliance upon *Ring* is misplaced due to the fact that he knowingly, intelligently, and voluntarily waived his right to a jury trial. See *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, 780, footnote 8 (stating "[o]bviously, *Ring's* mandates would apply only in situations in which the criminal defendant did not exercise the prerogative to waive the constitutional right to a jury trial."). While Defendant's Sixth Amendment rights may not have been recognized at the time of his original trial, the preceding analysis demonstrates that he was aware of the consequences of a jury waiver.

Fourth, Defendant's attempt to withdraw his jury waiver is untimely and runs contrary to Ohio's statutory capital resentencing procedure. Pursuant to R.C. 2945.05, Defendant was free to withdraw his jury waiver "at any time before the commencement of the trial." This Court does not sit in a pretrial posture; rather, the guilt phase of Defendant's trial has been concluded and the sentencing phase awaits. Because Defendant failed to withdraw his jury waiver prior to the guilt phase in this case, he naturally abandoned any right to withdraw said waiver. Defendant's attempt to withdraw his jury waiver is therefore untimely.

Further, because he was originally convicted by a three judge panel in this case, Ohio law requires a three judge panel to resentence Defendant. R.C. 2929.06(B) states:

> Whenever . . . any federal court sets aside, nullifies, or vacates a sentence of death imposed upon an offender because of error that occurred in the sentencing phase of the trial . . . , the trial court that

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

17

sentenced the offender shall conduct a new hearing to resentence
the offender. If the offender was tried by a jury, the trial court shall
impanel a new jury for the hearing. *If the offender was tried by a
panel of three judges, that panel or, if necessary, a new panel of
three judges shall conduct the hearing*. (Emphasis added).

Because Defendant was tried by a three judge panel, the express wording of R.C. 2929.06(B)

vests the exclusive responsibility to determine Defendant's sentence in a three judge panel and not in

a jury. Accordingly, under no circumstances would Defendant be entitled to a hybrid or bifurcated

trial, whereby a three judge panel determines his guilt while a jury determines his sentence. *State v.

Ketterer* (2006), 111 Ohio St.3d 70, 2006-Ohio-5283, ¶124 (holding that "R.C. 2945.06, as well as

Crim.R. 11(C)(3), contains no provisions permitting an accused charged with aggravated murder to

waive a jury, request that three judges determine guilt upon a plea of guilty, and then have a jury decide

the penalty."); see also *State ex rel. Mason v. Griffin* (2004), 104 Ohio St.3d 279, 2004-Ohio-6384,

¶15-17 (issuing a writ of prohibition against a trial judge who employed "a hybrid procedure-a jury

sentencing hearing to make certain findings upon which [the trial judge] would base his sentencing

decision."). This conclusion is consistent with Ohio Supreme Court holdings, which require trial

courts to conduct capital proceedings strictly according to statute. See *Griffin*, 104 Ohio St.3d at ¶15;

see also *State v. Penix* (1987), 32 Ohio St.3d 369, 373. Because this Court has no authority to

disregard the procedure set forth in R.C. 2929.06(B), Defendant's request to withdraw his jury waiver

must be denied.

In denying Defendant's motion, this Court recognizes that the United States Court of Appeals

for the Sixth Circuit, in remanding this case for resentencing, questioned the propriety of holding

Defendant to a jury waiver entered into approximately 25 years ago. *Davis v. Coyle* (6th Cir. 2007),

475 F.3d 761, 780-781. In doing so, the Sixth Circuit debated whether Defendant's failure to

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

18

withdraw his jury waiver in accordance with R.C. 2945.05 should solely determine the issue now before the Court. *Id.* The Sixth Circuit remarked:

> We note that under Ohio Revised Code § 2945.05, a waiver of jury trial "may be withdrawn by the defendant at any time before the commencement of trial." Granted, the resentencing hearing that we order today will not constitute a "trial" in the sense that the petitioner's guilt or innocence is again at issue. However, in this case, the proceeding can indeed be considered the functional equivalent of "trial" because, unlike sentencing in a non-capital case, it will take the form of an evidentiary proceeding on the question of whether Davis should receive the death penalty or some form of a life sentence.
>
> \*     \*     \*
>
> . . . Ohio courts have held, in reversing a conviction "on the basis that [the defendant] was neither charged nor found guilty of an essential element of the offense," that the defendant's "previous waiver of a jury trial is also inherently revoked by the reversal of the conviction and the [amended] indictment." *State v. McGee*, 128 Ohio App.3d 541, 715 N.E.2d 1175, 1178 (Ohio Ct.App.1998). That conclusion was based on the fact that on remand, additional evidence would be introduced from both the prosecution and the defense, as is likely to occur on remand of this case. While not directly on point, because Davis is not facing a new indictment, the reasoning of the Ohio court in *McGee* should certainly inform the sentencing court's determination of the viability of Davis's jury waiver on remand.

In *McGee*, the defendant was charged with child endangerment under R.C. 2919.22(A). *McGee*, 128 Ohio App.3d at 542. The indictment in the case mirrored the statutory language.[4] *Id.* McGee waived her right to a jury trial and was convicted as charged. *Id.* In convicting McGee, the trial court relied upon then applicable precedent which held that a violation of R.C. 2919.22(A) was a strict liability offense. *Id.* McGee appealed her conviction, arguing that recklessness was the applicable mental state under R.C. 2919.22(A), and that there was no evidence of recklessness presented at the trial level. *Id.* On appeal, the Third District Court of Appeals overruled the precedent

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

---

4 "Deanna [ *sic* ] L. McGee, on or about the 24th day of February, 1994, at the County of Logan aforesaid, being the parent of a child under the age of eighteen years, did create a substantial risk to the health or safety of said child, by violating a duty of care, protection or support resulting in serious physical harm. In violation of Section

19

finding R.C. 2919.22(A) to be a strict liability offense, and held that negligence was the proper culpable mental state. *Id.* at 542-543. The Third District affirmed the trial court's judgment after finding adequate evidence that McGee acted negligently. *Id.* at 543. McGee appealed the Third District's decision to the Ohio Supreme Court, which held that recklessness, not negligence, was the essential mens rea element of R.C. 2919.22(A). *State v. McGee* (1997), 79 Ohio St.3d 193, 680 N.E.2d 975, syllabus. The Supreme Court reversed and remanded to the trial court. *Id.* at 977.

On remand, the trial court permitted the State to amend the indictment to include the element of recklessness. *McGee*, 128 Ohio App.3d at 543. The trial court denied; however, McGee's motions for a new trial and to withdraw her jury waiver. *Id.* The trial court determined that the Supreme Court's remand called for nothing more than a continuation of the previous trial, and thus, permitted McGee to call witnesses on the issue of recklessness. *Id.* at 545. McGee was ultimately convicted as charged under the amended indictment. *Id.* at 543.

McGee again appealed her conviction, arguing that she was entitled to a new trial and to withdraw her jury waiver on remand. *Id.* McGee argued that the remand, coupled with the amended indictment, required the trial court to proceed anew – first to arraignment, and then to a new jury trial where the State must prove each element of the new indictment beyond a reasonable doubt. *Id.* at 545. The Third District agreed, holding:

> In view of the fact that the Supreme Court reversed McGee's conviction on the basis that she was neither charged with nor found guilty of an essential element of the offense, we believe that the only appropriate action for the trial court to take is to proceed anew from arraignment on the amended indictment to a new trial. We further conclude that McGee's previous waiver of a jury trial is also inherently revoked by the reversal of the conviction and the new indictment in this case. *Id.*

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

2919.22(A), Endangering Children, a felony of the fourth degree. "

20

Simply put, *McGee* lends no support to the instant motion. Not only is *McGee* not directly on point, but the factual and procedural differences between it and Defendant's case render it nothing more than vaguely analogous. The only similarity between the two cases is the fact that Defendant has the ability to introduce additional evidence on remand. Unlike the defendant in *McGee*, Defendant's conviction has not been reversed and he does not face a new indictment. Defendant's conviction remains undisturbed; therefore, unlike *McGee*, he will not be introducing evidence on the issue of guilt. These differences are material. The *McGee* trial court was required to proceed anew to a new jury trial, if desired, because the defendant was not found guilty of an essential element of the offense. Thus, the reversed conviction and subsequent amended indictment required the State to begin from square one, procedurally, if it wished to prosecute McGee for her alleged criminal offense. Here, no similar procedural or factual event has occurred that would entitle Defendant to a new jury trial or automatically revoke his jury waiver. Defendant's guilt has been conclusively established and he is solely before this Court for resentencing. To say that Defendant should be permitted to withdraw his jury waiver simply because his resentencing hearing may be considered the functional equivalent of a trial glosses over and gives short shrift to the significant procedural differences between *McGee* and the instant case. For the preceding reasons, the Court finds *McGee* unpersuasive.

Additionally, the Sixth Circuit ignored this Court's duty to convene a three judge panel in accordance with R.C. 2929.06(B), and failed to take into account this Court's lack of inherent power to disregard the resentencing procedures set forth in R.C. 2929.06(B). While this Court understands, though it does not necessarily share, the Sixth Circuit's apprehension in holding Defendant to his original jury waiver, it must assume that the Ohio legislature envisioned a circumstance similar to Defendant's, whereby an extended period of time passes between a capital defendant's guilt phase and

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

21

resentencing hearing, when it enacted R.C. 2929.06(B).  This Court declines any invitation to deviate

from R.C. 2929.06(B)'s resentencing procedures.

M. Motion to Preclude the State from Seeking the Death Penalty

Defendant moves this Court to preclude the State from seeking the death penalty on remand.

Defendant argues that R.C. 2929.03(C)(2)(a), the sentencing statute in effect at the time of his

offense, allowed only the three judge panel that determined his guilt to impose a death sentence.[5]

Because the original three judge panel cannot be reconvened in this case,[6] Defendant argues that the

three judge panel formed to conduct the resentencing hearing is barred from imposing a death

sentence.  Defendant also argues that the Retroactivity, Ex Post Facto, and Double Jeopardy clauses

of the United States and Ohio Constitution preclude this Court from applying Ohio's current death

penalty resentencing statute, R.C. 2929.06, to this case.  For the following reasons, Defendants

arguments are not well taken.

Upon remand from the United States Court of Appeals for the Sixth Circuit, having vacated

Defendant's death sentence, R.C. 2929.06 allows for a new three judge panel to preside over

Defendant's resentencing hearing, at which time the State may seek any punishment that was

statutorily available at the time the offense was committed.  R.C. 2929.06 provides:

> (B) Whenever any court of this state or any federal court sets aside,
> nullifies, or vacates a sentence of death imposed upon an offender
> because of error that occurred in the sentencing phase of the trial
> and if division (A) of this section does not apply[7], the trial court that
> sentenced the offender shall conduct a new hearing to resentence
> the offender. If the offender was tried by a jury, the trial court shall
> impanel a new jury for the hearing. ***If the offender was tried by a
> panel of three judges, that panel or, if necessary, a new panel of
> three judges shall conduct the hearing.*** At the hearing, the court or

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

---

5 At the time of the offense in this case, 2929.03(C)(2)(a) required that Defendant's sentence was to be
determined by "the panel of three judges that tried the offense upon his waiver of the right to trial by jury."
6 Judge Moser and Judge Breuwer have since retired.  Judge Stitsinger passed away on May 2, 2007.
7 There is no dispute that 2929.06(A) does not apply to the facts of this case.

22

panel shall follow the procedure set forth in division (D) of section 2929.03 of the Revised Code in determining whether to impose upon the offender a sentence of death, a sentence of life imprisonment, or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment. *If, pursuant to that procedure, the court or panel determines that it will impose a sentence other than a sentence of death, the court or panel shall impose upon the offender one of the sentences of life imprisonment that could have been imposed at the time the offender committed the offense for which the sentence of death was imposed*, determined as specified in this division, or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment that is determined as specified in this division. If division (D) of section 2929.03 of the Revised Code, at the time the offender committed the aggravated murder for which the sentence of death was imposed, required the imposition when a sentence of death was not imposed of a sentence of life imprisonment without parole or a sentence of an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment to be imposed pursuant to division (A) or (B)(3) of section 2971.03 of the Revised Code and served pursuant to that section, the court or panel shall impose the sentence so required. In all other cases, the sentences of life imprisonment that are available at the hearing, and from which the court or panel shall impose sentence, shall be the same sentences of life imprisonment that were available under division (D) of section 2929.03 or under section 2909.24 of the Revised Code at the time the offender committed the offense for which the sentence of death was imposed.

\*     \*     \*

(E) *This section*, as amended by H.B. 184 of the 125th general assembly, *shall apply to all offenders who have been sentenced to death for an aggravated murder that was committed on or after October 19, 1981,* or for terrorism that was committed on or after May 15, 2002. This section, as amended by H.B. 184 of the 125th general assembly, shall apply equally to all such offenders sentenced to death prior to, on, or after March 23, 2005, including offenders who, on March 23, 2005, are challenging their sentence of death and offenders whose sentence of death has been set aside, nullified, or vacated by any court of this state or any federal court but who, as of March 23, 2005, have not yet been resentenced. (Emphasis added).

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

23

The language of R.C. 2929.06(E) exhibits the intent of the Ohio legislature to retroactively apply R.C. 2929.06 to all criminal defendants sentenced to death for an aggravated murder that occurred after October 19, 1981, whose death sentence had been vacated by a federal court, and who had not been resentenced as of March 23, 2005. Defendant's case meets the criteria of R.C. 2929.06(E); therefore, R.C. 2929.06(B) applies. Pursuant to R.C. 2929.06(B), in the event that the original three judge panel is unavailable to preside over Defendant's resentencing hearing, as in this case, a new three judge panel may be formed to conduct the hearing. Consequently, R.C. 2929.06(B) grants the authority to the newly formed three judge panel to conduct Defendant's resentencing hearing and impose either a death sentence or one of the available life sentences.[8]

Having found that R.C. 2929.06(E) establishes a clear legislative intent to apply R.C. 2929.06 retroactively, the constitutionality of the retroactive application is dependent upon whether the statute is remedial or substantive. *State v. Walls* (2002), 96 Ohio St.3d 437, 2002-Ohio-5059, ¶¶10, 15. A statute is unconstitutionally retroactive under Section 28, Article II of the Ohio Constitution if it is substantive, that is, "if it impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction." *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 354, 721 N.E.2d 28; see, also, *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 106-107, 522 N.E.2d 489. However, "a statute that is 'purely remedial' does not violate Section 28, Article II." *Van Fossen,* 36 Ohio St.3d at 107, 522 N.E.2d 489, quoting *Rairden v. Holden* (1864), 15 Ohio St. 207, 1864 WL 26, paragraph two of the syllabus. Remedial laws are

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

8 Crim.R. 25(B), effective 1973, serves to reinforce the fact that a reformation of the original three judge panel is not required before a death sentence may be imposed in this case. Crim.R. 25(B) provides: "After verdict or finding of guilt. If for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge, or, in the case of a single-judge division, by the Chief Justice of the Supreme Court of Ohio, may perform those duties."

24

defined as "those laws affecting merely 'the methods and procedure[s] by which rights are recognized, protected and enforced, not . . . the rights themselves.'" *Bielat*, 87 Ohio St.3d at 354, 721 N.E.2d 28, quoting *Weil v. Taxicabs of Cincinnati, Inc.* (1942), 139 Ohio St. 198, 205, 22 O.O. 205, 39 N.E.2d 148. "Remedial laws . . . generally come in the form of "rules of practice, courses of procedure, or methods of review." *State ex rel. Kilbane v. Indus. Comm.* (2001), 91 Ohio St.3d 258, 260, 744 N.E.2d 708, citing *State ex rel. Slaughter v. Indus. Comm.* (1937), 132 Ohio St. 537, 542, 9 N.E.2d 505, 508 at paragraph three of the syllabus.

The Ohio Supreme Court has held that retroactive statutes concerning the jurisdiction or forum in which an action is to be heard are remedial in nature and do not impair a defendant's vested rights. *Walls* at ¶17. If, under either the retroactive statute or the statute in place at the time of the offense, a defendant is subject to the same punishment for the commission of that offense, the retroactive statute is remedial. *Id.* Here, the amendments to R.C. 2929.03(C)(2)(a) that have resulted in R.C. 2929.06(B) do not impair Defendant's vested substantive rights. Under either statute, Defendant was on notice that his offense subjected him to the death penalty if and when his sentence were to be vacated on appellate review and remanded due to error in the sentencing phase. R.C. 2929.06(B) simply served to remove any doubt as to whether Defendant must be resentenced by the same three judge panel that participated in the guilt phase of the trial. R.C. 2929.06(B) is not unconstitutionally retroactive.

While the Court has determined that R.C. 2929.06(B) does not retroactively impair Defendant's vested substantive rights, it must still determine whether the statute constitutes an ex post facto law. "Although the Latin phrase 'ex post facto' literally encompasses any law passed 'after the fact,' it has long been recognized by [the United States Supreme Court] that the constitutional

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

25

prohibition on ex post facto laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood* (1990), 497 U.S. 37, 41, 110 S.Ct. 2715. "Not just any "disadvantage" to an offender, however, will run afoul of the Ex Post Facto Clause." *Walls* at ¶ 21, citing *Collins*, 497 U.S. at 41. The United States Supreme Court has espoused a four-part analytical framework to determine whether an ex post facto law exists:

> " '1st. Every law that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action. 2d. Every law that *aggravates* a *crime,* or makes it *greater* than it was, when committed. 3d. Every law that *changes the punishment,* and inflicts a *greater punishment,* than the law annexed to the crime, when committed. 4th. Every law that alters the *legal* rules of *evidence,* and receives less, or different, testimony, than the law required at the time of the commission of the offence, *in order to convict the offender.* ' " *Walls* at ¶22, citing *Collins*, 497 U.S. at 41, quoting *Calder v. Bull* (1798), 3 U.S. (Dall.) 386, 390, 1 L.Ed. 648 (opinion of Chase, J.); see, also, *Carmell v. Texas* (2000), 529 U.S. 513, 521-522, 120 S.Ct. 1620. (Emphasis in original).

Defendant argues that the third and fourth factors exist in this case. This Court has already held that R.C. 2929.06(B) does not change the potential punishment for Defendant's offense. See also *Dobbert v. Florida* (1977), 432 U.S. 282, 97 S.Ct. 2290. The same sentences are available under either R.C. 2929.03(C)(2)(a), the resentencing statute in effect at the time of the offense, or R.C. 2929.06(B), the current resentencing statute – death, life imprisonment with 30 full years to parole eligibility, or life imprisonment with 20 full years to parole eligibility. Regarding the fourth factor, Defendant argues that R.C. 2929.06(B) eliminates an absolute defense and changes the Rules of Evidence that were in effect at the time of the commission of the offense. Defendant does not cite to a specific Rule of Evidence or otherwise argue that R.C. 2929.06(B) alters the amount of evidence needed to sustain a conviction, and this Court is unable to envision a scenario where that might occur.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

26

Concerning the elimination of an absolute defense, Defendant's argument was considered and dismissed by the United States Supreme Court in *Collins*, supra, at 50. The retroactive application of R.C. 2929.06(B) is constitutional, as it is a remedial statute that does not disadvantage Defendant.

Finally, Defendant's argument that the application of R.C. 2929.06(B) would violate the Double Jeopardy Clauses of the United States and Ohio Constitutions must fail. The Double Jeopardy clause does not prohibit capital sentencing proceedings on remand when, as in this case, an appellate court has vacated a death sentence due to an error in the sentencing phase, but found that the evidence is sufficient to support a death sentence. *Poland v. Arizona* (1986), 476 U.S. 147, 157, 106 S.Ct. 1749 (holding that in such cases, "[t]here is no cause to shield such a defendant from further litigation; further litigation is the only hope he has."). Here, there has clearly not been an acquittal of the death penalty, as the original three judge panel imposed a death sentence. While the Sixth Circuit found error in Defendant's sentencing phase, it did not hold that the prosecution failed to prove its case for the death penalty. Defendant's motion is denied.

### N. Motion for Funding to Retain Dr. Mark Heath, M.D.

Defendant moves this Court for additional funds to hire Dr. Mark Heath so that he may testify at an evidentiary hearing on Defendant's motion challenging Ohio's lethal injection procedure. Because this Court finds that Defendant's constitutional challenge to Ohio's lethal injection procedure is not ripe, the Court must also find that the instant motion is not ripe. Accordingly, Defendant's motion is denied.

### O. Motion to Transcribe the Grand Jury Proceedings Prior to Trial

Defendant moves this Court to transcribe the proceedings of the grand jury. Defendant does not request that the grand jury transcript be provided to him in advance of resentencing, just that the

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

27

Court have a transcript at the ready in the event that a need arises during the hearing for the Court and parties to review portions of the grand jury transcript. Defendant essentially seeks to avoid a delay in the sentencing proceedings to have the grand jury proceedings transcribed. Because the sentencing hearing will be conducted before a three judge panel, this Court need not concern itself with what effect, if any, delays may have on a jury. The Court will handle requests to view a transcript of the grand jury proceedings as they arise. Defendant's motion is denied.

> ### P. Motion to Preclude Imposition of the Death Penalty Because Ohio's Lethal Injection Constitutes Cruel and Unusual Punishment

Defendant moves this Court to preclude the State from seeking the death penalty on the grounds that Ohio's lethal injection procedure constitutes cruel and unusual punishment and violates the Eighth and Fourteenth Amendments of the United States Constitution. Defendant requests the Court to conduct an evidentiary hearing on Ohio's method of lethal injection. Before addressing the merits of Defendant's motion, the Court must potentially address two concerns that arise from the fact that Defendant's death sentence has been vacated and he has yet to be resentenced. First, this Court must determine whether the issues raised by the instant motion are ripe for adjudication. If such issues are ripe, the Court must then determine whether Defendant has standing to attack Ohio's method of lethal injection. The State argues that Defendant has no standing and that the question is not ripe. In the event that Defendant is resentenced to death, the State argues, he may then litigate the constitutionality of lethal injection under Ohio law. Until then, the State argues that there is no justiciable issue before the Court, and the Court has no jurisdiction to rule on the matter.

Courts of common pleas enjoy original jurisdiction over all justiciable matters. *Eagle Fireworks, Inc. v. Ohio Dept. of Commerce,* 4th Dist. App. No. 03CA28, 2004-Ohio-509, citing Section 4(B), Article IV, Ohio Constitution. To be justiciable, a controversy must be ripe for review.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

28

*Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, at ¶ 26. Ripeness "'involves both jurisdictional limitations imposed by Article III's requirement of a case or controversy and prudential considerations arising from problems of prematurity and abstractness that may present insurmountable obstacles to the exercise of the court's jurisdiction, even though jurisdiction is technically present." *Johnson v. Sikes* (8th Cir. 1984), 730 F.2d 644, 648. The ripeness doctrine "'asks whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court.'" *Cheffer v. Reno* (11th Cir. 1995), 55 f.3d 1517, 1523, citing *Johnson*, supra, at 648. Accordingly, "'[f]or a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties.'" *Eagle Fireworks* at ¶ 8, quoting *State v. Stambaugh* (1987), 34 Ohio St.3d 34, 38, 517 N.E.2d 526. The Ohio Supreme Court has defined ripeness as a "question of timing" that aims to prevent courts, through avoidance of premature adjudication, from focusing on hypothetical or remote problems. *State ex rel. Elyria Foundry Co. v. Industrial Commission of Ohio* (1998), 82 Ohio St.3d 88, 89, 694 N.E.2d 459 (internal citations omitted); see also *Arbino v. Johnson & Johnson* (2007), 116 Ohio St.3d 468, 2007-Ohio-6948, at ¶84, quoting *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (stating "[e]very court must 'refrain from giving opinions on abstract propositions and . . . avoid the imposition by judgment of premature declarations or advice upon potential controversies.'").

While this Court is unaware of any controlling Ohio caselaw that speaks to the issue at hand, other courts have held that "Eighth Amendment challenges are generally not ripe until the imposition or immediately impending imposition of a challenged punishment or fine." *Cheffer*, supra, at

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

29

1523; *18 Unnamed "John Smith" Prisoners v. Meese* (9th Cir.1989), 871 F.2d 881, 882-83; *Askins v. District of Columbia* (D.C.Cir.1989), 877 F.2d 94, 97-99.

    To determine whether Defendant's motion is ripe for review, this Court must weigh the following factors: (1) the likelihood that the alleged future harm will occur, (2) the likelihood that delayed review will cause hardship to the parties, and (3) whether the factual record is sufficiently developed to provide fair resolution. *Forestry Assn., Inc. v. Sierra Club* (1998), 523 U.S. 726, 118 S.Ct. 1665, 140 L.Ed.2d 921. While a claim is not ripe if it rests upon "future events that may not occur as anticipated, or may not occur at all," the United States Supreme Court has recognized that "'[o]ne does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough.'" *McLaughlin v. McLaughlin*, 4th Dist. No. 06CA14, 2007-Ohio-260, at ¶12 quoting *Texas v. United States* (1998), 523 U.S. 296, 300, 118 S.Ct. 1257; *Thomas v. Union Carbide Agric. Prods. Co.* (1985), 473 U.S. 568, 581, 105 S.Ct. 3325 (quoting *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 143, 95 S.Ct. 335).

    Defendant's constitutional challenge fails all three prongs of the ripeness inquiry. It would not be prudent for this Court to rule upon Defendant's motion, as it amounts to nothing more than speculation upon future events and is contingent upon the reimposition of the death penalty. Defendant is scheduled for resentencing on May 11, 2009. After the presentation of mitigating evidence, a three judge panel will either resentence Defendant to death or impose one of the available life sentence options. Due to the possibility of a life sentence, Defendant cannot argue that he faces certain impending injury from a death sentence. Further, Defendant will not face any "hardship" as a result of delayed review, as that term is understood within Eighth Amendment jurisprudence. Defendant does not suggest that he will be "forced to choose between foregoing lawful activity and

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

risking substantial legal sanctions," and the Court is unable to envision such a scenario.  See *Steffel v. Thompson* (1974), 415 U.S. 452, 459, 94 S.Ct. 1209.  Finally, Defendant has not raised a purely legal issue that this Court can decide without additional factual development.  The fact that Defendant intends to call fact witnesses at an evidentiary hearing can only mean that the record is not developed to the point where this Court could fairly resolve whether Ohio's lethal injection violates the Eighth Amendment.  Therefore, Defendant's claim is not ripe.  Having found that the claims before it are not ripe, this Court need not determine whether Defendant has standing to bring those claims.  This Court's refusal to review Defendant's constitutional challenge does not deny him the opportunity to raise the issue at a later date, should a genuine case or controversy arise.  Defendant's motion is denied.

  Q. Motion to Require Defendant to Provide Discovery

   The State moves this Court to require Defendant to provide discovery in this case pursuant to Crim.R. 16.  Specifically, the State requests that Defendant provide documents and other tangible items pursuant to Crim.R. 16(B)(1)(a), reports of examinations and tests pursuant to Crim.R. 16(C)(1)(b), and witness names and addresses pursuant to Crim.R. 16(C)(1)(c).  Defendant argues that he is not required to furnish discovery under the aforementioned Criminal Rules, because all three Rules are dependant upon Defendant having requested discovery of the same type.  Since being remanded to this Court for resentencing, Defendant has filed a limited demand for discovery in this case requesting discovery pursuant to Crim.R. 16(B)(1)(a), (b), and (f).  Defendant argues that his limited discovery demand now shields him from the State's current discovery demand.

   At the time of his original trial in 1984, Defendant had requested discovery of Crim.R. 16(B)(1)(a), Crim.R. 16(C)(1)(b), and Crim.R. 16(C)(1)(c) materials.  The State dutifully complied

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

31

with Defendant's request.  Defendant has provided no authority, and this Court is aware of none,

holding that a defendant's reciprocal duty to provide discovery expires upon remand or after an

extended passage of time.  Therefore, this Court finds that Defendant's reciprocal duty under

Crim.R.(D) to disclose such materials remains in effect.  The State's motion is granted.

    **SO ORDERED.**

          ENTER,

          Andrew Nastoff, Judge

cc: Michael A. Oster, Jr., Assistant Prosecuting Attorney
    Randall L. Porter, Melynda W. Cook, Attorneys for the Defendant

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

32

FILED

COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

2009 MAY 5  PH 5: 37

CAUSE NO. CR1983-12-0614

CYNTHIA CARPENTER
BUTLER COUNTY
CLERK OF COURTS

STATE OF OHIO

    Plaintiff

vs.

VON CLARK DAVIS

    Defendant

ENTRY FOR TRANSPORT

May 11, 2009

It appears to the Court that **Von Clark Davis**, Inmate No. **A179828**, is confined at the **Ohio State Penitentiary**, Youngstown, Ohio 44505

It further appears to the Court that a **Sentence Hearing** in the above captioned matter is set for **May 11, 2009 at 8:30AM** in the Butler County Court of Common Pleas, before the **Honorable Andrew Nastoff.**

**IT IS THEREFORE, ORDERED** that the Warden of the   cause said defendant to be released to the Sheriff of Butler County, Ohio, for the purpose of attending said hearing in Butler County, Ohio, and said defendant shall be held in the custody of the Sheriff of Butler County, Ohio, until the completion of said hearing and upon the completion of said hearing, said defendant shall be returned to the institution unless otherwise Ordered by this Court.

**APPROVED AS TO FORM:**

**ROBIN PIPER
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO**

**ENTER**

NASTOFF, J.

**INSTRUCTIONS TO THE CLERK:** PLEASE CERTIFY TWO COPIES

MAO/beg
January 20, 2009



FILED

STATE OF OHIO

    Plaintiff

vs.

VON CLARK DAVIS

    Defendant

2009 MAR 12  PM 12:00

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

CASE NO. CR1983-12-0614

STATE OF OHIO, COUNTY OF BUTLER
COURT OF COMMON PLEAS
[Nastoff, J.]

**MOTION FOR ORDER OR
SANCTIONS UNDER CRIM.R. 16(E)(3)
FOR DEFENSE NON-DISCLOSURE
OF DISCOVERABLE MATTERS**

Now comes the Prosecuting Attorney, and moves the Court to issue an appropriate order

or sanctions for the failure of the Defendant through his counsel to make timely disclosure of

discoverable matters, as previously ordered (per Entry filed on Dec. 29, 2008, at pp. 31-32).

Respectfully submitted,

ROBIN N. PIPER (0023205)
Butler County Prosecuting Attorney

DANIEL G. EICHEL (0008259)
Assistant Prosecuting Attorney

MICHAEL A. OSTER  (0076491)
Assistant Prosecuting Attorney
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474

**MEMORANDUM IN SUPPORT**

It is now approximately two months before the scheduled May 11th hearing date for

Defendant's resentencing proceeding.  The Court made it very clear in its order of Dec. 29,

2008 that the Defendant's counsel are required to furnish the State reciprocal discovery of

"documents and other tangible objects ***,  reports of examinations and tests ***, and

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

1

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4633

witness names and addresses" under Crim.R. 16(C)(1)(a) – (c), respectively, having requested and duly received discovery of the same from the prosecution under Crim.R. 16(B)(1(c), (d) & (e), respectfully, in this proceeding beginning in 1984 and continuing through the present.

Nothing has been forthcoming from the Defendant, whereas it has been 2½ months since the Court's order. While the prosecution still has two months' time to evaluate, investigate, and respond to any discovery given to us by the Defendant, we are approaching the point that reasonable time to evaluate, investigate, and respond will not be possible.

Crim.R. 16(E)(2)[1] affords a trial court the authority to set discovery deadlines. See *State v. Weaver*, 178 Ohio App.3d 504, 2008-Ohio-5022, ¶ 56. "The purpose of discovery rules is to prevent surprise and the secreting of evidence favorable to one party. The overall purpose is to produce a fair trial." *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 3. Discovery "*** minimizes the risk that a judgment will be predicated on incomplete, misleading, or even deliberately fabricated testimony," and protects the state against "an eleventh hour defense." *Taylor v. Illinois* (1988), 484 U.S. 400, 411-412, 108 S.Ct. 646; see *State v. Gregory* (Sept. 3, 1991), Butler App. No. CA91-03-052 (reprint p. 2, quoting *Taylor*). And in *State v. Kelly*, Butler App. No. CA2006-01-002, 2007-Ohio-124, the Court of Appeals recognized that "Crim.R. 16(E)(3)[2] gives wide authority to the trial court in fashioning a remedy for a discovery violation. 'It is readily apparent that under this rule, the trial court is vested with a certain amount of discretion in determining the sanction to be imposed for a

---

1. Crim.R. 16(E)(2) provides:
   "*Time, place and manner of discovery and inspection.* An order of the court granting relief under this rule shall specify the time, place and manner of making the discovery and inspection permitted, and may prescribe such terms and conditions as are just."

2. Crim.R. 16(E)(3) provides:
   "*Failure to comply.* If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence that material not disclosed, or it may make such other order as it deems just under the circumstances."

2

party's nondisclosure of discoverable material. The court is not bound to exclude such material at trial although it may do so at its option.' " *Kelly*, at ¶ 9, quoting *State v. Parson* (1983), 6 Ohio St.3d 442, 445. "Reversible error exists only where the exercise of such authority by the trial court constitutes an abuse of discretion." *State v. Wiles* (1991),59 Ohio St.3d 71, 78, citing *Parson*, id., and *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 26.

In *Papadelis*, the Ohio Supreme Court indicated that in choosing a sanction for discovery violation, a court should "impose the least severe sanction that is consistent with the purpose of the rules of discovery," id., at paragraph two of the syllabus. However, the Court also emphasized in *Papadelis* that its holding "should not be construed to mean that the exclusion of testimony or evidence is never a permissible sanction in a criminal case. It is only when the exclusion acts to completely deny defendant his or her constitutional right to present a defense that the sanction is impermissible." *Papadelis*, 32 Ohio St.3d at 5. Thus, while a criminal defendant generally has a fundamental right to present witnesses on his own behalf in order to establish a defense, id., at 4-5, and *Crane v. Kentucky* ( (1986), 476 U.S. 683, 690, 106 S.Ct. 2142,[3] this right, however, is not without some limitations, see *Taylor*, 484 U.S., at 410-418 (rejecting petitioner's argument that witness preclusion is never a permissible sanction for a discovery violation), and *United States v. Nobles* (1975), 422 U.S. 225, 95 S.Ct. 2160 (rejecting application of a defense "work-product" privilege and upholding a federal trial court's order excluding the testimony of a defense investigator, tendered as a defense witness, because the defendant had refused to permit discovery of the investigator's report). See, also, *State v. Branham* (1995), 104 Ohio App.3d 355, 361-362 the Twelfth Appellate District holding in an aggravated murder case that where a trial court determines that

---

10. Accord, **United States v. Scheffer** (1998), 523 U.S. 303, 118 S.Ct. 1261 (military rule of evidence excluding polygraph evidence in military court martial, offered by an accused to rebut an attack on his credibility, does not violate his Sixth Amendment right to present a defense).

untimely disclosure of discoverable matter – a defense expert's videotaped experiment, and report rendered thereon – was unfair to the prosecution, who were deprived of the ability to evaluate and respond to such evidence in rebuttal, "the sanction [of exclusion] is entirely consistent with the Criminal Rules and does not constitute an abuse of discretion"); _Weaver_, 2008-Ohio-5022, at ¶¶ 51-62 (where defense failed to disclose defense expert's report until the second day of trial, although ordered one month prior to trial to do so, and the State was unreasonably prejudiced in its ability to secure an expert to evaluate and respond to the proposed expert testimony; _held_, that the trial court did not abuse its discretion in excluding this testimony, because "[u]nder the circumstances, the sanction of excluding the expert testimony was the least severe sanction available consistent with the purpose of the discovery rules 'to prevent surprise and the secreting of evidence favorable to one party' and 'to produce a fair trial,' " id. at ¶ 62, citing _Papadelis_).

The _Papadelis_ case indicated that a balancing test is to be utilized for determining the proper sanction for violation of discovery rules:

"[A] trial court must inquire into the circumstances surrounding a violation of Crim.R. 16 prior to imposing sanctions pursuant to Crim.R. 16(E)(3). Factors to be considered by the trial court include the extent to which the prosecution will be surprised or prejudiced by the witness' testimony, the impact of witness preclusion on the evidence at trial and the outcome of the case, whether [the] violation of the discovery rules was willful or in bad faith, and the effectiveness of less severe sanctions." Id. at 5.

In the case at bar, unless Defendant through counsel immediately gives reciprocal discovery _forthwith_, the purposes of the discovery rules, as established in _Lakewood v. Papadelis_ and _Taylor v. Illinois_, inter alia — "to prevent surprise and the secreting of evidence favorable to one party," and "to produce a fair trial," to "minimize[ ] the risk that a judgment will be predicated on incomplete, misleading, or even deliberately fabricated testimony," and to protect the state against "an eleventh hour defense" — will be frustrated; the State will be unreasonably prejudiced in its ability to evaluate and respond to the proposed testimony, if

4

the Defendant is permitted to "hide the ball" and divulge his witnesses' identity only at the last minute, in the resentencing hearing itself.

WHEREFORE, this Court should issue an appropriate order pursuant to Crim.R. 16(E)(3), setting a precise deadline well in advance of the resentencing hearing, for reciprocal discovery by the Defendant to be complete; or in the alternative, the Court should determine the sanctions to be imposed (inclusive of evidence preclusion) if Defendant's failure to give timely disclosure persists.

Respectfully submitted,

ROBIN N. PIPER (0023205)
Butler County Prosecuting Attorney


DANIEL G. EICHEL (0008259)
Assistant Prosecuting Attorney


MICHAEL A. OSTER   (0076491)
Assistant Prosecuting Attorney
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474


## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion has been sent by ordinary U.S. mail to Randall L. Porter, 8 East Long Street, 11th Floor, Columbus, OH 43215, and Melynda W. Cook, 1501 First Avenue, Middletown, OH 45044, attorneys for defendant, this _12th_ day of March, 2009.


MICHAEL A. OSTER   (0076491)
Assistant Prosecuting Attorney

5

## 91-LW-3119 (12th)

STATE OF OHIO, Plaintiff-Appellee

v.

DWAYNE GREGORY, Defendant-Appellant

CASE NO. CA91-03-052

12th District Court of Appeals of Ohio, Butler County

Decided on September 3, 1991.

John F. Holcomb, Butler County Prosecuting Attorney, Drew G. Engel, 216 Society Bank Building, Hamilton, Ohio 45012-0515, for plaintiff-appellee.

Fred Miller, 300 Dollar Federal Building, Hamilton, Ohio 45011, for defendant-appellant.

JONES, P.J.

On July 23, 1990, David Wiely, a Hamilton police officer working undercover with the Middletown Police Department, met Ronald Woffard at a Middletown bar where Woffard agreed to obtain crack cocaine for Wiely. Woffard directed Wiely to drive to an alley near a Middletown school and park next to a car on a side road. Woffard got out of Wiely's vehicle while a black male exited the other car. Wiely watched as Woffard received crack cocaine from the other individual in exchange for $65 Wiely had given him for the purchase.

Several weeks later, Wiely was looking through mug photos on an unrelated case when he came across a photograph of defendant-appellant, Dwayne Gregory. Wiely immediately recognized appellant as the individual involved in the cocaine exchange with Woffard on July 23. Appellant was subsequently indicted on one count of complicity to aggravated trafficking, in violation of R.C. 2923.03(A) (2), for aiding and abetting in the sale of crack cocaine. The indictment also alleged that the offense was committed within one thousand feet of the boundaries of a school building and that appellant had been previously convicted for two or more felony drug abuse offenses.

The state filed a pretrial discovery request which, among other things, requested the names and addresses of appellant's potential witnesses. In response to the state's request, appellant listed himself, any witness which the state itself might call, Ronald Woffard, and John Doe, an unidentified black male, as potential witnesses.

The matter was tried to a jury on February 14, 1991. The state did not request a separation of witnesses since none of appellant's witnesses were present in the courtroom, other than himself. Nor did appellant move for a separation. Wiely testified and identified appellant as the individual Woffard met in the alley. Wiely based his identification, in part, on appellant's red-tipped hair. At the conclusion of Wiely's testimony, appellant's mother, who had been in the courtroom and had heard Wiely's testimony, informed appellant's trial counsel that appellant did not have red-tipped hair on July 23. Counsel then sought to have appellant's mother testify, but the trial court refused since she had not been listed as a witness in pretrial discovery and had listened to Wiely's testimony.

Appellant testified and denied that he was involved in the July 23 crack cocaine sale, claiming he had been mistaken for someone else. On cross-examination, appellant admitted he had red-tipped hair during the summer. Although he could not remember the exact date when he received the red tip, appellant claimed it was sometime after July. A rebuttal witness testified that when he saw appellant in June shortly after appellant's release from prison, appellant had the red tip in his hair and still had it when he again saw appellant in August although the tip was beginning to disappear.

The jury found appellant guilty as charged and the court sentenced appellant to two to fifteen years imprisonment. On appeal, appellant raises two assignments of error which claim the following:

Assignment of Error No. 1:

THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT REFUSED TO PERMIT HIS MOTHER TO TESTIFY ON HIS BEHALF

Assignment of Error No. 2:

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4638

THE TRIAL COURT ERRED WHEN IT DID NOT FIND THAT APPELLANT HAD RECEIVED THE INEFFECTIVE ASSISTANCE OF COUNSEL.

The Sixth Amendment to the United States Constitution provides that: "In all criminal prosecutions, the accused shall enjoy the right *** to have compulsory process for obtaining witnesses in his favor ***." Although the case at bar does not involve an issue of compulsory process, the right of a criminal defendant to present evidence and witnesses on his own behalf in order to establish a defense is a fundamental element of due process of law. Taylor v. Illinois (1988), 484 U.S. 400, 108 S.Ct. 646; Washington v. Texas (1967), 388 U.S. 14, 87 S.Ct. 1920; Lakewood v. Papadelis (1987), 32 Ohio St. 3d 1; State v. Lane (1979), 60 Ohio St. 2d 112. However, the right is not without some limitations.

As the Supreme Court noted in Taylor v. Illinois, supra, at ___, 108 S.Ct. at 653, "[t]he State's interest in the orderly conduct of a criminal trial is sufficient to justify the imposition and enforcement of firm, though not always inflexible, rules relating to the identification and presentation of evidence." The accused's right to compulsory process is intended to ensure that judgments are not founded on a partial or speculative presentation of the facts. The criminal rules of procedure providing for pretrial discovery of an opponent's witnesses serve the same purpose. Id. Discovery "*** minimizes the risk that a judgment will be predicated on incomplete, misleading, or even deliberately fabricated testimony," and protects the state against "an eleventh hour defense." Id. at ___, 108 S.Ct. at 654.

In the case at bar, appellant's mother was not listed as a witness. Consequently, the state did not request a separation of witnesses since none of appellant's potential witnesses other than himself were present in the courtroom. Appellant's mother was permitted to listen to Wiely's testimony, and then informed defense counsel that appellant did not have red-tipped hair at the time of the offense as claimed by Wiely. "One of the purposes of the discovery rule itself is to minimize the risk that fabricated testimony will be believed." Taylor v. Illinois, supra, at ___, 108 S.Ct. at 655. In addition, one of the reasons for separating witnesses is to ensure that the testimony of subsequent witnesses is not tainted. See State v. Morris (1982), 8 Ohio App. 3d 12, 17.

A review of the record indicates that the trial court balanced appellant's right to offer the testimony of witnesses on his behalf against the countervailing public interest of maintaining the integrity of the adversarial process. We find that the trial court did not abuse its discretion in refusing to permit appellant's mother to testify. Accordingly, appellant's first assignment of error is hereby overruled.

In his second assignment of error, appellant asserts that he was denied the effective assistance of counsel. Appellant points out two instances in which trial counsel's performance was allegedly deficient. First, appellant claims counsel failed to list appellant's mother as a potential witness in discovery. Second, counsel allegedly compounded this error by failing to move for a separation of witnesses, thereby permitting the mother to remain in the courtroom during trial so as to render her testimony inadmissible.

A claim of ineffective assistance of counsel is subject to a two prong test. First, the accused must show, in light of all circumstances, that counsel's representation was professionally unreasonable. Strickland v. Washington (1988), 466 U.S. 668, 690-691, 104 S.Ct. 2052, 2066; State v. Tyler (1990), 50 Ohio St. 3d 24, 37-38, certiorari denied (1990), ___ U.S. ___, 111 S.Ct. 371; State v. Seiber (1990), 56 Ohio St. 3d 4, 11. In addition, the accused must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, supra, at 694, 104 S.Ct. at 2068; State v. Tyler, supra, at 38.

Appellant's claim of ineffective assistance of counsel is based upon counsel's failure to list appellant's mother as a witness. Generally, decisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics. State v. Miller (1988), 43 Ohio App. 3d 44; State v. Warden (1986), 33 Ohio App. 3d 87. Had she been permitted to appear as a witness, appellant's mother would have testified that her son did not have a red tip in his hair on the date of the offense. However, the record reveals that trial counsel did not learn of appellant's red tip until Wiely mentioned the identifying characteristic during his testimony. In his attempt to have the mother testify, trial counsel stated that "I, for the first time, heard during testimony, by the one patrol officer that [appellant's] hair was dyed red." Counsel apparently never intended to call appellant's mother as a witness because he knew nothing of appellant's red-tipped hair or the role it would play in Wiely's identification until after trial began and Wiely testified.

Quite simply, counsel had no reason to anticipate that appellant would admit having a red tip in August, deny the tip's existence on July 23, and then provide his mother to testify as to his hair color on the crucial date. Surely, counsel's representation cannot be deemed professionally unreasonable where the alleged deficient representation results from evidence counsel knew nothing about, or pertinent information relating to appearance or identification which was withheld from counsel.

Appellant also claims counsel was deficient for failing to move for a separation of witnesses which caused any potential testimony of appellant's mother to be tainted by her presence in the courtroom. However, even if counsel had requested a separation, appellant's mother would still have remained in the courtroom and heard Wiely's testimony since she was not listed as a witness. The need for her testimony was unanticipated, and she would not have been subject to any separation order. Appellant's counsel's failure to request such an order therefore cannot be deemed to constitute ineffective assistance of counsel.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4639

In light of all of the circumstances, we find that trial counsel's representation was not professionally unreasonable and that appellant was not denied the effective assistance of counsel. For these reasons, appellant's second assignment of error is overruled.

Judgment affirmed.

YOUNG and WALSH, JJ., concur.

## 2007-Ohio-124
## State v. Kelly

2007-Ohio-124

[Cite as State v. Kelly, 2007-Ohio-124]

STATE OF OHIO, Plaintiff-Appellee,

v.

MICHAEL PATRICK KELLY, Defendant-Appellant.

CASE NO. CA2006-01-002

12th District Court of Appeals of Ohio, Butler County
Decided on January 16, 2007

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS Case No. CR2005-08-1529

Robin N. Piper, Butler County Prosecuting Attorney, Daniel G. Eichel, Government Services Center, 315 High Street, 11th Floor, Hamilton, OH 45011-6057, for plaintiff-appellee

Charles M. Conliff, 6660 Dixie Highway, Suite 302, Fairfield, OH 45014, for defendant-appellant

OPINION

YOUNG, J.

{¶ 1}     Defendant-appellant, Michael Patrick Kelly, appeals the decision of the Butler County Court of Common Pleas convicting him of unlawful sexual conduct with a minor. We affirm the trial court's decision.

{¶ 2}     On July 9, 2005, B.E. and D.L., both minors, met with appellant and two of his friends to go camping. Instead of camping though, the group rented a room at the C&C Motel in Ross Township. Appellant's friends subsequently left the motel, while appellant, B.E. and D.L. stayed and consumed beer. After D.L. fell asleep in the other motel bed, appellant engaged in sexual intercourse with B.E. B.E. was thirteen years old and appellant was eighteen. Several weeks later, B.E. informed her mother about the incident, who reported it to the Butler County Sheriff's Department;

{¶ 3}     On August 16, 2005, a Butler County Sheriff's Detective interviewed the alleged victim and her mother; then spoke with appellant. After being advised of his Miranda rights, appellant gave a tape-recorded statement where he confirmed the sexual conduct with B.E. at the motel. He also stated that he knew that she was thirteen at the time of the incident. As a result, appellant was charged with unlawful sexual conduct with a minor in violation of R.C. 2907.04, a fourth-degree felony.

{¶ 4}     Four days prior to trial, the state filed supplemental discovery identifying B.E.'s mother as a witness and three days prior to trial appellant filed supplemental discovery identifying Wayne Goins as a witness. Each side objected to the opposing witnesses for failure to timely comply with discovery pursuant to Crim.R. 16(E)(3). The trial court sustained both objections and did not allow either witness to testify at trial.

{¶ 5}     At trial, appellant denied having sexual intercourse with B.E. and claimed that he confessed during the interrogation because he felt pressured by the detective. The detective, B.E., and D.L. also testified at trial. The jury found appellant guilty as charged. As a result, appellant was sentenced to fifteen months in prison with credit for 46 days served and also found to be a sexually-oriented offender. Appellant timely appealed, raising three assignments of error.

{¶ 6}     Assignment of Error No. 1:

{¶ 7}     "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY EXCLUDING THE TESTIMONY OF A KEY WITNESS."

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4641

{¶ 8}    Appellant argues in his first assignment of error that the trial court abused its discretion by excluding the testimony of Wayne Goins. At trial appellant proffered that Goins would have testified that he overheard a conversation in the lobby of the Hamilton Municipal Court between B.E. and her mother where B.E. stated she was not sure the sexual intercourse ever occurred.

{¶ 9}    Crim.R. 16(E)(3) gives wide authority to the trial court in fashioning a remedy for a discovery violation. "It is readily apparent that under this rule, the trial court is vested with a certain amount of discretion in determining the sanction to be imposed for a party's nondisclosure of discoverable material. The court is not bound to exclude such material at trial although it may do so at its option." State v. Parson (1983), 6 Ohio St.3d 442, 445. Accordingly, our inquiry is limited to a determination of whether the trial court's action in this case constituted an abuse of discretion. Id. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.

{¶ 10}    Appellant argues the exclusion of his witness in this case violates Lakewood v. Papadelis (1987), 32 Ohio St.3d 1. The Supreme Court of Ohio ruled in Papadelis that "[a] trial court must inquire into the circumstances surrounding a violation of Crim.R. 16 prior to imposing sanctions pursuant to Crim.R. 16(E)(3). The factors to be considered by the trial court include the extent to which the prosecution will be surprised or prejudiced by the witness' testimony, impact of witness preclusion on the evidence at trial and the outcome of the case, whether violation of the discovery rules was willful or in bad faith, and the effectiveness of less severe sanctions." Id. at 5. Although a trial court should impose the least drastic sanction possible, the rule should not be construed to mean that the exclusion of testimony is never a permissible sanction in a criminal case. Id. "It is only when exclusion acts to completely deny defendant his or her constitutional right to present a defense that the sanction is impermissible." Id.

{¶ 11}    Appellant urges that the trial court's actions served to deny him his right to present a defense. In this case, the trial court made an inquiry into the last minute witness disclosures by both sides, and determined that it was unfair to both the defense and the prosecution to allow the opposing witnesses to testify without adequate investigation. Goins is appellant's next-door neighbor. The trial court voiced concern that appellant's witness was disclosed for the first time late Friday evening (trial was scheduled for Monday morning) since the case had been pending since August. Additionally, appellant's counsel admitted during the proffer that most of Mr. Goins' testimony is hearsay.

{¶ 12}    Appellant further argues that although the exclusion of both witnesses appears to be fair, the denial severely limited the defense while imposing no real limits on the state. Specifically, appellant urges that the only reason the state wished to present the victim's mother as a witness was for her to testify to the victim's age, which was supplemented by the introduction of the victim's birth certificate as an exhibit. Appellant's argument is unpersuasive. Appellant objected to the mother as a witness. If he would not have objected, appellant would have had the opportunity to question her about the conversation that Goins claimed to overhear. The exclusion did not deny appellant's right to present a defense. Accordingly, we cannot say the trial court abused its discretion by excluding appellant's witness. Appellant's first assignment of error is overruled.

{¶ 13}    Assignment of Error No. 2:

{¶ 14}    "THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 15}    In his second assignment of error, appellant argues the "victim's testimony [could] not possibly be believed by a reasonable trier of fact" because it is contradicted by an independent witness, no physical evidence existed and the victim made the allegation while legally intoxicated.

{¶ 16}    In considering a manifest weight of the evidence challenge, an appellate court reviews the entire record, weighing the evidence and all reasonable inferences that can be drawn from it, and considers the credibility of witnesses, to determine whether in resolving conflicts in the evidence, "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting State v. Martin (1983), 20 Ohio App.3d 172. In reviewing a manifest weight of the evidence claim, an appellate court is obligated to consider the credibility of the witnesses and the weight to be given the evidence presented. Id. However, these issues are primarily matters for the trier of fact to decide since the trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230.

{¶ 17}    Appellant urges that the jury did not correctly weigh the evidence because the victim's testimony was inconsistent with other witnesses and no physical evidence existed. The major inconsistency that appellant cites is a four hour discrepancy as to when the incident occurred between the victim's testimony and D.L.'s testimony. The victim testified that appellant had sexual intercourse with her around 8:10 p.m. when D.L. was sleeping in the other bed. On the other hand, D.L. testified that she believed she fell asleep around midnight, but she also testified that she did not know what happened while she was asleep. D.L. further testified that the victim informed her the next day at the mall that she had sex with appellant the previous night. In reviewing the record the evidence shows the jury did not clearly lose its way because the

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4642

testimony remained consistent except for the time differential. In addition, the lack of physical evidence can be attributed to the fact that the incident was not reported until several weeks afterward.

{¶ 18}     Appellant made a tape-recorded statement confessing to having intercourse with the victim at the motel. At trial, appellant's testimony consisted mostly of a denial of the confession, claiming that "I just don't work well under pressure." Appellant urged the jury to believe he lied to the police twice, first in an oral statement made to the detective and then later in the taped confession, because he was subjected to pressure from the detective. Appellant made the confession after less than 20 minutes with the detective. Great deference must be given to the trier of fact because it is in the best position to weigh the evidence and assess the credibility of the witnesses. Id.

{¶ 19}     By its verdict, the jury chose to credit the testimony of the victim and appellant's confession, finding that appellant committed unlawful sexual conduct with a minor. The record indicates that the jury clearly did not lose its way and create such a manifest miscarriage of justice that the conviction should be reversed. Appellant's second assignment of error is overruled.

{¶ 20}     Assignment of Error No. 3:

{¶ 21}     "APPELLANT'S DUE PROCESS RIGHT TO LEGAL COUNSEL WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶ 22}     Appellant argues in his third assignment of error that he received ineffective assistance of counsel because counsel did not file a motion to suppress nor provide timely discovery for his defense witness.

{¶ 23}     To determine whether counsel's performance constitutes ineffective assistance, appellant must show that the representation was deficient and appellant was prejudiced as a result. Strickland v. Washington (1984), 466 U.S. 668, 687-88, 693, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 142. Appellant must first show that his counsel's performance "fell below an objective standard of reasonableness." Id. at 688. To warrant reversal, appellant must then demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and as a result "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691.

{¶ 24}     Appellant first argues trial counsel was ineffective because he failed to properly investigate, interview and disclose Goins as a witness. Appellant's trial counsel stated that he had inadvertently discovered Goins around noon on the Friday before trial. "Counsel's representation cannot be deemed professionally unreasonable where the alleged deficient representation results from evidence counsel knew nothing about, or pertinent information relating to appearance or identification which was withheld from counsel." State v. Gregory (Sept. 3, 1991), Butler App. No. CA91-03-052, at 3. Trial counsel cannot be deemed professionally unreasonable in this case where he knew nothing about the witness.

{¶ 25}     Appellant also argues trial counsel was ineffective for failure to file a motion to suppress appellant's statements to the detective. "Failure to file a suppression motion does not constitute per se ineffective assistance of counsel." State v. Drummond, 111 Ohio St.3d 14, 2006-Ohio-5084, ¶ 208, citing State v. Madrigal (2000), 87 Ohio St.3d 378, 389. "Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion." Id., citing State v. Gibson (1980), 69 Ohio App.2d 91, 95. Failure to file a motion to suppress signifies ineffective assistance only when the record establishes that the motion would have been successful if made. State v. Bullock, Clermont App. No. CA2005-04-031, 2006-Ohio-598, ¶ 19, citing State v. Robinson (1996), 108 Ohio App.3d 428, 433. In this case appellant offers no basis to believe that a motion to suppress would have been successful. Appellant's third assignment of error is overruled.

{¶ 26}     Judgment affirmed.

WALSH, P.J. and BRESSLER, J., concur.

OH

Slip Opinions

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4643

IMAGED

STATE OF OHIO

       Plaintiff

vs.

VON CLARK DAVIS

       Defendant

FILED

2009 MAR 17 PM 3: 20

BUTLER COUNTY
CLERK OF COURTS

CASE NO. CR1983-12-0614

STATE OF OHIO, COUNTY OF BUTLER
COURT OF COMMON PLEAS
[Nastoff, J.]

<u>MOTION IN LIMINE FOR ORDER AS
TO PROCEDURE TO BE FOLLOWED
FOR CONSIDERATION OF EVIDENCE
ADMITTED AT 1984 "GUILT-PHASE" TRIAL</u>

: : : : : : : : : :

      Now comes the Prosecuting Attorney, and respectfully moves the Court for an order

directing the Prosecuting Attorney as to the manner in which the three-judge panel, upon the

resentencing hearing, shall proceed to consider the transcript of testimony and evidence

previously admitted at the so-called "guilt stage" of trial in 1984, as required to be considered

pursuant to R.C. 2929.03(D)(1).   A Memorandum in Support follows.

                Respectfully submitted,

                ROBIN N. PIPER (0023205)
                Butler County Prosecuting Attorney

                DANIEL G. EICHEL (0008259)
                Assistant Prosecuting Attorney

                MICHAEL A. OSTER, JR.   (0076491)
                Assistant Prosecuting Attorney
                Government Services Center
                315 High Street, 11th Floor
                Hamilton, Ohio 45012-0515
                Telephone: (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

1

263

<u>MEMORANDUM IN SUPPORT</u>

The Prosecuting Attorney seeks the Court's direction as to the manner in which the Court's three-judge panel desires to proceed at the resentencing hearing. Specifically, the prosecution will request that the three judge panel consider the evidence presented at trial in the May 1984 guilt phase, via the transcript of testimony and exhibits; if the Court desires that a copy of the 1984 guilt-phase transcript be submitted to each of the three judges for review in advance of the May 11, 2009 hearing date, the State will provide copies by a requested date, as the Court shall deem necessary and appropriate. Defendant's counsel have indicated that they already have a copy of this trial transcript.

At any Ohio capital sentencing proceeding, the triers of fact are required to consider such testimony and evidence previously presented in the trial, under statutes and case law. In the usual case, it is the same trial jury or panel of three judges, who heard the evidence at trial; the present case is complicated by the fact that a new panel will resentence this Defendant as authorized by R.C. 2929.06(B), which provides in pertinent part that when a new panel of three judges conducts the hearing,

> "the *** panel shall follow the procedure set forth in division (D) of section 2929.03 of the Revised Code."

In turn, under R.C. 2929.03(D)(1), it is specifically provided that the triers of fact in a capital sentencing proceeding

> "shall consider *** *any evidence raised at trial that is relevant to the aggravating circumstances the offender was found guilty of committing or to any factors in mitigation of the imposition of the sentence of death, shall hear testimony and other evidence that is relevant to the nature and circumstances of the aggravating circumstances the offender was found guilty of committing*, the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code, and any other factors in mitigation of the imposition of the sentence of death, and shall hear the statement, if any, of the offender, and the arguments, if any, of counsel for the defense and prosecution, that are relevant to the penalty that should be imposed on the offender." [Emphasis added.]

2

In *State v. Gumm* (1995), 73 Ohio St.3d 413, 653 N.E.2d 253, the Ohio Supreme Court outlined

exactly what evidence may be used and commented upon by the prosecution in the

sentencing or penalty phase of a capital case under this provision, inclusive of evidence

admitted in the guilt phase which reflects on the nature and circumstances of the offense

and the aggravated circumstance[s] of which the offender was convicted in the guilt phase:

> "Subject to applicable Rules of Evidence, and pursuant to R.C. 2929.03(D)(1)
> and (2), counsel for the state at the penalty stage of a capital trial may
> introduce and comment upon (1) any evidence raised at trial that is relevant
> to the aggravating circumstances specified in the indictment of which the
> defendant was found guilty, (2) any other testimony or evidence relevant to the
> nature and circumstances of the aggravating circumstances specified in the
> indictment of which the defendant was found guilty, (3) evidence rebutting the
> existence of any statutorily defined or other mitigating factors first asserted by
> the defendant, (4) the presentence investigation report, where one is requested
> by the defendant, and (5) the mental examination report, where one is
> requested by the defendant. Further, counsel for the state may comment upon
> the defendant's unsworn statement, if any. (R.C. 2929.03[D], construed; *State
> v. DePew* [1988], 38 Ohio St.3d 275, 528 N.E.2d 542, affirmed and followed."

*Gumm*, at syllabus. Applying this holding, the *Gumm* Court ruled that a prosecutor's penalty-

phase closing argument in which he commented on evidence presented in the guilt phase

as to the child-victim's age, size, physical condition, and defendant's motive in killing him,

were not objectionable "as they constituted comment on the nature and circumstances of

the statutory aggravating circumstance of felony-murder as set forth in R.C. 2929.04(A)(7),

which the jury was mandated by R.C. 2929.03(D)(1) to consider." *Gumm*, at 422-423.

R.C. 2929.03(D)(1) was also construed in *State v. DePew* (1988), 38 Ohio St.3d 275,

282-283, 528 N.E.2d 542, where the Court held that "the prosecutor, at the penalty stage of

a capital proceeding, may introduce, '*** any evidence raised at trial that is relevant to the

aggravating circumstances the offender was found guilty of committing.' " Id., at 282,

quoting R.C. 2929.03(D)(1); see, also, *DePew* at paragraph one of the syllabus.  Thus, R.C.

2929.03(D)(1) "permit[s] repetition of much or all that occurred during the guilt stage." *State

v. Fears*, 86 Ohio St.3d 329, 345-346, 715 N.E.2d 136, quoting *DePew*. See, also, *State v.*

3

_Williams_ (1995), 73 Ohio St.3d 153, 159, 652 N.E.2d 721 (citing _DePew_ and holding that guilt

phase evidence, consisting of Evid.R. 404(B) "other acts" evidence which in that regard was

relevant to the aggravating circumstance, was properly re-admitted for consideration in the

penalty phase); _State v. Jackson_ (2001), 92 Ohio St.3d 436, 447, 751 N.E.2d 946 (evidence

re-introduced in penalty phase, including a blowup sketch of the scene, photographs,

including photographs of the scene, the seat cushion, bloody carpeting, plastic baggies, a

shotgun, and a rifle, was "relevant in that it pertains to the nature and circumstances of the

aggravating circumstances"); _State v. Foust_, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d

836, ¶ 157; and _State v. Were_, 118 Ohio St.3d 448, 2008-Ohio-2762, 890 N.E.2d 263, ¶ 195.[1]

In the case at bar, the aggravating circumstance that Defendant Davis "was found

guilty of committing" is

> "*** [T]hat prior to the offense at bar in Count One of this Indictment, the said
> VON CLARK DAVIS was convicted of Murder in the Second Degree, contrary to
> Section 2901.05 of the Ohio Revised Code on April 20, 1971, in the Court of
> Common Pleas of Butler County, Ohio, Case No. 21655, an essential element
> of which was the purposeful killing of another ***."

As a matter of law, R.C. 2929.03(D)(1) "permit[s] repetition of much or all that occurred during

the guilt stage," see, e.g., _Fears_, _DePew_, and _Williams_, subject to the trial court's

determination under applicable Rules of Evidence, as to (1) any evidence raised at trial that

is relevant to the aggravating circumstance of which the defendant was found guilty, and (2)

any other testimony or evidence relevant to the nature and circumstances of the aggravating

circumstance of which the defendant was found guilty, see _Gumm_, syllabus. As pointed out

---

1. Case law is also clear that "the statute does not compel the trial court to admit
guilt-phase evidence wholesale into the penalty phase. Instead, the trial court is 'required
to determine what evidence is relevant' in the penalty phase." _State v. Hancock_, 108
Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, at ¶ 121, quoting _State v. Getsy_, (1998),
84 Ohio St.3d 180, 201, 702 N.E.2d 866. In exercising that responsibility, trial judges are
clothed with a broad discretion. _Hancock_, id., at ¶ 122. Accordingly, a trial judge's
action in admitting or excluding such guilt-phase evidence in the penalty phase will not
be disturbed absent an abuse of discretion, even if another trial or appellate judge might
reasonably have made a different ruling. See _Hancock_, id., at ¶ 132.

4

in *Gumm* and *Williams*, *inter alia*, these "appropriate Rules of Evidence" include Evid.R. 401 and 402 (relevancy), determination of which is subject to the sound discretion of the trial court, see *State v. Sage* (1987), 31 Ohio St.3d 173, 182, 510 N.E.2d 343; and Evid.R. 403(A) (exclusion of evidence, although relevant, if substantially outweighed by danger of unfair prejudice), where the balancing required by Evid.R. 403(A) is likewise within the broad discretion of the trial court, see, e.g., *State v. Mundt*, 115 Ohio St.3d 22, 2007-Ohio-4836, at ¶ 107, 873 N.E.2d 828; and in explaining this balancing test, the Ohio Supreme Court has repeatedly noted that " 'Evid.R. 403 speaks in terms of unfair prejudice. Logically, all evidence presented by a prosecutor is prejudicial, but not all evidence unfairly prejudices a defendant. It is only the latter that Evid.R. 403 prohibits.' " *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391 at ¶107, 819 N.E.2d 215, quoting *State v. Wright* (1990), 48 Ohio St.3d 5, 8, 548 N.E.2d 923. It is presumed that a three-judge panel will consider only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary, see *State v. Post* (1987), 32 Ohio St.3d 380, 384, 513 N.E.2d 754 (applying this rule in a capital case as to consideration of victim impact evidence), quoting *State v. White* (1968), 15 Ohio St.2d 146, 151, 44 O.O.2d 136, 239 N.E.2d 70, see, also, *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio- 5283, 855 N.E.2d 48,at ¶129 (same, as to "other acts" evidence).

WHEREFORE, an appropriate order should issue, setting forth manner in which this Court will proceed to consider the relevant evidence presented at trial in 1984.

Respectfully submitted,

ROBIN N. PIPER (0023205)
Butler County Prosecuting Attorney

DANIEL G. EICHEL (0008259)
Assistant Prosecuting Attorney

5

MICHAEL A. OSTER, JR.   (0076491)
Assistant Prosecuting Attorney
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion has been sent by ordinary U.S. mail to Randall L. Porter, 8 East Long Street, 11th Floor, Columbus, OH 43215, and Melynda W. Cook, 1501 First Avenue, Middletown, OH 45044, attorneys for defendant, this _____ day of March, 2009.

MICHAEL A. OSTER, JR.  (0076491)
Assistant Prosecuting Attorney

6




IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,                    :

    Plaintiff,                        Case No. CR 1983-12-0614

vs.                               :

                MAR 2 4 2009    :

VON CLARK DAVIS                   :   Judge Nastoff

    Defendant.                    :

*FILED in Common Pleas Court BUTLER COUNTY, OHIO — CINDY CARPENTER CLERK OF COURTS*

---

## VON CLARK DAVIS' ANSWER TO REQUEST FOR DISCOVERY

---

    *NOW COMES* Defendant, by and through his undersigned counsel, and, responding to the State's Motion for Discovery, responds as follows:

A. DOCUMENTS AND TANGIBLE OBJECTS, CRIMINAL RULE 16(C)(1)(a):

    To be supplemented upon receipt.

    WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon receipt of additional evidence.

B.    REPORTS OF EXAMINATIONS OR TESTS, CRIMINAL RULE 16(B)(1)(d):

    To be supplemented upon receipt.

    WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon receipt of additional evidence.



Cooper, Pagan,
Cook, Ltd.
Attorneys at Law
30 First Avenue
Middletown, OH 45042
 one: 513/424-1020
c0: 513/424-3155

C. WITNESSES' NAMES AND ADDRESSES, CRIMINAL RULE 16(C)(1)(c):



1.    Von Clark Davis                          c/o Attorney Melynda Cook-Reich
                                              1501 First Ave.
                                              Middletown, OH 45044


        WHEREFORE, the Defendant reserves the right to utilize any discovery provided
by the State in its Answers of Discovery.  Defendant reserves the right to supplement
this response upon receipt of additional evidence.

                                     Respectfully submitted,


                                     _____
                                     Melynda Cook-Reich  (SC# 0066596)
                                     REPPER, PAGAN, COOK
                                     Attorney for Defendant
                                     1501 First Avenue
                                     Middletown, OH 45044
                                     (513) 424-1823; Fax (513)424-3135


                                     and


                                     _____
                                     Randall Porter  (SC#0005835)
                                     Assistant State Public Defender
                                     Office of the Ohio Public Defender
                                     8 East Long Street -11th Floor
                                     Columbus, Ohio 43215
                                     (614) 466-5394 (Voice)
                                     (614) 644-0703 (Facsimile)
                                     Porter-R@OPD.state.OH.US




epper, Pagan.
ook. Ltd.
orneys at Law
01 First Avenue
ddletown, OH 45044
one: 513-424-1823
Fax 513-424-3135

                          COUNSEL FOR VON CLARK DAVIS

                                     2

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Answer to Request for Discovery* was deliver via FAX to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 24th day of March, 2009.

Melynda Cook-Reich (SC# 0066596)



Repper, Pagan.
Cook, Ltd.
Attorneys at Law
101 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3155

COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

2009 MAR 25 PM 1:44

STATE OF OHIO                    CASE NO. CR1983-12-0614

            Plaintiff            NASTOFF, J.

vs.                              ENTRY FOR TRANSPORT

VON CLARK DAVIS                  April 2, 2009

            Defendant

It appears to the Court that **Von Clark Davis**, Inmate No. **A179828**, is confined at the **Ohio State Penitentiary**, Youngstown, Ohio 44505

It further appears to the Court that a **Motion Hearing** in the above captioned matter is set for **April 2, 2009 at 8:30AM** in the Butler County Court of Common Pleas, before the **Honorable Andrew Nastoff**.

**IT IS THEREFORE, ORDERED** that the Warden of the   cause said defendant to be released to the Sheriff of Butler County, Ohio, for the purpose of attending said hearing in Butler County, Ohio, and said defendant shall be held in the custody of the Sheriff of Butler County, Ohio, until the completion of said hearing and upon the completion of said hearing, said defendant shall be returned to the institution unless otherwise Ordered by this Court.

APPROVED AS TO FORM:                    ENTER

ROBIN PIPER
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

                                        NASTOFF, J.

INSTRUCTIONS TO THE CLERK: PLEASE CERTIFY TWO COPIES

MAO/beg
March 24, 2009



FILED

IMAGED

2009 MAR 30 PM 3: 35

**TRANSCRIPT REQUEST**

BUTLER COUNTY
CLERK OF COURTS

FILE

Case No. CR 1983-12-0614

Date of request: 3/24/9

Requesting Party: Melynda Cook-Reich

Phone No. ▮▮▮▮▮▮▮▮ cell

Indigent Defendant: (yes) X (no)

Case Caption: State v. Von Clark Davis

Filed in Court of Appeals: (yes) (no) X

Type of hearings and dates: 3 Hearings held 8/27/08 & 8/28/08
CR1983-12-0614 — all testimony, arguments, and statements made

I emailed Jill yesterday re: this request.

Judge: Nastoff

Requested Completion date: as soon as possible — need to respond to pending motions
also to prepare for Mitigation Trial in May.

CD#s: _____

Transcriptionist: Jill _____

Additional notes:

Copies to:   WHITE - Attach to Entry
             GREEN - Requesting Party
             CANARY - Court Reporter
             PINK - Bailiff
             GOLD - Prosecutor

266

# IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

STATE OF OHIO,                        :

    Plaintiff-Respondent,          :          Case No. CR 1983-12-0614

vs.                                   :

VON CLARK DAVIS                                  Judge Daniel Andrew Nastoff

    Defendant-Petitioner.          :

---

## VON CLARK DAVIS' MOTION TO EXTEND THE TIME TO ANSWER THE STATE'S MOTION IN LIMINE

---

    Von Clark Davis moves the Court for an extension until April 6, 2009, in which to answer the State's Motion in Limine. Mr. Davis has attached a memorandum that he incorporates herein.

Respectfully submitted,

OFFICE OF THE OHIO PUBLIC DEFENDER

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio  43215-9308
(614) 466-5394 (Voice)
(614) 644-0708 (Facsimile)
Randall.Porter@OPD.Ohio.gov

And



VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4655

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## MEMORANDUM IN SUPPORT

On March 17, 2000, the State filed a motion in limine. Mr. Davis'
response is currently due April 3, 2009. Mr. Davis requests an extension until
Monday April 6, 2009.

Since the State filed its motion, Mr. Porter has had several commitments,
both personal and professional. He was on vacation from March 18 to March
22, 2009. He is second chair on a case being argued in the United States
Supreme Court and the defendant's brief therein was due on March 25, 2009.
The Office of the Ohio Public Defender moved to a different building and as a
result Mr. Porter did not have access to a computer from March 27 through
March 30, 2009.[1] In addition, Mr. Porter will be traveling to and attending a
seminar from April 2, 2009 to April 5, 2009.

WHEREFORE, Mr. Porter requests that the Court grant this motion for
an extension of one business day.

---

[1] Mr. Porter did not have a telephone until mid day on April 1, 2009.

2

Respectfully submitted,

OFFICE OF THE OHIO PUBLIC DEFENDER


RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio  43215-9308
(614) 466-5394 (Voice)
(614) 644-0708 (Facsimile)
Randall.Porter@OPD.Ohio.gov

And


MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

3

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis' Motion To Extend The Time To Answer The State's Motion In Limine* was forwarded by electronic and first-class U.S. Mail, postage prepaid to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 1st day of April, 2009.

COUNSEL FOR VON CLARK DAVIS

4



**Office of the Ohio Public Defender**
250 East Broad Street - Suite 1400
Columbus, Ohio 43215-2998                    www.opd.ohio.gov

                                            (614) 466-5394
TIMOTHY YOUNG                              Fax (614) 644-0708
State Public Defender

April 1, 2009

VIA:  OVERNIGHT

Clerk, Court of Common Pleas
Butler County
Government Services Center - 5th Floor
315 High Street
Hamilton, Ohio  45011

        Re:   *State v. Von Clark Davis*
              Case No. CR 1983-12-0614

Dear Clerk:

        Enclosed please find the original and five (5) copies of Von Clark Davis'
Motion to Extend the Time to Answer the State's Motion in Limine to be filed in
the above-captioned case.

        Please return a time stamped copy in the envelope provided.  Thank you.

                                    Sincerely,

                                    Randall L. Porter
                                    Assistant State Public Defender

RLP/ts

Encls.

297536



**ROBIN N. PIPER** ~~FILED~~
**BUTLER COUNTY PROSECUTING ATTORNEY**
Government Services Center 2009 APR -2 PM 2: 24
P.O. Box 515 • 315 High St. • Hamilton, OH 45012-0515
Phone 513-887-3474 • Fax 513-785-5208
BUTLER COUNTY
CLERK OF COURTS



TO: ___ MARY SWAIN  Fax 785-5719 ___

   Re: Court Stenographer

Date: ___ March 26, 2009 ___

Person Ordering Transcript: ___ Mike Oster/ Lisa McClendon ___

Date of Hearing/ Trial: ___ 8/27/08 and 8/28/08 ___

Phone # ___ 785-5190 ___

Case Caption: ___ St. vs. Von Clark Davis ___

Case #: ___ CR1983-12-0614 ___

Description of Request: ___ Motions ___

Court Venue: ___ Butler County Common Pleas ___

Judge who heard case: ___ Judge Nastoff ___

Date Transcript needed: ___ 4/6/09 ___





IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,

       FILED in Common Pleas Court
       BUTLER COUNTY, OHIO

   Plaintiff-Respondent              Case No. CR 1983-12-0614
              APR 0 6 2009

vs.

           CINDY CARPENTER
           CLERK OF COURTS

VON CLARK DAVIS        :       Judge Daniel Andrew Nastoff

   Defendant-Petitioner.     :

---

## VON CLARK DAVIS' MEMORANDUM CONTRA
## TO THE STATE'S MOTION IN LIMINE

On March 17, 2009, the State filed a motion in limine which requested the Court to establish the procedure that it will employ at the resentencing with respect to the single aggravating circumstance. The State asserted therein that the three judge panel should be provided and review the entire trial phase transcript for the purposes of its consideration of the aggravating circumstance.

The only capital specification contained in the present case alleged that Mr. Davis, on April 20, 1971, was convicted of a prior purposeful murder. The specification is in essence a status offender. The present offense occurred on December 12, 1983. The trial phase transcript in the present case consists of three-hundred-seventy-six pages. The state's presentation as to the capital specification was limited to four pages which consisted of a stipulation and



brief and a request that the three judge panel take judicial notice as to the version of the murder statute that was in effect at the time of the prior conviction.

For the reasons that will be set forth herein, the Court should deny the state's motion. The Court has already ruled on this issue and Mr. Davis has relied upon that ruling. The 1971 conviction has no factual relation to the 1983 murder. The Court's ruling that Mr. Davis cannot contest challenge the facts surrounding the 1983 homicide in conjunction with any ruling that the trier of fact can consider the facts of the 1983 homicide as documented in the transcript will constitute a violation of Fifth, Eighth and Fourteenth Amendments to the United States Constitutions as well as the corresponding provisions of the Ohio Constitution.

## I. THE COURT ALREADY DECIDED THIS ISSUE

On August 27, 2008, the Court conducted a pretrial hearing. One of the issues upon which the Court took evidence was Mr. Davis' motion to suppress. He premised that pleading upon the fact that the investigating officers, as to the 1983 murder, had shown the eyewitnesses an unduly suggestive photographic "array," a single photograph. The Court held that the motion was not well taken, in part because the prosecution at the new sentencing hearing would be limited to presenting evidence concerning the 1972 conviction, and not the 1983 murder:

> As to the comments by Mr. Porter about that the State
> is going to have to present evidence at the resentencing
> hearing, they don't have to re-prove the murder conviction.
> They don't have to re-prove the aggravating circumstance. I

2

mean, that has been found and proven beyond a reasonable doubt and the jury is instructed on that. additional evidence that they are allowed to put in, the Court traditionally monitors this closely. *We don't just blanket allow the State to re-present all evidence that was admitted in the guilt phase. It has to pertain to the aggravating circumstance only, and it would be relevant to the aggravating circumstance. So any additional evidence that they submit is not going to be going towards re-proving the underlying crime.* It is going to be towards what is relevant for the sentencing body to consider in being able to weigh that aggravating circumstance against the mitigating factors that will be presented. I wanted to make sure that we were all clear there as well. *So when you talk about that they are going to have to call witnesses or that they are going to have to present evidence, I mean, the only evidence is going to be as pertains to the aggravating circumstance. And traditionally, that entails a re-submission of portions of the evidence from the guilt phase that are relevant to that aggravating circumstance.*

[Exhibit A] (emphasis added)

The Court's ruling was unambiguous, the prosecution would be limited to the offering proof as to the aggravating circumstance, Mr. Davis' 1972 conviction. The facts and circumstances concerning the 1983 murder are not relevant to the 1972 conviction. The state has offered no reason that the Court should reconsider its prior ruling. There is no reason that the Court should reconsider its prior ruling. It is consistent with the relevant statute and rulings of the Ohio Supreme Court. *See* Section II, *infra*.

Mr. Davis will be prejudiced if the Court overrules its prior ruling. Mr. Davis has relied upon the Court's prior ruling in his preparation for the resentencing hearing. He has not reinvestigated the trial phase evidence in reliance upon the Court's ruling that the panel will limit itself to evidence

3

concerning the 1983 murder. If the Court reverses itself, then Mr. Davis will request a continuance of the resentencing proceedings.

## II. ESTABLISHED LAW PRECLUDES THE ADMISSION OF EVIDENCE CONCERNING THE 1983 MURDER

The trier of fact in the sentencing phase of a capital case is limited to considering the aggravating circumstances that are contained in R.C. 2929.04(A), included in the indictment, and proven beyond a reasonable doubt in the trial phase. *State v. Penix* (1987), 32 Ohio St. 3d 269, 370-372; *State v. Johnson* (1986), 24 Ohio St. 3d 87, 92-94. The offense of aggravated murder is not an aggravating circumstance. *State v. Henderson* (1988), 32 Ohio St. 3d 24, 26. The Ohio jury instructions provide that "the aggravated murder itself is not an aggravating circumstance." OJI CR 503.011 (8). Accordingly, the facts of the aggravated murder are also not an aggravating circumstance. *State v. Woodard* (1993) 68 Ohio St. 3d 70, 76 ("Describing the facts of the case as 'aggravating circumstances' might have not been the best choice of words, since death-eligible statutory aggravating circumstances are limited to those specifically set forth in R.C. 2929.04(a)(1) through (8).")

A trier of fact's consideration of trial phase evidence in the sentencing phase is very limited "[t]he court, and the trial jury if the offender was tried by a jury, shall consider . . . any evidence raised at trial that is *relevant* to the aggravating circumstances the offender was found guilty of committing . . ." R.C. 2929.03(D)(1) (emphasis added). In determining the appropriate sentence, the trier of fact is limited to considering "the *relevant* evidence raised at trial,

4

the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted pursuant to division (D)(1) . . ." R.C. 2929.03(D)(2) (emphasis added).

The Ohio Supreme Court has repeatedly determined that the issue of "relevancy" in the context of R.C. 2929.03 is to be determined by referencing the aggravating circumstances and not the offense of aggravated murder. *State v. Glenn* (1986), 28 Ohio St. 3d 451, para. two of the syllabus (The presentence report "should include only such information as is *directly* relevant to the aggravating and mitigating circumstances.") (emphasis added); *State v. Depew*, 38 Ohio St. 3d 275, para. 1 of the syllabus ("Pursuant to R.C. 2929.03(D)(1), the prosecutor, at the penalty stage of a capital trial may introduce '*** any evidence raised at trial that is *relevant* to the aggravating circumstances that the offense offender was found guilty of committing ***") (emphasis added); *State v. Wogenstahl* (1996), 75 Ohio St. 3d 344, 354 ("Subject to applicable Rules of Evidence, and pursuant to *R.C. 2929.03(D)(1) and (2)*, counsel for the state at the penalty stage of a capital trial may introduce and comment upon (1) any evidence raised at trial that is *relevant* to the aggravating circumstances specified in the indictment of which the defendant was found guilty, (2) any other testimony or evidence *relevant* to the nature and circumstances of the aggravating circumstances specified in the indictment of which the defendant was found guilty . . .") (emphasis added). Ohio has also incorporated these holding in its jury instructions. OJI CR 503.011(16) ("Some of the evidence and testimony that you considered in the trial phase of this

5

case may not be considered in this sentencing phase. For purposes of this proceeding, only that evidence admitted in the trial phase that is *relevant* to the aggravating circumstance(s) and to any of the mitigating factors is to be considered by you. . . .") (emphasis added).

Consistent with these holdings, a trial court errs when it admits in the sentencing phase evidence that is not relevant to the aggravating circumstances. *State v. Getsy* (1998), 84 Ohio St. 3d 180, 201 (Getsy also argues that the trial court erred in admitting all the evidence from the trial phase into the penalty phase and instructing the jury to consider "all the evidence, including exhibits presented in the first phase of this trial *which you deem to be relevant*." (Emphasis added.) Getsy argues that it was the trial court's responsibility, not the jury's, to determine what evidence was relevant. We agree); *State v. Lindsey* (2000), 87 Ohio St. 3d 479, 484-85 ("While *R.C. 2929.03(D)(1)* permits the reintroduction of much or all of the guilt-phase evidence during the penalty phase, it does not relieve the trial court of its duty to determine the evidence relevant for consideration. . . it is the trial court's responsibility, during the penalty phase, to identify and admit only the evidence relevant to that phase. Under the same reasoning, the trial court's admission here of all the guilt-phase evidence with a similar instruction to the jury was also error."); *State v. Hancock* (2006), 108 Ohio St. 3d 57, 75-76 ("the statute does not compel the trial court to admit guilt-phase evidence wholesale into the penalty phase. Instead, the trial court is 'required to determine what evidence is relevant' in the penalty phase.").

6

The state relies upon most of the above cases and provides the Court lengthy quotations from those cases. [Motion in Limine, pp. 3-4]. In all of the quotations provided by the state, the Supreme Court held that the for trial phase evidence to be admissible in the sentencing phase, the evidence must be relevant to the aggravating circumstance(s). [Id.]. The states does not attempt to explain the manner in which evidence concerning the 1982 homicide is relevant to the prior 1972 conviction.

The burden is upon the state, the proponent of the argument to admit the trial phase transcript, to demonstrate that the evidence of the 1983 homicide is relevant as to the aggravating circumstance. *Drage v. Ameritrust Corp.* 1988 Ohio App. LEXIS 3972. p. *46 (Cuyahoga App. Sept. 29, 1988). The state has not met its burden. The state, instead of analyzing the probative value of the 1983 homicide as to the 1972 conviction, applies a superficial analysis pursuant to Evid. R. 403. [Motion in Limine, p. 5]. The Court need not reach this argument, because such an analysis is premised upon the evidence having been first found to be relevant pursuant to Evid R. 401 and 402. The prosecution, consistent with its lack of analysis as to Evid. R. 401, fails to articulate the manner in which the probative value of the evidence exceeds the prejudicial value of the evidence pursuant to Evid R. 403.

Finally, the state suggests that the Court should not be concerned with whether the evidence is admissible because the appellate courts will presume

7

that the three judge panel considered only admissible evidence. [Motion in Limine, p. 5]. This argument is specious. The Court should limit itself to determining whether the transcript is admissible pursuant to the statute, and not engage in speculation as to whether an appellate court will find its ruling, is in error, but harmless error. If the Court has concerns that the appellate courts will find its ruling in error, then the Court should deny the state's motion. Because this is a capital case, the Court should err on the side of protecting the defendant's rights, not expanding the scope of evidence. *See, e.g., Patterson v. Alabama* (1935), 294 U.S. 600 ("It is well-settled that death [as a punishment] is different."); *Gardner v. Florida* (1977), 430 U.S. 349, 357; *California v. Ramos* (1983), 463 U.S. 992, 998-999; *Rummel v. Estelle* (1980), 445 U.S. 263, 271-272. The prosecutor's argument taken to its logical extension would result in the Court admitting all evidence offered by the prosecution regardless of its admissibility because any error would be unassailable on appeal.

## III. THE TRIAL PHASE TRANSCRIPT IS INADMISSIBLE HEARSAY

Hearsay is inadmissible unless otherwise provided by the constitution, statute, or rule. Evid. R. 801. The testimony and arguments contained in the transcript are hearsay. Evid. R. 801(A). There is an exception for the former testimony of a witness. Evid. R. 804(b)(1). However, to be admissible, the witness must be unavailable. Evid. R. 004(B) ("[t]he following are not excluded by the hearsay rule if the declarant is unavailable as a witness:"). Even assuming the testimony of any of the trial phase witnesses is relevant, the

8

prosecution has failed to demonstrate that the witnesses are unavailable. Evid. R. 804(A).

## IV. THE ADMISSION OF THE TRIAL PHASE TRANSCRIPT WILL VIOLATE MR. DAVIS' FEDERAL AND STATE RIGHTS TO DUE PROCESS.

The Due Process Clause does not allow the execution of a person "on the basis of information which he had no opportunity to deny or explain." *Gardner v. Florida* (1977), 430 U.S. 349, 362. In that case the court held that a defendant was denied due process by the refusal of the state trial court to admit evidence of the defendant's good behavior in prison in the penalty phase of his capital trial. The Court explained that where the prosecution relies on a prediction of future dangerousness in requesting the death penalty, elemental due process principles require that trial court admit a defendant's relevant evidence in rebuttal. *476 U.S. at 5, n. 1.* See also *id., at 9* (Powell, J., opinion concurring in judgment) ("Because petitioner was not allowed to rebut evidence and argument used against him," the defendant clearly was denied due process).

Similarly, a defendant who is sentenced to death on the basis of a presentence report which was not made available to him and which he therefore could not rebut violates the Due Process Clause of the Federal Constitution. *Gardner v. Florida* (1977), *430 U.S. 349.* In that case, a plurality of the Court explained that sending a man to his death "on the basis of information which he had no opportunity to deny or explain" violated fundamental notions of due process. *Id. at 362. See also Crane v. Kentucky* (1986), *476 U.S. 683, 690,* (due process entitles a defendant to "a meaningful

9

opportunity to present a complete defense'") (citation omitted); *Ake v. Oklahoma* (1985), *470 U.S. 68, 83-87* (where the State presents psychiatric evidence of a defendant's future dangerousness at a capital sentencing proceeding, due process entitles an indigent defendant to the assistance of a psychiatrist for the development of his defense)

In the present case the Court has preclude Mr. Davis from contesting the reliability and admissiblity of the trial phase evidence. [December 29, 2008 Entry, pp. 5-9]. The admission of the testimony from the trial phase and any preclusion of the evidence contesting that testimony will violate the Due Process Clauses of the Federal and Ohio Constitutions.

## IV. THE ADMISSION OF THE TRIAL PHASE TRANSCRIPT WILL VIOLATE MR. DAVIS' RIGHT TO CRUEL AND UNUSUAL PUNISHMENT.

A defendant must receive individualized consideration based on the circumstances of the crime and the character of the individual before a sentence of death may be imposed. *Zant v. Stephens* (1983), 462 U.S. 862, 879; *Woodson v. North Carolina* (1976), 428 U.S. 280, 304 . A "process that accords no significance to relevant facets of the character and record of the individual offender or the circumstances of the particular offense" violates the Eighth Amendment. *Woodson*, 428 U.S. at 304. The Supreme Court has consistently ruled that a defendant, in a capital sentencing hearing, may not be precluded from presenting *any* relevant mitigating evidence. *Penry v. Lynaugh* (1989), 492 U.S. 302, 319; *Hitchcock v. Dugger* (1987), 481 U.S. 393, 394; *Skipper v. South Carolina* (1986), 476 U.S. 1, 4; *Eddings v. Oklahoma* (1982),

10

455 U.S. 104, 113-14; *Lockett v. Ohio* (1978), 438 U.S. 586, 604. The exclusion of testimony also denies the defendant due process of law. *Chambers v. Mississippi* (1973), 410 U.S. 284, 302.

"The source of the potential barrier" to a sentencer's ability to consider relevant mitigating evidence is immaterial. *Beard v. Banks* (2004), 542 U.S. 406, 414 (citing *Mills v. Maryland* (1988), 486 U.S. 367, 375. A court's exclusion of relevant mitigating evidence renders the defendant's death sentence arbitrary and capricious. *Zant v. Stephens*, 462 U.S. at 879; *Eddings v. Oklahoma*, 455 U.S. at 112.

This Court has previously held that Mr. Davis is precluded from challenging the testimony from the trial phase. [December 29, 2008 Entry, pp. 5-9]. This, preclusion, by itself and in conjunction with a decision admitting the trial phase evidence, will violate the Eighth Amendment; Mr. Davis' right to individualized consideration of the relevant facts of the offense.

The Sixth Circuit found error in an Ohio capital case when the trial court instructed the jury that it was not allowed to consider the mitigation evidence related to a prior murder conviction. *Mapes v. Tate* (6th Cir. 2004), 388 F. 3d 187, 191-92. While the court found the error in the context of an appellate ineffectiveness claim, the Court specifically held that the instruction "was contrary to the Supreme Court's ruling in *Eddings v. Oklahoma* (1982), 455 U.S. 104, 71 L.Ed. 1, 102 S.Ct. 869." *Id.* The admission of the trial transcript without the affording Mr. Davis the opportunity to rebut such evidence would also constitute the same error, albeit in the context of the Eighth Amendment.

11

V.   **THE ADMISSION OF THE TRIAL TRANSCRIPT WILL VIOLATE THE MANDATE FROM THE SIXTH CIRCUIT AND FEDERAL DISTRICT COURT.**

This case is before the Court on remand from the Sixth Circuit for purposes of a new capital sentencing hearing. *Davis v. Coyle* (6th Cir. 2007), 475 F. 3d 761, 775. That Court found that "the Supreme Court has decided that, when a trial court improperly excludes *mitigating* evidence or limits the fact-finder's consideration of such evidence, the case must be remanded for a new sentencing hearing.." *Id.* at 775-76. While the Sixth Circuit did not decide the scope of the new sentencing hearing, it was implicit that Mr. Davis would receive a fair opportunity to present all of the relevant evidence with regard to the imposition of a sentence of less than death. This is especially true because the Sixth Circuit's mandate was premised upon the three judge panel's failure to admit all relevant advance when the Ohio Supreme Court remanded the case.

VI.  **CONCLUSION: THE TRIAL COURT SHOULD NOT ADMIT THE TRIAL PHASE TRANSCRIPT.**

This Court, when it initially held that it would limit the trial phase evidence to information relevant to the sole aggravating factor observed that "the Court traditionally monitors this [issue] closely." This Court should continue to monitor this issue closely and deny the prosecution's motion in limine.

12

Respectfully submitted,

OFFICE OF THE OHIO PUBLIC DEFENDER


/s/ Randall L. Porter
RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio  43215-9308
(614) 466-5394 (Voice)
(614) 644-0708 (Facsimile)
Randall.Porter@OPD.Ohio.gov

And


/s/ Melynda Cook-Reich
MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

13

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis'*
*Memorandum Contra To The State's Motion In Limine* was forwarded by
electronic and first-class U.S. Mail, postage prepaid to Daniel G. Eichel, First
Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr.
Assistant Butler County Prosecuting Attorney at the Government Services
Center, 315 High Street, Hamilton, Ohio 45011 on this 6th day of April, 2009.


/s/ Randall L. Porter
COUNSEL FOR VON CLARK DAVIS

14

COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

------------------------------------------

STATE OF OHIO,

Plaintiff,

vs.

VON CLARK DAVIS,

Defendant.

Case No. CR83-12-0614

HONORABLE ANDREW NASTOFF

------------------------------------------



JILL M. CUTTER, RPR
(513) 785-6596

them?

    A.   Yes.  Yes.

    Q.   And therefore, you were an acquaintance by relation to Von Clark Davis?

    A.   Well, I knew -- well, I just knew him. I knew who he was.

    Q.   Okay. And you weren't shown any photographs of him by any detective or any police officer?

    A.   No.

    Q.   Did you witness any other person be shown a photograph?

    A.   No.

    Q.   Were you interviewed individually?

    A.   Yes.

    Q.   Were you interviewed at the Legion or at a different location?

    A.   At the police station.

    MS. COOK-REICH: If I can have a second, Your Honor?

    THE COURT: You may.

    MS. COOK-REICH: I have no further questions for Ms. McCreary. Thank you.

    THE COURT: Do you have anything, Mr. Eichel?

    MR. EICHEL: No, we have no questions.

    THE COURT: Ma'am, you may be released. Thank

JILL M. CUTTER, RPR
(513) 785-6596

you. As to the comments by Mr. Porter about that the State is going to have to present evidence at the resentencing hearing, they don't have to re-prove the murder conviction. They don't have to re-prove the aggravating circumstance. I mean, that has been found and proven beyond a reasonable doubt and the jury is instructed on that. The additional evidence that they are allowed to put in, the Court traditionally monitors this closely. We don't just blanket allow the State to re-present all evidence that was admitted in the guilt phase. It has to pertain to the aggravating circumstance only, and it would be relevant to the aggravating circumstance. So any additional evidence that they submit is not going to be going towards re-proving the underlying crime. It is going to be towards what is relevant for the sentencing body to consider in being able to weigh that aggravating circumstance against the mitigating factors that will be presented. I wanted to make sure that we were all clear there as well. So when you talk about that they are going to have to call witnesses or that they are going to have to present evidence, I mean, the only evidence is going to be as pertains to the aggravating circumstance. And traditionally, that entails a re-submission of

JILL M. CUTTER, RPR
(513) 785-6596

portions of the evidence from the guilt phase that are relevant to that aggravating circumstance.

MS. COOK-REICH: Your Honor, when I spoke previously and indicated the State had provided a list of witnesses, I have put my hand upon that. They filed supplemental discovery listed as H, on July 25th, 2008. And in that discovery, they have listed 46 witnesses including the ones that we have called thus far except for the records custodian.

THE COURT: I think out of fairness, you know, none of the counsel that are present in this courtroom right now were counsel of record on this trial. This is an unusual circumstance. This case, the sentence was vacated and remanded for resentencing, you know, decades after this original trial transpired. To the extent that the State is providing anything and everything that they have to the defense so that you can learn everything possible that you need to know about this case to be able to adequately represent Mr. Davis is admirable, and it would be something that the Court would want them to do.

But again, I mean, in no trial that this Court has ever been involved in has it been a situation that because witnesses were listed in discovery that there was some type of a requirement that they be called or,

JILL M. CUTTER, RPR
(513) 785-6596

388 F.3d 187, *; 2004 U.S. App. LEXIS 23525, **

tive assistance of trial counsel. The district court adopted the magistrate judge's recommendation and granted Mapes's petition for a writ of *habeas corpus*, vacating his sentence of death unless [**6] the Ohio courts granted another review of Mapes's sentence within 90 days. Ohio appeals the district court's order and Mapes cross-appeals, claiming that, rather than a new appeal, the proper remedy is to vacate his death sentence.

## II.

Because a claim of ineffective assistance of counsel raises mixed questions of law and fact, we review the district court's ruling on such a claim *de novo. United States v. Jackson, 181 F.3d 740, 744 (6th Cir. 1999).* "Any findings of fact pertinent to the ineffective assistance of counsel inquiry are subject to a clearly erroneous' standard of review." *Id.*

## III.

Mapes argues that he did not receive the effective assistance of appellate counsel because his appellate counsel failed to raise the following three issues on appeal: (1) the *Eddings* claim; (2) the acquittal-first claim; and (3) the unanimity claim. A fourth issue -- ineffective assistance of trial counsel -- was reserved by agreement of the parties. Mapes maintains that the district court correctly found (1) that these issues were significant and obvious and (2) that appellate counsel did not have a strategy in omitting these issues from his direct appeal.

[**7] Ohio claims that the issues omitted by Mapes's appellate counsel were not significant and obvious because jurists, attorneys, and even Mapes's own expert [*191] disagreed about whether the claims were viable. Ohio also points out that Mapes bears the burden of establishing ineffective assistance of counsel and that the district court impermissibly shifted this burden to the state by holding that appellate counsel's failure to recall an appellate strategy was evidence of deficient performance. Ohio argues that the failure to recall an appel-

late strategy does not overcome the presumption that appellate counsel performed satisfactorily.

A defendant is entitled to the effective assistance of counsel in his first appeal of right. *Joshua v. DeWitt, 341 F.3d 430, 441 (6th Cir. 2003).* Appellate counsel's performance is judged under the same standard for evaluating trial counsel's performance found in *Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Smith v. Jago, 888 F.2d 399, 405 n.1 (6th Cir. 1989); see also Bowen v. Foltz, 763 F.2d 191, 194 n.3 (6th Cir. 1985).* To establish ineffective assistance of counsel, it must be shown that [**8] counsel's performance was deficient *and* that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *Strickland, 466 U.S. at 687.* The scrutiny of counsel's performance is highly deferential and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id. at 690.* Nevertheless, a reviewing court must ensure that counsel acted reasonably under all the circumstances. *Id. at 688.*

We consider the following factors in determining whether an attorney on direct appeal performed reasonably competently:

(1) Were the omitted issues "significant and obvious"?

(2) Was there arguably contrary authority on the omitted issues?

(3) Were the omitted issues clearly stronger than those presented?

(4) Were the omitted issues objected to at trial?

(5) Were the trial court's rulings subject to deference on appeal?

## FACSIMILE FILING COVER

RECIPIENT INFORMATION:

NAME OF COURT: Court of Common Pleas, Butler County, Ohio

TITLE OF THE CASE: *State v. Davis*

CASE NUMBER: 1983 12-0614

JUDGE: Nastoff

SENDING PARTY INFORMATION:

NAME: Randall L. Porter

SUPREME COURT REGISTRATION NUMBER: 0005835

OFFICE/FIRM: Office of the Ohio Pubic Defender

ADDRESS: 250 East Broad Street, Suite 1400, Columbus, Ohio 43215

TELEPHONE NUMBER: 1-614-752-9215 (Direct)

FAX NUMBER: 1-614-644-0703

E-MAIL ADDRESS: Randall.PorterR@OPD.ohio.gov

DOCUMENT BEING SENT

TITLE: VON CLARK DAVIS' MEMORANDUM CONTRA
TO THE STATE'S MOTION IN LIMINE

TOTAL PAGES: 19

DATE SENT: April 6, 2009

STATE OF OHIO                                    CASE NO. CR 1983-12-0614

   Plaintiff         F I L E D          STATE OF OHIO
                                                COUNTY OF BUTLER
vs.                    2009 APR -7 PM 3: 05      COURT OF COMMON PLEAS
                                                (Nastoff, J.)
                       CINDY CARPENTER
VON CLARK DAVIS        BUTLER COUNTY             STATE'S SUPPLEMENTAL DISCOVERY
                       CLERK OF COURTS

   Defendant

: : : : : : : : : :

Now comes the Prosecuting Attorney, and supplementing its previous discovery, discloses the following:

A.      STATEMENTS DISCOVERABLE, Criminal Rule 16(B)(1)(a):

B.      DEFENDANT'S PRIOR CRIMINAL RECORD, Criminal Rule 16(B)(1)(b):

        The defendant's known criminal record has been previously disclosed.

C.      DOCUMENTS AND TANGIBLE EVIDENCE, Criminal Rule 16(B)(1)(C):

        Have all been previously disclosed.

D.      REPORTS OF EXAMINATIONS OR TESTS, Criminal Rule 16(B)(1)(d):

        Copies of Coroner's Office File In Re: Ernestine Davis.

E.      WITNESSES' NAMES AND ADDRESSES, Criminal Rule 16(B)(1)(e):
        The Prosecuting Attorney intends to call the following at trial:

        Charles "Chuck" Furmon
        █████████████
        Hamilton, Ohio 45013

        KNOWN FELONY RECORD OF CONVICTION FOR WITNESSES:

F.      FAVORABLE EVIDENCE DISCOVERABLE, Criminal Rule 16(B)(1)(f):

        There is no evidence material to guilt or punishment and favorable to this defendant known
        to the Prosecuting Attorney as to this case.

PROSECUTING ATTORNEY, BUTLER COUNTY, OHIO

P.O. BOX 515, HAMILTON, OH 45012-0515



Respectfully submitted,
ROBIN N. PIPER (0023205)
Butler County Prosecuting Attorney

DANIEL G. EICHEL (0008259)
First Assistant Prosecuting Attorney
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474

MICHAEL A. OSTER, JR. (0076491)
Chief, Appellate Division

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum has been sent by ordinary U.S. mail to Attorneys for Defendant: Randall L. Porter, 8 East Long Street, 11th Floor, Columbus, OH 43215, and Melynda W. Cook-Reich, 1501 First Avenue, Middletown, OH 45044, on this 7th day of April, 2009.

MICHAEL A. OSTER, JR. (0076491)
Assistant Prosecuting Attorney



IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,

      Plaintiff-Respondent,      Case No. CR 1983-12-0614

vs.                   :

VON CLARK DAVIS       :       **Judge Daniel Andrew Nastoff**

      Defendant-Petitioner.     :

---

## VON CLARK DAVIS' NOTICE OF FILING

---

    Von Clark Davis provides notice of filing with this Court of the following

attached document: Waiver of Appearance of Von Clark Davis for the April 8,

2009 Pretrial.

                        Respectfully submitted,

                        Office of the
                        Ohio Public Defender

                        RANDALL L. PORTER - 0005835
                        Assistant State Public Defender
                        250 East Broad Street, Suite 1400
                        Columbus, Ohio 43215-2998
                        (614) 466-5394 (Voice)
                        (614) 644-0703 (Facsimile)
                        Randall.PorterR@OPD.ohio.gov

                        And



MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis' Notice of Filing* forwarded by electronic hand deliver to Daniel G. Eichel, Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 8th day of April, 2009.

_____
COUNSEL FOR VON CLARK DAVIS

2

**IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO**

STATE OF OHIO,                                  :

      Plaintiff-Respondent,            :                **Case No. CR 1983-12-0614**

vs.                                                    :

VON CLARK DAVIS                            :                **Judge Daniel Andrew Nastoff**

      Defendant-Petitioner.           :

---

## WAIVER OF APPEARANCE OF VON CLARK DAVIS
## FOR THE APRIL 8, 2009 PRETRIAL

---

    I, Von Clark Davis, for the limited purposes of the April 8, 2009 pretrial, waive my appearance at the April 8, 2009 pretrial. I have been advised of my right to be present under both the Ohio and federal constitutions, as well as the Ohio Criminal Rules. I waive my rights under those provisions.

                                     *Von C. Davis  179828*
                                    Von Clark Davis

STATE OF OHIO         :         CASE NO. CR1983-12-0614

        Plaintiff         STATE OF OHIO, COUNTY OF BUTLER

vs.                          COURT OF COMMON PLEAS

                               [Nastoff, J.]

VON CLARK DAVIS

        Defendant         **STATE'S REPLY MEMORANDUM TO THE**
                             **DEFENDANT'S MEMORANDUM CONTRA**
                             **THE STATE'S MOTION IN LIMINE**
                             **RE: PROCEDURE**

       Now comes the Prosecuting Attorney, and in reply to the Defendant's memorandum, served by facsimile transmittal on April 6, 2009, respectfully disputes all of the Defendant's suggestions that "the Court already decided this issue" [*sic* at p. 2], that "established law precludes the admission of evidence concerning the 1983 murder" [*sic* at p. 4], that "the trial phase transcript is inadmissible hearsay" [*sic* at p. 8], that "the admission of the trial phase transcript will violate Mr. Davis' federal and state rights to due process" [*sic* at p. 9], that "the admission of the trial phase transcript will violate Mr. Davis' right to cruel and unusual punishment" [*sic* at p. 10], or that "the admission of the trial phase transcript will violate the mandate from the Sixth Circuit and federal district court" [*sic* at p. 12].

1.   The Court's previous ruling(s) did not address the present issue.

       When the Court ruled that it would not determine a *pretrial* motion to suppress evidence — where such evidence had been admitted at the 1984 trial and, as such, forms the basis for the appellant's guilt-phase conviction of aggravated murder with specifications and having weapons while under disability, *which conviction was affirmed and is not now subject to relitigation at resentencing* — the Court's statements did not constitute a blanket ruling as to what it would or would not consider at the resentencing hearing. Rather, the Court's words clearly indicate its intention to follow the law for a resentencing hearing as set forth in statutes and case law. We have previously outlined in our March 17, 2009 memorandum that this requires consideration of much of the guilt-phase transcript.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

1

2. Established law does not preclude consideration of evidence admitted in the guilt phase.

Defendant argues, in essence, that any capital resentencing must take place by a new panel of three judges in a virtual vacuum, in complete ignorance and without any consideration of the 1983 murder of Suzette Butler, for which the Defendant was convicted in the guilt phase — the very offense for which the sentence is to be imposed. As Defendant would have it, the 2009 three-judge panel would consider only his 1971 murder conviction. Defendant assumes that the 1983 aggravated murder is not relevant or material to the aggravating circumstance or any issue to be decided by the three-judge panel at resentencing. This is erroneous. In *State v. Stumpf* (1987), 32 Ohio St.3d 95, 99-100, the Ohio Supreme Court rejected a similar defense contention, stating as follows:

> "Appellant's argument thus assumes that the nature and circumstances of his offense cannot be cited as reasons for, and bear no relation to, the finding that the aggravating circumstance sufficiently outweighs the mitigating factors.
> "This assumption is erroneous. R.C. 2929.04(B) requires the jury, trial court, or three-judge panel to 'consider, and weigh against the aggravating circumstances proved beyond a reasonable doubt, the nature and circumstances of the offense ***.' (Emphasis added.) In a particular case, the nature and circumstances of the offense may have a mitigating impact, or they may not. See *State v. Steffen* (1987), 31 Ohio St.3d 111, 117, ***. Either way, they must be considered.
> "Reading R.C. 2929.03(F) and 2929.04(B) in pari materia it would be illogical to require a three-judge panel to consider the nature and circumstances of the offense in making its decisions whether the aggravating circumstances were sufficient to outweigh the mitigating factors, yet to forbid that panel from relying upon and citing such nature and circumstances as reasons for its decision.
> "We therefore hold that under R.C. 2929.03(F), a trial court or three-judge panel may rely upon and cite the nature and circumstances of the offense as reasons supporting its finding that the aggravating circumstances were sufficient to outweigh the mitigating factors."

This remains good law more than two decades later, see *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, at ¶¶ 139-140:

> "In any event, the nature and circumstances of the offense are relevant and must be considered in the penalty phase. See *State v. Stumpf* (1987), 32 Ohio St.3d 95, paragraph one of the syllabus; *State v. Hill* (1996), 75 Ohio St.3d 195, 201; *State v. Fears* (1999), 86 Ohio St.3d 329, 345, quoting *State v. DePew* (1988), 38 Ohio St.3d 275, 282-283 ***.

2

"[P]ractically all the guilt-phase evidence was relevant to the aggravating circumstance, the nature and circumstances of the offense, or the claim of [mitigation]."

Defendant's claim is not only illogical, but it is contrary to the legislative scheme which, under normal circumstances, requires the sentence to be imposed by the SAME triers of fact that convicted the offender at the guilt phase of this bifurcated proceeding, see *State v. Penix* (1987), 32 Ohio St.3d 369, 372. By authorizing that a new panel of three judges conduct this resentencing, R.C. 2929.06(B) does not mandate ignorance of the guilt phase, but rather, provides in pertinent part that at the resentencing hearing, a new panel of three judges "shall follow the procedure set forth in division (D) of section 2929.03 of the Revised Code." In turn, the language of R.C. 2929.03(D)(1) "permit[s] repetition of much or all that occurred during the guilt stage." See, e.g., *State v. Fears*, 86 Ohio St.3d 329, 345-346. Thus, "[s]ubject to applicable Rules of Evidence, and pursuant to R.C. 2929.03(D)(1) and (2), counsel for the state at the penalty stage of a capital trial may introduce and comment, *inter alia*, upon (1) any evidence raised at trial that is relevant to the aggravating circumstances specified in the indictment of which the defendant was found guilty, (2) any other testimony or evidence relevant to the nature and circumstances of the aggravating circumstances specified in the indictment of which the defendant was found guilty, [and] (3) evidence rebutting the existence of any statutorily defined or other mitigating factors first asserted by the defendant ***," see *State v. Gumm* (1995), 73 Ohio St.3d 413, syllabus. And while it is clear that "the statute does not compel the trial court to admit guilt-phase evidence wholesale into the penalty phase," see *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, at ¶ 121, but rather, "the trial court is 'required to determine what evidence is relevant' in the penalty phase," id., the trial court in exercising that responsibility is clothed with a broad discretion, id., at ¶ 122. Accordingly, a trial judge's action in admitting or excluding such guilt-phase evidence in the penalty phase will not be disturbed absent an abuse of discretion, even if another trial or

3

appellate judge might reasonably have made a different ruling. See *Hancock*, id., at ¶ 132. It is presumed that a three-judge panel will consider only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary, see *State v. Post* (1987), 32 Ohio St.3d 380, 384 (applying this rule in a capital case as to consideration of victim impact evidence), quoting *State v. White* (1968), 15 Ohio St.2d 146, 151; see, also, *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio- 5283, at ¶129.

In the case at bar, the relevant aggravating circumstance is as provided in R.C. 2929.04(A)(5), that "[p]rior to the offense at bar, the offender was convicted of an offense an essential element of which was the purposeful killing of or attempt to kill another ***." Defendant Davis was found guilty of committing "the offense at bar" and the specification

"*** [T]hat prior to the offense at bar in Count One of this Indictment, the said VON CLARK DAVIS was convicted of Murder in the Second Degree, contrary to Section 2901.05 of the Ohio Revised Code on April 20, 1971, in the Court of Common Pleas of Butler County, Ohio, Case No. 21655, an essential element of which was the purposeful killing of another ***."

As a matter of law, Defendant Davis is NOT being resentenced for the 1971 murder. The three-judge panel is resentencing Davis for the 1983 murder with the agggravating circumstance that, having been previously convicted of a purposeful killing, he committed yet another aggravated murder.

3.   The transcript of testimony received at the guilt-phase of trial is not "hearsay."

Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying *AT THE TRIAL* or hearing, offered in evidence to prove the truth of the matter asserted." (Emphasis added.)  Having been "made by the declarant while testifying at the trial," all the testimony contained in the guilt-phase transcript is not hearsay vis a vis this Defendant's bifurcated trial.

4

4.   Defendant was afforded all due process rights at the guilt-phase of his trial in which the conviction stands affirmed.

5.   Eighth Amendment principles under the Cruel and Unusual Punishment Clause are not offended by a court's consideration of evidence received at the guilt-phase of trial.

Defendant's proposition that the sentencer must remain "in the dark" as to the facts of the offense for which he is sentenced, and should be sentenced on some abstract concept of what he did, runs contrary to the basic principle of Eighth Amendment jurisprudence that the Eighth Amendment does not preclude consideration of the facts and circumstances surrounding the murder. To the contrary, the United States Supreme Court has consistently recognized that "consideration of *** the circumstances of the particular offense [is] a constitutionally indispensable part of he process of inflicting the penalty of death," see _Woodson v. North Carolina_ (1976), 428 U.S. 280, 304, 96 S.Ct. 2978; the determination as to the imposition of a death sentence should hinge on "an individualized determination" based on "the character of the individual and the circumstances of the crime." _Zant v. Stephens_ (1983), 462 U.S. 862, 879, 103 S.Ct. 2733. See, also, _Tuilaepa v. California_ (1994), 512 U.S. 967, 976, 114 S.Ct. 2630 ("[t]he circumstances of the crime are a traditional subject for consideration by the sentencer, and an instruction to consider the circumstances is neither vague nor otherwise improper under our Eighth Amendment jurisprudence").

6.   The mandate from the federal courts did not address the scope of a resentencing hearing.

As Defendant acknowledged in his memo (at p. 12), the Sixth Circuit did not purport to decide the scope of the new sentencing hearing, except insofar as the Defendant is to be afforded opportunity to present any relevant mitigating evidence.

5

WHEREFORE, an appropriate order should issue, setting forth manner in which this Court will proceed to consider the relevant guilt-phase evidence presented at trial in 1984.

Respectfully submitted,

ROBIN N. PIPER (0023205)
Butler County Prosecuting Attorney


DANIEL G. EICHEL (0008259)
Assistant Prosecuting Attorney


MICHAEL A. OSTER, JR. (0076491)
Assistant Prosecuting Attorney
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474


## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion has been served by personal delivery in hand to Randall L. Porter, 8 East Long Street, 11th Floor, Columbus, OH 43215, and Melynda W. Cook, 1501 First Avenue, Middletown, OH 45044, attorneys for defendant, this 8th day of April, 2009.


MICHAEL A. OSTER, JR. (0076491)
Assistant Prosecuting Attorney

6

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,

    Plaintiff-Respondent,    :    Case No. CR 1983-12-0614

vs.    :

VON CLARK DAVIS    :    Judge Daniel Andrew Nastoff

    Defendant-Petitioner.    :

---

## NOTICE OF COUNSEL'S CHANGE OF ADDRESS

---

    Randall L. Porter advises this Court and all counsel of record that the Office of the Ohio Public Defender has relocated its office, effective Monday, March 30, 2009 to the following address:

        Office of the Ohio Public Defender
        250 East Broad Street, Suite 1400
        Columbus, Ohio 43215

    The main telephone number, facsimile numbers, direct dial numbers and e-mail addresses all remain unchanged. Please forward all future entries, notices and other correspondence to the new address.

                    Respectfully submitted,

                    OFFICE OF THE
                    OHIO PUBLIC DEFENDER

                    RANDALL L. PORTER - 0005835
                    Assistant State Public Defender



Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio  43215-9308
(614) 466-5394 (Voice)
(614) 644-0708 (Facsimile)
Randall.Porter@OPD.Ohio.gov

Counsel for Von Clark Davis

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Notice Of Counsel's Change Of Address* was forwarded by hand delivery to Daniel G. Eichel, Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio  45011 on this 8th day of April, 2009.

_____
COUNSEL FOR VON CLARK DAVIS

2

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

2009 APR -9 PM 2:11 Case No.: CR1983-12-0614

STATE OF OHIO,

Plaintiff,

vs.

VON CLARK DAVIS

Defendant.

Judge Andrew Nastoff

**MOTION AND CERTIFICATION**
**BY COURT REPORTER FOR**
**TRANSCRIPTION FEES**

The undersigned, having been appointed the Assistant Court Reporter assigned to transcribe proceedings, moves this Court for an order approving payment of fees as indicated herein. I certify that I ☐ **Have** ☒ **Have NOT** received additional compensation in connection with providing transcripts herein. I have performed all transcription services indicated herein. I further certify that all transcriptions described herein have been filed in a timely manner in accordance with applicable scheduling orders or other due dates.

(*) Circumstances of additional compensation _____

Jill Cutter

Assistant Court Reporter

Signature  4-1-09

SUMMARY OF CHARGES

| | | | | |
|---|---|---|---|---|
| Original Transcript | 167 | pages at the rate of | $ 5.00 | = $ 835.00 |
| Copy of Transcript | 167 | pages at the rate of | $ 2.50 | = $ 417.50 |
| Original Transcript | | pages at the rate of | | = |
| Copy of Transcript | | pages at the rate of | | = |

TOTAL TRANSCRIPTION FEES at the rate of $ 5.00 per page = $ 835.00

TOTAL TRANSCRIPTION COPIES at the rate of $ 2.50 per page = $ 417.50

Grand total of all charges = $1,252.50

(276)

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,                                    * Case No: **CR1983-12-0614**

           Plaintiff,

vs.

VON CLARK DAVIS

           Defendant.                              Judge Andrew Nastoff

## ORDER TO PAY FOR TRANSCRIPTS

     The Court, in the interest of justice, orders that transcripts be made and the cost therefore shall be paid by the County Treasurer and taxed as costs in this case.

| | | | |
|---|---|---|---|
| **Type of Hearing** | MOTIONS | Date 8-27-08 | **Number of Pages:** 167 |
| **Type of Hearing** | | **Date** | **Number of Pages:** |
| **Type of Hearing** | | **Date** | **Number of Pages:** |
| **Type of Hearing** | | **Date** | **Number of Pages:** |
| **Type of Hearing** | | **Date** | **Number of Pages:** |
| **Type of Hearing** | | **Date** | **Number of Pages:** |

     **TOTAL PAGES:** ___167___ at $ _7.50_ per page = **$1,252.50**

     **TOTAL AMOUNT DUE:**     **$1,252.50**

The Clerk of this Court shall certify the amount of said transcript, which certificate shall be a sufficient voucher to the County Auditor, who shall forthwith draw her warrant upon the County Treasurer in favor of *Jill Cutter* Butler County Assistant Court Reporter, who prepared the transcript.

**SAID PAYMENT TO BE PAID OUT OF ACCOUNT NUMBER:**

0001.0372.110000.130000020

Said transcript was prepared by _____Jill Cutter_____ **SSN** 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 in March

_____
Judge Andrew Nastoff

**CLERK'S/AUDITOR'S TRANSCRIPT FEE FOR AN INDIGENT DEFENDANT**

Revised Code 2301.24-25

In the Common Pleas Court of Butler County, Ohio.

Plaintiff: State of Ohio

2009 APR -9 PM Case No. **CR1983-12-0614**

v.   VON CLARK DAVIS                    Attorney(s) for the Defendant/Party Represented:

BUTLER COUNTY FRED MILLER
CLERK OF COURTS

*Defendant/Party Represented*

In re

## CLERK OF COURTS CERTIFICATION

I, the Clerk of Courts, hereby certify that _____ Jill M. Cutter _____ , ██████████ , is
_____ *(Court Reporter's Name)* _____ *(Court Reporter's Tax ID)* _____
hereby an official stenographer of said court and is entitled to the following fees for making transcript(s) of:

_____

_____

_____ Clerk's Signature _____                    _____ Date _____

The transcript is ordered by the court for use by the Defendant or the Defendant's attorney in the following type of proceeding:

☐ Felony, Misdemeanor, or Juvenile Proceeding      ☐ Capital Offense Trial proceeding

☐ Appeals Proceeding                               ☒ Capital Offense Appeals proceeding

☐ Postconviction Proceeiding                       ☐ Capital Offense Postconviction proceeding

☐ Other      *(Explain)*

| | | | | |
|---|---|---|---|---|
| Date which *above checked proceeding* terminated: | | OR | ☒ **Still Pending** (check if pending) | |

| | | | | | |
|---|---|---|---|---|---|
| Original transcript of | **167** | pages or folio at the rate of | **$ 7.50** | per page or folio, = | **$1,252.50** |
| Copy of transcript of | | pages or folio at the rate of | | per page or folio, = | |
| | | | | TOTAL = | **$1,252.50** |

*NOTE: A COPY OF THE COURT REPORTER'S BILLING MUST BE ATTACHED*

## JUDGMENT ENTRY

The court finds that the transcript was ordered for use in the case of an Indigent person, that all rules and standards of the Ohio Public Defender Commission and State Public Defender have been met and that an Affidavit of Indigency/ Financial Disclosure for the above referenced client has been sent to the Office of the Ohio Public Defender or is attached to this document.

IT IS THEREFORE ORDERED that the transcript fees be, and are hereby approved in the amount of **$1,252.50** It is further ordered that the said amount be, and hereby is, certified by the Court to the County Auditor for payment.

_____ Andrew Nastoff _____                    _____      4/9/09

Judge's Name *(type or print)*                    Judge's Signature      Date

## AUDITOR'S CERTIFICATION

The County Auditor in executing this certificate attests that the transcript was a true and accurate expense of said county's court.

County Number _____      Warrant Number _____      Warrant Date _____

_____

OPD-E-205 Rev. (11/96)                    County Auditor's Signature

STATE OF OHIO

    Plaintiff

vs.

VON CLARK DAVIS

    Defendant

CASE NO. CR 1983-12-0614

STATE OF OHIO
COUNTY OF BUTLER
COURT OF COMMON PLEAS
(Nastoff, J.)

STATE'S SUPPLEMENTAL DISCOVERY
(4/13/09)

Now comes the Prosecuting Attorney, and supplementing its previous discovery, discloses the following:

A.    STATEMENTS DISCOVERABLE, Criminal Rule 16(B)(1)(a):

No new statements

B.    DEFENDANT'S PRIOR CRIMINAL RECORD, Criminal Rule 16(B)(1)(b):

The defendant's known criminal record has been previously disclosed.

C.    DOCUMENTS AND TANGIBLE EVIDENCE, Criminal Rule 16(B)(1)(C):

Have all been previously disclosed.

D.    REPORTS OF EXAMINATIONS OR TESTS, Criminal Rule 16(B)(1)(d):

Coroner's Body Diagram of Ernestine Davis.

E.    WITNESSES' NAMES AND ADDRESSES, Criminal Rule 16(B)(1)(e):
The Prosecuting Attorney intends to call the following at trial:

Dr. Joseph H. Brandabur
Deputy Coroner
Butler County Coroner's Office
315 High Street, 6th Floor
Hamilton, Ohio 45011

KNOWN FELONY RECORD OF CONVICTION FOR WITNESSES:

F.    FAVORABLE EVIDENCE DISCOVERABLE, Criminal Rule 16(B)(1)(f):

There is no evidence material to guilt or punishment and favorable to this defendant known to the Prosecuting Attorney as to this case.

PROSECUTING ATTORNEY, BUTLER COUNTY, OHIO

P.O. BOX 515, HAMILTON, OH 45012-0515

(279)

Respectfully submitted,
ROBIN N. PIPER (0023205)
Butler County Prosecuting Attorney


DANIEL G. EICHEL (0008259)
First Assistant Prosecuting Attorney
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474


MICHAEL A. OSTER, JR. (0076491)
Chief, Appellate Division


## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum has been sent by ordinary U.S. mail **and FAX** to Attorneys for Defendant: Randall L. Porter, 8 East Long Street, 11th Floor, Columbus, OH 43215, and Melynda W. Cook-Reich, 1501 First Avenue, Middletown, OH 45044, on this 13th day of April, 2009.


MICHAEL A. OSTER, JR. (0076491)
Assistant Prosecuting Attorney


PROSECUTING ATTORNEY, BUTLER COUNTY, OHIO

P.O. BOX 515, HAMILTON, OH 45012-0515

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

2009 APR 20 PM 3:21

STATE OF OHIO,

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

Plaintiff-Respondent,                    Case No. CR 1983-12-0614

vs.                                      :

VON CLARK DAVIS                          :        Judge Daniel Andrew Nastoff

    Defendant-Petitioner.                :

---

## VON CLARK DAVIS' NOTICE OF FILING # 3

Von Clark Davis provides notice of filing with this Court of the following

attached document: Waiver of Appearance of Von Clark Davis for the April 21,

2009 Pretrial.

Respectfully submitted,

Office of the
Ohio Public Defender

RANDALL L. PORTER - 0005835
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215-2998
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
Randall.PorterR@OPD.ohio.gov

And



MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis' Notice of Filing* forwarded by hand delivery to Daniel G. Eichel, Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 20th day of April, 2009.

COUNSEL FOR VON CLARK DAVIS

2

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4700

**IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Respondent, | : | Case No. CR 1983-12-0614 |
| vs. | : | |
| VON CLARK DAVIS | : | Judge Daniel Andrew Nastoff |
| Defendant-Petitioner. | : | |

## WAIVER OF APPEARANCE OF VON CLARK DAVIS
## FOR THE APRIL 21, 2009 PRETRIAL

I, Von Clark Davis, for the limited purposes of the April 21, 2009 pretrial, waive my appearance at the April 21, 2009 pretrial. I have been advised of my right to be present under both the Ohio and federal constitutions, as well as the Ohio Criminal Rules. I waive my rights under those provisions.

_Von C. Davis_  179828

Von Clark Davis

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,

      Plaintiff-Respondent,        Case No. CR 1983-12-0614

vs.                     :

VON CLARK DAVIS        :       Judge Daniel Andrew Nastoff

      Defendant-Petitioner.     :

---

## VON CLARK DAVIS'
## OBJECTIONS TO THE COURT'S PROPOSED PROCEDURES
## CONCERNING THE TRIAL PHASE TESTIMONY AND EVIDENCE

---

On April 8, 2009, the Court entertained oral argument in this matter. After permitting both sides to argue their positions, the Court announced the procedures with respect to the Panel's consideration of the trial phase proceedings that were held in this matter on May 5, 1984. The Court stated that it 1) would prepare notebooks for each of the members of the Panel, 2) the notebooks would contain a copy of the applicable statutes then in effect (presumably R.C. §2929.03 and §2929.04) and the transcript from the earlier trial,[1] and 3) the Court would distribute the notebooks to each of the members of the Panel prior to the May 11, 2009, resentencing trial. While the Court did not expressly so state, it would be anticipated that each member of the panel

---

[1] The Court did not designate the portions of the transcript would be placed in the notebooks.



would read the entire contents of the notebook prior to the May 11, 2009, resentencing trial.

Mr. Davis files these objections to the Court's announced procedures. By filing these objections, he expressly incorporates any objections and arguments he previously made herein that are relevant to this issue.

### FIRST OBJECTION

For the reasons raised in his July 27, 2008 Motion to Preclude the Death Penalty, Mr. Davis objects to a reconstituted panel presiding over his resentencing trial. Mr. Davis incorporates the arguments contained in that motion, as if fully restated herein.

### SECOND OBJECTION

Mr. Davis renews his motion to withdraw his jury waiver. He has *never* waived his Sixth Amendment right to have a jury decide the existence of the capital specification and whether the aggravating circumstance outweighs the mitigating factors by proof beyond a reasonable doubt. The waiver that he did enter, which did not address this Sixth Amendment right to a jury trial deciding the existence of the specification and the weighing of the mitigation evidence, was not knowingly and intelligently entered.

### THIRD OBJECTION

The Panel, as opposed to the Court, should determine which procedures, if any, should be employed with respect to the consideration of the trial phase evidence.

2

## FOURTH OBJECTION

Mr. Davis incorporates all of the arguments contained in his April 7, 2009, Memorandum Contra. As stated therein, 1) the Court already decided this issue, 2) the evidence of the 1983 murder is not relevant to the 1972 conviction and 3) the admission of any evidence as to the 1983 murder will violate Mr. Davis's rights to due process and to be free of cruel and unusual punishment. *See* Fifth, Sixth, Eighth and Fourteenth Amendments.

## FIFTH OBJECTION

To the extent that the Panel will consider the facts of the 1983 murder, then Mr. Davis is willing to enter into a stipulation to prove the same. *See Old Chief v. United States* (1997), 519 U.S. 172, 191. Mr. Davis suggests the following stipulation:

> At approximately 7:40 p.m. on December 12, 1983, officers of the Hamilton Police Department arrived at the scene of a shooting at American Legion Post 520 (hereinafter "the Legion") in Hamilton, Ohio. Lying on the pavement approximately six feet outside the front door of the Legion was the deceased victim, Suzette Butler. An autopsy performed the following day by the county coroner revealed that Butler had died as a result of multiple gunshot wounds to the left side of her head. One of the entrance wounds suggested that the muzzle of the murder weapon was within four to twenty inches of the victim's head at the time the weapon was fired.

> On the day of the shooting, Butler met her friend, Mona Aldridge, at the Legion sometime between 5:00 p.m. and 6:30 p.m. Appellant, Von Clark "Red" Davis, arrived shortly thereafter, and eventually sat at a table with Butler and Aldridge. Apparently, appellant and Butler had cohabited for several months, but had recently separated. After a brief period of time, appellant and Butler arose from the table and walked out the front door. Prior to leaving, Butler told Aldridge that she would be "right back" and asked Aldridge to watch her jacket, cigarettes and drink. Several minutes later, a concerned Aldridge went to the front door of the

3

Legion to look for Butler. Aldridge opened the door slightly and discovered appellant pointing a gun at Butler's head. Aldridge panicked and went back inside the bar. Momentarily, others followed her into the bar saying that someone had been shot.

The shooting was witnessed by Reginald Denmark and Cozette Massey. the couple had been on a walk observing Christmas lights. As they were walking, they saw a man and a woman talking in front of the Legion. The man and woman did not appear to be arguing. Two shots rang out. As the woman (later identified as Butler) fell, another shot was fired. Finally, "* * * after she was down, he bent down and shot her in the head * * *." Both Massey and Denmark ultimately identified appellant as the person who shot Butler.

*State v. Davis* (1988), 38 Ohio St. 3d 361.

## SIXTH OBJECTION

To the extent the Panel is to hear any evidence, from the 1983 murder as it relates to the 1972 conviction, all decisions concerning the admissibility of those portions of the evidence that the prosecution proffers, should be made by either a judge or panel who will not be deciding Mr. Davis' sentence.[2] *See State v. Gillard* (1988), 40 Ohio St. 3d 226, 229; *State v. Esparza* (1996), 74 Ohio St. 3d 660, 661-62.

The Due Process Clause of the Fourteenth Amendment requires a fair trial in a fair tribunal. *Bracy v. Gramley* (1997), 520 U.S. 899, 904; *Withrow v. Larkin* (1975), 421 U.S. 35, 46. A fair trial subsumes the right to an unbiased judge with no interest in the outcome of the case. *In re Murchison* (1955), 349 U.S. 133, 136 ; *Tumey v. Ohio* (1927), 273 U.S. 510, 523. Moreover, a fair trial means more than simply the absence of actual bias; rather, "justice must satisfy the appearance of justice." *Liljeberg v. Health Services Acquisition*

---

[2] If the Court or Panel accepts this alternative, then the Panel would not read the transcript.

4

*Corp*(1988), 486 U.S. 847, 865, n.12; *Mayberry v. Pennsylvania* (1971), 400 U.S. 455, 465.

A defendant's guilt and sentence must be decided upon the evidence received in the courtroom and not evidence from outside the courtroom. *Turner v. Louisiana* (1965), 379 U.S. 466, 472. This is true regardless of the heinousness of the crime charged or the apparent guilt of the offender. *Irwin v. Dowd* (1961), 366 U.S. 717, 722.

### SEVENTH OBJECTION

Because the present matter is being tried to a three judge panel, as opposed to a jury, continuity of the proceedings is not as critical. The Panel will be able to spend time resolving evidentiary issues that an individual judge would not normally have the luxury of expending after a jury had been seated.

The Panel should set aside the first day of the sentencing trial for the exclusive purpose of resolving which portions of the 1984 are admissible. The Panel should require the prosecution to identify for the Panel which portion(s) of the proceedings it wishes to place into evidence. The Panel should permit parties the opportunity to address each portion of the transcript that is proffered by the prosecution. The Panel should place two burdens on the prosecution: 1) to make a preliminary or prima facie showing that the individual portion(s) of the transcript are relevant, and 2) if successful, then to demonstrate that those portions of the

5

meet all the requirements of admissibility. The Panel should not read the relevant portions of the transcript until the prosecution has met its burden on the first issue.

The prosecution has yet to offer *any* reason that the 1983 murder is relevant to the 1972 conviction. The prosecution must have a good faith basis for offering the portions of the testimony. *State v. DePew* (1988), 38 Ohio St. 3d 275, 289. The prosecution should not be permitted to place before the Panel portions of the 1984 transcript, or the transcript in its entirety, in the guise of attempting to introduce evidence that is relevant when there is no good faith basis for such an argument.

## EIGHTH OBJECTION

If the Court overrules the first seven objections herein, then Mr. Davis objects to the Court placing in the notebooks for the panel any of the pretrial proceedings from the 1983 murder, arguments of counsel, and any of the sentencing proceedings. Those portions of the transcript did not constitute admissible evidence in 1984 when this case was initially tried, and nothing has occurred since 1984 that would make those portions of the proceedings admissible evidence.

## NINTH OBJECTION

If the Court overrules the first seven objections, Mr. Davis moves the Court for a continuance of the hearing date set for May 11, 2009. As counsel stated to the Court at the April 8, 2009, hearing they are totally unprepared to

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4707

go forward with respect to any of the trial phase evidence. Counsel, rightfully or wrongfully, in good faith relied upon the Court's earlier statement:

> As to the comments by Mr. Porter about that the State is going to have to present evidence at the resentencing hearing, they don't have to re-prove the murder conviction. They don't have to re-prove the aggravating circumstance. I mean, that has been found and proven beyond a reasonable doubt and the jury is instructed on that. additional evidence that they are allowed to put in, the Court traditionally monitors this closely. *We don't just blanket allow the State to re-present all evidence that was admitted in the guilt phase. It has to pertain to the aggravating circumstance only, and it would be relevant to the aggravating circumstance. So any additional evidence that they submit is not going to be going towards re-proving the underlying crime.* It is going to be towards what is relevant for the sentencing body to consider in being able to weigh that aggravating circumstance against the mitigating factors that will be presented. I wanted to make sure that we were all clear there as well. *So when you talk about that they are going to have to call witnesses or that they are going to have to present evidence, I mean, the only evidence is going to be as pertains to the aggravating circumstance. And traditionally, that entails a re-submission of portions of the evidence from the guilt phase that are relevant to that aggravating circumstance.* (emphasis added)

Since the date of the Court's statement, and in reliance on the Court's statement, neither counsel have given any consideration to the testimony (either through live testimony or the admission of the transcript) of the trial phase witnesses. The Court provided funding for a trial phase investigator. Undersigned counsel have not used the investigator because of their interpretation of the Court's earlier statement. Undersigned counsel had read the trial transcript prior to the Court's statement. Since the Court's statement, undersigned counsel have not read or considered those portions of the transcript relevant to the trial phase. Counsel conducted a very lengthy

strategy session in October 2008. The strategies developed therein and which counsel have continued to pursue were based upon the Court's earlier statement. An attorney, not part of the defense team before this Court, made a presentation regarding retrying cases in which the trier of fact did not have access to the facts of the underlying offense.

A trial court commits constitutional error when it denies a defendant a continuance "where there is an unreasonable and arbitrary insistence upon expeditiousness on the part of the [trial] court in the face of a justifiable request for delay." *United States v. Moreno* (6th Cir. 1991), 933 F.2d 362, 371 *(citing Bennett v. Scroggy* (6th Cir. 1986), 793 F.2d 772, 775); *see also Manlove v. Tansy* (10th Cir. 1992), 981 F.2d 473, 476 . Any inconvenience that will result in the granting of this motion "pales when compared to the gravity and magnitude of the issue involved—i.e., whether the death penalty should be imposed." *Powell v. Collins* (6th Cir. 2003), 332 F.3d 376, 396.

Counsel have submitted their respective affidavits in support of their need for a continuance. Both counsel feel they will not meet their ethical and constitutional obligations if they are forced to proceed on May 11, 2009, and the Panel has before it the transcript or portions of the transcripts from the 1984 proceedings.

## CONCLUSION

For the reasons articulated herein, the Court should not consider the transcript of the trial phase proceedings. If the Court does consider the transcript, it should adopt one of the procedures outlined herein to mitigate the

8

prejudice to Mr. Davis. In addition, if the Court is to consider the transcript, or portions thereof, it should grant Mr. Davis a continuance.

Respectfully submitted,

OFFICE OF THE OHIO PUBLIC DEFENDER

RANDALL L. PORTER    0005835
Assistant State Public Defender

Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215-9308
(614) 466-5394 (Voice)
(614) 644-0708 (Facsimile)
Randall.Porter@OPD.Ohio.gov

And

MELYNDA COOK REICH   0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

9

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis'Objections To The Court's Proposed Procedures Concerning The Trial Phase Testimony And Evidence* was forwarded by electronic and first-class U.S. Mail, postage prepaid to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 19th day of April, 2009.

_____
COUNSEL FOR VON CLARK DAVIS

**IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO**

STATE OF OHIO,                    :

     Plaintiff-Respondent,        :          Case No. CR 1983-12-0614

vs.                                        :

VON CLARK DAVIS                   :          **Judge Daniel Andrew Nastoff**

     Defendant-Petitioner.         :

---

## AFFIDAVIT OF RANDALL L. PORTER

---

State of Ohio,
County of Franklin,

    Randall L. Porter, after being duly sworn according to law, states as follows:

    1.    I am an attorney duly licensed to practice law in the State of Ohio and certified to provide representation to individuals charged with capital murder.

    2.    I am one of the two attorneys appointed to represent Mr. Davis in his capital resentencing hearing.

    3.    Mr. Davis filed a pretrial motion challenging the admissibility of the eyewitness testimony. His challenge was premised upon the fact that the investigating officers had employed suggestive pretrial identification procedures.

1

4.     The Court conducted a hearing on the motion on August 27, 2009.

At the hearing there were repeated discussions concerning whether Mr. Davis'

suppression was timely filed; whether it was barred because his attorneys had

not filed it at the time of his trial in 1984. During these discussions the Court

announced:

> As to the comments by Mr. Porter about that the State is going to have to present evidence at the resentencing hearing, they don't have to re-prove the murder conviction. They don't have to re-prove the aggravating circumstance. I mean, that has been found and proven beyond a reasonable doubt and the jury is instructed on that. additional evidence that they are allowed to put in, the Court traditionally monitors this closely. *We don't just blanket allow the State to re-present all evidence that was admitted in the guilt phase. It has to pertain to the aggravating circumstance only, and it would be relevant to the aggravating circumstance. So any additional evidence that they submit is not going to be going towards re-proving the underlying crime.* It is going to be towards what is relevant for the sentencing body to consider in being able to weigh that aggravating circumstance against the mitigating factors that will be presented. I wanted to make sure that we were all clear there as well. *So when you talk about that they are going to have to call witnesses or that they are going to have to present evidence, I mean, the only evidence is going to be as pertains to the aggravating circumstance. And traditionally, that entails a re-submission of portions of the evidence from the guilt phase that are relevant to that aggravating circumstance.* (emphasis added)

5.     The charges in the present case are somewhat unique. Mr. Davis is

charge with a murder that occurred in 1983 (He was subsequently convicted in

1984). There is a single capital specification, that he was previously convicted

of a murder in1972. Thus the specification as opposed to most cases, has no

factual connection to the aggravated murder offense for which Mr. Davis is on

trial. In essence, the capital specification is a status offense.

2

6. I immediately interpreted the Court's statement to mean that the trier of fact would only be permitted to consider the trial phase evidence that was directly related to the 1972 conviction. The murder for which Mr. Davis was standing trial occurred in 1983. At the time of the August 27, 2009, hearing, I had read the entire transcript and I knew that the evidence concerning the 1972 conviction was limited to a few pages.

7. At the time the Court made this statement, I leaned over to Ms. Cook-Reich, Mr. Davis' other attorney, and asked her if she interpreted the statement in the same manner that I did and she responded in the affirmative.

8. In October 2008, the defense team, including some of the investigators, held a lengthy session on the matter in which we would proceed with case preparation. An attorney from the Office of the Ohio Public Defender who had been recently been involved in a capital resentencing retrial in which the jury had received no information concerning the prior offense, participated in a portion of that meeting. She informed us of her experiences, answered questions, and offered suggestions as to the manner in which we should proceed given the Court's pronouncement.

9. When I received the prosecutor's motion in limine requesting the Panel to read the transcript of the prior proceedings. I spoke with Ms. Cook-Reich. We both believed it to be a non-starter given the Court's earlier remarks, unless the Court reversed its prior position.

3

10.   As counsel for Mr. Davis I will be prepared to go forward with May 11, 2009 resentencing hearing, but only as to the scope on which we had prepared. The defense team will not be prepared to go forward if the Panel is to consider some or all of the trial phase evidence.

Further affiant sayeth naught.

Randall L. Porter

Sworn and subscribed to me this the 20th day of April, 2008.

Notary

JOHN H. FORG, Attorney At Law
Notary Public - State of Ohio
My commission has no expiration date
Section 147.03 R.C.

4

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

     Plaintiff-Respondent,              :          Case No. CR 1983-12-0614

vs.                                     :

VON CLARK DAVIS                         :          Judge Nastoff

     Defendant-Petitioner.              :

---

## AFFIDAVIT OF MELYNDA COOK-REICH

---

State of Ohio,
County of Butler,

    Melynda W. Cook-Reich, after being duly sworn according to law, states as follows:

    1.    I am an attorney duly licensed to practice law in the State of Ohio and certified to provide representation to individuals charged with capital murder.

    2.    I am one of the two attorneys appointed to represent Mr. Davis in his capital resentencing hearing.

    3.    Mr. Davis filed a pretrial motion challenging the admissibility of the eyewitness testimony. His challenge was premised upon the fact that the investigating officers had employed suggestive pretrial identification procedures.

    4.    The Court conducted a hearing on the motion on August 27, 2009 continuing to August 28th. At the hearing there were repeated discussions concerning

1

whether Mr. Davis' suppression was timely filed; whether it was barred because his attorneys had not filed it at the time of his trial in 1984. During these discussions the Court announced:

> As to the comments by Mr. Porter about that the State is going to have to present evidence at the resentencing hearing, they don't have to re-prove the murder conviction. They don't have to re-prove the aggravating circumstance. I mean, that has been found and proven beyond a reasonable doubt and the jury is instructed on that. additional evidence that they are allowed to put in, the Court traditionally monitors this closely. *We don't just blanket allow the State to re-present all evidence that was admitted in the guilt phase. It has to pertain to the aggravating circumstance only, and it would be relevant to the aggravating circumstance. So any additional evidence that they submit is not going to be going towards re-proving the underlying crime.* It is going to be towards what is relevant for the sentencing body to consider in being able to weigh that aggravating circumstance against the mitigating factors that will be presented. I wanted to make sure that we were all clear there as well. *So when you talk about that they are going to have to call witnesses or that they are going to have to present evidence, I mean, the only evidence is going to be as pertains to the aggravating circumstance. And traditionally, that entails a re-submission of portions of the evidence from the guilt phase that are relevant to that aggravating circumstance.* (emphasis added)

5.   The charges in the present case are somewhat unique. Mr. Davis is charged with a Murder that occurred in 1983 (he was subsequently convicted in 1984). There is a single capital specification, that Mr. Davis was previously convicted of a Murder in1972. Thus the specification as opposed to most cases, has no factual connection to the Aggravated Murder offense for which Mr. Davis is on trial. In essence, the capital specification is a status offense.

6.   Upon hearing the Court's statement, as set forth in Paragraph 4 of this Affidavit, I interpreted the Court's statement to mean that the trier of fact would only be permitted to consider the Trial Phase evidence that was directly related to the 1972 Murder conviction, which is the Specification in this case. At the time of the August 27,

2009, hearing, I had read the entire transcript of the instant case concerning the 1983 murder for which Mr. Davis was convicted in 1984, and I knew that the evidence concerning the 1972 conviction was limited to a few pages.

7.     At the time the Court made this statement, Mr. Randall Porter, Mr. Davis' other attorney, leaned over to me and asked if I interpreted the statement in the same manner that he did and I advised him that yes, that is what the Court said and that is how I interepreted the pronouncement. Further, at the conclusion of the hearing date or after the next day which was a continuance of hearings on Defense pre-trial motions, when discussing and reviewing what if any progress we had made as to our pre-trial motions and where to go from that date forward for preparation of Trial, I recall speaking again with Mr. Porter as to the Court's statement and again confirming that we both heard and interpreted this in the same manner. From that day forward, we have prepared this case consistent with the Court's pronouncement as to the limited amount of evidence the State would be allowed to reintroduce.

8.     In October 2008, the defense team, including some of the investigators, held a lengthy session on the matter in which we would proceed with case preparation. An attorney from the Office of the Ohio Public Defender who had been recently been involved in a capital resentencing retrial in which the jury had received no information concerning the prior offense, participated in a portion of that meeting. Randall Porter had specifically invited her to our defense team meeting so that we could confer with her as to her experience. She informed us of her experiences, answered questions, and offered suggestions as to the manner in which we should proceed given the Court's pronouncement.

3

9.     On March 20, 2009, my office received the Prosecutor's March 17, 2009 Motion in Limine  requesting the Panel to read the transcript of the prior proceedings. I spoke with Mr. Porter  and we both believed it to be a non-starter given the Court's earlier remarks, unless the Court reversed its prior position.     Based upon our discussions, and our belief that in the hearing in August 2008, the court had advised all counsel of its position as to evidence submission relating to the 1983 Murder facts, I advised Mr. Porter that I would order the Transcript to be prepared by the Court reporter.

10.     On March 23, 2009, I telephoned and emailed Jill Cutter, the Court Reporter assigned to Judge Nastoff, and whom undersigned knew was the Court reporter during the two days of pre-trial hearings in August 2008.     I requested she begin preparing the transcript from the August 27 and 28th hearings, that I would bring a Transcript request form the next day, but that I was telling her immediately because I would need the transcript to respond to a Prosecutor's Motion.   Mr. Porter and myself both agreed that the Transcript was our best evidence to demonstrate to the Prosecutor that their Motion in Limine had already been decided by this Court.

11.     As counsel for Mr. Davis I will be prepared to go forward with the May 11, 2009 resentencing hearing, but only as to the scope on which we had prepared. The defense team will not be prepared to go forward if the Panel is to consider some or all of the trial phase evidence, beyond the few instances of evidence which were admitted as to the actual Specification which is the 1972 Murder conviction.

Further affiant sayeth naught.

_____
Melynda Cook-Reich

Sworn and subscribed to me this the 20th day of April, 2009.

ASHLEY STRECK, Notary Public
In and for the State of Ohio
My Commission Expires Feb. 3, 2014

Notary

5

04/21/2009  13:13                                    (FAX)                      P.002/004

FILED

2009 APR 21  PM 2:05

**IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO**

CLERK OF COURTS
BUTLER COUNTY
CLERK OF COURTS

STATE OF OHIO,                    :

    Plaintiff,                    :          Case No. CR 1983-12-0614

vs.                                        :

                             :

**VON CLARK DAVIS**                 :          **Judge Nastoff**

    Defendant.                   :

---

### VON CLARK DAVIS' SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY

---

    ***NOW COMES*** Defendant, by and through his undersigned counsel, and, responding to the State's Motion for Discovery, responds as follows:

**A. DOCUMENTS AND TANGIBLE OBJECTS, CRIMINAL RULE 16(C)(1)(a):**

    To be supplemented upon identification.

    WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon identification of additional evidence.

**B.    REPORTS OF EXAMINATIONS OR TESTS, CRIMINAL RULE 16(B)(1)(d):**

    To be supplemented upon identification.

    WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon identification of additional evidence.

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135



## C. WITNESSES' NAMES AND ADDRESSES, CRIMINAL RULE 16(C)(1)(c):

1.  Charles Tipton — ███████████ Forest Park, OH 45240

2.  Alluster Tipton — ███████████ Forest Park, OH 45240

3.  Carol A. Smith — ███████████ Forest Park, OH 45240

4.  Victor Davis — ███████████ Hamilton, OH 45013

5.  Elliot Butch Davis — ███████████ Hamilton, OH 45011

6.  Sherry Davis — ███████████ Forest Park, OH 45240

7.  Dr. Robert Smith — ███████████ Westerville, OH 43082

8.  Fran Welland — ███████████ London E16 4AN United Kingdom

9.  Tracey Kesterton — ███████████ Spinny Hill North Hampton NN3 6BT England

10. Hiliary Hughes — Ireland (full address to be supplemented)

11. Suzanne Kemble-Gordon — United Kingdom (full address to be supplemented)



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon identification of additional evidence.

2

04/21/2009   13:13                                    (FAX)                    P.004/004

Respectfully submitted,

*[signature]*

Melynda Cook-Reich (SC# 0066596)
REPPER, PAGAN, COOK
Attorney for Defendant
1501 First Avenue
Middletown, OH 45044
(513) 424-1823; Fax (513)424-3135

and

*[signature]*

Randall Porter (SC#0005835)
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Answer to Request for Discovery* was deliver via ~~FAX~~ HAND DELIVERY to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 21 day of April, 2009.

*[signature]*

Melynda Cook-Reich (SC# 0066596)

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

3



FILED

IN THE COURT OF COMMON PLEAS

2009 APR 21 PM 3: 52 BUTLER COUNTY, OHIO

STATE OF OHIO,                   :

    Plaintiff-Respondent, CINDY CARPENTER :       **Case No. CR 1983-12-0614**

vs.                              :

**VON CLARK DAVIS**              :        **Judge Daniel Andrew Nastoff**

    **Defendant-Petitioner.**       :

---

## VON CLARK DAVIS' MOTION TO FILE RECORDS UNDER SEAL

---

Von Clark Davis moves the Court for leave to file under seal the Department of Rehabilitation and Correction's records that he believes are privileged. Mr. Davis has attached a memorandum in support which he incorporates in this motion.

Respectfully submitted,

Office of the
Ohio Public Defender

RANDALL L. PORTER - 0005835
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215-2998
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
Randall.PorterR@OPD.ohio.gov

And



MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## MEMORANDUM IN SUPPORT

On April 8, 2008, the Court conducted a pretrial hearing at which it addressed the issues surrounding the prosecution's access to the records of the Ohio Department of Rehabilitation and Correction. The Court ordered that Mr. Davis file with the Court those records that he believed were privileged.

On April 20, 2009, Mr. Davis attempted to file under seal those records that he believed were privileged. The Clerk refused to accept the filing because counsel did not have a written order from the Court permitting the records to be filed under seal.

WHEREFORE, Mr. Davis would request the Court to enter an order to permit him to file under seal with the Court those records that he believes are privileged.

Respectfully submitted,

Office of the
Ohio Public Defender

RANDALL L. PORTER - 0005835

2

Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215-2998
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
Randall.PorterR@OPD.ohio.gov

And

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis' Motion To File Records Under Seal* was hand delivered to Daniel G. Eichel, Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 21st day of April, 2009.

COUNSEL FOR VON CLARK DAVIS

3

(4/8/2009) Judge Andrew Nastoff - Fwd: Von Clark Davis panel                          Page 1

*State of Ohio vs. Von Clark Davis-*
*CR83-12-0614*



| | |
|---|---|
| **From:** | Judge Andrew Nastoff |
| **To:** | Charles Pater; Craig Hedric; Keith Spaeth; Patricia Oney |
| **Date:** | 4/8/2009 11:56 AM |
| **Subject:** | Fwd: Von Clark Davis panel |
| **Attachments:** | Von Clark Davis panel |

My fellow Judges, attached please find my original email sent to you on 3/13/08 regarding the three judge panel drawn for the Von Clark Davis re-sentencing hearing. I sent an update a few months back advising you of the change in the date of the hearing to 5/11/09 through 5/14/09. At this time, I am seeking an official confirmation of your availability to sit as a member of this panel from 9am on 5/11 until the proceedings are completed. Please note that both Judge Sage and Judge Powers have recused themselves from this case.



VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4727

**From:**      Justin Lane
**To:**        Judge Andrew Nastoff
**Date:**      3/13/2008 1:42 PM
**Subject:**   Von Clark Davis panel

General Division Judges, please be advised that the names for the prospective three judge panel in State v. Davis were drawn March 6, resulting in the following order of priority: 1) Judge Keith Spaeth; 2) Judge Charles Pater; 3) Judge Noah Powers II; 4) Judge Craig Hedric; 5) Judge Patricia Oney. A re-sentencing is currently scheduled to commence on Monday, August 25, 2008. Although the jury has not been waived at this point, I would ask you to please mark your calenders accordingly in the event that a jury is ultimately waived in this matter. Thank you in advance for your cooperation in this very important matter.

## Judge Andrew Nastoff - Re: Fwd: Von Clark Davis panel

| | |
|---|---|
| **From:** | Keith Spaeth |
| **To:** | Nastoff, Judge Andrew |
| **Date:** | 4/8/2009 3:09 PM |
| **Subject:** | Re: Fwd: Von Clark Davis panel |
| **CC:** | Reynolds, Kimberly |

Andy,
I will serve on the panel. I had the dates written in my calender, however, I couldn't remember whether my number was low enough to actually serve and whether the defendant had waived a jury trial. I look forward to serving.
Keith

```
Judge Keith M. Spaeth
Butler County, Ohio
Court of Common Pleas,
General Division
315 High Street, 3rd Fl.
Hamilton, Ohio  45011
Tele:  (513)887-3586
Fax:   (513)785-5757
E-mail: spaethkm@butlercountyohio.org
```

>>> Judge Andrew Nastoff 4/8/2009 11:56 AM >>>
My fellow Judges, attached please find my original email sent to you on 3/13/08 regarding the three judge panel drawn for the Von Clark Davis re-sentencing hearing. I sent an update a few months back advising you of the change in the date of the hearing to 5/11/09 through 5/14/09. At this time, I am seeking an official confirmation of your availability to sit as a member of this panel from 9am on 5/11 until the proceedings are completed. Please note that both Judge Sage and Judge Powers have recused themselves from this case.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4729

## Judge Andrew Nastoff - Re: Fwd: Von Clark Davis panel

**From:** Charles Pater
**To:** Nastoff, Judge Andrew
**Date:** 4/9/2009 8:19 AM
**Subject:** Re: Fwd: Von Clark Davis panel

Andy,

I have the time available, but if we could start at 9:30 on Tuesday of that week, it would be helpful.  Thanks.

Charlie

>>> Judge Andrew Nastoff 4/8/2009 11:56 AM >>>
My fellow Judges, attached please find my original email sent to you on 3/13/08 regarding the three judge panel drawn for the Von Clark Davis re-sentencing hearing.  I sent an update a few months back advising you of the change in the date of the hearing to 5/11/09 through 5/14/09.  At this time, I am seeking an official confirmation of your availability to sit as a member of this panel from 9am on 5/11 until the proceedings are completed.  Please note that both Judge Sage and Judge Powers have recused themselves from this case.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4730

## Judge Andrew Nastoff - Fwd: Re: Von Clark Davis panel

| | |
|---|---|
| **From:** | Justin Lane |
| **To:** | Judge Andrew Nastoff |
| **Date:** | 4/17/2009 10:31 AM |
| **Subject:** | Fwd: Re: Von Clark Davis panel |

>>> Craig Hedric 4/13/2009 10:25 AM >>>
I am good to sit if needed. Thanks, CDH

>>> Justin Lane 3/13/2008 1:42 PM >>>
General Division Judges, please be advised that the names for the prospective three judge panel in State
v. Davis were drawn March 6, resulting in the following order of priority: 1) Judge Keith Spaeth; 2) Judge
Charles Pater; 3) Judge Noah Powers II; 4) Judge Craig Hedric; 5) Judge Patricia Oney. A re-sentencing is
currently scheduled to commence on Monday, August 25, 2008. Although the jury has not been waived at this
point, I would ask you to please mark your calenders accordingly in the event that a jury is ultimately waived in
this matter. Thank you in advance for your cooperation in this very important matter.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4731

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,

Plaintiff-Respondent,                    Case No. CR 1983-12-0614

vs.                                   :

VON CLARK DAVIS                       :        Judge Daniel Andrew Nastoff

    Defendant-Petitioner.             :

---

## VON CLARK DAVIS' NOTICE OF FILING UNDER SEAL

Von Clark Davis provides notice of filing under seal with the Court those documents received by undersigned counsel from the Office of the Ohio Department of Rehabilitation and Correction pursuant to the Court's order of March 31, 2008. Mr. Davis has submitted those documents that he believes are protected from disclosure by the physician privilege. *See* R.C. 2317.02(B).

Respectfully submitted,

Office of the
Ohio Public Defender

RANDALL L. PORTER - 0005835
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215-2998
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
Randall.PorterR@OPD.ohio.gov

And



MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd. *0005 85*
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis' Notice of Filing Under Seal* was hand delivered to Daniel G. Eichel, Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 29th (nc) day of April, 2009.

COUNSEL FOR VON CLARK DAVIS

2

ORIGINAL

FILED BUTLER CO.
COURT OF COMMON PLEAS

APR 27 2009

CINDY CARPENTER
CLERK OF COURTS

## IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

STATE OF OHIO,                    :

    Plaintiff-Respondent,     :        Case No. CR 1983-12-0614

vs.                               :

VON CLARK DAVIS                   :        Judge Daniel Andrew Nastoff

    Defendant-Petitioner.     :

### Journal Entry

This matter comes on before the Court upon Von Clark Davis' motion to file records under seal.  The Court after being fully advised in the matter, GRANTS the motion. The Court ORDERS the Clerk to file under seal the box of records that contain those portions of Mr. Davis' records that counsel believe are privileged.

_____
Judge Daniel Andrew Nastoff

4/21/09
Date

FILED

COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

2009 APR 30 AM 10: 22

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

STATE OF OHIO

Plaintiff

vs.

VON CLARK DAVIS

_____ Defendant

CASE NO. CR1983-12-0614

NASTOFF, J.

PRAECIPE FOR SUBPOENA FOR STATE'S
WITNESS(ES) FOR SENTENCE HEARING

**TO THE CLERK:**

Please issue Subpoena(s) for the following person(s), or entities:

Charles Furmon, ▮▮▮▮▮▮▮ Hamilton, OH 45013

Richard Carpenter, ▮▮▮▮▮▮▮ Hamilton, OH 45013

Dr. Joseph H. Brandabur, Deputy Coroner, Butler County Coroner's Office, 315 High Street, 6th Floor, Hamilton, OH 45011

Leslie Cunningham, ▮▮▮▮▮▮▮ Trotwood, OH 45246

to appear and present testimony on behalf of the Prosecution at the **Sentence Hearing** in the above-captioned matter, in the Courtroom of **Judge Andrew Nastoff**, Butler County Government Services Building, 315 High St., Hamilton, OH 45011, on **May 11, 2009**, at **8:30AM.**

ROBIN PIPER
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

MAO/beg
April 30, 2009

STATE OF OHIO            :     CASE NO. CR 1983-12-0014

     Plaintiff           :     STATE OF OHIO
                            COUNTY OF BUTLER
vs.                 :     COURT OF COMMON PLEAS
                            (Nastoff, J.)

*2009 APR 30 PM 2:52*

VON CLARK DAVIS      :     STATE'S SUPPLEMENTAL DISCOVERY
                            (4/30/09)

*CHRIS CARPENTER
BUTLER COUNTY
CLERK OF COURTS*

     Defendant         :

: : : : : : : : :

Now comes the Prosecuting Attorney, and supplementing its previous discovery, discloses the following:

A.      STATEMENTS DISCOVERABLE, Criminal Rule 16(B)(1)(a):

     No new statements

B.      DEFENDANT'S PRIOR CRIMINAL RECORD, Criminal Rule 16(B)(1)(b):

     The defendant's known criminal record has been previously disclosed.

C.      DOCUMENTS AND TANGIBLE EVIDENCE, Criminal Rule 16(B)(1)(C):

     Have all been previously disclosed.

D.      REPORTS OF EXAMINATIONS OR TESTS, Criminal Rule 16(B)(1)(d):

     Psychological Examination, by Dr. Robert J. McDevitt, dated March 30, 1971.
     Psychological Examination, by Dr. Roger H. Fisher, dated May 21, 1984.

E.      WITNESSES' NAMES AND ADDRESSES, Criminal Rule 16(B)(1)(e):
     The Prosecuting Attorney intends to call the following at trial:

     KNOWN FELONY RECORD OF CONVICTION FOR WITNESSES:

F.      FAVORABLE EVIDENCE DISCOVERABLE, Criminal Rule 16(B)(1)(f):

     There is no evidence material to guilt or punishment and favorable to this defendant known
     to the Prosecuting Attorney as to this case.

PROSECUTING ATTORNEY, BUTLER COUNTY, OHIO

P.O. BOX 515, HAMILTON, OH 45012-0515



Respectfully submitted,
ROBIN N. PIPER (0023205)
Butler County Prosecuting Attorney

MICHAEL A. OSTER, JR. (0076491)
Chief, Appellate Division

315 High Street, 11th Floor

Hamilton, Ohio 45012-0515

Telephone: (513) 887-3474

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum has been sent by ordinary U.S. mail **and FAX** to Attorneys for Defendant: Randall L. Porter, 8 East Long Street, 11th Floor, Columbus, OH 43215, and Melynda W. Cook-Reich, 1501 First Avenue, Middletown, OH 45044, on this 30th day of April, 2009.

MICHAEL A. OSTER, JR. (0076491)
Assistant Prosecuting Attorney

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

2009 APR 30  PM 4: 19

CLERK OF COURTS
BUTLER COUNTY
CLERK OF COURTS

STATE OF OHIO,

      Plaintiff,                            Case No. CR 1983-12-0614

vs.

VON CLARK DAVIS              :          **Judge Nastoff**

      Defendant.             :

---

### DEFENDANT'S SUPPLEMENTAL ANSWER
### TO REQUEST FOR DISCOVERY

---

    ***NOW COMES*** Defendant, by and through his undersigned counsel, and, responding to the State's Motion for Discovery, responds as follows:

### A. DOCUMENTS AND TANGIBLE OBJECTS, CRIMINAL RULE 16(C)(1)(a):

    1.       Ohio Department of Rehabilitation Records for Von Clark Davis, certified – all pages.

                    Copies of this document (excluding pages requested to be sealed) were previously provided (By letter April 21, 2009), including certification documents provided later by letter.  On the date of filing the instant Supplemental Discovery, counsel Cook-Reich will hand deliver to the Butler County Prosecutor's Office the pages which previously were filed under seal by Motion and Order of Court.

    2.       Institutional Summery Report – 4/27/09 – provided to Prosecutor
    3.       Any and all documents previously disclosed in any prior Discovery Answer by the defendant and his counsels.
    4.       Any and all documents utilized by the Defendant in any appeal or post conviction hearing or pleading.



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135



WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon identification of additional evidence.

**B. REPORTS OF EXAMINATIONS OR TESTS, CRIMINAL RULE 16(B)(1)(d):**

1. Any and all documents/reports/examinations/tests previously disclosed in any prior Discovery Answer by the defendant and his counsels.

WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon identification of additional evidence.

**C. WITNESSES' NAMES AND ADDRESSES, CRIMINAL RULE 16(C)(1)(c):**

1. Rick Rotundo
   ███████████
   Loveland, OH 45140

2. Jerome Stineman
   ███████████
   Cincinnati OH 45208

3. Michael Shanks
   ██████
   Hamilton Ohio, 45011

4. John A. "Jack" Garretson
   ██████████
   Hamilton Ohio 45011

5. John Lee
   Ohio Public Defender's Office
   250 East Broad Street, Suite 1400
   Columbus, OH 43215

6. Elizabeth Crawford
   Cincinnati, Ohio
   Address to be supplemented

7. Delbert Flowers
   Washington, DC



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

2

Address to be supplemented

8.  Milton Flowers
    Address to be supplemented

9.  Joanne (Davis) Fergueson
    Evansville, Indiana
    Full address to be provided

10. Scott S. Nowak
    Ohio State Penitentitary
    878 Coitsville-Hubbard Road
    Youngstown, OH 44505-4635


WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon identification of additional evidence.


Respectfully submitted,


Melynda Cook-Reich (SC# 0066596)
REPPER, PAGAN, COOK
Attorney for Defendant
1501 First Avenue
Middletown, OH 45044
(513) 424-1823; Fax (513)424-3135


and


Randall Porter (SC#0005835)
Assistant State Public Defender
Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US



**Repper, Pagan, Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

3

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered via hand delivery to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney by leaving same at the Office of the Butler County Prosecuting Attorney, 11th Floor, 315 High Street, Hamilton, Ohio 45011, on this day April 30, 2009.

Melynda Cook-Reich (SC# 0066596)



**Repper, Pagan, Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

4

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

2009 APR 30 PM 4:19

STATE OF OHIO,

Plaintiff,

CIAU.... CARPENTER
BUTLER COUNTY
CLERK OF COURTS

Case No. CR 1983-12-0614

vs.

:

:

VON CLARK DAVIS                    :        Judge Nastoff

Defendant.                         :

---

### DEFENDANT'S NOTICE OF WITHDRAWAL
### OF MOTION TO FILE RECORDS UNDER SEAL

***NOW COMES*** Defendant, by and through his undersigned counsel who hereby withdraws his previous motion to file the Defendant's Ohio Department of Rehabilitation and Corrections Records under seal. As this Court is aware, the Defendant by oral motion on April 21, 2009 and by written Motion filed April 21, 2009, requested the court to file under seal certain documents from the Defendant's ODRC file. The Court on April 21, 2009 in hearing orally granted counsel's Motion and singed a Journal Entry ordering the documents be filed under seal. These documents were filed under seal on April 27, 2009 and were filed with the Clerk of Court's with the Court's Journal Entry order attached thereto. At the conclusion of the April 21, 2009 hearing, the Court took a copy of the records which were the subject of the Motion to File Under Seal and has hence time been reviewing them for purposes of determining which if any should be released to the Prosecuting Attorney

Upon further review and discussion as to the impending Trial, Counsel and Defendant withdraw their motion to file such records under seal. The Defendant, through undersigned counsel, has today along with this Notice listed them as a document in the Defendant's Supplemental Answer of Discovery and will provide a



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135



complete copy of those documents which it previously requested the Court to review and file under seal. Upon providing these remaining documents to the Prosecuting Attorney, they should now have every record of the Defendant's ODRC records that has been the subject of prior litigation in the Twelfth District Court of Appeals.

Respectfully submitted,

Melynda Cook-Reich (SC# 0066596)
REPPER, PAGAN, COOK
Attorney for Defendant
1501 First Avenue
Middletown, OH 45044
(513) 424-1823; Fax (513)424-3135

and

Randall Porter (SC#0005835)
Assistant State Public Defender
Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

COUNSEL FOR VON CLARK DAVIS

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered via hand delivery to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney by leaving same at



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

2

the Office of the Butler County Prosecuting Attorney, 11th Floor, 315 High Street, Hamilton, Ohio 45011, on this day April 30, 2009.

Melynda Cook-Reich (SC# 0066596)



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

3

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4744

# RESIDENTIAL SERVICE

### RETURN OF SUBPOENA
## COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

C000190280

STATE OF OHIO

vs.

**VON CLARK DAVIS**

**CASE NUMBER:** CR 1983 12 0614

**DATE ISSUED:** April 30, 2009

**COURT DATE:** MAY 11 2009

**SUMMONS INFORMATION:**
Name:   LESLIE CUNNINGHAM
Address: ███████████
        TROTWOOD, OH 45246

**INSTRUCTIONS:** This Subpoena is required to be served at the residence named above, upon a person of suitable age and discretion.

**DOCUMENTED ATTEMPTS AT SERVICE:**
    Date:_____
    Date:_____
    Date:_____

**PERSONAL SERVICE:**
Signature:_____

**PERFECTED SERVICE:**
    Date: 5-7-09   Time: 1100 hrs

**ALTERNATE SUBJECT SERVED:**
Signature: Mailed
Printed Name:_____
Relationship:_____

**FAILURE OF SERVICE:**
    Reason for failure:_____

**SHERIFF'S FEES:**
    Mileage: 1.50
    Return of Service: 6.00
    TOTAL FEES: 7.50

    Deputy: Black Under A Miller 1558

| CIVIL DIVISION DATA ENTRY OF FEES | |
|---|---|
| Initial: | BM |
| Date: | MAY 0 1 2009 |

*File this document with Butler County Clerk of Courts*

2009 MAY -4 PM 3:
**TRANSCRIPT REQUEST**
CLERK OF CENTER
BUTLER COUNTY
CLERK OF COURTS

Case No. *CR 1983-12-0644*

~~FILE~~

Date of request: _4-30-9_

Requesting Party: _Melynda Cook-Reich_

Phone No. ▮▮▮▮▮▮▮ ©

Indigent Defendant: (yes) _X_ (no)___

Case Caption: _State v. Von Clark Davis_

Filed in Court of Appeals: (yes)____ (no) _X_

Type of hearings and dates: ① _4-8-09 – Hearing_  (both are   Jill
② _4-21-09 – Hearing_   relatively   Jill
(Excluding   short)
Ex Parte Hearing portion)

Judge: _Nastoff_

Requested Completion date: _ASAP_
_Mitigation Death Penalty Trial begins 5/11/09_

CD#'s: _____

Transcriptionist: _Jill_

Additional notes: _____

Copies to:  WHITE - Attach to Entry
GREEN - Requesting Party
CANARY - Court Reporter
PINK - Bailiff
GOLD - Prosecutor



STATE OF OHIO : CASE NO. CR 1983-12-0614

    Plaintiff : STATE OF OHIO
                                    COUNTY OF BUTLER

vs. : COURT OF COMMON PLEAS
                                     (Nastoff, J.)

VON CLARK DAVIS : **STATE'S SUPPLEMENTAL DISCOVERY**
                                     (5/5/09)

    Defendant :

: : : : : : : : : :

Now comes the Prosecuting Attorney, and supplementing its previous discovery, discloses the following:

A.     STATEMENTS DISCOVERABLE, Criminal Rule 16(B)(1)(a):

    No new statements

B.     DEFENDANT'S PRIOR CRIMINAL RECORD, Criminal Rule 16(B)(1)(b):

    The defendant's known criminal record has been previously disclosed.

C.     DOCUMENTS AND TANGIBLE EVIDENCE, Criminal Rule 16(B)(1)(C):

    Have all been previously disclosed.

D.     REPORTS OF EXAMINATIONS OR TESTS, Criminal Rule 16(B)(1)(d):

    Coroner's Amended Body Diagram of Ernestine Davis.

E.     WITNESSES' NAMES AND ADDRESSES, Criminal Rule 16(B)(1)(e):
    The Prosecuting Attorney intends to call the following at trial:

    Previously disclosed

    KNOWN FELONY RECORD OF CONVICTION FOR WITNESSES:

F.     FAVORABLE EVIDENCE DISCOVERABLE, Criminal Rule 16(B)(1)(f):

    There is no evidence material to guilt or punishment and favorable to this defendant known
    to the Prosecuting Attorney as to this case.



Respectfully submitted,
ROBIN N. PIPER (0023205)
Butler County Prosecuting Attorney

DANIEL G. EICHEL (0008259)
First Assistant Prosecuting Attorney
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474

MICHAEL A. OSTER, JR. (0076491)
Chief, Appellate Division

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum has been sent by ordinary U.S. mail and FAX to Attorneys for Defendant: Randall L. Porter, 8 East Long Street, 11th Floor, Columbus, OH 43215, and Melynda W. Cook-Reich, 1501 First Avenue, Middletown, OH 45044, on this 5th day of May, 2009.

MICHAEL A. OSTER, JR. (0076491)
Assistant Prosecuting Attorney



**Butler County Coroner**

Richard P. Burkhardt, M.D

Name ERNESTINE DAVIS   Coroner # FM 70-3608T

Sex _____ Race _____ Age _____ DOB _____

Date of death _____ hour_____

Date of autopsy_____ hour_____

Pathologist _____ Pathology #_____



**Butler County Coroner**

Richard P. Burkhardt, M.D.

Name ERnestine DAvis   Coroner # PM 7D - 36 cr?

Sex F   Race B   Age 19   DOB _____

Date of death 12/30/70   hour 555 PM

Date of autopsy 12/31/70   hour 755 AM

Pathologist KE LANDE   Pathology # _____

JH BRANDABUR MD.



L. Arm

R. Arm

defense wounds

CINDY CARPENTER  CLERK OF COURTS

WITNESS INFORMATION   2009 MAY -6 AM 9: 14

NAME: Carol A. Smith   
ADDRESS:               BUTLER COUNTY
CITY:   Forest Park   CLERK OF COURTS
STATE: OH   ZIP: 45240



Today's Date:   May 5, 2009   Case No.: CR 1983-12-0614

Plaintiff: State of Ohio   vs.   Defendant: Von Clark Davis

### PRAECIPE FOR SUBPOENA
### Criminal- Trial
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

TYPE OF SERVICE:

_____Certified Mail   _____Personal Service by Butler County Sheriff

_____ Appointed Process Server   _____ Foreign County Sheriff

__XX__Attorney Service

The above named Witness is commanded to appear in the Common Pleas Court of Butler
County, Ohio at the Government Services Center, 3rd Floor, 315 High Street, Hamilton, Ohio
45011 as follows:

**DATE: 5/11/09 through 5/14/09**            **TIME: 9:00 a.m. each day
until released by attorney.**

**JUDGE: Nastoff**

THE WITNESS IS ORDERED TO BRING THE FOLLOWING DOCUMENTS:

REQUESTING ATTORNEY
Name: Melynda Cook-Reich
Repper, Pagan, Cook Ltd.
1501 First Avenue
Middletown, OH 45044
513-424-1823; Fax (513) 424-3135

CINDY CARPENTER ...ED CLERK OF COURTS

WITNESS INFORMATION    2009 MAY -6 AM 9: 15

NAME: Elliot Butch Davis
ADDRESS:                          IND. CARPENTER
CITY:        Hamilton        BUTLER COUNTY
                             CLERK OF COURTS  ZIP: 45011
                             STATE OF OHIO

Today's Date:        May 5, 2009   Case No.: CR 1983-12-0614

Plaintiff: State of Ohio    vs.      Defendant: Von Clark Davis

### PRAECIPE FOR SUBPOENA
### Criminal- Trial
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

TYPE OF SERVICE:

_____Certified Mail           _____Personal Service by Butler County Sheriff

_____ Appointed Process Server    _____ Foreign County Sheriff

__XX__Attorney Service

The above named Witness is commanded to appear in the Common Pleas Court of Butler
County, Ohio at the Government Services Center, 3rd Floor, 315 High Street, Hamilton, Ohio
45011 as follows:

**DATE: 5/11/09 through 5/14/09**          **TIME: 9:00 a.m. each day**
                                           **until released by attorney.**

**JUDGE: Nastoff**

THE WITNESS IS ORDERED TO BRING THE FOLLOWING DOCUMENTS:

REQUESTING ATTORNEY
Name:  Melynda Cook-Reich
Repper, Pagan, Cook Ltd.
1501 First Avenue
Middletown, OH 45044
513-424-1823; Fax (513) 424-3135

CINDY CARPENTER ~ ~ ꓶ CLERK OF COURTS

WITNESS INFORMATION   2009 MAY -6 AM 9: 12

NAME: Scott Nowack
ADDRESS: c/o Ohio State Penitentiary
         878 Coitsville Hubbard Rd.
CITY:       Youngstown          STATE: OH        ZIP: 44505-4635

Today's Date:   May 5, 2009      Case No.: CR 1983-12-0614

Plaintiff: State of Ohio      vs.      Defendant: Von Clark Davis

## PRAECIPE FOR SUBPOENA
### Criminal- Trial and Duces Tecum
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

TYPE OF SERVICE:

_____ Certified Mail          _____ Personal Service by Butler County Sheriff

_____ Appointed Process Server    _____ Foreign County Sheriff

__XX__ Attorney Service

The above named Witness is commanded to appear in the Common Pleas Court of Butler
County, Ohio at the Government Services Center, 3rd Floor, 315 High Street, Hamilton, Ohio
45011 as follows:

**DATE: 5/11/09 through 5/14/09**      **TIME: 9:00 a.m. each day**
                                        **until released by attorney.**

**JUDGE: Nastoff**

THE WITNESS IS ORDERED TO BRING THE FOLLOWING DOCUMENTS:

Institutional Summary Report of Von Clark Davis (Inmate #A-179828) dated 4/27/09.

REQUESTING ATTORNEY
Name: Randall Porter
Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)

CINDY CARPENTER  CLERK OF COURTS

WITNESS INFORMATION

2009 MAY -6 AM 9: 14

NAME: Charles Tipton
ADDRESS: █████████
CITY:           Forest Park          STATE: OH     ZIP: 45240

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS



Today's Date:      May 5, 2009    Case No.: CR 1983-12-0614

Plaintiff: State of Ohio        vs.        Defendant: Von Clark Davis

### PRAECIPE FOR SUBPOENA
#### Criminal- Trial
#### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

TYPE OF SERVICE:

_____Certified Mail           _____Personal Service by Butler County Sheriff

_____ Appointed Process Server      _____ Foreign County Sheriff

\_\_XX\_\_Attorney Service

The above named Witness is commanded to appear in the Common Pleas Court of Butler County, Ohio at the Government Services Center, 3rd Floor, 315 High Street, Hamilton, Ohio 45011 as follows:

**DATE: 5/11/09 through 5/14/09**              **TIME: 9:00 a.m. each day
                                                until released by attorney.**

**JUDGE: Nastoff**

THE WITNESS IS ORDERED TO BRING THE FOLLOWING DOCUMENTS:

REQUESTING ATTORNEY
Name: Melynda Cook-Reich
Repper, Pagan, Cook Ltd.
1501 First Avenue
Middletown, OH 45044
513-424-1823; Fax (513) 424-3135

CINDY CARPENTER  CLERK OF COURTS

**WITNESS INFORMATION**       2009 MAY -6  AM 9: 15

NAME: Victor Davis             CINDY CARPENTER
ADDRESS: ████████             BUTLER COUNTY
CITY:      Hamilton             CLERK OF COURTS
                                STATE: OH      ZIP: 45013

Today's Date:      May 5, 2009   Case No.: CR 1983-12-0614

Plaintiff: State of Ohio       vs.        Defendant: Von Clark Davis

### PRAECIPE FOR SUBPOENA
### Criminal- Trial
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

TYPE OF SERVICE:

_____Certified Mail              _____Personal Service by Butler County Sheriff

_____ Appointed Process Server      _____ Foreign County Sheriff

__XX__ Attorney Service

The above named Witness is commanded to appear in the Common Pleas Court of Butler
County, Ohio at the Government Services Center, 3rd Floor, 315 High Street, Hamilton, Ohio
45011 as follows:

   **DATE: 5/11/09 through  5/14/09**          **TIME: 9:00 a.m. each day**
                                              **until released by attorney.**


   **JUDGE: Nastoff**


THE WITNESS IS ORDERED TO BRING THE FOLLOWING DOCUMENTS:

                         REQUESTING ATTORNEY
                         Name:  Melynda Cook-Reich
                         Repper, Pagan, Cook Ltd.
                         1501 First Avenue
                         Middletown, OH 45044
                         513-424-1823; Fax (513) 424-3135

CINDY CARPENTER ... $\mathcal{ED}$ CLERK OF COURTS

WITNESS INFORMATION 2009 MAY -6 AM 9: 14

NAME: Alluster Tipton
ADDRESS: ███████ BUTLER COUNTY
CITY:        Forest Park          CLERK OF COURTS STATE! OH       ZIP: 45240

Today's Date:        May 5, 2009   Case No.: CR 1983-12-0614

Plaintiff: State of Ohio        vs.        Defendant: Von Clark Davis

### PRAECIPE FOR SUBPOENA
### Criminal- Trial
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

TYPE OF SERVICE:

_____Certified Mail                _____Personal Service by Butler County Sheriff

_____ Appointed Process Server        _____ Foreign County Sheriff

__XX__Attorney Service

The above named Witness is commanded to appear in the Common Pleas Court of Butler
County, Ohio at the Government Services Center, 3rd Floor, 315 High Street, Hamilton, Ohio
45011 as follows:

   **DATE: 5/11/09 through 5/14/09**                **TIME: 9:00 a.m. each day**
                                                    **until released by attorney.**

   **JUDGE: Nastoff**

THE WITNESS IS ORDERED TO BRING THE FOLLOWING DOCUMENTS:

                          REQUESTING ATTORNEY
                          Name: Melynda Cook-Reich
                          Repper, Pagan, Cook Ltd.
                          1501 First Avenue
                          Middletown, OH 45044
                          513-424-1823; Fax (513) 424-3135

CINDY CARPENTER . FILED    CLERK OF COURTS

WITNESS INFORMATION    2009 MAY -6 AM 9: 15

NAME:  Sherry Davis
ADDRESS: ████████████ UTLER COUNTY
CITY:      Forest Park    CLERK OF COURTS    ZIP:  45240

Today's Date:      May 5, 2009   Case No.: CR 1983-12-0614

Plaintiff: State of Ohio      vs.      Defendant: Von Clark Davis

**PRAECIPE FOR SUBPOENA**
**Criminal- Trial**
**COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO**

TYPE OF SERVICE:

_____Certified Mail              _____Personal Service by Butler County Sheriff

_____ Appointed Process Server        _____ Foreign County Sheriff

__XX__Attorney Service

The above named Witness is commanded to appear in the Common Pleas Court of Butler
County, Ohio at the Government Services Center, 3rd Floor, 315 High Street, Hamilton, Ohio
45011 as follows:

   **DATE: 5/11/09 through 5/14/09**            **TIME: 9:00 a.m. each day**
                                                **until released by attorney.**

   **JUDGE:  Nastoff**

THE WITNESS IS ORDERED TO BRING THE FOLLOWING DOCUMENTS:

                         REQUESTING ATTORNEY
                         Name:  Melynda Cook-Reich
                         Repper, Pagan, Cook Ltd.
                         1501 First Avenue
                         Middletown, OH 45044
                         513-424-1823; Fax (513) 424-3135

IMAGED

IN THE COURT OF COMMON PLEAS COURT
BUTLER COUNTY, OHIO

2009 MAY -7 AM 8: 59

BUTLER COUNTY
CLERK OF COURTS

**STATE OF OHIO**

    Plaintiff

vs-

**VON CLARK DAVIS**

    Defendant.

**CASE NO.** CR 1983-12-0614

**JUDGE: NASTOFF**

**ENTRY APPOINTING SPECIAL
PROCESS SERVER**

:

:

:

*******************

    **IT APPEARING TO THE COURT** that the following applicant has complied with
the provisions of Ohio Civil Rules of Procedure 4 through 4.6, **JESSICA LOVE**, an individual and as
agent for **THE OHIO PUBLIC DEFENDER'S OFFICE**, is hereby designated as a Special Process
Server authorized to make service of process in the above-referenced case, until further order of this
court.

JUDGE

-1-

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4758



CINDY CARPENTER          CLERK OF COURTS

WITNESS INFORMATION

NAME: Scott Nowack
ADDRESS: c/o Ohio State Penitentiary
                878 Coitsville Hubbard Rd.
CITY:        Youngstown              STATE: OH        ZIP: 44505-4635

Today's Date:   May 5, 2009        Case No.: CR 1983-12-0614

Plaintiff: State of Ohio       vs.        Defendant: Von Clark Davis

## PRAECIPE FOR SUBPOENA
### Criminal- Trial and Duces Tecum
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

TYPE OF SERVICE:

_____Certified Mail          _____Personal Service by Butler County Sheriff

__XX__ Appointed Process Server      _____ Foreign County Sheriff

_____Attorney Service

The above named Witness is commanded to appear in the Common Pleas Court of Butler
County, Ohio at the Government Services Center, 3rd Floor, 315 High Street, Hamilton, Ohio
45011 as follows:

      **DATE: 5/13/09**                              **TIME: 9:00 a.m.**
                                                       **until released by attorney.**

      **JUDGE: Nastoff**

THE WITNESS IS ORDERED TO BRING THE FOLLOWING DOCUMENTS:

Certified copies of the Institutional Summary Report of Von Clark Davis (Inmate #A-179828)
dated 4/27/09.

                        REQUESTING ATTORNEY
                        Name:  Randall Porter
                        Office of the Ohio Public Defender
                        250 East Broad Street, Suite 1400
                        Columbus, Ohio  43215
                        (614) 466-5394 (Voice)
                        (614) 644-0703 (Facsimile)



**CINDY CARPENTER** <u>        </u>      **CLERK OF COURTS**





FILED

MAY -7 AM 10: 32

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

WITNESS INFORMATION:
NAME _Delbeet Flowers_
ADDRESS ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

CITY _Gaithersburg_     STATE _MD_ ZIP _20878_

Today's Date: _5-7-9_       Case No.: _CR 1983-12-0614_

Plaintiff: _State of Ohio_   -VS-   Defendant: _Von Clark Davis_

### PRECIPE FOR SUBPOENA
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

TYPE OF SERVICE:
- ☐ Certified Mail      ☐ Personal Service by Butler County Sheriff
- ☐ Appointed Process Server      ☐ Foreign County Sheriff
- ☒ Attorney Service

The above named Witness is commanded to appear in the Common Pleas Court of Butler County Ohio at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 as follows:

DATE: _5-12-09_        TIME: _9:00_ A.(M)/P.M.
                               _until released_
JUDGE: _Nastoff_             _by counsel_

THE WITNESS IS ORDERED TO BRING THE FOLLOWING DOCUMENTS:

_____
_____
_____
_____
_____
_____
_____
_____
_____

REQUESTING ATTORNEY:
NAME _Melynda Cook-Reich (0006596)_
ADDRESS _1501 1st Ave_
CITY _Middletown_     STATE _Oh_ ZIP _45044_
PHONE _(513) 424-1823_     Cell _(513) 708-4686_

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



CINDY CARPENTER  CLERK OF COURTS

2009 MAY -7 AM 10: 33

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

WITNESS INFORMATION:
NAME Rick Rotundo
ADDRESS ▬▬▬▬▬
CITY Loveland     STATE Oh   ZIP 45140

Today's Date: 5-7-9          Case No.: CR 1983-12-0614
Plaintiff: State of Ohio   -VS-   Defendant: Von Clark Davis

## PRECIPE FOR SUBPOENA
## COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

TYPE OF SERVICE:
☐ Certified Mail            ☐ Personal Service by Butler County Sheriff
☐ Appointed Process Server  ☐ Foreign County Sheriff
☒ Attorney Service

The above named Witness is commanded to appear in the Common Pleas Court of Butler County Ohio at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 as follows:

DATE: Sixteen May 11, 12, 13 & 14, 2009     TIME: 9:00 (A.M.) P.M.
each day until released
by counsel

JUDGE: Nastoff

THE WITNESS IS ORDERED TO BRING THE FOLLOWING DOCUMENTS:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

REQUESTING ATTORNEY:
NAME: Melynda Cook-Reich (0066596)
ADDRESS: 1501 1st Ave.
CITY Middletown      STATE Oh   ZIP 45044
PHONE: (513) 424-1823   Cell (513) 708-4686

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

  

**CINDY CARPENTER**

**CLERK OF COURTS** _ED

'09 MAY -7 AM 10: 32

BUTLER COUNTY
CLERK OF COURTS

IMAGED

WITNESS INFORMATION:
NAME Cynthia Mausser
ADDRESS Adult Parole Authority
770 W. Broad
CITY Columbus   STATE Oh   ZIP 43215

Today's Date: 5-7-9          Case No.: CR 1983-12-0614

Plaintiff: State of Ohio   -VS-   Defendant: Von Clark DAVIS

### PRECIPE FOR SUBPOENA
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

TYPE OF SERVICE:
- ☐ Certified Mail          ☐ Personal Service by Butler County Sheriff
- ☐ Appointed Process Server   ☐ Foreign County Sheriff
- ☒ Attorney Service

The above named Witness is commanded to appear in the Common Pleas Court of Butler County Ohio at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 as follows:

DATE: May 11 and 14, 2009    TIME: 9:00 A.M./P.M.
Each day until released
JUDGE: Nastoff    by council

THE WITNESS IS ORDERED TO BRING THE FOLLOWING DOCUMENTS:

REQUESTING ATTORNEY:
NAME: Randall Porter, OPD (#0005835)
ADDRESS: 250 E. Broad Street, Suite 1400
CITY Columbus   STATE OH   ZIP 43215
PHONE: (614) 466-5394

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,                                    :

     Plaintiff,                                :          Case No. CR 1983-12-0614

vs.                                              :

                                               :

VON CLARK DAVIS                                  :          Judge Nastoff

     Defendant.                                :

---

## DEFENDANT'S SUPPLEMENTAL ANSWER
## TO REQUEST FOR DISCOVERY

---

     ***NOW COMES*** Defendant, by and through his undersigned counsel, and, responding to the State's Motion for Discovery, responds as follows:

**A. DOCUMENTS AND TANGIBLE OBJECTS, CRIMINAL RULE 16(C)(1)(a):**

    1.    Curriculum Vitae – Dr. Robert Smith, PhD
    2.    Milton Flowers affidavit, 9/28/1993
    3.    Charles Flowers interview statement summary 6/9/1993

     WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon identification of additional evidence.

**B.    REPORTS OF EXAMINATIONS OR TESTS, CRIMINAL RULE 16(B)(1)(d):**

    1. Any and all documents/reports/examinations/tests previously disclosed in any prior Discovery Answer by the defendant and his counsels.

     WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon identification of additional evidence.



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

291

**C. WITNESSES' NAMES AND ADDRESSES, CRIMINAL RULE 16(C)(1)(c):**

1.  Delbert Flowers- previously disclosed (this is address update)

    ████████████████

    Gaithersburg, MD  20878

2.  Fannie Whiteside —
    Cincinnati, Ohio

3.  Barry Wilford

    ████████████████

    Columbus, OH 43215

4.  Cynthia Mausser
    Adult Parole Authority
    770 West Broad Street
    Columbus, OH 43222

5.  Charles Flowers- deceased

6.  Milton Flowers — deceased

    WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon identification of additional evidence.

Respectfully submitted,

*Melynda Cook-Reich*

Melynda Cook-Reich  (SC# 0066596)
REPPER, PAGAN, COOK
Attorney for Defendant
1501 First Avenue
Middletown, OH 45044
(513) 424-1823; Fax (513)424-3135

and



**Repper, Pagan,
Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

2

_Randall Porter_

Randall Porter (SC#0005835)
Assistant State Public Defender
Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

COUNSEL FOR VON CLARK DAVIS

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered via hand delivery to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney by leaving same at the Office of the Butler County Prosecuting Attorney, 11th Floor, 315 High Street, Hamilton, Ohio 45011, on this day May 7, 2009.

_Melynda Cook-Reich_

Melynda Cook-Reich (SC# 0066596)



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

3

# CURRICULUM VITAE

## Robert L. Smith, Ph.D.

**Birthplace**
Massillon, Ohio, U.S.A.

**Business Address**
20525 Center Ridge Road
Westgate Tower, Suite 370
Rocky River, Ohio 44116
Telephone: 440.333.3706

**Mailing Address**
████████████
Westlake, Ohio 44145
████████████████

**Education**

Ph.D.: Clinical Psychology, Kent State University,
Kent, Ohio 1983. (APA approved)

M.A.: Clinical Psychology, Kent State University,
Kent, Ohio 1980. (APA approved)

B.A.: Psychology, Kent State University,
Kent, Ohio 1978.

**Internships**

1982-1983 **Post-Doctoral Psychology Trainee**, Cleveland Metropolitan General Hospital, Alcohol and Drug Addiction Treatment Program, Cleveland, Ohio.

1981-1982 **Psychology Internship**, Cleveland Metropolitan General Hospital, Cleveland, Ohio. (APA approved internship – Adults and Children).

**Academic Appointments**

1994- Present **Assistant Clinical Professor of Psychology**, Department of Psychology, Case Western Reserve University, Cleveland, Ohio.

1984-1994 **Assistant Professor of Psychology**, Department of Psychiatry, Case Western Reserve University, School of Medicine, and MetroHealth Medical Center, Cleveland, Ohio.

**Research**

2005-2006 **Project Evaluator,** Hitchcock Center for Women, Cleveland, Ohio. Demonstration Project for Children and Adolescents of Substance Abusing and Mentally Ill Women. Center for Substance Abuse Treatment, Substance Abuse and Mental Health Services Administration Grant No. – 1 H79 TI17420 - 01

2001-2004 **Project Director**, Stella Maris, Cleveland, Ohio. Demonstration Project for Substance Abusing, Mentally Ill Homeless Men Involved with the Criminal Justice System. Center for Substance Abuse Treatment, Substance Abuse and Mental Health Services Administration Grant No. – 1 U79 TI13118 - 01

Robert L. Smith, Ph.D.                                                                                  2
Curriculum Vitae

|          | **Project Evaluator**, East Side Catholic Shelter, Cleveland, Ohio. |

1993-1999        **Project Evaluator**, East Side Catholic Shelter, Cleveland, Ohio. Demonstration Project for Substance Abusing Pregnant Women and Women with Children. Center for Substance Abuse Treatment, Substance Abuse and Mental Health Services Administration Grant No. – 5 HD8 TI00603 - 04002

## Professional Positions

1993- Present    **Clinical Psychologist,** Private Practice, Rocky River, Ohio. Psychological evaluations and psychotherapy with adolescents and adults.

1988- Present    **Forensic Psychologist,** civil and criminal cases. Conducting competency, NGRI, and substance abuse / mental illness examinations for guilt and penalty phases of trial. Consultation regarding mitigation in capital cases, post-conviction relief appeals, etc.

2000-2005        **Director of Operations,** Chemical Dependency Treatment Programs and Services for Stella Maris, Inc., Cleveland, Ohio.

1993-2004        **Director of Outpatient Chemical Dependency Treatment Services**, Behavior Management Associates, Inc., Beachwood / Rocky River, Ohio.

1984-1993        **Director**, Chemical Dependency Treatment Services/Department of Psychiatry, MetroHealth Medical Center, Cleveland, Ohio.

## Consultant Appointments

2008             **Psychological/Chemical Dependency Consultant,** Development of Curriculum for e-Based Academy regarding the Assessment and Diagnosis of Adolescent Substance Abuse and Dependence, Ohio Department of Alcohol and Drug Addiction Services.

2006-2007        **Strategic Planning Consultant,** Stella Maris, Inc. Cleveland, Ohio Funded by the Woodruff Foundation to develop three-year strategic plan for the organization.

2005- Present    **Psychological/Chemical Dependency Consultant,** Stella Maris, Inc., Cleveland, Ohio.

2004-2005        **Psychological/Chemical Dependency Consultant,** Development of Three-Year Strategic Plan for the Alcohol and Drug Addiction Services Board of Lorain County, Ohio.

2003- 2004       **Psychological/Chemical Dependency Consultant,** Development of National Drug Court Curriculum, Center for Court Innovation, New York State Unified Court System, New York.

Robert L. Smith, Ph.D.                                                                                    3
Curriculum Vitae

2000- Present     **Psychological/Chemical Dependency Consultant,** Development of Computer Assisted Central Intake Assessment Instrument, Alcohol and Drug Addiction Services Board of Cuyahoga County, Cleveland, Ohio.

1999- Present     **Psychological/Chemical Dependency Consultant,** Employee Assistant Program, MetroHealth Medical Center, Cleveland, Ohio.

1999- 2006     **Psychological Consultant,** Family Transitional Housing, Cleveland, Ohio.

1997-Present     **Psychological/Chemical Dependency Consultant,** Hitchcock Center for Women, Cleveland, Ohio.

2001-2003     **Psychological/Chemical Dependency Consultant,** Recovery Resources, Inc., Cleveland, Ohio

1992- 2003     **Coordinator, Residency Assistance Program,** Department of Medicine, University Hospitals of Cleveland, Ohio.

1999-2000     **Psychological Consultant,** Catholic Charities Services of Cuyahoga County, Adolescent Treatment Services, Cleveland, Ohio.

1999-2000     **Psychological/Chemical Dependency Consultant,** provided statewide training regarding *Documentation in the Clinical Record* (Protocol for Levels of Care Trainings – Phase II), Ohio Department of Alcohol and Drug Addiction Services, Columbus, Ohio.

1998-2000     **Psychological/Chemical Dependency Consultant** for the Development of the *ODADAS Youth Protocol For Levels of Care,* Ohio Department of Alcohol and Drug Addiction Services, Columbus, Ohio.

1998-2000     **Psychological Consultant,** Medical Mutual of Ohio.

1997-1998     **Grant Reviewer,** Substance Abuse and Mental Health Services
and 2002     Administration (SAMHSA), Washington, DC.

1997     **Technical Advisor,** Center for Substance Abuse Treatment (CSAT), Washington, DC.

1992-1999     **Psychological/Chemical Dependency Consultant,** East Side Catholic Shelter, Cleveland, Ohio. Chemical Dependency Program for Pregnant Women and Women with Children.

1990-1997     **Psychological/Chemical Dependency Consultant,** Blue Cross/Blue Shield of Ohio.

Robert L. Smith, Ph.D.                                                              4
Curriculum Vitae

| | |
|---|---|
| 1989-1993 | **Coordinator, Student Assistance Program**, Case Western Reserve University, School of Medicine, Cleveland, Ohio. |
| 1984-1989 | **Psychological Consultant**, Parmadale Family Treatment Services, Parma, Ohio. |

## Hospital Appointments

| | |
|---|---|
| 1995-Present | Department of Medicine, Meridia -Hillcrest Hospital, Mayfield, Ohio. |
| 1994-Present | Department of Psychiatry, St. Vincent Charity Hospital, Cleveland, Ohio. |
| 1987-Present | Department of Psychiatry, Southwest General Hospital, Middleburg Hts., Ohio. |

## Credentials

Licensed Clinical Psychologist, Ohio #3403

National Register of Health Services Providers in Psychology #35793

American Academy of Healthcare Providers in the Addictive Disorders #1228

The American College of Forensic Examiners #7478

## Professional Service

Member, American Psychological Association.

Member, Ohio Psychological Association

Member, Cleveland Psychological Association

Member, Association for Medical Education and Research in Substance Abuse.

Member, The Center for Principled Family Advocacy

## Professional Committees

| | |
|---|---|
| 2006- Present | Member Advisory Board, Alcohol and Drug Addiction Service Board of Cuyahoga County, Trauma and Addictions Collaborative |
| 1997- Present | Chairperson, Clinical Performance Improvement Committee, Hitchcock Center for Women, Inc. |
| 1998-1999 | Chairperson, Behavioral Health Committee, Medical Mutual of Ohio |
| 1998-1999 | Member, Clinical Quality Improvement Committee, Medical Mutual of Ohio |
| 1998-1999 | Member, Credentialing Committee, Medical Mutual of Ohio |

Robert L. Smith, Ph.D.                                                                     5
Curriculum Vitae

| 1997-1999 | Member, Colleague Assistance Program Committee, Ohio Psychological Association |
| 1993-1997 | Chairman, Colleague Assistance Program Committee, Ohio Psychological Association |
| 1993-1997 | Member, Board of Trustees, Ohio Psychological Association |
| 1995-1996 | Member, Board of Trustees, Cleveland Psychological Association. |
| 1990-1992 | Member, Advisory Board for the Substance Abuse Institute. Case Western Reserve University, School of Medicine, Cleveland, Ohio. |
| 1989-1993 | Curriculum Advisor, Case Western Reserve University, School of Medicine, Cleveland, Ohio. |
| 1988-1993 | Chairman, Medical Staff Health Committee, MetroHealth Medical Center, Cleveland, Ohio. |
| 1988-1993 | Chairman, Advisory Board for the Employee Assistance Program. MetroHealth Medical Center, Cleveland, Ohio. |
| 1986-1993 | Member, Quality Assurance Committee. Department of Psychiatry, MetroHealth Medical Center, Cleveland, Ohio. |
| 1984-1990 | Member, Educational Development Committee. Department of Psychiatry, MetroHealth Medical Center, Cleveland, Ohio. |

## Bibliography

Mactutus, C.F., Smith, R.L., & Riccio, D.C. Extending the duration of ACTH-induced memory reaction in an amnestic paradigm. *Physiology and Behavior*, 1980, 24, 541-546.

Graham, J.R., Smith, R.L., Schwartz, G.F. Stability of MMPI Configurations for Psychiatric Inpatients. *Journal of Consulting and Clinical Psychology*. 1986, Vol. 54, No. 3, 375-380.

Smith, R.L. and Graham, J.R. The Clinical Determination of Criminal Responsibility. *Criminal Justice and Behavior*. 1989, Vol. 16, No. 4, 473-485.

Dawson, N.V.: Dadhee, G.; Speroff, T.; Smith, R.L.; Schubert, D.S.P. The Effect of Patient Gender on the Prevalence and Recognition of Alcoholism on a General Medicine Inpatient Service. *Journal of General Internal Medicine*. 1992, Vol. 7, 38-45.

Jackson, M.S.; Stephens, R. C.; Smith, R. L.; "Afrocentric Treatment in Residential Substance Abuse Care." *The Journal of Substance Abuse Treatment*. 1997, Vol. 14, 87-92.

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,                    :

    Plaintiff-Respondent,        :

-vs-                              :    Case No.  CR 83-12-0614

VON CLARK DAVIS,                  :

    Defendant-Petitioner.        :

EXHIBIT  U

AFFIDAVIT OF MILTON FLOWERS

STATE OF OHIO,

COUNTY OF BUTLER, SS:

    I, Milton Flowers, being first duly sworn according to law, state the following:

    1)  I am a family friend of Petitioner Davis.

    2)  I became acquainted with Petitioner's family when I lived next door to them in Hamilton, Ohio.  Petitioner's mother, Alluster, was just a baby. In addition to Alluster, Alluster's mother, Hattie Bailey, and Alluster's grandmother lived in the home.

    3)  I really did not believe that Hattie Bailey had all her marbles.  She was no mother at all to Alluster.  If it were not for Alluster's grandmother and her uncle Tecumsah, I do not know what would have happened to Alluster.

    4)  Hattie did not care what Alluster would do; she just wanted Alluster to stay out of her way.

5) Hattie was a violent character who would become abusive. She would say a lot of things she would be sorry for later.

6) Alluster, like her mother, had a violent temper. It did not take much for her to get upset. She got into numerous fights.

7) Alluster married Petitioner's father, Nick Davis, at a very young age. When Alluster and Nick were first married, there were at times food shortages in their home.

8) Alluster was just about like Hattie as a mother.

9) After Nick and Alluster separated, there were a lot of men in and out of Alluster's life. The quality of care for the children, including Von, was poor.

10) Von was very small as a child. He suffered because of his size; he felt as if he were being taken advantage of.

11) Von had a violent temper. At times when he was angry, the other kids would have to catch and hold him until he cooled down.

12) Von would have violent outbursts in school. These outbursts were like those that Alluster and Hattie had.

13) I feel that Von is a product and victim of his environment. He faced rejection both at home and in the community.

14) Von was really out there on his own while he was growing up. He was not able to go home to talk to anyone.

15) I would have been willing to testify on Von's behalf at his original capital trial in 1984 and at his resentencing in 1989.

16)  I love Von and do not want him to be executed.

Further Affiant saith naught.


_MILTON B. Flowers_

MILTON FLOWERS


Sworn to and subscribed in my presence this 28 day of _September_ 1993.


NOTARY PUBLIC

JOANN M. BOUR-STOKES, Attorney At Law
NOTARY PUBLIC, STATE OF OHIO
My commission has no expiration date.
Section 147.03 R.C.

CONFIDENTIAL
ATTORNEY WORK PRODUCT

Dr. Charles Flowers                                        Von Clark Davis
Virginia Beach, Virginia
Phone #(804-460-7501 (work)

    Interviewed by John Lee and Steve Cheney on 6/9/93 via telephone.

    Charles Flowers is an academic and guidance counselor in the Virginia
Beach City Schools.  He hails from Hamilton, Ohio and had some knowledge of
Von's parents.  Dr. Flowers was able to give some limited historical
perspectives on the Davis family and a few insights on Von. Dr. Flowers can
be contacted in the mornings at the number above.

- Charles reported having taught in the Hamilton City Schools for six years,
  however, Von was never one of his students.  His knowledge of Von and the
  Davis family came from having grown up with Von's parents in the
  same neighborhood in Hamilton.

- Charles described his neighborhood, Forest Park, as a poor, predominantly
  Black, working-class neighborhood.  Most of the parents of his peers were
  from the south and had little education.  Church attendance was stressed
  and most of the families attended either a baptist or methodist church.

- Charles reported Von's mother, Alluster, lacked religious development as a
  child.  Alluster was reared in the home of her maternal grandmother, Mrs.
  Bailey, who was a member of what Charles characterized as a "fringe"
  church (a holiness church).  Charles believes Alluster's lack of
  direction, both domestically and spiritually, may have contributed to her
  "wild" nature.

- Charles believes Alluster's mother was Vicki Bailey and he did not recall
  whether or not Vicki was married at the time of Alluster's birth.

- Vicki lived with her mother, Mrs. Bailey, at the time of Alluster's birth
  along with numerous aunts and uncles.  Charles recalled that Mrs. Bailey
  was the matriarch of the family and "all the children were under her;
  Alluster had two mothers."

- Charles, who lived next door to the Bailey home, recalled there were few
  positive role models in the home because all the uncles and Vicki were all
  "drinkers and carousers."  Charles would not be specific but he speculated
  that morals in the Bailey home were rather loose.

- Charles described Alluster as a "happy-go-lucky" kid, who was not a good
  student.  There was an emphasis on behaving in the Bailey home and if you
  did not you got a whipping.  Charles also reported Alluster had a temper
  and if you got in her face, she would fight you.  Charles reported she
  fought almost daily and may have been suspended from school at some time.

- Charles reported Alluster got pregnant either in junior high school or early in high school. He believes the father was Nick Davis. Charles believes Alluster left her grandmother's home to live with Nick about a year after the birth of her first child. (Charles believes Alluster was between the ages of 15 and 17).

- Charles remembered Nick Davis as being a very popular young man in Hamilton. Nick did not finish high school; however, his sister, Elizabeth Davis Herbert, was an honor student. Charles believes Elizabeth still resides in Forest Park. Charles has no knowledge of the whereabouts of any other Davis family members.

- Charles reported Nick and Alluster had 3 children before they married. Charles stated that there was some speculations in the community that Alluster's fourth child was not fathered by Nick. Charles did not know who the father might have been.

- Charles recalled that Alluster and Nick fought frequently. Most of the arguments centered on Nick's absence from the family home. Charles reported that Nick would continue to go night-clubbing during his wife's pregnancies when she could not. Nick also traveled to Chicago and Detroit frequently for unknown reasons. Charles reported Alluster and Nick fought physically and the children saw them.

- Charles described Von as a very poor student who had no academic discipline, "just like his mother." He also believes that Von did not have good male role modeling because of the "parade of men" in and out of the home.

- Charles believed Von learned to hate women because he was always being whipped by one, be it his mother or one of his female relatives. Charles stated that he thinks a great deal of Alluster's anger from her childhood carried over to her adult life, and that unresolved anger resulted in numerous whippings for Von.