IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,

      Plaintiff,                       Case No. CR 1983-12-0614

vs.                      :

                             :

VON CLARK DAVIS        :        Judge Nastoff

      Defendant.         :

---

## DEFENDANT'S SUPPLEMENTAL ANSWER
## TO REQUEST FOR DISCOVERY

---

    **NOW COMES** Defendant, by and through his undersigned counsel, and, responding to the State's Motion for Discovery, responds as follows:

**A. DOCUMENTS AND TANGIBLE OBJECTS, CRIMINAL RULE 16(C)(1)(a):**

    1.  Summary of interview of Elizabeth Crawford
    2.  Summary of interview of Fannie Whiteside
    3.  Summary of interview of Charles Flowers
    4.  Affidavit of Milton Flowers
    5.  Affidavit of Dr. Orlando Hernandez, M.D.
    6.  Affidavit of Dr. James I. Fidelholtz, M.D.

    WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon identification of additional evidence.

**B.   REPORTS OF EXAMINATIONS OR TESTS, CRIMINAL RULE 16(B)(1)(d):**



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135



WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon identification of additional evidence.

## C. WITNESSES' NAMES AND ADDRESSES, CRIMINAL RULE 16(C)(1)(c):

WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon identification of additional evidence.

Respectfully submitted,

Melynda Cook-Reich (SC# 0066596)
REPPER, PAGAN, COOK
Attorney for Defendant
1501 First Avenue
Middletown, OH 45044
(513) 424-1823; Fax (513)424-3135

and

Randall Porter (SC#0005835)
Assistant State Public Defender
Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

COUNSEL FOR VON CLARK DAVIS

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

2

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered via hand delivery to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney by leaving same at the Office of the Butler County Prosecuting Attorney, 11th Floor, 315 High Street, Hamilton, Ohio 45011, on this day September 3rd, 2009.

Melynda Cook-Reich (SC# 0066596)



**Repper, Pagan,**
**Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

3

**CONFIDENTIAL**
**ATTORNEY WORK PRODUCT**

Elizabeth Crawford (Paternal Aunt)                    Davis
█████████████

Interviewed by John Lee and Peggy Kent on 7/13/93 in the home of her mother, Grace Ayers. Mrs. Ayers resides at ██ ██████████ ██ Hamilton, Ohio. Her phone number is █████████████

Elizabeth Crawford is the paternal aunt of our client, Von Davis. Grace Ayers is Von's paternal grandmother. Elizabeth was the primary respondent in the interview but she would sometimes refer questions on the family history to her 84-year old mother who was present. Both Elizabeth and Grace were able to offer some historical perspectives on Von's father's side of the family, however, they had limited contact with Von during his childhood.

- Liz reported her parents are Grace Ayers and Thomas Elliot Davis. Her father, Thomas, died in 1972.

    Liz reported her parents had 3 children:

    Phyllis Scott - D.O.B. ██████ - resides at ██████████ Teaneck, N.J. Ph.# ████████████

    Nick Davis - D.O.B. ██████ - deceased

    Elizabeth Davis - D.O.B. ██████

- Liz reported her brother, Nick, drowned in December of 1974. His body was found in a river in Washington, D.C., which Liz found to be strange. In addition to be an excellent swimmer, the family could not understand how he could have gotten down too the river's edge because he walked with a cane.

- Liz reported all of the Davis children were born in Hamilton. There were no problem pregnancies in births.

    Grace reported only Liz had a serious childhood illness, spinal meningitis. Nick was a healthy child who had no developmental problems.

- Liz reported her father worked as a porter on the railroad and her mother worked as an office cleaner at Ohio Casualty.

- Liz reported her mother was in charge of the household but both parents disciplined the children. Nick got more spankings than his sisters for not doing what he was supposed to do. He also would take some spankings for his sister (take blame for her acts) in exchange for whatever sweets she had. (cookies, candy, etc.)

- Liz recalled Nick did not do well in school. He had a temper that resulted in numerous schoolyard fights. Nick attended Harrison Elementary

and Roosevelt Jr. High before dropping out in the seventh grade. Both Liz and Grace reported Nick was sent to Boys Industrial School in Cleveland when he was about 15 or 16 years old. Nick was placed in B.I.S. for truancy and fighting. Grace believed he remained in BIS for 6 months. When Nick was released, he did not re-enroll in school.

- Grace reported Nick returned to Hamilton after his release and went to work for a local dry cleaners for a brief period prior to enlisting in the Navy. Nick left school during his ninth grade year at Roosevelt Jr. High School.

  Nick enlisted in the service in September of 1944 but he met and dated Alluster prior to his enlistment. Liz believes that Alluster might be two years older than Nick. Nick completed one term in the service (2 or 3 years) and returned to Hamilton after being discharged honorably.

- Liz nor Grace could recall when Nick and Alluster were married but they both agreed their first child Elliot was born after Nick left the service. Liz believes the couple had their own apartment by the time Elliot was born.

- Liz reported that she went to school with Alluster in Hamilton. Liz also recalled that Alluster was not a woman to bother because she was tough. According to Liz, "you didn't bother her. She didn't go around starting things but when the deal went down, she ended it." Liz recalled children rarely picked on Alluster because she was a good fighter.

- Liz reported she knew Alluster's mom as Vick, but she did not have much contact with Alluster's mother.

- Liz recalled that Nick and Alluster "got into it" frequently. She did not know if the police were ever called but she does not think that was the case.

- Liz reported that both Nick and Alluster drank but Nick was the heavier drinker of the two. She believed that her brother had a long term problem with alcohol but he never sought professional help for his problem.

- Liz recalled at the funeral of their father, Nick, who had been drinking, "fell out" and had to be caught by other family members. Nick also had to go to court at one time for taking an unauthorized trip to Detroit in the Von belonging to his employer. Liz believes these actions were part of a drinking binge but Nick did not have to go to jail for theft. Liz believes it was after this incident that Nick left his family for good and went to live in Washington, D.C. with his father. (Liz reported her parents had been separated for a while when Nick moved to D.C.) At the time Nick moved to D.C. all his children had been born but his divorce from Alluster had not been finalized.

- Liz reported drank a lot and he had a temper. She believes it was that combination that caused the marriage to break up. Despite Nicks excessive weekend drinking, he did provide for the family financially and when he was sober, he was a decent father. Liz recalled that her brother was far from "A-1" as a father but he was never physically abusive towards his children.

- Liz recalled Alluster never complained to other family members about Nick. In addition to his alcoholism, Nick was known to see other women while he was married. Liz did not know if Nick had children from any of his extramarital relations.

- Liz reported Nick and Alluster had five children: "Butch" (Elliot), Von, Carol, Greg and Victor.

- Liz described Von as a quiet little boy. "He was not a slow child just a quiet child." Von seemed normal developmentally and he got along with his peers. Liz could not recall Von being a problem child behaviorally. Liz did not know how far Van went in school or how he did academically.

- Liz recalled Von went into the Navy after he left school and that he seemed to be glad when he got out. Liz was not aware of any particular goals Von had. She recalled he did work as an auto body man, as well as a dental technician.

- Liz could not recall Von having any major illness as an adult or as a child. She also had no knowledge of Von using drugs or alcohol.

- Liz reported her first awareness of Von encountering legal problems came when he killed his wife, Ernestine. She recalled he was incarcerated for 8 or 9 years. When he was released from prison, Von did not talk about his time in prison. He seemed essentially the same to Liz when he got out, quiet.

- Liz reported when Von was sent to prison for the second time, she wrote to him early on but Von never responded.

CONFIDENTIAL
ATTORNEY WORK PRODUCT

Fannie Whiteside                                          Davis
▬▬▬▬▬▬
Forest Park, Ohio
Phone
DOB:     ▬▬▬▬▬

     Interviewed by John Lee and Peggy Kent at her home on 6/23/93.

- Fannie Whiteside is the maternal great aunt of Von Davis. Fannie made it clear that she had very limited contact with Von or with his mother Alluster. She was able to give some limited social history on Alluster but because of the age difference and the fact she moved away from Hamilton when she married, very little of significance was offered. Fannie also stated that she is in favor of the death penalty.

- Fannie reported Alluster's mother was Hattie Bailey. Fannie did not believe Hattie was married at the time of Alluster's birth. Alluster was born in St. Louis where Hattie was living with her sister, Allie Bailey. Both Allie and Hattie moved to Hamilton, Ohio together. Allie, who is Fannie's oldest sister, helped raise Alluster's children. Fannie believes at one point Allie told Von that Nicholas Davis was not his father. Fannie does not know if that is the case.

- Fannie recalled that Hattie Bailey worked full time at a factory until her retirement which is why Alluster was raised essentially by her grandmother, Evelyn Bailey, and Aunt Allie.

- Fannie recalled Alluster did not attend school regularly which later impaired her ability to keep a job. She does not believe Alluster had a problem with drugs or alcohol.

- According to Fannie, Alluster liked to have a good time and ran around with several men. Fannie thinks that three of her children Von, Victor and Charles may have had different fathers.

- Fannie did not know how old Alluster was when she married Nick Davis. Fannie thought Nick was "O.K." The only other information she could offer regarding Nick was that he worked in a pressing shop and died in Michigan. She believes they were married about ten years.

- Fannie believes Nick's mother may still be living in Oxford, Ohio.

- Fannie has no recollection of Von as a child or as an adult. "All I know is he killed two women." Fannie did not know either of the women.

- Fannie was told by other family members that he did not deal with his two daughters when he was released from prison. His oldest daughter tried to contact him on several occasions but Von would not see her. Fannie believes that the children were present when their mother was killed. Fannie currently has no contact with Von's children.

**CONFIDENTIAL**
**ATTORNEY WORK PRODUCT**

Dr. Charles Flowers                                           Von Clark Davis
Virginia Beach, Virginia
Phone #(804-460-7501 (work)

Interviewed by John Lee and Steve Cheney on 6/9/93 via telephone.

Charles Flowers is an academic and guidance counselor in the Virginia Beach City Schools. He hails from Hamilton, Ohio and had some knowledge of Von's parents. Dr. Flowers was able to give some limited historical perspectives on the Davis family and a few insights on Von. Dr. Flowers can be contacted in the mornings at the number above.

- Charles reported having taught in the Hamilton City Schools for six years, however, Von was never one of his students. His knowledge of Von and the Davis family came from having grown up with Von's parents in the same neighborhood in Hamilton.

- Charles described his neighborhood, Forest Park, as a poor, predominantly Black, working-class neighborhood. Most of the parents of his peers were from the south and had little education. Church attendance was stressed and most of the families attended either a baptist or methodist church.

- Charles reported Von's mother, Alluster, lacked religious development as a child. Alluster was reared in the home of her maternal grandmother, Mrs. Bailey, who was a member of what Charles characterized as a "fringe" church (a holiness church). Charles believes Alluster's lack of. direction, both domestically and spiritually, may have contributed to her "wild" nature.

- Charles believes Alluster's mother was Vicki Bailey and he did not recall whether or not Vicki was married at the time of Alluster's birth.

- Vicki lived with her mother, Mrs. Bailey, at the time of Alluster's birth along with numerous aunts and uncles. Charles recalled that Mrs. Bailey was the matriarch of the family and "all the children were under her; Alluster had two mothers."

- Charles, who lived next door to the Bailey home, recalled there were few positive role models in the home because all the uncles and Vicki were all "drinkers and carousers." Charles would not be specific but he speculated that morals in the Bailey home were rather loose.

- Charles described Alluster as a "happy-go-lucky" kid, who was not a good student. There was an emphasis on behaving in the Bailey home and if you did not you got a whipping. Charles also reported Alluster had a temper and if you got in her face, she would fight you. Charles reported she fought almost daily and may have been suspended from school at some time.

- Charles reported Alluster got pregnant either in junior high school or early in high school. He believes the father was Nick Davis. Charles believes Alluster left her grandmother's home to live with Nick about a year after the birth of her first child. (Charles believes Alluster was between the ages of 15 and 17).

- Charles remembered Nick Davis as being a very popular young man in Hamilton. Nick did not finish high school; however, his sister, Elizabeth Davis Herbert, was an honor student. Charles believes Elizabeth still resides in Forest Park. Charles has no knowledge of the whereabouts of any other Davis family members.

- Charles reported Nick and Alluster had 3 children before they married. Charles stated that there was some speculations in the community that Alluster's fourth child was not fathered by Nick. Charles did not know who the father might have been.

- Charles recalled that Alluster and Nick fought frequently. Most of the arguments centered on Nick's absence from the family home. Charles reported that Nick would continue to go night clubbing during his wife's pregnancies when she could not. Nick also traveled to Chicago and Detroit frequently for unknown reasons. Charles reported Alluster and Nick fought physically and the children saw them.

- Charles described Von as a very poor student who had no academic discipline, "just like his mother." He also believes that Von did not have good male role modeling because of the "parade of men" in and out of the home.

- Charles believed Von learned to hate women because he was always being whipped by one, be it his mother or one of his female relatives. Charles stated that he thinks a great deal of Alluster's anger from her childhood carried over to her adult life, and that unresolved anger resulted in numerous whippings for Von.

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

    Plaintiff-Respondent,            :

-vs-                                    :   Case No.  CR 83-12-0614

VON CLARK DAVIS,                        :

    Defendant-Petitioner.            :

## EXHIBIT  U

### AFFIDAVIT OF MILTON FLOWERS

STATE OF OHIO,

COUNTY OF BUTLER, SS:

    I, Milton Flowers, being first duly sworn according to law, state the following:

    1)  I am a family friend of Petitioner Davis.

    2)  I became acquainted with Petitioner's family when I lived next door to them in Hamilton, Ohio.  Petitioner's mother, Alluster, was just a baby. In addition to Alluster, Alluster's mother, Hattie Bailey, and Alluster's grandmother lived in the home.

    3)  I really did not believe that Hattie Bailey had all her marbles.  She was no mother at all to Alluster.  If it were not for Alluster's grandmother and her uncle Tecumsah, I do not know what would have happened to Alluster.

    4)  Hattie did not care what Alluster would do; she just wanted Alluster to stay out of her way.

5) Hattie was a violent character who would become abusive.  She would say a lot of things she would be sorry for later.

6) Alluster, like her mother, had a violent temper.  It did not take much for her to get upset.  She got into numerous fights.

7) Alluster married Petitioner's father, Nick Davis, at a very young age.  When Alluster and Nick were first married, there were at times food shortages in their home.

8) Alluster was just about like Hattie as a mother.

9) After Nick and Alluster separated, there were a lot of men in and out of Alluster's life.  The quality of care for the children, including Von, was poor.

10) Von was very small as a child.  He suffered because of his size; he felt as if he were being taken advantage of.

11) Von had a violent temper.  At times when he was angry, the other kids would have to catch and hold him until he cooled down.

12) Von would have violent outbursts in school.  These outbursts were like those that Alluster and Hattie had.

13) I feel that Von is a product and victim of his environment.  He faced rejection both at home and in the community.

14) Von was really out there on his own while he was growing up.  He was not able to go home to talk to anyone.

15) I would have been willing to testify on Von's behalf at his original capital trial in 1984 and at his resentencing in 1989.

16)  I love Von and do not want him to be executed.

Further Affiant saith naught.

_____
MILTON FLOWERS

Sworn to and subscribed in my presence this 28 day of September 1993.

_____
NOTARY PUBLIC

JOANN M. BOUR-STOKES, Attorney At Law
NOTARY PUBLIC, STATE OF OHIO
My commission has no expiration date.
Section 147.03 R.C.

## IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff, | : | Case No. CR 1983-12-0614 |
| vs. | : | |
| VON CLARK DAVIS | : | Judge Nastoff |
| Defendant. | : | |

---

## AFFIDAVIT OF DR. ORLANDO HERNANDEZ, M.D.

---

State of Ohio,

County of Hamilton, ss:

I, Dr. Orlando Hernandez, after being duly sworn according to law, state as ~~since 1998 off~~ follows:

1. I am a medical doctor and have been licensed in the State of Ohio ~~for twenty years.~~ My office address is 2827 Orchardpark Drive, Cincinnati, Ohio 45239. I am affiliated with Bethesda North Hospital, ~~Fort Hamilton Hughes~~ *off* ~~Memorial Hospital,~~ and Jewish Hospital of Cincinnati.

2. I work ~~for~~ *with* Glendale Place Care Center, which is a skilled nursing facility. In that capacity I am the treating physician for Fannie Whiteside.

3. Ms. Whiteside is a person with Alzheimer's disease, Senile Dementia, and significant memory loss.

4. Because of these deficits, she is not able to communicate clearly, and suffers from short and long term memory loss.

5. It is my opinion, within a reasonable degree of medical certainty, that Ms. Whiteside, because of her Alzheimer's disease, Senile Dementia, and significant memory loss, is unable to accurately recollect impressions or observations she had of past events and as a result she will not be able to accurately relate those impressions or observations to the Court.

6.    Further affiant sayeth naught.

_____
Dr. Orlando Hernandez

Sworn and subscribed to me this the 2nd day of September, 2009

_____
Notary Public



**ANGIE WILEY**
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES MAY 4, 2013

2

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,                    :

    Plaintiff,                   :      **Case No. CR 1983-12-0614**

vs.                              :

**VON CLARK DAVIS**              :      **Judge Nastoff**

    Defendant.                   :

---

## AFFIDAVIT OF DR. JAMES I. FIDELHOLTZ, M.D.

State of Ohio,
County of Hamilton, ss:

    I, Dr. James I. Fidelholtz, after being duly sworn according to law, state as follows:

    1.    I am a medical doctor and have been licensed in the State of Ohio for thirty-three years. My office address is 6103 Hamilton Avenue, Suite A, Cincinnati, Ohio 45224. My area of specialty is internal medicine and I have a subspecialty of geriatric medicine.

    2.    I am affiliated with Good Samaritan Hospital in Dayton, Ohio; Mercy Hospital in Fairfield, Ohio; Mercy Franciscan Hospital in Mt. Airy, Ohio: and Deaconess Hospital in Evansville, Indiana.

    3.    I am the treating physician for Elizabeth Crawford. She is a person with Dementia.

    4.    It is my opinion, within a reasonable degree of medical certainty, that Ms. Crawford, because of her Dementia, is unable to accurately recollect impressions or observations she had of past events and as a result she will not be able to accurately relate those impressions or observations to the Court.

    5.    Further affiant sayeth naught.

_____
Dr. James I. Fidelholtz

Sworn and subscribed to me this the 2nd day of September, 2009

_____
Notary Public



ANGIE WILEY
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES MAY 4, 2013

2



IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

2009 SEP -4 AM 11: 12

BUTLER COUNTY
CLERK OF COURTS

| | | |
|---|---|---|
| **STATE OF OHIO** | : | **CASE NO. CR83-12-0614** |
| Plaintiff | : | |
| vs. | : | **ENTRY GRANTING FUNDS** |
| | | **FOR OUT OF STATE** |
| **VON CLARK DAVIS** | : | **WITNESS APPEARANCE** |
| Defendant | : | **JUDGE NASTOFF** |

: : : : :

Upon application of counsel and for good cause shown,

**IT IS HEREBY ORDERED THAT** the Auditor of Butler County Ohio shall issue a check in the amount of $560.45 to Delbert Flowers, a resident of the State of Maryland whose appearance has already been secured via a subpoena. This sum is for Payment for Mr. Flowers as a Witness for mileage, travel, and witness fees in the above entitled matter which is set for a Mitigation Trial before this Court beginning September 8-11, 2009.

In the event that these funds are not issued immediately, the monies for this Witness' fees and travel will be guaranteed by the Court.

NASTOFF, J.



09/04/2009  10:27                                    (FAX)                    P.002/004



IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO



STATE OF OHIO,                      :

    Plaintiff,                      :        **Case No. CR 1983-12-0614**

vs.                                 :

FILED in Common Pleas
BUTLER COUNTY, OHIO

**SEP 0 4 2009**

CINDY CARPENTER
CLERK OF COURTS

**VON CLARK DAVIS**                          **Judge Nastoff**

    **Defendant.**                   :

---

### DEFENDANT'S SUPPLEMENTAL ANSWER
### TO REQUEST FOR DISCOVERY

---

    ***NOW COMES*** Defendant, by and through his undersigned counsel, and, responding to the State's Motion for Discovery, responds as follows:

**A. DOCUMENTS AND TANGIBLE OBJECTS, CRIMINAL RULE 16(C)(1)(a):**

    WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon identification of additional evidence.

**B.  REPORTS OF EXAMINATIONS OR TESTS, CRIMINAL RULE 16(B)(1)(d):**

    WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon identification of additional evidence.

**C. WITNESSES' NAMES AND ADDRESSES; CRIMINAL RULE 16(C)(1)(c):**

1.   Dr. Orlando Hernandez            2827 Orchardpark Drive
                                                     Cincinnati, OH 45239

2.   Dr. James I. Fidelholtz          6103 Hamilton Ave., Suite A
                                                     Cincinnati, OH 45224



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135



WHEREFORE, the Defendant reserves the right to utilize any discovery provided by the State in its Answers of Discovery. Defendant reserves the right to supplement this response upon identification of additional evidence.

Respectfully submitted,

Melynda Cook-Reich (SC# 0066596)
REPPER, PAGAN, COOK
Attorney for Defendant
1501 First Avenue
Middletown, OH 45044
(513) 424-1823; Fax (513)424-3135

and

Randall Porter (SC#0005835)
Assistant State Public Defender
Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

COUNSEL FOR VON CLARK DAVIS



**Repper, Pagan,
Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

2

Case: 2:16-cv-00495-SJD-MRM Doc #: 4-39 Filed: 08/08/16 Page: 20 of 200 PAGEID #: 4915

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered via Fax to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney by leaving same at the Office of the Butler County Prosecuting Attorney, 11th Floor, 315 High Street, Hamilton, Ohio 45011, on this day September___4___, 2009.

Melynda Cook-Reich (SC# 0066596)



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

3

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4881

09/04/2009   10:27                                    (FAX)                           P.001/004



Repper, Pagan, Cook, Ltd.
Attorneys and Counselors at Law
1501 First Avenue
Middletown, OH 45044
513-424-1823
fax # 513-424-3135

# Fax

| **To:** | Butler County Clerk; | **From:** | Melynda Cook-Reich |
|---|---|---|---|
| | APA Michael Oster;  APA Dan Eichel | | |
| **Fax:** | (513) 887-3966;  (513) 887-3489 | **Date:** | September 4, 2009 |
| **Phone:** | | **Pages:** 4 | |
| **Re:** | State of Ohio v. Von Clark Davis | **CC:** | |
| | Case No. CR1983-12-0614 | | |

☐ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

•**Comments:**  Attached please find Defendant's Supplemental Answer to Discovery to be filed with the Court with regards to the above-referenced case.

*THIS MESSAGE AND ACCOMPANYING DOCUMENTS ARE INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH THEY ARE ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE RECEIVER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY WARNED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.*

From the desk of...
Ashley Streck
Legal Assistant

FILED

**IN THE COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

2009 SEP -8 PM 12: 17

IMAGED

STATE OF OHIO, CARPENTER    :
         BUTLER COUNTY

      **Plaintiff,** CLERK OF COURTS  :  **Case No. CR 1983-12-0614**

**vs.**                    :  **Judge Nastoff (Presiding Judge)**

**VON CLARK DAVIS**     :  **Judge Prater**

      **Defendant.**       :  **Judge Spaeth**

---

## VON CLARK DAVIS EXHIBIT LIST

---

A    Autopsy of Ernestine Davis

B    Death certificate of Charles Flowers

C    Death certificate of Milton Flowers

D    Affidavit of Dr. James Fidelholtz, M.D.

E    Affidavit of Dr. Orlando Hernandez, M.D.

F    Summary of July 13, 1993 interview of Elizabeth Crawford

G    Summary of June 9, 1993 interview of Charles Flowers

H    Affidavit of Milton Flowers, executed September 28, 1993

I    Summary of June 23, 1993 interview of Fannie Whiteside

J    Institutional Summary, Von Davis

K    DRC Record-Budget Inmate Costs as of 5/14/09

L    Curriculum Vitae – Dr. Robert Smith



Respectfully submitted,

Melynda Cook-Reich  (SC# 0066596)
REPPER, PAGAN, COOK
Attorney for Defendant
1501 First Avenue
Middletown, OH  45044
(513) 424-1823 (Telephone)
(513)424-3135 (Facsimile)
Mcook@bizcinci.rr.com

and

Randall Porter  (SC#0005835)
Assistant State Public Defender
Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio  43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was hand delivered to Daniel G. Eichel, Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney by leaving same at the Office of the Butler County Prosecuting Attorney, 11th Floor, 315 High Street, Hamilton, Ohio 45011, on this day September 8, 2009.

Randall L. Porter
Counsel for Von Clark Davis

2

C000197157

# BUTLER COUNTY SHERIFF'S OFFICE

### RETURN OF CRIMINAL SUBPOENA
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

IMAGED

**STATE OF OHIO**

vs.

**VON CLARK DAVIS**

**CASE NUMBER:** CR 1983 12 0614

**DATE ISSUED:** August 19, 2009

**COURT DATE:** 09/08/09 THROUGH 09/11/09

**WITNESS INFORMATION:**
Name:  VICTOR DAVIS
Address: ▮▮▮▮▮▮▮▮▮▮▮
  HAMILTON, OH 45013

**SHERIFF'S INSTRUCTIONS:**  This Subpoena is required to be personally served upon the person named above.

**DOCUMENTED ATTEMPTS AT SERVICE:**
  Date: 08-25-09  0840 NC 1109
  Date:
  Date:

**PERSONAL SERVICE:**
Signature:

**PERFECTED SERVICE:**
  Date:_____ Time:_____

**ALTERNATE SUBJECT SERVED:**
Signature:
Printed Name:
Relationship:

**FAILURE OF SERVICE:**
  Reason for failure:

**SHERIFF'S FEES:**
  Mileage:  1.50
  Return of Service:  6.00
  TOTAL FEES:  7.50

  Deputy:
  Badge Number:

| CIVIL DIVISION |
| DATA ENTRY OF FEES |
| Initial: BM |
| Date: SEP 0 9 2009 |

*File this document with Butler County Clerk of Courts*



**CINDY CARPENTER**  **CLERK OF COURTS**

*WITNESS SUBPOENA COPY:*
**LISA LINK**



**CINTI, OH 45239**

Date:  August 28, 2009  Case No.: CR 1983 12 0614
  STATE OF OHIO VS VON CLARK DAVIS

**S U B P O E N A  S E R V E D  B Y  P R O C E S S  S E R V E R**
**C O U R T  O F  C O M M O N  P L E A S ,  B U T L E R  C O U N T Y ,  O H I O**

TYPE OF SUBPOENA: SENTENCE HEARING

To the above named Witness:  You are hereby commanded to appear in the Common Pleas Court of Butler
County Ohio at the Government Services Center, 315 High Street, 3RD Floor, Hamilton, Ohio 45011.

  DATE: SETPEMBER 8 2009  TIME: 9:00 AM

  JUDGE: NASTOFF

You are required to attend and give testimony on behalf of the plaintiff/defendant in the above captioned
case under penalty of law.

To apply for payment for your services as a witness after testimony, bring this subpoena to the office of the
Butler County Clerk of Courts.

CINDY CARPENTER  REQUESTING ATTORNEY:
Butler County Clerk of Courts  NAME: ROBIN PIPER
  ADDRESS: 315 HIGH ST
  CITY& STATE: HAMILTON OH
  ZIP: 45011
  PHONE: (513)887-3474

By: SHONDA ERTEL
Deputy Clerk

WITNESS CERTIFICATION
I attest that I appeared to give testimony in the above captioned case: I was present in the Court of Common Pleas for _____ days.
As an out of county witness, I traveled __20___ miles from the city of __CINCINNATI_____ in the
State___OHIO_

SIGNATURE: _____
  (Witness)

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4886

**COURT OF COMMON PLEAS**

**BUTLER COUNTY, OHIO**

| | | |
|---|---|---|
| **STATE OF OHIO** | * | **Case No.: CR03-12-0614** |
| | * | |
| **Plaintiff** | * | **Judge Nastoff** |
| | * | |
| **vs.** | * | <u>**VERDICT FORM**</u> |
| | * | |
| **VON CLARK DAVIS** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

We, the three-judge panel, do hereby find the aggravating circumstance that the Defendant was found guilty of committing:

_____ Does not outweigh the mitigating factors presented in this case by proof beyond a reasonable doubt.

___✓___ Does outweigh the mitigating factors presented in this case by proof beyond a reasonable doubt.

Date: Sept 10, 2009

"Enter"

_____
**Andrew Nastoff, Judge**

_____
**Charles L. Pater, Judge**

_____
**Keith M. Spaeth, Judge**

**STATE OF OHIO**

FILED
IMAGED

: CASE NO. CR1983–12-0614

2009 SEP 21 PH 1 **STATE OF OHIO**

Plaintiff

**COUNTY OF BUTLER**

vs.

**COURT OF COMMON PLEAS**

CLERK OF COURT Nastoff, P.J.; Pater and Spaeth, JJ.

**VON CLARK DAVIS**

:

Defendant : **PRIORITY**
**JUDGMENT OF CONVICTION ENTRY**
*[This is a Final Appealable Order.]*

: : : : : : : : : : :

This 8th-10th days of September, 2009, came the Prosecuting Attorney into Court

and the Defendant personally appearing with his counsel, Melynda W. Cook-Reich and

Randall L. Porter, and the charges, plea of Not Guilty, and Findings of the three-judge panel

as to Count One with Specification being set forth in the previous Entry which is expressly

included herein by reference. Wherefore, the Defendant being informed that he stands

convicted of **AGGRAVATED MURDER** contrary to R.C. 2903.01(A) with **Specification to**

**Count One** pursuant to R.C. 2929.04(A)(5) as charged in Count One of the Indictment, the

Court afforded counsel an opportunity to speak on behalf of the Defendant, and the Court

addressed the Defendant personally and asked if he wished to make a statement in his own

behalf or present any information in mitigation of punishment, and after having heard all the

facts adduced by both parties, the panel of three judges having engaged in a determination

of sentence for Count One pursuant to the requirements of R.C. 2929.03(D) and having

unanimously found, by proof beyond a reasonable doubt, that the aggravating circumstance

the Defendant was found guilty of committing outweighs the mitigating factors presented

herein, and nothing being shown as to why sentence should not now be pronounced,

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

**Page 1 of 2**



*State v. Von Clark Davis*, Case No. CR1983-12-0614
*Judgment of Conviction Entry* -- Page 2

It is **ORDERED** as to **Count One** that the **sentence of death** shall be imposed upon the Defendant, which sentence is imposed pursuant to R.C. 2929.02(A) and 2929.03 – 2929.04, said sentence being in addition to a term of imprisonment previously imposed by journal entry as to **Count Two**. Defendant is **FURTHER ORDERED** to pay all costs of prosecution. The Sheriff is hereby **ORDERED** to convey the Defendant to the custody of the **Ohio Department of Rehabilitation and Correction**, forthwith. Defendant was further advised of all of his rights pursuant to Criminal Rule 32, including his right to appeal the judgment, his right to appointed counsel at no cost, his right to have court documents provided to him at no cost, and his right to have a notice of appeal filed on his behalf.

**E N T E R**

**ANDREW NASTOFF, Presiding Judge**

**CHARLES L. PATER, Judge**

**KEITH M. SPAETH, Judge**

**Approved as to Form:**
**ROBIN N. PIPER** (0023205)
**PROSECUTING ATTORNEY**
**BUTLER COUNTY, OHIO**
DGE/MAO
09/15/2009

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

**Page 2 of 2**





### COURT OF COMMON PLEAS
### BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | * | **Case Number: CR1983 12 0614** |
| | * | |
| **Plaintiff,** | * | **Judge Andrew Nastoff, Presiding** |
| | * | **Judge Charles Pater** |
| vs. | * | **Judge Keith M. Spaeth** |
| | * | |
| VON CLARK DAVIS, | * | **SENTENCING OPINION** |
| | * | |
| **Defendant.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Court issues this sentencing opinion pursuant to R.C. 2929.03(F).

On January 6, 1984, the Butler County Grand Jury returned a two count indictment against Defendant. Count One of the indictment charged Defendant with aggravated murder in violation of R.C. 2903.01(A) with two specifications. Specification One charged that prior to the offense at bar, Defendant was convicted of murder in the second degree, in violation of R.C. 2901.05 on April 20, 1971, an essential element of which was the purposeful killing of another as specified in R.C. 2929.04(A)(5). Specification Two charged that Defendant had a firearm on or about his person or under his control while committing the offense set forth in Count One, as specified in R.C. 2929.71. Count Two charged Defendant with having weapons under disability in violation of R.C. 2923.13(A)(2).

Defendant pled not guilty to all of the charges and specifications. Defendant waived his right to a jury trial and requested that the matter be tried to a three-judge panel.

Beginning May 4, 1984, Defendant was tried by a three-judge panel that found

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

1

Defendant guilty of all charges and specifications. On May 29, 1984, the trial's sentencing phase commenced. At the conclusion of the sentencing phase, the three-judge panel held that the aggravating circumstance outweighed the mitigating factors beyond a reasonable doubt and sentenced Defendant to death.

On September 14, 1988, the Ohio Supreme Court held that the three-judge panel erred by considering and weighing non-statutory aggravating circumstances against mitigating factors when it imposed Defendant's death sentence. The Ohio Supreme Court affirmed Defendant's convictions, but reversed his sentence and remanded the case to the trial court for resentencing.

On remand, Defendant sought to introduce additional mitigation evidence in the form of testimony from prison personnel employed at the Southern Ohio Correctional Facility in Lucasville, Ohio. Defendant argued that the testimony was relevant because it showed good behavior while on death row. The reconstituted three-judge panel did not permit Defendant to offer additional mitigation evidence. Instead, the panel simply reconsidered the evidence presented at the original sentencing phase. Once again, the panel found that the sole aggravating circumstance outweighed the mitigating factors beyond a reasonable doubt and imposed the death penalty.

Both the Twelfth District Court of Appeals and Ohio Supreme Court affirmed Defendant's death sentence. Defendant then petitioned the United States District Court for the Southern District of Ohio for a writ of habeas corpus. The District Court denied

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

2

Defendant's petition. On appeal, the United States Court of Appeals for the Sixth Circuit reversed Defendant's death sentence, holding that the trial court erred at resentencing when it barred Defendant from presenting new mitigation evidence concerning his good behavior while on death row. On January 29, 2007, the Sixth Circuit remanded the matter to the District Court. On July 19, 2007, the District Court granted Defendant's writ of habeas corpus conditioned upon the State of Ohio granting Defendant a new sentencing hearing.

On remand, this Court assumed jurisdiction over the instant case. On December 19, 2007, to comply with the mandate handed down from the federal courts, this Court granted Defendant a new sentencing hearing. Because the original three-judge panel could not reconstitute, the undersigned three-judge panel was formed pursuant to R.C. 2929.06 and Ohio Rule of Criminal Procedure 25(B).

Pursuant to R.C. 2929.03 and R.C. 2929.04, the undersigned three-judge panel presided over Defendant's resentencing hearing from September 8, 2009 through September 10, 2009 to determine whether the single aggravating circumstance in this case outweighed the mitigating factors beyond a reasonable doubt.

## AGGRAVATING CIRCUMSTANCE

In this case, the aggravating circumstance that is to be weighed against the mitigating factors is as follows: that prior to the offense at bar, the offender was convicted of an offense an essential element of which was the purposeful killing of another. R.C. 2929.04(A)(5).

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

3

The State of Ohio re-introduced the journal entry of conviction filed in Butler County Common Pleas Case Number 21655 reflecting Defendant's 1971 conviction for second degree murder in violation of R.C. 2901.05. The State further offered portions of the 1984 trial transcript to show then-defense counsel's stipulation to the 1971 entry of conviction, its pertinence to Defendant, and that an essential element of R.C. 2901.05 was the purposeful killing of another. The evidence established that the victim of Defendant's prior purposeful killing was his wife, Ernestine. The State submitted no other evidence. The Court accepted the aforementioned evidence to the extent that it was relevant to the aggravating circumstance committed in this case.

## MITIGATING FACTORS

Mitigating factors are factors which, while they do not justify or excuse the crime, nevertheless in fairness and mercy, may be considered as they call for a penalty less than death, or lessen the appropriateness of a sentence of death. Mitigating factors are those factors about an individual that weigh in favor of a decision that a sentence of life in prison is the appropriate sentence.

As requested by Defendant and in accordance with R.C. 2929.04(B), the Court has weighed against the aggravating circumstance the nature and circumstances of the offense, the history, character, and background of the Defendant, and all of the following:

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

1. Any other factors that are relevant to the issue of whether the offender should be sentenced to death (R.C. 2929.04(B)(7)):

A. Borderline personality disorder;

4

B. Alcohol abuse;

C. Love and support of family members and friends;

D. Testimony of Defendant's daughter, Sherry Davis, regarding her forgiveness of Defendant for the purposeful killing of her mother;

E. Good behavior while in prison;

F. Childhood and family experience, and the impact of each upon Defendant's personality development and mental health;

G. Remorse and apology;

H. Age (62 years old);

I. Probability of no release from prison;

J. Whether a sentence of life in prison would bring closure to the victim's family;

K. The savings to taxpayers should a life sentence be imposed.

It must be noted that Defendant did not request a pre-sentence investigation or mental examination pursuant to R.C. 2929.03(D)(1); therefore, neither were ordered for the Court's review and deliberation. In consideration of the aforementioned factors, the Court heard evidence from the following individuals.

## Family and Friends

The Court heard testimony from Defendant's mother (Alluster Tipton), step-father (Charles Tipton), younger sister (Carol Smith), younger brother (Victor Davis), daughter (Sherry Davis), and two friends (Rick Rotundo and Fran Welland).

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

5

The testimony of each witness centered on Defendant's positive aspects and his importance in their lives. Each witness testified to maintaining some amount of contact with Defendant, despite his incarceration on death row. Each witness opposed the re-imposition of the death penalty in this case.

### Prison Personnel

The Court also heard testimony from Defendant's prison case manager, Scott Nowak, regarding Defendant's positive prison record and his position on death row's "extended privilege unit" or "honor block." The Court reviewed Defendant's institutional summary, which revealed no more than a single occurrence of prison misconduct since 1984. Defendant's sole instance of misconduct occurred in 1990.

The Court also heard testimony from Jeremy Stineman, who conducted Alcoholics Anonymous meetings with death row inmates, including Defendant, for several years. Stineman testified that Defendant regularly attended meetings and participated actively.

### Cynthia Mausser

The Court heard testimony from Cynthia Mausser, Chairperson of the Ohio Parole Board, who described the Parole Board's various policies and procedures. Defense counsel posed hypothetical questions to Mausser, who testified that an individual with Defendant's background is "unlikely" to be paroled at the first opportunity, and would "likely" spend a substantial portion of his adult life in prison. Mausser could not, however, state with any certainty if or when Defendant might be paroled if this Court imposed a sentence less than

6

death. Mausser did testify that if Defendant became parole-eligible, he would be considered

for parole at intervals ranging from one to ten years for the rest of his life. Mausser testified

that in each instance, the victim's family would be notified and could appear to voice

opposition to Defendant's release.

### Dr. Robert Smith

Finally, the Court heard testimony from clinical psychologist and certified addiction

specialist, Dr. Robert Smith. Dr. Smith recounted Defendant's social history, including

interviews that he conducted with Defendant's family members, some of whom testified

during the mitigation phase of this trial. Dr. Smith also reviewed the interview summaries of

other individuals who were familiar with the Defendant. Additionally, Dr. Smith reviewed

Defendant's prior psychological evaluations, conducted between 1964 and 2002. After

conducting interviews and reviewing summaries and evaluations, Dr. Smith met with

Defendant twice. Each visit lasted approximately five to six hours. Dr. Smith testified that

the aforementioned interviews and evaluations, in the aggregate, provided a sufficiently

"rounded" and "longitudinal" picture of the Defendant for purposes of rendering a diagnosis.

Dr. Smith found that at the time of the offense at bar, Defendant suffered from

borderline personality disorder and alcohol dependence. Dr. Smith found that Defendant

suffers from these co-occurring disorders to this day. In Dr. Smith's opinion, a biological

component exists with respect to the borderline personality disorder. It is Dr. Smith's belief

that Defendant's borderline personality disorder formed in early adolescence when

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

7

Defendant's dysfunctional childhood environment and the biological component coalesced. Dr. Smith testified that his diagnosis does not excuse or justify Defendant's actions in killing Suzette Butler, but offers some explanation as to how or why the killing occurred.

Dr. Smith testified that Defendant's good behavior while in prison is not surprising, given that individuals with borderline personality disorder function well in a highly structured environment such as prison. Ultimately, however, Dr. Smith failed to forecast Defendant's behavior or recommend a treatment plan, should he eventually be released from prison.

## FINDINGS

In order to sentence Defendant to death, the law requires that the three-judge panel find beyond a reasonable doubt that the aggravating circumstance in this case outweighs the mitigating factors. The panel must consider the evidence presented as to the aggravating circumstance that transformed the offense of aggravated murder from a case in which death was not a potential penalty to one in which death is a potential penalty. This aggravating circumstance must be then weighed against the mitigating factors that would weigh in favor of a decision that a sentence of life in prison is the appropriate sentence.

The weighing process is just that. The panel must place the aggravating circumstance on one side and place all of the mitigating factors on the other, and then determine beyond a reasonable doubt whether the aggravating circumstance outweighs the mitigating factors. Proof beyond a reasonable doubt mandates that this panel have a firm

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

8

belief or conviction in what is to be established. Proof beyond a reasonable doubt requires that an ordinary person be willing to act upon that proof in the most important of his or her own affairs.

The aggravating circumstance in this case relates that prior to committing the aggravated murder of Suzette Butler with prior calculation and design, Defendant was previously convicted of purposefully killing Ernestine Davis. The three-judge panel unanimously finds that the aggravating circumstance deserves great weight.

Against the aggravating circumstance, the panel weighs the following mitigating factors:

In accordance with R.C. 2929.04(B), the panel finds nothing mitigating about the nature and circumstances of the offense itself.

The panel has considered the testimony offered to show that Defendant is loved and supported by family and friends. This evidence is not atypical and does not deserve significant weight. The panel has also considered the testimony of Sherry Davis and the fact that she has forgiven Defendant for purposefully killing her mother; however, the panel affords this factor very little weight. The panel further considered the testimony of Defendant's friends and family concerning his dysfunctional family and childhood experiences. The panel finds the testimony to be unconvincing and entitled to little or no weight.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

9

The panel considered the impact of Defendant's family experiences upon his personality development and mental health, as detailed in Dr. Robert Smith's testimony. The panel finds that the separate testimony of Defendant's family and friends does not support Dr. Smith's conclusion that Defendant suffered an extreme and dysfunctional upbringing. Nevertheless, assuming that Defendant's background contributed in some way to the development of Defendant's borderline personality disorder and alcohol dependence, the panel still finds that Dr. Smith's diagnosis, even if valid, is entitled to little weight in mitigation.

The panel considered the testimony of Cynthia Mausser offered to show the probability that Defendant would never be released from prison if given a sentence less than death. The panel unanimously finds this evidence to be highly speculative and unconvincing and entitled to no weight.

The panel considered the Defendant's good behavior while in prison, the Defendant's advanced age, and the Defendant's remorse and apology during his unsworn statement. The panel attributes little weight to each factor.

Finally, Defendant proposed that the panel should consider that a life sentence in this case would be economically beneficial to taxpayers and would bring closure to the victim's family. The panel is uncertain whether these factors are relevant mitigating factors under Ohio law; nonetheless, the panel considered Defendant's evidence and arguments to ensure that he had a full opportunity to present all mitigating evidence during the sentencing phase.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

10

After considering evidence and testimony relevant to these factors, the panel affords them no weight.

The panel must weigh all of the relevant mitigating factors, adjudge the collective weight of the factors, and determine if the sole aggravating circumstance in this case outweighs the mitigating factors beyond a reasonable doubt.

In performing that task, the Judges of this panel unanimously find that the aggravating circumstance outweighs, beyond a reasonable doubt, the individual and the aggregate of the mitigating factors present in this case. Therefore, the panel finds that the sentence of death shall be imposed upon the Defendant, Von Clark Davis.

    **SO ORDERED.**

ENTER,

_____
Andrew Nastoff, Judge

_____
Charles Pater, Judge

_____
Keith M. Spaeth, Judge

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

11

cc:

Michael A. Oster, Jr.
Assistant Prosecuting Attorney
315 High Street, 11th Floor
Hamilton, OH 45011

Randall L. Porter
Assistant State Public Defender
8 East Long Street – 11th Floor
Columbus, Ohio 43215

Melynda Cook-Reich
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45042

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

12

The Supreme Court of Ohio
**Rule 37(B) Capital Case Report**



Daniel Andrew Nastoff                                    09/09

Reporting Judge                                          Reporting Month and Year

Butler

County

### Case Information

CR83-12-0614                              Von Clark Davis

Case Number                               Defendant's Name

12/22/83                                              FILED BUTLER CO.
                                                      COURT OF APPEALS
Date Filed

10/2/07                                            SEP 2 2 2009

Date Case Assigned to Reporting Judge
                                                    CINDY CARPENTER
                                                    CLERK OF COURTS
**Description of Counts** (attach additional sheets if necessary)

1 Ct. I, Aggravated Murder, w/ Spec. I - Prior conviction of Murder, Spec. II - Firearm

2 Ct. II, Having Weapons Under Disability

3

4

5

6

**Disposition of Counts** (attach additional sheets if necessary)

| Date of Disposition | Disposition Code | If Disposition Code H (Other), describe manner of disposition | Disposition Codes |
|---|---|---|---|
| 1 09/10/09 | H | Resentencing by three-Judge panel | A. Nolle prosequi |
| 2 | Code | | B. Dismissal for lack of speedy trial |
| 3 | Code | | C. Guilty or no contest plea (to judge) |
| 4 | Code | | D. Guilty or no contest plea (to three-judge panel) |
| 5 | Code | | E. Trial by jury |
| 6 | Code | | F. Trial by three-judge panel |
| | | | G. Not guilty by reason of insanity |
| | | | H. Other |

If defendant was found guilty of a capital offense, was death imposed?   Yes ✓   No ☐

☐ Check if additional sheets are attached

                                                        09/22/09

Judge Signature                                         Date

Fax or mail to:
Case Management Section
The Supreme Court of Ohio
65 South Front Street, 6th Floor
Columbus, Ohio 43215-3431
Fax 614.387.9419                                            July 1, 2009

# COURT OF COMMON PLEAS
## Butler County

315 High Street, Third Floor
Hamilton, Ohio 45011
513-887-3290
Fax 513-887-3621

Judges
Trial Division

Craig D. Hedric
Andrew Nastoff
Patricia J. Oney
Charles L. Pater
Noah E. Powers
Michael J. Sage
Keith M. Spaeth

Judge
Andrew Nastoff

FILED BUTLER CO.
COURT OF APPEALS
SEP 22 2009
CINDY CARPENTER
CLERK OF COURTS

September 22, 2009

Kristina D. Frost, Clerk
Office of the Clerk
The Supreme Court of Ohio
65 South Front Street, 8th Floor
Columbus, Ohio 43215

In Re: State of Ohio vs. Von Clark Davis, CR83-12-0614

Dear Clerk:

The above-captioned case was returned to this Court from District Court in October, 2007, for resentencing. The mitigation hearing in this case was heard September 8 through 10, 2009 by a three-judge panel. I am, therefore, enclosing a copy of a Capital Case Report. The original Report has been faxed to the Case Management Section of the Ohio Supreme Court. Also enclosed are a copy of the Judgment of Conviction Entry and Sentencing Opinion, filed September 21, 2009.

These documents are being sent to you for filing pursuant to O.R.C. 2929.03(F), the law effective at the time of the original sentencing in this case.

If you need any further information, please feel free to contact me through the means above.

Sincerely,

Andrew Nastoff, Judge

ms

Enclosures

# COURT OF COMMON PLEAS
## Butler County

315 High Street, Third Floor
Hamilton, Ohio 45011
513-887-3290
Fax 513-887-3621

Judges
Trial Division

Craig D. Hedric
Andrew Nastoff
Patricia J. Oney
Charles L. Pater
Noah E. Powers
Michael J. Sage
Keith M. Spaeth

Judge
Andrew Nastoff

September 22, 2009

FILED BUTLER CO.
COURT OF APPEALS

SEP 2 2 2009

CINDY CARPENTER
CLERK OF COURTS

Mr. Ben Manning
Court Administrator
Twelfth District Court of Appeals
1001 Reinartz Boulevard
Middletown, Ohio 45044

In Re:  State of Ohio vs. Von Clark Davis, CR83-12-0614

Dear Ben:

The above-captioned case was returned to this Court from District Court in October, 2007, for resentencing. The mitigation hearing in this case was heard September 8 through 10, 2009 by a three-judge panel. I am, therefore, enclosing copies of the Judgment of Conviction Entry and Sentencing Opinion, filed September 21, 2009.

These documents are being sent to you for filing pursuant to O.R.C. 2929.03(F), the law effective at the time of the original sentencing in this case.

If you need any further information, please feel free to contact me through the means above.

Sincerely,

Andrew Nastoff, Judge

ms

Enclosures

FILED BUTLER CO.
COURT OF APPEALS

SEP 2 2 2009

CINDY CARPENTER
CLERK OF COURTS

## COURT OF COMMON PLEAS
### BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | * | **Case Number: CR1983 12 0614** |
| | * | |
| **Plaintiff,** | * | **Judge Andrew Nastoff, Presiding** |
| | * | **Judge Charles Pater** |
| vs. | * | **Judge Keith M. Spaeth** |
| | * | |
| VON CLARK DAVIS, | * | **SENTENCING OPINION** |
| | * | |
| **Defendant.** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * *

The Court issues this sentencing opinion pursuant to R.C. 2929.03(F).

On January 6, 1984, the Butler County Grand Jury returned a two count indictment against Defendant. Count One of the indictment charged Defendant with aggravated murder in violation of R.C. 2903.01(A) with two specifications. Specification One charged that prior to the offense at bar, Defendant was convicted of murder in the second degree, in violation of R.C. 2901.05 on April 20, 1971, an essential element of which was the purposeful killing of another as specified in R.C. 2929.04(A)(5). Specification Two charged that Defendant had a firearm on or about his person or under his control while committing the offense set forth in Count One, as specified in R.C. 2929.71. Count Two charged Defendant with having weapons under disability in violation of R.C. 2923.13(A)(2).

Defendant pled not guilty to all of the charges and specifications. Defendant waived his right to a jury trial and requested that the matter be tried to a three-judge panel.

Beginning May 4, 1984, Defendant was tried by a three-judge panel that found

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

1

Defendant guilty of all charges and specifications. On May 29, 1984, the trial's sentencing phase commenced. At the conclusion of the sentencing phase, the three-judge panel held that the aggravating circumstance outweighed the mitigating factors beyond a reasonable doubt and sentenced Defendant to death.

On September 14, 1988, the Ohio Supreme Court held that the three-judge panel erred by considering and weighing non-statutory aggravating circumstances against mitigating factors when it imposed Defendant's death sentence. The Ohio Supreme Court affirmed Defendant's convictions, but reversed his sentence and remanded the case to the trial court for resentencing.

On remand, Defendant sought to introduce additional mitigation evidence in the form of testimony from prison personnel employed at the Southern Ohio Correctional Facility in Lucasville, Ohio. Defendant argued that the testimony was relevant because it showed good behavior while on death row. The reconstituted three-judge panel did not permit Defendant to offer additional mitigation evidence. Instead, the panel simply reconsidered the evidence presented at the original sentencing phase. Once again, the panel found that the sole aggravating circumstance outweighed the mitigating factors beyond a reasonable doubt and imposed the death penalty.

Both the Twelfth District Court of Appeals and Ohio Supreme Court affirmed Defendant's death sentence. Defendant then petitioned the United States District Court for the Southern District of Ohio for a writ of habeas corpus. The District Court denied

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

2

Defendant's petition. On appeal, the United States Court of Appeals for the Sixth Circuit reversed Defendant's death sentence, holding that the trial court erred at resentencing when it barred Defendant from presenting new mitigation evidence concerning his good behavior while on death row. On January 29, 2007, the Sixth Circuit remanded the matter to the District Court. On July 19, 2007, the District Court granted Defendant's writ of habeas corpus conditioned upon the State of Ohio granting Defendant a new sentencing hearing.

On remand, this Court assumed jurisdiction over the instant case. On December 19, 2007, to comply with the mandate handed down from the federal courts, this Court granted Defendant a new sentencing hearing. Because the original three-judge panel could not reconstitute, the undersigned three-judge panel was formed pursuant to R.C. 2929.06 and Ohio Rule of Criminal Procedure 25(B).

Pursuant to R.C. 2929.03 and R.C. 2929.04, the undersigned three-judge panel presided over Defendant's resentencing hearing from September 8, 2009 through September 10, 2009 to determine whether the single aggravating circumstance in this case outweighed the mitigating factors beyond a reasonable doubt.

## AGGRAVATING CIRCUMSTANCE

In this case, the aggravating circumstance that is to be weighed against the mitigating factors is as follows: that prior to the offense at bar, the offender was convicted of an offense an essential element of which was the purposeful killing of another. R.C. 2929.04(A)(5).

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

3

The State of Ohio re-introduced the journal entry of conviction filed in Butler County Common Pleas Case Number 21655 reflecting Defendant's 1971 conviction for second degree murder in violation of R.C. 2901.05. The State further offered portions of the 1984 trial transcript to show then-defense counsel's stipulation to the 1971 entry of conviction, its pertinence to Defendant, and that an essential element of R.C. 2901.05 was the purposeful killing of another. The evidence established that the victim of Defendant's prior purposeful killing was his wife, Ernestine. The State submitted no other evidence. The Court accepted the aforementioned evidence to the extent that it was relevant to the aggravating circumstance committed in this case.

## MITIGATING FACTORS

Mitigating factors are factors which, while they do not justify or excuse the crime, nevertheless in fairness and mercy, may be considered as they call for a penalty less than death, or lessen the appropriateness of a sentence of death. Mitigating factors are those factors about an individual that weigh in favor of a decision that a sentence of life in prison is the appropriate sentence.

As requested by Defendant and in accordance with R.C. 2929.04(B), the Court has weighed against the aggravating circumstance the nature and circumstances of the offense, the history, character, and background of the Defendant, and all of the following:

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

1. Any other factors that are relevant to the issue of whether the offender should be sentenced to death (R.C. 2929.04(B)(7)):

A. Borderline personality disorder;

4

B. Alcohol abuse;

C. Love and support of family members and friends;

D. Testimony of Defendant's daughter, Sherry Davis, regarding her forgiveness of Defendant for the purposeful killing of her mother;

E. Good behavior while in prison;

F. Childhood and family experience, and the impact of each upon Defendant's personality development and mental health;

G. Remorse and apology;

H. Age (62 years old);

I. Probability of no release from prison;

J. Whether a sentence of life in prison would bring closure to the victim's family;

K. The savings to taxpayers should a life sentence be imposed.

It must be noted that Defendant did not request a pre-sentence investigation or mental examination pursuant to R.C. 2929.03(D)(1); therefore, neither were ordered for the Court's review and deliberation. In consideration of the aforementioned factors, the Court heard evidence from the following individuals.

### Family and Friends

The Court heard testimony from Defendant's mother (Alluster Tipton), step-father (Charles Tipton), younger sister (Carol Smith), younger brother (Victor Davis), daughter (Sherry Davis), and two friends (Rick Rotundo and Fran Welland).

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

5

The testimony of each witness centered on Defendant's positive aspects and his importance in their lives. Each witness testified to maintaining some amount of contact with Defendant, despite his incarceration on death row. Each witness opposed the re-imposition of the death penalty in this case.

## Prison Personnel

The Court also heard testimony from Defendant's prison case manager, Scott Nowak, regarding Defendant's positive prison record and his position on death row's "extended privilege unit" or "honor block." The Court reviewed Defendant's institutional summary, which revealed no more than a single occurrence of prison misconduct since 1984. Defendant's sole instance of misconduct occurred in 1990.

The Court also heard testimony from Jeremy Stineman, who conducted Alcoholics Anonymous meetings with death row inmates, including Defendant, for several years. Stineman testified that Defendant regularly attended meetings and participated actively.

## Cynthia Mausser

The Court heard testimony from Cynthia Mausser, Chairperson of the Ohio Parole Board, who described the Parole Board's various policies and procedures. Defense counsel posed hypothetical questions to Mausser, who testified that an individual with Defendant's background is "unlikely" to be paroled at the first opportunity, and would "likely" spend a substantial portion of his adult life in prison. Mausser could not, however, state with any certainty if or when Defendant might be paroled if this Court imposed a sentence less than

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

6

death. Mausser did testify that if Defendant became parole-eligible, he would be considered

for parole at intervals ranging from one to ten years for the rest of his life. Mausser testified

that in each instance, the victim's family would be notified and could appear to voice

opposition to Defendant's release.

## Dr. Robert Smith

Finally, the Court heard testimony from clinical psychologist and certified addiction

specialist, Dr. Robert Smith. Dr. Smith recounted Defendant's social history, including

interviews that he conducted with Defendant's family members, some of whom testified

during the mitigation phase of this trial. Dr. Smith also reviewed the interview summaries of

other individuals who were familiar with the Defendant. Additionally, Dr. Smith reviewed

Defendant's prior psychological evaluations, conducted between 1964 and 2002. After

conducting interviews and reviewing summaries and evaluations, Dr. Smith met with

Defendant twice. Each visit lasted approximately five to six hours. Dr. Smith testified that

the aforementioned interviews and evaluations, in the aggregate, provided a sufficiently

"rounded" and "longitudinal" picture of the Defendant for purposes of rendering a diagnosis.

Dr. Smith found that at the time of the offense at bar, Defendant suffered from

borderline personality disorder and alcohol dependence. Dr. Smith found that Defendant

suffers from these co-occurring disorders to this day. In Dr. Smith's opinion, a biological

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

component exists with respect to the borderline personality disorder. It is Dr. Smith's belief

that Defendant's borderline personality disorder formed in early adolescence when

7

Defendant's dysfunctional childhood environment and the biological component coalesced. Dr. Smith testified that his diagnosis does not excuse or justify Defendant's actions in killing Suzette Butler, but offers some explanation as to how or why the killing occurred.

Dr. Smith testified that Defendant's good behavior while in prison is not surprising, given that individuals with borderline personality disorder function well in a highly structured environment such as prison. Ultimately, however, Dr. Smith failed to forecast Defendant's behavior or recommend a treatment plan, should he eventually be released from prison.

## FINDINGS

In order to sentence Defendant to death, the law requires that the three-judge panel find beyond a reasonable doubt that the aggravating circumstance in this case outweighs the mitigating factors. The panel must consider the evidence presented as to the aggravating circumstance that transformed the offense of aggravated murder from a case in which death was not a potential penalty to one in which death is a potential penalty. This aggravating circumstance must be then weighed against the mitigating factors that would weigh in favor of a decision that a sentence of life in prison is the appropriate sentence.

The weighing process is just that. The panel must place the aggravating circumstance on one side and place all of the mitigating factors on the other, and then determine beyond a reasonable doubt whether the aggravating circumstance outweighs the mitigating factors. Proof beyond a reasonable doubt mandates that this panel have a firm

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

8

belief or conviction in what is to be established. Proof beyond a reasonable doubt requires that an ordinary person be willing to act upon that proof in the most important of his or her own affairs.

The aggravating circumstance in this case relates that prior to committing the aggravated murder of Suzette Butler with prior calculation and design, Defendant was previously convicted of purposefully killing Ernestine Davis. The three-judge panel unanimously finds that the aggravating circumstance deserves great weight.

Against the aggravating circumstance, the panel weighs the following mitigating factors:

In accordance with R.C. 2929.04(B), the panel finds nothing mitigating about the nature and circumstances of the offense itself.

The panel has considered the testimony offered to show that Defendant is loved and supported by family and friends. This evidence is not atypical and does not deserve significant weight. The panel has also considered the testimony of Sherry Davis and the fact that she has forgiven Defendant for purposefully killing her mother; however, the panel affords this factor very little weight. The panel further considered the testimony of Defendant's friends and family concerning his dysfunctional family and childhood experiences. The panel finds the testimony to be unconvincing and entitled to little or no weight.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

9

The panel considered the impact of Defendant's family experiences upon his personality development and mental health, as detailed in Dr. Robert Smith's testimony. The panel finds that the separate testimony of Defendant's family and friends does not support Dr. Smith's conclusion that Defendant suffered an extreme and dysfunctional upbringing. Nevertheless, assuming that Defendant's background contributed in some way to the development of Defendant's borderline personality disorder and alcohol dependence, the panel still finds that Dr. Smith's diagnosis, even if valid, is entitled to little weight in mitigation.

The panel considered the testimony of Cynthia Mausser offered to show the probability that Defendant would never be released from prison if given a sentence less than death. The panel unanimously finds this evidence to be highly speculative and unconvincing and entitled to no weight.

The panel considered the Defendant's good behavior while in prison, the Defendant's advanced age, and the Defendant's remorse and apology during his unsworn statement. The panel attributes little weight to each factor.

Finally, Defendant proposed that the panel should consider that a life sentence in this case would be economically beneficial to taxpayers and would bring closure to the victim's family. The panel is uncertain whether these factors are relevant mitigating factors under Ohio law; nonetheless, the panel considered Defendant's evidence and arguments to ensure that he had a full opportunity to present all mitigating evidence during the sentencing phase.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

10

After considering evidence and testimony relevant to these factors, the panel affords them no weight.

The panel must weigh all of the relevant mitigating factors, adjudge the collective weight of the factors, and determine if the sole aggravating circumstance in this case outweighs the mitigating factors beyond a reasonable doubt.

In performing that task, the Judges of this panel unanimously find that the aggravating circumstance outweighs, beyond a reasonable doubt, the individual and the aggregate of the mitigating factors present in this case. Therefore, the panel finds that the sentence of death shall be imposed upon the Defendant, Von Clark Davis.

**SO ORDERED.**

ENTER,

Andrew Nastoff, Judge

Charles Pater, Judge

Keith M. Spaeth, Judge

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

11

cc:

Michael A. Oster, Jr.
Assistant Prosecuting Attorney
315 High Street, 11th Floor
Hamilton, OH 45011

Randall L. Porter
Assistant State Public Defender
8 East Long Street – 11th Floor
Columbus, Ohio 43215

Melynda Cook-Reich
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45042

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

12

BUTLER CO
COURT OF APPEALS

SEP 2 2 2009

**STATE OF OHIO**     CINDY CARPENTER :     **CASE NO. CR1983–12-0614**
         CLERK OF COURTS
2009 SEP 22 PM
        Plaintiff                           :      **STATE OF OHIO**

                                             **COUNTY OF BUTLER**
vs.     BUTLER COUNTY OHIO       :      **COURT OF COMMON PLEAS**
     CLERK OF COURTS               Nastoff, P.J.; Pater and Spaeth, JJ.
              SEP 2 1 2009
**VON CLARK DAVIS**                      :

                                      **P R I O R I T Y**
         Defendant CINDY CARPENTER :      **JUDGMENT OF CONVICTION ENTRY**
              CLERK OF COURTS            *[This is a Final Appealable Order.]*

: : : : : : : : : : :

This 8th-10th days of September, 2009, came the Prosecuting Attorney into Court

and the Defendant personally appearing with his counsel, Melynda W. Cook-Reich and

Randall L. Porter, and the charges, plea of Not Guilty, and Findings of the three-judge panel

as to Count One with Specification being set forth in the previous Entry which is expressly

included herein by reference. Wherefore, the Defendant being informed that he stands

convicted of **AGGRAVATED MURDER** contrary to R.C. 2903.01(A) with **Specification to**

**Count One** pursuant to R.C. 2929.04(A)(5) as charged in Count One of the Indictment, the

Court afforded counsel an opportunity to speak on behalf of the Defendant, and the Court

addressed the Defendant personally and asked if he wished to make a statement in his own

behalf or present any information in mitigation of punishment, and after having heard all the

facts adduced by both parties, the panel of three judges having engaged in a determination

of sentence for Count One pursuant to the requirements of R.C. 2929.03(D) and having

unanimously found, by proof beyond a reasonable doubt, that the aggravating circumstance

the Defendant was found guilty of committing outweighs the mitigating factors presented

herein, and nothing being shown as to why sentence should not now be pronounced,

OFFICE OF
ROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
ROSECUTING ATTORNEY

OVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

**Page 1 of 2**

*State v. Von Clark Davis*, Case No. CR1983-12-0614
*Judgment of Conviction Entry* -- Page 2

It is **ORDERED** as to **Count One** that the **sentence of death** shall be imposed upon

the Defendant, which sentence is imposed pursuant to R.C. 2929.02(A) and 2929.03 –

2929.04, said sentence being in addition to a term of imprisonment previously imposed by

journal entry as to **Count Two**.  Defendant is **FURTHER ORDERED** to pay all costs of

prosecution.  The Sheriff is hereby **ORDERED** to convey the Defendant to the custody of the

**Ohio Department of Rehabilitation and Correction**, forthwith.  Defendant was further

advised of all of his rights pursuant to Criminal Rule 32, including his right to appeal the

judgment, his right to appointed counsel at no cost, his right to have court documents

provided to him at no cost, and his right to have a notice of appeal filed on his behalf.

**E N T E R**

_____

**ANDREW NASTOFF, Presiding Judge**

_____

**CHARLES L. PATER, Judge**

_____

**KEITH M. SPAETH, Judge**

**Approved as to Form:**
**ROBIN N. PIPER** (0023205)
**PROSECUTING ATTORNEY**
**BUTLER COUNTY, OHIO**
DGE/MAO
09/15/2009

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

**Page 2 of  2**

UPS: Tracking Information

Page 1 of 1

CR. B3-12-044

IMAGED

**Track Shipments**

**Tracking Detail**

Your package has been delivered. To view Proof of Delivery, please select the link.

| | |
|---|---|
| **Tracking Number:** | 1ZX695240148673043 |
| **Status:** | Delivered [?] |
| **Delivered On:** | 09/23/2009 10:27 A.M. |
| **Signed By:** | LANDRUM |
| **Location:** | RECEPTION |
| **Delivered To:** | COLUMBUS, OH, US |
| **Shipped/Billed On:** | 09/22/2009 |
| **Type:** | Package |
| **Service:** | NEXT DAY AIR |
| **Weight:** | 1.00 Lb |

**Need to send e-mail notifications?**

Use UPS Quantum View Notify® to send delivery or exception notifications.

E-mail Notifications

To view additional tracking information, please log in   to My UPS.

**NOTICE:** UPS authorizes you to use UPS tracking systems solely to track shipments tendered by or for you to UPS for delivery and for no other purpose. Any other use of UPS tracking systems and information is strictly prohibited.



http://wwwapps.ups.com/WebTracking/track?loc=en_US

9/23/2009

 **Proof of Delivery**

Dear Customer,

This notice serves as proof of delivery for the shipment listed below.

| | |
|---|---|
| **Tracking Number:** | 1ZX695240148873043 |
| **Service:** | NEXT DAY AIR |
| **Weight:** | 1.00 Lb |
| **Shipped/Billed On:** | 09/22/2009 |
| **Delivered On:** | 09/23/2009 10:27 A.M. |
| **Delivered To:** | COLUMBUS, OH, US |
| **Signed By:** | LANDRUM |

| | |
|---|---|
| **Location:** | RECEPTION |

Thank you for giving us this opportunity to serve you.

Sincerely,

UPS

Tracking results provided by UPS:  09/23/2009 3:29 P.M.  **ET**

http://wwwapps.ups.com/WebTracking/processPOD?lineData=COLUMBUS%5EKB%5E...  9/23/2009

Unitor County
**DAILY SHIPMENT DETAIL REPORT**
22-Sep-2009 - 3:08:42 PM

**Pickup Date: 22-Sep-2009**
**Pickup Record No.: 6300 0264 45**

**UPS Account No.: X69524**
**Sorted By: Order of Shipment**

All charges are in USD; fuel surcharge included where applicable.

| | | | | |
|---|---|---|---|---|
| **Ship To: Kristina D. Frost, Clerk**<br>The Supreme Court of Ohio<br>8th Floor<br>Office of the Clerk<br>65 South Front Street<br>COLUMBUS OH 43215<br>United States | Service Type:<br>Total Packages:<br>Billable Wt.:<br>Transportation: | NEXT DAY AIR<br>1<br>1.0 lb<br>Shipper | Shipment Service Charge: | 18.62 |

10 Mmon Pleas Court

Judge Nastoff

| | | | | |
|---|---|---|---|---|
| | Tracking No.:<br>Package Type:<br>Weight: | 1ZX695240148873043<br>Package<br>1.0 lb | Package Service Charge:<br>UPS Total Charge: | 18.62<br>18.62 |

**Summary Totals:**

| **Shipment Option** | **Shpts** | **Pkgs** | **Pub Charges** | | | | |
|---|---|---|---|---|---|---|---|
| **Package Option** | | **Pkgs** | **Pub Charges** | | | | |

| **Billing Option** | **Shpts** | **Pkgs** | **Pub Charges** |
|---|---|---|---|
| Prepaid | 3 | 3 | 29.40 |
| **TOTAL CHARGES** | | | **29.40** |

3 Shipment(s)
3 Package(s)

All charges are in USD; fuel surcharge included where applicable.
Your invoice may vary from the displayed rates.
* Indicates Shipper-Paid Declared Value

UPS WorldShip 11.0.15 winspool 1

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4921

IMAGED

## TRANSCRIPT REQUEST

FILED

2009 OCT 22 PM 3: 24

SHOT CARPENTER
BUTLER COUNTY
CLERK OF COURTS

Case No. *CR93-12-0614*

*CR83-12-0614*

FILE

Date of request: *10-19-09*

Requesting Party: *RANDALL POETKE*

Phone No. *614-752-9215*

Indigent Defendant: (yes)_____ (no)_____

Case Caption: *VON CLARK DAVIS*

Filed in Court of Appeals: (yes)_____ (no)_____

Type of hearings and dates: *RESENTSNCING*
_____
_____
_____

Judge: *NASTOFF*

Requested Completion date: _____

_____

CD#'s: _____

Transcriptionist: *Jill*

Additional notes:

Copies to:   WHITE - Attach to Entry
             GREEN - Requesting Party
             CANARY - Court Reporter
             PINK - Bailiff
             GOLD - Prosecutor

## REQUEST FOR COURT PAID EXPERTS AND/OR EXPENSES

FILED

In the _____Common Pleas_____ Court of _Butler County_____ , Ohio.

2000 NOV -2 PM 12: 34

Plaintiff: State of Ohio

Case No. CR 1983-12-0614

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

Attorney(s) for the Defendant/Party Represented:

v. Von Clark Davis

Melynda Cook

Defendant/Party Represented

Randall Porter

In re: _Professional INVESTIGATION SERV._

### CHARGES

| OFFENSE/CHARGE/MATTER | ORC/CITY CODE | DEGREE | DISPOSITION |
|---|---|---|---|
| 1.) Agg. Murder | 2903.01 | F | Trial-G |
| 2.) | | | |
| 3.) | | | |

*List only the three most serious charges beginning with the one of greatest severity and continuing in descending order.

### JUDGMENT ENTRY

The Court finds that the following experts and/or expenses were ordered for use in the case of an indigent person, that all rules and standards of the Ohio Public Defender Commission and State Public Defender have been met, and that an Affidavit of Indigency/Financial Disclosure Form for the above referenced person has been sent to the Office of the Ohio Public Defender, or is attached to this document.

IT IS THEREFORE ORDERED that the expert fees and/or expenses attached are hereby approved in the amount of $ _487.50_ . It is further ordered that the said amount is certified by the Court to the County Auditor for payment.

Nastoff
_____                    _____          10/28/09
Judge's Name (type or print)                 Judge's Signature                    Date

### COUNTY AUDITOR'S CERTIFICATION

The County Auditor in executing this certificate attests to the accuracy of the figures contained herein. A subsequent audit by the Ohio Public Defender Commission and/or Auditor of State that reveals unallowable or excessive costs may result in future adjustments against reimbursement or repayment of audit exceptions to the Ohio Public Defender.

| PAYEE | TAX ID | WARRANT NO. | WARRANT DATE | AMOUNT |
|---|---|---|---|---|
| Thomas Hall P.I. Inc. | 31-1631192 | | | 487.50 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*(If necessary, continue on separate sheet.)*                          **TOTAL** | $487.50

County Number _____

_____
County Auditor's Signature

OPD-209 (1/00)

Oct 19 09 02:15p    Jason Quinlan                    5134424792              p.1



**Thomas Hall P.I. Inc.**
1281 Grace Ave.
Cincinnati, OH 45208

# Invoice

Number: **1282**

Date: **October 19, 2009**

**Bill To:**

Mrs. Melynda Cock-Reich, Esq.
Repper, Powers & Pagan
1501 First Ave.
Middletown, OH 45044

**Ship To:**

| Terms | Customer # | Ship | Via | Project |
|-------|-----------|------|-----|---------|
|       |           |      |     |         |

| Item # | Description | Quantity | Price Each | Amount |
|--------|-------------|----------|------------|--------|
| 001 | Professional Investigation Services | 7.50 | 65.00 | 487.50 |
|   |   | Von Clark Davis investigation. |   |   |
|   |   |   | **Total** | **$487.50** |

| 0 - 30 days | 31 - 60 days | 61 - 90 days | > 90 days | Total |
|-------------|--------------|--------------|-----------|-------|
| $487.50 | $0.00 | $0.00 | $0.00 | $487.50 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4924

# Case time billing worksheet

Client:      Mr. Von Clark Davis            Attorney: Ms. Melynda Cook-Reich, Mr. Randall Porter

| Date | Start | Stop | Total | Case Notes |
|------|-------|------|-------|-----------|
| 2/16/2008 | 10:45 | 11:15:00 | 0.5 | Background on VC Davis case. |
| 2/20/2008 | 16.45 | 19:15 | 2.5 | Family Mtg. in Forest Park, OH. |
| 8/22/2008 | 9:00 | 13:30 | 4.5 | 9 subpoenas (all same day, several out of county) |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | 7.5 | TOTAL HOURS |
| | | | | |



FILED

## IN THE COURT OF COMMON PLEAS
## 20BUTLER COUNTY, OHIO

CAROL CARPENTER
BUTLER COUNTY
CLERK OF COURTS

**STATE OF OHIO,**

    **Plaintiff,**

vs.

**VON CLARK DAVIS**

    **Defendant.**

    :

**Case No. CR 1983-12-0614**

    :

    :    **Judge Daniel Andrew Nastoff**

    :

---

### ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR
### THE APPROPRIATION OF FUNDS FOR A PRIVATE INVESTIGATOR

---

The Court having received a Motion through Defendant's Counsels for the Appropriation

of Funds for a Private Investigator, hereby **GRANTS** said motion for Good Cause.

WHEREFORE, the Court grants the Defendant $ 1,000.00 for expenses for a

Private Investigator in this matter.  Such expert expenses to be billed at $65.00 per hour.

SO ORDERED,

JUDGE NASTOFF

Cc: Prosecutor

Entry prepared by Melynda Cook-Reich



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

# FINANCIAL DISCLOSURE/AFFIDAVIT OF INDIGENCY
($25.00 application fee may be assessed—see notice on reverse side)

## I. PERSONAL INFORMATION

| Name/Applicant | Party Represented (if applicant, enter "same") | D.O.B. |
|---|---|---|
| Von Clark DAVIS | | 11-1-46 |

| Mailing Address | City | State | ZIP |
|---|---|---|---|
| OSP - Youngstown Correctional | Youngstown | Oh | |

| Case No. | Phone | Message Phone (within 48 hours) |
|---|---|---|
| CR 1983-12-0014 | ( ) | ( ) |

## II. OTHER PERSONS LIVING IN HOUSEHOLD

| Name | D.O.B | Relationship | Name | D.O.B | Relationship |
|---|---|---|---|---|---|
| 1) | | | 3) | | |
| 2) | | | 4) | | |

## III. MONTHLY INCOME/EMPLOYMENT INFORMATION

| Type of Income | Applicant | Spouse (or Parents if applicant is a juvenile) | Other Household Members | Total |
|---|---|---|---|---|
| Employment (Gross) | | | | |
| Unemployment | | | | |
| Worker's Comp. | | | | |
| Pension/Social Security | | | | |
| Child Support | | | | |
| Works First/TANF | | | | |
| Disability | | | | |
| Other | | | | |

| Employer's Name (for all household members) | A. TOTAL INCOME | $ | 0 |
|---|---|---|---|

| Employer's Address | Phone ( ) |
|---|---|

## IV. ALLOWABLE EXPENSES

| Type of Expense | Amount |
|---|---|
| Child Support Paid Out | |
| Child Care (if working only) | |
| Transportation for Work | |
| Insurance | |
| Medical/Dental | |
| Medical & Associated Costs Of Caring for Infirm Family Members | |

| B. EXPENSES | $ |
|---|---|

## V. TOTAL INCOME

Total Income – Allowable Expenses = Adjusted Total Income

| A. TOTAL INCOME | $ | 0 |
|---|---|---|
| B. EXPENSES | $ | 0 |
| C. ADJUSTED TOTAL INCOME | $ | 0 |

## VI. ASSET INFORMATION

| Type of Asset | Describe / Length of Ownership / Make, Model, Year (where applicable) | Estimated Value |
|---|---|---|
| Real Estate / Home | Price:$          Date Purchased:          Amt. Owed:$ | |
| Stocks / Bonds / CD's | | |
| Automobiles | | |
| Trucks / Boats / Motorcycles | | |
| Other Valuable Property | | |
| Cash on Hand | | |
| Money Owed to Applicant | | |
| Other | | |
| Checking Acct. (Bank / Acct. #) | | |
| Savings/MM Acct. (Bank / Acct. #) | | |

| | D. TOTAL ASSETS | $ | 0 |
|---|---|---|---|

| VII. MONTHLY LIABILITIES/OTHER EXPENSES | | VIII. GRAND TOTALS |
|---|---|---|
| Type of Liability | Amount | |
| Rent / Mortgage | | |
| Food | | C. ADJ. TOTAL INCOME — 0 |
| Electric | | |
| Gas | | D. TOTAL ASSETS — 0 |
| Fuel | | |
| Telephone | | E. LIABILITIES & OTHER — 0 |
| Cable | | |
| Water / Sewer / Trash | | **$25.00 APPLICATION FEE NOTICE** |
| Credit Cards | | By submitting this Financial Disclosure Form/Affidavit of Indigency Form, you will be assessed a non-refundable $25.00 application fee unless waived or reduced by the court. If assessed, the fee is to be paid to the clerk of courts within seven (7) days of submitting this form to the court, the public defender, your appointed counsel or any other party who will make a determination regarding your indigency. |
| Loans | | |
| Taxes Owed | | |
| Other | | |
| E. LIABILITIES & OTHER EXPENSE | 0 | |

**IX. AFFIDAVIT OF INDIGENCY**

I, _____ (affiant) being duly sworn, say:

1. I am financially unable to retain private counsel without substantial hardship to me or my family.

2. I understand that I must inform the public defender or appointed attorney if my financial situation should change before the disposition of the case(s) for which representation is being provided.

3. I understand that if it is determined by the county, or by the Court, that legal representation should not have been provided, I may be required to reimburse the county for the costs of representation provided. Any action filed by the county to collect legal fees hereunder must be brought within two years form the last date legal representation was provided.

4. I understand that I am subject to criminal charges for providing false financial information in connection with the above application for legal representation pursuant to Ohio Revised Code Sections 120.05 and 2921.13.

5. I hereby certify that the information I have provided on this financial disclosure form is true to the best of my knowledge.

MELYNDA COOK
Notary Public/Individual duly authorized to administer oath:

X _____  Affiant's Signature      12-6-7  Date

Subscribed and duly sworn before me according to law, by the above named applicant this _6th_ day of _December_, 20__, at _Hamilton_, County of _Butler_ and State of _Ohio_.

Signature of person administering oath: Melinda Cook      Title: Notary

**X. JUDGE CERTIFICATION**

I hereby certify that above-noted applicant is unable to fill out and/or sign this financial disclosure/affidavit for the following reason: _____

I have determined that the applicant meets the criteria for receiving court appointed counsel.

_____  Judge's Signature      _____ Date

OPD-206R rev. 9/2005

## MOTION, ENTRY, AND CERTIFICATION FOR APPOINTED COUNSEL FEES

| In the | Common Pleas | Court of | Butler County | , Ohio |

Plaintiff: State of Ohio FILED

V.

Current Case No. CR1983-12-0614

Reference Case No. (if app.)

Von Clark Davis

Defendant / Party Represented

☐ Capital Offense Case *(check if this is a Capital Offense case)*

☐ Guardian Ad Litem *(check if appointed as GAL)*

In re: Judge Nastoff

## MOTION FOR APPROVAL OF PAYMENT OF APPOINTED COUNSEL FEES AND EXPENSES

The undersigned having been appointed counsel for the party represented moves this Court for an order approving payment of fees and expenses as indicated in the itemized statement herein. I certify that I have received no compensation in connection with providing representation in this case other than that described in this motion or which has been approved by the Court in a previous motion, nor have any fees and expenses in this motion been duplicated on any other motion. I, or an attorney under my supervision, have performed all legal services itemized in this motion.

☐ Periodic Billing *(check if this is a periodic bill)*

As attorney/guardian ad litem of record, I was appointed on ___December 5, 2007___ . This case terminated and/or was

disposed of on ___September 21, 2009___ , I am submitting this application on ___October 15, 2009___

| Name | Melynda Cook-Reich | Signature | Melynda L. Cook |
|---|---|---|---|
| Address | 1501 First Ave., Middletown, OH, 45044 | | SSN/Tax ID | 04-3699744 |
| | *Address* | *City / State / Zip* | OSC Reg. No. | 0066596 |

### SUMMARY OF CHARGES, HOURS, EXPENSES, AND BILLING

| OFFENSE/CHARGE/MATTER | ORC/CITY CODE | DEGREE | DISPOSITION |
|---|---|---|---|
| 1.) Aggravated Murder | 2903.01 | F | Trial-Guilty |
| | | | |
| | | | |

*List only the three most serious charges beginning with the one of the greatest severity and continuing in descending order.*

| | | IN-COURT | | | |
|---|---|---|---|---|---|
| **Grand Total Hours From Other Side:** | **OUT-OF-COURT** | **PRE-TRIAL HEARINGS** | **ALL OTHER IN-COURT** | **IN-COURT TOTAL** | **GRAND TOTAL** |
| | 362.70 | 6.90 | 31.80 | 38.70 | 401.40 |

☐ Flat Fee  Hrs:In 38.70 X Rate $50.00 = $1,935.00  Total Fees $16,443.00

☐ Min. Fee  Hrs:Out 362.70 X Rate $40.00 = $14,508.00  Expenses $76.25  Total $16,519.25

### JUDGMENT ENTRY

The Court finds that counsel performed the legal services set forth on the itemized statement on the reverse hereof, and that the fees and expenses set forth on this statement are reasonable, and are in accordance with the resolution of the Board of County Commissioners of ___Butler___ County, Ohio relating to payment of appointed counsel, that all rules and standards of the Ohio Public Defender Commission and State Public Defender have been met.

IT IS THEREFORE ORDERED that counsel fees and expenses be, and are hereby approved, in the amount of $16,519.25
It is further ordered that the said amount be, and hereby is, certified by the Court to the County Auditor for payment.

☐ *Extraordinary fees granted (copy of journal entry attached)*  Judge _____  Signature  1/4/10  Date

### CERTIFICATION

The County Auditor, in executing this certification, attests to the accuracy of the figures contained herein. A subsequent audit by the Ohio Public Defender Commission and/or Auditor of the State which reveals unallowable or excessive costs may result in future adjustments against reimbursement or repayment of audit exceptions to the Ohio Public Defender Commission.

| County Number | 9 | Warrant Number | | Warrant Date | |
|---|---|---|---|---|---|

County Auditor

**CASE NUMBER** _____ **CR1** `-12-0614` _____ **ATTORNEY/C** _____ **Melynda Cook-Reich**

**IF CAPITAL OFFENSE CASE, LIST CO-COUNSEL'S NAME HERE:** _____

## ITEMIZED FEE STATEMENT

I hereby certify that the following time was expended in representation of the defendant/party represented:

| DATE OF SERVICE | OUT-OF-COURT TOTAL | IN-COURT | | | DAILY TOTAL | DATE OF SERVICE (continued) | OUT-OF-COURT TOTAL | IN-COURT | | | DAILY TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | | | | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | |
| 12/3/07 | 2.5 | 0.0 | 0.0 | 0.0 | 2.5 | 2/19/08 | 1.0 | 0.0 | 0.0 | 0.0 | 1.0 |
| 12/4/07 | 2.5 | 0.0 | 1.3 | 1.3 | 3.8 | 2/20/08 | 5.0 | 0.0 | 0.0 | 0.0 | 5.0 |
| 12/5/07 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 2/23/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 |
| 12/6/07 | 3.2 | 0.0 | 0.0 | 0.0 | 3.2 | 2/24/08 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 |
| 12/7/07 | 1.2 | 0.0 | 0.0 | 0.0 | 1.2 | 2/25/08 | 0.9 | 0.0 | 0.0 | 0.0 | 0.9 |
| 12/9/07 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | 2/27/08 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 |
| 12/13/07 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 3/4/08 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 |
| 12/20/07 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 | 3/5/08 | 4.5 | 0.0 | 0.0 | 0.0 | 4.5 |
| 12/28/07 | 0.7 | 0.0 | 0.0 | 0.0 | 0.7 | 3/6/08 | 1.8 | 1.5 | 0.0 | 1.5 | 3.3 |
| 1/7/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 | 3/11/08 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 |
| 1/11/08 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | 3/17/08 | 10.5 | 0.0 | 0.0 | 0.0 | 10.5 |
| 1/22/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 | 3/18/08 | 2.5 | 1.0 | 0.0 | 1.0 | 3.5 |
| 1/29/08 | 1.0 | 0.0 | 0.0 | 0.0 | 1.0 | 3/19/08 | 2.5 | 0.0 | 0.0 | 0.0 | 2.5 |
| 2/4/08 | 5.0 | 0.0 | 1.0 | 1.0 | 6.0 | 3/20/08 | 2.5 | 0.0 | 0.0 | 0.0 | 2.5 |
| 2/5/08 | 2.5 | 0.0 | 0.0 | 0.0 | 2.5 | 3/24/08 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 |
| 2/6/08 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 3/27/08 | 3.5 | 0.0 | 0.0 | 0.0 | 3.5 |
| 2/9/08 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | 4/2/08 | 0.4 | 0.0 | 0.0 | 0.0 | 0.4 |
| 2/10/08 | 0.8 | 0.0 | 0.0 | 0.0 | 0.8 | 4/3/08 | 1.7 | 0.0 | 0.0 | 0.0 | 1.7 |
| 2/11/08 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | 4/7/08 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 |
| 2/15/08 | 2.5 | 0.0 | 0.0 | 0.0 | 2.5 | 4/8/08 | 1.1 | 0.0 | 0.0 | 0.0 | 1.1 |
| 2/18/08 | 1.0 | 0.0 | 0.0 | 0.0 | 1.0 | Continued on a separate sheet | | | | | |

*Continue at top of next column.*　　　　　*Time is to be reported in tenth of an hour (6 minute) increments.*

**I hereby certify that the following expenses were incurred:**

Use the following categories for **Type:**　　(1) Experts　　(2) Postage/Phone　　(3) Records/Reports　　(4) Transcripts　　(5) Travel　　(6) Other

| TYPE | PAYEE | AMOUNT |
|---|---|---|
| 6 | Salvation Army- Clothes for Defendant | $12.70 |
| 6 | Kmart- Clothes for Defendant | $8.04 |
| 3 | VCN Vital Records- Death Certificate | $32.75 |
| 6 | Parking | $4.00 |
| 6 | Parking | $6.00 |
| | | **Continued on a separate sheet** |

*Clearly identify each expense and include a receipt for any expense over $1.00. See Section (P)(1)(c) for privileged information.*

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4930

ATTORNEY _____ Melynda ⌐ ⌐k-Reich _____  CASE NO. ____ CR1983-12-0614 _____

**ITEMIZED FEE STATEMENT CONTINUATION SHEET**

| DATE OF SERVICE | OUT-OF-COURT TOTAL | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | DAILY TOTAL | DATE OF SERVICE (continued) | OUT-OF-COURT TOTAL | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | DAILY TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4/10/08 | 2.5 | 0.0 | 0.0 | 0.0 | 2.5 | 7/11/08 | 1.0 | 0.0 | 0.0 | 0.0 | 1.0 |
| 4/11/08 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | 7/22/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 |
| 4/15/08 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | 7/23/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 |
| 4/16/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 | 7/28/08 | 1.0 | 0.0 | 0.0 | 0.0 | 1.0 |
| 4/21/08 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 7/30/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 |
| 4/23/08 | 3.6 | 0.0 | 0.0 | 0.0 | 3.6 | 7/31/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 |
| 4/24/08 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 8/7/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 |
| 4/25/08 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | 8/8/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 |
| 5/5/08 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 8/12/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 |
| 5/7/08 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 8/18/08 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 |
| 5/8/08 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | 8/22/08 | ⌐4.6 | 0.0 | 0.0 | 0.0 | 4.6 |
| 5/9/08 | 0.3 | 0.0 | 0.0 | 0.0 | 0.3 | 8/25/08 | 3.0 | 0.0 | 0.0 | 0.0 | 3.0 |
| 5/12/08 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 8/26/08 | 5.8 | 0.0 | 0.0 | 0.0 | 5.8 |
| 5/15/08 | 4.5 | 0.0 | 0.0 | 0.0 | 4.5 | 8/27/08 | 7.9 | 0.0 | 3.0 | 3.0 | 10.9 |
| 5/16/08 | 3.5 | 0.0 | 0.0 | 0.0 | 3.5 | 8/28/08 | 6.8 | 0.0 | 1.8 | 1.8 | 8.6 |
| 5/18/08 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 9/4/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 |
| 5/23/08 | 2.5 | 0.0 | 0.0 | 0.0 | 2.5 | 9/8/08 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 |
| 5/26/08 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | 9/16/08 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 |
| 5/27/08 | 2.0 | 0.0 | 0.0 | 0.0 | 2.0 | 9/22/08 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 |
| 5/28/08 | 2.2 | 0.0 | 0.0 | 0.0 | 2.2 | 9/24/08 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 |
| 5/29/08 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | 9/25/08 | 6.5 | 0.0 | 0.0 | 0.0 | 6.5 |
| 5/30/08 | 4.5 | 0.0 | 0.0 | 0.0 | 4.5 | 9/27/08 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 |
| 6/3/08 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 10/3/08 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 |
| 6/6/08 | 3.7 | 0.0 | 0.0 | 0.0 | 3.7 | 10/7/08 | 0.3 | 0.0 | 0.0 | 0.0 | 0.3 |
| 6/9/08 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | 10/8/08 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 |
| 6/11/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 | 10/10/08 | 2.0 | 0.0 | 0.0 | 0.0 | 2.0 |
| 6/12/08 | 2.2 | 0.0 | 1.5 | 1.5 | 3.7 | 10/14/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 |
| 6/13/08 | 2.0 | 0.0 | 0.0 | 0.0 | 2.0 | 10/15/08 | 0.6 | 0.0 | 0.0 | 0.0 | 0.6 |
| 6/16/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 | 10/16/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 |
| 6/17/08 | 1.0 | 0.0 | 0.0 | 0.0 | 1.0 | 10/22/08 | 2.0 | 0.0 | 0.0 | 0.0 | 2.0 |
| 6/18/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 | 10/31/08 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 |
| 7/9/08 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | **Continued on a separate sheet** | | | | | |

OPD-1027R (1/00)  *Continue at top of next column.*  *Time is to be reported in tenth of an hour (6 minute) increments.*

**ATTORNEY** Melynda C '-Reich  **CASE NO.** CR1983-12-0614

## ITEMIZED FEE STATEMENT CONTINUATION SHEET

| DATE OF SERVICE | OUT-OF-COURT TOTAL | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | DAILY TOTAL | DATE OF SERVICE (continued) | OUT-OF-COURT TOTAL | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | DAILY TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/3/08 | 10.2 | 0.0 | 0.0 | 0.0 | 10.2 | 4/18/09 | 2.5 | 0.0 | 0.0 | 0.0 | 2.5 |
| 11/6/08 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | 4/20/09 | 4.5 | 0.0 | 0.0 | 0.0 | 4.5 |
| 11/7/08 | 2.5 | 0.0 | 0.0 | 0.0 | 2.5 | 4/21/09 | 5.5 | 0.0 | 1.5 | 1.5 | 7.0 |
| 11/10/08 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 4/22/09 | 1.0 | 0.0 | 0.0 | 0.0 | 1.0 |
| 11/19/08 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | 4/23/09 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 |
| 11/20/08 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | 4/24/09 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 |
| 11/24/08 | 2.5 | 0.0 | 2.0 | 2.0 | 4.5 | 4/27/09 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 |
| 12/10/08 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | 4/28/09 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 |
| 12/11/08 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | 4/29/09 | 7.0 | 0.0 | 0.0 | 0.0 | 7.0 |
| 12/15/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 | 4/30/09 | 4.0 | 0.0 | 0.0 | 0.0 | 4.0 |
| 12/28/08 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 | 5/1/09 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 |
| 1/2/09 | 1.0 | 0.0 | 0.0 | 0.0 | 1.0 | 5/3/09 | 3.0 | 0.0 | 0.0 | 0.0 | 3.0 |
| 2/25/09 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 5/5/09 | 6.5 | 0.0 | 0.0 | 0.0 | 6.5 |
| 2/26/09 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 5/6/09 | 6.0 | 0.0 | 0.0 | 0.0 | 6.0 |
| 3/2/09 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 5/7/09 | 5.8 | 0.0 | 0.0 | 0.0 | 5.8 |
| 3/5/09 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 | 5/8/09 | 6.5 | 1.0 | 0.0 | 1.0 | 7.5 |
| 3/16/09 | 1.0 | 0.0 | 0.0 | 0.0 | 1.0 | 5/9/09 | 6.5 | 0.0 | 0.0 | 0.0 | 6.5 |
| 3/18/09 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 5/10/09 | 4.5 | 0.0 | 0.0 | 0.0 | 4.5 |
| 3/19/09 | 1.0 | 0.0 | 0.0 | 0.0 | 1.0 | 5/11/09 | 4.5 | 1.0 | 0.0 | 1.0 | 5.5 |
| 3/23/09 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | 5/12/09 | 5.5 | 0.0 | 0.0 | 0.0 | 5.5 |
| 3/24/09 | 1.0 | 0.0 | 0.0 | 0.0 | 1.0 | 5/13/09 | 3.5 | 0.0 | 1.0 | 1.0 | 4.5 |
| 3/25/09 | 0.3 | 0.0 | 0.0 | 0.0 | 0.3 | 5/18/09 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 |
| 3/26/09 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | 5/28/09 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 |
| 3/27/09 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 6/9/09 | 2.5 | 0.0 | 0.0 | 0.0 | 2.5 |
| 4/1/09 | 0.3 | 0.0 | 0.0 | 0.0 | 0.3 | 6/10/09 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 |
| 4/6/09 | 1.0 | 0.0 | 0.0 | 0.0 | 1.0 | 6/24/09 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 |
| 4/7/09 | 2.0 | 0.0 | 0.0 | 0.0 | 2.0 | 7/22/09 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 |
| 4/8/09 | 3.0 | 1.6 | 0.0 | 1.6 | 4.6 | 7/23/09 | 1.0 | 0.0 | 0.0 | 0.0 | 1.0 |
| 4/14/09 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | 7/24/09 | 0.1 | 0.0 | 0.0 | 0.0 | 0.1 |
| 4/15/09 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | 7/28/09 | 0.3 | 0.0 | 0.0 | 0.0 | 0.3 |
| 4/16/09 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | 8/4/09 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 |
| 4/17/09 | 4.0 | 0.0 | 0.0 | 0.0 | 4.0 | Continued on a separate sheet | | | | | |

OPD-1027R (1/00)  *Continue at top of next column.*  *Time is to be reported in tenth of an hour (6 minute) increments.*

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4932

**ATTORNEY** Melynda ( :-Reich     **CASE NO.**     CR1983-12-0614

## ITEMIZED FEE STATEMENT CONTINUATION SHEET

| DATE OF SERVICE | OUT-OF-COURT TOTAL | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | DAILY TOTAL | DATE OF SERVICE (continued) | OUT-OF-COURT TOTAL | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | DAILY TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/5/09 | 1.6 | 0.0 | 0.0 | 0.0 | 1.6 | | | | | | |
| 8/7/09 | 1.5 | 0.0 | 0.0 | 0.0 | 1.5 | | | | | | |
| 8/17/09 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | | | | | | |
| 8/20/09 | 0.9 | 0.0 | 0.0 | 0.0 | 0.9 | | | | | | |
| 8/25/09 | 7.5 | 0.0 | 0.0 | 0.0 | 7.5 | | | | | | |
| 8/26/09 | 0.3 | 0.0 | 0.0 | 0.0 | 0.3 | | | | | | |
| 8/28/09 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | | | | | | |
| 8/31/09 | 4.5 | 0.0 | 0.0 | 0.0 | 4.5 | | | | | | |
| 9/1/09 | 0.5 | 0.0 | 0.0 | 0.0 | 0.5 | | | | | | |
| 9/3/09 | 2.7 | 0.8 | 0.0 | 0.8 | 3.5 | | | | | | |
| 9/5/09 | 7.5 | 0.0 | 0.0 | 0.0 | 7.5 | | | | | ⸴ | |
| 9/6/09 | 7.5 | 0.0 | 0.0 | 0.0 | 7.5 | | | | | | |
| 9/7/09 | 8.0 | 0.0 | 0.0 | 0.0 | 8.0 | | | | | | |
| 9/8/09 | 11.0 | 0.0 | 3.5 | 3.5 | 14.5 | | | | | | |
| 9/9/09 | 10.5 | 0.0 | 7.0 | 7.0 | 17.5 | | | | | | |
| 9/10/09 | 5.5 | 0.0 | 8.2 | 8.2 | 13.7 | | | | | | |
| 10/12/09 | 0.2 | 0.0 | 0.0 | 0.0 | 0.2 | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | **GRAND TOTAL** | 362.7 | 6.9 | 31.8 | 38.7 | 401.4 |

OPD-1027R (1/00)     *Continue at top of next column.*     *Time is to be reported in tenth of an hour (6 minute) increments.*

## EXPENSES - Continued

**ATTORNEY/GAL:**    Melynda Cook-Reich

**CASE NO.:** CR1983-12-0614
*State of Ohio v. Von Clark Davis*

| TYPE | PAYEE | | AMOUNT |
|------|-------|--|--------|
| 6 | Gough Lamb-Clothes for Defendant | | $12.76 |
| | | **GRAND TOTAL** | $76.25 |

```
SALVATION ARMY OD #3
      4440 MARIE
MIDDLETOWN, OH 45044

        BATCH: 764
     S-A-L-E-S D-R-A-F-T
        72109687
        693400036921

REF:    0016
CD TYPE: MASTERCARD
TR TYPE: PURCHASE
DATE:   SEP 02, 09  12:20:55


TOTAL           $12.70

ACCT:      1829    EXP: **/**
AP: 016352
NAME: ANGELA POPP


CARDMEMBER ACKNOWLEDGES RECEIPT OF GOODS
  AND/OR SERVICES IN THE AMOUNT OF THE
TOTAL SHOWN HEREON AND AGREES TO PERFORM
  THE OBLIGATIONS SET FORTH BY THE
CARDMEMBER'S AGREEMENT WITH THE ISSUER


       CUSTOMER COPY
```

```
       SALVATION
         ARMY
     440 MARIE DRIVE
  MIDDLETOWN, OHIO 45402


09/02/09 12:17PM      RX
001302 #4252    CSHR 6

SHOES         T1$5.99
              -50.00%
50% DISC      T1-3.00
MEN PINK      T1$2.99
              -50.00%
50% DISC      T1-1.50
MEN YELLOW    T1$4.99
              -50.00%
50% DISC      T1-2.50
MEN PINK      T1$4.99
              -50.00%
50% DISC      T1-2.50
MEN GREEN     T1$4.99
              -50.00%
50% DISC      T1-2.50
MDSE ST       $11.95
TAX1          $0.75

CR CARD       $12.70
```



```
BIG KMART STORE 3455
4601 ROOSEVELT BLVD
MIDDLETOWN, OH 45044
   (513)422-4576

********** ALL SALES FINAL **********
****** NO REFUNDS OR EXCHANGES ******

CASHIER: BETSY
GENERAL MERCHANDISE
87903300338   BEM SOCKS    A    4.49 T
03160011512   KIWILTHRWXBR A    3.08 T

    **** TAX     .47  BAL     8.04
XXXXXXXXXXXX1829
MC  APPROVAL 073232
VF     MC                    8.04
       CHANGE                 .00
```

## TOTAL SAVED:      1.27

V06-0020831-1        VCN Vital Records        5/8/2009    @   3:00 pm

Credit Card Authorization Code: 030219 / AVS Response: Y - Exact Match 5

| | | |
|---|---|---|
| Certificate Type: **DEATH** | Copies: | **1** |
| Name on Certificate: **MILTON B FLOWERS** | Carrier: | **UPS NEXT DAY AIR** |
| Spouse's Name: | Daytime / Delivery Telephone: | **(614)466-5394 / (800)686-1573** |
| Event Date: **1/01/1995**    Sex: **M** | Relationship: | **PUB DEFENDER** |
| Place of Death - City: | Request Fee this Item: | **$ 12.00** |
| County: | Other Agency Fees this Item: | **$ 0.00** |

| | | | Agency | Other | |
|---|---|---|---|---|---|
| VCN Fee | Carrier Fee | Request Fee | Agency Fees | Total Fee | |
| $ 6.75 | $ 14.00 | $ 12.00 | $ 0.00 | $ 32.75 | |

Ship To: **MELYNDA COOK-REICH ATTY AT LAW**
       **1501 FIRST AVE**
       **MIDDLETOWN, OH 45044**

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4936

LOT: 6054 METER:    1

Ticket Expires:
10:52 AM Thu
2008 Sep 25

Ticket:   0000009407
Time:     08:52 AM Thu
Date:     2008 Sep 25
Price:    $4.00
Cash:     $5.00
Change:   $1.00

DISPLAY FACE
UP ON DASH

Charges are for use of parking
space only. This company is not
responsible for loss or damage
to vehicle or contents.

Columbus

ALLTIGHT RENTALS
55 EAST LONG STREET
COLUMBUS, OH 43215

Rcpt# 36578
11/03/08 14:40
Desc
Amt Due
CASH PAID
Chng Tend'd
Change Due
THANK YOU FOR SHOPPING WITH US
PLEASE PLACE YOUR NEXT ORDER

**IN THE COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

FILED BUTLER CO.
COURT OF COMMON PLEAS

MAY ~ 8 2008

CINDY CARPENTER
CLERK OF COURTS

STATE OF OHIO,                          :

      Plaintiff,                      :    CASE No. CR 1982 12-0614

-vs-                                    :

VON CLARK DAVIS                         :    **Judge Nastoff**

      Defendant                       :

### JOURNAL ENTRY

On motion of Von Clark Davis and for good cause shown, it is hereby ORDERED that the motion for appointment of counsel is GRANTED. The Court ORDERS Assistant State Public Defender Randall L. Porter and Attorney Melynda Cook-Reich are hereby appointed for purposes of appeal.

Dated: 4/30/08

JUDGE NASTOFF

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4939

| VII. MONTHLY LIABILITIES/OTHER EXPENSES | | VIII. GRAND TOTALS | |
|---|---|---|---|
| Type of Liability | Amount | | |
| Rent / Mortgage | | | |
| Food | | **C. ADJ. TOTAL INCOME** | 0 |
| Electric | | | |
| Gas | | **D. TOTAL ASSETS** | 0 |
| Fuel | | | |
| Telephone | | **E. LIABILITIES & OTHER** | 0 |
| Cable | | | |
| Water / Sewer / Trash | | **$25.00 APPLICATION FEE NOTICE** | |
| Credit Cards | | By submitting this Financial Disclosure Form/Affidavit of | |
| Loans | | Indigency Form, you will be assessed a non-refundable | |
| Taxes Owed | | $25.00 application fee unless waived or reduced by the court. If assessed, the fee is to be paid to the clerk of courts | |
| Other | | within seven (7) days of submitting this form to the court, the | |
| **E. LIABILITIES & OTHER EXPENSE** | 0 | public defender, your appointed counsel or any other party who will make a determination regarding your indigency. | |

### IX. AFFIDAVIT OF INDIGENCY

I, _____ (affiant) being duly sworn, say:

1. I am financially unable to retain private counsel without substantial hardship to me or my family.

2. I understand that I must inform the public defender or appointed attorney if my financial situation should change before the disposition of the case(s) for which representation is being provided.

3. I understand that if it is determined by the county, or by the Court, that legal representation should not have been provided, I may be required to reimburse the county for the costs of representation provided. Any action filed by the county to collect legal fees hereunder must be brought within two years form the last date legal representation was provided.

4. I understand that I am subject to criminal charges for providing false financial information in connection with the above application for legal representation pursuant to Ohio Revised Code Sections 120.05 and 2921.13.

5. I hereby certify that the information I have provided on this financial disclosure form is true to the best of my knowledge.

Affiant's Signature _____   Date 12-6-7

MELYNDA COOK
Notary Public, individual duly authorized to administer oath:
State of Ohio
Subscribed and duly sworn before me according to law, by the above named applicant this 6th day of December, 2007, at Hamilton, County of Butler and State of Ohio.

Signature of person administering oath _____   Title: Notary

### X. JUDGE CERTIFICATION

I hereby certify that above-noted applicant is unable to fill out and/or sign this financial disclosure/affidavit for the following reason: _____.

I have determined that the applicant meets the criteria for receiving court appointed counsel.

Judge's Signature _____   Date _____

OPD-206R rev. 9/2005

FINANCIAL DISCLOSURE/AFFIDAVIT OF INDIGENCY
($25.00 application fee may be assessed—see notice on reverse side)

### I. PERSONAL INFORMATION

| Name/Applicant | Party Represented (if applicant, enter "same") | D.O.B. |
|---|---|---|
| Von Clark Davis | | 11-1-46 |

| Mailing Address | City | State | ZIP |
|---|---|---|---|
| OSP - Youngstown Correctional | Youngstown | Oh | |

| Case No. | Phone | Message Phone (within 48 hours) |
|---|---|---|
| CR 1983-12-0614 | ( ) | ( ) |

### II. OTHER PERSONS LIVING IN HOUSEHOLD

| Name | D.O.B | Relationship | Name | D.O.B | Relationship |
|---|---|---|---|---|---|
| 1) | | | 3) | | |
| 2) | | | 4) | | |

### III. MONTHLY INCOME/EMPLOYMENT INFORMATION

| Type of Income | Applicant | Spouse (or Parents if applicant is a juvenile) | Other Household Members | Total |
|---|---|---|---|---|
| Employment (Gross) | | | | |
| Unemployment | | | | |
| Worker's Comp. | | | | |
| Pension/Social Security | | | | |
| Child Support | | | | |
| Works First/TANF | | | | |
| Disability | | | | |
| Other | | | | |

| Employer's Name (for all household members) | A. TOTAL INCOME | $ 0 |
|---|---|---|

| Employer's Address | Phone ( ) |
|---|---|

### IV. ALLOWABLE EXPENSES

| Type of Expense | Amount |
|---|---|
| Child Support Paid Out | |
| Child Care (if working only) | |
| Transportation for Work | |
| Insurance | |
| Medical/Dental | |
| Medical & Associated Costs Of Caring for Infirm Family Members | |
| B. EXPENSES | $ 0 |

### V. TOTAL INCOME

Total Income – Allowable Expenses = Adjusted Total Income

| A. TOTAL INCOME | $ 0 |
|---|---|
| B. EXPENSES | $ 0 |
| C. ADJUSTED TOTAL INCOME | $ 0 |

### VI. ASSET INFORMATION

| Type of Asset | Describe / Length of Ownership / Make, Model, Year (where applicable) | | | Estimated Value |
|---|---|---|---|---|
| Real Estate / Home | Price:$ | Date Purchased: | Amt. Owed:$ | |
| Stocks / Bonds / CD's | | | | |
| Automobiles | | | | |
| Trucks / Boats / Motorcycles | | | | |
| Other Valuable Property | | | | |
| Cash on Hand | | | | |
| Money Owed to Applicant | | | | |
| Other | | | | |
| Checking Acct. (Bank / Acct. #) | | | | |
| Savings/MM Acct. (Bank / Acct. #) | | | | |
| | | | D. TOTAL ASSETS | $ 0 |

01/26/2010 13:42    6362077351          LAURENCE KOMP- ATTY                    PAGE  02/88



IMAGED

# IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

    Appellee,        **Case No.  CR 1982 12-0614**

   COURT OF COMMON PLEAS

vs.        JAN 26 2010

**VON CLARK DAVIS,**   CINDY CARPENTER  **Judge Daniel Andrew Nastoff**
        CLERK OF COURTS

    **Appellant.**       :

---

## DEFENDANT'S MOTION FOR APPOINTMENT
## AND MOTION TO ALLOW APPEARANCE PRO HAC VICE

---

    Defendant-Appellant Von Clark Davis, by and through counsel, requests the Court to

appoint Laurence Komp (Rule 20 Appellate Qualified), Alan Freedman (to appear *pro hac vice*

and then will be declared Rule 20 Qualified), and John Parker (Rule 20 Trial and Appellate

Qualified), and to represent him on his appeal.  Mr. Freedman has been informed by the Rule 20

Committee that he will be certified once appointed.  Attachment A.  This motion is prompted by

Mr. Davis and his family, who reached out to Mr. Freedman regarding representing Mr. Davis on

appeal.  Mr. Komp confirmed that in a face to face meeting with Mr. Davis.

    Further, the motion seeks formalized appointment to allow counsel to receive some

compensation during their representation of Mr. Davis during this appeal.  Mr. Freedman will

not request compensation for his work on the case.  Denial of this motion will not cause counsel

to abandon their client, they still have an attorney client relationship and obligation they will

fulfill.

    Laurence Komp is Rule 20 Appellate Qualified, maintains an active Ohio license, and is

in good standing.  Attachment B.  Mr. Komp has extensive appellate capital practice in both state



VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4942

and federal court in Ohio. *See Moore v. Mitchell*, 531 F.Supp.2d 845 (S.D. Ohio 2008), *Morales v. Mitchell*, 507 F.3d 916 (6th Cir. 2007), *Bradshaw v. Stumpf*, 545 U.S. 175 (2005), *Davis v. Coyle*, 475 F.3d 761 (6th Cir. 2007), *Davis v. Mitchell*, 318 F.3d 682 (6th Cir. 2003). He has argued in the Twelfth Appellate District in capital post-conviction cases (*see State v. Loza*, 1997 Ohio App. LEXIS 4574 (Ohio Ct. App., Butler County Oct. 13, 1997)) and argued to the Ohio Supreme Court in a direct appeal of right in a capital case. *State v. Scudder*, 643 N.E.2d 524 (Ohio 1994). This Court recognized that Attorney Komp had "a long history of representing Mr. Davis," and correctly assumed a long-standing relationship and developed rapport with Mr. Davis. 12/3/07 Pretrial p. 4.[1]

Alan Freedman has been informed by the Rule 20 Committee that he will declared qualified once appointed on a *pro hac vice* basis to represent Mr. Davis. Attachment A. Mr. Freedman has the requisite appellate capital practice in federal court in Ohio. *See Davis v. Coyle*, 475 F.3d 761 (6th Cir. 2007), *Bradshaw v. Stumpf*, 545 U.S. 175 (2005). Mr. Freedman has extensive capital appellate experience outside of Ohio. *See e.g. Corcoran v. Levenhagen*, 2009 US LEXIS 7479 (2009), *Allen v. Buss*, 558 F.3d 657 (7th Cir. 2009), *Smith v. State*, 877 So. 2d 369 (Miss. 2004), *Wright v. Walls*, 288 F.3d 937 (7th Cir. 2002), *Roche v. Davis*, 291 F.3d 473 (7th Cir. 2002), *People v. Hattery*, 109 Ill.2d 449 (1985). It is the basis of this experience that the Rule 20 Committee accepted his qualifications pending this Court's appointment on a *pro hac vice* basis. Attachment A.

Further, as Mr. Komp, Mr. Freedman has a long-standing relationship with Mr. Davis. On the basis of this experience and this previous relationship, Mr. Freedman should be permitted to be admitted *pro hac vice* to represent Mr. Davis in his capital appeal.

---

[1] In an abundance of caution and because Attorney Komp was not Rule 20 trial qualified, the Court denied his appointment as trial counsel. 12/3/07 Pretrial p. 12.

2

John Parker is Rule 20 Trial and Appellate Qualified, maintains an active Ohio license, is in good standing and maintains his law office in Ohio. Mr. Parker has extensive trial and appellate capital practice in both state and federal court. *See State v. Andre Curlee*, CR 417798, Cuyahoga County (acquitted of all charges); *State v. Jeffrey Braun, CR 496324*, Cuyahoga County (defendant sentenced to LWOP); *State v. Aaron Gipson*, Erie County Case No 2008 CR 266 (Case pending trial after Death Specifications Dismissed by State); *State v. Anthony Sowell*, Cuyahoga County, Case No. CR 530885 (twenty two counts of capital Aggravated Murder, case pending); *State v. Vernon Brown*, 115 Ohio St.3d 55 (death penalty vacated and remanded for new trial); *State v. Charles Maxwell*, Case No. 2007-0755 (pending direct appeal in the Supreme Court of Ohio); *Davis v. Mitchell*, 318 F.3d 682 (6th Cir. 2003 ); two pending federal habeas petitions in U.S.D.C. N.D. Ohio, *Jackson v. Houk*, 07 CV 00880 and *Brinkley v. Houk*, 06 CV 00110. Not only is Mr. Parker qualified, his appointment will satisfy Rule 20, Part II, Sec. (B)(1).

Mr. Komp and Mr. Freedman previously represented Mr. Davis in his federal proceedings which culminated in the third sentencing hearing. Mr. Davis desires that the previous attorney client relationship be recommenced for the purposes of this appeal. . Appellant and Appellant's family contacted his previous counsel, counsel did not solicit this representation. Mr. Freedman seeks appointment but will not request payment.

WHEREFORE, Mr. Davis respectfully requests the Court to put on an entry appointing Attorneys Freedman, Komp and Parker as his attorneys for the direct appeal to the Tweflth Appellate District.

3

Respectfully submitted,

/s/ Laurence E. Komp
Laurence E. Komp (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekomp@swbell.et

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing DEFENDANT'S MOTION FOR APPOINTMENT

AND MOTION TO ALLOW APPEARANCE PRO HAC VICE was mailed regular U.S. Mail to

Daniel Eichel and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the

Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this the 2℄ day of

January, 2010

/s/ Laurence E. Komp
Laurence E. Komp
COUNSEL FOR VON CLARK DAVIS

4

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4945

Case: 2:16-cv-00495-SJD-MRM Doc #: 4-39 Filed: 08/08/16 Page: 85 of 200 PAGEID #: 4980

# The Supreme Court of Ohio

OFFICE OF ATTORNEY SERVICES
65 SOUTH FRONT STREET, COLUMBUS, OH 43215-3431

CHIEF JUSTICE
THOMAS J. MOYER

JUSTICES
PAUL E. PFEIFER
EVELYN LUNDBERG STRATTON
MAUREEN O'CONNOR
TERRENCE O'DONNELL
JUDITH ANN LANZINGER
ROBERT R. CUPP

DIRECTOR
SUSAN B. CHRISTOFF

TELEPHONE 614.387.9327
FACSIMILE 614.387.9329
www.supremecourt.ohio.gov

December 14, 2009

Alan M. Freedman
Midwest Center for Justice, LTD
831 Main Street
Evanston, IL 60202

Re:    Application for Certification for Appointment as Counsel for Indigent Defendants in
       Capital Cases

Dear Mr. Freedman:

    The Rule 20 Commission has reviewed your application requesting Rule 20 appellate
certification in order to allow you to represent defendant-appellant Von Clark Davis in Butler
App. No. CA 209-10-263.

    The Commission needs additional information, until which it cannot approve your
application. Your application will be approved, however, upon your submitting a copy of the
judicial order(s) which demonstrate:

1. You have been appointed to represent Mr. Davis pro hac vice in this case. See Rule 20
   Part II, Sec. B(2)(a).

2. The name of your appointed co-counsel, so that the Commission can verify that co-
   counsel is an attorney who is Rule 20 certified and who also maintains a law office in the
   State of Ohio. See Rule 20, Part II, Sec. (B)(1).

The copy of the judicial order(s) need not be certified. Please feel free to fax them to me at 614-
387-9329, or mail them to me electronically, tammy.white@sc.ohio.gov.

"A"

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4946

01/25/2010  13:42     6352077351                    LAURENCE KUMP- ATTY                    PAGE  07/08

Upon satisfaction of the above, and consistent with your pro hac vice status, you will be certified for this case only. Future applications for certification will be considered on a case-by-case basis.

If you have any questions, please do not hesitate to contact me at 614.387.9330.

Sincerely,

Tammy White
Secretary to the Rule 20 Committee

/tw

Dec 19 2009 8:10PM    HP LASERJET FAX

P.2

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4947

01/25/2010  13:42    636207/351          LAURENCE KOMP- ATTY                    PAGE  08/08

" KK    1/25/10

# The Supreme Court of Ohio

OFFICE OF ATTORNEY SERVICES
65 SOUTH FRONT STREET, COLUMBUS, OH 43215-3431

CHIEF JUSTICE
THOMAS J. MOYER

DIRECTOR
SUSAN B. CHRISTOFF

JUSTICES
PAUL E. PFEIFER
EVELYN LUNDBERG STRATTON
MAUREEN O'CONNOR
TERRENCE O'DONNELL
JUDITH ANN LANZINGER
ROBERT R. CUPP

TELEPHONE 614.387.9330
FACSIMILE 614.387.9329
www.supremecourtofohio.gov

January 19, 2010

Laurence E. Komp
P.O. Box 1785
Manchester, MO  63011

RE: Application for Certification for Appointment as Counsel for Indigent Defendants in
Capital Cases

Dear Mr. Komp:

The Committee on the Appointment of Counsel for Indigent Defendants in Capital Cases ("Rule
20 Committee") considered your application for certification as Appellate Counsel.

The Rule 20 Committee has certified you to accept appointments in capital cases as
**Appellate Counsel**.

You may use this letter as verification of your certification.  Your certification is also reflected on
the online "Statewide List of Rule 20 Certified Attorneys" at www.sconet.state.oh.us/Atty-
Svcs/Rule20/R20_AttorneySearch.asp.

Rule 20 continuing education standards require all certified attorneys to obtain 12 hours of
specialized training in the defense of capital cases every two years to maintain their certification.  An
attorney's certification shall be revoked for failure to complete the specialized training requirement.

If you have any questions regarding Rule 20, please contact me at 614-387-9330 or email me at
tammy.white@sc.ohio.gov.

Sincerely,

Tammy White
Tammy White
Secretary to the Committee

" B "

01/26/2010  13:42     6362077351              LAURENCE KOMP- ATTY              PAGE  01/08

Laurence E. Komp

Attorney at Law

P.O. Box 1785
Manchester, MO 63011
(636) 207-7330
Fax Number (636) 207-7351
Email - lekomp@swbell.net

FAX TRANSMITTAL FORM

| To: Clerk of Court, Butler County Common Pleas | From: Larry Komp |
| Name: | Date Sent: 1/26/10 |
| CC: | |
| Phone: | Number of Pages: 8 |
| Fax: 513-887-3966 | |

Clerk of Court,

Attached please find a motion for extension of time. The required rule information is as follows:

(1) The name of the Court - **Butler County Common Pleas**;

(2) The caption of the case - **State of Ohio**

(3) The case number - **Case No. CR 1982 12-0614**

(4) The assigned judge - **Judge Daniel Andrew Nastoff**;

(5) The name, address, telephone number, fax number, Supreme Court registration number and e-mail address of the attorney submitting the facsimile filing - **Laurence Komp, P.O. Box 1785, Manchester, MO., 63011, (636)207-7330, (fax) (636)207-7351, Ohio Bar 0060142, lekomp@swbell.net**

(6) A description of the document being filed - **Defendant's Motion for Appointment and Motion to Allow Appearance Pro Hac Vice**

(7) The date of transmission - **1/26/10**

(8) The transmitting fax number - **(636) 207-7351**

(9) The number of pages transmitted, including the cover page - **Eight (8).**

If I can be of further assistance, do not hesitate to contact me.

**CONFIDENTIALITY NOTICE:** THIS FACSIMILE IS A CONFIDENTIAL COMMUNICATION FROM LAURENCE E. KOMP ATTORNEY AT LAW AND MAY BE SUBJECT TO ATTORNEY-CLIENT PRIVILEGE. The information contained in this communication, and any attachments thereto, is privileged and confidential and intended solely for use by the addressee(s). Any other use, dissemination, or copying of this facsimile communication is strictly prohibited and is a tortious interference with our confidential business relationships. If this was erroneously sent to you, please notify us immediately at (636) 207-7330 and permanently delete the original or any printed copies of this communication.

IMAGED

## REQUEST FOR COURT PAID EXPERTS AND/OR EXPENSES

FILED

In the ___Common Pleas___ Court of ___Butler County___, Ohio.

'16 JAN 27 PM 2:06

Plaintiff: ___State of Ohio___     Case No. ___CR1983-12-0614___

BUTLER COUNTY
CLERK OF COURTS

Attorney(s) for the Defendant/Party Represented:

v.

___Von Clark Davis___     ___Melynda Cook___

Defendant/Party Represented

In re: ___Court Ordered Expert___     ___Randall Porter___

### CHARGES

| OFFENSE/CHARGE/MATTER | ORC/CITY CODE | DEGREE | DISPOSITION |
|---|---|---|---|
| 1.) Agg. Murder | 2903.01 | F | Trial-G |
| 2.) | | | |
| 3.) | | | |

*List only the three most serious charges beginning with the one of greatest severity and continuing in descending order.

### JUDGMENT ENTRY

The Court finds that the following experts and/or expenses were ordered for use in the case of an indigent person, that all rules and standards of the Ohio Public Defender Commission and State Public Defender have been met, and that an Affidavit of Indigency/Financial Disclosure Form for the above referenced person has been sent to the Office of the Ohio Public Defender, or is attached to this document.

IT IS THEREFORE ORDERED that the expert fees and/or expenses attached are hereby approved in the amount of $ _17,862.00_. It is further ordered that the said amount is certified by the Court to the County Auditor for payment.

___Nastoff___     ___1/5/10___
Judge's Name (type or print)     Judge's Signature     Date

### COUNTY AUDITOR'S CERTIFICATION

The County Auditor in executing this certificate attests to the accuracy of the figures contained herein. A subsequent audit by the Ohio Public Defender Commission and/or Auditor of State that reveals unallowable or excessive costs may result in future adjustments against reimbursement or repayment of audit exceptions to the Ohio Public Defender.

| PAYEE | TAX ID | WARRANT NO. | WARRANT DATE | AMOUNT |
|---|---|---|---|---|
| Alliance Physicians, Inc. | 311175717 | | | 4,383.84 |
| Dr. Robert Smith | 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 | | | ~~15,446.47~~ 13,478.16 |
| | | | | |
| | | | | |
| | | | | |

*(If necessary, continue on separate sheet.)*     **TOTAL**  ~~19,830.31~~ 17,862.00

County Number _____

County Auditor's Signature

OPD-209 (1/00)



 *For Life:*
**The Wallace-Kettering**
**Neuroscience Institute**

*Kettering Health Network™*

October 27, 2008

Mr. Randall Porter, J.D.
8 E. Long Street
Suite 1100
Columbus, Ohio 43215

Re:   *State of Ohio v. Von Clark Davis,*
      Invoice for professional services

Po # 248930

Mr. Porter:

At the request of defense counsel and though court appointment, I conducted a neuropsychological evaluation of Mr. Von Clark Davis on 10/16-17/2008. A summary of charges to date pertaining to this service appears below.

| Date | Item | Time (hr.) | Charge |
|------|------|-----------|--------|
| 9-1-2008 | Record Review | 1.5 | $405.00 |
| 9-2-2008 | Record Review | 1.5 | $405.00 |
| 10-16-2008 | Travel to/from Butler County Jail | 1.5 | $405.00 |
| 10-16-2008 | Mileage (76 miles @ .42 cents/mile) | | $31.92 |
| 10-16-2008 | Clinical Interview, Neuropsychological Evaluation | 5.5 | $1485.00 |
| 10-17-2008 | Travel to/from Butler County Jail | 1.5 | $405.00 |
| 10-17-2008 | Mileage (76 miles @ .42 cents/mile) | | $31.92 |
| 10-17-2008 | Clinical Interview, Neuropsychological Evaluation | 3.0 | $810.00 |
| 10-17-2008 | Scoring of Protocols/Interpretation | 1.0 | $270.00 |
| 10-23-2008 | Conference Call | .5 | $135.00 |
| | | | **$4383.84** |

3533 Southern Boulevard
Suite 5200
Kettering, Ohio 45429
937-395-8002
www.wkni.org

PE56-447 R16/07 (2.0M)

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4951

The balance can be remitted to "Alliance Physicians, Inc." and sent to the attention of Jan Hartley, The Wallace-Kettering Neuroscience Institute, 3533 Southern Boulevard, Suite 5200, Kettering, Ohio, 45429.

Sincerely,

Nicholas A. Doninger, Ph.D., ABPP-CN

Cc: Dorian Hall

FILED BUTLER CO.
COURT OF COMMON PLEAS

APR 0 3 2008

**\* Filed Under Seal \***

CINDY CARPENTER
CLERK OF COURTS

## IN THE COURT OF COMMON PLEAS
### BUTLER COUNTY, OHIO

STATE OF OHIO,               :

    Plaintiff,              :          **Case No. CR 1983-12-0614**

**vs.**                            :

**VON CLARK DAVIS**            :          **Judge Daniel Andrew Nastoff**

    **Defendant.**            :

---

## ENTRY UNDER SEAL

### ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A NEUROPSYCHOLOGIST

---

        The Court having received a Motion through Defendant's Counsels for the Appropriation of Funds for Mental Health specialist, specifically Dr. Nicholas A. Doninger, Ph.D., a Clinical Neuropsychologist, and after having held an Ex Parte Hearing on such motion on March 18, 2008, the Court hereby finds that the Defense has made a prima facie showing for the necessity for such expert and finds that such expert is reasonable and necessary for the investigation and preparation to the Defendant for the Mitigation Trial in this case.  Therefore, for Good Cause Shown, the Court hereby **GRANTS** said motion.

        WHEREFORE, the Court grants the Defendant up to $ 8,100.00 for expert services for Dr. Doninger in this matter to be billed at an hourly rate of $270 for out of court time.

epper, Pagan,
ook, Ltd.
torneys at Law
01 First Avenue
ddletown, OH 45044
one: 513.424.1823
X: 513.424.3135

The Court further finds that in the event testimony is deemed needed, that the Defense may request additional funds for such services as needed.

SO ORDERED,

JUDGE NASTOFF

Entry prepared by Melynda Cook-Reich



Tepper, Pagan,
Cook, Ltd.
ttorneys at Law
501 First Avenue
liddletown, OH 45044
none: 513.424.1823
AX: 513.424.3135

2

# Robert L. Smith, Ph.D.
Clinical Psychologist / Addiction Specialist

**INVOICE NO. 001840**

To:             Randall Porter
                Office of the Ohio Public Defender
                250 E. Broad St., Suite 1400
                Columbus, Ohio 43215

From:           Dr. Robert L. Smith

Date:           March 26, 2009

RE:             Von Clark Davis

Amount Due:     $2,375.00

| Date | Activity | Hours |
|------|----------|-------|
| 03/10/2009 | Review of Records | 1.0 |
| 03/20/2009 | Phone Conference with Attorneys | 1.0 |
| 03/23/2009 | Travel to Ohio State Penitentiary | 1.5 |
| | Diagnostic Interview – Von Clark Davis | 4.0 |
| | Substance Abuse Screens | 0.5 |
| | Travel to Westlake, Ohio | 1.5 |

9.5 Hours @ $250.00 = $2,375.00

Please Make Payment To:        Dr. Robert L. Smith
                               31470 St. Andrews
                               Westlake, Ohio 44145



20525 Center Ridge Road, Suite 370    Rocky River, Ohio 44116
(440) 333.3706  Fax (440) 892.1513   RLS61976@aol.com

# Robert L. Smith, Ph.D.
Clinical Psychologist / Addiction Specialist

**INVOICE NO. 001852**

To: Randall Porter
Office of the Ohio Public Defender
250 E. Broad St., Suite 1400
Columbus, Ohio 43215

From: Dr. Robert L. Smith

Date: April 20, 2009

RE: Von Clark Davis

Amount Due: $1,750.00

| Date | Activity | Hours |
|------|----------|-------|
| 04/07/2009 | Travel to Ohio State Penitentiary | 1.5 |
| | Diagnostic Interview – Von Clark Davis | 4.0 |
| | Travel to Westlake, Ohio | 1.5 |

7 Hours @ $250.00 = $1,750.00

Please Make Payment To: Dr. Robert L. Smith
31470 St. Andrews
Westlake, Ohio 44145



20525 Center Ridge Road, Suite 370    Rocky River, Ohio 44116
(440) 333.3706  Fax (440) 892.1513   RLS61976@aol.com

# Robert L. Smith, Ph.D.
Clinical Psychologist / Addiction Specialist

Invoice No. 5598

Invoice

To:     Randall Porter
Office of the Ohio Public Defender
250 E. Broad St., Suite 1400
Columbus, Ohio 43215

From:     Dr. Robert L. Smith

Date:     May 28, 2009

**RE:**     **Von Clark Davis**

Amount Due:     $7,084.23

| Date | Activity | Hours |
|---|---|---|
| 04/28/2009 | Review of Records | 4.0 |
| 05/01/2009 | Review of Records | 4.0 |
| 05/02/2009 | Travel to Hamilton, Ohio | 4.0 |
| 05/03/2009 | Interview of Patrick Rotundo | 1.0 |
| | Interview of Elliot Davis | 1.0 |
| | Interview of Charles Tipton | 2.5 |
| | Interview of Alluster Tipton | 1.0 |
| | Interview of Carol Smith | 1.0 |
| | Interview of Victor Davis | 1.0 |
| 05/04/2009 | Meeting with Attorneys | 3.0 |
| | Travel to Cleveland, Ohio | 4.0 |
| 05/10/2009 | Power Point Presentation | 1.0 |

27.5 Hours @ $250.00 = $6,875.00
Holiday Inn = $209.23
Total = $7,084.23



Please Make Payment To:     Dr. Robert L. Smith
31470 St. Andrews
Westlake, Ohio 44145

20525 Center Ridge Road, Suite 370    Rocky River, Ohio 44116
(440) 333.3706  Fax (440) 892.1513  RLS61976@aol.com

# Robert L. Smith, Ph.D.
Clinical Psychologist / Addiction Specialist

**INVOICE NO. 074916**

| | |
|---|---|
| To: | Randal Porter<br>Office of the Ohio Public Defender<br>250 E. Broad Street Suite 1400<br>Columbus, Ohio 43215 |
| From: | Dr. Robert L. Smith<br>Tax ID 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 |
| Date: | September 15, 2009 |
| RE: | Von Clark Davis |
| Amount Due: | **$4,237.24** |

| Date | Activity | Hours |
|---|---|---|
| 09/03/2009 | Phone Conference with Dorian Hall | 0.5 |
| 09/04/2009 | Review & Finalization of PowerPoint Presentation | 1.0 |
| 09/05/2009 | Review of Documents | 1.5 |
| 09/07/2009 | Review of Documents | 0.5 |
| 09/09/2009 | Travel to Hamilton, Ohio | 4.0 |
| | Meeting with Attorneys | 1.0 |
| 09/10/2009 | Court Time and Testimony | 4.0 |
| | Travel to Westlake, Ohio | 4.0 |

16.5 Hours @ 250.00 = $4,125.00
Courtyard Marriott = $112.24
Total = $4,237.24

Please Make Payment To:   Dr. Robert L. Smith
31470 St. Andrews
Westlake, Ohio 44145

20525 Center Ridge Road, Suite 370    Rocky River, Ohio 44116
(440) 353.3706   Fax (440) 892.1513   RLS61976@aol.com



**COURTYARD**
**Marriott**

Courtyard by Marriott
Hamilton

1 Riverfront Plaza
Hamilton, Oh 45011
T 513.896.6200



R. Smith

Room 430
Room Type: GENR
Number of Guests: 1
Rate: $99.99          Clerk

| Date | Description | Charges | Credit |
|------|-------------|---------|--------|
| 09Sep09 | Room Charge | 99.99 | |
| 09Sep09 | Occupancy Sales Tax | 6.00 | |
| 09Sep09 | Sales Tax Other Room Tax | 6.25 | |
| 10Sep09 | Master Card | | 112.24 |
| | Card #: MCXXXXXXXXXXXX0704/XXXX | | |
| | Amount: 112.24 Auth: 78105Z Signature on File | | |
| | This card was electronically swiped on 09Sep09 | | |
| | **Balance:** | 0.00 | |

**Marriott Rewards Account # XXXXX7432.** Your Marriott Rewards points/miles earned on your room rate will be credited to your account. For account activity: 801-468-4000 or MarriottRewards.com.

Get all your hotel bills by email by updating your Marriott Rewards Preferences. Or, ask the Front Desk to email your bill for this stay. See "Internet Privacy Statement" on Marriott.com.

FINANCIAL DISCLOSURE/AFFIDAVIT OF INDIGENCY

($25.00 application fee may be assessed—see notice on reverse side)

### I. PERSONAL INFORMATION

| ame/Applicant | Party Represented (if applicant, enter "same") | D.O.B. |
|---|---|---|
| Von Clark DAVIS | | 11-1-46 |

| ailing Address | City | State | ZIP |
|---|---|---|---|
| SP - Youngstown Correctional | Youngstown | Oh | |

| ase No. | Phone | Message Phone (within 48 hours) |
|---|---|---|
| CR 1983-12-0014 | ( ) | ( ) |

### II. OTHER PERSONS LIVING IN HOUSEHOLD

| ame | D.O.B | Relationship | Name | D.O.B | Relationship |
|---|---|---|---|---|---|
| | | | 3) | | |
| | | | 4) | | |

### III. MONTHLY INCOME/EMPLOYMENT INFORMATION

| e of Income | Applicant | Spouse (or Parents if applicant is a juvenile) | Other Household Members | Total |
|---|---|---|---|---|
| ployment (Gross) | | | | |
| employment | | | | |
| rker's Comp. | | | | |
| sion/Social Security | | | | |
| d Support | | | | |
| ks First/TANF | | | | |
| bility | | | | |
| er | | | | |
| loyer's Name (for all household members) | | | A. TOTAL INCOME | $ 0 |
| loyer's Address | | | | Phone ( ) |

### IV. ALLOWABLE EXPENSES

| of Expense | Amount |
|---|---|
| Support Paid Out | |
| Care (if working only) | |
| sportation for Work | |
| ance | |
| cal/Dental | |
| al & Associated Costs nng for Infirm Family ers | |
| XPENSES | $ |

### V. TOTAL INCOME

Total Income – Allowable Expenses = Adjusted Total Income

| A. TOTAL INCOME | $ 0 |
|---|---|
| B. EXPENSES | $ 0 |
| C. ADJUSTED TOTAL INCOME | $ 0 |

### VI. ASSET INFORMATION

| of Asset | Describe / Length of Ownership / Make, Model, Year (where applicable) | | | Estimated Value |
|---|---|---|---|---|
| state / Home | Price:$ | Date Purchased: | Amt. Owed:$ | |
| / Bonds / CD's | | | | |
| obiles | | | | |
| / Boats / Motorcycles | | | | |
| aluable Property | | | | |
| n Hand | | | | |
| Owed to Applicant | | | | |
| g Acct. (Bank / Acct. #) | | | | |
| /MM Acct. (Bank / Acct. #) | | | | |
| | | | D. TOTAL ASSETS | $ 0 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4960

| VII. MONTHLY LIABILITIES/OTHER EXPENSES | | VIII. GRAND TOTALS | |
|---|---|---|---|
| Type of Liability | Amount | | |
| Rent / Mortgage | | | |
| Food | | C. ADJ. TOTAL INCOME | 0 |
| Electric | | | |
| Gas | | D. TOTAL ASSETS | 0 |
| Fuel | | | |
| Telephone | | E. LIABILITIES & OTHER | 0 |
| Cable | | | |
| Water / Sewer / Trash | | **$25.00 APPLICATION FEE NOTICE** | |
| Credit Cards | | By submitting this Financial Disclosure Form/Affidavit of | |
| Loans | | Indigency Form, you will be assessed a non-refundable | |
| Taxes Owed | | $25.00 application fee unless waived or reduced by the | |
| Other | | court.  If assessed, the fee is to be paid to the clerk of courts within seven (7) days of submitting this form to the court, the | |
| E. LIABILITIES & OTHER EXPENSE | 0 | public defender, your appointed counsel or any other party who will make a determination regarding your indigency. | |

**IX. AFFIDAVIT OF INDIGENCY**

I, _____ (affiant) being duly sworn, say:

1. I am financially unable to retain private counsel without substantial hardship to me or my family.

2. I understand that I must inform the public defender or appointed attorney if my financial situation should change before the disposition of the case(s) for which representation is being provided.

3. I understand that if it is determined by the county, or by the Court, that legal representation should not have been provided, I may be required to reimburse the county for the costs of representation provided.  Any action filed by the county to collect legal fees hereunder must be brought within two years form the last date legal representation was provided.

4. I understand that I am subject to criminal charges for providing false financial information in connection with the above application for legal representation pursuant to Ohio Revised Code Sections 120.05 and 2921.13.

5. I hereby certify that the information I have provided on this financial disclosure form is true to the best of my knowledge.

Affiant's Signature: Von C Davis          Date: 12-6-7

MELYNDA COOK
State of Ohio
Notary Public, Individual duly authorized to administer oath:
Subscribed and duly sworn before me according to law, by the above named applicant this 6 day of December , 2007 , at Hamilton , County of Butler and State of Ohio

Signature of person administering oath: Melynda Cook          Title: Notary

**X. JUDGE CERTIFICATION**

I hereby certify that above-noted applicant is unable to fill out and/or sign this financial disclosure/ affidavit for the following reason: _____

I have determined that the applicant meets the criteria for receiving court appointed counsel.

Judge's Signature          Date

OPD-206R rev. 9/2005



## IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

    Plaintiff,                      :          Case No. CR 1983-12-0614

vs.                                     :

VON CLARK DAVIS                         :          Judge Daniel Andrew Nastoff

    Defendant.                      :

---

## ENTRY UNDER SEAL

### ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A PSYCHOLOGIST

---



02/09/2010  09:31  6362077351                    LAURENCE KOMP- ATTY                    PAGE  02/02



IN THE COURT OF COMMON PLEAS                    ' 10 FEB 11  PM 1: 03
BUTLER COUNTY, OHIO

STATE OF OHIO,                        :                                    BUTLER COUNTY
                                                                          CLERK OF COURTS
        Appellee,                     :           Case No.  CR 1982 12-0614

vs.                                   :

VON CLARK DAVIS,                      :           **Judge Daniel Andrew Nastoff**

        Appellant.                    :


## ORDER

        The Court being fully advised hereby GRANTS Defendant/Appellant's Motion

for Appointment of Counsel and Motion to Allow Appearance *Pro Hac Vice*. Laurence

Komp and John Parker, both Rule 20 Appellate Qualified, are appointed to represent Mr.

Davis on appeal. Alan Freedman is also appointed and permitted to appear *pro hac vice*

in this matter.

                                        **Judge Daniel Andrew Nastoff**



MAR 26 PH 3: 59

IMAGED

**COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

STATE OF OHIO,                          :          CASE NO. CR 1983 12 0614

                                        :

     Plaintiff,                      :          **Judge Andrew Nastoff**

                                        :

-vs.-                                   :

                                        :          **ENTRY**

                                        :

VON CLARK DAVIS,                        :

                                        :

     Defendant.                      :

---

The Court hereby orders that the entry granting Defendant's motion for the

appropriation of funds for a psychologist shall be re-filed under seal. The entry was originally

filed on April 3, 2008. A copy of this order shall be affixed to the front of the sealed envelope

enclosing the entry.

**SO ORDERED.**

ENTER,

Andrew Nastoff, Judge



**COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

STATE OF OHIO,                                    :        CASE NO. CR 1983 12 0614
                                                 :
        Plaintiff,                               :        **Judge Andrew Nastoff**
                                                 :
-vs.-                                            :
                                                 :        **ENTRY**
                                                 :
VON CLARK DAVIS,                                 :
                                                 :
        Defendant.                               :

The Court hereby orders that the entry granting Defendant's motion for the appropriation of funds for a neuro-psychologist shall be re-filed under seal. The entry was originally filed on April 3, 2008. A copy of this order shall be affixed to the front of the sealed envelope enclosing the entry.

        **SO ORDERED.**

                                        ENTER,

                                        _____
                                        Andrew Nastoff, Judge



IMAGED

STATE OF OHIO                    :        CASE NO. CR1983-12-0614

                    Plaintiff    :        STATE OF OHIO
                                          COUNTY OF BUTLER
VS.                              :        COURT OF COMMON PLEAS

VON CLARK DAVIS                  :        PRECIPE FOR DEATH WARRANT IN
                                          STATE CASE
                    Defendant    :

                        : : : : : :

To the Clerk:

Issue for: ISSUING DEATH WARRANT

       Cindy Carpenter              Butler County Clerk of Court
                                    315 High Street, 5th floor
                                    Hamilton, Ohio 45011

              Issue Death Warrant on the above mentioned case

Required on behalf of the Prosecution.

ROBIN PIPER
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

MAO
June 23, 2010

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER



**Return Receipt 1 (top left):**

7160 3901 9848 8767 4299

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) — STEWAPP

B. Date of Delivery

C. Signature

RECEIVED

JUL 01 2010

Agent / Addressee

D. Is delivery address different from item 1? Yes / No

3. Service Type  CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

CLERK OF COURT
SUPREME COURT OF OHIO

1. Article Addressed to:
SUPREME COURT OF OHIO
CLERKS OFFICE
65 SOUTH FRONT ST  8TH FLOOR
COLUMBUS, OH 43215

JUL 06 2010
CINDY CARPENTER
CLERK OF COURTS

CR 1983 12 0614

Cancelled

PS Form 3811, January 2005    Domestic Return Receipt

**Return Receipt 2 (top right):**

2. Article Number

7160 3901 9848 8767 4305

A. Received by (Please Print Clearly) — ana Wysong

B. Date of Delivery  JUN 3 0 20

C. Signature  M. Wysong

Agent / Addressee

D. Is delivery address different from item 1? Yes / No

3. Service Type  CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)   Yes

1. Article Addressed to:
ANDREW NASTOFF Judge
GOVERNMENT SERVICES CENTER
315 HIGH STREET 3RD FLOOR
HAMILTON, OH 45011

L000 2251 26

CR 1983 12 0614

Cancelled

PS Form 3811, January 2005    Domestic Return Receipt

**Return Receipt 3 (bottom left):**

2. Article Number

7160 3901 9848 8767 4282

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) — Laurence E Komp

B. Date of Delivery

C. Signature  X

Agent / Addressee

D. Is delivery address different from item 1? Yes / No

3. Service Type  CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)   Yes

1. Article Addressed to:
LAURENCE KOMP
AKA CLARK DAVIS
ATTORNEY AT LAW
PO BOX 1785
MANCHESTER, MI 63011

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

JUL 06 2010
CINDY CARPENTER
CLERK OF COURTS

CR 1983 12 0614

Cancelled

PS Form 3811, January 2005    Domestic Return Receipt

**Return Receipt 4 (bottom right):**

2. Article Number

7160 3901 9848 8767 4312

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)

B. Date of Delivery  7-1-16

C. Signature  X

Agent / Addressee

D. Is delivery address different from item 1? Yes / No

3. Service Type  CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)   Yes

1. Article Addressed to:
BUTLER COUNTY PROSECUTORS O
315 HIGH ST, 11TH FLOOR
ATTN JASON PHILLABAUM
HAMILTON, OH 45011

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

JUL 06 2010
CINDY CARPENTER
CLERK OF COURTS

L000 2251 26

CR 1983 12 0614

Cancelled

PS Form 3811, January 2005    Domestic Return Receipt

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4967

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4968

UNITED STATES POSTAL SERVICE

First Class Mail
US Postage Paid
Permit No. G - 10

PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW

CINDY CARPENTER
BUTLER COUNTY CLERK OF COURTS
GOVERNMENT SERVICES CENTER
315 HIGH ST STE 550
HAMILTON OH  45011-6060

UNITED STATES POSTAL SERVICE

First Class Mail
US Postage Paid
Permit No. G - 10

PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW

CINDY CARPENTER
BUTLER COUNTY CLERK OF COURTS
GOVERNMENT SERVICES CENTER
315 HIGH ST STE 550
HAMILTON OH  45011-6060

UNITED STATES POSTAL SERVICE



First Class Mail
US Postage Paid
Permit No. G - 10

PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW

CINDY CARPENTER
BUTLER COUNTY CLERK OF COURTS
GOVERNMENT SERVICES CENTER
315 HIGH ST STE 550
HAMILTON OH  45011-6060

UNITED STATES POSTAL SERVICE

First Class Mail
US Postage Paid
Permit No. G - 10

PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW

CINDY CARPENTER
BUTLER COUNTY CLERK OF COURTS
GOVERNMENT SERVICES CENTER
315 HIGH ST STE 550
HAMILTON OH  45011-6060

FILED

COURT OF COMMON PLEAS
2010 JUL 15 BUTLER COUNTY, OHIO
AM II:20

STATE OF OHIO                    CASE NO. CR1983-12-0614

        Plaintiff            JUDGE ANDREW NASTOFF, PRESIDING
                             JUDGE CHARLES PATER
                             JUDGE KEITH M. SPAETH

vs.                          ENTRY ORDERING WRIT FOR EXECUTION
                             OF DEATH PENALTY

VON CLARK DAVIS

        Defendant

On September 21, 2009, Von Clark Davis, was sentenced to Death as ORDERED in
Count One of the Judgment of Conviction Entry, pursuant to R.C.2929.02(A) and 2903-04.  As
such, it is **ORDERED** that pursuant to R.C. 2949.21-.22, a *Writ for the Execution of the death
penalty shall issue*, directed to the Sheriff, requiring that Von Clark Davis be conveyed to the
custody of the Ohio Department of Rehabilitation and Correction and that Von Clark Davis be
assigned to the appropriate institution and kept until the execution of his sentence.  The death
sentence shall be executed by lethal injection in accordance with the provisions of R.C. 2949.22,
within the walls of the state correctional institution designated by the Director of the
Rehabilitation and Correction as the location for executions, and within an enclosure to be
prepared for such purpose that shall exclude public view, under the direction of the Warden of
such institution or, in his absence, a deputy warden, on the November 9, 2010, or date otherwise
designated by a court in the course of any appellate or post-conviction proceedings.

APPROVED AS TO FORM:                 ENTER

ROBIN N. PIPER
PROSECUTING ATTORNEY
BUTLER COUNTY,

                                     NASTOFF, J.

                                     PATER, J.

                                     SPAETH, J.

# DEATH WARRANT

2010 JUL 21 AM 10: 57

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

**THE STATE OF OHIO**

**Vs.**

**VON CLARK DAVIS**

**COMMON PLEAS COURT**
**BUTLER COUNTY, OHIO**
**315 HIGH STREET**
**HAMILTON, OHIO 45011**
**CASE NO.: CR 1983 12 0614**

### TO THE SHERIFF OF BUTLER COUNTY, OHIO
### 705 HANOVER STREET, HAMILTON, OHIO 45011

Whereas, the records of proceedings in the Common Pleas Court of Butler County, Ohio, reflect that this prisoner was sentenced to be executed and said punishment ordered to be inflicted within the walls of the Southern Ohio Correctional Facility.

The Sheriff of Butler County, Ohio, is hereby commanded that within thirty days from receipt of this Death Warrant to convey said prisoner, in a private and secure manner, to the Southern Ohio Correctional Facility at Lucasville, Ohio, to be received by the Superintendent, and kept until the day designated for his execution.

### TO THE SUPERINTENDENT OR ASSOCIATE SUPERINTENDENT OF THE
### SOUTHERN OHIO CORRECTIONAL FACILITY

You are hereby commanded to take custody and to cause the condemned prisoner to be executed at the time and place named in this warrant.

You are further commanded to make return to the Clerk of Courts, Butler County, Ohio, to report the manner of this execution in compliance with this warrant issued by the Common Pleas Court, Butler County, Ohio.

**PRISONER NAME:**     **VON CLARK DAVIS**
**DATE OF SENTENCE:**     **JUNE 4, 1984**
**EXECUTION DATE:**     **NOVEMBER 9, 2010**
**SHERIFF'S CONVEY:**     **NO LATER THAN JULY 4, 1984**



Given under my hand and the Seal of the Court of Common Pleas, Butler County, Ohio, Tuesday, July 20, 2010.

*Cindy Carpenter*

Clerk of Courts, Butler County, Ohio

**CINDY CARPENTER**                    **CLERK OF COURTS**

Date:    July 20, 2010                     Case No.: CR 1983 12 0614

STATE OF OHIO VS VON CLARK DAVIS

# SHERIFF'S RETURN OF CONVEY
## UPON ISSUANCE OF DEATH WARRANT
### COMMON PLEAS COURT, BUTLER COUNTY, OHIO

**CONDEMNED PRISONER NAME:  VON CLARK DAVIS**

1. **Clerk's Receipt of Entry**: The Clerk of Courts of Butler County Common Pleas Court has received the Judgment Conviction Entry ordering the condemned prisoner to be conveyed to the Southern Ohio Correction Facility and executed at the time and place named in this Death Warrant.

   Sentencing Entry and Issuance of Death Warrant verified by: _____
                                                              Clerk of Courts

2. **Sheriff's Receipt**: The Butler County Sheriff, has received on this day the certified copy of the Judgment Conviction Entry and Death Warrant to Convey the Prisoner to the Southern Ohio Correction Facility.

   Certification of Receipt: _____ #1558
                              Deputy Sheriff

3. **Certification of Convey by Sheriff**: The Southern Ohio Correction Facility has taken custody of said Prisoner and received the certified copy of the Judgment Conviction Entry and Death Warrant thereon.

   _____                        Date:_____
   Deputy Sheriff
   _____                        Date: 8-20-2010
   Superintendent

4. **Filing of Executed Convey Order and Cost by Sheriff**: The Clerk of Courts of Butler County Common Pleas Court has received on this day the properly executed return of this document and shall record the Sheriff's costs for service and return of $43.30 upon the docket.

   | | |
   |---|---|
   | Sheriff return of Service | 3.00 |
   | Mileage | 40.30 |
   | Total | $43.30 |

   Clerk's Time Stamp Here

*RETURN AND FILE WITH THE CLERK OF COURT'S OFFICE*



CINDY CARPENTER                                   CLERK OF COURTS

*SHERIFF'S COPY:    (SERVED BY MONTY MAYER)*          C000216863
**BUTLER COUNTY SHERIFF**
**705 HANOVER STREET**
**HAMILTON, OH 45011**

---

Date:   July 21, 2010                    Case No.: CR 1983 12 0614
                 STATE OF OHIO VS VON CLARK DAVIS

---

### P E R S O N A L   S E R V I C E   B Y   S H E R I F F
### C O U R T   O F   C O M M O N   P L E A S ,   B U T L E R   C O U N T Y ,   O H I O

**To** the Butler County Sheriff:  You are directed to serve the attached copy of a document of the
Butler County Court of Common Pleas.

Please serve upon the following party:

        Name:          SOUTHERN OHIO CORRECTIONAL FACILITY
                       LUCASVILLE, OH 45699

CINDY CARPENTER
Butler County Clerk of Courts

By: Jody Whisman Miller
Deputy Clerk

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

# BUTLER COUNTY SHERIFF'S OFFICE

### RETURN OF PERSONAL SERVICE
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

STATE OF OHIO

**CASE NUMBER:** CR 1983 12 0614

**vs.**

**DATE ISSUED:** July 21, 2010

**VON CLARK DAVIS**


**PARTY INFORMATION:**
Name:   SOUTHERN OHIO CORRECTIONAL FACILITY
            LUCASVILLE, OH 45699


**SHERIFF'S INSTRUCTIONS:**  This document is required to be personally served upon the party
                                            named above.

**DOCUMENTED ATTEMPTS AT SERVICE:**          **PERSONAL SERVICE:**
          Date:_____          Signature:_____
          Date:_____
          Date:_____

**PERFECTED SERVICE:**                         **ALTERNATE SUBJECT SERVED:**
          Date:_____ Time:_____          Signature:_____
          Deputy:_____          Relationship:_____
          Badge Number:_____


**FAILURE OF SERVICE:**
          Reason for failure:_____
          _____


**SHERIFF'S FEES:**
          Mileage:_____          ┌─────────────────────────┐
          Return of Service:_____          │  *CIVIL DIVISION*        │
          TOTAL FEES:_____          │  *DATA ENTRY OF FEES*    │
                                                        │  *Initial:*              │
                                                        │  *Date:* _____   │
                                                        └─────────────────────────┘

_____
_____
_____
_____

*File this document with Butler County Clerk of Courts*



2. Article Number

7160 3901 9848 8768 8432

3. Service Type  **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*  ☐ Yes

1. Article Addressed to:

SUPREME COURT OF OHIO
CLERKS OFFICE
65 SOUTH FRONT ST  8TH FLOOR
COLUMBUS, OH 43215

CR 1983 12 0614

A. Received by (Please Print Clearly)   B. Date of Delivery

JUL 2 3 2010

CLERK OF COURT
SUPREME COURT OF OHIO

C. Signature

X

D. Is delivery address different from item 1?

☐ Agent
☐ Addressee
☐ Yes
☐ No

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

JUL 2 7 2010

CINDY CARPENTER
CLERK OF COURTS

PS Form 3811, January 2005      Domestic Return Receipt



2. Article Number

7160 3901 9848 8768 7879

3. Service Type **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*

1. Article Addressed to:
LAURENCE KOMP
AKA CLARK DAVIS
ATTORNEY AT LAW
PO BOX 1785
MANCHESTER, MI 63011

CR 1983 12 0614

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)  Laurence E. Komp
B. Date of Delivery  7/23/10

C. Signature
X
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

L000 2260 65

**JUL 2 7 2010**

CINDY CARPENTER
CLERK OF COURTS

PS Form 3811, January 2005     Domestic Return Receipt



# IN THE COURT OF COMMON PLEAS
# BUTLER COUNTY, OHIO

*FILED in Common Pleas Court
BUTLER COUNTY, OHIO*

*SEP 2 3 2010*

*CINDY CARPENTER
CLERK OF COURTS*

State of Ohio,

        Plaintiff-Appellee,

        vs.

Von Clark Davis,

        Defendants-Appellant.

: **Case No: CR1983-12-0614**
:
:
: **Judge Andrew Nastoff**
:
:
:
:

---

### APPELLANT'S MOTION FOR A STAY OF EXECUTION

---

    Von Clark Davis, by and through counsel, requests the Court for a stay of execution for the pendency of Appellant's direct review. Capital defendants are "entitled to have that review before paying the ultimate penalty. The right of review is otherwise rendered utterly meaningless." *McDonald v. Missouri*, 464 U.S. 1306-07 (1984) (Blackmun, J., Circuit Justice) ("It makes no sense to have the execution set on a date within the time specified for that review ... and before the review is completed.").

    After Appellant filed his merit brief with the Twelfth Appellate District, Appellant's execution was set for November 9, 2010. Appellant possesses an appeal of right to the Twelfth Appellate District as well as the Ohio Supreme Court. *See* Ohio Rev. Code § 2929.05(A). Therefore, Appellant requests that this Court grant a stay of execution until the completion of his direct appeals as of right. Even though the execution date issued well after the Notice of Appeal and after briefing by the parties, Appellant is required to present this request to this Court pursuant to Twelfth Appellate Dist. Loc. R. 8.

09/23/2010  07:38    6362077351              LAURENCE KOMP- ATTY                    PAGE  03/03

Respectfully submitted,

Laurence E. Komp (0060742)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekomp@swbell.net

John P. Parker (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900

-and-

ALAN M. FREEDMAN (PHV)
MIDWEST CENTER FOR JUSTICE, LTD.
P.O. Box 6528
Evanston, Illinois 60201
Phone: (847) 492-1563
Fax: (847) 492-1861

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing **APPELLANT'S MOTION FOR A STAY OF EXECUTION** was mailed regular U.S. Mail to Daniel Eichel and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government Services Center, 315 High Street, Hamilton, Ohio 45011, on this the ___ day of September, 2010.

Laurence E. Komp (0060142)
COUNSEL FOR APPELLANT

09/23/2010  07:38  6362077351           LAURENCE KOMP- ATTY            PAGE  01/03



Laurence E. Komp
Attorney at Law
P.O. Box 1785
Manchester, MO 63011
(636) 207-7330
Fax Number (636) 207-7351
Email - lekomp@swbell.net
FAX TRANSMITTAL FORM

| | |
|---|---|
| To: Clerk of Court, Butler County Court of Common Pleas | From: Larry Komp |
| Name: | Date Sent: 9/23/10 |
| CC: | |
| Phone: | Number of Pages:3 |
| Fax: 513-887-3966 | |

Clerk of Court,

Attached please find a motion for extension of time to be filed in Appellate Case No. CA2009-10-263. The information required by rule is as follows:

(1) Name of Court - **Butler County, Court of Common Pleas**

(2) Case Caption - **State v. Davis**

(3) Case Number - **CR1983-12-0614**

(4) Assigned Judge - **Judge Andrew Nastoff**

(5) Name, Address, phone number, fax number, Supreme Court registration number, and email address of attorney submitting fax filing - **Laurence E. Komp, Attorney at Law,  P.O. Box 1785, Manchester, Missouri 63011, 636-207-7330 (Voice), 636-207-7351 (Facsimile), Ohio Bar 0060142, lekomp@swbell.net**

(6) Description of document - **Appellant's Motion for Stay of Execution**.

(7) Date of transmission - **9/23/10**

(8) Transmitting fax number - **636-207-7351**

(9) Total Number of pages (including cover sheet) - **3**

If I can be of further assistance, do not hesitate to contact me.

Sincerely,

**CONFIDENTIALITY NOTICE:** THIS FACSIMILE IS A CONFIDENTIAL COMMUNICATION FROM LAURENCE E. KOMP ATTORNEY AT LAW AND MAY BE SUBJECT TO ATTORNEY-CLIENT PRIVILEGE. The information contained in this communication, and any attachments thereto, is privileged and confidential and intended solely for use by the addressee(s). Any other use, dissemination, or copying of this facsimile communication is strictly prohibited and is a tortious interference with our confidential business relationships. If this was erroneously sent to you, please notify us immediately at (636) 207-7330 and permanently delete the original or any printed copies of this communication.



## COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

STATE OF OHIO          *     **Case Number: CR 1983 12 0614**

        *

      **Plaintiff,**      *     **Judge Andrew Nastoff**

        *

**vs.**           *     **DECISION AND ENTRY**

        *     **DENYING DEFENDANT'S**

**VON CLARK DAVIS**    *     **MOTION FOR A STAY OF**

        *     **EXECUTION**

        *

      **Defendant.**      *

        *

   * * * * * * * * * * * * * * * * * * * *

This matter is before the Court on Defendant's motion for a stay of execution for the pendency of his direct review. After due consideration, Defendant's motion is not well taken and is **DENIED.**

     **SO ORDERED.**

                 ENTER,

                 Andrew Nastoff, Judge

cc: Michael A. Oster, Jr., Assistant Prosecuting Attorney
     Laurence E. Komp, Attorney for the Defendant

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

FILED

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

2011 OCT 21  PM 12: 47

MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS

STATE OF OHIO,               :     Case No. CR-1983-12-0614

    Plaintiff-Respondent      :     Judge Nastoff

    v.                             :

VON CLARK DAVIS,           :     CAPITAL CASE

    Defendant-Petitioner.     :

---

## DEFENDANT-PETITIONER'S MOTION FOR LEAVE OF COURT
## TO CONDUCT DISCOVERY

---

Defendant-Petitioner Von Clark Davis, through counsel, moves this Court for leave to conduct discovery. Davis is concurrently filing a post-conviction petition, and intends to amend the petition to include all such potential claims for which he discovers a sufficient basis.

For the reasons set forth in the attached memorandum, and to ensure Davis' rights to due process and a full and fair hearing on his meritorious claims, this Court should allow Davis to conduct the necessary discovery.

Respectfully submitted,

Kort Gatterdam (0040434)
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com
        henry@carpenterlipps.com

COUNSEL FOR DEFENDANT-PETITIONER

<div align="center">**MEMORANDUM IN SUPPORT**</div>

## I.    INTRODUCTION

On October 21, 2011, Petitioner Von Clark Davis files his post-conviction petition containing nine Grounds for Relief supported by fourteen exhibits. Davis has presented, through supporting affidavits and other documentary evidence, substantive grounds for relief in his petition. Because he has presented substantive grounds for relief, R.C. 2953.21(E) requires that this Court "proceed to a prompt hearing on the issues." *See also State v. Milanovich* (1975), 42 Ohio St.2d 26, 50. In Ohio, "the courts assume that the sole purpose of discovery is to assist trial preparation." *State ex rel. WHIO-TV-7 v. Lowe* (1997), 77 Ohio St.3d 350, 354. Thus, because Davis' petition alleges substantive grounds for relief that entitle him to a hearing, he should be granted discovery to assist in preparing for the hearing. By granting this discovery motion, the Court will ensure that Davis is afforded due process, that he is not denied a full and fair hearing on his meritorious claims, and that the interests of justice are served.

## II.    DISCOVERY SOUGHT

Discovery is required at this time to uncover the following relevant and material evidence that supports Davis' grounds for relief:

A.   Order that Davis' counsel be allowed to conduct depositions of Davis' trial defense counsel, Melynda W. Cook-Reich and Randall L. Porter. (Claims 1–8)

B.   Order that Davis' counsel be allowed to conduct depositions of Davis' mitigation specialists/investigators John Lee, Jessica Love and Angie Wiley. (Claims 1–5, 7)

C.   Order that Davis' counsel be permitted to conduct depositions of original trial counsel Michael Shanks and John Garretson. (Claim 8)

D.   Order that Davis' counsel be permitted to conduct a deposition of Cynthia Mausser. (Claim 3)

E.   Order that Davis' counsel be permitted to conduct a deposition of Dr. Bob Smith. (Claim 4)

<div align="center">2</div>

Davis requests that this Court establish a scheduling setting forth the deadlines by which the above discovery is to be completed. Davis suggests that depositions proceed within sixty days of this Court granting this motion.

### III. ARGUMENT

#### A. This Court Should Allow Petitioner Davis to Conduct the Discovery Sought.

The Ohio post-conviction statute is silent on the issue of discovery. Instead, the focus of R.C. 2953.21 is on the threshold burden that a petitioner must satisfy to be entitled to an evidentiary hearing. In the State of Ohio, a petitioner in a post-conviction proceeding has the initial burden of submitting evidence demonstrating to the trial court that a hearing is warranted on the constitutional violations alleged in the petition. *State v. Kapper* (1983), 5 Ohio St.3d 36; *State v. Cole* (1982), 2 Ohio St.3d 112, *State v. Pankey* (1981), 68 Ohio St.2d 58; *State v. Jackson* (1980), 64 Ohio St.2d 107.

This documentation must consist of evidence *dehors* the record. *State v. Milanovich* (1975), 42 Ohio St.2d 46; *State v. Mishelek* (1975), 42 Ohio St. 140. Such evidence is usually in the form of affidavits or documents. The petitioner must submit these exhibits with the petition or face summary dismissal. *Milanovich*, 42 Ohio St.2d 46; R.C. 2953.21(D).

The State, consistent with the Fourteenth Amendment's Due Process Clause, cannot place this initial evidentiary burden on a petitioner and then deny him a meaningful opportunity to meet that burden. To deny Davis the opportunity to meet his burden eviscerates his right to pursue post-conviction remedies. Davis has made a diligent effort to demonstrate why he needs such evidence and how he has been prejudiced by not receiving this material before his trial. However, Davis' Fourteenth Amendment due process rights will be effectively curtailed if he is now prohibited from conducting post-conviction discovery.

3

The majority of Davis' claims relate to the ineffectiveness of his trial counsel. In reviewing these claims, this Court must "conduct an objective review of [counsel's] performance, measured for 'reasonableness under prevailing professional norms,' **includes** a context-dependent consideration of the challenged conduct as seen 'from counsel's perspective at the time.'" *Wiggins v. Smith* (2003), 539 U.S. 510, 523 (quoting *Strickland v. Washington* (1984), 466 U.S. 668, 688) (emphasis added); *Connor v. McBride*, 375 F.3d 643, 656 (7th Cir. 2006) ("evaluated from counsel's perspective at that time"). The best source of evidence related to this time and context-dependent inquiry is the defense "team," and the members of the defense team at the time of trial. Defense counsel and the investigators/mitigation specialists would be in the best position to state why they did or did not do the things claimed in the post-conviction petition.

Recently, Magistrate Judge Kemp from the United States District Court, Southern District of Ohio, recognized this assertion in granting depositions of trial counsel in a federal habeas case. *See* Opinion and Order at 10–11, Marvin G. Johnson v. David Bobby, No. 2:08-cv-55 (S.D. Ohio Sept. 30, 2010) ("It is usually the case that information about what strategy defense attorneys formulated and what investigation was conducted to arrive at and implement that strategy is uniquely in possession of those defense attorneys and that is usually sufficient to establish good cause to depose trial counsel about their actions and omissions. . . . [D]epositions of Petitioner's trial attorneys are the best, if not the only, source of information about counsel's investigation, impressions, preparation, and strategic decisions."). Indeed, the depositions of trial counsel will allow this Court to determine whether there exists a tactical reason for any omission or action, and, if so, whether the tactical basis offered by trial counsel was reasonable.

4

Davis should be allowed the opportunity to conduct the discovery he seeks because (1) post-conviction proceedings are civil in nature, and (2) northing in R.C. 2953.21 specifically addresses discovery in such a way as to take precedence over the civil rules governing discovery. Davis has submitted affidavits and documents demonstrating his grounds for relief; therefore, discovery should be granted.

### B.   Federal Standards Require Liberal Discovery

In addressing the Habeas Rule 6 standard of "good cause" for discovery, the United States Supreme Court held that "[w]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry." *Bracy v. Gramley* (1997), 520 U.S. 899, 908–09 (quoting *Harris v. Nelson* (1969), 394 U.S. 286, 300). The Court recognized that Bracy's claim was "only a theory at this point," but the Court also made clear that whether the petitioner ultimately prevails on the claim for which he requests discovery is not relevant to whether discovery should be granted. *Id.*

Unlike Mr. Bracy, however, Petitioner Davis has offered evidence in support of his post-conviction claims—he is not positing a theory before this Court. In a case such as this, where the petitioner has already presented evidence in support of his claims—hence, the claims are not merely speculative—the trial court's granting of discovery is even more deserving. *McDaniel v. United States District Court for the District of Nevada* (9th Cir. 1997), 127 F.3d 886.

Moreover, the United States Supreme Court has said that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor* (1947), 329 U.S. 495, 507. According to the Ohio Supreme Court, "[t]he purpose of the liberal

5

discovery policy contemplated by the Ohio Rules of Civil Procedure is the narrowing and sharpening of the issues to be litigated." *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 56.[1] It was in that spirit that Civ. R. 26(B) was promulgated. The rule provides for a liberal discovery policy:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, electronically stored information, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Civ. R. 26(B)(1). By permitting discovery, this Court will allow Davis to fairly present and exhaust the constitutional challenges to his judgment and death sentence in the state courts. This step is necessary should these claims be raised in federal court. Furthermore, the discovery sought is limited to the necessary information. Thus, it will conserve judicial resources by focusing the issues presented in his post-conviction petition.

### C.    Petitioner Is Entitled to Conduct Discovery Because He Has Presented Evidence and Materials Establishing Substantive Grounds for Relief.

The evidentiary materials and affidavits submitted by Petitioner Davis with his petition are sufficient to establish, prima facie, substantive grounds for relief on his claims. Relevant documents and affidavits in support of the grounds for relief were submitted with his petition and are before this Court.

Having met the threshold burden, the post-conviction statute affords Davis the immediate right to an evidentiary hearing on these grounds. R.C. 2953.21(E); *see also Milanovich*, 42 Ohio

---

[1]    Post-conviction actions are civil proceedings. *Milanovich*, 42 Ohio St.2d at 49. As such, the Ohio Rules of Civil Procedure apply. *Id.* at 52; *State v. Nichols* (1984), 11 Ohio St.3d 40, 42–43.

6

St.2d at 51 (If the petition "states a substantive ground for relief and . . . relies upon matters outside the record, the court should thus proceed to a prompt evidentiary hearing.").

For this statutorily-mandated hearing to be useful, this Court should permit Davis to conduct the discovery he seeks. The necessary discovery sought will allow him to develop the relevant issues for the hearing, focus the proceedings, and conserve judicial resources. It will also give Davis the opportunity to more fully develop the facts establishing that he is entitled to relief. The due process and fundamental fairness rights guaranteed by the United States Constitution's Fourteenth Amendment, and similar provisions in the Ohio Constitution, will be served, as will the purpose of Ohio's post-conviction statute.

> **D.     Even If This Court Is Not Prepared to Grant a Hearing, Due Process and Fundamental Fairness Require That This Court Permit Discovery.**

Davis has presented sufficient documents and evidentiary materials entitling him to a full evidentiary hearing and the discovery necessary to prepare for that hearing. But if this Court is not prepared to grant a hearing at this time, it should nonetheless permit Davis to conduct the necessary discovery sought so that he can gather additional evidence to support his claims and fully demonstrate that he is entitled to a hearing. Allowing discovery before granting Davis an evidentiary hearing conserves judicial resources, furthers the goals of the post-conviction statute, and ensures due process.

The post-conviction statute places the burden on the petitioner to present documents and other evidentiary materials "containing sufficient operative facts to demonstrate [his] claim." *State v. Smith* (1986), 30 Ohio App.3d 138, 140. To meet this burden, Davis must have access to evidentiary materials that are in the hands of persons not likely to grant him access, e.g., the State. Refusing to permit Davis to conduct necessary discovery may effectively foreclose him from ever meeting the threshold burden placed on him by the statute. This result would deprive

7

Davis of his rights under the post-conviction statute and violate his due process rights under both the Ohio and federal constitutions.

The need for liberal discovery in capital cases is especially acute because it helps to ensure the reliability in the proceedings and outcome—a particularly important concern where a death sentence is involved. The United States Supreme Court has repeatedly emphasized the need to ensure a heightened reliability of the outcome where a person's life is at stake. *See, e.g., Beck v. Alabama* (1980), 447 U.S. 625, 637; *Lockett v. Ohio* (1978), 438 U.S. 586, 604; *Woodson v. North Carolina* (1976), 428 U.S. 280.

## IV.    CONCLUSION

Petitioner Von Clark Davis has produced sufficient evidence *dehors* the record in the form of affidavits and other documents to support the grounds for relief contained in his Petitioner for Post-Conviction Relief. Granting him discovery will ensure due process and fundamental fairness, conserve judicial resources, and serve the interests of justice.

Therefore, Davis respectfully requests that this Court grant this Motion for Discovery. He further requests that this Court allow him leave to amend his petition to include additional constitutional claims identified after discovery is conducted.

Respectfully submitted,

Kort Gatterdam (0040434)
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com
         henry@carpenterlipps.com
COUNSEL FOR DEFENDANT-PETITIONER

8

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion for Leave of Court to Conduct Discovery was forwarded by first-class, postage prepaid U.S. Mail to Michael T. Gmoser, Butler County Prosecuting Attorney, 315 High Street, 11th Floor, Hamilton, Ohio 45011, on this 21st day of October, 2011.

Kort Gatterdam

050-384-296974

9

FILED

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO
2011 OCT 21 PM 12: 47

MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS

STATE OF OHIO,                    :    Case No. CR-1983-12-0614

    Plaintiff-Respondent,         :    Judge Nastoff

                              :

          v.                             :

                              :

VON CLARK DAVIS,                   :    CAPITAL CASE

    Defendant-Petitioner.          :

---

### DEFENDANT-PETITIONER'S MOTION FOR RECUSAL

---

        Defendant-Petitioner Von Clark Davis, through counsel, moves this Court to recuse itself

from this case.   Reasons in support of this motion are more fully stated in the attached

memorandum in support.

                                       Respectfully submitted,

                                       _____

                                       Kort Gatterdam (0040434)
                                       Erik P. Henry (0085155)
                                         CARPENTER LIPPS & LELAND LLP
                                       280 Plaza, Suite 1300
                                       280 North High Street
                                       Columbus, Ohio 43215
                                       Telephone: (614) 365-4100
                                       Facsimile: (614) 365-9145
                                       E-mail: gatterdam@carpenterlipps.com
                                                       henry@carpenterlipps.com

                                       COUNSEL FOR DEFENDANT-PETITIONER

## MEMORANDUM IN SUPPORT

On December 19, 2007, to comply with granting of a conditional writ of habeas corpus in *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, this Court granted Defendant-Petitioner Von Clark Davis a new sentencing hearing. A resentencing hearing was conducted before this Court from September 8, 2009 through September 10, 2009. At the conclusion of the resentencing hearing, on September 10, 2009, this Court along with two other judges resentenced Davis to death. The sentencing opinion was filed on September 21, 2009.

On September 9, 2009, Davis' sister, Carol Smith, testified on Davis' behalf. Ms. Smith revealed that she has a son by the name of Lahray Thompson, and that Mr. Thompson had been convicted of aggravated murder in a capital case. (Tr. Vol. II, p.126). Following Ms. Smith's testimony, this Court disclosed that he prosecuted Mr. Thompson and argued to the jury that he should receive the death sentence. (Tr. Vol. II, p.131). In the concurrently filed Post-Conviction Petition, one of the grounds for relief is that Davis' trial counsel provided ineffective assistance for not seeking recusal of this Court. (See Sixth Ground for Relief).

"It is well settled that a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law." *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 34 (citing *Rose v. Clark* (1986), 478 U.S. 570, 577; *Tumey v. Ohio* (1927), 273 U.S. 510, 534). According to the Ohio Supreme Court, the removal of a judge is necessary "to avoid even an appearance of bias, prejudice, or impropriety, and to ensure the parties, their counsel, and the public the unquestioned neutrality of an impartial judge." *In re Disqualification of Floyd*, 101 Ohio St.3d 1215, 2003-Ohio-7354, ¶ 10; *see also State ex rel. Turner v. Marshall* (1931), 123 Ohio St. 586, 587 ("[I]t is of vital importance that the litigant believe that he will have a fair trial.").

2

Canon 3 of the Ohio Code of Judicial Conduct states generally that "a judge shall perform the duties of judicial office impartially and diligently." Furthermore, "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." Canon 3(E)(1).

The post-conviction petition being filed concurrently with this motion contains a claim regarding whether defense counsel should have sought the recusal of this Court prior to conducting the penalty phase. The reasons why defense counsel were ineffective in not seeking recusal are set forth in the Sixth Ground for Relief of the post-conviction petition. (Sixth Ground and relevant attachments included herein). It would be unfair to have this Court now rule on whether that ground or any other grounds in the post-conviction petition should require a new penalty phase given the nature of the Sixth Ground.

For these reasons, this Court's removal from this case is necessary "to avoid even an appearance of bias, prejudice, or impropriety, and to ensure the parties, their counsel, and the public the unquestioned neutrality of an impartial judge." *In re Disqualification of Floyd*, 101 Ohio St.3d 1215, 2003-Ohio-7354, ¶ 10. Therefore, Davis, through counsel, respectfully asks this Court to recuse itself from this matter and ask the Chief Justice to appoint a new judge to rule upon the concurrently filed post-conviction petition.

3

Respectfully submitted,

Kort Gatterdam (0040434)
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com
         henry@carpenterlipps.com

COUNSEL FOR DEFENDANT-PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion for Recusal was forwarded by first-class, postage prepaid U.S. Mail to Michael T. Gmoser, Butler County Prosecuting Attorney, 315 High Street, 11th Floor, Hamilton, Ohio 45011, on this 21st day of October, 2011.

Kort Gatterdam

050-384-296792

4

### SIXTH GROUND FOR RELIEF

93.     Davis hereby incorporates by reference all previous paragraphs as if fully rewritten herein.

94.     Davis' sentence is void and/or voidable because defense counsel provided ineffective assistance at the penalty phase and as a result, Davis was sentenced to death. Counsel knew that Judge Andrew Nastoff served as a prosecutor in the death penalty case of Davis' nephew, Lahray Thompson, and advocated for Mr. Thompson's death, yet counsel failed to seek the removal of Judge Nastoff. Counsel did not provide objectively reasonable assistance and Petitioner was prejudiced as a result of this failure. *Strickland v. Washington* (1984), 466 U.S. 668. Davis was denied his right to effective assistance of counsel as guaranteed by the Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution.

95.     "It is well settled that a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law." *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 34 (citing *Rose v. Clark* (1986), 478 U.S. 570, 577; *Tumey v. Ohio* (1927), 273 U.S. 510, 534). According to the Ohio Supreme Court, the removal of a judge is necessary "to avoid even an appearance of bias, prejudice, or impropriety, and to ensure the parties, their counsel, and the public the unquestioned neutrality of an impartial judge." *In re Disqualification of Floyd*, 101 Ohio St.3d 1215, 2003-Ohio-7354, ¶ 10; *see also State ex rel. Turner v. Marshall* (1931), 123 Ohio St. 586, 587 ("[I]t is of vital importance that the litigant believe that he will have a fair trial.").

96.     During the mitigation hearing, Davis' sister, Carol Smith, testified on Davis' behalf. Ms. Smith revealed that she has a son by the name of Lahray Thompson, and that Mr. Thompson had been convicted of aggravated murder in a capital case. (Tr. Vol. II, p.126)

97.     Following Ms. Smith's testimony, Judge Nastoff disclosed that he was a member of the prosecution team against Mr. Thompson and had argued to the jury that he should receive the death sentence. (Tr. Vol. II, p.131). Indeed, the motions filed pretrial in Mr. Thompson's case confirm that Judge Nastoff was actively seeking the death penalty against Mr. Thompson. Ex. M, Prosecution Memorandums in Opposition filed in State v. Lahray Thompson. The transcript from Mr. Thompson's trial confirms that Judge Nastoff argued that Mr. Thompson was eligible for the death penalty. Ex. N, State v. Lahray Thompson Trial Tr. 1188–92. The transcript further reveals that he called Mr. Thompson a liar. *Id.* 1205–07.

98.     Davis' counsel stated that the defense already knew Judge Nastoff was involved in the prosecution, but made the decision not to seek his recusal. (Tr. Vol. II, p.132). Counsel knew that Judge Nastoff had previously sought the death penalty against a member of Davis' family, yet did not seek to remove Judge Nastoff from the case. As a prosecutor in Mr. Thompson's case, Judge Nastoff obtained knowledge of Mr. Thompson's family, which included Davis and some of his witnesses. Further, Judge Nastoff had already argued in favor of sentencing Davis' nephew to death, and believed that Mr. Thompson was a liar. Thus, to avoid even the appearance of bias, prejudice, or impropriety, and to ensure the unquestioned neutrality of an impartial judge to the parties, their counsel, and the public, Judge Nastoff should not have

20

been deciding Davis' fate and instead should have been removed from the case.    Ex. D, Affidavit of Diane Menashe.

99.    Mr. Davis's attorneys never discussed the conflict issue with Mr. Davis. Ex. B, Affidavit of Von Clark Davis. Had they done so, Mr. Davis would have requested that Judge Nasthoff recuse himself. Mr. Davis did not find out about the issue until after his sister testified at the penalty phase hearing.

100.    Davis supports this ground with evidence dehors the record that contains sufficient operative facts to demonstrate a lack of competent counsel and prejudice that resulted from that ineffectiveness. *State v. Jackson* (1980), 64 Ohio St.2d 107, 111. Davis must be granted a new trial or, at a minimum, discovery and an evidentiary hearing on this ground for relief.

**Supporting Exhibits**: B, Affidavit of Von Clark Davis; D, Affidavit of Diane Menashe; M, Prosecution Memorandums in Opposition filed in State v. Lahray Thompson; N, State v. Lahray Thompson Trial Transcript.

**Legal Authority in Support of Ground for Relief**: Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution; Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution; *Strickland v. Washington* (1984), 466 U.S. 668; *Rose v. Clark* (1986), 478 U.S. 570; *Tumey v. Ohio* (1927), 273 U.S. 510; *In re Disqualification of Floyd*, 101 Ohio St.3d 1215, 2003-Ohio-7354; *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128; *State v. Jackson* (1980), 64 Ohio St.2d 107; *State ex rel. Turner v. Marshall* (1931), 123 Ohio St. 586.

21

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| **STATE OF OHIO,** | : | **Case No. CR-1983-12-0614** |
| | : | |
| **Plaintiff-Respondent,** | : | **Judge Nastoff** |
| | : | |
| **v.** | : | |
| | : | |
| **VON CLARK DAVIS,** | : | **CAPITAL CASE** |
| | : | |
| **Defendant-Petitioner.** | : | |

---

### AFFIDAVIT OF VON CLARK DAVIS

---

COUNTY OF MAHONING )
                )   SS:
STATE OF OHIO      )

I, Von Clark Davis, being first duly cautioned do state the following:

1. I am over 18 years of age, am of sound mind, and am competent to testify regarding the matters discussed in this affidavit.

2. I am the Defendant in the above-captioned case. My attorneys for my September, 2009 penalty phase hearing were Randall Porter and Melynda Cook-Reich.

3. I discussed with my attorneys all my certificates, job evaluations, good conduct as well as guards and case managers that have seen me in prison since 1984. Other than the institutional summary introduced through Scott Nowak, my attorneys did not present any evidence at the penalty phase hearing of my job reviews, achievements or good conduct while in prison.

4. My attorneys never asked me for names of guards, case managers (other than Mr. Nowak) or other prison personnel to interview about possibly testifying for me. I could have provided them a number of names, particularly of guards at OSP (Ohio State Penitentiary) where I have been for the last 4 years as well as the two institutions I had previously been housed, Mansfield Correctional Institution and the Southern Ohio Correctional Institution. I believe they have seen me a sufficient amount of time to be able to attest that, among other things: I follow the rules, I do not act out, I am a hard worker and I have been helpful to them in a number of ways over the years.

**EXHIBIT**

**B**

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 4995

5. I recall my attorneys mentioning at the sentencing hearing that they were going to have John Lee testify about some interviews he did of the following family members: Charles Flowers, Milton Flowers, Fannie Whiteside, and Elizabeth Crawford. I was upset that my attorneys did not call Mr. Lee to testify or attempt to admit the write-ups from Mr. Lee and others of these family members who were deceased or who had dementia at the time of my September, 2009 hearing. I thought these interviews provided important family insight that was not contained in other people's testimony. I also believed that their information was necessary as substantive evidence, not just for Dr. Smith's social history.

6. My attorneys mentioned to me that they were going to call someone from the Parole Board to say that I would never be paroled. I told both my attorneys and the mitigation specialist from the Office of the Public Defender that I did not like this idea at all. I thought this person would be putting a nail in my coffin. Mr. Porter said this information would help. He and I argued about it because I did not agree.

7. My attorneys said to me that I was never getting out of prison. I wanted some hope of getting out. They sent the mitigation specialist up to talk to me about possibly taking a life without parole deal but I rejected that. I had no idea that life without parole was not a sentencing option in my case.

8. My attorneys did not discuss at all with me their decision not to seek the recusal of Judge Nastoff. I did not know until my sentencing hearing in September, 2009 that Judge Nastoff was one of the prosecutors who went to trial and sought the death penalty against my nephew, Lahray Thompson. I was too shocked to say anything to my attorneys at that point but had I been asked earlier, I would have asked my attorneys to seek Judge Nastoff's recusal.

9. Prior to my first trial in this case, back in 1984, I had attorneys Michael Shanks and John Garretson. I was unaware of all the consequences of my jury waiver back in 1984. I was not told by my trial attorneys that once I waived a jury, I could never have a jury in my case even if I was convicted and the case was reversed on appeal. I was also under the impression that the jury waiver applied to this panel of judges only and for this trial only, not to any new panel of judges or even one different judge that might hear the case later if my case was reversed on appeal. I was not informed that if death penalty law changed, I would not get the benefit of those changes because I had waived my right to a jury trial. All of these things would have affected my decision to waive jury and I would not have waived jury had I known these things back in 1984.

2

FURTHER AFFIANT SAYETH NAUGHT.

_Von Clark Davis_
Von Clark Davis

Sworn to and subscribed before me this 17th day of October, 2011.

_Darrell Brady_
Notary Public

3

**IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **Case No. CR-1983-12-0614** |
| | : | |
| **Plaintiff-Respondent,** | : | **Judge Nastoff** |
| | : | |
| v. | : | |
| | : | |
| VON CLARK DAVIS, | : | **CAPITAL CASE** |
| | : | |
| **Defendant-Petitioner.** | : | |

---

**AFFIDAVIT OF DIANE M. MENASHE**

---

COUNTY OF FRANKLIN )
　　　　　　　　　　　 )　　SS:
STATE OF OHIO　　　 )

I, Diane Menashe, being first duly cautioned do state the following:

1. I am over 18 years of age, am of sound mind, and am competent to testify regarding the matters discussed in this affidavit.

2. I am attorney, licensed to practice law in the State of Ohio since 1998. I worked in the Office of the Ohio Public Defender from 1997 to 2001. From 2001 to present, I have been in private practice in my own office, Diane M. Menashe Co., L.P.A.

3. My practice is exclusively focused on criminal defense in state and federal court. I have litigated numerous cases in state and federal court.

4. I am certified by the State of Ohio as lead counsel in capital cases pursuant to Rule 20 of the Ohio Rules of Superintendence and have handled and tried numerous capital cases. I have also handled two federal capital cases that went to jury, *United States v. Lawrence* and *United States v. Henderson*, both in the Southern District of Ohio, Eastern Division.

5. I was retained by Attorney Kort Gatterdam to provide my opinion on the sentencing phase trial beginning September 8, 2009, in State of Ohio v. Von Clark Davis.

6. As part of my duties, I reviewed: the September 8, 2009 – September 10, 2009 penalty phase transcript; Supreme Court of Ohio opinions; Court of Appeals opinions; Sixth Circuit Court of Appeals opinion ordering a new penalty phase hearing; mitigation write-

**EXHIBIT**

**D**

ups; affidavits of Cynthia Mausser, Dr. Bob Smith, Kort Gatterdam, and Von Clark Davis; transcript of proffer of defense witnesses for August 1989 penalty phase hearing, p. 1–5; prior penalty phase opinions; prison records attached to post-conviction petition; penalty phase exhibits B-I.

7. I am fully conversant with the Sixth Amendment test for ineffective assistance of counsel enunciated in *Strickland v. Washington* (1984), 466 U.S. 668, and its progeny. Based upon my experience and upon the prevailing constitutional standards, it is my professional opinion that trial counsel's performance was deficient in several areas and those deficiencies prejudiced the penalty phase of Von Clark Davis's case.

8. First Ground for Relief – I am familiar with the Sixth Circuit's Opinion in *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761. In that case, the Sixth Circuit granted Davis habeas relief because during Davis' second penalty phase hearing, the three-judge panel erroneously excluded testimony regarding Davis' exemplary behavior on death row between his first and second sentencing hearings. *Id.* at 770. Regarding the evidence, the Sixth Circuit stated:

> Such testimony would have established that Davis was classified as an "A" prisoner, indicating that he had no discipline or conduct problems; that he was the clerk on death row for the unit manager and helped conduct tours of death row; and that he had created no problems for other inmates or for security personnel and had no conduct write-ups. Davis worked directly for Oscar McGraw, the unit manager for death row, who complimented Davis's positive attitude and pleasant personality. Herb Wendler, Davis's case manager, observed that Davis was cooperative and courteous, that he had been given much more freedom than other inmates on death row, and that he had been placed in various positions of trust within the unit.

*Id.* at 773. The Sixth Circuit determined that based on the record in the case, this evidence was "without doubt . . . highly relevant to the single aggravating factor relied upon by the state—that future dangerousness should keep Davis on death row." *Id.*

9. It is my understanding the defense counsel handling Davis' 2009 penalty phase hearing never attempted to contact Sgt. Gordy Pullman, Oscar McGraw, Herb Wendler or any other witnesses who may have had information as to Davis' model behavior while on death row. I find this to be deficient performance. The anticipated testimony of Oscar McGraw and Herb Wendler was the basis for the Sixth Circuit's reversal of Davis' 1989 death sentence. There is no legitimate reason for defense counsel's failure to even attempt to locate these or any other witnesses which may have had information regarding Davis's good behavior while incarcerated on death row. If defense counsel was concerned with ODRC's policy regarding employee interviews, they could very easily have subpoenaed the witnesses to the penalty phase hearing and interviewed (or had their mitigation specialist interview) the witnesses when they appeared for court.

2

10. The failure to conduct this investigation is objectively unreasonable and constitutes ineffective assistance of counsel pursuant to the two prong test in *Strickland v. Washington.*

11. Second Ground for Relief – I read the penalty phase testimony of caseworker Scott Nowak. It is my understanding that Mr. Davis had a number of certificates, and other information about his accomplishments while in prison, work history while in prison, lack of institutional write-ups and security level reductions. It is my opinion that these documents should have been marked as exhibits and introduced at the penalty phase hearing. Demonstrative evidence of Davis' accomplishments and his behavior while in prison would have been important tangible evidence for the trier of fact. The evidence was admissible, available and relevant to whether Davis should be sentenced to death. Submitting a two page summary through Mr. Nowak was incomplete and unpersuasive, particularly when other evidence existed.

12. The failure to present this evidence is objectively unreasonable and constitutes ineffective assistance of counsel pursuant to the two prong test in *Strickland v. Washington.*

13. Third Ground for Relief – I believe defense counsel has a duty to determine, before placing a witness on the stand, whether that witness could potentially harm the defense case and if so, whether that is a risk worth taking. I read the testimony and affidavit of Cynthia Mausser. Given what Ms. Mausser stated in her affidavit and in her testimony at the penalty phase hearing, I would not have called her as a witness. I believe her testimony harmed Mr. Davis's case. Although defense counsel in their opening statement promised otherwise, Ms. Mauser could not say that Davis would never be paroled. To the contrary, she testified that Davis was apt to be paroled and because he had twice been convicted of murder, the streets would not be safe if/when he were ever released.

14. As the Chair of the Board, I find it hard to believe Ms. Mausser would have guaranteed defense counsel during an interview that Mr. Davis would never be paroled. Rather, it stands to reason that Ms. Mausser's affidavit about what she told defense counsel when interviewed about the possibility of Davis' parole is accurate. No single Parole Board Member constitutes a majority so even if she had an opinion on parole, it would not necessarily be shared by others on the Board.

15. The presentation of Cynthia Mausser's testimony is objectively unreasonable and constitutes ineffective assistance of counsel pursuant to the two prong test in *Strickland v. Washington.*

16. Fourth Ground for Relief – Dr. Smith was asked to provide testimony on Davis's psycho-social history and what, if any, psychological disorders he suffered from at the time of the incident. In my opinion, the key question in this penalty phase was whether Mr. Davis would be a danger to anyone in the community if he was paroled. Defense counsel obviously did not prepare Dr. Smith to testify on this issue because he offered no testimony in this regard. Moreover, his testimony had the opposite effect; he opined that the nature of borderline personality disorder is that an inmate does well in a structured setting like prison but not when they have no clear cut structure like a person out in the

3

community. Given Mr. Davis's prior history, I believe this testimony was harmful and contributed to the panel giving Mr. Davis death.

17. In addition, defense counsel should have gained information from the prior two panels of judges that heard similar testimony and rejected the psychological testimony. In fact, the second panel actually used the psychological testimony to assist them in making their decision that the death penalty was the appropriate sentence. Defense counsel should either have not presented the testimony of Dr. Smith or focused on the future dangerousness issue as addressed by Dr. Smith's affidavit.

18. The presentation of Dr. Bob Smith's testimony is objectively unreasonable and constitutes ineffective assistance of counsel pursuant to the two prong test in *Strickland v. Washington.*

19. Fifth Ground for Relief – Defense counsel had an exhibit notebook with Exhibits A–L, presumably which they intended to introduce into evidence at the penalty phase hearing. However, they only submitted Exhibits J, K, and L. Of the documents not submitted was an affidavit and the mitigation write-ups from four witnesses who were either deceased or were no longer competent to testify. These witnesses had relevant and important historical information to provide about Davis. Although defense counsel initially indicated to the Court that they intended to present the affidavit and mitigation write-ups through the testimony of their mitigation specialist, John Lee, they did not. For reasons unknown, the defense did not call Mr. Lee. Furthermore, they later withdrew their request to have the exhibits introduced.

20. The defendant is to be given great latitude in presenting mitigating factors in a capital sentencing hearing. *See* R.C. 2929.04(C); *State v. Landrum* (1990), 53 Ohio St.3d 107, 115. Moreover, in this case the affiants were unavailable, so under a more lax standard of evidentiary rules the documents were apt to be admissible. Further, the fact that the case was being tried to a three judge panel makes it more likely than not that the affidavit and the mitigation the write-ups would have been admitted into evidence and given the appropriate weight. I believe that the evidence was admissible as substantive evidence and defense counsel should have introduced or at least attempted to introduce this testimony. Moreover, I believe the evidence was relevant and important to the defense case.

21. The failure to present John Lee's testimony and/or the mitigation write-ups and affidavit is objectively unreasonable and constitutes ineffective assistance of counsel pursuant to the two prong test in *Strickland v. Washington.*

22. Sixth Ground for Relief – At the end of Carol Smith's testimony, Judge Nastoff indicated that he prosecuted, and argued for the death penalty, against Ms. Smith's son, Lahray Thompson. Carol Smith is the sister of the Defendant, making Lahray Thompson the Defendant's nephew. Defense counsel indicated that he made the decision long ago not to challenge the judge's connection to Ms. Smith as grounds for recusal.

4

23. I have reviewed Mr. Davis's affidavit where he states that his attorney never discussed the recusal issue with him. I find this to be problematic. Moreover, I find it deficient performance not to seek recusal of Judge Nastoff based on his affiliation to Ms. Smith. Judge Nastoff sought the death penalty against Mr. Davis's nephew. During that prosecution he heard and cross examined some of the very same mitigation evidence that Davis presented in his case. It would be difficult, if not impossible, to put aside Judge Nastoff's prior opinions about the veracity and strength of the mitigation.

24. Further, as a practical matter, Judge Nastoff was a former prosecutor who litigated capital cases. Strategically he was not likely to favor the defense presentation given his prior employment.

25. The failure to seek Judge Nasthoff's recusal is objectively unreasonable and constitutes ineffective assistance of counsel pursuant to the two prong test in *Strickland v. Washington*.

26. In addition to the aforementioned examples of ineffectiveness, I observed several other deficiencies in defense counsel's representation.

27. The first witness to testify was Francis Weiland from England. Ms. Weiland had important information about Mr. Davis's remorse and how he has rehabilitated himself over time. She had a letter from Mr. Davis addressing his remorse but was prevented from introducing it into evidence because defense counsel did not provide a copy of the letter to the prosecution as required by the Rules of Evidence.

28. I also found Mr. Davis's unsworn statement to be rehearsed and unconvincing. Despite the Sixth Circuit's reason for reversal in the case of *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, defense counsel did not ask Davis about his institutional adjustment or achievements. Davis' testimony as to this issue was even more critical in the absence of any ODRC employees being called as witnesses by the defense. Mr. Davis should have been asked to testify about his exemplary behavior in prison, his certificates, work history, etc.

29. All of my opinions are based on my experience, my review of the records in this case and my knowledge of the standard for ineffective assistance of trial counsel under *Strickland v. Washington*. For the reasons stated above, both individually and cumulatively, Von Clark Davis was deprived of the effective assistance of trial counsel under the Ohio and United States Constitutions.

5

FURTHER AFFIANT SAYETH NAUGHT.



DIANE M. MENASHE

Sworn to and subscribed before me this 21st day of October, 2011.

Notary Public

KORT GATTERDAM, Attorney At Law
NOTARY PUBLIC, STATE OF OHIO
My commission has no expiration date.
Section 147.03 R.C.

6

STATE OF OHIO    :  CASE NO.  CR95-12-1111

              A96-05-0094

    Plaintiff FILED :  STATE OF OHIO
              COUNTY OF BUTLER
 vs. '96 JUL 24 PM 1 16 : COURT OF COMMON PLEAS
              (Moser, J.)

     T.      :

LAHRAY THOMPSON CLERK OF COURTS

   Defendant     __MEMORANDUM IN OPPOSITION TO__
           __DEFENDANT'S MOTION TO ALLOW__
         JUL 2 4 1996 __DEFENSE TO ARGUE   LAST__
           __AT MITIGATION PHASE__

 : : : : : : : : : : : : :

   Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the defendant's motion to allow the defense to argue  last in penalty-phase closing arguments, filed herein on April 4, 1996, says that the defendant's motion is not well taken.  This motion is "backed by neither law nor effective argument," see _State v. Evans_ (1991), 63 Ohio St.3d 231, 251, 586 N.E.2d 1042, 1059.

   It is clear that the State bears a very high burden of proof in a criminal case -- proof beyond a reasonable doubt.  Accordingly, it was held in _State v. Jenkins_ (1984), 15 Ohio St.3d 164, 214-215, 473 N.E.2d 264, 307-308, that the prosecutor should argue first and last in the penalty-phase final arguments, since the State bears the burden of proof in the penalty phase of a capital trial (to prove that the aggravating circumstances outweigh the mitigating factors by proof beyond a reasonable doubt),  See also _State v. Rogers_ (1985), 17 Ohio St.3d 174, 182-183, 478 N.E.2d 984, 993, _State v. Hicks_ (1989), 43 Ohio St.3d 72, 80, 538 N.E.2d 1030, 1039, and _State v. Grant_ (1993), 67 Ohio St.3d 465, 483, 620 N.E.2d 50, 69.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

**EXHIBIT**

**M**

-3-

WHEREFORE, the defendant's motion should be overruled.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this _34_ day of _July_, 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO            :    CASE NO. CR95-12-1111

        Plaintiff        FILED    STATE OF OHIO

                                    COUNTY OF BUTLER

vs.        '96 JUL 24 PM 1 COURT OF COMMON PLEAS

                                    (Moser, J.)

LAHRAY THOMPSON

                               <u>MEMORANDUM IN OPPOSITION TO</u>

        Defendant                    <u>DEFENDANT'S "VOIR DIRE MEMORANDUM"</u>

                               <u>RE PROPER STANDARD FOR DEATH-</u>

                               <u>QUALIFICATION EXCUSAL</u>

:   :   :   :   :   :   :   :   :   :   :   :

     Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the defendant's "voir dire memorandum" regarding the proper standard for death-qualification, filed herein on April 4, 1996, says that the defendant's proposition of law is incorrect.

     Death-qualification of jurors was upheld as proper in *State v. Jenkins* (1984), 15 Ohio St.3d 164, 473 N.E.2d 264, at paragraph two of the syllabus. The Ohio Supreme Court in *State v. Rogers* (1985), 17 Ohio St.3d 174, 478 N.E.2d 984, *vacated on other grounds* (1985), 474 U.S. 1002, following the standard enunciated in *Wainwright v. Witt* (1985), 469 U.S. 412, 420, established as a matter of Ohio law that a prospective juror in a capital case is subject to challenge for cause based on his views in opposition to capital punishment if "those views would prevent or substantially impair the performance of his duties as juror in accordance with his instructions and his oath." *Rogers, id.,* at paragraph three of the syllabus. See also *State v. Beuke* (1988), 38 Ohio St.3d 29,38, 526 N.E.2d 274, 284, and *State v. Greer* (1988), 39 Ohio St.3d 236, 248, 530 N.E.2d 382, 397.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

The Court has several times reaffirmed its holding in *Rogers*, rejecting the very argument made by defendant herein that the Ohio statute, R.C. 2945.25(C), demands a different, "stricter" standard for death qualification in Ohio, as opposed to the federal constitutional standard. *See, e.g., State v. Roe* (1989), 41 Ohio St.3d 18, 21, 535 N.E.2d 1351, 1357, and most recently, *State v. Frazier* (1995), 72 Ohio St.3d 323, 329, 652 N.E.2d 1000, 1007. The *Rogers* line of cases clearly establish that the standard under the Federal Constitution and the Ohio statute are identical. It has also been held that a juror who is excludable under the *Wainwright v. Witt* or *Rogers* standard is "unsuitable" to be a juror under R.C. 2945.24(O), *see State v. Greer*, 39 Ohio St.3d at 248, 530 N.E.2d at 397; *State v. Beuke*, 38 Ohio St.3d at 38, 526 N.E.2d at 284; and *State v. Buell* (1988), 22 Ohio St.3d 124, 139, 489 N.E.2d 795, 808.

The attached death qualification question as asked by this Court in *State v. Benge* (1993), Butler C.P. No. CR93-02-0116, (excerpt from Trial Transcript pp. 52-54), affirmed in *State v. Benge* (Dec. 5, 1994), Butler App. No. CA93-06-116, unreported, is a proper form for applying the *Wainwright v. Witt* / *Rogers* standard.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-3-

FILED
JUL 24 1996
CLERK

WHEREFORE, the defendant's proposed standard for death-qualification should
be rejected, and the attached questioning standard, or similar wording, should
be utilized in the voir dire of this case.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C.
Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton
St., Hamilton, Ohio 45011 by U.S. regular mail this _23_ day of _____,
1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

1

STATE OF OHIO        FILED     :     CASE NO. CR95-12-1111

             Plaintiff JUL 24 PM 1:10    CA96-05-0094

                           STATE OF OHIO

                           COUNTY OF BUTLER

VS.        I. MARK CAMEN:     COURT OF COMMON PLEAS

           CLERK OF COURTS     (Moser, J.)

                 :    Common Pleas Court

LAHRAY THOMPSON             COUNTY, OHIO     MEMORANDUM IN OPPOSITION TO DEFENDANT'S

       FILED IN              MOTIONS TO LIMIT PROSECUTOR'S

         Defendant BUTLER COUNTY, OHIO   EVIDENCE AND ARGUMENT IN

               JUL 24 1996      THE PENALTY PHASE

                   MARK GADE

                 CLERK

      :   :   :   :   :   :   :   :   :   :

Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the

defendant's motions as follows:

"MOTION TO LIMIT PROSECUTOR'S ARGUMENT TO THE AGGRAVATING CIRCUMSTANCES PROVEN
AT THE FIRST PHASE OF THE TRIAL AND TO LIMIT THE PROSECUTOR'S PRESENTATION OF
EVIDENCE AND ARGUMENT TO PROPER REBUTTAL OF THE DEFENSE PRESENTATION."

"MOTION TO LIMIT STATE'S EVIDENCE TO REBUTTAL" and

"MOTION TO ALTER DEFINITION OF MITIGATING CIRCUMSTANCES TO REMOVE REFERENCE TO
REDUCING THE DEGREE OF BLAME AND TO SO LIMIT PROSECUTOR IN HIS ARGUMENT"

filed herein on April 4, 1996, and

Defendant's motions seek to severely restrict and limit the prosecutor's

penalty-phase argument. However, the Ohio Supreme Court has clearly outlined the

range of permissible argument for a prosecutor in the "mitigation" or "penalty"

or sentencing" phase of a capital trial, see *State v. Gumm* (1995), 73 Ohio St.3d

413, 653 N.E.2d 253, where the Court held in its syllabus:

     Subject to applicable Rules of Evidence, and pursuant to R.C.
2929.03(D)(1) and (2), counsel for the state at the penalty stage of a

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

2

capital trial may introduce and comment upon (1) any evidence raised at trial that is relevant to the aggravating circumstances specified in the indictment of which the defendant was found guilty, (2) any other testimony or evidence relevant to the nature and circumstances of the aggravating circumstances specified in the indictment of which the defendant was found guilty, (3) evidence rebutting the existence of any statutorily defined or other mitigating factors first asserted by the defendant, (4) the presentence investigation report, where one is requested by the defendant, and (5) the mental examination report, where one is requested by the defendant. Further, counsel for the state may comment upon the defendant's unsworn statement, if any. (R.C. 2929.03[D], construed; *State v. DePew* [1988], 38 Ohio St.3d 275, 528 N.E.2d 542, affirmed and followed.)

Thus, the Court has rejected the argument presented in defendant's motions that the prosecutor must restrict his penalty-phase remarks to a rote, "professorial" outline of the aggravating circumstances specified in the indictment and proven in the guilt phase of trial. Neither the Eighth Amendment nor cases decided by the Ohio or United States Supreme Courts preclude the prosecutor from argument in the penalty phase concerning the nature and circumstances of the murder itself, see *State v. Gumm*, 73 Ohio St.3d at 416-418, 653 N.E.2d at 259-264. Indeed, the statute itself, R.C. 2929.03, requires the sentencing authority (jury and judge, or three-judge panel) to consider the nature and circumstances of the offense, see *Gumm, id.* at 418-420, citing *State v. Jenkins* (1984), 15 Ohio St.3d 164, 174, 473 N.E.2d 264, 277-278, *State v. Steffen* (1987), 31 Ohio St.3d 111, 116-117, 509 N.E.2d 383, 390, and *State v. Stumpf* (1987), 32 Ohio St.3d 95, 99, 512 N.E.2d 598, 604. The Court also noted that "it is only by considering the nature and circumstances of the offense, as

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

FILED COURT COMMON PLEAS
BUTLER COUNTY, OHIO

JUL 24 1996

CLERK

3

well as the statutory aggravating circumstances, that it is possible to prevent

a rigid and mechanistic sentencing scheme. *Gumm, id.* at 420, citing *State v.*

*Jester* (1987), 32 Ohio St.3d 147, 153, 512 N.E.2d 962, 969; and in *Gumm* it was

also noted that "some crimes are by their very nature so 'horrendous' or

'harrowing' that it would be difficult to imagine factors that might be

mitigating,"*Gumm, id.*, citing *State v. Morales* (1987), 32 Ohio St.3d 252, 262,

513 N.E.2d 267, 277, and *Steffen, supra* at 128, 509 N.E.2d at 398. The Court in

*Gumm* reasoned that in *DePew* it was held that a prosecutor in the penalty stage

of a capital case may introduce, and comment upon, any evidence raised at trial

that is relevant to the aggravating circumstances, which allows the prosecutor

to reintroduce much if not all of the evidence heard in the guilt phase; and in

many cases it has been held that once lawfully inserted into the sentencing

considerations, admissible evidence is subject to fair comment by both parties,

see, e.g., *State v. Greer* (1988), 39 Ohio St.3d 236, 253, 530 N.E.2d 382, 402,

and *State v. Lorraine* (1993), 66 Ohio St.3d 414, 420, 613 N.E.2d 212, 218. The

Court in *Gumm* cautioned prosecutors (and trial courts in their instructions and

sentencing opinions) to avoid imprecise designation of the "nature and

circumstances of the offense" as "aggravating circumstances" to be "weighed

against" the mitigating factors, *cf. State v. Davis* (1988), 38 Ohio St.3d 361,

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

367-368, 528 N.E.2d 925, 931-932. However, so long as the prosecutor does not

confuse "aggravating circumstances" with the nature and circumstances of the

4

BUTLER COUNTY, OHIO

FILED    JUL 24 1996

03 JUL 24 PM 1 11 CLERK

aggravated murder, he is perfectly within the proper bounds of final argument to comment on the nature and circumstances of the aggravated murder which are relevant to the sentencing considerations.

    *Gumm* also holds that it is permissible to comment on the defendant's unsworn statement, see syllabus in *Gumm*; see also *State v. Mapes* (1985), 19 Ohio St.3d 108, 115-116, 484 N.E.2d 140, 147 ("If a defendant chooses to make an unsworn oral statement to the jury, the prosecution should be allowed to argue that the defendant's statement has less credibility because it is not given under oath. *** [T]he state should be able to dispute the weight of that statement ***.").

    Defendant's suggestion that the prosecutor may not comment on relevant aspects of the murder victim's character which have been admitted in evidence in either the guilt or penalty phase of trial is an argument that has been rejected by unanimous decisions of the Ohio Supreme Court in *State v. Loza* (1994), 71 Ohio St.3d 61, 82, 641 N.E.2d 1082, 1105, and *State v. Fautenberry* (1995), 72 Ohio St.3d 435, 438-440, 650 N.E.2d 878, 881-882. The Court in *Fautenberry* noted the fact that the cases on which defendant's argument relies, *Booth v. Maryland* (1987), 482 U.S. 496, and *South Carolina v. Gathers* (1989), 490 U.S. 805, were overruled in *Payne v. Tennessee* (1991), 501 U.S. 808, which held that the Eighth Amendment erects no *per se* bar to the admission of victim-impact evidence. Thus,

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

in *Fautenberry* the Ohio Supreme Court held that "evidence which depicts *both* the

BUTLER COUNTY, OHIO

JUL 24 1996

5

circumstances surrounding the commission of the crime and also the impact of the murder on the victim's family may be admissible during *both* the guilt and the sentencing phases." *Id.* (Emphasis per the Court in *Fautenberry*.) The Court cited *State v. Loza* as an example where evidence relating to victim-impact (*e.g.*, the fact that one of the victims was pregnant, that the killings represented "many years" of potential life expectancy) was admissible in the guilt phase of trial as facts surrounding the offense, and thus comments by the prosecutor in the sentencing phase relating to such victim-impact evidence was permissible. The Court in *Fautenberry* carefully pointed out that expressions of a witness's opinion as to the appropriate sentence, *e.g.*, that the victim's family desires that defendant be sentenced to death (as allowed by statute in most non-capital cases pursuant to R.C. 2943.041) are not admissible in a capital case. *Fautenberry*, 72 Ohio St.3d at 439, 650 N.E.2d at 882; *accord*, *State v. Huertas* (1990), 51 Ohio St.3d 22, 553 N.E.2d 1058, syllabus. However, the Court in *Fautenberry* specifically allowed testimony from the victim's family members and employer concerning the impact of the victim's death on his survivors. *Fautenberry*, *id.* at 438-439, 650 N.E.2d at 881-882.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

6

WHEREFORE, the defendant's motions should be denied.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474


PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this ____ day of _____. 1996.


DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO : CASE NO. CR95-12-1111
CA96-05-0094

Plaintiff FILED : STATE OF OHIO
COUNTY OF BUTLER
vs. '96 JUL 24 PM 1 16 COURT OF COMMON PLEAS
(Moser, J.)

LAHRAY THOMPSON

Defendant JUL 24 1996 MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO PROHIBIT REFERENCES TO THE
JURY THAT A VERDICT AS TO DEATH IS ONLY
A RECOMMENDATION

: : : : : : : : : : : :

Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the

defendant's motion to prohibit refernces to the jury that a verdict as to death

is a nonbinding recommendation, filed on April 4, 1996, says that defendant's

motion is not well taken. Defendant's argument has been rejected numerous times

by the Ohio Supreme Court. In *State v. Jenkins* (1984), 15 Ohio St.3d 164, 473

N.E.2d 264, at paragraph six of the syllabus, the Court held,

The jury in the penalty phase of a capital prosecution may be
instructed that its recommendation to the court that the death penalty
be imposed is not binding and that the final decision as to whether the
death penalty shall be imposed rests with the court.

This Court in the trial of another capital case gave the following

instruction, in *State v. Williams*, Butler Common Pleas No. CR90-08-0665:

"It is going to be your responsibility *** to decide what sentence
to recommend to this Court regarding the charge of aggravated murder with
Specifications ***.

"I have used the word 'recommend' and I want you to make sure that
you understand you are not to construe that word to diminish your
responsibility in this matter. It is an awesome task, and the fact that
the word 'recommend' is used should not be considered by you to lessen
your task." (Trial Transcript in *Williams*, Vol. XI, page 200, copy
attached.)

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

The conviction and death sentence in that case were affirmed with approval of that instruction, see *State v. Williams* (Nov. 2, 1992), Butler App. No. CA91-04-060, unreported, at pages 13-15, affirmed, *State v. Williams* (1995), 73 Ohio St.3d 153, 652 N.E.2d___ (the issue was not even raised in the Supreme Court).

A similar instruction in *State v. Mills* (1992), 62 Ohio St.3d 357, 375, 582 N.E.2d 972, 988, that told the jury that "you should recommend the appropriate sentence as though your recommendation will, in fact, be carried out," and the Ohio Supreme Court stated, "we commend the trial judge for his instruction."

Since *Jenkins*, while the Court has held that such instruction accurately states Ohio law and does not constitute reversible error, it has also stated its "preference" that no comment be made on the question of who bears the ultimate responsibility for determining the appropriateness of a death sentence. *See, e.g., State v. Loza* (1994), 71 Ohio St.3d 61, 73-74, 641 N.E.2d 1082, 1099; *State v. Henderson* (1988), 39 Ohio St.3d 24, 30; 528 N.E.2d 1237, 1243; *State v. Williams* (1986), 23 Ohio St.3d 16, 21-22, 490 N.E.2d 906, 912; and *State v. Steffen* (1987), 31 Ohio St.3d 111, 113-114, 509 N.E.2d 383, 387-388. The instruction given by this Court in the *Williams* trial is not only an accurate statement of Ohio law but also ensures that the jury takes its responsibility very seriously. The State therefore requests that the same instruction be given herein, as approved by the Court of Appeals and "commended" by the Supreme Court in *Mills*.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-3-

FILED          JUL 24 1996

'96 JUL 24 PM 1 16

WHEREFORE, the defendant's motion should be overruled.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this 24 day of July, 1996.


DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                    :       CASE NO.  CR95-12-1111

                              FILED            CA96-05-0094
        Plaintiff            :       STATE OF OHIO
                  '95 JUL 24  PM 1  16  COUNTY OF BUTLER
    vs.                              COURT OF COMMON PLEAS
                                         (Moser, J.)

LAHRAY THOMPSON                  :       MEMORANDUM IN OPPOSITION TO
        Defendant        JUL 24 1996     DEFENDANT'S REQUESTED
                              :          PRE-VOIR DIRE JURY INSTRUCTIONS

        :   :   :   :   :   :   :   :   :   :   :   :   :


    Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the

defendant's requested pre-voir dire jury instructions, filed herein on April 4,

1996, says that the defendant's motion is proper in general, in that preliminary

remarks about the procedures involved in a capital case are appropriate; however,

the prosecution objects to the defendant's proposed instructions, and says that

the preliminary instructions and remarks as given by this Court in *State v. Benge*

(1993), Butler C.P. No. CR93-02-0116, affirmed in *State v. Benge* (Dec. 5, 1994),

Butler App. No. CA93-06-116, unreported, are tested, correct instructions on the

concepts which should be addressed in commencement of the voir dire in a capital

case. (Certain minor modifications would be in order inasmuch as there is no

longer a "special venire" for capital cases after repeal of former R.C. 2945.18

and 2945.19.)


OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-
FILED

'96 JUL 24 PM 1 16

CLERK OF COURTS

JUL 24 1996

CLERK

WHEREFORE, the defendant's motion should be granted in part, defendant's proposed instructions should be rejected, and instructions as given in *State v. Benge*, or similar preliminary remarks, should be given.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

## PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this 24 day of July 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO        :     CASE NO. CR95-12-1111

           Plaintiff        :     CA96-05-0094

                FILED       STATE OF OHIO

vs.      '96 JUL 24 PM 1 15    COUNTY OF BUTLER

                              :     COURT OF COMMON PLEAS

                              :     (Moser, J.)

LAHRAY THOMPSON    CLERK OF COURTS

        Defendant       :     <u>MEMORANDUM IN RESPONSE TO</u>

                                 <u>DEFENDANT'S "VOIR DIRE MEMORANDUM"</u>

                                 <u>RE "THE DEFENSE MUST BE ALLOWED</u>

           JUL 4 1996      <u>TO EXAMINE PROSPECTIVE JURORS</u>

                                 <u>REGARDING THEIR VIEWS ON CAPITAL</u>

                                 <u>PUNISHMENT PRIOR TO THEIR EXCUSAL"</u>

:   :   :   :   :   :   :   :   :   :   :   :   :

Now comes John F. Holcomb, Prosecuting Attorney, and in response to the defendant's "voir dire memorandum" regarding defense examination of prospective jurors as to their views on capital punishment prior to excusal, filed herein on April 4, 1996, says that the defendant's proposition of law is correct in part.

The State would agree that "reasonable examination" of prospective jurors by counsel for both sides should be allowed, as provided in R.C. 2945.27; Crim.R. 24(A) also provides that counsel be given an opportunity to voir dire prospective jurors or supplement the court's voir dire examination. *Accord*, *State v. Heurtas* (1990), 51 Ohio St.3d 22, 29-30, 553 N.E.2d 1058, 1067, (explaining that while it would have been "better practice" for the court to allow defense counsel to voir dire a prospective juror before she was excused for cause, her unequivocal statement that she could never vote for the death penalty under any circumstance was, in itself, sufficient basis for her removal). The scope of voir dire is within the sound discretion of the trial court, and the judgment will not be

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

JUL 24 1996

FILED

reversed absent a showing that the trial court abused its discretion in restricting the scope of voir dire, *see Heurtas*, *id.*, *State v. Jenkins* (1984), 15 Ohio St.3d 164, 186, 473 N.E.2d 264, 286, and *State v. Lundgren* (1995), 73 Ohio St.3d 474, 481, 653 N.E.2d 304, 315. Restrictions on voir dire have generally been upheld, *see Lundgren*, *id.*, and numerous cases cited therein.

The fact that latitude is allowed counsel, however, does not mean that a juror whose views on capital punishment renders him subject to challenge for cause because "those views would prevent or substantially impair the performance of his duties as juror in accordance with his instructions and his oath," *see Wainwright v. Witt* (1985), 469 U.S. 412, 420, can be fully "rehabilitated" by further examination of defense counsel. "If a trial court finds that a juror has expressed unwillingness to follow the court's instructions, the ability of defense counsel to elicit somewhat contradictory views from the juror does not, in and of itself, render the trial court's judgment [to exclude the juror for cause] erroneous." *State v. Frazier* (1995), 72 Ohio St.3d 323, 328, 652 N.E.2d 1000, 1007; *State v. Beuke* (1988), 38 Ohio St.3d 29, 38, 526 N.E.2d 274, 284.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

FILED

'06 JUL 24 PM 1 15

WHEREFORE, the defendant's motion that his counsel be permitted to make reasonable examination of prospective jurors in the discretion of the Court, pursuant to R.C. 2945.27, Crim.R. 24(C), and Ohio case law, should be granted.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

## PROOF OF SERVICE

FILED

'96 JUL 24  PM 1 15

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio, 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this 24 day of July, 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                    :    CASE NO.  CR95-12-1111

       FILED                                CA96-05-0084

     Plaintiff       :    STATE OF OHIO

  '96 JUL 11  PM 2 47 COUNTY OF BUTLER

  vs.                              COURT OF COMMON PLEAS

    T. ___ ___       :    (Moser, J.)

    CLERK OF COURTS

LAHRAY THOMPSON

                      **MEMORANDUM IN RESPONSE TO**

    Defendant                     **DEFENDANT'S "VOIR DIRE MEMORANDUM"**

                    **RE "VENIRE PERSONS WHO CANNOT FAIRLY**

                    **CONSIDER MITIGATING EVIDENCE AND**

                    **WHO WOULD AUTOMATICALLY VOTE FOR**

                    **DEATH UPON A SHOWING OF GUILT**

                    **MUST BE EXCUSED"**

  :  :  :  :  :  :  :  :  :  :  :  :

Now comes John F. Holcomb, Prosecuting Attorney, and in response to the

defendant's "voir dire memorandum" regarding "venire persons who cannot fairly

consider mitigating evidence and who would automatically vote for death upon a

showing of guilt must be excused," filed herein on April 4, 1996, says that the

defendant's *initial* proposition of law, as stated in the motion's heading, is

correct *in the abstract*.  The State would agree with the defendant that it is the

purpose of voir dire to obtain fair, unbiased jurors who will have no difficulty

following the law applicable in this case, in particular the Ohio statutes

involving procedure in capital cases, R.C. 2929.03-2929.04.  A person who in voir

dire states that he or she cannot fairly consider mitigating evidence and who

would automatically vote for death upon a showing of guilt, and thus would be

unable to follow the penalty-phase jury instructions, is "unsuitable" to be a

juror, R.C. 2945.24(0).

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

This is not to say, however, that the prosecution accepts defendant's formulation that the defense should be allowed to show bias in favor of imposing the death penalty "circumstantially," by asking prospective jurors whether they may feel that certain specific mitigating factors such as "youth," "history, character and background," would carry some, little, or no weight in a sentencing decision. In *State v. Lundgren* (1995), 73 Ohio St.3d 474, 481, 653 N.E.2d 304, 315, the Ohio Supreme Court rejected the defendant's assumption that jurors may be voir-dired in such a way, finding that a trial court had "exercised appropriate discretion in not allowing jurors to be asked if they would consider specifically named mitigating factors." The Court in *Lundgren* reasoned that

"weighing aggravating circumstances against mitigating factors is a complex process. Jurors weigh mitigating factors together, not singly, and do so collectively as a jury in the context of a penalty hearing. Realistically, jurors cannot be asked to weigh specific factors until they have heard all the evidence and been fully instructed on the applicable law. Moreover, 'evidence of an offender's history, character and background' that is not found to be mitigating 'need be given little or no weight against the aggravating circumstances.' *State v. Stumpf* (1987), 32 Ohio St.3d 95, 512 N.E.2d 598, paragraph two of the syllabus."

*Lundgren, id.* at 481, 653 N.E.2d at 315.

The defense motion is also premature, in that it anticipates possible responses of potential jurors that may never arise. The question must be determined with each juror on a case-by-case basis, and not in the abstract; there are many cases where jurors were alleged to be "pro-death" because of certain statements about consideration of mitigating evidence in the abstract, yet they were found to be qualified jurors who would fairly and impartially

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-3-

consider all the evidence and follow the instructions of law, *see Lundgren, id.*
"Their inability to conjure abstract mitigating factors does not reflect an
inability to to be fair and impartial jurors." *Lundgren, id.* at 483, 653 N.E.2d
at 316. *See also State v. Mack* (1995), 73 Ohio St.3d 502, 509-510, 653 N.E.2d
329, 335-336 (trial court did not abuse its discretion by refusing to remove for
cause potential jurors with initial predisposition toward imposition of death
penalty, but who later stated they would follow trial instructions).

   WHEREFORE, the defendant's suggestion that his counsel be permitted to ask
prospective jurors if they would consider specifically named mitigating factors
should be denied, and jurors's qualifications should be determined in accordance
with the foregoing memorandum.

<div style="margin-left:40%;">

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

</div>

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-4-

<u>PROOF OF SERVICE</u>

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this /¹ᵗʰ day of July, 1996.

_____
DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

FILED

STATE OF OHIO                    :        CASE NO. CR95-12-1111

'96 JUL 11 PM 2 49          CA96-05-0094

Plaintiff       :        STATE OF OHIO
                                          COUNTY OF BUTLER
T. M. DK BA... H
vs.              CLERK OF COURTS        COURT OF COMMON PLEAS
                                          (Moser, J.)

LAHRAY THOMPSON

Defendant       :        MEMORANDUM IN OPPOSITION TO
                                          DEFENDANT'S MOTION TO PROHIBIT
                                          DEATH QUALIFICATION OF JURY, ETC.

    :   :   :   :   :   :   :   :   :   :   :   :

Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the
defendant's motion to prohibit death qualification of the jury or, in the
alternative, to seat separate juries for the guilt and penalty phases of trial,
filed herein on April 4, 1996, says that the defendant's arguments are not well
taken.

Defendant's motion lacks merit on each of its propositions. It is clear
that death-qualification of jurors is constitutionally proper, see *State v.
Jenkins* (1984), 15 Ohio St.3d 164, 473 N.E.2d 264, paragraph two of the syllabus;
see also *State v. Grant* (1993), 67 Ohio St.3d 465, 476, 620 N.E.2d 50, 64.

It is also clear that separate juries *cannot* be seated for the penalty and
guilt phases of a capital trial in Ohio, where by statute the same trial jury
which determines guilt *must* also make a recommendation of punishment. *State v.
Carter* (1995), 72 Ohio St.3d 545, 559-560, 651 N.E.2d 965, 978, citing *State v.
Penix* (1987), 32 Ohio St.3d 369, 372, 513 N.E.2d 744, 747-748.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

WHEREFORE, the defendant's motion should be overruled.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this 11 day of July 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                          :        CASE NO.  CR95-12-1111
                                          FILED      C A 96-05-0094
            Plaintiff          '96 JUL 11   STATE OF OHIO
                                            COUNTY OF BUTLER
    vs.                                     COURT OF COMMON PLEAS
                                            (Moser, J.)

LAHRAY THOMPSON

            Defendant              :    MEMORANDUM IN OPPOSITION TO
                                        DEFENDANT'S MOTION TO PROHIBIT
                                   :    THE USE OF PEREMPTORY CHALLENGES
                                        TO EXCLUDE JURORS WHO EXPRESS
                                   :    CONCERNS ABOUT CAPITAL PUNISHMENT

        :    :    :    :    :    :    :    :    :    :    :    :    :

        Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the

defendant's motion requesting that this Court prohibit the State from excluding,

through the use of peremptory challenges, any jurors who express concerns about

capital punishment, filed herein on April 4,1996, says that the defendant's

argument is without merit.

        "Aside from racial exclusion, prosecutors can exercise a peremptory

challenge for any reason, without inquiry, and without a court's control." *State

v. Seiber* (1990), 56 Ohio St.3d 4, 13, 564 N.E.2d 408, 419, citing *State v.

Esparza* (1988), 39 Ohio St.3d 8, 13-14, 529 N.E.2d 192, 198 (both cases expressly

rejecting the argument made by defendant herein).  The Ohio Supreme Court has

rejected defendant's proposition repeatedly since the *Esparza* and *Seiber*

decisions, see *State v. Evans* (1992), 63 Ohio St.3d 231, 249, 586 N.E.2d 1042,

1057; *State v. Waddy* (1992), 63 Ohio St.3d 424, 451 n.11, 588 N.E.2d 819, 839;

*State v. Cook* (1992), 65 Ohio St.3d 516, 518, 605 N.E.2d 70, 76; *State v. Slagle*

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

(1992), 65 Ohio St.3d 597, 600, 605 N.E.2d 916, 922; and *State v. Williams* (1995), 73 Ohio St.3d 153, 168, 652 N.E.2d 721, 734. Federal courts facing this issue have also rejected the defense argument, *see, e.g., Brown v. Dixon* (CA 4, 1989), 891 F.2d 490, 496-498 (cited by the Ohio Supreme Court in *Waddy*), *Bolder v. Armentrout* (W.D.Mo. 1989), 713 F.Supp. 1558, 1576-1577, and *Kordenbrock v. Scroggy* (E.D.Ky. 1988), 680 F.Supp. 867, 911-912.

The limitation on peremptory challenges as set forth in *Batson v. Kentucky* (1986), 476 U.S. 79, would require that peremptory challenges not be used to exclude a member of a particular minority (racial or ethnic) for discriminatory purpose. Other than the limitation established in *Batson*, however, it is "the ordinary rule that a prosecutor may use his peremptory strikes for any reason at all." *Brown v. North Carolina* (1986), 479 U.S. 940 (O'Connor, J., concurring in denial of certiorari). Thus, aside from *Batson*, the right of peremptory challenge is entirely discretionary; a plurality of the United States Supreme Court would apparently agree that "nothing in *Batson* suggests that courts may examine a prosecutor's motives whenever he has excluded peremptorily those whom the court may not remove for cause." *Gray v. Mississippi* (1987), 481 U.S. 648, 672 (Powell, J., concurring opinion, in which three other justices concurred; see also *id.*, 481 U.S. at 679-680 (Scalia, J., dissenting opinion).

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-3-

WHEREFORE, the defendant's motion should be overruled.

Respectfully submitted.

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this __11th__ day of __July__, 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                                    :       CASE NO.  CR95-12-1111

                Plaintiff                                CA96-05-0094
                                                         STATE OF OHIO
                                                         COUNTY OF BUTLER
        vs.                                              COURT OF COMMON PLEAS
                                                         (Moser, J.)

LAHRAY THOMPSON

                Defendant                        MEMORANDUM IN OPPOSITION TO DEFENDANT'S
                                                 MOTION TO PROHIBIT ANY REFERENCES
                                                 TO THE FIRST PHASE AS THE "GUILT PHASE"

        :   :   :   :   :   :   :   :   :   :   :   :   :


        Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the

defendant's motion to prohibit any reference to the first stage of trial as the

"guilt phase", filed herein on April 18, 1996, says that the defendant's motion

is not well taken.

        Defendant's motion is backed by neither law nor effective argument.  It is

implausible that reference to the first stage of a capital trial where the issue

of guilt *vel non* is determined will influence the jury's verdict, *see State v.

Campbell* (1994), 69 Ohio St.3d 38, 51, 630 N.E.2d 339, 352. The Court and parties

will refer to this stage of trial as "the guilt phase," if at all, in a context

of explaining in voir dire that there will be two separate parts of the trial,

the first of which determines whether defendant is guilty or not guilty of

aggravated murder, with or without specifications, or guilty or not guilty of any

other offenses charged or any lesser included offenses.

        It would be quite inaccurate to label this stage of the proceedings the

"trial phase" or "evidentiary phase" inasmuch as it takes *both* phases to

constitute the "trial," and evidence is to be recieved at both phases. The

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

defense suggestion that this be labeled the "fact-finding" stage, aside from being unwieldy, is likewise inaccurate as the jury in determining sentence in the second stage of the proceedings will also determine whether the proffered mitigating evidence is "fact."

WHEREFORE, the defendant's motion should be overruled.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this ___ day of _____, 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                    :       CASE NO.  CR95-12-1111
                    FILED                         CA96-05-0094
        Plaintiff                       STATE OF OHIO
        '96 JUL 11  PM 2 45            COUNTY OF BUTLER
    vs.         T. ... IN Common Pleas Court
                CLERK ... COURT, OHIO   COURT OF COMMON PLEAS
                CLERK ... COURTS                (Moser, J.)

LAHRAY THOMPSON
                        MARK BADEN CLERK  MEMORANDUM IN OPPOSITION TO
        Defendant                     DEFENDANT'S MOTION TO PROHIBIT
                                :      DEATH QUALIFICATION UNTIL PROSECUTION
                                       SHOWS PROBABLE CAUSE THAT CASE
                                :      WILL PROCEED TO MITIGATION

        :   :   :   :   :   :   :   :   :   :   :   :   :


        Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the

defendant's motion to prohibit death qualification of the jury unless and until

the prosecution has shown probable cause that the case will proceed to mitigation

phase, filed herein on April 4, 1996, says that defendant's argument is not well

taken.   While defendant's ploy is to eliminate death-qualification of jurors

altogether, it is well-established that death qualification is constitutionally

proper, see *State v. Jenkins* (1984), 15 Ohio St.3d 164, 473 N.E.2d 264, paragraph

two of the syllabus; see also *State v. Grant* (1993), 67 Ohio St.3d 465, 476, 620

N.E.2d 50, 64.   The United States Supreme Court has refused to accept the

argument that the exclusion of "*Witherspoon*-excludables" (jurors whose opposition

to capital punishment makes them unable to fairly sit as jurors and apply the

law) results in an unrepresentative jury on the issue of guilt or increases the

risk of conviction.   *Lockhart v. McCree* (1986), 476 U.S. 816; see also

*Witherspoon v. Illinois* (1968), 391 U.S. 510, 517-518, and *Bumper v. North*

*Carolina* (1968, 391 U.S. 543, 545.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

Before enactment of the current death penalty statutes, the proposition that a voir dire procedure conducted pursuant to *Witherspoon* would result in a conviction-prone jury was rejected by the Ohio Supreme Court in *State v. Carver* (1972), 30 Ohio St.2d 280, 59 O.O.2d 343, 285 N.E.2d 26, where the Court reasoned that such a procedure would not have imbedded in the minds of the jurors that defendant was guilty and that they will merely be determining the penalty. *Id.* In *State v. Jenkins*, the Court re-examined the issue and specifically held, at paragraph two of the syllabus, "to death qualify a jury prior to the guilt phae of a bifurcated capital prosecution does not deny a capital defendant a trial by an impartial jury."

Defendant's only citation in support of his proposition was *Grigsby v. Mabry* (E.D.Ark. 1983), 569 F.Supp. 1273; defendant fails to note, however, that the result in *Grigsby* was nullified by the United States Supreme Court in *Lockhart v. McCree*, supra.

The defendant engages in the absurd assumption that the State would "secure a capital indictment for the sole purpose of enhancing the chances of conviction." (*Sic*, Defense Memorandum at page 4.) This derogates the role of the grand jury in determining probable cause for the charges set forth in the indictment, as well as personally insults the prosecutors in this case. There should rather be a presumption that the grand jurors and prosecutors competently and faithfully performed their legal and ethical duties, contrary to the defendant's assumption that they did not.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-3-

Failing in his argument to block death-qualification of the jury, defendant in the alternative seeks, in effect, a second "preliminary hearing" at which the prosecution should again establish probable cause that the defendant is guilty of aggravated murder in violation of R.C. 2903.01 with one of more R.C. 2929.04(A) specifications. This should be denied, for the reason that no such redundant procedure is provided for in the Ohio statutes or procedural rules governing capital trials, and the Court cannot create a procedure from the void, see *State v. Penix* (1987), 32 Ohio St.3d 369, 372-373, 513 N.E.2d 744, 747-748 (where no statutory procedure to reimpanel the trial jury for a resentencing hearing after reversal on appeal, "we may not create such a procedure out of whole cloth").

WHEREFORE, the defendant's motion should be denied.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-4-

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this _14th_ day of _July_, 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5039

STATE OF OHIO                      :        CASE NO.  CR95-12-1111

                                            CA96-05-0094
                Plaintiff          :        STATE OF OHIO
                                            COUNTY OF BUTLER
        vs.                        :        COURT OF COMMON PLEAS
                                            (Mosen, J.)

LAHRAY THOMPSON
                                   :        MEMORANDUM IN OPPOSITION TO
                Defendant                   DEFENDANT'S MOTION TO STRIKE
                                            AGGRAVATING CIRCUMSTANCES

:    :

        Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the

defendant's motion to strike aggravating circumstances under R.C. 2929.04(A)(3),

(7) filed herein on April 4, 1996, says that the defendant's arguments are not

well taken.

        Defendant's  argument  is  nothing  more  than  an  attack  on  the

constitutionality of the Ohio death penalty statutes.  The Supreme Court of Ohio

has repeatedly rejected such arguments and has held the death penalty statutes

constitutional in many of the more than one hundred capital cases decided by the

Court, from the detailed analysis in *State v. Jenkins* (1984), 15 Ohio St.3d 164,

167-179, 473 N.E.2d 264, 272-281, and at paragraph one of the syllabus, through

the more recent summary dispositions of this issue in *State v. Loza* (1994), 71

Ohio St.3d 61, 84, 641 N.E.2d 1082, 1106, and most recently, *State v. Fautenberry*

(1995), 72 Ohio St.3d 435, 443, 650 N.E.2d 878, 885, and *State v. Carter* (1995),

72 Ohio St.3d 545, 560-561, 651 N.E.2d_____.

        Summary disposition of these time-worn arguments is appropriate; this

Court, like the Ohio Supreme Court, should not "waste its valuable judicial

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

resources discussing what continues as well-settled law," *State v. Lawson* (1992),

64 Ohio St.3d 336, 351, 595 N.E.2d 902, 913. *See also State v. Hawkins* (1993),

66 Ohio St.3d 339, 342-343, 612 N.E.2d 1227, 1230; *State v. Bonnell* (1991), 61

Ohio St.3d 179, 181, 573 N.E.2d 1082, 1085; and *State v. Poindexter* (1988), 36

Ohio St.3d 1, 3-4, 520 N.E.2d 568, 571.

　　　　WHEREFORE, the defendant's motions should be overruled.

　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　JOHN F. HOLCOMB (0001499)
　　　　　　　　　　　　PROSECUTING ATTORNEY
　　　　　　　　　　　　BUTLER COUNTY, OHIO


　　　　　　　　　　　　DANIEL J. GATTERMEYER (0031305)
　　　　　　　　　　　　ASSISTANT PROSECUTING ATTORNEY
　　　　　　　　　　　　BUTLER COUNTY, OHIO


　　　　　　　　　　　　DANIEL A. NASTOFF (0056263)
　　　　　　　　　　　　ASSISTANT PROSECUTING ATTORNEY
　　　　　　　　　　　　BUTLER COUNTY, OHIO
　　　　　　　　　　　　216 Society Bank Building
　　　　　　　　　　　　Hamilton, Ohio 45012-0515
　　　　　　　　　　　　Telephone (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

## PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this _11th_ day of _July_, 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                    :        CASE NO. CR95-12-1111

                    FILED                      CA96-05-0094

        Plaintiff                         STATE OF OHIO
                '96 JUL 11  PM 2 47       COUNTY OF BUTLER
    vs.                                    COURT OF COMMON PLEAS
                T.          BALER          (Moser, J.)
                CLERK OF COURTS

LAHRAY THOMPSON

        Defendant                         MEMORANDUM IN OPPOSITION TO
                                          DEFENDANT'S CONSTITUTIONAL
                                          MOTION TO DISMISS

        :   :   :   :   :           :   :   :   :   :


        Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the

defendant's constitutional motion to dismiss filed herein on April 18, 1996, says

that the defendant's arguments are not well taken.

        Defendant's argument engages in a general attack on the constitutionality

of the Ohio death penalty statutes.  The Supreme Court of Ohio has repeatedly

rejected such arguments and has held the death penalty statutes constitutional

in many of the more than one hundred capital cases decided by the Court, from the

detailed analysis in _State v. Jenkins_ (1984), 15 Ohio St.3d 164, 167-179, 473

N.E.2d 264, 272-281, and at paragraph one of the syllabus, through the more

recent summary dispositions of this issue in _State v. Loza_ (1994), 71 Ohio St.3d

61, 84, 641 N.E.2d 1082, 1106, _State v. Fautenberry_ (1995), 72 Ohio St.3d 435,

443, 650 N.E.2d 878, 885, and _State v. Carter_ (1995), 72 Ohio St.3d 545, 560, 651

N.E.2d 965, 979.

        Summary disposition of these time-worn arguments is appropriate; this

Court, like the Ohio Supreme Court, should not "waste its valuable judicial

resources discussing what continues as well-settled law," _State v. Lawson_ (1992).

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

64 Ohio St.3d 336, 351, 595 N.E.2d 902, 913.  *See also State v. Hawkins* (1993),
66 Ohio St.3d 339, 342-343, 612 N.E.2d 1227, 1230; *State v. Bonnell* (1991), 61
Ohio St.3d 179, 181, 573 N.E.2d 1082, 1085; and *State v. Poindexter* (1988), 36
Ohio St.3d 1, 3-4, 520 N.E.2d 568, 571.

WHEREFORE, the defendant's motion to dismiss should be overruled.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

## PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this _11th_ day of _July_, 1996.

_Daniel J. Gattermeyer_

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO               :    CASE NO. CR95-12-1111

             FILED     :    CA96-05-0094

      Plaintiff         :    STATE OF OHIO

       '96 JUL 11 PM 2 43 COUNTY OF BUTLER

   vs.                 :    COURT OF COMMON PLEAS

       T. MARTALI    :    (Moser, J.)

       CLERK OF COURTS

LAHRAY THOMPSON            MEMORANDUM IN RESPONSE TO

                      DEFENDANT'S MOTION TO COMPEL

     Defendant             PROSECUTING ATTORNEY TO

                      DISCLOSE DEATH PENALTY DATA

   :    :    :    :           :    :    :    :    :

Now comes John F. Holcomb, Prosecuting Attorney, and in response to the defendant's motion to compel the Prosecuting Attorney to disclose death penalty data, filed herein on April 18, 1996, says as follows:

Defendant's motion is based on a faulty premise and is not well taken. First of all, the trial court does not engage in the type of proportionality review of the case at bar with other cases as contemplated by R.C. 2929.05(A), which is strictly an undertaking of the appellate and Supreme Courts. Secondly, the idea that any court (trial, appellate, or Supreme Court) will consider cases in which the death penalty was not imposed for comparative proportionality review purposes, is simply wrong. *See State v. Fautenberry* (1995), 72 Ohio St.3d 435, 443, 650 N.E.2d 878, 885, (rejecting the so-called "lucky ten" argument, that others in the jurisdiction of the court were similarly indicted and/or convicted of aggravated murder and aggravated robbery but failed to receive the death penalty), citing *State v. Sowell* (1988), 39 Ohio St.3d 322, 335, 530 N.E.2d 1294, 1308, *State v. Steffen* (1987), 31 Ohio St.3d 111, 123-124, 509 N.E.2d 383, 394-395, and *State v. Jenkins* (1984), 15 Ohio St.3d 164, 209, 473 N.E.2d 264, 304.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

Moreover, defendant's request for cases in which the death penalty was not imposed, such cases are not utilized in the appellate and Supreme Court's proportionality review under R.C. 2929.05(A), see *State v. Steffen*, supra, at paragraph one of the syllabus.

The Prosecuting Attorney therefore responds to the defendant's request with the following answer: to the knowledge of the Prosecuting Attorney, those cases in the Twelfth Appellate District in which the death penalty has been imposed and affirmed by that court are as follows.

> *State v. Davis* (May 27, 1986), Butler App. No. CA84-06-071, unreported, *remanded for resentencing*, (1988), 38 Ohio St.3d 361, sentence affirmed in *State v. Davis* (Oct. 29, 1990), Butler App. No. CA89-09-123, unreported, *affirmed*, (1992), 63 Ohio St.3d 44;
> *State v. Depew* (June 29, 1987), Butler App. No. CA85-07-075, unreported, *affirmed*, (1988), 38 Ohio St.3d 275;
> *State v. Watson* (Mar. 31, 1989), Butler App. No. CA88-01-0`4, unreported, *death sentence reversed*, (1991), 61 Ohio St.3d 1
> *State v. Lawson* (June 4, 1990), Clermont App. No. CA88-05-044, unreported, *affirmed*, (1992), 64 Ohio St.3d 336;
> *State v. Williams* (Nov. 2, 1992), Butler App. No. CA91-04-060, unreported, *appeal now pending*, Case No. 93-007;
> *State v. Loza* (Apr. 19, 1993), Butler App. No. CA91-11-198, unreported, *affirmed*, (1994), 71 Ohio St.3d 61;
> *State v. Webb* (May 24, 1993), Clermont App. No. CA91-08-053, unreported, *affirmed*, (1994), 70 Ohio St.3d 325; and
> *State v. Benge* (Dec. 5, 1994), Butler App. No. CA93-06-116, unreported, *appeal now pending*, Case No. 95-112.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-3-

Wherefore, except as answered above, the defendant's motion should be denied.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474


PROOF OF SERVICE


This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this ____ day of _____, 1996.


DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO          :      CASE NO.  CR95-12-1111

       Plaintiff        :     CA96-05-0094

        FILED      STATE OF OHIO

    '96 JUL 11  PM 2  4 COUNTY OF BUTLER

vs.          :     COURT OF COMMON PLEAS

   T. MARK BALCH    (Moser, J.)

   CLERK OF COURTS

LAHRAY THOMPSON       **MEMORANDUM IN OPPOSITION TO DEFENDANT'S**

                 **MOTION TO PROHIBIT ANY EVIDENCE**

       Defendant         **BEARING ON CHARACTER OF THE VICTIM**

                 **OR VICTIM IMPACT**

  :   :   :   :   :   :   :   :   :

      Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the defendant's motion to prohibit any evidence bearing on the character of the victims or victim impact, filed herein on April 4, 1996, says that the defendant's argument is not well taken.

      Defendant's argument fails to consider the fact that the cases on which he relies, *Booth v. Maryland* (1987), 482 U.S. 496, and *South Carolina v. Gathers* (1989), 490 U.S. 805, were overruled in *Payne v. Tennessee* (1991), 501 U.S. 808, which held that the Eighth Amendment erects no *per se* bar to the admission of victim-impact evidence. The Ohio Supreme Court has recognized this fact in numerous cases, *see, e.g.,* *State v. Fautenberry* (1995), 72 Ohio St.3d 435, 438-439, 650 N.E.2d 878, 882.

      In *Fautenberry,* the Court held that "evidence which depicts *both* the circumstances surrounding the commission of the crime and also the impact of the murder on the victim's family may be admissible during *both* the guilt and the sentencing phases." *Id.* (Emphasis per the Court in *Fautenberry.*)  The Court cited *State v. Loza* (1994), 71 Ohio St.3d 61, 82, 641 N.E.2d 1082, 1105, as an example

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

where evidence relating to victim-impact (*e.g.*, the fact that one of the victims was pregnant) was admissible in the guilt phase of trial as facts surrounding the offense, and thus comments by the prosecutor in the sentencing phase relating to such victim-impact evidence was permissible. The Court in *Fautenberry* carefully pointed out that expressions of a witness's opinion as to the appropriate sentence, *e.g.*, that the victim's family desires that defendant be sentenced to death (as allowed by statute in most non-capital cases pursuant to R.C. 2943.041) are not admissible in a capital case. *Fautenberry*, 72 Ohio St.3d at 439, 650 N.E.2d at 882; *accord*, *State v. Huertas* (1990), 51 Ohio St.3d 22, 553 N.E.2d 1058, syllabus. However, the Court in *Fautenberry* specifically allowed testimony from the victim's family members and employer concerning the impact of the victim's death on his survivors. *Fautenberry*, *id.* at 438-439, 650 N.E.2d at 881-882.

Defendant is correct in stating that a pertinent character trait of the victim is admissible as provided in Evid.R. 404(A)(2), which provides:

> "Evidence of a pertinent trait of character of the victim of the crime offered by the accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor is admissible ***."

Thus, the admissibility of character evidence may depend on the issues raised in the case, which may make the victim's character relevant. This issue, therefore, cannot be determined as a sterile, abstract question without reference

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-3-

to the facts to be developed at trial.

WHEREFORE, the defendant's motion should be denied.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this 11th day of July, 1996.


DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

1188

1  Judge on that as well with regard to some of the

2  specifications in this case. Specifically gun

3  specifications. And I'll address that again when

4  we get back there, ladies and gentlemen, those are

5  all the elements of that aggravated robbery.

6      And these are, this is part and parcel of

7  the first count of aggravated murder. Let's talk

8  about the specifications to these murder counts.

9      These are the specifications that the law

10  said must exist to make someone eligible for the

11  death penalty. In addition to finding him guilty

12  of aggravated murder, if this is true, he's

13  eligible for the death penalty. What this says is

14  that Ronald Gosser was a witness to an offense, and

15  that he was purposely killed to prevent his

16  testimony in any criminal proceeding regarding that

17  offense.

18      And that the aggravated murder of Ronald

19  Gosser was not committed during the commission,

20  attempted commission, or flight immediately after

21  the commission, or attempted commission of the

22  offense to which Ronald Gosser was a witness.

23  Okay. Break that down.

24      He was a witness to the DeAngelo

25  shooting. Okay. His murder was not -- did not

CINCINN_____ INC.
Fairfield: 737-0880                    USA: (800) 569-7888

EXHIBIT

N

1189

1    occur during the flight, during the commission of

2    the shooting or during the flight immediately

3    thereafter. His murder occurred some 45 minutes

4    later, after they had left the area one time and

5    had returned.

6          That element of that, that part of that

7    is clearly satisfied. And that Ronald Gosser was a

8    witness to an offense. That's the heart and soul

9    of this case. It's what explains everyone's

10    actions. We know that from Lieutenant Murray, we

11    know it from Ronald Gosser himself. We know it

12    from his fiancee. We know it because of the way he

13    pleads with his killers. We know that from the way

14    he pleads with them. I'm with you, I'm with you.

15    That tells us that he's a witness and that he was

16    purposely killed to prevent his testimony in any

17    criminal proceeding regarding that offense.

18          Well, see, John Barefield didn't want to

19    say on the stand when he was being crossed that he

20    wanted to kill Ron Gosser. Was it ridiculous, was

21    it absolutely ridiculous that he would deny that?

22    He shot him in the back of the head, he didn't want

23    to kill him. After he falls to the ground,

24    shooting him six more times in the chest, and, boy,

25    never had the intent to kill the guy? Is that just

1190

1      absolutely ridiculous?  That has no weight.

2               What has weight is what you know from Ron

3      Gosser, and what you know from the other

4      eyewitnesses presented by the State in this case.

5      There is another way in this case that Lahray

6      Thompson along with his partners are eligible for

7      the death penalty, this is another specification.

8               There are a number of these laid out in

9      the law that have to be met.  But the aggravated

10     murder of Ronald Gosser was committed while Lahray

11     Thompson acting with prior calculation and design

12     in the commission of the aggravated murder, Ronald

13     Gosser was committing or attempting to commit the

14     offense of aggravated robbery.

15               Okay.  If you intentionally, purposely

16     kill somebody while you're committing the

17     aggravated robbery, that makes you eligible for the

18     death penalty.  It's a felony murder type concept.

19     Okay.  It's not simply because you're doing the

20     aggravated robbery.  But you know, there are

21     inferences that you make in that area, about the

22     type of force involved, the consequences of putting

23     a gun to the back of somebody's head and

24     discharging it.

25               I mean, there are inferences you make

1191

1       about what the people were intending.  Prior

2       calculation and design.  It is the same prior

3       calculation and design which existed before.

4               Lahray Thompson knew why they were

5       looking for Ronald Gosser, he knew that, that

6       wasn't a mystery.  It wasn't, well, let's go out

7       and find Ron Gosser because we wanted to invite him

8       to a party, it wasn't anything like that.

9               It was find the dude that talked to the

10      police.  Find the guy that's ratting on us, that

11      dare tells on me.  And Lahray Thompson knew that

12      that's what they were doing.

13              This is the third specification, which

14      makes it the death penalty eligible.  It's that the

15      aggravated murder of Ronald Gosser was committed

16      for the purpose of escaping detection,

17      apprehension, trial or punishment for another

18      offense committed by Lahray Thompson with the

19      aggravated robbery.

20              Ladies and gentlemen, it's quite obvious

21      the intended effect of killing the fellow after you

22      robbed him, and it's going to definitely have the

23      effect of preventing his testimony, at least that's

24      what they're intending.  They didn't fully have

25      that effect.  They didn't know that.

1192

1    Specification Four, that Lahray Thompson

2    had a firearm on his person or under his control

3    while committing the offense.  Joyce Jones saw him

4    with the firearm.  She did.  Ashley Gaither didn't

5    say she saw that.  She came up later, but you know,

6    under the law, on or about his person includes an

7    unarmed accomplice to an armed principal offender,

8    that's the law on a gun specification.

9         If you jointly join in the criminal

10   enterprise, and everybody knows that one has the

11   gun and that he's going to use the gun in

12   committing the offense, they're all responsible.

13   You'll see that theory is, runs throughout the

14   law.  You want to discourage complicity.  People

15   are less likely to be successful without help.  You

16   discourage that.

17        On the final count, ladies and gentlemen

18   of the jury, is the felonious assault of Barry

19   DeAngelo.  And ladies and gentlemen, this is the

20   motive count.  That's basically what it is.  It's

21   the motive.  Okay.  Butler County, Ohio, use of a

22   deadly weapon, a .22 revolver, we've got the

23   evidence of the bullets seized from the vehicle,

24   we've got the gun and we've got the ballistics

25   evidence that ties it to the shooting and to the

CINCINNATI STENOGRAPHIC, INC.
Fairfield: 737-0880  Dayton: 228-6900  USA: (800) 569-7888

1205

1   star witnesses?  The star witnesses that they talk

2   to you about in their opening statement?  The star

3   witnesses are Lawrence Jones.  Lawrence Jones tells

4   you what he's really all about, not on the stand,

5   but in his letter that he writes to Lahray, I'm

6   going to clear your name right off the map.  Blood

7   are thicker than water.  You my family.  That's

8   there, it's his writing.  He wrote it to Lahray.

9        They aren't set to snitch, if you got no

10  choice, tell them John-John did it.  Well, how does

11  he know, he wasn't there.  How is he going to say

12  that?  He can't say that, because he doesn't know.

13  If they ask you, tell them you weren't nowhere

14  around.

15       Well, why do you have to tell a person

16  that they weren't anywhere around if they weren't

17  anywhere around.  Wouldn't they know that?  Why do

18  you have to tell them that?  You see, the letter

19  tells you where Lawrence Jones is coming from.  You

20  notice he made a point, a real point of saying he

21  was the one wearing a checkered shirt?

22       Why does he say that, why does he offer

23  that as an important factor?  John Barefield, John

24  Barefield is articulate, and a forceful speaker,

25  and he makes for real interesting drama.  But do

CINCINNATI STENOGRAPHIC, INC.
Fairfield: 737-0880  Dayton: 228-6900  USA: (800) 569-7888

1206

1      you think for one second that the man who already

2      murdered one witness for trying to tell the truth,

3      that the man who has it in him to put a gun

4      directly to the back of somebody's head and murder

5      them would think twice about telling you a lie?

6      Would that be important to him? Would he care?

7           Does he have a value system that is

8      anything like, anything like yours? No. He has a

9      code he lives by, he told you about his code. He

10     wouldn't think twice about it, and you know why,

11     he's already done it.

12          He already sat in that same chair in

13     front of a jury just like you and lied. And you

14     know he wanted to just dismiss it, he just wanted

15     to be able to say I lied, I told a lot of lies and

16     have it be over with, you know, it's just not that

17     simple. He didn't just tell one lie, he told about

18     50 pages worth of lies in detail and he had added

19     some details.

20          And now he comes in this time, I'm

21     telling you the truth, because I have nothing to

22     gain and everything to lose. Well, ladies and

23     gentlemen, we know what he does when he has

24     something to lose, he lies and he advised anybody

25     else, anybody else, he said that, anybody else who

1207

1    is facing the death penalty needs to lie, too, you

2    need to do the same thing, pardon my language, so

3    save your ass, that's his advice, get on there, get

4    your girlfriend in, get whoever in, and lie.

5         And you know, he's already won his

6    victory when he lied his way out of the death

7    penalty in this case.  He's won his victory.

8    Ladies and gentlemen, we know from John Barefield

9    that, if we didn't know before, that you build an

10   alibi by lying, by getting your friends and family

11   to come in, that's important when you lie.

12        You know, it's a mockery, it's an

13   absolute mockery.  A lie is nothing but a tool.

14   The truth has no independent value.  A lie is a

15   tool that gets yourself out of trouble.  Is this

16   Defendant above that?  Is Lahray Thompson above

17   that?  When he was arrested, I'm Julius, my name is

18   Julius.  His name isn't Julius, is it?  It's a

19   lie.

20        And he told you why he lied, because he

21   didn't want to be questioned about this offense.

22   And you know the playing thing is, in a matter of

23   seconds when he was arrested, he assembled a crowd

24   and he called to the crowd to verify that he was

25   Julius, say I'm Julius, I'm Julius.

FILED

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

2011 OCT 12 PM 12: 46

MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS

STATE OF OHIO,              :      Case No. CR-1983-12-0614

       Plaintiff-Respondent,     :      Judge Nastoff

           v.                :

VON CLARK DAVIS,       :      CAPITAL CASE

       Defendant-Petitioner.     :

---

## NOTICE OF APPEARANCE

Now come Kort Gatterdam and Erik P. Henry of Carpenter Lipps & Leland LLP, and hereby enter their official appearances as counsel for Defendant-Petitioner, Von Clark Davis, in the above named case.

Respectfully submitted,

Kort Gatterdam (0040434)
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com
         henry@carpenterlipps.com

COUNSEL FOR DEFENDANT-PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing Notice of Appearance was forwarded by first-class, postage prepaid U.S. Mail to Michael T. Gmoser, Butler County Prosecuting Attorney, 315 High Street, 11th Floor, Hamilton, Ohio 45011, on this 21st day of October, 2011.

_____
Kort Gatterdam

050-384-297294

2