3/23/2015            CourtView Justice Solutions

## STATE OF OHIO VS VON CLARK DAVIS

| | | | |
|---|---|---|---|
| **Case Type** | COURT OF APPEALS | **Action:** | COURT APPEALS CR COMMON PLEAS DEFENDENT |
| **Case Status:** | Closed | **Status Date:** | 04/23/2008 |
| **File Date:** | 04/23/2008 | **Case Judge:** | 12th District, The Appellate Court Judges |
| **DCM Track:** | | **Next Event:** | |

**All Information** | **Party** | **Docket** | **Additional Fields** | **Disposition** | **Financial**

### Docket Information

| Date | Docket Text | Amount | Image Avail. |
|---|---|---|---|
| 04/23/2008 | FUNDS ON DEPOSIT FOR COURT COST. | | |
| 04/23/2008 | Legal aid fees pursuant to ORC 2303.210 (C). | $26.00 | |
| 04/23/2008 | Complaint & Filing fee for each cause of action ORC 2303.20(A). | $25.00 | |
| 04/23/2008 | Clerk of Courts Computerization Fee pursuant to ORC 2303.201 (B)(1). | $10.00 | |
| 04/23/2008 | Court Computerization Fee pursuant to ORC 2303.201 (A)(1). | $3.00 | |
| 04/23/2008 | NOTICE OF APPEAL FILED<br>Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 04/23/2008 | DOCKET STATEMENT FILED COPY TO COURT OF APPEALS | $1.00 | Image |
| 04/23/2008 | AFFIDAVIT OF INDIGENCY FILED | $0.00 | Image |
| 04/23/2008 | MOTION TO STAY THE COURTS 3/31/08 ORDER FILED<br>Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 04/23/2008 | STATEMENT, PRECIPE AND NOTICE TO COURT REPORTER FILED<br>Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 04/23/2008 | MOTION FOR APPT OF APPLT COUNSEL FILED<br>Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 04/23/2008 | TRANSCRIPT OF DOCKET & JOURNAL ENTRIES FILED ORIGINAL PAPERS FILED | $4.00 | Image |
| 04/29/2008 | Issue Date: 04/29/2008<br>Service: CASE DOCKET SHEET<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $     4.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: PORTER, RANDALL L<br>OFFICE OF THE OHIO PUBLIC DEFENDER<br>8 EAST LONG ST., 11TH FLOOR<br>COLUMBUS, OH 43215<br>Tracking No: 1000399872<br><br>STATE OF OHIO<br>c/o ATTY: PIPER Prosecutor Butler County Ohio, ROBIN<br>315 High Street<br>Govt Serv Ctr<br>11TH FLOOR<br>HAMILTON, OH 45011<br>Tracking No: 1000399873 | $8.00 | |
| 04/29/2008 | CASE DOCKET SHEET ISSUED.<br><br>CASE DOCKET SHEET<br>Sent on: 04/29/2008 09:39:28 | $1.00 | Image |
| 04/29/2008 | MOTION FOR PRE SCHEDULING ORDER CONFERENCE FILED<br>Attorney: OSTER JR Junior, MICHAEL A (0076491) | $0.00 | Image |

3/23/2015                                              CourtView Justice Solutions

| Date | Description | Amount | |
|---|---|---|---|
| 05/13/2008 | ENTRY DIRECTING PARTIES TO FILE MEMORANDA WITH RESPECT AS TO WHETHER ENTRY APPEALED FROM IS FINAL APPEALBALE ORDER FILED BENNETT MANNING | $2.00 | Image |
| 05/16/2008 | Issue Date: 05/16/2008<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $    4.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: PORTER, RANDALL L<br>OFFICE OF THE OHIO PUBLIC DEFENDER<br>8 EAST LONG ST., 11TH FLOOR<br>COLUMBUS, OH  43215<br>Tracking No: 1000402883<br><br>STATE OF OHIO<br>c/o ATTY: PIPER Prosecutor Butler County Ohio, ROBIN<br>315 High Street<br>Govt Serv Ctr<br>11TH FLOOR<br>HAMILTON, OH  45011<br>Tracking No: 1000402884 | $8.00 | |
| 05/16/2008 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 05/16/2008 14:19:03 | $1.00 | |
| 05/16/2008 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 05/16/2008 14:19:13 | $1.00 | |
| 05/23/2008 | Issue Date: 05/23/2008<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $    4.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: PORTER, RANDALL L<br>OFFICE OF THE OHIO PUBLIC DEFENDER<br>8 EAST LONG ST., 11TH FLOOR<br>COLUMBUS, OH  43215<br>Tracking No: 1000403979<br><br>STATE OF OHIO<br>c/o ATTY: PIPER Prosecutor Butler County Ohio, ROBIN<br>315 High Street<br>Govt Serv Ctr<br>11TH FLOOR<br>HAMILTON, OH  45011<br>Tracking No: 1000403980 | $8.00 | |
| 05/23/2008 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 05/23/2008 15:55:30 | $1.00 | Image |
| 05/23/2008 | VON CLARK DAVIS MOTION TO STAY THE TRIAL COURTS MARCH 31, 2008 ORDER FILED<br>Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/28/2008 | APPLTS REQUEST FOR ORAL ARGUMENT FILED (indicate-CA/Midd.sheet) COPY SENT TO CA/MIDD.<br>Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/30/2008 | APPELLEES MEMORANDUM AS TO WHETHER THE 3/31/08 ENTRY APPEALED FROM IS A FINAL APPEALABLE ORDER FILED<br>Attorney: EICHEL, DANIEL G (08259) | $0.00 | Image |
| 05/30/2008 | VON CLARK DAVIS MEMORANDUM CONCERNING THE APPEALABILITY OF THE MARCH 31, 2008 ORDER FILED | $0.00 | Image |

3/23/2015            CourtView Justice Solutions

| Date | Description | Amount | |
|---|---|---|---|
| | Attorney: COOK-REICH, MELYNDA (0066596) | | |
| 06/06/2008 | APPELLEES REPLY MEMO AS TO WHETHER THE 3/31/08 ENTRY APPEALED FROM IS A FINAL APPEALABLE ORDER FILED<br>Attorney: EICHEL, DANIEL G (08259) | $0.00 | Image |
| 06/06/2008 | VON CLARK DAVIS REPLY CONCERNING THE APPEALABILITY OF THE 3/31/08 ORDER FILED<br>Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 06/06/2008 | VON CLARK DAVIS' MOTION TO REMAND FOR LIMITED FACTUAL DEVELOPMENT FILED- BY FAX<br>Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 06/10/2008 | APPELLEES MEMORANDUM IN OPPOSITION TO APPLTS MOTION TO REMAND FOR LIMITED FACTUAL DEVELOPMENT FILED<br>Attorney: EICHEL, DANIEL G (08259) | $0.00 | Image |
| 06/10/2008 | APPELLEES MEMORANDUM IN RESPONSE TO THE APPLTS REQUEST FOR ORAL ARGUMENT FILED<br>Attorney: EICHEL, DANIEL G (08259) | $0.00 | Image |
| 06/10/2008 | APPELLEES MEMORANDUM IN OPPOSITION TO APPLTS MOTION TO STAY THE 3/31/08 ENTRY APPLEALED FROM FILED<br>Attorney: EICHEL, DANIEL G (08259) | $0.00 | Image |
| 07/01/2008 | DISMISSAL ENTRY; copies to all parties and counsel FILED POWELL,J YOUNG,J WALSH,J | $6.00 | Image |
| 07/01/2008 | COSTS TO APPLT | $0.00 | |
| 07/03/2008 | Issue Date: 07/03/2008<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $    4.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: PORTER, RANDALL L<br>OFFICE OF THE OHIO PUBLIC DEFENDER<br>8 EAST LONG ST., 11TH FLOOR<br>COLUMBUS, OH  43215<br>Tracking No: 1000409618<br><br>STATE OF OHIO<br>c/o ATTY: PIPER Prosecutor Butler County Ohio, ROBIN<br>315 High Street<br>Govt Serv Ctr<br>11TH FLOOR<br>HAMILTON, OH  45011<br>Tracking No: 1000409619 | $8.00 | |
| 07/03/2008 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 07/03/2008 14:36:38 | $1.00 | Image |
| 07/07/2008 | ALL PAPERS SEPARTED AND RETURNED TO SHELF FROM COURT OF APPEALS | $0.00 | |
| 07/09/2008 | APPLTS MOTION TO CERTIFY CONFLICT FILED<br>Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 07/09/2008 | APPELLEES MEMORANDUM IN OPPOSITION TO APPLTS MOTION TO CERTIFY A CONFLICT FILED<br>Attorney: EICHEL, DANIEL G (08259) | $0.00 | Image |
| 07/28/2008 | APPLTS REPLY IN SUPPORT OF HIS MOTION TO CERTIFY A CONFLICT FILED<br>Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 08/07/2008 | ENTRY DENYING MOTION TO CERTIFY CONFLICT FILED WALSJ, J YOUNG, J & POWELL, J | $2.00 | Image |
| 08/12/2008 | Issue Date: 08/12/2008<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $    4.00<br><br>DAVIS. VON CLARK | $8.00 | |

VON CLARK DAVIS v. WARDEN<br>CASE NO. 2:16-cv-00495<br>APPENDIX - Page 5064

CourtView Justice Solutions

c/o ATTY: PORTER, RANDALL L
OFFICE OF THE OHIO PUBLIC DEFENDER

8 EAST LONG ST., 11TH FLOOR
COLUMBUS, OH  43215
Tracking No: 1000415821


STATE OF OHIO
c/o ATTY: PIPER Prosecutor Butler County Ohio, ROBIN
315 High Street
Govt Serv Ctr
11TH FLOOR
HAMILTON, OH  45011
Tracking No: 1000415822

| | | | |
|---|---|---|---|
| 08/12/2008 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 08/12/2008 15:20:06 | $1.00 | Image |
| 08/19/2008 | NOTICE OF APPEAL OF VON CLARK DAVIS TO SUPREME COURT OF OHIO SC2008 08 33 FILED copy to CA, Appellee & counsel; Judge, CA deputy clerk<br>Attorney: PORTER, RANDALL L (0005835) | $25.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5065

CA08 04 0111

**IN THE COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

FILED BUTLER CO.
COURT OF APPEALS

APR 2 3 2008

CINDY CARPENTER
CLERK OF COURTS

STATE OF OHIO,

      **Plaintiff,**       :    **CASE No. CR 1982 12-0614**

-vs-              :

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

APR 2 3 2008

CINDY CARPENTER
CLERK OF COURTS

**VON CLARK DAVIS**    :    **Judge Nastoff**

      **Defendant**      :

---

## VON CLARK DAVIS' NOTICE OF APPEAL

---

      Defendant-Appellant, Von Clark Davis, hereby gives notice of his appeal to the Twelfth District Court of Appeals, Butler County, Ohio, from the Court's March 31, 2008 order authorizing release of the records in possession of the Ohio Department of Rehabilitation and Correction to the Butler County Prosecutor.

                          Respectfully submitted,

                          Randall Porter (mcr) email authorized

                          RANDALL L. PORTER – 0005835
                          COUNSEL FOR VON CLARK DAVIS
                          Assistant State Public Defender
                          Office of the Ohio Public Defender
                          8 East Long Street -11th Floor
                          Columbus, Ohio 43215
                          (614) 466-5394 (Voice)
                          (614) 644-0703 (Facsimile)
                          PorterR@OPD.state.OH.US

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

And

*[signature]*

MELYNDA COOK-REICH – 0066596
COUNSEL FOR VON CLARK DAVIS
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

## CERTIFICATE OF SERVICE

     I certify a copy of the foregoing *Von Clark Davis' Notice Of Appeal* has been sent by regular U.S. mail to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011, and on this 33ʳᵈday of April, 2008

*[signature]*

Melynda Cook-Reich
COUNSEL FOR VON CLARK DAVIS

**Repper, Pagan,
Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

2

COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO
2008 MAR 31 AM 11:52

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

**STATE OF OHIO,**
    Plaintiff,

Vs.

**VON CLARK DAVIS,**
    Defendant.

Case Number CR1983-12-0614

**ENTRY AS TO RELEASE
OF INSTITUTIONAL RECORDS**

---

This 18th day of March, 2008, this matter came before the Court on the Prosecuting Attorney's request that certified copies of all institutional records held at the Ohio State Penitentiary at Youngstown Ohio, by the Ohio Department of Corrections and Rehabilitation regarding the defendant, **Von Clark Davis, No. A179-828, DOB** be released to both parties; and for good cause shown, it appearing to the Court that such order will facilitate the Prosecuting Attorney's duty under *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, to disclose any evidence in possession of the State which is potentially favorable to the defendant and material to punishment, see, also, *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, it is ORDERED that certified copies of all institutional records held at the Ohio State Penitentiary at Youngstown Ohio, by the Ohio Department of Corrections and Rehabilitation regarding the defendant, Von Clark Davis, No. A179-828, DOB , be released to both parties and mailed directly to the following:

(1)    Robin N. Piper
        Butler County Prosecuting Attorney
        Government Services Center
        315 High Street, 11th Floor
        Hamilton, OH 45012-0515

(2)    Randall L. Porter
        Lead Counsel for Defendant
        Ohio Public Defender's Office
        8 East Long Street, 11th Floor
        Columbus, OH 43215

SO ORDERED.

NASTOFF, J.

**IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO**

FILED BUTLER CO.
COURT OF APPEALS

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

**STATE OF OHIO,**

APR 2 3 2008

APR 2 3 2008

CINDY CARPENTER
CLERK OF COURTS

**Plaintiff**

CINDY CARPENTER
CLERK OF COURTS

**-vs-**

: **CASE No. CR 1982 12-0614**

**VON CLARK DAVIS**

:

**Defendant.**

:

### AFFIDAVIT OF INDIGENCY

I, Von Clark Davis, do solemnly swear that I have no means of financial support and no assets of any value and, therefore, cannot afford to pay for any legal services, fees, or costs on my behalf in the above-styled case. I am presently incarcerated at the Ohio State Penitentiary, and that I have $ ___16___ income per month. Other than the funds in my prison account, which is attached hereto, I owned no other cash or things of value.

*Von C. Davis  A179828*

VON CLARK DAVIS
#179-828
Ohio State Penitentiary
878 Coitsville-Hubbard Road
Youngstown, Ohio 44505-4635

Sworn and subscribed in my presence this the 9 ⁱᵗʰ day of April

2008.

*Scott Nowak*
NOTARY PUBLIC, State of Ohio
My Commission Expires Mar. 27, 2010

04/09/2008

**Ohio State Penitentiary**

**Inmate Demand Statement**

Inmate Name:   DAVIS, VON C                                                Number: A179828

Lock Location:   OSP,D,6,,27

Date Range:  10/09/2007   Through            04/10/2008

Beginning Account Balances:                                    Ending Account Balances:

|  | Saving | Debt | Payable |  | Saving | Debt | Payable |
|---|---|---|---|---|---|---|---|
| Inmate's Person | $1,312.54 | $0.00 | $0.00 | Inmate's Personal A | $1,307.16 | $0.00 | $0.00 |
| **Begin Totals** | **$1,312.54** | **$0.00** | **$0.00** | **End Totals** | **$1,307.16** | **$0.00** | **$0.00** |

| Transaction Date | Transaction Amount | Description | Comment | Saving Balance | Debt Balance | Payable Balance |
|---|---|---|---|---|---|---|
| 10/09/2007 | ($12.78) Commissary Sale | | Ticket Number 10134 | $1,299.76 | $0.00 | $0.00 |
| 10/12/2007 | ($1.31) Postage Charges (USPS) | | SISTER MARY IMMACULEE | $1,298.45 | $0.00 | $0.00 |
| 10/15/2007 | ($14.63) Commissary Sale | | Ticket Number 10351 | $1,283.82 | $0.00 | $0.00 |
| 10/17/2007 | $30.00 Money Order | | RIVER OF LIFE CHRISTIAN CENTER | $1,313.82 | $0.00 | $0.00 |
| 10/22/2007 | ($11.67) Commissary Sale | | Ticket Number 10543 | $1,302.15 | $0.00 | $0.00 |
| 10/26/2007 | ($28.93) Withdrawal to ACCESS | | ACCESS | $1,273.22 | $0.00 | $0.00 |
| 10/29/2007 | ($13.13) Commissary Sale | | Ticket Number 10725 | $1,260.09 | $0.00 | $0.00 |
| 10/29/2007 | ($8.80) Postage Charges (USPS) | | H. HUGHES | $1,251.29 | $0.00 | $0.00 |
| 10/31/2007 | $10.00 Money Order | | MRS. GREGORY | $1,261.29 | $0.00 | $0.00 |
| 11/01/2007 | $0.00 $10.00 Reservation to Pos Exemption | | Pos Exemption | $1,261.29 | $0.00 | $0.00 |
| 11/05/2007 | ($12.15) Commissary Sale | | Ticket Number 10871 | $1,249.14 | $0.00 | $0.00 |
| 11/05/2007 | ($8.61) Postage Charges (USPS) | | CAROL SMITH | $1,240.53 | $0.00 | $0.00 |
| 11/09/2007 | $16.00 State Pay | | OCT 07- STATE PAY | $1,256.53 | $0.00 | $0.00 |
| 11/13/2007 | ($15.18) Commissary Sale | | Ticket Number 11059 | $1,241.35 | $0.00 | $0.00 |
| 11/15/2007 | ($4.80) Postage Charges (USPS) | | CAROL SMITH | $1,236.55 | $0.00 | $0.00 |
| 11/15/2007 | ($7.45) Postage Charges (USPS) | | MRS. ALLUSTER TIPTON | $1,229.10 | $0.00 | $0.00 |
| 11/15/2007 | $15.00 Money Order | | A. TIPTON | $1,244.10 | $0.00 | $0.00 |
| 11/19/2007 | ($14.64) Commissary Sale | | Ticket Number 11268 | $1,229.46 | $0.00 | $0.00 |
| 11/20/2007 | ($3.00) Withdrawal to WOMEN BLESSING WOMEN | | WOMEN BLESSING WOMEN | $1,226.46 | $0.00 | $0.00 |
| 11/20/2007 | ($3.00) Withdrawal to MYSTERY BOOK GUILD | | MYSTERY BOOK GUILD | $1,223.46 | $0.00 | $0.00 |
| 11/26/2007 | ($4.60) Postage Charges (USPS) | | ALLUSTER TIPTON | $1,218.86 | $0.00 | $0.00 |
| 11/26/2007 | ($16.87) Commissary Sale | | Ticket Number 11443 | $1,201.99 | $0.00 | $0.00 |
| 11/27/2007 | $30.00 Money Order | | RIVER OF LIFE CHRIST CENTER | $1,231.99 | $0.00 | $0.00 |
| 11/27/2007 | ($0.41) Postage Charges (USPS) | | MYSTERY GUILD | $1,231.58 | $0.00 | $0.00 |

Page: 1/4     A179828       DAVIS, VON C                                          OSP     04/09/2008

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5070

| Date | Transaction | Description | Balance | | |
|---|---|---|---|---|---|
| 11/27/2007 | ($0.41) Postage Charges (USPS) | WOMEN BLESSING WOMEN | $1,231.17 | $0.00 | $0.00 |
| 11/29/2007 | ($1.80) Postage Charges (USPS) | GREORY/HUGHES | $1,229.37 | $0.00 | $0.00 |
| 11/30/2007 | ($0.82) Postage Charges (USPS) | hyde | $1,228.55 | $0.00 | $0.00 |
| 12/01/2007 | $0.00 $10.00 Reservation to Pos Exemption | Pos Exemption | $1,228.55 | $0.00 | $0.00 |
| 12/12/2007 | $16.00 State Pay | NOV. 2007 | $1,244.55 | $0.00 | $0.00 |
| 12/12/2007 | ($0.82) Postage Charges (USPS) | DEL FLOWERS | $1,243.73 | $0.00 | $0.00 |
| 12/13/2007 | ($10.50) Fundraisers - No Specific Club | KFC FUNDRAISER | $1,233.23 | $0.00 | $0.00 |
| 12/13/2007 | ($20.00) Commissary Sale | Ticket Number 11854 | $1,213.23 | $0.00 | $0.00 |
| 12/13/2007 | ($0.82) Postage Charges (USPS) | PARKER & BLAMON | $1,212.41 | $0.00 | $0.00 |
| 12/17/2007 | ($0.82) Postage Charges (USPS) | IMMACULE KOMP | $1,211.59 | $0.00 | $0.00 |
| 12/17/2007 | ($18.58) Commissary Sale | Ticket Number 11951 | $1,193.01 | $0.00 | $0.00 |
| 12/19/2007 | ($3.00) Withdrawal to MAKE A WISH FOUNDATION | MAKE A WISH FOUNDATION | $1,190.01 | $0.00 | $0.00 |
| 12/19/2007 | $300.00 Money Order | RIVER OF LIFE CHRISTIAN CENTER | $1,490.01 | $0.00 | $0.00 |
| 12/19/2007 | ($300.00) Reversed Money Order | Reversed Task No. 7102104 | $1,190.01 | $0.00 | $0.00 |
| 12/19/2007 | $30.00 Money Order | RIVER OF LIFE CHRISTIAN CENTER | $1,220.01 | $0.00 | $0.00 |
| 12/19/2007 | ($0.82) Postage Charges (USPS) | STINEMAN/PORTER ATTY | $1,219.19 | $0.00 | $0.00 |
| 12/19/2007 | ($0.82) Postage Charges (USPS) | MACK/CHARLES | $1,218.37 | $0.00 | $0.00 |
| 12/19/2007 | ($0.82) Postage Charges (USPS) | LASTER | $1,217.55 | $0.00 | $0.00 |
| 12/19/2007 | ($7.75) Postage Charges (USPS) | REV VICTOR DAVIS | $1,209.80 | $0.00 | $0.00 |
| 12/19/2007 | ($1.39) Postage Charges (USPS) | KESTERTON | $1,208.41 | $0.00 | $0.00 |
| 12/24/2007 | ($12.07) Commissary Sale | Ticket Number 12304 | $1,196.34 | $0.00 | $0.00 |
| 12/26/2007 | ($3.00) Withdrawal to women blessing women | WOMEN BLESSING WOMEN | $1,193.34 | $0.00 | $0.00 |
| 12/27/2007 | $30.20 County Checks | BUTLER COUNTY SHERIFF | $1,223.54 | $0.00 | $0.00 |
| 12/27/2007 | $10.00 Money Order | MRS. L. GREGORY | $1,233.54 | $0.00 | $0.00 |
| 12/28/2007 | $100.00 Money Order | JACK GARRETSON | $1,333.54 | $0.00 | $0.00 |
| 12/31/2007 | ($17.95) Commissary Sale | Ticket Number 12401 | $1,315.59 | $0.00 | $0.00 |
| 01/01/2008 | $0.00 $10.00 Reservation to Pos Exemption | Pos Exemption | $1,315.59 | $0.00 | $0.00 |
| 01/04/2008 | $16.00 State Pay | 12/07 PAY | $1,331.59 | $0.00 | $0.00 |
| 01/07/2008 | $30.00 Money Order | H.HUGHES | $1,361.59 | $0.00 | $0.00 |
| 01/07/2008 | ($8.55) Commissary Sale | Ticket Number 12605 | $1,353.04 | $0.00 | $0.00 |
| 01/09/2008 | ($3.00) Withdrawal to MYSTERY BOOK CLUB | MYSTERY BOOK CLUB | $1,350.04 | $0.00 | $0.00 |
| 01/09/2008 | ($3.00) Withdrawal to SMILE TRAIN | SMILE TRAIN | $1,347.04 | $0.00 | $0.00 |
| 01/09/2008 | ($25.00) Withdrawal to CAROL SMITH | C. SMITH | $1,322.04 | $0.00 | $0.00 |
| 01/14/2008 | ($15.48) Commissary Sale | Ticket Number 12772 | $1,306.56 | $0.00 | $0.00 |

Page: 2/4    A179828    DAVIS, VON C                                OSP    04/09/2008

| | | | | | |
|---|---|---|---|---|---|
| 01/15/2008 | ($0.62) Commissary Sale | Ticket Number 12845 | $1,305.94 | $0.00 | $0.00 |
| 01/16/2008 | ($20.00) Withdrawal to SHERRY DAVIS | sherry davis | $1,285.94 | $0.00 | $0.00 |
| 01/18/2008 | ($5.70) Postage Charges (USPS) | B. TIPTON | $1,280.24 | $0.00 | $0.00 |
| 01/22/2008 | ($15.27) Commissary Sale | Ticket Number 12999 | $1,264.97 | $0.00 | $0.00 |
| 01/23/2008 | ($3.00) Withdrawal to YMCA | YMCA | $1,261.97 | $0.00 | $0.00 |
| 01/23/2008 | $30.00 Money Order | river of life christian center | $1,291.97 | $0.00 | $0.00 |
| 01/25/2008 | ($0.90) Postage Charges (USPS) | H. HUGHES | $1,291.07 | $0.00 | $0.00 |
| 01/28/2008 | ($9.28) Commissary Sale | Ticket Number 13176 | $1,281.79 | $0.00 | $0.00 |
| 02/01/2008 | $0.00 $10.00 Reservation to Pos Exemption | Pos Exemption | $1,281.79 | $0.00 | $0.00 |
| 02/07/2008 | ($6.55) Postage Charges (USPS) | CAROL SMITH | $1,275.24 | $0.00 | $0.00 |
| 02/12/2008 | $16.00 State Pay | PAY FOR JAN. 2008 | $1,291.24 | $0.00 | $0.00 |
| 02/19/2008 | ($21.59) Commissary Sale | Ticket Number 13718 | $1,269.65 | $0.00 | $0.00 |
| 02/19/2008 | ($40.00) Withdrawal to C SMITH | C. SMITH | $1,229.65 | $0.00 | $0.00 |
| 02/20/2008 | $13.65 County Checks | BUTLER CO. SHERIFF | $1,243.30 | $0.00 | $0.00 |
| 02/20/2008 | $30.00 Money Order | RIVER OF LIFE CHRISTIAN CENTER | $1,273.30 | $0.00 | $0.00 |
| 02/21/2008 | ($2.67) Postage Charges (USPS) | ALLUSTER TIPTON | $1,270.63 | $0.00 | $0.00 |
| 02/25/2008 | ($13.60) Commissary Sale | Ticket Number 13948 | $1,257.03 | $0.00 | $0.00 |
| 02/26/2008 | ($0.41) Postage Charges (USPS) | MERCEDES LASTER | $1,256.62 | $0.00 | $0.00 |
| 03/01/2008 | $0.00 $10.00 Reservation to Pos Exemption | Pos Exemption | $1,256.62 | $0.00 | $0.00 |
| 03/03/2008 | ($10.54) Commissary Sale | Ticket Number 14144 | $1,246.08 | $0.00 | $0.00 |
| 03/06/2008 | ($1.65) Postage Charges (USPS) | CHARLES TIPTON | $1,244.43 | $0.00 | $0.00 |
| 03/07/2008 | $8.00 State Pay | FEB. 2008 PAY | $1,252.43 | $0.00 | $0.00 |
| 03/11/2008 | ($18.00) Fundraisers - No Specific Club | CCC-KFC | $1,234.43 | $0.00 | $0.00 |
| 03/12/2008 | ($1.64) Postage Charges (USPS) | MS. CAROL SMITH | $1,232.79 | $0.00 | $0.00 |
| 03/24/2008 | ($17.84) Commissary Sale | Ticket Number 14715 | $1,214.95 | $0.00 | $0.00 |
| 03/25/2008 | ($0.41) Postage Charges (USPS) | A. TIPTON | $1,214.54 | $0.00 | $0.00 |
| 03/26/2008 | $22.00 County Checks | BUTLER COUNTY | $1,236.54 | $0.00 | $0.00 |
| 03/31/2008 | ($18.50) Commissary Sale | Ticket Number 14892 | $1,218.04 | $0.00 | $0.00 |
| 04/01/2008 | $0.00 $10.00 Reservation to Pos Exemption | Pos Exemption | $1,218.04 | $0.00 | $0.00 |
| 04/01/2008 | ($1.99) Postage Charges (USPS) | RIVER OF CHRIST CENTER | $1,216.05 | $0.00 | $0.00 |
| 04/01/2008 | $81.00 Money Order | RIVER OF LIFE | $1,297.05 | $0.00 | $0.00 |
| 04/02/2008 | ($3.00) Withdrawal to women blessing women | WOMEN BLESSING WOMEN | $1,294.05 | $0.00 | $0.00 |
| 04/02/2008 | $30.00 Money Order | RIVER OF LIFE | $1,324.05 | $0.00 | $0.00 |
| 04/04/2008 | $8.00 State Pay | STATE PAY- MARCH 2008 | $1,332.05 | $0.00 | $0.00 |
| 04/07/2008 | ($16.39) Commissary Sale | Ticket Number 15059 | $1,315.66 | $0.00 | $0.00 |

Page: 3/4     A179828     DAVIS, VON C                                    OSP     04/09/2008

| 04/07/2008 | ($8.50) Fundraisers - No Specific Club | CCC- PAPA JOHN'S | $1,307.16 | $0.00 | $0.00 |

**Outstanding Debts:**

| Start Date | Description | Case | Agency | County | Total Debt | Paid to Date | Balance Owed |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Total Outstanding Case Balances | $0.00 |
|---|---|

**Outstanding Holds:**

| Start Date | Description | Case | Agency | County | Total Debt | Paid to Date | Balance Owed |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Total Outstanding Case Holds | $0.00 |
|---|---|

**Outstanding Investments / EPC:**

| Investment Type | Investment Type Description | Invest Company | Company Description | Balance |
|---|---|---|---|---|
| | | | | |

Page: 4/4    A179828    DAVIS, VON C

OSP    04/09/2008

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5073

*FILED BUTLER CO.*
*COURT OF APPEALS*

# OHIO TWELFTH DISTRICT COURT OF APPEALS
## CRIMINAL DOCKET STATEMENT

*APR 2 3 2008*

Revised 01/01/2004

*CINDY CARPENTER*
*CLERK OF COURTS*

*FILED in Common Pleas Court*
*BUTLER COUNTY, OHIO*

**APPEAL NO.**

**TRIAL COURT NO.** CR1983-12-0614

*APR 2 3 2008*

TRIAL JUDGE     Daniel A. Nastoff

*CINDY CARPENTER*
*CLERK OF COURTS*

**Parties:**                                  **Counsel:***

State of Ohio                                 Daniel G. Eichel 0008259 &
                                              Michael A. Oster, Jr. 0076491
                                              (Name & Supreme Court Registration No.)

                                              315 High Street - 1st Floor

                                              Hamilton, Ohio 45011
                                              (Address)

                                              513-887-3474
                                              (Telephone Number)
**Plaintiff-Appellee**                        ☐ Filing appeal but not representing party on appeal
(Circle designation)
**vs.**                                       **vs.**

Von Clark Davis                               Melynda Cook-Reich #0066596
                                              (Name & Supreme Court Registration No.)

                                              1501 First Avenue

                                              Middletown, Ohio 45042
                                              (Address)
                                              513-424-1823
                                              (Telephone Number)
                                              ☐ Filing appeal but not representing party on appeal

                                              and

                                              Randall L. Porter #0005835
                                              (Name & Supreme Court Registration No.)

                                              8 East Long Street - 11th Floor

                                              Columbus, Ohio 43215
                                              (Address)
                                              614-466-5394
**Defendant-Appellant**                       (Telephone Number)
(Circle designation)                          ☐ Filing appeal but not representing party on appeal

1

1.  This appeal should be assigned to:
    ☒ A. The **Regular Calendar** with Full Briefing
    ☐    Transcript is more than 100 pages
    ☒    Brief in excess of 15 pages is necessary to argue the issues adequately, or more than 15 days will be required to file the brief
    ☒    Appeal concerns unique issues of law which will be of substantial precedential value in determination of similar cases
    ☐    Other_____

*Please list at least one counsel for each party to the appeal. If a party will be represented by more than one counsel, designate which counsel is to be primarily responsible for prosecuting the appeal and receiving notices and pleadings from the court and all other parties. See Loc.R. 9(A).*

☐ B. The **Accelerated Calendar**
    ☐    No transcript required
    ☐    Transcript consists of less than 100 pages, or is of such length that preparation time will not be a source of delay
    ☐    Agreed statement will be submitted in lieu of record within 20 days
    ☐    Record was made in an administrative hearing and was filed with the trial court
    ☐    All parties to the appeal agree to an assignment to the accelerated calendar, and agree to comply with filing requirements of Loc. App. R. 6
    ☐    Other:_____

|     |                                                                 | YES | NO |
|-----|-----------------------------------------------------------------|-----|-----|
| 2.  | Was counsel appointed for trial?                                | ☒   | ☐  |
| 3.  | Has counsel been appointed for appeal by trial court? (See Loc. R. 9[C]) – Counsel will be moving the court | ☐   | ☒  |
| 4.  | Will request for appointment of counsel be made to this court?  | ☒   | ☐  |
| 5.  | Was Motion for Bond or Stay of Execution made in the trial court? | ☒ | ☐ |
| 6.  | If so, was the motion granted? The motion is being filed concurrently with the notice of appeal | ☐ | ☐ |

7.  Offense(s) convicted of: <u>Capital murder, and weapon under a disability</u>
8.  Length of sentence: <u>The Sixth Circuit vacated the death sentence and the matter is before the trial court for purposes of resentencing</u>
9.  Probable issues for review: <u>The trial court's granting of the state's motion to disclose to the prosecution the records in possession of the Department of Rehabilitation and Correction concerning Mr. Davis</u>
10. Does this appeal turn on the interpretation of a particular case, statute or rule?
    ☒ **YES** ☐ **NO**
    If yes, list the case, statute or rule: <u>Sixth and Fourteenth Amendments, *Brady v. Maryland*, 373 U.S. 83 (1963)</u>

11. Was a pre-sentence, psychiatric or other investigative report submitted to the court in writing before sentence was imposed? At his initial trial, but not with respect to re-sentencing

12. Type of record to be filed:

2

☐ Complete transcript of
proceedings

Estimated length of transcript as
ordered:

☒ Partial transcript
Specify parts ordered: The portion of the March 18, 2008 hearing held in open court

☐ Statement of record pursuant
to App.R. 9(C) or (D)

Estimated length of transcript as
ordered:25 pages

☐ No transcript of proceedings or App.R. 9(C) or (D) statement to be filed or
transcript or App.R. 9 statement is presently part of the record.  **If this box is
checked, the court will consider this to be a Loc. App. R. 5 notice for
purposes of completing the record on appeal.**

13.   Time needed to complete transcript: 40 days
14.   Time needed to file brief after record is complete (not to exceed 15 days for
accelerated calendar cases): 30 days

15.   List all related/pending appeals: None.

_Melynda Cook-Reich_
Melynda Cook-Reich
Randall Porter
COUNSEL FOR VON CLARK DAVIS

## **CERTIFICATE OF SERVICE**

I certify a copy of the foregoing Ohio Twelfth District Court Of Appeals
Docket Statement has been sent by regular U.S. mail to Daniel G. Eichel, First Assistant
Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County
Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton,
Ohio 45011, on this 16th day of April, 2008

_Melynda Cook-Reich_
Melynda Cook-Reich
Randall Porter
COUNSEL FOR VON CLARK DAVIS

3

FILED

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

2008 APR 23 PM 1:55

FILED in Common Pleas Court
BUTLER COUNTY, OHIO
APR 2 3 2008
CINDY CARPENTER
CLERK OF COURTS

STATE OF OHIO,

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

     Plaintiff,

FILED BUTLER CO.
COURT OF APPEALS

**Case No. CR 1983-12-0614**

**vs.**

APR 2 3 2008

**VON CLARK DAVIS**

CINDY CARPENTER
CLERK OF COURTS **Judge Nastoff**

    Defendant.

:

---

## VON CLARK DAVIS' MOTION
## TO STAY THE COURT'S MARCH 31, 2008 ORDER

---

      Von Clark Davis moves the Court to stay its March 31, 2008 order

requiring the Ohio Department of Rehabilitation and Correction to provide both

parties with copies of the records in its possession concerning the defendant.

Mr. Davis has attached a memorandum which he incorporates in this motion.

      Respectfully submitted,

RANDALL L. PORTER – 0005835
COUNSEL FOR VON CLARK DAVIS
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

*Melynda Cook-Reich* (signature)

MELYNDA COOK-REICH – 0066596
COUNSEL FOR VON CLARK DAVIS
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

## **MEMORANDUM IN SUPPORT**

On March 31, 2008, upon oral motion of the State of Ohio, the Court ordered the Ohio Department of Rehabilitation and Correction to provide both parties with copies of the records in its possession concerning Mr. Davis. On April 10, 2008, Mr. Davis filed a motion to rescind that order and he filed an amended motion on April 15, 2008. The thrust of his motion was this Court did not need to issue an order providing him to access the records in question. That motion is still pending.

Concurrent with the filing of this Motion, Mr. Davis has filed a notice of appeal to the Butler County Court of Appeals from the March 31, 2008 order. He is requesting that Court to vacate this Court's order, so the state will not have access to the records in question.

The March 31, 2008 order must be stayed for Mr. Davis to have an adequate remedy from the March 31, 2008 order. The appellate court will have no means available to unring the bell if Mr. Davis prevails and the state has already obtained access to the records. Mr. Davis will have no ability to restore the cloak of confidentiality to the DRC records which was lifted by the Court's March 31, 2008 order.



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

2

If Mr. Davis prevails and the state has already accessed the records, Mr. Davis will request a taint hearing. That proceeding will involve a lengthy factual hearing to identify each member of the prosecution team who had access to the records, what each member who had access did with those records and the actions that each individual undertook as a result of his access to the records. In essence, the prosecution team would have to prove that each step it undertakes to prosecute Mr. Davis was not influenced in any degree by its access to the records. It could ultimately lead to the disqualification of the Butler County Prosecutor's Office.

Rather than face any of these scenarios, the more prudent course is for the Court to stay its March 31, 2008 order. Mr. Davis is not requesting that all of the proceedings be stayed, only the March 31, 2008 order. Only in this way will the Court protect the integrity of the instant proceedings from being tainted by the March 31, 2008 order.

**WHEREFORE,** Mr. Davis requests this Court to stay the March 31, 2008, pending resolution of the appeal which he has filed. Mr. Davis has attached a proposed order with this pleading.

Respectfully submitted,

RANDALL L. PORTER – 0005835
COUNSEL FOR VON CLARK DAVIS
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

3

PorterR@OPD.state.OH.US

And

MELYNDA COOK-REICH – 0066596
COUNSEL FOR VON CLARK DAVIS
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis'*
*Motion To Stay the Court's March 31, 2008 Order* was forwarded by hand delivery
by undersigned counsel to Daniel G. Eichel, First Assistant Butler County
Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County
Prosecuting Attorney at the Government Services Center, 11th Floor, 315 High
Street, Hamilton, Ohio 45011 on this 23rd day of April, 2008.

COUNSEL FOR VON CLARK DAVIS

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

4

FILED

**IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO**

2008 APR 23 PM 1:56

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

FILED BUTLER CO.
COURT OF APPEALS

APR 2 3 2008

CINDY CARPENTER
CLERK OF COURTS

**STATE OF OHIO**                              :

        **Plaintiff,** FILED in Common Pleas Court     **CASE No. CR 1982 12-0614**
                  BUTLER COUNTY OHIO

**-vs-**                        APR 2 3 2008  :

**VON CLARK DAVIS**          CINDY CARPENTER  :   **Judge Nastoff**
                 CLERK OF COURTS

        **Defendant**                 :

---

## STATEMENT, PRAECIPE AND
## NOTICE TO COURT REPORTER

---

**TO THE APPELLEE:**

      Defendant-Appellant Von Clark Davis hereby states that he intends to include in the record a transcript of the March 18, 2008 proceedings held in open court, the March 31 entry as to the Release of Institutional records, the April 10, 2008 Motion to Rescind the Order and April 15, 2008 Amended Motion to Rescind the Order and any pleadings filed relating to that April 10 and 15, 2008 Motion and Amended Motion.

**TO THE CLERK:**

      Please immediately prepare, certify the following original papers: the March 31 entry as to the Release of Institutional records, the April 10, 2008 Von Clark Davis' Motion For the Court To Rescind Its March 31, 2008 Order, the April 15, 2008 Von Clark Davis'

**Repper, Pagan,
Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

Amended                Motion                For                the                Court To Rescind Its March 31, 2008 Order and any other later filed pleadings relating to the April 10, 2008 motion.  Because the transcript of March 18, 2008 proceedings held in open court will be included by the Defendant-Appellant as part of the record, do not transmit these documents to the clerk of the court of appeals of this county for filing in that court until the relevant portion of the transcript of proceedings has been delivered to you by the court reporter or undersigned counsel.  At that time, transmit the documents prepared and assembled by you and the requested portion of the transcript of the proceedings delivered to you to the clerk of the court of appeals for filing as the record on appeal.  In the event that the court reporter or undersigned does not furnish you with the  transcript of March 18, 2008 proceedings held in open court within forty days after the filing of the notice of appeal, or within any proper extension of the time for transmission of the record, as prescribed by the Appellate Rules or the Local Appellate Rules, then upon such fortieth day or upon the last day of any proper extension of the time for transmission of the record, please transmit the documents prepared and assembled by you to the clerk of the court of appeals, without such transcript of proceedings, for filing as the record on appeal.

**TO THE COURT REPORTER:**



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

Please prepare a transcript of the proceedings that were held in the above case in open court on the 18th day of March,  2008, before  Judge

2

Daniel Andrew Nastoff.  Please notify  the undersigned counsel when completed and filed the transcript with the Clerk of Courts.

Respectfully submitted,

Randall Porter  (MCR authorized)

RANDALL L. PORTER – 0005835
COUNSEL FOR VON CLARK DAVIS
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio  43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

Melynda Cook-Reich

MELYNDA COOK-REICH – 0066596
COUNSEL FOR VON CLARK DAVIS
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing *Statement, Praecipe And Notice To Court Reporter* has been sent by Hand Delivery by undersigned counsel to  the offices of the Butler County Prosecuting Attorney, Attn: Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 11th 315 High Street, Hamilton, Ohio  45011, and Jill Cutter, Court Reporter, 3rd Floor Government Services Center, 315 High Street, Hamilton, Ohio  45011 on this  23rd day of April  2008

Melynda Cook-Reich

Melynda Cook-Reich
COUNSEL FOR VON CLARK DAVIS



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

3

FILED

**IN THE COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

2008 APR 23  PM 1:

STATE OF OHIO,                              :

         **Plaintiff,**                     :    **CASE No. CR 1982 12-0614**

   -vs-                           FILED BUTLER CO.
                                  COURT OF APPEALS
**VON CLARK DAVIS**              APR 2 3 2008  **Judge Nastoff**        FILED in Common Pleas Court
                                                                        BUTLER COUNTY, OHIO
         **Defendant**           CINDY CARPENTER
                                 CLERK OF COURTS                               APR 2 3 2008

                                                                        CINDY CARPENTER
                                                                        CLERK OF COURTS

---

## VON CLARK DAVIS' MOTION
## FOR APPOINTMENT OF APPELLATE COUNSEL

---

Von Clark Davis moves this Court to appoint counsel for purposes

of his appeal to the Twelfth Appellate Court of Appeals, Butler County. Mr. Davis

has attached a memorandum in support which he incorporates in this motion.

                              Respectfully submitted,

                              Randall Porter

                              RANDALL L. PORTER – 0005835
                              COUNSEL FOR VON CLARK DAVIS
                              Assistant State Public Defender
                              Office of the Ohio Public Defender
                              8 East Long Street -11th Floor
                              Columbus, Ohio 43215
                              (614) 466-5394 (Voice)
                              (614) 644-0703 (Facsimile)
                              PorterR@OPD.state.OH.US

                              And

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

MELYNDA COOK-REICH – 0066596
COUNSEL FOR VON CLARK DAVIS
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

## MEMORANDUM IN SUPPORT

Concurrent with the filing of this motion, Von Clark Davis has filed his notice of appeal from this Court's order of March 31, 2008. Mr. Davis moves this Court to appoint both undersigned counsel to represent him in that appeal.

When a state has undertaken to provide a process of appellate review, in implementing that procedure, the state must comply with due process and equal protection requirements. *Griffin v. Illinois* (1956), 351 U.S. 12. A State may not grant appellate review in such a way as to discriminate against some convicted defendants on account of their poverty. There can be no equal justice where the kind of an appeal a man enjoys "depends on the amount of money he has." *Id.* at 19

The Ohio Constitution does not specifically provide for a "right" of appeal. However, Section Three, Article IV of the Ohio Constitution provides for the establishment of an appellate court system with jurisdiction "in any cause on review as may be necessary to its complete determination." The State of Ohio



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

2

has established a statutory right to appeal "every final order, judgment or decree of a court . . . may be reviewed . . . unless otherwise provided by law." . R.C. 2505.03. Similarly, in "a criminal case . . . the judgment or final order of a court of record inferior to the court of appeals may be reviewed by the court of appeals." R.C. 2953.02 Having established a framework and statutory right to appeal a criminal conviction, the Ohio General Assembly has rendered the state subject to the constitutional requirements of *Griffin v. Illinois*.

This United States Supreme Court has long recognized the critical need that indigent defendants have for the assistance of counsel in defending themselves against prosecution by the State. In cases applying the Sixth Amendment, which guarantees a defendant the assistance of counsel at trial, this Court has explained that "the right [of a defendant] to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has small and sometimes no skill in the science of law. . . . He requires the guiding hand of counsel at every step in the proceedings against him." *Powell v. Alabama* (1932), 287 U.S. 45, 68-69; see also *Gideon v. Wainwright* (1963), 372 U.S. 335, 344 ("In our adversary system of criminal justice, any person haled into court, who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him. This seems to us to be an obvious truth."). The Court's decisions under the Sixth Amendment reflect "the recognition and awareness that an unaided layman has little skill in arguing the law or in coping with an intricate procedural system." *United States v. Ash* (1973), 413 U.S. 300, 307.



Repper, Pagan, Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

3

The same concerns have led the United States Supreme Court to identify a similar right under the Due Process and Equal Protection Clauses to the assistance of counsel on a first appeal. As the Court has observed, "to prosecute the appeal, a criminal appellant must face an adversary proceeding that--like a trial--is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant--like an unrepresented defendant at trial--is unable to protect the vital interests at stake." *Evitts v. Lucey* (1985), 469 U.S. 387, 396. Recognizing that nonlawyers generally lack the legal skills and training needed to discern the legally and factually promising bases for appeal, the Court emphasized that "lawyers are 'necessities, not luxuries' in our adversarial system of justice . . . . The defendant's liberty depends on his ability to present his case in the face of 'the intricacies of the law and the advocacy of the public prosecutor.'" *Id.* at 394 (quoting *Gideon,* 372 U.S. at 344, and *Ash,* 413 U.S. at 309). n8

An unrepresented defendant faces challenges on appeal that are equally as daunting as those at a trial. For example, an individual pursuing an appeal typically must file a notice of appeal in the proper form and in the proper court, designate the record for appeal, order transcripts, and specify the points to be raised on appeal. All of this must be done within strict deadlines and while generally the defendant is incarcerated A typical indigent defendant is completely incapable of even identifying his meritorious appellate issues, much less capable of coherently arguing them. *Flores-Ortega* (2000), 528 U.S. 470, 486. See also *Martinez v. Court of Appeal of California* (2000), 528 U.S. 152, 161



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

4

(recognizing that even if counsel is ineffective, "it is reasonable to assume that counsel's performance is more effective than what the unskilled appellant could have provided for himself").

The United States Supreme Court recently reaffirmed the right to appointed counsel in an appeal of right. *Halbert v. Michigan* (2005), 545 U.S. 605. In that case the Michigan Legislature had amended state law to provide that a defendant who pled guilty was only entitled to a discretionary appeal, as opposed to an appeal of right, to challenge his plea or sentence. As a result the state courts stopped appointing counsel for the initial appeal because it was discretionary. The Supreme Court held that the procedure was infirm because 1) the intermediate court looked to the merits in deciding whether to hear the defendant's appeal and 2) indigent defendants were ill equipped to represent themselves. *Id.* at 617.

For the reasons articled in the Supreme Court decisions cited herein, Mr. Davis is entitled to appointed counsel to pursue his appeal of right. He requests this Court to appoint Assistant State Public Defender Randall L. Porter and Attorney Melynda Cook-Reich, the two attorneys who are currently representing him before this Court. Mr. Davis has submitted a proposed entry with this order.

Respectfully submitted,

RANDALL L. PORTER – 0005835
COUNSEL FOR VON CLARK DAVIS
Assistant State Public Defender

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

5

Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

MELYNDA COOK-REICH – 0066596
COUNSEL FOR VON CLARK DAVIS
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing *Von Clark Davis' Motion for Appointment of Appellate Counsel* has been hand delivered to the Butler County Prosecuting Attorney's Office, Attn: Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. at the Government Services Center, 11th Floor, 315 High Street, Hamilton, Ohio 45011, on this 23rd day of April, 2008

COUNSEL FOR VON CLARK DAVIS



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

6

```
Date: 04/25/2008  16:17:08         Docket Sheet              Page: 1

CRTR5925                            Detail
```

| Case Number | Status | Judge |
|---|---|---|
| CA 2008 04 0111 | Open | |

| In The Matter Of | Action |
|---|---|
| DAVIS, VON CLARK vs. STATE OF OHIO | COURT APPEALS CR COMMON PLEAS DEFENDENT |

| Party | | Attorneys |
|---|---|---|
| DAVIS, VON CLARK | APPT | PORTER, RANDALL L<br>OFFICE OF THE OHIO PUBLIC DEFENDER<br>8 EAST LONG ST., 11TH FLOOR<br>COLUMBUS, OH 43215 |
| STATE OF OHIO | APPE | PIPER Prosecutor Butler County<br>Ohio, ROBIN<br>315 High Street<br>Govt Serv Ctr<br>11TH FLOOR<br>HAMILTON, OH 45011 |

*FILED BUTLER CO.*
*COURT OF APPEALS*
*APR 2 3 2008*
*CINDY CARPENTER*
*CLERK OF COURTS*

| Opened | Disposed | Case Type |
|---|---|---|
| 04/23/2008 | UNDISPOSED<br>(Unterminated) | COURT OF APPEALS |

Comments:

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 1 | 04/23/08 | FUNDS ON DEPOSIT FOR COURT COST. | 61.00 | 61.00 |
| 2 | 04/23/08 | Legal aid fees pursuant to ORC 2303.210 (C). | 26.00 | 26.00 |
| 3 | 04/23/08 | Complaint & Filing fee for each cause of action ORC 2303.20(A). | 25.00 | 25.00 |
| 4 | 04/23/08 | Clerk of Courts Computerization Fee pursuant to ORC 2303.201 (B)(1). | 10.00 | 10.00 |
| 5 | 04/23/08 | Court Computerization Fee pursuant to ORC 2303.201 (A)(1). | 3.00 | 3.00 |
| 6 | 04/23/08 | NOTICE OF APPEAL FILED<br>Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 7 | 04/23/08 | DOCKET STATEMENT FILED COPY TO COURT OF APPEALS | 1.00 | 1.00 |
| 8 | 04/23/08 | AFFIDAVIT OF INDIGENCY FILED | 0.00 | 0.00 |
| 9 | 04/23/08 | MOTION TO STAY THE COURTS 3/31/08 ORDER FILED<br>Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |

```
Date: 04/25/2008  16:17:08           Docket Sheet              Page: 2

CRTR5925                              Detail

CA 2008 04 0111   DAVIS, VON CLARK vs. STATE OF OHIO
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------|------|------|
| 10 | 04/23/08 | STATEMENT, PRECIPE AND NOTICE TO COURT<br>REPORTER FILED<br>Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 11 | 04/23/08 | MOTION FOR APPT OF APPLT COUNSEL FILED<br>Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 12 | 04/23/08 | TRANSCRIPT OF DOCKET & JOURNAL ENTRIES<br>FILED ORIGINAL PAPERS FILED | 4.00 | 4.00 |

```
                       Totals By:  COST                   69.00       69.00
                                   COURT COST DEPOSIT      61.00       61.00
                       *** End of Report ***
```

Date: 04/25/2008  16:08:43            Docket Sheet              Page: 1

CRTR5925                              Detail

| Case Number | Status | Judge |
|---|---|---|
| CR 1983 12 0614 | Closed | CREHAN, Honorable MATTHEW |

| In The Matter Of | Action |
|---|---|
| STATE OF OHIO VS DAVIS, VON CLARK | AGGRAVATED MURDER 2901.01 A |

| Party | | Attorneys |
|---|---|---|
| DAVIS, VON CLARK | DFNDT | SHANKS, MICHAEL D<br>110 N. THIRD STREET<br>HAMILTON, OH 45011 |
| DAVIS, CLARK | AKA | GARRETSON, JOHN A<br>616 DAYTON STREET<br>P O BOX 1166<br>HAMILTON, OH 45011 |
| VON DAVIS, CLARK | AKA | COOK REICH, MELYNDA<br>REPPER, POWERS & PAGAN LTD<br>1501 FIRST AVENUE<br>MIDDLETOWN, OH 45044<br>EVANS, TIMOTHY R<br>29 N. "D" Street<br>HAMILTON, OH 45013<br>PORTER, RANDALL L<br>OFFICE OF THE OHIO PUBLIC DEFENDER<br>8 EAST LONG ST., 11TH FLOOR<br>COLUMBUS, OH 43215 |
| BUTLER Victim, SUZETTE | VICT | |

| Opened | Disposed | Case Type |
|---|---|---|
| 12/22/1983 | Conviction | CRIMINAL |

Comments:     victim Suzette Butler CA84060071/CA89090123
              CA95 07 0124  CA2008 04 0111 prior Murder CR
              21655 Ernestine Davis

Charge:     2901.01A                          Speed:      Zone:

Description:  AGGRAVATED MURDER 2901.01 A

Amnd Chrg:

Description:

Disposition: JUDGEMENT of        Disposition Date:  06/19/1984
             CONVICTION =
             BCI-JUD-CDN 310

Plea: GUILTY              Decision: FOUND GUILTY

Sentence:
Amount:                  Traffic Points:      Restrictions:

License Suspended Days:   Start Date:          End Date:

Jail Time:                Start Date:          End Date:

Suspended:
Amount:

```
Date: 04/25/2008  16:08:44          Docket Sheet              Page: 2

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

License Suspended Days:

Jail Time:

Probation:
Type:

Probation Officer:

Days on Probation:          Start Date:          End Date:

Comments:
Charge:     2923.13                       Speed:       Zone:

Description:   WEAPONS UNDER DISABILITY 2923.13

Amnd Chrg:

Description:


Disposition: JUDGEMENT of          Disposition Date:  06/19/1984
             CONVICTION =
             BCI-JUD-CDN 310

Plea:                          Decision: FOUND GUILTY

Sentence:
Amount:               Traffic Points:      Restrictions:

License Suspended Days:     Start Date:          End Date:

Jail Time:               Start Date:          End Date:


Suspended:
Amount:

License Suspended Days:

Jail Time:

Probation:
Type:

Probation Officer:

Days on Probation:          Start Date:          End Date:

Comments:
Charge:     2901.01                       Speed:       Zone:

Description:   MURDER FIRST DEGREE 2901.01

Amnd Chrg:

Description:


Disposition: JUDGEMENT of          Disposition Date:  06/19/1984
             CONVICTION =
             BCI-JUD-CDN 310

Plea:                          Decision: FOUND GUILTY

Sentence:

```
Date: 04/25/2008  16:08:44          Docket Sheet              Page: 3

CRTR5925                             Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| Amount: | Traffic Points: | Restrictions: |
|---|---|---|
| License Suspended Days: | Start Date: | End Date: |
| Jail Time: | Start Date: | End Date: |

Suspended:
Amount:

License Suspended Days:

Jail Time:

Probation:
Type:

Probation Officer:

Days on Probation:          Start Date:          End Date:

Comments:

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 1 | 12/22/83 | HAMILTON MUNICIPAL COURT LOWER COURT FEES transcript bindover | | 0.00 |
| 2 | 12/22/83 | JOURNAL ENTRY - NO BOND DOLLARS FILED | 2.00 | 2.00 |
| 3 | 12/22/83 | COST BILL | 43.30 | 43.30 |
| 4 | 12/22/83 | CLERKS COMPUTER FEE - $10 FUND 111 | 10.00 | 10.00 |
| 5 | 12/22/83 | TRANSCRIPT(S) FILED (duplicate sent to County Prosecutor )+ Special Project Fee $75 | 60.00 | 60.00 |
| 6 | 12/22/83 | TRANSCRIPT(S) FILED (duplicate sent to County Prosecutor )+ Special Project Fee $75 | 60.00 | 60.00 |
| 7 | 01/06/84 | NOTICE TO SUPREME COURT OF OHIO OF FILING OF INDICTMENT CHARGING AGGRAVATED MURDER WITH SPECIFICATION(S) OF AGGRAVATING CIRCUMSTANCES (R.C. 2929.021(A) | 0.00 | 0.00 |
| 8 | 01/06/84 | SUMMONS ON INDICTMENT OR INFORMATION | 60.00 | 60.00 |
| 9 | 01/06/84 | copy of Indictment scanned & forwarded to case file folder | | 0.00 |
| 10 | 01/06/84 | PROSECUTING ATTORNEY'S REQUEST FOR ISSUANCE OF SUMMONS UPON INDICTMENT FILED PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |

```
Date: 04/25/2008  16:08:44          Docket Sheet              Page: 4

CRTR5925                             Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 11 | 01/09/84 | RETURN-PERSONAL SERVICE OF SUMMONS ON INDICTMENT | 2.65 | 2.65 |
| 12 | 01/11/84 | RETURN RECEIPT OF CERTIFIED MAIL (SEE IMAGE) | 1.65 | 1.65 |
| 13 | 01/13/84 | INDICTMENT SCANNED; DEFENDANT ARRAIGNED PLEADS NOT GUILTY | 4.00 | 4.00 |
| 14 | 01/17/84 | MOTION TO SEVER FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 15 | 01/17/84 | MOTION FOR BILL OF PARTICULARS FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 16 | 01/17/84 | MOTION FOR CHANGE OF VENUE FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 17 | 01/17/84 | MOTION TO VIEW THE SCENE FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 18 | 01/17/84 | MOTION TO DISMISS AND TO INSPECT GRAND JURY TRANSCRIPT FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 19 | 01/20/84 | MEMORANDUM IN OPPOSITION TO MOTION FOR CHANGE OF VENUE FILED ASST PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | 0.00 | 0.00 |
| 20 | 01/20/84 | MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS AND TO INSPECT GRAND JURY TRANSCRIPT FILED  ASST PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | 0.00 | 0.00 |
| 21 | 01/20/84 | MEMORANDUM IN OPPOSITION TO MOTION TO SEVER COUNTS FILED PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | 0.00 | 0.00 |
| 22 | 01/26/84 | ENTRY SCHEDULING PRETRIAL HEARING AND CONTINUING TRIAL DATE | 2.00 | 2.00 |
| 23 | 01/26/84 | MEMORANDUM IN SUPPORT OF MOTION TO SEVER FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 24 | 01/26/84 | MEMORANDUM IN SUPPORT OF MOTION FOR CHANGE OF VENUE FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |

Date: 04/25/2008  16:08:44          Docket Sheet              Page: 5

CRTR5925                            Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------|-------------------------------|-------------|
| 25 | 02/01/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 6.00 | 6.00 |
| 26 | 02/01/84 | MOTION FOR DISCOVERY FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 27 | 02/01/84 | MOTION TO BIFURCATE TRIAL/MOTION IN LIMINE AND MEMORANDUM FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 28 | 02/01/84 | MOTION TO PROHIBIT DEATH QUALIFICATION OF THE JURY AND MEMORANDUM FILED ATTY: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 29 | 02/02/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 30 | 02/03/84 | MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE RE:  DEATH QUALIFICATION OF JURORS FILED ASST PROS ATTY: SAGE, MICHAEL J | 0.00 | 0.00 |
| 31 | 02/08/84 | STATE'S ANSWER TO DEFT'S REQUEST FOR DISCOVERY FILED ASST PROS ATTY: SAGE, MICHAEL J | 0.00 | 0.00 |
| 32 | 02/08/84 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |
| 33 | 02/08/84 | JOURNAL ENTRY - ORDER FILED | 2.00 | 2.00 |
| 34 | 02/09/84 | BILL OF PARTICULARS FILED PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |
| 35 | 02/13/84 | RETURN RECEIPTS OF CERTIFIED MAIL OF KARLA STANLEY AND DICK PERRY | 0.00 | 0.00 |
| 36 | 02/14/84 | JOURNAL ENTRY - INDICTMENT FOR AGGRAVATED - MURDER (WITH SPECS) DEFT INDIGENT COURT ASSIGNS MICHAEL D SHANKS AND JOHN GARRETTSON TO DEFEND | 2.00 | 2.00 |
| 37 | 02/14/84 | MOTION TO APPOINT COUNSEL FILED Attorney: SHANKS, MICHAEL D | 0.00 | 0.00 |
| 38 | 02/14/84 | AFFIDAVIT OF VON CLARK DAVIS | 0.00 | 0.00 |
| 39 | 02/15/84 | JOURNAL ENTRY - CERTIFICATE FILED | 2.00 | 2.00 |
| 40 | 02/15/84 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | 9.60 | 9.60 |

Date: 04/25/2008  16:08:44          Docket Sheet              Page: 6

CRTR5925                            Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------|------------------|-------------|
| 41  | 02/24/84 | ENTRY FILED | 2.00 | 2.00 |
| 42  | 02/24/84 | ENTRY ORDERING SPECIAL VENIRE PURSUANT TO<br>O R C 2945.18 | 2.00 | 2.00 |
| 43  | 03/05/84 | RETURN OF NOTICE TO SUPREME COURT OF OHIO<br>OF FILING OF INDICTMENT CHARGING<br>AGGRAVATED MURDER WITH SPECIFICATION(S) OF<br>AGGRAVATING CIRCUMSTANCES (R.C.<br>2929.021(A), SUPREME COURT CASE #CC84-4,<br>FILED 1-10-84 | 0.00 | 0.00 |
| 44  | 03/20/84 | CERTIFIED COPIES OF RETURNED - PERSONAL<br>SERVICE OF VENIRE FOR SPECIAL PETIT<br>JURORS: UPON: (SEE IMAGES) | 0.00 | 0.00 |
| 45  | 03/22/84 | PERSONAL SERVICE OF SPECIAL VENIRES: UPON:<br>JURORS (SEE IMAGE) | 0.00 | 0.00 |
| 46  | 04/20/84 | ENTRY ORDERING ADDITIONAL SPECIAL VENIRE<br>PURSUANT TO O R C 2945.19 FILED | 2.00 | 2.00 |
| 47  | 04/20/84 | SUPPLEMENTAL DISCOVERY FILED Attorney:<br>SAGE, MICHAEL J | 0.00 | 0.00 |
| 48  | 04/23/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 49  | 04/25/84 | DEFT'S RESPONSE TO PLTF'S MOTION FOR<br>DISCOVERY FILED Attorney: SHANKS, MICHAEL D | 0.00 | 0.00 |
| 50  | 04/26/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 8.00 | 8.00 |
| 51  | 04/26/84 | AMENDED RESPONSE TO PLTF'S FOR DISCOVERY<br>FILED Attorney: SHANKS, MICHAEL D | 0.00 | 0.00 |
| 52  | 04/27/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 53  | 04/27/84 | ELECTION BY DEFT PURSUANT TO SECTION<br>2929.022 OF THE OHIO REVISED CODE FILED<br>Attorney: SHANKS, MICHAEL D AND<br>Attorney: GARRETSON, JOHN A | 0.00 | 0.00 |
| 54  | 04/27/84 | MOTION TO HAVE REASONS FOR DEFENSE<br>OBJECTIONS AND REASONS FOR OVERRULING<br>DEFENSE OBJECTIONS PLACED ON RECORD WITH<br>MEMORANDUM IN SUPPORT FILED Attorney:<br>SHANKS, MICHAEL D (18906) AND Attorney:<br>GARRETSON, JOHN A | 0.00 | 0.00 |

```
Date: 04/25/2008  16:08:44          Docket Sheet              Page: 7

CRTR5925                             Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------------|----------------------------------|-------------|
| 55 | 04/27/84 | MOTION FOR NOTICE OF PROSPECTIVE<br>THREE-JUDGE PANEL FILED Attorney: SHANKS,<br>MICHAEL D AND Attorney: GARRETSON, JOHN A | 0.00 | 0.00 |
| 56 | 04/27/84 | MOTION TO INCREASE THE BURDEN OF PROOF TO<br>BEYOND ALL DOUBT FILED Attorney: SHANKS,<br>MICHAEL D AND Attorney: GARRETSON, JOHN A | 0.00 | 0.00 |
| 57 | 04/27/84 | MOTION FOR PRETRIAL HEARINGS FILED<br>Attorney: SHANKS, MICHAEL D (18906) AND<br>Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 58 | 04/27/84 | MOTION FOR RULING ON NUMBER OF PEREMPTORY<br>CHALLENGES FILED Attorney: SHANKS, MICHAEL<br>D (18906) AND Attorney: GARRETSON, JOHN A<br>(00831) | 0.00 | 0.00 |
| 59 | 04/27/84 | MOTION TO RECORD ALL PROCEEDINGS FILED<br>Attorney: SHANKS, MICHAEL D (18906) AND<br>Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 60 | 04/27/84 | MOTION TO COMPEL PROSECUTOR TO DISCLOSE<br>DEATH PENALTY DATA FILED Attorney: SHANKS,<br>MICHAEL D (18906) AND<br>Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 61 | 04/27/84 | MOTION FOR PRETRIAL DISCLOSURE OF THE<br>PROSECUTING WITNESSES' WRITTEN OR RECORDED<br>STATEMENTS FILED Attorney: SHANKS, MICHAEL<br>D (18906) AND Attorney: GARRETSON, JOHN A<br>(00831) | 0.00 | 0.00 |
| 62 | 04/27/84 | MOTION TO COMPEL DISCLOSURE OF PROSECUTING<br>ATTORNEY'S JURY SELECTION DATA FILED<br>Attorney: SHANKS, MICHAEL D (18906) AND<br>Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 63 | 04/27/84 | MOTION TO REQUIRE PROSECUTOR TO STATE<br>REASON FOR EXERCISING PEREMPTORY<br>CHALLENGES FILED Attorney: SHANKS, MICHAEL<br>D (18906) AND Attorney: GARRETSON, JOHN A<br>(00831) | 0.00 | 0.00 |
| 64 | 04/27/84 | MOTION FOR LEAVE TO FILE ADDITIONAL<br>MOTIONS AND FOR LEAVE TO SUPPLEMENT THE<br>MEMO IN SUPPORT OF THOSE MOTIONS ALREADY<br>FILED Attorney: SHANKS, MICHAEL D (18906)<br>AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 65 | 04/27/84 | MOTION FOR ALL MOTIONS TO BE HEARD ON THE<br>RECORD FILED Attorney: SHANKS, MICHAEL D<br>(18906) AND Attorney: GARRETSON, JOHN A<br>(00831) | 0.00 | 0.00 |

Date: 04/25/2008  16:08:44          Docket Sheet          Page: 8

CRTR5925                            Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------|-------------------|-------------|
| 66 | 04/27/84 | MOTION FOR SEQUESTRATION OF JURORS FOR DURATION OF TRIAL FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 67 | 04/27/84 | FURTHER MOTION TO PROHIBIT DEATH QUALIFICATION OF JURY:  IN THE ALTERNATIVE TO SEAT SEPARATE JURIES DURING THE GUILT AND PENALTY PHASES OF TRIAL AND SUPPLEMENTAL MEMORANDUM THEREON FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 68 | 04/27/84 | FURTHER MEMORANDUM IN SUPPORT OF DISCLOSURE OF GRAND JURY TESTIMONY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 69 | 04/27/84 | MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 70 | 04/27/84 | MOTION TO INSULATE THE VENIRE AND JURY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 71 | 04/27/84 | MOTION TO DISMISS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 72 | 04/27/84 | SUPPLEMENTAL DISCOVERY FILED ASST PROS ATTY, MICHAEL J | 0.00 | 0.00 |
| 73 | 04/30/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 74 | 04/30/84 | MOTION IN LIMINE WITH MEMORANDUM FILED Attorney: GARRETSON, JOHN A | 0.00 | 0.00 |
| 75 | 04/30/84 | RETURNED MOTION FOR EXPERT SERVICES FILED BY Attorney: SHANKS, MICHAEL D FILED IN SUPREME COURT CASE #99-0252 ON 3-5-99 | 0.00 | 0.00 |
| 76 | 04/30/84 | JOURNAL ENTRY - ORDER FILED | 2.00 | 2.00 |
| 77 | 04/30/84 | MOTION FOR ORDER RELEASING RECORDS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 78 | 04/30/84 | INVOICE (attachment) | 0.00 | 0.00 |

```
Date: 04/25/2008  16:08:44           Docket Sheet              Page: 9

CRTR5925                               Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|-----|-----|-----|
| 79 | 05/01/84 | STATE'S MEMORANDUM IN RESPONSE TO MOTIONS OF DEFT FILED ON 4-27-84 FILED ASST PROS ATTY: EICHEL, DANIEL G (08259) AND ASST PROS ATTY: SAGE, MICHAEL J | 0.00 | 0.00 |
| 80 | 05/03/84 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |
| 81 | 05/03/84 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |
| 82 | 05/04/84 | JOURNAL ENTRY - PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 83 | 05/04/84 | JOURNAL ENTRY FILED | 8.00 | 8.00 |
| 84 | 05/04/84 | JOURNAL ENTRY - WAIVER AND ELECTION  FILED | 2.00 | 2.00 |
| 85 | 05/08/84 | JOURNAL ENTRY - JURY WAIVER AND ELECTION OF THREE-JUDGE PANEL FILED | 2.00 | 2.00 |
| 86 | 05/08/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 87 | 05/08/84 | RETURN-PERSONAL SERVICE OF SUBPOENA UPON : (SEE IMAGE) | 1.65 | 1.65 |
| 88 | 05/09/84 | JOURNAL ENTRY - MOTION AND ENTRY FILED | 4.00 | 4.00 |
| 89 | 05/09/84 | JOURNAL ENTRY - DESIGNATING THREE JUDGE PANEL FILED | 2.00 | 2.00 |
| 90 | 05/09/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 91 | 05/09/84 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | 66.30 | 66.30 |
| 92 | 05/10/84 | JOURNAL ENTRY - MOTION AND ENTRY FILED | 4.00 | 4.00 |
| 93 | 05/10/84 | INVOICE (attachment) | 0.00 | 0.00 |
| 94 | 05/10/84 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT FOR A TOTAL OF $36.00 FILED | 2.00 | 2.00 |
| 95 | 05/10/84 | RETURN-PROCESS SERVICE OF SUBPOENA UPON : (SEE IMAGE) | 0.00 | 0.00 |
| 96 | 05/10/84 | RETURN-PROCESS SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | 0.00 | 0.00 |

```
Date: 04/25/2008  16:08:44          Docket Sheet            Page: 10

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 97 | 05/11/84 | JOURNAL ENTRY - CERTIFICATE FILED | 2.00 | 2.00 |
| 98 | 05/11/84 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON<br>: (SEE IMAGES) | 5.65 | 5.65 |
| 99 | 05/14/84 | RETURN RECEIPT OF CERTIFIED MAIL OF MR<br>STEVEN DIX, CHIEF OF MANAGEMENT DEPT OF<br>CORRECTIONS | 0.00 | 0.00 |
| 100 | 05/14/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 101 | 05/15/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 102 | 05/16/84 | ENTRY OF FINDINGS OF GUILTY | 2.00 | 2.00 |
| 103 | 05/22/84 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 104 | 05/22/84 | PERSONAL SERVICE OF CERTIFIED COPY OF<br>ENTRY: UPON BUTLER COUNTY FORENSIC CENTER:<br>(SEE IMAGE) | 0.00 | 0.00 |
| 105 | 05/25/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 106 | 06/04/84 | JUDGMENT OF CONVICTION ENTRY AND WRIT FOR<br>THE EXECUTION OF THE DEATH PENALTY FILED | 4.00 | 4.00 |
| 107 | 06/05/84 | COST BILL | 1,021.00 | 1,021.00 |
| 108 | 06/11/84 | NOTICE TO SUPREME COURT OF OHIO OF PLEA OF<br>GUILTY OR OF NO CONTEST TO AND NOTICE OF<br>DISMISSAL OF INDICATING CHARGING<br>AGGRAVATED MURDER WITH SPECIFICATION(S) OF<br>AGGRAVATING CIRCUMSTANCES/R C 2929.021(B)<br>FILED EDWARD S ROBB JR CLERK OF COURTS,<br>JEROME COOK, DEPUTY CLERK | 0.00 | 0.00 |
| 109 | 06/11/84 | JOURNAL ENTRY  - OPINION FILED | 6.00 | 6.00 |
| 110 | 06/12/84 | APPLICATION, STATEMENT & MOTION &<br>ENTRY/ATTY FEES & AFFIDAVIT OF INDIGENCY<br>FILED,for atty.:  JOHN A GARETSON IN<br>AMOUNT OF $2,629.50 | 8.00 | 8.00 |
| 111 | 06/12/84 | JOURNAL ENTRY - INDICTMENT FOR DEFT<br>INDIGENT COURT REQUEST ASSIGNS JACK<br>GARRETSON FILED | 2.00 | 2.00 |
| 112 | 06/13/84 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>SUPREME COURT OF OHIO | 0.00 | 0.00 |

Date: 04/25/2008  16:08:44          Docket Sheet          Page: 11

CRTR5925                            Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees | Amount Owed/ | Balance Due |
|-----|---------|-------------------------------------|--------------|-------------|
| | | Journal Book-Page-Nbr    Ref Nbr | Amount Dismissed | |
| 113 | 06/18/84 | RECEIPT #165627 NOTICE OF APPEAL $40.00 | 0.00 | 0.00 |
| 114 | 06/18/84 | NOTICE OF APPEAL (COPY) FILED IN COURT OF APPEALS CA84 06 071, 6-18-84 Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 115 | 06/22/84 | SHERIFF'S RETURN-PERSONAL SERVICE OF EXECUTION FOR COSTS $1,021.00 IN FELONY | 3.65 | 3.65 |
| 116 | 06/22/84 | SHERIFF'S RETURN-PERSONAL SERVICE OF WARRANT TO CONVEY TO SOUTHERN OHIO CORRECTIONAL FACILITY | 36.35 | 36.35 |
| 117 | 06/27/84 | COPY OF CRIMINAL DOCKET STATEMENT FILED COPY TO COURT OF APPEALS #CA84 06 071 | 2.00 | 2.00 |
| 118 | 08/01/84 | MOTION FILED Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 119 | 08/01/84 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 120 | 08/16/84 | MOTION FOR STAY OF EXECUTION FILED Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 121 | 08/16/84 | JOURNAL ENTRY GRANTING STAY OF EXECUTION FILED | 2.00 | 2.00 |
| 122 | 08/16/84 | COPY OF ENTRY GRANTNG STAY OF EXECUTION FILED IN COURT OF APPEALS CASE #CA84 06 071 | 2.00 | 2.00 |
| 123 | 08/20/84 | RETURN RECEIPTS OF CERTIFIED MAIL OF THOMAS L STARTZMAN AND WALLACE E STEIN - RECORD CLERK | 0.00 | 0.00 |
| 124 | 09/25/84 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT/CERTIFICATE TRANSCRIPT FEE $753.00 FILED | 2.00 | 2.00 |
| 125 | 09/25/84 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 126 | 09/25/84 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT,  ATTYS FOR DEFT MIKE SHANKS AND JACK GARRETSON, TOTAL OF $1,129.50 FILED | 2.00 | 2.00 |
| 127 | 09/25/84 | JOURNAL ENTRY FILED | 2.00 | 2.00 |

```
Date: 04/25/2008  16:08:44          Docket Sheet              Page: 12

CRTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---|---|---|
| 128 | 09/25/84 | CERTIFIED COPY OF CLERK'S TRANSCRIPT FEE<br>FOR AN INDIGENT DEFT, for atty.: MIKE<br>SHANKS AND JACK GARRETSON, TOTAL OF<br>$1,129.50 | 2.00 | 2.00 |
| 129 | 08/21/85 | ADDITIONAL EXECUTION FOR COSTS IN FELONY<br>TO SHERIFF | 0.00 | 0.00 |
| 130 | 05/27/86 | MEMO :NUNC PRO TUNC ENTRY TO THIS DATE<br>FILED 5/7/90 | 0.00 | 0.00 |
| 131 | 05/27/86 | JOURNAL ENTRY - OPINION FILED IN<br>CA84-06-071 | 52.00 | 52.00 |
| 132 | 05/27/86 | JOURNAL ENTRY MANDATE JUDGMENT ENTRY FILED<br>IN CASE #CA84 06 071 | 2.00 | 2.00 |
| 133 | 05/27/86 | JOURNAL ENTRY  -  JUDGMENT FILED IN CA84<br>-06-071 - COPY | 2.00 | 2.00 |
| 134 | 05/27/86 | SEPARATE OPINION PURSUANT TO R C 2929.05<br>(A) - COPY | 2.00 | 2.00 |
| 135 | 09/29/88 | SUPREME COURT OF OHIO COLUMBUS MANDATE<br>FILED NO. 86-1171, 1988 TERM - COPIES<br>ATTACHED | 10.00 | 10.00 |
| 136 | 09/29/88 | SUPREME COURT OF OHIO COLUMBUS MANDATE<br>FILED NO. 86-1171, 1988 TERM - ATTACHMENT<br>COPY OF APPEAL FROM THE COURT OF APPEALS | 4.00 | 4.00 |
| 137 | 09/29/88 | MOTION TO RETURN DEFT FOR SENTENCING FILED<br>Attorney: GARRETSON, JOHN A (00831),<br>Attorney: SHANKS, MICHAEL D (18906) AND<br>Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 138 | 10/05/88 | CERTIFIED COPY OF JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 139 | 10/31/88 | PERSONAL SERVICE OF WRIT: UPON: (SEE IMAGE) | 0.00 | 0.00 |
| 140 | 11/04/88 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 141 | 11/09/88 | PERSONAL SERVICE OF WRIT: UPON: (SEE<br>IMAGE) AND RECEIPT FOR INMATE ATTACHED | 0.00 | 0.00 |
| 142 | 01/19/89 | LETTER FROM SUPREME COURT WASHINGTON DC TO<br>JOHN F HOLCOMB | 0.00 | 0.00 |

```
Date: 04/25/2008  16:08:44          Docket Sheet              Page: 13

CRTR5925                            Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------------|----------------------------------|-------------|
| 143 | 01/19/89 | MOTION FILED Attorney: EICHEL, DANIEL G<br>(08259) | 0.00 | 0.00 |
| 144 | 02/06/89 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 145 | 02/10/89 | APPLICATION, STATEMENT & MOTION &<br>ENTRY/ATTY FEES & AFFIDAVIT OF INDIGENCY<br>FILED,for atty.:  MICHAEL D SHANKS, IN<br>AMOUNT OF $1,386.00 | 6.00 | 6.00 |
| 146 | 05/09/89 | MOTION TO EXTEND TIME TO FILE PRERIAL<br>MOTIONS AND MOTION TO CONTINUE<br>SENTENCING/MITIGATION HEARING FILED<br>Attorney: GARRETSON, JOHN A (00831),<br>Attorney: SHANKS, MICHAEL D (18906)/PER<br>PHONE AND Attorney: EVANS, TIMOTHY R<br>(18590)/PER PHONE | 0.00 | 0.00 |
| 147 | 06/05/89 | NOTICE OF HEARING OF MITIGATION SET 8-4-<br>AT 9:00 AM BEFORE JUDGE MOSER, WILLIAM R<br>STITSINGER AND HENRY J BRUEWER | 0.00 | 0.00 |
| 148 | 06/28/89 | ENTRY FILED | 2.00 | 2.00 |
| 149 | 06/29/89 | WITHDRAW OF JURY WAIVER FILED Attorney:<br>EVANS, TIMOTHY R (18590) | 2.00 | 2.00 |
| 150 | 06/29/89 | MOTION FILED Attorney: EVANS, TIMOTHY R<br>(18590), FILED 3-5-99 SUPREME COURT OF<br>OHIO 99-0252 AND 3-5-91, 90-2524 | 0.00 | 0.00 |
| 151 | 06/29/89 | MOTION TO WITHDRAW THE JURY WAIVER FILED<br>Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 152 | 07/18/89 | MOTION FOR FURTHER PSYCHOLOGICAL<br>EVALUATIONS, APPOINTMENT OF A SOCIAL<br>WORKER TO PREPARE A SOCIAL HISTORY AND FOR<br>PAYMENT OF EXTRA-ORDINARY EXPENSES FOR<br>SAID EXPERTS FILED Attorney: GARRETSON,<br>JOHN A (00831) AND Attorney: SHANKS,<br>MICHAEL D | 0.00 | 0.00 |
| 153 | 07/18/89 | MOTION TO PROHIBIT THREE-JUDGE PANEL FROM<br>RESENTENCING TO DEATH AND MOTION TO<br>DISQUALIFY PANEL FILEDAttorney: GARRETSON,<br>JOHN A (00831), Attorney: SHANKS, MICHAEL<br>D (18906) AND Attorney: EVANS, TIMOTHY R<br>(18590) | 0.00 | 0.00 |
| 154 | 07/20/89 | RETURN COPIES OF SUBPOENAS ISSUED (SEE<br>IMAGES) | 6.00 | 6.00 |

```
Date: 04/25/2008  16:08:44          Docket Sheet              Page: 14

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 155 | 07/20/89 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 8.00 | 8.00 |
| 156 | 07/21/89 | MOTION TO STRIKE DEFT'S WITHDRAWAL OF JURY<br>WAIVER AND MEMORANDUM FILED FIRST ASST<br>PROS Attorney: EICHEL, DANIEL G (08259) | 0.00 | 0.00 |
| 157 | 07/24/89 | ORDER RE TRANSCRIPT OF DEFT AND SETTING<br>HEARING DATE ON REMAND | 2.00 | 2.00 |
| 158 | 07/24/89 | MOTION TO RENEW PRETRIAL MOTIONS FILED<br>Attorney: SHANKS, MICHAEL D (18906),<br>GARRETSON AND EVANS | 0.00 | 0.00 |
| 159 | 07/24/89 | MOTION TO PERMIT THE DEFENSE TO ADMIT ALL<br>RELEVANT EVIDENCE AT THE SENTENCING PHASE<br>FILED Attorney: SHANKS, MICHAEL D (18906),<br>GARRETSON AND EVANS | 0.00 | 0.00 |
| 160 | 07/25/89 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE<br>IMAGES) | 0.00 | 0.00 |
| 161 | 07/25/89 | AFFIDAVIT OF DAN EICHEL | 0.00 | 0.00 |
| 162 | 07/26/89 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 2.00 | 2.00 |
| 163 | 07/26/89 | RETURN COPIES OF PRECIPE FILED SUBPOENA<br>ISSUED (SEE IMAGES) | 2.00 | 2.00 |
| 164 | 07/26/89 | MEMORANDUM IN OPPOSITION TO DEFT'S MOTION<br>TO PROHBIT 3-JUDGE PANEL FROM RESENTENCING<br>TO DEATH AND TO DISQUALIFY PANEL FILED<br>FIRST ASST PROS Attorney: EICHEL, DANIEL G<br>(08259) | 0.00 | 0.00 |
| 165 | 07/26/89 | ENTRY FILED | 4.00 | 4.00 |
| 166 | 07/27/89 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE<br>IMAGE) | 0.00 | 0.00 |
| 167 | 08/01/89 | ENTRY AS TO MOTIONS HEARD JULY 31 1989 | 4.00 | 4.00 |
| 168 | 08/04/89 | RETURN RECEIPT OF CERTIFIED MAIL OF  (SEE<br>IMAGES) | 0.00 | 0.00 |
| 169 | 08/07/89 | JUDGEMENT OF CONVICTION ENTRY FILED | 6.00 | 6.00 |
| 170 | 08/10/89 | OPINION FILED | 6.00 | 6.00 |

```
Date: 04/25/2008  16:08:44          Docket Sheet          Page: 15

CRTR5925                             Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|----------------------------------|-------------|
| 171 | 09/06/89 | NOTICE OF APPEAL FILED DAVID C STEBBINS,<br>SENIOR ASST PUBLIC DEFENDER IN CA1989 09<br>0123 | 0.00 | 0.00 |
| 172 | 09/13/89 | APPLICATION, STATEMENT & MOTION &<br>ENTRY/ATTY FEES FILED for atty.:  JOHN A<br>GARRETSON IN AMOUNT OF $850.00 | 8.00 | 8.00 |
| 173 | 09/13/89 | APPLICATION, STATEMENT & MOTION &<br>ENTRY/ATTY FEES FILED for atty.:  MICHAEL<br>D SHANKS, IN AMOUNT OF $827.00 | 8.00 | 8.00 |
| 174 | 09/20/89 | RETURN RECEIPT OF CERTIFIED MAIL OF CLERK<br>OHIO SUPREME COURT | 0.00 | 0.00 |
| 175 | 09/20/89 | RETURN-PERSONAL SERVICE OF EXECUTION FOR<br>COSTS IN FELONY | 3.70 | 3.70 |
| 176 | 10/03/89 | COPIES OF CASE DOCKET SHEET ISSUED - FILED<br>3-5-91 SUPREME COURT #90-2524 | 2.25 | 2.25 |
| 177 | 02/05/90 | COST BILL - TOTAL FEES $1,383.40 - FILED<br>3-5-91 IN SUPREME COURT OF OHIO #90-2524 | 0.00 | 0.00 |
| 178 | 02/09/90 | CERTIFICATE OF MAILINGS (SEE IMAGES) | 0.00 | 0.00 |
| 179 | 02/13/90 | COPY OF JOURNAL ENTRY FILED IN CA89 09 123 | 2.00 | 2.00 |
| 180 | 04/10/90 | PLEASE SEE DOCKET FOR PREVIOUS FILINGS | 0.00 | 0.00 |
| 181 | 05/07/90 | APPOINTMENT OF ATTORNEY FOR INDIGENT<br>DEFENDANT (NUNC PRO TUNC<br>5/27/86),BRUEWER,J. (IMAGED ABOVE)<br>26-42-145 | 2.00 | 2.00 |
| 182 | 05/07/90 | APPOINTMENT OF ATTORNEY FOR INDIGENT<br>DEFENDANT (NUNC PRO TUNC<br>5/27/86),BRUEWER,J. | 2.00 | 2.00 |
| 183 | 10/29/90 | MANDATE FILED AFFIRMING CA89 09 0123<br>(IMAGED UNDER JUDGMENT ENTRY)<br>--146 | 2.00 | 2.00 |
| 184 | 10/29/90 | JUGMENT ENTRY FILED - MANDATE CA89 09 123<br>- COPY OF OPINION ATTACHED | 2.00 | 2.00 |
| 185 | 03/30/92 | [ Clerk's memo ] : SUPREME CT.OH  upheld<br>(affirmed 12th District Decision) for<br>DEATH PENALTY CA89 09 0123 S.C.OH.# 90-2524<br>--147 | 0.00 | 0.00 |

```
Date: 04/25/2008  16:08:44          Docket Sheet              Page: 16

CRTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|-------------------------------------------------------------------------|----------------------------------|-------------|
| 186 | 03/31/92 | [ Clerk's memo ] : COPY OF SUPREME CT OF OH MANDATE AFIRMING & UPHOLDING DEATH PENALTY FILED, COPIES TO Grace White for issuance of Death Warrant & certified copy of Mandate to institution/<br><br>& copy to trial court file/CA-Midd & Moser,J<br>--148 | 0.00 | 0.00 |
| 187 | 04/08/92 | ALL PAPERS RETURN FROM SUPREME COURT OF OH | 0.00 | 0.00 |
| 188 | 05/19/92 | [ Clerk's memo ] : DATE OF SCHEDULED EXECUTION | 0.00 | 0.00 |
| 189 | 10/08/93 | EVIDENTIARY HEARING REQUSTED ; PETITION TO VACATE OR SET ASIDE SENTENCE: R.C. 2953.21 FILED BY ATTY JOANN BOUR-STOKES & LINDA E  PRUCHA FOR DEFENDANT<br>--149 | 0.00 | 0.00 |
| 190 | 10/08/93 | EVIDENTIARY HEARING REQUESTED; PETITION TO VACATE OR SET ASIDE SENTENCE; R.C.2953.21 FILED BY ATTY JOANN BOUR-STOKES/LINDA E PRUCHA FOR DEFENDANT (EXHIBITS ATTACHED)<br>--150 | 0.00 | 0.00 |
| 191 | 10/18/93 | ASSIGNMENT OF JUDGE CREHAN FROM JUDGE MOSER FILED ELLIOTT,J<br>311-576-151 | 0.00 | 0.00 |
| 192 | 10/18/93 | ANSWER AND MOTION TO DISMISS DEFT'S PETITION FOR POSTCONVICTION RELIEF FILED<br>--152 | 0.00 | 0.00 |
| 193 | 10/20/93 | DEFT'S MOTION FOR JUDGE MOSER TO RECUSE HIMSELF FILED<br>--153 | 0.00 | 0.00 |
| 194 | 03/14/94 | ORDER SETTING CONFERENCE FOR 3/30/94 AT 4:00PM FILED CREHAN,J<br>349-573-154 | 2.00 | 2.00 |
| 195 | 03/30/94 | STATE'S MOTION FOR LEAVE TO FILE ADDITIONAL PAGE OF THE STATE'S MEMORANDUM IN SUPPORT OF MOTION TO DIMISS FILED/DAN EICHEL,ATTY<br>--155 | 0.00 | 0.00 |
| 196 | 04/04/94 | JOURNAL ENTRY SETTING DATE FOR ORAL ARGUMENT SET: 6/24/94 9:00 AM FILED CREHAN,J<br>355-559-156 | 4.00 | 4.00 |
| 197 | 04/07/94 | AMENDED ENTRY SETTING DATE FOR ORAL ARGUMENT FILED CREHAN,J<br>356-637-157 | 4.00 | 4.00 |
| 198 | 04/11/94 | DEFT'S MOTION TO STRIKE AND MEMORANDUM FILED/JOANN BOUR-STOKES AND L PRUCHA,ATTYS<br>--158 | 0.00 | 0.00 |

Date: 04/25/2008  16:08:44          Docket Sheet              Page: 17

CRTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 199 | 04/12/94 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE FILED BY ATTY DAN EICHEL --159 | 0.00 | 0.00 |
| 200 | 07/12/94 | SUPPLEMENTAL MEMORANDUM FILED --160 | 0.00 | 0.00 |
| 201 | 11/01/94 | ENTRY RE: DEFTS MOTION FOR POST CONVICTION RELIEF;MOTION TO STRIKE AND SETTING DATE FOR EVIDENTIARY HEARING 11/23/94 FILED,CREHAN,J (DAVIS) 411-508-161 | 16.00 | 16.00 |
| 202 | 11/16/94 | HEARING ON PETITION FOR POST-CONVICTION RELIEF SET 12-20-94 1:15 FILED ASSIGNMENT COMMISSIONER CINDY BAKER --162 | 0.00 | 0.00 |
| 203 | 12/05/94 | DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FILED JOANN M JOLSTAD, LINDA E PRUCHA OH PUBLIC DEFENDER --163 | 0.00 | 0.00 |
| 204 | 12/05/94 | MOTION TO SECURE ATTENDANCE OF VON CLARK DAVIS AT POST-CONVICITON EVIDENTIARY HEARING FILED JOANN M JOLSTAD, OH PUBLIC DEFENDER FOR VON CLARK DAVIS --164 | 0.00 | 0.00 |
| 205 | 12/05/94 | PRECIPE FILED SUBPOENA ISSUED TO HON. JOHN R. MOSER, HON. WILLIAM R. STITSINGER ON DECEMBER 5, 1994 BY JOHN F. HOLCOMB, PROS. ATTY. | 4.00 | 4.00 |
| 206 | 12/07/94 | ORDER: WARRANT TO CONVEY PRISONER FOR POST CONVICTION HEARING R.C. 2953.22 FILED SAGE,J FOR CREHAN,J  (VON CLARK DAVIS) 420-688-165 | 2.00 | 2.00 |
| 207 | 12/09/94 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON. JOHN R. MOSER ON DECEMBER 9, 1994 BY JIM FARQUIS, PROCESS SERVER | 0.00 | 0.00 |
| 208 | 12/14/94 | ORDER VACATING WARRANT TO CONVEY PRISONER AND RESCHEDULING HEARING DATE UNTIL 1-11-95 10L00AM FILED CREHAN,J 422-343-166 | 2.00 | 2.00 |
| 209 | 01/05/95 | ORDER: warrant to convey prisoner for postconviction hearing filed  SAGE,J FOR MATTHEW J CREHAN  (VON CLARK DAVIS) 428-629-167 | 2.00 | 2.00 |
| 210 | 01/06/95 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON. JOHN R. MOSER ON JANUARY 6, 1995 BY PROCESS SERVER | 0.00 | 0.00 |
| 211 | 01/06/95 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON WILLIAM R. STITSINGER ON JANUARY 6, 1995 BY PROCESS SERVER | 0.00 | 0.00 |

```
Date: 04/25/2008  16:08:44           Docket Sheet              Page: 18

CRTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|-----------------------------------------------------------------------|----------------------------------|-------------|
| 212 | 01/06/95 | PRECIPE FILED SUBPOENA ISSUED TO HON.<br>WILLIAM R. STITSINGER, HON. JOHN R. MOSER<br>ON JANUARY 6, 1995 BY JOHN F. HOLCOMB,<br>ATTY. | 4.00 | 4.00 |
| 213 | 01/12/95 | JOURNAL ENTRY : ORDER TO RETURN DEFENDANT<br>TO SOUTHERN OH CORRECTIONAL FACILITY FILED<br>CREHAN,J<br>430-259-168 | 2.00 | 2.00 |
| 214 | 01/25/95 | JOURNAL ENTRY STATEMENT FROM SHIRLEY<br>ROESCH TO PROSECUTOR'S OFFICE $72.50 FILED<br>CREHAN,J<br>433-196-169 | 4.00 | 4.00 |
| 215 | 01/25/95 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT<br>FEE\Ct.Reprtr SHIRLEY ROESCH $72.50 FILED<br>CREHAN,J<br>433-197-170 | 2.00 | 2.00 |
| 216 | 01/30/95 | CERTIFICATE \ TRANSCRIPT FEES ,filed<br>(amount +$2.in line 3) (certifed<br>copies>Auditor) $217.50 TO SHIRLEY<br>ROESCH,COURT REPORTER FILED CREHAN,J<br>434-101-173 | 2.00 | 2.00 |
| 217 | 01/30/95 | EXHIBIT FILED BY COURT REPORTER SHIRLEY<br>ROESCH *** FILED @ RECORDS CENTER***<br>--172 | 0.00 | 0.00 |
| 218 | 01/30/95 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT<br>FEE\Ct.Reprtr $217.50 TO SHIRELEY<br>ROESCH,COURT REPORTER FILED CREHAN,J<br>434-102-174 | 2.00 | 2.00 |
| 219 | 01/30/95 | *TRANSCRIPT OF POST CONVICTION RELIEF<br>HEARING FILED SHIRLEY ROESCH,COURT<br>REPORTER *** FILED @ RECORDS CENTER***<br>--171 | 0.00 | 0.00 |
| 220 | 02/21/95 | POST EVIDENTIARY HEARING BRIEF FILED<br>--175 | 0.00 | 0.00 |
| 221 | 02/22/95 | SHERIFFS RETURN OF PERSONAL SERVICE OF<br>ENTRY UPON: VON CLARK DAVIS  DATE:<br>01-10-95 BY BCSD | 3.00 | 3.00 |
| 222 | 02/28/95 | SHERIFFS RETURN OF PERSONAL SERVICE OF<br>ENTRY UPON: VON CLARK DAVIS  DATE:<br>02-11-95 BY BCSD  (PER JAIL ALREADY) | 0.00 | 0.00 |
| 223 | 03/02/95 | STATE'S MEMORANDUM IN RESPONSE FILED<br>--176 | 0.00 | 0.00 |
| 224 | 03/15/95 | POST-EVIDENTIARY HEARING REPLY BRIEF<br>FILED JOANN JOLSTAD, LINDA E PRUCHA, ATTYS<br>FOR VON CLARK DAVIS<br>--177 | 0.00 | 0.00 |

```
Date: 04/25/2008  16:08:44          Docket Sheet              Page: 19

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 225 | 06/30/95 | FINAL APPEALABLE ORDER  DISMISSAL ENTRY;<br>PETITIONER'S PETITION FOR A HEARING IS<br>DENIED AND THE MOTION OF THE STATE OF OHIO<br>TO DISMISS THE PETITION FOR<br>POST-CONVICTION RELIEF IS GRANTED FILED<br>CREHAN,J<br>480-581-178 | 0.00 | 0.00 |
| 226 | 07/31/95 | NOTICE OF APPEAL FILED/CA95 07 0124<br>cc:CA-Midd;Judge;CDS>file & by<br>mail>attys\parties indicated as of record<br>BY LINDA E PRUCHA & TRACEY LEONARD,ASST ST<br>PUBLIC DEFENDER,ATTYS<br>--179 | 25.00 | 25.00 |
| 227 | 10/09/96 | MANDATE filed,forwarded to C.A.fileroom<br>clerk > 12thDistrict AppealsCourt # CA95<br>07 124 PAGE 22 CORRECTED OPINION  9-30-96 | 0.00 | 0.00 |
| 228 | 10/09/96 | CERTIFIED COPY OF CORRECTED PAGE<br>TWENTY-TWO FOR BUTLER CA95 07 124 OPINION<br>RELEASED 9-30-96 FILED 3-5-99 SUPREME<br>COURT OF OHIO 99-0252 | 2.00 | 2.00 |
| 229 | 02/25/99 | ALL PAPERS SENT TO SUPREME COURT OF OHIO | 0.00 | 0.00 |
| 230 | 09/15/99 | ALL PAPERS RETURN FROM SUPREME COURT OF<br>OHIO | 0.00 | 0.00 |
| 231 | 10/18/07 | ENTRY SCHEDULING STATUS CONFERENCE FILED | 2.00 | 2.00 |
| 232 | 11/06/07 | APPOINTMENT OF ATTORNEY FOR INDIGENT<br>DEFENDANT RANDALL L PORTER, ASST. PUBLIC<br>DEFENDER FOR DEFENDANT VON CLARK DAVIS | 2.00 | 2.00 |
| 233 | 11/19/07 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM  OHIO STATE PENITENTIARY  ON<br>12/03/2007 @ 9:00 AM FILED | 6.00 | 6.00 |
| 234 | 11/27/07 | WAIVER OF APPEARANCE OF VON CLARK DAVIS<br>FOR THE NOVEMBER 05, 2007 STATUS<br>CONFERENCE FILED Attorney: PORTER, RANDALL<br>L (0005835) | 4.00 | 4.00 |
| 235 | 12/03/07 | NOTICE OF FILING BY VON CLARK DAVIS FILED<br>Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 236 | 12/04/07 | Time Waiverof Speedy Trial requirements<br>filed | 2.00 | 2.00 |
| 237 | 12/04/07 | Time Waiverof Speedy Trial requirements<br>filed | 4.00 | 4.00 |

Date: 04/25/2008  16:08:44          Docket Sheet          Page: 20

CRTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|----------------------------------|-------------|
| 238 | 12/05/07 | APPOINTMENT OF TRIAL COUNSEL IN A CAPITAL<br>CASE FILED Attorney: PORTER, RANDALL L<br>(0005835); Attorney: COOK REICH, MELYNDA<br>(0066596) | 2.00 | 2.00 |
| 239 | 12/06/07 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: HEARING<br>Date: 02/04/2008    Time: 2:00 pm<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor | 0.00 | 0.00 |
| 240 | 12/19/07 | ORDER GRANTING A NEW SENTENCING HEARING<br>FILED | 2.00 | 2.00 |
| 241 | 12/21/07 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM OHIO STATE PENITENTIARY  ON<br>02/04/2008 @ 1:00 PM FILED | 6.00 | 6.00 |
| 242 | 02/05/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: MOTION<br>Date: 03/06/2008    Time: 3:00 pm<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor | 0.00 | 0.00 |
| 243 | 02/05/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: MOTION<br>Date: 06/26/2008    Time: 9:00 am<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor | 0.00 | 0.00 |
| 244 | 02/06/08 | LETTER TO JUDGE NASTOFF REGARDING VON<br>CLARK DAVIS FILED | 0.00 | 0.00 |
| 245 | 02/15/08 | BON CLARK DAVIS MOTION TO BE HEARD EX<br>PARTE ON MOTIONS FOR APPROPRIATION OF FUNDS<br>Attorney: PORTER, RANDALL (0005835) | 0.00 | 0.00 |
| 246 | 02/20/08 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM  OHIO STATE PENITENTIARY ON 03/06 2008 | 6.00 | 6.00 |
| 247 | 02/26/08 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S<br>MOTION TO PERMIT THE ACCUSED TO BE HEARD<br>EX PARTE ON APPROPRIATION OF FUNDS FOR<br>EXPERT ASSISTANCE<br>Attorney: EICHEL, DANIEL G (08259)<br>Attorney: OSTER JR Junior, MICHAEL A<br>(0076491) | 0.00 | 0.00 |

Date: 04/25/2008  16:08:44          Docket Sheet              Page: 21

CRTR5925                            Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------|---------------|--------|
| 248 | 03/14/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: HEARING Date: 03/18/2008   Time: 4:00 pm Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor | 0.00 | 0.00 |
| 249 | 03/18/08 | ENTRY REGARDING POTENTIAL THREE-JUDGE PANEL FILED | 4.00 | 4.00 |
| 250 | 03/19/08 | ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A MITIGATION SPECIALIST FILED | 2.00 | 2.00 |
| 251 | 03/19/08 | ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A PRIVATE INVESTIGATOR FILED | 2.00 | 2.00 |
| 252 | 03/31/08 | ENTRY AS TO RELEASE OF INSTITUTIONAL RECORDS FILED | 2.00 | 2.00 |
| 253 | 04/03/08 | ENTRY UNDER SEAL; ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A PSYCHOLOGIST FILED NASTOFF,J | 0.00 | 0.00 |
| 254 | 04/03/08 | ENTRY UNDER SEAL FILED NASTOFF,J | 2.00 | 2.00 |
| 255 | 04/03/08 | ENTRY UNDER SEAL;  ENTRY GRANTING DEFENDANT'S  MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A NEUROPSYCHOLOGIST FILED NASTOFF,J | 0.00 | 0.00 |
| 256 | 04/03/08 | ENTRY UNDER SEAL FILED NASTOFF,J | 2.00 | 2.00 |
| 257 | 04/10/08 | VON CLARK DAVIS' MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED Attorney: COOK-REICH, MELYNDA (0066596) | 0.00 | 0.00 |
| 258 | 04/15/08 | VON CLARK DAVIS' AMENDED MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED Attorney: COOK REICH, MELYNDA (0066596) | 0.00 | 0.00 |
| 259 | 04/22/08 | STATE'S MEMORANDUM IN RESPONSE, OPPOSING DEFENDANT'S AMENDED MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER IFLED Attorney: EICHEL, DANIEL G (0008259) | 0.00 | 0.00 |

```
Date: 04/25/2008  16:08:44          Docket Sheet              Page: 22

CRTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|-------------------------------------------------------------------------|----------------------------------|-------------|
| 260 | 04/23/08 | NOTICE OF APPEAL OF VON CLARK DAVIS CA2008<br>04 0111 FILED copy to CA, Appellee &<br>counsel; Judge, CA deputy clerk<br>Attorney: PORTER, RANDALL L (0005835) | 25.00 | 25.00 |

```
                    Totals By:  COST                1,822.75      1,822.75
                                INFORMATION              0.00          0.00
                    *** End of Report ***
```



CINDY CARPENTER                CLERK OF COURTS

1000399872

**VON CLARK DAVIS  c/o  RANDALL L PORTER
OFFICE OF THE OHIO PUBLIC DEFENDER
8 EAST LONG ST., 11TH FLOOR
COLUMBUS, OH 43215**

Date:     April 29, 2008                    Case No.: CA 2008 04 0111
                    VON CLARK DAVIS vs. STATE OF OHIO

### C O P Y   O F   C A S E   D O C K E T   S H E E T
### C O U R T   O F   C O M M O N   P L E A S ,   B U T L E R   C O U N T Y ,   O H I O

A copy of the case docket sheet from the records of the Butler County Clerk of Courts in the above
mentioned case is attached.

CINDY CARPENTER
Butler County Clerk of Courts

By:Rebecca Fleenor
Deputy Clerk

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



CINDY CARPENTER                     CLERK OF COURTS

1000399873

**STATE OF OHIO  c/o  ROBIN PIPER Prosecutor Butler County Ohio**
**315 High Street**
**Govt Serv Ctr**
**11TH FLOOR**
**HAMILTON, OH 45011**

Date:    April 29, 2008                      Case No.: CA 2008 04 0111
                          VON CLARK DAVIS vs. STATE OF OHIO

### C O P Y   O F   C A S E   D O C K E T   S H E E T
### C O U R T   O F   C O M M O N   P L E A S ,   B U T L E R   C O U N T Y ,   O H I O

A copy of the case docket sheet from the records of the Butler County Clerk of Courts in the above mentioned case is attached.

**CINDY CARPENTER**
Butler County Clerk of Courts

By: Rebecca Fleenor
Deputy Clerk

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

APR 29

STATE OF OHIO,                    :        CASE NO. CA2008-04-111

    Appellee,                     :

                   FILED BUTLER CO.
vs.                               COURT OF APPEALS

               APR 29 2008        **MOTION FOR**
                   :        **PRE-SCHEDULING ORDER**
            CINDY CARPENTER      **CONFERENCE**
            CLERK OF COURTS
VON CLARK DAVIS,                  :

    Appellant.                    :

                    :

---

*Appeal from the Court of Common Pleas of Butler County*
Case No: CR1983-12-0614

---

    Comes Now the Appellee, and moves this Honorable Court to schedule a

pre-scheduling order conference on the above captioned manner, pursuant to

Local App.R.4(C). Appellee makes said request to accelerate this appeal which is

delaying a remanded capital mitigation hearing. Said case originated in 1983,

and has been thought both the State and Federal court system multiple times

without ever reaching closure. It is in the interest of progressing this case on an

expedited basis that the Appellee bring the current motion.

    What is more, said conference would allow this Court to consider the

"finality of the order being appealed." See, Local App.R.4(C). Therefore,

Appellee requests that this Court schedule a pre-scheduling order conference to

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

be held at the earliest possible date.

Respectfully submitted,

ROBIN N. PIPER (0023205)
Butler County Prosecuting Attorney

MICHAEL A. OSTER, JR.  (0076491)
Assistant Prosecuting Attorney
Appellate Division
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio  45012-0515
Telephone: (513) 785-5204

## PROOF OF SERVICE

This is to certify that copies of the foregoing was served upon:

Randall L. Porter
Assistant State Public Defender
8 East Long Street - 11th Floor
Columbus, Ohio 43215

Melynda Cook-Reich
Repper, Pagan, Cook, Ltd.
1501 First Avenue
Middletown, OH 45042

Attorneys for Appellant, by ordinary U.S. mail this __29th__ day of April, 2008.

MICHAEL A. OSTER, JR. (0076491)
Assistant Prosecuting Attorney

FILED

2008 MAY 13

CLERK OF COURT

IN THE COURT OF APPEALS OF BUTLER COUNTY, OHIO

STATE OF OHIO,                    :          CASE NO. CA2008-04-111

    Appellee,                      :          <u>ENTRY DIRECTING PARTIES TO
                                             FILE MEMORANDA WITH RESPECT</u>
vs.                               :          <u>AS TO WHETHER ENTRY APPEALED
                                             FROM IS FINAL APPEALABLE ORDER</u>

VON CLARK DAVIS,                  :

    Appellant.                     :

      The above cause is before the court pursuant to a notice of appeal filed by appellant, Von Clark Davis, on April 23, 2008.  Appellant seeks to appeal a March 31, 2008 entry filed in the Butler County Court of Common Pleas styled "Entry as to Release of Institutional Records."

      A review of the entry appealed from raises a question as to whether the entry is a final appealable order.  The parties are therefore DIRECTED to file memoranda on this issue on or before **May 30, 2008**; the parties may file a reply memoranda on or before **June 6, 2008.**  Both parties shall exchange memoranda electronically to allow maximum time for response.

      IT IS SO ORDERED.

Bennett A. Manning, Magistrate

Butler CA2008-04-111
Page -2-

## INSTRUCTIONS TO THE CLERK

Serve a copy of this entry upon the following:

Melynda Cook-Reich, Esq.
1501 First Avenue
Middletown, Ohio 45042

Randall L. Porter
Assistant State Public Defender
8 East Long Street – 11th Floor
Columbus, Ohio 43215

Michael A. Oster
Assistant Prosecuting Attorney
Government Services Center
315 High Street – 11th Floor
Hamilton, Ohio 45012-0515



CINDY CARPENTER               CLERK OF COURTS

1000403979

**VON CLARK DAVIS** c/o **RANDALL L PORTER**
**OFFICE OF THE OHIO PUBLIC DEFENDER**
**8 EAST LONG ST., 11TH FLOOR**
**COLUMBUS, OH 43215**

---

Date:    May 23, 2008               Case No.: CA 2008 04 0111
                 VON CLARK DAVIS vs. STATE OF OHIO

---

**C O P Y   M A I L E D**
**1 2 TH  D I S T R I C T   C O U R T   O F   A P P E A L S ,   B U T L E R   C O U N T Y ,   O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

**CINDY CARPENTER**
Butler County Clerk of Courts

By: Rebecca Fleenor
Deputy Clerk

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



CINDY CARPENTER    CLERK OF COURTS

1000403980

**STATE OF OHIO  c/o  ROBIN PIPER Prosecutor Butler County Ohio**
**315 High Street**
**Govt Serv Ctr**
**11TH FLOOR**
**HAMILTON, OH 45011**

Date:    May 23, 2008                    Case No.: CA 2008 04 0111
                    VON CLARK DAVIS vs. STATE OF OHIO

**C O P Y   M A I L E D**
**1 2 TH  D I S T R I C T  C O U R T  O F  A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

CINDY CARPENTER
Butler County Clerk of Courts

By:Rebecca Fleenor
Deputy Clerk

GOVERNMENT SERVICES CENTER ⬤ 315 HIGH STREET ⬤ SUITE 550 ⬤ HAMILTON, OHIO 45011-6016

**IN THE COURT OF APPEALS**
**TWELFTH APPELLATE DISTRICT**
**BUTLER COUNTY, OHIO**

STATE OF OHIO,                              :

    Plaintiff - Appellee,                 :

-vs-                                        :          **Case No. CA2008-04-111**

VON CLARK DAVIS,                            :

    Defendant - Appellant.                :

---

## VON CLARK DAVIS' MOTION
## TO STAY THE TRIAL COURT'S MARCH 31, 2008 ORDER

---

COMES NOW, Von Clark Davis, Defendant-Appellant, moves the Court to stay the trial court's order of March 31, 2008 granting the prosecutor access to the records concerning Mr. Davis that were generated by the Ohio Department of Rehabilitation and Correction. Mr. Davis has attached a memorandum which he incorporates in this motion.

Respectfully submitted,

*Randall Porter Per. Avinger*

RANDALL L. PORTER - 0005835
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street - 11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

MELYNDA COOK-REICH - 0066596
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com


## MEMORANDUM IN SUPPORT

On March 31, 2008, upon oral motion of the State of Ohio, the trial court ordered the Ohio Department of Rehabilitation and Correction ("DRC") to provide both parties with copies of the records in its possession concerning Mr. Davis. On April 10, 2008, Mr. Davis filed a motion to rescind that order and he filed an amended motion on April 15, 2008. The thrust of his motion was this Court did not need to issue an order providing him to access the records in question.

On April 23, 2008, Mr. Davis filed a notice of appeal to this court from the trial court's March 31, 2008. He also filed on the same date a motion to stay the trial court's March 31, 2008 order. The trial court has not ruled on that motion.

Since Mr. Davis filed his stay motion with the trial court, the Ohio Department of Rehabilitation and Correction has mailed the records in question to both parties. Mr. Porter has opened his box only for purposes of



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

ascertaining the contents.[1] It is the understanding of undersigned counsel that counsel for the state have not opened the box of records that DRC sent them.

This Court must stay the March 31, 2008 order for Mr. Davis to have an adequate remedy from. Neither this Court nor the trial court will have any means available to unring the bell if Mr. Davis prevails and the state has already accessed the DRC records. Mr. Davis will have no ability to restore the cloak of confidentiality to the DRC records which was lifted by the trial court's March 31, 2008 order.

If Mr. Davis prevails and the state has already accessed the records, Mr. Davis will request a taint hearing. That proceeding will involve a lengthy factual hearing to identify each member of the prosecution team who had access to the records, what each member who had access did with those records and the actions that each individual undertook as a result of his access to the records. In essence, the prosecution team would have to prove that each step it undertakes to reprosecute Mr. Davis was not influenced in any degree by its access to the records. It could ultimately lead to the disqualification of the Butler County Prosecutor's Office. Rather than face any of these scenarios, the more prudent course is for this Court to stay the trial court's March 31, 2008 order.

WHEREFORE, Mr. Davis requests this Court to stay the March 31, 2008 pending resolution of this appeal. Specifically, he requests that this



Repper, Pagan, Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

---

[1] Mr. Porter had requests pending for DRC records for other individuals who he was representing other individuals and had been sentenced to death.

Court order the Butler County Prosecutor's Office not to review, read or distribute the DRC records in its possession that it received as a result of the trial court's March 31, 2008 order.

Respectfully submitted,

OFFICE OF THE
OHIO PUBLIC DEFENDER

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

and

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Von Clark Davis' Motion To Stay the Trial Court's March 31, 2008 Order* was forwarded by first-class U.S. Mail, postage prepaid to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 23RD day of May, 2008.

COUNSEL FOR VON CLARK DAVIS



**Repper, Pagan, Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

    Plaintiff - Appellee,

-vs-                                    Case No. CA2008-04-111

VON CLARK DAVIS,

    Defendant - Appellant.       :

## APPELLANT'S REQUEST FOR ORAL ARGUMENT

       Pursuant to Loc. App. R. 12(A), Appellant Von Clark Davis respectfully requests oral argument. This case involves important constitutional issues on which oral argument should be heard. Appellant submits that oral argument will assist the Court in understanding and clarifying the positions of the parties.

                Respectfully submitted,

RANDALL L. PORTER (0005835)
   Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
Randall.Porter@OPD.Ohio.gov

          And

MELYNDA COOK-REICH (0066596)

Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

By _____
COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Appellant's Von Clark Davis' Request For Oral Argument* was forwarded by first-class U.S. Mail, postage prepaid/ Hand Delivery to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 28th day of May, 2008.

_____
COUNSEL FOR VON CLARK DAVIS



**Repper, Pagan,
Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

2

FILED

2009 MAY 30 PM 4: 20

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

**IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO**

**STATE OF OHIO,**
    **Appellee,**

    **vs.**

**VON CLARK DAVIS,**
    **Appellant.**

:

:

:

FILED BUTLER CO.
COURT OF APPEALS

MAY 30 2008

CINDY CARPENTER
CLERK OF COURTS

: : : : : : : : : : : :

**CASE NO.  CA2008-04-111**

**APPELLEE'S MEMORANDUM
AS TO WHETHER THE 3/31/08
ENTRY APPEALED FROM IS
A FINAL APPEALABLE ORDER**

       Now comes the Prosecuting Attorney, and in response to the Court's May 13, 2008 entry directing the parties to file memoranda on the question whether the trial court's March 31, 2008 entry from which this appeal is taken constitutes a final appealable order, says as follows.

       We agree that the question of whether an order is final and appealable is jurisdictional, it cannot be waived, and it can be raised sua sponte by an appellate court. **_Chef Italiano Corp. v. Kent State Univ._** (1989), 44 Ohio St.3d 86, 87; see, also, **_State ex rel. Scruggs v. Sadler_**, 97 Ohio St.3d 78, 2002-Ohio-5315 at ¶4.

       For an Ohio appellate court to have jurisdiction over an appeal, Section 3(B)(2), Article IV of the Ohio Constitution requires that the court decision under review be a judgment or final order. Thus, as a preliminary matter, because this Court can only "review and affirm, modify, or reverse judgments or final orders," it first must determine whether the trial court's March 31, 2008 order requiring the Ohio Department of Rehabilitation and Correction ("DRC") to provide both parties with a copy of its institutional records concerning a state prisoner, the appellant Von Clark Davis, is final and appealable.   By filing this appeal, Davis presumes that the trial court's order is a final appealable order pursuant to R.C. 2505.02, which lists seven different types of appealable orders. Only one of these  —  "[a]n order that grants or denies a provisional remedy," R.C. 2505.02(B)(4) — is conceivably at issue in this criminal case.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

1

In this state, criminal procedure is governed entirely by statute.  See, e.g., **_State, ex rel. Leis, v. Outcalt_** (1982), 1 Ohio St.3d 147, 148.  R.C. 2953.02 reads, in pertinent part, that "in [a] criminal case, *** the judgment or final order of a court of record inferior to the court of appeals may be reviewed in the court of appeals."   Generally, in a criminal case, the final judgment is the sentence.  See **_State v. Danison_**, 105 Ohio St.3d 127, 2005-Ohio-781, at ¶6, citing _inter alia_ **_State v. Chamberlain_** (1964), 177 Ohio St. 104, 106. (Thus, in **_Danison_** an order of restitution imposed for a felony was a part of the sentence and, as such, was a final appealable order, id. at ¶8, and in **_Chamberlain_** an order overruling a motion for leave to withdraw a plea of guilty was not a final appealable order.)   And in general, discovery orders in either criminal or civil cases are considered interlocutory and not immediately appealable.  See **_State ex rel. Steckman v. Jackson_** (1994), 70 Ohio St.3d 420, 438 ("discovery orders are interlocutory and, as such, are neither final nor appealable" in criminal case), and **_Walters v. The Enrichment Ctr. of Wishing Well, Inc_**. (1997), 78 Ohio St.3d 118, syllabus  (the denial of an asserted statutory privilege of confidentiality is not a special proceeding for purposes of R.C. 2505.02, but is an interlocutory discovery order and is neither final nor appealable); cf. **_State ex rel. Mason v. Burnside_**, 117 Ohio St.3d 1, 2007-Ohio-6754, at ¶13 (recognizing that under an exception to this general rule, the State may appeal "by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case" under R.C. 2945.67, citing **_Steckman_**, at 438-439).  See **_State v. Craft_**, 149 Ohio App.3d 176, 2002-Ohio-4481 (where this Court granted the State leave to appeal from a trial court's pretrial ruling on a discovery motion).

However, a 1998 amendment to R.C. 2505.02 added the provisional-remedy section and, as relevant to the present discussion, defined "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to, *** discovery of a privileged matter ***."  R.C. 2505.02(A)(3).   Thus, in construing that language, the Ohio Supreme Court has indicated that "[i]f the order in question affects the discovery of a privileged matter it is by definition a provisional remedy and

2

meets the first step of the test. The canon *expressio unius est exclusio alterius* tells us that the express inclusion of one thing implies the exclusion of the other. Black's Law Dictionary (8th ed.2004) 620. The General Assembly stopped short of including all discovery orders in the provisional-remedy section." See *Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-4353, at ¶24 (and thus holding that an order requiring a party's submission to a physical examination under Civ.R. 35(A) "is a discovery order that is not a provisional remedy and is not a final, appealable order under R.C. 2505.02(B)(4)," id. at ¶25).

Further, R.C. 2505.02(B)(4) provides:

"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
" ***
"(4) An order that grants or denies a provisional remedy and to which both of the following apply:
"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

R.C. 2505.02(B)(4) thus establishes a three-part test for determining whether such an order is final and appealable. *State v. Muncie* (2001), 91 Ohio St.3d 440, 446; see, also, *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, at ¶16. "As an initial matter, the order must grant or deny a provisional remedy; if so, the order must also determine the action and prevent a judgment in favor of the appealing party regarding the provisional remedy, and the appealing party cannot have a meaningful or effective appellate remedy following final judgment. R.C. 2505.02(B)(4)(a) and (b). Not all provisional remedy orders are necessarily appealable; the conditions of R.C. 2505.02(B)(4)(a) and (b) must also be satisfied before the order can be considered final and appealable." *Sinnott*, id., citing *Muncie*, 91 Ohio St.3d at 450. In other words, all three parts must be satisfied, and analysis should appropriately begin with the first of the three parts of the test, see e.g., *Sinnott*, at ¶¶17-29.

3

### Definition of "Provisional Remedy" - R.C. 2505.02(A)(3)

The first question is whether the order is a provisional remedy.  Compare *Sinnott*, at ¶17 [an order issued pursuant to R.C. 2307.92 expressly meets one of R.C. 2505.02(A)(3)'s alternative definitions of a provisional remedy], with *Myers v. Toledo*, at ¶¶24-25 [an order requiring a party's submission to a physical examination under Civ.R. 35(A) "is a discovery order that is not a provisional remedy" since it does not involve privileged matter].  In the case at bar, the trial court's March 31, 2008 order expressly facilitates the prosecution's discovery duties under *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, by allowing a full copy of the DRC's records on file pertaining to Davis to be delivered to counsel for both parties.  It thus meets the first part, but not the second part, of the definition under R.C. 2505.02(A)(3), "a proceeding ancillary to an action, including, but not limited to, a proceeding for *** *discovery* of *privileged matter* ***."  *Covington v. The MetroHealth Sys.*, 150 Ohio App.3d 558, 2002-Ohio-6629, at ¶21, *appeal not allowed*, 98 Ohio St.3d 1538, 2003-Ohio-1946 (to the extent an order pertains to matters other than those concerning discovery of privileged matters, the order is deemed interlocutory and therefore not final and appealable).   Davis asserts that disclosure of his DRC files will result in a speculative breach of his psychiatrist-patient or psychologist-patient privilege, but unfortunately, Davis fails to show exactly which documents are subject to the this privilege.  "[T]he burden of showing that testimony sought to be excluded under the doctrine of privileged *** communications rests upon the party seeking to exclude it."  *Waldmann v. Waldmann* (1976), 48 Ohio St.2d 176, 178; see, also, *Holliday v. Gerth*, Cuyahoga App. No. 86570, 2006-Ohio-934, at ¶3.  Likewise, in Ohio, the burden of showing that documents are confidential or privileged rests upon the party seeking to exclude the documents from discovery.  *Covington*, at ¶25, citing *Lemley v. Kaiser* (1983), 6 Ohio St.3d 258, 263-264, and *Legg v. Hallet*, Franklin App. No. 07AP-170, 2007-Ohio-6595, at ¶16 (same, citing *Covington* and *Lemley*).  And while not so naive as to suggest that a state prisoner has not been examined or evaluated in a state correctional institution,

4

see **_Gerth_**, id., at ¶6, it remains that there is nothing in the record presented to this Court to show that the information contained in the DRC records, as disclosed under the trial court's 3/31/08 order, would actually encompass communications falling within Davis's supposed psychiatrist-patient or psychologist-patient privilege. "This being the case, no provisional remedy is present under R.C. 2505.02(B)(4). There is no final appealable order. See **_Dublin v. State_** (2000), 138 Ohio App.3d 753, 758." **_Gerth_**, at ¶7 (discovery order requiring disclosure of trust's financial records not shown to encompass matters falling within attorney-client privilege, thus, no final appealable order).

In the **_Dublin_** case cited above, the issue was likewise whether a discovery order involved "privileged matter," i.e., whether the order requiring disclosure of the identities of corporate representatives who met with legislators concerning the legislation in question compelled the disclosure of "privileged matter," id., 138 Ohio App.3d at 758. The court of appeals (looking at the 1998 amendment to R.C. 2505.02 as a case of first impression) discussed the scope of "legislative privilege" and determined that the matters sought to be disclosed were not within that privilege, and thus, for lack of meeting the "provisional remedy" definition, there was no final appealable order, id., 138 Ohio App.3d at 758-760.

The court order in the case at bar concerns one state agency, the Ohio DRC, turning over a copy of its state correctional institutions's files concerning an incarcerated prisoner to another agent of the State of Ohio, a county prosecuting attorney. In discussing the state's duty to disclose information under **_Brady v. Maryland_** (1963), 373 U.S. 83, 83 S.Ct. 1194, the Ohio Supreme Court has expressly held that **_Brady_** would require a county prosecutor to review files of the DRC for information favorable to the accused and material to either guilt or punishment, since "the prosecutor and DRC are agents of the same sovereign, the state of Ohio," see **_State v. Sanders_** (2001), 92 Ohio St.3d 245, 263:

5

> "Prosecutors have 'a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.' (Emphasis added.) **Kyles v. Whitley** (1995), 514 U.S. 419, 437, 115 S.Ct. 1555, 1567, 131 L.Ed.2d 490, 508. The **Brady** obligation thus extends to information held by state or local agencies involved in the investigation or prosecution at issue. **United States v. Morris** (C.A.7, 1996), 80 F.3d 1151, 1169."

**Sanders**, id. And the prosecutor is held to the same standard of materiality regardless of whether the potentially favorable (exculpatory or mitigating) evidence was specifically, generally or not at all requested by the defense. **State v. Johnston** (1988), 39 Ohio St.3d 48, 61 at fn.21, citing **United States v. Bagley** (1984), 473 U.S. 667, 683, 105 S.Ct. 3375.

Moreover, the case at bar is before the trial court on the federal courts's conditional writ of habeas corpus which mandates a new sentencing hearing for the very reason that Davis's post-1984 death sentence, good-behavior-in-prison evidence was potentially mitigating and was improperly excluded from his 1989 resentencing. See **Davis v. Coyle** (C.A.6, 2007), 475 F.3d 761, 774-775 ("when a trial court improperly excludes mitigating evidence or limits the fact-finder's consideration of such evidence, the case must be remanded for a new sentencing hearing"). The State is therefore on notice from that federal decision that the DRC files might contain **Brady** evidence material to his punishment, and the Court's order facilitates the prosecution's compliance with **Brady**, as well as giving the prosecution something more than a blind assurance that they can knowingly meet their duty. See **State v. Hancock**, 108 Ohio St.3d 57, 2006-Ohio-160 at ¶67 (the Court noting with apparent approval that the prosecution in a capital case had helped the defense obtain documents and other **Brady** material from a prison, albeit one where the crime itself had occurred).

And Davis's speculation that the Court's order allows the state access to records that "could" involve his doctor-patient and psychologist-client relationships would ignore the fact that the DRC, an agent of the state of Ohio, is already in possession of its own records pertaining to Davis as a prison inmate, not as a private individual with unfettered liberty. As such, inmates have

**6**

no right to expect any privacy in their records at the state institution, see *Hudson v. Palmer* (1984), 468 U.S. 517, 526, 104 S.Ct. 3194 (no right of privacy in cells), *State v. Robb* (2000), 88 Ohio St.3d 59, 67 (inmates have no right of privacy in "wiretapped" communications in prison, surreptitiously taped without their knowledge), and *State v. Loza* (1994), 71 Ohio St.3d 61, 77 [search and seizure of outgoing mail was not in violation of the defendant's constitutional rights or an infringement on First Amendment rights, citing *Stroud v. United States* (1919), 251 U.S. 15, 21, 40 S.Ct. 50]. Davis did not seek a doctor or psychologist at his leisure, but rather, any institutional examinations/evaluations were made for the institution's benefit.

Thus, for failure to show that the discovery order involved privileged matter, the order in this case is interlocutory and therefore not subject to immediate appeal. Accord *Legg v. Hallet*, Franklin App. No. 07AP-170, 2007-Ohio-6595, at ¶27 ("[w]ithout reviewing the actual documents, neither the trial court nor this court can make an informed decision as to whether any of the information contained in the documents is privileged and protected from discovery. *** [A]ppeal at this time is simply premature").

### Preventing a Judgment, R.C. 2505.02(B)(4)(a)

Second, even if the order is deemed a provisional remedy, it must also "effectively determine[ ] the action with respect to the provisional remedy and prevent[ ] a judgment in the action in favor of the appealing party with respect to the provisional remedy." (Emphasis added.) R.C. 2505.02(B)(4)(a); *Sinnott*, at ¶20. There is nothing in the order that foreclosed the trial court's possible resolution of Davis's suggestion that any actual document contained in the DRC records is privileged matter. See *National Interstate Corp. v. West*, Summit App. No. 23877, 2008-Ohio-1057, at ¶11 (denial of protective order in civil case as to discovery of potential trade secrets was not a final appealable order because it "neither 'determines the action with respect to the provisional remedy' nor 'prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy' as required by R.C. 2505.02(B)(4)(a)," for "[a]lthough the

7

parties seem to agree at this point that the discovery sought by NIC may contain trade secrets, the record indicates that considerable dispute remains about the extent to which that is the case. The trial court's orders have allowed discovery of a class of documents subject to protection without making a determination with respect to any.")

### No "Effective Remedy," R.C. 2505.02(B)(4)(b)

The third and final part of the test is whether "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." R.C. 2505.02(B)(4)(b); *Sinnott*, at ¶23.  In considering this requirement, it has been noted that there are times when "a party seeking to appeal from an interlocutory order would have no adequate remedy from the effects of that order on appeal from final judgment." Id., citing *Muncie*, 91 Ohio St.3d at 451. Here, however, the fact that the DRC records of Davis are disclosed does not foreclose the issue whether the prosecution may use them in evidence at Davis's resentencing, nor has Davis demonstrated he would not be afforded a meaningful or effective remedy on appeal following a final judgment.  See ***Briggs v. Mt. Carmel Health Sys.***, Franklin App. No. 07AP-251, 2007-Ohio-5558, at ¶¶11-12 (holding, in effect, that a discovery order for peer-review records in medical malpractice action was not considered to be a final appealable order, since any harm from erroneous discovery would be correctable on appeal).

Respectfully submitted,

**ROBIN N. PIPER**  (0023205)
**Butler County Prosecuting Attorney**


**DANIEL G. EICHEL**  (0008259)
**First Assistant Prosecuting Attorney**
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474

**8**

**PROOF OF SERVICE**

This is to certify that a copy of the foregoing was electronically served by fax this 30th day of May, 2008, to:
Randall L. Porter, Attorney for Appellant, 8 East Long Street, 11th Floor, Columbus, OH 43215, FAX: (614) 644-0703,
and Melynda W. Cook-Reich, Attorney for Appellant, 1501 First Avenue, Middletown, OH 45044, FAX: (513) 424-3135,
and in addition it was sent to the same by ordinary U.S. mail.

**DANIEL G. EICHEL** (0008259)
**First Assistant Prosecuting Attorney**

Attachments (in the order in which they appear in text, supra)

1. **_Holliday v. Gerth_**, Cuyahoga App. No. 86570, 2006-Ohio-934

2. **_Legg v. Hallet_**, Franklin App. No. 07AP-170,  2007-Ohio-6595

3. **_National Interstate Corp. v. West_**, Summit App. No. 23877, 2008-Ohio-1057

4. **_Briggs v. Mt. Carmel Health Sys._**, Franklin App. No. 07AP-251, 2007-Ohio-5558

9

**2006-Ohio-934; Holliday v. Gerth;**

2006-Ohio-934

[Cite as Holliday v. Gerth, 2006-Ohio-934.]

KIMBERLY HOLLIDAY, ET AL., Plaintiffs-Appellees
v.
SOL R. GERTH, Defendant-Appellant

NO. 86570

8th District Court of Appeals of Ohio, Cuyahoga County
Decided on March 2, 2006

CHARACTER OF PROCEEDING: Civil appeal from Common Pleas Court Case No. 513636

JUDGMENT: DISMISSED.

For plaintiffs-appellees: Howard A. Schulman, Esq. SCHULMAN, SCHULMAN & MEROS 1370 Ontario Street 1700 Standard Building Cleveland, Ohio 44113-1727

Janet McCamley, Esq. ROSENBAUM & McCAMLEY CO., LPA 24100 Chagrin Boulevard Beachwood, Ohio 44122

For defendant-appellant: Terrence J. Kenneally, Esq. John P. O'Donnell, Esq. TERRENCE J. KENNEALLY & ASSOCIATES CO. Old Forge Centre 20595 Lorain Road - Terrace Level 1 Fairview Park, Ohio 44126

ACCELERATED JOURNAL ENTRY and OPINION

MICHAEL J. CORRIGAN, J.

{¶1}   This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs and oral arguments of counsel. Defendant Sol Gerth appeals from an order compelling him to produce evidence relating to the formation of certain trusts benefitting his wife. Plaintiff Kimberly Holliday sought the information in connection with a civil suit she filed against Gerth. She believed that Gerth established the trusts in order to protect his financial assets from a possible judgment and may have backdated those trust instruments to show they were created before the tortious conduct occurred. Gerth resisted producing records relating to the formation of the trusts on grounds that they were protected by the attorney-client privilege. The court denied the motion for a protective order and Gerth has taken this interlocutory appeal.

{¶2}   We must first address a motion to dismiss that has been referred to this panel. Holliday asks us to dismiss the appeal on grounds that the discovery order being appealed from is not subject to immediate appellate review as being a provisional remedy defined by R.C. 2505.02(A)(3). She maintains that none of the requested financial data falls within the attorney-client privilege. Gerth argues that Holliday has simply recharacterized the nature of the financial documents in such a way as to sweep those components falling within the privilege away with those that may not.

{¶3}   Unfortunately, Gerth fails to show exactly which documents are subject to the attorney-client privilege. "[T]he burden of showing that testimony sought to be excluded under the doctrine of privileged attorney-client communications rests upon the party seeking to exclude it." *Waldmann v. Waldmann* (1976), 48 Ohio St.2d 176, 178. The subpoena at issue requested:

{¶4}   "Any and all drafts, including the final draft and the draft identified by Reference No. 1241065v1 of the Declaration of Trust of Shirley S. Gerth, prepared in the fall of 2002, and any bills, statements and/or itemized bills for services provided in connection with the preparation of that Declaration of Trust."

{¶5}   Gerth argues that the various drafts of the trust prior to the final document relate directly to advice that "may have been given" to the Gerths by the attorney drafting their estate plans. R. 33. By citing to communications that "may have been

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5137

given," Gerth impliedly shows that he has no concrete basis for asserting the privilege. Gerth makes no convincing argument to show exactly what privileged information may be requested by the subpoena. For example, information relating to itemized billing typically does not contain privileged communications. As we noted, Holliday believed that Gerth created the trusts shortly after being informed that he would be named in a civil lawsuit, his intent being to shield his assets from a judgment.

{¶6}     Of course, it would be naive to assume that Holliday is only interested in the dates relating to the creation of the trusts. We assume that one of her reasons for seeking this discovery is to show that Gerth wrongfully backdated the trusts in order to protect assets from a civil judgment. If that is the case, and we stress that we express no opinion on whether that circumstance occurred, that fact could be fair game for use at trial as part of a punitive damages claim. At that point, privilege concerns may be more tangible and thus Gerth could seek another protective order. In that event, Gerth could request an in camera inspection of allegedly privileged material and avoid interlocutory appeals - something he has so far failed to request. To be sure, Gerth now maintains the court should have conducted an in camera inspection. But such an inspection is predicated on an initial showing of merit, and as we have noted, Gerth failed to make that showing here.

{¶7}     We therefore find nothing in the record to show that the information sought by the subpoena would encompass communications falling within the attorney-client privilege. This being the case, no provisional remedy is present under R.C. 2505.02(B)(4). There is no final appealable order. See *Dublin v. State* (2000), 138 Ohio App.3d 753, 758. Dismissed.

This appeal is dismissed. It is ordered that appellee recover of appellant her costs herein taxed. The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MICHAEL J. CORRIGAN JUDGE

ANTHONY O. CALABRESE, JR., P.J., and

CHRISTINE T. McMONAGLE, J., CONCUR.

N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R.22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).

OH

OH Unpublished App.

Lawriter Corporation. All rights reserved.

The Casemaker Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5138

**2007-Ohio-6595; Legg v. Hallet;**

2007-Ohio-6595

[Cite as Legg v. Hallet, 2007-Ohio-6595;]

Mary A. Legg et al., Plaintiffs-Appellees,
v.
Robert L. Hallet, M.D. et al., Defendants-Appellees, (Mount Carmel Health System, Defendant-Appellant).

No. 07AP-170

10th District Court of Appeals of Ohio, Franklin County
Decided on December 11, 2007

(C.P.C. No. 05CVA-02-1977)

Butler, Cincione & DiCuccio, and N. Gerald DiCuccio, for plaintiffs.

Earl, Warburton, Adams & Davis, Grier D. Schaffer and Christopher R. Walsh, for Mount Carmel Health System.

Vorys, Sater, Seymour & Pease, Alan Radnor and Michael R. Thomas, for Amicus Curiae Mount Carmel Medical Staff.

APPEAL from the Franklin County Court of Common Pleas.

OPINION

P. BRYANT, J.

{¶1}    Defendant-appellant, Mount Carmel Health System ("Mount Carmel"), appeals from the February 20, 2007 decision and entry of the Franklin County Court of Common Pleas partially granting the motion of plaintiff-appellee, Mary A. Legg, to compel Mount Carmel to produce documents in discovery. Because the order Mount Carmel appeals is not final and appealable, the appeal is dismissed.

{¶2}    As a result of the medical care plaintiff received for ovarian cancer, plaintiff in May 2002 filed a medical malpractice action against Mount Carmel and several staff physicians at Mount Carmel East Hospital. As permitted under Civ.R. 41(A) (1), plaintiff voluntarily dismissed her original complaint on February 24, 2004 and re-filed the action on February 22, 2005. Underlying the discovery order at issue here is plaintiff's claim that Mount Carmel negligently credentialed Robert Hallet, M.D. who, plaintiff alleged, negligently cared for, diagnosed, and treated her ovarian cancer.

{¶3}    Seeking Mount Carmel's personnel and credentialing file regarding Dr. Hallet, plaintiff served Mount Carmel with discovery requests, including subpoenas duces tecum issued in September 2006 upon the chairman of Mount Carmel's obstetric and gynecology department and its director of medical staff services. In response, Mount Carmel moved for a protective order and to quash the subpoenas, arguing the subpoenas were an improper means of discovery and the records plaintiff requested are privileged and therefore not discoverable. At the trial court's request, the parties stipulated in November 2006 that Dr. Hallet's credentialing file be submitted to the court for an in camera inspection to determine if any or all of the credentialing file was discoverable.

{¶4}    In a December 4, 2006 decision and entry, the trial court found the subpoenas violated Civ.R. 45(A)(1)(c)'s provision that prohibits using a subpoena to obtain the production of documents from a party. Granting Mount Carmel's motion to quash the subpoenas, the court denied Mount Carmel's motion for a protective order as moot and noted "the issue of which records are discoverable may remain in this case."

{¶5}    On January 4, 2007, plaintiff filed a motion under Civ.R. 37 to compel Mount Carmel to produce the following documents for inspection and copying:

Complete copies of any and all documents of any kind, nature and/or description pertaining in any manner

http://66.161.141.176/cgi-bin/texis/web/caselaw/+gewVQLe5xn5wBmePrUweoRtwwwxF...   5/30/2008

whatsoever to the application for and/or granting of medical and/or surgical staff privileges with Mount Carmel Health and any of its affiliated hospitals, including Mount Carmel East Hospital, by and for Defendant Hallet, for staff privileges in effect in the year 2000, including, but not limited to: a. All applications for staff privileges by Defendant Hallet, together with all supporting documentation accompanying said applications; b. Any and all documentation regarding evaluations, complaints, and/or performance reviews; c. All documents received by Defendant Hallet pertaining in any fashion to the granting, denial and/or modification of staff privileges; d. Copies of all licenses, certifications, and/or CME credits (from 1996-2000) submitted by Defendant Hallet; and e. Any and all standards and/or procedures to be applied by Defendant Mount Carmel and/or its medical staff in considering and acting upon applications for staff membership and professional privileges.

{¶6}     On January 17, 2007, Mount Carmel filed a memorandum contra plaintiff's motion to compel. Mount Carmel indicated its willingness to comply with plaintiff's request in paragraph "e," but objected to any further discovery, asserting plaintiff's other document requests involved privileged peer-review and credentialing documents that are protected from discovery under R.C. 2305.252 and 2305.253. In a February 20, 2007 decision and entry, the trial court granted in part and denied in part plaintiff's motion to compel.

{¶7}     Noting Mount Carmel did not oppose the production of documents pertaining to its credentialing standards and procedures, the trial court ordered Mount Carmel to produce the materials plaintiff requested in paragraph "e." The court denied plaintiff's document requests in paragraphs "a," "c," and "d," together with her request in paragraph "b" for "evaluation" and "performance review" documents, concluding all such documents are protected from discovery because they fall within the scope of the peer review privilege contained in R.C. 2305.252. The trial court nonetheless found the peer review privilege does not protect from discovery all documents pertaining to "complaints" made against Dr. Hallet, the subject of some of plaintiff's requests in paragraph "b."

{¶8}     Explaining, the trial court noted that R.C. 2305.252 extends a peer review privilege to "proceedings and records within the scope of a peer review committee of a health care entity." The parties do not dispute that Mount Carmel is a "health care entity" as defined in R.C. 2305.25(A)(1). The trial court determined Mount Carmel's risk management department has complaint files that are (1) segregated and kept in a separate location from Mount Carmel's credentialing records and (2) used for purposes other than peer review.

{¶9}     In reaching that conclusion, the trial court relied on an affidavit of Mount Carmel East Hospital's risk manager, who attested that when Mount Carmel receives a complaint about a healthcare provider, "a complaint file for that individual healthcare provider is created." (Affidavit of Christina Richards.) According to the affidavit, "[t]he purpose of the file is to document the investigation and follow-up to resolve the patient's complaint, as well as to compile a summary of information, if any, for possible consideration at the time of a physician's re-credentialing and re-appointment process which is treated as a confidential peer-review process by the Hospital." Id. (Emphasis added.) The hospital keeps each such complaint file "in a locked cabinet in the Risk Management Department and access to these files is strictly limited to the Risk Manager and a limited number of select members of the medical staff who are on peer-review committees." Id.

{¶10}     Based upon the affidavit, the court determined the statutory purpose of a "peer review committee," as defined in R.C. 2305.25(E)(1), is narrower in function and scope than the broader "risk management" Mount Carmel conducts to avoid litigation and liability against a hospital, to preserve hospital reputation, and to investigate and resolve patient complaints. Concluding Mount Carmel's risk management department's complaint files do not fall within the scope of the peer review privilege, the court ordered Mount Carmel to produce "patient complaints, and complaints from others who are not acting as hospital staff or medical personnel with privileges at the hospital, pertaining to Dr. Hallet." (Feb. 20, 2007 decision and entry, 1-2.) The court further required Mount Carmel to produce "any other documents within the hospital's Risk Management Department's complaint files pertaining to such complaints (except for documents prepared in anticipation of litigation or documents created as communication with or from legal counsel)." Id. (Emphasis added.) The court's order lastly instructed that "[a]ny such documents shall be produced from the hospital's Risk Management files rather than from the peer-review [credentialing] files [that were previously] submitted to this court for an in camera inspection." (Emphasis added.)

{¶11}     In ordering Mount Carmel to produce documents from its risk management department's complaint files, the court expressly noted that "[i]ssuance of this order should not be construed as a finding by this court that there are any such complaints pertaining to Dr. Hallet in the Hospital's Risk Management files or in the confidential peer-review file [that were] submitted for the in camera inspection. This Court merely orders that the documents be produced from the Risk Management files if they exist." Id. (Emphasis added.)

{¶12}     Mount Carmel appeals from the trial court's February 20, 2007 order, assigning the following errors:

http://66.161.141.176/cgi-bin/texis/web/caselaw/+gewVQLe5xn5wBmePrUweoRtwwwxF...   5/30/2008

I. The trial court erred to the prejudice of Mount Carmel when it refused to find that Plaintiffs were collaterally estopped from filing a motion to compel when Plaintiffs failed to appeal the trial court's final order quashing Plaintiffs' subpoena.

II. The trial court erred to the prejudice of Mount Carmel when it held that complaints presented to Mount Carmel's peer review committee were discoverable, which order violated the plain language of R.C. 2305.252 and 2305.253.

III. The trial court erred to the prejudice of Mount Carmel when it strictly construed an unambiguous statute, R.C. 2305.252.

{¶13}    As a preliminary matter, because this court can only "review and affirm, modify, or reverse judgments or final orders," we first must determine whether the trial court's February 20, 2007 order is final and appealable. See Section 3(B)(2), Article IV, Ohio Constitution. "* * * The entire concept of 'final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." Briggs v. Mt. Carmel Health Sys., Franklin App. No. 07AP-251, 2007-Ohio-5558, at ¶7, quoting Noble v. Colwell (1989), 44 Ohio St.3d 92, 94, quoting Lantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306. "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." Briggs, at ¶7, quoting State ex rel. Keith v. McMonagle, 103 Ohio St.3d 430, 2004-Ohio-5580, at ¶4, citing Bell v. Horton (2001), 142 Ohio App.3d 694, 696. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Briggs, at ¶7, quoting Catlin v. United States (1945), 324 U.S. 229, 233.

{¶14}    Mount Carmel contends the trial court's February 20, 2007 order is a final appealable order pursuant to R.C. 2505.02(B)(4). According to its provisions, an order granting or denying a provisional remedy is final and subject to review if the order (1) "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy," and (2) "[t]he appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." To satisfy R.C. 2505.02(B)(4) and constitute a final appealable order, an order must grant or deny a provisional remedy and both additional provisions must apply. By statutory definition, a "provisional remedy" is "a proceeding ancillary to an action, including, but not limited to, a proceeding for * * * discovery of privileged matter * * *." R.C. 2505.02(A)(3).

{¶15}    Generally, discovery orders are interlocutory and not immediately appealable. See Walters v. Enrichment Ctr. of Wishing Well, Inc. (1997), 78 Ohio St.3d 118, 120-121; State ex rel. Steckman v. Jackson (1994), 70 Ohio St.3d 420, 438; Briggs, supra, at ¶11. The scope of pretrial discovery is broad and parties may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter. Civ.R. 26(B)(1).

{¶16}    To the extent an order pertains to matters other than those concerning discovery of privileged matters, the order is deemed interlocutory and therefore not final and appealable. See Covington v. The MetroHealth Sys., 150 Ohio App.3d 558, 2002-Ohio-6629, ¶21, appeal not allowed, 98 Ohio St.3d 1538, 2003-Ohio-1946. See, also, Chambers v. AKAAS Corp., Inc., Lorain App. No. 05CA008791, 2006-Ohio-4156, discretionary appeal not allowed, 112 Ohio St.3d 1442, 2007-Ohio-152 (finding no final appealable order where the appellant did not appeal from the protection denied to actual privileged information). By contrast, orders requiring the disclosure of privileged information are final and appealable. See, e.g., Nester v. Lima Mem. Hosp. (2000), 139 Ohio App.3d 883, appeal not allowed (2001), 91 Ohio St.3d 1474; Schottenstein, Zox & Dunn v. McKibben, Franklin App. No. 01AP-1384, 2002-Ohio-5075, at ¶19; Callahan v. Akron Gen. Med. Ctr., Summit App. No. Civ.A. 22387, 2005-Ohio-5103, at ¶28. "Privilege must rest upon some specific constitutional or statutory provision." State ex rel. Grandview Hosp. & Medical Ctr. v. Gorman (1990), 51 Ohio St.3d 94, 95.

{¶17}    Within those parameters, Mount Carmel asserts the trial court granted a "provisional remedy." It therefore contends the court's February 20, 2007 order is final and appealable pursuant to R.C. 2505.02(B)(4) because it ordered the discovery of documents that are privileged and statutorily protected from discovery under R.C. 2305.252 and 2305.253.

{¶18}    R.C. 2305.252, the "peer review privilege," provides that documents or records cannot be obtained from a peer review committee's records or proceedings. Doe v. Mount Carmel Health Systems, Franklin App. No. 05AP-435, 2005-Ohio-6966, at ¶16, appeal not allowed, 109 Ohio St.3d 1480, 2006-Ohio-2466. Pursuant to the statute, a court's order to produce for discovery or for use at trial a peer review committee's records or proceedings is a final, appealable order. R.C. 2305.252. A "peer review committee" conducts credentialing activities for health care providers, such as Dr. Hallet, and conducts other attendant hearing processes "initiated as a result of a peer review committee's recommendations or actions." R.C. 2305.25(E)(1).

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5141

{¶19}   Even so, the statutorily conferred peer review privilege is not absolute. Grandview Hosp., supra, at 96; Doe, supra, at ¶15. The peer review privilege does not extend to "information, documents, or records otherwise obtainable from original sources," even if the documents or records were produced or presented during peer review proceedings. R.C. 2305.252; Grandview Hosp., supra; Doe, at ¶16; Wilson v. Barnesville Hosp., 151 Ohio App.3d 55, 2002-Ohio-5186, at ¶14; Brzozowski v. Univ. Hosp. Health Systems, Cuyahoga App. No. 85097, 2005-Ohio-2628, at ¶19, appeal not allowed, 106 Ohio St.3d 1558, 2005-Ohio-5531. Thus, although documents or records cannot be obtained from a peer review committee's proceedings or records, "[s]uch documents and records are available from the original source of the information contained therein." Doe, at ¶16; Cook v. Toledo Hosp., 169 Ohio App.3d 180, 2006-Ohio-5278, at ¶31; Tenan v. Huston, 165 Ohio App.3d 185, 2006-Ohio-131, at ¶23.

{¶20}   R.C. 2305.253 addresses the confidentiality of incident and risk management reports. The statute provides that such reports and their contents are not subject to discovery and are not admissible in the trial of a tort action. R.C. 2305.25(D) defines an "incident or risk management report" as "a report of an incident involving injury or potential injury to a patient as a result of patient care provided by health care providers * * * that is prepared by or for the use of a peer review committee of a health care entity and is within the scope of the functions of that committee." (Emphasis added.) This court addressed the privilege accorded incident and risk management reports, concluding "[t]he privilege granted by R.C. 2305.253 specifically targets documents that report an incident involving injury suffered by a patient while receiving medical care by a health care provider." Doe, supra, at ¶18. If "this type of document is prepared by-or for the use of-a peer review committee, it is to be confidential and not subject to discovery." Id. Nonetheless, "similar to the peer review privilege as a whole, the unavailability of documents does not render all information pertaining to an incident beyond the scope of discovery. A person may testify, or produce evidence, regarding patient care that is within his or her personal knowledge. R.C. 2305.253(B)(2)." Id.; see, also, R.C. 2305.252.

{¶21}   The purpose of the statutes is not to hinder lawsuits, but to create limited protection not only to individuals who provide information to peer review committees but also to those who serve on such committees, thereby encouraging a free flow of information without fear of reprisal in the form of civil liability. Browning v. Burt (1993), 66 Ohio St.3d 544, 562. See, also, Jacobs v. Frank (1991), 60 Ohio St.3d 111. The statutes neither expressly nor implicitly give blanket immunity to a health care entity for negligence in granting or continuing staff privileges to an incompetent physician. Browning, supra. "If all materials viewed and utilized by peer review committees were deemed undiscoverable, a hospital could never be held accountable for its choice in staffing * * * ." Wilson, supra, at ¶23. As the court in Wilson aptly observed, "[t]his is precisely why courts continue to recognize the tort of negligent credentialing: so that hospitals may be held accountable by third parties for the breach of their duty to hire only competent physicians." Id. at ¶24. See Albain v. Flower Hosp. (1990), 50 Ohio St.3d 251, paragraph two of the syllabus (discussing negligent credentialing and the duty of health care entities to grant staff privileges only to competent physicians).

{¶22}   Mount Carmel contends its risk management department meets the definition of a peer review committee when it is accepting and processing complaints relating to health care, including complaints concerning physicians. According to Mount Carmel, the peer review committee, as part of the peer review process, reviews each complaint relating to a physician, and the complaint becomes part of the peer view committee's records. Thus, Mount Carmel contends, any complaint made against its physicians, including Dr. Hallet, is clearly a peer review document that falls within the scope of the peer review committee's functions, even though the physician complaint files that the risk management department maintains may have other uses.

{¶23}   According to the affidavit of Mount Carmel's risk manager, the risk management department, upon receiving a patient's complaint regarding a physician, creates a complaint file "to document the investigation and follow-up to resolve the patient's complaint," and a summary of information is compiled for "possible consideration" at the time of the re-credentialing, peer review process for the physician. The affidavit thus does not support Mount Carmel's contention on appeal that every complaint Mount Carmel's risk management department receives is a peer review document "prepared by or for the use of a peer review committee" or is even considered in the peer review committee.

{¶24}   Here, the trial court's order correctly prohibited the disclosure of any complaint documents pertaining to Dr. Hallet from Mount Carmel's peer review committee proceedings or records. Such documents are privileged and protected from discovery. Doe, supra, at ¶16. The trial court narrowly tailored its order to producing documents only from the risk management department's files. Any complaint documents contained in such files that were not prepared by or for the use of Mount Carmel's peer review committee are subject to discovery and may be obtained "from the original source of the information contained therein," even if the documents were produced or presented during peer review proceedings. Grandview Hosp., supra; Doe, at ¶15-16; Cook, supra, at ¶31; Wilson, supra, at ¶14; Brzozowski, supra, at ¶19; Tenan, supra, at ¶23.

{¶25}   In Ohio, the burden of showing that documents are confidential or privileged rests upon the party seeking to

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5142

exclude the documents from discovery. Covington, supra, at ¶25, citing Lemley v. Kaiser (1983), 6 Ohio St.3d 258, 263-264; Smith v. Manor Care of Canton, Inc., Stark App. No. 2005-CA-00100, 2006-Ohio-1182, at ¶61-62; Rinaldi v. City View Nursing & Rehab. Center, Inc., Cuyahoga App. No. 85867, 2005-Ohio-6360, at ¶22, appeal not allowed, 109 Ohio St.3d 1424, 2006-Ohio-1967. Mount Carmel cannot complain for the first time on appeal that the trial court ordered it to disclose "privileged" documents where Mount Carmel failed to offer any evidence that complaints pertaining to Dr. Hallet (1) exist within the risk management department's files and therefore are subject to production in camera, and (2) are privileged and therefore protected from discovery. See Manor Care, supra; Rinaldi, supra.

{¶26}    Indeed, in ordering Mount Carmel to produce complaints pertaining to Dr. Hallet that are contained within its risk management files, the trial court expressly noted it was not making a finding that any such documents exist; it merely ordered Mount Carmel to produce the documents "if they exist." The record before this court does not identify or appear to contain any such documents. Nor does the record reflect that Mount Carmel produced any risk management department documents pursuant to the trial court's order. Moreover, the record does not indicate that Mount Carmel submitted any risk management department files to the trial court for an in camera review so the court could determine whether privilege protects any complaint documents contained in the files from discovery.

{¶27}    The trial court's in camera inspection of any risk management documents pertaining to Dr. Hallet, for which Mount Carmel claims a privilege and protection from discovery, is a necessary preliminary step and is the most appropriate way to weigh claims of privilege regarding the documents. See Grandview Hosp., supra, at 96, citing Henneman v. Toledo (1988), 35 Ohio St.3d 241; Akers v. Ohio State Univ. Med. Ctr., Franklin App. No. 04AP-575, 2005-Ohio-5160; Doe, at ¶13; Gates v. Brewer (1981), 2 Ohio App.3d 347. Without reviewing the actual documents, neither the trial court nor this court can make an informed decision as to whether any of the information contained in the documents is privileged and protected from discovery. Id. Moreover, any issues that may be the subject of an appeal would be rendered moot if the trial court determines in an in camera review that either (a) the risk management files contain no "complaints" pertaining to Dr. Hallet or (b) all of the information contained in the risk management complaint files is privileged. Conversely, if the trial court determines in an in camera review that some information contained with the risk management department's file is subject to disclosure, Mount Carmel may pursue an appeal at that time. Mount Carmel's appeal at this time is simply premature.

{¶28}    Because the trial court did not order the production of complaint documents from the peer review committee's proceedings or records, the February 20, 2007 discovery order is not a final appealable order pursuant to R.C. 2305.252. Similarly, because Mount Carmel did not demonstrate the trial court's order grants discovery of privileged material, it failed to show the order grants a "provisional remedy" under R.C. 2505.02(B)(4). The trial court's discovery order therefore is interlocutory and is not final and appealable pursuant to R.C. 2502.02. Accordingly, we dismiss this appeal for lack of jurisdiction.

   Appeal dismissed.

FRENCH, J., and T. BRYANT, J., concur.

T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.

OH

OH Unpublished App.

---

Lawriter Corporation. All rights reserved.

   The Casemaker Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5143

**2008-Ohio-1057; National Interstate Corp. v. West;**

2008-Ohio-1057

[Cite as National Interstate Corp. v. West, 2008-Ohio-1057]

NATIONAL INTERSTATE CORPORATION, et al., Appellees
v.
ANDREW WEST, et al., Appellants

C. A. No. 23877

9th District Court of Appeals of Ohio, Summit County
Decided on March 12, 2008

APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE
No. CV 2007-03-1684

DECISION AND JOURNAL ENTRY

This cause was heard upon the record in the trial court and the following disposition is made:

SLABY, Judge.

{¶1}    Defendants-Appellants, the Recreation Specialists Insurance family of entities, Andrew West, Eric Raudins, and William Hobbs (collectively, "RIS") appeal an order of the Summit County Court of Common Pleas that denied their motion for a protective order prohibiting the discovery of trade secrets; allowed discovery subject to a less restrictive protective order; and permitted Appellees to obtain a forensic examination of RIS's computers. Because this matter is not final within the meaning of R.C. 2505.02(B)(4), this Court dismisses the appeal.

<div align="center">FACTS</div>

{¶2}    National Interstate Corporation is an insurance company that provides, among other things, specialized insurance policies for recreational vehicles. Mr. Hobbs, Mr. West, and Mr. Raudins are all former employees of NIC who had been employed subject to noncompetition agreements. Mr. Hobbs created the RIS entities, which later employed both Mr. West and Mr. Raudins. On March 1, 2007, National Interstate Corporation and National Interstate Insurance Company (collectively, "NIC") filed this action against RIS alleging claims of breach of contract and misappropriation of trade secrets. NIC also alleged claims of breach of a duty of loyalty against Mr. West and tortious interference with business relationships against the RIS entities, Mr. Raudins, and Mr. Hobbs. The crux of NIC's complaint is the allegation that the RIS entities, Mr. Hobbs, and Mr. Raudins used trade secrets of NIC to further their plan to form a competing business and used Mr. West - the last of the three to leave NIC's employ - to obtain trade secrets at NIC's expense.

{¶3}    The trial court expedited discovery and, on March 5, 2007, NIC served discovery requests upon RIS. Of particular relevance to this appeal is NIC's request, propounded upon defendants West, Raudins, and Hobbs, for "all computer, cellular phone, personal data assistants and any other device or other device from which you are able to send emails, text messages or other electronic communications." NIC also requested documents related to West, Hobbs, Raudins, and RIS's "business plans, operations and strategies." On March 12, 2007, RIS moved for a protective order, specifically objecting to NIC's Requests for Production of Documents by Mr. West, numbered one, four, five, eight, and nine; by the RIS entities, numbered five, six, and nine; and by Mr. Raudins and Mr. Hobbs, numbered one, four, five, and eight through ten. RIS objected to each of these requests on the basis that they requested the disclosure of trade secrets and raised various objections based on overbreadth and relevancy of the information sought by NIC. In response to NIC's request to examine their devices capable of sending electronic communications, RIS objected:

> "If the Court were to enforce this request, Defendant[s] would basically have to request everything [they] have which is capable of storing electronic communications and allow Plaintiff to figure out what was relevant, privileged, or otherwise protected, all the while looking through everything which is not."

{¶4}    NIC responded in opposition to the motion for protective order on March 14, 2007. In response to RIS's objection to

the request for devices capable of sending electronic communications, NIC argued:

> "Defendants, by asserting that 'not everything' on the requested devices is relevant, admit that the devices contain relevant information. Despite that fact, Defendants are entirely refusing to respond to this Request. In doing so, Defendants are flaunting their obligations under the Ohio Rules. Moreover, it is not for Defendants to pick and choose what information is relevant and what is not. *** [T]he existence of some irrelevant information dos not mean that Defendants can make a blanket refusal to produce the requested information.
>
> "It is anticipated that information that incriminates Defendants is contained on the devices requested, and the only way to get that information very likely is through a forensic examination of the devices. After all, it is likely that Defendants have deleted any communications or other information. Additionally, Plaintiffs have very good reason to believe that the individual Defendants *** used personal email accounts to communicate and transfer Plaintiff's trade secret information. The personal email account information and evidence of those communications would necessarily be contained on the Defendant's computers and personal communication devices." (Emphasis added.)

NIC also stated that it would agree to a protective order that required the production of the requested items, but subject to RIS's ability to designate certain information as "for attorney's eyes only."

{¶5}    On July 5, 2007, the trial court ordered the parties to "simultaneously file their briefs on the issue of Defendants' business plans, financial documents, operational agreements, and related matters by July 9, 2007." It appears from the record that, prior to filing their briefs, the parties engaged in negotiations regarding an agreed protective order. The negotiations, however, broke down short of an agreement. The parties filed simultaneous briefs on that date related to the previously-filed motion for a protective order. The trial court did not conduct a hearing, nor did RIS provide any documents to the trial court for an in camera inspection. Instead, the responses related to NIC's discovery requests in general and in their entirety, not to specific documents identified by either party. RIS argued that its trade secrets could only be protected by an order that blocked all of NIC's discovery requests which covered trade secrets; NIC maintained that RIS's trade secrets - if any - could be adequately protected by a protective order restricting access to documents designated in the course of production. NIC also reiterated its position that a forensic examination of RIS's computers was necessary to obtain the discovery documents and to protect them from destruction.1

{¶6}    The trial court denied RIS's motion for a protective order prohibiting the discovery, but concluded that NIC's proposed protective order was appropriate under the circumstances. The trial court also found that a forensic examination of RIS's computers was warranted and ordered NIC to provide a protocol for the examination. On August 27, 2007, the trial court adopted NIC's proposed protective order and imaging protocol. RIS has appealed from those orders, asserting that they are within this Court's jurisdiction pursuant to R.C. 2505.02(B)(4).

## JURISDICTION

{¶7}    Section 3(B)(2), Article IV of the Ohio Constitution grants courts of appeals the jurisdiction "to review and affirm, modify, or reverse judgments or final orders[.]" R.C. 2505.02(B) includes within the scope of our jurisdiction certain interlocutory orders. Among these are orders that grant or deny a provisional remedy, or "a proceeding ancillary to an action, including, but not limited to, *** discovery of privileged matter[.]" R.C. 2505.02(A)(3). R.C. 2505.02 (B)(4) provides:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it *** grants or denies a provisional remedy and to which both of the following apply:
>
> (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
>
> (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶8}    A determination that an order relates to a provisional remedy, however, is only the first step in determining this Court's jurisdiction under R.C. 2505.02(B)(4). See Sinnott v. Aqua-Chem, Inc., 116 Ohio St.3d 158, 2007-Ohio-5584, at ¶16; State v. Muncie (2001), 91 Ohio St.3d 440, 450. "R.C. 2505.02(B)(4) establishes a three-part test for determining whether an order is final and appealable. As an initial matter, the order must grant or deny a provisional remedy; if so, the order must also determine the action and prevent a judgment in favor of the appealing party regarding the provisional remedy, and the

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5145

appealing party cannot have a meaningful or effective appellate remedy following final judgment. Not all provisional remedy orders are necessarily appealable; the conditions of R.C. 2505.02(B)(4)(a) and (b) must be satisfied before the order can be considered final and appealable ." (Emphasis added.) Sinnott, at ¶16, citing Muncie, 91 Ohio St.3d at 446, 450. See, also, Briggs v. Mt. Carmel Health Sys., 10th Dist. No. 07AP-251, 2007-Ohio-5558, at ¶12;

{¶9}    This Court has determined that an order which compels the discovery of trade secrets may be final and appealable as a provisional remedy. Gibson-Myers & Assoc. v. Pearce (Oct. 27, 1999), 9th Dist. No. 19358, at *2. In that case, we concluded:

> "On its face, R.C.2505.02(A)(3) is flexible and able to address situations where a party has a protectable interest at stake and yet has no meaningful ability to appeal the decision which discloses that interest to others. If a trial court orders the discovery of trade secrets and such are disclosed, the party resisting discovery will have no adequate remedy on appeal. The proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage. In a competitive commercial market where customers are a business' most valuable asset and technology changes daily, disclosure of a trade secret will surely cause irreparable harm." Id.

Other cases, however, illustrate the need for flexibility in application of R.C. 2505.02(A)(3) with respect to the facts of each case and the stage of discovery at which the parties find themselves. Along this spectrum are orders which relate to the discovery of trade secrets - and, therefore, to a provisional remedy - but which do not meet the requirements of R.C. 2505.02 (B)(4)(a) and (b) with respect to the discovery.

{¶10}    In Dispatch Printing Co. v. Recovery Ltd. Partnership, 10th Dist. Nos. 05AP-640, 05AP-691, 05AP-731, 2006-Ohio-1347, the Tenth District Court of Appeals considered an order that granted a motion to compel, denied a motion for a protective order, and allowed discovery with respect to trade secrets. In that case, however, "the trial court envisioned more than just completely unrestricted discovery. *** In effect, the trial court did not simply order the production of proprietary or trade-secret information, but, rather, it ordered that discovery should continue with safeguards in place in order to address the concerns regarding proprietary information or trade secrets[.]" Id. at ¶12. The court held that the trial court's order related to regulation of discovery in general rather than to the disclosure of particular trade secrets. Id. Addressing the concerns considered by this Court in Gibson-Myers, the Tenth District explained:

> "It is important to bear in mind the underlying rationale for finding an order compelling discovery to be a final, appealable order, which is to prevent the dissemination of protected materials and to avoid the quagmire of being unable to unring the proverbial bell. Neither scenario is present here, because the trial court's discovery order fully contemplates the imposition of adequate safeguards during the discovery process. While the exact type of safeguards to be imposed and the mechanics of how they will be implemented are not clear, the trial court did indicate the use of protective orders and confidentiality agreements, and we are confident that if additional hearings, in-camera inspections, and the like are warranted, then the trial court will undertake what is necessary to protect the dissemination of proprietary material and trade-secret information." Id. at ¶13.

See, also, Lambda Research v. Jacobs, 170 Ohio App.3d 750, 2007-Ohio-309, at ¶14-15 (distinguishing Dispatch Printing because, in that case, "[c]entral to the court's analysis was the fact that safeguards were in place to address the parties' concerns regarding proprietary information or trade secrets.") Although not explicitly stated, therefore, it appears that the Tenth District determined that the order, while related to a provisional remedy, did not satisfy R.C. 2505.02(B)(4)(a).

{¶11}    The order from which RIS has appealed falls within the definition of a provisional remedy provided by R.C. 2505.02(A)(3), but neither "determines the action with respect to the provisional remedy" nor "prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy" as required by R.C. 2505.02(B)(4)(a). Because RIS's motion for a protective order sought to prohibit discovery entirely with respect to NIC's requests for production of documents, the trial court has not been presented with the opportunity to determine whether any particular documents constitute trade secrets. Although the parties seem to agree at this point that the discovery sought by NIC may contain trade secrets, the record indicates that considerable dispute remains about the extent to which that is the case. The trial court's orders have allowed discovery of a class of documents subject to protection without making a determination with respect to any. The protective orders currently in place preserve RIS's ability to designate materials as trade secrets while maintaining the parties' rights to object, whether those materials are produced in hardcopy form or in an electronic medium.

{¶12}    In this case the trial court has allowed discovery to proceed subject to general protections while maintaining the parties' ability to object in the case of specific documents. The order does not determine the action with respect to the provisional remedy, and the requirements of R.C. 2505.02(B)(4) are not met at this time. Because the order from which RIS

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5146

has appealed is not a final appealable order within the meaning of R.C. 2505.02, this Court does not have jurisdiction to consider this appeal.

Appeal dismissed.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).

The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

LYNN C. SLABY FOR THE COURT

CARR, P. J.

WHITMORE, J. CONCUR

APPEARANCES:

JOHN H. SCHAEFFER and SUSAN A. BAKER, Attorneys at Law, for Appellants.

TIMOTHY WHITFORD, Attorney at Law, for Appellants.

MARK S. FLOYD, CHRISTOPHER JOHNSON, and TIMOTHY H. LINVILLE, Attorneys at Law, for Appellees.

---

Footnotes:

1. RIS did not address the forensic examination of its computers in its supplemental brief, despite the fact that NIC raised the issue at least three months before in response to the motion for a protective order. On the facts of this case, this Court makes no determination with respect to whether an order compelling a forensic computer analysis, standing alone, meets the requirements of R.C. 2505.02(B)(4).

OH

OH Unpublished App.

---
Lawriter Corporation. All rights reserved.
---

The Casemaker Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

**2007-Ohio-5558; Briggs v. Mt. Carmel Health Sys.;**

2007-Ohio-5558

[Cite as Briggs v. Mt. Carmel Health Sys., 2007-Ohio-5558]

Jeffrey Allen Briggs, M.D., Plaintiff-Appellant,
v.
Mount Carmel Health System et al., Defendants-Appellees.

No. 07AP-251

10th District Court of Appeals of Ohio, Franklin County
Decided on October 18, 2007

(C.P.C. No. 06CV-2124)

Christensen Christensen Donchatz Kettlewell & Owens, LLP, Kenneth R. Donchatz and Charles Kettlewell, for appellant.

Bailey Cavalieri LLC, Dan L. Cvetanovich and Sabrina C. Haurin, for appellees.

APPEAL from the Franklin County Court of Common Pleas.

OPINION

McGRATH, J.

{¶1}    Plaintiff-appellant, Jeffrey Allen Briggs, M.D. ("appellant"), appeals from the decision and entry of the Franklin County Court of Common Pleas denying his motion to compel discovery.

{¶2}    Appellant commenced this action against Mount Carmel Health System, Trinity Health System, and John Does One through Five on February 14, 2006. Thereafter, pursuant to Civ.R. 41(A)(1)(a), appellant dismissed all claims against Mount Carmel Health System and Trinity Health System, and filed an amended complaint against St. Ann's Hospital of Columbus, Inc. ("St. Ann's"). This matter arose after St. Ann's terminated appellant's medical staff privileges at the hospital. Appellant's complaint asserts violations of R.C. 3701.351, violations of procedural due process, fraud, and defamation.

{¶3}    On January 19, 2007, appellant moved the trial court to compel discovery and order St. Ann's to answer certain discovery requests, including those seeking the production of the health care peer review records of the committee involved in appellant's termination of medical staff privileges. St. Ann's opposed appellant's motion arguing that the peer review records are privileged and confidential pursuant to R.C. 2305.252. On March 5, 2007, the trial court rendered a decision and entry denying appellant's motion to compel discovery, finding the information sought to be privileged and prohibited from disclosure pursuant to R.C. 2305.252.

{¶4}    It is from this decision that appellant appeals, and asserts the following single assignment of error:

ASSIGNMENT OF ERROR NO. 1:

THE TRIAL COURT INCORRECTLY INTERPRETED R.C. 2305.252 TO PREVENT APPELLANT FROM OBTAINING AND OFFERING EVIDENCE TO SUPPORT A CLAIM OF DUE PROCESS VIOLATIONS BY APPELLEE.

{¶5}    Before this court can reach the assignment of error presented, we must address whether appellant has appealed from a final appealable order.

{¶6}    The question of whether an order is final and appealable is jurisdictional and can be raised sua sponte by an appellate court. Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 87; State ex rel. White v. Cuyahoga Metro. Housing Auth. (1997), 79 Ohio St.3d 543, 544. Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, this court's appellate

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5148

jurisdiction is limited to the review of final orders of lower courts.

{¶7}   " * * * The entire concept of 'final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." Noble v. Colwell, 44 Ohio St.3d 92, 94, quoting Lantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306. "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." State ex rel. Keith v. McMonagle, 103 Ohio St.3d 430, 2004-Ohio-5580, at ¶4, citing Bell v. Horton (2001), 142 Ohio App.3d 694, 696. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States (1945), 324 U.S. 229, 233, 65 S.Ct. 631.

{¶8}    The trial court's decision denying appellant's motion to compel states, "[p]ursuant to the language found in R.C. 2305.252, the Court deems this decision and entry to be a final order appealable by either Plaintiff or Defendant." (Mar. 5, 2007 Decision at 6.) R.C. 2305.252 provides for the confidentiality of proceedings and peer review records. The portion of R.C. 2305.252 to which the trial court refers, provides in relevant part:

    * * * An order by a court to produce for discovery or for use at trial the proceedings or records described in this section is a final order.

{¶9}    The record before us, however, does not reflect that the trial court ordered the production of peer review records for discovery or for use at trial. Rather, the trial court denied the motion to compel and found the sought information to be privileged. Because the trial court did not order the production of peer review records for discovery or for use at trial, R.C. 2305.252 is not implicated, and the trial court's order is not final and appealable pursuant to R.C. 2305.252. Gupta v. The Lima News (2001), 143 Ohio App.3d 300, 303 (the record was devoid of an order to produce peer review records, therefore, the trial court's order staying discovery pending an in-camera review was not a final appealable order pursuant to R.C. 2305.251, former R.C. 2305.252); Wall v. Permanente Med. Group (1997), 119 Ohio App.3d 654 (noting that the prior appeal of the trial court's ruling denying discovery pursuant to R.C. 2305.251 was dismissed for lack of a final appealable order).

{¶10}   We now must determine whether the trial court's order is a final appealable order pursuant to R.C. 2505.02, which provides in relevant part:

    (A) As used in this section:

    (1) "Substantial right" means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

    (2) "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

    (3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.

    (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

    (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

    * * *

    (4) An order that grants or denies a provisional remedy and to which both of the following apply:

    (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5149

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

* * *

{¶11}    A discovery order is generally not considered to be a final appealable order because any harm from erroneous discovery has been held to be correctable on appeal. Culbertson v. Culbertson, Delaware App. No. 07 CAF 06 0031, 2007-Ohio-4782; Miles-McClellan Construction Co. v. Bd. of Edn. Westerville City School Bd., Franklin App. No. 05AP-1112, 2006-Ohio-3439; DeAscentis v. Margello, Franklin App. No. 04AP-4, 2005-Ohio-1520 at ¶27. However, this and other courts have held that if a judgment orders a party to disclose allegedly privileged material, it is final and appealable. See, e.g., Schottenstein, Zox & Dunn v. McKibben, Franklin App. No. 01AP-1384, 2002-Ohio-5075 (the trial court's order allowing discovery of attorney's client file was final appealable because no meaningful review would be possible once the information was disclosed); Cuervo v. Snell (Sept. 26, 2000), Franklin App. No. 99AP-1442 (the trial court's order to produce discovery potentially protected by the attorney-client privilege was final appealable because there was no adequate remedy on appeal); Gibson-Myers & Assoc. v. Pearce (Oct. 27, 1999), Summit App. No. 19358 (the trial court's order permitting the discovery of trade secrets was final appealable because there would be no meaningful remedy on appeal). The rationale behind these cases is that by preventing the dissemination of protected materials, the quagmire of being unable to correct the error and provide an effective remedy on appeal, once privileged information is disclosed, is avoided. With this premise in mind, we turn to the application of R.C. 2505.02 to the matter at hand.

{¶12}    To satisfy R.C. 2505.02(B)(4) and constitute a final appealable order, an order must grant or deny a provisional remedy and both subsections (a) and (b) must apply. By statutory definition a provisional remedy includes discovery of a privileged matter. However, it is clear that appellant has not satisfied subsection (b) of R.C. 2505.02(B)(4), as he has not demonstrated he would not be afforded a meaningful or effective remedy on appeal following a final judgment. Here, the trial court denied access to privileged documents, and any error in this regard can be remedied after final judgment. See King v. Am. Std. Ins. Co. of Ohio, Lucas App. No. L-06-1306, 2006-Ohio-5774 (the discovery order would be final appealable only if the trial court ordered disclosure of potentially privileged information); Chambers v. Akaas Corp., Inc., Lorain App. No. 05CA008791, 2006-Ohio-4156, discretionary appeal not allowed by 112 Ohio St.3d 1442, 2007-Ohio-152 (no final appealable order where the appellant had not appealed from the denial of protection of actual privileged information that if provided would result in the disclosure of potentially privileged information); Williams v. Nationwide Mut. Ins. Co., Meigs App. No. 05CA15, 2005-Ohio-6798 (trial court's order denying access to claims file was not final appealable because the plaintiff could not demonstrate she would be denied meaningful review after judgment). Thus, even though the denial of the discovery of privileged materials is a provisional remedy under R.C. 2505.02(A)(3), appellant has not met the requirements of R.C. 2505.02(B)(4) and presented a final appealable order pursuant to that section.

{¶13}    Further, appellant has not demonstrated that denying access to the peer review records is a final appealable order under R.C. 2505.02(B)(1). The trial court's discovery order does not determine the action, or prevent a judgment in either party's favor. Therefore, it is not a final appealable order under R.C. 2505.02(B)(1). See King, supra.

{¶14}    The trial court's order denying appellant's motion to compel discovery does not meet the criteria set forth in R.C. 2505.02, to justify a departure from the general rule that such orders are not final and appealable. As such, we lack jurisdiction to review said order.

{¶15}    Because we lack jurisdiction to consider appellant's appeal on the basis that there is no final appealable order, appellant's appeal is hereby sua sponte dismissed.

Appeal sua sponte dismissed.

SADLER, P.J., and BRYANT, J., concur.

OH

OH Unpublished App.

---

Lawriter Corporation. All rights reserved.

The Casemaker Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5150

users assent in order to access the database.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5151

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,

    Plaintiff - Appellee,

-vs-

                            Case No. CA2008-04-111

VON CLARK DAVIS,

    Defendant - Appellant.     :

*FILED in Common Pleas Court
BUTLER COUNTY; OHIO*

*MAY 30 2008*

*CINDY CARPENTER
CLERK OF COURTS*

---

## VON CLARK DAVIS' MEMORANDUM CONCERNING THE
## APPEALABILITY OF THE MARCH 31, 2008 ORDER

---

        COMES NOW, Defendant-Appellant Von Clark Davis, by and through counsel who states that on March 31, 2008, upon oral motion of the State of Ohio, the trial court ordered the Ohio Department of Rehabilitation and Correction ("DRC") to provide both parties with copies of the records in its possession concerning Mr. Davis. On April 10, 2008, Mr. Davis filed a Motion to Rescind that order and he filed an Amended Motion to Rescind on April 15, 2008. The thrust of his Motion was that the Trial Court did not need to issue an order providing him to access the records in question because Mr. Davis already had access to those records. Mr. Davis viewed the State's oral motion as a subterfuge to avoid the attorney-client and physician-patient privileges for purposes of accessing the records in question.[1]

---

[1] The trial court did not rule on that motion.

On April 23, 2008, Mr. Davis filed a notice of appeal to this Court from the trial court's March 31, 2008. On May **date** 2008, the Magistrate Bennett Manning held a status telephone conference. At the conclusion, the Magistrate ordered the parties to submit simultaneous briefing concerning whether the trial court's March 31, 2008 constituted a final appealable order. Mr. Davis submits this memorandum pursuant to that order.

## I. PARTIES MAY PURSUE INTERLOCUTORY APPEALS WHICH INVOLVE ISSUES OF PRIVILEGE THAT MEET CERTAIN CONDITIONS.

Intermediate appellate courts only have jurisdiction to review final orders of lower courts. *Ohio Constitution Article IV, § 3(B)(2)*. To implement this constitutional mandate, the Ohio Legislature has specifically provided intermediate appellate courts with the authority to hear appeals from "[e]very *final order*, judgment, or decree of a court and, when provided by law, the final order of any administrative officer, agency, board, department, tribunal, commission, or other instrumentality may be reviewed on appeal by a court of common pleas, a court of appeals, or the supreme court, whichever has jurisdiction." *R.C. 2925.03(A)*. (emphasis added)

Neither the Ohio Constitution nor § 2905.03 define what constitutes a final appealable order. The Ohio Legislature has also enacted legislation to define the term:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

2

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

   (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

   (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234 [2305.23.4], 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018 [5111.01.8], and the enactment of *sections 2305.113 [2305.11.3], 2323.41, 2323.43,* and *2323.55 of the Revised Code* or or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of *sections 2125.02, 2305.10, 2305.131 [2305.13.1], 2315.18, 2315.19,* and *2315.21 of the Revised Code.*

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of *section 163.09 of the Revised Code.*

R.C. 2505.02 (B)

The courts apply the tests contained in R.C. § 2502.02 to determine what constitutes a final appealable order in a criminal case. *State ex rel Leis v. Kraft* (1984), 10 Ohio St. 3d 34, 36, 460 N.E. 2d 1372, 1374; *State v.*

3

*Muncie* (2001), 91 Ohio St. 3d 440, 444, 746 N.E. 2d 1092, 1095. The trial court's March 31, 2008 order granting the prosecution discovery of Mr. Davis' medical and psychological records constitutes a final appeal able order pursuant to R.C. 2505.02(B)(4). This Court has held that R.C. 2505.02(B)(4) affords a party a right of interlocutory appeal from a trial court's an order granting an opposing party access to privileged information. *Neftzer v. Neftzer* (2000), 140 Ohio App. 3d 618, 621, 728 N.E. 2d 608, 610-11. Other Ohio appellate courts have reached the same conclusion. *Myers v. Basobas*, 129 Ohio App. 3d 692, 698, 718 N.E. 2d 1001, 1005; *Radovanic v. Cossler* (2000), 140 Ohio App. 3d 208, 211, 746 N.E. 1184, 1186-87; *Lambda Research v. Jacobs* (2007), 170 Ohio App. 3d 750, 755-56, 2007-Ohio-309, ¶¶13-16.

When deciding the issue of whether a trial ruling constitutes a final appealable order, an appellate court should not decide the propriety of the privilege issue. That would put the proverbial cart before the horse. Instead, it is sufficient that the order, which is the basis for the appeal, meet the statutory requirements.

## II. THE MARCH 31, 2008 RULING CONSTITUTES A FINAL APPEALABLE ORDER.

An trial court ruling must meet a three part test to qualify as a final appealable order pursuant to R.C. 2505.02(B)(4): "(1) the order must either grant or deny relief sought in a certain type of proceeding--a proceeding that the General Assembly calls a "provisional remedy," (2) the order must both determine the action with respect to the provisional remedy and prevent a

4

judgment in favor of the appealing party with respect to the provisional remedy, and (3) the reviewing court must decide that the party appealing from the order would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." *State v. Muncie*, 91 Ohio St. 3d at, 446, 746 N.E. 2d at 1097.

The term "provisional remedy" contained in the first part of the *Munice* test "means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, *discovery of privileged matter...*" R.C. 2505.02(A)(3)(emphasis added). The present dispute involves a discovery dispute, the prosecution has obtained an order which gives it access to the medical and psychological records of Mr. Davis. That ruling fits squarely within the plain wording of the statute and the first prong of the *Muncie* test. *See Neftzer v. Neftzer*, 140 Ohio App. 3d at 621, 728 N.E. 2d at 610-11.

The March 31, 2008 trial court order also meets the second prong of the *Muncie* test; the order effectively determines the action with respect to the provisional remedy. The order definitively granted the prosecution access to Mr. Davis' medical and psychological records. The order did not provide Mr. Davis any further opportunity to contest the privilege issue. In the typical resolution of a privilege dispute, the trial court would afford the party that was claiming a breach of the privilege the opportunity to file with the court the records in dispute and a privilege log. The trial court would then conduct an *in camera* review of the records. The trial court court's March 31, 2008, did not

5

provide Mr. Davis with this or any similar opportunity. The finality of the March 31, 2008 order should be contrasted with orders entered in which trial courts have specifically incorporated protections for the privileged records in their disclosure order. *Dispatch Printing Co. v. Recovery* (2006), 166 Ohio App. 3d 118, 122, 2006-Ohio-1347, ¶¶ 9-13. *See also, Lambda Research v. Jacobs,* 170 Ohio App. 3d at 755-56, 2007-Ohio-309, ¶¶13-16.

   The trial court's March 31, 2008 order also meets the third and final prong of the *Muncie* test. Mr. Davis will not have an effective remedy if he pursues a direct appeal from his re-sentencing. He will not be able to unring the proverbial bell, place the cat back in the bag, or the horse in the barn. *Krihwan Pontiac-GMC Truck Inc. General Motors Corp.* (2001), 141 Ohio App. 3d 777, 781, 753 N.E. 2d 864, 867 (release of proprietary information); *Abbuh v. Orange Village* (2003), Cuy. App. No. 82203, 2003-Ohio-4662, ¶31 (attorney records); *Stuffeleben v. Cowden,* Cuy. App. No. 82537, 2003-Ohio-6334, ¶17 (attorney records); *Whitt v. Erb Lumber* (2004), 156 Ohio App. 3d, 2004-Ohio-1302, ¶ 28; *Lambda Research v. Jacobs,* 170 Ohio App. 3d at 755-56, 2007-Ohio-309, ¶¶13-16 (trade secrets and proprietary information); *Smalley v. Friedman,* 172 Ohio App. 3d 108, 113, 2007-Ohio-2646, ¶ 19 (medical records)

   This Court should apply the three prong *Muncie* test and reach the same result as the appellate court decisions cited in the previous paragraph.

## III. THE ELEVENTH APPELLATE DISTRICT HAS FOUND AN IDENTICAL ORDER CONCERNING TO CONSTITUTE A FINAL APPEALABLE ORDER.

6

The Trumbull County Court of Appeals has already decided this issue. *State v. Lorraine*, Trumbull App. No. 2006-T-0100 (Jan. 31, 2007) [Exhibit A]. In that case the trial court had ordered DRC to provide copies of Lorraine's records to the prosecution for purposes of to preparing for a mental retardation or *Atkins* hearing. Lorraine appealed the disclosure order. The State of Ohio moved to dismissed the appeal claiming that the trial court's order did not constitute a final appealable order and instead merely established a procedure for adjudicating the *Atkins* claim.

The appellate court "disagreed. Clearly, the judgment does more that establish a procedure in adjudicating Appellant's post-conviction claim. The order allows Appellant's sealed mental health records to be disclosed to both parties and their experts. This poses a confidentiality issue." *Id.* at p. 2. The appellate court then applied the *Muncie* test. *Id.* The appellate court, after citing to the *Muncie* language concluded that the "the proverbial bell cannot be unrung" found "[i]n the present case, Appellant would not be afforded a meaningful or effective remedy after the final merits of the post-conviction petition have been decided because the mental health records that are under seal would have already been disclosed to the parties and their experts. Therefore, we find that the order on appeal is a provisional remedy that satisfies both prongs of R.C. 2505.02(B)(4) making it a final appealable order. Accordingly, Appellee's motion to dismiss the appeal is overruled." *Id.* at pp. 2-3.

7

There is no meaningful manner to distinguish the present case from the appellate court's decision in *Lorraine.* To apply another proverbial term, the *Lorraine* decision is on all fours.

## IV. CONCLUSION: THE MARCH 31, 2008 RULING CONSTITUTES A FINAL APPEALABLE ORDER

The prosecution bears the burden of proof on the appealability issue. The statutes, court rulings, and policy considerations support a single conclusion, the March 31, 2008 order is a final appealable order.

Respectfully submitted,

OFFICE OF THE
OHIO PUBLIC DEFENDER
RANDALL L. PORTER (0005835)
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
Randall.Porter@OPD.Ohio.gov

And

MELYNDA COOK-REICH - 0066596
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

By _____
COUNSEL FOR VON CLARK DAVIS

8

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Van Clark Davis'*
*Memorandum Concerning The Appealibity of the March 31, 2008 Order* was
forwarded by first-class U.S. Mail, postage prepaid and electronically to Daniel
G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A.
Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government
Services Center, 315 High Street, Hamilton, Ohio 45011 on this 30th day of
May, 2008.

*Melynda Cook Reich*

COUNSEL FOR VON CLARK DAVIS

9

05/30/2008   15:00                          (FAX)                    P.011/013

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | ) SS. | |
| COUNTY OF TRUMBULL | ) | ELEVENTH DISTRICT |

STATE OF OHIO,                          **JUDGMENT ENTRY**

    Plaintiff-Appellee,

    -vs-                               **CASE NO. 2006-T-0100**

CHARLES L. LORRAINE,                    **F I L E D**
                                        COURT OF APPEALS

    Defendant-Appellant.               JAN 3 1 2007

                                        TRUMBULL COUNTY, OH
                                        KAREN INFANTE ALLEN, CLERK

This matter is before this Court upon Appellee, State of Ohio's, motion to dismiss this appeal for lack of a final appealable order filed September 19, 2006.

Appellant, by and through counsel, filed a memorandum in opposition to the motion on October 2, 2006.

This appeal stems from a judgment issued by the trial court on August 9, 2006, which found, *inter alia*, that certain mental health records concerning Appellant, presently under seal, would be necessary for the trial court to make an appropriate decision and for experts to evaluate the case. The court further indicated that these records will be available for the parties and their experts and were not to be disseminated any further without further order of the court. The case is before the trial court upon Appellant's petition for post-conviction relief on the issue of mental retardation pursuant to *Atkins v. Virginia* (2002), 122 S.Ct. 2242.

*A - 1*

In its motion to dismiss, Appellee asserts that the appealed judgment is an interlocutory order which merely establishes procedures and protocol in adjudicating Appellant's claim filed pursuant to *Atkins*.

We disagree. Clearly, the judgment does more that establish a procedure in adjudicating Appellant's post-conviction claim. The order allows Appellant's sealed mental health records to be disclosed to both parties and their experts. This poses a confidentiality issue.

Under R.C. 2505.02(B)(4), an order is final and immediately appealable when the order grants or denies a provisional remedy when the following applies: a) the order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy; and b) the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. Further, in *State v. Muncie* (2001), 91 Ohio St.3d 440, 451, the Supreme Court of Ohio stated that "[t]his division of the final order statute recognizes that, in spite of courts' interest in avoiding piecemeal litigation, occasions may arise in which a party seeking to appeal from an interlocutory order would have no adequate remedy from the effects of that order on appeal from judgment. In some instances, '[t]he proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage' suffered by the appealing party."

In the present case, Appellant would not be afforded a meaningful or effective remedy after the final merits of the post-conviction petition have been decided

A-2

2

because the mental health records that are under seal would have already been disclosed to the parties and their experts.

Therefore, we find that the order on appeal is a provisional remedy that satisfies both prongs of R.C. 2505.02(B)(4) making it a final appealable order.

Accordingly, Appellee's motion to dismiss the appeal is overruled.

_____
JUDGE WILLIAM M. O'NEILL

DONALD R. FORD, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

**FILED**
COURT OF APPEALS

JAN 3 1 2007

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

A-3

3

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5163



Repper, Pagan, Cook, Ltd.
Attorneys and Counselors at Law
1501 First Avenue
Middletown, OH  45044
513-424-1823
fax # 513-424-3135

# Fax

| | | | |
|---|---|---|---|
| **To:** | Butler County Clerk of Court | **From:** | Melynda Cook-Reich |
| **Fax:** | 887-3966 | **Date:** | May 30, 2008 |
| **Phone:** | | **Pages:** | 13 |
| **Re:** | Von Clark Davis | **CC:** | |

☐ Urgent      ☐ For Review      ☐ Please Comment      ☐ Please Reply      ☐ Please Recycle

**•Comments:**

*THIS MESSAGE AND ACCOMPANYING DOCUMENTS ARE INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH THEY ARE ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE RECEIVER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY WARNED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.*

From the desk of...
Ashley Streck
Legal Assistant

FILED IN THE COURT OF APPEALS
2008 JUN -6 PM 4:06 TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO
CARPENTER
BUTLER COUNTY
STATE OF OHIO CLERK OF COURTS       :        CASE NO. CA2008-04-111
            Appellee,        FILED BUTLER CO.
                             COURT OF APPEALS        :

    vs.
                             JUN 0 6 2008        :
VON CLARK DAVIS,                                     **APPELLEE'S REPLY MEMO**
            Appellant.       CINDY CARPENTER         **AS TO WHETHER THE 3/31/08**
                             CLERK OF COURTS    :    **ENTRY APPEALED FROM IS**
                                                     **A FINAL APPEALABLE ORDER**

        :  :  :  :  :  :  :  :  :  :  :  :  :

Now comes the Prosecuting Attorney, and for the appellee's reply memorandum

(as allowed by this Court's order of May 13, 2008) on the question whether the entry

from which this appeal is taken constitutes a final appealable order, says as follows.

Contrary to the appellant's assertion that the appellee has a "burden of proof on

the appealability [sic] issue" (appellant's memo at p. 8, *ipse dixit* without citation of

authority), it rather stands to reason that it is always the ***appellant*** — the party seeking

to invoke this Court's appellate jurisdiction — who bears the burden of proving a final,

appealable order.  See, e.g., ***State v. Buckingham*** (1980), 62 Ohio St.2d 14, 16

(state's failure to comply with timeliness and certification requirements is fatal to appellate

jurisdiction over state's appeal from an order suppressing evidence).  Absent a final order

pursuant to R.C. 2505.02, an appellate court lacks jurisdiction to decide the issue

presented for review, no matter how novel or compelling.  See ***Chef Italiano***, 44 Ohio

St.3d, at 87 ("[w]hile [the issue presented in ***Chef Italiano***] presents an issue of first

impression in this state which this court at some point should decide, we decline to do so

in this case because we lack jurisdiction to hear this appeal on that issue").

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

1

By their memoranda filed on May 30, 2008, the parties agree on one thing —

that R.C. 2505.02(B)(4) is the only statutory basis under which the trial court's March 31,

2008 entry can be deemed a final, appealable order. And that provision, in turn, requires

a determination whether the "provisional remedy" definition of R.C. 2505.02(A)(3) applies

in this case — i.e., whether the trial court's March 31, 2008 order requiring the Ohio

Department of Rehabilitation and Correction ("DRC") to provide both parties with a copy of

its institutional records concerning a state prisoner, the appellant Von Clark Davis, "a

proceeding for *** discovery of privileged matter[.]"  From that point of agreement on the

legal question presented, the parties take opposite positions.  It is the Prosecuting

Attorney's position that there is nothing about the trial court's order — disclosing the

DRC's records concerning the course of Davis's incarceration in state institutions — that

involves disclosure of "privileged matter."  This is simply a disclosure of a state prisoner's

records from one state agency (DRC) to another (a county prosecutor), in light of the

latter's duty to examine them for potential **_Brady_** material (e.g., good behavior in prison).

On the other hand, Davis appears to say that because those DRC records might contain

medical or psychological evaluations, **_ALL_** of the DRC records are beyond the DRC's ability

to disclose **_ANY_** of them.

Davis would assert, again _ipse dixit_ without citation of authority, that it is

unnecessary for this Court to examine the claim of privilege when deciding this jurisdictional

issue (see appellant's memorandum at p. 4).  However, Ohio case law indicates that the

burden of showing that documents are confidential or privileged rests upon the party

seeking to exclude the documents from discovery.  Indeed, in the recently-decided case

of **_Selby v. Fort Hamilton Hosp._**, Butler App. No. CA2007-05-126, 2008-Ohio-2413,

<div align="center">2</div>

at ¶14, this Court noted that the party asserting that a document or documents are protected by privilege bears the burden of proving that the privilege applies, citing **_Cook v. Toledo Hosp._**, 169 Ohio App.3d 180, 2006-Ohio-5278, ¶23, and further noted that simply labeling a document "privileged" does not invoke the privilege, citing **_Flynn v. University Hospital, Inc._**, 172 Ohio App.3d 775, 2007-Ohio-4468, ¶6.  See, also, **_Covington v. The MetroHealth Sys._**, 150 Ohio App.3d 558, 2002-Ohio-6629 at ¶24, citing **_Lemley v. Kaiser_** (1983), 6 Ohio St.3d 258, 263-264, **_Legg v. Hallet_**, Franklin App. No. 07AP-170, 2007-Ohio-6595, at ¶16 (same, citing **_Covington_** and **_Lemley_**), and **_Holliday v. Gerth_**, Cuyahoga App. No. 86570, 2006-Ohio-934, at ¶3, quoting **_Waldmann v. Waldmann_** (1976), 48 Ohio St.2d 176, 178.

A discussion of this Court's decision in **_Neftzer v. Neftzer_** (2000), 140 Ohio App.3d 618, decided under the very statutory provision in question, is quite appropriate. First, in contrast to that case, the trial court's order herein was not an ex parte order or mere subpoena without notice, cf. **_Neftzer_**, 140 Ohio App.3d at 621, but rather, the record would reflect that the Prosecuting Attorney requested the order on the record in open court, and the trial court allowed Davis the opportunity to make objection before the order was issued.  The trial court's action below was consonant with the Court's statement in **_Neftzer_** that

> "[w]e recognize the workload of trial court judges and do not wish to burden them further with a requirement that they conduct hearings on every subpoena relating to privileged material.  We will leave it to them to find efficient ways to protect the interests of all parties to the litigation pending in their courts involving [discovery] of privileged materials."

Id., at 622.  When given an opportunity to be heard, appellant offered nothing more than acrimony (calling the assistant prosecutors "disingenuous") and speculation that the DRC

<div align="center">3</div>

records may contain medical or psychological records; with that, the trial court rejected the appellant's all-or-nothing, "hide-the-ball" position.   There was no suggestion by appellant (as is seemingly made now, see appellant's memorandum at p. 5-6) that the trial court should entertain an *in camera* inspection of the DRC records to determine whether or not any speculative "privileged" documents were actually contained therein.

Moreover, in ***Neftzer*** this Court shed light on one situation in which a party to an action will be deemed to have waived his physician-patient privilege, holding that, while a physician may not generally testify concerning a communication made to him by the patient, R.C. 2317.02(B)(1), the privilege does not apply when the patient files a civil action which directly places the patient's physical or mental condition at issue, R.C. 2317.02(B)(1)(a)(iii); thus, in seeking custody of the children of a marriage, a party in divorce proceedings makes his or her mental and physical condition an element to be considered by the trial court in awarding custody, see ***Neftzer***, 140 Ohio App.3d at 622.

The case at bar, in particular the state of proceedings now before the trial court, involves a capital case resentencing.  As such, "R.C. 2929.04(B) requires the sentencer to consider '**the history, character, and background of the offender**,' " see e.g., ***State v. Conway***, 109 Ohio St.3d 412, 2006-Ohio-2815, at ¶88 (emphasis added).  Everything contained in the DRC records is relevant to that material issue.

Moreover, with particular attention to any supposed psychological examinations of Davis by DRC staff while he was in DRC custody, appellee submits that Davis has no valid privilege that society should be prepared to recognize as reasonable.   A case on point is ***State v. Hopfer*** (1996), 112 Ohio App.3d 521.  In ***Hopfer***, the Montgomery County Court of Appeals had to determine whether the physician-patient privilege ever attached

**4**

between a juvenile defendant accused of murdering her newborn baby and her psychiatrist. As would be similar in the present case, a psychiatrist conducted several interviews of Hopfer while she was in the juvenile detention center. After a review of the record and the psychiatrist's testimony, the court of appeals determined that the psychiatrist had not examined Hopfer to provide treatment but, rather, to rebut conclusions of the court-appointed experts and to assist defense counsel in representing Hopfer at the hearing on amenability to rehabilitation under the juvenile court system. Accordingly, the court held that the physician-patient privilege did not attach to communications during the mental examination, and the prosecution was permitted to use the psychiatrist's testimony to impeach Hopfer's contradictory statements. Id. at 553.

Significantly, in the very same hearing before the trial court on March 18, 2008, Davis prevailed on the trial court to grant his motion to be heard *ex parte* on his "motion for the appropriation of funds for a neuropsychologist" and presumably that motion was ultimately granted by entry filed the following date under seal. The Prosecuting Attorney anticipates not only that Davis will seek to present evidence of his good-prisoner behavior in mitigation at the re-sentencing hearing [as the decision in ***Davis v. Coyle*** (C.A.6, 2007), 475 F.3d 761, carefully explains], but also there will be additional evidence along the lines of Davis's psychological profile, comparable to that which had been previously presented in 1984 sentencing hearing. See ***Davis v. Coyle***, at 767-768 (detailing testimony by clinical psychologist Dr. Roger H. Fisher based on interviews with Davis detailing his "successful vocational history," noting that Davis was "quite a hard working man, who is very dedicated to doing a good job for people who employ him" and giving opinions that Davis was an "active-detached individual with schizoid trends" and could be

<div align="center">5</div>

classified as having a compulsive personality disorder, or on cross-examination, could be suffering from an "explosive psychiatric disorder"). With said Dr. Fisher having surrendered his license in 2003, Davis's counsel responsibly sought an alternate source of testimony; but at any rate, under the procedural posture of the case, Davis has opened the door to the materiality/relevance of psychological data already contained in his institutional record.

In conclusion, "[t]he General Assembly stopped short of including all discovery orders in the provisional-remedy section." See **_Myers v. Toledo_**, at ¶24 [order requiring a party's submission to a physical examination under Civ.R. 35(A) "is a discovery order that is not a provisional remedy and is not a final, appealable order under R.C. 2505.02(B)(4)," id. at ¶25]. This is the same type of discovery order — it is not a final, appealable order.

Respectfully submitted,

**ROBIN N. PIPER** (0023205)
**Butler County Prosecuting Attorney**


*Daniel G Eichel*
**DANIEL G. EICHEL** (0008259)
**First Assistant Prosecuting Attorney**
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474

### PROOF OF SERVICE

This is to certify that a copy of the foregoing was faxed to: Randall L. Porter, Attorney for Appellant, 8 East Long Street, 11th Floor, Columbus, OH 43215, FAX: (614) 644-0703, and Melynda W. Cook-Reich, Attorney for Appellant, 1501 First Avenue, Middletown, OH 45044, FAX: (513) 424-3135, and also sent by ordinary U.S. mail this 6th day of June, 2008.

*Daniel G Eichel*
**DANIEL G. EICHEL** (0008259)

**6**

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5170

·

··

**2008-Ohio-2413; SELBY v. FT. HAMILTON HOSP.;**

2008-Ohio-2413

Robert Selby, Executor of the Estate of Janet Selby, Deceased, Plaintiff-Appellee,
v.
Fort Hamilton Hospital, et al., Defendants-Appellants.

No. CA2007-05-126.

Court of Appeals of Ohio, Twelfth District, Butler County.

May 19, 2008

Civil Appeal from Butler County Court of Common Pleas, Case No. CV2004-03-0782.

Keating, Muething & Klekamp, PLL, William A. Posey, Christy M. Nageleisen, One East Fourth Street, Suite 1400, Cincinnati, OH, 45202, for plaintiff-appellee

Millikin & Fitton Law Firm, Michael A. Fulton, Six South Second Street, Sixth Floor, P.O. Box 598, Hamilton, OH 45012, for defendant-appellee, Fort Hamilton Hospital

McGowan & Jacobs, LLC, Jack McGowan, 246 High Street, Hamilton, OH 45011, for defendants-appellants, Premier Health Care Services, Inc., Michael Day, M.D. & Jeffrey Love, M.D.

Rendigs, Fry, Kiely & Dennis, LLP, Paul McCartney, 900 Central Trust Tower, One West Fourth Street, Cincinnati, OH 45202, for defendant-appellant, Jithendra Choudary, M.D.

Reminger & Reminger Co., LPA, Brian D. Goldwasser, 7 West 7th Street, Suite 1990, Cincinnati, OH 45202, for defendants-appellants, Theodore Hunter, M.D. & Heritage Health Alliance, Inc.

OPINION

YOUNG, P.J.

------- **Page 2** -------

{¶1} Defendants-appellants, Jeffery Love, M.D., Michael Day, M.D., and Premier Health Care Services, Inc., appeal a decision from the Butler County Court of Common Pleas ordering appellants to produce the discrepancy reports from Fort Hamilton Hospital. We affirm the decision of the trial court.

{¶2} On October 2, 2001, Janet Selby went to the emergency room at Fort Hamilton Hospital with complaints of chest pains. Dr. Day was the treating physician. Dr. Day ordered an EKG for the patient. The parties dispute the results and conclusion Dr. Day made in reading the EKG, nevertheless, Dr. Day concluded in the medical report "normal sinus rhythm, no ST and T wave changes * * * and no evidence of acute ischemia." Dr. Day prescribed Naprosyn and Vicodin, recommended that Mrs. Selby follow-up with her family physician, and discharged her from the hospital. The following day, Dr. Jithendra Choudary, a board-certified cardiologist in the cardiology department of the hospital, overread the EKG. Dr. Choudary did not have access to or knowledge of Dr. Day's previous EKG interpretation. Dr. Choudary discovered that the EKG showed "STT changes consistent with anteriorsepal ischemia."

{¶3} Hospital procedures for abnormal EKGs under these circumstances require the cardiologist's reading to be faxed to the family physician and also placed in the emergency room or treating physician's mailbox. Procedure also requires the cardiology tech to be informed of an abnormal reading if there is a concern so that an EKG discrepancy report can be partially filled out by the tech. The partial report and a copy of the EKG strip with the cardiologist's interpretation are delivered to the emergency department for follow-up. If the cardiologist's finding of an abnormality coincides with the emergency doctor's earlier interpretation, the discrepancy report is not completed and discarded. If the cardiologist's finding of an abnormality was different than the emergency doctor's interpretation and is material to the care that the patient received,

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5171

the emergency physician on duty when the

—————————— **Page 3** ——————————

partial report is received will complete the discrepancy report. The on-duty physician will also notify the patient or the family physician. The original discrepancy report then goes into a binder that is kept in the emergency room. If no discrepancy report is initiated in the cardiology department, the EKG strip chart with the overread does not go back to the emergency department.

{¶4} In this case, there is no evidence that Dr. Choudary's overread was distributed pursuant to the hospital procedure or that a discrepancy report was created for Mrs. Selby. As a result, there is also no evidence that the emergency department became aware of Dr. Choudary's differing reading of the EKG. Accordingly, the emergency department alerted neither Mrs. Selby nor her family physician about the discrepancy.

{¶5} On October 4, 2001, Mrs. Selby went to a follow-up appointment with her family physician, Dr. Hunter, complaining of chest pain, headache and general malaise. Dr. Hunter did not attribute these symptoms to heart disease because, in reviewing only Dr. Day's conclusions, the EKG showed no abnormalities. On October 16, 2001, Mrs. Selby suffered a heart attack, which she survived. However, while waiting for a transplant, she died due to heart disease on March 11, 2002.

{¶6} On March 10, 2004, plaintiff-appellee, Robert Selby, executor of Mrs. Selby's estate, filed a wrongful death action. On July 20, 2006, appellee requested "every Discrepancy Report completed by [an EKG technician] or any other person, from January 1996 through December 2001, which related to an overread of an electrocardiogram that was administered in the Emergency Department" with patient information redacted for privacy purposes. Appellants objected and refused to produce the reports, claiming the reports are privileged peer review documents. Appellee filed a motion to compel which, following oral argument, was granted by the trial court. Appellants filed an interlocutory appeal, raising a single assignment of error.

—————————— **Page 4** ——————————

{¶7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PREMIER IN ORDERING PREMIER TO PRODUCE EKG DISCREPANCY REPORTS BECAUSE THEY ARE PEER REVIEW DOCUMENTS AND NON-DISCOVERABLE."

{¶8} In their sole assignment of error, appellants argue the trial court erred by ordering the production of the EKG discrepancy reports. Appellants claim the reports are peer review documents and are not subject to discovery.

### Standard of Review

{¶9} Generally, an appellate court reviews a claimed error relating to a discovery matter under an abuse-of-discretion standard. *Trangle v. Rojas*, 150 Ohio App.3d 549, 553, 2002-Ohio-6510. Appellants urge, however, that this case turns on the proper interpretation of a statute, an issue of law subject to de novo review. *Huntsman v. Aultman Hospital*, 160 Ohio App.3d 196, 2005-Ohio-1482, ¶23.(fn1)

{¶10} "Whether a discovery privilege applies is a matter of law, but the question of whether specific materials are part of a privileged medical study is a factual question within that legal determination." Annotation, Scope and Extent of Protection from Disclosure of Medical Peer Review Proceedings Relating to Claim in Medical Malpractice Action (1999), 69 A.L.R.5th 559, Section 2(b). In this matter, we are not interpreting the language of Ohio's Peer Review statute or whether the statute applies, it clearly does.(fn2) Rather, we are determining whether these discrepancy reports are privileged from discovery under the peer review statute, an issue of fact. Accordingly, we will review this case subject to an abuse of

—————————— **Page 5** ——————————

discretion standard.(fn3) 36 Ohio Jurisprudence 3d (2008) 220, Discovery and Depositions, Section 191. "An 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5172

## Analysis

{¶11} In support of their argument, appellants cite numerous sections of Ohio's Peer Review statute. Appellants first claim privilege under R.C. 2305.253, which addresses the confidentiality of incident or risk management reports. That section provides, "Notwithstanding any contrary provision of section 149.43, 1751.21, 2305.24, 2305.25, 2305.251, 2305.252, or 2305.28 of the Revised Code, an incident report or risk management report and the contents of an incident report or risk management report are not subject to discovery in, and are not admissible in evidence in the trial of, a tort action." R.C. 2305.253(A). "Incident report or risk management report" is defined as "a report of an incident involving injury or potential injury to a patient as a result of patient care provided by health care providers, including both individuals who provide health care and entities that provide health care, that is prepared by or for the use of a peer review committee of a health care entity and is within the scope of the functions of that committee." R.C. 2305.25(D).

{¶12} Appellants also rely upon R.C. 2305.252, which addresses the confidentiality of peer review committee proceedings and records. That section states, in pertinent part, "Proceedings and records within the scope of a peer review committee of a health care entity shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care entity or health care provider, including both individuals

--- **Page 6** ---

who provide health care and entities that provide health care, arising out of matters that are the subject of evaluation and review by the peer review committee. * * * Information, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were produced or presented during proceedings of a peer review committee, but the information, documents, or records are available only from the original sources and cannot be obtained from the peer review committee's proceedings or records." R.C. 2305.252.

{¶13} Included in the record is a sample EKG discrepancy report form. The form's heading states, "Peer review/quality assurance privileged communication pursuant to Ohio Revised Code, Section 2305.251." As evidentiary support, appellants rely on the affidavit of Dr. Joseph C. Harris, who served as the Medical Director of the Fort Hamilton Hospital between 1996 and 2001. In the affidavit, Dr. Harris states that EKG discrepancy reports were created to "determine the quality of the readings of EKGs by emergency room physicians." Dr. Harris claims to "his best recollection * * * meetings were held quarterly, although possibly every two months, during which completed Discrepancy Reports for X-rays and EKGs were reviewed to determine whether the emergency department was experiencing a higher than expected callback rate due to significant differences between the EKG reading of the emergency room physician and the subsequent reading by a board certified cardiologist." Moreover, appellants claim the discrepancy reports are "not essential to the treatment of any patient."

{¶14} Simply labeling a document "peer review," "confidential," or "privileged" does not invoke the statutory privilege. *Flynn v. University Hospital, Inc.,* 172 Ohio App.3d 775, 2007-Ohio-4468, ¶6. The party asserting that a document or documents are protected by the peer review privilege bears the burden of proving that the privilege applies. *Cook v. Toledo Hosp.,* 169 Ohio App.3d 180, 2006-Ohio-5278, ¶23.

--- **Page 7** ---

{¶15} After reviewing the evidence contained in the record, including the evidence submitted by appellant, we are unconvinced that the EKG discrepancy reports are privileged peer review documents. Particularly illuminating are the hospital's written policies and procedures, which demonstrate that the discrepancy reports are used for patient care. The hospital policies either contradict Dr. Harris' affidavit or demonstrate omissions in his affidavit that the reports are also used for patient care.

{¶16} Included in the record is a document from the hospital titled "New Physician Orientation," which contains a section labeled "X-ray and EKG call backs." The policy, states:

{¶17} "There is a `discrepancy report' completed whenever the radiologist's or cardiologist's interpretation of a diagnostic study differs from that of the ED physician who treated the patient. * * * The physician on duty when the report is received is responsible for the following actions:

{¶18} "1. Review the ED treatment record (you may call transcription and have them type the treating physician's report STAT if necessary).

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5173

{¶19} "2. Complete your portion of the Discrepancy Report, placing the white copy in the blue binder on our desk and the yellow copy in the treating physician's mailbox.

{¶20} "3. Contact the patient and/or PCP (if necessary) and arrange appropriate follow-up.

{¶21} "4. If the discrepancy required a significant change in patient management, dictate a brief note for the patient's permanent medical record.

{¶22} "These 'Discrepancies' represent significant medical-legal risk if not handled promptly and appropriately. They must be addressed in a timely fashion. Do NOT leave them for your colleague to take care of. Even if you are busy, you should not leave the department until the calls are made and the forms completed."

----------------------------- **Page 8** -----------------------------

{¶23} Likewise, the record also includes a memorandum titled "ED Lab and X-Ray Call Backs" which was distributed to the hospital's Emergency Department, and signed by Dr. Harris, that similarly describes this procedure.

{¶24} The EKG discrepancy reports may very well have been examined by a peer review committee at the hospital as Dr. Harris describes in his affidavit, but the evidence in the record does not support this conclusion. The record further fails to demonstrate that these are "peer review" or "incident/risk management" reports, and that the reports were actually peer-reviewed. Other than Dr. Harris' blanket statement that the EKG discrepancy reports were reviewed" quarterly" or "possibly every two months," appellant has provided no evidence that the reports were actually reviewed by a peer review committee. (fn4) Further, Dr. Harris acknowledges nothing in his affidavit about the role these documents play in patient care, which is clearly demonstrated by the hospital policies.

{¶25} As described in the policies above, an EKG discrepancy report alerts the emergency department physician of a differing EKG reading by a cardiologist. Upon receipt of the EKG discrepancy report and the over-read by the hospital cardiologist, hospital policy requires the ED physician to review the original ED treatment record; change the care the patient is receiving if necessary; requires the physician to call the patient to alert him or her of the new reading and any change in treatment; and notify the patient's family physician, forwarding a copy of the new EKG. Clearly, these reports are not simply peer review materials as the reports prompt the emergency department physicians to take further action in patient treatment. (fn5)

----------------------------- **Page 9** -----------------------------

{¶26} For the same reasons, the discrepancy reports are not simply "incident or risk management reports" as defined in the revised code. The purpose of these forms is not to record a patient injury occurring at the hospital.(fn6) Rather, the reports serve as a communication tool between the ED physician and cardiologist following the discovery of a discrepancy between the differing EKG readings. The reports notify the ED physicians that further action, and a possible change in patient care, is required.

{¶27} This is supported by the deposition testimony of Dr. Gregory Parker, a cardiologist at Fort Hamilton. According to Dr. Parker, the EKG discrepancy reports are used when returning EKGs to the emergency department when the over-reading cardiologist makes an abnormal finding. Moreover, Dr. Parker's deposition offers conflicting evidence to Dr. Harris' affidavit. Dr. Parker states that there is no peer review process at Fort Hamilton for emergency department EKGs.

{¶28} In light of the evidence included in the record and the standard of review, the trial court did not abuse its discretion in ordering appellants to produce the EKG discrepancy reports.

{¶29} Judgment affirmed.

Walsh and Fain, JJ., concur.

Fain, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5174

Footnotes:

FN1. The *Huntsman* court reviewed which version of the peer review statute is applicable. This inquiry is unnecessary in this case for the reasons we discuss in footnote three in which we note that we are applying the current version of Ohio's Peer Review Statute.

FN2. Appellee contends that the current version of Ohio's peer review statute does not apply because it was enacted after the events at issue occurred. As a result, appellee argues the statute should not be given retroactive application. We disagree for the reasons discussed in *Huntsman*. Additionally, appellee did not raise this issue to the trial court. As a result, we will not address this issue and any discussion of the issue would be moot in light of our decision in this matter.

FN3. We recognize that some courts in Ohio apply a de novo standard of review to matters concerning whether specific materials are privileged medical documents. *Huntsman* at ¶22; *Flynn v. University Hospital, Inc.*, 172 Ohio App.3d 775, 2007-Ohio-4468, ¶4. However, other Ohio courts apply an abuse of discretion standard. *Tenan v. Huston*, 165 Ohio App.3d 185, 2006-Ohio-131, ¶16; *Abels v. Ruf*, Summit App. No. 22265, 2005-Ohio-719.

FN4. See Annotation, Scope and Extent of Protection from Disclosure of Medical Peer Review Proceedings Relating to Claim in Medical Malpractice Action (1999), 69 A.L.R.5th 559, Section 2(b) ("affidavits should state when the peer review committee met to discuss the incident and when it began and ended its review").

FN5. {¶a} Appellants attempt to further argue that it is not the EKG discrepancy report that prompts the emergency department physician to conduct these further patient-care procedures, but it is the new EKG submitted by the cardiologist that prompts the change in care. We are unconvinced by appellants' argument. The EKG discrepancy report specifically identifies, and notifies the emergency department of, the differing reading. If a discrepancy report is received, pursuant to the written policies, ED physicians are then required to review the new EKG and change patient care if necessary.
{¶b} Appellants also mention that the discrepancy reports are not "essential" to patient care. We are unaware of any standard that would exclude these documents for not being" essential." The evidence demonstrates the reports are used in patient care, whether they are "essential" or not.

FN6. See cases applying R.C. 2305.253. *DePaul v. St. Elizabeth Health Center*, Mahoning App. No. 03 MA 137, 2004-Ohio-4992 (Hospital incident report relating to a patient breaking her left ankle when moved from wheelchair to bed); *Flynn v. University Hospital, Inc.*, 172 Ohio App.2d 775, 2007-Ohio-4468 (Hospital incident report relating to patient being burned during shoulder surgery).

OH

OH Unpublished App.

Lawriter Corporation. All rights reserved.

The Casemaker Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5175

06/06/2008   14:58                          (FAX)                      P.002/034

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,

    Plaintiff - Appellee,

-vs-                                                    Case No. CA2008-04-111

VON CLARK DAVIS,

    Defendant - Appellant.              :

---

## VON CLARK DAVIS' REPLY CONCERNING
## THE APPEALABILITY OF THE MARCH 31, 2008 ORDER

---

On May 30, 2008, the parties submitted simultaneous briefing concerning whether the trial court's March 31, 2008 entry constituted a final appealable order. This Court's May 13, 2008 scheduling order permitted the parties to submit by June 6, 2008 replies in support of their original briefs. Mr. Davis submits this pleading pursuant to that order.

Mr. Davis and the prosecution agree that the standard contained in R.C. 2505.02(B)(4) governs this issue. [Davis Memo, pp. 2-3, State's Memo, p. 3].[1] The parties further agree that this Court should apply a three-part test to determine the applicability of that standard. [Davis Memo, pp. 4-5, State's Memo, p. 3]. The parties differ, however, on the outcome of that test.

---

[1] The prosecution cites this Court to a long list of cases for the proposition that "[g]enerally, in a criminal case, the final judgment is the sentence." [State's Memo, p. 2]. Approximately half of those cases were decided prior to enactment in 1998 of R.C. 2505.02(B)(3), the controlling statutory provision in this case.

Prior to addressing each prong, it is necessary to address the prosecution's argument that the trial court needed to enter the March 31, 2008 order to permit the prosecution to meet its constitutionally imposed duty to provide Mr. Davis with exculpatory information. [State's Memo, pp. 5-6]. The prosecution cites for its conclusion, *State v. Sanders* (2001), 92 Ohio St. 3d 245, 263. [State's Memo, p. 5]. In that case the Supreme Court concluded that because the defendant "did not make a specific request [for discovery of the DRC files] and he submitted no facts to the trial court that would indicate that impeachment material actually existed in the RIB [DRC] files...neither the trial court nor the prosecutors were required to review the RIB files for *Brady* material." *Id.* at 262. In this case, Mr. Davis has not made any request, let alone a specific request, and consequently has not submitted any facts which would indicate that *Brady* material exists in his DRC files. In fact, Mr. Davis has indicated in no uncertain terms that he does not want the prosecution to look through his DRC files. Thus, the *Sanders* decision stands for the opposite conclusion, the prosecution in the present case has no duty to examine the DRC files in question.

The prosecution also relies upon *Davis v. Coyle* (6th Cir. 2007), 475 F. 3d 761. [State's Memo, p. 6]. The decision does not address the prosecution's duty of disclosure or give the prosecution the right to access privileged records of Mr. Davis. The prosecution cites *State v. Hancock*, 108 Ohio St. 3d 57, 2006-Ohio-160 at ¶ 167 wherein the Ohio Supreme Court "noting with approval that the prosecution in a capital case had helped the

2

defense obtain documents and other *Brady* material from a prison, albeit one where the crime itself had occurred." [State's Memo, p. 6]. The opinion, however, makes no reference to the nature of the material, whether it was privileged, or if the prosecution used its assistance as a subterfuge to access material which it could not normally access.

Finally, the prosecution's argument that the trial court's order was appropriately entered ignores the fact that Mr. Davis does not need the prosecution's assistance in accessing the DRC records. Undersigned counsel already have a court order in place that guarantees them access to those institutional records. *In re Application for Release of Records of Donald Williams, et al.,* Franklin C.P. No. 89MS-09-679 (February 12, 1990 Order).

## I. THE APPEAL INVOLVES A PROVISIONAL REMEDY.[2]

The prosecution claims that Mr. Davis failed to perfect the record in this matter. [State's Memo, pp. 4-5]. The prosecution argues that "there is nothing in the record presented to this Court to show that the information contained in the DRC records, as disclosed under the trial court's 3/31/08 order would actually encompass communications falling within Davis' supposed psychiatrist-patient or psychologist-patient privilege." [State's Memo,

---

[2] The prosecution suggests that what constitutes a "provisional remedy" is limited to the specific terms of the statute and the canon *expressio unius est exclusion alterius.* [State's Brief, p. 3]. The Ohio Supreme Court has rejected this argument. *State v. Muncie* (2001), 91 Ohio St. 3d 440,448, 726, N.E. 2d 1092, 1099.

3

p. 5].[3]  The prosecution's argument ignores the manner in which it obtained the order from the trial court.

At the March 18, 2008 hearing, which was scheduled only to address Mr. Davis' requests for funding, the prosecution unexpectedly moved the trial court, without a written motion, to enter the order in question. The prosecution tendered with its oral motion, a proposed entry which the trial court eventually approved. Mr. Davis objected to the motion. The prosecution's order, which the trial court approved, provided for DRC to simultaneously provide the records to Mr. Davis and the prosecution. Mr. Davis was not given the opportunity of perusing the records prior to the prosecution accessing the records.   If Mr. Davis had attempted to invoke the procedure that the prosecution now suggests prior to instituting the appeal, this appeal would be moot. The prosecution would have viewed the records at the same time that Mr. Davis was viewing the records.  That would have placed Mr. Davis and this Court in the position of trying to unring the bell.

Mr. Davis, concurrent with the filing of this reply, has moved this Court to remand this case for the factual development that the prosecution suggests is necessary. Mr. Davis is not responsible for failing to develop those facts prior his instituting this appeal.[4]

---

[3] The prosecution makes this argument immediately after conceding that it is "not so naive as to suggest that a state prisoner has not been examined or evaluated in a state correctional institution..." [State's Memo, p. 4].

[4] Mr. Davis filed motions with the trial court to rescind the March 31, 2008 order and to hold the order in abeyance. That court has not ruled on either motion.

4

The prosecution wants this Court to find that the medical and psychological records are not privileged because DRC possesses the records. [State's Memo, pp. 6-7]. This argument puts the proverbial cart before the horse. The ultimate issue before this Court is the privilege issue. This Court should not accept the prosecution's invitation to confabulate the issues of a final appealable order and privileged. *Chambers v. AKAAS Corp.*, Lorain App. No. 05CA008791, 2006-Ohio-4156, ¶9 ("Appellant has not appealed from the denial of protection of specific actual privileged information that if provided would result in the disclosure of *potentially* privileged material") (emphasis added); *King v. American Standard Insurance Company of Ohio*, Lucas App. No. 1-06-1306, 2006-Ohio-5756, ¶ 20 (if the judgment orders a party to disclose *allegedly privileged material*, it is appealable pursuant to R.C. 2502.02(A)(3) and (A)(4) (emphasis added). It is sufficient if the appellant makes a non-frivolous argument that the records are privileged. In this case, Mr. Davis makes such an argument the documents contained in the DRC records which reflect his meetings with physicians, psychiatrists and psychologists are privileged.[5]

## II. THE MARCH 31, 2008 ORDER DETERMINES THE ACTION.

The prosecution argues that "[t]here is nothing in the [March 31, 2008] order that foreclosed the trial court's possible resolution of Davis' suggestion that any actual document contained in the DRC record is privileged

---

[5] Since Mr. Davis has not reviewed the records that DRC released pursuant to the March 31, 2008 order, there may other documents contained therein that are protected by other recognized privileges. Mr. Davis reserves the right when he reviews the records to assert any other privilege.

5

matter." See *National Interstate Corp. v. West,* Summit App. No. 23877, 2008-Ohio-1057, at ¶ 11..." [State's Memo, p. 7]. *National Interstate Corp.* does not support the prosecution's position given the unique factual posture of this case.

In *National Interstate Corp.,* the appellate court held that the analysis of what constitutes a final appealable requires greater "flexibility" when trade secrets are the source of the discovery dispute. *Id.* at ¶ 9. This case does not involve the discovery of trade secrets. In *National Interstate Corp.* the appellant possessed the documents that he claimed were privileged. Instead of asking the court to conduct an *in camera* review of specific documents, appellant moved the court "for a protective order [which] sought to prohibit discovery entirely with respect to NIC's requests for production of documents." *Id.* at ¶ 11. Thus, the "trial court has not been presented with the opportunity to determine whether any particular documents constituted trade secrets." *Id.* Presumably *National Interstate Corp.* could institute a proper appeal after it had provided the trial court with the opportunity to review *in camera* any specific documents that it believed were privileged.

This was not the situation in this case. The trial court ordered that DRC provide the documents simultaneously to Mr. Davis and the prosecution. Thus, Mr. Davis had no opportunity, as did the appellant in *National Interstate Corp.,* to submit documents to the trial court for *in camera* review prior to the opposing party reviewing the documents.

**III. MR. DAVIS HAS NO OTHER EFFECTIVE REMEDY.**

6

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5181

The prosecution cites this Court to *Briggs v. Mount Carmel Health Systems,* Franklin App. No. 07AP-251, 2007-Ohio-5558, for the notion that Mr. Davis will have an adequate remedy by the way of direct appeal from the re-sentencing order as to this discovery dispute. [State's Memo, p. 8]. *Briggs* is distinguishable in that the trial court *denied* the motion for disclosure of privileged information, as opposed to granting the motion for the disclosure of privileged information. The appellate court noted that the difference between the two was critical, "A discovery order is generally not considered to be a final appealable order because any harm from erroneous discovery has been held to be correctable on appeal. [citations omitted]. However, this and other courts have held that if a judgment orders a party to disclose allegedly privileged material, it is final and appealable. [citations omitted]. The rationale behind these cases is that by preventing the dissemination of protected materials, the quagmire of being unable to correct the error and provide an effective remedy on appeal, once privileged information is disclosed, is avoided." *Id. at* 11. The March 31, 2008 entry ordered the release of allegedly privileged material and thus pursuant to *Briggs v. Mount Carmel Health Systems Briggs* constitutes a final appealable order.

The prosecution argues that if the trial court later finds portions of the DRC records privileged, then the trial court can simply bar the prosecution from using them at the re-sentencing hearing. [State's Memo, p. 8]. The prosecution's argument misses the point. The privilege protects Mr. Davis' privacy interest in the records. The very release of those records to the

7

prosecution violates the interest the privilege is designed to protect, his privacy. That the trial court may ultimately preclude the prosecution from using his privileged records against him, does not cure the violation of his right to privacy.

Even ignoring this critical fact, the prosecution's argument fails for yet another reason. While the trial court can order the prosecution not to use the records as exhibits, there will always be the issue of whether the prosecution used the records to develop other detrimental information. Mr. Davis can request a taint hearing at which he can cross-examine every member of the prosecution team that has had access to the records, but there will always exist the potential that at some point the prosecution, either consciously or subconsciously, employed the privileged records to further its efforts to have Mr. Davis executed.

## III. CONCLUSION: THE COURT SHOULD ADOPT THE REQUISITE PROCEDURES TO INSURE THAT THE PRIVILEGED RECORDS ARE PROTECTED.

This Court should find that March 31, 2008 order is a final appealable order. As the prosecution concedes, it is "not so naïve to suggest that a state prisoner has not been examined or evaluated in a state correctional institution..." [State's Memo, p. 4]. This Court should adopt the holding of the Eleventh Appellate District that a direct appeal from an order requiring disclosure of DRC records would not afford a criminal defendant "a meaningful or effective remedy after the final merits ... have been decided because the DRC mental health records that are under seal would

8

have already been disclosed to the parties and their experts." *State v. Lorraine*,

Trumbull App. No. 2006-T-0100 (Jan. 31, 2007), pp. 2-3.

> To the extent that the present record is incomplete to definitively

address the privilege issue, this Court should remand this matter for additional

factual development. *See* Motion to Remand being file concurrently.

> Respectfully submitted,

RANDALL L. PORTER (0005835)
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
Randall.Porter@OPD.Ohio.gov

> And

MELYNDA COOK-REICH - 0066596
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

9

#### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Van Clark Davis'*

*Reply Concerning The Appealibity of the March 31, 2008 Order* was forwarded by

first-class U.S. Mail, postage prepaid and electronically to Daniel G. Eichel, First

Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr.

Assistant Butler County Prosecuting Attorney at the Government Services

Center, 315 High Street, Hamilton, Ohio 45011 on this 6th day of June, 2008.

COUNSEL FOR VON CLARK DAVIS

### ATTACHMENTS[6]

1.  *Briggs v. Mount Carmel Health Systems*, Franklin App. No. 07AP-251, 2007-Ohio-5558

2.  *Chambers v. AKAAS Corp.*, Lorain App. No. 05CA008791, 2006-Ohio-4156

3.  *In re Application for Release of Records of Donald Williams, et al.*, Franklin C.P. No. 89MS-09-679 (February 12, 1990 Order)

4.  *King v. American Standard Insurance Company of Ohio*, Lucas App. No. l-06-1306, 2006-Ohio-5774

5.  *National Interstate Corp. v. West*, Summit App. No. 23877, 2008-Ohio-1057

6.  *State v. Lorraine*, Trumbull App. No. 2006-T-0100 (Jan. 31, 2007)

---

[6] The cases are contained in the appendix the same order that they appear in the text.

10

Page 1

LEXSEE 2007 OHIO 5558

**Jeffrey Allen Briggs, M.D., Plaintiff-Appellant, v. Mount Carmel
Health System et al., Defendants-Appellees.**

**No. 07AP-251**

**COURT OF APPEALS OF OHIO, TENTH APPELLATE DIS-
TRICT, FRANKLIN COUNTY**

*2007 Ohio 5558; 2007 Ohio App. LEXIS 4884*

**October 18, 2007, Rendered**

**PRIOR HISTORY: [**1]**
APPEAL from the Franklin County Court of
Common Pleas. (C.P.C. No. 06CV-2124).

**DISPOSITION:**        Appeal sua sponte dis-
missed.

**COUNSEL:** Christensen Christensen Donchatz
Kettlewell & Owens, LLP, Kenneth R. Don-
chatz and Charles Kettlewell, for appellant.

Bailey Cavalieri LLC, Dan L. Cvetanovich and
Sabrina C. Haurin, for appellees.

**JUDGES:** McGRATH, J. SADLER, P.J., and
BRYANT, J., concur.

**OPINION BY: McGRATH**

**OPINION**

    (REGULAR CALENDAR)

    OPINION

    McGRATH, J.

    [*P1]    Plaintiff-appellant, Jeffrey Allen
Briggs, M.D. ("appellant"), appeals from the
decision and entry of the Franklin County

Court of Common Pleas denying his motion to
compel discovery.

    [*P2]    Appellant commenced this action
against Mount Carmel Health System, Trinity
Health System, and John Does One through
Five on February 14, 2006. Thereafter, pursu-
ant to *Civ.R. 41(A)(1)(a)*, appellant dismissed
all claims against Mount Carmel Health System
and Trinity Health System, and filed an
amended complaint against St. Ann's Hospital
of Columbus, Inc. ("St. Ann's"). This matter
arose after St. Ann's terminated appellant's
medical staff privileges at the hospital. Appel-
lant's complaint asserts violations of *R.C.
3701.351*, violations of procedural due process,
fraud, and defamation.

    [*P3]    On January 19, 2007, appellant
moved [**2] the trial court to compel discov-
ery and order St. Ann's to answer certain dis-
covery requests, including those seeking the
production of the health care peer review re-
cords of the committee involved in appellant's
termination of medical staff privileges. St.
Ann's opposed appellant's motion arguing that
the peer review records are privileged and con-
fidential pursuant to *R.C. 2305.252*. On March
5, 2007, the trial court rendered a decision and
entry denying appellant's motion to compel dis-

covery, finding the information sought to be privileged and prohibited from disclosure pursuant to *R.C. 2305.252*.

[*P4] It is from this decision that appellant appeals, and asserts the following single assignment of error:

> ASSIGNMENT OF ERROR NO. 1:
>
> THE TRIAL COURT INCORRECTLY INTERPRETED *R.C. 2305.252* TO PREVENT APPELLANT FROM OBTAINING AND OFFERING EVIDENCE TO SUPPORT A CLAIM OF DUE PROCESS VIOLATIONS BY APPELLEE.

[*P5] Before this court can reach the assignment of error presented, we must address whether appellant has appealed from a final appealable order.

[*P6] The question of whether an order is final and appealable is jurisdictional and can be raised sua sponte by an appellate court. *Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 87, 541 N.E.2d 64*; [**3] *State ex rel. White v. Cuyahoga Metro. Housing Auth. (1997), 79 Ohio St.3d 543, 544, 1997 Ohio 366, 684 N.E.2d 72*. Pursuant to *Section 3(B)(2), Article IV of the Ohio Constitution*, this court's appellate jurisdiction is limited to the review of *final* orders of lower courts.

[*P7] "* * * The entire concept of 'final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." *Noble v. Colwell, 44 Ohio St.3d 92, 94, 540 N.E.2d 1381*, quoting *Lantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306, 272 N.E.2d 127*. "A judgment that

leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." *State ex rel. Keith v. McMonagle, 103 Ohio St.3d 430, 2004 Ohio 5580, at P4, 816 N.E.2d 597*, citing *Bell v. Horton (2001), 142 Ohio App.3d 694, 696, 2001 Ohio 2593, 756 N.E.2d 1241*. "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States (1945), 324 U.S. 229, 233, 65 S.Ct. 631, 89 L. Ed. 911*.

[*P8] The trial court's decision denying appellant's motion to compel states, "[p]ursuant to the [**4] language found in *R.C. 2305.252*, the Court deems this decision and entry to be a final order appealable by either Plaintiff or Defendant." (Mar. 5, 2007 Decision at 6.) *R.C. 2305.252* provides for the confidentiality of proceedings and peer review records. The portion of *R.C. 2305.252* to which the trial court refers, provides in relevant part:

> * * * An order by a court to produce for discovery or for use at trial the proceedings or records described in this section is a final order.

[*P9] The record before us, however, does not reflect that the trial court ordered the production of peer review records for discovery or for use at trial. Rather, the trial court denied the motion to compel and found the sought information to be privileged. Because the trial court did not order the production of peer review records for discovery or for use at trial, *R.C. 2305.252* is not implicated, and the trial court's order is not final and appealable pursuant to *R.C. 2305.252. Gupta v. The Lima News (2001), 143 Ohio App.3d 300, 303, 2001 Ohio 2142, 757 N.E.2d 1227* (the record was devoid of an order to produce peer review records, therefore, the trial court's order staying discov-

2007 Ohio 5558, *; 2007 Ohio App. LEXIS 4884, **

ery pending an in-camera review was not a final appealable order [**5] pursuant to *R.C. 2305.251*, former *R.C. 2305.252*); *Wall v. Permanente Med. Group (1997), 119 Ohio App.3d 654, 695 N.E.2d 1233* (noting that the prior appeal of the trial court's ruling denying discovery pursuant to *R.C. 2305.251* was dismissed for lack of a final appealable order).

[*P10] We now must determine whether the trial court's order is a final appealable order pursuant to *R.C. 2505.02*, which provides in relevant part:

(A) As used in this section:

(1) "Substantial right" means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

(2) "Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

(3) "Provisional remedy" means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86 of the Revised Code, a prima-facie showing pursuant to section 2307.92 of the Revised Code, or a finding made pursuant to division (A)(3) [**6] of section 2307.93 of the Revised Code.

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

* * *

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

* * *

[*P11] A discovery order is generally not considered to be a final appealable order because any harm from erroneous discovery has been held to be correctable on appeal. *Culbertson v. Culbertson, Delaware App. No. 07 CAF 06 0031, 2007 Ohio 4782*; *Miles-McClellan Construction Co. v. Bd. of Edn. Westerville City School Bd., Franklin App. No. 05AP-1112, 2006 Ohio 3439, 2006 Ohio 3439*; *DeAscentis v. Margello, Franklin App. No. 04AP-4, 2005 Ohio 1520 at P27.* [**7] However, this and other courts have held that if a judgment orders a party to disclose allegedly privileged material, it is final and appealable. See, e.g., *Schottenstein, Zox & Dunn v. McKibben, Franklin App. No. 01AP-1384, 2002 Ohio 5075* (the trial court's order allowing discovery of attorney's client file was final appealable because no meaningful review would be possible once the information was disclosed); *Cuervo v. Snell*

*(Sept. 26, 2000), Franklin App. No. 99AP-1442, 2000 Ohio App. LEXIS 4404* (the trial court's order to produce discovery potentially protected by the attorney-client privilege was final appealable because there was no adequate remedy on appeal); *Gibson-Myers & Assoc. v. Pearce (Oct. 27, 1999), Summit App. No. 19358, 1999 Ohio App. LEXIS 5010* (the trial court's order permitting the discovery of trade secrets was final appealable because there would be no meaningful remedy on appeal). The rationale behind these cases is that by preventing the dissemination of protected materials, the quagmire of being unable to correct the error and provide an effective remedy on appeal, once privileged information is disclosed, is avoided. With this premise in mind, we turn to the application of *R.C. 2505.02* to the matter at hand.

[*P12]    [**8]    To satisfy *R.C. 2505.02(B)(4)* and constitute a final appealable order, an order must grant or deny a provisional remedy and both *subsections (a)* and *(b)* must apply. By statutory definition a provisional remedy includes discovery of a privileged matter. However, it is clear that appellant has not satisfied *subsection (b) of R.C. 2505.02(B)(4)*, as he has not demonstrated he would not be afforded a meaningful or effective remedy on appeal following a final judgment. Here, the trial court denied access to privileged documents, and any error in this regard can be remedied after final judgment. See *King v. Am. Std. Ins. Co. of Ohio, Lucas App. No. L-06-1306, 2006 Ohio 5774* (the discovery order would be final appealable only if the trial court ordered disclosure of potentially privileged information); *Chambers v. AKAAS Corp., Inc., Lorain App. No. 05CA008791, 2006 Ohio 4156*, discretionary appeal not allowed by *112 Ohio St. 3d*

*1442, 2007 Ohio 152, 860 N.E.2d 767* (no final appealable order where the appellant had not appealed from the denial of protection of actual privileged information that if provided would result in the disclosure of potentially privileged information); *Williams v. Nationwide Mut. Ins. Co., Meigs App. No. 05CA15, 2005 Ohio 6798* [**9] (trial court's order denying access to claims file was not final appealable because the plaintiff could not demonstrate she would be denied meaningful review after judgment). Thus, even though the denial of the discovery of privileged materials is a provisional remedy under *R.C. 2505.02(A)(3)*, appellant has not met the requirements of *R.C. 2505.02(B)(4)* and presented a final appealable order pursuant to that section.

[*P13]    Further, appellant has not demonstrated that denying access to the peer review records is a final appealable order under *R.C. 2505.02(B)(1)*. The trial court's discovery order does not determine the action, or prevent a judgment in either party's favor. Therefore, it is not a final appealable order under *R.C. 2505.02(B)(1)*. See *King, supra.*

[*P14]    The trial court's order denying appellant's motion to compel discovery does not meet the criteria set forth in *R.C. 2505.02*, to justify a departure from the general rule that such orders are not final and appealable. As such, we lack jurisdiction to review said order.

[*P15]    Because we lack jurisdiction to consider appellant's appeal on the basis that there is no final appealable order, appellant's appeal is hereby sua sponte dismissed.

*Appeal* [**10] *sua sponte dismissed.*

SADLER, P.J., and BRYANT, J., concur.

Page 1

LEXSEE 2006 OHIO 4156

**MOLLIE CHAMBERS, Appellant v. AKAAS CORP., INC., et al.,
Appellees**

**C. A. No. 05CA008791**

**COURT OF APPEALS OF OHIO, NINTH APPELLATE DISTRICT,
LORAIN COUNTY**

*2006 Ohio 4156; 2006 Ohio App. LEXIS 4123*

**August 14, 2006, Decided**

**SUBSEQUENT HISTORY:** Discretionary appeal not allowed by *Chambers v. AKAAS Corp., 112 Ohio St. 3d 1442, 2007 Ohio 152, 860 N.E.2d 767, 2007 Ohio LEXIS 93 (Ohio, Jan. 24, 2007)*

**PRIOR HISTORY:** [**1] APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS. COUNTY OF LORAIN, OHIO. CASE No. 03CV135432.

**DISPOSITION:** Appeal dismissed.

**COUNSEL:** WILLIAM J. NOVAK and COLIN P. SAMMON, Attorneys at Law, Cleveland, Ohio, for Appellant.

CHRISTINA J. MARSHALL, JOSEPH A. FARCHIONE and COLLEEN HEALY PET-RELLO, Attorneys at Law, Cleveland, Ohio, for Appellees.

**JUDGES:** BETH WHITMORE. CARR, J., BOYLE, J., CONCUR.

**OPINION BY:** BETH WHITMORE

**OPINION**

DECISION AND JOURNAL ENTRY

This cause was heard upon the record in the trial court and the following disposition is made:

WHITMORE, Presiding Judge.

[*P1]  Plaintiff-Appellant Mollie Chambers as Administratrix of the Estate of Charles Kraven has appealed from the decision of the Lorain County Court of Common Pleas that denied her motion to exclude expert testimony. This Court dismisses the appeal.

I

[*P2]  On June 25, 2003, Plaintiff-Appellant Mollie Chambers as Administratrix of the Estate of Charles Kraven filed a complaint against AKAAS Corp., Inc., Dr. Braimah Snaka, and Visiting Nurse Association of Cleveland alleging negligent medical care and treatment of the deceased. On May 4, 2005, Appellant dismissed her complaint against AKAAS Corp., Inc. and Dr. [**2]  Braimah Saaka. The complaint against Visiting Nurse Association of Cleveland ("VNA") remained.

[*P3]  On July 21, 2005, Appellant filed a motion to exclude the testimony of VNA's medical expert, Dr. George Anton. A hearing

was held on the matter and on August 18, 2005 the trial court denied Appellant's motion to exclude the testimony.

[*P4] Appellant has timely appealed, asserting one assignment of error for review.

II

Assignment of Error Number One

"THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY DENYING PLAINTIFF-APPELLANT'S MOTION TO EXCLUDE GEORGE ANTON, M.D. AS DEFENSE EXPERT."

[*P5] In her sole assignment of error, Appellant has argued that the trial court erred in denying her motion to exclude the testimony of Dr. Anton. Specifically, Appellant has argued that said testimony will violate the doctor-patient privilege.

[*P6] Orders regarding discovery are considered interlocutory and not immediately appealable. See *Walters v. Enrichment Ctr. Of Wishing Well, Inc. (1997), 78 Ohio St.3d 118, 120-121, 1997 Ohio 232, 676 N.E.2d 890.* As Appellant has argued, the Ohio Revised Code has created several exceptions to the general rule. See *R.C.* [**3] *2505.02(B).* However, we find that *R.C. 2505.02(B)* does not apply in this matter.

[*P7] Pursuant to *R.C. 2505.02(B):*

"An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"****

"(4) An order that grants or denies a provisional remedy and to which both of the following apply:

"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action." *R.C. 2505.02(B)(4).*

[*P8] The statute defines a "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence[.]" *R.C. 2505.02(A)(3).* While we find that the matter at hand falls into the statutory definition of "provisional remedy", we find that subsection (a) has not been [**4] satisfied. We cannot find that Appellant has been prevented a judgment in the action in her favor with respect to the provisional remedy. *R.C. 2505.02(B)(4)(a).*

[*P9] Appellant has not appealed from the denial of protection of specific, actual privileged information that if provided would result in the disclosure of potentially privileged material. Rather the trial court denied Appellant's motion to exclude Dr. Anton from testifying as an expert. He was not listed as a witness who treated the deceased and there is no evidence that he was called to testify about the decedent's specific medical history or records. Based on the foregoing, we find that Appellant's appeal is premature. Moreover, the trial court's ruling on Appellant's motion in limine is

2006 Ohio 4156, *; 2006 Ohio App. LEXIS 4123, **

only a preliminary ruling. Any objection to the denial of a motion in limine must be renewed once the evidentiary issue is presented during trial in order to properly preserve the question for appeal. *State v. Hill (1996), 75 Ohio St.3d 195, 202-203, 1996 Ohio 222, 661 N.E.2d 1068,* citing *State v. Brown (1988), 38 Ohio St.3d 305, 528 N.E.2d 523,* paragraph three of the syllabus. Therefore, if Dr. Anton is asked any questions that Appellant believes [**5] violate an alleged privilege Appellant can object and the trial court will rule on the objections. Accordingly, we find that we lack jurisdiction to hear the instant appeal.

III

[*P10] The instant appeal is dismissed for lack of jurisdiction.

Appeal dismissed.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. *App.R. 22(E).* The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to *App.R. 30.*

Costs taxed to Appellant.

BETH WHITMORE

FOR THE COURT

CARR, J.

BOYLE, J.

CONCUR

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

In re:                          )
                                )
APPLICATION FOR RELEASE OF       )
RECORDS BY DONALD WILLIAMS, et al.,)      CASE NO. 85MS-09-679
                                )
        Petitioners.            )
                                )

ORDER

Upon consideration of the Application For Release of Records by Donald
Williams, et al., the Memorandum in Support thereof, and the entire record
herein, it is,

ORDERED that the petitioner, Donald Williams and other similarly situated
inmates currently, or in the future who will be, under a sentence of death in
Ohio or any other state (hereafter "inmates"), shall have access to any and
all records, documents and information which are in the possession of the Ohio
Department of Rehabilitation and Correction and the institutions under its
control; the Ohio Adult Parole Authority; the Ohio Department of Mental Health
and the Ohio Department of Youth Services (hereafter "agencies");

IT IS FURTHER ORDERED that each inmate seeking access to records,
documents and information in the possession or control of the agencies, should
provide a written release and direct counsel to make the request to the
appropriate agency;

IT IS FURTHER ORDERED that upon receipt of the request seeking access from
counsel on behalf of an inmate, the agencies shall gather the records,

-1-

documents and information forthwith, and further advise counsel for the inmate as soon as said records, documents and information are available for review;

IT IS FURTHER ORDERED that counsel for an individual inmate may request a copy of any of the said records, documents and information and the agencies may charge a reasonable cost for said copies. Upon receipt of the copies, counsel for the inmate will pay the costs within a reasonable time;

IT IS FURTHER ORDERED that the agencies may deem certain records, documents or information to be sensitive or confidential. These records, documents or information include, but are not limited to, Psychiatric Records, Psychological Records, Social Summaries, Community Attitudes and Witness and Victim Statements. This however does not relieve the agencies of their obligation to provide the records, documents or information and copies thereof, to counsel for the inmates;

IT IS FURTHER ORDERED that if the agencies deem certain records, documents or information to be sensitive or confidential, the agencies shall advise counsel for an inmate of their concern, in writing, as to the particular record, document or information;

IT IS FURTHER ORDERED that is counsel for an inmate is advised of the sensitive or confidential nature of a record, document or information, counsel shall be prohibited from releasing the particular document to the inmate if so deemed by the agencies and to the public at large. Counsel for an inmate may disclose the record, document or information to experts retained by counsel for purposes of review and analysis. Said experts may make reference to the fact that he or she reviewed the record, document or information in any affidavit or submission to a court or tribunal. Counsel also may make reference to a record or certain content of a record, document as information in discussions with a client-inmate;

-2-

IT IS FURTHER ORDERED that if counsel for an inmate decides it necessary to use a record, document or information deemed sensitive or confidential to support any cause, action, claim, allegation, averment, assignment, proposition or petition, counsel may do so by filing said record, document or information "under seal" in the appropriate court or tribunal in which a cause is, had been or will be pending. Counsel is further required to notify the Ohio Attorney General and counsel for the agencies, through a certificate of service, of the filing of records, documents or information. Any decision regarding the opening to the public of any record, document or information filed under seal, shall be made by the court or tribunal in which the sealed record, document or information is filed. At any time, the court or tribunal in which a filing "under seal" is made, may view the record, document or information.

IT IS SO ORDERED.

_2-/2-90_
DATE

_C.H. Johnson_
JUDGE



−3−

LEXSEE 2006 OHIO 5774

**Charles King, Appellee v. American Standard Insurance Company of Ohio, Appellant**

**Court of Appeals No. L-06-1306**

**COURT OF APPEALS OF OHIO, SIXTH APPELLATE DISTRICT, LUCAS COUNTY**

*2006 Ohio 5774; 2006 Ohio App. LEXIS 5756*

**October 30, 2006, Decided**

**SUBSEQUENT HISTORY:** Cause dismissed by *King v. Am. Std. Ins. Co., 112 Ohio St. 3d 1437, 2007 Ohio 152, 860 N.E.2d 763, 2007 Ohio LEXIS 161 (Ohio, Jan. 24, 2007)*

**PRIOR HISTORY:**   [**1]  Trial Court No. CI2006-1843.

**DISPOSITION:**  MOTION GRANTED.

**COUNSEL:** Guy T. Barone, for appellee.

Peter C. Munger and Marshall W. Guerin, for appellant.

**JUDGES:** Mark L. Pietrykowski, J., William J. Skow, J., Dennis M. Parish, J., CONCUR.

**OPINION**

**DECISION AND JUDGMENT ENTRY**

PER CURIAM.

[*P1]  Plaintiff-appellee, Charles King, has filed a motion to dismiss the appeal filed by defendant, American Standard Insurance Company of Ohio ("American Standard.") American Standard filed a memorandum in support of jurisdiction and a memorandum in opposition to the motion to dismiss urging this court not to dismiss its appeal. King filed a reply. American Standard's notice of appeal states that it intends to appeal from two orders, the first entered on the court's journal on May 3, 2006, and the second entered on August 25, 2006. King contends that neither order is final and appealable.

[*P2]  The May 3 order denies American Standard's motion to bifurcate King's claims for bad faith, punitive damages, interest, attorney's fees, and costs from his claim for uninsured motorist coverage.

[*P3]  The August 25 order pertains to King's discovery request and states, in relevant part:

[*P4]    [**2]  "IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall produce those portions of its claims manual relevant to the adjustment of underinsured/uninsured motorist claims, and medical payment claims, to be inspected in camera. The Court will then determine what portions, if any, of the manual shall be disclosed to the Plaintiff."

[*P5]  *R.C. 2505.02* defines final orders in Ohio and states, in relevant part:

[*P6]  "Final order

[*P7]  "(A) As used in this section:

[*P8]  "(1) 'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.

[*P9]  "(2) 'Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.

[*P10]  "(3) 'Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, a prima-facie showing pursuant to section 2307.85 or 2307.86) of the Revised [**3] Code, a prima-facie showing pursuant to *section 2307.92 of the Revised Code*, or a finding made pursuant to division (A)(3) of section 2307.93 of the Revised Code.

[*P11]  "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

[*P12]  "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

[*P13]  "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

[*P14]  "(3) An order that vacates or sets aside a judgment or grants a new trial;

[*P15]  "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

[*P16]  "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

[*P17]  "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to [**4] all proceedings, issues, claims, and parties in the action.

[*P18]  "(5) An order that determines that an action may or may not be maintained as a class action[.]"

[*P19]  We will first address the May 3, 2006 order which denied the motion to bifurcate. This order is not final and appealable. *Korodi v. Minot (Aug. 23, 1988), 10th Dist. No. 88AP-24, 1988 Ohio App. LEXIS 3491* and *Goettl v. Edelstein (Dec. 5, 1985), 5th Dist. No. CA 2339, 1985 Ohio App. LEXIS 9815*.

[*P20]  The August 25, 2006 judgment ordered appellant to submit certain allegedly privileged materials to the court for an in camera inspection. Generally, discovery orders are not appealable. *Walters v. Enrichment Center of Wishing Well, Inc. (1997), 78 Ohio St.3d 118, 1997 Ohio 232, 676 N.E.2d 890*. However, if the judgment orders a party to disclose allegedly privileged material, it is appealable pursuant to *R.C. 2505.02(A)(3)* and *(B)(4)*. Appellee, Charles King, argues that the judgment in this case is not appealable because it only requires appellant to disclose the material to the judge for an in camera inspection. He states that if the judge decides that any or all of the information is not privileged and must be disclosed to King, the [**5] issue will then be ripe for appeal. We agree.

[*P21]  In *Covington v. MetroHealth Sys., 150 Ohio App.3d 558, 2002 Ohio 6629, at P 21*, the court states:

[*P22]  "To the extent the trial court's decision directs plaintiff to submit requested materials to an in camera review so the court can determine whether the documents are protected from disclosure on some alternative basis, in-

06/06/2008   14:58                        (FAX)                      P.001/034



Repper, Pagan, Cook, Ltd.
Attorneys and Counselors at Law
1501 First Avenue
Middletown, OH 45044
513-424-1823
fax # 513-424-3135

# Fax

| | | | |
|---|---|---|---|
| **To:** | Butler County Clerk of Courts | **From:** | Melynda Cook-Reich, Esq. |
| **Fax:** | 887-3966 | **Date:** | June 6, 2008 |
| **Phone:** | | **Pages:** | 34 |
| **Re:** | State of Ohio v. Von Clark Davis | **CC:** | |
| | Case No. CA2008-04-111 | | |
| | Reply Concerning the Appealability | | |

☐ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

•**Comments:**

*THIS MESSAGE AND ACCOMPANYING DOCUMENTS ARE INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH THEY ARE ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL, AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE RECEIVER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY WARNED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.*

From the desk of...
Ashley Streck
Legal Assistant

06/06/2008    15:37                          (FAX)                    P.002/009

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

FILED in COURT BUTLER CO. Court
BUTLER COUNTY APPEALS

JUN 06 2008

STATE OF OHIO,
                   FILED BUTLER CO.
                   COURT OF APPEALS
    Plaintiff - Appellee,

CINDY CARPENTER
CLERK OF COURTS

                           :

                JUN 06 2008

-vs-                           :    Case No. CA2008-04-111

                CINDY CARPENTER
VON CLARK DAVIS,     CLERK OF COURTS

    Defendant - Appellant.       :

---

## VON CLARK DAVIS' MOTION TO REMAND
## FOR LIMITED FACTUAL DEVELOPMENT

---

      Von Clark Davis moves this Court to remand this matter to permit limited factual development concerning the Department of Rehabilitation and Corrections' records at issue. Mr. Davis has attached a memorandum in support which he incorporates in this motion.

                 Respectfully submitted,

                 RANDALL L. PORTER (0005835)
                 Assistant State Public Defender
                 Office of the Ohio Public Defender
                 8 East Long Street, 11th Floor
                 Columbus, Ohio 43215
                 (614) 466-5394 (Voice)
                 (614) 644-0703 (Facsimile)
                 Randall.Porter@OPD.Ohio.gov

                 And

MELYNDA COOK-REICH - 0066596
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

## MEMORANDUM IN SUPPORT

This appeal is before this Court from the trial court's March 31, 2008 pretrial order requiring the Ohio Department of Rehabilitation and Correction ("DRC) to simultaneously release to Mr. Davis and the prosecution the DRC records concerning Mr. Davis. The order will result in the prosecution receiving Mr. Davis's medical and mental health records.[1]

The trial court entered the March 31, 2008 order in such a manner that it precluded Mr. Davis from raising objections with regard to any specific pages contained in the DRC file. At the March 18, 2008 hearing, the prosecution unexpectedly moved the trial court, with an oral motion, to the release of the records in question. The prosecution tendered with its oral motion a proposed entry which the trial court eventually approved. The prosecution's order provided for DRC to simultaneously provide the records to Mr. Davis and the prosecution. The prosecution's order did not provide Mr. Davis with an opportunity to review the DRC records prior to the prosecution accessing the records.

---

[1] The records in question may also contain documents protected by other privileges. *See* page 3, n. 2, *infra*.

2

The prosecution has now suggested that Mr. Davis has not adequately perfected the record in this appeal. The prosecution appears to suggest that Mr. Davis should have tendered to the trial court the records that he believed were privileged. [May 30, 2008 Appellee's Memorandum, pp. 4-5]. Mr. Davis would agree that this is the normal and preferred procedure. However, it was not a realistic procedure in this case. If Mr. Davis had attempted to invoke this procedure, the privacy of the records would have been destroyed. Because the March 31, 2008 order required DRC to simultaneously deliver the records to Mr. Davis and the prosecution, Mr. Davis would not have had an opportunity to seek a protective order prior to the prosecution reviewing the records. This scenario was not Mr. Davis' fault

This Court should effectuate the following procedure to correct any concerns that the prosecution has concerning the completeness of the record. This Court should remand the case to the trial court. It should provide that until permitted by order of this Court, the prosecution not review the records in question, but that counsel for Davis be permitted to review the records for purposes of the remand proceedings.[2] Mr. Davis, upon completion of his review of the DRC records should submit to the trial court for in camera review a privilege log with the relevant documents. This limited review procedure should not unduly delay the proceedings. This Court in its order should require the

---

[2] DRC has already delivered the records in question to both parties. The prosecution has represented to Ms. Cook-Reich that it has not reviewed the records. Counsel for Mr. Davis have opened the box containing the records only for the purpose of identifying the records. Mr. Porter has three pending requests for inmate records from DRC and it was necessary for him to ascertain to which case the records belonged. *See In re Application for Release of Records of Donald Williams, et al.*, Franklin C.P. No. 89MS-09-679 (February 12, 1990 Order).

3

prosecution to notify this Court upon the trial court's ruling upon the privilege
issue. At that point this Court's Magistrate should schedule the matter for a
status conference. Further proceedings in this Court may not be necessary if
the trial court concurs with Mr. Davis as those documents which he claims are
privileged.

WHEREFORE Mr. Davis requests this Court to grant this motion
and to include therein all of the restrictions identified herein.

Respectfully submitted,

RANDALL L. PORTER (0005835)
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
Randall.Porter@OPD.Ohio.gov

And

MELYNDA COOK-REICH - 0066596
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## ATTACHMENT

*In re Application for Release of Records of Donald Williams, et al.,* Franklin C.P.
No. 89MS-09-679 (February 12, 1990 Order)

4

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Van Clark Davis'*
*Motion to Remand for Limited Factual Development* was forwarded by first-class
U.S. Mail, postage prepaid and electronically to Daniel G. Eichel, First Assistant
Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler
County Prosecuting Attorney at the Government Services Center, 315 High
Street, Hamilton, Ohio 45011 on this 6th day of June, 2008.

COUNSEL FOR VON CLARK DAVIS

5

06/06/2008    15:39                                    (FAX)                    P.007/009

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

In re:                                    )
                                          )
APPLICATION FOR RELEASE OF                )
RECORDS BY DONALD WILLIAMS, et al.,       )    CASE NO. 89MS-09-679
                                          )
        Petitioners.                      )
                                          )



_____
            ORDER
_____

Upon consideration of the Application For Release of Records by Donald
Williams, et al., the Memorandum in Support thereof, and the entire record
herein, it is,

ORDERED that the petitioner, Donald Williams and other similarly situated
inmates currently, or in the future who will be, under a sentence of death in
Ohio or any other state (hereafter "inmates"), shall have access to any and
all records, documents and information which are in the possession of the Ohio
Department of Rehabilitation and Correction and the institutions under its
control; the Ohio Adult Parole Authority; the Ohio Department of Mental Health
and the Ohio Department of Youth Services (hereafter "agencies");

IT IS FURTHER ORDERED that each inmate seeking access to records,
documents and information in the possession or control of the agencies, should
provide a written release and direct counsel to make the request to the
appropriate agency;

IT IS FURTHER ORDERED that upon receipt of the request seeking access from
counsel on behalf of an inmate, the agencies shall gather the records,

-1-

documents and information forthwith, and further advise counsel for the inmate as soon as said records, documents and information are available for review;

IT IS FURTHER ORDERED that counsel for an individual inmate may request a copy of any of the said records, documents and information and the agencies may charge a reasonable cost for said copies. Upon receipt of the copies, counsel for the inmate will pay the costs within a reasonable time;

IT IS FURTHER ORDERED that the agencies may deem certain records, documents or information to be sensitive or confidential. These records, documents or information include, but are not limited to, Psychiatric Records, Psychological Records, Social Summaries, Community Attitudes and Witness and Victim Statements. This however does not relieve the agencies of their obligation to provide the records, documents or information and copies thereof, to counsel for the inmates;

IT IS FURTHER ORDERED that if the agencies deem certain records, documents or information to be sensitive or confidential, the agencies shall advise counsel for an inmate of their concern, in writing, as to the particular record, document or information;

IT IS FURTHER ORDERED that is counsel for an inmate is advised of the sensitive or confidential nature of a record, document or information, counsel shall be prohibited from releasing the particular document to the inmate if so deemed by the agencies and to the public at large. Counsel for an inmate may disclose the record, document or information to experts retained by counsel for purposes of review and analysis. Said experts may make reference to the fact that he or she reviewed the record, document or information in any affidavit or submission to a court or tribunal. Counsel also may make reference to a record or certain content of a record, document as information in discussions with a client-inmate;



-2-

06/06/2008   15:40                          (FAX)                    P.009/009

IT IS FURTHER ORDERED that if counsel for an inmate decides it necessary to use a record, document or information deemed sensitive or confidential to support any cause, action, claim, allegation, averment, assignment, proposition or petition, counsel may do so by filing said record, document or information "under seal" in the appropriate court or tribunal in which a cause is, had been or will be pending. Counsel is further required to notify the Ohio Attorney General and counsel for the agencies, through a certificate of service, of the filing of records, documents or information. Any decision regarding the opening to the public of any record, document or information filed under seal, shall be made by the court or tribunal in which the sealed record, document or information is filed. At any time, the court or tribunal in which a filing "under seal" is made, may view the record, document or information.

IT IS SO ORDERED.

2-12-90
DATE

C.H. Johnson
JUDGE

06/06/2008    15:36                    (FAX)                    P.001/009



FILED BUTLER CO.
COURT OF APPEALS

JUN 06 2008

CINDY CARPENTER
CLERK OF COURTS

FILED BUTLER CO.
Common Pleas Court
BUTLER COUNTY, OHIO

JUN 06 2008

CINDY CARPENTER
CLERK OF COURTS



Repper, Pagan, Cook, Ltd.
Attorneys and Counselors at Law
1501 First Avenue
Middletown, OH 45044
513-424-1823
fax # 513-424-3135

| To: | Butler County Clerk of Courts | From: | Melynda Cook-Reich, Esq. |
|---|---|---|---|
| Fax: | 887-3966 | Date: | June 6, 2008 |
| Phone: | | Pages: | 9 |
| Re: | State of Ohio v. Von Clark Davis | CC: | |
| | Case No. CA2008-04-111 | | |
| | Motion to Remand | | |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

•Comments:

*THIS MESSAGE AND ACCOMPANYING DOCUMENTS ARE INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY TO WHICH THEY ARE ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL,
AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE RECEIVER OF THIS MESSAGE IS NOT THE
INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE
INTENDED RECIPIENT, YOU ARE HEREBY WARNED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE
NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS
VIA THE U.S. POSTAL SERVICE. THANK YOU.*

From the desk of...
Ashley Streck
Legal Assistant

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5207

FILED

2008 JUN 10 AM 11: 14

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

**IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO**

STATE OF OHIO,

    Appellee,

vs.

VON CLARK DAVIS,

    Appellant.

:

:

:

:

:

    **CASE NO. CA2008-04-111**

**APPELLEE'S MEMORANDUM IN
OPPOSITION TO APPELLANT'S
MOTION TO REMAND FOR
LIMITED FACTUAL DEVELOPMENT**

: : : : : : : : : : : :

      Now comes the Prosecuting Attorney, and in opposition to the Defendant's motion "to

remand this matter for limited factual development," says that the trial court's entry is not a final

appealable order over which this appellate Court has jurisdiction, and thus, this Court has no

judicial authority to issue any order concerning the matter.

      It is beyond cavil that for an Ohio appellate court to have jurisdiction over an appeal,

Section 3(B)(2), Article IV of the Ohio Constitution requires that the court decision under review be

a judgment or final order.   In this regard, appellee State of Ohio has filed memoranda setting forth

legal argument why this Court has no jurisdiction over this matter.  We expressly incorporate the

legal argument set forth in those memoranda by reference as if fully rewritten herein.

                Respectfully submitted,

                **ROBIN N. PIPER** (0023205)
                **Butler County Prosecuting Attorney**

                **DANIEL G. EICHEL** (0008259)
                **First Assistant Prosecuting Attorney**
                Government Services Center
                315 High Street, 11th Floor
                Hamilton, Ohio 45012-0515
                Telephone: (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

1

**PROOF OF SERVICE**

This is to certify that a copy of the foregoing was mailed to Randall L. Porter, Attorney for Appellant, 8 East Long Street, 11th Floor, Columbus, OH 43215, and Melynda W. Cook-Reich, Attorney for Appellant, 1501 First Avenue, Middletown, OH 45044, by ordinary U.S. mail this 10th day of June, 2008.

**DANIEL G. EICHEL** (0008259)
**First Assistant Prosecuting Attorney**

**2**

FILED

**IN THE COURT OF APPEALS**
2008 JUN 10 AM 11: 14 **TWELFTH APPELLATE DISTRICT**
**BUTLER COUNTY, OHIO**

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

FILED BUTLER CO.
COURT OF APPEALS

JUN 1 0 2008

CINDY CARPENTER
CLERK OF COURTS

STATE OF OHIO            :            **CASE NO. CA2008-04-111**
    **Appellee,**
                         :

    **vs.**              :            **APPELLEE'S MEMORANDUM IN**
                                      **RESPONSE TO THE APPELLANT'S**
                         :            **REQUEST FOR ORAL ARGUMENT**
**VON CLARK DAVIS,**
    **Appellant.**       :

: : : : : : : : : : : : :

Now comes the Prosecuting Attorney, and in response to the Defendant's request for oral

argument, says that the Court's Local Rule 12(A) contemplates that oral argument will be granted

upon request after full briefing of an appeal on its merits  (e.g., "[o]ral argument may be requested

by filing a request for argument in the clerk's office within the time provided for the filing of the

appellant's reply brief"), whereas the present posture of the case at bar is on a preliminary, sua

sponte inquiry as to the Court's jurisdiction, and in such situation, Local Rule 13(D) contemplates

that "[a]ll motions will be ruled upon without oral argument, except where the court requests such

argument and notifies counsel to appear."   It is entirely within the Court's discretion to determine

its own jurisdiction without oral argument.

Respectfully submitted,

**ROBIN N. PIPER**  (0023205)
**Butler County Prosecuting Attorney**

**DANIEL G. EICHEL**  (0008259)
**First Assistant Prosecuting Attorney**
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

1

**PROOF OF SERVICE**

This is to certify that a copy of the foregoing was mailed to  Randall L. Porter, Attorney for Appellant, 8 East Long Street, 11th Floor, Columbus, OH 43215, and Melynda W. Cook-Reich, Attorney for Appellant, 1501 First Avenue, Middletown, OH 45044, by ordinary U.S. mail this 10th day of June, 2008.

**DANIEL G. EICHEL** (0008259)
**First Assistant Prosecuting Attorney**

2

FILED

2008 JUN 10 AM 11: 13

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

**IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO**

STATE OF OHIO,                           :          **CASE NO.  CA2008-04-111**

    **Appellee,**                              :

vs.                                      :          **APPELLEE'S MEMORANDUM IN**
                                                    **OPPOSITION TO APPELLANT'S**
                                         :          **MOTION TO STAY THE 3/31/08**
**VON CLARK DAVIS,**                                **ENTRY APPEALED FROM**
    **Appellant.**                             :

: : : : : : : : : : : : :

      Now comes the Prosecuting Attorney, and in opposition to the Defendant's motion to stay

the trial court's entry of March 31, 2008, from which this appeal was taken says that the said

entry is not a final appealable order over which this appellate Court has jurisdiction, and thus, no

judicial authority to issue a stay.

      It is beyond cavil that for an Ohio appellate court to have jurisdiction over an appeal,

Section 3(B)(2), Article IV of the Ohio Constitution requires that the court decision under review be

a judgment or final order.   In this regard, appellee State of Ohio has filed memoranda setting forth

legal argument why this Court has no jurisdiction over this matter.  We expressly incorporate the

legal argument set forth in those memoranda by reference as if fully rewritten herein.

                         Respectfully submitted,

                         **ROBIN N. PIPER**  (0023205)
                         **Butler County Prosecuting Attorney**

                         *Daniel D. Eichel*

                         **DANIEL G. EICHEL**  (0008259)
                         **First Assistant Prosecuting Attorney**
                         Government Services Center
                         315 High Street, 11th Floor
                         Hamilton, Ohio 45012-0515
                         Telephone: (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

1

**PROOF OF SERVICE**

This is to certify that a copy of the foregoing was mailed to Randall L. Porter, Attorney for Appellant, 8 East Long Street, 11th Floor, Columbus, OH 43215, and Melynda W. Cook-Reich, Attorney for Appellant, 1501 First Avenue, Middletown, OH 45044, by ordinary U.S. mail this 10th day of June, 2008.

**DANIEL G. EICHEL** (0008259)
**First Assistant Prosecuting Attorney**

2

F I L E D
IN THE COURT OF APPEALS FOR BUTLER COUNTY, OHIO

2008 JUL -1 PM 3:25

CINDY CARPENTER
STATE OF OHIO,
BUTLER COUNTY
CLERK OF COURTS
Appellee,                          :        CASE NO. CA2008-04-111

vs.                                :        ENTRY OF DISMISSAL

VON CLARK DAVIS,                   :

Appellant.                         :

The above appeal is taken from a March 31, 2008 entry filed in the Butler County

Court of Common Pleas styled "entry as to release of institutional records." The entry

directs that "certified copies of all institutional records held at the Ohio State Penitentiary

at Youngstown, Ohio by the Ohio Department of Corrections and Rehabilitation regarding

[appellant, Von Clark Davis] be released to both parties [appellee, the state of Ohio, and

appellant]; it appearing to the Court that such order will facilitate the Prosecuting

Attorney's duty under *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.ct. 1194, to disclose

any evidence in possession of the State which is potentially favorable to the defendant

and material to punishment ***." A notice of appeal from the entry was timely filed by

appellant on April 23, 2008.

Appellant was convicted of aggravated murder, murder and having a weapon under

disability in 1984 and sentenced to death. Appellant was before the Butler County Court

of Common Pleas on March 31, 2008 pursuant to a new sentencing hearing ordered by

the United States Court of Appeals for the Sixth Circuit. Appellant contends that the

common pleas court's entry releasing institutional records allows the state access records

Butler CA2008-04-111
Page -2-

that could involve appellant's doctor/patient and psychologist/client relationships.

By entry filed on May 13, 2008, this court directed the parties to file memoranda on the issue of whether the March 31, 2008 entry appealed from is a final appealable order. Both parties filed memoranda on May 30, 2008, and reply memoranda on June 6, 2008.

A final appealable order must satisfy the requirements of R.C. 2505.02. The parties agree that if the entry appealed from is a final order, it is because the entry constitutes a "provisional remedy" pursuant to R.C. 2505.02(A)(3). Provisional remedy is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of a privileged matter [or] suppression of evidence ***." *Id.* The entry appealed from, according to appellant, concerns discovery of privileged matter due to certain medical and psychological reports and examinations which may be contained in appellant's institutional records.

An order that grants or denies a provisional remedy is a final appealable order if both of the following apply: (1) the order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy, and (2) the appealing party would not be afforded a meaningful or effective remedy by appeal following final judgment as to all proceedings, issues, claims and parties in the action. R.C. 2505.02(4)(a)(b).

It is clear from the record and the pleadings that neither party contends that all of the information ordered released by the trial court is privileged material. The March 31, 2008 entry does not designate what material should be withheld from appellee as

Butler CA2008-04-111
Page -3-

privileged; it provides appellee with access to all of the released materials. Appellee contends that none of the material is privileged because the common pleas court simply ordered disclosure of a state prisoner's records from one state agency (ODRC) to another (a county prosecutor). Appellee also points out that it has a duty to examine the material for possible disclosure under *Brady.*

Given the present state of the record, it cannot be said that the order appealed from directs disclosure of any privileged matter. Under the circumstances, the order appealed from is not a final appealable order. See *Nat'l. Interstate Corp. v. West*, Summit App. No. 23877, 2008-Ohio-1057 (order compelling discovery of documents containing alleged trade secrets not final appealable order because extent to which documents contained trade secrets unknown); *Legg v. Hallet*, Franklin App. No. 07AP-170, 2007-Ohio-6695 (partial grant of motion to compel production of allegedly privileged documents not final appealable order as no showing documents ordered produced were privileged); *King v. American Standard Ins. Co. of Ohio*, Lucas App. No. L-06-1306, 2006-Ohio-5774 (appeal from order directing appellant to submit certain allegedly privileged material to court for in camera inspection not final appealable order); *Chambers v. AKAAS Corp.*, Lorain App. No. 05CA008791, 2006-Ohio-4156 (denial of motion to exclude doctor's testimony based upon doctor/patient privilege not final appealable order because appeal was premature and not appeal from actual denial of specific, privileged information); *Holliday v. Gerth*, Cuyahoga App. No. 86570, 2006-Ohio-934 (denial of motion for

Butler CA2008-04-111
Page -4-

protective order re records allegedly protected by attorney/client privilege not final appeal-

able order as nothing in record indicated information sought was privileged).

Based upon the foregoing, this appeal is hereby DISMISSED, costs to appellant.

IT IS SO ORDERED.

Stephen W. Powell, Judge

William W. Young, Judge

James E. Walsh, Judge



CINDY CARPENTER                                    CLERK OF COURTS

1000409618

**VON CLARK DAVIS  c/o  RANDALL L PORTER**
**OFFICE OF THE OHIO PUBLIC DEFENDER**
**8 EAST LONG ST., 11TH FLOOR**
**COLUMBUS, OH 43215**

Date:    July 7, 2008                          Case No.: CA 2008 04 0111
                        VON CLARK DAVIS vs. STATE OF OHIO

### C O P Y   M A I L E D
### 1 2 TH  D I S T R I C T   C O U R T   O F   A P P E A L S ,   B U T L E R   C O U N T Y ,   O H I O

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

CINDY CARPENTER
Butler County Clerk of Courts

By: VICTORIA DEPIFANIO
Deputy Clerk

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



CINDY CARPENTER                                    CLERK OF COURTS

1000409619

**STATE OF OHIO c/o ROBIN PIPER Prosecutor Butler County Ohio**
**315 High Street**
**Govt Serv Ctr**
**11TH FLOOR**
**HAMILTON, OH 45011**

Date:    July 7, 2008                         Case No.: CA 2008 04 0111
                      VON CLARK DAVIS vs. STATE OF OHIO

C O P Y   M A I L E D
1 2 TH  D I S T R I C T  C O U R T  O F  A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

CINDY CARPENTER
Butler County Clerk of Courts

By: VICTORIA DEPIFANIO
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

FILED

2008 JUL -9 PM

CINDY CARPENTER
STATE OF OHIO
CLERK OF COURT

**IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO**

STATE OF OHIO    :

    **Plaintiff - Appellee,**    :

-vs-    :    **Case No. CA2008-04-111**

**VON CLARK DAVIS,**    :

    **Defendant - Appellant.**    :

---

## APPELLANT VON CLARK DAVIS'
## MOTION TO CERTIFY A CONFLICT

---

OFFICE OF THE OHIO PUBLIC DEFENDER

RANDALL L. PORTER (0005835)
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
Randall.Porter@OPD.Ohio.gov

And

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5220

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

      Plaintiff - Appellee,           :

-vs-                                    :        Case No. CA2008-04-111

VON CLARK DAVIS,                        :

      Defendant - Appellant.          :

---

## APPELLANT VON CLARK DAVIS'
## MOTION TO CERTIFY A CONFLICT

---

    Appellant Von Clark Davis, pursuant to Oh. Const., Art. IV, §3(B)(4) and

App. R. 25(A), moves this Court to certify that its July 1, 2008 entry of

dismissal is in conflict with the following decision: *State v. Lorraine,* Trumbull

Case No. 2006-T-0100 (judgment entry), jurisdiction denied 114 Ohio St. 3d

1426, 2007-Ohio-2904.  Appellant has attached a memorandum of law which

he incorporates in this pleading.

                      Respectfully submitted,

                      OFFICE OF THE
                      OHIO PUBLIC DEFENDER

                      RANDALL L. PORTER (0005835)
                      Assistant State Public Defender
                      Office of the Ohio Public Defender
                      8 East Long Street, 11th Floor
                      Columbus, Ohio  43215
                      (614) 466-5394 (Voice)
                      (614) 644-0703 (Facsimile)

2

Randall.Porter@OPD.Ohio.gov

And

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

By _____
COUNSEL FOR VON CLARK DAVIS

## MEMORANDUM OF LAW

Courts of Appeals are required to certify a case to the Ohio Supreme Court "[w]henever" the judgment is in conflict with the judgment by another court of appeals. Oh. Const., Art. IV, §3(B)(4).

This Court's dismissal order of July 1, 2008 conflicts with the decision of the Eleventh Appellate District in *State v. Lorraine,* Trumbull Case No. 2006-T-0100 (judgment entry), jurisdiction denied 114 Ohio St. 3d 1426, 2007-Ohio-2904. [Exhibit A]. This Court found in the present case that a trial court's pretrial order granting the prosecution access to the Department of Rehabilitation and Corrections ("DRC") file of the criminal defendant was not a final appealable order. In *Lorraine,* the appellate court reached the contrary conclusion, holding that the trial court's order granting both parties access to the defendant's DRC file in a criminal proceeding (a mental retardation hearing) was a final appealable order. The *Lorraine* court reasoned, "The order allows

3

[Lorraine's] sealed mental health records to be disclosed to both parties and their experts. This poses a confidentiality issue." *Id.* at p. 2. The *Lorraine* court concluded that the "the proverbial bell cannot be unrung" and held that "[i]n the present case, [Lorraine] would not be afforded a meaningful or effective remedy after the final merits of the post-conviction petition have been decided because the mental health records that are under seal would have already been disclosed to the parties and their experts. Therefore, we find that the order on appeal is a provisional remedy that satisfies both prongs of R.C. 2505.02(B)(4) making it a final appealable order." *Id.* at pp. 2-3.

This Court should certify the following issue:

> Does a pretrial order in a criminal case granting the prosecution access to all of the Ohio Department of Rehabilitation and Correction's records of the individual on trial constitute a final appealable order?

WHEREFORE, Appellant Von Clark Davis requests this Court, pursuant to Article IV, Section 3(B)(4) of the Ohio Constitution and App. R. 25(A), to certify to the Ohio Supreme Court that its July 1, 2008 Entry of Dismissal is in conflict with *State v. Lorraine,* Trumbull Case No. 2006-T-0100 (judgment entry), jurisdiction denied 114 Ohio St. 3d 1426, 2007-Ohio-2904.

<div style="margin-left:40%">

Respectfully submitted,

OFFICE OF THE
OHIO PUBLIC DEFENDER

RANDALL L. PORTER (0005835)
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)

</div>

4

(614) 644-0703 (Facsimile)
Randall.Porter@OPD.Ohio.gov

And

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
MCook@bizcinci.rr.com

By_____
COUNSEL FOR VON CLARK DAVIS

5

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Appellant Von Clark Davis'*
*Motion To Certify A Conflict* was forwarded by first-class U.S. Mail, postage
prepaid and electronically to Daniel G. Eichel, First Assistant Butler County
Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County
Prosecuting Attorney at the Government Services Center, 315 High Street,
Hamilton, Ohio 45011 on this 8th day of July, 2008.

COUNSEL FOR VON CLARK DAVIS

6

STATE OF OHIO        )        IN THE COURT OF APPEALS
                     ) SS.
COUNTY OF TRUMBULL   )        ELEVENTH DISTRICT


STATE OF OHIO,                JUDGMENT ENTRY

    Plaintiff-Appellee,

    -vs-              CASE NO. 2006-T-0100

CHARLES L. LORRAINE,          **F I L E D**
                              COURT OF APPEALS
    Defendant-Appellant.
                              JAN 3 1 2007

                              TRUMBULL COUNTY, OH
                              KAREN INFANTE ALLEN, CLERK

    This matter is before this Court upon Appellee, State of Ohio's, motion to

dismiss this appeal for lack of a final appealable order filed September 19, 2006.

    Appellant, by and through counsel, filed a memorandum in opposition to the

motion on October 2, 2006.

    This appeal stems from a judgment issued by the trial court on August 9,

2006, which found, *inter alia*, that certain mental health records concerning

Appellant, presently under seal, would be necessary for the trial court to make an

appropriate decision and for experts to evaluate the case.  The court further

indicated that these records will be available for the parties and their experts and

were not to be disseminated any further without further order of the court. The case

is before the trial court upon Appellant's petition for post-conviction relief on the

issue of mental retardation pursuant to *Atkins v. Virginia* (2002), 122 S.Ct. 2242.



EXHIBIT
A

In its motion to dismiss, Appellee asserts that the appealed judgment is an interlocutory order which merely establishes procedures and protocol in adjudicating Appellant's claim filed pursuant to *Atkins*.

We disagree. Clearly, the judgment does more that establish a procedure in adjudicating Appellant's post-conviction claim. The order allows Appellant's sealed mental health records to be disclosed to both parties and their experts. This poses a confidentiality issue.

Under R.C. 2505.02(B)(4), an order is final and immediately appealable when the order grants or denies a provisional remedy when the following applies: a) the order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy; and b) the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action. Further, in *State v. Muncie* (2001), 91 Ohio St.3d 440, 451, the Supreme Court of Ohio stated that "[t]his division of the final order statute recognizes that, in spite of courts' interest in avoiding piecemeal litigation, occasions may arise in which a party seeking to appeal from an interlocutory order would have no adequate remedy from the effects of that order on appeal from judgment. In some instances, '[t]he proverbial bell cannot be unrung and an appeal after final judgment on the merits will not rectify the damage' suffered by the appealing party."

In the present case, Appellant would not be afforded a meaningful or effective remedy after the final merits of the post-conviction petition have been decided

2

because the mental health records that are under seal would have already been disclosed to the parties and their experts.

Therefore, we find that the order on appeal is a provisional remedy that satisfies both prongs of R.C. 2505.02(B)(4) making it a final appealable order.

Accordingly, Appellee's motion to dismiss the appeal is overruled.

JUDGE WILLIAM M. O'NEILL

DONALD R. FORD, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.

**FILED**
COURT OF APPEALS

JAN 3 1 2007

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

3

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5228

FILED
2008 JUL -9 PM 3:52
CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,
    Appellee,

vs.

VON CLARK DAVIS,
    Appellant.

FILED BUTLER CO.
COURT OF APPEALS

JUL 09 2008

CINDY CARPENTER
CLERK OF COURTS

CASE NO.  CA2008-04-111

**APPELLEE'S MEMORANDUM
IN OPPOSITION TO APPELLANT'S
MOTION TO CERTIFY A CONFLICT**

: : : : : : : : : : : :

    Now comes Appellee, and in opposition to the Appellant's motion requesting that the

Court's July 1, 2008 decision be certified to the Supreme Court of Ohio under Section 3(B)(4),

Article IV of the Ohio Constitution, as being in conflict with a decision of another court of appeals

on the same question, says that the motion should be denied.

    The prerequisite for certifying a conflict is that "a judgment *** [of the certifying court] is

in conflict with a judgment pronounced upon the same question by any other court of appeals of

the state."  Section 3(B)(4), Article IV of the Ohio Constitution; see also R.C. 2501.12, App.R. 25,

and S.Ct.Prac.R. IV.  Thus, "there must be an actual conflict between appellate judicial districts on

a rule of law before certification of a case to the Supreme Court for review and final determination

is proper." ***Whitelock v. Gilbane Bldg. Co.*** (1993), 66 Ohio St.3d 594, 613 N.E.2d 1032,

paragraph one of the syllabus.  The certifying court must find that its judgment is in conflict with

the judgment of a court of appeals of another district and the asserted conflict "upon the same

question," id. at 596.  This Court must be cautious in certifying conflicts to the Supreme Court,

because to do so imposes upon the Supreme Court the duty to review the case. ***State v.***

***Hankerson*** (1989), 52 Ohio App.3d 73, 557 N.E.2d 847.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

1

There is no actual conflict on a rule of law demonstrated here. The alleged conflict case,

**State v. Charles L. Lorraine** (order, Jan. 31, 2007), 11th Dist. Trumbull App. No. 2006-T-0100,

reveals different circumstances, and thus, a different issue, where a court of appeals deemed a

trial judge's order — that "*institutional mental health records concerning Appellant*" should be

unsealed and made available to the parties and their experts for use in determination of a post-

conviction hearing to determine the issue of mental retardation vel non pursuant to *Atkins v.*

*Virginia* (2002), 536 U.S. 304, 122 S.Ct. 2242 — was a final, appealable (albeit interlocutory)

order. Specifically, the record in was clear that the **Lorraine** case involved "institutional mental

health records concerning Appellant" and the court of appeals's entry does not reveal any dispute

as to disclosure of other institutional records that were *not* mental health records. On the other

hand, the case at bar involved *all of the appellant's DRC records*, with appellant's bare assertion

that "certain medical and psychological reports and examinations *** may be contained" in the

same, and the essential holding of this Court in the case at bar is:

> "*** Given the state of the record, it cannot be said that the order appealed from
> [the common pleas court's order releasing institutional records held by the Ohio
> Department of Rehabilitation and Correction regarding appellant, Von Clark Davis]
> directs disclosure of any privileged matter. Under the circumstances, the order
> appealed from is not a final appealable order. *Nat'l. Interstate Corp. v. West*,
> Summit App. No. 23877, 2008-Ohio-1057, at ¶11 (order compelling discovery of
> alleged trade secrets not final appealable order as no showing because extent to
> which documents contained trade secrets unknown); *Legg v. Hallet*, Franklin App.
> No. 07AP-170, 2007-Ohio-6595 (partial grant of motion to compel allegedly
> privileged documents not final appealable order as no showing documents ordered
> produced were privileged); *King v. American Standard Ins. Co. of Ohio*, Lucas App.
> No. L-06-1306, 2006-Ohio-5774 (appeal from order directing appellant to submit
> certain allegedly privileged material to court for in camera inspection not final
> appealable order); *Chambers v. AKAAS Corp.*, Lorain App. No. 05CA008791,
> 2006-Ohio-4168 (denial of motion to exclude doctor's testimony based upon
> doctor/patient privilege not final appealable order because appeal was premature
> and not appeal from actual denial of specific, privileged information); *Holliday v.
> Gerth*, Cuyahoga App. No. 86570, 2006-Ohio-934 (denial of motion for protective
> order re records allegedly protected by attorney/client privilege not final appealable
> order as nothing in record indicated information sought was privileged)."

**State v. Davis** (order dated July 1, 2008), Butler App. No. CA2008-04-111, at p. 3-4.

2

*Lorraine* is thus distinguishable on its particular facts; the record in this case is quite different from that in *Lorraine*. And as demonstrated above, this Court's decision expressly considered and cited relevant cases from the 6th, 8th, 9th, and 10th Appellate Districts, so as to consciously avoid any conflict with decisions of any other district.

Moreover, this Court should also be made aware that in the asserted conflict case, upon acceptance of the interlocutory appeal, the trial court's order unsealing those institutional mental health records was *affirmed*. *State v. Lorraine*, 11th Dist. Trumbull App. No. 2006-T-0100, 2007-Ohio-6724. The court of appeals indicated that the trial court's order was not an abuse of discretion in concluding that institutional mental health records were relevant to the *Atkins* issue (mental retardation as to preclude execution of a death sentence). *Lorraine*, at ¶¶19-36. Quite instructive as to the validity of the basis for allowing the interlocutory appeal, the decision does not discuss any issue of privilege or confidentiality.

**WHEREFORE**, the appellant's motion to certify should be denied.

Respectfully submitted,

**ROBIN N. PIPER**  (0023205)
**Butler County Prosecuting Attorney**

**MICHAEL A. OSTER, JR.** (0076491)
**Assistant Prosecuting Attorney**
**and Chief, Appellate Division**

**DANIEL G. EICHEL** (0008259)
**Assistant Prosecuting Attorney**
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio  45012-0515
Telephone: (513) 887-3474

3

**PROOF OF SERVICE**

This is to certify that a copy of the foregoing was mailed to Randall L. Porter, Attorney for Appellant, 8 East Long Street, 11th Floor, Columbus, OH 43215, and Melynda W. Cook-Reich, Attorney for Appellant, 1501 First Avenue, Middletown, OH 45044, by ordinary U.S. mail this 10th day of July, 2008.

**DANIEL G. EICHEL** (0008259)
**Assistant Prosecuting Attorney**

4

-

**2007-Ohio-6724; State v. Lorraine;**

2007-Ohio-6724

[Cite as State v. Lorraine, 2007-Ohio-6724]

STATE OF OHIO. Plaintiff-Appellee,
v.
CHARLES L. LORRAINE. Defendant-Appellant.

CASE NO. 2006-T-0100

11th District Court of Appeals of Ohio, Trumbull County
Decided on December 14, 2007

Civil Appeal from the Court of Common Pleas, Case No. 86 CR 182.

Judgment: Affirmed.

Dennis Watkins, Trumbull County Prosecutor and LuWayne Annos, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

Marc S. Triplett, 332 South Main Street, Bellefontaine, OH 43311 (For Defendant-Appellant).

OPINION

MARY JANE TRAPP, J.

{¶1}    Appellant, Charles L. Lorraine, appeals the August 9, 2006 judgment entry of the Trumbull County Court of Common Pleas, which, inter alia, denied appellant's motion for a protection order to have his institutional mental health records remain sealed for purposes of determining whether he is mentally retarded upon review of his Atkins claim. For the reasons that follow, we affirm.

{¶2}    Facts and Procedural History

{¶3}    This is the second time appellant's post-conviction review of his Atkins claim is before this court. See State v. Lorraine, 11th Dist. No. 2003-T-0159, 2005-Ohio-2529 ("Lorraine I"). In his first appeal, appellant challenged the trial court's dismissal of his petition for post conviction relief. Appellant had been convicted of four counts of aggravated murder and two counts of aggravated burglary on November 18, 1986, and was sentenced to death on December 9, 1986. He filed his petition on June 9, 2003, based upon the United States Supreme Court decision of Atkins v. Virginia (2002), 536 U.S. 304, which held that the execution of mentally retarded persons violates the Eighth Amendment's prohibition against cruel and unusual punishment and the Supreme Court of Ohio's decision of State v. Lott, 97 Ohio St.3d 303, 2002-Ohio-6625, which delineated the procedures Ohio would follow in determining whether a capital defendant is mentally retarded.

{¶4}    In support of his petition, appellant submitted mitigation testimony and IQ test results from his 1986 mitigation hearing. At the time, the trial court sua sponte ordered the production of appellant's institutional records from Mansfield Correctional Institute so that these records could be used, along with other evidence, to determine whether he is, in fact, mentally retarded. Appellant asked the court to seal these records, which it did. However, the trial court dismissed the petition for post-conviction relief finding there were no substantive grounds for relief.

{¶5}    In Lorraine I, this court found that dismissal was inappropriate since appellant had met his burden by demonstrating factual issues regarding whether he is mentally retarded under the Atkins standard. We reversed and remanded the case to the trial court and ordered the court to conduct a full evidentiary hearing and to appoint experts to evaluate whether he is, in fact, mentally retarded pursuant to Atkins. Lorraine I at ¶19.

{¶6}    Upon remand, appellant filed different motions, including, inter alia, a motion for a protective order so that his institutional mental health records would remain sealed. The trial court held a preliminary hearing, which was transcribed, to address preliminary motions including the issue of the sealed mental health records. At the hearing, appellant's counsel and the state presented arguments concerning whether these records should be unsealed and considered for purposes of the Atkins claim. Appellant's counsel argued that because there must be an onset of mental retardation before age eighteen, these institutional records are irrelevant. The state, however, argued that the records are admissible and should be considered in the determination of whether appellant is mentally retarded.

{¶7}    The trial court agreed with the state's position and ordered that the sealed mental health records be unsealed. The court's rationale

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5233

was that "these records will be necessary for counsel to prepare and for an expert to adequately opine on the Defendant's present status." Appellant appealed that decision to this court. Appellee filed a motion to dismiss the instant appeal arguing that there was no final appealable order. This court held that the order to unseal the mental health records poses a confidentiality issue and that appellant would not be afforded a meaningful or effective remedy after the merits of the post-conviction petition were decided once the sealed records were unsealed. Thus, we determined that the order was a final, appealable order and that the appeal was properly before this court.

{¶8}      Appellant raises three assignments of error for our review:

{¶9}      "[1.] In derogation of the Fourteenth Amendment guarantees of procedural and substantive due process, the trial court erred by determining that a post conviction proceeding, brought in accordance with State v. Lott (2002), 97 Ohio St.3d 303, Atkins v. Virginia, 536 U.S. 304 (2002) [sic] and the Eighth Amendment, to determine the constitutionality of an imposed death sentence anticipates and, by implication, requires a present-time condition of mental retardation. (Judgment Entry, August 9, 2006)

{¶10}     "[2.] In derogation of the Fourteenth Amendment guarantees of equal protection of law, the trial court erred by determining that a post conviction proceeding, brought in accordance with State v. Lott (2002), 97 Ohio St.3d 303, Atkins v. Virginia, 536 U.S. 304 (2002) [sic] and the Eighth Amendment, to determine the constitutionality of an imposed death sentence anticipates and, by implication, requires a present-time condition of mental retardation. (Judgment Entry, August 9, 2006)

{¶11}     "[3.] In derogation of the Fifth, Sixth and Fourteenth Amendments, the trial court erred by requiring that a post conviction proceeding, (brought in accordance with State v. Lott (2002), 97 Ohio St.3d 303, Atkins v. Virginia, 536 U.S. 304 (2002) [sic] and the Eighth Amendment, to determine the constitutionality of an imposed death sentence) [sic] examine, consider and determine issues not raised by the post conviction petition or the record."

{¶12}     Standard of Review

{¶13}     At the outset, we review the trial court's decision to deny appellant's protective order and to unseal the mental health records under an abuse of discretion standard. "In the regulation of discovery, the trial court has discretionary power and its decisions will not be overturned absent an abuse of that discretion." Armstong v. Marusic, 11th Dist. No. 2001-L-232, 2004-Ohio-2594, at ¶17, citing Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578, 592. Abuse of discretion connotes an attitude that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, "[a]s a postconviction relief proceeding is a collateral civil attack on a judgment, the judgment of the trial court is reviewed under the abuse of discretion standard." State v. Gondor, 112 Ohio St.3d 377, 2006-Ohio-6679, at ¶49, citing State v. Pierce (Dec. 22, 2000), 11th Dist. No. 98-L-232, 2000 Ohio App. LEXIS 6091, 5.

{¶14}     Atkins and its Progeny

{¶15}     In Atkins, the United States Supreme Court held that executing mentally retarded criminal defendants "is excessive and that the Constitution `places a substantive restriction on the State's power to take the life' of a mentally retarded offender." Atkins at 321, citing Ford v. Wainright (1986), 477 U.S. 399, 405. In reaching this holding, the Atkins court specifically deferred to the states' discretion to establish procedures for determining whether a capital defendant is mentally retarded.

{¶16}     In Lott, the Supreme Court of Ohio delineated the procedures for post-conviction relief and the means for reviewing an Atkins claim. The court held that mental retardation must be proven by a preponderance of the evidence. Lott at ¶17. It further adopted the following three-prong test in accordance with the American Association of Mental Retardation and the American Psychiatric Association's standards. The defendant must demonstrate: "(1) significantly subaverage intellectual functioning, (2) significant limitations in two or more adaptive skills, such as communication, self-care, and self-direction, and (3) onset before the age of 18." Id. at ¶12.

{¶17}     The Lott court recognized that while there is a rebuttable presumption that a defendant is not mentally retarded if his or her IQ is above 70, IQ alone is not determinative. Id. The Lott court further emphasized that in evaluating an Atkins claim, the trial court shall conduct its own de novo review of the evidence and rely on expert opinions to determine whether the defendant is mentally retarded. Id. at ¶18.

{¶18}     Time-Frame for Determining Mental Retardation and Access to Post-Trial Mental Health Records

{¶19}     In his first and second assignments of error, appellant challenges the trial court's decision to unseal his mental health records and argues that the court incorrectly held that Atkins "anticipates a present condition of mental retardation." Appellant maintains that Atkins and Lott confine the trial court to review his mental status exclusively at the time of the crime and that a present-day evaluation of his mental status and consideration of his institutional mental health records deprives him of equal protection and due process.

{¶20}     Whether the trial court abused its discretion in ordering the mental health records disclosed and in considering his present mental status is dependent upon whether the trial court was correct in concluding that the records are necessary to determine whether appellant is mentally retarded for purposes of his Atkins claim. Again, appellant argues that his constitutional right to equal protection and due process has been violated by the trial court's decision to examine his present mental status rather than looking at his status at the time the crime was

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5234

committed. He further contends that "[t]here is no factual, scientific validity explained nor any legal authority cited in the trial court's judgment which provide a basis to include or develop post-offense evidence of behavior during incarceration when determining an Atkins [sic] claim."

{¶21}    Initially, we note that the court's reference to appellant's "present status" and "present condition of mental retardation" is actually a misnomer. While the determination of whether a defendant is mentally retarded under Atkins standards must be made in the present, the manifestation of mental retardation must occur before age eighteen. The trial court should not have couched the inquiry in terms of "present mental status." Nevertheless, the question of a relevant "time-frame," is "more semanical [sic] than real *** [s]ince mental retardation is a developmental disability that becomes apparent before adulthood." Bowling v. Kentucky (2005), 163 S.W.3d 361, 376.

{¶22}    Despite the use of this language, we find that the trial court's entry, in its effect, does not restrict its review solely to a consideration of appellant's present mental state. When the order is read in its entirety, it becomes clear that the court anticipated that because mental retardation must be onset before age eighteen, there must also be evidence introduced that reflects this early onset. The court specifically stated: "This Court acknowledges that there is a dispute regarding as to what period of time the determination for mental retardation should be made. Obvious [sic] an early determination [of mental retardation] has to be made because of onset before age 18 is required. But the Atkins decision is based on cruel and unusual punishment and anticipates a present condition of mental retardation. The Court finds these records would be necessary in order for this Court to make an appropriate decision and for experts to evaluate the case."

{¶23}    We agree with the trial court's conclusion that these records should be considered and reject appellant's argument that the trial court should be precluded from considering any post-trial evidence regarding his claim of mental retardation. The Lott court affirmatively stated that in determining whether the defendant is mentally retarded, "[t]he trial court should rely on professional evaluations of [the defendant's] mental status, and consider expert testimony, appointing experts if necessary ***." Lott at ¶18. (Emphasis added.)

{¶24}    Neither Atkins nor Lott restricts the trial court's review of an Atkins claim to evaluations done at the time of the crime. Nor do these decisions exclude evidence accumulated post-trial that is relevant for use by experts in evaluating a post conviction Atkins claim. Rather, these decisions made it clear that experts may need to be appointed to give their opinions on whether the defendant is mentally retarded. Since evaluations are being ordered and considered in the present, it follows by implication that these courts anticipated that trial courts would be considering the defendant's post-offense mental status in making its present-day determination. In fact, because mental retardation was not at issue pre-Atkins and the evidence adduced at trial was not tailored toward that issue, it is to be expected that appointed experts may need to perform current evaluations and consider post-trial evidence.

{¶25}    As we recognized in Lorraine I: "There is a significant difference between expert testimony offered for mitigation purposes and expert testimony offered for Atkins purposes. Although the expert testimony presented at [appellant's] mitigation hearing regarding his intellectual limitations is relevant to [appellant's] Atkins claim, it was not developed either to prove or to disprove the issue presented by his Atkins claim[.]" Lorraine at ¶27, quoting, State v. Bays, 159 Ohio App.3d 469, 2005-Ohio-47, at ¶23. Thus, "the factual/legal determination [of whether one is mentally retarded] must be made following a hearing during which the court will be guided by evaluation and diagnosis made by those with expertise in diagnosing mental retardation." Louisiana v. Dunn, 831 So.2d 862, at ¶60.

{¶26}    Furthermore, because protocols or testing procedures used at the time of the trial may be outdated, post-trial evaluations and current evaluations of the defendant's mental status and adaptive skills may need to be considered by the experts. As one commentator has noted: "Appellate courts and lawyers who rely on [IQ] test scores as indications of mental retardation should be aware that they may be placing their faith in the results of mental-retardation measurements that were never intended to be used in a legal context. The test [sic] themselves were designed only to be academic screening devices but were later used for what by contemporary standards would be considered pernicious purposes." Davis, Death-Penalty Appeals and Post-Conviction Proceeding: Intelligence Testing and Atkins: Considerations for Appellate Courts and Appellate Lawyers (Fall, 2003), 5 J. App. Prac. & Process 297, 312.

{¶27}    This point was emphasized by the court in State v. Waddy, 10th Dist. No. 05AP-866, 2006-Ohio-2828, which involved the similar issue presented in Lorraine I, i.e. the need for an evidentiary hearing and appointment of experts. The court noted, with respect to pre-Atkins/Lott testing: "[The expert] conducted his evaluation, however comprehensive it may be, seven years prior to Atkins. The record is unclear concerning the standards [the expert] employed in his evaluation, and, as noted, we cannot assume the correct standards were utilized when no evidence supports that assumption. [The expert] did not have the benefit of the guidelines set forth in Lott for purposes of an Atkins claim. Though the 1969 and 1995 reports are relevant to defendant's 'psychological, cognitive and behavioral characteristics', they were not procured and developed as evidence going to the ultimate issue presented by his Atkins claim: whether defendant is so impaired that his execution would constitute cruel and unusual punishment." Id. at ¶46.

{¶28}    Moreover, it is commonly recognized, with respect to measures of adaptive behavior, that "there will usually be no adaptive behavior test on record prior to the offense. For this reason, it is important for experts conducting Atkins evaluations to obtain information relating to the defendant's adaptive skills before the offense occurred and prior to incarceration to augment whatever recent information is provided by informants. Lawyers should make every effort to locate as many records as possible from schools, employers, providers, and government agencies so that evaluations of adaptive behavior take into account information from all available sources." Bonnie & Gustafson, Allen Chair Symposium: The Role of the Death Penalty in America: Reflections, Perceptions, and Reform: Article: The Challenge of Implementing Atkins v. Virginia: How Legislators and Courts Can Provide Accurate Assessments and Adjudications of Mental Retardation in Death Penalty Cases (May, 2007), 41 U. Rich. L.Rev. 811, 848-849. (Emphasis added.)

{¶29}   Contrary to appellant's assertion, other courts have taken into consideration post-trial evidence, including institutional mental health records or testimony of prison personnel when reviewing a post-conviction Atkins claim. See e.g., State v. Williams, 165 Ohio App.3d 594, 2006-Ohio-616; State v. White, 9th Dist. No. 22591, 2005-Ohio-6990 (post-trial IQ test results upheld); State v. O'Neal, 1st Dist. No. C-050840, 2006-Ohio-6283 (psychologist relied on IQ test results, evaluations, medical, school, work and prison records); State v. Gumm, 169 Ohio App.3d 650, 2006-Ohio-6451, at ¶21 (state presented testimony of death-row corrections officer and case manager in an attempt to show that he had no limitations in adaptive functioning); State v. Burke, 10th Dist. No. 04AP-1234, 2005-Ohio-7020, at ¶36 (expert took into account writings defendant made while in prison); Jackson v. Alabama, 963 So.2d 150, 156 (court considered testimony of corrections officer regarding defendant's adaptive behavior).

{¶30}   In Williams, for instance, the trial court, in dismissing the defendant's petition, considered three IQ test results and a recent expert report in which the expert concluded that defendant was not mentally retarded. The trial court also considered the defendant's institutional records and correspondence by the defendant while in prison. Although we found that the defendant's correspondence was unauthenticated and not part of the record pursuant to Civ.R. 56(C), we did not reject the use of the post-trial evidence per se. By inference, it was understood that recent test results and even properly authenticated prison records could be considered in reviewing an Atkins claim.

{¶31}   We agree with the state's position that a trial court must consider all relevant evidence rather than looking solely at that evidence regarding the defendant's mental capacity at the time of the offense. As the state so aptly points out: "In the interest of fairness to both the State and the offender, an examination of the offender's past and present mental status would serve the interest of justice, not the interest of one capital offender ***." Obviously, because there must be an early onset of mental retardation before age eighteen, testimony from family members, teachers, and introduction of school records and psychological evaluations from this time period is germane to this issue. However, this should not foreclose consideration of all relevant evidence, regardless of whether it consists of post-trial records or evaluations. Appellant should not be able to selectively choose which documents, from which time frame, the court should consider.

{¶32}   Thus, it is evident that in some circumstances it will be necessary to examine the current mental condition of the defendant to determine whether he is mentally retarded. Where, as here, the evidence from the mitigation hearing was not presented or developed to prove mental retardation, appellant will need to undergo current psychological evaluations that test his intellectual functioning and adaptive limitations. Because his institutional mental health records may contain relevant information and shed some light on whether he demonstrates limitations in two or more adaptive skills, this information should not remain sealed because it may assist experts in making the determination of whether he is mentally retarded. We find that the trial court did not abuse its discretion in ordering these records to be unsealed or in considering post-trial evidence.

{¶33}   Nor did appellant establish that his due process or equal protection rights were violated. Due process involves the right to notice, a hearing and an opportunity to be heard before a tribunal. State v. Gledhill (1984), 13 Ohio App.3d 372, 373. All three of these requirements were satisfied when the court allowed counsel for both sides to brief and argue their positions in open court. As for equal protection "said constitutional guarantee means that no person or class of persons shall be denied the same protection of the law which is enjoyed by other persons or other classes in the same place and under like circumstances." Id., citing Roth v. Public Employees Retirement Bd. (1975), 44 Ohio App.2d 155. Appellant has failed to show how he has been denied equal protection.

{¶34}   We overrule appellant's first and second assignments of error.

{¶35}   In his third assignment of error, appellant argues that the trial court's decision to have three separate experts review twenty years of post-sentence incarceration records and to opine on his "present mental condition" asks more of him than required under Atkins. He also says that it impedes his right to proceed under Lott with a full adjudication of his Atkins claim.

{¶36}   We reject these arguments. The trial court's decision does not place any more onerous burden on appellant than is required by the Lott decision. The trial court has merely afforded counsel's experts the ability to review all relevant evidence to make their determination of whether he is mentally retarded. In Lorraine I, appellant asked for experts to be appointed. Now, he wishes to limit by time period the evidence these experts can consider. We do not believe it is an abuse of discretion for the trial court to permit the experts to review the institutional mental health records and to rely on any additional information that is relevant to the ultimate determination of whether he is mentally retarded.

{¶37}   Appellant's third assignment of error is overruled.

{¶38}   The judgment of the Trumbull County Court of Common Pleas is affirmed.

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

ROBERT A. NADER, J., Ret., Eleventh Appellate District, sitting by assignment, concurs.

---

Footnotes:

1.   We note that unlike an Atkins claim, a competency challenge requires the trial court to look at the "defendant's present mental

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5236

condition" to determine whether the defendant is "incapable of understanding the nature and objective of the proceedings ***." R.C. 2945.37(G). (Emphasis added.)

OH

OH Unpublished App.

Lawriter Corporation. All rights reserved.

The Casemaker Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5237

FILED

2008 JUL 28 PM 1:24

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

**IN THE COURT OF APPEALS**
**TWELFTH APPELLATE DISTRICT**
**BUTLER COUNTY, OHIO**

FILED BUTLER CO.
COURT OF APPEALS

JUL 2 8 2008

CINDY CARPENTER
CLERK OF COURTS

STATE OF OHIO,                  :

Plaintiff - Appellee,           :

-vs-                            :          **Case No. CA2008-04-111**

VON CLARK DAVIS,                :

Defendant - Appellant.          :

---

## APPELLANT VON CLARK DAVIS'
## REPLY IN SUPPORT OF HIS MOTION TO CERTIFY A
## CONFLICT

---

OFFICE OF THE OHIO PUBLIC DEFENDER

RANDALL L. PORTER (0005835)
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
Randall.Porter@OPD.Ohio.gov

And

MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,                    :

Plaintiff - Appellee,             :

-vs-                              :          Case No. CA2008-04-111

VON CLARK DAVIS,                  :

Defendant - Appellant.            :

---

## APPELLANT VON CLARK DAVIS'
## REPLY IN SUPPORT OF HIS MOTION TO CERTIFY A
## CONFLICT

---

Appellant Von Clark Davis moved this Court to certify that its July 1, 2008 entry dismissing this appeal was in conflict with the decision in *State v. Lorraine,* Trumbull Case No. 2006-T-0100 (judgment entry), jurisdiction denied 114 Ohio St. 3d 1426, 2007-Ohio-2904. The prosecution opposes the motion. Appellant submits this pleading to respond to four points raised by the prosecution.

First, the prosecution asserts that Appellant has not demonstrated that the records in question involved privileged material. [Appellee's Memorandum, p. 2]. The procedure that the trial court invoked precluded Appellant from making a specific showing. The trial court granted the parties simultaneous access to the DRC records. It did order DRC to disclose the records to Appellant who then could file for *in*



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

2

*camera review* of the records that were privileged. Even though the trial court precluded Appellant from making a specific demonstration, logic dictates that the records in question must contain some medical and/or psychological records that are privileged. Appellant has been incarcerated on the present charges for twenty-four years. It would be unfathomable to believe that during that twenty-four year time period, he did not ever see a doctor or psychologist. Finally, Appellant requested this Court to remand these proceedings to perfect the record on this issue and this Court failed to rule on the motion.

Second, the prosecution attempts to distinguish *State v. Lorraine* by the fact that the inmate/defendant in that case only challenged the release of the "institutional mental health records" as opposed to the present case in which Appellant has challenged the release of all of his DRC Records. [Memorandum, p. 2]. Even assuming the accuracy of the prosecution's statement, it does not provide a basis for distinguishing the two cases. Pursuant to that argument, it is acceptable for the prosecution to review all of an inmate's DRC files, but not just the inmate's mental health records.

Third, the prosecution asserts that in *Lorraine*, when the court did reach the merits of the underlying claim, upheld the trial court's disclosure order. [Appellee's Memorandum, p. 3]. This assertion is irrelevant to the limited issue before this Court. Even if a merits determination could possibly be relevant, the one reached the court in



**Repper, Pagan,
Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.5135

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5240

*Lorraine* was not relevant. That court did not reach the privilege issue. *State v. Lorraine,* Trumbull App. No. 2006-T-0100, 2007-Ohio-6724 The main issue before the Court was whether the institutional mental health records were relevant to the defendant's mental retardation claim. *Id.* at ¶¶ 18-33. Appellant, in the present case, has not raised a mental retardation issue. The *Lorraine* court did reach one procedural issue that is applicable to the present case, "Nor did appellant establish that his due process or equal protection rights were violated. Due process involves the right to notice, a hearing and an opportunity to be heard before a tribunal. *State v. Gledhill (1984), 13 Ohio App.3d 372, 373, 13 Ohio B. 454, 469 N.E.2d 932.* All three of these requirements were satisfied when the court allowed counsel for both sides to brief and argue their positions in open court." *Id.* at ¶33 This is to be contrasted with the procedure that the trial court employed in the present case; the prosecution, without prior notice made an oral motion and simultaneously proffered a proposed entry that the trial court approved after the hearing.

Finally, the prosecution argues that "this Court's decision expressly considered and cited relevant cases from the 6th, 8th, 9th and 10th Appellate Districts *so as to consciously avoid any conflict* with decisions of any other district." [Appellee's Memorandum, p. 3] (emphasis added). The record does not reflect the reason that this Court cited cases from four other appellate districts. None of those decisions



**Repper, Pagan, Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

involved a trial court's order to release DRC records. Even assuming all of the cases that this Court cited were relevant, it does not follow that this Court's holding is consistent with the holding in *Davis*, which it is not.

WHEREFORE, Appellant Von Clark Davis requests this Court, for the reasons articulated in his Motion and this Reply, certify that its decision is in conflict with *State v. Lorraine*, Trumbull Case No. 2006-T-0100 (judgment entry), jurisdiction denied 114 Ohio St. 3d 1426, 2007-Ohio-2904.

Respectfully submitted,

OFFICE OF THE
OHIO PUBLIC DEFENDER

RANDALL L. PORTER (0005835)
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
Randall.Porter@OPD.Ohio.gov

And

MELYNDA COOK-REICH 0066596
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45044
(513) 424-1823 (Voice)
(513) 424-3135 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS



Repper, Pagan,
Cook, Ltd.
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

5

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Appellant Von Clark Davis' Reply in Support of his Motion To Certify A Conflict* was forwarded by first-class U.S. Mail, postage prepaid and electronically to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 28th day of July, 2008.

COUNSEL FOR VON CLARK DAVIS



**Repper, Pagan,
Cook, Ltd.**
Attorneys at Law
1501 First Avenue
Middletown, OH 45044
Phone: 513.424.1823
FAX: 513.424.3135

6

IN THE COURT OF APPEALS OF BUTLER COUNTY, OHIO

STATE OF OHIO,                    :          CASE NO. CA2008-04-111

    Appellee,                          :          ENTRY DENYING MOTION TO CERTIFY
                                            CONFLICT

vs.                                       :

VON CLARK DAVIS,                  :

    Appellant.                         :

       The above cause is before the court pursuant to a motion to certify a conflict

to the Supreme Court of Ohio filed by counsel for appellant, Von Clark Davis, July 9,

2008; a memorandum in opposition filed by counsel for appellee, the state of Ohio,

on July 9, 2008; and a reply memorandum filed by counsel for appellant on July 28,

2008.  Appellant contends that this court's decision in the present case is in conflict

with an Eleventh District Court of Appeals decision, *State v. Lorraine* (Jan. 31,

2007), Trumbull App. No. 2006-T-0100.

       Ohio courts of appeal derive their authority to certify cases to the Ohio

Supreme Court from Section 3(B)(4), Article IV of the Ohio Constitution, which

reads as follows:

> Whenever the judges of a court of appeals find that a judgment upon
> which they have agreed is in conflict with a judgment pronounced upon
> the same question by any other court of appeals of the state, the judges
> shall certify the record of the case to the supreme court for review and
> final determination.

       There must be an actual conflict between appellate judicial districts on a rule

of law before certification of a case to the supreme court is proper.  *Whitelock v.*

*Gilbane* (1993), 66 Ohio St.3d 594.  For a conflict to warrant certification, it is not

enough that the reasoning expressed in the opinion of the two courts of appeal be

inconsistent; the judgments of the two courts must be in conflict.  *State v.*

Butler CA2008-04-111
Page -2-

*Hankerson* (1989), 52 Ohio App.3d 73.

The present appeal was taken from a March 31, 2008 entry filed in the Butler County Court of Common Pleas styled "Entry as to Release of Institutional Records." The entry directed that certified copies of all institutional records held in the Ohio State Penitentiary at Youngstown, Ohio by the Ohio Department of Rehabilitation and Correction regarding appellant be released to both parties. The common pleas court found that its order would "facilitate the prosecuting attorney's duty under *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, to disclose any evidence in possession of the State which is potentially favorable to the defendant and material to punishment ***."

In an entry filed on July 1, 2008, this court found that the above entry was not a final appealable order because it did not specifically direct disclosure of any privileged matter. This court noted appellee's contention that none of the material is privileged because the common pleas court simply ordered disclosure of a state prisoner's records by one state agency to another.

In the *Lorraine* decision, the Trumbull County Court of Common Pleas directed that certain mental health records, currently held under seal, be made available to "the parties and their experts." After holding a preliminary hearing to address the issue of the sealed mental health records, the court ordered that the records be disclosed to the parties and their experts, but were otherwise "not to be disseminated any further without further order of the court." The Eleventh district Court of Appeals found this order to be a "provisional remedy" pursuant to R.C. 2505.02(B)(4) and therefore a final appealable order.

Butler CA2008-04-111
Page -3-

Upon consideration of the foregoing, the court finds that the present case is not in conflict with *Lorraine*. The *Lorraine* case involved specific confidential mental health records which, after a hearing, were ordered to be disclosed to the parties and their experts. The present case involves release of "all institutional records" relating to appellant. The record does not disclose that any of these records have been designated as privileged or confidential, and it does not appear that any hearing has been held to address this issue.

Accordingly, the motion for certification is DENIED.

IT IS SO ORDERED.

_____
James E. Walsh, Presiding Judge

_____
William W. Young, Judge

_____
Stephen W. Powell, Judge

## IN THE SUPREME COURT OF OHIO

STATE OF OHIO,

    Plaintiff-Appellee,

-vs-

VON CLARK DAVIS,

    Defendant-Appellant.

2008 AUG 19 AM 9:53

CINDY CARPEN
BUTLER COUNTY
CLERK OF COURT

Case No.

:

:

:

SC2008 08 033

## 08 – 1631

CAPITAL CASE

---

### ON APPEAL FROM THE COURT OF APPEALS, TWELFTH APPELLATE DISTRICT, BUTLER COUNTY, OHIO, APP. NO. CA2008-04-111

---

## NOTICE OF APPEAL

---

ROBIN N. PIPER #0023205
Prosecuting Attorney

DANIEL G. EICHEL #0008259
First Assistant Prosecuting Attorney

MICHAEL A. OSTER, JR. #0076491
Assistant Prosecuting Attorney

Butler County Prosecutor's Office
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio  45011
(513) 887-3474



FILED

AUG 15 2008

CLERK OF COURT
SUPREME COURT OF OHIO

COUNSEL FOR STATE OF OHIO

Office of the
Ohio Public Defender

RANDALL L. PORTER #0005835
Assistant State Public Defender
**Counsel of Record**

Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215
(614) 466-5394; (614) 644-0703 - Fax
Randall.Porter@OPD.Ohio.gov

    and

MELYNDA COOK-REICH - 0066596
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823; (513) 424-3155 (fax)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

### IN THE SUPREME COURT OF OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| -vs- | : | **Case No.** |
| VON CLARK DAVIS, | : | **CAPITAL CASE** |
| Defendant-Appellant. | : | |

---

## ON APPEAL FROM THE COURT OF APPEALS, TWELFTH APPELLATE DISTRICT, BUTLER COUNTY, OHIO, APP. NO. CA2008-04-111

---

## APPELLANT VON CLARK DAVIS' NOTICE OF APPEAL

---

Appellant Von Clark Davis hereby gives notice of appeal to the Supreme Court of Ohio from the judgment of the Butler County Court of Appeals, Twelfth Appellate District, entered in Court of Appeals Case No. CA2008-04-111 on July 1, 2008.

This case involves the appeal in which he sought relief the trial court's order requiring the Ohio Department of Rehabilitation and Correction to disclose privileged information. Von Clark Davis now claims an appeal of right as this case involves the death penalty, raises substantial constitutional questions, involves a felony, and contains a question of public or great general interest. See Sup. Ct. R. Prac. II, Sections 1(A)(1), (2) and (3).

Respectfully submitted,

OFFICE OF THE OHIO PUBLIC DEFENDER

1

By: RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

And

By: MELYNDA COOK-REICH - 0066596

REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middleton, Ohio 45042
(513) 424-1823 (Voice)
(513) 424-3155 (Facsimile)
Mcook@bizcinci.rr.com

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *APPELLANT VON CLARK DAVIS' NOTICE OF APPEAL* was forwarded by first-class U.S. Mail, postage prepaid to Daniel G. Eichel, First Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this 15th day of August, 2008.

COUNSEL FOR VON CLARK DAVIS

2