3/23/2015            CourtView Justice Solutions

## STATE OF OHIO VS VON CLARK DAVIS

| | | | |
|---|---|---|---|
| **Case Type** | COURT OF APPEALS | **Action:** | COURT APPEALS CR COMMON PLEAS DEFENDENT |
| **Case Status:** | Closed | **Status Date:** | 10/20/2009 |
| **File Date:** | 10/20/2009 | **Case Judge:** | 12th District, The Appellate Court Judges |
| **DCM Track:** | | **Next Event:** | |

**All Information**   **Party**   **Docket**   **Additional Fields**   **Disposition**   **Financial**

### Docket Information

| Date | Docket Text | Amount | Image Avail. |
|---|---|---|---|
| 10/20/2009 | FUNDS ON DEPOSIT FOR COURT COST. | | |
| 10/20/2009 | Legal aid fees pursuant to ORC 2303.210 (C). | $26.00 | |
| 10/20/2009 | NOTICE OF APPEAL FILED Complaint & Filing fee for each cause of action ORC 2303,20(A). | $25.00 | Image |
| 10/20/2009 | Clerk of Courts Computerization Fee pursuant to ORC 2303.201 (B)(1). | $10.00 | |
| 10/20/2009 | Court Computerization Fee pursuant to ORC 2303.201 (A)(1). | $3.00 | |
| 10/20/2009 | MOTION FOR PREPARATION OF COMPLETE TRANSCRIPT OF PROCEEDINGS AT STATE EXPENSE FILED Attorney: KOMP, LAURENCE (0060142) | $0.00 | Image |
| 10/20/2009 | NOTICE OF APPEARANCE OF LAURENCE KOMP FILED | $0.00 | Image |
| 10/20/2009 | AFFIDAVIT OF INDIGENCY FILED | $0.00 | Image |
| 10/20/2009 | STATEMENT, PRECIPE / REQUEST FILED | $0.00 | Image |
| 10/20/2009 | CERTIFICATE OF INDIGENCY | $0.00 | Image |
| 10/20/2009 | TRANSCRIPT OF DOCKET & JOURNAL ENTRIES FILED ORIGINAL PAPERS FILED | $4.00 | Image |
| 10/20/2009 | DOCKET STATEMENT FILED COPY TO COURT OF APPEALS | $1.00 | Image |
| 10/26/2009 | Issue Date: 10/26/2009 Service: CASE DOCKET SHEET Method: SERVICE BY ORDINARY MAIL Cost Per: $ 5.00<br><br>DAVIS, VON CLARK c/o ATTY: KOMP, LAURENCE ATTORNEY AT LAW PO BOX 1785 MANCHESTER, MI 63011 Tracking No: 1000490428<br><br>OHIO,STATE OF c/o ATTY: PIPER III, ROBERT N C/O THE BUTLER COUNTY PROSECUTORS OFFICE 315 HIGH ST 11TH FLOOR HAMILTON, OH 45011 Tracking No: 1000490429 | $10.00 | |
| 10/26/2009 | CASE DOCKET SHEET ISSUED.<br><br>CASE DOCKET SHEET Sent on: 10/26/2009 15:30:35 | $1.00 | Image |
| 11/06/2009 | SCHEDULING ORDER FILED POWELL, J | $2.00 | Image |

3/23/2015                                    CourtView Justice Solutions

| Date | Description | Amount | |
|------|-------------|--------|---|
| 11/06/2009 | NOTICE OR REQUIREMENTS OF LOC.R.12 (A) | $2.00 | Image |
| 11/10/2009 | Issue Date: 11/10/2009<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $    5.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: KOMP, LAURENCE<br>ATTORNEY AT LAW<br>PO BOX 1785<br>MANCHESTER, MI  63011<br>Tracking No: 1000493166<br><br>OHIO,STATE OF<br>c/o ATTY: PIPER III, ROBERT N<br>C/O THE BUTLER COUNTY PROSECUTORS OFFICE<br>315 HIGH ST<br>11TH FLOOR<br>HAMILTON, OH  45011<br>Tracking No: 1000493167 | $10.00 | |
| 11/10/2009 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 11/10/2009 11:03:02 | $1.00 | Image |
| 12/18/2009 | MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF FILED. COPIES ISSUED TO CA | $0.00 | Image |
| 01/08/2010 | ENTRY TO SEAL TRANSCRIPTS OF PROCEEDINGS FILED NASTOFF,J | $2.00 | Image |
| 01/08/2010 | ENTRY GRANTING DEFTS MOTION FOR AN EXTENSION OF TIME TO FILE TRANSCRIPT OF PROCEEDINGS FILED NASTOFF, J | $2.00 | Image |
| 01/08/2010 | NOTICE OF FILING OF COMPLETE TRANSCRIPTION OF ALL PROCEEDINGS | $0.00 | Image |
| 01/12/2010 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr JILL CUTTER FILED NASTOFF, J | $2.00 | Image |
| 01/12/2010 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr JILL CUTTER FILED NASTOFF, J | $2.00 | Image |
| 01/12/2010 | CERTIFICATE \ TRANSCRIPT FEES $2320.00, filed (amount +$2.in line 3) (certifed copies>Auditor) FILED NASTOFF, J | $2.00 | Image |
| 01/12/2010 | MOTION AND CERTIFICATION BY COURT REPORTER FOR TRANSCRIPTION FEES FILED<br>Attorney: PRO SE () | $0.00 | Image |
| 01/15/2010 | Issue Date: 01/15/2010<br>Service: NOTICE OF COMPLETE RECORD<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $    5.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: KOMP, LAURENCE<br>ATTORNEY AT LAW<br>PO BOX 1785<br>MANCHESTER, MI  63011<br>Tracking No: 1000503739<br><br>OHIO,STATE OF<br>c/o ATTY: PIPER III, ROBERT N<br>C/O THE BUTLER COUNTY PROSECUTORS OFFICE<br>315 HIGH ST<br>11TH FLOOR<br>HAMILTON, OH  45011<br>Tracking No: 1000503740 | $10.00 | |
| 01/15/2010 | RULE 11(B ) NOTICE OF COMPLETE RECORD TO ATTORNEYS AND PARTIES ISSUED. | $2.00 | Image |

VON CLARK DAVIS v. WARDEN<br>CASE NO. 2:16-cv-00495<br>APPENDIX - Page 5302

3/23/2015                                        CourtView Justice Solutions

| | | | |
|---|---|---|---|
| | COMPLETE RECORD OF COURT OF APPEALS<br>Sent on: 01/15/2010 12:08:24 | | |
| 01/15/2010 | NOTICE | $0.00 | |
| 01/15/2010 | RULE 11(B) NOTICE OF COMPLETE RECORD TO ATTORNEYS AND PARTIES ISSUED. | $2.00 | Image |
| | COMPLETE RECORD OF COURT OF APPEALS<br>Sent on: 01/15/2010 12:14:11 | | |
| 01/15/2010 | NOTICE | $0.00 | |
| 01/19/2010 | ENTRY SETTING ASIDE TWO ORDERS TO PAY FOR TRANSCRIPTS MOTION AND<br>CERTIFICATION BY COURT REPORTER FOR TRANSCRIPTION FEES AND CLERKS<br>AUDITORS TRANSCRIPT FEE FOR AN INDIGENT DEFT FILED NASTOFF, J | $2.00 | Image |
| 01/19/2010 | CERTIFICATE \ TRANSCRIPT FEES $2276.00, filed (amount +$2.in line 3) (certifed<br>copies>Auditor) FILED NASTOFF, J | $2.00 | Image |
| 01/19/2010 | MOTION AND CERTIFICATION BY COURT REPORTER FOR TRANSCRIPTION FEES<br>FILED<br>Attorney: PRO SE () | $0.00 | Image |
| 01/19/2010 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE $792.00\Ct.Reprtr JILL CUTTER<br>FILED NASTOFF, J | $2.00 | Image |
| 01/19/2010 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE $1484.00\Ct.Reprtr JILL CUTTER<br>FILED NASTOFF, J | $2.00 | Image |
| 01/19/2010 | TRANSCRIPT FEES | $792.00 | |
| 01/19/2010 | TRANSCRIPT FEES | $1,484.00 | |
| 02/24/2010 | MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S MERIT BRIEF FILED.<br>COPIES ISSUED TO CA (FAX) | $0.00 | Image |
| 03/03/2010 | ENTRY GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPELLANTS BRIEF<br>FILED BENNETT A. MANNING | $2.00 | Image |
| 03/08/2010 | Issue Date: 03/08/2010<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $      5.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: KOMP, LAURENCE<br>ATTORNEY AT LAW<br>PO BOX 1785<br>MANCHESTER, MI  63011<br>Tracking No: 1000512660<br><br>OHIO,STATE OF<br>c/o ATTY: PIPER III, ROBERT N<br>C/O THE BUTLER COUNTY PROSECUTORS OFFICE<br>315 HIGH ST<br>11TH FLOOR<br>HAMILTON, OH  45011<br>Tracking No: 1000512661 | $10.00 | |
| 03/08/2010 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED. | $1.00 | Image |
| | COURT OF APPEALS COPY ISSUED<br>Sent on: 03/08/2010 10:00:12 | | |
| 04/08/2010 | APPELLANT'S SECOND MOTION FOR EXTENSION OF TIME TO FILE HIS MERIT BRIEF<br>UP TO AND INCLUDING MAY 19, 2010 FILED<br>Attorney: KOMP, LAURENCE (0060142) | $0.00 | Image |
| 04/16/2010 | ENTRY GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPELLANTS BRIEF<br>FILED BENNETT A. MANNING | $2.00 | Image |
| 04/22/2010 | Issue Date: 04/22/2010<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $      5.00 | $10.00 | |

VON CLARK DAVIS v. WARDEN<br>CASE NO. 2:16-cv-00495<br>APPENDIX - Page 5303

3/23/2015                                    CourtView Justice Solutions

DAVIS, VON CLARK
c/o ATTY: KOMP, LAURENCE

ATTORNEY AT LAW
PO BOX 1785
MANCHESTER, MI 63011
Tracking No: 1000520876

OHIO,STATE OF
c/o ATTY: PIPER III, ROBERT N
C/O THE BUTLER COUNTY PROSECUTORS OFFICE
315 HIGH ST
11TH FLOOR
HAMILTON, OH 45011
Tracking No: 1000520877

| Date | Description | Amount | |
|---|---|---|---|
| 04/22/2010 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 04/22/2010 09:32:44 | $1.00 | Image |
| 05/10/2010 | APPELLANT'S MOTION TO FILE AN OVERSIZED BRIEF OF SIXTY PAGES IN APPELLANT'S CAPITAL APPEAL FILED<br>Attorney: KOMP, LAURENCE (0060142) | $0.00 | Image |
| 05/14/2010 | APPELLANT'S UNOPPOSED MOTION TO FILE AN OVERSIZED BRIEF OF TWENTY-FIVE PAGES IN APPELLANT'S CAPITAL APPEAL (FAX FILED 5-14-2010) FILED<br>Attorney: KOMP, LAURENCE (0060142) | $0.00 | Image |
| 05/17/2010 | MERIT BRIEF OF APPELLANT FILED  (file & send original and (3) three copies to 12th district) | $0.00 | Image |
| 05/27/2010 | ENTRY GRANTING APPELLANT LEAVE TO FILE BRIEF WITH FIVE ADDITIONAL PAGES FILED BENNETT A. MANNING | $2.00 | Image |
| 06/04/2010 | Issue Date: 06/04/2010<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $      5.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: KOMP, LAURENCE<br>ATTORNEY AT LAW<br>PO BOX 1785<br>MANCHESTER, MI 63011<br>Tracking No: 1000528980<br><br>OHIO,STATE OF<br>c/o ATTY: PIPER III, ROBERT N<br>C/O THE BUTLER COUNTY PROSECUTORS OFFICE<br>315 HIGH ST<br>11TH FLOOR<br>HAMILTON, OH 45011<br>Tracking No: 1000528981 | $10.00 | |
| 06/04/2010 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 06/04/2010 11:58:18 | $1.00 | Image |
| 07/14/2010 | MOTION FOR EXTENSION OF TIME TO FILE APPELLEE'S BRIEF FILED.  COPIES ISSUED TO CA | $0.00 | Image |
| 07/21/2010 | ENTRY GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPELLEES BRIEF FILED BENNETT A. MANNING | $2.00 | Image |
| 07/26/2010 | Issue Date: 07/26/2010<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY SHERIFF OF BUTLER COUNTY<br>Cost Per: $      2.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: KOMP, LAURENCE | $4.00 | |

3/23/2015                              CourtView Justice Solutions

ATTORNEY AT LAW
PO BOX 1785

MANCHESTER, MI  63011
Tracking No: C000217072

OHIO,STATE OF
c/o ATTY: PIPER III, ROBERT N
C/O THE BUTLER COUNTY PROSECUTORS OFFICE
315 HIGH ST
11TH FLOOR
HAMILTON, OH  45011
Tracking No: C000217073

| Date | Description | Amount | |
|---|---|---|---|
| 07/26/2010 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 07/26/2010 09:32:33 | $1.00 | Image |
| 07/27/2010 | APPELLANT'S MOTION FOR A STAY OF EXECUTION FILED Attorney: KOMP, LAURENCE (0060142) (FAX FILED) | $0.00 | Image |
| 07/30/2010 | BRIEF OF APPELLEE FILED  (file & send original & (3) copies  to 12th District) | $0.00 | Image |
| 07/30/2010 | MOTION TO EXCEED PAGE LIMITATION FILED<br>Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 08/02/2010 | REQUEST FOR ORAL ARGUMENT FILED (indicate-CA/Midd.sheet) COPY SENT TO CA/MIDD. | $0.00 | Image |
| 08/04/2010 | ENTRY GRANTING MOTION TO EXCEED PAGE LIMITATION FOR APPELLEES BRIEF FILED | $2.00 | Image |
| 08/05/2010 | MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S REPLY BRIEF FILED.<br>COPIES ISSUED TO CA | $0.00 | Image |
| 08/09/2010 | Issue Date: 08/09/2010<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $     5.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: KOMP, LAURENCE<br>ATTORNEY AT LAW<br>PO BOX 1785<br>MANCHESTER, MI  63011<br>Tracking No: 1000540340<br><br>OHIO,STATE OF<br>c/o ATTY: PIPER III, ROBERT N<br>C/O THE BUTLER COUNTY PROSECUTORS OFFICE<br>315 HIGH ST<br>11TH FLOOR<br>HAMILTON, OH  45011<br>Tracking No: 1000540341 | $10.00 | |
| 08/09/2010 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 08/09/2010 12:07:52 | $1.00 | Image |
| 08/13/2010 | ENTRY GRANTING EXTENSION OF TIME TO FILE REPLY BRIEF FILED BENNETT A. MANNING | $2.00 | Image |
| 08/13/2010 | REQUEST OF COURT/APPEALS ADMIN.OFFICE TO ASSEMBLE & ARRANGE\TRANSMITTAL OF CASE FILE,copy-fileroomCA | | Image |
| 08/17/2010 | Issue Date: 08/17/2010<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $     5.00<br><br>DAVIS, VON CLARK | $10.00 | |

3/23/2015                                CourtView Justice Solutions

c/o ATTY: KOMP, LAURENCE
ATTORNEY AT LAW

PO BOX 1785
MANCHESTER, MI  63011
Tracking No: 1000541897


OHIO,STATE OF
c/o ATTY: PIPER III, ROBERT N
C/O THE BUTLER COUNTY PROSECUTORS OFFICE
315 HIGH ST
11TH FLOOR
HAMILTON, OH  45011
Tracking No: 1000541898

| Date | Description | Amount | |
|---|---|---|---|
| 08/17/2010 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 08/17/2010 13:41:57 | $1.00 | Image |
| 08/23/2010 | REPLY BRIEF OF APPELLANT FILED<br>Attorney: KOMP, LAURENCE (0060142) | $0.00 | Image |
| 09/13/2010 | ALL PAPERS SENT TO COURT OF APPEALS | $0.00 | |
| 09/29/2010 | ENTRY DENYING MOTION FOR STAY OF EXECUTION FILED RINGLAND & HENDRICKSON,J | $2.00 | Image |
| 10/07/2010 | Issue Date: 10/07/2010<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $    5.00<br><br><br>OHIO,STATE OF<br>c/o ATTY: PIPER III, ROBERT N<br>C/O THE BUTLER COUNTY PROSECUTORS OFFICE<br>315 HIGH ST<br>11TH FLOOR<br>HAMILTON, OH  45011<br>Tracking No: 1000550324<br><br><br>DAVIS, VON CLARK<br>c/o ATTY: KOMP, LAURENCE<br>ATTORNEY AT LAW<br>PO BOX 1785<br>MANCHESTER, MI  63011<br>Tracking No: 1000550325 | $10.00 | |
| 10/07/2010 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 10/07/2010 10:42:05 | $1.00 | Image |
| 10/13/2010 | APPELLANTS SECOND MOTION FOR A STAY OF EXECUTION FILED<br>Attorney: KOMP, LAURENCE (0060142) | $0.00 | Image |
| 10/18/2010 | ENTRY DENYING MOTION FOR A STAY OF EXECUTION FILED HENDRICKSON, POWELL, J | $2.00 | Image |
| 10/20/2010 | Issue Date: 10/20/2010<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $    5.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: KOMP, LAURENCE<br>ATTORNEY AT LAW<br>PO BOX 1785<br>MANCHESTER, MI  63011<br>Tracking No: 1000552528<br><br>OHIO,STATE OF | $10.00 | |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5306

3/23/2015                CourtView Justice Solutions

c/o ATTY: PIPER III, ROBERT N
C/O THE BUTLER COUNTY PROSECUTORS OFFICE

315 HIGH ST
11TH FLOOR
HAMILTON, OH 45011
Tracking No: 1000552529

| Date | Description | Amount | |
|---|---|---|---|
| 10/20/2010 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 10/20/2010 14:25:42 | $1.00 | Image |
| 10/25/2010 | SUPREME COURT APPEAL SC10-10-0031 FILED | $0.00 | |
| 02/22/2011 | MEMORANDUM DECISION ENTRY OF JUDGMENT-AFFIRMING FILED POWELL, RINGLAND, HENDRICKSON, J | $2.00 | Image |
| 02/22/2011 | MANDATE issued-trial ct. COPIES ISSUED TO ATTORNEY OF RECORD BY REGULAR MAIL | $2.00 | |
| 02/22/2011 | COSTS TO BE TAXED IN COMPLIANCE | $0.00 | |
| 02/25/2011 | Issue Date: 02/25/2011<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $ 5.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: KOMP, LAURENCE<br>ATTORNEY AT LAW<br>PO BOX 1785<br>MANCHESTER, MI 63011<br>Tracking No: 1000570602<br><br>OHIO,STATE OF<br>c/o ATTY: GMOSER, MICHAEL T<br>BUTLER COUNTY PROSECUTER<br>315 HIGH ST 11TH FL<br>HAMILTON, OH 45011<br>Tracking No: 1000570603<br><br>FREEDMAN, ALAN M<br>MIDWEST CENTER FOR JUSTICE LTD<br>PO BOX 6528<br>EVANSTON, IL 60201<br>Tracking No: 1000570604<br><br>PARKER, JOHN P<br>988 EAST 185TH ST<br>CLEVELAND, OH 44119-9<br>Tracking No: 1000570605 | $20.00 | |
| 02/25/2011 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 02/25/2011 11:41:17 | $1.00 | Image |
| 03/23/2011 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES $5371.48 & AFFIDAVIT OF INDIGENCY FILED,for atty.: LAURENCE KEMP FILED | $2.00 | Image |
| 03/23/2011 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES $1766.44 & AFFIDAVIT OF INDIGENCY FILED,for atty.: JOHN PARKER FILED | $2.00 | Image |
| 04/08/2011 | ORDER TO CERTIFY IN DEATH PENALTY CASE FILED (TIM RUBLE WILL DELIVER TO SUPREME COURT ON 4-14-11) | $0.00 | Image |
| 04/14/2011 | Issue Date: 04/14/2011<br>Service: CERTIFICATION OF RECORD TO SUPREME COURT ISSUED.<br>Method: SERVICE BY INTER-OFFICE COURIER<br>Provider: RUBLE, TIM<br>Cost Per: $ 5.00 | $5.00 | |

3/23/2015                           CourtView Justice Solutions

SUPREME COURT OF OHIO
CLERKS OFFICE
65 S FRONT ST
COLUMBUS, OH 43215
Tracking No: I000003578

| 04/14/2011 | CERTIFICATION OF RECORD TO SUPREME COURT, | $2.00 | Image |
| | | | |
| | CERTIFICATION OF RECORD TO SUPREME COURT<br>Sent on: 04/14/2011 08:44:41 | | |
| 04/14/2011 | RETURN-PERSONAL SERVICE OF DOCUMENTS UPON :<br>Method : SERVICE BY INTER-OFFICE COURIER<br>Issued : 04/14/2011<br>Service : CERTIFICATION OF RECORD TO SUPREME COURT ISSUED.<br>Served : 04/14/2011<br>Return : 04/14/2011<br>On : SUPREME COURT OF OHIO<br>Signed By : STEVE KAHLER<br><br>Reason : PERSONAL SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: I000003578 | $0.00 | Image |
| 04/19/2011 | Issue Date: 04/19/2011<br>Service: CERTIFICATION OF RECORD TO SUPREME COURT ISSUED.<br>Method: SERVICE BY CERTIFIED MAIL<br>Cost Per: $    8.00<br><br>SUPREME COURT OF OHIO<br>CLERKS OFFICE<br>65 S FRONT ST<br>COLUMBUS, OH 43215<br>Tracking No: L000247955 | $8.00 | |
| 04/19/2011 | CERTIFICATION OF RECORD TO SUPREME COURT.<br><br>CERTIFICATION OF RECORD TO SUPREME COURT<br>Sent on: 04/19/2011 15:58:26 | $2.00 | Image |
| 04/25/2011 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method : SERVICE BY CERTIFIED MAIL<br>Issued : 04/19/2011<br>Service : CERTIFICATION OF RECORD TO SUPREME COURT ISSUED.<br>Served : 04/22/2011<br>Return : 04/25/2011<br>On : SUPREME COURT OF OHIO<br>Signed By : SUPREME COURT OF OHIO<br><br>Reason : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking # : L000247955 | $0.00 | Image |
| 07/14/2014 | JUDGMENT ENTRY FROM SUPREME COURT AFFIRMING FILED | $2.00 | Image |
| 07/14/2014 | RECONSIDERATION ENTRY DENIED FROM SUPREME COURT FILED | $2.00 | Image |
| 07/28/2014 | ENTRY FROM SUPREME COURT GRANTING MOTION FOR STAY FILED | $2.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5308

CA2009-10-0263

CA 09 10 0263

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

       Plaintiff,                    :      CASE No. CR 1982 12-0614

  -vs-                                 :

VON CLARK DAVIS                         :      Judge Daniel Andrew Nastoff
                                        :      Judge Charles Pater
       Defendant.                    :      Judge Keith M. Spaeth

---

## VON CLARK DAVIS' NOTICE OF APPEAL

---

     Defendant-Appellant, Von Clark Davis, hereby gives notice of his appeal

to the Twelfth District Court of Appeals, Butler County, Ohio, from the Court's

September 21, 2009 judgment entry sentencing him to death and the

September 21, 2009 sentencing opinion.

                           Respectfully submitted,

                           Laurence E. Komp (0060142)
                           Attorney at Law
                           P.O. Box 1785
                           Manchester, Missouri 63011
                           636-207-7330 (Voice)
                           636-207-7351 (Facsimile)
                           lckomp@swbell.net

                           COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing *Von Clark Davis' Notice Of Appeal* was hand delivered to Daniel Eichel and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government Services Center, 315 High Street, Hamilton, Ohio  45011, and Jill Cutter, Court Reporter, 3rd Floor Government Services Center, 315 High Street, Hamilton, Ohio  45011 on this the 20th day of October, 2009

COUNSEL FOR VON CLARK DAVIS

2

**STATE OF OHIO**

    Plaintiff

**vs.**

**VON CLARK DAVIS**

    Defendant

FILED

2009 SEP 21 PM 1:59

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

:
:
:
:
:
:
:

    **CASE NO. CR1983–12-0614**

**STATE OF OHIO**
**COUNTY OF BUTLER**
**COURT OF COMMON PLEAS**
Nastoff, P.J.; Pater and Spaeth, JJ.

**P R I O R I T Y**
<u>**JUDGMENT OF CONVICTION ENTRY**</u>
*[This is a Final Appealable Order.]*

: : : : : : : : : : :

This 8th-10th days of September, 2009, came the Prosecuting Attorney into Court

and the Defendant personally appearing with his counsel, Melynda W. Cook-Reich and

Randall L. Porter, and the charges, plea of Not Guilty, and Findings of the three-judge panel

as to Count One with Specification being set forth in the previous Entry which is expressly

included herein by reference. Wherefore, the Defendant being informed that he stands

convicted of **AGGRAVATED MURDER** contrary to R.C. 2903.01(A) with **Specification to**

**Count One** pursuant to R.C. 2929.04(A)(5) as charged in Count One of the Indictment, the

Court afforded counsel an opportunity to speak on behalf of the Defendant, and the Court

addressed the Defendant personally and asked if he wished to make a statement in his own

behalf or present any information in mitigation of punishment, and after having heard all the

facts adduced by both parties, the panel of three judges having engaged in a determination

of sentence for Count One pursuant to the requirements of R.C. 2929.03(D) and having

unanimously found, by proof beyond a reasonable doubt, that the aggravating circumstance

the Defendant was found guilty of committing outweighs the mitigating factors presented

herein, and nothing being shown as to why sentence should not now be pronounced,

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

**Page 1 of 2**

State v. Von Clark Davis, Case No. CR1983-12-0614
Judgment of Conviction Entry -- Page 2

It is **ORDERED** as to **Count One** that the **sentence of death** shall be imposed upon the Defendant, which sentence is imposed pursuant to R.C. 2929.02(A) and 2929.03 – 2929.04, said sentence being in addition to a term of imprisonment previously imposed by journal entry as to **Count Two**. Defendant is **FURTHER ORDERED** to pay all costs of prosecution. The Sheriff is hereby **ORDERED** to convey the Defendant to the custody of the **Ohio Department of Rehabilitation and Correction**, forthwith. Defendant was further advised of all of his rights pursuant to Criminal Rule 32, including his right to appeal the judgment, his right to appointed counsel at no cost, his right to have court documents provided to him at no cost, and his right to have a notice of appeal filed on his behalf.

**E N T E R**

ANDREW NASTOFF, Presiding Judge

CHARLES L. PATER, Judge

KEITH M. SPAETH, Judge

Approved as to Form:
**ROBIN N. PIPER** (0023205)
**PROSECUTING ATTORNEY**
**BUTLER COUNTY, OHIO**
DGE/MAO
09/15/2009

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

**Page 2 of 2**

FILED

2003 SEP 21 PM 4: 07

COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | * | Case Number: CR1983 12 0614 |
| | * | |
| Plaintiff, | * | Judge Andrew Nastoff, Presiding |
| | * | Judge Charles Pater |
| vs. | * | Judge Keith M. Spaeth |
| | * | |
| VON CLARK DAVIS, | * | **SENTENCING OPINION** |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Court issues this sentencing opinion pursuant to R.C. 2929.03(F).

On January 6, 1984, the Butler County Grand Jury returned a two count indictment against Defendant. Count One of the indictment charged Defendant with aggravated murder in violation of R.C. 2903.01(A) with two specifications. Specification One charged that prior to the offense at bar, Defendant was convicted of murder in the second degree, in violation of R.C. 2901.05 on April 20, 1971, an essential element of which was the purposeful killing of another as specified in R.C. 2929.04(A)(5). Specification Two charged that Defendant had a firearm on or about his person or under his control while committing the offense set forth in Count One, as specified in R.C. 2929.71. Count Two charged Defendant with having weapons under disability in violation of R.C. 2923.13(A)(2).

Defendant pled not guilty to all of the charges and specifications. Defendant waived his right to a jury trial and requested that the matter be tried to a three-judge panel.

Beginning May 4, 1984, Defendant was tried by a three-judge panel that found

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

1

Defendant guilty of all charges and specifications. On May 29, 1984, the trial's sentencing phase commenced. At the conclusion of the sentencing phase, the three-judge panel held that the aggravating circumstance outweighed the mitigating factors beyond a reasonable doubt and sentenced Defendant to death.

On September 14, 1988, the Ohio Supreme Court held that the three-judge panel erred by considering and weighing non-statutory aggravating circumstances against mitigating factors when it imposed Defendant's death sentence. The Ohio Supreme Court affirmed Defendant's convictions, but reversed his sentence and remanded the case to the trial court for resentencing.

On remand, Defendant sought to introduce additional mitigation evidence in the form of testimony from prison personnel employed at the Southern Ohio Correctional Facility in Lucasville, Ohio. Defendant argued that the testimony was relevant because it showed good behavior while on death row. The reconstituted three-judge panel did not permit Defendant to offer additional mitigation evidence. Instead, the panel simply reconsidered the evidence presented at the original sentencing phase. Once again, the panel found that the sole aggravating circumstance outweighed the mitigating factors beyond a reasonable doubt and imposed the death penalty.

Both the Twelfth District Court of Appeals and Ohio Supreme Court affirmed Defendant's death sentence. Defendant then petitioned the United States District Court for the Southern District of Ohio for a writ of habeas corpus. The District Court denied

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

2

Defendant's petition.  On appeal, the United States Court of Appeals for the Sixth Circuit reversed Defendant's death sentence, holding that the trial court erred at resentencing when it barred Defendant from presenting new mitigation evidence concerning his good behavior while on death row.  On January 29, 2007, the Sixth Circuit remanded the matter to the District Court.  On July 19, 2007, the District Court granted Defendant's writ of habeas corpus conditioned upon the State of Ohio granting Defendant a new sentencing hearing.

On remand, this Court assumed jurisdiction over the instant case.  On December 19, 2007, to comply with the mandate handed down from the federal courts, this Court granted Defendant a new sentencing hearing.  Because the original three-judge panel could not reconstitute, the undersigned three-judge panel was formed pursuant to R.C. 2929.06 and Ohio Rule of Criminal Procedure 25(B).

Pursuant to R.C. 2929.03 and R.C. 2929.04, the undersigned three-judge panel presided over Defendant's resentencing hearing from September 8, 2009 through September 10, 2009 to determine whether the single aggravating circumstance in this case outweighed the mitigating factors beyond a reasonable doubt.

## AGGRAVATING CIRCUMSTANCE

In this case, the aggravating circumstance that is to be weighed against the mitigating factors is as follows: that prior to the offense at bar, the offender was convicted of an offense an essential element of which was the purposeful killing of another.  R.C. 2929.04(A)(5).

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

3

The State of Ohio re-introduced the journal entry of conviction filed in Butler County Common Pleas Case Number 21655 reflecting Defendant's 1971 conviction for second degree murder in violation of R.C. 2901.05. The State further offered portions of the 1984 trial transcript to show then-defense counsel's stipulation to the 1971 entry of conviction, its pertinence to Defendant, and that an essential element of R.C. 2901.05 was the purposeful killing of another. The evidence established that the victim of Defendant's prior purposeful killing was his wife, Ernestine. The State submitted no other evidence. The Court accepted the aforementioned evidence to the extent that it was relevant to the aggravating circumstance committed in this case.

## MITIGATING FACTORS

Mitigating factors are factors which, while they do not justify or excuse the crime, nevertheless in fairness and mercy, may be considered as they call for a penalty less than death, or lessen the appropriateness of a sentence of death. Mitigating factors are those factors about an individual that weigh in favor of a decision that a sentence of life in prison is the appropriate sentence.

As requested by Defendant and in accordance with R.C. 2929.04(B), the Court has weighed against the aggravating circumstance the nature and circumstances of the offense, the history, character, and background of the Defendant, and all of the following:

1. Any other factors that are relevant to the issue of whether the offender should be sentenced to death (R.C. 2929.04(B)(7)):

A. Borderline personality disorder;

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

4

B.  Alcohol abuse;

C.  Love and support of family members and friends;

D. Testimony of Defendant's daughter, Sherry Davis, regarding her forgiveness of Defendant for the purposeful killing of her mother;

E. Good behavior while in prison;

F. Childhood and family experience, and the impact of each upon Defendant's personality development and mental health;

G. Remorse and apology;

H. Age (62 years old);

I. Probability of no release from prison;

J.  Whether a sentence of life in prison would bring closure to the victim's family;

K.  The savings to taxpayers should a life sentence be imposed.

It must be noted that Defendant did not request a pre-sentence investigation or mental examination pursuant to R.C. 2929.03(D)(1); therefore, neither were ordered for the Court's review and deliberation.  In consideration of the aforementioned factors, the Court heard evidence from the following individuals.

### Family and Friends

The Court heard testimony from Defendant's mother (Alluster Tipton), step-father (Charles Tipton), younger sister (Carol Smith), younger brother (Victor Davis), daughter (Sherry Davis), and two friends (Rick Rotundo and Fran Welland).

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

5

The testimony of each witness centered on Defendant's positive aspects and his importance in their lives. Each witness testified to maintaining some amount of contact with Defendant, despite his incarceration on death row. Each witness opposed the re-imposition of the death penalty in this case.

### Prison Personnel

The Court also heard testimony from Defendant's prison case manager, Scott Nowak, regarding Defendant's positive prison record and his position on death row's "extended privilege unit" or "honor block." The Court reviewed Defendant's institutional summary, which revealed no more than a single occurrence of prison misconduct since 1984. Defendant's sole instance of misconduct occurred in 1990.

The Court also heard testimony from Jeremy Stineman, who conducted Alcoholics Anonymous meetings with death row inmates, including Defendant, for several years. Stineman testified that Defendant regularly attended meetings and participated actively.

### Cynthia Mausser

The Court heard testimony from Cynthia Mausser, Chairperson of the Ohio Parole Board, who described the Parole Board's various policies and procedures. Defense counsel posed hypothetical questions to Mausser, who testified that an individual with Defendant's background is "unlikely" to be paroled at the first opportunity, and would "likely" spend a substantial portion of his adult life in prison. Mausser could not, however, state with any certainty if or when Defendant might be paroled if this Court imposed a sentence less than

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

6

death. Mausser did testify that if Defendant became parole-eligible, he would be considered for parole at intervals ranging from one to ten years for the rest of his life. Mausser testified that in each instance, the victim's family would be notified and could appear to voice opposition to Defendant's release.

### Dr. Robert Smith

Finally, the Court heard testimony from clinical psychologist and certified addiction specialist, Dr. Robert Smith. Dr. Smith recounted Defendant's social history, including interviews that he conducted with Defendant's family members, some of whom testified during the mitigation phase of this trial. Dr. Smith also reviewed the interview summaries of other individuals who were familiar with the Defendant. Additionally, Dr. Smith reviewed Defendant's prior psychological evaluations, conducted between 1964 and 2002. After conducting interviews and reviewing summaries and evaluations, Dr. Smith met with Defendant twice. Each visit lasted approximately five to six hours. Dr. Smith testified that the aforementioned interviews and evaluations, in the aggregate, provided a sufficiently "rounded" and "longitudinal" picture of the Defendant for purposes of rendering a diagnosis.

Dr. Smith found that at the time of the offense at bar, Defendant suffered from borderline personality disorder and alcohol dependence. Dr. Smith found that Defendant suffers from these co-occurring disorders to this day. In Dr. Smith's opinion, a biological component exists with respect to the borderline personality disorder. It is Dr. Smith's belief that Defendant's borderline personality disorder formed in early adolescence when

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

7

Defendant's dysfunctional childhood environment and the biological component coalesced. Dr. Smith testified that his diagnosis does not excuse or justify Defendant's actions in killing Suzette Butler, but offers some explanation as to how or why the killing occurred.

Dr. Smith testified that Defendant's good behavior while in prison is not surprising, given that individuals with borderline personality disorder function well in a highly structured environment such as prison. Ultimately, however, Dr. Smith failed to forecast Defendant's behavior or recommend a treatment plan, should he eventually be released from prison.

## FINDINGS

In order to sentence Defendant to death, the law requires that the three-judge panel find beyond a reasonable doubt that the aggravating circumstance in this case outweighs the mitigating factors. The panel must consider the evidence presented as to the aggravating circumstance that transformed the offense of aggravated murder from a case in which death was not a potential penalty to one in which death is a potential penalty. This aggravating circumstance must be then weighed against the mitigating factors that would weigh in favor of a decision that a sentence of life in prison is the appropriate sentence.

The weighing process is just that. The panel must place the aggravating circumstance on one side and place all of the mitigating factors on the other, and then determine beyond a reasonable doubt whether the aggravating circumstance outweighs the mitigating factors. Proof beyond a reasonable doubt mandates that this panel have a firm

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

8

belief or conviction in what is to be established. Proof beyond a reasonable doubt requires that an ordinary person be willing to act upon that proof in the most important of his or her own affairs.

The aggravating circumstance in this case relates that prior to committing the aggravated murder of Suzette Butler with prior calculation and design, Defendant was previously convicted of purposefully killing Ernestine Davis. The three-judge panel unanimously finds that the aggravating circumstance deserves great weight.

Against the aggravating circumstance, the panel weighs the following mitigating factors:

In accordance with R.C. 2929.04(B), the panel finds nothing mitigating about the nature and circumstances of the offense itself.

The panel has considered the testimony offered to show that Defendant is loved and supported by family and friends. This evidence is not atypical and does not deserve significant weight. The panel has also considered the testimony of Sherry Davis and the fact that she has forgiven Defendant for purposefully killing her mother; however, the panel affords this factor very little weight. The panel further considered the testimony of Defendant's friends and family concerning his dysfunctional family and childhood experiences. The panel finds the testimony to be unconvincing and entitled to little or no weight.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

9

The panel considered the impact of Defendant's family experiences upon his personality development and mental health, as detailed in Dr. Robert Smith's testimony. The panel finds that the separate testimony of Defendant's family and friends does not support Dr. Smith's conclusion that Defendant suffered an extreme and dysfunctional upbringing. Nevertheless, assuming that Defendant's background contributed in some way to the development of Defendant's borderline personality disorder and alcohol dependence, the panel still finds that Dr. Smith's diagnosis, even if valid, is entitled to little weight in mitigation.

The panel considered the testimony of Cynthia Mausser offered to show the probability that Defendant would never be released from prison if given a sentence less than death. The panel unanimously finds this evidence to be highly speculative and unconvincing and entitled to no weight.

The panel considered the Defendant's good behavior while in prison, the Defendant's advanced age, and the Defendant's remorse and apology during his unsworn statement.   The panel attributes little weight to each factor.

Finally, Defendant proposed that the panel should consider that a life sentence in this case would be economically beneficial to taxpayers and would bring closure to the victim's family. The panel is uncertain whether these factors are relevant mitigating factors under Ohio law; nonetheless, the panel considered Defendant's evidence and arguments to ensure that he had a full opportunity to present all mitigating evidence during the sentencing phase.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

10

After considering evidence and testimony relevant to these factors, the panel affords them no weight.

The panel must weigh all of the relevant mitigating factors, adjudge the collective weight of the factors, and determine if the sole aggravating circumstance in this case outweighs the mitigating factors beyond a reasonable doubt.

In performing that task, the Judges of this panel unanimously find that the aggravating circumstance outweighs, beyond a reasonable doubt, the individual and the aggregate of the mitigating factors present in this case. Therefore, the panel finds that the sentence of death shall be imposed upon the Defendant, Von Clark Davis.

**SO ORDERED.**

ENTER,

_____
Andrew Nastoff, Judge

_____
Charles Pater, Judge

_____
Keith M. Spaeth, Judge

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

11

cc:

Michael A. Oster, Jr.
Assistant Prosecuting Attorney
315 High Street, 11th Floor
Hamilton, OH 45011

Randall L. Porter
Assistant State Public Defender
8 East Long Street – 11th Floor
Columbus, Ohio 43215

Melynda Cook-Reich
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45042

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

12

CA 09 10 0263

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,

      Plaintiff,                  Case No.  CR 1982 12-0614

vs.                      :        Judge Daniel Andrew Nastoff
                              Judge Charles Pater
VON CLARK DAVIS,       :        Judge Keith M. Spaeth

      Defendant.         :

---

## MOTION FOR PREPARATION OF COMPLETE
## TRANSCRIPT OF PROCEEDINGS AT STATE EXPENSE

---

Von Clark Davis applies to the Court for an order directing the official court reporter, at state expense, to prepare and file a complete transcript of the proceedings in the above-styled case and to furnish a copy thereof to counsel. The transcript shall include:  all pretrial proceedings; all trial and sentencing proceedings, including opening statements, bench conferences, and closing arguments.

This transcript is necessary to the effective pursuit of Mr. Davis' appeal as of right to the court of appeals. Mr. Davis is indigent and lacks the means to pay the cost of preparing such transcript from his own resources.  .

Indigent defendants in the State of Ohio are constitutionally entitled to adequate and effective appellate review. *Griffin v. Illinois* (1956), 351 U.S. 12, 19; *Mayer v. Chicago* (1971), 404 U.S. 189, 194. This review is "impossible without a trial transcript or adequate substitute." *Bounds v. Smith* (1977), 430

U.S. 817, 822. Thus, "there can be no doubt that the state must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal." *Britt v. North Carolina* (1971), 404 U.S. 226, 227. Accord, *State v. Arrington* (1975), 42 Ohio St.2d 114, at paragraph one of the syllabus. In addition, Section 16, Article 1 of the Ohio Constitution ensures a criminal defendant-appellant the availability of an unabridged transcript of proceedings. *State ex rel. Spirko v. Court of Appeals* (1986), 27 Ohio St.3d 13, 17.

As an indigent, Mr. Davis is without means and is unable to pay the cost of preparing a transcript from his own resources. For these reasons Mr. Davis is entitled to the preparation of a complete transcript at state expense. Mr. Davis further moves this Court for an order directing the court reporter to provide a copy of that transcript to undersigned counsel.

Respectfully submitted,

Laurence E. Komp (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lckomp@swbell.ct

COUNSEL FOR VON CLARK DAVIS

## **CERTIFICATE OF SERVICE**

I certify a copy of the foregoing MOTION FOR PREPARATION OF COMPLETE TRANSCRIPT OF PROCEEDINGS AT STATE EXPENSE was hand delivered to Daniel Eichel and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government Services Center, 315 High Street, Hamilton, Ohio 45011, and Jill Cutter, Court Reporter, 3rd Floor Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this the 20th day of October, 2009

Laurence E. Komp
COUNSEL FOR VON CLARK DAVIS

CA 09 10 0263

### IN THE COURT OF COMMON PLEAS
### BUTLER COUNTY, OHIO

State of Ohio,

    Plaintiff,

vs.

Von Clark Davis,

    Defendants(s),

Case No: CR1983-12-0614

**NOTICE OF APPEARANCE**

  __X__       New Notice of Appearance

  _____      Change of Information

Attorney name <u>Laurence E. Komp</u>

Business address <u>Laurence E. Komp, Attorney at Law, P.O. Box 1785,</u>
<u>Manchester, MO. 63011</u>

Supreme Court registration number <u>0060142</u>

Telephone number <u>(636) 207-7330</u>

Fax number <u>(636) 207-7351</u>

Party/parties represented <u>Von Clark Davis</u>

E-Mail <u>lekomp@swbell.net</u>

Signature of
Attorney

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing *Notice of Appearance* has been sent hand delivered to Daniel G. Eichel, Assistant Butler County Prosecuting Attorney, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011, and Jennifer Oliver, Court Reporter, 3rd Floor Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this the day of October 20th, 2009.

COUNSEL FOR VON CLARK DAVIS

2

IMAGED

CA 09 10 0263

2009 OCT 20 PM 2:

## IN THE COURT OF COMMON PLEAS
### BUTLER COUNTY, OHIO

OCT 2 0 2009

STATE OF OHIO,  :

    **Plaintiff**  :

-vs-  : **CASE No. CR 1982 12-0614**

**VON CLARK DAVIS**  :

    **Defendant.**  :

### AFFIDAVIT OF INDIGENCY

    I, Von Clark Davis, do solemnly swear that I have no means of financial support and no assets of any value and, therefore, cannot afford to pay for any legal services, fees, or costs on my behalf in the above-styled case. I am presently incarcerated at the Ohio State Penitentiary, and that I have $ _16.00_ income per month. Other than the funds in my prison account, which is attached hereto, I owned no other cash or things of value.

*Von C Davis #179828*

VON CLARK DAVIS
#179-828
Ohio State Penitentiary
878 Coitsville-Hubbard Road
Youngstown, Ohio 44505-4635

    Sworn and subscribed in my presence this the 19th day of October 2009.

*Scott Nowak*

NOTARY PUBLIC
Expires: March 27, 2010

(4)

CA 09 10 0263

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

        Plaintiff,                     :     **CASE No. CR 1982 12-0614**

  -vs-                                   :

**VON CLARK DAVIS**                      :     **Judge Daniel Andrew Nastoff**
                                        :     **Judge Charles Pater**
        **Defendant**                  :     **Judge Keith M. Spaeth**


## STATEMENT, PRAECIPE AND
## NOTICE TO COURT REPORTER


**TO THE APPELLEE:**

Defendant-Appellant Von Clark Davis hereby states that he intends to include in the record a complete transcript of all of the proceedings including the 1984 trial and sentencing proceedings, 1989 resentencing proceedings, and 2007-09 resentencing proceedings.

**TO THE CLERK:**

Please immediately prepare, certify the all original papers including the 1984 trial and sentencing proceedings, 1989 resentencing proceedings, and 2007-09 resentencing proceedings. Please do not transmit these documents to the clerk of the court of appeals of this county for filing in that court until the entire transcript of proceedings has been delivered to you by the court reporter or undersigned counsel. At that time, transmit the documents prepared and

assembled by you and the entire transcript of the proceedings delivered to you to the clerk of the court of appeals for filing as the record on appeal. In the event that the court reporter or undersigned does not furnish you with the complete transcript within forty days after the filing of the notice of appeal, or within any proper extension of the time for transmission of the record, as prescribed by the Appellate Rules or the Local Appellate Rules, then upon such fortieth day or upon the last day of any proper extension of the time for transmission of the record, please transmit the documents prepared and assembled by you to the clerk of the court of appeals, without such transcript of proceedings, for filing as the record on appeal.

**TO THE COURT REPORTER:**

Please prepare a complete transcript of the entire proceedings including the 1984 trial and sentencing proceedings, 1989 resentencing proceedings, and 2007-09 resentencing proceedings. Please notify the undersigned counsel when completed and filed the transcript with the Clerk of Courts.

Respectfully submitted,

Laurence E. Komp (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekompx@swbell.et

2

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing *Statement, Praecipe And Notice To Court Reporter* has been sent hand delivered to Daniel G. Eichel, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government Services Center, 315 High Street, Hamilton, Ohio  45011, and Jill Cutter Oliver, Court Reporter, 3rd Floor Government Services Center, 315 High Street, Hamilton, Ohio  45011 on this  the 20th day of October  2008

Laurence E. Komp (0060142)
COUNSEL FOR VON CLARK DAVIS

3

CA 09 10 0763

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,

    Plaintiff,               :    Case No. CR 1982 12-0614

vs.                        :    Judge Daniel Andrew Nastoff
                                 Judge Charles Pater
VON CLARK DAVIS,      :    Judge Keith M. Spaeth

    Defendant.           :

---

## CERTIFICATE OF INDIGENCY

---

Now comes $\underline{Scott \; Novak}$, Case Manager, pursuant to Local App.

Rule 2(A), and hereby certifies that on the $\underline{20^{th}}$ day of October, 2009, that Von Clark

Davis has $\underline{212.72}$ dollars available in his account.

                        Respectfully submitted,

                        CASE MANAGER

10/20/2009

**Ohio State Penitentiary**

**Inmate Demand Statement (Summary)**

Inmate Name: DAVIS, VON C                                    Number: A179828

Lock Location: OSP,D,6,,,27

Date Range: 04/20/2009   Through             10/21/2009

Beginning Account Balances:                          Ending Account Balances:

|  | Saving | Debt | Payable |  | Saving | Debt | Payable |
|---|---|---|---|---|---|---|---|
| Pos Exemption | $0.85 | $0.00 | $0.00 | Pos Exemption | $0.00 | $0.00 | $0.00 |
| Inmate's Person | $174.05 | $0.00 | $0.00 | Inmate's Personal A | $212.92 | $0.00 | $0.00 |
| **Begin Totals** | **$174.90** | **$0.00** | **$0.00** | **End Totals** | **$212.92** | **$0.00** | **$0.00** |

| Transaction Date | Transaction Amount | Description | Comment | Saving Balance | Debt Balance | Payable Balance |
|---|---|---|---|---|---|---|
| 04/20/2009 | ($10.58) | Commissary Sale | Ticket Number 24967 | $164.32 | $0.00 | $0.00 |
| 04/21/2009 | $10.00 | Money Order | A. G. | $174.32 | $0.00 | $0.00 |
| 04/27/2009 | ($10.56) | Commissary Sale | Ticket Number 25108 | $163.76 | $0.00 | $0.00 |
| 04/30/2009 | ($1.74) | Postage Charges (USPS) | FRAN WILLAND | $162.02 | $0.00 | $0.00 |
| 05/01/2009 | ($15.00) | Inmate's Personal Account | POS Exemption Transfer | $147.02 | $0.00 | $0.00 |
| 05/01/2009 | $15.00 | Pos Exemption | POS Exemption Transfer | $162.02 | $0.00 | $0.00 |
| 05/04/2009 | ($4.95) | Postage Charges (USPS) | WOMEN BLESSNG | $157.07 | $0.00 | $0.00 |
| 05/04/2009 | ($10.20) | Commissary Sale | Ticket Number 25267 | $146.87 | $0.00 | $0.00 |
| 05/06/2009 | ($1.36) | Postage Charges (USPS) | E.DAVIS | $145.51 | $0.00 | $0.00 |
| 05/06/2009 | ($0.34) | Postage Charges (USPS) | CHARLES TIPTON | $145.17 | $0.00 | $0.00 |
| 05/06/2009 | ($0.84) | Postage Charges (USPS) | S.DAVIS/A.TIPTON | $144.33 | $0.00 | $0.00 |
| 05/08/2009 | $16.00 | State Pay | STATE PAY-APRIL 09 | $160.33 | $0.00 | $0.00 |
| 05/21/2009 | $10.00 | Money Order | MRS. S. GREGORY | $170.33 | $0.00 | $0.00 |
| 05/21/2009 | ($7.10) | Postage Charges (USPS) | MYSTERY GUILD BOOKS | $163.23 | $0.00 | $0.00 |
| 05/26/2009 | ($2.41) | Postage Charges (USPS) | J. STINEMA | $160.82 | $0.00 | $0.00 |
| 05/26/2009 | ($17.56) | Commissary Sale | Ticket Number 25806 | $143.26 | $0.00 | $0.00 |
| 05/26/2009 | $17.10 | County Checks | BUTLER COUNTY SHERIFF | $160.36 | $0.00 | $0.00 |
| 05/26/2009 | ($3.00) | Withdrawal to SISTERS OF CHARITY CIN. | SISTERS OF CHARITY CIN. | $157.36 | $0.00 | $0.00 |
| 05/27/2009 | ($1.80) | Commissary Sale | Ticket Number 25888 | $155.56 | $0.00 | $0.00 |
| 05/28/2009 | ($1.12) | Postage Charges (USPS) | L. CURRY | $154.44 | $0.00 | $0.00 |
| 06/01/2009 | ($15.00) | Inmate's Personal Account | POS Exemption Transfer | $139.44 | $0.00 | $0.00 |
| 06/01/2009 | $15.00 | Pos Exemption | POS Exemption Transfer | $154.44 | $0.00 | $0.00 |
| 06/01/2009 | ($18.48) | Commissary Sale | Ticket Number 25985 | $135.96 | $0.00 | $0.00 |
| 06/04/2009 | $8.00 | State Pay | STATE PAY- MAY 2009 | $143.96 | $0.00 | $0.00 |
| 06/08/2009 | ($10.23) | Commissary Sale | Ticket Number 26122 | $133.73 | $0.00 | $0.00 |

Page: 1/3     A179828     DAVIS, VON C                              OSP     10/20/2009

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5335

| 06/15/2009 | ($16.22) Commissary Sale | Ticket Number 26323 | $117.51 | $0.00 | $0.00 |
| 06/16/2009 | ($1.62) Postage Charges (USPS) | KESTERDON/LING/HUGHES | $115.89 | $0.00 | $0.00 |
| 06/22/2009 | ($3.52) Commissary Sale | Ticket Number 26526 | $112.37 | $0.00 | $0.00 |
| 06/25/2009 | ($1.76) Postage Charges (USPS) | M. IMACCULEE/MARILYN B. | $110.61 | $0.00 | $0.00 |
| 07/01/2009 | ($15.00) Inmate's Personal Account | POS Exemption Transfer | $95.61 | $0.00 | $0.00 |
| 07/01/2009 | $15.00 Pos Exemption | POS Exemption Transfer | $110.61 | $0.00 | $0.00 |
| 07/02/2009 | $16.00 State Pay | STATE PAY-JUNE 2009 | $126.61 | $0.00 | $0.00 |
| 07/06/2009 | ($12.07) Commissary Sale | Ticket Number 26870 | $114.54 | $0.00 | $0.00 |
| 07/06/2009 | ($21.00) Fundraisers - No Specific Club | CCC-FOOD SALE | $93.54 | $0.00 | $0.00 |
| 07/08/2009 | ($1.38) Postage Charges (USPS) | L. CURRY | $92.16 | $0.00 | $0.00 |
| 07/10/2009 | ($2.47) Postage Charges (USPS) | POSTAGE | $89.69 | $0.00 | $0.00 |
| 07/10/2009 | $81.00 Money Order | RIVER OF LIFE | $170.69 | $0.00 | $0.00 |
| 07/13/2009 | ($3.48) Commissary Sale | Ticket Number 27094 | $167.21 | $0.00 | $0.00 |
| 07/15/2009 | ($2.74) Postage Charges (USPS) | S. GREGORY | $164.47 | $0.00 | $0.00 |
| 07/20/2009 | ($4.32) Commissary Sale | Ticket Number 27270 | $160.15 | $0.00 | $0.00 |
| 07/22/2009 | ($2.36) Postage Charges (USPS) | T. KESTERTON/L. LEON/H. HUGHES | $157.79 | $0.00 | $0.00 |
| 07/24/2009 | ($3.00) Withdrawal to WOMEN BLESSING WOMEN | WOMEN BLESSING WOMEN | $154.79 | $0.00 | $0.00 |
| 07/24/2009 | ($3.00) Withdrawal to SISTERS OF CHARITY | SISTERS OF CHARITY | $151.79 | $0.00 | $0.00 |
| 07/27/2009 | ($12.05) Commissary Sale | Ticket Number 27445 | $139.74 | $0.00 | $0.00 |
| 07/28/2009 | $10.00 Money Order | CANT READ | $149.74 | $0.00 | $0.00 |
| 07/30/2009 | ($2.92) Postage Charges (USPS) | A. TIPTON | $146.82 | $0.00 | $0.00 |
| 08/01/2009 | ($15.00) Inmate's Personal Account | POS Exemption Transfer | $131.82 | $0.00 | $0.00 |
| 08/01/2009 | $15.00 Pos Exemption | POS Exemption Transfer | $146.82 | $0.00 | $0.00 |
| 08/03/2009 | ($8.89) Commissary Sale | Ticket Number 27581 | $137.93 | $0.00 | $0.00 |
| 08/04/2009 | ($0.66) Commissary Sale | Ticket Number 27633 | $137.27 | $0.00 | $0.00 |
| 08/05/2009 | ($1.40) Postage Charges (USPS) | FRAN WELLAND | $135.87 | $0.00 | $0.00 |
| 08/07/2009 | $16.00 State Pay | STATE PAY | $151.87 | $0.00 | $0.00 |
| 08/19/2009 | ($1.56) Postage Charges (USPS) | M. COOK REICH | $150.31 | $0.00 | $0.00 |
| 08/24/2009 | ($7.01) Commissary Sale | Ticket Number 28180 | $143.30 | $0.00 | $0.00 |
| 08/25/2009 | $10.00 Money Order | S. GREGORY | $153.30 | $0.00 | $0.00 |
| 08/27/2009 | ($1.39) Postage Charges (USPS) | F. WELLAND | $151.91 | $0.00 | $0.00 |
| 08/27/2009 | ($1.32) Postage Charges (USPS) | B. BUSEK | $150.59 | $0.00 | $0.00 |
| 08/31/2009 | ($4.25) Commissary Sale | Ticket Number 28342 | $146.34 | $0.00 | $0.00 |
| 09/01/2009 | ($15.00) Inmate's Personal Account | POS Exemption Transfer | $131.34 | $0.00 | $0.00 |
| 09/01/2009 | $15.00 Pos Exemption | POS Exemption Transfer | $146.34 | $0.00 | $0.00 |
| 09/03/2009 | ($0.54) Postage Charges (USPS) | S. GREGORY | $145.80 | $0.00 | $0.00 |

Page: 2/3      A179828      DAVIS, VON C                                      OSP      10/20/2009

| 09/04/2009 | $16.00 State Pay | STATE PAY-AUG 09 | $161.80 | $0.00 | $0.00 |
| 09/25/2009 | ($3.00) Withdrawal to SISTERS OF CHARITY | SISTERS OF CHARITY | $158.80 | $0.00 | $0.00 |
| 09/28/2009 | ($13.44) Commissary Sale | Ticket Number 29062 | $145.36 | $0.00 | $0.00 |
| 09/30/2009 | $11.35 County Checks | BUTLER COUNTY SHERIFF | $156.71 | $0.00 | $0.00 |
| 10/01/2009 | ($15.00) Inmate's Personal Account | POS Exemption Transfer | $141.71 | $0.00 | $0.00 |
| 10/01/2009 | $15.00 Pos Exemption | POS Exemption Transfer | $156.71 | $0.00 | $0.00 |
| 10/05/2009 | ($8.90) Commissary Sale | Ticket Number 29186 | $147.81 | $0.00 | $0.00 |
| 10/06/2009 | $81.00 Money Order | RIVER OF LIFE | $228.81 | $0.00 | $0.00 |
| 10/06/2009 | ($4.58) Postage Charges (USPS) | L.CURRY/S. GORDON | $224.23 | $0.00 | $0.00 |
| 10/09/2009 | $4.00 State Pay | STATE PAY-SEPT 09 | $228.23 | $0.00 | $0.00 |
| 10/19/2009 | ($15.31) Commissary Sale | Ticket Number 29545 | $212.92 | $0.00 | $0.00 |

Page: 3/3     A179828     DAVIS, VON C                    OSP     10/20/2009

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5337

```
Date: 10/23/2009  10:55:25          Docket Sheet              Page: 1

CRTR5925                            Detail
```

| Case Number | Status | Judge |
|---|---|---|
| CA 2009 10 0263 | Open | |

| In The Matter Of | Action |
|---|---|
| DAVIS, VON CLARK vs. OHIO, STATE OF | COURT APPEALS CR<br>COMMON PLEAS<br>DEFENDENT |

| Party | | Attorneys |
|---|---|---|
| DAVIS, VON CLARK | APPT | KOMP, LAURENCE<br>ATTORNEY AT LAW<br>PO BOX 1785<br>MANCHESTER, MI 63011 |
| OHIO, STATE OF | APPE | PIPER III, ROBERT N<br>C/O THE BUTLER COUNTY PROSECUTORS<br>OFFICE<br>315 HIGH ST<br>11TH FLOOR<br>HAMILTON, OH 45011 |

FILED BUTLER CO.
COURT OF APPEALS

OCT 2 0 2009

CINDY CARPENTER
CLERK OF COURTS

| Opened | Disposed | Case Type |
|---|---|---|
| 10/20/2009 | UNDISPOSED<br>(Unterminated) | COURT OF APPEALS |

Comments:

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 1 | 10/20/09 | FUNDS ON DEPOSIT FOR COURT COST. | 61.00 | 61.00 |
| 2 | 10/20/09 | Legal aid fees pursuant to ORC 2303.210 (C). | 26.00 | 26.00 |
| 3 | 10/20/09 | NOTICE OF APPEAL FILED Complaint & Filing fee for each cause of action ORC 2303.20(A). | 25.00 | 25.00 |
| 4 | 10/20/09 | Clerk of Courts Computerization Fee pursuant to ORC 2303.201 (B)(1). | 10.00 | 10.00 |
| 5 | 10/20/09 | Court Computerization Fee pursuant to ORC 2303.201 (A)(1). | 3.00 | 3.00 |
| 6 | 10/20/09 | MOTION FOR PREPARATION OF COMPLETE TRANSCRIPT OF PROCEEDINGS AT STATE EXPENSE FILED<br>Attorney: KOMP, LAURENCE (0060142) | 0.00 | 0.00 |
| 7 | 10/20/09 | NOTICE OF APPEARANCE OF LAURENCE KOMP FILED | 0.00 | 0.00 |
| 8 | 10/20/09 | AFFIDAVIT OF INDIGENCY FILED | 0.00 | 0.00 |
| 9 | 10/20/09 | STATEMENT, PRECIPE / REQUEST FILED | 0.00 | 0.00 |

Date: 10/23/2009  10:54:46          Docket Sheet                    Page: 1

CRTR5925                            Detail

| Case Number | Status | Judge |
|---|---|---|
| CR 1983 12 0614 | Closed | CREHAN, Honorable MATTHEW |

| In The Matter Of | Action |
|---|---|
| STATE OF OHIO VS DAVIS, VON CLARK | AGGRAVATED MURDER 2901.01 A |

| Party | | Attorneys |
|---|---|---|
| DAVIS, VON CLARK | DFNDT | SHANKS, MICHAEL D<br>110 NORTH THIRD STREET<br>HAMILTON, OH 45011 |
| DAVIS, CLARK | AKA | GARRETSON, JOHN A<br>616 DAYTON STREET<br>P O BOX 1166<br>HAMILTON, OH 45011 |
| VON DAVIS, CLARK | AKA | COOK REICH, MELYNDA<br>REPPER, POWERS & PAGAN LTD<br>1501 FIRST AVENUE<br>MIDDLETOWN, OH 45044<br>EVANS, TIMOTHY R<br>29 NORTH "D" STREET<br>HAMILTON, OH 45013<br>PORTER, RANDALL L<br>OFFICE OF THE OHIO PUBLIC DEFENDER<br>250 EAST BROAD STREET SUITE 1400<br>COLUMBUS, OH 43215 |
| BUTLER Victim, SUZETTE | VICT | |
| HAMILTON POLICE DEPT<br>CUSTODIAN OF RECORDS<br>331 SOUTH FRONT ST<br>HAMILTON, OH 45011 | WIT | |
| COLEMAN, WADE<br><br>HAMILTON, OH 45011 | WIT | |
| WILLIAMS, RONNIE D<br><br>HAMILTON, OH 45013 | WIT | |
| BRYANT, MONA ALDRIDGE<br><br>MIDDLETOWN, OH 45044 | WIT | |
| LOVETT, MARK<br><br>MIDDLETOWN, OH 45044 | WIT | |
| DENMARK, COZETTA MASSEY<br><br>CINTI, OH 45204 | WIT | |
| MCCREARY, JODAWNA SOUTHERN<br><br>CINCINNATI, OH 45231 | WIT | |

Date: 10/23/2009  10:54:47                    Docket Sheet                    Page: 2

CRTR5925                                         Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

---

DENMARK, REGINALD                    WIT

CINCINNATI, OH 45214


FURMON, CHARLES R                    WIT

HAMILTON, OH 45013


CARPENTER, RICHARD R                 WIT

HAMILTON, OH 45011


BRANDABUR, Dr JOSEPH H               WIT
BUTLER COUNTY CORONER'S OFFICE
200 N "F" STREET
HAMILTON, OH 45011


CUNNINGHAM, LESLIE                   WIT

TROTWOOD, OH 45246


NOWACK, SCOTT                        WIT
C/O OHIO STATE PENITENTIARY
878 COITSVILLE HUBBARD RD
YOUNGSTOWN, OH 44505


TIPTON, ALLUSTER                     WIT

FOREST PARK, OH 45240


SMITH, CAROL A                       WIT

FOREST PARK, OH 45240


TIPTON, CHARLES                      WIT

CINCINNATI, OH 45240


DAVIS, VICTOR L                      WIT

HAMILTON, OH 45011


DAVIS, ELLIOT BUTCH                  WIT

HAMILTON, OH 45011


DAVIS, SHERRY                        WIT

FOREST PARK, OH 45240


NOWACK, SCOTT                        WIT
C/O OHIO STATE PENITENTIARY
878 COITSVILLE HUBBARD RD
YOUNGSTOWN, OH 44505

```
Date: 10/23/2009  10:54:47          Docket Sheet          Page: 3

CRTR5925                                 Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

ROTUNDO, RICK                         WIT

LOVELAND, OH 45140


FLOWERS, DELBERT                      WIT

GAITHERSBURG, MD 20878


MAUSSEN, CYNTHIA                      WIT
ADULT PAROLE AUTHORITY
770 WEST BROAD ST
COLUMBUS, OH 43215


STINEMAN, JEROME                      WIT



CINCINNATI, OH 45208


MAUSSER, CYNTHIA                      WIT
C/O OHIO PAROLE BOARD
770 WEST BROAD ST
COLUMBUS, OH 43222


NOWACK, SCOTT                         WIT
C/O OHIO STATE PENITENTIARY
878 COITSVILLE HUBBARD RD
YOUNGSTOWN, OH 44505


SMITH, CAROL A                        WIT

FOREST PARK, OH 45240


STINEMAN, JEROME                      WIT

CINCINNATI, OH 45208


ROTUNDO, RICK                         WIT

LOVELAND, OH 45140


DAVIS, SHERRY                         WIT

FOREST PARK, OH 45240


TIPTON, ALLUSTER                      WIT

FOREST PARK, OH 45240


DAVIS, VICTOR                         WIT

HAMILTON, OH 45013


DAVIS, ELLIOT BUTCH                   WIT

HAMILTON, OH 45011

```
Date: 10/23/2009  10:54:47              Docket Sheet                      Page: 4

CRTR5925                                    Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

---

```
FURMON, CHARLES R                       WIT

HAMILTON, OH 45013


BRANDABUR, Dr JOSEPH H                  WIT
BUTLER COUNTY CORONER'S OFFICE
200 N "F" STREET
HAMILTON, OH 45011


LINK, LISA                              WIT

CINTI, OH 45239
```

| Opened | Disposed | Case Type |
|---|---|---|
| 12/22/1983 | Conviction | CRIMINAL |

```
Comments:      victim Suzette Butler CA84060071/CA89090123
               CA95 07 0124  CA2008 04 0111 prior Murder CR
               21655 Ernestine Davis
```

---

```
Charge:    2901.01A                                Speed:        Zone:

Description:  AGGRAVATED MURDER 2901.01 A

Amnd Chrg:

Description:



Disposition: JUDGEMENT of              Disposition Date:  06/19/1984
             CONVICTION =
             BCI-JUD-CDN 310

Plea: GUILTY                           Decision: FOUND GUILTY

Sentence:
Amount:                    Traffic Points:        Restrictions:

License Suspended Days:    Start Date:            End Date:

Jail Time:                 Start Date:            End Date:


Suspended:
Amount:

License Suspended Days:

Jail Time:

Probation:
Type:

Probation Officer:

Days on Probation:         Start Date:            End Date:

Comments:
Charge:    2923.13                                Speed:        Zone:

Description:  WEAPONS UNDER DISABILITY 2923.13

Amnd Chrg:
```

```
Date: 10/23/2009  10:54:47          Docket Sheet                Page: 5

CRTR5925                               Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

Description:


Disposition: JUDGEMENT of          Disposition Date:  06/19/1984
             CONVICTION =
             BCI-JUD-CDN 310

Plea:                              Decision: FOUND GUILTY

Sentence:
Amount:                    Traffic Points:        Restrictions:

License Suspended Days:    Start Date:            End Date:

Jail Time:                 Start Date:            End Date:


Suspended:
Amount:

License Suspended Days:

Jail Time:

Probation:
Type:

Probation Officer:

Days on Probation:         Start Date:            End Date:

Comments:
Charge:      2901.01                      Speed:         Zone:

Description:  MURDER FIRST DEGREE 2901.01

Amnd Chrg:

Description:


Disposition: JUDGEMENT of          Disposition Date:  06/19/1984
             CONVICTION =
             BCI-JUD-CDN 310

Plea: NOT GUILTY                   Decision: FOUND GUILTY

Sentence:
Amount:                    Traffic Points:        Restrictions:

License Suspended Days:    Start Date:            End Date:

Jail Time:                 Start Date:            End Date:


Suspended:
Amount:

License Suspended Days:

Jail Time:

Probation:
Type:

Probation Officer:

```
Date: 10/23/2009  10:54:47          Docket Sheet                Page: 6

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

Days on Probation:          Start Date:              End Date:

Comments:

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|----------------------------------|-------------|
| 1 | 12/22/83 | HAMILTON MUNICIPAL COURT LOWER COURT FEES<br>transcript bindover | | 0.00 |
| 2 | 12/22/83 | JOURNAL ENTRY - NO BOND DOLLARS FILED | 2.00 | 2.00 |
| 3 | 12/22/83 | COST BILL | 43.30 | 43.30 |
| 4 | 12/22/83 | CLERKS COMPUTER FEE - $10 FUND 111 | 10.00 | 10.00 |
| 5 | 12/22/83 | TRANSCRIPT(S) FILED (duplicate sent to<br>County Prosecutor )+ Special Project Fee<br>$75 | 60.00 | 60.00 |
| 6 | 01/06/84 | NOTICE TO SUPREME COURT OF OHIO OF FILING<br>OF INDICTMENT CHARGING AGGRAVATED MURDER<br>WITH SPECIFICATION(S) OF AGGRAVATING<br>CIRCUMSTANCES (R.C. 2929.021(A) | 0.00 | 0.00 |
| 7 | 01/06/84 | SUMMONS ON INDICTMENT OR INFORMATION | 60.00 | 60.00 |
| 8 | 01/06/84 | copy of Indictment scanned & forwarded to<br>case file folder | | 0.00 |
| 9 | 01/06/84 | PROSECUTING ATTORNEY'S REQUEST FOR<br>ISSUANCE OF SUMMONS UPON INDICTMENT FILED<br>PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |
| 10 | 01/09/84 | RETURN-PERSONAL SERVICE OF SUMMONS ON<br>INDICTMENT | 2.65 | 2.65 |
| 11 | 01/11/84 | RETURN RECEIPT OF CERTIFIED MAIL (SEE<br>IMAGE) | 1.65 | 1.65 |
| 12 | 01/13/84 | INDICTMENT SCANNED; DEFENDANT ARRAIGNED<br>PLEADS NOT GUILTY | 4.00 | 4.00 |
| 13 | 01/17/84 | MOTION TO SEVER FILED Attorney: SHANKS,<br>MICHAEL D (18906) | 0.00 | 0.00 |
| 14 | 01/17/84 | MOTION FOR BILL OF PARTICULARS FILED<br>Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 15 | 01/17/84 | MOTION FOR CHANGE OF VENUE FILED Attorney:<br>SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |

```
Date: 10/23/2009  10:54:47          Docket Sheet              Page: 7

CRTR5925                             Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|-------------------------------|-------------|
| 16 | 01/17/84 | MOTION TO VIEW THE SCENE FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 17 | 01/17/84 | MOTION TO DISMISS AND TO INSPECT GRAND JURY TRANSCRIPT FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 18 | 01/20/84 | MEMORANDUM IN OPPOSITION TO MOTION FOR CHANGE OF VENUE FILED ASST PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | 0.00 | 0.00 |
| 19 | 01/20/84 | MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS AND TO INSPECT GRAND JURY TRANSCRIPT FILED  ASST PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | 0.00 | 0.00 |
| 20 | 01/20/84 | MEMORANDUM IN OPPOSITION TO MOTION TO SEVER COUNTS FILED PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | 0.00 | 0.00 |
| 21 | 01/26/84 | ENTRY SCHEDULING PRETRIAL HEARING AND CONTINUING TRIAL DATE | 2.00 | 2.00 |
| 22 | 01/26/84 | MEMORANDUM IN SUPPORT OF MOTION TO SEVER FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 23 | 01/26/84 | MEMORANDUM IN SUPPORT OF MOTION FOR CHANGE OF VENUE FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 24 | 02/01/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 6.00 | 6.00 |
| 25 | 02/01/84 | MOTION FOR DISCOVERY FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 26 | 02/01/84 | MOTION TO BIFURCATE TRIAL/MOTION IN LIMINE AND MEMORANDUM FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 27 | 02/01/84 | MOTION TO PROHIBIT DEATH QUALIFICATION OF THE JURY AND MEMORANDUM FILED ATTY: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 28 | 02/02/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 29 | 02/03/84 | MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE RE:  DEATH QUALIFICATION OF JURORS FILED ASST PROS ATTY: SAGE, MICHAEL J | 0.00 | 0.00 |

```
Date: 10/23/2009  10:54:47          Docket Sheet              Page: 8

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|--------------------------------------------------------------------|-----------------------------------|-------------|
| 30 | 02/08/84 | STATE'S ANSWER TO DEFT'S REQUEST FOR DISCOVERY FILED ASST PROS ATTY: SAGE, MICHAEL J | 0.00 | 0.00 |
| 31 | 02/08/84 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |
| 32 | 02/08/84 | JOURNAL ENTRY - ORDER FILED | 2.00 | 2.00 |
| 33 | 02/09/84 | BILL OF PARTICULARS FILED PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |
| 34 | 02/13/84 | RETURN RECEIPTS OF CERTIFIED MAIL OF KARLA STANLEY AND DICK PERRY | 0.00 | 0.00 |
| 35 | 02/14/84 | JOURNAL ENTRY - INDICTMENT FOR AGGRAVATED - MURDER (WITH SPECS) DEFT INDIGENT COURT ASSIGNS MICHAEL D SHANKS AND JOHN GARRETTSON TO DEFEND | 2.00 | 2.00 |
| 36 | 02/14/84 | MOTION TO APPOINT COUNSEL FILED Attorney: SHANKS, MICHAEL D | 0.00 | 0.00 |
| 37 | 02/14/84 | AFFIDAVIT OF VON CLARK DAVIS | 0.00 | 0.00 |
| 38 | 02/15/84 | JOURNAL ENTRY - CERTIFICATE FILED | 2.00 | 2.00 |
| 39 | 02/15/84 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | 9.60 | 9.60 |
| 40 | 02/24/84 | ENTRY FILED | 2.00 | 2.00 |
| 41 | 02/24/84 | ENTRY ORDERING SPECIAL VENIRE PURSUANT TO O R C 2945.18 | 2.00 | 2.00 |
| 42 | 03/05/84 | RETURN OF NOTICE TO SUPREME COURT OF OHIO OF FILING OF INDICTMENT CHARGING AGGRAVATED MURDER WITH SPECIFICATION(S) OF AGGRAVATING CIRCUMSTANCES (R.C. 2929.021(A), SUPREME COURT CASE #CC84-4, FILED 1-10-84 | 0.00 | 0.00 |
| 43 | 03/20/84 | CERTIFIED COPIES OF RETURNED - PERSONAL SERVICE OF VENIRE FOR SPECIAL PETIT JURORS: UPON: (SEE IMAGES) | 0.00 | 0.00 |
| 44 | 03/22/84 | PERSONAL SERVICE OF SPECIAL VENIRES: UPON: JURORS (SEE IMAGE) | 0.00 | 0.00 |

```
Date: 10/23/2009  10:54:47          Docket Sheet              Page: 9

CRTR5925                             Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|----------------------------------------------------------------------------|----------------------------------|-------------|
| 45 | 04/20/84 | ENTRY ORDERING ADDITIONAL SPECIAL VENIRE<br>PURSUANT TO O R C 2945.19 FILED | 2.00 | 2.00 |
| 46 | 04/20/84 | SUPPLEMENTAL DISCOVERY FILED Attorney:<br>SAGE, MICHAEL J | 0.00 | 0.00 |
| 47 | 04/23/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 48 | 04/25/84 | DEFT'S RESPONSE TO PLTF'S MOTION FOR<br>DISCOVERY FILED Attorney: SHANKS, MICHAEL D | 0.00 | 0.00 |
| 49 | 04/26/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 8.00 | 8.00 |
| 50 | 04/26/84 | AMENDED RESPONSE TO PLTF'S FOR DISCOVERY<br>FILED Attorney: SHANKS, MICHAEL D | 0.00 | 0.00 |
| 51 | 04/27/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 52 | 04/27/84 | ELECTION BY DEFT PURSUANT TO SECTION<br>2929.022 OF THE OHIO REVISED CODE FILED<br>Attorney: SHANKS, MICHAEL D AND<br>Attorney: GARRETSON, JOHN A | 0.00 | 0.00 |
| 53 | 04/27/84 | MOTION TO HAVE REASONS FOR DEFENSE<br>OBJECTIONS AND REASONS FOR OVERRULING<br>DEFENSE OBJECTIONS PLACED ON RECORD WITH<br>MEMORANDUM IN SUPPORT FILED Attorney:<br>SHANKS, MICHAEL D (18906) AND Attorney:<br>GARRETSON, JOHN A | 0.00 | 0.00 |
| 54 | 04/27/84 | MOTION FOR NOTICE OF PROSPECTIVE<br>THREE-JUDGE PANEL FILED Attorney: SHANKS,<br>MICHAEL D AND Attorney: GARRETSON, JOHN A | 0.00 | 0.00 |
| 55 | 04/27/84 | MOTION TO INCREASE THE BURDEN OF PROOF TO<br>BEYOND ALL DOUBT FILED Attorney: SHANKS,<br>MICHAEL D AND Attorney: GARRETSON, JOHN A | 0.00 | 0.00 |
| 56 | 04/27/84 | MOTION FOR PRETRIAL HEARINGS FILED<br>Attorney: SHANKS, MICHAEL D (18906) AND<br>Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 57 | 04/27/84 | MOTION FOR RULING ON NUMBER OF PEREMPTORY<br>CHALLENGES FILED Attorney: SHANKS, MICHAEL<br>D (18906) AND Attorney: GARRETSON, JOHN A<br>(00831) | 0.00 | 0.00 |
| 58 | 04/27/84 | MOTION TO RECORD ALL PROCEEDINGS FILED<br>Attorney: SHANKS, MICHAEL D (18906) AND<br>Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |

```
Date: 10/23/2009  10:54:47          Docket Sheet              Page: 10

CRTR5925                            Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr      Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|-------------------------------|-------------|
| 59 | 04/27/84 | MOTION TO COMPEL PROSECUTOR TO DISCLOSE DEATH PENALTY DATA FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 60 | 04/27/84 | MOTION FOR PRETRIAL DISCLOSURE OF THE PROSECUTING WITNESSES' WRITTEN OR RECORDED STATEMENTS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 61 | 04/27/84 | MOTION TO COMPEL DISCLOSURE OF PROSECUTING ATTORNEY'S JURY SELECTION DATA FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 62 | 04/27/84 | MOTION TO REQUIRE PROSECUTOR TO STATE REASON FOR EXERCISING PEREMPTORY CHALLENGES FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 63 | 04/27/84 | MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS AND FOR LEAVE TO SUPPLEMENT THE MEMO IN SUPPORT OF THOSE MOTIONS ALREADY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 64 | 04/27/84 | MOTION FOR ALL MOTIONS TO BE HEARD ON THE RECORD FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 65 | 04/27/84 | MOTION FOR SEQUESTRATION OF JURORS FOR DURATION OF TRIAL FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 66 | 04/27/84 | FURTHER MOTION TO PROHIBIT DEATH QUALIFICATION OF JURY:  IN THE ALTERNATIVE TO SEAT SEPARATE JURIES DURING THE GUILT AND PENALTY PHASES OF TRIAL AND SUPPLEMENTAL MEMORANDUM THEREON FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 67 | 04/27/84 | FURTHER MEMORANDUM IN SUPPORT OF DISCLOSURE OF GRAND JURY TESTIMONY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 68 | 04/27/84 | MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |

```
Date: 10/23/2009  10:54:47          Docket Sheet              Page: 11

CRTR5925                            Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|-------------------------------------------------------------------------|----------------------------------|-------------|
| 69 | 04/27/84 | MOTION TO INSULATE THE VENIRE AND JURY<br>FILED Attorney: SHANKS, MICHAEL D (18906)<br>AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 70 | 04/27/84 | MOTION TO DISMISS FILED Attorney: SHANKS,<br>MICHAEL D (18906) AND Attorney: GARRETSON,<br>JOHN A (00831) | 0.00 | 0.00 |
| 71 | 04/27/84 | SUPPLEMENTAL DISCOVERY FILED ASST PROS<br>ATTY, MICHAEL J | 0.00 | 0.00 |
| 72 | 04/30/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 73 | 04/30/84 | MOTION IN LIMINE WITH MEMORANDUM FILED<br>Attorney: GARRETSON, JOHN A | 0.00 | 0.00 |
| 74 | 04/30/84 | RETURNED MOTION FOR EXPERT SERVICES FILED<br>BY Attorney: SHANKS, MICHAEL D FILED IN<br>SUPREME COURT CASE #99-0252 ON 3-5-99 | 0.00 | 0.00 |
| 75 | 04/30/84 | JOURNAL ENTRY - ORDER FILED | 2.00 | 2.00 |
| 76 | 04/30/84 | MOTION FOR ORDER RELEASING RECORDS FILED<br>Attorney: SHANKS, MICHAEL D (18906) AND<br>Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 77 | 04/30/84 | INVOICE (attachment) | 0.00 | 0.00 |
| 78 | 05/01/84 | STATE'S MEMORANDUM IN RESPONSE TO MOTIONS<br>OF DEFT FILED ON 4-27-84 FILED ASST PROS<br>ATTY: EICHEL, DANIEL G (08259) AND ASST<br>PROS ATTY: SAGE, MICHAEL J | 0.00 | 0.00 |
| 79 | 05/03/84 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |
| 80 | 05/03/84 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |
| 81 | 05/04/84 | JOURNAL ENTRY - PRECIPE FILED SUBPOENA<br>ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 82 | 05/04/84 | JOURNAL ENTRY FILED | 8.00 | 8.00 |
| 83 | 05/04/84 | JOURNAL ENTRY - WAIVER AND ELECTION  FILED | 2.00 | 2.00 |
| 84 | 05/08/84 | JOURNAL ENTRY - JURY WAIVER AND ELECTION<br>OF THREE-JUDGE PANEL FILED | 2.00 | 2.00 |

```
Date: 10/23/2009  10:54:48          Docket Sheet              Page: 12

CRTR5925                            Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|-----------------------|---------|---------|
| 85 | 05/08/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 86 | 05/08/84 | RETURN-PERSONAL SERVICE OF SUBPOENA UPON :<br>(SEE IMAGE) | 1.65 | 1.65 |
| 87 | 05/09/84 | JOURNAL ENTRY - MOTION AND ENTRY FILED | 4.00 | 4.00 |
| 88 | 05/09/84 | JOURNAL ENTRY - DESIGNATING THREE JUDGE<br>PANEL FILED | 2.00 | 2.00 |
| 89 | 05/09/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 90 | 05/09/84 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON<br>: (SEE IMAGES) | 66.30 | 66.30 |
| 91 | 05/10/84 | JOURNAL ENTRY - MOTION AND ENTRY FILED | 4.00 | 4.00 |
| 92 | 05/10/84 | INVOICE (attachment) | 0.00 | 0.00 |
| 93 | 05/10/84 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR<br>AN INDIGENT DEFT FOR A TOTAL OF $36.00<br>FILED | 2.00 | 2.00 |
| 94 | 05/10/84 | RETURN-PROCESS SERVICE OF SUBPOENA UPON :<br>(SEE IMAGE) | 0.00 | 0.00 |
| 95 | 05/10/84 | RETURN-PROCESS SERVICE OF SUBPOENAS UPON :<br>(SEE IMAGES) | 0.00 | 0.00 |
| 96 | 05/11/84 | JOURNAL ENTRY - CERTIFICATE FILED | 2.00 | 2.00 |
| 97 | 05/11/84 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON<br>: (SEE IMAGES) | 5.65 | 5.65 |
| 98 | 05/14/84 | RETURN RECEIPT OF CERTIFIED MAIL OF MR<br>STEVEN DIX, CHIEF OF MANAGEMENT DEPT OF<br>CORRECTIONS | 0.00 | 0.00 |
| 99 | 05/14/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 100 | 05/15/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 101 | 05/16/84 | ENTRY OF FINDINGS OF GUILTY | 2.00 | 2.00 |
| 102 | 05/22/84 | JOURNAL ENTRY FILED | 2.00 | 2.00 |

```
Date: 10/23/2009  10:54:48          Docket Sheet              Page: 13

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|--------------------------------------------------------------------------|----------------------------------|-------------|
| 103 | 05/22/84 | PERSONAL SERVICE OF CERTIFIED COPY OF ENTRY: UPON BUTLER COUNTY FORENSIC CENTER: (SEE IMAGE) | 0.00 | 0.00 |
| 104 | 05/25/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 105 | 06/04/84 | JUDGMENT OF CONVICTION ENTRY AND WRIT FOR THE EXECUTION OF THE DEATH PENALTY FILED | 4.00 | 4.00 |
| 106 | 06/05/84 | COST BILL | 1,021.00 | 1,021.00 |
| 107 | 06/11/84 | NOTICE TO SUPREME COURT OF OHIO OF PLEA OF GUILTY OR OF NO CONTEST TO AND NOTICE OF DISMISSAL OF INDICATING CHARGING AGGRAVATED MURDER WITH SPECIFICATION(S) OF AGGRAVATING CIRCUMSTANCES/R C 2929.021(B) FILED EDWARD S ROBB JR CLERK OF COURTS, JEROME COOK, DEPUTY CLERK | 0.00 | 0.00 |
| 108 | 06/11/84 | JOURNAL ENTRY  - OPINION FILED | 6.00 | 6.00 |
| 109 | 06/12/84 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES & AFFIDAVIT OF INDIGENCY FILED,for atty.:  JOHN A GARETSON IN AMOUNT OF $2,629.50 | 8.00 | 8.00 |
| 110 | 06/12/84 | JOURNAL ENTRY - INDICTMENT FOR DEFT INDIGENT COURT REQUEST ASSIGNS JACK GARRETSON FILED | 2.00 | 2.00 |
| 111 | 06/13/84 | RETURN RECEIPT OF CERTIFIED MAIL OF SUPREME COURT OF OHIO | 0.00 | 0.00 |
| 112 | 06/18/84 | RECEIPT #165627 NOTICE OF APPEAL $40.00 | 0.00 | 0.00 |
| 113 | 06/18/84 | NOTICE OF APPEAL (COPY) FILED IN COURT OF APPEALS CA84 06 071, 6-18-84 Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 114 | 06/22/84 | SHERIFF'S RETURN-PERSONAL SERVICE OF EXECUTION FOR COSTS $1,021.00 IN FELONY | 3.65 | 3.65 |
| 115 | 06/22/84 | SHERIFF'S RETURN-PERSONAL SERVICE OF WARRANT TO CONVEY TO SOUTHERN OHIO CORRECTIONAL FACILITY | 36.35 | 36.35 |
| 116 | 06/27/84 | COPY OF CRIMINAL DOCKET STATEMENT FILED COPY TO COURT OF APPEALS #CA84 06 071 | 2.00 | 2.00 |

```
Date: 10/23/2009  10:54:48          Docket Sheet              Page: 14

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of Journal | Pleadings Filed, Orders and Decrees Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|-----|-----|-----|-----|
| 117 | 08/01/84 | MOTION FILED Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 118 | 08/01/84 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 119 | 08/16/84 | MOTION FOR STAY OF EXECUTION FILED Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 120 | 08/16/84 | JOURNAL ENTRY GRANTING STAY OF EXECUTION FILED | 2.00 | 2.00 |
| 121 | 08/16/84 | COPY OF ENTRY GRANTNG STAY OF EXECUTION FILED IN COURT OF APPEALS CASE #CA84 06 071 | 2.00 | 2.00 |
| 122 | 08/20/84 | RETURN RECEIPTS OF CERTIFIED MAIL OF THOMAS L STARTZMAN AND WALLACE E STEIN - RECORD CLERK | 0.00 | 0.00 |
| 123 | 09/25/84 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT/CERTIFICATE TRANSCRIPT FEE $753.00 FILED | 2.00 | 2.00 |
| 124 | 09/25/84 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 125 | 09/25/84 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT, ATTYS FOR DEFT MIKE SHANKS AND JACK GARRETSON, TOTAL OF $1,129.50 FILED | 2.00 | 2.00 |
| 126 | 09/25/84 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 127 | 09/25/84 | CERTIFIED COPY OF CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT, for atty.: MIKE SHANKS AND JACK GARRETSON, TOTAL OF $1,129.50 | 2.00 | 2.00 |
| 128 | 08/21/85 | ADDITIONAL EXECUTION FOR COSTS IN FELONY TO SHERIFF | 0.00 | 0.00 |
| 129 | 05/27/86 | MEMO :NUNC PRO TUNC ENTRY TO THIS DATE FILED 5/7/90 | 0.00 | 0.00 |
| 130 | 05/27/86 | JOURNAL ENTRY - OPINION FILED IN CA84-06-071 | 52.00 | 52.00 |
| 131 | 05/27/86 | JOURNAL ENTRY MANDATE JUDGMENT ENTRY FILED IN CASE #CA84 06 071 | 2.00 | 2.00 |

Date: 10/23/2009  10:54:48          Docket Sheet                    Page: 15

CRTR5925                             Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------|--------------|-------------|
| 132 | 05/27/86 | JOURNAL ENTRY  -  JUDGMENT FILED IN CA84<br>-06-071 - COPY | 2.00 | 2.00 |
| 133 | 05/27/86 | SEPARATE OPINION PURSUANT TO R C 2929.05<br>(A) - COPY | 2.00 | 2.00 |
| 134 | 09/29/88 | SUPREME COURT OF OHIO COLUMBUS MANDATE<br>FILED NO. 86-1171, 1988 TERM - COPIES<br>ATTACHED | 10.00 | 10.00 |
| 135 | 09/29/88 | SUPREME COURT OF OHIO COLUMBUS MANDATE<br>FILED NO. 86-1171, 1988 TERM - ATTACHMENT<br>COPY OF APPEAL FROM THE COURT OF APPEALS | 4.00 | 4.00 |
| 136 | 09/29/88 | MOTION TO RETURN DEFT FOR SENTENCING FILED<br>Attorney: GARRETSON, JOHN A (00831),<br>Attorney: SHANKS, MICHAEL D (18906) AND<br>Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 137 | 10/05/88 | CERTIFIED COPY OF JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 138 | 10/31/88 | PERSONAL SERVICE OF WRIT: UPON: (SEE IMAGE) | 0.00 | 0.00 |
| 139 | 11/04/88 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 140 | 11/09/88 | PERSONAL SERVICE OF WRIT: UPON: (SEE<br>IMAGE) AND RECEIPT FOR INMATE ATTACHED | 0.00 | 0.00 |
| 141 | 01/19/89 | LETTER FROM SUPREME COURT WASHINGTON DC TO<br>JOHN F HOLCOMB | 0.00 | 0.00 |
| 142 | 01/19/89 | MOTION FILED Attorney: EICHEL, DANIEL G<br>(08259) | 0.00 | 0.00 |
| 143 | 02/06/89 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 144 | 02/10/89 | APPLICATION, STATEMENT & MOTION &<br>ENTRY/ATTY FEES & AFFIDAVIT OF INDIGENCY<br>FILED,for atty.:  MICHAEL D SHANKS, IN<br>AMOUNT OF $1,386.00 | 6.00 | 6.00 |
| 145 | 05/09/89 | MOTION TO EXTEND TIME TO FILE PRERIAL<br>MOTIONS AND MOTION TO CONTINUE<br>SENTENCING/MITIGATION HEARING FILED<br>Attorney: GARRETSON, JOHN A (00831),<br>Attorney: SHANKS, MICHAEL D (18906)/PER<br>PHONE AND Attorney: EVANS, TIMOTHY R<br>(18590)/PER PHONE | 0.00 | 0.00 |

Date: 10/23/2009  10:54:48          Docket Sheet                    Page: 16

CRTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|-------------------------------------------------------------------------|-------------------------------|-------------|
| 146 | 06/05/89 | NOTICE OF HEARING OF MITIGATION SET 8-4- AT 9:00 AM BEFORE JUDGE MOSER, WILLIAM R STITSINGER AND HENRY J BRUEWER | 0.00 | 0.00 |
| 147 | 06/28/89 | ENTRY FILED | 2.00 | 2.00 |
| 148 | 06/29/89 | WITHDRAW OF JURY WAIVER FILED Attorney: EVANS, TIMOTHY R (18590) | 2.00 | 2.00 |
| 149 | 06/29/89 | MOTION FILED Attorney: EVANS, TIMOTHY R (18590), FILED 3-5-99 SUPREME COURT OF OHIO 99-0252 AND 3-5-91, 90-2524 | 0.00 | 0.00 |
| 150 | 06/29/89 | MOTION TO WITHDRAW THE JURY WAIVER FILED Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 151 | 07/18/89 | MOTION FOR FURTHER PSYCHOLOGICAL EVALUATIONS, APPOINTMENT OF A SOCIAL WORKER TO PREPARE A SOCIAL HISTORY AND FOR PAYMENT OF EXTRA-ORDINARY EXPENSES FOR SAID EXPERTS FILED Attorney: GARRETSON, JOHN A (00831) AND Attorney: SHANKS, MICHAEL D | 0.00 | 0.00 |
| 152 | 07/18/89 | MOTION TO PROHIBIT THREE-JUDGE PANEL FROM RESENTENCING TO DEATH AND MOTION TO DISQUALIFY PANEL FILEDAttorney: GARRETSON, JOHN A (00831), Attorney: SHANKS, MICHAEL D (18906) AND Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 153 | 07/20/89 | RETURN COPIES OF SUBPOENAS ISSUED (SEE IMAGES) | 6.00 | 6.00 |
| 154 | 07/20/89 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 8.00 | 8.00 |
| 155 | 07/21/89 | MOTION TO STRIKE DEFT'S WITHDRAWAL OF JURY WAIVER AND MEMORANDUM FILED FIRST ASST PROS Attorney: EICHEL, DANIEL G (08259) | 0.00 | 0.00 |
| 156 | 07/24/89 | ORDER RE TRANSCRIPT OF DEFT AND SETTING HEARING DATE ON REMAND | 2.00 | 2.00 |
| 157 | 07/24/89 | MOTION TO RENEW PRETRIAL MOTIONS FILED Attorney: SHANKS, MICHAEL D (18906), GARRETSON AND EVANS | 0.00 | 0.00 |
| 158 | 07/24/89 | MOTION TO PERMIT THE DEFENSE TO ADMIT ALL RELEVANT EVIDENCE AT THE SENTENCING PHASE FILED Attorney: SHANKS, MICHAEL D (18906), GARRETSON AND EVANS | 0.00 | 0.00 |

```
Date: 10/23/2009  10:54:48          Docket Sheet                Page: 17

CRTR5925                             Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 159 | 07/25/89 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGES) | 0.00 | 0.00 |
| 160 | 07/25/89 | AFFIDAVIT OF DAN EICHEL | 0.00 | 0.00 |
| 161 | 07/26/89 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 2.00 | 2.00 |
| 162 | 07/26/89 | RETURN COPIES OF PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 2.00 | 2.00 |
| 163 | 07/26/89 | MEMORANDUM IN OPPOSITION TO DEFT'S MOTION TO PROHBIT 3-JUDGE PANEL FROM RESENTENCING TO DEATH AND TO DISQUALIFY PANEL FILED FIRST ASST PROS Attorney: EICHEL, DANIEL G (08259) | 0.00 | 0.00 |
| 164 | 07/26/89 | ENTRY FILED | 4.00 | 4.00 |
| 165 | 07/27/89 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGE) | 0.00 | 0.00 |
| 166 | 08/01/89 | ENTRY AS TO MOTIONS HEARD JULY 31 1989 | 4.00 | 4.00 |
| 167 | 08/04/89 | RETURN RECEIPT OF CERTIFIED MAIL OF  (SEE IMAGES) | 0.00 | 0.00 |
| 168 | 08/07/89 | JUDGEMENT OF CONVICTION ENTRY FILED | 6.00 | 6.00 |
| 169 | 08/10/89 | OPINION FILED | 6.00 | 6.00 |
| 170 | 09/06/89 | NOTICE OF APPEAL FILED DAVID C STEBBINS, SENIOR ASST PUBLIC DEFENDER IN CA1989 09 0123 | 0.00 | 0.00 |
| 171 | 09/13/89 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES FILED for atty.:  JOHN A GARRETSON IN AMOUNT OF $850.00 | 8.00 | 8.00 |
| 172 | 09/13/89 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES FILED for atty.:  MICHAEL D SHANKS, IN AMOUNT OF $827.00 | 8.00 | 8.00 |
| 173 | 09/20/89 | RETURN RECEIPT OF CERTIFIED MAIL OF CLERK OHIO SUPREME COURT | 0.00 | 0.00 |
| 174 | 09/20/89 | RETURN-PERSONAL SERVICE OF EXECUTION FOR COSTS IN FELONY | 3.70 | 3.70 |

Date: 10/23/2009  10:54:48          Docket Sheet                 Page: 18

CRTR5925                             Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 175 | 10/03/89 | COPIES OF CASE DOCKET SHEET ISSUED - FILED<br>3-5-91 SUPREME COURT #90-2524 | 2.25 | 2.25 |
| 176 | 02/05/90 | COST BILL - TOTAL FEES $1,383.40 - FILED<br>3-5-91 IN SUPREME COURT OF OHIO #90-2524 | 0.00 | 0.00 |
| 177 | 02/09/90 | CERTIFICATE OF MAILINGS (SEE IMAGES) | 0.00 | 0.00 |
| 178 | 02/13/90 | COPY OF JOURNAL ENTRY FILED IN CA89 09 123 | 2.00 | 2.00 |
| 179 | 04/10/90 | PLEASE SEE DOCKET FOR PREVIOUS FILINGS | 0.00 | 0.00 |
| 180 | 05/07/90 | APPOINTMENT OF ATTORNEY FOR INDIGENT<br>DEFENDANT (NUNC PRO TUNC<br>5/27/86),BRUEWER,J. (IMAGED ABOVE)<br>26-42-145 | 2.00 | 2.00 |
| 181 | 05/07/90 | APPOINTMENT OF ATTORNEY FOR INDIGENT<br>DEFENDANT (NUNC PRO TUNC<br>5/27/86),BRUEWER,J. | 2.00 | 2.00 |
| 182 | 10/29/90 | MANDATE FILED AFFIRMING CA89 09 0123<br>(IMAGED UNDER JUDGMENT ENTRY)<br>--146 | 2.00 | 2.00 |
| 183 | 10/29/90 | JUGMENT ENTRY FILED - MANDATE CA89 09 123<br>- COPY OF OPINION ATTACHED | 2.00 | 2.00 |
| 184 | 03/30/92 | [ Clerk's memo ] : SUPREME CT.OH  upheld<br>(affirmed 12th District Decision) for<br>DEATH PENALTY CA89 09 0123 S.C.OH.# 90-2524<br>--147 | 0.00 | 0.00 |
| 185 | 03/31/92 | [ Clerk's memo ] : COPY OF SUPREME CT OF<br>OH MANDATE AFIRMING & UPHOLDING DEATH<br>PENALTY FILED, COPIES TO Grace White for<br>issuance of Death Warrant & certified copy<br>of Mandate to institution/<br><br>& copy to trial court file/CA-Midd &<br>Moser,J<br>--148 | 0.00 | 0.00 |
| 186 | 04/08/92 | ALL PAPERS RETURN FROM SUPREME COURT OF OH | 0.00 | 0.00 |
| 187 | 05/19/92 | [ Clerk's memo ] : DATE OF SCHEDULED<br>EXECUTION | 0.00 | 0.00 |
| 188 | 10/08/93 | EVIDENTIARY HEARING REQUSTED ; PETITION<br>TO VACATE OR SET ASIDE SENTENCE: R.C.<br>2953.21 FILED BY ATTY JOANN BOUR-STOKES &<br>LINDA E  PRUCHA FOR DEFENDANT<br>--149 | 0.00 | 0.00 |

```
Date: 10/23/2009  10:54:48          Docket Sheet              Page: 19

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|----------------------------------------|--------------|-------------|
| 189 | 10/08/93 | EVIDENTIARY HEARING REQUESTED; PETITION<br>TO VACATE OR SET ASIDE SENTENCE;<br>R.C.2953.21 FILED BY ATTY JOANN<br>BOUR-STOKES/LINDA E PRUCHA FOR DEFENDANT<br>(EXHIBITS ATTACHED)<br>--150 | 0.00 | 0.00 |
| 190 | 10/18/93 | ASSIGNMENT OF JUDGE CREHAN FROM JUDGE<br>MOSER FILED ELLIOTT,J<br>311-576-151 | 0.00 | 0.00 |
| 191 | 10/18/93 | ANSWER AND MOTION TO DISMISS DEFT'S<br>PETITION FOR POSTCONVICTION RELIEF FILED<br>--152 | 0.00 | 0.00 |
| 192 | 10/20/93 | DEFT'S MOTION FOR JUDGE MOSER TO RECUSE<br>HIMSELF FILED<br>--153 | 0.00 | 0.00 |
| 193 | 03/14/94 | ORDER SETTING CONFERENCE FOR 3/30/94 AT<br>4:00PM FILED CREHAN,J<br>349-573-154 | 2.00 | 2.00 |
| 194 | 03/30/94 | STATE'S MOTION FOR LEAVE TO FILE<br>ADDITIONAL PAGE OF THE STATE'S MEMORANDUM<br>IN SUPPORT OF MOTION TO DIMISS FILED/DAN<br>EICHEL,ATTY<br>--155 | 0.00 | 0.00 |
| 195 | 04/04/94 | JOURNAL ENTRY SETTING DATE FOR ORAL<br>ARGUMENT SET: 6/24/94 9:00 AM FILED<br>CREHAN,J<br>355-559-156 | 4.00 | 4.00 |
| 196 | 04/07/94 | AMENDED ENTRY SETTING DATE FOR ORAL<br>ARGUMENT FILED CREHAN,J<br>356-637-157 | 4.00 | 4.00 |
| 197 | 04/11/94 | DEFT'S MOTION TO STRIKE AND MEMORANDUM<br>FILED/JOANN BOUR-STOKES AND L PRUCHA,ATTYS<br>--158 | 0.00 | 0.00 |
| 198 | 04/12/94 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S<br>MOTION TO STRIKE FILED BY ATTY DAN EICHEL<br>--159 | 0.00 | 0.00 |
| 199 | 07/12/94 | SUPPLEMENTAL MEMORANDUM FILED<br>--160 | 0.00 | 0.00 |
| 200 | 11/01/94 | ENTRY RE: DEFTS MOTION FOR POST<br>CONVICTION RELIEF;MOTION TO STRIKE AND<br>SETTING DATE FOR EVIDENTIARY HEARING<br>11/23/94 FILED,CREHAN,J (DAVIS)<br>411-508-161 | 16.00 | 16.00 |
| 201 | 11/16/94 | HEARING ON PETITION FOR POST-CONVICTION<br>RELIEF SET 12-20-94 1:15 FILED ASSIGNMENT<br>COMMISSIONER CINDY BAKER<br>--162 | 0.00 | 0.00 |
| 202 | 12/05/94 | DEFENDANT'S FIRST SET OF INTERROGATORIES<br>TO PLAINTIFF FILED JOANN M JOLSTAD, LINDA<br>E PRUCHA OH PUBLIC DEFENDER<br>--163 | 0.00 | 0.00 |

```
Date: 10/23/2009  10:54:48          Docket Sheet              Page: 20

CRTR5925                             Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------|-------------------------------|-------------|
| 203 | 12/05/94 | MOTION TO SECURE ATTENDANCE OF VON CLARK DAVIS AT POST-CONVICITON EVIDENTIARY HEARING FILED JOANN M JOLSTAD, OH PUBLIC DEFENDER FOR VON CLARK DAVIS --164 | 0.00 | 0.00 |
| 204 | 12/05/94 | PRECIPE FILED SUBPOENA ISSUED TO HON. JOHN R. MOSER, HON. WILLIAM R. STITSINGER ON DECEMBER 5, 1994 BY JOHN F. HOLCOMB, PROS. ATTY. | 4.00 | 4.00 |
| 205 | 12/07/94 | ORDER: WARRANT TO CONVEY PRISONER FOR POST CONVICTION HEARING R.C. 2953.22 FILED SAGE,J FOR CREHAN,J  (VON CLARK DAVIS) 420-688-165 | 2.00 | 2.00 |
| 206 | 12/09/94 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON. JOHN R. MOSER ON DECEMBER 9, 1994 BY JIM FARQUIS, PROCESS SERVER | 0.00 | 0.00 |
| 207 | 12/14/94 | ORDER VACATING WARRANT TO CONVEY PRISONER AND RESCHEDULING HEARING DATE UNTIL 1-11-95 10L00AM FILED CREHAN,J 422-343-166 | 2.00 | 2.00 |
| 208 | 01/05/95 | ORDER: warrant to convey prisoner for postconviction hearing filed  SAGE,J FOR MATTHEW J CREHAN  (VON CLARK DAVIS) 428-629-167 | 2.00 | 2.00 |
| 209 | 01/06/95 | PRECIPE FILED SUBPOENA ISSUED TO HON. WILLIAM R. STITSINGER, HON. JOHN R. MOSER ON JANUARY 6, 1995 BY JOHN F. HOLCOMB, ATTY. | 4.00 | 4.00 |
| 210 | 01/06/95 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON. JOHN R. MOSER ON JANUARY 6, 1995 BY PROCESS SERVER | 0.00 | 0.00 |
| 211 | 01/06/95 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON WILLIAM R. STITSINGER ON JANUARY 6, 1995 BY PROCESS SERVER | 0.00 | 0.00 |
| 212 | 01/12/95 | JOURNAL ENTRY : ORDER TO RETURN DEFENDANT TO SOUTHERN OH CORRECTIONAL FACILITY FILED CREHAN,J 430-259-168 | 2.00 | 2.00 |
| 213 | 01/12/95 | TRANSCRIPT FEE | 72.50 | 72.50 |
| 214 | 01/25/95 | JOURNAL ENTRY STATEMENT FROM SHIRLEY ROESCH TO PROSECUTOR'S OFFICE $72.50 FILED CREHAN,J 433-196-169 | 4.00 | 4.00 |
| 215 | 01/25/95 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr SHIRLEY ROESCH $72.50 FILED CREHAN,J 433-197-170 | 2.00 | 2.00 |

```
Date: 10/23/2009  10:54:48           Docket Sheet                  Page: 21

CRTR5925                               Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 216 | 01/30/95 | CERTIFICATE \ TRANSCRIPT FEES ,filed (amount +$2.in line 3) (certifed copies>Auditor) $217.50 TO SHIRLEY ROESCH,COURT REPORTER FILED CREHAN,J 434-101-173 | 2.00 | 2.00 |
| 217 | 01/30/95 | EXHIBIT FILED BY COURT REPORTER SHIRLEY ROESCH *** FILED @ RECORDS CENTER*** --172 | 0.00 | 0.00 |
| 218 | 01/30/95 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr $217.50 TO SHIRELEY ROESCH,COURT REPORTER FILED CREHAN,J 434-102-174 | 2.00 | 2.00 |
| 219 | 01/30/95 | *TRANSCRIPT OF POST CONVICTION RELIEF HEARING FILED SHIRLEY ROESCH,COURT REPORTER *** FILED @ RECORDS CENTER*** --171 | 0.00 | 0.00 |
| 220 | 01/30/95 | TRANSCRIPT FEE | 217.50 | 217.50 |
| 221 | 02/21/95 | POST EVIDENTIARY HEARING BRIEF FILED --175 | 0.00 | 0.00 |
| 222 | 02/22/95 | SHERIFFS RETURN OF PERSONAL SERVICE OF ENTRY UPON: VON CLARK DAVIS  DATE: 01-10-95 BY BCSD | 3.00 | 3.00 |
| 223 | 02/28/95 | SHERIFFS RETURN OF PERSONAL SERVICE OF ENTRY UPON: VON CLARK DAVIS  DATE: 02-11-95 BY BCSD  (PER JAIL ALREADY) | 0.00 | 0.00 |
| 224 | 03/02/95 | STATE'S MEMORANDUM IN RESPONSE FILED --176 | 0.00 | 0.00 |
| 225 | 03/15/95 | POST-EVIDENTIARY HEARING REPLY BRIEF FILED JOANN JOLSTAD, LINDA E PRUCHA, ATTYS FOR VON CLARK DAVIS --177 | 0.00 | 0.00 |
| 226 | 06/30/95 | FINAL APPEALABLE ORDER  DISMISSAL ENTRY; PETITIONER'S PETITION FOR A HEARING IS DENIED AND THE MOTION OF THE STATE OF OHIO TO DISMISS THE PETITION FOR POST-CONVICTION RELIEF IS GRANTED FILED CREHAN,J 480-581-178 | 0.00 | 0.00 |
| 227 | 07/31/95 | NOTICE OF APPEAL FILED/CA95 07 0124 cc:CA-Midd;Judge;CDS>file & by mail>attys\parties indicated as of record BY LINDA E PRUCHA & TRACEY LEONARD,ASST ST PUBLIC DEFENDER,ATTYS --179 | 25.00 | 25.00 |
| 228 | 10/09/96 | MANDATE filed,forwarded to C.A.fileroom clerk > 12thDistrict AppealsCourt # CA95 07 124 PAGE 22 CORRECTED OPINION  9-30-96 | 0.00 | 0.00 |

```
Date: 10/23/2009  10:54:48          Docket Sheet              Page: 22

CRTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|-------------------------------|-------------|
| 229 | 10/09/96 | CERTIFIED COPY OF CORRECTED PAGE TWENTY-TWO FOR BUTLER CA95 07 124 OPINION RELEASED 9-30-96 FILED 3-5-99 SUPREME COURT OF OHIO 99-0252 | 2.00 | 2.00 |
| 230 | 02/25/99 | ALL PAPERS SENT TO SUPREME COURT OF OHIO | 0.00 | 0.00 |
| 231 | 09/15/99 | ALL PAPERS RETURN FROM SUPREME COURT OF OHIO | 0.00 | 0.00 |
| 232 | 10/18/07 | ENTRY SCHEDULING STATUS CONFERENCE FILED | 2.00 | 2.00 |
| 233 | 11/06/07 | APPOINTMENT OF ATTORNEY FOR INDIGENT DEFENDANT RANDALL L PORTER, ASST. PUBLIC DEFENDER FOR DEFENDANT VON CLARK DAVIS | 2.00 | 2.00 |
| 234 | 11/19/07 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM  OHIO STATE PENITENTIARY  ON 12/03/2007 @ 9:00 AM FILED | 6.00 | 6.00 |
| 235 | 11/27/07 | WAIVER OF APPEARANCE OF VON CLARK DAVIS FOR THE NOVEMBER 05, 2007 STATUS CONFERENCE FILED Attorney: PORTER, RANDALL L (0005835) | 4.00 | 4.00 |
| 236 | 12/03/07 | NOTICE OF FILING BY VON CLARK DAVIS FILED Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 237 | 12/04/07 | Time Waiverof Speedy Trial requirements filed | 2.00 | 2.00 |
| 238 | 12/04/07 | Time Waiverof Speedy Trial requirements filed | 4.00 | 4.00 |
| 239 | 12/05/07 | APPOINTMENT OF TRIAL COUNSEL IN A CAPITAL CASE FILED Attorney: PORTER, RANDALL L (0005835); Attorney: COOK REICH, MELYNDA (0066596) | 2.00 | 2.00 |
| 240 | 12/06/07 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: HEARING Date: 02/04/2008    Time: 2:00 pm Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor | 0.00 | 0.00 |
| 241 | 12/19/07 | ORDER GRANTING A NEW SENTENCING HEARING FILED | 2.00 | 2.00 |

```
Date: 10/23/2009  10:54:48          Docket Sheet                  Page: 23

CRTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|------|------|------|
| 242 | 12/21/07 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY  ON 02/04/2008 @ 1:00 PM FILED | 6.00 | 6.00 |
| 243 | 02/05/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: MOTION Date: 03/06/2008    Time: 3:00 pm Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor | 0.00 | 0.00 |
| 244 | 02/05/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: MOTION Date: 06/26/2008    Time: 9:00 am Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor<br><br>Result: VACATED | 0.00 | 0.00 |
| 245 | 02/06/08 | LETTER TO JUDGE NASTOFF REGARDING VON CLARK DAVIS FILED | 0.00 | 0.00 |
| 246 | 02/15/08 | BON CLARK DAVIS MOTION TO BE HEARD EX PARTE ON MOTIONS FOR APPROPRIATION OF FUNDS Attorney: PORTER, RANDALL (0005835) | 0.00 | 0.00 |
| 247 | 02/20/08 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM  OHIO STATE PENITENTIARY ON 03/06 2008 | 6.00 | 6.00 |
| 248 | 02/26/08 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO PERMIT THE ACCUSED TO BE HEARD EX PARTE ON APPROPRIATION OF FUNDS FOR EXPERT ASSISTANCE Attorney: EICHEL, DANIEL G (08259) Attorney: OSTER JR Junior, MICHAEL A (0076491) | 0.00 | 0.00 |
| 249 | 03/14/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: HEARING Date: 03/18/2008    Time: 4:00 pm Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor | 0.00 | 0.00 |
| 250 | 03/18/08 | ENTRY REGARDING POTENTIAL THREE-JUDGE PANEL FILED | 4.00 | 4.00 |
| 251 | 03/19/08 | ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A MITIGATION SPECIALIST FILED | 2.00 | 2.00 |

```
Date: 10/23/2009  10:54:48           Docket Sheet                Page: 24

CRTR5925                               Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------|------|------|
| 252 | 03/19/08 | ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A PRIVATE INVESTIGATOR FILED | 2.00 | 2.00 |
| 253 | 03/31/08 | ENTRY AS TO RELEASE OF INSTITUTIONAL RECORDS FILED | 2.00 | 2.00 |
| 254 | 04/03/08 | ENTRY UNDER SEAL; ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A PSYCHOLOGIST FILED NASTOFF,J | 0.00 | 0.00 |
| 255 | 04/03/08 | ENTRY UNDER SEAL FILED NASTOFF,J | 2.00 | 2.00 |
| 256 | 04/03/08 | ENTRY UNDER SEAL;  ENTRY GRANTING DEFENDANT'S  MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A NEUROPSYCHOLOGIST FILED NASTOFF,J | 0.00 | 0.00 |
| 257 | 04/03/08 | ENTRY UNDER SEAL FILED NASTOFF,J | 2.00 | 2.00 |
| 258 | 04/10/08 | VON CLARK DAVIS' MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED Attorney: COOK-REICH, MELYNDA (0066596) | 0.00 | 0.00 |
| 259 | 04/15/08 | VON CLARK DAVIS' AMENDED MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED Attorney: COOK REICH, MELYNDA (0066596) | 0.00 | 0.00 |
| 260 | 04/22/08 | STATE'S MEMORANDUM IN RESPONSE, OPPOSING DEFENDANT'S AMENDED MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER IFLED Attorney: EICHEL, DANIEL G (0008259) | 0.00 | 0.00 |
| 261 | 04/23/08 | NOTICE OF APPEAL OF VON CLARK DAVIS CA2008 04 0111 FILED copy to CA, Appellee & counsel; Judge, CA deputy clerk Attorney: PORTER, RANDALL L (0005835) | 25.00 | 25.00 |
| 262 | 05/01/08 | VON CLARK DAVIS' REPLY IN SUPPORT OF HIS MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED Attorney: COOK REICH, MELYNDA (0066596) | 0.00 | 0.00 |
| 263 | 05/08/08 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 264 | 05/16/08 | VON CLARK DAVIS' MOTION FOR EXTENSION OF TIME TO FILE DEFENDANT'S MOTIONS FILED Attorney: COOK REICH, MELYNDA (0066596) | 0.00 | 0.00 |

```
Date: 10/23/2009  10:54:48          Docket Sheet              Page: 25

CRTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|----------------------------------------------------------------------|-------------------------------|-------------|
| 265 | 05/20/08 | ENTRY GRANTING MOTION FOR EXTENSION OF TIME FILED | 2.00 | 2.00 |
| 266 | 05/22/08 | JUDGMENT ENTRY FILED | 4.00 | 4.00 |
| 267 | 05/27/08 | VON CLARK DAVIS'S MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (APPENDIX, VOLUME I) FILED Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 268 | 05/27/08 | VON CLARK DAVIS' MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (APPENDIX, VOLUME II) FILED Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 269 | 05/27/08 | VON CLARK DAVIS' MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (EVIDENTIARY HEARING REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 270 | 05/27/08 | VON CLARK DAVIS' MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE (ORAL ARGUMENT REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 271 | 05/27/08 | VON CLARK DAVIS'S MOTION TO REQUIRE A SEALED COPY OF THE PROSECUTION'S FILE BE MADE PART OF THE RECORD FILED Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 272 | 05/27/08 | VAN CLARK DAVIS' MOTION TO DISMISS THE CAPITAL SPECIFICATION CONTAINED IN INDICTMENT (ORAL ARGUMENT REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 273 | 05/28/08 | STATE'S MOTION FOR CONTINUANCE AND AN EXTENSION OF TIME TO FILE MOTIONS/MEMORANDA IN RESPONSE TO DEFENDANT'S  MOTION FILED 5/27/2008 FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER JR Junior, MICHAEL A (0076491) | 0.00 | 0.00 |
| 274 | 05/28/08 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO REQUIRE A SEALED COPY OF THE PROSECUTOR'S FILE TO BE MADE PART OF THE RECORD FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER JR Junior, MICHAEL A (0076491) | 0.00 | 0.00 |

Date: 10/23/2009  10:54:48            Docket Sheet              Page: 26

CRTR5925                               Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

---

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---|---|---|
| 275 | 05/28/08 | VON CLARK DAVIS' MOTION TO SUPPRESS<br>PRETRIAL AND TRIAL IDENTIFICATIONS FILED<br>Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 276 | 05/30/08 | VON CLARK DAVIS' LIMITED DEMAND FOR<br>DISCOVERY FILED Attorney: PORTER, RANDALL<br>L (0005835) | 0.00 | 0.00 |
| 277 | 05/30/08 | VON CLARK DAVIS' MOTION FOR PRE-TRIAL<br>DISCLOSURE OF POLICE REPORTS AND WITNESS<br>STATEMENTS FILED<br>Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 278 | 05/30/08 | VON CLARK DAVIS' MOTION TO COMPEL LAW<br>ENFORCEMENT OFFICIALS TO PROVIDE THE<br>PROSECUTING ATTORNEY WITH ALL THE<br>INFORMATION ACQUIRED DURING THE COURSE OF<br>THEIR INVESTIGATION FILED Attorney:<br>PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 279 | 06/04/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: HEARING<br>Date: 06/12/2008    Time: 3:00 pm<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor | 0.00 | 0.00 |
| 280 | 06/04/08 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM   STATE PENITENTIARY FILED | 6.00 | 6.00 |
| 281 | 06/13/08 | VON CLARK DAVIS' FIRST NOTICE OF ADDITIOAL<br>AUTHORITY (EVIDENTIARY HEARING REQUESTED)<br>FILED Attorney: PORTER, RANDALL L<br>(0005835) (FAX COPY) | 0.00 | 0.00 |
| 282 | 06/16/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br><br>The following event: MOTION scheduled for<br>06/26/2008 at 9:00 am has been rescheduled<br>as follows:<br><br>Event: MOTION<br>Date: 08/27/2008    Time: 9:00 am<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor | 0.00 | 0.00 |
| 283 | 06/27/08 | VON CLARK DAVIS' MEMORANDUM CONCERNING HIS<br>RIGHT TO A JURY TRIAL WITH RESPECT TO<br>RESENTENCING (EVIDENTIARY HEARING<br>REQUESTED PLEADING L) FILED Attorney:<br>PORTER, RANDALL L (0005835) (FAX COPY) | 0.00 | 0.00 |

```
Date: 10/23/2009  10:54:48          Docket Sheet                    Page: 27

CRTR5925                            Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr      Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|-------------------------------------------------------------------------------|-------------------------------|-------------|
| 284 | 06/27/08 VON CLARK DAVIS' MOTION TO SUPPRESS PRETRIAL AND TRIAL IDENTIFICATION (EVIDENTIARY HEARING REQUESTED PLEADING K) FILED Attorney: PORTER, RANDALL L (0005835) (FAX COPY) | 0.00 | 0.00 |
| 285 | 06/30/08 VON CLARK DAVIS' MOTION  FOR FUNDING TO RETAIN DR. MARK HEATH, M.D. (ORAL ARGUMENT REQUESTED PLEADING N) FILED Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 286 | 06/30/08 VON CLARK DAVIS' MOTION TO PRECLUDE THE STATE FROM SEEKING THE DEATH PENALTY (ORAL ARGUMENT REQUESTED PLEADING M) FILED Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 287 | 06/30/08 VON CLARK DAVIS' MOTION TO TRANSCRIBE THE GRAND JURY PROCEEDINGS (ORAL ARGUMENT REQUESTED PLEADING O) FILED Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 288 | 07/25/08 STATE'S MEMORANDUM IN OPPOSITION TO DEFENDATN'S MEMORANDUM "L" "CONCERNING RIGHT TO A JURY TRIAL WITH RESPECT TO RESENTENCING" [sic] FILED Attorney: EICHEL, DANIEL G (0008259) | 0.00 | 0.00 |
| 289 | 07/25/08 MEMORANDUM IN OPPOSITION TO PRECLUDE USE OF DEATH PENALTY FILED Attorney: EICHEL, DANIEL G (0008259) | 0.00 | 0.00 |
| 290 | 07/25/08 STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "M" TO PRECLUDE THE STATE FROM SEEKING THE DEATH PENALTY FILED Attorney: EICHEL, DANIEL G (0800259) | 0.00 | 0.00 |
| 291 | 07/25/08 STATE'S MEMORANDUM "O" IN OPPOSITION TO DEFENDANT'S MOTION FOR A PRE-TRIAL COPY OF THE TRANSCRIPT OF GRAND JURY PROCEEDINGS FILED Attorney: EICHEL, DANIEL G (0008259) | 0.00 | 0.00 |
| 292 | 07/25/08 STATE'S MEMORANDUM "N" IN OPPOSITION TO DEFENDANT'S MOTION FOR FUNDING TO RETAIN AN EXPERT FILED Attorney: EICHEL, DANIEL G (0008259) | 0.00 | 0.00 |
| 293 | 07/25/08 STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "I" FOR PRE-TRIAL DISCLOSURE OF POLICE REPORTS AND WITNESS STATEMENTS FILED Attorney: EICHEL, DANIEL G (0008259) | 0.00 | 0.00 |

```
Date: 10/23/2009  10:54:48              Docket Sheet                    Page: 28

CRTR5925                                   Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 294 | 07/25/08 | STATE'S SUPPLEMENTAL DISCOVERY "H" FILED Attorney: EICHEL, DANIEL G (0008259) | 0.00 | 0.00 |
| 295 | 07/25/08 | STATE'S MOTION TO STRIKE AND MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTIONS TO SUPPRESS PRETRIAL AND TRIAL IDENTIFICATIONS [DESIGNATED MOTION "G" AND "K"] FILED Attorney: EICHEL, DANIEL G (0008259) | 0.00 | 0.00 |
| 296 | 07/25/08 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "F" TO DISMISS THE CAPITAL SPECIFICATION CONTAINED IN THE INDICTMENT FILED Attorney: EICHEL, DANIEL G (0008259) | 0.00 | 0.00 |
| 297 | 07/25/08 | STATE'S MEMORANDUM "D" IN RESPONSE TO DEFENDANT'S MOTION FOR EXCULPATORY EVIDENCE FILED Attorney: EICHEL, DANIEL G (0008259) | 0.00 | 0.00 |
| 298 | 07/25/08 | STATE'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION "J" TO COMPEL LAW ENFORCEMENT OFFICIALS TO PROVIDE THE PROSECUTING ATTORNEY WITH ALL THE INFORMATION ACQUIRED DURING THE COURSE OF INVESTIGATION FILED Attorney: EICHEL, DANIEL G (0008259) | 0.00 | 0.00 |
| 299 | 07/28/08 | VON CLARK DAVIS' NOTICE OF INTENT TO APPEAL TO THE OHIO SUPREME COURT FILED Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 300 | 08/22/08 | Issue Date:  08/22/2008 Service:  SUBPOENA  BY PROCESS SERVER Method:  SERVICE BY PROCESS SERVER Provider: QUILAN, JASON Cost Per:  $        1.00 | 8.00 | 8.00 |

```
                  HAMILTON POLICE DEPT
                  CUSTODIAN OF RECORDS
                  331 SOUTH FRONT ST
                  HAMILTON, OH   45011
                  Tracking No: C000059533


                  COLEMAN, WADE

                  HAMILTON, OH   45011
                  Tracking No: C000059534


                  WILLIAMS, RONNIE D

                  HAMILTON, OH   45013
                  Tracking No: C000059535
```

Date: 10/23/2009  10:54:48          Docket Sheet               Page: 29

CRTR5925                            Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

_____

                    BRYANT, MONA ALDRIDGE

                    MIDDLETOWN, OH    45044
                    Tracking No: C000059536


                    LOVETT, MARK

                    MIDDLETOWN, OH    45044
                    Tracking No: C000059537


                    DENMARK, COZETTA MASSEY

                    CINTI, OH    45204
                    Tracking No: C000059538


                    MCCREARY, JODAWNA SOUTHERN

                    CINCINNATI, OH    45231
                    Tracking No: C000059539


                    DENMARK, REGINALD

                    CINCINNATI, OH    45214
                    Tracking No: C000059540


| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------|-------------------|-------------|
| 301 | 08/22/08 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on:  08/22/2008  12:55:32 | 1.00 | 1.00 |
| 302 | 08/22/08 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on:  08/22/2008  12:55:43 | 1.00 | 1.00 |
| 303 | 08/25/08 | STATE'S SUPPLEMENTAL AUTHORITY FOR MOTION<br>'C' FILED Attorney: EICHEL, DANIEL G<br>(0008259) | 0.00 | 0.00 |
| 304 | 08/25/08 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM  OHIO STATE PENITENTIARY FOR A MOTION<br>HEARING ON 08/27/2008 @ 9:00 AM FILED | 6.00 | 6.00 |
| 305 | 08/25/08 | STATE'S NOTICE OF ADDITIONAL AUTHORITY RE:<br>DEFENDANT'S MOTIONS F, G, I, J, K & L<br>FILED Attorney: EICHEL, DANIEL G (0008259) | 0.00 | 0.00 |

```
Date: 10/23/2009  10:54:48            Docket Sheet              Page: 30

CRTR5925                                Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------|------|------|
| 306 | 08/26/08 | PROCESS SERVICE SUCCESSFUL. | 0.00 | 0.00 |

```
                  Method   : SERVICE BY PROCESS SERVER
                  Issued   : 08/22/2008
                  Service  : SUBPOENA  BY PROCESS SERVER
                  Served   : 08/23/2008
                  Return   : 08/26/2008
                  On       : BRYANT, MONA ALDRIDGE
                  Signed By :

                  Reason   : PROCESS SERVICE SUCCESSFUL
                  Comment  :

                  Tracking #: C000059536
```

| 307 | 08/26/08 | PROCESS SERVICE SUCCESSFUL. | 0.00 | 0.00 |

```
                  Method   : SERVICE BY PROCESS SERVER
                  Issued   : 08/22/2008
                  Service  : SUBPOENA  BY PROCESS SERVER
                  Served   : 08/23/2008
                  Return   : 08/26/2008
                  On       : HAMILTON POLICE DEPT
                  Signed By :

                  Reason   : PROCESS SERVICE SUCCESSFUL
                  Comment  :

                  Tracking #: C000059533
```

| 308 | 08/26/08 | PROCESS SERVICE SUCCESSFUL. | 0.00 | 0.00 |

```
                  Method   : SERVICE BY PROCESS SERVER
                  Issued   : 08/22/2008
                  Service  : SUBPOENA  BY PROCESS SERVER
                  Served   : 08/23/2008
                  Return   : 08/26/2008
                  On       : COLEMAN, WADE
                  Signed By :

                  Reason   : PROCESS SERVICE SUCCESSFUL
                  Comment  :

                  Tracking #: C000059534
```

| 309 | 08/26/08 | PROCESS SERVICE SUCCESSFUL. | 0.00 | 0.00 |

```
                  Method   : SERVICE BY PROCESS SERVER
                  Issued   : 08/22/2008
                  Service  : SUBPOENA  BY PROCESS SERVER
                  Served   : 08/23/2008
                  Return   : 08/26/2008
                  On       : MCCREARY, JODAWNA SOUTHERN
                  Signed By :

                  Reason   : PROCESS SERVICE SUCCESSFUL
                  Comment  :

                  Tracking #: C000059539
```

```
Date: 10/23/2009  10:54:48           Docket Sheet              Page: 31

CRTR5925                               Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------------|----------------------------------|-------------|
| 310 | 08/26/08 | PROCESS SERVICE SUCCESSFUL. | 0.00 | 0.00 |

```
                 Method    : SERVICE BY PROCESS SERVER
                 Issued    : 08/22/2008
                 Service   : SUBPOENA  BY PROCESS SERVER
                 Served    : 08/23/2008
                 Return    : 08/26/2008
                 On        : DENMARK, REGINALD
                 Signed By :

                 Reason    : PROCESS SERVICE SUCCESSFUL
                 Comment   :

                 Tracking #: C000059540
```

| 311 | 08/26/08 | PROCESS SERVICE SUCCESSFUL. | 0.00 | 0.00 |

```
                 Method    : SERVICE BY PROCESS SERVER
                 Issued    : 08/22/2008
                 Service   : SUBPOENA  BY PROCESS SERVER
                 Served    : 08/26/2008
                 Return    : 08/26/2008
                 On        : WILLIAMS, RONNIE D
                 Signed By :

                 Reason    : PROCESS SERVICE SUCCESSFUL
                 Comment   :

                 Tracking #: C000059535
```

| 312 | 08/26/08 | PROCESS SERVICE SUCCESSFUL. | 0.00 | 0.00 |

```
                 Method    : SERVICE BY PROCESS SERVER
                 Issued    : 08/22/2008
                 Service   : SUBPOENA  BY PROCESS SERVER
                 Served    : 08/23/2008
                 Return    : 08/26/2008
                 On        : DENMARK, COZETTA MASSEY
                 Signed By :

                 Reason    : PROCESS SERVICE SUCCESSFUL
                 Comment   :

                 Tracking #: C000059538
```

| 313 | 08/26/08 | PROCESS SERVICE SUCCESSFUL. | 0.00 | 0.00 |

```
                 Method    : SERVICE BY PROCESS SERVER
                 Issued    : 08/22/2008
                 Service   : SUBPOENA  BY PROCESS SERVER
                 Served    : 08/23/2008
                 Return    : 08/26/2008
                 On        : LOVETT, MARK
                 Signed By :

                 Reason    : PROCESS SERVICE SUCCESSFUL
                 Comment   :

                 Tracking #: C000059537
```

```
Date: 10/23/2009  10:54:48          Docket Sheet              Page: 32

CRTR5925                             Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------|----------------------------------|-------------|
| 314 | 08/28/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: MOTION<br>Date: 10/10/2008    Time: 1:30 pm<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor<br><br>Result: VACATED | 0.00 | 0.00 |
| 315 | 08/28/08 | VON CLARK DAVIS' NOTICE OF FILING OF<br>EXHIBITS IN SUPPORT OF MOTION O FILED<br>Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 316 | 08/28/08 | VON CLARK DAVIS' NOTICE OF FILING OF<br>ADDITIONAL AUTHORITY IN SUPPORT OF<br>PLEADING P FILED Attorney: PORTER, RANDALL<br>L (0005835) | 0.00 | 0.00 |
| 317 | 08/29/08 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM OHIO STATE PENITENTIARY FOR A MOTION<br>HEARING ON 10/10/2008 @ 1:30 PM FILED | 6.00 | 6.00 |
| 318 | 09/09/08 | VON CLARK DAVIS' NOTICE OF FILING OF<br>ADDITIONAL AUTHORITY IN SUPPORT OF<br>PLEADING M FILED Attorney: PORTER, RANDALL<br>L (0005835) | 0.00 | 0.00 |
| 319 | 09/17/08 | VON CLARK DAVIS' MOTION FOR A TWO DAY<br>EXTENSION FOR THE PARTIES TO SUBMIT<br>BRIEFING ON THE RIPENESS ISSUE FILED<br>Attorney: PORTER, RANDALL L (0005835) (FAX<br>COPY) | 0.00 | 0.00 |
| 320 | 09/19/08 | VON CLARK DAVIS' BRIEFING ON THE ISSUE OF<br>RIPENESS FILED Attorney: PORTER, RANDALL L<br>(0005835) | 0.00 | 0.00 |
| 321 | 09/19/08 | SUPPLEMENTAL MEMORANDUM BY STATE IN<br>OPPOSITION TO DEFENDANT'S MOTION "P" TO<br>PRECLUDE IMPOSITION OF THE DEATH PENALTY<br>BY LETHAL INJECTION FILED Attorney:<br>EICHEL, DANIEL G (0008259) | 0.00 | 0.00 |
| 322 | 09/30/08 | ORDER GRANTING MOTION FOR A TWO DAY<br>EXTENSION FOR THE PARTIESTO SUBMIT<br>BRIEFING ON THE RIPENESS ISSUE FILED (FAX<br>COPY) | 2.00 | 2.00 |
| 323 | 10/02/08 | MOTION TO PROVIDE DISCOVERY FILED<br>Attorney: EICHEL, DANIEL G (0008259) | 0.00 | 0.00 |
| 324 | 10/08/08 | VON CLARK DAVIS' WAIVER OF ORAL RAGUMENT<br>SET FOR OCTOBER 10, 2008 FILED Attorney:<br>PORTER, RANDALL L (0005835) | 0.00 | 0.00 |

```
Date: 10/23/2009  10:54:48          Docket Sheet                Page: 33

CRTR5925                             Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|-----------------------------------------------------------------------|-----------------|-----------|
| 325 | 10/08/08 | VON CLARK DAVIS' WAIVER OF ORAL ARGUMENT<br>SET FOR OCTOBER 10, 2008 FILED Attorney:<br>PORTER, RANDALL L (0005835) | 2.00 | 2.00 |
| 326 | 10/09/08 | MOTION TO VACATE HEARING AND TRANSPORT<br>ORDER FILED Attorney: OSTER Junior,<br>MICHAEL A (0076491) | 0.00 | 0.00 |
| 327 | 10/10/08 | VON CLARK DAVIS' MOTION TO REQUIRE THE<br>BUTLER COUNTY SHERIFF TO CONVEY MR. DAVIS<br>FOR TESTING AND TO MAKE THE APPROPRIATE<br>ACCOMMODATIONS FILED Attorney: PORTER,<br>RANDALL L (0005835) | 0.00 | 0.00 |
| 328 | 10/13/08 | ENTRY AND ORDER ALLOWING NEUROPSYCHOLOGIST<br>ACCESS TO DEFENDANT LOCATED AT BUTLER<br>COUNTY JAIL FILED | 4.00 | 4.00 |
| 329 | 10/15/08 | ORDER TO VACATE HEARING AND TRANSPORT<br>ORDER FILED | 2.00 | 2.00 |
| 330 | 11/07/08 | MOTION "Q" VAN CLARK DAVIS' RESPONSE TO<br>DISCOVERY FILED Attorney: PORTER, RANDALL<br>L (0005835); Attorney: COOK REICH, MELYNDA<br>(0066596) | 0.00 | 0.00 |
| 331 | 11/07/08 | MOTION "S" VON CLARK DAVIS' MOTION FOR TO<br>CONTINUE THE DECEMBER 15, 2008 SENTENCING<br>HEARING FILED Attorney: PORTER, RANDALL L<br>(0005835); Attorney: COOK REICH, MELYNDA<br>(0066596) | 0.00 | 0.00 |
| 332 | 11/07/08 | MOTION "R" VON CLARK DAVIS' SECOND MOTION<br>TO BE HEARD EX PARTE ON FUNDING ISSUES<br>FILED Attorney: PORTER, RANDALL L (0005835)<br>Attorney: COOK REICH, MELYNDA (0066596) | 0.00 | 0.00 |
| 333 | 11/13/08 | STATE'S RESPONSE TO DEFENDANT'S MOTION FOR<br>CONTINUANCE FILED Attorney: OSTER Junior,<br>MICHAEL A (0076491) | 0.00 | 0.00 |
| 334 | 11/18/08 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM  OHIO STATE PENITENTIARY FOR A MOTION<br>HEARING ON 11/24/2008 @ 9:00 AM FILED | 6.00 | 6.00 |
| 335 | 11/24/08 | PRETRIAL COURT JOURNAL ORDER | 2.00 | 2.00 |
| 336 | 12/11/08 | VON CLARK DAVIS' RENEWED MOTION TO STAY<br>THE COURT'S MARCH 31, 2008 ORDER FILED<br>Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |

```
Date: 10/23/2009  10:54:48          Docket Sheet                  Page: 34

CRTR5925                               Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|-----------------------------------------------------------|------------------|-------------|
| 337 | 12/29/08 | ENTRY JOURNALIZING DECISION ON MOTIONS<br>FILED BY DEFENDANT FILED | 64.00 | 64.00 |
| 338 | 02/06/09 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM  OHIO STATE PENITENTIARY FOR A<br>SENTENCE HEARING ON 05/11/2009 @ 8:30 AM<br>FILED | 6.00 | 6.00 |
| 339 | 03/12/09 | MOTION FOR ORDER OR SANCTIONS UNDER<br>CRIM.R. 16(E)(3) FOR DEFENSE<br>NON-DISCLOSURE OF DISCOVERABLE MATTERS<br>FILED<br>Attorney: EICHEL, DANIEL G (0008259);<br>Attorney: OSTER Junior, MICHAEL A (0076491) | 0.00 | 0.00 |
| 340 | 03/17/09 | MOTION IN LIMINE FOR ORDER AS TO PROCEDURE<br>TO BE FOLLOWED FOR CONSIDERATION OF<br>EVIDENCE ADMITTED AT 1984 "GUILT-PHASE"<br>TRIAL FILED Attorney: EICHEL, DANIEL G<br>(0008259); Attorney: OSTER Junior, MICHAEL<br>A (0076491) | 0.00 | 0.00 |
| 341 | 03/24/09 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: MOTION<br>Date: 04/02/2009    Time: 1:30 pm<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor<br><br>Result: RESET HEARING | 0.00 | 0.00 |
| 342 | 03/24/09 | VON CLARK DAVIS' ANSWER TO REQUEST FOR<br>DISCOVERY FILED Attorney: COOK REICH,<br>MELYNDA (0066596) (FAX COPY) | 0.00 | 0.00 |
| 343 | 03/25/09 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM OHIO STATE PENITENTIARY FOR A MOTION<br>HEARING ON 04/02/2009 @ 8:30 AM FILED | 6.00 | 6.00 |
| 344 | 03/26/09 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br><br>The following event: MOTION scheduled for<br>04/02/2009 at 1:30 pm has been rescheduled<br>as follows:<br><br>Event: MOTION<br>Date: 04/08/2009    Time: 10:00 am<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor | 0.00 | 0.00 |
| 345 | 03/30/09 | TRANSCRIPT REQUEST FILED | 0.00 | 0.00 |
| 346 | 04/02/09 | TRANSCRIPT OF PROCEEDING MOTION HEARING ON<br>AUGUST 28, 2008 FILED | 3.00 | 3.00 |

```
Date: 10/23/2009  10:54:48          Docket Sheet              Page: 35

CRTR5925                             Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|----------------------------------|-------------|
| 347 | 04/02/09 | TRANSCRIPT OF PROCEEDING MOTION HEARING ON<br>AUGUST 27, 2008 FILED | 3.00 | 3.00 |
| 348 | 04/02/09 | VON CLARK DAVIS' MOTION TO EXTEND THE TIME<br>TO ANSWER THE STATE'S MOTION IN LIMINE<br>FILED Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 349 | 04/03/09 | TRANSCRIPT REQUEST FILED | 0.00 | 0.00 |
| 350 | 04/06/09 | VON CLARK DAVIS' MEMORANDUM CONTRA TO THE<br>STATE'S MOTION IN LIMINE FILED<br>Attorney: PORTER, RANDALL L (0005835);<br>Attorney: COOK REICH, MELYNDA (0066596)<br>(FAX COPY) | 0.00 | 0.00 |
| 351 | 04/07/09 | STATE'S SUPPLEMENTAL DISCOVERY FILED<br>Attorney: EICHEL, DANIEL G (0008259) | 0.00 | 0.00 |
| 352 | 04/08/09 | STATE'S REPLY: MEMORANDUM TO THE<br>DEFENDANT'S MEMORANDUM CONTRA THE STATE'S<br>MOTION IN LIMINE RE: PROCEDURE FILED<br>Attorney: EICHEL, DANIEL G (0008259);<br>Attorney: OSTER Junior, MICHAEL A (0076491) | 0.00 | 0.00 |
| 353 | 04/08/09 | VON CLARK DAVIS' NOTICE OF FILING FILED<br>Attorney: PORTER, RANDALL (0005835) | 0.00 | 0.00 |
| 354 | 04/08/09 | NOTICE OF COUNSEL'S CHANGE OF ADDRESS<br>FILED Attorney: PORTER, RANDALL L (0005835) | 0.00 | 0.00 |
| 355 | 04/09/09 | MOTION AND CERTIFICATION BY COURT REPORTER<br>FOR TRANSCRIPTION FEES FILED | 0.00 | 0.00 |
| 356 | 04/09/09 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE<br>$1,252.50\Ct.Reprtr | 2.00 | 2.00 |
| 357 | 04/09/09 | CERTIFICATE \ TRANSCRIPT FEES $1,252.50,<br>filed (amount +$2.in line 3) (certifed<br>copies>Auditor) | 2.00 | 2.00 |
| 358 | 04/09/09 | TRANSCRIPT FEE | 1,252.50 | 1,252.50 |
| 359 | 04/13/09 | STATE'S SUPPLEMENTAL DISCOVERY (4/13/2009)<br>FILED Attorney: OSTER Junior, MICHAEL A<br>(0076491) | 0.00 | 0.00 |
| 360 | 04/20/09 | VON CLARK DAVIS' NOTICE OF FILING # 3<br>FILED Attorney: PORTER, RANDALL (0005835) | 0.00 | 0.00 |

Date: 10/23/2009   10:54:48          Docket Sheet                    Page: 36

CRTR5925                                 Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|-------------------------------|-------------|
| 361 | 04/20/09 | VON CLARK DAVIS' OBJECTIONS TO THE COURT'S PROPOSED PROCEDURES CONCERNING THE TRIAL PHASE TESTIMONY AND EVIDENCE FILED Attorney: PORTER, RANDALL (0005835) | 0.00 | 0.00 |
| 362 | 04/21/09 | VON CLARK DAVIS' SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596); Attorney: PORTER, RANDALL (0005835) (FAX) | 0.00 | 0.00 |
| 363 | 04/21/09 | VON CLARK DAVIS' MOTION TO FILE RECORDS UNDER SEAL FILED Attorney: PORTER, RANDALL (0005835) | 0.00 | 0.00 |
| 364 | 04/24/09 | EXHIBIT (EMAIL FROM JUDGES) FILED | 0.00 | 0.00 |
| 365 | 04/27/09 | VON CLARK DAVIS' NOTICE OF FILING UNDER SEAL FILED Attorney: PORTER, RANDALL (0005835) | 0.00 | 0.00 |
| 366 | 04/27/09 | ENTRY GRANTING MOTION TO FILE RECORDS UNDER SEAL FILED | 2.00 | 2.00 |
| 367 | 04/30/09 | Issue Date: 04/30/2009 Service: SUBPOENA   BY RESIDENCE SERVICE Method:  SERVICE BY SHERIFF OF BUTLER COUNTY Cost Per:  $       2.00 | 8.00 | 8.00 |

FURMON, CHARLES R

HAMILTON, OH   45013
Tracking No: C000190277

CARPENTER, RICHARD R

HAMILTON, OH   45011
Tracking No: C000190278

BRANDABUR, Dr JOSEPH H
BUTLER COUNTY CORONER'S OFFICE
200 N "F" STREET
HAMILTON, OH   45011
Tracking No: C000190279

CUNNINGHAM, LESLIE

TROTWOOD, OH   45246
Tracking No: C000190280

Date: 10/23/2009  10:54:48              Docket Sheet                    Page: 37

CRTR5925                                    Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
_____

No.  Date of  Pleadings Filed, Orders and Decrees    Amount Owed/   Balance Due
              Journal Book-Page-Nbr     Ref Nbr      Amount Dismissed

368  04/30/09 PRECIPE FILED AND SUBPOENA BY RESIDENCE       1.00          1.00
              SERVICE  ISSUED.

              SUBPOENA BY RESIDENCE SERVICE
              Sent on:  04/30/2009  13:06:14

369  04/30/09 STATE'S SUPPLEMENTAL DISCOVERY FILED          0.00          0.00
              Attorney: OSTER Junior, MICHAEL A (0076491)

370  04/30/09 DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST    0.00          0.00
              FOR DISCOVERY FILED Attorney: COOK REICH,
              MELYNDA (0066596)

371  04/30/09 DEFENDANT'S NOTICE OF WITHDRAWAL OF MOTION    0.00          0.00
              TO FILE RECORDS UNDER SEAL FILED Attorney:
              COOK REICH, MELYNDA (0066596)

372  05/01/09 RETURN: RESIDENCE SERVICE UPON :              7.50          7.50
              Method      : SERVICE BY SHERIFF OF
              BUTLER COUNTY
              Issued    : 04/30/2009
              Service   : SUBPOENA  BY RESIDENCE
              SERVICE
              Served    : 05/01/2009
              Return    : 05/01/2009
              On        : CUNNINGHAM, LESLIE
              Signed By :

              Reason    : RESIDENCE SERVICE SUCCESSFUL
              Comment   : MAILED OUT

              Tracking #: C000190280

373  05/04/09 TRANSCRIPT REQUEST FILED                      0.00          0.00

374  05/05/09 STATE'S SUPPLEMENTAL DISCOVERY (5/5/09)       0.00          0.00
              FILED Attorney: OSTER Junior, MICHAEL A
              (0076491)

375  05/06/09 Issue Date: 05/06/2009                        5.00          5.00
              Service:  SUBPOENA  BY PROCESS SERVER
              Method:  SERVICE BY PROCESS SERVER
              Provider: ATTORNEY
              Cost Per: $        5.00

              SMITH, CAROL A

              FOREST PARK, OH    45240
              Tracking No: C000067043

              DAVIS  ELLIOT BUTCH

              HAMILTON, OH    45011
              Tracking No: C000067044

```
Date: 10/23/2009  10:54:48              Docket Sheet              Page: 38

CRTR5925                                  Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

NOWACK, SCOTT
C/O OHIO STATE PENITENTIARY
878 COITSVILLE HUBBARD RD
YOUNGSTOWN, OH   44505
Tracking No: C000067045

TIPTON, CHARLES

CINCINNATI, OH   45240
Tracking No: C000067046

DAVIS, VICTOR L

HAMILTON, OH   45011
Tracking No: C000067047

TIPTON, ALLUSTER

FOREST PARK, OH   45240
Tracking No: C000067048

DAVIS, SHERRY

FOREST PARK, OH   45240
Tracking No: C000067049

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|-------------------------------|-------------|
| 376 | 05/06/09 | PRECIPE FILED SUBPOENA ISSUED. | 1.00 | 1.00 |
|     |         | SUBPOENA BY PROCESS SERVER Sent on:  05/06/2009  13:13:14 | | |
| 377 | 05/07/09 | Issue Date:  05/07/2009 Service:  SUBPOENA  BY PROCESS SERVER Method:  SERVICE BY PROCESS SERVER Provider: ATTORNEY Cost Per:  $      5.00 | 5.00 | 5.00 |
|     |         | NOWACK, SCOTT C/O OHIO STATE PENITENTIARY 878 COITSVILLE HUBBARD RD YOUNGSTOWN, OH   44505 Tracking No: C000067059 | | |
| 378 | 05/07/09 | PRECIPE FILED SUBPOENA ISSUED. | 1.00 | 1.00 |
|     |         | SUBPOENA BY PROCESS SERVER Sent on:  05/07/2009  09:28:43 | | |

```
Date: 10/23/2009  10:54:48              Docket Sheet                   Page: 39

CRTR5925                                Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|----------------------------------------|--------|------|

```
379  05/07/09 Issue Date: 05/07/2009                                   5.00            5.00
              Service: SUBPOENA  BY PROCESS SERVER
              Method: SERVICE BY PROCESS SERVER
              Provider: ATTORNEY
              Cost Per: $        5.00


              ROTUNDO, RICK


              LOVELAND, OH   45140
              Tracking No: C000067072


              FLOWERS, DELBERT


              GAITHERSBURG, MD   20878
              Tracking No: C000067073


              MAUSSEN, CYNTHIA
              ADULT PAROLE AUTHORITY
              770 WEST BROAD ST
              COLUMBUS, OH   43215
              Tracking No: C000067074



380  05/07/09 PRECIPE FILED SUBPOENA ISSUED.                           1.00            1.00

              SUBPOENA BY PROCESS SERVER
              Sent on:  05/07/2009  14:17:28


381  05/07/09 ENTRY APPOINTING SPECIAL PROCESS SERVER                  2.00            2.00
              FILED


382  05/07/09 DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST               0.00            0.00
              FOR DISCOVERY FILED Attorney: COOK REICH,
              MELYNDA (0066596)


383  05/08/09 Issue Date: 05/08/2009                                   5.00            5.00
              Service: SUBPOENA  BY PROCESS SERVER
              Method: SERVICE BY PROCESS SERVER
              Provider: ATTORNEY
              Cost Per: $        5.00


              STINEMAN, JEROME


              CINCINNATI, OH   45208
              Tracking No: C000067120



384  05/08/09 PRECIPE FILED SUBPOENA ISSUED.                           1.00            1.00

              SUBPOENA BY PROCESS SERVER
              Sent on:  05/08/2009  14:38:11
```

```
Date: 10/23/2009  10:54:48           Docket Sheet                Page: 40

CRTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|-----------------------------------------------------------------------|-------------------------------|-------------|
| 385 | 05/08/09 | DEFENDANT'S MOTION IN LIMINE FILED Attorney: COOK REICH, MELYNDA (0066596) | 0.00 | 0.00 |
| 386 | 05/08/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596) | 0.00 | 0.00 |
| 387 | 05/08/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596)  (FAX) | 0.00 | 0.00 |

```
388  05/11/09 RETURN: RESIDENCE SERVICE UPON :                   8.00             8.00
              Method    : SERVICE BY SHERIFF OF
         BUTLER COUNTY
              Issued    : 04/30/2009
              Service   : SUBPOENA  BY RESIDENCE
         SERVICE
              Served    : 05/04/2009
              Return    : 05/11/2009
              On        : BRANDABUR, Dr JOSEPH H
              Signed By :

              Reason    : RESIDENCE SERVICE SUCCESSFUL
              Comment   : SUB SERVED UPON: SALLY
         POYNTER

              Tracking #: C000190279


389  05/11/09 RETURN-PERSONAL SERVICE OF DOCUMENTS UPON :         9.50             9.50
              Method    : SERVICE BY SHERIFF OF
         BUTLER COUNTY
              Issued    : 04/30/2009
              Service   : SUBPOENA  BY RESIDENCE
         SERVICE
              Served    : 05/05/2009
              Return    : 05/11/2009
              On        : CARPENTER, RICHARD R
              Signed By :

              Reason    : PERSONAL SERVICE SUCCESSFUL
              Comment   :

              Tracking #: C000190278


390  05/11/09 RETURN-PERSONAL SERVICE OF DOCUMENTS UPON :         9.50             9.50
              Method    : SERVICE BY SHERIFF OF
         BUTLER COUNTY
              Issued    : 04/30/2009
              Service   : SUBPOENA  BY RESIDENCE
         SERVICE
              Served    : 05/04/2009
              Return    : 05/11/2009
              On        : FURMON, CHARLES R
              Signed By :

              Reason    : PERSONAL SERVICE SUCCESSFUL
              Comment   :

              Tracking #: C000190277
```

```
Date: 10/23/2009  10:54:48            Docket Sheet                   Page: 41

CRTR5925                               Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|-------------------------------------------------------------------------|----------------------------------|-------------|
| 391 | 05/11/09 | ENTRY FILED | 2.00 | 2.00 |
| 392 | 05/12/09 | TRANSCRIPT REQUEST FILED | 0.00 | 0.00 |
| 393 | 05/13/09 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: PRETRIAL CONFERENCE HEARING<br>Date: 09/03/2009   Time: 11:00 am<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor | 0.00 | 0.00 |
| 394 | 05/13/09 | PROCESS SERVICE SUCCESSFUL.<br>    Method    : SERVICE BY PROCESS SERVER<br>    Issued    : 05/07/2009<br>    Service   : SUBPOENA  BY PROCESS SERVER<br>    Served    : 05/08/2009<br>    Return    : 05/13/2009<br>    On        : NOWACK, SCOTT<br>    Signed By :<br><br>    Reason    : PROCESS SERVICE SUCCESSFUL<br>    Comment   :<br><br>    Tracking #: C000067059 | 0.00 | 0.00 |
| 395 | 05/13/09 | PROCESS SERVICE SUCCESSFUL.<br>    Method    : SERVICE BY PROCESS SERVER<br>    Issued    : 05/07/2009<br>    Service   : SUBPOENA  BY PROCESS SERVER<br>    Served    : 05/08/2009<br>    Return    : 05/13/2009<br>    On        : MAUSSEN, CYNTHIA<br>    Signed By :<br><br>    Reason    : PROCESS SERVICE SUCCESSFUL<br>    Comment   :<br><br>    Tracking #: C000067074 | 0.00 | 0.00 |
| 396 | 05/19/09 | TRANSCRIPT OF PROCEEDING MOTION HEARING<br>APRIL 8, 2009 FILED | 3.00 | 3.00 |
| 397 | 05/22/09 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM OHIO STATE PENITENTIARY FOR A<br>PRE-TRIAL CONFERENCE ON 09/03/2009 @ 9:00<br>AM FILED | 6.00 | 6.00 |
| 398 | 06/03/09 | MOTION AND CERTIFICATION BY COURT REPORTER<br>FOR TRANSCRIPTION FEES FILED | 0.00 | 0.00 |
| 399 | 06/03/09 | CERTIFICATE \ TRANSCRIPT FEES $450.00,<br>filed (amount +$2.in line 3) (certifed<br>copies>Auditor) | 2.00 | 2.00 |

```
Date: 10/23/2009  10:54:48           Docket Sheet                Page: 42

CRTR5925                             Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|-----------------------------------------------------------------------|-------------------------------|-------------|
| 400 | 06/03/09 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE $450.00\Ct.Reprtr | 2.00 | 2.00 |
| 401 | 06/03/09 | TRANSCRIPT FEE | 450.00 | 450.00 |
| 402 | 08/05/09 | VON CLARK DAVIS' MOTION TO EXPEDITE RULING FILED Attorney: COOK REICH, MELYNDA (0066596) | 0.00 | 0.00 |
| 403 | 08/19/09 | Issue Date: 08/19/2009 Service: SUBPOENA BY PROCESS SERVER Method: SERVICE BY PROCESS SERVER Provider: ATTORNEY Cost Per: $     5.00 | 5.00 | 5.00 |

```
                 NOWACK, SCOTT
                 C/O OHIO STATE PENITENTIARY
                 878 COITSVILLE HUBBARD RD
                 YOUNGSTOWN, OH   44505
                 Tracking No: C000070523

                 MAUSSER, CYNTHIA
                 C/O OHIO PAROLE BOARD
                 770 WEST BROAD ST
                 COLUMBUS, OH   43222
                 Tracking No: C000070524
```

| 404 | 08/19/09 | PRECIPE FILED SUBPOENA ISSUED. | 1.00 | 1.00 |

```
                 SUBPOENA BY PROCESS SERVER
                 Sent on:  08/19/2009  11:31:20
```

| 405 | 08/19/09 | Issue Date: 08/19/2009 Service: SUBPOENA BY CERTIFIED MAIL Method: SERVICE BY CERTIFIED MAIL Cost Per: $     8.00 | 40.00 | 40.00 |

```
                 SMITH, CAROL A

                 FOREST PARK, OH   45240
                 Tracking No: L000198274


                 STINEMAN, JEROME


                 CINCINNATI, OH   45208
                 Tracking No: L000198275


                 TIPTON, ALLUSTER

                 FOREST PARK, OH   45240
                 Tracking No: L000198276
```

Date: 10/23/2009  10:54:48                Docket Sheet                Page: 43

CRTR5925                                    Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

---

DAVIS, SHERRY

FOREST PARK, OH   45240
Tracking No: L000198277

ROTUNDO, RICK

LOVELAND, OH   45140
Tracking No: L000198278

---

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr      Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|-------------------------------|-------------|
| 406 | 08/19/09 | PRECIPE FILED SUBPOENA ISSUED.                                         | 1.00                          | 1.00        |
|     |         | SUBPOENA BY CERTIFIED MAIL Sent on:  08/19/2009  11:52:16              |                               |             |
| 407 | 08/19/09 | Issue Date:  08/19/2009 Service:  CRIMINAL SUBPOENA BY SHERIFF Method:  SERVICE BY SHERIFF OF BUTLER COUNTY Cost Per:  $       2.00 | 4.00 | 4.00 |
|     |         | DAVIS, VICTOR  HAMILTON, OH   45013 Tracking No: C000197157            |                               |             |
|     |         | DAVIS, ELLIOT BUTCH  HAMILTON, OH   45011 Tracking No: C000197158      |                               |             |
| 408 | 08/19/09 | PRECIPE FILED SUBPOENA ISSUED.                                         | 1.00                          | 1.00        |
|     |         | SUBPOENA BY SHERIFF Sent on:  08/19/2009  12:20:07                     |                               |             |
| 409 | 08/19/09 | OUT OF STATE WITNESS APPLICATION FILED Attorney: COOK REICH, MELYNDA (0066596) | 0.00                 | 0.00        |
| 410 | 08/21/09 | STATE'S SUPPLEMENTAL DISCOVERY FILED Attorney: OSTER Junior, MICHAEL A (0076491) | 0.00               | 0.00        |
| 411 | 08/26/09 | STATE'S SUPPLEMENTAL DISCOVERY (08/26/2009) FILED Attorney: OSTER Junior, MICHAEL A (0076491) | 0.00 | 0.00 |

```
Date: 10/23/2009  10:54:48              Docket Sheet                  Page: 44

CRTR5925                                  Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr      Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|-------------------------------|-------------|

```
412  08/28/09 Issue Date:  08/28/2009                                  5.00          5.00
              Service:  SUBPOENA  BY PROCESS SERVER
              Method:   SERVICE BY PROCESS SERVER
              Provider: PROSECUTOR'S OFFICE
              Cost Per: $        5.00


              FURMON, CHARLES R


              HAMILTON, OH    45013
              Tracking No: C000070886


              LINK, LISA


              CINTI, OH    45239
              Tracking No: C000070887


              BRANDABUR, Dr JOSEPH H
              BUTLER COUNTY CORONER'S OFFICE
              200 N "F" STREET
              HAMILTON, OH    45011
              Tracking No: C000070888



413  08/28/09 PRECIPE FILED SUBPOENA ISSUED.                           1.00          1.00

              SUBPOENA BY PROCESS SERVER
              Sent on:  08/28/2009  09:04:30


414  08/28/09 CERTIFICATE UNDER UNIFORM ACT TO SECURE                  4.00          4.00
              THE ATTENDANCE OF WITNESS FROM WITHOUT A
              STATE IN CRIMINAL PROCEEDINGS FILED


415  08/31/09 RETURN RECEIPT OF CERTIFIED MAIL OF                      0.00          0.00
              Method    : SERVICE BY CERTIFIED MAIL
              Issued    : 08/19/2009
              Service   : SUBPOENA BY CERTIFIED MAIL
              Served    : 08/20/2009
              Return    : 08/31/2009
              On        : ROTUNDO, RICK
              Signed By : RICK ROTUNDO

              Reason    : CERTIFIED MAIL SERVICE
              SUCCESSFUL
              Comment   :

              Tracking # : L000198278
```

```
Date: 10/23/2009  10:54:48            Docket Sheet                 Page: 45

CRTR5925                                Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|-----------------------------------------------------------------|-------------------------------|-------------|
| 416 | 08/31/09 | RETURN RECEIPT OF CERTIFIED MAIL OF | 0.00 | 0.00 |

```
                 Method   : SERVICE BY CERTIFIED MAIL
                 Issued   : 08/19/2009
                 Service  : SUBPOENA BY CERTIFIED MAIL
                 Served   : 08/20/2009
                 Return   : 08/31/2009
                 On       : TIPTON, ALLUSTER
                 Signed By : ALLUSTER TIPTON

                 Reason   : CERTIFIED MAIL SERVICE
            SUCCESSFUL
                 Comment  :

                 Tracking # : L000198276
```

| 417 | 08/31/09 | RETURN RECEIPT OF CERTIFIED MAIL OF | 0.00 | 0.00 |

```
                 Method   : SERVICE BY CERTIFIED MAIL
                 Issued   : 08/19/2009
                 Service  : SUBPOENA BY CERTIFIED MAIL
                 Served   : 08/20/2009
                 Return   : 08/31/2009
                 On       : DAVIS, SHERRY
                 Signed By : SHERRY DAVIS

                 Reason   : CERTIFIED MAIL SERVICE
            SUCCESSFUL
                 Comment  :

                 Tracking # : L000198277
```

| 418 | 08/31/09 | RETURN RECEIPT OF CERTIFIED MAIL OF | 0.00 | 0.00 |

```
                 Method   : SERVICE BY CERTIFIED MAIL
                 Issued   : 08/19/2009
                 Service  : SUBPOENA BY CERTIFIED MAIL
                 Served   : 08/20/2009
                 Return   : 08/31/2009
                 On       : SMITH, CAROL A
                 Signed By : ALLUSTER TIPTON

                 Reason   : CERTIFIED MAIL SERVICE
            SUCCESSFUL
                 Comment  :

                 Tracking # : L000198274
```

| 419 | 08/31/09 | RETURN RECEIPT OF CERTIFIED MAIL OF | 0.00 | 0.00 |

```
                 Method   : SERVICE BY CERTIFIED MAIL
                 Issued   : 08/19/2009
                 Service  : SUBPOENA BY CERTIFIED MAIL
                 Served   : 08/20/2009
                 Return   : 08/31/2009
                 On       : STINEMAN, JEROME
                 Signed By : ILLEGIBLE

                 Reason   : CERTIFIED MAIL SERVICE
            SUCCESSFUL
                 Comment  :

                 Tracking # : L000198275
```

```
Date: 10/23/2009  10:54:48          Docket Sheet              Page: 46

CRTR5925                            Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr   Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|----------------------------------|-------------|
| 420 | 08/31/09 | STATE'S SUPPLEMENTAL DISCOVERY (8/31/2009)<br>FILED Attorney: OSTER Junior, MICHAEL A<br>(0076491) | 0.00 | 0.00 |
| 421 | 08/31/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST<br>FOR DISCOVERY FILED Attorney: COOK REICH,<br>MELYNDA (0066596) | 0.00 | 0.00 |
| 422 | 09/02/09 | FAILURE OF RESIDENCE SERVICE ON: | 8.00 | 8.00 |

```
                    Method    : SERVICE BY SHERIFF OF
           BUTLER COUNTY
                    Issued    : 08/19/2009
                    Service   : CRIMINAL SUBPOENA BY SHERIFF
                    Served    :
                    Return    : 09/02/2009
                    On        : DAVIS, ELLIOT BUTCH
                    Signed By :

                    Reason    : FAILURE OF RESIDENCE SERVICE
                    Comment   : BAD ADDRESS, DOES NOT EXIST

                    Tracking # : C000197158
```

| 423 | 09/02/09 | PROCESS SERVICE SUCCESSFUL. | 0.00 | 0.00 |

```
                    Method    : SERVICE BY PROCESS SERVER
                    Issued    : 08/28/2009
                    Service   : SUBPOENA  BY PROCESS SERVER
                    Served    : 09/02/2009
                    Return    : 09/02/2009
                    On        : LINK, LISA
                    Signed By :

                    Reason    : PROCESS SERVICE SUCCESSFUL
                    Comment   :

                    Tracking #: C000070887
```

| 424 | 09/02/09 | PROCESS SERVICE SUCCESSFUL. | 0.00 | 0.00 |

```
                    Method    : SERVICE BY PROCESS SERVER
                    Issued    : 08/28/2009
                    Service   : SUBPOENA  BY PROCESS SERVER
                    Served    : 09/02/2009
                    Return    : 09/02/2009
                    On        : BRANDABUR, Dr JOSEPH H
                    Signed By :

                    Reason    : PROCESS SERVICE SUCCESSFUL
                    Comment   :

                    Tracking #: C000070888
```

```
Date: 10/23/2009  10:54:48          Docket Sheet              Page: 47

CRTR5925                             Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------|------|------|
| 425 | 09/02/09 | PROCESS SERVICE SUCCESSFUL.<br>  Method    : SERVICE BY PROCESS SERVER<br>  Issued    : 08/28/2009<br>  Service   : SUBPOENA  BY PROCESS SERVER<br>  Served    : 09/02/2009<br>  Return    : 09/02/2009<br>  On        : FURMON, CHARLES R<br>  Signed By :<br><br>  Reason    : PROCESS SERVICE SUCCESSFUL<br>  Comment   :<br><br>  Tracking #: C000070886 | 0.00 | 0.00 |
| 426 | 09/03/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST<br>FOR DISCOVERY FILED Attorney: COOK REICH,<br>MELYNDA (0066596) | 0.00 | 0.00 |
| 427 | 09/04/09 | ENTRY GRANTING FUNDS FOR OUT OF STATE<br>WITNESS APPEARANCE FILED | 2.00 | 2.00 |
| 428 | 09/04/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST<br>FOR DISCOVERY FILED Attorney: COOK REICH,<br>MELYNDA (0066596);Attorney: PORTER,<br>RANDALL (0005835) (FAX) | 0.00 | 0.00 |
| 429 | 09/08/09 | VON CLARK DAVIS EXHIBIT LIST FILED<br>Attorney: COOK REICH, MELYNDA (0066596);<br>Attorney: PORTER, RANDALL (0005835) | 0.00 | 0.00 |
| 430 | 09/09/09 | RETURN-PERSONAL SERVICE OF DOCUMENTS UPON :<br>  Method    : SERVICE BY SHERIFF OF<br>BUTLER COUNTY<br>  Issued    : 08/19/2009<br>  Service   : CRIMINAL SUBPOENA BY SHERIFF<br>  Served    : 08/25/2009<br>  Return    : 09/09/2009<br>  On        : DAVIS, VICTOR<br>  Signed By :<br><br>  Reason    : PERSONAL SERVICE SUCCESSFUL<br>  Comment   : BY: KIM PREWITT #1434 (BCSO)<br><br>  Tracking # : C000197157 | 7.50 | 7.50 |
| 431 | 09/11/09 | VERDICT FORM FILED | 0.00 | 0.00 |
| 432 | 09/21/09 | JUDGMENT SENTENCING  VON CLARK DAVIS TO<br>OHIO DEPT OF CORRECTIONS REHABILITATION | 2.00 | 2.00 |
| 433 | 09/21/09 | "STENOGRAPHER" (TAPE TRANSCRIPTION) FEE | 25.00 | 25.00 |
| 434 | 09/21/09 | Taking or receiving prisoner before the<br>judge. | 30.00 | 30.00 |

```
Date: 10/23/2009  10:54:48              Docket Sheet                    Page: 48

CRTR5925                                 Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|--------------------------------------------------------------------------|----------------------------------|-------------|
| 435 | 09/21/09 | SENTENCING OPINION FILED | 24.00 | 24.00 |
| 436 | 09/22/09 | FILING IN COURT OF APPEALS AND<br>NOTIFICATION TO SUPREME COURT OF JUDGMENT<br>ENTRY OF CONVICTION AND SENTENCING OPINION<br>FILED NASTOFF, PATER, SPAETH, JUDGES | 2.00 | 2.00 |
| 437 | 09/23/09 | UPS TRACKING INFORMATION; PROOF OF DELIVERY | 0.00 | 0.00 |
| 438 | 10/12/09 | DEFENDANT ON PROBATION OR INCARCERATED.<br>COSTS TO BE COLLECTED BY PROBATION. | 0.00 | 0.00 |

```
                    Totals By:  COST              4,144.25        4,144.25
                                INFORMATION           0.00            0.00
                    *** End of Report ***
```

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5386

CA 09 10 0263

2009 OCT 20 PM 2:06

BUTLER DEFENSE
CLERK OF COURTS
...

**OHIO TWELFTH DISTRICT COURT OF APPEALS**
**CRIMINAL DOCKET STATEMENT**

Revised 01/01/2004

APPEAL NO.
TRIAL COURT NO. CR1983-12-0614

TRIAL JUDGE      Daniel A. Nastoff

| Parties: | Counsel:* |
|---|---|
| State of Ohio | Daniel G. Eichel 0008259 & |
| | Michael A. Oster, Jr. 0076491 |
| | (Name & Supreme Court Registration No.) |
| | 315 High Street - 1st Floor |
| | Hamilton, Ohio 45011 |
| | (Address) |
| | 513-887-3474 |
| Plaintiff-Appellee | (Telephone Number) |
| (Circle designation) | ☐ Filing appeal but not representing party on appeal |
| **vs.** | **vs.** |
| Von Clark Davis | Laurence E. Komp, 0060142 |
| | (Name & Supreme Court Registration No.) |
| | P.O. Box 1785 |
| | Manchester, Missouri |
| | (Address) |
| | 636-207-7330 |
| Defendant-Appellant | (Telephone Number) |
| | ☐ Filing appeal but not representing party on appeal |

(Circle designation)

1.  This appeal should be assigned to:
    ☒ A. The **Regular Calendar** with Full Briefing
    ☒ Transcript is more than 100 pages
    ☒ Brief in excess of 15 pages is necessary to argue the issues adequately,
    or more than 15 days will be required to file the brief
    ☒ Appeal concerns unique issues of law which will be of substantial
    precedential value in determination of similar cases
    ☐ Other_____

1

*Please list at least one counsel for each party to the appeal. If a party will be represented by more than one counsel, designate which counsel is to be primarily responsible for prosecuting the appeal and receiving notices and pleadings from the court and all other parties. See Loc.R. 9(A).

☐ B. The *Accelerated Calendar*
    ☐ No transcript required
    ☐ Transcript consists of less than 100 pages, or is of such length that preparation time will not be a source of delay
    ☐ Agreed statement will be submitted in lieu of record within 20 days
    ☐ Record was made in an administrative hearing and was filed with the trial court
    ☐ All parties to the appeal agree to an assignment to the accelerated calendar, and agree to comply with filing requirements of Loc. App. R. 6
    ☐ Other:_____

|  |  | YES | NO |
|---|---|---|---|
| 2. | Was counsel appointed for trial? | ☒ | ☐ |
| 3. | Has counsel been appointed for appeal by trial court? | ☐ | ☒ |
|  | (See Loc. R. 9[C]) – Counsel will be moving the court – Not at this time | | |
| 4. | Will request for appointment of counsel be made to this court? | ☐ | ☐ |
|  | Not at this time | | |
| 5. | Was Motion for Bond or Stay of Execution made in the trial court? | ☐ | ☒ |
| 6. | If so, was the motion granted? The motion is being filed concurrently with the notice of appeal | ☐ | ☐ |
| 7. | Offense(s) convicted of: <u>Capital murder, and weapon under a disability</u> | | |
| 8. | Length of sentence: <u>Sentenced to death</u> | | |
| 9. | Probable issues for review: <u>Counsel has not read the transcript and is not familiar with the record to identify possible issues</u> | | |
| 10. | Does this appeal turn on the interpretation of a particular case, statute or rule?<br>☐ **YES** ☐ **NO** See No 9<br>If yes, list the case, statute or rule: See No. 9 | | |
| 11. | Was a pre-sentence, psychiatric or other investigative report submitted to the court in writing before sentence was imposed? At his initial trial, but not with respect to re-sentencing <u>No</u> | | |

12.     Type of record to be filed:

    ☒ Complete transcript of        Estimated length of transcript as
       proceedings               ordered: <u>The resentencing proceedings</u>
                                   consists of approximately 500.

    ☐ Partial transcript
    Specify parts ordered: Not Applicable

    ☐ Statement of record pursuant    Estimated length of transcript as
       to App.R. 9(C) or (D)           ordered:

2

☐ No transcript of proceedings or App.R. 9(C) or (D) statement to be filed or transcript or App.R. 9 statement is presently part of the record. **If this box is checked, the court will consider this to be a Loc. App. R. 5 notice for purposes of completing the record on appeal.**

13.  Time needed to complete transcript: <u>40 days</u>

14.  Time needed to file brief after record is complete (not to exceed 15 days for accelerated calendar cases): <u>90 days</u>

15.  List all related/pending appeals: <u>He has previously had numerous appeals from his prior sentences. There are no current pending appeals</u>

Laurence E. Komp
COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing Ohio Twelfth District Court Of Appeals Docket Statement has been hand delivered to Daniel G. Eichel, and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio  45011, and Jill Cutter, Court Reporter, 3rd Floor Government Services Center, 315 High Street, Hamilton, Ohio  45011 on this 20th day of October, 2009

Laurence E. Komp
COUNSEL FOR VON CLARK DAVIS

3



CINDY CARPENTER                    CLERK OF COURTS

1000490428

**VON CLARK DAVIS** c/o  **LAURENCE KOMP**
**ATTORNEY AT LAW**
**PO BOX 1785**
**MANCHESTER, MI 63011**

Date:    October 27, 2009                    Case No.: CA 2009 10 0263
                         VON CLARK DAVIS vs. OHIO,STATE OF

### C O P Y   O F   C A S E   D O C K E T   S H E E T
### C O U R T   O F   C O M M O N   P L E A S ,   B U T L E R   C O U N T Y ,   O H I O

A copy of the case docket sheet from the records of the Butler County Clerk of Courts in the above
mentioned case is attached.

CINDY CARPENTER
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



CINDY CARPENTER                    CLERK OF COURTS

1000490429

**OHIO,STATE OF c/o ROBERT N PIPER III**
**C/O THE BUTLER COUNTY PROSECUTORS OFFICE**
**315 HIGH ST**
**11TH FLOOR**
**HAMILTON, OH 45011**

Date:    October 27, 2009              Case No.: CA 2009 10 0263
                VON CLARK DAVIS vs. OHIO,STATE OF

### COPY OF CASE DOCKET SHEET
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

A copy of the case docket sheet from the records of the Butler County Clerk of Courts in the above mentioned case is attached.

**CINDY CARPENTER**
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

FILED
2009 NOV -6 PM 2:15
CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

IN THE COURT OF APPEALS OF BUTLER COUNTY, OHIO

STATE OF OHIO,     *    CASE NO: CA2009-10-263

    Appellee,     *    <u>SCHEDULING ORDER</u>

vs.     *

VON CLARK DAVIS,     *

    Appellant.     *

FILED BUTLER CO.
COURT OF APPEALS
NOV 0 6 2009
CINDY CARPENTER
CLERK OF COURTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Upon consideration of the pendency of the within appeal:

IT IS HEREBY ORDERED that the TRANSCRIPT OF DOCKET AND JOURNAL ENTRIES shall be filed by the trial court clerk of courts with the Appellate Clerk at the **Butler** County Clerk of Courts within **40** days of the filing of the notice of appeal.

IT IS FURTHER ORDERED that the TRANSCRIPT OF PROCEEDINGS (or, if applicable, Statement of the Evidence, Statement of the Proceedings, or Agreed Statement of the Case as allowed by Appellate Rule 9) shall be filed with the **County Clerk of Courts** no later than **December 20, 2009.**

**\*\*\*** <u>If a transcript of proceedings, statement of the evidence, statement of the proceedings, or agreed statement of the case is not to be filed</u>, then a **NOTICE OF LOCAL APPELLATE RULE 5 shall be filed** with the County Clerk of Courts within **30** days of the filing of the notice of appeal.

IT IS FURTHER ORDERED that after the TRANSCRIPT OF DOCKET AND JOURNAL ENTRIES and either the TRANSCRIPT OF PROCEEDINGS, STATEMENT OF THE EVIDENCE, STATEMENT OF THE PROCEEDINGS, AGREED STATEMENT OF THE CASE or NOTICE OF LOCAL APPELLATE RULE 5 have been filed, the record shall be considered filed and the County Clerk of Courts shall issue a notice pursuant to App.R. 11(B) to all counsel of record indicating that the record is filed.

IT IS FURTHER ORDERED that the APPELLANT'S BRIEF shall be filed with the County Clerk of Courts and served upon the appellee or opposing counsel within **60** days of the filing of the record.

Butler -263
Page -2-

IT IS FURTHER ORDERED that the APPELLEE'S BRIEF shall be filed with the **County Clerk of Courts** and served upon the appellant or opposing counsel within **60** days of the filing of appellant's brief.

IT IS FURTHER ORDERED that the APPELLANT'S REPLY BRIEF shall be filed with the **County Clerk of Courts** and served upon the appellee or opposing counsel within **10** days of the filing of the appellee's brief.

IT IS FURTHER ORDERED that NO EXTENSION OF TIME WILL BE GRANTED in the filing of any of the above-noted items except upon the demonstration of good cause.

IT IS FURTHER ORDERED that any failure to comply with the time requirements of this order may result in the sua sponte dismissal of the appeal or the striking of a brief.

IT IS SO ORDERED.

*Stephen W. Powell*
Stephen W. Powell, Administrative Judge

To Clerk:

Copies of this scheduling order shall be sent to the following individuals:

**cc: Court Reporter (Nastoff/Pater/Spaeth)**

Robin Piper
Michael Oster, Jr.
315 High St.
Ham., OH 45011

Laurence E. Komp
P.O. Box 1785
Manchester, Missouri 63011

FILED

2009 NOV 16 PM 2:15

CINDY CARPENTER
BUTLER COUNTY
CLERK OF APPEALS

IN THE COURT OF APPEALS OF BUTLER COUNTY, OHIO

STATE OF OHIO,

Appellee,

vs.

VON CLARK DAVIS,

Appellant.

*
*
*
*
*
*
*

CASE NO: CA2009-10-263

NOTICE OF LOC.R. 12(A)

FILED BUTLER CO.
COURT OF APPEALS

NOV 0 6 2009

CINDY CARPENTER
CLERK OF COURTS

* * * * * * * * * * * * * * * * * * * * *

**NOTICE OF REQUIREMENTS OF LOC. APP.R. 12(A).**

Upon consideration of the pendency of the within appeal, it is hereby

ORDERED that oral argument shall not be heard in the above-captioned matter

unless, pursuant to Loc. App.R. 12(A), a request for oral argument is filed in the

clerk's office by the time the appellant's reply brief is due for filing.  **The request shall**

**be filed as a separate pleading and not appended to any brief, notice or other**

**paper.**  Unless such request is made, the above-captioned appeal shall be submitted

to the court without oral argument at the court's convenience, and without prior notice

to counsel.  If said request is made, counsel shall be duly notified by the court of the

time and location of oral argument.

IT IS SO ORDERED.


To the Clerk:

Please send copies of this notice to those individuals listed on the scheduling order.



<u>CINDY CARPENTER</u>                                    <u>CLERK OF COURTS</u>

1000493166

**VON CLARK DAVIS  c/o  LAURENCE KOMP**
**ATTORNEY AT LAW**
**PO BOX 1785**
**MANCHESTER, MI 63011**

---

Date:    November 10, 2009                        Case No.: CA 2009 10 0263
                      VON CLARK DAVIS vs. OHIO,STATE OF

---

**C O P Y   M A I L E D**
**1 2 TH  D I S T R I C T   C O U R T   O F   A P P E A L S ,   B U T L E R   C O U N T Y ,   O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

**CINDY CARPENTER**
Butler County Clerk of Courts

By:<u>Holly Sherrow</u>
Deputy Clerk

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

---

BUTLER COUNTY CLERK OF COURTS
<u>www.butlercountyclerk.org</u>

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5395



CINDY CARPENTER            CLERK OF COURTS

1000493167

**OHIO,STATE OF c/o ROBERT N PIPER III**
**C/O THE BUTLER COUNTY PROSECUTORS OFFICE**
**315 HIGH ST**
**11TH FLOOR**
**HAMILTON, OH 45011**

Date:     November 10, 2009            Case No.: CA 2009 10 0263
                    VON CLARK DAVIS vs. OHIO,STATE OF

**C O P Y   M A I L E D**
**12TH D I S T R I C T   C O U R T   O F   A P P E A L S,   B U T L E R   C O U N T Y,   O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

**CINDY CARPENTER**
Butler County Clerk of Courts

By: Holly Sherrow
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

COURT OF COMMON PLEAS
DEC 18 2009
CINDY CARPENTER
CLERK OF COURTS

## IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

STATE OF OHIO,               :

    Plaintiff,                   Case No.  CR 1982 12-0614

vs.                          :   **Judge Daniel Andrew Nastoff**
                                 **Judge Charles Pater**
VON CLARK DAVIS,             :   **Judge Keith M. Spaeth**

    Defendant.

FILED BUTLER CO.
COURT OF APPEALS
DEC 18 2009
CINDY CARPENTER
CLERK OF COURTS

---

## DEFENDANT'S MOTION FOR AN EXTENSION OF TIME OF FIFTEEN DAYS
## TO COMPLETE TRANSCRIPT OF PROCEEDINGS

---

Defendant Von Clark Davis, by and through counsel, requests an extension of time of fifteen days to file the transcript with the Clerk of this Court. Pursuant to Rule 10(c)(2) of the Twelfth District Court of Appeals, this Court has authority to grant such an extension so long as it does not exceed a time period of eighty (80) days from the filing of the notice of appeal. The request of a fifteen (15) day extension falls within the eighty (80) days from the filing of the notice of appeal.

Defendant Davis was convicted of capital murder and sentenced to death in the Court of Common Pleas of Butler County. He timely filed his notice of appeal on October 20, 2009, and the record is currently due to be filed on December 20, 2009. However, Defendant Davis cannot file the record because the court reporter is unable to complete the trial transcript within that timeframe.

Exhibit A, attached to this motion, is the affidavit of the court reporter responsible for preparing appellant's transcript. The court reporter can not complete the record in time for filing on December 20, 2009. (Exhibit A). The court reporter estimates that she will be able to

complete the transcript with a fifteen (15) day extension of time. (Exhibit A). Accordingly,

Davis, through counsel, requests a fifteen (15) day extension of time to file the transcripts with

the clerk of this Court.

Respectfully submitted,

/s/ Laurence E. Komp
Laurence E. Komp (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekomp@swbell.et

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing **DEFENDANT'S MOTION FOR AN EXTENSION OF TIME OF FIFTEEN DAYS TO COMPLETE TRANSCRIPT OF PROCEEDINGS** was mailed regular U.S. Mail to Daniel Eichel and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government Services Center, 315 High Street, Hamilton, Ohio 45011, and Jill Cutter, Court Reporter, 3rd Floor Government Services Center, 315 High Street, Hamilton, Ohio 45011 on this the 18th day of December, 2009

/s/ Laurence E. Komp
Laurence E. Komp
COUNSEL FOR VON CLARK DAVIS

2

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,                    : CASE NO. CA2009-10-263
      Appellee

                  :              CR1982-12-0614

Vs.

VON CLARK DAVIS,                  : **Affidavit in Support of**
      Appellant                   **Motion for an Extension**
                    **Of Time to File Transcript**

I, Jill M. Cutter, am the court reporter assigned to prepare the transcript of proceedings in the above-captioned case.

I have recently been contacted to prepare said transcript and will be unable to complete the transcript by December 20, 2009.

I would estimate that the transcript will be approximately 700 pages and will take an additional 14 days to prepare.

Jill M. Cutter, RPR
Butler County Common Pleas Court

Sworn to before me and subscribed in my presence this 18th day of December, 2009.

Notary Public

12/18/2009  13:42    6362077351              LAURENCE KOMP- ATTY              PAGE  01/04

*Laurence E. Komp*

*Attorney at Law*

P.O. Box 1785
Manchester, MO 63011
(636) 207-7330
Fax Number (636) 207-7351
Email - lekomp@swbell.net

FAX TRANSMITTAL FORM

To: Clerk of Court, Butler County Common Pleas          From: Larry Komp
Name:                                                    Date Sent: 12/18/09
CC:
Phone:                                                   Number of Pages: 4
Fax: 513-887-3966

Clerk of Court,

Attached please find a motion for extension of time.  The required rule information is as follows:

(1) The name of the Court - **Butler County Common Pleas**;

(2) The caption of the case - **State of Ohio**

(3) The case number - **Case No. CR 1982 12-0614**

(4) The assigned judge - **Judge Daniel Andrew Nastoff**;

(5) The name, address, telephone number, fax number, Supreme Court registration number and e-mail address of the attorney submitting the facsimile filing - **Laurence Komp, P.O. Box 1785, Manchester, MO., 63011, (636)207-7330, (fax) (636)207-7351, Ohio Bar 0060142, lekomp@swbell.net**

(6) A description of the document being filed - **Motion for Fifteen Day Extension to Complete Transcript of Proceedings**

(7) The date of transmission - **12/18/09**

(8) The transmitting fax number - **(636) 207-7351**

(9) The number of pages transmitted, including the cover page - **Four**.

If I can be of further assistance, do not hesitate to contact me.

**CONFIDENTIALITY NOTICE:** THIS FACSIMILE IS A CONFIDENTIAL COMMUNICATION FROM LAURENCE E. KOMP ATTORNEY AT LAW AND MAY BE SUBJECT TO ATTORNEY-CLIENT PRIVILEGE. The information contained in this communication, and any attachments thereto, is privileged and confidential and intended solely for use by the addressee(s). Any other use, dissemination, or copying of this facsimile communication is strictly prohibited and is a tortious interference with our confidential business relationships. If this was erroneously sent to you, please notify us immediately at (636) 207-7330 and permanently delete the original or any printed copies of this communication.

FILED

2010 JAN -8 PM 2: 40

**IN THE COURT OF COMMON PLEAS**

BUTLER COUNTY, OHIO

CLERK OF COURTS

STATE OF OHIO,
                             *   CASE NO:  CA09-10-0263

                                   *             CR83-12-0614

      Plaintiff,            *

                                   *

      vs.           FILED BUTLER  *  **ENTRY TO SEAL TRANSCRIPTS**

                COURT OF APPEAL  *  **OF PROCEEDINGS**

VON CLARK DAVIS,    JAN 0 6 2010

      Defendant.    CINDY CARPENTER

                  CLERK OF CO *

         It appearing to the Court that Motion hearings
were held *ex parte* in the above-captioned case on <u>March 18,
2008; November 24, 2008 and April 21, 2009</u>; and, it further
appearing to the Court that the transcripts of said
hearings are required for appellate purposes;

         It is, therefore, hereby **ORDERED** that the
transcripts of hearings be filed **under seal of this Court**.

         **IT IS SO ORDERED.**

                           ENTER,

                           Andrew Nastoff, Judge

# Butler County Court of Common Pleas

GOVERNMENT SERVICES CENTER
315 HIGH STREET (3rd floor)
HAMILTON, OHIO 45011



FILED

'''-8 PM 2: 39

BY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

**EXHIBITS
CA09-10-0263/ CR83-12-0614
State v. Von Clark Davis**

FILED BUTLER CO.
COURT OF APPEALS

JAN 0 6 2010

CINDY CARPENTER
CLERK OF COURTS



**EXHIBITS**
**CA09-10-0263/ CR83-12-0614**
**State v. Von Clark Davis**

```
                    )                        )
STATE OF OHIO              :        CASE NO. 21655

        Plaintiff          :        IN THE COMMON PLEAS COURT
                                     STATE OF OHIO, BUTLER COUN.
vs              FILED in Common Pleas Court
                BUTLER COUNTY, OHIO      E N T R Y
VON C. DAVIS         APR 2 0 1971
        Defendant. AND S.          JR.
```


STATE'S EXHIBIT

This day came the Prosecuting Attorney on behalf of the
State of Ohio, and the said defendant, Von C. Davis, in his own
proper person and with counsel, Hugh D. Holbrock and H. J. Bressler,
and said defendant having requested appearance in open court
requested the court that he be permitted to change his plea of
not guilty previously entered to the charge of the indictment and
also requested of the court permission to enter a plea of guilty to
a charge of murder in the second degree, contrary to Section 2901.
05 of the Ohio Revised Code.

Whereupon, the court explained to him his rights under
the Constitution of the United States, the Constitution of the
State of Ohio, and the Statutes of the State of Ohio, and after the
defendant stated that no offers or promises of leniency, probation
or reduction of sentence had been made to him by the prosecuting
attorney, the defendant's counsel nor any member of the law
enforcement agencies and after the court explained to him the
nature of the offense to which he was entering a plea and that
said offense was a felony for which he could be incarcerated in
the Ohio State Penitentiary for life, then and only then, did the
defendant enter a plea of guilty to the offense of murder in the
second degree, contrary to Section 2901.05 of the Ohio Revised Code.

Whereupon, testimony was presented by the State of Ohio,
the defendant gave testimony in his own behalf, a record of the
entire proceeding was made and the entire proceeding was in the
presence of the defendant and his counsel.

The defendant having entered a plea of guilty to the
charge as aforesaid and being inquired of if he had anything to
say why judgment should not be pronounced against him and having
nothing but what he had already said and there being no good and
sufficient cause why judgment should not be pronounced and further
the defendant having been advised of his rights to appeal.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the

J231 P21

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5404

defendant, Von C. Davis, be imprisoned and confined in the Ohio

State Penitentiary at Columbus, Ohio, for and during his natural

life and ordered to pay the costs of prosecution herein.

E N T E R

CRAMER, J.

APPROVED:

RICHARD J. WESSEL
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

I CERTIFY THE WITHIN TO BE A
TRUE COPY OF THE ORIGINAL FILED

_____ Apr 20 _____ 19 72
EDWARD S. ROBB, JR.
Butler County Clerk of Courts
_____ H. Baquet _____ Deputy

OFFICE OF
CUTING ATTORNEY
ER COUNTY, OHIO
AMILTON, OHIO

ARD J. WESSEL
CUTING ATTORNEY

J 231 D 22

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5405



# INSTITUTIONAL SUMMARY REPORT

| Inmate Number A-179828 | Inmate Name: Davis, Von | | | Date: 04/27/09 |
|---|---|---|---|---|

| Institution: Ohio State Penitentiary | Unit: D-Block | Security Level at Admission: Death Row | Current Security Level: Death Row |
|---|---|---|---|

Purpose of Report:

☐ Parole Board (first hearing)    ☐ Parole/PRC/TC Packet    ☐ Request for information from Courts    ☒ Special Request

Parole Board (Continuance) only information since the last hearing should be included on this report

1. DISCIPLINE HISTORY: List all Class II Conduct Reports that resulted in Disciplinary Control (include a brief summation of incident and disposition). If the disposition resulted in DC and/or LC, be sure to check the appropriate box, to indicate this.

☐ This inmate has not received any conduct reports    ☒ Inmate has not been to DC

| Date: | Summation of Incident: DC ☐ Time: | LC ☐ Time: |
|---|---|---|

| Date: | Summation of Incident: DC ☐ Time: | LC ☐ Time: |
|---|---|---|

| Date: | Summation of Incident: DC ☐ Time: | LC ☐ Time: |
|---|---|---|

| Date: | Summation of Incident: DC ☐ Time: | LC ☐ Time: |
|---|---|---|

* These rules have been paraphrased for space; refer to A.R.-5120-9-06 for exact wording.

(Attach DRC2667-Conduct Report Addendum, if necessary)

☒ The inmate has received _one (1)_ conduct reports that did not result in DC

Brief Summation of Incident(s):

Inmate Davis has been on Death Row since 1984 during which time Inmate Davis has only received one conduct report. This conduct report was in January 1990 for refusing a cell move. Inmate Davis received a verbal warning for this rule infraction.

2. Educational participation during this incarceration (please read accross).

| ☐ Enrolled in Adult Basic Ed classes | ☐ Literacy Unit | ☐ Pre-GED classes | ☐ Quit or was Removed from these |
|---|---|---|---|
| ☐ Enrolled in GED classes | ☐ Obtained GED | | ☐ Quit or was Removed from GED classes |
| ☐ Enrolled in college classes | ☐ Obtained degree or certificate | | ☐ Quit or was Removed from college program |
| ☐ Enrolled in vocational program | ☐ Completed Vocational program | | ☐ Quit or was Removed from vocational program |

Which Educational Programs?

DRC 2666 E (07/04)      Page 1 of 2

3. Work History:
   A. What was the average performance of inmate? ☐ Excellent ☐ Good ☐ Average ☐ Below Avg ☐ Poor
   B. What type of work did the inmate perform?

| Job Title | Work Location | Status | Length of Employment |
|---|---|---|---|
| Porter | OSP | Current | since 11/2005 |
| Porter | MANCI | Transfered | various |
| Recreation Worker | MANCI | Job rotation | various |
| Food Service Worker | MANCI | Job rotation | various |
| Artist | MANCI | Job rotation | various |

4. Program participation:
   A. What programs were recommended?

| Name of Program | Type of Program |
|---|---|
| Not applicable to Death Row inmates | |
| | |
| | |
| | |

B. What was the level of program participation by the inmate? ☐ Excellent ☐ Good ☐ Average ☐ Below Avg ☐ Poor ☐ Refused to participate ☐ Insufficient time to complete program

C. What programs were completed by inmate?

| Name of Program | Type of Program | Status |
|---|---|---|
| Stress Management (OSP) | Social-Interactions | enrolled in at OSP |
| Positive Thinking (MANCI) | Social-Interactions | completed at MANCI |
| Anger Management (SOCF) | Social-Interactions | completed at SOCF |
| AA meetings (SOCF) | Recovery Services | attended at SOCF |
| Military Vetern meetings (SOCF) | | attended at SOCF |

(Attach DRC2668 Program Addendum, if necessary)
**NOTE: For Parole Plan choices A through D, complete and attach DRC-2669 Parole Plan Addendum**
ADDITIONAL COMMENTS:

In May 2006, Inmate Davis was moved to OSP's extended privilege unit.

Inmate Davis has volunteered and participated in several OSP community service projects which have assisted various local schools & churches.

| Submitted by (Case Manager, please print) Scott S Nowak | Date |
|---|---|
| Signature | 4-27-07 |
| Reviewed by (Unit Manager, please print) Laura Johnson | Date |
| Signature | 4-27-07 |

DRC 2666 E (07/04)  Page 2 of 2



### DRC Current FY 2009 Budgeted Inmate Costs
### As of 05/04/2009

| Institution | FY09 Budget All Funds | Non-GRF | GRF Budget | FY09 Pop 04/27/09 | Yearly Direct Inmate Cost | Daily Direct Inmate Cost |
|---|---|---|---|---|---|---|
| ALLEN C.I. | $ 29,599,828 | $ 3,711,149 | $ 25,888,679 | 1,328 | $ 22,289.03 | $ 61.07 |
| BELMONT C.I. | 41,049,625 | 4,859,857 | 36,189,768 | 2,635 | 15,578.61 | 42.68 |
| CHILLICOTHE C.I. | 47,683,015 | 4,654,658 | 43,028,357 | 2,872 | 16,602.72 | 45.49 |
| CORR MEDICAL CTR. | 45,036,318 | 6,567,253 | 38,469,066 | 148 | N/A | N/A |
| CORRECTIONAL R.C. | 41,270,779 | 4,666,602 | 36,604,177 | 1,524 | 27,080.56 | 74.19 |
| DAYTON C.I. | 16,087,346 | 1,362,519 | 14,724,827 | 470 | 34,521.80 | 93.78 |
| FRANKLIN P.R.C. | 11,365,458 | 1,502,532 | 9,862,926 | 485 | 23,435.93 | 64.20 |
| GRAFTON C.I. | 31,012,073 | 3,589,390 | 27,422,683 | 1,499 | 20,888.51 | 56.68 |
| HOCKING C.F. | 14,537,219 | 1,284,595 | 13,252,623 | 481 | 30,222.91 | 82.80 |
| LAKE ERIE C.I. | 24,496,886 | 93,072 | 24,403,814 | 1,482 | 16,529.61 | 45.29 |
| LEBANON C.I. | 44,349,363 | 5,751,056 | 38,598,307 | 2,695 | 16,456.16 | 45.09 |
| LONDON C.I. | 39,947,858 | 6,249,009 | 33,698,850 | 2,522 | 15,830.75 | 43.40 |
| LORAIN C.I. | 38,178,201 | 3,961,559 | 34,216,643 | 1,907 | 20,020.03 | 54.85 |
| MADISON C.I. | 43,464,489 | 4,270,940 | 39,193,549 | 2,303 | 18,872.99 | 51.71 |
| MANSFIELD C.I. | 52,715,589 | 5,745,528 | 46,970,061 | 2,789 | 21,179.43 | 58.03 |
| MARION C.I. | 40,578,247 | 4,574,295 | 36,003,952 | 2,307 | 17,589.18 | 48.19 |
| MONTGOMERY E.P.R.C. | 10,995,418 | 1,179,333 | 9,816,084 | 340 | 32,339.46 | 88.60 |
| NOBLE C.I. | 38,592,152 | 3,546,232 | 35,045,921 | 2,457 | 15,707.02 | 43.03 |
| NORTH CENTRAL C.I. | 37,871,223 | 4,810,354 | 33,060,869 | 2,289 | 16,544.88 | 45.33 |
| NORTH COAST C.T.F. | 15,463,379 | 169,720 | 15,293,659 | 665 | 23,253.20 | 63.71 |
| NORTHEAST P.R.C. | 16,068,898 | 1,787,346 | 14,281,552 | 568 | 28,290.31 | 77.51 |
| OAKWOOD C.F. | 22,952,744 | 653,876 | 22,298,868 | 147 | N/A | N/A |
| OHIO REF FOR WOMEN | 43,621,442 | 3,612,052 | 40,009,389 | 2,428 | 17,966.00 | 49.22 |
| OHIO S.P. | 30,980,081 | 2,262,179 | 28,717,902 | 527 | 58,785.73 | 161.06 |
| PICKAWAY C.I. | 58,731,296 | 6,342,398 | 52,388,898 | 2,452 | 23,952.40 | 65.62 |
| RICHLAND C.I. | 36,936,180 | 4,830,297 | 32,105,883 | 2,528 | 14,610.83 | 40.03 |
| ROSS C.I. | 44,939,656 | 6,253,947 | 38,685,708 | 2,578 | 17,431.98 | 47.76 |
| SOUTHEAST C.I. | 31,454,505 | 3,431,655 | 28,022,851 | 1,323 | 23,775.14 | 65.14 |
| SOUTHERN OHIO C.F | 54,087,277 | 4,878,617 | 49,208,660 | 1,607 | 33,657.30 | 92.21 |
| TOLEDO C.I. | 30,014,079 | 2,432,901 | 27,581,178 | 1,148 | 26,144.67 | 71.63 |
| TRUMBULL C.I. | 35,388,826 | 3,321,076 | 32,067,750 | 1,407 | 25,151.97 | 68.91 |
| WARREN C.I | 32,707,273 | 2,919,437 | 29,787,836 | 1,421 | 23,017.08 | 63.06 |
| **Direct Total** | $ 1,102,176,724 | $ 115,275,435 | $ 986,901,290 | 51,032 | $ 21,597.76 | $ 59.17 |
| **Indirect Total** | $ 213,654,137 | $ 56,966,460 | $ 156,687,677 | 51,032 | $ 3,070.38 | $ 8.41 |
| **DRC Total** | $ 1,315,830,861 | $ 172,241,894 | $ 1,143,588,967 | 51,032 | $ 24,668.14 | $ 67.58 |

Note This report reflects FY09 Budget as of 06/30/08.
The only data changed in this report is Average Inmate count reflecting inmate population

Note:
1. Amounts include indirect inmate cost associated with administration, programs such as medical services, technology etc.
   Indirect examples are Centralizes purchasing (ie.vehicles, computers) Centralized transportation, agency data systems etc.

**EXHIBIT**

**CURRICULUM VITAE**

**Robert L. Smith, Ph.D.**

**Birthplace**
Massillon, Ohio, U.S.A.

**Business Address**
20525 Center Ridge Road
Westgate Tower, Suite 370
Rocky River, Ohio 44116
Telephone: 440.333.3706

**Mailing Address**

Westlake, Ohio 44145
Fax: 440.892.1513
Email:

**Education**

Ph.D.:  Clinical Psychology, Kent State University,
        Kent, Ohio  1983.  (APA approved)

M.A.:   Clinical Psychology, Kent State University,
        Kent, Ohio  1980.  (APA approved)

B.A.:   Psychology, Kent State University,
        Kent, Ohio  1978.

**Internships**

1982-1983    **Post-Doctoral Psychology Trainee,** Cleveland Metropolitan
             General Hospital, Alcohol and Drug Addiction Treatment Program,
             Cleveland, Ohio.

1981-1982    **Psychology Internship**, Cleveland Metropolitan General Hospital,
             Cleveland, Ohio.  (APA approved internship – Adults and Children).

**Academic Appointments**

1994- Present  **Assistant Clinical Professor of Psychology,** Department of
               Psychology, Case Western Reserve University, Cleveland, Ohio.

1984-1994      **Assistant Professor of Psychology**, Department of Psychiatry,
               Case Western Reserve University, School of Medicine, and
               MetroHealth Medical Center, Cleveland, Ohio.

**Research**

2005-2006    **Project Evaluator,** Hitchcock Center for Women, Cleveland, Ohio.
             Demonstration Project for Children and Adolescents of Substance
             Abusing and Mentally Ill Women.  Center for Substance Abuse
             Treatment, Substance Abuse and Mental Health Services
             Administration Grant No. – 1 H79 TI17420 - 01

2001-2004    **Project Director**, Stella Maris, Cleveland, Ohio.  Demonstration
             Project for Substance Abusing, Mentally Ill Homeless Men Involved
             with the Criminal Justice System.  Center for Substance Abuse
             Treatment, Substance Abuse and Mental Health Services
             Administration Grant No. – 1 U79 TI13118 - 01

Robert L. Smith, Ph.D.                                                                                    2
Curriculum Vitae

     1993-1999      **Project Evaluator**, East Side Catholic Shelter, Cleveland, Ohio. Demonstration Project for Substance Abusing Pregnant Women and Women with Children. Center for Substance Abuse Treatment, Substance Abuse and Mental Health Services Administration Grant No. – 5 HD8 TI00603 – 04002

## Professional Positions

     1993- Present      **Clinical Psychologist,** Private Practice, Rocky River, Ohio. Psychological evaluations and psychotherapy with adolescents and adults.

     1988- Present      **Forensic Psychologist,** civil and criminal cases. Conducting competency, NGRI, and substance abuse / mental illness examinations for guilt and penalty phases of trial. Consultation regarding mitigation in capital cases, post-conviction relief appeals, etc.

     2000-2005      **Director of Operations,** Chemical Dependency Treatment Programs and Services for Stella Maris, Inc., Cleveland, Ohio.

     1993-2004      **Director of Outpatient Chemical Dependency Treatment Services,** Behavior Management Associates, Inc., Beachwood / Rocky River, Ohio.

     1984-1993      **Director,** Chemical Dependency Treatment Services/Department of Psychiatry, MetroHealth Medical Center, Cleveland, Ohio.

## Consultant Appointments

     2008      **Psychological/Chemical Dependency Consultant,** Development of Curriculum for e-Based Academy regarding the Assessment and Diagnosis of Adolescent Substance Abuse and Dependence, Ohio Department of Alcohol and Drug Addiction Services.

     2006-2007      **Strategic Planning Consultant,** Stella Maris, Inc. Cleveland, Ohio Funded by the Woodruff Foundation to develop three-year strategic plan for the organization.

     2005- Present      **Psychological/Chemical Dependency Consultant,** Stella Maris, Inc., Cleveland, Ohio.

     2004-2005      **Psychological/Chemical Dependency Consultant,** Development of Three-Year Strategic Plan for the Alcohol and Drug Addiction Services Board of Lorain County, Ohio.

     2003- 2004      **Psychological/Chemical Dependency Consultant,** Development of National Drug Court Curriculum, Center for Court Innovation, New York State Unified Court System, New York.

Robert L. Smith, Ph.D.                                                    3
Curriculum Vitae

2000- Present    **Psychological/Chemical Dependency Consultant,** Development of Computer Assisted Central Intake Assessment Instrument, Alcohol and Drug Addiction Services Board of Cuyahoga County, Cleveland, Ohio.

1999- Present    **Psychological/Chemical Dependency Consultant,** Employee Assistant Program, MetroHealth Medical Center, Cleveland, Ohio.

1999- 2006    **Psychological Consultant,** Family Transitional Housing, Cleveland, Ohio.

1997-Present    **Psychological/Chemical Dependency Consultant,** Hitchcock Center for Women, Cleveland, Ohio.

2001-2003    **Psychological/Chemical Dependency Consultant,** Recovery Resources, Inc., Cleveland, Ohio

1992- 2003    **Coordinator, Residency Assistance Program,** Department of Medicine, University Hospitals of Cleveland, Ohio.

1999-2000    **Psychological Consultant,** Catholic Charities Services of Cuyahoga County, Adolescent Treatment Services, Cleveland, Ohio.

1999-2000    **Psychological/Chemical Dependency Consultant,** provided statewide training regarding *Documentation in the Clinical Record* (Protocol for Levels of Care Trainings – Phase II), Ohio Department of Alcohol and Drug Addiction Services, Columbus, Ohio.

1998-2000    **Psychological/Chemical Dependency Consultant** for the Development of the *ODADAS Youth Protocol For Levels of Care*, Ohio Department of Alcohol and Drug Addiction Services, Columbus, Ohio.

1998-2000    **Psychological Consultant,** Medical Mutual of Ohio.

1997-1998 and 2002    **Grant Reviewer,** Substance Abuse and Mental Health Services Administration (SAMHSA), Washington, DC.

1997    **Technical Advisor,** Center for Substance Abuse Treatment (CSAT), Washington, DC.

1992-1999    **Psychological/Chemical Dependency Consultant,** East Side Catholic Shelter, Cleveland, Ohio. Chemical Dependency Program for Pregnant Women and Women with Children.

1990-1997    **Psychological/Chemical Dependency Consultant,** Blue Cross/Blue Shield of Ohio.

Robert L. Smith, Ph.D.                                                                                    4
Curriculum Vitae

| 1989-1993 | **Coordinator, Student Assistance Program**, Case Western Reserve University, School of Medicine, Cleveland, Ohio. |
| 1984-1989 | **Psychological Consultant**, Parmadale Family Treatment Services, Parma, Ohio. |

## Hospital Appointments

| 1995-Present | Department of Medicine, Meridia -Hillcrest Hospital, Mayfield, Ohio. |
| 1994-Present | Department of Psychiatry, St. Vincent Charity Hospital, Cleveland, Ohio. |
| 1987-Present | Department of Psychiatry, Southwest General Hospital, Middleburg Hts., Ohio. |

## Credentials

Licensed Clinical Psychologist, Ohio #3403

National Register of Health Services Providers in Psychology #35793

American Academy of Healthcare Providers in the Addictive Disorders #1228

The American College of Forensic Examiners #7478

## Professional Service

Member, American Psychological Association.

Member, Ohio Psychological Association

Member, Cleveland Psychological Association

Member, Association for Medical Education and Research in Substance Abuse.

Member, The Center for Principled Family Advocacy

## Professional Committees

| 2006- Present | Member Advisory Board, Alcohol and Drug Addiction Service Board of Cuyahoga County, Trauma and Addictions Collaborative |
| 1997- Present | Chairperson, Clinical Performance Improvement Committee, Hitchcock Center for Women, Inc. |
| 1998-1999 | Chairperson, Behavioral Health Committee, Medical Mutual of Ohio |
| 1998-1999 | Member, Clinical Quality Improvement Committee, Medical Mutual of Ohio |
| 1998-1999 | Member, Credentialing Committee, Medical Mutual of Ohio |

Robert L. Smith, Ph.D.                                                    5
Curriculum Vitae

| | |
|---|---|
| 1997-1999 | Member, Colleague Assistance Program Committee, Ohio Psychological Association |
| 1993-1997 | Chairman, Colleague Assistance Program Committee, Ohio Psychological Association |
| 1993-1997 | Member, Board of Trustees, Ohio Psychological Association |
| 1995-1996 | Member, Board of Trustees, Cleveland Psychological Association. |
| 1990-1992 | Member, Advisory Board for the Substance Abuse Institute. Case Western Reserve University, School of Medicine, Cleveland, Ohio. |
| 1989-1993 | Curriculum Advisor, Case Western Reserve University, School of Medicine, Cleveland, Ohio. |
| 1988-1993 | Chairman, Medical Staff Health Committee, MetroHealth Medical Center, Cleveland, Ohio. |
| 1988-1993 | Chairman, Advisory Board for the Employee Assistance Program. MetroHealth Medical Center, Cleveland, Ohio. |
| 1986-1993 | Member, Quality Assurance Committee. Department of Psychiatry, MetroHealth Medical Center, Cleveland, Ohio. |
| 1984-1990 | Member, Educational Development Committee. Department of Psychiatry, MetroHealth Medical Center, Cleveland, Ohio. |

## Bibliography

Mactutus, C.F., Smith, R.L., & Riccio, D.C. Extending the duration of ACTH-induced memory reaction in an amnestic paradigm. *Physiology and Behavior*, 1980, 24, 541-546.

Graham, J.R., Smith, R.L., Schwartz, G.F. Stability of MMPI Configurations for Psychiatric Inpatients. *Journal of Consulting and Clinical Psychology*. 1986, Vol. 54, No. 3, 375-380.

Smith, R.L. and Graham, J.R. The Clinical Determination of Criminal Responsibility. *Criminal Justice and Behavior*. 1989, Vol. 16, No. 4, 473-485.

Dawson, N.V.: Dadhee, G.; Speroff, T.; Smith, R.L.; Schubert, D.S.P. The Effect of Patient Gender on the Prevalence and Recognition of Alcoholism on a General Medicine Inpatient Service. *Journal of General Internal Medicine*. 1992, Vol. 7, 38-45.

Jackson, M.S.; Stephens, R. C.; Smith, R. L.; "Afrocentric Treatment in Residential Substance Abuse Care." *The Journal of Substance Abuse Treatment*. 1997, Vol. 14, 87-92.

FILED BUTLER CO.
COURT OF APPEALS

FILED

JAN 0 0 2010

2010 JAN -8 PM 2: 38

CINDY CARPENTER
CLERK OF COURTS

**IN THE COURT OF COMMON PLEAS**

BUTLER COUNTY
CLERK OF COURTS

**BUTLER COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | * | CASE NO:  CR83-12-0614 |
| | * | CA09-10-0263 |
| Plaintiff, | * | |
| | * | |
| vs. | * | **ENTRY GRANTING DEFENDANT'S** |
| | * | **MOTION FOR AN EXTENSION OF** |
| VON CLARK DAVIS, | * | **TIME TO FILE TRANSCRIPT** |
| | * | **OF PROCEEDINGS** |
| Defendant. | * | |
| | * | |

It appearing to the Court that the defendant
through his counsel has filed Defendant's Motion for
Extension of time of Fifteen Days to Complete Transcript of
Proceedings; and, it appearing that said Motion is
accompanied by an Affidavit in Support of Motion for
Extension of Time to File Transcript, signed by the Court
Reporter; and, it further appearing to the Court that the
Motion was captioned, "In the Court of Common Pleas" and
filed under the Common Pleas Court case number; and, it
further appearing to the Court that, pursuant to App. R.
10(C)(2), this Court has the authority to grant said
Motion;

It is, therefore, hereby **ORDERED** that defendant
is granted time to file the transcript with the County
Clerk of Courts, no later than January 8, 2010.  **SO
ORDERED.**

ENTER,

Andrew Nastoff, Judge

cc:  Robin Piper
     Michael Oster
     315 High St.
     Hamilton, OH  45011

     Laurence E. Komp
     P.O. Box 1785
     Manchester, MI  63011

     Court Reporter

FILED

FILED BUTLER CO.
COURT OF APPEALS

2010 JAN -8 PM 2: 38

JAN 0 6 2010

**IN THE COURT OF COMMON PLEAS**
BUTLER COUNTY, OHIO

CINDY CARPENTER
CLERK OF COURTS

BUTLER COUNTY
CLERK OF COURTS

STATE OF OHIO,                    *    CASE NO:    CA09-10-0263
                                  *                CR83-12-0614
     Plaintiff,                   *
                                  *
     vs.                          *
                                  *
VON CLARK DAVIS,                  *    **NOTICE OF FILING OF**
                                  *    **COMPLETE TRANSCRIPTION**
Defendant.                        *    **OF ALL PROCEEDINGS**

FILED BUTLER CO.
COURT OF APPEALS

JAN 0 6 2010
JAN 0 6 2010
CINDY CARPENTER
CLERK OF COURTS
CINDY CARPENTER
CLERK OF COURTS

The Clerk of this Court is hereby notified of the filing of

transcripts of all proceedings.  Please cause issuance of

notice of complete record to all parties, pursuant to App.

R. 11(B), Filing of the Record.


Notice from Mary L. Swain
Butler County Official Court Reporter

IMAGED

**IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO**

STATE OF OHIO,

Plaintiff,

vs.

VON CLARK DAVIS

Defendant.

\* Case No: **CA2009-10-263**

Judge Andrew Nastoff

**ORDER TO PAY FOR TRANSCRIPTS**

The Court, in the interest of justice, orders that transcripts be made and the cost therefore shall be paid by the County Treasurer and taxed as costs in this case.

| Type of Hearing | MOTION | Date 11/25/07 | Number of Pages: | 36 |
|---|---|---|---|---|
| Type of Hearing | MOTION | Date 12/3/07 | Number of Pages: | 38 |
| Type of Hearing | MOTION | Date 12/4/07 | Nnmber of Pages: | 36 |
| Type of Hearing | MOTION | Date 3/6/08 | Number of Pages: | 32 |
| Type of Hearing | MOTION | Date 3/18/08 | Number of Pages: | 36 |
| Type of Hearing | MOTION | Date 9/3/09 | Number of Pages: | 20 |

**TOTAL PAGES:** 198  at $ 4.00  per page = $ 792.00

**TOTAL AMOUNT DUE:** $ 792.00

The Clerk of this Court shall certify the amount of said transcript, which certificate shall be a sufficient voucher to the County Auditor, who shall forthwith draw her warrant upon the County Treasurer in favor of *JILL CUTTER* Butler County Assistant Court Reporter, who prepared the transcript.

**SAID PAYMENT TO BE PAID OUT OF ACCOUNT NUMBER:**

Said transcript was prepared by   JILL CUTTER   SSN _____ in   January

Judge Andrew Nastoff



IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO



STATE OF OHIO,                          Case No: **CA2009-10-263**

    Plaintiff,

vs.

VON CLARK DAVIS

    Defendant.                          Judge Andrew Nastoff

## ORDER TO PAY FOR TRANSCRIPTS

The Court, in the interest of justice, orders that transcripts be made and the cost therefore shall be paid by the County Treasurer and taxed as costs in this case.

| **Type of Hearing** | THREE-JUDGE PANEL | **Date** 9/8/09 | **Number of Pages:** | 371 |
|---|---|---|---|---|
| **Type of Hearing** | | **Date** | **Number of Pages:** | |
| **Type of Hearing** | | **Date** | **Number of Pages:** | |
| **Type of Hearing** | | **Date** | **Number of Pages:** | |
| **Type of Hearing** | | **Date** | **Number of Pages:** | |
| **Type of Hearing** | | **Date** | **Number of Pages:** | |

**TOTAL PAGES:**   371   at $ **4.00**  per page = **$1,484.00**

**TOTAL AMOUNT DUE:**      **$1,484.00**

The Clerk of this Court shall certify the amount of said transcript, which certificate shall be a sufficient voucher to the County Auditor, who shall forthwith draw her warrant upon the County Treasurer in favor of *JILL CUTTER* Butler County Assistant Court Reporter, who prepared the transcript.

## SAID PAYMENT TO BE PAID OUT OF ACCOUNT NUMBER:

Said transcript was prepared by     JILL CUTTER     **SSN**                    in     January

Judge Andrew Nastoff

## CLERK'S/AUDITOR'S TRANSCRIPT FEE FOR AN INDIGENT DEFENDANT
Revised Code 2301.24-25

IMAGED    In the Common Pleas Court of Butler County, Ohio.

Plaintiff: State of Ohio

Case No.    CA2009-10-263

v.    VON CLARK DAVIS

Attorney(s) for the Defendant/Party Represented:

LAWRENCE KOMP

*Defendant/Party Represented*

In re

### CLERK OF COURTS CERTIFICATION

I, the Clerk of Courts, hereby certify that     JILL CUTTER                    ,is
*(Court Reporter's Name)        (Court Reporter's Tax ID)*
hereby an official stenographer of said court and is entitled to the following fees for making transcript(s) of:

_____ Clerk's Signature                      Date _____

The transcript is ordered by the court for use by the Defendant or the Defendant's attorney in the following type of proceeding:

☐ Felony, Misdemeanor, or Juvenile Proceeiding   ☐ Capital Offense Trial proceeding
☐ Appeals Proceeiding   ☐ Capital Offense Appeals proceeding
☐ Postconviction Proceeiding   ☐ Capital Offense Postconviction proceeding

☒ Other   *(Explain)*   CAPITAL OFFENSE MITIGATION HEARING/RESENTENCING HEARING

Date which *above checked proceeding* terminated: _____   OR   ☒ **Still Pending** (check if pending)

| | | | | | | |
|---|---|---|---|---|---|---|
| Original transcript of | 580 | pages or folio at the rate of | $ 2.65 | per page or folio, = | $1,537.00 |
| Copy of transcript of | 580 | pages or folio at the rate of | $ 1.35 | per page or folio, = | $ 783.00 |
| | | | | | TOTAL = | $2,320.00 |

*NOTE: A COPY OF THE COURT REPORTER'S BILLING MUST BE ATTACHED*

### JUDGMENT ENTRY

The court finds that the transcript was ordered for use in the case of an Indigent person, that all rules and standards of the Ohio Public Defender Commission and State Public Defender have been met and that an Affidavit of Indigency/Financial Disclosure for the above referenced client has been sent to the Office of the Ohio Public Defender or is attached to this document.

IT IS THEREFORE ORDERED that the transcript fees be, and are hereby approved in the amount of **$2,320.00** It is further ordered that the said amount be, and hereby is, certified by the Court to the County Auditor for payment.

Andrew Nastoff
Judge's Name *(type or print)*      Judge's Signature      Date

### AUDITOR'S CERTIFICATION

The County Auditor in executing this certificate attests that the transcript was a true and accurate expense of said county's court.

County Number _____   Warrant Number _____   Warrant Date _____

OPD-E-205 Rev. (11/96)      County Auditor's Signature

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5419

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,

    Plaintiff,

vs.

VON CLARK DAVIS

    Defendant.

* Case No: CA2009/10/263

*

*

*

*

Judge Andrew Nastoff

## MOTION AND CERTIFICATION BY COURT REPORTER FOR TRANSCRIPTION FEES

    The undersigned, having been appointed the Assistant Court Reporter assigned to transcribe proceedings, moves this Court for an order approving payment of fees as indicated herein. I certify that I  ☐ **Have**  ☒ **Have NOT**   received additional compensation in connection with providing transcripts herein. I have performed all transcription services indicated herein. I further certify that all transcriptions described herein have been filed in a timely manner in accordance with applicable scheduling orders or other due dates.

(*) Circumstances of additional compensation _____

_____

_____

_JILL CUTTER_____    _Jean Cutter_____ 1/12/10

Assistant Court Reporter          Signature

### SUMMARY OF CHARGES

| | | | | |
|---|---|---|---|---|
| Original Transcript | **580** pages at the rate of | $ 2.65 | = | $1,537.00 |
| Copy of Transcript | **580** pages at the rate of | $ 1.35 | = | $ 783.00 |
| Original Transcript | ____ pages at the rate of | | = | |
| Copy of Transcript | ____ pages at the rate of | | = | |

TOTAL TRANSCRIPTION FEES at the rate of _____ per page = $1,537.00

TOTAL TRANSCRIPTION COPIES at the rate of _____ per page = $ 783.00

    **Grand total of all charges** = $2,320.00



**CINDY CARPENTER**                    **CLERK OF COURTS**

1000503739

**VON CLARK DAVIS  c/o  LAURENCE KOMP
ATTORNEY AT LAW
PO BOX 1785
MANCHESTER, MI 63011**

Date:    January 15, 2010                    Case No.: CA 2009 10 0263
                        VON CLARK DAVIS vs. OHIO,STATE OF

### R U L E   1 1 ( B )   N O T I C E   O F   C O M P L E T E   R E C O R D
### 1 2 TH D I S T R I C T   C O U R T   O F   A P P E A L S ,   B U T L E R   C O U N T Y ,   O H I O

You are hereby notified that the record for appeal in the above mentioned case is complete.  Please refer to
the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.:

DATE DOCKET AND JOURNAL ENTRIES FILED:

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED:

**CINDY CARPENTER**
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

cc:    Court of Appeals
        All parties involved

1000503739

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



CINDY CARPENTER                                    CLERK OF COURTS

**12ᵗʰ DISTRICT COURT OF APPEALS**
**1001 REINARTZ BOULEVARD**
**MIDDLETOWN, OHIO 45042**

---

Date:    January 15, 2010                          Case No.: CA 2009 10 0263
                              VON CLARK DAVIS vs. OHIO,STATE OF

---

### RULE 11(B) NOTICE OF COMPLETE RECORD
### 12ᵀᴴ DISTRICT COURT OF APPEALS, BUTLER COUNTY, OHIO

You are hereby notified that the record for appeal in the above mentioned case is complete. Please refer to the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.:

DATE DOCKET AND JOURNAL ENTRIES FILED:

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED:

**CINDY CARPENTER**
Butler County Clerk of Courts

By: Renee Bruce
Deputy Clerk

cc:       Court of Appeals
          All parties involved

1000503739

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

---

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



CINDY CARPENTER                                                     CLERK OF COURTS

**FILE COPY TO BUTLER COUNTY CLERK OF COURTS**

---

Date:    January 15, 2010                              Case No.: CA 2009 10 0263
                                    VON CLARK DAVIS vs. OHIO,STATE OF

---

### R U L E  1 1 (B)  N O T I C E  O F  C O M P L E T E  R E C O R D
### 1 2 TH  D I S T R I C T  C O U R T  O F  A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O

You are hereby notified that the record for appeal in the above mentioned case is complete. Please refer to the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.:

DATE DOCKET AND JOURNAL ENTRIES FILED:

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED:

**CINDY CARPENTER**
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

cc:      Court of Appeals
         All parties involved

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

---

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5423



CINDY CARPENTER                                            CLERK OF COURTS

1000503740

**OHIO,STATE OF  c/o  ROBERT N PIPER III**
**C/O THE BUTLER COUNTY PROSECUTORS OFFICE**
**315 HIGH ST**
**11TH FLOOR**
**HAMILTON, OH 45011**

Date:    January 15, 2010                 Case No.: CA 2009 10 0263
                 VON CLARK DAVIS vs. OHIO,STATE OF

### RULE 11(B) NOTICE OF COMPLETE RECORD
### 12TH DISTRICT COURT OF APPEALS, BUTLER COUNTY, OHIO

You are hereby notified that the record for appeal in the above mentioned case is complete.  Please refer to
the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.:

DATE DOCKET AND JOURNAL ENTRIES FILED:

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED:

**CINDY CARPENTER**
Butler County Clerk of Courts

By: Renee Bruce
Deputy Clerk

cc:       Court of Appeals
              All parties involved

1000503740

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



CINDY CARPENTER        CLERK OF COURTS

**12th DISTRICT COURT OF APPEALS**
**1001 REINARTZ BOULEVARD**
**MIDDLETOWN, OHIO 45042**

---

Date:    January 15, 2010           Case No.: CA 2009 10 0263
                         VON CLARK DAVIS vs. OHIO,STATE OF

---

### RULE 11(B) NOTICE OF COMPLETE RECORD
### 12TH DISTRICT COURT OF APPEALS, BUTLER COUNTY, OHIO

You are hereby notified that the record for appeal in the above mentioned case is complete. Please refer to the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.:

DATE DOCKET AND JOURNAL ENTRIES FILED:

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED:

**CINDY CARPENTER**
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

cc:     Court of Appeals
        All parties involved

1000503740

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

---

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



CINDY CARPENTER                    CLERK OF COURTS

**FILE COPY TO BUTLER COUNTY CLERK OF COURTS**

---

Date:    January 15, 2010                    Case No.: CA 2009 10 0263
                    VON CLARK DAVIS vs. OHIO,STATE OF

---

### R U L E  1 1 (B)  N O T I C E  O F  C O M P L E T E  R E C O R D
### 1 2 TH  D I S T R I C T  C O U R T  O F  A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O

You are hereby notified that the record for appeal in the above mentioned case is complete.  Please refer to the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.:

DATE DOCKET AND JOURNAL ENTRIES FILED:

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED:

**CINDY CARPENTER**
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

cc:      Court of Appeals
         All parties involved

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

---

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

FILED

2010 JAN 19 AM 10: 32

**IN THE COURT OF COMMON PLEAS**

BUTLER COUNTY **BUTLER** COUNTY, OHIO
CLERK OF COURTS

STATE OF OHIO,                    *    CASE NO:   CA09-10-0263
                                  *
        Plaintiff,                *    **ENTRY SETTING ASIDE TWO**
                                  *    **ORDERS TO PAY FOR**
    vs.        FILED BUTLER CO.    *    **TRANSCRIPTS, MOTION AND**
           COURT OF APPEALS       *    **CERTIFICATION BY COURT**
                                  *    **REPORTER FOR TRANSCRIPTION**
VON CLARK DAVIS,     JAN 19 2010  *    **FEES AND CLERK'S/AUDITOR'S**
                                  *    **TRANSCRIPT FEE FOR AN**
        Defendant.  CINDY CARPENTER *  **INDIGENT DEFENDANT**
                   CLERK OF COURTS *

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

        It appearing to the Court that through omission,

inadvertence, or typographical error, two entries of Orders

to Pay Transcripts, an entry of Motion and Certification by

Court Reporter for Transcription Fees and an entry of

Clerk's/Auditor's Transcript Fee for Indigent Defendant

were incorrectly filed on January 12, 2010;

        It is, therefore, hereby **ORDERED** that the above-

mentioned entries and orders be set aside and held for

naught.  **SO ORDERED.**

                            ENTER,


                            _____
                            Andrew Nastoff, Judge


cc:

Mary Swain
Cheryl Welch

## CLERK'S/AUDITOR'S TRANSCRIPT FEE FOR AN INDIGENT DEFENDANT

Revised Code 2301.24-25

**In the Common Pleas Court of Butler County, Ohio.**

Plaintiff: State of Ohio                    2010 JAN 19  AM 10: 32  Case No.                    **CA2009-10-263**

v.       VON CLARK DAVIS       INDY CARLENTER       Attorney(s) for the Defendant/Party Represented:
BUTLER COUNTY
*Defendant/Party Represented* CLERK OF COURTS       Lawrence Komp                    FILED BUTLER CO.
COURT OF APPEALS

In re

---

### CLERK OF COURTS CERTIFICATION                    JAN 1 9 2010

I, the Clerk of Courts, hereby certify that       JILL CUTTER                                   CINDY CARPENTER
_____                            CLERK OF COURTS
                                                   *(Court Reporter's Name)*         *(Court Reporter's Tax ID)*

hereby an official stenographer of said court and is entitled to the following fees for making transcript(s) of:

_____                            _____
Clerk's Signature                                  Date

The transcript is ordered by the court for use by the Defendant or the Defendant's attorney in the following type of proceeding:

☐ Felony, Misdemeanor, or Juvenile Proceeeding       ☐ Capital Offense Trial proceeding

☐ Appeals Proceeeding                                ☐ Capital Offense Appeals proceeding

☐ Postconviction Proceeeding                         ☐ Capital Offense Postconviction proceeding

☐ Other       *(Explain)*       CAPITAL OFFENSE MITIGATION HEARING/RESENTENCING HEARING

Date which *above checked proceeding* terminated: _____       OR       ☐ Still Pending (check if pending)

| | | | | | |
|---|---|---|---|---|---|
| Original transcript of | 569 | pages or folio at the rate of | $ 2.65 | per page or folio, = | $1,507.85 |
| Copy of transcript of | 569 | pages or folio at the rate of | $ 1.35 | per page or folio, = | $ 768.15 |
| | | | | TOTAL = | $2,276.00 |

*NOTE: A COPY OF THE COURT REPORTER'S BILLING MUST BE ATTACHED*

---

### JUDGMENT ENTRY

The court finds that the transcript was ordered for use in the case of an Indigent person, that all rules and standards of the Ohio Public Defender Commission and State Public Defender have been met and that an Affidavit of Indigency/ Financial Disclosure for the above referenced client has been sent to the Office of the Ohio Public Defender or is attached to this document.

IT IS THEREFORE ORDERED that the transcript fees be, and are hereby approved in the amount of **$2,276.00**  It is further ordered that the said amount be, and hereby is, certified by the Court to the County Auditor for payment.

Andrew Nastoff
_____                    _____                    _____
Judge's Name *(type or print)*                    Judge's Signature                              Date

---

### AUDITOR'S CERTIFICATION

The County Auditor in executing this certificate attests that the transcript was a true and accurate expense of said county's court.

County Number _____       Warrant Number _____       Warrant Date _____

OPD-E-205 Rev. (11/96)                                             County Auditor's Signature

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

2010 JAN 19  AM 10: 32   Case No: CA2009-10-263

STATE OF OHIO,

Plaintiff,

vs.

VON CLARK DAVIS
FILED BUTLER CO.
COURT OF APPEALS

Defendant.

JAN 19 2010

CINDY CARPENTER
CLERK OF COURTS

Judge Andrew Nastoff

**MOTION AND CERTIFICATION
BY COURT REPORTER FOR
TRANSCRIPTION FEES**

FILED BUTLER CO.
COURT OF APPEALS

JAN 19 2010

CINDY CARPENTER
CLERK OF COURTS

The undersigned, having been appointed the Assistant Court Reporter assigned to transcribe proceedings, moves this Court for an order approving payment of fees as indicated herein. I certify that I ☐ **Have** ☐ **Have NOT** received additional compensation in connection with providing transcripts herein. I have performed all transcription services indicated herein. I further certify that all transcriptions described herein have been filed in a timely manner in accordance with applicable scheduling orders or other due dates.

(*) Circumstances of additional compensation _____

_____

JILL M CUTTER          _Jill M. Cutter, R.PR._
Assistant Court Reporter          Signature

### SUMMARY OF CHARGES

| | pages | rate | = | |
|---|---|---|---|---|
| Original Transcript | 569 | pages at the rate of | $ 2.65 | = $1,507.85 |
| Copy of Transcript | 569 | pages at the rate of | $ 1.35 | = $ 768.15 |
| Original Transcript | | pages at the rate of | | = |
| Copy of Transcript | | pages at the rate of | | = |

TOTAL TRANSCRIPTION FEES at the rate of _____ per page = $1,507.85

TOTAL TRANSCRIPTION COPIES at the rate of _____ per page = $ 768.15

**Grand total of all charges** = $2,276.00

**IMAGED**

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

FILED

* Case No: **CA2009-10-263**

STATE OF OHIO,
2010 JAN 19 AM 10: 32

Plaintiff,

ANDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

FILED BUTLER CO.
COURT OF APPEALS

VS.

**VON CLARK DAVIS**

Judge Andrew Nastoff

JAN 19 2010

Defendant.

CINDY CARPENTER
CLERK OF COURTS
**ORDER TO PAY FOR TRANSCRIPTS**

---

The Court, in the interest of justice, orders that transcripts be made and the cost therefore shall be paid by the County Treasurer and taxed as costs in this case.

| Type of Hearing | motion | Date 11/25/07 | Number of Pages: | 36 |
|---|---|---|---|---|
| Type of Hearing | motion | Date 12/3/07 | Number of Pages: | 38 |
| Type of Hearing | motion | Date 12/4/07 | Number of Pages: | 36 |
| Type of Hearing | motion | Date 3/6/08 | Number of Pages: | 32 |
| Type of Hearing | motion | Date 3/18/08 | Number of Pages: | 36 |
| Type of Hearing | motion | Date 9/3/09 | Number of Pages: | 20 |

**TOTAL PAGES:** 198 **at $ 4.00** per page = **$ 792.00**

**TOTAL AMOUNT DUE:** **$ 792.00**

The Clerk of this Court shall certify the amount of said transcript, which certificate shall be a sufficient voucher to the County Auditor, who shall forthwith draw her warrant upon the County Treasurer in favor of *Jill Cutter* Butler County Assistant Court Reporter, who prepared the transcript.

**SAID PAYMENT TO BE PAID OUT OF ACCOUNT NUMBER:**

Said transcript was prepared by ___Jill Cutter___ **SSN** _____ in ___January___

Judge Andrew Nastoff

(37)

IMAGED

**IN THE COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

FILED Case No: **CA2009-10-263**

STATE OF OHIO,

2010 JAN 19 AM 10: 32

Plaintiff,

vs.

JINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

VON CLARK DAVIS

FILED BUTLER CO.
COURT OF APPEALS

Judge Andrew Nastoff

Defendant.

JAN 1 9 2010

CINDY CARPENTER
CLERK OF COURTS

**ORDER TO PAY FOR TRANSCRIPTS**

The Court, in the interest of justice, orders that transcripts be made and the cost therefore shall be paid by the County Treasurer and taxed as costs in this case.

| Type of Hearing | THREE-JUDGE PANEL | Date | 9/8/09 | Number of Pages: | 371 |
| Type of Hearing | | Date | | Number of Pages: | |
| Type of Hearing | | Date | | Number of Pages: | |
| Type of Hearing | | Date | | Number of Pages: | |
| Type of Hearing | | Date | | Number of Pages: | |
| Type of Hearing | | Date | | Number of Pages: | |

**TOTAL PAGES:** 371 at $ 4.00 per page = **$1,484.00**

**TOTAL AMOUNT DUE:** **$1,484.00**

The Clerk of this Court shall certify the amount of said transcript, which certificate shall be a sufficient voucher to the County Auditor, who shall forthwith draw her warrant upon the County Treasurer in favor of *Jill Cutter* Butler County Assistant Court Reporter, who prepared the transcript.

**SAID PAYMENT TO BE PAID OUT OF ACCOUNT NUMBER:**

Said transcript was prepared by _____ Jill Cutter _____ **SSN** _____ in January

_____
Judge Andrew Nastoff

38

02/24/2010  11:56    6362077351         LAURENCE KOMP- ATTY              PAGE  02/04

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

      **Appellee,**                       :       **Case No.  CA2009-10-263**

**vs.**                                 :

**VON CLARK DAVIS,**                    :

      **Appellant.**                     :

FILED BUTLER CO.
COURT OF APPEALS

FEB 2 4 2010

CINDY CARPENTER
CLERK OF COURTS

---

## APPELLANT'S FIRST MOTION FOR EXTENSION OF TIME TO FILE HIS MERIT BRIEF UP TO AND INCLUDING APRIL 19, 2010

---

      Appellant Von Clark Davis, by and through counsel, requests the Court for an extension of time in which to file his merit brief up to and including April 19, 2010.  According to the Court's scheduling order, Appellant's Merit Brief is due March 9, 2010.

      This is a **first** request for extension of time.  *Appellant's counsel has contacted the Butler County Prosecutor's Office and they have no opposition to an extension.*

      Counsel have commenced the review of the record to comply with their Sixth Amendment obligation as counsel.  However, in order to ensure compliance with the Sixth Amendment, additional time is required for record review and brief preparation.  Appellant's request is not for purposes of delay.

      Attorney Komp has had and has the following other case responsibilities:

1. Petition for Writ of Certiorari on February 9, 2010, in the capital habeas case of *Hodge v. Parker*, Case No. 09-9109 (U.S.);

2. Petition for Writ of Certiorari on February 17, 2010, in the capital habeas case of *Bonnell v. Bobby*, Case No. 09-9186 (U.S.);

3. Appellee/Cross-Appellant Second Brief on February 18, 2010, in the capital habeas case of *Moore v. Bobby*, Case Nos. 08-3167/08-3230 (6th Cir.);

4. Rule 59 Motion due on February 24, 2010, in the capital habeas case of *Brawner v. Epps*, Case No. 2:07-cv-16 (N.D. Miss.);

5. Depositions on March 1 and March 10, 2010, in the capital habeas case of *Allen v. Levenhagen*, Case No. IP 01-1658-C-T/K (S.D. Ind.); and,

6. Oral argument on March 12, 2010, in the capital habeas case of *Overstreet v. Levenhagen*, Case No. 3:08-CV-226 PS (N.D. Ind.).

This is not a complete list of Attorney Komp's case responsibilities.

Attorney Freedman has had and has the following other case responsibilities:

1. Appellee/Cross-Appellant Second Brief on February 17, 2010, in the capital habeas case of *Stephenson v. Levenhagen*, Case No. 09-2924 (7th Cir.);

2. Petition for Writ of Certiorari on February 17, 2010, in the capital habeas case of *Bonnell v. Bobby*, Case No. 09-9186 (U.S.);

3. Oral argument on February 25, 2010, in the non-capital habeas case of *Byers v. Levenhagen*, Case No. 09-1833 (N.D. Ind.); and,

4. Depositions on March 1 and March 10, 2010, in the capital habeas case of *Allen v. Levenhagen*, Case No. IP 01-1658-C-T/K (S.D. Ind.).

This is not a complete list of Attorney Freedman's case responsibilities.

Attorney Parker has had and has the following other case responsibilities:

1. Preparing for hearings on 2-23-10 in State v. Sowell, Cuyahoga County, capital case;

2. Preparing for hearings in State v. Gipson, capital case, Erie County, set for 3- 4-10; and,

3. Numerous other pre-trials.

This is not a complete list of Attorney Parker's case responsibilities.

WHEREFORE, Appellant respectfully moves for an extension of time up to and including April 19, 2010.

2

02/24/2010  11:56  6362077351          LAURENCE KOMP- ATTY          PAGE  04/04

Respectfully submitted,

Laurence E. Komp (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekomp@swbell.net

John P. Parker (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900

-and-

ALAN M. FREEDMAN (PHV)
MIDWEST CENTER FOR JUSTICE, LTD.
P.O. Box 6528
Evanston, Illinois 60201
Phone: (847) 492-1563
Fax: (847) 492-1861

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing **APPELLANT'S FIRST MOTION FOR EXTENSION OF TIME TO FILE HIS MERIT BRIEF UP TO AND INCLUDING APRIL 19, 2010** was mailed regular U.S. Mail to Daniel Eichel and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government Services Center, 315 High Street, Hamilton, Ohio 45011, on this the 24th day of February, 2010.

Laurence E. Komp (0060142)
COUNSEL FOR APPELLANT

3

02/24/2010  11:56    6362077351                LAURENCE KOMP- ATTY              PAGE  01/04

     

*Laurence E. Komp*
*Attorney at Law*
P.O. Box 1785
Manchester, MO 63011
(636) 207-7330
Fax Number (636) 207-7351
Email - lekomp@swbell.net
FAX TRANSMITTAL FORM

| To: Clerk of Court, 12th Appellate District | From: Larry Komp |
| Name: | Date Sent: 2/24/10 |
| CC: | |
| Phone: | Number of Pages: 4 |
| Fax: 513-887-3966 | |

Clerk of Court,

   Attached please find a motion for extension of time to be filed in Appellate Case No. CA2009-10-263.  The information required by rule is as follows:
   (1) Name of Court - **Court of Appeals, Twelfth Appellate District, Butler County, OH**
   (2) Case Caption - **State v. Davis**
   (3) Case Number - **CA2009-10-263**
   (4) Assigned Judge - **Panel Unknown**
   (5) Name, Address, phone number, fax number, Supreme Court registration number, and email address of attorney submitting fax filing - **Laurence E. Komp, Attorney at Law,  P.O. Box 1785, Manchester, Missouri 63011, 636-207-7330 (Voice), 636-207-7351 (Facsimile), Ohio Bar 0060142, lekomp@swbell.net**
   (6) Description of document - **Motion for Extension of time**.
   (7) Date of transmission - **2/14/20**
   (8) Transmitting fax number - **636-207-7351**
   (9) Total Number of pages (including cover sheet) - **4**

If I can be of further assistance, do not hesitate to contact me.

                                          Sincerely,

**CONFIDENTIALITY NOTICE: THIS FACSIMILE IS A CONFIDENTIAL COMMUNICATION FROM LAURENCE E. KOMP ATTORNEY AT LAW AND MAY BE SUBJECT TO ATTORNEY-CLIENT PRIVILEGE.** The information contained in this communication, and any attachments thereto, is privileged and confidential and intended solely for use by the addressee(s). Any other use, dissemination, or copying of this facsimile communication is strictly prohibited and is a tortious interference with our confidential business relationships. If this was erroneously sent to you, please notify us immediately at (636) 207-7330 and permanently delete the original or any printed copies of this communication.

IN THE COURT OF APPEALS FOR BUTLER COUNTY, OHIO

STATE OF OHIO,                     :        CASE NO:  CA2009-10-263

  Appellee,                         :

vs.                                :

VON CLARK DAVIS,                   :        ENTRY GRANTING MOTION FOR
                                            EXTENSION OF TIME TO FILE
  Appellant.                        :        APPELLANT'S BRIEF

      The above cause is before the court pursuant to a motion for extension of time to file

appellant's brief filed by counsel for appellant, Von Clark Davis, on February 24, 2010.

      Upon due consideration of the foregoing, IT IS HEREBY ORDERED that said

motion is GRANTED.  Appellant is granted additional time to file the brief to be due on or

before **April 19, 2010.**

      IT IS SO ORDERED.


                                    Bennett A. Manning, Magistrate



CINDY CARPENTER

CLERK OF COURTS

1000512660

**VON CLARK DAVIS c/o LAURENCE KOMP**
**ATTORNEY AT LAW**
**PO BOX 1785**
**MANCHESTER, MI 63011**

Date:    March 8, 2010                    Case No.: CA 2009 10 0263
                          VON CLARK DAVIS vs. OHIO,STATE OF

COPY MAILED
12TH DISTRICT COURT OF APPEALS, BUTLER COUNTY, OHIO

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

CINDY CARPENTER
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



<u>CINDY CARPENTER</u>                    <u>CLERK OF COURTS</u>

1000512661

**OHIO,STATE OF  c/o  ROBERT N PIPER III**
**C/O THE BUTLER COUNTY PROSECUTORS OFFICE**
**315 HIGH ST**
**11TH FLOOR**
**HAMILTON, OH 45011**

Date:    March 8, 2010                    Case No.: CA 2009 10 0263
                    VON CLARK DAVIS vs. OHIO,STATE OF

**C O P Y   M A I L E D**
**1 2 TH  D I S T R I C T   C O U R T   O F   A P P E A L S ,   B U T L E R   C O U N T Y ,   O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

CINDY CARPENTER
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

12th DISTRICT COURT OF APPEALS
BUTLER COUNTY, OHIO

STATE OF OHIO,                           :

     Appellee,                         :    FILED BUTLER CO Case No.  CA2009-10-263
                               COURT OF APPEALS

vs.                                      :

VON CLARK DAVIS,                         :    APR 0 6 2010

     Appellant.                        :    CINDY CARPENTER
                            CLERK OF COURTS

---

## APPELLANT'S SECOND MOTION FOR EXTENSION OF TIME TO FILE HIS MERIT BRIEF UP TO AND INCLUDING MAY 19, 2010

---

Appellant Von Clark Davis, by and through counsel, requests the Court for an extension of time in which to file his merit brief up to and including May 19, 2010. According to the Court's scheduling order, Appellant's Merit Brief is due April 19, 2010.

This is a second request for extension of time. *Appellant's counsel has contacted the Butler County Prosecutor's Office and they have no opposition to an extension.*

Counsel have completed the review of the record and started researching potential legal claims to comply with their Sixth Amendment obligation as counsel. However, in order to ensure compliance with the Sixth Amendment, additional time is required for additional research and brief preparation. Appellant's request is not for purposes of delay.

Attorney Komp has had and has the following other case responsibilities:

1. Reply in Support of Petition for Writ of Certiorari filed on March 24, 2010, in the capital habeas case of *Hodge v. Parker*, Case No. 09-9109 (U.S.);

2. Response in Opposition to Petition for Rehearing/Rehearing *En Banc* filed on March 25, 2010, in the capital habeas case of *Corcoran v. Levenhagen*, Case Nos. 07-2093/07-2182 (7th);

3. Deposition on April 1, 2010, in the capital habeas case of *Allen v. Levenhagen*, Case No. IP 01-1658-C-T/K (S.D. Ind.);

4. Opening Brief on April 16, 2010, in the capital post-conviction appeal before the Kentucky Supreme Court in *Hodge v. Kentucky*, Case No. 2009-SC-791 (Ky.);

5. Appellee/Cross-Appellant Fourth Brief on April 19, 2010, in the capital habeas case of *Moore v. Bobby*, Case Nos. 08-3167/08-3230 (6th Cir.); and,

6. Rule 59 Motion due on April 28, 2010, in the capital habeas case of *Cauthern v. Bell*, Case No. 3:04-1100 (M.D. Tenn.).

This is not a complete list of Attorney Komp's case responsibilities.

Attorney Freedman has had and has the following other case responsibilities:

1. Response in Opposition to Petition for Rehearing/Rehearing *En Banc* filed on March 25, 2010, in the capital habeas case of *Corcoran v. Levenhagen*, Case Nos. 07-2093/07-2182 (7th);

2. Deposition on April 1, 2010, in the capital habeas case of *Allen v. Levenhagen*, Case No. IP 01-1658-C-T/K (S.D. Ind.); and,

3. Traverse in the capital habeas case on March 29, 2010 *Byrom v. Epps*, Case No. 1:06-cv-142 (N.D. Miss.).

This is not a complete list of Attorney Freedman's case responsibilities.

Attorney Parker has had and has the following other case responsibilities:

1. Preparing for trial in *State v. Sowell*, Cuyahoga County Capital, Case Number 530885, set for trial 6-2-10 (85 count indictment, 11 homicide victims);

2. Preparing MISJ for Ohio Supreme Court in *State v. Betts*, Cuyahoga County case number 92780, due April 8, 2010

3. preparing for trial in State v. Gipson, Erie County Agg Murder (non cap), set for trial 6-8-10; back up trial if Sowell does not go forward;

4. Researching for Traverse due May 10, 2010 in USDC ND Ohio, *Johnson v. Smith*, Case No. 09 cv 02221; and,

5. Numerous other pre-trials.

This is not a complete list of Attorney Parker's case responsibilities.

2



Laurence E. Komp
Attorney at Law
P.O. Box 1785
Manchester, MO 63011
(636) 207-7330
Fax Number (636) 207-7351
Email - lekomp@swbell.net

FAX TRANSMITTAL FORM

| | |
|---|---|
| To: Clerk of Court, 12th Appellate District | From: Larry Komp |
| Name: | Date Sent: 4/8/10 |
| CC: | |
| Phone: | Number of Pages: 4 |
| Fax: 513-887-3966 | |

Clerk of Court,

Attached please find a motion for extension of time to be filed in Appellate Case No. CA2009-10-263. The information required by rule is as follows:

(1) Name of Court - **Court of Appeals, Twelfth Appellate District, Butler County, OH**

(2) Case Caption - **State v. Davis**

(3) Case Number - **CA2009-10-263**

(4) Assigned Judge - **Panel Unknown**

(5) Name, Address, phone number, fax number, Supreme Court registration number, and email address of attorney submitting fax filing - **Laurence E. Komp, Attorney at Law, P.O. Box 1785, Manchester, Missouri 63011, 636-207-7330 (Voice), 636-207-7351 (Facsimile), Ohio Bar 0060142, lekomp@swbell.net**

(6) Description of document - **Motion for Extension of time**.

(7) Date of transmission - **4/8/10**

(8) Transmitting fax number - **636-207-7351**

(9) Total Number of pages (including cover sheet) - **4**

If I can be of further assistance, do not hesitate to contact me.

Sincerely,

**CONFIDENTIALITY NOTICE:** THIS FACSIMILE IS A CONFIDENTIAL COMMUNICATION FROM LAURENCE E. KOMP ATTORNEY AT LAW AND MAY BE SUBJECT TO ATTORNEY-CLIENT PRIVILEGE. The information contained in this communication, and any attachments thereto, is privileged and confidential and intended solely for use by the addressee(s). Any other use, dissemination, or copying of this facsimile communication is strictly prohibited and is a tortious interference with our confidential business relationships. If this was erroneously sent to you, please notify us immediately at (636) 207-7330 and permanently delete the original or any printed copies of this communication.

IN THE COURT OF APPEALS FOR BUTLER COUNTY, OHIO

STATE OF OHIO,                    :        CASE NO:  CA2009-10-263

    Appellee,                     :

vs.                               FILED BUTLER CO.
                                  COURT OF APPEALS        ENTRY GRANTING MOTION FOR
                                          :              EXTENSION OF TIME TO FILE
VON CLARK DAVIS,                                          APPELLANT'S BRIEF
                                  APR 1 6 2010
    Appellant.                                :
                                  CINDY CARPENTER
                                  CLERK OF COURTS

      The above cause is before the court pursuant to a motion for extension of time to file

appellant's brief filed by counsel for appellant, Von Clark Davis, on April 8, 2010.

      Upon due consideration of the foregoing, IT IS HEREBY ORDERED that said

motion is GRANTED.  Appellant is granted thirty (30) additional days to file the brief to be

due on or before **May 19, 2010.**  No further extensions will be granted.

      IT IS SO ORDERED.


                               Bennett A. Manning, Magistrate



CINDY CARPENTER                                    CLERK OF COURTS

1000520876

**VON CLARK DAVIS c/o LAURENCE KOMP**
**ATTORNEY AT LAW**
**PO BOX 1785**
**MANCHESTER, MI 63011**

Date:    April 22, 2010                    Case No.: CA 2009 10 0263
                       VON CLARK DAVIS vs. OHIO,STATE OF

**C O P Y   M A I L E D**
**12 TH  D I S T R I C T   C O U R T   O F   A P P E A L S ,   B U T L E R   C O U N T Y ,   O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

**CINDY CARPENTER**
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



<u>CINDY CARPENTER</u>                              <u>CLERK OF COURTS</u>

1000520877

**OHIO,STATE OF  c/o  ROBERT N PIPER III**
**C/O THE BUTLER COUNTY PROSECUTORS OFFICE**
**315 HIGH ST**
**11TH FLOOR**
**HAMILTON, OH 45011**

Date:    April 22, 2010                    Case No.: CA 2009 10 0263
                    VON CLARK DAVIS vs. OHIO,STATE OF

**C O P Y   M A I L E D**
**1 2 TH  D I S T R I C T  C O U R T  O F  A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

CINDY CARPENTER
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

## 12th DISTRICT COURT OF APPEALS
## BUTLER COUNTY, OHIO

STATE OF OHIO,                    :

      Appellee,               :          Case No.  CA2009-10-263

vs.                               :

VON CLARK DAVIS,          FILED BUTLER CO.
                          COURT OF APPEALS

      Appellant.              MAY 1 0 2010

                          CINDY CARPENTER
                          CLERK OF COURTS

## APPELLANT'S MOTION TO FILE AN OVERSIZED BRIEF OF SIXTY PAGES IN APPELLANT'S CAPITAL APPEAL

Appellant Von Clark Davis, by and through counsel, requests the Court for leave to file an oversized brief of up to sixty pages. This Court's rules limit briefs to twenty pages. *See* 12th Appellate Dist. Loc. R. 11(A)(3).

Appellant's Merit Brief is due May 19, 2010. Undersigned counsel have been and are in the process of preparing the brief and estimate that sixty pages will be needed to comply with their Sixth Amendment obligations to Appellant. *See Evitts v. Lucey*, 469 U.S. 387 (1985). Appellant requires up to sixty pages to fully and effectively brief legal issues that arose from his resentencing in this death penalty case.

WHEREFORE, Appellant respectfully moves for leave to file an oversized brief of up to sixty (60) pages.

Respectfully submitted,

Laurence E. Komp (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekomp@swbell.net

John P. Parker (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900

-and-

ALAN M. FREEDMAN (PHV)
MIDWEST CENTER FOR JUSTICE, LTD.
P.O. Box 6528
Evanston, Illinois 60201
Phone: (847) 492-1563
Fax: (847) 492-1861

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing **APPELLANT'S APPELLANT'S MOTION TO FILE AN OVERSIZED BRIEF OF SIXTY PAGES IN APPELLANT'S CAPITAL APPEAL** was mailed regular U.S. Mail to Daniel Eichel and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government Services Center, 315 High Street, Hamilton, Ohio 45011, on this the _10th_ day of May, 2010.

Laurence E. Komp (0060142)
COUNSEL FOR APPELLANT

2

Laurence E. Komp

Attorney at Law

P.O. Box 1785
Manchester, MO 63011
(636) 207-7330
Fax Number (636) 207-7351
Email - lekomp@swbell.net

FAX TRANSMITTAL FORM

| To: Clerk of Court, 12ᵗʰ Appellate District | From: Larry Komp |
|---|---|
| Name: | Date Sent: 5/10/10 |
| CC: | |
| Phone: | Number of Pages: 3 |
| Fax: 513-887-3966 | |

Clerk of Court,

Attached please find a motion for extension of time to be filed in Appellate Case No. CA2009-10-263. The information required by rule is as follows:

(1) Name of Court - **Court of Appeals, Twelfth Appellate District, Butler County, OH**
(2) Case Caption - **State v. Davis**
(3) Case Number - **CA2009-10-263**
(4) Assigned Judge - **Panel Unknown**
(5) Name, Address, phone number, fax number, Supreme Court registration number, and email address of attorney submitting fax filing - **Laurence E. Komp, Attorney at Law, P.O. Box 1785, Manchester, Missouri 63011, 636-207-7330 (Voice), 636-207-7351 (Facsimile), Ohio Bar 0060142, lekomp@swbell.net**
(6) Description of document - **Motion to File an Oversized Brief**.
(7) Date of transmission - **5/10/10**
(8) Transmitting fax number - **636-207-7351**
(9) Total Number of pages (including cover sheet) - 3

If I can be of further assistance, do not hesitate to contact me.

Sincerely,

**CONFIDENTIALITY NOTICE:** THIS FACSIMILE IS A CONFIDENTIAL COMMUNICATION FROM LAURENCE E. KOMP ATTORNEY AT LAW AND MAY BE SUBJECT TO ATTORNEY-CLIENT PRIVILEGE. The information contained in this communication, and any attachments thereto, is privileged and confidential and intended solely for use by the addressee(s). Any other use, dissemination, or copying of this facsimile communication is strictly prohibited and is a tortious interference with our confidential business relationships. If this was erroneously sent to you, please notify us immediately at (636) 207-7330 and permanently delete the original or any printed copies of this communication.

## 12th DISTRICT COURT OF APPEALS
## BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

      Appellee,          FILED in Common Pleas Court
                    BUTLER COUNTY, OHIO   Case No.  CA2009-10-263

vs.                          MAY 14 2010                  FILED BUTLER CO.
                                            COURT OF APPEALS

VON CLARK DAVIS,          CINDY CARPENTER          MAY 14 2010
                   CLERK OF COURTS
      Appellant.          :                  CINDY CARPENTER
                                           CLERK OF COURTS

---

## APPELLANT'S UNOPPOSED MOTION TO FILE AN OVERSIZED BRIEF OF TWENTY-FIVE PAGES IN APPELLANT'S CAPITAL APPEAL

---

Appellant Von Clark Davis, by and through counsel, requests the Court for leave to file an oversized brief of twenty-five pages. This Court's rules limit briefs to twenty pages. *See* 12th Appellate Dist. Loc. R. 11(A)(3).

Appellant's Merit Brief is due May 19, 2010. Undersigned counsel have completed the brief and it is twenty-five pages. Appellant's previous request is considered moot and should be withdrawn.

**Appellant has contacted the Butler County Prosecutor and they do not oppose the filing of an oversized brief of twenty-five pages.**

WHEREFORE, Appellant respectfully moves for leave to file an oversized brief of twenty-five (25) pages.

Respectfully submitted,

Laurence E. Komp (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekomp@swbell.net

John P. Parker (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900

-and-

ALAN M. FREEDMAN (PHV)
MIDWEST CENTER FOR JUSTICE, LTD.
P.O. Box 6528
Evanston, Illinois 60201
Phone: (847) 492-1563
Fax: (847) 492-1861

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing **APPELLANT'S UNOPPOSED MOTION TO
FILE AN OVERSIZED BRIEF OF TWENTY-FIVE PAGES IN APPELLANT'S
CAPITAL APPEAL** was mailed regular U.S. Mail to Daniel Eichel and Michael A. Oster, Jr.
Assistant Butler County Prosecuting Attorneys at the Government Services Center, 315 High
Street, Hamilton, Ohio 45011, on this the 14th day of May, 2010.

Laurence E. Komp (0060142)
COUNSEL FOR APPELLANT

2

Laurence E. Komp
Attorney at Law

P.O. Box 1785
Manchester, MO 63011
(636) 207-7330
Fax Number (636) 207-7351
Email - lekomp@swbell.net

FAX TRANSMITTAL FORM

| To: Clerk of Court, 12ᵗʰ Appellate District | From: Larry Komp |
|---|---|
| Name: | Date Sent: 5/14/10 |
| CC: | |
| Phone: | Number of Pages:3 |
| Fax: 513-887-3966 | |

Clerk of Court,

Attached please find a motion for extension of time to be filed in Appellate Case No. CA2009-10-263. The information required by rule is as follows:

(1) Name of Court - **Court of Appeals, Twelfth Appellate District, Butler County, OH**
(2) Case Caption - **State v. Davis**
(3) Case Number - **CA2009-10-263**
(4) Assigned Judge - **Panel Unknown**
(5) Name, Address, phone number, fax number, Supreme Court registration number, and email address of attorney submitting fax filing - **Laurence E. Komp, Attorney at Law,   P.O. Box 1785, Manchester, Missouri 63011, 636-207-7330 (Voice), 636-207-7351 (Facsimile), Ohio Bar 0060142, lekomp@swbell.net**
(6) Description of document - **Unopposed Motion to File an Oversized Brief.**
(7) Date of transmission - **5/10/10**
(8) Transmitting fax number - **847-492-1861**
(9) Total Number of pages (including cover sheet) - **3**

If I can be of further assistance, do not hesitate to contact me.

Sincerely,

**CONFIDENTIALITY NOTICE:** THIS FACSIMILE IS A CONFIDENTIAL COMMUNICATION FROM LAURENCE E. KOMP ATTORNEY AT LAW AND MAY BE SUBJECT TO ATTORNEY-CLIENT PRIVILEGE. The information contained in this communication, and any attachments thereto, is privileged and confidential and intended solely for use by the addressee(s). Any other use, dissemination, or copying of this facsimile communication is strictly prohibited and is a tortious interference with our confidential business relationships. If this was erroneously sent to you, please notify us immediately at (636) 207-7330 and permanently delete the original or any printed copies of this communication.

IN THE COURT OF APPEALS
TWELFTH DISTRICT COURT OF APPEALS
BUTLER COUNTY, OHIO

FILE[_]
2010 MAY 17 PH 3: 22
CINDY CARPENTI[_]
BUTLER COUNTY
CLERK OF COURTS

STATE OF OHIO,

    Appellee,

vs.

VON CLARK DAVIS,

    Appellant.

:
:
:
:
:
:

FILED BUTLER CO.
COURT OF APPEALS
MAY 17 2010
CINDY CARPENTER
CLERK OF COURTS

Case No.  CA2009-10-263

CAPITAL CASE

---

### MERIT BRIEF OF APPELLANT

---

LAURENCE E. KOMP (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330
lekomp@swbell.net
JOHN P. PARKER (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900
johnpparker@earthlink.net
ALAN M. FREEDMAN (PHV)
(Illinois Bar No. 0869570)
MIDWEST CENTER FOR JUSTICE, LTD.
P.O. Box 6528
Evanston, Illinois 60201
847-492-1563
fbpc@aol.com
COUNSEL FOR APPELLANT

DANIEL EICHEL
MICHAEL A. OSTER, JR.
Assistant Butler County Prosecuting Attorneys
Government Services Center, 315 High Street,
Hamilton, Ohio 45011
COUNSEL FOR APPELLEE

## TABLE OF CONTENTS

**PROCEDURAL POSTURE**.................................................................................1

**STATEMENT OF FACTS**.................................................................................1

**ARGUMENT**.................................................................................................2

**ASSIGMENT OF ERROR NO. I -** THE TRIAL COURT ERRED IN VIOLATION
OF THE EIGHTH AMENDMENT AND DUE PROCESS TO ALLOW A
25-YEAR OLD, STALE JURY WAIVER TO STAND WHEN THERE WAS A NEW
PENALTY HEARING.......................................................................................2

*Issue Presented for Review No. 1: The trial court erred in violation of the Eighth Amendment
and Due Process to allow a 25-year old, stale jury waiver to stand when there was a new
penalty hearing*..............................................................................................2

### Authorities

*Adams v. United States ex rel McCann* (1942), 317 U.S. 269, 63 S.Ct. 236.......................6

*Addington v. Texas* (1979), 441 U.S. 418, 99 S.Ct. 1804....................................3

*Boykin v. Alabama* (1964), 395 U.S. 238, 89 S.Ct. 1709.....................................6

*Bullington v. Missouri* (1981), 451 U.S. 430, 101 S.Ct. 1852...........................3,4

*Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761.................................................7,8

*Duncan v. Louisiana* (1968), 391 U.S. 145, 88 S.Ct. 1444.............................6-7

Eighth Amendment.....................................................................................4

Fourteenth Amendment...............................................................................4

*Furman v. Georgia* (1972), 408 U.S. 238, 92 S.Ct. 2726.................................4

*In re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068.........................................3

*Patton v. United States* (1930), 281 U.S. 276, 50 S.Ct. 253.............................6

Sixth Amendment.......................................................................................4

*State v. Davis* (1992), 63 Ohio St. 3d 44.................................................5-6

*State v. McGee* (Ohio Ct. App. 1998), 128 Ohio App.3d 541............................4

i

*Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052...................................9

*Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495 (2000)....................................7

*Issue Presented for Review No. 2: Appellant did not knowingly, intelligently and validly waive his jury in 1984 for a sentencing hearing in 2009*...................................9

**Authorities**

*Burnham v. N. Chicago St. Ry. Co.* (7th Cir. 1898), 88 F. 627...........................10

Fourteenth Amendment...........................................................9

*Johnson v. Zerbst* (1938), 304 U.S. 458, 58 S.Ct. 1019....................................9

O.R.C. 2929.03(C)(2)(a)...........................................................10

O.R.C. 2929.06 (1981)...........................................................10,11

O.R.C. 2929.06 (2010)...........................................................10

Section 5, Article 1 of the Ohio Constitution...........................................9

*Simmons v. State* (1905), 75 Ohio St. 346...........................................9

Sixth Amendment...........................................................9

*State v. Baker* (2008), 119 Ohio St.3d 197, syll., 2008-Ohio-3330...................................11

*State v. Davis* (1988), 38 Ohio St. 3d 361...........................................9

*State v. Penix* (1987), 32 Ohio St. 3d 369...........................................9

*State v. Ruppert* (1978), 54 Ohio St. 2d 263...........................................11

*United States v. Groth* (6th Cir. 1982), 682 F.2d 578...................................10

**ASSIGNMENT OF ERROR II** - THE THREE JUDGE PANEL ERRED IN NOT CONSIDERING AND GIVING EFFECT TO MITIGATING EVIDENCE.............................12

*Issue Presented for Review No. 1– Whether the trial court erred in giving no weight to mitigation*...........................................................12

**Authorities**

*Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761...................................12

ii

*Eddings v. Oklahoma*, (1982) 455 U.S. 104, 102 S.Ct. 869........................................12, 13

*Porter v. McCollum* (2009), __ U.S. __, 130 S.Ct. 447.....................................................12

*State v. Davis* (1992), 63 Ohio St. 3d 44..........................................................................13

*Issue Presented for Review No. 2– Whether the trial court listened to mitigation.*........................13

### Authorities

*Eddings v. Oklahoma*, (1982) 455 U.S. 104, 102 S.Ct. 869........................................13, 15

*Porter v. McCollum* (2009), __ U.S. __, 130 S.Ct. 447................................................13,14

*Rompilla v. Beard* (2005), 545 U.S. 374, 125 S.Ct. 2456...................................................14

*Skipper v. South Carolina* (1986), 487 U.S. 1, 106 S.Ct. 1669..........................................14

*State v. Davis* (1992), 63 Ohio St. 3d 44..........................................................................14

*State v. Simko* (1994), 71 Ohio St.3d 483..........................................................................14

*State v. Smith* (2000), 87 Ohio St.3d 424, 447, 2000-Ohio-450........................................14

*State v. Rojas* (1992), 64 Ohio St. 3d 131..........................................................................14

*Wiggins v. Smith* (2003), 539 U.S. 510, 123 S.Ct. 2527....................................................14

**ASSIGNMENT OF ERROR III -** THE TRIAL COURT ERRED IN NOT PRECLUDING THE DEATH PENALTY AND ENFORCING THE THEN EXISTING PROVISIONS OF O.R.C. 2929.03(C)(2)(a)........................................................................................................15

*Issue Presented for Review – Whether the trial court violated the constitution in applying a revised and amended O.R.C. 2929.03 in order to make death an available option.*......................15

### Authorities

Art. I, Section 10 of United States Constitution.................................................................17

Art. I, Section 16 of the Ohio Constitution.......................................................................16

Art. II, Section 28 of the Ohio Constitution......................................................................17

*Calder v. Bull* (1798), 3 U.S. 386......................................................................................17

*Carmell v. Texas* (2000), 529 U.S. 513, 120 S.Ct. 1620....................................................17

iii

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5454

Eighth Amendment...........................................................................................................16

Fifth Amendment......................................................................................................16, 17

Fourteenth Amendment............................................................................................16, 17

*In Re Medley* (1890), 134 U.S. 160, 10 S.Ct. 384......................................................17

*Landgraf v. U.S.I. Film Products* (1994), 511 U.S. 244, 114 S.Ct. 1483.........................16

*Lindsey v. Washington* (1937), 301 U.S. 397, 57 S.Ct. 797.............................................17

*Miller v. Florida* (1987), 482 U.S. 423, 107 S.Ct. 2446..................................................17

O.R.C. 2929.03...........................................................................................................15

O.R.C. 2929.06.................................................................................................16, 17, 18

O.R.C. 2945.05...........................................................................................................15

O.R.C. 2945.06...........................................................................................................15

*State v. Davis* (1988), 38 Ohio St. 3d 361.......................................................................16

*State* v. *Penix* (1987), 32 Ohio St. 3d 369.......................................................................17

**ASSIGNMENT OF ERROR IV** - APPELLANT'S DEATH SENTENCE IS
DISPORPORTIONATE AND INAPPRORPRIATE........................................................18

*Issue Presented for Review– Appellant's death sentence is disproportionate and inappropriate in
violation of the Eighth and Fourteenth Amendments of the United State's Constitution and
Sections 9 and 16 of the Ohio Constitution.....................................................................18*

**Authorities**

*Profitt v. Florida* (1976), 428 U.S. 242, 96 S.Ct. 2960......................................................18

*Lockett v. Ohio* (1978), 438 U.S. 586, 98 S.Ct. 2954.......................................................18

O.R.C. 2929.05...........................................................................................................18

*State v. Carter* (1992), 64 Ohio St.3d 218.......................................................................19

*State v. Cassano* (2002), 96 Ohio St.3d 94, 2002-Ohio-3751...........................................19

*State v. Cowens* (1999), 87 Ohio St.3d 68.......................................................................19

iv

*State v. Taylor* (1997), 78 Ohio St.3d 15.........................................................................19

**ASSIGNMENT OF ERROR NO. V -** TWENTY-SIX YEARS ON OHIO'S DEATH ROW
CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT UNDER THE STATE AND
FEDERAL CONSTITUTION, AND INTERNATIONAL LAW.................................................20

*Issue Presented No. 1 - Executing Appellant after such a lengthy stay on death row constitutes
cruel and unusual punishment. Lackey v. Texas (1995), 514 U.S. 1045, 115 S.Ct. 1421 (Stevens,
J., dissenting from denial of certiorari)*.......................................................................20

**Authorities**

*Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761..................................................20

*Lackey v. Texas* (1995), 514 U.S. 1045, 115 S.Ct. 1421.............................................20, 21

*State v. Davis* (May 27, 1986), Butler App. No. CA84-06-071, 1986 Ohio App. LEXIS
6919, 1986 WL 5989.........................................................................20

*State v. Davis* (1988), 38 Ohio St. 3d 361.....................................................20

*State v. Davis* (Oct. 29, 1990), Butler App. No. CA89-09-123, 1990 Ohio App. LEXIS
4717, 1990 WL 165137.....................................................................20

*State v. Davis* (1992), 63 Ohio St. 3d 44.......................................................20

*Thompson v. McNeill* (2009), __ U.S. __, 129 S.Ct. 1299.............................................21

*Issue Presented No. 2 - Executing Appellant after such a lengthy stay on death row violates
international law*.......................................................................21

**Authorities**

African Charter on Human and People's Rights, Art. 5....................................................24

American Convention on Human Rights, Art. 5.........................................................23-24

Article VII of the International Covenant on Civil and Political Rights.....................22, 24

*Catholic Comm'n for Justice & Peace in Zimbabwe v. Attorney General*, No. S.C. 73/93
(Zimb. June 24, 1993).........................................................................23

Declaration of Tehran, Final Act of the International Conference on Human Rights 3, at
4, para. 2, 23 GAOR, U.N. Doc. A/CONF. 32/41 (1968).................................................24

*De Sanchez v. Banco Central de Nicaragua* (5th Cir. 1985), 770 F.2d 1385.....................24

v

European Convention for the Protection of Human Rights and Fundamental Freedoms,
Art. 3..................................................................................................................23

14 Hum. Rts. L. J. 323 (1993)................................................................................23

*Minister of Justice v. Burns and Rafay*, 2001 SCC 7 (S.C. Canada, 22 March 2001).......23

*Pratt and Morgan v. The Attorney General of Jamaica*, 3 SLR 995, 2 AC 1,
4 All ER 769 (Privy Council 1993)(en banc)........................................................22

*Simmons v. Roper* (2005), 543 U.S. 551, 125 S.Ct. 1183.....................................22

*Soering v. United Kingdom,* 11 Eur. Hum. Rts. Rep. 439 (1989)........................22

Universal Declaration of Human Rights, Article 5............................................23

*Vatheeswaran v. State of Tamil Nadu*, 2 S.C.R. 348, 353 (India 1983).......................22-23

**CONCLUSION**...................................................................................................25

**APPENDIX INDEX**............................................................................................vii

vi

## INDEX TO APPENDIX

1. October 20, 2009 Notice of Appeal ...................................................................................A-1

2. September 21, 2009 Judgment of Conviction Entry...........................................................A-3

3. September 21, 2009 Sentencing Opinion............................................................................A-5

4. December 29 2008 Entry Journalizing Decisions on Motions Filed by Defendant's...........A-17

5. Jury Waiver.........................................................................................................................A-49

6. ORC Ann. 2929.03 (1981).................................................................................................A-50

7. ORC Ann. 2929.03 (2010).................................................................................................A-52

8. ORC Ann. 2929.06 (1981).................................................................................................A-56

9. ORC Ann. 2929.06 (2010).................................................................................................A-57

## PROCEDURAL POSTURE

In 1984, a three-judge panel convicted Appellant of capital murder in the death of Suzette Butler, and this Court affirmed the conviction on direct appeal. *See State v. Davis* (May 27, 1986), Butler App. No. CA84-06-071, 1986 Ohio App. LEXIS 6919, 1986 WL 5989 (*Davis I*). The Ohio Supreme Court affirmed Appellant's convictions but vacated his sentence because the three-judge panel had improperly considered non-statutory aggravating circumstances. *State v. Davis* (1988), 38 Ohio St. 3d 361, 366-73 (*Davis II*).

On remand, the same three-judge panel that originally convicted and sentenced Appellant again imposed the death sentence upon Appellant, without allowing the presentation of new mitigation. This Court affirmed this sentence, *see State v. Davis* (Oct. 29, 1990), Butler App. No. CA89-09-123, 1990 Ohio App. LEXIS 4717, 1990 WL 165137 (*Davis III*), as did the Ohio Supreme Court. *See State v. Davis* (1992), 63 Ohio St. 3d 44 (*Davis IV*). The United States Court of Appeals for the Sixth Circuit reversed and remanded for a new sentencing hearing for the failure to consider this new mitigating evidence. *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761 (*Davis V*).

On remand, an entirely new three-judge panel re-opened the sentencing proceedings and again imposed the death sentence upon Appellant. Appellant now appeals to this Court.

## STATEMENT OF FACTS

Appellant was previously found guilty of murder under O.R.C. 2903.01(A) for the murder of Suzette Butler. Appellant has been on death row continuously since 1984. As noted in the statement of case, Appellant's case was remanded for a third sentencing hearing due to errors committed by the three judge panel.

1

Appellant attempted to withdraw his jury waiver and have his third sentencing hearing before a jury. Memorandum Concerning Right to Jury Trial, T.d. 283. Those requests were denied. Entry Journalizing Ruling on Defendant's Motions, T.d. 337 at pp. 13-22.

Appellant also attempted to preclude the death penalty. Motion to Preclude State from Seeking Death Penalty, T.d. 286. That request was also denied. Entry Journalizing Ruling on Defendant's Motions, T.d. 337 at pp. 22-27.

The sentencing hearing was conducted from September 8-10, 2009. At the sentencing hearing, the State of Ohio presented the journalized entry and portions of the previous record related to prior purposeful killing specification of Ernestine Griffin.

Appellant presented mitigation evidence from friends and family members. Appellant also presented testimony from prison personnel and the Chair Person of the Parole Board. Appellant also presented expert testimony from Dr. Robert Smith.

The State of Ohio did not present any rebuttal evidence. Both sides presented closing arguments. The three judge panel imposed a death sentence. Sentencing Entry, T.d. 435.

## ARGUMENT

### ASSIGMENT OF ERROR NO. I

**THE TRIAL COURT ERRED IN VIOLATION OF THE EIGHTH AND SIXTH AMENDMENT AND DUE PROCESS TO ALLOW A 25-YEAR OLD, STALE JURY WAIVER TO STAND WHEN THERE WAS A NEW PENALTY HEARING.**

*Issue Presented for Review No. 1: The trial court erred in violation of the Eighth Amendment and Due Process to allow a 25-year old, stale jury waiver to stand when there was a new penalty hearing.*

Ohio death penalty procedures are bifurcated hearings or phases. Both phases place the burden upon the State to prove their case by beyond a reasonable doubt. "The function of a standard of proof, as that concept is embodied in the Due Process Clause and in the realm of

2

factfinding, is to 'instruct the factfinder concerning the degree of confidence our society thinks

he should have in the correctness of factual conclusions for a particular type of adjudication.' *In*

*re Winship* (1970), 397 U.S. 358, 370, 90 S.Ct. 1068, 1076 (Harlan, J., concurring). The standard

serves to allocate the risk of error between the litigants and to indicate the relative importance

attached to the ultimate decision." *Addington v. Texas* (1979), 441 U.S. 418, 423, 99 S.Ct. 1804,

1808. "In a criminal case, [] the interests of the defendant are of such magnitude that historically

and without any explicit constitutional requirement they have been protected by standards of

proof designed to exclude as nearly as possible the likelihood of an erroneous judgment." *Id.*

The United States Supreme Court has recognized that mitigation phases are trial like and

subject to constitutional protections. In *Bullington v. Missouri* (1981), 451 U.S. 430, 101 S.Ct.

1852, the Supreme Court noted:

> The procedure that resulted in the imposition of the sentence of life imprisonment
> upon petitioner *Bullington* at his first trial, however, differs significantly from
> those employed in any of the Court's cases where the Double Jeopardy Clause has
> been held inapplicable to sentencing. The jury in this case was not given
> unbounded discretion to select an appropriate punishment from a wide range
> authorized by statute. Rather, a separate hearing was required and was held, and
> the jury was presented both a choice between two alternatives and standards to
> guide the making of that choice. Nor did the prosecution simply recommend what
> it felt to be an appropriate punishment. It undertook the burden of establishing
> certain facts beyond a reasonable doubt in its quest to obtain the harsher of the
> two alternative verdicts. The presentence hearing resembled and, indeed, in all
> relevant respects was like the immediately preceding trial on the issue of guilt or
> innocence. It was itself a trial on the issue of punishment so precisely defined by
> the Missouri statutes.

*Id.* at 438, 1858 (footnote omitted). The Court found that Double Jeopardy protections applied

specifically because penalty phase hearings bear a sharp resemblance to guilt phase trials:

> By enacting a capital sentencing procedure that resembles a trial on the issue of
> guilt or innocence... The "embarrassment, expense and ordeal" and the "anxiety
> and insecurity" faced by a defendant at the penalty phase of a Missouri capital
> murder trial surely are at least equivalent to that faced by any defendant at the
> guilt phase of a criminal trial... Because the sentencing proceeding at petitioner's

3

first trial was like the trial on the question of guilt or innocence, the protection afforded by the Double Jeopardy Clause to one acquitted by a jury also is available to him, with respect to the death penalty, at his retrial.

*Bullington*, 451 U.S. at 444-446, 101 S.Ct. at 1861-1862.

The harshness of the procedure herein required a defendant to be subject to a jury waiver that is approximately twenty-five years old. This violates Due Process and the Eighth and Sixth Amendment because Appellant is subject to a stale jury waiver from 1984 when there are currently different facts and equities involved in 2009. First, it is arbitrary and capricious to hold Appellant to such a stale waiver when the law has changed and the facts have changed. *Furman v. Georgia* (1972), 408 U.S. 238, 92 S.Ct. 2726. This is a case where the mitigating evidence presented in 2009 is substantially different than the mitigating evidence presented in 1984.

The trial court failed to give proper credence to *State v. McGee* (Ohio Ct. App. 1998), 128 Ohio App.3d 541. *McGee* indicated that a jury waiver could not stand when new evidence would be presented at the re-trial, due to an amended indictment. *Id.* at 545. Appellant's case is no different than *McGee*.

First, the trial court specifically excluded the consideration of the previous proceedings. *See* T.p. 19, 22. This alone insured that an entirely different factual predicate was to be considered by the new three judge panel. Second, Appellant presented mitigation in 2009 that was substantially different in nature and kind than that considered in 1984.

As noted by the trial court in 2009, Appellant presented mitigation covering eleven (11) different topical areas, which were "borderline personality disorder," "alcohol abuse," "love and support of family members and friends," "testimony of Defendant's daughter, Sherry Davis, regarding her forgiveness of Defendant for the purposeful killing of her mother," "good behavior while in prison," "childhood and family experience, and the impact of each upon Defendant's

4

personality development and mental health," "remorse and apology," "age (62 years old),"

"probability of no release from prison," "whether a sentence of life in prison would bring closure

to the victim's family," and "the savings to taxpayers should a life sentence be imposed."

Sentencing Entry, T.d. 435 at pp. 4-5. The trial court then briefly described the sources of the

above information. *Id.* at pp. 5-8.[1]

The wealth of the above mitigation should be compared to dearth of mitigation presented

in 1984. As described (and presumed correct) by the Ohio Supreme Court, Appellant presented

as mitigation in 1984 the following

> In mitigation, appellant presented evidence concerning his academic
> accomplishments in prison while he was incarcerated for the murder of his wife.
> Specifically, during this period of incarceration, appellant attended the general
> education and development program for high school graduation and was awarded
> a high school "GED"; appellant worked for and obtained an Associate's Degree in
> Business Administration; appellant was awarded a certificate for vocational
> training; and appellant received on-the-job training as a dental technician.
> Appellant had no significant disciplinary problems during this period of
> incarceration and, following his release from prison, appellant attended night
> classes at Urbana College, found a job, and was able to support himself.
> Additionally, appellant presented evidence that he has maintained a good
> relationship with the members of his family and that he has received an honorable
> discharge from the U.S. Navy. We conclude that the foregoing factors concerning
> appellant's nature and character are entitled to some, but very little, weight in
> mitigation.
>
> Appellant also introduced evidence on the mitigating factor that he lacked a
> substantial capacity to conform his conduct to the requirements of the law because
> of a mental disease or defect. We find that appellant did not establish the
> existence of this factor by a preponderance of the evidence. However, we do
> believe that appellant's personality disorder as testified to by Dr. Fisher (in the
> penalty phase of appellant's 1984 trial) is entitled to some weight in mitigation.
>
> We have also considered the probability that appellant would never be released
> from prison if he were to be sentenced to life imprisonment. This factor is entitled
> to some weight in mitigation as appellant has demonstrated (during his prior
> incarceration for causing the death of his wife) his ability to successfully adapt to
> prison life.

---

[1]     For reasons that will be explained *infra*, the three judge panel's review of the mitigation was not
constitutionally sufficient. *See* Assignment of Error II.

5

*Davis IV*, 63 Ohio St. 3d at 50-51.

A defendant should have the right to make a decision regarding a jury waiver based on the evidence known to him that may be presented. This is not some mere technical requirement, it is the essence of a knowing, intelligent and voluntary waiver. *Patton v. United States* (1930), 281 U.S. 276, 312-13, 50 S.Ct. 253, 263; *Adams v. United States ex rel McCann* (1942), 317 U.S. 269, 275, 277-78, 63 S.Ct. 236, 240, 241. The Constitution demands "the utmost solicitude of which courts are capable and canvassing the matter with the accused to make sure he has a full understanding... ." *Boykin v. Alabama* (1964), 395 U.S. 238, 243-44, 89 S.Ct. 1709, 1712.

Everything changed in Appellant's case from 1984 to 2009: new trial attorneys represented him, new mitigation existed and was to be presented, and three new and different judges were to determine his fate.[2] Focusing on the new judges (none of whom who were judges in 1984), a determination whether to waive a jury requires knowledge of the judges who will ultimately weigh the mitigation evidence that is to be presented. In fact, when Appellant waived his right to a jury for the first proceeding he specifically waived his jury for a specific panel. The waiver signed by the defendant and accepted by the trial court specifically states:

> "I, Von Clark Davis, defendant in the above cause, appearing in open court this 8th day of May, 1984, with my attorneys, Michael D. Shanks and John A. Garretson, do hereby voluntarily waive my right to trial by jury and elect to be tried by a court **to be composed of three judges, consisting of Judges Henry J. Bruewer, William R. Stitsinger, and John R. Moser**..."

Jury Waiver, T.d. 84 (emphasis added).

The Supreme Court noted in *Duncan v. Louisiana* (1968), 391 U.S. 145, 156, 88 S.Ct. 1444, 1451, depending on the facts of the case a criminal defendant may "prefer[] the common-

---

[2]    Indeed, under Ohio's statute a defendant can withdraw his waiver prior to the commencement of proceedings when he learns of the composition of the three judge panel. O.R.C. 2945.05. Appellant was deprived of that right.

6

sense judgment of a jury to the more tutored but perhaps less sympathetic reaction of the single

judge, he was to have it.  Beyond this, the jury trial provisions in the Federal and State

Constitutions reflect a fundamental decision about the exercise of official power -- a reluctance

to entrust plenary powers over the life and liberty of the citizen to one judge or to a group of

judges."

   Appellant's case exemplifies this aspect of a valid waiver.  While Appellant presented

eleven (11) different areas of mitigation, the trial court simply discounted it all as "little or no

weight," "little weight," and "no weight."  While a three judge panel may find remorse,

forgiveness, mental health issues related to alcohol, good conduct in prison where Appellant will

remain for the rest of his life, etc., absolutely meaningless, this is the type of mitigation that can

sway a single juror.  *See e.g. Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495 (2000).

   In short, the Sixth Circuit correctly foreshadowed this issue and properly portended a

constitutional resolution to the issue.  In *Davis V*, 475 F.3d at 780-781:

> Nevertheless, we anticipate that Davis's counsel will renew his motion to
> withdraw the jury waiver upon remand to the state trial court for the new
> sentencing hearing necessitated by our finding of *Skipper* error. We note that
> under Ohio Revised Code § 2945.05, a waiver of jury trial "may be withdrawn by
> the defendant at any time before the commencement of trial." Granted, the
> resentencing hearing that we order today will not constitute a "trial" in the sense
> that the petitioner's guilt or innocence is again at issue. However, in this case, the
> proceeding can indeed be considered the functional equivalent of "trial" because,
> unlike sentencing in a non-capital case, it will take the form of an evidentiary
> proceeding on the question of whether Davis should receive the death penalty or
> some form of a life sentence.
>
> Moreover, we think there is a legitimate question as to whether a criminal
> defendant should be held to a jury waiver entered almost 25 years before his
> newly-mandated sentencing hearing. In the Sixth Circuit, at least, we have
> recognized that a defendant's jury waiver entered prior to the first trial of his case
> does not bar his right to a jury trial on the same case after remand from a
> reviewing court. *See, e.g., United States v. Groth*, 682 F.2d 578, 580 (6th Cir.
> 1982) ("waiver of a jury trial does not bar a demand for a jury on retrial of the

<div align="center">7</div>

same case unless the original waiver explicitly covers this contingency");[3] *United States v. Lee*, 539 F.2d 606, 608 (6th Cir. 1976) ("when a reviewing court finds error in the conduct of a trial and reverses with directions for a new trial . . . the general rule is that a litigant is not bound by his prior waiver of a jury trial . . . [u]nless the language of a waiver unambiguously states that it will apply in all retrials should they be ordered"). *Accord Sinistaj v. Burt*, 66 F.3d 804, 808 (6th Cir. 1995) (rule in *Groth* inapplicable when no event such as reversal and remand for a new trial intervenes between the waiver and the attempted withdrawal). Likewise, the Ohio courts have held, in reversing a conviction "on the basis that [the defendant] was neither charged nor found guilty of an essential element of the offense," that the defendant's "previous waiver of a jury trial is also inherently revoked by the reversal of the conviction and the [amended] indictment." *State v. McGee*, 128 Ohio App. 3d 541, 715 N.E.2d 1175, 1178 (Ohio Ct. App. 1998). That conclusion was based on the fact that on remand, additional evidence would be introduced from both the prosecution and the defense, as is likely to occur on remand of this case. While not directly on point, because Davis is not facing a new indictment, the reasoning of the Ohio court in *McGee* should certainly inform the sentencing court's determination of the viability of Davis's jury waiver on remand.

The remedy imposed by the Sixth Circuit informs the jury waiver – in that Appellant received a totally new independent sentencing hearing. Indeed, the Sixth Circuit reversed the Ohio courts for simply rubber stamping a previous re-sentencing remand. When there is new evidence being offered, the previous holdings regarding a jury waiver cannot be *res judicata* because there is an entirely new hearing regarding entirely new facts.

The trial court erred in rejecting Appellant's written motion ("Von Clark Davis' Memorandum Concerning His Right to a Trial With Respect to Resentencing") that was presented to the trial court at hearing on August 28, 2009. 8/28/09 T.p. 49-51, T.p. 51 ("...the proceedings can indeed be considered a functional equivalent of a trial because unlike sentencing in a non-capital case it will take the form of an evidentiary proceeding on the question whether Davis should receive the death penalty or some form of a life sentence...the Court I think used the term he is here on a de novo proceedings. And I would like to suggest we are really here on a

---

[3] In Appellant's case, the opposite occurred. The express language of his jury waiver was contingent upon a three judge panel "**to be composed of three judges, consisting of Judges Henry J. Bruewer, William R. Stitsinger, and John R. Moser... .**" Jury Waiver, T.d. 84.

8

new day, a new trial for purposes of these proceedings."), T.p. 52. While Appellant raised the

substance of the arguments in both the motion and at the hearing, to the extent there is any

question of waiver, Appellant's attorneys were ineffective under *Strickland v. Washington*

(1984), 466 U.S. 668, 104 S.Ct. 2052.

> *Issue Presented for Review No. 2: Appellant did not knowingly, intelligently and validly waive his jury in 1984 for a sentencing hearing in 2009.*

Appellant was deprived of his right to a jury trial as guaranteed by the Sixth and

Fourteenth Amendments, and Section 5, Article 1 of the Ohio Constitution. In considering

Appellant's argument, this Court should be guided by two basic and fundamental principles. The

first is the principle of leniency. In that, "all penalty provisions of O.R.C. 2929.04(B) must '* * *

be strictly construed against the state, and liberally construed in favor of the accused.' R.C.

2901.04(A)." *Davis II*, 38 Ohio St.3d at 369, *citing to State* v. *Penix* (1987), 32 Ohio St. 3d 369,

371.

The second principle is that this Court should indulge every reasonable presumption

**against** the waiver of fundamental constitutional rights and should not presume acquiescence in

the loss of fundamental rights. *Johnson v. Zerbst* (1938), 304 U.S. 458, 464, 58 S.Ct. 1019,

1023. In Ohio, "[e]very reasonable presumption should be made against the waiver..."

*Simmons v. State* (1905), 75 Ohio St. 346; *See also* Ohio Const., Art. I, §5 ("Right to Trial By

Jury Shall Be Inviolate" in All Criminal Cases).

In sum, the starting point for this Court's analysis is that all statutory provisions are to be

construed in Appellant's favor and there is a presumption against the waiver of rights. If faithful

to these requirements, this Court cannot endorse the proposition that Appellant knowingly and

intelligently waived rights in 1984 concerning a 2009 trial with new evidence, new lawyers, new

9

judges and new applicable statutory requirements, that were not even envisioned by Ohio's legislature in 1984.

Indeed, it stretches logic past a breaking point to suggest Appellant knowingly and intelligently waived a jury sentencing at a **third** sentencing hearing, twenty-five years later, when Ohio's Legislature could not envision in 1984 the need to modify the capital statutes **eight** times since 1984, and no–one could envision that the **three judge panel** errors would be the cause of the **three different sentencing** hearings. Rather than force Appellant to accept a process which proved two times to fail, the principles of leniency (which were not applied in Appellant's favor) should have allowed a withdrawal of the jury waiver.

The court in *Burnham v. N. Chicago St. Ry. Co.* (7th Cir. 1898), 88 F. 627, noted the following:

> "The stipulation to waive a jury, and to try the case before the court, only had relation to the first trial. There could be no presumption then that there would ever be a second trial; and therefore it should not be presumed that the parties, in making the stipulation, had in mind any possible subsequent trial after the first, to which the stipulation could refer. The right of a trial by jury in cases at law, whether a civil or criminal case, is a high and sacred constitutional right in Anglo-Saxon jurisprudence, and is expressly guaranteed by the United States constitution. A stipulation to the waiver of such a right should therefore be strictly construed in favor of the preservation of the right.'

*United States v. Groth* (6th Cir. 1982), 682 F.2d 578, 580 ("We conclude as to this issue that waiver of a jury trial does not bar a demand for a jury on retrial of the same case unless the original waiver explicitly covers this contingency.").

While the original statute did not allow a three judge panel to change in composition, the court below allowed the new statute to be applied to allow the change in composition. *See* O.R.C. 2929.03(C)(2)(a); *Compare* O.R.C. 2929.06 (1981) *with* O.R.C. 2929.06 (2010). This is the improper dichotomy of what occurred below: the trial court expected Appellant to envision

10

that there would be a substantial change in the statute, eight times including one specifically related to changing the composition of three judge panels.

Ohio law is a third factor in considering Appellant's argument. The trial court accepted the State of Ohio's position that Appellant was already convicted, therefore, a jury waiver could not be withdrawn. Pursuant to Ohio law, Appellant was not convicted. As noted by the Ohio Supreme Court, "A final judgment of conviction occurs when the judgment contains '(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) the entry on the journal by the clerk of courts.'" *State v. Baker* (2008), 119 Ohio St.3d 197, syll., 2008-Ohio-3330.

Appellant's decision to waive the right to a jury trial and elect to be tried before a three-judge panel must be made with "sufficient awareness of the relevant circumstances and likely consequences of his waiver." *State v. Ruppert* (1978), 54 Ohio St. 2d 263, 271. "[T]rial by jury is the normal, if not preferable, mode of disposing of issues of fact in criminal cases and the right must be jealously preserved." *Id.* Due to the new facts developed as mitigation, new judges determining Appellant's fate, new attorneys, the operation of new statutory provisions, and two previous reversals the source of which is the three judge panel that he no longer wanted, the waiver in 1984 cannot be constitutionally construed to establish that Appellant had sufficient awareness of the relevant circumstances and likely consequences of his waiver. Rather, Appellant did not knowingly and intelligently waive his right to a jury trial.

11

## ASSIGNMENT OF ERROR II

THE THREE JUDGE PANEL ERRED IN NOT CONSIDERING AND GIVING EFFECT TO
CERTAIN MITIGATING EVIDENCE.

*Issue Presented for Review No. 1– Whether the trial court erred in giving no weight to
mitigation.*

The U.S. Supreme Court has held that courts may not preclude the sentencer from

considering any mitigating factor and the sentencer may not, as a matter of law, refuse to

consider relevant mitigating evidence. One may not give no weight to mitigating evidence by

excluding it from consideration. *Eddings v. Oklahoma*, (1982) 455 U.S. 104,113-114, 102 S.Ct.

869, 876-877; *Porter v. McCollum* (2009), __ U.S. __, 130 S.Ct. 447, 454-455.  A failure to

consider and give effect to mitigation fueled the Sixth Circuit's remand for this third

resentencing. *See Davis V.*

Unfortunately, it has happened again.  The three judge panel improperly refused to weigh

and give effect to two mitigating factors presented by Appellant.  *Eddings* has (again) been

violated.

In the sentencing opinion, the sentencer gave "no weight" to evidence that appellant

would never be released from prison if given a life sentence.  T.d. 435 at p. 10.  Specifically, the

three judge panel noted "The panel considered the testimony of Cynthia Mausser offered to show

the probability that Defendant would never be released from prison if given a sentence less than

death.  The panel unanimously finds this evidence to be highly speculative and unconvincing and

entitled to **no weight**." *Id.*  However, the Supreme Court of Ohio disagrees and held in *Davis IV*,

63 Ohio St. 3d at 51, that this exact mitigating factor is entitled to "some weight."  Indeed, the

Ohio Supreme Court noted specifically that "We have also considered the probability that

appellant would never be released from prison if he were to be sentenced to life imprisonment.

12

This factor is entitled to some weight in mitigation as appellant has demonstrated (during his prior incarceration for causing the death of his wife) his ability to successfully adapt to prison life." *Id.* Thus, not only did the three judge panel commit an *Eddings* violation, it did so in a fashion that expressly violated the Ohio Supreme Court's consideration of this very type of mitigation.

The trial court compounded the error by assigning "no weight" to the mitigating factor related to cost. *See* T.d. 435 at p. 11. Again, by failing to give effect to this mitigation and not ascribing it some weight, the three judge panel violated *Eddings*.

*Issue Presented for Review No. 2– Whether the trial court listened to other mitigation.*

As previously noted, *Eddings* requires a sentencer to fully and fairly consider and give effect to mitigation. Otherwise the rule in *Lockett* is violated. As the U.S. Supreme Court succinctly stated in footnote 10 of *Eddings*, "*Lockett* requires the sentencer to listen."

The recent U.S. Supreme Court decision, per curiam, in *Porter v. McCollum* (2009), 130 S.Ct. 447 is instructive. The U.S. Supreme Court held that the Florida Supreme Court "either did not consider or unreasonably discounted the mitigation evidence" adduced in a post conviction hearing. *Citing to Eddings, supra,* the Court held that the sentencer must be permitted to consider relevant mitigating factors. *Porter*, at 454-55. In this case, the sentencer refused to "listen" as required by *Eddings*. In the sentencing opinion, the three judge panel rejected mitigation for one of three reasons: it was entitled to "little or no weight," "little weight" or "no weight." *See* T.d. at pp. 9-11.

As recently noted by the United States Supreme Court, this violates *Eddings*. In *Porter*, 130 S.Ct. at 455, the Supreme Court found a state court's treatment of mitigation problematic when "unreasonable to discount" mitigation by "reduc[ing it] to inconsequential proportions."

13

The three judge panel herein similarly "unreasonably discounted" mitigation and "reduced them to inconsequential proportions."

The Ohio Supreme Court gave "some weight" to Appellant's personality disorder while this sentencing court said it deserved "little weight" in mitigation. *Compare Davis IV*, at 51 *with* T.d. 438 at p. 10. Appellant's good behavior in prison deserved "some weight" according to the Ohio Supreme Court but the sentencer here gave it "little weight." *Compare Davis IV*, at 51 *with* T.d. 438 at p. 10.

The sentencer also gave "little or no weight" to the evidence presented from the appellant's friends and family concerning his "dysfunctional family and childhood experiences." T.d. 438 at p. 9. Once again, the sentencer "did not consider or unreasonably discounted" accepted mitigation evidence. *See Wiggins v. Smith* (2003), 539 U.S. 510, 123 S.Ct. 2527; *Rompilla v. Beard* (2005), 545 U.S. 374, 125 S.Ct. 2456; *Porter, supra*.

The sentencer found love and support from family and friends "does not deserve significant weight" but the Supreme Court of Ohio has found it to be mitigating evidence. *See State v. Smith* (2000), 87 Ohio St.3d 424, 447, 2000-Ohio-450. The sentencer found that appellant's remorse and apology were given "little weight" even though the Supreme Court of Ohio has found remorse to be mitigating. *State v. Rojas* (1992), 64 Ohio St. 3d 131, 143.

The sentencer gave "little weight" to appellant's good behavior in prison even though it is a recognized and important mitigation factor. *Skipper v. South Carolina* (1986), 487 U.S. 1, 106 S.Ct. 1669; *State v. Simko* (1994), 71 Ohio St.3d 483.

One gets the impression that the sentencer was simply going through the motions and that death was a foregone conclusion for this panel. After all, a different three judge panel had twice before imposed a death sentence. The sole aggravating circumstance deserved "great weight" but

14

accepted mitigation deserved little or no weight. The panel retired for deliberations at 4:08 p.m. and the death sentence was imposed and the case concluded by 5:10 p.m. (T. p. 368, 370). There seems to be little doubt that death was a foregone conclusion. The sentencer did not listen as required by *Eddings*.

## ASSIGNMENT OF ERROR III

## THE TRIAL COURT ERRED IN NOT PRECLUDING THE DEATH PENALTY AND ENFORCING THE THEN EXISTING PROVISIONS OF O.R.C. 2929.03(C)(2)(a).

*Issue Presented for Review – Whether the trial court violated the constitution in applying a revised and amended O.R.C. 2929.03 in order to make death an available option.*

On May 8, 1984, Appellant waived his right to a jury trial and elected to be tried by a three judge panel. The waiver was made under O.R.C. 2945.05. O.R.C. 2945.06 governs jury waivers and provides in capital cases "…He shall be tried by a court composed of three judges, consisting of the judge presiding at the time in the trial and two other judges…" The phrase "presiding at the time" references Appellant's entrance of the jury waiver. The judge must have been on the bench at the time the appellant waived his right to a jury trial.

In this 1983 offense, O.R.C. 2929.03 provided the procedure for imposing a death sentence. This Code section provided in part that the appropriate sentence was to be determined by "the panel of three judges that tried the offense upon his waiver of the right to trial by jury." O.R.C. 2929.03(C )(2)(a). Therefore, the only panel that could sentence the appellant to death was the panel that found him guilty.

In this case, the original three judge panel sentenced the appellant to death for a second time upon re-sentencing. All three of the original judges were available and participated in the first re-sentencing hearing. In the most recent re-sentencing hearing subject of this appeal, none of the original three judges were available to participate in the re-sentencing hearing. Appellant

15

argued in the trial court and argues now that Ohio had no sentencing statute that applied to this scenario that allowed the State to seek death for a third time. Since none of the original three judges were available and since Ohio did not have a statutory scheme that allowed for the imposition of death in this rare fact pattern, the State was precluded from seeking the death penalty and the new panel was limited to one of the life options available at the time of the crime.

The Supreme Court of Ohio vacated the appellant's death sentence and remanded for a new sentencing hearing in *Davis II*, 38 Ohio St.3d 361. However, the issue raised now was not a concern at that time because the original three judges were available and participated in the re-sentencing hearing. *See* O.R.C. 2929.06.

At the time of the crime, there was no provision for re-sentencing in O.R.C. 2929.06 for a "new" three judge panel to conduct the re-sentencing hearing. Now, after many legislative amendments, O.R.C. provides for a new three judge panel if necessary. However, in the appellant's case, one must apply the statute as written at the time of his crime. Otherwise, there is a violation of the Fifth, Eighth and Fourteenth Amendments to the federal Constitution and Art. I, Section 16 of the Ohio Constitution. Retroactive legislation is prohibited under these Constitutional provisions. *See Landgraf v. U.S.I. Film Products* (1994), 511 U.S. 244, 114 S.Ct. 1483.

The amendments to O.R.C. 2929.06 have significantly changed the death penalty in Ohio. The appellant made decisions, i.e. to waive a jury, based on the law at the time of his case. If he had known the law was going to change as it has, then he would not have made the decision to waive a jury. He can not now be sentenced to death under the amended O.R.C. 2929.06 that was changed years after his decision to waive a jury and years after his trial ended. Still

16

principles of leniency have not been applied herein regarding the right to jury sentencing at Appellant's new and third penalty sentencing. The retroactive application of the changes made in O.R.C. 2929.06 violated Due Process and Equal Protection under Fifth and Fourteenth Amendments of the federal Constitution and the analogous provisions of the State Constitution.

The Ex Post Facto clauses of the federal and Ohio Constitutions also prohibit a sentence of death. Article I Section 10 of the federal Constitution prohibits any Bill of Attainder, ex post facto law, or law impairing the obligations of contracts or grant of any title of nobility. Likewise, Article II, Section 28 of the Ohio Constitution prohibits the enactment of retroactive laws. *See Calder v. Bull* (1798), 3 U.S. 386; *In Re Medley* (1890), 134 U.S. 160, 10 S.Ct. 384; *Lindsey v. Washington* (1937), 301 U.S. 397, 57 S.Ct. 797; *Miller v. Florida* (1987), 482 U.S. 423, 107 S.Ct. 2446; *Carmell v. Texas* (2000), 529 U.S. 513, 120 S.Ct. 1620.

The amendments to O.R.C. 2929.06 have increased the severity of Appellant's sentence. Under the law at the time of the crime he was entitled to life upon reversal of his death sentence. Now, he is sentenced to death. This change in penalty was made by the State after the crime in question was committed, after he chose to waive a jury, after he was convicted and after he was sentenced.

The U.S. and Ohio Supreme Courts have required strict adherence to the precise legislatively defined procedures to prevent the arbitrary and capricious imposition of the death penalty. *State v. Penix* (1987), 32 Ohio St.3d 369. Nowhere is this demonstrated better than the trial court's acceptance of the revised three judge panel provisions but failure to consider the life without parole option. Indeed, it seems every tangible benefit to the State received consideration, while any benefit that Appellant may be entitled was declined.

17

The retroactive application of O.R.C. 2929.06 is currently pending before the Supreme Court of Ohio in *State v. Maxwell White*, Case No. 09-1661, albeit as it relates to a jury rather than a three judge panel.  Appellant respectfully requests that this Court wait for a ruling in *White* prior to deciding Appellant's appeal herein to provide guidance to this Court.

## ASSIGNMENT OF ERROR IV

**APPELLANT'S DEATH SENTENCE IS DISPORPORTIONATE AND INAPPRORPRIATE.**

> *Issue Presented for Review– Appellant's death sentence is disproportionate and inappropriate in violation of the Eighth and Fourteenth Amendments of the United State's Constitution and Sections 9 and 16 of the Ohio Constitution.*

The focus of the mitigation phase of the trial should be on the circumstances of the offense and the character of the individual defendant. *Profitt v. Florida* (1976), 428 U.S. 242, 96 S.Ct. 2960. Individualized consideration of mitigating factors is required. *Lockett v. Ohio* (1978), 438 U.S. 586, 98 S.Ct. 2954.  This Court is required to consider these same principles pursuant to O.R.C. 2929.05 when conducting the required proportionality and appropriateness review.

The sole aggravating circumstance in this case is the repeat murder specification. The prosecutor argued, in effect, that nothing mitigated the deaths of the two victims, one from the aggravating circumstance and then the underlying homicide. (T.p. 362).

The State, and evidently the sentencing panel, completely discounted the forgiveness given from Sherry Davis the daughter of one victim as the panel afforded this factor "very little weight." (Sentencing Entry, T.d. 435 at p. 9).

A review of all the relevant evidence indicates that the sole aggravating circumstance does not outweigh beyond a reasonable doubt the mitigation presented in this case.

The appellant is loved by family and friends; he was forgiven by the daughter of one of his victims; he was raised in a dysfunctional family which impacted his personality development

18

and mental health as testified to by Dr. Robert Smith. The appellant has a borderline personality disorder and alcohol dependence. Given his criminal history, it is unlikely that he will ever be released from prison. The appellant has a history of good behavior in prison, is of an advanced age for a prisoner, i.e. early 60's, apologized for his conduct and showed remorse.

The above mitigating factors have been recognized as discussed earlier. The sole aggravating circumstance does not outweigh this mitigation beyond a reasonable doubt. At the very least, the scales are balanced.

Other cases with the same aggravating circumstance and less mitigation and/or more egregious facts concerning the aggravating circumstance include the following: *See State v. Cassano* (2002), 96 Ohio St.3d 94, 2002-Ohio-3751 (defendant killed cellmate by stabbing his 75 times); *State v. Cowens* (1999), 87 Ohio St.3d 68 (refused to present mitigation); *State v. Taylor* (1997), 78 Ohio St.3d 15 (two prior murders); *State v. Carter* (1992), 64 Ohio St.3d 218 (Second homicide committed in jail while awaiting sentencing on Aggravated Murder and only remorse presented as mitigating factor).

In addition to the substantial mitigation presented, the victim's survivor from the murder which constitutes the sole aggravating circumstance, has forgiven Appellant and does not want to see him die. T.p. 99-101. In this circumstance, Appellant's death sentence is disproportionate and inappropriate in comparison to others sentenced to death with this same, single aggravating circumstance.

19

## ASSIGNMENT OF ERROR NO. V

### TWENTY-SIX YEARS ON OHIO'S DEATH ROW CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT UNDER THE STATE AND FEDERAL CONSTITUTION, AND INTERNATIONAL LAW.

*Issue Presented No. 1 - Executing Appellant after such a lengthy stay on death row constitutes cruel and unusual punishment. Lackey v. Texas (1995), 514 U.S. 1045, 115 S.Ct. 1421 (Stevens, J., dissenting from denial of certiorari).*

Appellant was sentenced to death in 1984. Four years later, his case returned due to a failure by the trial court. *See Davis II.* Appellant raised this issue immediately, however, the intermediate appeal was improperly denied. *See Davis I.* Any delay from 1984-1988, therefore is not attributable to Appellant.

Appellant was re-sentenced to death in 1988. Appellant objected during the re-sentencing to the trial court's failure to consider new mitigation. Appellant raised this issue immediately, however, each of his state's appeals were denied. *See Davis III and IV.* While the State of Ohio strenuously opposed any relief, Appellant ultimately prevailed in 2007. *Davis V.* Any delay from 1988-through 2007, therefore is not attributable to Appellant.

Appellant cannot credibly be faulted for the over two decade delay. Indeed, the fault rests with the original three judge panel and the courts that failed to take corrective action. Executing Appellant after such a lengthy stay on death row constitutes cruel and unusual punishment. *Lackey v. Texas* (1995), 514 U.S. 1045, 115 S.Ct. 1421 (Stevens, J., dissenting from denial of certiorari).

Justice Stevens noted in *Lackey*:

In *Gregg v. Georgia*, 428 U.S. 153, 49 L. Ed. 2d 859, 96 S. Ct. 2909 (1976), this Court held that the Eighth Amendment does not prohibit capital punishment. Our decision rested in large part on the grounds that (1) the death penalty was considered permissible by the Framers, *see id., at 177* (opinion of Stewart, Powell, and STEVENS, JJ.), and (2) the death penalty might serve "two principal social purposes: retribution and deterrence," *id.*, at 183.

20

It is arguable that neither ground retains any force for prisoners who have spent some 17 years under a sentence of death. Such a delay, if it ever occurred, certainly would have been rare in 1789, and thus the practice of the Framers would not justify a denial of petitioner's claim. Moreover, after such an extended time, the acceptable state interest in retribution has arguably been satisfied by the severe punishment already inflicted. Over a century ago, this Court recognized that "when a prisoner sentenced by a court to death is confined in the penitentiary awaiting the execution of the sentence, one of the most horrible feelings to which he can be subjected during that time is the uncertainty during the whole of it." *In re Medley*, 134 U.S. 160, 172, 33 L. Ed. 835, 10 S. Ct. 384 (1890). If the Court accurately described the effect of uncertainty in Medley, which involved a period of four weeks, *see ibid.*, that description should apply with even greater force in the case of delays that last for many years. Finally, the additional deterrent effect from an actual execution now, on the one hand, as compared to 17 years on death row followed by the prisoner's continued incarceration for life, on the other, seems minimal. *See, e. g., Coleman v. Balkcom*, 451 U.S. 949, 952, 68 L. Ed. 2d 334, 101 S. Ct. 2031 (1981) (STEVENS, J., respecting denial of certiorari) ("the deterrent value of incarceration during that period of uncertainty may well be comparable to the consequences of the ultimate step itself"). As Justice White noted, when the death penalty "ceases realistically to further these purposes, . . . its imposition would then be the pointless and needless extinction of life with only marginal contributions to any discernible social or public purposes. A penalty with such negligible returns to the State would be patently excessive and cruel and unusual punishment violative of the Eighth Amendment." *Furman v. Georgia*, 408 U.S. 238, 312, 33 L. Ed. 2d 346, 92 S. Ct. 2726 (1972) (opinion concurring in judgment); *see also Gregg v. Georgia*, 428 U.S. at 183 ("The sanction imposed cannot be so totally without penological justification that it results in the gratuitous infliction of suffering").

*Lackey*, at 1045-1046, at 304-305 (Stevens, J.); *see also Thompson v. McNeill* (2009), __ U.S. __, 129 S.Ct. 1299.

Appellant's case is unusual in its length, now twenty-six years, its cause, two state caused errors, and its current procedural posture, a direct appeal. Further, the clock is still running. In these circumstances, Appellant presents a *Lackey* claim.

> *Issue Presented No. 2 - Executing Appellant after such a lengthy stay on death row violates international law.*

Because of the long delays between sentencing and execution, and the conditions in which the condemned are kept, execution of the death penalty in Appellant's case constitutes

21

"cruel, inhuman or degrading treatment or punishment" in violation of Article VII of the International Covenant on Civil and Political Rights. ("ICCPR"). Article 7 of the ICCPR provides that "[n]o one shall be subjected to torture or to cruel, inhuman, or degrading treatment or punishment." When the U.S. Senate ratified the ICCPR, it declared that this phrase meant "the cruel and unusual treatment or punishment prohibited by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States." What constitutes cruel and unusual punishment is informed by international norms. *See Simmons v. Roper* (2005), 543 U.S. 551, 125 S.Ct. 1183.

The British Privy Council's decision in *Pratt and Morgan v. The Attorney General of Jamaica*, 3 SLR 995, 2 AC 1, 4 All ER 769 (Privy Council 1993)(en banc), and the decision of the European Court on Human Rights in *Soering v. United Kingdom,* 11 Eur. Hum. Rts. Rep. 439 (1989)(European Court of Human Rights refused to extradite a German national to face capital murder charges because of anticipated time that he would have to spend on death row if sentenced to death) exemplify the norms.

In *Pratt and Morgan*, the Privy Council held that a delay of fourteen years between the time of conviction and the carrying out of a death sentence in the case of a Jamaican prisoner was "inhuman punishment." 2 A.C, at 33. In *Soering*, the European Court found that prisoners in Virginia spend an average of six to eight years on death row prior to execution. The court determined that "[h]owever well-intentioned and even potentially beneficial is the provision of the complex post-sentence procedures in Virginia, the consequence is that the condemned prisoner has to endure for many years the conditions on death row and the anguish and mounting tension of living in the ever-present shadow of death." 161 Eur. Ct. H.R. (ser. A) at 42 (1989). *See also Vatheeswaran v. State of Tamil Nadu*, 2 S.C.R. 348, 353 (India 1983)(criticizing the

22

"dehumanizing character of the delay" in carrying out the death penalty); *Catholic Comm'n for Justice & Peace in Zimbabwe v. Attorney General*, No. S.C. 73/93 (Zimb. June 24, 1993 (reported in 14 Hum. Rts. L. J. 323 (1993)).

Most recently, the Supreme Court of Canada considered evidence that death-sentenced inmates in Washington took, on average, 11.2 years to complete state and federal post-conviction review, in weighing the legality of extraditing two men to the United States to face capital charges. The Court acknowledged a "widening acceptance" that "the finality of the death penalty, combined with the determination of the criminal justice system to satisfy itself fully that the conviction is not wrongful, seems inevitably to provide lengthy delays, and the associated psychological trauma." *Minister of Justice v. Burns and Rafay*, 2001 SCC 7 (S.C. Canada, 22 March 2001)(at para. 122). Relying in part on this evidence, the court held that the Canadian Charter of Rights and Freedoms precluded the defendants' extradition, absent assurances the United States would not seek the death penalty.

The norm against cruel, inhuman, or degrading treatment is now universally recognized as a violation of international law clearly distinguishable from torture. The Universal Declaration of Human Rights, article 5, provides: "No one shall be subjected to torture or to cruel, inhuman, or degrading treatment or punishment." Universal Declaration of Human Rights, *adopted* Dec.10, 1948, G.A. Res. 217A (III), U.N. Doc. A/810, at 71 (1948). *See also* Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, art. 16, *adopted* Dec.10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. (No. 51) at 197, U.N. Doe. A/39/51 (1984) (*entered into force* June 26, 1987); European Convention for the Protection of Human Rights and Fundamental Freedoms, art. 3, *opened for signature* Nov. 4, 1950, 213 U.N.T.S. 222 (*entered into force* Sept. 3, 1953); the American Convention on Human Rights, art.

23

5, *opened for signature* Nov.22, 1969, O.A.S. T.S. No.36, at 1, O.A.S. Doc. OEA/Ser. L/V/II.50, doc. 6 at 27 (1980) (*entered into force* July 18, 1978); the International Covenant on Civil and Political Rights, art. 7, *adopted* Dec.16, 1966, G.A. Res. 2200, 21 U.N. GAOR Supp. (No. 16) at 52, U.N. Doc. A/6316 (1966), 999 U.N.T.S. 717 (*entered into* force Mar. 23, 1976); African Charter on Human and People's Rights, art. 5, *adopted* June 27, 1981, O.A.U. Doc. CAB/LEG/67/3 Rev. 5, 21 I.L.M. 58 (1982) (*entered into force* Oct.21, 1986).

The prohibition against cruel, inhuman, or degrading treatment has attained binding force as customary international law. *See* Declaration of Tehran, Final Act of the International Conference on Human Rights 3, at 4, para. 2, 23 GAOR, U.N. Doc. A/CONF. 32/41 (1968) (noting status of Universal Declaration of Human Rights, including prohibition against cruel, inhuman or degrading treatment, as customary international law). *Accord De Sanchez v. Banco Central de Nicaragua* (5th Cir. 1985), 770 F.2d 1385, 1397 (noting that the right not to be subjected to cruel, inhuman, and degrading treatment constitutes universally accepted international law). Appellant's death sentence after such delays, not attributable to him, due to errors by the trial court violate norms of international law.

24

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court vacate his

sentence of death, impose a life sentence, or remand for a new sentencing hearing with a jury.

Respectfully submitted,

LAURENCE E. KOMP (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330
lekomp@swbell.net

JOHN P. PARKER (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900
johnpparker@earthlink.net

-and-

ALAN M. FREEDMAN (PHV)
MIDWEST CENTER FOR JUSTICE, LTD.
P.O. Box 6528
Evanston, Illinois 60201
847-492-1563
fbpc@aol.com

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing **APPELLANT'S MERIT BRIEF WITH APPENDIX**
was mailed regular U.S. Mail to Daniel Eichel and Michael A. Oster, Jr. Assistant Butler County
Prosecuting Attorneys at the Government Services Center, 315 High Street, Hamilton, Ohio
45011, on this the 14ᵗ day of May, 2010.

Laurence E. Komp (0060142)
COUNSEL FOR APPELLANT

25

## INDEX TO APPENDIX

1. October 20, 2009 Notice of Appeal ........................................................................................ A-1

2. September 21, 2009 Judgment of Conviction Entry ............................................................. A-3

3. September 21, 2009 Sentencing Opinion .............................................................................. A-5

4. December 29 2008 Entry Journalizing Decisions on Motions Filed by Defendant's ........... A-17

5. Jury Waiver ........................................................................................................................... A-49

6. ORC Ann. 2929.03 (1981) .................................................................................................... A-50

7. ORC Ann. 2929.03 (2010) .................................................................................................... A-52

8. ORC Ann. 2929.06 (1981) .................................................................................................... A-56

9. ORC Ann. 2929.06 (2010) .................................................................................................... A-57

vii

CA 09 10 0263

## IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff, | : | CASE No. CR 1982 12-0614 |
| -vs- | : | |
| VON CLARK DAVIS | : | Judge Daniel Andrew Nastoff |
| | : | Judge Charles Pater |
| Defendant. | : | Judge Keith M. Spaeth |

---

### VON CLARK DAVIS' NOTICE OF APPEAL

---

Defendant-Appellant, Von Clark Davis, hereby gives notice of his appeal to the Twelfth District Court of Appeals, Butler County, Ohio, from the Court's September 21, 2009 judgment entry sentencing him to death and the September 21, 2009 sentencing opinion.

Respectfully submitted,

Laurence E. Komp (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekomp@swbell.et

COUNSEL FOR VON CLARK DAVIS

A - 1

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing *Von Clark Davis' Notice Of Appeal* was hand delivered to Daniel Eichel and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government Services Center, 315 High Street, Hamilton, Ohio  45011, and Jill Cutter, Court Reporter, 3rd Floor Government Services Center, 315 High Street, Hamilton, Ohio  45011 on this the 20th day of October, 2009

COUNSEL FOR VON CLARK DAVIS

2

A-2

**STATE OF OHIO**

      Plaintiff

**vs.**

**VON CLARK DAVIS**

      Defendant

CASE NO. CR1983-12-0614

STATE OF OHIO
COUNTY OF BUTLER
COURT OF COMMON PLEAS
Nastoff, P.J.; Pater and Spaeth, JJ.

: : : : : : : : : : :

FILED
2009 SEP 21 PM 1:5?
CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

**P R I O R I T Y**
**JUDGMENT OF CONVICTION ENTRY**
*[This is a Final Appealable Order.]*

This 8th-10th days of September, 2009, came the Prosecuting Attorney into Court and the Defendant personally appearing with his counsel, Melynda W. Cook-Reich and Randall L. Porter, and the charges, plea of Not Guilty, and Findings of the three-judge panel as to Count One with Specification being set forth in the previous Entry which is expressly included herein by reference. Wherefore, the Defendant being informed that he stands convicted of **AGGRAVATED MURDER** contrary to R.C. 2903.01(A) with **Specification to Count One** pursuant to R.C. 2929.04(A)(5) as charged in Count One of the Indictment, the Court afforded counsel an opportunity to speak on behalf of the Defendant, and the Court addressed the Defendant personally and asked if he wished to make a statement in his own behalf or present any information in mitigation of punishment, and after having heard all the facts adduced by both parties, the panel of three judges having engaged in a determination of sentence for Count One pursuant to the requirements of R.C. 2929.03(D) and having unanimously found, by proof beyond a reasonable doubt, that the aggravating circumstance the Defendant was found guilty of committing outweighs the mitigating factors presented herein, and nothing being shown as to why sentence should not now be pronounced,

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

**Page 1 of 2**

A-3

*State v. Von Clark Davis*, Case No. CR1983-12-0614
*Judgment of Conviction Entry* -- Page 2

It is **ORDERED** as to **Count One** that the **sentence of death** shall be imposed upon the Defendant, which sentence is imposed pursuant to R.C. 2929.02(A) and 2929.03 – 2929.04, said sentence being in addition to a term of imprisonment previously imposed by journal entry as to **Count Two**. Defendant is **FURTHER ORDERED** to pay all costs of prosecution. The Sheriff is hereby **ORDERED** to convey the Defendant to the custody of the **Ohio Department of Rehabilitation and Correction,** forthwith. Defendant was further advised of all of his rights pursuant to Criminal Rule 32, including his right to appeal the judgment, his right to appointed counsel at no cost, his right to have court documents provided to him at no cost, and his right to have a notice of appeal filed on his behalf.

**E N T E R**

ANDREW NASTOFF, Presiding Judge

CHARLES L. PATER, Judge

KEITH M. SPAETH, Judge

**Approved as to Form:**
**ROBIN N. PIPER** (0023205)
**PROSECUTING ATTORNEY**
**BUTLER COUNTY, OHIO**
DGE/MAO
09/15/2009

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

**Page 2 of 2**

A-4

FILED

2009 SEP 21  PM 4: 07

BUTLER COUNTY
CLERK OF COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | * | Case Number: CR1983 12 0614 |
| | * | |
| Plaintiff, | * | Judge Andrew Nastoff, Presiding |
| | * | Judge Charles Pater |
| vs. | * | Judge Keith M. Spaeth |
| | * | |
| VON CLARK DAVIS, | * | **SENTENCING OPINION** |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Court issues this sentencing opinion pursuant to R.C. 2929.03(F).

On January 6, 1984, the Butler County Grand Jury returned a two count indictment against Defendant. Count One of the indictment charged Defendant with aggravated murder in violation of R.C. 2903.01(A) with two specifications. Specification One charged that prior to the offense at bar, Defendant was convicted of murder in the second degree, in violation of R.C. 2901.05 on April 20, 1971, an essential element of which was the purposeful killing of another as specified in R.C. 2929.04(A)(5). Specification Two charged that Defendant had a firearm on or about his person or under his control while committing the offense set forth in Count One, as specified in R.C. 2929.71. Count Two charged Defendant with having weapons under disability in violation of R.C. 2923.13(A)(2).

Defendant pled not guilty to all of the charges and specifications. Defendant waived his right to a jury trial and requested that the matter be tried to a three-judge panel.

Beginning May 4, 1984, Defendant was tried by a three-judge panel that found

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

1

A + 5

Defendant guilty of all charges and specifications. On May 29, 1984, the trial's sentencing phase commenced. At the conclusion of the sentencing phase, the three-judge panel held that the aggravating circumstance outweighed the mitigating factors beyond a reasonable doubt and sentenced Defendant to death.

On September 14, 1988, the Ohio Supreme Court held that the three-judge panel erred by considering and weighing non-statutory aggravating circumstances against mitigating factors when it imposed Defendant's death sentence. The Ohio Supreme Court affirmed Defendant's convictions, but reversed his sentence and remanded the case to the trial court for resentencing.

On remand, Defendant sought to introduce additional mitigation evidence in the form of testimony from prison personnel employed at the Southern Ohio Correctional Facility in Lucasville, Ohio. Defendant argued that the testimony was relevant because it showed good behavior while on death row. The reconstituted three-judge panel did not permit Defendant to offer additional mitigation evidence. Instead, the panel simply reconsidered the evidence presented at the original sentencing phase. Once again, the panel found that the sole aggravating circumstance outweighed the mitigating factors beyond a reasonable doubt and imposed the death penalty.

Both the Twelfth District Court of Appeals and Ohio Supreme Court affirmed Defendant's death sentence. Defendant then petitioned the United States District Court for the Southern District of Ohio for a writ of habeas corpus. The District Court denied

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

2

A-6

Defendant's petition. On appeal, the United States Court of Appeals for the Sixth Circuit reversed Defendant's death sentence, holding that the trial court erred at resentencing when it barred Defendant from presenting new mitigation evidence concerning his good behavior while on death row. On January 29, 2007, the Sixth Circuit remanded the matter to the District Court. On July 19, 2007, the District Court granted Defendant's writ of habeas corpus conditioned upon the State of Ohio granting Defendant a new sentencing hearing.

On remand, this Court assumed jurisdiction over the instant case. On December 19, 2007, to comply with the mandate handed down from the federal courts, this Court granted Defendant a new sentencing hearing. Because the original three-judge panel could not reconstitute, the undersigned three-judge panel was formed pursuant to R.C. 2929.06 and Ohio Rule of Criminal Procedure 25(B).

Pursuant to R.C. 2929.03 and R.C. 2929.04, the undersigned three-judge panel presided over Defendant's resentencing hearing from September 8, 2009 through September 10, 2009 to determine whether the single aggravating circumstance in this case outweighed the mitigating factors beyond a reasonable doubt.

## AGGRAVATING CIRCUMSTANCE

In this case, the aggravating circumstance that is to be weighed against the mitigating factors is as follows: that prior to the offense at bar, the offender was convicted of an offense an essential element of which was the purposeful killing of another. R.C. 2929.04(A)(5).

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

3

A-7

The State of Ohio re-introduced the journal entry of conviction filed in Butler County Common Pleas Case Number 21655 reflecting Defendant's 1971 conviction for second degree murder in violation of R.C. 2901.05. The State further offered portions of the 1984 trial transcript to show then-defense counsel's stipulation to the 1971 entry of conviction, its pertinence to Defendant, and that an essential element of R.C. 2901.05 was the purposeful killing of another. The evidence established that the victim of Defendant's prior purposeful killing was his wife, Ernestine. The State submitted no other evidence. The Court accepted the aforementioned evidence to the extent that it was relevant to the aggravating circumstance committed in this case.

## MITIGATING FACTORS

Mitigating factors are factors which, while they do not justify or excuse the crime, nevertheless in fairness and mercy, may be considered as they call for a penalty less than death, or lessen the appropriateness of a sentence of death. Mitigating factors are those factors about an individual that weigh in favor of a decision that a sentence of life in prison is the appropriate sentence.

As requested by Defendant and in accordance with R.C. 2929.04(B), the Court has weighed against the aggravating circumstance the nature and circumstances of the offense, the history, character, and background of the Defendant, and all of the following:

1. Any other factors that are relevant to the issue of whether the offender should be sentenced to death (R.C. 2929.04(B)(7)):

A. Borderline personality disorder;

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

4

A-8

B. Alcohol abuse;

C. Love and support of family members and friends;

D. Testimony of Defendant's daughter, Sherry Davis, regarding her forgiveness of Defendant for the purposeful killing of her mother;

E. Good behavior while in prison;

F. Childhood and family experience, and the impact of each upon Defendant's personality development and mental health;

G. Remorse and apology;

H. Age (62 years old);

I. Probability of no release from prison;

J. Whether a sentence of life in prison would bring closure to the victim's family;

K. The savings to taxpayers should a life sentence be imposed.

It must be noted that Defendant did not request a pre-sentence investigation or mental examination pursuant to R.C. 2929.03(D)(1); therefore, neither were ordered for the Court's review and deliberation. In consideration of the aforementioned factors, the Court heard evidence from the following individuals.

### Family and Friends

The Court heard testimony from Defendant's mother (Alluster Tipton), step-father (Charles Tipton), younger sister (Carol Smith), younger brother (Victor Davis), daughter (Sherry Davis), and two friends (Rick Rotundo and Fran Welland).

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

5

A-9

The testimony of each witness centered on Defendant's positive aspects and his importance in their lives. Each witness testified to maintaining some amount of contact with Defendant, despite his incarceration on death row. Each witness opposed the re-imposition of the death penalty in this case.

### Prison Personnel

The Court also heard testimony from Defendant's prison case manager, Scott Nowak, regarding Defendant's positive prison record and his position on death row's "extended privilege unit" or "honor block." The Court reviewed Defendant's institutional summary, which revealed no more than a single occurrence of prison misconduct since 1984. Defendant's sole instance of misconduct occurred in 1990.

The Court also heard testimony from Jeremy Stineman, who conducted Alcoholics Anonymous meetings with death row inmates, including Defendant, for several years. Stineman testified that Defendant regularly attended meetings and participated actively.

### Cynthia Mausser

The Court heard testimony from Cynthia Mausser, Chairperson of the Ohio Parole Board, who described the Parole Board's various policies and procedures. Defense counsel posed hypothetical questions to Mausser, who testified that an individual with Defendant's background is "unlikely" to be paroled at the first opportunity, and would "likely" spend a substantial portion of his adult life in prison. Mausser could not, however, state with any certainty if or when Defendant might be paroled if this Court imposed a sentence less than

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

6

A-10

~~...~~ ~~on the other~~. and then

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5494

death. Mausser did testify that if Defendant became parole-eligible, he would be considered for parole at intervals ranging from one to ten years for the rest of his life. Mausser testified that in each instance, the victim's family would be notified and could appear to voice opposition to Defendant's release.

### Dr. Robert Smith

Finally, the Court heard testimony from clinical psychologist and certified addiction specialist, Dr. Robert Smith. Dr. Smith recounted Defendant's social history, including interviews that he conducted with Defendant's family members, some of whom testified during the mitigation phase of this trial. Dr. Smith also reviewed the interview summaries of other individuals who were familiar with the Defendant. Additionally, Dr. Smith reviewed Defendant's prior psychological evaluations, conducted between 1964 and 2002. After conducting interviews and reviewing summaries and evaluations, Dr. Smith met with Defendant twice. Each visit lasted approximately five to six hours. Dr. Smith testified that the aforementioned interviews and evaluations, in the aggregate, provided a sufficiently "rounded" and "longitudinal" picture of the Defendant for purposes of rendering a diagnosis.

Dr. Smith found that at the time of the offense at bar, Defendant suffered from borderline personality disorder and alcohol dependence. Dr. Smith found that Defendant suffers from these co-occurring disorders to this day. In Dr. Smith's opinion, a biological component exists with respect to the borderline personality disorder. It is Dr. Smith's belief that Defendant's borderline personality disorder formed in early adolescence when

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

7

A - 11

Defendant's dysfunctional childhood environment and the biological component coalesced. Dr. Smith testified that his diagnosis does not excuse or justify Defendant's actions in killing Suzette Butler, but offers some explanation as to how or why the killing occurred.

Dr. Smith testified that Defendant's good behavior while in prison is not surprising, given that individuals with borderline personality disorder function well in a highly structured environment such as prison. Ultimately, however, Dr. Smith failed to forecast Defendant's behavior or recommend a treatment plan, should he eventually be released from prison.

## FINDINGS

In order to sentence Defendant to death, the law requires that the three-judge panel find beyond a reasonable doubt that the aggravating circumstance in this case outweighs the mitigating factors. The panel must consider the evidence presented as to the aggravating circumstance that transformed the offense of aggravated murder from a case in which death was not a potential penalty to one in which death is a potential penalty. This aggravating circumstance must be then weighed against the mitigating factors that would weigh in favor of a decision that a sentence of life in prison is the appropriate sentence.

The weighing process is just that. The panel must place the aggravating circumstance on one side and place all of the mitigating factors on the other, and then determine beyond a reasonable doubt whether the aggravating circumstance outweighs the mitigating factors. Proof beyond a reasonable doubt mandates that this panel have a firm

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

8

A - 12

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5496

belief or conviction in what is to be established. Proof beyond a reasonable doubt requires that an ordinary person be willing to act upon that proof in the most important of his or her own affairs.

The aggravating circumstance in this case relates that prior to committing the aggravated murder of Suzette Butler with prior calculation and design, Defendant was previously convicted of purposefully killing Ernestine Davis. The three-judge panel unanimously finds that the aggravating circumstance deserves great weight.

Against the aggravating circumstance, the panel weighs the following mitigating factors:

In accordance with R.C. 2929.04(B), the panel finds nothing mitigating about the nature and circumstances of the offense itself.

The panel has considered the testimony offered to show that Defendant is loved and supported by family and friends. This evidence is not atypical and does not deserve significant weight. The panel has also considered the testimony of Sherry Davis and the fact that she has forgiven Defendant for purposefully killing her mother; however, the panel affords this factor very little weight. The panel further considered the testimony of Defendant's friends and family concerning his dysfunctional family and childhood experiences. The panel finds the testimony to be unconvincing and entitled to little or no weight.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

9

A - 13

The panel considered the impact of Defendant's family experiences upon his personality development and mental health, as detailed in Dr. Robert Smith's testimony. The panel finds that the separate testimony of Defendant's family and friends does not support Dr. Smith's conclusion that Defendant suffered an extreme and dysfunctional upbringing. Nevertheless, assuming that Defendant's background contributed in some way to the development of Defendant's borderline personality disorder and alcohol dependence, the panel still finds that Dr. Smith's diagnosis, even if valid, is entitled to little weight in mitigation.

The panel considered the testimony of Cynthia Mausser offered to show the probability that Defendant would never be released from prison if given a sentence less than death. The panel unanimously finds this evidence to be highly speculative and unconvincing and entitled to no weight.

The panel considered the Defendant's good behavior while in prison, the Defendant's advanced age, and the Defendant's remorse and apology during his unsworn statement. The panel attributes little weight to each factor.

Finally, Defendant proposed that the panel should consider that a life sentence in this case would be economically beneficial to taxpayers and would bring closure to the victim's family. The panel is uncertain whether these factors are relevant mitigating factors under Ohio law; nonetheless, the panel considered Defendant's evidence and arguments to ensure that he had a full opportunity to present all mitigating evidence during the sentencing phase.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

10

A-14

After considering evidence and testimony relevant to these factors, the panel affords them no weight.

The panel must weigh all of the relevant mitigating factors, adjudge the collective weight of the factors, and determine if the sole aggravating circumstance in this case outweighs the mitigating factors beyond a reasonable doubt.

In performing that task, the Judges of this panel unanimously find that the aggravating circumstance outweighs, beyond a reasonable doubt, the individual and the aggregate of the mitigating factors present in this case. Therefore, the panel finds that the sentence of death shall be imposed upon the Defendant, Von Clark Davis.

**SO ORDERED.**

ENTER,

_____
Andrew Nastoff, Judge

_____
Charles Pater, Judge

_____
Keith M. Spaeth, Judge

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

11

A-15

cc:

Michael A. Oster, Jr.
Assistant Prosecuting Attorney
315 High Street, 11th Floor
Hamilton, OH 45011

Randall L. Porter
Assistant State Public Defender
8 East Long Street – 11th Floor
Columbus, Ohio 43215

Melynda Cook-Reich
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45042

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

12

A -16

COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO

              Plaintiff,

vs.

VON CLARK DAVIS,

              Defendant.

FILED BUTLER CO.
COURT OF COMMON PLEAS
DEC 2 9 2006
CINDY CARPENTER
CLERK OF COURTS

\* Case Number: CR1983 12 0614
\*
\* **Judge Andrew Nastoff**
\*
\* **ENTRY JOURNALIZING**
\* **DECISIONS ON MOTIONS**
\* **FILED BY DEFENDANT**
\*
\*
\*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

    This matter comes before the Court upon various motions filed by Defendant, Von Clark

Davis. The Court has considered the motions and responses of the parties, as well as the applicable

law. The Court decides each motion as follows:

    <u>D. Defendant's Motion for Disclosure of Exculpatory Evidence</u>

    Defendant moves this Court to require the prosecuting attorney to release all exculpatory

evidence in this case pursuant to *Brady v. Maryland* (1963), 373 U.S. 83. The State does not oppose

Defendant's motion, and agrees to honor both the present and original demand for discovery in this

case, filed on February 1, 1984. This Court will require the prosecuting attorney to observe the

disclosure requirements announced in *Brady* and its progeny. While the Court is unaware of any

*Brady* issues at this point, any future requests or concerns should be brought to the Court's attention.

    <u>E. Motion for Order Directing that a Complete Copy of the Prosecutor's File Be Made and
Turned Over to the Court for Review and to Be Sealed for Appellate Review</u>

    Defendant seeks an order requiring the State to provide a complete copy of its file to this

Court for review to ensure compliance with the rules of discovery.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

1

A-17

The State's discovery obligations are set forth in Crim.R. 16. There is no requirement that the Court independently review the State's file to ensure compliance with discovery. In fact, the Twelfth Appellate District has held that it was error for a trial court to order an *in camera* inspection of the State's file after the State represented to the Defendant, in response to his general discovery requests for exculpatory evidence in the State's possession, that no material and exculpatory evidence existed in its file. *State v. Craft*, 149 Ohio App.3d 176, 2002-Ohio-4481. Accordingly, Defendant's motion is denied.

F. Motion to Dismiss Capital Specification in the Indictment

Defendant moves this Court to dismiss the capital specification contained in his indictment. In support, Defendant raises a host of constitutional challenges to Ohio's death penalty statute, under which he was convicted in 1984. Defendant moves to dismiss the capital specification on the following grounds, in sequence:

[1] Ohio's death penalty statutory scheme violates the United States and Ohio constitutional prohibitions against arbitrary and unequal punishment. Defendant asserts that Ohio's system imposes death in a racially discriminatory manner and is neither the least restrictive punishment nor an effective deterrent.

[2] Ohio's death penalty statutes are unconstitutional because of unreliable sentencing procedures. Specifically, Defendant argues that Ohio's statutory scheme is unreliable due to its vague mitigating factors and its "failure to require the State to prove the absence of any mitigating factors or that death is the only appropriate penalty."

[3] A bifurcated capital trial using one jury violates Defendant's right to effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments.

[4] Ohio's death penalty statutes unconstitutionally fail to provide individualized sentencing because they require proof of aggravating circumstances in the guilt phase.

[5] Ohio's death penalty scheme imposes an impermissible risk of the death penalty when a defendant exercises a right to a jury trial.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

2

A - 18

[6] Ohio's death penalty statutes are unconstitutional because R.C. 2929.03(D)(1) requires submission of defense-requested pre-sentence investigations and mental evaluations to the judge or jury.

[7] The definition of mitigating factors contained in R.C. 2929.04(B)(7) is unconstitutional because it allows the jury to consider any other factors as potential mitigating factors, and permits the sentencer to convert the defendant's (B)(7) mitigation evidence into reasons for imposing the death penalty.

[8] R.C. 2929.04(A)(7) fails to narrow the class of individuals eligible for the death penalty. Defendant argues that 2929.04(A)(7) merely repeats the elements of felony murder as defined in R.C. 2903.01(B), and delegates a harsher punishment to the felony murderer than the punishment imposed on a premeditated murderer.

[9] R.C. 2929.03(D)(1) and R.C. 2929.04 are unconstitutionally vague. Defendant argues that the interplay between R.C. 2929.03(D)(1) and 2929.04(B) incorporates the nature and circumstances of an offense into non-statutory aggravating circumstances.

[10] Ohio's proportionality and appropriateness review are constitutionally infirm.

[11] Ohio's death penalty statutory scheme is unconstitutional by failing to afford the sentencing authority the option to impose a life sentence of imprisonment or to grant mercy, regardless of whether aggravating circumstances outweigh mitigating factors.

[12] Ohio's "proof beyond a reasonable doubt" standard is unconstitutional and must be replaced by a "proof beyond all doubt" standard.

[13] Lethal injection is cruel and unusual punishment.[1]

[14] Ohio's death penalty scheme violates international law and the Supremacy Clause of the United States Constitution.

This is not Defendant's first attempt to dismiss the death specification under which he was convicted. In his initial appeal to the Twelfth District in 1984, Defendant asserted as his first assignment of error that the trial court "fail[ed] to dismiss the death penalty specifications against the defendant on the grounds that the death penalty is unconstitutional." *State v. Davis* (1986), 12th Dist. App. No. CA84-06-071, 1986 WL 5989 at *2. The Twelfth District overruled the assignment of error and affirmed Defendant's conviction, and in doing so, dismissed most of the arguments and issues

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

3

A - 19

raised by the instant motion. *Id.* at *2-5. On direct appeal in 1988, the Supreme Court of Ohio also affirmed Defendant's conviction after considering and rejecting the same constitutional challenges to Defendant's capital specification. *State v. Davis* (1988), 38 Ohio St.3d 361, 366-367; 528 N.E.2d 925.

"Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." *Baldwin v. Traveling Men's Assn.* (1931), 283 U.S. 522, 525, 51 S.Ct. 517. "[The] doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts . . . ." *Hart Steel Co. v. Railroad Supply Co.* (1917), 244 U.S. 294, 299, 37 S.Ct. 506.

Pursuant to the holding in *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, 781, Defendant is before this Court for resentencing – nothing more. Accordingly, this Court does not sit in a trial posture, nor is this case before the Court on an appeal from a judgment of conviction. Defendant has already challenged the constitutional validity of the capital specification on appeal. Defendant's challenges have been rejected by superior courts and Defendant is bound by those holdings. Defendant does not suggest that he was prevented, at trial or on appeal, from raising a defense or due

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

---

1 Defendant's thirteenth challenge will be discussed separately, *infra*.

4

A-20

process violation regarding the capital specification. Therefore, Defendant's attempt to re-litigate the propriety of the capital specification in this case is untimely and barred by the doctrine of *res judicata*. Defendant's motion is denied.

### G. Motion to Suppress Pretrial and Trial Identifications

Defendant moves this Court "to suppress all pretrial and trial identifications provided by witnesses who were exposed to unduly suggestive pretrial identification procedures." Defendant's basis for the motion revolves around the testimony of two trial witnesses, Cozette Massey and Anthony Ferguson, who testified that investigating officers showed them a single photograph of the Defendant before asking them to identify the perpetrator in this case. Massey and Ferguson identified the Defendant as the individual responsible for shooting the victim, Suzette Butler. Defendant argues that the officers' procedure did not comply with due process requirements, as it was so suggestive that it gave rise to a substantial likelihood of misidentification. Defendant urges this Court to suppress both Massey's and Ferguson's pretrial and in-court identifications. Defendant also moves for the suppression of all subsequent pretrial and in-court identifications of the Defendant unless the State can show that the identifications were obtained without the use of unduly suggestive procedures.

The Court denies Defendant's motion on several grounds. First, Defendant waived any objection to the admissibility of the aforementioned pretrial and in-court identifications when he failed to file a motion to suppress prior to the submission of the evidence to the trial court. Pursuant to Crim.R. 12(C)(3), motions to suppress evidence must be filed before trial. "Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial . . . shall constitute waiver of the defenses or objections . . . ." Crim.R. 12(H), see also *State v. Phillips* (1995) 74 Ohio St.3d 72, 97, 656 N.E.2d 643, citing *State v. Ward* (1978), 53 Ohio St.2d 182, at paragraph three of

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

5

A - 21

the syllabus (holding that "[t]he failure [of a criminal defendant] to move within the time specified by Crim.R. 12(C) for the suppression of evidence on the basis of its illegal obtainment constitutes a waiver of the error."), see also *State v. F.O.E. Aerie 2295 Port Clinton* (1988), 38 Ohio St.3d 53, 54-55, 526 N.E.2d 66 (noting that Crim.R. 12(G)[2], in turn, states that "[f]ailure by the defendant to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court . . . or prior to any extension thereof made by the court, shall constitute waiver thereof. . .").

Second, Defendant waived any right to subsequently attack the pretrial and in-court identifications when he failed to object to their introduction at trial in May of 1984. Pursuant to Evid.R. 103(A)(1), "error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . in case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context . . . ." Thus, to preserve the argument that he now advances, Defendant was required to object at the time the identifications were offered into evidence. Defendant failed to do so. The Ohio Supreme Court has consistently held that "[t]he waiver rule requires that a party make a contemporaneous objection to alleged trial error in order to preserve that error for appellate review. The rule is of long standing, and it goes to the heart of an adversary system of justice. Even constitutional rights 'may be lost as finally as any others by a failure to assert them at the proper time.'" *State v. Murphy* (2001), 91 Ohio St.3d 516, 532, 747 N.E.2d 765, quoting *State v. Childs* (1968), 14 Ohio St.2d 56, 236 N.E.2d 545. The waiver rule was explained in *State v. Slagle* (1992), 65 Ohio St.3d 597, 604, 605 N.E. 916, quoting *State v. Craft* (1977), 52 Ohio App.2d 1, 4-5, 367 N.E.2d 1221:

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

---

2 In 2001, Crim.R. 12(G) was redesignated as Crim.R. 12(H).

A-22

This rule is a product of our adversarial system of justice. "Its purpose is practical: to prevent the defensive trial tactic of remaining silent on a fatal error during trial with the expectation of demanding a reversal on appeal if the verdict is guilty." The rule is also consistent with the structure of our court system. An appellate court is not to be the first court to decide an issue; it is to review decisions made by the trial court after the lower court has had an opportunity to hear the arguments of the parties."

While the Criminal Rules permit this Court to grant relief from waiver for good cause shown, Defendant has not advanced a persuasive argument as to why this Court should suppress the identifications roughly 24 years post-trial and conviction. There are no new facts to bolster Defendant's arguments that have come to light since his initial trial; rather, the record reveals that prior to trial Defendant was aware of the police procedures used to obtain the identifications. Defendant cannot now, in hindsight, claim error when there was no initial attempt to suppress or object to the evidence. To do so would strip the waiver rule of its effectiveness and would encourage the type of defensive trial tactics warned of in *Slagle*.

Third, this Court has no jurisdiction to consider Defendant's motion to suppress the pretrial and in-court identifications. Under the law of the case doctrine, "decisions made by a reviewing court regarding legal questions remain the law of the case for all subsequent proceedings at both the trial and appellate levels." *Byrd v. Smith* (2008), 12th Dist. App. No. CA2007-08-093, 2008 WL 2789292, ¶12, citing *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, syllabus, 462 N.E.2d 410. "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no jurisdiction to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan*, 11 Ohio St.3d at syllabus. The purpose of the doctrine is to prevent litigants from attempting to rely upon arguments at retrial or resentencing that were fully litigated, or could have been fully litigated, in earlier appeals. *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404-405, 659 N.E.2d

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

7

A-23

781 (stating that the doctrine is "necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution."). As a result, the doctrine prohibits a trial court from vacating or modifying a judgment that has been affirmed on appeal, as "this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 98, 378 N.E. 2d 162.

Pursuant to the holding in *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, 781, Defendant is before this Court solely for resentencing. There is no mandate from the United States Court of Appeals for the Sixth Circuit to consider arguments relating to Defendant's underlying conviction or guilt. There are no extraordinary circumstances in this case that call Defendant's conviction into question. Defendant's 1984 conviction is final and his guilt was affirmed by the Twelfth District Court of Appeals and the Ohio Supreme Court. See *State v. Davis* (1986), 12th Dist. App. No. CA84-06-071, 1986 WL 5989; see also *State v. Davis* (1988), 38 Ohio St.3d 361, 528 N.E.2d 925. Consequently, this Court is prohibited from suppressing the pretrial and in-court identifications in this case, for to do so would disturb all previous appellate decisions affirming Defendant's guilt and cause this Court to exceed the scope of its remand from the Sixth Circuit. Defendant's challenges are not appropriate for a resentencing hearing.

Fourth, because this Court has previously found that Defendant could have attacked the pretrial and in-court identifications in his first appeal, the issues raised by the instant motion are barred by the doctrine of *res judicata*. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant from further litigation of issues which were raised or could have been raised previously on appeal. *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

8

A-24

Defendant does not suggest that he was unable to or prevented from raising the instant issues on direct appeal. Consequently, Defendant is bound by his failure "to avail himself of all available grounds for relief" on direct appeal, and his motion is untimely. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 383, 653 N.E.2d 226. Defendant's motion is denied.

I. Motion for pretrial disclosure of police reports and witness statements

Defendant moves this Court to use its discretionary authority to order the State "to disclose, prior to trial all police reports concerning the instant offense and the prior murder, as well as the prior statements made by its witnesses." Defendant argues that such disclosure is necessary to expedite the procedure set forth in Crim.R. 16(B)(1)(g), a Rule that he envisions invoking at his resentencing hearing. Crim.R. 16(B)(1)(g) provides:

> **In camera inspection of witness' statement.**
> Upon completion of a witness' direct examination at trial, the court on motion of the defendant shall conduct an in camera inspection of the witness' written or recorded statement with the defense attorney and prosecuting attorney present and participating, to determine the existence of inconsistencies, if any, between the testimony of such witness and the prior statement.
>
> If the court determines that inconsistencies exist, the statement shall be given to the defense attorney for use in cross-examination of the witness as to the inconsistencies.
>
> If the court determines that inconsistencies do not exist the statement shall not be given to the defense attorney and he shall not be permitted to cross-examine or comment thereon.
> Whenever the defense attorney is not given the entire statement, it shall be preserved in the records of the court to be made available to the appellate court in the event of an appeal. (Emphasis added.)

Defendant argues that Crim.R. 16(B)(1)(g) will be "cumbersome" and "unwieldy" if this Court refuses to allow his defense counsel to examine police reports and witness statements until after each witness has testified on direct examination. Defendant envisions repeated interruptions for

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

9

A-25

sidebars and recesses, coupled with long delays in the proceedings so that defense counsel may review each respective witness statement.  Defendant notes that without disclosure it will be difficult for defense counsel to absorb the details of lengthy witness statements for purposes of bringing inconsistencies to the Court's attention, and will hinder defense counsels' ability to effectively weave any inconsistencies into cross examination.  Defendant also argues that disclosure will bring to light any exculpatory evidence that was inadvertently withheld by the prosecution; thus, reducing the possibility of a mistrial or continuance to develop that evidence.

Despite the fact that Defendant's motion mistakenly suggests that this Court sits in a pretrial posture, when in fact, pursuant to the United States Court of Appeals for the Sixth Circuit's holding in *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, 781, this case is before the Court solely for resentencing, it would be an abuse of discretion for this Court to require the prosecution to disclose the requested police reports and witness statements.

The Twelfth District, in *State v. Craft* (2002), 12th Dist. App. No. CA2001-09-202, 2002-Ohio-4481, ¶ 14, has held that a trial court abuses its discretion when it orders discovery above and beyond the express requirements of Crim.R. 16.  In *Craft*, the defendant was indicted for aggravated murder in a killing that had occurred approximately thirty years earlier.  *Id.* at ¶ 2.  The defendant requested discovery, including the names and addresses of all witnesses interviewed in connection with the State's investigation, and the disclosure of all witness statements obtained during the investigation.  *Id.* at ¶ 3.  The State refused to provide the names and addresses of its witnesses and also refused to disclose any witness statements.  *Id.*  After holding a discovery hearing on the matter, the trial court required the State to provide the names and addresses of interviewed witnesses and to disclose witness statements for purposes of an in camera *Brady* inspection.  *Id.* at ¶ 4.  The trial court

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

10

A-26

reasoned that "fundamental fairness" required disclosure due to fact that nearly thirty years had passed since the alleged crime occurred. *Id.*

The State filed an interlocutory appeal, arguing that the trial court erred by ordering discovery that exceeded the scope of Crim.R. 16(B). *Id.* at ¶ 7. The Twelfth District, while noting that "the granting or overruling of discovery motions in a criminal case rests within the sound discretion of the trial court," nonetheless held that the trial court abused its discretion when it ordered the State to disclose the witness names and addresses. *Id.* at ¶ 10, citing *State v. Shoop* (1993), 87 Ohio App.3d 462, 469, 622 N.E.2d 665. The Twelfth District reasoned:

> Crim.R. 16(B)(1)(e) specifically addresses the disclosure of names and addresses of witnesses, and requires disclosure only of witnesses the state intends to call at trial. Thus, the trial court's order expands an area of discovery already addressed by Crim.R. 16. Permitting such discovery is inconsistent with the discovery procedure provided for in Crim.R. 16 .... *Id.* at ¶ 14.

Turning to the disclosure of witness statements, the Twelfth District held that when a defendant makes a general *Brady* request for exculpatory material, "the prosecution, not the trial judge, ordinarily bears the duty of examining documents for potential *Brady* material." *Id.* at ¶ 23, citing *State v. Lawson* (1992), 64 Ohio St.3d 336, 343, 595 N.E.2d 902. The court found that the defendant's *Brady* requests were general in nature and that the State had represented that no exculpatory material existed in its file. *Id.* at ¶ 25. Thus, absent a showing that the defendant was aware of existing exculpatory evidence that had been withheld, "the state's decision on the disclosure of *Brady* material should have been final," and the trial court abused its discretion by ordering the in camera inspection. *Id.*

The Twelfth District went on to explain that a trial court's broad discretionary power over discovery matters come into play when a party attempts to discover material that is not specifically

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

11

A-27

identified by Crim.R. 16. *Id.* at ¶ 16. Even then, "some evidence should be presented justifying a departure from standard practice unless such a need is readily apparent," such as a demonstration that the requested evidence is potentially exculpatory and unobtainable by reasonable means. *Id.*, citing *State v. Stutts* (1991), Lorain App. No. 90CA004879, citing *United States v. Richter* (9th Cir. 1973), 488 F.2d 170, 175.

Crim.R. 16 specifically addresses the disclosure of police reports and witness statements. Crim.R. 16(B)(1)(g) requires that witness statements and police reports be disclosed at trial, following a witness' direct examination. See *State v. Jenkins* (1984), 15 Ohio St.3d 164 (holding that the portion of a police officer's report detailing his first-hand observations and recollection is considered to be a "statement" for purposes of Crim.R. 16(B)(1)(g), and is subject to in camera review at the conclusion of the officer's direct examination).[3] Therefore, pursuant to *Craft*, Defendant's request to require the prosecution to disclose such evidence before trial must be denied for exceeding the scope of discovery under Crim.R. 16. Defendant cannot alternatively argue that because the State's witnesses have already testified on direct examination at trial, this Court is obligated to hold an in camera inspection of witness statements. Any State witness in this case testified on direct examination roughly twenty-four years ago. A request to review those witness statements is simply untimely. Finally, Defendant cannot couch his request for disclosure as an expeditious and cautionary measure with respect to the potential existence of withheld *Brady* material. Defendant has already requested that the State turn over any existing *Brady* material pursuant to Crim.R. 16(B)(1)(f). The State has represented that it has complied with Defendant's request. Defendant has not alleged that other exculpatory

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

---

3 Any portion of a police report detailing events beyond the officer's personal observation is privileged and excluded from discovery pursuant to Crim.R. 16(B)(2). *Jenkins*, 15 Ohio St.3d at 225.

12

A-28

evidence exists and has been withheld, and the prosecution's decision on disclosure is final. Defendant's motion is denied.

### J. Motion to Compel Law Enforcement Officials to Provide the Prosecuting Attorney with All the Information Acquired During the Course of Their Investigation

Defendant moves this Court to require law enforcement officials to turn over all material acquired during the investigation of the case. Defendant is concerned that he may not receive proper discovery of evidence without such an order.

The Court orders that the Hamilton Police Department shall make available to the Prosecuting Attorney of the State the investigatory file regarding the crimes for which Defendant has been charged, and the State shall independently review the same. The State shall comply with CrimR. 16(B)(1)(f) and *Brady v. Maryland* (1963), 373 U.S. 83, 87, 83 S.Ct. 1194 with regard to materials contained within the investigatory file. The State shall certify to this Court that it has reviewed the investigatory file and complied with Crim.R. 16.

### L. Defendant's Memorandum Concerning his Right to a Jury Trial with Respect to Resentencing

Defendant moves this Court to withdraw his initial jury waiver, entered into in 1984. A review of the record reveals that on May 8, 1984, Defendant waived his right to a jury trial in open court. Defendant and his attorneys each signed a waiver form electing a three judge panel in this case. At the hearing, the trial court engaged in a colloquy with Defendant, during which he stated that he had read and signed the waiver form under his own volition. Defendant also acknowledged that by waiving his right to a jury, he understood that his case would be submitted to a three judge panel.

Defendant now attempts to assert his Sixth Amendment constitutional right, espoused in *Ring v. Arizona* (2002), 536 U.S. 584, 122 S.Ct. 2428, interpreting *Apprendi v. New Jersey* (2000), 530

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

13

A - 29

U.S. 466, 120 S.Ct. 2349, to have a jury determine the penalty to be imposed in this case.  In *Ring*, the United States Supreme Court reaffirmed a defendant's right to have a jury find, beyond a reasonable doubt, the facts relevant to death penalty eligibility, such as capital specifications.  Defendant argues that his 1984 jury waiver did not waive his Sixth Amendment right prior to proceeding to a three judge panel because that right did not exist at the time of his original trial.  Defendant also argues that his jury waiver was not made knowingly, intelligently, and voluntarily with respect to his sentencing phase because the trial court did not inform him that he had a statutory right to have a jury decide his sentence.  For the following reasons, Defendants arguments are not well taken.

First, any contention that Defendant's jury waiver was not knowing, intelligent, and voluntary is without merit.  A defendant's jury "[w]aiver may not be presumed from a silent record.  However, if the record shows a jury waiver, the conviction will not be set aside except on a plain showing that the defendant's waiver was not freely and intelligently made."  *State v. Fitzpatrick,* 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 37, citing *Adams v. United States ex rel. McCann* (1942), 317 U.S. 269, 281, 63 S.Ct. 236.  A written waiver is presumed to be voluntary, knowing, and intelligent. *United States v. Sammons* (6th Cir. 1990), 918 F.2d 592, 597; *State v. Bays* (1999), 87 Ohio St.3d 15, 19, 716 N.E.2d 1126.  "There is no requirement for a trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial."  *State v. Jells* (1990), 53 Ohio St.3d 22, 559 N.E.2d 464, paragraph one of the syllabus.  "The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel. While it may be better practice for the trial judge to enumerate all the possible implications of a waiver of a jury, there is no error in failing to do so." (Citation omitted.) Id. at 26; see, also, *State v. Thomas,* 97 Ohio St.3d 309, 2002-Ohio-6624, ¶

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

14

A - 30

26; *Bays,* 87 Ohio St.3d at 20, 716 N.E.2d 1126 (trial court's failure to explain that a single juror can block a death recommendation did not invalidate a jury waiver).

Here, Defendant executed a written jury waiver in open court. The trial court's colloquy sufficiently advised Defendant of his constitutional right to a jury trial. This Court rejects Defendant's claim that his waiver was invalid because the trial court failed to inform him that a jury waiver applied to both phases of trial, and of his specific statutory right to a jury trial. To the contrary, the record in this case demonstrates that Defendant knew that by waiving his right to a jury, a three judge panel would decide his sentence. This is evidenced by the following exchange at the 1984 hearing:

> Prosecution: Your honor, it's our understanding that the Court must be unanimous in it's [sic] verdict as to guilt and punishment also and a majority . . . can rule on all other matters pertaining to evidence as provided in the statute.

> Court: Do you understand what he's saying?

> Defendant: Yes, uh-uhm.

> Court: He's saying that the majority that [sic] the court could rule on evidence and findings of fact, but the ultimate conclusion of your innocence would have to be determine [sic] by unanimous vote of all the three judges.

> Defense counsel: As well the penalty phase obviously if it ever got to that.

> Court: And it goes to all phases except as to the rulings on the evidence and findings of fact.

As the record shows, all were aware, including Defendant, that a jury waiver applied to both phases of trial, and that a three judge panel would determine Defendant's sentence should the need arise. There is nothing in the record to overcome the presumption that Defendant's written jury waiver constituted a knowing, intelligent, or voluntary waiver.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

15

A-31

Second, Defendant's argument that his jury waiver was not knowing, intelligent, and voluntary is barred by the doctrine of *res judicata*. On two previous occasions, Defendant has attacked the validity of his jury waiver. In each instance, Defendant's arguments were considered and rejected. *State v. Davis* (1992), 63 Ohio St.3d 44, 48-49, 584 N.E.2d 1192 (holding "[a]s nothing in the record suggests that [Defendant] was misinformed regarding the distinctions between trial by panel or trial by jury a the time [Defendant] signed the 1984 waiver, [Defendant's] 'informed choice' argument lacks merit."); *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, 781 (overruling Defendant's third assignment of error, wherein he contended that he should have been permitted to withdraw his jury waiver prior to resentencing because it was involuntarily entered into).

"Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." *Baldwin v. Traveling Men's Assn.* (1931), 283 U.S. 522, 525, 51 S.Ct. 517. "[The] doctrine of *res judicata* is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, 'of public policy and of private peace,' which should be cordially regarded and enforced by the courts . . . ." *Hart Steel Co. v. Railroad Supply Co.* (1917), 244 U.S. 294, 299, 37 S.Ct. 506.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

16

A-32

Defendant has attempted to invalidate his jury waiver on appeal. His challenges have been rejected by superior courts and he is bound by those holdings. Defendant does not suggest that he was prevented, at trial or on appeal, from fully attacking the validity of his jury waiver. Therefore, Defendant's attempt to re-litigate the propriety of his jury waiver in this case is untimely and barred by the doctrine of *res judicata*.

Third, Defendant's reliance upon *Ring* is misplaced due to the fact that he knowingly, intelligently, and voluntarily waived his right to a jury trial. See *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, 780, footnote 8 (stating "[o]bviously, *Ring's* mandates would apply only in situations in which the criminal defendant did not exercise the prerogative to waive the constitutional right to a jury trial."). While Defendant's Sixth Amendment rights may not have been recognized at the time of his original trial, the preceding analysis demonstrates that he was aware of the consequences of a jury waiver.

Fourth, Defendant's attempt to withdraw his jury waiver is untimely and runs contrary to Ohio's statutory capital resentencing procedure. Pursuant to R.C. 2945.05, Defendant was free to withdraw his jury waiver "at any time before the commencement of the trial." This Court does not sit in a pretrial posture; rather, the guilt phase of Defendant's trial has been concluded and the sentencing phase awaits. Because Defendant failed to withdraw his jury waiver prior to the guilt phase in this case, he naturally abandoned any right to withdraw said waiver. Defendant's attempt to withdraw his jury waiver is therefore untimely.

Further, because he was originally convicted by a three judge panel in this case, Ohio law requires a three judge panel to resentence Defendant. R.C. 2929.06(B) states:

> Whenever . . . any federal court sets aside, nullifies, or vacates a
> sentence of death imposed upon an offender because of error that
> occurred in the sentencing phase of the trial . . . , the trial court that

**Judge Andrew Nastoff**
Common Pleas Court
Butler County, Ohio

17

A-33

sentenced the offender shall conduct a new hearing to resentence the offender. If the offender was tried by a jury, the trial court shall impanel a new jury for the hearing. *If the offender was tried by a panel of three judges, that panel or, if necessary, a new panel of three judges shall conduct the hearing.* (Emphasis added).

Because Defendant was tried by a three judge panel, the express wording of R.C. 2929.06(B) vests the exclusive responsibility to determine Defendant's sentence in a three judge panel and not in a jury. Accordingly, under no circumstances would Defendant be entitled to a hybrid or bifurcated trial, whereby a three judge panel determines his guilt while a jury determines his sentence. *State v. Ketterer* (2006), 111 Ohio St.3d 70, 2006-Ohio-5283, ¶124 (holding that "R.C. 2945.06, as well as Crim.R. 11(C)(3), contains no provisions permitting an accused charged with aggravated murder to waive a jury, request that three judges determine guilt upon a plea of guilty, and then have a jury decide the penalty."); see also *State ex rel. Mason v. Griffin* (2004), 104 Ohio St.3d 279, 2004-Ohio-6384, ¶15-17 (issuing a writ of prohibition against a trial judge who employed "a hybrid procedure-a jury sentencing hearing to make certain findings upon which [the trial judge] would base his sentencing decision."). This conclusion is consistent with Ohio Supreme Court holdings, which require trial courts to conduct capital proceedings strictly according to statute. See *Griffin*, 104 Ohio St.3d at ¶15; see also *State v. Penix* (1987), 32 Ohio St.3d 369, 373. Because this Court has no authority to disregard the procedure set forth in R.C. 2929.06(B), Defendant's request to withdraw his jury waiver must be denied.

In denying Defendant's motion, this Court recognizes that the United States Court of Appeals for the Sixth Circuit, in remanding this case for resentencing, questioned the propriety of holding Defendant to a jury waiver entered into approximately 25 years ago. *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, 780-781. In doing so, the Sixth Circuit debated whether Defendant's failure to

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

18

A-34

withdraw his jury waiver in accordance with R.C. 2945.05 should solely determine the issue now before the Court. *Id.* The Sixth Circuit remarked:

> We note that under Ohio Revised Code § 2945.05, a waiver of jury trial "may be withdrawn by the defendant at any time before the commencement of trial." Granted, the resentencing hearing that we order today will not constitute a "trial" in the sense that the petitioner's guilt or innocence is again at issue. However, in this case, the proceeding can indeed be considered the functional equivalent of "trial" because, unlike sentencing in a non-capital case, it will take the form of an evidentiary proceeding on the question of whether Davis should receive the death penalty or some form of a life sentence.
>
>            *      *      *
>
> . . . Ohio courts have held, in reversing a conviction "on the basis that [the defendant] was neither charged nor found guilty of an essential element of the offense," that the defendant's "previous waiver of a jury trial is also inherently revoked by the reversal of the conviction and the [amended] indictment." *State v. McGee*, 128 Ohio App.3d 541, 715 N.E.2d 1175, 1178 (Ohio Ct.App.1998). That conclusion was based on the fact that on remand, additional evidence would be introduced from both the prosecution and the defense, as is likely to occur on remand of this case. While not directly on point, because Davis is not facing a new indictment, the reasoning of the Ohio court in *McGee* should certainly inform the sentencing court's determination of the viability of Davis's jury waiver on remand.

In *McGee*, the defendant was charged with child endangerment under R.C. 2919.22(A). *McGee*, 128 Ohio App.3d at 542. The indictment in the case mirrored the statutory language.[4] *Id.* McGee waived her right to a jury trial and was convicted as charged. *Id.* In convicting McGee, the trial court relied upon then applicable precedent which held that a violation of R.C. 2919.22(A) was a strict liability offense. *Id.* McGee appealed her conviction, arguing that recklessness was the applicable mental state under R.C. 2919.22(A), and that there was no evidence of recklessness presented at the trial level. *Id.* On appeal, the Third District Court of Appeals overruled the precedent

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

---

4 "Deanna [ *sic* ] L. McGee, on or about the 24th day of February, 1994, at the County of Logan aforesaid, being the parent of a child under the age of eighteen years, did create a substantial risk to the health or safety of said child, by violating a duty of care, protection or support resulting in serious physical harm. In violation of Section

19

A - 35

finding R.C. 2919.22(A) to be a strict liability offense, and held that negligence was the proper

culpable mental state. *Id.* at 542-543. The Third District affirmed the trial court's judgment after

finding adequate evidence that McGee acted negligently. *Id.* at 543. McGee appealed the Third

District's decision to the Ohio Supreme Court, which held that recklessness, not negligence, was the

essential mens rea element of R.C. 2919.22(A). *State v. McGee* (1997), 79 Ohio St.3d 193, 680

N.E.2d 975, syllabus. The Supreme Court reversed and remanded to the trial court. *Id.* at 977.

On remand, the trial court permitted the State to amend the indictment to include the element

of recklessness. *McGee*, 128 Ohio App.3d at 543. The trial court denied; however, McGee's motions

for a new trial and to withdraw her jury waiver. *Id.* The trial court determined that the Supreme

Court's remand called for nothing more than a continuation of the previous trial, and thus, permitted

McGee to call witnesses on the issue of recklessness. *Id.* at 545. McGee was ultimately convicted as

charged under the amended indictment. *Id.* at 543.

McGee again appealed her conviction, arguing that she was entitled to a new trial and to

withdraw her jury waiver on remand. *Id.* McGee argued that the remand, coupled with the amended

indictment, required the trial court to proceed anew – first to arraignment, and then to a new jury trial

where the State must prove each element of the new indictment beyond a reasonable doubt. *Id.* at 545.

The Third District agreed, holding:

> In view of the fact that the Supreme Court reversed McGee's
> conviction on the basis that she was neither charged with nor found
> guilty of an essential element of the offense, we believe that the only
> appropriate action for the trial court to take is to proceed anew from
> arraignment on the amended indictment to a new trial. We further
> conclude that McGee's previous waiver of a jury trial is also
> inherently revoked by the reversal of the conviction and the new
> indictment in this case. *Id.*

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

---

2919.22(A), Endangering Children, a felony of the fourth degree. "

20

A-36

Simply put, *McGee* lends no support to the instant motion. Not only is *McGee* not directly on point, but the factual and procedural differences between it and Defendant's case render it nothing more than vaguely analogous. The only similarity between the two cases is the fact that Defendant has the ability to introduce additional evidence on remand. Unlike the defendant in *McGee*, Defendant's conviction has not been reversed and he does not face a new indictment. Defendant's conviction remains undisturbed; therefore, unlike *McGee*, he will not be introducing evidence on the issue of guilt. These differences are material. The *McGee* trial court was required to proceed anew to a new jury trial, if desired, because the defendant was not found guilty of an essential element of the offense. Thus, the reversed conviction and subsequent amended indictment required the State to begin from square one, procedurally, if it wished to prosecute McGee for her alleged criminal offense. Here, no similar procedural or factual event has occurred that would entitle Defendant to a new jury trial or automatically revoke his jury waiver. Defendant's guilt has been conclusively established and he is solely before this Court for resentencing. To say that Defendant should be permitted to withdraw his jury waiver simply because his resentencing hearing may be considered the functional equivalent of a trial glosses over and gives short shrift to the significant procedural differences between *McGee* and the instant case. For the preceding reasons, the Court finds *McGee* unpersuasive.

Additionally, the Sixth Circuit ignored this Court's duty to convene a three judge panel in accordance with R.C. 2929.06(B), and failed to take into account this Court's lack of inherent power to disregard the resentencing procedures set forth in R.C. 2929.06(B). While this Court understands, though it does not necessarily share, the Sixth Circuit's apprehension in holding Defendant to his original jury waiver, it must assume that the Ohio legislature envisioned a circumstance similar to Defendant's, whereby an extended period of time passes between a capital defendant's guilt phase and

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

21

A -37

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5521

resentencing hearing, when it enacted R.C. 2929.06(B). This Court declines any invitation to deviate from R.C. 2929.06(B)'s resentencing procedures.

### M. Motion to Preclude the State from Seeking the Death Penalty

Defendant moves this Court to preclude the State from seeking the death penalty on remand. Defendant argues that R.C. 2929.03(C)(2)(a), the sentencing statute in effect at the time of his offense, allowed only the three judge panel that determined his guilt to impose a death sentence.[5] Because the original three judge panel cannot be reconvened in this case,[6] Defendant argues that the three judge panel formed to conduct the resentencing hearing is barred from imposing a death sentence. Defendant also argues that the Retroactivity, Ex Post Facto, and Double Jeopardy clauses of the United States and Ohio Constitution preclude this Court from applying Ohio's current death penalty resentencing statute, R.C. 2929.06, to this case. For the following reasons, Defendants arguments are not well taken.

Upon remand from the United States Court of Appeals for the Sixth Circuit, having vacated Defendant's death sentence, R.C. 2929.06 allows for a new three judge panel to preside over Defendant's resentencing hearing, at which time the State may seek any punishment that was statutorily available at the time the offense was committed. R.C. 2929.06 provides:

> (B) Whenever any court of this state or any federal court sets aside, nullifies, or vacates a sentence of death imposed upon an offender because of error that occurred in the sentencing phase of the trial and if division (A) of this section does not apply[7], the trial court that sentenced the offender shall conduct a new hearing to resentence the offender. If the offender was tried by a jury, the trial court shall impanel a new jury for the hearing. *If the offender was tried by a panel of three judges, that panel or, if necessary, a new panel of three judges shall conduct the hearing.* At the hearing, the court or

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

---

5 At the time of the offense in this case, 2929.03(C)(2)(a) required that Defendant's sentence was to be determined by "the panel of three judges that tried the offense upon his waiver of the right to trial by jury."
6 Judge Moser and Judge Breuwer have since retired. Judge Stitsinger passed away on May 2, 2007.
7 There is no dispute that 2929.06(A) does not apply to the facts of this case.

22

A -258

panel shall follow the procedure set forth in division (D) of section 2929.03 of the Revised Code in determining whether to impose upon the offender a sentence of death, a sentence of life imprisonment, or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment. *If, pursuant to that procedure, the court or panel determines that it will impose a sentence other than a sentence of death, the court or panel shall impose upon the offender one of the sentences of life imprisonment that could have been imposed at the time the offender committed the offense for which the sentence of death was imposed*, determined as specified in this division, or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment that is determined as specified in this division. If division (D) of section 2929.03 of the Revised Code, at the time the offender committed the aggravated murder for which the sentence of death was imposed, required the imposition when a sentence of death was not imposed of a sentence of life imprisonment without parole or a sentence of an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment to be imposed pursuant to division (A) or (B)(3) of section 2971.03 of the Revised Code and served pursuant to that section, the court or panel shall impose the sentence so required. In all other cases, the sentences of life imprisonment that are available at the hearing, and from which the court or panel shall impose sentence, shall be the same sentences of life imprisonment that were available under division (D) of section 2929.03 or under section 2909.24 of the Revised Code at the time the offender committed the offense for which the sentence of death was imposed.

\*     \*     \*

(E) *This section*, as amended by H.B. 184 of the 125th general assembly, *shall apply to all offenders who have been sentenced to death for an aggravated murder that was committed on or after October 19, 1981*, or for terrorism that was committed on or after May 15, 2002. This section, as amended by H.B. 184 of the 125th general assembly, shall apply equally to all such offenders sentenced to death prior to, on, or after March 23, 2005, including offenders who, on March 23, 2005, are challenging their sentence of death and offenders whose sentence of death has been set aside, nullified, or vacated by any court of this state or any federal court but who, as of March 23, 2005, have not yet been resentenced. (Emphasis added).

23

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

A -79

The language of R.C. 2929.06(E) exhibits the intent of the Ohio legislature to retroactively apply R.C. 2929.06 to all criminal defendants sentenced to death for an aggravated murder that occurred after October 19, 1981, whose death sentence had been vacated by a federal court, and who had not been resentenced as of March 23, 2005. Defendant's case meets the criteria of R.C. 2929.06(E); therefore, R.C. 2929.06(B) applies. Pursuant to R.C. 2929.06(B), in the event that the original three judge panel is unavailable to preside over Defendant's resentencing hearing, as in this case, a new three judge panel may be formed to conduct the hearing. Consequently, R.C. 2929.06(B) grants the authority to the newly formed three judge panel to conduct Defendant's resentencing hearing and impose either a death sentence or one of the available life sentences.[8]

Having found that R.C. 2929.06(E) establishes a clear legislative intent to apply R.C. 2929.06 retroactively, the constitutionality of the retroactive application is dependent upon whether the statute is remedial or substantive. *State v. Walls* (2002), 96 Ohio St.3d 437, 2002-Ohio-5059, ¶¶10, 15. A statute is unconstitutionally retroactive under Section 28, Article II of the Ohio Constitution if it is substantive, that is, "if it impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction." *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 354, 721 N.E.2d 28; see, also, *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 106-107, 522 N.E.2d 489. However, "a statute that is 'purely remedial' does not violate Section 28, Article II." *Van Fossen,* 36 Ohio St.3d at 107, 522 N.E.2d 489, quoting *Rairden v. Holden* (1864), 15 Ohio St. 207, 1864 WL 26, paragraph two of the syllabus. Remedial laws are

---

8 Crim.R. 25(B), effective 1973, serves to reinforce the fact that a reformation of the original three judge panel is not required before a death sentence may be imposed in this case. Crim.R. 25(B) provides: "After verdict or finding of guilt. If for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge, or, in the case of a single-judge division, by the Chief Justice of the Supreme Court of Ohio, may perform those duties."

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

24

A-40

defined as "those laws affecting merely 'the methods and procedure[s] by which rights are recognized, protected and enforced, not . . . the rights themselves.'" *Bielat,* 87 Ohio St.3d at 354, 721 N.E.2d 28, quoting *Weil v. Taxicabs of Cincinnati, Inc.* (1942), 139 Ohio St. 198, 205, 22 O.O. 205, 39 N.E.2d 148. "Remedial laws . . . generally come in the form of "rules of practice, courses of procedure, or methods of review." *State ex rel. Kilbane v. Indus. Comm.* (2001), 91 Ohio St.3d 258, 260, 744 N.E.2d 708, citing *State ex rel. Slaughter v. Indus. Comm.* (1937), 132 Ohio St. 537, 542, 9 N.E.2d 505, 508 at paragraph three of the syllabus.

The Ohio Supreme Court has held that retroactive statutes concerning the jurisdiction or forum in which an action is to be heard are remedial in nature and do not impair a defendant's vested rights. *Walls* at ¶17. If, under either the retroactive statute or the statute in place at the time of the offense, a defendant is subject to the same punishment for the commission of that offense, the retroactive statute is remedial. *Id.* Here, the amendments to R.C. 2929.03(C)(2)(a) that have resulted in R.C. 2929.06(B) do not impair Defendant's vested substantive rights. Under either statute, Defendant was on notice that his offense subjected him to the death penalty if and when his sentence were to be vacated on appellate review and remanded due to error in the sentencing phase. R.C. 2929.06(B) simply served to remove any doubt as to whether Defendant must be resentenced by the same three judge panel that participated in the guilt phase of the trial. R.C. 2929.06(B) is not unconstitutionally retroactive.

While the Court has determined that R.C. 2929.06(B) does not retroactively impair Defendant's vested substantive rights, it must still determine whether the statute constitutes an ex post facto law. "Although the Latin phrase 'ex post facto' literally encompasses any law passed 'after the fact,' it has long been recognized by [the United States Supreme Court] that the constitutional

25

A-41

prohibition on ex post facto laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood* (1990), 497 U.S. 37, 41, 110 S.Ct. 2715. "Not just any "disadvantage" to an offender, however, will run afoul of the Ex Post Facto Clause." *Walls* at ¶ 21, citing *Collins*, 497 U.S. at 41. The United States Supreme Court has espoused a four-part analytical framework to determine whether an ex post facto law exists:

> " '1st. Every law that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action. 2d. Every law that *aggravates* a *crime,* or makes it *greater* than it was, when committed. 3d. Every law that *changes the punishment,* and inflicts a *greater punishment,* than the law annexed to the crime, when committed. 4th. Every law that alters the *legal* rules of *evidence,* and receives less, or different, testimony, than the law required at the time of the commission of the offence, *in order to convict the offender.*' " *Walls* at ¶22, citing *Collins*, 497 U.S. at 41, quoting *Calder v. Bull* (1798), 3 U.S. (Dall.) 386, 390, 1 L.Ed. 648 (opinion of Chase, J.); see, also, *Carmell v. Texas* (2000), 529 U.S. 513, 521-522, 120 S.Ct. 1620. (Emphasis in original).

Defendant argues that the third and fourth factors exist in this case. This Court has already held that R.C. 2929.06(B) does not change the potential punishment for Defendant's offense. See also *Dobbert v. Florida* (1977), 432 U.S. 282, 97 S.Ct. 2290. The same sentences are available under either R.C. 2929.03(C)(2)(a), the resentencing statute in effect at the time of the offense, or R.C. 2929.06(B), the current resentencing statute – death, life imprisonment with 30 full years to parole eligibility, or life imprisonment with 20 full years to parole eligibility. Regarding the fourth factor, Defendant argues that R.C. 2929.06(B) eliminates an absolute defense and changes the Rules of Evidence that were in effect at the time of the commission of the offense. Defendant does not cite to a specific Rule of Evidence or otherwise argue that R.C. 2929.06(B) alters the amount of evidence needed to sustain a conviction, and this Court is unable to envision a scenario where that might occur.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

26

A 42

Concerning the elimination of an absolute defense, Defendant's argument was considered and dismissed by the United States Supreme Court in *Collins*, supra, at 50. The retroactive application of R.C. 2929.06(B) is constitutional, as it is a remedial statute that does not disadvantage Defendant.

Finally, Defendant's argument that the application of R.C. 2929.06(B) would violate the Double Jeopardy Clauses of the United States and Ohio Constitutions must fail. The Double Jeopardy clause does not prohibit capital sentencing proceedings on remand when, as in this case, an appellate court has vacated a death sentence due to an error in the sentencing phase, but found that the evidence is sufficient to support a death sentence. *Poland v. Arizona* (1986), 476 U.S. 147, 157, 106 S.Ct. 1749 (holding that in such cases, "[t]here is no cause to shield such a defendant from further litigation; further litigation is the only hope he has."). Here, there has clearly not been an acquittal of the death penalty, as the original three judge panel imposed a death sentence. While the Sixth Circuit found error in Defendant's sentencing phase, it did not hold that the prosecution failed to prove its case for the death penalty. Defendant's motion is denied.

N. Motion for Funding to Retain Dr. Mark Heath, M.D.

Defendant moves this Court for additional funds to hire Dr. Mark Heath so that he may testify at an evidentiary hearing on Defendant's motion challenging Ohio's lethal injection procedure. Because this Court finds that Defendant's constitutional challenge to Ohio's lethal injection procedure is not ripe, the Court must also find that the instant motion is not ripe. Accordingly, Defendant's motion is denied.

O. Motion to Transcribe the Grand Jury Proceedings Prior to Trial

Defendant moves this Court to transcribe the proceedings of the grand jury. Defendant does not request that the grand jury transcript be provided to him in advance of resentencing, just that the

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

27

A-43

Court have a transcript at the ready in the event that a need arises during the hearing for the Court and parties to review portions of the grand jury transcript. Defendant essentially seeks to avoid a delay in the sentencing proceedings to have the grand jury proceedings transcribed. Because the sentencing hearing will be conducted before a three judge panel, this Court need not concern itself with what effect, if any, delays may have on a jury. The Court will handle requests to view a transcript of the grand jury proceedings as they arise. Defendant's motion is denied.

    P. Motion to Preclude Imposition of the Death Penalty Because Ohio's Lethal Injection
    Constitutes Cruel and Unusual Punishment

    Defendant moves this Court to preclude the State from seeking the death penalty on the grounds that Ohio's lethal injection procedure constitutes cruel and unusual punishment and violates the Eighth and Fourteenth Amendments of the United States Constitution. Defendant requests the Court to conduct an evidentiary hearing on Ohio's method of lethal injection. Before addressing the merits of Defendant's motion, the Court must potentially address two concerns that arise from the fact that Defendant's death sentence has been vacated and he has yet to be resentenced. First, this Court must determine whether the issues raised by the instant motion are ripe for adjudication. If such issues are ripe, the Court must then determine whether Defendant has standing to attack Ohio's method of lethal injection. The State argues that Defendant has no standing and that the question is not ripe. In the event that Defendant is resentenced to death, the State argues, he may then litigate the constitutionality of lethal injection under Ohio law. Until then, the State argues that there is no justiciable issue before the Court, and the Court has no jurisdiction to rule on the matter.

    Courts of common pleas enjoy original jurisdiction over all justiciable matters. *Eagle Fireworks, Inc. v. Ohio Dept. of Commerce,* 4th Dist. App. No. 03CA28, 2004-Ohio-509, citing Section 4(B), Article IV, Ohio Constitution. To be justiciable, a controversy must be ripe for review.

28

A-44

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

*Keller v. Columbus,* 100 Ohio St.3d 192, 2003-Ohio-5599, at ¶ 26. Ripeness "'involves both jurisdictional limitations imposed by Article III's requirement of a case or controversy and prudential considerations arising from problems of prematurity and abstractness that may present insurmountable obstacles to the exercise of the court's jurisdiction, even though jurisdiction is technically present." *Johnson v. Sikes* (8th Cir. 1984), 730 F.2d 644, 648. The ripeness doctrine "'asks whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." *Cheffer v. Reno* (11th Cir. 1995), 55 f.3d 1517, 1523, citing *Johnson,* supra, at 648. Accordingly, "'[f]or a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties." *Eagle Fireworks* at ¶ 8, quoting *State v. Stambaugh* (1987), 34 Ohio St.3d 34, 38, 517 N.E.2d 526. The Ohio Supreme Court has defined ripeness as a "question of timing" that aims to prevent courts, through avoidance of premature adjudication, from focusing on hypothetical or remote problems. *State ex rel. Elyria Foundry Co. v. Industrial Commission of Ohio* (1998), 82 Ohio St.3d 88, 89, 694 N.E.2d 459 (internal citations omitted); see also *Arbino v. Johnson & Johnson* (2007), 116 Ohio St.3d 468, 2007-Ohio-6948, at ¶84, quoting *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (stating "[e]very court must 'refrain from giving opinions on abstract propositions and . . . avoid the imposition by judgment of premature declarations or advice upon potential controversies.'").

While this Court is unaware of any controlling Ohio caselaw that speaks to the issue at hand, other courts have held that "Eighth Amendment challenges are generally not ripe until the imposition or immediately impending imposition of a challenged punishment or fine." *Cheffer,* supra, at

29

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

A-45

1523; *18 Unnamed "John Smith" Prisoners v. Meese* (9th Cir.1989), 871 F.2d 881, 882-83; *Askins v. District of Columbia* (D.C.Cir.1989), 877 F.2d 94, 97-99.

   To determine whether Defendant's motion is ripe for review, this Court must weigh the following factors: (1) the likelihood that the alleged future harm will occur, (2) the likelihood that delayed review will cause hardship to the parties, and (3) whether the factual record is sufficiently developed to provide fair resolution. *Forestry Assn., Inc. v. Sierra Club* (1998), 523 U.S. 726, 118 S.Ct. 1665, 140 L.Ed.2d 921. While a claim is not ripe if it rests upon "future events that may not occur as anticipated, or may not occur at all," the United States Supreme Court has recognized that "'[o]ne does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough.'" *McLaughlin v. McLaughlin*, 4th Dist. No. 06CA14, 2007-Ohio-260, at ¶12 quoting *Texas v. United States* (1998), 523 U.S. 296, 300, 118 S.Ct. 1257; *Thomas v. Union Carbide Agric. Prods. Co.* (1985), 473 U.S. 568, 581, 105 S.Ct. 3325 (quoting *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 143, 95 S.Ct. 335).

   Defendant's constitutional challenge fails all three prongs of the ripeness inquiry. It would not be prudent for this Court to rule upon Defendant's motion, as it amounts to nothing more than speculation upon future events and is contingent upon the reimposition of the death penalty. Defendant is scheduled for resentencing on May 11, 2009. After the presentation of mitigating evidence, a three judge panel will either resentence Defendant to death or impose one of the available life sentence options. Due to the possibility of a life sentence, Defendant cannot argue that he faces certain impending injury from a death sentence. Further, Defendant will not face any "hardship" as a result of delayed review, as that term is understood within Eighth Amendment jurisprudence. Defendant does not suggest that he will be "forced to choose between foregoing lawful activity and

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

30

A-46

risking substantial legal sanctions," and the Court is unable to envision such a scenario. See *Steffel v. Thompson* (1974), 415 U.S. 452, 459, 94 S.Ct. 1209. Finally, Defendant has not raised a purely legal issue that this Court can decide without additional factual development. The fact that Defendant intends to call fact witnesses at an evidentiary hearing can only mean that the record is not developed to the point where this Court could fairly resolve whether Ohio's lethal injection violates the Eighth Amendment. Therefore, Defendant's claim is not ripe. Having found that the claims before it are not ripe, this Court need not determine whether Defendant has standing to bring those claims. This Court's refusal to review Defendant's constitutional challenge does not deny him the opportunity to raise the issue at a later date, should a genuine case or controversy arise. Defendant's motion is denied.

Q. Motion to Require Defendant to Provide Discovery

The State moves this Court to require Defendant to provide discovery in this case pursuant to Crim.R. 16. Specifically, the State requests that Defendant provide documents and other tangible items pursuant to Crim.R. 16(B)(1)(a), reports of examinations and tests pursuant to Crim.R. 16(C)(1)(b), and witness names and addresses pursuant to Crim.R. 16(C)(1)(c). Defendant argues that he is not required to furnish discovery under the aforementioned Criminal Rules, because all three Rules are dependant upon Defendant having requested discovery of the same type. Since being remanded to this Court for resentencing, Defendant has filed a limited demand for discovery in this case requesting discovery pursuant to Crim.R. 16(B)(1)(a), (b), and (f). Defendant argues that his limited discovery demand now shields him from the State's current discovery demand.

At the time of his original trial in 1984, Defendant had requested discovery of Crim.R. 16(B)(1)(a), Crim.R. 16(C)(1)(b), and Crim.R. 16(C)(1)(c) materials. The State dutifully complied

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

31

A-47

with Defendant's request. Defendant has provided no authority, and this Court is aware of none, holding that a defendant's reciprocal duty to provide discovery expires upon remand or after an extended passage of time. Therefore, this Court finds that Defendant's reciprocal duty under Crim.R.(D) to disclose such materials remains in effect. The State's motion is granted.

**SO ORDERED.**

ENTER,

Andrew Nastoff, Judge

cc: Michael A. Oster, Jr., Assistant Prosecuting Attorney
    Randall L. Porter, Melynda W. Cook, Attorneys for the Defendant

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

32

A-48

06/27/2008    15:02                                    (FAX)                    P.017/017

STATE OF OHIO                    :    CASE NO. CR83-12-0614

                    Plaintiff   :    IN THE COURT OF COMMON PLEAS
                                     STATE OF OHIO, BUTLER COUNTY
vs.                     FILED in common pleas Court
                        BUTLER COUNTY, OHIO   JURY WAIVER AND ELECTION OF
VON CLARK DAVIS           MAY 8              THREE-JUDGE PANEL
                        Defendant.  1984 :

            EDWARD C. ROBB, JR.
        I, Von Clark Davis, defendant in the above cause, appearing in open

court this 8th day of May, 1984, with my attorneys, Michael D. Shanks and John A.

Garretson, do hereby voluntarily waive my right to trial by jury and elect to be

tried by a court to be composed of three judges, consisting of Judges Henry J.

Bruewer, William R. Stitsinger, and John R. Moser, all the same being the

elected judges of the General Division of the Court of Common Pleas of Butler

County who are engaged in the trial of criminal cases, pursuant to Ohio Revised

Code Section 2945.06.

        I am waiving said trial by jury, and making this election to be tried

by a court composed of three judges, with full knowledge of my right under the

Constitution of the United States and of Ohio to a trial by a jury consisting

of twelve jurors, whose verdict must be unanimous; with full knowledge of the

consequences of such waiver and election under the laws of the State of Ohio;

and without any compulsion, undue influence, promises or inducements of any

kind made to me by anyone.

        I further state that I have received the advice and counsel of my

attorneys, with which I am satisfied, and being fully advised by them do hereby

make this waiver and election of my own free will and accord.


                                        _____
                                            VON CLARK DAVIS


WITNESSES:

_____
MICHAEL D. SHANKS
Attorney for Defendant

_____
JOHN A. GARRETSON
Attorney for Defendant

                    This jury waiver and election to be tried by a three-judge panel is

        hereby accepted and entered upon the journal of this Court.

                                        E N T E R :

                                        _____
                                            BRUEWER, J.


A-49

Ohio Revised Code

TITLE 29. CRIMES -- PROCEDURE
CHAPTER 2929. PENALTIES AND SENTENCING
PENALTIES FOR MURDER

ORC Ann. 2929.03 (1981)

§ 2929.03. Imposing sentence for capital offense

## § 2929.03 Imposing sentence for a capital offense.

(A) If the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge of aggravated murder, the trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender.

(B) If the indictment or count in the indictment charging aggravated murder contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, the verdict shall separately state whether the accused is found guilty or not guilty of the principal charge and, if guilty of the principal charge, whether the offender was eighteen years of age or older at the time of the commission of the offense, if the matter of age was raised by the offender pursuant to section 2929.023 [2929.02.3] of the Revised Code, and whether the offender is guilty or not guilty of each specification. The jury shall be instructed on its duties in this regard, which shall include an instruction that a specification shall be proved beyond a reasonable doubt in order to support a guilty verdict on the specification, but such instruction shall not mention the penalty which may be the consequence of a guilty or not guilty verdict on any charge or specification.

(C)(1) If the indictment or count in the indictment charging aggravated murder contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge but not guilty of each of the specifications, and regardless of whether the offender raised the matter of age pursuant to section 2929.023 [2929.-02.3] of the Revised Code, the trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender.

(2) If the indictment or count in the indictment contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, and if the offender is found guilty of both the charge and one or more of the specifications, the penalty to be imposed on the offender shall be death, life imprisonment with parole eligibility after serving twenty full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment, shall be determined pursuant to divisions (D) and (E) of this section, and shall be determined by one of the following:

(a) By the panel of three judges that tried the offender upon his waiver of the right to trial by jury;

(b) By the trial jury and the trial judge, if the offender was tried by jury.

(D)(1) Death may not be imposed as a penalty for aggravated murder if the offender raised the matter of age at trial pursuant to section 2929.023 [2929.02.3] of the Revised Code and was not found at trial to have been eighteen years of age or older at the time of the commission of the offense. When death may be imposed as a penalty for aggravated murder, the court shall proceed under this division. When death may be imposed as a penalty, the court, upon the request of the defendant, shall require a pre-sentence investigation to be made and, upon the request of the defendant, shall require a mental examination to be made, and shall require reports of the investigation and of any mental examination submitted to the court, pursuant to section 2947.06 of the Revised Code. No statement made or information provided by a defendant in a mental examination or proceeding conducted pursuant to this division shall be disclosed to any person, except as provided in this division, or be used in evidence against the defendant on the issue of guilt in any retrial. A pre-sentence investigation or mental examination shall not be made except upon request of the defendant. Copies of any reports prepared under this division shall be furnished to the court, to the trial jury if the offender was tried by a jury, to the prosecutor, and to the offender or his counsel for use under this division. The court, and the trial jury if the offender was tried by a jury, shall consider any report prepared pursuant to this division and furnished to it and any evidence raised at trial that is relevant to the aggravating circumstances the offender was found guilty of committing or to any factors in mitigation of the imposition of the sentence of death, shall hear testimony and other evidence that is relevant to the nature and circumstances of the aggravating circumstances the offender was found guilty of committing, the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code, and any other factors in mitigation of the imposition of the sentence of death, and shall hear the statement, if any, of the offender, and the arguments, if any, of counsel for the defense and prosecution, that are relevant to the penalty that should be imposed on the offender. The defendant shall be given equal latitude in the presentation of evidence of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code and of any other factors in mitigation of the imposition of the sentence of death. If the offender chooses to make a statement, he is subject to cross-examination only if he consents to make the statement under oath or affirmation.

A-50

EXHIBIT

A

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5534

The defendant shall have the burden of going forward with the evidence of any factors in mitigation of the imposition of the sentence of death. The prosecution shall have the burden of proving, by proof beyond a reasonable doubt, that the aggravating circumstances the defendant was found guilty of committing are sufficient to outweigh the factors in mitigation of the imposition of the sentence of death.

(2) Upon consideration of the relevant evidence raised at trial, the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted pursuant to division (D)(1) of this section, the trial jury, if the offender was tried by a jury, shall determine whether the aggravating circumstances the offender was found guilty of committing are sufficient to outweigh the mitigating factors present in the case. If the trial jury unanimously finds, by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, the trial jury shall recommend to the court that the sentence of death be imposed on the offender. Absent such a finding, the jury shall recommend that the offender be sentenced to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment.

If the trial jury recommends that the offender be sentenced to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment, the court shall impose the sentence recommended by the jury upon the offender. If the trial jury recommends that the sentence of death be imposed upon the offender, the court shall proceed to impose sentence pursuant to division (D)(3) of this section.

(3) Upon consideration of the relevant evidence raised at trial, the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted to the court pursuant to division (D)(1) of this section, if, after receiving pursuant to division (D)(2) of this section the trial jury's recommendation that the sentence of death be imposed, the court finds, by proof beyond a reasonable doubt, or if the panel of three judges unanimously finds, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, it shall impose sentence of death on the offender. Absent such a finding by the court or panel, the court or the panel shall impose one of the following sentences on the offender:

(a) Life imprisonment with parole eligibility after serving twenty full years of imprisonment;

(b) Life imprisonment with parole eligibility after serving thirty full years of imprisonment.

(E) If the offender raised the matter of age at trial pursuant to section 2929.023 [2929.02.3] of the Revised Code, was convicted of aggravated murder and one or more specifications of an aggravating circumstance listed in division (A) of section 2929.04 of the Revised Code, and was not found at trial to have been eighteen years of age or older at the time of the commission of the offense, the court or the panel of three judges shall not impose a sentence of death on the offender. Instead, the court or panel shall impose one of the following sentences on the offender:

(1) Life imprisonment with parole eligibility after serving twenty full years of imprisonment;

(2) Life imprisonment with parole eligibility after serving thirty full years of imprisonment.

(F) The court or the panel of three judges, when it imposes sentence of death, shall state in a separate opinion its specific findings as to the existence of any of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code, the existence of any other mitigating factors, the aggravating circumstances the offender was found guilty of committing, and the reasons why the aggravating circumstances the offender was found guilty of committing were sufficient to outweigh the mitigating factors. The court or panel, when it imposes life imprisonment under division (D) of this section, shall state in a separate opinion its specific findings of which of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code it found to exist, what other mitigating factors it found to exist, what aggravating circumstances the offender was found guilty of committing, and why it could not find that these aggravating circumstances were sufficient to outweigh the mitigating factors. The court or panel shall file the opinion required to be prepared by this division with the clerk of the appropriate court of appeals and with the clerk of the supreme court within fifteen days after the court or panel imposes sentence. The judgment in a case in which a sentencing hearing is held pursuant to this section is not final until the opinion is filed.

(G) Whenever the court or a panel of three judges imposes sentence of death, the clerk of the court in which the judgment is rendered shall deliver the entire record in the case to the appellate court.

HISTORY: 134 v H 511 (Eff 1-1-74); 139 v S 1. Eff 10-19-81.

A-51

LexisNexis *Total Research System*

Switch Client | Preferences | Sign Out | ? Help

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector | History | ⌂

FOCUS™ Terms [_____] Search Within [Original Results (1 - 1) ▼] Go → Advanced...

Service: Get by LEXSTAT®
TOC: Ohio Statutes, Constitution, Court Rules & ALS, Combined > /...../ > PENALTIES FOR MURDER > § 2929.03. Imposing sentence for aggravated murder
Citation: ORC Ann. 2929.03

ORC Ann. 2929.03

**Practitioner's Toolbox** ? ☐
≛ History
≛ Case Notes & OAGs
≛ Section Notes

**Resources & Practice Tools**
+ Related Statutes & Rules
+ OH Administrative Code
+ Comparative Legislation

PAGE'S OHIO REVISED CODE ANNOTATED
Copyright (c) 2010 by Matthew Bender & Company, Inc
a member of the LexisNexis Group
All rights reserved.

*** CURRENT THROUGH LEGISLATION PASSED BY THE 128TH OHIO GENERAL ASSEMBLY AND
FILED WITH THE SECRETARY OF STATE THROUGH FILE 30 ***
*** ANNOTATIONS CURRENT THROUGH JANUARY 1, 2010 ***
*** OPINIONS OF ATTORNEY GENERAL CURRENT THROUGH MARCH 3, 2010 ***

TITLE 29. CRIMES -- PROCEDURE
CHAPTER 2929. PENALTIES AND SENTENCING
PENALTIES FOR MURDER

Go to the Ohio Code Archive Directory

ORC Ann. 2929.03 (2010)

§ 2929.03. Imposing sentence for aggravated murder

(A) If the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge of aggravated murder, the trial court shall impose sentence on the offender as follows:

(1) Except as provided in division (A)(2) of this section, the trial court shall impose one of the following sentences on the offender:

(a) Life imprisonment without parole;

(b) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving twenty years of imprisonment;

(c) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment;

(d) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving thirty full years of imprisonment;

(e) If the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the trial court does not impose a sentence of life imprisonment without parole on the offender pursuant to division (A)(1)(a) of this section, the trial court shall sentence the offender pursuant to division (B)(3) of section 2971.03 of the Revised Code to an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment that shall be served pursuant to that section.

(2) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, the trial court shall impose upon the offender a sentence of life imprisonment without parole that shall be served pursuant to section 2971.03 of the Revised Code.

(B) If the indictment or count in the indictment charging aggravated murder contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, the verdict shall separately state whether the accused is found guilty or not guilty of the principal charge and, if guilty of the principal charge, whether the offender was eighteen years of age or older at the time of the commission of the offense, if the matter of age was raised by the offender pursuant to section 2929.023 [2929.02.3] of the Revised Code, and whether the offender is guilty or not guilty of each specification. The jury shall be instructed on its duties in this regard. The instruction to the jury shall include an instruction that a specification shall be proved beyond a reasonable doubt in order to support a guilty verdict on the specification, but the instruction shall not mention the penalty that may be the consequence of a guilty or not guilty verdict on any charge or specification.

*A-52*

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5536

(C) (1) If the indictment or count in the indictment charging aggravated murder contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge but not guilty of each of the specifications, and regardless of whether the offender raised the matter of age pursuant to section 2929.023 [2929.02.3] of the Revised Code, the trial court shall impose sentence on the offender as follows:

(a) Except as provided in division (C)(1)(b) of this section, the trial court shall impose one of the following sentences on the offender:

(i) Life imprisonment without parole;

(ii) Subject to division (C)(1)(a)(v) of this section, life imprisonment with parole eligibility after serving twenty years of imprisonment;

(iii) Subject to division (C)(1)(a)(v) of this section, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment;

(iv) Subject to division (C)(1)(a)(v) of this section, life imprisonment with parole eligibility after serving thirty full years of imprisonment;

(v) If the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the trial court does not impose a sentence of life imprisonment without parole on the offender pursuant to division (C)(1)(a)(i) of this section, the trial court shall sentence the offender pursuant to division (B)(3) of section 2971.03 of the Revised Code to an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment.

(b) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, the trial court shall impose upon the offender a sentence of life imprisonment without parole that shall be served pursuant to section 2971.03 of the Revised Code.

(2) (a) If the indictment or count in the indictment contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code and if the offender is found guilty of both the charge and one or more of the specifications, the penalty to be imposed on the offender shall be one of the following:

(i) Except as provided in division (C)(2)(a)(ii) or (iii) of this section, the penalty to be imposed on the offender shall be death, life imprisonment without parole, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment.

(ii) Except as provided in division (C)(2)(a)(iii) of this section, if the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the trial court does not impose a sentence of death or life imprisonment without parole on the offender pursuant to division (C)(2)(a)(i) of this section, the penalty to be imposed on the offender shall be an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment that shall be imposed pursuant to division (B)(3) of section 2971.03 of the Revised Code and served pursuant to that section.

(iii) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, the penalty to be imposed on the offender shall be death or life imprisonment without parole that shall be served pursuant to section 2971.03 of the Revised Code.

(b) A penalty imposed pursuant to division (C)(2)(a)(i), (ii), or (iii) of this section shall be determined pursuant to divisions (D) and (E) of this section and shall be determined by one of the following:

(i) By the panel of three judges that tried the offender upon the offender's waiver of the right to trial by jury;

(ii) By the trial jury and the trial judge, if the offender was tried by jury.

(D) (1) Death may not be imposed as a penalty for aggravated murder if the offender raised the matter of age at trial pursuant to section 2929.023 [2929.02.3] of the Revised Code and was not found at trial to have been eighteen years of age or older at the time of the commission of the offense. When death may be imposed as a penalty for aggravated murder, the court shall proceed under this division. When death may be imposed as a penalty, the court, upon the request of the defendant, shall require a pre-sentence investigation to be made and, upon the request of the defendant, shall require a mental examination to be made, and shall require reports of the investigation and of any mental examination submitted to the court, pursuant to section 2947.06 of the Revised Code. No statement made or information provided by a defendant in a mental examination or proceeding conducted pursuant to this division shall be disclosed to any person, except as provided in this division, or be used in evidence against the defendant on the issue of guilt in any retrial. A pre-sentence investigation or mental examination shall not be made except upon request of the defendant. Copies of any reports prepared under this division shall be furnished to the court, to the trial jury if the offender was tried by a jury, to the prosecutor, and to the offender or the offender's counsel for use under this division. The court, and the trial jury if the offender was tried by a jury, shall consider any report prepared pursuant to this division and furnished to it and any evidence raised at trial that is relevant to the aggravating circumstances the offender was found guilty of committing or to any factors in mitigation of the imposition of the sentence of death, shall hear testimony and other evidence that is relevant to the nature and circumstances of the aggravating circumstances the offender was found guilty of committing, the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code, and any other factors in mitigation of the imposition of the sentence of death, and shall hear the statement, if any, of the offender, and the

A-53

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5537

arguments, if any, of counsel for the defense and prosecution, that are relevant to the penalty that should be imposed on the offender. The defendant shall be given great latitude in the presentation of evidence of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code and of any other factors in mitigation of the imposition of the sentence of death. If the offender chooses to make a statement, the offender is subject to cross-examination only if the offender consents to make the statement under oath or affirmation.

The defendant shall have the burden of going forward with the evidence of any factors in mitigation of the imposition of the sentence of death. The prosecution shall have the burden of proving, by proof beyond a reasonable doubt, that the aggravating circumstances the defendant was found guilty of committing are sufficient to outweigh the factors in mitigation of the imposition of the sentence of death.

(2) Upon consideration of the relevant evidence raised at trial, the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted pursuant to division (D)(1) of this section, the trial jury, if the offender was tried by a jury, shall determine whether the aggravating circumstances the offender was found guilty of committing are sufficient to outweigh the mitigating factors present in the case. If the trial jury unanimously finds, by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, the trial jury shall recommend to the court that the sentence of death be imposed on the offender. Absent such a finding, the jury shall recommend that the offender be sentenced to one of the following:

(a) Except as provided in division (D)(2)(b) or (c) of this section, to life imprisonment without parole, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment;

(b) Except as provided in division (D)(2)(c) of this section, if the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the jury does not recommend a sentence of life imprisonment without parole pursuant to division (D)(2)(a) of this section, to an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment to be imposed pursuant to division (B)(3) of section 2971.03 of the Revised Code and served pursuant to that section.

(c) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, to life imprisonment without parole.

If the trial jury recommends that the offender be sentenced to life imprisonment without parole, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment, life imprisonment with parole eligibility after serving thirty full years of imprisonment, or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment to be imposed pursuant to division (B)(3) of section 2971.03 of the Revised Code, the court shall impose the sentence recommended by the jury upon the offender. If the sentence is an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment imposed as described in division (D)(2)(b) of this section or a sentence of life imprisonment without parole imposed under division (D)(2)(c) of this section, the sentence shall be served pursuant to section 2971.03 of the Revised Code. If the trial jury recommends that the sentence of death be imposed upon the offender, the court shall proceed to impose sentence pursuant to division (D)(3) of this section.

(3) Upon consideration of the relevant evidence raised at trial, the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted to the court pursuant to division (D)(1) of this section, if, after receiving pursuant to division (D)(2) of this section the trial jury's recommendation that the sentence of death be imposed, the court finds, by proof beyond a reasonable doubt, or if the panel of three judges unanimously finds, by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, it shall impose sentence of death on the offender. Absent such a finding by the court or panel, the court or the panel shall impose one of the following sentences on the offender:

(a) Except as provided in division (D)(3)(b) of this section, one of the following:

(i) Life imprisonment without parole;

(ii) Subject to division (D)(3)(a)(iv) of this section, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment;

(iii) Subject to division (D)(3)(a)(iv) of this section, life imprisonment with parole eligibility after serving thirty full years of imprisonment;

(iv) If the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the trial court does not impose a sentence of life imprisonment without parole on the offender pursuant to division (D)(3)(a)(i) of this section, the court or panel shall sentence the offender pursuant to division (B)(3) of section 2971.03 of the Revised Code to an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment.

(b) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, life imprisonment without parole that shall be served pursuant to section 2971.03 of the Revised Code.

(E) If the offender raised the matter of age at trial pursuant to section 2929.023 [2929.02.3] of the Revised Code, was convicted of aggravated murder and one or more specifications of an aggravating circumstance listed in division (A) of section 2929.04 of the Revised Code, and was not found at trial to have been eighteen years of age or older at the time of the

A-54

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5538

commission of the offense, the court or the panel of three judges shall not impose a sentence of death on the offender. Instead, the court or panel shall impose one of the following sentences on the offender:

(1) Except as provided in division (E)(2) of this section, one of the following:

(a) Life imprisonment without parole;

(b) Subject to division (E)(2)(d) of this section, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment;

(c) Subject to division (E)(2)(d) of this section, life imprisonment with parole eligibility after serving thirty full years of imprisonment;

(d) If the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the trial court does not impose a sentence of life imprisonment without parole on the offender pursuant to division (E)(2)(a) of this section, the court or panel shall sentence the offender pursuant to division (B)(3) of section 2971.03 of the Revised Code to an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment.

(2) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, life imprisonment without parole that shall be served pursuant to section 2971.03 of the Revised Code.

(F) The court or the panel of three judges, when it imposes sentence of death, shall state in a separate opinion its specific findings as to the existence of any of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code, the existence of any other mitigating factors, the aggravating circumstances the offender was found guilty of committing, and the reasons why the aggravating circumstances the offender was found guilty of committing were sufficient to outweigh the mitigating factors. The court or panel, when it imposes life imprisonment or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment under division (D) of this section, shall state in a separate opinion its specific findings of which of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code it found to exist, what other mitigating factors it found to exist, what aggravating circumstances the offender was found guilty of committing, and why it could not find that these aggravating circumstances were sufficient to outweigh the mitigating factors. For cases in which a sentence of death is imposed for an offense committed before January 1, 1995, the court or panel shall file the opinion required to be prepared by this division with the clerk of the appropriate court of appeals and with the clerk of the supreme court within fifteen days after the court or panel imposes sentence. For cases in which a sentence of death is imposed for an offense committed on or after January 1, 1995, the court or panel shall file the opinion required to be prepared by this division with the clerk of the supreme court within fifteen days after the court or panel imposes sentence. The judgment in a case in which a sentencing hearing is held pursuant to this section is not final until the opinion is filed.

(G) (1) Whenever the court or a panel of three judges imposes a sentence of death for an offense committed before January 1, 1995, the clerk of the court in which the judgment is rendered shall deliver the entire record in the case to the appellate court.

(2) Whenever the court or a panel of three judges imposes a sentence of death for an offense committed on or after January 1, 1995, the clerk of the court in which the judgment is rendered shall deliver the entire record in the case to the supreme court.

A-55

§ 2929.06 [Resentencing hearing after vacation of death sentence.]

If the sentence of death that is imposed upon any offender is vacated upon appeal because the court of appeals or the supreme court, in cases in which the supreme court reviews the sentence upon appeal, could not affirm the sentence of death under the standards imposed by section 2929.05 of the Revised Code, is vacated upon appeal for the sole reason that the statutory procedure for imposing the sentence of death that is set forth in sections 2929.03 and 2929.04 of the Revised Code is unconstitutional, or is vacated pursuant to division (C) of section 2929.05 of the Revised Code, the trial court that sentenced the offender shall conduct a hearing to resentence the offender. At the resentencing hearing, the court shall sentence the offender to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment.

HISTORY: 139 v S 1. Eff 10-19-81.

A-56



EXHIBIT
B

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5540

LexisNexis *Total Research System*

Switch Client | Preferences | Sign Out | [?] Help

My Lexis™ \ Search \ Research Tasks \ Get a Document \ Shepard's® \ Alerts \ Total Litigator \ Transactional Advisor \ Counsel Selector \     History | 

FOCUS™ Terms [                    ]  Search Within  Original Results (1 - 1)  [ ▼ ] [Go]  Advanced...

Service: Get by LEXSTAT®
TOC: Ohio Statutes, Constitution, Court Rules & ALS, Combined > /.../ > PENALTIES FOR MURDER > § 2929.06. Resentencing after sentence of death or life imprisonment without parole is set aside, nullified, or vacated
Citation: ORC Ann. 2929.06

*ORC Ann. 2929.06*

**Practitioner's Toolbox**  [?] [▢]

PAGE'S OHIO REVISED CODE ANNOTATED
Copyright (c) 2010 by Matthew Bender & Company, Inc
a member of the LexisNexis Group
All rights reserved.

⚲ History
⚲ Case Notes & OAGs
⚲ Section Notes

*** CURRENT THROUGH LEGISLATION PASSED BY THE 128TH OHIO GENERAL ASSEMBLY AND
FILED WITH THE SECRETARY OF STATE THROUGH FILE 30 ***
*** ANNOTATIONS CURRENT THROUGH JANUARY 1, 2010 ***
*** OPINIONS OF ATTORNEY GENERAL CURRENT THROUGH MARCH 3, 2010 ***

Resources & Practice Tools
✦ Related Statutes & Rules

TITLE 29. CRIMES -- PROCEDURE
CHAPTER 2929. PENALTIES AND SENTENCING
PENALTIES FOR MURDER

**Go to the Ohio Code Archive Directory**

ORC Ann. 2929.06 (2010)

§ 2929.06. Resentencing after sentence of death or life imprisonment without parole is set aside, nullified, or vacated

(A) If a sentence of death imposed upon an offender is set aside, nullified, or vacated because the court of appeals, in a case in which a sentence of death was imposed for an offense committed before January 1, 1995, or the supreme court, in cases in which the supreme court reviews the sentence upon appeal, could not affirm the sentence of death under the standards imposed by section 2929.05 of the Revised Code, is set aside, nullified, or vacated for the sole reason that the statutory procedure for imposing the sentence of death that is set forth in sections 2929.03 and 2929.04 of the Revised Code is unconstitutional, is set aside, nullified, or vacated pursuant to division (C) of section 2929.05 of the Revised Code, or is set aside, nullified, or vacated because a court has determined that the offender is mentally retarded under standards set forth in decisions of the supreme court of this state or the United States supreme court, the trial court that sentenced the offender shall conduct a hearing to resentence the offender. At the resentencing hearing, the court shall impose upon the offender a sentence of life imprisonment or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment that is determined as specified in this division. If division (D) of section 2929.03 of the Revised Code, at the time the offender committed the aggravated murder for which the sentence of death was imposed, required the imposition when a sentence of death was not imposed of a sentence of life imprisonment without parole or a sentence of an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment to be imposed pursuant to division (A) or (B)(3) of section 2971.03 of the Revised Code and served pursuant to that section, the court shall impose the sentence so required. In all other cases, the sentences of life imprisonment that are available at the hearing, and from which the court shall impose sentence, shall be the same sentences of life imprisonment that were available under division (D) of section 2929.03 or under section 2909.24 of the Revised Code at the time the offender committed the offense for which the sentence of death was imposed. Nothing in this division regarding the resentencing of an offender shall affect the operation of section 2971.03 of the Revised Code.

(B) Whenever any court of this state or any federal court sets aside, nullifies, or vacates a sentence of death imposed upon an offender because of error that occurred in the sentencing phase of the trial and if division (A) of this section does not apply, the trial court that sentenced the offender shall conduct a new hearing to resentence the offender. If the offender was tried by a jury, the trial court shall impanel a new jury for the hearing. If the offender was tried by a panel of three judges, that panel or, if necessary, a new panel of three judges shall conduct the hearing. At the hearing, the court or panel shall follow the procedure set forth in division (D) of section 2929.03 of the Revised Code in determining whether to impose upon the offender a sentence of death, a sentence of life imprisonment, or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment. If, pursuant to that procedure, the court or panel determines that it will impose a sentence other than a sentence of death, the court or panel shall impose upon the offender one of the sentences of life imprisonment that could have been imposed at the time the offender committed the offense for which the sentence of death was imposed, determined as specified in this division, or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment that is determined as specified in this division. If division (D) of section 2929.03 of the Revised Code, at the time the offender committed the aggravated murder for which the sentence of death was imposed, required the imposition when a sentence of death was not imposed of a sentence of life imprisonment without parole or a sentence of an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment to be imposed pursuant to division (A) or (B)(3) of section 2971.03 of the Revised Code and served pursuant to that section, the court or panel shall impose the sentence so required. In all other cases, the sentences of life imprisonment that are available at the hearing, and from which the court or panel shall impose sentence, shall be the same sentences of life imprisonment that were available under division (D) of section 2929.03 or under section 2909.24 of the Revised Code at the time the offender committed the offense for which the

A-57

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5541

sentence of death was imposed.

(C) If a sentence of life imprisonment without parole imposed upon an offender pursuant to section 2929.021 [2929.02.1] or 2929.03 of the Revised Code is set aside, nullified, or vacated for the sole reason that the statutory procedure for imposing the sentence of life imprisonment without parole that is set forth in sections 2929.03 and 2929.04 of the Revised Code is unconstitutional, the trial court that sentenced the offender shall conduct a hearing to resentence the offender to life imprisonment with parole eligibility after serving twenty-five full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment.

(D) Nothing in this section limits or restricts the rights of the state to appeal any order setting aside, nullifying, or vacating a conviction or sentence of death, when an appeal of that nature otherwise would be available.

(E) This section, as amended by H.B. 184 of the 125th general assembly, shall apply to all offenders who have been sentenced to death for an aggravated murder that was committed on or after October 19, 1981, or for terrorism that was committed on or after May 15, 2002. This section, as amended by H.B. 184 of the 125th general assembly, shall apply equally to all such offenders sentenced to death prior to, on, or after March 23, 2005, including offenders who, on March 23, 2005, are challenging their sentence of death and offenders whose sentence of death has been set aside, nullified, or vacated by any court of this state or any federal court but who, as of March 23, 2005, have not yet been resentenced.

A-58

IN THE COURT OF APPEALS OF BUTLER COUNTY, OHIO

FILED

2010 MAY 27 PM 4:28

STATE OF OHIO,
BUTLER COUNTY
CLERK OF COURTS

FILED BUTLER CO.
COURT OF APPEALS

MAY 27 2010

CINDY CARPENTER
CLERK OF COURTS

STATE OF OHIO,

vs.

VON CLARK DAVIS,

Appellant.

:

:

:

:

:

:

CASE NO. CA2009-10-263

ENTRY GRANTING APPELLANT
LEAVE TO FILE BRIEF WITH FIVE
ADDITIONAL PAGES

The above cause is before the court pursuant to a motion to file an oversized brief of 60 pages filed by counsel for appellant, Von Clark Davis, on May 10, 2010, and a motion to file oversized brief of 25 pages filed by counsel for appellant on May 14, 2010. The request for five (5) additional pages indicates that the prior motion requesting 60 pages "should be withdrawn."

Upon consideration of the foregoing, counsel for appellant is GRANTED leave to file a brief with five (5) additional pages, a total of 25 pages in length.

IT IS SO ORDERED.

Bennett A. Manning, Magistrate



## CINDY CARPENTER        CLERK OF COURTS

1000528980

**VON CLARK DAVIS c/o LAURENCE KOMP
ATTORNEY AT LAW
PO BOX 1785
MANCHESTER, MI 63011**

---

Date:    June 4, 2010               Case No.: CA 2009 10 0263
                     VON CLARK DAVIS vs. OHIO,STATE OF

---

### C O P Y  M A I L E D
### 12TH D I S T R I C T  C O U R T  O F  A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

**CINDY CARPENTER**
Butler County Clerk of Courts

By: Renee Bruce
Deputy Clerk

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

---

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



CINDY CARPENTER                              CLERK OF COURTS

1000528981

**OHIO,STATE OF  c/o  ROBERT N PIPER III**
**C/O THE BUTLER COUNTY PROSECUTORS OFFICE**
**315 HIGH ST**
**11TH FLOOR**
**HAMILTON, OH 45011**

Date:     June 4, 2010                    Case No.: CA 2009 10 0263
                    VON CLARK DAVIS vs. OHIO,STATE OF

### C O P Y  M A I L E D
### 1 2 TH  D I S T R I C T  C O U R T  O F  A P P E A L S,  B U T L E R  C O U N T Y,  O H I O

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

CINDY CARPENTER
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5545

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,
      Appellee,

     v.

VON CLARK DAVIS,
      Appellant.

:      CASE NO. CA2009-10-263
:
:
:      MOTION FOR EXTENSION
:      OF TIME TO FILE
:      APPELLEE'S BRIEF
:
:

FILED BUTLER CO.
COURT OF APPEALS

JUL 1 4 2010

CINDY CARPENTER
CLERK OF COURTS

: : : : : : : : : : : :

    Now comes Appellee, and pursuant to Local Rule 14, moves this Court for an Order extending the time within which the Appellee's brief may be filed. Appellee asks that this Court allow said brief to be extended until Friday, July 30, 2010, which should be the equivalent of a fifteen day extension.

    Appellee asks for this extension due to a heavy workload. Therefore, this extension is not intended to cause any unnecessary delay, but merely to allow the Appellee to properly find time to adequately respond to the Appellant's brief. Appellee has not been previously granted an extension of time, and will file the brief before the deadline if possible.

Respectfully submitted,

ROBIN N. PIPER (0023205)
Butler County Prosecuting Attorney

MICHAEL A. OSTER, JR. (0076491)
Assistant Prosecuting Attorney
Appellate Division
Government Services Center
315 High Street, 11ᵗʰ Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST., 11TH FLOOR

## PROOF OF SERVICE

This is to certify that a copy of the foregoing motion was sent via regular U.S. mail to the following individual(s) on this 14th day of July, 2010.

Laurence E. Komp
P.O. Box 1785
Manchester, Missouri 63011

John P. Parker
988 East 185th Street
Cleveland, Ohio 44119

Alan M. Freedman
P.O. Box 6528
Evanston, Illinois 60201

MICHAEL A. OSTER, JR. (0076491)
Assistant Prosecuting Attorney

IN THE COURT OF APPEALS OF BUTLER COUNTY, OHIO

STATE OF OHIO,

    Appellee,

vs.

VON CLARK DAVIS,

    Appellant.

                :

CASE NO. CA2009-10-263
REGULAR CALENDAR

ENTRY GRANTING MOTION
FOR EXTENSION OF TIME
TO FILE APPELLEE'S BRIEF

The above cause is before the court upon a motion for extension of time to file

appellee's brief filed by counsel for appellee, the State of Ohio, on July 14, 2010.

Upon due consideration of the foregoing, the motion is hereby GRANTED.

Appellee is granted fourteen (14) additional days to file the brief to be due on or before

**July 30, 2010**.

IT IS SO ORDERED.

Bennett A. Manning, Magistrate



CINDY CARPENTER          CLERK OF COURTS

C000217072

**VON CLARK DAVIS  c/o  LAURENCE KOMP**
**ATTORNEY AT LAW**
**PO BOX 1785**
**MANCHESTER, MI 63011**

---

Date:    July 26, 2010            Case No.: CA 2009 10 0263
                         VON CLARK DAVIS vs. OHIO,STATE OF

---

### C O P Y  M A I L E D
### 12 TH  D I S T R I C T  C O U R T  O F  A P P E A L S,  B U T L E R  C O U N T Y,  O H I O

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

**CINDY CARPENTER**
Butler County Clerk of Courts

By: Renee Bruce
Deputy Clerk

---

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5549



CINDY CARPENTER                                    CLERK OF COURTS

C000217073

**OHIO,STATE OF  c/o  ROBERT N PIPER III**
**C/O THE BUTLER COUNTY PROSECUTORS OFFICE**
**315 HIGH ST**
**11TH FLOOR**
**HAMILTON, OH 45011**

Date:    July 26, 2010                          Case No.: CA 2009 10 0263
                                  VON CLARK DAVIS vs. OHIO,STATE OF

**C O P Y  M A I L E D**
**1 2 TH  D I S T R I C T  C O U R T  O F A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

CINDY CARPENTER
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

07/27/2010  09:16   6362077351          LAURENCE KOMP- ATTY            PAGE  02/03

<div align="center">

## 12th DISTRICT COURT OF APPEALS
## BUTLER COUNTY, OHIO

</div>

**STATE OF OHIO,**                     :

      **Appellee,**                 :    **Case No.  CA2009-10-263**

**vs.**

**VON CLARK DAVIS,**

      **Appellant.**

*FILED in Common Pleas Court*
*BUTLER COUNTY, OHIO*
*JUL 2 7 2010*
*CINDY CARPENTER*
*CLERK OF COURTS*

*FILED BUTLER CO.*
*COURT OF APPEALS*
*JUL 2 7 2010*
*CINDY CARPENTER*
*CLERK OF COURTS*

---

<div align="center">

### APPELLANT'S MOTION FOR A STAY OF EXECUTION

</div>

---

    Appellant Von Clark Davis, by and through counsel, requests the Court for a stay of execution for the pendency of Appellant's direct review. Capital defendants are "entitled to have that review before paying the ultimate penalty. The right of review is otherwise rendered utterly meaningless." *McDonald v. Missouri*, 464 U.S. 1306-07 (1984) (Blackmun, J., Circuit Justice) ("It makes no sense to have the execution set on a date within the time specified for that review ... and before the review is completed.").

    After Appellant filed his merit brief with this Court, Appellant's execution was set for November 9, 2010. Appellant possesses an appeal of right to this Court as well as the Ohio Supreme Court. *See* Ohio Rev. Code § 2929.05(A). Therefore, Appellant requests that this Court grant a stay of execution until the completion of his direct appeals as of right.

<div align="right">

Respectfully submitted,

Laurence E. Komp (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)

</div>

636-207-7351 (Facsimile)
lekomp@swbell.net

John P. Parker (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900

-and-

ALAN M. FREEDMAN (PHV)
MIDWEST CENTER FOR JUSTICE, LTD.
P.O. Box 6528
Evanston, Illinois 60201
Phone: (847) 492-1563
Fax: (847) 492-1861

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing **APPELLANT'S MOTION FOR A STAY OF EXECUTION** was mailed regular U.S. Mail to Daniel Eichel and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government Services Center, 315 High Street, Hamilton, Ohio 45011, on this the 27th day of July, 2010.

Laurence E. Komp (0060142)
COUNSEL FOR APPELLANT





| To: | Attn Butler County Clerk of Courts | From: | Hengge, Ray, & Stigall, PLLC |
|---|---|---|---|
|  | Facsimile Filin |  |  |
| **Fax:** | 115138873966 | **Pages:** | 8 |
| **Re:** |  | **Date:** | Jul 27, 2010 |

| **Urgent** | **For Review** | **Please Comment** | **Please Reply** | **For Information** |
|---|---|---|---|---|

● **Comments:**



Laurence E. Komp

Attorney at Law

P.O. Box 1785
Manchester, MO 63011
(636) 207-7330
Fax Number (636) 207-7351
Email - lekomp@swbell.net

FAX TRANSMITTAL FORM

| To: Clerk of Court, 12ᵗʰ Appellate District | From: Larry Komp |
| Name: | Date Sent: 7/27/10 |
| CC: | |
| Phone: | Number of Pages:3 |
| Fax: 513-887-3966 | |

Clerk of Court,

   Attached please find a motion for extension of time to be filed in Appellate Case No. CA2009-10-263.  The information required by rule is as follows:

   (1) Name of Court - **Court of Appeals, Twelfth Appellate District, Butler County, OH**
   (2) Case Caption - **State v. Davis**
   (3) Case Number - **CA2009-10-263**
   (4) Assigned Judge - **Panel Unknown**
   (5) Name, Address, phone number, fax number, Supreme Court registration number, and email address of attorney submitting fax filing - **Laurence E. Komp, Attorney at Law,  P.O. Box 1785, Manchester, Missouri 63011, 636-207-7330 (Voice), 636-207-7351 (Facsimile), Ohio Bar 0060142, lekomp@swbell.net**
   (6) Description of document - **Appellant's Motion for Stay of Execution.**
   (7) Date of transmission - **7/27/10**
   (8) Transmitting fax number - **636-207-7351**
   (9) Total Number of pages (including cover sheet) - **3**

If I can be of further assistance, do not hesitate to contact me.

Sincerely,

**CONFIDENTIALITY NOTICE:** THIS FACSIMILE IS A CONFIDENTIAL COMMUNICATION FROM LAURENCE E. KOMP ATTORNEY AT LAW AND MAY BE SUBJECT TO ATTORNEY-CLIENT PRIVILEGE. The information contained in this communication, and any attachments thereto, is privileged and confidential and intended solely for use by the addressee(s). Any other use, dissemination, or copying of this facsimile communication is strictly prohibited and is a tortious interference with our confidential business relationships. If this was erroneously sent to you, please notify us immediately at (636) 207-7330 and permanently delete the original or any printed copies of this communication.

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,

      Appellee,

vs.

VON CLARK DAVIS,

      Appellant.

CASE NO. CA2009-10-263

FILED BUTLER CO.
COURT OF APPEALS

JUL 30 2010

CINDY CARPENTER
CLERK OF COURTS

**BRIEF OF APPELLEE**

---

*A CAPITAL CASE*
*Criminal Appeal from the Court of Common Pleas of Butler County.*
*Case No. CR1983-12-0614*

---

Attorneys for Appellant:

**LAURENCE E. KOMP** (0060142)
P.O. Box 1785
Manchester, Missouri 63011
Telephone: (636) 207-0330

**JOHN P. PARKER** (0041243)
988 East 185th Street
Cleveland, Ohio 44119
Telephone: (216) 881-0900

**ALAN M. FRIEDMAN** (*pro hac vice*)
(Illinois Bar #0869570)
Midwest Center for Justice, Ltd.
P.O. Box 6528
Evanston, Illinois 60201
Telephone: (847) 492-1563

Attorneys for Appellee:

**ROBIN N. PIPER** (0023205)
**Butler County Prosecuting Attorney**

**MICHAEL A. OSTER, JR.** (0076491)
**Assistant Prosecuting Attorney**
**and Chief, Appellate Division**
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR

## TABLE OF CONTENTS AND AUTHORITIES

Page

**STATEMENT OF THE CASE**

    **Procedural Posture**           1

    **Statement of Facts**           1-4

**ARGUMENT**

I.    **THE TRIAL COURT DID NOT ERR IN DENYING THE APPELLANT'S POST-CONVICTION MOTION TO WITHDRAW HIS JURY WAIVER BEFORE THE RE-SENTENCING HEARING.**

Issue Presented for Review and Argument:
*Where one convicted of capital murder had constitutionally waived a jury trial and his conviction at trial was affirmed on direct appeal, but his sentence was vacated thus requiring a new sentencing hearing, the jury trial waiver may not be withdrawn.*

Authorities:

| | |
|---|---|
| R.C. 2929.06(B). | 10 |
| R.C. 2929.06(E). | 10 |
| R.C. 2945.05. | 9 |
| | |
| *Apprendi v. New Jersey* (2000), 530 U.S. 466. | 10 |
| *Blakely v. Washington* (2004), 542 U.S. 296. | 10 |
| *Bifulco v. United States* (1980), 447 U.S. 381. | 14 |
| *Bullington v. Missouri* (1981), 451 U.S. 430. | 13 |
| *Callanan v. United States* (1961), 364 U.S. 587. | 15 |
| *Davis v. Coyle* (C.A.6, 2007), 475 F.3d 761. | 3, 6, 13 |
| *Federated Dept. Stores, Inc. v. Moitie* (1981), 452 U.S. 394. | 7 |
| *Gozlon-Peretz v. United States* (1991), 498 U.S. 395. | 15 |
| *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379. | 7 |
| *Hawley v. Ritley* (1988), 35 Ohio St.3d 157. | 8 |
| *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402. | 8 |
| *Lewis v. United States* (1980), 445 U.S. 55. | 14 |
| *Moskal v. United States* (1990), 498 U.S. 103. | 14 |
| *Nolan v. Nolan* (1984), 11 Ohio St.3d 1. | 8 |
| *Ring v. Arizona* (2002), 536 U.S. 534. | 13 |
| *Sattazahn v. Pennsylvania* (2003), 537 U.S. 101. | 13-14 |
| *State ex rel. Mason v. Griffin*, 104 Ohio St.3d 279, 2004-Ohio-6384. | 10-11 |
| *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94. | 8-9 |
| *State v. Allen*, Warren App. No. CA2006-01-001, 2006-Ohio-5990. | 8-9 |
| *State v. Bays* (1999), 87 Ohio St.3d 15. | 6 |
| *State v. Brock* (1996), 110 Ohio App.3d 656. | 11 |
| *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185. | 5 |
| *State v. D'Ambrosio* (1995), 73 Ohio St.3d 141. | 7-8 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5556

| | |
|---|---|
| *State v. Davis* (1988), 38 Ohio St.3d 361. | 6 |
| *State v. Davis* (1992), 63 Ohio St.3d 44. | 5, 6-7 |
| *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478. | 14 |
| *State v. Foster*, 109 Ohio St.3d 1. | 9 |
| *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006. | 5 |
| *State v. Green*, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695. | 15 |
| *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283. | 6, 10-11 |
| *State v. Letts*, Montgomery App. No. 17084, 1999 WL 42011. | 9 |
| *State v. Martin*, Brown App. No CA2003-09-11, 2004-Ohio-4309. | 12 |
| *State v. McGee* (1998), 128 Ohio App.3d 541. | 11-13 |
| *State v. McMahon*, Fayette App. No. CA2009-06-008, 2010-Ohio-2055. | 6 |
| *State v. Penix* (1987), 32 Ohio St.3d 369. | 11 |
| *State v. Perry* (1967), 10 Ohio St.2d 175. | 7 |
| *State v. Roper*, Summit App. No. 22988, 2006-Ohio-3661. | 9 |
| *State v. Szefcyk* (1996), 77 Ohio St.3d 93. | 7 |
| *United States v. Johnson* (2000), 529 U.S. 53. | 15 |
| *United States v. Lanier* (1997), 520 U.S. 259. | 14 |
| *State v. Arnold* (1991), 61 Ohio St.3d 175 | 14 |

## II. THE TRIAL COURT DID NOT ABUSE ITS DISCRETION WHEN IT DID NOT ASSIGN WEIGHT TO EVIDENCE ADMITTED IN MITIGATION.

Issue Presented for Review and Argument:
*A trial court, when weighing mitigating evidence, is not required to assign weight to certain evidence if the court finds the evidence to be non-mitigating.*

Authorities:

| | |
|---|---|
| R.C. 2923.03. | 16 |
| R.C. 2929.03(D)(2). | 16 |
| R.C. 2929.04(B). | 16, 18 |
| R.C. 2929.04(B)(7). | 17 |
| | |
| *Eddings v. Oklahoma* (1982), 455 U.S. 104. | 21 |
| *Hitchcock v. Dugger* (1987), 481 U.S. 393. | 17 |
| *Lockett v. Ohio* (1978) 438 U.S. 586. | 16-17 |
| *Penry v. Lynaugh* (1989), 492 U.S. 302. | 17 |
| *State v. Brewer* (1989), 48 Ohio St.3d 50. | 17-18 |
| *State v. Chinn*, Montgomery App. No. 11835, 1991 WL 289178. | 17 |
| *State v. Fox* (1994), 69 Ohio St.3d 183. | 17 |
| *State v. Goff*, Clinton App. No. CA95-09-026, 1997 WL 194898. | 16 |
| *State v. Lott* (1990), 51 Ohio St.3d 160. | 17 |
| *State v. Mink* (2004), 101 Ohio St.3d 350. | 16 |
| *State v. Newton* (2006), 108 Ohio St.3d 13. | 17, 18, 19, 21 |
| *State v. Steffen* (1987), 31 Ohio St.3d 111. | 16-17 |
| *State v. Taylor* (1997), 78 Ohio St.3d 15. | 17 |

iii

III.  **THE TRIAL COURT DID NOT ERR WHEN IT CONDUCTED THE RE-SENTENCING HEARING IN ACCORDANCE WITH THE PROVISIONS OF R.C. 2929.06(B), EFFECTIVE MARCH 23, 2005.**

Issue Presented for Review and Argument:
Where the Appellant's death sentence was vacated by a federal court on January 29, 2007, because of error that occurred in the sentencing phase of trial [see, *Davis v. Coyle* (C.A.6, 2007), 475 F.3d 761], *the trial court properly conducted the re-sentencing hearing in accordance with the modern provisions of R.C. 2929.06(B).*

Authorities:

| | |
|---|---|
| Crim.R. 25(B). | 22, 23-24 |
| Ohio Constitution, Section 28, Article II. | 24-25, 27 |
| R.C. 2903.01(A) | 29 |
| R.C. 2929.03(D). | 22, 26, 29 |
| R.C. 2929.06. | 22, 24, 26, 27, 31 |
| R.C. 2929.06(A). | 22-23, 27 |
| R.C. 2929.06(B). | 22, 23, 24, 26, 27, 29-30 |
| R.C. 2929.06(E). | 23, 25, 26, 30 |
| Untied States Constitution, Ex Post Facto Clause, Section 10, Article I. | 24, 27-28, 29 |
| | |
| *Beazell v. Ohio* (1925), 269 U.S. 167. | 28 |
| *Bielat v. Bielat* (2000), 87 Ohio St.3d 350. | 24-25, 27 |
| *Burgett v. Norris* (1874), 25 Ohio St. 308. | 27 |
| *Calder v. Bull* (1798), 3 U.S. 386. | 28, 29 |
| *Carmell v. Texas* (2000), 529 U.S. 513. | 28 |
| *Collins v. Youngblood* (1990), 497 U.S. 37. | 28 |
| *Dobbert v. Florida* (1977), 432 U.S. 282. | 27-28, 29 |
| *Furman v. Georgia* (1972), 408 U.S. 238. | 27-28 |
| *Gregory v. Flowers* (1972), 32 Ohio St.2d 48. | 25 |
| *Poland v. Arizona* (1986), 476 U.S. 147. | 31 |
| *Skipper v. South Carolina* (1986), 476 U.S. 1. | 31 |
| *State v. Cook* (1998), 83 Ohio St.3d 404. | 23, 24, 25 |
| *State v. Davis* (1988), 38 Ohio St.3d 361. | 26, 31 |
| *State ex rel. Corrigan v. McAllister* (1985), 18 Ohio St.3d 239. | 28 |
| *State ex rel. Kilbane v. Indus. Comm.* (2001), 91 Ohio St.3d 258. | 25 |
| *State ex rel. Matz v. Brown* (1988), 37 Ohio St.3d 279. | 25 |
| *State v. Penix* [1987], 32 Ohio St.3d 369. | 26 |
| *State ex rel. Slaughter v. Indus. Comm.* (1937), 132 Ohio St. 537. | 25 |
| *State v. Green* (1997), 122 Ohio App.3d 566. | 23-24 |
| *State v. Walls*, 96 Ohio St.3d 437. | 23, 24-25, 26-27, 28, 29, 30 |
| *State v. Warren*, 118 Ohio St.3d 200, 2008-Ohio-2011. | 24, 30 |

## IV. THE SENTENCE OF DEATH IS APPROPRIATE AND SHOULD BE AFFIRMED ON INDEPENDENT REVIEW.

Issue Presented for Review and Argument:
*The trial court properly found each mitigating factor introduced by Appellant, when combined, did not outweigh the aggravating factor, the repeat murder specification, and as such, Appellant's sentence of death is both appropriate and proportionate.*

Authorities:

| | |
|---|---|
| R.C. 2929.03(D)(1). | 32 |
| R.C. 2929.03(D)(2). | 32 |
| R.C. 2929.04(B). | 32 |
| R.C. 2929.05. | 32 |
| | |
| *Barbour v. Alabama*, 673 So.3d 461 (Ala.Crim.App.1994). | 35 |
| *Cone v. State*, 747 S.W.2d 353 (Tenn.Crim.App.1987). | 34-35 |
| *Floyd v. State*, 497 So.2d 1211 (Fla.1986). | 35 |
| *Greene v. Arkansas*, 343 Ark. 526 (2001). | 35 |
| *Lee v. State*, 327 Ark. 692 (1997). | 35 |
| *Robison v. Maynard*, 829 F.2d 1501 (10th Cir. 1987). | 35 |
| *State v. Adams*, 103 Ohio St.3d 508. | 35, 36 |
| *State v. Awkal* (1996), 76 Ohio St.3d 324. | 34, 36 |
| *State v. Bradley* (1989), 42 Ohio St.3d 136. | 36 |
| *State v. Carter* (1992), 64 Ohio St.3d 218 | 36 |
| *State v. Cassano* (2002), 96 Ohio St.3d 94 | 36 |
| *State v. Cowans* (1999), 87 Ohio St.3d 68 | 36 |
| *State v. Keene* (1998), 81 Ohio St.3d 646. | 34 |
| *State v. Johnson*, 88 Ohio St.3d 95, 2000-Ohio-276. | 33 |
| *State v. Mapes* (1985), 19 Ohio St.3d 108. | 36 |
| *State v. Mundt*, 115 Ohio St.3d 22. | 33 |
| *State v. Newton*, 108 Ohio St.3d 13. | 33 |
| *State v. Sowell* (1988), 39 Ohio St.3d 322. | 33-34 |
| *State v. Stumpf* (1987), 32 Ohio St.3d 95. | 34 |
| *State v. Taylor* (1997), 78 Ohio St.3d 15 | 36 |
| *State v. Thomas*, 97 Ohio St.3d 309. | 33-34 |
| *State v. Were*, Hamilton App. No. C-030485, 2006-Ohio-3511. | 32 |
| *State v. Wilson*, 74 Ohio St.3d 381. | 33 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5559

**V.      APPELLANT'S TWENTY-SIX YEAR LENGTH OF STAY ON OHIO'S DEATH ROW DOES NOT CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT UNDER THE UNITED STATES CONSTITUTION AND STATE CONSTITUTION AND DOES NOT VIOLATE BINDING INTERNATIONAL LAW.**

Issue Presented for Review and Argument:
*Executing Appellant after twenty-six years on death row does not constitute cruel and unusual punishment, as prohibited under the United States Constitution and Ohio Constitution.*

Authorities:

| | |
|---|---|
| 138 Cong. Rec. 8068, 8070-71 (Apr. 2, 1992). | 41 |
| 138 Cong. Rec. S4781-01, S4783 (Apr. 12, 1992). | 41, 42 |
| International Covenant on Civil and Political Rights Art. VI. | 40-41 |
| International Covenant on Civil and Political Rights Art. VII. | 41 |
| Restatement (Third) of the Foreign Relations Law of the United States Sec. 111 (1987) | 42 |
| | |
| *Booker v. State* (Fla. 2007), 969 So.2d 186. | 39 |
| *Buell v. Mitchell* (C.A.6 2001), 274 F.3d 337. | 42-43 |
| *Celestine v. Butler* (C.A.5 1987), 823 F.2d 74. | 42 |
| *Chambers v. Bowersox* (C.A.8 1998), 157 F.3d 560. | 39 |
| *Commonwealth of Pennsylvania v. Judge* (Penn. 2007), 916 A.2d 511. | 40, 41, 42 |
| *Ex Parte Bush* (Ala. 1997), 965 So.2d 138 | 38 |
| *Gregg v. Georgia* (1976), 428 U.S. 153. | 37 |
| *Hill v. State* (Ark.1998), 331 Ark. 312. | 40 |
| *Johnson v. Bredesen* (2009), 130 S.Ct. 541. | 39 |
| *Lackey v. Texas* (1995), 514 U.S. 1045. | 37-38 |
| *McCray v. New York* (1983), 461 U.S. 961. | 38 |
| *McKenzie v. Day* (C.A. 1995), 57 F.3d 1461. | 38-39 |
| *Sosa v. Alvarez-Machian* (2004), 542 U.S. 692. | 42 |
| *State v. Bey* (1999), 85 Ohio St.3d 487. | 37, 42 |
| *State v. Buell* (1986), 22 Ohio St.3d 124. | 37 |
| *State v. Chinn*, Montgomery App. No. 16206, 1997 WL 464736. | 38 |
| *State v. Craig* (2006), 110 Ohio St.3d 306. | 37 |
| *State v. Ferguson* (2006), 108 Ohio St.3d 451. | 42 |
| *State v. Issa* (2001), 93 Ohio St.3d 49. | 42 |
| *State v. Jenkins* (1984), 15 Ohio St.3d 164. | 37 |
| *State v. Maurer* (1984), 15 Ohio St.3d 239. | 37 |
| *State v. Moore* (Neb. 1999), 256 Neb. 553. | 38-39 |
| *State v. Phillips* (1995), 74 Ohio St.3d 72. | 42 |
| *State v. Smith* (Mont. 1996), 280 Mont. 158. | 38, 39-40 |
| *State v. Williams*, Butler App. Nos. CA91-04-060, CA92-06-110, 1992 WL 317025. | 37, 42 |
| *Thompson v. McNeil* (2009), 129 S.Ct. 1299. | 38, 39 |
| *Thompson v. State* (Fla. 2009), 3 So.3d 1237. | 38 |
| *White v. Johnson* (C.A.5 1996), 79 F.3d 432. | 38, 39 |

vi

**CONCLUSION**                                                     43

**PROOF OF SERVICE**                                              44

**APPENDIX:**

vii

## STATEMENT OF THE CASE

### Procedural Posture:

This appeal is from the judgment of the Court of Common Pleas of Butler County wherein Defendant-Appellant Von Clark Davis, who had been convicted of aggravated murder with specification in a 1984 trial, was re-sentenced to death for that offense. (T.d. 432— *Judgment of Conviction Entry* and T.d. 435 — *Sentencing Opinion* filed Sept. 21, 2009.)

### Statement of Facts:

On December 12, 1983, at approximately 7:40 pm, Appellant Von Clark Davis shot and killed his estranged girlfriend, Suzette Butler, on the sidewalk outside the front door of American Legion Post 520 on Central Avenue in Hamilton, Ohio. This shooting was witnessed by several people on the street who indicated that Davis fired multiple shots at Butler's head, the final shot a "*coup de gras*" as he bent down and fired his pistol within inches of her head; autopsy findings were consistent with that testimony. Additional witnesses testified that earlier that day, within a few hours before the shooting, Davis had sought their help in acquiring a .25-caliber semi-automatic pistol and ammunition for it. Since Davis had been convicted in 1971 of second-degree murder for having killed Ernestine Davis (his estranged wife), he was under disability and could not legally obtain a firearm. Spent .25 caliber shell cases found at the scene, ejected from the murder weapon, were of the same caliber and brand as the ammunition purchased that day by Davis; and the fatal bullets recovered from the victim's head during the autopsy were likewise consistent with such a weapon, which was never recovered.[1]

---

1. Facts derived from trial record and decision of the Ohio Supreme Court in *State v. Davis* (1988), 38 Ohio St.3d 361, at 361-363, *certiorari denied* (1989), 488 U.S. 1034, 109 S.Ct. 849.

1

Following the murder, Davis was indicted for the aggravated murder[2] of Butler with a death-penalty specification[3] and having weapons while under a disability.[4] (*Indictment*, T.d. 8) Davis waived a jury trial (T.d. 83, 84) and was tried in May 1984 by a three-judge panel (Hons. Henry J. Bruewer, Judge presiding, John R. Moser and William R. Stitsinger, JJ.); rejecting his plea of not guilty,[5] the trial court found Davis guilty as charged (*Entry of Findings of Guilty*, T.d. 101), and following a mitigation hearing, Davis was sentenced to death. (T.d. 105, 108) On direct appeal, this Court affirmed the conviction and sentence.[6] Thereafter, the Ohio Supreme Court also affirmed Davis's conviction, but a majority of that court reversed Davis's death sentence on the ground that the three-judge panel had improperly considered non-statutory aggravating circumstances during the penalty phase of the trial.[7] On remand, the same three-judge panel which had originally tried Davis conducted a re-sentencing hearing in August 1989 and again sentenced him to death. (T.d. 168, 169) This Court,[8] as well as the Supreme Court of Ohio,[9] affirmed Davis's second death sentence on

---

2. R.C. 2903.01(A) (purposely, and with prior calculation and design, causing the death of another).

3. R.C. 2929.04(A)(5) (that prior to the offense at bar he was convicted of an offense an essential element of which was the purposeful killing of or attempt to kill another, to-wit: murder in the second degree contrary to former R.C. 2901.02, circa 1970).

4. R.C. 2923.13(A)(2) (that he did knowingly acquire, have, carry or use a firearm having previously been convicted of felonies of violence, to-wit: convictions for shooting with intent to wound in 1970, and murder in the second degree in 1971).

5. Davis testified on his own behalf in the 1984 trial's guilt phase, maintaining that he had purchased the murder weapon as part of an exchange with "Silky Carr," a man from Kentucky whom Davis asserted had been Butler's drug dealer; Davis also claimed that Butler owed Carr money, and that on the night of the murder he left Carr and Butler talking in front of the American Legion Hall. See *Davis*, 38 Ohio St.3d, at 363 n.5.

6. *State v. Davis* (May 27, 1986), Butler App. No. CA84-06-071, 1986 WL 5989.

7. *Davis*, 38 Ohio St.3d, at 372-373 (specifically remanding the case to the trial court (the three-judge panel) for a re-sentencing hearing "*** at which the state may seek whatever punishment is lawful, including, but not limited to, the death sentence.")

8. *State v. Davis* (Oct. 29, 1990), Butler App. No. CA89-09-123, 1990 WL 165137.

9. *State v. Davis* (1992), 63 Ohio St.3d 44, *rehearing denied*, 63 Ohio St.3d 1433, *certiorari denied* (1992), 506 U.S. 858, 113 S.Ct. 172, *second rehearing denied* (1993), 66 Ohio St.3d 1489.

2

direct appeal.

Following his unsuccessful exhaustion of post-conviction remedies in the Ohio courts,[10] in April 1997, Davis filed a petition for a writ of habeas corpus in federal court contending, *inter alia*, that his federal constitutional rights had been violated when he was denied the opportunity to present additional evidence in mitigation at the second sentencing hearing (his post-conviction good behavior in prison circa 1984-1989, as well as a "psychological update" by a psychologist who had previously testified in the sentencing phase in 1984). Ultimately the United States District Court, Southern District of Ohio – Eastern Division, denied habeas relief.[11] However, on appeal from that decision, the United States Court of Appeals for the Sixth Circuit reversed the District Court's denial of relief, holding that the trial court's refusal to the presentation of additional mitigating evidence at the second sentencing hearing was error under *Skipper v. South Carolina* (1986), 476 U.S. 1, 106 S.Ct. 1669; accordingly, the Sixth Circuit ordered the District Court to grant Davis a conditional writ of habeas corpus, indicating that *Skipper* required that the case be remanded for a new sentencing hearing.[12] Upon issuance of said writ, the trial court assumed jurisdiction and issued an order granting Davis a "new sentencing hearing" on December 19, 2007. (T.d. 241) The original three judges being unavailable, a three judge panel consisting of the judge presiding (Hon. Andrew Nastoff) and judges drawn by lot (Hon. Keith M. Spaeth and Hon. Charles L. Pater), chosen by random lot on the record and in open court with the parties participating, was assigned to hear the

---

10. Davis filed a petition for post-conviction relief in 1993 (T.d. 188) which was denied on June 30, 1995 (T.d. 226), affirmed in *State v. Davis* (Sept. 30, 1996), Butler App. No. CA95-07-124, 1995 WL 551432, *discretionary appeal not allowed, State v. Davis* (1997), 77 Ohio St.3d 1520. Similarly, Davis's attempts in 1998 to obtain relief pursuant to applications to reopen his direct appeal, under App.R. 26(B), were unsuccessful. See *State v. Davis*, 86 Ohio St.3d 212, 1999-Ohio-160 (affirming this Court's judgment filed January 13, 1999 in *State v. Davis*, Butler App. No. CA84-06-071, unreported.)

11. See *Davis v. Bagley* (S.D. Ohio Jan. 17, 2002), No. C-1-97-402, 2002 WL 193579 (not reported in F.Supp.2d).

12. See, *Davis v. Coyle* (C.A.6, 2007), 475 F.3d 761, 774-775 (citing *Skipper*, 476 U.S. at 8); *Id.* at 781.

3

matter. (T.d. 250)

Davis thereafter waived any time requirements (T.d. 237,238), and after agreed continuances (T.d. 331, 393), additional discovery, and a spate of pre-sentence motions were heard and determined (T.d. 337), the re-sentencing hearing was conducted on September 8-10, 2009. Witnesses were called on Davis's behalf, whereas the trial court did not permit any additional evidence to be presented by the State. (T.p. 22-24, resentencing 9/8/09) After deliberation, on September 10, 2009, the trial court once again imposed a death sentence. (T.d. 432— *Judgment of Conviction Entry* and T.d. 435 — *Sentencing Opinion* filed Sept. 21, 2009.) This appeal followed.

## ARGUMENT

I.   **THE TRIAL COURT DID NOT ERR IN DENYING THE APPELLANT'S POST-CONVICTION MOTION TO WITHDRAW HIS JURY WAIVER BEFORE THE RE-SENTENCING HEARING.**

### Issue Presented for Review and Argument:
*Where one convicted of capital murder had constitutionally waived a jury trial and his conviction at trial was affirmed on direct appeal, but his sentence was vacated thus requiring a new sentencing hearing, the jury trial waiver may not be withdrawn.*

In his first assignment of error, Appellant asserts that the trial court erred by denying his June 27, 2008 motion to withdraw his jury waiver ("Pleading L," T.d. 283), which the trial court determined before the re-sentencing hearing (T.d. 337, at pp. 13-22). The State disagrees.

A.   Appellant's Jury Waiver Was Valid

In addressing this issue, it should first be noted that the doctrines of res judicata and the law

4

of the case[13] would preclude a direct review of the jury waiver issue, as will be argued subsequently; however even if Davis's 1984 jury waiver is reconsidered, there is nothing about the record that suggests that Judge Bruewer's colloquy with Davis upon acceptance of his jury waiver was fatally deficient. Rather, contrary to Davis's contentions, the record demonstrates that he knew that his waiver applied to both phases of trial. This is illustrated by Judge Nastoff's decision in which he reviewed the actual transcripts from 1984 and found that "[a]s the record shows, all were aware, including Defendant, that a jury waiver applied to both phases of trial, and that a three judge panel would determine Defendant's sentence should the need arise." (T.d. 337, p.15) As such, the Appellant did validly waive his right to a trial by jury.

A similar conclusion was reached in the *Foust* decision, where the Supreme Court of Ohio rejected the Appellant's claims:

> We also reject Foust's claim that his jury waiver was invalid because the trial court failed to advise him that the waiver applied to both the guilt and the penalty phases of trial. The waiver of the right to trial by jury in a capital case applies to both the guilt phase and the penalty phase of the trial. Contrary to Foust's contentions, the record demonstrates that he knew that his waiver applied to both phases of trial: during a colloquy with counsel after accepting Foust's waiver, the court stated, '[W]e will leave the date for December 12th before a panel of three judges. You should all be aware, in the event any discussions about a plea to reduced charges should be done, that we still have to convene the threejudge court in order to take that plea and impose a sentence.' (Emphasis added.) Thus, the record reflects that all were aware – including Foust – that his waiver of a jury trial meant that the three-judge panel would impose sentence during the penalty phase.
> Further, nothing in the record suggests that Foust's jury waiver was not knowingly, intelligently, and voluntarily made. When the trial court accepted Foust's written waiver, Foust affirmed that his decision was voluntary. Moreover, his trial counsel did not request that the trial court ask any further questions or clarify any of the other rights associated with Foust's waiver.

*State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, ¶¶54-55.

---

[13] Argument is made notwithstanding the law-of-the-case, see *Davis* (1992), 63 Ohio St.3d 44, at 48-49, and *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 189 (citing *Davis* and rejecting capital defendant's argument which "assumes that a knowing, intelligent waiver of a jury trial can retroactively be rendered unknowing and unintelligent by postwaiver events")

Additionally, contrary to Davis' claim, the trial court was not required to specifically advise Davis of every legal aspect of trial before a jury, as opposed to trial before a three-judge panel. See, *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶68 (citing *State v. Bays* and noting that "a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it." [*Bays* (1999), 87 Ohio St.3d 15, 20]. Nor is the trial court "required to inform the defendant of all the possible implications of waiver." *Id*.). Wherefore, Appellant's argument concerning his right to a jury trial with respect to resentencing is wholly without merit and should be denied by this Court.

Appellant's request to withdraw his jury waiver years after it occurred, and years after the conviction was affirmed, can only be reasonably explained as a change of heart, and not based upon any type of misinformation, *et cetera*, that would render it involuntary. Accord *State v. McMahon*, Fayette App. No. CA2009-06-008, 2010-Ohio-2055, ¶26. Accordingly, Appellant has failed to show any legal authority that would entitle him to withdraw his jury waiver. Thus, there was no abuse of discretion by the trial court in this regard

B.     The Doctrine of Res Judicata

The doctrine of res judicata precludes consideration of Davis's suggestion that he can withdraw his jury waiver. Davis was before the trial court solely for re-sentencing. See, *Davis v. Coyle* (C.A.6, 2007), 475 F.3d 761, 781 ("the resentencing hearing that we order today will not constitute a 'trial' in the sense that [Davis]'s guilt or innocence is again at issue"). As such, to begin consideration of this issue it must first be noted that this issue was not raised in his first appeal, where his 1984 conviction was affirmed. *State v. Davis* (1988), 38 Ohio St.3d 361, 363 ("we affirm the judgment of the court of appeals with regard to [Davis's] conviction, but reverse the judgment of the court of appeals as to [Davis's] death sentence"). Thereafter, a suggestion that the jury waiver

6

was not knowingly, intelligently and voluntarily made was indeed considered, *and rejected*, in Davis' subsequent appeal. See, *State v. Davis* (1992), 63 Ohio St.3d 44, 48-49 (specifically, in his "fifth proposition of law" wherein it was suggested that Davis was misinformed regarding the distinctions between trial by panel or trial by jury at the time he signed his 1984 jury waiver).

"Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk* (1996), 77 Ohio St.3d 93, syllabus, reaffirming *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.

> *** '[P]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.' [Citation omitted.] We have stressed that '[the] doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, "of public policy and of private peace," which should be cordially regarded and enforced by the courts. ***' [Citation omitted.]
*Szefcyk*, 77 Ohio St.3d at 95, quoting *Federated Dept. Stores, Inc. v. Moitie* (1981), 452 U.S. 394, 401, 101 S.Ct. 2424.

There is no injustice in requiring a litigant "to avail himself of all available grounds for relief" through the first available instance, i.e. his direct appeal from a conviction. See, *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 383. Such recognition "establishes certainty in legal relations and individual rights, accords stability to judgments and promotes the efficient use of limited judicial or quasi judicial time and resources." *Id.*, at 383-384; See, also, *State v. D'Ambrosio* (1995), 73 Ohio St.3d 141, 143 (before the Supreme Court a second time after remand to court of appeals for reconsideration of death sentence and the latter court affirmed that sentence, Supreme Court applied doctrine of res judicata to issues previously decided in its first decision; "[t]he fact that

7

the case was remanded to the court of appeals for re-evaluation of the death sentence in no way implicated the finality of those convictions").

Thus, the decision of the trial court rings true that the Appellant's "attempt to re-litigate the propriety of his jury waiver in this case is untimely and barred by the doctrine of res judicata." (T.d. 337, p.17)

### C. The Law-of-the-Case Doctrine

Moreover, Appellant's argument is also defeated under the law-of-the-case doctrine, which states that "[t]he judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97. "Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, syllabus. This doctrine precludes a litigant from attempting to rely on arguments at retrial which were fully litigated, or could have been fully litigated, in a first appeal. *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 404-405. "[T]he rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Nolan*, 11 Ohio St.3d at 3. A trial court may not exceed the scope of its remand from the superior appellate courts. See, *Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 161. Thus, a trial court has no power to hear and determine a motion to withdraw a guilty plea which would thereby vacate or modify a judgment that has been affirmed by a superior appellate court, "for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do." *State ex rel. Special Prosecutors*, 55 Ohio St.2d at 98. See, also, *State v. Allen*, Warren App. No. CA2006-01-001, 2006-Ohio-5990, ¶ 13 (citing *Special Prosecutors*

8

and holding that trial court does not have jurisdiction to maintain and determine a motion to withdraw a guilty plea subsequent to an appeal and an affirmance by the appellate court).

Specifically, Davis' case was remanded solely for resentencing, and the trial court lacked authority to consider a motion to withdraw a jury waiver. See, *State v. Roper*, Summit App. No. 22988, 2006-Ohio-3661, ¶¶10-11 (trial court exceeded scope of remand for the limited purpose of resentencing only under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, when it considered motions by defendant to withdraw guilty plea and by state to reconsider withdrawal of guilty plea); *State v. Letts*, Montgomery App. No. 17084, 1999 WL 42011 (on remand for resentencing on affirmed convictions for aggravated robbery where aggravated murder conviction reversed due to insufficient evidence, remand had a "very limited purpose" to resentence defendant absent the aggravated murder, thus under law-of-the-case doctrine, "trial court was to do no more than resentence," and had the trial court elected on remand to consider motion for a new trial on the aggravated robbery charges, that action would have been wholly inconsistent with the appellate decision affirming robbery convictions, and would have exceeded the permissible scope of the trial court's authority on remand).

As such, the law-of-the-case doctrine also bars re-litigation of this issue.

D.   Ohio's Statutory Scheme

Appellant's "attempt to withdraw his jury waiver is untimely and runs contrary to Ohio's statutory capital resentencing procedure." (T.d. 337, p. 17) First, as to his jury waiver, R.C. 2945.05 makes it clear that the Appellant was free to withdraw his jury waiver "at any time before the commencement of the trial." Appellant's trial commenced in 1984, and was been subsequently affirmed. As such, because the Appellant failed to withdraw his jury waiver prior to the guilt phase in this case, he has naturally and statutorily abandoned any right to withdraw his jury waiver.

9

Appellant's attempts to withdraw are inasmuch untimely.

What is more, because he was originally convicted by a three judge panel, Ohio law dictates

a three judge panel to resentence the Appellant. R.C. 2929.06(B)[14] is directly on point:

> Whenever *** any federal court sets aside, nullifies, or vacates a sentence of death
> imposed upon an offender because of error that occurred in the sentencing phase of
> the trial and if division (A) of this section does not apply, the trial court that
> sentenced the offender shall conduct a new hearing to resentence the offender. ***
> <u>If the offender was tried by a panel of three judges, that panel or, if necessary, a new
> panel of three judges **shall** conduct the hearing.</u>  (Emphasis added)

The express and unambiguous language of R.C. 2929.06(B) vests the exclusive responsibility

to determine Appellant's sentence to a three judge panel, and not a jury. As this is what occurred

in this case, no error can be found.

Further, while Appellant attempts to argue for some form of a hybrid or bifurcated

proceeding, none exists in Ohio law. In matters of criminal sentencing, the trial court does not have

inherent power to act, but has only such power as is conferred by statute or rule. See, *State ex rel.*

*Mason v. Griffin*, 104 Ohio St.3d 279, 2004-Ohio-6384, ¶¶15-17 (Ohio trial judge patently and

unambiguously lacked jurisdiction to convene a jury sentencing hearing in supposed compliance

with *Blakely v. Washington* [2004], 542 U.S. 296, 124 S.Ct. 2531, and *Apprendi v. New Jersey*

[2000], 530 U.S. 466, 120 S.Ct. 2348, where no statute authorizes a jury to make findings concerning

sentencing in criminal cases).

More to the point, in a capital case, *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283,

¶¶123-124, the Ohio Supreme Court cited *Griffin* and expressly rejected the suggestion that a capital

---

[14] Division (E) of R.C. 2929.06 (effective 3-23-05, amended without material change effective 1-1-08) makes the statute retroactively applicable "to all offenders who have been sentenced to death for an aggravated murder that was committed on or after October 19, 1981" who were "sentenced to death prior to, on, or after March 23, 2005, including offenders who, on March 23, 2005, are challenging their sentence of death and offenders whose sentence of death has been set aside, nullified, or vacated by *** any federal court but who, as of March 23, 2005, have not yet been resentenced."

10

case could be tried pursuant to a "hybrid" or "bifurcated" procedure, not permitted by any statute or rule, whereby an accused charged with aggravated murder could waive a jury, request that three judges determine his guilt, and then have a jury decide the penalty. This is consistent with the Ohio Supreme Court's longstanding view that the trial procedure in a capital case is strictly governed by statute, and when it is suggested that nonstatutory deviation may be made, "we may not create such a procedure out of whole cloth." See, *State v. Penix* (1987), 32 Ohio St.3d 369, 373. See, also, *State v. Brock* (1996), 110 Ohio App.3d 656, 665-667, *leave to appeal not allowed* (1996), 77 Ohio St.3d 1444 (holding that since there is no provision for a single trial judge to make the determination of guilt in a capital case with the subsequent sentencing decision to be made by a jury, empaneled for sentencing only, conviction and death sentence issued under such procedure was void ab initio for want of jurisdiction). As such, the trial court properly read and followed Ohio's statutory scheme in properly denying Appellant's motion to withdraw his jury waiver.

      E.    State v. McGhee

      Appellant, and the Sixth Circuit to some degree, attempt to counter these legally sound arguments by relying on *State v. McGee* to argue that *McGee* indicates "a jury waiver could not stand when new evidence would be presented at the re-trial, due to an amendment indictment." (Appellant's Br. 4) This is an improper reading of *McGee*.

      In *McGee*, the appellate court reversed the defendant's conviction for child endangering on the basis that she was not properly charged with, or found guilty of, an essential element of the offense, namely the element of recklessness. *State v. McGee* (1998), 128 Ohio App.3d 541. The case was remanded for a new trial under an amended indictment. *Id.* at 543. The trial court denied both McGee's motion for a new trial and her request to withdraw her jury waiver. *Id.* At trial, McGee was permitted to recall state witness as if on cross-examination, call her own witnesses, and present final

<p align="center">11</p>

arguments on the issue of recklessness. *Id.* at 545. The trial court convicted McGee as charged under the amended indictment. *Id.* at 543. McGee again appealed her conviction, arguing she was entitled to a new trial and to withdraw her jury waiver on remand. *Id.* at 545. The Third District agreed:

> the only appropriate action for the trial court to take is to proceed anew from arraignment on the amended indictment to a new trial. We further <u>conclude that McGee's previous waiver of jury trial [was] inherently revoked by the reversal of the conviction</u> and trial court erred in refusing to allow withdrawal of prior jury trial waiver.

*Id.* (Emphasis added).

Under *McGee*, a reversed <u>conviction</u> grants the defendant a new trial and subsequently revokes any prior jury trial waiver. *Id.* at 545. However, Davis' conviction remains intact and it is only his sentence that was reversed and remanded to the trial court. Contrary to Appellant's argument, *McGee* does not apply and Davis cannot withdraw his jury waiver. See, also, *State v. Martin*, Brown App. No CA2003-09-11, 2004-Ohio-4309 (court allowed the State to amend indictment, after the State and defense rested their cases, without reopening case or obtaining a new jury waiver; "It was also not necessary that a new jury waiver be executed. *** Unlike appellant's cited authority of *State v. McGee*, the instant case did not involve a new trial on remand from an appellate reversal." [Citations omitted]).

This position was followed by the trial court when it decided that "[s]imply put, *McGee* lends no support to the instant motion. Not only is *McGee* not directly on point, but the factual and procedural differences between it and Defendant's case render it nothing more than vaguely analogous." (T.d. 337, p. 21) The trial court continued by holding that the differences between the present case and *McGee* were "material" and that to "say that Defendant should be permitted to withdraw his jury waiver simply because his resentencing hearing may be considered the functional equivalent of trial glosses over and gives short shrift to the significant procedural differences

between McGee and the instant case." Id. As such, *McGee* should not be followed.[15]

    F.    The Sentencing Phase is Not the Trial.

Similar to the aforementioned statements from the trial court about *McGee* and this case having significant procedural differences due to the comparisons of the trial phase and sentencing phase, the Appellant continuously attempts to spin his resentencing into being labeled as a new trial. However this is simply not true.

Appellant argues in his brief that "the United States Supreme Court has recognized that mitigation phases are trial like and subject to constitutional protections." (Appellant's brief, p. 3) Thus, in Appellant's own words, the sentencing phase is "trial like" but not the trial itself. If it was the trial, the word "like" would be unnecessary surplusage. This point further exemplifies why the jury waiver was properly found to be in full force, the trial was completed, and Appellant was found guilty. As such, no new trial was had in the present case which would have allowed for the jury waiver to be withdrawn.

This point is further exemplified by the words of Justice Scalia in *Sattazahn v. Pennsylvania* (2003), 537 U.S. 101, 111, 123 S.Ct. 732, "[w]hen *Bullington*, *Rumsey*, and *Poland* were decided, capital-sentencing proceedings were understood to be just that: sentencing proceedings. Whatever "hallmarks of [a] trial" they might have borne, *Bullington*, 451 U.S., at 439, 101 S.Ct. 1852, <u>they differed from trials</u> in a respect crucial for purposes of the Double Jeopardy Clause: <u>They dealt only with the sentence to be imposed for the "offence" of capital murder.</u> Thus, in its search for a rationale to support *Bullington* and its "progeny," the Court continually tripped over the text of the Double

---

[15] Although not specifically referenced, any attempted reliance on *Ring v. Arizona* (2002), 536 U.S. 534, would also be misplaced due to the fact that Appellant knowingly, intelligently and voluntarily waived his right to a jury trial. See, *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, 780 fn 8 ("obviously, Ring's mandates would only apply in situations in which the criminal defendant did not exercise the prerogative to waive the constitutional right to a jury trial.")

13

. .

Jeopardy Clause." (Emphasis added)

Thus, what the Justice's word make clear is that a sentencing phase is just that, the sentencing. It is different from the trial and in order to get to that phase, the offense (capital murder) has already been proven. This whole argument about being "trial like" and the hallmarks of a trial, leads to one unassailable point, the sentencing phase is not a trial. As such, the trial was concluded, and the jury waiver could not be withdrawn.

G.    The Rule of Lenity

Appellant erroneously argues that holding him to his constitutionally valid jury waiver upon remand of this case violates the rule o[f] lenity." (Appellant's Brief p. 9) Appellant's argument is flawed since the rule of lenity is a rule of construction for statutes and rules of procedure, and is only implemented as a last resort of constructing a statute when two statutes are in conflict. In this case, there is no conflict between statutes or any ambiguity

"The rule of lenity is a principle of statutory construction that provides that a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant if the intended scope of the statute is ambiguous. See *Moskal v. United States* (1990), 498 U.S. 103, 107-108, 111 S.Ct. 461, 112 L.Ed.2d 449, quoting *Bifulco v. United States* (1980), 447 U.S. 381, 387, 100 S.Ct. 2247, 65 L.Ed.2d 205, quoting *Lewis v. United States* (1980), 445 U.S. 55, 65, 100 S.Ct. 915, 63 L.Ed.2d 198 (" 'the "touchstone" of the rule of lenity "is statutory ambiguity" ' "); *State v. Arnold* (1991), 61 Ohio St.3d 175, 178, 573 N.E.2d 1079." *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, ¶ 38. Thus, pursuant to this rule, any ambiguity in a "criminal statute is construed strictly so as to apply the statute only to conduct that is clearly proscribed." *Id.*, citing *United States v. Lanier* (1997), 520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432.

Davis' argument misconstrues the rule of lenity. He seeks to apply the rule by arguing that

14

the remand for a new sentencing hearing, which does not withdraw his previously constitutionally entered jury waiver, in essence means that all the fact and every legal argument should be construed in his favor. "However, the rule of lenity applies to the construction of ambiguous statutes and not to determinations of a remedy for a statute's unconstitutionality or to the law regarding the retroactive application" of a court's decisions or to the remedy for a remand that the Appellant is unhappy with. *Id.* at ¶ 40, citing *United States v. Johnson* (2000), 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39 ("Absent ambiguity, the rule of lenity is not applicable to guide statutory interpretation"); *Gozlon-Peretz v. United States* (1991), 498 U.S. 395, 410, 111 S.Ct. 840, 112 L.Ed.2d 919, quoting *Callanan v. United States* (1961), 364 U.S. 587, 596, 81 S.Ct. 321, 5 L.Ed.2d 312 (" 'The rule comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers' "). See also *State v. Green*, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695, ¶ 24.

Therefore, since the Rule of lenity is a rule of statutory construction, and is only implemented as a last resort when two statutes are in conflict, it is inapplicable to Appellant's arguments since there is no conflict or ambiguity in the statutes in question. Rather, Appellant simply does not agree with what the statutes clearly dictate. As such, this is not a Rule of lenity issue.

## II.  THE TRIAL COURT DID NOT ABUSE ITS DISCRETION WHEN IT DID NOT ASSIGN WEIGHT TO EVIDENCE ADMITTED IN MITIGATION.

### Issue Presented for Review and Argument:
*A trial court, when weighing mitigating evidence, is not required to assign weight to certain evidence if the court finds the evidence to be non-mitigating.*

In his second assignment of error, Appellant asserts that the trial court erred in failing to give weight to certain mitigating factors. (Appellant's Brief, p. 12) Given that the three judge panel

15

properly weighed all mitigating evidence, even if it did not assign weight to the evidence, Appellant's argument is without merit.

Mitigating factors are factors that, while not justifying or excusing the crime, may be considered as extenuating or reducing the degree of moral culpability. *State v. Goff*, Clinton App. No. CA95-09-026, 1997 WL 194898; *State v. Steffen* (1987), 31 Ohio St.3d 111. Mitigating factors may call for a penalty less than death, or lessen the appropriateness of a sentence of death. *State v. Mink* (2004), 101 Ohio St.3d 350. After a finding of proof beyond a reasonable doubt of the aggravating circumstances, a jury or a three judge panel must weigh, pursuant to R.C. 2923.03, the aggravating circumstances against the mitigating factors listed in R.C. 2929.04(B). While "a defendant in a capital case [should] be given wide latitude to introduce any evidence [he] considers to be mitigating, this does not mean that the court is necessarily required to accept as mitigating everything offered by the defendant * * *." *Steffen*, 31 Ohio St.3d at 129. The death penalty cannot be imposed unless the aggravating circumstances are proven beyond a reasonable doubt to outweigh any mitigating factors. R.C. 2929.03(D)(2). The assessment of and weight to be given to mitigating evidence are matters for the trial court's determination. *Goff*, 1997 WL 194898.

A court may not refuse to consider a mitigating factor on which a capital defendant has introduced into evidence. *Eddings v. Oklahoma* (1982), 455 U.S. 104. "[T]he Eighth and Fourteenth Amendments require that the sentencer *** not be precluded from considering, *as a mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." *Id.* at 110, citing *Lockett v. Ohio* (1978) 438 U.S. 586, 604 (Emphasis in original). Since "the imposition of death by public authority is *** profoundly different from all other penalties," the sentencer must give "independent mitigating weight to aspects of the defendant's character and record and to circumstances of the

16

offense proffered in mitigation \*\*\*." *Eddings*, 455 U.S. at 110; *Lockett*, 438 U.S. at 605. As such, it is not enough simply to allow the defendant to present mitigating evidence to the sentencer. The sentencer must also be able to consider and give effect to that evidence in imposing sentence. "Ignoring mitigating evidence is tantamount to refusing to consider it." *State v. Chinn*, Montgomery App. No. 11835, 1991 WL 289178, \*18.

Even though a court must consider the mitigating evidence, a court need not give any particular weight to evidence that a defendant has introduced in mitigation. The fact that an item of evidence is admissible under R.C. 2929.04(B)(7) does not automatically mean that it must be given any weight. "[T]he court in its own independent weighing process, *may properly choose to assign absolutely no weight* to this evidence if it considers it to be non-mitigating. Only that evidence which lessens the moral culpability of the offender or diminishes the appropriateness of death as the penalty can truly be considered mitigating. Evidence which is not mitigating is not entitled to any weight as a mitigating factor in determining whether such factors outweigh the aggravating circumstances." *Steffen*, 31 Ohio St.3d at 129. (Emphasis added.) See *Penry v. Lynaugh* (1989), 492 U.S. 302 (overruled on other grounds); See also *Hitchcock v. Dugger* (1987), 481 U.S. 393.

The assessment and weight to be given mitigating evidence are matters for the trial court's determination. *State v. Newton* (2006), 108 Ohio St.3d 13, citing *State v. Lott* (1990), 51 Ohio St.3d 160; See, *Eddings*, 455 U.S. 104, 104-105 ("[T]he sentencer \*\*\* may determine the weight to be given relevant mitigating evidence."); Accord *State v. Taylor* (1997), 78 Ohio St.3d 15; *State v. Fox* (1994), 69 Ohio St.3d 183. As such, during the weighing process, a court may properly assign absolutely no weight to Appellant's evidence if it considers it to be non-mitigating. *Steffen*, 31 Ohio St.3d 111. "Nothing in the Ohio statutes or the decisional law mandates that a court give weight to a mitigating factor which it finds is not present." *State v. Brewer* (1989), 48 Ohio St.3d 50, 56 (court

17

assigned no weight to a doctor's diagnosis after concluding that the testimony failed to establish the existence of a mental defect which impaired Appellant's ability to conform his conduct to law).

Appellant's claim that the trial court did not give appropriate weight to mitigating evidence confuses admissibility of evidence with mitigating weight. *Newton*, 108 Ohio St.3d 13. The trial court as sentencer is required to *weigh* the mitigating evidence presented by the Appellant. The trial court is *not* required to give the mitigating evidence *weight*. Appellant argues an *Eddings* violation occurred when the sentencer gave "no weight" to certain evidence: Appellant may never be released from prison if given a life sentence, and the avoided costs to taxpayers by not executing Appellant. (Appellant's Brief, p. 12) However, *Eddings* states that a sentencer "may not give [relevant mitigating evidence] no weight *by excluding such evidence from their consideration.*" *Eddings*, 455 U.S. at 114-115 (Emphasis added.) *Eddings* only requires that the sentencer not exclude potentially mitigating evidence from their consideration; it does not comment on the weight to be given to such evidence. Contrary to Appellant's overgeneralized argument, there is a large difference between excluding mitigating evidence from consideration and assigning little or no weight to mitigating evidence after consideration.

In accordance with R.C. 2929.04(B), the trial court weighed against the aggravating circumstances the following mitigating factors: Appellant's borderline personality disorder; Appellant's alcohol abuse; love and support of family members and friends; testimony of Appellant's daughter regarding her forgiveness of Appellant for purposefully killing her mother; good behavior while in prison; childhood and family experience; remorse and apology; advanced age (62 years); probability of no release from prison; whether life in prison would bring closure to the victim's family; and the savings to taxpayers by imposing a life sentence. (T.d. 435 p.5)

The three judge panel found proof beyond a reasonable doubt of the aggravating

18

circumstance–specifically, the prior conviction for the murder of Appellant's wife–and assigned it "great weight." (T.p. 9) The panel then, as statutorily required, weighed the aggravating circumstances against the aforementioned mitigating factors. If a court is of the opinion that certain mitigating evidence deserves little or no weight, it is statutorily required to specifically state this in its findings.

The three judge panel properly assigned little or no weight to each mitigating factor. (T.p. 9) Specifically, in detailing the weight assigned, the panel found that Appellant is loved and supported by family and friends, which was afforded little weight. (Id.) The panel also found that Appellant's family experiences upon which his personality development and mental health issues were directly related, per Dr. Robert Smith' testimony, did not correspond with separate testimony from family and friends. Likewise, even if Appellant's borderline personality disorder and alcohol dependence were a result of his background, these factors were entitled to little weight in mitigation. (T.p. 10); See, *Newton*, 108 Ohio St. 3d 13 (court found defendant's introduction of evidence about his family history as a mitigating factor not particularly weighty). Similarly, Cynthia Mausser's "highly speculative" and "unconvincing" testimony regarding Appellant's unlikely release from prison if given a sentence less than death was afforded no weight. (Id.) Appellant's good behavior in prison, advanced age, remorse and apology each attributed little weight. (Id.) Lastly, the economic benefit taxpayers would receive from an alternative life sentence and the possibility of closure to the victim's family were entitled to no weight. (Id. at 10-11)

Of these factors, the Appellant appears to take the most offense to the weight given to Cynthia Mausser's testimony. Specifically, Appellant argues that the sentencer gave no weight to the evidence that he would never be released from prison. The main problem with this argument is that Ms. Mausser never testified that the Appellant would never be let out of prison. In response to

19

a hypothetical question, Ms. Mausser stated that a person in a similar position to Appellant "would likely spend a large portion of the remainder of their life in prison." (T.p. 175) A large portion is not the same as never.

What is more, Ms. Mausser on cross examination admitted to not having the necessary information that she would need to make a decision about the Appellant, admitted not knowing how the board would vote, admitted that she could not form an opinion on how the board would vote without the missing information, admitted not knowing how many or whom the board members would even be that would make the vote, and stated that it would be improper for her to give an opinion without all of the missing information and before someone had officially come before the board. (T.p. 181-187) Thus, Ms. Mausser could not say how she or the board would vote as to the Appellant. (T.p. 188-189) The panel's decision finding this testimony to be speculative and unconvincing was the only possible finding based upon her testimony.

Appellant also continuously attempts to compare and contrast the findings from his earlier mitigation hearing as independently weighed by the Ohio Supreme Court with the new panel's decision. All arguments in this vein are fruitless because the new panel conducted a completely new hearing with new and different evidence. With different evidence before the new panel than what was before the Ohio Supreme Court in its earlier review, it is impossible to directly compare the weight given to any one genre or category of items. This is truly an example of trying to compare apples and oranges, and should be disregarded by this Court.

Finally, the remainder of Appellant's argument truly boils down to semantics and synonyms. The decision to give "little" v. "some"; or "not deserving of significant" v. "some", merely reflects a choice or preference in adjectives that are synonyms. This semantical argument is entitled to zip, zero, or zilch weight.

20

Thus, after properly assigning only little or no weight to most of the items in mitigation, the

panel found the sole aggravating circumstance to outweigh the collective mitigating factors beyond

a reasonable doubt. (T.d. 435 at p.11) The fact that the panel did not find those factors to outweigh

the aggravating circumstance does not mean the court did not consider the evidence. Rather, the

court properly and legally gave that evidence little weight, as it is well within its discretion to do.

*Newton*, 108 Ohio St.3d 13; See, *Eddings*, 455 U.S. 104.

Having weighed each mitigating factor, the trial court properly found each factor contributed

only little or no weight, and as such, the mitigating factors did not preclude Appellant's sentence of

death.

### III.    THE TRIAL COURT DID NOT ERR WHEN IT CONDUCTED THE RE-SENTENCING HEARING IN ACCORDANCE WITH THE PROVISIONS OF R.C. 2929.06(B), EFFECTIVE MARCH 23, 2005.

#### Issue Presented for Review and Argument:
Where the Appellant's death sentence was vacated by a federal court on January 29, 2007, because of error that occurred in the sentencing phase of trial [see, *Davis v. Coyle* (C.A.6, 2007), 475 F.3d 761], *the trial court properly conducted the re-sentencing hearing in accordance with the modern provisions of R.C. 2929.06(B).*

Appellant's third assignment of error contends that the trial court erred in re-sentencing Davis

to death after following the provisions of the amended R.C. 2929.06(B) rather than enforcing

provisions of the code when Davis was originally sentenced to death. (Appellant's Brief, p. 15) The

State disagrees.

21

Contrary to Davis' argument, R.C. 2929.06[16] and Crim.R. 25(B)[17] provide controlling statutory authority for a <u>new</u> three-judge panel, upon remand after a death sentence is vacated by any state or federal court, to conduct a resentencing hearing which shall follow the procedure set forth in R.C. 2929.03(D), at which the state may seek whatever punishment is lawful including, but not limited to, the death sentence and any life sentence available at the time the offense was committed. Moreover, there is no constitutional impediment to the application of R.C. 2929.06(B)'s remedial/procedural provisions in the case at bar.

    A.    <u>R.C. 2929.06(B) and Crim.R. 25(B).</u>

As applicable here, R.C. 2929.06(B) specifically details the procedure for a new sentencing hearing in an Ohio capital case after any state or federal court has vacated a death sentence because of error that occurred in the sentencing phase of the trial and where none of the three circumstances

---

16. R.C. 2929.06 provides, in relevant part:

    (B) Whenever *** any federal court sets aside, nullifies, or vacates a sentence of death imposed upon an offender because of error that occurred in the sentencing phase of the trial and if division (A) of this section does not apply, the trial court that sentenced the offender shall conduct a new hearing to resentence the offender. If the offender was tried by a jury, the trial court shall impanel a new jury for the hearing. If the offender was tried by a panel of three judges, that panel or, if necessary, a new panel of three judges shall conduct the hearing. At the hearing, the court or panel shall follow the procedure set forth in division (D) of section 2929.03 of the Revised Code in determining whether to impose upon the offender a sentence of death, [or] a sentence of life imprisonment ***. If, pursuant to that procedure, the court or panel determines that it will impose a sentence other than a sentence of death, the court or panel shall impose upon the offender one of the sentences of life imprisonment that could have been imposed at the time the offender committed the offense for which the sentence of death was imposed, determined as specified in this division[.] *** [T]he sentences of life imprisonment that are available at the hearing, and from which the court or panel shall impose sentence, shall be the same sentences of life imprisonment that were available under division (D) of section 2929.03 *** of the Revised Code at the time the offender committed the offense for which the sentence of death was imposed.
* * *

(E) This section, as amended by H.B. 184 of the 125th general assembly, shall apply to all offenders who have been sentenced to death for an aggravated murder that was committed on or after October 19, 1981 ***. This section, as amended by H.B. 184 of the 125th general assembly, shall apply equally to all such offenders sentenced to death prior to, on, or after March 23, 2005, including offenders who, on March 23, 2005, are challenging their sentence of death and offenders whose sentence of death has been set aside, nullified, or vacated by any court of this state or any federal court but who, as of March 23, 2005, have not yet been resentenced." (Emphasis added.)

17. Crim. R. 25(B) (effective July 1, 1973) provides:

Rule 25. Disability of a Judge

(B) **After verdict or finding of guilt.** If for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge, or, in the case of a single-judge division, by the Chief Justice of the Supreme Court of Ohio, may perform those duties. ***

22

set forth in division (A) of R.C. 2929.06 apply. And division (E) of R.C. 2929.06 expressly states the General Assembly's intent that the provisions of this statute apply retroactively to a case where the offense at bar was committed after October 19, 1981, the offender's death sentence was reversed by a state or federal court, and as of March 23, 2005 (or thereafter), the offender has not yet been resentenced. Appellant's case falls precisely within all the terms of this statute.[18] By the language of R.C. 2929.06(E), the General Assembly has expressed its intent that this statute shall apply retrospectively to Davis' case. See, *State v. Cook* (1998), 83 Ohio St.3d 404, 410 (finding a "clearly expressed legislative intent" that sexual-predator statutes apply retrospectively because the statutes imposed requirements on offenders based on offenses committed before the statutes' effective date); See, also, *State v. Walls*, 96 Ohio St.3d 437, ¶14 (amendment to statute which made the age of the offender upon apprehension the "touchstone" of determining juvenile-court jurisdiction, without regard to date of offense, indicated intent to apply amended statute retroactively).

And because Davis "was tried by a panel of three judges," R.C. 2929.06(B) provides: "that panel or, if necessary, a new panel of three judges shall conduct the hearing." Given that none of the three judges on the panel that tried the case in 1984 are now available (all three having retired, and in addition, the late Judge Stitsinger having passed away on May 2, 2007), it becomes "necessary" to apply Crim.R. 25(B)'s longstanding rule (effective July 1, 1973, with the earliest promulgation of the Criminal Rules) that if, for any reason, a judge before whom a criminal defendant was tried is thereafter unable to perform the duties of the court after a verdict or finding of guilt, another judge

---

18. Davis was "sentenced to death for an aggravated murder that was committed on or after October 19, 1981" [specifically, on December 12, 1983], he was "sentenced to death prior to *** March 23, 2005 [specifically, on August 4, 1989], and since the federal court's decision on January 29, 2007, he is an "offender[ ] whose sentence of death has been set aside, nullified, or vacated by [a] federal court but who, as of March 23, 2005, ha[s] not yet been resentenced." R.C. 2929.06(E). And Davis's death sentence was vacated "because of error that occurred in the sentencing phase of the trial", thus, R.C. 2929.06(B) requires that "the trial court that sentenced [Davis] shall conduct a new hearing to resentence [him]," and whereas he "was tried by a panel of three judges, that panel or, if necessary, a new panel of three judges shall conduct the hearing," R.C. 2929.06(B).

may be assigned to perform those duties, including sentencing. See, *State v. Green* (1997), 122 Ohio App.3d 566, 571 (where Judge Elliott retired following trial and guilty verdict, and Judge Bressler assumed Judge Elliott's docket prior to sentencing hearing, Butler County Court of Appeals found it "entirely proper, pursuant to Crim.R. 25(B), for Judge Bressler to have imposed sentence upon appellant after Judge Elliott's verdict of guilty had been entered").

      B.    The application of R.C. 2929.06(B) is constitutional.

Beyond Davis's flawed statutory analysis, his constitutional challenge to the application of R.C. 2929.06(B)—asserting that for the State to again seek the imposition of the death penalty "violates the *ex post facto*, due process and double jeopardy clauses of the United States and Ohio Constitutions" (*sic*, page 2 of Defendant's motion)—is without merit. The three issues posed by Davis should be separately discussed; analysis must begin with the "strong presumption" that R.C. 2929.06 is constitutional. See, e.g., *State v. Warren*, 118 Ohio St.3d 200, 2008-Ohio-2011, See, also, *Cook*, 83 Ohio St.3d at 409 (as applicable to retroactivity and ex post facto analysis).

      C.    Retroactivity Clause/Ex Post Facto Clause issues.

The "ex post facto" branch of the Appellant's motion involves two related issues: (1) whether application of R.C. 2929.06(B) retroactively to the offense at bar violates Ohio's Retroactivity Clause, Section 28, Article II of the Ohio Constitution (which provides that "[t]he general assembly shall have no power to pass retroactive laws"), see, *Walls*, 96 Ohio St.3d 437 at ¶¶15-19, and (2) the distinct legal question whether it offends the federal Ex Post Facto Clause, Section 10, Article I of the United States Constitution ("no state shall *** pass any *** ex post facto law"), *Id*. at ¶¶20-49.

      *1.*    *The Ohio retroactivity question: R.C. 2929.06 is remedial.*

The Ohio Supreme Court has articulated a two-part framework, involving both statutory and constitutional analyses, to determine when a law is *unconstitutionally* retroactive under Section 28,

24

Article II of the Ohio Constitution. See, *Walls*, 96 Ohio St.3d 437 at ¶10; See, also, *Bielat v. Bielat* (2000), 87 Ohio St.3d 350, 353 (emphasis *sic*)("[w]e emphasize the phrase '***unconstitutionally*** retroactive' to confirm that retroactivity itself is not always forbidden by Ohio law"). Once a court finds a "clearly expressed legislative intent" that a statute is to apply retroactively under statutory analysis (as the language of R.C. 2929.06(E) clearly establishes), the determination whether retroactive application is constitutionally permissible will then proceed to the second step, which analyzes whether the challenged statute is remedial or substantive. See, *Walls*, 96 Ohio St.3d 437 at ¶10, citing *Cook*, 83 Ohio St.3d, at 410. In *Walls*, the court detailed the essential test:

> [A] statute is unconstitutionally retroactive under Section 28, Article II "if it impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction." *Bielat*, 87 Ohio St.3d 350, 354; See, also, *Van Fossen*, 36 Ohio St.3d at 106-107.[19] On the other hand, a statute that is ' "purely remedial" 'does not violate Section 28, Article II. *Van Fossen*, 36 Ohio St.3d at 107, quoting *Rairden v. Holden* (1864), 15 Ohio St. 207, paragraph two of the syllabus. We have defined as 'remedial' those laws affecting merely ' "the methods and procedure[s] by which rights are recognized, protected and enforced, not *** the rights themselves." (Emphasis added.)' *Bielat*, 87 Ohio St.3d at 354, 721 N.E.2d 28, quoting *Weil v. Taxicabs of Cincinnati, Inc.* (1942), 139 Ohio St. 198, 205.

*Walls*, 96 Ohio St.3d 437 at ¶15.

"Remedial laws *** generally come in the form of 'rules of practice, courses of procedure, or methods of review.'" *State ex rel. Kilbane v. Indus. Comm.* (2001), 91 Ohio St.3d 258, 260, citing *State ex rel. Slaughter v. Indus. Comm.* (1937), 132 Ohio St. 537, paragraph three of the syllabus. Thus, "it is generally true that laws that relate to procedures are ordinarily remedial in nature." *Walls*, 96 Ohio St.3d 437 at ¶17, quoting *Cook*, 83 Ohio St.3d at 411.

---

19. The Ohio Supreme Court has also made it clear that "not just any asserted 'right' will suffice," *Bielat*, 87 Ohio St.3d, at 357, but rather, it must be an "accrued substantive right" that is impaired by the retrospective act. See, *Gregory v. Flowers* (1972), 32 Ohio St.2d 48, paragraph three of the syllabus. Or, as stated in *Van Fossen*, the retroactivity test is stated in terms of "substantive rights." *Id.*, at paragraph four of the syllabus. Or, as stated in *State ex rel. Matz v. Brown* (1988), 37 Ohio St.3d 279, 281 (an unconstitutional retroactive law impairs a "vested substantive right.").

25

As such, the provision in R.C. 2929.06(B) for resentencing by a three-judge panel other than the original panel, if necessary—retroactive per R.C. 2929.06(E) to Davis's case, where his offense was committed after October 19, 1981, his death sentence was vacated by a federal court after March 23, 2005, and he is yet to be resentenced—is fundamentally procedural and remedial, not substantive. The changes to resentencing procedures under R.C. 2929.06 did not impair any of Davis' "vested substantive rights" within the meaning of Ohio's retroactivity jurisprudence. Clearly, the essential elements of the crime are unchanged (it being unnecessary to re-try the guilt phase of trial), the range of available punishments remain the same, and the quantum and manner of proof at the sentencing hearing [as set forth in R.C. 2929.03(D)] is unchanged. Indeed, both now and then, Davis similarly faced resentencing inclusive of the death penalty after his original 1984 death sentence was overturned in 1988. See, *State v. Davis* (1988), 38 Ohio St.3d 361, syllabus (distinguishing *State v. Penix* [1987], 32 Ohio St.3d 369, and holding that there is "nothing unconstitutional in permitting the state to seek whatever punishment is lawful on remand," and that it was permissible to "remand the action to that trial court for a resentencing hearing at which the state may seek whatever punishment is lawful, including, but not limited to, the death sentence. We have ***not*** found the evidence in the instant action to be legally insufficient to justify imposition of the death penalty." *Davis*, 38 Ohio St.3d at 374, emphasis *sic*).

Thus, under either the law in effect circa 1983, or under the law presently in effect (subsequent to its effective date, March 23, 2005), Davis was on notice that the offense he committed could subject him to a death sentence when his case was reversed on appellate review and remanded for error in the sentencing phase of the trial. See, *Walls*, 96 Ohio St.3d 437 at ¶17 ("we cannot characterize this change as anything other than remedial. *** [U]nder either the 1985 law or the 1997 law, Walls was on notice that the offense he allegedly committed could subject him to criminal

26

prosecution as an adult in the general division of the court of common pleas"). In the case at bar, the

2005 law merely removed any procedural issue as to whether he was required to be resentenced by

the same three-judge panel that originally found him guilty.

And the conclusion that R.C. 2929.06(B) is remedial is "strengthened by our state's

recognition of the validity of retrospective *curative* laws." See, *Bielat,* 87 Ohio St.3d at 355-356

(Emphasis *sic*):

> As this court noted long ago, the language that immediately follows the prohibition
> of retroactive laws contained in Section 28, Article II of our Constitution expressly
> permits the legislature to pass statutes that "authorize courts to carry into effect,
> upon such terms as shall be just and equitable, the manifest intention of parties and
> officers, by *curing omissions, defects, and errors in instruments and proceedings,
> arising out of their want of conformity with the laws of this state*." (Emphasis added
> in *Bielat.*) *Burgett v. Norris* (1874), 25 Ohio St. 308, 316, quoting Section 28.
> *Burgett* recognized that curative acts are a valid form of retrospective, remedial
> legislation when it held that "[i]n the exercise of its plenary powers, the legislature
> *** could cure and render valid, by remedial retrospective statutes, that which it
> could have authorized in the first instance."

*Id.* at 317.

Thus, under the logic of *Bielat*, in the case at bar, R.C. 2929.06(B) is a purely remedial

statute designed to provide a procedure for resentencing in a case not otherwise controlled by the

former version of R.C. 2929.06 [now R.C. 2929.06(A)] where none exited before. By enacting R.C.

2929.06(B) and (E), the General Assembly saw fit to retrospectively resolve the exact procedural

issue presented. As our Constitution expressly permits. R.C. 2929.06(B) cures an omission in

Ohio's death-penalty statutory framework.

2.    *The federal ex post facto question.*

Davis's argument under the federal Ex Post Facto Clause is completely defeated by the

decision in *Dobbert v. Florida* (1977), 432 U.S. 282, 97 S.Ct. 2290 (holding that the application of

remedial statutes amending Florida's capital sentencing procedure after the Florida Supreme Court

found the state's death penalty statutes unconstitutional in the wake of *Furman v. Georgia* [1972],

27

408 U.S. 238, to a defendant who was sentenced to death for crimes occurring before the law's

effective date, but whose arrest and trial took place thereafter, did not violate the Ex Post Facto

Clause).

> The crime for which the present defendant was indicted, the punishment prescribed
> therefor, and the quantity or the degree of proof necessary to establish his guilt, all
> remained unaffected by the subsequent statute. (Citation omitted.)

*Dobbert*, 432 U.S., at 293.[20]

The Ex Post Facto Clause is generally said to bar the application of any penal statutes which

disadvantage the offender affected by them. See, *Walls*, 96 Ohio St.3d 437 at ¶21, citing *Collins v.*

*Youngblood* (1990), 497 U.S. 37, 41. But "[n]ot just any 'disadvantage' to an offender, however, will

run afoul of the Ex Post Facto Clause." *Walls*, *id.*, citing *Collins*, 297 U.S. at 42, and *Calder v. Bull*

(1798), 3 U.S. 386, 390-92. The United States Supreme Court has used the following four-part

framework to evaluate whether a law runs afoul of the Ex Post Facto Clause:

> 1st. Every law that makes an action done before the passing of the law, and which
> was *innocent* when done, criminal; and punishes such action. 2d. Every law that
> *aggravates a crime*, or makes it *greater* than it was, when committed. 3d. Every law
> that *changes the punishment*, and inflicts a *greater punishment*, than the law annexed
> to the crime, when committed. 4th. Every law that alters the *legal* rules of *evidence*,
> and receives less, or different, testimony, than the law required at the time of the
> commission of the offence, *in order to convict the offender*.

*Id.*, at 390 (emphasis in original); *Calder*, 297 U.S. at 390; See, also, *Carmell v. Texas* (2000), 529
U.S. 513, 522.[21]

And the court has held that these four categories provide "an exclusive definition of ex post

facto laws," see, e.g., *Collins*, 297 U.S. at 42, and has also noted that it is "a mistake to stray beyond

*Calder*'s four categories." *Carmell*, 529 U.S. at 539 (describing the import of the *Collins* decision).

---

20. See, *State ex rel. Corrigan v. McAllister* (1985), 18 Ohio St.3d 239 (application of amended statute which redefined
capital offense to include only those offenses for which the death penalty may be imposed, R.C. 2901.02(B), to trial for
aggravated murder committed prior to effective date of the amendment, didn't violate Ex Post Facto Clause).

21. The four categories described above are read to include a prohibition of any statute which "deprives one charged
with crime of any defense available according to law at the time when the act was committed." See, *Collins*, 497 U.S.
at 42, citing *Beazell v. Ohio* (1925), 269 U.S. 167, 169-170.

Thus, if Davis' claim is to be successful, it must fall within one of *Calder's* four categories. Davis's claim clearly fails, however, under *Dobbert*.

Under the first category, there is absolutely no change made in the definition of the crime of aggravated murder "that makes an action done before the passing of the law, and which was innocent when done, criminal." *Calder,* 297 U.S. at 390; See, *Dobbert*, 432 U.S. 282 at 293. The substantive statute under which Davis was convicted, R.C. 2903.01(A), was the same in all material respects at the time of Davis's offense in 1983 as it is now. And indeed, Davis is not to be tried again, rather, his conviction in 1984 stands as it was "affirmed" in 1988.[22]

As the heart of his argument, Davis invokes the third *Calder* factor, which prohibits as *ex post facto* any law that "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Calder* 297 U.S. at 390; See, *Walls*, 96 Ohio St.3d 437 at ¶¶28-29. But Davis' argument is foreclosed by the decision in *Dobbert*. It is clear under R.C. 2929.06(B) that the potential available punishment for Davis' aggravated murder *was, and remains*, a sentence of either death, or life imprisonment with 30 full years to parole eligibility, or life imprisonment with 20 full years to parole eligibility, to be determined under the weighing process prescribed by R.C. 2929.03(D).[23]

Finally, Davis argued to the trial court for inclusion of this case within the fourth *Calder* category. But Davis points to no particular Rule of Evidence that has changed to his detriment and "changed the quantum of evidence necessary to sustain a conviction." In the case at bar, there is

---

22. Davis makes no claim, under the second category of *ex post facto* analysis, that there is anything about the application of R.C. 2929.06(B) "that aggravates a crime, or makes it greater than it was, when committed." *Calder*,297 U.S. at 390. It thus becomes unnecessary to discuss that category.

23. Indeed, the current version of R.C. 2929.06(B) expressly provides that the available punishments upon resentencing are either death or the same sentences of life imprisonment that were available at the time the offender committed the offense. See R.C. 2929.06(B).

29

nothing about R.C. 2929.06(B) that changes the substantive law as to what evidence can or cannot be weighed by a three-judge panel, but indeed, R.C. 2929.06(B) specifically directs that "[a]t the [resentencing] hearing, the court or panel shall follow the procedure set forth in division (D) of section 2929.03 of the Revised Code in determining whether to impose upon the offender a sentence of death, [or] a sentence of life imprisonment." By this, a substantive change is neither intended nor effected.

      D.    The Due Process issue.

      The next branch of Davis' constitutional challenge alleges that the retroactive application of R.C. 2929.06(B), as expressly required by R.C. 2929.06(E), would violate the Due Process Clause of the United States Constitution and the Ohio Constitution's analogous provision. However, the case of *Landgraf* recognized that a jurisdictional statute as to the particular forum in which an action is to be tried may govern retroactively "because jurisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties,'" *Landgraf*, 511 U.S. at 274 (citations omitted). Or to put it another way, "[s]tatutes merely addressing *which* court shall have jurisdiction to entertain a particular cause of action can fairly be said merely to regulate the secondary conduct of litigation and not the underlying primary conduct of the parties." *Id*. at 275 (emphasis *sic* per Scalia, J., concurring). Thus, R.C. 2929.06(B) is a remedial law which relates not to any substantive right of the Defendant, but rather, merely addresses which *judges* shall have jurisdiction to entertain his resentencing hearing, i.e., it exemplifies the "[a]pplication of a new jurisdictional rule [which] 'takes away no substantive right but simply changes the tribunal that is to hear the case.'" *Walls*, 96 Ohio St.3d at ¶17, quoting *Landgraf*, 511 U.S. at 274. Thus, the essential principles that emerge from *Walls* and *Landgraf* make it impossible for the Appellant to prevail on his due process argument." See, *State v. Warren*, 118 Ohio St.3d 200.

<div align="center">30</div>

E.     The Double Jeopardy issue.

The final branch of Davis' argument seeks a double-jeopardy bar to resentencing, founded

on the Ohio and federal Double Jeopardy Clauses. However, the Double Jeopardy Clause does not

bar further capital sentencing proceedings on remand when, on appeal, the reviewing court has

vacated the death sentence due to error occurring at the penalty phase, but does not find the evidence

legally insufficient to justify imposition of death penalty and hence, there was no death penalty

"acquittal." See, *Poland v. Arizona* (1986), 476 U.S. 147, 157; Accord *Skipper v. South Carolina*

(1986), 476 U.S. 1, 8 (where the state trial court erred by its exclusion of relevant mitigating

evidence of defendant's good behavior in custody, "[t]he resulting death sentence cannot stand,

although the State is of course not precluded from again seeking to impose the death sentence,

provided that it does so through a new sentencing hearing at which petitioner is permitted to present

any and all relevant mitigating evidence that is available").

And Davis's current double jeopardy claim is also contrary to the holding in his own case,

*State v. Davis* (1988), 38 Ohio St.3d 361, 374 (citing *Skipper* and *Poland* and holding that there is

"nothing unconstitutional in permitting the state to seek whatever punishment is lawful on remand

*** when a reviewing court vacates the death sentence of a defendant imposed by a three-judge

panel due to error occurring at the penalty phase, not otherwise covered by [the then-existing version

of] R.C. 2929.06 [i.e., where the Ohio death-penalty statutes are determined to be unconstitutional,

or where, upon its independent review, a reviewing court has found the death sentence inappropriate

or disproportionate], and the reviewing court does not find the evidence to be legally insufficient to

justify imposition of the death sentence").

As such, all of Davis' claims under his third argument are without merit and should be

denied.

31

## IV. THE SENTENCE OF DEATH IS APPROPRIATE AND SHOULD BE AFFIRMED ON INDEPENDENT REVIEW.

### Issue Presented for Review and Argument:
*The trial court properly found each mitigating factor introduced by Appellant, when combined, did not outweigh the aggravating factor, the repeat murder specification, and as such, Appellant's sentence of death is both appropriate and proportionate.*

In his fourth assignment of error, Appellant asserts that the trial court erred in imposing the death penalty, arguing it is a disproportionate and inappropriate sentence. Appellant argues that his sentence must be vacated because the aggravating circumstance did not outweigh the mitigating factors. However, a review of the present case will clearly prove the contrary.

Appellant's challenge involves this Court's independent review pursuant to R.C. 2929.05. To determine whether Appellant's sentence of death was appropriate, a reviewing court must conduct an independent review. *State v. Were*, Hamilton App. No. C-030485, 2006-Ohio-3511.

> In determining whether the sentence of death was appropriate, we must consider whether the sentence was excessive or disproportionate to the penalty imposed in similar cases. We must also review all the facts and evidence and determine whether the evidence supports the aggravating circumstances the jury found the offender guilty of committing, and also whether the sentencing court properly weighed the aggravating circumstances the offender was found guilty of committing and the mitigating factors. Finally, we should affirm a sentence of death only if the record persuades us that the aggravating circumstances outweigh the mitigating factors and that the death sentence was the appropriate sentence.

*Id.* at ¶ 23.

The evidence in the case at bar established that defendant was properly convicted of aggravated murder with a death-penalty specification and having weapons while under a disability. After hearing all of the relevant evidence, the three judge panel correctly determined that the aggravating circumstance outweighs the mitigating factors beyond a reasonable doubt and sentenced Appellant to death. See, R.C. 2929.03(D)(1) and (2).

R.C. 2929.04(B) provides the categories into which all mitigating evidence must fall.

32

Appellant asserts that mitigation sufficient to reverse his sentence is found in the nature and circumstances of the offense, his character, his history and background, his mental disease or defect and factors of the catch-all provision of R.C. 2929.04(B)(7). The State disagrees.

### A. Mental Disease or Defect

Appellant's borderline personality disorder should not be given sizeable weight in mitigation. "Personality disorders are often accorded little weight because they are so common in murder cases." *State v. Wilson*, 74 Ohio St.3d 381. In *State v. Newton*, 108 Ohio St.3d 13, the Ohio Supreme Court found Newton's borderline personality disorder to be a relevant mitigating factor but concluded beyond a reasonable doubt that the aggravating circumstance of killing another outweighed the mitigation. *Id.*; See, *State v. Johnson*, 88 Ohio St.3d 95, 2000-Ohio-276 (defendant's personality disorder and drug dependence entitled to very little weight in mitigation); *State v. Mundt*, 115 Ohio St.3d 22, ¶ 205 (where personality disorders included, but were not limited to borderline personality disorder, Court accorded "little weight to Mundt's personality disorders as a mitigating 'other factor.'"). As such, this Court should attribute little weight to Appellant's borderline personality disorder.

### B. Substance Abuse

Appellant next contends that his history of substance abuse, specifically his alcohol dependence, should be given additional weight in mitigation. The State again disagrees. The Ohio Supreme Court has continually held that substance abuse is to be given little weight in mitigation and has upheld the imposition of death when substance abuse and intoxication are claimed as mitigation. See, *State v. Sowell* (1988), 39 Ohio St.3d 322, 336-337 (the defendant killed one person and attempted to kill a second; Sowell presented mitigating evidence that he was intoxicated when

33

it occurred, but the Court accorded this factor "little or no weight" and affirmed the death sentence).

See, also, *State v. Thomas*, 97 Ohio St.3d 309, ¶ 113, and *State v. Adams*, 103 Ohio St.3d 508, ¶ 135.

Therefore, the State would urge this Court to accord little weight to Appellant's substance abuse.

### C. Appellant's History and Background

Appellant claims that his dysfunctional childhood should also be given significant weight as a mitigating factor. The State disagrees. In *State v. Adams*, 103 Ohio St.3d 508 at ¶142, the defendant established that he had a horrific upbringing, an abusive father, psychological problems, and substance abuse problems. However, the death penalty was found to be appropriate. *Id.* Additionally, in *State v. Awkal* (1996), 76 Ohio St.3d 324, the defendant asserted as mitigating evidence that he was raised in a poor background, did not finish school, had a father who was physically abusive and suffered from psychological disorder. However, his death sentence was affirmed as these mitigating factors were not enough to outweigh the aggravating circumstances. *Id.* As such, Court should attribute little weight to Appellant's history and background.

### D. Additional Mitigating Factors

Additionally, Appellant claims that his apology and remorse should be a mitigating factor. However, "retrospective remorse" is entitled to little weight in mitigation. *State v. Keene* (1998), 81 Ohio St.3d 646, 671; *State v. Stumpf* (1987), 32 Ohio St.3d 95, 106. Therefore, this Court should find that the mitigating evidence is easily outweighed by the serious aggravating factor in the case at bar.

### E. Forgiveness

Appellant maintains that his daughter's forgiveness for purposefully killing her mother is mitigating evidence that deserves greater weight than the trial court granted. (Appellant's Brief, p.

34

9) Contrary to Appellant's argument, forgiveness in itself does not mitigate his guilt. See, *Cone v. State*, 747 S.W.2d 353, 357 (Tenn.Crim.App.1987) ("We fail to see how a forgiving letter written by someone else would mitigate the appellant's guilt."). A similar argument was made, and rejected, in *Greene v. Arkansas*, 343 Ark. 526, 532 (2001), where the defendant offered evidence that the victim's wife had forgiven the defendant and thought life imprisonment was an appropriate punishment over the death penalty. *Id.* In finding that the family of the victim's forgiveness was irrelevant as a mitigating factor, the court reasoned:

> We are not persuaded that Edna Burnett's forgiveness and her opinion that life imprisonment is the appropriate penalty constitute relevant mitigating evidence. *Lee v. State*, supra. *** More on point, the Tenth Circuit Court of Appeals has spoken precisely on the issue of personal opinions of the appropriate sentence. See, *Robison v. Maynard*, 829 F.2d 1501 (10th Cir. 1987). In Robison, the court stated:

> "An individual's personal opinion of how the sentencing jury should acquit its responsibility, even though supported by reasons, relates to neither the character or record of the defendant nor to the circumstances of the offense. Such testimony, at best, would be a gossamer veil which would blur the jury's focus on the issue it must decide. Moreover, allowing any person to opine whether the death penalty should be invoked would interfere with the jury's performance of its duty to exercise the conscience of the community.***." (Citations omitted).

*Id.* at *533.

Similarly, in *Barbour v. Alabama*, 673 So.3d 461 (Ala.Crim.App.1994), the victim's brother wrote a letter to the trial court requesting that the defendant be sentenced to life in prison rather than death. The trial court followed *Robison v. Maynard*, which held that evidence of a victim's family member's opinion of an appropriate or desired sentence is not relevant mitigating evidence. *Id.* See, also, *Floyd v. State*, 497 So.2d 1211 (Fla.1986) (court refused to allow testimony of murder victim's daughter that she and the victim opposed capital punishment as mitigating evidence).

What is more, in the present case, Appellant's daughter's words of forgiveness reflected that such forgiveness was *for her benefit*: "Over the years, growing up, I have held -- it was almost like

35

a grudge, you know, I want to say it was a little hatred, you know, a lot of grievance there, but I have

forgiven him even though this was my mother. I have forgiven him, that is just something I don't

want to carry that anymore." (T.p. 100-101) Such evidence fails to serve as a mitigating factor that

outweighs the aggravating circumstance. As such, a victim's family's forgiveness or their opinions

on an appropriate sentence is not considered relevant mitigating evidence and thus entitled to little

or no weight. The trial court properly assigned this mitigating factor little weight and we ask this

Court to similarly assign little weight to this factor..

    F.  Comparative Application

    The death penalty imposed upon Appellant for the aggravated murder of his estranged

girlfriend is appropriate when compared with cases involving persons who were previously

convicted of purposefully killing. See, e.g., *State v. Cassano* (2002), 96 Ohio St.3d 94; *State v.*

*Cowans* (1999), 87 Ohio St.3d 68; *State v. Taylor* (1997), 78 Ohio St.3d 15; *State v. Carter* (1992),

64 Ohio St.3d 218; *State v. Bradley* (1989), 42 Ohio St.3d 136; *State v. Mapes* (1985), 19 Ohio St.3d

108. In both *State v. Adams* (2004), 103 Ohio St.3d 508, and *State v. Awkal* (1996), 76 Ohio St.3d

324, even after the defendants each established a history of abusive family members, psychological

disorders, and substance abuse problems, these mitigating factors were not considered enough to

outweigh the aggravating circumstances.   Comparative analysis of other persons previously

convicted of purposefully killing another reveals these factors do not outweigh Appellant's repeat

murder specification.

    The trial court correctly found the mitigating evidence offered by Appellant was insufficient

to outweigh the sole aggravating factor of his previous murder conviction. As such, Appellant's

death sentence is appropriate and proportional to his crime and we respectfully ask this Honorable

Court to uphold his death sentence.

<div align="center">36</div>

**V.    APPELLANT'S TWENTY-SIX YEAR LENGTH OF STAY ON OHIO'S DEATH ROW DOES NOT CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT UNDER THE UNITED STATES CONSTITUTION AND STATE CONSTITUTION AND DOES NOT VIOLATE BINDING INTERNATIONAL LAW.**

### Issue Presented for Review and Argument:

*Executing Appellant after twenty-six years on death row does not constitute cruel and unusual punishment, as prohibited under the United States Constitution and Ohio Constitution.*

In Appellant's fifth assignment of error, Appellant erroneously argues that twenty-six years on Ohio's death row constitutes cruel and unusual punishment, as prohibited under both the United States Constitution and Ohio Constitution.

The United States Supreme Court has held that the Eighth Amendment does not prohibit capital punishment. *Gregg v. Georgia* (1976), 428 U.S. 153. The Ohio Supreme Court has also repeatedly held that Ohio's current death penalty statute is constitutional and has never wavered from that view. *State v. Williams*, Butler App. Nos. CA91-04-060, CA92-06-110, 1992 WL 317025, *9, citing generally *State v. Jenkins* (1984), 15 Ohio St.3d 164; *State v. Maurer* (1984), 15 Ohio St.3d 239, ¶ 2 of syllabus. See, also, *State v. Buell* (1986), 22 Ohio St.3d 124; *State v. Bey* (1999), 85 Ohio St.3d 487; *State v. Craig* (2006), 110 Ohio St.3d 306.

Appellant argues that the length of his stay on death row is unconstitutional because such length constitutes cruel and unusual punishment. To support this argument, Appellant relies upon a memorandum decision denying certiorari, issued by Justice Stevens in *Lackey v. Texas* (1995), 514 U.S. 1045. In *Lackey*, the United States Supreme Court denied certiorari to review whether the petitioner's claim that execution after seventeen years on death row constituted cruel and unusual

37

punishment.[24] *Id.* at 1045. While Appellant cites to Justice Stevens' memorandum decision denying

certiorari, it is important to note that this memorandum does not establish that an inmate's lengthy

stay on death row violates the constitutional prohibition against cruel and unusual punishment.

Rather, Justice Stevens simply noted that "a denial of certiorari on a novel issue * * * permit[s] the

state and federal courts to 'serve as laboratories in which the issue receives further study before it

is addressed by this Court.'" *Lackey*, 514 U.S. at 1046, quoting *McCray v. New York* (1983), 461

U.S. 961, 963.

To date, there is no Ohio precedent that supports the proposition that an inmate's lengthy stay

on death row constitutes cruel and unusual punishment. In fact, the Second District Court of

Appeals of Ohio has previously ruled that the inmate's length of stay on death row in that case did

not violate the Eighth Amendment's prohibition against cruel and unusual punishment. See *State v.*

*Chinn*, Montgomery App. No. 16206, 1997 WL 464736.

Furthermore, courts from other state and federal jurisdictions have held that lengthy stays on

death row do not constitute cruel and unusual punishment under the Eighth Amendment. See e.g.

*Thompson v. State* (Fla. 2009), 3 So.3d 1237 (thirty-one years on death row); *Ex Parte Bush* (Ala.

1997), 695 So.2d 138 (sixteen years on death row); *State v. Smith* (Mont.1996), 280 Mont. 158

(thirteen years on death row); *McKenzie v. Day* (C.A.9 1995), 57 F.3d 1461 (twenty years on death

row); *White v. Johnson* (C.A.5 1996), 79 F.3d 432 (seventeen years on death row).

Additionally, Appellant argues, without merit, that the delay in his execution is

unconstitutional because, as he claims, it is the trial court's errors that are responsible for such delay.

Many state and federal courts have noted that delays in executions often serve as constitutional and

---

24. Most recently, the Supreme Court in *Thompson v. McNeil* (2009), 129 S.Ct. 1299, was presented with a petition
for a writ of certiorari to consider whether a thirty-two year stay on death row was unconstitutional, but the Supreme
Court again denied certiorari on the issue.

38

procedural safeguards "to ensure that executions are carried out only in appropriate circumstances." *Day*, 57 F.3d at 1466-67; See, also, *State v. Moore* (Neb.1999), 256 Neb. 553. Delays in executions are "a consequence of our evolving standards of decency, which prompt us to provide death row inmates with ample opportunities to contest their convictions and sentences." *Day*, 57 F.3d at 1467. "There are compelling justifications for the delay between conviction and the execution of a death sentence. The state's interest in deterrence and swift punishment must compete with its interest in insuring that those who are executed receive fair trials with constitutionally mandated safeguards. As a result, states allow prisoners * * * to challenge their convictions for years." *White*, 79 F.3d 432 at 439. Furthermore, the delays in executions due to death penalty post-conviction proceedings is "a function of the desire of our courts, state and federal, to get it right, to explore exhaustively, or at least sufficiently, any argument that might save someone's life." *Chambers v. Bowersox* (C.A.8 1998), 157 F.3d 560, 570.

Most recently, upon the Supreme Court's denial of certiorari in *Johnson v. Bredesen* (2009), 130 S.Ct. 541, 544-45, Justice Thomas, in a concurring opinion, stated that "[t]here is simply no authority 'in the American constitutional tradition or in this Court's precedent for the proposition that a defendant can avail himself of the panoply of appellate and collateral procedures and then complain when his execution is delayed.'" *Id.* quoting *McNeil*, 129 S.Ct at 1301.

What is more, courts have even upheld death row sentences despite state errors being partially responsible for the lengthy stays on death row. See, e.g. *Booker v. State* (Fla. 2007), 969 So.2d 186, 200 (finding that "no federal or state court has accepted the argument that a prolonged stay on death row constitutes cruel and unusual punishment, especially where both parties bear responsibility for the long delay"). In fact, the Montana Supreme Court in *State v. Smith* (Mont. 1996), 280 Mont. 158, 185, determined that no cruel and unusual punishment violation occurred,

<div align="center">39</div>

despite four separate sentencing hearings which contributed to the inmate's approximate thirteen year stay on death row. That court found that the "defendant has benefitted from the appellate and federal review process of which he has availed himself and which has resulted in the delay and multiple sentencing hearings in this case." *Id.* at 185; See, also, *Hill v. State* (Ark.1998), 331 Ark. 312, 323 (holding that no constitutional violation occurred when defendant was resentenced to death even though he had been on death row for more than fifteen years).

In Appellant's case, he has made several attempts throughout his twenty-six years on death row for post-conviction remedies in Ohio and in federal court. After various appeals by Appellant, remands, and resentencing hearings, Appellant was still ultimately sentenced to death. Any delay in Appellant's execution is part of our present law's procedural safeguard in carrying out a death sentence. Based on the foregoing, there is no merit to Appellant's argument that his length of stay on death row is a constitutional violation and should therefore be overruled.

    A.    <u>Executing Appellant after twenty-six years on death row does not violate binding international law.</u>

Appellant argues that his twenty-six year stay on death row constitutes cruel, inhuman or degrading treatment or punishment, in violation of Article VII of the International Covenant on Civil and Political Rights (hereinafter "ICCPR"). "The ICCPR is an international agreement that sets forth substantive and procedural rights to which all persons are entitled and establishes the Committee to monitor States-Parties' compliance with the treaty's provisions." *Commonwealth of Pennsylvania v. Judge* (Penn. 2007), 916 A.2d 511, 514-15. Article VI of the ICCPR specifically addresses capital punishment. Relevant portions of Article VI provide that:

> 1. Every human being has the inherent right to life. This right shall be protected by law. No one shall be arbitrarily deprived of his life.
> 2. In countries which have not abolished the death penalty, sentence of death may be imposed

40

only for the most serious crimes in accordance with the law in force at the time of the commission of the crime and not contrary to the provisions of the present Covenant and to the Convention on the Prevention and Punishment of the Crime of Genocide. This penalty can only be carried out pursuant to a final judgment rendered by a competent court.

International Covenant for Civil and Political Rights, Dec. 16, 1966, 999 U.N.T.S. 171, 6.I.L.M. 368 (entered into force Mar. 23, 1976), Art.6(1)(2).

When the United States ratified the ICCPR in 1992, it made a reservation with regards to Article VI, stating that "the United States reserved the right, subject to its Constitutional constraints, to impose capital punishment on any person (other than a pregnant woman) duly convicted under existing or future laws permitting the imposition of capital punishment, including such punishment for crimes committed by persons below eighteen years of age." *Judge*, 916 A.2d at 515; See, also, 138 Cong. Rec. 8068, 8070-71 (Apr. 2, 1992). The ICCPR therefore does not prohibit the U.S. from imposing capital punishment on a convicted person.

Article VII of the ICCPR provides that "[n]o one shall be subjected to torture or to cruel, inhuman, or degrading treatment or punishment." ICCPR, Art.7. While Appellant argues that the ICCPR's "cruel, inhuman or degrading treatment or punishment" provision is defined by international norms,[25] and that the United States is bound by those norms, the United States made a reservation to Article VII that clearly establishes that it is bound only by the confines of domestic law and not by international norms. Specifically, the reservation states that the U.S. is bound to the extent that "cruel, inhuman or degrading treatment or punishment" means cruel and unusual treatment or punishment as prohibited by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States. See 138 Cong. Rec. S4781-01, S4783 (Apr. 12, 1992). Thus, whatever international norms exist in regards to "cruel, inhuman or degrading treatment or

---

25. Appellant cited cases from the British Privy Council, the European Court of Human Rights, and the Supreme Courts of India, Zimbabwe, and Canada to show there is an international norm that declares that lengthy delays between convictions and executions constitute inhumane punishments.

41

punishment," as defined under Article VII of the ICCPR, these norms are outside the realm of Appellant's case.

Moreover, while the United States is a party to the ICCPR, the U.S. government and its constituent states are not necessarily required to enforce the provisions of the treaty as binding federal law. During the United States' ratification process of the ICCPR, the U.S. specifically stated that the treaty would not be self-executing and that its provisions cannot be enforced in U.S. courts absent enabling legislation. *Judge*, 916 A.2d at 523, citing generally 138 Cong. Rec. S4781, S4783; See, also, Restatement (Third) of the Foreign Relations Law of the United States Sec. 111 (1987). To date, Congress has not enacted any such law with regard to the ICCPR. See *Sosa v. Alvarez-Machian* (2004), 542 U.S. 692.

Appellant also refers to the prohibition against cruel, inhuman or degrading treatment as binding customary international law. However, state and federal courts have consistently rejected claims where customary international law is used as a defense against an otherwise constitutional action. See, e.g., *State v. Ferguson* (2006), 108 Ohio St.3d 451; *Buell v. Mitchell* (C.A.6 2001), 274 F.3d 337. For example, the Ohio Supreme Court has previously rejected the claim that an execution will violate international law and treaties to which the United States is a party. *Ferguson*, 108 Ohio St.3d 451, ¶ 85; See, also, *State v. Issa* (2001), 93 Ohio St.3d 49; *State v. Bey* (1999), 85 Ohio St.3d 487; *State v. Phillips* (1995), 74 Ohio St.3d 72; *State v. Williams*, Butler App. Nos. CA91-04-060, CA92-06-110, 1992 WL 317025. In fact, this Court has already addressed the inapplicability of international law to the constitutionality of Ohio's death penalty. *Williams*, 1992 WL 317025. Specifically, this Court cited to *Celestine v. Butler* (C.A.5 1987), 823 F.2d 74, to say that these death penalty issues are to be determined under American Constitutional law. *Id.*at *9.

In addition, a federal appeals court has already rejected the claim that Ohio's death penalty

42

statute violated the Supremacy Clause by not complying with various international treaties, including the ICCPR, and that the prohibition of executions is a customary norm of international law that is binding on the states. *Mitchell*, 274 F.3d at 370. The court stated, "[t]hat the determination of whether customary international law prevents a State from carrying out the death penalty, when the State otherwise is acting in full compliance with the Constitution, is a question that is reserved to the executive and legislative branches of the United States government, as it their [sic] constitutional role to determine the extent of this country's international obligations and how best to carry them out." *Id.* at 375-76.

For the forgoing reasons, Appellant's length of stay on Ohio's death row is not a violation of binding international law and, therefore, has no merit.

## CONCLUSION

For the foregoing reasons, the death penalty should be affirmed.

Respectfully submitted,

**ROBIN N. PIPER** (0023205)
Butler County Prosecuting Attorney

**MICHAEL A. OSTER, JR.** (0076491)
**Assistant Prosecuting Attorney**
**Chief, Appellate Division**
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 785-5204

43

## PROOF OF SERVICE

This is to certify that copies of the foregoing Brief of Appellee was served upon:

**LAURENCE E. KOMP** (0060142)

P.O. Box 1785

Manchester, Missouri 63011

**ALAN M. FRIEDMAN** (*pro hac vice*)

Midwest Center for Justice, Ltd.

P.O. Box 6528

Evanston, Illinois 60201

**JOHN P. PARKER** (0041243)

988 East 185th Street

Cleveland, Ohio 44119

Attorneys for Appellant, by ordinary U.S. mail this ___30th___ day of July, 2010.

**MICHAEL A. OSTER, JR.** (0076491)
**Assistant Prosecuting Attorney**

44

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

2010 JUL 30 PM 12

STATE OF OHIO,                                    :           CASE NO. CA2009-10-263

    APPELLEE,                                      :

v.                                                          :           CAPITAL CASE

FILED BUTLER CO.
COURT OF APPEALS

VON CLARK DAVIS,                 JUL 3 0 2010           MOTION TO EXCEED
                                                                   PAGE LIMITATION
    APPELLANT.               CINDY CARPENTER
                                          CLERK OF COURTS

---

      Now comes Appellee, pursuant to Local Rule 11(A)(3), and respectfully requests leave of court to exceed this Court's 20 page per brief limitation. Appellee requests that this Court allow Appellee's Brief to be no longer than 44 pages (excluding the certificate of service). Said page extension is required in order to properly reply to Appellant's brief which 1)encompasses complex legal issues, 2)raises multiple issues that the State must go into great detail in order to properly respond, and 3) is based upon a capital murder conviction where the death penalty was imposed.

                                       Respectfully submitted,

                                       ROBIN N. PIPER (0023205)
                                       Butler County Prosecuting Attorney

                                       MICHAEL A. OSTER, JR. (0076491)
                                       Assistant Prosecuting Attorney
                                       Government Services Center
                                       315 High Street, 11th Floor
                                       Hamilton, Ohio 45012-0515
                                       Telephone: (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST . 11TH FLOOR
P.O. BOX 515

<u>PROOF OF SERVICE</u>

This is to certify that copies of the foregoing was served upon:

LAURENCE E. KOMP  (0060142)
P.O. Box 1785
Manchester, Missouri 63011

ALAN M. FRIEDMAN  (*pro hac vice*)
Midwest Center for Justice, Ltd.
P.O. Box 6528
Evanston, Illinois 60201

JOHN P. PARKER  (0041243)
988 East 185th Street
Cleveland, Ohio 44119

by ordinary U.S. mail this__30th__ day of July, 2010.

MICHAEL A. OSTER, JR. (0076491)
Assistant Prosecuting Attorney

## 12th DISTRICT COURT OF APPEALS
## BUTLER COUNTY, OHIO

**STATE OF OHIO,**                              :

      **Appellee,**         FILED BUTLER CO. :   **Case No.  CA2009-10-263**
                                      COURT OF APPEALS

**vs.**                                          :

**VON CLARK DAVIS,**            AUG 0 2 2010   :

      **Appellant.**        CINDY CARPENTER
                                      CLERK OF COURTS :

---

### APPELLANT'S REQUEST FOR ORAL ARGUMENT

---

    Appellant Von Clark Davis, by and through counsel, as required by 12th Appellate Dist. Loc. R. 12(A), requests the Court to entertain oral argument in this Capital appeal.  This Court should hear oral argument in this death penalty case because this appeal involves important constitutional issues.  Oral argument will assist this Court in resolving these issues.  For these reasons, Appellant respectfully requests this Court to hear oral argument.

    WHEREFORE, Appellant respectfully requests oral argument in the above captioned matter.

Respectfully submitted,

Laurence E. Komp (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekomp@swbell.net

John P. Parker (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900

-and-

ALAN M. FREEDMAN (PHV)
MIDWEST CENTER FOR JUSTICE, LTD.
P.O. Box 6528
Evanston, Illinois 60201
Phone: (847) 492-1563
Fax: (847) 492-1861

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing **APPELLANT'S REQUEST FOR ORAL ARGUMENT** was mailed regular U.S. Mail to Daniel Eichel and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government Services Center, 315 High Street, Hamilton, Ohio 45011, on this the 2nd day of August, 2010.

Laurence E. Komp (0060142)
COUNSEL FOR APPELLANT

2

08/02/2010   13:30   6362077351          LAURENCE KOMP- ATTY          PAGE  01/03



Laurence E. Komp

Attorney at Law

P.O. Box 1785
Manchester, MO 63011
(636) 207-7330
Fax Number (636) 207-7351
Email - lekomp@swbell.net

FAX TRANSMITTAL FORM

---

To: Clerk of Court, 12th Appellate District
Name:
CC:
Phone:
Fax: 513-887-3966

From: Larry Komp
Date Sent: 8/2/10

Number of Pages:3

---

Clerk of Court,

Attached please find a motion for extension of time to be filed in Appellate Case No. CA2009-10-263.  The information required by rule is as follows:

(1) Name of Court - **Court of Appeals, Twelfth Appellate District, Butler County, OH**

(2) Case Caption - **State v. Davis**

(3) Case Number - **CA2009-10-263**

(4) Assigned Judge - **Panel Unknown**

(5) Name, Address, phone number, fax number, Supreme Court registration number, and email address of attorney submitting fax filing - **Laurence E. Komp, Attorney at Law,  P.O. Box 1785, Manchester, Missouri 63011, 636-207-7330 (Voice), 636-207-7351 (Facsimile), Ohio Bar 0060142, lekomp@swbell.net**

(6) Description of document - **Appellant's Request for Oral Argument.**

(7) Date of transmission - **8/2/10**

(8) Transmitting fax number - **636-207-7351**

(9) Total Number of pages (including cover sheet) - **3**

If I can be of further assistance, do not hesitate to contact me.

Sincerely,

**CONFIDENTIALITY NOTICE:** THIS FACSIMILE IS A CONFIDENTIAL COMMUNICATION FROM LAURENCE E. KOMP ATTORNEY AT LAW AND MAY BE SUBJECT TO ATTORNEY-CLIENT PRIVILEGE. The information contained in this communication, and any attachments thereto, is privileged and confidential and intended solely for use by the addressee(s). Any other use, dissemination, or copying of this facsimile communication is strictly prohibited and is a tortious interference with our confidential business relationships. If this was erroneously sent to you, please notify us immediately at (636) 207-7330 and permanently delete the original or any printed copies of this communication.

THE COURT OF APPEALS FOR BUTLER COUNTY, OHIO

STATE OF OHIO,                    :            CASE NO. CA2009-10-263
                                               REGULAR CALENDAR
    Appellee,         FILED BUTLER CO.
                      COURT OF APPEALS
vs.                                            ENTRY GRANTING MOTION
                      AUG 0 4 2010             TO EXCEED PAGE LIMITATION
                                               FOR APPELLEE'S BRIEF
VON CLARK DAVIS,      CINDY CARPENTER
                      CLERK OF COURTS
    Appellant.                    :


        The above cause is before the court upon a motion filed by counsel for

appellee, the State of Ohio, on July 30, 2010 requesting leave to file appellee's brief in

excess of this court's twenty (20) page limitation as set forth in Loc. App.R. 11(A)(3).

        Upon due consideration of the foregoing, IT IS HEREBY ORDERED that

appellee is GRANTED twenty-four (24) additional pages with the brief not to exceed

forty-four (44) pages in length.

        IT IS SO ORDERED.

                                          Bennett A. Manning
                                          Magistrate

## 12th DISTRICT COURT OF APPEALS
## BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

      Appellee,                     :          Case No.  CA2009-10-263

                           FILED BUTLER CO.        FILED in Common Pleas Court
vs.                                          COURT OF APPEALS        BUTLER COUNTY, OHIO

VON CLARK DAVIS,                        AUG 0 5 2010            AUG 0 5 2010

      Appellant.                    CINDY CARPENTER         CINDY CARPENTER
                                     CLERK OF COURTS         CLERK OF COURTS

---

## APPELLANT'S FIRST MOTION FOR EXTENSION OF TIME TO FILE
## HIS REPLY BRIEF UP TO AND INCLUDING AUGUST 24, 2010

---

Appellant Von Clark Davis, by and through counsel, requests the Court for an extension of time in which to file his merit brief up to and including August 24, 2010. According to the Court's scheduling order, Appellant's Merit Brief is due August 10, 2010.

This is a first request for extension of time. *Appellant's counsel has contacted the Butler County Prosecutor's Office and they have no opposition to an extension.*

On August 4, 2010, Counsel received the State's Merit Brief. Counsel have initially reviewed the oversized brief. However, in order to ensure compliance with the Sixth Amendment, additional time is required for additional research and reply brief preparation. Appellant's request is not for purposes of delay.

Attorney Komp has had and has the following other case responsibilities:

1. Brief in Opposition to Petition for Writ of Certiorari to be mailed for filing on August 6, 2010, in the capital habeas case of *Wilson v. Corcoran*, Case No. 10-91 (U.S.);

2. Drafting a certificate of appealability, due August 14, 2010, in a cross appeal, in the capital habeas case of *Williams v. Roper*, Case Nos. 10-1579, 10-2682 (8th); and,

3. Scheduled family vacation to commence 8/7/10-8/14/10;

This is not a complete list of Attorney Komp's case responsibilities.

Attorney Freedman has had and has the following other case responsibilities:

1.  Brief in Opposition to Petition for Writ of Certiorari to be mailed for filing on August 6, 2010, in the capital habeas case of *Wilson v. Corcoran*, Case No. 10-91 (U.S.);

2.  Investigating and filing a post-conviction in the capital case of *Deal v. Louisiana*, Caddo Parrish.

This is not a complete list of Attorney Freedman's case responsibilities.

Attorney Parker has had numerous pre-trial and trial proceedings.

WHEREFORE, Appellant respectfully moves for an extension of time up to and

including August 24, 2010.

Respectfully submitted,

Laurence E. Komp (0060143)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekomp@swbell.net

John P. Parker (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900

-and-

ALAN M. FREEDMAN (PHV)
MIDWEST CENTER FOR JUSTICE, LTD.
P.O. Box 6528
Evanston, Illinois 60201
Phone: (847) 492-1563
Fax: (847) 492-1861

COUNSEL FOR VON CLARK DAVIS

2

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing **APPELLANT'S FIRST MOTION FOR EXTENSION OF TIME TO FILE HIS REPLY BRIEF UP TO AND INCLUDING AUGUST 24, 2010** was mailed regular U.S. Mail to Daniel Eichel and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government Services Center, 315 High Street, Hamilton, Ohio 45011, on this the 5th day of August, 2010.

Laurence E. Komp (0060142)
COUNSEL FOR APPELLANT

3

        

Laurence E. Komp
Attorney at Law
P.O. Box 1785
Manchester, MO 63011
(636) 207-7330
Fax Number (636) 207-7351
Email - lekomp@swbell.net

FAX TRANSMITTAL FORM

| To: Clerk of Court, 12th Appellate District | From: Larry Komp |
| Name: | Date Sent: 8/5/10 |
| CC: | |
| Phone: | Number of Pages:4 |
| Fax: 513-887-3966 | |

Clerk of Court,

Attached please find a motion for extension of time to be filed in Appellate Case No. CA2009-10-263. The information required by rule is as follows:

(1) Name of Court - **Court of Appeals, Twelfth Appellate District, Butler County, OH**

(2) Case Caption - **State v. Davis**

(3) Case Number - **CA2009-10-263**

(4) Assigned Judge - **Panel Unknown**

(5) Name, Address, phone number, fax number, Supreme Court registration number, and email address of attorney submitting fax filing - **Laurence E. Komp, Attorney at Law,  P.O. Box 1785, Manchester, Missouri 63011, 636-207-7330 (Voice), 636-207-7351 (Facsimile), Ohio Bar 0060142, lekomp@swbell.net**

(6) Description of document - **Appellant's First Motion for Extension of Time to File His Reply Brief up to and including August 24, 2010.**

(7) Date of transmission - **8/5/10**

(8) Transmitting fax number - **636-207-7351**

(9) Total Number of pages (including cover sheet) - **4**

If I can be of further assistance, do not hesitate to contact me.

Sincerely,

**CONFIDENTIALITY NOTICE:** THIS FACSIMILE IS A CONFIDENTIAL COMMUNICATION FROM LAURENCE E. KOMP ATTORNEY AT LAW AND MAY BE SUBJECT TO ATTORNEY-CLIENT PRIVILEGE. The information contained in this communication, and any attachments thereto, is privileged and confidential and intended solely for use by the addressee(s). Any other use, dissemination, or copying of this facsimile communication is strictly prohibited and is a tortious interference with our confidential business relationships. If this was erroneously sent to you, please notify us immediately at (636) 207-7330 and permanently delete the original or any printed copies of this communication.



CINDY CARPENTER                    CLERK OF COURTS

1000540340

**VON CLARK DAVIS  c/o  LAURENCE KOMP**
**ATTORNEY AT LAW**
**PO BOX 1785**
**MANCHESTER, MI 63011**

Date:    August 9, 2010                    Case No.: CA 2009 10 0263
                    VON CLARK DAVIS vs. OHIO,STATE OF

**C O P Y   M A I L E D**
**1 2 TH  D I S T R I C T  C O U R T  O F  A P P E A L S,  B U T L E R  C O U N T Y,  O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

**CINDY CARPENTER**
Butler County Clerk of Courts

By: Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5616



CINDY CARPENTER          CLERK OF COURTS

1000540341

**OHIO,STATE OF  c/o  ROBERT N PIPER III**
**C/O THE BUTLER COUNTY PROSECUTORS OFFICE**
**315 HIGH ST**
**11TH FLOOR**
**HAMILTON, OH 45011**

Date:     August 9, 2010                Case No.: CA 2009 10 0263
                       VON CLARK DAVIS vs. OHIO,STATE OF

**C O P Y  M A I L E D**
**1 2 TH D I S T R I C T  C O U R T  O F  A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

CINDY CARPENTER
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

# Court of Appeals of Ohio



JUDGES:
H.J. BRESSLER
ROBERT A. HENDRICKSON
STEPHEN W. POWELL
ROBERT P. RINGLAND
WILLIAM W. YOUNG

COURT ADMINISTRATOR
BENNETT A. MANNING, Esq.

ASSISTANT ADMINISTRATOR
SCOT M. RITTER, Esq.

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURT

TWELFTH APPELLATE DISTRICT
1001 REINARTZ BOULEVARD
MIDDLETOWN, OHIO 45042

www.twelfth.courts.state.oh.us

CONFERENCE ATTORNEY
GREGORY M. CLARK, Esq.

ASSIGNMENT COMMISSIONER
JUDITH F. ECKERT

FISCAL OFFICER
JENNIFER J. LoBUONO

513-425-6609
OHIO 800-824-1883
FAX 513-425-8751

August 12, 2010

Cindy Carpenter
Butler County Clerk of Courts
Government Services Center
315 High Street – 5th Floor
Hamilton, Ohio 45011

Transfer of Case File
*State of Ohio v.*
*Von Clark Davis*
Butler CA2009-10-263
(Regular Calendar)

To the Clerk:

According to our records, the case file in the above-captioned appeal is ready to be forwarded to this court. The case file should include the transcript of docket and journal entries (chronologically ordered and appropriately numbered to correspond to the documents therein), the original papers, a transcript of proceedings (if applicable), and the briefs of counsel. **\*In criminal cases from common pleas court, R.C. 2953.08(F)(1) requires that any PSI, psychiatric or investigative report be included with the file.**

The only exhibits which the court requests at this time, and which it will only accept, are photographs, video tapes, audio tapes or paper documents. The court will not accept any other physical exhibits at this time including, but not limited to, weapons (including firearms and knives), drugs, drug paraphernalia, currency, clothing, or any exhibits of a perishable nature. Should the court, during the course of its review of this matter, determine that it needs to view any exhibits other than of the type requested above, then the court shall request, in writing, that you forward the specific exhibit in question.

Once you have assembled the case file in the appropriate order, please telephone Judy Eckert, the court's assignment commissioner, to make arrangements for the court to pick up the file at your office.

Thank you for your assistance and cooperation in this matter.

The Court of Appeals

BROWN, BUTLER, CLERMONT, CLINTON, FAYETTE, MADISON, PREBLE AND WARREN COUNTIES

IN THE COURT OF APPEALS FOR BUTLER COUNTY, OHIO

STATE OF OHIO,            :     CASE NO. CA2009-10-263
                               REGULAR CALENDAR

Appellee,      :

vs.                 ENTRY GRANTING EXTENSION OF
                       TIME TO FILE REPLY BRIEF

VON CLARK DAVIS,

Appellant.

FILED BUTLER CO. COURT OF APPEALS
AUG 13 2010
CINDY CARPENTER CLERK OF COURTS

     The above cause is before the court upon a motion filed by counsel for appellant, Von Clark Davis, on August 5, 2010, requesting additional time to file the reply brief.

     Upon due consideration of the foregoing, IT IS HEREBY ORDERED that said motion is GRANTED.  Appellant is granted fifteen (15) additional days to file the reply brief to be due on or before **August 24, 2010.**

     IT IS SO ORDERED.

Bennett A. Manning, Magistrate



CINDY CARPENTER     CLERK OF COURTS

1000541897

**VON CLARK DAVIS c/o LAURENCE KOMP**
**ATTORNEY AT LAW**
**PO BOX 1785**
**MANCHESTER, MI 63011**

Date:   August 17, 2010      Case No.: CA 2009 10 0263
       VON CLARK DAVIS vs. OHIO, STATE OF

**C O P Y   M A I L E D**
**12ᵀᴴ D I S T R I C T   C O U R T   O F   A P P E A L S,   B U T L E R   C O U N T Y,   O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

**CINDY CARPENTER**
Butler County Clerk of Courts

By: Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5620



CINDY CARPENTER                                      CLERK OF COURTS

1000541898

**OHIO,STATE OF  c/o  ROBERT N PIPER III**
**C/O THE BUTLER COUNTY PROSECUTORS OFFICE**
**315 HIGH ST**
**11TH FLOOR**
**HAMILTON, OH 45011**

Date:     August 17, 2010                    Case No.: CA 2009 10 0263
                              VON CLARK DAVIS vs. OHIO,STATE OF

C O P Y   M A I L E D
1 2 TH  D I S T R I C T   C O U R T   O F A P P E A L S ,   B U T L E R   C O U N T Y ,   O H I O

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

CINDY CARPENTER
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

**IN THE COURT OF APPEALS**
**TWELFTH DISTRICT COURT OF APPEALS**
**BUTLER COUNTY, OHIO**

STATE OF OHIO,                    :

     Appellee,                    :        **Case No. CA2009-10-263**

vs.                              :

VON CLARK DAVIS,                 :

     Appellant.                    :

---

### REPLY BRIEF OF APPELLANT

---

<div style="margin-left:40%">

LAURENCE E. KOMP (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330
lekomp@swbell.net

JOHN P. PARKER (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900
johnpparker@earthlink.net

ALAN M. FREEDMAN (PHV)
MIDWEST CENTER FOR JUSTICE, LTD.
P.O. Box 6528
Evanston, Illinois 60201
847-492-1563
fbpc@aol.com

COUNSEL FOR APPELLANT

</div>

DANIEL EICHEL
MICHAEL A. OSTER, JR.
Assistant Butler County Prosecuting Attorneys
Government Services Center, 315 High Street,
Hamilton, Ohio 45011
COUNSEL FOR APPRELLEE

## TABLE OF CONTENTS

INTRODUCTORY STATEMENT ...............................................................……………1

ARGUMENT ……………………………………………………………………………1

**ASSIGMENT OF ERROR NO. I - THE TRIAL COURT ERRED IN VIOLATION OF THE EIGHTH AMENDMENT AND DUE PROCESS TO ALLOW A 25-YEAR OLD, STALE JURY WAIVER TO STAND WHEN THERE WAS A NEW PENALTY HEARING**……………………………………………………………………………………1

*Authorities –*

*Bullington v. Missouri* (1981), 451 U.S. 430…………………………………………3

*Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761……………………………………...2, 3

Eighth Amendment………………………………………………………………….2, 3

Fourteenth Amendment………………………………………………………………2, 3

*Payton v. Woodford* (9th Cir. 2003), 346 F.3d 1204………………………………….4

*Porter v. McCollum* (2009), __ U.S. __, 130 S.Ct. 447……………………………….5

*Sattazahn v. Pennsylvania* (2003), 537 U.S. 101……………………………………3

*State v. Baker* (2008), 119 Ohio St.3d 197, syll., 2008-Ohio-3330…………………3

**ASSIGNMENT OF ERROR II - THE THREE JUDGE PANEL ERRED IN NOT CONSIDERING AND GIVING EFFECT TO MITIGATING EVIDENCE.**

*Authorities –*

*Brown v. Payton* (2005), 544 U.S. 133………………………………………………4

*Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761………………………………………6

*Deutscher v. Whitley* (9th Cir. 1989), 884 F.2d 1152………………………………6

*Eddings v. Oklahoma,* (1982) 455 U.S. 104…………………………………3, 4, 5, 6

*Hall v. Washington* (7th Cir. 1997), 106 F.3d 742…………………………………6

*Johnson v. Bagley,* 2006 U.S. Dist. LEXIS 97378, *affirmed*
          (6th Cir. 2008) 544 F.3d 592………………………………6

i

*Martinez-Macias v. Collins* (5th Cir. 1992), 979 F.2d 1067……………………………………6

*Mathis v. Zant* (N.D. Ga. 1989), 704 F. Supp. 1062……………………………………………6

*Moore v. Johnson* (5th Cir. 1999), 194 F.3d 586………………………………………………6

*Payton v. Woodford* (9th Cir. 2003), 346 F.3d 1204…………………………………………4

*Porter v. McCollum* (2009), __ U.S. __, 130 S.Ct. 447…………………………………………5, 6

*Scott v. Schriro* (9th Cir. 2009), 567 F.3d 573…………………………………………………5

*Skipper v. South Carolina* (1986), 487 U.S. 1……………………………………………………6

*State v. Davis* (1992), 63 Ohio St. 3d 44………………………………………………………4

*State v. Simko* (1994), 71 Ohio St.3d 483………………………………………………………6

*State v. Steffen* (1987), 31 Ohio St.3d 111………………………………………………………4

*U.S. v. Kretutzer* (Army Ct. Crim. App. 2004), 59 M.J. 773……………………………………5

*Wardrip v. Thaler* (N.D. Tex. Apr. 9, 2010), 2010 U.S. Dist. LEXIS 35160……………6

**ASSIGNMENT OF ERROR III - THE TRIAL COURT ERRED IN NOT PRECLUDING THE DEATH PENALTY AND ENFORCING THE THEN EXISTING PROVISIONS OF O.R.C. 2929.03(C)(2)(a)…**……………………………………………………………………6

    *Authorities* –

    O.R.C. 2929.01…………………………………………………………………………6, 7

    Art. I, Sec. I, Ohio Constitution……………………………………………………………6, 7

    Fourteenth Amendment……………………………………………………………………7

CONCLUSION………………………………………………………………………………7

ii

## INTRODUCTORY STATEMENT

Appellant stands on his original brief as it relates to his Fourth and Fifth Assignments of Error. Appellant again notes that the Third Assignment of Error is impacted by the Ohio Supreme Court's consideration of the retroactive application of O.R.C. 2929.06 that is currently pending in *State v. Maxwell White*, Case No. 09-1661. Appellant respectfully requests that this Court wait for a ruling in *White* prior to deciding Appellant's appeal herein to provide guidance to this Court.

## ARGUMENT

## ASSIGMENT OF ERROR NO. I

## THE TRIAL COURT ERRED IN VIOLATION OF THE EIGHTH AMENDMENT AND DUE PROCESS TO ALLOW A 25-YEAR OLD, STALE JURY WAIVER TO STAND WHEN THERE WAS A NEW PENALTY HEARING.

The State of Ohio incorrectly asserts that law of the case and res judicata should influence this Court's consideration of the claim. However, the factual and legal circumstances have changed. In no fashion did or could Appellant have presented this issue before because there had been no **third** reversal, there was not a different panel, and there is a different mitigation presentation. This passage of time and change in circumstances undercuts any argument that these procedural impediments exist in the instant case. In fact, Appellant could not have raised these issues earlier because they were not ripe and the factual basis did not exist.

The State utterly ignores and fails to address in its brief the actual jury waiver signed by Appellant, accepted by the trial court and journalized. When Appellant waived his right to a jury for the first proceeding he specifically waived his jury for a specific panel. The waiver signed by the trial court states:

"I, Von Clark Davis, defendant in the above cause, appearing in open court this 8th day of May, 1984, with my attorneys, Michael D. Shanks and John A.

1

> Garretson, do hereby voluntarily waive my right to trial by jury and elect to be
> tried by a court **to be composed of three judges, consisting of Judges Henry J.**
> **Bruewer, William R. Stitsinger, and John R. Moser**..."

Jury Waiver, T.d. 84 (emphasis added).  The jury waiver colloquy reaffirms and incorporates that

understanding:

> By the Court: And it goes to all phases except as to the rulings on the evidence
> and findings of fact. Well, if nobody has anything further to say we'll have three
> judges will be here tomorrow, you know who they are, and they're in this form
> here. It'll be myself and Judge Moser and Judge Stitsinger.
>
> Mr. Davis: Yes....

Transcript of Motions p. 61.

The jury waiver signed by Appellant, accepted and journalized by the Court, and

reviewed at the jury waiver colloquy specifically tied the waiver to three particular judges.  All

Appellant desires is the State meet its end of the agreement, and if it cannot, the jury waiver

cannot stand.

Notwithstanding these issues, to accept a waiver from 1984 in a 2009 sentencing hearing

simply violates the Due Process Clause of the Fourteenth Amendment and the Eighth

Amendment.  The Sixth Circuit anticipated this issue specifically noting:

> Granted, the resentencing hearing that we order today will not constitute a "trial"
> in the sense that the petitioner's guilt or innocence is again at issue. However, in
> this case, the proceeding can indeed be considered the functional equivalent of
> "trial" because, unlike sentencing in a non-capital case, it will take the form of an
> evidentiary proceeding on the question of whether Davis should receive the death
> penalty or some form of a life sentence.
>
> Moreover, we think there is a legitimate question as to whether a criminal
> defendant should be held to a jury waiver entered almost 25 years before his
> newly-mandated sentencing hearing. In the Sixth Circuit, at least, we have
> recognized that a defendant's jury waiver entered prior to the first trial of his case
> does not bar his right to a jury trial on the same case after remand from a
> reviewing court.

<center>2</center>

*Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, 780-781. Appellant's claim centers on the Sixth Circuit's foreshadowing of this issue and what process is due.

To counter Appellant's arguments, the State creates a misimpression regarding United States Supreme Court authority with its citation to a section from Justice Scalia's opinion in *Sattazahn v. Pennsylvania* (2003), 537 U.S. 101, which was only joined by two other justices. This portion of the opinion was not the opinion of the Court and it is inappropriate to suggest otherwise. The controlling authority from the Supreme Court is that mitigation phases are trial like and subject to constitutional protections, *Bullington v. Missouri* (1981), 451 U.S. 430, 101 S.Ct. 1852, notwithstanding Justice Scalia's protestations to the contrary.

Also unaddressed by the State, is that under Ohio law Appellant was not convicted. *State v. Baker* (2008), 119 Ohio St.3d 197, syll., 2008-Ohio-3330. Therefore, legally it is simply inaccurate to deny a jury waiver withdrawal request due to a conviction.

In conclusion, the harshness of the procedure herein required a defendant to be subject to a jury waiver that is approximately twenty-five years old. This violates Due Process principles of the Fourteenth Amendment and the Eighth Amendment because Appellant is subject to a stale jury waiver from 1984, the terms of which the State cannot comply with, when there are currently different facts and equities involved in 2009.

## ASSIGNMENT OF ERROR II

**THE THREE JUDGE PANEL ERRED IN NOT CONSIDERING AND GIVING EFFECT TO MITIGATING EVIDENCE.**

The State asks this Court to ignore United States Supreme Court authority. In *Eddings v. Oklahoma*, (1982) 455 U.S. 104,114-115, the Supreme Court specifically stated that a state court "may not give it no weight" if it is mitigation but "such evidence properly may be given little weight." The bottom line is that once evidence is accepted as mitigating it cannot be given no

3

weight by a trial court. *Eddings*; *Payton v. Woodford* (9th Cir. 2003), 346 F.3d 1204, 1216 (citing to *Eddings*), *overruled on other grounds Brown v. Payton* (2005), 544 U.S. 133.

While the State cites numerous cases for a contrary view point, that authority does not withstand scrutiny and actually supports Appellant's arguments. Each of the cases cited by the State involve scenarios where the trial courts found the evidence not to be mitigating. *See State v. Steffen* (1987), 31 Ohio St.3d 111, 129 (a court "…may properly choose to assign no weight to this evidence if it considers it to be non-mitigating…").

However, Appellant's trial court noted that the evidence presented by Appellant was properly presented mitigating evidence.[1] Thus, *Steffen* and the other authority cited by the State are not applicable and the *Eddings* admonition that a state court "may not give it no weight" if it is mitigation must be followed.

Indeed, the trial court specifically noted that it was engaging in a weighing process:

> The weighing process is just that. The panel must place the aggravating circumstance on one side and place all of the mitigating factors on the other side, and then determine beyond a reasonable doubt whether the aggravating circumstance outweighs the mitigating factors.

T.d. 435 p. 8. In utilizing the scales weighing metaphor, the trial court recognized that in order to place something on the scale it has to have some weight.

Improperly thereafter, the sentencer gave "no weight" to evidence that appellant would never be released from prison if given a life sentence. T.d. 435 at p. 10. However, the Supreme Court of Ohio disagrees and held in *State v. Davis* (1992), 63 Ohio St. 3d 44, 51, that this exact mitigating factor is entitled to "some weight."

---

[1] The State's brief concedes the trial court considered this mitigation. State's Brief p. 18.

4

Setting aside that the trial court cannot give properly presented mitigation no weight, the trial court also cannot unconstitutionally minimize properly presented mitigation. As held by the United States Supreme Court in *Porter v. McCollum* (2009), __ U.S. __, 130 S.Ct. 447, 454-455, that the Florida Supreme Court "either did not consider or unreasonably discounted the mitigation evidence" adduced in a post conviction hearing. *Citing to Eddings, supra,* the Court held that the sentencer must be permitted to consider relevant mitigating factors. *Porter,* at 454-55. In *Porter,* 130 S.Ct. at 455, the Supreme Court found a state court's treatment of mitigation problematic and that it was "unreasonable to discount" mitigation by "reduc[ing it] to inconsequential proportions." The three judge panel herein similarly "unreasonably discounted" mitigation and "reduced them to inconsequential proportions."

Appellant will not revisit each of the trial court's shortcomings (*see* Appellant's Brief pp. 13-15), however, the trial court's treatment of two particular factors bears repeating. Specifically, the trial court improperly diminished mitigating evidence related to good conduct in prison and the victim's forgiveness from the sole aggravating factor.

The trial court gave "little weight" to the mitigation that Sherry Davis has forgiven Appellant for the purposeful killing of her mother. T.d. 435 p. 9. This is substantial mitigation and should not have been minimized, particularly because it relates to the sole aggravating circumstance. Indeed, courts reverse when trial counsel fail to present such evidence. *See U.S. v. Kretutzer* (Army Ct. Crim. App. 2004), 59 M.J. 773, 783 (reversing when not presenting testimony from the widowed mother of the impact the murder had on her and her eight children and "her extraordinary feelings of forgiveness and her belief that appellant should not be put to death..."); *Scott v. Schriro* (9th Cir. 2009), 567 F.3d 573 (counsel ineffective by failing to present evidence that victim's father wanted to show mercy).

<center>5</center>

The sentencer gave "little weight" to appellant's good behavior in prison even though it is a recognized and important mitigation factor. *Skipper v. South Carolina* (1986), 487 U.S. 1, 106 S.Ct. 1669; *State v. Simko* (1994), 71 Ohio St.3d 483. Further, Appellant's good behavior in prison deserved "some weight" according to the previous ruling of the Ohio Supreme Court. *Davis*, 63 Ohio St. 3d, at 51. Indeed, courts routinely reverse for failing to consider and present *Skipper* evidence. *See e.g. Wardrip v. Thaler* (N.D. Tex. Apr. 9, 2010), ___ F. Supp. 2d ___, 2010 U.S. Dist. LEXIS 35160; *Johnson v. Bagley*, 2006 U.S. Dist. LEXIS 97378, *affirmed* (6th Cir. 2008) 544 F.3d 592; *Moore v. Johnson* (5th Cir. 1999), 194 F.3d 586; *Hall v. Washington* (7th Cir. 1997), 106 F.3d 742, 752; *Martinez-Macias v. Collins* (5th Cir. 1992), 979 F.2d 1067; *Deutscher v. Whitley* (9th Cir. 1989), 884 F.2d 1152; *Mathis v. Zant* (N.D. Ga. 1989), 704 F. Supp. 1062.

The trial court also seemingly avoids the Sixth Circuit's recognition in this case that the evidence is "highly relevant." *Davis*, 475 F.3d at 773. It makes no sense that something can be "highly relevant" but it has little weight.

In conclusion, the trial court improperly pursuant to *Eddings* provided no weight to recognized mitigation, and improperly diminished other mitigation pursuant to *Porter*. As a result, this Court should reverse and remand for a new sentencing hearing.

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED IN NOT PRECLUDING THE DEATH PENALTY AND ENFORCING THE THEN EXISTING PROVISIONS OF O.R.C. 2929.03(C)(2)(a).**

Appellant maintains the arguments set forth in merit brief. However, the State's argument that the changes made to ORC 2929.03 are remedial rather than substantive does not hold water. Appellant had a vested right and a substantive right to have the statutes enforced that were in effect at the time of his trial. First, he had a substantive right to life under Art. I section I of the

6

Ohio Constitution and the right to life which could not be taken unless due process is given under the Fourteenth Amendment of the federal Constitution. Appellant had a "vested right" to have three particular judges decide his fate. Through no fault of his own, the State can not live up to its end of the contract and therefore the contract is void.

The changes made to ORC 2929.03 are substantive and not remedial. The changes in the statute for Appellant are the difference between life and death. This is substantive and not remedial. The punishment now for Appellant has been increased because the statute has been changed years after his trial was completed. This is a classic example of an ex post facto change in the law and also a violation of due process under the federal constitution.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court vacate his sentence of death, impose a life sentence, remand for a new sentencing hearing, or vacate the jury waiver to allow a jury sentencing.

Respectfully submitted,

LAURENCE E. KOMP (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330
lekomp@swbell.net

JOHN P. PARKER (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900
johnpparker@earthlink.net

-and-

ALAN M. FREEDMAN (PHV)

7

MIDWEST CENTER FOR JUSTICE, LTD.
P.O. Box 6528
Evanston, Illinois 60201
847-492-1563
fbpc@aol.com

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing **REPLY BRIEF OF APPELLANT** was mailed regular U.S. Mail to Daniel Eichel and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government Services Center, 315 High Street, Hamilton, Ohio 45011, on this the _21_ day of August, 2010.

Laurence E. Komp (0060142)
COUNSEL FOR APPELLANT

8

IN THE COURT OF APPEALS OF BUTLER COUNTY, OHIO

STATE OF OHIO,                    :       CASE NO. CA2009-10-263
                                           REGULAR CALENDAR
        Appellee,                  :

                                   :       ENTRY DENYING MOTION FOR
                                           STAY OF EXECUTION
vs.                                :

VON CLARK DAVIS,                   :

        Appellant.                 :

        The above cause is before the court pursuant to a motion for stay of execution

filed by counsel for appellant, Von Clark Davis, on July 27, 2010.

        App.R. 8 requires that applications for release on bail and for suspension of

execution of sentence after a judgment of conviction shall be made in the first instance

in the trial court. It does not appear that appellant's motion has been filed in the trial

court as required. The motion is therefore DENIED.

        IT IS SO ORDERED.


                                   Robert P. Ringland, Judge


                                   Robert A. Hendrickson, Judge



CINDY CARPENTER                                    CLERK OF COURTS

1000550324

**OHIO,STATE OF  c/o  ROBERT N PIPER III**
**C/O THE BUTLER COUNTY PROSECUTORS OFFICE**
**315 HIGH ST**
**11TH FLOOR**
**HAMILTON, OH 45011**

Date:     October 8, 2010                        Case No.: CA 2009 10 0263
                        VON CLARK DAVIS vs. OHIO,STATE OF

**C O P Y   M A I L E D**
**1 2 $^{TH}$  D I S T R I C T  C O U R T  O F  A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

CINDY CARPENTER
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



CINDY CARPENTER                    CLERK OF COURTS

1000550325

**VON CLARK DAVIS  c/o  LAURENCE KOMP
ATTORNEY AT LAW
PO BOX 1785
MANCHESTER, MI 63011**

Date:    October 8, 2010                    Case No.: CA 2009 10 0263
                          VON CLARK DAVIS vs. OHIO,STATE OF

**C O P Y   M A I L E D
12 TH  D I S T R I C T   C O U R T   O F   A P P E A L S ,   B U T L E R   C O U N T Y ,   O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

**CINDY CARPENTER**
Butler County Clerk of Courts

By: Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5635

## 12th DISTRICT COURT OF APPEALS
### BUTLER COUNTY, OHIO

**STATE OF OHIO,**                         :

     **Appellee,**                    :         **Case No. CA2009-10-263**

**vs.**

**VON CLARK DAVIS,**

     **Appellant.**

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

OCT 13 2010

CINDY CARPENTER
CLERK OF COURTS

FILED BUTLER CO.
COURT OF APPEALS

OCT 1 3 2010

CINDY CARPENTER
CLERK OF COURTS

---

### APPELLANT'S SECOND MOTION FOR A STAY OF EXECUTION

---

Appellant Von Clark Davis, by and through counsel, requests the Court for a stay of execution for the pendency of Appellant's direct review. Capital defendants are "entitled to have that review before paying the ultimate penalty. The right of review is otherwise rendered utterly meaningless." *McDonald v. Missouri*, 464 U.S. 1306-07 (1984) (Blackmun, J., Circuit Justice) ("It makes no sense to have the execution set on a date within the time specified for that review ... and before the review is completed."). In Appellant's case, he is scheduled for execution approximately one week prior to oral argument in this case.

After Appellant filed his merit brief with this Court, Appellant's execution was set for November 9, 2010. Appellant previously filed for a stay of execution with this Court. This Court denied the request on the basis that Appellant had not filed with the trial court as required Twelfth Appellate Dist. Loc. R. 8.

Appellant's September 23, 2010 motion for stay filed with the trial court was denied on October 11, 2010.

Appellant possesses an appeal of right to this Court as well as the Ohio Supreme Court. *See* Ohio Rev. Code § 2929.05(A). The trial court recognized that Appellant had that right and the right to counsel. TR. 369. It would make no sense to recognize that right but execute him days before the oral argument. Therefore, Appellant requests that this Court grant a stay of execution until the completion of his direct appeals as of right as required by 2929.05(A) and *McDonald.*

Respectfully submitted,

Laurence E. Komp (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekomp@swbell.net

John P. Parker (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900

-and-

ALAN M. FREEDMAN (PHV)
MIDWEST CENTER FOR JUSTICE, LTD.
P.O. Box 6528
Evanston, Illinois 60201
Phone: (847) 492-1563
Fax: (847) 492-1861

COUNSEL FOR VON CLARK DAVIS

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing **APPELLANT'S SECOND MOTION FOR A STAY OF EXECUTION** was mailed regular U.S. Mail to Daniel Eichel and Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government Services Center, 315 High Street, Hamilton, Ohio 45011, on this the 12th day of October, 2010.

Laurence E. Komp (0060144)
COUNSEL FOR APPELLANT

10/13/2010 08:55    6362077351              LAURENCE KOMP- ATTY              PAGE 01/04



Laurence E. Komp
Attorney at Law
P.O. Box 1785
Manchester, MO 63011
(636) 207-7330
Fax Number (636) 207-7351
Email - lekomp@swbell.net
FAX TRANSMITTAL FORM

| | |
|---|---|
| To: Clerk of Court, Butler County Twelfth Appellate District | From: Larry Komp |
| Name: | Date Sent: 10/13/10 |
| CC: | |
| Phone: | Number of Pages:4 |
| Fax: 513-887-3966 | |

Clerk of Court,

Attached please find a motion for extension of time to be filed in Appellate Case No. CA2009-10-263.  The information required by rule is as follows:

(1) Name of Court - **Butler County, Twelfth Appellate**

(2) Case Caption - **State v. Davis**

(3) Case Number - **CA2009-10-263**

(4) Assigned Judges - **Judges Young, Ringland, and Hendrickson**

(5) Name, Address, phone number, fax number, Supreme Court registration number, and email address of attorney submitting fax filing - **Laurence E. Komp, Attorney at Law,  P.O. Box 1785, Manchester, Missouri 63011, 636-207-7330 (Voice), 636-207-7351 (Facsimile), Ohio Bar 0060142, lekomp@swbell.net**

(6) Description of document - **Appellant's SecondMotion for Stay of Execution.**

(7) Date of transmission - **10/13/10**

(8) Transmitting fax number - **636-207-7351**

(9) Total Number of pages (including cover sheet) - **4**

If I can be of further assistance, do not hesitate to contact me.

Sincerely,

**CONFIDENTIALITY NOTICE:** THIS FACSIMILE IS A CONFIDENTIAL COMMUNICATION FROM LAURENCE E. KOMP ATTORNEY AT LAW AND MAY BE SUBJECT TO ATTORNEY-CLIENT PRIVILEGE. The information contained in this communication, and any attachments thereto, is privileged and confidential and intended solely for use by the addressee(s). Any other use, dissemination, or copying of this facsimile communication is strictly prohibited and is a tortious interference with our confidential business relationships. If this was erroneously sent to you, please notify us immediately at (636) 207-7330 and permanently delete the original or any printed copies of this communication.

IN THE COURT OF APPEALS OF BUTLER COUNTY, OHIO

STATE OF OHIO,                    :        CASE NO. CA2009-10-263
                                           REGULAR CALENDAR
        Appellee,                 :

vs.                               :        ENTRY DENYING MOTION FOR
                                           A STAY OF EXECUTION
                                  :
VON CLARK DAVIS,
                                  :
        Appellant.

FILED BUTLER CO.
COURT OF APPEALS

OCT 1 8 2010

CINDY CARPENTER
CLERK OF COURTS


        The above cause is before the court pursuant to a motion for a stay of

execution filed by counsel for appellant, Von Clark Davis, on October 13, 2010.

        Upon due consideration of the foregoing, appellant's motion for a stay of

execution is hereby DENIED.

        IT IS SO ORDERED.


                                           _____
                                           Robert A. Hendrickson, Judge


                                           _____
                                           Stephen W. Powell, Judge



CINDY CARPENTER          CLERK OF COURTS

1000552528

**VON CLARK DAVIS  c/o  LAURENCE KOMP**
**ATTORNEY AT LAW**
**PO BOX 1785**
**MANCHESTER, MI 63011**

---

Date:    October 21, 2010                    Case No.: CA 2009 10 0263
                              VON CLARK DAVIS vs. OHIO,STATE OF

---

### C O P Y  M A I L E D
### 1 2 TH  D I S T R I C T  C O U R T  O F  A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

CINDY CARPENTER
Butler County Clerk of Courts

By:Jody Whisman Miller
Deputy Clerk

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

---

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



CINDY CARPENTER        CLERK OF COURTS

1000552529

**OHIO,STATE OF c/o ROBERT N PIPER III**
**C/O THE BUTLER COUNTY PROSECUTORS OFFICE**
**315 HIGH ST**
**11TH FLOOR**
**HAMILTON, OH 45011**

Date:    October 21, 2010             Case No.: CA 2009 10 0263
                      VON CLARK DAVIS vs. OHIO,STATE OF

**C O P Y  M A I L E D**
**1 2 TH D I S T R I C T  C O U R T  O F A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

**CINDY CARPENTER**
Butler County Clerk of Courts

By:Jody Whisman Miller
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                   :

     Plaintiff-Appellee,                          :          CASE NO. CA2009-10-263

                                     :          <u>JUDGMENT ENTRY</u>

- vs -                                     FILED BUTLER CO.
                                           COURT OF APPEALS

VON CLARK DAVIS,                        FEB 2 2 2011

     Defendant-Appellant.                     :
                                        CLERK OF COURTS


       The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

       It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.

       Costs to be taxed in compliance with App.R. 24.


_____
Stephen W. Powell, Presiding Judge

_____
Robert P. Ringland, Judge

_____
Robert A. Hendrickson, Judge

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                              :

      Plaintiff-Appellee,               :            CASE NO. CA2009-10-263

                                       :            <u>SEPARATE OPINION PURSUANT</u>
- vs -                                                          <u>TO R.C. 2929.05(A)</u>

                                       :

VON CLARK DAVIS,                        :

      Defendant-Appellant.            :

Pursuant to R.C. 2929.05(A), this court certifies that it has reviewed the judgment, the sentence of death, the transcript and all of the facts and other evidence in the record in this case and makes the following independent findings:

1) The evidence supports the finding by the three-judge panel that appellant Von Clark Davis was guilty of aggravated murder and the aggravating circumstance charged in the indictment.
2) The aggravating circumstance for which appellant was found guilty outweighs the mitigating factors in this case.
3) The death sentence is not excessive or disproportionate to the sentence imposed in similar cases.
4) The sentence of death is appropriate in this case.

In making this certification and these findings, this court incorporates its full opinion affirming the conviction and sentence in this case.

Judgment affirmed.

                            _____
                            Stephen W. Powell, Presiding Judge

                            _____
                            Robert P. Ringland, Judge

                            _____
                            Robert A. Hendrickson, Judge

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2009-10-263 |
| | : | O P I N I O N |
| - vs - | | 2/22/2011 |
| | : | |
| VON CLARK DAVIS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR1983-12-0614

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr. and Daniel G. Eichel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011-6057, for plaintiff-appellee

Laurence E. Komp, P.O. Box 1785, Manchester, Missouri 63011, for defendant-appellant

Midwest Center for Justice, Ltd., Alan M. Freedman, P.O. Box 6528 Evanston, Illinois 60201, for defendant-appellant

John P. Parker, 988 East 185th Street, Cleveland, Ohio 44119, for defendant-appellant

**POWELL, P.J.**

{¶1} Defendant-appellant, Von Clark Davis, appeals the sentence of death imposed upon him by a three-judge panel in the Butler County Court of Common Pleas. We affirm.

{¶2} In 1969, Davis was convicted of one count of Shooting with Intent to Wound, for shooting at his estranged wife, Ernestine. In 1970, Davis stabbed Ernestine to death, and later pled guilty to second-degree murder and was sentenced to life imprisonment. However, he was released in 1980, and while on parole in 1983, Davis shot and killed his estranged girlfriend, Suzette Butler, outside an American Legion Post. An autopsy revealed that Butler died as a result of multiple gunshot wounds to her head, and that the gun was located between four and 20 inches from her head when fired.

{¶3} The police investigation into Butler's murder revealed that on the day of the shooting, Davis approached two people for help in obtaining a gun and ammunition because he was unable to procure firearms due to his prior convictions for shooting at Ernestine and her subsequent death. Once in possession of the weapon and ammunition, Davis approached Butler at the Legion and the two went outside to talk. According to an eye-witness, as Butler and Davis spoke, Davis fired two shots at Butler's head, a third after Butler fell to the ground, and "after she was down, [Davis] bent down and shot her in the head." Two eye-witnesses identified Davis as the shooter.

{¶4} Davis was indicted on one count of aggravated murder, with the aggravating circumstance being his prior conviction for killing his wife, and one count of having a weapon under disability. Davis elected to have a three-judge panel hear his case, and waived his right to a jury. During trial, Davis raised inconsistencies in the eye-witness accounts of the shooting, and claimed that he had purchased the murder weapon as part of an exchange with a third party for dental equipment. Davis denied killing Butler, and instead, testified that he left Butler with the third party talking in front of the Legion moments before she was killed.

{¶5} The three-judge panel (Original Panel) found Davis guilty, and after the penalty-phase hearing, imposed the death penalty. This court affirmed Davis' conviction

- 2 -

and sentence in *State v. Davis* (May 27, 1986), Butler App. No. CA84-06-071 (*Davis I*). On appeal, the Ohio Supreme Court affirmed Davis' conviction, but vacated his sentence and remanded for re-sentencing because the Original Panel improperly considered non-statutory aggravating circumstances during the penalty phase. *State v. Davis* (1988), 38 Ohio St.3d 361 (*Davis II*).

{¶6} On remand, the Original Panel again imposed the death penalty, but did so after denying Davis' request to consider new mitigation factors such as his good behavior in prison since the time of Butler's murder. This court affirmed the Original Panel's re-sentence in *State v. Davis* (Oct. 29, 1990), Butler App. No. CA89-09-123 (*Davis III*), as did the Ohio Supreme Court in *State v. Davis* (1992), 63 Ohio St.3d 44 (*Davis IV*). Davis later filed an appeal after his petition for postconviction relief was denied within the common pleas court, and we affirmed the decision in *State v. Davis* (Sept. 30, 1996), Butler App. No. CA95-07-124 (*Davis V*).

{¶7} After exhausting the state appellate process, Davis filed a petition for a writ of habeas corpus in federal court. While the district court denied his petition, the Sixth Circuit Court of Appeals reversed and remanded with instructions that the panel consider Davis' new mitigation evidence that was left unconsidered after the first remand in *Davis II*. *Davis v. Coyle* (C.A. 6 2007), 475 F.3d 761 (*Davis VI*).

{¶8} During the passage of time between the appeals, one judge from the Original Panel passed away, and the other two retired. The Butler County Court of Common Pleas assembled a new three-judge panel (New Panel) and considered all of the mitigating evidence, including evidence that arose since the time of Davis' first hearing before the Original Panel. The New Panel sentenced Davis to death. Davis now appeals the New Panel's decision, raising the following assignments of error. We have combined several assignments of error when appropriate, and for ease of discussion.

- 3 -

{¶9} Assignment of Error No. 1:

{¶10} "THE TRIAL COURT ERRED IN VIOLATION OF THE EIGHTH AND SIXTH AMENDMENT AND DUE PROCESS TO ALLOW A 25-YEAR OLD, STALE JURY WAIVER TO STAND WHEN THERE WAS A NEW PENALTY HEARING."

{¶11} Assignment of Error No. 3:

{¶12} "THE TRIAL COURT ERRED IN NOT PRECLUDING THE DEATH PENALTY AND ENFORCING THE THEN EXISTING PROVISIONS OF O.R.C. 2929.03(C)(2)(a)."

{¶13} In Davis' first assignment of error, he argues that the New Panel erred in not granting his motion to withdraw his jury waiver, and in his third, that the New Panel did not have the option to consider the death penalty under a since-modified provision of R.C. 2929.03. These arguments lack merit.

{¶14} After Davis was first indicted for aggravated murder and having weapons under disability, he moved to sever the counts, arguing that the jury would be prejudiced by knowledge of his prior conviction for murdering Ernestine. Davis argued that if the murder charge was heard separately from the weapons under disability charge, and because the judge would not have to make a finding regarding the aggravating circumstance under the murder charge unless there was a penalty phase, the jury would never know during the guilt phase of his trial that he had previously killed his wife. The trial court denied Davis' motion, finding instead, that the charges were properly joined under Crim.R. 8(A). Davis then waived his right to a jury trial, and signed a waiver after the trial court's colloquy ensuring an intelligent, knowing, and voluntary waiver of rights.

{¶15} According to R.C. 2945.05, a defendant may waive his right to have his case tried in front of a jury so long as the waiver is written, made in open court after the defendant has been arraigned, and has had an opportunity to consult with counsel. Once

- 4 -

a defendant executes a waiver, "such waiver may be withdrawn by the defendant at any time before the commencement of the trial." R.C. 2945.05.

{¶16} In the past, Davis has challenged the validity of his waiver, and in the process, raised multiple challenges on appeal. However, each reviewing court has upheld the validity of the waiver, finding that Davis made it knowingly, voluntarily, and intelligently. In our past review of Davis' appeals, this court has noted that Davis' habitual challenges regarding his jury waiver were barred by the doctrines of res judicata or law of the case. We find those same doctrines apply in Davis' current appeal.

{¶17} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 1996-Ohio-337. (Emphasis sic.) See also *State v. Reynolds* (Oct. 27, 1999), Summit App. No. 19062, 1999 WL 980568, *8 (finding appellant's assignment of error barred by res judicata where the claim "was addressed and rejected by [the] Court and by the Ohio Supreme Court during an appeal of right in a capital murder case").

{¶18} Davis argues that res judicata does not apply because he has not been properly convicted in the Butler County Court of Common Pleas, and cites *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, for the proposition that his final conviction has not been entered properly. However, *Baker* was specific to resolving a certified conflict regarding what a judgment of conviction must include pursuant to Crim.R. 32(C) in order to become a final appealable order. As Davis is not challenging whether his conviction by the Original Panel is in fact a final appealable order, his reliance on *Baker* is misplaced.

- 5 -

Furthermore, the court in *Baker* specifically defined 'conviction' as "an act or process of judicially finding someone guilty of a crime" or "the state of having been proved guilty." Id. at ¶ 11. Davis was found guilty by the Original Panel, and that finding has never been disturbed by a reviewing court.

{¶19} The *Baker* court settled the certified conflict by finding that "a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." Id. at syllabus. Davis' judgment of conviction contains (1) finding of guilt; (2) the sentence of death by the New Panel; (3) the signatures of all three judges who comprised the New Panel; and (4) an entry on the journal by the clerk of courts. Davis' has therefore been convicted, and his judgment of conviction is a final appealable order properly before this court.

{¶20} A review of Davis' earliest appeals reveals that he failed to directly challenge his jury waiver. Because he could have challenged his jury waiver on due process or other grounds within his first two appeals, the doctrine of res judicata applies to his current challenge. On appeal to this court in *Davis I*, Davis argued that "the court erred in denying defendant's motion to bifurcate the trial and to sever the charges," but did not otherwise challenge the validity of his wavier. *Davis I* at 5. On appeal to the Ohio Supreme Court in *Davis II*, Davis again argued that the trial court should have granted his motion to sever, and that by denying such motion, he was "forced to waive the jury trial," but did not otherwise challenge the overall validity of the waiver itself. 38 Ohio St.3d at 363.

{¶21} Both this court and the Ohio Supreme Court rejected Davis' claim that he was forced into signing the jury waiver by virtue of the trial court's denial of his motion to

- 6 -

sever. According to the doctrine of res judicata, Davis is barred from challenging the validity of his jury waiver in any other capacity or alleging that his due process rights were violated because those arguments should have been raised on his first appeal from the Original Panel's judgment.

{¶22} "The 'law of the case' doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * * Thus, the decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court. Absent extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *State v. Prom*, Butler App. No. CA2004-07-174, 2005-Ohio-2272, ¶19-20. (Internal citations omitted.)

{¶23} Once Davis' death sentence from the Original Panel was vacated and the case was remanded for re-sentencing, Davis began his direct challenges against the waiver. Time and again, and whichever court reviewed the claim, the waiver withstood scrutiny and has been upheld in each instance. According to the law of the case, as established by this court and others, Davis' waiver is valid.

{¶24} Davis argued on his second appeal to this court that his waiver was "invalid because he was not aware of the consequences of such a waiver, i.e. that he could be resentenced to death if the original death sentence was reversed." *Davis III* at 8. In overruling Davis' assignment of error, we concluded that "there is no evidence in the record, however, that [Davis] was ever misinformed about the consequences of his waiver, or that the wavier was other than knowing, intelligent and voluntary when made. The fact that subsequent decisional law may or may not have affected the tactical decision to waive the right to trial by jury provides no avenue of relief for [Davis] at this

- 7 -

stage of the proceedings." Id. at 8-9.

{¶25} On appeal to the Ohio Supreme Court in *Davis IV*, Davis argued that he should have been permitted to withdraw his jury waiver because "he did not make an 'informed choice' between being tried by a panel or by a jury because he was not aware at the time he signed the wavier that his choice between panel or jury could ultimately affect his eligibility to be resentenced to death." 63 Ohio St.3d at 48-49. However, the court rejected Davis' argument, finding instead that "nothing in the record suggests that [Davis] was misinformed regarding the distinctions between trial by panel or trial by jury at the time [Davis] signed the 1984 waiver***." Id. at 49.

{¶26} In his federal petition for habeas corpus, Davis argued once more that his wavier was involuntary after his motion to sever the counts was denied. He also argued that his waiver was not knowing and intelligent because when he signed his waiver, he could not anticipate that the Ohio Supreme Court would hold that a capital defendant whose sentence is set aside after a jury verdict would have been ineligible for reimposition of the death penalty on a re-sentencing remand.[1] The Sixth Circuit denied Davis' claim, finding instead, that the denial was not a due process violation, and that the Ohio Supreme Court's ruling "cannot be said to have rendered his waiver of a jury trial involuntary." 475 F.3d at 779. The court also held that the jury waiver did not violate Davis' equal protection rights.

{¶27} We also note that when Davis appealed the trial court's denial of his petition for postconviction relief, he argued that his jury trial wavier was made unknowingly, and set forth several reasons for its invalidity. Davis argued he had not been informed that two of the judges on the Original Panel had represented a mortgage company in a 1970

---

1. R.C. 2929.06(B) has since been modified by the Ohio General Assembly to allow a trial court to empanel a new jury should a defendant's death sentence be set aside due to an error in the sentencing phase.

- 8 -

foreclosure action against him, that he was never informed that "under R.C. 2929.03(D) there is an 'increased risk of being sentenced to death when tried before a three-judge panel,'" and that he "was misinformed as to the standard of proof in the colloquy with the trial court regarding [his] jury waiver." *Davis V* at 17. After we rejected these arguments, we affirmed the decision to deny postconviction relief.

{¶28} At each stage of Davis' appellate proceedings and his request for post-conviction relief, he has, either directly or indirectly, challenged the jury waiver for a myriad of reasons. Once more, Davis now challenges the validity of his waiver, claiming that denying his motion to withdraw the waiver constitutes cruel and unusual punishment or is otherwise a due process violation. However, as each court has held, it is clear from the record that Davis knowingly, voluntarily, and intelligently waived his right to a jury trial and elected to have his case heard by a three-judge panel. Nonetheless, and although we find the doctrines of res judicata and law of the case applicable to Davis' appeal, we will analyze the waiver's validity as it applies to Davis' argument that the age of his waiver causes a violation of due process and that the New Panel is not permitted to sentence him to death.

{¶29} We reiterate that the trial court, before accepting Davis' waiver, performed a colloquy advising Davis of his rights and what he was giving up by executing his waiver. While it is true that Davis could not have necessarily foreseen 26 years of court proceedings, the Ohio Supreme Court has held that "a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it. Nor is the trial court required to inform the defendant of all the possible implications of waiver. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶68. The court went on to quote the United States Supreme Court's statement that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the

- 9 -

defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances – even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz* (2002), 536 U.S. 622, 629, 122 S.Ct. 2450. (Emphasis sic.)

{¶30} Holding Davis to his valid waiver does not constitute cruel and unusual punishment or otherwise violate his due process rights, as the mere passage of time or changes in Davis' life do not invalidate an otherwise valid waiver. Regardless of Davis' arguments, it remains undisputed that R.C. 2945.05 does not enforce a time limit or otherwise curtail the validity of the waiver due to the passage of time. We also note that contrary to Davis' argument, the waiver is not invalidated because there are "different facts and equities" in play compared to 1983 when Davis elected to waive his jury right.

{¶31} In support of this contention, Davis relies on *State v. McGee* (1998), 128 Ohio App.3d 541, 545, in which the Third District Court of Appeals ruled that McGee was entitled to withdraw her jury waiver after the Ohio Supreme Court reversed her conviction "on the basis that she was neither charged nor found guilty of an essential element of the offense." The court went on to state, "we further conclude that McGee's previous waiver of a jury trial is also inherently revoked by the reversal of the conviction and the new indictment in this case." Id.

{¶32} Unlike McGee, Davis' conviction has never been reversed. The courts in *Davis I* and *II* directly considered whether his convictions were supported by the manifest weight of the evidence, and affirmed the Original Panel's finding of guilt. The state proved the essential elements of Davis' aggravated murder charge, and was never directed to amend the indictment or prove his guilt over again. Davis misapplies the holding in *McGee* and asks this court to allow him to withdraw his waiver because there are new facts and evidence that would be presented at his re-sentencing. However, the holding in

- 10 -

*McGee* was specific to an instance where the state was required to go back and amend the indictment and "proceed anew from arraignment on the amended indictment to a new trial." Id. at 545. We therefore find *McGee* distinguishable from Davis' case, and do not agree with Davis that his "case is no different than *McGee*."

{¶33} In addition to his reliance on *McGee*, Davis also cites the Sixth Circuit's opinion in *Davis VI* for the proposition that because the sentencing proceeding was a separate trial, he should have been permitted to withdraw his jury waiver. The court expressed its opinion that the penalty phase was the "functional equivalent" of a trial and conveyed its concerns regarding the age of the waiver. However, the court did not consider the impact Ohio's capital statutes have on jury waiver, or place the wavier in context of Ohio law. Regardless of the Sixth Circuit's concerns, we need not decide the issue of whether the penalty proceeding is a separate trial because the Ohio legislature has statutorily foreclosed the possibility of withdrawing a jury waiver after a panel of three judges determines guilt.

{¶34} As we previously recognized, R.C. 2929.03(C)(2)(b) states that once a defendant waives his right to a jury trial, that waiver applies to the penalty proceeding as well. R.C. 2945.05 does not permit the defendant to withdraw his waiver once the trial has begun, neither does the statute permit the defendant to withdraw his waiver in between the guilt and penalty phase of a capital trial. Davis was aware that by waiving his right to a jury, he was giving up that right for both the guilt phase of the trial, as well as the sentencing proceeding.

{¶35} Specifically, R.C. 2929.03(C)(2)(b) mandates that once a defendant in a capital case chooses to have his case heard by a three-judge panel in lieu of a jury trial, his penalty "shall be determined" by a panel of judges as well. Ohio's capital proceedings, therefore, do not permit a three-judge panel to hear the guilt phase, but then empanel a

- 11 -

jury to determine the sentence.  What Davis now asks this court to do as it pertains to withdrawing his wavier so that he can have his penalty phase heard by a jury is in direct dereliction of Ohio's capital statutory scheme.

{¶36} The Ohio Supreme Court's analysis of a capital defendant's rights upon pleading guilty before a three-judge panel provides guidance as we analyze the case at bar.  In *State v. Ketterer*, Ketterer waived his right to a jury and pled guilty to, among other crimes, aggravated murder.   2006-Ohio-5283 at ¶10.   After the three-judge panel accepted Ketterer's guilty plea, it sentenced him to death.  On appeal, Ketterer argued that the trial court denied his constitutional right to have a jury determine his penalty.  The court rejected his argument, finding instead, that Ketterer had knowingly, intelligently, and voluntarily waived his right to a jury, and had therefore "acknowledged that he was waiving any right to have a jury decide what penalty to impose for the aggravated murder. Having freely relinquished his right, he cannot now argue that the trial court denied that right."  Id. at ¶123.

{¶37} In addition to the application of waiver, the court went on to state, "further, the applicable statute, R.C. 2945.06, as well as Crim.R. 11(C)(3), contains no provisions permitting an accused charged with aggravated murder to waive a jury, request that three judges determine guilt upon a plea of guilty, and then have a jury decide the penalty. Instead, R.C. 2945.06 directs, 'If the accused pleads guilty to aggravated murder, a *court composed of three judges* shall examine the witnesses *** [and determine guilt] and pronounce sentence accordingly.'"  Id. at ¶123.  (Emphasis sic.)

{¶38} The court also noted that it had previously issued a writ of prohibition against a trial judge who had "created a hybrid procedure – a jury sentencing hearing to make certain findings upon which [the trial judge] would base his sentencing decision. We held that by creating a nonstatutory procedure to convene a jury, the trial court proceeded in a

- 12 -

manner in which he patently and unambiguously lacked jurisdiction to act." Id. at ¶124, citing *State ex. rel. Mason v. Griffin*, 104 Ohio St.3d 279, 2004-Ohio-6384, overruled on other grounds.

{¶39} Although Ketterer pled guilty, whereas Davis was found guilty by the Original Panel, the statutory provision in R.C. 2945.06, as cited in *Ketterer*, also applies to defendants who waive their right to a jury and elect to have their guilt determined by a three-judge panel. We therefore find the holding in *Ketterer* highly analogous to the case at bar, and determine that Davis' waiver precludes him from having his punishment determined by a jury.

{¶40} As we've previously discussed, R.C. 2929.03(C)(2)(b) pronounces that upon a jury waiver and a guilty finding by a three-judge panel, the penalty "shall be" determined by the panel of three judges that found the defendant guilty. Davis argues next that his waiver should be voided because his death sentence was handed down by the New Panel, rather than the panel who tried him and determined his guilt.

{¶41} Justice Holmes' concurrence in *Davis II*, (decided in 1988) aptly foreshadowed the current issue, and stated persuasively that "the legislature was apparently not concerned about the possibility that the composition or the mental attitude of the three-judge panel may have changed on remand, as R.C. 2929.06 does not require *the* three-judge panel to make the resentencing decision thereunder." 38 Ohio St.3d 374. (Emphasis sic.)   Justice Holmes' statement was later verified when the legislature amended R.C. 2929.06(B), expressly defeating Davis' argument that only the Original Panel can sentence him to death.

{¶42} According to R.C. 2929.06(B), "whenever any court of this state or any federal court sets aside, nullifies, or vacates a sentence of death imposed upon an offender because of error that occurred in the sentencing phase of the trial *** the trial

- 13 -

court that sentenced the offender shall conduct a new hearing to resentence the offender. *** if the offender was tried by a panel of three judges, that panel *or, if necessary, a new panel of three judges* shall conduct the hearing." (Emphasis added.)

{¶43} Although the statute clearly authorizes a new panel to consider the sentence, Davis nonetheless challenges the application of the statute, and argues that his case should be determined under the version of R.C. 2929.06(B) in place when he signed his waiver. At the time of his waiver, the statute did not include an express provision naming a new panel to determine sentencing if necessary.

{¶44} According to Davis' argument in his third assignment of error, should this court apply the current version of R.C. 2929.06(B), such application would violate the Ohio Constitution's prohibition against retroactive laws, as well as the ex post facto clause of the federal constitution.[2] We disagree.

{¶45} Section 28, Article II of the Ohio Constitution provides that the General Assembly "shall have no power to pass retroactive laws." The Ohio Supreme Court has stated, "it is now settled in Ohio that a statute runs afoul of this provision if it takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, ¶9. The court then set forth a two-part test to determine whether a statute is impermissibly retroactive, which requires a court to identify first "a clearly expressed legislative intent that a statute apply retroactively" and second, to determine "whether the challenged statute is substantive or remedial." Id. at ¶10.

---

2. This court is aware that the Ohio Supreme Court is now considering a similar issue in *State v. White*, Case No. 2009-1661. In *White*, the court is considering whether the retroactive application of R.C. 2929.06 as it relates to jury trials violates the Ohio Constitution. As Davis was tried by a three-judge panel, we will perform the following analysis as it relates directly to a jury waiver because different standards are applied to panels versus juries throughout Ohio's capital statutes.

- 14 -

{¶46} According to R.C. 2929.06(E), "this section, as amended by H.B. 184 of the 125th general assembly, shall apply to all offenders who have been sentenced to death for an aggravated murder that was committed on or after October 19, 1981 ***. This section, as amended by H.B. 184 of the 125th general assembly, shall apply equally to all such offenders sentenced to death prior to, on, or after March 23, 2005, including offenders who, on March 23, 2005, are challenging their sentence of death and offenders whose sentence of death has been set aside, nullified, or vacated by any court of this state or any federal court but who, as of March 23, 2005, have not yet been resentenced." This language expresses the clear legislative intent that the two-part test calls for. We also note that Davis meets the above-quoted standard in that he was sentenced to death prior to March 23, 2005, had his sentence set aside, and remained unsentenced prior to 2005, due to the Federal Court's remand in 2007.

{¶47} Regarding the second factor, Davis contends that the statute is substantive because once he signed his jury waiver, he had a "vested right" to have his guilt and sentence determined by the Original Panel. However, we disagree, and find the challenged statute remedial in nature.

{¶48} The *Walls* court defined remedial as "those laws affecting merely the methods and procedures by which rights are recognized, protected and enforced, not the rights themselves." 2002-Ohio-5059 at ¶15. The court went on to further clarify what constitutes a remedial statute, and explained that "it is generally true that laws that relate to procedures are ordinarily remedial in nature." Id. at ¶17. In finding that the statute under which Walls was convicted was not impermissibly retroactive, the court concluded that "under either the 1985 law or the 1997 law, Walls was on notice that the offense he allegedly committed could subject him to criminal prosecution as an adult ***." Id.

{¶49} The change to R.C. 2929.06(B) is remedial, in that it affects only the

- 15 -

methods or procedures by which the Butler County Court of Common Pleas implemented Davis' jury waiver. The amendment merely supplies an alternative should the first panel to hear a case be unable to perform its duty. The amendment did not, however, change the fact that Davis had the right to avoid a jury and have his guilt and penalty determined by a panel of judges.

{¶50} We also note that much like Walls, Davis was on notice that should a judge from the Original Panel become unable to participate in sentencing, another judge would take his place. According to Crim.R. 25 (B), "if for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge, or in the case of a single-judge division, by the Chief Justice of the Supreme Court of Ohio, may perform those duties."

{¶51} Even before the Ohio Assembly codified the ability of a new panel to participate in the sentencing proceeding of a capital case in R.C. 2929.06(B), the rules of criminal procedure addressed the contingency of a judge becoming disabled from participation in his duties after a verdict or finding of guilt. Crim.R. 25(B) was in effect at the time of Davis' original trial and penalty proceeding, and therefore controlled at the time of Davis' original jury waiver and remained in effect throughout the subsequent proceedings.

{¶52} For the forgoing reasons, the amendment is remedial and moreover, curative, in that the legislators could have expressly authorized a new panel to hear a case when necessary, but did not add the express provision until the amendment. See *Burgett v. Norris* (1874), 25 Ohio St. 308, 317 (finding statutes curative when the legislature "could cure and render valid, by remedial retrospective statutes, that which it could have authorized in the first instance by proper enactment").

- 16 -

{¶53} Specific to Davis' contention that he had a vested right in having the Original Panel hear his case, we note that Davis does not challenge the finding of guilt by the Original Panel. His challenges are directed to the penalty phase, and his waiver as it related to the New Panel once the Original Panel could no longer be reconvened. While it is true that his waiver form listed the three judges who would comprise the panel, and the judges were named in open court during the colloquy, Davis signed and executed the waiver form, which specifically stated that "I am waiving said trial by jury, and making this election to be tried by *a court composed of three judges*." (Emphasis added). The trial court then concluded that "this jury waiver and *election to be tried by a three-judge panel* is hereby accepted and entered upon the journal of this court." (Emphasis added). These two specific statements demonstrate that Davis was waiving his right to a jury so that he could be tried before a three-judge panel, not that he was entitled to have only the Original Panel hear his case.

{¶54} Further, his arguments on appeal clearly demonstrate that Davis did not waive his right to a jury in order to have his case heard before the three judges who comprised the Original Panel, and who, we note, ultimately found him guilty and sentenced him to death twice. As stated, Davis worried that a jury would be too prejudiced by his prior convictions to consider the aggravated murder charge with a complete lack of bias. In support of his argument on appeal that his waiver was involuntarily made, Davis filed an affidavit in which he stated, "on May 4, 1984, I elected to have the prior murder specification determined by a judge pursuant to O.R.C. 2929.022. I made this decision because I did not want the jury to hear about my prior murder during the guilt phase of my capital trial. I also wanted my weapon under disability charge to be tried separately. Accordingly, my attorneys filed a Motion to Sever that count. On May 8, 1984, the trial court overruled that motion. With the trial court's decision I knew the jury

- 17 -

would hear about my prior murder. At this point I felt the jury would not be able to separate my prior murder from the current capital charge. As a result, I had no choice but to waive my right to a trial by jury. Had the trial court severed the charges, I would not have waived my trial by jury."

{¶55} Contrary to his contention that he had a vested right in having his case heard by the Original Panel, a defendant's right to waive his right to a jury is just that. It is a right to have his case heard before a panel of judges in lieu of a jury. It is not a right to choose which judges will hear the case. Davis' right to avoid having a jury determine his guilt and penalty, and instead have his case heard before an impartial, highly skilled, and knowledgeable panel of judges, remained exactly the same before and after the amendment. The right vested upon waiver, avoiding what Davis feared would be a prejudiced jury, was not compromised by the amendment in the least.

{¶56} While not directly on point, we do note that the *Walls* court addressed the effect a jurisdictional rule has on retroactivity, and stated "an application of a new jurisdictional rule usually takes away no substantive right *but simply changes the tribunal that is to hear the case*." 2002-Ohio-5059 at ¶18. (Emphasis added.) While the court was referencing whether the juvenile court or general criminal division had jurisdiction to try Walls, we cannot disregard the court's finding that changing the tribunal that hears a case takes away no substantive right.

{¶57} We also find that the amendment is not in violation of the ex post facto clause of the federal constitution. As stated by the Supreme Court, "although the Latin phrase '*ex post facto*' literally encompasses any law passed 'after the fact,' it has long been recognized by this Court that the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood* (1990), 497 U.S. 37, 41, 110 S.Ct. 2715. The court went on to list a four-

- 18 -

part test when determining whether a statute is ex post facto. "1st. Every law that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action. 2d. Every law that *aggravates* a *crime,* or makes it *greater* than it was, when committed. 3d. Every law that *changes the punishment,* and inflicts a *greater punishment,* than the law annexed to the crime, when committed. 4th. Every law that alters the *legal* rules of *evidence,* and receives less, or different, testimony, than the law required at the time of the commission of the offence, *in order to convict the offender"* Id. at 42. (Emphasis sic.)

{¶58} Davis asserts that R.C. 2929.06(B) is ex post facto because the amendment changed the possible punishment and inflicted a greater punishment than he could have received under the former version of the statute, thereby meeting the third factor of the test set forth above. According to Davis' argument, under the former version of the statute, only the Original Panel could have sentenced him to death so that his sentence would have defaulted to life imprisonment once the Original Panel was no longer able to convene.

{¶59} However, the statute, former or amended, does not lend weight to Davis' interpretation. There is no language in the previous version that directed a court to enter a life sentence if the panel could not perform its duties. Nor does Davis' argument take into consideration that Crim.R. 25(B) permitted replacement in the event that a judge was not able to perform post-conviction duties such as sentencing.

{¶60} The Ohio Supreme Court addressed Davis' previous claim that once his sentenced was vacated, he could only be sentenced to life imprisonment. On appeal in *Davis II*, Davis cited the court's holding in *State v. Penix* (1987), 32 Ohio St.3d 369, in which the court held that a defendant whose death sentence is vacated after a jury trial is not subject to re-imposition of the death penalty upon resentencing. (As previously

- 19 -

mentioned, the Ohio Legislature has since modified R.C. 2929.06[B] to state otherwise.) However, when directly confronted with its holding in *Penix* and how that holding applied to Davis, the court held that "when a reviewing court vacates the death sentence of a defendant imposed by a three-judge panel due to error occurring at the penalty phase *** such reviewing court may remand the action to *that trial court* for a resentencing hearing at which the state may seek whatever punishment is lawful, including, but not limited to, the death sentence." *Davis II* at 373. (Emphasis added.)

{¶61} While the court did not specifically state that an entirely new panel could re-sentence Davis to death, it nonetheless stated that upon remand to the trial court, the state could seek the death penalty, and further refused to extend its holding in *Penix* to instances involving a panel. No statement by the Ohio Legislature or our superior court supports Davis' contention that the New Panel was foreclosed from resentencing him to death, or that his sentence defaulted to life imprisonment once the Original Panel was no longer able to reconvene for resentencing.

{¶62} Under the former version of the statute, Davis was subject to either life imprisonment or death. Under the amended version of the statute, he was subject to either life imprisonment or death. The punishment under either version of the statute is the same, and was not increased due to the amendment in any way.

{¶63} Having found that Davis' jury waiver is still valid, and that R.C. 2929.06(B) is not unlawfully retroactive or does not otherwise violate the ex post facto clause of the United States Constitution, Davis' first and third assignments of error are overruled.

{¶64} Assignment of Error No. 2:

{¶65} "THE THREE JUDGE PANEL ERRED IN NOT CONSIDERING AND GIVING EFFECT TO CERTAIN MITIGATING EVIDENCE."

{¶66} Assignment of Error No. 4:

- 20 -

{¶67} "APPELLANT'S DEATH SENTENCE IS DISPORPORTIONATE (sic) AND INAPPROPRIATE."

{¶68} In his second and fourth assignments of error, Davis argues that the New Panel erred by not considering or giving the proper effect to his mitigation evidence, and that the panel's sentence was improper. There is no merit to these arguments.

{¶69} R.C. 2929.04(B) sets forth the procedure for sentencing a defendant to death, and requires that the trier of fact, "weigh against the aggravating circumstances proved beyond a reasonable doubt, the nature and circumstances of the offense, the history, character, and background of the offender" as well as a list of other factors. Those factors include: "(1) Whether the victim of the offense induced or facilitated it; (2) Whether it is unlikely that the offense would have been committed, but for the fact that the offender was under duress, coercion, or strong provocation; (3) Whether, at the time of committing the offense, the offender, because of a mental disease or defect, lacked substantial capacity to appreciate the criminality of the offender's conduct or to conform the offender's conduct to the requirements of the law; (4) The youth of the offender; (5) The offender's lack of a significant history of prior criminal convictions and delinquency adjudications; (6) If the offender was a participant in the offense but not the principal offender, the degree of the offender's participation in the offense and the degree of the offender's participation in the acts that led to the death of the victim; (7) Any other factors that are relevant to the issue of whether the offender should be sentenced to death."

{¶70} In addition to the catch-all provision within the seventh factor, R.C. 2929.04(C) instructs that, "the defendant shall be given great latitude in the presentation of evidence of the factors listed in division (B) of this section and of any other factors in mitigation of the imposition of the sentence of death." However, the statute goes on to specifically state that "the existence of any of the mitigating factors listed in division (B) of

- 21 -

this section does not preclude the imposition of a sentence of death on the offender *but shall be weighed* pursuant to divisions (D)(2) and (3) of section 2929.03 of the Revised Code by the trial court, trial jury, or the panel of three judges against the aggravating circumstances the offender was found guilty of committing." (Emphasis added.)

{¶71} The Ohio Supreme Court has further clarified the standard expected of a court when weighing the mitigating factors against the aggravating circumstances. "*** [W]hile R.C. 2929.04(B)(7) evinces the legislature's intent that a defendant in a capital case be given wide latitude to introduce any evidence the defendant considers to be mitigating, this does not mean that the court is necessarily required to accept as mitigating everything offered by the defendant and admitted. The fact that an item of evidence is admissible under R.C. 2929.04(B)(7) does not automatically mean that it must be given any weight." *State v. Steffen* (1987), 31 Ohio St.3d 111, 129.

{¶72} The court went on to give an example of a defendant's choice to introduce testimony from a high school teacher that he behaved well in school and was prepared in class. The court addressed this hypothetical mitigating evidence and stated that "the jury, or the court in its own independent weighing process, may properly choose to assign absolutely no weight to this evidence if it considers it to be non-mitigating. Only that evidence which lessens the moral culpability of the offender or diminishes the appropriateness of death as the penalty can truly be considered mitigating. Evidence which is not mitigating is not entitled to any weight as a mitigating factor in determining whether such factors outweigh the aggravating circumstances." Id.

{¶73} While the trier of fact may decide to assign no weight to the mitigating evidence, it must, nonetheless, consider the evidence. According to the Supreme Court, in capital cases, "the sentencer may not refuse to consider or be precluded from considering any relevant mitigating evidence." *Skipper v. South Carolina* (1986), 476 U.S.

- 22 -

1, 4, 106 S.Ct. 1669. It was the Original Panel's refusal to consider Davis' new mitigation evidence that resulted in a *Skipper* error and entitled him to resentencing.

{¶74} Upon remand, "a decisionmaker need not weigh mitigating factors in a particular manner. The process of weighing mitigating factors, as well as the weight, if any, to assign a given factor is a matter for the discretion of the individual decisionmaker." *State v. Newton*, 108 Ohio St.3d 13, 2006-Ohio-81, ¶60.

{¶75} Davis claims that the New Panel erred by failing to consider relevant mitigating factors, just as the Original Panel had done after the *Davis II* remand. However, a review of the record indicates otherwise. The New Panel considered the following mitigating factors: Davis' borderline personality disorder, alcohol abuse, love and support of family members and friends, the testimony of Davis' daughter that she has forgiven her father for killing her mother, Davis' good behavior in prison, childhood and family experience, and the impact of each upon Davis' personality development and mental health, remorse and apology, age (62), probability of no release from prison, whether a sentence of life in prison would bring closure to the victim's family, and the savings to taxpayers should a life sentence be imposed.

{¶76} The New Panel noted that in relation to these factors, it heard evidence from Davis' family and friends, including his daughter, explaining Davis' positive aspects and importance in their lives. The New Panel also considered testimony from prison personnel regarding Davis' good behavior and that his sole instance of misconduct occurred in 1990.

{¶77} Cynthia Mausser, Chairperson of the Ohio Parole Board, also testified and described the Parole Board's various policies and procedures. Mausser testified that it was "unlikely" that Davis would be paroled at the first opportunity and would "likely" spend a substantial portion of his life in prison. However, Mausser could not state with certainty

- 23 -

that any petition Davis made for parole would be denied, and further stated that Davis would be considered for parole at intervals ranging from one to 10 years for the rest of his life.

{¶78} The New Panel also heard from a clinical psychologist and certified addiction specialist who testified that Davis had a borderline personality disorder and alcohol dependence. The psychologist testified that Davis' personality disorder and alcohol dependence helped to explain how or why Davis could kill Butler, but did not otherwise excuse or justify his actions. According to the psychologist, Davis' good behavior while in prison is not surprising because individuals with borderline personality disorders function well in a highly-structured environment, such as prison.

{¶79} The state presented evidence that the aggravating circumstance was that Davis had been convicted of murdering Ernestine, an essential element of which was the purposeful killing of another. The state re-introduced the journal entry from 1971 wherein Davis was convicted for second degree murder, as well as Davis' original stipulation to the entry of conviction.

{¶80} Davis now challenges the way in which the New Panel weighed the evidence, and asserts that the New Panel's decision to assign little or no weight to some of the mitigating factors rendered the factors unconsidered. However, as noted above, the Ohio Supreme Court has specifically stated that while a trier of fact need consider the evidence, it need not accept as mitigating everything offered by the defendant, and further, may properly choose to assign absolutely no weight to this evidence if it considers it to be non-mitigating.

{¶81} In the sentencing opinion, the New Panel considered the aggravating circumstance and afforded Davis' previous conviction for killing Ernestine "great weight." The New Panel then considered each piece of evidence Davis offered as mitigation, and

- 24 -

assigned a corresponding weight to each factor. The fact that the Panel assigned little or no weight to some factors does not demonstrate that it failed to consider the evidence, nor does such weighing result in another *Skipper* error as Davis contends.

{¶82} The New Panel noted that the testimony offered to show that Davis is loved and supported by family is not atypical, and therefore did not deserve significant weight. The New Panel also considered the fact that Davis' daughter testified that she had forgiven her father for killing her mother, but found this factor deserved very little weight. According to the sentencing opinion, the New Panel also considered the testimony regarding Davis' dysfunctional family and childhood experiences to be unconvincing and entitled to little or no weight. The New Panel also found discrepancies between testimony from Davis' family and the psychologist's report. It nonetheless assumed that even if Davis' background contributed in some way to the development of his borderline personality disorder or alcohol dependence, the psychologist's diagnosis was entitled to little weight.

{¶83} Regarding Mausser's testimony, the New Panel determined that her opinion that Davis was unlikely to be released was "highly speculative and unconvincing." The New Panel, therefore, afforded no weight to Mausser's testimony. While the panel afforded no weight to the possible savings to tax payers, the record is clear that the New Panel considered the evidence because it overruled the state's objection that the cost issue should not be considered by the panel. The New Panel also considered and afforded little weight to Davis' good behavior while in prison, his advanced age, and his remorse and apology for murdering Butler.

{¶84} After considering and weighing all of the evidence, the New Panel found that the aggravating circumstance outweighed the mitigating factors beyond a reasonable doubt and sentenced Davis to death. While Davis disagrees with the amount of weight,

- 25 -

(whether it was great, little, or none), the panel assigned to each factor, the fact that the panel assigned less weight to the factors than he believes they deserve is not the same as the panel failing to consider the evidence. See *Newton*, 2006-Ohio-81 at ¶60 (dismissing Newton's claim that the trier of fact excluded relevant mitigating evidence where "the panel was aware of Newton's guilty plea, and its decision to give his guilty plea less weight than Newton argues it deserves is not equivalent to excluding the plea from evidence").

{¶85} We also briefly address Davis' contention that the New Panel erred because it assigned different weight to the factors than did the Ohio Supreme Court during its reviews in *Davis II* and *IV*. For example, while the New Panel found that Mausser's testimony was entitled to no weight, the *Davis IV* court "considered the probability that [Davis] would never be released from prison if he were to be sentenced to life imprisonment" and gave that factor "some weight." 63 Ohio St.3d 51.

{¶86} However, and for this very reason, the Ohio Supreme Court has specifically stated that "a decisionmaker need not weigh mitigating factors in a particular manner. The process of weighing mitigating factors, as well as the weight, if any, to assign a given factor is a matter for the discretion of the individual decisionmaker." *Newton,* 2006-Ohio-81 at ¶60. The fact that the New Panel assigned no weight to testimony it found highly speculative and unconvincing was within its discretion, just as the Ohio Supreme Court may assign a different amount of weight to Mausser's testimony during its own independent review of the factors.

{¶87} Regarding our own review of the proportionality and appropriateness of the sentence, we are guided by R.C. 2929.05(A), which requires this court to "review the judgment in the case and the sentence of death imposed by the court or panel of three judges *** [and] review and independently weigh all of the facts and other evidence

- 26 -

disclosed in the record in the case and consider the offense and the offender to determine whether the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors in the case, and whether the sentence of death is appropriate."

{¶88} Specific to our independent review, we will address Davis' mitigation evidence as it compared to the aggravating circumstance. Once again, we reiterate the evidence Davis presented in mitigation.

{¶89} Davis presented testimony from the psychologist that he suffers from a borderline personality disorder. We give this evidence little weight because it is widely recognized that personality disorders are commonplace in murder cases. See *State v. Taylor*, 78 Ohio St.3d 15, 33, 1997-Ohio-243, (noting that the court "normally has accorded little weight to 'personality disorders' as a mitigating 'other factor'"). Furthermore, the psychologist testified that whatever disorder Davis had, it did not excuse or justify his actions. Similarly, Davis' dependence on alcohol is entitled to little weight for similar reasons. See *State v. Johnson*, 88 Ohio St.3d 95, 2000-Ohio-276 (finding Johnson's personality disorder and drug dependence entitled to little weight).

{¶90} Davis also presented testimony from his mother, step-father, younger sister, younger brother, daughter, and two friends regarding the positive aspects of his life, how important he is to them, as well as their continued contact with him despite his incarceration on death row. We consider the fact that each witness opposed the re-imposition of the death penalty, and accord this factor some weight. Though certainly not an absolute, it can be expected that a defendant's family and friends would oppose a death sentence of their loved-one and offer some show of love and support. The support Davis receives from his witnesses, however, is not so out of the ordinary to afford this factor any greater weight than we have given it.

- 27 -

{¶91} Regarding the testimony of Davis' daughter that she has forgiven her father for killing her mother, we afford this factor little weight. While this forgiveness was undoubtedly cherished by Davis, we fail to see how a third-party's state of mind or willingness to forgive lessens the moral culpability of the offender or diminishes the appropriateness of death as the penalty. Moreover, Davis' daughter testified that she forgave her father so that she could displace the burden of hate she had carried for many years. This forgiveness, born of a daughter's desire to move on with her life, does not otherwise mitigate Davis' action.

{¶92} Davis' good behavior in prison, however, does speak to Davis himself, and his choice to act in accordance with the prison's rules and regulations. We consider the testimony of the prison personnel that Davis has had a positive record during his incarceration and has even earned extended privileges while on death row. We afford this factor some weight.

{¶93} We have considered Davis' childhood and family experience, and the impact of each upon Davis' personality development and mental health, and afford this factor some weight. Much like substance abuse and personality disorders, negative childhood experiences are commonplace in death penalty cases. We recognize that a negative upbringing can have a lasting impact on a person. However, we find nothing in Davis' childhood so horrific or distinctive to garner more weight than we afforded. We also note that courts have afforded similar or less weight to other capital defendants who have had comparatively worse upbringings and childhoods. See *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, ¶136 (affirming death penalty even where Adams was found to be "certainly at the worst end of * * * disruptive families," had a physically and sexually abusive father, and began drinking alcohol at five or six years of age).

{¶94} We lend little weight to Davis' remorse and apology. Davis fought his

- 28 -

conviction, claiming that a third party killed Butler and that he was innocent of the crime. Years later, Davis offered an unsworn statement to the New Panel, apologizing for his conduct, and called Butler's murder "nothing but an evil act by me." However, this remorse does little to alleviate Davis' moral culpability.

{¶95} We have considered that Davis is a man of advanced age, and apply no weight to this factor. At the time of his resentencing, he was 62 years old. Unlike the capital jurisprudence regarding juveniles, there is nothing inherently mitigating about sentencing a 62-year-old man to death. Davis was 36 when he was sentenced to death the first time, and nothing in the passage of time has increased the mitigation weight we will afford his age.

{¶96} According to Cynthia Mausser's testimony, Davis is "unlikely" to be paroled at his first opportunity. We afford this evidence little weight. Mausser was unable to definitively state that Davis would never be paroled and instead, indicated that should he become parole-eligible, he would be considered for parole on multiple occasions.

{¶97} We afford no weight to evidence that imposing a life sentence in lieu of a death sentence would save taxpayers money or provide closure for the victim's family. We have considered Davis' contention that housing a prisoner in general population of a prison is less expensive than housing a death row inmate. However, Ohio's capital sentencing scheme does not place importance on the financial burden either execution or life imprisonment has on the citizens of Ohio. We find Davis' concern for the state's budget incongruous with his request to remain supported the rest of his life, or however long he would be imprisoned, by the taxpayers of Ohio. Similarly, Davis' contention that a life sentence would bring closure to Butler's family deserves little weight. The Butler family's state of mind has nothing to do with Davis' moral culpability and is not mitigating evidence we will lend significant weight to.

- 29 -

Butler CA2009-10-263

{¶98} We find that the aggravating circumstance is entitled to great weight. Previous to killing Butler, Davis killed his estranged wife Ernestine. He then pled guilty to second-degree murder, an essential element of which was the purposeful killing of another. See *Taylor*, 78 Ohio St.3d at 34 (noting that "a prior murder conviction can be even more grave than other aggravating circumstances").

{¶99} Upon review of all of the facts and evidence, including all of the new mitigation evidence that has arisen since the time of Davis' incarceration for Butler's murder, we find that the aggravating factor outweighs the mitigating evidence beyond a reasonable doubt.

{¶100} Davis was sentenced to death for an offense committed before January 1, 1995. Therefore, in compliance with R.C. 2929.05(A), before we determine whether the sentence of death is appropriate, this court "also shall review all of the facts and other evidence to determine if the evidence supports the finding of the aggravating circumstances the trial jury or the panel of three judges found the offender guilty of committing, and shall determine whether the sentencing court properly weighed the aggravating circumstances the offender was found guilty of committing and the mitigating factors. The court of appeals, in a case in which a sentence of death was imposed for an offense committed before January 1, 1995, or the supreme court shall affirm a sentence of death only if the particular court is persuaded from the record that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors present in the case and that the sentence of death is the appropriate sentence in the case."

{¶101} After performing our statutory duty under R.C. 2929.05, we find that the sentence of death is appropriate. This court has reviewed the facts and all evidence, and finds that the evidence supports the finding of the aggravating circumstance.

- 30 -

{¶102} According to R.C. 2929.04(A)(5), the state may seek the death penalty if it is able to prove that, "prior to the offense at bar, the offender was convicted of an offense an essential element of which was the purposeful killing of or attempt to kill another ***." The record demonstrates that the evidence supports the finding of the aggravating circumstance because the state produced Davis' 1971 entry of conviction for the second degree murder of Ernestine, an essential element of which was the purposeful killing of another.

{¶103} Based on our discussion of Davis' second assignment of error, we have established that the New Panel properly weighed the aggravating circumstance Davis was found guilty of committing, and the mitigating factors. We are also persuaded from the record that the aggravated circumstance for which Davis was found guilty, his prior conviction of murder in the second degree, outweighs the mitigating factors present in the case beyond a reasonable doubt.

{¶104} According to R.C. 2929.05(A), we are also directed to "consider whether the sentence is excessive or disproportionate to the penalty imposed in similar cases." This statutory requirement is "satisfied by a review of those cases already decided by the reviewing court in which the death penalty has been imposed." *Steffen*, 31 Ohio St.3d at 123-124. Davis has submitted several cases for our review in which the court decided to impose a life sentence in lieu of the death penalty. However, the Ohio Supreme Court has stated that we need not consider "any case where the death penalty was sought but not obtained or where the death sentence could have been sought but was not." Id. at 124.

{¶105} A review of the cases in which this court has found the death penalty appropriate demonstrates that the penalty imposed in the case at bar is not excessive or disproportionate. In *State v. DePew* (June 29, 1987), Butler App. No. CA85-07-075, we

- 31 -

reviewed a death sentence imposed after DePew was convicted for killing three people and setting fire to their home during the commission of a robbery. In mitigation, we considered that DePew had never been arrested or convicted previously, he was helpful to others, and he did not initially intend to kill anyone during the burglary. We upheld the sentence of death.

{¶106} In *State v. Lawson* (June 4, 1990), Clermont App. No. CA88-05-044, Lawson was sentenced to death after he kidnapped and later shot and killed a man who implicated Lawson and his brother for numerous criminal activities. In mitigation, we considered that Lawson had an extensive history of alcohol and drug abuse, was sexually abused by a relative as a teen, had a low IQ, reacted impulsively to stress, and was described as being very close to and protective of his family. We upheld the sentence of death.

{¶107} In *State v. Webb* (May 24, 1993), Clermont App. No. CA91-08-053, we reviewed the sentence of death imposed upon Webb after he killed his son by setting fire to the family home. We weighed Webb's aggravating circumstance against the evidence that he was only twelve years old when his father, who he idolized, died in an automobile accident, that he had a low IQ, that he was devastated after his first wife died in an automobile accident, and that friends and relatives of Webb and his deceased son pleaded for a life sentence because they felt that Webb could still contribute positively to their lives. We found that the mitigating evidence did not outweigh the aggravating circumstance.

{¶108} In *State v. Williams* (Nov. 2, 1992), Butler App. Nos. CA91-04-060, CA92-06-110, Williams challenged the death sentence imposed upon him after he shot and killed a cab driver during the commission of a robbery. In mitigation, Williams offered evidence that his family relationships with his mother and his maternal grandmother were

- 32 -

good, that he was helpful around the house to both his mother and grandmother, that he had a fairly happy childhood, but that he had also experienced difficulties in life due to the lack of contact with his natural father who barely acknowledged his existence. Williams also offered testimony from a psychiatrist who diagnosed him as having paranoid schizophrenia which "played a role" in his actions the night of the shooting. We found the death penalty appropriate.

{¶109} In *State v. Loza* (April 19, 1993), Butler App. No. CA 91-11-198, we considered the appropriateness of the death penalty where Loza shot and killed his pregnant girlfriend's family after they refused to allow her to move to California with him. Loza offered the following mitigation evidence: he was born in Guadalajara, Mexico, where his father abandoned the family when he was four or five years old, he had not seen his father since that time and was devastated by the loss. Loza also offered evidence that his mother moved to the United States and left him in the care of his siblings, and he did not see his mother until four years later when she hired a smuggler to bring her family to Los Angeles. Loza also presented evidence that he grew up in a state of emotional insecurity with a need for a family of his own and was obsessed with having a family so he could make amends for his own father's mistakes. We also considered that Loza had a deeply ingrained sense of loyalty to his girlfriend and unborn child that caused him to take whatever steps he thought were necessary to protect them, and that the victims had continually abused him both physically and verbally. We found that these mitigating factors did not outweigh the aggravating circumstances of his crime.

{¶110} *State v. McGuire* (April 15, 1996), Preble App. No. CA95-01-001, presented an opportunity for this court to review a death sentence imposed upon McGuire after he raped and killed his victim. In mitigation, McGuire provided evidence that his childhood was unstable, he did not have a close relationship with either parent, that he started using

- 33 -

drugs at an early age, and that he had a number of special needs as a child that went unidentified and untreated in his adolescence. McGuire also presented evidence that he had adjusted well to prison life, was educating himself, and that he received special privileges in prison for his good behavior. This court found the death penalty appropriate.

{¶111} Finally, in *State v. Benge* (Dec. 5, 1994), Butler App. No. CA93-06-116, we reviewed the death sentence imposed on Benge after he killed his girlfriend during an argument and attempted to conceal her body. Benge presented evidence that he suffered from personality disorders, had addiction issues, and that he never knew his father or had a relationship with him. Benge's family and friends stated that they loved him and did not want to see the death sentence imposed, and Benge expressed remorse for his actions. We found that the mitigating evidence did not outweigh the aggravating circumstance of his crime.

{¶112} Other than *Davis I* and *III*, this court has not considered the death penalty in an instance where the defendant's aggravating circumstance was a prior murder conviction under R.C. 2929.04(A)(5). Therefore, we are also guided by the Ohio Supreme Court's rulings in cases where the aggravating circumstance was prior to the offense at bar, the offender was convicted of an offense where an essential element of which was the purposeful killing of or attempt to kill another. See *Taylor,* 78 Ohio St.3d 15 (affirming death penalty where Taylor shot and killed his girlfriend's ex-lover and was previously convicted for murder); and *State v. Carter,* 64 Ohio St.3d 218, 1992-Ohio-127 (upholding death penalty where Carter was incarcerated for a previous murder conviction and then killed his cell mate).

{¶113} A review of the aforementioned cases demonstrates that the defendants in these cases offered mitigation evidence of similar import as Davis has offered, and that in each instances, death was found to be an appropriate penalty. We therefore find that

- 34 -

Davis' sentence of death is not excessive or disproportionate.

{¶114} After fulfilling the review requirements set forth in R.C. 2929.05(A), we therefore find the sentence of death appropriate in this case and overrule Davis' second and fourth assignments of error.

{¶115} Assignment of Error No. 5:

{¶116} "TWENTY-SIX YEARS ON OHIO'S DEATH ROW CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT UNDER THE STATE AND FEDERAL CONSTITUTION, AND INTERNATIONAL LAW."

{¶117} Davis contends, in his final assignment of error, that spending 26 years on death row is cruel and unusual punishment, and further violates international law.  These arguments lack merit.

{¶118} According to the Eighth Amendment, "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  Section 9, Article I of the Ohio Constitution sets forth the same restriction: "Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted."

{¶119} Davis argues that his lengthy stay on death row constitutes cruel and unusual punishment, and bases his proposition on a memorandum from Justice Stevens expressing his dissent from denial of certiorari in *Lackey v. Texas* (1995), 514 U.S. 1045, 115 S.Ct. 1421.  However, the memorandum is not binding on this, or any, court.  It merely expressed Justice Steven's desire to have the court address at what point the state's desire for retribution is satisfied by imprisonment as opposed to execution.

{¶120} The fact that the Supreme Court chose not to accept a case in which the defendant had been on death row for 17 years, does not aid Davis' argument that his time spent on death row constitutes cruel and unusual punishment.  The Ohio Supreme Court, in Davis' own appeals and countless others, has upheld the constitutionality of the death

- 35 -

penalty and definitively holds that capital punishment does not constitute cruel and unusual punishment. See *State v. Bradley* (1989), 42 Ohio St.3d 136. We fail to see how punishment deemed constitutional becomes unconstitutional by waiting to implement it. We also note that the passage of time from Davis' original conviction and sentence to his current appeal is due to his own appeals.

{¶121} We are in no way blaming Davis for executing his right of appeal; appeals that we note have been successful. However, if Davis hopes to avail himself of these rights, and assuming future appeals of our current decision, he cannot claim that taking the time to thoroughly address and exhaust all possible appeals has violated his right to be free from cruel and unusual punishment. See *McKenzie v. Day* (C.A.9 1995), 57 F.3d 1461, 1467 (noting that "most of these procedural safeguards have been imposed by the Supreme Court in recognition of the fact that the common law practice of imposing swift and certain executions could result in arbitrariness and error in carrying out the death penalty").

{¶122} We also note that several other state and federal courts have considered and rejected similar arguments. See *Thompson v. State* (Fla. 2009), 3 So.3d 1237 (dismissing Thompson's claim that 31 years on death row was cruel and unusual punishment); *McKenzie*, 57 F.3d 1461 (rejecting McKenzie's argument that 20 years on death row constitutes cruel and unusual punishment); *White v. Johnson* (C.A.5 1996), 79 F.3d 432 (overruling Johnson's claim that 17 years on death row was a violation of the Eight Amendment); *Ex parte Bush* (Ala. 1997), 695 So.2d 138 (declining to find a 16-year stay on death row a violation of the Eighth Amendment); and *Stafford v. Ward* (C.A.10 1995), 59 F.3d 1025 (denying an Eighth Amendment challenge to spending 15 years on death row).

{¶123} More recently, the Supreme Court was again offered the opportunity to

- 36 -

address whether a lengthy stay of 32 years on death row constitutes cruel and unusual punishment, and declined to do so. *Thompson v. McNeil* (2009), __U.S.__, 129 S.Ct 1299. As in *Lackey*, discussed above, Justice Stevens dissented in the court's decision to deny certiorari and stated his opinion that the issue should be reviewed. Justice Thomas, conversely, offered an explanation for his decision to concur in denial, and stated that he remained "unaware of any support in the American constitutional tradition or in this Court's precedent for the proposition that a defendant can avail himself of the panoply of appellate and collateral procedures and then complain when his execution is delayed." Id. at 1301. He went on to quote *Turner v. Jabe* (C.A.4 1995), 58 F.3d 924, 933, for the proposition that "it makes 'a mockery of our system of justice ... for a convicted murderer, who, through his own interminable efforts of delay ... has secured the almost-indefinite postponement of his sentence, to then claim that the almost-indefinite postponement renders his sentence unconstitutional.'" *Thompson* at 1301.

{¶124} Davis also contends that his time on death row, as well as the death penalty in general, violates international law specific to Article VII of the International Covenant on Civil and Political Rights. The Sixth Circuit has explained that international law agreements and treaties to which the United States belong (such as the International Covenant and Charter of the Organization of American States) do not prohibit the death penalty. *Buell v. Mitchell* (C.A.6 2001), 274 F.3d 337. "Moreover, the United States has approved each agreement with reservations that preserve the power of each of the several states and of the United States, under the Constitution." Id. at 371. The effect of this reservation is that United States courts are not bound by international law on the issue of capital punishment where the death penalty is upheld as constitutional.

{¶125} In *State v. Williams*, we discussed the application and effect of international law on death penalty issues, and quoted the Fifth Circuit for the proposition that "[h]ow

- 37 -

these issues are to be determined is settled under American Constitutional law. Not a single argument is advanced directed to proving that the United States in these international agreements agreed to provide additional factors for decision or to modify the decisional factors required by the United States Constitution as interpreted by the Supreme Court." Butler App. Nos. CA91-04-060, CA92-06-110, 19, citing *Celesteine v. Butler* (C.A.5 1987), 823 F.2d 74, 79-80, certiorari denied (1987), 483 U.S. 1036, 108 S.Ct. 6.

{¶126} The *Buell* Court specifically noted that in relation to the International Covenant's Article VII, "the United States agreed to abide by this prohibition only to the extent that the Fifth, Eighth, and Fourteenth Amendments ban cruel and unusual punishment." 274 F.3d 371. As we have previously determined that the years Davis has spent on death row do not constitute cruel and unusual punishment, his challenge under the guise of international law must also fail.

{¶127} Having found that a 26-year delay in Davis' execution does not constitute cruel and unusual punishment under federal, Ohio, or international law, we overrule Davis' final assignment of error.

{¶128} Judgment affirmed.


RINGLAND and HENDRICKSON, JJ., concur.

<div style="border:1px solid">

This opinion or decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/ROD/documents/. Final versions of decisions are also available on the Twelfth District's web site at: http://www.twelfth.courts.state.oh.us/search.asp

</div>

- 38 -

 

MARY L. SWAIN                              CLERK OF COURTS

1000570602

**VON CLARK DAVIS  c/o  LAURENCE KOMP**
**ATTORNEY AT LAW**
**PO BOX 1785**
**MANCHESTER, MI 63011**

Date:    February 25, 2011                   Case No.: CA 2009 10 0263
                    VON CLARK DAVIS vs. OHIO, STATE OF

### C O P Y  M A I L E D
### 12 TH  D I S T R I C T  C O U R T  O F  A P P E A L S,  B U T L E R  C O U N T Y,  O H I O

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

**MARY L. SWAIN**
Butler County Clerk of Courts

By: Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

 

**MARY L. SWAIN**                    **CLERK OF COURTS**

1000570603

**OHIO,STATE OF  c/o  MICHAEL T GMOSER**
**BUTLER COUNTY PROSECUTER**
**315 HIGH ST 11TH FL**
**HAMILTON, OH 45011**

---

Date:    February 25, 2011                    Case No.: CA 2009 10 0263
                    VON CLARK DAVIS vs. OHIO,STATE OF

---

**C O P Y   M A I L E D**
**1 2 TH  D I S T R I C T  C O U R T  O F  A P P E A L S,  B U T L E R  C O U N T Y,  O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: Renee Bruce
Deputy Clerk

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5684

 

**MARY L. SWAIN**                                    **CLERK OF COURTS**

1000570604

**ALAN M FREEDMAN**
**MIDWEST CENTER FOR JUSTICE LTD**
**PO BOX 6528**
**EVANSTON, IL 60201**

Date:    February 25, 2011                    Case No.: CA 2009 10 0263
                          VON CLARK DAVIS vs. OHIO, STATE OF

### C O P Y   M A I L E D
### 1 2 TH  D I S T R I C T   C O U R T   O F   A P P E A L S ,   B U T L E R   C O U N T Y ,   O H I O

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

**MARY L. SWAIN**
Butler County Clerk of Courts

By: Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

 

MARY L. SWAIN                    CLERK OF COURTS

1000570605

**JOHN P PARKER**
**988 EAST 185TH ST**
**CLEVELAND, OH 44119-9**

Date:   February 25, 2011              Case No.: CA 2009 10 0263
                VON CLARK DAVIS vs. OHIO, STATE OF

### C O P Y   M A I L E D
### 12TH DISTRICT COURT OF APPEALS, BUTLER COUNTY, OHIO

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

**MARY L. SWAIN**
Butler County Clerk of Courts

By: Renee Bruce
Deputy Clerk

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5686

## MOTION, ENTRY, AND CERTIFICATION FOR APPOINTED COUNSEL FEES

In the **BUTLER County** Court of **Appeals (12th App. Dist.)**, Ohio

Plaintiff: **STATE OF OHIO**    Case No. _____

v.    Appellate Case No. (if app.) **CA 2009-10-263**

**Von CLARK DAVIS**

Defendant/Party Represented

☒ Capital Offense Case (check if Capital Offense case)
☐ Guardian Ad Litem (check if appointed as GAL)

In re: _____    Judge: _____

### MOTION FOR APPROVAL OF PAYMENT OF APPOINTED COUNSEL FEES AND EXPENSES

The undersigned having been appointed counsel for the party represented moves this Court for an order approving payment of fees and expenses as indicated in the itemized statement herein. I certify that I have received no compensation in connection with providing representation in this case other than that described in this motion or which has been approved by the Court in a previous motion, nor have any fees and expenses in this motion been duplicated on any other motion. I, or an attorney under my supervision, have performed all legal services itemized in this motion.

☐ Periodic Billing (check if this is a periodic bill)

**RECEIVED MAR 18 2011**

**MARY L SWAIN CLERK OF COURTS**

As attorney/guardian ad litem of record, I was appointed on **2-10 2010**. This case terminated and/or was disposed of on **2-22 2011**. I am submitting this application on **3/17/11**.

Name **JOHN P. PARKER**    Signature _____

Address **988 E. 185th St. Cleveland OH 44119**    SSN/Tax ID _____
No. and Street    City    State    Zip    OSC Reg. N _____

### SUMMARY OF CHARGES, HOURS, EXPENSES, AND BILLING

| OFFENSE/CHARGE/MATTER | ORC/CITY CODE | DEGREE | DISPOSITION |
|---|---|---|---|
| 1.) AGG. MURDER | | | Affirmed. |
| 2.) w/ Death Spec. | 2903.01 | UNCL. | |
| 3.) | | | |

*List only the three most serious charges beginning with the one of greatest severity and continuing in descending order.

| Grand Total Hours From Other Side: | OUT-OF-COURT | IN-COURT | | | GRAND TOTAL |
|---|---|---|---|---|---|
| | | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | |
| | 35.6 | — | .50 | .50 | 36.1 |

1,529

| | | | | | |
|---|---|---|---|---|---|
| ☐ Flat Fee   Hrs:In | .50 | X Rate 50 | = $ 25.00 | Tot. Fees $ 1,449.00 | |
| ☐ Min Fee   Hrs:Out | 35.6 | X Rate 40 | = $ 1,424.00 | Expenses $ 237.44 | Total $ 1,686.44 |
| | 37.6 | 40.5 | 1,524 | | 1,766.44 |

### JUDGMENT ENTRY

The Court finds that counsel performed the legal services set forth on the itemized statement on the reverse hereof, and that the fees and expenses set forth on this statement are reasonable, and are in accordance with the resolution of the Board of County Commissioners of _____ County, Ohio relating to payment of appointed counsel, that all rules and standards of the Ohio Public Defender Commission and State Public Defender have been met.

IT IS THEREFORE ORDERED that counsel fees and expenses be, and are hereby approved, in the amount of $ 1,766.44
It is further ordered that the said amount be, and hereby is, certified by the Court to the County Auditor for payment.

☐ Extraordinary fees granted (copy of journal entry attached)    Judge _____    3/22/11
Signature    Date

### CERTIFICATION

The County Auditor, in executing this certification, attests to the accuracy of the figures contained herein. A subsequent audit by the Ohio Public Defender Commission and/or Auditor of the State which reveals unallowable or excessive costs may result in future adjustments against reimbursement or repayment of audit exceptions to the Ohio Public Defender Commission.

County Number _____    Warrant Number _____    Warrant Date _____

County Auditor _____

CASE NUMBER _CA 2009-10-263_  ATTORNEY/GAL _JOHN P. PARKER_

IF CAPITAL OFFENSE CASE, LIST CO-COUNSEL'S NAME HERE: _LAURENCE KOMP_

## ITEMIZED FEE STATEMENT

I hereby certify that the following time was expended in representation of the defendant/party represented:

| DATE OF SERVICE | OUT-OF-COURT TOTAL | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | DAILY TOTAL | DATE OF SERVICE (continued) | OUT-OF-COURT TOTAL | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | DAILY TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/17/10 | 1.0 | | | | 1.0 | | | | | | |
| 3/1/10 | 1.0 | | | | 1.0 | | | | | | |
| 3/1 - | | | | | | | | | | | |
| 3/31 | 15.0 | (reviewing record) | | | 15.0 | | | | | | |
| 4/1 - | | | | | | | | | | | |
| 4/30 | 6.0 | (research) | | | 6.0 | | | | | | |
| 5/10 | 3.0 | (drafting brief) | | | 3.0 | | | | | | |
| 5/11 | 3.0 | (drafting brief) | | | 3.0 | | | | | | |
| 5/4 | .6 | | | | .6 | | | | | | |
| 7/2 | .2 | | | | .2 | | | | | | |
| 10/18 | .1 | | | | .1 | | | | | | |
| 10/19 | .5 | | | | .5 | | | | | | |
| 11/1 | .2 | | | | .2 | | | | | | |
| 11/14 | 3.0 | | | | 3.0 | | | | | | |
| 11/15 | 3.0 | | .50 | | 3.50 | | | | | | |
| 2/22/11 | 1.0 | | | | 1.0 | | | | | | |
| | | | | | | **GRAND TOTAL** | 35.6 | — | .50 | .50 | 36.1 |

*Continue at top of next column.*  *Time is to be reported in tenth of an hour (6 minute) increments.*

38.1

I hereby certify that the following expenses were incurred:
Use the following categories for Type: (1) Experts (2) Postage/Phone (3) Records/Reports (4) Transcripts (5) Travel (6) Other

| TYPE | PAYEE | AMOUNT |
|---|---|---|
| 5 | Hotel - oral Argument | 91.64 |
| 5 | Mileage - 486 miles x .30 - oral Arg. | 145.80 |
| | | |
| | | |
| | **TOTAL** | $ 237.44 |

*Clearly identify each expense and include a receipt for any expense over $1.00. See Section (P)(1)(c) for privileged information.*

**FINANCIAL DISCLOSURE/AFFIDAVIT OF INDIGENCY**
($25.00 application fee may be assessed—see notice on reverse side)

| Name/Applicant | Party Represented (if applicant, enter "same") | | | D.O.B |
|---|---|---|---|---|
| Von Clark Davis | same | | | |

| Mailing Address | City | State | ZIP |
|---|---|---|---|
| Columbus Centerville-Hilland | Youngstown | O H | 44505 |

| Case No. | Phone | Message Phone (within 48 hours) |
|---|---|---|
| CA-2002-10-0243 | ( ) | ( ) |

| Name | D.O.B | Relationship | Name | D.O.B | Relationship |
|---|---|---|---|---|---|
| 1) n.a. | | | 3) n.a. | | |
| 2) n.a. | | | 4) n.a. | | |

| Type of Income | Applicant | Spouse (or Parents if applicant is a juvenile) | Other Household Members | Total |
|---|---|---|---|---|
| Employment (Gross) | 0 | 0 | 0 | 0 |
| Unemployment | | | | |
| Worker's Comp. | | | | |
| Pension/Social Security | | | | |
| Child Support | | | | |
| Works First/TANF | | | | |
| Disability | | | | |
| Other | 0 | 0 | 0 | |
| Employer's Name (for all household members) | | A. TOTAL INCOME | $ | 0 |
| Employer's Address | | | Phone ( ) | |

| Type of Expense | Amount | | | |
|---|---|---|---|---|
| Child Support Paid Out | 0 | | | |
| Child Care (if working only) | | Total Income – Allowable Expenses = Adjusted Total Income | | |
| Transportation for Work | | | | |
| Insurance | | A. TOTAL INCOME | $ | 0 |
| Medical/Dental | | B. EXPENSES | $ | 0 |
| Medical & Associated Costs Of Caring for Infirm Family Members | | C. ADJUSTED TOTAL INCOME | $ | 0 |
| B. EXPENSES | $ 0 | | | |

| Type of Asset | Describe / Length of Ownership / Make, Model, Year (where applicable) | | | Estimated Value |
|---|---|---|---|---|
| Real Estate / Home | Price:$ | Date Purchased: | Amt. Owed:$ | 0 |
| Stocks / Bonds / CD's | | | | |
| Automobiles | | | | |
| Trucks / Boats / Motorcycles | | | | |
| Other Valuable Property | | | | |
| Cash on Hand | | | | |
| Money Owed to Applicant | | | | |
| Other | | | | |
| Checking Acct. (Bank / Acct. #) | | | | |
| Savings/MM Acct. (Bank / Acct. #) | | | | 0 |
| | | | D. TOTAL ASSETS | $ 0 |

| Type of Liability | Amount |
|---|---|
| Rent / Mortgage | 0 |
| Food | |
| Electric | |
| Gas | |
| Fuel | |
| Telephone | |
| Cable | |
| Water / Sewer / Trash | |
| Credit Cards | |
| Loans | |
| Taxes Owed | |
| Other | |
| **E. LIABILITIES & OTHER EXPENSE** | **0** |

**C. ADJ. TOTAL INCOME**    0

**D. TOTAL ASSETS**    0

**E. LIABILITIES & OTHER**    0

### $25.00 APPLICATION FEE NOTICE

By submitting this Financial Disclosure Form/Affidavit of Indigency Form, you will be assessed a non-refundable $25.00 application fee unless waived or reduced by the court. If assessed, the fee is to be paid to the clerk of courts within seven (7) days of submitting this form to the court, the public defender, your appointed counsel or any other party who will make a determination regarding your indigency.

I, _**Von Clark Davis**_ (affiant) being duly sworn, say:

1. I am financially unable to retain private counsel without substantial hardship to me or my family.

2. I understand that I must inform the public defender or appointed attorney if my financial situation should change before the disposition of the case(s) for which representation is being provided.

3. I understand that if it is determined by the county, or by the Court, that legal representation should not have been provided, I may be required to reimburse the county for the costs of representation provided. Any action filed by the county to collect legal fees hereunder must be brought within two years form the last date legal representation was provided.

4. I understand that I am subject to criminal charges for providing false financial information in connection with the above application for legal representation pursuant to Ohio Revised Code Sections 120.05 and 2921.13.

5. I hereby certify that the information I have provided on this financial disclosure form is true to the best of my knowledge.

                     _Von Davis_      _3/14/2011_
                         Affiant's Signature        Date

Notary Public/Individual duly authorized to administer oath:
Subscribed and duly sworn before me according to law, by the above named applicant this _14th_ day of _March_, _2011_ at _Youngstown_, County of _Mahoning_ and State of _Ohio_.

_Scott Nowak_     _Notary Expires: March 26, 2015_
Signature of person administering oath     Title

I hereby certify that above-noted applicant is unable to fill out and/or sign this financial disclosure/ affidavit for the following reason: _____

I have determined that the applicant meets the criteria for receiving court appointed counsel.

                      Judge's Signature         Date

OPD-206R rev. 9/2005

02/09/2010  09:31   6362077351                   LAURENCE KOMP- ATTY              PAGE  02/02

FILED

2010 FEB 11 PM 1: 03

BUTLER COUNTY
CLERK OF COURTS

**IN THE COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

**STATE OF OHIO,**                    :

        **Appellee,**                 :       **Case No.  CR 1983 12-0614**

**vs.**                               :

**VON CLARK DAVIS,**                  :       **Judge Daniel Andrew Nastoff**

        **Appellant.**                :

**ORDER**

The Court being fully advised hereby GRANTS Defendant/Appellant's Motion

for Appointment of Counsel and Motion to Allow Appearance *Pro Hac Vice*.  Laurence

Komp and John Parker, both Rule 20 Appellate Qualified, are appointed to represent Mr.

Davis on appeal.  Alan Freedman is also appointed and permitted to appear *pro hac vice*

in this matter.

                                        **Judge Daniel Andrew Nastoff**

Rec'd 2/17/10

Hotels.com - Hotel rooms with reviews. Discounts and Deals on 85,000 ho...   Page 1 of 1

# Your Receipt

## Itinerary Number: 51971999

Booked: Online - November 1, 2010 4:48:44 PM CDT

| | |
|---|---|
| Guest Name: | john parker |
| Billing Address: | 988 e 185th St. |
| | Cleveland, OH |
| | 44119 |
| | US |

## Reservation Details

| | |
|---|---|
| Hotel Details: | Holiday Inn Express Middletown |
| | 6575 Terhune Dr |
| | Middletown, OH |
| | 45044 |
| | US |
| Check-in: | 11/14/10 |
| Check-out: | 11/15/10 |
| Number of Nights: | 1 |
| Number of Rooms: | 1 |
| Room Type: | One King Bed |
| Sub-total: | $81 |
| Taxes & fees: | $10.64 |
| **Total Price:** | **$91.64** |
| This receipt was printed on: | November 1, 2010 4:49:53 PM CDT |

## Cancellation Policy

We understand that sometimes plans fall through. We do not charge a change or cancel fee. However, this property (Holiday Inn Express Middletown) imposes the following penalty to its customers that we are required to pass on: Cancellations or changes made after 6:00 PM (Eastern Standard Time (US & Canada)) on Nov 12, 2010 are subject to a 1 Night Room & Tax penalty. The property makes no refunds for no shows or early checkouts.

Please note that if you make changes in your reservation, they could result in charges applicable by policy and availability.

Please see the website for Terms and Conditions:

http://www.hotels.com/customer_care/terms_conditions.html?pos=HCOM_US&locale=en_US

Hotels.com, LP 10440 N. Central Expressway, Suite 400, Dallas, Texas 75231 USA

https://ssl.hotels.com/customer_care/booking_details.html?surname=parker...   11/1/2010

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5692

Form **W-9**
(Rev. January 2003)
Department of the Treasury
Internal Revenue Service

**Request for Taxpayer
Identification Number and Certification**

Give form to the
requester. Do not
send to the IRS.

Name
JOHN P. PARKER

Business name, if different from above
Attorney

Check appropriate box: ☒ Individual/Sole proprietor  ☐ Corporation  ☐ Partnership  ☐ Other ▶ .............. ☐ Exempt from backup withholding

Address (number, street, and apt. or suite no.)
988 E. 185th St.

Requester's name and address (optional)

City, state, and ZIP code
Cleveland, OH 44119

List account number(s) here (optional)

**Part I**    **Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see How to get a TIN on page 3.

Note: *If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.*

Social security number | ▮▮▮▮▮▮▮
Employer identification number | | | | | | |

**Part II**    **Certification**

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. person (including a U.S. resident alien).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (See the instructions on page 4.)

Sign Here   Signature of U.S. person ▶      Date ▶ 3.17.11

**Purpose of Form**

A person who is required to file an information return with the IRS, must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

**U.S. person.** Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee.

**Note:** *If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.*

**Foreign person.** If you are a foreign person, use the appropriate Form W-8 (see Pub. 515, Withholding of Tax on Nonresident Aliens and Foreign Entities).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the recipient has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement that specifies the following five items:

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

4. The type and amount of income that qualifies for the exemption from tax.

5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

Cat. No. 10231X       Form **W-9** (Rev. 1-2003)

### John P. Parker
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900

johnpparker@earthlink.net

March 17, 2011

Bennent A. Manning, Esq.
Court Administrator
Twelfth District Court of Appeals
1001 Reinartz Blvd.
Middletown, OH 45042

TWELFTH DISTRICT
COURT OF APPEALS

MAR 18 2011

## RECEIVED

Re:     State of Ohio v. Von Clark Davis
        CA 2009-10-263
        Capital Case

Dear Mr. Manning,

        Please find enclosed the original and two copies of my fee application for the above captioned case. Larry Komp was lead counsel and is submitting his application separately. I have also enclosed a completed W-9. If you have any questions, please contact me at your convenience.

Respectfully,

John P. Parker

## MOTION, ENTRY, AND CERTIFICATION FOR APPOINTED COUNSEL FEES

In the _Court of Appeals, Twelfth App. Dist._ Court of _Butler County_____, Ohio

Plaintiff: _State of Ohio_

Case No. _____

Appellate Case No. (if app.) _CA-2009-10-263_

v. _Von Clark Davis_

Defendant/Party Represented

☒ Capital Offense Case (check if Capital Offense case)
☐ Guardian Ad Litem (check if appointed as GAL)

In re: _____

Judge: _____

### MOTION FOR APPROVAL OF PAYMENT OF APPOINTED COUNSEL FEES AND EXPENSES

The undersigned having been appointed counsel for the party represented moves this court for an order approving payment of fees and expenses as indicated in the itemized statement herein. I certify that I have received no compensation in connection with providing representation in this case other than that described in this motion which has been approved by the Court in a previous motion, nor have any fees and expenses in this motion been duplicated on any other motion. I, or an attorney under my supervision, have performed all legal services itemized in this motion.

☐ Periodic Billing (check if this is a periodic bill)

As attorney/guardian ad litem of record, I was appointed on _2/11_____, _2010_. This case terminated and/or was disposed of on _2/22____, _2011_. I am submitting this application on _3/17____, _2011_

Name _Laurence E. Komp_ Signature _____

Address _P.O. Box 1785_ _Manchester, MO_ _63011_ SSN/Tax ID _____

No. and Street — City — State — Zip — OSC Reg. No. _____

### SUMMARY OF CHARGES, HOURS, EXPENSES, AND BILLING

| OFFENSE/CHARGE/MATTER | ORC/CITY CODE | DEGREE | DISPOSITION |
|---|---|---|---|
| 1.) | | | |
| 2.) | | | |
| 3.) | | | |

*List only the three most serious charges beginning with the one of greatest severity and continuing in descending order.

| Grand Total Hours From Other Side: | OUT-OF-COURT | IN-COURT | | | GRAND TOTAL |
|---|---|---|---|---|---|
| | | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | |
| | 123.5 | O | 1.0 | 1.0 | 124.5 |

☐ Flat Fee  Hrs:In _1_ X Rate _50_ = $ _50_  Tot. Fees $ _4990_

☐ Min Fee  Hrs:Out _123.5_ X Rate _40_ = $ _4940_  Expenses $ _381.48_  Total $ _5,371.48_

### JUDGMENT ENTRY

The Court finds that counsel performed the legal services set forth on the itemized statement on the reverse hereof, and that the fees and expenses set forth on this statement are reasonable, and are in accordance with the resolution of the Board of County Commissioners of _Butler_____ County, Ohio relating to payment of appointed counsel, that all rules and standards of the Ohio Public Defender Commission and State Public Defender have been met.

IT IS THEREFORE ORDERED that counsel fees and expenses be, and are hereby approved, in the amount of $ _5,371.48_
It is further ordered that the said amount be, and hereby is, certified by the Court to the County Auditor for payment.

☐ Extraordinary fees granted (copy of journal entry attached) Judge _____ _3/22/11_

Signature — Date

### CERTIFICATION

The County Auditor, in executing this certification, attests to the accuracy of the figures contained herein. A subsequent audit by the Ohio Public Defender Commission and/or Auditor of the State which reveals unallowable or excessive costs may result in future adjustments against reimbursement or repayment of audit exceptions to the Ohio Public Defender Commission.

County Number _____  Warrant Number _____  Warrant Date _____

County Auditor _____

PAGE-1

CASE NUMBER _CA- 2009-10-263_ (ATTORNEY/GAL _Laurence E. Komp_

IF CAPITAL OFFENSE CASE, LIST CO-COUNSEL'S NAME HERE: _John Parker  Alan Freedman_

## ITEMIZED FEE STATEMENT

I hereby certify that the following time was expended in representation of the defendant/party represented:

| DATE OF SERVICE | OUT-OF-COURT TOTAL | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | DAILY TOTAL | DATE OF SERVICE (continued) | OUT-OF-COURT TOTAL | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | DAILY TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2/17/10 | 0.3 | | | | 0.3 | 8/6/10 | 1.7 | | | | 1.7 |
| 2/19/10 | 3.5 | | | | 3.5 | 8/17/10 | 6.5 | | | | 6.5 |
| 2/23/10 | 0.2 | | | | 0.2 | 8/18/10 | 7.0 | | | | 7.0 |
| 3/15/10 | 5.0 | | | | 5.0 | 8/19/10 | 4.5 | | | | 4.5 |
| 3/16/10 | 4.5 | | | | 4.5 | 9/20/10 | 2.2 | | | | 2.2 |
| 3/17/10 | 2.8 | | | | 2.8 | 9/22/10 | 0.3 | | | | 0.3 |
| 3/18/10 | 2.2 | | | | 2.2 | 10/3/10 | 0.1 | | | | 0.1 |
| 5/4/10 | 0.6 | | | | 0.6 | 10/13/10 | 0.8 | | | | 0.8 |
| 5/6/10 | 2.0 | | | | 2.0 | 10/14/10 | 0.1 | | | | 0.1 |
| 5/7/10 | 6.5 | | | | 6.5 | 10/18/10 | 0.1 | | | | 0.1 |
| 5/9/10 | 4.0 | | | | 4.0 | 10/19/10 | 1.5 | | | | 1.5 |
| 5/10/10 | 8.0 | | | | 8.0 | 10/20/10 | 3.5 | | | | 3.5 |
| 5/11/10 | 8.0 | | | | 8.0 | 10/21/10 | 0.8 | | | | 0.8 |
| 5/12/10 | 8.0 | | | | 8.0 | 11/1/10 | 0.2 | | | | 0.2 |
| 5/13/10 | 7.0 | | | | 7.0 | 11/10/10 | 2.5 | | | | 2.5 |
| 5/14/10 | 1.5 | | | | 1.5 | 11/11/10 | 6.0 | | | | 6.0 |
| 6/10/10 | 1.0 | | | | 1.0 | 4/14/10 | 7.5 | | | | 7.5 |
| 6/11/10 | 0.2 | | | | 0.2 | 11/15/10 | 6.0 | | 1.0 | 1.0 | 7.0 |
| 7/2/10 | 0.2 | | | | 0.2 | 11/23/10 | 0.2 | | | | 0.2 |
| 7/23/10 | 0.1 | | | | 0.1 | 12/16/10 | 0.1 | | | | 0.1 |
| 7/24/10 | 1.2 | | | | 1.2 | 1/27/11 | 0.8 | | | | 0.8 |
| 7/27/10 | 0.2 | | | | 0.2 | GRAND TOTAL | 19.4 | | 1.0 | 1.0 | 120.4 |

*Continue at top of next column.*  *Time is to be reported in tenth of an hour (6 minute) increments.*

I hereby certify that the following expenses were incurred:

Use the following categories for Type:  (1) Experts  (2) Postage/Phone  (3) Records/Reports  (4) Transcripts  (5) Travel  (6) Other

| TYPE | PAYEE | AMOUNT |
|---|---|---|
| 6 | Copy/Binding - Quartet copies | 85.15 |
| 2 | U.S. Postal Service | 14.80 |
| 2 | U.S. Postal Service | 6.82 |
| 5 | Hotel for Argument - | 49.11 |
| 5 | Mileage (752 miles @ .30/mile) (for argument) | 225.60 |
| | TOTAL | 351.48 |

*Clearly identify each expense and include a receipt for any expense over $1.00. See Section (P)(1)(c) for privileged information.*

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5696

PAGE-2

CASE NUMBER _CA -2009-10- 263_    (ATTORNEY/GAL _Laurence E. Komp_

IF CAPITAL OFFENSE CASE, LIST CO-COUNSEL'S NAME HERE: _John Parker ; Alan freedman_

## ITEMIZED FEE STATEMENT

I hereby certify that the following time was expended in representation of the defendant/party represented:

| DATE OF SERVICE | OUT-OF-COURT TOTAL | IN-COURT | | | DAILY TOTAL | DATE OF SERVICE (continued) | OUT-OF-COURT TOTAL | IN-COURT | | | DAILY TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | | | | PRE-TRIAL HEARINGS | ALL OTHER IN-COURT | IN-COURT TOTAL | |
| 2/22/11 | 2.1 | | | | | | | | | | |
| 2/23/11 | 2.0 | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | GRAND TOTAL | 4.1 | | | | 4.1 |

*Continue at top of next column.*                    *Time is to be reported in tenth of an hour (6 minute) increments.*

I hereby certify that the following expenses were incurred:

*Use the following categories for Type:   (1) Experts   (2) Postage/Phone   (3) Records/Reports   (4) Transcripts   (5) Travel   (6) Other*

| TYPE | PAYEE | AMOUNT |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | TOTAL | |

*Clearly identify each expense and include a receipt for any expense over $1.00. See Section (P)(1)(c) for privileged information.*

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5697

| Form **W-9** (Rev. January 2003) Department of the Treasury Internal Revenue Service | **Request for Taxpayer Identification Number and Certification** | Give form to the requester. Do not send to the IRS. |
|---|---|---|

Name
*Lawrence Komp*

Business name, if different from above

Check appropriate box: ☑ Individual/ Sole proprietor ☐ Corporation ☐ Partnership ☐ Other ▶ .................... ☑ Exempt from backup withholding

Address (number, street, and apt. or suite no.)
*P.O. Box 1795*

Requester's name and address (optional)

City, state, and ZIP code
*Manchester, MO    63011*

List account number(s) here (optional)

## Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see How to get a TIN on page 3.

**Note:** *If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.*

Social security number [redacted]

or

Employer identification number

## Part II  Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, *or* (c) the IRS has notified me that I am no longer subject to backup withholding, and

3. I am a U.S. person (including a U.S. resident alien).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (See the instructions on page 4.)

| Sign Here | Signature of U.S. person ▶ | Date ▶  3/17/11 |
|---|---|---|

## Purpose of Form

A person who is required to file an information return with the IRS, must obtain your correct taxpayer identification number (TIN) to report, for example, income paid to you, real estate transactions, mortgage interest you paid, acquisition or abandonment of secured property, cancellation of debt, or contributions you made to an IRA.

**U.S. person.** Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN to the person requesting it (the requester) and, when applicable, to:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee.

**Note:** *If a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.*

**Foreign person.** If you are a foreign person, use the appropriate Form W-8 (see Pub. 515, Withholding of Tax on Nonresident Aliens and Foreign Entities).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the recipient has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement that specifies the following five items:

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

4. The type and amount of income that qualifies for the exemption from tax.

5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

Cat. No. 10231X                    Form **W-9** (Rev. 1-2003)

**FINANCIAL DISCLOSURE/AFFIDAVIT OF INDIGENCY**
($25.00 application fee may be assessed—see notice on reverse side)

| Name/Applicant | Party Represented (if applicant, enter "same") | | | DOB |
|---|---|---|---|---|
| Von Clark Davis | same | | | |
| Mailing Address | City | State | ZIP | |
| [illegible] Centerville-[illegible] | Youngstown | OH | 44505 | |
| Case No. | Phone | | Message Phone (within 48 hours) | |
| CA-2009-10-0263 | ( ) | | ( ) | |

| Name | D.O.B | Relationship | Name | D.O.B | Relationship |
|---|---|---|---|---|---|
| 1) N.a. | | | 3) N.a. | | |
| 2) n.a. | | | 4) n.a. | | |

| Type of Income | Applicant | Spouse (for Parents if applicant is a juvenile) | Other Household Members | Total |
|---|---|---|---|---|
| Employment (Gross) | 0 | 0 | 0 | 0 |
| Unemployment | | | | |
| Worker's Comp. | | | | |
| Pension/Social Security | | | | |
| Child Support | | | | |
| Works First/TANF | | | | |
| Disability | | | | |
| Other | 0 | 0 | 0 | |
| Employer's Name (for all household members) | | | A. TOTAL INCOME | $ 0 |
| Employer's Address | | | | Phone ( ) |

| Type of Expense | Amount | | | |
|---|---|---|---|---|
| Child Support Paid Out | 0 | | | |
| Child Care (if working only) | | Total Income – Allowable Expenses = Adjusted Total Income | | |
| Transportation for Work | | | | |
| Insurance | | A. TOTAL INCOME | $ | 0 |
| Medical/Dental | | - B. EXPENSES | $ | 0 |
| Medical & Associated Costs Of Caring for Infirm Family Members | | C. ADJUSTED TOTAL INCOME | $ | 0 |
| B. EXPENSES | $ 0 | | | |

| Type of Asset | Describe / Length of Ownership / Make, Model, Year (where applicable) | | | Estimated Value |
|---|---|---|---|---|
| Real Estate / Home | Price:$ | Date Purchased: | Amt. Owed:$ | 0 |
| Stocks / Bonds / CD's | | | | |
| Automobiles | | | | |
| Trucks / Boats / Motorcycles | | | | |
| Other Valuable Property | | | | |
| Cash on Hand | | | | |
| Money Owed to Applicant | | | | |
| Other | | | | |
| Checking Acct. (Bank / Acct. #) | | | | |
| Savings/MM Acct. (Bank / Acct. #) | | | | 0 |
| | | | D. TOTAL ASSETS | $ 0 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5699

| Type of Liability | Amount |
|---|---|
| Rent / Mortgage | 0 |
| Food | |
| Electric | |
| Gas | |
| Fuel | |
| Telephone | |
| Cable | |
| Water / Sewer / Trash | |
| Credit Cards | |
| Loans | |
| Taxes Owed | |
| Other | |
| E. LIABILITIES & OTHER EXPENSE | 0 |

C. ADJ. TOTAL INCOME    0

D. TOTAL ASSETS    0

E. LIABILITIES & OTHER    0

**$25.00 APPLICATION FEE NOTICE**

By submitting this Financial Disclosure Form/Affidavit of Indigency Form, you will be assessed a non-refundable $25.00 application fee unless waived or reduced by the court. If assessed, the fee is to be paid to the clerk of courts within seven (7) days of submitting this form to the court, the public defender, your appointed counsel or any other party who will make a determination regarding your indigency.

I, __Von Clark Davis__ (affiant) being duly sworn, say:

1. I am financially unable to retain private counsel without substantial hardship to me or my family.

2. I understand that I must inform the public defender or appointed attorney if my financial situation should change before the disposition of the case(s) for which representation is being provided.

3. I understand that if it is determined by the county, or by the Court, that legal representation should not have been provided, I may be required to reimburse the county for the costs of representation provided. Any action filed by the county to collect legal fees hereunder must be brought within two years form the last date legal representation was provided.

4. I understand that I am subject to criminal charges for providing false financial information in connection with the above application for legal representation pursuant to Ohio Revised Code Sections 120.05 and 2921.13.

5. I hereby certify that the information I have provided on this financial disclosure form is true to the best of my knowledge.

_Von Davis_                    _3/14/2011_
Affiant's Signature              Date

Notary Public/Individual duly authorized to administer oath:
Subscribed and duly sworn before me according to law, by the above named applicant this 14ᵀᴴ day of _March_, _2011_ at _Youngstown_, County of _Mahoning_, and State of _Ohio_.

_Scott Nowak_              _Notary Expires: March 26, 2015_
Signature of person administering oath          Title

I hereby certify that above-noted applicant is unable to fill out and/or sign this financial disclosure/affidavit for the following reason: _____.

I have determined that the applicant meets the criteria for receiving court appointed counsel.

_____          _____
Judge's Signature                  Date

OPD-206R rev. 9/2005

02/09/2010  09:31    6352077351                LAURENCE KOMP- ATTY                PAGE  02/02

FILED

2010 FEB 11  PM 1: 03

BUTLER COUNTY
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

     Appellee,                          :        Case No.  CR 1982 12-0614

vs.                                     :

VON CLARK DAVIS,                        :        Judge Daniel Andrew Nastoff

     Appellant.                         :

### ORDER

The Court being fully advised hereby GRANTS Defendant/Appellant's Motion
for Appointment of Counsel and Motion to Allow Appearance *Pro Hac Vice*. Laurence
Komp and John Parker, both Rule 20 Appellate Qualified, are appointed to represent Mr.
Davis on appeal. Alan Freedman is also appointed and permitted to appear *pro hac vice*
in this matter.

Judge Daniel Andrew Nastoff

*State v. Davis*
*Itemized Time*

| Date | Description | Amount of Time |
|------|-------------|----------------|
| 2/17/10 | Phone w/ John Parker & Alan Freedman | 0.3 |
| 2/19/10 | Start review of trial transcript | 3.5 |
| 2/23/10 | Phone w/ prosecutor's office | 0.2 |
| 3/15/10 | Continue review of trial transcript | 5.0 |
| 3/16/10 | Continue review trial transcript and trial court filings | 4.5 |
| 3/17/10 | Continue review trial court filings | 2.8 |
| 3/18/10 | Review notes develop potential issue list for appeal | 2.2 |
| 5/4/10 | Phone conference w/ co-counsel re: issues | 0.6 |
| 5/6/10 | Brief (research) | 2.0 |
| 5/7/10 | Brief (research/start draft) | 6.5 |
| 5/9/10 | Brief (continue draft) | 4.0 |
| 5/10/10 | Brief (continue draft); Review previous appellate briefs and re-review selected portions of trial court record | 8.0 |
| 5/11/10 | Brief (draft/edits) | 8.0 |
| 5/12/10 | Brief (research potential Baker issue; edits); Review previous mitigation hearing transcripts | 8.0 |
| 5/13/10 | Brief (edits) | 7.0 |
| 5/14/10 | Brief (final edits) | 1.5 |
| 6/10/10 | Client Visit | 1.0 |
| 6/11/10 | Letter to client; Rec/rev order | 0.2 |
| 7/2/10 | Phone w/ co-counsel; Rec/rev order | 0.2 |
| 7/23/10 | Rec/rev execution warrant | 0.1 |
| 7/26/10 | Draft/edit mtn for stay; phone w/ prosecutor's office | 1.2 |
| 7/27/10 | Final edits/file mtn for stay | 0.2 |
| 8/6/10 | Review state's brief | 1.7 |
| 8/17/10 | Research/review cases cite by state; start draft of reply | 6.5 |
| 8/18/10 | Draft Reply | 7.0 |
| 8/19/10 | Continue draft/edit reply | 4.5 |
| 8/20/10 | Final Edits to reply | 2.2 |
| 9/22/10 | Mtn for stay | 0.3 |
| 10/3/10 | Rec order denying stay | 0.1 |
| 10/13/10 | Review sample stay motions; Mtn for stay | 0.8 |
| 10/14/10 | Rec Order denying mtn for stay | 0.1 |
| 10/18/10 | Phone w/ co-co | 0.1 |
| 10/19/10 | Phone w/ co-co; start formatting stay materials | 1.5 |
| 10/20/10 | Stay of execution filings and materials | 3.5 |
| 10/21/10 | Edit Stay materials | 0.8 |
| 11/1/10 | Phone w/ co-co | 0.2 |
| 11/10/10 | Argument prep w/ co-co Freedman | 2.5 |
| 11/11/10 | Continue arg prep w/ Freedman (includes phone | 6.0 |

|          | conference w/ John Parker)                                   |     |
|----------|--------------------------------------------------------------|-----|
| 11/14/10 | Travel to Middletown from St. Louis; Meeting w/ co-co        | 7.5 |
| 11/15/10 | Oral argument; Return travel from Middletown to St. Louis    | 7.0 |
| 11/23/01 | Letter from/to client                                        | 0.2 |
| 12/16/10 | Letter to client                                             | 0.1 |
| 1/27/11  | Client visit                                                 | 0.8 |
| 2/22/11  | Review Opinion; Phone w/ co-co; Ltr to client                | 2.1 |
| 2/23/11  | Re-review opinion; Phone w/ co-co                            | 2.0 |



```
Date 11/15/10                                    Acct# P47846-00
Time 11:22                                       Room# 401
Page  1
                                                 Rate Code
                                                    Group
                                                 Room Type QNS
                                                 Room Rate    44.95

        KOMP/LAURENCE                            Arrive NOV 14 10 16:14
                                                 Depart NOV 15 10 11:22 MW


      POST OFFICE BOX 1785
      MANCHESTER       MO      63011

Payment MV                            Exp:    /

  Date    Description          Reference        Room    Charges    Credits

 NOV 14   ROOM CHARGE                                    44.95
 NOV 14   STATE TAX                                       2.81
 NOV 14   CITY TAX                                        1.35
 NOV 15   MASTER CARD / VISA    CHECKED-OUT                          49.11

                              Balance Due:                .00

I agree that my liability
for this bill is not waived.
      Authorized Signature
                              THANK YOU AND HAVE A WONDERFUL DAY!
```



**Laurence E. Komp**
Attorney at Law
P.O. Box 1785
Manchester, MO 63011
(636) 207 – 7330
lekomp@swbell.net

March 17, 2011

Mr. Bennett A. Manning, Esq.
Court Administrator,
12th District Court of Appeals
1001 Reinartz Blvd.
Middletown, Ohio 45042

Re: *State v. Davis*,
Case No. CA 2009-10-263

Dear Mr. Manning:

Enclosed find an original and two copies of a certification of attorneys fees for the above captioned matter. I have attached an affidavit of indigency and the original appointment entry, as well as an itemization of the time and receipts for claimed expenses. I have enclosed a W-9 form. If I can be of further assistance, please do not hesitate to contact me.

Sincerely,

Laurence E. Komp

Enc.

# The Supreme Court of Ohio

COURT OF APPEALS

FILED
APR 05 2011

CLERK OF COURT
SUPREME COURT OF OHIO

APR 08 2011

MARY L. SWAIN
CLERK OF COURTS

To the Clerk of Court of Appeals for

Butler _____ County,

Hamilton _____ , Ohio

ORDER TO CERTIFY IN
DEATH PENALTY CASE

S.C. Case No. _____ 2011-0538 _____
C.A. Case No. __ CA2009-10-263 __

**State of Ohio v. Von Clark Davis**

You are hereby ORDERED, pursuant to Rule 5.3, of the Rules of Practice of the Supreme Court of Ohio, to prepare and forward the record in the above-captioned case to the Clerk's Office of the Supreme Court, within 20 days of the date of this entry:

Pursuant to Rule 5.1 the record shall consist of the following:

- The original papers and exhibits to those papers;

- The transcript of proceedings, and computer diskettes of the transcript, if available; and

- A certified copy of the docket and journal entries prepared by the clerk of the court.

You are further ORDERED, pursuant to Rule 5.3, to number the documents and exhibits comprising the record; to prepare an index of the documents and exhibits, correspondingly numbered and identified with reasonable definiteness; to briefly describe all exhibits listed in the index; and to send a copy of the index to all counsel of record in the case and transmit the index with the record to the Clerk of the Supreme Court.

Maureen O'Connor
Chief Justice

# The Supreme Court of Ohio

Court of Appeals for

_____ County,

_____, Ohio

CERTIFICATE

S.C. Case No. _____

C.A. Case No. _____

_____

v.

_____

     In accordance with the order in the above Supreme Court case to transmit the record in the case, I hereby certify that the attached is the record in this case, consisting of the original papers and exhibits to those papers; the transcript of proceedings and exhibits, along with a computer diskette of the transcript, if available; and certified copies of the journal entries and the docket of the case.

     I further certify that an index is also attached which lists all items included in the record, and briefly describes all exhibits in the record.

     I further certify that I have sent a copy of the index to all counsel of record in this case.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name as Clerk of the Court of Appeals for _____ County, Ohio, and affixed the seal of the Court, on this _____ day of _____, 20 _____.

Clerk of the Court of Appeals in and for _____ County, Ohio

By _____ Deputy

# The Supreme Court of Ohio

**OFFICE OF THE CLERK**
65 SOUTH FRONT STREET, COLUMBUS, OH 43215-3431

CHIEF JUSTICE
MAUREEN O'CONNOR

JUSTICES
PAUL E. PFEIFER
EVELYN LUNDBERG STRATTON
TERRENCE O'DONNELL
JUDITH ANN LANZINGER
ROBERT R. CUPP
YVETTE MCGEE BROWN

CLERK OF THE COURT
KRISTINA D. FROST

TELEPHONE 614.387.9530
FACSIMILE 614.387.9539
www.supremecourt.ohio.gov

## N O T I C E

To the Clerk of Courts:

If the requested record will be hand-delivered, please contact me at (614) 387-9535 at least 24 hours in advance so I can make arrangements with building security regarding your arrival.

If you choose to mail the requested record, please limit each parcel or box to 50 pounds and ensure that each package is sufficiently secure to prevent loss of or damage to contents.

If you have any questions or require additional information, please feel free to contact me at the above-listed phone number. Thank you for your assistance and cooperation.

Sincerely,

Steve Kahler
Records Specialist

IN THE SUPREME COURT OF OHIO

# 11-0538

| | | |
|---|---|---|
| State of Ohio, | : | On Appeal from the Butler |
| | : | County Court of Appeals, |
| | : | Twelfth Appellate District |
| Appellee, | : | |
| | : | Court of Appeals |
| | : | Case No. CA2009-10-263 |
| v. | : | |
| | : | |
| | : | Death Penalty Appeal |
| | : | |
| Von Clark Davis | : | |
| | : | |
| Appellant. | : | |

## NOTICE OF APPEAL

John P. Parker (0041243)(Counsel of Record)
988 East 185th Street
Cleveland, Ohio 44119
216.881.0900
johnpparker@earthlink.net

Laurence E. Komp (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekomp@swbell.net

Counsel for Defendant

MICHAEL T. GMOSER
Butler County Prosecutor
MICHAEL A. OSTER
Assistant Prosecuting Attorney
Government Services Center
315 High St., 11th Floor
Hamilton, OH 45011



FILED
APR 04 2011
CLERK OF COURT
SUPREME COURT OF OHIO

<u>Notice of Appeal of Appellant Von Clark Davis</u>

Appellant Von Clark Davis hereby gives notice that he will appeal to the Supreme Court

of Ohio from the Opinion, Separate Opinion related to O.R.C. 2929.05(A), and Judgment Entry

of the Butler County Court of Appeals, Twelfth Appellate District, entered in Case No. CA 2009-

10-263 on February 22, 2011, denying Appellant's intermediate death penalty direct appeal of

right. A date-stamped Judgment Entry is attached as Attachment A. This case involves the

affirmance of the death penalty.

Pursuant to S.Ct. Prac. 15.3, Appellant attaches a copy of the entry of appointment in lieu

of an affidavit of indigency. Attachment B.

Respectfully submitted,

By: _John P. Parker_ _per auth_
John P. Parker, Counsel of Record

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing **Notice of Appeal** was mailed regular U.S. Mail to
Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government Services
Center, 315 High Street, Hamilton, Ohio 45011, on this the 4th day of April, 2011.

_John P. Parker_ _per auth_
John P. Parker (0041243)
COUNSEL FOR APPELLANT

 

MARY L.SWAIN                                    CLERK OF COURTS

                                                                I000003578

# The Supreme Court of Ohio

Court of Appeals for
Butler County, Ohio                    **CERTIFICATE**

                              S.C. Case No.    2011-0538

                              C.A. Case No.   CA 2009 10 0263

VON CLARK DAVIS
vs.
OHIO,STATE OF

     In accordance with the order in the above Supreme Court case to transmit the record in the case, I hereby certify that the attached is the record in this case, consisting of the original papers and exhibits to those papers; the transcript, if available; and certified copies of the journal entries and the docket of the case.

     I further certify that an index is also attached which lists all items included in the record, and briefly describes all exhibits in the record. Any items that are not being transmitted pursuant to the order of the Supreme Court are identified in the index.

     I further certify that I have sent a copy of the index to all counsel of record in this case.

                              IN **TESTIMONY WHEREOF**, I have hereunto
                              Subscribed my name as Clerk of Court of
                              Appeals for Butler County, Ohio, and
                              Affixed the seal of the Court on this day of
                              April 14, 2011

                              **MARY L. SWAIN**
                              Butler County Clerk of Courts


                              By:Renee Bruce
                              Deputy Clerk

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016
BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

 

MARY L. SWAIN                    CLERK OF COURTS


ORDER TO CERTIFY DEATH PENALTY CASE BY INTER-OFFICE COURIER

THIS ORDER WAS SERVED ON_____, 2011.


RECEIVED BY : _____

        SIGNATURE _____

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5714

CA 09-10-0263

**MARY L.SWAIN**  **CLERK OF COURTS**

ORDER TO CERTIFY DEATH PENALTY CASE BY INTER-OFFICE COURIER

THIS ORDER WAS SERVED ON ___April 14,_____, 2011.

RECEIVED BY : ___Steve Kanler___

SIGNATURE _____

FILED BUTLER CO.
COURT OF APPEALS

APR 14 2011

MARY L. SWAIN
CLERK OF COURTS

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

---

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5715

 

MARY L.SWAIN                                    CLERK OF COURTS

L000247955

# The Supreme Court of Ohio

Court of Appeals for
Butler County, Ohio                          **CERTIFICATE**

S.C. Case No.    2011-0538

C.A. Case No.    CA 2009 10 0263

VON CLARK DAVIS
vs.
OHIO,STATE OF

  In accordance with the order in the above Supreme Court case to transmit the record in
the case, I hereby certify that the attached is the record in this case, consisting of the original
papers and exhibits to those papers; the transcript, if available; and certified copies of the journal
entries and the docket of the case.

  I further certify that an index is also attached which lists all items included in the record,
and briefly describes all exhibits in the record.  Any items that are not being transmitted pursuant
to the order of the Supreme Court are identified in the index.

  I further certify that I have sent a copy of the index to all counsel of record in this case.

IN **TESTIMONY WHEREOF**, I have hereunto
Subscribed my name as Clerk of Court of
Appeals for Butler County, Ohio, and
Affixed the seal of the Court on this day of
April 19, 2011.

**MARY L. SWAIN**
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



2. Article Number

7160 3901 9849 2474 1083

3. Service Type  CERTIFIED MAIL

4. Restricted Delivery? *(Extra Fee)*  ☐ Yes

1. Article Addressed to:

SUPREME COURT OF OHIO
CLERKS OFFICE
65 S FRONT ST
COLUMBUS, OH 43215

CA 2009 10 0263

PS Form 3811, January 2005        Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature
X

D. Is delivery address different from item

RECEIVED

2011

CLERK OF COURT
SUPREME COURT OF OHIO

FILED BUTLER CO
COURT OF COMMON PLEAS

L000 2479 55

APR 25 2011

MARY L. SWAIN
CLERK OF COURTS