3/23/2015         Supreme Court of Ohio - Case Number 2011-0538

# The Supreme Court of Ohio & The Ohio Judicial System

Clerk's Office
65 South Front Street, 8th Floor
Columbus, Ohio 43215-3431
800.826.9010
614.387.9530

Sandra H. Grosko
Clerk

## Search Results: Case Number 2011-0538

# The Supreme Court of Ohio

## CASE INFORMATION

### GENERAL INFORMATION

**Case:** **2011-0538** Death Penalty Case (offense committed prior to 1/1/95)
**Filed:** 04/04/11
**Status:** Case Is Disposed

### State of Ohio v. Von Clark Davis

### PARTIES and ATTORNEYS

Davis, Von Clark (Appellant)

    Represented by:

        Parker, John (**41243**) , Counsel of Record

        Freedman, Alan (**0000000**)

        Komp, Laurence (**60142**)

State of Ohio (Appellee)

    Represented by:

        Oster, Michael (**76491**) , Counsel of Record

        Gmoser, Michael (**2132**)

### PRIOR JURISDICTION

| Jurisdiction Information | Prior Decision Date | Case Number(s) |
|---|---|---|
| Butler County, 12th District Court of Appeals | 02/22/2011 | CA2009\10263 |

### DOCKET ITEMS

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5718

- Most documents that were filed in Supreme Court cases after December 1, 2006, are scanned. They are available for viewing via the online dockets, generally within one business day from their date of filing.
- Supreme Court orders that were issued after January 1, 2007, are also available via the online docket as PDFs. Orders scanned prior to April 6, 2009, may not bear the signature of the Chief Justice. These online orders are identical to the original orders in all other respects.
- A ⬛ symbol in an online docket denotes a scanned filing or an electronic version of a Supreme Court order. Clicking the icon opens an image of the filing or order.

| Date Filed | Description |
|---|---|
| 04/04/11 ⬛View | **Notice of appeal of Von Clark Davis**<br>*Filed by:*   Davis, Von |
| 04/04/11 | **Copy of entry of appointment of counsel**<br>*Filed by:*   Davis, Von |
| 04/04/11 ⬛View | **Notice of appearance of John P. Parker and Laurence E. Komp**<br>*Filed by:*   Davis, Von |
| 04/05/11 | **Copy of notice of appeal sent to clerk of court of appeals** |
| 04/05/11 ⬛View | **Order to clerk of court/custodian to certify record** |
| 04/27/11 | **Record** |
| 04/27/11 | **Clerk's notice of filing of record** |
| 05/17/11 ⬛View | **Motion for admission pro hac vice of Alan M. Freedman**<br>*Filed by:*   Davis, Von |
| ⬛View | **06/17/11: Granted** |
| 05/31/11 ⬛View | **Stipulation to extension of time to 6/27/11 to file merit brief**<br>*Filed by:*   Davis, Von |
| 06/22/11 ⬛View | **Appellant's merit brief**<br>*Filed by:*   Davis, Von |
| 07/11/11 ⬛View | **Stipulation to extension of time to file merit brief to 8/11/11**<br>*Filed by:*   State of Ohio |
| 08/05/11 ⬛View | **Appellee's merit brief**<br>*Filed by:*   State of Ohio |
| 08/23/11 ⬛View | **Reply brief**<br>*Filed by:*   Davis, Von |
| 06/21/12 ⬛View | **List of additional authorities**<br>*Filed by:*   State of Ohio |
| 08/22/13 | **Oral argument scheduled for Tuesday, October 22, 2013** |
| 08/22/13 | **Notice of oral argument to be held Tuesday, October 22, 2013** |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5719

3/23/2015        Supreme Court of Ohio - Case Number 2011-0538

| | |
|---|---|
| View | |
| 10/09/13 View | **List of additional authorities** <br> *Filed by:* Davis, Von |
| 10/14/13 View | **List of additional authorities** <br> *Filed by:* State of Ohio |
| 10/22/13 | **Oral argument held** |
| 04/22/14 View | **DECISION: Affirmed. Execution scheduled to be carried out on Wednesday, August 17, 2016. See opinion at 2014-Ohio-1615 .** |
| 04/22/14 | **Copies of entry issued by certified mail** |
| 04/30/14 View | **Motion for reconsideration** <br> *Filed by:* Davis, Von |
| View | **07/09/14: Denied** |
| 05/12/14 View | **Memo opposing motion for reconsideration** <br> *Filed by:* State of Ohio |
| 07/09/14 | **Certified copy of judgment entry/mandate sent to clerk** |
| 07/09/14 | **Copy of reconsideration entry sent to clerk** |
| 07/09/14 | **Copies of entry issued by certified mail** |
| 07/09/14 View | **Motion for stay of execution of death sentence pending disposition of available state remedies** <br> *Filed by:* Davis, Von |
| View | **07/24/14: Granted; stay shall remain in effect until exhaustion of all state post-conviction proceedings.** |
| 07/18/14 View | **Motion for adjusted hourly fee rate** <br> *Filed by:* Davis, Von |
| 07/18/14 | **Application for attorney fees of John P. Parker** |
| View | **08/15/14: Granted in the amount of $1,711.21** |
| 07/18/14 | **Personal Identifier Form – Application for Attorney Fees** |
| 07/21/14 | **Application for attorney fees of Laurence E. Komp** |
| View | **08/15/14: Granted in the amount of $8,640.98** |
| 07/21/14 | **Personal Identifier Form – Application for Attorney Fees** |
| 07/24/14 | **Copies of entry issued by certified mail** |
| 09/29/14 View | **Notice of extension of time to file petition for writ of certiorari in the U.S. Supreme Court** |
| 12/12/14 View | **Notice of filing petition for certiorari in U.S.S.C.** <br> *Filed by:* Davis, Von |
| 03/05/15 View | **Notice of U.S.S.C. denial of petition for writ of certiorari** |

Case: 2:16-cv-00495-SJD-MRM Doc #: 4-43 Filed: 08/08/16 Page: 4 of 222  PAGEID #: 5755


3/23/2015                           Supreme Court of Ohio - Case Number 2011-0538

.

[ Back ]

---

**Question or Comments?**                                                    ECMS Online 1.2.9

**Home | Contact Us | Search | Feedback | Site Policy | Terms of Use | Career Opportunities**

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5721

IN THE SUPREME COURT OF OHIO

**11-0538**

| | | |
|---|---|---|
| State of Ohio, | : | On Appeal from the Butler |
| | : | County Court of Appeals, |
| | : | Twelfth Appellate District |
| Appellee, | : | |
| | : | Court of Appeals |
| | : | Case No. CA2009-10-263 |
| v. | : | |
| | : | |
| | : | Death Penalty Appeal |
| | : | |
| Von Clark Davis | : | |
| | : | |
| Appellant. | : | |

## NOTICE OF APPEAL

John P. Parker (0041243)(Counsel of Record)
988 East 185th Street
Cleveland, Ohio 44119
216.881.0900
johnpparker@earthlink.net

Laurence E. Komp (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekomp@swbell.net

Counsel for Defendant

MICHAEL T. GMOSER
Butler County Prosecutor
MICHAEL A. OSTER
Assistant Prosecuting Attorney
Government Services Center
315 High St., 11th Floor
Hamilton, OH 45011



FILED

APR 04 2011

CLERK OF COURT
SUPREME COURT OF OHIO

Notice of Appeal of Appellant Von Clark Davis

Appellant Von Clark Davis hereby gives notice that he will appeal to the Supreme Court

of Ohio from the Opinion, Separate Opinion related to O.R.C. 2929.05(A), and Judgment Entry

of the Butler County Court of Appeals, Twelfth Appellate District, entered in Case No. CA 2009-

10-263 on February 22, 2011, denying Appellant's intermediate death penalty direct appeal of

right. A date-stamped Judgment Entry is attached as Attachment A. This case involves the

affirmance of the death penalty.

Pursuant to S.Ct. Prac. 15.3, Appellant attaches a copy of the entry of appointment in lieu

of an affidavit of indigency. Attachment B.

Respectfully submitted,

By: _John P. Parker_ Appr ault

John P. Parker, Counsel of Record

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing **Notice of Appeal** was mailed regular U.S. Mail to
Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government Services
Center, 315 High Street, Hamilton, Ohio 45011, on this the 4th day of April, 2011.

_John P. Parker_ App per auth

John P. Parker (0041243)
COUNSEL FOR APPELLANT

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,             :          CASE NO. CA2009-10-263

                                    :          JUDGMENT ENTRY

- vs -                                  FILED BUTLER CO.
                                    COURT OF APPEALS
                                    :

VON CLARK DAVIS,                        FEB 2 2 2011

    Defendant-Appellant.            :

                                    CLERK OF COURTS

        The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

        It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.

        Costs to be taxed in compliance with App.R. 24.



_____
Stephen W. Powell, Presiding Judge


_____
Robert P. Ringland, Judge


_____
Robert A. Hendrickson, Judge


**ATTACHMENT
A**

ORIGINAL

02/09/2010 09:31 6362077351

LAURENCE KOMP- ATTY

PAGE 02/02

11-0538

FILED

'10 FEB 11 PM 1:03

BUTLER COUNTY
CLERK OF COURTS

#### IN THE COURT OF COMMON PLEAS
#### BUTLER COUNTY, OHIO

STATE OF OHIO,       :

      Appellee,       :       Case No. CR 1982 12-0614

vs.       :

VON CLARK DAVIS,       :       **Judge Daniel Andrew Nastoff**

      Appellant.       :

#### ORDER

The Court being fully advised hereby GRANTS Defendant/Appellant's Motion for Appointment of Counsel and Motion to Allow Appearance *Pro Hac Vice*. Laurence Komp and John Parker, both Rule 20 Appellate Qualified, are appointed to represent Mr. Davis on appeal. Alan Freedman is also appointed and permitted to appear *pro hac vice* in this matter.

**Judge Daniel Andrew Nastoff**





**ORIGINAL**

No. _____    **11-0538**

---

### In The Supreme Court Of Ohio

---

STATE OF OHIO,

*Plaintiff-Appellee,*

v.

VON CLARK DAVIS,

*Defendant-Appellant.*

---

### NOTICE OF APPEARANCE

---

John P. Parker (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900

Laurence E. Komp (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekomp@swbell.net

MICHAEL T. GMOSER
Butler County Prosecutor
MICHAEL A. OSTER
Assistant Prosecuting Attorney
Governtment Services Center
315 High St., 11th Floor
Hamilton, OH 45011
(513) 887-3474

COUNSEL FOR APPELLANT DAVIS

COUNSEL FOR APPELLEE



FILED

APR 04 2011

CLERK OF COURT
SUPREME COURT OF OHIO

IN THE SUPREME COURT OF OHIO

STATE OF OHIO                    )     Case No. _____
                                 )
    Plaintiff-Appellee,          )     On Appeal form the Butler
                                 )     County Court of Appeals, Twelfth
    v.                           )     Appellate District Court of Appeals
                                 )     No. CA2009-10-263
VON CLARK DAVIS,                 )
                                 )
    Defendant-Appellant.         )

---

### NOTICE OF APPEARANCE

---

Now comes counsel for Appellant and submits a notice of appearance in this case. John P. Parker and Laurence E. Komp enter their appearance as counsel of record for Appellant.

Respectfully submitted,

_John P. Parker_

John P. Parker (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900

-and-

Laurence E. Komp (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekomp@swbell.net

COUNSEL FOR VON CLARK DAVIS

1

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing **NOTICE OF APPEARANCE** was mailed regular U.S. Mail to Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorney at the Government Services Center, 315 High Street, Hamilton, Ohio 45011, on this the 4th day of April, 2011.

John P. Parker (0041243)
COUNSEL FOR APPELLANT

2

# The Supreme Court of Ohio

FILED

APR 05 2011

CLERK OF COURT
SUPREME COURT OF OHIO

To the Clerk of Court of Appeals for

Butler_____County,          ORDER TO CERTIFY IN
                                               DEATH PENALTY CASE
Hamilton_____, Ohio
                                               S.C. Case No._____2011-0538_____
                                               C.A. Case No.___CA2009-10-263___

**State of Ohio v. Von Clark Davis**

You are hereby ORDERED, pursuant to Rule 5.3, of the Rules of Practice of the Supreme Court
of Ohio, to prepare and forward the record in the above-captioned case to the Clerk's Office of
the Supreme Court, within 20 days of the date of this entry:

Pursuant to Rule 5.1 the record shall consist of the following:

- The original papers and exhibits to those papers;

- The transcript of proceedings, and computer diskettes of the transcript, if available; and

- A certified copy of the docket and journal entries prepared by the clerk of the court.

You are further ORDERED, pursuant to Rule 5.3, to number the documents and exhibits
comprising the record; to prepare an index of the documents and exhibits, correspondingly
numbered and identified with reasonable definiteness; to briefly describe all exhibits listed in the
index; and to send a copy of the index to all counsel of record in the case and transmit the index
with the record to the Clerk of the Supreme Court.

Maureen O'Connor
Chief Justice

# The Supreme Court of Ohio

Court of Appeals for

_____ County,

_____, Ohio

**CERTIFICATE**

S.C. Case No. _____

C.A. Case No. _____

_____

v.

_____

In accordance with the order in the above Supreme Court case to transmit the record in the case, I hereby certify that the attached is the record in this case, consisting of the original papers and exhibits to those papers; the transcript of proceedings and exhibits, along with a computer diskette of the transcript, if available; and certified copies of the journal entries and the docket of the case.

I further certify that an index is also attached which lists all items included in the record, and briefly describes all exhibits in the record.

I further certify that I have sent a copy of the index to all counsel of record in this case.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name as Clerk of the Court of Appeals for _____ County, Ohio, and affixed the seal of the Court, on this _____ day of _____, 20 _____.

Clerk of the Court of Appeals in and for _____ County, Ohio

By _____ Deputy

# The Supreme Court of Ohio

### OFFICE OF THE CLERK
65 SOUTH FRONT STREET, COLUMBUS, OH 43215-3431

CHIEF JUSTICE
MAUREEN O'CONNOR

CLERK OF THE COURT
KRISTINA D. FROST

JUSTICES
PAUL E. PFEIFER
EVELYN LUNDBERG STRATTON
TERRENCE O'DONNELL
JUDITH ANN LANZINGER
ROBERT R. CUPP
YVETTE MCGEE BROWN

TELEPHONE 614.387.9530
FACSIMILE 614.387.9539
www.supremecourt.ohio.gov

## NOTICE

To the Clerk of Courts:

If the requested record will be hand-delivered, please contact me at (614) 387-9535 at least 24 hours in advance so I can make arrangements with building security regarding your arrival.

If you choose to mail the requested record, please limit each parcel or box to 50 pounds and ensure that each package is sufficiently secure to prevent loss of or damage to contents.

If you have any questions or require additional information, please feel free to contact me at the above-listed phone number. Thank you for your assistance and cooperation.

Sincerely,

Steve Kahler
Records Specialist

MARY L.SWAIN  CLERK OF COURTS

L000247955

# The Supreme Court of Ohio

Court of Appeals for
Butler County, Ohio

**CERTIFICATE**

S.C. Case No.   2011-0538

C.A. Case No.   CA 2009 10 0263

VON CLARK DAVIS
vs.
OHIO,STATE OF

   In accordance with the order in the above Supreme Court case to transmit the record in the case, I hereby certify that the attached is the record in this case, consisting of the original papers and exhibits to those papers; the transcript, if available; and certified copies of the journal entries and the docket of the case.

   I further certify that an index is also attached which lists all items included in the record, and briefly describes all exhibits in the record. Any items that are not being transmitted pursuant to the order of the Supreme Court are identified in the index.

   I further certify that I have sent a copy of the index to all counsel of record in this case.



IN TESTIMONY WHEREOF, I have hereunto
Subscribed my name as Clerk of Court of
Appeals for Butler County, Ohio, and
Affixed the seal of the Court on this day of
April 19, 2011.

**MARY L. SWAIN**
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5732



MARY L.SWAIN  CLERK OF COURTS

1000003578

# The Supreme Court of Ohio

Court of Appeals for
Butler County, Ohio

**CERTIFICATE**

S.C. Case No.  2011-0538

C.A. Case No.  CA 2009 10 0263

VON CLARK DAVIS
vs.
OHIO,STATE OF

    In accordance with the order in the above Supreme Court case to transmit the record in
the case, I hereby certify that the attached is the record in this case, consisting of the original
papers and exhibits to those papers; the transcript, if available; and certified copies of the journal
entries and the docket of the case.

    I further certify that an index is also attached which lists all items included in the record,
and briefly describes all exhibits in the record. Any items that are not being transmitted pursuant
to the order of the Supreme Court are identified in the index.

    I further certify that I have sent a copy of the index to all counsel of record in this case.



IN TESTIMONY WHEREOF, I have hereunto
Subscribed my name as Clerk of Court of
Appeals for Butler County, Ohio, and
Affixed the seal of the Court on this day of
April 14, 2011.

**MARY L. SWAIN**
Butler County Clerk of Courts

By:Renee Bruce
Deputy Clerk



FILED

APR 27 2011

CLERK OF COURT
SUPREME COURT OF OHIO

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

# The Supreme Court of Ohio

**OFFICE OF THE CLERK**
65 SOUTH FRONT STREET, COLUMBUS, OH 43215-3431

CHIEF JUSTICE
MAUREEN O'CONNOR

JUSTICES
PAUL E. PFEIFER
EVELYN LUNDBERG STRATTON
TERRENCE O'DONNELL
JUDITH ANN LANZINGER
ROBERT R. CUPP
YVETTE MCGEE BROWN

CLERK OF THE COURT
KRISTINA D. FROST

TELEPHONE 614.387.9530
FACSIMILE 614.387.9539
www.supremecourt.ohio.gov

April 27, 2011

Michael Allan Oster Jr.
315 High St., 11th Floor
Hamilton, OH 45011

Re: 2011-0538
State of Ohio
v.
Von Clark Davis

Dear Michael Allan Oster Jr.:

      This is to notify you that the record in the above-styled case was filed with the Clerk's Office on Wednesday, April 27, 2011.

      If, after reviewing the Supreme Court Rules of Practice, you have any questions about filing deadlines in the case, please feel free to call a deputy clerk at (614) 387-9530.

Sincerely,

Steve Kahler
Records Specialist

FILED

APR 27 2011

CLERK OF COURT
SUPREME COURT OF OHIO

# The Supreme Court of Ohio

**OFFICE OF THE CLERK**
65 SOUTH FRONT STREET, COLUMBUS, OH 43215-3431

CHIEF JUSTICE
MAUREEN O'CONNOR

JUSTICES
PAUL E. PFEIFER
EVELYN LUNDBERG STRATTON
TERRENCE O'DONNELL
JUDITH ANN LANZINGER
ROBERT R. CUPP
YVETTE MCGEE BROWN

CLERK OF THE COURT
KRISTINA D. FROST

TELEPHONE 614.387.9530
FACSIMILE 614.387.9539
www.supremecourt.ohio.gov

April 27, 2011

John Patrick Parker
988 East 185th Street
Cleveland, OH 44119

Re: 2011-0538
State of Ohio
v.
Von Clark Davis

Dear John Patrick Parker:

    This is to notify you that the record in the above-styled case was filed with the Clerk's Office on Wednesday, April 27, 2011.

    If, after reviewing the Supreme Court Rules of Practice, you have any questions about filing deadlines in the case, please feel free to call a deputy clerk at (614) 387-9530.

                Sincerely,

                Steve Kahler
                Records Specialist

CRTR5925                                    Detail

| Case Number | Status | Judge |
|---|---|---|
| CR 1983 12 0614 | Closed | CREHAN, Honorable MATTHEW |

| In The Matter Of | Action |
|---|---|
| STATE OF OHIO VS DAVIS, VON CLARK | AGGRAVATED MURDER 2901.01 A |

| Party | | Attorneys |
|---|---|---|
| DAVIS, VON CLARK | DFNDT | SHANKS, MICHAEL D |
| | | 110 NORTH THIRD STREET |
| | | HAMILTON, OH 45011 |
| DAVIS, CLARK | AKA | |
| | | GARRETSON, JOHN A |
| | | 616 DAYTON STREET |
| | | HAMILTON, OH 45011 |
| VON DAVIS, CLARK | AKA | |
| | | KOMP, LAURENCE |
| | | ATTORNEY AT LAW |
| | | PO BOX 1785 |
| | | MANCHESTER, MI 63011 |
| | | COOK, MELYNDA |
| | | REPPER, PAGAN & COOK LTD |
| | | 1501 FIRST AVENUE |
| | | MIDDLETOWN, OH 45044 |
| | | EVANS, TIMOTHY R |
| | | 29 NORTH "D" STREET |
| | | HAMILTON, OH 45013 |
| | | PORTER, RANDALL L |
| | | OFFICE OF THE OHIO PUBLIC DEFENDER |
| | | 250 EAST BROAD STREET SUITE 1400 |
| | | COLUMBUS, OH 43215 |
| BUTLER Victim, SUZETTE | VICT | |
| HAMILTON POLICE DEPT | WIT | |
| CUSTODIAN OF RECORDS | | |
| 31 SOUTH FRONT ST | | |
| HAMILTON, OH 45011 | | |
| COLEMAN, WADE | WIT | |
| HAMILTON, OH 45011 | | |
| WILLIAMS, RONNIE D | WIT | |
| HAMILTON, OH 45013 | | |
| BRYANT, MONA ALDRIDGE | WIT | |
| MIDDLETOWN, OH 45044 | | |
| LOVETT, MARK | WIT | |
| MIDDLETOWN, OH 45044 | | |
| ENMARK, COZETTA MASSEY | WIT | |
| CINTI, OH 45204 | | |

CRTR5925                                    Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

MCCREARY, JODAWNA SOUTHERN              WIT

CINCINNATI, OH 45231


DENMARK, REGINALD                      WIT

CINCINNATI, OH 45214


FURMON, CHARLES R                      WIT

HAMILTON, OH 45013


CARPENTER, RICHARD R                   WIT

HAMILTON, OH 45011


BRANDABUR, Dr JOSEPH H                 WIT
BUTLER COUNTY CORONER'S OFFICE
300 N 'F' STREET
HAMILTON, OH 45011


CUNNINGHAM, LESLIE                     WIT

TROTWOOD, OH 45246


NOWACK, SCOTT                          WIT
C/O OHIO STATE PENITENTIARY
878 COITSVILLE HUBBARD RD
YOUNGSTOWN, OH 44505


TIPTON, ALLUSTER                       WIT

FOREST PARK, OH 45240


SMITH, CAROL A                         WIT

FOREST PARK, OH 45240


TIPTON, CHARLES                        WIT

CINCINNATI, OH 45240


DAVIS, VICTOR L                        WIT

HAMILTON, OH 45011


DAVIS, ELLIOT BUTCH                    WIT

HAMILTON, OH 45011


DAVIS, SHERRY                          WIT

FOREST PARK, OH 45240


NOWACK, SCOTT                          WIT
C/O OHIO STATE PENITENTIARY

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

YOUNGSTOWN, OH 44505


ROTUNDO, RICK                    WIT

LOVELAND, OH 45140


FLOWERS, DELBERT                 WIT

GAITHERSBURG, MD 20878


MAUSSEN, CYNTHIA                 WIT
ADULT PAROLE AUTHORITY
770 WEST BROAD ST
COLUMBUS, OH 43215


STINEMAN, JEROME                 WIT


CINCINNATI, OH 45208


MAUSSER, CYNTHIA                 WIT
C/O OHIO PAROLE BOARD
770 WEST BROAD ST
COLUMBUS, OH 43222


NOWACK, SCOTT                    WIT
C/O OHIO STATE PENITENTIARY
878 COITSVILLE HUBBARD RD
YOUNGSTOWN, OH 44505


SMITH, CAROL A                   WIT

FOREST PARK, OH 45240


STINEMAN, JEROME                 WIT


CINCINNATI, OH 45208


ROTUNDO, RICK                    WIT

LOVELAND, OH 45140


DAVIS, SHERRY                    WIT

FOREST PARK, OH 45240


TIPTON, ALLUSTER                 WIT

FOREST PARK, OH 45240


DAVIS, VICTOR                    WIT

HAMILTON, OH 45013

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5738

RTR5925                          Detail

R 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
▬▬▬▬▬▬
AMILTON, OH 45011


URMON, CHARLES R                 WIT
▬▬▬▬▬
AMILTON, OH 45013


RANDABUR, Dr JOSEPH H            WIT
UTLER COUNTY CORONER'S OFFICE
00 N "F" STREET
AMILTON, OH 45011


INK, LISA                        WIT
▬▬▬▬▬
INTI, OH 45239


UPREME COURT OF OHIO             OTHER
LERKS OFFICE
5 SOUTH FRONT ST  8TH FLOOR
OLUMBUS, OH 43215


UTLER COUNTY PROSECUTORS OFFICE  OTHER
15 HIGH ST, 11TH FLOOR
TTN MIKE OSTER
AMILTON, OH 45011


ASTOFF Judge, ANDREW             OTHER
OVERNMENT SERVICES CENTER
15 HIGH STREET 3RD FLOOR
AMILTON, OH 45011


UTLER COUNTY SHERIFF             OTHER
J5 HANOVER ST
AMILTON, OH 45011


OUTHERN OHIO CORRECTIONAL FACILITY OTHER
JCASVILLE, OH 45699

| pened      | Disposed   | Case Type |
|------------|------------|-----------|
| 3/22/1983  | Conviction | CRIMINAL  |

omments:    victim Suzette Butler CA84060071/CA89090123
            CA95 07 0124  CA2006 04 0111 prior Murder CR
            21655 Ernestine Davis

| large:      | 2901.01A                        | Speed: | Zone: |
|-------------|---------------------------------|--------|-------|

escription:  AGGRAVATED MURDER 2901.01 A

ind Chrg.

escription:


sposition:  JUDGEMENT of         Disposition Date:  06/19/1984
            CONVICTION =
            BCI-JUD-CDN 310

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5739

CRTR5925                            Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

Sentence:
Amount:                     Traffic Points:        Restrictions:

License Suspended Days:      Start Date:            End Date:

Jail Time:                   Start Date:            End Date:


Suspended:
Amount:

License Suspended Days:

Jail Time:

Probation:
Type:

Probation Officer:

Days on Probation:          Start Date:            End Date:

Comments:
Charge:      2923.13                               Speed:        Zone:

Description:  WEAPONS UNDER DISABILITY 2923.13

Amnd Chrg:

Description:


Disposition: JUDGEMENT of          Disposition Date:  06/19/1984
             CONVICTION =
             BCI-JUD-CDN 310

Plea:                       Decision: FOUND GUILTY

Sentence:
Amount:                     Traffic Points:        Restrictions:

License Suspended Days:      Start Date:            End Date:

Jail Time:                   Start Date:            End Date:


Suspended:
Amount:

License Suspended Days:

Jail Time:

Probation:
Type:

Probation Officer:

Days on Probation:          Start Date:            End Date:

Comments:
Charge:      2901.01                               Speed:        Zone:

Description:  MURDER FIRST DEGREE 2901.01

Amnd Chrg:

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK


Disposition: JUDGEMENT of         Disposition Date: 06/19/1984
             CONVICTION =
             BCI-JUD-CDN 310

Plea: NOT GUILTY                  Decision: FOUND GUILTY

Sentence:
Amount:                  Traffic Points:      Restrictions:

License Suspended Days:  Start Date:          End Date:

Jail Time:               Start Date:          End Date:

Suspended:
Amount:

License Suspended Days:

Jail Time:

Probation:
Type:

Probation Officer:

Days on Probation:       Start Date:          End Date:

Comments:

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| | 12/22/83 | HAMILTON MUNICIPAL COURT LOWER COURT FEES ✓ 1<br>transcript bindover | | 0.00 |
| | 12/22/83 | JOURNAL ENTRY - NO BOND DOLLARS FILED ✓ 2 | 2.00 | 2.00 |
| | 12/22/83 | COST BILL | 43.30 | 43.30 |
| | 12/22/83 | CLERKS COMPUTER FEE - $10 FUND 111 | 10.00 | 10.00 |
| | 12/22/83 | TRANSCRIPT(S) FILED (duplicate sent to<br>County Prosecutor )+ Special Project Fee<br>$75 | 60.00 | 60.00 |
| | 01/06/84 | NOTICE TO SUPREME COURT OF OHIO OF FILING ✓ 3<br>OF INDICTMENT CHARGING AGGRAVATED MURDER<br>WITH SPECIFICATION(S) OF AGGRAVATING<br>CIRCUMSTANCES (R.C. 2929.021(A) | 0.00 | 0.00 |
| | 01/06/84 | SUMMONS ON INDICTMENT OR INFORMATION | 60.00 | 60.00 |
| | 01/06/84 | copy of Indictment scanned & forwarded to<br>case file folder | | 0.00 |

CRTR5925                                      Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 1 | 01/06/84 | PROSECUTING ATTORNEY'S REQUEST FOR ISSUANCE OF SUMMONS UPON INDICTMENT FILED PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |
| 0 | 01/09/84 | RETURN-PERSONAL SERVICE OF SUMMONS ON INDICTMENT | 2.65 | 2.65 |
| 1 | 01/11/84 | RETURN RECEIPT OF CERTIFIED MAIL (SEE IMAGE) | 1.65 | 1.65 |
| 2 | 01/13/84 | INDICTMENT SCANNED; DEFENDANT ARRAIGNED PLEADS NOT GUILTY | 4.00 | 4.00 |
| 3 | 01/17/84 | MOTION TO SEVER FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 4 | 01/17/84 | MOTION FOR BILL OF PARTICULARS FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 5 | 01/17/84 | MOTION FOR CHANGE OF VENUE FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 6 | 01/17/84 | MOTION TO VIEW THE SCENE FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 7 | 01/17/84 | MOTION TO DISMISS AND TO INSPECT GRAND JURY TRANSCRIPT FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 8 | 01/20/84 | MEMORANDUM IN OPPOSITION TO MOTION FOR CHANGE OF VENUE FILED ASST PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | 0.00 | 0.00 |
| 9 | 01/20/84 | MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS AND TO INSPECT GRAND JURY TRANSCRIPT FILED  ASST PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | 0.00 | 0.00 |
| 0 | 01/20/84 | MEMORANDUM IN OPPOSITION TO MOTION TO SEVER COUNTS FILED PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | 0.00 | 0.00 |
| 1 | 01/26/84 | ENTRY SCHEDULING PRETRIAL HEARING AND CONTINUING TRIAL DATE | 2.00 | 2.00 |
| 2 | 01/26/84 | MEMORANDUM IN SUPPORT OF MOTION TO SEVER FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |

CRTR5925                    Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 23 | 01/26/84 | MEMORANDUM IN SUPPORT OF MOTION FOR CHANGE OF VENUE FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 24 | 02/01/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 6.00 | 6.00 |
| 25 | 02/01/84 | MOTION FOR DISCOVERY FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 26 | 02/01/84 | MOTION TO BIFURCATE TRIAL/MOTION IN LIMINE AND MEMORANDUM FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 27 | 02/01/84 | MOTION TO PROHIBIT DEATH QUALIFICATION OF THE JURY AND MEMORANDUM FILED ATTY: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 28 | 02/02/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 29 | 02/03/84 | MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE RE: DEATH QUALIFICATION OF JURORS FILED ASST PROS ATTY: SAGE, MICHAEL J | 0.00 | 0.00 |
| 30 | 02/08/84 | STATE'S ANSWER TO DEFT'S REQUEST FOR DISCOVERY FILED ASST PROS ATTY: SAGE, MICHAEL J | 0.00 | 0.00 |
| 31 | 02/08/84 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |
| 32 | 02/08/84 | JOURNAL ENTRY - ORDER FILED | 2.00 | 2.00 |
| 33 | 02/09/84 | BILL OF PARTICULARS FILED PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |
| 34 | 02/13/84 | RETURN RECEIPTS OF CERTIFIED MAIL OF KARLA STANLEY AND DICK PERRY | 0.00 | 0.00 |
| 35 | 02/14/84 | JOURNAL ENTRY - INDICTMENT FOR AGGRAVATED - MURDER (WITH SPECS) DEFT INDIGENT COURT ASSIGNS MICHAEL D SHANKS AND JOHN GARRETTSON TO DEFEND | 2.00 | 2.00 |
| 36 | 02/14/84 | MOTION TO APPOINT COUNSEL FILED Attorney: SHANKS, MICHAEL D | 0.00 | 0.00 |
| 37 | 02/14/84 | AFFIDAVIT OF VON CLARK DAVIS | 0.00 | 0.00 |
| 38 | 02/15/84 | JOURNAL ENTRY - CERTIFICATE FILED | 2.00 | 2.00 |

RTR5925                          Detail

R 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 9 | 02/15/84 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON ✓41<br>: (SEE IMAGES) | 9.60 | 9.60 |
| 0 | 02/24/84 | ENTRY FILED    ✓43 + 42 | 2.00 | 2.00 |
| 1 | 02/24/84 | ENTRY ORDERING SPECIAL VENIRE PURSUANT TO ✓44<br>O R C 2945.18 | 2.00 | 2.00 |
| 2 | 03/05/84 | RETURN OF NOTICE TO SUPREME COURT OF OHIO ✓45<br>OF FILING OF INDICTMENT CHARGING<br>AGGRAVATED MURDER WITH SPECIFICATION(S) OF<br>AGGRAVATING CIRCUMSTANCES (R.C.<br>2929.021(A), SUPREME COURT CASE #CC84-4,<br>FILED 1-10-84 | 0.00 | 0.00 |
| 3 | 03/20/84 | CERTIFIED COPIES OF RETURNED - PERSONAL<br>SERVICE OF VENIRE FOR SPECIAL PETIT<br>JURORS: UPON: (SEE IMAGES) | 0.00 | 0.00 |
| 4 | 03/22/84 | PERSONAL SERVICE OF SPECIAL VENIRES: UPON: ✓46<br>JURORS (SEE IMAGE) | 0.00 | 0.00 |
| 5 | 04/20/84 | ENTRY ORDERING ADDITIONAL SPECIAL VENIRE ✓47<br>PURSUANT TO G R C 2945.19 FILED | 2.00 | 2.00 |
| 6 | 04/20/84 | SUPPLEMENTAL DISCOVERY FILED Attorney: ✓48<br>SAGE, MICHAEL J | 0.00 | 0.00 |
| 7 | 04/23/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 8 | 04/25/84 | DEFT'S RESPONSE TO PLTF'S MOTION FOR    ✓51<br>DISCOVERY FILED Attorney: SHANKS, MICHAEL D | 0.00 | 0.00 |
| 9 | 04/26/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 8.00 | 8.00 |
| 0 | 04/26/84 | AMENDED RESPONSE TO PLTF'S FOR DISCOVERY ✓54<br>FILED Attorney: SHANKS, MICHAEL D | 0.00 | 0.00 |
| 1 | 04/27/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 2 | 04/27/84 | ELECTION BY DEFT PURSUANT TO SECTION    ✓58<br>2929.022 OF THE OHIO REVISED CODE FILED<br>Attorney: SHANKS, MICHAEL D AND<br>Attorney: GARRETSON, JOHN A | 0.00 | 0.00 |

RTR5925                                    Detail

R 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| o. | Date of | Pleadings Filed, Orders and Decrees | Amount Owed/ | Balance Due |
|----|---------|--------------------------------------|--------------|-------------|
|    |         | Journal Book-Page-Nbr    Ref Nbr    | Amount Dismissed | |

3  04/27/84 MOTION TO HAVE REASONS FOR DEFENSE **59** ✓     0.00        0.00
            OBJECTIONS AND REASONS FOR OVERRULING
            DEFENSE OBJECTIONS PLACED ON RECORD WITH
            MEMORANDUM IN SUPPORT FILED Attorney:
            SHANKS, MICHAEL D (18906) AND Attorney:
            GARRETSON, JOHN A

4  04/27/84 MOTION FOR NOTICE OF PROSPECTIVE    ✓**60**     0.00        0.00
            THREE-JUDGE PANEL FILED Attorney: SHANKS,
            MICHAEL D AND Attorney: GARRETSON, JOHN A

5  04/27/84 MOTION TO INCREASE THE BURDEN OF PROOF TO      0.00        0.00
            BEYOND ALL DOUBT FILED Attorney: SHANKS, ✓**64**
            MICHAEL D AND Attorney: GARRETSON, JOHN A

6  04/27/84 MOTION FOR PRETRIAL HEARINGS FILED            0.00        0.00
            Attorney: SHANKS, MICHAEL D (18906) AND ✓**63**
            Attorney: GARRETSON, JOHN A (00831)

7  04/27/84 MOTION FOR RULING ON NUMBER OF PEREMPTORY     0.00        0.00
            CHALLENGES FILED Attorney: SHANKS, MICHAEL ✓**61**
            D (18906) AND Attorney: GARRETSON, JOHN A
            (00831)

8  04/27/84 MOTION TO RECORD ALL PROCEEDINGS FILED ✓**62** 0.00        0.00
            Attorney: SHANKS, MICHAEL D (18906) AND
            Attorney: GARRETSON, JOHN A (00831)

9  04/27/84 MOTION TO COMPEL PROSECUTOR TO DISCLOSE       0.00        0.00
            DEATH PENALTY DATA FILED Attorney: SHANKS,
            MICHAEL D (18906) AND ✓**66**
            Attorney: GARRETSON, JOHN A (00831)

0  04/27/84 MOTION FOR PRETRIAL DISCLOSURE OF THE         0.00        0.00
            PROSECUTING WITNESSES' WRITTEN OR RECORDED
            STATEMENTS FILED Attorney: SHANKS, MICHAEL ✓**65**
            D (18906) AND Attorney: GARRETSON, JOHN A
            (00831)

1  04/27/84 MOTION TO COMPEL DISCLOSURE OF PROSECUTING    0.00        0.00
            ATTORNEY'S JURY SELECTION DATA FILED
            Attorney: SHANKS, MICHAEL D (18906) AND ✓**67**
            Attorney: GARRETSON, JOHN A (00831)

2  04/27/84 MOTION TO REQUIRE PROSECUTOR TO STATE ✓**68**  0.00        0.00
            REASON FOR EXERCISING PEREMPTORY
            CHALLENGES FILED Attorney: SHANKS, MICHAEL
            D (18906) AND Attorney: GARRETSON, JOHN A
            (00831)

CRTR5925                                    Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr      Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 13 | 04/27/84 | MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS AND FOR LEAVE TO SUPPLEMENT THE MEMO IN SUPPORT OF THOSE MOTIONS ALREADY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 4 | 04/27/84 | MOTION FOR ALL MOTIONS TO BE HEARD ON THE RECORD FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 5 | 04/27/84 | MOTION FOR SEQUESTRATION OF JURORS FOR DURATION OF TRIAL FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 6 | 04/27/84 | FURTHER MOTION TO PROHIBIT DEATH QUALIFICATION OF JURY: IN THE ALTERNATIVE TO SEAT SEPARATE JURIES DURING THE GUILT AND PENALTY PHASES OF TRIAL AND SUPPLEMENTAL MEMORANDUM THEREON FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 7 | 04/27/84 | FURTHER MEMORANDUM IN SUPPORT OF DISCLOSURE OF GRAND JURY TESTIMONY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 8 | 04/27/84 | MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 9 | 04/27/84 | MOTION TO INSULATE THE VENIRE AND JURY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 0 | 04/27/84 | MOTION TO DISMISS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 1 | 04/27/84 | SUPPLEMENTAL DISCOVERY FILED ASST PROS ATTY, MICHAEL J | 0.00 | 0.00 |
| 2 | 04/30/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 3 | 04/30/84 | MOTION IN LIMINE WITH MEMORANDUM FILED Attorney: GARRETSON, JOHN A | 0.00 | 0.00 |

RTR5925                                    Detail

R 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| c. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 4 | 04/30/84 | RETURNED MOTION FOR EXPERT SERVICES FILED ✓80<br>BY Attorney: SHANKS, MICHAEL D FILED IN<br>SUPREME COURT CASE #99-0252 ON 3-5-99 | 0.00 | 0.00 |
| 5 | 04/30/84 | JOURNAL ENTRY - ORDER FILED ✓81 | 2.00 | 2.00 |
| 6 | 04/30/84 | MOTION FOR ORDER RELEASING RECORDS FILED ✓82<br>Attorney: SHANKS, MICHAEL D (18906) AND<br>Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 7 | 04/30/84 | INVOICE (attachment) | 0.00 | 0.00 |
| 8 | 05/01/84 | STATE'S MEMORANDUM IN RESPONSE TO MOTIONS ✓83<br>OF DEFT FILED ON 4-27-84 FILED ASST PROS<br>ATTY: EICHEL, DANIEL G (08259) AND ASST<br>PROS ATTY: SAGE, MICHAEL J | 0.00 | 0.00 |
| 9 | 05/03/84 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F ✓84 | 0.00 | 0.00 |
| 0 | 05/03/84 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F ✓85 | 0.00 | 0.00 |
| 1 | 05/04/84 | JOURNAL ENTRY - PRECIPE FILED SUBPOENA ✓86+87<br>ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 2 | 05/04/84 | JOURNAL ENTRY FILED ✓88 | 8.00 | 8.00 |
| 1 | 05/04/84 | JOURNAL ENTRY - WAIVER AND ELECTION FILED ✓89 | 2.00 | 2.00 |
| 1 | 05/08/84 | JOURNAL ENTRY - JURY WAIVER AND ELECTION ✓90<br>OF THREE-JUDGE PANEL FILED | 2.00 | 2.00 |
| 5 | 05/08/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 3 | 05/08/84 | RETURN-PERSONAL SERVICE OF SUBPOENA UPON : 91+92<br>(SEE IMAGE) | 1.65 | 1.65 |
| 7 | 05/09/84 | JOURNAL ENTRY - MOTION AND ENTRY FILED ✓93 | 4.00 | 4.00 |
| 1 | 05/09/84 | JOURNAL ENTRY - DESIGNATING THREE JUDGE ✓94<br>PANEL FILED | 2.00 | 2.00 |
| 1 | 05/09/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 1 | 05/09/84 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON 95+96<br>: (SEE IMAGES) | 66.30 | 66.30 |
| | 05/10/84 | JOURNAL ENTRY - MOTION AND ENTRY FILED ✓97 | 4.00 | 4.00 |

CRTR5925                                    Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|-----------------------------------------------------------------------|----------------------------------|-------------|
| 92 | 05/10/84 | INVOICE (attachment) | 0.00 | 0.00 |
| 93 | 05/10/84 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR<br>AN INDIGENT DEFT FOR A TOTAL OF $36.00 ✓98<br>FILED | 2.00 | 2.00 |
| 94 | 05/10/84 | RETURN-PROCESS SERVICE OF SUBPOENA UPON :<br>(SEE IMAGE) | 0.00 | 0.00 |
| 95 | 05/10/84 | RETURN-PROCESS SERVICE OF SUBPOENAS UPON :<br>(SEE IMAGES) | 0.00 | 0.00 |
| 96 | 05/11/84 | JOURNAL ENTRY - CERTIFICATE FILED  ✓99 | 2.00 | 2.00 |
| 97 | 05/11/84 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON ✓100<br>: (SEE IMAGES) | 5.65 | 5.65 |
| 98 | 05/14/84 | RETURN RECEIPT OF CERTIFIED MAIL OF MR<br>STEVEN DIX, CHIEF OF MANAGEMENT DEPT OF<br>CORRECTIONS | 0.00 | 0.00 |
| 99 | 05/14/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 100 | 05/15/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 101 | 05/16/84 | ENTRY OF FINDINGS OF GUILTY  ✓103 | 2.00 | 2.00 |
| 102 | 05/22/84 | JOURNAL ENTRY FILED       ✓103 | 2.00 | 2.00 |
| 103 | 05/22/84 | PERSONAL SERVICE OF CERTIFIED COPY OF<br>ENTRY: UPON BUTLER COUNTY FORENSIC CENTER:<br>(SEE IMAGE) | 0.00 | 0.00 |
| 104 | 05/25/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) 104+105 | 2.00 | 2.00 |
| 105 | 06/04/84 | JUDGMENT OF CONVICTION ENTRY AND WRIT FOR ✓<br>THE EXECUTION OF THE DEATH PENALTY FILED<br>                             106 | 4.00 | 4.00 |
| 106 | 06/05/84 | COST BILL | 1,021.00 | 1,021.00 |
| 107 | 06/11/84 | NOTICE TO SUPREME COURT OF OHIO OF PLEA OF<br>GUILTY OR OF NO CONTEST TO AND NOTICE OF<br>DISMISSAL OF INDICATING CHARGING<br>AGGRAVATED MURDER WITH SPECIFICATION(S) OF ✓108<br>AGGRAVATING CIRCUMSTANCES/R C 2929.021(B)<br>FILED EDWARD S ROBB JR CLERK OF COURTS,<br>JEROME COOK, DEPUTY CLERK | 0.00 | 0.00 |

RTR5925                           Detail

R 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| o. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 08 | 06/11/84 | JOURNAL ENTRY - OPINION FILED ✓ 107 | 6.00 | 6.00 |
| 09 | 06/12/84 | APPLICATION, STATEMENT & MOTION &<br>ENTRY/ATTY FEES & AFFIDAVIT OF INDIGENCY<br>FILED, for atty.: JOHN A GARETSON IN ✓ 109<br>AMOUNT OF $2,629.50 | 8.00 | 8.00 |
| 10 | 06/12/84 | JOURNAL ENTRY - INDICTMENT FOR DEFT<br>INDIGENT COURT REQUEST ASSIGNS JACK ✓ 110<br>GARRETSON FILED | 2.00 | 2.00 |
| 11 | 06/13/84 | RETURN RECEIPT OF CERTIFIED MAIL OF ✓ 111<br>SUPREME COURT OF OHIO | 0.00 | 0.00 |
| 12 | 06/18/84 | RECEIPT #165627 NOTICE OF APPEAL $40.00 | 0.00 | 0.00 |
| 13 | 06/18/84 | NOTICE OF APPEAL (COPY) FILED IN COURT OF<br>APPEALS CA84 06 071, 6-18-84 Attorney: ✓ 112<br>EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 14 | 06/22/84 | SHERIFF'S RETURN-PERSONAL SERVICE OF<br>EXECUTION FOR COSTS $1,021.00 IN FELONY | 3.65 | 3.65 |
| 15 | 06/22/84 | SHERIFF'S RETURN-PERSONAL SERVICE OF<br>WARRANT TO CONVEY TO SOUTHERN OHIO<br>CORRECTIONAL FACILITY | 36.35 | 36.35 |
| 16 | 06/27/84 | COPY OF CRIMINAL DOCKET STATEMENT FILED<br>COPY TO COURT OF APPEALS #CA84 06 071 | 2.00 | 2.00 |
| 17 | 08/01/84 | MOTION FILED Attorney: EVANS, TIMOTHY R ✓ 113<br>(18590) | 0.00 | 0.00 |
| 18 | 08/01/84 | JOURNAL ENTRY FILED ✓ 114 | 2.00 | 2.00 |
| 19 | 08/16/84 | MOTION FOR STAY OF EXECUTION FILED ✓ 115<br>Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 20 | 08/16/84 | JOURNAL ENTRY GRANTING STAY OF EXECUTION<br>FILED | 2.00 | 2.00 |
| 21 | 08/16/84 | COPY OF ENTRY GRANTING STAY OF EXECUTION ✓ 116<br>FILED IN COURT OF APPEALS CASE #CA84 06 071 | 2.00 | 2.00 |
| 22 | 08/20/84 | RETURN RECEIPTS OF CERTIFIED MAIL OF<br>THOMAS L STARTZMAN AND WALLACE E STEIN -<br>RECORD CLERK | 0.00 | 0.00 |

CRTR5925                          Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------|-------------------------------|-------------|
| 123 | 09/25/84 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT/CERTIFICATE TRANSCRIPT FEE $753.00 FILED | 2.00 | 2.00 |
| 124 | 09/25/84 | JOURNAL ENTRY FILED  ✓ 117 | 2.00 | 2.00 |
| 125 | 09/25/84 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT, ATTYS FOR DEFT MIKE SHANKS AND JACK GARRETSON, TOTAL OF $1,129.50 FILED | 2.00 | 2.00 |
| 126 | 09/25/84 | JOURNAL ENTRY FILED ✓ not numbered | 2.00 | 2.00 |
| 127 | 09/25/84 | CERTIFIED COPY OF CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT, for atty.: MIKE SHANKS AND JACK GARRETSON, TOTAL OF $1,129.50 | 2.00 | 2.00 |
| 128 | 08/21/85 | ADDITIONAL EXECUTION FOR COSTS IN FELONY TO SHERIFF | 0.00 | 0.00 |
| 129 | 05/27/86 | MEMO :NUNC PRO TUNC ENTRY TO THIS DATE FILED 5/7/90 | 0.00 | 0.00 |
| 130 | 05/27/86 | JOURNAL ENTRY - OPINION FILED IN CA84-06-071 ✓ not numbered | 52.00 | 52.00 |
| 131 | 05/27/86 | JOURNAL ENTRY MANDATE JUDGMENT ENTRY FILED IN CASE #CA84 06 071 ✓ not numbered | 2.00 | 2.00 |
| 132 | 05/27/86 | JOURNAL ENTRY - JUDGMENT FILED IN CA84-06-071 - COPY ✓ not numbered | 2.00 | 2.00 |
| 133 | 05/27/86 | SEPARATE OPINION PURSUANT TO R C 2929.05 (A) - COPY ✓ 119 | 2.00 | 2.00 |
| 134 | 09/29/88 | SUPREME COURT OF OHIO COLUMBUS MANDATE ✓ not numbered FILED NO. 86-1171, 1988 TERM - COPIES ATTACHED | 10.00 | 10.00 |
| 135 | 09/29/88 | SUPREME COURT OF OHIO COLUMBUS MANDATE FILED NO. 86-1171, 1988 TERM - ATTACHMENT COPY OF APPEAL FROM THE COURT OF APPEALS ✓ 121 | 4.00 | 4.00 |
| 136 | 09/29/88 | MOTION TO RETURN DEFT FOR SENTENCING FILED Attorney: GARRETSON, JOHN A (00831), Attorney: SHANKS, MICHAEL D (18906) AND Attorney: EVANS, TIMOTHY R (18590) ✓ 122 | 0.00 | 0.00 |
| 137 | 10/05/88 | CERTIFIED COPY OF JOURNAL ENTRY FILED ✓ 123 | 2.00 | 2.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5750

CRTR5925                                    Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|----------------------------------------------------------------------|-------------------------------|-------------|
| 38 | 10/31/88 | PERSONAL SERVICE OF WRIT: UPON: (SEE IMAGE) | 0.00 | 0.00 |
| 39 | 11/04/88 | JOURNAL ENTRY FILED   ✓ 124 | 2.00 | 2.00 |
| 40 | 11/09/88 | PERSONAL SERVICE OF WRIT: UPON: (SEE IMAGE) AND RECEIPT FOR INMATE ATTACHED | 0.00 | 0.00 |
| 41 | 01/19/89 | LETTER FROM SUPREME COURT WASHINGTON DC TO JOHN F HOLCOMB | 0.00 | 0.00 |
| 42 | 01/19/89 | MOTION FILED Attorney: EICHEL, DANIEL G ✓ 125 (08259) | 0.00 | 0.00 |
| 43 | 02/06/89 | JOURNAL ENTRY FILED   ✓ 126 | 2.00 | 2.00 |
| 44 | 02/10/89 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES & AFFIDAVIT OF INDIGENCY ✓127 FILED, for atty.:  MICHAEL D SHANKS, IN AMOUNT OF $1,386.00 | 6.00 | 6.00 |
| 45 | 05/09/89 | MOTION TO EXTEND TIME TO FILE PRERIAL MOTIONS AND MOTION TO CONTINUE SENTENCING/MITIGATION HEARING FILED ✓ 128 Attorney: GARRETSON, JOHN A (00831), Attorney: SHANKS, MICHAEL D (18906)/PER PHONE AND Attorney: EVANS, TIMOTHY R (18590)/PER PHONE | 0.00 | 0.00 |
| 46 | 06/05/89 | NOTICE OF HEARING OF MITIGATION SET 8-4- AT 9:00 AM BEFORE JUDGE MOSER, WILLIAM H STITSINGER AND HENRY J BRUEWER | 0.00 | 0.00 |
| 47 | 06/28/89 | ENTRY FILED   ✓ 129 | 2.00 | 2.00 |
| 48 | 06/29/89 | WITHDRAW OF JURY WAIVER FILED Attorney: ✓ 130 EVANS, TIMOTHY R (18590) | 2.00 | 2.00 |
| 49 | 06/29/89 | MOTION FILED Attorney: EVANS, TIMOTHY R ✓ 131 (18590), FILED 3-5-99 SUPREME COURT OF OHIO 99-0252 AND 3-5-91, 90-2524 | 0.00 | 0.00 |
| 50 | 06/29/89 | MOTION TO WITHDRAW THE JURY WAIVER FILED ✓ 132 Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 51 | 07/18/89 | MOTION FOR FURTHER PSYCHOLOGICAL ✓ 134 EVALUATIONS, APPOINTMENT OF A SOCIAL WORKER TO PREPARE A SOCIAL HISTORY AND FOR PAYMENT OF EXTRA-ORDINARY EXPENSES FOR SAID EXPERTS FILED Attorney: GARRETSON, JOHN A (00831) AND Attorney: SHANKS, MICHAEL D | 0.00 | 0.00 |

RTR5925                               Detail

R 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| o. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|----|---------|------------------------------------|------|------|
| 52 | 07/18/89 | MOTION TO PROHIBIT THREE-JUDGE PANEL FROM RESENTENCING TO DEATH AND MOTION TO DISQUALIFY PANEL FILEDAttorney: GARRETSON, JOHN A (00831), Attorney: SHANKS, MICHAEL D (18906) AND Attorney: EVANS, TIMOTHY R (18590) ✓ 135 | 0.00 | 0.00 |
| 53 | 07/20/89 | RETURN COPIES OF SUBPOENAS ISSUED (SEE IMAGES) | 6.00 | 6.00 |
| 54 | 07/20/89 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 8.00 | 8.00 |
| 55 | 07/21/89 | MOTION TO STRIKE DEFT'S WITHDRAWAL OF JURY WAIVER AND MEMORANDUM FILED FIRST ASST PROS Attorney: EICHEL, DANIEL G (08259) ✓ 133 | 0.00 | 0.00 |
| 56 | 07/24/89 | ORDER RE TRANSCRIPT OF DEFT AND SETTING HEARING DATE ON REMAND ✓ 136 | 2.00 | 2.00 |
| 57 | 07/24/89 | MOTION TO RENEW PRETRIAL MOTIONS FILED Attorney: SHANKS, MICHAEL D (18906), GARRETSON AND EVANS ✓ 137 | 0.00 | 0.00 |
| 58 | 07/24/89 | MOTION TO PERMIT THE DEFENSE TO ADMIT ALL RELEVANT EVIDENCE AT THE SENTENCING PHASE FILED Attorney: SHANKS, MICHAEL D (18906), GARRETSON AND EVANS ✓ 138 | 0.00 | 0.00 |
| 59 | 07/25/89 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGES) | 0.00 | 0.00 |
| 60 | 07/25/89 | AFFIDAVIT OF DAN EICHEL | 0.00 | 0.00 |
| 61 | 07/26/89 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 2.00 | 2.00 |
| 62 | 07/26/89 | RETURN COPIES OF PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 2.00 | 2.00 |
| 63 | 07/26/89 | MEMORANDUM IN OPPOSITION TO DEFT'S MOTION TO PROHBIT 3-JUDGE PANEL FROM RESENTENCING TO DEATH AND TO DISQUALIFY PANEL FILED FIRST ASST PROS Attorney: EICHEL, DANIEL G (08259) ✓ 139 | 0.00 | 0.00 |
| 64 | 07/26/89 | ENTRY FILED ✓ 140 | 4.00 | 4.00 |
| 65 | 07/27/89 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGE) | 0.00 | 0.00 |
| 66 | 08/01/89 | ENTRY AS TO MOTIONS HEARD JULY 31 1989 ✓ 141 | 4.00 | 4.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5752

RTR5925                                    Detail

R 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 67 | 08/04/89 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGES) | 0.00 | 0.00 |
| 68 | 08/07/89 | JUDGEMENT OP CONVICTION ENTRY FILED ✓ 142 | 6.00 | 6.00 |
| 69 | 08/10/89 | OPINION FILED ✓ 143 | 6.00 | 6.00 |
| 70 | 09/06/89 | NOTICE OF APPEAL FILED DAVID C STEBBINS, SENIOR ASST PUBLIC DEFENDER IN CA1989 09 0123  144 ✓ | 0.00 | 0.00 |
| 71 | 09/13/89 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES FILED for atty.:  JOHN A GARRETSON IN AMOUNT OF $850.00 | 8.00 | 8.00 |
| 72 | 09/13/89 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES FILED for atty.:  MICHAEL D SHANKS, IN AMOUNT OF $827.00 | 8.00 | 8.00 |
| 73 | 09/20/89 | RETURN RECEIPT OF CERTIFIED MAIL OF CLERK OHIO SUPREME COURT | 0.00 | 0.00 |
| 74 | 09/20/89 | RETURN-PERSONAL SERVICE OF EXECUTION FOR COSTS IN FELONY | 3.70 | 3.70 |
| 75 | 10/03/89 | COPIES OF CASE DOCKET SHEET ISSUED - FILED 3-5-91 SUPREME COURT #90-2524 ✓ 143 ? | 2.25 | 2.25 |
| 76 | 02/05/90 | COST BILL - TOTAL FEES $1,383.40 - FILED 3-5-91 IN SUPREME COURT OF OHIO #90-2524 | 0.00 | 0.00 |
| 77 | 02/09/90 | CERTIFICATE OF MAILINGS (SEE IMAGES) | 0.00 | 0.00 |
| 78 | 02/13/90 | COPY OF JOURNAL ENTRY FILED IN CA89 09 123 | 2.00 | 2.00 |
| 79 | 04/10/90 | PLEASE SEE DOCKET FOR PREVIOUS FILINGS | 0.00 | 0.00 |
| 80 | 05/07/90 | APPOINTMENT OF ATTORNEY FOR INDIGENT DEFENDANT (NUNC PRO TUNC 5/27/86),BRUEWER,J. (IMAGED ABOVE) 26-42-145 | 2.00 | 2.00 |
| 81 | 05/07/90 | APPOINTMENT OF ATTORNEY FOR INDIGENT DEFENDANT (NUNC PRO TUNC 5/27/86),BRUEWER,J. | 2.00 | 2.00 |
| 82 | 10/29/90 | MANDATE FILED AFFIRMING CA89 09 0123 (IMAGED UNDER JUDGMENT ENTRY) --146 ✓ | 2.00 | 2.00 |

CBTR5925                                    Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 183 | 10/29/90 | JUGMENT ENTRY FILED - MANDATE CA89 09 123 - COPY OF OPINION ATTACHED | 2.00 | 2.00 |
| 184 | 03/30/92 | ( Clerk's memo ] : SUPREME CT.OH upheld (affirmed 12th District Decision) for DEATH PENALTY CA89 09 0123 S.C.OH.# 90-2524 --147 | 0.00 | 0.00 |
| 185 | 03/31/92 | ( Clerk's memo ] : COPY OF SUPREME CT OF OH MANDATE AFIRMING & UPHOLDING DEATH PENALTY FILED, COPIES TO Grace White for issuance of Death Warrant & certified copy of Mandate to institution/  & copy to trial court file/CA-Midd & Moser,J --148 | 0.00 | 0.00 |
| 186 | 04/08/92 | ALL PAPERS RETURN FROM SUPREME COURT OF OH | 0.00 | 0.00 |
| 187 | 05/19/92 | ( Clerk's memo ] : DATE OF SCHEDULED EXECUTION | 0.00 | 0.00 |
| 188 | 10/08/93 | EVIDENTIARY HEARING REQUSTED ; PETITION TO VACATE OR SET ASIDE SENTENCE: R.C. 2953.21 FILED BY ATTY JOANN BOUR-STOKES & LINDA E  PRUCHA FOR DEFENDANT --149 | 0.00 | 0.00 |
| 189 | 10/08/93 | EVIDENTIARY HEARING REQUESTED; PETITION TO VACATE OR SET ASIDE SENTENCE: R.C.2953.21 FILED BY ATTY JOANN BOUR-STOKES/LINDA E PRUCHA FOR DEFENDANT (EXHIBITS ATTACHED) --150 | 0.00 | 0.00 |
| 190 | 10/18/93 | ASSIGNMENT OF JUDGE CREHAN FROM JUDGE MOSER FILED ELLIOTT,J 311-576-151 | 0.00 | 0.00 |
| 191 | 10/18/93 | ANSWER AND MOTION TO DISMISS DEFT'S PETITION FOR POSTCONVICTION RELIEF FILED --152 | 0.00 | 0.00 |
| 192 | 10/20/93 | DEFT'S MOTION FOR JUDGE MOSER TO RECUSE HIMSELF FILED --153 | 0.00 | 0.00 |
| 193 | 03/14/94 | ORDER SETTING CONFERENCE FOR 3/30/94 AT 4:00PM FILED CREHAN,J 349-573-154 | 2.00 | 2.00 |
| 194 | 03/30/94 | STATE'S MOTION FOR LEAVE TO FILE ADDITIONAL PAGE OF THE STATE'S MEMORANDUM IN SUPPORT OF MOTION TO DIMISS FILED/DAN EICHEL,ATTY --155 | 0.00 | 0.00 |
| 195 | 04/04/94 | JOURNAL ENTRY SETTING DATE FOR ORAL ARGUMENT SET; 6/24/94 9:00 AM FILED CREHAN,J | 4.00 | 4.00 |

CRTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------|-------------------------------|-------------|
| 196 | 04/07/94 | AMENDED ENTRY SETTING DATE FOR ORAL ARGUMENT FILED CREHAN,J 356-637-157 | 4.00 | 4.00 |
| 197 | 04/11/94 | DEFT'S MOTION TO STRIKE AND MEMORANDUM FILED/JOANN BOUR-STOKES AND L PRUCHA,ATTYS --158 | 0.00 | 0.00 |
| 198 | 04/12/94 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE FILED BY ATTY DAN EICHEL --159 | 0.00 | 0.00 |
| 199 | 07/12/94 | SUPPLEMENTAL MEMORANDUM FILED --160 | 0.00 | 0.00 |
| 200 | 11/01/94 | ENTRY RE: DEFTS MOTION FOR POST CONVICTION RELIEF;MOTION TO STRIKE AND SETTING DATE FOR EVIDENTIARY HEARING 11/23/94 FILED CREHAN,J (DAVIS) 411-508-161 | 16.00 | 16.00 |
| 201 | 11/16/94 | HEARING ON PETITION FOR POST-CONVICTION RELIEF SET 12-20-94 1:15 FILED ASSIGNMENT COMMISSIONER CINDY BAKER --162 | 0.00 | 0.00 |
| 202 | 12/05/94 | DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FILED JOANN M JOLSTAD, LINDA E PRUCHA OH PUBLIC DEFENDER --163 | 0.00 | 0.00 |
| 203 | 12/05/94 | MOTION TO SECURE ATTENDANCE OF VON CLARK DAVIS AT POST-CONVICITON EVIDENTIARY HEARING FILED JOANN M JOLSTAD, OH PUBLIC DEFENDER FOR VON CLARK DAVIS --164 | 0.00 | 0.00 |
| 204 | 12/05/94 | PRECIPE FILED SUBPOENA ISSUED TO HON. JOHN R. MOSER, HON. WILLIAM R. STITSINGER ON DECEMBER 5, 1994 BY JOHN F. HOLCOMB, PROS. ATTY. | 4.00 | 4.00 |
| 205 | 12/07/94 | ORDER: WARRANT TO CONVEY PRISONER FOR POST CONVICTION HEARING R.C. 2953.22 FILED SAGE,J FOR CREHAN,J (VON CLARK DAVIS) 420-688-165 | 2.00 | 2.00 |
| 206 | 12/09/94 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON. JOHN R. MOSER ON DECEMBER 9, 1994 BY JIM FARQUIS, PROCESS SERVER | 0.00 | 0.00 |
| 207 | 12/14/94 | ORDER VACATING WARRANT TO CONVEY PRISONER AND RESCHEDULING HEARING DATE UNTIL 1-11-95 10L00AM FILED CREHAN,J 422-343-166 | 2.00 | 2.00 |
| 208 | 01/05/95 | ORDER: warrant to convey prisoner for postconviction hearing filed SAGE,J FOR MATTHEW J CREHAN (VON CLARK DAVIS) 428-629-167 | 2.00 | 2.00 |

RTR5925                                    Detail

R 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 109 | 01/06/95 | PRECIPE FILED SUBPOENA ISSUED TO HON. WILLIAM R. STITSINGER, HON. JOHN R. MOSER ON JANUARY 6, 1995 BY JOHN F. HOLCOMB, ATTY. | 4.00 | 4.00 |
| 110 | 01/06/95 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON. JOHN R. MOSER ON JANUARY 6, 1995 BY PROCESS SERVER | 0.00 | 0.00 |
| 111 | 01/06/95 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON WILLIAM R. STITSINGER ON JANUARY 6, 1995 BY PROCESS SERVER | 0.00 | 0.00 |
| 112 | 01/12/95 | JOURNAL ENTRY : ORDER TO RETURN DEFENDANT TO SOUTHERN OH CORRECTIONAL FACILITY FILED CREHAN,J 430-259-168 | 2.00 | 2.00 |
| 113 | 01/12/95 | TRANSCRIPT FEE | 72.50 | 72.50 |
| 114 | 01/25/95 | JOURNAL ENTRY STATEMENT FROM SHIRLEY ROESCH TO PROSECUTOR'S OFFICE $72.50 FILED CREHAN,J 433-196-169 | 4.00 | 4.00 |
| 115 | 01/25/95 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr SHIRLEY ROESCH $72.50 FILED CREHAN,J 433-197-170 | 2.00 | 2.00 |
| 116 | 01/30/95 | CERTIFICATE \ TRANSCRIPT FEES ,filed (amount +$2.in line 3) (certifed copies>Auditor) $217.50 TO SHIRLEY ROESCH,COURT REPORTER FILED CREHAN,J 434-101-173 | 2.00 | 2.00 |
| 117 | 01/30/95 | EXHIBIT FILED BY COURT REPORTER SHIRLEY ROESCH *** FILED @ RECORDS CENTER*** --172 | 0.00 | 0.00 |
| 118 | 01/30/95 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr $217.50 TO SHIRELEY ROESCH,COURT REPORTER FILED CREHAN,J 434-102-174 | 2.00 | 2.00 |
| 119 | 01/30/95 | *TRANSCRIPT OF POST CONVICTION RELIEF HEARING FILED SHIRLEY ROESCH,COURT REPORTER *** FILED @ RECORDS CENTER*** --171 | 0.00 | 0.00 |
| 120 | 01/30/95 | TRANSCRIPT FEE | 217.50 | 217.50 |
| 121 | 02/21/95 | POST EVIDENTIARY HEARING BRIEF FILED --175 | 0.00 | 0.00 |
| 122 | 02/22/95 | SHERIFFS RETURN OF PERSONAL SERVICE OF ENTRY UPON: VON CLARK DAVIS  DATE: 01-10-95 BY BCSD | 3.00 | 3.00 |

RTR5925                 Detail

R 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 23 | 02/28/95 | SHERIFFS RETURN OF PERSONAL SERVICE OF ENTRY UPON: VON CLARK DAVIS DATE: 02-11-95 BY BCSD (PER JAIL ALREADY) | 0.00 | 0.00 |
| 24 | 03/02/95 | STATE'S MEMORANDUM IN RESPONSE FILED --176 | 0.00 | 0.00 |
| 25 | 03/15/95 | POST-EVIDENTIARY HEARING REPLY BRIEF FILED JOANN JOLSTAD, LINDA E PRUCHA, ATTYS FOR VON CLARK DAVIS --177 | 0.00 | 0.00 |
| 26 | 06/30/95 | FINAL APPEALABLE ORDER DISMISSAL ENTRY; PETITIONER'S PETITION FOR A HEARING IS DENIED AND THE MOTION OF THE STATE OF OHIO TO DISMISS THE PETITION FOR POST-CONVICTION RELIEF IS GRANTED FILED CREHAN, J 480-581-178 | 0.00 | 0.00 |
| 27 | 07/31/95 | NOTICE OF APPEAL FILED/CA95 07 0124 cc:CA-Midd;Judge;CDS>file & by mail>attys\parties indicated as of record BY LINDA E PRUCHA & TRACEY LEONARD, ASST ST PUBLIC DEFENDER, ATTYS --179 | 25.00 | 25.00 |
| 28 | 10/09/96 | MANDATE filed, forwarded to C.A.filecom clerk > 12thDistrict AppealsCourt # CA95 07 124 PAGE 22 CORRECTED OPINION 9-30-96 | 0.00 | 0.00 |
| 29 | 10/09/96 | CERTIFIED COPY OF CORRECTED PAGE TWENTY-TWO FOR BUTLER CA95 07 124 OPINION RELEASED 9-30-96 FILED 3-5-99 SUPREME COURT OF OHIO 99-0252 | 2.00 | 2.00 |
| 30 | 02/25/99 | ALL PAPERS SENT TO SUPREME COURT OF OHIO | 0.00 | 0.00 |
| 31 | 09/15/99 | ALL PAPERS RETURN FROM SUPREME COURT OF OHIO | 0.00 | 0.00 |
| 32 | 10/18/07 | ENTRY SCHEDULING STATUS CONFERENCE FILED | 2.00 | 2.00 |
| 33 | 11/06/07 | APPOINTMENT OF ATTORNEY FOR INDIGENT DEFENDANT RANDALL L PORTER, ASST. PUBLIC DEFENDER FOR DEFENDANT VON CLARK DAVIS --180 | 2.00 | 2.00 |
| 34 | 11/19/07 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY ON 12/03/2007 @ 9:00 AM FILED --181 | 6.00 | 6.00 |
| 35 | 11/27/07 | WAIVER OF APPEARANCE OF VON CLARK DAVIS FOR THE NOVEMBER 05, 2007 STATUS CONFERENCE FILED Attorney: PORTER, RANDALL L (0000835) --182 | 4.00 | 4.00 |

RTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 36 | 12/03/07 | NOTICE OF FILING BY VON CLARK DAVIS FILED Attorney: PORTER, RANDALL L (0005835) --183 | 0.00 | 0.00 |
| 37 | 12/04/07 | Time Waiver of Speedy Trial requirements filed --184 | 2.00 | 2.00 |
| 38 | 12/04/07 | Time Waiver of Speedy Trial requirements filed | 4.00 | 4.00 |
| 39 | 12/05/07 | APPOINTMENT OF TRIAL COUNSEL IN A CAPITAL CASE FILED Attorney: PORTER, RANDALL L (0005835); Attorney: COOK REICH, MELYNDA (0066596) --185 | 2.00 | 2.00 |
| 40 | 12/06/07 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: HEARING Date: 02/04/2008    Time: 2:00 pm Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor | 0.00 | 0.00 |
| 41 | 12/19/07 | ORDER GRANTING A NEW SENTENCING HEARING FILED --186 | 2.00 | 2.00 |
| 42 | 12/21/07 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY ON 02/04/2008 @ 1:00 PM FILED --187 | 6.00 | 6.00 |
| 43 | 02/05/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: MOTION Date: 03/06/2008    Time: 3:00 pm Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor | 0.00 | 0.00 |
| 44 | 02/05/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: MOTION Date: 06/26/2008    Time: 9:00 am Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor  Result: VACATED | 0.00 | 0.00 |
| 45 | 02/06/08 | LETTER TO JUDGE NASTOFF REGARDING VON CLARK DAVIS FILED | 0.00 | 0.00 |
| 46 | 02/15/08 | VON CLARK DAVIS MOTION TO BE HEARD EX PARTE ON MOTIONS FOR APPROPRIATION OF FUNDS Attorney: PORTER, RANDALL (0005835) --188 | 0.00 | 0.00 |

RTR5925                              Detail

R 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
_____

No.  Date of  Pleadings Filed, Orders and Decrees      Amount Owed/    Balance Due
              Journal Book-Page-Nbr     Ref Nbr        Amount Dismissed
_____

47   02/20/08 ORDER FOR TRANSPORT BY SHERIFF TO HEARING      6.00           6.00
              FROM OHIO STATE PENITENTIARY ON 03/06 2008
              --189

48   02/26/08 MEMORANDUM IN OPPOSITION TO DEFENDANT'S        0.00           0.00
              MOTION TO PERMIT THE ACCUSED TO BE HEARD
              EX PARTE ON APPROPRIATION OF FUNDS FOR
              EXPERT ASSISTANCE
              Attorney: EICHEL, DANIEL G (08259)
              Attorney: OSTER JR Junior, MICHAEL A
              (0076491)
              --190

49   03/14/08 COURT ADMINISTRATION OFFICE HAS SCHEDULED:     0.00           0.00
              Event: HEARING
              Date: 03/18/2008    Time: 4:00 pm
              Judge: NASTOFF, Honorable ANDREW
              Location: General Division Court Govt Serv
              Ctr 3rd floor

50   03/18/08 ENTRY REGARDING POTENTIAL THREE-JUDGE          4.00           4.00
              PANEL FILED
              --191

51   03/19/08 ENTRY GRANTING DEFENDANT'S MOTION AND          2.00           2.00
              MEMORANDUM FOR THE APPROPRIATION OF FUNDS
              FOR A MITIGATION SPECIALIST FILED
              --192

52   03/19/08 ENTRY GRANTING DEFENDANT'S MOTION AND          2.00           2.00
              MEMORANDUM FOR THE APPROPRIATION OF FUNDS
              FOR A PRIVATE INVESTIGATOR FILED
              --193

53   03/31/08 ENTRY AS TO RELEASE OF INSTITUTIONAL           2.00           2.00
              RECORDS FILED
              --194

54   04/03/08 ENTRY UNDER SEAL; ENTRY GRANTING              0.00           0.00
              DEFENDANT'S MOTION AND MEMORANDUM FOR THE
              APPROPRIATION OF FUNDS FOR A PSYCHOLOGIST
              FILED NASTOFF,J
              --195

55   04/03/08 ENTRY UNDER SEAL FILED NASTOFF,J               2.00           2.00

56   04/03/08 ENTRY UNDER SEAL;  ENTRY GRANTING             0.00           0.00
              DEFENDANT'S  MOTION AND MEMORANDUM FOR THE
              APPROPRIATION OF FUNDS FOR A
              NEUROPSYCHOLOGIST FILED NASTOFF,J
              --196

57   04/03/08 ENTRY UNDER SEAL FILED NASTOFF,J               2.00           2.00

58   04/10/08 VON CLARK DAVIS' MOTION FOR THE COURT TO       0.00           0.00
              RESCIND ITS MARCH 31, 2008 ORDER FILED
              Attorney: COOK-REICH, MELYNDA (0066596)
              --197

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5759

RTR5925                                    Detail

R 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 159 | 04/15/08 | VON CLARK DAVIS' AMENDED MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED Attorney: COOK REICH, MELYNDA (0066596) --198 | 0.00 | 0.00 |
| 160 | 04/22/08 | STATE'S MEMORANDUM IN RESPONSE, OPPOSING DEFENDANT'S AMENDED MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER IFLED Attorney: EICHEL, DANIEL G (0008259) --199 | 0.00 | 0.00 |
| 161 | 04/23/08 | NOTICE OF APPEAL OF VON CLARK DAVIS CA2008 04 0111 FILED copy to CA, Appellee & counsel; Judge, CA deputy clerk Attorney: PORTER, RANDALL L (0005835) | 25.00 | 25.00 |
| 162 | 05/01/08 | VON CLARK DAVIS' REPLY IN SUPPORT OF HIS MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED Attorney: COOK REICH, MELYNDA (0066596) --200 | 0.00 | 0.00 |
| 163 | 05/08/08 | JOURNAL ENTRY FILED --201 | 2.00 | 2.00 |
| 164 | 05/16/08 | VON CLARK DAVIS' MOTION FOR EXTENSION OF TIME TO FILE DEFENDANT'S MOTIONS FILED Attorney: COOK REICH, MELYNDA (0066596) --202 | 0.00 | 0.00 |
| 165 | 05/20/08 | ENTRY GRANTING MOTION FOR EXTENSION OF TIME FIXED --203 | 2.00 | 2.00 |
| 166 | 05/23/08 | JUDGMENT ENTRY FILED --204 | 4.00 | 4.00 |
| 167 | 05/27/08 | VON CLARK DAVIS'S MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (APPENDIX, VOLUME I) FILED Attorney: PORTER, RANDALL L (0005835) --205 | 0.00 | 0.00 |
| 168 | 05/27/08 | VON CLARK DAVIS' MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (APPENDIX, VOLUME II) FILED Attorney: PORTER, RANDALL L (0005835) --206 | 0.00 | 0.00 |
| 169 | 05/27/08 | VON CLARK DAVIS' MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (EVIDENTIARY HEARING REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) --207 | 0.00 | 0.00 |

CR7R5925                                    Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of Journal Book-Page-Nbr | Pleadings Filed, Orders and Decrees Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 270 | 05/27/08 | VON CLARK DAVIS' MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE (ORAL ARGUMENT REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) --208 | 0.00 | 0.00 |
| 271 | 05/27/08 | VON CLARK DAVIS'S MOTION TO REQUIRE A SEALED COPY OF THE PROSECUTION'S FILE BE MADE PART OF THE RECORD FILED Attorney: PORTER, RANDALL L (0005835) --209 | 0.00 | 0.00 |
| 272 | 05/27/08 | VAN CLARK DAVIS' MOTION TO DISMISS THE CAPITAL SPECIFICATION CONTAINED IN INDICTMENT (ORAL ARGUMENT REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) --210 | 0.00 | 0.00 |
| 273 | 05/28/08 | STATE'S MOTION FOR CONTINUANCE AND AN EXTENSION OF TIME TO FILE MOTIONS/MEMORANDA IN RESPONSE TO DEFENDANT'S MOTION FILED 5/27/2008 FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER JR Junior, MICHAEL A (0076491) --211 | 0.00 | 0.00 |
| 274 | 05/28/08 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO REQUIRE A SEALED COPY OF THE PROSECUTOR'S FILE TO BE MADE PART OF THE RECORD FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER JR Junior, MICHAEL A (0076491) --212 | 0.00 | 0.00 |
| 275 | 05/28/08 | VON CLARK DAVIS' MOTION TO SUPPRESS PRETRIAL AND TRIAL IDENTIFICATIONS FILED Attorney: PORTER, RANDALL L (0005835) --213 | 0.00 | 0.00 |
| 276 | 05/30/08 | VON CLARK DAVIS' LIMITED DEMAND FOR DISCOVERY FILED Attorney: PORTER, RANDALL L (0005835) --214 | 0.00 | 0.00 |
| 277 | 05/30/08 | VON CLARK DAVIS' MOTION FOR PRE-TRIAL DISCLOSURE OF POLICE REPORTS AND WITNESS STATEMENTS FILED Attorney: PORTER, RANDALL L (0005835) --215 | 0.00 | 0.00 |
| 278 | 05/30/08 | VON CLARK DAVIS' MOTION TO COMPEL LAW ENFORCEMENT OFFICIALS TO PROVIDE THE PROSECUTING ATTORNEY WITH ALL THE INFORMATION ACQUIRED DURING THE COURSE OF THEIR INVESTIGATION FILED Attorney: PORTER, RANDALL L (0005835) --216 | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5761

RTR5925                              Detail

R 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| o. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 79 | 06/04/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: HEARING Date: 06/12/2008    Time: 3:00 pm Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor | 0.00 | 0.00 |
| 80 | 06/04/08 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM STATE PENITENTIARY FILED --217 | 6.00 | 6.00 |
| 81 | 06/13/08 | VON CLARK DAVIS' FIRST NOTICE OF ADDITIOAL AUTHORITY (EVIDENTIARY HEARING REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) (FAX COPY) --218 | 0.00 | 0.00 |
| 82 | 06/16/08 | COURT ADMINISTRATION OFFICE HAS scheduled: The following event: MOTION scheduled for 06/26/2008 at 9:00 am has been rescheduled as follows: Event: MOTION Date: 08/27/2008    Time: 9:00 am Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor | 0.00 | 0.00 |
| 83 | 06/27/08 | VON CLARK DAVIS' MEMORANDUM CONCERNING HIS RIGHT TO A JURY TRIAL WITH RESPECT TO RESENTENCING (EVIDENTIARY HEARING REQUESTED PLEADING L) FILED Attorney: PORTER, RANDALL L (0005835) (FAX COPY) --219 | 0.00 | 0.00 |
| 84 | 06/27/08 | VON CLARK DAVIS' MOTION TO SUPPRESS PRETRIAL AND TRIAL IDENTIFICATION (EVIDENTIARY HEARING REQUESTED PLEADING K) FILED Attorney: PORTER, RANDALL L (0005835) (FAX COPY) --220 | 0.00 | 0.00 |
| 85 | 06/30/08 | VON CLARK DAVIS' MOTION  FOR FUNDING TO RETAIN DR. MARK HEATH, M.D. (ORAL ARGUMENT REQUESTED PLEADING N) FILED Attorney: PORTER, RANDALL L (0005835) --221 | 0.00 | 0.00 |
| 86 | 06/30/08 | VON CLARK DAVIS' MOTION TO PRECLUDE THE STATE FROM SEEKING THE DEATH PENALTY (ORAL ARGUMENT REQUESTED PLEADING M) FILED Attorney: PORTER, RANDALL L (0005835) --222 | 0.00 | 0.00 |
| 87 | 06/30/08 | VON CLARK DAVIS' MOTION TO TRANSCRIBE THE GRAND JURY PROCEEDINGS (ORAL ARGUMENT REQUESTED PLEADING O) FILED Attorney: PORTER, RANDALL L (0005835) --223 | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5762

CRTR5925                          Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 188 | 07/25/08 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDATN'S MEMORANDUM "L" 'CONCERNING RIGHT TO A JURY TRIAL WITH RESPECT TO RESENTENQING' [sic] FILED Attorney: EICHEL, DANIEL G (0008259) --224 | 0.00 | 0.00 |
| 189 | 07/25/08 | MEMORANDUM IN OPPOSITION TO PRECLUDE USE OF DEATH PENALTY FILED Attorney: EICHEL, DANIEL G (0008259) --225 | 0.00 | 0.00 |
| 90 | 07/25/08 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "M" TO PRECLUDE THE STATE FROM SEEKING THE DEATH PENALTY FILED Attorney: EICHEL, DANIEL G (0800259) --226 | 0.00 | 0.00 |
| 91 | 07/25/08 | STATE'S MEMORANDUM "O" IN OPPOSITION TO DEFENDANT'S MOTION FOR A PRE-TRIAL COPY OF THE TRANSCRIPT OF GRAND JURY PROCEEDINGS FILED Attorney: EICHEL, DANIEL G (0008259) --227 | 0.00 | 0.00 |
| 92 | 07/25/08 | STATE'S MEMORANDUM "N" IN OPPOSITION TO DEFENDANT'S MOTION FOR FUNDING TO RETAIN AN EXPERT FILED Attorney: EICHEL, DANIEL G (0008259) --228 | 0.00 | 0.00 |
| 93 | 07/25/08 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "I" FOR PRE-TRIAL DISCLOSURE OF POLICE REPORTS AND WITNESS STATEMENTS FILED Attorney: EICHEL, DANIEL G (0008259) --229 | 0.00 | 0.00 |
| 94 | 07/25/08 | STATE'S SUPPLEMENTAL DISCOVERY "H" FILED Attorney: EICHEL, DANIEL G (0008259) --230 | 0.00 | 0.00 |
| 95 | 07/25/08 | STATE'S MOTION TO STRIKE AND MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTIONS TO SUPPRESS PRETRIAL AND TRIAL IDENTIFICATIONS [DESIGNATED MOTION "G" AND "K"] FILED Attorney: EICHEL, DANIEL G (0008259) --231 | 0.00 | 0.00 |
| 96 | 07/25/08 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "F" TO DISMISS THE CAPITAL SPECIFICATION CONTAINED IN THE INDICTMENT FILED Attorney: EICHEL, DANIEL G (0008259) --232 | 0.00 | 0.00 |
| 97 | 07/25/08 | STATE'S MEMORANDUM "D" IN RESPONSE TO DEFENDANT'S MOTION FOR EXCULPATORY EVIDENCE FILED Attorney: EICHEL, DANIEL G (0008259) --233 | 0.00 | 0.00 |

CRTR5925                                    Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------------|----------------------------------|-------------|
| 298 | 07/25/08 | STATE'S MEMORANDUM IN RESPONSE TO<br>DEFENDANT'S MOTION "J" TO COMPEL LAW<br>ENFORCEMENT OFFICIALS TO PROVIDE THE<br>PROSECUTING ATTORNEY WITH ALL THE<br>INFORMATION ACQUIRED DURING THE COURSE OF<br>INVESTIGATION FILED<br>Attorney: EICHEL, DANIEL G (0008259)<br>--234 | 0.00 | 0.00 |
| 299 | 07/28/08 | VON CLARK DAVIS' NOTICE OF INTENT TO<br>APPEAL TO THE OHIO SUPREME COURT FILED<br>Attorney: PORTER, RANDALL L (0005835)<br>--235 | 0.00 | 0.00 |
| 300 | 08/22/08 | Issue Date:  08/22/2008<br>Service:  SUBPOENA  BY PROCESS SERVER<br>Method:  SERVICE BY PROCESS SERVER<br>Provider: QUILAN, JASON<br>Cost Per:  $          1.00 | 8.00 | 8.00 |

                   HAMILTON POLICE DEPT
                   CUSTODIAN OF RECORDS
                   331 SOUTH FRONT ST
                   HAMILTON, OH    45011
                   Tracking No: C000059533


               COLEMAN, WADE

               HAMILTON, OH    45011
               Tracking No: C000059534


               WILLIAMS, RONNIE D

               HAMILTON, OH    45013
               Tracking No: C000059535


               BRYANT, MONA ALDRIDGE

               MIDDLETOWN, OH    45044
               Tracking No: C000059536


               LOVETT, MARK

               MIDDLETOWN, OH    45044
               Tracking No: C000059537


               DENMARK, COZETTA MASSEY

               CINTI, OH    45204
               Tracking No: C000059538


               MCCREARY, JODAWNA SOUTHERN

               CINCINNATI, OH    45231
               Tracking No: C000059539

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

              CINCINNATI, OH   45214
              Tracking No: C000059540

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|----------------------------------------------------------------|----------------------------------|-------------|
| 301 | 08/22/08 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on:  08/22/2008  12:55:32 | 1.00 | 1.00 |
| 302 | 08/22/08 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on:  08/22/2008  12:55:43 | 1.00 | 1.00 |
| 303 | 08/25/08 | STATE'S SUPPLEMENTAL AUTHORITY FOR MOTION<br>'C' FILED Attorney: EICHEL, DANIEL G<br>(0008259)<br>--236 | 0.00 | 0.00 |
| 304 | 08/25/08 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM   OHIO STATE PENITENTIARY FOR A MOTION<br>HEARING ON 08/27/2008 @ 9:00 AM FILED<br>--237 | 6.00 | 6.00 |
| 305 | 08/25/08 | STATE'S NOTICE OF ADDITIONAL AUTHORITY RE:<br>DEFENDANT'S MOTIONS F, G, I, J, K & L<br>FILED Attorney: EICHEL, DANIEL G (0008259)<br>--238 | 0.00 | 0.00 |
| 306 | 08/26/08 | PROCESS SERVICE SUCCESSFUL.<br>      Method    : SERVICE BY PROCESS SERVER<br>      Issued    : 08/22/2008<br>      Service   : SUBPOENA  BY PROCESS SERVER<br>      Served    : 08/23/2008<br>      Return    : 08/26/2008<br>      On        : BRYANT, MONA ALDRIDGE<br>      Signed By :<br><br>      Reason    : PROCESS SERVICE SUCCESSFUL<br>      Comment   :<br><br>      Tracking #: C000059536 | 0.00 | 0.00 |
| 307 | 08/26/08 | PROCESS SERVICE SUCCESSFUL.<br>      Method    : SERVICE BY PROCESS SERVER<br>      Issued    : 08/22/2008<br>      Service   : SUBPOENA  BY PROCESS SERVER<br>      Served    : 08/23/2008<br>      Return    : 08/26/2008<br>      On        : HAMILTON POLICE DEPT<br>      Signed By :<br><br>      Reason    : PROCESS SERVICE SUCCESSFUL<br>      Comment   :<br><br>      Tracking #: C000059533 | 0.00 | 0.00 |

RTR5925                                          Detail

R 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| o. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|----|---------|---|---|---|

08  08/26/08 PROCESS SERVICE SUCCESSFUL.                          0.00            0.00
                 Method     : SERVICE BY PROCESS SERVER
                 Issued     : 08/22/2008
                 Service    : SUBPOENA  BY PROCESS SERVER
                 Served     : 08/23/2008
                 Return     : 08/26/2008
                 On         : COLEMAN, WADE
                 Signed By  :

                 Reason     : PROCESS SERVICE SUCCESSFUL
                 Comment    :

                 Tracking #: C000059534

09  08/26/08 PROCESS SERVICE SUCCESSFUL.                          0.00            0.00
                 Method     : SERVICE BY PROCESS SERVER
                 Issued     : 08/22/2008
                 Service    : SUBPOENA  BY PROCESS SERVER
                 Served     : 08/23/2008
                 Return     : 08/26/2008
                 On         : MCCREARY, JODAWNA SOUTHERN
                 Signed By  :

                 Reason     : PROCESS SERVICE SUCCESSFUL
                 Comment    :

                 Tracking #: C000059539

10  08/26/08 PROCESS SERVICE SUCCESSFUL.                          0.00            0.00
                 Method     : SERVICE BY PROCESS SERVER
                 Issued     : 08/22/2008
                 Service    : SUBPOENA  BY PROCESS SERVER
                 Served     : 08/23/2008
                 Return     : 08/26/2008
                 On         : DENMARK, REGINALD
                 Signed By  :

                 Reason     : PROCESS SERVICE SUCCESSFUL
                 Comment    :

                 Tracking #: C000059540

11  08/26/08 PROCESS SERVICE SUCCESSFUL.                          0.00            0.00
                 Method     : SERVICE BY PROCESS SERVER
                 Issued     : 08/22/2008
                 Service    : SUBPOENA  BY PROCESS SERVER
                 Served     : 08/26/2008
                 Return     : 08/26/2008
                 On         : WILLIAMS, RONNIE D
                 Signed By  :

                 Reason     : PROCESS SERVICE SUCCESSFUL
                 Comment    :

                 Tracking #: C000059535

CRTR5925                            Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 312 | 08/26/08 | PROCESS SERVICE SUCCESSFUL. | 0.00 | 0.00 |

Method     : SERVICE BY PROCESS SERVER
Issued     : 08/22/2008
Service    : SUBPOENA  BY PROCESS SERVER
Served     : 08/23/2008
Return     : 08/26/2008
On         : DENMARK, COZETTA MASSEY
Signed By  :

Reason     : PROCESS SERVICE SUCCESSFUL
Comment    :

Tracking #: C000059538

| 313 | 08/26/08 | PROCESS SERVICE SUCCESSFUL. | 0.00 | 0.00 |

Method     : SERVICE BY PROCESS SERVER
Issued     : 08/22/2008
Service    : SUBPOENA  BY PROCESS SERVER
Served     : 08/23/2008
Return     : 08/26/2008
On         : LOVETT, MARK
Signed By  :

Reason     : PROCESS SERVICE SUCCESSFUL
Comment    :

Tracking #: C000059537

| 314 | 08/28/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: | 0.00 | 0.00 |

Event: MOTION
Date: 10/10/2008    Time: 1:30 pm
Judge: NASTOFF, Honorable ANDREW
Location: General Division Court Govt Serv
Ctr 3rd floor

Result: VACATED

| 15 | 08/28/08 | VON CLARK DAVIS' NOTICE OF FILING OF EXHIBITS IN SUPPORT OF MOTION O FILED Attorney: PORTER, RANDALL L (0005835) --239 | 0.00 | 0.00 |

| 16 | 08/28/08 | VON CLARK DAVIS' NOTICE OF FILING OF ADDITIONAL AUTHORITY IN SUPPORT OF PLEADING P FILED Attorney: PORTER, RANDALL L (0005835) --240 | 0.00 | 0.00 |

| 17 | 08/29/08 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY FOR A MOTION HEARING ON 10/10/2008 @ 1:30 PM FILED --241 | 6.00 | 6.00 |

| 18 | 09/09/08 | VON CLARK DAVIS' NOTICE OF FILING OF ADDITIONAL AUTHORITY IN SUPPORT OF PLEADING M FILED Attorney: PORTER, RANDALL L (0005835) --242 | 0.00 | 0.00 |

CRTR5925                               Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr      Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 319 | 09/17/08 | VON CLARK DAVIS' MOTION FOR A TWO DAY EXTENSION FOR THE PARTIES TO SUBMIT BRIEFING ON THE RIPENESS ISSUE FILED Attorney: PORTER, RANDALL L (0005835) (FAX COPY) --243 | 0.00 | 0.00 |
| 320 | 09/19/08 | VON CLARK DAVIS' BRIEFING ON THE ISSUE OF RIPENESS FILED Attorney: PORTER, RANDALL L (0005835) --244 | 0.00 | 0.00 |
| 321 | 09/19/08 | SUPPLEMENTAL MEMORANDUM BY STATE IN OPPOSITION TO DEFENDANT'S MOTION "P" TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BY LETHAL INJECTION FILED Attorney: EICHEL, DANIEL G (0008259) --245 | 0.00 | 0.00 |
| 322 | 09/30/08 | ORDER GRANTING MOTION FOR A TWO DAY EXTENSION FOR THE PARTIESTO SUBMIT BRIEFING ON THE RIPENESS ISSUE FILED (FAX COPY) --246 | 2.00 | 2.00 |
| 323 | 10/02/08 | MOTION TO PROVIDE DISCOVERY FILED Attorney: EICHEL, DANIEL G (0008259) --247 | 0.00 | 0.00 |
| 324 | 10/08/08 | VON CLARK DAVIS' WAIVER OF ORAL RAGUMENT SET FOR OCTOBER 10, 2008 FILED Attorney: PORTER, RANDALL L (0005835) --248 | 0.00 | 0.00 |
| 325 | 10/08/08 | VON CLARK DAVIS' WAIVER OF ORAL ARGUMENT SET FOR OCTOBER 10, 2008 FILED Attorney: PORTER, RANDALL L (0005835) --249 | 2.00 | 2.00 |
| 326 | 10/09/08 | MOTION TO VACATE HEARING AND TRANSPORT ORDER FILED Attorney: OSTER Junior, MICHAEL A (0076491) --250 | 0.00 | 0.00 |
| 327 | 10/10/08 | VON CLARK DAVIS' MOTION TO REQUIRE THE BUTLER COUNTY SHERIFF TO CONVEY MR. DAVIS FOR TESTING AND TO MAKE THE APPROPRIATE ACCOMMODATIONS FILED Attorney: PORTER, RANDALL L (0005835) --251 | 0.00 | 0.00 |
| 328 | 10/13/08 | ENTRY AND ORDER ALLOWING NEUROPSYCHOLOGIST ACCESS TO DEFENDANT LOCATED AT BUTLER COUNTY JAIL FILED --252 | 4.00 | 4.00 |
| 329 | 10/15/08 | ORDER TO VACATE HEARING AND TRANSPORT ORDER FILED --253 | 2.00 | 2.00 |
| 330 | 11/07/08 | MOTION "Q" VAN CLARK DAVIS' RESPONSE TO DISCOVERY FILED Attorney: PORTER, RANDALL L (0005835); Attorney: COOK REICH, MELYNDA (0066596) | 0.00 | 0.00 |

TRTR5925                          Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 131 | 11/07/08 | MOTION "S" VON CLARK DAVIS' MOTION FOR TO<br>CONTINUE THE DECEMBER 15, 2008 SENTENCING<br>HEARING FILED Attorney: PORTER, RANDALL L<br>(0005835); Attorney: COOK REICH, MELYNDA<br>(0066596)<br>--255 | 0.00 | 0.00 |
| 132 | 11/07/08 | MOTION "R" VON CLARK DAVIS' SECOND MOTION<br>TO BE HEARD EX PARTE ON FUNDING ISSUES<br>FILED Attorney: PORTER, RANDALL L (0005835)<br>Attorney: COOK REICH, MELYNDA (0066596)<br>--256 | 0.00 | 0.00 |
| 33 | 11/13/08 | STATE'S RESPONSE TO DEFENDANT'S MOTION FOR<br>CONTINUANCE FILED Attorney: OSTER Junior,<br>MICHAEL A (0076491)<br>--257 | 0.00 | 0.00 |
| 34 | 11/18/08 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM OHIO STATE PENITENTIARY FOR A MOTION<br>HEARING ON 11/24/2008 @ 9:00 AM FILED<br>--258 | 6.00 | 6.00 |
| 35 | 11/24/08 | PRETRIAL COURT JOURNAL ORDER | 2.00 | 2.00 |
| 36 | 12/11/08 | VON CLARK DAVIS' RENEWED MOTION TO STAY<br>THE COURT'S MARCH 31, 2008 ORDER FILED<br>Attorney: PORTER, RANDALL L (0005835)<br>--259 | 0.00 | 0.00 |
| 37 | 12/29/08 | ENTRY JOURNALIZING DECISION ON MOTIONS<br>FILED BY DEFENDANT FILED<br>--260 | 64.00 | 64.00 |
| 38 | 02/06/09 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM OHIO STATE PENITENTIARY FOR A<br>SENTENCE HEARING ON 05/11/2009 @ 8:30 AM<br>FILED<br>--261 | 6.00 | 6.00 |
| 39 | 03/12/09 | MOTION FOR ORDER OR SANCTIONS UNDER<br>CRIM.R. 16(E)(3) FOR DEFENSE<br>NON-DISCLOSURE OF DISCOVERABLE MATTERS<br>FILED<br>Attorney: EICHEL, DANIEL G (0008259);<br>Attorney: OSTER Junior, MICHAEL A (0076491)<br>--262 | 0.00 | 0.00 |
| 40 | 03/17/09 | MOTION IN LIMINE FOR ORDER AS TO PROCEDURE<br>TO BE FOLLOWED FOR CONSIDERATION OF<br>EVIDENCE ADMITTED AT 1984 "GUILT-PHASE"<br>TRIAL FILED Attorney: EICHEL, DANIEL G<br>(0008259); Attorney: OSTER Junior, MICHAEL<br>A (0076491)<br>--263 | 0.00 | 0.00 |

CRTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|-----------------------------------------------------------------------|----------------------------------|-------------|
| 341 | 03/24/09 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: MOTION<br>Date: 04/02/2009    Time: 1:30 pm<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor<br><br>Result: RESET HEARING | 0.00 | 0.00 |
| 342 | 03/24/09 | VON CLARK DAVIS' ANSWER TO REQUEST FOR<br>DISCOVERY FILED Attorney: COOK REICH,<br>MELYNDA (0066596) (FAX COPY)<br>--264 | 0.00 | 0.00 |
| 343 | 03/25/09 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM OHIO STATE PENITENTIARY FOR A MOTION<br>HEARING ON 04/02/2009 @ 8:30 AM FILED<br>--265 | 6.00 | 6.00 |
| 344 | 03/26/09 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br><br>The following event: MOTION scheduled for<br>04/02/2009 at 1:30 pm has been rescheduled<br>as follows:<br><br>Event: MOTION<br>Date: 04/08/2009    Time: 10:00 am<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor | 0.00 | 0.00 |
| 345 | 03/30/09 | TRANSCRIPT REQUEST FILED<br>--266 | 0.00 | 0.00 |
| 346 | 04/02/09 | TRANSCRIPT OF PROCEEDING MOTION HEARING ON<br>AUGUST 26, 2008 FILED<br>--267 | 3.00 | 3.00 |
| 347 | 04/02/09 | TRANSCRIPT OF PROCEEDING MOTION HEARING ON<br>AUGUST 27, 2008 FILED<br>--268 | 3.00 | 3.00 |
| 348 | 04/02/09 | VON CLARK DAVIS' MOTION TO EXTEND THE TIME<br>TO ANSWER THE STATE'S MOTION IN LIMINE<br>FILED Attorney: PORTER, RANDALL L (0005835)<br>--269 | 0.00 | 0.00 |
| 349 | 04/03/09 | TRANSCRIPT REQUEST FILED<br>--270 | 0.00 | 0.00 |
| 350 | 04/06/09 | VON CLARK DAVIS' MEMORANDUM CONTRA TO THE<br>STATE'S MOTION IN LIMINE FILED<br>Attorney: PORTER, RANDALL L (0005835);<br>Attorney: COOK REICH, MELYNDA (0066596)<br>(FAX COPY)<br>--271 | 0.00 | 0.00 |
| 351 | 04/07/09 | STATE'S SUPPLEMENTAL DISCOVERY FILED<br>Attorney: EICHEL, DANIEL G (0008259)<br>--272 | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN<br>CASE NO. 2:16-cv-00495<br>APPENDIX - Page 5770

CRTR5925                           Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 152 | 04/08/09 | STATE'S REPLY: MEMORANDUM TO THE DEFENDANT'S MEMORANDUM CONTRA THE STATE'S MOTION IN LIMINE RE: PROCEDURE FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER Junior, MICHAEL A (0076491) --273 | 0.00 | 0.00 |
| 53 | 04/08/09 | VON CLARK DAVIS' NOTICE OF FILING FILED Attorney: PORTER, RANDALL (0005835) --274 | 0.00 | 0.00 |
| 54 | 04/08/09 | NOTICE OF COUNSEL'S CHANGE OF ADDRESS FILED Attorney: PORTER, RANDALL L (0005835) --275 | 0.00 | 0.00 |
| 55 | 04/09/09 | MOTION AND CERTIFICATION BY COURT REPORTER FOR TRANSCRIPTION FEES FILED --276 | 0.00 | 0.00 |
| 56 | 04/09/09 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE $1,252.50\Ct.Reprtr --277 | 2.00 | 2.00 |
| 57 | 04/09/09 | CERTIFICATE \ TRANSCRIPT FEES $1,252.50, filed (amount +$2.in line 3) (certifed copies-Auditor) --278 | 2.00 | 2.00 |
| 58 | 04/09/09 | TRANSCRIPT FEE | 1,252.50 | 1,252.50 |
| 59 | 04/13/09 | STATE'S SUPPLEMENTAL DISCOVERY (4/13/2009) FILED Attorney: OSTER Junior, MICHAEL A (0076491) --279 | 0.00 | 0.00 |
| 0 | 04/20/09 | VON CLARK DAVIS' NOTICE OF FILING # 3 FILED Attorney: PORTER, RANDALL (0005835) --280 | 0.00 | 0.00 |
| 1 | 04/20/09 | VON CLARK DAVIS' OBJECTIONS TO THE COURT'S PROPOSED PROCEDURES CONCERNING THE TRIAL PHASE TESTIMONY AND EVIDENCE FILED Attorney: PORTER, RANDALL (0005835) --281 | 0.00 | 0.00 |
| 2 | 04/21/09 | VON CLARK DAVIS' SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596); Attorney: PORTER, RANDALL (0005835) (FAX) --282 | 0.00 | 0.00 |
| 3 | 04/21/09 | VON CLARK DAVIS' MOTION TO FILE RECORDS UNDER SEAL FILED Attorney: PORTER, RANDALL (0005835) --283 | 0.00 | 0.00 |
| 1 | 04/24/09 | EXHIBIT (EMAIL FROM JUDGES) FILED --284 | 0.00 | 0.00 |
| | 04/27/09 | VON CLARK DAVIS' NOTICE OF FILING UNDER SEAL FILED Attorney: PORTER, RANDALL (0005835) --285 | 0.00 | 0.00 |

CRTR5925                                    Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of Journal | Pleadings Filed, Orders and Decrees Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|------|------|------|------|
| 366 | 04/27/09 | ENTRY GRANTING MOTION TO FILE RECORDS UNDER SEAL FILED --285 | 2.00 | 2.00 |
| 367 | 04/30/09 | Issue Date: 04/30/2009 Service: SUBPOENA BY RESIDENCE SERVICE Method: SERVICE BY SHERIFF OF BUTLER COUNTY Cost Per: $    2.00 | 8.00 | 8.00 |

   FURMON, CHARLES R
   ▆▆▆▆▆▆
   HAMILTON, OH    45013
   Tracking No: C000190277

   CARPENTER, RICHARD R
   ▆▆▆▆▆▆
   HAMILTON, OH    45011
   Tracking No: C000190278

   BRANDABUR, Dr JOSEPH H
   BUTLER COUNTY CORONER'S OFFICE
   200 N "F" STREET
   HAMILTON, OH    45011
   Tracking No: C000190279

   CUNNINGHAM, LESLIE
   ▆▆▆▆▆▆
   TROTWOOD, OH    45246
   Tracking No: C000190280

| No. | Date of Journal | Pleadings Filed, Orders and Decrees | Amount Owed/ | Balance Due |
|-----|------|------|------|------|
| 368 | 04/30/09 | PRECIPE FILED AND SUBPOENA BY RESIDENCE SERVICE ISSUED.  SUBPOENA BY RESIDENCE SERVICE Sent on: 04/30/2009 13:06:14 | 1.00 | 1.00 |
| 369 | 04/30/09 | STATE'S SUPPLEMENTAL DISCOVERY FILED Attorney: OSTER Junior, MICHAEL A (0076491) --286 | 0.00 | 0.00 |
| 370 | 04/30/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596) --287 | 0.00 | 0.00 |
| 371 | 04/30/09 | DEFENDANT'S NOTICE OF WITHDRAWAL OF MOTION TO FILE RECORDS UNDER SEAL FILED Attorney: COOK REICH, MELYNDA (0066596) --288 | 0.00 | 0.00 |

RTR5925                              Detail

R 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| o | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---------|------|------|------|
| 72 | 05/01/09 | RETURN: RESIDENCE SERVICE UPON :<br>    Method    : SERVICE BY SHERIFF OF<br>BUTLER COUNTY<br>    Issued    : 04/30/2009<br>    Service   : SUBPOENA  BY RESIDENCE<br>SERVICE<br>    Served    : 05/01/2009<br>    Return    : 05/01/2009<br>    On        : CUNNINGHAM, LESLIE<br>    Signed By :<br><br>    Reason    : RESIDENCE SERVICE SUCCESSFUL<br>    Comment   : MAILED OUT<br><br>    Tracking #: C000190280 | 7.50 | 7.50 |
| 73 | 05/04/09 | TRANSCRIPT REQUEST FILED<br>--289 | 0.00 | 0.00 |
| 74 | 05/05/09 | STATE'S SUPPLEMENTAL DISCOVERY (5/5/09)<br>FILED Attorney: OSTER Junior, MICHAEL A<br>(0076497)<br>--290 | 0.00 | 0.00 |
| 75 | 05/06/09 | Issue Date: 05/06/2009<br>Service:  SUBPOENA  BY PROCESS SERVER<br>Method:  SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per:  $       5.00 | 5.00 | 5.00 |

                    SMITH, CAROL A
                    ▓▓▓▓▓▓▓▓
                    FOREST PARK, OH  45240
                    Tracking No: C000067043


                    DAVIS, ELLIOT BUTCH
                    ▓▓▓▓▓▓▓▓
                    HAMILTON, OH  45011
                    Tracking No: C000067044


                    NOWACK, SCOTT
                    C/O OHIO STATE PENITENTIARY
                    878 COITSVILLE HUBBARD RD
                    YOUNGSTOWN, OH   44505
                    Tracking No: C000067045


                    TIPTON, CHARLES
                    1▓▓▓▓▓▓
                    CINCINNATI, OH   45240
                    Tracking No: C000067046


                    DAVIS, VICTOR L
                    ▓▓▓▓▓▓▓▓
                    HAMILTON, OH   45011
                    Tracking No: C000067047

RTR5929                                   Detail

R 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

                      FOREST PARK, OH    45240
                      Tracking No: C000067048


                 DAVIS, SHERRY

                 FOREST PARK, OH    45240
                 Tracking No: C000067049


| o. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|----|---------|---------------------------------------------------|------------------|-------------|
| 76 | 05/06/09 | PRECIPE FILED SUBPOENA ISSUED. | 1.00 | 1.00 |

                 SUBPOENA BY PROCESS SERVER
                 Sent on:  05/06/2009  13:13:14


| 77 | 05/07/09 | Issue Date:  05/07/2009 Service:  SUBPOENA  BY PROCESS SERVER Method:  SERVICE BY PROCESS SERVER Provider: ATTORNEY Cost Per:  $        5.00 | 5.00 | 5.00 |

                 NOWACK, SCOTT
                 C/O OHIO STATE PENITENTIARY
                 878 COITSVILLE HUBBARD RD
                 YOUNGSTOWN, OH   44505
                 Tracking No: C000067059


| 78 | 05/07/09 | PRECIPE FILED SUBPOENA ISSUED. | 1.00 | 1.00 |

                 SUBPOENA BY PROCESS SERVER
                 Sent on:  05/07/2009  09:28:43


| 79 | 05/07/09 | Issue Date:  05/07/2009 Service:  SUBPOENA  BY PROCESS SERVER Method:  SERVICE BY PROCESS SERVER Provider: ATTORNEY Cost Per:  $       5.00 | 5.00 | 5.00 |

                 ROTUNDO, RICK

                 LOVELAND, OH   45140
                 Tracking No: C000067072


                 FLOWERS, DELBERT

                 GAITHERSBURG, MD   20878
                 Tracking No: C000067073


                 MAUSSEN, CYNTHIA
                 ADULT PAROLE AUTHORITY
                 770 WEST BROAD ST
                 COLUMBUS, OH   43215

CRTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|-----------------------------------------------------------|----------------|-------------|
| 380 | 05/07/09 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 05/07/2009 14:17:28 | 1.00 | 1.00 |
| 381 | 05/07/09 | ENTRY APPOINTING SPECIAL PROCESS SERVER<br>FILED | 2.00 | 2.00 |
| 382 | 05/07/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST<br>FOR DISCOVERY FILED Attorney: COOK REICH,<br>MELYNDA (0066596)<br>--291 | 0.00 | 0.00 |
| 383 | 05/08/09 | Issue Date: 05/08/2009<br>Service: SUBPOENA BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per: $      5.00<br><br>STINEMAN, JEROME<br><br><br>CINCINNATI, OH    45208<br>Tracking No: C000067120 | 5.00 | 5.00 |
| 384 | 05/08/09 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 05/08/2009 14:38:11 | 1.00 | 1.00 |
| 385 | 05/08/09 | DEFENDANT'S MOTION IN LIMINE FILED<br>Attorney: COOK REICH, MELYNDA (0066596)<br>--292 | 0.00 | 0.00 |
| 386 | 05/08/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST<br>FOR DISCOVERY FILED Attorney: COOK REICH,<br>MELYNDA (0066596)<br>--293 | 0.00 | 0.00 |
| 387 | 05/08/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST<br>FOR DISCOVERY FILED Attorney: COOK REICH,<br>MELYNDA (0066596)  (FAX)<br>--294 | 0.00 | 0.00 |

CRTR5925                                    Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr      Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|----------------------------------------------------------------------|------------------------------|-------------|

88  05/11/09 RETURN: RESIDENCE SERVICE UPON :                8.00         8.00
             Method    : SERVICE BY SHERIFF OF
         BUTLER COUNTY
             Issued    : 04/30/2009
             Service   : SUBPOENA  BY RESIDENCE
         SERVICE
             Served    : 05/04/2009
             Return    : 05/11/2009
             On        : BRANDABUR, Dr JOSEPH H
             Signed By :

             Reason    : RESIDENCE SERVICE SUCCESSFUL
             Comment   : SUB SERVED UPON: SALLY
         POYNTER

             Tracking #: C000190279


89  05/11/09 RETURN-PERSONAL SERVICE OF DOCUMENTS UPON :      9.50         9.50
             Method    : SERVICE BY SHERIFF OF
         BUTLER COUNTY
             Issued    : 04/30/2009
             Service   : SUBPOENA  BY RESIDENCE
         SERVICE
             Served    : 05/05/2009
             Return    : 05/11/2009
             On        : CARPENTER, RICHARD H
             Signed By :

             Reason    : PERSONAL SERVICE SUCCESSFUL
             Comment   :

             Tracking #: C000190278


90  05/11/09 RETURN-PERSONAL SERVICE OF DOCUMENTS UPON :      9.50         9.50
             Method    : SERVICE BY SHERIFF OF
         BUTLER COUNTY
             Issued    : 04/30/2009
             Service   : SUBPOENA  BY RESIDENCE
         SERVICE
             Served    : 05/04/2009
             Return    : 05/11/2009
             On        : FURMON, CHARLES R
             Signed By :

             Reason    : PERSONAL SERVICE SUCCESSFUL
             Comment   :

             Tracking #: C000190277


91  05/11/09 ENTRY FILED                                      2.00         2.00
             --295

92  05/12/09 TRANSCRIPT REQUEST FILED                         0.00         0.00
             --296

RTR5925                              Detail

R 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| o | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---------|---|---|---|
| 93 | 05/13/09 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: PRETRIAL CONFERENCE HEARING<br>Date: 09/03/2009    Time: 11:00 am<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor | 0.00 | 0.00 |
| 94 | 05/13/09 | PROCESS SERVICE SUCCESSFUL.<br>    Method    : SERVICE BY PROCESS SERVER<br>    Issued    : 05/07/2009<br>    Service   : SUBPOENA  BY PROCESS SERVER<br>    Served    : 05/08/2009<br>    Return    : 05/13/2009<br>    On        : NOWACK, SCOTT<br>    Signed By :<br><br>    Reason    : PROCESS SERVICE SUCCESSFUL<br>    Comment   :<br><br>    Tracking #: C000067059 | 0.00 | 0.00 |
| 95 | 05/13/09 | PROCESS SERVICE SUCCESSFUL.<br>    Method    : SERVICE BY PROCESS SERVER<br>    Issued    : 05/07/2009<br>    Service   : SUBPOENA  BY PROCESS SERVER<br>    Served    : 05/08/2009<br>    Return    : 05/13/2009<br>    On        : MAUSSEN, CYNTHIA<br>    Signed By :<br><br>    Reason    : PROCESS SERVICE SUCCESSFUL<br>    Comment   :<br><br>    Tracking #: C000067074 | 0.00 | 0.00 |
| 96 | 05/19/09 | TRANSCRIPT OF PROCEEDING MOTION HEARING<br>APRIL 8, 2009 FILED<br>--297 | 3.00 | 3.00 |
| 97 | 05/22/09 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM OHIO STATE PENITENTIARY FOR A<br>PRE-TRIAL CONFERENCE ON 09/03/2009 @ 9.00<br>AM FILED<br>--298 | 6.00 | 6.00 |
| 98 | 06/03/09 | MOTION AND CERTIFICATION BY COURT REPORTER<br>FOR TRANSCRIPTION FEES FILED<br>--299 | 0.00 | 0.00 |
| 99 | 06/03/09 | CERTIFICATE \ TRANSCRIPT FEES $450.00,<br>filed (amount +$2.in line 3) (certifed<br>copies Auditor)<br>--300 | 2.00 | 2.00 |
| 00 | 06/03/09 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE<br>$450.00 Ct.Reprtr<br>--301 | 2.00 | 2.00 |
| 01 | 06/03/09 | TRANSCRIPT FEE | 450.00 | 450.00 |

RTR5925                          Detail

R 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| c. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 02 | 08/05/09 | VON CLARK DAVIS' MOTION TO EXPEDITE RULING<br>FILED Attorney: COOK REICH, MELYNDA<br>(006659/)<br>--302 | 0.00 | 0.00 |
| 03 | 08/19/09 | Issue Date: 08/19/2009<br>Service: SUBPOENA BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per: $      5.00 | 5.00 | 5.00 |

                NOWACK, SCOTT
                C/O OHIO STATE PENITENTIARY
                878 COITSVILLE HUBBARD RD
                YOUNGSTOWN, OH   44505
                Tracking No: C000070523


                MAUSSER, CYNTHIA
                C/O OHIO PAROLE BOARD
                770 WEST BROAD ST
                COLUMBUS, OH   43222
                Tracking No: C000070524

| 04 | 08/19/09 | PRECIPE FILED SUBPOENA ISSUED. | 1.00 | 1.00 |

                SUBPOENA BY PROCESS SERVER
                Sent On: 08/19/2009  11:31:20

| 05 | 08/19/09 | Issue Date: 08/19/2009<br>Service: SUBPOENA BY CERTIFIED MAIL<br>Method: SERVICE BY CERTIFIED MAIL<br>Cost Per: $      8.00 | 40.00 | 40.00 |

                SMITH, CAROL A

                FOREST PARK, OH   45240
                Tracking No: L000198274


                STINEMAN, JEROME

                CINCINNATI, OH   45208
                Tracking No: L000198275


                TIPTON, ALLUSTER

                FOREST PARK, OH   45240
                Tracking No: L000198276


                DAVIS, SHERRY

                FOREST PARK, OH   45240
                Tracking No: L000198277

CRTR5925                          Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

ROTUNDO, RICK

LOVELAND   OH    45140
Tracking No: L000198278

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 106 | 08/19/09 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY CERTIFIED MAIL<br>Sent on:  08/19/2009  11:52:16 | 1.00 | 1.00 |
| 107 | 08/19/09 | Issue Date:  08/19/2009<br>Service:  CRIMINAL SUBPOENA BY SHERIFF<br>Method:  SERVICE BY SHERIFF OF BUTLER<br>COUNTY<br>Cost Per:  $      2.00<br><br>DAVIS, VICTOR<br>2<br>HAMILTON, OH   45013<br>Tracking No: C000197157<br><br>DAVIS, ELLIOT BUTCH<br>2<br>HAMILTON, OH   45011<br>Tracking No: C000197158 | 4.00 | 4.00 |
| 108 | 08/19/09 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY SHERIFF<br>Sent on:  08/19/2009  12:20:07 | 1.00 | 1.00 |
| 109 | 08/19/09 | OUT OF STATE WITNESS APPLICATION FILED<br>Attorney: COOK REICH, MELYNDA (0066596)<br>--303 | 0.00 | 0.00 |
| 110 | 08/21/09 | STATE'S SUPPLEMENTAL DISCOVERY FILED<br>Attorney: OSTER Junior, MICHAEL A (0076491)<br>--304 | 0.00 | 0.00 |
| 111 | 08/26/09 | STATE'S SUPPLEMENTAL DISCOVERY<br>(08/26/2009) FILED Attorney: OSTER Junior,<br>MICHAEL A (0076491)<br>--305 | 0.00 | 0.00 |

RTR5925                          Detail

R 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| u | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---------|---|---|---|
| 12 | 08/28/09 | Issue Date: 08/28/2009<br>Service: SUBPOENA BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: PROSECUTOR'S OFFICE<br>Cost Per: $     5.00 | 5.00 | 5.00 |
| | | FURMON, CHARLES R<br>▮▮▮▮▮▮<br>HAMILTON, OH   45013<br>Tracking No: C000070886 | | |
| | | LINK, LISA<br>▮▮▮▮▮▮<br>CINTI, OH   45239<br>Tracking No: C000070887 | | |
| | | BRANDABUR, Dr JOSEPH H<br>BUTLER COUNTY CORONER'S OFFICE<br>200 N 'F' STREET<br>HAMILTON, OH   45011<br>Tracking No: C000070888 | | |
| 13 | 08/28/09 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 08/28/2009 09:04:30 | 1.00 | 1.00 |
| 14 | 08/28/09 | CERTIFICATE UNDER UNIFORM ACT TO SECURE<br>THE ATTENDANCE OF WITNESS FROM WITHOUT A<br>STATE IN CRIMINAL PROCEEDINGS FILED<br>--306 | 4.00 | 4.00 |
| 15 | 08/31/09 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method    : SERVICE BY CERTIFIED MAIL<br>Issued    : 08/19/2009<br>Service   : SUBPOENA BY CERTIFIED MAIL<br>Served    : 08/20/2009<br>Return    : 08/31/2009<br>On        : ROTUNDO, RICK<br>Signed By : RICK ROTUNDO<br><br>Reason    : CERTIFIED MAIL SERVICE<br>SUCCESSFUL<br>Comment   :<br><br>Tracking # : L000198278 | 0.00 | 0.00 |

CRTR5925                        Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 16 | 08/31/09 | RETURN RECEIPT OF CERTIFIED MAIL OF | 0.00 | 0.00 |

       Method    : SERVICE BY CERTIFIED MAIL
       Issued    : 08/19/2009
       Service   : SUBPOENA BY CERTIFIED MAIL
       Served    : 08/20/2009
       Return    : 08/31/2009
       On        : TIPTON, ALLUSTER
       Signed By : ALLUSTER TIPTON

       Reason    : CERTIFIED MAIL SERVICE
       SUCCESSFUL
       Comment   :

       Tracking # : L000198276

| 17 | 08/31/09 | RETURN RECEIPT OF CERTIFIED MAIL OF | 0.00 | 0.00 |

       Method    : SERVICE BY CERTIFIED MAIL
       Issued    : 08/19/2009
       Service   : SUBPOENA BY CERTIFIED MAIL
       Served    : 08/20/2009
       Return    : 08/31/2009
       On        : DAVIS, SHERRY
       Signed By : SHERRY DAVIS

       Reason    : CERTIFIED MAIL SERVICE
       SUCCESSFUL
       Comment   :

       Tracking # : L000198277

| 18 | 08/31/09 | RETURN RECEIPT OF CERTIFIED MAIL OF | 0.00 | 0.00 |

       Method    : SERVICE BY CERTIFIED MAIL
       Issued    : 08/19/2009
       Service   : SUBPOENA BY CERTIFIED MAIL
       Served    : 08/20/2009
       Return    : 08/31/2009
       On        : SMITH, CAROL A
       Signed By : ALLUSTER TIPTON

       Reason    : CERTIFIED MAIL SERVICE
       SUCCESSFUL
       Comment   :

       Tracking # : L000198274

| 19 | 08/31/09 | RETURN RECEIPT OF CERTIFIED MAIL OF | 0.00 | 0.00 |

       Method    : SERVICE BY CERTIFIED MAIL
       Issued    : 08/19/2009
       Service   : SUBPOENA BY CERTIFIED MAIL
       Served    : 08/20/2009
       Return    : 08/31/2009
       On        : STINEMAN, JEROME
       Signed By : ILLEGIBLE

       Reason    : CERTIFIED MAIL SERVICE
       SUCCESSFUL
       Comment   :

       Tracking # : L000198275

CRTR5925                                    Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
---

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|

20  08/31/09 STATE'S SUPPLEMENTAL DISCOVERY (8/31/2009)          0.00           0.00
             FILED Attorney: OSTER Junior, MICHAEL A
             (0076491)
             --307

21  08/31/09 DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST          0.00           0.00
             FOR DISCOVERY FILED Attorney: COOK REICH,
             MELYNDA (0066596)
             --308

22  09/02/09 FAILURE OF RESIDENCE SERVICE ON:                    8.00           8.00
                  Method    : SERVICE BY SHERIFF OF
             BUTLER COUNTY
                  Issued    : 08/19/2009
                  Service   : CRIMINAL SUBPOENA BY SHERIFF
                  Served    :
                  Return    : 09/02/2009
                  On        : DAVIS, ELLIOT BUTCH
                  Signed By :

                  Reason    : FAILURE OF RESIDENCE SERVICE
                  Comment   : BAD ADDRESS, DOES NOT EXIST

                  Tracking # : C000197158

23  09/02/09 PROCESS SERVICE SUCCESSFUL.                         0.00           0.00
                  Method    : SERVICE BY PROCESS SERVER
                  Issued    : 08/28/2009
                  Service   : SUBPOENA  BY PROCESS SERVER
                  Served    : 09/02/2009
                  Return    : 09/02/2009
                  On        : LINK, LISA
                  Signed By :

                  Reason    : PROCESS SERVICE SUCCESSFUL
                  Comment   :

                  Tracking #: C000070887

24  09/02/09 PROCESS SERVICE SUCCESSFUL.                         0.00           0.00
                  Method    : SERVICE BY PROCESS SERVER
                  Issued    : 08/28/2009
                  Service   : SUBPOENA  BY PROCESS SERVER
                  Served    : 09/02/2009
                  Return    : 09/02/2009
                  On        : BRANDABUR, Dr JOSEPH H
                  Signed By :

                  Reason    : PROCESS SERVICE SUCCESSFUL
                  Comment   :

                  Tracking #: C000070888

CRTR5925                                    Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 125 | 09/02/09 | PROCESS SERVICE SUCCESSFUL. Method : SERVICE BY PROCESS SERVER Issued : 08/28/2009 Service : SUBPOENA BY PROCESS SERVER Served : 09/02/2009 Return : 09/02/2009 On : FURMON, CHARLES R Signed By : Reason : PROCESS SERVICE SUCCESSFUL Comment : Tracking #: C000070886 | 0.00 | 0.00 |
| 126 | 09/03/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596) --309 | 0.00 | 0.00 |
| 127 | 09/04/09 | ENTRY GRANTING FUNDS FOR OUT OF STATE WITNESS APPEARANCE FILED --310 | 2.00 | 2.00 |
| 28 | 09/04/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596);Attorney: PORTER, RANDALL (0005835) (FAX) --311 | 0.00 | 0.00 |
| 29 | 09/08/09 | VON CLARK DAVIS EXHIBIT LIST FILED Attorney: COOK REICH, MELYNDA (0066596); Attorney: PORTER, RANDALL (0005835) --312 | 0.00 | 0.00 |
| 30 | 09/09/09 | RETURN-PERSONAL SERVICE OF DOCUMENTS UPON : Method : SERVICE BY SHERIFF OF BUTLER COUNTY Issued : 08/19/2009 Service : CRIMINAL SUBPOENA BY SHERIFF Served : 08/25/2009 Return : 09/09/2009 On : DAVIS, VICTOR Signed By : Reason : PERSONAL SERVICE SUCCESSFUL Comment : BY: KIM PREWITT #1434 (BCSO) Tracking # : C000197157 | 7.50 | 7.50 |
| 31 | 09/11/09 | VERDICT FORM FILED --313 | 0.00 | 0.00 |
| 32 | 09/21/09 | JUDGMENT SENTENCING  VON CLARK DAVIS TO OHIO DEPT OF CORRECTIONS REHABILITATION --314 | 2.00 | 2.00 |
| 33 | 09/21/09 | "STENOGRAPHER" (TAPE TRANSCRIPTION) FEE | 25.00 | 25.00 |
| 34 | 09/21/09 | Taking or receiving prisoner before the judge. | 30.00 | 30.00 |

CRTR5925                                    Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of Journal | Pleadings Filed, Orders and Decrees Book-Page-Nbr      Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------|-------------------|------------|
| 435 | 09/21/09 | SENTENCING OPINION FILED --315 | 24.00 | 24.00 |
| 436 | 09/22/09 | FILING IN COURT OF APPEALS AND NOTIFICATION TO SUPREME COURT OF JUDGMENT ENTRY OF CONVICTION AND SENTENCING OPINION FILED NASTOFF, PATER, SPAETH, JUDGES --316 | 2.00 | 2.00 |
| 437 | 09/23/09 | UPS TRACKING INFORMATION; PROOF OF DELIVERY | 0.00 | 0.00 |
| 438 | 10/12/09 | DEFENDANT ON PROBATION OR INCARCERATED. COSTS TO BE COLLECTED BY PROBATION. | 0.00 | 0.00 |
| 439 | 10/22/09 | TRANSCRIPT REQUEST FILED | 0.00 | 0.00 |
| 440 | 11/02/09 | REQUEST FOR COURT PAID EXPERTS AND/OR EXPENSES $487.50 FILED | 2.00 | 2.00 |
| 441 | 01/08/10 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES $16,519.25 & AFFIDAVIT OF INDIGENCY FILED, for atty.: MELYNDA COOK --317 | 2.00 | 2.00 |
| 442 | 01/13/10 | ENTRY  TO SEAL DOCUMENT...ENTRY GRANTING DEFENDANTS MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A PSYCHOLOGIST FILED NASTOFF,J --318 | 0.00 | 0.00 |
| 443 | 01/26/10 | DEFENDANT'S MOTION FOR APPOINTMENT AND MOTION TO ALLOW APPEARANCE PRO HAC VICE FILED Attorney: KOMP, LAURENCE (0060142) (FAX) --319 | 0.00 | 0.00 |
| 444 | 01/27/10 | REQUEST FOR COURT PAID EXPERTS AND/OR EXPENSES $17,862.00 FILED | 2.00 | 2.00 |
| 445 | 02/10/10 | ENTRY UNDER SEAL ; ENTRY GRANTING DEFENDANTS MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A PSYCHOLOGIST FILED NASTOFF,J --320 | 0.00 | 0.00 |
| 446 | 02/11/10 | ORDER GRANTS DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO ALLOW APPEARANCE PRO HAC VICE FILED (FAX) --321 | 2.00 | 2.00 |
| 447 | 03/26/10 | ENTRY DEFENDANT'S MOTION FOR THE APPROPRIATION OF FUNDS FOR A PSYCHOLOGIST(APRIL 3, 2008) BE REFILED UNDER SEAL FILED NASTOFF,J --322 | 2.00 | 2.00 |

RTR5925                              Detail

R 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|----------------------------------------------------------------------|-------------------------------|-------------|
| 48 | 03/26/10 | ENTRY DEFENDANT'S MOTION FOR THE APPROPRIATION OF FUNDS FOR A PSYCHOLOGIST(APRIL 3, 2006) BE REFILED UNDER SEAL FILED NASTOFF,J --323 | 2.00 | 2.00 |
| 49 | 06/23/10 | PRECIPE FOR DEATH WARRANT IN STATE CASE FILED Attorney PIPER Prosecutor Butler County Ohio, ROBIN (23205) --324 | 0.00 | 0.00 |
| 50 | 07/15/10 | ENTRY ORDERING WRIT FOR EXECUTION OF DEATH PENALTY FILED --325 | 2.00 | 2.00 |
| 51 | 07/20/10 | Issue Date:  07/20/2010 Service:  DEATH WARRANT Method:  SERVICE BY CERTIFIED MAIL Cost Per:  $      8.00  SUPREME COURT OF OHIO CLERKS OFFICE 65 SOUTH FRONT ST  8TH FLOOR COLUMBUS, OH   43215 Tracking No: L000226575 | 8.00 | 8.00 |
| 52 | 07/20/10 | DEATH WARRANT ISSUED.  DEATH WARRANT Sent on:  07/20/2010  11:10:09 | 0.00 | 0.00 |
| 53 | 07/21/10 | Issue Date:  07/21/2010 Service:  PERSONAL SERVICE BY SHERIFF Method:   SERVICE BY SHERIFF OF BUTLER COUNTY Cost Per:  $       2.00  SOUTHERN OHIO CORRECTIONAL FACILITY LUCASVILLE, OH   45699 Tracking No: C000216863 | 2.00 | 2.00 |
| 54 | 07/21/10 | PERSONAL SERVICE OF WRIT: UPON:  PERSONAL SERVICE BY SHERIFF Sent on:  07/21/2010  11:04:57 | 0.00 | 0.00 |

55   07/21/10  PERSONAL SERVICE DEATH WARRANT

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5785

CRTR5925                                Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------|---------------------|-------------|
| 156 | 07/21/10 | Issue Date:  07/21/2010 Service:  DEATH WARRANT Method:  SERVICE BY CERTIFIED MAIL Cost Per:  $        8.00 | 8.00 | 8.00 |

DAVIS, VON CLARK
c/o ATTY: KOMP, LAURENCE
ATTORNEY AT LAW
PO BOX 1785
MANCHESTER, MI   63011
Tracking No: L000226665

| 57 | 07/21/10 | DEATH WARRANT ISSUED. | 0.00 | 0.00 |

DEATH WARRANT
Sent on:  07/21/2010  11:44:42

| 58 | 07/21/10 | Issue Date:  07/21/2010 Service:  DEATH WARRANT Method.  SERVICE BY INTER-OFFICE COURIER Provider: JOHNSON, CAROLYN Cost Per:  $        5.00 | 10.00 | 10.00 |

BUTLER COUNTY PROSECUTORS OFFICE
315 HIGH ST, 11TH FLOOR
ATTN MIKE OSTER
HAMILTON, OH   45011
Tracking No: I000003538

NASTOFF Judge, ANDREW
GOVERNMENT SERVICES CENTER
315 HIGH STREET 3RD FLOOR
HAMILTON, OH   45011
Tracking No: I000003539

| 59 | 07/21/10 | DEATH WARRANT ISSUED. | 0.00 | 0.00 |

DEATH WARRANT
Sent on:  07/21/2010  12:12:40

RTR5925                                    Detail

R 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of Journal | Pleadings Filed, Orders and Decrees Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 60 | 07/27/10 | RETURN RECEIPT OF CERTIFIED MAIL OF | 0.00 | 0.00 |

           Method     : SERVICE BY CERTIFIED MAIL
           Issued     : 07/20/2010
           Service    : DEATH WARRANT
           Served     : 07/23/2010
           Return     : 07/27/2010
           On         : SUPREME COURT OF OHIO
           Signed By  : SUPREME COURT OF OHIO

           Reason     : CERTIFIED MAIL SERVICE
       SUCCESSFUL
           Comment    :

           Tracking # : L000226575

| 61 | 07/27/10 | RETURN RECEIPT OF CERTIFIED MAIL OF | 0.00 | 0.00 |

           Method     : SERVICE BY CERTIFIED MAIL
           Issued     : 07/21/2010
           Service    : DEATH WARRANT
           Served     : 07/23/2010
           Return     : 07/27/2010
           On         : KOMP, LAURENCE
           Signed By  : LAURENCE E KOMP

           Reason     : CERTIFIED MAIL SERVICE
       SUCCESSFUL
           Comment    :

           Tracking # : L000226665

| 62 | 08/30/10 | PERSONAL SERVICE OF DEATH WARRANT : UPON: BUTLER COUNTY SHERIFF TO SERVE   SOUTHERN OHIO CORRECTIONAL FACILITY SERVED: 8/20/10 | 0.00 | 0.00 |

| 63 | 09/13/10 | ALL PAPERS SENT TO COURT OF APPEALS | 0.00 | 0.00 |

                        Totals By:  COST                    4,186.25      4,186.25
                                    INFORMATION                 0.00          0.00
                        *** End of Report ***

RTR5925                                    Detail

| Case Number | Status | Judge |
|---|---|---|
| A 2009 10 0263 | Open | |

| In The Matter Of | | Action |
|---|---|---|
| DAVIS, VON CLARK vs. OHIO, STATE OF | | COURT APPEALS CR COMMON PLEAS DEFENDENT |

| Party | | Attorneys |
|---|---|---|
| DAVIS, VON CLARK | APPT | KOMP, LAURENCE ATTORNEY AT LAW PO BOX 1785 MANCHESTER, MI 63011 |
| OHIO, STATE OF | APPE | PIPER III, ROBERT N C/O THE BUTLER COUNTY PROSECUTORS OFFICE 315 HIGH ST 11TH FLOOR HAMILTON, OH 45011 |

| Opened | Disposed | Case Type |
|---|---|---|
| 10/20/2009 | UNDISPOSED (Unterminated) | COURT OF APPEALS |

Comments:

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| | 10/20/09 | FUNDS ON DEPOSIT FOR COURT COST. | | 0.00 |
| | 10/20/09 | Legal aid fees pursuant to ORC 2303.210 (C). | 26.00 | 26.00 |
| | 10/20/09 | NOTICE OF APPEAL FILED Complaint & Filing fee for each cause of action ORC 2303.20(A). --1 | 25.00 | 25.00 |
| | 10/20/09 | Clerk of Courts Computerization Fee pursuant to ORC 2303.201 (B)(1). | 10.00 | 10.00 |
| | 10/20/09 | Court Computerization Fee pursuant to ORC 2303.201 (A)(1). | 3.00 | 3.00 |
| | 10/20/09 | MOTION FOR PREPARATION OF COMPLETE TRANSCRIPT OF PROCEEDINGS AT STATE EXPENSE FILED Attorney: KOMP, LAURENCE (0060142) --2 | 0.00 | 0.00 |
| | 10/20/09 | NOTICE OF APPEARANCE OF LAURENCE KOMP FILED --3 | 0.00 | 0.00 |
| | 10/20/09 | AFFIDAVIT OF INDIGENCY FILED --4 | 0.00 | 0.00 |
| | 10/20/09 | STATEMENT, PRECIPE / REQUEST FILED | 0.00 | 0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5788

CRTR5925                                    Detail

CA 2009 10 0263    DAVIS, VON CLARK vs. OHIO, STATE OF
─────────────────────────────────────────────────────────────────────────────

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|-----------------------------------------------------------------------|-------------------------------|-------------|

| .0 | 10/20/09 | CERTIFICATE OF INDIGENCY<br>--6 | 0.00 | 0.00 |
| .1 | 10/20/09 | TRANSCRIPT OF DOCKET & JOURNAL ENTRIES FILED ORIGINAL PAPERS FILED<br>--7 | 4.00 | 4.00 |
| .2 | 10/20/09 | DOCKET STATEMENT FILED COPY TO COURT OF APPEALS<br>--8 | 1.00 | 1.00 |
| 3 | 10/26/09 | Issue Date: 10/26/2009<br>Service:  CASE DOCKET SHEET<br>Method:   SERVICE BY ORDINARY MAIL<br>Cost Per: $      5.00 | 10.00 | 10.00 |

                    DAVIS, VON CLARK
                    c/o ATTY: KOMP, LAURENCE
                    ATTORNEY AT LAW
                    PO BOX 1785
                    MANCHESTER, MI   63011
                    Tracking No: 1000490428

                    OHIO, STATE OF
                    c/o ATTY: PIPER III, ROBERT N
                    C/O THE BUTLER COUNTY PROSECUTORS OFFICE
                    315 HIGH ST
                    11TH FLOOR
                    HAMILTON, OH   45011
                    Tracking No: 1000490429

| 4 | 10/26/09 | CASE DOCKET SHEET ISSUED. | 1.00 | 1.00 |

                    CASE DOCKET SHEET
                    Sent on:  10/26/2009  15:30:35

| 5 | 11/06/09 | SCHEDULING ORDER FILED POWELL, J<br>--9 | 2.00 | 2.00 |
| 6 | 11/06/09 | NOTICE OR REQUIREMENTS OF LOC.R.12 (A)<br>--10 | 2.00 | 2.00 |
| 7 | 11/10/09 | Issue Date: 11/10/2009<br>Service:  COURT OF APPEALS COPY<br>Method:   SERVICE BY ORDINARY MAIL<br>Cost Per: $      5.00 | 10.00 | 10.00 |

                    DAVIS, VON CLARK
                    c/o ATTY: KOMP, LAURENCE
                    ATTORNEY AT LAW
                    PO BOX 1785
                    MANCHESTER, MI   63011
                    Tracking No: 1000493166

                    OHIO, STATE OF
                    C/O ATTY: PIPER III, ROBERT N

CRTR5925                                    Detail

CA 2009 10 0263    DAVIS, VON CLARK vs. OHIO, STATE OF

                   315 HIGH ST
                   11TH FLOOR
                   HAMILTON, OH    45011
                   Tracking No: 1000493167

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|----------------------------------------------------------------|----------------------------------|-------------|
| 18 | 11/10/09 | COPIES TO ATTORNEYS AND/OR PARTIES OF<br>RECORD ISSUED:<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on:  11/10/2009  11:03:02 | 1.00 | 1.00 |
| 19 | 12/18/09 | MOTION FOR EXTENSION OF TIME TO FILE<br>APPELLANT'S BRIEF FILED. COPIES ISSUED TO<br>CA<br>--11 | 0.00 | 0.00 |
| 20 | 01/08/10 | ENTRY TO SEAL TRANSCRIPTS OF PROCEEDINGS<br>FILED NASTOFF,J<br>--12 | 2.00 | 2.00 |
| 21 | 01/08/10 | SEAL DOCUMENT...FINAL STATUS CONFERENCE<br>HEARING TRANSCRIPT OF PROCEEDING SEPTEMBER<br>3, 2009 FILED JILL M CUTER, RPR<br>--13 | 0.00 | 0.00 |
| 22 | 01/08/10 | SEAL DOCUMENT......MOTION HEARING<br>TRANSCRIPT OF PROCEEDINGS DECEMBER 4, 2007<br>FILED JILL M CUTTER, RPR<br>--14 | 0.00 | 0.00 |
| 23 | 01/08/10 | SEAL DOCUMENT......MOTION HEARING<br>TRANSCRIPT OF PROCEEDINGS DECEMBER 3, 2007<br>FILED JILL M CUTTER, RPR<br>--15 | 0.00 | 0.00 |
| 24 | 01/08/10 | SEAL DOCUMENT.......MOTION HEARING<br>TRANSCRIPT OF PROCEEDINGS MARCH 6, 2008<br>FILED JILL M CUTTER, RPR<br>--16 | 0.00 | 0.00 |
| 25 | 01/08/10 | SEAL DOCUMENT..........MOTION HEARING<br>TRANSCRIPT OF PROCEEDINGS NOVEMBER 24,<br>2008 FILED JILL M CUTTER, RPR<br>--17 | 0.00 | 0.00 |
| 26 | 01/08/10 | SEAL DOCUMENT.........MOTION HEARING<br>TRANSCRIPT OF PROCEEDINGS MARCH 18, 2008<br>FILED JILL M CUTTER RPR<br>--18 | 0.00 | 0.00 |
| 27 | 01/08/10 | SEAL DOCUMENT..........MITIGATION HEARING<br>TRANSCRIPT OF PROCEEDINGS SEPTEMBER 8,<br>2009 VOLUME I FILED JILL M CUTTER, RPR<br>--19 | 0.00 | 0.00 |
| 28 | 01/08/10 | SEAL DOCUMENT..........MITIGATION HEARING<br>TRANSCRIPT OF PROCEEDINGS SEPTEMBER 9,<br>2009 VOLUME II FILED JILL M CUTTER, RPR<br>--20 | 0.00 | 0.00 |

CRTR5925                              Detail

CA 2009 10 0263    DAVIS, VON CLARK vs. OHIO, STATE OF

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr        Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 29 | 01/08/10 | SEAL DOCUMENT..........MITIGATION HEARING<br>TRANSCRIPT OF PROCEEDINGS SEPTEMBER 10,<br>2009 VOLUME III FILED JILL M CUTTER, RPR<br>--21 | 0.00 | 0.00 |
| 30 | 01/08/10 | SEAL DOCUMENT.........MOTION HEARING<br>TRANSCRIPT OF PROCEEDINGS AUGUST 28, 2008<br>FILED JILL M CUTTER, RPR<br>--22 | 0.00 | 0.00 |
| 31 | 01/08/10 | SEAL DOCUMENT..........MOTION HEARING<br>TRANSCRIPT OF PROCEEDINGS AUGUST 27, 2008<br>FILED JILL M CUTTER, RPR<br>--23 | 0.00 | 0.00 |
| 32 | 01/08/10 | SEAL DOCUMENT..........MOTION HEARING<br>TRANSCRIPT OF EX-PARTE PROCEEDINGS<br>NOVEMBER 24, 2008 FILED JILL M CUTTER, RPR<br>(not scanned envelope sealed by court)<br>--24 | 0.00 | 0.00 |
| 33 | 01/08/10 | SEAL DOCUMENT..........MOTION HEARING<br>TRANSCRIPT OF EX-PARTE PROCEEDINGS MARCH<br>18, 2008 FILED JILL M CUTTER, RPR<br>(not scanned filed in sealed envelope by<br>court)<br>--25 | 0.00 | 0.00 |
| 34 | 01/08/10 | SEAL DOCUMENT..........MOTION HEARING<br>TRANSCRIPT OF EX-PARTE PROCEEDINGS APRIL<br>21, 2009 FILED JILL M CUTTER, RPR<br>(not scanned filed in sealed envelope by<br>court)<br>--26 | 0.00 | 0.00 |
| 35 | 01/08/10 | EXHIBITS FILED<br>(not scanned filed in a sealed envelope by<br>court)<br>--27 | 0.00 | 0.00 |
| 36 | 01/08/10 | ENTRY GRANTING DEFTS MOTION FOR AN<br>EXTENSION OF TIME TO FILE TRANSCRIPT OF<br>PROCEEDINGS FILED NASTOFF, J<br>--28 | 2.00 | 2.00 |
| 37 | 01/08/10 | NOTICE OF FILING OF COMPLETE TRANSCRIPTION<br>OF ALL PROCEEDINGS<br>--29 | 0.00 | 0.00 |
| 38 | 01/12/10 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT<br>FEE\Ct Reprtr JILL CUTTER FILED NASTOFF, J<br>--30 | 2.00 | 2.00 |
| 39 | 01/12/10 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT<br>FEE\Ct.Reprtr JILL CUTTER FILED NASTOFF, J<br>--31 | 2.00 | 2.00 |
| 40 | 01/12/10 | CERTIFICATE \ TRANSCRIPT FEES $2320.00,<br>filed (amount +$2.in line 3) (certifed<br>copies>Auditor) FILED NASTOFF, J<br>--32 | 2.00 | 2.00 |

CRTR5925                                    Detail

CA 2009 10 0263    DAVIS, VON CLARK vs. OHIO, STATE OF

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 41 | 01/12/10 | MOTION AND CERTIFICATION BY COURT REPORTER FOR TRANSCRIPTION FEES FILED Attorney  PRO SE () --33 | 0.00 | 0.00 |
| 42 | 01/15/10 | Issue Date: 01/15/2010 Service:  NOTICE OF COMPLETE RECORD Method:  SERVICE BY ORDINARY MAIL Cost Per:  $      5.00 | 10.00 | 10.00 |

            DAVIS, VON CLARK
            c/o ATTY: KOMP, LAURENCE
            ATTORNEY AT LAW
            PO BOX 1785
            MANCHESTER, MI   63011
            Tracking No: 1000503739

            OHIO, STATE OF
            c/o ATTY: PIPER III, ROBERT N
            C/O THE BUTLER COUNTY PROSECUTORS OFFICE
            315 HIGH ST
            11TH FLOOR
            HAMILTON, OH   45011
            Tracking No: 1000503740

| 43 | 01/15/10 | RULE 11(B ) NOTICE OF COMPLETE RECORD TO ATTORNEYS AND PARTIES ISSUED. | 2.00 | 2.00 |
|  |  | COMPLETE RECORD OF COURT OF APPEALS Sent on:  01/15/2010  12:08:24 |  |  |
| 44 | 01/15/10 | NOTICE | 0.00 | 0.00 |
| 45 | 01/15/10 | RULE 11(B ) NOTICE OF COMPLETE RECORD TO ATTORNEYS AND PARTIES ISSUED. | 2.00 | 2.00 |
|  |  | COMPLETE RECORD OF COURT OF APPEALS Sent on:  01/15/2010  12:14:11 |  |  |
| 46 | 01/15/10 | NOTICE | 0.00 | 0.00 |
| 7 | 01/19/10 | ENTRY SETTING ASIDE TWO ORDERS TO PAY FOR TRANSCRIPTS MOTION AND CERTIFICATION BY COURT REPORTER FOR TRANSCRIPTION FEES AND CLERKS AUDITORS TRANSCRIPT FEE FOR AN INDIGENT DEPT FILED NASTOFF, J --34 | 2.00 | 2.00 |
| 8 | 01/19/10 | CERTIFICATE \ TRANSCRIPT FEES $2276.00, filed (Amount +$2.in line 3) (certified copies Auditor) FILED NASTOFF, J --35 | 2.00 | 2.00 |

CRTR5925                                 Detail

CA 2009 10 0263    DAVIS, VON CLARK vs. OHIO, STATE OF

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 49 | 01/19/10 | MOTION AND CERTIFICATION BY COURT REPORTER FOR TRANSCRIPTION FEES FILED Attorney: PRO SE () --36 | 0.00 | 0.00 |
| 50 | 01/19/10 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE $792.00\Ct.Reprtr JILL CUTTER FILED NASTOFF, J --37 | 2.00 | 2.00 |
| 51 | 01/19/10 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE $1484.00\Ct.Reprtr JILL CUTTER FILED NASTOFF, J --38 | 2.00 | 2.00 |
| 52 | 02/24/10 | MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S MERIT BRIEF FILED, COPIES ISSUED TO CA (FAX) --39 | 0.00 | 0.00 |
| 53 | 03/03/10 | ENTRY GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPELLANTS BRIEF FILED BENNETT A. MANNING --40 | 2.00 | 2.00 |
| 54 | 03/08/10 | Issue Date: 03/08/2010 Service:  COURT OF APPEALS COPY Method:   SERVICE BY ORDINARY MAIL Cost Per: $        5.00  DAVIS, VON CLARK c/o ATTY: KOMP, LAURENCE ATTORNEY AT LAW PO BOX 1785 MANCHESTER, MI    63011 Tracking No: 1000512660  OHIO, STATE OF c/o ATTY: PIPER III, ROBERT N C/O THE BUTLER COUNTY PROSECUTORS OFFICE 315 HIGH ST 11TH FLOOR HAMILTON, OH    45011 Tracking No: 1000512661 | 10.00 | 10.00 |
| 5 | 03/08/10 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.  COURT OF APPEALS COPY ISSUED Sent on:  03/08/2010  10:00:12 | 1.00 | 1.00 |
| 6 | 04/08/10 | APPELLANT'S SECOND MOTION FOR EXTENSION OF TIME TO FILE HIS MERIT BRIEF UP TO AND INCLUDING MAY 19, 2010 FILED Attorney: KOMP, LAURENCE (0060142) --41 | 0.00 | 0.00 |

CRTR5925                           Detail

CA 2009 10 0263   DAVIS, VON CLARK vs. OHIO,STATE OF

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 57 | 04/16/10 | ENTRY GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPELLANTS BRIEF FILED BENNETT, A. MANNING --42 | 2.00 | 2.00 |
| 58 | 04/22/10 | Issue Date: 04/22/2010 Service: COURT OF APPEALS COPY Method: SERVICE BY ORDINARY MAIL Cost Per: $        5.00 | 10.00 | 10.00 |

DAVIS, VON CLARK
c/o ATTY: KOMP, LAURENCE
ATTORNEY AT LAW
PO BOX 1785
MANCHESTER, MI   63011
Tracking No: 1000520876

OHIO,STATE OF
c/o ATTY: PIPER III, ROBERT N
C/O THE BUTLER COUNTY PROSECUTORS OFFICE
315 HIGH ST
11TH FLOOR
HAMILTON, OH   45011
Tracking No: 1000520877

| 9 | 04/22/10 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED. | 1.00 | 1.00 |

COURT OF APPEALS COPY ISSUED
Sent on:  04/22/2010 09:32:44

| 0 | 05/10/10 | APPELLANT'S MOTION TO FILE AN OVERSIZED BRIEF OF SIXTY PAGES IN APPELLANT'S CAPITAL APPEAL FILED Attorney: KOMP, LAURENCE (0060142) --43 | 0.00 | 0.00 |
| 1 | 05/14/10 | APPELLANT'S UNOPPOSED MOTION TO FILE AN OVERSIZED BRIEF OF TWENTY-FIVE PAGES IN APPELLANT'S CAPITAL APPEAL (FAX FILED 5-14-2010) FILED Attorney: KOMP, LAURENCE (0060142) --44 | 0.00 | 0.00 |
| 2 | 05/17/10 | MERIT BRIEF OF APPELLANT FILED   (file & send original and (3) three copies to 12th district) --45 | 0.00 | 0.00 |
| 3 | 05/27/10 | ENTRY GRANTING APPELLANT LEAVE TO FILE BRIEF WITH FIVE ADDITIONAL PAGES FILED BENNETT A. MANNING --46 | 2.00 | 2.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5794

CRTHDF25                                           Detail

CA 2009 10 0263    DAVIS, VON CLARK vs. OHIO, STATE OF

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|----------------------------------------------------------------------|-------------------------------|-------------|
| 64 | 06/04/10 | Issue Date:  06/04/2010<br>Service:  COURT OF APPEALS COPY<br>Method:  SERVICE BY ORDINARY MAIL<br>Cost Per:  $        5.00 | 10.00 | 10.00 |

DAVIS, VON CLARK
c/o ATTY: KOMP, LAURENCE
ATTORNEY AT LAW
PO BOX 1785
MANCHESTER, MI    63011
Tracking No: 1000528980

OHIO, STATE OF
c/o ATTY: PIPER III, ROBERT N
C/O THE BUTLER COUNTY PROSECUTORS OFFICE
315 HIGH ST
11TH FLOOR
HAMILTON, OH    45011
Tracking No: 1000528981

| 65 | 06/04/10 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED. | 1.00 | 1.00 |

COURT OF APPEALS COPY ISSUED
Sent on:  06/04/2010  11:58:18

| 66 | 07/14/10 | MOTION FOR EXTENSION OF TIME TO FILE APPELLEE'S BRIEF FILED.  COPIES ISSUED TO CA<br>--47 | 0.00 | 0.00 |
| 67 | 07/21/10 | ENTRY GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPELLEES BRIEF FILED BENNETT A. MANNING<br>--48 | 2.00 | 2.00 |
| 68 | 07/26/10 | Issue Date:  07/26/2010<br>Service:  COURT OF APPEALS COPY<br>Method:  SERVICE BY SHERIFF OF BUTLER COUNTY<br>Cost Per:  $        2.00 | 4.00 | 4.00 |

DAVIS, VON CLARK
c/o ATTY: KOMP, LAURENCE
ATTORNEY AT LAW
PO BOX 1785
MANCHESTER, MI    63011
Tracking No: C000217072

OHIO, STATE OF
c/o ATTY: PIPER III, ROBERT N
C/O THE BUTLER COUNTY PROSECUTORS OFFICE
315 HIGH ST
11TH FLOOR
HAMILTON, OH    45011
Tracking No: C000217073

CA 2009 10 0263   DAVIS, VON CLARK vs. OHIO, STATE OF

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|----------------------------------------------------------------------|-------------------------------|-------------|
| 69 | 07/26/10 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED. | 1.00 | 1.00 |
| | | COURT OF APPEALS COPY ISSUED Sent on: 07/26/2010  09:32:33 | | |
| 70 | 07/27/10 | APPELLANT'S MOTION FOR A STAY OF EXECUTION FILED Attorney: KOMP, LAURENCE (0060142) (FAX FILED) --49 | 0.00 | 0.00 |
| 71 | 07/30/10 | BRIEF OF APPELLEE FILED   (file & send original & (3) copies  to 12th District) --50 | 0.00 | 0.00 |
| 72 | 07/30/10 | MOTION TO EXCEED PAGE LIMITATION FILED Attorney: OSTER Junior, MICHAEL A (0076491) --51 | 0.00 | 0.00 |
| 73 | 08/02/10 | REQUEST FOR ORAL ARGUMENT FILED (indicate-CA/Midd.sheet) COPY SENT TO CA/MIDD --52 | 0.00 | 0.00 |
| 74 | 08/04/10 | ENTRY GRANTING MOTION TO EXCEED PAGE LIMITATION FOR APPELLEES BRIEF FILED --53 | 2.00 | 2.00 |
| 75 | 08/05/10 | MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S REPLY BRIEF FILED, COPIES ISSUED TO CA --54 | 0.00 | 0.00 |
| 76 | 08/09/10 | Issue Date:  08/09/2010 Service:  COURT OF APPEALS COPY Method:  SERVICE BY ORDINARY MAIL Cost Per: $      5.00 | 10.00 | 10.00 |

       DAVIS, VON CLARK
       c/o ATTY: KOMP, LAURENCE
       ATTORNEY AT LAW
       PO BOX 1785
       MANCHESTER, MI   63011
       Tracking No: 1000540340

       OHIO, STATE OF
       c/o ATTY: PIPER III, ROBERT N
       C/O THE BUTLER COUNTY PROSECUTORS OFFICE
       315 HIGH ST
       11TH FLOOR
       HAMILTON, OH   45011
       Tracking No: 1000540341

CRTR5925                                     Detail

CA 2009 10 0263   DAVIS, VON CLARK vs. OHIO, STATE OF

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|---------|---------|---------|
| 77 | 08/09/10 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED. | 1.00 | 1.00 |
| | | COURT OF APPEALS COPY ISSUED Sent on: 08/09/2010 12:07:52 | | |
| 78 | 08/13/10 | ENTRY GRANTING EXTENSION OF TIME TO FILE REPLY BRIEF FILED BENNETT A. MANNING --55 | 2.00 | 2.00 |
| 79 | 08/13/10 | REQUEST OF COURT/APPEALS ADMIN.OFFICE TO ASSEMBLE & ARRANGE\TRANSMITTAL OF CASE FILE,copy-fileroomCA | 0.00 | 0.00 |
| 80 | 08/17/10 | Issue Date: 08/17/2010 Service: COURT OF APPEALS COPY Method: SERVICE BY ORDINARY MAIL Cost Per: $     5.00 | 10.00 | 10.00 |
| | | DAVIS, VON CLARK c/o ATTY: KOMP, LAURENCE ATTORNEY AT LAW PO BOX 1765 MANCHESTER, MI   63011 Tracking No: 1000541897 | | |
| | | OHIO,STATE OF c/o ATTY: PIPER III, ROBERT N C/O THE BUTLER COUNTY PROSECUTORS OFFICE 315 HIGH ST 11TH FLOOR HAMILTON, OH   45011 Tracking No: 1000541898 | | |
| 1 | 08/17/10 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED. | 1.00 | 1.00 |
| | | COURT OF APPEALS COPY ISSUED Sent on: 08/17/2010 13:41:57 | | |
| 2 | 08/23/10 | REPLY BRIEF OF APPELLANT FILED Attorney: KOMP, LAURENCE (0060142) --56 | 0.00 | 0.00 |

|  | Totals By: COST | 199.00 | 199.00 |
|--|------------------|--------|--------|
|  | COURT COST DEPOSIT | | 0.00 |
|  | INFORMATION | 0.00 | 0.00 |

*** End of Report ***

COMMON PLEAS Court of Butler County, OHIO

CA95 07 0124

 (Page 1)

APPEARANCE AND EXECUTION DOCKET

| TITLE OF CASE | ATTORNEYS | ACTION |
|---|---|---|
| STATE OF OH<br><br>VS<br><br>VON CLARK DAVIS | JOHN F HOLCOMB<br><br>LINDA E PRUCHA | APPEAL OF DEFENDANT<br>(12th District Appeals)<br>Comments/Judges<br>CR83 12 0614/21655<br>ENTRY 6/30/95<br>MATTHEW J CREHAN, JUDGE |

| Date of | Page | Pleadings Filed, Orders and Decrees | Amount |
|---|---|---|---|
| 07/31/95 | | NOTICE OF APPEAL FILED, LINDA E PRUCHA & TRACEY LEONARD, ASST ST PUBLIC DEFENDER, ATTYS/CR812 0614 & 21655 /MATTHEW J CREHAN, J/ ENTRY 6/30/95 cc:CA-Midd;Judge;CDS>file & by mail>attys\parties indicated as of record | 25.00 |
| 07/31/95 | | CLERK'S COMPUTER FEES | 10.00 |
| 07/31/95 | | AFFIDAVIT OF INDIGENCY FILED | |
| 07/31/95 | | DOCKET STATEMENT FILED COPY TO COURT OF APPEALS FILED | 1.00 |
| 07/31/95 | | PRECIPE FOR COMPLETE TRANSCRIPT OF DOCKET AND JOURNAL ENTRIES FILED | 2.00 |
| 08/02/95 | | * TRANSCRIPT OF DOCKET & JOURNAL ENTRIES FILED ORIGINAL PAPERS FILED (CR83 12 0614 & 21655) | 1.00 |
| 08/08/95 | | APPELLANT'S MOTION TO FILE BRIEF IN EXCESS OF 20 PAGES W/MWMORANDUM ATTACHED FILED/TRACEY LEONARD, ATTY | |
| 08/10/95 | | >Notice/Filing\COMPLETE RECORD ISSUED TO ATTYS AND/OR PARTIES (Indicate C.A.Admn.sheet) | 2.00 |
| 08/11/95 | | SCHEDULING ORDER FILED COPIES ISSUED<br>Journal 00493   Page 00548 | 8.00 |
| 08/11/95 | | NOTICE OR REQUIREMENTS OF LOC.R.12 (A)<br>Journal 00493   Page 00550 | 2.00 |
| 08/17/95 | | JOURNAL ENTRY APPELLANT'S BRIEF SHALL NOT EXCEED 50 PAGES IN LENGTH FILED YOUNG, J<br>Journal 00495   Page 00247 | 2.00 |
| 09/12/95 | | MOTION FOR EXTENSION OF TIME TI FILE APPELLANT'S BRIEF FILED LINDA E PRUCHA, ATTY | |
| 09/20/95 | | ENTRY EXTENDING TIME TO FILE APPELLANT'S BRIEFS FILED (ISSUE COPIES)NO LATER 10-19-95 FILED YOUNG, J<br>Journal 00505   Page 00573 | 2.00 |
| 10/11/95 | | MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF FILED LINDA E PRUCHA, ATTY | |
| 10/16/95 | | ENTRY EXTENDING TIME TO FILE APPELLANT'S BRIEFS FILED (ISSUE COPIES)NO LATER 11-19-95 FILED YOUNG, J<br>Journal 00515   Page 00372 | 2.00 |
| 11/22/95 | | REQUEST FOR ORAL ARGUMENT FILED (indicate-CA/Midd.sheet) COPY SENT TO CA/MIDD. FILED LINDA E PRUCHA, PUBLIC DEFENDER | |
| 11/22/95 | | MERIT BRIEF OF APPELLANT FILED LINDA E | |

COMMON PLEAS Court of Butler County, OHIO

○ 07 0124                                                                    (Page 2)

APPEARANCE AND EXECUTION DOCKET

| TITLE OF CASE | ATTORNEYS | ACTION |
|---|---|---|
| STATE OF OH<br><br>VS<br><br>VON CLARK DAVIS | JOHN F HOLCOMB<br><br>LINDA E PRUCHA | APPEAL OF DEFENDANT<br>(12th District Appeals)<br>Comments/Judges<br>CR83 12 0614/21655<br>ENTRY 6/30/95<br>MATTHEW J CREHAN, JUDGE |

| Date of | Page | Pleadings Filed, Orders and Decrees | Amount |
|---|---|---|---|
| | | (Con't from previous page)<br>PRUCHA, PUBLIC DEFENDER | |
| 12/29/95 | | MOTION FOR EXTENSION OF TIME TO FILE BRIEF(VON<br>CLARK DAVIS) | |
| 01/03/96 | | ENTRY EXTENDING TIME TO FILE APPELLEE'S BRIEF<br>FILED (COPIES ISSUED) NO LATER 1-11-96 FILED<br>YOUNG,J | 2.00 |
| | | Journal 00538    Page 00523 | |
| 01/09/96 | | MOTION FOR PERMISSION TO EXCEED PAGE LIMITATION<br>FILED DANIEL G EICHEL,FIRST ASSISTANT PROSECUTING<br>ATTY | |
| 01/10/96 | | BRIEF OF APPELLEE FILED,JOHN F HOLCOMB,PRSTG ATTY &<br>DANIEL G EICHEL 1ST PRSTG ATTY | |
| 01/17/96 | | JOURNAL ENTRY MOTION OF APPELLEE REQUESTING LEAVE<br>TO FILE A BRIEF 22 PAGES IN EXCESS; BRIEF NOT TO<br>EXCEED 42 PAGES IN LENGTH FILED YOUNG,J | 2.00 |
| | | Journal 00540    Page 00142 | |
| | | TOTAL | 61.00 |

Close Open Save Print | Add Delete Search FullScr Server Image Sumry Events

CA 1989 09 0123        DAVIS, VON CLARK  vs.   OH, STATE OF    CPCJ

Search Criteria
Docket Entry
Images                              Begin Date                      SortDescending
Participant                          End Date

Search Results

| | | | Amt Owed/<br>Amt Dismissed<br>Amt Owed/<br>Amount<br>Dismissed | | |
|---|---|---|---|---|---|
| Docket<br>Date | Referenc<br>e | Description | Amt | Dismissed | Amount Due |
| 9/15/1999 | | ALL PAPERS RETURN FROM SUPREME COURT OF OHIO | | 0.00 | 0.00 |
| 9/13/1999 | | JOURNAL ENTRY FILEDJOURNAL ENTRY  THE<br>JUDGMENT OF COURT OF APPEAL IS AFFIRMED<br>CONSISTENT WITH THE OPINION RENDERED<br>HEREIN;  APPELLE RECOVER FROM APPELLANT &<br>MANDATE BE SENT TO COURT OF APPEALS FILED<br>THOMAS J MOYER,CHIEF JUSTICE | | 2.00 | 2.00 |
| 9/13/1999 | | JOURNAL ENTRY MANDATE; JUDGMENT IS AFFIRMED<br>CONSISTENT WITH OPINION RENDERED HEREIN<br>FILED THOMAS J MOYER,CHIEF JUSTICE | | 2.00 | 2.00 |
| 3/9/1999 | | RETURN RECEIPT OF CERTIFIED MAIL OF<br>    Method    : SERVICE BY CERTIFIED MAIL<br>    Issued    : 02/25/1999<br>    Served    : 03/03/1999<br>    Return    : 03/09/1999<br>    On        : SUPREME COURT OF OHIO<br>    Signed By : ILLEGIBLE<br><br>    Reason    : CERTIFIED MAIL SERVICE<br>    Comment   :<br><br>    Tracking #: P000-061-835 | | | 0.00 |
| 2/25/1999 | | Issue Date: 02/25/1999<br>Service   : CASE DOCKET SHEET ISSUED<br>Method    : SERVICE BY ORDINARY MAIL<br>Cost Per  :$     4.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: BODIKER, DAVID H<br>8 EAST LONG ST 11TH FLOOR<br>COLUMBUS, OH   43215-0614<br>Tracking No: 1000005301<br><br>OHIO, STATE OF<br>c/o ATTY: HOLCOMB, JOHN F<br>216 SOCIETY BANK BLDG<br>6 S SECOND ST<br>HAMILTON, OH   45012-0515<br>Tracking No: 1000005302 | | 8.00 | 8.00 |
| 2/25/1999 | | COPIES OF CASE DOCKET SHEET ISSUED | | 0.50 | 0.50 |
| 2/25/1999 | | Issue Date: 02/25/1999<br>Service   : ORIGINAL CASE FILE  ISSUED BY<br>CERTIFIED MAIL<br>Method    : SERVICE BY CERTIFIED MAIL<br>Cost Per  :$     5.00 | | 5.00 | 5.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5800

CLERK
30 E BROAD ST
COLUMBUS, OH   43266-0419
Tracking No: P000061835

| Date | Description | | |
|------|-------------|---|---|
| 2/25/1999 | ORIGINAL CASE FILE  ISSUED BY CERTIFIED MAIL | 0.00 | 0.00 |
| 2/25/1999 | ALL PAPERS SENT TO SUPREME COURT OF OHIO | 0.00 | 0.00 |
| 2/5/1999 ✓not numbered 42-620-53 | ORDER TO CERTIFY RECORD TO SUPREME COURT OHIO | 2.00 | 2.00 |
| 2/5/1999 --52 ✓ | NOTICE OF APPEAL FILED TO THE SUPREME COURT OH FILED 2-1-99 CASE #99 0252 | 0.00 | 0.00 |
| 8/31/1998 --51 ✓ | APPELLEES MEMORANDUM IN OPPOSITION TO MOTION FOR DELAYED REOPENING FILED DAN EICHEL,ATTY | 0.00 | 0.00 |
| 8/21/1998 --50 ✓ | APPEAL TAKEN FROM COURT OF COMMON PLEAS,BUTLER CO CASE #CR83-12-0614 DIRECT APPEAL OF RIGHT IN A CAPITAL CASE APPLICATION FOR REOPENING PURSUANT TO APP. R. 26 (B) FILED JOHN MARSHALL,ATTY,DAVID H BODIKER,OH PUBLIC DEFENDER,LORI LEON,ASST STATE      PUBLI DEFENDER | 0.00 | 0.00 |
| 2/6/1997 674-581-49 ✓ not numbered | JOURNAL ENTRY STAY OF EXECUTION ENTERED IN THIS CAUSE ON OCTOBER 29, 1993 BE AND IS HEREBY REVOKED; SENTENCE IS TO BE CARRIED INTO EXECUTION BY THE WARDEN OF THE SOUTHER OH CORR FACILITY ON MONDAY 5-5-97; CERTIFIED COPY OF THIS ENTRY &  WARRANT  UNDER THE SEAL OF THIS COURT BE DULY CERTIFIED TO THE WARDEN OF THE SOUTHERN OH CORRECTIONAL FACILITY & WARDEN MAKE DUE RETURN TO THE CLERK OF THE COURT OF COMMON PLEAS BUTLER CO ; FILED THOAMS J MOYER CHIEF  JUSTICE SUPREME COURT OHIO | 2.00 | 2.00 |
| 11/8/1993 317-438-48 ✓ | JOURNAL ENTRY MOTION FILED BY COUNSEL FOR APPELLANT TO CONTINUE STAY OF EXECUTIION IS GRANTED & STAYOF EXECUTION OF ALL PROCEEDINGS FOR POST-CONVICITON RELIEF; COUNSEL FOR APPELLANT & FOR APPELLEE SHALL NOTIFY THIS COURT WHEN ALL PROCEEDINGS FOR   POST-CONVICITON RELIEF HAVE BEEN EXHAUSTED FILED THOMS J MOYER,CHIEF JUSTICE | 2.00 | 2.00 |
| 6/2/1993 274-590-47 ✓ not numbered | JOURNAL ENTRY ORDERED BY THE COURT THAT SECOND MOTION FOR REHEARING DENIED FILED THOMAS J MOYER CHIEF JUSTICE SUPREME COURT OH | 2.00 | 2.00 |
| 4/12/1993 261-353-46 ✓ | JOURNAL ENTRY GRANTING STAY OF EXECUTION OF SENTENCE FOR 6 MOS FILED THOMAS J MOYER,J | 2.00 | 2.00 |
| 2/17/1993 249-542-45 ✓ | JOURNAL ENTRY APPELLEE'S MOTION TO SET EXECUTION GRANTED; SENTENCE BE CARRIED INTO EXECUTION BY WARDEN OF SOUTHERN OH CORR FACILITY 5/11/93 FILED MOYER,J SUPREME COURT OH | 2.00 | 2.00 |
| 4/23/1992 | [ Clerk's memo ] : STAY IN SUPREME COURT OF OHIO # 90 -2524 FILED IN CA89 09 0123 | 0.00 | 0.00 |
| 4/23/1992 177-789-44 ✓ | JOURNAL ENTRY OF STAY OF EXECUTION OF SENTENCE FILED IN SUPREME COURT OF OHIO # 90 -2524 -pending the filing of a writ of certiorari in the Supreme ct.) | 2.00 | 2.00 |
| 4/8/1992 | ALL PAPERS RETURN FROM SUPREME COURT OF OH | 0.00 | 0.00 |
| 3/31/1992 | WARRANT & CERTIFIED COPY OF ENTRY SENT TO WARDEN OF SOUTHERN OH.CORRECTIONAL FACILITY TO CARRY OUT EXECUTION & MAKE RETURN THEREOF AS ORDERED | NOT Found 0.00 | 0.00 |

| Date | Description | | |
|---|---|---|---|
| 3/30/1992 | MANDATE (of 2/19/92) filed, forwarded to C.A.fileroom clerk > COPY TO -12th District Appeals Court # SUPREME CT # S C 90 -2524, CHIEF JUSTICE THOMAS MOYER | 0.00 | 0.00 |
| 3/30/1992 172-61-41 | MEMORANDUM DECISION/ENTRY OF JUDGMENT-of 2/19/92) AFFIRMING DECISON OF THE 12TH DISTRICT COURT OF APPEALS | 2.00 | 2.00 |
| 3/30/1992 172-62-42 | ENTRY (of 3/25/92)DENYING RE-HEARING,CHIEF JUSTICE THOS.MOYER | 2.00 | 2.00 |
| 3/30/1992 172-63-43 | OPINION FILED 99 Ohio St.3 d State v-Davis Statement of the case (Death penalty upheld) | 20.00 | 20.00 |
| 3/7/1991 | RETURN RECEIPT OF OHIO SUPREME COURT SIGNED: ILLEGIBLE DATE: 3/5/91 | 9.15 | 9.15 |
| 3/1/1991 | ALL PAPERS SENT TO COURT OF APPEALS OF OH | 0.00 | 0.00 |
| 11/27/1990 --40 | * NOTICE OF APPEAL FILED TO SUPREME COURT OF OH | 0.00 | 0.00 |
| 11/27/1990 | COPIES SENT TO CA/MIDD,. | 0.00 | 0.00 |
| 10/29/1990 60-546-38 | MEMORANDUM DECISION/ENTRY OF JUDGMENT-AFFIRMING FILED | 2.00 | 2.00 |
| 10/29/1990 | MANDATE issued-trial ct. COPIES ISSUED TO ATTORNEY OF RECORD BY REGULAR MAIL | 2.00 | 2.00 |
| 10/29/1990 60-547-39 | OPINION FILED | 28.00 | 28.00 |
| 7/12/1990 --37 | NOTICE OF INTENTION TO INTRODUCE RECORD OF ADDITIONAL AUTHORITIES | 0.00 | 0.00 |
| 5/15/1990 | REQUEST OF COURT/APPEALS ADMIN.OFFICE TO Not filed ASSEMBLE & ARRANGE\TRANSMITTAL OF CASE FILE,copy-fileroomCA | 1.00 | 1.00 |
| 5/11/1990 --36 | REPLY BRIEF FILED | 0.00 | 0.00 |
| 5/8/1990 26-376-35 | ENTRY GRANTING REQUEST TO EXCEED PAGE LIMITATIONS OF 31 PAGES FILED,YOUNG,J | 2.00 | 2.00 |
| 5/2/1990 --33 | BRIEF OF APPELLEE FILED | 0.00 | 0.00 |
| 5/2/1990 --34 | MOTION FOR LEAVE TO FILE BRIEF EXCEEDING PAGE LIMIT | 0.00 | 0.00 |
| 4/20/1990 22-798-32 | ENTRY EXTENDING TIME TO FILE APPELLEE'S BRIEF FILED, COPIES ISSUED | 4.00 | 4.00 |
| 4/12/1990 --31 | MOTION FOR EXTENSION OF TIME TO FILE APPELLEE'S BRIEF FILED. COPIES ISSUED TO CA | 0.00 | 0.00 |
| 3/23/1990 --29 | BRIEF OF APPELLANT FILED | 0.00 | 0.00 |
| 3/23/1990 --30 | REQUEST FOR ORAL ARGUMENT FILED | 0.00 | 0.00 |
| 3/1/1990 --25 | *TRANSCRIPT OF ARRAIGNMENT | 0.00 | 0.00 |
| 3/1/1990 12-502-26 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr | 2.00 | 2.00 |
| 3/1/1990 12-504-28 | CERTIFICATE FOR TRANSCRIPT FEES FILED $7.50 | 9.50 | 9.50 |

12-503-27

| Date | Description | | |
|---|---|---|---|
| 2/13/1990<br>10-46-24 | ENTRY EXTENDING TIME TO FILE APPELLANT'S BRIEFS FILED, COPIES ISSUED YOUNG,J ON OR BEFORE 3-16-90 | 4.00 | 4.00 |
| 2/9/1990<br>--23 | CERTIFICATE OF MAILING ON DAVID STEBBINS DATE: 2/9/90 | 0.45 | 0.45 |
| 2/7/1990<br>--22 | *TRANSCRIPT OF PROCEEDING or HEARING,FILED (HMC PRE-LIM.) | 0.00 | 0.00 |
| 2/7/1990<br>9-90-21 | ENTRY GRANTING SUPPLEMENT TO TRANSCRIPT FROM HAM.MUN CT C/HMC | 2.00 | 2.00 |
| 2/6/1990<br>--20 | MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S MERIT BRIEF FILED. COPIES ISSUED TO CA | 0.00 | 0.00 |
| 1/24/1990<br>6-555-19 | ORDER GRANTING LEAVE TO FILE BRIEF EXCEEDING PAGE LIMIT | 2.00 | 2.00 |
| 1/17/1990<br>--18 | MOTION TO EXCEED PAGE LIMIT | 0.00 | 0.00 |
| 1/8/1990<br>--17 | MOTION TO SUPPLEMENT RECORD | 0.00 | 0.00 |
| 12/8/1989<br>--16 | ENTRY EXTENDING TIME TO FILE APPELLANT'S BRIEFS FILED, COPIES ISSUED J50 P43 | 4.00 | 4.00 |
| 12/5/1989<br>--15 | MOTION FOR EXTENSION OF TIME TO FILE APPELLANT'S BRIEF FILED. COPIES ISSUED TO CA | 0.00 | 0.00 |
| 11/30/1989<br>--14 | ENTRY GRANTING STAY OF DEATH SENTENCE J49 P660 ,YOUNG,J.;HENDRICKSON,J. COPY MAILED TO LUCASVILLE BY EXPRESS | 2.00 | 2.00 |
| 11/20/1989<br>--13 | MOTION FOR STAY OF EXECUTION | 0.00 | 0.00 |
| 11/20/1989<br>--12 | *TRANSCRIPT OF PROCEEDING or HEARING,FILED | 0.00 | 0.00 |
| 11/20/1989 | NOTICE OF FILING COMPLETE RECORD ISSUED TO ATTYS AND/OR PARTIES A | 0.00 | 0.00 |
| 11/17/1989<br>--11 | *TRANSCRIPT OF PROCEEDING or HEARING,FILED | 0.00 | 0.00 |
| 11/15/1989<br>--8 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr J049P202 | 2.00 | 2.00 |
| 11/15/1989<br>--9 | CERTIFICATE FOR TRANSCRIPT FEES FILED J49 P340 $78 | 80.00 | 80.00 |
| 11/15/1989<br>--10 | CERTIFICATE FOR TRANSCRIPT FEES FILED J49 P341 $117 | 119.00 | 119.00 |
| 10/17/1989<br>--7 | ENTRY EXTENDING TIME TO FILE TRANS, OF PROCEEDING FILED, COPIES ISSUED J47 P304 YOUNG,J. | 4.00 | 4.00 |
| 10/10/1989<br>--6 | MOTION FOR EXTENSION OF TIME TO FILE TRANSCRIPT OF PROCEEDING FILED. COPIES ISSUED TO CA. | 0.00 | 0.00 |
| 10/3/1989<br>--5 | * TRANSCRIPT OF DOCKET & JOURNAL ENTRIES FILED ORIGINAL PAPERS FILED | 143.00 | 143.00 |
| 9/21/1989<br>--4 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr & APPT ATTY-R.DANA,YOUNG ,J. J46 436 | 2.00 | 2.00 |
| 9/21/1989<br>--3 | NOTICE OF REQUIREMENTS OF LOCAL APPELLATE RULE 9 (A) FILED COPIES ISSUED TO ATTYS | 2.00 | 2.00 |
| 9/21/1989<br>--2 | SCHEDULING ORDER FILED COPIES ISSUED J0046P419 | 8.00 | 8.00 |
| 9/6/1989 | NOTICE OF APPEAL FILED COPIES ISSUED TO | 15.00 | 15.00 |

RECEIVED

MAY 17 2011

CLERK OF COURT
SUPREME COURT OF OHIO

ORIGINAL

IN THE SUPREME COURT OF OHIO

FILED

MAY 17 2011

CLERK OF COURT
SUPREME COURT OF OHIO

State of Ohio, Appellee,

v.

Von Clark Davis, Appellant

:
:
:
:
:
:        Case No. 11-0538
:
:
:
:

## MOTION FOR PERMISSION TO APPEAR PRO HAC VICE

Pursuant to Gov.Bar R. XII(2)(A)(6), Alan M. Freedman , attorney for Von Clark Davis ,
hereby moves the Supreme Court of Ohio to grant Mr. Freedman permission to appear pro
hac vice and participate as counsel or co-counsel in this case for Von Clark Davis, the Appellant .

Movant represents that the following is a list of the jurisdictions in which _he_ has ever
been licensed to practice law, including dates of admission to practice, resignation, or retirement, and any
attorney registration numbers:
State of Illinois, Registration Number 0869570, Admitted 05/16/1972

Movant represents that _he_ has not been granted permission to appear pro hac vice in more than
three proceedings before Ohio tribunals in the current calendar year pursuant to Gov.Bar R. XII(2)(A)(5).
John P. Parker , an active Ohio attorney in good standing, has agreed to
associate with Movant on this case.

The affidavit required by Gov.Bar R. XII(2)(A)(6), a copy of Movant's certificate of pro hac vice
registration furnished by the Supreme Court of Ohio Office of Attorney Services, and a certificate indicating
service of this Motion on all known parties and attorneys of record are attached. Movant understands that, if
this Motion is granted, Movant must file a Notice of Permission to Appear Pro Hac Vice and a copy of the

Order granting permission with the Supreme Court of Ohio Office of Attorney Services within thirty days of the Order.

Alan M. Freedman
_____
(Name of Movant/PHV Attorney)

PHV - PHV-1282-2011
_____
(PHV Registration Number)

Midwest Center for Justice, Ltd.
_____
(Law Firm or Employer, if applicable)

P.O. Box 6528
_____
(Business Address)

Evanston, IL 60204
_____
(City, State or Country, ZIP Code)

847/492-1563
_____
(Business Telephone)

847/492-1861
_____
(Business Fax)

fbpc@aol.com
_____
(Business E-Mail)

██████████████

██████████████
_____
(Residential Address)

# THE SUPREME COURT *of* OHIO

## OFFICE OF ATTORNEY SERVICES

IN THE MATTER OF THE APPLICATION OF

**Alan M. Freedman**

**AFFIDAVIT OF APPLICANT**
Gov. Bar R. XII, Section 2(A)(3)

FOR PRO HAC VICE REGISTRATION

State of _____ Illinois _____ )

County of _____ Cook _____ )  ss:

_____ Alan M. Freedman _____, being first duly cautioned, swears or affirms as follows:

a.  I have never been disbarred from the practice of law.

b.  I have been admitted to the practice of law in the following jurisdiction(s)
_____ Illinois _____.

c.  Choose one:
☑ I am not currently suspended from the practice of law in any jurisdiction where I have been admitted to practice.

☐ I am currently suspended from the practice of law in the following jurisdiction(s): _____

d.  Choose one:
☑ I have not resigned from the practice of law with discipline pending in any jurisdiction where I have been admitted to practice.

☐ I have resigned from the practice of law with discipline pending in the following jurisdiction(s): _____.

SIGNATURE OF APPLICANT:

Sworn to or affirmed before me and subscribed in my presence the _____ Sixteenth

day of _____ May _____, 20 11.

**Carol R. Heise**

_____ NOTARY PUBLIC

OFFICIAL SEAL
CAROL R HEISE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/28/13

# THE SUPREME COURT *of* OHIO

### OFFICE OF ATTORNEY SERVICES

IN THE MATTER OF THE APPLICATION OF

**Alan Freedman**

_____

**FOR PRO HAC VICE REGISTRATION**

per Gov. Bar R. XII, Section 2(A)(3)

Certificate of

PRO HAC VICE
REGISTRATION

2011

Registration Number:
PHV- 1282-2011

_____ Alan Freedman _____, having met the requirements of, and found to be in

full compliance with, Section 2(A)(3) of Rule XII of the Rules for the Government of the Bar of

Ohio, is hereby issued this certificate of pro hac vice registration in the state of Ohio.

To receive permission to appear pro hac vice in an Ohio proceeding, a motion requesting such

permission must be filed with the tribunal in accordance with Section 2(A)(6) of Rule XII of the

Rules for the Government of the Bar of Ohio.

*Susan B. Christoff*
Susan B. Christoff
Director, Attorney Services

**Expires December 31, 2011**

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5807

**CERTIFICATE OF SERVICE**


      I certify a copy of the foregoing Motion for Permission to Appear Pro Hac Vice and Certificate of Pro Hac Vice Registration 2011, was sent by U.S. Mail to:

Michael T. Gmoser, Butler County Prosecutor
Michael A. Oster, Jr., Assistant Butler County Prosecuting Attorney,
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45011

John P. Parker
988 East 185th Street
Cleveland, Ohio  44119

Laurence E. Komp
P.O. Box 1785
Manchester, Missouri  63011


on this the 16th day of May, 2011.

Alan M. Freedman (Illinois Bar No. 869570)
COUNSEL FOR APPELLANT, Von Clark Davis



In The Supreme Court Of Ohio

State Of Ohio,                                              :

      Appellee,                                       :

v.                                                         :          Case No.: 2011-0538

Von Clark Davis,                                           :

      Appellant.                                      :          **This Is A Capital Case.**

---

### NOTICE OF STIPULATION TO EXTEND TIME TO FILE APPELLANT'S MERIT BRIEF

---

                    John P. Parker (0041243)
                    Attorney at Law
                    988 East 185th Street
                    Cleveland, Ohio 44119
                    216-881-0900

                    Laurence E. Komp (0060142)
                    Attorney at Law
                    P.O. Box 1785
                    Manchester, Missouri 63011
                    636-207-7330 (Voice)
                    636-207-7351 (Facsimile)
                    lekomp@swbell.net

MICHAEL T. GMOSER
Butler County Prosecutor

MICHAEL A. OSTER
Assistant Prosecuting Attorney
Government Services Center
315 High St., 11th Floor
Hamilton, OH 45011
(513) 887-3474

COUNSEL FOR APPELLEE                COUNSEL FOR APPELLANT DAVIS

**FILED**

MAY 3 1 2011

CLERK OF COURT
SUPREME COURT OF OHIO

In The Supreme Court Of Ohio

State Of Ohio,                                          :

      Appellee,                                    :

v.                                                     :       Case No.: 2011-0538

Von Clark Davis,                                       :

      Appellant.                                   :       **This Is A Capital Case.**

On Appeal From The Butler Court Of Appeals,
Twelfth Appellate District
Case No. CA 2009-10-263

## NOTICE OF STIPULATION TO EXTEND TIME TO FILE APPELLANT'S MERIT BRIEF

    Under S. Ct. Prac. R. 14.3(B)(2)(a), counsel for Von Clark Davis and Appellee, the State of Ohio, have agreed to a stipulated 20 day extension of time to file merit briefs. No prior extensions have been granted.

    The filing date for Appellant's Merit Brief is extended by stipulation from June 6, 2011 to June 27, 2011.

Stipulated and submitted,

Laurence E. Komp (0060142)
**Counsel of Record**
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekomp@swbell.net

John P. Parker (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900

COUNSEL FOR VON CLARK DAVIS

By: _Michael A. Oster_ /by
                              /Lawrence
MICHAEL A. OSTER                Komp
Assistant Prosecuting Attorney
Government Services Center
315 High St., 11th Floor
Hamilton, OH 45011
(513) 887-3474

COUNSEL FOR APPELLEE

### Certificate Of Service

I hereby certify that a true copy of the foregoing NOTICE OF STIPULATION TO

EXTEND TIME TO FILE APPELLANT'S MERIT BRIEF was forwarded by regular U.S. Mail

to Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government

Services Center, 315 High Street, Hamilton, Ohio 45011, this 31st day of May, 2011.

Lawrence E. Komp (0060142)
**Counsel of Record**

## STIPULATION

Undersigned counsel agree that Appellant may extend the filing date for the preparation

of his merit brief for twenty days, up to and including June 27, 2011, as permitted by Rule

14.3(B)(2) of the Rules of Practice of the Ohio Supreme Court.


MICHAEL A. OSTER
Assistant Prosecuting Attorney
Counsel for Appellee
***Signed Pursuant to Telephonic
    Authorization on 5/26/11

LAURENCE E. KOMP
Counsel for Appellant

FILED

JUN 17 2011

CLERK OF COURT
SUPREME COURT OF OHIO

# The Supreme Court of Ohio

State of Ohio                               Case No. 2011-0538

v.                                    E N T R Y

Von Clark Davis

    This cause is pending as a death penalty appeal from the Court of Appeals for Butler County.

    Upon consideration of the motion for admission pro hac vice of Alan M. Freedman, it is ordered by the Court that the motion is granted.

    (Butler County Court of Appeals; No. CA200910263)


Maureen O'Connor
Chief Justice



# IN THE SUPREME COURT OF OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 2011-0538 |
|     Appellee, | : | ON APPEAL FROM THE BUTLER COUNTY COURT OF APPEALS, |
| vs. | : | TWEFLTH APPELLATE DISTRICT. CASE NO. CA2009-10-263 |
| VON CLARK DAVIS, | : | |
|     Appellant. | : | CAPITAL CASE |

---

## MERIT BRIEF OF APPELLANT

---

LAURENCE E. KOMP (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330
lekomp@swbell.net
JOHN P. PARKER (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900
johnpparker@earthlink.net
ALAN M. FREEDMAN (PHV)
(Illinois Bar No. 0869570)
Midwest Center for Justice, LTD.
P.O. Box 6528
Evanston, Illinois 60201
847-492-1563
fbpc@aol.com
COUNSEL FOR APPELLANT

MICHAEL T. GMOSER
Butler County Prosecutor
MICHAEL A. OSTER, JR.
Assistant Butler County Prosecuting Attorneys
Government Services Center, 315 High Street,
Hamilton, Ohio 45011
COUNSEL FOR APPELLEE



FILED

JUN 22 2011

CLERK OF COURT
SUPREME COURT OF OHIO

# TABLE OF CONTENTS

PAGES

TABLE OF AUTHORITIES .................................................................................................... v

PROCEDURAL POSTURE ................................................................................................... 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT ........................................................................................................................... 4

PROPOSITION OF LAW NO. I - THE TRIAL COURT ERRED IN VIOLATION
OF THE EIGHTH AMENDMENT AND DUE PROCESS TO ALLOW A
25-YEAR OLD, STALE JURY WAIVER TO STAND WHEN THERE WAS A NEW
PENALTY HEARING. ............................................................................................................ 4

### Authorities Relied Upon in Support of Proposition of Law No. I

*Adams v. United States ex rel McCann* (1942), 317 U.S. 269 ................................................ 6
*Addington v. Texas* (1979), 441 U.S. 418 ............................................................................. 6
*Boykin v. Alabama* (1964), 395 U.S. 238 ............................................................................. 9
*Bullington v. Missouri* (1981), 451 U.S. 430 ...................................................................... 6,7
*Burnham v. N. Chicago St. Ry. Co.* (7th Cir. 1898), 88 F. 627 ........................................... 18
*Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761 ................................................................ 5,15, 16
*Duncan v. Louisiana* (1968), 391 U.S. 145 ................................................................... 4, 13, 17
Eighth Amendment .................................................................................................... 4, 7, 13, 16
Fourteenth Amendment ........................................................................................................ 17
*Furman v. Georgia* (1972), 408 U.S. 238 ............................................................................. 7
*In re Winship* (1970), 397 U.S. 358 ....................................................................................... 6
*Johnson v. Zerbst* (1938), 304 U.S. 458 .............................................................................. 17
O.R.C. 2929.03(C)(2)(a) ........................................................................................................ 19
O.R.C. 2929.06 (1981) ........................................................................................................... 19
O.R.C. 2929.06 (2010) ........................................................................................................... 19
*Padilla v. Kentucky* (2010), 130 S. Ct. 4235 .................................................................... 4,5
*Patton v. United States* (1930), 281 U.S. 276 ...................................................................... 9
Section 5, Article 1 of the Ohio Constitution ...................................................................... 17
*Simmons v. State* (1905), 75 Ohio St. 346 .......................................................................... 17
Sixth Amendment ............................................................................................................ 4, 7, 17
*State v. Baker* (2008), 119 Ohio St.3d 197, syll., 2008-Ohio-3330 .................................... 19
*State v. Davis* (1988), 38 Ohio St. 3d 361 ........................................................................... 17
*State v. Davis* (1992), 63 Ohio St. 3d 44 .................................................................... 4, 8, 9, 14, 15
*State v. Davis*, 2011 Ohio 787, 2011 Ohio App. LEXIS 681 ................................... 11, 19, 20
*State v. McGee* (Ohio Ct. App. 1998), 128 Ohio App.3d 541 .......................................... 7,8
*State v. Penix* (1987), 32 Ohio St. 3d 369 ........................................................................ 17
*State v. Ruppert* (1978), 54 Ohio St. 2d 263 ....................................................................... 20

i

*State v. Wilson* (June 8, 2011), 2011 Ohio 2669, 2011 Ohio LEXIS 1420 ...........12, 13, 16
*Strickland v. Washington* (1984), 466 U.S. 668 ......................................................10
*United States v. Groth* (6th Cir. 1982), 682 F.2d 578 ....................................................18
*Williams v. Taylor* (2000), 529 U.S. 362.......................................................................15

**PROPOSITION OF LAW NO. II -** THE THREE JUDGE PANEL ERRED IN NOT
CONSIDERING AND GIVING EFFECT TO MITIGATING EVIDENCE...............................21

### Authorities Relied Upon in Support of Proposition of Law No. II

*Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761...........................................................21, 25
*Deutscher v. Whitley* (9th Cir. 1989), 884 F.2d 1152.............................................25
*Eddings v. Oklahoma*, (1982) 455 U.S. 104.........................................21, 23, 24, 26
*Hall v. Washington* (7th Cir. 1997), 106 F.3d 742 .................................................25
*Johnson v. Bagley*, 2006 U.S. Dist. LEXIS 97378, *aff'd* (6th Cir. 2008) 544 F.3d 592 ...25
*Martinez-Macias v. Collins* (5th Cir. 1992), 979 F.2d 1067 .............................25
*Mathis v. Zant* (N.D. Ga. 1989), 704 F. Supp. 1062.................................................25
*Moore v. Johnson* (5th Cir. 1999), 194 F.3d 586 ..................................................25
*Payton v. Woodford* (9th Cir. 2003), 346 F.3d 1204 ............................................23
*Porter v. McCollum* (2009), __ U.S. __, 130 S.Ct. 447 ..................................21, 23, 24, 26
*Rompilla v. Beard* (2005), 545 U.S. 374 ...................................................................24
*Scott v. Schriro* (9th Cir. 2009), 567 F.3d 573 .......................................................26
*State v. Davis* (1992), 63 Ohio St. 3d 44 ........................................................22, 24, 26
*Skipper v. South Carolina* (1986), 487 U.S. 1 .......................................................25
*State v. Simko* (1994), 71 Ohio St.3d 483 ...............................................................25
*State v. Smith* (2000), 87 Ohio St.3d 424, 447 .......................................................25
*State v. Steffen* (1987), 31 Ohio St.3d 111.....................................................22, 23
*State v. Rojas* (1992), 64 Ohio St. 3d 131 ...............................................................25
*U.S. v. Kretutzer* (Army Ct. Crim. App. 2004), 59 M.J. 773........................................26
*Wardrip v. Thaler* (N.D. Tex. 2010), 705 F. Supp. 2d 593 .............................25
*Wiggins v. Smith* (2003), 539 U.S. 510.....................................................................24

**PROPOSITION OF LAW NO. III -** THE TRIAL COURT ERRED IN NOT PRECLUDING
THE DEATH PENALTY AND ENFORCING THE THEN EXISTING PROVISIONS OF
O.R.C. 2929.03(C)(2)(a)....................................................................................................27

### Authorities Relied Upon in Support of Proposition of Law No. III

Art. I, Section 10 of United States Constitution ...............................................29
Art. I, Section 16 of the Ohio Constitution...........................................................28
Art. II, Section 28 of the Ohio Constitution..........................................................29
*Calder v. Bull* (1798), 3 U.S. 386 .............................................................................29
*Carmell v. Texas* (2000), 529 U.S. 513 ...................................................................29
Eighth Amendment.........................................................................................................28
Fifth Amendment............................................................................................................28, 29
Fourteenth Amendment .................................................................................................28, 29

*In Re Medley* (1890), 134 U.S. 160 ........................................................29
*Landgraf v. U.S.I. Film Products* (1994), 511 U.S. 244........................28
*Lindsey v. Washington* (1937), 301 U.S. 397.......................................29
*Miller v. Florida* (1987), 482 U.S. 423..................................................29
O.R.C. 2929.03 ........................................................................................27
O.R.C. 2929.06 ........................................................................................28
O.R.C. 2945.05 ........................................................................................27
O.R.C. 2945.06 ........................................................................................27
*State v. Davis* (1988), 38 Ohio St. 3d 361 ...........................................28
*State v. Davis* (1992), 63 Ohio St. 3d 44 .............................................30
*State v. Davis*, 2011 Ohio 787, 2011 Ohio App. LEXIS 681 ...............29, 30
*State v. Ishmail* (1978), 54 Ohio St.2d 402.........................................30
*State v. Penix* (1987), 32 Ohio St. 3d 369 ...........................................29

**PROPOSITION OF LAW NO. IV** - APPELLANT'S DEATH SENTENCE IS
DISPORPORTIONATE AND INAPPRORPRIATE....................................................31

### Authorities Relied Upon in Support of Proposition of Law No. IV

Eighth Amendment.....................................................................................31
Fourteenth Amendment..............................................................................31
*Profitt v. Florida* (1976), 428 U.S. 242 ...............................................31
*Lockett v. Ohio* (1978), 438 U.S. 586 ..................................................31
O.R.C. 2929.05 ..........................................................................................31
*State v. Carter* (1992), 64 Ohio St.3d 218 ..........................................32
*State v. Cassano* (2002), 96 Ohio St.3d 94, 2002-Ohio-3751 ..........32
*State v. Cowens* (1999), 87 Ohio St.3d 68 ..........................................32
*State v. Taylor* (1997), 78 Ohio St.3d 15 .............................................32

**PROPOSITION OF LAW NO. V** - TWENTY-SIX YEARS ON OHIO'S DEATH ROW
CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT UNDER THE STATE AND
FEDERAL CONSTITUTION, AND INTERNATIONAL LAW..............................33

### Authorities Relied Upon in Support of Proposition of Law No. V

*Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761 ....................................33
*Lackey v. Texas* (1995), 514 U.S. 1045 .............................................33, 34
*State v. Davis* (May 27, 1986), Butler App. No. CA84-06-071, 1986 Ohio App. LEXIS
6919, 1986 WL 5989 ................................................................................33
*State v. Davis* (1988), 38 Ohio St. 3d 361 ..........................................33
*State v. Davis* (Oct. 29, 1990), Butler App. No. CA89-09-123, 1990 Ohio App. LEXIS
4717, 1990 WL 165137 ............................................................................33
*State v. Davis* (1992), 63 Ohio St. 3d 44 ............................................33
*Thompson v. McNeill* (2009), __ U.S. __, 129 S.Ct. 1299 ................34
African Charter on Human and People's Rights, Art. 5 ..........................37
American Convention on Human Rights, Art. 5 .......................................37

Article VII of the International Covenant on Civil and Political Rights ........................... 35
*Catholic Comm'n for Justice & Peace in Zimbabwe v. Attorney General*, No. S.C. 73/93
(Zimb. June 24, 1993), 14 Hum. Rts. L. J. 323 (1993)...................................................... 36
Declaration of Tehran, Final Act of the International Conference on Human Rights 3, 23
GAOR, U.N. Doc. A/CONF. 32/41 (1968) ........................................................................ 37
*De Sanchez v. Banco Central de Nicaragua* (5th Cir. 1985), 770 F.2d 1385 ................... 37
European Convention for the Protection of Human Rights and Fundamental Freedoms,
Art. 3 .................................................................................................................................... 37
*Minister of Justice v. Burns and Rafay*, 2001 SCC 7 (S.C. Canada, 22 March 2001) ...... 36
*Pratt and Morgan v. The Attorney General of Jamaica*, 3 SLR 995, 2 AC 1,
4 All ER 769 (Privy Council 1993)(en banc) ..................................................................... 35
*Simmons v. Roper* (2005), 543 U.S. 551, 125 S.Ct. 1183................................................. 35
*Soering v. United Kingdom,* 11 Eur. Hum. Rts. Rep. 439 (1989) ............................... 35, 36
Universal Declaration of Human Rights, Article 5 ..................................................... 36, 37
*Vatheeswaran v. State of Tamil Nadu*, 2 S.C.R. 348, 353 (India 1983) ............................ 36

**CONCLUSION** ............................................................................................................... 38

**PROOF OF SERVICE** ................................................................................................... 38

## APPENDIX INDEX

1. April 4, 2011, Notice of Appeal ............................................................ A-1
2. February 22, 2011 Court of Appeals, Judgment Entry ......................... A-5
3. February 22, 2011 Court of Appeals, Opinion ...................................... A-6
4. September 21, 2009 Judgment of Conviction Entry............................... A-45
5. September 21, 2009 Sentencing Opinion .............................................. A-47
6. Jury Waiver............................................................................................ A-59
7. ORC Ann. 2929.03 (1981)...................................................................... A-60
8. ORC Ann. 2929.03 (2010)...................................................................... A-62
9. ORC Ann. 2929.06 (1981)...................................................................... A-66
10. ORC Ann. 2929.06 (2010)...................................................................... A-67
11. O.R.C. 2945.05 ...................................................................................... A-69
12. O.R.C. 2945.06 ...................................................................................... A-70
13. Art. 1, Section 5 of the Ohio Constitution ............................................ A-71
14. Art. I, Section 10 of United States Constitution .................................... A-72
15. Art. I, Section 16 of the Ohio Constitution............................................ A-73
16. Art. II, Section 28 of the Ohio Constitution........................................... A-74
17. Fifth Amendment of United States Constitution .................................... A-75
18. Sixth Amendment of United States Constitution.................................... A-76
19. Eighth Amendment of United States Constitution ................................. A-77
20. Fourteenth Amendment of United States Constitution........................... A-78

iv

# TABLE OF AUTHORITIES

**CASES**                                              **PAGES**

*Adams v. United States ex rel McCann* (1942), 317 U.S. 269 ............................................9

*Addington v. Texas* (1979), 441 U.S. 418 ....................................................................6

*Boykin v. Alabama* (1964), 395 U.S. 238 ....................................................................9

*Bullington v. Missouri* (1981), 451 U.S. 430 ...........................................................6, 7

*Burnham v. N. Chicago St. Ry. Co.* (7th Cir. 1898), 88 F. 627 .........................................18

*Calder v. Bull* (1798), 3 U.S. 386 ...........................................................................29

*Carmell v. Texas* (2000), 529 U.S. 513 ....................................................................29

*Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761 ........................................................passim

*Deutscher v. Whitley* (9th Cir. 1989), 884 F.2d 1152 ....................................................25

*De Sanchez v. Banco Central de Nicaragua* (5th Cir. 1985), 770 F.2d 1385 ..................37

*Duncan v. Louisiana* (1968), 391 U.S. 145 .....................................................4, 13, 17

*Eddings v. Oklahoma,* (1982) 455 U.S. 104 .....................................................21, 23, 24, 26

*Furman v. Georgia* (1972), 408 U.S. 238 ....................................................................7

*Hall v. Washington* (7th Cir. 1997), 106 F.3d 742 ......................................................25

*In Re Medley* (1890), 134 U.S. 160 ........................................................................19

*In re Winship* (1970), 397 U.S. 358 ..........................................................................6

*Johnson v. Bagley,* 2006 U.S. Dist. LEXIS 97378, *aff'd* (6th Cir. 2008) 544 F.3d 592 ...25

*Johnson v. Zerbst* (1938), 304 U.S. 458 ....................................................................17

*Lackey v. Texas* (1995), 514 U.S. 1045 ...............................................................33, 34

*Landgraf v. U.S.I. Film Products* (1994), 511 U.S. 244 ..............................................29

*Lindsey v. Washington* (1937), 301 U.S. 397 ............................................................29

*Lockett v. Ohio* (1978), 438 U.S. 586 ......................................................................31

*Martinez-Macias v. Collins* (5th Cir. 1992), 979 F.2d 1067 .........................................25

*Mathis v. Zant* (N.D. Ga. 1989), 704 F. Supp. 1062 ....................................................25

*Miller v. Florida* (1987), 482 U.S. 423 ....................................................................29

*Moore v. Johnson* (5th Cir. 1999), 194 F.3d 586 ........................................................25

*Padilla v. Kentucky* (2010), 130 S. Ct. 4235 ...............................................................4

*Patton v. United States* (1930), 281 U.S. 276 ..............................................................9

*Payton v. Woodford* (9th Cir. 2003), 346 F.3d 1204 ...................................................23

*Porter v. McCollum* (2009), __ U.S. __, 130 S.Ct. 447 ......................................21, 23, 24, 26

*Profitt v. Florida* (1976), 428 U.S. 242 ....................................................................31

*Rompilla v. Beard* (2005), 545 U.S. 374 ..................................................................24

*Scott v. Schriro* (9th Cir. 2009), 567 F.3d 573 ..........................................................26

*Simmons v. State* (1905), 75 Ohio St. 346 ................................................................17

*Simmons v. Roper* (2005), 543 U.S. 551 ..................................................................35

*Skipper v. South Carolina* (1986), 487 U.S. 1 ...........................................................25

*Soering v. United Kingdom,* 11 Eur. Hum. Rts. Rep. 439 (1989) ..............................35, 36

*State v. Baker* (2008), 119 Ohio St.3d 197, syll., 2008-Ohio-3330 ..............................19

*State v. Carter* (1992), 64 Ohio St.3d 218 ................................................................32

*State v. Cassano* (2002), 96 Ohio St.3d 94, 2002-Ohio-3751 ......................................32

*State v. Cowens* (1999), 87 Ohio St.3d 68 ................................................................32

v

*State v. Davis* (May 27, 1986), Butler App. No. CA84-06-071, 1986 Ohio App. LEXIS 6919, 1986 WL 5989 ................................................................................................1, 33
*State v. Davis* (1988), 38 Ohio St. 3d 361 ..............................................................1, 17, 33
*State v. Davis* (Oct. 29, 1990), Butler App. No. CA89-09-123, 1990 Ohio App. LEXIS 4717, 1990 WL 165137 ......................................................................................1, 4, 33
*State v. Davis* (1992), 63 Ohio St. 3d 44 ........................................................................passim
*State v. Davis*, 2011 Ohio 787, 2011 Ohio App. LEXIS 681 .....................................passim
*State v. Ishmail* (1978), 54 Ohio St.2d 402.............................................................................30
*State v. McGee* (Ohio Ct. App. 1998), 128 Ohio App.3d 541 ......................................7, 8
*State v. Penix* (1987), 32 Ohio St. 3d 369 ..........................................................................17, 29
*State v. Rojas* (1992), 64 Ohio St. 3d 131 ..................................................................................25
*State v. Ruppert* (1978), 54 Ohio St. 2d 263 ............................................................................20
*State v. Simko* (1994), 71 Ohio St.3d 483................................................................................25
*State v. Smith* (2000), 87 Ohio St.3d 424, 447, 2000-Ohio-450....................................25
*State v. Steffen* (1987), 31 Ohio St.3d 111.........................................................................22, 23
*State v. Taylor* (1997), 78 Ohio St.3d 15..................................................................................32
*State v. Wilson* (June 8, 2011), 2011 Ohio 2669, 2011 Ohio LEXIS 1420 ...........12, 13, 16
*Strickland v. Washington* (1984), 466 U.S. 668 ....................................................................10
*Thompson v. McNeill* (2009), __ U.S. __, 129 S.Ct. 1299 .................................................34
*United States v. Groth* (6th Cir. 1982), 682 F.2d 578 .........................................................18
*U.S. v. Kretutzer* (Army Ct. Crim. App. 2004), 59 M.J. 773........................................26
*Vatheeswaran v. State of Tamil Nadu*, 2 S.C.R. 348, 353 (India 1983) ...........................36
*Wardrip v. Thaler* (N.D. Tex. 2010), 705 F. Supp. 2d 593 ..............................................25
*Wiggins v. Smith* (2003), 539 U.S. 510.....................................................................................24
*Williams v. Taylor* (2000), 529 U.S. 362 ...................................................................................10

## CONSTITUTIONAL PROVISIONS; STATUTES

Art. 1, Section 5 of the Ohio Constitution...............................................................................17
Art. I, Section 16 of the Ohio Constitution............................................................................28
Art. II, Section 28 of the Ohio Constitution ..........................................................................28
Art. I, Section 10 of United States Constitution ...................................................................29
Eighth Amendment of United States Constitution ....................................4, 7, 13, 16, 28
Fifth Amendment of United States Constitution ............................................................28, 29
Sixth Amendment of United States Constitution...................................................4, 7, 17
Fourteenth Amendment of United States Constitution........................................17, 28, 29
O.R.C. 2929.03 ..........................................................................................................................19, 29
O.R.C. 2945.05 ...................................................................................................................................29
O.R.C. 2945.06 ...................................................................................................................................29
O.R.C. 2929.06 (1981) ....................................................................................................................19
O.R.C. 2929.06 (2010) ..............................................................................................................19, 29

## OTHER AUTHORITIES

Universal Declaration of Human Rights, Article 5 .....................................................36, 37
African Charter on Human and People's Rights, Art. 5 ......................................................37

vi

American Convention on Human Rights, Art. 5 ...............................................37

Article VII of the International Covenant on Civil and Political Rights ...........................37

*Catholic Comm'n for Justice & Peace in Zimbabwe v. Attorney General*, No. S.C. 73/93 (Zimb. June 24, 1993), 14 Hum. Rts. L. J. 323 (1993)...................................................37

Declaration of Tehran, Final Act of the International Conference on Human Rights 3, 23 GAOR, U.N. Doc. A/CONF. 32/41 (1968) ......................................................37

European Convention for the Protection of Human Rights and Fundamental Freedoms, Art. 3 ..........................................................................................................37

*Minister of Justice v. Burns and Rafay*, 2001 SCC 7 (S.C. Canada, 22 March 2001) ......36

*Pratt and Morgan v. The Attorney General of Jamaica*, 3 SLR 995, 2 AC 1, 4 All ER 769 (Privy Council 1993)(en banc) ...............................................................35

vii

## PROCEDURAL POSTURE

In 1984, a three-judge panel convicted Appellant of capital murder in the death of Suzette Butler, and Court of Appeals Twelfth Appellate District, Butler County affirmed the conviction on direct appeal. *See State v. Davis* (May 27, 1986), Butler App. No. CA84-06-071, 1986 Ohio App. LEXIS 6919, 1986 WL 5989 (*Davis I*). This Court affirmed Appellant's convictions but vacated his sentence because the three-judge panel had improperly considered non-statutory aggravating circumstances. *State v. Davis* (1988), 38 Ohio St. 3d 361, 366-73 (*Davis II*).

On remand, the same three-judge panel that originally convicted and sentenced Appellant again imposed the death sentence upon Appellant, without allowing the presentation of new mitigation. The Court of Appeals Twelfth Appellate District, Butler County affirmed this sentence, *see State v. Davis* (Oct. 29, 1990), Butler App. No. CA89-09-123, 1990 Ohio App. LEXIS 4717, 1990 WL 165137 (*Davis III*), as did this Court over dissent. *See State v. Davis* (1992), 63 Ohio St. 3d 44 (*Davis IV*). The United States Court of Appeals for the Sixth Circuit reversed and remanded for a new sentencing hearing for the failure to consider this new mitigating evidence. *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761 (*Davis V*).

On remand, an entirely new three-judge panel re-opened the sentencing proceedings and again imposed the death sentence upon Appellant. T.d. 435 (Sentencing Entry). Appellant timely appealed to the Court of Appeals Twelfth Appellate District, Butler County. The Twelfth District denied relief. *State v. Davis*, 2011 Ohio 787, 2011 Ohio App. LEXIS 681 (*Davis VI*). A-5- A-44.

Appellant timely appealed to this Court (A-1) and now files his merit brief.

1

## STATEMENT OF FACTS

When Appellant waived his right to a jury for the first proceeding he specifically

waived his jury for a specific panel. The waiver signed by the trial court states:

> "I, Von Clark Davis, defendant in the above cause, appearing in open court
> this 8th day of May, 1984, with my attorneys, Michael D. Shanks and John
> A. Garretson, do hereby voluntarily waive my right to trial by jury and elect
> to be tried by a court **to be composed of three judges, consisting of
> Judges Henry J. Bruewer, William R. Stitsinger, and John R. Moser...**"

Jury Waiver, T.d. 84 (emphasis added), A-59. The jury waiver colloquy reaffirms and

incorporates that understanding:

> By the Court: And it goes to all phases except as to the rulings on the
> evidence and findings of fact. Well, if nobody has anything further to say
> we'll have three judges will be here tomorrow, you know who they are, and
> they're in this form here. It'll be myself and Judge Moser and Judge
> Stitsinger.
>
> Mr. Davis: Yes....

Transcript of Motions p. 61. Consequently, the jury waiver signed by Appellant, accepted

and journalized by the trial court, and reviewed at the jury waiver colloquy specifically tied

the waiver to three particular judges.

Appellant was previously found guilty of murder under O.R.C. 2903.01(A) for the

murder of Suzette Butler by the specified three judge panel. Appellant has been on death

row continuously since 1984. As noted in the statement of case, Appellant's case was

remanded for a third sentencing hearing due to errors committed by the specified three

judge panel at the second resentencing.

Appellant attempted to withdraw his jury waiver and have his third sentencing

hearing before a jury. Memorandum Concerning Right to Jury Trial, T.d. 283. Those

2

requests were denied. Entry Journalizing Ruling on Defendant's Motions, T.d. 337 at pp. 13-22.

Appellant also attempted to preclude the death penalty. Motion to Preclude State from Seeking Death Penalty, T.d. 286. That request was also denied. Entry Journalizing Ruling on Defendant's Motions, T.d. 337 at pp. 22-27.

The sentencing hearing was conducted before a three judge panel entirely different from the waiver specified three judge panel from September 8-10, 2009. At the sentencing hearing, the State of Ohio presented the journalized entry and portions of the previous record related to prior purposeful killing specification of Ernestine Griffin.

Appellant presented mitigation evidence from friends and family members. Appellant also presented testimony from prison personnel and the Chair Person of the Parole Board. Appellant also presented expert testimony from Dr. Robert Smith.

The State of Ohio did not present any rebuttal evidence. Both sides presented closing arguments. The panel retired for deliberations at 4:08 p.m. and the death sentence was imposed and the case concluded by 5:10 p.m. (T. p. 368, 370). The three judge panel journalized their sentencing determination. Sentencing Entry, T.d. 435.

3

## ARGUMENT

## PROPOSITION OF LAW NO. I

**THE TRIAL COURT ERRED IN VIOLATION OF THE EIGHTH AND SIXTH AMENDMENT AND DUE PROCESS TO ALLOW A 25-YEAR OLD, STALE JURY WAIVER TO STAND WHEN THERE WAS A NEW PENALTY HEARING.**

Appellant presents four subparts to his First Proposition of Law. Initially, Appellant respectfully requests this Court to reconsider its former rulings that do not permit the vacation of a jury waiver upon a resentencing, or, as presented in the unusual circumstances of Appellant's case, carving out an exception for a third resentencing. Second, the trial court and court of appeals improperly relied upon law of the case and res judicata principles in denying Appellant relief. Third, and perhaps most importantly, Appellant argues that it violates Due Process, the Eighth Amendment, and *Duncan v. Louisiana* (1968), 391 U.S. 145, 156, notwithstanding an interpretation of a state statute to hold Appellant to a twenty-five year old jury waiver when state malfeasance vacated two earlier death sentences. Fourth, Appellant did not knowingly and intelligently waive his right to a jury.

**A.       This court should reconsider *State v. Davis* (1992), 63 Ohio St. 3d 44.**

In *State v. Davis* (1992), 63 Ohio St. 3d 44, this Court held that Appellant herein could not withdraw his earlier jury waiver. Petitioner asks this Court to revisit this holding in the context of an even further remand caused by state malfeasance.

The United States Supreme Court in *Padilla v. Kentucky* (2010), 130 S. Ct. 4235, requires a defendant to be advised of the collateral consequences of his plea. Such collateral or remedial consequences would include that Petitioner would be subject to unfavorable changes in the law that benefit the state, and that he could not take advantage

4

of favorable changes of the law.  As unfair as that practice seems, that is what happened to

Appellant, and he was never under *Padilla* informed of those collateral consequences.

Therefore, this Court should reconsider its ruling in *Davis* via the lens of *Padilla*.

Alternatively, an exception should be made for Appellant's circumstances.  The

Sixth Circuit correctly foreshadowed this issue and properly portended a constitutional

resolution to the issue.  In *Davis V*, 475 F.3d at 780-781:

> Nevertheless, we anticipate that Davis's counsel will renew his motion to
> withdraw the jury waiver upon remand to the state trial court for the new
> sentencing hearing necessitated by our finding of Skipper error. We note
> that under Ohio Revised Code § 2945.05, a waiver of jury trial "may be
> withdrawn by the defendant at any time before the commencement of
> trial." Granted, the resentencing hearing today will not constitute a "trial" in the sense that the petitioner's guilt or innocence is
> again at issue. However, in this case, the proceeding can indeed be
> considered the functional equivalent of "trial" because, unlike sentencing
> in a non-capital case, it will take the form of an evidentiary proceeding on
> the question of whether Davis should receive the death penalty or some
> form of a life sentence.
>
> Moreover, we think there is a legitimate question as to whether a criminal
> defendant should be held to a jury waiver entered almost 25 years before
> his newly-mandated sentencing hearing. In the Sixth Circuit, at least, we
> have recognized that a defendant's jury waiver entered prior to the first
> trial of his case does not bar his right to a jury trial on the same case after
> remand from a reviewing court. *See, e.g., United States v. Groth*, 682 F.2d
> 578, 580 (6th Cir. 1982) ("waiver of a jury trial does not bar a demand for
> a jury on retrial of the same case unless the original waiver explicitly
> covers this contingency");[1] *United States v. Lee*, 539 F.2d 606, 608 (6th
> Cir. 1976) ("when a reviewing court finds error in the conduct of a trial
> and reverses with directions for a new trial . . . the general rule is that a
> litigant is not bound by his prior waiver of a jury trial . . . [u]nless the
> language of a waiver unambiguously states that it will apply in all retrials
> should they be ordered"). *Accord Sinistaj v. Burt*, 66 F.3d 804, 808 (6th
> Cir. 1995) (rule in Groth inapplicable when no event such as reversal and
> remand for a new trial intervenes between the waiver and the attempted
> withdrawal). Likewise, the Ohio courts have held, in reversing a
> conviction "on the basis that [the defendant] was neither charged nor

---

[1] Appellant's jury waiver was contingent upon a three judge panel of Judges Henry J.
Bruewer, William R. Stitsinger, and John R. Moser.  Jury Waiver, T.d. 84, A-59.

5

found guilty of an essential element of the offense," that the defendant's "previous waiver of a jury trial is also inherently revoked by the reversal of the conviction and the [amended] indictment." *State v. McGee*, 128 Ohio App. 3d 541, 715 N.E.2d 1175, 1178 (Ohio Ct. App. 1998). That conclusion was based on the fact that on remand, additional evidence would be introduced from both the prosecution and the defense, as is likely to occur on remand of this case. While not directly on point, because Davis is not facing a new indictment, the reasoning of the Ohio court in McGee should certainly inform the sentencing court's determination of the viability of Davis's jury waiver on remand.

Ohio death penalty procedures are bifurcated hearings or phases. Both phases place the burden upon the State to prove their case beyond a reasonable doubt. "The function of a standard of proof, as that concept is embodied in the Due Process Clause and in the realm of factfinding, is to 'instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication.' *In re Winship* (1970), 397 U.S. 358, 370 (Harlan, J., concurring). The standard serves to allocate the risk of error between the litigants and to indicate the relative importance attached to the ultimate decision." *Addington v. Texas* (1979), 441 U.S. 418, 423. "In a criminal case, [] the interests of the defendant are of such magnitude that historically and without any explicit constitutional requirement they have been protected by standards of proof designed to exclude as nearly as possible the likelihood of an erroneous judgment." *Id.*

The United States Supreme Court has recognized that mitigation phases are trial like and subject to constitutional protections. In *Bullington v. Missouri* (1981), 451 U.S. 430, the Supreme Court noted:

> The procedure that resulted in the imposition of the sentence of life imprisonment upon petitioner Bullington at his first trial, however, differs significantly from those employed in any of the Court's cases where the Double Jeopardy Clause has been held inapplicable to sentencing. The jury in this case was not given unbounded discretion to select an

6

> appropriate punishment from a wide range authorized by statute. Rather, a
> separate hearing was required and was held, and the jury was presented
> both a choice between two alternatives and standards to guide the making
> of that choice. Nor did the prosecution simply recommend what it felt to
> be an appropriate punishment. It undertook the burden of establishing
> certain facts beyond a reasonable doubt in its quest to obtain the harsher of
> the two alternative verdicts. The presentence hearing resembled and,
> indeed, in all relevant respects was like the immediately preceding trial on
> the issue of guilt or innocence. It was itself a trial on the issue of
> punishment so precisely defined by the Missouri statutes.

*Id.* at 438 (footnote omitted). The Court found that Double Jeopardy protections applied

specifically because penalty phase hearings bear a sharp resemblance to guilt phase trials:

> By enacting a capital sentencing procedure that resembles a trial on the
> issue of guilt or innocence… The "embarrassment, expense and ordeal"
> and the "anxiety and insecurity" faced by a defendant at the penalty phase
> of a Missouri capital murder trial surely are at least equivalent to that
> faced by any defendant at the guilt phase of a criminal trial… Because the
> sentencing proceeding at petitioner's first trial was like the trial on the
> question of guilt or innocence, the protection afforded by the Double
> Jeopardy Clause to one acquitted by a jury also is available to him, with
> respect to the death penalty, at his retrial.

*Bullington*, 451 U.S. at 444-446.

The harshness of the procedure herein required a defendant to be subject to a jury

waiver that is approximately twenty-five years old. This violates Due Process and the

Eighth and Sixth Amendment because Appellant is subject to a stale jury waiver from

1984 when there were different facts and equities involved in 2009. First, it is arbitrary

and capricious to hold Appellant to such a stale waiver when the law has changed and the

facts have changed. *Furman v. Georgia* (1972), 408 U.S. 238. This is a case where the

mitigating evidence presented in 2009 is substantially different than the mitigating

evidence presented in 1984.

The trial court and the court of appeals failed to give proper credence to *State v.*

*McGee* (Ohio Ct. App. 1998), 128 Ohio App.3d 541. *McGee* indicated that a jury waiver

7

could not stand when new evidence would be presented at the re-trial, due to an amended indictment. *Id.* at 545. Appellant's case is no different than *McGee*.

First, the trial court specifically excluded the consideration of the previous proceedings. *See* T.p. 19, 22. This alone insured that an entirely different factual predicate was to be considered by the new three judge panel. Second, Appellant presented mitigation in 2009 that was substantially different in nature and kind than that considered in 1984.

As noted by the trial court in 2009, Appellant presented mitigation covering eleven (11) different topical areas, which were "borderline personality disorder," "alcohol abuse," "love and support of family members and friends," "testimony of Defendant's daughter, Sherry Davis, regarding her forgiveness of Defendant for the purposeful killing of her mother," "good behavior while in prison," "childhood and family experience, and the impact of each upon Defendant's personality development and mental health," "remorse and apology," "age (62 years old)," "probability of no release from prison," "whether a sentence of life in prison would bring closure to the victim's family," and "the savings to taxpayers should a life sentence be imposed." Sentencing Entry, T.d. 435 at pp. 4-5. The trial court then briefly described the sources of the above information. *Id.* at pp. 5-8.[2]

The wealth of the above mitigation should be compared to dearth of mitigation presented in 1984. As previously described (and presumed correct) by this Court in *Davis IV*, Appellant presented as mitigation in 1984 the following

> In mitigation, appellant presented evidence concerning his academic accomplishments in prison while he was incarcerated for the murder of his wife. Specifically, during this period of incarceration, appellant attended the general education and development program for high school

_____

[2] The three judge panel's review of the mitigation was not constitutionally sufficient.

8

graduation and was awarded a high school "GED"; appellant worked for
and obtained an Associate's Degree in Business Administration; appellant
was awarded a certificate for vocational training; and appellant received
on-the-job training as a dental technician. Appellant had no significant
disciplinary problems during this period of incarceration and, following
his release from prison, appellant attended night classes at Urbana
College, found a job, and was able to support himself. Additionally,
appellant presented evidence that he has maintained a good relationship
with the members of his family and that he has received an honorable
discharge from the U.S. Navy. We conclude that the foregoing factors
concerning appellant's nature and character are entitled to some, but very
little, weight in mitigation.

Appellant also introduced evidence on the mitigating factor that he lacked
a substantial capacity to conform his conduct to the requirements of the
law because of a mental disease or defect. We find that appellant did not
establish the existence of this factor by a preponderance of the evidence.
However, we do believe that appellant's personality disorder as testified to
by Dr. Fisher (in the penalty phase of appellant's 1984 trial) is entitled to
some weight in mitigation.

We have also considered the probability that appellant would never be
released from prison if he were to be sentenced to life imprisonment. This
factor is entitled to some weight in mitigation as appellant has
demonstrated (during his prior incarceration for causing the death of his
wife) his ability to successfully adapt to prison life.

*Davis IV*, 63 Ohio St. 3d at 50-51.

A defendant should have the right to make a decision regarding a jury waiver

based on the evidence known to him that may be presented. This is not some mere

technical requirement, it is the essence of a knowing, intelligent and voluntary waiver.

*Patton v. United States* (1930), 281 U.S. 276, 312-13; *Adams v. United States ex rel*

*McCann* (1942), 317 U.S. 269, 275, 277-78. The Constitution demands "the utmost

solicitude of which courts are capable and canvassing the matter with the accused to make

sure he has a full understanding... ." *Boykin v. Alabama* (1964), 395 U.S. 238, 243-44.

Everything changed in Appellant's case from 1984 to 2009: new trial attorneys

represented him, new mitigation existed and was to be presented, and three new and

9

different judges were to determine his fate.[3]  Focusing on the new judges (none of whom who were judges in 1984), a determination whether to waive a jury requires knowledge of the judges who will ultimately weigh the mitigation evidence that is to be presented.  In fact, when Appellant waived his right to a jury for the first proceeding he specifically waived his jury for a specific panel.  The waiver signed by the defendant and accepted by the trial court specifically states:

> "I, Von Clark Davis, defendant in the above cause, appearing in open court this 8th day of May, 1984, with my attorneys, Michael D. Shanks and John A. Garretson, do hereby voluntarily waive my right to trial by jury and **elect to be tried by a court to be composed of three judges, consisting of Judges Henry J. Bruewer, William R. Stitsinger, and John R. Moser...**"

Jury Waiver, T.d. 84 (emphasis added), A-59.

The trial court erred in rejecting Appellant's written motion ("Von Clark Davis' Memorandum Concerning His Right to a Trial With Respect to Resentencing") that was presented to the trial court at hearing on August 28, 2009.  8/28/09 T.p. 49-51, T.p. 51 ("...the proceedings can indeed be considered a functional equivalent of a trial because unlike sentencing in a non-capital case it will take the form of an evidentiary proceeding on the question whether Davis should receive the death penalty or some form of a life sentence...the Court I think used the term he is here on a de novo proceedings.  And I would like to suggest we are really here on a new day, a new trial for purposes of these proceedings."), T.p. 52.  While Appellant raised the substance of the arguments in both the motion and at the hearing, to the extent there is any question of waiver, Appellant's attorneys were ineffective under *Strickland v. Washington* (1984), 466 U.S. 668.

---

[3] Under Ohio's statute a defendant can withdraw his waiver prior to the commencement of proceedings when he learns of the composition of the three judge panel.  O.R.C. 2945.05. Appellant was deprived of that right.

10

An exception should be made for Appellant's case. While the court of appeals refers to Appellant's attempts to withdraw his jury waiver as "habitual" (*see Davis VI*, 2011 Ohio 787 at par. 16), each attempt was preceded by state constitutional malfeasance that necessitated a new sentencing hearing. When the state consistently fails to live up to its end of the bargain, Appellant should have the opportunity to reconsider his waiver.

**B.     Both the trial court and the court of appeals erred in relying on the principles of law of the case and res judicata to deny Appellant's claim.**

The trial court and the court of appeals incorrectly assert that law of the case and res judicata should influence this Court's consideration of the claim. However, the factual and legal circumstances have changed. In no fashion did or could Appellant have presented this issue before because there had been no **third** sentencing hearing premised upon two reversals for state malfeasance, there was not a different panel, and there was a different mitigation presentation. This passage of time and change in circumstances undercuts any argument that these procedural impediments exist in the instant case. In fact, Appellant could not have raised these issues earlier because they were not ripe and the factual basis did not exist.

It was improper to apply those doctrines when there are currently different facts and equities involved in 2009. To apply the doctrines ignores these pronounced differences from a waiver entered last millennium, almost three decades ago. When there is new evidence being offered, the previous holdings regarding a jury waiver cannot be law of the case and *res judicata* because there is an entirely new hearing regarding entirely new facts.

Further, it bears repeating that the trial court specifically excluded the consideration of the previous proceedings. *See* T.p. 19, 22. This alone insured that an

11

entirely different factual predicate was to be considered by the new three judge panel. Again, Appellant presented mitigation in 2009 that was substantially different in nature and kind than that considered in 1984.

Any doubt about the court of appeal's legally erroneous ruling is erased by this Court's recent decision in *State v. Wilson* (June 8, 2011), 2011 Ohio 2669, 2011 Ohio LEXIS 1420. In *Wilson*, this Court addressed the application of *res judicata* to remands for resentencing. This Court rejected the analysis employed below by the court of appeals and held that such principles could not apply. In the second syllabus, this Court ruled that "a defendant is not barred by res judicata from raising objections to issues that arise in a resentencing hearing, even if similar issues arose and were not objected to at the original sentencing."

As noted by this Court in *Wilson*, "[a] remand for a new sentencing hearing generally anticipates a de novo sentencing hearing. R.C. 2929.19(A)." *Id.* at par. 15. Similarly, the Sixth Circuit reversed Appellant's second death sentence because he had been deprived of a de novo sentencing hearing. In those circumstances, this Court noted *res judicata* does not bar issues that arise from the de novo, new sentencing hearing:

> The doctrine of res judicata establishes that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, at paragraph nine of the syllabus. The scope of an appeal from a new sentencing hearing is limited to issues that arise at the new sentencing hearing. *See State v. Fischer*, 128 Ohio St.3d 92, 2010 Ohio 6238, 942 N.E.2d 332, at ¶ 40. *The doctrine of res judicata does not bar a defendant from objecting to issues that arise at the resentencing hearing or from the resulting sentence.*

12

*Wilson*, at ¶ 30 (emphasis added). Thus, this Court rejected the state's claims holding that "Wilson retains the right to raise objections to any issues that arise at his resentencing hearing," (*id.* at ¶ 33) and that "Res judicata does not preclude a defendant from objecting to issues that arise at the new sentencing hearing." *Id.* at ¶ 33.

In conclusion, both the trial court and the court of appeals erred in relying on those doctrines to deny Appellant's arguments.

**C.    Refusal to Allow the Withdrawal of Appellant's Waiver Violated the Eighth Amendment, Due Process and *Duncan v. Louisiana* (1968), 391 U.S. 145, 156.**

Not withstanding previous interpretations of Ohio's death penalty statute, the trial court erred in violation of the Eighth Amendment and Due Process to allow a 25-year old, stale jury waiver to stand when there was a new penalty hearing. The Supreme Court noted in *Duncan v. Louisiana* (1968), 391 U.S. 145, 156, depending on the facts of the case a criminal defendant may "prefer[] the common-sense judgment of a jury to the more tutored but perhaps less sympathetic reaction of the single judge, he was to have it. Beyond this, the jury trial provisions in the Federal and State Constitutions reflect a fundamental decision about the exercise of official power -- a reluctance to entrust plenary powers over the life and liberty of the citizen to one judge or to a group of judges." In sum, *Duncan* recognizes that our founding fathers saw the need for jury trials even though there was an independent judiciary to protect against inherent prejudices and biases of judges.

Denying Appellant jury sentencing calls into question whether the principles of *Duncan* for a fair, *de novo* and independent sentencing hearing were offended. Indeed, this violated *Duncan*. Justice Wright in his *Davis IV* dissent sagely expressed a concern, in the context of the appropriateness review, that the prior determination that death was

13

appropriate would cause the subsequent panel at the subsequent hearing to believe that there was a presumption of validity to the original death sentence, which would inappropriately require the Appellant to overcome a presumption as opposed to a reweighing of the aggravating factor and the mitigation anew. Specifically, Justice Wright indicated *in toto* as follows:

> I am also troubled by the court of appeals' treatment of its duty to independently review the sentence pursuant to R.C. 2929.05. The review it engaged in can be described as cursory at best. The independent weighing required by the statute consisted of merely a reaffirmation of the appellate court's original determination that the sentence of death was proper, because in its view, appellant "presented no argument" to convince the court to the contrary. Implicit within the court of appeals' opinion in its review of the sentence was a belief that its prior determination was entitled to a presumption of validity that needed to be overcome by appellant's argument. Clearly it was improper for the court to rely upon its prior determination, which we vacated, to forgo its statutory duty to independently review the sentence of death.

> It has been suggested that any error resulting from the failure of the court of appeals to perform its reviewing function can be cured by our own independent review of the sentence. I am troubled, however, by our continual reliance upon this court's independent review as a means to remedy errors below. The case at bar is an excellent example of how the system of checks envisioned by the General Assembly to ensure the proper application of the death penalty has so failed that our own independent review cannot possibly restore the system to its intended function.

> In this case, the system failed first at the trial level, where the defendant was precluded from introducing mitigating evidence, and then at the appellate level, where the court failed to independently review the death sentence. If our multi-tiered system of review is to function to prevent the arbitrary imposition of the death penalty, *State v. Gillard* (1988), 40 Ohio St.3d 226, 235, 533 N.E.2d 272, 282, it is imperative that each court involved in the case fully assume its statutory responsibilities to the letter of the law. Anything less than a full commitment will result in a system that is constitutionally infirm and lacking in respect.

> Appellant is entitled to have the trial court consider his evidence in mitigation and to have the court of appeals review that evidence in its independent review. Accord *State v. Maurer* (1984), 15 Ohio St.3d 239,

14

> 15 OBR 379, 473 N.E.2d 768, paragraph four of the syllabus. For all the
> reasons set forth above, I would reverse the appellate court and remand the
> appellant to the trial court for resentencing.

*Davis IV*, at 52-53. Appellant was notified that the newest three judge panel was going to

sentence him to death within an hour of the completion of his most recent sentencing

phase. The trial court's *de minimis* review perpetrated the same error as forecasted by

Justice Wright.[4]

Appellant's case exemplifies this aspect of a valid waiver. While Appellant

presented eleven (11) different areas of mitigation, the trial court simply discounted it all

as "little or no weight," "little weight," and "no weight." While a three judge panel may

find remorse, forgiveness, mental health issues related to alcohol, good conduct in prison

where Appellant will remain for the rest of his life, etc., absolutely meaningless, this is the

type of mitigation that can sway a single juror. *See e.g. Williams v. Taylor* (2000), 529

U.S. 362.

The Sixth Circuit similarly questioned the validity of an on-going waiver in

Appellant's circumstances. In short, the Sixth Circuit correctly foreshadowed this issue

and properly portended a constitutional resolution to the issue. In *Davis V*, 475 F.3d at

780-781:

> Nevertheless, we anticipate that Davis's counsel will renew his motion to
> withdraw the jury waiver upon remand to the state trial court for the new
> sentencing hearing necessitated by our finding of *Skipper* error. We note
> that under Ohio Revised Code § 2945.05, a waiver of jury trial "may be
> withdrawn by the defendant at any time before the commencement of
> trial." Granted, the resentencing hearing that we order today will not
> constitute a "trial" in the sense that the petitioner's guilt or innocence is
> again at issue. However, in this case, the proceeding can indeed be
> considered the functional equivalent of "trial" because, unlike sentencing
> in a non-capital case, it will take the form of an evidentiary proceeding on

---

[4] The Court of Appeal's independent review is similarly flawed.

15

the question of whether Davis should receive the death penalty or some form of a life sentence.

Moreover, we think there is a legitimate question as to whether a criminal defendant should be held to a jury waiver entered almost 25 years before his newly-mandated sentencing hearing. In the Sixth Circuit, at least, we have recognized that a defendant's jury waiver entered prior to the first trial of his case does not bar his right to a jury trial on the same case after remand from a reviewing court. *See, e.g., United States v. Groth*, 682 F.2d 578, 580 (6th Cir. 1982) ("waiver of a jury trial does not bar a demand for a jury on retrial of the same case unless the original waiver explicitly covers this contingency"); *United States v. Lee*, 539 F.2d 606, 608 (6th Cir. 1976) ("when a reviewing court finds error in the conduct of a trial and reverses with directions for a new trial . . . the general rule is that a litigant is not bound by his prior waiver of a jury trial . . . [u]nless the language of a waiver unambiguously states that it will apply in all retrials should they be ordered"). *Accord Sinistaj v. Burt*, 66 F.3d 804, 808 (6th Cir. 1995) (rule in *Groth* inapplicable when no event such as reversal and remand for a new trial intervenes between the waiver and the attempted withdrawal). Likewise, the Ohio courts have held, in reversing a conviction "on the basis that [the defendant] was neither charged nor found guilty of an essential element of the offense," that the defendant's "previous waiver of a jury trial is also inherently revoked by the reversal of the conviction and the [amended] indictment." *State v. McGee*, 128 Ohio App. 3d 541, 715 N.E.2d 1175, 1178 (Ohio Ct. App. 1998). That conclusion was based on the fact that on remand, additional evidence would be introduced from both the prosecution and the defense, as is likely to occur on remand of this case. While not directly on point, because Davis is not facing a new indictment, the reasoning of the Ohio court in *McGee* should certainly inform the sentencing court's determination of the viability of Davis's jury waiver on remand.

The remedy imposed by the Sixth Circuit informs the jury waiver – in that Appellant received a totally new independent and *de novo* sentencing hearing. Indeed, the Sixth Circuit previously reversed the Ohio courts for simply rubber stamping a previous re-sentencing remand. This Court recognized in *Wilson* that resentencing hearings are *de novo. Wilson*, at par. 15.

In conclusion, the only way Appellant's Due Process and Eighth Amendment rights can be protected, and insure that he did not have to overcome a presumption of

16

validity as to the first two death sentences is to receive a jury. The fact that a strict construction of Ohio's death penalty statute does not call for a jury sentencing does not subvert the constitutional mandate for jury sentencing. In *Duncan*, the Louisiana Constitution did not provide for jury trials for serious misdemeanors. However, the United States Supreme Court held that the United States Constitution provided the right to a jury trial and Louisiana's Constitution could not bar it. Appellant simply asks for the protections accorded by *Duncan* in his challenge to Ohio's death penalty statute.

**C.    Appellant did not knowingly, intelligently and validly waive his jury in 1984 for a sentencing hearing in 2009.**

Appellant was deprived of his right to a jury trial as guaranteed by the Sixth and Fourteenth Amendments, and Section 5, Article 1 of the Ohio Constitution. In considering Appellant's argument, this Court should be guided by two basic and fundamental principles. The first is the principle of leniency. In that, "all penalty provisions of O.R.C. 2929.04(B) must '* * * be strictly construed against the state, and liberally construed in favor of the accused.' R.C. 2901.04(A)." *Davis II*, 38 Ohio St.3d at 369, *citing to State v. Penix* (1987), 32 Ohio St. 3d 369, 371.

The second principle is that this Court should indulge every reasonable presumption **against** the waiver of fundamental constitutional rights and should not presume acquiescence in the loss of fundamental rights. *Johnson v. Zerbst* (1938), 304 U.S. 458, 464. In Ohio, "[e]very reasonable presumption should be made against the waiver..." *Simmons v. State* (1905), 75 Ohio St. 346; *See also* Ohio Const., Art. I, §5 ("Right to Trial By Jury Shall Be Inviolate" in All Criminal Cases).

In sum, the starting point for this Court's analysis is that all statutory provisions are to be construed in Appellant's favor and there is a presumption against the waiver of

17

rights. If faithful to these requirements, this Court cannot endorse the proposition that Appellant knowingly and intelligently waived rights in 1984 concerning a 2009 trial with new evidence, new lawyers, new judges and new applicable statutory requirements, that were not even envisioned by Ohio's legislature in 1984.

Indeed, it stretches logic past a breaking point to suggest Appellant knowingly and intelligently waived a jury sentencing at a **third** sentencing hearing, twenty-five years later, when Ohio's Legislature could not envision in 1984 the need to modify the capital statutes **eight** times since 1984, and no-one could envision that the **three judge panel** errors would be the cause of the **three different sentencing** hearings. Rather than force Appellant to accept a process which proved two times to fail, the principles of leniency (which were not applied in Appellant's favor) should have allowed a withdrawal of the jury waiver.

The court in *Burnham v. N. Chicago St. Ry. Co.* (7th Cir. 1898), 88 F. 627, noted the following:

> "The stipulation to waive a jury, and to try the case before the court, only had relation to the first trial. There could be no presumption then that there would ever be a second trial; and therefore it should not be presumed that the parties, in making the stipulation, had in mind any possible subsequent trial after the first, to which the stipulation could refer. The right of a trial by jury in cases at law, whether a civil or criminal case, is a high and sacred constitutional right in Anglo-Saxon jurisprudence, and is expressly guaranteed by the United States constitution. A stipulation to the waiver of such a right should therefore be strictly construed in favor of the preservation of the right.'

*United States v. Groth* (6th Cir. 1982), 682 F.2d 578, 580 ("We conclude as to this issue that waiver of a jury trial does not bar a demand for a jury on retrial of the same case unless the original waiver explicitly covers this contingency.").

18

While the original statute did not allow a three judge panel to change in composition, the court below allowed the new statute to be applied to allow the change in composition. *See* O.R.C. 2929.03(C)(2)(a); *Compare* O.R.C. 2929.06 (1981) *with* O.R.C. 2929.06 (2010). This is the improper dichotomy of what occurred below: the trial court expected Appellant to envision that there would be a substantial change in the statute, eight times including one specifically related to changing the composition of three judge panels.

Ohio law is a third factor in considering Appellant's argument. The trial court accepted the State of Ohio's position that Appellant was already convicted, therefore, a jury waiver could not be withdrawn. Pursuant to Ohio law, Appellant was not convicted. As noted by the Ohio Supreme Court, "A final judgment of conviction occurs when the judgment contains '(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) the entry on the journal by the clerk of courts.'" *State v. Baker* (2008), 119 Ohio St.3d 197, syll., 2008-Ohio-3330. Because Appellant's sentence had been vacated by the Sixth Circuit, Appellant no longer stood convicted under Ohio law, a final judgment of conviction no longer existed.

The court of appeals simply missed this point. In analyzing the impact of *Baker*, the court indicated that Appellant's current "judgment of conviction contains (1) finding of guilt; (2) the sentence of death by the New Panel; (3) the signature of all three judges who compromised the New Panel; and (4) an entry on the journal by the clerk of courts. Davis' has therefore been convicted, and his judgment of conviction is a final appealable order properly before this court." *Davis VI*, 2011 Ohio 787 at par 19. Appellant does not

19

dispute that he became convicted when all of the above transpired, however, under *Baker*, he did not stand convicted until all of the above cited criteria were met. Thus, he was not convicted prior to and/or during the resentencing. In short, the current conviction does not relate back almost three decades.

Appellant's decision to waive the right to a jury trial and elect to be tried before a three-judge panel must be made with "sufficient awareness of the relevant circumstances and likely consequences of his waiver." *State v. Ruppert* (1978), 54 Ohio St. 2d 263, 271. "[T]rial by jury is the normal, if not preferable, mode of disposing of issues of fact in criminal cases and the right must be jealously preserved." *Id.* Due to the new facts developed as mitigation, new judges determining Appellant's fate, new attorneys, the operation of new statutory provisions, and two previous reversals the source of which is the newly constituted three judge panel that he no longer wanted, the waiver in 1984 cannot be constitutionally construed to establish that Appellant had sufficient awareness of the relevant circumstances and likely consequences of his waiver. Rather, Appellant did not knowingly and intelligently waive his right to a jury trial.

20

## PROPOSITION OF LAW NO. II

THE THREE JUDGE PANEL ERRED IN NOT CONSIDERING AND GIVING
EFFECT TO CERTAIN MITIGATING EVIDENCE.

Appellant raises two aspects of error under this claim. Initially, Appellant alleges

that the trial court yet again violated *Eddings v. Oklahoma*, (1982) 455 U.S. 104, by

giving no weight to matters deemed mitigating. Second, Appellant argues that the trial

court's assessment of the mitigation violated *Porter v. McCollum* (2009), __ U.S. __, 130

S.Ct. 447.

**A.     *Eddings* Violation.**

The trial court erred in giving no weight to mitigation. The United States Supreme

Court has held that courts may not preclude the sentencer from considering any mitigating

factor and the sentencer may not, as a matter of law, refuse to consider and give effect to

relevant mitigating evidence. One may not give no weight to mitigating evidence and

thereby excluding it from consideration. *Eddings*, 455 U.S. 104,113-114; *Porter*, __ U.S.

__, 130 S.Ct. 447, 454-455. A failure to consider and give effect to mitigation fueled the

Sixth Circuit's remand for this third resentencing. *See Davis V.*

Unfortunately, it has happened again. The three judge panel improperly refused to

weigh and give effect to two mitigating factors presented by Appellant. *Eddings* has

(again) been violated.

In the sentencing opinion, the sentencer gave "no weight" to evidence that

appellant would never be released from prison if given a life sentence. T.d. 435 at p. 10.

Specifically, the three judge panel noted "The panel considered the testimony of Cynthia

Mausser offered to show the probability that Defendant would never be released from

prison if given a sentence less than death. The panel unanimously finds this evidence to

21

be highly speculative and unconvincing and entitled to **no weight**." *Id.* However, this Court previously disagreed and held in *Davis IV*, 63 Ohio St. 3d at 51, that this exact mitigating factor is entitled to "some weight." Indeed, this Court noted specifically that "We have also considered the probability that appellant would never be released from prison if he were to be sentenced to life imprisonment. This factor is entitled to some weight in mitigation as appellant has demonstrated (during his prior incarceration for causing the death of his wife) his ability to successfully adapt to prison life." *Id.* Thus, not only did the three judge panel commit an *Eddings* violation, it did so in a fashion that expressly violated the Ohio Supreme Court's consideration of this very type of mitigation.

The trial court compounded the error by assigning "no weight" to the mitigating factor related to cost. *See* T.d. 435 at p. 11. Again, by failing to give effect to this mitigation and not ascribing it some weight, the three judge panel violated *Eddings*.

The court of appeals suggests that under this Court's *State v. Steffen* (1987), 31 Ohio St.3d 111 decision, this Court has permitted state courts to give no weight to mitigation. This Court did not make such a ruling. Rather, *Steffen* involved a scenario where the trial court found the evidence not to be mitigating. *See id.* at 129 (a court "… may properly choose to assign no weight to this evidence if it considers it to be non-mitigating…"). However, Appellant's trial court noted that the evidence presented by Appellant was properly presented mitigating evidence. Thus, *Steffen* simply does not apply and the *Eddings* admonition that a state court "may not give it no weight" if it is mitigation must be followed. The trial court and the court of appeals ignored this point, and failed to give effect to relevant mitigation.

Indeed, the trial court specifically noted that it was engaging in a weighing process:

22

> The weighing process is just that. The panel must place the aggravating
> circumstance on one side and place all of the mitigating factors on the other side,
> and then determine beyond a reasonable doubt whether the aggravating
> circumstance outweighs the mitigating factors.

T.d. 435 p. 8. In utilizing the scales weighing metaphor, the trial court recognized that in order to place something on the scale it has to have some weight. Improperly thereafter, the sentencer gave "no weight" to evidence that appellant would never be released from prison if given a life sentence. T.d. 435 at p. 10.

In short, the court of appeals' interpretation of *Steffen* asks this Court to ignore United States Supreme Court authority of *Eddings*, 455 U.S. at 114-115. In *Eddings*, the Supreme Court specifically stated that a state court "may not give it no weight" if it is mitigation but "such evidence properly may be given little weight." The bottom line is that once evidence is accepted as mitigating it cannot be given no weight by a trial court. *Eddings*; *Payton v. Woodford* (9th Cir. 2003), 346 F.3d 1204, 1216 (citing to *Eddings*), *overruled on other grounds Brown v. Payton* (2005), 544 U.S. 133.

**B.      Improper Discounting of Mitigation.[5]**

The trial court failed to listen to and improperly discounted other mitigation. As previously noted, *Eddings* requires a sentencer to fully and fairly consider and give effect to mitigation. Otherwise the rule in *Lockett* is violated. As the Supreme Court succinctly stated in footnote 10 of *Eddings*, "*Lockett* requires the sentencer to listen."

The recent Supreme Court decision in *Porter*, 130 S.Ct. 447 is instructive. The Supreme Court held that the Florida Supreme Court "either did not consider or unreasonably discounted the mitigation evidence" adduced in a post conviction hearing. *Citing to Eddings, supra*, the Court held that the sentencer must be permitted to consider

---

[5] The court of appeals failed to address this aspect of Appellant's arguments below.

23

relevant mitigating factors. *Porter*, at 454-55. In this case, the sentencer refused to "listen" as required by *Eddings*.

Appellant's sentencing opining reflects a similar refusal to listen. In the sentencing opinion, the three judge panel rejected mitigation for one of three reasons: it was entitled to "little or no weight," "little weight" or "no weight." *See* T.d. at pp. 9-11. This violates *Eddings*.

In *Porter*, 130 S.Ct. at 455, the Supreme Court found a state court's treatment of mitigation problematic when it was "unreasonable to discount" mitigation by "reduc[ing it] to inconsequential proportions." The three judge panel herein similarly "unreasonably discounted" mitigation and "reduced them to inconsequential proportions."

The discounting of mitigation is established by comparing how this Court properly considered mitigation in Appellant's previous appeal. The Ohio Supreme Court gave "some weight" to Appellant's personality disorder while this sentencing court said it deserved "little weight" in mitigation. *Compare Davis IV*, at 51 *with* T.d. 438 at p. 10. Appellant's good behavior in prison deserved "some weight" according to the Ohio Supreme Court but the sentencer here gave it "little weight." *Compare Davis IV*, at 51 *with* T.d. 438 at p. 10.

The sentencer also gave "little or no weight" to the evidence presented from the appellant's friends and family concerning his "dysfunctional family and childhood experiences." T.d. 438 at p. 9. Once again, the sentencer "did not consider or unreasonably discounted" accepted mitigation evidence. *See Wiggins v. Smith* (2003), 539 U.S. 510; *Rompilla v. Beard* (2005), 545 U.S. 374; *Porter, supra*.

24

The sentencer found love and support from family and friends "does not deserve significant weight" but this Court has found it to be mitigating evidence. *See State v. Smith* (2000), 87 Ohio St.3d 424, 447, 2000-Ohio-450. The sentencer found that appellant's remorse and apology were given "little weight" even though this Court has found remorse to be mitigating. *State v. Rojas* (1992), 64 Ohio St. 3d 131, 143.

The sentencer gave "little weight" to appellant's good behavior in prison even though it is a recognized and important mitigation factor. *Skipper v. South Carolina* (1986), 487 U.S. 1; *State v. Simko* (1994), 71 Ohio St.3d 483. Further, Appellant's good behavior in prison deserved "some weight" according to the previous ruling of the Ohio Supreme Court. *Davis IV*, 63 Ohio St. 3d, at 51. Indeed, courts routinely reverse for failing to consider and present *Skipper* evidence. *See e.g. Wardrip v. Thaler* (N.D. Tex. Apr. 9, 2010), 705 F. Supp. 2d 593; *Johnson v. Bagley*, 2006 U.S. Dist. LEXIS 97378, *affirmed* (6th Cir. 2008) 544 F.3d 592; *Moore v. Johnson* (5th Cir. 1999), 194 F.3d 586; *Hall v. Washington* (7th Cir. 1997), 106 F.3d 742, 752; *Martinez-Macias v. Collins* (5th Cir. 1992), 979 F.2d 1067; *Deutscher v. Whitley* (9th Cir. 1989), 884 F.2d 1152; *Mathis v. Zant* (N.D. Ga. 1989), 704 F. Supp. 1062.

The trial court also seemingly avoids the Sixth Circuit's recognition in this case that the evidence is "highly relevant." *Davis V*, 475 F.3d at 773. It makes no sense that something can be "highly relevant" but it has little weight.

Finally, the trial court gave "little weight" to the mitigation that Sherry Davis has forgiven Appellant for the purposeful killing of her mother, whose murder relates specifically to the sole aggravating circumstance. T.d. 435 p. 9. This is substantial mitigation and should not have been minimized, particularly because it relates to the sole

25

aggravating circumstance. Indeed, courts reverse when trial counsel fail to present such evidence. *See U.S. v. Kretutzer* (Army Ct. Crim. App. 2004), 59 M.J. 773, 783 (reversing when not presenting testimony from the widowed mother of the impact the murder had on her and her eight children and "her extraordinary feelings of forgiveness and her belief that appellant should not be put to death…"); *Scott v. Schriro* (9th Cir. 2009), 567 F.3d 573 (counsel ineffective by failing to present evidence that victim's father wanted to show mercy).

The impression from the sentencing opinion is that the sentencer was simply going through the motions and that death was a foregone conclusion for this panel.[6] After all, a different three judge panel had twice before imposed a death sentence. The sole aggravating circumstance deserved "great weight" but accepted mitigation deserved little or no weight. The panel retired for deliberations at 4:08 p.m. and the death sentence was imposed and the case concluded by 5:10 p.m. (T. p. 368, 370). There seems to be little doubt that death was a foregone conclusion. The sentencer did not listen as required by *Eddings* and the mitigation was improperly discounted under *Porter*.

Further, after a third sentencing, Apellant's mitigation has become stronger and stronger. For instance, Dr. Fisher did not satisfy the burden of proof under the criteria of Ohio's (B)(3) mitigator. *See Davis IV*, 63 Ohio St. 3d at 50-51. Meanwhile, Dr. Smith testified that Appellant met the criteria of Ohio's (B)(3) mitigator. T.p. 248, 303. Incredulously, as Appellant's mitigation has become stronger and stronger, it gets less and less weight. This is not the constitutionally required consideration of and giving effect to mitigation required by *Eddings*.

---

[6] Justice Wright predicted just such an occurrence. *See* Proposition of Law No. I.

26

## PROPOSITION OF LAW NO. III

**THE TRIAL COURT ERRED IN NOT PRECLUDING THE DEATH PENALTY AND ENFORCING THE THEN EXISTING PROVISIONS OF O.R.C. 2929.03(C)(2)(a).**

The trial court violated the constitution in applying a revised and amended O.R.C. 2929.03 in order to make death an available option. On May 8, 1984, Appellant waived his right to a jury trial and elected to be tried by a three judge panel. The waiver was made under O.R.C. 2945.05. O.R.C. 2945.06 governs jury waivers and provides in capital cases "...He shall be tried by a court composed of three judges, consisting of the judge presiding at the time in the trial and two other judges..." The phrase "presiding at the time" references Appellant's entrance of the jury waiver. The judge must have been on the bench at the time the appellant waived his right to a jury trial.

In this 1983 offense, O.R.C. 2929.03 provided the procedure for imposing a death sentence. This Code section provided in part that the appropriate sentence was to be determined by "the panel of three judges that tried the offense upon his waiver of the right to trial by jury." O.R.C. 2929.03(C )(2)(a). Therefore, the only panel that could sentence the appellant to death was the panel that found him guilty.

In this case, the original three judge panel sentenced the appellant to death for a second time upon re-sentencing. All three of the original judges were available and participated in the first re-sentencing hearing. In the most recent re-sentencing hearing subject of this appeal, none of the original three judges were available to participate in the re-sentencing hearing. Appellant argued in the trial court and argues now that Ohio had no sentencing statute that applied to this scenario that allowed the State to seek death for a third time. Since none of the original three judges were available and since Ohio did not

27

have a statutory scheme that allowed for the imposition of death in this rare fact pattern, the State was precluded from seeking the death penalty and the new panel was limited to one of the life options available at the time of the crime.

The Supreme Court of Ohio vacated the appellant's death sentence and remanded for a new sentencing hearing in *Davis II*, 38 Ohio St.3d 361. However, the issue raised now was not a concern at that time because the original three judges were available and participated in the re-sentencing hearing. *See* O.R.C. 2929.06.

At the time of the crime, there was no provision for re-sentencing in O.R.C. 2929.06 for a "new" three judge panel to conduct the re-sentencing hearing. Now, after many legislative amendments, O.R.C. provides for a new three judge panel if necessary. However, in the appellant's case, one must apply the statute as written at the time of his crime. Otherwise, there is a violation of the Fifth, Eighth and Fourteenth Amendments to the federal Constitution and Art. I, Section 16 of the Ohio Constitution. Retroactive legislation is prohibited under these Constitutional provisions. *See Landgraf v. U.S.I. Film Products* (1994), 511 U.S. 244.

The amendments to O.R.C. 2929.06 have significantly changed the death penalty in Ohio. The appellant made decisions, i.e. to waive a jury, based on the law at the time of his case. If he had known the law was going to change as it has, then he would not have made the decision to waive a jury. He can not now be sentenced to death under the amended O.R.C. 2929.06 that was changed years after his decision to waive a jury and years after his trial ended. Still principles of leniency have not been applied herein regarding the right to jury sentencing at Appellant's new and third penalty sentencing. The retroactive application of the changes made in O.R.C. 2929.06 violated Due Process

28

and Equal Protection under Fifth and Fourteenth Amendments of the federal Constitution and the analogous provisions of the State Constitution.

The Ex Post Facto clauses of the federal and Ohio Constitutions also prohibit a sentence of death.  Article I Section 10 of the federal Constitution prohibits any Bill of Attainder, ex post facto law, or law impairing the obligations of contracts or grant of any title of nobility. Likewise, Article II, Section 28 of the Ohio Constitution prohibits the enactment of retroactive laws. *See Calder v. Bull* (1798), 3 U.S. 386; *In Re Medley* (1890), 134 U.S. 160; *Lindsey v. Washington* (1937), 301 U.S. 397; *Miller v. Florida* (1987), 482 U.S. 423; *Carmell v. Texas* (2000), 529 U.S. 513.

The amendments to O.R.C. 2929.06 have increased the severity of Appellant's sentence. Under the law at the time of the crime he was entitled to life upon reversal of his death sentence. Now, he is sentenced to death. This change in penalty was made by the State after the crime in question was committed, after he chose to waive a jury, after he was convicted and after he was sentenced.  The court of appeals denied Appellant's argument because the change in the statute are remedial and do not impact the availability of a death sentence. *Davis VI*, 2011 Ohio 787 at par. 52.  However, because of the fact that the Ohio Legislature did increase the potential punishment to death, where it had not previously been available, it was a substantive change and therefore the retroactive application is unconstitutional.

The United States Supreme Court and this Court have required strict adherence to the precise legislatively defined procedures to prevent the arbitrary and capricious imposition of the death penalty. *State v. Penix* (1987), 32 Ohio St.3d 369.  Nowhere is this demonstrated better than the trial court's acceptance of the revised three judge panel

29

provisions but failure to consider the life without parole option. Indeed, it seems every tangible benefit to the State received consideration, while any benefit that Appellant may be entitled was declined.

In denying this argument below, the court of appeals committed a grievous error of Ohio law. The court of appeals reached into the post-conviction record to rely on a statement, a statement taken out of the legal context of the current constitutional claim, made by Appellant as it related to a conflict claim litigation during post-conviction. *See Davis VI*, 2011 Ohio 787 at *par. 54*. It is a longstanding principle of Ohio appellate procedure that "the law of Ohio expressly prohibits a reviewing court from adding matters to the record on appeal. *See State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500, paragraphs one and two of the syllabus." *Davis IV*, 63 Ohio St.3d at 46 n.2. The trial court granted a motion restricting the record to the de novo sentencing hearing. T.p. 19, 22. It was error for the court of appeals to expand the record beyond that before the trial court.

The retroactive application of O.R.C. 2929.06 is currently pending before this Court in *State v. Maxwell White*, Case No. 2009-1661, albeit as it relates to a jury rather than a three judge panel. Appellant respectfully requests that this Court allow supplemental briefing after this Court's ruling in *White*.

30

## PROPOSITION OF LAW IV

**APPELLANT'S DEATH SENTENCE IS DISPORPORTIONATE AND INAPPRORPRIATE.**

Appellant's death sentence is disproportionate and inappropriate in violation of the Eighth and Fourteenth Amendments of the United State's Constitution and Sections 9 and 16 of the Ohio Constitution. The focus of the mitigation phase of the trial should be on the circumstances of the offense and the character of the individual defendant. *Profitt v. Florida* (1976), 428 U.S. 242. Individualized consideration of mitigating factors is required. *Lockett v. Ohio* (1978), 438 U.S. 586. This Court is required to consider these same principles pursuant to O.R.C. 2929.05 when conducting the required proportionality and appropriateness review.

The sole aggravating circumstance in this case is the repeat murder specification. The prosecutor argued, in effect, that nothing mitigated the deaths of the two victims, one from the aggravating circumstance and then the underlying homicide. (T.p. 362).

The State, and evidently the sentencing panel, completely discounted the forgiveness given from Sherry Davis the daughter of one victim as the panel afforded this factor "very little weight." (Sentencing Entry, T.d. 435 at p. 9).

A review of all the relevant evidence indicates that the sole aggravating circumstance does not outweigh beyond a reasonable doubt the mitigation presented in this case.

The appellant is loved by family and friends; he was forgiven by the daughter of one of his victims; he was raised in a dysfunctional family which impacted his personality development and mental health as testified to by Dr. Robert Smith. The appellant has a borderline personality disorder and alcohol dependence. Given his criminal history, it is

31

unlikely that he will ever be released from prison. The appellant has a history of good behavior in prison, is of an advanced age for a prisoner, i.e. early 60's, apologized for his conduct and showed remorse.

The above mitigating factors have been recognized as discussed earlier. The sole aggravating circumstance does not outweigh this mitigation beyond a reasonable doubt. At the very least, the scales are balanced.

Other cases with the same aggravating circumstance and less mitigation and/or more egregious facts concerning the aggravating circumstance include the following: *See State v. Cassano* (2002), 96 Ohio St.3d 94, 2002-Ohio-3751 (defendant killed cellmate by stabbing his 75 times); *State v. Cowens* (1999), 87 Ohio St.3d 68 (refused to present mitigation); *State v. Taylor* (1997), 78 Ohio St.3d 15 (two prior murders); *State v. Carter* (1992), 64 Ohio St.3d 218 (Second homicide committed in jail while awaiting sentencing on Aggravated Murder and only remorse presented as mitigating factor).

In addition to the substantial mitigation presented, the victim's survivor from the murder which constitutes the sole aggravating circumstance, has forgiven Appellant and does not want to see him die. T.p. 99-101. In this circumstance, Appellant's death sentence is disproportionate and inappropriate in comparison to others sentenced to death with this same, single aggravating circumstance. The court of appeals improperly minimized and failed to give effect to relevant mitigation.

32

## PROPOSITION OF LAW NO. V

**TWENTY-SIX YEARS ON OHIO'S DEATH ROW CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT UNDER THE STATE AND FEDERAL CONSTITUTION, AND INTERNATIONAL LAW.**

Executing Appellant after such a lengthy stay on death row constitutes cruel and unusual punishment. *Lackey v. Texas* (1995), 514 U.S. 1045 (Stevens, J., dissenting from denial of certiorari). Appellant was sentenced to death in 1984. Four years later, his case returned due to a failure by the trial court. *See Davis II.* Appellant raised this issue immediately, however, the intermediate appeal was improperly denied. *See Davis I.* Any delay from 1984-1988, therefore is not attributable to Appellant.

Appellant was re-sentenced to death in 1988. Appellant objected during the re-sentencing to the trial court's failure to consider new mitigation. Appellant raised this issue immediately, however, each of his state's appeals were denied. *See Davis III and IV.* While the State of Ohio strenuously opposed any relief, Appellant ultimately prevailed in 2007. *Davis V.* Any delay from 1988-through 2007, therefore is not attributable to Appellant.

Appellant cannot credibly be faulted for the over two decade delay. Indeed, the fault rests with the original three judge panel and the courts that failed to take corrective action. Executing Appellant after such a lengthy stay on death row constitutes cruel and unusual punishment. *Lackey v. Texas* (1995), 514 U.S. 1045 (Stevens, J., dissenting from denial of certiorari).

Justice Stevens noted in *Lackey:*

In *Gregg v. Georgia*, 428 U.S. 153, 49 L. Ed. 2d 859, 96 S. Ct. 2909 (1976), this Court held that the Eighth Amendment does not prohibit capital punishment. Our decision rested in large part on the grounds that (1) the death penalty was considered permissible by the Framers, *see id.,*

33

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5854

at 177 (opinion of Stewart, Powell, and STEVENS, JJ.), and (2) the death penalty might serve "two principal social purposes: retribution and deterrence," *id.*, at 183.

It is arguable that neither ground retains any force for prisoners who have spent some 17 years under a sentence of death. Such a delay, if it ever occurred, certainly would have been rare in 1789, and thus the practice of the Framers would not justify a denial of petitioner's claim. Moreover, after such an extended time, the acceptable state interest in retribution has arguably been satisfied by the severe punishment already inflicted. Over a century ago, this Court recognized that "when a prisoner sentenced by a court to death is confined in the penitentiary awaiting the execution of the sentence, one of the most horrible feelings to which he can be subjected during that time is the uncertainty during the whole of it." *In re Medley*, 134 U.S. 160, 172, 33 L. Ed. 835, 10 S. Ct. 384 (1890). If the Court accurately described the effect of uncertainty in Medley, which involved a period of four weeks, see ibid., that description should apply with even greater force in the case of delays that last for many years. Finally, the additional deterrent effect from an actual execution now, on the one hand, as compared to 17 years on death row followed by the prisoner's continued incarceration for life, on the other, seems minimal. *See, e. g.*, *Coleman v. Balkcom*, 451 U.S. 949, 952, 68 L. Ed. 2d 334, 101 S. Ct. 2031 (1981) (STEVENS, J., respecting denial of certiorari) ("the deterrent value of incarceration during that period of uncertainty may well be comparable to the consequences of the ultimate step itself"). As Justice White noted, when the death penalty "ceases realistically to further these purposes, . . . its imposition would then be the pointless and needless extinction of life with only marginal contributions to any discernible social or public purposes. A penalty with such negligible returns to the State would be patently excessive and cruel and unusual punishment violative of the Eighth Amendment." *Furman v. Georgia*, 408 U.S. 238, 312, 33 L. Ed. 2d 346, 92 S. Ct. 2726 (1972) (opinion concurring in judgment); *see also Gregg v. Georgia*, 428 U.S. at 183 ("The sanction imposed cannot be so totally without penological justification that it results in the gratuitous infliction of suffering").

*Lackey*, at 1045-1046 (Stevens, J.); *see also Thompson v. McNeill* (2009), __ U.S. __, 129

S.Ct. 1299.

Appellant's case is unusual in its length, now twenty-six years, its cause, two state

caused errors, and its current procedural posture, a direct appeal. In these circumstances,

Appellant presents a *Lackey* claim.

34

Further, executing Appellant after such a lengthy stay on death row violates international law. Because of the long delays between sentencing and execution, and the conditions in which the condemned are kept, execution of the death penalty in Appellant's case constitutes "cruel, inhuman or degrading treatment or punishment" in violation of Article VII of the International Covenant on Civil and Political Rights. ("ICCPR"). Article 7 of the ICCPR provides that "[n]o one shall be subjected to torture or to cruel, inhuman, or degrading treatment or punishment." When the U.S. Senate ratified the ICCPR, it declared that this phrase meant "the cruel and unusual treatment or punishment prohibited by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States." What constitutes cruel and unusual punishment is informed by international norms. *See Simmons v. Roper* (2005), 543 U.S. 551.

The British Privy Council's decision in *Pratt and Morgan v. The Attorney General of Jamaica*, 3 SLR 995, 2 AC 1, 4 All ER 769 (Privy Council 1993)(en banc), and the decision of the European Court on Human Rights in *Soering v. United Kingdom*, 11 Eur. Hum. Rts. Rep. 439 (1989)(European Court of Human Rights refused to extradite a German national to face capital murder charges because of anticipated time that he would have to spend on death row if sentenced to death) exemplify the norms.

In *Pratt and Morgan*, the Privy Council held that a delay of fourteen years between the time of conviction and the carrying out of a death sentence in the case of a Jamaican prisoner was "inhuman punishment." 2 A.C. at 33. In *Soering*, the European Court found that prisoners in Virginia spend an average of six to eight years on death row prior to execution. The court determined that "[h]owever well-intentioned and even potentially beneficial is the provision of the complex post-sentence procedures in Virginia, the

35

consequence is that the condemned prisoner has to endure for many years the conditions on death row and the anguish and mounting tension of living in the ever-present shadow of death." 161 Eur. Ct. H.R. (ser. A) at 42 (1989). *See also Vatheeswaran v. State of Tamil Nadu*, 2 S.C.R. 348, 353 (India 1983)(criticizing the "dehumanizing character of the delay" in carrying out the death penalty); *Catholic Comm'n for Justice & Peace in Zimbabwe v. Attorney General*, No. S.C. 73/93 (Zimb. June 24, 1993 (reported in 14 Hum. Rts. L. J. 323 (1993)).

Most recently, the Supreme Court of Canada considered evidence that death-sentenced inmates in Washington took, on average, 11.2 years to complete state and federal post-conviction review, in weighing the legality of extraditing two men to the United States to face capital charges. The Court acknowledged a "widening acceptance" that "the finality of the death penalty, combined with the determination of the criminal justice system to satisfy itself fully that the conviction is not wrongful, seems inevitably to provide lengthy delays, and the associated psychological trauma." *Minister of Justice v. Burns and Rafay*, 2001 SCC 7 (S.C. Canada, 22 March 2001)(at para. 122). Relying in part on this evidence, the court held that the Canadian Charter of Rights and Freedoms precluded the defendants' extradition, absent assurances the United States would not seek the death penalty.

The norm against cruel, inhuman, or degrading treatment is now universally recognized as a violation of international law clearly distinguishable from torture. The Universal Declaration of Human Rights, article 5, provides: "No one shall be subjected to torture or to cruel, inhuman, or degrading treatment or punishment." Universal Declaration of Human Rights, *adopted* Dec.10, 1948, G.A. Res. 217A (III), U.N. Doc.

36

A/810, at 71 (1948). *See also* Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, art. 16, *adopted* Dec.10, 1984, G.A. Res. 39/46, 39 U.N. GAOR Supp. (No. 51) at 197, U.N. Doe. A/39/51 (1984) (*entered into force* June 26, 1987); European Convention for the Protection of Human Rights and Fundamental Freedoms, art. 3, *opened for signature* Nov. 4, 1950, 213 U.N.T.S. 222 (*entered into force* Sept. 3, 1953); the American Convention on Human Rights, art. 5, *opened for signature* Nov.22, 1969, O.A.S. T.S. No.36, at 1, O.A.S. Doc. OEA/Ser. L/V/II.50, doc. 6 at 27 (1980) (*entered into force* July 18, 1978); the International Covenant on Civil and Political Rights, art. 7, *adopted* Dec.16, 1966, G.A. Res. 2200, 21 U.N. GAOR Supp. (No. 16) at 52, U.N. Doc. A/6316 (1966), 999 U.N.T.S. 717 (*entered into* force Mar. 23, 1976); African Charter on Human and People's Rights, art. 5, *adopted* June 27, 1981, O.A.U. Doc. CAB/LEG/67/3 Rev. 5, 21 I.L.M. 58 (1982) (*entered into force* Oct.21, 1986).

The prohibition against cruel, inhuman, or degrading treatment has attained binding force as customary international law. *See* Declaration of Tehran, Final Act of the International Conference on Human Rights 3, at 4, para. 2, 23 GAOR, U.N. Doc. A/CONF. 32/41 (1968) (noting status of Universal Declaration of Human Rights, including prohibition against cruel, inhuman or degrading treatment, as customary international law). *Accord De Sanchez v. Banco Central de Nicaragua* (5th Cir. 1985), 770 F.2d 1385, 1397 (noting that the right not to be subjected to cruel, inhuman, and degrading treatment constitutes universally accepted international law). Appellant's death sentence after such delays, not attributable to him, due to errors by the trial court violate norms of international law.

37

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court vacate

his sentence of death, impose a life sentence, or remand for a new sentencing hearing with

a jury.

Respectfully submitted,

LAURENCE E. KOMP (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330
lekomp@swbell.net

JOHN P. PARKER (0041243)
Attorney at Law
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900
johnpparker@earthlink.net

-and-

ALAN M. FREEDMAN (PHV)
MIDWEST CENTER FOR
JUSTICE, LTD.
P.O. Box 6528
Evanston, Illinois 60201
847-492-1563
fbpc@aol.com

COUNSEL FOR APPELLANT

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing **APPELLANT'S MERIT** was mailed regular
U.S. Mail to Michael T. Gmoser, Butler County Prosecutor, and Michael A. Oster, Jr.
Assistant Butler County Prosecuting Attorneys at the Government Services Center, 315
High Street, Hamilton, Ohio 45011, on this the 27th day of June, 2011.

Laurence E. Komp (0060142)
COUNSEL FOR APPELLANT

38

**APPENDIX**

ORIGINAL

IN THE SUPREME COURT OF OHIO

# 11 – 0538

| | | |
|---|---|---|
| State of Ohio, | : | On Appeal from the Butler |
| | : | County Court of Appeals, |
| | : | Twelfth Appellate District |
| Appellee, | : | |
| | : | Court of Appeals |
| | : | Case No. CA2009-10-263 |
| v. | : | |
| | : | |
| | : | Death Penalty Appeal |
| | : | |
| Von Clark Davis | : | |
| | : | |
| Appellant. | : | |

---

## NOTICE OF APPEAL

---

John P. Parker (0041243)(Counsel of Record)
988 East 185th Street
Cleveland, Ohio 44119
216.881.0900
johnpparker@earthlink.net

Laurence E. Komp (0060142)
Attorney at Law
P.O. Box 1785
Manchester, Missouri 63011
636-207-7330 (Voice)
636-207-7351 (Facsimile)
lekomp@swbell.net

Counsel for Defendant

MICHAEL T. GMOSER
Butler County Prosecutor
MICHAEL A. OSTER
Assistant Prosecuting Attorney
Government Services Center
315 High St., 11th Floor
Hamilton, OH 45011



FILED

APR 04 2011

CLERK OF COURT
SUPREME COURT OF OHIO

A-1

<u>Notice of Appeal of Appellant Von Clark Davis</u>

Appellant Von Clark Davis hereby gives notice that he will appeal to the Supreme Court

of Ohio from the Opinion, Separate Opinion related to O.R.C. 2929.05(A), and Judgment Entry

of the Butler County Court of Appeals, Twelfth Appellate District, entered in Case No. CA 2009-

10-263 on February 22, 2011, denying Appellant's intermediate death penalty direct appeal of

right. A date-stamped Judgment Entry is attached as Attachment A. This case involves the

affirmance of the death penalty.

Pursuant to S.Ct. Prac. 15.3, Appellant attaches a copy of the entry of appointment in lieu

of an affidavit of indigency. Attachment B.

Respectfully submitted,

By: _John P. Parker Phop per auth_

John P. Parker, Counsel of Record


## CERTIFICATE OF SERVICE

I certify a copy of the foregoing **Notice of Appeal** was mailed regular U.S. Mail to
Michael A. Oster, Jr. Assistant Butler County Prosecuting Attorneys at the Government Services
Center, 315 High Street, Hamilton, Ohio 45011, on this the 4th day of April, 2011.

_John P. Parker Phop per auth_

John P. Parker (0041243)
COUNSEL FOR APPELLANT

A-2

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :          CASE NO. CA2009-10-263

    - vs -                                :          **JUDGMENT ENTRY**

                         FILED BUTLER CO.
                         COURT OF APPEALS

VON CLARK DAVIS,                        FEB 2 2 2011

    Defendant-Appellant.             :

                         CLERK OF COURTS

        The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

        It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.

        Costs to be taxed in compliance with App.R. 24.

                         _____
                         Stephen W. Powell, Presiding Judge

                         _____
                         Robert P. Ringland, Judge

                         _____
                         Robert A. Hendrickson, Judge

**ATTACHMENT
A**

A-2

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5863

FILED

2010 FEB 11  PM 1:03

BUTLER COUNTY
CLERK OF COURTS

### IN THE COURT OF COMMON PLEAS
### BUTLER COUNTY, OHIO

STATE OF OHIO,                    :

    Appellee,                    :         Case No.  CR 1982 12-0614

vs.                              :

VON CLARK DAVIS,                 :         Judge Daniel Andrew Nastoff

    Appellant.                  :

### ORDER

The Court being fully advised hereby GRANTS Defendant/Appellant's Motion for Appointment of Counsel and Motion to Allow Appearance *Pro Hac Vice*. Laurence Komp and John Parker, both Rule 20 Appellate Qualified, are appointed to represent Mr. Davis on appeal. Alan Freedman is also appointed and permitted to appear *pro hac vice* in this matter.

Judge Daniel Andrew Nastoff



ATTACHMENT
B

A-4

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                    :

    Plaintiff-Appellee,           :          CASE NO. CA2009-10-263

                       :          <u>JUDGMENT ENTRY</u>

- vs -                            FILED BUTLER CO.
                          COURT OF APPEALS

VON CLARK DAVIS,                  FEB 22 2011

    Defendant-Appellant.         CLERK OF COURTS

       The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

       It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.

       Costs to be taxed in compliance with App.R. 24.


                                       _____
                                       Stephen W. Powell, Presiding Judge

                                       _____
                                       Robert P. Ringland, Judge

                                       _____
                                       Robert A. Hendrickson, Judge

A-5

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :          CASE NO. CA2009-10-263

    - vs -                            :          <u>SEPARATE OPINION PURSUANT<br>TO R.C. 2929.05(A)</u>

                                     :

VON CLARK DAVIS,                        :

    Defendant-Appellant.        :

Pursuant to R.C. 2929.05(A), this court certifies that it has reviewed the judgment, the sentence of death, the transcript and all of the facts and other evidence in the record in this case and makes the following independent findings:

1) The evidence supports the finding by the three-judge panel that appellant Von Clark Davis was guilty of aggravated murder and the aggravating circumstance charged in the indictment.
2) The aggravating circumstance for which appellant was found guilty outweighs the mitigating factors in this case.
3) The death sentence is not excessive or disproportionate to the sentence imposed in similar cases.
4) The sentence of death is appropriate in this case.

In making this certification and these findings, this court incorporates its full opinion affirming the conviction and sentence in this case.

Judgment affirmed.

_____
Stephen W. Powell, Presiding Judge

_____
Robert P. Ringland, Judge

_____
Robert A. Hendrickson, Judge

A-6

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO, :

    Plaintiff-Appellee, :     CASE NO. CA2009-10-263

                           :     O P I N I O N

   - vs -                         :     2/22/2011

                           :

VON CLARK DAVIS, :

    Defendant-Appellant. :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR1983-12-0614


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr. and Daniel G. Eichel, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011-6057, for plaintiff-appellee

Laurence E. Komp, P.O. Box 1785, Manchester, Missouri 63011, for defendant-appellant

Midwest Center for Justice, Ltd., Alan M. Freedman, P.O. Box 6528 Evanston, Illinois 60201, for defendant-appellant

John P. Parker, 988 East 185th Street, Cleveland, Ohio 44119, for defendant-appellant


    **POWELL, P.J.**

    {¶1} Defendant-appellant, Von Clark Davis, appeals the sentence of death imposed upon him by a three-judge panel in the Butler County Court of Common Pleas. We affirm.

A-7

{¶2} In 1969, Davis was convicted of one count of Shooting with Intent to Wound, for shooting at his estranged wife, Ernestine. In 1970, Davis stabbed Ernestine to death, and later pled guilty to second-degree murder and was sentenced to life imprisonment. However, he was released in 1980, and while on parole in 1983, Davis shot and killed his estranged girlfriend, Suzette Butler, outside an American Legion Post. An autopsy revealed that Butler died as a result of multiple gunshot wounds to her head, and that the gun was located between four and 20 inches from her head when fired.

{¶3} The police investigation into Butler's murder revealed that on the day of the shooting, Davis approached two people for help in obtaining a gun and ammunition because he was unable to procure firearms due to his prior convictions for shooting at Ernestine and her subsequent death. Once in possession of the weapon and ammunition, Davis approached Butler at the Legion and the two went outside to talk. According to an eye-witness, as Butler and Davis spoke, Davis fired two shots at Butler's head, a third after Butler fell to the ground, and "after she was down, [Davis] bent down and shot her in the head." Two eye-witnesses identified Davis as the shooter.

{¶4} Davis was indicted on one count of aggravated murder, with the aggravating circumstance being his prior conviction for killing his wife, and one count of having a weapon under disability. Davis elected to have a three-judge panel hear his case, and waived his right to a jury. During trial, Davis raised inconsistencies in the eye-witness accounts of the shooting, and claimed that he had purchased the murder weapon as part of an exchange with a third party for dental equipment. Davis denied killing Butler, and instead, testified that he left Butler with the third party talking in front of the Legion moments before she was killed.

{¶5} The three-judge panel (Original Panel) found Davis guilty, and after the penalty-phase hearing, imposed the death penalty. This court affirmed Davis' conviction

- 2 -

A-8

and sentence in *State v. Davis* (May 27, 1986), Butler App. No. CA84-06-071 (*Davis I*). On appeal, the Ohio Supreme Court affirmed Davis' conviction, but vacated his sentence and remanded for re-sentencing because the Original Panel improperly considered non-statutory aggravating circumstances during the penalty phase. *State v. Davis* (1988), 38 Ohio St.3d 361 (*Davis II*).

{¶6} On remand, the Original Panel again imposed the death penalty, but did so after denying Davis' request to consider new mitigation factors such as his good behavior in prison since the time of Butler's murder. This court affirmed the Original Panel's re-sentence in *State v. Davis* (Oct. 29, 1990), Butler App. No. CA89-09-123 (*Davis III*), as did the Ohio Supreme Court in *State v. Davis* (1992), 63 Ohio St.3d 44 (*Davis IV*). Davis later filed an appeal after his petition for postconviction relief was denied within the common pleas court, and we affirmed the decision in *State v. Davis* (Sept. 30, 1996), Butler App. No. CA95-07-124 (*Davis V*).

{¶7} After exhausting the state appellate process, Davis filed a petition for a writ of habeas corpus in federal court. While the district court denied his petition, the Sixth Circuit Court of Appeals reversed and remanded with instructions that the panel consider Davis' new mitigation evidence that was left unconsidered after the first remand in *Davis II*. *Davis v. Coyle* (C.A. 6 2007), 475 F.3d 761 (*Davis VI*).

{¶8} During the passage of time between the appeals, one judge from the Original Panel passed away, and the other two retired. The Butler County Court of Common Pleas assembled a new three-judge panel (New Panel) and considered all of the mitigating evidence, including evidence that arose since the time of Davis' first hearing before the Original Panel. The New Panel sentenced Davis to death. Davis now appeals the New Panel's decision, raising the following assignments of error. We have combined several assignments of error when appropriate, and for ease of discussion.

- 3 -

A-9

<u>Butler CA2009-10-263</u>

{¶9} Assignment of Error No. 1:

{¶10} "THE TRIAL COURT ERRED IN VIOLATION OF THE EIGHTH AND SIXTH AMENDMENT AND DUE PROCESS TO ALLOW A 25-YEAR OLD, STALE JURY WAIVER TO STAND WHEN THERE WAS A NEW PENALTY HEARING."

{¶11} Assignment of Error No. 3:

{¶12} "THE TRIAL COURT ERRED IN NOT PRECLUDING THE DEATH PENALTY AND ENFORCING THE THEN EXISTING PROVISIONS OF O.R.C. 2929.03(C)(2)(a)."

{¶13} In Davis' first assignment of error, he argues that the New Panel erred in not granting his motion to withdraw his jury waiver, and in his third, that the New Panel did not have the option to consider the death penalty under a since-modified provision of R.C. 2929.03. These arguments lack merit.

{¶14} After Davis was first indicted for aggravated murder and having weapons under disability, he moved to sever the counts, arguing that the jury would be prejudiced by knowledge of his prior conviction for murdering Ernestine. Davis argued that if the murder charge was heard separately from the weapons under disability charge, and because the judge would not have to make a finding regarding the aggravating circumstance under the murder charge unless there was a penalty phase, the jury would never know during the guilt phase of his trial that he had previously killed his wife. The trial court denied Davis' motion, finding instead, that the charges were properly joined under Crim.R. 8(A). Davis then waived his right to a jury trial, and signed a waiver after the trial court's colloquy ensuring an intelligent, knowing, and voluntary waiver of rights.

{¶15} According to R.C. 2945.05, a defendant may waive his right to have his case tried in front of a jury so long as the waiver is written, made in open court after the defendant has been arraigned, and has had an opportunity to consult with counsel. Once

- 4 -

A-10

Butler CA2009-10-263

a defendant executes a waiver, "such waiver may be withdrawn by the defendant at any time before the commencement of the trial." R.C. 2945.05.

{¶16} In the past, Davis has challenged the validity of his waiver, and in the process, raised multiple challenges on appeal. However, each reviewing court has upheld the validity of the waiver, finding that Davis made it knowingly, voluntarily, and intelligently. In our past review of Davis' appeals, this court has noted that Davis' habitual challenges regarding his jury waiver were barred by the doctrines of res judicata or law of the case. We find those same doctrines apply in Davis' current appeal.

{¶17} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 1996-Ohio-337. (Emphasis sic.) See also *State v. Reynolds* (Oct. 27, 1999), Summit App. No. 19062, 1999 WL 980568, *8 (finding appellant's assignment of error barred by res judicata where the claim "was addressed and rejected by [the] Court and by the Ohio Supreme Court during an appeal of right in a capital murder case").

{¶18} Davis argues that res judicata does not apply because he has not been properly convicted in the Butler County Court of Common Pleas, and cites *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, for the proposition that his final conviction has not been entered properly. However, *Baker* was specific to resolving a certified conflict regarding what a judgment of conviction must include pursuant to Crim.R. 32(C) in order to become a final appealable order. As Davis is not challenging whether his conviction by the Original Panel is in fact a final appealable order, his reliance on *Baker* is misplaced.

- 5 -

A-11

Furthermore, the court in *Baker* specifically defined 'conviction' as "an act or process of judicially finding someone guilty of a crime" or "the state of having been proved guilty." Id. at ¶ 11. Davis was found guilty by the Original Panel, and that finding has never been disturbed by a reviewing court.

{¶19} The *Baker* court settled the certified conflict by finding that "a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." Id. at syllabus. Davis' judgment of conviction contains (1) finding of guilt; (2) the sentence of death by the New Panel; (3) the signatures of all three judges who comprised the New Panel; and (4) an entry on the journal by the clerk of courts. Davis' has therefore been convicted, and his judgment of conviction is a final appealable order properly before this court.

{¶20} A review of Davis' earliest appeals reveals that he failed to directly challenge his jury waiver. Because he could have challenged his jury waiver on due process or other grounds within his first two appeals, the doctrine of res judicata applies to his current challenge. On appeal to this court in *Davis I*, Davis argued that "the court erred in denying defendant's motion to bifurcate the trial and to sever the charges," but did not otherwise challenge the validity of his wavier. *Davis I* at 5. On appeal to the Ohio Supreme Court in *Davis II*, Davis again argued that the trial court should have granted his motion to sever, and that by denying such motion, he was "forced to waive the jury trial," but did not otherwise challenge the overall validity of the waiver itself. 38 Ohio St.3d at 363.

{¶21} Both this court and the Ohio Supreme Court rejected Davis' claim that he was forced into signing the jury waiver by virtue of the trial court's denial of his motion to

- 6 -

Ap 12

sever. According to the doctrine of res judicata, Davis is barred from challenging the validity of his jury waiver in any other capacity or alleging that his due process rights were violated because those arguments should have been raised on his first appeal from the Original Panel's judgment.

{¶22} "The 'law of the case' doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * * Thus, the decision of an appellate court in a prior appeal will ordinarily be followed in a later appeal in the same case and court. Absent extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *State v. Prom*, Butler App. No. CA2004-07-174, 2005-Ohio-2272, ¶19-20. (Internal citations omitted.)

{¶23} Once Davis' death sentence from the Original Panel was vacated and the case was remanded for re-sentencing, Davis began his direct challenges against the waiver. Time and again, and whichever court reviewed the claim, the waiver withstood scrutiny and has been upheld in each instance. According to the law of the case, as established by this court and others, Davis' waiver is valid.

{¶24} Davis argued on his second appeal to this court that his waiver was "invalid because he was not aware of the consequences of such a waiver, i.e. that he could be resentenced to death if the original death sentence was reversed." *Davis III* at 8. In overruling Davis' assignment of error, we concluded that "there is no evidence in the record, however, that [Davis] was ever misinformed about the consequences of his waiver, or that the wavier was other than knowing, intelligent and voluntary when made. The fact that subsequent decisional law may or may not have affected the tactical decision to waive the right to trial by jury provides no avenue of relief for [Davis] at this

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5873

stage of the proceedings." Id. at 8-9.

{¶25} On appeal to the Ohio Supreme Court in *Davis IV*, Davis argued that he should have been permitted to withdraw his jury waiver because "he did not make an 'informed choice' between being tried by a panel or by a jury because he was not aware at the time he signed the wavier that his choice between panel or jury could ultimately affect his eligibility to be resentenced to death." 63 Ohio St.3d at 48-49. However, the court rejected Davis' argument, finding instead that "nothing in the record suggests that [Davis] was misinformed regarding the distinctions between trial by panel or trial by jury at the time [Davis] signed the 1984 waiver***." Id. at 49.

{¶26} In his federal petition for habeas corpus, Davis argued once more that his wavier was involuntary after his motion to sever the counts was denied. He also argued that his waiver was not knowing and intelligent because when he signed his waiver, he could not anticipate that the Ohio Supreme Court would hold that a capital defendant whose sentence is set aside after a jury verdict would have been ineligible for reimposition of the death penalty on a re-sentencing remand.[1] The Sixth Circuit denied Davis' claim, finding instead, that the denial was not a due process violation, and that the Ohio Supreme Court's ruling "cannot be said to have rendered his waiver of a jury trial involuntary." 475 F.3d at 779. The court also held that the jury waiver did not violate Davis' equal protection rights.

{¶27} We also note that when Davis appealed the trial court's denial of his petition for postconviction relief, he argued that his jury trial wavier was made unknowingly, and set forth several reasons for its invalidity. Davis argued he had not been informed that two of the judges on the Original Panel had represented a mortgage company in a 1970

---

1. R.C. 2929.06(B) has since been modified by the Ohio General Assembly to allow a trial court to empanel a new jury should a defendant's death sentence be set aside due to an error in the sentencing phase.

A-14

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5874

foreclosure action against him, that he was never informed that "under R.C. 2929.03(D) there is an 'increased risk of being sentenced to death when tried before a three-judge panel,'" and that he "was misinformed as to the standard of proof in the colloquy with the trial court regarding [his] jury waiver." *Davis V* at 17. After we rejected these arguments, we affirmed the decision to deny postconviction relief.

{¶28} At each stage of Davis' appellate proceedings and his request for post-conviction relief, he has, either directly or indirectly, challenged the jury waiver for a myriad of reasons. Once more, Davis now challenges the validity of his waiver, claiming that denying his motion to withdraw the waiver constitutes cruel and unusual punishment or is otherwise a due process violation. However, as each court has held, it is clear from the record that Davis knowingly, voluntarily, and intelligently waived his right to a jury trial and elected to have his case heard by a three-judge panel. Nonetheless, and although we find the doctrines of res judicata and law of the case applicable to Davis' appeal, we will analyze the waiver's validity as it applies to Davis' argument that the age of his waiver causes a violation of due process and that the New Panel is not permitted to sentence him to death.

{¶29} We reiterate that the trial court, before accepting Davis' waiver, performed a colloquy advising Davis of his rights and what he was giving up by executing his waiver. While it is true that Davis could not have necessarily foreseen 26 years of court proceedings, the Ohio Supreme Court has held that "a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it. Nor is the trial court required to inform the defendant of all the possible implications of waiver. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶68. The court went on to quote the United States Supreme Court's statement that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the

- 9 -

Ap15

defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances – even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz* (2002), 536 U.S. 622, 629, 122 S.Ct. 2450. (Emphasis sic.)

{¶30} Holding Davis to his valid waiver does not constitute cruel and unusual punishment or otherwise violate his due process rights, as the mere passage of time or changes in Davis' life do not invalidate an otherwise valid waiver. Regardless of Davis' arguments, it remains undisputed that R.C. 2945.05 does not enforce a time limit or otherwise curtail the validity of the waiver due to the passage of time. We also note that contrary to Davis' argument, the waiver is not invalidated because there are "different facts and equities" in play compared to 1983 when Davis elected to waive his jury right.

{¶31} In support of this contention, Davis relies on *State v. McGee* (1998), 128 Ohio App.3d 541, 545, in which the Third District Court of Appeals ruled that McGee was entitled to withdraw her jury waiver after the Ohio Supreme Court reversed her conviction "on the basis that she was neither charged nor found guilty of an essential element of the offense." The court went on to state, "we further conclude that McGee's previous waiver of a jury trial is also inherently revoked by the reversal of the conviction and the new indictment in this case." Id.

{¶32} Unlike McGee, Davis' conviction has never been reversed. The courts in *Davis I* and *II* directly considered whether his convictions were supported by the manifest weight of the evidence, and affirmed the Original Panel's finding of guilt. The state proved the essential elements of Davis' aggravated murder charge, and was never directed to amend the indictment or prove his guilt over again. Davis misapplies the holding in *McGee* and asks this court to allow him to withdraw his waiver because there are new facts and evidence that would be presented at his re-sentencing. However, the holding in

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5876

Butler CA2009-10-263

*McGee* was specific to an instance where the state was required to go back and amend the indictment and "proceed anew from arraignment on the amended indictment to a new trial." Id. at 545. We therefore find *McGee* distinguishable from Davis' case, and do not agree with Davis that his "case is no different than *McGee*."

{¶33} In addition to his reliance on *McGee*, Davis also cites the Sixth Circuit's opinion in *Davis VI* for the proposition that because the sentencing proceeding was a separate trial, he should have been permitted to withdraw his jury waiver. The court expressed its opinion that the penalty phase was the "functional equivalent" of a trial and conveyed its concerns regarding the age of the waiver. However, the court did not consider the impact Ohio's capital statutes have on jury waiver, or place the wavier in context of Ohio law. Regardless of the Sixth Circuit's concerns, we need not decide the issue of whether the penalty proceeding is a separate trial because the Ohio legislature has statutorily foreclosed the possibility of withdrawing a jury waiver after a panel of three judges determines guilt.

{¶34} As we previously recognized, R.C. 2929.03(C)(2)(b) states that once a defendant waives his right to a jury trial, that waiver applies to the penalty proceeding as well. R.C. 2945.05 does not permit the defendant to withdraw his waiver once the trial has begun, neither does the statute permit the defendant to withdraw his waiver in between the guilt and penalty phase of a capital trial. Davis was aware that by waiving his right to a jury, he was giving up that right for both the guilt phase of the trial, as well as the sentencing proceeding.

{¶35} Specifically, R.C. 2929.03(C)(2)(b) mandates that once a defendant in a capital case chooses to have his case heard by a three-judge panel in lieu of a jury trial, his penalty "shall be determined" by a panel of judges as well. Ohio's capital proceedings, therefore, do not permit a three-judge panel to hear the guilt phase, but then empanel a

- 11 -



Butler CA2009-10-263

jury to determine the sentence. What Davis now asks this court to do as it pertains to withdrawing his wavier so that he can have his penalty phase heard by a jury is in direct dereliction of Ohio's capital statutory scheme.

{¶36} The Ohio Supreme Court's analysis of a capital defendant's rights upon pleading guilty before a three-judge panel provides guidance as we analyze the case at bar. In *State v. Ketterer*, Ketterer waived his right to a jury and pled guilty to, among other crimes, aggravated murder. 2006-Ohio-5283 at ¶10. After the three-judge panel accepted Ketterer's guilty plea, it sentenced him to death. On appeal, Ketterer argued that the trial court denied his constitutional right to have a jury determine his penalty. The court rejected his argument, finding instead, that Ketterer had knowingly, intelligently, and voluntarily waived his right to a jury, and had therefore "acknowledged that he was waiving any right to have a jury decide what penalty to impose for the aggravated murder. Having freely relinquished his right, he cannot now argue that the trial court denied that right." Id. at ¶123.

{¶37} In addition to the application of waiver, the court went on to state, "further, the applicable statute, R.C. 2945.06, as well as Crim.R. 11(C)(3), contains no provisions permitting an accused charged with aggravated murder to waive a jury, request that three judges determine guilt upon a plea of guilty, and then have a jury decide the penalty. Instead, R.C. 2945.06 directs, 'If the accused pleads guilty to aggravated murder, a *court composed of three judges* shall examine the witnesses *** [and determine guilt] and pronounce sentence accordingly.'" Id. at ¶123. (Emphasis sic.)

{¶38} The court also noted that it had previously issued a writ of prohibition against a trial judge who had "created a hybrid procedure – a jury sentencing hearing to make certain findings upon which [the trial judge] would base his sentencing decision. We held that by creating a nonstatutory procedure to convene a jury, the trial court proceeded in a

- 12 -

A-18

Butler CA2009-10-263

manner in which he patently and unambiguously lacked jurisdiction to act." Id. at ¶124, citing *State ex. rel. Mason v. Griffin*, 104 Ohio St.3d 279, 2004-Ohio-6384, overruled on other grounds.

{¶39} Although Ketterer pled guilty, whereas Davis was found guilty by the Original Panel, the statutory provision in R.C. 2945.06, as cited in *Ketterer*, also applies to defendants who waive their right to a jury and elect to have their guilt determined by a three-judge panel. We therefore find the holding in *Ketterer* highly analogous to the case at bar, and determine that Davis' waiver precludes him from having his punishment determined by a jury.

{¶40} As we've previously discussed, R.C. 2929.03(C)(2)(b) pronounces that upon a jury waiver and a guilty finding by a three-judge panel, the penalty "shall be" determined by the panel of three judges that found the defendant guilty. Davis argues next that his waiver should be voided because his death sentence was handed down by the New Panel, rather than the panel who tried him and determined his guilt.

{¶41} Justice Holmes' concurrence in *Davis II*, (decided in 1988) aptly foreshadowed the current issue, and stated persuasively that "the legislature was apparently not concerned about the possibility that the composition or the mental attitude of the three-judge panel may have changed on remand, as R.C. 2929.06 does not require *the* three-judge panel to make the resentencing decision thereunder." 38 Ohio St.3d 374. (Emphasis sic.) Justice Holmes' statement was later verified when the legislature amended R.C. 2929.06(B), expressly defeating Davis' argument that only the Original Panel can sentence him to death.

{¶42} According to R.C. 2929.06(B), "whenever any court of this state or any federal court sets aside, nullifies, or vacates a sentence of death imposed upon an offender because of error that occurred in the sentencing phase of the trial *** the trial

- 13 -

A-19

court that sentenced the offender shall conduct a new hearing to resentence the offender. *** if the offender was tried by a panel of three judges, that panel *or, if necessary, a new panel of three judges* shall conduct the hearing." (Emphasis added.)

{¶43} Although the statute clearly authorizes a new panel to consider the sentence, Davis nonetheless challenges the application of the statute, and argues that his case should be determined under the version of R.C. 2929.06(B) in place when he signed his waiver. At the time of his waiver, the statute did not include an express provision naming a new panel to determine sentencing if necessary.

{¶44} According to Davis' argument in his third assignment of error, should this court apply the current version of R.C. 2929.06(B), such application would violate the Ohio Constitution's prohibition against retroactive laws, as well as the ex post facto clause of the federal constitution.[2] We disagree.

{¶45} Section 28, Article II of the Ohio Constitution provides that the General Assembly "shall have no power to pass retroactive laws." The Ohio Supreme Court has stated, "it is now settled in Ohio that a statute runs afoul of this provision if it takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past." *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, ¶9. The court then set forth a two-part test to determine whether a statute is impermissibly retroactive, which requires a court to identify first "a clearly expressed legislative intent that a statute apply retroactively" and second, to determine "whether the challenged statute is substantive or remedial." Id. at ¶10.

---

2. This court is aware that the Ohio Supreme Court is now considering a similar issue in *State v. White*, Case No. 2009-1661. In *White*, the court is considering whether the retroactive application of R.C. 2929.06 as it relates to jury trials violates the Ohio Constitution. As Davis was tried by a three-judge panel, we will perform the following analysis as it relates directly to a jury waiver because different standards are applied to panels versus juries throughout Ohio's capital statutes.

- 14 -

A-20

{¶46} According to R.C. 2929.06(E), "this section, as amended by H.B. 184 of the 125th general assembly, shall apply to all offenders who have been sentenced to death for an aggravated murder that was committed on or after October 19, 1981 ***.  This section, as amended by H.B. 184 of the 125th general assembly, shall apply equally to all such offenders sentenced to death prior to, on, or after March 23, 2005, including offenders who, on March 23, 2005, are challenging their sentence of death and offenders whose sentence of death has been set aside, nullified, or vacated by any court of this state or any federal court but who, as of March 23, 2005, have not yet been resentenced." This language expresses the clear legislative intent that the two-part test calls for.  We also note that Davis meets the above-quoted standard in that he was sentenced to death prior to March 23, 2005, had his sentence set aside, and remained unsentenced prior to 2005, due to the Federal Court's remand in 2007.

{¶47} Regarding the second factor, Davis contends that the statute is substantive because once he signed his jury waiver, he had a "vested right" to have his guilt and sentence determined by the Original Panel.  However, we disagree, and find the challenged statute remedial in nature.

{¶48} The *Walls* court defined remedial as "those laws affecting merely the methods and procedures by which rights are recognized, protected and enforced, not the rights themselves."  2002-Ohio-5059 at ¶15.  The court went on to further clarify what constitutes a remedial statute, and explained that "it is generally true that laws that relate to procedures are ordinarily remedial in nature."  Id. at ¶17.  In finding that the statute under which Walls was convicted was not impermissibly retroactive, the court concluded that "under either the 1985 law or the 1997 law, Walls was on notice that the offense he allegedly committed could subject him to criminal prosecution as an adult ***."  Id.

{¶49} The change to R.C. 2929.06(B) is remedial, in that it affects only the

- 15 -

A-21

methods or procedures by which the Butler County Court of Common Pleas implemented Davis' jury waiver. The amendment merely supplies an alternative should the first panel to hear a case be unable to perform its duty. The amendment did not, however, change the fact that Davis had the right to avoid a jury and have his guilt and penalty determined by a panel of judges.

{¶50} We also note that much like Walls, Davis was on notice that should a judge from the Original Panel become unable to participate in sentencing, another judge would take his place. According to Crim.R. 25 (B), "if for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge, or in the case of a single-judge division, by the Chief Justice of the Supreme Court of Ohio, may perform those duties."

{¶51} Even before the Ohio Assembly codified the ability of a new panel to participate in the sentencing proceeding of a capital case in R.C. 2929.06(B), the rules of criminal procedure addressed the contingency of a judge becoming disabled from participation in his duties after a verdict or finding of guilt. Crim.R. 25(B) was in effect at the time of Davis' original trial and penalty proceeding, and therefore controlled at the time of Davis' original jury waiver and remained in effect throughout the subsequent proceedings.

{¶52} For the forgoing reasons, the amendment is remedial and moreover, curative, in that the legislators could have expressly authorized a new panel to hear a case when necessary, but did not add the express provision until the amendment. See *Burgett v. Norris* (1874), 25 Ohio St. 308, 317 (finding statutes curative when the legislature "could cure and render valid, by remedial retrospective statutes, that which it could have authorized in the first instance by proper enactment").

- 16 -

A-22

{¶53} Specific to Davis' contention that he had a vested right in having the Original Panel hear his case, we note that Davis does not challenge the finding of guilt by the Original Panel. His challenges are directed to the penalty phase, and his waiver as it related to the New Panel once the Original Panel could no longer be reconvened. While it is true that his waiver form listed the three judges who would comprise the panel, and the judges were named in open court during the colloquy, Davis signed and executed the waiver form, which specifically stated that "I am waiving said trial by jury, and making this election to be tried by *a court composed of three judges.*" (Emphasis added). The trial court then concluded that "this jury waiver and *election to be tried by a three-judge panel* is hereby accepted and entered upon the journal of this court." (Emphasis added). These two specific statements demonstrate that Davis was waiving his right to a jury so that he could be tried before a three-judge panel, not that he was entitled to have only the Original Panel hear his case.

{¶54} Further, his arguments on appeal clearly demonstrate that Davis did not waive his right to a jury in order to have his case heard before the three judges who comprised the Original Panel, and who, we note, ultimately found him guilty and sentenced him to death twice. As stated, Davis worried that a jury would be too prejudiced by his prior convictions to consider the aggravated murder charge with a complete lack of bias. In support of his argument on appeal that his waiver was involuntarily made, Davis filed an affidavit in which he stated, "on May 4, 1984, I elected to have the prior murder specification determined by a judge pursuant to O.R.C. 2929.022. I made this decision because I did not want the jury to hear about my prior murder during the guilt phase of my capital trial. I also wanted my weapon under disability charge to be tried separately. Accordingly, my attorneys filed a Motion to Sever that count. On May 8, 1984, the trial court overruled that motion. With the trial court's decision I knew the jury

- 17 -

A-73

would hear about my prior murder. At this point I felt the jury would not be able to separate my prior murder from the current capital charge. As a result, I had no choice but to waive my right to a trial by jury. Had the trial court severed the charges, I would not have waived my trial by jury."

{¶55} Contrary to his contention that he had a vested right in having his case heard by the Original Panel, a defendant's right to waive his right to a jury is just that. It is a right to have his case heard before a panel of judges in lieu of a jury. It is not a right to choose which judges will hear the case. Davis' right to avoid having a jury determine his guilt and penalty, and instead have his case heard before an impartial, highly skilled, and knowledgeable panel of judges, remained exactly the same before and after the amendment. The right vested upon waiver, avoiding what Davis feared would be a prejudiced jury, was not compromised by the amendment in the least.

{¶56} While not directly on point, we do note that the *Walls* court addressed the effect a jurisdictional rule has on retroactivity, and stated "an application of a new jurisdictional rule usually takes away no substantive right *but simply changes the tribunal that is to hear the case*." 2002-Ohio-5059 at ¶18. (Emphasis added.) While the court was referencing whether the juvenile court or general criminal division had jurisdiction to try Walls, we cannot disregard the court's finding that changing the tribunal that hears a case takes away no substantive right.

{¶57} We also find that the amendment is not in violation of the ex post facto clause of the federal constitution. As stated by the Supreme Court, "although the Latin phrase '*ex post facto*' literally encompasses any law passed 'after the fact,' it has long been recognized by this Court that the constitutional prohibition on *ex post facto* laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood* (1990), 497 U.S. 37, 41, 110 S.Ct. 2715. The court went on to list a four-

- 18 -

A-24

part test when determining whether a statute is ex post facto. "1st. Every law that makes an action done before the passing of the law, and which was *innocent* when done, criminal; and punishes such action. 2d. Every law that *aggravates* a *crime,* or makes it *greater* than it was, when committed. 3d. Every law that *changes the punishment,* and inflicts a *greater punishment,* than the law annexed to the crime, when committed. 4th. Every law that alters the *legal* rules of *evidence,* and receives less, or different, testimony, than the law required at the time of the commission of the offence, *in order to convict the offender*" Id. at 42. (Emphasis sic.)

{¶58} Davis asserts that R.C. 2929.06(B) is ex post facto because the amendment changed the possible punishment and inflicted a greater punishment than he could have received under the former version of the statute, thereby meeting the third factor of the test set forth above. According to Davis' argument, under the former version of the statute, only the Original Panel could have sentenced him to death so that his sentence would have defaulted to life imprisonment once the Original Panel was no longer able to convene.

{¶59} However, the statute, former or amended, does not lend weight to Davis' interpretation. There is no language in the previous version that directed a court to enter a life sentence if the panel could not perform its duties. Nor does Davis' argument take into consideration that Crim.R. 25(B) permitted replacement in the event that a judge was not able to perform post-conviction duties such as sentencing.

{¶60} The Ohio Supreme Court addressed Davis' previous claim that once his sentenced was vacated, he could only be sentenced to life imprisonment. On appeal in *Davis II,* Davis cited the court's holding in *State v. Penix* (1987), 32 Ohio St.3d 369, in which the court held that a defendant whose death sentence is vacated after a jury trial is not subject to re-imposition of the death penalty upon resentencing. (As previously

- 19 -

A-75

mentioned, the Ohio Legislature has since modified R.C. 2929.06[B] to state otherwise.)

However, when directly confronted with its holding in *Penix* and how that holding applied

to Davis, the court held that "when a reviewing court vacates the death sentence of a

defendant imposed by a three-judge panel due to error occurring at the penalty phase \*\*\*

such reviewing court may remand the action to *that trial court* for a resentencing hearing

at which the state may seek whatever punishment is lawful, including, but not limited to,

the death sentence." *Davis II* at 373. (Emphasis added.)

{¶61} While the court did not specifically state that an entirely new panel could re-

sentence Davis to death, it nonetheless stated that upon remand to the trial court, the

state could seek the death penalty, and further refused to extend its holding in *Penix* to

instances involving a panel. No statement by the Ohio Legislature or our superior court

supports Davis' contention that the New Panel was foreclosed from resentencing him to

death, or that his sentence defaulted to life imprisonment once the Original Panel was no

longer able to reconvene for resentencing.

{¶62} Under the former version of the statute, Davis was subject to either life

imprisonment or death. Under the amended version of the statute, he was subject to

either life imprisonment or death. The punishment under either version of the statute is

the same, and was not increased due to the amendment in any way.

{¶63} Having found that Davis' jury waiver is still valid, and that R.C. 2929.06(B) is

not unlawfully retroactive or does not otherwise violate the ex post facto clause of the

United States Constitution, Davis' first and third assignments of error are overruled.

{¶64} Assignment of Error No. 2:

{¶65} "THE THREE JUDGE PANEL ERRED IN NOT CONSIDERING AND

GIVING EFFECT TO CERTAIN MITIGATING EVIDENCE."

{¶66} Assignment of Error No. 4:

- 20 -

A-26

<u>Butler CA2009-10-263</u>

{¶67} "APPELLANT'S DEATH SENTENCE IS DISPORPORTIONATE (sic) AND INAPPROPRIATE."

{¶68} In his second and fourth assignments of error, Davis argues that the New Panel erred by not considering or giving the proper effect to his mitigation evidence, and that the panel's sentence was improper. There is no merit to these arguments.

{¶69} R.C. 2929.04(B) sets forth the procedure for sentencing a defendant to death, and requires that the trier of fact, "weigh against the aggravating circumstances proved beyond a reasonable doubt, the nature and circumstances of the offense, the history, character, and background of the offender" as well as a list of other factors. Those factors include: "(1) Whether the victim of the offense induced or facilitated it; (2) Whether it is unlikely that the offense would have been committed, but for the fact that the offender was under duress, coercion, or strong provocation; (3) Whether, at the time of committing the offense, the offender, because of a mental disease or defect, lacked substantial capacity to appreciate the criminality of the offender's conduct or to conform the offender's conduct to the requirements of the law; (4) The youth of the offender; (5) The offender's lack of a significant history of prior criminal convictions and delinquency adjudications; (6) If the offender was a participant in the offense but not the principal offender, the degree of the offender's participation in the offense and the degree of the offender's participation in the acts that led to the death of the victim; (7) Any other factors that are relevant to the issue of whether the offender should be sentenced to death."

{¶70} In addition to the catch-all provision within the seventh factor, R.C. 2929.04(C) instructs that, "the defendant shall be given great latitude in the presentation of evidence of the factors listed in division (B) of this section and of any other factors in mitigation of the imposition of the sentence of death." However, the statute goes on to specifically state that "the existence of any of the mitigating factors listed in division (B) of

- 21 -

A-27

this section does not preclude the imposition of a sentence of death on the offender *but shall be weighed* pursuant to divisions (D)(2) and (3) of section 2929.03 of the Revised Code by the trial court, trial jury, or the panel of three judges against the aggravating circumstances the offender was found guilty of committing." (Emphasis added.)

{¶71} The Ohio Supreme Court has further clarified the standard expected of a court when weighing the mitigating factors against the aggravating circumstances. "**** [W]hile R.C. 2929.04(B)(7) evinces the legislature's intent that a defendant in a capital case be given wide latitude to introduce any evidence the defendant considers to be mitigating, this does not mean that the court is necessarily required to accept as mitigating everything offered by the defendant and admitted. The fact that an item of evidence is admissible under R.C. 2929.04(B)(7) does not automatically mean that it must be given any weight." *State v. Steffen* (1987), 31 Ohio St.3d 111, 129.

{¶72} The court went on to give an example of a defendant's choice to introduce testimony from a high school teacher that he behaved well in school and was prepared in class. The court addressed this hypothetical mitigating evidence and stated that "the jury, or the court in its own independent weighing process, may properly choose to assign absolutely no weight to this evidence if it considers it to be non-mitigating. Only that evidence which lessens the moral culpability of the offender or diminishes the appropriateness of death as the penalty can truly be considered mitigating. Evidence which is not mitigating is not entitled to any weight as a mitigating factor in determining whether such factors outweigh the aggravating circumstances." Id.

{¶73} While the trier of fact may decide to assign no weight to the mitigating evidence, it must, nonetheless, consider the evidence. According to the Supreme Court, in capital cases, "the sentencer may not refuse to consider or be precluded from considering any relevant mitigating evidence." *Skipper v. South Carolina* (1986), 476 U.S.

A-28

1, 4, 106 S.Ct. 1669. It was the Original Panel's refusal to consider Davis' new mitigation evidence that resulted in a *Skipper* error and entitled him to resentencing.

{¶74} Upon remand, "a decisionmaker need not weigh mitigating factors in a particular manner. The process of weighing mitigating factors, as well as the weight, if any, to assign a given factor is a matter for the discretion of the individual decisionmaker." *State v. Newton*, 108 Ohio St.3d 13, 2006-Ohio-81, ¶60.

{¶75} Davis claims that the New Panel erred by failing to consider relevant mitigating factors, just as the Original Panel had done after the *Davis II* remand. However, a review of the record indicates otherwise. The New Panel considered the following mitigating factors: Davis' borderline personality disorder, alcohol abuse, love and support of family members and friends, the testimony of Davis' daughter that she has forgiven her father for killing her mother, Davis' good behavior in prison, childhood and family experience, and the impact of each upon Davis' personality development and mental health, remorse and apology, age (62), probability of no release from prison, whether a sentence of life in prison would bring closure to the victim's family, and the savings to taxpayers should a life sentence be imposed.

{¶76} The New Panel noted that in relation to these factors, it heard evidence from Davis' family and friends, including his daughter, explaining Davis' positive aspects and importance in their lives. The New Panel also considered testimony from prison personnel regarding Davis' good behavior and that his sole instance of misconduct occurred in 1990.

{¶77} Cynthia Mausser, Chairperson of the Ohio Parole Board, also testified and described the Parole Board's various policies and procedures. Mausser testified that it was "unlikely" that Davis would be paroled at the first opportunity and would "likely" spend a substantial portion of his life in prison. However, Mausser could not state with certainty

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5889

that any petition Davis made for parole would be denied, and further stated that Davis would be considered for parole at intervals ranging from one to 10 years for the rest of his life.

{¶78} The New Panel also heard from a clinical psychologist and certified addiction specialist who testified that Davis had a borderline personality disorder and alcohol dependence. The psychologist testified that Davis' personality disorder and alcohol dependence helped to explain how or why Davis could kill Butler, but did not otherwise excuse or justify his actions. According to the psychologist, Davis' good behavior while in prison is not surprising because individuals with borderline personality disorders function well in a highly-structured environment, such as prison.

{¶79} The state presented evidence that the aggravating circumstance was that Davis had been convicted of murdering Ernestine, an essential element of which was the purposeful killing of another. The state re-introduced the journal entry from 1971 wherein Davis was convicted for second degree murder, as well as Davis' original stipulation to the entry of conviction.

{¶80} Davis now challenges the way in which the New Panel weighed the evidence, and asserts that the New Panel's decision to assign little or no weight to some of the mitigating factors rendered the factors unconsidered. However, as noted above, the Ohio Supreme Court has specifically stated that while a trier of fact need consider the evidence, it need not accept as mitigating everything offered by the defendant, and further, may properly choose to assign absolutely no weight to this evidence if it considers it to be non-mitigating.

{¶81} In the sentencing opinion, the New Panel considered the aggravating circumstance and afforded Davis' previous conviction for killing Ernestine "great weight." The New Panel then considered each piece of evidence Davis offered as mitigation, and

- 24 -

A₁ 30

assigned a corresponding weight to each factor. The fact that the Panel assigned little or no weight to some factors does not demonstrate that it failed to consider the evidence, nor does such weighing result in another *Skipper* error as Davis contends.

{¶82} The New Panel noted that the testimony offered to show that Davis is loved and supported by family is not atypical, and therefore did not deserve significant weight. The New Panel also considered the fact that Davis' daughter testified that she had forgiven her father for killing her mother, but found this factor deserved very little weight. According to the sentencing opinion, the New Panel also considered the testimony regarding Davis' dysfunctional family and childhood experiences to be unconvincing and entitled to little or no weight. The New Panel also found discrepancies between testimony from Davis' family and the psychologist's report. It nonetheless assumed that even if Davis' background contributed in some way to the development of his borderline personality disorder or alcohol dependence, the psychologist's diagnosis was entitled to little weight.

{¶83} Regarding Mausser's testimony, the New Panel determined that her opinion that Davis was unlikely to be released was "highly speculative and unconvincing." The New Panel, therefore, afforded no weight to Mausser's testimony. While the panel afforded no weight to the possible savings to tax payers, the record is clear that the New Panel considered the evidence because it overruled the state's objection that the cost issue should not be considered by the panel. The New Panel also considered and afforded little weight to Davis' good behavior while in prison, his advanced age, and his remorse and apology for murdering Butler.

{¶84} After considering and weighing all of the evidence, the New Panel found that the aggravating circumstance outweighed the mitigating factors beyond a reasonable doubt and sentenced Davis to death. While Davis disagrees with the amount of weight,

A-31

(whether it was great, little, or none), the panel assigned to each factor, the fact that the panel assigned less weight to the factors than he believes they deserve is not the same as the panel failing to consider the evidence.  See *Newton*, 2006-Ohio-81 at ¶60 (dismissing Newton's claim that the trier of fact excluded relevant mitigating evidence where "the panel was aware of Newton's guilty plea, and its decision to give his guilty plea less weight than Newton argues it deserves is not equivalent to excluding the plea from evidence").

{¶85} We also briefly address Davis' contention that the New Panel erred because it assigned different weight to the factors than did the Ohio Supreme Court during its reviews in *Davis II* and *IV*.  For example, while the New Panel found that Mausser's testimony was entitled to no weight, the *Davis IV* court "considered the probability that [Davis] would never be released from prison if he were to be sentenced to life imprisonment" and gave that factor "some weight."  63 Ohio St.3d 51.

{¶86} However, and for this very reason, the Ohio Supreme Court has specifically stated that "a decisionmaker need not weigh mitigating factors in a particular manner. The process of weighing mitigating factors, as well as the weight, if any, to assign a given factor is a matter for the discretion of the individual decisionmaker." *Newton*, 2006-Ohio-81 at ¶60.  The fact that the New Panel assigned no weight to testimony it found highly speculative and unconvincing was within its discretion, just as the Ohio Supreme Court may assign a different amount of weight to Mausser's testimony during its own independent review of the factors.

{¶87} Regarding our own review of the proportionality and appropriateness of the sentence, we are guided by R.C. 2929.05(A), which requires this court to "review the judgment in the case and the sentence of death imposed by the court or panel of three judges *** [and] review and independently weigh all of the facts and other evidence

- 26 -

A -37.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5892

disclosed in the record in the case and consider the offense and the offender to determine whether the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors in the case, and whether the sentence of death is appropriate."

{¶88} Specific to our independent review, we will address Davis' mitigation evidence as it compared to the aggravating circumstance. Once again, we reiterate the evidence Davis presented in mitigation.

{¶89} Davis presented testimony from the psychologist that he suffers from a borderline personality disorder. We give this evidence little weight because it is widely recognized that personality disorders are commonplace in murder cases. See *State v. Taylor*, 78 Ohio St.3d 15, 33, 1997-Ohio-243, (noting that the court "normally has accorded little weight to 'personality disorders' as a mitigating 'other factor'"). Furthermore, the psychologist testified that whatever disorder Davis had, it did not excuse or justify his actions. Similarly, Davis' dependence on alcohol is entitled to little weight for similar reasons. See *State v. Johnson*, 88 Ohio St.3d 95, 2000-Ohio-276 (finding Johnson's personality disorder and drug dependence entitled to little weight).

{¶90} Davis also presented testimony from his mother, step-father, younger sister, younger brother, daughter, and two friends regarding the positive aspects of his life, how important he is to them, as well as their continued contact with him despite his incarceration on death row. We consider the fact that each witness opposed the re-imposition of the death penalty, and accord this factor some weight. Though certainly not an absolute, it can be expected that a defendant's family and friends would oppose a death sentence of their loved-one and offer some show of love and support. The support Davis receives from his witnesses, however, is not so out of the ordinary to afford this factor any greater weight than we have given it.

- 27 -

IA-33

{¶91} Regarding the testimony of Davis' daughter that she has forgiven her father for killing her mother, we afford this factor little weight. While this forgiveness was undoubtedly cherished by Davis, we fail to see how a third-party's state of mind or willingness to forgive lessens the moral culpability of the offender or diminishes the appropriateness of death as the penalty. Moreover, Davis' daughter testified that she forgave her father so that she could displace the burden of hate she had carried for many years. This forgiveness, born of a daughter's desire to move on with her life, does not otherwise mitigate Davis' action.

{¶92} Davis' good behavior in prison, however, does speak to Davis himself, and his choice to act in accordance with the prison's rules and regulations. We consider the testimony of the prison personnel that Davis has had a positive record during his incarceration and has even earned extended privileges while on death row. We afford this factor some weight.

{¶93} We have considered Davis' childhood and family experience, and the impact of each upon Davis' personality development and mental health, and afford this factor some weight. Much like substance abuse and personality disorders, negative childhood experiences are commonplace in death penalty cases. We recognize that a negative upbringing can have a lasting impact on a person. However, we find nothing in Davis' childhood so horrific or distinctive to garner more weight than we afforded. We also note that courts have afforded similar or less weight to other capital defendants who have had comparatively worse upbringings and childhoods. See *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, ¶136 (affirming death penalty even where Adams was found to be "certainly at the worst end of * * * disruptive families," had a physically and sexually abusive father, and began drinking alcohol at five or six years of age).

{¶94} We lend little weight to Davis' remorse and apology. Davis fought his

- 28 -

A-34

conviction, claiming that a third party killed Butler and that he was innocent of the crime. Years later, Davis offered an unsworn statement to the New Panel, apologizing for his conduct, and called Butler's murder "nothing but an evil act by me." However, this remorse does little to alleviate Davis' moral culpability.

{¶95} We have considered that Davis is a man of advanced age, and apply no weight to this factor. At the time of his resentencing, he was 62 years old. Unlike the capital jurisprudence regarding juveniles, there is nothing inherently mitigating about sentencing a 62-year-old man to death. Davis was 36 when he was sentenced to death the first time, and nothing in the passage of time has increased the mitigation weight we will afford his age.

{¶96} According to Cynthia Mausser's testimony, Davis is "unlikely" to be paroled at his first opportunity. We afford this evidence little weight. Mausser was unable to definitively state that Davis would never be paroled and instead, indicated that should he become parole-eligible, he would be considered for parole on multiple occasions.

{¶97} We afford no weight to evidence that imposing a life sentence in lieu of a death sentence would save taxpayers money or provide closure for the victim's family. We have considered Davis' contention that housing a prisoner in general population of a prison is less expensive than housing a death row inmate. However, Ohio's capital sentencing scheme does not place importance on the financial burden either execution or life imprisonment has on the citizens of Ohio. We find Davis' concern for the state's budget incongruous with his request to remain supported the rest of his life, or however long he would be imprisoned, by the taxpayers of Ohio. Similarly, Davis' contention that a life sentence would bring closure to Butler's family deserves little weight. The Butler family's state of mind has nothing to do with Davis' moral culpability and is not mitigating evidence we will lend significant weight to.

A-35

{¶98} We find that the aggravating circumstance is entitled to great weight. Previous to killing Butler, Davis killed his estranged wife Ernestine. He then pled guilty to second-degree murder, an essential element of which was the purposeful killing of another. See *Taylor*, 78 Ohio St.3d at 34 (noting that "a prior murder conviction can be even more grave than other aggravating circumstances").

{¶99} Upon review of all of the facts and evidence, including all of the new mitigation evidence that has arisen since the time of Davis' incarceration for Butler's murder, we find that the aggravating factor outweighs the mitigating evidence beyond a reasonable doubt.

{¶100} Davis was sentenced to death for an offense committed before January 1, 1995. Therefore, in compliance with R.C. 2929.05(A), before we determine whether the sentence of death is appropriate, this court "also shall review all of the facts and other evidence to determine if the evidence supports the finding of the aggravating circumstances the trial jury or the panel of three judges found the offender guilty of committing, and shall determine whether the sentencing court properly weighed the aggravating circumstances the offender was found guilty of committing and the mitigating factors. The court of appeals, in a case in which a sentence of death was imposed for an offense committed before January 1, 1995, or the supreme court shall affirm a sentence of death only if the particular court is persuaded from the record that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors present in the case and that the sentence of death is the appropriate sentence in the case."

{¶101} After performing our statutory duty under R.C. 2929.05, we find that the sentence of death is appropriate. This court has reviewed the facts and all evidence, and finds that the evidence supports the finding of the aggravating circumstance.

- 30 -

A-36

{¶102} According to R.C. 2929.04(A)(5), the state may seek the death penalty if it is able to prove that, "prior to the offense at bar, the offender was convicted of an offense an essential element of which was the purposeful killing of or attempt to kill another ***." The record demonstrates that the evidence supports the finding of the aggravating circumstance because the state produced Davis' 1971 entry of conviction for the second degree murder of Ernestine, an essential element of which was the purposeful killing of another.

{¶103} Based on our discussion of Davis' second assignment of error, we have established that the New Panel properly weighed the aggravating circumstance Davis was found guilty of committing, and the mitigating factors. We are also persuaded from the record that the aggravated circumstance for which Davis was found guilty, his prior conviction of murder in the second degree, outweighs the mitigating factors present in the case beyond a reasonable doubt.

{¶104} According to R.C. 2929.05(A), we are also directed to "consider whether the sentence is excessive or disproportionate to the penalty imposed in similar cases." This statutory requirement is "satisfied by a review of those cases already decided by the reviewing court in which the death penalty has been imposed." *Steffen*, 31 Ohio St.3d at 123-124. Davis has submitted several cases for our review in which the court decided to impose a life sentence in lieu of the death penalty. However, the Ohio Supreme Court has stated that we need not consider "any case where the death penalty was sought but not obtained or where the death sentence could have been sought but was not." Id. at 124.

{¶105} A review of the cases in which this court has found the death penalty appropriate demonstrates that the penalty imposed in the case at bar is not excessive or disproportionate. In *State v. DePew* (June 29, 1987), Butler App. No. CA85-07-075, we

- 31 -

IA -37

<u>Butler CA2009-10-263</u>

reviewed a death sentence imposed after DePew was convicted for killing three people and setting fire to their home during the commission of a robbery. In mitigation, we considered that DePew had never been arrested or convicted previously, he was helpful to others, and he did not initially intend to kill anyone during the burglary. We upheld the sentence of death.

{¶106} In *State v. Lawson* (June 4, 1990), Clermont App. No. CA88-05-044, Lawson was sentenced to death after he kidnapped and later shot and killed a man who implicated Lawson and his brother for numerous criminal activities. In mitigation, we considered that Lawson had an extensive history of alcohol and drug abuse, was sexually abused by a relative as a teen, had a low IQ, reacted impulsively to stress, and was described as being very close to and protective of his family. We upheld the sentence of death.

{¶107} In *State v. Webb* (May 24, 1993), Clermont App. No. CA91-08-053, we reviewed the sentence of death imposed upon Webb after he killed his son by setting fire to the family home. We weighed Webb's aggravating circumstance against the evidence that he was only twelve years old when his father, who he idolized, died in an automobile accident, that he had a low IQ, that he was devastated after his first wife died in an automobile accident, and that friends and relatives of Webb and his deceased son pleaded for a life sentence because they felt that Webb could still contribute positively to their lives. We found that the mitigating evidence did not outweigh the aggravating circumstance.

{¶108} In *State v. Williams* (Nov. 2, 1992), Butler App. Nos. CA91-04-060, CA92-06-110, Williams challenged the death sentence imposed upon him after he shot and killed a cab driver during the commission of a robbery. In mitigation, Williams offered evidence that his family relationships with his mother and his maternal grandmother were

- 32 -

A-38

Butler CA2009-10-263

good, that he was helpful around the house to both his mother and grandmother, that he had a fairly happy childhood, but that he had also experienced difficulties in life due to the lack of contact with his natural father who barely acknowledged his existence. Williams also offered testimony from a psychiatrist who diagnosed him as having paranoid schizophrenia which "played a role" in his actions the night of the shooting. We found the death penalty appropriate.

{¶109} In *State v. Loza* (April 19, 1993), Butler App. No. CA 91-11-198, we considered the appropriateness of the death penalty where Loza shot and killed his pregnant girlfriend's family after they refused to allow her to move to California with him. Loza offered the following mitigation evidence: he was born in Guadalajara, Mexico, where his father abandoned the family when he was four or five years old, he had not seen his father since that time and was devastated by the loss. Loza also offered evidence that his mother moved to the United States and left him in the care of his siblings, and he did not see his mother until four years later when she hired a smuggler to bring her family to Los Angeles. Loza also presented evidence that he grew up in a state of emotional insecurity with a need for a family of his own and was obsessed with having a family so he could make amends for his own father's mistakes. We also considered that Loza had a deeply ingrained sense of loyalty to his girlfriend and unborn child that caused him to take whatever steps he thought were necessary to protect them, and that the victims had continually abused him both physically and verbally. We found that these mitigating factors did not outweigh the aggravating circumstances of his crime.

{¶110} *State v. McGuire* (April 15, 1996), Preble App. No. CA95-01-001, presented an opportunity for this court to review a death sentence imposed upon McGuire after he raped and killed his victim. In mitigation, McGuire provided evidence that his childhood was unstable, he did not have a close relationship with either parent, that he started using

- 33 -

A-34

drugs at an early age, and that he had a number of special needs as a child that went unidentified and untreated in his adolescence. McGuire also presented evidence that he had adjusted well to prison life, was educating himself, and that he received special privileges in prison for his good behavior. This court found the death penalty appropriate.

{¶111} Finally, in *State v. Benge* (Dec. 5, 1994), Butler App. No. CA93-06-116, we reviewed the death sentence imposed on Benge after he killed his girlfriend during an argument and attempted to conceal her body. Benge presented evidence that he suffered from personality disorders, had addiction issues, and that he never knew his father or had a relationship with him. Benge's family and friends stated that they loved him and did not want to see the death sentence imposed, and Benge expressed remorse for his actions. We found that the mitigating evidence did not outweigh the aggravating circumstance of his crime.

{¶112} Other than *Davis I* and *III*, this court has not considered the death penalty in an instance where the defendant's aggravating circumstance was a prior murder conviction under R.C. 2929.04(A)(5). Therefore, we are also guided by the Ohio Supreme Court's rulings in cases where the aggravating circumstance was prior to the offense at bar, the offender was convicted of an offense where an essential element of which was the purposeful killing of or attempt to kill another. See *Taylor,* 78 Ohio St.3d 15 (affirming death penalty where Taylor shot and killed his girlfriend's ex-lover and was previously convicted for murder); and *State v. Carter,* 64 Ohio St.3d 218, 1992-Ohio-127 (upholding death penalty where Carter was incarcerated for a previous murder conviction and then killed his cell mate).

{¶113} A review of the aforementioned cases demonstrates that the defendants in these cases offered mitigation evidence of similar import as Davis has offered, and that in each instances, death was found to be an appropriate penalty. We therefore find that

- 34 -

A-40

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5900

<u>Butler CA2009-10-263</u>

Davis' sentence of death is not excessive or disproportionate.

{¶114} After fulfilling the review requirements set forth in R.C. 2929.05(A), we therefore find the sentence of death appropriate in this case and overrule Davis' second and fourth assignments of error.

{¶115} Assignment of Error No. 5:

{¶116} "TWENTY-SIX YEARS ON OHIO'S DEATH ROW CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT UNDER THE STATE AND FEDERAL CONSTITUTION, AND INTERNATIONAL LAW."

{¶117} Davis contends, in his final assignment of error, that spending 26 years on death row is cruel and unusual punishment, and further violates international law. These arguments lack merit.

{¶118} According to the Eighth Amendment, "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Section 9, Article I of the Ohio Constitution sets forth the same restriction: "Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted."

{¶119} Davis argues that his lengthy stay on death row constitutes cruel and unusual punishment, and bases his proposition on a memorandum from Justice Stevens expressing his dissent from denial of certiorari in *Lackey v. Texas* (1995), 514 U.S. 1045, 115 S.Ct. 1421. However, the memorandum is not binding on this, or any, court. It merely expressed Justice Steven's desire to have the court address at what point the state's desire for retribution is satisfied by imprisonment as opposed to execution.

{¶120} The fact that the Supreme Court chose not to accept a case in which the defendant had been on death row for 17 years, does not aid Davis' argument that his time spent on death row constitutes cruel and unusual punishment. The Ohio Supreme Court, in Davis' own appeals and countless others, has upheld the constitutionality of the death

- 35 -

A-41

penalty and definitively holds that capital punishment does not constitute cruel and unusual punishment. See *State v. Bradley* (1989), 42 Ohio St.3d 136. We fail to see how punishment deemed constitutional becomes unconstitutional by waiting to implement it. We also note that the passage of time from Davis' original conviction and sentence to his current appeal is due to his own appeals.

{¶121} We are in no way blaming Davis for executing his right of appeal; appeals that we note have been successful. However, if Davis hopes to avail himself of these rights, and assuming future appeals of our current decision, he cannot claim that taking the time to thoroughly address and exhaust all possible appeals has violated his right to be free from cruel and unusual punishment. See *McKenzie v. Day* (C.A.9 1995), 57 F.3d 1461, 1467 (noting that "most of these procedural safeguards have been imposed by the Supreme Court in recognition of the fact that the common law practice of imposing swift and certain executions could result in arbitrariness and error in carrying out the death penalty").

{¶122} We also note that several other state and federal courts have considered and rejected similar arguments. See *Thompson v. State* (Fla. 2009), 3 So.3d 1237 (dismissing Thompson's claim that 31 years on death row was cruel and unusual punishment); *McKenzie*, 57 F.3d 1461 (rejecting McKenzie's argument that 20 years on death row constitutes cruel and unusual punishment); *White v. Johnson* (C.A.5 1996), 79 F.3d 432 (overruling Johnson's claim that 17 years on death row was a violation of the Eight Amendment); *Ex parte Bush* (Ala. 1997), 695 So.2d 138 (declining to find a 16-year stay on death row a violation of the Eighth Amendment); and *Stafford v. Ward* (C.A.10 1995), 59 F.3d 1025 (denying an Eighth Amendment challenge to spending 15 years on death row).

{¶123} More recently, the Supreme Court was again offered the opportunity to

- 36 -

A-42

address whether a lengthy stay of 32 years on death row constitutes cruel and unusual punishment, and declined to do so. *Thompson v. McNeil* (2009), __U.S.__, 129 S.Ct 1299. As in *Lackey*, discussed above, Justice Stevens dissented in the court's decision to deny certiorari and stated his opinion that the issue should be reviewed. Justice Thomas, conversely, offered an explanation for his decision to concur in denial, and stated that he remained "unaware of any support in the American constitutional tradition or in this Court's precedent for the proposition that a defendant can avail himself of the panoply of appellate and collateral procedures and then complain when his execution is delayed." Id. at 1301. He went on to quote *Turner v. Jabe* (C.A.4 1995), 58 F.3d 924, 933, for the proposition that "it makes 'a mockery of our system of justice ... for a convicted murderer, who, through his own interminable efforts of delay ... has secured the almost-indefinite postponement of his sentence, to then claim that the almost-indefinite postponement renders his sentence unconstitutional.'" *Thompson* at 1301.

{¶124} Davis also contends that his time on death row, as well as the death penalty in general, violates international law specific to Article VII of the International Covenant on Civil and Political Rights. The Sixth Circuit has explained that international law agreements and treaties to which the United States belong (such as the International Covenant and Charter of the Organization of American States) do not prohibit the death penalty. *Buell v. Mitchell* (C.A.6 2001), 274 F.3d 337. "Moreover, the United States has approved each agreement with reservations that preserve the power of each of the several states and of the United States, under the Constitution." Id. at 371. The effect of this reservation is that United States courts are not bound by international law on the issue of capital punishment where the death penalty is upheld as constitutional.

{¶125} In *State v. Williams*, we discussed the application and effect of international law on death penalty issues, and quoted the Fifth Circuit for the proposition that "[h]ow

- 37 -

A-43

Butler CA2009-10-263

these issues are to be determined is settled under American Constitutional law.  Not a single argument is advanced directed to proving that the United States in these international agreements agreed to provide additional factors for decision or to modify the decisional factors required by the United States Constitution as interpreted by the Supreme Court."  Butler App. Nos. CA91-04-060, CA92-06-110, 19, citing *Celesteine v. Butler* (C.A.5 1987), 823 F.2d 74, 79-80, certiorari denied (1987), 483 U.S. 1036, 108 S.Ct. 6.

{¶126} The *Buell* Court specifically noted that in relation to the International Covenant's Article VII, "the United States agreed to abide by this prohibition only to the extent that the Fifth, Eighth, and Fourteenth Amendments ban cruel and unusual punishment."  274 F.3d 371.  As we have previously determined that the years Davis has spent on death row do not constitute cruel and unusual punishment, his challenge under the guise of international law must also fail.

{¶127} Having found that a 26-year delay in Davis' execution does not constitute cruel and unusual punishment under federal, Ohio, or international law, we overrule Davis' final assignment of error.

{¶128} Judgment affirmed.


RINGLAND and HENDRICKSON, JJ., concur.

---

This opinion or decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/ROD/documents/.  Final versions of decisions are also available on the Twelfth District's web site at: http://www.twelfth.courts.state.oh.us/search.asp

---

- 38 -

A-44

FILED

2009 SEP 21 PM 1:51

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

STATE OF OHIO                    :        CASE NO.  CR1983–12-0614

            Plaintiff          :        STATE OF OHIO
                                          COUNTY OF BUTLER
vs.                            :        COURT OF COMMON PLEAS
                                          Nastoff, P.J.; Pater and Spaeth, JJ.
VON CLARK DAVIS                 :

            Defendant          :               **P R I O R I T Y**
                                        **JUDGMENT OF CONVICTION ENTRY**
                                           *[This is a Final Appealable Order.]*

: : : : : : : : : : : :

This 8th-10th days of September, 2009, came the Prosecuting Attorney into Court

and the Defendant personally appearing with his counsel, Melynda W. Cook-Reich and

Randall L. Porter, and the charges, plea of Not Guilty, and Findings of the three-judge panel

as to Count One with Specification being set forth in the previous Entry which is expressly

included herein by reference.  Wherefore, the Defendant being informed that he stands

convicted of **AGGRAVATED MURDER** contrary to R.C. 2903.01(A) with **Specification to**

**Count One** pursuant to R.C. 2929.04(A)(5) as charged in Count One of the Indictment, the

Court afforded counsel an opportunity to speak on behalf of the Defendant, and the Court

addressed the Defendant personally and asked if he wished to make a statement in his own

behalf or present any information in mitigation of punishment, and after having heard all the

facts adduced by both parties, the panel of three judges having engaged in a determination

of sentence for Count One pursuant to the requirements of R.C. 2929.03(D) and having

unanimously found, by proof beyond a reasonable doubt, that the aggravating circumstance

the Defendant was found guilty of committing outweighs the mitigating factors presented

herein, and nothing being shown as to why sentence should not now be pronounced,

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

**Page 1 of 2**

A-45

*State v. Von Clark Davis*, Case No. CR1983-12-0614
*Judgment of Conviction Entry* -- Page 2

It is **ORDERED** as to **Count One** that the **sentence of death** shall be imposed upon the Defendant, which sentence is imposed pursuant to R.C. 2929.02(A) and 2929.03 – 2929.04, said sentence being in addition to a term of imprisonment previously imposed by journal entry as to **Count Two**. Defendant is **FURTHER ORDERED** to pay all costs of prosecution. The Sheriff is hereby **ORDERED** to convey the Defendant to the custody of the **Ohio Department of Rehabilitation and Correction**, forthwith. Defendant was further advised of all of his rights pursuant to Criminal Rule 32, including his right to appeal the judgment, his right to appointed counsel at no cost, his right to have court documents provided to him at no cost, and his right to have a notice of appeal filed on his behalf.

**E N T E R**

ANDREW NASTOFF, Presiding Judge

CHARLES L. PATER, Judge

KEITH M. SPAETH, Judge

Approved as to Form:
**ROBIN N. PIPER** (0023205)
**PROSECUTING ATTORNEY**
**BUTLER COUNTY, OHIO**
DGE/MAO
09/15/2009

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

ROBIN PIPER
PROSECUTING ATTORNEY

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

**Page 2 of 2**

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5906

FILED

2003 SEP 21 PH 4:07

CINDY CARPENTER
BUTLER COUNTY
CLERK OF COURTS

### COURT OF COMMON PLEAS
### BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | * | Case Number: CR1983 12 0614 |
| | * | |
| Plaintiff, | * | Judge Andrew Nastoff, Presiding |
| | * | Judge Charles Pater |
| vs. | * | Judge Keith M. Spaeth |
| | * | |
| VON CLARK DAVIS, | * | **SENTENCING OPINION** |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Court issues this sentencing opinion pursuant to R.C. 2929.03(F).

On January 6, 1984, the Butler County Grand Jury returned a two count indictment against Defendant. Count One of the indictment charged Defendant with aggravated murder in violation of R.C. 2903.01(A) with two specifications. Specification One charged that prior to the offense at bar, Defendant was convicted of murder in the second degree, in violation of R.C. 2901.05 on April 20, 1971, an essential element of which was the purposeful killing of another as specified in R.C. 2929.04(A)(5). Specification Two charged that Defendant had a firearm on or about his person or under his control while committing the offense set forth in Count One, as specified in R.C. 2929.71. Count Two charged Defendant with having weapons under disability in violation of R.C. 2923.13(A)(2).

Defendant pled not guilty to all of the charges and specifications. Defendant waived his right to a jury trial and requested that the matter be tried to a three-judge panel.

Beginning May 4, 1984, Defendant was tried by a three-judge panel that found

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

1

𝐴-47

Defendant guilty of all charges and specifications. On May 29, 1984, the trial's sentencing phase commenced. At the conclusion of the sentencing phase, the three-judge panel held that the aggravating circumstance outweighed the mitigating factors beyond a reasonable doubt and sentenced Defendant to death.

On September 14, 1988, the Ohio Supreme Court held that the three-judge panel erred by considering and weighing non-statutory aggravating circumstances against mitigating factors when it imposed Defendant's death sentence. The Ohio Supreme Court affirmed Defendant's convictions, but reversed his sentence and remanded the case to the trial court for resentencing.

On remand, Defendant sought to introduce additional mitigation evidence in the form of testimony from prison personnel employed at the Southern Ohio Correctional Facility in Lucasville, Ohio. Defendant argued that the testimony was relevant because it showed good behavior while on death row. The reconstituted three-judge panel did not permit Defendant to offer additional mitigation evidence. Instead, the panel simply reconsidered the evidence presented at the original sentencing phase. Once again, the panel found that the sole aggravating circumstance outweighed the mitigating factors beyond a reasonable doubt and imposed the death penalty.

Both the Twelfth District Court of Appeals and Ohio Supreme Court affirmed Defendant's death sentence. Defendant then petitioned the United States District Court for the Southern District of Ohio for a writ of habeas corpus. The District Court denied

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

2

Defendant's petition.  On appeal, the United States Court of Appeals for the Sixth Circuit reversed Defendant's death sentence, holding that the trial court erred at resentencing when it barred Defendant from presenting new mitigation evidence concerning his good behavior while on death row.  On January 29, 2007, the Sixth Circuit remanded the matter to the District Court.  On July 19, 2007, the District Court granted Defendant's writ of habeas corpus conditioned upon the State of Ohio granting Defendant a new sentencing hearing.

On remand, this Court assumed jurisdiction over the instant case.  On December 19, 2007, to comply with the mandate handed down from the federal courts, this Court granted Defendant a new sentencing hearing.  Because the original three-judge panel could not reconstitute, the undersigned three-judge panel was formed pursuant to R.C. 2929.06 and Ohio Rule of Criminal Procedure 25(B).

Pursuant to R.C. 2929.03 and R.C. 2929.04, the undersigned three-judge panel presided over Defendant's resentencing hearing from September 8, 2009 through September 10, 2009 to determine whether the single aggravating circumstance in this case outweighed the mitigating factors beyond a reasonable doubt.

## AGGRAVATING CIRCUMSTANCE

In this case, the aggravating circumstance that is to be weighed against the mitigating factors is as follows: that prior to the offense at bar, the offender was convicted of an offense an essential element of which was the purposeful killing of another.  R.C. 2929.04(A)(5).

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

3

𝘪𝘭 - 49

The State of Ohio re-introduced the journal entry of conviction filed in Butler County Common Pleas Case Number 21655 reflecting Defendant's 1971 conviction for second degree murder in violation of R.C. 2901.05. The State further offered portions of the 1984 trial transcript to show then-defense counsel's stipulation to the 1971 entry of conviction, its pertinence to Defendant, and that an essential element of R.C. 2901.05 was the purposeful killing of another. The evidence established that the victim of Defendant's prior purposeful killing was his wife, Ernestine. The State submitted no other evidence. The Court accepted the aforementioned evidence to the extent that it was relevant to the aggravating circumstance committed in this case.

## MITIGATING FACTORS

Mitigating factors are factors which, while they do not justify or excuse the crime, nevertheless in fairness and mercy, may be considered as they call for a penalty less than death, or lessen the appropriateness of a sentence of death. Mitigating factors are those factors about an individual that weigh in favor of a decision that a sentence of life in prison is the appropriate sentence.

As requested by Defendant and in accordance with R.C. 2929.04(B), the Court has weighed against the aggravating circumstance the nature and circumstances of the offense, the history, character, and background of the Defendant, and all of the following:

1. Any other factors that are relevant to the issue of whether the offender should be sentenced to death (R.C. 2929.04(B)(7)):

A. Borderline personality disorder;

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

4

𝄢 -50

B.  Alcohol abuse;

C.  Love and support of family members and friends;

D.  Testimony of Defendant's daughter, Sherry Davis, regarding her forgiveness of Defendant for the purposeful killing of her mother;

E.  Good behavior while in prison;

F.  Childhood and family experience, and the impact of each upon Defendant's personality development and mental health;

G.  Remorse and apology;

H.  Age (62 years old);

I.  Probability of no release from prison;

J.  Whether a sentence of life in prison would bring closure to the victim's family;

K.  The savings to taxpayers should a life sentence be imposed.

It must be noted that Defendant did not request a pre-sentence investigation or mental examination pursuant to R.C. 2929.03(D)(1); therefore, neither were ordered for the Court's review and deliberation.  In consideration of the aforementioned factors, the Court heard evidence from the following individuals.

### Family and Friends

The Court heard testimony from Defendant's mother (Alluster Tipton), step-father (Charles Tipton), younger sister (Carol Smith), younger brother (Victor Davis), daughter (Sherry Davis), and two friends (Rick Rotundo and Fran Welland).

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

5

A-51

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5911

The testimony of each witness centered on Defendant's positive aspects and his importance in their lives. Each witness testified to maintaining some amount of contact with Defendant, despite his incarceration on death row. Each witness opposed the re-imposition of the death penalty in this case.

### Prison Personnel

The Court also heard testimony from Defendant's prison case manager, Scott Nowak, regarding Defendant's positive prison record and his position on death row's "extended privilege unit" or "honor block." The Court reviewed Defendant's institutional summary, which revealed no more than a single occurrence of prison misconduct since 1984. Defendant's sole instance of misconduct occurred in 1990.

The Court also heard testimony from Jeremy Stineman, who conducted Alcoholics Anonymous meetings with death row inmates, including Defendant, for several years. Stineman testified that Defendant regularly attended meetings and participated actively.

### Cynthia Mausser

The Court heard testimony from Cynthia Mausser, Chairperson of the Ohio Parole Board, who described the Parole Board's various policies and procedures. Defense counsel posed hypothetical questions to Mausser, who testified that an individual with Defendant's background is "unlikely" to be paroled at the first opportunity, and would "likely" spend a substantial portion of his adult life in prison. Mausser could not, however, state with any certainty if or when Defendant might be paroled if this Court imposed a sentence less than

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

6

A-52

death.  Mausser did testify that if Defendant became parole-eligible, he would be considered

for parole at intervals ranging from one to ten years for the rest of his life.  Mausser testified

that in each instance, the victim's family would be notified and could appear to voice

opposition to Defendant's release.

### Dr. Robert Smith

Finally, the Court heard testimony from clinical psychologist and certified addiction

specialist, Dr. Robert Smith.  Dr. Smith recounted Defendant's social history, including

interviews that he conducted with Defendant's family members, some of whom testified

during the mitigation phase of this trial.  Dr. Smith also reviewed the interview summaries of

other individuals who were familiar with the Defendant.  Additionally, Dr. Smith reviewed

Defendant's prior psychological evaluations, conducted between 1964 and 2002.  After

conducting interviews and reviewing summaries and evaluations, Dr. Smith met with

Defendant twice.  Each visit lasted approximately five to six hours.  Dr. Smith testified that

the aforementioned interviews and evaluations, in the aggregate, provided a sufficiently

"rounded" and "longitudinal" picture of the Defendant for purposes of rendering a diagnosis.

Dr. Smith found that at the time of the offense at bar, Defendant suffered from

borderline personality disorder and alcohol dependence.  Dr. Smith found that Defendant

suffers from these co-occurring disorders to this day.  In Dr. Smith's opinion, a biological

component exists with respect to the borderline personality disorder.  It is Dr. Smith's belief

that Defendant's borderline personality disorder formed in early adolescence when

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

7

A -53

Defendant's dysfunctional childhood environment and the biological component coalesced. Dr. Smith testified that his diagnosis does not excuse or justify Defendant's actions in killing Suzette Butler, but offers some explanation as to how or why the killing occurred.

Dr. Smith testified that Defendant's good behavior while in prison is not surprising, given that individuals with borderline personality disorder function well in a highly structured environment such as prison. Ultimately, however, Dr. Smith failed to forecast Defendant's behavior or recommend a treatment plan, should he eventually be released from prison.

## FINDINGS

In order to sentence Defendant to death, the law requires that the three-judge panel find beyond a reasonable doubt that the aggravating circumstance in this case outweighs the mitigating factors. The panel must consider the evidence presented as to the aggravating circumstance that transformed the offense of aggravated murder from a case in which death was not a potential penalty to one in which death is a potential penalty. This aggravating circumstance must be then weighed against the mitigating factors that would weigh in favor of a decision that a sentence of life in prison is the appropriate sentence.

The weighing process is just that. The panel must place the aggravating circumstance on one side and place all of the mitigating factors on the other, and then determine beyond a reasonable doubt whether the aggravating circumstance outweighs the mitigating factors. Proof beyond a reasonable doubt mandates that this panel have a firm

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

8

A 59

belief or conviction in what is to be established.   Proof beyond a reasonable doubt requires that an ordinary person be willing to act upon that proof in the most important of his or her own affairs.

The aggravating circumstance in this case relates that prior to committing the aggravated murder of Suzette Butler with prior calculation and design, Defendant was previously convicted of purposefully killing Ernestine Davis.  The three-judge panel unanimously finds that the aggravating circumstance deserves great weight.

Against the aggravating circumstance, the panel weighs the following mitigating factors:

In accordance with R.C. 2929.04(B), the panel finds nothing mitigating about the nature and circumstances of the offense itself.

The panel has considered the testimony offered to show that Defendant is loved and supported by family and friends.  This evidence is not atypical and does not deserve significant weight.  The panel has also considered the testimony of Sherry Davis and the fact that she has forgiven Defendant for purposefully killing her mother; however, the panel affords this factor very little weight.   The panel further considered the testimony of Defendant's friends and family concerning his dysfunctional family and childhood experiences.  The panel finds the testimony to be unconvincing and entitled to little or no weight.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

9

A-55

The panel considered the impact of Defendant's family experiences upon his personality development and mental health, as detailed in Dr. Robert Smith's testimony. The panel finds that the separate testimony of Defendant's family and friends does not support Dr. Smith's conclusion that Defendant suffered an extreme and dysfunctional upbringing. Nevertheless, assuming that Defendant's background contributed in some way to the development of Defendant's borderline personality disorder and alcohol dependence, the panel still finds that Dr. Smith's diagnosis, even if valid, is entitled to little weight in mitigation.

The panel considered the testimony of Cynthia Mausser offered to show the probability that Defendant would never be released from prison if given a sentence less than death. The panel unanimously finds this evidence to be highly speculative and unconvincing and entitled to no weight.

The panel considered the Defendant's good behavior while in prison, the Defendant's advanced age, and the Defendant's remorse and apology during his unsworn statement. The panel attributes little weight to each factor.

Finally, Defendant proposed that the panel should consider that a life sentence in this case would be economically beneficial to taxpayers and would bring closure to the victim's family. The panel is uncertain whether these factors are relevant mitigating factors under Ohio law; nonetheless, the panel considered Defendant's evidence and arguments to ensure that he had a full opportunity to present all mitigating evidence during the sentencing phase.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

10

*A – 56.*

After considering evidence and testimony relevant to these factors, the panel affords them no weight.

The panel must weigh all of the relevant mitigating factors, adjudge the collective weight of the factors, and determine if the sole aggravating circumstance in this case outweighs the mitigating factors beyond a reasonable doubt.

In performing that task, the Judges of this panel unanimously find that the aggravating circumstance outweighs, beyond a reasonable doubt, the individual and the aggregate of the mitigating factors present in this case. Therefore, the panel finds that the sentence of death shall be imposed upon the Defendant, Von Clark Davis.

**SO ORDERED.**

ENTER,

_____
Andrew Nastoff, Judge

_____
Charles Pater, Judge

_____
Keith M. Spaeth, Judge

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

11

R-57

cc:

Michael A. Oster, Jr.
Assistant Prosecuting Attorney
315 High Street, 11th Floor
Hamilton, OH  45011

Randall L. Porter
Assistant State Public Defender
8 East Long Street – 11th Floor
Columbus, Ohio 43215

Melynda Cook-Reich
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45042

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

A-58

06/27/2008  15:02                          (FAX)                          P.017/017

STATE OF OHIO                    :    CASE NO. CR83-12-0614

            Plaintiff           :    IN THE COURT OF COMMON PLEAS
                                     STATE OF OHIO, BUTLER COUNTY
vs.                    FILED
VON CLARK DAVIS       BUTLER COUNTY, OHIO    JURY WAIVER AND ELECTION OF
                          MAY 8 1984         THREE-JUDGE PANEL
            Defendant    :

            EDWARD C. ROBB, JR.

      I, Von Clark Davis, defendant in the above cause, appearing in open

court this 8th day of May, 1984, with my attorneys, Michael D. Shanks and John A.

Garretson, do hereby voluntarily waive my right to trial by jury and elect to be

tried by a court to be composed of three judges, consisting of Judges Henry J.

Bruewer, William R. Stitsinger, and John R. Moser, all the same being the

elected judges of the General Division of the Court of Common Pleas of Butler

County who are engaged in the trial of criminal cases, pursuant to Ohio Revised

Code Section 2945.06.

      I am waiving said trial by jury, and making this election to be tried

by a court composed of three judges, with full knowledge of my right under the

Constitution of the United States and of Ohio to a trial by a jury consisting

of twelve jurors, whose verdict must be unanimous, with full knowledge of the

consequences of such waiver and election under the laws of the State of Ohio;

and without any compulsion, undue influence, promises or inducements of any

kind made to me by anyone.

      I further state that I have received the advice and counsel of my

attorneys, with which I am satisfied, and being fully advised by them do hereby

make this waiver and election of my own free will and accord.

                                              _____
                                                  VON CLARK DAVIS

WITNESSES:

_____
MICHAEL D. SHANKS
Attorney for Defendant

_____
JOHN A. GARRETSON
Attorney for Defendant

      This jury waiver and election to be tried by a three-judge panel is

hereby accepted and entered upon the journal of this Court.

                                    E N T E R

                                    _____
                                        BRUEWER, J.

A-59

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5919

Ohio Revised Code

TITLE 29. CRIMES -- PROCEDURE
CHAPTER 2929. PENALTIES AND SENTENCING
PENALTIES FOR MURDER

ORC Ann. 2929.03 (1981)

§ 2929.03. Imposing sentence for capital offense

§ **2929.03** Imposing sentence for a capital offense.

(A) If the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge of aggravated murder, the trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender.

(B) If the indictment or count in the indictment charging aggravated murder contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, the verdict shall separately state whether the accused is found guilty or not guilty of the principal charge and, if guilty of the principal charge, whether the offender was eighteen years of age or older at the time of the commission of the offense, if the matter of age was raised by the offender pursuant to section 2929.023 [2929.02.3] of the Revised Code, and whether the offender is guilty or not guilty of each specification. The jury shall be instructed on its duties in this regard, which shall include an instruction that a specification shall be proved beyond a reasonable doubt in order to support a guilty verdict on the specification, but such instruction shall not mention the penalty which may be the consequence of a guilty or not guilty verdict on any charge or specification.

(C)(1) If the indictment or count in the indictment charging aggravated murder contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge but not guilty of each of the specifications, and regardless of whether the offender raised the matter of age pursuant to section 2929.023 [2929.-02.3] of the Revised Code, the trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender.

(2) If the indictment or count in the indictment contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, and if the offender is found guilty of both the charge and one or more of the specifications, the penalty to be imposed on the offender shall be death, life imprisonment with parole eligibility after serving twenty full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment, shall be determined pursuant to divisions (D) and (E) of this section, and shall be determined by one of the following:

(a) By the panel of three judges that tried the offender upon his waiver of the right to trial by jury;

(b) By the trial jury and the trial judge, if the offender was tried by jury.

(D)(1) Death may not be imposed as a penalty for aggravated murder if the offender raised the matter of age at trial pursuant to section 2929.023 [2929.02.3] of the Revised Code and was not found at trial to have been eighteen years of age or older at the time of the commission of the offense. When death may be imposed as a penalty for aggravated murder, the court shall proceed under this division. When death may be imposed as a penalty, the court, upon the request of the defendant, shall require a pre-sentence investigation to be made and, upon the request of the defendant, shall require a mental examination to be made, and shall require reports of the investigation and of any mental examination submitted to the court, pursuant to section 2947.06 of the Revised Code. No statement made or information provided by a defendant in a mental examination or proceeding conducted pursuant to this division shall be disclosed to any person, except as provided in this division, or be used in evidence against the defendant on the issue of guilt in any retrial. A pre-sentence investigation or mental examination shall not be made except upon request of the defendant. Copies of any reports prepared under this division shall be furnished to the court, to the trial jury if the offender was tried by a jury, to the prosecutor, and to the offender or his counsel for use under this division. The court, and the trial jury if the offender was tried by a jury, shall consider any report prepared pursuant to this division and furnished to it and any evidence raised at trial that is relevant to the aggravating circumstances the offender was found guilty of committing or to any factors in mitigation of the imposition of the sentence of death, shall hear testimony and other evidence that is relevant to the nature and circumstances of the aggravating circumstances the offender was found guilty of committing, the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code, and any other factors in mitigation of the imposition of the sentence of death, and shall hear the statement, if any, of the offender, and the arguments, if any, of counsel for the defense and prosecution, that are relevant to the penalty that should be imposed on the offender. The defendant shall be given great latitude in the presentation of evidence of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code and of any other factors in mitigation of the imposition of the sentence of death. If the offender chooses to make a statement, he is subject to cross-examination only if he consents to make the statement under oath or affirmation.

A - 60

**EXHIBIT**

*A*

The defendant shall have the burden of going forward with the evidence of any factors in mitigation of the imposition of the sentence of death. The prosecution shall have the burden of proving, by proof beyond a reasonable doubt, that the aggravating circumstances the defendant was found guilty of committing are sufficient to outweigh the factors in mitigation of the imposition of the sentence of death.

(2) Upon consideration of the relevant evidence raised at trial, the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted pursuant to division (D)(1) of this section, the trial jury, if the offender was tried by a jury, shall determine whether the aggravating circumstances the offender was found guilty of committing are sufficient to outweigh the mitigating factors present in the case. If the trial jury unanimously finds, by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, the trial jury shall recommend to the court that the sentence of death be imposed on the offender. Absent such a finding, the jury shall recommend that the offender be sentenced to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment.

If the trial jury recommends that the offender be sentenced to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment, the court shall impose the sentence recommended by the jury upon the offender. If the trial jury recommends that the sentence of death be imposed upon the offender, the court shall proceed to impose sentence pursuant to division (D)(3) of this section.

(3) Upon consideration of the relevant evidence raised at trial, the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted pursuant to division (D)(1) of this section, if, after receiving pursuant to division (D)(2) of this section the trial jury's recommendation that the sentence of death be imposed, the court finds, by proof beyond a reasonable doubt, or if the panel of three judges unanimously finds, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, it shall impose sentence of death on the offender. Absent such a finding by the court or panel, the court or the panel shall impose one of the following sentences on the offender:

(a) Life imprisonment with parole eligibility after serving twenty full years of imprisonment;

(b) Life imprisonment with parole eligibility after serving thirty full years of imprisonment.

(E) If the offender raised the matter of age at trial pursuant to section 2929.023 [2929.02.3] of the Revised Code, was convicted of aggravated murder and one or more specifications of an aggravating circumstance listed in division (A) of section 2929.04 of the Revised Code, and was not found at trial to have been eighteen years of age or older at the time of the commission of the offense, the court or the panel of three judges shall not impose a sentence of death on the offender. Instead, the court or panel shall impose one of the following sentences on the offender:

(1) Life imprisonment with parole eligibility after serving twenty full years of imprisonment;

(2) Life imprisonment with parole eligibility after serving thirty full years of imprisonment.

(F) The court or the panel of three judges, when it imposes sentence of death, shall state in a separate opinion its specific findings as to the existence of any of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code, the existence of any other mitigating factors, the aggravating circumstances the offender was found guilty of committing, and the reasons why the aggravating circumstances the offender was found guilty of committing were sufficient to outweigh the mitigating factors. The court or panel, when it imposes life imprisonment under division (D) of this section, shall state in a separate opinion its specific findings of which of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code it found to exist, what other mitigating factors it found to exist, what aggravating circumstances the offender was found guilty of committing, and why it could not find that these aggravating circumstances were sufficient to outweigh the mitigating factors. The court or panel shall file the opinion required to be prepared by this division with the clerk of the appropriate court of appeals and with the clerk of the supreme court within fifteen days after the court or panel imposes sentence. The judgment in a case in which a sentencing hearing is held pursuant to this section is not final until the opinion is filed.

(G) Whenever the court or a panel of three judges imposes sentence of death, the clerk of the court in which the judgment is rendered shall deliver the entire record in the case to the appellate court.

HISTORY: 134 v H 511 (Eff 1-1-74); 139 v S 1. Eff 10-19-81.

A - 6 1

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5921

LexisNexis® *Total Research System*

Switch Client | Preferences | Sign Out | ? Help

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector | History | ?

FOCUS™ Terms [                    ] Search Within Original Results (1 - 1) ▾ Go → Advanced...

Service: Get by LEXSTAT®
TOC: Ohio Statutes, Constitution, Court Rules & ALS, Combined > / ... / > PENALTIES FOR MURDER > § 2929.03. Imposing sentence for aggravated murder
Citation: ORC Ann. 2929.03

*ORC Ann. 2929.03*

PAGE'S OHIO REVISED CODE ANNOTATED
Copyright (c) 2010 by Matthew Bender & Company, Inc
a member of the LexisNexis Group
All rights reserved.

*** CURRENT THROUGH LEGISLATION PASSED BY THE 128TH OHIO GENERAL ASSEMBLY
AND
FILED WITH THE SECRETARY OF STATE THROUGH FILE 30 ***
*** ANNOTATIONS CURRENT THROUGH JANUARY 1, 2010 ***
*** OPINIONS OF ATTORNEY GENERAL CURRENT THROUGH MARCH 3, 2010 ***

TITLE 29. CRIMES -- PROCEDURE
CHAPTER 2929. PENALTIES AND SENTENCING
PENALTIES FOR MURDER

▲ Practitioner's Toolbox 🔲 🔳 ▲

★ History

★ Case Notes & OAGs

★ Section Notes

Resources & Practice Tools

🔳 Related Statutes & Rules

🔳 OH Administrative Code

🔳 Comparative Legislation

**Go to the Ohio Code Archive Directory**

ORC Ann. 2929.03 (2010)

§ 2929.03. Imposing sentence for aggravated murder

(A) If the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge of aggravated murder, the trial court shall impose sentence on the offender as follows:

(1) Except as provided in division (A)(2) of this section, the trial court shall impose one of the following sentences on the offender:

(a) Life imprisonment without parole;

(b) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving twenty years of imprisonment;

(c) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment;

(d) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving thirty full years of imprisonment;

(e) If the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the trial court does not impose a sentence of life imprisonment without parole on the offender pursuant to division (A)(1)(a) of this section, the trial court shall sentence the offender pursuant to division (B)(3) of section 2971.03 of the Revised Code to an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment that shall be served pursuant to that section.

(2) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, the trial court shall impose upon the offender a sentence of life imprisonment without parole that shall be served pursuant to section 2971.03 of the Revised Code.

(B) If the indictment or count in the indictment charging aggravated murder contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, the verdict shall separately state whether the accused is found guilty or not guilty of the principal charge and, if guilty of the principal charge, whether the offender was eighteen years of age or older at the time of the commission of the offense, if the matter of age was raised by the offender pursuant to section 2929.023 [2929.02.3] of the Revised Code, and whether the offender is guilty or not guilty of each specification. The jury shall be instructed on its duties in this regard. The instruction to the jury shall include an instruction that a specification shall be proved beyond a reasonable doubt in order to support a guilty verdict on the specification, but the instruction shall not mention the penalty that may be the consequence of a guilty or not guilty verdict on any charge or specification.

A-62

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5922

(C) (1) If the indictment or count in the indictment charging aggravated murder contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge but not guilty of each of the specifications, and regardless of whether the offender raised the matter of age pursuant to section 2929.023 [2929.02.3] of the Revised Code, the trial court shall impose sentence on the offender as follows:

(a) Except as provided in division (C)(1)(b) of this section, the trial court shall impose one of the following sentences on the offender:

(i) Life imprisonment without parole;

(ii) Subject to division (C)(1)(a)(v) of this section, life imprisonment with parole eligibility after serving twenty years of imprisonment;

(iii) Subject to division (C)(1)(a)(v) of this section, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment;

(iv) Subject to division (C)(1)(a)(v) of this section, life imprisonment with parole eligibility after serving thirty full years of imprisonment;

(v) If the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the trial court does not impose a sentence of life imprisonment without parole on the offender pursuant to division (C)(1)(a)(i) of this section, the trial court shall sentence the offender pursuant to division (B)(3) of section 2971.03 of the Revised Code to an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment.

(b) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, the trial court shall impose upon the offender a sentence of life imprisonment without parole that shall be served pursuant to section 2971.03 of the Revised Code.

(2) (a) If the indictment or count in the indictment contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code and if the offender is found guilty of both the charge and one or more of the specifications, the penalty to be imposed on the offender shall be one of the following:

(i) Except as provided in division (C)(2)(a)(ii) or (iii) of this section, the penalty to be imposed on the offender shall be death, life imprisonment without parole, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment.

(ii) Except as provided in division (C)(2)(a)(iii) of this section, if the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the trial court does not impose a sentence of death or life imprisonment without parole on the offender pursuant to division (C)(2)(a)(i) of this section, the penalty to be imposed on the offender shall be an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment that shall be imposed pursuant to division (B)(3) of section 2971.03 of the Revised Code and served pursuant to that section.

(iii) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, the penalty to be imposed on the offender shall be death or life imprisonment without parole that shall be served pursuant to section 2971.03 of the Revised Code.

(b) A penalty imposed pursuant to division (C)(2)(a)(i), (ii), or (iii) of this section shall be determined pursuant to divisions (D) and (E) of this section and shall be determined by one of the following:

(i) By the panel of three judges that tried the offender upon the offender's waiver of the right to trial by jury;

(ii) By the trial jury and the trial judge, if the offender was tried by jury.

(D) (1) Death may not be imposed as a penalty for aggravated murder if the offender raised the matter of age at trial pursuant to section 2929.023 [2929.02.3] of the Revised Code and was not found at trial to have been eighteen years of age or older at the time of the commission of the offense. When death may be imposed as a penalty for aggravated murder, the court shall proceed under this division. When death may be imposed as a penalty, the court, upon the request of the defendant, shall require a pre-sentence investigation to be made and, upon the request of the defendant, shall require a mental examination to be made, and shall require reports of the investigation and of any mental examination submitted to the court, pursuant to section 2947.06 of the Revised Code. No statement made or information provided by a defendant in a mental examination or proceeding conducted pursuant to this division shall be disclosed to any person, except as provided in this division, or be used in evidence against the defendant on the issue of guilt in any retrial. A pre-sentence investigation or mental examination shall not be made except upon request of the defendant. Copies of any reports prepared under this division shall be furnished to the court, to the trial jury if the offender was tried by a jury, to the prosecutor, and to the offender or the offender's counsel for use under this division. The court, and the trial jury if the offender was tried by a jury, shall consider any report prepared pursuant to this division and furnished to it and any evidence raised at trial that is relevant to the aggravating circumstances the offender was found guilty of committing or to any factors in mitigation of the imposition of the sentence of death, shall hear testimony and other evidence that is relevant to the nature and circumstances of the aggravating circumstances the offender was found guilty of committing, the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code, and any other factors in mitigation of the imposition of the sentence of death, and shall hear the statement, if any, of the offender, and the

A-63

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5923

arguments, if any, of counsel for the defense and prosecution, that are relevant to the penalty that should be imposed on the offender. The defendant shall be given great latitude in the presentation of evidence of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code and of any other factors in mitigation of the imposition of the sentence of death. If the offender chooses to make a statement, the offender is subject to cross-examination only if the offender consents to make the statement under oath or affirmation.

The defendant shall have the burden of going forward with the evidence of any factors in mitigation of the imposition of the sentence of death. The prosecution shall have the burden of proving, by proof beyond a reasonable doubt, that the aggravating circumstances the defendant was found guilty of committing are sufficient to outweigh the factors in mitigation of the imposition of the sentence of death.

(2) Upon consideration of the relevant evidence raised at trial, the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted pursuant to division (D)(1) of this section, the trial jury, if the offender was tried by a jury, shall determine whether the aggravating circumstances the offender was found guilty of committing are sufficient to outweigh the mitigating factors present in the case. If the trial jury unanimously finds, by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, the trial jury shall recommend to the court that the sentence of death be imposed on the offender. Absent such a finding, the jury shall recommend that the offender be sentenced to one of the following:

(a) Except as provided in division (D)(2)(b) or (c) of this section, life imprisonment without parole, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment;

(b) Except as provided in division (D)(2)(c) of this section, if the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the jury does not recommend a sentence of life imprisonment without parole pursuant to division (D)(2)(a) of this section, to an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment to be imposed pursuant to division (B)(3) of section 2971.03 of the Revised Code and served pursuant to that section.

(c) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, to life imprisonment without parole.

If the trial jury recommends that the offender be sentenced to life imprisonment without parole, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment, life imprisonment with parole eligibility after serving thirty full years of imprisonment, or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment to be imposed pursuant to division (B)(3) of section 2971.03 of the Revised Code, the court shall impose the sentence recommended by the jury upon the offender. If the sentence is an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment imposed as described in division (D)(2)(b) of this section or a sentence of life imprisonment without parole imposed under division (D)(2)(c) of this section, the sentence shall be served pursuant to section 2971.03 of the Revised Code. If the trial jury recommends that the sentence of death be imposed upon the offender, the court shall proceed to impose sentence pursuant to division (D)(3) of this section.

(3) Upon consideration of the relevant evidence raised at trial, the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted to the court pursuant to division (D)(1) of this section, if, after receiving pursuant to division (D)(2) of this section the trial jury's recommendation that the sentence of death be imposed, the court finds, by proof beyond a reasonable doubt, or if the panel of three judges unanimously finds, by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, it shall impose sentence of death on the offender. Absent such a finding by the court or panel, the court or the panel shall impose one of the following sentences on the offender:

(a) Except as provided in division (D)(3)(b) of this section, one of the following:

(i) Life imprisonment without parole;

(ii) Subject to division (D)(3)(a)(iv) of this section, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment;

(iii) Subject to division (D)(3)(a)(iv) of this section, life imprisonment with parole eligibility after serving thirty full years of imprisonment;

(iv) If the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the trial court does not impose a sentence of life imprisonment without parole on the offender pursuant to division (D)(3)(a)(i) of this section, the court or panel shall sentence the offender pursuant to division (B)(3) of section 2971.03 of the Revised Code to an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment.

(b) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, life imprisonment without parole that shall be served pursuant to section 2971.03 of the Revised Code.

(E) If the offender raised the matter of age at trial pursuant to section 2929.023 [2929.02.3] of the Revised Code, was convicted of aggravated murder and one or more specifications of an aggravating circumstance listed in division (A) of section 2929.04 of the Revised Code, and was not found at trial to have been eighteen years of age or older at the time of the

A-64

commission of the offense, the court or the panel of three judges shall not impose a sentence of death on the offender. Instead, the court or panel shall impose one of the following sentences on the offender:

(1) Except as provided in division (E)(2) of this section, one of the following:

(a) Life imprisonment without parole;

(b) Subject to division (E)(2)(d) of this section, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment;

(c) Subject to division (E)(2)(d) of this section, life imprisonment with parole eligibility after serving thirty full years of imprisonment;

(d) If the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the trial court does not impose a sentence of life imprisonment without parole on the offender pursuant to division (E)(2)(a) of this section, the court or panel shall sentence the offender pursuant to division (B)(3) of section 2971.03 of the Revised Code to an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment.

(2) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, life imprisonment without parole that shall be served pursuant to section 2971.03 of the Revised Code.

(F) The court or the panel of three judges, when it imposes sentence of death, shall state in a separate opinion its specific findings as to the existence of any of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code, the existence of any other mitigating factors, the aggravating circumstances the offender was found guilty of committing, and the reasons why the aggravating circumstances the offender was found guilty of committing were sufficient to outweigh the mitigating factors. The court or panel, when it imposes life imprisonment or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment under division (D) of this section, shall state in a separate opinion its specific findings of which of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code it found to exist, what other mitigating factors it found to exist, what aggravating circumstances the offender was found guilty of committing, and why it could not find that these aggravating circumstances were sufficient to outweigh the mitigating factors. For cases in which a sentence of death is imposed for an offense committed before January 1, 1995, the court or panel shall file the opinion required to be prepared by this division with the clerk of the appropriate court of appeals and with the clerk of the supreme court within fifteen days after the court or panel imposes sentence. For cases in which a sentence of death is imposed for an offense committed on or after January 1, 1995, the court or panel shall file the opinion required to be prepared by this division with the clerk of the supreme court within fifteen days after the court or panel imposes sentence. The judgment in a case in which a sentencing hearing is held pursuant to this section is not final until the opinion is filed.

(G) (1) Whenever the court or a panel of three judges imposes a sentence of death for an offense committed before January 1, 1995, the clerk of the court in which the judgment is rendered shall deliver the entire record in the case to the appellate court.

(2) Whenever the court or a panel of three judges imposes a sentence of death for an offense committed on or after January 1, 1995, the clerk of the court in which the judgment is rendered shall deliver the entire record in the case to the supreme court.


A-105

## § 2929.06 [Resentencing hearing after vacation of death sentence.]

If the sentence of death that is imposed upon any offender is vacated upon appeal because the court of appeals or the supreme court, in cases in which the supreme court reviews the sentence upon appeal, could not affirm the sentence of death under the standards imposed by section 2929.05 of the Revised Code, is vacated upon appeal for the sole reason that the statutory procedure for imposing the sentence of death that is set forth in sections 2929.03 and 2929.04 of the Revised Code is unconstitutional, or is vacated pursuant to division (C) of section 2929.05 of the Revised Code, the trial court that sentenced the offender shall conduct a hearing to re-sentence the offender. At the resentencing hearing, the court shall sentence the offender to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment.

HISTORY: 139 v S 1. Eff 10-19-81.



VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 5926

LexisNexis® *Total Research System*

Switch Client | Preferences | Sign Out | ? Help

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector | History | ?

FOCUS™ Terms [                    ]  Search Within [Original Results (1 - 1)  ▾] Go ▸ | Advanced...

Service: **Get by LEXSTAT®**
TOC: Ohio Statutes, Constitution, Court Rules & ALS, Combined  > / ... /  > PENALTIES FOR MURDER  > § 2929.06. Resentencing after sentence of death or life imprisonment without parole is set aside, nullified, or vacated
Citation: ORC Ann. 2929.06

*ORC Ann. 2929.06*

PAGE'S OHIO REVISED CODE ANNOTATED
Copyright (c) 2010 by Matthew Bender & Company, Inc
a member of the LexisNexis Group
All rights reserved.

▲ **Practitioner's Toolbox**  ▣ ▣▾

♨ History

♨ Case Notes & OAGs

♨ Section Notes

Resources & Practice Tools

☜ Related Statutes & Rules

*** CURRENT THROUGH LEGISLATION PASSED BY THE 128TH OHIO GENERAL ASSEMBLY
AND
FILED WITH THE SECRETARY OF STATE THROUGH FILE 30 ***
*** ANNOTATIONS CURRENT THROUGH JANUARY 1, 2010 ***
*** OPINIONS OF ATTORNEY GENERAL CURRENT THROUGH MARCH 3, 2010 ***

TITLE 29. CRIMES -- PROCEDURE
CHAPTER 2929. PENALTIES AND SENTENCING
PENALTIES FOR MURDER

**Go to the Ohio Code Archive Directory**

ORC Ann. 2929.06  (2010)

§ 2929.06. Resentencing after sentence of death or life imprisonment without parole is set aside, nullified, or vacated

(A) If a sentence of death imposed upon an offender is set aside, nullified, or vacated because the court of appeals, in a case in which a sentence of death was imposed for an offense committed before January 1, 1995, or the supreme court, in cases in which the supreme court reviews the sentence upon appeal, could not affirm the sentence of death under the standards imposed by section 2929.05 of the Revised Code, is set aside, nullified, or vacated for the sole reason that the statutory procedure for imposing the sentence of death that is set forth in sections 2929.03 and 2929.04 of the Revised Code is unconstitutional, is set aside, nullified, or vacated pursuant to division (C) of section 2929.05 of the Revised Code, or is set aside, nullified, or vacated because a court has determined that the offender is mentally retarded under standards set forth in decisions of the supreme court of this state or the United States supreme court, the trial court that sentenced the offender shall conduct a hearing to resentence the offender. At the resentencing hearing, the court shall impose upon the offender a sentence of life imprisonment or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment that is determined as specified in this division. If division (D) of section 2929.03 of the Revised Code, at the time the offender committed the aggravated murder for which the sentence of death was imposed, required the imposition when a sentence of death was not imposed of a sentence of life imprisonment without parole or a sentence of an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment to be imposed pursuant to division (A) or (B)(3) of section 2971.03 of the Revised Code and served pursuant to that section, the court shall impose the sentence so required. In all other cases, the sentences of life imprisonment that are available at the hearing, and from which the court shall impose sentence, shall be the same sentences of life imprisonment that were available under division (D) of section 2929.03 or under section 2909.24 of the Revised Code at the time the offender committed the offense for which the sentence of death was imposed. Nothing in this division regarding the resentencing of an offender shall affect the operation of section 2971.03 of the Revised Code.

(B) Whenever any court of this state or any federal court sets aside, nullifies, or vacates a sentence of death imposed upon an offender because of error that occurred in the sentencing phase of the trial and if division (A) of this section does not apply, the trial court that sentenced the offender shall conduct a new hearing to resentence the offender. If the offender was tried by a jury, the trial court shall impanel a new jury for the hearing. If the offender was tried by a panel of three judges, that panel or, if necessary, a new panel of three judges shall conduct the hearing. At the hearing, the court or panel shall follow the procedure set forth in division (D) of section 2929.03 of the Revised Code in determining whether to impose upon the offender a sentence of death, a sentence of life imprisonment, or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment. If, pursuant to that procedure, the court or panel determines that it will impose a sentence other than a sentence of death, the court or panel shall impose upon the offender one of the sentences of life imprisonment that could have been imposed at the time the offender committed the offense for which the sentence of death was imposed, determined as specified in this division, or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment that is determined as specified in this division. If division (D) of section 2929.03 of the Revised Code, at the time the offender committed the aggravated murder for which the sentence of death was imposed, required the imposition when a sentence of death was not imposed of a sentence of life imprisonment without parole or a sentence of an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment to be imposed pursuant to division (A) or (B)(3) of section 2971.03 of the Revised Code and served pursuant to that section, the court or panel shall impose the sentence so required. In all other cases, the sentences of life imprisonment that are available at the hearing, and from which the court or panel shall impose sentence, shall be the same sentences of life imprisonment that were available under division (D) of section 2929.03 or under section 2909.24 of the Revised Code at the time the offender committed the offense for which the

A-67

sentence of death was imposed.

(C) If a sentence of life imprisonment without parole imposed upon an offender pursuant to section 2929.021 [2929.02.1] or 2929.03 of the Revised Code is set aside, nullified, or vacated for the sole reason that the statutory procedure for imposing the sentence of life imprisonment without parole that is set forth in sections 2929.03 and 2929.04 of the Revised Code is unconstitutional, the trial court that sentenced the offender shall conduct a hearing to resentence the offender to life imprisonment with parole eligibility after serving twenty-five full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment.

(D) Nothing in this section limits or restricts the rights of the state to appeal any order setting aside, nullifying, or vacating a conviction or sentence of death, when an appeal of that nature otherwise would be available.

(E) This section, as amended by H.B. 184 of the 125th general assembly, shall apply to all offenders who have been sentenced to death for an aggravated murder that was committed on or after October 19, 1981, or for terrorism that was committed on or after May 15, 2002. This section, as amended by H.B. 184 of the 125th general assembly, shall apply equally to all such offenders sentenced to death prior to, on, or after March 23, 2005, including offenders who, on March 23, 2005, are challenging their sentence of death and offenders whose sentence of death has been set aside, nullified, or vacated by any court of this state or any federal court but who, as of March 23, 2005, have not yet been resentenced.

A - 68

O.R.C. 2945.05. Defendant may waive jury trial

In all criminal cases pending in courts of record in this state, the
defendant may waive a trial by jury and be tried by the court without a jury.
Such waiver by a defendant, shall be in writing, signed by the defendant, and
filed in said cause and made a part of the record thereof. It shall be
entitled in the court and cause, and in substance as follows: "I ........,
defendant in the above cause, hereby voluntarily waive and relinquish my right
to a trial by jury, and elect to be tried by a Judge of the Court in which the
said cause may be pending. I fully understand that under the laws of this
state, I have a constitutional right to a trial by jury."

Such waiver of trial by jury must be made in open court after the defendant has been arraigned
and has had opportunity to consult with counsel. Such waiver may be withdrawn by the
defendant at any time before the commencement of the trial.

A-69

O.R.C. 2945.06. Jurisdiction of judge when jury trial is waived; three-judge court

In any case in which a defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code, any judge of the court in which the cause is pending shall proceed to hear, try, and determine the cause in accordance with the rules and in like manner as if the cause were being tried before a jury. If the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges, consisting of the judge presiding at the time in the trial of criminal cases and two other judges to be designated by the presiding judge or chief justice of that court, and in case there is neither a presiding judge nor a chief justice, by the chief justice of the supreme court. The judges or a majority of them may decide all questions of fact and law arising upon the trial; however the accused shall not be found guilty or not guilty of any offense unless the judges unanimously find the accused guilty or not guilty. If the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly. The court shall follow the procedures contained in sections 2929.03 and 2929.04 of the Revised Code in all cases in which the accused is charged with an offense punishable by death. If in the composition of the court it is necessary that a judge from another county be assigned by the chief justice, the judge from another county shall be compensated for his services as provided by section 141.07 of the Revised Code.

A -70

**Article I, § 5** of the Ohio Constitution

The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury.

A-71

Article I, Section 10 of the Ohio Constitution


Except in cases of impeachment, cases arising in the army and navy, or in the militia when actual service in time of war or public danger, and cases involving offenses for which the penalty provided is less than imprisonment in the penitentiary, no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury: and the number of persons necessary to constitute such grand jury and the number thereof necessary to concur in finding such indictment shall be determined by law. In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof: to meet the witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed; but provision may be made by law for the taking of the deposition by the accused or by the state, to be used for or against the accused, of any witness whose attendance can not be had at the trial, always securing to the accused the means and the opportunity to be present and with counsel at the taking of such deposition, and to examine the witness face to face as fully and in the same manner as if in court. No person shall be compelled, in any criminal case, to be a witness against himself; but his failure to testify may be considered by the court and jury and may be the subject of comment by counsel. No person shall be twice put in jeopardy for the same offense.

A-72

OHIO CONSTITUTION, ARTICLE I

**I § 16  Redress in courts**

All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. Suits may be brought against the state, in such courts and in such manner, as may be provided by law.

A-73

**Article II, § 28** of the Ohio Constitution

The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want of conformity with the laws of this state.

A-74

## Fifth Amendment of U.S. Constitution

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

A-75

Sixth Amendment of the U.S. Constitution

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

A-76

Eighth Amendment of the U.S. Constitution

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

A-77

Fourteenth Amendment of U.S. Constitution

Sec. 1. [Citizens of the United States.]

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Sec. 2. [Representatives--Power to reduce apportionment.]

Representatives shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State, excluding Indians not taxed. But when the right to vote at any election for the choice of electors for President and Vice-President of the United States, Representatives in Congress, the Executive and Judicial officers of a State, or the members of the Legislature thereof, is denied to any of the male inhabitants of such State, being twenty-one years of age, and citizens of the United States, or in any way abridged, except for participation in rebellion, or other crime, the basis of representation therein shall be reduced in the proportion which the number of such male citizens shall bear to the whole number of male citizens twenty-one years of age in such State.

Sec. 3. [Disqualification to hold office.]

No person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

A-78

Sec. 4. [Public debt not to be questioned--Debts of the Confederacy and claims not to be paid.]

The validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned. But neither the United States nor any State shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void.

Sec. 5. [Power to enforce amendment.]

The Congress shall have the power to enforce, by appropriate legislation, the provisions of this article.

A-79