3/23/2015            CourtView Justice Solutions

## CR 1983 12 0614

| Case Type | CRIMINAL | | Action: | AGGRAVATED MURDER 2901.01 A |
|---|---|---|---|---|
| Case Status: | Closed | | Status Date: | 12/22/1983 |
| File Date: | 12/22/1983 | | Case Judge: | CREHAN, Honorable MATTHEW |
| DCM Track: | | | Next Event: | |

**All Information** | Party | Charge | Event | Docket | Additional Fields | Disposition | Financial

### Docket Information

| Date | Docket Text | Amount | Image Avail. |
|---|---|---|---|
| 12/22/1983 | HAMILTON MUNICIPAL COURT LOWER COURT FEES transcript bindover | | Image |
| 12/22/1983 | JOURNAL ENTRY - NO BOND DOLLARS FILED | $2.00 | Image |
| 12/22/1983 | COST BILL | $43.30 | Image |
| 12/22/1983 | CLERKS COMPUTER FEE - $10 FUND 111 | $10.00 | |
| 12/22/1983 | TRANSCRIPT(S) FILED (duplicate sent to County Prosecutor )+ Special Project Fee $75 | $60.00 | |
| 01/06/1984 | NOTICE TO SUPREME COURT OF OHIO OF FILING OF INDICTMENT CHARGING AGGRAVATED MURDER WITH SPECIFICATION(S) OF AGGRAVATING CIRCUMSTANCES (R.C. 2929.021(A) | $0.00 | Image |
| 01/06/1984 | SUMMONS ON INDICTMENT OR INFORMATION | $60.00 | Image |
| 01/06/1984 | copy of Indictment scanned & forwarded to case file folder | | Image |
| 01/06/1984 | PROSECUTING ATTORNEY'S REQUEST FOR ISSUANCE OF SUMMONS UPON INDICTMENT FILED PROS ATTY: HOLCOMB, JOHN F | $0.00 | Image |
| 01/09/1984 | RETURN-PERSONAL SERVICE OF SUMMONS ON INDICTMENT | $2.65 | Image |
| 01/11/1984 | RETURN RECEIPT OF CERTIFIED MAIL (SEE IMAGE) | $1.65 | Image |
| 01/13/1984 | INDICTMENT SCANNED; DEFENDANT ARRAIGNED PLEADS NOT GUILTY | $4.00 | Image |
| 01/17/1984 | MOTION TO SEVER FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/17/1984 | MOTION FOR BILL OF PARTICULARS FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/17/1984 | MOTION FOR CHANGE OF VENUE FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/17/1984 | MOTION TO VIEW THE SCENE FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/17/1984 | MOTION TO DISMISS AND TO INSPECT GRAND JURY TRANSCRIPT FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/20/1984 | MEMORANDUM IN OPPOSITION TO MOTION FOR CHANGE OF VENUE FILED ASST PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | $0.00 | Image |
| 01/20/1984 | MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS AND TO INSPECT GRAND JURY TRANSCRIPT FILED ASST PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | $0.00 | Image |
| 01/20/1984 | MEMORANDUM IN OPPOSITION TO MOTION TO SEVER COUNTS FILED PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | $0.00 | Image |
| 01/26/1984 | ENTRY SCHEDULING PRETRIAL HEARING AND CONTINUING TRIAL DATE | $2.00 | Image |
| 01/26/1984 | MEMORANDUM IN SUPPORT OF MOTION TO SEVER FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 01/26/1984 | MEMORANDUM IN SUPPORT OF MOTION FOR CHANGE OF VENUE FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |

| Date | Description | Amount | |
|---|---|---|---|
| 02/01/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | $6.00 | Image |
| 02/01/1984 | MOTION FOR DISCOVERY FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 02/01/1984 | MOTION TO BIFURCATE TRIAL/MOTION IN LIMINE AND MEMORANDUM FILED Attorney: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 02/01/1984 | MOTION TO PROHIBIT DEATH QUALIFICATION OF THE JURY AND MEMORANDUM FILED ATTY: SHANKS, MICHAEL D (18906) | $0.00 | Image |
| 02/02/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 02/03/1984 | MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE RE: DEATH QUALIFICATION OF JURORS FILED ASST PROS ATTY: SAGE, MICHAEL J | $0.00 | Image |
| 02/08/1984 | STATE'S ANSWER TO DEFT'S REQUEST FOR DISCOVERY FILED ASST PROS ATTY: SAGE, MICHAEL J | $0.00 | Image |
| 02/08/1984 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | $0.00 | Image |
| 02/08/1984 | JOURNAL ENTRY - ORDER FILED | $2.00 | Image |
| 02/09/1984 | BILL OF PARTICULARS FILED PROS ATTY: HOLCOMB, JOHN F | $0.00 | Image |
| 02/13/1984 | RETURN RECEIPTS OF CERTIFIED MAIL OF KARLA STANLEY AND DICK PERRY | $0.00 | Image |
| 02/14/1984 | JOURNAL ENTRY - INDICTMENT FOR AGGRAVATED - MURDER (WITH SPECS) DEFT INDIGENT COURT ASSIGNS MICHAEL D SHANKS AND JOHN GARRETTSON TO DEFEND | $2.00 | Image |
| 02/14/1984 | MOTION TO APPOINT COUNSEL FILED Attorney: SHANKS, MICHAEL D | $0.00 | Image |
| 02/14/1984 | AFFIDAVIT OF VON CLARK DAVIS | $0.00 | Image |
| 02/15/1984 | JOURNAL ENTRY - CERTIFICATE FILED | $2.00 | Image |
| 02/15/1984 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | $9.60 | Image |
| 02/24/1984 | ENTRY FILED | $2.00 | Image |
| 02/24/1984 | ENTRY ORDERING SPECIAL VENIRE PURSUANT TO O R C 2945.18 | $2.00 | Image |
| 03/05/1984 | RETURN OF NOTICE TO SUPREME COURT OF OHIO OF FILING OF INDICTMENT CHARGING AGGRAVATED MURDER WITH SPECIFICATION(S) OF AGGRAVATING CIRCUMSTANCES (R.C. 2929.021(A), SUPREME COURT CASE #CC84-4, FILED 1-10-84 | $0.00 | Image |
| 03/20/1984 | CERTIFIED COPIES OF RETURNED - PERSONAL SERVICE OF VENIRE FOR SPECIAL PETIT JURORS: UPON: (SEE IMAGES) | $0.00 | Image |
| 03/22/1984 | PERSONAL SERVICE OF SPECIAL VENIRES: UPON: JURORS (SEE IMAGE) | $0.00 | Image |
| 04/20/1984 | ENTRY ORDERING ADDITIONAL SPECIAL VENIRE PURSUANT TO O R C 2945.19 FILED | $2.00 | Image |
| 04/20/1984 | SUPPLEMENTAL DISCOVERY FILED Attorney: SAGE, MICHAEL J | $0.00 | Image |
| 04/23/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 04/25/1984 | DEFT'S RESPONSE TO PLTF'S MOTION FOR DISCOVERY FILED Attorney: SHANKS, MICHAEL D | $0.00 | Image |
| 04/26/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | $8.00 | Image |
| 04/26/1984 | AMENDED RESPONSE TO PLTF'S FOR DISCOVERY FILED Attorney: SHANKS, MICHAEL D | $0.00 | Image |
| 04/27/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 04/27/1984 | ELECTION BY DEFT PURSUANT TO SECTION 2929.022 OF THE OHIO REVISED CODE FILED Attorney: SHANKS, MICHAEL D AND Attorney: GARRETSON, JOHN A | $0.00 | Image |
| 04/27/1984 | MOTION TO HAVE REASONS FOR DEFENSE OBJECTIONS AND REASONS FOR | $0.00 | Image |

3/23/2015                                    CourtView Justice Solutions

OVERRULING DEFENSE OBJECTIONS PLACED ON RECORD WITH MEMORANDUM IN
SUPPORT FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON,

JOHN A

| | | | |
|---|---|---|---|
| 04/27/1984 | MOTION FOR NOTICE OF PROSPECTIVE THREE-JUDGE PANEL FILED Attorney: SHANKS, MICHAEL D AND Attorney: GARRETSON, JOHN A | $0.00 | Image |
| 04/27/1984 | MOTION TO INCREASE THE BURDEN OF PROOF TO BEYOND ALL DOUBT FILED Attorney: SHANKS, MICHAEL D AND Attorney: GARRETSON, JOHN A | $0.00 | Image |
| 04/27/1984 | MOTION FOR PRETRIAL HEARINGS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR RULING ON NUMBER OF PEREMPTORY CHALLENGES FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO RECORD ALL PROCEEDINGS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO COMPEL PROSECUTOR TO DISCLOSE DEATH PENALTY DATA FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR PRETRIAL DISCLOSURE OF THE PROSECUTING WITNESSES' WRITTEN OR RECORDED STATEMENTS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO COMPEL DISCLOSURE OF PROSECUTING ATTORNEY'S JURY SELECTION DATA FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO REQUIRE PROSECUTOR TO STATE REASON FOR EXERCISING PEREMPTORY CHALLENGES FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS AND FOR LEAVE TO SUPPLEMENT THE MEMO IN SUPPORT OF THOSE MOTIONS ALREADY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR ALL MOTIONS TO BE HEARD ON THE RECORD FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR SEQUESTRATION OF JURORS FOR DURATION OF TRIAL FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | FURTHER MOTION TO PROHIBIT DEATH QUALIFICATION OF JURY: IN THE ALTERNATIVE TO SEAT SEPARATE JURIES DURING THE GUILT AND PENALTY PHASES OF TRIAL AND SUPPLEMENTAL MEMORANDUM THEREON FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | FURTHER MEMORANDUM IN SUPPORT OF DISCLOSURE OF GRAND JURY TESTIMONY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO INSULATE THE VENIRE AND JURY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | MOTION TO DISMISS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |
| 04/27/1984 | SUPPLEMENTAL DISCOVERY FILED ASST PROS ATTY, MICHAEL J | $0.00 | Image |
| 04/30/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 04/30/1984 | MOTION IN LIMINE WITH MEMORANDUM FILED Attorney: GARRETSON, JOHN A | $0.00 | Image |
| 04/30/1984 | RETURNED MOTION FOR EXPERT SERVICES FILED BY Attorney: SHANKS, MICHAEL D FILED IN SUPREME COURT CASE #99-0252 ON 3-5-99 | $0.00 | Image |
| 04/30/1984 | JOURNAL ENTRY - ORDER FILED | $2.00 | Image |
| 04/30/1984 | MOTION FOR ORDER RELEASING RECORDS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | $0.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6176

3/23/2015                 CourtView Justice Solutions

| Date | Description | Amount | |
|---|---|---|---|
| 04/30/1984 | INVOICE (attachment) | $0.00 | Image |
| 05/01/1984 | STATE'S MEMORANDUM IN RESPONSE TO MOTIONS OF DEFT FILED ON 4-27-84 FILED ASST PROS ATTY: EICHEL, DANIEL G (08259) AND ASST PROS ATTY: SAGE, MICHAEL J | $0.00 | Image |
| 05/03/1984 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | $0.00 | Image |
| 05/03/1984 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | $0.00 | Image |
| 05/04/1984 | JOURNAL ENTRY - PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 05/04/1984 | JOURNAL ENTRY FILED | $8.00 | Image |
| 05/04/1984 | JOURNAL ENTRY - WAIVER AND ELECTION FILED | $2.00 | Image |
| 05/08/1984 | JOURNAL ENTRY - JURY WAIVER AND ELECTION OF THREE-JUDGE PANEL FILED | $2.00 | Image |
| 05/08/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 05/08/1984 | RETURN-PERSONAL SERVICE OF SUBPOENA UPON : (SEE IMAGE) | $1.65 | Image |
| 05/09/1984 | JOURNAL ENTRY - MOTION AND ENTRY FILED | $4.00 | Image |
| 05/09/1984 | JOURNAL ENTRY - DESIGNATING THREE JUDGE PANEL FILED | $2.00 | Image |
| 05/09/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 05/09/1984 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | $66.30 | Image |
| 05/10/1984 | JOURNAL ENTRY - MOTION AND ENTRY FILED | $4.00 | Image |
| 05/10/1984 | INVOICE (attachment) | $0.00 | Image |
| 05/10/1984 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT FOR A TOTAL OF $36.00 FILED | $2.00 | Image |
| 05/10/1984 | RETURN-PROCESS SERVICE OF SUBPOENA UPON : (SEE IMAGE) | $0.00 | Image |
| 05/10/1984 | RETURN-PROCESS SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | $0.00 | Image |
| 05/11/1984 | JOURNAL ENTRY - CERTIFICATE FILED | $2.00 | Image |
| 05/11/1984 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | $5.65 | Image |
| 05/14/1984 | RETURN RECEIPT OF CERTIFIED MAIL OF MR STEVEN DIX, CHIEF OF MANAGEMENT DEPT OF CORRECTIONS | $0.00 | Image |
| 05/14/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 05/15/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 05/16/1984 | ENTRY OF FINDINGS OF GUILTY | $2.00 | Image |
| 05/22/1984 | JOURNAL ENTRY FILED | $2.00 | Image |
| 05/22/1984 | PERSONAL SERVICE OF CERTIFIED COPY OF ENTRY: UPON BUTLER COUNTY FORENSIC CENTER: (SEE IMAGE) | $0.00 | Image |
| 05/25/1984 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | $2.00 | Image |
| 06/04/1984 | JUDGMENT OF CONVICTION ENTRY AND WRIT FOR THE EXECUTION OF THE DEATH PENALTY FILED | $4.00 | Image |
| 06/05/1984 | COST BILL | $1,021.00 | Image |
| 06/11/1984 | NOTICE TO SUPREME COURT OF OHIO OF PLEA OF GUILTY OR OF NO CONTEST TO AND NOTICE OF DISMISSAL OF INDICATING CHARGING AGGRAVATED MURDER WITH SPECIFICATION(S) OF AGGRAVATING CIRCUMSTANCES/R C 2929.021(B) FILED | $0.00 | Image |

3/23/2015 CourtView Justice Solutions

EDWARD S ROBB JR CLERK OF COURTS, JEROME COOK, DEPUTY CLERK

| Date | Description | Amount | |
|------|-------------|--------|------|
| 06/11/1984 | JOURNAL ENTRY - OPINION FILED | $6.00 | Image |
| 06/12/1984 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES & AFFIDAVIT OF INDIGENCY FILED,for atty.: JOHN A GARETSON IN AMOUNT OF $2,629.50 | $8.00 | Image |
| 06/12/1984 | JOURNAL ENTRY - INDICTMENT FOR DEFT INDIGENT COURT REQUEST ASSIGNS JACK GARRETSON FILED | $2.00 | Image |
| 06/13/1984 | RETURN RECEIPT OF CERTIFIED MAIL OF SUPREME COURT OF OHIO | $0.00 | Image |
| 06/18/1984 | RECEIPT #165627 NOTICE OF APPEAL $40.00 | $0.00 | Image |
| 06/18/1984 | NOTICE OF APPEAL (COPY) FILED IN COURT OF APPEALS CA84 06 071, 6-18-84 Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |
| 06/22/1984 | SHERIFF'S RETURN-PERSONAL SERVICE OF EXECUTION FOR COSTS $1,021.00 IN FELONY | $3.65 | Image |
| 06/22/1984 | SHERIFF'S RETURN-PERSONAL SERVICE OF WARRANT TO CONVEY TO SOUTHERN OHIO CORRECTIONAL FACILITY | $36.35 | Image |
| 06/27/1984 | COPY OF CRIMINAL DOCKET STATEMENT FILED COPY TO COURT OF APPEALS #CA84 06 071 | $2.00 | Image |
| 08/01/1984 | MOTION FILED Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |
| 08/01/1984 | JOURNAL ENTRY FILED | $2.00 | Image |
| 08/16/1984 | MOTION FOR STAY OF EXECUTION FILED Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |
| 08/16/1984 | JOURNAL ENTRY GRANTING STAY OF EXECUTION FILED | $2.00 | Image |
| 08/16/1984 | COPY OF ENTRY GRANTNG STAY OF EXECUTION FILED IN COURT OF APPEALS CASE #CA84 06 071 | $2.00 | Image |
| 08/20/1984 | RETURN RECEIPTS OF CERTIFIED MAIL OF THOMAS L STARTZMAN AND WALLACE E STEIN - RECORD CLERK | $0.00 | Image |
| 09/25/1984 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT/CERTIFICATE TRANSCRIPT FEE $753.00 FILED | $2.00 | Image |
| 09/25/1984 | JOURNAL ENTRY FILED | $2.00 | Image |
| 09/25/1984 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT, ATTYS FOR DEFT MIKE SHANKS AND JACK GARRETSON, TOTAL OF $1,129.50 FILED | $2.00 | Image |
| 09/25/1984 | JOURNAL ENTRY FILED | $2.00 | Image |
| 09/25/1984 | CERTIFIED COPY OF CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT, for atty.: MIKE SHANKS AND JACK GARRETSON, TOTAL OF $1,129.50 | $2.00 | Image |
| 08/21/1985 | ADDITIONAL EXECUTION FOR COSTS IN FELONY TO SHERIFF | $0.00 | Image |
| 05/27/1986 | MEMO :NUNC PRO TUNC ENTRY TO THIS DATE FILED 5/7/90 | $0.00 | |
| 05/27/1986 | JOURNAL ENTRY - OPINION FILED IN CA84-06-071 | $52.00 | Image |
| 05/27/1986 | JOURNAL ENTRY MANDATE JUDGMENT ENTRY FILED IN CASE #CA84 06 071 | $2.00 | Image |
| 05/27/1986 | JOURNAL ENTRY - JUDGMENT FILED IN CA84 -06-071 - COPY | $2.00 | Image |
| 05/27/1986 | SEPARATE OPINION PURSUANT TO R C 2929.05 (A) - COPY | $2.00 | Image |
| 09/29/1988 | SUPREME COURT OF OHIO COLUMBUS MANDATE FILED NO. 86-1171, 1988 TERM - COPIES ATTACHED | $10.00 | Image |
| 09/29/1988 | SUPREME COURT OF OHIO COLUMBUS MANDATE FILED NO. 86-1171, 1988 TERM - ATTACHMENT COPY OF APPEAL FROM THE COURT OF APPEALS | $4.00 | Image |
| 09/29/1988 | MOTION TO RETURN DEFT FOR SENTENCING FILED Attorney: GARRETSON, JOHN A (00831), Attorney: SHANKS, MICHAEL D (18906) AND Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |

3/23/2015                                   CourtView Justice Solutions

| | | | |
|---|---|---|---|
| 10/05/1988 | CERTIFIED COPY OF JOURNAL ENTRY FILED | $2.00 | Image |
| 10/31/1988 | PERSONAL SERVICE OF WRIT: UPON: (SEE IMAGE) | $0.00 | Image |
| 11/04/1988 | JOURNAL ENTRY FILED | $2.00 | Image |
| 11/09/1988 | PERSONAL SERVICE OF WRIT: UPON: (SEE IMAGE) AND RECEIPT FOR INMATE ATTACHED | $0.00 | Image |
| 01/19/1989 | LETTER FROM SUPREME COURT WASHINGTON DC TO JOHN F HOLCOMB | $0.00 | Image |
| 01/19/1989 | MOTION FILED Attorney: EICHEL, DANIEL G (08259) | $0.00 | Image |
| 02/06/1989 | JOURNAL ENTRY FILED | $2.00 | Image |
| 02/10/1989 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES & AFFIDAVIT OF INDIGENCY FILED,for atty.: MICHAEL D SHANKS, IN AMOUNT OF $1,386.00 | $6.00 | Image |
| 05/09/1989 | MOTION TO EXTEND TIME TO FILE PRERIAL MOTIONS AND MOTION TO CONTINUE SENTENCING/MITIGATION HEARING FILED Attorney: GARRETSON, JOHN A (00831), Attorney: SHANKS, MICHAEL D (18906)/PER PHONE AND Attorney: EVANS, TIMOTHY R (18590)/PER PHONE | $0.00 | Image |
| 06/05/1989 | NOTICE OF HEARING OF MITIGATION SET 8-4- AT 9:00 AM BEFORE JUDGE MOSER, WILLIAM R STITSINGER AND HENRY J BRUEWER | $0.00 | Image |
| 06/28/1989 | ENTRY FILED | $2.00 | Image |
| 06/29/1989 | WITHDRAW OF JURY WAIVER FILED Attorney: EVANS, TIMOTHY R (18590) | $2.00 | Image |
| 06/29/1989 | MOTION FILED Attorney: EVANS, TIMOTHY R (18590), FILED 3-5-99 SUPREME COURT OF OHIO 99-0252 AND 3-5-91, 90-2524 | $0.00 | Image |
| 06/29/1989 | MOTION TO WITHDRAW THE JURY WAIVER FILED Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |
| 07/18/1989 | MOTION FOR FURTHER PSYCHOLOGICAL EVALUATIONS, APPOINTMENT OF A SOCIAL WORKER TO PREPARE A SOCIAL HISTORY AND FOR PAYMENT OF EXTRA-ORDINARY EXPENSES FOR SAID EXPERTS FILED Attorney: GARRETSON, JOHN A (00831) AND Attorney: SHANKS, MICHAEL D | $0.00 | Image |
| 07/18/1989 | MOTION TO PROHIBIT THREE-JUDGE PANEL FROM RESENTENCING TO DEATH AND MOTION TO DISQUALIFY PANEL FILEDAttorney: GARRETSON, JOHN A (00831), Attorney: SHANKS, MICHAEL D (18906) AND Attorney: EVANS, TIMOTHY R (18590) | $0.00 | Image |
| 07/20/1989 | RETURN COPIES OF SUBPOENAS ISSUED (SEE IMAGES) | $6.00 | Image |
| 07/20/1989 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | $8.00 | Image |
| 07/21/1989 | MOTION TO STRIKE DEFT'S WITHDRAWAL OF JURY WAIVER AND MEMORANDUM FILED FIRST ASST PROS Attorney: EICHEL, DANIEL G (08259) | $0.00 | Image |
| 07/24/1989 | ORDER RE TRANSCRIPT OF DEFT AND SETTING HEARING DATE ON REMAND | $2.00 | Image |
| 07/24/1989 | MOTION TO RENEW PRETRIAL MOTIONS FILED Attorney: SHANKS, MICHAEL D (18906), GARRETSON AND EVANS | $0.00 | Image |
| 07/24/1989 | MOTION TO PERMIT THE DEFENSE TO ADMIT ALL RELEVANT EVIDENCE AT THE SENTENCING PHASE FILED Attorney: SHANKS, MICHAEL D (18906), GARRETSON AND EVANS | $0.00 | Image |
| 07/25/1989 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGES) | $0.00 | Image |
| 07/25/1989 | AFFIDAVIT OF DAN EICHEL | $0.00 | Image |
| 07/26/1989 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | $2.00 | Image |
| 07/26/1989 | RETURN COPIES OF PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | $2.00 | Image |
| 07/26/1989 | MEMORANDUM IN OPPOSITION TO DEFT'S MOTION TO PROHBIT 3-JUDGE PANEL FROM RESENTENCING TO DEATH AND TO DISQUALIFY PANEL FILED FIRST ASST PROS Attorney: EICHEL, DANIEL G (08259) | $0.00 | Image |
| 07/26/1989 | ENTRY FILED | $4.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6179

3/23/2015                                    CourtView Justice Solutions

| | | | |
|---|---|---|---|
| 07/27/1989 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGE) | $0.00 | Image |
| 08/01/1989 | ENTRY AS TO MOTIONS HEARD JULY 31 1989 | $4.00 | Image |
| 08/04/1989 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGES) | $0.00 | Image |
| 08/07/1989 | JUDGEMENT OF CONVICTION ENTRY FILED | $6.00 | Image |
| 08/10/1989 | OPINION FILED | $6.00 | Image |
| 09/06/1989 | NOTICE OF APPEAL FILED DAVID C STEBBINS, SENIOR ASST PUBLIC DEFENDER IN CA1989 09 0123 | $0.00 | Image |
| 09/13/1989 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES FILED for atty.: JOHN A GARRETSON IN AMOUNT OF $850.00 | $8.00 | Image |
| 09/13/1989 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES FILED for atty.: MICHAEL D SHANKS, IN AMOUNT OF $827.00 | $8.00 | Image |
| 09/20/1989 | RETURN RECEIPT OF CERTIFIED MAIL OF CLERK OHIO SUPREME COURT | $0.00 | Image |
| 09/20/1989 | RETURN–PERSONAL SERVICE OF EXECUTION FOR COSTS IN FELONY | $3.70 | Image |
| 10/03/1989 | COPIES OF CASE DOCKET SHEET ISSUED - FILED 3-5-91 SUPREME COURT #90-2524 | $2.25 | Image |
| 02/05/1990 | COST BILL - TOTAL FEES $1,383.40 - FILED 3-5-91 IN SUPREME COURT OF OHIO #90-2524 | $0.00 | Image |
| 02/09/1990 | CERTIFICATE OF MAILINGS (SEE IMAGES) | $0.00 | Image |
| 02/13/1990 | COPY OF JOURNAL ENTRY FILED IN CA89 09 123 | $2.00 | Image |
| 04/10/1990 | PLEASE SEE DOCKET FOR PREVIOUS FILINGS | $0.00 | |
| 05/07/1990 | APPOINTMENT OF ATTORNEY FOR INDIGENT DEFENDANT (NUNC PRO TUNC 5/27/86),BRUEWER,J. (IMAGED ABOVE) | $2.00 | |
| 05/07/1990 | APPOINTMENT OF ATTORNEY FOR INDIGENT DEFENDANT (NUNC PRO TUNC 5/27/86),BRUEWER,J. | $2.00 | Image |
| 10/29/1990 | MANDATE FILED AFFIRMING CA89 09 0123 (IMAGED UNDER JUDGMENT ENTRY) | $2.00 | |
| 10/29/1990 | JUGMENT ENTRY FILED - MANDATE CA89 09 123 - COPY OF OPINION ATTACHED | $2.00 | Image |
| 03/30/1992 | [ Clerk's memo ] : SUPREME CT.OH upheld (affirmed 12th District Decision) for DEATH PENALTY CA89 09 0123 S.C.OH,# 90-2524 | $0.00 | |
| 03/31/1992 | [ Clerk's memo ] : COPY OF SUPREME CT OF OH MANDATE AFIRMING & UPHOLDING DEATH PENALTY FILED, COPIES TO Grace White for issuance of Death Warrant & certified copy of Mandate to institution/ & copy to trial court file/CA-Midd & Moser,J | $0.00 | |
| 04/08/1992 | ALL PAPERS RETURN FROM SUPREME COURT OF OH | $0.00 | |
| 05/19/1992 | [ Clerk's memo ] : DATE OF SCHEDULED EXECUTION | $0.00 | |
| 10/08/1993 | EVIDENTIARY HEARING REQUSTED ; PETITION TO VACATE OR SET ASIDE SENTENCE: R.C. 2953.21 FILED BY ATTY JOANN BOUR-STOKES & LINDA E PRUCHA FOR DEFENDANT | $0.00 | Image |
| 10/08/1993 | EVIDENTIARY HEARING REQUESTED; PETITION TO VACATE OR SET ASIDE SENTENCE; R.C.2953.21 FILED BY ATTY JOANN BOUR-STOKES/LINDA E PRUCHA FOR DEFENDANT (EXHIBITS ATTACHED) | $0.00 | Image |
| 10/18/1993 | ANSWER AND MOTION TO DISMISS DEFT'S PETITION FOR POSTCONVICTION RELIEF FILED | | Image |
| 10/18/1993 | ASSIGNMENT OF JUDGE CREHAN FROM JUDGE MOSER FILED ELLIOTT,J | $0.00 | Image |
| 10/20/1993 | DEFT'S MOTION FOR JUDGE MOSER TO RECUSE HIMSELF FILED | $0.00 | Image |
| 03/14/1994 | ORDER SETTING CONFERENCE FOR 3/30/94 AT 4:00PM FILED CREHAN,J | $2.00 | Image |
| 03/30/1994 | STATE'S MOTION FOR LEAVE TO FILE ADDITIONAL PAGE OF THE STATE'S | $0.00 | |

CourtView Justice Solutions

MEMORANDUM IN SUPPORT OF MOTION TO DIMISS FILED/DAN EICHEL,ATTY

| Date | Description | Amount | |
|------|-------------|--------|---|
| 04/04/1994 | JOURNAL ENTRY SETTING DATE FOR ORAL ARGUMENT SET: 6/24/94 9:00 AM FILED CREHAN,J | $4.00 | Image |
| 04/07/1994 | AMENDED ENTRY SETTING DATE FOR ORAL ARGUMENT FILED CREHAN,J | $4.00 | Image |
| 04/11/1994 | DEFT'S MOTION TO STRIKE AND MEMORANDUM FILED/JOANN BOUR-STOKES AND L PRUCHA,ATTYS | $0.00 | Image |
| 04/12/1994 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE FILED BY ATTY DAN EICHEL | $0.00 | Image |
| 11/01/1994 | ENTRY RE: DEFTS MOTION FOR POST CONVICTION RELIEF;MOTION TO STRIKE AND SETTING DATE FOR EVIDENTIARY HEARING 11/23/94 FILED,CREHAN,J (DAVIS) | $16.00 | Image |
| 11/16/1994 | HEARING ON PETITION FOR POST-CONVICTION RELIEF SET 12-20-94 1:15 FILED ASSIGNMENT COMMISSIONER CINDY BAKER | $0.00 | Image |
| 12/05/1994 | DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FILED JOANN M JOLSTAD, LINDA E PRUCHA OH PUBLIC DEFENDER | $0.00 | Image |
| 12/05/1994 | MOTION TO SECURE ATTENDANCE OF VON CLARK DAVIS AT POST-CONVICITON EVIDENTIARY HEARING FILED JOANN M JOLSTAD, OH PUBLIC DEFENDER FOR VON CLARK DAVIS | $0.00 | Image |
| 12/05/1994 | PRECIPE FILED SUBPOENA ISSUED TO HON. JOHN R. MOSER, HON. WILLIAM R. STITSINGER ON DECEMBER 5, 1994 BY JOHN F. HOLCOMB, PROS. ATTY. | $4.00 | Image |
| 12/07/1994 | ORDER: WARRANT TO CONVEY PRISONER FOR POST CONVICTION HEARING R.C. 2953.22 FILED SAGE,J FOR CREHAN,J (VON CLARK DAVIS) | $2.00 | Image |
| 12/09/1994 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON. JOHN R. MOSER ON DECEMBER 9, 1994 BY JIM FARQUIS, PROCESS SERVER | $0.00 | Image |
| 12/14/1994 | ORDER VACATING WARRANT TO CONVEY PRISONER AND RESCHEDULING HEARING DATE UNTIL 1-11-95 10L00AM FILED CREHAN,J | $2.00 | Image |
| 01/05/1995 | ORDER: warrant to convey prisoner for postconviction hearing filed SAGE,J FOR MATTHEW J CREHAN (VON CLARK DAVIS) | $2.00 | Image |
| 01/06/1995 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON. JOHN R. MOSER ON JANUARY 6, 1995 BY PROCESS SERVER | $0.00 | Image |
| 01/06/1995 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON WILLIAM R. STITSINGER ON JANUARY 6, 1995 BY PROCESS SERVER | $0.00 | Image |
| 01/06/1995 | PRECIPE FILED SUBPOENA ISSUED TO HON. WILLIAM R. STITSINGER, HON. JOHN R. MOSER ON JANUARY 6, 1995 BY JOHN F. HOLCOMB, ATTY. | $4.00 | Image |
| 01/12/1995 | JOURNAL ENTRY : ORDER TO RETURN DEFENDANT TO SOUTHERN OH CORRECTIONAL FACILITY FILED CREHAN,J | $2.00 | Image |
| 01/12/1995 | TRANSCRIPT FEE | $72.50 | |
| 01/25/1995 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr SHIRLEY ROESCH $72.50 FILED CREHAN,J | $2.00 | Image |
| 01/25/1995 | JOURNAL ENTRY STATEMENT FROM SHIRLEY ROESCH TO PROSECUTOR'S OFFICE $72.50 FILED CREHAN,J | $4.00 | Image |
| 01/30/1995 | *TRANSCRIPT OF POST CONVICTION RELIEF HEARING FILED SHIRLEY ROESCH,COURT REPORTER *** FILED @ RECORDS CENTER*** | $0.00 | |
| 01/30/1995 | CERTIFICATE \ TRANSCRIPT FEES ,filed (amount +$2.in line 3) (certifed copies>Auditor) $217.50 TO SHIRLEY ROESCH,COURT REPORTER FILED CREHAN,J | $2.00 | Image |
| 01/30/1995 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE\Ct.Reprtr $217.50 TO SHIRELEY ROESCH,COURT REPORTER FILED CREHAN,J | $2.00 | Image |
| 01/30/1995 | TRANSCRIPT FEE | $217.50 | |
| 01/30/1995 | EXHIBIT FILED BY COURT REPORTER SHIRLEY ROESCH *** FILED @ RECORDS CENTER*** | $0.00 | |
| 02/21/1995 | POST EVIDENTIARY HEARING BRIEF FILED | | Image |
| 02/22/1995 | SHERIFFS RETURN OF PERSONAL SERVICE OF ENTRY UPON: VON CLARK DAVIS DATE: 01-10-95 BY BCSD | $3.00 | Image |
| 02/28/1995 | SHERIFFS RETURN OF PERSONAL SERVICE OF ENTRY UPON: VON CLARK DAVIS DATE: 02-11-95 BY BCSD (PER JAIL ALREADY) | $0.00 | |

3/23/2015 CourtView Justice Solutions

| Date | Description | Amount | |
|---|---|---|---|
| 03/02/1995 | STATE'S MEMORANDUM IN RESPONSE FILED | $0.00 | Image |
| 03/15/1995 | POST-EVIDENTIARY HEARING REPLY BRIEF FILED JOANN JOLSTAD, LINDA E PRUCHA, ATTYS FOR VON CLARK DAVIS | $0.00 | Image |
| 06/30/1995 | FINAL APPEALABLE ORDER DISMISSAL ENTRY; PETITIONER'S PETITION FOR A HEARING IS DENIED AND THE MOTION OF THE STATE OF OHIO TO DISMISS THE PETITION FOR POST-CONVICTION RELIEF IS GRANTED FILED CREHAN,J | $0.00 | Image |
| 07/31/1995 | NOTICE OF APPEAL FILED/CA95 07 0124 cc:CA-Midd;Judge;CDS>file & by mail>attys\parties indicated as of record BY LINDA E PRUCHA & TRACEY LEONARD,ASST ST PUBLIC DEFENDER,ATTYS | $25.00 | |
| 10/09/1996 | MANDATE filed,forwarded to C.A,fileroom clerk > 12thDistrict AppealsCourt # CA95 07 124 PAGE 22 CORRECTED OPINION 9-30-96 | $0.00 | |
| 10/09/1996 | CERTIFIED COPY OF CORRECTED PAGE TWENTY-TWO FOR BUTLER CA95 07 124 OPINION RELEASED 9-30-96 FILED 3-5-99 SUPREME COURT OF OHIO 99-0252 | $2.00 | Image |
| 02/25/1999 | ALL PAPERS SENT TO SUPREME COURT OF OHIO | $0.00 | |
| 09/15/1999 | ALL PAPERS RETURN FROM SUPREME COURT OF OHIO | $0.00 | |
| 10/18/2007 | ENTRY SCHEDULING STATUS CONFERENCE FILED | $2.00 | Image |
| 11/06/2007 | APPOINTMENT OF ATTORNEY FOR INDIGENT DEFENDANT RANDALL L PORTER, ASST. PUBLIC DEFENDER FOR DEFENDANT VON CLARK DAVIS | $2.00 | Image |
| 11/19/2007 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY ON 12/03/2007 @ 9:00 AM FILED | $6.00 | Image |
| 11/27/2007 | WAIVER OF APPEARANCE OF VON CLARK DAVIS FOR THE NOVEMBER 05, 2007 STATUS CONFERENCE FILED Attorney: PORTER, RANDALL L (0005835) | $4.00 | Image |
| 12/03/2007 | NOTICE OF FILING BY VON CLARK DAVIS FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 12/04/2007 | Time Waiverof Speedy Trial requirements filed | $2.00 | Image |
| 12/04/2007 | Time Waiverof Speedy Trial requirements filed | $4.00 | |
| 12/05/2007 | APPOINTMENT OF TRIAL COUNSEL IN A CAPITAL CASE FILED Attorney: PORTER, RANDALL L (0005835); Attorney: COOK REICH, MELYNDA (0066596) | $2.00 | Image |
| 12/06/2007 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: HEARING Date: 02/04/2008 Time: 2:00 pm Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor | | Image |
| 12/19/2007 | ORDER GRANTING A NEW SENTENCING HEARING FILED | $2.00 | Image |
| 12/21/2007 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY ON 02/04/2008 @ 1:00 PM FILED | $6.00 | Image |
| 02/05/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: MOTION Date: 03/06/2008 Time: 3:00 pm Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor | | Image |
| 02/05/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: MOTION Date: 06/26/2008 Time: 9:00 am Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor Result: VACATED | | Image |
| 02/06/2008 | LETTER TO JUDGE NASTOFF REGARDING VON CLARK DAVIS FILED | $0.00 | Image |
| 02/15/2008 | BON CLARK DAVIS MOTION TO BE HEARD EX PARTE ON MOTIONS FOR APPROPRIATION OF FUNDS Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 02/20/2008 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY ON 03/06 2008 | $6.00 | Image |
| 02/26/2008 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO PERMIT THE | $0.00 | Image |

3/23/2015                                    CourtView Justice Solutions

| | | | |
|---|---|---|---|
| | ACCUSED TO BE HEARD EX PARTE ON APPROPRIATION OF FUNDS FOR EXPERT ASSISTANCE<br>Attorney: EICHEL, DANIEL G (08259)<br>Attorney: OSTER JR Junior, MICHAEL A (0076491) | | |
| 03/14/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: HEARING<br>Date: 03/18/2008   Time: 4:00 pm<br>Judge: NASTOFF, Honorable ANDREW   Location: General Division Court Govt Serv Ctr 3rd floor | | |
| 03/18/2008 | ENTRY REGARDING POTENTIAL THREE-JUDGE PANEL FILED | $4.00 | Image |
| 03/19/2008 | ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A MITIGATION SPECIALIST FILED | $2.00 | Image |
| 03/19/2008 | ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A PRIVATE INVESTIGATOR FILED | $2.00 | Image |
| 03/31/2008 | ENTRY AS TO RELEASE OF INSTITUTIONAL RECORDS FILED | $2.00 | Image |
| 04/03/2008 | ENTRY UNDER SEAL FILED NASTOFF,J | $2.00 | Image |
| 04/03/2008 | ENTRY UNDER SEAL FILED NASTOFF,J | $2.00 | Image |
| 04/10/2008 | VON CLARK DAVIS' MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED Attorney: COOK-REICH, MELYNDA (0066596) | $0.00 | Image |
| 04/15/2008 | VON CLARK DAVIS' AMENDED MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 04/22/2008 | STATE'S MEMORANDUM IN RESPONSE, OPPOSING DEFENDANT'S AMENDED MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER IFLED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 04/23/2008 | NOTICE OF APPEAL OF VON CLARK DAVIS CA2008 04 0111 FILED copy to CA, Appellee & counsel; Judge, CA deputy clerk<br>Attorney: PORTER, RANDALL L (0005835) | $25.00 | Image |
| 05/01/2008 | VON CLARK DAVIS' REPLY IN SUPPORT OF HIS MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED<br>Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/08/2008 | JOURNAL ENTRY FILED | $2.00 | Image |
| 05/16/2008 | VON CLARK DAVIS' MOTION FOR EXTENSION OF TIME TO FILE DEFENDANT'S MOTIONS FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/20/2008 | ENTRY GRANTING MOTION FOR EXTENSION OF TIME FILED | $2.00 | Image |
| 05/22/2008 | JUDGMENT ENTRY FILED | $4.00 | Image |
| 05/27/2008 | VON CLARK DAVIS'S MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (APPENDIX, VOLUME I) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/27/2008 | VON CLARK DAVIS' MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (APPENDIX, VOLUME II) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/27/2008 | VON CLARK DAVIS' MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (EVIDENTIARY HEARING REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/27/2008 | VON CLARK DAVIS' MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE (ORAL ARGUMENT REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/27/2008 | VON CLARK DAVIS'S MOTION TO REQUIRE A SEALED COPY OF THE PROSECUTION'S FILE BE MADE PART OF THE RECORD FILED<br>Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/27/2008 | VAN CLARK DAVIS' MOTION TO DISMISS THE CAPITAL SPECIFICATION CONTAINED IN INDICTMENT (ORAL ARGUMENT REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/28/2008 | STATE'S MOTION FOR CONTINUANCE AND AN EXTENSION OF TIME TO FILE | $0.00 | Image |

3/23/2015                  CourtView Justice Solutions

| | | | |
|---|---|---|---|
| | MOTIONS/MEMORANDA IN RESPONSE TO DEFENDANT'S MOTION FILED 5/27/2008 FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER JR Junior, MICHAEL A (0076491) | | |
| 05/28/2008 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO REQUIRE A SEALED COPY OF THE PROSECUTOR'S FILE TO BE MADE PART OF THE RECORD FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER JR Junior, MICHAEL A (0076491) | $0.00 | Image |
| 05/28/2008 | VON CLARK DAVIS' MOTION TO SUPPRESS PRETRIAL AND TRIAL IDENTIFICATIONS FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/30/2008 | VON CLARK DAVIS' LIMITED DEMAND FOR DISCOVERY FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/30/2008 | VON CLARK DAVIS' MOTION FOR PRE-TRIAL DISCLOSURE OF POLICE REPORTS AND WITNESS STATEMENTS FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 05/30/2008 | VON CLARK DAVIS' MOTION TO COMPEL LAW ENFORCEMENT OFFICIALS TO PROVIDE THE PROSECUTING ATTORNEY WITH ALL THE INFORMATION ACQUIRED DURING THE COURSE OF THEIR INVESTIGATION FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 06/04/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: HEARING Date: 06/12/2008 Time: 3:00 pm Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor | | |
| 06/04/2008 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM STATE PENITENTIARY FILED | $6.00 | Image |
| 06/13/2008 | VON CLARK DAVIS' FIRST NOTICE OF ADDITIOAL AUTHORITY (EVIDENTIARY HEARING REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) (FAX COPY) | $0.00 | Image |
| 06/16/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: The following event: MOTION scheduled for 06/26/2008 at 9:00 am has been rescheduled as follows: Event: MOTION Date: 08/27/2008 Time: 9:00 am Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor | | Image |
| 06/27/2008 | VON CLARK DAVIS' MEMORANDUM CONCERNING HIS RIGHT TO A JURY TRIAL WITH RESPECT TO RESENTENCING (EVIDENTIARY HEARING REQUESTED PLEADING L) FILED Attorney: PORTER, RANDALL L (0005835) (FAX COPY) | $0.00 | Image |
| 06/27/2008 | VON CLARK DAVIS' MOTION TO SUPPRESS PRETRIAL AND TRIAL IDENTIFICATION (EVIDENTIARY HEARING REQUESTED PLEADING K) FILED Attorney: PORTER, RANDALL L (0005835) (FAX COPY) | $0.00 | Image |
| 06/30/2008 | VON CLARK DAVIS' MOTION FOR FUNDING TO RETAIN DR. MARK HEATH, M.D. (ORAL ARGUMENT REQUESTED PLEADING N) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 06/30/2008 | VON CLARK DAVIS' MOTION TO PRECLUDE THE STATE FROM SEEKING THE DEATH PENALTY (ORAL ARGUMENT REQUESTED PLEADING M) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 06/30/2008 | VON CLARK DAVIS' MOTION TO TRANSCRIBE THE GRAND JURY PROCEEDINGS (ORAL ARGUMENT REQUESTED PLEADING O) FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDATN'S MEMORANDUM "L" "CONCERNING RIGHT TO A JURY TRIAL WITH RESPECT TO RESENTENCING" [sic] FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | MEMORANDUM IN OPPOSITION TO PRECLUDE USE OF DEATH PENALTY FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "M" TO PRECLUDE THE STATE FROM SEEKING THE DEATH PENALTY FILED Attorney: EICHEL, DANIEL G (0800259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM "O" IN OPPOSITION TO DEFENDANT'S MOTION FOR A PRE-TRIAL COPY OF THE TRANSCRIPT OF GRAND JURY PROCEEDINGS FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM "N" IN OPPOSITION TO DEFENDANT'S MOTION FOR | $0.00 | Image |

3/23/2015                CourtView Justice Solutions

| | | | |
|---|---|---|---|
| 07/25/2008 | STATE'S MEMORANDUM "N" IN OPPOSITION TO DEFENDANT'S MOTION FOR FUNDING TO RETAIN AN EXPERT FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "I" FOR PRE-TRIAL DISCLOSURE OF POLICE REPORTS AND WITNESS STATEMENTS FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S SUPPLEMENTAL DISCOVERY "H" FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MOTION TO STRIKE AND MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTIONS TO SUPPRESS PRETRIAL AND TRIAL IDENTIFICATIONS [DESIGNATED MOTION "G" AND "K"] FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "F" TO DISMISS THE CAPITAL SPECIFICATION CONTAINED IN THE INDICTMENT FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM "D" IN RESPONSE TO DEFENDANT'S MOTION FOR EXCULPATORY EVIDENCE FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/25/2008 | STATE'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION "J" TO COMPEL LAW ENFORCEMENT OFFICIALS TO PROVIDE THE PROSECUTING ATTORNEY WITH ALL THE INFORMATION ACQUIRED DURING THE COURSE OF INVESTIGATION FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 07/28/2008 | VON CLARK DAVIS' NOTICE OF INTENT TO APPEAL TO THE OHIO SUPREME COURT FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 08/22/2008 | Issue Date: 08/22/2008<br>Service: SUBPOENA BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: QUILAN, JASON<br>Cost Per: $    1.00<br><br>HAMILTON POLICE DEPT<br>CUSTODIAN OF RECORDS<br>331 SOUTH FRONT ST<br>HAMILTON, OH 45011<br>Tracking No: C000059533<br><br>COLEMAN, WADE<br><br>HAMILTON, OH 45011<br>Tracking No: C000059534<br><br>WILLIAMS, RONNIE D<br><br>HAMILTON, OH 45013<br>Tracking No: C000059535<br><br>BRYANT, MONA ALDRIDGE<br><br>MIDDLETOWN, OH 45044<br>Tracking No: C000059536<br><br>LOVETT, MARK<br><br>MIDDLETOWN, OH 45044<br>Tracking No: C000059537<br><br>DENMARK, COZETTA MASSEY<br><br>CINTI, OH 45204<br>Tracking No: C000059538<br><br>MCCREARY, JODAWNA SOUTHERN<br><br>CINCINNATI, OH 45231<br>Tracking No: C000059539 | $8.00 | Image |

3/23/2015                                    CourtView Justice Solutions

DENMARK, REGINALD

CINCINNATI, OH 45214
Tracking No: C000059540

| Date | Description | Amount | |
|------|-------------|--------|---|
| 08/22/2008 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 08/22/2008 12:55:32 | $1.00 | Image |
| 08/22/2008 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 08/22/2008 12:55:43 | $1.00 | |
| 08/25/2008 | STATE'S SUPPLEMENTAL AUTHORITY FOR MOTION 'C' FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 08/25/2008 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY FOR A MOTION HEARING ON 08/27/2008 @ 9:00 AM FILED | $6.00 | Image |
| 08/25/2008 | STATE'S NOTICE OF ADDITIONAL AUTHORITY RE: DEFENDANT'S MOTIONS F, G, I, J, K & L FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : BRYANT, MONA ALDRIDGE<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059536 | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : HAMILTON POLICE DEPT<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059533 | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : COLEMAN, WADE<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000059534 | $0.00 | Image |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/22/2008<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 08/23/2008<br>Return : 08/26/2008<br>On : MCCREARY, JODAWNA SOUTHERN<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment : | $0.00 | Image |

3/23/2015                                    CourtView Justice Solutions

| | Tracking #: C000059539 | | |
|---|---|---|---|
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method   : SERVICE BY PROCESS SERVER<br>Issued     : 08/22/2008<br>Service   : SUBPOENA BY PROCESS SERVER<br>Served    : 08/23/2008<br>Return    : 08/26/2008<br>On       : DENMARK, REGINALD<br>Signed By :<br><br>Reason   : PROCESS SERVICE SUCCESSFUL<br>Comment  : | $0.00 | Image |
| | Tracking #: C000059540 | | |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method   : SERVICE BY PROCESS SERVER<br>Issued     : 08/22/2008<br>Service   : SUBPOENA BY PROCESS SERVER<br>Served    : 08/26/2008<br>Return    : 08/26/2008<br>On       : WILLIAMS, RONNIE D<br>Signed By :<br><br>Reason   : PROCESS SERVICE SUCCESSFUL<br>Comment  : | $0.00 | Image |
| | Tracking #: C000059535 | | |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method   : SERVICE BY PROCESS SERVER<br>Issued     : 08/22/2008<br>Service   : SUBPOENA BY PROCESS SERVER<br>Served    : 08/23/2008<br>Return    : 08/26/2008<br>On       : DENMARK, COZETTA MASSEY<br>Signed By :<br><br>Reason   : PROCESS SERVICE SUCCESSFUL<br>Comment  : | $0.00 | Image |
| | Tracking #: C000059538 | | |
| 08/26/2008 | PROCESS SERVICE SUCCESSFUL.<br>Method   : SERVICE BY PROCESS SERVER<br>Issued     : 08/22/2008<br>Service   : SUBPOENA BY PROCESS SERVER<br>Served    : 08/23/2008<br>Return    : 08/26/2008<br>On       : LOVETT, MARK<br>Signed By :<br><br>Reason   : PROCESS SERVICE SUCCESSFUL<br>Comment  : | $0.00 | Image |
| | Tracking #: C000059537 | | |
| 08/28/2008 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: MOTION<br>Date: 10/10/2008   Time: 1:30 pm<br>Judge: NASTOFF, Honorable ANDREW   Location: General Division Court Govt Serv Ctr 3rd<br>floor<br><br>Result: VACATED | | Image |
| 08/28/2008 | VON CLARK DAVIS' NOTICE OF FILING OF EXHIBITS IN SUPPORT OF MOTION O<br>FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 08/28/2008 | VON CLARK DAVIS' NOTICE OF FILING OF ADDITIONAL AUTHORITY IN SUPPORT OF<br>PLEADING P FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 08/29/2008 | ORDER FOR TRANSPORT TO HEARING FROM OHIO STATE<br>PENITENTIARY FOR A MOTION HEARING ON 10/10/2008 @ 1:30 PM FILED | $6.00 | Image |
| 09/09/2008 | VON CLARK DAVIS' NOTICE OF FILING OF ADDITIONAL AUTHORITY IN SUPPORT OF<br>PLEADING M FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |

3/23/2015               CourtView Justice Solutions

| Date | Description | Amount | |
|---|---|---|---|
| 09/17/2008 | VON CLARK DAVIS' MOTION FOR A TWO DAY EXTENSION FOR THE PARTIES TO SUBMIT BRIEFING ON THE RIPENESS ISSUE FILED | $0.00 | Image |
| | Attorney: PORTER, RANDALL L (0005835) (FAX COPY) | | |
| 09/19/2008 | VON CLARK DAVIS' BRIEFING ON THE ISSUE OF RIPENESS FILED Attorney: PORTER, RANDALL L (0005835) | | Image |
| 09/19/2008 | SUPPLEMENTAL MEMORANDUM BY STATE IN OPPOSITION TO DEFENDANT'S MOTION "P" TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BY LETHAL INJECTION FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 09/30/2008 | ORDER GRANTING MOTION FOR A TWO DAY EXTENSION FOR THE PARTIESTO SUBMIT BRIEFING ON THE RIPENESS ISSUE FILED (FAX COPY) | $2.00 | Image |
| 10/02/2008 | MOTION TO PROVIDE DISCOVERY FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 10/08/2008 | VON CLARK DAVIS' WAIVER OF ORAL RAGUMENT SET FOR OCTOBER 10, 2008 FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 10/08/2008 | VON CLARK DAVIS' WAIVER OF ORAL ARGUMENT SET FOR OCTOBER 10, 2008 FILED Attorney: PORTER, RANDALL L (0005835) | $2.00 | Image |
| 10/09/2008 | MOTION TO VACATE HEARING AND TRANSPORT ORDER FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 10/10/2008 | VON CLARK DAVIS' MOTION TO REQUIRE THE BUTLER COUNTY SHERIFF TO CONVEY MR. DAVIS FOR TESTING AND TO MAKE THE APPROPRIATE ACCOMMODATIONS FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 10/13/2008 | ENTRY AND ORDER ALLOWING NEUROPSYCHOLOGIST ACCESS TO DEFENDANT LOCATED AT BUTLER COUNTY JAIL FILED | $4.00 | Image |
| 10/15/2008 | ORDER TO VACATE HEARING AND TRANSPORT ORDER FILED | $2.00 | Image |
| 11/07/2008 | MOTION "Q" VAN CLARK DAVIS' RESPONSE TO DISCOVERY FILED Attorney: PORTER, RANDALL L (0005835); Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 11/07/2008 | MOTION "S" VON CLARK DAVIS' MOTION FOR TO CONTINUE THE DECEMBER 15, 2008 SENTENCING HEARING FILED Attorney: PORTER, RANDALL L (0005835); Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 11/07/2008 | MOTION "R" VON CLARK DAVIS' SECOND MOTION TO BE HEARD EX PARTE ON FUNDING ISSUES FILED Attorney: PORTER, RANDALL L (0005835) Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 11/13/2008 | STATE'S RESPONSE TO DEFENDANT'S MOTION FOR CONTINUANCE FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 11/18/2008 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY FOR A MOTION HEARING ON 11/24/2008 @ 9:00 AM FILED | $6.00 | Image |
| 11/24/2008 | PRETRIAL COURT JOURNAL ORDER | $2.00 | Image |
| 12/11/2008 | VON CLARK DAVIS' RENEWED MOTION TO STAY THE COURT'S MARCH 31, 2008 ORDER FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 12/29/2008 | ENTRY JOURNALIZING DECISION ON MOTIONS FILED BY DEFENDANT FILED | $64.00 | Image |
| 02/06/2009 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY FOR A SENTENCE HEARING ON 05/11/2009 @ 8:30 AM FILED | $6.00 | Image |
| 03/12/2009 | MOTION FOR ORDER OR SANCTIONS UNDER CRIM.R. 16(E)(3) FOR DEFENSE NON-DISCLOSURE OF DISCOVERABLE MATTERS FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 03/17/2009 | MOTION IN LIMINE FOR ORDER AS TO PROCEDURE TO BE FOLLOWED FOR CONSIDERATION OF EVIDENCE ADMITTED AT 1984 "GUILT-PHASE" TRIAL FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 03/24/2009 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: MOTION Date: 04/02/2009    Time: 1:30 pm Judge: NASTOFF, Honorable ANDREW    Location: General Division Court Govt Serv Ctr 3rd floor Result: RESET HEARING | | |
| 03/24/2009 | VON CLARK DAVIS' ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596) (FAX COPY) | $0.00 | Image |

3/23/2015                CourtView Justice Solutions

| Date | Description | Amount | |
|---|---|---|---|
| 03/25/2009 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY FOR A MOTION HEARING ON 04/02/2009 @ 8:30 AM FILED | $6.00 | Image |
| 03/26/2009 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: The following event: MOTION scheduled for 04/02/2009 at 1:30 pm has been rescheduled as follows: Event: MOTION Date: 04/08/2009  Time: 10:00 am Judge: NASTOFF, Honorable ANDREW   Location: General Division Court Govt Serv Ctr 3rd floor | | |
| 03/30/2009 | TRANSCRIPT REQUEST FILED | $0.00 | Image |
| 04/02/2009 | TRANSCRIPT OF PROCEEDING MOTION HEARING ON AUGUST 28, 2008 FILED | $3.00 | Image |
| 04/02/2009 | TRANSCRIPT OF PROCEEDING MOTION HEARING ON AUGUST 27, 2008 FILED | $3.00 | Image |
| 04/02/2009 | VON CLARK DAVIS' MOTION TO EXTEND THE TIME TO ANSWER THE STATE'S MOTION IN LIMINE FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 04/03/2009 | TRANSCRIPT REQUEST FILED | $0.00 | Image |
| 04/06/2009 | VON CLARK DAVIS' MEMORANDUM CONTRA TO THE STATE'S MOTION IN LIMINE FILED Attorney: PORTER, RANDALL L (0005835); Attorney: COOK REICH, MELYNDA (0066596) (FAX COPY) | $0.00 | Image |
| 04/07/2009 | STATE'S SUPPLEMENTAL DISCOVERY FILED Attorney: EICHEL, DANIEL G (0008259) | $0.00 | Image |
| 04/08/2009 | STATE'S REPLY: MEMORANDUM TO THE DEFENDANT'S MEMORANDUM CONTRA THE STATE'S MOTION IN LIMINE RE: PROCEDURE FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER Junior, MICHAEL A (0076491) | | Image |
| 04/08/2009 | VON CLARK DAVIS' NOTICE OF FILING FILED Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 04/08/2009 | NOTICE OF COUNSEL'S CHANGE OF ADDRESS FILED Attorney: PORTER, RANDALL L (0005835) | $0.00 | Image |
| 04/09/2009 | MOTION AND CERTIFICATION BY COURT REPORTER FOR TRANSCRIPTION FEES FILED | $0.00 | Image |
| 04/09/2009 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE $1,252.50\Ct.Reprtr | $2.00 | Image |
| 04/09/2009 | CERTIFICATE \ TRANSCRIPT FEES $1,252.50, filed (amount +$2.in line 3) (certifed copies>Auditor) | $2.00 | Image |
| 04/09/2009 | TRANSCRIPT FEE | $1,252.50 | |
| 04/13/2009 | STATE'S SUPPLEMENTAL DISCOVERY (4/13/2009) FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 04/20/2009 | VON CLARK DAVIS' NOTICE OF FILING # 3 FILED Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 04/20/2009 | VON CLARK DAVIS' OBJECTIONS TO THE COURT'S PROPOSED PROCEDURES CONCERNING THE TRIAL PHASE TESTIMONY AND EVIDENCE FILED Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 04/21/2009 | VON CLARK DAVIS' SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596); Attorney: PORTER, RANDALL (0005835) (FAX) | $0.00 | Image |
| 04/21/2009 | VON CLARK DAVIS' MOTION TO FILE RECORDS UNDER SEAL FILED Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 04/24/2009 | EXHIBIT (EMAIL FROM JUDGES) FILED | $0.00 | Image |
| 04/27/2009 | VON CLARK DAVIS' NOTICE OF FILING UNDER SEAL FILED Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 04/27/2009 | ENTRY GRANTING MOTION TO FILE RECORDS UNDER SEAL FILED | $2.00 | |
| 04/30/2009 | Issue Date:  04/30/2009 Service:  SUBPOENA  BY RESIDENCE SERVICE Method:  SERVICE BY SHERIFF OF BUTLER COUNTY | $8.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6189

3/23/2015                              CourtView Justice Solutions

Cost Per: $    2.00

FURMON, CHARLES R
███████████
HAMILTON, OH 45013
Tracking No: C000190277

CARPENTER, RICHARD R
███████████
HAMILTON, OH 45011
Tracking No: C000190278

BRANDABUR, Dr JOSEPH H
BUTLER COUNTY CORONER'S OFFICE
200 N "F" STREET
HAMILTON, OH 45011
Tracking No: C000190279

CUNNINGHAM, LESLIE
███████████
TROTWOOD, OH 45246
Tracking No: C000190280

| | | | |
|---|---|---|---|
| 04/30/2009 | PRECIPE FILED AND SUBPOENA BY RESIDENCE SERVICE ISSUED.<br><br>SUBPOENA BY RESIDENCE SERVICE<br>Sent on: 04/30/2009 13:06:14 | $1.00 | Image |
| 04/30/2009 | STATE'S SUPPLEMENTAL DISCOVERY FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 04/30/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 04/30/2009 | DEFENDANT'S NOTICE OF WITHDRAWAL OF MOTION TO FILE RECORDS UNDER SEAL FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/01/2009 | RETURN: RESIDENCE SERVICE UPON :<br>  Method  : SERVICE BY SHERIFF OF BUTLER COUNTY<br>  Issued   : 04/30/2009<br>  Service  : SUBPOENA BY RESIDENCE SERVICE<br>  Served   : 05/01/2009<br>  Return   : 05/01/2009<br>  On         : CUNNINGHAM, LESLIE<br>  Signed By :<br><br>  Reason   : RESIDENCE SERVICE SUCCESSFUL<br>  Comment  : MAILED OUT<br><br>  Tracking #: C000190280 | $7.50 | Image |
| 05/04/2009 | TRANSCRIPT REQUEST FILED | $0.00 | Image |
| 05/05/2009 | STATE'S SUPPLEMENTAL DISCOVERY (5/5/09) FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 05/06/2009 | Issue Date: 05/06/2009<br>Service: SUBPOENA BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per: $    5.00<br><br>SMITH, CAROL A<br>███████████<br>FOREST PARK, OH 45240<br>Tracking No: C000067043<br><br>DAVIS, ELLIOT BUTCH<br>███████████<br>HAMILTON, OH 45011 | $5.00 | Image |

3/23/2015                                    CourtView Justice Solutions

Tracking No: C000067044

NOWACK, SCOTT
C/O OHIO STATE PENITENTIARY
878 COITSVILLE HUBBARD RD
YOUNGSTOWN, OH 44505
Tracking No: C000067045

TIPTON, CHARLES

CINCINNATI, OH 45240
Tracking No: C000067046

DAVIS, VICTOR L

HAMILTON, OH 45011
Tracking No: C000067047

TIPTON, ALLUSTER

FOREST PARK, OH 45240
Tracking No: C000067048

DAVIS, SHERRY

FOREST PARK, OH 45240
Tracking No: C000067049

| | | | |
|---|---|---|---|
| 05/06/2009 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 05/06/2009 13:13:14 | $1.00 | Image |
| 05/07/2009 | Issue Date: 05/07/2009<br>Service: SUBPOENA BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per: $ 5.00<br><br>NOWACK, SCOTT<br>C/O OHIO STATE PENITENTIARY<br>878 COITSVILLE HUBBARD RD<br>YOUNGSTOWN, OH 44505<br>Tracking No: C000067059 | $5.00 | Image |
| 05/07/2009 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 05/07/2009 09:28:43 | $1.00 | Image |
| 05/07/2009 | Issue Date: 05/07/2009<br>Service: SUBPOENA BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per: $ 5.00<br><br>ROTUNDO, RICK<br><br>LOVELAND, OH 45140<br>Tracking No: C000067072<br><br>FLOWERS, DELBERT<br><br>GAITHERSBURG, MD 20878<br>Tracking No: C000067073 | $5.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6191

3/23/2015                                    CourtView Justice Solutions

MAUSSEN, CYNTHIA
ADULT PAROLE AUTHORITY
770 WEST BROAD ST
COLUMBUS, OH  43215
Tracking No: C000067074

| Date | Description | Amount | |
|---|---|---|---|
| 05/07/2009 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 05/07/2009 14:17:28 | $1.00 | Image |
| 05/07/2009 | ENTRY APPOINTING SPECIAL PROCESS SERVER FILED | $2.00 | Image |
| 05/07/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED<br>Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/08/2009 | Issue Date: 05/08/2009<br>Service: SUBPOENA BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per: $    5.00<br><br><br>STINEMAN, JEROME<br>GRANDIN HOUSE<br>STE 601<br>2101 GRANDIN RD<br>CINCINNATI, OH  45208<br>Tracking No: C000067120 | $5.00 | Image |
| 05/08/2009 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 05/08/2009 14:38:11 | $1.00 | Image |
| 05/08/2009 | DEFENDANT'S MOTION IN LIMINE FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/08/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED<br>Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 05/08/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED<br>Attorney: COOK REICH, MELYNDA (0066596)  (FAX) | $0.00 | Image |
| 05/11/2009 | RETURN: RESIDENCE SERVICE UPON :<br>Method      : SERVICE BY SHERIFF OF BUTLER COUNTY<br>Issued      : 04/30/2009<br>Service     : SUBPOENA BY RESIDENCE SERVICE<br>Served      : 05/04/2009<br>Return      : 05/11/2009<br>On          : BRANDABUR, Dr JOSEPH H<br>Signed By :<br><br>Reason     : RESIDENCE SERVICE SUCCESSFUL<br>Comment   : SUB SERVED UPON: SALLY POYNTER<br><br>Tracking #: C000190279 | $8.00 | Image |
| 05/11/2009 | RETURN-PERSONAL SERVICE OF DOCUMENTS UPON :<br>Method     : SERVICE BY SHERIFF OF BUTLER COUNTY<br>Issued     : 04/30/2009<br>Service    : SUBPOENA BY RESIDENCE SERVICE<br>Served     : 05/05/2009<br>Return     : 05/11/2009<br>On         : CARPENTER, RICHARD R<br>Signed By :<br><br>Reason    : PERSONAL SERVICE SUCCESSFUL<br>Comment  :<br><br>Tracking #: C000190278 | $9.50 | Image |
| 05/11/2009 | RETURN-PERSONAL SERVICE OF DOCUMENTS UPON :<br>Method     : SERVICE BY SHERIFF OF BUTLER COUNTY<br>Issued     : 04/30/2009<br>Service    : SUBPOENA BY RESIDENCE SERVICE | $9.50 | Image |

3/23/2015                          CourtView Justice Solutions

Served    : 05/04/2009
Return    : 05/11/2009
On        : FURMON, CHARLES R
Signed By :

Reason    : PERSONAL SERVICE SUCCESSFUL
Comment   :

Tracking #: C000190277

| 05/11/2009 | ENTRY FILED | $2.00 | Image |
|---|---|---|---|
| 05/12/2009 | TRANSCRIPT REQUEST FILED | $0.00 | Image |
| 05/13/2009 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: PRETRIAL CONFERENCE HEARING<br>Date: 09/03/2009  Time: 11:00 am<br>Judge: NASTOFF, Honorable ANDREW   Location: General Division Court Govt Serv Ctr 3rd<br>floor | | Image |
| 05/13/2009 | PROCESS SERVICE SUCCESSFUL.<br>Method    : SERVICE BY PROCESS SERVER<br>Issued    : 05/07/2009<br>Service   : SUBPOENA  BY PROCESS SERVER<br>Served    : 05/08/2009<br>Return    : 05/13/2009<br>On        : NOWACK, SCOTT<br>Signed By :<br><br>Reason    : PROCESS SERVICE SUCCESSFUL<br>Comment   :<br><br>Tracking #: C000067059 | $0.00 | Image |
| 05/13/2009 | PROCESS SERVICE SUCCESSFUL.<br>Method    : SERVICE BY PROCESS SERVER<br>Issued    : 05/07/2009<br>Service   : SUBPOENA  BY PROCESS SERVER<br>Served    : 05/08/2009<br>Return    : 05/13/2009<br>On        : MAUSSEN, CYNTHIA<br>Signed By :<br><br>Reason    : PROCESS SERVICE SUCCESSFUL<br>Comment   :<br><br>Tracking #: C000067074 | $0.00 | Image |
| 05/19/2009 | TRANSCRIPT OF PROCEEDING MOTION HEARING APRIL 8, 2009 FILED | $3.00 | Image |
| 05/22/2009 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE<br>PENITENTIARY FOR A PRE-TRIAL CONFERENCE ON 09/03/2009 @ 9:00 AM FILED | $6.00 | Image |
| 06/03/2009 | MOTION AND CERTIFICATION BY COURT REPORTER FOR TRANSCRIPTION FEES<br>FILED | $0.00 | Image |
| 06/03/2009 | CERTIFICATE \ TRANSCRIPT FEES $450.00, filed (amount +$2.in line 3) (certifed<br>copies>Auditor) | $2.00 | Image |
| 06/03/2009 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE $450.00\Ct.Reprtr | $2.00 | Image |
| 06/03/2009 | TRANSCRIPT FEE | $450.00 | |
| 08/05/2009 | VON CLARK DAVIS' MOTION TO EXPEDITE RULING FILED Attorney: COOK REICH,<br>MELYNDA (0066596) | $0.00 | Image |
| 08/19/2009 | Issue Date: 08/19/2009<br>Service: SUBPOENA  BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: ATTORNEY<br>Cost Per: $    5.00<br><br>NOWACK, SCOTT<br>C/O OHIO STATE PENITENTIARY<br>878 COITSVILLE HUBBARD RD<br>YOUNGSTOWN, OH  44505<br>Tracking No: C000070523 | $5.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6193

3/23/2015                              CourtView Justice Solutions

Tracking No: C000070523

MAUSSER, CYNTHIA
C/O OHIO PAROLE BOARD
770 WEST BROAD ST
COLUMBUS, OH 43222
Tracking No: C000070524

| | | | |
|---|---|---|---|
| 08/19/2009 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 08/19/2009 11:31:20 | $1.00 | Image |
| 08/19/2009 | Issue Date: 08/19/2009<br>Service: SUBPOENA BY CERTIFIED MAIL<br>Method: SERVICE BY CERTIFIED MAIL<br>Cost Per: $    8.00<br><br><br>SMITH, CAROL A<br><br>FOREST PARK, OH 45240<br>Tracking No: L000198274<br><br><br>STINEMAN, JEROME<br>GRANDIN HOUSE STE 601<br>2101 GRANDIN RD<br>CINCINNATI, OH 45208<br>Tracking No: L000198275<br><br><br>TIPTON, ALLUSTER<br><br>FOREST PARK, OH 45240<br>Tracking No: L000198276<br><br><br>DAVIS, SHERRY<br><br>FOREST PARK, OH 45240<br>Tracking No: L000198277<br><br><br>ROTUNDO, RICK<br><br>LOVELAND, OH 45140<br>Tracking No: L000198278 | $40.00 | Image |
| 08/19/2009 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY CERTIFIED MAIL<br>Sent on: 08/19/2009 11:52:16 | $1.00 | Image |
| 08/19/2009 | Issue Date: 08/19/2009<br>Service: CRIMINAL SUBPOENA BY SHERIFF<br>Method: SERVICE BY SHERIFF OF BUTLER COUNTY<br>Cost Per: $    2.00<br><br><br>DAVIS, VICTOR<br><br>HAMILTON, OH 45013<br>Tracking No: C000197157<br><br><br>DAVIS, ELLIOT BUTCH<br><br>HAMILTON, OH 45011<br>Tracking No: C000197158 | $4.00 | Image |
| 08/19/2009 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY SHERIFF | $1.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6194

3/23/2015                                    CourtView Justice Solutions

Sent on: 08/19/2009 12:20:07

| 08/19/2009 | OUT OF STATE WITNESS APPLICATION FILED<br>Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
|---|---|---|---|
| 08/21/2009 | STATE'S SUPPLEMENTAL DISCOVERY FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 08/26/2009 | STATE'S SUPPLEMENTAL DISCOVERY (08/26/2009) FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 08/28/2009 | Issue Date: 08/28/2009<br>Service: SUBPOENA BY PROCESS SERVER<br>Method: SERVICE BY PROCESS SERVER<br>Provider: PROSECUTOR'S OFFICE<br>Cost Per: $    5.00<br><br><br>FURMON, CHARLES R<br><br>HAMILTON, OH  45013<br>Tracking No: C000070886<br><br><br>LINK, LISA<br><br>CINTI, OH  45239<br>Tracking No: C000070887<br><br><br>BRANDABUR, Dr JOSEPH H<br>BUTLER COUNTY CORONER'S OFFICE<br>200 N "F" STREET<br>HAMILTON, OH  45011<br>Tracking No: C000070888 | $5.00 | Image |
| 08/28/2009 | PRECIPE FILED SUBPOENA ISSUED.<br><br>SUBPOENA BY PROCESS SERVER<br>Sent on: 08/28/2009 09:04:30 | $1.00 | Image |
| 08/28/2009 | CERTIFICATE UNDER UNIFORM ACT TO SECURE THE ATTENDANCE OF WITNESS FROM WITHOUT A STATE IN CRIMINAL PROCEEDINGS FILED | $4.00 | Image |
| 08/31/2009 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method   : SERVICE BY CERTIFIED MAIL<br>Issued    : 08/19/2009<br>Service   : SUBPOENA BY CERTIFIED MAIL<br>Served    : 08/20/2009<br>Return    : 08/31/2009<br>On        : ROTUNDO, RICK<br>Signed By : RICK ROTUNDO<br><br>Reason   : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment  :<br><br>Tracking # : L000198278 | $0.00 | Image |
| 08/31/2009 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method   : SERVICE BY CERTIFIED MAIL<br>Issued    : 08/19/2009<br>Service   : SUBPOENA BY CERTIFIED MAIL<br>Served    : 08/20/2009<br>Return    : 08/31/2009<br>On        : TIPTON, ALLUSTER<br>Signed By : ALLUSTER TIPTON<br><br>Reason   : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment  :<br><br>Tracking # : L000198276 | $0.00 | Image |
| 08/31/2009 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method   : SERVICE BY CERTIFIED MAIL<br>Issued    : 08/19/2009<br>Service   : SUBPOENA BY CERTIFIED MAIL<br>Served    : 08/20/2009 | $0.00 | Image |

3/23/2015                              CourtView Justice Solutions

| | | | |
|---|---|---|---|
| | Return : 08/31/2009<br>On : DAVIS, SHERRY<br>Signed By : SHERRY DAVIS<br><br>Reason : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking # : L000198277 | | |
| 08/31/2009 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method : SERVICE BY CERTIFIED MAIL<br>Issued : 08/19/2009<br>Service : SUBPOENA BY CERTIFIED MAIL<br>Served : 08/20/2009<br>Return : 08/31/2009<br>On : SMITH, CAROL A<br>Signed By : ALLUSTER TIPTON<br><br>Reason : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking # : L000198274 | $0.00 | Image |
| 08/31/2009 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method : SERVICE BY CERTIFIED MAIL<br>Issued : 08/19/2009<br>Service : SUBPOENA BY CERTIFIED MAIL<br>Served : 08/20/2009<br>Return : 08/31/2009<br>On : STINEMAN, JEROME<br>Signed By : ILLEGIBLE<br><br>Reason : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking # : L000198275 | $0.00 | Image |
| 08/31/2009 | STATE'S SUPPLEMENTAL DISCOVERY (8/31/2009) FILED Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 08/31/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 09/02/2009 | FAILURE OF RESIDENCE SERVICE ON:<br>Method : SERVICE BY SHERIFF OF BUTLER COUNTY<br>Issued : 08/19/2009<br>Service : CRIMINAL SUBPOENA BY SHERIFF<br>Served :<br>Return : 09/02/2009<br>On : DAVIS, ELLIOT BUTCH<br>Signed By :<br><br>Reason : FAILURE OF RESIDENCE SERVICE<br>Comment : BAD ADDRESS, DOES NOT EXIST<br><br>Tracking # : C000197158 | $8.00 | Image |
| 09/02/2009 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/28/2009<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 09/02/2009<br>Return : 09/02/2009<br>On : LINK, LISA<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking # : C000070887 | $0.00 | Image |
| 09/02/2009 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/28/2009<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 09/02/2009<br>Return : 09/02/2009 | $0.00 | Image |

VON CLARK DAVIS v. WARDEN<br>CASE NO. 2:16-cv-00495<br>APPENDIX - Page 6196

3/23/2015                                        CourtView Justice Solutions

|  |  |  |  |
|---|---|---|---|
| | On ; BRANDABUR, Dr JOSEPH H<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000070888 | | |
| 09/02/2009 | PROCESS SERVICE SUCCESSFUL.<br>Method : SERVICE BY PROCESS SERVER<br>Issued : 08/28/2009<br>Service : SUBPOENA BY PROCESS SERVER<br>Served : 09/02/2009<br>Return : 09/02/2009<br>On : FURMON, CHARLES R<br>Signed By :<br><br>Reason : PROCESS SERVICE SUCCESSFUL<br>Comment :<br><br>Tracking #: C000070886 | $0.00 | Image |
| 09/03/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED<br>Attorney: COOK REICH, MELYNDA (0066596) | $0.00 | Image |
| 09/04/2009 | ENTRY GRANTING FUNDS FOR OUT OF STATE WITNESS APPEARANCE FILED | $2.00 | Image |
| 09/04/2009 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED<br>Attorney: COOK REICH, MELYNDA (0066596);Attorney: PORTER, RANDALL (0005835)<br>(FAX) | $0.00 | Image |
| 09/08/2009 | VON CLARK DAVIS EXHIBIT LIST FILED Attorney: COOK REICH, MELYNDA (0066596);<br>Attorney: PORTER, RANDALL (0005835) | $0.00 | Image |
| 09/09/2009 | RETURN-PERSONAL SERVICE OF DOCUMENTS UPON :<br>Method : SERVICE BY SHERIFF OF BUTLER COUNTY<br>Issued : 08/19/2009<br>Service : CRIMINAL SUBPOENA BY SHERIFF<br>Served : 08/25/2009<br>Return : 09/09/2009<br>On : DAVIS, VICTOR<br>Signed By :<br><br>Reason : PERSONAL SERVICE SUCCESSFUL<br>Comment : BY: KIM PREWITT #1434 (BCSO)<br><br>Tracking # : C000197157 | $7.50 | Image |
| 09/11/2009 | VERDICT FORM FILED | $0.00 | Image |
| 09/21/2009 | JUDGMENT SENTENCING VON CLARK DAVIS TO OHIO DEPT OF CORRECTIONS<br>REHABILITATION | $2.00 | Image |
| 09/21/2009 | "STENOGRAPHER" (TAPE TRANSCRIPTION) FEE | $25.00 | |
| 09/21/2009 | Taking or receiving prisoner before the judge. | $30.00 | |
| 09/21/2009 | SENTENCING OPINION FILED | $24.00 | Image |
| 09/22/2009 | FILING IN COURT OF APPEALS AND NOTIFICATION TO SUPREME COURT OF<br>JUDGMENT ENTRY OF CONVICTION AND SENTENCING OPINION FILED NASTOFF,<br>PATER,SPAETH, JUDGES | $2.00 | Image |
| 09/23/2009 | UPS TRACKING INFORMATION; PROOF OF DELIVERY | $0.00 | Image |
| 10/12/2009 | DEFENDANT ON PROBATION OR INCARCERATED, COSTS TO BE COLLECTED BY<br>PROBATION. | | |
| 10/22/2009 | TRANSCRIPT REQUEST FILED | $0.00 | Image |
| 11/02/2009 | REQUEST FOR COURT PAID EXPERTS AND/OR EXPENSES $487.50 FILED | $2.00 | Image |
| 01/08/2010 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES $16,519.25 & AFFIDAVIT<br>OF INDIGENCY FILED,for atty.: MELYNDA COOK | $2.00 | Image |
| 01/08/2010 | Indigent Application Fee (OPD-206R) ORC 120.36 | $25.00 | |
| 01/26/2010 | DEFENDANT'S MOTION FOR APPOINTMENT AND MOTION TO ALLOW APPEARANCE | $0.00 | Image |

3/23/2015                                    CourtView Justice Solutions

| | | | |
|---|---|---|---|
| | PRO HAC VICE FILED<br>Attorney: KOMP, LAURENCE (0060142) (FAX) | | |
| 01/27/2010 | REQUEST FOR COURT PAID EXPERTS AND/OR EXPENSES $17,862.00 FILED | $2.00 | Image |
| 02/11/2010 | ORDER GRANTS DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL AND<br>MOTION TO ALLOW APPEARANCE PRO HAC VICE FILED (FAX) | $2.00 | Image |
| 03/26/2010 | ENTRY DEFENDANT'S MOTION FOR THE APPROPRIATION OF FUNDS FOR A<br>PSYCHOLOGIST(APRIL 3, 2008) BE REFILED UNDER SEAL FILED NASTOFF,J | $2.00 | Image |
| 03/26/2010 | ENTRY DEFENDANT'S MOTION FOR THE APPROPRIATION OF FUNDS FOR A<br>PSYCHOLOGIST(APRIL 3, 2008) BE REFILED UNDER SEAL FILED NASTOFF,J | $2.00 | Image |
| 06/23/2010 | PRECIPE FOR DEATH WARRANT IN STATE CASE FILED<br>Attorney: PIPER Prosecutor Butler County Ohio, ROBIN (23205) | $0.00 | Image |
| 07/15/2010 | ENTRY ORDERING WRIT FOR EXECUTION OF DEATH PENALTY FILED | $2.00 | Image |
| 07/20/2010 | Issue Date: 07/20/2010<br>Service: DEATH WARRANT<br>Method: SERVICE BY CERTIFIED MAIL<br>Cost Per: $    8.00<br><br><br>SUPREME COURT OF OHIO<br>CLERKS OFFICE<br>65 SOUTH FRONT ST  8TH FLOOR<br>COLUMBUS, OH  43215<br>Tracking No: L000226575 | $8.00 | |
| 07/20/2010 | DEATH WARRANT ISSUED.<br><br>DEATH WARRANT<br>Sent on: 07/20/2010 11:10:09 | | Image |
| 07/21/2010 | Issue Date: 07/21/2010<br>Service: PERSONAL SERVICE BY SHERIFF<br>Method: SERVICE BY SHERIFF OF BUTLER COUNTY<br>Cost Per: $    2.00<br><br><br>SOUTHERN OHIO CORRECTIONAL FACILITY<br>LUCASVILLE, OH  45699<br>Tracking No: C000216863 | $2.00 | |
| 07/21/2010 | PERSONAL SERVICE OF WRIT: UPON:<br><br>PERSONAL SERVICE BY SHERIFF<br>Sent on: 07/21/2010 11:04:57 | $0.00 | Image |
| 07/21/2010 | DEATH WARRANT | $0.00 | Image |
| 07/21/2010 | Issue Date: 07/21/2010<br>Service: DEATH WARRANT<br>Method: SERVICE BY CERTIFIED MAIL<br>Cost Per: $    8.00<br><br><br>DAVIS, VON CLARK<br>c/o ATTY: KOMP, LAURENCE<br>ATTORNEY AT LAW<br>PO BOX 1785<br>MANCHESTER, MI  63011<br>Tracking No: L000226665 | $8.00 | |
| 07/21/2010 | DEATH WARRANT ISSUED.<br><br>DEATH WARRANT | | Image |

VON CLARK DAVIS v. WARDEN<br>CASE NO. 2:16-cv-00495<br>APPENDIX - Page 6198

3/23/2015                                    CourtView Justice Solutions

|  | Sent on: 07/21/2010  11:44:42 | |
|---|---|---|
| 07/21/2010 | Issue Date:  07/21/2010<br>Service:  DEATH WARRANT<br>Method:  SERVICE BY INTER-OFFICE COURIER<br>Provider: JOHNSON, CAROLYN<br>Cost Per: $     5.00<br><br>BUTLER COUNTY PROSECUTORS OFFICE<br>315 HIGH ST, 11TH FLOOR<br>ATTN MIKE OSTER<br>HAMILTON, OH  45011<br>Tracking No: I000003538<br><br>NASTOFF Judge, ANDREW<br>GOVERNMENT SERVICES CENTER<br>315 HIGH STREET 3RD FLOOR<br>HAMILTON, OH  45011<br>Tracking No: I000003539 | $10.00 | |
| 07/21/2010 | DEATH WARRANT ISSUED.<br><br>DEATH WARRANT<br>Sent on: 07/21/2010  12:12:40 | | Image |
| 07/27/2010 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method    : SERVICE BY CERTIFIED MAIL<br>Issued    : 07/20/2010<br>Service   : DEATH WARRANT<br>Served    : 07/23/2010<br>Return    : 07/27/2010<br>On        : SUPREME COURT OF OHIO<br>Signed By : SUPREME COURT OF OHIO<br><br>Reason    : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment   :<br><br>Tracking # : L000226575 | $0.00 | Image |
| 07/27/2010 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method    : SERVICE BY CERTIFIED MAIL<br>Issued    : 07/21/2010<br>Service   : DEATH WARRANT<br>Served    : 07/23/2010<br>Return    : 07/27/2010<br>On        : KOMP, LAURENCE<br>Signed By : LAURENCE E KOMP<br><br>Reason    : CERTIFIED MAIL SERVICE SUCCESSFUL<br>Comment   :<br><br>Tracking # : L000226665 | $0.00 | Image |
| 08/30/2010 | PERSONAL SERVICE OF DEATH WARRANT : UPON: BUTLER COUNTY SHERIFF TO SERVE  SOUTHERN OHIO CORRECTIONAL FACILITY SERVED: 8/20/10 | $0.00 | Image |
| 09/13/2010 | ALL PAPERS SENT TO COURT OF APPEALS | $0.00 | |
| 09/23/2010 | APPELLANT'S MOTION FOR A STAY OF EXECUTION FILED Attorney: KOMP, LAURENCE (0060142) (FAX) | $0.00 | Image |
| 10/11/2010 | DECISION AND ENTRY DENYING DEFENDANT'S MOTION FOR A STAY OF EXECUTION FILED | $2.00 | Image |
| 02/22/2011 | MANDATE filed, forwarded to C.A.fileroom clerk > 12thDistrict AppealsCourt CA# :  CA09-10-0263 | $35.00 | Image |
| 10/21/2011 | DEFENDANT-PETITIONER'S MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 10/21/2011 | DEFENDANT-PETTIONER'S MOTION FOR RECUSAL FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 10/21/2011 | NOTICE OF APPEARANCE OF COUNSEL FILED Attorney: GATTERDAM, KORT<br>(0040434); Attorney: HENRY, ERIK P (0085155) | $2.00 | Image |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6199

3/23/2015                                        CourtView Justice Solutions

(0040434); Attorney: HENRY, ERIK P (0085155)

| 10/21/2011 | POST-CONVICTION DEFENDANT-PETITIONER VON CLARK DAVIS' PETITION TO VACATE OR SET ASIDE SENTENCE PURSUANT TO R.C. 2953.31 FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 10/25/2011 | STIPULATION OF EXTENSION OF TIME TO RESPOND TO PENDING MOTIONS FILED Attorney: GATTERDAM, KORT (0040434) Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 11/10/2011 | STATE OF OHIO'S MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY FILED Attorney: CASTER, DONALD R (0077413); Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 11/10/2011 | MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT FILED Attorney: CASTER, DONALD R (0077413) | $0.00 | Image |
| 11/10/2011 | STATE OF OHIO'S MEMORANDUM IN OPPOSITION TO PETITIONER'S MOTION FOR RECUSAL FILED Attorney: CASTER, DONALD R (0077413); Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 11/21/2011 | POST-CONVICTION DEFENDANT-PETITIONER'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE REPLY MEMORANDUM IN SUPPORT OF POST-CONVICTION PETITION, MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY, AND MOTION FOR RECUSAL FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 11/22/2011 | ENTRY GRANTING DEFENDANT-PETITIONER'S UNOPPOSED MOTION FOR EXTENSION OF TIME FILED | $2.00 | Image |
| 11/29/2011 | ENTRY GRANTING DEFENDANT'S-PETITIONER'S MOTION FOR EXTENSION OF TIME FILED | $2.00 | Image |
| 12/07/2011 | DEFENDANT-PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RECUSAL FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | | Image |
| 12/07/2011 | DEFENDANT-PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | | Image |
| 12/07/2011 | DEFENDANT-PETITIONER VON CLARK DAVIS' MEMORANDUM IN OPPOSITION TO PLAINTIFF-RESPONDENT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | $0.00 | Image |
| 01/06/2012 | ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL FILED | $2.00 | Image |
| 01/13/2012 | DEFENDANT-PETITIONER VON CLARK DAVIS'S APPLICATION FOR DISQUALIFICATION OF BUTLER COUNTY COMMON PLEAS COURT JUDGE DANIEL ANDREW NASTOFF FILED Attorney: GATTERDAM, KORT (0040434) (FILED JAN 10, 2012 CLERK OF COURT SUPREME COURT OF OHIO CASE # 12AP004) | $0.00 | Image |
| 01/13/2012 | AFFIDAVIT OF KORT GATTERDAM FILED | $0.00 | Image |
| 02/22/2012 | JUDGMENT ENTRY FILED | $10.00 | Image |
| 11/26/2012 | ENTRY AND ORDER DISMISSING PETITION FOR POSTCONVICTION RELIEF AND DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY (FINAL APPEALABLE ORDER) FILED | $36.00 | Image |
| 12/18/2012 | NOTICE OF APPEAL CA 2012 12 0258 FILED | $0.00 | Image |
| 07/03/2013 | Issue Date: 07/03/2013 Service: COPY BY CERTIFIED MAIL Method: SERVICE BY CERTIFIED MAIL Cost Per: $     8.00<br><br>SUPREME COURT OF OHIO CLERK OF COURTS STEVE KAHLER, RECORDS SPECIALIST 65 SOUTH FRONT ST 8TH FLOOR COLUMBUS, OH 43215 Tracking No: L000305186 | $8.00 | |
| 07/03/2013 | COPY BY CERTIFIED MAIL ISSUED.<br><br>COPY ISSUED BY CERTIFIED MAIL | $0.00 | Image |

3/23/2015                                CourtView Justice Solutions

Sent on: 07/03/2013 08:54:03.42

| | | | |
|---|---|---|---|
| 07/12/2013 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>  Method   : SERVICE BY CERTIFIED MAIL<br>  Issued   : 07/03/2013<br>  Service  : COPY BY CERTIFIED MAIL<br>  Served   : 07/08/2013<br>  Return   : 07/12/2013<br>  On       : SUPREME COURT OF OHIO<br>  Signed By : SUPREME COURT OF OHIO<br><br>  Reason   : CERTIFIED MAIL SERVICE SUCCESSFUL<br>  Comment  :<br><br>  Tracking # : L000305186 | $0.00 | Image |
| 07/22/2013 | NOTICE- SENT FILINGS FROM 10-21-11 TO PRESENT INTEROFFICE TO COURT OF<br>APPEALS (PER JUDY) | $0.00 | |
| 09/09/2013 | MANDATE filed, forwarded to C.A.fileroom clerk > 12thDistrict AppealsCourt CA# : CA121-12-<br>0258 | $35.00 | Image |
| 07/14/2014 | JUDGMENT ENTRY FROM SUPREME COURT AFFIRMING FILED | $2.00 | Image |

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. CR-1983-12-0614 |
| | : | |
| Plaintiff-Respondent, | : | Judge Nastoff |
| | : | |
| v. | : | |
| | : | |
| VON CLARK DAVIS, | : | CAPITAL CASE |
| | : | |
| Defendant-Petitioner. | : | EVIDENTIARY HEARING REQUESTED |

---

**DEFENDANT-PETITIONER VON CLARK DAVIS'**
**PETITION TO VACATE OR SET ASIDE SENTENCE PURSUANT TO R.C. 2953.21**

---

### I.    CASE HISTORY

1.      On January 13, 1984, an indictment was filed charging Defendant-Petitioner Von Clark Davis with one count of aggravated murder in violation of R.C. 2903.01(A) and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2).    The aggravated murder count included two specifications: (1) the purposeful killing of another as specified in R.C. 2929.04(A)(5), and (2) having a firearm on or about his person or under his control while committing the offense at bar as specified in R.C. 2929.71.

2.      On May 9, 1984, trial began before the original three-judge panel.  Davis was represented by Michael D. Shanks and John A. Garretson.

3.      On May 11, 1984, the original three-judge panel returned guilty verdicts for both counts of the indictment and for both specifications to the aggravated murder count.

4.      The sentencing phase began on May 29, 1984.  The original three-judge panel returned a verdict of death on the same day the penalty phase began, May 29, 1984.

5.     Davis appealed his conviction and sentence to the Twelfth District Court of Appeals. For this appeal, Davis was represented by Timothy R. Evans.

6.     On May 27, 1986, the Twelfth District Court of Appeals affirmed Davis' conviction and sentence. *State v. Davis* (May 27, 1986), Butler App. No. CA84-06-071, 1986 Ohio App. LEXIS 6919 (*Davis I*).

7.     Davis appealed the Twelfth District Court of Appeals' decision to the Ohio Supreme Court. Davis was still represented by Timothy R. Evans.

8.     On September 14, 1988, the Ohio Supreme Court affirmed Davis' convictions, but vacated his sentence because the original three-judge panel improperly considered non-statutory aggravating circumstances. *State v. Davis* (1988), 38 Ohio St.3d 361, 366–73 (*Davis II*). The court remanded the action to the trial court for resentencing to one of the sentencing options in R.C. 2929.03, including death.

9.     On August 4, 1989, the resentencing hearing commenced before the original three-judge panel. Davis was again represented by Michael D. Shanks and John A. Garretson.

10.     Limiting its consideration, over objection, to the evidence presented at the original sentencing hearing, on August 4, 1989, the three-judge panel resentenced Davis to death. The opinion from the three-judge panel was filed on August 10, 1989.

11.     Davis appealed his sentence to the Twelfth District Court of Appeals. For this appeal, Davis was represented by Joann Bour-Stokes and Linda E. Prucha of the Office of the Ohio Public Defender.

12.     On October 29, 1990, the Twelfth District Court of Appeals affirmed Davis' sentence of death. *State v. Davis* (Oct. 29, 1990), Butler App. No. CA89-09-123, 1990 Ohio App. LEXIS 4717 (*Davis III*).

2

13.     Davis appealed the Twelfth District Court of Appeals' decision to the Ohio Supreme Court.  Davis was still represented by Joann Bour-Stokes and Linda E. Prucha.

14.     On February 19, 1992, the Ohio Supreme Court affirmed Davis' sentence.  *State v. Davis* (1992), 63 Ohio St.3d 44 (*Davis IV*).   On March 2, 1992, Davis filed a Motion for Rehearing in the Ohio Supreme Court, which was denied on March 25, 1992.  On April 26, 1993, Davis filed a Second Motion for Rehearing in the Ohio Supreme Court, which was denied on May 26, 1993.

15.     On October 8, 1993, Davis filed a petition pursuant to R.C. 2953.21 to vacate or set aside his convictions and/or sentences stemming from the 1983 trial and 1989 sentencing.  Davis was represented by Joann Bour-Stokes and Linda E. Prucha.

16.     On November 1, 1994, the trial court dismissed all but one of the causes of action raised in Davis' petition.  Following an evidentiary hearing, the trial court filed a judgment entry on June 30, 1995, dismissing the remaining claim.

17.     Davis appealed the dismissal to the Twelfth District Court of Appeals.  Davis was represented by Linda E. Prucha and Tracey A. Leonard of the Office of the Ohio Public Defender.

18.     On September 30, 1996, the Twelfth District Court of Appeals affirmed the trial court's dismissal.  *State v. Davis* (Sept. 30, 1996), Butler App. No. CA95-07-124, 1996 Ohio App. LEXIS 4263.  The Ohio Supreme Court declined jurisdiction to hear Davis' appeal.  *State v. Davis* (1997), 77 Ohio St.3d 1520.

19.     On April 28, 1997, Davis filed a petition for a writ of habeas corpus in the United States District Court, Southern District of Ohio, Eastern Division.  Davis was represented by John Marshall and Lori Leon.

3

20.    On January 17, 2002, the District Court denied habeas relief. *Davis v. Bagley* (S.D. Ohio Jan. 17, 2002), No. C-1-97-402, 2002 WL 193579.

21.    Davis appealed the District Court's denial of his habeas petition to the United States Court of Appeals for the Sixth Circuit. For this appeal, Davis was represented by Alan M. Freedman and Laurence E. Komp.

22.    On January 29, 2007, the Sixth Circuit reversed the District Court's denial of the petition for writ of habeas corpus because the original three-judge panel failed to consider new mitigating evidence. The Sixth Circuit granted a conditional writ of habeas corpus. *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761.

23.    On July 19, 2007, the District Court granted a writ of habeas corpus conditioned upon the State of Ohio granting Davis a new sentencing hearing.

24.    On December 19, 2007, to comply with the mandate from the federal courts, this Court granted Davis a new sentencing hearing. Because the original three-judge panel could not reconstitute, a new three-judge panel was formed pursuant to R.C. 2929.06 and Crim.R. 25(B).

25.    A resentencing hearing was conducted before this Court from September 8, 2009 through September 10, 2009. Davis was represented by Melynda W. Cook-Reich and Randall L. Porter.

26.    At the conclusion of the resentencing hearing, on September 10, 2009, the new three-judge panel resentenced Davis to death. The sentencing opinion was filed on September 21, 2009.

27.    Davis appealed to the Twelfth District Court of Appeals. For this appeal, Davis was represented by Laurence E. Komp, Alan M. Freedman, and John P. Parker.

4

28.     On February 22, 2011, the Twelfth District Court of Appeals affirmed Davis' sentence of death. *State v. Davis*, Butler App. No. CA2009-10-263, 2011-Ohio-787.

29.     On April 4, 2011, Davis appealed the Twelfth District Court of Appeals' decision to the Ohio Supreme Court. Davis is being represented by Laurence E. Komp, Alan M. Freedman, and John P. Parker. The record in the case was filed on April 27, 2011.

30.     Davis suffered a denial or infringement of rights sufficient to render the new three-judge panel's judgment void or voidable under the Ohio Constitution and/or the United States Constitution.

31.     The constitutional errors that entitle Davis to relief are not included in the record and could not have been raised on direct appeal.

## II.     STATEMENT OF FACTS

32.     Petitioner hereby incorporates by reference all previous paragraphs as if fully rewritten herein.

33.     At approximately 7:40 p.m. on December 12, 1983, officers of the Hamilton Police Department arrived at the scene of a shooting at American Legion Post 520 (hereinafter "the Legion"). Lying on the pavement approximately six feet outside the front door of the Legion was the deceased victim, Suzette Butler. An autopsy performed the following day by the county coroner revealed that Butler had died as a result of multiple gunshot wounds to the left side of her head.

34.     On the day of the shooting, Butler met her friend, Mona Aldridge, at the Legion sometime between 5:00 p.m. and 6:30 p.m. Davis arrived shortly thereafter, and eventually sat at a table with Butler and Aldridge. Apparently, Davis and Butler had cohabited for several months, but had recently separated. After a brief period of time, Davis and Butler arose from the

5

table and walked out the front door. Prior to leaving, Butler told Aldridge that she would be "right back" and asked Aldridge to watch her jacket, cigarettes, and drink. Several minutes later, a concerned Aldridge went to the front door of the Legion to look for Butler. Aldridge opened the door slightly and discovered Davis pointing a gun at Butler's head. Aldridge panicked and went back inside the bar. Momentarily, others followed her into the bar saying that someone had been shot.

35.     The shooting was witnessed by Reginald Denmark and Cozette Massey. The couple had been on a walk observing Christmas lights. As they were walking, they saw a man and a woman talking in front of the Legion. The man and woman did not appear to be arguing. Two shots rang out. As the woman (later identified as Butler) fell, another shot was fired. Finally, "after she was down, he bent down and shot her in the head." Both Massey and Denmark ultimately identified Davis as the person who shot Butler.

36.     It was later established that on the day of Butler's murder, Davis had sought out Mark Lovette to "do him a favor" in exchange for sixty dollars. Along with a third party, Wade Coleman, Davis drove Lovette to a pawn shop and gave him money to purchase a handgun. Lovette purchased a Raven P .25 semi-automatic handgun and gave it to Davis. Davis again gave money to Lovette and had him purchase shells for the gun at a K-Mart store. Lovette was then dropped off. Davis subsequently discovered that the K-Mart shells did not fit the weapon. Lovette was picked up again, the shells were returned to K-Mart, and Davis drove Lovette to a local gun shop. Lovette purchased a box of PMC .25 automatic shells and gave them to Davis. Davis then loaded the gun in the presence of Lovette and Coleman and placed the gun under the driver's seat of his car. Late that afternoon, Lovette and Coleman were dropped off separately.

6

## III.    GROUNDS FOR RELIEF

**FIRST GROUND FOR RELIEF**

37.    Davis hereby incorporates by reference all previous paragraphs as if fully rewritten herein.

38.    Davis' sentence is void and/or voidable because defense counsel provided ineffective assistance at the penalty phase and as a result, Davis was sentenced to death.  Due to the defense counsel's failure to reasonably investigate and present available, mitigating evidence regarding Davis' exemplary prison record, counsel did not provide objectively reasonable assistance and Petitioner was prejudiced as a result of this failure. *Strickland v. Washington* (1984), 466 U.S. 668.  Davis was denied his right to effective assistance of counsel as guaranteed by the Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution.

39.    The Eighth Amendment requires the sentence to consider the circumstances of the crime and the defendant's character, history and background during the penalty phase of a capital trial. *Boyd v. California* (1990), 494 U.S. 370, 377–78; *Lockett v. Ohio* (1978), 438 U.S. 586, 604. Defense counsel's duty to investigate the client's background for mitigating factors is "an indispensable component of the constitutional requirement of . . . effective representation and assistance from his lawyer." *State v. Johnson* (1986), 24 Ohio St.3d 87, 90.

40.    The United States Supreme Court has provided specific guidance with respect to reasonable professional assistance during the sentencing phase of a capital case. *Rompilla v. Beard* (2005), 545 U.S. 374, 381–90, *Wiggins v. Smith* (2003), 539 U.S. 510, 521–29, *Williams v. Taylor* (2000), 529 U.S. 362, 395–97.  In particular, the Court has recognized that counsel in a capital case has an "obligation to conduct a thorough investigation of the defendant's background" to determine the availability of mitigating evidence. *Williams*, 529 U.S. at 396; *see also Williams v. Anderson* (6th Cir. 2006), 460 F.3d 789, 802 ("Defense counsel's complete failure to investigate before deciding not to present mitigating evidence is deficient performance as a matter of law under *Strickland*.").  Counsel's "investigations into mitigating evidence 'should comprise efforts to discover *all reasonably available* mitigating evidence and evidence to rebut any aggravating evidence that may be introduced by the prosecutor.'" *Wiggins*, 539 U.S. at 524 (quoting ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases 11.4.1(C), p. 93 (1989)) (emphasis in original).  The United States Supreme Court has unmistakably recognized the important of permitting capital defendants to put forth evidence of the likelihood of future good conduct at sentencing. *Ayers v. Belmontes* (2006), 549 U.S. 7, 15.

41.    In *Skipper v. South Carolina* (1986), 476 U.S. 1, the trial court had excluded as irrelevant evidence of the defendant's good behavior during the period of his incarceration between arrest and trial. The Supreme Court reversed Skipper's death sentence, holding that such evidence was relevant to refute the state's allegations of future dangerousness, and noting that "any sentencing authority must predict a convicted person's probable future conduct when it engages in the process of determining what punishment to impose." *Id.* at 5 (quoting *Jurek v. Texas* (1976), 428 U.S. 262, 275). Because, in the capital context, a sentencing authority may

7

consider a defendant's past conduct as indicative of his probable future behavior, "evidence that the defendant would not pose a danger if spared (but incarcerated) must be considered potentially mitigating" and, pursuant to *Eddings v. Oklahoma* (1982), 455 U.S. 104, may not be excluded from the sentencer's consideration. *Skipper*, 476 U.S. at 5.

42.     In *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, the Sixth Circuit granted Davis habeas relief because during Davis' second penalty phase held in 1989, the three-judge panel erroneously excluded testimony concerning Davis' exemplary behavior on death row in the time between the two sentencing hearings. *Id.* at 770. Regarding the evidence, the Sixth Circuit stated:

> Such testimony would have established that Davis was classified as an "A" prisoner, indicating that he had no discipline or conduct problems; that he was the clerk on death row for the unit manager and helped conduct tours of death row; and that he had created no problems for other inmates or for security personnel and had no conduct write-ups. Davis worked directly for Oscar McGraw, the unit manager for death row, who complimented Davis's positive attitude and pleasant personality. Herb Wendler, Davis's case manager, observed that Davis was cooperative and courteous, that he had been given much more freedom than other inmates on death row, and that he had been placed in various positions of trust within the unit.

*Id.* at 773. The Sixth Circuit determined that based on the record in the case, this evidence was "without doubt . . . highly relevant to the single aggravating factor relied upon by the state—that future dangerousness should keep Davis on death row." *Id.*

43.     Despite the Sixth Circuit's recognition of this evidence's importance, the defense called only one witness regarding Davis' prison record, Scott Nowak, Davis' case manager. Through Mr. Nowak, the defense introduced only Exhibit J, a two-page institutional summary prepared by Mr. Nowak. (Tr. Vol. III, p.219). The institutional summary stated that Davis had not been to disciplinary control, that Davis had only received one conduct report since 1984, that Davis currently worked as a porter, that he had completed several programs and community service projects, and that in 2006, Davis was moved to the extended privilege unit. Neither the testimony nor exhibits covered the information cited in the Sixth Circuit's opinion.

44.     At his second sentencing hearing in 1989, Davis' counsel proffered the evidence the Sixth Circuit would later recognize as compelling. Ex. A, 8/4/1989 Transcript pages 1–5. The Sixth Circuit ordered a new penalty phase because the original panel did not allow the defense to present this evidence, yet counsel at the third sentencing hearing held in 2009 did not use or consider using this evidence.

45.     Moreover, Davis has attested that he was never asked by his attorneys for names of other guards, caseworkers or other prison personnel. Ex. B, Affidavit of Von Clark Davis, ¶4. Had his attorneys asked, he could have provided them names of favorable witnesses who could have been called to testify. Particularly those who knew him the last four years, these witnesses would have been important for the trier of fact to evaluate whether Davis was a risk if released and how he has responded to authority over the years.

8

46.     There cannot be a reasonable trial strategy involved in not even trying to talk to favorable witnesses. The reason the case got reversed was because this evidence existed. The case was reversed and new counsel completely ignored the evidence. Defense counsel could have either tried to interview the witnesses, tried to get a court order to interview the witnesses, or subpoenaed the witnesses to testify. Ex. C, Affidavit of Kort Gatterdam. Defense counsel did nothing. Davis's expert has opined that the failure to investigate and present this evidence constitutes ineffective assistance of counsel. Ex. D, Affidavit of Diane Menashe.

47.     R.C. 2929.04(C) states: "The defendant shall be given great latitude in the presentation of evidence of the factors listed in division (B) of this section and of any other factors in mitigation of the imposition of the sentence of death." This provision "evinces the legislature's intent that a defendant in a capital case be given wide latitude to introduce any evidence the defendant considers to be mitigating." *State v. Steffen* (1987), 31 Ohio St.3d 111, paragraph two of the syllabus. According to the United States Supreme Court, in capital cases, "the sentencer may not refuse to consider or be precluded from considering any relevant mitigating evidence." *Skipper*, 476 U.S. at 4.

48.     Defense counsel failed to reasonably and competently investigate, prepare and present available mitigating evidence at the penalty phase. Counsel's deficient performance precluded the sentencing panel from considering and giving weight and effect to available, compelling mitigation evidence in the determination of Davis' sentence. Counsel's failure to reasonably investigate, prepare and present this mitigating evidence cannot be viewed as a reasonable strategic decision, but rather must be viewed as a dereliction of duty that prejudiced Davis. *Wiggins*, 539 U.S. at 525 (stating that a *Strickland* violation is established where the scope of an attorney's investigation into mitigating evidence prior to trial was "unreasonable in light of what" counsel knew about their client).

49.     Davis supports this ground with evidence dehors the record that contains sufficient operative facts to demonstrate a lack of competent counsel and prejudice that resulted from that ineffectiveness. *State v. Jackson* (1980), 64 Ohio St.2d 107, 111. Davis must be granted a new trial or, at a minimum, discovery and an evidentiary hearing on this ground for relief.

**Supporting Exhibits**: A, 8/4/1989 Transcript pages 1–5; B, Affidavit of Von Clark Davis; C, Affidavit of Kort Gatterdam; D, Affidavit of Diane Menashe.

**Legal Authority in Support of Ground for Relief**: Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution; Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution; R.C. 2929.04; *Ayers v. Belmontes* (2006), 549 U.S. 7; *Rompilla v. Beard* (2005), 545 U.S. 374, *Wiggins v. Smith* (2003), 539 U.S. 510, *Williams v. Taylor* (2000), 529 U.S. 362; *Boyd v. California* (1990), 494 U.S. 370; *Skipper v. South Carolina* (1986), 476 U.S. 1; *Strickland v. Washington* (1984), 466 U.S. 668; *Eddings v. Oklahoma* (1982), 455 U.S. 104; *Lockett v. Ohio* (1978), 438 U.S. 586; *Jurek v. Texas* (1976), 428 U.S. 262; *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761; *State v. Steffen* (1987), 31 Ohio St.3d 111; *State v. Johnson* (1986), 24 Ohio St.3d 87; *State v. Jackson* (1980), 64 Ohio St.2d 107.

9

**SECOND GROUND FOR RELIEF**

50. Davis hereby incorporates by reference all previous paragraphs as if fully rewritten herein.

51. Davis' sentence is void and/or voidable because defense counsel provided ineffective assistance at the penalty phase and as a result, Davis was sentenced to death. Due to the defense counsel's failure to reasonably investigate and present available, mitigating evidence regarding Davis' exemplary prison record, counsel did not provide objectively reasonable assistance and Petitioner was prejudiced as a result of this failure. *Strickland v. Washington* (1984), 466 U.S. 668. Davis was denied his right to effective assistance of counsel as guaranteed by the Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution.

52. The Eighth Amendment requires the sentence to consider the circumstances of the crime and the defendant's character, history and background during the penalty phase of a capital trial. *Boyd v. California* (1990), 494 U.S. 370, 377–78; *Lockett v. Ohio* (1978), 438 U.S. 586, 604. Defense counsel's duty to investigate the client's background for mitigating factors is "an indispensable component of the constitutional requirement of . . . effective representation and assistance from his lawyer." *State v. Johnson* (1986), 24 Ohio St.3d 87, 90.

53. The United States Supreme Court has provided specific guidance with respect to reasonable professional assistance during the sentencing phase of a capital case. *Rompilla v. Beard* (2005), 545 U.S. 374, 381–90, *Wiggins v. Smith* (2003), 539 U.S. 510, 521–29, *Williams v. Taylor* (2000), 529 U.S. 362, 395–97. In particular, the Court has recognized that counsel in a capital case has an "obligation to conduct a thorough investigation of the defendant's background" to determine the availability of mitigating evidence. *Williams*, 529 U.S. at 396; *see also Williams v. Anderson* (6th Cir. 2006), 460 F.3d 789, 802 ("Defense counsel's complete failure to investigate before deciding not to present mitigating evidence is deficient performance as a matter of law under *Strickland*."). Counsel's "investigations into mitigating evidence 'should comprise efforts to discover *all reasonably available* mitigating evidence and evidence to rebut any aggravating evidence that may be introduced by the prosecutor.'" *Wiggins*, 539 U.S. at 524 (quoting ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases 11.4.1(C), p. 93 (1989)) (emphasis in original). The United States Supreme Court has unmistakably recognized the important of permitting capital defendants to put forth evidence of the likelihood of future good conduct at sentencing. *Ayers v. Belmontes* (2006), 549 U.S. 7, 15.

54. In *Skipper v. South Carolina* (1986), 476 U.S. 1, the trial court had excluded as irrelevant evidence of the defendant's good behavior during the period of his incarceration between arrest and trial. The Supreme Court reversed Skipper's death sentence, holding that such evidence was relevant to refute the state's allegations of future dangerousness, and noting that "any sentencing authority must predict a convicted person's probable future conduct when it engages in the process of determining what punishment to impose." *Id.* at 5 (quoting *Jurek v. Texas* (1976), 428 U.S. 262, 275). Because, in the capital context, a sentencing authority may consider a defendant's past conduct as indicative of his probable future behavior, "evidence that the defendant would not pose a danger if spared (but incarcerated) must be considered potentially

10

mitigating" and, pursuant to *Eddings v. Oklahoma* (1982), 455 U.S. 104, may not be excluded from the sentencer's consideration. *Skipper*, 476 U.S. at 5.

55.    In *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, the Sixth Circuit granted Davis habeas relief because during Davis' second penalty phase held in 1989, the three-judge panel erroneously excluded testimony concerning Davis' exemplary behavior on death row in the time between the two sentencing hearings. *Id.* at 770. Regarding the evidence, the Sixth Circuit stated:

> Such testimony would have established that Davis was classified as an "A" prisoner, indicating that he had no discipline or conduct problems; that he was the clerk on death row for the unit manager and helped conduct tours of death row; and that he had created no problems for other inmates or for security personnel and had no conduct write-ups. Davis worked directly for Oscar McGraw, the unit manager for death row, who complimented Davis's positive attitude and pleasant personality. Herb Wendler, Davis's case manager, observed that Davis was cooperative and courteous, that he had been given much more freedom than other inmates on death row, and that he had been placed in various positions of trust within the unit.

*Id.* at 773. The Sixth Circuit determined that based on the record in the case, this evidence was "without doubt . . . highly relevant to the single aggravating factor relied upon by the state—that future dangerousness should keep Davis on death row." *Id.*

56.    Despite the Sixth Circuit's recognition of this evidence's importance, the defense called only one witness regarding Davis' prison record, Scott Nowak, Davis' case manager. Through Mr. Nowak, the defense introduced only Exhibit J, a two-page institutional summary prepared by Mr. Nowak. (Tr. Vol. III, p.219). The institutional summary stated that Davis had not been to disciplinary control, that Davis had only received one conduct report since 1984, that Davis currently worked as a porter, that he had completed several programs and community service projects, and that in 2006, Davis was moved to the extended privilege unit.

57.    Mr. Nowak admitted reviewing Davis' unit file, which contained Davis' disciplinary record, program participation, and any type of classification changes, like security or job changes. (Tr. Vol. III, p.220). Exhibit E exemplifies what was contained in Davis' unit file, and should have been presented to the three-judge panel. Included within these records is a certificate of completion for a twelve week stress management seminar; job evaluations indicating Davis is "a real good worker" and "has demonstrated excellent adjustment"; classification forms dating back to 1986 showing Davis' responsibility and lack of disciplinary reports; school records which consist of records dating back to junior high school, Davis' GED certificate, the classes Davis has enrolled in while incarcerated including college courses; and Davis' application for members with the Vietnam Veterans of America.

58.    Davis had additional information which he informed his attorneys about but which they failed to present. Ex. B, Affidavit of Von Clark Davis, ¶3.

59.     Davis's expert has reviewed the record, the attached exhibits and in her professional opinion, defense counsel was ineffective in not presenting this evidence. Ex. D, Affidavit of Diane Menashe.

60.     R.C. 2929.04(C) states: "The defendant shall be given great latitude in the presentation of evidence of the factors listed in division (B) of this section and of any other factors in mitigation of the imposition of the sentence of death." This provision "evinces the legislature's intent that a defendant in a capital case be given wide latitude to introduce any evidence the defendant considers to be mitigating." *State v. Steffen* (1987), 31 Ohio St.3d 111, paragraph two of the syllabus. According to the United States Supreme Court, in capital cases, "the sentencer may not refuse to consider or be precluded from considering any relevant mitigating evidence." *Skipper*, 476 U.S. at 4.

61.     Defense counsel failed to reasonably and competently investigate, prepare and present available mitigating evidence at the penalty phase. Counsel's deficient performance precluded the sentencing panel from considering and giving weight and effect to available, compelling mitigation evidence in the determination of Davis' sentence. Counsel's failure to reasonably investigate, prepare and present this mitigating evidence cannot be viewed as a reasonable strategic decision, but rather must be viewed as a dereliction of duty that prejudiced Davis. *Wiggins*, 539 U.S. at 525 (stating that a *Strickland* violation is established where the scope of an attorney's investigation into mitigating evidence prior to trial was "unreasonable in light of what" counsel knew about their client).

62.     Davis supports this ground with evidence dehors the record that contains sufficient operative facts to demonstrate a lack of competent counsel and prejudice that resulted from that ineffectiveness. *State v. Jackson* (1980), 64 Ohio St.2d 107, 111. Davis must be granted a new trial or, at a minimum, discovery and an evidentiary hearing on this ground for relief.

**Supporting Exhibits**: B, Affidavit of Von Clark Davis; D, Affidavit of Diane Menashe; E, Prison Records.

**Legal Authority in Support of Ground for Relief**: Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution; Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution; R.C. 2929.04; *Ayers v. Belmontes* (2006), 549 U.S. 7; *Rompilla v. Beard* (2005), 545 U.S. 374, *Wiggins v. Smith* (2003), 539 U.S. 510, *Williams v. Taylor* (2000), 529 U.S. 362; *Boyd v. California* (1990), 494 U.S. 370; *Skipper v. South Carolina* (1986), 476 U.S. 1; *Strickland v. Washington* (1984), 466 U.S. 668; *Eddings v. Oklahoma* (1982), 455 U.S. 104; *Lockett v. Ohio* (1978), 438 U.S. 586; *Jurek v. Texas* (1976), 428 U.S. 262; *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761; *State v. Steffen* (1987), 31 Ohio St.3d 111; *State v. Johnson* (1986), 24 Ohio St.3d 87; *State v. Jackson* (1980), 64 Ohio St.2d 107.

12

**THIRD GROUND FOR RELIEF**

63.     Davis hereby incorporates by reference all previous paragraphs as if fully rewritten herein.

64.     Davis' sentence is void and/or voidable because defense counsel provided ineffective assistance at the penalty phase and as a result, Davis was sentenced to death. Counsel's preparation and strategy to call Cynthia Mausser, the Chair of the Ohio Parole Board, harmed Davis because Ms. Mausser testified Davis could be paroled if he received a sentence less than death. Counsel did not provide objectively reasonable assistance and Petitioner was prejudiced as a result of this failure. *Strickland v. Washington* (1984), 466 U.S. 668. Davis was denied his right to effective assistance of counsel as guaranteed by the Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution.

65.     Counsel's decision to present testimony may be considered a strategic one, but for the decision to be reasonable, it must be made after undertaking a full investigation. *Combs v. Coyle* (6th Cir. 2000), 205 F.3d 269, 288; *see also Strickland*, 466 U.S. at 691 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."); *Horton v. Zant*, 941 F.2d 1449, 1462 (11th Cir. 1991) ("[O]ur case law rejects the notion that a 'strategic' decision can be reasonable when the attorney has failed to investigate his options and make a reasonable choice between them."). When calling an expert witness, counsel should know the expert's opinion on the ultimate issue and prepare accordingly. *Combs*, 204 F.3d at 288.

66.     At the opening of the penalty phase, defense counsel stated that based on the applicable law, if the panel sentenced Davis to a 30-to-life sentence, he would be entitled to parole in 6 years. (Tr. Vol. I, p.36). Counsel stated, however, that Ms. Mausser "will testify based upon his prior record, the fact that he committed the second murder, while he was still on parole from the first murder, that he will not be paroled." (Tr. Vol. I., p.36–37). Counsel further stated that that if the panel "decide[d] to impose life with parole eligibility 'til he has served 30, we will note from Ms. Mausser's testimony that he will never be paroled." (Tr. Vol. I, p.38). Ms. Mausser never made those statements to defense counsel. Ex. F, Affidavit of Cynthia Mausser.

67.     Prior to Ms. Mausser taking the stand, the prosecution objected arguing that Ms. Mausser should not testify because it would be irrelevant and speculative. (Tr. Vol. II, p.133–35). The prosecutor stated that he spoke with Ms. Mausser prior to trial, and that Ms. Mausser told the prosecutor "that she would not be in a position to be able to testify whether or not she would vote for parole or not vote for parole, it would be improper for her to say that she could not say what a majority of the board would do as they are not here." (Tr. Vol. II, p.133). In response, defense counsel claimed: "we will be in a position of surprise and affirmative damage if she testifies as the prosecution is suggesting because we, in fact, interviewed her four months ago and Ms. Cook will testify, if necessary, that is not what we were told." (Tr. Vol. II, p.137). Defense counsel further stated: "It is my belief based upon our conversation with her through three or four months ago, is that she will say based upon similar factors, that she has seen in other cases, she would not anticipate that he would ever be paroled." (Tr. Vol. II, p.140).

13

Based on these affirmations, the panel permitted Ms. Mausser to testify. (Tr. Vol. II, p.143–45). Ms. Mausser has indicated by affidavit that she did not tell defense counsel that Mr. Davis would never be paroled. Ex. F, Affidavit of Cynthia Mausser.

68.    Ms. Mausser testified that the average amount of time served for an aggravated murder conviction is about 27 years. (Tr. Vol. II, p.171). Ms. Mausser testified that once a person becomes parole-eligible, he would be considered for parole at intervals ranging from one to ten years for the rest of his life. (Tr. Vol. II, p.169, 180). Ms. Mausser testified that she did not have all the information she needed to give an opinion about how she would vote on Mr. Davis's parole. (*Id.* at 181–82, 184, 188). Additionally, she did not know how any other parole board member would vote on the Davis case when he came up for parole. (*Id.* at 184, 188).

69.    As the panel recognized, Ms. Mausser could not definitively state if or when Davis might be paroled if he received a sentence less than death. Ex. G, 9/21/2009 Sentencing Opinion, p.6–7. The panel deemed Ms. Mausser's testimony as "highly speculative and unconvincing and entitled to no weight." *Id.* at p.10. Thus, the promises made by defense counsel in the opening statement and before Ms. Mausser's testimony regarding Davis' parole eligibility went unfulfilled, and the panel was left to believe that if a non-death sentence were to be imposed, Davis could be paroled.

70.    Ms. Mausser's affidavit indicates that contrary to the record made by defense counsel, Mausser did not agree to testify Davis would never be paroled. Ex. F, Affidavit of Cynthia Mausser. She would have been able to give a better opinion if she had the proper materials provided to her, but defense counsel did not provide her what she needed. *Id.* Despite the speculative and harmful nature of her testimony, defense counsel had her testify anyway. Certainly defense counsel is not supposed to present evidence that assists their client in receiving the death penalty.

71.    Mr. Davis discussed the parole board testimony with his attorneys and mitigation specialist prior to the sentencing hearing. Ex. B, Affidavit of Von Clark Davis; Ex. H, Redacted Mitigation Write-Up. He indicated he did not want this testimony presented in his case. Ex. B, Affidavit of Von Clark Davis; Ex. H, Redacted Mitigation Write-Up. His attorneys ignored his request.

72.    Mr. Davis' expert has reviewed Ms. Mausser's affidavit and the record in this case. Ms. Menashe has opined that promising the panel a witness who could guarantee no parole when no such witness existed was harmful to Mr. Davis and constitutes ineffective assistance of counsel. Ex. D, Affidavit of Diane Menashe.

73.    Furthermore, at the end of her testimony, Ms. Mausser wanted to correct an answer she gave earlier, and began to say: "I think it might be unusual" before being stopped by the panel because no question had been asked. (Tr. Vol. II, p.189). Defense counsel was ineffective for failing to follow up on an obvious attempt by Ms. Mausser to correct her testimony. Defense counsel never requested permission to ask Ms. Mausser on redirect whether she had anything to add or correct to her previous testimony. Had defense counsel done so, Ms. Mausser could have indicated she actually has voted on cases where a person with death specifications came up for parole. Ex. F, Affidavit of Cynthia Mausser. How and why she voted on those cases

14

(particularly if she voted not to parole the inmate) would have been important information for the panel in evaluating the likelihood of Davis ever being paroled. Defense counsel's failure to follow up on this constitutes ineffective assistance of counsel. *Strickland v. Washington* (1984), 466 U.S. 668. Davis was denied his right to effective assistance of counsel as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution.

74.     Davis supports this ground with evidence dehors the record that contains sufficient operative facts to demonstrate a lack of competent counsel and prejudice that resulted from that ineffectiveness. *State v. Jackson* (1980), 64 Ohio St.2d 107, 111. Davis must be granted a new trial or, at a minimum, discovery and an evidentiary hearing on this ground for relief.

**Supporting Exhibits**: B, Affidavit of Von Clark Davis; D, Affidavit of Diane Menashe; F, Affidavit of Cynthia Mausser; G, 9/21/2009 Sentencing Opinion; H, Redacted Mitigation Write-Up.

**Legal Authority in Support of Ground for Relief**: Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution; Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution; *Strickland v. Washington* (1984), 466 U.S. 668; *Combs v. Coyle* (6th Cir. 2000), 205 F.3d 269; *Horton v. Zant*, 941 F.2d 1449, 1462 (11th Cir. 1991); *State v. Jackson* (1980), 64 Ohio St.2d 107.

**FOURTH GROUND FOR RELIEF**

75.     Davis hereby incorporates by reference all previous paragraphs as if fully rewritten herein.

76.     Davis' sentence is void and/or voidable because defense counsel provided ineffective assistance at the penalty phase and as a result, Davis was sentenced to death. Counsel's preparation and strategy to call psychologist, Dr. Robert Smith, harmed Davis because Dr. Smith left the panel with the impression that due to Davis' borderline personality disorder, if Davis were ever released from prison, and no longer in a structured environment, he could kill again. Counsel did not provide objectively reasonable assistance and Petitioner was prejudiced as a result of this failure. *Strickland v. Washington* (1984), 466 U.S. 668. Davis was denied his right to effective assistance of counsel as guaranteed by the Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution.

77.     Counsel's decision to present testimony may be considered a strategic one, but for the decision to be reasonable, it must be made after undertaking a full investigation. *Combs v. Coyle* (6th Cir. 2000), 205 F.3d 269, 288; *see also Strickland*, 466 U.S. at 691 ("[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."); *Horton v. Zant*, 941 F.2d 1449, 1462 (11th Cir. 1991) ("[O]ur case law rejects the notion that a 'strategic' decision can be reasonable when the attorney has failed to investigate his options and make a reasonable choice between them."). When calling an expert witness, counsel should know the expert's opinion on the ultimate issue and prepare accordingly. *Combs*, 204 F.3d at 288.

78.     After Cynthia Mausser could not guarantee that Davis would not be paroled if he received a non-death sentence, the defense called Dr. Smith as an expert witness in the areas of clinical psychology and addiction. (Tr. Vol. III, p.229, 239–40). Before testifying, Dr. Smith visited with Davis twice, interviewed family and friends, reviewed relevant records, and reviewed Davis' criminal history. (Tr. Vol. III, p.241). As a result, Dr. Smith was able to complete a comprehensive psychosocial history, a diagnostic workup, and a mental status examination. (Tr. Vol. III, p.242).

79.     In Dr. Smith's opinion, within a reasonable degree of psychological certainty, Davis suffered from two psychological disorders at the time of the offense, alcohol dependence and borderline personality disorder. (Tr. Vol. III, p.248). Dr. Smith also testified regarding a previous evaluation conducted in 1984, where evidence was found of Davis having an explosive psychiatric disorder. (Tr. Vol. III, p.260–61). Dr. Smith stated that one of the characteristics of a borderline is an unwarranted aggressive behavior that comes about with minor provocation. (Tr. Vol. III, p.261). Regarding the borderline personality disorder, Dr. Smith opined:

> If you put me in a very structured environment, with clear-cut rules and people who enforce those rules every day, the same way, I will adapt and I will adjust. My problem with borderline personality disorder is if I am in the community where I have no clear structure and I am reacting to whatever is happening to me throughout the day.

16

(Tr. Vol. III, p.258). Dr. Smith further expounded:

> The way to understand borderline personality disorder is picture someone who truly in many ways does not develop a sense of self. They don't really have an identity. And so what they do is they go through life reacting rather than thinking and acting. . . . Up and down, sad, angry, frightened, reacting to what is in front of them at the present, really not any sustained emotion. Impulsivity that is severe, they act and then think about it afterwards. They are not really considering their actions and what the consequences will be, what the other options are, the pros and cons, they act out again based on what they are feeling.

(Tr. Vol. III, p.263). Dr. Smith testified that this is a chronic disorder, and is still present in Davis. (Tr. Vol. III, p.263, 278).

80.     Defense counsel failed to prepare Dr. Smith for the fact that parole was going to be a critical issue. Ex. I, Affidavit of Dr. Bob Smith. They failed to have him address how Mr. Davis had changed over time and even as a borderline personality disorder, he could adapt in society. Instead, they focused on his psychological state of mind in 1984, which left the panel with the impression that he was and is still dangerous. This only contributed to the panel imposing a death sentence. Ex. G, 9/21/2009 Sentencing Opinion, p.7–8. Dr. Smith's affidavit demonstrates that had counsel discussed these topics with him and asked him pertinent questions at the hearing, he would have been able to provide beneficial, instead of harmful information for Mr. Davis.

81.     Defense counsel also failed to consider that psychological evidence was rejected in two previous sentencing hearings involving Mr. Davis. Ex. J, 6/11/1984 Sentencing Opinion; Ex. K, 8/10/1989 Sentencing Opinion. In fact, the second panel actually used the psychological testimony to help bolster their decision to impose death. Ex. D, Affidavit of Diane Menashe; Ex. K, 8/10/1989 Sentencing Opinion, p.2.

82.     Davis supports this ground with evidence dehors the record that contains sufficient operative facts to demonstrate a lack of competent counsel and prejudice that resulted from that ineffectiveness. *State v. Jackson* (1980), 64 Ohio St.2d 107, 111. Davis must be granted a new trial or, at a minimum, discovery and an evidentiary hearing on this ground for relief.

**Supporting Exhibits:** D, Affidavit of Diane Menashe; Ex. G, 9/21/2009 Sentencing Opinion; I, Affidavit of Dr. Bob Smith; Ex. J, 6/11/1984 Sentencing Opinion; Ex. K, 8/10/1989 Sentencing Opinion.

**Legal Authority in Support of Ground for Relief**: Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution; Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution; *Strickland v. Washington* (1984), 466 U.S. 668; *Combs v. Coyle* (6th Cir. 2000), 205 F.3d 269; *Horton v. Zant*, 941 F.2d 1449, 1462 (11th Cir. 1991); *State v. Jackson* (1980), 64 Ohio St.2d 107.

17

### FIFTH GROUND FOR RELIEF

83.     Davis hereby incorporates by reference all previous paragraphs as if fully rewritten herein.

84.     Davis' sentence is void and/or voidable because defense counsel provided ineffective assistance at the penalty phase and as a result, Davis was sentenced to death. Counsel's decision not to call mitigation specialist/investigator, John Lee, to testify and/or to present exhibits regarding unavailable mitigation witnesses harmed Davis because the panel was not presented with relevant and compelling evidence of Davis' character, history and background. Counsel did not provide objectively reasonable assistance and Petitioner was prejudiced as a result of this failure. *Strickland v. Washington* (1984), 466 U.S. 668. Davis was denied his right to effective assistance of counsel as guaranteed by the Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution.

85.     The Eighth Amendment requires the sentence to consider the circumstances of the crime and the defendant's character, history and background during the penalty phase of a capital trial. *Boyd v. California* (1990), 494 U.S. 370, 377–78; *Lockett v. Ohio* (1978), 438 U.S. 586, 604. Defense counsel's duty to investigate the client's background for mitigating factors is "an indispensable component of the constitutional requirement of . . . effective representation and assistance from his lawyer." *State v. Johnson* (1986), 24 Ohio St.3d 87, 90.

86.     The United States Supreme Court has provided specific guidance with respect to reasonable professional assistance during the sentencing phase of a capital case. *Rompilla v. Beard* (2005), 545 U.S. 374, 381–90; *Wiggins v. Smith* (2003), 539 U.S. 510, 521–29, *Williams v. Taylor* (2000), 529 U.S. 362, 395–97. In particular, the Court has recognized that counsel in a capital case has an "obligation to conduct a thorough investigation of the defendant's background" to determine the availability of mitigating evidence. *Williams*, 529 U.S. at 396; *see also Williams v. Anderson* (6th Cir. 2006), 460 F.3d 789, 802 ("Defense counsel's complete failure to investigate before deciding not to present mitigating evidence is deficient performance as a matter of law under *Strickland*."). Counsel's "investigations into mitigating evidence 'should comprise efforts to discover *all reasonably available* mitigating evidence and evidence to rebut any aggravating evidence that may be introduced by the prosecutor.'" *Wiggins*, 539 U.S. at 524 (quoting ABA Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases 11.4.1(C), p. 93 (1989)) (emphasis in original). Not only must counsel investigate all reasonably available mitigating evidence, but counsel must then use that evidence to "to counter the State's evidence of aggravated culpability with evidence in mitigation." *Rompilla*, 545 U.S. at 380 – 81.

87.     R.C. 2929.04(C) states: "The defendant shall be given great latitude in the presentation of evidence of the factors listed in division (B) of this section and of any other factors in mitigation of the imposition of the sentence of death." This provision "evinces the legislature's intent that a defendant in a capital case be given wide latitude to introduce any evidence the defendant considers to be mitigating." *State v. Steffen* (1987), 31 Ohio St.3d 111, paragraph two of the syllabus. According to the United States Supreme Court, in capital cases, "the sentencer may not refuse to consider or be precluded from considering any relevant mitigating evidence." *Skipper v. South Carolina* (1986), 476 U.S. 1, 4.

18

88.     In the exhibit book prepared by defense counsel, Exhibits B–I related to four witnesses, Elizabeth Crawford, Dr. Charles Flowers, Milton Flowers, and Fannie Whiteside. All four witnesses were unavailable to testify as two were deceased and the other two were incompetent.     These exhibits and evidence about the affiants being either deceased or incompetent are attached to this petition. Ex. L, Sentencing Hearing Exhibits B–I.

89.     Defense counsel intended to call mitigation specialist/investigator, John Lee, as he had previously interviewed the four witnesses. (Tr. Vol. I, p.65–71).  However, Mr. Lee was never called to testify and the exhibits at issue were never introduced.

90.     The attached mitigation write-ups and affidavit provide critical substantive information about Mr. Davis and his family upbringing. It was not cumulative of other evidence and it was necessary to give the trier of fact a complete picture of where Mr. Davis came from. Defense counsel recognized its importance by having a witness prepared to testify and the exhibits marked for introduction into evidence.  For reasons unknown, when it came time to introducing the exhibits, defense counsel withdrew all of the exhibits. (Tr. Vol. III, p. 314).

91.     Mr. Davis's expert has reviewed the exhibits and the trial record and has opined that it was ineffective assistance to not present the evidence at the penalty phase hearing.  Ex. D, Affidavit of Diane Menashe.

92.     Davis supports this ground with evidence dehors the record that contains sufficient operative facts to demonstrate a lack of competent counsel and prejudice that resulted from that ineffectiveness. *State v. Jackson* (1980), 64 Ohio St.2d 107, 111. Davis must be granted a new trial or, at a minimum, discovery and an evidentiary hearing on this ground for relief.

**Supporting Exhibits**: D, Affidavit of Diane Menashe; L, Sentencing Hearing Exhibits B–I.

**Legal Authority in Support of Ground for Relief**: Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution; Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution; R.C. 2929.04; *Ayers v. Belmontes* (2006), 549 U.S. 7; *Rompilla v. Beard* (2005), 545 U.S. 374, *Wiggins v. Smith* (2003), 539 U.S. 510, *Williams v. Taylor* (2000), 529 U.S. 362; *Boyd v. California* (1990), 494 U.S. 370; *Skipper v. South Carolina* (1986), 476 U.S. 1; *Strickland v. Washington* (1984), 466 U.S. 668; *Eddings v. Oklahoma* (1982), 455 U.S. 104; *Lockett v. Ohio* (1978), 438 U.S. 586; *Jurek v. Texas* (1976), 428 U.S. 262; *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761; *State v. Steffen* (1987), 31 Ohio St.3d 111; *State v. Johnson* (1986), 24 Ohio St.3d 87; *State v. Jackson* (1980), 64 Ohio St.2d 107.

19

**SIXTH GROUND FOR RELIEF**

93.    Davis hereby incorporates by reference all previous paragraphs as if fully rewritten herein.

94.    Davis' sentence is void and/or voidable because defense counsel provided ineffective assistance at the penalty phase and as a result, Davis was sentenced to death. Counsel knew that Judge Andrew Nastoff served as a prosecutor in the death penalty case of Davis' nephew, Lahray Thompson, and advocated for Mr. Thompson's death, yet counsel failed to seek the removal of Judge Nastoff. Counsel did not provide objectively reasonable assistance and Petitioner was prejudiced as a result of this failure. *Strickland v. Washington* (1984), 466 U.S. 668. Davis was denied his right to effective assistance of counsel as guaranteed by the Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution.

95.    "It is well settled that a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law." *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, ¶ 34 (citing *Rose v. Clark* (1986), 478 U.S. 570, 577; *Tumey v. Ohio* (1927), 273 U.S. 510, 534). According to the Ohio Supreme Court, the removal of a judge is necessary "to avoid even an appearance of bias, prejudice, or impropriety, and to ensure the parties, their counsel, and the public the unquestioned neutrality of an impartial judge." *In re Disqualification of Floyd*, 101 Ohio St.3d 1215, 2003-Ohio-7354, ¶ 10; *see also State ex rel. Turner v. Marshall* (1931), 123 Ohio St. 586, 587 ("[I]t is of vital importance that the litigant believe that he will have a fair trial.").

96.    During the mitigation hearing, Davis' sister, Carol Smith, testified on Davis' behalf. Ms. Smith revealed that she has a son by the name of Lahray Thompson, and that Mr. Thompson had been convicted of aggravated murder in a capital case. (Tr. Vol. II, p.126)

97.    Following Ms. Smith's testimony, Judge Nastoff disclosed that he was a member of the prosecution team against Mr. Thompson and had argued to the jury that he should receive the death sentence. (Tr. Vol. II, p.131). Indeed, the motions filed pretrial in Mr. Thompson's case confirm that Judge Nastoff was actively seeking the death penalty against Mr. Thompson. Ex. M, Prosecution Memorandums in Opposition filed in State v. Lahray Thompson. The transcript from Mr. Thompson's trial confirms that Judge Nastoff argued that Mr. Thompson was eligible for the death penalty. Ex. N, State v. Lahray Thompson Trial Tr. 1188–92. The transcript further reveals that he called Mr. Thompson a liar. *Id.* 1205–07.

98.    Davis' counsel stated that the defense already knew Judge Nastoff was involved in the prosecution, but made the decision not to seek his recusal. (Tr. Vol. II, p.132). Counsel knew that Judge Nastoff had previously sought the death penalty against a member of Davis' family, yet did not seek to remove Judge Nastoff from the case. As a prosecutor in Mr. Thompson's case, Judge Nastoff obtained knowledge of Mr. Thompson's family, which included Davis and some of his witnesses. Further, Judge Nastoff had already argued in favor of sentencing Davis' nephew to death, and believed that Mr. Thompson was a liar. Thus, to avoid even the appearance of bias, prejudice, or impropriety, and to ensure the unquestioned neutrality of an impartial judge to the parties, their counsel, and the public, Judge Nastoff should not have

20

been deciding Davis' fate and instead should have been removed from the case.    Ex. D, Affidavit of Diane Menashe.

99.    Mr. Davis's attorneys never discussed the conflict issue with Mr. Davis.  Ex. B, Affidavit of Von Clark Davis.  Had they done so, Mr. Davis would have requested that Judge Nasthoff recuse himself.  Mr. Davis did not find out about the issue until after his sister testified at the penalty phase hearing.

100.    Davis supports this ground with evidence dehors the record that contains sufficient operative facts to demonstrate a lack of competent counsel and prejudice that resulted from that ineffectiveness. *State v. Jackson* (1980), 64 Ohio St.2d 107, 111.  Davis must be granted a new trial or, at a minimum, discovery and an evidentiary hearing on this ground for relief.

**Supporting Exhibits**: B, Affidavit of Von Clark Davis; D, Affidavit of Diane Menashe; M, Prosecution Memorandums in Opposition filed in State v. Lahray Thompson; N, State v. Lahray Thompson Trial Transcript.

**Legal Authority in Support of Ground for Relief**: Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution; Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution; *Strickland v. Washington* (1984), 466 U.S. 668; *Rose v. Clark* (1986), 478 U.S. 570; *Tumey v. Ohio* (1927), 273 U.S. 510; *In re Disqualification of Floyd*, 101 Ohio St.3d 1215, 2003-Ohio-7354; *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128; *State v. Jackson* (1980), 64 Ohio St.2d 107; *State ex rel. Turner v. Marshall* (1931), 123 Ohio St. 586.

21

**SEVENTH GROUND FOR RELIEF**

101. Davis hereby incorporates by reference all previous paragraphs as if fully rewritten herein.

102. Davis' sentence is void and/or voidable because defense counsel provided ineffective assistance at the penalty phase and as a result, Davis was sentenced to death. Counsel suggested to Davis that life without the possibility of parole was a sentencing option at his third sentencing hearing, but because the law in effect at the time of Davis' offense was being applied, life without the possibility of parole was not available. Counsel did not provide objectively reasonable assistance and Petitioner was prejudiced as a result of this failure. *Strickland v. Washington* (1984), 466 U.S. 668. Davis was denied his right to effective assistance of counsel as guaranteed by the Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution.

103. When represented by counsel, "[a] criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available." *Smith v. United States* (6th Cir. 2003), 348 F.3d 545, 553; *see also Magana v. Hofbauer* (6th Cir. 2001), 263 F.3d 542, 550 ("[Counsel's] complete ignorance of the relevant law under which his client was charged, and his consequent gross misadvice to his client regarding the client's potential prison sentence, certainly fell below an objective standard of reasonableness under prevailing professional norms."). Misinformation concerning parole eligibility can be ineffective assistance of counsel. *Sparks v. Sowders* (6th Cir. 1988), 852 F.2d 882, 885 (holding misadvice concerning parole eligibility can amount to ineffective assistance of counsel and granting evidentiary hearing in case where attorney advised defendant that he could receive sentence of life without parole when in reality the defendant did not face such consequence).

104. Mr. Davis believed that life without parole was a potential sentence option. Ex. B, Affidavit of Von Clark Davis; Ex. H, Redacted Mitigation Write-Up. Defense counsel failed to clearly state that life without parole was not a possible option in this sentencing phase. Ex. B, Affidavit of Von Clark Davis.

105. Davis supports this ground with evidence dehors the record that contains sufficient operative facts to demonstrate a lack of competent counsel and prejudice that resulted from that ineffectiveness. *State v. Jackson* (1980), 64 Ohio St.2d 107, 111. Davis must be granted a new trial or, at a minimum, discovery and an evidentiary hearing on this ground for relief.

**Supporting Exhibits**: B, Affidavit of Von Clark Davis; H, Redacted Mitigation Write-Up.

**Legal Authority in Support of Ground for Relief**: Fifth, Sixth, Eight, and Fourteenth Amendments to the United States Constitution; Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution; *Strickland v. Washington* (1984), 466 U.S. 668; *Smith v. United States* (6th Cir. 2003), 348 F.3d 545; *Magana v. Hofbauer* (6th Cir. 2001), 263 F.3d 542; *Sparks v. Sowders* (6th Cir. 1988), 852 F.2d 882; *State v. Jackson* (1980), 64 Ohio St.2d 107.

**EIGHTH GROUND FOR RELIEF**

106.    Davis hereby incorporates by reference all previous paragraphs as if fully rewritten herein.

107.    Davis' convictions and sentences are void or voidable because defense counsel provided ineffective assistance during his capital trial. Davis' original trial attorneys did not advise Davis of the collateral consequence of his waiver of a jury trial. Counsel did not provide objectively reasonable assistance and Petitioner was prejudiced as a result of this failure. *Strickland v. Washington* (1984), 466 U.S. 668. Davis was denied his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution.

108.    A defendant should have the right to make a decision regarding a jury waiver based on the evidence known to him that may be presented. This is the essence of a knowing, intelligent, and voluntary waiver. *Patton v. United States* (1930), 281 U.S. 276, 312–13; *Adams v. United States ex rel. McCann* (1942), 317 U.S. 269, 275, 277–78. The Constitution demands "the utmost solicitude of which courts are capable and canvassing the matter with the accused to make sure he has a full understanding." *Boykin v. Alabama* (1964), 395 U.S. 238, 243–44.

109.    In *Padilla v. Kentucky* (2010), 130 S. Ct. 1382, the United States Supreme Court required a defendant to be advised of the collateral consequences of his plea. Such collateral or remedial consequences would include that Davis would be subject to unfavorable changes in the law that benefit the State, and that he could not take advantage of favorable changes of the law.

110.    On May 8, 1984, Davis waived his right to trial by jury and elected to be tried by a three-judge panel consisting of Judges Henry J. Bruewer, William R. Stitsinger, and John R. Moser. Ex. O, Jury Waiver. However, Davis was not advised that once he waived a jury, he would forever be locked into that waiver and even if his case came back for retrial after appeal, he could not have a jury trial. This would have affected Mr. Davis's decision to waive a jury. Ex. B, Affidavit of Von Clark Davis.

111.    Additionally, Mr. Davis was not advised that the jury waiver applied not only to this panel of judges, but also to any new panel of judges or even one different judge that might hear the case later if his case was reversed on appeal. *Id.* He was not informed that if death penalty law changed, he would not get the benefit of those changes because he had waived his right to a jury trial. *Id.*

112.    Davis was not informed that if death penalty law changed, he would not get the benefit of those changes because he had waived his right to a jury trial. *Id.*

113.    The aforementioned collateral consequences of his jury waiver were not explained to Mr. Davis. Had he been properly advised, he would not have waived a jury back in 1984.

114.    Davis supports this ground with evidence dehors the record that contains sufficient operative facts to demonstrate a lack of competent counsel and prejudice that resulted from that ineffectiveness. *State v. Jackson* (1980), 64 Ohio St.2d 107, 111. Davis must be granted a new trial or, at a minimum, discovery and an evidentiary hearing on this ground for relief.

23

**Supporting Exhibits**: B, Affidavit of Von Clark Davis; O, Jury Waiver.

**Legal Authority in Support of Ground for Relief**: Sixth and Fourteenth Amendments to the United States Constitution; Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution; *Padilla v. Kentucky* (2010), 130 S. Ct. 1382; *Strickland v. Washington* (1984), 466 U.S. 668; *Boykin v. Alabama* (1964), 395 U.S. 238, 243–44; *Adams v. United States ex rel. McCann* (1942), 317 U.S. 269; *Patton v. United States* (1930), 281 U.S. 276; *State v. Jackson* (1980), 64 Ohio St.2d 107.

24

### NINTH GROUND FOR RELIEF

115.    Davis hereby incorporates by reference all previous paragraphs as if fully rewritten herein.

116.    Davis' judgment and sentence are void or voidable because Ohio's post-conviction procedures do not provide an adequate corrective process, in violation of the constitution. Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution.

117.    In theory, post-conviction offers a convicted defendant an opportunity to test the constitutional validity of his conviction and sentence. An adequate corrective process should be "swift and simply and easily invoked," should "eschew rigid and technical doctrines of res judicata of forfeiture, waiver or default," and should "provide for full fact hearings to resolve disputed factual issues." *Case v. Nebraska* (1965), 381 U.S. 336, 346–47 (Brennan, J., concurring); *see also Goldberg v. Kelly* (1970), 397 U.S. 254; *Evitts v. Lucey* (1985), 469 U.S. 387. This minimum standard for state post-conviction proceedings are not fulfilled by the cursory, inadequate, and ineffective process provided for in the relevant Ohio statutes, nor do the state courts, in practice, provide any meaningful review in these proceedings. Since 1982, only one death row inmate has been granted relief from a trial court on a post-conviction petition. *See State v. Barnes* (Lucas C.P. May 17, 1991), No. CR-83-5911.

118.    The text of the statute provides that a petitioner must include affidavits or evidence dehors the record in support of the claims in a petition. R.C. 2953.21(A). It is from the face of the petition that a trial court must determine if a hearing is required. *State v. Cooperrider* (1984), 4 Ohio St.3d 226. All this must be done without the benefit of the discovery processes available to every other civil litigant. Without this access, Ohio's post-conviction process imposes an impossible pleading standard on petitioners.

119.    Rule 35 of Criminal Procedure further curtails the post-conviction process. Ohio R. Crim. P. 35(A) demands that each cause of action contained in a post-conviction petition not exceed three pages. The Staff Notes to the amendment state the purpose of this is to "introduce some uniformity in post-conviction relief proceedings and aid in the administration of justice." Uniformity in the post-conviction process may be a rational goal; however, it cannot be achieved at the expense of criminal defendants who are now facing death. If the need for uniformity in post-conviction cases is balanced against the requirement that capital cases be afforded the highest degree of due process, the only acceptable, and constitutionally sound, resolution is to protect due process rights.

120.    In Ohio, every aspect of post-conviction review is discretionary. An evidentiary hearing on the petition is not automatic; instead the trial court must first determine "whether there are substantive grounds for relief." R.C. 2953.21(C). This requires the petitioner to "set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, paragraph two of the syllabus. To determine if substantive grounds for relief exist, the statute requires the trial court to consider "supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized

25

records of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(C). The trial court can deny a petition without even holding an evidentiary hearing if the trial court does not find grounds for granting relief. R.C. 2953.21(E); *Calhoun*, 86 Ohio St.3d 279. Thus, a petition could be dismissed based on the trial court's facial review of it, without the benefit of any discovery process, thereby imposing an impossible pleading standard on petitioners.

121. In sum, the Ohio post-conviction process does not require an evidentiary hearing, or any other form of discovery. *See State v. Conway*, 10th Dist. No. 05AP-76, 2005-Ohio-6377, at ¶12 ("We also disagree with appellant's assertion that he is entitled to conduct discovery. In fact, discovery and an evidentiary hearing are rare. This court has addressed this issue previously and has determined that there 'is no requirement of civil discovery in post-conviction proceedings.' . . . A petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing."). However, the process places a heavy burden on an inmate such as Davis to set forth "operative facts" warranting further review. Indigent inmates face the insurmountable burden of collecting evidence in support of valid claims prior to the filing of a petition without the means to collect information critical to their claims. Absent funds for the reasonable and necessary expert and investigative assistance to properly investigate, prepare, and litigate the post conviction petition in the abbreviated period of time available provided by the statute of limitations, R.C. 2953.21, it is impossible for Davis to fully and fairly develop the factual bases for his claims and to fully and fairly present those claims to this court.

122. The Sixth Circuit Court of Appeals has expressed its concerns regarding the State of Ohio's inadequate, excessively narrow, and ineffectual post-conviction scheme. *Keener v. Ridenour* (6th Cir. 1979), 594 F.2d 581, 590. The basis for the Sixth Circuit's dissatisfaction with Ohio's lack of process can be traced to *State v. Perry* (1967), 10 Ohio St.2d 175. After Perry, the Sixth Circuit recognized that "[b]ecause of the narrow limits placed on the Ohio post-conviction statute, there is no longer any effective State remedy open to the Appellant to exhaust. The Perry decision has rendered such process ineffective to protect the rights of the Appellant." *Coley v. Alvis* (6th Cir. 1967), 381 F.2d 870, 872; *accord Allen v. Perini* (6th Cir. 1970), 424 F.2d 134, 139–40.

123. The Ohio Legislature established a post-conviction procedure to effectuate the constitutional rights of those individuals convicted of criminal offenses. Assuming arguendo that those procedures do no emanate directly from clear constitutional provisions, "when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the Due Process Clause." Evitts, 469 U.S. at 401.

124. A viable, fair, effective means for Davis to raise collateral challenges to his sentence is all the more critical here because Davis' "life" interest (protected by the "life, liberty and property" language in the Due Process Clause) is at stake in the proceeding. *Ohio Adult Parole Authority v. Woodard* (1998), 523 U.S. 272. Death is different; for that reason more process is due, not less. *See Lockett v. Ohio* (1978), 438 U.S. 586; *Woodson v. North Carolina* (1976), 428 U.S. 280. Davis is entitled to an adequate post-conviction remedy to vindicate his Ohio and Federal constitutional rights to effective assistance of counsel, due process of law, equal protection of the law, confrontation of the State's evidence against him, and freedom from cruel and unusual punishment. Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United

26

States Constitution and Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution. Due to the unconstitutionality of Ohio's post-conviction procedures, Davis must be granted a new trial or, at minimum, discovery and an evidentiary hearing on this and all other Grounds for Relief.

**Legal Authority in Support of Ground for Relief**: *Ohio Adult Parole Authority v. Woodard* (1998), 523 U.S. 272; *Evitts v. Lucey* (1985), 469 U.S. 387; *Lockett v. Ohio* (1978), 438 U.S. 586; *Woodson v. North Carolina* (1976), 428 U.S. 280; *Goldberg v. Kelly* (1970), 397 U.S. 254; *Case v. Nebraska* (1965), 381 U.S. 336; *Keener v. Ridenour* (6th Cir. 1979), 594 F.2d 581; *Allen v. Perini* (6th Cir. 1970), 424 F.2d 134; *Coley v. Alvis* (6th Cir. 1967), 381 F.2d 870; *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102; *State v. Cooperrider* (1984), 4 Ohio St.3d 226; *State v. Perry* (1967), 10 Ohio St.2d 175; *State v. Conway*, 10th Dist. No. 05AP-76, 2005-Ohio-6377; R.C. 2953.21; Ohio R. Crim. P. 35(A).

27

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6228

## IV.   CONCLUSION

WHEREFORE, Defendant-Petitioner Von Clark Davis requests the following relief:

A.      That this Court declare Davis' death sentence to be void or voidable and grant him a new sentencing hearing;

B.      That this Court grant Davis leave to pursue discovery to more fully develop the factual basis demonstrating the constitutional violations that render his conviction and death sentence void or voidable;

C.      That this Court conduct an evidentiary hearing pursuant to R.C. 2953.21;

D.      That this Court grant any further relief to which Davis might be entitled.

Respectfully submitted,

Kort Gatterdam (0040434)
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone:  (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com
        henry@carpenterlipps.com

COUNSEL FOR DEFENDANT-PETITIONER

28

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Petition to Vacate or Set Aside Sentence Pursuant to R.C. 2953.21 was forwarded by first-class, postage prepaid U.S. Mail to Michael T. Gmoser, Butler County Prosecuting Attorney, 315 High Street, 11th Floor, Hamilton, Ohio 45011, on this 21st day of October, 2011.

_____
Kort Gatterdam

29

1

          BE IT REMEMBERED that on the 4th day of

August, 1989, the following came on for hearing before a

three judge panel.

          JUDGE BRUEWER:  I guess we're back on this

case, it's case number CR83-12-0614.  It's the State of

Ohio vs. Von Clark Davis and I guess we're here at

the...to go forward with whatever's going to be presented

here this morning in relation to the directives from the

Supreme Court.  Is the prosecutor ready here?

          MR. EICHEL:  We are, Your Honor.

          JUDGE BRUEWER:  Is the defense ready?

          MR. GARRETSON:  Yes, Your Honor.  We

would...first of all, I realize we had a hearing Monday

and the court made certain rulings at that time, we would

renew, for purposes of the record, any of the motions that

were filed prior to the original trial, which the court

has obviously made rulings previous to this time, as well

as the motions we filed on Monday or...or filed and heard

on Monday.  We do renew specifically the motion that we

wanted to present additional testimony.  It is our

understanding the court has ruled we cannot present that

testimony, but that we would be permitted to proffer the

testimony into the record.  We'll do that however the

court wants us to do that.

          JUDGE BRUEWER:  They can do that now,

2

1
2 can't they?  You can do that prior to argument if you want
3 to, you can go ahead right now.
4                    MR. GARRETSON:  Alright.  Pursuant to the
5 instructions from the court at the hearing on Monday I did
6 not have the actual witnesses appear pursuant to the
7 subpoenas that we had previously issued.  However, I did
8 speak over the phone with the three individuals that we

                                        Fisher.  Specifically I


1         IN THE COURT OF APPEALS OF BUTLER COUNTY, OHIO

2

3 THE STATE OF OHIO              :

4         Appellee               :

5 vs.                            :  Case No.  CA89-09-0123

6 VON CLARK DAVIS                :  TRANSCRIPT OF HEARING
                                          and
7         Appellant              :  COURT'S DECISION

8                                :

9                                :

10                                 APPEARANCES:

11  **90-2524**                    Mr. Daniel Eichel
                                    Assistant Prosecutor
12                                  For the Appellee

13

14         FILED                        -and-

15

16      MAR 0 6 1991               Mr. John Garretson
                                    Mr. Michael Shanks
17   MARCIA J. MENGEL, CLERK       Attorneys at law
     SUPREME COURT OF OHIO         For the Appellant

3

Corrections at Lucasville on death row.   Specifically I'd like   to proffer...and...and it's difficult,  as the court knows,  to...to  summarize  and  proffer  and  it  is  our position that the live testimony of these witnesses  would be  very  persuasive and perhaps make a difference in  the court's  determination,  but nonetheless we  will  proffer their testimony.

Sgt. Gordy Pullman, who's the Assistant Unit Manager of death row, I believe, would testify, based upon  my  conversations  with  him,  that  there  are  two classifications  on death row of prisoners,  an A and a  B classification.   The  A classification being persons  who have not have disciplinary or conduct problems and who are permitted  certain privileges that the other prisoners  are not and that Von Davis,  or "Red", as they refer to him as his  nickname,  is  not only one of the A  prisoners...but also  is the clerk for death row for the unit  manager.   I believe the gentleman would testify that Red Davis started out  as  the clerk,  what they called the  "block  clerk", which  was  first block clerk that they had or  the  first time  they let somebody on death row be outside their cell and  actually work within the confines of the prison,  and that from there he was promoted to the unit manager clerk, or the death row clerk,  and he...as a matter of fact,  is on  a payroll from the State of Ohio,  meager as it  might be,  he's  actually paid to work as a clerk for death row.

4

He would testify that Red has given them no problems whatsoever, that he has been well mannered. When groups are brought in by the warden to tour death row that Red helps conducts the tours. That this system of having inmates on death row work gives a new system and that Red was somewhat of an experiment and had he not worked out they may well have not have the system they now have in place. He indicates that he has presented no problems to other inmates or to the security personnel of the institution and has never had any conduct write-ups, and I...and I wrote down a quote that Sgt. Pullman said, "he wishes all the inmates were like Red and they'd have no problems".

The...I spoke with Capt. Oscar McGraw, who is the Unit Manager of death row, and he indicated many of the same things that Sgt. Pullman did, except that Red apparently works directly for him and that he was promoted to the unit manager clerk in October of 1988 and, to use his words, "he's done an excellent job ever since". He indicates he has a positive attitude, a pleasant personality, he has more freedom, so to speak, than the rest of the prisoners as he in...actually in the office, working in the office, during the entire day as the unit manger secretary and, as indicated, he actually is on payroll. He indicated to me that he is trusted and trusted to the extent that he's trusted with the documents

5

and paperwork that some through there...through death row. He indicated also that he had had no write-ups or conduct problems whatsoever.

I also spoke with a Herb Wendler, who is the case manager for Von Davis, a social worker within the institution. He indicated that Red was cooperative and courteous and conducted himself properly, that he was always well groomed and well dressed. He indicated that Von had as much trust as any person on death row could have within their institution as a matter of system. He indicated he was dependable and had presented no problems either to staff or the inmates and that he had no conduct write-up since his time in the institution.

These are the witnesses, in addition to Dr. Fisher, who would have presented a psychological update based upon his meetings with Von Davis.

That's the areas that we wish...wish to proffer. And procedurally we...we have a question. We are assuming from the court's ruling that the only thing that will be presented would be the argument of counsel, which I assume would proceed...the State would be first, we would be second, and then the State would rebut in turn or...or perhaps maybe the State would only go last, I...however.

JUDGE BRUEWER: That's correct.

MR. GARRETSON: And prior to making a

# IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. CR-1983-12-0614 |
| | : | |
| Plaintiff-Respondent, | : | Judge Nastoff |
| | : | |
| v. | : | |
| | : | |
| VON CLARK DAVIS, | : | CAPITAL CASE |
| | : | |
| Defendant-Petitioner. | : | |

---

## AFFIDAVIT OF VON CLARK DAVIS

---

COUNTY OF MAHONING )
                    )   SS:
STATE OF OHIO       )

I, Von Clark Davis, being first duly cautioned do state the following:

1. I am over 18 years of age, am of sound mind, and am competent to testify regarding the matters discussed in this affidavit.

2. I am the Defendant in the above-captioned case.  My attorneys for my September, 2009 penalty phase hearing were Randall Porter and Melynda Cook-Reich.

3. I discussed with my attorneys all my certificates, job evaluations, good conduct as well as guards and case managers that have seen me in prison since 1984.  Other than the institutional summary introduced through Scott Nowak, my attorneys did not present any evidence at the penalty phase hearing of my job reviews, achievements or good conduct while in prison.

4. My attorneys never asked me for names of guards, case managers (other than Mr. Nowak) or other prison personnel to interview about possibly testifying for me.  I could have provided them a number of names, particularly of guards at OSP (Ohio State Penitentiary) where I have been for the last 4 years as well as the two institutions I had previously been housed, Mansfield Correctional Institution and the Southern Ohio Correctional Institution.  I believe they have seen me a sufficient amount of time to be able to attest that, among other things: I follow the rules, I do not act out, I am a hard worker and I have been helpful to them in a number of ways over the years.

**EXHIBIT**

**B**

5. I recall my attorneys mentioning at the sentencing hearing that they were going to have John Lee testify about some interviews he did of the following family members: Charles Flowers, Milton Flowers, Fannie Whiteside, and Elizabeth Crawford. I was upset that my attorneys did not call Mr. Lee to testify or attempt to admit the write-ups from Mr. Lee and others of these family members who were deceased or who had dementia at the time of my September, 2009 hearing. I thought these interviews provided important family insight that was not contained in other people's testimony. I also believed that their information was necessary as substantive evidence, not just for Dr. Smith's social history.

6. My attorneys mentioned to me that they were going to call someone from the Parole Board to say that I would never be paroled. I told both my attorneys and the mitigation specialist from the Office of the Public Defender that I did not like this idea at all. I thought this person would be putting a nail in my coffin. Mr. Porter said this information would help. He and I argued about it because I did not agree.

7. My attorneys said to me that I was never getting out of prison. I wanted some hope of getting out. They sent the mitigation specialist up to talk to me about possibly taking a life without parole deal but I rejected that. I had no idea that life without parole was not a sentencing option in my case.

8. My attorneys did not discuss at all with me their decision not to seek the recusal of Judge Nastoff. I did not know until my sentencing hearing in September, 2009 that Judge Nastoff was one of the prosecutors who went to trial and sought the death penalty against my nephew, Lahray Thompson. I was too shocked to say anything to my attorneys at that point but had I been asked earlier, I would have asked my attorneys to seek Judge Nastoff's recusal.

9. Prior to my first trial in this case, back in 1984, I had attorneys Michael Shanks and John Garretson. I was unaware of all the consequences of my jury waiver back in 1984. I was not told by my trial attorneys that once I waived a jury, I could never have a jury in my case even if I was convicted and the case was reversed on appeal. I was also under the impression that the jury waiver applied to this panel of judges only and for this trial only, not to any new panel of judges or even one different judge that might hear the case later if my case was reversed on appeal. I was not informed that if death penalty law changed, I would not get the benefit of those changes because I had waived my right to a jury trial. All of these things would have affected my decision to waive jury and I would not have waived jury had I known these things back in 1984.

2

FURTHER AFFIANT SAYETH NAUGHT.

_Von C. Davis_
Von Clark Davis

Sworn to and subscribed before me this 17th day of October, 2011.

_Darnell Brady_
Notary Public

3

### IN THE COURT OF COMMON PLEAS
### BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. CR-1983-12-0614 |
| | : | |
| Plaintiff-Respondent, | : | Judge Nastoff |
| | : | |
| v. | : | |
| | : | |
| VON CLARK DAVIS, | : | CAPITAL CASE |
| | : | |
| Defendant-Petitioner. | : | |

---

## AFFIDAVIT OF KORT GATTERDAM

---

COUNTY OF FRANKLIN   )
                     )   SS:
STATE OF OHIO        )

I, Kort Gatterdam, being first duly cautioned do state the following:

1. I am over 18 years of age, am of sound mind, and am competent to testify regarding the matters discussed in this affidavit.

2. I am an attorney, licensed to practice law in the State of Ohio since 1988. I have been practicing criminal defense at the trial and appellate level since 1988. I am certified to handle capital cases pursuant to R. Sup. 20 and have handled a number of capital cases since I have been practicing law.

3. I am presently representing Von Clark Davis in filing for post-conviction relief from his September 2009 penalty phase rehearing before a three judge panel. As part of my investigation, I spoke to Mr. Davis's case manager, Scott Nowak. I asked Mr. Nowak if I could arrange to come up to the Ohio State Penitentiary with my mitigation specialist to interview any guards, caseworkers or other prison personnel that know Mr. Davis and may have been potential witnesses for his 2009 sentencing hearing. Mr. Nowak advised me that he would have to talk to the Warden. He got back to me later and said that neither I nor my mitigation specialist would be able to interview any ODRC (Ohio Department of Rehabilitation and Correction) employees per ODRC policy. He did say that trial counsel could have subpoenaed any ODRC employee to the sentencing hearing and they would comply with the subpoena.

FURTHER AFFIANT SAYETH NAUGHT.

**EXHIBIT**

**C**

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6239

_____

KORT GATTERDAM

Sworn to and subscribed before me this 26th day of October, 2011.

_____

Notary Public



Erik P. Henry, Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date
Sec. 147.03 R.C.

**IN THE COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **Case No. CR-1983-12-0614** |
| | : | |
| **Plaintiff-Respondent,** | : | **Judge Nastoff** |
| | : | |
| v. | : | |
| | : | |
| VON CLARK DAVIS, | : | **CAPITAL CASE** |
| | : | |
| **Defendant-Petitioner.** | : | |

---

**AFFIDAVIT OF DIANE M. MENASHE**

---

COUNTY OF FRANKLIN )
                  )    SS:
STATE OF OHIO     )

I, Diane Menashe, being first duly cautioned do state the following:

1. I am over 18 years of age, am of sound mind, and am competent to testify regarding the matters discussed in this affidavit.

2. I am attorney, licensed to practice law in the State of Ohio since 1998. I worked in the Office of the Ohio Public Defender from 1997 to 2001. From 2001 to present, I have been in private practice in my own office, Diane M. Menashe Co., L.P.A.

3. My practice is exclusively focused on criminal defense in state and federal court. I have litigated numerous cases in state and federal court.

4. I am certified by the State of Ohio as lead counsel in capital cases pursuant to Rule 20 of the Ohio Rules of Superintendence and have handled and tried numerous capital cases. I have also handled two federal capital cases that went to jury, *United States v. Lawrence* and *United States v. Henderson*, both in the Southern District of Ohio, Eastern Division.

5. I was retained by Attorney Kort Gatterdam to provide my opinion on the sentencing phase trial beginning September 8, 2009, in State of Ohio v. Von Clark Davis.

6. As part of my duties, I reviewed: the September 8, 2009 – September 10, 2009 penalty phase transcript; Supreme Court of Ohio opinions; Court of Appeals opinions; Sixth Circuit Court of Appeals opinion ordering a new penalty phase hearing; mitigation write-

**EXHIBIT**

**D**

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6241

ups; affidavits of Cynthia Mausser, Dr. Bob Smith, Kort Gatterdam, and Von Clark Davis; transcript of proffer of defense witnesses for August 1989 penalty phase hearing, p. 1–5; prior penalty phase opinions; prison records attached to post-conviction petition; penalty phase exhibits B-I.

7.  I am fully conversant with the Sixth Amendment test for ineffective assistance of counsel enunciated in *Strickland v. Washington* (1984), 466 U.S. 668, and its progeny. Based upon my experience and upon the prevailing constitutional standards, it is my professional opinion that trial counsel's performance was deficient in several areas and those deficiencies prejudiced the penalty phase of Von Clark Davis's case.

8.  First Ground for Relief – I am familiar with the Sixth Circuit's Opinion in *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761. In that case, the Sixth Circuit granted Davis habeas relief because during Davis' second penalty phase hearing, the three-judge panel erroneously excluded testimony regarding Davis' exemplary behavior on death row between his first and second sentencing hearings. *Id.* at 770. Regarding the evidence, the Sixth Circuit stated:

> Such testimony would have established that Davis was classified as an "A" prisoner, indicating that he had no discipline or conduct problems; that he was the clerk on death row for the unit manager and helped conduct tours of death row; and that he had created no problems for other inmates or for security personnel and had no conduct write-ups. Davis worked directly for Oscar McGraw, the unit manager for death row, who complimented Davis's positive attitude and pleasant personality. Herb Wendler, Davis's case manager, observed that Davis was cooperative and courteous, that he had been given much more freedom than other inmates on death row, and that he had been placed in various positions of trust within the unit.

*Id.* at 773. The Sixth Circuit determined that based on the record in the case, this evidence was "without doubt . . . highly relevant to the single aggravating factor relied upon by the state—that future dangerousness should keep Davis on death row." *Id.*

9.  It is my understanding the defense counsel handling Davis' 2009 penalty phase hearing never attempted to contact Sgt. Gordy Pullman, Oscar McGraw, Herb Wendler or any other witnesses who may have had information as to Davis' model behavior while on death row. I find this to be deficient performance. The anticipated testimony of Oscar McGraw and Herb Wendler was the basis for the Sixth Circuit's reversal of Davis' 1989 death sentence. There is no legitimate reason for defense counsel's failure to even attempt to locate these or any other witnesses which may have had information regarding Davis's good behavior while incarcerated on death row. If defense counsel was concerned with ODRC's policy regarding employee interviews, they could very easily have subpoenaed the witnesses to the penalty phase hearing and interviewed (or had their mitigation specialist interview) the witnesses when they appeared for court.

<center>2</center>

10. The failure to conduct this investigation is objectively unreasonable and constitutes ineffective assistance of counsel pursuant to the two prong test in *Strickland v. Washington*.

11. Second Ground for Relief – I read the penalty phase testimony of caseworker Scott Nowak. It is my understanding that Mr. Davis had a number of certificates, and other information about his accomplishments while in prison, work history while in prison, lack of institutional write-ups and security level reductions. It is my opinion that these documents should have been marked as exhibits and introduced at the penalty phase hearing. Demonstrative evidence of Davis' accomplishments and his behavior while in prison would have been important tangible evidence for the trier of fact. The evidence was admissible, available and relevant to whether Davis should be sentenced to death. Submitting a two page summary through Mr. Nowak was incomplete and unpersuasive, particularly when other evidence existed.

12. The failure to present this evidence is objectively unreasonable and constitutes ineffective assistance of counsel pursuant to the two prong test in *Strickland v. Washington*.

13. Third Ground for Relief – I believe defense counsel has a duty to determine, before placing a witness on the stand, whether that witness could potentially harm the defense case and if so, whether that is a risk worth taking. I read the testimony and affidavit of Cynthia Mausser. Given what Ms. Mausser stated in her affidavit and in her testimony at the penalty phase hearing, I would not have called her as a witness. I believe her testimony harmed Mr. Davis's case. Although defense counsel in their opening statement promised otherwise, Ms. Mauser could not say that Davis would never be paroled. To the contrary, she testified that Davis was apt to be paroled and because he had twice been convicted of murder, the streets would not be safe if/when he were ever released.

14. As the Chair of the Board, I find it hard to believe Ms. Mausser would have guaranteed defense counsel during an interview that Mr. Davis would never be paroled. Rather, it stands to reason that Ms. Mausser's affidavit about what she told defense counsel when interviewed about the possibility of Davis' parole is accurate. No single Parole Board Member constitutes a majority so even if she had an opinion on parole, it would not necessarily be shared by others on the Board.

15. The presentation of Cynthia Mausser's testimony is objectively unreasonable and constitutes ineffective assistance of counsel pursuant to the two prong test in *Strickland v. Washington*.

16. Fourth Ground for Relief – Dr. Smith was asked to provide testimony on Davis's psycho-social history and what, if any, psychological disorders he suffered from at the time of the incident. In my opinion, the key question in this penalty phase was whether Mr. Davis would be a danger to anyone in the community if he was paroled. Defense counsel obviously did not prepare Dr. Smith to testify on this issue because he offered no testimony in this regard. Moreover, his testimony had the opposite effect; he opined that the nature of borderline personality disorder is that an inmate does well in a structured setting like prison but not when they have no clear cut structure like a person out in the

3

community. Given Mr. Davis's prior history, I believe this testimony was harmful and contributed to the panel giving Mr. Davis death.

17. In addition, defense counsel should have gained information from the prior two panels of judges that heard similar testimony and rejected the psychological testimony. In fact, the second panel actually used the psychological testimony to assist them in making their decision that the death penalty was the appropriate sentence. Defense counsel should either have not presented the testimony of Dr. Smith or focused on the future dangerousness issue as addressed by Dr. Smith's affidavit.

18. The presentation of Dr. Bob Smith's testimony is objectively unreasonable and constitutes ineffective assistance of counsel pursuant to the two prong test in *Strickland v. Washington.*

19. Fifth Ground for Relief – Defense counsel had an exhibit notebook with Exhibits A–L, presumably which they intended to introduce into evidence at the penalty phase hearing. However, they only submitted Exhibits J, K, and L. Of the documents not submitted was an affidavit and the mitigation write-ups from four witnesses who were either deceased or were no longer competent to testify. These witnesses had relevant and important historical information to provide about Davis. Although defense counsel initially indicated to the Court that they intended to present the affidavit and mitigation write-ups through the testimony of their mitigation specialist, John Lee, they did not. For reasons unknown, the defense did not call Mr. Lee. Furthermore, they later withdrew their request to have the exhibits introduced.

20. The defendant is to be given great latitude in presenting mitigating factors in a capital sentencing hearing. *See* R.C. 2929.04(C); *State v. Landrum* (1990), 53 Ohio St.3d 107, 115. Moreover, in this case the affiants were unavailable, so under a more lax standard of evidentiary rules the documents were apt to be admissible. Further, the fact that the case was being tried to a three judge panel makes it more likely than not that the affidavit and the mitigation the write-ups would have been admitted into evidence and given the appropriate weight. I believe that the evidence was admissible as substantive evidence and defense counsel should have introduced or at least attempted to introduce this testimony. Moreover, I believe the evidence was relevant and important to the defense case.

21. The failure to present John Lee's testimony and/or the mitigation write-ups and affidavit is objectively unreasonable and constitutes ineffective assistance of counsel pursuant to the two prong test in *Strickland v. Washington.*

22. Sixth Ground for Relief – At the end of Carol Smith's testimony, Judge Nastoff indicated that he prosecuted, and argued for the death penalty, against Ms. Smith's son, Lahray Thompson. Carol Smith is the sister of the Defendant, making Lahray Thompson the Defendant's nephew. Defense counsel indicated that he made the decision long ago not to challenge the judge's connection to Ms. Smith as grounds for recusal.

4

23. I have reviewed Mr. Davis's affidavit where he states that his attorney never discussed the recusal issue with him. I find this to be problematic. Moreover, I find it deficient performance not to seek recusal of Judge Nastoff based on his affiliation to Ms. Smith. Judge Nastoff sought the death penalty against Mr. Davis's nephew. During that prosecution he heard and cross examined some of the very same mitigation evidence that Davis presented in his case. It would be difficult, if not impossible, to put aside Judge Nastoff's prior opinions about the veracity and strength of the mitigation.

24. Further, as a practical matter, Judge Nastoff was a former prosecutor who litigated capital cases. Strategically he was not likely to favor the defense presentation given his prior employment.

25. The failure to seek Judge Nasthoff's recusal is objectively unreasonable and constitutes ineffective assistance of counsel pursuant to the two prong test in *Strickland v. Washington.*

26. In addition to the aforementioned examples of ineffectiveness, I observed several other deficiencies in defense counsel's representation.

27. The first witness to testify was Francis Weiland from England. Ms. Weiland had important information about Mr. Davis's remorse and how he has rehabilitated himself over time. She had a letter from Mr. Davis addressing his remorse but was prevented from introducing it into evidence because defense counsel did not provide a copy of the letter to the prosecution as required by the Rules of Evidence.

28. I also found Mr. Davis's unsworn statement to be rehearsed and unconvincing. Despite the Sixth Circuit's reason for reversal in the case of *Davis v. Coyle* (6th Cir. 2007), 475 F.3d 761, defense counsel did not ask Davis about his institutional adjustment or achievements. Davis' testimony as to this issue was even more critical in the absence of any ODRC employees being called as witnesses by the defense. Mr. Davis should have been asked to testify about his exemplary behavior in prison, his certificates, work history, etc.

29. All of my opinions are based on my experience, my review of the records in this case and my knowledge of the standard for ineffective assistance of trial counsel under *Strickland v. Washington.* For the reasons stated above, both individually and cumulatively, Von Clark Davis was deprived of the effective assistance of trial counsel under the Ohio and United States Constitutions.

5

FURTHER AFFIANT SAYETH NAUGHT.



DIANE M. MENASHE

Sworn to and subscribed before me this 21st day of October, 2011.

Notary Public

KORT GATTERDAM, Attorney At Law
NOTARY PUBLIC, STATE OF OHIO
My commission has no expiration date.
Section 147.03 R.C.

6



THE VIETNAM VETERANS OF AMERICA
CHAPTER #181

BE IT KNOWN THAT

VON CLARK DAVIS

IS HEREBY PRESENTED WITH THIS

# *Certificate of Completion*

FOR

COMPLETING V.V.A. CHAPTER #181'S TWELVE WEEK STRESS MANAGEMENT SEMINAR

For the period of ___DECEMBER 22, 1989___ to ___APRIL 27, 1990___ .

Presented this 1st day of May, 1990

THE EXECUTIVE COMMITTEE

Donald E. Holden
PRESIDENT

Charles Fraley Jr.
VICE PRESIDENT/SECRETARY

Domenic E. Humenik
PROGRAM CHAIRMAN

STAFF ADVISOR

EXHIBIT
E

OHIO DEPARTMENT OF REHABILITATION & CORRECTION

Inmate Evaluation Report

Inmate Name: DAVIS          Inmate Number: 179-828

Work Program: DEATH ROW     Job Assignment: Block Clerk (2)

Period of Evaluation (Check one):    Probationary: _____

Annual: _____

Special: ✓

----------------------------------------------------------------

Each aspect of inmate's performance is to be evaluated on a 1 to 10 basis.

1 = poor performance, 10 = excellant performance

| FACTOR | | | | | | RATING | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Attitude | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Initiative | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | | (10) |
| Quality/Quantity | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | (9) | 10 |
| Attendance | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Dependability | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Safety/Housekeeping | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | | (10) |
| Increasing Knowledge/Skills | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | (9) | 10 |

Total Evaluation Rating  _68_

Evaluator Comments: Inmate Davis is a real good worker, he needs very little supervision on is job, he is welling to do extra work with out complaning

Reviewer Comments: This MAN has demonstrated Excellent Adjustment And is A willing WoRkeR.

Evaluated by: J R Lewis 186  Title: 902  Date: 7-12-88
Reviewed by: B. E. McKraw  Title: Unit Manager  Date: 12 July 88
Inmate Signature: Von Davis  Number: 179-828  Date: 7/12/89

DR&C 1/82

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6248

## OHIO DEPARTMENT OF REHABILITATION & CORRECTION

### Inmate Evaluation Report

Inmate Name: DAVIS                    Inmate Number: 179-828

Work Program: DEATH ROW - PAYROLL     Job Assignment: Asst.' Unit Mgr.'s Clerk/Porter
                                                       10/1/88 - 8/1/89
Period of Evaluation (Check one):     Probationary: _____

                                      Annual: _____

                                      Special: XXXX

---

Each aspect of inmate's performance is to be evaluated on a 1 to 10 basis.

1 = poor performance, 10 = excellant performance

| FACTOR | | | | | | | RATING | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Attitude | 1 | 2 | 3 | 4 | 5 | 6 | 7 | (8) | 9 | 10 |
| Initiative | 1 | 2 | 3 | 4 | 5 | 6 | 7 | (8) | 9 | 10 |
| Quality/Quantity | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | (9) | 10 |
| Attendance | 1 | 2 | 3 | 4 | 5 | 6 | 7 | (8) | 9 | 10 |
| Dependability | 1 | 2 | 3 | 4 | 5 | 6 | 7 | (8) | 9 | 10 |
| Safety/Housekeeping | 1 | 2 | 3 | 4 | 5 | 6 | 7 | (8) | 9 | 10 |
| Increasing Knowledge/Skills | 1 | 2 | 3 | 4 | 5 | 6 | (7) | 8 | 9 | 10 |

Total Evaluation Rating _____

Evaluator Comments: Inmate Davis has a fair attitude. You could depend upon him to do his job, he work well and tryes to get along with the staff and fellow inmates

Reviewer Comments: Was a good worker - has a good attitude.

---

Evaluated by: SRPullman      Title: Sgt      Date: 8-17-89
Reviewed by: O.C. McKean     Title: U.M. #7  Date: 8-29-89
Inmate Signature: Davis      Number: _____   Date: _____

DR&C-1/82

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6249



## OHIO DEPARTMENT OF REHABILITATION & CORRECTION

### Inmate Evaluation Report

Inmate Name: __DAVIS__          Inmate Number: __179-828__

Work Program: __DEATH ROW__        Job Assignment: __BLOCK CLERK 10/1/88__ 5/1/88 to
__PAYROLL__

Period of Evaluation (Check one):       Probationary: ___ASST. CLERK UNIT MANAGER 10/1/88 to 10/12/88___

Annual: _____

Special: __XXXX__

_____

Each aspect of inmate's performance is to be evaluated on a 1 to 10 basis.

1 = poor performance, 10 = excellant performance

FACTOR                                      RATING

| Attitude | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
|---|---|---|---|---|---|---|---|---|---|---|
| Initiative | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Quality/Quantity | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Attendance | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Dependability | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Safety/Housekeeping | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Increasing Knowledge/Skills | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | (9) | 10 |

   Total Evaluation Rating    _69_

Evaluator Comments: _I/m DAVIS does AN Excellant Job_
_AS Block CLERK_

Reviewer Comments: _Davis was adapting readily as assistant_
_Clerk in Unit Manager office. He is a willing worker_
_and does an excellent job._

Evaluated by: _R Cox #89_   Title: _C/O II_   Date: _10-7-88_
Reviewed by: _O.C. McGraw_   Title: _K-4 Unit Manager_ Date: _18 Oct 88_
Inmate Signature: _____   Number: _____   Date: _____

_Inmate went to outside Court = Awk_
_. . . in l . . lot_

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6250

## OHIO DEPARTMENT OF REHABILITATION & CORRECTION

### Inmate Evaluation Report

Inmate Name: ___DAVIS___          Inmate Number: ___179-828___

Work Program: ___DEATH ROW / PAYROLL___     Job Assignment: ___K-4 DAYROOM PORTER___

Period of Evaluation (Check one):        8/17/89 to 1/1/90   ROTATION

Probationary: _____

Annual: _____

Special: __XXXXX__

----------------------------------------------------------------

Each aspect of inmate's performance is to be evaluated on a 1 to 10 basis.

1 = poor performance, 10 = excellant performance

| FACTOR | | | | | RATING | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Attitude | 1 | 2 | 3 | 4 | 5 | (6) | 7 | 8 | 9 | 10 |
| Initiative | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | (9) | 10 |
| Quality/Quantity | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | (9) | 10 |
| Attendance | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Dependability | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Safety/Housekeeping | 1 | 2 | 3 | 4 | 5 | 6 | (7) | 8 | 9 | 10 |
| Increasing Knowledge/Skills | 1 | 2 | 3 | 4 | 5 | 6 | (7) | 8 | 9 | 10 |

Total Evaluation Rating ___58___

Evaluator Comments: _None_

Reviewer Comments: _Concur with rator need to improve on some of his rating. He will work at any job if ask._

Evaluated by: _DRColes #12_   Title: _CO2_   Date: _2-1-90_

Reviewed by: _Gordon Pullman_   Title: _CPO_   Date: _2-1-90_

Inmate Signature: _V.C. Davis_   Number: _179 28_   Date: _____

DR&C-1/82

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6251

## OHIO DEPARTMENT OF REHABILITATION & CORRECTION

### Inmate Evaluation Report

Inmate Name: **DAVIS**          Inmate Number: 179-828

Work Program: **DEATH ROW – PAYROLL**    Job Assignment: **K-3 BLOCK CLERK**

Period of Evaluation (Check one):    Probationary: (3-19-90 – 7-1-90) ROTATED

                                     Annual: _____

                                     Special: xxx

---

Each aspect of inmate's performance is to be evaluated on a 1 to 10 basis.

1 = poor performance, 10 = excellant performance

| FACTOR | | | | | | | | | | RATING |
|---|---|---|---|---|---|---|---|---|---|---|
| Attitude | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Initiative | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Quality/Quantity | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Attendance | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Dependability | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Safety/Housekeeping | 1 | 2 | 3 | 4 | 5 | 6 | 7 | (9) | 10 |
| Increasing Knowledge/Skills | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | (9) | 10 |

   Total Evaluation Rating    68

Evaluator Comments: _____

_____

_____

Reviewer Comments: *The rating are a little to high, but he is a good worker.*

Evaluated by: *L. T. Crabtree 91*  Title: C/O 3  Date: 7-5-90

Reviewed by: *G. Pullman*  Title: ___  Date: 7-6-90

Inmate Signature: *V.C. Davis*  Number: 179 828  Date: 7-6-90

*I object to reviewer comments on getting high rate*

DR&C-1/82

**DRC Records from Court**          663

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6252

## OHIO DEPARTMENT OF REHABILITATION & CORRECTION

### Inmate Evaluation Report

Inmate Name: __DAVIS__                Inmate Number: __179-828__

Work Program: __Death Row - Payroll__     Job Assignment: __K-4 Bldck Porter__
                                          __8/1/90 - 10/1/90 (Rotated)__
Period of Evaluation (Check one):     Probationary: _____

                                      Annual: _____

                                      Special: __XXX__

----------------------------------------------------------------

Each aspect of inmate's performance is to be evaluated on a 1 to 10 basis.

1 = poor performance, 10 = excellant performance

| FACTOR | | | | RATING | | | | | | |
|--------|---|---|---|---|---|---|---|---|---|---|
| Attitude | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Initiative | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Quality/Quantity | 1 | 2 | 3 | 4 | 5 | 6 | 7 | (8) | 9 | 10 |
| Attendance | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Dependability | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Safety/Housekeeping | 1 | 2 | 3 | 4 | 5 | 6 | 7 | (8) | 9 | 10 |
| Increasing Knowledge/Skills | 1 | 2 | 3 | 4 | 5 | 6 | (7) | 8 | 9 | 10 |

Total Evaluation Rating    __63__

Evaluator Comments: _Inmate Davis is a self starter and need minimum supervision, he like to get his job done and get out of the way, he dosent mind doing extra work when ask to do so!_

Reviewer Comments: _Concur with orator_

----------------------------------------------------------------

Evaluated by: _J R Lewis 186_   Title: _90_    Date: _10-1-90_

Reviewed by: _H A Pullman_   Title: _Sgt_    Date: _10-1-90_

Inmate Signature: _Von Davis_   Number: _179828_   Date: _10-1-90_

DR&C-1/82

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6253

 

## OHIO DEPARTMENT OF REHABILITATION & CORRECTION

### Inmate Evaluation Report

Inmate Name: DAVIS          Inmate Number: 179-828

Work Program: DEATH ROW / UNIT 7     Job Assignment: CLERK - GENERAL

Period of Evaluation (Check one):     Probationary: _____

Annual: _____

Special: _____

---

Each aspect of inmate's performance is to be evaluated on a 1 to 10 basis.

1 = poor performance, 10 = excellant performance

| FACTOR | | | | | RATING | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Attitude | 1 | 2 | 3 | 4 | 5 | 6 | 7 | (8) | 9 | 10 |
| Initiative | 1 | 2 | 3 | 4 | 5 | 6 | 7 | (8) | 9 | 10 |
| Quality/Quantity | 1 | 2 | 3 | 4 | 5 | 6 | 7 | (8) | 9 | 10 |
| Attendance | 1 | 2 | 3 | 4 | 5 | 6 | 7 | (8) | 9 | 10 |
| Dependability | 1 | 2 | 3 | 4 | 5 | 6 | 7 | (8) | 9 | 10 |
| Safety/Housekeeping | 1 | 2 | 3 | 4 | 5 | 6 | 7 | (8) | 9 | 10 |
| Increasing Knowledge/Skills | 1 | 2 | 3 | 4 | 5 | 6 | 7 | (8) | 9 | 10 |

Total Evaluation Rating   _56_

Evaluator Comments: _Davis was a good worker, & always kept his area clean_

Reviewer Comments: _Concur with rator_

Evaluated by: _T. J. Moon #164_ Title: _Co. II_ Date: _12-4-90_

Reviewed by: _H Pullman_ Title: _Sgt_ Date: _12-4-90_
DEC 0 7 1990

Inmate Signature: _V. Davis_ Number: _179828_ Date: _____

DR&C-1/82

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6254

Inmate Name _Davis_    Inmate Number _179.828_

Work Program _____    Job Assignment _Porter_

Period of Evaluation (Check one)

ATTENTION: THE PERSON FILLING OUT    Annual
THIS EVALUATION IS ASKED TO PLEASE
FILL IN THE INMATE'S UNIT & POD    Special
LOCATION.

Each aspect of inmate's performance is to be evaluated on 1 to 10 basis.

1= Poor performance    10= Excellent performance

| FACTOR | | | | | | | | | RATING | |
|--------|--|--|--|--|--|--|--|--|--------|--|
| Attitude | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | (9) | 10 |
| Initiative | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | (9) | 10 |
| Quality/Quantity | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | (9) | 10 |
| Attendance | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Dependability | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | (10) |
| Safety/Housekeeping | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | (9) | 10 |
| Increasing Knowledge/Skills | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | (9) | 10 |

Total Evaluation rating _65_

Evaluator Comments _Inmate does a good job._

_____

Reviewers Comments _____

_____

Evaluated By: _Stehl_    Title _C/o_    Date _1-5-99_

Reviewed By: _____    Title _____    Date _____

Inmate Signature: _Vn Davis_    Number _179828_    Date _____

ENTER INMATES LOCK PLEASE

PLEASE RETURN TO JOB COORDINATORS OFFICE
====================================================

DR-3
1063

Classification/Reclassification Committee Report
MANCI        01/29/2001

Id Number: A179828    Last Name: DAVIS        First Name: VON

Current Job: FOOD SERVICE WKR        Location: DR3/A/PM
                                     Job Date: 07/29/1999

Action Initiated by: FP                Move Sheet Date: 02/01/2001

Reason for Appearance: DR JOB

Recommended New Job: FOOD SERVICE WKR        New Location: DR3/A/AM

Job Coordinator Comments:

Approved: √

NOT Approved: _____    -----)    Requested Job: _____

                                 Location: _____

                                 Move Sheet Date: _____

Committee Signatures: _Agt K Warne_  _Barbera Berry_  _____

            Date: _1-30-01_    _1-30-01_    _1/30/01_

DRC Records from Court        642

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6256

Classification/Reclassification Committee Report
MANCI          07/29/2002

Id Number: A179828     Last Name: DAVIS          First Name: VON

Current Job: FOOD SERVICE WKR 2          Location: DR4/B/AM
                                         Job Date: 07/29/2002

---

Action Initiated by: FP                  Move Sheet Date: 08/01/2002

Reason for Appearance: ROTATION

Recommended New Job: FOOD SERVICE WKR 2          New Location: DR4/B/AM

---

Job Coordinator Comments:

---

Approved: ____✓____

NOT Approved: ____     -----> Requested Job: _____

                             Location: _____

                             Move Sheet Date: _____

                       GREG MORROW
                       CASE MANAGER
                       DEATH ROW
Committee Signatures: _____  __B.Grainger__  __Sgt K Werner__

         Date: ___7/31/02___  __7-31-2002__  __7-31-02__

                             Inmate Signature: _Von C Davis 179828_

Distribution: Unit File          Date: _July 31 st_

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6257

# Classification and Reclassification Processing

*Pink copy is to be given to Inmate 48 hours before scheduled conference date.*

☐ Inmate Waives 48 hour notification.　Inmate Signature: ___　Date: ___

| Inmate Name: Davis | Number: 179-828 | Lock: 35-27 | Date: 11/1/05 |

Name of Staff Making Referral: Jennings　Position: Job Coord

## Reason for Referral

☑ Initial Job Assignment　☐ Annual Review - Work or Program　☐ Merit Status
☐ Job Change　☐ Institutional Transfer　☐ Work Camp Screening
☐ Promotion/Demotion Request　☐ RIB Referral　☐ Release Local Control
☐ Security Level Review　☐ Community Release　☐ Education
☐ Other: ___　Comment: ___

FOR JOB ACTIONS ONLY　*Forward to job coordinator. Otherwise forward to appropriate unit*

Current Work or Program Assignment: Orientation　Proposed Assignment: Porter 5 (ia porter)

TO BE COMPLETED BY JOB COORDINATOR ☑ Recommended　☐ Not Recommended

Reason for NOT recommending: ☐ Less than 90 Days ☐ Other: ___

Job Coordinator Signature: ___　Date: 11/1/05　(Forward to Unit Reclass Committee)

## FOR UNIT STAFF ONLY

You are scheduled for a conference with the Unit Class/Reclass Committee regarding:
☐ Security Status　☒ Work Assignment　☐ Program Assignment

Classification Conference Date: 11/03/05　Time: 10ᵃᵐ　Place: CCI

## Supervision Status Review

Present Supervision Status: ___　Recommended Status: ___

## Committee Action (for security status, work or program assignment)

Documentation provided by inmate: ___

General comments: ___

☑ Approved　☐ Denied　☐ Modified to: ___

Committee Date: 11/03/05　New Status/Job/Program: ICC Porter　Date of Next Review: ___
Chairperson: ___　Member: ___　Member: Sgt. Johnston

Appeal Rights: 1) You may appeal this action to the Warden or his designee within 24-hours by kite.
2) Security appeals may be further appealed to the Bureau of Classification within fifteen days.

Inmate Signature: Von C. Davis 179828　Date: 11/3/05

DISTRIBUTION: WHITE - Unit File　CANARY - Job Coordinator/TIE Data Entry Operator　PINK - Inmate - To serve as Inmate's 48 hour notice.
DRC 2099 (Rev. 12/03)　ACA 4262, 4263-4268, 4291, 4292

**DRC Records from Court**　639

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6258

# Classification and Reclassification Processing

*Pink copy is to be given to Inmate 48 hours before scheduled conference date.*

☐ **Inmate Waives 48 hour notification.**

| Inmate Signature: | Date: |
|---|---|

| Inmate Name: Davis | Number: 179-828 | Lock: D-6-27 | Date: 01/10/06 |
|---|---|---|---|
| Name of Staff Making Referral: J. Nowak | | Position: CM | |

## Reason for Referral

☐ Initial Job Assignment    ☐ Annual Review - Work or Program    ☐ Merit Status
☒ Job Change    ☐ Institutional Transfer    ☐ Work Camp Screening
☐ Promotion/Demotion Request    ☐ RIB Referral    ☐ Release Local Control
☐ Security Level Review    ☐ Community Release    ☐ Education
☐ Other: _____    Comment: _____

**FOR JOB ACTIONS ONLY**    *Forward to job coordinator. Otherwise forward to appropriate unit*

| Current Work or Program Assignment: Ice Porter (B) | Proposed Assignment: Porter (D) |
|---|---|

**TO BE COMPLETED BY JOB COORDINATOR** ☐ Recommended     ☐ Not Recommended

Reason for NOT recommending: ☐ Less than 90 Days ☐ Other: _____

| Job Coordinator Signature: | Date: | (Forward to Unit Reclass Committee) |
|---|---|---|

## FOR UNIT STAFF ONLY

**You are scheduled for a conference with the Unit Class/Reclass Committee regarding:**
☐ Security Status    ☒ Work Assignment    ☐ Program Assignment

| Classification Conference Date: 01-12-06 | Time: 3:00pm | Place: cell |
|---|---|---|

## Supervision Status Review

| Present Supervision Status: | Recommended Status: |
|---|---|

**Committee Action** (for security status, work or program assignment)

Documentation provided by inmate: _____

General comments: moved to extended privilege

☒ Approved    ☐ Denied    ☐ Modified to: _____

| Committee Date: 01-12-06 | New Status/Job/Program: Porter (D) | | Date of Next Review: |
|---|---|---|---|
| Chairperson: Jens | Member: Alan | Member: | |

Appeal Rights: 1) You may appeal this action to the Warden or his designee within 24-hours by kite.
2) Security appeals may be further appealed to the Bureau of Classification within fifteen days.

| Inmate Signature: Van C. Davis 179828 | Date: 1-12-06 |
|---|---|

DISTRIBUTION: WHITE - Unit File    CANARY - Job Coordinator/TIE Data Entry Operator    PINK - Inmate - To serve as inmate's 48 hour notice.
DRC 2099 (Rev. 12/03)             ACA 4262, 4283-4288, 4291, 4292

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6259

SUPERVISION CLASSIFICATION FORM
DEPARTMENT OF REHABILITATION & CORRECTION
STATE OF OHIO

Number: # 179-828

Name: DAVIS (last) VON (first)

Date of Review: 2 (mo.) 86 (day) (yr.)

Date of Birth: (mo.) (day) (yr.)

Reviewer: JHG

Institution: SOCF

RACE: White ☐   SEX: Male ☒   HISPAN

Black ☒   Female ☐

Present Security Status:

Other ☐

Minimum ☐   Close ☐
Medium ☒   Maximum 4   Date Present Security Status Assigned: (, - 84

---

SECTION A.                          SECURITY SCORING

1. Type of Detainer  NONE (offense)           Degree:

   None. . . . . . . . . . . . . = 0          3° Felony . . . . . . . . . . . . = 3
   1° Felony & Unclassified . . . . . = 7     4° Felony . . . . . . . . . . . . = 3
   2° Felony. . . . . . . . . . . . . = 5     Misdemeanor . . . . . . . . . . . = 1

2. Severity of Current Offense: AGG MURDER.   Degree:         ☐ 7
   (offense)
   1° Felony & Unclassified . . . . . = 7     3° Felony . . . . . . . . . . . . = 3
   2° Felony. . . . . . . . . . . . . = 5     4° Felony . . . . . . . . . . . . = 3
                      Misdemeanor = 1

3. Time to Earliest Possible Parole Hearing or Release (See Table 1):

   Month and year:     /    /    DEATH
   Months from Table 1:          Row.       ☐ 7

   12 mos. or less. . . . . . . = 0    25 mos. - 60 mos. . . . . . = 2    85 mos. - 108 mos. . . . . = 5
   13 mos. - 24 mos. . . . . . = 1    61 mos. - 84 mos. . . . . . = 3    109 mos. or more . . . . . = 7

4. Type of Prior Commitments:
   None = 0          Misdemeanor = 1          Felony = 3    ☐ 3

5. History of Escapes/Attempts:

   | | | None | Less than 5 years | 5-10 years | 10-15 years | 15 years or more |
   |---|---|---|---|---|---|---|
   | date of scoring: | | | | | | |
   | date of occurence: | Minor | 0 | 3 | 2 | 1 | 1 |
   | elapsed time: | Major | 0 | 7 | 6 | 5 | 4 |
   | (mos) (yrs) | | | | | | |

   ☐ 0

   Remarks:

6. History of Violence:

   | | | None | Less than 5 years | 5-10 years | 10-15 years | 15 years or more |
   |---|---|---|---|---|---|---|
   | date of scoring: 2 86 | | | | | | |
   | date of violence: 4 7 | Minor | 0 | 3 | 2 | 1 | 1 |
   | elapsed time: 10 H | Major | 0 | 7 | 6 | 5 | 4 |
   | (mos) (yrs) | | | | | | |

   ☐ 5

   Remarks: MURDER 2~5

7. SECURITY TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ☐ 22

8. Security Level: Check the appropriate security level.

   0 - 6 points ☐          7 - 13 points ☐          14 - 24 points ☐ 22      25 - 38 points ☐
   MINIMUM                 MEDIUM                    CLOSE                     MAXIMUM

---

SUPERVISION SCORING

SECTION B.

1. Percentage of Time served (use Tables I and II)
   (a) Total months served, to date, this commitment (use Table II). . . . . . . . . . . . . . . . . . . . . . . . . . . . P.R. . . . ☐
   (b) Time remaining to release or release hearing (months from Section A, Line 3, "Security Scoring"). . . . . . . . . . . . . . ☐
   (c) Total time this commitment until release or release hearing (line a + line b). . . . . . . . . . . . . . . . . . . . . . . ☐
                                    % = 0 thru 25% enter 3
   (d) Divide : (line c)        /(a)    26 thru 75% enter 4     in the box at the top of page 2
                                    76 thru 90% enter 5

DRC Records from Court          631

ime Served (calculated at the bottom of page 1) . . . . . . . . . . . . . . . . . . . . . . . . *D.R.*  `3`

t with Alcohol/Drugs  *7-84 INTAKE Summ.*  `2`
   Within past 5 years = 2    More than 5 years ago = 3    Never = 4

Mental/Psychological Stability (to handle lesser supervision status) . . . . . . . . . . . . .  `2`

   Date of Report: _____    Unfavorable = 2    Favorable or No Referral = 4

4.  Type of Most Serious Disciplinary Report (within past 12 months) . . . . . . . . . . . . . . . .  `5`
    Rule Violation _____ (Enter appropriate weight from Disciplinary Scale)
    Comments concerning the weighting: _____ *NONE* _____

    Greatest Severity . = 1        Moderate = 3        Low Severity = 4
    High Severity  = 2                               None       = 5

5.  Frequency of Disciplinary Reports (within past 12 months) . . . . . . . . . . . . . . . . . . . .  `3`

    No reports     = 3                     3 thru 5 reports = 1
    1 thru 2 reports = 2                6 or more reports .= 0

6.  Responsibility Inmate has Demonstrated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  `4`

    Poor . . . . = 0            Average . . . . = 2        Good . . . = 4

7.  Family/Community Ties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  `4`

    None or Minimal . . . . . . . . . = 3        Average or Good . . . . . . . . . = 4

8.  SUPERVISION SCORE TOTAL (add lines 1 thru 7) . . . . . . . . . . . . . . . . . . . . . . . . .  `23`

9.  Supervision Change Scale
    (a)  Circle below the inmate's Security Level from Page 1, Section A, Line 8.
    (b)  Circle the Corresponding set of numbers within that horizontal which includes the score determined
        above in Line 8, Section B. The remark found below the vertical column in which Supervision Score is
        located suggests the possible supervision determination.

| | | | |
|---|---|---|---|
| Minimum | 11 - 19 | 20 - 22 | 23 - 30 |
| Medium | 11 - 19 | 20 - 24 | 25 - 30 |
| Close | 11 - 19 | 20 - 26 | 27 - 30 |
| Maximum | 11 - 19 | 20 - 27 | 28 - 30 |
| Security Level | Consider Supervision Increase | Consider Present Supervision | Consider Supervision Decrease |

---

SECTION C.                  ADMINISTRATIVE REVIEW

Type of Review:       Regular ☐    Other* ☐    * Explain: _____

1.  Step 1.   Present Supervision Status:  MIN ☐ L1 / L2  MED ☐ L2 / L3  CLO ☐ L3  MAX ☐ L3 / L4 ☒

2.  Step 2.   Committee Options:

| a. Form indicates Supervision INCREASE | b. Form indicates Supervision CONTINUANCE | c. Form indicates Supervision DECREASE |
|---|---|---|
| Agree w/Form; increase one level. ☐ | Continue at present level ☐ | Agree w/Form; decrease one le___ ☐ |
| Disagree w/Form; continue at present level until next review. ☐ | | Disagree w/Form; continue at present level ___ ___ review. ☐ ** |

3.  Comments to support "disagree": _____

4.  Date of Next Review: ☐ ☐   5. New Supervision Status  MIN ☐ L1 / L2  MED ☐ L2 / L3  CLO ☐ L3  MAX ☐ L3 / L4
          Mo.    Yr.

6.  Chairperson: _____    Date: _____

7.  Superintendent's Action:  ☐ Approve    ☐ Disapprove

8.  Superintendent's Comments: _____

9.  Superintendent: _____    Date: _____

10.  Assignment requires institutional transfer no ☐ ; yes ☐ and submit to the Bureau of Classification &
     Reception for placement.
11.  Institution Placement: _____    Comments: _____
** = Record the reasons for research purposes and later reporting.

DRC Records from Court      632

**DEPARTMENT OF REHABILITATION & CORRECTION
STATE OF OHIO**

Number: _____ # _____ 111-0 α 0

Name: _Davis, Von_ Cler
(last) (first) (M)

Date of Review: _12-24-86_
(mo.) (day) (yr.)

Date of Birth: _____

Reviewer: _F.A.W._

Institution: _SOCF_

RACE: White ☐  Black ☒
SEX: Male ☒  Female ☐
HISPANIC: Yes ☐  No ☐
Other ☐

**Present Security Status:**

Minimum ☐  Close ☐  Medium ☒  Maximum ☐

Date Present Security Status Assigned: _2-14-86_

---

SECTION A.                    SECURITY SCORING

1. Type of Detainer _None_ (offense)    Degree: _None_

   None . . . . = 0       3° Felony . . . = 3
   1° Felony & Unclassified = 7   4° Felony . . . = 3
   2° Felony . . . = 5    Misdemeanor . . = 1        ⓪

2. Severity of Current Offense: _Agr. Murder_ (offense)  Degree: _1°_

   1° Felony & Unclassified = 7   3° Felony . . . = 3
   2° Felony . . . = 5    4° Felony . . . = 3
   Misdemeanor = 1                                  ⑦

3. Time to Earliest Possible Parole Hearing or Release (See Table 1):

   Month and year: _None_          not applicable
   Months from Table 1: _None_     (Death Row Status)

   12 mos. or less = 0   25 mos.-60 mos. = 2   85 mos.-108 mos. = 5
   13 mos.-24 mos. = 1   61 mos.-84 mos. = 3   (109 mos. or more) = 7    ⑦

4. Type of Prior Commitments:
   None = 0   Misdemeanor = 1   (Felony) = 3       3

5. History of Escapes/Attempts:

   date of scoring: _12-24-86_
   date of occurence: _None_
   elapsed time: _None_
   (mos) (yrs)

   | | None | Less than 5 years | 5-10 years | 10-15 years | 15 years or more |
   |---|---|---|---|---|---|
   | Minor | 0 | 3 | 2 | 1 | 1 |
   | Major | 0 | 7 | 6 | 5 | 4 |

   Remarks: _____          ⓪

6. History of Violence:

   date of scoring: _12-24-86_
   date of violence: _12-17-83_
   elapsed time: _14  3_
   (mos) (yrs)

   | | None | Less than 5 years | 5-10 years | 10-15 years | 15 years or more |
   |---|---|---|---|---|---|
   | Minor | 0 | 3 | 2 | 1 | 1 |
   | Major | 0 | 7 | 6 | 5 | 4 |

   Remarks: _Instant Offense_       7

7. SECURITY TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
   but Death Row Status =

8. Security Level: Check the appropriate security level.

   0-6 points MINIMUM ☐   7-13 points MEDIUM ☐   14-24 points CLOSE ☒   25-38 points MAXIMUM ☒

---

SUPERVISION SCORING
SECTION B.                    not applicable

1. Percentage of Time served (use Tables I and II)         (Death Row Status)
   (a) Total months served, to date, this commitment (use Table II)
   (b) Time remaining to release or release hearing (months from Section A, Line 3, "Security Scoring").
   (c) Total time this commitment until release or release hearing (line a + line b).
   (d) Divide: (line c) _not applicable_ (a) _____ % =

   0 thru 25% enter 3
   26 thru 75% enter 4
   76 thru 90% enter 5
   91% or more enter 6

   in the box at the top of page 2

DRC 2098 Revised 7/2/84

**DRC Records from Court**                 629

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6262

#77-828

...me Served (calculated at the bottom of page 1) *Not Applicable* | A |
...with Alcohol/Drugs *Allegedly only occasional drink, not heavy*
...past 5 years = 2    More than 5 years ago = 3    Never = 4 | 2 | (Death Row Status)
...ychological Stability (to handle lesser supervision status) *Not applicable*
...Date of Report: *None*    Unfavorable = 2    Favorable or No Referral = 4 | 4 |
...of Most Serious Disciplinary Report (within past 12 months) *None*
Rule Violation *None* ...... (Enter appropriate weight from Disciplinary Scale) | 5 |
Comments concerning the weighting: _____ *none* _____

| | | |
|---|---|---|
| Greatest Severity = 1 | Moderate = 3 | Low Severity = 4 |
| High Severity = 2 | | None = 5 |

Frequency of Disciplinary Reports (within past 12 months) ......... | 3 |

| | | |
|---|---|---|
| (No reports) = 3 | 3 thru 5 reports = 1 | |
| 1 thru 2 reports = 2 | 6 or more reports = 0 | |

6. Responsibility Inmate has Demonstrated ......... | 4 |

| | | |
|---|---|---|
| Poor .... = 0 | Average ... = 2 | Good ... = 4 |

7. Family/Community Ties ......... *no visits this year* ......... | 3 |

| | |
|---|---|
| (None or Minimal) ......... = 3 | Average or Good ......... = 4 |

8. **SUPERVISION SCORE TOTAL** (add lines 1 thru 7) ......... | 21 |

9. Supervision Change Scale
   (a) Circle below the inmate's Security Level from Page 1, Section A, Line 8.
   (b) Circle the Corresponding set of numbers within that horizontal row which includes the score determined above in Line 8, Section B. The remark found below the vertical column in which Supervision Score is located suggests the possible supervision determination.

| | | | | |
|---|---|---|---|---|
| | Minimum | 11 - 19 | 20 - 22 | 23 - 30 |
| | Medium | 11 - 19 | 20 - 24 | 25 - 30 |
| | Close | 11 - 19 | 20 - 26 | 27 - 30 |
| *Automatic* | Maximum 4 | 11 - 19 | (20 - 27) | 28 - 30 |
| | Security Level | Consider Supervision Increase | Consider Present Supervision | Consider Supervision Decrease |

*Death Row Status (Max 4)*

---

SECTION C.                    ADMINISTRATIVE REVIEW

Type of Review:    Regular ☐    Other* ☐    * Explain: _____

1. Step 1. Present Supervision Status:

| MIN | L1 | MED | L2 | CLO | | MAX | L3 |
|---|---|---|---|---|---|---|---|
| | L2 | | L3 | | L3 | | L4 |

2. Step 2. Committee Options:

| a. Form indicates Supervision INCREASE | b. Form indicates Supervision CONTINUANCE | c. Form indicates Supervision DECREASE |
|---|---|---|
| Agree w/Form; increase one level. ☐ | | Agree w/Form; decrease one level. ☐ |
| Disagree w/Form; continue at present level until next review. ☐ | Continue at present level ☐ | Disagree w/Form; continue at present level until next review. ☐ ** |

3. Comments to support "disagree": _____

4. Date of Next Review: ____ Mo. ____ Yr.    5. New Supervision Status

| MIN | L1 | MED | L2 | CLO | | MAX | L3 |
|---|---|---|---|---|---|---|---|
| | L2 | | L3 | | L3 | | L4 |

6. Chairperson: _____ Date: _____

7. Superintendent's Action: ☐ Approve    ☐ Disapprove

8. Superintendent's Comments: _____

9. Superintendent: _____ Date: _____

10. Assignment requires institutional transfer no ☐ ; yes ☐ and submit to the Bureau of Classification & Reception for placement.

11. Institution Placement: _____    Comments:

**DRC Records from Court**    630

**SUPERVISION CLASSIFICATION FORM**
DEPARTMENT OF REHABILITATION & CORRECTION
STATE OF OHIO

Number: #117-028-C

Name: *Davis* (last) *Von* (first) *C* (M)

Date of Review: 5-21-87 (mo.) (day) (yr.)

Date of Birth: _____

Reviewer: E.A.W.

Institution: SOCF

RACE: White [ ] Black [X] Other [ ]
SEX: Male [X] Female [ ]
HISPANIC: Yes [ ] No [ ]

**Present Security Status:**
Minimum [ ] Close [ ] Medium [X] Maximum [4]

Date Present Security Status Assigned: 1-16-87

---

## SECTION A. SECURITY SCORING

**1. Type of Detainer** *None* (offense)   Degree: *None*

None . . . . . . . . . = 0
1° Felony & Unclassified . . . . . = 7
2° Felony. . . . . . . . . . = 5
3° Felony . . . . . . . . . . = 3
4° Felony . . . . . . . . . . = 3
Misdemeanor . . . . . . . . . = 1

[0]

**2. Severity of Current Offense:** *Aagr. Murder* (offense)   Degree: *1st ○*

1° Felony & Unclassified . . . . . = 7
2° Felony. . . . . . . . . . = 5
Misdemeanor = 1
3° Felony . . . . . . . . . . = 3
4° Felony . . . . . . . . . . = 3

[7]

**3. Time to Earliest Possible Parole Hearing or Release (See Table 1):**

Month and year: *not applicable (Death Row Status)*

Months from Table 1: *"*

12 mos. or less. . . . . . . = 0
13 mos. - 24 mos. . . . . . = 1
25 mos. - 60 mos. . . . . . = 2
61 mos. - 84 mos. . . . . . = 3
85 mos. - 108 mos. . . . . = 5
(109 mos. or more) . . . . . = 7

[7]

**4. Type of Prior Commitments:**
None = 0   Misdemeanor = 1   (Felony) 3

[3]

**5. History of Escapes/Attempts:**
date of scoring: 5-21-87
date of occurence: none
elapsed time: 0 0 (mos) (yrs)

| | None | Less than 5 years | 5-10 years | 10-15 years | 15 years or more |
|---|---|---|---|---|---|
| Minor | 0 | 3 | 2 | 1 | 1 |
| Major | 0 | 7 | 6 | 5 | 4 |

Remarks: *none found in record*

[0]

**6. History of Violence:**
date of scoring: 5-21-87
date of violence: 12-10-83
elapsed time: 3 (mos) (yrs)

| | None | Less than 5 years | 5-10 years | 10-15 years | 15 years or more |
|---|---|---|---|---|---|
| Minor | 0 | 3 | 2 | 1 | 1 |
| Major | 0 | 7 | 6 | 5 | 4 |

Remarks: *Instant Offense*

[7]

**7. SECURITY TOTAL** . . . . . . . . . . . . . . . . . . . . [24]

**8. Security Level:** Check the appropriate security level.

0 - 6 points MINIMUM [ ]   7 - 13 points MEDIUM [ ]   14 - 24 points CLOSE [ ]   25 - 38 points MAXIMUM [X]

*Death Row Status*

---

## SUPERVISION SCORING

### SECTION B.

**1. Percentage of Time served (use Tables I and II)** *not applicable* [X]
(a) Total months served, to date, this commitment (use Table II).
(b) Time remaining to release or release hearing (months from Section A, Line 3, "Security Scoring").
(c) Total time this commitment until release or release hearing (line a + line b).
(d) Divide : (line c) *not applicable* = 0 thru 25% enter 3
26 thru 75% enter 4
76 thru 90% enter 5
91% or more enter 6
in the box at the top of page 2

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6264

of Time Served (calculated at the bottom of page 1) . *Non-Applicable for Death Row* | **0**

Involvement with (Alcohol/Drugs) *Admitted excess Alcohol & marij...*
(Within past 5 years) = 2    More than 5 years ago = 3    Never = 4 | **2**

3. Mental/Psychological Stability (to handle lesser supervision status) . *Non-Applicable to Death Row*
   Date of Report: _____ (Unfavorable) = 2    Favorable or No Referral = 4 | **2**

4. Type of Most Serious Disciplinary Report (within past 12 months) *No report to date*
   Rule Violation ___none___ (Enter appropriate weight from Disciplinary Scale)
   Comments concerning the weighting: ___*no report in file*___ | **5**

   Greatest Severity = 1    Moderate = 3    Low Severity = 4
   High Severity = 2        (None) = 5

5. Frequency of Disciplinary Reports (within past 12 months) . . . . . . *none*
   (No reports) = 3    3 thru 5 reports = 1
   1 thru 2 reports = 2    6 or more reports = 0 | **3**

6. Responsibility Inmate has Demonstrated . . . . . . . . . . . . . .
   Poor . . . . = 0    Average . . = 2    (Good) . . = 4 | **4**

7. Family/Community Ties *last visit (Friend : 11/12/85)*
   None or (Minimal) . . . . . . . = 3    Average or Good . . . . . . . = 4 | **3**

8. SUPERVISION SCORE TOTAL (add lines 1 thru 7) . . . . . . . . . . . | **19**

9. Supervision Change Scale
   (a) Circle below the inmate's Security Level from Page 1, Section A, Line 8.
   (b) Circle the Corresponding set of numbers within that horizontal row which includes the score determined above in Line 8, Section B. The remark found below the vertical column in which Supervision Score is located suggests the possible supervision determination.

| | | | *Death Row Status (Max. 4)* |
|---|---|---|---|
| Minimum | 11 - 19 | 20 - 22 | 23 - 30 |
| Medium | 11 - 19 | 20 - 24 | 25 - 30 |
| Close | 11 - 19 | 20 - 26 | 27 - 30 |
| (Maximum 4) | (11 - 19) | 20 - 27 | 28 - 30 |
| Security Level | Consider Supervision Increase | Consider Present Supervision | Consider Supervision Decrease |

SECTION C.          ADMINISTRATIVE REVIEW    *Reclas Com. to Cord. for Level A or B Status. & possible assignment for job & Program*

Type of Review:    Regular ☐    Other* ☑    * Explain:

1. Step 1.  Present Supervision Status:  MIN [L1/L2]  MED [L2/L3]  CLO [L3]  MAX [L3/L4 ☑]

2. Step 2.  Committee Options:

| a. Form indicates Supervision INCREASE | b. Form indicates Supervision CONTINUANCE | c. Form indicates Supervision DECREASE |
|---|---|---|
| Agree w/Form; increase one level. ☐ | Continue at present level ☐ | Agree w/Form; decrease one level. ☐ |
| Disagree w/Form; continue at present level until next review. ☐ | | Disagree w/Form; continue at present level until next review. ☐** |

3. Comments to support "disagree": _____

4. Date of Next Review: ___ Mo. ___ Yr.    5. New Supervision Status  MIN [L1/L2]  MED [L2/L3]  CLO [L3]  MAX [L3/L4]

6. Chairperson: _____    Date: _____

7. Superintendent's Action: ☐ Approve  ☐ Disapprove

8. Superintendent's Comments: _____

9. Superintendent: _____    Date: _____

10. Assignment requires institutional transfer no ☐ ; yes ☐ and submit to the Bureau of Classification & Reception for placement.

11. Institution Placement: _____    Comments: _____

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6265

SUPERVISION CLASSIFICATION FORM
DEPARTMENT OF REHABILITATION & CORRECTION
STATE OF OHIO

Name: _Davis_ (last) _Van_ (first) _Clark_ (M.I.)

Date of Review: _1_ (mo.) _8_ (day) _88_ (yr.)

Date of Birth: (mo.) (day) (yr.)

Reviewer: _E.A.W._

Institution: _SOCF_

RACE: White ☐    Black ☒    Other ☐

SEX: Male ☒    Female ☐

HISPANIC: Yes ☐    No ☐

**Present Security Status:**

Minimum ☐   Close ☐
Medium ☒   Maximum ☒ 4   Date Present Security Status Assigned: _1-16-87_   (Annual Admin Review)
(Death Row Status)

## SECTION A.

SECURITY SCORING

1. Type of Detainer _none indicated_ (offense)    Degree: _O_ ◯

   None . . . . . . . . . . . . . = 0
   1° Felony & Unclassified . . . . . = 7
   2° Felony . . . . . . . . . . . . = 5

   3° Felony . . . . . . . . . . . . = 3
   4° Felony . . . . . . . . . . . . = 3
   Misdemeanor . . . . . . . . . . . = 1

2. Severity of Current Offense: _Agg. Murder_ (offense)    Degree: _1 of O_   7

   1° Felony & Unclassified . . . . . = 7
   2° Felony . . . . . . . . . . . . = 5
   Misdemeanor = 1

   3° Felony . . . . . . . . . . . . = 3
   4° Felony . . . . . . . . . . . . = 3

3. Time to Earliest Possible Parole Hearing or Release (See Table 1):

   Month and year: _non-applicable_   } Death Row Status

   Months from Table 1: _7_   7

   12 mos. or less . . . . . . . = -0    25 mos. - 60 mos. . . . . . = 2    85 mos. - 108 mos. . . . . = 5
   13 mos. - 24 mos. . . . . . = 1    61 mos. - 84 mos. . . . . . = 3    109 mos. or more . . . . = 7

4. Type of Prior Commitments:
   None = 0    Misdemeanor = 1    Felony = 3   3

5. History of Escapes/Attempts:

   date of scoring: _1-8-88_
   date of occurence: _none_
   elapsed time: ___ (mos) ___ (yrs)

   | | None | Less than 5 years | 5-10 years | 10-15 years | 15 years or more |
   |---|---|---|---|---|---|
   | Minor | 0 | 3 | 2 | 1 | 1 |
   | Major | 0 | 7 | 6 | 5 | 4 |

   Remarks: _none listed_   ◯

6. History of Violence:

   date of scoring: _1-8-88_
   date of violence: _12-12-83_
   elapsed time: ___ (mos) ___ (yrs)

   | | None | Less than 5 years | 5-10 years | 10-15 years | 15 years or more |
   |---|---|---|---|---|---|
   | Minor | 0 | 3 | 2 | 1 | 1 |
   | Major | 0 | 7 | 6 | 5 | 4 |

   Remarks: _Instant Offense_   7

7. SECURITY TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   24

8. Security Level: Check the appropriate security level.

   0 - 6 points ☐    7 - 13 points ☐    14 - 24 points ☒    25 - 38 points ☐
   MINIMUM    MEDIUM    CLOSE    MAXIMUM

---

SUPERVISION SCORING

## SECTION B.

(Death Row Status)

1. Percentage of Time served (use Tables I and II) _non-applicable_
   (a) Total months served, to date, this commitment (use Table II) . . . . . . . . . . . .
   (b) Time remaining to release or release hearing (months from Section A, Line 3, "Security Scoring") . . . . . . . . ☒
   (c) Total time this commitment until release or release hearing (line a + line b) . . . . . . . . . . . . . . . . . .
   (d) Divide : (line c) _non-applicable_
      0 thru 25% enter 3
      26 thru 75% enter 4
      76 thru 90% enter 5
      91% or more enter 6
      in the box at the top of page 2

1. Percentage of Time Served (calculated at the bottom of page 1) . *Non Applicable (Death Row Status)*  ☐ 0

2. Involvement with Alcohol/Drugs . *Admits Excess Alcohol & Mariy*
   Within past 5 years = 2    More than 5 years ago = 3    Never = 4    ☐ 2

3. Mental/Psychological Stability (to handle lesser supervision status) *Non Applicable (Death Row Status)*    ☐ 2
   Date of Report: _____    Unfavorable = 2    Favorable or No Referral = 4

4. Type of Most Serious Disciplinary Report (within past 12 months) *None to Date*    ☐ 5
   Rule Violation ___*none*___. (Enter appropriate weight from Disciplinary Scale)
   Comments concerning the weighting: ___*none*___
   
   Greatest Severity = 1    Moderate = 3    Low Severity = 4
   High Severity = 2    None = 5

5. Frequency of Disciplinary Reports (within past 12 months) . . . . . . . . . . . . . . . . . . . .    ☐ 3
   No reports = 3    3 thru 5 reports = 1
   1 thru 2 reports = 2    6 or more reports = 0

6. Responsibility Inmate has Demonstrated . . . . . . . . . . . . . . . . . . . . . . . . .    ☐ 4
   Poor . . . . = 0    Average . . . . = 2    *Very* Good = 4

7. Family/Community Ties . *no visits* . . . . . . . . . . . . . . . . . . . . . . . .    ☐ 3
   None or Minimal . . . . . . . . . = 3    Average or Good . . . . . . . . . . = 4

8. SUPERVISION SCORE TOTAL (add lines 1 thru 7) . . . . . . . . . . . . . . . .    ☐ 19

9. Supervision Change Scale
   (a) Circle below the inmate's Security Level from Page 1, Section A, Line 8.
   (b) Circle the Corresponding set of numbers within that horizontal row which includes the score determined above in Line 8, Section B. The remark found below the vertical column in which Supervision Score is located suggests the possible supervision determination.

   | | | | |
   |---|---|---|---|
   | Minimum | 11 - 19 | 20 - 22 | 23 - 30 |
   | Medium | 11 - 19 | 20 - 24 | 25 - 30 |
   | Close | 11 - 19 | 20 - 26 | 27 - 30 |
   | Maximum *4* | 11 - 19 | 20 - 27 | 28 - 30 |

   Security *Death* Level *Row Status*    Consider Supervision Increase    Consider Present Supervision    Consider Supervision Decrease

---

**SECTION C.**    ADMINISTRATIVE REVIEW

Type of Review:    Regular ✓    Other* ☐    * Explain: _____

1. Step 1.    Present Supervision Status:
   MIN ☐ L1 ☐ L2    MED ☐ L2 ☐ L3    CLO ☐ L3    MAX ☐ L3 ☐ L4 ✓ *Death Row Status*

2. Step 2.    Committee Options:

   | a. Form indicates Supervision **INCREASE** | b. Form indicates Supervision **CONTINUANCE** | c. Form indicates Supervision **DECREASE** |
   |---|---|---|
   | Agree w/Form; increase one level. ☐ | Continue at present level ☐ | Agree w/Form; decrease one level. ☐ |
   | Disagree w/Form; continue at present level until next review. ☐ | | Disagree w/Form; continue at present level until next review. ☒ ** |

3. Comments to support "disagree": *Death Row Status - Max. 4*

4. Date of Next Review: ☐    5. New Supervision Status    MIN ☐ L1 ☐ L2    MED ☐ L2 ☐ L3    CLO ☐ L3    MAX ☐ L3 ☐ L4
   Mo.    Yr.

6. Chairperson: _____    Date: _____

7. Superintendent's Action:    ☐ Approve    ☐ Disapprove

8. Superintendent's Comments: _____

9. Superintendent: _____    Date: _____

10. Assignment requires institutional transfer no ☐ ; yes ☐ and submit to the Bureau of Classification & Reception for placement.

11. Institution Placement: _____    Comments: _____
** — Record the reasons for research purposes and later reporting.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6267

SUPERVISION CLASSIFICATION FORM
DEPARTMENT OF REHABILITATION & CORRECTION
STATE OF OHIO

Number: # 179 828

Name: Davis, Von Clark
(last) (first) (M)

Date of Review: 3 / 31 / 89
(mo.) (day) (yr.)

Date of Birth: _____ / _____ / _____
(mo.) (day) (yr.)

Reviewer: Parker

Institution: SOCF

RACE: White ☐ Black ☑ Other ☐

SEX: Male ☑ Female ☐

HISPANIC: Yes ☐ No ☐

Present Security Status:

Minimum ☐    Close ☐
Medium ☐    Maximum ☑

Date Present Security Status Assigned: 6-19-84 an annual SOCF, D:K

## SECTION A.                    SECURITY SCORING

**1. Type of Detainer** none (offense)

Degree: _____

| | | |
|---|---|---|
| None. . . . . . . . . . . . . . . . = 0 | 3° Felony . . . . . . . . . . . . = 3 | |
| 1° Felony & Unclassified . . . . . = 7 | 4° Felony . . . . . . . . . . . . = 3 | |
| 2° Felony. . . . . . . . . . . . . = 5 | Misdemeanor . . . . . . . . . . . = 1 | |

☐ 0

**2. Severity of Current Offense:** Agg Murder To HWW D (offense)

Degree: 1

| | | |
|---|---|---|
| 1° Felony & Unclassified . . . = 15 | 3° Felony . . . . . . . . . . . = 3 | |
| 2° Felony. . . . . . . . . . . . = 5 | 4° Felony . . . . . . . . . . . = 3 | |
| Misdemeanor = 1 | | |

☐ 7

**3. Time to Earliest Possible Parole Hearing or Release (See Table 1):**

Month and year: _____

Months from Table 1: Death Row

| | | |
|---|---|---|
| 12 mos. or less. . . . . . . = 0 | 25 mos. - 60 mos. . . . . . = 2 | 85 mos. - 108 mos. . . . . = 5 |
| 13 mos. - 24 mos. . . . . . = 1 | 61 mos. - 84 mos. . . . . . = 3 | 109 mos. or more . . . . . = 7 |

☐ 7

**4. Type of Prior Commitments:**
None = 0    Misdemeanor = 1    Felony = 3

☐ 3

**5. History of Escapes/Attempts:**

date of scoring:
date of occurence: _____
elapsed time: _____
(mos) (yrs)

| | None | Less than 5 years | 5-10 years | 10-15 years | 15 years or more |
|---|---|---|---|---|---|
| Minor | 0 | 3 | 2 | 1 | 1 |
| Major | 0 | 7 | 6 | 5 | 4 |

Remarks: _____

☐ 0

**6. History of Violence:**

date of scoring: 3 8 7
date of violence: 4 7 ?
elapsed time: 1 1 7
(mos) (yrs)

| | None | Less than 5 years | 5-10 years | 10-15 years | 15 years or more |
|---|---|---|---|---|---|
| Minor | 0 | 3 | 2 | 1 | 1 |
| Major | 0 | 7 | 6 | 5 | 4 |

Remarks: _____

☐ 4

**7. SECURITY TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .**

☐ 21

**8. Security Level:** Check the appropriate security level.

0 - 6 points ☐ MINIMUM    7 - 13 points ☐ MEDIUM    14 - 24 points ☑ CLOSE    25 - 38 points ☐ MAXIMUM

## - SUPERVISION-SCORING

### SECTION B.

**1. Percentage of Time served (use Tables I and II)**
(a) Total months served, to date, this commitment (use Table II). . . . . . . . . . . . . . . . . . . . . . .
(b) Time remaining to release or release hearing (months from Section A, Line 3, "Security Scoring"). . . . . . .
(c) Total time this commitment until release or release hearing (line a + line b). . . . . . . . . . . . . . . . . . . . .
(d) Divide : (line c) _____ (a) _____ = 0 thru 25% enter 3
26 thru 75% enter 4

☐ (blank/crossed)

DRC Records from Court                    628

*117828 Nov-1*

1. Percentage of Time Served (calculated at the bottom of page 1) ..... *Death Row* | `0`
2. Involvement with Alcohol/Drugs ..... *in substance abuse prog.*
   Within past 5 years = 2   More than 5 years ago = 3   Never = 4 | `3`
3. Mental/Psychological Stability (to handle lesser supervision status) ..... | `4`
   Date of Report: _____   Unfavorable = 2   Favorable or No Referral = 4
4. Type of Most Serious Disciplinary Report (within past 12 months) ..... | `5`
   Rule Violation _____ *0* (Enter appropriate weight from Disciplinary Scale)
   Comments concerning the weighting: _____
   Greatest Severity = 1   Moderate = 3   Low Severity = 4
   High Severity = 2   None = 5
5. Frequency of Disciplinary Reports (within past 12 months) ..... | `3`
   No reports = 3   3 thru 5 reports = 1
   1 thru 2 reports = 2   6 or more reports = 0
6. Responsibility Inmate has Demonstrated *2nd murder sentence* ..... | `0`
   Poor ... = 0   Average ... = 2   Good ... = 4
7. Family/Community Ties ..... | `4`
   None or Minimal ..... = 3   Average or Good ..... = 4
8. SUPERVISION SCORE TOTAL (add lines 1 thru 7) | `19`
9. Supervision Change Scale
   (a) Circle below the inmate's Security Level from Page 1, Section A, Line 8.
   (b) Circle the Corresponding set of numbers within that horizontal row which includes the score determined above in Line 8, Section B. The remark found below the vertical column in which Supervision Score is located suggests the possible supervision determination.

| Security Level | Consider Supervision Increase | Consider Present Supervision | Consider Supervision Decrease |
|---|---|---|---|
| Minimum | 11 - 19 | 20 - 22 | 23 - 30 |
| Medium | 11 - 19 | 20 - 24 | 25 - 30 |
| Close | 11 - 19 | 20 - 26 | 27 - 30 |
| Maximum | 11 - 19 | 20 - 27 | 28 - 30 |

## SECTION C.    ADMINISTRATIVE REVIEW

Type of Review:   Regular ☐   Other* ☐   * Explain: _____

1. Step 1.   Present Supervision Status:   MIN [L1 / L2]   MED [L2 / L3]   CLO [L3]   MAX [L3 / L4 ☒]

2. Step 2.   Committee Options:

| a. Form indicates Supervision INCREASE | b. Form indicates Supervision CONTINUANCE | c. Form indicates Supervision DECREASE |
|---|---|---|
| Agree w/Form; increase one level. ☐ | Continue at present level ☐ | Agree w/Form; decrease one level. ☐ |
| Disagree w/Form; continue at present level until next review. ☐ | | Disagree w/Form; continue at present level until next review. ☐ ** |

3. Comments to support "disagree": _____
4. Date of Next Review: ___ Mo. ___ Yr.   5. New Supervision Status   MIN [L1 / L2]   MED [L2 / L3]   CLO [L3]   MAX [L3 / L4 ☒]
6. Chairperson: _____ Date: 3/21/89
7. Superintendent's Action: ☐ Approve   ☐ Disapprove
8. Superintendent's Comments: _____
9. Superintendent: _____ Date: _____
10. Assignment requires institutional transfer no ☐ ; yes ☐ and submit to the Bureau of Classification & Reception for placement.
    Comments:

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6269

**SUPERVISION CLASSIFICATION FORM**
DEPARTMENT OF REHABILITATION & CORRECTION
STATE OF OHIO

Number: # 199 - 828

Name: Davis Von Clark (M)
(last) (first)

Date of Review: 9/10 (mo.) (day) (yr.)

Date of Birth:

Reviewer: CR

Institution: DCI

RACE: White [ ] Black [X] Other [ ]
SEX: Male [X] Female [ ]
HISPANIC: Yes [ ] No [ ]

**Present Security Status:**

Minimum [ ] Close [ ]
Medium [✓] Maximum [ ] Date Present Security Status Assigned: 3-31-89

---

**SECTION A.**
SECURITY SCORING

1. Type of Detainer __None__ Degree: _____ [ 0 ]
   (offense)
   None. . . = 0        3° Felony . . . = 3
   1° Felony & Unclassified . . . = 7    4° Felony . . . = 3
   2° Felony. . . = 5     Misdemeanor . . . = 1

2. Severity of Current Offense: Agg. Murder ½ Murder  2° Degree: /0   [ 7 ]
   (offense)
   1° Felony & Unclassified . . . = 7    3° Felony . . . = 3
   2° Felony. . . = 5     4° Felony . . . = 3
   Misdemeanor = 1

3. Time to Earliest Possible Parole Hearing or Release (See Table 1):
   Month and year: __/__/__
   Months from Table 1: __N.A.__   [ 7 ]
   12 mos. or less . . . = 0    25 mos. - 60 mos. . . . = 2    85 mos. - 108 mos. . . . = 5
   13 mos. - 24 mos. . . . = 1    61 mos. - 84 mos. . . . = 3    109 mos. or more . . . = 7

4. Type of Prior Commitments:
   None = 0     Misdemeanor = 1     Felony = 3    [ 3 ]

5. History of Escapes/Attempts:
   date of scoring: 9 0
   date of occurence:
   elapsed time: (mos) (yrs)

   | | None | Less than 5 years | 5-10 years | 10-15 years | 15 years or more |
   |---|---|---|---|---|---|
   | Minor | 0 | 3 | 2 | 1 | 1 |
   | Major | 0 | 7 | 6 | 5 | 4 |

   Remarks: _____   [ 0 ]

6. History of Violence:
   date of scoring: 9 0
   date of violence: 7 1
   elapsed time: 7 / 0 (mos) (yrs)

   | | None | Less than 5 years | 5-10 years | 10-15 years | 15 years or more |
   |---|---|---|---|---|---|
   | Minor | 0 | 3 | 2 | 1 | 1 |
   | Major | 0 | 7 | 6 | 5 | 4 |

   Remarks: Prior Number 132-34   [ 4 ]

7. SECURITY TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . .   [ 21 ]

8. Security Level: Check the appropriate security level.
   0 - 6 points MINIMUM [ ]    7 - 13 points MEDIUM [ ]    14 - 24 points CLOSE [21]    25 - 38 points MAXIMUM [ ]

---

SUPERVISION SCORING

**SECTION B.**

1. Percentage of Time served (use Tables I and II)
   (a) Total months served, to date, this commitment (use Table II). . . . . . . . . . . . . . . . . . . . . . . . .
   (b) Time remaining to release or release hearing (months from Section A, Line 3, "Security Scoring"). . . . . . . . . . . . . .
   (c) Total time this commitment until release or release hearing (line a + line b). . . . . . . . . . . . . . . . . . . . . . . . .   [X]
   (d) Divide : (line c) ___ /(a) ___ % = 0 thru 25% enter 3
   26 thru 75% enter 4

**DRC Records from Court**          620

1. Percentage of Time Served (calculated at the bottom of page 1) . . . . . . . . . . . . . . . . *N.A.*    `0`

2. Involvement with Alcohol/Drugs *Admitted in Drug Abuse Prog.*    `3`
   Within past 5 years = 2    More than 5 years ago = 3    Never = 4

3. Mental/Psychological Stability (to handle lesser supervision status) . . . . . . . . . . .    `4`
   Date of Report: _____    Unfavorable = 2    Favorable or No Referral = 4

4. Type of Most Serious Disciplinary Report (within past 12 months) . . . . . . . . . . .    `5`
   Rule Violation _____ (Enter appropriate weight from Disciplinary Scale)
   Comments concerning the weighting: _____
   Greatest Severity = 1      Moderate = 3      Low Severity = 4
   High Severity = 2      None = 5

5. Frequency of Disciplinary Reports (within past 12 months) . . . . . . . . . . .    `3`
   No reports = 3      3 thru 5 reports = 1
   1 thru 2 reports = 2      6 or more reports = 0

6. Responsibility Inmate has Demonstrated . . . . . . . . . . .    `4`
   Poor . . . . = 0      Average . . . = 2      Good . . . = 4

7. Family/Community Ties . . . . . . . . . . .    `4`
   None or Minimal . . . . . . . . . = 3      Average or Good . . . . . . . . . = 4

8. SUPERVISION SCORE TOTAL (add lines 1 thru 7) . . . . . . . . . . .

9. Supervision Change Scale    `23`
   (a) Circle below the inmate's Security Level from Page 1, Section A, Line 8.
   (b) Circle the Corresponding set of numbers within that horizontal row which includes the score determined above in Line 8, Section B. The remark found below the vertical column in which Supervision Score is located suggests the possible supervision determination.

| Security Level | | | |
|---|---|---|---|
| Minimum | 11 - 19 | 20 - 22 | 23 - 30 |
| Medium | 11 - 19 | 20 - 24 | 25 - 30 |
| Close | 11 - 19 | 20 - 26 | 27 - 30 |
| Maximum | 11 - 19 | 20 - 27 | 28 - 30 |
| Security Level | Consider Supervision Increase | Consider Present Supervision | Consider Supervision Decrease |

SECTION C.      ADMINISTRATIVE REVIEW

Type of Review:    Regular ☒    Other* ☐    * Explain: *Annual*

1. Step 1. Present Supervision Status:
   MIN [L1 ☐ / L2 ☐]    MED [L2 ☐ / L3 ☐]    CLO [L3 ☐]    MAX [L3 ☐ / L4 ☑]    *D.R.*

2. Step 2. Committee Options:

| a. Form indicates Supervision INCREASE | b. Form indicates Supervision CONTINUANCE | c. Form indicates Supervision DECREASE |
|---|---|---|
| Agree w/Form; increase one level. ☐ | | Agree w/Form; decrease one level. ☐ |
| Disagree w/Form; continue at present level until next review. ☐ | Continue at present level ☒ | Disagree w/Form; continue at present level until next review. ☐** |

3. Comments to support "disagree": _____

4. Date of Next Review: 1 / 91    5. New Supervision Status    MIN [L1☐/L2☐]    MED [L2☐/L3☐]    CLO [L3☐]    MAX [L3☐/L4☑]
        Mo.   Yr.

6. Chairperson: *Oscar E. McGinn*    Date: *1-10-90*

7. Superintendent's Action: ☑ Approve    ☐ Disapprove

8. Superintendent's Comments: _____

9. Superintendent: *Bmpuisjr*    Date: *1-12-90*

10. Assignment requires institutional transfer no ☐ ; yes ☐ and submit to the Bureau of Classification & Reception for placement.
    Comments:

**DRC Records from Court**      621

**SUPERVISION CLASSIFICATION FORM**
**DEPARTMENT OF REHABILITATION & CORRECTION**
**STATE OF OHIO**

Number: _____ # _____ 174-828

Name: _____ Davis _____ Von _____
(last)          (first)          (M)

Date of Review: _____ / _____ / 91
(mo.)   (day)   (yr.)

Date of Birth: _____ / _____ / _____
(mo.)   (day)   (yr.)

Reviewer: _____

Institution: _____ SOCF _____

RACE:          SEX:          HISPANIC:
White [•]      Male [✓]      Yes [ ]
Black [ ]      Female [ ]    No [ ]
Other [ ]

**Present Security Status:**

Minimum [ ]   Close [ ]
Medium [✓]    Maximum [ ]

Date Present Security Status Assigned: _____ 1-10-90

## SECTION A.                    SECURITY SCORING

**1.  Type of Detainer**   none        Degree: _____
(offense)

None. . . . . . . . . . . . = 0        3° Felony . . . . . . . . . . = 3
1° Felony & Unclassified . . . . . = 7    4° Felony . . . . . . . . . . = 3     ⟨0⟩
2° Felony. . . . . . . . . . . . = 5      Misdemeanor . . . . . . . . . = 1

**2.  Severity of Current Offense:** Agg. Murder Ct Murder 2  Degree: _____
(offense)

1° Felony & Unclassified . . . . . = 7    3° Felony . . . . . . . . . . = 3     ⟨7⟩
2° Felony. . . . . . . . . . . . = 5      4° Felony . . . . . . . . . . = 3
                    Misdemeanor = 1

**3.  Time to Earliest Possible Parole Hearing or Release (See Table 1):**

Month and year: _____ / _____ / _____

Months from Table 1: _____ N/A.          D.K        ⟨7⟩

12 mos. or less. . . . . . . = 0    25 mos. - 60 mos. . . . . . = 2    85 mos. - 108 mos. . . . . = 5
13 mos. - 24 mos. . . . . . = 1    61 mos. - 84 mos. . . . . . = 3    109 mos. or more . . . . . = 7

**4.  Type of Prior Commitments:**
None = 0          Misdemeanor = 1          Felony = 3          ⟨3⟩

**5.  History of Escapes/Attempts:**

date of scoring: _____ / 9 / _____

| | None | Less than 5 years | 5-10 years | 10-15 years | 15 years or more |
|---|---|---|---|---|---|
| Minor | 0 | 3 | 2 | 1 | 1 |
| Major | 0 | 7 | 6 | 5 | 4 |

date of occurence: _____
elapsed time: _____
(mos)   (yrs)

Remarks: _____          ⟨0⟩

**6.  History of Violence:**

date of scoring: _____ / 9 / _____

| | None | Less than 5 years | 5-10 years | 10-15 years | 15 years or more |
|---|---|---|---|---|---|
| Minor | 0 | 3 | 2 | 1 | 1 |
| Major | 0 | 7 | 6 | 5 | (4) |

date of violence: _____ / 91 /
elapsed time: _____
(mos)   (yrs)

Remarks: Prior Number 132-345          ⟨4⟩

**7.  SECURITY TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .** ⟨21⟩

**8.  Security Level:** Check the appropriate security level.

0 - 6 points [ ]      7 - 13 points [ ]      14 - 24 points [✓]      25 - 38 points [ ]
MINIMUM              MEDIUM                 CLOSE                   MAXIMUM

## SUPERVISION SCORING

### SECTION B.

**1.  Percentage of Time served (use Tables I and II)**
(a) Total months served, to date, this commitment (use Table II). . . . . . . . . . . . . . . . . . . . . . . . .
(b) Time remaining to release or release hearing (months from Section A, Line 3, "Security Scoring"). . . . . . . . . . . . . [✗]
(c) Total time this commitment until release or release hearing (line a + line b). . . . . . . . . . . . . . . .
(d) Divide: (line c) _____ / (a) _____ _____ % = 0 thru 25% enter 3
                                              26 thru 75% enter 4    in the box at the top of page 2
                                              76 thru 90% enter 5

DRC Records from Court          618

1. Percentage of Time Served (calculated at the bottom of page 1) ..... *D. R.* ..... *N.A.* ..... | **0** |

2. Involvement with Alcohol/Drugs *Admitted - in drug abuse program* ...........
   Within past 5 years = 2    More than 5 years ago = 3    Never = 4 | **3** |

3. Mental/Psychological Stability (to handle lesser supervision status) ..........................
   Date of Report: _____    Unfavorable = 2    Favorable or No Referral = 4 | **4** |

4. Type of Most Serious Disciplinary Report (within past 12 months) ........
   Rule Violation *CU R I* ........(Enter appropriate weight from Disciplinary Scale)
   Comments concerning the weighting: *refused direct order to move*
   | | | | |
   | Greatest Severity = 1 | Moderate = 3 | Low Severity = 4 | |
   | High Severity = 2 | | None = 5 | **3** |

5. Frequency of Disciplinary Reports (within past 12 months) .......... ①
   | | | |
   | No reports = 3 | 3 thru 5 reports = 1 | |
   | 1 thru 2 reports = 2 | 6 or more reports = 0 | **2** |

6. Responsibility Inmate has Demonstrated ..........................
   Poor ..... = 0    Average .... = 2    Good ... = 4 | **4** |

7. Family/Community Ties ..........................
   None or Minimal .......... = 3    Average or Good .......... = 4 | **4** |

8. SUPERVISION SCORE TOTAL (add lines 1 thru 7) .......................... | **20** |

9. Supervision Change Scale
   (a) Circle below the inmate's Security Level from Page 1, Section A, Line 8.
   (b) Circle the Corresponding set of numbers within that horizontal row which includes the score determined above in Line 8, Section B. The remark found below the vertical column in which Supervision Score is located suggests the possible supervision determination.

   | | | | |
   |---|---|---|---|
   | Minimum | 11 - 19 | 20 - 22 | 23 - 30 |
   | Medium | 11 - 19 | 20 - 24 | 25 - 30 |
   | Close | 11 - 19 | 20 - 26 | 27 - 30 |
   | Maximum | 11 - 19 | 20 - 27 | 28 - 30 |
   | Security Level | Consider Supervision Increase | Consider Present Supervision | Consider Supervision Decrease |

---

SECTION C.    ADMINISTRATIVE REVIEW

Type of Review:    Regular [X]    Other* [ ]    * Explain: *Annual Review*

1. Step 1.    Present Supervision Status:    MIN [L1 / L2]    MED [L2 / L3]    CLO [L3]    MAX [L3 / L4 X]    *D. R.*

2. Step 2.    Committee Options:

| a. Form indicates Supervision **INCREASE** | b. Form indicates Supervision **CONTINUANCE** | c. Form indicates Supervision **DECREASE** |
|---|---|---|
| Agree w/Form; increase one level. [ ] | | Agree w/Form; decrease one level. [ ] |
| | Continue at present level [X] | |
| Disagree w/Form; continue at present level until next review. [ ] | | Disagree w/Form; continue at present level until next review. [ ]** |

3. Comments to support "disagree": _____

4. Date of Next Review: [1] [92] 5. New Supervision Status MIN [L1/L2] MED [L2/L3] CLO [L3] MAX [L3/L4 X]
   Mo. Yr.

6. Chairperson: *Oscar E. McGraw*    Date: *1-4-91*

7. Superintendent's Action: [✓] Approve    [ ] Disapprove

8. Superintendent's Comments: _____

9. Superintendent: *Arthur Tate Jr.*    Date: *1-10-91*

10. Assignment requires institutional transfer no [ ] ; yes [ ] and submit to the Bureau of Classification & Reception for placement.

11. Institution Placement: _____    Comments: _____

DRC Records from Court    619

CLASSIFICATION FORM
OF REHABILITATION & CORRECTION
OHIO

Review: _____ (mo.) _____ (day) _____ (yr.)

Viewer: _____

Institution: SOCF

Number: _____ #_____ 174-040

Name: Davis (last) Von (first) (M)

Date of Birth: _____ (mo.) (day) (yr.)

RACE: White [ ]   Black [✓]   SEX: Male [✓]   Female [ ]   HISPANIC: Yes [ ]   No [ ]

Present Security Status:

Minimum [ ]   Close [ ]   Maximum [✓] Death Row   Medium [ ]

Date Present Security Status Assigned: 1-4-91

---

SECTION A.   SECURITY SCORING

1. Type of Detainer: none listed (offense)   Degree: _____   ⓪

| None. . . . . . . . . . . . . . = 0 | 3° Felony . . . . . . . . . . . . = 3 |
| 1° Felony & Unclassified . . . . = 7 | 4° Felony . . . . . . . . . . . . = 3 |
| 2° Felony. . . . . . . . . . . . = 5 | Misdemeanor . . . . . . . . . . = 1 |

2. Severity of Current Offense: Agg. Murder / ½ Murder (offense)   Degree: ____   2.0  / 0   7

| 1° Felony & Unclassified . . . . = 7 | 3° Felony . . . . . . . . . . . . = 3 |
| 2° Felony. . . . . . . . . . . . = 5 | 4° Felony . . . . . . . . . . . . = 3 |
| Misdemeanor = 1 |

3. Time to Earliest Possible Parole Hearing or Release (See Table 1):

Month and year: _____   Vil.   Death Row   7

Months from Table 1: _____

| 12 mos. or less. . . . . . . = 0 | 25 mos. - 60 mos. . . . . . = 2 | 85 mos. - 108 mos. . . . . = 5 |
| 13 mos. - 24 mos. . . . . = 1 | 61 mos. - 84 mos. . . . . . = 3 | 109 mos. or more . . . . . = 7 |

4. Type of Prior Commitments:
None = 0   Misdemeanor = 1   Felony = 3   3

5. History of Escapes/Attempts:

date of scoring: 9 2
date of occurence: _____
elapsed time: _____ (mos) (yrs)

|       | None | Less than 5 years | 5-10 years | 10-15 years | 15 years or more |
|-------|------|-------------------|------------|-------------|------------------|
| Minor | 0 | 3 | 2 | 1 | 1 |
| Major | 0 | 7 | 6 | 5 | 4 |

Remarks: _____   O

6. History of Violence:

date of scoring: 9 2
date of violence: 4 71
elapsed time: 7 20 (mos) (yrs)

|       | None | Less than 5 years | 5-10 years | 10-15 years | 15 years or more |
|-------|------|-------------------|------------|-------------|------------------|
| Minor | 0 | 3 | 2 | 1 | 1 |
| Major | 0 | 7 | 6 | 5 | 4 |

Remarks: Prior ##   4

7. SECURITY TOTAL . . . . . . . . . . . . . . . . . . . . . . .   21

8. Security Level: Check the appropriate security level.

| 0 - 6 points MINIMUM | 7 - 13 points MEDIUM | 14 - 24 points CLOSE  21 | 25 - 38 points MAXIMUM |

---

SUPERVISION SCORING

SECTION B.   6/84

1. Percentage of Time served (use Tables I and II)
   (a) Total months served, to date, this commitment (use Table II). . . . . . . . . . . . . . . . . . . . . .
   (b) Time remaining to release or release hearing (months from Section A, Line 3, "Security Scoring"). . . . . . . . . . . . .
   (c) Total time this commitment until release or release hearing (line a + line b). . . . . . . . . . . . .
   (d) Divide : (line c) N.A. / (a) _____ % = 0 thru 25% enter 3
   26 thru 75% enter 4
   76 thru 90% enter 5   in the box at the top of page 2   [X]

DRC Records from Court   616

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6274

1. Percentage of Time Served (calculated at the bottom of page 1) . . . . . . . . *N.R. - D.R.* ⟦3⟧

2. Involvement with Alcohol/Drugs *Self Admitted* . . . . . . . . . . . . . ✓ ⟦3⟧
   Within past 5 years = 2      More than 5 years ago = 3      Never = 4

3. Mental/Psychological Stability (to handle lesser supervision status) . . . . . . . . . . ⟦4⟧
   Date of Report: _____      Unfavorable = 2      Favorable or No Referral = 4 ✓

4. Type of Most Serious Disciplinary Report (within past 12 months) . . . . *none* ⟦5⟧
   Rule Violation _____ (Enter appropriate weight from Disciplinary Scale)
   Comments concerning the weighting: _____

   Greatest Severity = 1      Moderate = 3      Low Severity = 4
   High Severity = 2                             None = 5

5. Frequency of Disciplinary Reports (within past 12 months) . . . *none listed* ⟦3⟧
   No reports = 3      3 thru 5 reports = 1
   1 thru 2 reports = 2      6 or more reports = 0

6. Responsibility Inmate has Demonstrated . . . . . . . . *In A.A. Program* ⟦4⟧
   Poor . . . . = 0      Average . . . . = 2      Good . . . . = 4

7. Family/Community Ties . . . . . . . . . . . . . . . . . . . . . . . ⟦4⟧
   None or Minimal . . . . . . . . . = 3      Average or Good . . . . . . . . = 4 ✓

8. **SUPERVISION SCORE TOTAL** (add lines 1 thru 7) . . . . . . . . . . . ⟦26⟧

9. Supervision Change Scale
   (a)  Circle below the inmate's Security Level from Page 1, Section A, Line 8.
   (b)  Circle the Corresponding set of numbers within that horizontal row which includes the score determined
        above in Line 8, Section B. The remark found below the vertical column in which Supervision Score is
        located suggests the possible supervision determination.

| | | | |
|---|---|---|---|
| Minimum | 11 - 19 | 20 - 22 | 23 - 30 |
| Medium | 11 - 19 | 20 - 24 | 25 - 30 |
| Close | 11 - 19 | (20 - 26) | 27 - 30 |
| Maximum | 11 - 19 | 20 - 27 | 28 - 30 |
| Security Level | Consider Supervision Increase | Consider Present Supervision | Consider Supervision Decrease |

---

SECTION C.      ADMINISTRATIVE REVIEW

Type of Review:      Regular ☒      Other* ☐      * Explain: _____

1. Step 1.      Present Supervision Status:

   MIN [L1 / L2]      MED [L2 / L3]      CLO [L3]      MAX [L3 / L4 ☒]  *Death Row*

2. Step 2.      Committee Options:

| a. Form indicates Supervision INCREASE | b. Form indicates Supervision CONTINUANCE | c. Form indicates Supervision DECREASE |
|---|---|---|
| Agree w/Form; increase one level. ☐ | Continue at present level ☒ | Agree w/Form; decrease one level. ☐ |
| Disagree w/Form; continue at present level until next review. ☐ | | Disagree w/Form; continue at present level until next review. ☐ ** |

3. Comments to support "disagree": *D.R. Inmate*

4. Date of Next Review: [ / 93 ]   5. New Supervision Status   MIN [L1 / L2]   MED [L2 / L3]   CLO [L3]   MAX [L3 / L4 ☒]
   Mo.      Yr.

6. Chairperson: *Inc Semloch*      Date: *1-14-92*

7. Superintendent's Action:      ✓ Approve ☐      Disapprove ☐

8. Superintendent's Comments:

9. Superintendent: *Arthur Tate Jr.*      Date: *1/15/92*

10. Assignment requires institutional transfer no ☐ ; yes ☐ and submit to the Bureau of Classification & Reception for placement.

11. Institution Placement: _____      Comments: _____

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6275

**SUPERVISION REVIEW FORM**
DEPARTMENT OF REHABILITATION AND CORRECTION
STATE OF OHIO

Number: # 179 · 828

Name: Davis                    Von
         (last)          (first)      (middle)

Date of Review: 2 (mo.) (day) 93 (yr.)

Date of Birth: ___ (month) (day) (year)

Reviewer: _____

Institution: SOCF

RACE:
White ☐
Black ☑
Other ☐

SEX:
Male ☑
Female ☐

HISPANIC:
Yes ☐
No ☐

Present Security Status:

☐ Minimum   ☐ Close
☐ Medium   ☑ Maximum     Date of Last Review: 1-14-92

Depth Row

**SECTION A.**

1. Type of Detainer/Notify __ none listed __     Degree: _____     ⟨0⟩

None . . . . . . . . . . . . = 0
1° Felony & Unclassified = 7
2° Felony . . . . . . . . . . = 5
3° Felony . . . . . . . . . . = 3
4° Felony . . . . . . . . . . = 3
Misdemeanor . . . . . . . . = 1

2. Severity of Current Offense: Agg. Murder / Murder Degree: 10     ⟨7⟩

1° Felony & Unclassified = 7
2° Felony . . . . . . . . . . = 5
Misdemeanor . . . . . . . . = 1
3° Felony . . . . . . . . . . = 3
4° Felony . . . . . . . . . . = 3

3. Time to Earliest Possible Parole Hearing or Release (See Table 1):

Month and year: N.A.   Depth Row
Months from Table 1: N.A.     ⟨7⟩

12 mos. or less . . . . . . . = 0     25 mos. – 60 mos. . . . . . = 2     85 mos. – 108 mos. . . . . . = 5
13 mos. – 24 mos. . . . . . = 1     61 mos. – 84 mos. . . . . . = 3     109 mos. or more. . . . . . = 7

4. Type of Prior Commitments:
None = 0         Misdemeanor = 1         Felony = 3     ⟨3⟩

5. History of Escape/Attempts:

date of scoring: 2/93
date of occurrence:
elapsed time: (mos) (yrs)

|       | NONE | LESS THAN 5 YEARS | 5 - 10 YEARS | 10 - 15 YEARS | 15 YEARS OR MORE |
|-------|------|-------------------|--------------|---------------|------------------|
| Minor | 0 | 3 | 2 | 1 | 1 |
| Major | 0 | 7 | 6 | 5 | 4 |

Remarks: _____     ⟨0⟩

6. History of Violence:

date of scoring: 2/93
date of violence: 4/77
elapsed time: 10/2 (mos)(yrs)

|       | NONE | LESS THAN 5 YEARS | 5 - 10 YEARS | 10 - 15 YEARS | 15 YEARS OR MORE |
|-------|------|-------------------|--------------|---------------|------------------|
| Minor | 0 | 3 | 2 | 1 | 1 |
| Major | 0 | 7 | 6 | 5 | 4 |

Remarks: Prior #     ⟨4⟩

7. SECURITY TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     ⟨21⟩

8. Security Level: Check the appropriate security level.
0 – 6 points ☐ MINIMUM      7 – 13 points ☐ MEDIUM      14 – 24 points ☑ CLOSE      25 – 38 points ☐ MAXIMUM

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6276

*Davis*     197-828
INMATE NAME        NUMBER

1. Percent of Time served (use Tables 1 and 11)

    (a) months served, to date this commitment (use Table 11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☒

    (b) months remaining to release hearing (months from Section A, Line 3, "Security Scoring"). . . . . . . . . . . . . . . . . . . . . .

    (c) total time this commitment until release hearing (line a + line b)

    (d) Divide: (line c) *N.A.* (a)     % =    0 thru 25% enter 3

                                              26 thru 75% enter 4   in the box on line below.

                                              76 thru 90% enter 5

                                              91% or more enter 6

    Points allowed for percent of Time Served (calculated on line 1.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

2. Involvement with Alcohol/Drug abuse . . . . . . . . *Self Admitted* . . . . . . . . . . . . . . . . . . . . . . 3

    Within past 5 years = 2         More than 5 years = 3         Never = 4

3. Stability (to handle lesser supervision status) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

                Unfavorable = 2              Favorable = 4

4. Type of Most Serious Disciplinary Report (within past 12 months) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    Rule Violation _____ (Enter appropriate weight from Disciplinary Scale)

    Comments concerning the weighting: _____

    Greatest Severity = 1            Moderate = 3            Low Severity = 4

    High Severity = 2                                 None = 5

5. Frequency of Disciplinary Reports (within past 12 months) . . . . . . . . . . *no reports* . . . . . . . 3

    No reports = 3                     3 thru 5 reports = 1

    1 thru 2 reports = 2                 6 or more reports = 0

6. Responsibility Inmate has Demonstrated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Poor . . . . . . . . . = 0            Average = 2            Good . . . . . . = 4

7. Family/Community Ties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    None or Minimal = 3                   Average or Good = 4

8. SUPERVISION SCORE TOTAL (add lines 1 thru 7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (26)

9. Supervision Change Scale

    (a)    Circle below the inmate's Security Level from Page 1, Section A, Line 8.

    (b)    Circle the Corresponding set of numbers within that horizontal row which includes the score determined above in line 8, Section B. The remark found below the vertical column in which Supervision Score is located suggests the possible supervision determination.

| | | | |
|---|---|---|---|
| Minimum | 11 - 19 | 20 - 22 | 23 - 30 |
| Medium | 11 - 19 | 20 - 24 | 25 - 30 |
| Close | 11 - 19 | 20 - 26 | 27 - 30 |
| Maximum | 11 - 19 | 20 - 27 | 28 - 30 |
| Security Level | Consider Supervision Increase | Consider Present Supervision | Consider Supervision Decrease |

DRC Records from Court      614

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6277

REVIEW

INMATE NAME: *Davis* 179-828 NUMBER

Explain: *Annual*

1. Step 1. Present Supervision Status:

| MIN | L1 L2 | MED | L2 L3 | CLO | L3 | MAX | L3 L4 ✕ |

2. Committee options:

| a. Form indicates Supervision **INCREASE** | b. Form indicates Supervision **CONTINUANCE** | c. Form indicates Supervision **DECREASE** |
|---|---|---|
| Agree w/Form: increase one level. ☐ | Agree w/Form: continue at present level ✕ | Agree w/Form: decrease one level. ☐ |
| Disagree w/Form: continue at present level until new review. ☐** | Disagree w/Form: decrease one level. (For minimum Level 1 only) ☐** | Disagree w/Form: continue at present level until next review. ☐** |

3. Comments to support "disagree": *I.I. Transfer to MAX-4*

4. Recommended New Supervision Status:

| MIN | L1 L2 | MED | L2 L3 | CLO | L3 | MAX | L3 L4 ✕ |

5. Chairperson: _____ Date: *2-23-93*

6. Warden's Action: APPROVE ✓ DISAPPROVE ☐

7. Warden's Comments: _____

8. Warden: *Arthur Tate Jr.* Date: *2/23/93*

9. Assignment requires transfer: YES ☐ NO ✕

10. Prior Psych Hospital and/or current Psych meds: YES ☐ NO ☐

11. Medical Level: ☐
SUBMIT TO THE BUREAU OF CLASSIFICATION AND RECEPTION for placement if # 9 marked "yes"

12. Date of Next Review: *2* Mo. *94* Yr.

13. Bureau of Classification and Reception Action: APPROVE ☐ DISAPPROVE ☐

14. Institutional Placement Assigned by the Bureau of Classification and Reception: _____

15. Bureau's Comments: _____

16. Date Reviewed by the Bureau: _____

** Record the reasons for research purposes and later reporting.

...TION AND CORRECTION

Number: # 179 - 828

Name: Davis _____ On _____
(first)          (middle)

Date of Birth: _____

3   94
(mo.) (day) (yr.)

Reviewer: EN

Institution: SOCF

**RACE:**  White ☐   Black ☑   Other ☐

**SEX:**  Male ☑   Female ☐

**HISPANIC:**  Yes ☐   No ☐

Present Security Status:

Minimum ☐   Close ☐
Medium ☒   Maximum ☐   Date of Last Review: 2-23-93

4  Depth Law

## SECTION A.

**1. Type of Detainer/Notify** _none listed_ (offense)   Degree: _____   ⟨2⟩

None . . . . . . . . . . . . . = 0
1° Felony & Unclassified = 7
2° Felony . . . . . . . . . . = 5

3° Felony . . . . . . . . . . . . . . . . . = 3
4° Felony . . . . . . . . . . . . . . . . . = 3
Misdemeanor . . . . . . . . . . . . . . = 1

**2. Severity of Current Offense:** _Agg. Murder / Murder_ (offense)   Degree: ___1°___   ⟨7⟩

1° Felony & Unclassified = 7
2° Felony . . . . . . . . . . = 5
Misdemeanor . . . . . . . . . . = 1

3° Felony . . . . . . . . . . . . . . . . . = 3
4° Felony . . . . . . . . . . . . . . . . . = 3

**3. Time to Earliest Possible Parole Hearing or Release (See Table 1):**

Month and year: ___ / _N.A._ Depth Law
Months from Table 1: _____

12 mos. or less . . . . . . . . . . = 0
13 mos. – 24 mos. . . . . . . . = 1

25 mos. – 60 mos. . . . . . . . = 2
61 mos. – 84 mos. . . . . . . . = 3

85 mos. – 108 mos. . . . . . . . . = 5
109 mos. or more. . . . . . . . . . . = 7     ⟨7⟩

**4. Type of Prior Commitments:**
None = 0     Misdemeanor = 1     Felony = 3     ⟨3⟩

**5. History of Escape/Attempts:**

date of scoring: 2  94
date of occurrence:
elapsed time: ___ ___
(mos)   (yrs)

| | NONE | LESS THAN 5 YEARS | 5 - 10 YEARS | 10 - 15 YEARS | 15 YEARS OR MORE |
|---|---|---|---|---|---|
| Minor | 0 | 3 | 2 | 1 | 1 |
| Major | 0 | 7 | 6 | 5 | 4 |

Remarks: _____     ⟨0⟩

**6. History of Violence:**

date of scoring: 3  94
date of violence: 4  71
elapsed time: 9  22
(mos)   (yrs)

| | NONE | LESS THAN 5 YEARS | 5 - 10 YEARS | 10 - 15 YEARS | 15 YEARS OR MORE |
|---|---|---|---|---|---|
| Minor | 0 | 3 | 2 | 1 | 1 |
| Major | 0 | 7 | 6 | 5 | ④ |

Remarks: _Prior #_     ⟨4⟩

**7. SECURITY TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ⟨21⟩

**8. Security Level: Check the appropriate security level.**

0 – 6 points
MINIMUM ☐

7 – 13 points
MEDIUM ☐

14 – 24 points
CLOSE ☑

25 – 38 points
MAXIMUM ☐

DRC 2098 (REV 3/91)

**DRC Records from Court**     612

_Davis_                  _179-828_
INMATE NAME                  NUMBER

**SECTION B.**

Percentage of Time served (use Tables 1 and 11)

(a) Total months served, to date this commitment (use Table 11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(b) Time remaining to release hearing (months from Section A, Line 3, "Security Scoring"). . . . . . . . . . . . . . . . . . . . . . .   ☒

(c) Total time this commitment until release hearing (line a + line b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(d) Divide: (line c) _N.A._ / (a)

| % = | 0 thru 25% enter  3 |
| 26 thru 75% enter  4 | in the box on line below. |
| 76 thru 90% enter  5 |
| 91% or more enter  6 |

Points allowed for percent of Time Served (calculated on line 1.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ⬜ 3

2.   Involvement with Alcohol/Drug abuse . . . . . . . _Self  Admitted_ . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ⬜ 3

        Within past 5 years  = 2        More than 5 years  = 3        Never  = 4

3.   Stability (to handle lesser supervision status) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ⬜ 4

        Unfavorable = 2             Favorable = 4

4.   Type of Most Serious Disciplinary Report (within past 12 months) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ⬜ 5

        Rule Violation _____ (Enter appropriate weight from Disciplinary Scale)

        Comments concerning the weighting: _____

        Greatest Severity = 1           Moderate  = 3          Low Severity  = 4

        High Severity  = 2                                None  = 5

5.   Frequency of Disciplinary Reports (within past 12 months) . . . . . . . _none listed_ . . . . . . . . . . .   ⬜ 3

        No reports     = 3                   3 thru 5 reports  = 1

        1 thru 2 reports = 2                  6 or more reports  = 0

6.   Responsibility Inmate has Demonstrated . . . . . . . _last conduct report 1990_ . . . . . . . . .   ⬜ 4

        Poor . . . . . . . . . . = 0             Average  = 2           Good . . . . . . = 4

7.   Family/Community Ties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ⬜ 4

        None or Minimal  = 3             Average or Good  = 4

8.   **SUPERVISION SCORE TOTAL** (add lines 1 thru 7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   (26)

9.   Supervision Change Scale

        (a)  Circle below the inmate's Security Level from Page 1, Section A, Line 8.

        (b)  Circle the Corresponding set of numbers within that horizontal row which includes the score determined
            above in line 8, Section B. The remark found below the vertical column in which Supervision Score is located
            suggests the possible supervision determination.

| | | | |
|---|---|---|---|
| Minimum | 11 - 19 | 20 - 22 | 23 - 30 |
| Medium | 11 - 19 | 20 - 24 | 25 - 30 |
| Close | 11 - 19 | 20 - 26 | 27 - 30 |
| Maximum | 11 - 19 | 20 - 27 | 28 - 30 |
| Security Level | Consider Supervision Increase | Consider Present Supervision | Consider Supervision Decrease |

DRC 2094 (REV 10/91)

**DRC Records from Court**                    611

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6280

MIHNCL

**SUPERVISION REVIEW FORM**
DEPARTMENT OF REHABILITATION AND CORRECTION
STATE OF OHIO

Number: # 179.828

Name: Davis / Von

(first) (last) (middle)

Date of Review: ___/___/___ (mo.) (day) (yr.)

Date of Birth: _____ (day) . (year)

Reviewer: _____

Institution: SOCF

RACE:
White ☐
Black ☑

SEX:
Male ☑
Female ☐

HISPANIC:
Yes ☐
No ☐

Present Security Status:

Other ☐

Minimum ☐ Close ☐
Medium ☐ Maximum ☒
Depth Row

Date of Last Review: 3-11-94

**SECTION A.**

1. Type of Detainer/Notify _none listed_ (offense)   Degree: _____   ☐ / 0

None . . . . . . . . . . . . . . . = 0
1° Felony & Unclassified = 7
2° Felony . . . . . . . . . . . = 5
3° Felony . . . . . . . . . . . . . . . . . = 3
4° Felony . . . . . . . . . . . . . . . . . = 3
Misdemeanor . . . . . . . . . . . . . . . = 1

2. Severity of Current Offense: Agg. Murder (offense)   w/ Murder Degree: 1 / 0   ☑ / 7

1° Felony & Unclassified = 7
2° Felony . . . . . . . . . . . = 5
3° Felony . . . . . . . . . . . . . . . . . = 3
4° Felony . . . . . . . . . . . . . . . . . = 3
Misdemeanor . . . . . . . . . . = 1

3. Time to Earliest Possible Parole Hearing or Release (See Table 1):

Month and year: ___/ N.A.   Death Row   ☑ / 7

Months from Table 1: _____

12 mos. or less . . . . . . . . . . = 0   25 mos. – 60 mos. . . . . . . . = 2   85 mos. – 108 mos. . . . . . . . . . = 5
13 mos. – 24 mos. . . . . . . . . = 1   61 mos. – 84 mos. . . . . . . . = 3   109 mos. or more . . . . . . . . . . . . = 7

4. Type of Prior Commitments:
None = 0     Misdemeanor = 1     Felony = 3 /   ☑ / 3

5. History of Escape/Attempts:

| | NONE | LESS THAN 5 YEARS | 5 - 10 YEARS | 10 - 15 YEARS | 15 YEARS OR MORE |
|---|---|---|---|---|---|
| date of scoring: ___/___/9? Minor | 0 | 3 | 2 | 1 | 1 |
| date of occurrence: Major | 0 | 7 | 6 | 5 | 4 |
| elapsed time: (mos) (yrs) | | | | | |

Remarks: _____   ☐ / 0

6. History of Violence:

| | NONE | LESS THAN 5 YEARS | 5 - 10 YEARS | 10 - 15 YEARS | 15 YEARS OR MORE |
|---|---|---|---|---|---|
| date of scoring: ___/___/9? Minor | 0 | 3 | 2 | 1 | 1 |
| date of violence: 4/7/___ Major | 0 | 7 | 6 | 5 | 4 |
| elapsed time: 9/23 (mos) (yrs) | | | | | |

Remarks: Prior #   ☑ / ☐

7. SECURITY TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   21

8. Security Level: Check the appropriate security level.
0 – 6 points     7 – 13 points     14 – 24 points     25 – 38 points
MINIMUM ☐     MEDIUM ☐     CLOSE ☑     MAXIMUM ☐

**DRC Records from Court**     **607**

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6281

*Davis*                                      179-828
INMATE NAME                                  NUMBER

s 1 and 11)

s commitment (use Table 11) ..................................................

nearing (months from Section A, Line 3, "Security Scoring") ..................

ent until release hearing (line a + line b) .............................. ☒

*N/A* /(a)          % =   0 thru 25% enter  3
                          26 thru 75% enter  4   in the box on line below.
                          76 thru 90% enter  5
                          91% or more enter  6

oints allowed for percent of Time Served (calculated on line 1.) ............. ☐ 3

2. Involvement with Alcohol/Drug abuse .......... *Self admitted* ........... ☐ 3

      Within past 5 years = 2      More than 5 years = 3      Never = 4

3. Stability (to handle lesser supervision status) ............................ ☐ 4

      Unfavorable = 2                 Favorable = 4

4. Type of Most Serious Disciplinary Report (within past 12 months) ........... ☐ 5

      Rule Violation _____ (Enter appropriate weight from Disciplinary Scale)
      Comments concerning the weighting: _____

      Greatest Severity = 1           Moderate = 3          Low Severity = 4
      High Severity     = 2                                 None         = 5

5. Frequency of Disciplinary Reports (within past 12 months) .... *none listed* .... ☐ 3

      No reports       = 3            3 thru 5 reports  = 1
      1 thru 2 reports = 2            6 or more reports = 0

6. Responsibility Inmate has Demonstrated ..................................... ☐ 4

      Poor .......... = 0            Average = 2           Good ...... = 4

7. Family/Community Ties ..................................................... ☐ 4

      None or Minimal = 3            Average or Good = 4

8. SUPERVISION SCORE TOTAL (add lines 1 thru 7) ............................... (24)

9. Supervision Change Scale

      (a)  Circle below the inmate's Security Level from Page 1, Section A, Line 8.
      (b)  Circle the Corresponding set of numbers within that horizontal row which includes the score determined
           above in line 8, Section B. The remark found below in the vertical column in which Supervision Score is located
           suggests the possible supervision determination.

| Security Level | | | |
|---|---|---|---|
| Minimum | 11 - 19 | 20 - 22 | 23 - 30 |
| Medium | 11 - 19 | 20 - 24 | 25 - 30 |
| (Close) | 11 - 19 | (20 - 26) | 27 - 30 |
| Maximum | 11 - 19 | 20 - 27 | 28 - 30 |
|  | Consider Supervision Increase | Consider Present Supervision | Consider Supervision Decrease |

DRC 2094 (REV 10/91)

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6282

INMATE NAME _Davis_     NUMBER _179-828_

* Other ☐   * Explain: _____

Supervision Status:

| MIN | L1 ☐ / L2 ☐ | MED | L2 ☐ / L3 ☐ | CLO | L3 ☐ | MAX | L3 ☐ / L4 ☐ |

Options:

| a. indicates Supervision **INCREASE** | b. Form indicates Supervision **CONTINUANCE** | c. Form indicates Supervision **DECREASE** |
|---|---|---|
| Agree w/Form: increase one level. ☐ | Agree w/Form: continue at present level ☑ | Agree w/Form: decrease one level. ☐ |
| Disagree w/Form: continue at present level until new review. ☐** | Disagree w/Form: decrease one level. (For minimum Level 1 only) ☐** | Disagree w/Form: continue at present level until next review. ☐** |

3. Comments to support "disagree": _Death Row Status_

4. Recommended New Supervision Status:

| MIN | L1 ☐ / L2 ☐ | MED | L2 ☐ / L3 ☐ | CLO | L3 ☐ | MAX | L3 ☐ / L4 ☐ |

5. Chairperson: _Jack D. Wills_    Date: _Jan 5, 1995_

6. Warden's Action:   APPROVE ☑   DISAPPROVE ☐

7. Warden's Comments: _____

8. Warden: _JCollins_    Date: _1-5-95_

9. Assignment requires transfer:   YES ☐   NO ☑

10. Prior Psych Hospital and/or current Psych meds:   YES ☐   NO ☐

11. Medical Level: ☐
   SUBMIT TO THE BUREAU OF CLASSIFICATION AND RECEPTION for placement if # 9 marked "yes"

12. Date of Next Review: _06_ Mo. _95_ Yr.

13. Bureau of Classification and Reception Action:   APPROVE ☑   DISAPPROVE ☐

14. Institutional Placement Assigned by the Bureau of Classification and Reception: _Remain SOCF, max_

15. Bureau's Comments: _____

16. Date Reviewed by the Bureau: _1-25-95_   _WM_

** Record the reasons for research purposes and later reporting.

DRC 2138

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6283

CORING

**ADMINISTRATIVE REVIEW**

INMATE NAME: _Davis_    NUMBER: _179-828_

**SECTION C.**

Type of Review:  Regular [✓]  Other * [ ]   * Explain: _____

1. Step 1.  Present Supervision Status:

| MIN L1 L2 | MED L2 L3 | CLO L3 | MAX L3 L4 [✓] |

2. Committee options:

| a. Form indicates Supervision **INCREASE** | b. Form indicates Supervision **CONTINUANCE** | c. Form indicates Supervision **DECREASE** |
|---|---|---|
| Agree w/Form: increase one level. [ ] | Agree w/Form: continue at present level [✓] | Agree w/Form: decrease one level. [ ] |
| Disagree w/Form: continue at present level until new review. [ ]** | Disagree w/Form: decrease one level. (For minimum Level 1 only) [ ]** | Disagree w/Form: continue at present level until next review. [ ]** |

3. Comments to support "disagree": _____

4. Recommended New Supervision Status:

| MIN L1 L2 | MED L2 L3 | CLO L3 | MAX L3 L4 [✓] |

5. Chairperson: _(signature)_   Date: _3-1-74_

6. Warden's Action:   APPROVE [✓]   DISAPPROVE [ ]

7. Warden's Comments: _____

8. Warden: _Jerry J Collins_   Date: _3-11-84_

9. Assignment requires transfer:   YES [ ]   NO [✓]

10. Prior Psych Hospital and/or current Psych meds:   YES [ ]   NO [ ]

11. Medical Level: [ ]
SUBMIT TO THE BUREAU OF CLASSIFICATION AND RECEPTION for placement if # 9 marked "yes"

12. Date of Next Review:  Mo. _3_  Yr. _

13. Bureau of Classification and Reception Action:   APPROVE [ ]   DISAPPROVE [ ]

14. Institutional Placement Assigned by the Bureau of Classification and Reception: _____

15. Bureau's Comments: _____

16. Date Reviewed by the Bureau: _____

** Record the reasons for research purposes and later reporting.

DRC Records from Court    610

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6284

**SUPERVISION REVIEW FORM**
**DEPARTMENT OF REHABILITATION AND CORRECTION**
**STATE OF OHIO**

Number: # 419 - 878

Name: Davis _____ (first) _____ (middle)

Date of Review: U / 9 7
(mo.) (day) (yr.)

Date of Birth: _____ (month) (day) (year)

Reviewer: _____

Institution: _____

| RACE: | | SEX: | | HISPANIC: | |
|---|---|---|---|---|---|
| White | ☐ | Male | ☑ | Yes | ☐ |
| Black | ☑ | Female | ☐ | No | ☑ |
| Other | ☐ | | | | |

**Present Security Status:**

Minimum ☐   Close ☐
Medium ☑   Maximum ☐

Date of Last Review: 1/95

---

**SECTION A.** ☐

1. Type of Detainer/Notify _____ (offense)   Degree: _____   ⟨0⟩

   None . . . . . . . . . . . . . . = 0
   1° Felony & Unclassified = 7
   2° Felony . . . . . . . . . . . = 5
   
   3° Felony . . . . . . . . . . . . . . . . . = 3
   4° Felony . . . . . . . . . . . . . . . . . = 3
   Misdemeanor . . . . . . . . . . . . . . = 1

2. Severity of Current Offense: Aga Murder (offense)   Degree: 1°D   ⟨7⟩

   1° Felony & Unclassified = 7
   2° Felony . . . . . . . . . . . = 5
   
   3° Felony . . . . . . . . . . . . . . . . . = 3
   4° Felony . . . . . . . . . . . . . . . . . = 3
   
   Misdemeanor . . . . . . . . . . = 1

3. Time to Earliest Possible Parole Hearing or Release (See Table 1):   ⟨7⟩

   Month and year: _____
   Months from Table 1: V Mth. Kcy

   12 mos. or less . . . . . . . . . . = 0      25 mos. – 60 mos. . . . . . . . = 2      85 mos. – 108 mos. . . . . . . . . . = 5
   13 mos. – 24 mos. . . . . . . . = 1      61 mos. – 84 mos. . . . . . . . = 3      109 mos. or more. . . . . . . . . . . . ⟨7⟩

4. Type of Prior Commitments:
   None = 0      Misdemeanor = 1      Felony ⟨3⟩  132·345   ⟨3⟩

5. History of Escape/Attempts:

| | NONE | LESS THAN 5 YEARS | 5 - 10 YEARS | 10 - 15 YEARS | 15 YEARS OR MORE |
|---|---|---|---|---|---|
| Minor | 0 | 3 | 2 | 1 | 1 |
| Major | 0 | 7 | 6 | 5 | 4 |

   date of scoring: _____
   date of occurrence: _____
   elapsed time: _____ (mos) _____ (yrs)
   Remarks: _____   ⟨0⟩

6. History of Violence:

| | NONE | LESS THAN 5 YEARS | 5 - 10 YEARS | 10 - 15 YEARS | 15 YEARS OR MORE |
|---|---|---|---|---|---|
| Minor | 0 | 3 | 2 | 1 | 1 |
| Major | 0 | 7 | 6 | 5 | ④ |

   date of scoring: 4 97
   date of violence: 4 7 1
   elapsed time: 7/0 (mos) _____ (yrs)
   Remarks: Murder  4 132·345   ④

7. SECURITY TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ⟨21⟩

8. Security Level: Check the appropriate security level.
   0 – 6 points ☐      7 – 13 points ☐      14 – 24 points ☑      25 – 38 points ☐
   MINIMUM      MEDIUM      CLOSE      MAXIMUM

---

**DRC Records from Court**      604

Davis   179-878

INMATE NAME _____   NUMBER _____

served (use Tables 1 and 11)

...erved, to date this commitment (use Table 11) .................................... N/A ☐

...ng to release hearing (months from Section A, Line 3, "Security Scoring").......... ☐

...is commitment until release hearing (line a + line b) ...

..._____ % =   0 thru 25% enter  ③
line c) _____ / (a)   26 thru 75% enter  4   in the box on line below.
                         76 thru 90% enter  5
                         91% or more enter 6

...allowed for percent of Time Served (calculated on line 1.) ............................ 3

...olvement with Alcohol/Drug abuse ..... S.O.C. S.U.M. ..................................... 3

   Within past 5 years = 2        More than 5 years = ③        Never = 4

...Stability (to handle lesser supervision status) ........................................ 4

   Unfavorable = 2                 Favorable = ④

4. Type of Most Serious Disciplinary Report (within past 12 months) ...................... 5
   Rule Violation _____ (Enter appropriate weight from Disciplinary Scale)
   Comments concerning the weighting: _____

   Greatest Severity = 1           Moderate = 3         Low Severity = 4
   High Severity = 2                                    None         ⑤

5. Frequency of Disciplinary Reports (within past 12 months) .............................. 3

   No reports        = ③          3 thru 5 reports  = 1
   1 thru 2 reports  = 2          6 or more reports = 0

6. Responsibility Inmate has Demonstrated ..... DR 3. Parker ............................. 4

   Poor .......... = 0            Average = 2          Good ...... = ④

7. Family/Community Ties ................................................................ 4

   None or Minimal = 3                        Average or Good = ④

8. SUPERVISION SCORE TOTAL (add lines 1 thru 7) ......................................... 26

9. Supervision Change Scale

   (a)  Circle below the inmate's Security Level from Page 1, Section A, Line 8.
   (b)  Circle the Corresponding set of numbers within that horizontal row which includes the score determined
        above in line 8, Section B. The remark found below the vertical column in which Supervision Score is located
        suggests the possible supervision determination.

| Security Level | | | |
|---|---|---|---|
| Minimum | 11 - 19 | 20 - 22 | 23 - 30 |
| Medium | 11 - 19 | 20 - 24 | 25 - 30 |
| Close | 11 - 19 | (20 - 26) | 27 - 30 |
| Maximum | 11 - 19 | 20 - 27 | 28 - 30 |
| Security Level | Consider Supervision Increase | Consider Present Supervision | Consider Supervision Decrease |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6286

**SUPERVISION REVIEW FORM**
DEPARTMENT OF REHABILITATION AND CORRECTION
STATE OF OHIO

Number: # A 179 - B28

Name: Davis / ON (first) (middle)

Date of Review: 6 / 14 / 2000 (mo.) (day) (yr.)

Date of Birth: ___ (month) (day) (year)

RACE: White ☐  Black ☑  Other ☐
SEX: Male ☑  Female ☐
HISPANIC: Yes ☐  No ☑

Reviewer: GA MORROW

Institution: MAUCI

**Present Security Status:**
Minimum Level 1: ☐  Medium: ☐  High Close: ☐  High Maximum: ☐
Minimum Level 2: ☐  Close: ☐  Maximum: ☑

Date of Last Review: 4/97

## Section I A   UNFAVORABLE BEHAVIOR

| | | WEIGHT | SCORE |
|---|---|---|---|
| 1. | FINDING BY RULES INFRACTION BOARD (since last review) | | |
| | Not Heard by RIB/Found Not Guilty | 0 | |
| | Found Guilty by RIB | 2 | 0 |
| 2. | ADMINISTRATIVE/LOCAL CONTROL PLACEMENTS (since last review) | | |
| | None | 0 | |
| | One or More | 3 | 0 |
| 3. | MOST RECENT VIOLENCE INDICATOR (last 5 years) | | |
| | (Includes pre-prison, current offense, institutional violence) | | |
| | No Violence in Last 60 Months | 0 | |
| | Violent Conviction/Infraction Within Past 25-60 Months | 1 | 0 |
| | Violent Conviction/Infraction Within Past 24 Months | 2 | |
| 4. | FREQUENCY OF GUILTY CLASS II DISCIPLINARY REPORTS (since last review) | | |
| | None | 0 | |
| | 1 - 2 | 1 | 0 |
| | 3 - 5 | 2 | |
| | 6 or More | 3 | |

SECTION I A   SUBTOTAL SCORE (Items 1 -4)   0

## Section I B   STABILITY FACTORS

| | | WEIGHT | SCORE |
|---|---|---|---|
| 5. | EDUCATIONAL ATTAINMENT (pre-prison and during incarceration) | | |
| | High School Diploma/GED/Higher Education | -1 | |
| | Less Than High School Equivalency | 0 | 0 |
| 6. | INSTITUTIONAL JOB PERFORMANCE (since last review) | | |
| | No Job Removal/Removed for Other Reasons | -1 | |
| | Removed for Discipline (Including Non-Job Related Behavior), or Indication of Poor Job Performance | 0 | -1 |
| 7. | AGE AT THIS REVIEW | | |
| | Age 40 or Older | -1 | |
| | Age 39 or Younger | 0 | -1 |

SECTION I B   SUBTOTAL SCORE (Items 5 -7)   -2

TOTAL SCORE (Items 1-7) COMBINED SUBTOTALS:   -2

( -3 - -1 POINTS )
Consider Supervision Decrease

( 0 - 4 POINTS )
Consider Present Supervision

( 5 - 10 POINTS )
Consider Supervision Increase

DRC Records from Court   600

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6287

(recommendations)

Number: # A179 - 828

Name: DAVIS                    VoN
         (last)              (first)

| | Considering Decrease (3 - 1) | Score Indicates Considering Present Supervision (0 - 4) | Score Indicates Considering Supervision Increase (5 - 10) | |
|---|---|---|---|---|
| Decrease One Level | [ ] | a. Agree: Continuation [ ] | a. Agree: Increase One Level | [ ] |
| Disagree: Continue Present Level | [X] | b. Disagree: Decrease One Level [ ] Increase One Level [ ] | b. Disagree: Continue Present Level | [ ] |

2.    Check (✔) all the Special Management Concerns which Apply to this Inmate for Purposes of Overriding Scored Level:

**Minimum Level 1**
**Non-Discretionary Overrides**

- [ ] Sex offender
- [ ] Kidnapping or abduction offense
- [ ] High notoriety case inmate

**Minimum Level 2**
**Non-Discretionary Overrides**

- [ ] Any felony for causing death of a law enforcement officer or another person while incarcerated.
- [ ] Convicted of any capital offense, including former death row inmates.
- [ ] Documented history of escape.
- [ ] Medium security inmate serving indefinite sentence for an F1 or F2 and has not had statutory first parole board hearing.

**Discretionary Overrides**

- [ ] Time left to serve
- [ ] Severity of current offense
- [ ] Extensive criminal history
- [ ] Good conduct
- [X] Other De/Inmate
- [ ] Other _____
- [ ] Other _____

**Higher Custody**
**Discretionary Overrides**

- [ ] Meets criteria for placement in high close.
- [ ] Conduct or presence poses a serious threat to physical safety of any person, or security of prison.
- [ ] Nature of offense indicates inmate poses a serious threat to the physical safety of any person, or security of prison
- [ ] Participated in, threatened to participate in or is encouraging a disturbance or riot.
- [ ] Conspired to introduce contraband which may pose serious threat to security.
- [ ] Functions as a leader or enforcer of a security threat group.
- [ ] Poses a serious threat of escape.
- [ ] Ability to compromise integrity of staff.

3.    Override of Review Score is Recommended:        [X] Yes        [ ] No

If yes, give rationale (required):   De Inmates Are max status

4.    Recommended Placement (check appropriate box):

Minimum Level 1: [ ]     Medium: [ ]         High Close: [ ]          High Maximum: [ ]
Minimum Level 2: [ ]     Close: [ ]          Maximum: [X]

Chairperson (Signature):                              Date: 6/14/00

5.    Warden's Action:     Approve: [X]        Disapprove: [ ]

6.    Warden's Comments: Continue at Max supervision - Death Row inmate.

7.    Warden (Signature):  Margaret A. Bagley Wa        Date: 6/28/00

**DRC Records from Court        601**

# CLASSIFICATION CONFERENCE

DATE: _6/20/00_

INTERVIEWER: _CA MORROW_

~~~AVIS~~~

NUMBER: _A179-828_

PRESENT SUPERVISION STATUS _MAX_

DOCUMENTATION PROVIDED BY INMATE _____

_____

INMATE STATEMENT CONCERNING SUPERVISION STATUS _____

_____

_____

GENERAL COMMENTS _____

_____

_____

-----------------------------------------------

COMMITTEE DATE: _6/20/00_   RECOMMENDED ACTION _MAX - DR_

_L. Morrow_    _J. Stranger_    _Barbara Berry_

APPEAL RIGHTS:

1 ) You may appeal this action to the Warden or his designee within 24-hours by kite.

2 ) You may appeal this action to the Bureau of Classification within five working days.

DATE OF NOTIFICATION TO INMATE _____

INMATE SIGNATURE _____

CC: INMATE (retain for your records)

    MASTER POCKET

    UNIT POCKET

| | |
|---|---|
| pts: | _-2_ |
| P.B. date: | |
| % of time: | |
| next review: | _6/2001_ |

-----------------------------------------------

## NOTIFICATION OF CLASSIFICATION CONFERENCE

NAME: _____    LOCK: _____

NUMBER: _____    BED: _____

You are scheduled for a review conference regarding security status on:

DATE: _____ TIME: _____ PLACE: _____

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6289

# FICATION CONFERENCE

DATE: _6/20/00_

INTERVIEWER: _CA MORROW_

_328_

...RVISION STATUS _MAX_

...ATION PROVIDED BY INMATE _____

...ATE STATEMENT CONCERNING SUPERVISION STATUS _____

GENERAL COMMENTS _____

---

COMMITTEE DATE: _6/20/00_  RECOMMENDED ACTION _MAX - DR_

_W.Monroe_       _J.Stranger_       _Barbara Berry_

APPEAL RIGHTS:

1 ) You may appeal this action to the Warden or his designee within 24-hours by kite.

2 ) You may appeal this action to the Bureau of Classification within five working days.

## DATE OF NOTIFICATION TO INMATE _____

## INMATE SIGNATURE _____

CC: INMATE (retain for your records)

    MASTER POCKET

    UNIT POCKET

| | |
|---|---|
| pts: | _-2_ |
| P.B. date: | |
| % of time: | |
| next review: | _6/2001_ |

---

## NOTIFICATION OF CLASSIFICATION CONFERENCE

NAME: _____   LOCK: _____

NUMBER: _____   BED: _____

You are scheduled for a review conference regarding security status on:

DATE: _____  TIME: _____  PLACE: _____

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6290

## JUNIOR HIGH SCHOOL RECORD CARD

| | | | | | | | | Section |
|---|---|---|---|---|---|---|---|---|
| Home room – Teacher's name 7th | | 8th | | 9th | | | | 1st. Sem. 2d Sem. |
| Pupil DAVIS, VON | Last | First | | Middle | Birth, mo. | | | 7th |
| Sex M | Color C | | Place of Birth Hamilton, O. | | Yrs. in Hamilton Schools | | 8 | 8th 8 6 |
| Own (Step) Father Charles Tipton | | Occupation | | Business Address | | Phone | | 9th |
| Own (Step) Mother Alluster Tipton | | Occupation | | Business Address | | Phone 3-0935 | | |
| Guardian | | Occupation | | Business Address | | Phone 5-8409 | | |
| Other Children at home | Brothers older | younger | Sisters older | younger | Live with | | Phone | |
| Years spent in grades | Kind. First | Second Third | Fourth Fifth | Sixth | Seventh | Eighth | Ninth | |
| Entered from Harding | | Date 9/6/61 | | Own or rent house | | | | |
| Favorite Sports | | Hobby | | No. of rooms in house | | | | |
| Ambition | | | | Health Ex. Good Fair Poor | | | | |
| Traveled | | | | | | | | |
| Address | | Church attended | | Are you a member yes no | | | | |
| Vaccinated for sma | | Number of Polio Shots 1 2 3 4 | | | | | | |

1962-63

## JUNIOR HIGH SCHOOL RECORD CARD

| | | | | | | | Section |
|---|---|---|---|---|---|---|---|
| Home room—Teacher's name 7th | | First 8th | | Middle 9th | | | 1st Sem. 2d Sem. |
| Pupil Davis, | Von | Clark | | Birth, mo. | | | 7th |
| Sex M | Color M N | Place of Birth Hamilton | | Yrs. in Hamilton Schools | | 7 | 8th |
| Own (Step) Father Charles T | | Occupation Inspector | Business Address | | Phone | | 9th |
| Own (Step) Mother Alberta | | Occupation Hwife | Business Address | | Phone | | |
| Guardian | | Occupation | Business Address | | Phone | | |
| Other Children at home 6 | Brothers older 3 younger | Sisters older 3 younger | Live with | Parents | Phone 5-8409 | | |
| Years spent in grades—Kind. First 1 | Second 1 | Third 1 Fourth 1 | Fifth 1 Sixth 1 | Seventh 2 Eighth | Ninth | | |
| Entered from Roosevelt | | Date 9/7/60 | Own or rent house | rent | | | |
| Favorite Sports Football | | Hobby | No. of rooms in house | | | | |
| Ambition Engineer | | | Health Ex. Good Fair Poor | | | | |
| Traveled Arkansas | | | | | | | |
| Address | | Church attended 2nd Baptist | Are you a member yes ☒ no ☐ | | | | |
| Vaccinated for smallpox yes | | | | | | | |

Trans. sent 5/10/71 Ohio Penitentiary

Picture

Davis, V on Clark       Moved to Roosevelt School

002759

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6291

Name: DAVIS, VON    I.Q. 9447 (Otis)

| SUBJECTS | 7B | 7A | 7B | 7A | 8B | 8A | 8B | 8A | 9B | 9A | 9B | 9A | Credit | TEST | Date | Test | % ile |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| English | | | | | 70 | 75 | | | 69 | 60 | | | –0– | Pre-Algebra | | | |
| History | | | | | | | | | | | | | | Pre-Geom. | | | |
| Geography | | | | | 74 | 82 | | | | | | | | Vocabulary | | | |
| Arithmetic | | | | | 75 | 78 | | | 79 | 29 | | | 1 | Reading | | | |
| Civics | | | | | | | | | | | | | | Spelling | | | |
| General Science | | | | | 60 | 67 | | | 6 | 66 | | | –0– | Capitalization | | | |
| Algebra / Shop Math. | | | | | | | | | | | | | | Punctuation | | | |
| Business Training | | | | | | | | | 70 | 48 | | | 1/2 | Usage | | | |
| For. Language | | | | | | | | | | | | | | Work Study Skill | | | |
| Speech Dramatics | | | | | | | | | | | | | | Arith. Concepts | | | |
| Industrial Arts | | | | | 75 | 70 | | | | | | | | Arith. Problems | | | |
| Home Economics | | | | | | | | | | | | | | | | | |
| Chorus | | | | | 67 | | | | | | | | | | | | |
| Glee Club | | | | | | | | | | | | | | | | 2/6 27 76 |
| Band | | | | | | | | | | | | | | ATTENDANCE | 7 7 8 8 9 9 | | |
| Orchestra | | | | | | | | | | | | | | Days Enrolled | | | |
| Journalism | | | | | | | | | | | | | | Days Absent | | | |
| Typing | | | | | | | | | 71 | 66 | | | –0– | Days Tardy | 8 2 4 8 | | |
| Art | | | | | 81 | 87 | | | 85 | 73 | | | 1/4 | HONORS - LETTERS - ETC. | | | |
| Health | | | | | P | P | | | P | P | | | | | | | |
| Phys. Ed. | | | | | 85 | 85 | | | 83 | 85 | | | 1/4 | | | | |
| SEM. AVERAGE | | | | | 71.85 | 70.75 | | | | | | | | | | | |

FAIL (capital)

---

Name: Davis, Von Clark    Otis E.m-   I.Q. 97 (3-9-59)   Withdrawn    Reentered    Graduated

| SUBJECTS | 7B | 7A | 7B | -19 | 8B | 8A | 8B | 8A | 9B | 9A | 9B | 9A | Credit | Date | TEST | Rank | %-ile | G.E. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 1960 | -19 | 61 | | | | | | | | | | | | | | | |
| English | 89 | 86 | | | | | | | | | | | | | Pre-Algebra | | | |
| History | 78 | 70 | | | | | | | | | | | | | Pre-Geom. | | | |
| Geography | | | | | | | | | | | | | | | Reading | | | |
| Arithmetic | 85 | 65 | | | | | | | | | | | | | Vocab. | | | |
| Civics | 80 | 80 | | | | | | | | | | | | | Arith. Fund. | | | |
| Ind. Arts / Home Ec. | 91 | 75 | | | | | | | | | | | | | Arith. Prob. | | | |
| Music Chorus | 97 | 9 | | | | | | | | | | | | | English | | | |
| Phys. Ed. | 86 | 80 | | | | | | | | | | | | | Literature | | | |
| Health | 85 | 95 | | | | | | | | | | | | | History | | | |
| Art | 94 | 80 | | | | | | | | | | | | | Geography | | | |
| Orchestra | | | | | | | | | | | | | | | Social Studies | | | |
| Band | | | | | | | | | | | | | | | Science | | | |
| Glee Club | | | | | | | | | | | | | | | Spelling | | | |
| General Sc. | | | | | | | | | | | | | | | Ave. Achieve. | | | |
| Average | | 76.4 | | | | | | | | | | | | | | | | |

| ATTENDANCE | | | | | | | Typing | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 7 | 7 | 8 | 8 | 9 | 9 | Bus. Tr. | | | | | |
| Days Enrolled | | | | | | | Algebra | | | | | |
| Days Absent | | | | | | | Math. I | | | | | |
| Days Tardy | | | | | | | Lat. or Span. | | | | | |
| | | | | | | | Shop Math. | | | | | |

002760

TO: Associate Warden-Treatment

___ Enrollment

SUBJECT: Program Report

___ Termination

___ Rejection

RE: _____ # _____

=======================================================

The above inmate was (interviewed/enrolled) on _____

in _____

ATTENDANCE: _____ of _____ sessions.

FINAL GRADE: _____

TERMINATION DATE: _____

REASON FOR REJECTION/TERMINATION: _____

REMARKS: _____

Submitted by: _____

Signature _____

Distribution:          Title _____
  Record Office
  Assoc.Warden-T       Dept. _____
  Psych.Service
CS-715 File            Date _____
  Classification

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6293



VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6294

OHIO PENITENTIARY

TO: Associate Warden-Treatment

SUBJECT: Program Report

☐ Enrollment
☐ Termination
☐ Rejection

The above inmate was (interviewed/enrolled) on _____ in _____

ATTENDANCE: _____ of _____ sessions

FINAL GRADE: _____

TERMINATION DATE: _____

REASON FOR REJECTION/TERMINATION: _____

REMARKS: _____

Submitted by
Signature _____
Title: Capital School
Dept. _____
Date 3-13-72

Distribution:
Record Office
Assoc.Warden-T
Psych.Service
File
Classification

---

OHIO PENITENTIARY

TO: Associate Warden-Treatment

SUBJECT: Program Report

☐ Enrollment
☐ Termination
☐ Rejection

The above inmate was (interviewed/enrolled) on _____ in _____

ATTENDANCE: _____ of _____ sessions

FINAL GRADE: _____

TERMINATION DATE: _____

REASON FOR REJECTION/TERMINATION: _____

REMARKS: _____

Submitted by
Signature _____
Title: _____
Dept. Capital School
Date 2/3/72

Distribution:
Record Office
Assoc.Warden-T
Psych.Service
File
Classification

DRC Records from Court

862



STATE OF OHIO
**DEPARTMENT OF EDUCATION**
COLUMBUS

March 6, 1972

W. W. ESSEX
SUPERINTENDENT OF
PUBLIC INSTRUCTION

DIVISION OF GUIDANCE AND TESTING
KENNETH W. RICHARDS, DIRECTOR
(614) 469-4590

GUIDANCE FIELD SERVICES
469-2103

GUIDANCE PROGRAM DEVELOPMENT SERVICES
469-4868

OHIO TESTING SERVICES AND GED TESTING
469-2471

751 NORTHWEST BOULEVARD
COLUMBUS OHIO 43212

STATEMENT OF EQUIVALENCE FOR GRADE 9

#132-345
File me

Mr. Von Davis
Box 511
Columbus, Ohio  43216

Dear Mr. Davis:

This is your Statement of Equivalence for Grade 9  which you have success-
fully completed.

To be eligible for a Statement of Equivalence a person must achieve the
following minimum standard score for each subtest and average standard score
for all tests for the grade level of equivalence sought:

| Grade Level | Subtest Score | Average Standard Score |
|---|---|---|
| 8- | 52 | 68 |
| 9- | 60 | 76 |
| 10- | 66 | 82 |

As indicated on the score report below, you have met these requirements.

Standard Score

Subtest 1: Verbal              86
Subtest 2: Arithmetic          82
Subtest 3: Social Studies      89
Subtest 4: Science             67

Average Standard Score         81

We are happy to certify that you have successfully completed these tests
and are entitled to this Statement of Equivalence.

Cordially,

Paul E. Kohli
State Administrator
GED TESTING PROGRAM

PEK:ef

**DRC Records from Court          703**

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6296

LONDON CORRECTIONAL INSTITUTION

From School Department

This is to certify VON CLARK DAVIS 132-345 has

enrolled in/~~from~~ High School ,Sept. 6 19 72

                   Program          Date

REMARK:

4 credits granted on basis of 9th grade equivalency.

RECEIVED
SEP 12 1972
LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

L.M. Roudebush
Director of Education

LONDON CORRECTIONAL INSTITUTION

From School Department

This is to certify **Davis 132 345** has

enrolled in/from Basic Skills ; Oct. 6, 1972
Program Date

REMARK:

RECEIVED
OCT 30 1972
LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

*C. E. Babb*
C.E. Babb, Supervisor Basic Skills

L.M. Roundebush
Director of Education

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6298

LONDON CORRECTIONAL INSTITUTION

FROM SCHOOL DEPARTMENT

This is to certify ___DAVIS 132-345___ has

___ENROLLED___ in/~~from~~ AUTO BODY MECHANICS ;
_____Program

___12-6___ 19_72_
Date

REMARK:

L.M. Roudebush
Director of Education

RECEIVED
DEC 11 1972
LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

---

LONDON CORRECTIONAL INSTITUTION

FROM SCHOOL DEPARTMENT

This is to certify _Davis 132 345_ has

_completed_ ~~in/from~~ Phase I Basic Skills
_____Program

_Dec. 23_ 19_72_
Date

REMARK: Practical in his application of training.. Maintains interest and
an industrous attitude in all class assignments. Final grade average 81. One unexcused
absence. Qualifies to continue Phase II.

C.E. Babb
C.E. Babb
Supervisor, Basic Skills

L.M. Roudebush
Director of Education

RECEIVED
JAN 8 1973
LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6299

LONDON CORRECTIONAL INSTITUTION

FROM SCHOOL DEPARTMENT

This is to certify ___ Davis   132 345 ___ has

___ completed in/from Basic Skills Phase II ___ ;
                        Program

___ March 30 ___ 19 73 ___
     Date

REMARK:

*C. E. Babb*

C.E. Babb
Supervisor, Basic Skills

_____

L.M. Roudebush
Director of Education

RECEIVED
APR 16 1973
LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

DRC Records from Court

694

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6300

_T. Cazad, Instructor_          _L.M. Roudebush_
                                _Dor of Educ_

## SCHOOL PROGRESS REPORT

Auto Body Mechanics _____    NAME Davis      NO. 132-345
PROGRAM INVOLVED

ENROLLMENT PERIOD: 12-12 _____ 19 72 thru 2-13-73

GRADE LEVEL (ACADEMIC) _____   ABSENCES: EXCUSED 1   UNEXCUSED 1

| ITEMS EVALUATED | ABOVE AVE. | AVE. | POOR | COMMENTS OR DOES APPLY |
|---|---|---|---|---|
| 1. ACHIEVEMENT TO DATE | X | | | |
| 2. EFFORT | X | | | |
| 3. INITIATIVE | X | | | |
| 4. COOPERATION | X | | | |
| 5. ATTENDANCE | | X | | |
| 6. STABILITY | X | | | |
| 7. INTEGRITY | X | | | |
| 8. MOTIVATION | X | | | |
| 9. RESPONSIBILITY | X | | | |
| 10. RELIABILITY | X | | | |
| 11. BEHAVIOR (COURTESY TO INSTRUCTOR) | X | | | |
| 12. SERIOUSNESS | X | | | |
| 13. SELF-RELIANCE | X | | | |
| 14. PREPARATION | X | | | |
| 15. STUDY SKILLS | X | | | |
| 16. CONTRIBUTION TO CLASS | X | | | |
| 17. INTEREST | X | | | |
| 18. PROGRESS | X | | | |
| 19. ABILITY | X | | | |
| 20. COMPATABILITY (WORKING WITH CLASSMATES) | X | | | |
| 21. FOLLOW INSTRUCTIONS | X | | | |
| 22. DESIRE TO IMPROVE | X | | | |
| 23. SPECIAL SKILLS | | X | | |
| 24. HABITS | | X | | |
| 25. ADAPTABILITY | | X | | |
| 26. ATTITUDE | X | | | |
| 27. RESPECT FOR OTHERS VIEWPOINTS | X | | | |
| 28. CARE IN DOING WORK | X | | | |
| 29. ACCEPTANCE OF CRITICISM | X | | | |
| 30. GOALS | X | | | |
| 31. SPECIFIC ACHIEVEMENTS | X | | | |
| 32. READING COMPREHENSION | | X | | |
| 33. RETENTION OF INSTRUCTION | | X | | |
| 34. SINCERITY OF PURPOSE | X | | | |

PARAGRAPH SUMMARY (INCLUDING ANY RECOMMENDATIONS)

Davis was the most consistent worker in this class. He appeared to be sincerely trying all the time and has continued to work here after finishing the course, on his own time. When the next vacancy occurs, I would like to recruit him to work here regularly since he seems genuinely interested in this vocation. "B"+ grade for work and achievement.

DRC Records from Court          697

SCHOOL PROGRESS REPORT

Basic Skills                          NAME Davis         NO. 132 345
      PROGRAM INVOLVED
                      ENROLLMENT PERIOD:   10 - 6   1972 thru 3-30-73

GRADE LEVEL (ACADEMIC) 91 (overall average) ABSENCES: XEXGESEE 1    UNEXCUSED

| ITEMS EVALUATED | ABOVE AVE. | AVE. | POOR | COMMENTS OR DOES APPLY |
|---|---|---|---|---|
| 1. ACHIEVEMENT TO DATE | | x | | |
| 2. EFFORT | | x | | |
| 3. INITIATIVE | | x | | |
| 4. COOPERATION | | x | | |
| 5. ATTENDANCE | | x | | |
| 6. STABILITY | | x | | |
| 7. INTEGRITY | | x | | |
| 8. MOTIVATION | | x | | |
| 9. RESPONSIBILITY | | x | | |
| 10. RELIABILITY | | x | | |
| 11. BEHAVIOR (COURTESY TO INSTRUCTOR) | | x | | |
| 12. SERIOUSNESS | | x | | |
| 13. SELF-RELIANCE | | x | | |
| 14. PREPARATION | | x | | |
| 15. STUDY SKILLS | | x | | |
| 16. CONTRIBUTION TO CLASS | | x | | |
| 17. INTEREST | | x | | |
| 18. PROGRESS | | x | | |
| 19. ABILITY | | x | | |
| 20. COMPATABILITY (WORKING WITH CLASSMATES) | | x | | |
| 21. FOLLOW INSTRUCTIONS | | x | | |
| 22. DESIRE TO IMPROVE | | x | | |
| 23. SPECIAL SKILLS | | x | | |
| 24. HABITS | | x | | |
| 25. ADAPTABILITY | | x | | |
| 26. ATTITUDE | | x | | |
| 27. RESPECT FOR OTHERS VIEWPOINTS | | x | | |
| 28. CARE IN DOING WORK | | x | | |
| 29. ACCEPTANCE OF CRITICISM | | x | | |
| 30. GOALS | | x | | |
| 31. SPECIFIC ACHIEVEMENTS | | x | | |
| 32. READING COMPREHENSION | x | | | |
| 33. RETENTION OF INSTRUCTION | x | | | |
| 34. SINCERITY OF PURPOSE | | x | | |

RECEIVED
APR 16 1973

PARAGRAPH SUMMARY (INCLUDING ANY RECOMMENDATIONS)
Cooperative in class assignments.  Lack of interest caused low achievement level.

C.E. Babb
Supervisor, Basic Skills

L.M. Roudebush
Director of Education

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6302

GEDTS Form 30
Revised May, 1972

**Official Report of Test Results**

**TESTS OF GENERAL EDUCATIONAL DEVELOPMENT**    $132-345$

(Civilian restricted forms only, Forms C, D, E, F, G, H, J, K, L, CC, DD, EE, FF, GG, AA)

issued by

OFFICIAL GED CENTERS

of the

General Educational Development Testing Service, American Council on Education

NAME OF EXAMINEE:

| Davis, | Von | Clark | |
|---|---|---|---|
| LAST | FIRST | MIDDLE | MAIDEN |

ADDRESS:

Box 69
LONDON, OHIO
43140.

REPORTED TO:

State Dept. of Education
751 N orthwest Blvd.
Columbus, Ohio 43212

DATE OF BIRTH [redacted]    LAST GRADE COMPLETED 8    DATE REPORTED 6-27-73

Social Security Number [blank]

| Test 1: Correctness and Effectiveness of Expression .... | Test Date | Form | Standard Score | Percentile Rank for U.S. |
|---|---|---|---|---|
| Test 1: Correctness and Effectiveness of Expression .... | 6-25-73 | GG | 48 | 43 |
| Test 2: Interpretation of Reading Materials in the Social Studies ................................ | 6-25-73 | GG | 44 | 27 |
| Test 3: Interpretation of Reading Materials in the Natural Sciences ................................ | 6-25-73 | GG | 58 | 78 |
| Test 4: Interpretation of Literary Materials ........... | 6-26-73 | GG | 50 | 50 |
| Test 5: General Mathematical Ability ................ | 6-26-73 | GG | 47 | 36 |
| Average Standard Score: | | | 49.4 | Passed* X Failed* |

RECEIVED

JUL 18 1973

CORRECTIONAL INSTITUTION
SECOND DEPARTMENT

(See other side for recommendations for uses of GED test results.)

SIGNATURE OF CHIEF EXAMINER: _____

NAME OF CENTER: Dept. Rehabilitation and Correction

ADDRESS OF CENTER: Box 5500, Chillicotha, Ohio 45601

DATE: 6-27-73

**DRC Records from Court**    **691**



# State Department of Education

## Columbus, Ohio

### STATEMENT OF HIGH SCHOOL EQUIVALENCE

*(This is not a high school diploma and cannot be exchanged for one)*

*This is to certify that*

Von C. Davis

*has shown evidence of general development equivalent to a liberal high school education achieved on the GENERAL EDUCATIONAL DEVELOPMENT TESTS, and is therefore entitled to this Statement of High School Equivalence.*

*Given at Columbus, Ohio, this* \_\_\_\_\_3rd\_\_\_\_\_ *day of* \_\_\_\_\_July\_\_\_\_\_ 19 73 .

*M W Essex*
SUPERINTENDENT OF
PUBLIC INSTRUCTION

*J E Brown*
DIRECTOR, DIVISION OF ELEMENTARY
AND SECONDARY EDUCATION

*Paul E. Kahl*
STATE ADMINISTRATOR OF
GED TESTING PROGRAM

DRC Records from Court    692

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6304

FROM SCHOOL DEPARTMENT

THIS IS TO CERTIFY __DAVIS   132 345__ _____ HAS

_____ENROLLED_____ in/ XXXXX  MASONRY CLASS _____ ;

____SEPT. 11, 1973__ 19____ .
                                    program

Remarks:

*C. E. Babb*

C.E. Babb
Supervisor, Masonry Class

L.W. Roudebush
Director of Education



DRC Records from Court          863

LONDON CORRECTIONAL INSTITUTION

SCHOOL DEPARTMENT

This is to certify Davis 132 345     has

completed _____ Masonry Class ;

Program

February 20, 19 74 .

Remarks: His interest was divided between Auto Mechanics (full time employee) and Masonry Class. His workmanship as a mason never developed to full potential. Projects that he completed were hurried and never had the finished appearance commonly associated with Masonry. Comprehensive and retentive abilities were excellent in theory. Four unexcused absences. Final grade average 76.

C.E. Babb
Supervisor, Basic Skills

L.M. Roudebush
Director of Education

---

LONDON CORRECTIONAL INSTITUTION

EDUCATION DEPARTMENT

BASIC SKILLS

This is to certify   DAVIS   132 345

has progressed through Phase III -- O.J.T.

( on the job training ) of the Basic Skills

Program with a favorable work report from

his supervisor.

June 23, 1974
DATE

C.E. Babb
Supervisor, Basic Skills

L.M. Roudebush
Director of Education

DRC Records from Court

864

LONDON CORRECTIONAL INSTITUTION

FROM SCHOOL DEPARTMENT

This is to certify ___Davis   132 345___ has

___completed   in/from  Basic Skills Phase II___ ;
Program

__March 30__ 19 __73__
Date

REMARK:

*C.E. Babb*

C.E. Babb
Supervisor, Basic Skills

*L.M. Roudebush*

L.M. Roudebush
Director of Education

---

LONDON CORRECTIONAL INSTITUTION

SCHOOL DEPARTMENT

This is to certify_____DAVIS   132 345_____ has

___COMPLETED___   ___IN/FROM___   ___BASIC SKILLS PHASES I - II - III___ ;
Program

__June 23,__ 19 __74__ .

Remarks:

*C. E. Babb*

C. E. Babb
Supervisor, Basic Skills

*L.M. Roudebush*

L.W. Roudebush
Director of Education

DRC Records from Court          865

July 3, 1974

To: Mr. Canney

From: Auto School Supervise

Subject: Davis (132-345)

Mr. Canney,

    Davis (132-345) has been assigned to the Auto school since April 3, 1973. His performance in class was the most outstanding in that particular group; he was courteous and respectful to the instructor and his test scores were consistently the highest in the class. For these reasons, his request for assignment to the shop area was favorably considered and he has progressed very rapidly to a high degree of proficiency in this trade. He is currently enrolled in an outside program of correspondence Education in an effort to improve his level of educational development and his conversations evidence an increasing amount of information and confidence in his improving skills.

T.A. Cozad

Auto School

RECEIVED

JUL 5 1974

LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT



DRC Records from Court     723

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6308

# LONDON CORRECTIONAL INSTITUTION

## SCHOOL DEPARTMENT

This is to certify ___DAVIS___ 132 345 ___ has

COMPLETED ~~XXXXXXXXXX~~ BASIC SKILLS PHASES I - II - III ;
Program

___June 23,___ 19 74 .

**RECEIVED**

JUL 1 7 1974

LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

Remarks:

C.E. Babb
Supervisor, Basic Skills

L.M. Roudebush
Director of Education

---

DATE: June 23, 1974

___DAVIS___ 132 345 ___

HAS THIS DATE COMPLETED THE REQUIREMENTS OF THE

BASIC SKILLS PHASES I - II - III ___ SCHOOL

INSTRUCTIONAL PROGRAM.

THIS MEMORANDUM IS IN LIEU OF A

Certificate of Achievement ___ ,

TO BE ISSUED AT TIME OF RELEASE OR ON JUNE ___

1974 GRADUATION EXERCISES, WHICH EVER OCCURS

EARLIEST.

**RECEIVED**

JUL 1 7 1974

LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

C.E. Babb
Supervisor
Basic Skills

RESPECTFULLY,
L.M. Roudebush
DIRECTOR OF EDUCATION

**DRC Records from Court** 726

JAN 2 0

LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

| TITLE OF COURSE | DEPT. | COURSE NO. | CR. HRS. | GRADE | PTS. |
|---|---|---|---|---|---|
| FALL QUARTER 1975 | | | | | |
| Comp I | Eng | 202 | 5 | D | |
| Intro Soc | Soc | 201 | 5 | I | |
| Intermediate Comp | Eng | 206 | 5 | I | |

ADVISOR'S COPY

URBANA COLLEGE

URBANA, OHIO

A=4 CREDIT POINTS        CR- CREDIT
B=3 CREDIT POINTS        NCR- NO CREDIT
C=2 CREDIT POINTS        I- INCOMPLETE
D=1 CREDIT POINT         W- WITHDRAWN
F=0 CREDIT POINTS        PR- PROGRESS

TO        Von Davis
          London, Ohio

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6310





| TITLE OF COURSE | DEPT. | COURSE NO. | CR. HRS. | GRADE | PTS. |
|---|---|---|---|---|---|
| WINTER QUARTER 1976 | | | | | |
| Intro Soc | Soc | 201 | 5 | B | |

ADVISOR'S COPY

URBANA COLLEGE

URBANA, OHIO

A=4 CREDIT POINTS
B=3 CREDIT POINTS
C=2 CREDIT POINTS
D=1 CREDIT POINT
F=0 CREDIT POINTS

CR- CREDIT
NCR- NO CREDIT
I- INCOMPLETE
W- WITHDRAWN
PR- PROGRESS

RECEIVED APR 1 1976
LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

TO Von Davis
London, Ohio
132 345

| TITLE OF COURSE | DEPT. | COURSE NO. | CR. HRS. | GRADE | PTS. |
|---|---|---|---|---|---|
| Summer 1976 Second Session | | | | | |
| ~~Creative Writing~~ | Eng. | 207 | 5 | C | |
| Survey of Am. Lit. | Eng. | 210 | 5 | B | |

132 - 345

ADVISOR'S COPY

URBANA COLLEGE

URBANA, OHIO

A=4 CREDIT POINTS
B=3 CREDIT POINTS
C=2 CREDIT POINTS
D=1 CREDIT POINT
F=0 CREDIT POINTS

CR- CREDIT
NCR- NO CREDIT
I- INCOMPLETE
W- WITHDRAWN
PR- PROGRESS

TO Von Davis
P. O. Box 69
London, Ohio 43140

| | TITLE OF COURSE | DEPT. / COURSE NO. | CR. HRS. | | PTS. |
|---|---|---|---|---|---|
| | SPRING QUARTER 1976 | | | | |
| | Intermediate Comp | Eng 206 | 5 | 1 | |

RECEIVED

JUN 23 1976

LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

ADVISOR'S COPY

URBANA COLLEGE

URBANA, OHIO

A = 4 CREDIT POINTS    CR- CREDIT
B = 3 CREDIT POINTS    NCR- NO CREDIT
C = 2 CREDIT POINTS    I- INCOMPLETE
D = 1 CREDIT POINT    W- WITHDRAWN
F = 0 CREDIT POINTS    PR- PROGRESS

TO   *Von Davis*
London, Ohio

*132345*

| TE | TERM | ATT | PASS | UNGR | QP | QPA | GRAD |
|---|---|---|---|---|---|---|---|
| /78 | WI | 15 | 15 | 0 | 50 | 3.33 | 15 |
| | CUMULATIVE | 70 | 70 | 19 | 26 | 3.09 | 89 |

| T. | COURSE NO. | DESCRIPTION | GRADE | CREDIT HR. |
|---|---|---|---|---|
| t. | 210 | Prin. of Mat. I | B | 5 |
| y. | 201 | Gen. Psych. | B | 5 |
| | 202 | Am. His. Civ. War to Present | A | 5 |

CLASS   SO

NAME   Von Clark Davis
Box 69
London, Ohio 43140

STUDENT
GRADE REPORT

URBANA
COLLEGE

Urbana, Ohio 43078

*132345*

RECEIVED

MAR 29 1978

LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

KEY TO GRADING

"A" EXCELLENT    "CR" CREDIT
"B" GOOD    "NC" NO CREDIT
"C" AVERAGE    "P" PASS
"D" POOR    "I" INCOMPLETE
"F" FAILURE    "AU" AUDIT

KEY TO TERM

FA - FALL   WI - WINTER   SP - SPRING
SU - SUMMER

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6312



| TITLE OF COURSE | DEPT. | COURSE NO. | CR. HRS. | GRADE | PTS. |
|---|---|---|---|---|---|
| **SUMMER SESSION 1976** | | | | | |
| Man & His environment | Bio | 227 | 5 | C | |

ADVISOR'S COPY

URBANA COLLEGE

URBANA, OHIO

A = 4 CREDIT POINTS      CR- CREDIT
B = 3 CREDIT POINTS      NCR- NO CREDIT
C = 2 CREDIT POINTS      I- INCOMPLETE
D = 1 CREDIT POINT      W- WITHDRAWN
F = 0 CREDIT POINTS      PR- PROGRESS

132-345

RECEIVED

OCT 1 5 1976

LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

TO

Von Clark Davis
Box 69
London, Ohio 43140



| TERM | ATT | PASS | UNGR | QP | QPA | GRAD |
|---|---|---|---|---|---|---|
| FA | 12.5 | 12.5 | 0 | 46 | 3.68 | 12.5 |
| CUMULATIVE | 55 | 55 | 0 | 166 | 3.02 | 55 |

STUDENT
GRADE REPORT

| COURSE NO. | DESCRIPTION | GRADE | CREDIT HR. |
|---|---|---|---|
| 206 | Child Growth&Develop. | C | 3 |
| 291-C | Death as a Social Iss. | A | 5 |
| 290 | Practical Logic | A | 2.5 |
| 290-A | Motion&Simple Mach. | A | 2.5 |

URBANA COLLEGE

Urbana, Ohio 43078

132-345

RECEIVED

DEC 2 1 1977

LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

SO    Von C. Davis
P.O. BOX 69
London, Ohio 43140

| KEY TO GRADING | |
|---|---|
| "A" EXCELLENT | "CR" CREDIT |
| "B" GOOD | "NC" NO CREDIT |
| "C" AVERAGE | "P" PASS |
| "D" POOR | "I" INCOMPLETE |
| "F" FAILURE | "AU" AUDIT |

KEY TO TERM
FA - FALL   WI - WINTER   SP - SPRING
SU - SUMMER

ADVISOR'S COPY

DRC Records from Court      715

137-345

## URBANA COLLEGE
Urbana, Ohio 43078

STUDENT
GRADE REPORT

RECEIVED
SEP 29 1977

LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

| DATE | TERM | COMBINED NO. | ATT | PASS | UNGR | QP | QPA | GRAD |
|------|------|------|------|------|------|------|------|------|
| 9/6/77 | SU | | 12.5 | 12.5 | 0 | 40 | 3.20 | 12.5 |
| | | | 42.5 | 42.5 | 0 | 120 | 2.82 | 42.5 |

| DEPT | COURSE NO. | DESCRIPTION | GRADE | CREDIT HR |
|------|------|------|------|------|
| HUS | 205 | Mus in the Humanities | B | 5 |
| SCI | 293B | Basic Elec & Magnetism | B | 2.5 |
| SOC | 490P | Conformity | B | 2.5 |
| ENG | 290Q | Lit Forms/Biography | A | 2.5 |

CLASS SO
NAME Von C. Davis
P.O. Box 69
London, Ohio 43140

STUDENT'S COPY

DRC Records from Court

714

## COMMITTEE DECISION

CLASSIFICATION ☐       RE-CLASSIFICATION

NAME   Davis                        NO.   132-345

Referral Source  annual review    Grade Level
                                   TESTED

Present Assignment  Dental clinic

Job Preferences:  1.
                  2.
                  3.

Inmate Comment:  completed Bldg. Maint. GED in College

Program Outlined by Committee:  satisfied w/job may seek

honor placement later wants to learn denture making

30 Day Progress Report        Memo to:

work report average                RECEIVED
                                   AUG 31 1977

Provisional Assignment Confirmed   LONDON CORRECTIONAL INSTITUTION
                                   RECORD DEPARTMENT
New Assignment   no change

Board Date  Jan 81 F.H.            Date   August 30, 1977

WHITE - PERSONNEL OFFICE
BLUE - RECORD OFFICE              Secretary
PINK - DEPUTY'S OFFICE
CANARY - SOCIAL SERVICES

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6314

To:      T. D. Taylor, Assoc. Supt.

From :   Walter Nichols, Director of Education

Subj:    Urbana College, Associate of Arts degrees


The following men received Associate of Arts (A A) degrees from Urbana College on June 15, 1978.

| | | | | |
|---|---|---|---|---|
| 124-990 | Posteal Laskey | | 138-150 | Dion Daniels |
| 132-345 | Von Davis | | 140-515 | Charles Williams |
| 132-353 | Paul Riley | | 141-072 | William Hill |
| 133-058 | Robert Cameron | | 141-224 | Phillip Roberts |
| 133-597 | Clifford Evans | | 141-372 | Dwight Edwards |
| 133-608 | Gus Hamilton | | 143-145 | Jack Abrams |
| 133-945 | Jimmy Howard | | 143-288 | Steven Coston |
| 134-282 | Melvin Fisher | | 143-809 | Robert Jones (Fields) |
| 135-853 | Joe Daniels | | 144-108 | Eddie Stewart |
| 136-099 | Virgil Lumpkin | | 145-647 | Wayne Curtis |
| 136-667 | Wendell Drake | | 146-835 | James Latham |
| 137-501 | Ross Duffey | | 139-960 | Paul Hudson |

Walter B. Nichols

Dir. of Education Dept.

## RECEIVED

JUN 22 1978

LONDON CORRECTIONAL INSTITUTION

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6315

| DATE | TERM | ATT | PASS | UNGR | QP | QPA | GRAD |
|------|------|-----|------|------|-----|------|------|
| 5/30/78 | 8P | 15 | 15 | 0 | 55 | 3.67 | 15 |
| | CUMULATIVE | 85 | 85 | 19 | 271 | 3.19 | 104 |

| DEPT. | COURSE NO. | DESCRIPTION | GRADE | CREDIT HR |
|-------|-----------|-------------|-------|-----------|
| hi | 291 | Issues in Meaning | A | 5 |
| rt | 202 | Drawing | B | 5 |
| nt | 201 | Cultural Anthropology | A | 5 |

**STUDENT GRADE REPORT**



**URBANA COLLEG**

Urbana, Ohio 4307

*132-345*

| CLASS | |
|-------|--|
| NAME | Von C. Davis<br>P.O. Box 69<br>London, Ohio 43140 |

### KEY TO GRADING

"A" EXCELLENT    "CR" CREDIT
"B" GOOD    "NC" NO CREDIT
"C" AVERAGE    "P" PASS
"D" POOR    "I" INCOMPLETE
"F" FAILURE    "AU" AUDIT

RECEIVED KEY TO TERM
FA - FALL  WI - WINTER  SP - SPRING
SU - SUMMER

JUN 20 1979

STUDENT'S COPY    LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

LONDON CORRECTIONAL INSTITUTION

INSTITUTION DEPT. TITLE   PSYCHOLOGICAL SERVICES

PROGRAM TITLE   GUIDES FOR BETTER LIVING (GFBL)

INMATE SERIAL NO. 132-345   Inmate Name _____ _____ DAVIS
                                                    (first)    (middle)    (last)

STATUS: (Mark NA if not applicable)

| | | Offender Information |
|--|--|--|
| Date entered on Waiting List | 6-78 | |
| Date entered Program | 1-23-79 RECEIVED | TYPE: INITIAL |
| Date ended Program | | PROGRESS, FINAL |
| By Completion | | (Circle One) |
| By Failure | FEB 7 1979 | |
| By Withdrawal | | |
| By Absenteeism | | |
| By Transfer out of Facility | LONDON CORRECTIONAL INSTITUTION | |
| By Dismissal | RECORD DEPARTMENT | |

Remarks   GFBL IS AN EDUCATIONAL PROGRAM WITH 3 MAJOR SUBJECT AREAS:
EFFECTIVE PROBLEM-SOLVING, TECHNIQUES FOR BEHAVIOR CHANGE, TECHNIQUES
FOR MINIMIZING AND/OR REPLACING BEHAVIORS KNOWN TO BE RELATED TO
ARRESTABLE BEHAVIOR.    NAME OF TEACHER:   J. A. JONES

REFERRAL SOURCE

DRC Records from Court      724

Name _DAVIS        VON        C._
    (last)          (first)        (initial)

Social Security Account Number

Code

Address _132-345  6_          Zip Code

**OCCUPATIONAL APTITUDE PATTERN (OAP) NUMBERS**

| All H's | | | |
|---|---|---|---|
| | 23 | 46 | |
| 12 | | | 58 |
| 1 | 24 | 47 | |
| | 13 | | 59 |
| | 25 | 48 | |
| 2 | 14 | | 60 |
| | 26 | 49 | |
| 3 | 15 | | 61 |
| | 27 | 50 | |
| 4 | 16 | | 62 |
| | 28 | 51 | |
| 5 | 17 | 40 | |
| | 29 | 52 | |
| 6 | 18 | 41 | |
| | 30 | 53 | |
| 7 | 19 | 42 | |
| | 31 | 54 | |
| 8 | 20 | 43 | |
| | 32 | 55 | |
| 9 | 21 | 44 | |
| | 33 | 56 | |
| 10 | 22 | 45 | |
| | 34 | 57 | |
| 11 | | | |

CROSS OUT FOR GRADE L
CIRCLE IN BLACK FOR GRADE M
CIRCLE IN RED FOR GRADE H

**GENERAL APTITUDE TEST BATTERY (GATB) DATA**

| Date | Sex | Age | Group | Education | Experience | S- | S- | S- |
|---|---|---|---|---|---|---|---|---|
| 1-25-80 | M | | | | | | | |

B-1002 ☑    B-1001 ☐

A ☑ B ☐    COMMENTS _____

| 1001 | 1002 | Raw Score | G | V | N | S | P | Q | K | F | M |
|---|---|---|---|---|---|---|---|---|---|---|---|
| B | 1 | 37 | | | | | | 97 | | | |
| D | 2 | 27 | | | 28 | | | | | | |
| H | 3 | 13 | 13 | | | 91 | | | | | |
| J | 4 | 20 | 58 | 100 | | | | | | | |
| A | 5 | 22 | | | | | 39 | | | | |
| I | 6 | 10 | 24 | | 18 | | | | | | |
| L | 7 | 29 | | | | | | 54 | | | |
| K | 8 | 70 | | | | | | | | | |
| M | 9 | 92 | | | | | | | | | 27 |
| N | 10 | 110 | | | | | | | | | 24 |
| O | 11 | 29 | | | | | | | | 42 | |
| P | 12 | 33 | | | | | | | | 67 | |
| **APTITUDE SCORES** | | | 95 | 100 | 106 | 91 | 93 | 97 | 101 | 109 | 111 |
| **STANDARD ERROR of MEASUREMENT** | | | 6 | 6 | 6 | 8 | 5 | 9 | 7 | 12 | 11 |
| **APTITUDE SCORES plus STANDARD ERROR of MEASUREMENT** | | | 101 | 106 | 112 | 99 | 103 | 106 | 108 | 121 | 122 |

RECEIVED

JAN 28 1980

LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

101

ECTIONAL INSTITUTION

ASSOCIATE SUPERINTENDENT

CONCERN:

n willing to waiver my
es and or the arresting

rules infraction board.

Signed: _Van 132345_

Witness: _Capt Duffey_

Date: _5-31-79_

RECEIVED

APR 8 1980

LONDON CORRECTIONAL INSTITUTION
RECORD DEPARTMENT

DRC Records from Court          590

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6317

## SCHOOL RECORD - TRANSCRIPT
### Ohio Central School System
1050 Freeway Dr. N.
Columbus, Ohio 43229

*132-345*

Branch:  Madison Central

Address:  P.O. Box 69.  London Ohio  43140

Student Information:

| Last Name Davis | First Name Von | Middle Initial C. | Social Sec. Number |
|---|---|---|---|
| Home Address | City | State | Zip Code |
| Previous School Attended | Address | | Date of Graduation |
| Grade Achieved / Credits Earned | Last Date of Attendance | Military Service Number Branch:  Years:  To |  |

OBJECTIVE GRADE REPORT - Class Record

| Required Courses | Grade | Hours | Credit |
|---|---|---|---|
| English | | | |
| Social Science | | | |
| Math | | | |
| Science | | | |
| Health - Physical Ed. | | | |
| II. Electives | | | |

### ADULT BASIC EDUCATION
Date Enrolled          Grade Level
Date Completed       Grade Level
Date Enrolled          Grade Level
Date Completed       Grade Level
Test Instrument Utilized for ABE:

General Education Development  Date:
Test 7-3-73 Date    Standard Score    %ile
English          Passed
Social Studies
Science
Literature
Mathematics
Average Standard Score:

### College
Attended Urbana College as follows:

AAADegree Awarded 6-15-78

### Comments
Attended Academic Program as follows:
Enrolled 10-6-72
Completed 3-30-73

## RECEIVED
DEC. 3 1980
LONDON CORRECTIONAL INSTITUTION
RECORD OFFICE

12-2-80                       - Director of Education

**DRC Records from Court**          683

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6318

| Last Name | First | Middle | School · Branch |
|---|---|---|---|
| Davis | Von | Clark | |

**Vocational Education:**

| Course | Date Certificate Issued | Branch |
|---|---|---|
| Auto School-Enrolled 12-26-72 Completed 2-13-73 | | |
| Masonry 9-11-73 Completed 2-20-74 | | |

| Units of Training | Clock Hours |
|---|---|
| | |

Instructor's Name:

Public Law 93-380, Family Educational Rights and Privacy Act of 1974, as amended, allows an individual grant permission to schools to release transcripts for the purpose of enrolling in other educational program and · or to potential employers that may request transcripts.

In accordance with the above, I hereby grant permission to the OHIO CENTRAL SCHOOL SYSTEM, as chartered, to release this transcript to State agencies, other schools or educational programs, and to potential emloyers that may request this information.

| Student 's Signature | Date |
|---|---|

DRC Records from Court          684

UNIT QUESTIONAIRE
FOR EDUCATIONAL SERVICES

NAME: _Davis_____ NUMBER: _179-828_

PREVIOUS EDUCATION

LAST GRADE LEVEL ATTENDED: _3 yrs College_

G.E.D.: YES _✓_ NO _____

COLLEGE: YES _✓_ NO _____

VOCATIONAL
TRADE YES _✓_ NO _____

IF YES TO VOCATIONAL TRADE THEN EXPLAIN:

_Auto body Repair_____

_____

PREVIOUS INSTITUTIONAL EDUCATION:

A.B.E.: YES _____ NO _____

G.E.D.: YES _✓_ NO _____

HIGH
SCHOOL: YES _____ NO _____

COLLEGE: YES _✓_ NO _____

INDIVIDUAL REQUEST

_____

_____

_____

_____

_Von C. Davis_____     _7/29/91_
SIGNATURE                   DATE

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6320



**URBANA UNIVERSITY**

Urbana, OH 43078
(513) 652-1301

Mr. Steve Cheney
Mitigation Specialist
Office of the Ohio Public Defenders
8 East Long Street
Columbus, Ohio  43266-0587

May 24, 1993

Dear Mr. Chaney,

Enclosed please find documents relating to the enrollment of
Von Clark Davis with Urbana University.

Mr.Clark was enrolled with Urbana University from September 1975
through receipt of his Associate of Arts degree in June 1978.
Mr. Clark's academic advisor during that time was Mr. LeRoy Roudebush
who passed away a few years ago.   No additional files on incarcerated
students would be kept beyond graduation.

In 1981, Mr. Davis returned to our Cincinnati location.  At that time
his advisor would have been Mr. Herbert Holinko.  The University has
not had a Cincinnati location for nearly ten years; so, I cannot give
you information regarding Mr. Holinko's current address.

I trust that Mr. Davis's academic transcipt can provide sufficient
information regarding academic performance, courses completed etc.
Official academic records do not reflect co-curricular activities nor
non-academic sanctions.

All enclosed documents have been certified with the University seal
and Registrar signature.  Information in Mr.Davis's file is limited;
however, I trust what we have sent will be helpful.

Sincerely,

A. Kathleen Yoder
Registrar

AKY/ss

URBANA COLLEGE
APPLICATION FOR DEGREE

TODAY'S DATE 4/11/78

NAME (as desired on diploma) Von Clark Davis

Present Address Post Office Box 69, London Ohio 4314°Phone No. _____
                Street                  City/State/Zip

Home Address _____ Springdale, Ohio 45246 Phone No. _____
               Street            City/State/Zip

Marital Status ☒ Single         Spouse's Name _____

Parent's Name Charles & Allustee Tipton

Address _____ Springdale, Ohio 45246
        Street             City/State/Zip

Date of Graduation June, 19 7 8    Date of Birth _____

Major _____    Social Security No. _____

Minor _____    Academic Advisor _____

Degree Desired: B.S. _____    Catalog under which you will graduate:

A.A. X    B.A. _____       19 77-8

Those students who plan to apply for Teacher Certification in a given area

should complete the following information:

PROVISIONAL ELEMENTARY ( )      PROVISIONAL SECONDARY ( )

Area of Concentration:      Areas for which you wish to be Certified:

_____      _____

                                _____

2 1998
H. Kathleen Young

*Von Clark   H.H.*

RECOMMENDATION FOR GRADUATION

After reviewing the records of *Von Clark Davis*
<div align="center">Student's Name</div>

I find that he/she has completed the requirements as indicated below.

(Please complete those which are applicable)

    1.  A major in Liberal Studies _____ with 104 _____ hours.

    2.  A minor in _____ with _____ hours.

  *3.  Certification in Elementary Education with an Area of
       Concentration in _____.

  *4.  Secondary Certification in _____.

Therefore, I would like to recommend this student for graduation
effective

          *4-18-78*                              
          Date                         Advisor's Signature

*Items 3 and 4 must be approved by the Director of Teacher Education.

    _____           _____
    Director of Teacher Education           Date

------------------------------------------------------------------

APPROVED BY:                          *5/18/78*
      Dean of the College                Date

                                    *5-5-78*
      Registrar                            Date

FINAL APPROVAL BY THE BOARD OF TRUSTEES: _____
                                        Date

OFFICE OF THE REGISTRAR **URBANA COLLEGE** 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
Urbana, Ohio

Davis, Von Clark   132-345
Name

P.O. Box 69, London, Ohio 43140
Address

Parent or Guardian

Address

IGH SCHOOL AND YEAR OF GRADUATION: **2**

ENTRANCE CREDITS | Units
NGLISH:
OREIGN LANGUAGE:
Latin
French
German
Spanish
CIENCE:
General Science
Chemistry
Physics
Biology, Bot., Zool.
Physiology
MATHEMATICS:
Algebra 1
Algebra beyond Quad.
Plane Geometry
Solid Geometry
Trigonometry
HISTORY:
Ancient
Mediaeval
Modern
American
English
World
OCIAL:
Civics
Sociology
THER:

**FALL QUARTER 1975**

| TITLE OF COURSE | DEPT. | COURSE NO. | CR. HOURS | GRADE | PTS. |
|---|---|---|---|---|---|
| Comp I | Eng | 202 | 5 | B | |
| Intro Soc | Soc | 201 | 5 | B | |
| Intermediate Comp | Eng | 206 | 5 | B | |

**SUMMER 1976 - Second Session**

| TITLE OF COURSE | DEPT. | COURSE NO | CR HOURS | GRADE | PTS |
|---|---|---|---|---|---|
| Creative Writing | Eng. | 207 | 5 | C | |
| Survey of Am. Lit. | Eng. | 210 | 5 | B | |

**SUMMER SESSION 1976**

| TITLE OF COURSE | DEPT | COURSE NO | CR HOURS | GRADE | PTS |
|---|---|---|---|---|---|
| Man & His environment | Bio | 227 | 5 | C | |

| DATE | TERM | ATT | PASS | UNGR | QP | QPA | GRAD |
|---|---|---|---|---|---|---|---|
| 9/6/77 | SU | 12.5 | 12.5 | 0 | 40 | 3.20 | 12.5 |
| | CUMULATIVE | 42.5 | 42.5 | 0 | 120 | 2.82 | 42.5 |

| DEPT. | COURSE NO. | DESCRIPTION | GRADE | CREDIT HR. |
|---|---|---|---|---|
| MUS | 205 | Mus in the Humanities | B | 5 |
| SCI | 290B | Basic Elec & Magnetism | B | 2.5 |
| SOC | 490F | Conformity | B | 2.5 |
| ENG | 290Q | Lit Forms/Biography | A | 2.5 |

CLASS SO   Von C. Davis
NAME  P.O. Box 69
London, Ohio 43140

Date of Birth

ENTERED 9-25-75
LEFT

AWARDS: Associates of Arts
June 1978

| Title of Course | Department | Course No | Cr. Hrs. | Grade |
|---|---|---|---|---|

| DATE | TERM | ATT | PASS | UNGR | QP | QPA | GRAD |
|---|---|---|---|---|---|---|---|
| 12-16-77 | FA | 12.5 | 12.5 | 0 | 46 | 3.68 | 12.5 |
| | CUMULATIVE | 55 | 55 | 0 | 166 | 3.02 | 55 |

| DEPT. | COURSE NO. | DESCRIPTION | GRADE | CREDIT HR. |
|---|---|---|---|---|
| PSY | 206 | Child Growth&Develop. | C | 3 |
| SOC | 291-C | Death as a Social Iss. | A | 5 |
| PHI | 290 | Practical Logic | A | 2.5 |
| SCI | 290-A | Motion&Simple Mach. | A | 2.5 |

CLASS SO   Von C. Davis
NAME  P.O. BOX 69
London, Ohio 43140

**OHIO UNIVERSITY**

| | | |
|---|---|---|
| Eng.181 | Cont.Writing Skills | 5.0 |
| Phi.301 | Introduction | 3.0 |
| Bus.255 | Law & Soceity | 4.0 |
| Hper 202c | Personal & Comm Health | 4.0 |
| Hper 227c | First Aid | 3.0 |
| | TOTAL: | 19.0 |

This information is being released in accordance with the Family Educational Rights and Privacy Act of 1974. Under provisions of this Act you are not to release this information without written consent of the student.

Date MAY 26 1999   A. Kathleen Yoder
Registrar

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6324

# School Record - TRANSCRIPT

Student ID #: 179-828

## Ohio Central School System

315 Phillipi Road
Columbus, Ohio 43228

| Name (Last, [maiden], First, Middle): DAVIS , VON | Date of Birth | Social Security Number |
|---|---|---|
| Home Address (Street, Apt, City, State, Zip): Cincinnati OH 45240 | | |
| GED/HS Grad. Location (Name, City, State): | | Date Received: |

## Academic Achievement Assessment Record

| Site | Date | Form | Level | Reading | Mathematics | Language | Total |
|---|---|---|---|---|---|---|---|
| SOCF | 7/24/85 | 1 | M | 8.3 | 9.6 | .1 | .1 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## Pre-GED Testing Record

| Date | Writing Skills | Social Stud. | Science | Int. Lit & Arts | Mathematics | Average | P/F |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## GED Testing Record

| Date | Writing Skills | Social Stud. | Science | Int. Lit & Arts | Mathematics | Average | P/F |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## Ninth Grade Proficient Testing Record

| | Site | Writing | Reading | Science | Mathematics | Citizenship |
|---|---|---|---|---|---|---|
| Date Passed | | | | | | |

## Vocational Achievement Assessment Record

| Site | Date | Instrument | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

DRC 4138 (Rev 3/98)

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6325

## Academic School Enrollment Record

| Program | Site | Date-In | Date-Out | Reason | Cert. |
|---------|------|---------|----------|--------|-------|
| Urbana G1 | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## Vocational Education Enrollment Record

| Program | Site | Date-In | Date-Out | Reason | ICP | CP | Cert. |
|---------|------|---------|----------|--------|-----|-----|-------|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## Apprenticeship

| DOT Code | DOT Number | Year Registered | Program Title | Supervisor | Hours | Cert. 50% | Date Comp |
|----------|------------|-----------------|---------------|------------|-------|-----------|-----------|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## Tutor Training

| Program Type | Site | Hours | Date of Certificate |
|--------------|------|-------|---------------------|
| | | | |
| | | | |
| | | | |

## Pre-Release Training

| Site: | Date: |
|-------|-------|
| | |

Public Law 93-380, Family Education Rights and Privacy Act of 1974, as amended, allows an individual to grant permission to schools to release transcripts for the purpose of enrolling in other educational programs, and/or to potential employers that may request transcripts.

In accordance with the above, I hereby grant permission to the Ohio Central School System, as chartered, and/or it's affiliated colleges and universities, to release this transcript to State agencies, other schools or educational programs, and to potential employers that request this information.

I also hereby authorize the Department of Rehabilitation and Correction, and the Ohio Central School System, not to expunge my official school transcript.

| Student Signature: | Date: |
|--------------------|-------|
| Signature and Title of Ohio Central School System Official: | Date: |

Equal education opportunities are offered without regard to race, color, national origin, or disability.

nRC Records from Court

572

# VIETNAM VETERANS OF AMERICA



COPY OF YOUR DD214 REQUIRED WITH APPLICATION

## APPLICATION FOR MEMBERSHIP

NAME VON CLARK DAVIS #179-828   BIRTHDATE ▓▓▓▓▓
STREET SOUTHERN OHIO CORRECTIONAL FACILITY  SOCIAL SECURITY # _____
P.O. BOX P.O. BOX 45699
CITY LUCASVILLE, OHIO   STATE _____  YEAR ENTERED SERVICE 1964
ZIP 45699   PHONE # _____   YEAR DISCHARGED 1965
NAME OF SPOUSE N/A   BRANCH OF SERVICE U.S. NAVY
ARE YOU:   A SMALL BUSINESSMAN ☐   EMPLOYED ☐   UNEMPLOYED ☐   INCARCERATED [x]
I APPLY FOR MEMBERSHIP IN THE VIETNAM VETERANS OF AMERICA, AND PRESENT
$ N/A ___ FOR 1991 ___ DUES   NEW MEMBER ☒ RENEWAL ☐ ASSOCIATE ☐
SIGNATURE Von Clark Davis   DATE Nov.22, 1989
AUTHORIZING Charles Trolery Jr   CHAPTER VVA #181
OFFICER   Vice President/Secretary #181

FOLD & TEAR HERE

## TEMPORARY MEMBERSHIP CARD



DATE _____
CHAPTER _____
STATE _____

RECEIVED FROM
APPLICANT
BELOW $ _____
PAYMENT FOR DUES
IN THE V.V.A.
FOR THE YEAR OF _____

APPLICANT _____

SIGNATURE OF
PERSON RECEIVING
APPLICANT'S DUES _____

# INSTRUCTIONS

**1. Information needed to locate records.** Certain identifying information is necessary to determine the location of an individual's record of military service. Please give careful consideration to and answer each item on this form. If you do not have and cannot obtain the information for an item, show "NA," meaning the information is "not available." Include as much of the requested information as you can. This will help us to give you the best possible service.

**2. Charges for service.** A nominal fee is charged for certain types of service. In most instances service fees cannot be determined in advance. If your request involves a service fee you will be notified as soon as that determination is made.

**3. Restrictions on release of information.** Information from records of military personnel is released subject to restrictions imposed by the military departments consistent with the provisions of the Freedom of Information Act of 1967 (as amended 1974) and the Privacy Act of 1974. A service person has access to almost any information contained in his own record. The next of kin *(see item 4 of instructions)* if the veteran is deceased and Federal officers for official purposes are authorized to receive information from a military service or medical record only as specified in the above cited Acts. Other requesters must have the release authorization, in item 5 of the form, signed by the veteran or, if deceased, by the next of kin. Employers and others needing proof of military services are expected to accept the information shown on documents issued by the Armed Forces at the time a service person is separated.

**4. Precedence of next of kin.** The order of precedence of the next of kin is: unremarried widow or widower, eldest son or daughter, father or mother, eldest brother or sister.

**5. Location of military personnel records.** The various categories of military personnel records are described in the chart below. For each category there is a code number which indicates the address at the bottom of the page to which this request should be sent. For each military service there is a note explaining approximately how long the records are held by the military service before they are transferred to the National Personnel Records Center, St. Louis. Please read these notes carefully and make sure you send your inquiry to the right address. (If the person has two or more periods of service within the same branch, send your request to the office having the record for the last period of service.)

**6. Definitions for abbreviations used below:**

NPRC—National Personnel Records Center   PERS—Personnel Records
TDRL—Temporary Disability Retirement List   MED—Medical Records

| SERVICE | NOTE | CATEGORY OF RECORDS | WHERE TO WRITE ADDRESS CODE ▼ | |
|---|---|---|---|---|
| **AIR FORCE (USAF)** | *Air Force records are transferred to NPRC from Code 1, 90 days after separation and from Code 2, 30 days after separation.* | Active members (includes National Guard on active duty in the Air Force), TDRL, and general officers retired with pay. | | 1 |
| | | Reserve, retired reservist in nonpay status, current National Guard officers not on active duty in Air Force, and National Guard released from active duty in Air Force. | | 2 |
| | | | | 13 |
| | | Current National Guard enlisted not on active duty in Air Force. | | 14 |
| | | Discharged, deceased, and retired with pay (except general officers retired with pay). | | 3 |
| **COAST GUARD (USCG)** | *Coast Guard officer and enlisted records are transferred to NPRC 3–6 months after separation* | Active, reserve, and TDRL members. | | 14 |
| | | Discharged, deceased, and retired members *(see next item).* | | 6 |
| | | Officers separated before 1/1/29 and enlisted personnel separated before 1/1/15. | | 4 |
| **MARINE CORPS (USMC)** | *Marine Corps records are transferred to NPRC 4 months after separation* | Active and TDRL members, reserve officers, and Class II enlisted reserve. | | 5 |
| | | Class III reservists and Fleet Marine Corps Reserve members. | | 14 |
| | | Discharged, deceased, and retired members *(see next item).* | | 6 |
| | | Officers and enlisted personnel separated before 1/1/1896. | | 7 |
| **ARMY (USA)** | *Army records are transferred to NPRC as soon as processed (about 30 days after separation)* | Reserve, living retired members, retired general officers, and active duty records of current National Guard members who performed service in the U.S. Army before 7/1/72.* | | 8 |
| | | Active officers (including National Guard on active duty in the U.S. Army). | | 9 |
| | | Active enlisted (including National Guard on active duty in the U.S. Army) and enlisted TDRL. | | 12 |
| | | Current National Guard officers not on active duty in the U.S. Army. | | 13 |
| | | Current National Guard enlisted not on active duty in the U.S. Army. | | 14 |
| | | Discharged and deceased members *(see next item).* | | 6 |
| | | Officers separated 7/1/17 and enlisted separated before 11/1/12. | | 8 |
| | | Officers and warrant officers TDRL. | | 10 |
| **NAVY (USN)** | *Navy records are transferred to NPRC 6 months after retirement or complete separation.* | Active members (including reservists on active duty)—PERS and MED / PERS only | | 10 |
| | | Discharged, deceased, retired (with and without pay) less than six months, / MED only | | 11 |
| | | TDRL, drilling and nondrilling reservists / PERS & MED | | 14 |
| | | Discharged, deceased, retired (with and without pay) more than six months (see next item)—PERS & MED | | |
| | | Officers separated before 1/1/03 and enlisted separated before 1/1/1886—PERS and MED | | 6 |

* Code 12 applies to active duty records of current National Guard officers who performed service in the U.S. Army after 6/30/72.
Code 13 applies to active duty records of current National Guard enlisted members who performed service in the U.S. Army after 6/30/72.

### ADDRESS LIST OF CUSTODIANS (BY CODE NUMBERS SHOWN ABOVE)—Where to write/send this form for each category of records

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **1** | USAF Military Personnel Center Military Personnel Records Division Randolph AFB, TX 78148 | **5** | Marine Corps Reserve Forces Administration Center 1500 E. Bannister Road Kansas City, MO 64131 | **8** | USA MILPERCEN Attn: DAPC-PSR-R 200 Stovall Street Alexandria, VA 22332 | **12** | Army National Guard Personnel Center Columbia Pike Office Building 5600 Columbia Pike Boulevard Falls Church, VA 22041 |
| **2** | Air Reserve Personnel Center 7300 East 1st Avenue Denver, CO 80280 | **6** | Military Archives Division National Archives & Records Service General Services Administration Washington, DC 20408 | **9** | Commander U.S. Army Enlisted Records and Evaluation Center Ft. Benjamin Harrison, IN 46249 | **13** | The Adjutant General (of the appropriate State, DC, or Puerto Rico) |
| **3** | Commandant U.S. Coast Guard Washington, DC 20590 | **7** | Commander U.S. Army Reserve Components Personnel & Administration Center 9700 Page Boulevard St. Louis, MO 63132 | **10** | Chief of Naval Personnel Department of the Navy Washington, DC 20370 | **14** | National Personnel Center (Military Pers) |
| **4** | Commandant of the Marine Corps Headquarters, U.S. Marine Corps Washington, DC 20380 | | | **11** | Naval Reserve Personnel Center New Orleans, LA 70146 | | |

23-89

------------------------------FOLD along the dotted line ------------------------------

INSTITUTION "KITE"
FORM C-100

_10-16-89_
Date

mail+visiting Dept.
TO: _INSTITUTION V.A. REPRESENTATIVE_

FROM: _VON DAVIS_          _179 828_
Name                              Number

_K 4-76_                    _D.R.C._
Cell                         Job Assignment

Kites may be sent to a person by name, if desired, or to a Department for general request(s)
PLEASE BRIEFLY STATE YOUR REQUEST and REASON on the reverse side of this "Kite".

------------------------------ FOLD along the dotted line ------------------------------

WARDEN
DEPUTY WARDEN OF PROGRAMS
DEPUTY WARDEN OF T.I.E.
DEPUTY WARDEN OF OPERATIONS
CASHIER'S OFFICE
INMATE CLOTHING ISSUE
COMMISSARY
EDUCATIONAL DEPARTMENT
INMATE PERSONNEL DEPARTMENT
INFIRMARY
LEGAL SERVICES
SHIFT CAPTAIN
SOCIAL SERVICES DEPARTMENT
RECREATION DEPARTMENT
LIBRARY

ADMINISTRATIVE ASSISTANT
INSTITUTION INSPECTOR/GRIEVANCES
INSTITUTION INSPECTOR/SAFETY
PLANT MAINTENANCE SUPERINTENDENT
MAIL & VISITING DEPARTMENT
INMATE PROPERTY ROOM
PSYCHOLOGICAL SERVICES
RELIGIOUS SERVICES ( CHAPEL )
UNIT MANAGER ONE L-1/L-2
UNIT MANAGER TWO L-3/L-4
UNIT MANAGER THREE L-5/L-6
UNIT MANAGER FOUR L-7/L-8
UNIT MANAGER FIVE K-5/K-6
UNIT MANAGER SIX K-7/K-8

DRC Records from Court          574

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6329



DATE: _10-16 - 89_

VIETNAM VETERANS OF AMERICA
CHAPTER #181

RE:    PRE-INTERVIEW QUESTIONNAIRE APPLICATION FOR MEMBERSHIP

NAME: _Von Clark Davis_     # _179-828_     _K4-76_
     (FULL NAME)          (NUMBER)      (LOCK)

BRANCH OF SERVICE: _U.S. NAVY_     SERVICE NUMBER: ▮▮▮▮

SOCIAL SECURITY NUMBER: _____     DATE OF BIRTH: ▮▮▮▮
                                         Hamilton, Ohio
DATES OF SERVICE:

        FROM:  MONTH_____     YEAR _1964_

        TO:    MONTH_____     YEAR _1965_

TYPE OF DISCHARGE: _General, under Honorable Conditions (Honorable on Discharge_

TOUR OF DUTY:  STATE SIDE: _____

OVERSEAS TOUR OF DUTY: _Sixth Fleet - mediTerrinian_

DO YOU WANT TO FILE:
FOR V.A. BENEFITS IF ENTITLED?  YES _✓_     NO _____
EDUCATIONAL:
     A.B.E._____

     SECONDARY_____

     CONTINUING EDUCATION_____

     VOCATIONAL EDUCATION_____

     DISCHARGE UPGRADE?  YES_____     NO_____

     AGENT ORANGE CLAIM?  YES_____     NO_____
     PTSD CLIAM? ~     YES_____     NO_____

IF YOU WANT TO FILE FOR OTHER BENEFITS STATE WHAT TYPE: _Support for children_

HAVE YOU PREVIOUSLY RECEIVED AN EDUCATIONAL ALLOWANCE THROUGH THE V.A. ?
YES _✓_     NO_____     IF SO, HOW MANY MONTHS _not sure_

\* NOTE: THIS FORM IS FOR USE ONLY BY V.V.A. REPRESENTATIVES TO DETERMINE WHAT SERVICES MAY BE

DRC Records from Court     575

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6330

## IN THE COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. CR-1983-12-0614 |
| | : | |
| Plaintiff-Respondent, | : | Judge Nastoff, Presiding |
| | : | |
| v. | : | |
| | : | |
| VON CLARK DAVIS, | : | CAPITAL CASE |
| | : | |
| Defendant-Petitioner. | : | |

---

### AFFIDAVIT OF CYNTHIA MAUSSER

---

COUNTY OF FRANKLIN )
                       )    SS:
STATE OF OHIO )

I, Cynthia Mausser, being first duly cautioned do state the following:

1. I am over 18 years of age, am of sound mind, and am competent to testify regarding the matters discussed in this affidavit.

2. I was appointed as Chair of the Ohio Parole Board in October 2005 and remain in that position today. From 2001 to 2005, I was a member of the Ohio Parole Board.

3. In 2009, I was contacted by Randall Porter and Melynda Cook-Reich, defense counsel for Von Clark Davis. I was asked to and did appear and testify at the September, 2009 penalty phase hearing. I have reviewed my testimony as well as several other portions of that hearing provided by Mr. Davis's current counsel.

4. I read at page 38 of Volume I of the transcript during defense counsel's opening statement that I would testify that Mr. Davis would never be paroled. I never told defense counsel that Mr. Davis would never be paroled.

5. I also read at pages 132-140 of Volume II the discussion about whether I could testify. The prosecution is correct that I did not tell defense counsel that Mr. Davis would never be paroled as defense counsel suggested on pages 137 and 140.

6. I cannot predict what I would do if Mr. Davis's case came before me nor could I predict what other Parole Board members would do.

---

**EXHIBIT**

**F**

---

7. Defense counsel did not provide me Mr. Davis's entire file which would be necessary for me to give any opinion on whether I would likely vote to parole Mr. Davis at any upcoming parole hearing.

8. At the end of my testimony, I started to say something (Vol. II, p. 189) but was not permitted to finish. If permitted, I would have corrected my answer at page 171 where I said I had not sat on a case to vote on parole where a person was convicted of a death penalty specification but the individual received a sentence of less than death. The question was confusing. I actually have sat on cases where a person came before the Parole Board for a parole hearing having been convicted of a death penalty specification but receiving a life sentence. If defense counsel had asked me what I was seeking to clarify at page 189 of the transcript, I would have corrected my previous answer.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Cynthia Mausser

Sworn to and subscribed before me this *19* day of October, 2011.

_____
Notary Public

Vernise L. Robinson
Notary Public
State of Ohio
My Commission Expires
February 10, 2012

2

FILED

2000 SEP 21 PM 4: 07

CENTER
BUTLER COUNTY
CLERK OF COURT

## COURT OF COMMON PLEAS
### BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | * | Case Number: CR1983 12 0614 |
| | * | |
| Plaintiff, | * | Judge Andrew Nastoff, Presiding |
| | * | Judge Charles Pater |
| vs. | * | Judge Keith M. Spaeth |
| | * | |
| VON CLARK DAVIS, | * | **SENTENCING OPINION** |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * *

The Court issues this sentencing opinion pursuant to R.C. 2929.03(F).

On January 6, 1984, the Butler County Grand Jury returned a two count indictment against Defendant. Count One of the indictment charged Defendant with aggravated murder in violation of R.C. 2903.01(A) with two specifications. Specification One charged that prior to the offense at bar, Defendant was convicted of murder in the second degree, in violation of R.C. 2901.05 on April 20, 1971, an essential element of which was the purposeful killing of another as specified in R.C. 2929.04(A)(5). Specification Two charged that Defendant had a firearm on or about his person or under his control while committing the offense set forth in Count One, as specified in R.C. 2929.71. Count Two charged Defendant with having weapons under disability in violation of R.C. 2923.13(A)(2).

Defendant pled not guilty to all of the charges and specifications. Defendant waived his right to a jury trial and requested that the matter be tried to a three-judge panel.

Beginning May 4, 1984, Defendant was tried by a three-judge panel that found

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

1

**EXHIBIT**

**G**

Defendant guilty of all charges and specifications. On May 29, 1984, the trial's sentencing phase commenced. At the conclusion of the sentencing phase, the three-judge panel held that the aggravating circumstance outweighed the mitigating factors beyond a reasonable doubt and sentenced Defendant to death.

On September 14, 1988, the Ohio Supreme Court held that the three-judge panel erred by considering and weighing non-statutory aggravating circumstances against mitigating factors when it imposed Defendant's death sentence. The Ohio Supreme Court affirmed Defendant's convictions, but reversed his sentence and remanded the case to the trial court for resentencing.

On remand, Defendant sought to introduce additional mitigation evidence in the form of testimony from prison personnel employed at the Southern Ohio Correctional Facility in Lucasville, Ohio. Defendant argued that the testimony was relevant because it showed good behavior while on death row. The reconstituted three-judge panel did not permit Defendant to offer additional mitigation evidence. Instead, the panel simply reconsidered the evidence presented at the original sentencing phase. Once again, the panel found that the sole aggravating circumstance outweighed the mitigating factors beyond a reasonable doubt and imposed the death penalty.

Both the Twelfth District Court of Appeals and Ohio Supreme Court affirmed Defendant's death sentence. Defendant then petitioned the United States District Court for the Southern District of Ohio for a writ of habeas corpus. The District Court denied

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

2

Defendant's petition. On appeal, the United States Court of Appeals for the Sixth Circuit reversed Defendant's death sentence, holding that the trial court erred at resentencing when it barred Defendant from presenting new mitigation evidence concerning his good behavior while on death row. On January 29, 2007, the Sixth Circuit remanded the matter to the District Court. On July 19, 2007, the District Court granted Defendant's writ of habeas corpus conditioned upon the State of Ohio granting Defendant a new sentencing hearing.

On remand, this Court assumed jurisdiction over the instant case. On December 19, 2007, to comply with the mandate handed down from the federal courts, this Court granted Defendant a new sentencing hearing. Because the original three-judge panel could not reconstitute, the undersigned three-judge panel was formed pursuant to R.C. 2929.06 and Ohio Rule of Criminal Procedure 25(B).

Pursuant to R.C. 2929.03 and R.C. 2929.04, the undersigned three-judge panel presided over Defendant's resentencing hearing from September 8, 2009 through September 10, 2009 to determine whether the single aggravating circumstance in this case outweighed the mitigating factors beyond a reasonable doubt.

## AGGRAVATING CIRCUMSTANCE

In this case, the aggravating circumstance that is to be weighed against the mitigating factors is as follows: that prior to the offense at bar, the offender was convicted of an offense an essential element of which was the purposeful killing of another. R.C. 2929.04(A)(5).

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

3

The State of Ohio re-introduced the journal entry of conviction filed in Butler County Common Pleas Case Number 21655 reflecting Defendant's 1971 conviction for second degree murder in violation of R.C. 2901.05. The State further offered portions of the 1984 trial transcript to show then-defense counsel's stipulation to the 1971 entry of conviction, its pertinence to Defendant, and that an essential element of R.C. 2901.05 was the purposeful killing of another. The evidence established that the victim of Defendant's prior purposeful killing was his wife, Ernestine. The State submitted no other evidence. The Court accepted the aforementioned evidence to the extent that it was relevant to the aggravating circumstance committed in this case.

<div align="center">

**MITIGATING FACTORS**

</div>

Mitigating factors are factors which, while they do not justify or excuse the crime, nevertheless in fairness and mercy, may be considered as they call for a penalty less than death, or lessen the appropriateness of a sentence of death. Mitigating factors are those factors about an individual that weigh in favor of a decision that a sentence of life in prison is the appropriate sentence.

As requested by Defendant and in accordance with R.C. 2929.04(B), the Court has weighed against the aggravating circumstance the nature and circumstances of the offense, the history, character, and background of the Defendant, and all of the following:

1.  Any other factors that are relevant to the issue of whether the offender should be sentenced to death (R.C. 2929.04(B)(7)):

A. Borderline personality disorder;

<div align="center">4</div>

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

B. Alcohol abuse;

C. Love and support of family members and friends;

D. Testimony of Defendant's daughter, Sherry Davis, regarding her forgiveness of Defendant for the purposeful killing of her mother;

E. Good behavior while in prison;

F. Childhood and family experience, and the impact of each upon Defendant's personality development and mental health;

G. Remorse and apology;

H. Age (62 years old);

I. Probability of no release from prison;

J. Whether a sentence of life in prison would bring closure to the victim's family;

K. The savings to taxpayers should a life sentence be imposed.

It must be noted that Defendant did not request a pre-sentence investigation or mental examination pursuant to R.C. 2929.03(D)(1); therefore, neither were ordered for the Court's review and deliberation. In consideration of the aforementioned factors, the Court heard evidence from the following individuals.

### Family and Friends

The Court heard testimony from Defendant's mother (Alluster Tipton), step-father (Charles Tipton), younger sister (Carol Smith), younger brother (Victor Davis), daughter (Sherry Davis), and two friends (Rick Rotundo and Fran Welland).

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

5

The testimony of each witness centered on Defendant's positive aspects and his importance in their lives. Each witness testified to maintaining some amount of contact with Defendant, despite his incarceration on death row. Each witness opposed the re-imposition of the death penalty in this case.

### Prison Personnel

The Court also heard testimony from Defendant's prison case manager, Scott Nowak, regarding Defendant's positive prison record and his position on death row's "extended privilege unit" or "honor block." The Court reviewed Defendant's institutional summary, which revealed no more than a single occurrence of prison misconduct since 1984. Defendant's sole instance of misconduct occurred in 1990.

The Court also heard testimony from Jeremy Stineman, who conducted Alcoholics Anonymous meetings with death row inmates, including Defendant, for several years. Stineman testified that Defendant regularly attended meetings and participated actively.

### Cynthia Mausser

The Court heard testimony from Cynthia Mausser, Chairperson of the Ohio Parole Board, who described the Parole Board's various policies and procedures. Defense counsel posed hypothetical questions to Mausser, who testified that an individual with Defendant's background is "unlikely" to be paroled at the first opportunity, and would "likely" spend a substantial portion of his adult life in prison. Mausser could not, however, state with any certainty if or when Defendant might be paroled if this Court imposed a sentence less than

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

6

~ ... on the other, and then

death. Mausser did testify that if Defendant became parole-eligible, he would be considered for parole at intervals ranging from one to ten years for the rest of his life. Mausser testified that in each instance, the victim's family would be notified and could appear to voice opposition to Defendant's release.

### Dr. Robert Smith

Finally, the Court heard testimony from clinical psychologist and certified addiction specialist, Dr. Robert Smith. Dr. Smith recounted Defendant's social history, including interviews that he conducted with Defendant's family members, some of whom testified during the mitigation phase of this trial. Dr. Smith also reviewed the interview summaries of other individuals who were familiar with the Defendant. Additionally, Dr. Smith reviewed Defendant's prior psychological evaluations, conducted between 1964 and 2002. After conducting interviews and reviewing summaries and evaluations, Dr. Smith met with Defendant twice. Each visit lasted approximately five to six hours. Dr. Smith testified that the aforementioned interviews and evaluations, in the aggregate, provided a sufficiently "rounded" and "longitudinal" picture of the Defendant for purposes of rendering a diagnosis.

Dr. Smith found that at the time of the offense at bar, Defendant suffered from borderline personality disorder and alcohol dependence. Dr. Smith found that Defendant suffers from these co-occurring disorders to this day. In Dr. Smith's opinion, a biological component exists with respect to the borderline personality disorder. It is Dr. Smith's belief that Defendant's borderline personality disorder formed in early adolescence when

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

7

Defendant's dysfunctional childhood environment and the biological component coalesced. Dr. Smith testified that his diagnosis does not excuse or justify Defendant's actions in killing Suzette Butler, but offers some explanation as to how or why the killing occurred.

Dr. Smith testified that Defendant's good behavior while in prison is not surprising, given that individuals with borderline personality disorder function well in a highly structured environment such as prison. Ultimately, however, Dr. Smith failed to forecast Defendant's behavior or recommend a treatment plan, should he eventually be released from prison.

### FINDINGS

In order to sentence Defendant to death, the law requires that the three-judge panel find beyond a reasonable doubt that the aggravating circumstance in this case outweighs the mitigating factors. The panel must consider the evidence presented as to the aggravating circumstance that transformed the offense of aggravated murder from a case in which death was not a potential penalty to one in which death is a potential penalty. This aggravating circumstance must be then weighed against the mitigating factors that would weigh in favor of a decision that a sentence of life in prison is the appropriate sentence.

The weighing process is just that. The panel must place the aggravating circumstance on one side and place all of the mitigating factors on the other, and then determine beyond a reasonable doubt whether the aggravating circumstance outweighs the mitigating factors. Proof beyond a reasonable doubt mandates that this panel have a firm

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

8

belief or conviction in what is to be established. Proof beyond a reasonable doubt requires that an ordinary person be willing to act upon that proof in the most important of his or her own affairs.

The aggravating circumstance in this case relates that prior to committing the aggravated murder of Suzette Butler with prior calculation and design, Defendant was previously convicted of purposefully killing Ernestine Davis. The three-judge panel unanimously finds that the aggravating circumstance deserves great weight.

Against the aggravating circumstance, the panel weighs the following mitigating factors:

In accordance with R.C. 2929.04(B), the panel finds nothing mitigating about the nature and circumstances of the offense itself.

The panel has considered the testimony offered to show that Defendant is loved and supported by family and friends. This evidence is not atypical and does not deserve significant weight. The panel has also considered the testimony of Sherry Davis and the fact that she has forgiven Defendant for purposefully killing her mother; however, the panel affords this factor very little weight. The panel further considered the testimony of Defendant's friends and family concerning his dysfunctional family and childhood experiences. The panel finds the testimony to be unconvincing and entitled to little or no weight.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

9

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6341

The panel considered the impact of Defendant's family experiences upon his personality development and mental health, as detailed in Dr. Robert Smith's testimony. The panel finds that the separate testimony of Defendant's family and friends does not support Dr. Smith's conclusion that Defendant suffered an extreme and dysfunctional upbringing. Nevertheless, assuming that Defendant's background contributed in some way to the development of Defendant's borderline personality disorder and alcohol dependence, the panel still finds that Dr. Smith's diagnosis, even if valid, is entitled to little weight in mitigation.

The panel considered the testimony of Cynthia Mausser offered to show the probability that Defendant would never be released from prison if given a sentence less than death. The panel unanimously finds this evidence to be highly speculative and unconvincing and entitled to no weight.

The panel considered the Defendant's good behavior while in prison, the Defendant's advanced age, and the Defendant's remorse and apology during his unsworn statement.    The panel attributes little weight to each factor.

Finally, Defendant proposed that the panel should consider that a life sentence in this case would be economically beneficial to taxpayers and would bring closure to the victim's family. The panel is uncertain whether these factors are relevant mitigating factors under Ohio law; nonetheless, the panel considered Defendant's evidence and arguments to ensure that he had a full opportunity to present all mitigating evidence during the sentencing phase.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

10

After considering evidence and testimony relevant to these factors, the panel affords them no weight.

The panel must weigh all of the relevant mitigating factors, adjudge the collective weight of the factors, and determine if the sole aggravating circumstance in this case outweighs the mitigating factors beyond a reasonable doubt.

In performing that task, the Judges of this panel unanimously find that the aggravating circumstance outweighs, beyond a reasonable doubt, the individual and the aggregate of the mitigating factors present in this case.  Therefore, the panel finds that the sentence of death shall be imposed upon the Defendant, Von Clark Davis.

**SO ORDERED.**

ENTER,

_____
Andrew Nastoff, Judge

_____
Charles Pater, Judge

_____
Keith M. Spaeth, Judge

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

11

cc:

Michael A. Oster, Jr.
Assistant Prosecuting Attorney
315 High Street, 11th Floor
Hamilton, OH 45011

Randall L. Porter
Assistant State Public Defender
8 East Long Street – 11th Floor
Columbus, Ohio 43215

Melynda Cook-Reich
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45042

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

12

**CONFIDENTIAL**
*ATTORNEY WORK PRODUCT*

Von Clark Davis                                            Von Clark Davis
Ohio State Penitentiary
#179-828

Interviewed by Angie Wiley and Jessica Love on July 7, 2009 at the Ohio State Penitentiary.

# REDACTED

- Von is concerned about why the defense team would be calling someone from the parole board to testify. Von believes this person will be "putting a nail in my coffin". He does not know how this person can benefit him. Von is still hoping that he will someday be able to walk "or crawl" out of prison. Von is afraid that if they parole person states that Von will never get out, that the Judges will hear that and give him a life sentence. As of right now, Von will not consider Life without Parole as an option.

- Von stated that the Judges already understand that he will be in prison for "awhile", is the parole board person simply there for the sake of the victim's family. To give them comfort in knowing he will never be released.

- Von does not want to live in prison with no hope of ever getting out, "I would rather go to Lucasville". Von would rather be sentenced to death than receive LWOP.

# REDACTED

#304070
July 23, 2009

**EXHIBIT**

**H**

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. CR-1983-12-0614 |
| | : | |
| Plaintiff-Respondent, | : | Judge Nastoff |
| | : | |
| v. | : | |
| | : | |
| VON CLARK DAVIS, | : | CAPITAL CASE |
| | : | |
| Defendant-Petitioner. | : | |

---

## AFFIDAVIT OF
## ROBERT L. SMITH, Ph.D.
## CLINICAL PSYCHOLOGIST / CERTIFIED ADDICTION SPECIALIST

---

COUNTY OF FRANKLIN )
                    )    SS:
STATE OF OHIO       )

I, Dr. Robert L. Smith, being first duly cautioned do state the following:

1. I am over 18 years of age, am of sound mind, and am competent to testify regarding the matters discussed in this affidavit.

2. I am a clinical psychologist licensed to practice in the State of Ohio. I have taught and practiced as a clinical psychologist for more than 28 years. From 1983 to the present, I have conducted a private practice in clinical psychology; I have directed treatment programs; I have consulted with numerous mental health agencies, hospitals, and substance abuse treatment programs; and I have worked as a forensic psychologist for the past 28 years. Currently, I am serving as the Interim Executive Director for a substance abuse and mental health organization, Stella Maris, in Cleveland, Ohio. My general qualifications as an expert in the area of clinical psychology and the treatment of addictions are set forth in my *curriculum vitae*, which were admitted as an exhibit during the September, 2009 sentencing hearing in the above-captioned case. From 1995 to the present, I have been an assistant clinical professor of psychology in the Department of Psychology of Case Western Reserve University.

3. In addition to my general qualifications, I have specific expertise in the area of substance abuse and chemical dependency. Since 2001, I have worked at Stella Maris, Inc. in Cleveland, Ohio, serving as the Project Director with a

**EXHIBIT**

**I**

demonstration project studying the treatment of substance dependent, mentally ill, homeless men involved with the criminal justice system. From 1993 to 1999, I served as the Program Evaluator for a demonstration project conducted by the East Side Catholic Shelter in Cleveland, Ohio, that targeted substance dependent pregnant women and women with children.

4. From 1984 to 1993, I worked at Cleveland Metropolitan General Hospital as the Director of Chemical Dependency Services with the Department of Psychiatry. My responsibilities included supervision of clinical staff, review of admissions and discharges, and direct client care.

5. After receiving a Bachelor of Arts degree in psychology from Kent State University, I obtained a doctorate degree in clinical Psychology from the same University. From 1981 to 1982 I did an internship in psychology at Cleveland Metropolitan General Hospital. From 1982 to 1983, I was a post-doctoral psychology trainee at the same hospital, focusing upon the diagnosis and treatment of alcoholism and other drug addictions.

6. I am presently certified by the American Academy of Healthcare Providers in the Addictive Disorders, and by the American College of Forensic Examiners. I am a member of the American Psychological Association and the Association for Medical Education and Research in Substance Abuse.

7. The Office of the Ohio Public Defender retained me to meet with Von Clark Davis, review relevant documents and records regarding the mitigation evidence from his trial and subsequent appeals, interview Mr. Davis' family and friends, and prepare a structured psychosocial history.

8. On September 9, 2009, I testified at Von Clark Davis' resentencing hearing in Butler County, Ohio. The purpose of my testimony was to provide the three judge panel with an opinion as to the psychological disorder Mr. Davis suffered from at the time of his offense in 1983. With a reasonable degree of psychological certainty, I found Mr. Davis suffered from two disorders, Alcohol Dependence and Borderline Personality Disorder.

9. I then explained the features of Borderline Personality Disorder, which include identity disturbances, dramatic mood swings with little provocation, an inability to interpret situations correctly, poor impulse control, and a history of difficult relationships. I also testified that this is a chronic disorder.

10. I testified that a person with Borderline Personality Disorder will adapt and adjust his or her behavior in a structured environment where there are enforced, clear-cut rules. I added that in the community, such persons have no clear structure and tend to react to what is happening around them rather than considering the potential consequences of their actions and then making a decision to respond to their surroundings.

11. I do not recall Mr. Davis' attorneys telling me what other mitigation witnesses would testify or the content of their testimony. I was not told that an Ohio Parole Board member was supposed to testify that Mr. Davis would never be paroled but, in fact, did not testify that way. I did not know that an Ohio Parole Board member testified that she could not guarantee that Mr. Davis would be in prison for the rest of his life. My testimony was limited to the mental disorders Mr. Davis suffered from at the time of his offense. I had no way of knowing that parole was an issue.

12. Had I known parole was a concern and how Von Clark Davis would interact in society if released on parole, I could have testified that with time, maturity, and freedom from drugs and alcohol, someone with Borderline Personality Disorder will gain insight and develop coping skills that would enable him to adjust to living in the outside world. I would have been able to testify that Von at the present time is a different person than he was when he was admitted to ODRC in 1984. Having been in a structured setting for the past 27 years, Von has learned to accept external rules and expectations regarding his behavior. He has developed coping strategies to deal effectively with frustration, annoyance, disappointment, etc. He has learned to weigh the potential consequences of his decisions and actions. I was never asked by defense counsel to give my opinion on these issues nor was I asked questions about this at the sentencing hearing by defense counsel.

13. Furthermore, I could have explained that the parole process itself would provide Von with significant structure and guidelines that would assist him in successfully re-entering society.

FURTHER AFFIANT SAYETH NAUGHT.

Robert L. Smith, Ph.D.
Clinical Psychologist
Ohio License No. 3403

Sworn to and subscribed before me this 20th day of October, 2011.

Notary Public
David K Rogers
Commission Expires
5-12-2012

```
STATE OF OHIO            :    State of Ohio, Butler County

        Plaintiff        :    Court of Common Pleas

vs.                      :    Case No.  CR83-12-0614

VON CLARK DAVIS          :    O P I N I O N

        Defendant   FILED In Common Pleas Court
                     BUTLER COUNTY, OHIO
                     : : : : : : : :
                        JUN 1 1 1984
BRUEWER, J.
                     EDWARD S. ROBB, JR.
                                    CLERK
```

This opinion is made pursuant to Section 2929.03(F),
Ohio Revised Code.

This panel of three (3) judges has imposed the death
penalty and makes the following findings as to the existence
of mitigating factors and aggravated circumstances.

We find the following to be mitigating factors:

1)  The Defendant adjusted well to prison routine and
during his stay in prison, obtained a high school GED and
an associate degree in Business Administration, and studied
for and worked as a dental technician.

2)  There has always been a good family relationship
between the Defendant and all members of his family, including
his step father.

3)  Since his release on parole, he has maintained
at least partial employment.

4)  As testified by the psychologist, Defendant has
a compulsory personality disorder or explosive disorder which

*107*

J 380 P 117

┌─────────────────┐
│    EXHIBIT      │
│                 │
│       J         │
└─────────────────┘

FILED In Common Pleas Court
BUTLER COUNTY, OHIO

JUN 1 1 1984

2

EDWARD S. ROBB, JR.
CLERK

may have constributed to the violence in this case.

We find the following aggravated circumstances have been proven beyond a reasonable doubt:

1) The manner by which the Defendant purchased the gun, used to kill the victim in this case.

2) The manner by which the Defendant purchased the ammunition for the gun.

3) The shooting of the victim, the firing at close range and finally placing the gun almost against her skull and discharging the weapon.

4) The prior purposeful killing of his wife in 1970 by multiple stab wounds.

5) Committing the present offense while on parole for the murder of his wife.

After considering the mitigating factors and the aggravating circumstances proved beyond a reasonable doubt, we unanimously find by proof beyond a reasonable doubt that the aggravated circumstances the Defendant was found guilty of, outweigh the mitigating factors found by this panel.

The killing of the victim in this case was planned, calculated and designed by the Defendant and carried out in an execution fashion. Further, he had previously been convicted of second degree Murder for the purposeful killing of his wife. These make it impossible for this panel to arrive at any other conclusion than that the aggravated

J 380 P 118

circumstances, proven beyond a reasonable doubt, outweigh the mitigating factors.

We, therefore, sentence the Defendant to death by electrocution on October 1, 1984.

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

JUN 1 1 1984

EDWARD S. ROBB, JR.
CLERK

JUDGE HENRY J. BRUEWER

JUDGE WILLIAM R. STITSINGER

JUDGE JOHN R. MOSER

J 380 P 119

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6351

IN THE COURT OF COMMON PLEAS

BUTLER COUNTY, OHIO

STATE OF OHIO,

        Plaintiff,

-vs-

VON CLARK DAVIS,

        Defendant.

'89 AUG 10 AM 9 20

CLERK OF COURT
EDWARD S. ROBB, R.

CASE NO.  CR83-12-0614

OPINION

FILED in Common Pleas Court
BUTLER COUNTY, OHIO

AUG 10 1989

EDWARD S. ROBB, JR.
CLERK

BRUEWER, J.

This 4th day of August, 1989, this cause came on to be heard before a three judge panel consisting of Judge Henry J. Bruewer, William R. Stitsinger, and John R. Moser, on the remand of the Ohio Supreme Court, reported as **State v. Davis** (1988), 38 Ohio St. 3d 361, 373 "for a resentencing hearing solely for the purpose of determining whether the remaining aggravating circumstance outweighs the mitigating factors presented by (Defendant), beyond a reasonable doubt." The Court having unanimously found that the aggravating circumstance, of which the defendant was found guilty, outweighs the mitigating factors presented beyond a reasonable doubt, this opinion is made pursuant to Section 2929.03 (F), Ohio Revised Code

The aggravating circumstance in this case is that, prior to the aggravated murder at bar, the Defendant had been convicted of the offense of Second Degree Murder, an essential element of which was the purposeful killing of another, to-wit, the prior purposeful killing of his wife Ernestine Davis in 1970.

We find the following to be mitigating factors:

1) The Defendant adjusted well to prison routine and during his stay in prison, obtained a high school GED and an associate

EXHIBIT K

0044P388

-2-

degree in Business Administration, and studied for and worked as
a dental technician.

2) There has always been a good family relationship between
the Defendant and all members of his family, including his
stepfather.

FILED in Common Pleas Court
BUTLER COUNTY, OHIO
AUG 10 1989
EDWARD S. ROBB, JR.

3) Since his release on parole, he has maintaned at least
partial employment.

4) As testified by the psychologist, Defendant has a com-
pulsory personality disorder or explosive disorder which may have
contributed to the violence in this case.

All of these mitigating factors are considered to be under
Section 2929.04 (B) (7), Ohio Revised Code.

We find that this aggravating circumstance outweighs the
mitigating factors found by the panel by proof beyond a reasonable
doubt, because the factors we find in mitigation are of slight
weight.  The Defendant's positive prison record, good family
relationship, study and accomplishments in prison and employment
while on parole were overwhelmingly counterbalanced and outweighed
by the aggravating circumstance of his prior conviction for pur-
poseful killing, demonstrating rather convincingly that a prior
life sentence was no deterrent at all for this Defendant.

Defendant's explosive personality disorder, which we found
may have contributed to the violence in the case at bar, may explain
it but in no way excuses it, and is not of such a nature as would
have any great mitigating effect.  Nothing in the case indicates
any verbal or physical confrontation with the victim prior to the
killing which would either provoke Defendant or arouse in him a
"heat of passion."  Defendant's personality disorder perhaps explains

J0044P389

-3-

how he could commit unprovoked homicidal violence in the case at
bar; however, this disorder did not affect the substantial capacity
of the Defendant to appreciate the criminality of the crime he
engaged in with prior calculation and design, or his substantial
capacity to refrain from committing the offense, and indeed is
such as would be had of numerous others so that the death sentence
would not be mitigated. In sum, we find a very angry man who set
out to kill his victim, having previously been convicted of a prior
purposeful killing of another and having found no deterrence from
committing the present offense in that prior conviction.

As we are required by Section 2929.04 (B), Ohio Revised Code,
to consider the nature and circumstances of the offense, the history,
character and background of the offender, and all of the factors in
mitigation of the sentence of death presented herein, we find the
aggravating circumstance, the Defendant's previous conviction of
the prior purposeful killing of his wife in 1970, outweighs the
mitigating circumstances beyond a reasonable doubt.

We, therefore, sentence the defendant to death by electrocution
on December 4, 1989.


MOSER and STITSINGER, JJ. concur.

BRUEWER, J.

STITSINGER, J.

MOSER, J.

J0044P390

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6354

05/12/2009   14:15                                    (FAX)

EXHIBIT

C

MAY 11 2009

GENEVA G. SPARKS
STATE REGISTRAR OF VITAL RECORDS



# IN THE COURT OF COMMON PLEAS
# BUTLER COUNTY, OHIO

STATE OF OHIO,                    :

      **Plaintiff,**                :        **Case No. CR 1983-12-0614**

**vs.**                          :

**VON CLARK DAVIS**              :        **Judge Nastoff**

      **Defendant.**               :

---

## AFFIDAVIT OF DR. JAMES I. FIDELHOLTZ, M.D.

---

State of Ohio,
County of Hamilton, ss:

    I, Dr. James I. Fidelholtz, after being duly sworn according to law, state as follows:

    1.    I am a medical doctor and have been licensed in the State of Ohio for thirty-three years. My office address is 6103 Hamilton Avenue, Suite A, Cincinnati, Ohio 45224. My area of specialty is internal medicine and I have a subspecialty of geriatric medicine.

    2.    I am affiliated with Good Samaritan Hospital in Dayton, Ohio; Mercy Hospital in Fairfield, Ohio; Mercy Franciscan Hospital in Mt. Airy, Ohio: and Deaconess Hospital in Evansville, Indiana.

    3.    I am the treating physician for Elizabeth Crawford. She is a person with Dementia.

    4.    It is my opinion, within a reasonable degree of medical certainty, that Ms. Crawford, because of her Dementia, is unable to accurately recollect impressions or observations she had of past events and as a result she will not be able to accurately relate those impressions or observations to the Court.

    5.    Further affiant sayeth naught.

Dr. James I. Fidelholtz

Sworn and subscribed to me this the 2nd day of September, 2009

Notary Public

ANGIE WILEY
NOTARY PUBLIC, STATE OF OHIO
MY COMMISSION EXPIRES MAY 4, 2013

2



EXHIBIT
E

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,                    :

     **Plaintiff,**              :       **Case No. CR 1983-12-0614**

**vs.**                          :

**VON CLARK DAVIS**              :       **Judge Nastoff**

     **Defendant.**             :

---

## AFFIDAVIT OF DR. ORLANDO HERNANDEZ, M.D.

---

State of Ohio,

County of Hamilton, ss:

    I, Dr. Orlando Hernandez, after being duly sworn according to law, state as *since 1998 oH* follows:

    1.    I am a medical doctor and have been licensed in the State of Ohio ~~for twenty years~~. My office address is 2827 Orchardpark Drive, Cincinnati, Ohio 45239. I am affiliated with Bethesda North Hospital, ~~Fort Hamilton Hughes~~ *oH* ~~Memorial Hospital~~, and Jewish Hospital of Cincinnati.

    2.    I work ~~for~~ *with oH* Glendale Place Care Center, which is a skilled nursing facility. In that capacity I am the treating physician for Fannie Whiteside.

    3.    Ms. Whiteside is a person with Alzheimer's disease, Senile Dementia, and significant memory loss.

    4.    Because of these deficits, she is not able to communicate clearly, and suffers from short and long term memory loss.

    5.    It is my opinion, within a reasonable degree of medical certainty, that Ms. Whiteside, because of her Alzheimer's disease, Senile Dementia, and significant memory loss, is unable to accurately recollect impressions or observations she had of past events and as a result she will not be able to accurately relate those impressions or observations to the Court.

6.  Further affiant sayeth naught.

Dr. Orlando Hernandez

Sworn and subscribed to me this the 2nd day of September, 2009

EXHIBIT

B

I HEREBY CERTIFY THIS
DOCUMENT IS AN EXACT
COPY OF THE RECORD ON FILE WITH
THE OHIO DEPARTMENT OF HEALTH.

MY-709082709

JUDITH B. NAGY, STATE REGISTRAR
OFFICE OF VITAL STATISTICS
WITNESS MY SIGNATURE & SEAL

Ohio Department Of Health
VITAL STATISTICS
CERTIFICATE OF DEATH
TYPE OR PRINT IN PERMANENT BLACK INK

Reg. Dist. No. 0901
Primary Reg. Dist. No. 0901
Registrar's No. 2005-00309

State File No. 017

1. Decedent's Name: CHARLES RICHARD FLOWERS
2. Sex: Male
3. Date Of Death: May 7, 2005

4. Social Security Number
5a. Age-Last Birthday: 81
6. Date of Birth: Akron OH
7. Birthplace: OH

8. Place of Death: Hospital — Inpatient
9b. City, Village, Twp., or Location of Death: Hamilton
9c. County of Death: Butler

9a. Facility Name: Fort Hamilton Hospital

10. Marital Status: Married
11. Surviving Spouse: Sylvia Zarling
12a. Decedent's Usual Occupation: Electrical Engineer
12b. Kind Of Business/Industry: Electric Co.

13a. Residence-State: OH
13b. County: Butler
13c. City, Town, Twp., or Location: Hanover Twp.

13e. Inside City Limits? No
13f. ZIP Code: 45013
14. Was Decedent of Hispanic Origin? No
15. Race: White
16. Decedent's Education: 12

17. Father's Name: Joseph Flowers
18. Mother's Name: Mary Sutton

18a. Informant's Name: Sylvia Flowers
19b. Mailing Address: Hamilton, OH 45013

20a. Method of Disposition: Burial
20b. Place of Disposition: St. Aloysius Cemetery
20c. Location: Shandon, OH Butler Co.

20d. Date of Disposition: May 13, 2005
21a. Name of Embalmer: George R. Brown, II
21b. License Number: 6276A

22a. Signature of Funeral Director or Other Person: George R. Brown II
22b. License Number: 5309
23. Name and Address of Facility: Brown-Dawson Funeral Home, 330 Pershing Avenue, Hamilton, OH 45011

24. Registrar's Signature
25. Date Filed: May 13, 2005

26a. Signature of Person issuing permit: George R. Brown II
26b. Dist. No.: 0901
27. Date Permit Issued: May 9, 2005

28a. Certifier: Certifying Physician



EXHIBIT

F

**CONFIDENTIAL**
**ATTORNEY WORK PRODUCT**

Elizabeth Crawford (Paternal Aunt)                    Davis

   Interviewed by John Lee and Peggy Kent on 7/13/93 in the home of her
mother, Grace Ayers. Mrs. Ayers resides at ▓▓▓▓▓▓▓▓▓▓▓, Hamilton,
Ohio. Her phone number is ▓▓▓▓.

   Elizabeth Crawford is the paternal aunt of our client, Von Davis. Grace
Ayers is Von's paternal grandmother. Elizabeth was the primary respondent in
the interview but she would sometimes refer questions on the family history to
her 84-year old mother who was present. Both Elizabeth and Grace were able to
offer some historical perspectives on Von's father's side of the family,
however, they had limited contact with Von during his childhood.

-   Liz reported her parents are Grace Ayers and Thomas Elliot Davis. Her
    father, Thomas, died in 1972.

    Liz reported her parents had 3 children:

        Phyllis Scott - D.O.B. ▓▓▓ - resides at ▓▓▓▓▓▓ Teaneck, N.J.
        Ph.# ▓▓▓.

        Nick Davis - D.O.B. ▓▓▓ - deceased

        Elizabeth Davis - D.O.B. ▓▓▓

-   Liz reported her brother, Nick, drowned in December of 1974. His body was
    found in a river in Washington, D.C., which Liz found to be strange. In
    addition to be an excellent swimmer, the family could not understand how
    he could have gotten down too the river's edge because he walked with a
    cane.

-   Liz reported all of the Davis children were born in Hamilton. There were
    no problem pregnancies in births.

    Grace reported only Liz had a serious childhood illness, spinal
    meningitis. Nick was a healthy child who had no developmental problems.

-   Liz reported her father worked as a porter on the railroad and her mother
    worked as an office cleaner at Ohio Casualty.

-   Liz reported her mother was in charge of the household but both parents
    disciplined the children. Nick got more spankings than his sisters for
    not doing what he was supposed to do. He also would take some spankings
    for his sister (take blame for her acts) in exchange for whatever sweets
    she had. (cookies, candy, etc.)

-   Liz recalled Nick did not do well in school. He had a temper that
    resulted in numerous schoolyard fights. Nick attended Harrison Elementary

and Roosevelt Jr. High before dropping out in the seventh grade. Both Liz and Grace reported Nick was sent to Boys Industrial School in Cleveland when he was about 15 or 16 years old. Nick was placed in B.I.S. for truancy and fighting. Grace believed he remained in BIS for 6 months. When Nick was released, he did not re-enroll in school.

- Grace reported Nick returned to Hamilton after his release and went to work for a local dry cleaners for a brief period prior to enlisting in the Navy. Nick left school during his ninth grade year at Roosevelt Jr. High School.

Nick enlisted in the service in September of 1944 but he met and dated Alluster prior to his enlistment. Liz believes that Alluster might be two years older than Nick. Nick completed one term in the service (2 or 3 years) and returned to Hamilton after being discharged honorably.

- Liz nor Grace could recall when Nick and Alluster were married but they both agreed their first child Elliot was born after Nick left the service. Liz believes the couple had their own apartment by the time Elliot was born.

- Liz reported that she went to school with Alluster in Hamilton. Liz also recalled that Alluster was not a woman to bother because she was tough. According to Liz, "you didn't bother her. She didn't go around starting things but when the deal went down, she ended it." Liz recalled children rarely picked on Alluster because she was a good fighter.

- Liz reported she knew Alluster's mom as Vick, but she did not have much contact with Alluster's mother.

- Liz recalled that Nick and Alluster "got into it" frequently. She did not know if the police were ever called but she does not think that was the case.

- Liz reported that both Nick and Alluster drank but Nick was the heavier drinker of the two. She believed that her brother had a long term problem with alcohol but he never sought professional help for his problem.

- Liz recalled that at the funeral of their father, Nick, who had been drinking, "fell out" and had to be caught by other family members. Nick also had to go to court at one time for taking an unauthorized trip to Detroit in the Von belonging to his employer. Liz believes these actions were part of a drinking binge but Nick did not have to go to jail for theft. Liz believes it was after this incident that Nick left his family for good and went to live in Washington, D.C. with his father. (Liz reported her parents had been separated for a while when Nick moved to D.C.) At the time Nick moved to D.C. all his children had been born but his divorce from Alluster had not been finalized.

- Liz reported drank a lot and he had a temper. She believes it was that combination that caused the marriage to break up. Despite Nicks excessive weekend drinking, he did provide for the family financially and when he was sober, he was a decent father. Liz recalled that her brother was far from "A-1" as a father but he was never physically abusive towards his children.

- Liz recalled Alluster never complained to other family members about Nick. In addition to his alcoholism, Nick was known to see other women while he was married. Liz did not know if Nick had children from any of his extramarital relations.

- Liz reported Nick and Alluster had five children: "Butch" (Elliot), Von, Carol, Greg and Victor.

- Liz described Von as a quiet little boy. "He was not a slow child just a quiet child." Von seemed normal developmentally and he got along with his peers. Liz could not recall Von being a problem child behaviorally. Liz did not know how far Van went in school or how he did academically.

- Liz recalled Von went into the Navy after he left school and that he seemed to be glad when he got out. Liz was not aware of any particular goals Von had. She recalled he did work as an auto body man, as well as a dental technician.

- Liz could not recall Von having any major illness as an adult or as a child. She also had no knowledge of Von using drugs or alcohol.

- Liz reported her first awareness of Von encountering legal problems came when he killed his wife, Ernestine. She recalled he was incarcerated for 8 or 9 years. When he was released from prison, Von did not talk about his time in prison. He seemed essentially the same to Liz when he got out, quiet.

- Liz reported when Von was sent to prison for the second time, she wrote to him early on but Von never responded.



EXHIBIT

G

CONFIDENTIAL
ATTORNEY WORK PRODUCT

Dr. Charles Flowers                                              Von Clark Davis
Virginia Beach, Virginia
Phone #(804-460-7501 (work)

    Interviewed by John Lee and Steve Cheney on 6/9/93 via telephone.

    Charles Flowers is an academic and guidance counselor in the Virginia
Beach City Schools. He hails from Hamilton, Ohio and had some knowledge of
Von's parents. Dr. Flowers was able to give some limited historical
perspectives on the Davis family and a few insights on Von. Dr. Flowers can
be contacted in the mornings at the number above.

-   Charles reported having taught in the Hamilton City Schools for six years,
    however, Von was never one of his students. His knowledge of Von and the
    Davis family came from having grown up with Von's parents in the same
    neighborhood in Hamilton.

-   Charles described his neighborhood, Forest Park, as a poor, predominantly
    Black, working-class neighborhood. Most of the parents of his peers were
    from the south and had little education. Church attendance was stressed
    and most of the families attended either a baptist or methodist church.

-   Charles reported Von's mother, Alluster, lacked religious development as a
    child. Alluster was reared in the home of her maternal grandmother, Mrs.
    Bailey, who was a member of what Charles characterized as a "fringe"
    church (a holiness church). Charles believes Alluster's lack of
    direction, both domestically and spiritually, may have contributed to her
    "wild" nature.

-   Charles believes Alluster's mother was Vicki Bailey and he did not recall
    whether or not Vicki was married at the time of Alluster's birth.

-   Vicki lived with her mother, Mrs. Bailey, at the time of Alluster's birth
    along with numerous aunts and uncles. Charles recalled that Mrs. Bailey
    was the matriarch of the family and "all the children were under her;
    Alluster had two mothers."

-   Charles, who lived next door to the Bailey home, recalled there were few
    positive role models in the home because all the uncles and Vicki were all
    "drinkers and carousers." Charles would not be specific but he speculated
    that morals in the Bailey home were rather loose.

-   Charles described Alluster as a "happy-go-lucky" kid, who was not a good
    student. There was an emphasis on behaving in the Bailey home and if you
    did not you got a whipping. Charles also reported Alluster had a temper
    and if you got in her face, she would fight you. Charles reported she
    fought almost daily and may have been suspended from school at some time.

- Charles reported Alluster got pregnant either in junior high school or early in high school. He believes the father was Nick Davis. Charles believes Alluster left her grandmother's home to live with Nick about a year after the birth of her first child. (Charles believes Alluster was between the ages of 15 and 17).

- Charles remembered Nick Davis as being a very popular young man in Hamilton. Nick did not finish high school; however, his sister, Elizabeth Davis Herbert, was an honor student. Charles believes Elizabeth still resides in Forest Park. Charles has no knowledge of the whereabouts of any other Davis family members.

- Charles reported Nick and Alluster had 3 children before they married. Charles stated that there was some speculations in the community that Alluster's fourth child was not fathered by Nick. Charles did not know who the father might have been.

- Charles recalled that Alluster and Nick fought frequently. Most of the arguments centered on Nick's absence from the family home. Charles reported that Nick would continue to go night clubbing during his wife's pregnancies when she could not. Nick also traveled to Chicago and Detroit frequently for unknown reasons. Charles reported Alluster and Nick fought physically and the children saw them.

- Charles described Von as a very poor student who had no academic discipline, "just like his mother." He also believes that Von did not have good male role modeling because of the "parade of men" in and out of the home.

- Charles believed Von learned to hate women because he was always being whipped by one, be it his mother or one of his female relatives. Charles stated that he thinks a great deal of Alluster's anger from her childhood carried over to her adult life, and that unresolved anger resulted in numerous whippings for Von.



IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,                          :

    Plaintiff-Respondent,           :

-vs-                                    :    Case No.  CR 83-12-0614

VON CLARK DAVIS,                        :

    Defendant-Petitioner.           :

EXHIBIT  U

AFFIDAVIT OF MILTON FLOWERS

STATE OF OHIO,

COUNTY OF BUTLER, SS:

    I, Milton Flowers, being first duly sworn according to law, state the

following:

    1)  I am a family friend of Petitioner Davis.

    2)  I became acquainted with Petitioner's family when I lived next door

to them in Hamilton, Ohio.  Petitioner's mother, Alluster, was just a baby.

In addition to Alluster, Alluster's mother, Hattie Bailey, and Alluster's

grandmother lived in the home.

    3)  I really did not believe that Hattie Bailey had all her marbles.  She

was no mother at all to Alluster.  If it were not for Alluster's grandmother

and her uncle Tecumsah, I do not know what would have happened to Alluster.

    4)  Hattie did not care what Alluster would do; she just wanted Alluster

to stay out of her way.

5)   Hattie was a violent character who would become abusive.   She would say a lot of things she would be sorry for later.

6)   Alluster, like her mother, had a violent temper.   It did not take much for her to get upset.   She got into numerous fights.

7)   Alluster married Petitioner's father, Nick Davis, at a very young age.   When Alluster and Nick were first married, there were at times food shortages in their home.

8)   Alluster was just about like Hattie as a mother.

9)   After Nick and Alluster separated, there were a lot of men in and out of Alluster's life.   The quality of care for the children, including Von, was poor.

10)   Von was very small as a child.   He suffered because of his size; he felt as if he were being taken advantage of.

11)   Von had a violent temper.   At times when he was angry, the other kids would have to catch and hold him until he cooled down.

12)   Von would have violent outbursts in school.   These outbursts were like those that Alluster and Hattie had.

13)   I feel that Von is a product and victim of his environment.   He faced rejection both at home and in the community.

14)   Von was really out there on his own while he was growing up.   He was not able to go home to talk to anyone.

15)   I would have been willing to testify on Von's behalf at his original capital trial in 1984 and at his resentencing in 1989.

16)  I love Von and do not want him to be executed.

Further Affiant saith naught.

MILTON FLOWERS

Sworn to and subscribed in my presence this 28 day of _September_ 1993.

NOTARY PUBLIC

JOANN M. BOUR-STOKES, Attorney At Law
NOTARY PUBLIC, STATE OF OHIO
My commission has no expiration date.
Section 147.03 R.C.



EXHIBIT

I

CONFIDENTIAL
ATTORNEY WORK PRODUCT

Fannie Whiteside                                      Davis

Forest Park, Ohio
Phone
DOB:

Interviewed by John Lee and Peggy Kent at her home on 6/23/93.

- Fannie Whiteside is the maternal great aunt of Von Davis.  Fannie made
  it clear that she had very limited contact with Von or with his mother
  Alluster.  She was able to give some limited social history on Alluster
  but because of the age difference and the fact she moved away from
  Hamilton when she married, very little of significance was offered.
  Fannie also stated that she is in favor of the death penalty.

- Fannie reported Alluster's mother was Hattie Bailey.  Fannie did not
  believe Hattie was married at the time of Alluster's birth.  Alluster
  was born in St. Louis where Hattie was living with her sister, Allie
  Bailey.  Both Allie and Hattie moved to Hamilton, Ohio together.  Allie,
  who is Fannie's oldest sister, helped raise Alluster's children.  Fannie
  believes at one point Allie told Von that Nicholas Davis was not his
  father.  Fannie does not know if that is the case.

- Fannie recalled that Hattie Bailey worked full time at a factory until
  her retirement which is why Alluster was raised essentially by her
  grandmother, Evelyn Bailey, and Aunt Allie.

- Fannie recalled Alluster did not attend school regularly which later
  impaired her ability to keep a job.  She does not believe Alluster had a
  problem with drugs or alcohol.

- According to Fannie, Alluster liked to have a good time and ran around
  with several men.  Fannie thinks that three of her children Von, Victor
  and Charles may have had different fathers.

- Fannie did not know how old Alluster was when she married Nick Davis.
  Fannie thought Nick was "O.K."  The only other information she could
  offer regarding Nick was that he worked in a pressing shop and died in
  Michigan.  She believes they were married about ten years.

- Fannie believes Nick's mother may still be living in Oxford, Ohio.

- Fannie has no recollection of Von as a child or as an adult.  "All I
  know is he killed two women."  Fannie did not know either of the women.

- Fannie was told by other family members that he did not deal with his
  two daughters when he was released from prison.  His oldest daughter
  tried to contact him on several occasions but Von would not see her.
  Fannie believes that the children were present when their mother was
  killed.  Fannie currently has no contact with Von's children.

STATE OF OHIO                    :        CASE NO.  CR95-12-1111

       Plaintiff FILED       :        STATE OF OHIO
                            COUNTY OF BUTLER
  vs.  '96 JUL 24 PM 1 16 :        COURT OF COMMON PLEAS
                            (Moser, J.)
                    :

LAHRAY THOMPSON CLERK OF COURTS    **MEMORANDUM IN OPPOSITION TO**
                            **DEFENDANT'S MOTION TO ALLOW**
    Defendant                        **DEFENSE TO ARGUE  LAST**
                            **AT MITIGATION PHASE**

   :  :  :  :  :  :  :  :  :  :  :  :

    Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the

defendant's motion to allow the defense to argue  last in penalty-phase closing

arguments, filed herein on April 4, 1996, says that the defendant's motion is not

well taken.  This motion is "backed by neither law nor effective argument," see

*State v. Evans* (1991), 63 Ohio St.3d 231, 251, 586 N.E.2d 1042, 1059.

    It is clear that the State bears a very high burden of proof in a criminal

case -- proof beyond a reasonable doubt.  Accordingly, it was held in *State v.*

*Jenkins* (1984), 15 Ohio St.3d 164, 214-215, 473 N.E.2d 264, 307-308, that the

prosecutor should argue first and last in the penalty-phase final arguments,

since the State bears the burden of proof in the penalty phase of a capital trial

(to prove that the aggravating circumstances outweigh the mitigating factors by

proof beyond a reasonable doubt),  *See also State v. Rogers* (1985), 17 Ohio St.3d

174, 182-183, 478 N.E.2d 984, 993, *State v. Hicks* (1989), 43 Ohio St.3d 72, 80,

538 N.E.2d 1030, 1039, and *State v. Grant* (1993), 67 Ohio St.3d 465, 483, 620

N.E.2d 50, 69.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

**EXHIBIT**

**M**

-3-

WHEREFORE, the defendant's motion should be overruled.

FILED
'96 JUL 24
T. MARS...
CLERK OF COURTS

FILED IN COURT OF ...
BUTLER COUNTY ...
JUL 24 1996
T. MARS...
CLERK

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this _24_ day of _July_, 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                    :     CASE NO.  CR95-12-1111
                                       CA96-05-0094
        Plaintiff        FILED         STATE OF OHIO
                                       COUNTY OF BUTLER
    vs.            '96 JUL 24 PM 1     COURT OF COMMON PLEAS
                                       (Moser, J.)
                   C. MARY KAOLIN
LAHRAY THOMPSON    CLERK OF COURTS

        Defendant                :     MEMORANDUM IN OPPOSITION TO
                                       DEFENDANT'S "VOIR DIRE MEMORANDUM"
                                 :     RE PROPER STANDARD FOR DEATH-
                                       QUALIFICATION EXCUSAL

        :   :   :   :   :   :   :   :   :   :   :   :   :   :

    Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the

defendant's "voir dire memorandum" regarding the proper standard for death-

qualification, filed herein on April 4, 1996, says that the defendant's

proposition of law is incorrect.

    Death-qualification of jurors was upheld as proper in *State v. Jenkins*

(1984), 15 Ohio St.3d 164, 473 N.E.2d 264, at paragraph two of the syllabus.  The

Ohio Supreme Court in *State v. Rogers* (1985), 17 Ohio St.3d 174, 478 N.E.2d 984,

*vacated on other grounds* (1985), 474 U.S. 1002, following the standard enunciated

in *Wainwright v. Witt* (1985), 469 U.S. 412, 420, established as a matter of Ohio

law that a prospective juror in a capital case is subject to challenge for cause

based on his views in opposition to capital punishment if "those views would

prevent or substantially impair the performance of his duties as juror in

accordance with his instructions and his oath." *Rogers*, *id.*, at paragraph three

of the syllabus.  See also *State v. Beuke* (1988), 38 Ohio St.3d 29,38, 526 N.E.2d

274, 284, and *State v. Greer* (1988), 39 Ohio St.3d 236, 248, 530 N.E.2d 382, 397.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

FILED
'95 JUL 24 PM 1:14

The Court has several times reaffirmed its holding in *Rogers*, rejecting the very argument made by defendant herein that the Ohio statute, R.C. 2945.25(C), demands a different, "stricter" standard for death qualification in Ohio, as opposed to the federal constitutional standard. *See, e.g., State v. Roe* (1989), 41 Ohio St.3d 18, 21, 535 N.E.2d 1351, 1357, and most recently, *State v. Frazier* (1995), 72 Ohio St.3d 323, 329, 652 N.E.2d 1000, 1007. The *Rogers* line of cases clearly establish that the standard under the Federal Constitution and the Ohio statute are identical. It has also been held that a juror who is excludable under the *Wainwright v. Witt* or *Rogers* standard is "unsuitable" to be a juror under R.C. 2945.24(O), *see State v. Greer*, 39 Ohio St.3d at 248, 530 N.E.2d at 397; *State v. Beuke*, 38 Ohio St.3d at 38, 526 N.E.2d at 284; and *State v. Buell* (1988), 22 Ohio St.3d 124, 139, 489 N.E.2d 795, 808.

The attached death qualification question as asked by this Court in *State v. Benge* (1993), Butler C.P. No. CR93-02-0116, (excerpt from Trial Transcript pp. 52-54), affirmed in *State v. Benge* (Dec. 5, 1994), Butler App. No. CA93-06-116, unreported, is a proper form for applying the *Wainwright v. Witt* / *Rogers* standard.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-3-

JUL 24 1996

FILED

WHEREFORE, the defendant's proposed standard for death-qualification should be rejected, and the attached questioning standard, or similar wording, should be utilized in the voir dire of this case.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this ___ day of _____, 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

1

STATE OF OHIO                    :          CASE NO.  CR95-12-1111

        Plaintiff                           CA96-05-0094
                                 :          STATE OF OHIO
                                            COUNTY OF BUTLER
    vs.                          :          COURT OF COMMON PLEAS
                                            (Moser, J.)
                                 :
LAHRAY THOMPSON
                                            MEMORANDUM IN OPPOSITION TO DEFENDANT'S
        Defendant                           MOTIONS TO LIMIT PROSECUTOR'S
                                 :          EVIDENCE AND ARGUMENT IN
                                            THE PENALTY PHASE

    :   :   :   :   :   :   :   :   :   :   :   :

        Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the

defendant's motions as follows:

"MOTION TO LIMIT PROSECUTOR'S ARGUMENT TO THE AGGRAVATING CIRCUMSTANCES PROVEN
AT THE FIRST PHASE OF THE TRIAL AND TO LIMIT THE PROSECUTOR'S PRESENTATION OF
EVIDENCE AND ARGUMENT TO PROPER REBUTTAL OF THE DEFENSE PRESENTATION,"


"MOTION TO LIMIT STATE'S EVIDENCE TO REBUTTAL" and


"MOTION TO ALTER DEFINITION OF MITIGATING CIRCUMSTANCES TO REMOVE REFERENCE TO
REDUCING THE DEGREE OF BLAME AND TO SO LIMIT PROSECUTOR IN HIS ARGUMENT"

filed herein on April 4, 1996, and

        Defendant's motions seek to severely restrict and limit the prosecutor's

penalty-phase argument.  However, the Ohio Supreme Court has clearly outlined the

range of permissible argument for a prosecutor in the "mitigation" or "penalty"

or sentencing" phase of a capital trial, see *State v. Gumm* (1995), 73 Ohio St.3d

413, 653 N.E.2d 253, where the Court held in its syllabus:

        Subject to applicable Rules of Evidence, and pursuant to R.C.
        2929.03(D)(1) and (2), counsel for the state at the penalty stage of a

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

2

capital trial may introduce and comment upon (1) any evidence raised at trial that is relevant to the aggravating circumstances specified in the indictment of which the defendant was found guilty, (2) any other testimony or evidence relevant to the nature and circumstances of the aggravating circumstances specified in the indictment of which the defendant was found guilty, (3) evidence rebutting the existence of any statutorily defined or other mitigating factors first asserted by the defendant, (4) the presentence investigation report, where one is requested by the defendant, and (5) the mental examination report, where one is requested by the defendant. Further, counsel for the state may comment upon the defendant's unsworn statement, if any. (R.C. 2929.03[D], construed; *State v. DePew* [1988], 38 Ohio St.3d 275, 528 N.E.2d 542, affirmed and followed.)

Thus, the Court has rejected the argument presented in defendant's motions that the prosecutor must restrict his penalty-phase remarks to a rote, "professorial" outline of the aggravating circumstances specified in the indictment and proven in the guilt phase of trial. Neither the Eighth Amendment nor cases decided by the Ohio or United States Supreme Courts preclude the prosecutor from argument in the penalty phase concerning the nature and circumstances of the murder itself, see *State v. Gumm*, 73 Ohio St.3d at 416-418, 653 N.E.2d at 259-264. Indeed, the statute itself, R.C. 2929.03, requires the sentencing authority (jury and judge, or three-judge panel) to consider the nature and circumstances of the offense, see *Gumm*, *id.* at 418-420, citing *State v. Jenkins* (1984), 15 Ohio St.3d 164, 174, 473 N.E.2d 264, 277-278, *State v. Steffen* (1987), 31 Ohio St.3d 111, 116-117, 509 N.E.2d 383, 390, and *State v. Stumpf* (1987), 32 Ohio St.3d 95, 99, 512 N.E.2d 598, 604. The Court also noted that "it is only by considering the nature and circumstances of the offense, as

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

3

BUTLER COUNTY, OHIO

JUL 24 1996

well as the statutory aggravating circumstances, that it is possible to prevent a rigid and mechanistic sentencing scheme, *Gumm, id.* at 420, citing *State v. Jester* (1987), 32 Ohio St.3d 147, 153, 512 N.E.2d 962, 969; and in *Gumm* it was also noted that "some crimes are by their very nature so 'horrendous' or 'harrowing' that it would be difficult to imagine factors that might be mitigating,"*Gumm, id.,* citing *State v. Morales* (1987), 32 Ohio St.3d 252, 262, 513 N.E.2d 267, 277, and *Steffen, supra* at 128, 509 N.E.2d at 398. The Court in *Gumm* reasoned that in *DePew* it was held that a prosecutor in the penalty stage of a capital case may introduce, and comment upon, any evidence raised at trial that is relevant to the aggravating circumstances, which allows the prosecutor to reintroduce much if not all of the evidence heard in the guilt phase; and in many cases it has been held that once lawfully inserted into the sentencing considerations, admissible evidence is subject to fair comment by both parties, see, e.g., *State v. Greer* (1988), 39 Ohio St.3d 236, 253, 530 N.E.2d 382, 402, and *State v. Lorraine* (1993), 66 Ohio St.3d 414, 420, 613 N.E.2d 212, 218. The Court in *Gumm* cautioned prosecutors (and trial courts in their instructions and sentencing opinions) to avoid imprecise designation of the "nature and circumstances of the offense" as "aggravating circumstances" to be "weighed against" the mitigating factors, *cf. State v. Davis* (1988), 38 Ohio St.3d 361,

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

367-368, 528 N.E.2d 925, 931-932. However, so long as the prosecutor does not confuse "aggravating circumstances" with the nature and circumstances of the

4

aggravated murder, he is perfectly within the proper bounds of final argument to comment on the nature and circumstances of the aggravated murder which are relevant to the sentencing considerations.

*Gumm* also holds that it is permissible to comment on the defendant's unsworn statement, see syllabus in *Gumm*; see also *State v. Mapes* (1985), 19 Ohio St.3d 108, 115-116, 484 N.E.2d 140, 147 ("If a defendant chooses to make an unsworn oral statement to the jury, the prosecution should be allowed to argue that the defendant's statement has less credibility because it is not given under oath. *** [T]he state should be able to dispute the weight of that statement ***.").

Defendant's suggestion that the prosecutor may not comment on relevant aspects of the murder victim's character which have been admitted in evidence in either the guilt or penalty phase of trial is an argument that has been rejected by unanimous decisions of the Ohio Supreme Court in *State v. Loza* (1994), 71 Ohio St.3d 61, 82, 641 N.E.2d 1082, 1105, and *State v. Fautenberry* (1995), 72 Ohio St.3d 435, 438-440, 650 N.E.2d 878, 881-882.  The Court in *Fautenberry* noted the fact that the cases on which defendant's argument relies, *Booth v. Maryland* (1987), 482 U.S. 496, and *South Carolina v. Gathers* (1989), 490 U.S. 805, were overruled in *Payne v. Tennessee* (1991), 501 U.S. 808, which held that the Eighth Amendment erects no *per se* bar to the admission of victim-impact evidence.  Thus,

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

in *Fautenberry* the Ohio Supreme Court held  that "evidence which depicts *both* the

5

circumstances surrounding the commission of the crime and also the impact of the murder on the victim's family may be admissible during *both* the guilt and the sentencing phases." *Id.* (Emphasis per the Court in *Fautenberry*.) The Court cited *State v. Loza* as an example where evidence relating to victim-impact (*e.g.*, the fact that one of the victims was pregnant, that the killings represented "many years" of potential life expectancy) was admissible in the guilt phase of trial as facts surrounding the offense, and thus comments by the prosecutor in the sentencing phase relating to such victim-impact evidence was permissible. The Court in *Fautenberry* carefully pointed out that expressions of a witness's opinion as to the appropriate sentence, *e.g.*, that the victim's family desires that defendant be sentenced to death (as allowed by statute in most non-capital cases pursuant to R.C. 2943.041) are not admissible in a capital case. *Fautenberry*, 72 Ohio St.3d at 439, 650 N.E.2d at 882; *accord, State v. Huertas* (1990), 51 Ohio St.3d 22, 553 N.E.2d 1058, syllabus. However, the Court in *Fautenberry* specifically allowed testimony from the victim's family members and employer concerning the impact of the victim's death on his survivors. *Fautenberry*, *id.* at 438-439, 650 N.E.2d at 881-882.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

6

WHEREFORE, the defendant's motions should be denied.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474


PROOF OF SERVICE


This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this ___ day of _____, 1996.


DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                    :        CASE NO.  CR95-12-1111
                                          CA 96-05-0094

        Plaintiff        FILED   :        STATE OF OHIO
                                          COUNTY OF BUTLER
     vs.            '96 JUL 24 PM 1 16    COURT OF COMMON PLEAS
                                          (Moser, J.)

LAHRAY THOMPSON

        Defendant                         MEMORANDUM IN OPPOSITION TO DEFENDANT'S
                                          MOTION TO PROHIBIT REFERENCES TO THE
                                          JURY THAT A VERDICT AS TO DEATH IS ONLY
                                          A RECOMMENDATION

        :   :   :   :   :   :   :   :   :   :   :   :   :

        Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the

defendant's motion to prohibit refernces to the jury that a verdict as to death

is a nonbinding recommendation, filed on April 4, 1996, says that defendant's

motion is not well taken.  Defendant's argument has been rejected numerous times

by the Ohio Supreme Court.  In *State v. Jenkins* (1984), 15 Ohio St.3d 164, 473

N.E.2d 264, at paragraph six of the syllabus, the Court held,

        The jury in the penalty phase of a capital prosecution may be
        instructed that its recommendation to the court that the death penalty
        be imposed is not binding and that the final decision as to whether the
        death penalty shall be imposed rests with the court.

        This Court in the trial of another capital case gave the following

instruction, in *State v. Williams*, Butler Common Pleas No. CR90-08-0665:

        "It is going to be your responsibility *** to decide what sentence
        to recommend to this Court regarding the charge of aggravated murder with
        Specifications ***.

        "I have used the word 'recommend' and I want you to make sure that
        you understand you are not to construe that word to diminish your
        responsibility in this matter.  It is an awesome task, and the fact that
        the word 'recommend' is used should not be considered by you to lessen
        your task."  (Trial Transcript in *Williams*, Vol. XI, page 200, copy
        attached.)

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-   FILED

'98 JUL 24 PM 1 16

The conviction and death sentence in that case were affirmed with approval of that instruction, see *State v. Williams* (Nov. 2, 1992), Butler App. No. CA91-04-060, unreported, at pages 13-15, affirmed, *State v. Williams* (1995), 73 Ohio St.3d 153, 652 N.E.2d___ (the issue was not even raised in the Supreme Court).

A similar instruction in *State v. Mills* (1992), 62 Ohio St.3d 357, 375, 582 N.E.2d 972, 988, that told the jury that "you should recommend the appropriate sentence as though your recommendation will, in fact, be carried out," and the Ohio Supreme Court stated, "we commend the trial judge for his instruction."

Since *Jenkins*, while the Court has held that such instruction accurately states Ohio law and does not constitute reversible error, it has also stated its "preference" that no comment be made on the question of who bears the ultimate responsibility for determining the appropriateness of a death sentence. *See, e.g., State v. Loza* (1994), 71 Ohio St.3d 61, 73-74, 641 N.E.2d 1082, 1099; *State v. Henderson* (1988), 39 Ohio St.3d 24, 30; 528 N.E.2d 1237, 1243; *State v. Williams* (1986), 23 Ohio St.3d 16, 21-22, 490 N.E.2d 906, 912; and *State v. Steffen* (1987), 31 Ohio St.3d 111, 113-114, 509 N.E.2d 383, 387-388.   The instruction given by this Court in the *Williams* trial is not only an accurate statement of Ohio law but also ensures that the jury takes its responsibility very seriously.  The State therefore requests that the same instruction be given herein, as approved by the Court of Appeals and "commended" by the Supreme Court in *Mills*.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

218 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-3-

FILED          JUL 24 1996

'96 JUL 24 PM 1 16

WHEREFORE, the defendant's motion should be overruled.

Respectfully submitted.

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this 24 day of July, 1996.


DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                 :     CASE NO.  CR95-12-1111

FILED             CA96-05-0094

       Plaintiff            :    STATE OF OHIO

'95 JUL 24 PM 1 1   COUNTY OF BUTLER

   vs.                    COURT OF COMMON PLEAS

                    CLERK OF COURTS  (Moser, J.)

LAHRAY THOMPSON                   OHIO

                       :    __MEMORANDUM IN OPPOSITION TO__

     Defendant       JUL 24 1996  __DEFENDANT'S REQUESTED__

                       :    __PRE-VOIR DIRE JURY INSTRUCTIONS__

:   :   :   :   :   :   :   :   :   :   :   :

Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the defendant's requested pre-voir dire jury instructions, filed herein on April 4, 1996, says that the defendant's motion is proper in general, in that preliminary remarks about the procedures involved in a capital case are appropriate; however, the prosecution objects to the defendant's proposed instructions, and says that the preliminary instructions and remarks as given by this Court in _State v. Benge_ (1993), Butler C.P. No. CR93-02-0116, affirmed in _State v. Benge_ (Dec. 5, 1994), Butler App. No. CA93-06-116, unreported, are tested, correct instructions on the concepts which should be addressed in commencement of the voir dire in a capital case. (Certain minor modifications would be in order inasmuch as there is no longer a "special venire" for capital cases after repeal of former R.C. 2945.18 and 2945.19.)

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

FILED

'96 JUL 24 PM 1 16

JUL 24 1996

WHEREFORE, the defendant's motion should be granted in part, defendant's proposed instructions should be rejected, and instructions as given in *State v. Benge*, or similar preliminary remarks, should be given.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this 24 day of Jul, 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                    :        CASE NO.  CR95-12-1111
                                          CA96-05-0094
          Plaintiff             :        STATE OF OHIO
                    FILED                 COUNTY OF BUTLER
    vs.                         :        COURT OF COMMON PLEAS
              '96 JUL 24 PM 1 15          (Moser, J.)
                                :
LAHRAY THOMPSON    T. HALL  M
              CLERK OF COURTS    :        MEMORANDUM IN RESPONSE TO
          Defendant                       DEFENDANT'S "VOIR DIRE MEMORANDUM"
              BUTL          :             RE "THE DEFENSE MUST BE ALLOWED
                                          TO EXAMINE PROSPECTIVE JURORS
              JUL  4 1996   :             REGARDING THEIR VIEWS ON CAPITAL
                                          PUNISHMENT PRIOR TO THEIR EXCUSAL"
              T.      :
              CLE
          :    :    :    :    :    :    :    :    :    :    :    :    :

     Now comes John F. Holcomb, Prosecuting Attorney, and in response to the

defendant's "voir dire memorandum" regarding defense examination of prospective

jurors as to their views on capital punishment prior to excusal, filed herein on

April 4,1996, says that the defendant's proposition of law is correct in part.

     The State would agree that "reasonable examination" of prospective jurors

by counsel for both sides should be allowed, as provided in R.C. 2945.27; Crim.R.

24(A) also provides that counsel be given an opportunity to voir dire prospective

jurors or supplement the court's voir dire examination.  *Accord, State v. Heurtas*

(1990), 51 Ohio St.3d 22, 29-30, 553 N.E.2d 1058, 1067, (explaining that while

it would have been "better practice" for the court to allow defense counsel to

voir dire a prospective juror before she was excused  for cause, her unequivocal

statement that she could never vote for the death penalty under any circumstance

was, in itself, sufficient basis for her removal). The scope of voir dire is

within the sound discretion of the trial court, and the judgment will not be

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

FILED

JUL 24 1996

95 JUL 24 PM 1 15

reversed absent a showing that the trial court abused its discretion in restricting the scope of voir dire, see *Heurtas*, *id.*, *State v. Jenkins* (1984), 15 Ohio St.3d 164, 186, 473 N.E.2d 264, 286, and *State v. Lundgren* (1995), 73 Ohio St.3d 474, 481, 653 N.E.2d 304, 315. Restrictions on voir dire have generally been upheld, see *Lundgren*, *id.*, and numerous cases cited therein.

The fact that latitude is allowed counsel, however, does not mean that a juror whose views on capital punishment renders him subject to challenge for cause because "those views would prevent or substantially impair the performance of his duties as juror in accordance with his instructions and his oath," see *Wainwright v. Witt* (1985), 469 U.S. 412, 420, can be fully "rehabilitated" by further examination of defense counsel. "If a trial court finds that a juror has expressed unwillingness to follow the court's instructions, the ability of defense counsel to elicit somewhat contradictory views from the juror does not, in and of itself, render the trial court's judgment [to exclude the juror for cause] erroneous." *State v. Frazier* (1995), 72 Ohio St.3d 323, 328, 652 N.E.2d 1000, 1007; *State v. Beuke* (1988), 38 Ohio St.3d 29, 38, 526 N.E.2d 274, 284.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

FILED

'86 JUL 24 PM 1 15

CLERK OF COURTS

WHEREFORE, the defendant's motion that his counsel be permitted to make reasonable examination of prospective jurors in the discretion of the Court, pursuant to R.C. 2945.27, Crim.R. 24(C), and Ohio case law, should be granted.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

<u>PROOF OF SERVICE</u>

FILED

'96 JUL 24 PM 1 15

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this 24 day of July, 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                          :        CASE NO. CR95-12-1111

            Plaintiff                  :        CA96-05-0094
                                                STATE OF OHIO
            vs.                        :        COUNTY OF BUTLER
                                                COURT OF COMMON PLEAS
                                       :        (Moser, J.)

LAHRAY THOMPSON

            Defendant                           MEMORANDUM IN RESPONSE TO
                                                DEFENDANT'S "VOIR DIRE MEMORANDUM"
                                                RE "VENIRE PERSONS WHO CANNOT FAIRLY
                                                CONSIDER MITIGATING EVIDENCE AND
                                                WHO WOULD AUTOMATICALLY VOTE FOR
                                                DEATH UPON A SHOWING OF GUILT
                                                MUST BE EXCUSED"

            :   :   :   :   :   :   :   :   :   :   :   :   :

     Now comes John F. Holcomb, Prosecuting Attorney, and in response to the

defendant's "voir dire memorandum" regarding "venire persons who cannot fairly

consider mitigating evidence and who would automatically vote for death upon a

showing of guilt must be excused," filed herein on April 4, 1996, says that the

defendant's *initial* proposition of law, as stated in the motion's heading, is

correct *in the abstract*. The State would agree with the defendant that it is the

purpose of voir dire to obtain fair, unbiased jurors who will have no difficulty

following the law applicable in this case, in particular the Ohio statutes

involving procedure in capital cases, R.C. 2929.03-2929.04. A person who in voir

dire states that he or she cannot fairly consider mitigating evidence and who

would automatically vote for death upon a showing of guilt, and thus would be

unable to follow the penalty-phase jury instructions, is "unsuitable" to be a

juror, R.C. 2945.24(O).

-2-

This is not to say, however, that the prosecution accepts defendant's formulation that the defense should be allowed to show bias in favor of imposing the death penalty "circumstantially," by asking prospective jurors whether they may feel that certain specific mitigating factors such as "youth," "history, character and background," would carry some, little, or no weight in a sentencing decision. In *State v. Lundgren* (1995), 73 Ohio St.3d 474, 481, 653 N.E.2d 304, 315, the Ohio Supreme Court rejected the defendant's assumption that jurors may be voir-dired in such a way, finding that a trial court had "exercised appropriate discretion in not allowing jurors to be asked if they would consider specifically named mitigating factors." The Court in *Lundgren* reasoned that

> "weighing aggravating circumstances against mitigating factors is a complex process. Jurors weigh mitigating factors together, not singly, and do so collectively as a jury in the context of a penalty hearing. Realistically, jurors cannot be asked to weigh specific factors until they have heard all the evidence and been fully instructed on the applicable law. Moreover, 'evidence of an offender's history, character and background' that is not found to be mitigating 'need be given little or no weight against the aggravating circumstances.' *State v. Stumpf* (1987), 32 Ohio St.3d 95, 512 N.E.2d 598, paragraph two of the syllabus."

*Lundgren*, *id.* at 481, 653 N.E.2d at 315.

The defense motion is also premature, in that it anticipates possible responses of potential jurors that may never arise. The question must be determined with each juror on a case-by-case basis, and not in the abstract; there are many cases where jurors were alleged to be "pro-death" because of certain statements about consideration of mitigating evidence in the abstract, yet they were found to be qualified jurors who would fairly and impartially

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-3-

consider all the evidence and follow the instructions of law, *see Lundgren*, *id*.

"Their inability to conjure abstract mitigating factors does not reflect an inability to to be fair and impartial jurors." *Lundgren*, *id*. at 483, 653 N.E.2d at 316. *See also State v. Mack* (1995), 73 Ohio St.3d 502, 509-510, 653 N.E.2d 329, 335-336 (trial court did not abuse its discretion by refusing to remove for cause potential jurors with initial predisposition toward imposition of death penalty, but who later stated they would follow trial instructions).

WHEREFORE, the defendant's suggestion that his counsel be permitted to ask prospective jurors if they would consider specifically named mitigating factors should be denied, and jurors's qualifications should be determined in accordance with the foregoing memorandum.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-4-

<u>PROOF OF SERVICE</u>

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this _11th_ day of _July_, 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO : CASE NO. CR95-12-1111

      Plaintiff              CA 96-05-0094

FILED

'96 JUL 11 PM 2 49

T. MARK BAILEY
CLERK OF COURTS

STATE OF OHIO
COUNTY OF BUTLER
COURT OF COMMON PLEAS
(Moser, J.)

vs.

LAHRAY THOMPSON

      Defendant

**MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO PROHIBIT
DEATH QUALIFICATION OF JURY, ETC.**

: : : : : : : : : : : :

Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the defendant's motion to prohibit death qualification of the jury or, in the alternative, to seat separate juries for the guilt and penalty phases of trial, filed herein on April 4, 1996, says that the defendant's arguments are not well taken.

Defendant's motion lacks merit on each of its propositions.  It is clear that death-qualification of jurors is constitutionally proper, see *State v. Jenkins* (1984), 15 Ohio St.3d 164, 473 N.E.2d 264, paragraph two of the syllabus; see also *State v. Grant* (1993), 67 Ohio St.3d 465, 476, 620 N.E.2d 50, 64.

It is also clear that separate juries *cannot* be seated for the penalty and guilt phases of a capital trial in Ohio, where by statute the same trial jury which determines guilt *must* also make a recommendation of punishment.  *State v. Carter* (1995), 72 Ohio St.3d 545, 559-560, 651 N.E.2d 965, 978, citing *State v. Penix* (1987), 32 Ohio St.3d 369, 372, 513 N.E.2d 744, 747-748.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

WHEREFORE, the defendant's motion should be overruled.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this 11 day of July, 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO          :   CASE NO. CR95-12-1111

       Plaintiff        STATE OF OHIO
                     COUNTY OF BUTLER
    vs.             COURT OF COMMON PLEAS
                     (Moser, J.)

LAHRAY THOMPSON

       Defendant    :   <u>MEMORANDUM IN OPPOSITION TO
                        DEFENDANT'S MOTION TO PROHIBIT
                        THE USE OF PEREMPTORY CHALLENGES
               :   TO EXCLUDE JURORS WHO EXPRESS
               :   CONCERNS ABOUT CAPITAL PUNISHMENT</u>

       :  :  :  :  :  :  :  :  :  :  :  :  :

     Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the defendant's motion requesting that this Court prohibit the State from excluding, through the use of peremptory challenges, any jurors who express concerns about capital punishment, filed herein on April 4,1996, says that the defendant's argument is without merit.

     "Aside from racial exclusion, prosecutors can exercise a peremptory challenge for any reason, without inquiry, and without a court's control." *State v. Seiber* (1990), 56 Ohio St.3d 4, 13, 564 N.E.2d 408, 419, citing *State v. Esparza* (1988), 39 Ohio St.3d 8, 13-14, 529 N.E.2d 192, 198 (both cases expressly rejecting the argument made by defendant herein). The Ohio Supreme Court has rejected defendant's proposition repeatedly since the *Esparza* and *Seiber* decisions, see *State v. Evans* (1992), 63 Ohio St.3d 231, 249, 586 N.E.2d 1042, 1057; *State v. Waddy* (1992), 63 Ohio St.3d 424, 451 n.11, 588 N.E.2d 819, 839; *State v. Cook* (1992), 65 Ohio St.3d 516, 518, 605 N.E.2d 70, 76; *State v. Slagle*

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

(1992), 65 Ohio St.3d 597, 600, 605 N.E.2d 916, 922; and _State v. Williams_ (1995), 73 Ohio St.3d 153, 168, 652 N.E.2d 721, 734. Federal courts facing this issue have also rejected the defense argument, _see, e.g._, _Brown v. Dixon_ (CA 4, 1989), 891 F.2d 490, 496-498 (cited by the Ohio Supreme Court in _Waddy_), _Bolder v. Armentrout_ (W.D.Mo. 1989), 713 F.Supp. 1558, 1576-1577, and _Kordenbrock v. Scroggy_ (E.D.Ky. 1988), 680 F.Supp. 867, 911-912.

The limitation on peremptory challenges as set forth in _Batson v. Kentucky_ (1986), 476 U.S. 79, would require that peremptory challenges not be used to exclude a member of a particular minority (racial or ethnic) for discriminatory purpose. Other than the limitation established in _Batson_, however, it is "the ordinary rule that a prosecutor may use his peremptory strikes for any reason at all." _Brown v. North Carolina_ (1986), 479 U.S. 940 (O'Connor, J., concurring in denial of certiorari). Thus, aside from _Batson_, the right of peremptory challenge is entirely discretionary; a plurality of the United States Supreme Court would apparently agree that "nothing in _Batson_ suggests that courts may examine a prosecutor's motives whenever he has excluded peremptorily those whom the court may not remove for cause." _Gray v. Mississippi_ (1987), 481 U.S. 648, 672 (Powell, J., concurring opinion, in which three other justices concurred; see also _id._, 481 U.S. at 679-680 (Scalia, J., dissenting opinion).

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-3-

WHEREFORE, the defendant's motion should be overruled.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO


DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

## PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this _____ day of _____. 1996.


DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                 :        CASE NO.  CR95-12-1111

          Plaintiff                    CA96-05-0094

                                       STATE OF OHIO
                                       COUNTY OF BUTLER
    vs.                                COURT OF COMMON PLEAS
                                       (Moser, J.)

LAHRAY THOMPSON

                                       MEMORANDUM IN OPPOSITION TO DEFENDANT'S
          Defendant           :        MOTION TO PROHIBIT ANY REFERENCES
                                       TO THE FIRST PHASE AS THE "GUILT PHASE"

          :   :   :   :   :   :   :   :   :   :   :   :   :   :

          Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the

defendant's motion to prohibit any reference to the first stage of trial as the

"guilt phase", filed herein on April 18, 1996, says that the defendant's motion

is not well taken.

          Defendant's motion is backed by neither law nor effective argument.  It is

implausible that reference to the first stage of a capital trial where the issue

of guilt *vel non* is determined will influence the jury's verdict, *see* <u>State v.</u>

<u>Campbell</u> (1994), 69 Ohio St.3d 38, 51, 630 N.E.2d 339, 352. The Court and parties

will refer to this stage of trial as "the guilt phase," if at all, in a context

of explaining in voir dire that there will be two separate parts of the trial,

the first of which determines whether defendant is guilty or not guilty of

aggravated murder, with or without specifications, or guilty or not guilty of any

other offenses charged or any lesser included offenses.

          It would be quite inaccurate to label this stage of the proceedings the

"trial phase" or "evidentiary phase" inasmuch as it takes *both* phases to

constitute the "trial," and evidence is to be recieved at both phases. The

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

defense suggestion that this be labeled the "fact-finding" stage, aside from being unwieldy, is likewise inaccurate as the jury in determining sentence in the second stage of the proceedings will also determine whether the proffered mitigating evidence is "fact."

WHEREFORE, the defendant's motion should be overruled.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

## PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this _____ day of _____.
1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                                    :          CASE NO.  CR95-12-1111

                 FILED                          CA96-05-0094

          Plaintiff                                   STATE OF OHIO
            '96 JUL 11 PM 2 41              COUNTY OF BUTLER

    vs.                                                  COURT OF COMMON PLEAS
            T. MARK BADEN
            CLERK                              (Moser, J.)

LAHRAY THOMPSON

                    **MEMORANDUM IN OPPOSITION TO**
           Defendant                       **DEFENDANT'S MOTION TO PROHIBIT**
                      :       **DEATH QUALIFICATION UNTIL PROSECUTION**
                        **SHOWS PROBABLE CAUSE THAT CASE**
                      :       **WILL PROCEED TO MITIGATION**

        :   :   :   :   :   :   :   :   :   :   :   :   :

       Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the defendant's motion to prohibit death qualification of the jury unless and until the prosecution has shown probable cause that the case will proceed to mitigation phase, filed herein on April 4, 1996, says that defendant's argument is not well taken.  While defendant's ploy is to eliminate death-qualification of jurors altogether, it is well-established that death qualification is constitutionally proper, see *State v. Jenkins* (1984), 15 Ohio St.3d 164, 473 N.E.2d 264, paragraph two of the syllabus; see also *State v. Grant* (1993), 67 Ohio St.3d 465, 476, 620 N.E.2d 50, 64.  The United States Supreme Court has refused to accept the argument that the exclusion of "*Witherspoon*-excludables" (jurors whose opposition to capital punishment makes them unable to fairly sit as jurors and apply the law) results in an unrepresentative jury on the issue of guilt or increases the risk of conviction.  *Lockhart v. McCree* (1986), 476 U.S. 816; see also *Witherspoon v. Illinois* (1968), 391 U.S. 510, 517-518, and *Bumper v. North Carolina* (1968, 391 U.S. 543, 545.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

Before enactment of the current death penalty statutes, the proposition that a voir dire procedure conducted pursuant to *Witherspoon* would result in a conviction-prone jury was rejected by the Ohio Supreme Court in *State v. Carver* (1972), 30 Ohio St.2d 280, 59 O.O.2d 343, 285 N.E.2d 26, where the Court reasoned that such a procedure would not have imbedded in the minds of the jurors that defendant was guilty and that they will merely be determining the penalty. *Id.* In *State v. Jenkins*, the Court re-examined the issue and specifically held, at paragraph two of the syllabus, "to death qualify a jury prior to the guilt phae of a bifurcated capital prosecution does not deny a capital defendant a trial by an impartial jury."

Defendant's only citation in support of his proposition was *Grigsby v. Mabry* (E.D.Ark. 1983), 569 F.Supp. 1273; defendant fails to note, however, that the result in *Grigsby* was nullified by the United States Supreme Court in *Lockhart v. McCree*, *supra*.

The defendant engages in the absurd assumption that the State would "secure a capital indictment for the sole purpose of enhancing the chances of conviction." (*Sic*, Defense Memorandum at page 4.)  This derogates the role of the grand jury in determining probable cause for the charges set forth in the indictment, as well as personally insults the prosecutors in this case.  There should rather be a presumption that the grand jurors and prosecutors competently and faithfully performed their legal and ethical duties, contrary to the defendant's assumption that they did not.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-3-

Failing in his argument to block death-qualification of the jury, defendant in the alternative seeks, in effect, a second "preliminary hearing" at which the prosecution should again establish probable cause that the defendant is guilty of aggravated murder in violation of R.C. 2903.01 with one of more R.C. 2929.04(A) specifications. This should be denied, for the reason that no such redundant procedure is provided for in the Ohio statutes or procedural rules governing capital trials, and the Court cannot create a procedure from the void, see *State v. Penix* (1987), 32 Ohio St.3d 369, 372-373, 513 N.E.2d 744, 747-748 (where no statutory procedure to reimpanel the trial jury for a resentencing hearing after reversal on appeal, "we may not create such a procedure out of whole cloth").

WHEREFORE, the defendant's motion should be denied.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-4-

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C.
Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton
St., Hamilton, Ohio 45011 by U.S. regular mail this _11th_ day of _July_,
1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO        :      CASE NO. CR95-12-1111

                              C A96-05-0094

          Plaintiff    FILED  STATE OF OHIO

                 '96 JUL 11 PM 2: COUNTY OF BUTLER

    vs.                       COURT OF COMMON PLEAS

             T. MARK BADEN (Mosen, J.)

            CLERK OF Pleas Court

LAHRAY THOMPSON  FILED In Common Pleas Court

            BUTLER COUNTY, OHIO

          Defendant  JUL 11 1996  MEMORANDUM IN OPPOSITION TO

                    DEFENDANT'S MOTION TO STRIKE

           T. MARK BADEN AGGRAVATING CIRCUMSTANCES

             CLERK : : : : : : : :

Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the defendant's motion to strike aggravating circumstances under R.C. 2929.04(A)(3), (7) filed herein on April 4, 1996, says that the defendant's arguments are not well taken.

Defendant's argument is nothing more than an attack on the constitutionality of the Ohio death penalty statutes. The Supreme Court of Ohio has repeatedly rejected such arguments and has held the death penalty statutes constitutional in many of the more than one hundred capital cases decided by the Court, from the detailed analysis in *State v. Jenkins* (1984), 15 Ohio St.3d 164, 167-179, 473 N.E.2d 264, 272-281, and at paragraph one of the syllabus, through the more recent summary dispositions of this issue in *State v. Loza* (1994), 71 Ohio St.3d 61, 84, 641 N.E.2d 1082, 1106, and most recently, *State v. Fautenberry* (1995), 72 Ohio St.3d 435, 443, 650 N.E.2d 878, 885, and *State v. Carter* (1995), 72 Ohio St.3d 545, 560-561, 651 N.E.2d____.

Summary disposition of these time-worn arguments is appropriate; this Court, like the Ohio Supreme Court, should not "waste its valuable judicial

OFFICE OF PROSECUTING ATTORNEY BUTLER COUNTY, OHIO

JOHN F. HOLCOMB PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING P.O. BOX 515 HAMILTON, OHIO 45012

-2-

resources discussing what continues as well-settled law." *State v. Lawson* (1992), 64 Ohio St.3d 336, 351, 595 N.E.2d 902, 913. *See also State v. Hawkins* (1993), 66 Ohio St.3d 339, 342-343, 612 N.E.2d 1227, 1230; *State v. Bonnell* (1991), 61 Ohio St.3d 179, 181, 573 N.E.2d 1082, 1085; and *State v. Poindexter* (1988), 36 Ohio St.3d 1, 3-4, 520 N.E.2d 568, 571.

WHEREFORE, the defendant's motions should be overruled.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

## PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this _11th_ day of _July_, 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                           :    CASE NO. CR95-12-1111

            Plaintiff         FILED              CA96-05-0094
                          '96 JUL 11  PM 2 07    STATE OF OHIO
                                                 COUNTY OF BUTLER
    vs.                       T...  B....        COURT OF COMMON PLEAS
                          CLERK  F COURTS        (Moser, J.)

LAHRAY THOMPSON                          :    MEMORANDUM IN OPPOSITION TO
                                              DEFENDANT'S CONSTITUTIONAL
            Defendant                         MOTION TO DISMISS

        :   :   :   :   :   :   :   :   :   :   :

        Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the

defendant's constitutional motion to dismiss filed herein on April 18, 1996, says

that the defendant's arguments are not well taken.

        Defendant's argument engages in a general attack on the constitutionality

of the Ohio death penalty statutes.  The Supreme Court of Ohio has repeatedly

rejected such arguments and has held the death penalty statutes constitutional

in many of the more than one hundred capital cases decided by the Court, from the

detailed analysis in *State v. Jenkins* (1984), 15 Ohio St.3d 164, 167-179, 473

N.E.2d 264, 272-281, and at paragraph one of the syllabus, through the more

recent summary dispositions of this issue in *State v. Loza* (1994), 71 Ohio St.3d

61, 84, 641 N.E.2d 1082, 1106, *State v. Fautenberry* (1995), 72 Ohio St.3d 435,

443, 650 N.E.2d 878, 885, and *State v. Carter* (1995), 72 Ohio St.3d 545, 560, 651

N.E.2d 965, 979.

        Summary disposition of these time-worn arguments is appropriate; this

Court, like the Ohio Supreme Court, should not "waste its valuable judicial

resources discussing what continues as well-settled law," *State v. Lawson* (1992),

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

64 Ohio St.3d 336, 351, 595 N.E.2d 902, 913.  *See also State v. Hawkins* (1993),

66 Ohio St.3d 339, 342-343, 612 N.E.2d 1227, 1230; *State v. Bonnell* (1991), 61

Ohio St.3d 179, 181, 573 N.E.2d 1082, 1085; and *State v. Poindexter* (1988), 36

Ohio St.3d 1, 3-4, 520 N.E.2d 568, 571.

WHEREFORE, the defendant's motion to dismiss should be overruled.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

<u>PROOF OF SERVICE</u>

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this _11th_ day of _July_. 1996.

_Daniel J. Gattermeyer_

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                    :    CASE NO.  CR95-12-1111

                  Plaintiff        FILED    CA96-05-0094
                                  :    STATE OF OHIO
                    '96 JUL 11  PM 2 45 COUNTY OF BUTLER
vs.                                    COURT OF COMMON PLEAS
                    T. _____      (Moser, J.)
                    CLERK OF COURTS

LAHRAY THOMPSON                      MEMORANDUM IN RESPONSE TO
                                     DEFENDANT'S MOTION TO COMPEL
                  Defendant          PROSECUTING ATTORNEY TO
                                     DISCLOSE DEATH PENALTY DATA

      :    :    :    :    :    :    :    :    :    :

      Now comes John F. Holcomb, Prosecuting Attorney, and in response to the

defendant's motion to compel the Prosecuting Attorney to disclose death penalty

data, filed herein on April 18, 1996, says as follows:

      Defendant's motion is based on a faulty premise and is not well taken.

First of all, the trial court does not engage in the type of proportionality

review of the case at bar with other cases as contemplated by R.C. 2929.05(A),

which is strictly an undertaking of the appellate and Supreme Courts.  Secondly,

the idea that any court (trial, appellate, or Supreme Court) will consider cases

in which the death penalty was not imposed for comparative proportionality review

purposes, is simply wrong.  See *State v. Fautenberry* (1995), 72 Ohio St.3d 435,

443, 650 N.E.2d 878, 885, (rejecting the so-called "lucky ten" argument, that

others in the jurisdiction of the court were similarly indicted and/or convicted

of aggravated murder and aggravated robbery but failed to receive the death

penalty), citing *State v. Sowell* (1988), 39 Ohio St.3d 322, 335, 530 N.E.2d 1294,

1308, *State v. Steffen* (1987), 31 Ohio St.3d 111, 123-124, 509 N.E.2d 383, 394-

395, and *State v. Jenkins* (1984), 15 Ohio St.3d 164, 209, 473 N.E.2d 264, 304.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

Moreover, defendant's request for cases in which the death penalty was not imposed, such cases are not utilized in the appellate and Supreme Court's proportionality review under R.C. 2929.05(A), see *State v. Steffen*, supra, at paragraph one of the syllabus.

The Prosecuting Attorney therefore responds to the defendant's request with the following answer: to the knowledge of the Prosecuting Attorney, those cases in the Twelfth Appellate District in which the death penalty has been imposed and affirmed by that court are as follows.

> *State v. Davis* (May 27, 1986), Butler App. No. CA84-06-071, unreported, *remanded for resentencing*, (1988), 38 Ohio St.3d 361, sentence affirmed in *State v. Davis* (Oct. 29, 1990), Butler App. No. CA89-09-123, unreported, *affirmed*, (1992), 63 Ohio St.3d 44;
>
> *State v. Depew* (June 29, 1987), Butler App. No. CA85-07-075, unreported, *affirmed*, (1988), 38 Ohio St.3d 275;
>
> *State v. Watson* (Mar. 31, 1989), Butler App. No. CA88-01-0`4, unreported, *death sentence reversed*, (1991), 61 Ohio St.3d 1
>
> *State v. Lawson* (June 4, 1990), Clermont App. No. CA88-05-044, unreported, *affirmed*, (1992), 64 Ohio St.3d 336;
>
> *State v. Williams* (Nov. 2, 1992), Butler App. No. CA91-04-060, unreported, *appeal now pending*, Case No. 93-007;
>
> *State v. Loza* (Apr. 19, 1993), Butler App. No. CA91-11-198, unreported, *affirmed*, (1994), 71 Ohio St.3d 61;
>
> *State v. Webb* (May 24, 1993), Clermont App. No. CA91-08-053, unreported, *affirmed*, (1994), 70 Ohio St.3d 325; and
>
> *State v. Benge* (Dec. 5, 1994), Butler App. No. CA93-06-116, unreported, *appeal now pending*, Case No. 95-112.

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-3-

Wherefore, except as answered above, the defendant's motion should be denied.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

<u>PROOF OF SERVICE</u>

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this ____ day of _____, 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

STATE OF OHIO                    :        CASE NO.  CR95-12-1111

                                          CA96-05-0094

            Plaintiff          :        STATE OF OHIO
                                          COUNTY OF BUTLER
vs.                            :        COURT OF COMMON PLEAS
                                          (Moser, J.)

LAHRAY THOMPSON                         MEMORANDUM IN OPPOSITION TO DEFENDANT'S
                                        MOTION TO PROHIBIT ANY EVIDENCE
            Defendant                   BEARING ON CHARACTER OF THE VICTIM
                                        OR VICTIM IMPACT

     :     :     :     :     :     :     :     :     :     :

        Now comes John F. Holcomb, Prosecuting Attorney, and in opposition to the

defendant's motion to prohibit any evidence bearing on the character of the

victims or victim impact, filed herein on April 4, 1996, says that the

defendant's argument is not well taken.

        Defendant's argument fails to consider the fact that the cases on which he

relies, *Booth v. Maryland* (1987), 482 U.S. 496, and *South Carolina v. Gathers*

(1989), 490 U.S. 805, were overruled in *Payne v. Tennessee* (1991), 501 U.S. 808,

which held that the Eighth Amendment erects no *per se* bar to the admission of

victim-impact evidence. The Ohio Supreme Court has recognized this fact in

numerous cases, *see, e.g., State v. Fautenberry* (1995), 72 Ohio St.3d 435, 438-

439, 650 N.E.2d 878, 882.

        In *Fautenberry*, the Court held that "evidence which depicts *both* the

circumstances surrounding the commission of the crime and also the impact of the

murder on the victim's family may be admissible during *both* the guilt and the

sentencing phases." *Id.* (Emphasis per the Court in *Fautenberry*.)  The Court cited

*State v. Loza* (1994), 71 Ohio St.3d 61, 82, 641 N.E.2d 1082, 1105, as an example

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-2-

where evidence relating to victim-impact (*e.g.*, the fact that one of the victims was pregnant) was admissible in the guilt phase of trial as facts surrounding the offense, and thus comments by the prosecutor in the sentencing phase relating to such victim-impact evidence was permissible. The Court in *Fautenberry* carefully pointed out that expressions of a witness's opinion as to the appropriate sentence, *e.g.*, that the victim's family desires that defendant be sentenced to death (as allowed by statute in most non-capital cases pursuant to R.C. 2943.041) are not admissible in a capital case. *Fautenberry*, 72 Ohio St.3d at 439, 650 N.E.2d at 882; *accord*, *State v. Huertas* (1990), 51 Ohio St.3d 22, 553 N.E.2d 1058, syllabus. However, the Court in *Fautenberry* specifically allowed testimony from the victim's family members and employer concerning the impact of the victim's death on his survivors. *Fautenberry*, *id.* at 438-439, 650 N.E.2d at 881-882.

Defendant is correct in stating that a pertinent character trait of the victim is admissible as provided in Evid.R. 404(A)(2), which provides:

> "Evidence of a pertinent trait of character of the victim of the crime offered by the accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor is admissible ***."

Thus, the admissibility of character evidence may depend on the issues raised in the case, which may make the victim's character relevant. This issue, therefore, cannot be determined as a sterile, abstract question without reference

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

-3-

to the facts to be developed at trial.

WHEREFORE, the defendant's motion should be denied.

Respectfully submitted,

JOHN F. HOLCOMB (0001499)
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

DANIEL A. NASTOFF (0056263)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO
216 Society Bank Building
Hamilton, Ohio 45012-0515
Telephone (513) 887-3474

PROOF OF SERVICE

This is to certify that a copy of the foregoing Memorandum was sent to Ronald C. Morgan, 110 N. Third St. Hamilton, Ohio 45011, and Lynn Cunningham, 616 Dayton St., Hamilton, Ohio 45011 by U.S. regular mail this 11th day of July, 1996.

DANIEL J. GATTERMEYER (0031305)
ASSISTANT PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

JOHN F. HOLCOMB
PROSECUTING ATTORNEY

216 SOCIETY BANK BUILDING
P.O. BOX 515
HAMILTON, OHIO 45012

1188

1  Judge on that as well with regard to some of the

2  specifications in this case.  Specifically gun

3  specifications.  And I'll address that again when

4  we get back there, ladies and gentlemen, those are

5  all the elements of that aggravated robbery.

6          And these are, this is part and parcel of

7  the first count of aggravated murder.  Let's talk

8  about the specifications to these murder counts.

9          These are the specifications that the law

10  said must exist to make someone eligible for the

11  death penalty.  In addition to finding him guilty

12  of aggravated murder, if this is true, he's

13  eligible for the death penalty.  What this says is

14  that Ronald Gosser was a witness to an offense, and

15  that he was purposely killed to prevent his

16  testimony in any criminal proceeding regarding that

17  offense.

18          And that the aggravated murder of Ronald

19  Gosser was not committed during the commission,

20  attempted commission, or flight immediately after

21  the commission, or attempted commission of the

22  offense to which Ronald Gosser was a witness.

23  Okay.  Break that down.

24          He was a witness to the DeAngelo

25  shooting.  Okay.  His murder was not -- did not

**EXHIBIT**

**N**

CINCINN          INC.
Fairfield: 737-0880          USA: (800) 569-7888

1189

1    occur during the flight, during the commission of

2    the shooting or during the flight immediately

3    thereafter. His murder occurred some 45 minutes

4    later, after they had left the area one time and

5    had returned.

6           That element of that, that part of that

7    is clearly satisfied. And that Ronald Gosser was a

8    witness to an offense. That's the heart and soul

9    of this case. It's what explains everyone's

10   actions. We know that from Lieutenant Murray, we

11   know it from Ronald Gosser himself. We know it

12   from his fiancee. We know it because of the way he

13   pleads with his killers. We know that from the way

14   he pleads with them. I'm with you, I'm with you.

15   That tells us that he's a witness and that he was

16   purposely killed to prevent his testimony in any

17   criminal proceeding regarding that offense.

18          Well, see, John Barefield didn't want to

19   say on the stand when he was being crossed that he

20   wanted to kill Ron Gosser. Was it ridiculous, was

21   it absolutely ridiculous that he would deny that?

22   He shot him in the back of the head, he didn't want

23   to kill him. After he falls to the ground,

24   shooting him six more times in the chest, and, boy,

25   never had the intent to kill the guy? Is that just

1190

1    absolutely ridiculous?  That has no weight.

2         What has weight is what you know from Ron

3    Gosser, and what you know from the other

4    eyewitnesses presented by the State in this case.

5    There is another way in this case that Lahray

6    Thompson along with his partners are eligible for

7    the death penalty, this is another specification.

8         There are a number of these laid out in

9    the law that have to be met.  But the aggravated

10   murder of Ronald Gosser was committed while Lahray

11   Thompson acting with prior calculation and design

12   in the commission of the aggravated murder, Ronald

13   Gosser was committing or attempting to commit the

14   offense of aggravated robbery.

15        Okay.  If you intentionally, purposely

16   kill somebody while you're committing the

17   aggravated robbery, that makes you eligible for the

18   death penalty.  It's a felony murder type concept.

19   Okay.  It's not simply because you're doing the

20   aggravated robbery.  But you know, there are

21   inferences that you make in that area, about the

22   type of force involved, the consequences of putting

23   a gun to the back of somebody's head and

24   discharging it.

25        I mean, there are inferences you make

1191

1    about what the people were intending.  Prior

2    calculation and design.  It is the same prior

3    calculation and design which existed before.

4              Lahray Thompson knew why they were

5    looking for Ronald Gosser, he knew that, that

6    wasn't a mystery.  It wasn't, well, let's go out

7    and find Ron Gosser because we wanted to invite him

8    to a party, it wasn't anything like that.

9              It was find the dude that talked to the

10   police.  Find the guy that's ratting on us, that

11   dare tells on me.  And Lahray Thompson knew that

12   that's what they were doing.

13             This is the third specification, which

14   makes it the death penalty eligible.  It's that the

15   aggravated murder of Ronald Gosser was committed

16   for the purpose of escaping detection,

17   apprehension, trial or punishment for another

18   offense committed by Lahray Thompson with the

19   aggravated robbery.

20             Ladies and gentlemen, it's quite obvious

21   the intended effect of killing the fellow after you

22   robbed him, and it's going to definitely have the

23   effect of preventing his testimony, at least that's

24   what they're intending.  They didn't fully have

25   that effect.  They didn't know that.

1192

1    Specification Four, that Lahray Thompson

2    had a firearm on his person or under his control

3    while committing the offense.  Joyce Jones saw him

4    with the firearm.  She did.  Ashley Gaither didn't

5    say she saw that.  She came up later, but you know,

6    under the law, on or about his person includes an

7    unarmed accomplice to an armed principal offender,

8    that's the law on a gun specification.

9    If you jointly join in the criminal

10   enterprise, and everybody knows that one has the

11   gun and that he's going to use the gun in

12   committing the offense, they're all responsible.

13   You'll see that theory is, runs throughout the

14   law.  You want to discourage complicity.  People

15   are less likely to be successful without help.  You

16   discourage that.

17   On the final count, ladies and gentlemen

18   of the jury, is the felonious assault of Barry

19   DeAngelo.  And ladies and gentlemen, this is the

20   motive count.  That's basically what it is.  It's

21   the motive.  Okay.  Butler County, Ohio, use of a

22   deadly weapon, a .22 revolver, we've got the

23   evidence of the bullets seized from the vehicle,

24   we've got the gun and we've got the ballistics

25   evidence that ties it to the shooting and to the

CINCINNATI STENOGRAPHIC, INC.
Fairfield: 737-0880  Dayton: 228-6900  USA: (800) 569-7888

1205

1   star witnesses?  The star witnesses that they talk

2   to you about in their opening statement?  The star

3   witnesses are Lawrence Jones.  Lawrence Jones tells

4   you what he's really all about, not on the stand,

5   but in his letter that he writes to Lahray, I'm

6   going to clear your name right off the map.  Blood

7   are thicker than water.  You my family.  That's

8   there, it's his writing.  He wrote it to Lahray.

9           They aren't set to snitch, if you got no

10  choice, tell them John-John did it.  Well, how does

11  he know, he wasn't there.  How is he going to say

12  that?  He can't say that, because he doesn't know.

13  If they ask you, tell them you weren't nowhere

14  around.

15          Well, why do you have to tell a person

16  that they weren't anywhere around if they weren't

17  anywhere around.  Wouldn't they know that?  Why do

18  you have to tell them that?  You see, the letter

19  tells you where Lawrence Jones is coming from.  You

20  notice he made a point, a real point of saying he

21  was the one wearing a checkered shirt?

22          Why does he say that, why does he offer

23  that as an important factor?  John Barefield, John

24  Barefield is articulate, and a forceful speaker,

25  and he makes for real interesting drama.  But do

CINCINNATI STENOGRAPHIC, INC.
Fairfield: 737-0880  Dayton: 228-6900  USA: (800) 569-7888

1206

1   you think for one second that the man who already
2   murdered one witness for trying to tell the truth,
3   that the man who has it in him to put a gun
4   directly to the back of somebody's head and murder
5   them would think twice about telling you a lie?
6   Would that be important to him? Would he care?
7           Does he have a value system that is
8   anything like, anything like yours? No. He has a
9   code he lives by, he told you about his code. He
10  wouldn't think twice about it, and you know why,
11  he's already done it.
12          He already sat in that same chair in
13  front of a jury just like you and lied. And you
14  know he wanted to just dismiss it, he just wanted
15  to be able to say I lied, I told a lot of lies and
16  have it be over with, you know, it's just not that
17  simple. He didn't just tell one lie, he told about
18  50 pages worth of lies in detail and he had added
19  some details.
20          And now he comes in this time, I'm
21  telling you the truth, because I have nothing to
22  gain and everything to lose. Well, ladies and
23  gentlemen, we know what he does when he has
24  something to lose, he lies and he advised anybody
25  else, anybody else, he said that, anybody else who

1207

1    is facing the death penalty needs to lie, too, you

2    need to do the same thing, pardon my language, so

3    save your ass, that's his advice, get on there, get

4    your girlfriend in, get whoever in, and lie.

5         And you know, he's already won his

6    victory when he lied his way out of the death

7    penalty in this case.  He's won his victory.

8    Ladies and gentlemen, we know from John Barefield

9    that, if we didn't know before, that you build an

10   alibi by lying, by getting your friends and family

11   to come in, that's important when you lie.

12        You know, it's a mockery, it's an

13   absolute mockery.  A lie is nothing but a tool.

14   The truth has no independent value.  A lie is a

15   tool that gets yourself out of trouble.  Is this

16   Defendant above that?  Is Lahray Thompson above

17   that?  When he was arrested, I'm Julius, my name is

18   Julius.  His name isn't Julius, is it?  It's a

19   lie.

20        And he told you why he lied, because he

21   didn't want to be questioned about this offense.

22   And you know the playing thing is, in a matter of

23   seconds when he was arrested, he assembled a crowd

24   and he called to the crowd to verify that he was

25   Julius, say I'm Julius, I'm Julius.

CINCINNATI STENOGRAPHIC, INC.
Fairfield: 737-0880  Dayton: 228-6900  USA: (800) 569-7888

STATE OF OHIO                    :       CASE NO. CR83-12-0614

               Plaintiff     :       IN THE COURT OF COMMON PLEAS
                                         STATE OF OHIO, BUTLER COUNTY
vs.                              FILED in Common Pleas Court
                                 BUTLER COUNTY, OHIO
VON CLARK DAVIS                                    :     JURY WAIVER AND ELECTION OF
                                    MAY 8                THREE-JUDGE PANEL
                                 Defendant   1984 :

                                 EDWARD S. ROBB, JR.
          I, Von Clark Davis, defendant in the above cause, appearing in open

court this 8th day of May, 1984, with my attorneys, Michael D. Shanks and John A.

Garretson, do hereby voluntarily waive my right to trial by jury and elect to be

tried by a court to be composed of three judges, consisting of Judges Henry J.

Bruewer, William R. Stitsinger, and John R. Moser, all the same being the

elected judges of the General Division of the Court of Common Pleas of Butler

County who are engaged in the trial of criminal cases, pursuant to Ohio Revised

Code Section 2945.06.

          I am waiving said trial by jury, and making this election to be tried

by a court composed of three judges, with full knowledge of my right under the

Consitution of the United States and of Ohio to a trial by a jury consisting

of twelve jurors, whose verdict must be unanimous; with full knowledge of the

consequences of such waiver and election under the laws of the State of Ohio;

and without any compulsion, undue influence, promises or inducements of any

kind made to me by anyone.

          I further state that I have received the advice and counsel of my

attorneys, with which I am satisfied, and being fully advised by them do hereby

make this waiver and election of my own free will and accord.


                                        _____
                                              VON CLARK DAVIS

WITNESSES:

_____        ┌─────────────────────┐
MICHAEL D. SHANKS                       │     **EXHIBIT**     │
Attorney for Defendant                  │                     │
                                        │        O            │
                                        └─────────────────────┘