3/23/2015                                    CourtView Justice Solutions

## STATE OF OHIO VS VON CLARK DAVIS

| Case Type | COURT OF APPEALS | Action: | COURT APPEALS CR COMMON PLEAS DEFENDENT |
|---|---|---|---|
| Case Status: | Closed | Status Date: | 12/18/2012 |
| File Date: | 12/18/2012 | Case Judge: | 12th District, The Appellate Court Judges |
| DCM Track: | | Next Event: | |

**All Information**   Party   Docket   **Additional Fields**   Disposition   **Financial**

### Docket Information

| Date | Docket Text | Amount | Image Avail. |
|---|---|---|---|
| 12/18/2012 | FUNDS ON DEPOSIT FOR COURT COST. | | |
| 12/18/2012 | Legal aid fees pursuant to ORC 2303.210 (C). | $26.00 | |
| 12/18/2012 | NOTICE OF APPEAL FILED Complaint & Filing fee for each cause of action ORC 2303,20(A). | $25.00 | Image |
| 12/18/2012 | Clerk of Courts Computerization Fee pursuant to ORC 2303.201 (B)(1). | $10.00 | |
| 12/18/2012 | Court Computerization Fee pursuant to ORC 2303.201 (A)(1). | $3.00 | |
| 12/18/2012 | PRECIPE / REQUEST FILED | $0.00 | Image |
| 12/18/2012 | AFFIDAVIT OF INDIGENCY FILED | $0.00 | Image |
| 12/18/2012 | DOCKET STATEMENT FILED COPY TO COURT OF APPEALS | $1.00 | Image |
| 12/18/2012 | TRANSCRIPT OF DOCKET & JOURNAL ENTRIES FILED ORIGINAL PAPERS FILED | $4.00 | Image |
| 12/20/2012 | Issue Date: 12/20/2012<br>Service: CASE DOCKET SHEET<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $    5.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: GATTERDAM, KORT<br>CARPENTER LIPPS & LELAND LLP<br>280 PLAZA, SUITE 1300<br>280 NORTH HIGH STREET<br>COLUMBUS, OH  43215<br>Tracking No: 1000669255<br><br>STATE OF OHIO<br>c/o ATTY: GMOSER Prosecutor Butler Co, MICHAEL T<br>GOVERNMENT SERVICES CENTER<br>315 HIGH ST 11TH FLOOR<br>HAMILTON, OH  45011<br>Tracking No: 1000669256 | $10.00 | |
| 12/20/2012 | CASE DOCKET SHEET ISSUED.<br><br>CASE DOCKET SHEET<br>Sent on: 12/20/2012 09:59:57.90 | $1.00 | Image |
| 12/20/2012 | Issue Date: 12/20/2012<br>Service: NOTICE OF COMPLETE RECORD<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $    5.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: GATTERDAM, KORT<br>CARPENTER LIPPS & LELAND LLP<br>280 PLAZA, SUITE 1300 | $10.00 | |

3/23/2015                                    CourtView Justice Solutions

> 280 NORTH HIGH STREET
> COLUMBUS, OH 43215
> Tracking No: 1000669273
>
> STATE OF OHIO
> c/o ATTY: GMOSER Prosecutor Butler Co, MICHAEL T
> GOVERNMENT SERVICES CENTER
> 315 HIGH ST 11TH FLOOR
> HAMILTON, OH 45011
> Tracking No: 1000669274

| | | | |
|---|---|---|---|
| 12/20/2012 | RULE 11(B) NOTICE OF COMPLETE RECORD TO ATTORNEYS AND PARTIES ISSUED.<br><br>COMPLETE RECORD OF COURT OF APPEALS<br>Sent on: 12/20/2012 10:22:02.30 | $2.00 | Image |
| 12/20/2012 | NOTICE | $0.00 | |
| 01/07/2013 | SCHEDULING ORDER FILED RINGLAND, J | $2.00 | Image |
| 01/07/2013 | NOTICE OR REQUIREMENTS OF LOC.R.12 (A) | $2.00 | Image |
| 01/09/2013 | Issue Date: 01/09/2013<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $    5.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: GATTERDAM, KORT<br>CARPENTER LIPPS & LELAND LLP<br>280 PLAZA, SUITE 1300<br>280 NORTH HIGH STREET<br>COLUMBUS, OH 43215<br>Tracking No: 1000671990<br><br>STATE OF OHIO<br>c/o ATTY: GMOSER Prosecutor Butler Co, MICHAEL T<br>GOVERNMENT SERVICES CENTER<br>315 HIGH ST 11TH FLOOR<br>HAMILTON, OH 45011<br>Tracking No: 1000671991 | $10.00 | |
| 01/09/2013 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 01/09/2013 10:42:50.54 | $1.00 | Image |
| 01/18/2013 | AFFIDAVIT OF INDIGENCY W/CERTIFICATE OF INDIGENCY FILED | $0.00 | Image |
| 02/14/2013 | APPELLANTS MOTION FOR LEAVE TO FILE OVERSIZED BRIEF FILED (FAX)<br>Attorney: GATTERDAM, KORT (0040434) | $0.00 | Image |
| 02/19/2013 | BRIEF OF APPELLANT VON CLARK DAVIS FILED (FAX) (ORG RECVD 2-21-13) | $0.00 | Image |
| 02/21/2013 | REQUEST FOR ORAL ARGUMENT FILED | $0.00 | Image |
| 03/19/2013 | ENTRY GRANTING MOTION TO EXCEED PAGE LIMITATION FOR APPELLANTS BRIEF<br>FILED RINGLAND, J | $2.00 | Image |
| 03/21/2013 | Issue Date: 03/21/2013<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $    5.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: GATTERDAM, KORT<br>CARPENTER LIPPS & LELAND LLP<br>280 PLAZA, SUITE 1300<br>280 NORTH HIGH STREET<br>COLUMBUS, OH 43215<br>Tracking No: 1000682322 | $10.00 | |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6620

3/23/2015 CourtView Justice Solutions

STATE OF OHIO
c/o ATTY: GMOSER Prosecutor Butler Co, MICHAEL T
GOVERNMENT SERVICES CENTER
315 HIGH ST 11TH FLOOR
HAMILTON, OH 45011
Tracking No: 1000682323

| Date | Description | Cost | |
|---|---|---|---|
| 03/21/2013 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 03/21/2013 13:28:48.40 | $1.00 | Image |
| 03/28/2013 | MOTION FOR EXTENSION OF TIME TO FILE APPELLEE'S BRIEF FILED<br>Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 04/03/2013 | BRIEF OF APPELLEE FILED | $0.00 | Image |
| 04/03/2013 | MOTION TO EXCEED PAGE LIMITAION FILED<br>Attorney: OSTER Junior, MICHAEL A (0076491) | $0.00 | Image |
| 04/04/2013 | ENTRY GRANTING MOTION FOR EXTENSION OF TIME TO FILE APPELLEES BRIEF FILED BENNETT A. MANNING | $2.00 | Image |
| 04/08/2013 | ENTRY GRANTING MOTION TO EXCEED PAGE LIMITATION FOR APPELLEES BRIEF FILED BENNETT A. MANNING | $2.00 | Image |
| 04/10/2013 | Issue Date: 04/10/2013<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $   5.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: GATTERDAM, KORT<br>CARPENTER LIPPS & LELAND LLP<br>280 PLAZA, SUITE 1300<br>280 NORTH HIGH STREET<br>COLUMBUS, OH 43215<br>Tracking No: 1000685064<br><br>STATE OF OHIO<br>c/o ATTY: GMOSER Prosecutor Butler Co, MICHAEL T<br>GOVERNMENT SERVICES CENTER<br>315 HIGH ST 11TH FLOOR<br>HAMILTON, OH 45011<br>Tracking No: 1000685065 | $10.00 | |
| 04/10/2013 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 04/10/2013 14:09:33.11 | $1.00 | Image |
| 04/10/2013 | Issue Date: 04/10/2013<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $   5.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: GATTERDAM, KORT<br>CARPENTER LIPPS & LELAND LLP<br>280 PLAZA, SUITE 1300<br>280 NORTH HIGH STREET<br>COLUMBUS, OH 43215<br>Tracking No: 1000685107<br><br>STATE OF OHIO<br>c/o ATTY: GMOSER Prosecutor Butler Co, MICHAEL T<br>GOVERNMENT SERVICES CENTER<br>315 HIGH ST 11TH FLOOR<br>HAMILTON, OH 45011 | $10.00 | |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6621

3/23/2015                                    CourtView Justice Solutions

Tracking No: 1000685108

| Date | Description | Amount | |
|------|-------------|--------|---|
| 04/10/2013 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 04/10/2013 14:29:23.12 | $1.00 | Image |
| 04/15/2013 | REPLY BRIEF OF APPELLANT FILED (FAX) (ORG FILED 4-17-13) | $0.00 | Image |
| 04/17/2013 | DEFT-APPLT MOTION TO CONTINUE ORAL ARGUMENT FILED (FAX)<br>Attorney: GATTERDAM, KORT (0040434) | $0.00 | Image |
| 04/25/2013 | ENTRY GRANTING MOTION FOR CONTINUANCE OF ORAL ARGUMENT FILED<br>BENNETT A. MANNING | $2.00 | Image |
| 04/29/2013 | Issue Date: 04/29/2013<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $      5.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: GATTERDAM, KORT<br>CARPENTER LIPPS & LELAND LLP<br>280 PLAZA, SUITE 1300<br>280 NORTH HIGH STREET<br>COLUMBUS, OH  43215<br>Tracking No: 1000687642<br><br>STATE OF OHIO<br>c/o ATTY: GMOSER Prosecutor Butler Co, MICHAEL T<br>GOVERNMENT SERVICES CENTER<br>315 HIGH ST 11TH FLOOR<br>HAMILTON, OH  45011<br>Tracking No: 1000687643 | $10.00 | |
| 04/29/2013 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED.<br><br>COURT OF APPEALS COPY ISSUED<br>Sent on: 04/29/2013 12:37:18.76 | $1.00 | Image |
| 07/23/2013 | ALL PAPERS SENT TO COURT OF APPEALS (PER JUDY) | $0.00 | |
| 09/09/2013 | MEMORANDUM DECISION ENTRY OF JUDGMENT-AFFIRMING FILED HENDRICKSON, POWELL, RINGLAND, J | $2.00 | Image |
| 09/09/2013 | MANDATE issued-trial ct. COPIES ISSUED TO ATTORNEY OF RECORD BY REGULAR MAIL | $2.00 | |
| 09/09/2013 | COSTS TO BE TAXED IN COMPLIANCE | $0.00 | |
| 09/18/2013 | Issue Date: 09/18/2013<br>Service: COURT OF APPEALS COPY<br>Method: SERVICE BY ORDINARY MAIL<br>Cost Per: $      5.00<br><br>DAVIS, VON CLARK<br>c/o ATTY: GATTERDAM, KORT<br>CARPENTER LIPPS & LELAND LLP<br>280 PLAZA, SUITE 1300<br>280 NORTH HIGH STREET<br>COLUMBUS, OH  43215<br>Tracking No: 1000706130<br><br>STATE OF OHIO<br>c/o ATTY: GMOSER Prosecutor Butler Co, MICHAEL T<br>GOVERNMENT SERVICES CENTER<br>315 HIGH ST 11TH FLOOR<br>HAMILTON, OH  45011<br>Tracking No: 1000706131 | $10.00 | |
| 09/18/2013 | COPIES TO ATTORNEYS AND/OR PARTIES OF RECORD ISSUED. | $1.00 | Image |

VON CLARK DAVIS v. WARDEN<br>CASE NO. 2:16-cv-00495<br>APPENDIX - Page 6622

3/23/2015                                    CourtView Justice Solutions

COURT OF APPEALS COPY ISSUED
Sent on: 09/18/2013 13:47:29.02

10/28/2013  NOTICE OF SUPREME COURT APPEAL SC 2013 10 0042 FILED              $0.00        Image

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6623

CA 12 12 0258

**IN THE COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

2012 DEC 18

MARY L. SWAIN
CLERK OF COURTS

STATE OF OHIO,                    :        Case No. CR-1983-12-0614

    Plaintiff-Appellee,          :        **Judge Nastoff**

        v.                          :        FILED BUTLER CO.
                                            COURT OF COMMON PLEAS
**VON CLARK DAVIS,**              :        DEC 18 2012        **CAPITAL CASE**

    Defendant-Appellant.         :        MARY L. SWAIN
                                            CLERK OF COURTS

FILED BUTLER CO.
COURT OF APPEALS

DEC 18 2012

MARY L. SWAIN
CLERK OF COURTS

_____

**NOTICE OF APPEAL**

_____

      Notice is hereby given that Defendant-Appellant, Von Clark Davis, hereby appeals to the

Twelfth District Court of Appeals for Butler County, Ohio, from the Entry and Order Dismissing

Petition for Postconviction Relief and Denying Motion for Leave to Conduct Discovery entered

in this action on November 26, 2012, attached hereto.

                      Respectfully submitted,

                      _____

                      Kort Gatterdam (0040434)
                      Erik P. Henry (0085155)
                      CARPENTER LIPPS & LELAND LLP
                      280 Plaza, Suite 1300
                      280 North High Street
                      Columbus, Ohio 43215
                      Telephone:  (614) 365-4100
                      Facsimile: (614) 365-9145
                      E-mail:    gatterdam@carpenterlipps.com
                                        henry@carpenterlipps.com

                      Counsel for Defendant-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of Appeal was forwarded by first-class, postage prepaid U.S. Mail to Donald R. Caster, Assistant Butler County Prosecuting Attorney, 315 High Street, 11th Floor, Hamilton, Ohio 45011, on this 7th day of December, 2012.

Kort Gatterdam

050-384-337084

2

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6625

BUTLER CCOURT OF COMMON PLEAS
CLERK OF COBUTLER COUNTY, OHIO

| | | |
|---|---|---|
| **STATE OF OHIO,** | * | **Case Number: CR1983 12 0614** |
| | * | |
| **Plaintiff,** | * | **Judge Andrew Nastoff** |
| | * | |
| **vs.** | * | **ENTRY AND ORDER** |
| | * | **DISMISSING PETITION FOR** |
| **VON CLARK DAVIS,** | * | **POSTCONVICTION RELIEF** |
| | * | **AND DENYING MOTION FOR** |
| **Defendant.** | * | **LEAVE TO CONDUCT** |
| | * | **DISCOVERY** |
| | * | |
| | * | **FINAL APPEALABLE ORDER** |

* * * * * * * * * * * * * * * * * * *

This matter is before the Court on a petition for postconviction relief and a motion for leave to conduct discovery filed by Defendant-Petitioner Von Clark Davis ("Davis"). For the reasons that follow, the Court dismisses the petition and denies the motion.

On remand from the Sixth Circuit Court of Appeals, this Court granted Davis a new sentencing hearing for his 1984 conviction for the aggravated murder of Suzette Butler while on parole for the 1970 fatal stabbing of his wife, Ernestine. Pursuant to R.C. 2929.03 and R.C. 2929.04, a three-judge panel presided over the resentencing hearing from September 8, 2009 through September 10, 2009, to determine whether the single aggravating circumstance in this case outweighed the mitigating factors beyond a reasonable doubt. The aggravating circumstance weighed against the mitigating factors was as follows: that prior to the offense at bar, the offender was convicted of an offense an essential element of which was the purposeful killing of another. R.C. 2929.04(A)(5). At the conclusion of the hearing, the

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

1

panel re-sentenced Davis to death. Davis now petitions the Court to set aside or vacate his sentence pursuant to R.C. 2953.21. The state moves to dismiss Davis' petition or, in the alternative, moves for summary judgment.

Ohio's postconviction relief statute, R.C. 2953.21, provides, in part:

> (A)(1)(a) Any person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States . . . may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

> * * *

> (C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

> * * *

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

2

(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.

"[T]he trial court is not required to conduct a hearing when a petition for postconviction relief is filed." *State v. Ramos,* 11th Dist. No. 2007-G-2794, 2008-Ohio3738, at ¶ 28, citing *State v. Allen* (1994), 11th Dist. No. 93-L-123, 1994 WL 590342. "As the court in the *State v. Jackson* case stated, 'the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavit and the files and records of this cause.'" *State v. Scheidel,* 11th Dist. No.2004-A-0055, 2006-Ohio-198, at ¶ 11, quoting *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819. Regarding this inquiry, this court has held:

"For purposes of determining whether there are substantive grounds for postconviction relief that would warrant a hearing, it is generally accepted that affidavits presented in support of the petition should be accepted as true. . . . However, conclusory or self-serving affidavits presented by the petitioner in support of his claims, without more, will not satisfy the petitioner's evidentiary burden." *State v. Pierce* (1998), 127 Ohio App.3d 578, 586, 713 N.E.2d 498. (Internal citations omitted.)

Davis raises a total of nine claims for relief.

I.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

3

In his first claim for relief, Davis asserts trial counsel were ineffective for failing to adequately investigate and present mitigating evidence concerning his favorable prison record.

The Supreme Court of Ohio adopted the following test to determine if counsel's performance is ineffective: "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus, adopting the test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Moreover, " 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed.' " *Id.* at 143, quoting *Strickland*, 466 U.S. at 697.

Davis asserts trial counsel should have asked him for the names of prison personnel to interview and subpoena to testify as mitigation witnesses during the penalty phase. Davis claims that his attorneys failed to present evidence of his "job reviews, achievements or good conduct." Davis argues that such testimony would have established his reputation for following rules, behaving, and working hard while incarcerated. Davis further argues that prison personnel would have demonstrated that he was a trusted and model inmate who was

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

4

granted a wide latitude of freedom. Davis supports his claim with the affidavit of Diane Menashe, a veteran criminal defense attorney with appreciable experience defending capital murder cases. According to Menashe, trial counsel's failure to attempt to contact Oscar McGraw, a death row unit manager, Herb Wendler, a case manager, and Sergeant Gordy Pullman was deficient. The original three-judge panel's refusal to allow Davis to present McGraw's, Wendler's, and Pullman's testimony concerning his post-sentence prison behavior served as the basis for the Sixth Circuit's decision remanding this case for a third sentencing hearing. The Sixth Circuit noted that testimony from McGraw, Wendler, and Pullman would have established that Davis was well-behaved, had a pleasant personality, and had been placed in positions of trust within his death row unit.

At the re-sentencing hearing, Scott Nowak, Davis' case manager, testified that he behaved well in prison and held a position on death row's "extended privilege unit" or "honor block." Through Nowak, trial counsel introduced an institutional summary of Davis' work history and program participation. According to the summary, Davis has been employed in five different capacities while incarcerated, most recently as a porter for the Ohio State Penitentiary. The summary further indicated that Davis completed programs in stress management, positive thinking, and anger management, attended Alcoholics Anonymous meetings, and meetings for military veterans. The summary noted that Davis was involved in only one instance of misconduct since his 1984 incarceration. That incident occurred in 1990. Jerome Stineman, a volunteer who conducted Alcoholics Anonymous

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

5

meetings with death row inmates, including Davis, testified that Davis regularly attended and actively participated in meetings.

McGraw, Wendler, Pullman, and other unnamed prison personnel that Davis sought to have testify on his behalf would have provided testimony centering on Davis' work ethic, good attitude, good behavior, and trustworthiness. Their testimony would have been cumulative. The summary of Davis' work history showed that he was a strong and trusted employee. The summary of Davis' program participation revealed the positive attitude of a man who made legitimate attempts to better himself while incarcerated. The fact that Davis received one warning for a rule infraction since 1984 and his admittance to the prison's extended privilege unit was evidence that he was well-behaved. Thus, through Nowak, Stineman, and the institutional summary, trial counsel presented evidence regarding all of the topics that the proposed witnesses would have testified to. Trial counsel's performance was not deficient for failing to call these additional witnesses. For the same reasons, Davis has failed to establish that he was prejudiced by trial counsels' failure to call these witnesses.

## II.

In his second claim for relief, Davis asserts trial counsel were ineffective for presenting a summary of his prison unit file to the three-judge panel instead of the entire unit file. Davis supports his argument with the affidavit of Diane Menashe. According to Menashe, counsel's decision to introduce a summary of the unit file was deficient.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

6

"[T]rial strategy decisions should not be second-guessed and . . . ' "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." ' " *State v. Ogletree*, 11th Dist. No. 2005-P-0040, 2006-Ohio-6107, ¶ 64, quoting *State v. Mason*, 82 Ohio St.3d at 157-158, 694 N.E.2d 932, quoting *Strickland*, 466 U.S. at 689.

This Court granted trial counsel access to Davis' entire unit file in discovery. The unit file includes certificates of completion for a stress management seminar, positive job evaluations, favorable school records and reports, a GED certificate, and college transcripts. During the penalty phase, trial counsel chose to introduce a two-page institutional summary of the unit file that, as noted above, listed Davis' work history, program participation history, and incident report history. The summary conveyed the substance of the unit file, namely, that Davis was a well-behaved, hard working prisoner who took advantage of the self-help and education opportunities available to him in prison. Trial counsel's performance was not deficient as a result of their strategic decision to distill the mitigating aspects of the unit file into a summary. Additionally, Davis has failed to establish that he was prejudiced by trial counsels' failure to introduce his entire unit file.

### III.

In his third claim for relief, Davis asserts trial counsel were ineffective in their preparation and strategy to call Cynthia Mausser as a mitigation witness. Davis argues that counsel provided ineffective assistance by representing to the panel during opening

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

7

statements that Mausser would testify that Davis would never be paroled if given a sentence less than death. Mausser did not so testify. Davis also claims that counsel were ineffective for failing to examine Mausser on re-direct when she attempted to correct her previous testimony. Davis supports his claim with the affidavit of Diane Menashe, who states that it was unreasonable to call Mausser as a witness because she harmed Davis' case. Davis also supports the claim with the affidavit of Mausser, who testifies that trial counsel did not provide her with sufficient information to allow her to determine whether she would ever vote to parole Davis. Mausser also states that she attempted to clarify previous testimony while on the witness stand. According to Mausser, if defense counsel would have asked her what she sought to clarify, she would have informed the panel that as a member of the Ohio Parole Board she participated in a parole hearing in which the defendant had been convicted of a death penalty specification, but received a life sentence.

During the penalty phase, Mausser, Chairperson of the Ohio Parole Board, described the Parole Board's various policies and procedures. Mausser testified that it was "unlikely" Davis would be paroled at the first opportunity and would "likely" spend a substantial portion of his remaining adult life in prison. Mausser did not state with any certainty if or when Davis might be paroled if the Court imposed a sentence less than death. Mausser testified that if Davis became parole-eligible, he would be considered for parole at intervals ranging from one to ten years for the rest of his life.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

8

Because Davis could have addressed trial counsels' decision to call Mausser as a witness in his direct appeal, the issue is barred by the doctrine of *res judicata*. "Under the doctrine of *res judicata*, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Reynolds*, 5th Dist. No. 09-CA-13, 2009-Ohio-3998, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104.

Even if *res judicata* did not bar his claim, Davis has failed to show that he was prejudiced by Mausser's testimony. While Davis characterizes Mausser's testimony as damaging, the reality is that she gave testimony that was potentially valuable as mitigation. Her testimony assured the panel that if it imposed a life sentence, Davis was unlikely to be paroled for a significant period of time. Trial counsels' decision to offer the evidence was a trial strategy that cannot be criticized and was not deficient under *Strickland*. Certainly, it would have been desirable for defense counsel to avoid contradicting its opening statement. However, Davis suffered no prejudice as a result, as there is nothing to suggest that counsels' failure to deliver a promise offered during opening statement influenced the panel's decision to impose death.

Likewise, trial counsel were not deficient for failing to provide Mausser with Davis' entire unit file, or by failing to have her correct her testimony on the witness stand. In each

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

9

instance, had trial counsel done what Davis claims they should have, Mausser, at best, could have presented the panel with a more clear indication of whether she would vote to parole Davis. However, as Mausser testified, a majority of the Parole Board would be required to vote in favor of paroling Davis, meaning her vote would not necessarily be indicative of the Board's ultimate determination. On the question of whether Davis would ever be paroled if given a sentence less than death, the panel found Mausser's testimony to be highly speculative and entitled to no weight. Providing the panel with a clearer picture of how Mausser would vote when her vote is not determinative would not change the speculative nature of her testimony.

Trial counsels' performance was not deficient in their preparation or strategy to call Mausser as a witness. Davis additionally failed to establish that he was prejudiced by trial counsels' performance.

### IV.

In his fourth claim for relief, Davis asserts trial counsel were ineffective for calling clinical psychologist Dr. Robert Smith. Davis claims that Dr. Smith's testimony was harmful to his cause, as it left the three-judge panel "with the impression that due to [his] borderline personality disorder, if [he] were ever released from prison, and no longer in a structured environment, he could kill again." Davis further argues that counsel's line of questioning to Dr. Smith unnecessarily focused on his state of mental health as it existed in 1984. Davis states that counsel should have tailored questions to Dr. Smith to allow him to address Davis'

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

10

present ability to adapt in society even while suffering from a borderline personality disorder. Davis supports this argument with Dr. Smith's affidavit. According to Dr. Smith, if trial counsel had informed him that Davis' parole was at issue, he would have testified that Davis had developed coping strategies and learned to accept external rules and expectations with respect to his behavior. Dr. Smith further states that he could have explained to the three-judge panel that the parole process would provide sufficient structure to allow Davis to successfully re-enter society.

At the penalty phase, Dr. Smith testified with respect to Davis' social history. Dr. Smith recounted interviews conducted with Davis' family members and reviewed interview summaries of other individuals familiar with Davis, as well as psychological evaluations of Davis performed between 1964 and 2002. Dr. Smith testified that after conducting the interviews and reviewing the summaries and evaluations, he met with Davis twice. Each visit lasted approximately five to six hours. Dr. Smith testified that the aforementioned interviews and evaluations, in the aggregate, provided a sufficiently "rounded" and "longitudinal" picture of Davis for purposes of rendering a diagnosis.

Dr. Smith found that at the time of the offense at bar, Davis suffered from borderline personality disorder and alcohol dependence. Dr. Smith found that Davis suffers from these co-occurring disorders to this day. In Dr. Smith's opinion, a biological component exists with respect to the borderline personality disorder. It is Dr. Smith's belief that Davis' borderline personality disorder formed in early adolescence when Davis' dysfunctional

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

11

childhood environment and the biological component coalesced. Dr. Smith testified that his diagnosis does not excuse or justify Davis' actions in killing Suzette Butler, but offers some explanation as to how or why the killing occurred. Dr. Smith testified that Davis' good behavior while in prison was not surprising, given that individuals with borderline personality disorder function well in a highly structured environment such as prison.

Davis' borderline personality disorder and substance abuse problems were relevant mitigating factors for defense counsel to advance during the penalty phase. *State v. Newton*, 108 Ohio St.3d 13, 2006-Ohio-81, ¶ 120. Trial counsels' examination of Dr. Smith, as well as their examination of Davis' family members and friends show that they chose to pursue an "unbonded child" theory of mitigation. In other words, counsel chose to argue that Davis was raised in a dysfunctional family to explain why he was driven to commit multiple murders at a relatively young age. Hindsight cannot affect the evaluation of trial counsels' performance. Simply because trial counsels' approach turned out to be unsuccessful does not mean that they provided ineffective assistance of counsel. Trial counsels' approach presented the trial court with valuable mitigation and did not deprive Davis of the effective assistance of counsel.

Furthermore, had trial counsel asked Dr. Smith to provide an opinion as to Davis' ability to adapt to society if released, his testimony would have been largely cumulative. The panel heard testimony from Scott Nowak, Jerome Stineman, and pen pal Francis Welland and admitted the aforementioned institutional summary as an exhibit. That evidence showed

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

12

that Davis adapted and adjusted well to a structured environment and had learned to control his behavior.

For the reasons stated, trial counsels' performance was not deficient as a result of their strategic decision to emphasize Davis' borderline personality disorder in mitigation and to refrain from eliciting an opinion from Dr. Smith concerning Davis' ability to adapt to society if released on parole. Davis additionally failed to establish that he was prejudiced by trial counsels' strategic decisions.

**V.**

Davis' fifth claim for relief asserts trial counsel were ineffective for failing to call mitigation specialist / investigator John Lee as a mitigation witness. Davis submits that Lee would have presented summaries of interviews conducted with mitigation witnesses who were unavailable for the re-sentencing hearing. Davis supports his claim with the interview summaries of Elizabeth Crawford, Charles Flowers, Milton Flowers, and Fannie Whiteside.

Elizabeth Crawford is Davis' paternal aunt. When interviewed, Crawford stated that Davis' parents consumed alcohol regularly and fought frequently. Crawford also recounted that Davis' father abandoned his wife and children and moved to Washington D.C. Crawford recalled Davis being a quiet child who did not present behavioral issues.

Charles Flowers grew up in Hamilton, Ohio with Davis' parents. During his interview, Flowers stated that Davis' mother, Alluster, was "wild" and was raised in a household with questionable morals. According to Flowers, Davis' parents fought

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

13

frequently. Flowers noted that Davis had no male role model as a child and believed Davis grew "to hate women because he was always being whipped by one, be it his mother or one of his female relatives."

Milton Flowers lived next door to Davis' mother's family in Hamilton, Ohio. Flowers stated that Alluster had a violent temper. Flowers further stated that as a child, Davis received little care from his parents. Flowers noted that Davis was a small child with a violent temper that was the likely product of his dysfunctional home life.

Fannie Whiteside, Davis' maternal aunt, offered "very little of significance" during her interview, according to the summary. Whiteside had no recollection of Davis as a child or adult, but recalled Alluster being a poor parent that was involved with several different men.

During the penalty phase, defense counsel presented a number of mitigation witnesses, including Davis' mother (Alluster Tipton), step-father (Charles Tipton), younger sister (Carol Smith), younger brother (Victor Davis), daughter (Sherry Davis), and two friends (Rick Rotundo and Fran Welland). The testimony of those witnesses, coupled with the testimony of Dr. Robert Smith, painted a complete picture of Davis' upbringing, as well as Davis' parents' upbringing. Thus, in light of the evidence presented, summaries of the interviews conducted by John Lee with Elizabeth Crawford, Charles Flowers, Milton Flowers, and Fannie Whiteside would have been cumulative. Trial counsels' performance

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

14

was not deficient for failing to call John Lee as a witness. For the same reasons, Davis has failed to establish that he was prejudiced by trial counsels' failure to call John Lee.

## VI.

In his sixth ground for relief, Davis assert trial counsel were ineffective for failing to seek the recusal of Judge Andrew Nastoff. At the penalty phase, trial counsel were aware that Judge Nastoff previously prosecuted Davis' nephew, Lahray Thompson, for aggravated murder and sought the death penalty. Trial counsel indicated on the record that they were aware of Judge Nastoff's participation in Thompson's prosecution, but chose not to seek recusal. Davis supports this claim with his affidavit, in which he testifies that upon learning that Judge Nastoff was involved in the Thompson prosecution, he was "too shocked" to request a recusal at the re-sentencing hearing. Davis did not raise this claim in his direct appeal.

"To overcome the *res judicata* bar, evidence offered *dehors* the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record." *State v. Lawson* (1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362. Davis has failed to offer evidence suggesting that he was unable to raise this claim on direct appeal. Because he could have done so, it is barred by *res judicata*.

## VII.

In his seventh ground for relief, Davis asserts trial counsel were ineffective for suggesting to him that he was eligible for a sentence of life imprisonment without the

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

15

possibility of parole. The only evidence submitted by appellant that supports this ineffective

assistance of counsel claim is his own affidavit in which he makes self-serving statements in

an attempt to disparage trial counsels' performance. This Court discounts Davis'

self-serving affidavit and finds that it is insufficient to justify granting his petition for

postconviction relief on this claim. *State v. Hoop*, 12th Dist. No. CA2004-02-003,

2005-Ohio-1407, ¶ 11; *State v. Isbell*, 12th Dist. No. CA2003-06-152, 2004-Ohio-2300, ¶ 14.

Furthermore, even if trial counsel erroneously advised Davis that the three-judge panel could

impose a sentence of life imprisonment without the possibility of parole. he has failed to

show that he was prejudiced by that advice.

### VIII.

In his eighth ground for relief, Davis asserts that in 1984, his original trial counsel

were ineffective for failing to advise him of all collateral consequences of a jury waiver. The

Twelfth District Court of Appeals recently held that Davis' "habitual challenges" to his jury

waiver are barred by *res judicata*. *Davis v. Coyle*, 12th Dist. No. CA2009-10-263,

2011-Ohio-787, ¶ 16-17. The court noted that Davis' jury waiver was made knowingly,

voluntarily, and intelligently and that he could have, but failed to, directly challenge his jury

waiver in his earliest appeals. *Id.* at ¶ 20, 28. This Court likewise finds that because Davis

could have directly appealed the validity of his jury waiver, his claim is barred by *res*

*judicata*.

### IX.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

16

In his ninth ground for relief, Davis contends that Ohio's post-conviction procedures are unconstitutional because they do not provide an adequate corrective process. The Court notes that the Tenth Appellate District and "other Ohio appellate courts have rejected [the] claim that Ohio's postconviction relief statute does not afford an adequate corrective process." *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, at ¶ 75.

Davis argues that R.C. 2953.21 is not an adequate corrective process because it does not afford him the benefit of the discovery process. In rejecting a similar argument, the Third Appellate District has held that R.C. 2953.21 is a civil attack on a judgment and, thus, the petitioner is entitled only to those rights that are granted by the statute. *State v. Yarbrough* (2001), 3rd Dist. No. 17-2000-10, 2001 WL 454683, citing *State v. Calhoun*, 86 Ohio St.3d at 281, 714 N.E.2d 905. Further, the Third District noted that statutes have a strong presumption of constitutionality. *Id.* at * 11. Finally, the Third District held:

> "We cannot say that the failure to afford a postconviction relief petitioner discovery during the initial proceeding to determine whether an evidentiary hearing is warranted renders the postconviction relief process unconstitutional. Ohio case law has affirmatively established that the lack of discovery during the initial stages of the postconviction process does not violate any constitutional rights of the postconviction relief petitioner." *Id.* at * 11.

In light of the foregoing analysis, the Court concludes that Ohio's postconviction relief statute is constitutional and rejects Davis claim that it does not offer an adequate corrective process.

Additionally, a postconviction claim must be based on a constitutional deprivation

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

17

that occurred during the proceedings resulting in the petitioner's conviction. *State v. Fitzpatrick*, 1st Dist. No. C-030804, 2004-Ohio-5615. Because Davis' argument attacking the constitutionality of R.C. 2953.21 is in no way related to the events of his re-sentencing hearing, it is not appropriate for the Court to consider.

Having found that Davis failed to establish substantive grounds for postconviction relief, his petition is **DISMISSED**. Davis is consequently not entitled to a hearing on his petition, nor is he entitled to conduct discovery in this matter. Davis' motion for leave to conduct discovery is therefore **DENIED**.

This is a final appealable order. There is no just cause for delay. Civ.R 54(B).

**SO ORDERED.**

ENTER,

Andrew Nastoff, Judge

cc:

Donald R. Caster
Assistant Prosecuting Attorney
315 High Street, 11th Floor
Hamilton, OH 45011

Kort Gatterdam
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

18

FILED

2012 DEC 18  AM 10:33

MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURT

**IN THE COURT OF COMMON PLEAS**
**BUTLER COUNTY, OHIO**

CA 12 12 0258

STATE OF OHIO                              :        **Case No. CR-1983-12-0614**

    **Plaintiff-Appellee,**              :        **Judge Nastoff**

    **v.**                                         :

**VON CLARK DAVIS,**                    :        **CAPITAL CASE**

    **Defendant-Appellant.**           :

FILED BUTLER CO.
COURT OF APPEALS

DEC 18 2012

MARY L. SWAIN
CLERK OF COURTS

---

## STATEMENT, PRAECIPE, AND NOTICE TO COURT REPORTER

---

**TO THE APPELLEE:**

    Defendant-Appellant Von Clark Davis hereby states that he intends to include in the record a complete transcript of all the proceedings including the 1984 trial and sentencing proceedings, 1989 resentencing proceedings, and 2007–2009 resentencing proceedings.

**TO THE CLERK:**

    Please immediately prepare and assemble the original papers and exhibits filed in the trial court and a certified copy of the docket and journal entries.  This should include, but is not limited to, the 1984 trial and sentencing proceedings, 1989 resentencing proceedings, 2007–2009 resentencing proceedings, and 2011–2012 postconviction proceedings.  Because the transcript for the 1984, 1989, and 2007–2009 proceedings have previously been prepared and filed, and because no hearings took place during the 2011–2012 postconviction proceedings, please transmit the documents prepared and assembled by you and the complete transcript of proceedings to the clerk of the Court of Appeals for filing as the record on appeal within 40 days after the filing of the notice of appeal as prescribed by the Ohio Rules of Appellate Procedure.

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6644

**TO THE COURT REPORTER:**

Because the transcript for the 1984, 1989, and 2007–2009 proceedings have previously been prepared and filed, there is no new request for a transcript at this time.

Respectfully submitted,

Kort Gatterdam (0040434)
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail:    gatterdam@carpenterlipps.com
           henry@carpenterlipps.com

Counsel for Defendant-Appellant

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that an exact copy of the foregoing Statement, Praecipe, and Notice to Court Reporter was forwarded by first-class, postage prepaid U.S. Mail to Donald R. Caster, Assistant Butler County Prosecuting Attorney, 315 High Street, 11th Floor, Hamilton, Ohio 45011, on this 17th day of December, 2012.

Kort Gatterdam

050-384-337108

2

IN THE COURT OF COMMON PLEAS   CA 12 12 0258
BUTLER COUNTY, OHIO

2012 DEC 18 AM 10:07

STATE OF OHIO,                                  :        Case No. CR-1983-12-0614
MARY L. SWAIN
BUTLER COUNTY
Plaintiff-Appellee,     CLERK OF COURTS   :        Judge Nastoff

        v.                    FILED BUTLER CO.
                              COURT OF APPEALS
VON CLARK DAVIS,                              :        CAPITAL CASE
                              DEC 18 2012
Defendant-Appellant.                          :
                              MARY L. SWAIN
                              CLERK OF COURTS

---

### NOTICE REGARDING AFFIDAVIT AND CERTIFICATE OF INDIGENCY

---

Pursuant to Local App. Rule 2(A), attached please find the Affidavit of Indigency and Certificate of Indigency previously submitted by Defendant-Appellant in October, 2009. Defendant-Appellant's financial status has not changed as he has remained incarcerated since these last filings. To ensure Defendant-Appellant's appeal from the denial of his postconviction petition is timely filed, counsel submits the 2009 Affidavit and Certificate, and will provide a current Affidavit and Certificate as soon as possible.

Respectfully submitted,

Kort Gatterdam (0040434)
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail:    gatterdam@carpenterlipps.com
           henry@carpenterlipps.com

Counsel for Defendant-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice Regarding Affidavit and Certificate of Indigency was forwarded by first-class, postage prepaid U.S. Mail to Donald R. Caster, Assistant Butler County Prosecuting Attorney, 315 High Street, 11th Floor, Hamilton, Ohio 45011, on this _17_ day of December, 2012.

Kort Gatterdam

050-384-337364

2

CA 09 10 0263

2009 OCT 20 PH 2:6

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO
CLE... OF COURTS

STATE OF OHIO,              :

    Plaintiff          :

-vs-                       :     CASE No. CR 1982 12-0614

VON CLARK DAVIS             :

    Defendant.         :

## AFFIDAVIT OF INDIGENCY

    I, Von Clark Davis, do solemnly swear that I have no means of financial support and no assets of any value and, therefore, cannot afford to pay for any legal services, fees, or costs on my behalf in the above-styled case. I am presently incarcerated at the Ohio State Penitentiary, and that I have $ 16.00 income per month. Other than the funds in my prison account, which is attached hereto, I owned no other cash or things of value.

                      Vn C Davis #179828

VON CLARK DAVIS
#179-828
Ohio State Penitentiary
878 Coitsville-Hubbard Road
Youngstown, Ohio 44505-4635

Sworn and subscribed in my presence this the 19th day of October 2009.

                    Scott Nowak

NOTARY PUBLIC
Expires: March 27, 2010

CA 09 10 0763

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

STATE OF OHIO,

    Plaintiff,         :    Case No. CR 1982 12-0614

vs.               :    Judge Daniel Andrew Nastoff
                        Judge Charles Pater
VON CLARK DAVIS,    :    Judge Keith M. Spaeth

    Defendant.      : 

---

## CERTIFICATE OF INDIGENCY

    Now comes Scott Nourk, Case Manager, pursuant to Local App. Rule 2(A), and hereby certifies that on the 20th day of October, 2009, that Von Clark Davis has $212.72 dollars available in his account.

                      Respectfully submitted,

                      CASE MANAGER

10/20/2009

**Ohio State Penitentiary**

**Inmate Demand Statement (Summary)**

Inmate Name:  DAVIS, VON C                                    Number: A179828

Lock Location:  OSP,D,6,,,27

Date Range: 04/20/2009  Through          10/21/2009

Beginning Account Balances:                    Ending Account Balances:

|  | Saving | Debt | Payable |  | Saving | Debt | Payable |
|---|---|---|---|---|---|---|---|
| Pos Exemption | $0.85 | $0.00 | $0.00 | Pos Exemption | $0.00 | $0.00 | $0.00 |
| Inmate's Person | $174.05 | $0.00 | $0.00 | Inmate's Personal A | $212.92 | $0.00 | $0.00 |
| **Begin Totals** | **$174.90** | **$0.00** | **$0.00** | **End Totals** | **$212.92** | **$0.00** | **$0.00** |

| Transaction Date | Transaction Amount | Description | Comment | Saving Balance | Debt Balance | Payable Balance |
|---|---|---|---|---|---|---|
| 04/20/2009 | ($10.58) Commissary Sale | | Ticket Number 24967 | $164.32 | $0.00 | $0.00 |
| 04/21/2009 | $10.00 Money Order | | A. G. | $174.32 | $0.00 | $0.00 |
| 04/27/2009 | ($10.56) Commissary Sale | | Ticket Number 25108 | $163.76 | $0.00 | $0.00 |
| 04/30/2009 | ($1.74) Postage Charges (USPS) | | FRAN WILLAND | $162.02 | $0.00 | $0.00 |
| 05/01/2009 | ($15.00) Inmate's Personal Account | | POS Exemption Transfer | $147.02 | $0.00 | $0.00 |
| 05/01/2009 | $15.00 Pos Exemption | | POS Exemption Transfer | $162.02 | $0.00 | $0.00 |
| 05/04/2009 | ($4.95) Postage Charges (USPS) | | WOMEN BLESSNG | $157.07 | $0.00 | $0.00 |
| 05/04/2009 | ($10.20) Commissary Sale | | Ticket Number 25267 | $146.87 | $0.00 | $0.00 |
| 05/06/2009 | ($1.36) Postage Charges (USPS) | | E.DAVIS | $145.51 | $0.00 | $0.00 |
| 05/06/2009 | ($0.34) Postage Charges (USPS) | | CHARLES TIPTON | $145.17 | $0.00 | $0.00 |
| 05/06/2009 | ($0.84) Postage Charges (USPS) | | S.DAVIS/A.TIPTON | $144.33 | $0.00 | $0.00 |
| 05/08/2009 | $16.00 State Pay | | STATE PAY-APRIL 09 | $160.33 | $0.00 | $0.00 |
| 05/21/2009 | $10.00 Money Order | | MRS. S. GREGORY | $170.33 | $0.00 | $0.00 |
| 05/21/2009 | ($7.10) Postage Charges (USPS) | | MYSTERY GUILD BOOKS | $163.23 | $0.00 | $0.00 |
| 05/26/2009 | ($2.41) Postage Charges (USPS) | | J. STINEMA | $160.82 | $0.00 | $0.00 |
| 05/26/2009 | ($17.56) Commissary Sale | | Ticket Number 25806 | $143.26 | $0.00 | $0.00 |
| 05/26/2009 | $17.10 County Checks | | BUTLER COUNTY SHERIFF | $160.36 | $0.00 | $0.00 |
| 05/26/2009 | ($3.00) Withdrawal to SISTERS OF CHARITY CIN. | | SISTERS OF CHARITY CIN. | $157.36 | $0.00 | $0.00 |
| 05/27/2009 | ($1.80) Commissary Sale | | Ticket Number 25888 | $155.56 | $0.00 | $0.00 |
| 05/28/2009 | ($1.12) Postage Charges (USPS) | | L. CURRY | $154.44 | $0.00 | $0.00 |
| 06/01/2009 | ($15.00) Inmate's Personal Account | | POS Exemption Transfer | $139.44 | $0.00 | $0.00 |
| 06/01/2009 | $15.00 Pos Exemption | | POS Exemption Transfer | $154.44 | $0.00 | $0.00 |
| 06/01/2009 | ($18.48) Commissary Sale | | Ticket Number 25985 | $135.96 | $0.00 | $0.00 |
| 06/04/2009 | $8.00 State Pay | | STATE PAY- MAY 2009 | $143.96 | $0.00 | $0.00 |
| 06/08/2009 | ($10.23) Commissary Sale | | Ticket Number 26122 | $133.73 | $0.00 | $0.00 |

Page: 1/3     A179828     DAVIS, VON C                                 OSP     10/20/2009

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6650

| Date | Description | Detail | Balance | | |
|---|---|---|---|---|---|
| 06/15/2009 | ($16.22) Commissary Sale | Ticket Number 26323 | $117.51 | $0.00 | $0.00 |
| 06/16/2009 | ($1.62) Postage Charges (USPS) | KESTERDON/LING/HUGHES | $115.89 | $0.00 | $0.00 |
| 06/22/2009 | ($3.52) Commissary Sale | Ticket Number 26526 | $112.37 | $0.00 | $0.00 |
| 06/25/2009 | ($1.76) Postage Charges (USPS) | M. IMACCULEE/MARILYN B. | $110.61 | $0.00 | $0.00 |
| 07/01/2009 | ($15.00) Inmate's Personal Account | POS Exemption Transfer | $95.61 | $0.00 | $0.00 |
| 07/01/2009 | $15.00 Pos Exemption | POS Exemption Transfer | $110.61 | $0.00 | $0.00 |
| 07/02/2009 | $16.00 State Pay | STATE PAY-JUNE 2009 | $126.61 | $0.00 | $0.00 |
| 07/06/2009 | ($12.07) Commissary Sale | Ticket Number 26870 | $114.54 | $0.00 | $0.00 |
| 07/06/2009 | ($21.00) Fundraisers - No Specific Club | CCC-FOOD SALE | $93.54 | $0.00 | $0.00 |
| 07/08/2009 | ($1.38) Postage Charges (USPS) | L. CURRY | $92.16 | $0.00 | $0.00 |
| 07/10/2009 | ($2.47) Postage Charges (USPS) | POSTAGE | $89.69 | $0.00 | $0.00 |
| 07/10/2009 | $81.00 Money Order | RIVER OF LIFE | $170.69 | $0.00 | $0.00 |
| 07/13/2009 | ($3.48) Commissary Sale | Ticket Number 27094 | $167.21 | $0.00 | $0.00 |
| 07/15/2009 | ($2.74) Postage Charges (USPS) | S. GREGORY | $164.47 | $0.00 | $0.00 |
| 07/20/2009 | ($4.32) Commissary Sale | Ticket Number 27270 | $160.15 | $0.00 | $0.00 |
| 07/22/2009 | ($2.36) Postage Charges (USPS) | T. KESTERTON/L. LEON/H. HUGHES | $157.79 | $0.00 | $0.00 |
| 07/24/2009 | ($3.00) Withdrawal to WOMEN BLESSING WOMEN | WOMEN BLESSING WOMEN | $154.79 | $0.00 | $0.00 |
| 07/24/2009 | ($3.00) Withdrawal to SISTERS OF CHARITY | SISTERS OF CHARITY | $151.79 | $0.00 | $0.00 |
| 07/27/2009 | ($12.05) Commissary Sale | Ticket Number 27445 | $139.74 | $0.00 | $0.00 |
| 07/28/2009 | $10.00 Money Order | CANT READ | $149.74 | $0.00 | $0.00 |
| 07/30/2009 | ($2.92) Postage Charges (USPS) | A. TIPTON | $146.82 | $0.00 | $0.00 |
| 08/01/2009 | ($15.00) Inmate's Personal Account | POS Exemption Transfer | $131.82 | $0.00 | $0.00 |
| 08/01/2009 | $15.00 Pos Exemption | POS Exemption Transfer | $146.82 | $0.00 | $0.00 |
| 08/03/2009 | ($8.89) Commissary Sale | Ticket Number 27581 | $137.93 | $0.00 | $0.00 |
| 08/04/2009 | ($0.66) Commissary Sale | Ticket Number 27633 | $137.27 | $0.00 | $0.00 |
| 08/05/2009 | ($1.40) Postage Charges (USPS) | FRAN WELLAND | $135.87 | $0.00 | $0.00 |
| 08/07/2009 | $16.00 State Pay | STATE PAY | $151.87 | $0.00 | $0.00 |
| 08/19/2009 | ($1.56) Postage Charges (USPS) | M. COOK REICH | $150.31 | $0.00 | $0.00 |
| 08/24/2009 | ($7.01) Commissary Sale | Ticket Number 28180 | $143.30 | $0.00 | $0.00 |
| 08/25/2009 | $10.00 Money Order | S. GREGORY | $153.30 | $0.00 | $0.00 |
| 08/27/2009 | ($1.39) Postage Charges (USPS) | F. WELLAND | $151.91 | $0.00 | $0.00 |
| 08/27/2009 | ($1.32) Postage Charges (USPS) | B. BUSEK | $150.59 | $0.00 | $0.00 |
| 08/31/2009 | ($4.25) Commissary Sale | Ticket Number 28342 | $146.34 | $0.00 | $0.00 |
| 09/01/2009 | ($15.00) Inmate's Personal Account | POS Exemption Transfer | $131.34 | $0.00 | $0.00 |
| 09/01/2009 | $15.00 Pos Exemption | POS Exemption Transfer | $146.34 | $0.00 | $0.00 |
| 09/03/2009 | ($0.54) Postage Charges (USPS) | S. GREGORY | $145.80 | $0.00 | $0.00 |

Page: 2/3    A179828    DAVIS, VON C                                    OSP    10/20/2009

| 09/04/2009 | $16.00 State Pay | STATE PAY-AUG 09 | $161.80 | $0.00 | $0.00 |
|---|---|---|---|---|---|
| 09/25/2009 | ($3.00) Withdrawal to SISTERS OF CHARITY | SISTERS OF CHARITY | $158.80 | $0.00 | $0.00 |
| 09/28/2009 | ($13.44) Commissary Sale | Ticket Number 29062 | $145.36 | $0.00 | $0.00 |
| 09/30/2009 | $11.35 County Checks | BUTLER COUNTY SHERIFF | $156.71 | $0.00 | $0.00 |
| 10/01/2009 | ($15.00) Inmate's Personal Account | POS Exemption Transfer | $141.71 | $0.00 | $0.00 |
| 10/01/2009 | $15.00 Pos Exemption | POS Exemption Transfer | $156.71 | $0.00 | $0.00 |
| 10/05/2009 | ($8.90) Commissary Sale | Ticket Number 29186 | $147.81 | $0.00 | $0.00 |
| 10/06/2009 | $81.00 Money Order | RIVER OF LIFE | $228.81 | $0.00 | $0.00 |
| 10/06/2009 | ($4.58) Postage Charges (USPS) | L.CURRY/S. GORDON | $224.23 | $0.00 | $0.00 |
| 10/09/2009 | $4.00 State Pay | STATE PAY-SEPT 09 | $228.23 | $0.00 | $0.00 |
| 10/19/2009 | ($15.31) Commissary Sale | Ticket Number 29545 | $212.92 | $0.00 | $0.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6652

FORM 1
OHIO TWELFTH DISTRICT COURT OF APPEALS **CA 12 12 0258**
**CRIMINAL DOCKET STATEMENT**

Revised 01/01/2010

2012 DEC 18 AM 10:37

MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURT

**Parties:**

| | |
|---|---|
| APPEAL NUMBER | |
| TRIAL COURT NO. | CR-1983-12-0614 |
| TRIAL COURT JUDGE | Nastoff |

**Counsel:***

**State of Ohio**

FILED BUTLER CO.
COURT OF APPEALS
DEC 18 2012
MARY L SWAIN
CLERK OF COURTS

Plaintiff-Appellant/Appellee
(Circle designation)

**Donald R. Caster**   0077413
(Name & Supreme Court Registration No.)

**315 High Street, 11th Floor**
(Address)

**Hamilton, Ohio 45011**

**513-887-3474**
(Telephone No.)

_____
(E-mail address)
☐ Filing appeal but not representing party on appeal

**vs.**

**Von Clark Davis**

Defendant-Appellant/Appellee
(Circle designation)

**vs.**

**Kort Gatterdam**   0040434
(Name & Supreme Court Registration No.)

**280 North High Street, Suite 1300**
(Address)

**Columbus, Ohio 43215**

**614-365-4100**
(Telephone No.)

**gatterdam@carpenterlipps.com**
(E-mail address)
☐ Filing appeal but not representing party on appeal

* List at least one counsel for each party to the appeal.  List any additional parties and/or attorneys on an attached
sheet.  If a party will be represented by more than one counsel, designate which counsel is to be primarily responsible
for prosecuting the appeal and receiving notices and pleadings from the court and all other parties.  See Loc.R. 9(A).

1.   This appeal should be assigned to:
   ☑  A. The *Regular Calendar* with Full Briefing
      ☑   Transcript is more than 100 pages
      ☑   Brief in excess of 15 pages is necessary to argue the issues adequately, or more than 15 days will be
           required to file the brief
      ☑   Appeal concerns unique issues of law which will be of substantial precedential value in determination
           of similar cases
      ☐   Other: _____

☐ B. The *Accelerated Calendar*

    ☐ No transcript required

    ☐ Transcript consists of less than 100 pages, or is of such length that preparation time will not be a source of delay

    ☐ Record was made in an administrative hearing and was filed with the trial court

    ☐ All parties to the appeal agree to an assignment to the accelerated calendar and agree to comply with filing requirements of Loc.R. 6

    ☐ Other: _____

|   |   | YES | NO |
|---|---|:---:|:---:|
| 2. | Was counsel appointed for trial? | ■ | ☐ |
| 3. | Has counsel been appointed for appeal by trial court?  (See Loc.R. 9[C]) | ☐ | ■ |
| 4. | Was Motion for Bond or Stay of Execution made in the trial court? (See Loc.R. 8) | ■ | ☐ |
| 5. | If so, was the motion granted? | ☐ | ■ |

6. Offense(s) convicted of: <u>Capital murder and weapon under disability</u>

7. Length of sentence: <u>Sentenced to death</u>

8. Probable issues for review: Whether the trial court erred in denying the postconviction petition and the motion for leave to conduct discovery.

9. Was a presentence, psychiatric or other investigative report submitted to the court in writing before sentence was imposed?

    YES ☐    NO ■

10. Type of record to be filed:

    ■ Transcript of proceedings has been prepared and filed in the trial court. **If this box is checked, the court will consider this to be a Loc.R. 5 notice for purposes of completing the record on appeal.**

    ☐ Complete transcript of proceedings to be prepared    Estimated length of transcript:_____

    ☐ Partial transcript of proceedings    Specify parts ordered: _____

    Estimated length of partial transcript:_____

    ☐ Statement of evidence or agreed statement to be prepared [App.R. 9(C) or (D)]

11. Time needed to complete transcript: None because transcript has already been prepared and filed in the direct appeal proceedings, Case No. CA2009-10-263.

12. Time needed to file brief after record is complete (not to exceed 15 days for accelerated calendar cases): <u>**90 days**</u>

13. List all related or pending appeals: Davis has had numerous previous appeals. Currently pending is an appeal before the Ohio Supreme Court, Case No. 2011-0538.

_____
Counsel's Signature

Criminal Docket Statement Continued
Additional Attorney

Kort Gatterdam (0040434)*
   * Lead Counsel
Erik P. Henry (0085155)
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
(614) 365-4100
(614) 365-9145 (facsimile)
gatterdam@carpenterlipps.com
henry@carpenterlipps.com

```
Date: 12/19/2012  16:19:48.5          Docket Sheet                Page: 1

CRTR5925                                 Detail
```

| Case Number | Status | Judge |
|---|---|---|
| CA 2012 12 0258 | Open | |

| In The Matter Of | Action |
|---|---|
| DAVIS, VON CLARK vs. STATE OF OHIO | COURT APPEALS CR |

| Party | | Attorneys | COMMON PLEAS DEFENDENT |
|---|---|---|---|
| DAVIS, VON CLARK | APPT | GATTERDAM, KORT CARPENTER LIPPS & LELAND LLP 280 PLAZA, SUITE 1300 280 NORTH HIGH STREET COLUMBUS, OH 43215 | |
| STATE OF OHIO | APPE | GMOSER Prosecutor Butler Co, GOVERNMENT SERVICES CENTER 315 HIGH ST 11TH FLOOR HAMILTON, OH 45011 | |

FILED BUTLER CO.
COURT OF APPEALS
DEC 18 2012
MARY L. SWAIN
CLERK OF COURTS

| Opened | Disposed | Case Type |
|---|---|---|
| 12/18/2012 | UNDISPOSED (Unterminated) | COURT OF APPEALS |

Comments:

| No. | Date of Journal Book-Page-Nbr | Pleadings Filed, Orders and Decrees        Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 1 | 12/18/12 | FUNDS ON DEPOSIT FOR COURT COST. | 61.00 | 61.00 |
| 2 | 12/18/12 | Legal aid fees pursuant to ORC 2303.210 (C). | 26.00 | 26.00 |
| 3 | 12/18/12 | NOTICE OF APPEAL FILED Complaint & Filing fee for each cause of action ORC 2303.20(A). | 25.00 | 25.00 |
| 4 | 12/18/12 | Clerk of Courts Computerization Fee pursuant to ORC 2303.201 (B)(1). | 10.00 | 10.00 |
| 5 | 12/18/12 | Court Computerization Fee pursuant to ORC 2303.201 (A)(1). | 3.00 | 3.00 |
| 6 | 12/18/12 | PRECIPE / REQUEST FILED | 0.00 | 0.00 |
| 7 | 12/18/12 | AFFIDAVIT OF INDIGENCY FILED | 0.00 | 0.00 |
| 8 | 12/18/12 | DOCKET STATEMENT FILED COPY TO COURT OF APPEALS | 1.00 | 1.00 |

```
Date: 12/19/2012  16:19:48.6            Docket Sheet                    Page: 2

CRTR5925                                  Detail

CA 2012 12 0258    DAVIS, VON CLARK vs. STATE OF OHIO
```

| 9 | 12/18/12 | TRANSCRIPT OF DOCKET & JOURNAL ENTRIES | 4.00 | |
| | | FILED ORIGINAL PAPERS FILED | | 4.00 |

```
                        Totals By:  COST
                                                      69.00        69.00
                                    COURT COST DEPOSIT
                                                      61.00        61.00
                        *** End of Report ***
```

```
Date: 12/19/2012  16:08:39.1          Docket Sheet                    Page: 1

CRTR5925                                 Detail
```

| Case Number | Status | Judge |
|---|---|---|
| CR 1983 12 0614 | Closed | CREHAN, Honorable MATTHEW |

| In The Matter Of | | Action |
|---|---|---|
| STATE OF OHIO VS DAVIS, VON CLARK | | AGGRAVATED MURDER 2901.01 A |

| Party | | Attorneys |
|---|---|---|
| DAVIS, VON CLARK | DFNDT | SHANKS, MICHAEL D<br>110 NORTH THIRD STREET<br>HAMILTON, OH 45011 |
| DAVIS, CLARK | AKA | |
| | | GARRETSON, JOHN A<br>616 DAYTON ST.<br>HAMILTON, OH 45011 |
| VON DAVIS, CLARK | AKA | |
| | | KOMP, LAURENCE<br>ATTORNEY AT LAW<br>PO BOX 1785<br>MANCHESTER, MI 63011 |
| | | GATTERDAM, KORT<br>CARPENTER LIPPS & LELAND LLP<br>280 PLAZA, SUITE 1300<br>280 NORTH HIGH STREET<br>COLUMBUS, OH 43215 |
| | | COOK, MELYNDA<br>REPPER, PAGAN & COOK LTD<br>1501 FIRST AVENUE<br>MIDDLETOWN, OH 45044 |
| | | EVANS, TIMOTHY R<br>29 NORTH "D" STREET<br>HAMILTON, OH 45013 |
| | | HENRY, ERIK P<br>CARPENTER LIPPS & LELAND LLP<br>280 PLAZA, SUITE 1300<br>280 NORTH HIGH STREET<br>COLUMBUS, OH 43215 |
| | | PORTER, RANDALL L<br>OFFICE OF THE OHIO PUBLIC DEFENDER<br>250 EAST BROAD STREET SUITE 1400<br>COLUMBUS, OH 43215 |
| BUTLER Victim, SUZETTE | VICT | |
| HAMILTON POLICE DEPT<br>CUSTODIAN OF RECORDS<br>331 SOUTH FRONT ST<br>HAMILTON, OH 45011 | WIT | |
| COLEMAN, WADE<br><br>HAMILTON, OH 45011 | WIT | |
| WILLIAMS, RONNIE D<br><br>HAMILTON, OH 45013 | WIT | |
| BRYANT, MONA ALDRIDGE | WIT | |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6658

```
Date: 12/19/2012  16:08:39.4          Docket Sheet              Page: 2

CRTR5925                                   Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

MIDDLETOWN, OH 45044


LOVETT, MARK                          WIT

MIDDLETOWN, OH 45044


DENMARK, COZETTA MASSEY               WIT

CINTI, OH 45204


MCCREARY, JODAWNA SOUTHERN            WIT

CINCINNATI, OH 45231


DENMARK, REGINALD                     WIT

CINCINNATI, OH 45214


FURMON, CHARLES R                     WIT

HAMILTON, OH 45013


CARPENTER, RICHARD R                  WIT

HAMILTON, OH 45011


BRANDABUR, Dr JOSEPH H                WIT
BUTLER COUNTY CORONER'S OFFICE
200 N "F" STREET
HAMILTON, OH 45011


CUNNINGHAM, LESLIE                    WIT

TROTWOOD, OH 45246


NOWACK, SCOTT                         WIT
C/O OHIO STATE PENITENTIARY
878 COITSVILLE HUBBARD RD
YOUNGSTOWN, OH 44505


TIPTON, ALLUSTER                      WIT

FOREST PARK, OH 45240


SMITH, CAROL A                        WIT

FOREST PARK, OH 45240


TIPTON, CHARLES                       WIT

CINCINNATI, OH 45240


DAVIS, VICTOR L                       WIT

HAMILTON, OH 45011

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6659

```
Date: 12/19/2012  16:08:39.7        Docket Sheet              Page: 3

CRTR5925                               Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| | | |
|---|---|---|
| DAVIS, ELLIOT BUTCH | WIT | |
| ███ | | |
| HAMILTON, OH 45011 | | |
| | | |
| DAVIS, SHERRY ███ | WIT | |
| FOREST PARK, OH 45240 | | |
| | | |
| NOWACK, SCOTT | WIT | |
| C/O OHIO STATE PENITENTIARY | | |
| 878 COITSVILLE HUBBARD RD | | |
| YOUNGSTOWN, OH 44505 | | |
| | | |
| ROTUNDO, RICK ███ | WIT | |
| LOVELAND, OH 45140 | | |
| | | |
| FLOWERS, DELBERT ███ | WIT | |
| GAITHERSBURG, MD 20878 | | |
| | | |
| MAUSSEN, CYNTHIA | WIT | |
| ADULT PAROLE AUTHORITY | | |
| 770 WEST BROAD ST | | |
| COLUMBUS, OH 43215 | | |
| | | |
| STINEMAN, JEROME | WIT | |
| ███ | | |
| CINCINNATI, OH 45208 | | |
| | | |
| MAUSSER, CYNTHIA | WIT | |
| C/O OHIO PAROLE BOARD | | |
| 770 WEST BROAD ST | | |
| COLUMBUS, OH 43222 | | |
| | | |
| NOWACK, SCOTT | WIT | |
| C/O OHIO STATE PENITENTIARY | | |
| 878 COITSVILLE HUBBARD RD | | |
| YOUNGSTOWN, OH 44505 | | |
| | | |
| SMITH, CAROL A ███ | WIT | |
| FOREST PARK, OH 45240 | | |
| | | |
| STINEMAN, JEROME | WIT | |
| ███ | | |
| CINCINNATI, OH 45208 | | |
| | | |
| ROTUNDO, RICK ███ | WIT | |
| LOVELAND, OH 45140 | | |
| | | |
| DAVIS, SHERRY ███ | WIT | |
| FOREST PARK, OH 45240 | | |

```
Date: 12/19/2012  16:08:39.9          Docket Sheet              Page: 4

CRTR5925                                 Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| | | |
|---|---|---|
| TIPTON, ALLUSTER | WIT | |
| FOREST PARK, OH 45240 | | |

| | | |
|---|---|---|
| DAVIS, VICTOR | WIT | |
| HAMILTON, OH 45013 | | |

| | | |
|---|---|---|
| DAVIS, ELLIOT BUTCH | WIT | |
| HAMILTON, OH 45011 | | |

| | | |
|---|---|---|
| FURMON, CHARLES R | WIT | |
| HAMILTON, OH 45013 | | |

BRANDABUR, Dr JOSEPH H          WIT
BUTLER COUNTY CORONER'S OFFICE
200 N "F" STREET
HAMILTON, OH 45011

LINK, LISA                      WIT

CINTI, OH 45239

SUPREME COURT OF OHIO           OTHER
CLERKS OFFICE
65 SOUTH FRONT ST  8TH FLOOR
COLUMBUS, OH 43215

BUTLER COUNTY PROSECUTORS OFFICE  OTHER
315 HIGH ST, 11TH FLOOR
ATTN MIKE OSTER
HAMILTON, OH 45011

NASTOFF Judge, ANDREW           OTHER
GOVERNMENT SERVICES CENTER
315 HIGH STREET 3RD FLOOR
HAMILTON, OH 45011

BUTLER COUNTY SHERIFF           OTHER
705 HANOVER ST
HAMILTON, OH 45011

SOUTHERN OHIO CORRECTIONAL FACILITY OTHER
LUCASVILLE, OH 45699

```
Opened                    Disposed                Case Type
12/22/1983                Conviction              CRIMINAL

Comments:    victim Suzette Butler CA84060071/CA89090123 CA95 07
             0124  CA2008 04 0111 prior Murder CR 21655 Ernestine
             Davis
```

```
Charge:    2901.01A                         Speed:      Zone:

Description:  AGGRAVATED MURDER 2901.01 A
```

```
Date: 12/19/2012  16:08:40.2          Docket Sheet              Page: 5

CRTR5925                               Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

Amnd Chrg:

Description:


Disposition: JUDGEMENT of          Disposition Date:  06/19/1984
             CONVICTION =
             BCI-JUD-CDN 310

Plea: GUILTY                       Decision: FOUND GUILTY

Sentence:
Amount:                  Traffic Points:      Restrictions:

License Suspended Days:  Start Date:          End Date:

Jail Time:               Start Date:          End Date:


Suspended:
Amount:

License Suspended Days:

Jail Time:

Probation:
Type:

Probation Officer:

Days on Probation:       Start Date:          End Date:

Comments:
Charge:      2923.13                      Speed:        Zone:

Description:  WEAPONS UNDER DISABILITY 2923.13

Amnd Chrg:

Description:


Disposition: JUDGEMENT of          Disposition Date:  06/19/1984
             CONVICTION =
             BCI-JUD-CDN 310

Plea:                              Decision: FOUND GUILTY

Sentence:
Amount:                  Traffic Points:      Restrictions:

License Suspended Days:  Start Date:          End Date:

Jail Time:               Start Date:          End Date:


Suspended:
Amount:

License Suspended Days:

Jail Time:

Probation:
Type:

```
Date: 12/19/2012  16:08:40.2        Docket Sheet              Page: 6

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

Probation Officer:

Days on Probation:          Start Date:            End Date:

Comments:
Charge:     2901.01                        Speed:        Zone:

Description:  MURDER FIRST DEGREE 2901.01

Amnd Chrg:

Description:

Disposition: JUDGEMENT of          Disposition Date:  06/19/1984
             CONVICTION =
             BCI-JUD-CDN 310

Plea: NOT GUILTY                    Decision: FOUND GUILTY

Sentence:
Amount:                   Traffic Points:      Restrictions:

License Suspended Days:       Start Date:          End Date:

Jail Time:                    Start Date:          End Date:

Suspended:
Amount:

License Suspended Days:

Jail Time:

Probation:
Type:

Probation Officer:

Days on Probation:          Start Date:            End Date:

Comments:

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------|-------------------------------|-------------|
| 1 | 12/22/83 | HAMILTON MUNICIPAL COURT LOWER COURT FEES transcript bindover | | 0.00 |
| 2 | 12/22/83 | JOURNAL ENTRY - NO BOND DOLLARS FILED | 2.00 | 2.00 |
| 3 | 12/22/83 | COST BILL | 43.30 | 43.30 |
| 4 | 12/22/83 | CLERKS COMPUTER FEE - $10 FUND 111 | 10.00 | 10.00 |
| 5 | 12/22/83 | TRANSCRIPT(S) FILED (duplicate sent to County Prosecutor )+ Special Project Fee $75 | 60.00 | 60.00 |

```
Date: 12/19/2012  16:08:40.3          Docket Sheet              Page: 7

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|-----|-----|-----|
| 6 | 01/06/84 | NOTICE TO SUPREME COURT OF OHIO OF FILING OF INDICTMENT CHARGING AGGRAVATED MURDER WITH SPECIFICATION(S) OF AGGRAVATING CIRCUMSTANCES (R.C. 2929.021(A) | 0.00 | 0.00 |
| 7 | 01/06/84 | SUMMONS ON INDICTMENT OR INFORMATION | 60.00 | 60.00 |
| 8 | 01/06/84 | copy of Indictment scanned & forwarded to case file folder | | 0.00 |
| 9 | 01/06/84 | PROSECUTING ATTORNEY'S REQUEST FOR ISSUANCE OF SUMMONS UPON INDICTMENT FILED PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |
| 10 | 01/09/84 | RETURN-PERSONAL SERVICE OF SUMMONS ON INDICTMENT | 2.65 | 2.65 |
| 11 | 01/11/84 | RETURN RECEIPT OF CERTIFIED MAIL (SEE IMAGE) | 1.65 | 1.65 |
| 12 | 01/13/84 | INDICTMENT SCANNED; DEFENDANT ARRAIGNED PLEADS NOT GUILTY | 4.00 | 4.00 |
| 13 | 01/17/84 | MOTION TO SEVER FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 14 | 01/17/84 | MOTION FOR BILL OF PARTICULARS FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 15 | 01/17/84 | MOTION FOR CHANGE OF VENUE FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 16 | 01/17/84 | MOTION TO VIEW THE SCENE FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 17 | 01/17/84 | MOTION TO DISMISS AND TO INSPECT GRAND JURY TRANSCRIPT FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 18 | 01/20/84 | MEMORANDUM IN OPPOSITION TO MOTION FOR CHANGE OF VENUE FILED ASST PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | 0.00 | 0.00 |
| 19 | 01/20/84 | MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS AND TO INSPECT GRAND JURY TRANSCRIPT FILED  ASST PROS ATTYS: EICHEL, DANIEL G (08259) AND SAGE, MICHAEL J | 0.00 | 0.00 |

```
Date: 12/19/2012  16:08:40.4          Docket Sheet                    Page: 8

CRTR5925                                Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------|---------|---------|
| 20 | 01/20/84 | MEMORANDUM IN OPPOSITION TO MOTION TO<br>SEVER COUNTS FILED PROS ATTYS: EICHEL,<br>DANIEL G (08259) AND SAGE, MICHAEL J | 0.00 | 0.00 |
| 21 | 01/26/84 | ENTRY SCHEDULING PRETRIAL HEARING AND<br>CONTINUING TRIAL DATE | 2.00 | 2.00 |
| 22 | 01/26/84 | MEMORANDUM IN SUPPORT OF MOTION TO SEVER<br>FILED Attorney: SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 23 | 01/26/84 | MEMORANDUM IN SUPPORT OF MOTION FOR CHANGE<br>OF VENUE FILED Attorney: SHANKS, MICHAEL D<br>(18906) | 0.00 | 0.00 |
| 24 | 02/01/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 6.00 | 6.00 |
| 25 | 02/01/84 | MOTION FOR DISCOVERY FILED Attorney:<br>SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 26 | 02/01/84 | MOTION TO BIFURCATE TRIAL/MOTION IN LIMINE<br>AND MEMORANDUM FILED Attorney: SHANKS,<br>MICHAEL D (18906) | 0.00 | 0.00 |
| 27 | 02/01/84 | MOTION TO PROHIBIT DEATH QUALIFICATION OF<br>THE JURY AND MEMORANDUM FILED ATTY:<br>SHANKS, MICHAEL D (18906) | 0.00 | 0.00 |
| 28 | 02/02/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 29 | 02/03/84 | MEMORANDUM IN OPPOSITION TO MOTION IN<br>LIMINE RE:   DEATH QUALIFICATION OF JURORS<br>FILED ASST PROS ATTY: SAGE, MICHAEL J | 0.00 | 0.00 |
| 30 | 02/08/84 | STATE'S ANSWER TO DEFT'S REQUEST FOR<br>DISCOVERY FILED ASST PROS ATTY: SAGE,<br>MICHAEL J | 0.00 | 0.00 |
| 31 | 02/08/84 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |
| 32 | 02/08/84 | JOURNAL ENTRY - ORDER FILED | 2.00 | 2.00 |
| 33 | 02/09/84 | BILL OF PARTICULARS FILED PROS ATTY:<br>HOLCOMB, JOHN F | 0.00 | 0.00 |
| 34 | 02/13/84 | RETURN RECEIPTS OF CERTIFIED MAIL OF KARLA<br>STANLEY AND DICK PERRY | 0.00 | 0.00 |

```
Date: 12/19/2012  16:08:40.5          Docket Sheet              Page: 9

CRTR5925                                Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------|-------------------------------|-------------|
| 35 | 02/14/84 | JOURNAL ENTRY - INDICTMENT FOR AGGRAVATED - MURDER (WITH SPECS) DEFT INDIGENT COURT ASSIGNS MICHAEL D SHANKS AND JOHN GARRETTSON TO DEFEND | 2.00 | 2.00 |
| 36 | 02/14/84 | MOTION TO APPOINT COUNSEL FILED Attorney: SHANKS, MICHAEL D | 0.00 | 0.00 |
| 37 | 02/14/84 | AFFIDAVIT OF VON CLARK DAVIS | 0.00 | 0.00 |
| 38 | 02/15/84 | JOURNAL ENTRY - CERTIFICATE FILED | 2.00 | 2.00 |
| 39 | 02/15/84 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | 9.60 | 9.60 |
| 40 | 02/24/84 | ENTRY FILED | 2.00 | 2.00 |
| 41 | 02/24/84 | ENTRY ORDERING SPECIAL VENIRE PURSUANT TO O R C 2945.18 | 2.00 | 2.00 |
| 42 | 03/05/84 | RETURN OF NOTICE TO SUPREME COURT OF OHIO OF FILING OF INDICTMENT CHARGING AGGRAVATED MURDER WITH SPECIFICATION(S) OF AGGRAVATING CIRCUMSTANCES (R.C. 2929.021(A), SUPREME COURT CASE #CC84-4, FILED 1-10-84 | 0.00 | 0.00 |
| 43 | 03/20/84 | CERTIFIED COPIES OF RETURNED - PERSONAL SERVICE OF VENIRE FOR SPECIAL PETIT JURORS: UPON: (SEE IMAGES) | 0.00 | 0.00 |
| 44 | 03/22/84 | PERSONAL SERVICE OF SPECIAL VENIRES: UPON: JURORS (SEE IMAGE) | 0.00 | 0.00 |
| 45 | 04/20/84 | ENTRY ORDERING ADDITIONAL SPECIAL VENIRE PURSUANT TO O R C 2945.19 FILED | 2.00 | 2.00 |
| 46 | 04/20/84 | SUPPLEMENTAL DISCOVERY FILED Attorney: SAGE, MICHAEL J | 0.00 | 0.00 |
| 47 | 04/23/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 48 | 04/25/84 | DEFT'S RESPONSE TO PLTF'S MOTION FOR DISCOVERY FILED Attorney: SHANKS, MICHAEL D | 0.00 | 0.00 |
| 49 | 04/26/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 8.00 | 8.00 |

```
Date: 12/19/2012  16:08:40.6          Docket Sheet              Page: 10

CRTR5925                               Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------|------|------|
| 50 | 04/26/84 | AMENDED RESPONSE TO PLTF'S FOR DISCOVERY<br>FILED Attorney: SHANKS, MICHAEL D | 0.00 | 0.00 |
| 51 | 04/27/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 52 | 04/27/84 | ELECTION BY DEFT PURSUANT TO SECTION<br>2929.022 OF THE OHIO REVISED CODE FILED<br>Attorney: SHANKS, MICHAEL D AND<br>Attorney: GARRETSON, JOHN A | 0.00 | 0.00 |
| 53 | 04/27/84 | MOTION TO HAVE REASONS FOR DEFENSE<br>OBJECTIONS AND REASONS FOR OVERRULING<br>DEFENSE OBJECTIONS PLACED ON RECORD WITH<br>MEMORANDUM IN SUPPORT FILED Attorney:<br>SHANKS, MICHAEL D (18906) AND Attorney:<br>GARRETSON, JOHN A | 0.00 | 0.00 |
| 54 | 04/27/84 | MOTION FOR NOTICE OF PROSPECTIVE<br>THREE-JUDGE PANEL FILED Attorney: SHANKS,<br>MICHAEL D AND Attorney: GARRETSON, JOHN A | 0.00 | 0.00 |
| 55 | 04/27/84 | MOTION TO INCREASE THE BURDEN OF PROOF TO<br>BEYOND ALL DOUBT FILED Attorney: SHANKS,<br>MICHAEL D AND Attorney: GARRETSON, JOHN A | 0.00 | 0.00 |
| 56 | 04/27/84 | MOTION FOR PRETRIAL HEARINGS FILED<br>Attorney: SHANKS, MICHAEL D (18906) AND<br>Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 57 | 04/27/84 | MOTION FOR RULING ON NUMBER OF PEREMPTORY<br>CHALLENGES FILED Attorney: SHANKS, MICHAEL<br>D (18906) AND Attorney: GARRETSON, JOHN A<br>(00831) | 0.00 | 0.00 |
| 58 | 04/27/84 | MOTION TO RECORD ALL PROCEEDINGS FILED<br>Attorney: SHANKS, MICHAEL D (18906) AND<br>Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 59 | 04/27/84 | MOTION TO COMPEL PROSECUTOR TO DISCLOSE<br>DEATH PENALTY DATA FILED Attorney: SHANKS,<br>MICHAEL D (18906) AND<br>Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 60 | 04/27/84 | MOTION FOR PRETRIAL DISCLOSURE OF THE<br>PROSECUTING WITNESSES' WRITTEN OR RECORDED<br>STATEMENTS FILED Attorney: SHANKS, MICHAEL<br>D (18906) AND Attorney: GARRETSON, JOHN A<br>(00831) | 0.00 | 0.00 |
| 61 | 04/27/84 | MOTION TO COMPEL DISCLOSURE OF PROSECUTING<br>ATTORNEY'S JURY SELECTION DATA FILED<br>Attorney: SHANKS, MICHAEL D (18906) AND<br>Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |

```
Date: 12/19/2012  16:08:40.7          Docket Sheet              Page: 11

CRTR5925                                 Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr      Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|-------------------------------|-------------|
| 62 | 04/27/84 | MOTION TO REQUIRE PROSECUTOR TO STATE REASON FOR EXERCISING PEREMPTORY CHALLENGES FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 63 | 04/27/84 | MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS AND FOR LEAVE TO SUPPLEMENT THE MEMO IN SUPPORT OF THOSE MOTIONS ALREADY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 64 | 04/27/84 | MOTION FOR ALL MOTIONS TO BE HEARD ON THE RECORD FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 65 | 04/27/84 | MOTION FOR SEQUESTRATION OF JURORS FOR DURATION OF TRIAL FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 66 | 04/27/84 | FURTHER MOTION TO PROHIBIT DEATH QUALIFICATION OF JURY:  IN THE ALTERNATIVE TO SEAT SEPARATE JURIES DURING THE GUILT AND PENALTY PHASES OF TRIAL AND SUPPLEMENTAL MEMORANDUM THEREON FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 67 | 04/27/84 | FURTHER MEMORANDUM IN SUPPORT OF DISCLOSURE OF GRAND JURY TESTIMONY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 68 | 04/27/84 | MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 69 | 04/27/84 | MOTION TO INSULATE THE VENIRE AND JURY FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 70 | 04/27/84 | MOTION TO DISMISS FILED Attorney: SHANKS, MICHAEL D (18906) AND Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 71 | 04/27/84 | SUPPLEMENTAL DISCOVERY FILED ASST PROS ATTY, MICHAEL J | 0.00 | 0.00 |
| 72 | 04/30/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |

```
Date: 12/19/2012  16:08:40.8        Docket Sheet              Page: 12

CRTR5925                            Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 73 | 04/30/84 | MOTION IN LIMINE WITH MEMORANDUM FILED<br>Attorney: GARRETSON, JOHN A | 0.00 | 0.00 |
| 74 | 04/30/84 | RETURNED MOTION FOR EXPERT SERVICES FILED<br>BY Attorney: SHANKS, MICHAEL D FILED IN<br>SUPREME COURT CASE #99-0252 ON 3-5-99 | 0.00 | 0.00 |
| 75 | 04/30/84 | JOURNAL ENTRY - ORDER FILED | 2.00 | 2.00 |
| 76 | 04/30/84 | MOTION FOR ORDER RELEASING RECORDS FILED<br>Attorney: SHANKS, MICHAEL D (18906) AND<br>Attorney: GARRETSON, JOHN A (00831) | 0.00 | 0.00 |
| 77 | 04/30/84 | INVOICE (attachment) | 0.00 | 0.00 |
| 78 | 05/01/84 | STATE'S MEMORANDUM IN RESPONSE TO MOTIONS<br>OF DEFT FILED ON 4-27-84 FILED ASST PROS<br>ATTY: EICHEL, DANIEL G (08259) AND ASST<br>PROS ATTY: SAGE, MICHAEL J | 0.00 | 0.00 |
| 79 | 05/03/84 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |
| 80 | 05/03/84 | MOTION FILED PROS ATTY: HOLCOMB, JOHN F | 0.00 | 0.00 |
| 81 | 05/04/84 | JOURNAL ENTRY - PRECIPE FILED SUBPOENA<br>ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 82 | 05/04/84 | JOURNAL ENTRY FILED | 8.00 | 8.00 |
| 83 | 05/04/84 | JOURNAL ENTRY - WAIVER AND ELECTION  FILED | 2.00 | 2.00 |
| 84 | 05/08/84 | JOURNAL ENTRY - JURY WAIVER AND ELECTION<br>OF THREE-JUDGE PANEL FILED | 2.00 | 2.00 |
| 85 | 05/08/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 86 | 05/08/84 | RETURN-PERSONAL SERVICE OF SUBPOENA UPON :<br>(SEE IMAGE) | 1.65 | 1.65 |
| 87 | 05/09/84 | JOURNAL ENTRY - MOTION AND ENTRY FILED | 4.00 | 4.00 |

```
Date: 12/19/2012  16:08:40.9          Docket Sheet              Page: 13

CRTR5925                                Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|----------------------------------------------------------------------|------------------------------|-------------|
| 88  | 05/09/84 | JOURNAL ENTRY - DESIGNATING THREE JUDGE PANEL FILED | 2.00 | 2.00 |
| 89  | 05/09/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 90  | 05/09/84 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | 66.30 | 66.30 |
| 91  | 05/10/84 | JOURNAL ENTRY - MOTION AND ENTRY FILED | 4.00 | 4.00 |
| 92  | 05/10/84 | INVOICE (attachment) | 0.00 | 0.00 |
| 93  | 05/10/84 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR AN INDIGENT DEFT FOR A TOTAL OF $36.00 FILED | 2.00 | 2.00 |
| 94  | 05/10/84 | RETURN-PROCESS SERVICE OF SUBPOENA UPON : (SEE IMAGE) | 0.00 | 0.00 |
| 95  | 05/10/84 | RETURN-PROCESS SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | 0.00 | 0.00 |
| 96  | 05/11/84 | JOURNAL ENTRY - CERTIFICATE FILED | 2.00 | 2.00 |
| 97  | 05/11/84 | RETURN-PERSONAL SERVICE OF SUBPOENAS UPON : (SEE IMAGES) | 5.65 | 5.65 |
| 98  | 05/14/84 | RETURN RECEIPT OF CERTIFIED MAIL OF MR STEVEN DIX, CHIEF OF MANAGEMENT DEPT OF CORRECTIONS | 0.00 | 0.00 |
| 99  | 05/14/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 100 | 05/15/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 101 | 05/16/84 | ENTRY OF FINDINGS OF GUILTY | 2.00 | 2.00 |
| 102 | 05/22/84 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 103 | 05/22/84 | PERSONAL SERVICE OF CERTIFIED COPY OF ENTRY: UPON BUTLER COUNTY FORENSIC CENTER: (SEE IMAGE) | 0.00 | 0.00 |

```
Date: 12/19/2012  16:08:41.0          Docket Sheet              Page: 14

CRTR5925                                 Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|-----------------------------------------|---------------|-------------|
| 104 | 05/25/84 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGE) | 2.00 | 2.00 |
| 105 | 06/04/84 | JUDGMENT OF CONVICTION ENTRY AND WRIT FOR THE EXECUTION OF THE DEATH PENALTY FILED | 4.00 | 4.00 |
| 106 | 06/05/84 | COST BILL | 1,021.00 | 1,021.00 |
| 107 | 06/11/84 | NOTICE TO SUPREME COURT OF OHIO OF PLEA OF GUILTY OR OF NO CONTEST TO AND NOTICE OF DISMISSAL OF INDICATING CHARGING AGGRAVATED MURDER WITH SPECIFICATION(S) OF AGGRAVATING CIRCUMSTANCES/R C 2929.021(B) FILED EDWARD S ROBB JR CLERK OF COURTS, JEROME COOK, DEPUTY CLERK | 0.00 | 0.00 |
| 108 | 06/11/84 | JOURNAL ENTRY  - OPINION FILED | 6.00 | 6.00 |
| 109 | 06/12/84 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES & AFFIDAVIT OF INDIGENCY FILED,for atty.:  JOHN A GARETSON IN AMOUNT OF $2,629.50 | 8.00 | 8.00 |
| 110 | 06/12/84 | JOURNAL ENTRY - INDICTMENT FOR DEFT INDIGENT COURT REQUEST ASSIGNS JACK GARRETSON FILED | 2.00 | 2.00 |
| 111 | 06/13/84 | RETURN RECEIPT OF CERTIFIED MAIL OF SUPREME COURT OF OHIO | 0.00 | 0.00 |
| 112 | 06/18/84 | RECEIPT #165627 NOTICE OF APPEAL $40.00 | 0.00 | 0.00 |
| 113 | 06/18/84 | NOTICE OF APPEAL (COPY) FILED IN COURT OF APPEALS CA84 06 071, 6-18-84 Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 114 | 06/22/84 | SHERIFF'S RETURN-PERSONAL SERVICE OF EXECUTION FOR COSTS $1,021.00 IN FELONY | 3.65 | 3.65 |
| 115 | 06/22/84 | SHERIFF'S RETURN-PERSONAL SERVICE OF WARRANT TO CONVEY TO SOUTHERN OHIO CORRECTIONAL FACILITY | 36.35 | 36.35 |
| 116 | 06/27/84 | COPY OF CRIMINAL DOCKET STATEMENT FILED COPY TO COURT OF APPEALS #CA84 06 071 | 2.00 | 2.00 |
| 117 | 08/01/84 | MOTION FILED Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |

```
Date: 12/19/2012  16:08:41.1          Docket Sheet              Page: 15

CRTR5925                                Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------------|----------------------------------|-------------|
| 118 | 08/01/84 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 119 | 08/16/84 | MOTION FOR STAY OF EXECUTION FILED<br>Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 120 | 08/16/84 | JOURNAL ENTRY GRANTING STAY OF EXECUTION<br>FILED | 2.00 | 2.00 |
| 121 | 08/16/84 | COPY OF ENTRY GRANTNG STAY OF EXECUTION<br>FILED IN COURT OF APPEALS CASE #CA84 06 071 | 2.00 | 2.00 |
| 122 | 08/20/84 | RETURN RECEIPTS OF CERTIFIED MAIL OF<br>THOMAS L STARTZMAN AND WALLACE E STEIN -<br>RECORD CLERK | 0.00 | 0.00 |
| 123 | 09/25/84 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR<br>AN INDIGENT DEFT/CERTIFICATE TRANSCRIPT<br>FEE $753.00 FILED | 2.00 | 2.00 |
| 124 | 09/25/84 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 125 | 09/25/84 | JOURNAL ENTRY - CLERK'S TRANSCRIPT FEE FOR<br>AN INDIGENT DEFT,  ATTYS FOR DEFT MIKE<br>SHANKS AND JACK GARRETSON, TOTAL OF<br>$1,129.50 FILED | 2.00 | 2.00 |
| 126 | 09/25/84 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 127 | 09/25/84 | CERTIFIED COPY OF CLERK'S TRANSCRIPT FEE<br>FOR AN INDIGENT DEFT, for atty.: MIKE<br>SHANKS AND JACK GARRETSON, TOTAL OF<br>$1,129.50 | 2.00 | 2.00 |
| 128 | 08/21/85 | ADDITIONAL EXECUTION FOR COSTS IN FELONY<br>TO SHERIFF | 0.00 | 0.00 |
| 129 | 05/27/86 | MEMO :NUNC PRO TUNC ENTRY TO THIS DATE<br>FILED 5/7/90 | 0.00 | 0.00 |
| 130 | 05/27/86 | JOURNAL ENTRY - OPINION FILED IN<br>CA84-06-071 | 52.00 | 52.00 |
| 131 | 05/27/86 | JOURNAL ENTRY MANDATE JUDGMENT ENTRY FILED<br>IN CASE #CA84 06 071 | 2.00 | 2.00 |
| 132 | 05/27/86 | JOURNAL ENTRY  -  JUDGMENT FILED IN CA84<br>-06-071 - COPY | 2.00 | 2.00 |

```
Date: 12/19/2012  16:08:41.2        Docket Sheet           Page: 16

CRTR5925                             Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 133 | 05/27/86 | SEPARATE OPINION PURSUANT TO R C 2929.05<br>(A) - COPY | 2.00 | 2.00 |
| 134 | 09/29/88 | SUPREME COURT OF OHIO COLUMBUS MANDATE<br>FILED NO. 86-1171, 1988 TERM - COPIES<br>ATTACHED | 10.00 | 10.00 |
| 135 | 09/29/88 | SUPREME COURT OF OHIO COLUMBUS MANDATE<br>FILED NO. 86-1171, 1988 TERM - ATTACHMENT<br>COPY OF APPEAL FROM THE COURT OF APPEALS | 4.00 | 4.00 |
| 136 | 09/29/88 | MOTION TO RETURN DEFT FOR SENTENCING FILED<br>Attorney: GARRETSON, JOHN A (00831),<br>Attorney: SHANKS, MICHAEL D (18906) AND<br>Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 137 | 10/05/88 | CERTIFIED COPY OF JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 138 | 10/31/88 | PERSONAL SERVICE OF WRIT: UPON: (SEE IMAGE) | 0.00 | 0.00 |
| 139 | 11/04/88 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 140 | 11/09/88 | PERSONAL SERVICE OF WRIT: UPON: (SEE<br>IMAGE) AND RECEIPT FOR INMATE ATTACHED | 0.00 | 0.00 |
| 141 | 01/19/89 | LETTER FROM SUPREME COURT WASHINGTON DC TO<br>JOHN F HOLCOMB | 0.00 | 0.00 |
| 142 | 01/19/89 | MOTION FILED Attorney: EICHEL, DANIEL G<br>(08259) | 0.00 | 0.00 |
| 143 | 02/06/89 | JOURNAL ENTRY FILED | 2.00 | 2.00 |
| 144 | 02/10/89 | APPLICATION, STATEMENT & MOTION &<br>ENTRY/ATTY FEES & AFFIDAVIT OF INDIGENCY<br>FILED,for atty.: MICHAEL D SHANKS, IN<br>AMOUNT OF $1,386.00 | 6.00 | 6.00 |
| 145 | 05/09/89 | MOTION TO EXTEND TIME TO FILE PRERIAL<br>MOTIONS AND MOTION TO CONTINUE<br>SENTENCING/MITIGATION HEARING FILED<br>Attorney: GARRETSON, JOHN A (00831),<br>Attorney: SHANKS, MICHAEL D (18906)/PER<br>PHONE AND Attorney: EVANS, TIMOTHY R<br>(18590)/PER PHONE | 0.00 | 0.00 |

```
Date: 12/19/2012  16:08:41.3        Docket Sheet           Page: 17

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr   Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|-----------------------------------------------------------------------|----------------------------------|-------------|
| 146 | 06/05/89 | NOTICE OF HEARING OF MITIGATION SET 8-4-<br>AT 9:00 AM BEFORE JUDGE MOSER, WILLIAM R<br>STITSINGER AND HENRY J BRUEWER | 0.00 | 0.00 |
| 147 | 06/28/89 | ENTRY FILED | 2.00 | 2.00 |
| 148 | 06/29/89 | WITHDRAW OF JURY WAIVER FILED Attorney:<br>EVANS, TIMOTHY R (18590) | 2.00 | 2.00 |
| 149 | 06/29/89 | MOTION FILED Attorney: EVANS, TIMOTHY R<br>(18590), FILED 3-5-99 SUPREME COURT OF<br>OHIO 99-0252 AND 3-5-91, 90-2524 | 0.00 | 0.00 |
| 150 | 06/29/89 | MOTION TO WITHDRAW THE JURY WAIVER FILED<br>Attorney: EVANS, TIMOTHY R (18590) | 0.00 | 0.00 |
| 151 | 07/18/89 | MOTION FOR FURTHER PSYCHOLOGICAL<br>EVALUATIONS, APPOINTMENT OF A SOCIAL<br>WORKER TO PREPARE A SOCIAL HISTORY AND FOR<br>PAYMENT OF EXTRA-ORDINARY EXPENSES FOR<br>SAID EXPERTS FILED Attorney: GARRETSON,<br>JOHN A (00831) AND Attorney: SHANKS,<br>MICHAEL D | 0.00 | 0.00 |
| 152 | 07/18/89 | MOTION TO PROHIBIT THREE-JUDGE PANEL FROM<br>RESENTENCING TO DEATH AND MOTION TO<br>DISQUALIFY PANEL FILEDAttorney: GARRETSON,<br>JOHN A (00831), Attorney: SHANKS, MICHAEL<br>D (18906) AND Attorney: EVANS, TIMOTHY R<br>(18590) | 0.00 | 0.00 |
| 153 | 07/20/89 | RETURN COPIES OF SUBPOENAS ISSUED (SEE<br>IMAGES) | 6.00 | 6.00 |
| 154 | 07/20/89 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 8.00 | 8.00 |
| 155 | 07/21/89 | MOTION TO STRIKE DEFT'S WITHDRAWAL OF JURY<br>WAIVER AND MEMORANDUM FILED FIRST ASST<br>PROS Attorney: EICHEL, DANIEL G (08259) | 0.00 | 0.00 |
| 156 | 07/24/89 | ORDER RE TRANSCRIPT OF DEFT AND SETTING<br>HEARING DATE ON REMAND | 2.00 | 2.00 |
| 157 | 07/24/89 | MOTION TO RENEW PRETRIAL MOTIONS FILED<br>Attorney: SHANKS, MICHAEL D (18906),<br>GARRETSON AND EVANS | 0.00 | 0.00 |
| 158 | 07/24/89 | MOTION TO PERMIT THE DEFENSE TO ADMIT ALL<br>RELEVANT EVIDENCE AT THE SENTENCING PHASE<br>FILED Attorney: SHANKS, MICHAEL D (18906),<br>GARRETSON AND EVANS | 0.00 | 0.00 |

Date: 12/19/2012  16:08:41.4          Docket Sheet                Page: 18

CRTR5925                                  Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------|-------------------------------|-------------|
| 159 | 07/25/89 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGES) | 0.00 | 0.00 |
| 160 | 07/25/89 | AFFIDAVIT OF DAN EICHEL | 0.00 | 0.00 |
| 161 | 07/26/89 | PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 2.00 | 2.00 |
| 162 | 07/26/89 | RETURN COPIES OF PRECIPE FILED SUBPOENA ISSUED (SEE IMAGES) | 2.00 | 2.00 |
| 163 | 07/26/89 | MEMORANDUM IN OPPOSITION TO DEFT'S MOTION TO PROHBIT 3-JUDGE PANEL FROM RESENTENCING TO DEATH AND TO DISQUALIFY PANEL FILED FIRST ASST PROS Attorney: EICHEL, DANIEL G (08259) | 0.00 | 0.00 |
| 164 | 07/26/89 | ENTRY FILED | 4.00 | 4.00 |
| 165 | 07/27/89 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGE) | 0.00 | 0.00 |
| 166 | 08/01/89 | ENTRY AS TO MOTIONS HEARD JULY 31 1989 | 4.00 | 4.00 |
| 167 | 08/04/89 | RETURN RECEIPT OF CERTIFIED MAIL OF (SEE IMAGES) | 0.00 | 0.00 |
| 168 | 08/07/89 | JUDGEMENT OF CONVICTION ENTRY FILED | 6.00 | 6.00 |
| 169 | 08/10/89 | OPINION FILED | 6.00 | 6.00 |
| 170 | 09/06/89 | NOTICE OF APPEAL FILED DAVID C STEBBINS, SENIOR ASST PUBLIC DEFENDER IN CA1989 09 0123 | 0.00 | 0.00 |
| 171 | 09/13/89 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES FILED for atty.:  JOHN A GARRETSON IN AMOUNT OF $850.00 | 8.00 | 8.00 |
| 172 | 09/13/89 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES FILED for atty.:  MICHAEL D SHANKS, IN AMOUNT OF $827.00 | 8.00 | 8.00 |
| 173 | 09/20/89 | RETURN RECEIPT OF CERTIFIED MAIL OF CLERK OHIO SUPREME COURT | 0.00 | 0.00 |

```
Date: 12/19/2012  16:08:41.5          Docket Sheet            Page: 19

CRTR5925                                 Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|----------------------------------|-------------|
| 174 | 09/20/89 | RETURN-PERSONAL SERVICE OF EXECUTION FOR<br>COSTS IN FELONY | 3.70 | 3.70 |
| 175 | 10/03/89 | COPIES OF CASE DOCKET SHEET ISSUED - FILED<br>3-5-91 SUPREME COURT #90-2524 | 2.25 | 2.25 |
| 176 | 02/05/90 | COST BILL - TOTAL FEES $1,383.40 - FILED<br>3-5-91 IN SUPREME COURT OF OHIO #90-2524 | 0.00 | 0.00 |
| 177 | 02/09/90 | CERTIFICATE OF MAILINGS (SEE IMAGES) | 0.00 | 0.00 |
| 178 | 02/13/90 | COPY OF JOURNAL ENTRY FILED IN CA89 09 123 | 2.00 | 2.00 |
| 179 | 04/10/90 | PLEASE SEE DOCKET FOR PREVIOUS FILINGS | 0.00 | 0.00 |
| 180 | 05/07/90 | APPOINTMENT OF ATTORNEY FOR INDIGENT<br>DEFENDANT (NUNC PRO TUNC<br>5/27/86),BRUEWER,J. (IMAGED ABOVE)<br>26-42-145 | 2.00 | 2.00 |
| 181 | 05/07/90 | APPOINTMENT OF ATTORNEY FOR INDIGENT<br>DEFENDANT (NUNC PRO TUNC<br>5/27/86),BRUEWER,J. | 2.00 | 2.00 |
| 182 | 10/29/90 | MANDATE FILED AFFIRMING CA89 09 0123<br>(IMAGED UNDER JUDGMENT ENTRY)<br>--146 | 2.00 | 2.00 |
| 183 | 10/29/90 | JUGMENT ENTRY FILED - MANDATE CA89 09 123<br>- COPY OF OPINION ATTACHED | 2.00 | 2.00 |
| 184 | 03/30/92 | [ Clerk's memo ] : SUPREME CT.OH  upheld<br>(affirmed 12th District Decision) for<br>DEATH PENALTY CA89 09 0123 S.C.OH.# 90-2524<br>--147 | 0.00 | 0.00 |
| 185 | 03/31/92 | [ Clerk's memo ] : COPY OF SUPREME CT OF<br>OH MANDATE AFIRMING & UPHOLDING DEATH<br>PENALTY FILED, COPIES TO Grace White for<br>issuance of Death Warrant & certified copy<br>of Mandate to institution/<br><br>  & copy to trial court file/CA-Midd &<br>Moser,J<br>--148 | 0.00 | 0.00 |
| 186 | 04/08/92 | ALL PAPERS RETURN FROM SUPREME COURT OF OH | 0.00 | 0.00 |
| 187 | 05/19/92 | [ Clerk's memo ] : DATE OF SCHEDULED<br>EXECUTION | 0.00 | 0.00 |

```
Date: 12/19/2012  16:08:41.6          Docket Sheet              Page: 20

CRTR5925                                Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|-----------------------------------------------------------|----------|----------|
| 188 | 10/08/93 | EVIDENTIARY HEARING REQUSTED ; PETITION<br>TO VACATE OR SET ASIDE SENTENCE: R.C.<br>2953.21 FILED BY ATTY JOANN BOUR-STOKES &<br>LINDA E  PRUCHA FOR DEFENDANT<br>--149 | 0.00 | 0.00 |
| 189 | 10/08/93 | EVIDENTIARY HEARING REQUESTED; PETITION<br>TO VACATE OR SET ASIDE SENTENCE;<br>R.C.2953.21 FILED BY ATTY JOANN<br>BOUR-STOKES/LINDA E PRUCHA FOR DEFENDANT<br>(EXHIBITS ATTACHED)<br>--150 | 0.00 | 0.00 |
| 190 | 10/18/93 | ASSIGNMENT OF JUDGE CREHAN FROM JUDGE<br>MOSER FILED ELLIOTT,J<br>311-576-151 | 0.00 | 0.00 |
| 191 | 10/18/93 | ANSWER AND MOTION TO DISMISS DEFT'S<br>PETITION FOR POSTCONVICTION RELIEF FILED<br>--152 | 0.00 | 0.00 |
| 192 | 10/20/93 | DEFT'S MOTION FOR JUDGE MOSER TO RECUSE<br>HIMSELF FILED<br>--153 | 0.00 | 0.00 |
| 193 | 03/14/94 | ORDER SETTING CONFERENCE FOR 3/30/94 AT<br>4:00PM FILED CREHAN,J<br>349-573-154 | 2.00 | 2.00 |
| 194 | 03/30/94 | STATE'S MOTION FOR LEAVE TO FILE<br>ADDITIONAL PAGE OF THE STATE'S MEMORANDUM<br>IN SUPPORT OF MOTION TO DIMISS FILED/DAN<br>EICHEL,ATTY<br>--155 | 0.00 | 0.00 |
| 195 | 04/04/94 | JOURNAL ENTRY SETTING DATE FOR ORAL<br>ARGUMENT SET: 6/24/94 9:00 AM FILED<br>CREHAN,J<br>355-559-156 | 4.00 | 4.00 |
| 196 | 04/07/94 | AMENDED ENTRY SETTING DATE FOR ORAL<br>ARGUMENT FILED CREHAN,J<br>356-637-157 | 4.00 | 4.00 |
| 197 | 04/11/94 | DEFT'S MOTION TO STRIKE AND MEMORANDUM<br>FILED/JOANN BOUR-STOKES AND L PRUCHA,ATTYS<br>--158 | 0.00 | 0.00 |
| 198 | 04/12/94 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S<br>MOTION TO STRIKE FILED BY ATTY DAN EICHEL<br>--159 | 0.00 | 0.00 |
| 199 | 07/12/94 | SUPPLEMENTAL MEMORANDUM FILED<br>--160 | 0.00 | 0.00 |
| 200 | 11/01/94 | ENTRY RE: DEFTS MOTION FOR POST<br>CONVICTION RELIEF;MOTION TO STRIKE AND<br>SETTING DATE FOR EVIDENTIARY HEARING<br>11/23/94 FILED,CREHAN,J (DAVIS)<br>411-508-161 | 16.00 | 16.00 |
| 201 | 11/16/94 | HEARING ON PETITION FOR POST-CONVICTION<br>RELIEF SET 12-20-94 1:15 FILED ASSIGNMENT<br>COMMISSIONER CINDY BAKER<br>--162 | 0.00 | 0.00 |

```
Date: 12/19/2012  16:08:41.7          Docket Sheet              Page: 21

CRTR5925                               Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|----------------------------------|-------------|
| 202 | 12/05/94 | DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FILED JOANN M JOLSTAD, LINDA E PRUCHA OH PUBLIC DEFENDER --163 | 0.00 | 0.00 |
| 203 | 12/05/94 | PRECIPE FILED SUBPOENA ISSUED TO HON. JOHN R. MOSER, HON. WILLIAM R. STITSINGER ON DECEMBER 5, 1994 BY JOHN F. HOLCOMB, PROS. ATTY. | 4.00 | 4.00 |
| 204 | 12/05/94 | MOTION TO SECURE ATTENDANCE OF VON CLARK DAVIS AT POST-CONVICITON EVIDENTIARY HEARING FILED JOANN M JOLSTAD, OH PUBLIC DEFENDER FOR VON CLARK DAVIS --164 | 0.00 | 0.00 |
| 205 | 12/07/94 | ORDER: WARRANT TO CONVEY PRISONER FOR POST CONVICTION HEARING R.C. 2953.22 FILED SAGE,J FOR CREHAN,J  (VON CLARK DAVIS) 420-688-165 | 2.00 | 2.00 |
| 206 | 12/09/94 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON. JOHN R. MOSER ON DECEMBER 9, 1994 BY JIM FARQUIS, PROCESS SERVER | 0.00 | 0.00 |
| 207 | 12/14/94 | ORDER VACATING WARRANT TO CONVEY PRISONER AND RESCHEDULING HEARING DATE UNTIL 1-11-95 10L00AM FILED CREHAN,J 422-343-166 | 2.00 | 2.00 |
| 208 | 01/05/95 | ORDER: warrant to convey prisoner for postconviction hearing filed  SAGE,J FOR MATTHEW J CREHAN  (VON CLARK DAVIS) 428-629-167 | 2.00 | 2.00 |
| 209 | 01/06/95 | PRECIPE FILED SUBPOENA ISSUED TO HON. WILLIAM R. STITSINGER, HON. JOHN R. MOSER ON JANUARY 6, 1995 BY JOHN F. HOLCOMB, ATTY. | 4.00 | 4.00 |
| 210 | 01/06/95 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON. JOHN R. MOSER ON JANUARY 6, 1995 BY PROCESS SERVER | 0.00 | 0.00 |
| 211 | 01/06/95 | RETURN:PERSONAL SERVICE OF SUBPOENA UPON : TO HON WILLIAM R. STITSINGER ON JANUARY 6, 1995 BY PROCESS SERVER | 0.00 | 0.00 |
| 212 | 01/12/95 | JOURNAL ENTRY : ORDER TO RETURN DEFENDANT TO SOUTHERN OH CORRECTIONAL FACILITY FILED CREHAN,J 430-259-168 | 2.00 | 2.00 |
| 213 | 01/12/95 | TRANSCRIPT FEE | 72.50 | 72.50 |
| 214 | 01/25/95 | JOURNAL ENTRY STATEMENT FROM SHIRLEY ROESCH TO PROSECUTOR'S OFFICE $72.50 FILED CREHAN,J 433-196-169 | 4.00 | 4.00 |

```
Date: 12/19/2012  16:08:41.8          Docket Sheet              Page: 22

CRTR5925                                 Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---|---|---|
| 215 | 01/25/95 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT<br>FEE\Ct.Reprtr SHIRLEY ROESCH $72.50 FILED<br>CREHAN,J<br>433-197-170 | 2.00 | 2.00 |
| 216 | 01/30/95 | CERTIFICATE \ TRANSCRIPT FEES ,filed<br>(amount +$2.in line 3) (certifed<br>copies>Auditor) $217.50 TO SHIRLEY<br>ROESCH,COURT REPORTER FILED CREHAN,J<br>434-101-173 | 2.00 | 2.00 |
| 217 | 01/30/95 | EXHIBIT FILED BY COURT REPORTER SHIRLEY<br>ROESCH *** FILED @ RECORDS CENTER***<br>--172 | 0.00 | 0.00 |
| 218 | 01/30/95 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT<br>FEE\Ct.Reprtr $217.50 TO SHIRELEY<br>ROESCH,COURT REPORTER FILED CREHAN,J<br>434-102-174 | 2.00 | 2.00 |
| 219 | 01/30/95 | *TRANSCRIPT OF POST CONVICTION RELIEF<br>HEARING FILED SHIRLEY ROESCH,COURT<br>REPORTER *** FILED @ RECORDS CENTER***<br>--171 | 0.00 | 0.00 |
| 220 | 01/30/95 | TRANSCRIPT FEE | 217.50 | 217.50 |
| 221 | 02/21/95 | POST EVIDENTIARY HEARING BRIEF FILED<br>--175 | 0.00 | 0.00 |
| 222 | 02/22/95 | SHERIFFS RETURN OF PERSONAL SERVICE OF<br>ENTRY UPON: VON CLARK DAVIS  DATE:<br>01-10-95 BY BCSD | 3.00 | 3.00 |
| 223 | 02/28/95 | SHERIFFS RETURN OF PERSONAL SERVICE OF<br>ENTRY UPON: VON CLARK DAVIS  DATE:<br>02-11-95 BY BCSD  (PER JAIL ALREADY) | 0.00 | 0.00 |
| 224 | 03/02/95 | STATE'S MEMORANDUM IN RESPONSE FILED<br>--176 | 0.00 | 0.00 |
| 225 | 03/15/95 | POST-EVIDENTIARY HEARING REPLY BRIEF<br>FILED JOANN JOLSTAD, LINDA E PRUCHA, ATTYS<br>FOR VON CLARK DAVIS<br>--177 | 0.00 | 0.00 |
| 226 | 06/30/95 | FINAL APPEALABLE ORDER  DISMISSAL ENTRY;<br>PETITIONER'S PETITION FOR A HEARING IS<br>DENIED AND THE MOTION OF THE STATE OF OHIO<br>TO DISMISS THE PETITION FOR<br>POST-CONVICTION RELIEF IS GRANTED FILED<br>CREHAN,J<br>480-581-178 | 0.00 | 0.00 |
| 227 | 07/31/95 | NOTICE OF APPEAL FILED/CA95 07 0124<br>cc:CA-Midd;Judge;CDS\file & by<br>mail\attys\parties indicated as of record<br>BY LINDA E PRUCHA & TRACEY LEONARD,ASST ST<br>PUBLIC DEFENDER,ATTYS<br>--179 | 25.00 | 25.00 |

```
Date: 12/19/2012  16:08:41.9          Docket Sheet              Page: 23

CRTR5925                                Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|----------------------------------|-------------|
| 228 | 10/09/96 | MANDATE filed,forwarded to C.A.fileroom<br>clerk > 12thDistrict AppealsCourt # CA95<br>07 124 PAGE 22 CORRECTED OPINION  9-30-96 | 0.00 | 0.00 |
| 229 | 10/09/96 | CERTIFIED COPY OF CORRECTED PAGE<br>TWENTY-TWO FOR BUTLER CA95 07 124 OPINION<br>RELEASED 9-30-96 FILED 3-5-99 SUPREME<br>COURT OF OHIO 99-0252 | 2.00 | 2.00 |
| 230 | 02/25/99 | ALL PAPERS SENT TO SUPREME COURT OF OHIO | 0.00 | 0.00 |
| 231 | 09/15/99 | ALL PAPERS RETURN FROM SUPREME COURT OF<br>OHIO | 0.00 | 0.00 |
| 232 | 10/18/07 | ENTRY SCHEDULING STATUS CONFERENCE FILED | 2.00 | 2.00 |
| 233 | 11/06/07 | APPOINTMENT OF ATTORNEY FOR INDIGENT<br>DEFENDANT RANDALL L PORTER, ASST. PUBLIC<br>DEFENDER FOR DEFENDANT VON CLARK DAVIS<br>--180 | 2.00 | 2.00 |
| 234 | 11/19/07 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM  OHIO STATE PENITENTIARY  ON<br>12/03/2007 @ 9:00 AM FILED<br>--181 | 6.00 | 6.00 |
| 235 | 11/27/07 | WAIVER OF APPEARANCE OF VON CLARK DAVIS<br>FOR THE NOVEMBER 05, 2007 STATUS<br>CONFERENCE FILED Attorney: PORTER, RANDALL<br>L (0005835)<br>--182 | 4.00 | 4.00 |
| 236 | 12/03/07 | NOTICE OF FILING BY VON CLARK DAVIS FILED<br>Attorney: PORTER, RANDALL L (0005835)<br>--183 | 0.00 | 0.00 |
| 237 | 12/04/07 | Time Waiverof Speedy Trial requirements<br>filed<br>--184 | 2.00 | 2.00 |
| 238 | 12/04/07 | Time Waiverof Speedy Trial requirements<br>filed | 4.00 | 4.00 |
| 239 | 12/05/07 | APPOINTMENT OF TRIAL COUNSEL IN A CAPITAL<br>CASE FILED Attorney: PORTER, RANDALL L<br>(0005835); Attorney: COOK REICH, MELYNDA<br>(0066596)<br>--185 | 2.00 | 2.00 |
| 240 | 12/06/07 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: HEARING<br>Date: 02/04/2008    Time: 2:00 pm<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor | 0.00 | 0.00 |

```
Date: 12/19/2012  16:08:42.0        Docket Sheet              Page: 24

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------|------|------|
| 241 | 12/19/07 | ORDER GRANTING A NEW SENTENCING HEARING<br>FILED<br>--186 | 2.00 | 2.00 |
| 242 | 12/21/07 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM OHIO STATE PENITENTIARY  ON<br>02/04/2008 @ 1:00 PM FILED<br>--187 | 6.00 | 6.00 |
| 243 | 02/05/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: MOTION<br>Date: 03/06/2008    Time: 3:00 pm<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor | 0.00 | 0.00 |
| 244 | 02/05/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: MOTION<br>Date: 06/26/2008    Time: 9:00 am<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor<br><br>Result: VACATED | 0.00 | 0.00 |
| 245 | 02/06/08 | LETTER TO JUDGE NASTOFF REGARDING VON<br>CLARK DAVIS FILED | 0.00 | 0.00 |
| 246 | 02/15/08 | BON CLARK DAVIS MOTION TO BE HEARD EX<br>PARTE ON MOTIONS FOR APPROPRIATION OF FUNDS<br>Attorney: PORTER, RANDALL (0005835)<br>--188 | 0.00 | 0.00 |
| 247 | 02/20/08 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM  OHIO STATE PENITENTIARY ON 03/06 2008<br>--189 | 6.00 | 6.00 |
| 248 | 02/26/08 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S<br>MOTION TO PERMIT THE ACCUSED TO BE HEARD<br>EX PARTE ON APPROPRIATION OF FUNDS FOR<br>EXPERT ASSISTANCE<br>Attorney: EICHEL, DANIEL G (08259)<br>Attorney: OSTER JR Junior, MICHAEL A<br>(0076491)<br>--190 | 0.00 | 0.00 |
| 249 | 03/14/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: HEARING<br>Date: 03/18/2008    Time: 4:00 pm<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor | 0.00 | 0.00 |
| 250 | 03/18/08 | ENTRY REGARDING POTENTIAL THREE-JUDGE<br>PANEL FILED<br>--191 | 4.00 | 4.00 |
| 251 | 03/19/08 | ENTRY GRANTING DEFENDANT'S MOTION AND<br>MEMORANDUM FOR THE APPROPRIATION OF FUNDS<br>FOR A MITIGATION SPECIALIST FILED<br>--192 | 2.00 | 2.00 |

```
Date: 12/19/2012  16:08:42.1        Docket Sheet           Page: 25

CRTR5925                               Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|---------|---------|---------|
| 252 | 03/19/08 | ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A PRIVATE INVESTIGATOR FILED --193 | 2.00 | 2.00 |
| 253 | 03/31/08 | ENTRY AS TO RELEASE OF INSTITUTIONAL RECORDS FILED --194 | 2.00 | 2.00 |
| 254 | 04/03/08 | ENTRY UNDER SEAL; ENTRY GRANTING DEFENDANT'S MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A PSYCHOLOGIST FILED NASTOFF,J --195 | 0.00 | 0.00 |
| 255 | 04/03/08 | ENTRY UNDER SEAL FILED NASTOFF,J | 2.00 | 2.00 |
| 256 | 04/03/08 | ENTRY UNDER SEAL;  ENTRY GRANTING DEFENDANT'S  MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A NEUROPSYCHOLOGIST FILED NASTOFF,J --196 | 0.00 | 0.00 |
| 257 | 04/03/08 | ENTRY UNDER SEAL FILED NASTOFF,J | 2.00 | 2.00 |
| 258 | 04/10/08 | VON CLARK DAVIS' MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED Attorney: COOK-REICH, MELYNDA (0066596) --197 | 0.00 | 0.00 |
| 259 | 04/15/08 | VON CLARK DAVIS' AMENDED MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED Attorney: COOK REICH, MELYNDA (0066596) --198 | 0.00 | 0.00 |
| 260 | 04/22/08 | STATE'S MEMORANDUM IN RESPONSE, OPPOSING DEFENDANT'S AMENDED MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER IFLED Attorney: EICHEL, DANIEL G (0008259) --199 | 0.00 | 0.00 |
| 261 | 04/23/08 | NOTICE OF APPEAL OF VON CLARK DAVIS CA2008 04 0111 FILED copy to CA, Appellee & counsel; Judge, CA deputy clerk Attorney: PORTER, RANDALL L (0005835) | 25.00 | 25.00 |
| 262 | 05/01/08 | VON CLARK DAVIS' REPLY IN SUPPORT OF HIS MOTION FOR THE COURT TO RESCIND ITS MARCH 31, 2008 ORDER FILED Attorney: COOK REICH, MELYNDA (0066596) --200 | 0.00 | 0.00 |
| 263 | 05/08/08 | JOURNAL ENTRY FILED --201 | 2.00 | 2.00 |

```
Date: 12/19/2012  16:08:42.2        Docket Sheet              Page: 26

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------|------|------|
| 264 | 05/16/08 | VON CLARK DAVIS' MOTION FOR EXTENSION OF TIME TO FILE DEFENDANT'S MOTIONS FILED Attorney: COOK REICH, MELYNDA (0066596) --202 | 0.00 | 0.00 |
| 265 | 05/20/08 | ENTRY GRANTING MOTION FOR EXTENSION OF TIME FILED --203 | 2.00 | 2.00 |
| 266 | 05/22/08 | JUDGMENT ENTRY FILED --204 | 4.00 | 4.00 |
| 267 | 05/27/08 | VON CLARK DAVIS'S MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (APPENDIX, VOLUME I) FILED Attorney: PORTER, RANDALL L (0005835) --205 | 0.00 | 0.00 |
| 268 | 05/27/08 | VON CLARK DAVIS' MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (APPENDIX, VOLUME II) FILED Attorney: PORTER, RANDALL L (0005835) --206 | 0.00 | 0.00 |
| 269 | 05/27/08 | VON CLARK DAVIS' MOTION TO PRECLUDE IMPOSITION OF THE DEATH PENALTY BECAUSE OHIO'S LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT (EVIDENTIARY HEARING REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) --207 | 0.00 | 0.00 |
| 270 | 05/27/08 | VON CLARK DAVIS' MOTION FOR DISCLOSURE OF EXCULPATORY EVIDENCE (ORAL ARGUMENT REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) --208 | 0.00 | 0.00 |
| 271 | 05/27/08 | VON CLARK DAVIS'S MOTION TO REQUIRE A SEALED COPY OF THE PROSECUTION'S FILE BE MADE PART OF THE RECORD FILED Attorney: PORTER, RANDALL L (0005835) --209 | 0.00 | 0.00 |
| 272 | 05/27/08 | VAN CLARK DAVIS' MOTION TO DISMISS THE CAPITAL SPECIFICATION CONTAINED IN INDICTMENT (ORAL ARGUMENT REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) --210 | 0.00 | 0.00 |
| 273 | 05/28/08 | STATE'S MOTION FOR CONTINUANCE AND AN EXTENSION OF TIME TO FILE MOTIONS/MEMORANDA IN RESPONSE TO DEFENDANT'S  MOTION FILED 5/27/2008 FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER JR Junior, MICHAEL A (0076491) --211 | 0.00 | 0.00 |

```
Date: 12/19/2012  16:08:42.4          Docket Sheet                Page: 27

CRTR5925                                Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|--------------------------------------------------------------------------|----------------------------------|-------------|
| 274 | 05/28/08 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO REQUIRE A SEALED COPY OF THE PROSECUTOR'S FILE TO BE MADE PART OF THE RECORD FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER JR Junior, MICHAEL A (0076491)<br>--212 | 0.00 | 0.00 |
| 275 | 05/28/08 | VON CLARK DAVIS' MOTION TO SUPPRESS PRETRIAL AND TRIAL IDENTIFICATIONS FILED Attorney: PORTER, RANDALL L (0005835)<br>--213 | 0.00 | 0.00 |
| 276 | 05/30/08 | VON CLARK DAVIS' LIMITED DEMAND FOR DISCOVERY FILED Attorney: PORTER, RANDALL L (0005835)<br>--214 | 0.00 | 0.00 |
| 277 | 05/30/08 | VON CLARK DAVIS' MOTION FOR PRE-TRIAL DISCLOSURE OF POLICE REPORTS AND WITNESS STATEMENTS FILED Attorney: PORTER, RANDALL L (0005835)<br>--215 | 0.00 | 0.00 |
| 278 | 05/30/08 | VON CLARK DAVIS' MOTION TO COMPEL LAW ENFORCEMENT OFFICIALS TO PROVIDE THE PROSECUTING ATTORNEY WITH ALL THE INFORMATION ACQUIRED DURING THE COURSE OF THEIR INVESTIGATION FILED Attorney: PORTER, RANDALL L (0005835)<br>--216 | 0.00 | 0.00 |
| 279 | 06/04/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: HEARING<br>Date: 06/12/2008   Time: 3:00 pm<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv Ctr 3rd floor | 0.00 | 0.00 |
| 280 | 06/04/08 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM  STATE PENITENTIARY FILED<br>--217 | 6.00 | 6.00 |
| 281 | 06/13/08 | VON CLARK DAVIS' FIRST NOTICE OF ADDITIAL AUTHORITY (EVIDENTIARY HEARING REQUESTED) FILED Attorney: PORTER, RANDALL L (0005835) (FAX COPY)<br>--218 | 0.00 | 0.00 |
| 282 | 06/16/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br><br>The following event: MOTION scheduled for 06/26/2008 at 9:00 am has been rescheduled as follows:<br><br>Event: MOTION<br>Date: 08/27/2008   Time: 9:00 am<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv Ctr 3rd floor | 0.00 | 0.00 |

```
Date: 12/19/2012  16:08:42.5         Docket Sheet              Page: 28

CRTR5925                               Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------------------|----------------------------------|-------------|
| 283 | 06/27/08 | VON CLARK DAVIS' MEMORANDUM CONCERNING HIS<br>RIGHT TO A JURY TRIAL WITH RESPECT TO<br>RESENTENCING (EVIDENTIARY HEARING<br>REQUESTED PLEADING L) FILED Attorney:<br>PORTER, RANDALL L (0005835) (FAX COPY)<br>--219 | 0.00 | 0.00 |
| 284 | 06/27/08 | VON CLARK DAVIS' MOTION TO SUPPRESS<br>PRETRIAL AND TRIAL IDENTIFICATION<br>(EVIDENTIARY HEARING REQUESTED PLEADING K)<br>FILED<br>Attorney: PORTER, RANDALL L (0005835) (FAX<br>COPY)<br>--220 | 0.00 | 0.00 |
| 285 | 06/30/08 | VON CLARK DAVIS' MOTION  FOR FUNDING TO<br>RETAIN DR. MARK HEATH, M.D. (ORAL ARGUMENT<br>REQUESTED PLEADING N) FILED<br>Attorney: PORTER, RANDALL L (0005835)<br>--221 | 0.00 | 0.00 |
| 286 | 06/30/08 | VON CLARK DAVIS' MOTION TO PRECLUDE THE<br>STATE FROM SEEKING THE DEATH PENALTY (ORAL<br>ARGUMENT REQUESTED PLEADING M) FILED<br>Attorney: PORTER, RANDALL L (0005835)<br>--222 | 0.00 | 0.00 |
| 287 | 06/30/08 | VON CLARK DAVIS' MOTION TO TRANSCRIBE THE<br>GRAND JURY PROCEEDINGS (ORAL ARGUMENT<br>REQUESTED PLEADING O) FILED<br>Attorney: PORTER, RANDALL L (0005835)<br>--223 | 0.00 | 0.00 |
| 288 | 07/25/08 | STATE'S MEMORANDUM IN OPPOSITION TO<br>DEFENDATN'S MEMORANDUM "L" "CONCERNING<br>RIGHT TO A JURY TRIAL WITH RESPECT TO<br>RESENTENCING" [sic] FILED Attorney:<br>EICHEL, DANIEL G (0008259)<br>--224 | 0.00 | 0.00 |
| 289 | 07/25/08 | MEMORANDUM IN OPPOSITION TO PRECLUDE USE<br>OF DEATH PENALTY FILED Attorney: EICHEL,<br>DANIEL G (0008259)<br>--225 | 0.00 | 0.00 |
| 290 | 07/25/08 | STATE'S MEMORANDUM IN OPPOSITION TO<br>DEFENDANT'S MOTION "M" TO PRECLUDE THE<br>STATE FROM SEEKING THE DEATH PENALTY FILED<br>Attorney: EICHEL, DANIEL G (0800259)<br>--226 | 0.00 | 0.00 |
| 291 | 07/25/08 | STATE'S MEMORANDUM "O" IN OPPOSITION TO<br>DEFENDANT'S MOTION FOR A PRE-TRIAL COPY OF<br>THE TRANSCRIPT OF GRAND JURY PROCEEDINGS<br>FILED Attorney: EICHEL, DANIEL G (0008259)<br>--227 | 0.00 | 0.00 |
| 292 | 07/25/08 | STATE'S MEMORANDUM "N" IN OPPOSITION TO<br>DEFENDANT'S MOTION FOR FUNDING TO RETAIN<br>AN EXPERT FILED Attorney: EICHEL, DANIEL G<br>(0008259)<br>--228 | 0.00 | 0.00 |

```
Date: 12/19/2012  16:08:42.6          Docket Sheet                    Page: 29

CRTR5925                               Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------|-------------------------------|-------------|
| 293 | 07/25/08 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "I" FOR PRE-TRIAL DISCLOSURE OF POLICE REPORTS AND WITNESS STATEMENTS FILED Attorney: EICHEL, DANIEL G (0008259) --229 | 0.00 | 0.00 |
| 294 | 07/25/08 | STATE'S SUPPLEMENTAL DISCOVERY "H" FILED Attorney: EICHEL, DANIEL G (0008259) --230 | 0.00 | 0.00 |
| 295 | 07/25/08 | STATE'S MOTION TO STRIKE AND MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTIONS TO SUPPRESS PRETRIAL AND TRIAL IDENTIFICATIONS [DESIGNATED MOTION "G" AND "K"] FILED Attorney: EICHEL, DANIEL G (0008259) --231 | 0.00 | 0.00 |
| 296 | 07/25/08 | STATE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION "F" TO DISMISS THE CAPITAL SPECIFICATION CONTAINED IN THE INDICTMENT FILED Attorney: EICHEL, DANIEL G (0008259) --232 | 0.00 | 0.00 |
| 297 | 07/25/08 | STATE'S MEMORANDUM "D" IN RESPONSE TO DEFENDANT'S MOTION FOR EXCULPATORY EVIDENCE FILED Attorney: EICHEL, DANIEL G (0008259) --233 | 0.00 | 0.00 |
| 298 | 07/25/08 | STATE'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION "J" TO COMPEL LAW ENFORCEMENT OFFICIALS TO PROVIDE THE PROSECUTING ATTORNEY WITH ALL THE INFORMATION ACQUIRED DURING THE COURSE OF INVESTIGATION FILED Attorney: EICHEL, DANIEL G (0008259) --234 | 0.00 | 0.00 |
| 299 | 07/28/08 | VON CLARK DAVIS' NOTICE OF INTENT TO APPEAL TO THE OHIO SUPREME COURT FILED Attorney: PORTER, RANDALL L (0005835) --235 | 0.00 | 0.00 |
| 300 | 08/22/08 | Issue Date: 08/22/2008 Service: SUBPOENA BY PROCESS SERVER Method: SERVICE BY PROCESS SERVER Provider: QUILAN, JASON Cost Per: $      1.00 | 8.00 | 8.00 |

```
                  HAMILTON POLICE DEPT
                  CUSTODIAN OF RECORDS
                  331 SOUTH FRONT ST
                  HAMILTON, OH   45011
                  Tracking No: C000059533


                  COLEMAN, WADE

                  HAMILTON, OH   45011
                  Tracking No: C000059534
```

```
Date: 12/19/2012  16:08:42.7          Docket Sheet              Page: 30

CRTR5925                               Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

```
                    WILLIAMS, RONNIE D

                    HAMILTON, OH   45013
                    Tracking No: C000059535


                    BRYANT, MONA ALDRIDGE

                    MIDDLETOWN, OH   45044
                    Tracking No: C000059536


                    LOVETT, MARK

                    MIDDLETOWN, OH   45044
                    Tracking No: C000059537


                    DENMARK, COZETTA MASSEY

                    CINTI, OH   45204
                    Tracking No: C000059538


                    MCCREARY, JODAWNA SOUTHERN

                    CINCINNATI, OH   45231
                    Tracking No: C000059539


                    DENMARK, REGINALD

                    CINCINNATI, OH   45214
                    Tracking No: C000059540
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|----------------------------------------------------------------------|-------------------------------|-------------|
| 301 | 08/22/08 | PRECIPE FILED SUBPOENA ISSUED.  SUBPOENA BY PROCESS SERVER  Sent on: 08/22/2008  12:55:32 | 1.00 | 1.00 |
| 302 | 08/22/08 | PRECIPE FILED SUBPOENA ISSUED.  SUBPOENA BY PROCESS SERVER  Sent on: 08/22/2008  12:55:43 | 1.00 | 1.00 |
| 303 | 08/25/08 | STATE'S SUPPLEMENTAL AUTHORITY FOR MOTION 'C' FILED Attorney: EICHEL, DANIEL G (0008259)  --236 | 0.00 | 0.00 |
| 304 | 08/25/08 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM  OHIO STATE PENITENTIARY FOR A MOTION HEARING ON 08/27/2008 @ 9:00 AM FILED  --237 | 6.00 | 6.00 |
| 305 | 08/25/08 | STATE'S NOTICE OF ADDITIONAL AUTHORITY RE: DEFENDANT'S MOTIONS F, G, I, J, K & L FILED Attorney: EICHEL, DANIEL G (0008259)  --238 | 0.00 | 0.00 |

```
Date: 12/19/2012  16:08:42.8          Docket Sheet               Page: 31

CRTR5925                                Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------------|----------------------------------|-------------|

```
306  08/26/08 PROCESS SERVICE SUCCESSFUL.                        0.00
              Method   : SERVICE BY PROCESS SERVER                            0.00
              Issued   : 08/22/2008
              Service  : SUBPOENA  BY PROCESS SERVER
              Served   : 08/23/2008
              Return   : 08/26/2008
              On       : BRYANT, MONA ALDRIDGE
              Signed By :

              Reason   : PROCESS SERVICE SUCCESSFUL
              Comment  :

              Tracking #: C000059536


307  08/26/08 PROCESS SERVICE SUCCESSFUL.                        0.00
              Method   : SERVICE BY PROCESS SERVER                            0.00
              Issued   : 08/22/2008
              Service  : SUBPOENA  BY PROCESS SERVER
              Served   : 08/23/2008
              Return   : 08/26/2008
              On       : HAMILTON POLICE DEPT
              Signed By :

              Reason   : PROCESS SERVICE SUCCESSFUL
              Comment  :

              Tracking #: C000059533


308  08/26/08 PROCESS SERVICE SUCCESSFUL.                        0.00
              Method   : SERVICE BY PROCESS SERVER                            0.00
              Issued   : 08/22/2008
              Service  : SUBPOENA  BY PROCESS SERVER
              Served   : 08/23/2008
              Return   : 08/26/2008
              On       : COLEMAN, WADE
              Signed By :

              Reason   : PROCESS SERVICE SUCCESSFUL
              Comment  :

              Tracking #: C000059534


309  08/26/08 PROCESS SERVICE SUCCESSFUL.                        0.00
              Method   : SERVICE BY PROCESS SERVER                            0.00
              Issued   : 08/22/2008
              Service  : SUBPOENA  BY PROCESS SERVER
              Served   : 08/23/2008
              Return   : 08/26/2008
              On       : MCCREARY, JODAWNA SOUTHERN
              Signed By :

              Reason   : PROCESS SERVICE SUCCESSFUL
              Comment  :

              Tracking #: C000059539
```

```
Date: 12/19/2012  16:08:42.9          Docket Sheet               Page: 32

CRTR5925                                Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------|---------------------|-------------|

```
310  08/26/08 PROCESS SERVICE SUCCESSFUL.                  0.00
              Method   : SERVICE BY PROCESS SERVER                    0.00
              Issued   : 08/22/2008
              Service  : SUBPOENA  BY PROCESS SERVER
              Served   : 08/23/2008
              Return   : 08/26/2008
              On       : DENMARK, REGINALD
              Signed By :

              Reason   : PROCESS SERVICE SUCCESSFUL
              Comment  :

              Tracking #: C000059540


311  08/26/08 PROCESS SERVICE SUCCESSFUL.                  0.00
              Method   : SERVICE BY PROCESS SERVER                    0.00
              Issued   : 08/22/2008
              Service  : SUBPOENA  BY PROCESS SERVER
              Served   : 08/26/2008
              Return   : 08/26/2008
              On       : WILLIAMS, RONNIE D
              Signed By :

              Reason   : PROCESS SERVICE SUCCESSFUL
              Comment  :

              Tracking #: C000059535


312  08/26/08 PROCESS SERVICE SUCCESSFUL.                  0.00
              Method   : SERVICE BY PROCESS SERVER                    0.00
              Issued   : 08/22/2008
              Service  : SUBPOENA  BY PROCESS SERVER
              Served   : 08/23/2008
              Return   : 08/26/2008
              On       : DENMARK, COZETTA MASSEY
              Signed By :

              Reason   : PROCESS SERVICE SUCCESSFUL
              Comment  :

              Tracking #: C000059538


313  08/26/08 PROCESS SERVICE SUCCESSFUL.                  0.00
              Method   : SERVICE BY PROCESS SERVER                    0.00
              Issued   : 08/22/2008
              Service  : SUBPOENA  BY PROCESS SERVER
              Served   : 08/23/2008
              Return   : 08/26/2008
              On       : LOVETT, MARK
              Signed By :

              Reason   : PROCESS SERVICE SUCCESSFUL
              Comment  :

              Tracking #: C000059537
```

```
Date: 12/19/2012  16:08:43.0          Docket Sheet              Page: 33

CRTR5925                                Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------------|----------------------------------|-------------|
| 314 | 08/28/08 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: MOTION<br>Date: 10/10/2008    Time: 1:30 pm<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor<br><br>Result: VACATED | 0.00 | 0.00 |
| 315 | 08/28/08 | VON CLARK DAVIS' NOTICE OF FILING OF<br>EXHIBITS IN SUPPORT OF MOTION O FILED<br>Attorney: PORTER, RANDALL L (0005835)<br>--239 | 0.00 | 0.00 |
| 316 | 08/28/08 | VON CLARK DAVIS' NOTICE OF FILING OF<br>ADDITIONAL AUTHORITY IN SUPPORT OF<br>PLEADING P FILED Attorney: PORTER, RANDALL<br>L (0005835)<br>--240 | 0.00 | 0.00 |
| 317 | 08/29/08 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM OHIO STATE PENITENTIARY FOR A MOTION<br>HEARING ON 10/10/2008 @ 1:30 PM FILED<br>--241 | 6.00 | 6.00 |
| 318 | 09/09/08 | VON CLARK DAVIS' NOTICE OF FILING OF<br>ADDITIONAL AUTHORITY IN SUPPORT OF<br>PLEADING M FILED Attorney: PORTER, RANDALL<br>L (0005835)<br>--242 | 0.00 | 0.00 |
| 319 | 09/17/08 | VON CLARK DAVIS' MOTION FOR A TWO DAY<br>EXTENSION FOR THE PARTIES TO SUBMIT<br>BRIEFING ON THE RIPENESS ISSUE FILED<br>Attorney: PORTER, RANDALL L (0005835) (FAX<br>COPY)<br>--243 | 0.00 | 0.00 |
| 320 | 09/19/08 | VON CLARK DAVIS' BRIEFING ON THE ISSUE OF<br>RIPENESS FILED Attorney: PORTER, RANDALL L<br>(0005835)<br>--244 | 0.00 | 0.00 |
| 321 | 09/19/08 | SUPPLEMENTAL MEMORANDUM BY STATE IN<br>OPPOSITION TO DEFENDANT'S MOTION "P" TO<br>PRECLUDE IMPOSITION OF THE DEATH PENALTY<br>BY LETHAL INJECTION FILED Attorney:<br>EICHEL, DANIEL G (0008259)<br>--245 | 0.00 | 0.00 |
| 322 | 09/30/08 | ORDER GRANTING MOTION FOR A TWO DAY<br>EXTENSION FOR THE PARTIESTO SUBMIT<br>BRIEFING ON THE RIPENESS ISSUE FILED (FAX<br>COPY)<br>--246 | 2.00 | 2.00 |
| 323 | 10/02/08 | MOTION TO PROVIDE DISCOVERY FILED<br>Attorney: EICHEL, DANIEL G (0008259)<br>--247 | 0.00 | 0.00 |
| 324 | 10/08/08 | VON CLARK DAVIS' WAIVER OF ORAL RAGUMENT<br>SET FOR OCTOBER 10, 2008 FILED Attorney:<br>PORTER, RANDALL L (0005835)<br>--248 | 0.00 | 0.00 |

Date: 12/19/2012  16:08:43.1          Docket Sheet                Page: 34

CRTR5925                               Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------------------------|----------------|-------------|
| 325 | 10/08/08 | VON CLARK DAVIS' WAIVER OF ORAL ARGUMENT<br>SET FOR OCTOBER 10, 2008 FILED Attorney:<br>PORTER, RANDALL L (0005835)<br>--249 | 2.00 | 2.00 |
| 326 | 10/09/08 | MOTION TO VACATE HEARING AND TRANSPORT<br>ORDER FILED Attorney: OSTER Junior,<br>MICHAEL A (0076491)<br>--250 | 0.00 | 0.00 |
| 327 | 10/10/08 | VON CLARK DAVIS' MOTION TO REQUIRE THE<br>BUTLER COUNTY SHERIFF TO CONVEY MR. DAVIS<br>FOR TESTING AND TO MAKE THE APPROPRIATE<br>ACCOMMODATIONS FILED Attorney: PORTER,<br>RANDALL L (0005835)<br>--251 | 0.00 | 0.00 |
| 328 | 10/13/08 | ENTRY AND ORDER ALLOWING NEUROPSYCHOLOGIST<br>ACCESS TO DEFENDANT LOCATED AT BUTLER<br>COUNTY JAIL FILED<br>--252 | 4.00 | 4.00 |
| 329 | 10/15/08 | ORDER TO VACATE HEARING AND TRANSPORT<br>ORDER FILED<br>--253 | 2.00 | 2.00 |
| 330 | 11/07/08 | MOTION "Q" VAN CLARK DAVIS' RESPONSE TO<br>DISCOVERY FILED Attorney: PORTER, RANDALL<br>L (0005835); Attorney: COOK REICH, MELYNDA<br>(0066596)<br>--254 | 0.00 | 0.00 |
| 331 | 11/07/08 | MOTION "S" VON CLARK DAVIS' MOTION FOR TO<br>CONTINUE THE DECEMBER 15, 2008 SENTENCING<br>HEARING FILED Attorney: PORTER, RANDALL L<br>(0005835); Attorney: COOK REICH, MELYNDA<br>(0066596)<br>--255 | 0.00 | 0.00 |
| 332 | 11/07/08 | MOTION "R" VON CLARK DAVIS' SECOND MOTION<br>TO BE HEARD EX PARTE ON FUNDING ISSUES<br>FILED Attorney: PORTER, RANDALL L (0005835)<br>Attorney: COOK REICH, MELYNDA (0066596)<br>--256 | 0.00 | 0.00 |
| 333 | 11/13/08 | STATE'S RESPONSE TO DEFENDANT'S MOTION FOR<br>CONTINUANCE FILED Attorney: OSTER Junior,<br>MICHAEL A (0076491)<br>--257 | 0.00 | 0.00 |
| 334 | 11/18/08 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM  OHIO STATE PENITENTIARY FOR A MOTION<br>HEARING ON 11/24/2008 @ 9:00 AM FILED<br>--258 | 6.00 | 6.00 |
| 335 | 11/24/08 | PRETRIAL COURT JOURNAL ORDER | 2.00 | 2.00 |
| 336 | 12/11/08 | VON CLARK DAVIS' RENEWED MOTION TO STAY<br>THE COURT'S MARCH 31, 2008 ORDER FILED<br>Attorney: PORTER, RANDALL L (0005835)<br>--259 | 0.00 | 0.00 |

Date: 12/19/2012  16:08:43.2          Docket Sheet          Page: 35

CRTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 337 | 12/29/08 | ENTRY JOURNALIZING DECISION ON MOTIONS FILED BY DEFENDANT FILED --260 | 64.00 | 64.00 |
| 338 | 02/06/09 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM  OHIO STATE PENITENTIARY FOR A SENTENCE HEARING ON 05/11/2009 @ 8:30 AM FILED --261 | 6.00 | 6.00 |
| 339 | 03/12/09 | MOTION FOR ORDER OR SANCTIONS UNDER CRIM.R. 16(E)(3) FOR DEFENSE NON-DISCLOSURE OF DISCOVERABLE MATTERS FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER Junior, MICHAEL A (0076491) --262 | 0.00 | 0.00 |
| 340 | 03/17/09 | MOTION IN LIMINE FOR ORDER AS TO PROCEDURE TO BE FOLLOWED FOR CONSIDERATION OF EVIDENCE ADMITTED AT 1984 "GUILT-PHASE" TRIAL FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER Junior, MICHAEL A (0076491) --263 | 0.00 | 0.00 |
| 341 | 03/24/09 | COURT ADMINISTRATION OFFICE HAS SCHEDULED: Event: MOTION Date: 04/02/2009    Time: 1:30 pm Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor  Result: RESET HEARING | 0.00 | 0.00 |
| 342 | 03/24/09 | VON CLARK DAVIS' ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596) (FAX COPY) --264 | 0.00 | 0.00 |
| 343 | 03/25/09 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING FROM OHIO STATE PENITENTIARY FOR A MOTION HEARING ON 04/02/2009 @ 8:30 AM FILED --265 | 6.00 | 6.00 |
| 344 | 03/26/09 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:  The following event: MOTION scheduled for 04/02/2009 at 1:30 pm has been rescheduled as follows:  Event: MOTION Date: 04/08/2009    Time: 10:00 am Judge: NASTOFF, Honorable ANDREW Location: General Division Court Govt Serv Ctr 3rd floor | 0.00 | 0.00 |
| 345 | 03/30/09 | TRANSCRIPT REQUEST FILED  --266 | 0.00 | 0.00 |
| 346 | 04/02/09 | TRANSCRIPT OF PROCEEDING MOTION HEARING ON AUGUST 28, 2008 FILED --267 | 3.00 | 3.00 |

```
Date: 12/19/2012  16:08:43.3        Docket Sheet           Page: 36

CRTR5925                             Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------|------------------|-------------|
| 347 | 04/02/09 | TRANSCRIPT OF PROCEEDING MOTION HEARING ON AUGUST 27, 2008 FILED<br>--268 | 3.00 | 3.00 |
| 348 | 04/02/09 | VON CLARK DAVIS' MOTION TO EXTEND THE TIME TO ANSWER THE STATE'S MOTION IN LIMINE FILED Attorney: PORTER, RANDALL L (0005835)<br>--269 | 0.00 | 0.00 |
| 349 | 04/03/09 | TRANSCRIPT REQUEST FILED<br>--270 | 0.00 | 0.00 |
| 350 | 04/06/09 | VON CLARK DAVIS' MEMORANDUM CONTRA TO THE STATE'S MOTION IN LIMINE FILED Attorney: PORTER, RANDALL L (0005835); Attorney: COOK REICH, MELYNDA (0066596) (FAX COPY)<br>--271 | 0.00 | 0.00 |
| 351 | 04/07/09 | STATE'S SUPPLEMENTAL DISCOVERY FILED Attorney: EICHEL, DANIEL G (0008259)<br>--272 | 0.00 | 0.00 |
| 352 | 04/08/09 | STATE'S REPLY: MEMORANDUM TO THE DEFENDANT'S MEMORANDUM CONTRA THE STATE'S MOTION IN LIMINE RE: PROCEDURE FILED Attorney: EICHEL, DANIEL G (0008259); Attorney: OSTER Junior, MICHAEL A (0076491)<br>--273 | 0.00 | 0.00 |
| 353 | 04/08/09 | VON CLARK DAVIS' NOTICE OF FILING FILED Attorney: PORTER, RANDALL (0005835)<br>--274 | 0.00 | 0.00 |
| 354 | 04/08/09 | NOTICE OF COUNSEL'S CHANGE OF ADDRESS FILED Attorney: PORTER, RANDALL L (0005835)<br>--275 | 0.00 | 0.00 |
| 355 | 04/09/09 | MOTION AND CERTIFICATION BY COURT REPORTER FOR TRANSCRIPTION FEES FILED<br>--276 | 0.00 | 0.00 |
| 356 | 04/09/09 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE $1,252.50\Ct.Reprtr<br>--277 | 2.00 | 2.00 |
| 357 | 04/09/09 | CERTIFICATE \ TRANSCRIPT FEES $1,252.50, filed (amount +$2.in line 3) (certifed copies>Auditor)<br>--278 | 2.00 | 2.00 |
| 358 | 04/09/09 | TRANSCRIPT FEE | 1,252.50 | 1,252.50 |
| 359 | 04/13/09 | STATE'S SUPPLEMENTAL DISCOVERY (4/13/2009) FILED Attorney: OSTER Junior, MICHAEL A (0076491)<br>--279 | 0.00 | 0.00 |
| 360 | 04/20/09 | VON CLARK DAVIS' NOTICE OF FILING # 3 FILED Attorney: PORTER, RANDALL (0005835)<br>--280 | 0.00 | 0.00 |

Date: 12/19/2012  16:08:43.4          Docket Sheet                     Page: 37

CRTR5925                                Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------|-------------------------------|-------------|

361  04/20/09 VON CLARK DAVIS' OBJECTIONS TO THE COURT'S              0.00
              PROPOSED PROCEDURES CONCERNING THE TRIAL                              0.00
              PHASE TESTIMONY AND EVIDENCE FILED
              Attorney: PORTER, RANDALL (0005835)
              --281

362  04/21/09 VON CLARK DAVIS' SUPPLEMENTAL ANSWER TO                 0.00
              REQUEST FOR DISCOVERY FILED                                           0.00
              Attorney: COOK REICH, MELYNDA (0066596);
              Attorney: PORTER, RANDALL (0005835) (FAX)
              --282

363  04/21/09 VON CLARK DAVIS' MOTION TO FILE RECORDS                 0.00
              UNDER SEAL FILED Attorney: PORTER, RANDALL                            0.00
              (0005835)
              --283

364  04/24/09 EXHIBIT (EMAIL FROM JUDGES) FILED                      0.00
                                                                                    0.00
              --284

365  04/27/09 VON CLARK DAVIS' NOTICE OF FILING UNDER                0.00
              SEAL FILED Attorney: PORTER, RANDALL                                  0.00
              (0005835)
              --285

366  04/27/09 ENTRY GRANTING MOTION TO FILE RECORDS                  2.00
              UNDER SEAL FILED                                                      2.00
              --285

367  04/30/09 Issue Date:  04/30/2009                                8.00
              Service:  SUBPOENA  BY RESIDENCE SERVICE                              8.00
              Method:   SERVICE BY SHERIFF OF BUTLER
              COUNTY
              Cost Per:  $        2.00


              FURMON, CHARLES R

              HAMILTON, OH   45013
              Tracking No: C000190277


              CARPENTER, RICHARD R

              HAMILTON, OH   45011
              Tracking No: C000190278


              BRANDABUR, Dr JOSEPH H
              BUTLER COUNTY CORONER'S OFFICE
              200 N "F" STREET
              HAMILTON, OH   45011
              Tracking No: C000190279


              CUNNINGHAM, LESLIE

              TROTWOOD, OH   45246
              Tracking No: C000190280

```
Date: 12/19/2012  16:08:43.5          Docket Sheet                    Page: 38

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|---------------------------------------------------------------------|-------------------------------|-------------|
| 368 | 04/30/09 | PRECIPE FILED AND SUBPOENA BY RESIDENCE SERVICE ISSUED. | 1.00 | 1.00 |
|  |  | SUBPOENA BY RESIDENCE SERVICE Sent on:  04/30/2009  13:06:14 |  |  |
| 369 | 04/30/09 | STATE'S SUPPLEMENTAL DISCOVERY FILED Attorney: OSTER Junior, MICHAEL A (0076491) --286 | 0.00 | 0.00 |
| 370 | 04/30/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596) --287 | 0.00 | 0.00 |
| 371 | 04/30/09 | DEFENDANT'S NOTICE OF WITHDRAWAL OF MOTION TO FILE RECORDS UNDER SEAL FILED Attorney: COOK REICH, MELYNDA (0066596) --288 | 0.00 | 0.00 |
| 372 | 05/01/09 | RETURN: RESIDENCE SERVICE UPON : | 7.50 | 7.50 |

```
                     Method    : SERVICE BY SHERIFF OF
                 BUTLER COUNTY
                     Issued    : 04/30/2009
                     Service   : SUBPOENA BY RESIDENCE
                 SERVICE
                     Served    : 05/01/2009
                     Return    : 05/01/2009
                     On        : CUNNINGHAM, LESLIE
                     Signed By :

                     Reason    : RESIDENCE SERVICE SUCCESSFUL
                     Comment   : MAILED OUT

                     Tracking #: C000190280
```

| 373 | 05/04/09 | TRANSCRIPT REQUEST FILED --289 | 0.00 | 0.00 |
| 374 | 05/05/09 | STATE'S SUPPLEMENTAL DISCOVERY (5/5/09) FILED Attorney: OSTER Junior, MICHAEL A (0076491) --290 | 0.00 | 0.00 |
| 375 | 05/06/09 | Issue Date:  05/06/2009 Service:  SUBPOENA  BY PROCESS SERVER Method:  SERVICE BY PROCESS SERVER Provider: ATTORNEY Cost Per:  $      5.00 | 5.00 | 5.00 |

```
                 SMITH, CAROL A

                 FOREST PARK, OH   45240
                 Tracking No: C000067043


                 DAVIS, ELLIOT BUTCH

                 HAMILTON, OH   45011
                 Tracking No: C000067044
```

Case: 2:16-cv-00495-SJD-MRM Doc #: 4-48 Filed: 08/08/16 Page: 78 of 303 PAGEID #: 6730

Date: 12/19/2012  16:08:43.6          Docket Sheet                Page: 39

CRTR5925                               Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
_____

                  NOWACK, SCOTT
                  C/O OHIO STATE PENITENTIARY
                  878 COITSVILLE HUBBARD RD
                  YOUNGSTOWN, OH   44505
                  Tracking No: C000067045


                  TIPTON, CHARLES

                  CINCINNATI, OH   45240
                  Tracking No: C000067046


                  DAVIS, VICTOR L

                  HAMILTON, OH   45011
                  Tracking No: C000067047


                  TIPTON, ALLUSTER

                  FOREST PARK, OH   45240
                  Tracking No: C000067048


                  DAVIS, SHERRY

                  FOREST PARK, OH   45240
                  Tracking No: C000067049


| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|--------------------------------------------------------------------|-------------------------------|-------------|
| 376 | 05/06/09 | PRECIPE FILED SUBPOENA ISSUED. SUBPOENA BY PROCESS SERVER Sent on:  05/06/2009  13:13:14 | 1.00 | 1.00 |
| 377 | 05/07/09 | Issue Date:  05/07/2009 Service:  SUBPOENA  BY PROCESS SERVER Method:  SERVICE BY PROCESS SERVER Provider: ATTORNEY Cost Per:  $      5.00 NOWACK, SCOTT C/O OHIO STATE PENITENTIARY 878 COITSVILLE HUBBARD RD YOUNGSTOWN, OH   44505 Tracking No: C000067059 | 5.00 | 5.00 |
| 378 | 05/07/09 | PRECIPE FILED SUBPOENA ISSUED. SUBPOENA BY PROCESS SERVER Sent on:  05/07/2009  09:28:43 | 1.00 | 1.00 |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6696

```
Date: 12/19/2012  16:08:43.7        Docket Sheet              Page: 40

CRTR5925                             Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------|---------|---------|

```
379  05/07/09 Issue Date: 05/07/2009                          5.00
              Service:  SUBPOENA  BY PROCESS SERVER                          5.00
              Method:  SERVICE BY PROCESS SERVER
              Provider: ATTORNEY
              Cost Per: $        5.00


              ROTUNDO  RICK

              LOVELAND, OH    45140
              Tracking No: C000067072


              FLOWERS  DELBERT

              GAITHERSBURG, MD    20878
              Tracking No: C000067073


              MAUSSEN, CYNTHIA
              ADULT PAROLE AUTHORITY
              770 WEST BROAD ST
              COLUMBUS, OH    43215
              Tracking No: C000067074



380  05/07/09 PRECIPE FILED SUBPOENA ISSUED.                  1.00
                                                                            1.00
              SUBPOENA BY PROCESS SERVER
              Sent on:  05/07/2009  14:17:28


381  05/07/09 ENTRY APPOINTING SPECIAL PROCESS SERVER         2.00
              FILED                                                         2.00


382  05/07/09 DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST      0.00
              FOR DISCOVERY FILED Attorney: COOK REICH,                     0.00
              MELYNDA (0066596)
              --291

383  05/08/09 Issue Date: 05/08/2009                          5.00
              Service:  SUBPOENA  BY PROCESS SERVER                         5.00
              Method:  SERVICE BY PROCESS SERVER
              Provider: ATTORNEY
              Cost Per: $        5.00


              STINEMAN  JEROME

              CINCINNATI, OH    45208
              Tracking No: C000067120



384  05/08/09 PRECIPE FILED SUBPOENA ISSUED.                  1.00
                                                                            1.00
              SUBPOENA BY PROCESS SERVER
              Sent on:  05/08/2009  14:38:11
```

```
Date: 12/19/2012  16:08:43.7          Docket Sheet               Page: 41

CRTR5925                                  Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 385 | 05/08/09 | DEFENDANT'S MOTION IN LIMINE FILED<br>Attorney: COOK REICH, MELYNDA (0066596)<br>--292 | 0.00 | 0.00 |
| 386 | 05/08/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST<br>FOR DISCOVERY FILED Attorney: COOK REICH,<br>MELYNDA (0066596)<br>--293 | 0.00 | 0.00 |
| 387 | 05/08/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST<br>FOR DISCOVERY FILED Attorney: COOK REICH,<br>MELYNDA (0066596)  (FAX)<br>--294 | 0.00 | 0.00 |
| 388 | 05/11/09 | RETURN: RESIDENCE SERVICE UPON :<br>    Method   : SERVICE BY SHERIFF OF<br>BUTLER COUNTY<br>    Issued   : 04/30/2009<br>    Service  : SUBPOENA BY RESIDENCE<br>SERVICE<br>    Served   : 05/04/2009<br>    Return   : 05/11/2009<br>    On       : BRANDABUR, Dr JOSEPH H<br>    Signed By :<br><br>    Reason   : RESIDENCE SERVICE SUCCESSFUL<br>    Comment  : SUB SERVED UPON: SALLY<br>POYNTER<br><br>    Tracking #: C000190279 | 8.00 | 8.00 |
| 389 | 05/11/09 | RETURN-PERSONAL SERVICE OF DOCUMENTS UPON :<br>    Method   : SERVICE BY SHERIFF OF<br>BUTLER COUNTY<br>    Issued   : 04/30/2009<br>    Service  : SUBPOENA BY RESIDENCE<br>SERVICE<br>    Served   : 05/05/2009<br>    Return   : 05/11/2009<br>    On       : CARPENTER, RICHARD R<br>    Signed By :<br><br>    Reason   : PERSONAL SERVICE SUCCESSFUL<br>    Comment  :<br><br>    Tracking #: C000190278 | 9.50 | 9.50 |
| 390 | 05/11/09 | RETURN-PERSONAL SERVICE OF DOCUMENTS UPON :<br>    Method   : SERVICE BY SHERIFF OF<br>BUTLER COUNTY<br>    Issued   : 04/30/2009<br>    Service  : SUBPOENA BY RESIDENCE<br>SERVICE<br>    Served   : 05/04/2009<br>    Return   : 05/11/2009<br>    On       : FURMON, CHARLES R<br>    Signed By :<br><br>    Reason   : PERSONAL SERVICE SUCCESSFUL<br>    Comment  :<br><br>    Tracking #: C000190277 | 9.50 | 9.50 |

```
Date: 12/19/2012  16:08:43.8        Docket Sheet              Page: 42

CRTR5925                             Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------|---------|---------|
| 391 | 05/11/09 | ENTRY FILED<br><br>--295 | 2.00 | 2.00 |
| 392 | 05/12/09 | TRANSCRIPT REQUEST FILED<br><br>--296 | 0.00 | 0.00 |
| 393 | 05/13/09 | COURT ADMINISTRATION OFFICE HAS SCHEDULED:<br>Event: PRETRIAL CONFERENCE HEARING<br>Date: 09/03/2009    Time: 11:00 am<br>Judge: NASTOFF, Honorable ANDREW<br>Location: General Division Court Govt Serv<br>Ctr 3rd floor | 0.00 | 0.00 |
| 394 | 05/13/09 | PROCESS SERVICE SUCCESSFUL.<br>Method   : SERVICE BY PROCESS SERVER<br>Issued   : 05/07/2009<br>Service  : SUBPOENA  BY PROCESS SERVER<br>Served   : 05/08/2009<br>Return   : 05/13/2009<br>On       : NOWACK, SCOTT<br>Signed By :<br><br>Reason   : PROCESS SERVICE SUCCESSFUL<br>Comment  :<br><br>Tracking #: C000067059 | 0.00 | 0.00 |
| 395 | 05/13/09 | PROCESS SERVICE SUCCESSFUL.<br>Method   : SERVICE BY PROCESS SERVER<br>Issued   : 05/07/2009<br>Service  : SUBPOENA  BY PROCESS SERVER<br>Served   : 05/08/2009<br>Return   : 05/13/2009<br>On       : MAUSSEN, CYNTHIA<br>Signed By :<br><br>Reason   : PROCESS SERVICE SUCCESSFUL<br>Comment  :<br><br>Tracking #: C000067074 | 0.00 | 0.00 |
| 396 | 05/19/09 | TRANSCRIPT OF PROCEEDING MOTION HEARING<br>APRIL 8, 2009 FILED<br>--297 | 3.00 | 3.00 |
| 397 | 05/22/09 | ORDER FOR TRANSPORT BY SHERIFF TO HEARING<br>FROM OHIO STATE PENITENTIARY FOR A<br>PRE-TRIAL CONFERENCE ON 09/03/2009 @ 9:00<br>AM FILED<br>--298 | 6.00 | 6.00 |
| 398 | 06/03/09 | MOTION AND CERTIFICATION BY COURT REPORTER<br>FOR TRANSCRIPTION FEES FILED<br>--299 | 0.00 | 0.00 |
| 399 | 06/03/09 | CERTIFICATE \ TRANSCRIPT FEES $450.00,<br>filed (amount +$2.in line 3) (certifed<br>copies>Auditor)<br>--300 | 2.00 | 2.00 |

```
Date: 12/19/2012  16:08:43.9          Docket Sheet                    Page: 43

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|----------------------------------------------------------------------|-------------------------------|-------------|
| 400 | 06/03/09 | ORDER FOR PAYMENT/CLERK'S TRANSCRIPT FEE $450.00\Ct.Reprtr --301 | 2.00 | 2.00 |
| 401 | 06/03/09 | TRANSCRIPT FEE | 450.00 | 450.00 |
| 402 | 08/05/09 | VON CLARK DAVIS' MOTION TO EXPEDITE RULING FILED Attorney: COOK REICH, MELYNDA (0066596) --302 | 0.00 | 0.00 |
| 403 | 08/19/09 | Issue Date: 08/19/2009 Service: SUBPOENA  BY PROCESS SERVER Method: SERVICE BY PROCESS SERVER Provider: ATTORNEY Cost Per: $      5.00 | 5.00 | 5.00 |

```
                   NOWACK, SCOTT
                   C/O OHIO STATE PENITENTIARY
                   878 COITSVILLE HUBBARD RD
                   YOUNGSTOWN, OH   44505
                   Tracking No: C000070523


                   MAUSSER, CYNTHIA
                   C/O OHIO PAROLE BOARD
                   770 WEST BROAD ST
                   COLUMBUS, OH   43222
                   Tracking No: C000070524
```

| 404 | 08/19/09 | PRECIPE FILED SUBPOENA ISSUED. SUBPOENA BY PROCESS SERVER Sent on: 08/19/2009  11:31:20 | 1.00 | 1.00 |
| 405 | 08/19/09 | Issue Date: 08/19/2009 Service: SUBPOENA BY CERTIFIED MAIL Method: SERVICE BY CERTIFIED MAIL Cost Per: $      8.00 | 40.00 | 40.00 |

```
                   SMITH, CAROL A

                   FOREST PARK, OH   45240
                   Tracking No: L000198274


                   STINEMAN, JEROME

                   CINCINNATI, OH   45208
                   Tracking No: L000198275


                   TIPTON, ALLUSTER

                   FOREST PARK, OH   45240
                   Tracking No: L000198276
```

Date: 12/19/2012  16:08:44.0          Docket Sheet                    Page: 44

CRTR5925                                  Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

DAVIS, SHERRY

FOREST PARK, OH   45240
Tracking No: L000198277

ROTUNDO, RICK

LOVELAND, OH   45140
Tracking No: L000198278

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|-------------------------------------------------|------------------|-------------|
| 406 | 08/19/09 | PRECIPE FILED SUBPOENA ISSUED. SUBPOENA BY CERTIFIED MAIL Sent on: 08/19/2009 11:52:16 | 1.00 | 1.00 |
| 407 | 08/19/09 | Issue Date: 08/19/2009 Service: CRIMINAL SUBPOENA BY SHERIFF Method: SERVICE BY SHERIFF OF BUTLER COUNTY Cost Per: $     2.00 | 4.00 | 4.00 |

DAVIS, VICTOR

HAMILTON, OH   45013
Tracking No: C000197157

DAVIS, ELLIOT BUTCH

HAMILTON, OH   45011
Tracking No: C000197158

| No. | Date of | Pleadings | Amount | Balance |
|-----|---------|-----------|--------|---------|
| 408 | 08/19/09 | PRECIPE FILED SUBPOENA ISSUED. SUBPOENA BY SHERIFF Sent on: 08/19/2009 12:20:07 | 1.00 | 1.00 |
| 409 | 08/19/09 | OUT OF STATE WITNESS APPLICATION FILED Attorney: COOK REICH, MELYNDA (0066596) --303 | 0.00 | 0.00 |
| 410 | 08/21/09 | STATE'S SUPPLEMENTAL DISCOVERY FILED Attorney: OSTER Junior, MICHAEL A (0076491) --304 | 0.00 | 0.00 |
| 411 | 08/26/09 | STATE'S SUPPLEMENTAL DISCOVERY (08/26/2009) FILED Attorney: OSTER Junior, MICHAEL A (0076491) --305 | 0.00 | 0.00 |

Case: 2:16-cv-00495-SJD-MRM Doc #: 4-48 Filed: 08/08/16 Page: 84 of 303 PAGEID #: 6736

```
Date: 12/19/2012  16:08:44.1         Docket Sheet              Page: 45

CRTR5925                             Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|------|------|------|

```
412  08/28/09 Issue Date: 08/28/2009                         5.00
              Service:  SUBPOENA BY PROCESS SERVER                          5.00
              Method:   SERVICE BY PROCESS SERVER
              Provider: PROSECUTOR'S OFFICE
              Cost Per:  $       5.00


              FURMON, CHARLES R

              HAMILTON, OH    45013
              Tracking No: C000070886


              LINK, LISA

              CINTI, OH   45239
              Tracking No: C000070887


              BRANDABUR, Dr JOSEPH H
              BUTLER COUNTY CORONER'S OFFICE
              200 N "F" STREET
              HAMILTON, OH   45011
              Tracking No: C000070888



413  08/28/09 PRECIPE FILED SUBPOENA ISSUED.                 1.00
                                                                           1.00
              SUBPOENA BY PROCESS SERVER
              Sent on:  08/28/2009  09:04:30


414  08/28/09 CERTIFICATE UNDER UNIFORM ACT TO SECURE        4.00
              THE ATTENDANCE OF WITNESS FROM WITHOUT A                      4.00
              STATE IN CRIMINAL PROCEEDINGS FILED
              --306

415  08/31/09 RETURN RECEIPT OF CERTIFIED MAIL OF            0.00
              Method    : SERVICE BY CERTIFIED MAIL                        0.00
              Issued    : 08/19/2009
              Service   : SUBPOENA BY CERTIFIED MAIL
              Served    : 08/20/2009
              Return    : 08/31/2009
              On        : ROTUNDO, RICK
              Signed By : RICK ROTUNDO

              Reason    : CERTIFIED MAIL SERVICE
              SUCCESSFUL
              Comment   :

              Tracking # : L000198278
```

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6702

```
Date: 12/19/2012  16:08:44.2          Docket Sheet              Page: 46

CRTR5925                                 Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|-------------------------------------------------------------------------|----------------------------------|-------------|

```
416  08/31/09 RETURN RECEIPT OF CERTIFIED MAIL OF        0.00
                Method   : SERVICE BY CERTIFIED MAIL              0.00
                Issued   : 08/19/2009
                Service  : SUBPOENA BY CERTIFIED MAIL
                Served   : 08/20/2009
                Return   : 08/31/2009
                On       : TIPTON, ALLUSTER
                Signed By : ALLUSTER TIPTON

                Reason   : CERTIFIED MAIL SERVICE
             SUCCESSFUL
                Comment  :

                Tracking # : L000198276


417  08/31/09 RETURN RECEIPT OF CERTIFIED MAIL OF        0.00
                Method   : SERVICE BY CERTIFIED MAIL              0.00
                Issued   : 08/19/2009
                Service  : SUBPOENA BY CERTIFIED MAIL
                Served   : 08/20/2009
                Return   : 08/31/2009
                On       : DAVIS, SHERRY
                Signed By : SHERRY DAVIS

                Reason   : CERTIFIED MAIL SERVICE
             SUCCESSFUL
                Comment  :

                Tracking # : L000198277


418  08/31/09 RETURN RECEIPT OF CERTIFIED MAIL OF        0.00
                Method   : SERVICE BY CERTIFIED MAIL              0.00
                Issued   : 08/19/2009
                Service  : SUBPOENA BY CERTIFIED MAIL
                Served   : 08/20/2009
                Return   : 08/31/2009
                On       : SMITH, CAROL A
                Signed By : ALLUSTER TIPTON

                Reason   : CERTIFIED MAIL SERVICE
             SUCCESSFUL
                Comment  :

                Tracking # : L000198274


419  08/31/09 RETURN RECEIPT OF CERTIFIED MAIL OF        0.00
                Method   : SERVICE BY CERTIFIED MAIL              0.00
                Issued   : 08/19/2009
                Service  : SUBPOENA BY CERTIFIED MAIL
                Served   : 08/20/2009
                Return   : 08/31/2009
                On       : STINEMAN, JEROME
                Signed By : ILLEGIBLE

                Reason   : CERTIFIED MAIL SERVICE
             SUCCESSFUL
                Comment  :

                Tracking # : L000198275
```

Date: 12/19/2012  16:08:44.3          Docket Sheet                    Page: 47

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr    Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|-------------------------------------|----------------|-------------|
| 420 | 08/31/09 | STATE'S SUPPLEMENTAL DISCOVERY (8/31/2009) FILED Attorney: OSTER Junior, MICHAEL A (0076491) --307 | 0.00 | 0.00 |
| 421 | 08/31/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST FOR DISCOVERY FILED Attorney: COOK REICH, MELYNDA (0066596) --308 | 0.00 | 0.00 |

| 422 | 09/02/09 | FAILURE OF RESIDENCE SERVICE ON: | 8.00 | 8.00 |

    Method    : SERVICE BY SHERIFF OF
    BUTLER COUNTY
    Issued    : 08/19/2009
    Service   : CRIMINAL SUBPOENA BY SHERIFF
    Served    :
    Return    : 09/02/2009
    On        : DAVIS, ELLIOT BUTCH
    Signed By :

    Reason    : FAILURE OF RESIDENCE SERVICE
    Comment   : BAD ADDRESS, DOES NOT EXIST

    Tracking # : C000197158

| 423 | 09/02/09 | PROCESS SERVICE SUCCESSFUL. | 0.00 | 0.00 |

    Method    : SERVICE BY PROCESS SERVER
    Issued    : 08/28/2009
    Service   : SUBPOENA  BY PROCESS SERVER
    Served    : 09/02/2009
    Return    : 09/02/2009
    On        : LINK, LISA
    Signed By :

    Reason    : PROCESS SERVICE SUCCESSFUL
    Comment   :

    Tracking #: C000070887

| 424 | 09/02/09 | PROCESS SERVICE SUCCESSFUL. | 0.00 | 0.00 |

    Method    : SERVICE BY PROCESS SERVER
    Issued    : 08/28/2009
    Service   : SUBPOENA  BY PROCESS SERVER
    Served    : 09/02/2009
    Return    : 09/02/2009
    On        : BRANDABUR, Dr JOSEPH H
    Signed By :

    Reason    : PROCESS SERVICE SUCCESSFUL
    Comment   :

    Tracking #: C000070888

Date: 12/19/2012  16:08:44.4          Docket Sheet              Page: 48

CRTR5925                              Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---|---|---|
| 425 | 09/02/09 | PROCESS SERVICE SUCCESSFUL.<br>Method    : SERVICE BY PROCESS SERVER<br>Issued    : 08/28/2009<br>Service   : SUBPOENA  BY PROCESS SERVER<br>Served    : 09/02/2009<br>Return    : 09/02/2009<br>On        : FURMON, CHARLES R<br>Signed By :<br><br>Reason    : PROCESS SERVICE SUCCESSFUL<br>Comment   :<br><br>Tracking #: C000070886 | 0.00 | 0.00 |
| 426 | 09/03/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST<br>FOR DISCOVERY FILED Attorney: COOK REICH,<br>MELYNDA (0066596)<br>--309 | 0.00 | 0.00 |
| 427 | 09/04/09 | ENTRY GRANTING FUNDS FOR OUT OF STATE<br>WITNESS APPEARANCE FILED<br>--310 | 2.00 | 2.00 |
| 428 | 09/04/09 | DEFENDANT'S SUPPLEMENTAL ANSWER TO REQUEST<br>FOR DISCOVERY FILED Attorney: COOK REICH,<br>MELYNDA (0066596);Attorney: PORTER,<br>RANDALL (0005835) (FAX)<br>--311 | 0.00 | 0.00 |
| 429 | 09/08/09 | VON CLARK DAVIS EXHIBIT LIST FILED<br>Attorney: COOK REICH, MELYNDA (0066596);<br>Attorney: PORTER, RANDALL (0005835)<br><br>--312 | 0.00 | 0.00 |
| 430 | 09/09/09 | RETURN-PERSONAL SERVICE OF DOCUMENTS UPON :<br>Method    : SERVICE BY SHERIFF OF<br>BUTLER COUNTY<br>Issued    : 08/19/2009<br>Service   : CRIMINAL SUBPOENA BY SHERIFF<br>Served    : 08/25/2009<br>Return    : 09/09/2009<br>On        : DAVIS, VICTOR<br>Signed By :<br><br>Reason    : PERSONAL SERVICE SUCCESSFUL<br>Comment   : BY: KIM PREWITT #1434 (BCSO)<br><br>Tracking # : C000197157 | 7.50 | 7.50 |
| 431 | 09/11/09 | VERDICT FORM FILED<br><br>--313 | 0.00 | 0.00 |
| 432 | 09/21/09 | JUDGMENT SENTENCING  VON CLARK DAVIS TO<br>OHIO DEPT OF CORRECTIONS REHABILITATION<br>--314 | 2.00 | 2.00 |
| 433 | 09/21/09 | "STENOGRAPHER" (TAPE TRANSCRIPTION) FEE | 25.00 | 25.00 |

```
Date: 12/19/2012  16:08:44.5          Docket Sheet              Page: 49

CRTR5925                               Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees Journal Book-Page-Nbr     Ref Nbr | Amount Owed/ Amount Dismissed | Balance Due |
|-----|---------|----------------------------------------------------------------------|-------------------------------|-------------|
| 434 | 09/21/09 | Taking or receiving prisoner before the judge. | 30.00 | 30.00 |
| 435 | 09/21/09 | SENTENCING OPINION FILED<br><br>--315 | 24.00 | 24.00 |
| 436 | 09/22/09 | FILING IN COURT OF APPEALS AND NOTIFICATION TO SUPREME COURT OF JUDGMENT ENTRY OF CONVICTION AND SENTENCING OPINION FILED NASTOFF, PATER, SPAETH, JUDGES<br>--316 | 2.00 | 2.00 |
| 437 | 09/23/09 | UPS TRACKING INFORMATION; PROOF OF DELIVERY | 0.00 | 0.00 |
| 438 | 10/12/09 | DEFENDANT ON PROBATION OR INCARCERATED. COSTS TO BE COLLECTED BY PROBATION. | 0.00 | 0.00 |
| 439 | 10/22/09 | TRANSCRIPT REQUEST FILED | 0.00 | 0.00 |
| 440 | 11/02/09 | REQUEST FOR COURT PAID EXPERTS AND/OR EXPENSES $487.50 FILED | 2.00 | 2.00 |
| 441 | 01/08/10 | APPLICATION, STATEMENT & MOTION & ENTRY/ATTY FEES $16,519.25 & AFFIDAVIT OF INDIGENCY FILED, for atty.: MELYNDA COOK<br>--317 | 2.00 | 2.00 |
| 442 | 01/08/10 | Indigent Application Fee (OPD-206R) ORC 120.36 | 25.00 | 25.00 |
| 443 | 01/13/10 | ENTRY  TO SEAL DOCUMENT...ENTRY GRANTING DEFENDANTS MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A PSYCHOLOGIST FILED NASTOFF, J<br>--318 | 0.00 | 0.00 |
| 444 | 01/26/10 | DEFENDANT'S MOTION FOR APPOINTMENT AND MOTION TO ALLOW APPEARANCE PRO HAC VICE FILED<br>Attorney: KOMP, LAURENCE (0060142) (FAX)<br>--319 | 0.00 | 0.00 |
| 445 | 01/27/10 | REQUEST FOR COURT PAID EXPERTS AND/OR EXPENSES $17,862.00 FILED | 2.00 | 2.00 |
| 446 | 02/10/10 | ENTRY UNDER SEAL ; ENTRY GRANTING DEFENDANTS MOTION AND MEMORANDUM FOR THE APPROPRIATION OF FUNDS FOR A PSYCHOLOGIST FILED NASTOFF, J<br>--320 | 0.00 | 0.00 |
| 447 | 02/11/10 | ORDER GRANTS DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO ALLOW APPEARANCE PRO HAC VICE FILED (FAX)<br>--321 | 2.00 | 2.00 |

Date: 12/19/2012  16:08:44.6          Docket Sheet                Page: 50

CRTR5925                               Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|------------------------------------------|----------------|-------------|
| 448 | 03/26/10 | ENTRY DEFENDANT'S MOTION FOR THE<br>APPROPRIATION OF FUNDS FOR A<br>PSYCHOLOGIST(APRIL 3, 2008) BE REFILED<br>UNDER SEAL FILED NASTOFF,J<br>--322 | 2.00 | 2.00 |
| 449 | 03/26/10 | ENTRY DEFENDANT'S MOTION FOR THE<br>APPROPRIATION OF FUNDS FOR A<br>PSYCHOLOGIST(APRIL 3, 2008) BE REFILED<br>UNDER SEAL FILED NASTOFF,J<br>--323 | 2.00 | 2.00 |
| 450 | 06/23/10 | PRECIPE FOR DEATH WARRANT IN STATE CASE<br>FILED<br>Attorney: PIPER Prosecutor Butler County<br>Ohio, ROBIN (23205)<br>--324 | 0.00 | 0.00 |
| 451 | 07/15/10 | ENTRY ORDERING WRIT FOR EXECUTION OF DEATH<br>PENALTY FILED<br>--325 | 2.00 | 2.00 |
| 452 | 07/20/10 | Issue Date: 07/20/2010<br>Service:  DEATH WARRANT<br>Method:  SERVICE BY CERTIFIED MAIL<br>Cost Per: $       8.00<br><br>SUPREME COURT OF OHIO<br>CLERKS OFFICE<br>65 SOUTH FRONT ST  8TH FLOOR<br>COLUMBUS, OH  43215<br>Tracking No: L000226575 | 8.00 | 8.00 |
| 453 | 07/20/10 | DEATH WARRANT ISSUED.<br><br>DEATH WARRANT<br>Sent on:  07/20/2010  11:10:09 | 0.00 | 0.00 |
| 454 | 07/21/10 | Issue Date: 07/21/2010<br>Service:  PERSONAL SERVICE BY SHERIFF<br>Method:  SERVICE BY SHERIFF OF BUTLER<br>COUNTY<br>Cost Per: $        2.00<br><br>SOUTHERN OHIO CORRECTIONAL FACILITY<br>LUCASVILLE, OH   45699<br>Tracking No: C000216863 | 2.00 | 2.00 |

```
Date: 12/19/2012  16:08:44.7          Docket Sheet              Page: 51

CRTR5925                                 Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr      Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------|---------|---------|
| 455 | 07/21/10 | PERSONAL SERVICE OF WRIT: UPON:<br><br>PERSONAL SERVICE BY SHERIFF<br>Sent on:  07/21/2010  11:04:57 | 0.00 | 0.00 |
| 456 | 07/21/10 | DEATH WARRANT | 0.00 | 0.00 |
| 457 | 07/21/10 | Issue Date:  07/21/2010<br>Service:  DEATH WARRANT<br>Method:  SERVICE BY CERTIFIED MAIL<br>Cost Per:  $       8.00<br><br>    DAVIS, VON CLARK<br>    c/o ATTY: KOMP, LAURENCE<br>    ATTORNEY AT LAW<br>    PO BOX 1785<br>    MANCHESTER, MI   63011<br>    Tracking No: L000226665 | 8.00 | 8.00 |
| 458 | 07/21/10 | DEATH WARRANT ISSUED.<br><br>DEATH WARRANT<br>Sent on:  07/21/2010  11:44:42 | 0.00 | 0.00 |
| 459 | 07/21/10 | Issue Date:  07/21/2010<br>Service:  DEATH WARRANT<br>Method:  SERVICE BY INTER-OFFICE COURIER<br>Provider: JOHNSON, CAROLYN<br>Cost Per:  $       5.00<br><br>    BUTLER COUNTY PROSECUTORS OFFICE<br>    315 HIGH ST, 11TH FLOOR<br>    ATTN MIKE OSTER<br>    HAMILTON, OH   45011<br>    Tracking No: I000003538<br><br>    NASTOFF Judge, ANDREW<br>    GOVERNMENT SERVICES CENTER<br>    315 HIGH STREET 3RD FLOOR<br>    HAMILTON, OH   45011<br>    Tracking No: I000003539 | 10.00 | 10.00 |
| 460 | 07/21/10 | DEATH WARRANT ISSUED.<br><br>DEATH WARRANT<br>Sent on:  07/21/2010  12:12:40 | 0.00 | 0.00 |

```
Date: 12/19/2012  16:08:44.7           Docket Sheet              Page: 52

CRTR5925                                Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------|---------|---------|
| 461 | 07/27/10 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method   : SERVICE BY CERTIFIED MAIL<br>Issued   : 07/20/2010<br>Service  : DEATH WARRANT<br>Served   : 07/23/2010<br>Return   : 07/27/2010<br>On       : SUPREME COURT OF OHIO<br>Signed By : SUPREME COURT OF OHIO<br><br>Reason   : CERTIFIED MAIL SERVICE<br>SUCCESSFUL<br>Comment  :<br><br>Tracking # : L000226575 | 0.00 | 0.00 |
| 462 | 07/27/10 | RETURN RECEIPT OF CERTIFIED MAIL OF<br>Method   : SERVICE BY CERTIFIED MAIL<br>Issued   : 07/21/2010<br>Service  : DEATH WARRANT<br>Served   : 07/23/2010<br>Return   : 07/27/2010<br>On       : KOMP, LAURENCE<br>Signed By : LAURENCE E KOMP<br><br>Reason   : CERTIFIED MAIL SERVICE<br>SUCCESSFUL<br>Comment  :<br><br>Tracking # : L000226665 | 0.00 | 0.00 |
| 463 | 08/30/10 | PERSONAL SERVICE OF DEATH WARRANT : UPON:<br>BUTLER COUNTY SHERIFF TO SERVE  SOUTHERN<br>OHIO CORRECTIONAL FACILITY SERVED: 8/20/10 | 0.00 | 0.00 |
| 464 | 09/13/10 | ALL PAPERS SENT TO COURT OF APPEALS | 0.00 | 0.00 |
| 465 | 09/23/10 | APPELLANT'S MOTION FOR A STAY OF EXECUTION<br>FILED Attorney: KOMP, LAURENCE (0060142)<br>(FAX) | 0.00 | 0.00 |
| 466 | 10/11/10 | DECISION AND ENTRY DENYING DEFENDANT'S<br>MOTION FOR A STAY OF EXECUTION FILED | 2.00 | 2.00 |
| 467 | 02/22/11 | MANDATE filed, forwarded to C.A.fileroom<br>clerk > 12thDistrict AppealsCourt CA# :<br>CA09-10-0263 | 35.00 | 35.00 |
| 468 | 10/21/11 | DEFENDANT-PETITIONER'S MOTION FOR LEAVE OF<br>COURT TO CONDUCT DISCOVERY FILED Attorney:<br>GATTERDAM, KORT (0040434); Attorney:<br>HENRY, ERIK P (0085155) | 0.00 | 0.00 |
| 469 | 10/21/11 | DEFENDANT-PETTIONER'S MOTION FOR RECUSAL<br>FILED Attorney: GATTERDAM, KORT (0040434);<br>Attorney: HENRY, ERIK P (0085155) | 0.00 | 0.00 |

Date: 12/19/2012  16:08:44.8          Docket Sheet              Page: 53

CRTR5925                              Detail

CR 1983 12 0614   STATE OF OHIO VS DAVIS, VON CLARK

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|----------------------------------------------------------------------------|----------------------------------|-------------|
| 470 | 10/21/11 | NOTICE OF APPEARANCE OF COUNSEL FILED<br>Attorney: GATTERDAM, KORT (0040434);<br>Attorney: HENRY, ERIK P (0085155) | 2.00 | 2.00 |
| 471 | 10/21/11 | POST-CONVICTION DEFENDANT-PETITIONER VON<br>CLARK DAVIS' PETITION TO VACATE OR SET<br>ASIDE SENTENCE PURSUANT TO R.C. 2953.31<br>FILED Attorney: GATTERDAM, KORT (0040434);<br>Attorney: HENRY, ERIK P (0085155) | 0.00 | 0.00 |
| 472 | 10/25/11 | STIPULATION OF EXTENSION OF TIME TO<br>RESPOND TO PENDING MOTIONS FILED Attorney:<br>GATTERDAM, KORT (0040434) Attorney: HENRY,<br>ERIK P (0085155) | 0.00 | 0.00 |
| 473 | 11/10/11 | STATE OF OHIO'S MEMORANDUM IN OPPOSITION<br>TO PETITIONER'S MOTION FOR LEAVE OF COURT<br>TO CONDUCT DISCOVERY FILED<br>Attorney: CASTER, DONALD R (0077413);<br>Attorney: OSTER Junior, MICHAEL A (0076491) | 0.00 | 0.00 |
| 474 | 11/10/11 | MOTION TO DISMISS OR IN THE ALTERNATIVE<br>FOR SUMMARY JUDGMENT AND MEMORANDUM IN<br>SUPPORT FILED Attorney: CASTER, DONALD R<br>(0077413) | 0.00 | 0.00 |
| 475 | 11/10/11 | STATE OF OHIO'S MEMORANDUM IN OPPOSITION<br>TO PETITIONER'S MOTION FOR RECUSAL FILED<br>Attorney: CASTER, DONALD R (0077413);<br>Attorney: OSTER Junior, MICHAEL A (0076491) | 0.00 | 0.00 |
| 476 | 11/21/11 | POST-CONVICTION DEFENDANT-PETITIONER'S<br>UNOPPOSED MOTION FOR EXTENSION OF TIME TO<br>FILE REPLY MEMORANDUM IN SUPPORT OF<br>POST-CONVICTION PETITION, MOTION FOR LEAVE<br>OF COURT TO CONDUCT DISCOVERY, AND MOTION<br>FOR RECUSAL FILED<br>Attorney: GATTERDAM, KORT (0040434);<br>Attorney: HENRY, ERIK P (0085155) | 0.00 | 0.00 |
| 477 | 11/22/11 | ENTRY GRANTING DEFENDANT-PETITIONER'S<br>UNOPPOSED MOTION FOR EXTENSION OF TIME<br>FILED | 2.00 | 2.00 |
| 478 | 11/29/11 | ENTRY GRANTING DEFENDANT'S-PETITIONER'S<br>MOTION FOR EXTENSION OF TIME FILED | 2.00 | 2.00 |
| 479 | 12/07/11 | DEFENDANT-PETITIONER'S REPLY MEMORANDUM IN<br>SUPPORT OF MOTION FOR RECUSAL FILED<br>Attorney: GATTERDAM, KORT (0040434);<br>Attorney: HENRY, ERIK P (0085155) | 0.00 | 0.00 |

```
Date: 12/19/2012  16:08:44.9          Docket Sheet                Page: 54

CRTR5925                               Detail

CR 1983 12 0614    STATE OF OHIO VS DAVIS, VON CLARK
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr    Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------|---------|---------|
| 480 | 12/07/11 | DEFENDANT-PETITIONER'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | 0.00 | 0.00 |
| 481 | 12/07/11 | DEFENDANT-PETITIONER VON CLARK DAVIS' MEMORANDUM IN OPPOSITION TO PLAINTIFF-RESPONDENT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT FILED Attorney: GATTERDAM, KORT (0040434); Attorney: HENRY, ERIK P (0085155) | 0.00 | 0.00 |
| 482 | 01/06/12 | ORDER DENYING DEFENDANT'S MOTION FOR RECUSAL FILED | 2.00 | 2.00 |
| 483 | 01/13/12 | DEFENDANT-PETITIONER VON CLARK DAVIS'S APPLICATION FOR DISQUALIFICATION OF BUTLER COUNTY COMMON PLEAS COURT JUDGE DANIEL ANDREW NASTOFF FILED Attorney: GATTERDAM, KORT (0040434) (FILED JAN 10, 2012 CLERK OF COURT SUPREME COURT OF OHIO CASE # 12AP004) | 0.00 | 0.00 |
| 484 | 01/13/12 | AFFIDAVIT OF KORT GATTERDAM FILED | 0.00 | 0.00 |
| 485 | 02/22/12 | JUDGMENT ENTRY FILED | 10.00 | 10.00 |
| 486 | 11/26/12 | ENTRY AND ORDER DISMISSING PETITION FOR POSTCONVICTION RELIEF AND DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY (FINAL APPEALABLE ORDER) FILED | 36.00 | 36.00 |
| 487 | 12/18/12 | NOTICE OF APPEAL CA 2012 12 0258 FILED | 0.00 | 0.00 |

```
                  Totals By:  COST
                                            4,302.25      4,302.25
                              INFORMATION
                                               0.00          0.00
                  *** End of Report ***
```

 

MARY L. SWAIN                                        CLERK OF COURTS

1000669255

**VON CLARK DAVIS  c/o  KORT GATTERDAM**
**CARPENTER LIPPS & LELAND LLP**
**280 PLAZA, SUITE 1300**
**280 NORTH HIGH STREET**
**COLUMBUS, OH 43215**

---

Date:    December 26, 2012                    Case No.: CA 2012 12 0258
                    VON CLARK DAVIS vs. STATE OF OHIO

---

### COPY OF CASE DOCKET SHEET
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

A copy of the case docket sheet from the records of the Butler County Clerk of Courts in the above mentioned case is attached.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: Renee Bruce
Deputy Clerk

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

 

MARY L. SWAIN                    CLERK OF COURTS

1000669256

**STATE OF OHIO  c/o  MICHAEL T GMOSER Prosecutor Butler Co**
**GOVERNMENT SERVICES CENTER**
**315 HIGH ST 11TH FLOOR**
**HAMILTON, OH 45011**

---

Date:     December 26, 2012                    Case No.: CA 2012 12 0258
          VON CLARK DAVIS vs. STATE OF OHIO

---

## COPY OF CASE DOCKET SHEET
## COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

A copy of the case docket sheet from the records of the Butler County Clerk of Courts in the above
mentioned case is attached.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: Renee Bruce
Deputy Clerk

---

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

<u>MARY L. SWAIN</u>  <u>CLERK OF COURTS</u>

1000669273

**12th DISTRICT COURT OF APPEALS**
**1001 REINARTZ BOULEVARD**
**MIDDLETOWN, OHIO 45042**

Date: December 26, 2012                    Case No.: CA 2012 12 0258
                    VON CLARK DAVIS vs. STATE OF OHIO

### RULE 11(B) NOTICE OF COMPLETE RECORD
### 12TH DISTRICT COURT OF APPEALS, BUTLER COUNTY, OHIO

You are hereby notified that the record for appeal in the above mentioned case is complete. Please refer to the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.: CR83 12 0614

DATE DOCKET AND JOURNAL ENTRIES FILED: 12/18/2012

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED: RULE 5

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: Renee Bruce
Deputy Clerk

cc:     Court of Appeals
        All parties involved

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6714

 

MARY L. SWAIN                    CLERK OF COURTS

1000669273

**FILE COPY TO BUTLER COUNTY CLERK OF COURTS**

---

Date:   December 26, 2012                    Case No.: CA 2012 12 0258
                    VON CLARK DAVIS vs. STATE OF OHIO

---

### R U L E  1 1  (B)  N O T I C E  O F  C O M P L E T E  R E C O R D
### 1 2 TH  D I S T R I C T  C O U R T  O F  A P P E A L S,  B U T L E R  C O U N T Y,  O H I O

You are hereby notified that the record for appeal in the above mentioned case is complete. Please refer to the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.: CR83 12 0614

DATE DOCKET AND JOURNAL ENTRIES FILED: 12/18/2012

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED: RULE 5

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By:Renee Bruce
Deputy Clerk

cc:     Court of Appeals
        All parties involved

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

 MARY L. SWAIN  CLERK OF COURTS

1000669274

**STATE OF OHIO** c/o **MICHAEL T GMOSER Prosecutor Butler Co**
**GOVERNMENT SERVICES CENTER**
**315 HIGH ST 11TH FLOOR**
**HAMILTON, OH 45011**

Date:    December 26, 2012                              Case No.: CA 2012 12 0258
                          VON CLARK DAVIS vs. STATE OF OHIO

## R U L E  1 1 (B)  N O T I C E  O F  C O M P L E T E  R E C O R D
## 1 2 TH  D I S T R I C T  C O U R T  O F  A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O

You are hereby notified that the record for appeal in the above mentioned case is complete.  Please refer to the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.: CR83 12 0614

DATE DOCKET AND JOURNAL ENTRIES FILED: 12/18/2012

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED: RULE 5

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: Renee Bruce
Deputy Clerk

cc:    Court of Appeals
         All parties involved

 

MARY L. SWAIN                    CLERK OF COURTS

1000669274

**12ᵗʰ DISTRICT COURT OF APPEALS**
**1001 REINARTZ BOULEVARD**
**MIDDLETOWN, OHIO 45042**

Date:    December 26, 2012                    Case No.: CA 2012 12 0258
                    VON CLARK DAVIS vs. STATE OF OHIO

### RULE 11(B) NOTICE OF COMPLETE RECORD
### 12ᵀᴴ DISTRICT COURT OF APPEALS, BUTLER COUNTY, OHIO

You are hereby notified that the record for appeal in the above mentioned case is complete. Please refer to the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.: CR83 12 0614

DATE DOCKET AND JOURNAL ENTRIES FILED: 12/18/2012

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED: RULE 5

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By:Renee Bruce
Deputy Clerk

cc:      Court of Appeals
         All parties involved

1000669274
GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

MARY L. SWAINCLERK OF COURTS

**FILE COPY TO BUTLER COUNTY CLERK OF COURTS**

---

Date:   December 26, 2012              Case No.: CA 2012 12 0258

VON CLARK DAVIS vs. STATE OF OHIO

---

### RULE 11 (B) NOTICE OF COMPLETE RECORD
### 12TH DISTRICT COURT OF APPEALS, BUTLER COUNTY, OHIO

You are hereby notified that the record for appeal in the above mentioned case is complete. Please refer to the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.: CR83 12 0614

DATE DOCKET AND JOURNAL ENTRIES FILED: 12/18/2012

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED: RULE 5

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: Renee Bruce
Deputy Clerk

cc:    Court of Appeals
       All parties involved

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

MARY L. SWAIN   CLERK OF COURTS

1000669273

**VON CLARK DAVIS c/o KORT GATTERDAM**
**CARPENTER LIPPS & LELAND LLP**
**280 PLAZA, SUITE 1300**
**280 NORTH HIGH STREET**
**COLUMBUS, OH 43215**

Date:   December 26, 2012              Case No.: CA 2012 12 0258
                    VON CLARK DAVIS vs. STATE OF OHIO

### RULE 11(B) NOTICE OF COMPLETE RECORD
### 12TH DISTRICT COURT OF APPEALS, BUTLER COUNTY, OHIO

You are hereby notified that the record for appeal in the above mentioned case is complete. Please refer to the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.: CR83 12 0614

DATE DOCKET AND JOURNAL ENTRIES FILED: 12/18/2012

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED: RULE 5

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: Renee Bruce
Deputy Clerk

cc:     Court of Appeals
         All parties involved

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

<u>MARY L. SWAIN</u>      <u>CLERK OF COURTS</u>

1000669273

**12ᵗʰ DISTRICT COURT OF APPEALS**
**1001 REINARTZ BOULEVARD**
**MIDDLETOWN, OHIO 45042**

Date:   December 26, 2012                     Case No.: CA 2012 12 0258
                      VON CLARK DAVIS vs. STATE OF OHIO

**RULE 11(B) NOTICE OF COMPLETE RECORD**
**12ᵀᴴ DISTRICT COURT OF APPEALS, BUTLER COUNTY, OHIO**

You are hereby notified that the record for appeal in the above mentioned case is complete. Please refer to the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.: CR83 12 0614

DATE DOCKET AND JOURNAL ENTRIES FILED: 12/18/2012

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED: RULE 5

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By:Renee Bruce
Deputy Clerk

cc:   Court of Appeals
      All parties involved

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

 MARY L.SWAIN      CLERK OF COURTS

1000669273

**FILE COPY TO BUTLER COUNTY CLERK OF COURTS**

Date:     December 26, 2012                    Case No.: CA 2012 12 0258
                    VON CLARK DAVIS vs. STATE OF OHIO

### R U L E  1 1  (B)  N O T I C E  O F  C O M P L E T E  R E C O R D
### 12 TH  D I S T R I C T  C O U R T  O F  A P P E A L S,  B U T L E R  C O U N T Y,  O H I O

You are hereby notified that the record for appeal in the above mentioned case is complete.  Please refer to
the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.: CR83 12 0614

DATE DOCKET AND JOURNAL ENTRIES FILED: 12/18/2012

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED: RULE 5

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By:Renee Bruce
Deputy Clerk

cc:     Court of Appeals
          All parties involved

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016
BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6721

MARY L. SWAIN  CLERK OF COURTS

1000669274

**STATE OF OHIO** c/o **MICHAEL T GMOSER** Prosecutor Butler Co
**GOVERNMENT SERVICES CENTER**
**315 HIGH ST 11TH FLOOR**
**HAMILTON, OH 45011**

---

Date:    December 26, 2012                                    Case No.: CA 2012 12 0258
                    VON CLARK DAVIS vs. STATE OF OHIO

---

### RULE 11 (B) NOTICE OF COMPLETE RECORD
### 12TH DISTRICT COURT OF APPEALS, BUTLER COUNTY, OHIO

You are hereby notified that the record for appeal in the above mentioned case is complete. Please refer to the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.: CR83 12 0614

DATE DOCKET AND JOURNAL ENTRIES FILED: 12/18/2012

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED: RULE 5

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: Renee Bruce
Deputy Clerk

cc:    Court of Appeals
         All parties involved

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

 MARY L. SWAIN  CLERK OF COURTS

1000669274

**12ᵗʰ DISTRICT COURT OF APPEALS**
**1001 REINARTZ BOULEVARD**
**MIDDLETOWN, OHIO 45042**

Date:    December 26, 2012                              Case No.: CA 2012 12 0258
                                    VON CLARK DAVIS vs. STATE OF OHIO

### RULE 11(B) NOTICE OF COMPLETE RECORD
### 12ᵗʰ DISTRICT COURT OF APPEALS, BUTLER COUNTY, OHIO

You are hereby notified that the record for appeal in the above mentioned case is complete. Please refer to the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.: CR83 12 0614

DATE DOCKET AND JOURNAL ENTRIES FILED: 12/18/2012

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED: RULE 5

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By:Renee Bruce
Deputy Clerk

cc:      Court of Appeals
         All parties involved

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6723

MARY L. SWAIN  CLERK OF COURTS

**FILE COPY TO BUTLER COUNTY CLERK OF COURTS**

Date:   December 26, 2012                    Case No.: CA 2012 12 0258
                    VON CLARK DAVIS vs. STATE OF OHIO

### R U L E  1 1 (B)  N O T I C E  O F  C O M P L E T E  R E C O R D
### 1 2 TH  D I S T R I C T  C O U R T  O F  A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O

You are hereby notified that the record for appeal in the above mentioned case is complete.  Please refer to the scheduling order issued by the Court to determine the dates when briefs are to be filed.

TRIAL COURT CASE NO.: CR83 12 0614

DATE DOCKET AND JOURNAL ENTRIES FILED: 12/18/2012

DATE TRANSCRIPT OF PROCEEDINGS OR LOCAL RULE 5 NOTICE FILED: RULE 5

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By:Renee Bruce
Deputy Clerk

cc:     Court of Appeals
        All parties involved

 

MARY L. SWAIN                                    CLERK OF COURTS

1000669255

**VON CLARK DAVIS  c/o  KORT GATTERDAM**
**CARPENTER LIPPS & LELAND LLP**
**280 PLAZA, SUITE 1300**
**280 NORTH HIGH STREET**
**COLUMBUS, OH 43215**

Date:    December 26, 2012                    Case No.: CA 2012 12 0258
                        VON CLARK DAVIS vs. STATE OF OHIO

### COPY OF CASE DOCKET SHEET
### COURT OF COMMON PLEAS, BUTLER COUNTY, OHIO

A copy of the case docket sheet from the records of the Butler County Clerk of Courts in the above
mentioned case is attached.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

IN THE COURT OF APPEALS OF BUTLER COUNTY, OHIO

STATE OF OHIO,                    *       CASE NO: CA2012-12-258
                                          REGULAR CALENDAR
  Appellee,                       *
                                          NOTICE OF LOC.R. 12(A)
vs.                                       FILED BUTLER CO.
                                          COURT OF APPEALS
VON CLARK DAVIS,                  *
                                          JAN 07 2013
  Appellant.                      *
                                          MARY L. SWAIN
  * * * * * * * * * CLERK OF COURTS * * * * * * * * *

### NOTICE OF REQUIREMENTS OF LOC. APP.R. 12(A).

Upon consideration of the pendency of the within appeal, it is hereby

ORDERED that oral argument shall not be heard in the above-captioned matter

unless, pursuant to Loc. App.R. 12(A), a request for oral argument is filed in the

clerk's office by the time the appellant's reply brief is due for filing.  **The request shall**

**be filed as a separate pleading and not appended to any brief, notice or other**

**paper.**  Unless such request is made, the above-captioned appeal shall be submitted

to the court without oral argument at the court's convenience, and without prior notice

to counsel.  If said request is made, counsel shall be duly notified by the court of the

time and location of oral argument.

    IT IS SO ORDERED.


To the Clerk:

Please send copies of this notice to those individuals listed on the scheduling order.

IN THE COURT OF APPEALS OF BUTLER COUNTY, OHIO

STATE OF OHIO,                    *        CASE NO: CA2012-12-258
                                           REGULAR CALENDAR
  Appellee,                      *

    vs.                       *   SCHEDULING ORDER

VON CLARK DAVIS,                   *

  Appellant.                     *

* * * * * * * * * * * *

FILED BUTLER CO.
COURT OF APPEALS

JAN 07 2013

MARY L. SWAIN
CLERK OF COURTS

Upon consideration of the pendency of the within appeal:

IT IS HEREBY ORDERED that the TRANSCRIPT OF DOCKET AND JOURNAL ENTRIES shall be filed by the trial court clerk of courts with the Appellate Clerk at the **Butler** County Clerk of Courts within **40** days of the filing of the notice of appeal.

IT IS FURTHER ORDERED that the record for appeal including, if necessary, the TRANSCRIPT OF PROCEEDINGS (or, if applicable, Statement of the Evidence, Statement of the Proceedings, or Agreed Statement of the Case as allowed by Appellate Rule 9) shall be filed with the **County Clerk of Courts** ON OR BEFORE **n/a.**

*** If a transcript of proceedings, statement of the evidence, statement of the pro-ceedings, or agreed statement of the case is not to be filed, then a **NOTICE OF LOCAL APPELLATE RULE 5 shall be filed** with the County Clerk of Courts within **30** days of the filing of the notice of appeal.

IT IS FURTHER ORDERED that after the TRANSCRIPT OF DOCKET AND JOURNAL ENTRIES and either the TRANSCRIPT OF PROCEEDINGS, STATE-MENT OF THE EVIDENCE, STATEMENT OF THE PROCEEDINGS, AGREED STATEMENT OF THE CASE or NOTICE OF LOCAL APPELLATE RULE 5 have been filed, the record shall be considered filed and the County Clerk of Courts shall issue a notice pursuant to App.R. 11(B) to all counsel of record indicating that the record is filed.

IT IS FURTHER ORDERED that the APPELLANT'S BRIEF shall be filed with the County Clerk of Courts and served upon the appellee or opposing counsel on or before **February 18, 2013**.

Butler -258
Page -2-

IT IS FURTHER ORDERED that the APPELLEE'S BRIEF shall be filed with the **County Clerk of Courts** and served upon the appellant or opposing counsel within **40** days of the filing of appellant's brief.

IT IS FURTHER ORDERED that the APPELLANT'S REPLY BRIEF shall be filed with the **County Clerk of Courts** and served upon the appellee or opposing counsel within **10** days of the filing of the appellee's brief.

IT IS FURTHER ORDERED that NO EXTENSION OF TIME WILL BE GRANTED in the filing of any of the above-noted items except upon the demonstration of good cause.

IT IS FURTHER ORDERED that any failure to comply with the time requirements of this order may result in the <u>sua sponte</u> dismissal of the appeal or the striking of a brief.

IT IS SO ORDERED.

_____
Robert P. Ringland, Administrative Judge

<u>To Clerk</u>:

Copies of this scheduling order shall be sent to the following individuals:

**cc: Court Reporter (Nastoff)**

Michael Gmoser
315 High St.
Ham., OH 45011

Kort Gatterdam
Erik P. Henry
280 Plaza, Ste. 1300
280 N. High St.
Col., OH 43215

  

**MARY L. SWAIN**                    **CLERK OF COURTS**

1000671990

**VON CLARK DAVIS  c/o  KORT GATTERDAM**
**CARPENTER LIPPS & LELAND LLP**
**280 PLAZA, SUITE 1300**
**280 NORTH HIGH STREET**
**COLUMBUS, OH 43215**

---

Date:     January 9, 2013                    Case No.: CA 2012 12 0258
                    VON CLARK DAVIS vs. STATE OF OHIO

---

**C O P Y   M A I L E D**
**1 2 TH   D I S T R I C T   C O U R T   O F   A P P E A L S ,   B U T L E R   C O U N T Y ,   O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

**M A R Y   L .   S W A I N**
Butler County Clerk of Courts

*Mary L. Swain*

By: Renee Bruce
Deputy Clerk

---

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

---

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org



<u>M A R Y   L.   S W A I N</u> <u>CLERK OF COURTS</u>

1000671991

**STATE OF OHIO  c/o  MICHAEL T GMOSER Prosecutor Butler Co**
**GOVERNMENT SERVICES CENTER**
**315 HIGH ST 11TH FLOOR**
**HAMILTON, OH 45011**

---

Date:    January 9, 2013                              Case No.: CA 2012 12 0258
                    VON CLARK DAVIS vs. STATE OF OHIO

---

**C O P Y   M A I L E D**
**1 2 TH  D I S T R I C T   C O U R T   O F   A P P E A L S ,   B U T L E R   C O U N T Y ,   O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: Renee Bruce
Deputy Clerk

---

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

---

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

**IN THE COURT OF APPEALS**
**BUTLER COUNTY, OHIO**
**TWELFTH APPELLATE DISTRICT**

2013 JAN 18 AM 10:10

MARY L. SWAIN
CLERK OF COURTS

STATE OF OHIO,                          :

      Plaintiff-Appellee,          :        CASE NO. CA 2012-12-258

v.                                      :        C.P. CASE NO. CR-1983-12-0614

VON CLARK DAVIS,                        :

      Defendant-Appellant.         :

FILED BUTLER CO
COURT OF APPEALS
JAN 18 2013
MARY L. SWAIN
CLERK OF COURTS

---

**AFFIDAVIT OF INDIGENCY**

---

    I, Von Clark Davis, the undersigned, being first duly sown and cautioned, state the following:

1. That I am a named party in the above styled case;

2. That I am a citizen of the State of Ohio;

3. That I have no means of financial support and assets of any value and therefore cannot afford to pay the costs in this case.

FURTHER AFFIANT SAYETH NAUGHT.

                         _Von C. Davis 179828_
                         Von Clark Davis

Sworn to and subscribed in my presence this **20th** day of December, 2012.

KYLE A. HAUSWIRTH
Notary Public
In and for the State of Ohio
My Commission Expires
1-2-13

_Kyle A. Hauswirth_
NOTARY PUBLIC

# IN THE COURT OF APPEALS
## BUTLER COUNTY, OHIO
## TWELFTH APPELLATE DISTRICT

STATE OF OHIO,

        Plaintiff-Appellee,

    v.

VON CLARK DAVIS,

        Defendant-Appellant.

:
:
:
:
:
:
:
:
:

CASE NO. *CA 2012-12-258*

C.P. CASE NO. CR-1983-12-0614

---

### CERTIFICATE OF INDIGENCY

---

Now comes *Account Clerk II* , ~~Case Manager~~ pursuant to Local App. Rule 2(A), and hereby certifies that on the *2nd* day of ~~December, 2012,~~ *January 2013* Von Clark Davis has *$346.56* dollars available in his account.

Respectfully submitted,

*Von Davis 179 828*

~~Case Manager~~ *Account Clerk II*

1/2/2013  11:21 AM

FFF initial Payment
Inmate Id : a179828
AsOf : 1/2/2013

1 of 1

| Description | Beginning | Ending | Amount |
|---|---|---|---|
| Resident Id: a179828 | | | |
| Last Name: DAVIS | | | |
| First Name: VON | | | |
| Middle Name: C | | | |
| | | | |
| Total Deposits | 7/3/2012 12:00:00 AM | 1/3/2013 12:00:00 AM | $369.50 |
| Average Monthly Deposits | 7/3/2012 12:00:00 AM | 1/3/2013 12:00:00 AM | $61.58 |
| | | | |
| Total 1st Day Balances | 7/3/2012 12:00:00 AM | 1/3/2013 12:00:00 AM | $2,289.27 |
| Average 1st Day Balances | 7/3/2012 12:00:00 AM | 1/3/2013 12:00:00 AM | $381.55 |
| | | | |
| Balance as of | | 1/3/2013 12:00:00 AM | $361.56 |
| Current Balance | | 1/3/2013 12:00:00 AM | $361.56 |
| | | | |
| FFF Initial Payment as of | | 1/3/2013 12:00:00 AM | $76.31 |
| | | | |
| Total Pay (State, OPI, Commission) Deposits | 7/3/2012 12:00:00 AM | 1/3/2013 12:00:00 AM | $96.00 |
| Average Total Pay Monthly Deposits | 7/3/2012 12:00:00 AM | 1/3/2013 12:00:00 AM | $16.00 |
| Total Commissary Expenditures | 7/3/2012 12:00:00 AM | 1/3/2013 12:00:00 AM | $331.68 |
| | | | |
| I certify this document is a true and accurate accou | | | |
| of the inmate's financial record on file in my office. | | | |
| | | | |
| Signature | | | |
| | | | |
| | | | |
| Tondra J. Ogler | | | |
| Chillicothe Correctional Institution | | | |
| 15802 St. Rt. 104 North | | | |
| Chillicothe OH 45601 | | | |

01/02/2013

**Chillicothe Correctional Institution**

**Inmate Demand Statement**

| Inmate Name: | DAVIS, VON C | Number: A179828 |
| Lock Location: | CCI,DR,DR3,,,417 | |

Date Range: 07/02/2012   Through   01/03/2013

Beginning Account Balances:                                   Ending Account Balances:

| | Saving | Debt | Payable | | Saving | Debt | Payable |
|---|---|---|---|---|---|---|---|
| Pos Exemption | $15.00 | $0.00 | $0.00 | Pos Exemption | $15.00 | $0.00 | $0.00 |
| Inmate's Person | $393.35 | $0.00 | $0.00 | Inmate's Personal A | $346.56 | $0.00 | $0.00 |
| **Begin Totals** | **$408.35** | **$0.00** | **$0.00** | **End Totals** | **$381.56** | **$0.00** | **$0.00** |

| Transaction Date / Inst. | Transaction Amount | Description | Comment | Saving Balance | Debt Balance | Payable Balance |
|---|---|---|---|---|---|---|
| 07/06/2012 CCI | ($3.00) Postage Charges (USPS) | | POSTAGE | $405.35 | $0.00 | $0.00 |
| 07/06/2012 CCI | $3.00 Reversed Postage Charges (USPS) | | Reversed Task No. 30629125 | $408.35 | $0.00 | $0.00 |
| 07/06/2012 CCI | ($2.29) Postage Charges (USPS) | | POSTAGE | $406.06 | $0.00 | $0.00 |
| 07/06/2012 CCI | ($0.60) Postage Charges (USPS) | | POSTAGE | $405.46 | $0.00 | $0.00 |
| 07/09/2012 CCI | $16.00 State Pay | | DR STATE PAY | $421.46 | $0.00 | $0.00 |
| 07/09/2012 CCI | ($1.00) Electronics Usage Charge | | Electronic Usage Charge | $420.46 | $0.00 | $1.00 |
| 07/11/2012 CCI | ($2.00) Medical Co-Payment | | MCP 7/9/2012 | $418.46 | $0.00 | $3.00 |
| 07/12/2012 CCI | ($23.26) Commissary Sale | | Ticket Number 346844 | $395.20 | $0.00 | $3.00 |
| 07/13/2012 CCI | ($3.00) Withdrawal to OUT OF THE CROSSFIRE UNIVERSITY HOSPITAL | | CK #95514 | $392.20 | $0.00 | $3.00 |
| 07/18/2012 CCI | ($0.60) Postage Charges (USPS) | | POSTAGE | $391.60 | $0.00 | $3.00 |
| 07/24/2012 CCI | ($2.00) Payment to 567-957 TERRY | | ENTERED WRONG ON 4/16/08. ENTERED AS A MED CO PAY | $391.60 | $0.00 | $1.00 |
| 07/24/2012 | $30.00 Money Order | | RIVER OF LIFE CHRISTIAN CENTER | $421.60 | $0.00 | $1.00 |

| Page: 1/6 | A179828 | DAVIS, VON C | | CCI | 01/02/2013 |

CCI

| Date | Description | Reference | Balance | | |
|------|-------------|-----------|---------|---|---|
| 07/24/2012 | ($0.60) Postage Charges (USPS) | POSTAGE | $421.00 | $0.00 | $1.00 |
| CCI | | | | | |
| 07/25/2012 | ($2.50) Withdrawal to FEED THE CHILDREN | CK #95647 | $418.50 | $0.00 | $1.00 |
| CCI | | | | | |
| 07/26/2012 | ($29.97) Commissary Sale | Ticket Number 349122 | $388.53 | $0.00 | $1.00 |
| CCI | | | | | |
| 07/31/2012 | ($1.00) Payment to Treasurer, State of Ohio | ELECTRIC CO PAY FOR JULY 2012 | $388.53 | $0.00 | $0.00 |
| CCI | | | | | |
| 08/01/2012 | ($15.00) Inmate's Personal Account | POS Exemption Transfer | $373.53 | $0.00 | $0.00 |
| CCI | | | | | |
| 08/01/2012 | $15.00 Pos Exemption | POS Exemption Transfer | $388.53 | $0.00 | $0.00 |
| CCI | | | | | |
| 08/08/2012 | ($2.00) Fundraisers - No Specific Club | LOVE INC | $386.53 | $0.00 | $0.00 |
| CCI | | | | | |
| 08/13/2012 | $16.00 State Pay | DR STATE PAY | $402.53 | $0.00 | $0.00 |
| CCI | | | | | |
| 08/13/2012 | ($1.00) Electronics Usage Charge | Electronic Usage Charge | $401.53 | $0.00 | $1.00 |
| CCI | | | | | |
| 08/14/2012 | ($0.80) Copy Charges | COPIES | $400.73 | $0.00 | $1.00 |
| CCI | | | | | |
| 08/15/2012 | ($31.37) Commissary Sale | Ticket Number 351530 | $369.36 | $0.00 | $1.00 |
| CCI | | | | | |
| 08/16/2012 | ($2.50) Withdrawal to THE USO | CK #95952 | $366.86 | $0.00 | $1.00 |
| CCI | | | | | |
| 08/22/2012 | $30.00 Money Order | DELLA JONES | $396.86 | $0.00 | $1.00 |
| CCI | | | | | |
| 08/29/2012 | ($26.88) Commissary Sale | Ticket Number 353597 | $369.98 | $0.00 | $1.00 |
| CCI | | | | | |
| 08/30/2012 | $15.00 Money Order | MRS GREGORY | $384.98 | $0.00 | $1.00 |
| CCI | | | | | |
| 08/31/2012 | ($1.00) Payment to Treasurer, State of Ohio | ELECTRIC CO PAY FOR AUGUST 2012 | $384.98 | $0.00 | $0.00 |
| CCI | | | | | |
| 09/01/2012 | ($15.00) Inmate's Personal Account | POS Exemption Transfer | $369.98 | $0.00 | $0.00 |
| CCI | | | | | |
| 09/01/2012 | $15.00 Pos Exemption | POS Exemption Transfer | $384.98 | $0.00 | $0.00 |
| CCI | | | | | |

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6735

| Date | Transaction | Description | Balance | | |
|------|-------------|-------------|---------|---|---|
| 09/10/2012 CCI | ($5.30) Postage Charges (USPS) | POSTAGE/LEGAL | $379.68 | $0.00 | $0.00 |
| 09/11/2012 CCI | $16.00 State Pay | DR STATE PAY | $395.68 | $0.00 | $0.00 |
| 09/11/2012 CCI | ($1.00) Electronics Usage Charge | Electronic Usage Charge | $394.68 | $0.00 | $1.00 |
| 09/13/2012 CCI | ($25.25) Commissary Sale | Ticket Number 355193 | $369.43 | $0.00 | $1.00 |
| 09/14/2012 CCI | $100.00 Money Order | JOHN GARRETSON | $469.43 | $0.00 | $1.00 |
| 09/18/2012 CCI | ($5.24) Postage Charges (USPS) | POSTAGE | $464.19 | $0.00 | $1.00 |
| 09/20/2012 CCI | ($1.05) Postage Charges (USPS) | POSTAGE | $463.14 | $0.00 | $1.00 |
| 09/26/2012 CCI | ($22.25) Commissary Sale | Ticket Number 357582 | $440.89 | $0.00 | $1.00 |
| 09/28/2012 CCI | ($1.00) Payment to Treasurer, State of Ohio | SEPTEMBER 2012 PAYMENTS | $440.89 | $0.00 | $0.00 |
| 09/28/2012 CCI | ($6.00) Commissary Sale | Ticket Number 357965 | $434.89 | $0.00 | $0.00 |
| 10/01/2012 CCI | ($15.00) Inmate's Personal Account | POS Exemption Transfer | $419.89 | $0.00 | $0.00 |
| 10/01/2012 CCI | $15.00 Pos Exemption | POS Exemption Transfer | $434.89 | $0.00 | $0.00 |
| 10/05/2012 CCI | ($4.56) Postage Charges (USPS) | POSTAGE | $430.33 | $0.00 | $0.00 |
| 10/05/2012 CCI | ($1.30) Postage Charges (USPS) | POSTAGE | $429.03 | $0.00 | $0.00 |
| 10/09/2012 CCI | $16.00 State Pay | DR STATE PAY | $445.03 | $0.00 | $0.00 |
| 10/09/2012 CCI | ($1.00) Electronics Usage Charge | Electronic Usage Charge | $444.03 | $0.00 | $1.00 |
| 10/11/2012 CCI | ($24.44) Commissary Sale | Ticket Number 359754 | $419.59 | $0.00 | $1.00 |
| 10/16/2012 CCI | ($4.90) Postage Charges (USPS) | POSTAGE | $414.69 | $0.00 | $1.00 |
| 10/18/2012 CCI | ($2.63) Postage Charges (USPS) | POSTAGE | $412.06 | $0.00 | $1.00 |

Page: 3/6    A179828    DAVIS, VON C    CCI    01/02/2013

| Date | Description | Reference | Balance | | |
|---|---|---|---|---|---|
| 10/25/2012 CCI | ($2.80) Postage Charges (USPS) | POSTAGE | $409.26 | $0.00 | $1.00 |
| 10/25/2012 CCI | ($1.95) Postage Charges (USPS) | POSTAGE | $407.31 | $0.00 | $1.00 |
| 10/25/2012 CCI | ($2.50) Withdrawal to THE FREE CLINIC | CK #96762 | $404.81 | $0.00 | $1.00 |
| 10/25/2012 CCI | ($2.50) Withdrawal to FEED THE CHILDREN | CK #96763 | $402.31 | $0.00 | $1.00 |
| 10/25/2012 CCI | ($3.00) Withdrawal to SISTERS OF CHARITY OF CINN | CK #96764 | $399.31 | $0.00 | $1.00 |
| 10/25/2012 CCI | ($3.00) Withdrawal to PATH TO LIFE | CK #96765 | $396.31 | $0.00 | $1.00 |
| 10/25/2012 CCI | ($2.50) Withdrawal to THE USO | CK #96766 | $393.81 | $0.00 | $1.00 |
| 10/25/2012 CCI | ($26.83) Commissary Sale | Ticket Number 362069 | $366.98 | $0.00 | $1.00 |
| 10/26/2012 CCI | ($1.85) Commissary Sale | Ticket Number 362157 | $365.13 | $0.00 | $1.00 |
| 10/31/2012 CCI | ($1.00) Payment to Treasurer, State of Ohio | ELECTRIC CO PAY FOR OCTOBER 2012 | $365.13 | $0.00 | $0.00 |
| 11/01/2012 CCI | ($15.00) Inmate's Personal Account | POS Exemption Transfer | $350.13 | $0.00 | $0.00 |
| 11/01/2012 CCI | $15.00 Pos Exemption | POS Exemption Transfer | $365.13 | $0.00 | $0.00 |
| 11/08/2012 CCI | ($28.95) Commissary Sale | Ticket Number 363668 | $336.18 | $0.00 | $0.00 |
| 11/09/2012 CCI | $16.00 State Pay | DR OCT 2012 STATE PAY | $352.18 | $0.00 | $0.00 |
| 11/09/2012 CCI | ($1.00) Electronics Usage Charge | Electronic Usage Charge | $351.18 | $0.00 | $1.00 |
| 11/14/2012 CCI | $3.00 Returned Check | RET CK#95514 OUT OF THE CROSSFIRE UNIVERSE | $354.18 | $0.00 | $1.00 |
| 11/16/2012 CCI | $28.50 JPay MoneyOrders | 22150439/SMITH, CAROL | $382.68 | $0.00 | $1.00 |
| 11/19/2012 CCI | ($5.04) Postage Charges (USPS) | POSTAGE | $377.64 | $0.00 | $1.00 |

Page: 4/6   A179828   DAVIS, VON C       CCI   01/02/2013

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6737

| Date | Transaction | Description | Balance | | |
|---|---|---|---|---|---|
| 11/28/2012 CCI | ($23.46) Commissary Sale | Ticket Number 366119 | $354.18 | $0.00 | $1.00 |
| 11/30/2012 CCI | ($1.00) Payment to Treasurer, State of Ohio | ELECTRIC CO PAY FOR NOVEMBER 2012 | $354.18 | $0.00 | $0.00 |
| 12/01/2012 CCI | ($15.00) Inmate's Personal Account | POS Exemption Transfer | $339.18 | $0.00 | $0.00 |
| 12/01/2012 CCI | $15.00 Pos Exemption | POS Exemption Transfer | $354.18 | $0.00 | $0.00 |
| 12/03/2012 CCI | ($1.50) Postage Charges (USPS) | POSTAGE | $352.68 | $0.00 | $0.00 |
| 12/04/2012 CCI | ($4.90) Postage Charges (USPS) | POSTAGE/LEGAL | $347.78 | $0.00 | $0.00 |
| 12/07/2012 CCI | ($0.65) Postage Charges (USPS) | POSTAGE | $347.13 | $0.00 | $0.00 |
| 12/07/2012 CCI | $25.00 Money Order | UNKNOWN | $372.13 | $0.00 | $0.00 |
| 12/07/2012 CCI | ($2.00) Medical Co-Payment | MCP 12/5/2012 | $370.13 | $0.00 | $2.00 |
| 12/09/2012 CCI | $42.00 OffConnect Kiosk Deposit | 4261790864686735666/DA VIS, SHERRY | $412.13 | $0.00 | $2.00 |
| 12/10/2012 CCI | ($1.05) Postage Charges (USPS) | POSTAGE | $411.08 | $0.00 | $2.00 |
| 12/11/2012 CCI | $16.00 State Pay | DR STATE PAY | $427.08 | $0.00 | $2.00 |
| 12/11/2012 CCI | ($1.00) Electronics Usage Charge | Electronic Usage Charge | $426.08 | $0.00 | $3.00 |
| 12/11/2012 CCI | ($2.50) Photographs - I&E | PHOTOS | $423.58 | $0.00 | $3.00 |
| 12/12/2012 CCI | ($36.94) Commissary Sale | Ticket Number 367825 | $386.64 | $0.00 | $3.00 |
| 12/17/2012 CCI | ($0.85) Postage Charges (USPS) | POSTAGE | $385.79 | $0.00 | $3.00 |
| 12/27/2012 CCI | ($24.23) Commissary Sale | Ticket Number 370135 | $361.56 | $0.00 | $3.00 |
| 12/31/2012 CCI | ($1.00) Payment to Treasurer, State of Ohio | ELECTRIC CO PAY FOR DECEMBER 2012 | $361.56 | $0.00 | $2.00 |
| 12/31/2012 | ($2.00) Payment to Medical Co-Pay Fund | DECEMBER 2012 MCP | $361.56 | $0.00 | $0.00 |

| Page: 5/6 | A179828 | DAVIS, VON C | | CCI | 01/02/2013 |

CCI

| Date | Description | Type | | | |
|---|---|---|---|---|---|
| 01/01/2013 CCI | ($15.00) Inmate's Personal Account | POS Exemption Transfer | $346.56 | $0.00 | $0.00 |
| 01/01/2013 CCI | $15.00 Pos Exemption | POS Exemption Transfer | $361.56 | $0.00 | $0.00 |

Outstanding Debts:

| Start Date | Description | Case | Agency | County | Total Debt | Paid to Date | Balance Owed |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Total Outstanding Case Balances | $0.00 |
|---|---|

Outstanding Holds:

| Start Date | Description | Case | Agency | County | Total Debt | Paid to Date | Balance Owed |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Total Outstanding Case Holds | $0.00 |
|---|---|

Outstanding Investments / EPC:

| Investment Type | Investment Type Description | Invest Company | Company Description | Balance |
|---|---|---|---|---|
| | | | | |

Page: 6/6     A179828     DAVIS, VON C                                    CCI     01/02/2013

IN THE COURT OF APPEALS
BUTLER COUNTY, OHIO
TWELFTH APPELLATE DISTRICT

STATE OF OHIO,                          :        C. A. CASE NO. CA 2012 12 0258
                                        :
        Plaintiff-Appellee              :        C. P. CASE NO. CR 1983 12 0614
                      FILED BUTLER CO.   :
                      COURT OF APPEALS
v.                                      :
                      FEB 14 2013
VON CLARK DAVIS,           MARY L. SWAIN  Regular Calendar
                           CLERK OF COURTS
        Defendant-Appellant.            :        Capital Case

---

## APPELLANT'S MOTION FOR LEAVE TO FILE OVERSIZED BRIEF

Appellant Von Clark Davis, by and through counsel, requests for leave to file an
oversized brief of thirty-five (35) pages. This Court's rules limit briefs to twenty (20) pages.
12th Appellate Dist. Loc. R. 11(A)(3). Appellant's request is in accordance with App. R. 19(A),
which permits an initial brief of thirty-five (35) pages in length.

This case is a capital case, one of vital importance to Davis since his life is literally on the
line. As the United States Supreme Court has held, "when a State opts to act in a field where its
action has significant discretionary elements, it must nonetheless act in accord with the dictates
of the Constitution – and, in particular, in accord with the Due Process Clause." *Evitts v. Lucey*,
469 U.S. 387, 401 (1985). This is all the more so when a petitioner's "life" interest (protected by
the "life, liberty and property" language in the Due Process Clause) is at stake in the proceeding.
*Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272 (1998) (five Justices recognized a
distinct "life" interest protected by the Due Process Clause in capital cases above and beyond

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6740

liberty and property interests).  Death is different; for that reason more process is due, not less. *See Lockett v. Ohio*, 438 U.S. 586 (1978); *Woodson v. North Carolina*, 428 U.S. 280 (1976). Moreover, should this case ever reach federal habeas review, it is important for Appellant's claims to be fully briefed and exhausted to thwart any procedural default claim.  *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971).

To fully present the claims in this appeal while still protecting Appellant's rights as stated herein, Appellant respectfully moves for leave to file an oversized brief of thirty-five (35) pages.

Respectfully submitted,

Kort Gatterdam (0040434)
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com

COUNSEL FOR DEFENDANT-APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing Motion for Leave to File Oversized Brief was sent via facsimile on this 14th day of February, 2013, to Donald R. Caster, Assistant Butler County Prosecuting Attorney, 315 High Street, 11th Floor, Hamilton, Ohio 45011.

Kort Gatterdam

2

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6741

# CARPENTER LIPPS & LELAND LLP

*Attorneys at Law*
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
www.carpenterlipps.com

## Fax Cover Sheet

**DATE:** February 14, 2013

**TO:** Clerk of Court, 12th Appellate District     **FROM:** Kort W. Gatterdam

**FAX:** (513) 887-3966     **DIRECT DIAL:** (614) 365-4100

**Pages (including cover sheet):** 4

**Hard Copy (check one):**

| X | Will not be sent | | Will be mailed |
|---|---|---|---|
| | Will be hand delivered | | Will be mailed via overnight express |

Clerk of Court,

Attached please find the Appellant's Motion For Leave To File Oversized Brief to be filed in Appellate Case No. CA2012-12-0258. The information required by rule is as follows:

    (1) Name of Court – Court of Appeals, Twelfth Appellate District, Butler County, OH
    (2) Case Caption - State of Ohio v. Von Clark Davis
    (3) Case Number – CA2012-12-0258
    (4) Assigned Judge – Panel Unknown
    (5) Name, Address, phone number, fax number, Supreme Court registration number, and email address of attorney submitting fax filing – Kort W. Gatterdam, Carpenter Lipps & Leland LLP, 280 Plaza Suite 1300, 280 N High Street, Columbus, Ohio 43215, (614) 365-4100 (Phone), (614) 365-9145 (Facsimile), Ohio Bar 0040434, Gatterdam@carpenterlipps.com
    (6) Description of Document – Appellant's Motion For Leave To File Oversized Brief.
    (7) Date of Transmission – 2/14/13
    (8) Transmitting fax number – (614) 365-9145
    (9) Total Number of pages (including cover sheet) – 4

If I can be of further assistance, do not hesitate to contact me.

Sincerely,

Kort Gatterdam

---

### FOR CONFIRMATION OR IF YOU DO NOT RECEIVE LEGIBLE COPIES OF ALL PAGES, PLEASE CALL (614) 365-4100 AS SOON AS POSSIBLE

### CONFIDENTIALITY NOTICE

The documents accompanying this telecopy transmission contain confidential or legally privileged information. The information is intended only for the use of the person(s) named above. If you are not the intended recipient, any disclosure, copying, distribution or taking any action on the contents of the attached information is strictly prohibited. If you received this telecopy in error, please immediately notify us by telephone at the number listed above to arrange for the immediate return of this information.

*Rev. 8/04*

02/14/2013 14:16      No. : R117      P. 001/004

IN THE COURT OF APPEALS
BUTLER COUNTY, OHIO
TWELFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | C. A. CASE NO. CA 2012 12 0258 |
| | : | |
| **Plaintiff-Appellee,** | : | C. P. CASE NO. CR 1983 12 0614 |
| | : | |
| v. | : | |
| | : | |
| VON CLARK DAVIS, | : | Regular Calendar |
| | : | |
| **Defendant-Appellant.** | : | Capital Case |

ENTRY

Upon consideration of Appellant's Motion for Leave to File Oversized Brief, and for good cause shown, this Court grants the Motion. Appellant may file a brief thirty-five (35) pages in length.

It is so ordered.

_____

02/14/2013 14:17          No. : R117                    P. 004/004

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6743

## IN THE COURT OF APPEALS
## BUTLER COUNTY, OHIO
## TWELFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| **STATE OF OHIO,** | : | **C. A. CASE NO. CA 2012 12 0258** |
| | : | |
| **Plaintiff-Appellee,** | : | **C. P. CASE NO. CR 1983 12 0614** |
| | : | |
| **v.** | : | |
| | : | |
| **VON CLARK DAVIS,** | : | Regular Calendar   FILED BUTLER CO. |
| | : | COURT OF APPEALS |
| FILED BUTLER CO **Defendant-Appellant.** | : | **Capital Case** |
| COURT OF COMMON PLEAS | | FEB 19 2013 |

FEB 19 2013

MARY L. SWAIN
CLERK OF COURTS

MARY L. SWAIN
CLERK OF COURTS

---

## BRIEF OF APPELLANT VON CLARK DAVIS

---

Kort Gatterdam (0040434)
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com
    henry@carpenterlipps.com

COUNSEL FOR APPELLANT

Donald R. Caster
Assistant Butler County Prosecuting Attorney
315 High Street, 11th Floor
Hamilton, Ohio 45011
Telephone: (513) 887-3474
Facsimile: (513) 887-3489
E-mail: casterd@butlercountyohio.org

COUNSEL FOR APPELLEE

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6744

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................... iii

ASSIGNMENTS OF ERROR PRESENTED FOR REVIEW .............................................. vii

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ......................................... vii

PROCEDURAL POSTURE .......................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 2

ARGUMENT ............................................................................................................... 2

FIRST ASSIGNMENT OF ERROR: TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 1, 2, 5, 9, 10, 16, AND 20, ARTICLE I OF THE OHIO CONSTITUTION. (Petition to Vacate or Set Aside Sentence Pursuant to R.C. 2953.21; Memorandum in Opposition to Plaintiff-Respondent's Motion to Dismiss or in the Alternative for Summary Judgment; 2009 Mitigation Hearing Transcript Volumes I–III; 9/21/2009 Sentencing Opinion; 11/26/2012 Entry and Order). ........................... 3

   1. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by failing to reasonably investigate and present available, mitigating evidence in the form of prison guards and/or staff regarding Appellant's exemplary prison record.** ..................................... 4

   2. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by failing to reasonably investigate and present available, mitigating evidence in the form of documents from Appellant's institutional file regarding Appellant's exemplary prison record.** . 8

   3. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions through the preparation and decision to call as a witness Cynthia Mausser, the Chair of the Ohio Parole Board.** 11

   4. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions through the preparation and decision to call as a witness psychologist, Dr. Robert Smith.** ..................................... 16

   5. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by not calling as a witness mitigation specialist/investigator, John Lee, to testify and/or to present exhibits regarding unavailable mitigation witnesses.** .............................................................. 19

i

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6745

6. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by not seeking the removal Judge Andrew Nastoff from the new three-judge panel.** ...........................................23

7. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by advising Appellant that life without the possibility of parole was a sentencing option at his third sentencing hearing, when in fact because the law in effect at the time of Davis's offense was being applied, life without the possibility of parole was not available.**.......................25

8. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by not advising Appellant of the collateral consequence of his waiver of a jury trial.** .............................................26

**SECOND ASSIGNMENT OF ERROR: APPELLANT'S JUDGMENT AND SENTENCE ARE VOID OR VOIDABLE BECAUSE OHIO'S POST-CONVICTION PROCEDURES DO NOT PROVIDE AN ADEQUATE CORRECTIVE PROCESS, IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, §§ 1, 2, 5, 9, 10, 16, AND 20 OF THE OHIO CONSTITUTION.** (Petition to Vacate or Set Aside Sentence Pursuant to R.C. 2953.21; 11/26/2012 Entry and Order). .................................................................................28

    **Issue Presented for Review: Whether Ohio's post-conviction procedures provide an adequate corrective process in accord with the United States and Ohio Constitutions.**....................................................................................................................28

**THIRD ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW APPELLANT TO CONDUCT DISCOVERY OR GRANT AN EVIDENTIARY HEARING IN VIOLATION OF APPELLANT'S RIGHTS UNDER R.C. 2953.21 AND THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION** (Petition to Vacate or Set Aside Sentence Pursuant to R.C. 2953.21; Motion for Leave of Court to Conduct Discovery; Reply Memorandum in Support of Motion for Leave to Conduct Discovery; 11/26/2012 Entry and Order).................................31

    **Issue Presented for Review: Whether the trial court erred when it refused to allow an evidentiary hearing or discovery in violation of R.C. 2953.21 and the United States Constitution.** ...................................................................................................31

**CONCLUSION** ...........................................................................................................35

**CERTIFICATE OF SERVICE** ...................................................................................36

**APPENDIX** ...............................................................................................................

ii

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6746

## TABLE OF AUTHORITIES

CASES

*Adams v. United States ex rel. McCann*, 317 U.S. 269 (1942) ..................................................... 26

*Allen v. Perini*, 424 F.2d 134 (6th Cir. 1970)............................................................................ 30

*Ayers v. Belmontes*, 549 U.S. 7 (2006)...................................................................................... 5

*Boyd v. California*, 494 U.S. 370 (1990)........................................................................ 4, 8, 20, 22

*Boykin v. Alabama*, 395 U.S. 238 (1964)................................................................................. 26

*Bracy v. Gramley*, 520 U.S. 899 (1997) ................................................................................. 35

*Burger v. Kemp*, 483 U.S. 776 (1987)..................................................................................... 32

*Case v. Nebraska*, 381 U.S. 336 (1965) .................................................................................. 28

*City of Akron v. Callaway*, 162 Ohio App.3d 781, 2005-Ohio-4095, 835 N.E.2d 736.................. 3

*Coley v. Alvis*, 381 F.2d 870 (6th Cir. 1967)............................................................................ 30

*Combs v. Coyle*, 205 F.3d 269 (6th Cir. 2000)..................................................................... passim

*Cullen v. Pinholster*, 131 S. Ct. 1388 (2011) ........................................................................... 34

*Davis v. Coyle*, 475 F.3d 761 (6th Cir. 2007)...................................................................... passim

*Eddings v. Oklahoma*, 455 U.S. 104 (1982).............................................................................. 5

*Evitts v. Lucey*, 469 U.S. 387 (1985)........................................................................... 28, 31, 32

*Goldberg v. Kelly*, 397 U.S. 254 (1970)................................................................................... 28

*Hickman v. Taylor*, 329 U.S. 495 (1947) ................................................................................ 35

*Horton v. Zant*, 941 F.2d 1449 (11th Cir. 1991) ................................................................. 11, 16

*In re Disqualification of Floyd*, 101 Ohio St.3d 1215, 2003-Ohio-7354, 803 N.E.2d 816.......... 23

*Johnson v. Bobby*, No. 2:08-cv-55, 2010 U.S. Dist. LEXIS 103351 (S.D. Ohio Sept. 30, 2010) 34

*Keener v. Ridenour*, 594 F.2d 581 (6th Cir. 1979).............................................................. 30, 33

*Lafler v. Cooper*, 132 S. Ct. 1376 (2012)............................................................................ 25, 26

*Lockett v. Ohio*, 438 U.S. 586, (1978).............................................................................. passim

iii

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6747

*Magana v. Hofbauer*, 263 F.3d 542 (6th Cir. 2001) ....................................................................25

*Missouri v. Frye*, 132 S. Ct. 1399 (2012) .................................................................................25

*Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272 (1998)..........................................31, 32

*Padilla v. Kentucky*, 130 S. Ct. 1382 (2010) ............................................................................27

*Patton v. United States*, 281 U.S. 276 (1930)...........................................................................26

*Rompilla v. Beard*, 545 U.S. 374 (2005) .................................................................... 4, 9, 20, 23

*Rose v. Clark*, 478 U.S. 570 (1986)...........................................................................................23

*Skipper v. South Carolina*, 476 U.S. 1 (1986) .....................................................................passim

*Smith v. United States*, 348 F.3d 545 (6th Cir. 2003)..............................................................25

*Sparks v. Sowders*, 852 F.2d 882 (6th Cir. 1988)....................................................................25

*State v. Bradley*, 42 Ohio St.3d 136, N.E.2d 373 (1989)...........................................................3

*State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905 ..................................29

*State v. Carter*, 89 Ohio St.3d 593, 2000-Ohio-172, 734 N.E.2d 345. ............................... 15, 25

*State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982)....................................................15, 24

*State v. Conway*, 10th Dist. No. 05AP-76, 2005-Ohio-6377 ....................................................30

*State v. Cooperrider*, 4 Ohio St.3d 226, 448 N.E.2d 452 (1984)..............................................28

*State v. Davis*, 12th Dist. No. CA2009-10-263, 2011-Ohio-787 ..................................................1

*State v. Davis*, 12th Dist. No. CA84-06-071, 1986 Ohio App. LEXIS 6919 (May 27, 1986).......1

*State v. Davis*, 12th Dist. No. CA89-09-123, 1990 Ohio App. LEXIS 4717 (Oct. 29, 1990)........1

*State v. Davis*, 38 Ohio St.3d 361, 528 N.E.2d 925 (1988) .........................................................1

*State v. Davis*, 63 Ohio St.3d 44, 584 N.E.2d 1192 (1992) .........................................................1

*State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77........................................2

*State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980)....................................................33

*State v. Johnson*, 24 Ohio St.3d 87, 494 N.E.2d 1061 (1986) ................................................4, 8

*State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166 ......................................23

iv

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6748

*State v. McNeill*, 137 Ohio App.3d 34, 2000-Ohio-186, 738 N.E.2d 23 (9th Dist.) ................... 14

*State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967) .......................................................... 30

*State v. Steffen*, 31 Ohio St.3d 111, 509 N.E.2d 383 (1987) ................................................ 7, 9, 20

*State v. Steffen*, 70 Ohio St.3d 399, 1994-Ohio-111, 639 N.E.2d 67 .................................... 15, 24

*Strickland v. Washington*, 466 U.S. 668 (1984) .................................................................. passim

*Tumey v. Ohio*, 273 U.S. 510 (1927) ........................................................................................ 23

*United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005) ............................................................. 26

*Wiggins v. Smith*, 539 U.S. 510 (2003) ................................................................................ passim

*Williams v. Anderson*, 460 F.3d 789 (6th Cir. 2006) ............................................................... 4, 9

*Williams v. Taylor*, 529 U.S. 362 (2000) ............................................................................... 4, 9

*Woodson v. North Carolina*, 428 U.S. 280 (1976) ....................................................... 24, 31, 32

**STATUTES**
R.C. 2929.04 ....................................................................................................................... 7, 9, 20

R.C. 2953.21 ............................................................................................................................ passim

**RULES**
Civ. R. 26 ...................................................................................................................................... 32

Crim. R. 35 ................................................................................................................................... 29

**CONSTITUTIONAL PROVISIONS**
Ohio Constitution, Article I, Section 1 ........................................................................... 3, 28, 31

Ohio Constitution, Article I, Section 2 ........................................................................... 3, 28, 31

Ohio Constitution, Article I, Section 5 ........................................................................... 3, 28, 31

Ohio Constitution, Article I, Section 9 ........................................................................... 3, 28, 31

Ohio Constitution, Article I, Section 10 ......................................................................... 3, 28, 31

Ohio Constitution, Article I, Section 16 ......................................................................... 3, 28, 31

Ohio Constitution, Article I, Section 20 ......................................................................... 3, 28, 31

United States Constitution, Amendment V ..................................................................... 3, 28, 31

v

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6749

United States Constitution, Amendment VI ............................................................. 3, 25, 28, 31

United States Constitution, Amendment VIII.................................................................passim

United States Constitution, Amendment IX ...................................................................28, 31

United States Constitution, Amendment XIV.......................................................... 3, 28, 31, 32

vi

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6750

## ASSIGNMENT OF ERROR PRESENTED FOR REVIEW

**FIRST ASSIGNMENT OF ERROR: TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 1, 2, 5, 9, 10, 16, AND 20, ARTICLE I OF THE OHIO CONSTITUTION.** (Petition to Vacate or Set Aside Sentence Pursuant to R.C. 2953.21; Memorandum in Opposition to Plaintiff-Respondent's Motion to Dismiss or in the Alternative for Summary Judgment; 2009 Mitigation Hearing Transcript Volumes I–III; 9/21/2009 Sentencing Opinion; 11/26/2012 Entry and Order).

**SECOND ASSIGNMENT OF ERROR: APPELLANT'S JUDGMENT AND SENTENCE ARE VOID OR VOIDABLE BECAUSE OHIO'S POST-CONVICTION PROCEDURES DO NOT PROVIDE AN ADEQUATE CORRECTIVE PROCESS, IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, §§ 1, 2, 5, 9, 10, 16, AND 20 OF THE OHIO CONSTITUTION.** (Petition to Vacate or Set Aside Sentence Pursuant to R.C. 2953.21; 11/26/2012 Entry and Order).

**THIRD ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW APPELLANT TO CONDUCT DISCOVERY OR GRANT AN EVIDENTIARY HEARING IN VIOLATION OF APPELLANT'S RIGHTS UNDER R.C. 2953.21 AND THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION** (Petition to Vacate or Set Aside Sentence Pursuant to R.C. 2953.21; Motion for Leave of Court to Conduct Discovery; Reply Memorandum in Support of Motion for Leave to Conduct Discovery; 11/26/2012 Entry and Order).

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. **Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by failing to reasonably investigate and present available, mitigating evidence in the form of prison guards and/or staff regarding Appellant's exemplary prison record.**

2. **Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by failing to reasonably investigate and present available, mitigating evidence in the form of documents from Appellant's institutional file regarding Appellant's exemplary prison record.**

3. **Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions through the preparation and decision to call as a witness Cynthia Mausser, the Chair of the Ohio Parole Board.**

4. **Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions through the preparation and decision to call as a witness psychologist, Dr. Robert Smith.**

vii

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6751

5. Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by not calling as a witness mitigation specialist/investigator, John Lee, to testify and/or to present exhibits regarding unavailable mitigation witnesses.

6. Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by not seeking the removal Judge Andrew Nastoff from the new three-judge panel.

7. Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by advising Appellant that life without the possibility of parole was a sentencing option at his third sentencing hearing, when in fact because the law in effect at the time of Davis's offense was being applied, life without the possibility of parole was not available.

8. Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by not advising Appellant of the collateral consequence of his waiver of a jury trial.

9. Whether Ohio's post-conviction procedures provide an adequate corrective process in accord with the United States and Ohio Constitutions.

10. Whether the trial court erred when it refused to allow an evidentiary hearing or discovery in violation of R.C. 2953.21 and the United States Constitution.

viii

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6752

## PROCEDURAL POSTURE

In 1984, a three-judge panel convicted Defendant-Appellant, Von Clark Davis, of capital murder in the death of Suzette Butler, and this Court affirmed the conviction on direct appeal. *State v. Davis*, 12th Dist. No. CA84-06-071, 1986 Ohio App. LEXIS 6919 (May 27, 1986). The Ohio Supreme Court affirmed Davis's convictions, but vacated his death sentence because the three-judge panel had improperly considered non-statutory aggravating circumstances. *State v. Davis*, 38 Ohio St.3d 361, 366–73, 528 N.E.2d 925 (1988).

On remand, the same three-judge panel again imposed the death sentence upon Davis, without allowing the presentation of new mitigation. This Court affirmed this sentence, *State v. Davis*, 12th Dist. No. CA89-09-123, 1990 Ohio App. LEXIS 4717 (Oct. 29, 1990), as did the Ohio Supreme Court. *State v. Davis*, 63 Ohio St.3d 44, 584 N.E.2d 1192 (1992). The Sixth Circuit Court of Appeals granted habeas relief due to the failure of the panel to consider the new mitigating evidence. *Davis v. Coyle*, 475 F.3d 761 (6th Cir. 2007).

On December 19, 2007, to comply with the mandate from the federal courts, the trial court granted Davis a new sentencing hearing. Because the original three-judge panel could not reconstitute, a new three-judge panel was formed and a third resentencing hearing was conducted from September 8, 2009 through September 10, 2009, after which the new three-judge panel resentenced Davis to death. Davis appealed to this Court where, on February 22, 2011, this Court affirmed Davis's sentence of death. *State v. Davis*, 12th Dist. No. CA2009-10-263, 2011-Ohio-787. Davis's appeal to the Ohio Supreme Court remains pending.

On October 21, 2011, Davis timely filed a Post-Conviction Petition pursuant to R.C. 2953.21 and a Motion for Leave to Conduct Discovery. On November 26, 2012, the trial court dismissed Davis's Petition and denied his discovery motion. This timely appeal followed.

1

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6753

## STATEMENT OF FACTS

At approximately 7:40 p.m. on December 12, 1983, officers of the Hamilton Police Department arrived at the scene of a shooting at American Legion Post 520 (hereinafter "the Legion"). Lying on the pavement approximately six feet outside the front door of the Legion was the deceased victim, Suzette Butler. An autopsy performed by the county coroner revealed that Butler had died as a result of multiple gunshot wounds to the left side of her head.

On the day of the shooting, Butler met her friend, Mona Aldridge, at the Legion sometime between 5:00 p.m. and 6:30 p.m. Davis arrived shortly thereafter, and eventually sat at a table with Butler and Aldridge. Apparently, Davis and Butler had cohabited for several months, but had recently separated. After a brief period of time, Davis and Butler arose from the table and walked out the front door. Prior to leaving, Butler told Aldridge that she would be "right back" and asked Aldridge to watch her jacket, cigarettes, and drink. Several minutes later, a concerned Aldridge went to the front door of the Legion to look for Butler. Aldridge opened the door slightly and discovered Davis pointing a gun at Butler's head. Aldridge panicked and went back inside. Others soon followed her into the bar saying that someone had been shot.

The shooting was witnessed by Reginald Denmark and Cozette Massey. While walking observing Christmas lights, they saw a man and a woman talking in front of the Legion. The man and woman did not appear to be arguing. Two shots rang out. As the woman (later identified as Butler) fell, another shot was fired. Finally, "after she was down, he bent down and shot her in the head." Both Massey and Denmark ultimately identified Davis as the person who shot Butler.

## ARGUMENT

A trial court's decision to dismiss a post-conviction petition is decided under an abuse of discretion standard. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77¶ 58.

2

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6754

The constitutionality of Ohio law is a question of law, decided *de novo*. *City of Akron v. Callaway*, 162 Ohio App.3d 781, 2005-Ohio-4095, 835 N.E.2d 736, ¶ 23.

R.C. 2953.21(A) requires a petitioner for post-conviction relief to allege a "denial or infringement" of his rights under the Ohio or United States Constitutions. In this case, Appellant asserts in eight instances under the First Assignment of Error, he was denied effective assistance of counsel contrary to the Ohio and United States Constitutions. In the Second Assignment of Error, Davis claims the post-conviction process itself does not provide an adequate corrective process, contrary to the Ohio and United States Constitutions. In the Third Assignment of Error, Davis argues the trial court erred in denying Davis the ability to conduct discovery or develop the record at an evidentiary hearing.

### FIRST ASSIGNMENT OF ERROR

**TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 1, 2, 5, 9, 10, 16, AND 20, ARTICLE I OF THE OHIO CONSTITUTION.** (Petition to Vacate or Set Aside Sentence Pursuant to R.C. 2953.21; Memorandum in Opposition to Plaintiff-Respondent's Motion to Dismiss or in the Alternative for Summary Judgment; 2009 Mitigation Hearing Transcript Volumes I–III; 9/21/2009 Sentencing Opinion; 11/26/2012 Entry and Order).

Pursuant to *Strickland v. Washington*, 466 U.S. 668, 687 (1984), to prevail on a ineffective assistance of counsel claim, the appellant must demonstrate both (1) deficient performance, i.e., performance fallen below an objective standard of reasonable representation, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694.

3

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6755

Davis submits in eight instances, he received ineffective assistance of counsel, any one of which should have warranted relief in his post-conviction petition. In reviewing these claims, this Court must "conduct an objective review of [counsel's] performance, measured for 'reasonableness under prevailing professional norms,' which includes a context-dependent consideration of the challenged conduct as seen 'from counsel's perspective at the time.'" *Wiggins v. Smith*, 539 U.S. 510, 523 (2003) (quoting *Strickland*, 466 U.S. at 688–89). Reversal is warranted because Davis was denied his right to effective assistance of counsel as guaranteed by the United States and Ohio Constitutions.

1. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by failing to reasonably investigate and present available, mitigating evidence in the form of prison guards and/or staff regarding Appellant's exemplary prison record.**

The Eighth Amendment requires the sentencer to consider the circumstances of the crime and the defendant's character, history and background during the penalty phase of a capital trial. *Boyd v. California*, 494 U.S. 370, 377–78 (1990); *Lockett v. Ohio*, 438 U.S. 586, 4 (1978). Defense counsel's duty to investigate the client's background for mitigating factors is "an indispensable component of the constitutional requirement of . . . effective representation and assistance from his lawyer." *State v. Johnson*, 24 Ohio St.3d 87, 90, 494 N.E.2d 1061 (1986).

The United States Supreme Court has provided specific guidance with respect to reasonable professional assistance during the sentencing phase of a capital case. *Rompilla v. Beard*, 545 U.S. 374, 381–90 (2005), *Wiggins*, 539 U.S. at 521–29, *Williams v. Taylor*, 529 U.S. 362, 395–97 (2000). In particular, the Court has recognized that counsel in a capital case has an "obligation to conduct a thorough investigation of the defendant's background" to determine the availability of mitigating evidence. *Williams*, 529 U.S. at 396; *see also Williams v. Anderson*, 460 F.3d 789, 802 (6th Cir. 2006) (finding deficient performance where defense counsel failed to

4

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6756

investigate before deciding to present mitigating evidence). Counsel's "investigations into mitigating evidence 'should comprise efforts to discover *all reasonably available* mitigating evidence and evidence to rebut any aggravating evidence that may be introduced by the prosecutor.'" *Wiggins*, 539 U.S. at 524 (citation omitted) (emphasis in original). The United States Supreme Court recognizes the need of capital defendants to put forth evidence of the likelihood of future good conduct at sentencing. *Ayers v. Belmontes*, 549 U.S. 7, 15 (2006).

In *Skipper v. South Carolina*, 476 U.S. 1 (1986), the trial court excluded evidence of the defendant's good behavior during the period of his incarceration between arrest and trial. The Supreme Court reversed the death sentence, finding such evidence relevant to refute the state's allegations of future dangerousness, and noting that "any sentencing authority must predict a convicted person's probable future conduct when it engages in the process of determining what punishment to impose." *Id.* at 5 (citation omitted). Because, in the capital context, a sentencing authority may consider a defendant's past conduct as indicative of his probable future behavior, "evidence that the defendant would not pose a danger if spared (but incarcerated) must be considered potentially mitigating" and, pursuant to *Eddings v. Oklahoma*, 455 U.S. 104 (1982), may not be excluded from the sentencer's consideration. *Skipper*, 476 U.S. at 5.

In *Davis v. Coyle*, 475 F.3d 761 (6th Cir. 2007), the Sixth Circuit granted Davis habeas relief because during the second penalty phase held in 1989, the three-judge panel erroneously excluded testimony concerning Davis's exemplary behavior on death row in the time between the two sentencing hearings. *Id.* at 770. Regarding the evidence, the Sixth Circuit stated:

> Such testimony would have established that Davis was classified as an "A" prisoner, indicating that he had no discipline or conduct problems; that he was the clerk on death row for the unit manager and helped conduct tours of death row; and that he had created no problems for other inmates or for security personnel and had no conduct write-ups. Davis worked directly for Oscar McGraw, the unit manager for death row, who complimented Davis's positive attitude and pleasant

5

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6757

> personality. Herb Wendler, Davis's case manager, observed that Davis was cooperative and courteous, that he had been given much more freedom than other inmates on death row, and that he had been placed in various positions of trust within the unit.

*Id.* at 773. The Sixth Circuit determined that based on the record in the case, this evidence was "without doubt . . . **highly relevant** to the single aggravating factor relied upon by the state—that future dangerousness should keep Davis on death row." *Id.* (emphasis added).

Despite the Sixth Circuit's recognition of this evidence's importance, the defense only called Scott Nowak, Davis's case manager. Through Mr. Nowak, the defense introduced only one exhibit, a two-page institutional **summary** prepared by Mr. Nowak. (2009 Mitigation Hearing Transcript Vol. III, p. 219; hereafter Tr. Vol. ___, p.___). The institutional summary stated that Davis had not been to disciplinary control, that Davis had only received one conduct report since 1984, that Davis currently worked as a porter, that he had completed several programs and community service projects, and that in 2006, Davis was moved to the extended privilege unit. Neither the testimony, nor exhibit, covered any of the information cited in the Sixth Circuit's opinion as a basis for reversal. Moreover, with Davis's life on the line, a two-page summary is not going to save his life; however, the details would have saved his life.

At his second sentencing hearing in 1989, Davis's counsel proffered the evidence the Sixth Circuit later recognized as compelling and "highly relevant." Exhibit A, 8/4/1989 Transcript pages 1–5.[1] The Sixth Circuit ordered a new penalty phase because the original panel did not allow this evidence, and yet counsel in 2009 did not use or consider using this evidence.

Moreover, Davis was never asked by his attorneys for names of other guards, caseworkers, or other prison personnel. Ex. B, Affidavit of Von Clark Davis, ¶4. Had his attorneys asked, he could have provided them names of favorable witnesses who could have

---

[1] In this Brief, citations to Exhibits refer to those Exhibits attached to Davis's Post-Conviction Petition.

6

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6758

testified. Particularly those who knew him for the four years Davis was most recently housed at the Ohio State Penitentiary, these witnesses would have been important for the trier of fact to evaluate whether Davis was a risk if released and how he had responded to authority.

There cannot be a reasonable trial strategy involved in not even trying to talk to favorable witnesses. The reason the Sixth Circuit granted relief was because this evidence existed, and yet new counsel completely ignored the evidence. Defense counsel could have tried to interview the witnesses, tried to get a court order to interview the witnesses, or subpoenaed the witnesses to testify. Ex. C, Affidavit of Kort Gatterdam. Defense counsel did nothing. Davis's expert has opined that the failure to investigate and present this evidence constitutes ineffective assistance of counsel. Ex. D, Affidavit of Diane Menashe, ¶8–10. This is because one cannot make a strategic decision when one ignores helpful mitigation evidence and refuses to even consider it. *See Combs v. Coyle*, 205 F.3d 269, 288 (6th Cir. 2000). That is ineffective assistance of counsel.

R.C. 2929.04(C) allows for "great latitude" in the presentation of mitigation evidence. This provision "evinces the legislature's intent that a defendant in a capital case be given wide latitude to introduce any evidence the defendant considers to be mitigating." *State v. Steffen*, 31 Ohio St.3d 111, 509 N.E.2d 383 (1987), paragraph two of the syllabus. According to the United States Supreme Court, in capital cases, "the sentencer may not refuse to consider or be precluded from considering any relevant mitigating evidence." *Skipper*, 476 U.S. at 4.

In considering this claim, the trial court said the "testimony would have been cumulative." (11/26/2012 Entry and Order p.6). This finding does not align with R.C. 2929.04(C) and the panel's Sentencing Opinion where, in summarizing the evidence presented by prison personnel, it cited Davis's positive prison record, position on the honor block, and participation in Alcoholics Anonymous. (9/21/2009 Sentencing Opinion p.6). No mention is

7

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6759

made of Davis's personality and work record including the trust he gained from prison personnel which would have been important in rebutting any claim of future dangerousness. *Davis*, 475 F.3d at 773. Pursuant to *Skipper*, the panel would have had to consider this evidence, evidence the Sixth Circuit already deemed "highly relevant." *Id.* The panel attributed "little weight" to Davis's good prison behavior (9/21/2009 Sentencing Opinion p.10), thus it cannot be said additional mitigation evidence would have been "cumulative" when, given more information, the panel could have found more weight to this evidence.

It was inexcusable for defense counsel to not even consider evidence that three neutral Sixth Circuit judges found admissible and persuasive. Moreover, former counsel had the information so it was readily available. Counsel's deficient performance precluded the panel from considering and giving weight to available, compelling mitigation evidence in the determination of Davis's sentence. Counsel's failure to reasonably investigate, prepare and present this mitigating evidence was not a reasonable strategic decision, but rather was a dereliction of duty that prejudiced Davis. *See Wiggins*, 539 U.S. at 525 (finding investigation into mitigating evidence "unreasonable in light of what" counsel knew about client).

2. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by failing to reasonably investigate and present available, mitigating evidence in the form of documents from Appellant's institutional file regarding Appellant's exemplary prison record.**

The Eighth Amendment requires the sentence to consider the circumstances of the crime and the defendant's character, history and background during the penalty phase of a capital trial. *Boyd*, 494 U.S. at 377–78; *Lockett*, 438 U.S. at 604. Defense counsel's duty to investigate the client's background for mitigating factors is "an indispensable component of the constitutional requirement of . . . effective representation and assistance from his lawyer." *Johnson*, 24 Ohio St.3d at 90. Capital counsel must "conduct a thorough investigation of the defendant's

8

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6760

background" to determine the availability of mitigating evidence. *Williams*, 529 U.S. at 396; *see also Anderson*, 460 F.3d at 802. Counsel's investigation should include efforts to discovery all reasonably available mitigating evidence to rebut any aggravating evidence. *Wiggins*, 539 U.S. at 524. Not only must counsel investigate all reasonably available mitigating evidence, but counsel must then use that evidence "to counter the State's evidence of aggravated culpability with evidence in mitigation." *Rompilla*, 545 U.S. at 380–81. In Ohio, R.C. 2929.04(C) allows the defendant "great latitude" in the presentation of mitigation, evincing "the legislature's intent that a defendant in a capital case be given wide latitude to introduce any evidence the defendant considers to be mitigating." *Steffen*, 31 Ohio St.3d 111, paragraph two of the syllabus. Importantly, in capital cases, "the sentencer may not refuse to consider or be precluded from considering any relevant mitigating evidence." *Skipper*, 476 U.S. at 4.

At sentencing, Mr. Nowak admitted reviewing Davis's unit file, which contained Davis's disciplinary record, program participation, and any type of security or job changes. (Tr. Vol. III, p.220). As the trial court recognized, defense counsel had access to this unit file. (11/26/2012 Entry and Order p.7). Exhibit E attached to Davis's petition exemplifies what was contained in Davis's unit file. Included within these records is a certificate of completion for a twelve week stress management seminar; job evaluations indicating Davis is "a real good worker" and "has demonstrated excellent adjustment"; classification forms dating back to 1986 showing Davis's responsibility and lack of disciplinary reports; school records which consist of records dating back to junior high school, Davis's GED certificate, and the classes Davis has enrolled in while incarcerated including college courses; and Davis's application for membership with the Vietnam Veterans of America. Moreover, Davis had additional information he informed his attorneys about but which they failed to present. Ex. B, Affidavit of Von Clark Davis, ¶3.

9

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6761

Despite the obligation and the "great latitude" afforded to counsel to present mitigation evidence, defense counsel nevertheless failed to reasonably and competently investigate, prepare and present this available mitigating evidence from within Davis's institutional file. Instead, counsel introduced only a two-page institutional summary. Davis's expert has reviewed the record and the documents contained within Exhibit E and concluded, in her professional opinion, defense counsel was ineffective in not presenting this documentary evidence. Ex. D, Affidavit of Diane Menashe, ¶11–12. According to Ms. Menashe, demonstrative evidence is important for the trier of fact. *Id.* ¶11. Thus, she has reviewed evidence that was in possession of trial counsel and sees no valid strategic reason for refusing to use the evidence at the re-sentencing hearing.

In denying Davis relief, the trial court stated trial counsel made a "strategic decision to distill the mitigating aspects of the unit file into a summary." (11/26/2012 Entry and Order p.7). Such a finding implies that the person investigated the information and then made a voluntary choice not to use it. *Combs*, 205 F.3d at 288. That is not what happened here. One cannot make a strategic decision when one ignores helpful mitigation evidence and refuses to even consider it, as evidenced by how the summary did not cover much of the mitigating information found in Davis's unit file such as evidence of his job evaluations and school records.

Davis was in prison for over 25 years when the re-sentencing hearing began. Davis had an excellent prison record and had made a favorable impression on guards and staff alike. It strains credibility to argue that the only thing worthy of presenting on his behalf for over 25 years was a two-page summary. Defense counsel however, completely ignored both testimonial and demonstrative evidence despite all but being spoon fed the evidence by the Sixth Circuit Court of Appeals. The failure to present the testimony and records prejudiced Davis and deprived him of his state and federal constitutional rights.

10

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6762

3. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions through the preparation and decision to call as a witness Cynthia Mausser, the Chair of the Ohio Parole Board.**

Counsel's decision to present testimony may be considered a strategic one, but for the decision to be reasonable, it must be made after undertaking a full investigation. *Combs*, 205 F.3d at 288; *see also Strickland*, 466 U.S. at 691; *Horton v. Zant*, 941 F.2d 1449, 1462 (11th Cir. 1991) ("[O]ur case law rejects the notion that a 'strategic' decision can be reasonable when the attorney has failed to investigate his options and make a reasonable choice between them."). When calling an expert witness, counsel should know the expert's opinion on the ultimate issue and prepare accordingly. *Combs*, 205 F.3d at 288.

At the opening of the penalty phase, defense counsel stated that based on the applicable law, if the panel sentenced Davis to a 30-to-life sentence, he would be entitled to parole in 6 years. (Tr. Vol. I, p.36). Counsel misled the panel by stating that Cynthia Mausser, Chair of the Ohio Parole Board, would "testify based upon his prior record, the fact that [Davis] committed the second murder, while he was still on parole from the first murder, that he will not be paroled." (Tr. Vol. I., p.36–37). Counsel further stated that that if the panel "decide[d] to impose life with parole eligibility 'til he has served 30, we will note from Ms. Mausser's testimony that he will never be paroled." (Tr. Vol. I, p.38). Ms. Mausser never made those statements to defense counsel so not surprisingly, she did not testify as defense counsel stated in opening that she would. Ex. F, Affidavit of Cynthia Mausser, ¶4.

Prior to Ms. Mausser taking the stand, the prosecution objected arguing that Ms. Mausser should not testify because it would be irrelevant and speculative. (Tr. Vol. II, p.133–35). The prosecutor recalled speaking with Ms. Mausser prior to trial, and that Ms. Mausser said:

> [S]he would not be in a position to be able to testify whether or not she would vote for parole or not vote for parole, it would be improper for her to say that she could not say what a majority of the board would do as they are not here.

11

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6763

(Tr. Vol. II, p.133). In response, defense counsel claimed: "we will be in a position of surprise and affirmative damage if she testifies as the prosecution is suggesting because we, in fact, interviewed her four months ago and Ms. Cook will testify, if necessary, that that is not what we were told." (Tr. Vol. II, p.137). Defense counsel further stated: "It is my belief based upon our conversation with her through three or four months ago, is that she will say based upon similar factors, that she has seen in other cases, she would not anticipate that he would ever be paroled." (Tr. Vol. II, p.140). Based on these affirmations, the panel permitted Ms. Mausser to testify. (Tr. Vol. II, p.143–45). Ms. Mausser has indicated by affidavit that she did not tell defense counsel that Mr. Davis would never be paroled. Ex. F, Affidavit of Cynthia Mausser, ¶5.

Ms. Mausser testified that the average amount of time served for an aggravated murder conviction is about 27 years. (Tr. Vol. II, p.171). Ms. Mausser testified that once a person becomes parole-eligible, he would be considered for parole at intervals ranging from one to ten years for the rest of his life. (Tr. Vol. II, p.169, 180). Ms. Mausser testified that she did not have all the information she needed to give an opinion about how she would vote on Mr. Davis's parole. (Id. at 181–82, 184, 188). Additionally, she did not know how any other parole board member would vote on the Davis case when he came up for parole. (Id. at 184, 188).

As the panel recognized, Ms. Mausser could not definitively state if or when Davis might be paroled if he received a sentence less than death. (9/21/2009 Sentencing Opinion p.6–7). The panel found Ms. Mausser's testimony "highly speculative and unconvincing and entitled to no weight." (Id. at p.10). Thus, the promises made by defense counsel in the opening statement and before Ms. Mausser's testimony regarding Davis's parole eligibility went unfulfilled, leaving the panel to believe that if a non-death sentence were to be imposed, Davis might be paroled.

Ms. Mausser's affidavit indicates that contrary to the record made by defense counsel,

12

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6764

Mausser did not agree to testify Davis would never be paroled. Ex. F, Affidavit of Cynthia Mausser. She could have offered a better opinion if she had the proper materials provided to her, but defense counsel did not provide her what she needed. *Id.* ¶7. Despite the speculative and harmful nature of her testimony, defense counsel had her testify anyway. Certainly defense counsel is not supposed to present evidence that assists their client in receiving the death penalty.

Davis discussed the parole board testimony with his attorneys and mitigation specialist prior to the sentencing hearing, and he indicated he did not want this testimony presented in his case. Ex. B, Affidavit of Von Clark Davis, ¶6; Ex. H, Redacted Mitigation Write-Up. His attorneys ignored his request.

Davis's expert reviewed Ms. Mausser's affidavit and the record in this case, and opined promising a witness who could assure no parole when no such witness existed harmed Davis's case and constituted ineffective assistance of counsel. Ex. D, Affidavit of Diane Menashe, ¶13–15. The testimony highlighted that Davis might get out which is exactly the reason the prosecutor argued for death, meaning the defense witness actually was a prosecution witness.

Furthermore, at the end of her testimony, Ms. Mausser wanted to correct an answer she gave earlier, and began to say: "I think it might be unusual" before being stopped by the panel because no question had been asked. (Tr. Vol. II, p.189). Defense counsel was ineffective for failing to follow up on an obvious attempt by Ms. Mausser to correct her testimony. Defense counsel never requested permission to ask Ms. Mausser on redirect whether she had anything to add or correct to her previous testimony. Had defense counsel done so, Ms. Mausser could have indicated she actually has voted on cases where a person with death specifications came up for parole. Ex. F, Affidavit of Cynthia Mausser, ¶8. How and why she voted on those cases (particularly if she voted not to parole the inmate) would have been important information for the

13

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6765

panel in evaluating the likelihood of Davis ever being paroled. Defense counsel's failure to follow up on this constitutes ineffective assistance of counsel.

In denying Davis relief on this claim, the trial court first stated the claim was barred by res judicata, reasoning the decision by trial counsel to call Ms. Mausser could have been addressed on direct appeal. (11/26/2012 Entry and Order p.9). What Ms. Mausser told trial counsel, or what trial counsel told her, was not on the record at trial, nor could it have been. This involved private discussions between trial counsel and their witness about what Ms. Mausser would have testified to, which Ms. Mausser addressed in her affidavit along with her assertion she was not fully prepared to testify. How trial counsel came to a decision to call Ms. Mausser and whether it was a strategic decision, or not, is not apparent from the record. Post-conviction review is therefore necessary because the on the record statements by trial counsel are simply untrue. Evaluating defense counsel's decision to call Ms. Mausser **must** be based on what she has said in her affidavit regarding what she did and did not tell defense counsel prior to trial. *See State v. McNeill*, 137 Ohio App.3d 34, 41, 2000-Ohio-186, 738 N.E.2d 23 (9th Dist.) ("Evidence *de hors* the record must demonstrate that these claims could not have been raised on appeal based on the information in the original record."). Upon reading her affidavit, it is immediately apparent that there was no valid strategy in calling Ms. Mausser.

Moreover, Davis's protestations about using Ms. Mausser could not have been raised on direct appeal because it too involves conversations between Davis, his attorneys, and his mitigation specialist. Additionally, until reviewing the explanations in Ms. Mausser's affidavit, Ms. Menashe could not give a complete expert opinion on trial counsel's ineffectiveness in raising the issue. A claim based upon the affidavit testimony of an expert who was not called at trial must be raised in post-conviction because a direct appeal court, absent speculation, has no

14

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6766

way of knowing what, if anything, the expert testimony would have demonstrated. *See State v. Carter*, 89 Ohio St.3d 593, 606, 2000-Ohio-172, 734 N.E.2d 345.

Because credible off the record evidence from Mr. Davis, Ms. Mausser, and Davis's expert, Ms. Menashe, were offered in the petition, this claim could not have been raised at trial or on direct appeal. Accordingly, the trial court erred in finding Davis's claim barred by res judicata. *See State v. Steffen*, 70 Ohio St.3d 399, 410, 1994-Ohio-111, 639 N.E.2d 67; *State v. Cole*, 2 Ohio St.3d 112, 114, 443 N.E.2d 169 (1982) (stating evidence dehors the records of ineffective assistance is sufficient "to avoid dismissal on the basis of res judicata").

In considering the merits of Davis's claim, the trial court acknowledged how Ms. Mausser did not offer the evidence defense counsel promised (11/26/2012 Entry and Order p.7– 8), and that "it would have been desirable for defense counsel to avoid contradicting its opening statement." (*Id.* p.9). This is the point: trial counsel should not promise the trier of fact a witness will testify to something critical in the case when the witness will not testify as alleged, particularly in a death penalty case.

The trial court next asserted Davis suffered no prejudice as a result of trial counsel's ineffectiveness. (11/26/2012 Entry and Order p.9). The trial court's assertion ignores the prosecutor's rebuttal closing argument and how the prosecutor emphasized Ms. Mausser's testimony was total speculation, giving no assurance that Davis would be kept in prison for life. (See State's rebuttal closing, Tr. Vol. III, p.355–63). Furthermore, in its Sentencing Opinion, the panel clearly understood this point, stating: "Mausser could not, however, state with any certainty if or when Defendant might be paroled if this Court imposed a sentence less than death." (9/21/2009 Sentencing Opinion p.6–7). The panel's statement indicates that Ms. Mausser's testimony was actually persuasive evidence against him instead of in his favor,

15

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6767

particularly in light of Dr. Robert Smith's testimony as addressed below.

Trial counsel thought Ms. Mausser would testify or guarantee that Davis would not get paroled. (Tr. Vol. I, p.36–38; Vol. II, p.137, 140). If she would have told counsel that she would testify that way, that may have been trial strategy in presenting her testimony. However, her affidavit proves she did not tell trial counsel that. Ex. F, Affidavit of Cynthia Mausser. But worse than that, Ms. Mausser helped the panel give Davis a death sentence. Her testimony solidified the State's argument that Davis could get paroled at some point and therefore, a death sentence was the only way to ensure he would not be paroled. Trial counsel was ineffective for putting on a witness that helped their client receive a death sentence.

**4. Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions through the preparation and decision to call as a witness psychologist, Dr. Robert Smith.**

Counsel's decision to present testimony may be considered a strategic one, but for the decision to be reasonable, it must be made after undertaking a full investigation. *Combs*, 205 F.3d at 288; *see also Strickland*, 466 U.S. at 691; *Horton*, 941 F.2d at 1462. When calling an expert witness, counsel should know the expert's opinion on the ultimate issue and prepare accordingly. *Combs*, 205 F.3d at 288.

After Ms. Mausser's testimony, the defense called Dr. Robert Smith as an expert witness in the areas of clinical psychology and addiction. (Tr. Vol. III, p.229, 239–40). Before testifying, Dr. Smith visited with Davis twice, interviewed family and friends, reviewed relevant records, and reviewed Davis's criminal history. (Tr. Vol. III, p.241). Dr. Smith completed a comprehensive psychosocial history, a diagnostic workup, and a mental status examination. (Tr. Vol. III, p.242).

In Dr. Smith's opinion, within a reasonable degree of psychological certainty, Davis suffered from two psychological disorders at the time of the offense, alcohol dependence and

16

borderline personality disorder. (Tr. Vol. III, p.248). Dr. Smith also testified regarding a previous evaluation conducted in 1984, where evidence was found of Davis having an explosive psychiatric disorder. (Tr. Vol. III, p.260–61). Dr. Smith stated that one of the characteristics of a borderline is an unwarranted aggressive behavior that comes about with minor provocation. (Tr. Vol. III, p.261). Regarding the borderline personality disorder, Dr. Smith opined:

> If you put me in a very structured environment, with clear-cut rules and people who enforce those rules every day, the same way, I will adapt and I will adjust. My problem with borderline personality disorder is if I am in the community where I have no clear structure and I am reacting to whatever is happening to me throughout the day.

(Tr. Vol. III, p.258). Dr. Smith further expounded:

> The way to understand borderline personality disorder is picture someone who truly in many ways does not develop a sense of self. They don't really have an identity. And so what they do is they go through life reacting rather than thinking and acting. . . . Up and down, sad, angry, frightened, reacting to what is in front of them at the present, really not any sustained emotion. Impulsivity that is severe, they act and then think about it afterwards. They are not really considering their actions and what the consequences will be, what the other options are, the pros and cons, they act out again based on what they are feeling.

(Tr. Vol. III, p.263). Dr. Smith testified that this is a chronic disorder, and is still present in Davis. (Tr. Vol. III, p.263, 278).

Defense counsel failed to prepare Dr. Smith for the fact that parole was going to be a critical issue. Ex. I, Affidavit of Dr. Bob Smith. They failed to have him address how Davis had changed over time and even as a borderline personality disorder, he could adapt in society. Instead, they focused on his psychological state of mind in 1984, which left the panel with the impression that he was and is still dangerous. This only **contributed** to the panel imposing a death sentence. (9/21/2009 Sentencing Opinion p.7–8 ("Ultimately, however, Dr. Smith failed to forecast Defendant's behavior . . . should he eventually be released from prison.")). Once again, defense counsel called a witness that aided the prosecution in obtaining a death sentence.

17

A simple review of the 1989 panel's opinion would have given trial counsel a glimpse of how another panel considered the same psychological evidence. The panel did not call it aggravating, but did say: "Defendant's explosive personality disorder, which we found may have contributed to the violence in the case at bar, may explain it but in no way excuses it, and is not of such a nature as would have any great mitigating effect." Ex. K, 8/10/1989 Sentencing Opinion, p.2. Thus, the panel in 1989 used the psychological evidence against Davis, which trial counsel should have considered here. Ex. D, Affidavit of Diane Menashe, ¶16–18. At the very least, trial counsel should have examined the 1989 panel's opinion with Dr. Smith so he could have provided the testimony given in his affidavit. Ex. I, Affidavit of Dr. Bob Smith. This would have been helpful, not harmful to Davis's case. Trial counsel is under no duty to present psychological testimony and should not do so if it will not help their client.

Dr. Smith's affidavit demonstrated that had counsel discussed these topics with him and asked pertinent questions at the hearing, he would have been able to provide beneficial, not harmful information, for Davis. For example, Dr. Smith detailed the changes in Davis in the past 25 years, which suggested he would be a better candidate for release than when this crime was committed. Ex. I, Affidavit of Dr. Bob Smith, ¶12. Moreover, Dr. Smith opined that the structure of the parole process itself would "assist him in successfully re-entering society." *Id.* ¶13.

This evidence would not have been "largely cumulative" as found by the trial court. (11/26/2012 Entry and Order p.12). There were no other experts to testify for either side, meaning Dr. Smith's testimony was not duplicative. Not one witness testified, from a psychological perspective, how Davis would likely handle life on the outside if paroled again. Again, this was the critical issue in the case because if a 30 to life sentence was imposed, Davis would have been eligible for parole in approximately 6 years.

18

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6770

Presenting an expert in psychological disorders should carry far greater weight than a pen pal who had been writing Davis over the years, as suggested by the trial court. (*Id.*). An expert traditionally puts all the lay witness testimony together and gives a psychological opinion as to what all the lay testimony and evidence means. Since defense counsel never bothered to inquire of Dr. Smith, they were unaware that Dr. Smith could have actually helped Davis's case. The failure to properly utilize Dr. Smith harmed Davis's case, causing prejudice to him.

The trial court erroneously claims defense counsel made a strategic decision to pursue an "unbounded child" theory of mitigation. (*Id.*). Such a finding implies that the person investigated the information and then made a voluntary choice not to use it. *Combs*, 205 F.3d at 288. That is not what happened here. Dr. Smith's affidavit reveals counsel did not prepare Dr. Smith to address the critical issue at sentencing: what happens if Davis is paroled. Had he been prepared to discuss that issue, Dr. Smith could have assisted Davis's defense. Attorneys cannot make strategic decisions after not investigating and learning what would impact those decisions.

Instead, Dr. Smith testified to who Davis was over 25 years ago and how the disease he suffers from is mitigated by being in a structured environment. That testimony not only ignored that Davis might not be in a structured environment in the future, but also ignored how he is today. Defense counsel completely missed the boat in presenting this testimony, prejudicing Davis in the process and denying him his state and federal constitutional rights. Combining Dr. Smith's "structured environment" testimony with Cindy Mausser's "no guarantee he won't be released" testimony, it is clear defense counsel rendered ineffective assistance by permitting the testimony of defense witnesses who greatly aided the State in obtaining a death sentence.

5. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by not calling as a witness mitigation specialist/investigator, John Lee, to testify and/or to present exhibits regarding unavailable mitigation witnesses.**

19

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6771

The Eighth Amendment requires the sentence to consider the circumstances of the crime and the defendant's character, history and background during the penalty phase of a capital trial. *Boyd*, 494 U.S. at 377–78; *Lockett*, 438 U.S. at 604. Counsel not only has a duty to investigate all reasonably available mitigating evidence, but also must then use that evidence "to counter the State's evidence of aggravated culpability with evidence in mitigation." *Rompilla*, 545 U.S. at 380–81. In Ohio, R.C. 2929.04(C) allows the defendant "great latitude" in the presentation of mitigation, evincing "the legislature's intent that a defendant in a capital case be given wide latitude to introduce any evidence the defendant considers to be mitigating." *Steffen*, 31 Ohio St.3d 111, paragraph two of the syllabus. According to the United States Supreme Court, in capital cases, "the sentencer may not refuse to consider or be precluded from considering any relevant mitigating evidence." *Skipper*, 476 U.S. at 4.

In the exhibit book prepared by defense counsel, Exhibits B–I related to four witnesses, Elizabeth Crawford, Dr. Charles Flowers, Milton Flowers, and Fannie Whiteside. All four witnesses were unavailable to testify as two were deceased and the other two were incompetent. These exhibits and evidence about the affiants being either deceased or incompetent were attached to Davis's post-conviction petition. Ex. L, Sentencing Hearing Exhibits B–I.

Due to the unavailability of these witnesses, defense counsel intended to call mitigation specialist/investigator, John Lee, as he had previously interviewed all four witnesses. (Tr. Vol. I, p.65–71). However, Mr. Lee was never called to testify and the exhibits at issue were never introduced. Had Mr. Lee testified, the following information would have been gleaned.

Evidence from Davis's paternal aunt, Elizabeth Crawford, would have provided the panel with information about Davis's father, who died in December 1974. This evidence includes how Davis's father had a temper growing up, left school in the ninth grade, frequently "got into it"

20

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6772

with Davis's mother Alluster, and was a heavy drinker but never sought professional help. Ex. L, Elizabeth Crawford write-up. The evidence also details the circumstances surrounding Davis's father leaving Davis and the rest of the family. *Id.* No other witness who testified could have provided this perspective of Davis's father and thus, the influence he had on Davis.

Dr. Charles Flowers grew up with Davis's parents in the same neighborhood. Ex. L, Dr. Charles Flowers write-up. Dr. Flowers could have offered his belief that Davis's mother's lack of direction, both domestically and spiritually, contributed to her wild nature; Davis's mother's was raised in a house with questionable morals; Davis's mother constantly fought others growing up; Davis's parents constantly fought with arguments centered on Davis's father's absence from the home; Davis did not have a good male role model because of the "parade of men" in and out of the home; and that Davis "learned to hate women because he was always being whipped by one, be it his mother or one of this female relatives." *Id.* Dr. Flowers's information would have been very important for the trier of fact to hear and would not have been cumulative.

The evidence from family friend, Milton Flowers, was also significant. Mr. Flowers was a neighbor of Davis's grandmother and had known Davis's mother since she was a baby. Ex. L, Affidavit of Milton Flowers. He recalled Davis's grandmother's abusive and violent character, and how Davis's mother adopted this violent temper and got into numerous fights. *Id.* Mr. Flowers also saw how after Davis's parents separated, there were numerous men in and out of Alluster's life, leading to poor quality of care for Davis and siblings. *Id.* Mr. Flowers opined the outbursts he saw from Davis were like those of his grandmother and mother. *Id.* The trier of fact should have heard this information to explain Davis's personality and where it came from.

Fannie Whiteside, Davis's maternal great aunt, believed Davis was told the person everyone assumed was his father, Nicholas Davis, may not have been his father. Ex. L, Fannie

21

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6773

Whiteside write-up. Ms. Whiteside also could have offered testimony on Davis's mother's upbringing. *Id.*

Clearly, the mitigation write-ups and affidavit provided critical substantive information about Davis and his family upbringing which, contrary to the trial court's finding (11/26/2012 Entry and Order p.14), was not cumulative of other evidence. The information was necessary to give the trier of fact a complete picture of where Davis came from and why he was who he was when the incident occurred.

The trial court determined that a picture was already painted between the combination of other witnesses and the testimony of Dr. Robert Smith. (*Id.*). However, this finding is erroneous for two reasons. First, the information cited herein was new, not cumulative, and therefore would have added critical pieces of the puzzle. Second, and critically important, any discussion by Dr. Smith about Davis's family could not be considered as substantive evidence, but rather could only be considered as what Dr. Smith based his conclusions upon.

Defense counsel clearly recognized the importance of this information being offered as substantive evidence by having a witness prepared to testify and by marking the exhibits for introduction into evidence. For reasons unknown, when it came time to introducing the exhibits, defense counsel withdrew all of the exhibits and the witness who was prepared to testify. (Tr. Vol. III, p.314). Davis's expert reviewed the exhibits and the trial record and opined that counsel provided ineffective assistance and prejudiced Davis by not presenting this evidence. Ex. D, Affidavit of Diane Menashe, ¶19–21. Knowing the type of life Davis's parents, aunts, uncles and others had is critical for a capital trier of fact. *Boyd,* 494 U.S. at 377–78; *Lockett,* 438 U.S. at 604. The sum total of the family picture may have been enough to convince even one member of the panel that the single aggravating factor did not outweigh the mitigating factors beyond a

22

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6774

reasonable doubt. Accordingly, counsel provided ineffective assistance by failing to use readily available and important mitigation evidence, which the panel could not have refused to consider. *Rompilla*, 545 U.S. at 380–81; *Skipper*, 476 U.S. at 4.

> **6. Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by not seeking the removal Judge Andrew Nastoff from the new three-judge panel.**

Conducting a criminal trial "before a biased judge is fundamentally unfair and denies a defendant due process of law." *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34 (citing *Rose v. Clark*, 478 U.S. 570, 577 (1986); *Tumey v. Ohio*, 273 U.S. 510, 534 (1927)). According to the Ohio Supreme Court, the removal of a judge is necessary "to avoid even an appearance of bias, prejudice, or impropriety, and to ensure the parties, their counsel, and the public the unquestioned neutrality of an impartial judge." *In re Disqualification of Floyd*, 101 Ohio St.3d 1215, 2003-Ohio-7354, 803 N.E.2d 816, ¶ 10.

During the mitigation hearing, Davis's sister, Carol Smith, testified on Davis's behalf. Ms. Smith revealed that she has a son by the name of Lahray Thompson, and that Mr. Thompson had been convicted of aggravated murder in a capital case. (Tr. Vol. II, p.126)

Following Ms. Smith's testimony, Judge Andrew Nastoff disclosed that he was a member of the prosecution team against Mr. Thompson and had argued to the jury that he should receive the death sentence. (Tr. Vol. II, p.131). Indeed, the motions filed pretrial in Mr. Thompson's case confirm that Judge Nastoff was actively seeking the death penalty against Mr. Thompson. Ex. M, Prosecution Memorandums in Opposition filed in State v. Lahray Thompson. The transcript from Mr. Thompson's trial confirms that Judge Nastoff argued that Mr. Thompson was eligible for the death penalty. Ex. N, State v. Lahray Thompson Trial Transcript 1188–92. The transcript further reveals that he called Mr. Thompson a liar. *Id.* 1205–07.

Davis's counsel stated that the defense already knew Judge Nastoff was involved in the

23

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6775

prosecution, but made the decision not to seek his recusal. (Tr. Vol. II, p.132). Counsel knew that Judge Nastoff had previously sought the death penalty against a member of Davis's family, yet did not seek to remove Judge Nastoff from the case. As a prosecutor in Mr. Thompson's case, Judge Nastoff obtained knowledge of Mr. Thompson's family, which included Davis and some of his witnesses. Further, Judge Nastoff had already argued in favor of sentencing Davis's nephew to death, and believed that Mr. Thompson was a liar.

To avoid even the appearance of bias, prejudice, or impropriety, and to ensure the unquestioned neutrality of an impartial judge to the parties, their counsel, and the public, Judge Nastoff should not have been deciding Davis's fate. Ex. D, Affidavit of Diane Menashe, ¶22–25. Having asked a jury to impose death on a family member and called a family member of Davis's a liar, and being asked to forget all that and pretend that he knew nothing about the Davis family, was too much to ask. Death is different, for that reason more process is due, not less. *Woodson v. North Carolina*, 428 U.S. 280 (1976).

Davis's attorneys never discussed the conflict issue with Davis. Ex. B, Affidavit of Von Clark Davis. Had they done so, Davis would have requested that Judge Nasthoff recuse himself. Davis did not find out about the issue until after his sister testified at the penalty phase hearing.

The trial court did not review this claim, stating the claim could have been raised on direct appeal and therefore was barred by res judicata. (11/26/2012 Entry and Order p.15). However, Davis submitted evidence de hors the record, meaning the claim could not have been litigated on appeal based upon information in the original record. *Steffen*, 70 Ohio St.3d at 410; *Cole*, 2 Ohio St.3d at 114. For example, in his affidavit, Davis states he was not aware of the issue of Judge Nastoff previously prosecuting a member of his family, was not consulted on the issue, and would not have consented to keeping Judge Nasthoff on the case had he been made

24

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6776

aware prior to trial. Moreover, the affidavit of Diane Menashe could not have been considered

on appeal. *Carter*, 89 Ohio St.3d at 606. Post conviction is the appropriate forum to resolve this

issue, and a hearing was necessary to determine what, if any, strategic reason was behind trial

counsels' decision or what went into making the decision not to seek recusal. For these reasons,

the trial court erred in finding Davis's claim barred by res judicata.

7. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by advising Appellant that life without the possibility of parole was a sentencing option at his third sentencing hearing, when in fact because the law in effect at the time of Davis's offense was being applied, life without the possibility of parole was not available.**

When represented by counsel,

A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available.

*Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003); *see also Magana v. Hofbauer*, 263

F.3d 542, 550 (6th Cir. 2001) (stating an attorney was ineffective when "complete[ly] ignoran[t]

of the relevant law under which his client was charged, and his consequent gross misadvice to

his client regarding the client's potential prison sentence"). Misinformation concerning parole

eligibility can be ineffective assistance of counsel. *Sparks v. Sowders*, 852 F.2d 882, 885 (6th

Cir. 1988) (holding misadvice concerning parole eligibility can amount to ineffective assistance

and granting evidentiary hearing in case where attorney advised defendant that he could receive

sentence of life without parole when in reality the defendant did not face such consequence).

The United States Supreme Court has recognized plea bargaining to be a critical stage

requiring effective assistance of counsel. *Lafler v. Cooper*, 132 S. Ct. 1376 1385–86 (2012);

*Missouri v. Frye*, 132 S. Ct. 1399, 1407 (2012). In these critical stages, the Sixth Amendment

requires effective assistance because "defendants cannot be presumed to make critical decisions

25

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6777

without counsel's advice." *Lafler*, 132 S. Ct. at 1385.

In this case, Mr. Davis believed life without parole was a potential sentence option after a mitigation specialist discussed with him taking a plea deal for life without parole. Ex. B, Affidavit of Von Clark Davis; Ex. H, Redacted Mitigation Write-Up. Davis went to trial after counsel failed to clearly state that life without parole was not a possible option in this sentencing phase. Ex. B, Affidavit of Von Clark Davis.

The trial court erroneously claimed Davis was not prejudiced by this misinformation. (11/26/2012 Entry and Order p.16). Davis was on trial for his life, and therefore should have been fully informed as to the consequences of the sentencing hearing. Davis's approach to the hearing and his ability to offer assistance to counsel were affected by the misinformed advice.

Furthermore, the misinformation shows, along with the other remaining issues in this case, the problems with defense counsel's effort in this case. How can counsel be effective when counsel is not even aware of the potential punishments their client faces? This error further exacerbates counsel's deficient performance, which certainly prejudiced Davis. *See United States v. Barnett*, 398 F.3d 516, 526 (6th Cir. 2005) (recognizing how some errors do affect the outcome of the proceedings, but the nature makes it difficult to demonstrate prejudice).

**8. Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by not advising Appellant of the collateral consequence of his waiver of a jury trial.**

A defendant should have the right to make a decision regarding a jury waiver based on the evidence known to him that may be presented. This is the essence of a knowing, intelligent, and voluntary waiver. *Patton v. United States*, 281 U.S. 276, 312–13 (1930); *Adams v. United States ex rel. McCann*, 317 U.S. 269, 275, 277–78 (1942). The Constitution demands "the utmost solicitude of which courts are capable and canvassing the matter with the accused to make sure he has a full understanding." *Boykin v. Alabama*, 395 U.S. 238, 243–44 (1964).

26

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6778

In *Padilla v. Kentucky*, 130 S. Ct. 1382 (2010), the United States Supreme Court required a defendant to be advised of the collateral consequences of his plea. Such collateral or remedial consequences would include that Davis would be subject to unfavorable changes in the law that benefit the State, and that he could not take advantage of favorable changes of the law.

On May 8, 1984, Davis waived his right to trial by jury and elected to be tried by a three-judge panel consisting of Judges Bruewer, Stitsinger, and Moser. Ex. O, Jury Waiver. However, Davis was not advised that once he waived a jury, he would forever be locked into that waiver and even if his case came back for retrial after appeal, he could not have a jury trial. This would have affected Mr. Davis's decision to waive a jury. Ex. B, Affidavit of Von Clark Davis.

Additionally, Mr. Davis was not advised that the jury waiver applied not only to this panel of judges, but also to any new panel of judges or even one different judge that might hear the case later if his case was reversed on appeal. *Id.* He was not informed that if death penalty law changed, he would not get the benefit of those changes because he had waived his right to a jury trial. *Id.* Davis was not informed that if death penalty law changed, he would not get the benefit of those changes because he had waived his right to a jury trial. *Id.* The aforementioned collateral consequences of his jury waiver were not explained to Mr. Davis. Had he been properly advised, he would not have waived a jury back in 1984.

The trial court found Davis's claim barred by res judicata. (11/26/2012 Entry and Order p.16). However, in the evidence presented dehors the record, Davis explained that the consequences of the jury waiver were never fully explained to him. Ex. B, Affidavit of Von Clark Davis, ¶9. In other words, Davis did not knowingly and intelligently waive his right to a jury because the consequences of that waiver were never made clear to him. It follows then that upon his third resentencing, Davis was unaware that his request to remove the jury waiver would

27

be denied, even after the Sixth Circuit offered a viable solution. *Davis*, 475 F.3d at 780–81.

Because this error manifested itself during his third sentencing hearing, the natural place to raise the issue with evidence dehors the record is the Post-Conviction Petition stemming from that hearing. Accordingly, the trial court erred in finding this claim barred by res judicata.

## SECOND ASSIGNMENT OF ERROR

**APPELLANT'S JUDGMENT AND SENTENCE ARE VOID OR VOIDABLE BECAUSE OHIO'S POST-CONVICTION PROCEDURES DO NOT PROVIDE AN ADEQUATE CORRECTIVE PROCESS, IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, §§ 1, 2, 5, 9, 10, 16, AND 20 OF THE OHIO CONSTITUTION.** (Petition to Vacate or Set Aside Sentence Pursuant to R.C. 2953.21; 11/26/2012 Entry and Order).

**Issue Presented for Review: Whether Ohio's post-conviction procedures provide an adequate corrective process in accord with the United States and Ohio Constitutions.**

In theory, post-conviction offers a convicted defendant an opportunity to test the constitutional validity of his conviction and sentence. An adequate corrective process should be "swift and simply and easily invoked," should "eschew rigid and technical doctrines of res judicata of forfeiture, waiver or default," and should "provide for full fact hearings to resolve disputed factual issues." *Case v. Nebraska*, 381 U.S. 336, 346–47 (1965) (Brennan, J., concurring); *see also Goldberg v. Kelly*, 397 U.S. 254 (1970); *Evitts v. Lucey*, 469 U.S. 387 (1985). This minimum standard for state post-conviction proceedings are not fulfilled by the cursory, inadequate, and ineffective process provided for in the relevant Ohio statutes, nor do the state courts, in practice, provide any meaningful review in these proceedings.

The text of the statute provides that a petitioner must include affidavits or evidence dehors the record in support of the claims in a petition. R.C. 2953.21(A). It is from the face of the petition that a trial court must determine if a hearing is required. *State v. Cooperrider*, 4 Ohio St.3d 226, 448 N.E.2d 452 (1984). All this must be done without the benefit of the discovery processes available to every other civil litigant. Without this access, Ohio's post-

28

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6780

conviction process imposes an impossible pleading standard on petitioners.

Crim. R. 35 further curtails the post-conviction process by demanding each cause of action contained in the petition not exceed three pages. The Staff Notes to the amendment state the purpose of this is to "introduce some uniformity in post-conviction relief proceedings and aid in the administration of justice." Uniformity in the post-conviction process may be a rational goal; however, it cannot be achieved at the expense of criminal defendants who are now facing death. If the need for uniformity in post-conviction cases is balanced against the requirement that capital cases be afforded the highest degree of due process, the only acceptable, and constitutionally sound, resolution is to protect due process rights.

In Ohio, every aspect of post-conviction review is discretionary. An evidentiary hearing on the petition is not automatic; instead the trial court must first determine "whether there are substantive grounds for relief." R.C. 2953.21(C). This requires the petitioner to "set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905, paragraph two of the syllabus. To determine if substantive grounds for relief exist, the trial court must consider "supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript." R.C. 2953.21(C). The trial court can deny a petition without even holding an evidentiary hearing if the trial court does not find grounds for granting relief. R.C. 2953.21(E); *Calhoun*, 86 Ohio St.3d 279. Thus, a petition could be dismissed based on the trial court's facial review of it, without the benefit of any discovery process, thereby imposing an impossible pleading standard on petitioners.

In sum, the Ohio post-conviction process does not require an evidentiary hearing, or any

29

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6781

other form of discovery. *See State v. Conway*, 10th Dist. No. 05AP-76, 2005-Ohio-6377, at ¶12 (stating post-conviction petitioner not entitled to discovery and, "[i]n fact, discovery and an evidentiary hearing are rare"). However, the process places a heavy burden on an inmate such as Davis to set forth "operative facts" warranting further review. Indigent inmates face the insurmountable burden of collecting evidence in support of valid claims prior to the filing of a petition without the means to collect information critical to their claims. Absent funds for the reasonable and necessary expert and investigative assistance to properly investigate, prepare, and litigate the post conviction petition in the abbreviated period of time available provided by the statute of limitations, R.C. 2953.21, it is impossible for Davis to fully and fairly develop the factual bases for his claims and to fully and fairly present those claims to the trial court.

The Sixth Circuit has expressed concerns with Ohio's narrow and ineffectual post-conviction scheme. *Keener v. Ridenour*, 594 F.2d 581, 590 (6th Cir. 1979). The basis for the Sixth Circuit's dissatisfaction with Ohio's lack of process can be traced to *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). After *Perry*, the Sixth Circuit recognized that "[b]ecause of the narrow limits placed on the Ohio post-conviction statute, there is no longer any effective State remedy open to the Appellant to exhaust. The *Perry* decision has rendered such process ineffective to protect the rights of the Appellant." *Coley v. Alvis*, 381 F.2d 870, 872 (6th Cir. 1967); *accord Allen v. Perini*, 424 F.2d 134, 139–40 (6th Cir. 1970).

The Ohio Legislature established a post-conviction procedure to effectuate the constitutional rights of those individuals convicted of criminal offenses. Assuming arguendo that those procedures do no emanate directly from clear constitutional provisions, "when a State opts to act in a field where its action has significant discretionary elements, it must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the Due

30

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6782

Process Clause." *Evitts*, 469 U.S. at 401.

A viable, fair, effective means for Davis to raise collateral challenges to his sentence is all the more critical here because Davis's "life" interest (protected by the "life, liberty and property" language in the Due Process Clause) is at stake in the proceeding. *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272 (1998). Death is different; for that reason more process is due, not less. *Lockett*, 438 U.S. 586; *Woodson*, 428 U.S. 280. Davis is entitled to an adequate post-conviction remedy to vindicate his Ohio and Federal constitutional rights to effective assistance of counsel, due process of law, equal protection of the law, confrontation of the State's evidence against him, and freedom from cruel and unusual punishment. Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 2, 5, 9, 10, 16, and 20 of the Ohio Constitution. Due to the unconstitutionality of Ohio's post-conviction procedures, Davis must be granted a new trial or, at minimum, discovery and an evidentiary hearing on this and all other Grounds for Relief.

## THIRD ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW APPELLANT TO CONDUCT DISCOVERY OR GRANT AN EVIDENTIARY HEARING IN VIOLATION OF APPELLANT'S RIGHTS UNDER R.C. 2953.21 AND THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.** (Petition to Vacate or Set Aside Sentence Pursuant to R.C. 2953.21; Motion for Leave of Court to Conduct Discovery; Reply Memorandum in Support of Motion for Leave to Conduct Discovery; 11/26/2012 Entry and Order).

**Issue Presented for Review: Whether the trial court erred when it refused to allow an evidentiary hearing or discovery in violation of R.C. 2953.21 and the United States Constitution.**

In his Post-Conviction Petition and concurrently filed Motion for Leave of Court to Conduct Discovery, Davis requested discovery and an evidentiary hearing. The trial court abused its discretion when it denied these requests. (11/26/2012 Entry and Order p.18).

31

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6783

Ohio has chosen to establish a post-conviction procedure to effectuate constitutional rights for those defendants sentenced to death, and that procedure must comport with due process. *Evitts*, 469 U.S. at 401; *see also Woodard*, 523 U.S. at 282–83; *Woodson*, 428 U.S. at 305. The duty "to search for constitutional error with painstaking care is never more exacting than it is in a capital case." *Burger v. Kemp*, 483 U.S. 776, 785 (1987).

Any person convicted of a criminal offense in Ohio whose constitutional rights have been infringed may seek relief under the Ohio post-conviction statutes. Post-conviction actions are civil proceedings; the Ohio Rules of Civil Procedure apply. *State v. Milanovich*, 42 Ohio St.2d 46, 52, 325 N.E.2d 540 (1975) (Civil Rules of Procedure apply to summary judgment in post-conviction actions). Thus, Davis possesses the same rights as an appellant in any civil case.

The Civil Rules permit liberal discovery. *See* Civ. R. 26(B)(1). The Ohio post-conviction statute, however, is silent on the issue of discovery. Instead, the focus of R.C. 2953.21 is on the threshold burden that a petitioner must satisfy to be entitled to an evidentiary hearing, which Davis contends he met through the presentation of substantive grounds for relief and reliance upon matters outside the record. *Milanovich*, 42 Ohio St.2d at 51. Nevertheless, this focus on the threshold burden means that capital appellants, like Davis, face a serious dilemma under Ohio's post-conviction scheme. The text of the statute provides that Davis must include affidavits or evidence dehors the record in support of his claims. R.C. 2953.21(A). It is from the face of the petition that a trial court must determine if a hearing is required. All this must be done without any benefit of the discovery processes available to every other civil litigant.

The State, consistent with the Fourteenth Amendment's Due Process Clause, cannot place this initial evidentiary burden on a petitioner and then deny him a meaningful opportunity to meet that burden. The trial court's denial of the opportunity for Davis to meet his burden

32

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6784

eviscerated Davis's right to pursue post-conviction remedies. Thus, without access to traditional civil tools of discovery, Ohio's post-conviction process imposed an impossible pleading standard on Davis. The concern over Ohio's inadequate and ineffectual post-conviction scheme is shared by the Sixth Circuit Court of Appeals. *Keener*, 594 F.2d at 590.

The statute further directs that a hearing shall be held "[u]nless the petition and the files and records of the case show the petitioner is not entitled to relief." R.C. 2953.21(E). The plain language of the statute created a presumption in favor of a hearing in this case rather than dismissal. Davis was not required to prove his claims and prejudice based solely on his petition, and adopting such a position simply reads the evidentiary hearing provision out of the statute. While the petitioner is required to raise sufficient operative facts demonstrating prejudice, an evidentiary hearing, with proper discovery, was the proper forum for Davis to prove prejudice. *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980).

Davis's need for discovery is particularly acute. In his post-conviction petition, Davis submitted, through supporting affidavits and other documentary evidence, substantive grounds for relief regarding his counsel's ineffectiveness. In reviewing these claims, this Court must "conduct an objective review of [counsel's] performance, measured for 'reasonableness under prevailing professional norms,' which includes a context-dependent consideration of the challenged conduct as seen 'from counsel's perspective at the time.'" *Wiggins*, 539 U.S. at 523 (quoting *Strickland*, 466 U.S. at 688–89). The best source of evidence related to this time and context-dependent inquiry is the defense "team," and the members of the defense team at the time of trial. Defense counsel and the investigators/mitigation specialists would be in the best position to state why they did or did not do the things claimed in the post-conviction petition. This assertion has been recognized in federal court by Magistrate Judge Kemp when the

33

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6785

Magistrate granted depositions of trial counsel in a federal habeas case:

> It is usually the case that information about what strategy defense attorneys formulated and what investigation was conducted to arrive at and implement that strategy is uniquely in possession of those defense attorneys and that is usually sufficient to establish good cause to depose trial counsel about their actions and omissions. . . . [D]epositions of Petitioner's trial attorneys are the best, if not the only, source of information about counsel's investigation, impressions, preparation, and strategic decisions.

*Johnson v. Bobby*, No. 2:08-cv-55, 2010 U.S. Dist. LEXIS 103351, at *19–21 (S.D. Ohio Sept. 30, 2010)

In his discovery request, Davis sought to depose his trial counsel, mitigation specialists/investigators, Cynthia Mausser, and Dr. Robert Smith. (Motion for Leave of Court to Conduct Discovery p.2). The facts Davis sought to develop were not within his control, but the control of entities and individuals who have no incentive to disclose the facts necessary to fully develop his claims. The depositions requested would have allowed this Court to determine whether there existed a tactical reason for any omission or action, and, if so, whether the tactical basis offered by trial counsel was reasonable. The depositions were reasonable and limited.

Davis's pursuit of discovery is even more important should his case ever reach federal court in a habeas corpus case. Under principles of comity and federalism, Ohio defendants are required to provide the Ohio courts the first opportunity to correct federal constitutional violations. Recently, in *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011), the United States Supreme Court stated that in review habeas cases, the federal court is limited to the record that was before the state court when it adjudicated the claim on the merits. *Id.* at 1398. To effectuate this mandate, this Court must have before it all relevant evidence regarding Davis's claims.

This means that discovery should have been permitted, rather than wait until habeas review which, as demonstrated in *Johnson v. Bobby*, does provide for discovery. *See* Rule 6, Rules Governing Section 2254 Cases in the United States District Courts ("A judge may, for

34

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6786

good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."); *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997). Furthermore, waiting until this case reaches habeas review to conduct depositions runs the risk of faded memories, which would hinder both parties' pursuit of justice. *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947). By permitting discovery, Davis could fairly present and exhaust the constitutional challenges to his judgment and death sentence in the state courts.

Because Davis's petition alleged substantive grounds for relief that entitled him to a hearing, he should have been granted discovery to assist in preparing for the hearing. Accordingly, Davis asks this Court to vacate the judgment of the trial court and remand the matter with instructions for a hearing and an opportunity to conduct discovery.

## CONCLUSION

Davis's Post-Conviction Petition raised constitutional violations that occurred at his sentencing hearing, and was supported by evidence dehors the record that provided sufficient operative facts to warrant relief. Accordingly, Davis asks for reversal and remand for a new sentencing hearing, or, in the alternative, discovery and an evidentiary hearing.

Respectfully submitted,

Kort Gatterdam (0040434)
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com

COUNSEL FOR DEFENDANT-APPELLANT

35

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6787

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing Brief of Appellant Von Clark Davis was sent via U.S. Mail on this 19th day of February, 2013, to Donald R. Caster, Assistant Butler County Prosecuting Attorney, 315 High Street, 11th Floor, Hamilton, Ohio 45011.

_____
Kort Gatterdam

36

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6788

IN THE COURT OF APPEALS
BUTLER COUNTY, OHIO
TWELFTH APPELLATE DISTRICT

STATE OF OHIO,                          :       C. A. CASE NO. CA 2012 12 0258
                                        :
            Plaintiff-Appellee,         :       C. P. CASE NO. CR 1983 12 0614
                                        :
    v.                                  :
                                        :
VON CLARK DAVIS,                        :       Regular Calendar
                                        :
            Defendant-Appellant.        :       Capital Case

---

## APPENDIX

---

11/26/2012 Entry and Order Dismissing Petition for Postconviction Relief and Denying Motion for Leave to Conduct Discovery ............................................................................A-1

9/21/2009 Sentencing Opinion ...........................................................................................A-19

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6789

BUTLER COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | * | Case Number: CR1983 12 0614 |
| | * | |
| Plaintiff, | * | Judge Andrew Nastoff |
| | * | |
| vs. | * | **ENTRY AND ORDER** |
| | * | **DISMISSING PETITION FOR** |
| VON CLARK DAVIS, | * | **POSTCONVICTION RELIEF** |
| | * | **AND DENYING MOTION FOR** |
| Defendant. | * | **LEAVE TO CONDUCT** |
| | * | **DISCOVERY** |
| | * | |
| | * | **FINAL APPEALABLE ORDER** |

* * * * * * * * * * * * * * * * * *

This matter is before the Court on a petition for postconviction relief and a motion for leave to conduct discovery filed by Defendant-Petitioner Von Clark Davis ("Davis"). For the reasons that follow, the Court dismisses the petition and denies the motion.

On remand from the Sixth Circuit Court of Appeals, this Court granted Davis a new sentencing hearing for his 1984 conviction for the aggravated murder of Suzette Butler while on parole for the 1970 fatal stabbing of his wife, Ernestine. Pursuant to R.C. 2929.03 and R.C. 2929.04, a three-judge panel presided over the resentencing hearing from September 8, 2009 through September 10, 2009, to determine whether the single aggravating circumstance in this case outweighed the mitigating factors beyond a reasonable doubt. The aggravating circumstance weighed against the mitigating factors was as follows: that prior to the offense at bar, the offender was convicted of an offense an essential element of which was the purposeful killing of another. R.C. 2929.04(A)(5). At the conclusion of the hearing, the

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6790

panel re-sentenced Davis to death. Davis now petitions the Court to set aside or vacate his sentence pursuant to R.C. 2953.21. The state moves to dismiss Davis' petition or, in the alternative, moves for summary judgment.

Ohio's postconviction relief statute, R.C. 2953.21, provides, in part:

> (A)(1)(a) Any person who has been convicted of a criminal offense . . . and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States . . . may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

> * * *

> (C) The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

> * * *

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

2

A-2

02/18/2013 13:09          No.: R181          P. 049/077

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6791

(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.

"[T]he trial court is not required to conduct a hearing when a petition for postconviction relief is filed." *State v. Ramos.* 11th Dist. No. 2007-G-2794, 2008-Ohio3738, at ¶ 28, citing *State v. Allen* (1994), 11th Dist. No. 93-L-123, 1994 WL 590342. "As the court in the *State v. Jackson* case stated, 'the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavit and the files and records of this cause.'" *State v. Scheidel,* 11th Dist. No.2004-A-0055, 2006-Ohio-198, at ¶ 11, quoting *State v. Jackson* (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819. Regarding this inquiry, this court has held:

"For purposes of determining whether there are substantive grounds for postconviction relief that would warrant a hearing, it is generally accepted that affidavits presented in support of the petition should be accepted as true. . . . However, conclusory or self-serving affidavits presented by the petitioner in support of his claims, without more, will not satisfy the petitioner's evidentiary burden." *State v. Pierce* (1998), 127 Ohio App.3d 578, 586, 713 N.E.2d 498. (Internal citations omitted.)

Davis raises a total of nine claims for relief.

I.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

3

A-3

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6792

In his first claim for relief, Davis asserts trial counsel were ineffective for failing to adequately investigate and present mitigating evidence concerning his favorable prison record.

The Supreme Court of Ohio adopted the following test to determine if counsel's performance is ineffective: "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus, adopting the test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Moreover, " 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed.' " *Id.* at 143, quoting *Strickland*, 466 U.S. at 697.

Davis asserts trial counsel should have asked him for the names of prison personnel to interview and subpoena to testify as mitigation witnesses during the penalty phase. Davis claims that his attorneys failed to present evidence of his "job reviews, achievements or good conduct." Davis argues that such testimony would have established his reputation for following rules, behaving, and working hard while incarcerated. Davis further argues that prison personnel would have demonstrated that he was a trusted and model inmate who was

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

4

A-4

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6793

granted a wide latitude of freedom. Davis supports his claim with the affidavit of Diane Menashe, a veteran criminal defense attorney with appreciable experience defending capital murder cases. According to Menashe, trial counsel's failure to attempt to contact Oscar McGraw, a death row unit manager, Herb Wendler, a case manager, and Sergeant Gordy Pullman was deficient. The original three-judge panel's refusal to allow Davis to present McGraw's, Wendler's, and Pullman's testimony concerning his post-sentence prison behavior served as the basis for the Sixth Circuit's decision remanding this case for a third sentencing hearing. The Sixth Circuit noted that testimony from McGraw, Wendler, and Pullman would have established that Davis was well-behaved, had a pleasant personality, and had been placed in positions of trust within his death row unit.

At the re-sentencing hearing, Scott Nowak, Davis' case manager, testified that he behaved well in prison and held a position on death row's "extended privilege unit" or "honor block." Through Nowak, trial counsel introduced an institutional summary of Davis' work history and program participation. According to the summary, Davis has been employed in five different capacities while incarcerated, most recently as a porter for the Ohio State Penitentiary. The summary further indicated that Davis completed programs in stress management, positive thinking, and anger management, attended Alcoholics Anonymous meetings, and meetings for military veterans. The summary noted that Davis was involved in only one instance of misconduct since his 1984 incarceration. That incident occurred in 1990. Jerome Stineman, a volunteer who conducted Alcoholics Anonymous

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

5

A-5

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6794

meetings with death row inmates, including Davis, testified that Davis regularly attended and actively participated in meetings.

McGraw, Wendler, Pullman, and other unnamed prison personnel that Davis sought to have testify on his behalf would have provided testimony centering on Davis' work ethic, good attitude, good behavior, and trustworthiness. Their testimony would have been cumulative. The summary of Davis' work history showed that he was a strong and trusted employee. The summary of Davis' program participation revealed the positive attitude of a man who made legitimate attempts to better himself while incarcerated. The fact that Davis received one warning for a rule infraction since 1984 and his admittance to the prison's extended privilege unit was evidence that he was well-behaved. Thus, through Nowak, Stineman, and the institutional summary, trial counsel presented evidence regarding all of the topics that the proposed witnesses would have testified to. Trial counsel's performance was not deficient for failing to call these additional witnesses. For the same reasons, Davis has failed to establish that he was prejudiced by trial counsels' failure to call these witnesses.

II.

In his second claim for relief, Davis asserts trial counsel were ineffective for presenting a summary of his prison unit file to the three-judge panel instead of the entire unit file. Davis supports his argument with the affidavit of Diane Menashe. According to Menashe, counsel's decision to introduce a summary of the unit file was deficient.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

6

A-6

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6795

"[T]rial strategy decisions should not be second-guessed and . . . ' "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." ' " *State v. Ogletree*, 11th Dist. No. 2005-P-0040, 2006-Ohio-6107, ¶ 64, quoting *State v. Mason*, 82 Ohio St.3d at 157-158, 694 N.E.2d 932, quoting *Strickland*, 466 U.S. at 689.

This Court granted trial counsel access to Davis' entire unit file in discovery. The unit file includes certificates of completion for a stress management seminar, positive job evaluations, favorable school records and reports, a GED certificate, and college transcripts. During the penalty phase, trial counsel chose to introduce a two-page institutional summary of the unit file that, as noted above, listed Davis' work history, program participation history, and incident report history. The summary conveyed the substance of the unit file, namely, that Davis was a well-behaved, hard working prisoner who took advantage of the self-help and education opportunities available to him in prison. Trial counsel's performance was not deficient as a result of their strategic decision to distill the mitigating aspects of the unit file into a summary. Additionally, Davis has failed to establish that he was prejudiced by trial counsels' failure to introduce his entire unit file.

### III.

In his third claim for relief, Davis asserts trial counsel were ineffective in their preparation and strategy to call Cynthia Mausser as a mitigation witness. Davis argues that counsel provided ineffective assistance by representing to the panel during opening

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

7

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6796

statements that Mausser would testify that Davis would never be paroled if given a sentence less than death. Mausser did not so testify. Davis also claims that counsel were ineffective for failing to examine Mausser on re-direct when she attempted to correct her previous testimony. Davis supports his claim with the affidavit of Diane Menashe, who states that it was unreasonable to call Mausser as a witness because she harmed Davis' case. Davis also supports the claim with the affidavit of Mausser, who testifies that trial counsel did not provide her with sufficient information to allow her to determine whether she would ever vote to parole Davis. Mausser also states that she attempted to clarify previous testimony while on the witness stand. According to Mausser, if defense counsel would have asked her what she sought to clarify, she would have informed the panel that as a member of the Ohio Parole Board she participated in a parole hearing in which the defendant had been convicted of a death penalty specification, but received a life sentence.

During the penalty phase, Mausser, Chairperson of the Ohio Parole Board, described the Parole Board's various policies and procedures. Mausser testified that it was "unlikely" Davis would be paroled at the first opportunity and would "likely" spend a substantial portion of his remaining adult life in prison. Mausser did not state with any certainty if or when Davis might be paroled if the Court imposed a sentence less than death. Mausser testified that if Davis became parole-eligible, he would be considered for parole at intervals ranging from one to ten years for the rest of his life.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

8

A-8

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6797

Because Davis could have addressed trial counsels' decision to call Mausser as a witness in his direct appeal, the issue is barred by the doctrine of *res judicata*. "Under the doctrine of *res judicata*, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Reynolds*, 5th Dist. No. 09-CA-13, 2009-Ohio-3998, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104.

Even if *res judicata* did not bar his claim, Davis has failed to show that he was prejudiced by Mausser's testimony. While Davis characterizes Mausser's testimony as damaging, the reality is that she gave testimony that was potentially valuable as mitigation. Her testimony assured the panel that if it imposed a life sentence, Davis was unlikely to be paroled for a significant period of time. Trial counsels' decision to offer the evidence was a trial strategy that cannot be criticized and was not deficient under *Strickland*. Certainly, it would have been desirable for defense counsel to avoid contradicting its opening statement. However, Davis suffered no prejudice as a result, as there is nothing to suggest that counsels' failure to deliver a promise offered during opening statement influenced the panel's decision to impose death.

Likewise, trial counsel were not deficient for failing to provide Mausser with Davis' entire unit file, or by failing to have her correct her testimony on the witness stand. In each

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6798

instance, had trial counsel done what Davis claims they should have, Mausser, at best, could have presented the panel with a more clear indication of whether she would vote to parole Davis. However, as Mausser testified, a majority of the Parole Board would be required to vote in favor of paroling Davis, meaning her vote would not necessarily be indicative of the Board's ultimate determination. On the question of whether Davis would ever be paroled if given a sentence less than death, the panel found Mausser's testimony to be highly speculative and entitled to no weight. Providing the panel with a clearer picture of how Mausser would vote when her vote is not determinative would not change the speculative nature of her testimony.

Trial counsels' performance was not deficient in their preparation or strategy to call Mausser as a witness. Davis additionally failed to establish that he was prejudiced by trial counsels' performance.

IV.

In his fourth claim for relief, Davis asserts trial counsel were ineffective for calling clinical psychologist Dr. Robert Smith. Davis claims that Dr. Smith's testimony was harmful to his cause, as it left the three-judge panel "with the impression that due to [his] borderline personality disorder, if [he] were ever released from prison, and no longer in a structured environment, he could kill again." Davis further argues that counsel's line of questioning to Dr. Smith unnecessarily focused on his state of mental health as it existed in 1984. Davis states that counsel should have tailored questions to Dr. Smith to allow him to address Davis'

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

10

A-10

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6799

present ability to adapt in society even while suffering from a borderline personality disorder. Davis supports this argument with Dr. Smith's affidavit. According to Dr. Smith, if trial counsel had informed him that Davis' parole was at issue, he would have testified that Davis had developed coping strategies and learned to accept external rules and expectations with respect to his behavior. Dr. Smith further states that he could have explained to the three-judge panel that the parole process would provide sufficient structure to allow Davis to successfully re-enter society.

At the penalty phase, Dr. Smith testified with respect to Davis' social history. Dr. Smith recounted interviews conducted with Davis' family members and reviewed interview summaries of other individuals familiar with Davis, as well as psychological evaluations of Davis performed between 1964 and 2002. Dr. Smith testified that after conducting the interviews and reviewing the summaries and evaluations, he met with Davis twice. Each visit lasted approximately five to six hours. Dr. Smith testified that the aforementioned interviews and evaluations, in the aggregate, provided a sufficiently "rounded" and "longitudinal" picture of Davis for purposes of rendering a diagnosis.

Dr. Smith found that at the time of the offense at bar, Davis suffered from borderline personality disorder and alcohol dependence. Dr. Smith found that Davis suffers from these co-occurring disorders to this day. In Dr. Smith's opinion, a biological component exists with respect to the borderline personality disorder. It is Dr. Smith's belief that Davis' borderline personality disorder formed in early adolescence when Davis' dysfunctional

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

11

A-11

02/18/2013 13:12        No.: R181        P. 059/077

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6800

childhood environment and the biological component coalesced. Dr. Smith testified that his diagnosis does not excuse or justify Davis' actions in killing Suzette Butler, but offers some explanation as to how or why the killing occurred. Dr. Smith testified that Davis' good behavior while in prison was not surprising, given that individuals with borderline personality disorder function well in a highly structured environment such as prison.

Davis' borderline personality disorder and substance abuse problems were relevant mitigating factors for defense counsel to advance during the penalty phase. *State v. Newton*, 108 Ohio St.3d 13, 2006-Ohio-81, ¶ 120. Trial counsels' examination of Dr. Smith, as well as their examination of Davis' family members and friends show that they chose to pursue an "unbonded child" theory of mitigation. In other words, counsel chose to argue that Davis was raised in a dysfunctional family to explain why he was driven to commit multiple murders at a relatively young age. Hindsight cannot affect the evaluation of trial counsels' performance. Simply because trial counsels' approach turned out to be unsuccessful does not mean that they provided ineffective assistance of counsel. Trial counsels' approach presented the trial court with valuable mitigation and did not deprive Davis of the effective assistance of counsel.

Furthermore, had trial counsel asked Dr. Smith to provide an opinion as to Davis' ability to adapt to society if released, his testimony would have been largely cumulative. The panel heard testimony from Scott Nowak, Jerome Stineman, and pen pal Francis Welland and admitted the aforementioned institutional summary as an exhibit. That evidence showed

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

12

A-12

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6801

that Davis adapted and adjusted well to a structured environment and had learned to control his behavior.

For the reasons stated, trial counsels' performance was not deficient as a result of their strategic decision to emphasize Davis' borderline personality disorder in mitigation and to refrain from eliciting an opinion from Dr. Smith concerning Davis' ability to adapt to society if released on parole. Davis additionally failed to establish that he was prejudiced by trial counsels' strategic decisions.

**V.**

Davis' fifth claim for relief asserts trial counsel were ineffective for failing to call mitigation specialist / investigator John Lee as a mitigation witness. Davis submits that Lee would have presented summaries of interviews conducted with mitigation witnesses who were unavailable for the re-sentencing hearing. Davis supports his claim with the interview summaries of Elizabeth Crawford, Charles Flowers, Milton Flowers, and Fannie Whiteside.

Elizabeth Crawford is Davis' paternal aunt. When interviewed, Crawford stated that Davis' parents consumed alcohol regularly and fought frequently. Crawford also recounted that Davis' father abandoned his wife and children and moved to Washington D.C. Crawford recalled Davis being a quiet child who did not present behavioral issues.

Charles Flowers grew up in Hamilton, Ohio with Davis' parents. During his interview, Flowers stated that Davis' mother, Alluster, was "wild" and was raised in a household with questionable morals. According to Flowers, Davis' parents fought

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

13

A-13

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6802

frequently. Flowers noted that Davis had no male role model as a child and believed Davis grew "to hate women because he was always being whipped by one, be it his mother or one of his female relatives."

Milton Flowers lived next door to Davis' mother's family in Hamilton, Ohio. Flowers stated that Alluster had a violent temper. Flowers further stated that as a child, Davis received little care from his parents. Flowers noted that Davis was a small child with a violent temper that was the likely product of his dysfunctional home life.

Fannie Whiteside, Davis' maternal aunt, offered "very little of significance" during her interview, according to the summary. Whiteside had no recollection of Davis as a child or adult, but recalled Alluster being a poor parent that was involved with several different men.

During the penalty phase, defense counsel presented a number of mitigation witnesses, including Davis' mother (Alluster Tipton), step-father (Charles Tipton), younger sister (Carol Smith), younger brother (Victor Davis), daughter (Sherry Davis), and two friends (Rick Rotundo and Fran Welland). The testimony of those witnesses, coupled with the testimony of Dr. Robert Smith, painted a complete picture of Davis' upbringing, as well as Davis' parents' upbringing. Thus, in light of the evidence presented, summaries of the interviews conducted by John Lee with Elizabeth Crawford, Charles Flowers, Milton Flowers, and Fannie Whiteside would have been cumulative. Trial counsels' performance

14

was not deficient for failing to call John Lee as a witness. For the same reasons, Davis has failed to establish that he was prejudiced by trial counsels' failure to call John Lee.

## VI.

In his sixth ground for relief, Davis assert trial counsel were ineffective for failing to seek the recusal of Judge Andrew Nastoff. At the penalty phase, trial counsel were aware that Judge Nastoff previously prosecuted Davis' nephew, Lahray Thompson, for aggravated murder and sought the death penalty. Trial counsel indicated on the record that they were aware of Judge Nastoff's participation in Thompson's prosecution, but chose not to seek recusal. Davis supports this claim with his affidavit, in which he testifies that upon learning that Judge Nastoff was involved in the Thompson prosecution, he was "too shocked" to request a recusal at the re-sentencing hearing. Davis did not raise this claim in his direct appeal.

"To overcome the *res judicata* bar, evidence offered *dehors* the record must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record." *State v. Lawson* (1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362. Davis has failed to offer evidence suggesting that he was unable to raise this claim on direct appeal. Because he could have done so, it is barred by *res judicata*.

## VII.

In his seventh ground for relief, Davis asserts trial counsel were ineffective for suggesting to him that he was eligible for a sentence of life imprisonment without the

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

15

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6804

possibility of parole. The only evidence submitted by appellant that supports this ineffective assistance of counsel claim is his own affidavit in which he makes self-serving statements in an attempt to disparage trial counsels' performance. This Court discounts Davis' self-serving affidavit and finds that it is insufficient to justify granting his petition for postconviction relief on this claim. *State v. Hoop*, 12th Dist. No. CA2004-02-003, 2005-Ohio-1407, ¶ 11; *State v. Isbell*, 12th Dist. No. CA2003-06-152, 2004-Ohio-2300, ¶ 14. Furthermore, even if trial counsel erroneously advised Davis that the three-judge panel could impose a sentence of life imprisonment without the possibility of parole, he has failed to show that he was prejudiced by that advice.

### VIII.

In his eighth ground for relief, Davis asserts that in 1984, his original trial counsel were ineffective for failing to advise him of all collateral consequences of a jury waiver. The Twelfth District Court of Appeals recently held that Davis' "habitual challenges" to his jury waiver are barred by *res judicata*. *Davis v. Coyle*, 12th Dist. No. CA2009-10-263, 2011-Ohio-787, ¶ 16-17. The court noted that Davis' jury waiver was made knowingly, voluntarily, and intelligently and that he could have, but failed to, directly challenge his jury waiver in his earliest appeals. *Id.* at ¶ 20, 28. This Court likewise finds that because Davis could have directly appealed the validity of his jury waiver, his claim is barred by *res judicata*.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

### IX.

16

A-16

02/18/2013 13:14          No.: R181          P. 063/077

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6805

In his ninth ground for relief, Davis contends that Ohio's post-conviction procedures are unconstitutional because they do not provide an adequate corrective process. The Court notes that the Tenth Appellate District and "other Ohio appellate courts have rejected [the] claim that Ohio's postconviction relief statute does not afford an adequate corrective process." *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, at ¶ 73.

Davis argues that R.C. 2953.21 is not an adequate corrective process because it does not afford him the benefit of the discovery process. In rejecting a similar argument, the Third Appellate District has held that R.C. 2953.21 is a civil attack on a judgment and, thus, the petitioner is entitled only to those rights that are granted by the statute. *State v. Yarbrough* (2001), 3rd Dist. No. 17-2000-10, 2001 WL 454683, citing *State v. Calhoun*, 86 Ohio St.3d at 281, 714 N.E.2d 905. Further, the Third District noted that statutes have a strong presumption of constitutionality. *Id.* at * 11. Finally, the Third District held:

> "We cannot say that the failure to afford a postconviction relief petitioner discovery during the initial proceeding to determine whether an evidentiary hearing is warranted renders the postconviction relief process unconstitutional. Ohio case law has affirmatively established that the lack of discovery during the initial stages of the postconviction process does not violate any constitutional rights of the postconviction relief petitioner." *Id.* at * 11.

In light of the foregoing analysis, the Court concludes that Ohio's postconviction relief statute is constitutional and rejects Davis claim that it does not offer an adequate corrective process.

Additionally, a postconviction claim must be based on a constitutional deprivation

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

17

A-17

02/18/2013 13:14          No. : R181          P. 064/077

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6806

that occurred during the proceedings resulting in the petitioner's conviction. *State v. Fitzpatrick*, 1st Dist. No. C-030804, 2004-Ohio-5615. Because Davis' argument attacking the constitutionality of R.C. 2953.21 is in no way related to the events of his re-sentencing hearing, it is not appropriate for the Court to consider.

Having found that Davis failed to establish substantive grounds for postconviction relief, his petition is **DISMISSED**. Davis is consequently not entitled to a hearing on his petition, nor is he entitled to conduct discovery in this matter. Davis' motion for leave to conduct discovery is therefore **DENIED**.

This is a final appealable order. There is no just cause for delay. Civ.R 54(B).

**SO ORDERED.**

ENTER,

Andrew Nastoff, Judge

cc:

Donald R. Caster
Assistant Prosecuting Attorney
315 High Street, 11th Floor
Hamilton, OH 45011

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

Kort Gatterdam
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215

18

A-18

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6807

FILED

2003 SEP 21 PM 4:07

CARPENTER
BUTLER COUNTY
CLERK OF COURT

COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | * | Case Number: CR1983 12 0614 |
| | * | |
| Plaintiff, | * | Judge Andrew Nastoff, Presiding |
| | * | Judge Charles Pater |
| vs. | * | Judge Keith M. Spaeth |
| | * | |
| VON CLARK DAVIS, | * | **SENTENCING OPINION** |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The Court issues this sentencing opinion pursuant to R.C. 2929.03(F).

On January 6, 1984, the Butler County Grand Jury returned a two count indictment against Defendant. Count One of the indictment charged Defendant with aggravated murder in violation of R.C. 2903.01(A) with two specifications. Specification One charged that prior to the offense at bar, Defendant was convicted of murder in the second degree, in violation of R.C. 2901.05 on April 20, 1971, an essential element of which was the purposeful killing of another as specified in R.C. 2929.04(A)(5). Specification Two charged that Defendant had a firearm on or about his person or under his control while committing the offense set forth in Count One, as specified in R.C. 2929.71. Count Two charged Defendant with having weapons under disability in violation of R.C. 2923.13(A)(2).

Defendant pled not guilty to all of the charges and specifications. Defendant waived his right to a jury trial and requested that the matter be tried to a three-judge panel.

Beginning May 4, 1984, Defendant was tried by a three-judge panel that found

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

1

A-19

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6808

Defendant guilty of all charges and specifications. On May 29, 1984, the trial's sentencing phase commenced. At the conclusion of the sentencing phase, the three-judge panel held that the aggravating circumstance outweighed the mitigating factors beyond a reasonable doubt and sentenced Defendant to death.

On September 14, 1988, the Ohio Supreme Court held that the three-judge panel erred by considering and weighing non-statutory aggravating circumstances against mitigating factors when it imposed Defendant's death sentence. The Ohio Supreme Court affirmed Defendant's convictions, but reversed his sentence and remanded the case to the trial court for resentencing.

On remand, Defendant sought to introduce additional mitigation evidence in the form of testimony from prison personnel employed at the Southern Ohio Correctional Facility in Lucasville, Ohio. Defendant argued that the testimony was relevant because it showed good behavior while on death row. The reconstituted three-judge panel did not permit Defendant to offer additional mitigation evidence. Instead, the panel simply reconsidered the evidence presented at the original sentencing phase. Once again, the panel found that the sole aggravating circumstance outweighed the mitigating factors beyond a reasonable doubt and imposed the death penalty.

Both the Twelfth District Court of Appeals and Ohio Supreme Court affirmed Defendant's death sentence. Defendant then petitioned the United States District Court for the Southern District of Ohio for a writ of habeas corpus. The District Court denied

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

2

02/18/2013 13:15          No. : R181                    P. 067/077

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6809

Defendant's petition. On appeal, the United States Court of Appeals for the Sixth Circuit

reversed Defendant's death sentence, holding that the trial court erred at resentencing when

it barred Defendant from presenting new mitigation evidence concerning his good behavior

while on death row. On January 29, 2007, the Sixth Circuit remanded the matter to the

District Court. On July 19, 2007, the District Court granted Defendant's writ of habeas

corpus conditioned upon the State of Ohio granting Defendant a new sentencing hearing.

On remand, this Court assumed jurisdiction over the instant case. On December 19,

2007, to comply with the mandate handed down from the federal courts, this Court granted

Defendant a new sentencing hearing. Because the original three-judge panel could not

reconstitute, the undersigned three-judge panel was formed pursuant to R.C. 2929.06 and

Ohio Rule of Criminal Procedure 25(B).

Pursuant to R.C. 2929.03 and R.C. 2929.04, the undersigned three-judge panel

presided over Defendant's resentencing hearing from September 8, 2009 through September

10, 2009 to determine whether the single aggravating circumstance in this case outweighed

the mitigating factors beyond a reasonable doubt.

## AGGRAVATING CIRCUMSTANCE

In this case, the aggravating circumstance that is to be weighed against the mitigating

factors is as follows: that prior to the offense at bar, the offender was convicted of an offense

an essential element of which was the purposeful killing of another. R.C. 2929.04(A)(5).

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

3

A-21

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6810

The State of Ohio re-introduced the journal entry of conviction filed in Butler County Common Pleas Case Number 21655 reflecting Defendant's 1971 conviction for second degree murder in violation of R.C. 2901.05. The State further offered portions of the 1984 trial transcript to show then-defense counsel's stipulation to the 1971 entry of conviction, its pertinence to Defendant, and that an essential element of R.C. 2901.05 was the purposeful killing of another. The evidence established that the victim of Defendant's prior purposeful killing was his wife, Ernestine. The State submitted no other evidence. The Court accepted the aforementioned evidence to the extent that it was relevant to the aggravating circumstance committed in this case.

## MITIGATING FACTORS

Mitigating factors are factors which, while they do not justify or excuse the crime, nevertheless in fairness and mercy, may be considered as they call for a penalty less than death, or lessen the appropriateness of a sentence of death. Mitigating factors are those factors about an individual that weigh in favor of a decision that a sentence of life in prison is the appropriate sentence.

As requested by Defendant and in accordance with R.C. 2929.04(B), the Court has weighed against the aggravating circumstance the nature and circumstances of the offense, the history, character, and background of the Defendant, and all of the following:

1. Any other factors that are relevant to the issue of whether the offender should be sentenced to death (R.C. 2929.04(B)(7)):

A. Borderline personality disorder;

4

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

A-22

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6811

B. Alcohol abuse;

C. Love and support of family members and friends;

D. Testimony of Defendant's daughter, Sherry Davis, regarding her forgiveness of Defendant for the purposeful killing of her mother;

E. Good behavior while in prison;

F. Childhood and family experience, and the impact of each upon Defendant's personality development and mental health;

G. Remorse and apology;

H. Age (62 years old);

I. Probability of no release from prison;

J. Whether a sentence of life in prison would bring closure to the victim's family;

K. The savings to taxpayers should a life sentence be imposed.

It must be noted that Defendant did not request a pre-sentence investigation or mental examination pursuant to R.C. 2929.03(D)(1); therefore, neither were ordered for the Court's review and deliberation. In consideration of the aforementioned factors, the Court heard evidence from the following individuals.

### Family and Friends

The Court heard testimony from Defendant's mother (Alluster Tipton), step-father (Charles Tipton), younger sister (Carol Smith), younger brother (Victor Davis), daughter (Sherry Davis), and two friends (Rick Rotundo and Fran Welland).

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

5

A-23

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6812

The testimony of each witness centered on Defendant's positive aspects and his importance in their lives. Each witness testified to maintaining some amount of contact with Defendant, despite his incarceration on death row. Each witness opposed the re-imposition of the death penalty in this case.

### Prison Personnel

The Court also heard testimony from Defendant's prison case manager, Scott Nowak, regarding Defendant's positive prison record and his position on death row's "extended privilege unit" or "honor block." The Court reviewed Defendant's institutional summary, which revealed no more than a single occurrence of prison misconduct since 1984. Defendant's sole instance of misconduct occurred in 1990.

The Court also heard testimony from Jeremy Stineman, who conducted Alcoholics Anonymous meetings with death row inmates, including Defendant, for several years. Stineman testified that Defendant regularly attended meetings and participated actively.

### Cynthia Mausser

The Court heard testimony from Cynthia Mausser, Chairperson of the Ohio Parole Board, who described the Parole Board's various policies and procedures. Defense counsel posed hypothetical questions to Mausser, who testified that an individual with Defendant's background is "unlikely" to be paroled at the first opportunity, and would "likely" spend a substantial portion of his adult life in prison. Mausser could not, however, state with any certainty if or when Defendant might be paroled if this Court imposed a sentence less than

Judge Andrew Nastoff
Criminal Pleas Court
Butler County, Ohio

6

A-24

— ..... on the other, and then

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6813

death. Mausser did testify that if Defendant became parole-eligible, he would be considered for parole at intervals ranging from one to ten years for the rest of his life. Mausser testified that in each instance, the victim's family would be notified and could appear to voice opposition to Defendant's release.

### Dr. Robert Smith

Finally, the Court heard testimony from clinical psychologist and certified addiction specialist, Dr. Robert Smith. Dr. Smith recounted Defendant's social history, including interviews that he conducted with Defendant's family members, some of whom testified during the mitigation phase of this trial. Dr. Smith also reviewed the interview summaries of other individuals who were familiar with the Defendant. Additionally, Dr. Smith reviewed Defendant's prior psychological evaluations, conducted between 1964 and 2002. After conducting interviews and reviewing summaries and evaluations, Dr. Smith met with Defendant twice. Each visit lasted approximately five to six hours. Dr. Smith testified that the aforementioned interviews and evaluations, in the aggregate, provided a sufficiently "rounded" and "longitudinal" picture of the Defendant for purposes of rendering a diagnosis.

Dr. Smith found that at the time of the offense at bar, Defendant suffered from borderline personality disorder and alcohol dependence. Dr. Smith found that Defendant suffers from these co-occurring disorders to this day. In Dr. Smith's opinion, a biological component exists with respect to the borderline personality disorder. It is Dr. Smith's belief that Defendant's borderline personality disorder formed in early adolescence when

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

7

A-25

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6814

Defendant's dysfunctional childhood environment and the biological component coalesced. Dr. Smith testified that his diagnosis does not excuse or justify Defendant's actions in killing Suzette Butler, but offers some explanation as to how or why the killing occurred.

Dr. Smith testified that Defendant's good behavior while in prison is not surprising, given that individuals with borderline personality disorder function well in a highly structured environment such as prison. Ultimately, however, Dr. Smith failed to forecast Defendant's behavior or recommend a treatment plan, should he eventually be released from prison.

### FINDINGS

In order to sentence Defendant to death, the law requires that the three-judge panel find beyond a reasonable doubt that the aggravating circumstance in this case outweighs the mitigating factors. The panel must consider the evidence presented as to the aggravating circumstance that transformed the offense of aggravated murder from a case in which death was not a potential penalty to one in which death is a potential penalty. This aggravating circumstance must be then weighed against the mitigating factors that would weigh in favor of a decision that a sentence of life in prison is the appropriate sentence.

The weighing process is just that. The panel must place the aggravating circumstance on one side and place all of the mitigating factors on the other, and then determine beyond a reasonable doubt whether the aggravating circumstance outweighs the mitigating factors. Proof beyond a reasonable doubt mandates that this panel have a firm

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

8

A-26

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6815

belief or conviction in what is to be established.   Proof beyond a reasonable doubt requires that an ordinary person be willing to act upon that proof in the most important of his or her own affairs.

The aggravating circumstance in this case relates that prior to committing the aggravated murder of Suzette Butler with prior calculation and design, Defendant was previously convicted of purposefully killing Ernestine Davis.  The three-judge panel unanimously finds that the aggravating circumstance deserves great weight.

Against the aggravating circumstance, the panel weighs the following mitigating factors:

In accordance with R.C. 2929.04(B), the panel finds nothing mitigating about the nature and circumstances of the offense itself.

The panel has considered the testimony offered to show that Defendant is loved and supported by family and friends.  This evidence is not atypical and does not deserve significant weight.  The panel has also considered the testimony of Sherry Davis and the fact that she has forgiven Defendant for purposefully killing her mother; however, the panel affords this factor very little weight.   The panel further considered the testimony of Defendant's friends and family concerning his dysfunctional family and childhood experiences.  The panel finds the testimony to be unconvincing and entitled to little or no weight.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

9

A-27

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6816

The panel considered the impact of Defendant's family experiences upon his personality development and mental health, as detailed in Dr. Robert Smith's testimony. The panel finds that the separate testimony of Defendant's family and friends does not support Dr. Smith's conclusion that Defendant suffered an extreme and dysfunctional upbringing. Nevertheless, assuming that Defendant's background contributed in some way to the development of Defendant's borderline personality disorder and alcohol dependence, the panel still finds that Dr. Smith's diagnosis, even if valid, is entitled to little weight in mitigation.

The panel considered the testimony of Cynthia Mausser offered to show the probability that Defendant would never be released from prison if given a sentence less than death. The panel unanimously finds this evidence to be highly speculative and unconvincing and entitled to no weight.

The panel considered the Defendant's good behavior while in prison, the Defendant's advanced age, and the Defendant's remorse and apology during his unsworn statement. The panel attributes little weight to each factor.

Finally, Defendant proposed that the panel should consider that a life sentence in this case would be economically beneficial to taxpayers and would bring closure to the victim's family. The panel is uncertain whether these factors are relevant mitigating factors under Ohio law; nonetheless, the panel considered Defendant's evidence and arguments to ensure that he had a full opportunity to present all mitigating evidence during the sentencing phase.

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

10

A-28

02/18/2013 13:17          No. : R181          P. 075/077

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6817

After considering evidence and testimony relevant to these factors, the panel affords them no weight.

The panel must weigh all of the relevant mitigating factors, adjudge the collective weight of the factors, and determine if the sole aggravating circumstance in this case outweighs the mitigating factors beyond a reasonable doubt.

In performing that task, the Judges of this panel unanimously find that the aggravating circumstance outweighs, beyond a reasonable doubt, the individual and the aggregate of the mitigating factors present in this case. Therefore, the panel finds that the sentence of death shall be imposed upon the Defendant, Von Clark Davis.

**SO ORDERED.**

ENTER,

Andrew Nastoff, Judge

Charles Pater, Judge

Keith M. Spaeth, Judge

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

11

A-29

02/18/2013 13:17          No. : R181          P. 076/077

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6818

cc:

Michael A. Oster, Jr.
Assistant Prosecuting Attorney
315 High Street, 11th Floor
Hamilton, OH 45011

Randall L. Porter
Assistant State Public Defender
8 East Long Street – 11th Floor
Columbus, Ohio 43215

Melynda Cook-Reich
REPPER, PAGAN, COOK, Ltd.
1501 First Avenue
Middletown, Ohio 45042

Judge Andrew Nastoff
Common Pleas Court
Butler County, Ohio

12

A-30

# CARPENTER LIPPS & LELAND LLP

*Attorneys at Law*
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
www.carpenterlipps.com

## Fax Cover Sheet

**DATE:** February 18, 2013

**TO:** Clerk of Court, 12ᵗʰ Appellate District    **FROM:** Kort W. Gatterdam

**FAX:** **(513) 887-3966**    **DIRECT DIAL:** (614) 365-4100

**Pages (including cover sheet):** 77

**Hard Copy (check one):**

| Will not be sent | | X | Will be mailed |
|---|---|---|---|
| Will be hand delivered | | | Will be mailed via overnight express |

Clerk of Court,

Attached please find the Brief of Appellant Von Clark Davis to be filed in Appellate Case No. CA2012-12-0258. The information required by rule is as follows:

    (1) Name of Court – Court of Appeals, Twelfth Appellate District, Butler County, OH
    (2) Case Caption - State of Ohio v. Von Clark Davis
    (3) Case Number – CA2012-12-0258
    (4) Assigned Judge – Panel Unknown
    (5) Name, Address, phone number, fax number, Supreme Court registration number, and email address of attorney submitting fax filing – Kort W. Gatterdam, Carpenter Lipps & Leland LLP, 280 Plaza, Suite 1300, 280 N. High Street, Columbus, Ohio 43215, (614) 365-4100 (Phone), (614) 365-9145 (Facsimile), Ohio Bar 0040434, Gatterdam@carpenterlipps.com
    (6) Description of Document – Brief of Appellant Von Clark Davis
    (7) Date of Transmission – 2/18/13
    (8) Transmitting fax number – (614) 365-9145
    (9) Total Number of pages (including cover sheet) – 77

If I can be of further assistance, do not hesitate to contact me.

Sincerely,

Kort Gatterdam

---

**FOR CONFIRMATION OR IF YOU DO NOT RECEIVE LEGIBLE COPIES OF ALL PAGES, PLEASE CALL (614) 365-4100 AS SOON AS POSSIBLE**

---

### CONFIDENTIALITY NOTICE

The documents accompanying this telecopy transmission contain confidential or legally privileged information. The information is intended only for the use of the person(s) named above. If you are not the intended recipient, any disclosure, copying, distribution or taking any action on the contents of the attached information is strictly prohibited. If you received this telecopy in error, please immediately notify us by telephone at the number listed above to arrange for the immediate return of this information.

*Rev. 8/04*

02/18/2013 12:53      No. : R181      P. 001/077

FILED

IN THE COURT OF APPEALS
BUTLER COUNTY, OHIO
2013 FEB 21 PM
TWELFTH APPELLATE DISTRICT

MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS

| | | |
|---|---|---|
| STATE OF OHIO, | : | C. A. CASE NO. CA 2012 12 0258 |
| Plaintiff-Appellee, | : | C. P. CASE NO. CR 1983 12 0614 |
| v. | : | |
| VON CLARK DAVIS, | : | Regular Calendar |
| Defendant-Appellant. | : | Capital Case |

FILED BUTLER CO.
COURT OF APPEALS

FEB 21 2013

MARY L. SWAIN
CLERK OF COURTS

## APPELLANT'S REQUEST FOR ORAL ARGUMENT

Appellant Von Clark Davis, by and through counsel, as required by 12th Appellate Dist. Loc. R. 12(A), requests the Court to entertain oral argument in this capital appeal. This Court should hear oral argument in this death penalty case because this appeal involves important constitutional issues. Oral argument will assist this Court in resolving these issues. For these reasons, Appellant respectfully requests this Court to hear oral argument.

Wherefore, Appellant respectfully requests oral argument in the above captioned matter.

Respectfully submitted,

Kort Gatterdam (0040434)
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145

E-mail: gatterdam@carpenterlipps.com

COUNSEL FOR DEFENDANT-APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing Request for Oral Argument was sent via U.S. Mail on this 19th day of February, 2013, to Donald R. Caster, Assistant Butler County Prosecuting Attorney, 315 High Street, 11th Floor, Hamilton, Ohio 45011.

_____
Kort Gatterdam

2

THE COURT OF APPEALS FOR BUTLER COUNTY, OHIO

FILED

2013 MAR 19 PM 1:04

MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS

STATE OF OHIO,

Appellee,

vs.

VON CLARK DAVIS,

Appellant.

CASE NO. CA2012-12-258
REGULAR CALENDAR

FILED BUTLER CO.
COURT OF APPEALS

MAR 19 2013

MARY L. SWAIN
CLERK OF COURTS

ENTRY GRANTING MOTION TO
EXCEED PAGE LIMITATION FOR
APPELLANT'S BRIEF

 

The above cause is before the court upon a motion filed by counsel for appellant, Von Clark Davis, on February 14, 2013, requesting leave to file appellant's brief in excess of this court's twenty (20) page limitation as set forth in Loc. App.R. 11(A)(3).

Upon due consideration of the foregoing, IT IS HEREBY ORDERED that appellant is GRANTED fifteen (15) additional pages with the brief not to exceed thirty-five (35) pages in length.

IT IS SO ORDERED.

_____
Robert P. Ringland,
Administrative Judge

 

**MARY L. SWAIN**                                **CLERK OF COURTS**

1000682322

**VON CLARK DAVIS  c/o  KORT GATTERDAM**
**CARPENTER LIPPS & LELAND LLP**
**280 PLAZA, SUITE 1300**
**280 NORTH HIGH STREET**
**COLUMBUS, OH 43215**

Date:    March 21, 2013                  Case No.: CA 2012 12 0258
                        VON CLARK DAVIS vs. STATE OF OHIO

**C O P Y   M A I L E D**
**1 2 TH  D I S T R I C T   C O U R T   O F   A P P E A L S ,   B U T L E R   C O U N T Y ,   O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

**MARY L. SWAIN**
Butler County Clerk of Courts

By: KATHY HERALD
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

 

### MARY L. SWAIN                    CLERK OF COURTS

1000682323

**STATE OF OHIO  c/o  MICHAEL T GMOSER Prosecutor Butler Co**
**GOVERNMENT SERVICES CENTER**
**315 HIGH ST 11TH FLOOR**
**HAMILTON, OH 45011**

Date:    March 21, 2013                    Case No.: CA 2012 12 0258
                    VON CLARK DAVIS vs. STATE OF OHIO

### C O P Y   M A I L E D
### 12 TH  D I S T R I C T  C O U R T  O F  A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: KATHY HERALD
Deputy Clerk

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

FILED BUTLER CO.
COURT OF APPEALS

FILED

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
2013 MAR 28 PH 3: 08 BUTLER COUNTY, OHIO

MAR 2 0 2013

MARY L. SWAIN
CLERK OF COURTS

STATE OF OHIO,
    Appellee,

v.

VON CLARK DAVIS,
    Appellant.

:
:
:
:
:
:
:
:
:

CASE NO. CA2012-12-0258

MOTION FOR EXTENSION
OF TIME TO FILE
APPELLEE'S BRIEF

FILED BUTLER CO.
COURT OF COMMON PLEAS

MAR 28 2013

CLERK OF COURTS

: : : : : : : : : : : :

       Now comes Appellee, and pursuant to Local Rule 14, moves this Court for an Order extending the time within which the Appellee's Brief may be filed. Appellee asks that this Court allow said brief to be extended until April 8, 2013.

       Appellee asks for this extension due to a heavy workload during the last month. Therefore, this extension is not intended to cause any unnecessary delay, but merely to allow the Appellee to adequately respond to the Appellant's brief. Appellee has not been previously granted an extension of time, and will file the brief before the deadline if possible.

Respectfully submitted,
MICHAEL T. GMOSER (0002132)
Butler County Prosecuting Attorney


MICHAEL A. OSTER, JR. (0076491)
Assistant Prosecuting Attorney
Chief, Appellate Division
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

<u>PROOF OF SERVICE</u>

This is to certify that a copy of the foregoing motion was sent via regular U.S. mail to the following individual(s):

Kort Gatterdam
Carpenter, Lipps & Leland, LLP
280 North High Street, Suite 1300
Columbus, OH 43215

on this 28th day of March, 2013.

MICHAEL A. OSTER, JR.  (0076491)
**Assistant Prosecuting Attorney**

FILED BUTLER CO.
COURT OF COMMON PLEAS

APR 0 3 2013

MARY L. S....
CLERK OF COURTS

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,                        :        CASE NO. CA2012-12-0258

    Appellee,                        :

  vs.                                :        FILED BUTLER CO.
                        COURT OF APPEALS

VON CLARK DAVIS,                      :        APR 0 3 2013        **BRIEF OF APPELLEE**

    Appellant.                       :        MARY L. S....
                             CLERK OF COURTS

---

*Appeal from the Court of Common Pleas of Butler County,*
*Case No. CR 1983-12-0614*

---

Attorneys for Appellee:

**MICHAEL T. GMOSER** (0002132)
**Butler County Prosecuting Attorney**

**MICHAEL A. OSTER, JR.** (0076491)
**Assistant Prosecuting Attorney**
**Chief, Appellate Division**
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio  45012-0515
Telephone: (513) 785-5204
Osterm@butlercountyohio.org

**Attorney(s) for Appellant:**
**Kort Gatterdam** (0040434)
**Erik P. Henry**   (0085155)
Carpenter, Lipps & Leland, LLP
280 North High Street, Suite 1300
Columbus, OH 43215
(614) 365-4100 Telephone
(614) 365-9145 Fax
gatterdam@carpenterlipps.com

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6828

## TABLE OF CONTENTS AND AUTHORITIES

Page

**STATEMENT OF THE CASE**

    Procedural Posture     1

    Statement of Facts     1-8


Authorities:

R.C. 2903.01(A)     2
*Davis v. Bagley*, No. C-1-97-402, 2002 WL 193579 (S.D. Ohio Jan. 17, 2002).     3
*Davis v. Coyle*, 475 F.3d 761 (C.A.6, 2007).     4
*Skipper v. South Carolina*, 476 U.S. 1, 106 S.Ct. 1669 (1986).     3
*State v. Davis*, Butler App. No. CA84-06-071, 1986 WL 5989 (May 27, 1986).     2
State v. Davis, 38 Ohio St.3d 361 (1988).     2
*State v. Davis*, Butler App. No. CA89-09-123, 1990 WL 165137 (Oct. 29, 1990).     3
*State v. Davis*, 63 Ohio St.3d 44 (1992).     3
*State v. Davis*, 86 Ohio St.3d 212, 1999-Ohio-160.     3
*State v. Davis*, Butler App. No. CA2009-10-263, 2011-Ohio-787.     8

**ARGUMENT**

I.    **APPELLANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL AT THE SENTENCING PHASE OF HIS 2009 HEARING.**

    **Issue Presented for Review and Argument:**
    *When defense counsel provides thorough, appropriate, and detail oriented representation during both the investigatory and penalty phase of a capital murder case, and when no prejudice can be demonstrated from this appropriate representation, a claim of ineffective assistance of counsel must be denied.*

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6829

Authorities:

| | |
|---|---|
| R.C. 2929.04(B)(3). | 20 |
| R.C. 2953.21. | 26,27 |
| R.C. 2953.23. | 27 |
| *Del Vecchio v. Illinois Dept. of Corrs.*, 31 F.3d 1363 (C.A.7 1994). | 24 |
| *Dishman v. State*, 525 N.E.2d 284 (Ind. 1988). | 25 |
| *In re Disqualification of Hedric*, 127 Ohio St.3d 1227, 2009-Ohio-7208. | 23-24 |
| *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489. | 24 |
| *Jenkins v. Bordenkircher*, 611 F.2d 162 (C.A.6 1979). | 24 |
| *Johnson v. State*, 274 Ark. 572, 626 S.W.2d 947 (1982). | 24 |
| *Magana v. Hofbauer*, 263 F.2d 542 (C.A.6 2001). | 25 |
| *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 662 N.E.2d 1 (1996). | 10 |
| *People v. Curkendall*, 13 A.D.3d 710, 783 N.Y.2d 707 (2004). | 24 |
| *Pons v. Ohio State Med. Bd.*, 66 Ohio St .3d 619, 1993-Ohio-122. | 9 |
| *Smith v. United States*, 348 F.3d 545 (C.A.6 2003). | 25 |
| *Spalding v. Spalding*, 355 Mich. 382 (1959). | 10 |
| *Sparks v. Sowders*, 852 F.2d 882 (C.A.6 1988). | 25 |
| *State v. Carpenter*, 116 Ohio App.3d 615 (1996). | 17 |
| *State v. Carter*, 72 Ohio St.3d 545 (1995). | 19 |
| *State v. Cole*, 2 Ohio St.3d 112 (1982). | 16,23 |
| *State v. Davis*, 12th Dist. No. CA2009-10-263, 2011-Ohio-787. | 16,27 |
| *State v. Freeman*, 8th Dist. Nos. 73784-87, 1998 WL 855613 (Dec. 10, 1988). | 27 |
| *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679. | 9 |
| *State v. Isbell*, 12th Dist. App. No. CA2003-06-152, 2004-Ohio-2300. | 26 |
| *State v. Jenkins*, 15 Ohio St.3d 164 (1984). | 10 |
| *State v. Kapper*, 5 Ohio St.3d 36, 448 N.E.2d 823 (1983). | 26 |
| *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831 (2010). | 15,23 |
| *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596. | 18 |
| *State v. Lentz*, 70 Ohio St.3d 527 (1994). | 16 |
| *State v. Lott*, 51 Ohio St.3d 160 (1990). | 23 |
| *State v. Madrigal*, 87 Ohio St.3d 378 (2000). | 11 |
| *State v. Oberding*, 12th Dist. No. CA2011-09-101, 2012-Ohio-3047. | 10 |
| *State v. Phillips*, 74 Ohio St.3d 72, 1995-Ohio-171, 656 N.E.2d 643. | 11 |
| *State v. Redwine*, 12th Dist. No CA2009-12-045, 2010-Ohio-3468. | 15 |
| *State v. Wagers*, 12th Dist. No. CA2011–08–007, 2012-Ohio-2258. | 9 |
| *State v. Widmer*, 12th Dist. No. CA2012–02–008, 2013-Ohio-62. | 9-11 |
| *State v. Williams*, 74 Ohio App.3d 686, 600 N.E.2d 298 (1991). | 26 |
| *State v. Zamora*, 129 Idaho 817, 933 P.2d 106 (1997). | 24-25 |
| *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). | *supra* |
| *Vaughn v. Maxwell*, 2 Ohio St.2d 299, 209 N.E.2d 164 (1965). | 10 |
| *Williams v. Coyle*, 260 F.3d 684 (C.A.6 2001). | 12 |

iii

## II.     OHIO'S POSTCONVICTION PROCEDURES ARE CONSTITUTIONAL.

**Issue Presented for Review and Argument:**
*The Ohio statutory procedure for postconviction relief constitutes the best method of protecting the constitutional rights of convicted individuals, and, provides a orderly method of hearing such matters.  As such, the statutory procedures constitute an adequate corrective process.*

Authorities:

| | |
|---|---|
| R.C. 2953.21. | 28,29 |
| *Broom v. Mitchell*, 441 F.3d 392 (C.A.6 2006). | 30 |
| *Coleman v. Mitchell*, 268 F.3d 417 (C.A.6 2001). | 30 |
| *Freeman v. Maxwell*, 4 Ohio St.2d 4, 210 N.E.2d 885 (1965). | 29 |
| *Keener v. Ridenous*, 594 F.2d 581 (C.A.6 1979). | 30 |
| *State v. Byrd*, 63 Ohio St.2d 288, 407 N.E.2d 1384 (1980). | 29 |
| *State v. Calhoun*, 86 Ohio St.3d 279 (1999). | 29 |
| *State v. Cannaday*, Franklin App. No. 91AP-474 (Oct. 8, 1991). | 29 |
| *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321. | 29 |
| *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831 (2010). | 28 |
| *State v. La Mar*, Lawrence App. No. 98 CA 23 (Mar. 17, 2000). | 30 |
| *State v. Lindsey*, 12th Dist. No. CA2002-02-002, 2003-Ohio-811. | 28 |
| *State v. Steffen*, 70 Ohio St.3d 399, 1994-Ohio-111 . | 28,29 |
| *State v. Trimble*, 11th Dist. No.2007–P–0098, 2008–Ohio–6409. | 30 |
| *State v. Wilson*, 73 Ohio St.3d 40, 1995-Ohio-217. | 29 |
| *State v. Yarbrough*, 3d Dist. No. 17–2000–10, 2001-Ohio-2351. | 29-30 |

iv

III.   **THE TRIAL COURT PROPERLY REJECTED THE NEED FOR A HEARING AND THE ABILITY TO CONDUCT DISCOVERY.**

**Issue Presented for Review and Argument:**
*Where a Petitioner cannot demonstrate that substantive grounds for relief exist as to their postconviction petition, the trial court properly denies the both the need for a hearing and the ability to conduct discovery.*

Authorities:

*State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office*, 87 Ohio St.3d 158
(1999).                                                                          33
*State v. Conway*, 10th Dist. No. 05AP-550, 2006-Ohio-6219.                       33
*State v. Gondor*, 112 Ohio St.3d 377, 388, 2006-Ohio-6679, 860 N.E.2d 77.        31
*State v. Gulertekin*, Franklin App. No. 99AP (June 8, 2000).                     33
*State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980).                     31
*State v. Lang*, 5th Dist. No. 2009 CA 00187, 2010-Ohio-3975.                   31,32
*State v. Lott*, Cuyahoga App.Nos. 66388-90 (Nov. 3, 1994).                       32
*State v. Loza*, 12th Dist. No. CA96-10-214, 1997 WL 634348 (Oct. 13, 1997).      33
*State v. Lundgren*, Lake App. No. 97-L-110 (Dec. 18, 1998).                      32
*State v. Milanovich*, 42 Ohio St.2d 46, 325 N.E.2d 540 (1975).                   32
*State v. Muff*, 5th Dist. No. 06-CA-13, 2006-Ohio-6215.                          32
State v. Powell, 90 Ohio App.3d 260, 629 N.E.2d 13 (1993).                        31
State v. Sherman, Licking App. No. 00CA39, 2000 WL 1634067 (Oct. 30, 2000).     32-33
*State v. Widmer*, 12th Dist. No. CA2012–02–008, 2013-Ohio-62.                  31-32
*State v. Wilhelm*, 5th Dist. No. 05-CA-31, 2006-Ohio-2450.                       31
*State v. Williams*, 10th Dist. No. 05AP-339, 2006-Ohio-2197.                     33

**CONCLUSION**                                                                    34

**PROOF OF SERVICE**                                                             34

**APPENDIX:**

## STATEMENT OF THE CASE

**Procedural Posture:**

Seeing no reason for repetition, Appellee herein adopts Appellant's Procedural Posture.

**Statement of Facts:**

On December 12, 1983, at approximately 7:40 pm, Appellant Von Clark Davis shot and killed his estranged girlfriend, Suzette Butler, on the sidewalk outside the front door of American Legion Post 520 on Central Avenue in Hamilton, Ohio. This shooting was witnessed by several people on the street who indicated that Davis fired multiple shots at Butler's head, the final shot a "coup de gras" as he bent down and fired his pistol within inches of her head; autopsy findings were consistent with that testimony. Additional witnesses testified that earlier that day, within a few hours before the shooting, Davis had sought and received their help in acquiring a .25-caliber semi-automatic pistol and ammunition for it. Since Appellant had been convicted in 1971 of second-degree murder for having killed Ernestine Davis (his estranged wife), he was under disability and could not legally obtain a firearm. The spent .25 caliber shell cases found at the scene, ejected from the murder weapon, were of the same caliber and brand as the ammunition purchased that day by Appellant; the fatal bullets recovered from the victim's head during the autopsy were likewise consistent with the gun and ammunition that Davis acquired, which was never recovered.[1]

---

1. Facts derived from trial record and decision of the Ohio Supreme Court in *State v. Davis*, 38 Ohio St.3d 361, at 361-363 (1988), *certiorari denied* (1989), 488 U.S. 1034, 109 S.Ct. 849.

1

A.     Prior Proceedings

Following the murder, Appellant was indicted for the aggravated murder[2] of Butler with a death-penalty specification[3] and having weapons while under a disability.[4] (Indictment, T.d. 8) Davis waived a jury trial (T.d. 83, 84) and was tried in May 1984 by a three-judge panel (Hons. Henry J. Bruewer, Judge presiding, John R. Moser and William R. Stitsinger, JJ.). The trial court found Appellant guilty as charged (Entry of Findings of Guilty, T.d. 101)[5], and following a mitigation hearing, Appellant was sentenced to death. (T.d. 105, 108) On direct appeal, this Court affirmed the conviction and sentence.[6] Thereafter, the Ohio Supreme Court also affirmed Appellant's conviction, but a majority of that court reversed his death sentence on the ground that the three-judge panel had improperly considered non-statutory aggravating circumstances during the penalty phase of the trial.[7] On remand, the same three-judge panel that had originally tried Appellant conducted a re-sentencing hearing in August 1989 and again sentenced him to death. (T.d. 168, 169)   This

———————————

2. R.C. 2903.01(A) (purposely, and with prior calculation and design, causing the death of another).

3. R.C. 2929.04(A)(5) (that prior to the offense at bar he was convicted of an offense an essential element of which was the purposeful killing of or attempt to kill another, to-wit, murder in the second degree contrary to former R.C. 2901.02, circa 1970).

4. R.C. 2923.13(A)(2) (that he did knowingly acquire, have, carry or use a firearm having previously been convicted of felonies of violence, to-wit: convictions for shooting with intent to wound in 1970, and murder in the second degree in 1971).

5. Davis testified on his own behalf in the 1984 trial's guilt phase, maintaining that he had purchased the murder weapon as part of an exchange with "Silky Carr," a man from Kentucky whom Davis asserted had been Butler's drug dealer; Davis also claimed that Butler owed Carr money, and that on the night of the murder he left Carr and Butler talking in front of the American Legion Hall.  See *Davis*, 38 Ohio St.3d, at 363 n.5.

6. *State v. Davis*, Butler App. No. CA84-06-071, 1986 WL 5989 (May 27, 1986).

7. *Davis*, 38 Ohio St.3d, at 372-373 (specifically remanding the case to the trial court (the three-judge panel) for a re-sentencing hearing "*** at which the state may seek whatever punishment is lawful, including, but not limited to, the death sentence.")

2

Court[8] and the Ohio Supreme Court[9] affirmed this second death sentence on direct appeal.

Following his unsuccessful exhaustion of postconviction remedies in the Ohio courts,[10] in April 1997, Appellant filed a petition for a writ of habeas corpus in federal court contending, *inter alia*, that his federal constitutional rights had been violated when he was denied the opportunity to present additional evidence in mitigation at the second sentencing hearing (his postconviction good behavior in prison from 1984 to 1989, as well as a "psychological update" by a psychologist who had previously testified in the sentencing phase in 1984). Ultimately the United States District Court for the Southern District of Ohio denied habeas relief.[11] However, on appeal from that decision, the United States Court of Appeals for the Sixth Circuit reversed the district court's denial of relief, holding that the trial court's refusal to consider the presentation of additional mitigating evidence at the second sentencing hearing was error under *Skipper v. South Carolina*, 476 U.S. 1, 106 S.Ct. 1669 (1986). Accordingly, the Sixth Circuit ordered the district court to grant Appellant a conditional writ of habeas corpus, indicating that *Skipper* required that the case be remanded for a

---

8. *State v. Davis*, Butler App. No. CA89-09-123, 1990 WL 165137 (Oct. 29, 1990).

9. *State v. Davis*, 63 Ohio St.3d 44 (1992), *rehearing denied*, 63 Ohio St.3d 1433, *certiorari denied* (1992), 506 U.S. 858, 113 S.Ct. 172, *second rehearing denied* (1993), 66 Ohio St.3d 1489.

10. Davis filed a petition for post-conviction relief in 1993 (T.d. 188), which was denied on June 30, 1995 (T.d. 226), affirmed in *State v. Davis* (Sept. 30, 1996), Butler App. No. CA95-07-124, 1995 WL 551432, *discretionary appeal not allowed*, *State v. Davis* (1997), 77 Ohio St.3d 1520. Similarly, Davis' attempts in 1998 to obtain relief pursuant to applications to reopen his direct appeal, under App.R. 26(B), were unsuccessful. See *State v. Davis*, 86 Ohio St.3d 212, 1999-Ohio-160 (affirming the Twelfth District's judgment filed January 13, 1999 in *State v. Davis*, Butler App. No. CA84-06-071, unreported).

11. See *Davis v. Bagley*, No. C-1-97-402, 2002 WL 193579 (S.D. Ohio Jan. 17, 2002) (not reported in F.Supp.2d).

new sentencing hearing.[12]  Upon issuance of said writ, the Court of Common Pleas once again

assumed jurisdiction and issued an order granting Davis a "new sentencing hearing." (T.d. 241)


B.    The 2009 Sentencing Hearing

Because the original three judges were unavailable, a three-judge panel, which consisted of

the presiding judge (Hon. Andrew Nastoff) and two judges (Hon. Keith M. Spaeth and Hon. Charles

L. Pater) chosen by random lot on the record and in open court with the parties participating, was

assigned to hear the matter. (T.d. 250)

Appellant thereafter waived any time requirements (T.d. 237, 238), and after agreed

continuances (T.d. 331, 393), additional discovery, and a spate of pre-sentence motions were heard

and determined (T.d. 337), the re-sentencing hearing was conducted on September 8-10, 2009. The

only evidence that the State was permitted to introduce was a judgment of conviction entry, proving

that Appellant had been convicted of second-degree murder (as defined under then-existing law) in

1971. (T.p. 39-40.[13])

Appellant presented numerous witnesses in support of his argument for mitigation.

Appellant exercised his right to present an unsworn statement. (T.p. 45-47.) Upon his request, he

was permitted to speak in response to questions posed by his counsel, rather than in the narrative.

(Id.) Appellant acknowledged that he had committed a crime that was "callous," "unforgivable,"

and "evil." (T.p. 46.)

Francis Welland testified on Appellant's behalf.  (T.p. 48-63.)  Welland, who has

---

12. See *Davis v. Coyle*, 475 F.3d 761, 774-775 (C.A.6, 2007) (citing *Skipper*, 476 U.S. at 8); *Id.* at 781.

[13]Unless otherwise noted, citations to the transcript of proceedings refer to the sentencing hearing that occurred on September 8 - 10, 2009.

4

corresponded with Appellant since 1992, stated that Appellant is her "friend." (T.p. 49, 51.) Welland testified that the imposition of the death sentence as to Appellant would "tear [her] apart" because she has "really come to enjoy his company through letters." (T.p. 57.) She also acknowledged having a personal opposition to the death penalty. (T.p. 59.)

Appellant also called several family members to testify on his behalf. Victor Davis, Appellant's brother, testified in mitigation. (T.p. 78-95.) He told the court that Appellant's life should be spared because Appellant "is a child of God" and "always, to me, accepted the responsibility of his actions." (T.p. 87.) Sherry Davis, Appellant's daughter, testified. (T.p. 98-103.) The victim of Appellant's 1971 murder, Ernestine Davis, was Sherry's mother. (T.p. 100.) Sherry testified that she has forgiven Appellant for the death of her mother and does not want to see her father taken away from her. (T.p. 100-01.)

Charles Tipton, Appellant's step-father, testified. (T.p. 104-12.) Tipton married Appellant's mother in 1962, when Appellant was twelve-years-old. (T.p. 105.) He and Appellant were very close before Appellant was incarcerated, and the two would fish together "every Saturday." (T.p. 107.) He testified that Appellant was "a very good child growing up." (T.p. 108.) He asked the Court to spare Appellant's life, because "like every parent," Tipton "love[s his] children ... want[s] to see him living." (T.p. 109.) Alluster Tipton, Appellant's mother, also testified. (T.p. 113-22.) According to Alluster, Appellant's biological father, Nick, was "in and out" of the family's life prior to their divorce. (T.p. 118.) Appellant's mother asked the three-judge panel to impose a sentence other than death, stating that even from prison, Appellant would play a part in her life. (T.p. 120.) Carol Smith, Appellant's sister, was also called on Appellant's behalf. (T.p. 122-145.) She testified that she and Appellant "got along great" as children. (T.p. 127.) Carol believes that Appellant is "a good person deep inside" and that she does not "see where it will serve any purpose with a death

5

sentence." (T.p. 129.)

Appellant's life-long friend, Patrick "Rick" Rotundo, also took the stand on Appellant's behalf. (T.p. 206-16.) Rotundo first met Appellant when Rotundo moved next door to his family when Appellant was 18. (T.p. 208.) He observed Appellant drink "on special occasions" in a manner that was "civil" and "controlled." (T.p. 210.) He felt that Appellant's family (apart from his biological father) "were wonderful people." (T.p. 214.)

Appellant also called witnesses to testify about his conduct in prison since the murder of Suzette Butler. Jerome Stineman, a Cincinnati attorney, met Appellant at the Southern Ohio Correctional Facility ("SOCF") in 1989 or 1990. (T.p. 190-91.) Stineman was a volunteer with an Alcoholics Anonymous program at SOCF. (T.p. 191.) According to Stineman, only the inmates who had demonstrated "good behavior" and a "willingness and desire to participate" were permitted to be involved in the program. (T.p. 192.) Appellant told Stineman that he killed Suzette Butler during an alcohol-induced blackout. (T.p. 193-94.)

Scott Nowak, a correctional program specialist at the Ohio State Penitentiary ("OSP"), was also called by Appellant. (T.p. 216-29.) Nowak's job is to perform daily case manager duties for inmates. (T.p. 217.) Prior to the hearing, Nowak completed an Institutional Summary Report regarding Appellant. (T.p. 219 & Ex. J.) The information in the form is compiled from the inmate's unit file and an interview with an inmate. (T.p. 220.) The report showed that since he had been incarcerated, Appellant had received only one bad-conduct report (in 1990), which resulted in a verbal warning. (T.p. .Ex. J.) While at OSP, Appellant had held the position of porter since 2005, and in May 2006, was moved to OSP's extended privilege unit. (Id.) While housed at Mansfield Correctional Institution, Appellant held various positions: porter, recreation worker, food service worker, and artist. (Id.) Appellant participated in programs at OSP, Mansfield, and SOCF, including

6

stress management, positive thinking, anger management, AA, and military veteran meetings. (Id.) Over the State's objection, Nowak testified that if the Court imposed a life sentence, Appellant would be transferred to an institution that had a lower correctional-officer-to-inmate ratio. (T.p. 223-225.)

Appellant also called Cynthia Mausser, chair of the Ohio Parole Board, to testify. (T.p. 145-89.) Prior to her employment with the parole board, Mausser was an assistant public defender representing parole violators before the parole board. (T.p. 148.) Mausser explained the process by which parole-eligible offenders are evaluated for release. (T.p. 148-59.) Mausser indicated that the fact that the offender was incarcerated for committing an offense similar to one for which he had been previously convicted would be treated as a negative factor by the board. (T.p. 159.) Opposition by the judge, prosecutor, and victim would also be a negative factor. (Id.) The fact that an individual was on parole at the time he committed the offense that led to his current incarceration would also be a negative factor. (T.p. 166.) In response to a hypothetical that purportedly described Appellant's circumstances, Mausser testified that she believed that such a person "would likely spend a large portion of the remainder of their life in prison," and that it would be "unlikely" for a person in such circumstances to be granted parole in his first hearing. (T.p. 176.)

Finally, Appellant called Dr. Robert Smith, a clinical psychologist and addiction specialist. (T.p. 230-313.) Dr. Smith met with Appellant twice, for five to six hours each time. (T.p. 242.) He also met with Charles and Alluster Tipton, Elliot Davis (Appellant's brother), Carold Smith, Victor Davis, and Rick Rotundo. (T.p. 243.) What is more, Dr. Smith also reviewed interview summaries for several individuals, as well as Appellant's school and military records. (T.p. 244.) Dr. Smith also read other expert evaluations regarding Appellant and police reports from the murders of Ernestine Davis and Suzette Butler. (T.p. 245.) Dr. Smith concluded that at the time Appellant

7

murdered Suzette Butler, he suffered from alcohol dependence and borderline personality disorder. (T.p. 248.) Symptoms of borderline personality disorder include severe impulsivity; inappropriate and intense anger; and transient, stress-related paranoid ideation. (T.p. 264-67.)

After deliberation, on September 10, 2009, the trial court once again imposed a death sentence. (T.d. 432—Judgment of Conviction Entry and T.d. 435—Sentencing Opinion filed Sept. 21, 2009.) This Court unanimously affirmed.[14] An appeal as of right is currently pending before the Supreme Court of Ohio.[15]

## C.    The Postconviction Petition

On October 21, 2011 Appellant filed a Postconviction Petition pursuant to R.C. 2953.21, coupled with a Motion for Leave to Conduct Discovery. (T.d. 471)  On November 10, 2011 the State of Ohio responded by filing a Motion to Dismiss or in the alternative Summary Judgment, and a Memorandum in Opposition to Leave to Conduct Discovery. (T.d. 473, 474)  Thereafter, on November 26, 2012 the trial court dismissed Appellant's Postconviction Relief Petition and Denied Leave to Conduct Discovery. (T.d. 486) This appeal follows. (T.d. 487)

---

[14]*State v. Davis*, Butler App. No. CA2009-10-263, 2011-Ohio-787.

[15]*State v. Davis*, Supreme Court of Ohio Case No. 2011-0538.

## ARGUMENT

### I. APPELLANT RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL AT THE SENTENCING PHASE OF HIS 2009 HEARING.

**Issue Presented for Review and Argument:**
*When defense counsel provides thorough, appropriate, and detail oriented representation during both the investigatory and penalty phase of a capital murder case, and when no prejudice can be demonstrated from this appropriate representation, a claim of ineffective assistance of counsel must be denied.*

In Appellant's first assignment or error he alleges that the trial court erred in denying his petition for postconviction relief because his sentencing counsel was ineffective in eight different ways. However, as each and every allegation of ineffectiveness has no merit, the State disagrees.

The correct standard of review for postconviction relief proceedings has recently been reaffirmed by this Court as "an abuse of discretion standard. *State v. Wagers*, 12th Dist. No. CA2011–08–007, 2012-Ohio-2258, ¶ 15. A reviewing court should not overrule the trial court's findings on a petition for postconviction relief that is supported by competent and credible evidence. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58. 'The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' *Id.* at ¶ 60." *State v. Widmer*, 12th Dist. No. CA2012–02–008, 2013-Ohio-62, ¶ 28.

The Supreme Court of Ohio has further dictated that an "appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for those of the medical board or a trial court. Instead, the appellate court must affirm the trial court's judgment." *Pons v. Ohio State Med. Bd.*, 66 Ohio St .3d 619, 621, 1993-Ohio-122. The Court noted that an abuse of

9

discretion "itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations." *State v. Jenkins*, 15 Ohio St.3d 164, 222 (1984), quoting *Spalding v. Spalding*, 355 Mich. 382, 384-385 (1959). "In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias * * * ." *Id., see, also, Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256, 662 N.E.2d 1 (1996).

The Sixth Amendment to the United States Constitution protects an accused's right to effective assistance of counsel. In order to prevail "[i]n a postconviction petition asserting ineffective assistance of counsel, the petitioner must first show that 'his trial counsel's performance was deficient; and second, that the deficient performance prejudiced the defense to the point of depriving the appellant of a fair trial.'" *Widmer*, 2013-Ohio-62, ¶ 132, quoting *State v. Oberding*, 12th Dist. No. CA2011-09-101, 2012-Ohio-3047, ¶ 28, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In order to establish the first prong, the Court in *Strickland* stated that the defendant must show that his "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Attorneys are given a "heavy measure of deference" to their judgments, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 681, 691. In Ohio, a properly licensed attorney is presumed competent. *Vaughn v. Maxwell*, 2 Ohio St.2d 299, 209 N.E.2d 164 (1965).

In order to establish the second prong, the Court in *Strickland* stated that the defendant must show "a reasonable probability that, but for counsel's actions, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. It continued, "[a] reasonable probability is a

9

probability sufficient to undermine confidence in the outcome." *Id.* Therefore, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. A failure to make an adequate showing on either the "performance" or "prejudice" prongs of the *Strickland* standard will doom an appellant's ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 687, 697. Additionally, an attorney's arguably reasoned strategic or tactical decisions do not generally constitute ineffectiveness. *State v. Phillips*, 74 Ohio St.3d 72, 85, 1995-Ohio-171, 656 N.E.2d 643. "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other." *Widmer*, 2013-Ohio-62, ¶ 132, quoting *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000), citing *Strickland* at 697.

1.   *Appellant's Right To Counsel Was Not Violated At The 2009 Resentencing Hearing Due To A Failure To Investigate Mitigating Evidence.*

In his first issue presented for review, Appellant claims that his counsel for the 2009 sentencing hearing failed to investigate mitigating evidence regarding Davis' exemplary prison record. Based on the record before this Court, this claim is demonstrably untrue.

Over Appellant's objection, the trial court ordered Appellant's unit file–the file Appellant now claims his 2009 sentencing hearing counsel did not discover–to be produced to both Appellant and the State. (T.d. 253–Entry as to Release of Institutional Records.) Thus, regardless of the scope of the investigation undertaken by the 2009 sentencing hearing counsel, the record is clear that Appellant's counsel possessed the unit file, but made a strategic decision not to introduce it, in its entirety, during the sentencing hearing. Instead, counsel strategically chose to introduce a two page institutional summary, and the testimony of two witnesses as to Appellant's behavior, work ethic,

11

and assimilation to prison.

The affidavit of Diane Menashe (Petition Ex. D) expressing the opinion that counsel's alleged failure to investigate "constitutes ineffective assistance of counsel" has zero probative value. This is because the records Menashe examined in forming her opinion do not include the files of sentencing counsel. (Petition Ex. D at ¶ 6.) In other words, Menashe has no idea what sentencing counsel did or did not have access to as a result of their investigation; she knows only what sentencing counsel chose to present during the sentencing hearing.

Appellant's claim is based on another factual inaccuracy, in that he claims that the defense called only one witness regarding Davis' prison record, Scott Nowak, Davis' case manager. (App. Brief., p. 6) This is not true. The defense also called Jerome Stineman, an attorney who volunteered with the AA program at SOCF. (T.p. 191.) Stineman's testimony showed that Appellant participated in an alcohol abuse program while incarcerated.

"A counsel's performance is deficient if he committed errors so serious that he was not performing at a reasonable professional level. The burden is on the defendant to make such a showing by 'identify[ing] the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.'" *Williams v. Coyle*, 260 F.3d 684, 703 (C.A.6 2001) (en banc), quoting *Strickland*, 466 U.S. at 690. Here, Appellant cannot demonstrate an omission on the part of sentencing counsel.

What is more, Appellant also argues that the trial court's decision was erroneous in finding that testimony from additional witnesses would have been cumulative. According to Appellant, these additional witnesses would have bolstered Appellant's positive attributes. Specifically, Appellant argues that "no mention is made of Davis's personality and work record including the trust he gained from prison personnel which would have been important in rebutting any claim of future

12

dangerousness." (App. Brief., p. 7-8)

However, the trial court in its evaluation of this issue, and of the institutional summary that was admitted, correctly noted that all of these topics were before the three judge panel. Specifically, the trial court noted "[t]heir testimony would have been cumulative. The summary of Davis' work history showed that he was a strong and trusted employee. The summary of Davis' program participation revealed the positive attitude of a man who made legitimate attempts to better himself while incarcerated. The fact that Davis received one warning for a rule infraction since 1984 and his admittance to the prison's extended privilege unit was evidence that he was well-behaved." (T.d. 486[16], p. 6)

Appellant's sentencing counsel had his prison records. Counsel made a strategic choice not to flood the three-judge panel with superfluous information, but rather to make the information simple, comprehensible, and memorable. There is no showing of ineffectiveness in this tactical decision. As such, Appellant's first issue presented for review should be denied.

2.    *Appellant's Right To Counsel Was Not Violated At The 2009 Sentencing Hearing Due To A Failure To Present Mitigating Evidence.*

Appellant claims that sentencing counsel failed to present relevant and mitigating evidence. In particular, Appellant argues that counsel should have presented his entire unit file, rather than the two-page institutional summary and the testimony of his case manager. (App. Brief., p. 8-10.) Sentencing counsel's decisions about which evidence to present does not, however, constitute ineffective assistance of counsel.

---

[16] T.d. 486 is the Entry And Order Dismissing Petition For PostConviction Relief And Denying Motion For Leave To Conduct Discovery, filed on November 26, 2012.

13

As the *Strickland* court noted, strategic decisions about which evidence to present are "virtually unchallengeable." 466 U.S. at 691.   Introducing only the institutional summary (T.p. Ex. J), rather than the voluminous unit file, was a legitimate strategic decision.  The summary provides an easy-to-read synopsis of Appellant's conduct while incarcerated.  The decision to call only two witnesses (Smith and Stineman) regarding Appellant's conduct while an inmate is similarly sound legal strategy.  Appellant's counsel obviously concluded that the Appellant's post-offense conduct was mitigating.  However, Appellant's counsel apparently decided to limit the number of witnesses to discuss this issue, thus emphasizing Appellant's role as a family member over his status as an inmate.  This is not a professionally unreasonable judgment.

Moreover, even if Appellant could show a deficiency in sentencing counsel's performance, he cannot show prejudice as a result.  Appellant notes that the full unit file included a certification of completion for a stress management seminar and job evaluations.  (Petition at ¶ 57.)  However, the institutional summary report shows that Appellant held various jobs in OSP, SOCF, and Mansfield, and that Appellant completed several programs including one for stress management. (T.p. Ex. J.)  The full unit file would merely have duplicated the information presented in the summary report and through Nowak's testimony.

While Appellant challenges the strategic decisions made by his sentencing counsel, these decisions were not outside of the norms of professional practice.  Moreover, Appellant is unable to show he was prejudiced by the actions about which he now complains.

These arguments rang through in the trial court's decision which noted that the institutional summary "conveyed the substance of the unit file, namely, that Davis was a well-behaved, hard working prisoner who took advantage of the self-help and education opportunities available to him in prison.  Trial counsel's performance was not deficient as a result of their strategic decision to

14

distill the mitigation aspects of the unit file into a summary." (T.d. 486, p. 7)  Accordingly, Appellant's second issue presented should be denied.

3.  *Appellant's Right To Counsel Was Not Violated At The 2009 Sentencing Hearing Due to Counsel's Decision To Call Cynthia Mausser.*

Next, Appellant argues that sentencing counsel's decision to call Cynthia Mausser, the chair of the Ohio Parole Board, constituted ineffective assistance. (App. Brief., p. 11-16)  On direct examination, Mausser testified that an offender such as Appellant "would likely spend a large portion of the remainder of their life in prison," and that it would be "unlikely" for a person such as Appellant to be granted parole in his first hearing. (T.p. 176.)  On cross-examination, she acknowledged, as she does in her affidavit (Petition Ex. D), that she could not take a position as to whether she would vote for parole in a specific, future case or predict how fellow members of the Board would vote. (T.p. 133-35.)

Appellant's claim is barred by res judicata. "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on direct appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59 (2010). Res judicata includes the concept of claim preclusion, which "prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *State v. Redwine*, 12th Dist. No CA2009-12-045, 2010-Ohio-3468, ¶ 14.  When a party attempts to bring such a subsequent action, the previous transaction is conclusive. *Id.*

Res judicata applies to criminal proceedings. *See Ketterer*, at ¶ 59 ("Ohio courts have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal.")

15

When a defendant, "represented by new counsel on direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence *dehors* the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief." *State v. Cole*, 2 Ohio St.3d 112 (1982), syllabus; *see also State v. Lentz*, 70 Ohio St.3d 527, 529-30 (1994).

Appellant's claim regarding sentencing counsel's decision to elicit testimony from Mausser could have been raised on direct appeal, but was not. (See, *State v. Davis*, Butler App. No. CA2009-10-263, 2011-Ohio-787, *see, also*, Defendant-Appellant's Brief in Butler App. No. CA2009-10-263.) Nothing in Appellant's argument on this claim requires the court to consider evidence *dehors* the record. While Appellant purports to rely on a new affidavit from Mausser, nothing in that affidavit has any bearing on the ineffective assistance claim; instead, it is merely descriptive of what is readily apparent from the trial transcript. Because this claim could have been raised on direct appeal, res judicata bars Appellant from raising it in postconviction relief.

Even if this claim was not barred by res judicata, Appellant fails to show deficient performance. Of course, Mausser was unable to predict with accuracy a specific outcome. However, her testimony provided some assurance to the court that if the panel voted for a life sentence, Appellant was unlikely to be paroled immediately following the expiration of thirty years. In its decision denying the postconviction petition, the court noted that "the reality is that she [Mausser] gave testimony that was potentially valuable as mitigation. Her testimony assured the panel that if it imposed a life sentence, Davis was unlikely to be paroled for a significant period of time. Trial counsels' decision to offer the evidence was a trial strategy that cannot be criticized and was not deficient under *Strickland*." (T.d. 486, p. 9)

What is more, even if this Court were to somehow find counsels' performance deficient,

16

Appellant is unable to show prejudice. As Appellant notes, the panel gave Mausser's testimony "no weight." (T.d. 435–Sentencing Opinion–at 10.) While the panel ultimately found Mausser's testimony unpersuasive, that does not equate to Mausser's testimony assisting Appellant in receiving the death penalty. Instead, "no weight" mean just that: the testimony neither hurt nor helped. Moreover, the absence of Mausser's testimony would not have rendered the panel unable to complete simple mathematical operations. The court knew, with or without Mausser's assistance, that the only permissible sentences were death or thirty years to life.

Finally, Appellant complains that his sentencing counsel did not provide Mausser the opportunity to expand upon an answer to a question asked during cross-examination. According to Mausser:

> If permitted, I would have corrected my answer … where I said I had not sat on a case to vote on parole where a person was convicted of a death penalty specification but the individual received a sentence of less than death. The question was confusing. I actually have sat on cases where a person came before the Parole Board for a parole hearing having been convicted of a death penalty specification but receiving a life sentence.

(Petition Ex. F at ¶ 8.)

Appellant fails to explain how this correction would have buttressed his argument for mitigation. Conspicuously absent from Mausser's affidavit is an assertion that such inmates are never granted parole. Simply put, sentencing counsel elicited from Mausser the best testimony available to them: that if given a life sentence, Appellant would likely not be paroled at his first hearing. That the panel found this testimony unpersuasive does not mean that their strategy constitutes ineffective assistance of counsel. *See State v. Carpenter*, 116 Ohio App.3d 615, 626 (1996) (a reviewing court presumes "that a broad range of choices, perhaps even disastrous ones, are made on the basis of tactical decisions and do not constitute ineffective assistance").

Appellant also argues that because sentencing counsel did not fully keep to their promise,

17

made in opening statements, as to what Mausser would testify to, they were somehow ineffective. However, the trial court dismissed this argument, finding that "it would have been desirable for defense counsel to avoid contradicting its opening statement. However, Davis suffered no prejudice as a result, as there is nothing to suggest that counsels' failure to deliver a promise offered during opening statements influenced the panels' decision to impose death." (T.d. 486, p. 9); See, *State v. Lang*, 129 Ohio St.3d 512, 552, 2011-Ohio-4215, ¶¶ 284-285, 954 N.E.2d 596 (Trial counsel's deficiency in failing to keep promise to jury, which he made during opening statement of penalty phase of capital murder trial, was not prejudicial as required for finding of ineffective assistance of counsel.) Accordingly, Appellant's third issue presented for relief should be denied.

4.    *Appellant's Right To Counsel Was Not Violated At The 2009 Sentencing Hearing Due To Counsel's Decision To Call Dr. Smith.*

Appellant continues his assault on sentencing counsel's strategic decisions in claiming that counsel rendered constitutionally ineffective assistance of counsel by calling a psychologist to testify on his behalf. Appellant's argument finds no support in the record.

Appellant claims that Dr. Smith's testimony "left the panel with the impression that he was and is still dangerous." (App. Brief., p. 17) Dr. Smith's testimony was geared towards arguing that Appellant's conduct–two separate murders–was mitigated by a psychological problem. Dr. Smith did not opine that Appellant would be dangerous if he were, at some future point, released on parole. Dr. Smith now claims:

> I would have been able to testify that Von at the present time is a different person than he was when he was admitted to ODRC in 1984. Having been in a structured setting for the past 27 years, Von has learned to accept external rules and expectations regarding his behavior. He has developed coping strategies to deal effectively with frustration, annoyance, disappointment, etc. He has learned to weigh the potential consequences of his decisions and actions.

18

(Petiton Ex. I at ¶ 12.)

Dr. Smith's affidavit does not, however, offer any opinion as to Appellant's likelihood of recidivism if released. Nor could it. Dr. Smith has been able to review Appellant's behavior in the confines of a correctional institution. As he testified, "If you put [a person with borderline personality disorder] in a very structured environment ... [he] will adapt and adjust." (T.p. 258.) People with this diagnosis, however, have problems "in the community where [they] have no clear structure." (Id.) Regardless of what Dr. Smith was or was not asked regarding the possibility of Appellant's release, he could not have altered his diagnosis of Appellant's condition or how that condition manifests itself. Moreover, tactical or strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance. *State v. Carter*, 72 Ohio St.3d 545, 558 (1995).

Moreover, even if Dr. Smith had testified that Appellant is "a different person" than the one who brutally murdered two intimate partners, this testimony would have been duplicative of other evidence placed before the court. The defense called Welland to testify as to what she had observed about Appellant through correspondence in the 1990's and 2000's. Appellant's prison record was admitted to show his compliance with prison rules and his ability to hold a job within the institution. Stineman testified regarding his regular attendance at AA meetings while housed at SOCF. Sentencing counsel introduced ample evidence regarding Appellant's supposed transformation since he murdered Suzette Butler.

Appellant also argues that sentencing counsel should have decided against presenting psychological testimony in mitigation because the panel in 1989 used the psychological evidence against Davis. This is untrue. The 1989 panel noted merely that Appellant's condition "is not of such a nature as would have any great mitigating effect." Given the advancement of the

19

understanding of personality disorders since 1989, Appellant's 2009 sentencing counsel made a reasonable decision to utilize his condition as potentially mitigating evidence. The panel's disagreement with counsel's position is not evidence of ineffective assistance.

Moreover, R.C. 2929.04(B)(3) specifically requires a sentencing court to consider in mitigation "whether, at the time of committing the offense, the offender, because of a mental disease or defect, lacked substantial capacity to appreciate the criminality of the offender's conduct or to conform the offender's conduct to the requirements of the law." The only evidence that could invoke this mitigating factor is psychological or psychiatric testimony. Given the General Assembly's determination that mental disease is a mitigating factor, sentencing counsel would have had a hard time finding a justification for not calling Dr. Smith.

All of the aforementioned were echoed in the trial court's decision denying the petition. The trial court found that "Davis' borderline personality disorder and substance abuse problems were relevant mitigating factors for defense counsel to advance during the penalty phase. * * * Trial counsels' examination of Dr. Smith, as well as their examinations of Davis' family members show that they chose to pursue an "unbonded child" theory of mitigation. In other words, counsel chose to argue that Davis was raised in a dysfunctional family to explain why he was driven to commit multiple murders at a relatively young age. Hindsight cannot affect the evaluation of trial counsels' performance." (T.d. 486, p. 12); see, *Strickland*, 466 U.S. at 689, (Judicial scrutiny of counsel's performance must be highly deferential. * * * A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.) Appellant's fourth ground for relief should be denied.

20

5.   *Appellant's Right To Counsel Was Not Violated At The 2009 Sentencing Hearing Due To Counsel's Decision Not To Call John Lee.*

Appellant claims that sentencing counsel provided ineffective assistance of counsel by failing to call John Lee, Appellant's mitigation investigator, in order to present summaries of witness interviews conducted during the 1990's. A review of the exhibits Appellant now wishes had been introduced at his 2009 sentencing hearing, however, demonstrates that they are of little probative value, and would have been cumulative of the evidence that was admitted.

According to the interview notes, Elizabeth Crawford talked a great deal about Appellant's mother and father. (Petition Ex. L–"Elizabeth Crawford (Paternal Aunt)".) Crawford reported that Appellant's biological father was a heavy drinker, and that Appellant was "a quiet little boy." She provided no other information about Appellant's upbringing. Dr. Charles Flowers was also interviewed by Lee. (Petition Ex. L–"Dr. Charles Flowers".) Flowers "grew up with [Appellant's] parents" and "was able to give some limited historical perspectives on the Davis family and a few insights on [Appellant]." (Id.) He told Lee that Appellant's biological parents fought frequently, and that he "believed [Appellant] learned to hate women because he was always being whipped by one, be it his mother or one of his female relatives." (Id.)

Milton Flowers provided an affidavit in 1993. (Petition Ex. L–"Exhibit U Affidavit of Milton Flowers".) Flowers wrote that Appellant was "very small as a child" and that he had a "violent temper." (Id.) He recounted that "[a]t times when he was angry, the other kids would have to catch and hold him until he cooled down." (Id.) Finally, Fannie Whiteside, Appellant's maternal great aunt, was interviewed by Lee. (Petition Ex. L–"Fannie Whiteside".) Lee wrote that Whiteside "was able to give some limited social history on Alluster but because of the age difference and the fact she moved away from Hamilton when she married, very little of significance was offered." (Id.)

21

It is difficult to see how the testimony of older relatives and family friends–who did not live with Appellant and his immediate family–would have altered (or even informed) the three-judge panels' judgment. Several relatives, including Appellant's mother, step-father, brother, and sister, testified on Appellant's behalf. They painted a complete picture of Appellant's upbringing. The only allegation of note in the affidavits and interview notes is Charles Flowers' allegation that Appellant was "always being whipped" by a woman. Flowers, however, does not recount any specific instance when he observed Appellant being abused as a child. Instead, the statement appears to be nothing more than Flowers' speculation. And it is speculation that is not supported by the testimony of any of Appellant's family members, who appeared highly motivated to bring any mitigating evidence to light. Thus, the failure to call Lee to recount interviews of witnesses he had conducted nearly two decades prior to the 2009 sentencing hearing does not constitute ineffective assistance of counsel.

The trial court agreed with this argument, and found that the "testimony of those witnesses [family members that did testify], coupled with the testimony of Dr. Robert Smith, painted a complete picture of Davis' upbringing, as well as Davis' parents' upbringing. Thus, in light of the evidence presented, summaries of the interviews conducted by John Lee * * *would have been cumulative." (T.p. 486, p. 14). Appellant's fifth issue presented should be denied.

6.  *Appellant's Right To Counsel Was Not Violated At The 2009 Sentencing Hearing Due To Counsel's Decision Not To Seek The Recusal Of Judge Nastoff*

Appellant contends that sentencing counsel should have sought Judge Nastoff's recusal. This argument is wholly without merit.

During the 2009 sentencing hearing, counsel called Carol Smith to testify. At the conclusion

22

of her testimony, Judge Nastoff disclosed to the parties, in open court, that he had prosecuted Smith's son, Lahray Thompson. (T.p. 126, 131.) Appellant's sentencing counsel indicated that they were already aware of Judge Nastoff's participation in Thompson's prosecution, and had decided not to seek recusal. (T.p. 132.)

Appellant's claim regarding sentencing counsel's failure to seek Judge Nastoff's recusal could have been raised on direct appeal, but was not. (Appellant's Brief in Butler App. No. CA2009-10-263.) As previously noted, res judicata bars the assertion of claims against a judgment of conviction that could have been raised on direct appeal. *Ketterer*, at ¶ 59. So long as a defendant is represented by new counsel on direct appeal, claims of ineffective assistance are subject to the bar of res judicata. *See, e.g., Cole* at syllabus. The trial transcript clearly shows the nature of the alleged basis for Judge Nastoff's recusal. Thus, nothing outside the record is required in order to adjudicate this claim. Because it could have been litigated on direct appeal, this claim cannot be raised in a petition for postconviction relief.

The trial court agreed with this assertion, and found that "Davis has failed to offer evidence suggesting that he was unable to raise this claim on direct appeal. Because he could have done so, it is barred by *res judicata*." (T.d. 486, p. 15) As such, this issue has no merit.

What is more, even if res judicata did not bar this claim, Appellant's assertions should be denied as being without merit. The Sixth Amendment right to counsel does not require a defense attorney to file a frivolous motion. *See, e.g., State v. Lott*, 51 Ohio St.3d 160, 174 (1990). Appellant has pointed to no authority for the proposition that a judge is barred from presiding over a criminal trial because he previously prosecuted the defendant's sister's son. Indeed, Ohio law does not even require the recusal of a judge when he has previously prosecuted the defendant. In *In re Disqualification of Hedric*, 127 Ohio St.3d 1227, 2009-Ohio-7208, Chief Justice Moyer was asked

23

to disqualify a judge from presiding over a criminal trial in which the defendant was charged with felony OVI. According to the materials presented to the Chief Justice, Judge Hedric had previously prosecuted the defendant for OVI, and the conviction obtained as a result of that prosecution was to be used as a predicate for the new felony charge. Chief Justice Moyer noted that a "judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *Id.* at ¶ 11, quoting *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, ¶ 5.

The result in *Hedric* is consistent with the result of cases from around the country holding that a judge need not recuse himself because he previously prosecuted the defendant. *Del Vecchio v. Illinois Dept. of Corrs.*, 31 F.3d 1363, 1375 (C.A.7 1994)(en banc) ("Prosecuting a defendant in one case is not the kind of action from which we can presume bias or prejudgment in a future case"); *Jenkins v. Bordenkircher*, 611 F.2d 162, 167 (C.A.6 1979)(finding no rule that "it is a denial of due process for a judge to preside over a jury trial in a criminal case where the judge, as a prosecutor, had previously been involved in proceedings against the defendant in entirely unrelated cases"); *People v. Curkendall*, 13 A.D.3d 710, 713, 783 N.Y.2d 707 (2004) (finding "no merit in defendant's contention that he was denied a fair trial by the County Judge's refusal to recuse himself from the case because he had prosecuted defendant 14 years earlier on a similar offense when he was the District Attorney").

Just as in *Hedric*, courts have held that even when the judge previously prosecuted the defendant for a crime that is now being used as either a predicate offense or a sentencing enhancement, recusal is not required. *Johnson v. State*, 274 Ark. 572, 575-76, 626 S.W.2d 947 (1982) (disqualification of judge not required although judge had actively prosecuted defendant in three of the four prior felony convictions relied on for enhancement of punishment); *State v. Zamora*,

24

129 Idaho 817, 818, 933 P.2d 106 (1997) (no disqualification needed where judge prosecuted defendant in prior case that was being used as basis for habitual offender charge); *Dishman v. State*, 525 N.E.2d 284, 285-86 (Ind. 1988) (no disqualification when judge had prosecuted defendant twice previously and prior convictions were the basis of habitual offender charge).

If a judge need not recuse himself because he previously prosecuted a defendant for an offense that would elevate the penalty that judge could impose in a new case, it is difficult to coherently argue that a judge must recuse himself because he previously prosecuted the defendant's sister's son in a completely unrelated case. The failure to seek Judge Nastoff's recusal did not constitute ineffective assistance of counsel, because such a motion would have been patently frivolous. Accordingly, the sixth issue presented for relief should be denied.

7.   *Appellant's Right To Counsel Was Not Violated At The 2009 Sentencing Hearing Because Counsel Allegedly Told Appellant That A Sentence Of Life Without Parole Was Possible.*

Appellant claims that sentencing counsel failed to clearly state that life without parole was not a possible option in his sentencing phase. While the State disagrees, even if this were true, Appellant makes no effort to explain how this was prejudicial.

Appellant cites a trio of cases that stand for the unremarkable proposition that during plea negotiations, a defendant's right to counsel includes being correctly informed of the sentencing implications of the plea and the potential penalties following a trial. *See Smith v. United States*, 348 F.3d 545 (C.A.6 2003) (involving rejection of plea); *Magana v. Hofbauer*, 263 F.2d 542 (C.A.6 2001) (same); *Sparks v. Sowders*, 852 F.2d 882 (C.A.6 1988) (acceptance of plea). But Appellant does not allege that prior to the 2009 sentencing hearing, he accepted or rejected a plea offer based on erroneous advice from counsel. Indeed, Appellant never asserts that a plea offer was ever even

25

made. Thus, even if sentencing counsel did, in fact, misinform Appellant as to the possible outcomes of the 2009 hearing, Appellant is unable to show any prejudice as a result.

What is more, "[t]he only evidence submitted by appellant that supports this ineffective assistance of counsel claim is his own affidavit in which he makes self-serving statements in an attempt to disparage trial counsels' performance." (T.d. 486, p. 16) And, the trial court correctly discounted and rejected this "evidence" because "in general, self-serving affidavits submitted by a defendant in support of his claim for postconviction relief are insufficient to trigger the right to a hearing or to justify granting the petition under R.C. 2953.21." *State v. Isbell*, 12th Dist. App. No. CA2003-06-152, 2004-Ohio-2300; *see also State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983); *State v. Williams*, 74 Ohio App.3d 686, 699, 600 N.E.2d 298 (1991).

A prerequisite of an ineffective assistance claim is prejudice. Appellant has made absolutely no effort to show even the slightest prejudice as a result of sentencing counsel's, allegedly, incorrect advice regarding sentencing options. (See, T.d. 486, p. 16)(trial court finding that Davis "failed to show that he was prejudiced"). Moreover, even if Appellant had been told that life without parole was an option, such information would not have altered Appellant's conduct. The "redacted mitigation write-up" (Petition Ex. H) states that Appellant "would rather be sentenced to death than received LWOP." So even if counsel incorrectly told him that life without parole was possible, Appellant would have taken no action that would have furthered that result. Thus, no prejudice.

Accordingly, this seventh issue presented for relief must be denied.

8.    *Appellant Cannot Litigate Whether He Received Effective Assistance Of Counsel When He Waived His Right To A Trial By Jury In 1984.*

In May 1984, Appellant waived his right to a jury trial. (T.d. 83, 84.) Now, some twenty-

seven years later, Appellant wishes to challenge whether he was afforded effective assistance of counsel in proffering that waiver. This claim is time-barred and may not be considered.

When Appellant was convicted in 1984, R.C. 2953.21 permitted a postconviction relief petition to be filed "at any time" subsequent to the conviction. However, 1995 S.B. 4, which became effective on September 21, 1995 substantially amended the postconviction statutes to provide a 180-day, jurisdictional time limit on the filing of postconviction petitions. Section 3 of S.B. 4 provided:

> A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act ... shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.

Because Appellant was convicted in 1984, the time for filing a postconviction relief petition expired on September 21, 1996. *See State v. Freeman*, 8th Dist. Nos. 73784, 73785, 73786, 73787, 1998 WL 855613 (Dec. 10, 1988). Thus, the instant petition, filed on October 21, 2011 is untimely as to claims arising from the 1984 proceedings.

This Court may therefore entertain Appellant's eighth claim for relief only if "the Appellant shows either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme Court has, since his last petition, recognized a new federal or state right that applies retroactively to the Appellant." R.C. 2953.23; *Freeman*, at *1. Appellant does not even allege the existence of new facts or a new substantive right.

What is more, the trial court in denying this claim found that this Court has held that "Davis' 'habitual challenges' to his jury waiver are barred by res judicata." (T.d. 486, p. 16); see, also, *Davis*, 2011-Ohio-787, ¶¶16-17. The trial court continued citing this Court's precedent that "Davis' jury waiver was made knowingly, voluntarily, and intelligently and that he could have, but failed to, directly challenge his jury waiver in his earliest appeals. *Id.* at ¶¶20, 28." (T.d. 486, p. 16) The trial

27

court thus concluded that this issue was barred by the doctrine of res judicata. (Id.)

This finding is proper, and Appellant's final issue presented as to ineffective assistance of counsel should be denied.

## II.    OHIO'S POSTCONVICTION PROCEDURES ARE CONSTITUTIONAL.

### Issue Presented for Review and Argument:
*The Ohio statutory procedure for postconviction relief constitutes the best method of protecting the constitutional rights of convicted individuals, and, provides a orderly method of hearing such matters. As such, the statutory procedures constitute an adequate corrective process.*

In his second assignment of error, Appellant argues that Ohio's capital sentencing regime is unconstitutional because Ohio's postconviction relief mechanisms are constitutionally inadequate. The State disagrees as this claim is either barred by res judicata or, in the alternative, meritless.

As previously noted, in criminal cases, res judicata bars the litigation of claims that could have been raised on direct appeal. *See Ketterer*, at ¶ 59. This is not a claim that Appellant raised on direct appeal. (Respondent's Ex. 1.) Appellant does not even argue that evidence dehors the record is required to support his claim. Accordingly, it is barred by res judicata.

Even if the claim was not barred, however, it is without legal merit. No court–state or federal–has ever held that Ohio's postconviction relief procedure is constitutionally inadequate. Rather, as this Court found in *State v. Lindsey*, 12th Dist. No. CA2002-02-002, 2003-Ohio-811, ¶¶ 11-13:

> A PCR proceeding is not an appeal of a criminal conviction, but a collateral civil attack on a criminal judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410, 1994-Ohio-111 . PCR petitions are governed by R.C. 2953.21, which states in pertaining part:
> "(A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the constitution of the

28

United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

The Ohio Supreme Court has held that the statutory procedure for postconviction relief constitutes "the best method of protecting constitutional rights of individuals and, at the same time, providing a more orderly method of hearing such matters." *Freeman v. Maxwell* (1965), 4 Ohio St.2d 4, 6, 210 N.E.2d 885. Consequently, we do not share appellant's opinion of the efficacy of the postconviction system. There are instances where postconviction relief is appropriate. See *State v. Wilson*, 73 Ohio St.3d 40, 1995-Ohio-217; *State v. Byrd* (1980), 63 Ohio St.2d 288, 407 N.E.2d 1384; *State v. Cannaday* (Oct. 8, 1991), Franklin App. No. 91AP-474. These cases demonstrate that a petitioner's chance of success depends more on the merit of his claim than on the procedural obstacles he faces. **The statutory procedure for postconviction relief constitutes an adequate corrective process**. Therefore, the third assignment of error is overruled.

(Emphasis added).

The fact that Ohio's procedure is constitutional was pointed out by the trial court as well, when it stated that "the Tenth Appellate District and 'other Ohio appellate court have rejected [the] claim that Ohio's postconviction relief statute does not afford an adequate corrective process.' *State v. Hessler*, 10th Dist. No. 01AP-1011, 2002-Ohio-3321, ¶ 73." (T.d. 486, p. 17).

What is more, while Appellant argues that R.C. 2953.21 is not adequate because it does not provide him the right of discovery, the trial court also properly rejected this argument. The trial court found guidance from the Third District's decision in *State v. Yarbrough*, 3d Dist. No. 17–2000–10, 2001-Ohio-2351. (T.d 486, p. 17). In *Yarborough*, the court found:

Here, the appellant argues that Ohio's postconviction relief process, or R.C. 2953.21, is unconstitutional because it fails to afford the petitioner the power to conduct or perform discovery to determine whether an evidentiary hearing is warranted. We do not agree. The right to file a postconviction relief petition is a statutory right, not a constitutional right. In fact, postconviction state collateral review itself is not a constitutional right, even in capital cases. *State v. Steffen* (1994), 70 Ohio St.3d 399 (citations omitted). More recently, the Ohio Supreme Court has explained:

State collateral review is not itself a constitutional right. * * * Further, a postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment. * * * Therefore, a petitioner receives no more rights than those granted by the statute. *State v. Calhoun* (1999), 86 Ohio St.3d 279,

29

281.
We cannot say that the failure to afford a postconviction relief petitioner discovery during the initial proceeding to determine whether an evidentiary hearing is warranted renders the postconviction relief process unconstitutional. **Ohio case law has affirmatively established that the lack of discovery during the initial stages of the postconviction process does not violate any constitutional rights of the postconviction relief petitioner**. At least one Ohio appellate court has held that the failure to afford a postconviction relief petitioner discovery during the initial proceeding to determine whether an evidentiary hearing is warranted does not render the postconviction relief process unconstitutional. See *State v. La Mar* (Mar. 17, 2000), Lawrence App. No. 98 CA 23, unreported (holding that lack of discovery during the initial stages of the postconviction process is based upon sound logic and does not violate any constitutional rights of the petitioner). We agree and likewise find that the failure to afford a postconviction relief petitioner discovery during the initial proceeding to determine whether an evidentiary hearing is warranted does not render the postconviction relief process unconstitutional. Therefore, we find no merit to the appellant's fifteen claim for relief.

*Id.* at \*11 (emphasis added); *See also, State v. Trimble*, 11th Dist. No.2007–P–0098, 2008–Ohio–6409, at ¶¶ 106-108.

As such, Appellant should have raised his challenge to the adequacy of postconviction relief on direct appeal from his 1984 conviction. He had the opportunity to again do so on appeal from the 2009 sentencing hearing. His failure to do so invokes the bar of res judicata. And, even if his claim was justiciable, it is without merit as this Court and other Ohio appellate courts have patently rejected this argument.[17] Accordingly, the second issue presented for review should be denied.

---

[17] Appellant also meagerly attempts to argue that the Sixth Circuit "has expressed its concerns" regarding Ohio's postconviction remedies. (App. Brief, p. 30) This is not, however, accurate. In *Keener v. Ridenous*, 594 F.2d 581, 590, (C.A.6 1979) the court discussed the interplay of Ohio's postconviction statutes and federal habeas statutes. The court expressed no opinion as to the constitutionality of the procedures employed in Ohio. Instead, the court merely noted that because of the limits on claims that can be reviewed on collateral attack, some claims will be cognizable in federal habeas litigation although they "have never been reviewed by the State courts of Ohio." *Id.*

More recently, the Sixth Circuit has limited the holding in *Keener*, noting that the case only discusses whether a habeas petitioner has exhausted available state remedies. *Coleman v. Mitchell*, 268 F.3d 417, 428-29 (C.A.6 2001). And in *Broom v. Mitchell*, 441 F.3d 392, (C.A.6 2006), the court relied on the limitations in Ohio's postconviction relief statutes to conclude that certain federal claims had been procedurally defaulted.

30

## III. THE TRIAL COURT PROPERLY REJECTED THE NEED FOR A HEARING AND THE ABILITY TO CONDUCT DISCOVERY.

**Issue Presented for Review and Argument:**
*Where a Petitioner cannot demonstrate that substantive grounds for relief exist as to their postconviction petition, the trial court properly denies the both the need for a hearing and the ability to conduct discovery.*

In his final assignment or error, Appellant argues that the trial court erred in denying him a hearing and the ability to conduct discovery. However, as Appellant has not shown that substantive grounds for relief existed as to his petition, the State disagrees.

*1. Evidentiary Hearing*

The Supreme Court of Ohio has recognized that "[i]n postconviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor*, 112 Ohio St.3d 377, 388, 2006-Ohio-6679, ¶ 51, 860 N.E.2d 77. "A petition for postconviction relief does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Lang*, 5th Dist. No. 2009 CA 00187, 2010-Ohio-3975, ¶ 24, citing *State v. Wilhelm*, 5th Dist. No. 05-CA-31, 2006-Ohio-2450, ¶ 10, citing *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980). Rather, one is entitled to postconviction relief only upon a showing of a violation of "constitutional dimension that occurred at the time that the defendant was tried and convicted." *Id.*, citing *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13, 16 (1993). "An appellate court reviewing a trial court's decision in regard to the 'gatekeeping' function in this context" should apply an abuse-of-discretion standard. *Id.*, *see Gondor,* supra, at ¶ 52.

This Court has recently reaffirmed that:

A petitioner seeking postconviction relief is not automatically entitled to an

31

> evidentiary hearing on the petition. In order to obtain such a hearing, the petitioner must show that there are substantive grounds for relief that would warrant a hearing based upon the petition, supporting affidavits, and files and records in the case. Substantive grounds for relief exist where there was such a denial or infringement of the petitioner's constitutional rights so as to render the judgment void or voidable. The burden is on the petitioner to show that the claimed errors resulted in prejudice before a hearing on a postconviction relief petition is warranted.

*Widmer*, 2013-Ohio-62, ¶ 164 (Internal citations omitted).

Thus, as previously argued in said brief, the trial court correctly denied all of Appellant's claims as to his counsels' alleged ineffectiveness. Based upon those correct rulings, Appellant has failed to "show that there are substantive grounds for relief that would warrant a hearing based upon the petition, supporting affidavits, and files and records in the case." *Id*. Thus, the trial court's ruling denying a hearing should be affirmed as it is the proper application of well established law.

2.  *Discovery*

In arguing that the trial court erred in denying discovery, Appellant strings his argument together by stating that he "possesses the same rights as an appellant in a civil case", "the Civil Rules permit liberal discovery", and Ohio's postconviction statute "is silent on the issue of discovery", so the trial court must have erred. (App. Brief., p. 32) Based upon the obvious flaws in this argument, the State disagrees.

In 2010, the Fifth District faced an argument similar to Appellant's and found:

> As noted by this Court in *State v. Sherman* (Oct. 30, 2000), Licking App. No. 00CA39, 2000 WL 1634067, a petition for post-conviction relief is a civil proceeding. See, also, *State v. Milanovich* (1975), 42 Ohio St.2d 46, 49, 325 N.E.2d 540. **However, the procedure to be followed in ruling on such a petition is established by R.C. 2953.21, and the power to conduct and compel discovery under the Civil Rules is not included within the trial court's statutorily defined authority in this realm.** See *State v. Lundgren* (Dec. 18, 1998), Lake App. No. 97-L-110, quoting *State v. Lott* (Nov. 3, 1994), Cuyahoga App.Nos. 66388, 66389, 66390; *State v. Muff*, Perry App. No. 06-CA-13, 2006-Ohio-6215, ¶ 21.
> **Thus, petitioners do not have a right to discovery in PCR proceedings, even in**

32

**death penalty cases**, and we find no merit in appellant's claim that he was
erroneously denied post-conviction discovery in the case sub judice.
*State v. Lang*, 5ᵗʰ Dist. No. 2009 CA 00187, 2010-Ohio-3975, ¶¶ 20-21. (Emphasis added).

The underpinnings that led to the decision in *Lang* are found in the Tenth District's

recognition that:

> **The Supreme Court of Ohio has stated that "there is no requirement of civil
> discovery in post-conviction proceedings."** *State ex rel. Love v. Cuyahoga Cty.
> Prosecutor's Office* (1999), 87 Ohio St.3d 158, 159. In keeping with *Love*, this court
> has specifically stated that a "post-conviction relief petitioner is not entitled to
> discovery to help him or her establish substantive grounds for relief." *State v.
> Gulertekin* (June 8, 2000), Franklin App. No. 99AP-900. See, also, *State v. Williams*,
> Franklin App. No. 05AP-339, 2006-Ohio-2197. Without further addressing the
> reasonableness and feasibility of appellant's wide-ranging discovery requests in this
> case, we find no error on the part of the trial court in denying the discovery request.
> Appellant's second assignment of error is accordingly overruled.

*State v. Conway*, 10ᵗʰ Dist. No. 05AP-550, 2006-Ohio-6219, ¶ 17. (Emphasis added).

The *Williams* court went on to find that "[i]n fact, this court has specifically stated that '[a]

post-conviction relief petitioner is not entitled to discovery to help him or her establish substantive

grounds for relief.'" *Williams*, 2006-Ohio-2197, ¶ 30, quoting *Gulertekin* 10ᵗʰ Dist. No. 99AP-900.

Finally, while this litany of cases should be dispositive of the issue, it must be stated that this

Court itself has previously stated:

> a petitioner for postconviction relief is not entitled to discovery during the initial
> stages of a postconviction proceeding.
> After reviewing Loza's petition and his supporting affidavits, together with the case
> files and records, the trial court determined that Loza's petition did not state
> substantive grounds for relief and dismissed the petition without a hearing. Since
> Loza's petition never proceeded past the initial stages of a postconviction proceeding,
> Loza was not entitled to discovery. Accordingly, the trial court did not err by denying
> Loza's request for discovery and his eighth assignment of error is overruled.

*State v. Loza*, 12ᵗʰ Dist. No. CA96-10-214, 1997 WL 634348, *9, (Oct. 13, 1997) (Internal citations
omitted).

Therefore, following the Ohio Supreme Court's and this Court's decisions, Appellant was

not entitled to discovery as his petition did not state substantive grounds for relief, was dismissed

33

without a hearing, and never proceeded past the initial stages of a postconviction proceeding.

Appellant's third assignment of error should be denied.


## CONCLUSION

For the foregoing reasons, the judgment of conviction should be affirmed.

Respectfully submitted,

**MICHAEL T. GMOSER** (0002132)
Butler County Prosecuting Attorney

**MICHAEL A. OSTER, JR.** (0076491)
**Assistant Prosecuting Attorney**
**Appellate Division**
Government Services Center
315 High Street, 11th Floor
Hamilton, Ohio 45012-0515
Telephone: (513) 785-5204


## PROOF OF SERVICE

This is to certify that copies of the foregoing Brief of Appellee was served upon:
Kort Gatterdam
Erik P. Henry
Carpenter, Lipps & Leland, LLP
280 North High Street, Suite 1300
Columbus, OH 43215

Attorney for Appellant, by ordinary U.S. mail this 3rd day of April, 2013.

**MICHAEL A. OSTER, JR.** (0076491)
**Assistant Prosecuting Attorney**

34

FILED BUTLER CO.
COURT OF COMMON PLEAS

APR 0 3 2013

CLERK OF COURTS

IN THE COURT OF APPEALS
TWELFTH APPELLATE DISTRICT
BUTLER COUNTY, OHIO

STATE OF OHIO,                    :      CASE NO. CA2012-12-0258

     APPELLEE,                           :

FILED BUTLER CO.
COURT OF APP

APR 0 3 2013

v.                                :

CLERK OF COURTS

VON CLARK DAVIS,          :      MOTION TO EXCEED
                                         PAGE LIMITATION
     APPELLANT.                        :

---

     Now comes Appellee, pursuant to Local Rule 11(A)(3), and respectfully requests leave of court to exceed this Court's 20 page per brief limitation. Appellee requests that this Court allow Appellee's Brief to be no longer than **34 pages**. Said page extension is required in order to properly reply to Appellant's 35 page brief.

                  Respectfully submitted,

                  MICHAEL T. GMOSER (0002132)
                  Butler County Prosecuting Attorney

                  MICHAEL A. OSTER, JR. (0076491)
                  Assistant Prosecuting Attorney
                  Chief, Appellate Division
                  Government Services Center
                  315 High Street, 11th Floor
                  Hamilton, Ohio 45012-0515
                  Telephone: (513) 887-3474

OFFICE OF
PROSECUTING ATTORNEY
BUTLER COUNTY, OHIO

GOVERNMENT SERVICES CENTER
315 HIGH ST. - 11TH FLOOR
P.O. BOX 515
HAMILTON, OHIO 45012

<u>PROOF OF SERVICE</u>

This is to certify that copies of the foregoing was served upon:

**Kort Gatterdam** (0040434)
**Erik P. Henry**   (0085155)
Carpenter, Lipps & Leland, LLP
280 North High Street, Suite 1300
Columbus, OH 43215

by ordinary U.S. mail this 3rd day of April, 2013.

MICHAEL A. OSTER, JR. (0076491)
Assistant Prosecuting Attorney

FILED

IN THE COURT OF APPEALS OF BUTLER COUNTY, OHIO

2013 APR -4 PM 2: 50

STATE OF OHIO,                                    CASE NO. CA2012-12-258
                                                  REGULAR CALENDAR
  Appellee,

                          FILED BUTLER CO.
vs.                       COURT OF APPEALS        ENTRY GRANTING MOTION FOR
                                                  EXTENSION OF TIME TO FILE
VON CLARK DAVIS,          APR 0 4 2013            APPELLEE'S BRIEF

  Appellant.              MARY L. SWAIN
                          CLERK OF COURTS


        The above cause is before the court pursuant to a motion filed by counsel for

appellee, the State of Ohio, on March 28, 2013 requesting additional time in

which to file the appellee's brief .

        Upon due consideration of the foregoing, IT IS HEREBY ORDERED that said

motion is GRANTED.  Appellee is granted seven (7) additional days to file the brief to

be due on or before **April 8, 2013.**

        IT IS SO ORDERED.


                                        Bennett A. Manning, Magistrate

THE COURT OF APPEALS FOR BUTLER COUNTY, OHIO

STATE OF OHIO,                    :        CASE NO. CA2012-12-258
                                           REGULAR CALENDAR
  Appellee,

vs.                                        ENTRY GRANTING MOTION TO
                                           EXCEED PAGE LIMITATION
VON CLARK DAVIS,                           FOR APPELLEE'S BRIEF

  Appellant.

FILED BUTLER CO.
COURT OF APPEALS
APR 08 2013
MARY L. SWAIN
CLERK OF COURTS

    The above cause is before the court upon a motion filed by counsel for appellee, the State of Ohio, on April 3, 2013 requesting leave to file the appellee's brief in excess of this court's twenty (20) page limitation as set forth in Loc. App.R. 11(A)(3).

    Upon due consideration of the foregoing, IT IS HEREBY ORDERED that the appellee is GRANTED fourteen (14) additional pages with the brief not to exceed thirty-four (34) pages in length.

    IT IS SO ORDERED.

Bennett A. Manning,
Magistrate



MARY L. SWAIN                    CLERK OF COURTS

1000685107

**VON CLARK DAVIS c/o KORT GATTERDAM**
**CARPENTER LIPPS & LELAND LLP**
**280 PLAZA, SUITE 1300**
**280 NORTH HIGH STREET**
**COLUMBUS, OH 43215**

Date:     April 10, 2013                    Case No.: CA 2012 12 0258
                    VON CLARK DAVIS vs. STATE OF OHIO

**C O P Y   M A I L E D**
**1 2 TH  D I S T R I C T  C O U R T  O F  A P P E A L S,  B U T L E R  C O U N T Y,  O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

**M A R Y   L .   S W A I N**
Butler County Clerk of Courts

*Mary L. Swain*

By: CHRISTINA HOWARD
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

 

MARY L. SWAIN                    CLERK OF COURTS

1000685108

**STATE OF OHIO c/o MICHAEL T GMOSER Prosecutor Butler Co**
**GOVERNMENT SERVICES CENTER**
**315 HIGH ST 11TH FLOOR**
**HAMILTON, OH 45011**

---

Date:    April 10, 2013                    Case No.: CA 2012 12 0258
                    VON CLARK DAVIS vs. STATE OF OHIO

---

### C O P Y   M A I L E D
### 12 TH DISTRICT COURT OF APPEALS, BUTLER COUNTY, OHIO

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: CHRISTINA HOWARD
Deputy Clerk

---

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

---

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

 

MARY L. SWAIN                    CLERK OF COURTS

1000685064

**VON CLARK DAVIS c/o KORT GATTERDAM**
**CARPENTER LIPPS & LELAND LLP**
**280 PLAZA, SUITE 1300**
**280 NORTH HIGH STREET**
**COLUMBUS, OH 43215**

Date:    April 10, 2013                    Case No.: CA 2012 12 0258
                        VON CLARK DAVIS vs. STATE OF OHIO

**C O P Y   M A I L E D**
**1 2 TH  D I S T R I C T   C O U R T   O F  A P P E A L S ,   B U T L E R   C O U N T Y ,   O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

**M A R Y   L .   S W A I N**
Butler County Clerk of Courts

*Mary L. Swain*

By: CHRISTINA HOWARD
Deputy Clerk

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

 

MARY L. SWAIN                    CLERK OF COURTS

1000685065

**STATE OF OHIO  c/o  MICHAEL T GMOSER Prosecutor Butler Co**
**GOVERNMENT SERVICES CENTER**
**315 HIGH ST 11TH FLOOR**
**HAMILTON, OH 45011**

Date:    April 10, 2013                    Case No.: CA 2012 12 0258
                    VON CLARK DAVIS vs. STATE OF OHIO

**C O P Y   M A I L E D**
**12 TH   D I S T R I C T   C O U R T   O F   A P P E A L S ,   B U T L E R   C O U N T Y ,   O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

**MARY L. SWAIN**
Butler County Clerk of Courts

By: CHRISTINA HOWARD
Deputy Clerk

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

FILED BUTLER CO.
COURT OF APPEALS

APR 15 2013

MARY L. SWAIN
CLERK OF COURTS

### IN THE COURT OF APPEALS
### BUTLER COUNTY, OHIO
### TWELFTH APPELLATE DISTRICT

STATE OF OHIO,                    :    C. A. CASE NO. CA 2012 12 0258
                                  :
    Plaintiff-Appellee,       :    C. P. CASE NO. CR 1983 12 0614
                                  :
  v.                            :
                                  :
VON CLARK DAVIS,                  :    Regular Calendar
                                  :
    Defendant-Appellant.      :    Capital Case

---

## REPLY BRIEF OF APPELLANT VON CLARK DAVIS

---

Kort Gatterdam (0040434)
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com
      henry@carpenterlipps.com

COUNSEL FOR APPELLANT

Michael T. Gmoser (0002132)
Butler County Prosecuting Attorney

Michael A. Oster, Jr. (0076491)
Assistant Prosecuting Attorney
Chief, Appellate Division
315 High Street, 11th Floor
Hamilton, Ohio 45011
Telephone: (513) 887-3474
Facsimile: (513) 887-3489
E-mail: Osterm@butlercountyohio.org

COUNSEL FOR APPELLEE

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6875

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................ i

TABLE OF AUTHORITIES ...................................................................................................... iii

REPLY ARGUMENT ................................................................................................................. 1

FIRST ASSIGNMENT OF ERROR: TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 1, 2, 5, 9, 10, 16, AND 20, ARTICLE I OF THE OHIO CONSTITUTION. (Petition to Vacate or Set Aside Sentence Pursuant to R.C. 2953.21; Memorandum in Opposition to Plaintiff-Respondent's Motion to Dismiss or in the Alternative for Summary Judgment; 2009 Mitigation Hearing Transcript Volumes I–III; 9/21/2009 Sentencing Opinion; 11/26/2012 Entry and Order) ................................ 1

1. Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by failing to reasonably investigate and present available, mitigating evidence in the form of prison guards and/or staff regarding Appellant's exemplary prison record. ....................................... 1

2. Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by failing to reasonably investigate and present available, mitigating evidence in the form of documents from Appellant's institutional file regarding Appellant's exemplary prison record. .2

3. Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions through the preparation and decision to call as a witness Cynthia Mausser, the Chair of the Ohio Parole Board. .4

4. Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions through the preparation and decision to call as a witness psychologist, Dr. Robert Smith. ........................................ 6

5. Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by not calling as a witness mitigation specialist/investigator, John Lee, to testify and/or to present exhibits regarding unavailable mitigation witnesses. ................................................................. 8

6. Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by not seeking the removal Judge Andrew Nastoff from the new three-judge panel. ............................................... 9

7. Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by advising Appellant that life without the possibility of parole was a sentencing option at his third sentencing

04/15/2013 14:10          No. : R702                    P. 003/017

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6876

hearing, when in fact because the law in effect at the time of Davis's offense was being applied, life without the possibility of parole was not available..........................9

8. Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by not advising Appellant of the collateral consequence of his waiver of a jury trial. .................................................9

SECOND ASSIGNMENT OF ERROR: APPELLANT'S JUDGMENT AND SENTENCE ARE VOID OR VOIDABLE BECAUSE OHIO'S POST-CONVICTION PROCEDURES DO NOT PROVIDE AN ADEQUATE CORRECTIVE PROCESS, IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, §§ 1, 2, 5, 9, 10, 16, AND 20 OF THE OHIO CONSTITUTION. (Petition to Vacate or Set Aside Sentence Pursuant to R.C. 2953.21; 11/26/2012 Entry and Order)..............................................................................9

Issue Presented for Review: Whether Ohio's post-conviction procedures provide an adequate corrective process in accord with the United States and Ohio Constitutions. ....................................................................................................................10

THIRD ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW APPELLANT TO CONDUCT DISCOVERY OR GRANT AN EVIDENTIARY HEARING IN VIOLATION OF APPELLANT'S RIGHTS UNDER R.C. 2953.21 AND THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION (Petition to Vacate or Set Aside Sentence Pursuant to R.C. 2953.21; Motion for Leave of Court to Conduct Discovery; Reply Memorandum in Support of Motion for Leave to Conduct Discovery; 11/26/2012 Entry and Order)..................................10

Issue Presented for Review: Whether the trial court erred when it refused to allow an evidentiary hearing or discovery in violation of R.C. 2953.21 and the United States Constitution............................................................................................................10

CONCLUSION ....................................................................................................................10

CERTIFICATE OF SERVICE .............................................................................................11

ii

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6877

## TABLE OF AUTHORITIES

**CASES**

*Combs v. Coyle*, 205 F.3d 269 (6th Cir. 2000)..................................................................2, 3, 6

*Davis v. Coyle*, 475 F.3d 761 (6th Cir. 2007)..................................................................1

*Eddings v. Oklahoma*, 455 U.S. 104 (1982)..................................................................2

*Skipper v. South Carolina*, 476 U.S. 1 (1986)..................................................................2, 4, 8

*Strickland v. Washington*, 466 U.S. 668 (1984)..................................................................4

*Wiggins v. Smith*, 539 U.S. 510 (2003)..................................................................2

*Woodson v. North Carolina*, 428 U.S. 280 (1976)..................................................................9

**STATUTES**

R.C. 2929.04..................................................................2, 7

R.C. 2953.21..................................................................10

**CONSTITUTIONAL PROVISIONS**

Ohio Constitution, Article I,
Section 1..................................................................1, 9

Ohio Constitution, Article I,
Section 16..................................................................1, 9

Ohio Constitution, Article I,
Section 2..................................................................1, 9

Ohio Constitution, Article I,
Section 5..................................................................1, 9

Ohio Constitution, Article I,
Section 9..................................................................1, 9

Ohio Constitution, Article I,
Section 10..................................................................1, 9

Ohio Constitution, Article I,
Section 20..................................................................1, 9

04/15/2013 14:11          No. : R702                    P. 005/017

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6878

United States Constitution,
Amendment IX ...................................................................................................................9

United States Constitution,
Amendment VI ..........................................................................................................1, 9, 10

United States Constitution,
Amendment VIII.........................................................................................................1, 9, 10

United States Constitution,
Amendment XIV .........................................................................................................1, 9, 10

United States Constitution,
Amendment V..................................................................................................................1, 9

iv

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6879

## REPLY ARGUMENT

### FIRST ASSIGNMENT OF ERROR

**TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 1, 2, 5, 9, 10, 16, AND 20, ARTICLE I OF THE OHIO CONSTITUTION.**

1. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by failing to reasonably investigate and present available, mitigating evidence in the form of prison guards and/or staff regarding Appellant's exemplary prison record.**

Under the First Assignment of Error, Davis's first two issues presented for review are related, but quite different. The first issue addressed trial counsel's failure to investigate and present available **testimony** from prison guards and/or staff in support of Davis's excellent conduct in prison. The second issue discussed trial counsel's failure to investigate and present available mitigating evidence in the form of documents from Davis's **institutional file**. It is important to understand the distinction and not blur the two issues as the State does in its brief.

The weakness of the State's response to the first issue is obvious. At no point does the State attempt to address the Sixth Circuit's opinion in *Davis v. Coyle*, 475 F.3d 761 (6th Cir. 2007). The Sixth Circuit laid out evidence that existed and was "without doubt . . . **highly relevant** to the single aggravating factor relied upon by the state—that future dangerousness should keep Davis on death row." *Id.* at 773 (emphasis added). The proffered testimony from prison officials was **the** basis for the Sixth Circuit's granting of habeas relief because Davis could not present this evidence to the panel in 1989. Despite this, trial counsel in 2009 inexcusably did not use, or consider using, this evidence to the detriment of Davis.

It strains credibility to suggest trial counsel strategically decided to not use, or even attempt to locate, witnesses whose testimony the Sixth Circuit granted habeas relief over. Trial

1

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6880

counsel cannot make a strategic decision when counsel ignores or refuses to consider helpful mitigation evidence. *See Combs v. Coyle*, 205 F.3d 269, 288 (6th Cir. 2000). Here, trial counsel knew about the Sixth Circuit's opinion and the testimony the court identified, and yet failed to consider, investigate, or utilize the testimony. *See Wiggins v. Smith*, 539 U.S. 510, 525 (2003).

Both the trial court's and the State's "cumulative" argument carry little weight. (Appellee's Brief p.12 – 13, 11/26/2012 Entry and Order p.6). According to the United States Supreme Court, "[t]he sentencer . . . may determine the weight to be given relevant mitigating evidence," but "may not give it no weight by excluding such evidence from their consideration." *Eddings v. Oklahoma*, 455 U.S. 104, 114–15 (1982); *see also Skipper v. South Carolina*, 476 U.S. 1, 4 (1986). This clear constitutional mandate, combined with R.C. 2929.04(C) permitting "great latitude" in presenting mitigation, meant the panel would have been required to consider this "highly relevant" evidence. Given more testimonial evidence, the panel would have found more weight to Davis's good prison behavior. (9/21/2009 Sentencing Opinion p.10).

Counsel's failure to reasonably investigate, prepare and present this mitigating evidence was not a reasonable strategic decision, but rather a dereliction of duty that prejudiced Davis. The Sixth Circuit was not fooled by the State's argument, and this Court should not be either.

2. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by failing to reasonably investigate and present available, mitigating evidence in the form of documents from Appellant's institutional file regarding Appellant's exemplary prison record.**

Davis is not contending the entire unit file should have been introduced, contrary to the State's claim otherwise. (Appellee's Brief p.13). Instead, the documents contained within Exhibit E attached to Davis's petition, which came from the unit file, were documents both undersigned counsel and Davis's expert believed were mitigating and should have been introduced. Contrary to the State's claim (Appellee's Brief p.11), Davis did acknowledge trial

2

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6881

counsel had access to the entire unit file. (Appellant's Brief p.9). That is the point—trial counsel failed to reasonably and competently investigate, prepare, and present available mitigating evidence from within this file, evidence which can now be found in Exhibit E.

The State claims the affidavit of Davis's expert attorney, Diane Menashe, "has zero probative value" because Ms. Menashe did not review all the files of sentencing counsel. (Appellee's Brief p.12). However, Ms. Menashe did have in her possession and did review the "prison records attached to post-conviction petition," among other records. Ex. D, Affidavit of Diane Menashe, ¶6. These prison records exemplified what was in Davis's unit file, documents again trial counsel possessed. Thus, Ms. Menashe's opinion, that she saw no valid strategic reason for not using the evidence considering the importance of demonstrative evidence for the trier of fact, has significant probative value in light of her experience in death penalty cases. *Id.* ¶4, 11. The State fails to explain how other documents in Davis's file could have impacted trial counsel's decision. Therefore, the State's argument has no weight.

The State argues trial counsel made a strategic decision to not introduce the unit file "in its entirety." (Appellee's Brief p.11). Such an argument implies that the person investigated the information and then made a voluntary choice not to use it. *Combs,* 205 F.3d at 288. This did not happen here as Exhibit E demonstrates more than two pages of documentation is needed to accurately and fully depict Davis's 25 years of incarceration. Moreover, it is not a valid strategy to "emphasiz[e] Appellant's role as a family member over his status as an inmate" (Appellee's Brief p.14), but then not introduce all available evidence on Davis's family and upbringing to help explain that aspect of his life. (Appellant's Brief 19–23).

The documents in Exhibit E from the unit file were highly relevant and mitigating, and contained information not covered by the two-page institutional summary. For example, the State

3

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6882

cites how the institutional summary listed the various jobs Davis held. (Appellee's Brief p.14). Within Exhibit E were job evaluations showing Davis's performance with those jobs, thus the documentation within Exhibit E was not duplicative, but in fact would have shown Davis could still be a productive citizen if spared the death penalty. Moreover, it showed Davis's growth, and his ability to comply with rules and to be a peaceful person.

Contrary to the State (Appellee's Brief p.14), the *Strickland* Court noted that only where counsel makes a "thorough investigation of law and facts relevant to plausible options" are strategic decisions "virtually unchallengable." *Strickland v. Washington*, 466 U.S. 668, 690–91 (1984). Counsel did not conduct a thorough investigation as counsel actually possessed highly relevant mitigation evidence, and failed to present it. This evidence was necessary to present for Davis's life to be spared. Considering the constitutional mandate for the trier to consider any relevant mitigating evidence, *Skipper*, 476 U.S. at 4, the failure to present the records prejudiced Davis and deprived him of his constitutional rights.

**3. Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions through the preparation and decision to call as a witness Cynthia Mausser, the Chair of the Ohio Parole Board.**

The State claims this third issue is barred by res judicata. (Appellee's Brief p.15–16). Davis relies on the arguments made in his brief as to why the State is mistaken in this claim. (Appellant's Brief p.14–15). Davis will, however, address the State's contention that Cynthia Mausser's affidavit "is merely descriptive of what is readily apparent from the trial transcript." (Appellee's Brief p.16). This statement is completely untrue as Ms. Mausser's affidavit reveals she never told defense counsel that Davis would never be paroled, contrary to counsel's representations to the panel, and also described testimony she was not permitted to offer Ex. F, Affidavit of Cynthia Mausser, ¶4–5, 8. These conversations and testimony were not part of the record before the panel. Thus, evaluating defense counsel's decision to call Ms. Mausser **must**

4

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6883

be based on what she has said in her affidavit, which constitutes evidence de hors the record.

Regarding the merits, the State proclaims: "Of course, Mausser was unable to predict with accuracy a specific outcome." (Appellee's Brief p.16). The State unwittingly highlights the error here because trial counsel claimed otherwise, telling the panel Ms. Mausser would "testify based upon his prior record, the fact that [Davis] committed the second murder, while he was still on parole from the first murder, that **he will not be paroled**." (Tr. Vol. I., p.36–37 (emphasis added); *see also* Tr. Vol. I, p.38; Vol. II, p.140). Trial counsel performed deficiently and prejudiced Davis when, in a death penalty case, he incorrectly promised the trier a witness will testify to something critical in the case.

The State also claims Ms. Mausser provided the panel "some assurance" that if the panel gave Davis a life sentence, Davis was unlikely to be paroled immediately after the expiration of thirty years. (Appellee's Brief p.16). Ms. Mausser provided **no** such assurance. In fact, to the contrary, she stated she could not predict what would happen at Davis's parole hearing, could not speak for other parole board members and how they would vote, and did not have all the information she needed to even give the panel an idea of how she might vote. (Tr. Vol. II, p.181–84, 188). Further, the State's argument to this Court is disingenuous. At the hearing, the State argued Ms. Mausser's testimony was total speculation and that she gave no assurance Davis would be kept in prison for life. (See State's rebuttal closing, Tr. Vol. III, p.355–63).

The State submits "sentencing counsel elicited from Mausser the best testimony available to them: that if given a life sentence, Appellant would likely not be paroled at his first hearing." (Appellee's Brief p.17). If true that this was the best testimony, then counsel rendered ineffective assistance to call Ms. Mausser as a witness after promising the panel different testimony.

Moreover, contrary to the State (Appellee's Brief p.17), prejudice to Davis did result

5

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6884

from trial counsel's ineffectiveness. The prosecutor emphasized in closing how Ms. Mausser's testimony was total speculation, giving no assurance that Davis would be kept in prison for life. (See State's rebuttal closing, Tr. Vol. III, p.355–63). Furthermore, in its Sentencing Opinion, the panel stated: "Mausser could not, however, state with any certainty if or when Defendant might be paroled if this Court imposed a sentence less than death." (9/21/2009 Sentencing Opinion p.6–7). The panel's statement indicates that Ms. Mausser's testimony was actually persuasive evidence **against him** instead of in his favor, particularly in light of Dr. Robert Smith's testimony. During the sentencing phase of a death penalty case, the evidence offered should be mitigating, not used by the State to justify imposing the death penalty. Trial counsel presented testimony the panel used against Davis, to the obvious prejudice of Davis.

### 4. Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions through the preparation and decision to call as a witness psychologist, Dr. Robert Smith.

The State's argument on this issue misses the point. Dr. Smith was not prepared to address the most critical issue—what happens if Davis is paroled. Had he been sufficiently prepared, he could have assisted in Davis's defense. Instead, he testified to who Davis was over 25 years ago and how Davis's disease is mitigated by being in a structured environment, ignoring the key issue about Davis today and how he might not be in a structured environment.

The State contends Dr. Smith could not have altered his diagnosis. (Appellee's Brief p.19). Nobody asked him to do so. The question is whether trial counsel were ineffective in knowingly presenting harmful testimony. Had trial counsel spent sufficient time with Dr. Smith, they would have learned he could have addressed what would happen if Davis were paroled. Attorneys cannot make strategic decisions when they do not investigate and learn of evidence that would impact those decisions. *Combs*, 205 F.3d at 288.

The State argues that even if Dr. Smith could have testified Davis is a different person, it

6

would have been duplicative of other evidence placed before the Court. (Appellee's Brief p.19). There were no other experts to testify for either side, meaning Dr. Smith's testimony was not duplicative. Not one witness testified, from a psychological perspective, how Davis would likely handle life if paroled again and how the last 25 years prepared him for life on the outside. Again, this was the most critical issue in the case because Davis would have been eligible for parole in approximately 6 years if a 30 to life sentence was imposed. Moreover, presenting an expert in psychological disorders should carry far greater weight than a pen pal who had been writing Davis over the years, as suggested by the State's unconvincing argument.

The State disputes the effect psychological testimony had on the second panel in 1989. (Appellee's Brief p.19). A simple review of the 1989 panel's opinion would have given trial counsel a glimpse of how another panel considered the same psychological evidence, that it was "not of such a nature as would have any great mitigating effect." Ex. K, 8/10/1989 Sentencing Opinion, p.2. Thus, the panel used the psychological evidence against Davis, which trial counsel should have considered here or, at the very least, should have discussed with Dr. Smith so he could provide the testimony given in his affidavit. Ex. I, Affidavit of Dr. Bob Smith.

The State's final point is that Dr. Smith needed to testify for the panel to consider R.C. 2929.04(B)(3), the mental disease or defect mitigating factor. (Appellee's Brief p.20). The State misstates the record. At the final status conference, the defense stated they only wanted the panel to consider R.C. 2929.04(B)(7), the catchall factor. (9/3/2009 Status Conference Transcript, p.8). Neither in opening nor in closing did the defense argue mental disease or defect, and trial counsel never asked the panel to consider the (B)(3) mitigating factor.

A court is under no duty to consider mitigating factors not presented or argued, and if it were a jury trial, should not instruct on factors not presented. To do so could cause the trier of

7

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6886

fact to hold it against the defense for not presenting a certain mitigating factor. The defense is under no duty to present psychologist testimony, and if counsel decides to call said expert, it should not be based on a strategy that only aided the trier of fact in imposing a death sentence.

5. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by not calling as a witness mitigation specialist/investigator, John Lee, to testify and/or to present exhibits regarding unavailable mitigation witnesses.**

The State argues the affidavit evidence at issue in the fifth issue was of little probative value. (Appellee's Brief p.21). The value of this evidence was for the trier of fact, not the State, to decide. Due to trial counsel's failures, the trier of fact never had an opportunity to make that decision. A review of the affidavits, and the information each contained, suggests the State's opinions are off base as fully explained in Davis's Brief. (Appellant's Brief p.20–22).

The State claims the only new allegation of note involved Charles Flowers. (Appellee's Brief p.22). The State suggests since other family members did not testify to the whippings Davis endured, perhaps Charles Flowers was not telling the truth. An alternative explanation is that Charles Flowers was telling the truth and other family members were hiding that fact in an effort to protect family members, or to not appear to have condoned such activity. Charles Flowers's information would have been very important for the trier of fact to hear.

The State fails to realize how Davis's family members were raised ultimately impacted Davis either directly or indirectly. The sum total of the family picture may have been enough to convince even one member of the panel the single aggravating factor did not outweigh the mitigating factors. Defense counsel knew this because they mentioned having John Lee testify, but then inexplicably failed to present the evidence. Counsel provided ineffective assistance by not using readily available mitigation evidence for the panel to consider. *Skipper*, 476 U.S. at 4.

8

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6887

6. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by not seeking the removal Judge Andrew Nastoff from the new three-judge panel.**

The State contends this sixth issue was foreclosed by res judicata. (Appellee's Brief p.23). For the reasons stated in Davis's brief, the State is mistaken. (Appellant's Brief p.24–25).

The State erroneously suggests trial counsel was not required to file a frivolous motion seeking Judge Nastoff's removal. (Appellee Briefs p.23–25). Judges are to avoid even the appearance of impropriety. It was too much to ask the Judge to pretend to know nothing about the Davis family when he had previously asked a jury to impose death on a family member and called a family member of Davis's a liar. Shame on the State for comparing this to a case where a judge prosecuted someone for an OVI. (Appellee's Brief p.24). A man's life is on the line here, mandating more due process, not less. *Woodson v. North Carolina*, 428 U.S. 280 (1976).

7. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by advising Appellant that life without the possibility of parole was a sentencing option at his third sentencing hearing, when in fact because the law in effect at the time of Davis's offense was being applied, life without the possibility of parole was not available.**

Regarding this seventh issue, Davis relies on the arguments submitted in his Brief addressing this issue and how the error prejudiced Davis. (Appellant's Brief p.25–26).

8. **Issue Presented for Review: Whether trial counsel rendered ineffective assistance contrary to the United States and Ohio Constitutions by not advising Appellant of the collateral consequence of his waiver of a jury trial.**

Regarding this eighth issue, Davis relies on the arguments submitted in his Brief addressing this issue and the State's res judicata argument. (Appellant's Brief p.26–28).

## SECOND ASSIGNMENT OF ERROR

**APPELLANT'S JUDGMENT AND SENTENCE ARE VOID OR VOIDABLE BECAUSE OHIO'S POST-CONVICTION PROCEDURES DO NOT PROVIDE AN ADEQUATE CORRECTIVE PROCESS, IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, §§ 1, 2, 5, 9, 10, 16, AND 20 OF THE OHIO CONSTITUTION.**

9

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6888

**Issue Presented for Review: Whether Ohio's post-conviction procedures provide an adequate corrective process in accord with the United States and Ohio Constitutions.**

The State argues this Assignment of Error is barred by res judicata. (Appellee's Brief p.28). The State errs because Davis could not raise this issue on direct appeal. The essence of R.C. 2953.21 is to allow petitioners to file petitions post conviction, so Davis could not challenge those procedures when he had not yet had an opportunity to file a petition.

The State also contends Davis' claim lacks merit. (Appellee's Brief p.28–30). Again, the State is incorrect for the reasons more fully stated in Davis's Brief. (Appellant's Brief p.28–31).

### THIRD ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW APPELLANT TO CONDUCT DISCOVERY OR GRANT AN EVIDENTIARY HEARING IN VIOLATION OF APPELLANT'S RIGHTS UNDER R.C. 2953.21 AND THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.**

**Issue Presented for Review: Whether the trial court erred when it refused to allow an evidentiary hearing or discovery in violation of R.C. 2953.21 and the United States Constitution.**

For the reasons stated in Davis's Brief, the trial court erred in denying Davis the opportunity to conduct discovery. (Appellant's Brief p.31–35).

### CONCLUSION

Davis's Post-Conviction Petition raised constitutional violations that occurred at his sentencing hearing, and was supported by evidence dehors the record that provided sufficient operative facts to warrant relief. Accordingly, Davis asks for reversal and remand for a new sentencing hearing, or, in the alternative, discovery and an evidentiary hearing.

Respectfully submitted,

Kort Gatterdam (0040434)
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300

10

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6889

280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com

COUNSEL FOR DEFENDANT-APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing Reply Brief of Appellant Von Clark

Davis was sent via U.S. Mail on this 15th day of April, 2013, to Michael A. Oster, Jr., Assistant

Butler County Prosecuting Attorney, 315 High Street, 11th Floor, Hamilton, Ohio 45011.

Erik P. Henry

11

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6890

# CARPENTER LIPPS & LELAND LLP

*Attorneys at Law*
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
www.carpenterlipps.com

## Fax Cover Sheet

**DATE:** April 15, 2013

**TO:** Clerk of Court, 12th Appellate District    **FROM:** Erik P. Henry

**FAX:** **(513) 887-3966**    **DIRECT DIAL:** (614) 365-4100

**Pages (including cover sheet):** 17

**Hard Copy (check one):**

| | | | |
|---|---|---|---|
| | Will not be sent | X | Will be mailed |
| | Will be hand delivered | | Will be mailed via overnight express |

Clerk of Court,

Attached please find the Reply Brief of Appellant Von Clark Davis to be filed in Appellate Case No. CA2012-12-0258. The information required by rule is as follows:

    (1) Name of Court – Court of Appeals, Twelfth Appellate District, Butler County, OH
    (2) Case Caption - State of Ohio v. Von Clark Davis
    (3) Case Number – CA2012-12-0258
    (4) Assigned Judge – Panel Unknown
    (5) Name, Address, phone number, fax number, Supreme Court registration number, and email address of attorney submitting fax filing – Erik P. Henry, Carpenter Lipps & Leland LLP, 280 Plaza, Suite 1300, 280 N. High Street, Columbus, Ohio 43215, (614) 365-4100 (Phone), (614) 365-9145 (Facsimile), Ohio Bar 0085155, henry@carpenterlipps.com
    (6) Description of Document – Reply Brief of Appellant Von Clark Davis
    (7) Date of Transmission – 4/15/2013
    (8) Transmitting fax number – (614) 365-9145
    (9) Total Number of pages (including cover sheet) – 17

If I can be of further assistance, do not hesitate to contact me.

Sincerely,

Erik P. Henry

---

## FOR CONFIRMATION OR IF YOU DO NOT RECEIVE LEGIBLE COPIES OF ALL PAGES, PLEASE CALL (614) 365-4100 AS SOON AS POSSIBLE

### CONFIDENTIALITY NOTICE

The documents accompanying this telecopy transmission contain confidential or legally privileged information. The information is intended only for the use of the person(s) named above. If you are not the intended recipient, any disclosure, copying, distribution or taking any action on the contents of the attached information is strictly prohibited. If you received this telecopy in error, please immediately notify us by telephone at the number listed above to arrange for the immediate return of this information.

*Rev. 8/04*

IN THE COURT OF APPEALS
BUTLER COUNTY, OHIO
TWELFTH APPELLATE DISTRICT

STATE OF OHIO,                    :        C. A. CASE NO. CA 2012 12 0258

FILED BUTLER CO.
Plaintiff-Appellee COURT OF APPEALS    C. P. CASE NO. CR 1983 12 0614

v.                           APR 1 7 2013

VON CLARK DAVIS,              MARY L. SWAIN    Regular Calendar
                             CLERK OF COURTS
                                  :

Defendant-Appellant.         :         Capital Case

---

## DEFENDANT-APPELLANT'S MOTION TO CONTINUE ORAL ARGUMENT

---

Now comes Defendant-Appellant Von Clark Davis, through counsel, and respectfully

moves this Court to continue the oral argument in this matter presently scheduled for June 10,

2013. Reasons in support of this request are more fully stated in the attached memorandum in

support.

Respectfully submitted,

Kort Gatterdam (0040434)
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com

COUNSEL FOR DEFENDANT-APPELLANT

04/17/2013 10:56          No. : R815                    P. 002/008

## MEMORANDUM IN SUPPORT

Defendant-Appellant Von Clark Davis (Davis) is appealing from the trial court's decision denying his post-conviction petition. On February 19, 2013, Davis filed his Brief, with the State responding with their Brief on April 3, 2013. On April 15, 2013, Davis filed his Reply Brief. This matter is now scheduled for oral argument on June 10, 2013. For the following reasons, Davis respectfully requests a continuance of the oral argument.

Prior to obtaining this Court's notice, undersigned counsel was previously scheduled to be in trial on June 10, 2013, in the Franklin County Court of Common Pleas in the case of State v. Dequann Greathouse. This is an aggravated murder case. As indicated by the attached Entry, Judge Laurel Beatty from Franklin County has indicated no additional continuances will be granted in that case. The trial is expected to take one to two weeks to complete.

For this reason, Davis respectfully requests a continuance of the oral argument. A proposed Entry is attached.

Respectfully submitted,

Kort Gatterdam (0040434)
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com

COUNSEL FOR DEFENDANT-APPELLANT

2

04/17/2013 10:56          No. : R815                    P. 003/008

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing Motion to Continue Oral Argument was sent via facsimile on this 17 day of April, 2013, to Michael A. Oster, Jr., Assistant Butler County Prosecuting Attorney, 315 High Street, 11th Floor, Hamilton, Ohio 45011.

Kort Gatterdam

050-384-350149

3

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6894

58184 - K90

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO
CRIMINAL DIVISION

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO
2013 MAR 15  AM 8: 23
CLERK OF COURTS

STATE OF OHIO,                    :

      Plaintiff,             :        CASE NO. 12 CR 2142

      v.                    :        JUDGE BEATTY

DEQUANN GREATHOUSE,               :

      Defendant.             :

---

### NOTICE OF SUBSTITUTION OF COUNSEL

Now comes Kort Gatterdam of Carpenter Lipps & Leland LLP, and hereby provides
notice of a substitution of counsel in that Mr. Gatterdam has been retained to represent the
Defendant in the above-named case.  As such, Mr. Gatterdam will appear in place of Jeffrey M.
Basnett.

Respectfully submitted,

Kort Gatterdam (0040434)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com

COUNSEL FOR DEFENDANT

04/17/2013 10:57          No. : R815                    P. 005/008

58184 - K91

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing Notice of Substitution of Counsel was

served on March / 5 , 2013, *via* hand delivery, upon:

James L. Lowe
Jason P. Manning
Assistant Prosecuting Attorneys
Franklin County Prosecutor's Office
373 South High Street, 14th Floor
Columbus, Ohio 43215

and via U.S. Mail upon:

Jeffrey M. Basnett
Jeffrey M. Basnett Co. LPA
PO Box 83261
Columbus, Ohio 43203-0261

_____
Kort Gatterdam

050-575-346352

2

04/17/2013 10:57          No. : R815                    P. 006/008

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6896

58206 – C93

IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

State of Ohio,                      :

        Plaintiff,          :    Case No.   12CR-634

                     :                 12CR-2142

      vs.                     :                12CR-2143

Ronrecus Greathouse and,   :    Judge Beatty
Dequann Greathouse

        :

        Defendant.          :

## NOTICE OF SCHEULED PRE-TRIAL AND TRIAL DATES

TO ALL COUNSEL:

    The above-referenced case will come before the Court for a Pre-Trial Conference on the 7th day of May 2013 at 8:30 a.m.  The trial has been scheduled for June 10th, 2013 at 9:00 a.m. No additional continuances will be granted.

    If you are aware of any parties not notified herein, please contact my secretary at 614-525-6288.

                             3-20-13
                        Laurel A. Beatty, Judge

Copies to:

James Lowe
Prosecuting Attorney's Office
373 S. High Street, 14th Floor
Columbus, OH  43215

Zachary Olah
Franklin County Public Defender
373 South High Street, 12th Floor
Columbus, Ohio 43215

CLERK OF COURTS
2013 APR -8 PM 4:05
COMMON PLEAS COURT
FRANKLIN CO. OHIO

04/17/2013 10:57       No. : R815           P. 007/008

IN THE COURT OF APPEALS
BUTLER COUNTY, OHIO
TWELFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | C. A. CASE NO. CA 2012 12 0258 |
| | : | |
| Plaintiff-Appellee, | : | C. P. CASE NO. CR 1983 12 0614 |
| | : | |
| v. | : | |
| | : | |
| VON CLARK DAVIS, | : | Regular Calendar |
| | : | |
| Defendant-Appellant. | : | Capital Case |

## ENTRY GRANTING MOTION TO CONTINUE ORAL ARGUMENT

The above cause is before the court upon Appellant's Motion to Continue Oral Argument.

For good cause shown, the Court hereby grants Appellant's motion. Oral argument is hereby

continued from June 10, 2013, to _____.

IT IS SO ORDERED.

_____

_____

_____

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6898

# CARPENTER LIPPS & LELAND LLP

*Attorneys at Law*
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
www.carpenterlipps.com

## Fax Cover Sheet

**DATE:** April 17, 2013

| | | | |
|---|---|---|---|
| **TO:** | Clerk of Court, 12th Appellate District | **FROM:** | Kort W. Gatterdam |
| **FAX:** | **(513) 887-3966** | **DIRECT DIAL:** | (614) 365-4100 |

**Pages (including cover sheet):** 8

**Hard Copy (check one):**

| | | |
|---|---|---|
| **X** | Will not be sent | Will be mailed |
| | Will be hand delivered | Will be mailed via overnight express |

Clerk of Court,

Attached please find the Defendant-Appellant's Motion To Continue Oral Argument to be filed in Appellate Case No. CA2012-12-0258. The information required by rule is as follows:

(1) Name of Court – Court of Appeals, Twelfth Appellate District, Butler County, OH
(2) Case Caption - State of Ohio v. Von Clark Davis
(3) Case Number – CA2012-12-0258
(4) Assigned Judge – Panel Unknown
(5) Name, Address, phone number, fax number, Supreme Court registration number, and email address of attorney submitting fax filing – Kort W. Gatterdam, Carpenter Lipps & Leland LLP, 280 Plaza, Suite 1300, 280 N. High Street, Columbus, Ohio 43215, (614) 365-4100 (Phone), (614) 365-9145 (Facsimile), Ohio Bar 0040434, Gatterdam@carpenterlipps.com
(6) Description of Document – Defendant-Appellant's Motion To Continue Oral Argument
(7) Date of Transmission – 4/17/13
(8) Transmitting fax number – (614) 365-9145
(9) Total Number of pages (including cover sheet) – 8

If I can be of further assistance, do not hesitate to contact me.

Sincerely,

Kort Gatterdam

---

## FOR CONFIRMATION OR IF YOU DO NOT RECEIVE LEGIBLE COPIES OF ALL PAGES, PLEASE CALL (614) 365-4100 AS SOON AS POSSIBLE

### CONFIDENTIALITY NOTICE

The documents accompanying this telecopy transmission contain confidential or legally privileged information. The information is intended only for the use of the person(s) named above. If you are not the intended recipient, any disclosure, copying, distribution or taking any action on the contents of the attached information is strictly prohibited. If you received this telecopy in error, please immediately notify us by telephone at the number listed above to arrange for the immediate return of this information.

*Rev. 8/04*

04/17/2013 10:56      No. : R815      P. 001/008

IN THE COURT OF APPEALS FOR BUTLER COUNTY, OHIO

2013 APR 25 PM 2: 20

STATE OF OHIO,

  Appellee,

vs.

VON CLARK DAVIS,

  Appellant.

CASE NO. CA2012-12-258
REGULAR CALENDAR

FILED BUTLER CO.
COURT OF APPEALS

APR 25 2013

MARY L SWAIN
CLERK OF COURTS

<u>ENTRY GRANTING MOTION
FOR CONTINUANCE OF
ORAL ARGUMENT</u>

    The above cause is before the court pursuant to a motion for continuance of oral argument filed by counsel for appellant, Von Clark Davis, on April 17, 2013.

    Upon due consideration of the foregoing, said motion is hereby GRANTED. The parties will be notified when the oral argument is rescheduled.

    IT IS SO ORDERED.

Bennett A. Manning
Magistrate

 

**MARY L. SWAIN**                                    **CLERK OF COURTS**

1000687642

**VON CLARK DAVIS  c/o  KORT GATTERDAM**
**CARPENTER LIPPS & LELAND LLP**
**280 PLAZA, SUITE 1300**
**280 NORTH HIGH STREET**
**COLUMBUS, OH 43215**

Date:     April 29, 2013                    Case No.: CA 2012 12 0258
                     VON CLARK DAVIS vs. STATE OF OHIO

**C O P Y   M A I L E D**
**1 2 TH  D I S T R I C T  C O U R T  O F  A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

**MARY L. SWAIN**
Butler County Clerk of Courts

*Mary L. Swain*

By: Jody Whisman Miller
Deputy Clerk

 

MARY L. SWAIN                    CLERK OF COURTS

1000687643

**STATE OF OHIO c/o MICHAEL T GMOSER Prosecutor Butler Co**
**GOVERNMENT SERVICES CENTER**
**315 HIGH ST 11TH FLOOR**
**HAMILTON, OH 45011**

Date:    April 29, 2013                    Case No.: CA 2012 12 0258
                    VON CLARK DAVIS vs. STATE OF OHIO

**C O P Y   M A I L E D**
**1 2 TH  D I S T R I C T  C O U R T  O F  A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above
captioned case.

**MARY L. SWAIN**
Butler County Clerk of Courts

By: Jody Whisman Miller
Deputy Clerk

GOVERNMENT SERVICES CENTER ● 315 HIGH STREET ● SUITE 550 ● HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6902

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :      CASE NO. CA2012-12-258

                                     :      JUDGMENT ENTRY

- vs -                                  :

                                     :

VON CLARK DAVIS,                        :

    Defendant-Appellant.             :

        The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

        It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.

    Costs to be taxed in compliance with App.R. 24.

_____
Robert A. Hendrickson, Presiding Judge

_____
Stephen W. Powell, Judge

_____
Robert P. Ringland, Judge

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :

    - vs -                              :

VON CLARK DAVIS,                        :

    Defendant-Appellant.                :

CASE NO. CA2012-12-258

O P I N I O N
9/9/2013

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR1983-12-0614

Michael T. Gmoser, Butler County Prosecuting Attorney, Government Services Center, Michael A. Oster, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Carpenter Lipps & Leland, LLP, Kort Gatterdam and Erik P. Henry, 280 North High Street, Suite 1300, Columbus, Ohio 43215, for defendant-appellant

**S. POWELL, J.**

{¶ 1}   Appellant, Von Clark Davis, appeals from the Butler County Court of Common Pleas decision dismissing his most recent petition for postconviction relief without first holding an evidentiary hearing or permitting him to conduct discovery.  For the reasons outlined below, we affirm.

{¶ 2}   In 1971, Davis was sentenced to life imprisonment after he pled guilty to

second-degree murder in connection with the stabbing death of his estranged wife, Ernestine Davis. In 1983, after being released on parole, Davis shot and killed his estranged girlfriend, Suzette Butler. Butler died as a result of multiple gunshot wounds to the head. Two eyewitnesses identified Davis as the shooter. The following year, Davis was found guilty of aggravated murder by a three-judge panel and sentenced to death.

{¶ 3} This court affirmed Davis' conviction and sentence in *State v. Davis*, 12th Dist. Butler No. CA84-06-071, 1986 WL 5989 (May 27, 1986). However, although affirming his conviction on appeal, the Ohio Supreme Court vacated Davis' death sentence in *State v. Davis*, 38 Ohio St.3d 361 (1988), and remanded the matter to the trial court for resentencing. On remand, the three-judge panel once again imposed the death penalty. This court affirmed the panel's decision to resentence Davis to death in *State v. Davis*, 12th Dist. Butler No. CA89-09-123, 1990 WL 165137 (Oct. 29, 1990). The Ohio Supreme Court affirmed that decision in *State v. Davis*, 63 Ohio St.3d 44 (1992).

{¶ 4} On October 8, 1993, Davis filed a petition for postconviction relief requesting the court to vacate or set aside his convictions and sentences in both the 1983 murder of Suzette Butler and the 1971 murder of Ernestine Davis. After holding a hearing on the matter, the trial court dismissed the petition. This court affirmed the trial court's decision dismissing the petition in *State v. Davis*, 12th Dist. Butler No. CA95-07-124, 1996 WL 551432 (Sept. 30, 1996). The Ohio Supreme Court subsequently declined review in *State v. Davis*, 77 Ohio St.3d 1520 (1997). This court later denied Davis' motion to reopen his appeal, a decision the Ohio Supreme Court affirmed in *State v. Davis*, 86 Ohio St.3d 212 (1999).

{¶ 5} In 2001, after exhausting the state appellate process, Davis filed a petition for a writ of habeas corpus in the United States District Court for the Southern District of Ohio. The district court denied the petition in *Davis v. Bagley*, S.D.Ohio No. C-1-97-402, 2002 WL 193579 (Jan. 17, 2002). However, in *Davis v. Coyle*, 475 F.3d 761 (6th Cir.2007), the Sixth

- 2 -

Circuit Court of Appeals reversed and remanded the matter to the trial court with instructions that a three-judge panel conduct a third sentencing hearing. *Id.* at 774-775. In so holding, the Sixth Circuit determined the previous three-judge panel erred by improperly precluding Davis from introducing any evidence of his good behavior while on death row. *Id.* at 772. On December 19, 2007, the trial court granted Davis' request for a third sentencing hearing in compliance with the Sixth Circuit's mandate.

{¶ 6}   A third sentencing hearing was subsequently held on September 8 through September 10, 2009, with Judge Andrew Nastoff presiding. Over the course of the two-day hearing, Davis provided extensive evidence and testimony from, among others, Scott Nowak, Davis' current prison case manager, Cynthia Mausser, the Chairperson of the Ohio Parole Board, and Jeremy Stineman, a volunteer who conducted Alcoholics Anonymous meetings with death row inmates, including Davis. The three-judge panel also heard testimony from Davis' mother, Alluster Tipton, step-father, Charles Tipton, younger sister, Carol Smith, younger brother, Victor Davis, daughter, Sherry Davis, and two friends, Rick Rotundo and Fran Welland. Following this hearing, the three-judge panel once again sentenced Davis to death. This court affirmed Davis' death sentence in *State v. Davis*, 12th Dist. Butler No. CA2009-10-263, 2011-Ohio-787. Davis' appeal from that decision is still pending before the Ohio Supreme Court in Case No. 2011-0538.

{¶ 7}   On October 21, 2011, Davis filed his most recent petition for postconviction relief, as well as a request for an evidentiary hearing and leave of court to conduct discovery. In a decision issued on November 26, 2012, the trial court dismissed Davis' postconviction relief petition without first holding a hearing after finding Davis failed to establish any substantive grounds for relief. Davis now appeals from the trial court's decision, raising three assignments of error for review.

{¶ 8}   Assignment of Error No. 1:

- 3 -

{¶ 9}   TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 1, 2, 5, 9, 10, 16, AND 20, ARTICLE I OF THE OHIO CONSTITUTION.

{¶ 10}   In his first assignment of error, Davis claims the trial court erred in denying his petition for postconviction relief because he received ineffective assistance of counsel during his initial trial, as well as during his third sentencing hearing. We disagree.

{¶ 11}   Petitions for postconviction relief are governed by R.C. 2953.21, which states, in pertinent part:

> (A)(1) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

{¶ 12}   A postconviction proceeding is not an appeal of a criminal conviction, but a collateral civil attack on a criminal judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999); *State v. Bell*, 12th Dist. Butler No. CA2001-08-197, 2002-Ohio-1341, ¶ 5. A trial court properly denies a postconviction relief petition without a hearing if the supporting affidavits, the documentary evidence, the files, and the records of the case do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8.

{¶ 13}   In a postconviction petition asserting ineffective assistance of counsel, such as the case here, the petitioner must first show that "his trial counsel's performance was deficient; and second, that the deficient performance prejudiced the defense to the point of

- 4 -

depriving the appellant of a fair trial." *State v. Widmer*, 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶ 132. A trial counsel's performance will not be deemed ineffective unless the petitioner demonstrates that "counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, were it not for counsel's errors, the result of the proceeding would have been different." *State v. Ullman*, 12th Dist. Warren No. CA2002-10-110, 2003-Ohio-4003, ¶ 43; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). A petitioner's failure to satisfy either prong is fatal to an ineffective assistance of counsel claim. *State v. Ayers*, 12th Dist. Warren Nos. CA2010-12-119 and CA2010-12-120, 2011-Ohio-4719, ¶ 49; *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶ 14} A trial court's decision resolving a postconviction claim of ineffective assistance of counsel "will be upheld absent an abuse of discretion when the trial court's finding is supported by competent and credible evidence." *Widmer*, 2013-Ohio-62 at ¶ 133. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34; *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 15} Davis argues several reasons why he believes he received ineffective assistance of counsel. Initially, Davis argues he received ineffective assistance of counsel during his third sentencing hearing when counsel allegedly failed to investigate and present mitigating evidence regarding his "exemplary prison record." Specifically, Davis claims that he received ineffective assistance of counsel when he was "never asked by his attorneys for names of other guards, caseworkers, or other prison personnel" who could have testified favorably on his behalf.

{¶ 16} However, contrary to his claims otherwise, Davis explicitly states as part of his

- 5 -

submitted affidavit that he "discussed with my attorneys all my certificates, job evaluations, good conduct as well as guards and case managers that have seen me in prison since 1984." In addition, Davis readily admits that his counsel did call Scott Nowak, Davis' current prison case manager, and Jerome Stineman, a volunteer who, for several years, conducted Alcoholic Anonymous meetings with Davis on death row. As pertinent here, Stineman testified that Davis regularly attended Alcoholics Anonymous meetings where he was an active participant. Nowak also specifically testified as to Davis' good behavior and noted Davis' position in the "extended privilege unit" or "honor block."

{¶ 17} Counsel also introduced an institutional summary of Davis' work history indicating he had been employed in five different capacities while in prison, as well as his successful participation in programs teaching stress management, anger management, positive thinking, and meetings for military veterans. The institutional summary also noted Davis' good behavior while on death row as he had only been involved in one instance of misconduct occurring in 1990 since being placed back in prison in 1984.

{¶ 18} After a thorough review of the record, we find the evidence presented at Davis' third sentencing hearing demonstrates his strong work ethic, good behavior, and trustworthiness while in prison. In turn, we agree with the trial court's decision finding any additional testimony regarding his "exemplary prison record" would have been cumulative. Nevertheless, Davis claims that providing "the details would have saved his life." However, such a claim is purely speculative and is otherwise not supported by the record.

{¶ 19} Furthermore, relying on the Sixth Circuit's decision in *Coyle*, Davis also argues that counsel was ineffective for failing to provide testimony from three Department of Corrections employees: Oscar McGraw, the death row unit manager, Herb Wendler, Davis' former prison case manager, and some third unnamed party, who could have offered information regarding Davis' behavior while on death row following his 1984 conviction and

- 6 -

1989 resentencing hearing. According to the Sixth Circuit:

> Although there could conceivably be some question about the relevance of such evidence in the abstract, the record in this case establishes without doubt that it was highly relevant to the single aggravating factor relied upon by the state – that future dangerousness should keep Davis on death row.

*Id.*, 475 F.3d at 773.

{¶ 20} However, as the state aptly recognizes, the Sixth Circuit's decision in *Coyle* did not hold the testimony from these three specific individuals must be introduced. Rather, the Sixth Circuit merely found the three-judge panel erred by improperly precluding Davis from introducing *any evidence* of his good behavior while on death row contrary to the United States Supreme Court's decision in *Skipper v. South Carolina*, 476 U.S.1, 106 S.Ct. 1669 (1986). *See Id.* at 772.

{¶ 21} As noted above, Davis provided the testimony of Nowak, Davis' current prison case manager, and Stineman, a volunteer who conducted Alcoholic Anonymous meetings with Davis. Both provided extensive testimony regarding Davis' behavior on death row, including, but not limited to, Davis' position in the "extended privilege unit" or "honor block." Counsel also introduced an institutional summary of Davis' work history, his successful participation in a variety of prison programs, and his single instance of misconduct. Contrary to Davis' claim otherwise, we find this evidence more than sufficient to combat the state's claims regarding Davis' future dangerousness that the Sixth Circuit deemed "highly relevant" upon resentencing.

{¶ 22} Moreover, it is well-established that counsel's "decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court." *State v. Johnson*, 12th Dist. Butler No. CA2011-09-169, 2013-Ohio-856, ¶ 32; *State v. Hanna*, 95 Ohio St.3d 285, 2002-Ohio-2221, ¶ 118. As this court has consistently stated, even debatable trial tactics and strategies do not constitute ineffective assistance of counsel.

- 7 -

*State v. Grinstead*, 194 Ohio App.3d 755, 2011-Ohio-3018, ¶ 41 (12th Dist.); *State v. Bai*, 12th Dist. Butler No. CA2010-05-016, 2011-Ohio-2206, ¶ 136; *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 101. Because this court will not second-guess counsel's decisions, we find no merit to Davis' claim that he received ineffective assistance of counsel due to their strategic decision not to call these additional witnesses at his third sentencing hearing.

{¶ 23} Davis next argues he received ineffective assistance of counsel during his third sentencing hearing when counsel allegedly failed to investigate and present mitigating evidence from his unit file regarding his "exemplary prison record," opting instead to present only the institutional summary. However, as noted above, and as the trial court explicitly found, the institutional summary conveyed the substance of the entire unit file; namely, that Davis was a well-behaved and hard-working prisoner who took advantage of the self-help and education opportunities available to him in prison. Rather than potentially inundating the panel with the entire unit file, counsel made the sound and strategic decision to distill the mitigating portions of his unit file into a summary. Again, "reviewing courts must refrain from second-guessing the strategic decisions of trial counsel." *State v. Hendrix*, 12th Dist. Butler No. CA2000-03-054, 2001 WL 1078976, *2 (Sept. 17, 2001). Therefore, we find counsel's decision to submit the institutional summary, as opposed to Davis' entire unit file, did not amount to ineffective assistance of counsel.

{¶ 24} Next, Davis argues he received ineffective assistance of counsel during his third sentencing hearing when counsel made the decision to call Cynthia Mausser, the Chair of the Ohio Parole Board, as well as Dr. Robert Smith, a clinical psychologist, as witnesses on his behalf. Davis also argues that counsel was ineffective in failing to call John Lee, a mitigation specialist and investigator. However, as stated previously, the "decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a

- 8 -

reviewing court." *Johnson*, 2013-Ohio-856 at ¶ 32; *Hanna*, 2002-Ohio-2221 at ¶ 118.

{¶ 25} Furthermore, although Davis takes exception to the questioning of Mausser and Dr. Smith, we will not question counsel's strategic decision to engage, or not engage, in a particular line of questioning as these decisions are presumed to be the product of sound trial strategy. Again, this court "is not permitted to use the benefit of hindsight to second-guess the strategies of trial counsel." *State v. Walker*, 12th Dist. Fayette No. CA2009-02-002, 2010-Ohio-329, ¶ 23. "[T]he fact that the trial strategy was ultimately unsuccessful or that there was another possible and better strategy available does not amount to ineffective assistance of counsel." *State v. Murphy*, 12th Dist. Butler No. CA2009-05-128, 2009-Ohio-6745, ¶ 43. Therefore, we find counsel's decision whether to call Mausser, Smith and Lee as witnesses at his third sentencing hearing does not amount to ineffective assistance of counsel.

{¶ 26} Davis next argues that he received ineffective assistance of counsel during his third sentencing hearing when counsel failed to seek removal of Judge Nastoff from the three-judge panel.[1] Judge Nastoff had previously been part of a prosecution team against Lahray Thompson, Davis' nephew, wherein Thompson was sentenced to death after also being convicted of aggravated murder. Yet, at his third sentencing hearing, Davis' counsel explicitly stated that they were aware of Judge Nastoff's prior participation in Thompson's prosecution, but chose not to seek recusal. "[T]he decision not to seek recusal of the judge can only be viewed as strategic and will not form the basis of an ineffective counsel claim." *State v. Nuhfer*, 6th Dist. Lucas No. L-07-1125, 2009-Ohio-1474, ¶ 22. This is particularly true in this case considering counsel's direct knowledge of Judge Nastoff's prior participation in Thompson's prosecution. *See generally State v. Morgan*, 10th Dist. Franklin No. 12AP-

---

1. The Ohio Supreme Court denied Davis' request to disqualify Judge Nastoff from ruling on his petition for postconviction relief at issue here in *In re Disqualification of Nastoff*, 134 Ohio St.3d 1232, 2012-Ohio-6339.

241, 2012-Ohio-5773, ¶ 24 (finding no ineffective assistance of counsel in failing to move for recusal of trial court judge resulting from his involvement in previous prosecution of appellant in 1991 rape and kidnapping case). Therefore, we find counsel's decision not to seek recusal of Judge Nastoff from the three-judge panel does not amount to ineffective assistance of counsel.

{¶ 27} Davis also argues that he received ineffective assistance during his third sentencing hearing when counsel allegedly told him he was eligible for a life sentence without the possibility of parole. However, as the trial court correctly found, the only evidence in support of this assertion comes from Davis' own self-serving affidavit. "[T]his evidence by itself is insufficient to mandate a hearing or to justify granting the petition for postconviction relief." *State v. Isbell*, 12th Dist. Butler No. CA2003-06-152, 2004-Ohio-2300, ¶ 14, citing *State v. Kapper*, 5 Ohio St.3d 36, 38 (1983); *State v. Williams*, 74 Ohio App.3d 686, 699 (8th Dist.1991); *see also State v. Richards*, 12th Dist. Clermont No. CA97-06-059, 1997 WL 779084, *2 (Dec. 15, 1997) (stating "[s]elf-serving affidavits submitted by a petitioner in support of a claim for postconviction relief are insufficient to trigger the right to a hearing or to justify granting the petition under R.C. 2953.21").

{¶ 28} Moreover, even if counsel did mistakenly inform Davis that he was eligible to be sentenced to life without the possibility of parole, Davis cannot claim any resulting prejudice as the record clearly indicates he preferred to be sentenced to death when confronted with the potential life sentence without the possibility of parole. In fact, in an interview conducted on July 7, 2009, Davis specifically stated that he "would rather go to Lucasville" than be sentenced to life in prison without the possibility of parole.[2] Therefore, we find Davis' claim lacks merit and does not amount to ineffective assistance of counsel.

---

2. In Ohio, executions take place at the Southern Ohio Correctional Facility located in Lucasville.

{¶ 29} Finally, Davis argues that he received ineffective assistance from his original trial counsel when they failed to advise "him of the collateral consequence of his waiver of a jury trial." However, as this court has previously determined, Davis' habitual challenges regarding his jury waiver are barred by the doctrine of res judicata. As this court explicitly stated in *State v. Davis*, 12th Dist. Butler No. CA2009-10-263, 2011-Ohio-787:

> A review of Davis' earliest appeals reveals that he failed to directly challenge his jury waiver. Because he could have challenged his jury waiver on due process or other grounds within his first two appeals, the doctrine of res judicata applies to his current challenge.

*Id.* at ¶ 20.

{¶ 30} The same rationale applies here. It is well-established that a trial court may dismiss a postconviction relief petition on the basis of the doctrine of res judicata. *State v. Schroyer*, 12th Dist. Clermont No. CA2005-05-032, 2006-Ohio-1782, ¶ 20. Therefore, Davis' claims that he was subject to ineffective assistance of counsel regarding his jury waiver are now barred. *See State v. Lindsey*, 12th Dist. Brown No. CA2002-02-002, 2003-Ohio-811, ¶ 23.

{¶ 31} In light of the foregoing, because Davis failed to set forth sufficient operative facts to establish substantive grounds for relief, we find the trial court did not abuse its discretion in dismissing Davis' petition for postconviction relief. Accordingly, Davis' first assignment of error is overruled.

{¶ 32} Assignment of Error No. 2:

{¶ 33} APPELLANT'S JUDGMENT AND SENTENCE ARE VOID OR VOIDABLE BECAUSE OHIO'S POST-CONVICTION PROCEDURES DO NOT PROVIDE AN ADEQUATE CORRECTIVE PROCESS, IN VIOLATION OF THE FIFTH, SIXTH, EIGHTH, NINTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, §§ 1, 2, 5, 9, 10, 16, AND 20 OF THE OHIO CONSTITUTION.

- 11 -

{¶ 34} In his second assignment of error, Davis argues that Ohio's statutory scheme providing for postconviction relief is unconstitutional because it does not "provide an adequate corrective process." However, this court has already determined that "[t]he statutory procedure for postconviction relief constitutes an adequate corrective process." *Lindsey*, 2003-Ohio-811 at ¶ 13; *State v. Goff*, 12th Dist. Clinton No. CA2000-05-014, 2001 WL 208845, *9 (Mar. 5, 2001); *see also State v. Lawson*, 12th Dist. Clermont No. CA2011-07-056, 2012-Ohio-548, ¶ 26. Other districts have held the same. *See State v. Trimble*, 11th Dist. Portage No. 2007-P-0098, 2008-Ohio-6409, ¶ 108; *State v. Frazier*, 6th Dist. Lucas No. L-07-1388, 2008-Ohio-5027, ¶ 70; *State v. Elmore*, 5th Dist. Licking No. 2005-CA-32, 2005-Ohio-5940, ¶ 143-149; *State v. Hessler*, 10th Dist. Franklin No. 01AP-1011, 2002-Ohio-3321, ¶ 73. We see no reason to deviate from this prior precedent. Accordingly, Davis' second assignment of error is without merit and overruled.

{¶ 35} Assignment of Error No. 3:

{¶ 36} THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW APPELLANT TO CONDUCT DISCOVERY OR GRANT AN EVIDENTIARY HEARING IN VIOLATION OF APPELLANT'S RIGHTS UNDER R.C. 2953.21 AND THE SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶ 37} In his third assignment of error, Davis argues the trial court erred by denying his request to conduct discovery and hold an evidentiary hearing. We disagree.

{¶ 38} As this court has consistently stated, a petition for postconviction relief "does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition." *State v. Rose*, 12th Dist. Butler No. CA2012-03-050, 2012-Ohio-5957, ¶ 16, citing *Hessler*, 2002-Ohio-3321 at ¶ 32. In order to obtain a hearing, "the petitioner must show that there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and

- 12 -

the files and records in the case." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 11, quoting *State v. Watson*, 126 Ohio App.3d 316, 324 (12th Dist.1998); *see also* R.C. 2953.21(C). Substantive grounds for relief exist where there was such a denial or infringement of the petitioner's constitutional rights so as to render the judgment void or voidable. *Calhoun*, 86 Ohio St.3d at 282. The burden is on the petitioner to show that the claimed errors resulted in prejudice before a hearing on a postconviction relief petition is warranted. *Widmer*, 2013-Ohio-62 at ¶ 164.

{¶ 39} A petitioner seeking postconviction relief is also not automatically entitled to discovery to support his claim for relief. Again, "[a] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *Calhoun*, at 281. In turn, because postconviction relief is not a constitutional right, "it affords a petitioner no rights beyond those granted by the controlling statute, R.C. 2953.23." *Lawson*, 2012-Ohio-548 at ¶ 16. According to R.C. 2953.23, "there is no requirement of civil discovery in post-conviction proceedings." *State v. Samatar*, 10th Dist. Franklin No. 03AP-1057, 2004-Ohio-2641, ¶ 23, citing *State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office*, 87 Ohio St.3d 158 (1999). Discovery may be warranted, however, when the petitioner sets forth operative facts that would demonstrate a substantive claim for relief. *Lawson* at ¶ 18. A petitioner sets forth operative facts by attaching documentary evidence dehors the record, which if true constitute a constitutional error in his case. *State v. Leonard*, 157 Ohio App.3d 653, 2004-Ohio-3323, ¶ 36 (1st Dist.).

{¶ 40} After a thorough review of the record, and as we have already discussed at length in overruling Davis' first assignment of error, we find the trial court did not abuse its discretion in denying Davis' postconviction relief petition without first holding a hearing. As noted above, the trial court properly determined that Davis' claims alleging ineffective assistance of counsel lacked merit and were otherwise barred by res judicata. Therefore, we

- 13 -

likewise find no abuse of discretion in the trial court's decision not to hold an evidentiary

hearing and to deny Davis' request to conduct discovery in this matter.  Accordingly, Davis'

third assignment of error is overruled.

{¶ 41} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.

- 14 -

 

**MARY L. SWAIN**          **CLERK OF COURTS**

1000706130

**VON CLARK DAVIS  c/o  KORT GATTERDAM**
**CARPENTER LIPPS & LELAND LLP**
**280 PLAZA, SUITE 1300**
**280 NORTH HIGH STREET**
**COLUMBUS, OH 43215**

Date:    September 18, 2013                    Case No.: CA 2012 12 0258
              VON CLARK DAVIS vs. STATE OF OHIO

**C O P Y   M A I L E D**
**1 2 TH   D I S T R I C T   C O U R T   O F   A P P E A L S ,   B U T L E R   C O U N T Y ,   O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

**MARY L. SWAIN**
Butler County Clerk of Courts

By: Renee Bruce
Deputy Clerk

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6918

 

**MARY L. SWAIN**                    **CLERK OF COURTS**

1000706131

**STATE OF OHIO  c/o  MICHAEL T GMOSER Prosecutor Butler Co**
**GOVERNMENT SERVICES CENTER**
**315 HIGH ST 11TH FLOOR**
**HAMILTON, OH 45011**

Date:    September 18, 2013                    Case No.: CA 2012 12 0258
                    VON CLARK DAVIS vs. STATE OF OHIO

**C O P Y   M A I L E D**
**1 2 TH  D I S T R I C T  C O U R T  O F  A P P E A L S ,  B U T L E R  C O U N T Y ,  O H I O**

The enclosed document is a copy of the entry filed with the Butler County Clerk of Courts in the above captioned case.

**MARY L. SWAIN**
Butler County Clerk of Courts

By: Renee Bruce
Deputy Clerk

GOVERNMENT SERVICES CENTER  ●  315 HIGH STREET  ●  SUITE 550  ●  HAMILTON, OHIO 45011-6016

BUTLER COUNTY CLERK OF COURTS
www.butlercountyclerk.org

VON CLARK DAVIS v. WARDEN
CASE NO. 2:16-cv-00495
APPENDIX - Page 6919

*OVP* *SC13-10-0042*

IN THE SUPREME COURT OF OHIO

FILED

2013 OCT 28 PM 1:16

MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURT

13-1674

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. _____ |
| | : | |
| Plaintiff-Appellee, | : | On Appeal from the Butler |
| | : | County Court of Appeals |
| vs. | : | Twelfth Appellate District |
| | : | Case No. CA2012-12-258 |
| | : | |
| VON CLARK DAVIS, | : | |
| | : | |
| Defendant-Appellant. | : | Death Penalty Case |

FILED BUTLER CO.
COURT OF APPEALS

OCT 28 2013

MARY L SWAIN
CLERK OF COURTS

_____

NOTICE OF APPEAL OF APPELLANT, VON CLARK DAVIS

_____

Michael T. Gmoser (0002132)
Butler County Prosecuting Attorney

Michael A. Oster, Jr. (0076491)
Assistant Prosecuting Attorney
Butler County Prosecutor's Office
315 High Street, 11th Floor
Hamilton, Ohio 45011
Telephone: (513) 887-3474
Facsimile: (513) 887-3489

COUNSEL FOR PLAINTIFF-APPELLEE

Kort Gatterdam* (0040434)
 *Counsel of Record
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street, Suite 1300
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com

COUNSEL FOR DEFENDANT-APPELLANT

FILED

OCT 24 2013

CLERK OF COURT
SUPREME COURT OF OHIO

**NOTICE OF APPEAL OF APPELLANT, VON CLARK DAVIS**

Appellant, Von Clark Davis, hereby gives notice of appeal to the Ohio Supreme Court from a decision of the Butler County Court of Appeals, Twelfth Appellate District, journalized on September 9, 2013, in Case No. 2012-12-258. A copy of the Twelfth District's Judgment and Decision are attached to Appellant's Memorandum in Support of Jurisdiction.

This case involves a felony, death-penalty post-conviction proceedings, and, for the reasons set forth in the accompanying Memorandum in Support of Jurisdiction, raises substantial constitutional questions and involves matters of public or great general interest.

Respectfully submitted,

Kort Gatterdam* (0040434)
  *Counsel of Record*
Erik P. Henry (0085155)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: (614) 365-4100
Facsimile: (614) 365-9145
E-mail: gatterdam@carpenterlipps.com

COUNSEL FOR DEFENDANT-APPELLANT

**CERTIFICATE OF SERVICE**

I hereby certify that an exact copy of the foregoing Notice of Appeal was sent this October 24, 2013, via regular U.S. mail, to

Michael A. Oster, Jr.
Assistant Prosecuting Attorney
Butler County Prosecutor's Office
315 High Street, 11th Floor
Hamilton, Ohio 45011

Kort Gatterdam

050-384-367579

2