# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

VON CLARK DAVIS,

               Petitioner, : Case No. 2:16-cv-495

  - vs -                    District Judge Susan J. Dlott
                              Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,
 Chillicothe Correctional Institution,

               Respondent. :

# DECISION AND ORDER

This capital habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Status Report (ECF No. 36) in which the Court is advised that the Warden's counsel believes the case is ripe for decision. In contrast, Petitioner reports that

> In his Traverse, Petitioner Von Clark Davis noted that additional discovery and potentially an evidentiary hearing would be necessary before assessing the merits of Grounds for Relief Three, Four, Seven, Eight, Ten, Twelve, Thirteen, Fifteen, Sixteen, Eighteen, Twenty-One, and Twenty-Three through Twenty-Six. (Traverse, No. 29, PageIDs 9199, 9212, 9237, 9246, 9264, 9279, 9283, 9292, 9299, 9315, 9341, 9373).

*Id.* at PageID 9430. The Traverse was filed December 18, 2017, after this case had been pending for a year and a half. Although the case has now been pending for more than two years, Petitioner has thus far done nothing to initiate formal discovery, which of course requires a court finding of good cause. And Petitioner is not ready to start discovery now, but seeks an additional ninety days – until October 15, 2018 – to even ask for discovery. *Id.*

1

While on parole for the murder of his wife, Von Clark Davis murdered Suzette Butler, his ex-girlfriend, on December 12, 1983. *State v. Davis*, 38 Ohio St. 3d 361 (1988). Thus the Court is dealing with a crime more than thirty-five years old. Davis was indicted for capital murder on January 6, 1984, and tried, convicted, and sentenced to death by a three-judge panel of the Butler County Court of Common Pleas in May 1984. *State v. Davis*, 1986 Ohio App. LEXIS 6919 (12th Dist. May 27, 1986). The Ohio Supreme Court affirmed the conviction but remanded for re-sentencing because the trial court had improperly considered non-statutory aggravating circumstances. Davis's case first reached our Court on his initial habeas corpus petition in April 1997. *Davis v. Coyle*, Case No. 1:97-cv-492. Judge Graham entered judgment dismissing the petition five years later. Five years after that, the Sixth Circuit reversed and ordered a new sentencing hearing. *Davis v. Coyle,* 475 F.3d 761 (6th Cir. 2007). Nine years later, Davis filed the instant Petition.

Davis is not the only person in America to spend a majority of his life on death row. In *Jordan v. Mississippi,* 585 U.S. ___, 138 S.Ct. 2567 (2018), Justice Breyer wrote[1] of the "unconscionably long delays" in death penalty cases as currently administered in the United States; the named Petitioner, Jordan, had spent forty-two years on death row. Nor was Jordan's situation atypical.

> Over the past decade, the percentage of death row prisoners aged 60 or older has increased more than twofold from around 7% in 2008 to more than 16% pf the death row population by the most recent estimate. . . . Meanwhile, the average period of imprisonment between death sentence and execution has risen from a little over 6 years in 1988 to more than 11 years in 2008 to more than 19 years over the past year.

*Id.* at *4.

---

[1] Justice Breyer was in dissent from denial of certiorari.

Some judges who write despairingly of delays in these cases may wish to see executions speeded up. That is undoubtedly not Justice Breyer's perspective nor is it that of the undersigned. Death is different, and those subject to this ultimate punishment are entitled to meticulous due process in consideration of their claims. However, the extraordinary life span of these cases, compared with even complex civil class actions, seems to give rise to a culture of delay. "What does it matter if we take another couple of months on X motion?" insiders to the capital process seem to say. "There's no imminent execution date and we're busy with other things."

This culture of delay may tempt judges to abandon good litigation practices as the path of least resistance. Long term, such behavior is likely to erode public confidence in the courts. Although death is different, the Court must not allow an aphorism to undermine good practice.

Considering the Status Report in this light, the Magistrate Judge finds there is no good cause to delay Petitioner's Motion for Discovery ninety days when the case has already been pending more than two years. Any motion by Petitioner for discovery must be filed not later than August 15, 2018.

July 18, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge