# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

VON CLARK DAVIS,

     Petitioner,  : Case No. 2:16-cv-495

 - vs -       District Judge Susan J. Dlott
           Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, Warden,
 Chillicothe Correctional Institution,

          :

     Respondent.

# DECISION AND ORDER OVERRULING APPEAL FROM MAGISTRATE JUDGE DECISION DENYING DISCOVERY

  This capital habeas corpus case is before the Court on Petitioner's Appeal (ECF No. 44) of Magistrate Judge Merz's Decision and Order (ECF No. 41) denying Petitioner's Motion for Discovery (ECF No. 38). The Warden has responded (ECF No. 45), and Petitioner, with court permission (ECF No. 47), has filed a Reply (ECF No. 48).

  A motion for discovery in a habeas corpus case is non-dispositive. District Court review is for clear error on factual findings and *de novo* on questions of law. Fed. R. Civ. P. 72(a). When the magistrate judge in deciding a nondispositive matter is exercising the discretion granted the district court under either statute or rules, review is for abuse of discretion. *Snowden v. Connaught Laboratories*, 136 F.R.D. 694, 697 (D. Kan. 1991); *Detection Systems, Inc. v. Pittway Corp.*, 96 F.R.D. 152, 154 (W.D.N.Y. 1982); *Doe v. Marsh,* 899 F. Supp. 933, 934 (N.D.N.Y. 1995); *Commodity Futures Trading Comm'n v. Standard Forex, Inc.,* 882 F. Supp. 40, 42 (E.D.N.Y. 1995); *Bass Public Ltd. Co. v. Promus Cos., Inc*., 868 F. Supp. 615, 619 (S.D.N.Y. 1994); *In re*

1

*Application for Order for Judicial Assistance in Foreign Proceedings,* 147 F.R.D. 223, 225 (C.D. Cal. 1993); *Schrag v. Dinges,* 144 F.R.D. 121, 123 (D. Kan. 1992).

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).

Insofar as the Magistrate Judge was exercising the Court's discretion in deciding the Motion for Discovery in the first instance, abuse of discretion is the standard on appeal. In a capital case arising in this District, the Sixth Circuit has held "[a]buse of discretion is defined as a definite and firm conviction that the [lower] court committed a clear error of judgment." *Landrum v. Anderson*, 813 F.3d 330, 334 (6th Cir. 2016) (quoting *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006)). A district court abuses its discretion "when it relies on erroneous findings of fact, applies the wrong legal standard, misapplies the correct legal standard when reaching a conclusion, or makes a clear error of judgment." *Schlaud v. Snyder*, 717 F. 3d 451, 457 (6th Cir. 2013). The same standard applies when a District Judge is reviewing a Magistrate Judge's decision on a non-dispositive matter for abuse of discretion. Petitioner begins his appeal by arguing the Magistrate Judge's decision here "is clearly erroneous and/or contrary to law. . ." (Appeal, ECF No. 44, PageID 9506, 9510), but the proper standard of review is abuse of discretion.

**Third, Seventh, and Eighth Grounds for Relief**

In 2007 Petitioner Davis won reversal of his death sentence. *Davis v. Coyle*, 475 F.3d 761 (6th Cir. 2007). On remand, he was re-sentenced to death by a three-judge panel of the Butler

2

County Court of Common Pleas. In his Third, Seventh, and Eighth Grounds for Relief, he asserts he received ineffective assistance of trial counsel in that re-sentencing proceeding, particularly

**Ground Three:** in failing to "reasonably investigate and present mitigating *Skipper* evidence"

**Ground Seven:** in (1) calling Cynthia Mausser in mitigation; (2) failing to adequately investigate and present Dr. Robert Smith's mitigating evidence; (3) failing to call mitigation investigator John Lee; and (4) failing to "effectively investigate and present mitigating evidence from Mr. Davis's family."

**Ground Eight:** (1) in failing to seek recusal of Judge Nastoff, and (2) in failing to voir dire Judge Pater. (Petition, ECF No. 6, PageID 8565-67)

In support of these claims, Petitioner sought the files of re-sentencing counsel and the following depositions:

> Second Resentencing Counsel Randall Porter and Melynda Cook-Reich (now Melynda Cook Howard)
>
> Appellate Counsel Laurence E. Komp, John P. Parker, and Alan M. Freedman
>
> Post-Conviction Counsel Kort Gatterdam and Erik P. Henry
>
> Dr. Smith, who served as an expert witness in the areas of clinical psychology and addiction
>
> Mitigation Investigator John Lee
>
> The Honorable Charles L. Pater
>
> The Honorable Keith M. Spaeth
>
> The Honorable Andrew Nastoff
>
> Prison personnel who, through their interactions and evaluations of Mr. Davis, are able to speak to his behavior, attitude, and personality. These individuals' handwritten signatures appear on

3

> selected documents from Mr. Davis's DRC records that were provided in post-conviction exhibit E. (*See* ECF 4-46, PageID 6281-364.)

(Motion, ECF No. 38, Page ID 9451).

Davis conceded these three grounds for relief were denied on their merits by the Ohio courts. Noting that fact, Magistrate Judge Merz denied discovery, holding the state court decisions were entitled to deference under 28 U.S.C. § 2254(d)(1) unless Davis could overcome the limitations of that statute on the state court record. (Decision, ECF No. 41, PageID 9491-92, relying on *Cullen v. Pinholster*, 563 U.S. 170 (2011)).

On appeal Davis argues this ruling is "contrary to law" because "§ 2254(d)(1) deference is inapplicable where, as here, the state courts failed to permit factual development to support a constitutional claim." (Appeal, ECF No. 44, PageID 9514.) In support of this proposition, Davis cites *Wiley v. Epps*, 625 F.3d 199 (5th Cir. 2010), a pre-*Pinholster* decision. William Wiley was a Mississippi death row inmate who sought relief under *Atkins v. Virginia,* 536 U.S. 304 (2002). He was denied an evidentiary hearing in state court but granted one in federal habeas court, resulting in relief. On appeal the Fifth Circuit refused to defer to the Mississippi Supreme Court's holding that, as a matter of state law, Wiley had not presented the prima facie case of mental retardation[1] required to warrant a hearing. Instead, the circuit court found Mississippi's failure to follow its own precedent constituted a denial of federal due process. *Id.* at 210, citing Rogers v. Tennessee, 532 U.S. 451 (2001).

*Wiley* is inapposite here. Davis does not contend the Ohio courts denied him due process by failing to follow governing state precedent so as to implicate *Rogers*. Much more importantly, *Wiley* was decided before *Pinholster* and thus could not take account of the important change in

---

[1] Thus labeled in *Atkins*, but now properly called "intellectual disability." *Hall v. Florida*, 134 S. Ct. 1986 (2014).

4

the law wrought by *Pinholster*. Prior to that decision, this Court regularly, indeed almost routinely, held evidentiary hearings in capital habeas cases and permitted discovery to prepare for those hearings. But since *Pinholster,* in both capital and non-capital cases, the Court has required habeas petitioners to overcome the § 2254(d) hurdle before permitting discovery and evidentiary hearings.

Davis's reliance on *Terry v. Cross,* 112 F. Supp. 2d 543 (E.D. Va. 2000), and *Taylor v. Maddox*, 366 F.3d 992 (9th Cir. 2004), is unpersuasive for the same reason: both were decided years before *Pinholster* radically changed the law on evidentiary hearings in habeas.

In *Broom v. Bobby*, 2018 U.S. Dist. LEXIS 57564 (N.D. Ohio Apr. 4, 2018), Judge Boyko of our sister District denied discovery to Ohio death row inmate Romell Broom on his second-in-time habeas petition. While recognizing that *Pinholster* does not speak directly to discovery issues, he noted this Court's decision in *Blevins v. Warden,* 2011 U.S. Dist. LEXIS 142011 (S.D. Ohio Dec. 9, 2011)((Merz, M.J.) where the Magistrate Judge noted that "[t]here cannot be good cause to collect evidence which cannot be presented." *Id.* at *9. Judge Boyko also notes the limitation of federal court consideration to the state court record in cases decided on the merits in state court has received strong Sixth Circuit endorsement in *Loza v. Mitchell*, 766 F.3d 466 (6th Cir. 2014); *Moore v. Mitchell*, 708 F.3d 760 (6th Cir. 2013); *Sheppard v. Bagley*, 657 F.3d 338 (6th Cir. 2011), all cases arising from this District. Finally, in *Ballinger v. Prelesnik*, 709 F.3d 558 (6th Cir. 2013), the Sixth Circuit held that *Pinholster* prevented an evidentiary hearing when the state court decision was on the merits, even though the state court record did not include "highly relevant documents." *Id.* at 562.

Petitioner cites some decisions of this Court allowing habeas corpus discovery post-*Pinholster*. However, none of those was for the gathering of evidence to present in a federal court evidentiary hearing. See, e.g. *Monroe v. Warden*, No. 2:07-cv-258, 2012 WL 4342890 (S.D. Ohio

Sept. 21, 2012), where, in a long-pending capital case, Magistrate Judge Merz allowed depositions for evidence preservation regardless of whether the decisional record would be expanded with the transcripts.

Davis also claims "[a] state court decision where factual development was limited or denied will not qualify as an 'adjudication on the merits.'" (Appeal, ECF No. 44, PageID 9514, citing *Richardson v. Branker,* 668 F.3d 128, 152 n.26 (4th Cir. 2012). That case reversed a district court habeas decision for refusing to defer to a state court decision on the merits. The cited footnote contrasts a Virginia case where the petitioner's claim was not adjudicated on the merits because the state courts did not provide a forum for the claim. Importantly, the *Richardson* court relied heavily on *Harrington v. Richter*, 562 U.S. 86, 103 (2011), then recently decided, which strengthened the presumption that a state court decision was rendered on the merits. Davis's Appeal does not cite *Harrington*, which is the controlling case on when a state decision is to be treated as made on the merits.

The Court concludes the Magistrate Judge's deference to the state court decisions in this matter is not contrary to law.

**Eighth, Tenth, and Thirteenth Grounds for Relief**

The pertinent Grounds for Relief are

**Ground Eight:** Davis received ineffective assistance of trial counsel in the re-sentencing proceeding, (1) in failing to seek recusal of Judge Nastoff, and (2) in failing to voir dire Judge Pater.

**Ground Ten**: Davis was convicted upon unnecessarily suggestive procedures and unreliable identifications.

**Ground Thirteen:** The selection of the grand jury foreperson violated the Fifth, Sixth, Eight, and Fourteenth Amendments.

(Petition, ECF No. 6, PageID 8567-68)

Davis seeks to depose his appellate counsel (Laurence Komp, John Parker, and Alan Freedman) and his post-conviction counsel (Kort Gatterdam and Erik Henry) on the theory that their ineffective assistance could provide cause to excuse any procedural default of these claims.

The Magistrate Judge denied those depositions, holding:

> Yet, ineffective assistance of counsel is governed by an objective, rather than subjective, standard; i.e., it matters not whether not presenting the arguments that underlie Claims Eight, Ten, and Thirteen was a careless oversight or an intentional decision. What matters is whether, by not presenting those arguments, counsel fell below the standard for adequate representation. *Strickland*, 466 U.S. at 687-88. The depositions of appellate and initial post-conviction counsel would do nothing to further Davis's presentation of an ineffective assistance argument or the Court's consideration of that issue, and the Court will not grant leave for him to take those depositions.

(Decision, ECF No. 41, PageID 9494.)

Davis now argues that the "Magistrate Judge's assertion that prior counsel's subjective understanding is irrelevant to deficient performance [under *Strickland*] is contrary to law." (Appeal, ECF No. 44, PageID 9515-20). Davis is correct that whether an attorney performed deficiently depends on what the attorney knew or should have known at the time he or she acted in a way later alleged to have been ineffective assistance. The Magistrate Judge's Decision should not be read as denying that point. Instead, the Decision makes the point that there is no *mens rea* element to an ineffective assistance of counsel claim. Rather, a petitioner must show that what his

7

attorney did or omitted to do was objectively unreasonable, given what the attorney knew or should have known at the time.

In the Return of Writ, Respondent does not raise a procedural default defense as to the Eighth Ground for Relief (ECF No. 17, PageID 9057-60). There is thus no basis to depose counsel to attempt to excuse a procedural default of this claim.

Respecting Ground Ten, Respondent correctly asserts it is the same as Ground One in Davis's first habeas petition[2]. That prior case was Case No. C-1-97-402 in which the First Ground for Relief read:

> **First Ground for Relief**. Petitioner's conviction was obtained through the use of unnecessarily suggestive identification procedures, in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

(Quoted at ECF No. 16-1, PageID 8903). Judge Graham found that this claim was procedurally defaulted because it was raised for the first time in post-conviction, but could have been raised on direct appeal and was therefore barred by *res judicata* and not excused by ineffective assistance of appellate counsel because that claim had not been submitted to the Ohio courts. *Id.* at PageID 8914-20.

Respondent argued in the Return of Writ that this claim had never been presented to the state courts for adjudication in respect to the state court judgment currently being collaterally attacked in these proceedings and is therefore procedurally defaulted on the same basis as in the first habeas case (Return, ECF No. 17, PageID 9061).

Seeking discovery on this Ground for Relief, Davis argues that any procedural default is excused by ineffective assistance of appellate counsel and such claims are not barred by failure to

---

[2] The instant Petition is Davis's second in time. It is not second or successive because it attacks a new judgment, the one entered on re-sentencing. See *Magwood v. Patterson*, 561 U.S. 320 (2010).

pursue them in the Ohio courts because Ohio lacked a "firmly established and regularly followed" procedural rule governing such claims (Appeal, ECF No. 44, PageID 9532, citing *Franklin v. Anderson*, 434 F.3d 412 (6th Cir. 2005[3]). In *Franklin* the Sixth Circuit found that the Ohio Supreme Court had enforced the timeliness provision in App. R. 26(B) for a number of years after that Rule was adopted, but it had switched to deciding ineffective assistance of appellate counsel claims on the merits regardless of timeliness considerations in 2000.

*Franklin* is no longer the law. The Sixth Circuit later held that *Franklin* does not establish that the timeliness rule of 26(B) will always be inadequate; instead the courts must consider whether the state court rule was firmly established and regularly followed by the time as of which it was to be applied. *Fautenberry v. Mitchell*, 515 F.3d 614 (6th Cir. 2008). On that basis, the Sixth Circuit found a procedural default of an ineffective assistance of appellate counsel claim in *Landrum v. Mitchell,* 625 F.3d 905 (6th Cir. 2010):

> By the time Landrum filed his Rule 26(B) motion in September 1998, "it was well established that claims of ineffective assistance of appellate counsel must be raised in a motion for reconsideration before the Ohio Court of Appeals." *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002) (considering whether Rule 26(B) was an independent and adequate state procedural rule as of May 1998). Since at least 1996, Ohio law has provided sufficient guidance on what constitutes "good cause" for a late filing under Rule 26(B). Id. at 578. Furthermore, as of January 1996, "the time constraints of Rule 26(B) were firmly established and regularly followed." *Parker v. Bagley,* 543 F.3d 859, 861 (6th Cir. 2008) (discussing *Fautenberry v. Mitchell,* 515 F.3d 614, 641 (6th Cir. 2008)) (emphasis omitted). Thus, because Landrum's Rule 26(B) motion was filed beyond the ninety-day period, we conclude that he has procedurally defaulted his ineffective assistance of appellate counsel claim.

---

[3] *Franklin* was actually decided in 2006.

625 F.3d at 916-17. *Franklin* was distinguished based on the timing of the 26(B) application in *Franklin*. At the time Davis should have raised his ineffective assistance of appellate counsel to excuse procedural default claim, Ohio App. R. 26(B) was firmly established and regularly followed. Davis's Appeal in this regard relies on law (*Franklin*) that has been superseded. Because Davis has not posited a way around that procedural default, he has not shown good cause to depose his appellate counsel on Ground Ten.

In the Return of Writ, Respondent defends Ground Thirteen on the same basis as Ground Ten (Return, ECF No. 17, PageID 9065-67)[4]. Discovery by deposing appellate counsel is denied as to Ground Thirteen on the same basis as Ground Ten.

Davis also appeals on the basis that the Magistrate Judge found he presented no evidence that the grand jury foreperson selection process in Butler County was discriminatory (Appeal, ECF No. 44, PageID 9535-36). Davis argues this is the incorrect standard and that discovery should be granted when specific allegations show reason to believe a habeas petitioner may be entitled to relief. *Id.* citing *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

While *Harris* remains good law so far as it goes, it does not describe the full showing a habeas petitioner must make before obtaining discovery. The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543

---

[4] Petitioner's assertion that the "Warden did not assert any procedural bar to this claim, and the Magistrate Judge clearly erred in asserting new accusations of procedural default in order to deny discovery" is puzzling because the claim of default is plainly made at ECF No. 17, PageID 9067: "Habeas claim 13 has never at any time been presented to state court for adjudication."

U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460. All that Davis is prepared to say on this point of the appeal is that there is a prima facie case of discrimination on the basis of race and gender in Hamilton County and "counsel have reason to believe that the same improper procedures were used at the time of Davis's indictment in adjoining Butler County." (Appeal, ECF No. 44, PageID 9536).

The currently leading Supreme Court case on discovery in habeas is *Bracy v. Gramley*, 520 U.S. 899 (1997). In that case the Court described the evidence already presented before discovery was justified:

> As just noted above, petitioner's attorney at trial was a former associate of Maloney's, App. 51, and Maloney [the corrupt trial judge] appointed him to defend this case in June 1981. The lawyer announced that he was ready for trial just a few weeks later. He did not request additional time to prepare penalty-phase evidence in this death penalty case even when the State announced at the outset that, if petitioner were convicted, it would introduce petitioner's then-pending Arizona murder charges as evidence in aggravation. Tr. of Oral Arg. 43. At oral argument before this Court, counsel for petitioner suggested, given that at least one of Maloney's former law associates--Robert McGee--was corrupt and involved in bribery, see supra, at 8, that petitioner's trial lawyer might have been appointed with the understanding that he would not object to, or interfere with, a prompt trial, so that petitioner's case could be tried before, and camouflage the bribe negotiations in, the Chow murder case. Tr. of Oral Arg. 17-18, 43-44. [FN11] This is, of course, only a theory at this point; it is not supported by any solid evidence of petitioner's trial lawyer's participation in any such plan. It is true, however, that McGee was corrupt and that petitioner's trial coincided with bribe negotiations in the Chow case and closely followed the Rosario murder case, which was also fixed.

520 U.S. 907-908.

> We emphasize, though, that petitioner supports his discovery request by pointing not only to Maloney's conviction for bribe taking in other cases, but also to additional evidence, discussed above, that lends support to his claim that Maloney was actually biased in petitioner's own case. That is, he presents "specific allegations" that his trial attorney, a former associate of Maloney's in a law practice

11

> that was familiar and comfortable with corruption, may have agreed to take this capital case to trial quickly so that petitioner's conviction would deflect any suspicion the rigged Rosario and Chow cases might attract.

*Id*. at 909. The quoted "specific allegations" language is from *Harris v. Nelson, supra,* and demonstrates that the Supreme Court in both cases was adverting not to the **claim** language in the habeas petition, but to specific **evidence** obtained outside the discovery process and presented in support of a motion for discovery, which corroborates the claimed constitutional violation. "Counsel has reason to believe" does not measure up to the *Bracy* standard.

The Magistrate Judge's Decision denying the requested discovery as to Grounds Eight, Ten, and Thirteen is neither contrary to law nor an abuse of discretion. Davis's appeal as to these three grounds is OVERRULED.

**Lethal Injection Claims (Twenty-Three through Twenty-Six)**

In his Twenty-Third Ground for Relief, Davis asserts his execution will violate the Cruel and Unusual Punishment Clause of the Eighth Amendment (Petition, ECF No. 6, PageID 8782-97. In his Twenty-Fourth Ground he asserts his execution under Ohio law will violate his Fourteenth Amendment Due Process and Privileges or Immunities rights. *Id.* at PageID 8798-8803. In his Twenty-Fifth Ground for Relief, he asserts his execution under Ohio law will violate his Fourteenth Amendment Equal Protection rights. *Id.* at PageID 8804-13. In his Twenty-Sixth Ground for Relief, he alleges all of the means available under Ohio law for his execution are preempted by federal law. *Id.* at PageID 8814-35.

The Magistrate Judge denied discovery on all four of these grounds in part because of the pendency of parallel grounds in *In re Ohio Execution Protocol Litig.*, Case No. 2:11-cv-1016 (the

"Protocol Case) and in part because he found the Petition was not verified and did not include the individual characteristics of Mr. Davis that allegedly required discovery (Decision, ECF No. 41, PageID 9498).

Davis claims the Magistrate Judge's finding that the Petition is not verified is clearly erroneous in that the Petition is verified by his co-counsel Assistant Federal Defender Erin Barnhart. The relevant language appears at PageID 8838 and reads:

> **VERIFICATION**
>
> Pursuant to 28 U.S.C. § 2242, I, Erin Gallagher Barnhart, counsel for petitioner, hereby verify that the allegations contained herein are true and accurate to the best of my knowledge.
>
> *s/ Erin G. Barnhart*          *August 25, 2016*
> Counsel for Petitioner          Date

The first paragraph of 28 U.S.C. § 2242 as enacted by Congress in 1948 reads: "Application for a writ of habeas corpus shall be in writing and verified by the person for whose relief it is intended or by someone acting in his behalf." Rule 2(c)(5) of the Rules Governing § 2254 Cases requires that a habeas corpus petition must "be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c)(5) was amended by the Supreme Court in 2004 to remove the requirement that the petition be signed personally by the petitioner, but the requirement that the verification be under penalty of perjury was not. Therefore, the Magistrate Judge's finding that the Petition was not verified is not clearly erroneous because the verification is improper as to form. Counsel is directed to correct this error by having the Petition verified by Davis personally or submitting counsel's verification under penalty of perjury. Assuming the error is promptly corrected, the improper verification is not in itself a substantive ground for denying discovery.

The Magistrate Judge also denied discovery on Ground Twenty-Three on the basis that the Motion for Discovery "did not designate facts supporting the allegation in the Petition that Davis's "unique, individual physical and or mental characteristics will cause any execution by lethal injection under Ohio law to violate the Eighth Amendment," (Decision, ECF No. 41, PageID 9498, quoting Petition, ECF No. 6, Page ID 8796). In his Appeal, Davis does not cite to any place in the Motion for Discovery where his unique personal characteristics are discussed. Indeed, he could not do so because the Motion for Discovery, as the Magistrate Judge found, does not recite these individual characteristics or even cite the portion of the Petition that contains them. In his Appeal, Petitioner cites to the Petition itself and not to the Motion (Appeal, ECF No. 44, citing Petition, ECF No. 6, at PageID 8770.) The Magistrate Judge's finding that Davis's allegedly "unique personal characteristics" are not recited in the Motion for Discovery is not clearly erroneous. Indeed, it is correct; the characteristics in question are not even incorporated by reference from the Petition.

Davis objects to the Magistrate Judge's skepticism about allowing simultaneous litigation of the lethal injection claims in this case and in the Protocol Case. The Court need not deal with any possible conflict at this time because the Decision found "Davis asks only 'that information that has been or is in the future produced in the [Protocol Case] and is designated CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION be permitted to be used for the purpose of litigating this habeas action[,]' *id*. (emphasis in original), and the Warden does not specifically object to this portion of the Motion in her memorandum *contra*." That permission is GRANTED as to Ground for Relief Twenty-Three, subject to the limitation to state court record required by *Pinholster*.

Grounds Twenty-Four, Twenty-Five, and Twenty-Six are parallel to claims for relief made

14

by Davis in the Protocol Case. Last month Chief Judge Sargus of this Court adopted the Magistrate Judge's recommendation that the parallel claims should be dismissed for failure to state a claim under 42 U.S.C. § 1983 upon which relief could be granted. *In re Ohio Execution Protocol Litig.*, 2018 WL 6529145, 2018 U.S. Dist. LEXIS 209769 (S.D. Ohio Dec. 12, 2018). On that basis, the Magistrate Judge's Decision denying discovery on these three Grounds for Relief is AFFIRMED.

**Twelfth Ground for Relief (Denial of Inspection of Grand Jury Transcript)**

In his Twelfth Ground for Relief, Davis claims he had a right to inspect the transcript of the grand jury proceedings that resulted in his indictment and denial of that right violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution. As discovery on this claim, Davis seeks the transcript itself and depositions of the records custodians of the Butler County Prosecutor's Office and the Butler County Jury Commissioner regarding the grand jury transcript (Motion, ECF No. 38, PageID 9463).

The Magistrate Judge denied discovery on this Ground for Relief because the claim was procedurally defaulted when it was not raised on direct appeal from the second resentencing and because the claim had been considered and denied on the merits by the Ohio Supreme Court on Davis's first appeal in 1988 (Decision, ECF No. 41, PageID 9499-9500).

On appeal, Davis asserts the Magistrate Judge's first reason "fundamentally misreads exhaustion standards." (Appeal, ECF No. 44, PageID 9532.) But the Magistrate Judge made no exhaustion ruling at all. Instead, his ruling is that the claim is procedurally defaulted.

Davis also takes issue with the Magistrate Judge's decision that this issue was decided on the merits by the Ohio Supreme Court. *Id.* at PageID 9533. Davis claims he raised both a federal and state law claim in his first appeal, but that the Ohio Supreme Court discussed only the state

15

law claim. *Id.* However, the depth of a state court's discussion of a federal issue is not determinative of whether it decided the issue on the merits.

> By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. *See Chadwick v. Janecka*, 312 F.3d 597, 605-606 (CA3 2002); *Wright v. Secretary for Dept. of Corrections*, 278 F.3d 1245, 1253-1254 (CA11 2002); *Sellan v. Kuhlman*, 261 F.3d 303, 311-312 (CA2 2001); *Bell v. Jarvis*, 236 F.3d 149, 158-162 (CA4 2000) (en banc); *Harris v. Stovall,* 212 F.3d 940, 943, n. 1 (CA6 2000); *Aycox v. Lytle,* 196 F.3d 1174, 1177-1178 (CA10 1999); *James v. Bowersox*, 187 F.3d 866, 869 (CA8 1999). And as this Court has observed, a state court need not cite or even be aware of our cases under § 2254(d). *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) (per curiam). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a "claim," not a component of one, has been adjudicated.

*Harrington v. Richter*, 562 U.S. 86, 98 (2011).

> *[Harrington v.] Richter* and *[Early v.] Packer* appear to require AEDPA deference where a federal issue has been raised but the state court has denied the claim with a discussion solely of state law. See *Childers v. Floyd,* 642 F.3d 953, 968-69 (11th Cir. 2011). The Supreme Court has recently granted certiorari in a case that may definitively resolve this issue. See *Cavazos v. Williams*, 132 S. Ct. 1088, 181 L. Ed. 2d 806 (2012).

*Moreland v. Bradshaw*, 699 F.3d 908, 931 (6th Cir. 2012); *Werth v. Bell*, 692 F.3d 486, 493 (6th Cir. 2012). Because the Ohio Supreme Court adjudicated Davis's grand jury transcript claim on the merits, the Magistrate Judge's Decision was not contrary to law in denying discovery on this

claim on the basis of *Pinholster*.

Davis criticizes the Magistrate Judge's Decision for its finding that he had not shown the required particularized need for examining the transcript (Appeal, ECF No. 44, PageID 9534). Davis then quotes various asserted inconsistencies between the testimony of eyewitness Cozette Massey and other evidence. *Id.* In his Motion for Discovery, Davis argued the transcripts were necessary so that he could present a complete defense, presumably by cross-examining any eyewitnesses who testified at the grand jury and at trial with any inconsistencies between their testimonies.

The usual practice in a trial court when a defendant alleges this kind of claim to grand jury transcripts is for the trial judge to compare *in camera* the trial testimony of a witness with what that witness said to the grand jury. But that is not the claim that was made in the trial court and on direct appeal to the Ohio Supreme Court. There Davis claimed that the grand jury finding of probable cause was based on illegal and incompetent evidence. The Ohio Supreme Court rejected that claim because "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence * * *." *State v. Davis, supra, citing United States* v. *Calandra*, 414 U.S. 338, 344-345 (1974).

This is not the same claim as Davis is presenting in his Twelfth Ground for Relief. In this Court he argues the transcript was necessary for presentation of a complete defense, i.e., by cross-examination, citing *Crane v. Kentucky*, 476 U.S. 683, 690 (1986), for the Sixth Amendment right to present a full defense. Davis presents no citation to the record to show this particular grand jury transcript claim was presented to the state courts with respect to the judgment he is now challenging, the judgment on re-sentencing. The Magistrate Judge's denial of discovery on this claim was not contrary to law because the claim, thus framed, is procedurally defaulted.

17

**Eighteenth Ground for Relief (Disproportionate and Inappropriate Death Sentence)**

In his Eighteenth Ground for Relief, Davis claims that the sole aggravating circumstance in his case does not outweigh the mitigating evidence presented (Petition, ECF No. 6, PageID 8732, et seq.). The Petition asserts that to the extent the Ohio courts held to the contrary, their decision(s) are contrary to or an unreasonable application of Supreme Court precedent. *Id.* at PageID 8734 (without citing any such precedent).

For discovery on this claim:

> Mr. Davis requests access to records from the Butler County Court of Common Pleas of negotiated guilty pleas to aggravated murder. He also requests a records deposition of the records custodian of the Butler County Court of Common Pleas. Mr. Davis also seeks from the Butler County Prosecutor's Office all documents reflecting or referencing procedures, policies, or guidelines regarding who should be charged with capital murder in Butler County before or at the time of Mr. Davis's prosecution, including but not limited to any forms upon which prosecutors could record or memorialize the factors it considered in determining whether to seek a capital indictment.

(Motion, ECF No. 38, PageID 9467-68.)

The Magistrate Judge denied the requested discovery, finding that the discovery sought related to proportionality in indicting for capital murder as opposed to proportionality in the imposition of the death sentence. The Magistrate Judge also noted the Warden's assertion that this claim was procedurally defaulted because it had never been raised in the state courts with respect to the judgment now being collaterally attacked, the judgment on re-sentencing from March 2015.

On appeal, Davis offers no showing that the claim is not procedurally defaulted. He asserts the Magistrate Judge misread his claim: he is not asserting disproportionality in indictments, but

in sentences. Thus he seeks information about those cases which prima facie fit within the statutory definition of aggravated murder with a capital specification but were either not indicted that way or not convicted and sentenced that way.

While it is true that the Eighth Amendment prohibits sentences that are grossly disproportionate to the criminal offense, the Supreme Court has never itself found that a capital murder sentence was inappropriate or disproportionate under the circumstances of the particular case, nor has it authorized habeas corpus courts to reweigh the appropriateness of a capital sentence in a case where the statutory elements were proved. In this case the aggravating circumstance was Davis's prior murder conviction. Davis cites no Supreme Court precedent holding that a capital sentence could be in violation of the Eighth Amendment under those circumstances. Therefore, the Magistrate Judge's Decision denying discovery on this Ground for Relief is neither contrary to law nor an abuse of discretion.

**Conclusion**

For the foregoing reasons, Petitioner's Appeal of the Magistrate Judge's Decision denying discovery is DENIED.

January 28, 2019.

                                              S/Susan J. Dlott_____
                                              Susan J. Dlott
                                              United States District Judge